MEYER, SUOZZI, ENGLISH & KLEIN, P.C.  
Alan Marder (AM-0114)  
Jil Mazer-Marino (JM-6470)  
990 Stewart Avenue, Suite 300  
P.O. Box 9194  
Garden City, New York  11530-9194  
Telephone:  (516) 741-6565  
Facsimile:  (516) 741-6706  

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP  
Vincent M. Coscino (CA 122086)  
James A. Timko (CA 220140)  
1900 Main Street, Fifth Floor  
Irvine, CA  92614-7321  
Telephone:  (949) 553-1313  
Facsimile:  (949) 553-8354  
Email:  vcoscino@allenmatkins.com  
          jtimko@allenmatkins.com  

Hearing Date: October 15, 2009 at 2:00 p.m. (ET)  
Objection Deadline: October 9, 2009 at 4:00 p.m. (ET)

Attorneys for the SunGard Entities

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

**THE SUNGARD ENTITIES OMNIBUS RESERVATION OF RIGHTS AND LIMITED OBJECTION TO (1) THE DEBTORS' MOTION FOR AN ORDER, PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024 MODIFYING THE SEPTEMBER 20, 2008 SALE ORDER AND GRANTING OTHER RELIEF; AND (2) THE MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS, INC., ET AL., PURSUANT TO 11 U.S.C. § 105(a), FED. R. CIV. P. 60(b), AND FED. R. BANKR. P. 9024, FOR RELIEF FROM ORDER UNDER 11 U.S.C. §§ 105(a), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 6006 AUTHORIZING AND APPROVING (A) SALE OF PURCHASED ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS AND (B) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, DATED SEPTEMBER 20, 2008 (AND RELATED SIPA SALE ORDER) AND JOINDER IN DEBTORS' AND SIPA TRUSTEE'S MOTIONS FOR AN ORDER UNDER RULE 60(b) TO MODIFY SALE ORDER**

Advanced Portfolio Technologies, Inc.; SunGard Assent LLC; Automated Securities

Clearance LLC f/k/a SunGard Expert Solutions, Inc.; MicroHedge LLC; SunGard Asset

Management Systems a division of SunGard Business Systems, Inc.; SunGard Availability Services LP; SunGard Institutional Brokerages, Inc.; SunGard Investment Systems, LLC; SunGard Kiodex, Inc.; SunGard Data Reference Solutions LLC; SunGard Securities Finance LLC; and Wall Street Concepts LLC (the "SunGard Entities") hereby file their Omnibus Reservation of Rights and Limited Objection (the "Limited Objection") to the Debtors' Motion for an Order, Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 Modifying the September 20, 2008 Sale Order and Granting Other Relief; and (2) the Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc., et al., Pursuant to 11 U.S.C. § 105(a), Fed. R. Civ. P. 60(b), and Fed. R. Bankr. P. 9024, for Relief from Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (a) Sale of Purchased Assets Free and Clear of Liens and Other Interests and (b) Assumption and Assignment of Executory Contracts and Unexpired Leases, Dated September 20, 2008 (and Related SIPA Sale Order) and Joinder in Debtors' and SIPA Trustee's Motions for an Order Under Rule 60(b) to Modify Sale Order (the "Motions") as follows:

In the Motions, Lehman Brothers Holding, Inc., *et al*. ("Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), seek to, among other things, have this Court clarify and/or reconsider the Debtors' and Barclays Capital, Inc.'s ("Barclays") rights under the sale orders (the "Sale Orders") entered by this Court on September 22, 2008, in this proceeding and the SIPA proceedings of Lehman Brothers Inc. ("LBI") also pending before this Court (Case No. 08-01420). Pursuant to the Sale Orders, the Debtors and LBI sold certain assets to Barclays. As a result of the sale, approximately 15 contracts between one or more of the SunGard Entities and the Debtors and/or LBI were assumed and assigned to Barclays or were eventually rejected by the Debtors and/or LBI.

The SunGard Entities provide software and data support, as well as other services, that are critical for the conduct of business by the Debtors, LBI, and Barclays. The SunGard Entities have expended hundreds if not thousands of hours of labor and other resources to make the transition of the assets from the Debtors and LBI to Barclays as seamless as possible. In connection with this transaction, millions of dollars have changed hands, contracts and obligations were amended, and

885287.01/OC

the various parties' rights and obligations to each other were irreversibly changed and linked together.

As a result, to the extent that the Motions attempt in any way to affect the assumption, assignment, and rejection of the SunGard Entities' contracts with the Debtors and LBI, or has any affect on the SunGard Entities' business relationship with Barclays, the SunGard Entities object to the Motions. It would be contrary to law and would be extremely prejudicial to the SunGard Entities' business expectations if they are required to unwind these transactions. Indeed, it may be impossible to unwind the relationships between the SunGard Entities and Barclays as many of the services provided by the SunGard Entities include the utilization and handling of sensitive data to which the parties may make competing claims if the sale was unwound. Under the circumstances of this case, courts have long held that once a bankruptcy sale is completed and consummated, attempts to unwind the sale, including the assumption, assignment and rejection of executory contracts, are not permitted. See <u>Comco Associates and SPA 77k L.P. v. Stad Meat Corporation</u>, 170 B.R. 765 (E.D.N.Y. 1994) (holding that third party assignee of contract has same rights as good faith purchaser and any attempt to appeal consummated lease assignment was moot); <u>and Baker & Drake, Inc. v. Pub. Serv. Comm'n (Inre Baker & Drake, Inc.)</u>, 35 F.3d 1348, 1352 (9th Cir. 1994) (equitable mootness is based on practical and equitable consideration when deciding "to unscramble the eggs"). Further, there is a strong "value in finality in judicial sales." See <u>In re General Insecticide Co.</u>, 403 F.2d 629, 631 (2d Cir. 1968).

There is no question that due to the complex nature of LBI's and the Debtors' assets, the potential global economic implications surrounding the sale, the voluminous filings with respect to the Motions, and the incredibly complex and litigious circumstances surrounding the Motions, it is impossible for the SunGard Entities to understand or anticipate all of the potential consequences

//
//
//
//

885287.01/OC

of the Motions. As such, the SunGard Entities assert and reserve any and all rights to assert further objections and/or discovery requests in connection with the Motions.

Dated: October 9, 2009

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: /s/ Jil Mazer-Marino
Alan Marder (AM-0114)
Jil Mazer-Marino (JM-6470)
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York, 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706

- and-

Vincent M. Coscino
James A. Timko
Allen Matkins Leck Gamble Mallory
 & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321
Telephone: (949) 553-1313
Facsimile: (949) 553-8354

Attorneys for the SunGard Entities

885287.01/OC