**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                               :

| | |
|---|---|
| **In re** : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* : | **08-13555 (JMP)** |
| : | |
| **Debtors.** : | **(Jointly Administered)** |
| : | |
| : | |

---------------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE STATEMENT OF
## JAMES P. SEERY, JR. ON BEHALF OF SIDLEY AUSTIN LLP

STATE OF NEW YORK        )
                              ) ss:
COUNTY OF NEW YORK    )

        James P. Seery, Jr., being duly sworn, upon his oath, deposes and says:

        1.        I am a partner of Sidley Austin LLP, located at 787 Seventh Avenue, New York  (the "Firm").

        2.        On December 3, 2008, Duncan Darrow of this Firm executed an Affidavit and Disclosure Statement (the "Affidavit") in support of Debtors' retention of Sidley Austin LLP as ordinary course professionals to provide loan closing representation and submitted that Affidavit and a completed Retention Questionnaire (the "Questionnaire") to the Debtors' bankruptcy counsel, to be filed with the Court in accordance with the procedures set forth in the order entered November 5, 2008 authorizing the Debtors to employ professionals utilized in the ordinary course of business [Docket No. 1394].  The Debtors subsequently filed the Affidavit and Questionnaire with the Court on December 4, 2008 [Docket No. 2062].   That affidavit was supplemented on January 20, 2009 [Docket No. 2586].

3.      This Affidavit (the "Supplemental Affidavit") supplements the previous

Affidavits, and to the extent that it contradicts the previous Affidavits, supersedes them.

4.      Lehman Commercial Paper Inc. ("LCPI") requested that the Firm expand

its ordinary course representation of LCPI so that the Firm can represent LCPI as agent and

lender in syndicated loan facilities. In the first such transaction being considered, the Firm is

expected to act as counsel to LCPI as agent and lender in a syndicated loan for which LCPI is

the administrative agent. In that capacity, the Firm will provide legal advice and appear on

behalf of LCPI individually and as agent. The Firm is willing to undertake this representation

provided such representation does not conflict the Firm from its other representations in the

Debtors' chapter 11 cases.

5.      The Firm has performed significant services in the past and anticipates

that it will perform significant services in the future for persons that are parties in interest in the

Debtors' chapter 11 cases, including services directly adverse to the various Debtors, including

representing litigants against the Debtors or others that have or may hereafter file claims against

the Debtors. Further, from time to time, the Firm represents lenders among the syndicate of

lenders and may have represented a lender in connection with its purchase of its interest in the

syndicated loan under consideration. (The Firm has obtained a waiver from such lender of any

potential conflict of interest in connection with this representation.) However, to my

knowledge, none of those services directly relate to representing LCPI as agent in a syndicated

loan facility or challenging LCPI's performance of its activities in that role. In particular, to my

knowledge, the Firm does not represent an interest directly adverse to the Debtors in connection

with the loan for which LCPI has requested the Firm to act as counsel. Nothing in connection

with the Firm's representation of LCPI as agent shall preclude the Firm from continuing to act

2

for and on behalf of claimants in the Debtors' chapter 11 cases, including Anchorage Capital

Master Offshore, Ltd. and Canpartners Investments IV, LLC, claimants on whose behalf the

Firm filed claims against LCPI; provided that the Firm has agreed that it shall not act as counsel

in connection with future litigation or claims that may be brought against LCPI in its capacity as

administrative agent in a syndicated loan facility.

6.    Except as set forth herein, neither I nor any principal of, or professional

employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest

adverse to the Debtors or their estates with respect to the matters on which the Firm will be

engaged.

By: _____

James P. Seery, Jr.

Subscribed and sworn to before me
this 13th day of October, 2009

_____
Notary Public

EILEEN McDONNELL
Notary Public, State of New York
Registration No. 01MC4857396
Qualified in Queens County
My Commission Expires April 28, 2010

3