# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

RICHARD L. LEVINE
DIRECT LINE (212) 310-8286
E-MAIL: richard.levine@weil.com

October 13, 2009

**BY HAND DELIVERY**

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

Re: **In re Lehman Brothers Holdings Inc.,
(Case No. 08-13555) (JMP) (Jointly Administered) –
Debtors' Motion To Enforce Stay Against Shinsei Bank**

Dear Judge Peck:

We are counsel for the Debtors in the above-referenced cases. On October 8, 2009, my partner Richard Krasnow sent a letter to this Court regarding a petition (the "Petition") filed by Shinsei Bank in the Tokyo District Court concerning the Debtors' Motion for an Order Enforcing the Automatic Stay and Holding Shinsei Bank in Contempt for Violating the Automatic Stay [Docket No. 4764].

We are writing to inform the Court, so that the record is complete, that on October 13, 2009, Lehman Brothers Holdings Inc. filed a response to the Petition with the Tokyo District Court. A non-certified (because of timing) translation of that filing is attached hereto as "Exhibit A."

Respectfully submitted,

Richard L. Levine

US_ACTIVE:\43190115\02\43190115_2.DOC\58399.0003

WEIL, GOTSHAL & MANGES LLP

The Honorable James M. Peck
October 13, 2009
Page 2

cc:  J. Ronald Trost (*via overnight delivery and e-mail*)
     Denis F. Cronin (*via overnight delivery and e-mail*)
     Dov Kleiner (*via overnight delivery and e-mail*)
     Ari M. Berman (*via overnight delivery and e-mail*)
     Dennis O'Donnell (*via overnight delivery and e-mail*)
     Richard P. Krasnow (*via e-mail only*)

**Exhibit A**

1

2008 (Rehabilitation) No. 208 Civil Rehabilitation Proceedings
Rehabilitation Debtor: Sunrise Finance Co., Ltd.

October 13, 2009

To: The Tokyo District Court 20th Civil Division, Panel Section
Makoto Tahira, Esq., Supervisor and Attorney-at-Law

Petition

Rehabilitation Creditor: Lehman Brothers Holdings Inc.
Representatives: Shigeaki Momo-o, Attorney-at-Law

Junya Naito, Attorney-at-Law

Regarding the "Petition on US Court Proceedings" dated September 18, 2009 ("Shinsei's Petition") submitted by Shinsei Bank, Ltd. ("Shinsei Bank"), Lehman Brothers Holdings Inc. ("LBHI") petitions as follows.

1. Shinsei Bank asserted that one of the main issues on "Debtors' Motion Pursuant to Article 105(a) and Article 362 of the [US] Bankruptcy Code for an Order Enforcing the Automatic Stay and Holding Shinsei Bank in Contempt for Violating the Stay" dated on August 11, 2009 (the "US Motion") is "whether or not insistence on the use of the rehabilitation plan for subordinate handling of the rehabilitation credit of LBHI et al. settled in the process of credit investigation proceedings in the Japan rehabilitation proceedings is allowable by Japanese law." However, this assertion perverted the meaning of the US Motion and is obviously wrong as we state in the

following paragraph 2.

2. Shinsei Bank is a member of Creditor's Committee on the Procedure of Chapter 11 in US court for LBHI (the "Procedure of US Bankruptcy"), and has actively acted as a creditor of LBHI until now. The issues on the US Motion are issues of US Law as to whether Shinsei Bank's action regarding the civil rehabilitation proceedings in Japan for the Rehabilitation Debtor Sunrise Finance Co., Ltd. (the "Civil Rehabilitation Proceedings") violates the Automatic Stay under Article 105(a) and Article 362 of the [US] Bankruptcy Code. That is, regarding the US Motion, what the US Bankruptcy Court shall determine is whether Shinsei Bank's actions regarding the Civil Rehabilitation Proceedings constitute a violation of the "Automatic Stay under the US Bankruptcy Act" or not.

3. Therefore, although Shinsei Bank asserts that "the reliability of judicial proceedings and the stability of insolvency proceedings, which are the very basis of the viability of not only civil rehabilitation law but also of domestic insolvency law" will be harmed and "the independence and authority of the Japanese court [will be] infringed," this will never occur as a consequence of the US Motion. The assertion by Shinsei Bank unnecessarily emphasizes the effect of the US Motion on the Civil Rehabilitation Proceedings and we would like to state that this assertion is incorrect.

Therefore, the assertion by Shinsei Bank to ask your office and the Supervisor for "appropriate measures" and "proper handling" to avoid such situation is not supported by any rational reasons.

On the other hand, LBHI recognizes that it is proper that the judgment and opinion of the Court and the Supervisor on the legality of the proposed

2

rehabilitation plan submitted by Shinsei Bank must be completely independent from the judgment of the US Bankruptcy Court regarding the US Motion.

4. While citing the argument of British Joint Administrator and the Barclays Bank et al. submitted in the Procedure of US Bankruptcy, Shinsei Bank also asserted that if the US motion is approved, "Japanese creditors, [who] attempt to exercise their rights as disclosed in domestic insolvency law vis-à-vis creditors present in Japan, will, in many cases, be obliged to pay careful attention to whether or not this action is defensive from the standpoint of US insolvency law, which is not the governing law," and "in international insolvency proceedings involving various countries, including the US and Japan, that are expected to occur, exercise of the rights by creditors under insolvency laws of various countries will be obstructed."

However, the validity of such assertion matters only in the case that the judgment on infringement of the US law is made and has no relation to the rendering of a judgment by the Court or submitting an opinion by the Supervisor.

Therefore, the above Shinsei Bank's assertion and also the citations of arguments by British Joint Administrators and Barclays Bank et al. unnecessarily emphasize the effect of the US Motion on the Civil Rehabilitation Proceedings and we state that the assertion and citations are incorrect.

-End-