**WEIL, GOTSHAL & MANGES LLP**

767 FIFTH AVENUE • NEW YORK, NY 10153-0119

(212) 310-8000

FAX: (212) 310-8007

AUSTIN
BEIJING
BOSTON
BUDAPEST
DALLAS
DUBAI
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

October 13, 2009

**VIA HAND DELIVERY**

The Honorable James M. Peck
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004

> Re:  Metavante Corporation's Motion to Alter or Amend the
> Court's Order Granting LBSF's Motion to Compel Performance
> and Motion to Stay the Effect of the Court's Order Granting
> LBSF's Motion to Compel Performance

Dear Judge Peck:

We represent Lehman Brothers Special Financing Inc. ("LBSF," together with its affiliated chapter 11 debtors, the "Debtors") and write to request a chambers conference with respect to Metavante Corporation's Motion dated September 25, 2009 [Docket No. 5284] to Alter or Amend the Court's Order Granting LBSF's Motion to Compel Performance and Enforce the Automatic Stay Against Metavante (the "Motion to Alter") and Metavante's motion seeking a stay pending appeal ("Motion to Stay," together with the Motion to Alter, the "Motions") [Docket No. 5400]. The Court's order granting LBSF's motion to compel is dated September 17, 2009 and is filed at docket number 5209 (the "Order").

Notwithstanding the fact that the Order was entered almost a month ago and requires Metavante to pay LBSF, Metavante has not paid either (1) the approximately $11,085,554.68 it owes based on missed payments to date or (2) any amount of default

interest.[1]  Instead, Metavante has filed the Motions and thereby attempted to grant itself at least a two-month stay, all in an effort to delay payment.

We believe the Motions are inappropriate.

First, we request that the Court exercise its discretion under the Local Rules of this Court to modify the scheduling of the motions.  Local Bankruptcy Rule 9023-1 grants the Court discretion to select a return date for a motion for reconsideration. *See* Local Bankruptcy Rule 9023-1 ("A motion for reargument . . . , *unless the Court orders otherwise*, shall be made returnable within the same amount of time as required for the original motion.) (emphasis added).  In addition, the rule is clear that "No oral argument shall be heard unless *the Court* grants the motion and specifically orders that the matter be reargued orally."  *See id.* (emphasis added).

Indeed, Metavante's selection of the November 18th omnibus date – two months after the entry of the Order – for a hearing on the Motions is not appropriate since it is now clear that Metavante is simply ignoring its requirement to make payments required by the Court.  We therefore request that the Court (1) let the parties know whether it wishes to hold a hearing on the motion; (2) if so, set an earlier date at the Court's convenience to hear the Motions; and (3) in any event, order that Metavante pay all amounts due, including $11,085,554.68 plus $662,915.72 through October 1, 2009 (based on the default interest rate), within five days of the chambers conference.

Second, the arguments and issues raised by Metavante in its Motion to Alter are not appropriate for such a motion.  Metavante essentially makes two new arguments in the motion to alter: (1) it should be entitled to adequate assurance that LBSF would perform under the contract if the market turns against LBSF in the future, and (2) the Court should specify the amount of default interest that Metavante owes LBSF.

With respect to the adequate assurance argument, Metavante does not meet the well-settled standard for this Court to reconsider its ruling.  A motion to alter or amend an order under Federal Rule of Civil Procedure Rule 59(e) (as incorporated by Federal Rule of Bankruptcy Procedure 9023) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources . . . and appropriate only when a court overlooks controlling decisions or factual matters that were put before it on the underlying motion and which, if examined, might reasonably have led

---

[1] In addition to the missed payments identified in the Debtors' motion to compel, Metavante has failed to make an additional payment of $4,445,416.67 that became due and payable on August 3, 2009.

to a different result." *Johnson v. Killian*, No. 07 Civ. 6641 (NRB), 2009 WL 1787724, at
*1 (S.D.N.Y. June 23, 2009) (internal citations and quotation marks omitted).
Metavante's adequate protection argument was an issue that could have been raised in
connection with LBSF's motion to compel and therefore cannot now be raised. *See id.*
("[I]t is not appropriate to use a motion for reconsideration [under Rule 59(e)] as a
vehicle to advance new theories a party failed to articulate in arguing the underlying
motion."). There is no part of the Order that addresses adequate assurance, and there is
nothing to "clarify."

Moreover, there is nothing in the law that requires that LBSF provide
adequate assurance of future performance on a contract that has not been assumed. *See
McLean Indus., Inc. v. Medical Laboratory Automation, Inc. (In re McLean Indus., Inc.)*,
96 B.R. 440 (Bankr. S.D.N.Y. 1989) (holding that debtor could enforce stock purchase
option prior to assumption or rejection without imposing requirement on debtor to
provide adequate assurance of future performance); *U.S. v. Dewey Freight Sys. Inc.*, *(In
re Dewey Freight Sys. Inc.*), 31 F.3d 620 (8th Cir. 1994).[2] To the contrary, the cases
specifically hold that until assumption or rejection, Metavante has to perform, but LBSF
does not. *See* Tr. of Sept. 15, 2009 Hr'g, at 110:3-16 (holding that an unassumed
contract is not enforceable against the debtor, but is enforceable by a debtor against the
counterparty); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re McClean
Indus. Inc*, 96 B.R. at 449 ("a debtor-in-possession's ability to continue to perform and to
compel performance with respect to an assumable executory contract is usually the life
blood of its reorganization"). Indeed, by demanding that LBSF provide adequate
assurance of future performance of its executory contractual commitments as a
precondition to Metavante's performance, Metavante essentially seeks to enforce the
terms of the agreement against LBSF. Not only is that contrary to the Court's decision,

