UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**STIPULATION AND ORDER BETWEEN THE EXAMINER
AND THE OFFICE OF THRIFT SUPERVISION**

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) the Office of Thrift Supervision ("OTS").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, *inter alia*, ordered (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the

"Examiner"), and (ii) the Examiner to conduct an investigation into certain specified matters and to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner has requested that OTS produce certain documents and provide information relevant to the Examiner Investigation (all documents and information provided by OTS to the Examiner, the "Discovery Materials");[1]

WHEREAS, OTS has requested, and the Examiner has agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Examiner and OTS have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. "Confidential Information" means information that constitutes, reflects or discloses trade secrets, proprietary data, confidential commercial information, confidential regulatory information, and/or confidential information protected by constitutional or other rights of privacy, including unpublished OTS information as defined in 12 C.F.R. § 510.5 ("Unpublished OTS Information"), and includes all copies, abstracts, excerpts, analyses, or other

---

[1] The Examiner and OTS agree that 12 C.F.R. § 510.5 does not apply to the Examiner's requests for materials from OTS.

writings or documents that contain, reflect or disclose such information. "Confidential Information" shall also include the Discovery Materials (found in whatever form) that are designated as "CONFIDENTIAL" by OTS. Notwithstanding anything to the contrary contained herein, Confidential Information does not include information that is at any time independently developed by the Examiner without use of or reliance upon any materials that either (a) OTS has designated as "CONFIDENTIAL," or (b) that reveal on their face that they constitute, contain, or disclose Unpublished OTS Information; information rightfully acquired by the Examiner from an independent source without restrictions as to use, to the extent it does not either (a) disclose materials designated as "CONFIDENTIAL" by OTS, or (b) reveal on its face that it constitutes, contains, or discloses Unpublished OTS Information; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner, to the extent it does not either (a) disclose materials designated as "CONFIDENTIAL" by OTS, or (b) reveal on its face that it constitutes, contains, or discloses Unpublished OTS Information; information that is publicly available in substantially the same form in which it was provided by OTS; information that is required by law to be made available to third parties; information that was, is or becomes public knowledge, not in violation of this Stipulation or 12 C.F.R. § 510.5, or information that is voluntarily de-classified by OTS.

     2.     Subject to the conditions and limitations set forth above and elsewhere herein, OTS may designate as "Confidential" any document (and all copies thereof) or other material produced by OTS, or testimony related thereto, which it desires to be treated as Confidential Information and reasonably believes constitutes "Confidential Information," by marking such documents, material or testimony with the word "CONFIDENTIAL." In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the

disk, tape, or other medium in which the electronic form data is stored, and, in the event such data is transmitted by email, the applicable legend shall be included in any email transmitting such data. It shall be the obligation of the Examiner (including his counsel and those engaged and employed by the Examiner) to use reasonable efforts to designate as "CONFIDENTIAL" all deposition testimony and exhibits that the Examiner reasonably believes, in the exercise of good faith, contains, recites, uses, refers to, or otherwise discloses Unpublished OTS Information. This may be done either by oral statement at the deposition or in writing thereafter, in the manner described below. If portions of deposition testimony are designated "CONFIDENTIAL" during the deposition, the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL." Portions of deposition transcripts may be designated as "CONFIDENTIAL" after the deposition by written notice to the reporter and to all counsel of record, given within ten (10) days after a deposition transcript is received, in which case all counsel receiving the transcript shall be responsible for marking copies of the designated transcript in their possession or under their control. During this ten (10) day designation period, all Parties shall treat the deposition transcript as if it had been designated "CONFIDENTIAL."

   3.  The Examiner and the Examiner's counsel will use reasonable efforts to identify all documents and other materials produced by third parties - not marked "CONFIDENTIAL" by OTS - that reveal, on their face, that they constitute, contain or disclose Unpublished OTS Information ("Unmarked OTS Information"), and to treat them as "CONFIDENTIAL" under this Stipulation. However, to the extent that the Examiner and the Examiner's counsel use reasonable efforts to identify and to accord "CONFIDENTIAL" treatment to Unmarked OTS Information, they shall not be found in violation of this Stipulation for failing to identify Unmarked OTS Information or treat it in accordance with the Stipulation. If the Examiner or

4

the Examiner's counsel are not treating certain Unmarked OTS Information in accordance with this Stipulation, but OTS believes those materials qualify as "CONFIDENTIAL," OTS's sole remedy is to notify the Examiner's counsel that such Unmarked OTS Information should be treated as "CONFIDENTIAL" under this Stipulation, and to inform the Examiner's counsel in writing to so mark and treat the documents in question.

4.   Unpublished OTS Information and documents designated as "CONFIDENTIAL" shall not be disclosed to anyone except as provided in this Stipulation.

