WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                      :

**In re**                                :        **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**

        Debtors.                    :        **(Jointly Administered)**

------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER**
**BETWEEN LB ROSE RANCH LLC AND GARFIELD COUNTY**
**TREASURER PROVIDING FOR PAYMENT OF 2008 PROPERTY TAXES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by and between LB Rose Ranch LLC ("Rose Ranch") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), and the Treasurer for Garfield County, Colorado (the "Treasurer").

**RECITALS**

        A.    On September 15, 2008 and periodically thereafter Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this

Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. On February 9, 2009 (the "Commencement Date"), Rose Ranch, an indirect subsidiary of LBHI, commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

C. On June 15, 2009, Rose Ranch filed its Amended Schedules of Assets and Liabilities [Docket No. 3937] (the "Schedules"). The Schedules list the Treasurer as having an unliquidated claim for property taxes. On September 18, 2009, the Treasurer filed a Proof of Claim #560001310 (the "Claim"), indicating that the 2008 property taxes due from Rose Ranch are secured, liquidated and determined and that the 2009 property taxes are unliquidated.

D. On September 17, 2009, the Treasurer filed a Motion For (i) A Determination that the Automatic Stay Does Not Apply, Or (ii) In The Alternative Relief From the Automatic Stay As Applied To Taxes Due From Debtor LB Rose Ranch LLC [Docket No. 5208] (the "Motion"). Based on the terms of this Stipulation, Agreement and Order, the Debtors have agreed not to file an objection to the Motion.

E. The attorneys for the Treasurer have represented that the Treasurer is a secured creditor of Rose Ranch by virtue of a statutory lien for 2008 *ad valorem* property taxes pursuant to COLO. REV. STAT. ANN. § 39-1-107(2), which grants the Treasurer a first priority lien on all of the real property (the "Real Property") and all of the personal property (the "Personal Property") owned by Rose Ranch and located in Garfield County, Colorado.

2

F.  The Debtors and the Treasurer have agreed that Rose Ranch currently owes $286,082.52 in outstanding 2008 real property taxes (the "Real Property Taxes"), and an additional $17,165.03 in accrued interest with respect thereto (the "Real Property Accumulated Interest").[1]

G.  The Debtors and the Treasurer have further agreed that Rose Ranch currently owes $6,419.44 in outstanding 2008 personal property taxes (the "Personal Property Taxes" and together with the Real Property Taxes the "Taxes"), and an additional $320.97 in accrued interest related thereto (the "Personal Property Accumulated Interest" and together with the Real Property Accumulated Interest, the "Interest").

H.  The Debtors believe that the value of each of the Real Property and the Personal Property exceeds the Real Property Taxes and the Personal Property Taxes, respectively, by a considerable margin. As a result, to the extent that the Treasurer has a secured claim on the Real Property and the Personal Property, the Treasurer is entitled to "interest on such claim, and any reasonable fees, costs, or charges provided for under . . . State statute under which such claim arose." 11 U.S.C. § 506(b).

I.  As set forth in the Motion, the Treasurer has statutory deadlines for the sale of tax liens on real property, including deadlines for three publications of the notice of the sale of delinquent tax liens. The first deadline for publication may occur prior to the Effective Date (as defined below).

---

[1] Subject to certain exceptions, interest on delinquent property taxes accrues at a rate of 1% per month. COLO. REV. STAT. ANN. § 39-10-104.5(3)(a). The amounts represented as due in Paragraph F are slightly different than the amounts set forth in the Claim due to several small errors in the schedule attached to the Claim, which error were discovered and corrected through the process of negotiating this Stipulation, Agreement and Order.

3

J. In light of the foregoing, and to ensure that the Treasurer is not prohibited from exercising her rights with respect to the Taxes, and to allow Rose Ranch to preclude the accumulation of further interest with respect to the Taxes, Rose Ranch and the Treasurer (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to resolve the Motion on the terms set forth below.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and between Rose Ranch and the Treasurer, through their undersigned attorneys, that:

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Following the Effective Date, Rose Ranch shall transfer an amount equal to the Taxes and Interest by wire transfer (the "Wire") to the Treasurer in accordance with the following wire instructions provided to Rose Ranch by the Treasurer:

> Bank: Alpine Bank – Glenwood Springs (970-945-2424)
> ABA Number: *****3407
> Account Number: ******7464
> Account Name: Garfield County Treasurer

3. If Rose Ranch has not complied with its obligations under paragraph 2 by October 28, 2009, the Treasurer may pursue all state law remedies for the collection of the Real Property Taxes including, without limitation, listing the Real Property Taxes in the published notices of tax lien sale,[2] provided that the Treasurer provides Rose Ranch's counsel with notice of her intent to pursue such remedies. Such notice may be by email and must be received by the attorneys for Rose Ranch at least

---

[2] For the avoidance of doubt, the Trustee may only include real property taxes relating to tax year 2008 in the notices of lien sale.

4

three (3) business days prior to the publication of such notices or the exercise of such state law remedies.

4. In consideration for the payment of the Taxes and Interest, the adequacy of which is hereby acknowledged, and upon Rose Ranch's wiring of the Taxes and Interest in accordance with the wire instruction stated above, the Treasurer, together with her agents, employees, principals, professionals, successors and assigns, shall be deemed to have waived and released any and all claims against Rose Ranch and the other Debtors and their estates, successors and assigns solely with respect to 2008 real and personal property taxes including, without limitation, any claim for interest and shall cease all effort, other than as set forth in paragraph 3, to sell tax liens for the Real Property.

5. To the extent that Rose Ranch included any claims relating to the Taxes and/or Interest in the Schedules, or the Treasurer filed any claims relating to the Taxes and/or Interest, such claims will be deemed resolved upon the Treasurer's receipt of the Wire and the Treasurer shall have no claims to any further distributions from the Debtors' estates relating thereto.

6. Except as provided in paragraph 3, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from Rose Ranch's estate and/or assets or property of Rose Ranch (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

7. Upon the Effective Date, the Motion shall be deemed resolved.

8. This Stipulation, Agreement, and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

9. Each person who executes this Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

10. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

11. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreements and Order.

Dated: October 13, 2009
      Glenwood Springs, Colorado

/s/ Deborah Quinn
Deborah Quinn

Assistant Garfield County Attorney
108 8th Street, Suite 219
Glenwood Springs, CO 81601
Telephone: (970) 945-9150
Facsimile: (970) 384-5005

Attorney for Garfield County (Colorado) Treasurer

Dated: October 13, 2009
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED:

Dated: New York, New York
      October 16, 2009

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge