WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :     **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC., *et al.*,**     :     **08-13555 (JMP)**
                                                                    :
                                    **Debtors.**           :     **(Jointly Administered)**
                                                                    :
                                                                    :
-------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER BETWEEN**
**LEHMAN BROTHERS HOLDINGS INC. AND NEW YORK INSTITUTE**
**OF FINANCE PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

          This Stipulation, Agreement and Order (the "Stipulation, Agreement and

Order") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI"),

together with its affiliated debtors in the above referenced chapter 11 cases, as debtors

and debtors in possession (the "Debtors"), and the New York Institute of Finance

("NYIF").

**RECITALS**

          A.          On September 15, 2008 (the "Commencement Date") and

periodically thereafter LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").

      B.     On June 15, 2009, LBHI filed its Amended Schedules of Assets

and Liabilities (the "Schedules").  [Docket No. 3918].

      C.     On, July 2, 2009, the Court entered an order establishing the

deadlines for parties in interest to file claims in the LBHI chapter 11 case (the "Bar Date

Order").  Neither NYIF nor its parent Pearson Education, Inc. ("Pearson"), filed a claim

by the relevant deadline established by the Bar Date Order.

      D.     On September 14, 2009, NYIF filed a Motion For Relief From the

Automatic Stay In Order to Effect Setoff Pursuant To 11 U.S.C. § 553 [Docket No. 5134]

(the "Motion").

      E.     The Motion asserts that the Debtors incurred certain registration

fees in the amount of $1,048.00 on July 7, 2008 and $1,975.00 on August 12, 2008 for

training courses offered by NYIF (together the "Unpaid Fees").  The Motion further

asserts that the Unpaid Fees remained outstanding as of the Commencement Date and

have not subsequently been paid.

      F.     The Motion also asserts that on April 28, 2006, Pearson, on behalf

of NYIF, forwarded a check in the amount of $1,500 (the "NYIF Debt") to the Debtors in

order to refund an erroneous payment previously made by the Debtors to NYIF (the

"Refund Check").  As of August 27, 2009, the Debtors had not presented the Refund

Check for payment.

      G.     The Motion seeks entry of an order lifting the automatic stay

extant in the Debtors' chapter 11 cases pursuant to section 362 of the Bankruptcy Code

2

for the limited purpose of allowing NYIF to effect setoff pursuant to section 553 of the

Bankruptcy Code with respect to the NYIF Debt.

H.    LBHI included a liability to NYIF for $1,975.00 on its Schedules.

[Schedule No. 555247730] as an undisputed liability.  LBHI has reviewed its books and

records and has verified that it is indebted to NYIF in said amount.

I.    In light of the foregoing, LBHI and NYIF (each a "Party" and

together, the "Parties") have agreed, subject to approval of this Court, to resolve the

Motion on the terms set forth below.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and

between LBHI and NYIF, through their undersigned attorneys, that:

1.    This Stipulation, Agreement, and Order shall have no force or

effect unless and until approved by the Court (the "Effective Date").

2.    Upon the Effective Date, the automatic stay shall be deemed

modified to allow NYIF to set off the NYIF Debt against the Unpaid Fees.

3.    Except as provided in paragraph 2, the provisions of section 362(a)

of the Bankruptcy Code, including, without limitation, those provisions prohibiting any

act to collect, assess, or recover a claim that arose prior to the Commencement Date from

LBHI's estate and/or assets or property of LBHI (as defined in section 541 of the

Bankruptcy Code) shall remain in full force and effect.

4.    NYIF shall be deemed to have an allowed general unsecured claim

against LBHI in the amount of $475.00 (the "Claim").  The Claim shall supersede any

amounts that LBHI scheduled as owing to NYIF on its Schedules.

5.          Except as provided in paragraphs 2 and 4 above, nothing in this

Stipulation, Agreement, and Order shall constitute an determination of the validity of any

claims by NYIF against the Debtors or otherwise prejudice, or be deemed to prejudice,

any other rights of LBHI and NYIF and any rights, claims, defenses, obligations and

challenges either party may have with respect thereto.

6.          Upon the Effective Date, the Motion shall be deemed resolved.

7.          This Stipulation, Agreement, and Order may only be amended or

otherwise modified by a signed writing executed by the Parties.

8.          Each person who executes this Stipulation, Agreement, and Order

by or on behalf of a Party represents and warrants that he or she has been duly authorized

and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf

of such Party.

9.          This Stipulation, Agreement, and Order may be executed in

counterparts, each of which shall be deemed an original but all of which together shall

constitute one and the same instrument, and it shall constitute sufficient proof of this

Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or

facsimiles signed by the Parties.

10.     This Court shall retain jurisdiction to resolve any disputes or

controversies arising from this Stipulation, Agreements and Order.


Dated: October 8, 2009
        Buffalo, New York

                                            /s/ Angela Z. Miller
                                            Angela Z. Miller

                                            PHILLIPS LYTLE LLP
                                            3400 HSBC Center
                                            Buffalo, NY 14203
                                            Telephone: (716) 847-8400
                                            Facsimile: (726) 852-6100

                                            Attorneys for New York Institute of Finance


Dated: October 9, 2009
        New York, New York

                                            /s/ Richard P. Krasnow
                                            Richard P. Krasnow
                                            Shai Y. Waisman

                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            Attorneys for Debtors
                                            and Debtors in Possession



SO ORDERED

Dated: New York, New York
        October 16, 2009

                                            s/ James M. Peck
                                            Honorable James M. Peck
                                            United States Bankruptcy Judge