**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                  )
In re:                                                            )    Chapter 11
                                                                  )
LEHMAN BROTHERS HOLDINGS INC.                                     )    Case No. 08-13555 (JMP)
                                                                  )
                                                                  )
                                                                  )
         Debtor.                                                  )    (Jointly Administered)
-------------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.    TO:                 **BOULTBEE (HELSINKI) AB** ("Transferor")
                          c/o EFM (Sverige) AB
                          PO Box 730
                          SE-721 20 Västerås Sweden
                          Attention: Managing Director and Clive Boultbee Brooks
                          Telefax + 46 (0)21 415 125

2.    Please take notice that the transfer in the amount of 100% of your claim against LEHMAN
BROTHERS HOLDINGS INC., Case No. 08-13555 (JMP) arising from and relating to Claim No.
28487 (attached in <u>Exhibit A</u> hereto), which amends Nos. 14058 and 4146, has been transferred to:

                          **GOLDMAN SACHS LENDING PARTNERS LLC** ("Transferee")
                          c/o Goldman, Sachs & Co.
                          30 Hudson Street, 36th Floor
                          Jersey City, NJ 07302
                          Fax: 212-428-1243
                          Contact: Andrew Caditz
                          Phone: 212-357-6240
                          Email: Andrew.Caditz@gs.com

      An evidence of transfer of claim is attached hereto as <u>Exhibit B</u>. All distributions and notices
regarding the transferred portion of the claim should be sent to the Transferee at the instructions attached
in <u>Exhibit C</u>.

3.    No action is required <u>if you do not object</u> to the transfer of your claim.  However, **IF YOU OB-
JECT TO THE TRANSFER OF YOUR CLAIM, WITHIN <u>20 DAYS</u> OF THE DATE OF THIS**

547579.1/153-05237

**NOTICE, YOU MUST:**

--        **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

        United States Bankruptcy Court
        Southern District of New York
        Attn: Clerk of Court
        Alexander Hamilton Custom House
        One Bowling Green
        New York, NY 10004-1408

--        **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

--        Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further
        correspondence related to this transfer.

4.        If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT
TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON
OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                               CLERK

--------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____,
2005.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___  Transferee ___  Debtor's Attorney ___

                  _____
                  Deputy Clerk

**EXHIBIT A**

**PROOF OF CLAIM**

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 4000004110 |

Name of Debtor Against Which Claim is Held   | Case No. of Debtor
*Lehman Brothers Holdings, Inc.*  08-13555 (JMP)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Program Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
LBH (MERGE2.DBF,Txnum2) Txnum2 #: 4000004110*****
BOULTBEE (VASTERAS) AB
C/O EFM (SVERIGE) AB
BOX 49166
STOCKHOLM SE-100 29
SWEDEN

*46(0)8 692 6800*          *Charles Andersson @efm-group.com*

Telephone number:         Email Address:

*Check this box to indicate that this claim amends a previously filed claim.*
# 4146
Filed on May 5, 2009
Court Claim Number: + (if known) 14058
Filed on: Sept 16, 2009

Name and address where payment should be sent (if different from above)

Telephone number:         Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ *14,255,465.11*
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** *SEE Exhibit 1*
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____ Basis for perfection: _____
Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amount entitled to priority:*
$ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**
FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: *Sept. 21, 2009*
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Bo Falk   Director*   *Christian Olofsson   Director*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**EXHIBIT 1**

To:

  United States Bankruptcy Court
  Southern District of New York

Case:

  08-13555

Creditor:

  Boultbee (Västerås) AB
  c/o EFM (Sverige) AB
  P.O. Box 49166
  100 29 Stockholm
  Sweden

Debtor:

  Lehman Brothers Holdings Inc.

**Proof of claim;**
**regarding 1992 ISDA Master Agreement, Credit Support Annex and Confirmations between**
**Lehman Brothers Special Financing Inc. and Boultbee (Västerås) AB dated 15 July 2008 (the**
**"Agreement")**

Reference is made to the Agreement and our notices, dated 9 December 2008 and 15 December 2008, respectively. Capitalized terms and definitions have the same meaning given to them in the Agreement, unless otherwise defined in this letter.

We, Boultbee (Västerås) AB, terminated the Agreement and in accordance with Section 6(a) of the Agreement designated 11 December 2008 as the Early Termination Date. In accordance with Section 6 of the Agreement, as modified by Part 4.14 of the Schedule, we proceeded by determining the Settlement Amount in respect of the Terminated Transactions (in the Termination Currency (Swedish Kronor)) and conducted the requisite calculations. The total amount payable by Lehman Brothers Special Financing Inc to Boultbee (Västerås) AB is SEK **97,036,951**. This amount has been converted to US dollars as per 15th September 2008 and its equivalent is **14,255,465.11** US dollars.

The debtor is the Credit Support Provider under the Agreement and liable for claims against Lehman Brothers Special Financing Inc under the Agreement and pursuant to a Guarantor Letter dated 14 July 2008. This is the basis for claim against the debtor.

More specific information relating to the claim, as well as the supporting documents relating thereto, are not annexed hereto but will be provided through and annexed to the applicable Questionnaire(s) to be filed in connection with this claim.

541223.2/153-05237

**<u>EXHIBIT B</u>**

**EVIDENCE OF TRANSFER OF CLAIM**

547579.1/153-05237

### EVIDENCE OF TRANSFER OF CLAIM

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, BOULTBEE (HELSINKI) AB ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to GOLDMAN SACHS LENDING PARTNERS LLC (the "Assignee") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code), against Lehman Brothers Holdings Inc. ("LBHI"), (the "Debtor"), the debtor in Case No. 08-13555 (JMP) ("Case") pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and against Lehman Brothers Holdings Inc. ("LBHI" and, together with LBSF, the "Debtor"), and the relevant portion of any and all proofs of claim (No. 28487, which amends Nos. 4146 and 14058) filed by Assignor or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law.  Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim, recognizing Assignee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 15 day of October 2009.

BOULTBEE (HELSINKI) AB

By: _____
Name:  *Bo Falk*
Title:   *Director*                     *Christian Olofsson*
                                          *Director*

GOLDMAN SACHS LENDING PARTNERS LLC

By: _____
Name:
Title:

546660.1/153-052379

## EVIDENCE OF TRANSFER OF CLAIM

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, BOULTBEE (HELSINKI) AB ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to GOLDMAN SACHS LENDING PARTNERS LLC (the "Assignee") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code), against Lehman Brothers Holdings Inc. ("LBHI"), (the "Debtor"), the debtor in Case No. 08-13555 (JMP) ("Case") pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and against Lehman Brothers Holdings Inc. ("LBHI" and, together with LBSF, the "Debtor"), and the relevant portion of any and all proofs of claim (No. 28487, which amends Nos. 4146 and 14058) filed by Assignor or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law.  Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim, recognizing Assignee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 13 day of October 2009.

BOULTBEE (HELSINKI) AB

By: _____
Name:
Title:

GOLDMAN SACHS LENDING PARTNERS LLC

By: _____
Name:
Title:            Jennifer Dokish
                  Authorized Signatory

546660.1/153-052379

**EXHIBIT C**

Address for Notices:

c/o Goldman, Sachs & Co.
30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com


Wire Instructions:

Citibank, N.A.
ABA# 021000089
A/C Name: Goldman Sachs Lending Partners LLC
A/C # 30581483
Ref: Lehman LBHI Claims/Boultbee
Attn: Bank Loan Operations