McKENNA LONG & ALDRIDGE LLP
230 Park Avenue, Suite 1700
New York, New York 10169
Telephone: (212) 922-1800
Facsimile: (212) 922-1819

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198

*Special Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |
|  | : |  |

-----------------------------------------------------------------x

**FOURTH SUPPLEMENTAL DECLARATION OF CHARLES D. WEISS
IN CONNECTION WITH THE DEBTORS' ENGAGEMENT OF
<u>McKENNA LONG & ALDRIDGE LLP AS SPECIAL COUNSEL</u>**

CHARLES D. WEISS, hereby declares, pursuant to section 1746 of title 28 of the United States Code, as follows:

1. I am a partner in the firm of McKenna Long & Aldridge LLP ("<u>McKenna</u>" or the "<u>Firm</u>"), a law firm with principal offices at 303 Peachtree Street, N.E., Suite 5300, Atlanta, Georgia 30308 and at 1900 K Street, N.W., Washington, DC 20006, and other offices in Albany, New York; Brussels, Belgium; Denver, Colorado; Los Angeles,

California; New York, New York; Philadelphia, Pennsylvania; San Diego, California; and San Francisco, California.

2. Unless otherwise stated in this Fourth Supplemental Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon McKenna's completion of further review or as additional information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

3. I initially submitted a declaration (the "Initial Declaration") in connection with the Application dated December 2, 2008 (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), for approval of the Debtors' employment and retention of McKenna as special counsel in the above-captioned chapter 11 cases at the Firm's normal hourly rates in effect from time to time and in accordance with the Firm's normal reimbursement policies, in compliance with sections 328(a), 329 and 504 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and to provide disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors filed the Application requesting approval from this Court to retain and employ McKenna as special counsel during these chapter 11 cases to provide services with respect to commercial lending, loan restructuring, collection and litigation matters.

4. On December 9, 2008, I submitted a supplemental declaration in further support of the Application (the "First Supplemental Declaration").

5.  By order entered December 18, 2008, the Court granted approval for the employment of McKenna as special counsel, *nunc pro tunc* to the Commencement Date. No objections to the Application were filed, and, accordingly, the Court's order of December 18, 2008 became final.

6.  On April 13, 2009, I submitted a second declaration in connection with the Debtors' engagement of McKenna (the "Second Supplemental Declaration").

7.  On September 1, 2009, I submitted a third supplemental declaration in connection with the Debtors' engagement of McKenna (the "Third Supplemental Declaration").

8.  This Fourth Supplemental Declaration provides additional information with respect to McKenna's connections to parties in interest disclosed in the Initial Declaration, the First Supplemental Declaration, the Second Supplemental Declaration and the Third Supplemental Declaration.

## McKenna's Disclosure Procedures

9.  McKenna has in the past represented, currently represents and may in the future represent entities that are claimants or interest holders of the Debtors or otherwise have interests in these cases. McKenna, which employs approximately four hundred and fifty (450) attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.

10. In preparing the Initial Declaration, the Second Supplemental Declaration, I used a set of procedures developed by McKenna to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Firm Disclosure

Procedures"). Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Fourth Supplemental Declaration and to ascertain McKenna's connection to such parties:

    a.    A comprehensive list of certain parties in interest was created by the Debtors after an exhaustive review of their records in consultation with management of the Debtors and through discussions with attorneys at Weil, Gotshal & Manges LLP (the "Retention Checklist") and included the parties listed in the Initial Declaration. The Retention Checklist was updated and included the parties listed in the Second Supplemental Declaration. The Retention Checklist was subsequently updated to include additional entities (the "Amended Retention Checklist").

    b.    Using the Amended Retention Checklist, a list of the names of entities who may be significant parties in interest in these chapter 11 cases (the "Potential Parties In Interest") was assembled.

    c.    McKenna compared each of the Potential Parties In Interest to the names that McKenna has compiled into a master records database from its conflict clearance and billing records, comprised of the names of the McKenna clients for which any attorney time charges have been billed since the database was first created (the "Records Database"). The Records Database includes the name of each current or former client, the names of other relevant parties to current or former matters for such client and the names of the McKenna personnel who are or were responsible for such matters. It is the policy of McKenna that no new matter may be accepted or opened within the Firm without completing and

submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and other relevant parties. Accordingly, the database is regularly updated for every new matter undertaken by McKenna.

d.    Any matches between the Records Database and the list of Potential Parties In Interest were identified (the "Client Match List"), together with the names of the respective McKenna personnel responsible for current or former matters for the entities on the Client Match List.

e.    Attorneys then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to McKenna's clients in both this matter and the matter referenced on the Client Match List. The remaining client connections with regard to which McKenna has currently active matters were compiled for purposes of this Declaration and are set forth below.

