**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                  :
**In re**                                         :   **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :   **08-13555 (JMP)**
                                                  :
            Debtors.                              :   **(Jointly Administered)**
                                                  :
-------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 365
### OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO ASSUME
### AND ASSIGN UNEXPIRED LEASE OF REAL PROPERTY AT 600 MADISON AVENUE

Upon the motion, dated April 6, 2009 (the "Motion") [Docket No. 3280],[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization (i) to assume that certain Agreement of Sublease dated as of November 30, 2001 (as amended by (a) First Amendment of Sublease, dated as of May 8, 2002 and (b) Second Amendment of Sublease, dated as of August 12, 2005, and (c) Third Amendment of Lease (the "Amendment"), the "85 Tenth Lease"), by and between LBHI and 85 Tenth Avenue Associates, LLC (as successor-in-interest to Level 3 Communications, LLC), and (ii) to assume and assign to Neuberger Berman Holdings LLC (now known as LB Hercules Holdings LLC) ("Neuberger") (y) that certain Agreement of Lease, dated July 7, 2003, by and between 600 Partners Co., LP ("600 Partners") and LBHI (as successor-in-interest of Neuberger Berman Inc.) (as amended and/ or supplemented, the "600 Madison Lease") and (z) that certain Sublease, dated as of June 24, 2005, by and between Financial Solutions Partners, LLC and LBHI (as amended and/or

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

supplemented, the "Sublease"), all as more fully described in the Motion; and the Court having previously granted the relief requested in the Motion with respect to the 85 Tenth Lease and the Sublease in the Order, dated April 9, 2009 [Docket No. 3316]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

      ORDERED that the Motion is granted; and it is further

      ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, LBHI's assumption and assignment to Neuberger of the 600 Madison Lease is hereby approved; and it is further;

      ORDERED that LBHI or Neuberger shall pay 600 Partners $6,009.59 in full satisfaction of any and all cure amounts owed to 600 Partners under the 600 Madison Lease, and, for the reasons set forth in the Motion, the requirements of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code with respect to the 600 Madison Lease are deemed satisfied; and it is further

      ORDERED that the Debtors are authorized to execute such documents or other instruments as may be necessary to assume and assign to Neuberger the 600 Madison Lease, including, but not limited to, the form of assignment and assumption agreement between LBHI and Neuberger annexed hereto as Exhibit "A"; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: October 20, 2009
      New York, New York

                              *s/ James M. Peck*
                              UNITED STATES BANKRUPTCY JUDGE

**Exhibit "A"**

ASSIGNMENT AND ASSUMPTION OF LEASE – 600 MADISON AVENUE

ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement"), dated as of October [●], 2009, between Lehman Brothers Holdings Inc. ("Assignor") and LB Hercules Holdings LLC (f/k/a Neuberger Berman Holdings LLC) ("Assignee").

WHEREAS, on September 15, 2008, Assignor commenced with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") a voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on October [●], 2009, the Bankruptcy Court issued that certain Order Pursuant Section 365 of the Bankruptcy Code Authorizing Debtors to Assume and Assign Unexpired Lease of Real Property at 600 Madison Avenue ("Order");

NOW THEREFORE, in consideration of Ten Dollars ($10.00) and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. Assignor hereby transfers, assigns and sets over to Assignee all right, title and interest of Assignor into and under that certain Agreement of Lease, dated July 7, 2003, by and between 600 Partners Co., LP (the "Landlord") and Assignor (as successor-in-interest of Neuberger Berman Inc.) (as amended and/or supplemented, the "Lease"), under which the Landlord leases to Assignor the entire rentable area of the twenty-fifth (25th) floor of 600 Madison Avenue, New York, New York.  Assignor represents and warrants that LB Hercules Holdings LLC is the successor, by change of name, to Neuberger Berman Holdings LLC.

2. Assignee hereby expressly assumes and hereby covenants and agrees to pay, perform and discharge all of Assignor's obligations and liabilities under the Lease which accrue from and after the date hereof.  Assignee acknowledges that, pursuant to the provisions of the Lease, it remains liable for the performance of the tenant's obligations under the Lease accruing prior to the date hereof.

3. This Agreement is made by Assignor pursuant to the terms and conditions of the Order.

4. This Agreement inures to the benefit of the parties hereto and their respective successors and assigns.

5. This Agreement and all controversies arising from or relating to performance under this Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflicts of laws principles.

      6. This Agreement may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed an original, but all of which taken together shall constitute but one and the same instrument.

      7. Any suit, action or proceeding against any party or any of its assets arising out of or relating to this Agreement shall be brought in the Bankruptcy Court except for actions or proceedings solely against Assignee to enforce the obligations of Assignee, as tenant under the Lease, or against a subtenant of the Assignee under the Lease ("<u>Dispossess Actions</u>"), which may be brought in any court of competent jurisdiction provided that if such action is against the Assignee, the Assignee is not a debtor in a case pending in the Bankruptcy Court.  Each party hereby irrevocably and unconditionally attorns and submits to the exclusive jurisdiction of the Bankruptcy Court over the subject matter of any such suit, action, proceeding, dispute or controversy arising from or related to this Agreement (other than a Dispossess Action provided that, if such action is against the Assignee, the Assignee is not a debtor in a case pending in the Bankruptcy Court).  If the Bankruptcy Court abstains from exercising jurisdiction or does not have jurisdiction with respect to such suit, action or proceeding, then the Courts of the State of New York and the United States District Court, in each case located in the County of New York, shall have exclusive jurisdiction in respect of such suit, action or proceeding.  Each party irrevocably waives and agrees not to raise any objection it might now or hereafter have to any such suit, action or proceeding in any such court including any objection that the place where such court is located is an inconvenient forum or that there is any other suit, action or proceeding in any other place relating in whole or in part to the same subject matter.

      [Remainder of page intentionally left blank; signature pages follow]

      IN WITNESS WHEREOF, Assignor and Assignee have caused this Assignment and Assumption of Lease to be executed as of this ___ day of August, 2009.

ASSIGNOR:

LEHMAN BROTHERS HOLDINGS INC., as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name:
Title:

[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]

ASSIGNEE:

LB HERCULES HOLDINGS LLC

By: _____
Name:
Title: