Objection Deadline: October 22, 2009, at 11:30 a.m. (Prevailing Eastern Time)
Hearing Date and Time: November 18, 2009, at 10:00 a.m. (Prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtor. | Chapter 11 Case No. 08-13555<br>(JMP) (Jointly Administered) |

### VEYANCE TECHNOLOGIES, INC.'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Veyance Technologies, Inc. ("Veyance") respectfully submits this objection in opposition to the Debtor's Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Discovery [Docket No. 5394], dated October 7, 2009 (the "Rule 2004 Motion"):

### PRELIMINARY STATEMENT

1.      Veyance has commenced an adversary proceeding (the "Adversary Proceeding") against Lehman Brothers Special Financing, Inc. ("LBSF") regarding the existence of an alleged swap agreement between Veyance and LBSF. The existence of the alleged swap agreement is also the subject of LBSF's Rule 2004 Motion. All discovery sought in the Rule 2004 Motion relates to the pending Adversary Proceeding. As such, the Rule 2004 discovery is inappropriate; any discovery with respect to the alleged swap transaction should be conducted in the Adversary Proceeding in accordance with the Federal Rules of Civil Procedure.

### BACKGROUND

2. On September 15, 2008, Lehman Brothers Holdings, Inc. ("LBHI") and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 3, 2008, LBSF filed a petition under chapter 11 of the Bankruptcy Code, and is currently operating its business as a debtor in possession.

4. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"), and by Order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

6. Throughout September and early October 2009, Veyance and LBSF discussed whether the parties would mediate or arbitrate their dispute regarding whether a binding swap agreement existed. The discussions were unsuccessful, and the parties agreed that the issue of whether a binding agreement exists would need to be resolved in court.

7. On October 7, 2009, while Veyance was preparing to initiate the Adversary Proceeding, LBSF filed the motion for entry of an order authorizing discovery pursuant to Bankruptcy Rule 2004.

8.      On October 16, 2009, Veyance initiated the Adversary Proceeding by filing a complaint for a declaratory judgment and injunctive relief against LBSF. The complaint requests a declaratory judgment that no binding agreement arose out of the failed 2008 negotiations. Veyance also moved to withdraw the reference regarding the Adversary Proceeding.

9.      On October 19, 2009, a summons was issued by the Bankruptcy Court, and Veyance served the complaint and the motion to withdraw the reference. The Bankruptcy Court also set a pretrial conference in the Adversary Proceeding for November 18, 2009.

## 2004 DISCOVERY IS IMPERMISSIBLE WHERE AN ADVERSARY PROCEEDING IS PENDING OR HAS BEEN COMMENCED

10.     Under certain circumstances, Bankruptcy Rule 2004 allows the Court to order the examination of an entity related to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004. Nevertheless, the scope of Rule 2004 discovery is not unlimited. *See, e.g., In re The Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (the application of Federal Rule of Bankruptcy Procedure 2004 is "not without bounds").

11.     Once an adversary proceeding is in progress, it is well-settled that Rule 2004 discovery is no longer appropriate; instead, the parties should pursue discovery in the adversary proceeding. *See, e.g., In re The Bennett Funding Group*, 203 B.R. at 28 ("The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to [Federal Rule of Bankruptcy Procedure] 7026 . . . rather than by a . . . 2004 examination."); *see also In re Barnes*, 365 B.R. 1, 6 (Bankr. D.D.C. 2007) ("Once an adversary proceeding is pending, discovery related thereto must be conducted pursuant to the Federal Rules of Civil Procedure, and Rule 2004, a pre-litigation tool, is displaced."); *In re Enron Corp.*, 281

3

B.R. 836, 844 (Bankr. S.D.N.Y. 2002) (denying request for Rule 2004 discovery given pending securities class action); *In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (denying Rule 2004 discovery where separate proceeding is pending); *In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998) ("[W]here a party seeks to depose another party or a witness on an issue which is the subject of a pending adversary proceeding, the examination cannot be conducted pursuant to Rule 2004, but must be conducted pursuant to the Federal Rules of Civil Procedure."); *Intercontinental Enters. v. Keller (In re Blinder, Robinson & Co.)*, 127 B.R. 267, 275 (D. Colo. 1991) (granting motion to stay Rule 2004 examinations of certain officers and employees in light of pending adversary proceeding) ; *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) (denying motion for Rule 2004 discovery and directing parties to proceed with discovery under Part VII).

12. The reason for this rule "'lies in the distinction between the broad . . . nature of the Rule 2004 exam and the more restrictive nature of discovery under [the Federal Rules of Civil Procedure].' For example, under Rule 2004: 'the witness has no right to be represented by counsel except at the discretion of the court; there is only a limited right to object to immaterial or improper questions; there is no general right to cross-examine witnesses; and no right to have issues defined beforehand.'" *In re Enron Corp.*, 281 B.R. at 840-41 (internal citations omitted).

13. Here, the parties engaged in informal discussions throughout September and early October 2009 to determine whether they would mediate or arbitrate the dispute concerning the swap transaction. When the parties decided that mediation or arbitration would not occur, Veyance initiated the Adversary Proceeding to resolve the question of whether a binding contract exists between the parties.

14. The Rule 2004 discovery sought by LBSF wholly relates to the subject matter of the Adversary Proceeding; thus, LBSF's Motion does not fall into the limited exception that allows discovery to proceed by Rule 2004 notwithstanding the existence of the adversary proceeding. *See, e.g., In re The Bennett Funding Group*, 203 B.R. at 29 (denying Rule 2004 discovery based on "the likelihood that information elicited will relate directly to issues and parties already named in the adversary proceeding"); *In re Enron Corp.*, 281 B.R. at 844 (denying request for Rule 2004 discovery where purpose behind movant's request was pending securities class action and not to enable it to assert its rights as a party in interest in the bankruptcy case).

15. Veyance believes that the court handling the Adversary Proceeding, which will be resolved by the withdrawal motion, is the appropriate court to handle any discovery disputes. The withdrawal motion will be fully briefed by November 9, 2009.[1]

### NOTICE

16. No trustee has been appointed in these chapter 11 cases. In accordance with the procedures set forth in the amended order entered on February 13, 2009, governing case management and administrative procedures for these cases [Docket No. 2837], Veyance has served this objection on: (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"),

---

[1] Veyance notes that the preliminary pretrial conference in the Adversary Proceeding has been set for November 18, 2009, which Veyance anticipates will be adjourned in favor of a pretrial conference in the District Court if the motion to withdraw is granted.

33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases (the "Committee"); and (v) all other parties who have requested notice in these chapter 11 cases. Veyance submits that no other or further notice need be provided.

## PRAYER FOR RELIEF

**WHEREFORE,** Veyance respectfully requests that this Court deny the Debtor's Motion for Entry of An Order Pursuant to Rule 2004 Authorizing Discovery.

Dated: New York, New York
October 21, 2009

**LATHAM & WATKINS LLP**

By: /s/ Christopher Harris, Esq.
Christopher Harris, Esq.
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Attorneys for Veyance Technologies, Inc.*