Hearing Date & Time: November 18, 2009, at 10:00 a.m.
Objection Deadline: November 10, 2009 at 12:00 p.m.

EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
Telephone: (212) 308-4411
Fax: (212) 308-4844
Paul J. Labov

EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4420
John L. Whitlock
Amy A. Zuccarello

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC. | Case No. 08-13555 |
| Debtor. | |

### NOTICE OF MOTION FOR MOTION OF PACIFIC LIFE INSURANCE COMPANY TO PERMIT IT TO FILE A LATE PROOF OF CLAIM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)

**PLEASE TAKE NOTICE** that at 10:00 a.m., on November 18, 2009, or as soon thereafter as counsel may be heard, Pacific Life Insurance Company, formerly known as Pacific Mutual Life Insurance Company ("Pacific Life"), by its counsel, shall appear before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling

Green, New York, New York 10004-1408, Room 601, and present the *Motion of Pacific Life Insurance Company to Permit it to File a Proof of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned thereafter from time to time without further notice other than the announcement of the adjourned date or dates at the hearing.

**PLEASE TAKE FURTHER NOTICE** that the Court may grant the relief requested in the Motion without a hearing if no objections to the Motion are timely filed and served.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (in either case, with a hard copy delivered directly to the Chambers of the Honorable James M. Peck, U.S.B.J., United States Bankruptcy Court, One Bowling Green, Courtroom 601, New York, New York 10004); and shall be served upon:

(a) counsel to the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Harvey R. Miller, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.);

b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul

2

Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (c) counsel for the Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., Evan Fleck, Esq.);

(d) counsel for Debtors' post-petition lenders, Cleary Gotliebb LLP, One Liberty Plaza, New York, NY 10006, (Attn: Lindsee P. Granfield, Esq. and Lisa Schweiger, Esq.); and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004 (Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq.); and

(e) counsel to Pacific Life, Edwards Angell Palmer & Dodge LLP, 750 Lexington Avenue, New York, NY 10022 (Attn: Paul J. Labov, Esq.) and 111 Huntington Avenue, Boston, MA 02199 (Attn: Amy A. Zuccarello, Esq.), so as to be received no later than November 10, 2009, at 12:00 p.m. (EST).

Dated: October 22, 2009
      New York, New York

By:   s/Paul J. Labov
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
Telephone: (212) 308-4411
Fax: (212) 308-4844
Paul J. Labov

and

EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4420
John L. Whitlock
Amy A. Zuccarello

Hearing Date & Time: November 18, 2009, at 10:00 a.m.
Objection Deadline: November 10, 2009 at 12:00 p.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC. | Case No. 08-13555 |
| Debtor. | |

## MOTION OF PACIFIC LIFE INSURANCE COMPANY
## TO PERMIT IT TO FILE A LATE PROOF OF CLAIM
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)

Pacific Life Insurance Company, formerly known as Pacific Mutual Life Insurance Company (the "**Claimant**"), respectfully requests this Court to enter an order pursuant to rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") permitting the Claimant to file a late claim against Lehman Brothers Holdings Inc. Case No. 08-13555 ("**LBHI**").

1.   Bankruptcy Rule 9006(b)(1) permits the filing of late claims where it is the result of "excusable neglect." In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993), the Supreme Court stated guidelines for excusable neglect. The Court defined neglect as applying to both acts within and beyond the control of the late filer; the finding of fault on the part of the late filer will not necessarily defeat a claim of excusable neglect. *Pioneer,* 507 U.S. at 388. The Court gave neglect its ordinary meaning, "to give little attention or respect" to or "to leave undone or unattended to *esp[ecially] through carelessness.*" (Emphasis in original.) The Court concluded that courts are permitted to allow late filings caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.*

2.      Determining whether or not neglect is excusable is an equitable matter, "taking into account all relevant circumstances surrounding the party's omission." *Id.* at 395. The Court set forth several factors to be considered: (a) the danger of prejudice to the debtor; (b) the length of the delay and its potential impact on judicial proceedings; (c) the reason for the delay, including whether it was within the reasonable control of the movant; and (d) whether the movant acted in good faith. *Id.*

3.      Prior to LBHI filing for relief under the Bankruptcy Code, the Claimant was party to a number of transactions with LBHI and its affiliated and related entities (the "**Lehman Entities**"). Once the Lehman Entities commenced their bankruptcy cases, the Claimant divided the ensuing work between two employees, with one employee handling transactions involving the non-U.S. Lehman Entities and another employee handling transactions involving U.S. Lehman Entities.

4.      One of the Claimant's claims against the Lehman Entities arose under a certain ISDA Master Agreement dated as of June 13, 1997 between Lehman Brothers International (Europe) ("**LBIE**") and the Claimant (the "**Agreement**"). However, LBHI also guaranteed the Agreement (the "**Guarantee**").

5.      Claimant's employee entrusted with attending to the U.S. based Lehman Entities assumed that, because the Agreement was a primary obligation of LBIE, the accompanying proof of claim against LBHI (the "**Claim**") would be handled by the Claimant's employee entrusted with attending to foreign based Lehman Entities. Unfortunately, because Lehman's bankruptcy is domestic, the employee entrusted with attending to foreign based Lehman Entities believed that the employee entrusted with attending to the U.S. based Lehman Entities was undertaking the work related to the Guarantee, including the Claim. Thus, neither of the

employees was working on the Claim. This did not come to the Claimant's attention until just recently, after the date for filing claims against LBHI had already passed.

6. The late filing of the Claim should be permitted because of the lack of prejudice to Lehman (as it is still in the process of reviewing claims), the Claimant acted in good faith, the initial error by the Claimant was reasonable, Claimant has filed the Claim promptly after discovering its omission; and LBHI (and all other parties in interest) will retain all rights to object to the amount and other merits of the Claim.

For the foregoing reasons, the Claimant respectfully requests this Court to enter an order permitting the Claimant to file a late claim against LBHI, to complete the applicable questionnaire and upload supporting documentation to the Lehman claims website, and deeming the Claim to be timely filed against LBHI by operation of the entry of the Court's order approving this Motion, with no further action required by the Claimant; and granting such other and further relief as this Court deems just and equitable.

Dated: October 22, 2009
      New York, New York

By: /s Paul J. Labov
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
Telephone: (212) 308-4411
Fax: (212) 308-4844
Paul J. Labov

and

EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4420
John L. Whitlock
Amy A. Zuccarello