---

[2] *In Dewey*, during the pre-assumption and pre-rejection period, the debtor performed an executory
contract to ship mail for the United States Postal Service ("USPS"), generating a receivable of
approximately $18,000. *In re Dewey Freight Sys. Inc.*, 31 F.3d at 622. When the debtor was no
longer able to perform under the agreement, USPS was forced to find a replacement for which it
incurred a cost of approximately $27,000. *Id.* In response to a demand for payment of the $18,000,
USPS argued, *inter alia*, that it was entitled to recoup the damages it suffered as a result of the
debtor's failure to perform under the agreement because "when a debtor forces the non-debtor party to
continue to perform, both parties are bound by the terms of the contract." *Id.* at 624. Metavante
makes the same argument here. *See* Motion to Alter ¶ 14 ("The Court's Motion to Compel Order
requires *both parties* to continue to perform . . . .") (emphasis added). The Eighth Circuit rejected the
argument and further held that USPS's recoupment claim for damages was not of the nature of an
administrative expense claim. *Id.* ("USPS seeks damages for the Debtor's failure to perform its
executory contractual commitments.").

but it also would effectively strip LBSF of its right to assume or reject the agreement.[3]  In addition, Metavante's argument that a debtor must provide adequate assurance prior to assumption of rejection would render superfluous section 365(b)(1)(C) of the Bankruptcy Code, which requires a showing of adequate assurance of future performance as a condition to assumption of a contract.

Similarly, the default-interest issue is also one that Metavante could have raised as an objection to the motion and now cannot be raised in a motion to clarify. LBSF had presented to Metavante a default interest rate, had used that rate to calculate the amount in its papers, and this rate went unchallenged.  Metavante should be required to pay the amount sought by LBSF.  Even if Metavante had earlier challenged LBSF's calculation of default interest, Metavante "ignores the fact that the ISDA explicitly precludes an issue of fact contest with regard to the proper default rate with the phrases 'without proof or evidence of any actual cost' and 'as certified by it.'"  *Finance One Public Co. Ltd. v. Lehman Bros. Special Financing, Inc.*, No. 00 Civ. 6739(CBM), 2003 WL 21638214, at *2 (S.D.N.Y. July 11, 2003) (quoting ISDA Master Agreement, § 14(d), at 14).  Nonetheless, LBSF is prepared to agree that any default interest paid will be without prejudice to a subsequent motion by Metavante to challenge the default interest rate.  But it is clear that an issue over a few hundred thousand dollars should not delay payment by Metavante of millions of dollars that it now unquestionably owes under the agreement as required by the Court's Order.

Third, the Motion to Stay should be denied without holding a hearing two months after entry of the Order.  A stay pending appeal is an extraordinary remedy.  *See Hartigan v. Pine Lake Vill. Apartment Co. (In re Pine Lake Vill. Apartment Co.)*, 21 B.R. 395, 398 (S.D.N.Y. 1982) ("A stay involves extraordinary relief and the discretion of the

---

[3] None of the cases cited by Metavante supports the proposition that a debtor must provide adequate assurance of future performance to enforce a contract against a counterparty prior to assumption or rejection.  Contrary to Metavante's assertion, in *In re Cont'l Energy Ass'n Ltd.*, the Court did not require the debtor to provide adequate assurance of future performance.  Instead, the debtor volunteered to pay for gas shipments in advance as a form of assurance of payment.  *Id.* at 407. Moreover, unlike the facts here, in each of the cases where the counterparty was entitled to an administrative expense claim, the counterparty provided a post-petition good or service of benefit to the estate – not merely the payment of money owed under a contract.  *See In re Cont'l Energy Ass'n Ltd.*, 178 B.R. 405 (Bankr. M.D. Pa. 1995) (creditor supplied post-petition natural gas to debtor); *In re Boling Group, LLC*, Mp/ 01-81304C-11D, 2002 WL 31812671 (Bankr. M.D.N.C. Dec. 13, 2002) (creditor entitled to administrative expense claim for post-petition services of processing insurance claims for estate).  Finally, *In re Resource Tech. Corp.*, 254 B.R. 215 (Bankr. N.D. Ill 2000), is totally irrelevant because the issue in that case was whether the underlying contract constituted an executory contract or lease.

court."). Metavante does not meet the requirements for such a stay. "In order to obtain a stay pending appeal, the movant must demonstrate that (1) it has a strong likelihood of success on the merits, (2) it will suffer irreparable harm absent a stay, (3) a stay will not unduly prejudice other interested parties, and (4) a stay would serve the public interest. These factors do not require extensive discussion." *In re Parmalat Securities Litig.*, No. 04 MD 1653(LAK), 2007 WL 2197057, at *1 (S.D.N.Y. July 24, 2007). Metavante must demonstrate a cognizable harm that it would suffer if its motion for a stay is denied. Metavante's bald assertions that the payment of money will cause it irreparable harm do not suffice.

Metavante's failure to make payments under the swap agreement for over one year is unjustified, and an additional delay of at least two months to consider these motions, as proposed by Metavante, would be detrimental to LBSF's estate. As this Court has noted previously, cash is the lifeblood of a chapter 11 estate. Additionally, Metavante's failure to comply with the Order constitutes contempt and may embolden other similarly-situated derivative contract counterparties to continue their unlawful withholding of payments due to the Debtors.

In order to conserve estate resources, this letter serves as LBSF's objection to the Motions. LBSF reserves the right to submit further briefing on these issues.

We respectfully request a chambers conference to discuss the above at the Court's earliest convenience.

Respectfully submitted,

/s/ Richard W. Slack

Richard W. Slack

RWS:fr
cc:     Bruce G. Arnold
        Wilbur F. Foster, Jr.
        Christopher J. Shore
        Robert Lemons