5.   Except as hereinafter provided, Confidential Information shall be used by the Examiner solely for the purposes of his statutory and Bankruptcy Court-ordered duties to investigate and produce a report.  Confidential Information shall not be used for any other purpose, including but not limited to commercial, business, competitive or other purposes, for any reason whatsoever without the prior written consent of OTS.

6.   The Examiner will provide OTS with a draft of the report prior to transmission to the Court.

7.   If the Examiner objects to the designation of any material as "CONFIDENTIAL," the Examiner will make a good-faith effort to first meet and confer with OTS in an effort to resolve the dispute.  If the meet and confer process does not resolve the dispute within a reasonable period of time given the circumstances, the Examiner may apply to the Bankruptcy Court for an order removing the "CONFIDENTIAL" designation.  The contested information shall retain its confidential status pending resolution of the dispute.

8.   Before any Confidential Information is filed with the Bankruptcy Court, the Examiner will submit this Stipulation and a proposed order, asking the court to adopt the terms of this Stipulation and authorize the filing of such materials under seal.  Thereafter, all

Confidential Information that is filed with the Bankruptcy Court shall, to the extent authorized by such court, be filed under seal.

9. Confidential Information may be disclosed only to the Bankruptcy Court; court personnel; court reporters and video personnel recording depositions where Confidential Information is disclosed; counsel to the Examiner and the Examiner's counsel and staff, including paralegals, secretaries, law clerks, internal or external copying services; anyone who has previously seen or received the Confidential Information; and to "Qualified Persons," defined as follows:

(a) Professionals retained by the Examiner, including Duff & Phelps LLC;

(b) Witnesses during depositions as provided in Paragraph No. 2 above;

(c) Witnesses in connection with interviews; and

(c) Anyone else by order of the Bankruptcy Court or consent of OTS.

10. Before the Examiner or his counsel may disclose Confidential Information to a Qualified Person, the Examiner or his counsel shall obtain from the Qualified Person who is going to receive such Confidential Information an executed copy of the Non-Disclosure Certificate attached hereto as Exhibit A. Counsel who discloses Confidential Information to a Qualified Person shall provide each such Qualified Person with a copy of this Stipulation and shall retain the Qualified Person's original executed Non-Disclosure Certificate pending further order of the Bankruptcy Court or for a one-year period following the closing of the Bankruptcy Cases.

11. In the event the Examiner (including his counsel and those engaged and employed by the Examiner), or a Qualified Person who is subject to this Stipulation is (a) subpoenaed in another action, or (b) is served with a demand or other legal process that seeks the production of Confidential Information as defined herein, the recipient of such subpoena, demand or other

6

legal process shall, to the extent legally permissible under such subpoena, demand, or other legal process, give written notice thereof, within five (5) calendar days of its receipt of such subpoena, demand or other legal process to OTS, before responding. This written notice shall be given by the most expeditious means reasonably possible and by first class mail, to OTS at the addresses, email addresses, or facsimile numbers set forth in the signature blocks below. Nothing herein shall be construed as requiring the recipient of the subpoena, demand or legal process to challenge or appeal any order requiring production of the Confidential Information protected by this Stipulation, or to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from the Bankruptcy Court.

12. Within thirty (30) days of the closing of the Bankruptcy Cases, including any appeal, any person who is in possession of Confidential Information shall return such Confidential Information to counsel for OTS or shall make reasonable efforts to destroy it. Written confirmation of such return or reasonable efforts to destroy shall be forwarded to counsel for OTS. Notwithstanding this provision, however, Confidential Information that (1) has been filed in pleading files maintained by counsel, or (2) is mentioned in notes, memoranda or other writings prepared by counsel and covered by the work product doctrine, or (3) is filed in the Examiner's or the Examiner's counsel's electronic storage media, need not be returned or destroyed.

13. If a document or other material which OTS intends to designate as "CONFIDENTIAL" is inadvertently disclosed by OTS without being marked as "CONFIDENTIAL" in accordance with Paragraph Nos. 1 through 3 of this Stipulation, the failure to so mark the document or other material shall not be deemed a waiver of its confidentiality.

14. If any document or other material subject to any privilege or legal prohibition against disclosure is disclosed, the fact of the disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure. Upon written notification by OTS to the Examiner that OTS inadvertently produced privileged materials to the Examiner, the Examiner or his counsel shall either (a) immediately make reasonable efforts to destroy or return such material, including any copies thereof, to OTS; or (b) if the examiner disagrees with OTS's claim of privilege or legal prohibition against disclosure, the Examiner shall notify OTS within three (3) business days, and OTS shall, to the extent OTS wishes to continue prosecuting its privilege claim, have the burden of initiating negotiations over the return of the material to OTS or making a motion to establish the privileged or protected nature of the disclosed information. During any such dispute, OTS and the Examiner are authorized to provide the Bankruptcy Court with a copy of the document subject to dispute for purposes of a Bankruptcy Court determination as to whether or not the claimed privilege applies to the document, as long as such document is provided to the Bankruptcy Court under seal. Unless otherwise agreed, the motion shall be made within ten (10) calendar days of the time OTS first gives notice of the inadvertent production to the Examiner.