### McKenna's Connections with Parties in Interest

11.    Any client connections with regard to which McKenna had represented clients within the last two (2) years were reviewed by attorneys working under my supervision, and from such review, it was determined that, in respect of each connection between McKenna and such parties, McKenna does not hold or represent an interest that is adverse to the Debtors' estates with respect to the matters for which McKenna is proposed to be retained.

12.    McKenna previously has represented, currently represents and may represent in the future the Potential Parties in Interest (or their affiliates) described on

Exhibit A attached hereto in matters totally unrelated to the Debtors. The information included on Exhibit A is the product of implementing the Firm Disclosure Procedures with respect to the Amended Retention Checklist. McKenna does not and will not represent any of such entities with respect to the matters for which McKenna is proposed to be retained by the Debtors.

13. McKenna currently does not represent or has not represented the Potential Parties in Interest described on Exhibit B. The information included on Exhibit B is the product of implementing the Firm Disclosure Procedures with respect to the Amended Retention Checklist.

14. In addition to the foregoing and as stated in the Initial Declaration and the Second Supplemental Declaration, through reasonable inquiry, I do not believe there is any connection between McKenna and: (i) the United States Trustee for the Southern District of New York (Region 2) or any person employed by the Office of such United States Trustee; or (ii) any creditors or other parties in interest that would be adverse to the Debtors or their estates with respect to the matters for which McKenna seeks to be retained. As part of its practice, McKenna appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and other parties in interest in these cases. McKenna is not aware of any relationship it has with any such attorneys, accountants, financial consultants and investment bankers that would be adverse to the Debtors or their estates with respect to the matters for which McKenna is proposed to be retained. McKenna has not and will not represent any of such parties in relation in the matters for which McKenna is proposed to be retained.

15. As stated in the Initial Declaration, certain attorneys at McKenna attorney own, or have beneficial interests in trusts owning, shares in the Debtors and securities of related entities and may own shares in other parties in interest. An e-mail message was sent to all attorneys requesting that they disclose any ownership of securities of the Debtors (excluding by means of accounts over which the attorneys hold legal authority but do not have investment discretion, mutual fund holding and similar diversified investment vehicles) and any prior employment with the Debtors. In response to such query, three attorneys indicated that they or others in their households own securities of the Debtors and one associate was employed by the Debtors from 1997 until 1999. I do not believe these attorneys interests, considered separately or collectively, are material.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on October 13, 2009.

_____
Declarant: Charles D. Weiss

# Exhibit A

**Interested Parties or Their Affiliates or Subsidiaries whom McKenna Long & Aldridge LLP Represents or Has Represented in the Past in Matters Unrelated to the Matters for which McKenna Long & Aldridge LLP Seeks to be Retained**

**50 Largest Bondholders**

- AIG Annuity Insurance Company
- American Family Life Assurance Company
- Prudential Financial, Inc.
- Prudential Insurance Company of America
- Zurich American Insurance Company

**100 Largest Unsecured Creditors Other than Bondholders**

- Citibank, N.A.
- Hewlett-Packard AP (HONG KONG) LIMITED
- HSBC Bank
- Kim & Chang
- The Bank of New York

**Bank Lenders**

- The Bank of New York - Mellon

**Underwriting Investment Bankers for Debtor's Securities for All Securities Issued or Outstanding on the Commencement Date or During the 3 Years Prior to the Commencement Date**

- Merrill Lynch Commercial Finance Corp.
- Merrill Lynch, Pierce, Fenner & Smith Inc.

**Accountants Who Were Employed or Retained During the Two Years Prior to the Commencement Date**

- Pricewaterhouse Coopers LLP

**Potential Parties in Interest**

- Alcoa Inc.*
- Alenco*
- Alliance Laundry Systems*
- Allianz*
- Alltel Corp.*
- ARINC Incorporated*
- ArvinMeritor, Inc.*
- Arysta Lifescience*
- Assurant, Inc.*
- Atrium Companies Inc.*
- AT&T Corp./AT&T Mobility LLC
- BAE Systems Holdings Inc.*
- Ball Corporation*
- Bank of America, N.A.
- Bank of New York Trust Co., N.A.*
- Best Buy*
- BP North America
- Burger King Corporation*
- Cabrera Capital Markets, LLC*
- Canadian Imperial Bank of Commerce (CIBC)
- Capmark Financial Group Inc.*
- CBS Corp.*
- Cisco Systems, Inc.