15. This Stipulation is entered without prejudice to the right of OTS to use any Confidential Information produced by OTS in any manner OTS deems appropriate.

16. This Stipulation shall survive the final closing of the Bankruptcy Cases and shall continue in full force and effect. When these Bankruptcy Cases are closed, the Examiner (including his counsel and those engaged and employed by the Examiner) shall not thereafter reveal or disclose any Unpublished OTS Information to any person not subject to this Stipulation.

17. All persons bound by this Stipulation are hereby notified that if this Stipulation is in any manner violated, the person or entity who commits such violation may be subject to such sanctions as the Bankruptcy Court, on motion and after notice and a hearing, deems just. OTS shall receive notice of such motion and be afforded an opportunity to be heard on the sanctions issues.

18. Except as otherwise provided in this Stipulation, in the event a violation of this Stipulation occurs with respect to Unpublished OTS Information, in addition to the remedies specified in Paragraph No. 17 above, OTS may seek appropriate injunctive relief.

19. Nothing contained herein shall constitute or be deemed to be a waiver on the part of OTS or the Examiner of the right to assert any other privileges, including, but not limited to, attorney-client, work product, or other federal or state cognizable privilege with regard to the production of documents and information.

20. The protections of 12 U.S.C. § 1828(x)[2] shall apply to all documents that are subject to this Stipulation.

---

[2] 12 U.S.C. § 1828(x) currently reads as follows:
   **"(x) Privileges not affected by disclosure to banking agency or supervisor**
       **(1) In general.** The submission by any person of any information to any Federal banking agency, State bank supervisor, or foreign banking authority for any purpose in the course of any supervisory or regulatory process of such agency, supervisor, or authority shall not be construed as waiving, destroying, or otherwise affecting any privilege such person may claim with respect to such information under Federal or State law as to any person or entity other than such agency, supervisor, or authority.
       **(2) Rule of construction.** No provision of paragraph (1) may be construed as implying or establishing that—
           **(A)** any person waives any privilege applicable to information that is submitted or transferred under any circumstance to which paragraph (1) does not apply; or
           **(B)** any person would waive any privilege applicable to any information by submitting the information to any Federal banking agency,

9

21. The Examiner and OTS agree to cooperate to obtain Bankruptcy Court approval of this Stipulation. This Stipulation shall govern the conduct of the Examiner and OTS pending such approval by the Court.

22. The Court shall have continuing jurisdiction solely with regard to (a) the interpretation of this Stipulation, and (b) its enforcement as to any person bound by its provisions.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURES FOLLOW ON NEXT PAGE]

---

State bank supervisor, or foreign banking authority, but for this subsection.

Stipulated and Agreed as of October 5, 2009.

|  |  |
|---|---|
| JENNER & BLOCK LLP | OFFICE OF CHIEF COUNSEL<br>OFFICE OF THRIFT SUPERVISION |
| By: */s/ Robert L. Byman*<br>Robert L. Byman, Esq.<br>Jenner & Block LLP<br>330 North Wabash Ave.<br>Chicago, IL  60611<br>Telephone: (312) 923-2679<br>Facsimile: (312) 840-7679<br>rbyman@jenner.com<br><br>*Counsel for the Examiner* | By: */s/ Dirk S. Roberts*<br>Dirk S. Roberts, Esq.<br>Deputy Chief Counsel for Litigation<br>1700 G Street N.W.<br>Washington, D.C. 20552<br><br>*Counsel for Office of Thrift Supervision* |

**SO ORDERED:**

Dated: New York, New York
       October 16, 2009

                                            *s/ James M. Peck*
                                          Honorable James M. Peck
                                          United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS, INC., et al.,** | **Case No. 08-13555 (JMP)** |
| | **(Jointly Administered)** |
| **Debtors.** | |

## NON-DISCLOSURE CERTIFICATE

I certify my understanding that access to materials designated as "CONFIDENTIAL" is provided to me pursuant to the terms and restrictions of a Stipulation and Order Between the Examiner and the Office of Thrift Supervision approved by the Bankruptcy Court in the above-captioned bankruptcy cases on _____ __, 2009 (the "Stipulation"). I certify that I have been given a copy of, and have read, the Stipulation and agree to comply with its terms. I understand that the contents of any material designated "CONFIDENTIAL" and any notes or other memoranda or any other forms of information which copy or disclose material designated "CONFIDENTIAL" shall not be disclosed to anyone other than in accordance with the Stipulation and shall be used only for the purposes set forth in the Stipulation.

I agree to be subject to the jurisdiction of the Bankruptcy Court for purposes of enforcement of this Non-Disclosure Certificate and the Stipulation.

By: _____
Title: _____
Representing: _____
Date: _____

1805376.2