2

- Citibank, N.A.

- City of Fremont*

- Community Trust Bank

- Convenience Food System*

- Coughlin Stoia Geller Rudman & Robbins, LLP*

- Danaher Corporation*

- Del Monte Corporation*

- Delphi*

- Delta Airlines A-5*

- Ebay Inc.*

- Entergy Corp.*

- Fidelity Investments*

- Ford Motor Company*

- Friedman, Billings, Ramsey & Group, Inc.

- GenenTech, Inc.*

- Gentiva Health Services, Inc.*

- Georgia Pacific Corporation*

- HD Supply*

- Henry Schein, Inc.*

- Infineon Technologies AG*

- Jarden Corporation

- Kimberly-Clark Corporation*

- KPMG*

- LaSalle Bank National Association*

3

- LyondellBassell Industries*
- Mirant Corporation
- Morgan Stanley & Co./Morgan Stanley, Inc.
- New York Life Insurance Co.*
- Newell Rubbermaid Inc.*
- Northrup Grumman
- Northwest Airlines, Inc.*
- OneBeacon US Holdings*
- Oracle Corporation*
- Orbitz Worldwide
- Philips Electronics NV*
- RBC Dain Rauscher Inc.*
- SABmiller Finance B.V.
- Sequa Corporation*
- Southern Company*
- SunTrust Robinson Humphrey, Inc.*
- Swiss Reinsurance Company*
- Teva Pharmaceutical Works Company*
- The Bank of New York*
- The Home Depot, Inc.*
- The Neiman Marcus Group, Inc.*
- The Walt Disney Co.
- TransCanada Pipelines Ltd.
- Travelport Inc.*

4

- TRW Automotive Inc.*
- Tyco Electronics/Tyco International Group S.A.*
- UnitedHealth Group, IncA-16*
- US Airways Group, Inc.*
- Wells Fargo Bank
- Wells Fargo Bank Minnesota*
- Wyeth*
- Xerox Corporation*

**Affiliations of Outside Directors**

- Office Depot

**Professionals Employed by the Company**

- Deloitte Consulting LLP
- Pricewaterhouse Coopers LLP

**100 Largest Holders of Trade Debt**

- Hewlett-Packard AP (HONG KONG) LIMITED
- HSBC Bank (Canada)
- Ikon Office Solutions
- Michael Stapleton Associates
- Northrop Grumman Corporation
- The Bank of New York
- Wipro Technologies

5

**Competitors**

- Bank of America Securities

- Column Financial, Inc. - Parent/Affiliate of Credit Suisse

- Deutsche Bank AG

- HSBC Securities (USA) Inc.

**Litigation Claimants**

- Bank of America, N.A.

- BP America, Inc.

- Deutsche Bank AG

- Friedman, Billings, Ramsey & Group, Inc.

**Selected Derivative Counterparties**

- BP America, Inc.

- Indianapolis Life Insurance Company, Inc.

- Wellmount Health System


*\* These parties have been added as a result of implementing the Firm Disclosure Procedures with respect to new parties included in the Amended Retention Checklist.*

6

ATLANTA:5168391.1

## Exhibit B

**Interested Parties or Their Affiliates or Subsidiaries
whom McKenna Long & Aldridge LLP Does Not Currently
Represent or Has Not Represented in the Past Two Years**

ATLANTA:5168391.1

- Bank Lenders (with the exception of The Bank of New York - Mellon)

- Landlords

- Secured Creditors

- Government and State Regulatory Agencies

- The *Ad Hoc* Committee of Bondholders of the Main Street Natural Gas, Inc. Gas Project Revenue Bonds

- The Informal Lehman Brothers Holding Inc. Bondholder Group

- Significant Stockholders (greater than 5%)

- Directors and Officers: Current and Former (Up to 3 Years) Members of the Board of Directors and its Officers, and the Entities with whom Directors or Officers were, during their Tenure with the Debtor, Affiliated as an Employee

- Former Employees of Debtor or Underwriting Investment Bankers

- Former Officers, Directors or Employees of the Debtor or Any Underwriting Investment Banker during the 2 Years Prior to the Commencement Date who are now Attorneys at Weil, Gotshal and Manges

- Litigation and Non-Litigation Claimants

- Affiliations of Outside Directors

- Professionals Retained by Significant Creditor Groups

- Utilities

- Strategic Partners

- Committee Members

ATLANTA:5168391.1