**Presentment Date and Time:  November 2, 2009 at 12:00 p.m (Prevailing Eastern Time)**
**Objection Deadline:  November 2, 2009 at 11:30 a.m (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                              :
In re                                         :     Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :     08-13555 (JMP)
                                              :
                    Debtors.                  :     (Jointly Administered)
                                              :
------------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF THIRD**
**SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT**
**TO SECTIONS 327(E) AND 328(A) OF THE BANKRUPTCY CODE**
**AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL**
**COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed third

supplemental application of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors

in the above-referenced chapter 11 cases (together, the "Debtors") pursuant to sections 327(e)

and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy

Procedure, for authorization to expand the scope of Jones Day's retention as special counsel to

the Debtors, *nunc pro tunc* to the Engagement Dates (the "Third Supplemental Application"), all

as more fully described in the Third Supplemental Application, to the Honorable James M. Peck,

United States Bankruptcy Judge, for approval and signature on **November 2, 2009 at 12:00 p.m.**

**noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Third Supplemental

Application, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of

New York, shall set forth the name of the objecting party, the basis for the objection and the

specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with

General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the

Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk,

preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format (with two hard copies delivered directly to Chambers), and shall be served upon:

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York,

10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New

York, 10153, Attn:  Richard P. Krasnow, Esq.,; (iii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004,

Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin,

Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

Manhattan Plaza, New York, New York, 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell,

Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed

in these cases; and (v) Jones Day, 222 East 41st Street, New York, NY 10017-6702, Attn:  Jayant

W. Tambe, **so as to be so filed and received by no later than November 2, 2009 at 11:30 a.m.

(prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely

filed and served, a hearing will be held on **November 18, 2009, at 10:00 a.m. (Prevailing

Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York,

Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York,

New York 10004-1408.  If an objection is filed the moving and objecting parties are required to

attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 22, 2009
      New York, New York

                /s/ Richard P. Krasnow
                Richard P. Krasnow
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

Presentment Date and Time:  November 2, 2009 at 12:00 p.m (Prevailing Eastern Time)
Objection Deadline:  November 2, 2009 at 11:30 a.m (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                    :
In re                                                               :        **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                                    :
                                              **Debtors.**          :        **(Jointly Administered)**
                                                                    :
------------------------------------------------------------------x

**THIRD SUPPLEMENTAL APPLICATION OF THE DEBTORS**
**PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE**
**AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL**
**COUNSEL TO THE DEBTORS,** *NUNC PRO TUNC* **TO THE ENGAGEMENT DATES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-
referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,
collectively with their non-debtor affiliates, "Lehman"), file this Third Supplemental Application
of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of
the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand
the scope of Jones Day's retention as special counsel to the Debtors, *nunc pro tunc* to the
Engagement Dates (as defined below) as set forth herein (the "Third Supplemental
Application"), and respectfully represent:

**Background**

1.        Commencing on September 15, 2008 and periodically thereafter (as
applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with
this Court voluntary cases under chapter 11 of title 11 of the United States Code (the
"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

### Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

### **Retention of Jones Day**

8.    On February 4, 2009, the Debtors submitted (a) the Application to Employ

Jones Day as Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the

Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure [Docket No.

2725] (the "Application") and (b) the supporting declaration of Simon Powell of Jones Day

(the "Initial Declaration").  On February 25, 2009, the Court entered an Order [Docket No. 2925]

(the "Initial Jones Day Retention Order") approving the Application and authorizing the Debtors

to employ and retain Jones Day as special counsel to the Debtors with respect to certain matters

described in the Application generally relating to (a) assisting LBHI in relation to any issues

arising in the Asia Pacific region; (b) assisting and advising LBHI with respect to the insolvency

proceedings of Lehman Brothers Australia Holdings Pty Limited; (c) assisting LBHI and other

United States-based Lehman entities in Japan in asserting claims in certain Japanese Civil

Rehabilitation proceedings; (d) advising LBHI in connection with claims which may be asserted

against it relating to Lehman Brothers Japan Holdings KK; (e) advising Lehman with respect to

distressed debt transactions in Taiwan, China, the Philippines and Thailand, and its acquisition

and financing of real estate assets in Taiwan; (f) representing certain Lehman entities through

various third parties in the sale of their Sunrise Project and the changes to their corporate

registrations required by the departure of the members of the Boards of their operating

companies to Nomura; (g) continuing the representation of LBHI in litigation pending in the

United States Bankruptcy Court of the Northern District of California, entitled Aron Oliner and

Lehman Brothers Holdings Inc. v. John Kontrabecki, and related bankruptcy cases; and

(h) advising the Debtors in connection with their businesses and operations in India (the "Initial Representative Matters").

9.      On May 8, 2009, the Debtors submitted (a) a Supplement to the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to The Debtors, *Nunc Pro Tunc* To The Engagement Dates [Docket No. 3525] (the "First Supplemental Application") and (b) the supporting declaration of David L. Carden (the "First Supplemental Declaration").  On May 21, 2009, the Court entered an order [Docket No. 3630] (the "First Supplemental Retention Order") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the First Supplemental Application generally relating to (a) the examination of the negotiation and conclusion of the Asset Purchase Agreement dated September 16, 2008 and certain related or potentially related transactions and events involving the Debtors and Barclays Capital Inc. in and after September of 2008, and (b) the examination of issues relating to derivatives trades between (i) Debtor Lehman Brothers Special Financing Inc. and certain of the other Debtors and (ii) the counterparty to such trades, AIG CDS, Inc. and/or its affiliates (collectively, the "First Additional Representative Matters").

10.     On July 9, 2009, the Debtors submitted (a) a Second Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket No. 4299] (the "Second Supplemental Application") and (b) the supporting declaration of Jayant W. Tambe of Jones Day (the "Second Supplemental Declaration").  On July 23, 2009, the Court

entered an order [Docket No. 4476] (the "Second Supplemental Retention Order" and together with the Initial Jones Day Retention Order and the First Supplemental Retention Order, the "Retention Orders") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the Second Supplemental Application generally relating to certain structured products and derivatives trades between the Debtors and other entities, which the Debtors' primary restructuring counsel is unable to assist them with due to conflict or other reasons (together with the Initial Representative Matters and the First Additional Representative Matters, the "Representative Matters").

11.       Subsequent to the entry of the Second Supplemental Retention Order, the Debtors requested that Jones Day expand the scope of the Representative Matters to include representation of the Debtors in connection with various additional structured products and derivatives trades between the Debtors and other entities (including certain matters governed by English law), and it is anticipated that the Debtors may from time to time in the future wish to engage Jones Day with respect to other matters involving other additional structured products and derivatives trades between the Debtors and other entities, which the Debtors' primary restructuring counsel is unable to assist them with due to conflict or other reasons.

12.       By this Third Supplemental Application, the Debtors seek to modify the scope of Jones Day's retention as special counsel, previously approved by the Retention Orders, to include legal services with respect to the following additional matters (collectively, the "Additional Matters"), *nunc pro tunc* to the engagement dates identified herein (collectively, the "Engagement Dates"):  (a) July 13, 2009 for the "Asurion" matter, (b) July 29, 2009 for the "Natixis" matter, (c) August 11, 2009 for the "RFC" matter, (d) August 27, 2009 for the "D.E. Shaw" matter, (e) September 22, 2009 for the "FSA" matter, (f) September 1, 2009 for other

derivatives and structured products related matters (including such matters governed by English law) as requested by the Debtors and agreed to Jones Day, and (g) certain matters relating to the joint representation of the Ad Hoc Committee of Non-Agent Secured Lenders (the "Non-Agent Committee") and certain non-agent secured lenders, which include certain of the Debtors, in connection with the Adelphia bankruptcy proceedings (the "Adelphia Matter") as described in more detail below.

13.    In the Adelphia Matter, Jones Day jointly represents the Non-Agent Committee and the approximately 400 non-agent lenders that comprise the Non-Agent Committee (collectively, the "Non-Agent Lenders") in litigation brought against the Non-Agent Lenders by Adelphia Recovery Trust (the "ART").[1]  In two separate decisions, the first by this Court in the summer of 2007 and second by the United States District Court for the Southern District of New York in the summer of 2008, all claims alleged against the Non-Agent Lenders were dismised.  The ART timely filed an appeal of the dismissal of these claims, and then filed its appellate brief on July 13, 2009.  The Non-Agent Lenders filed their responsive brief on October 13, 2009.  It is anticipated that the ART will file a reply and oral argument will occur in the first few months of 2010.  In addition, Jones Day is also representing certain of the Non-Agent Lenders, including certain of the Debtors, who participated in two discrete credit facilities with respect to a $120 million claim in the Adelphia bankruptcy cases for additional interest owing under such facilities.

14.    The fees for Jones Day's representation of the Non-Agent Lenders are allocated amongst the Non-Agent Lenders pursuant to a formula agreed upon between Jones Day

---

[1]    The Non-Agent Lenders were previously represented in the Adelphia Matter by Kirkland and Ellis LLP ("K&E").  Upon the departure of a group of attorneys handling the Adelphia Matter from K&E to Jones Day on May 27, 2009, the steering committee of the Non-Agent Lenders authorized Jones Day to replace K&E as counsel to the Non-Agent Lenders.

and the Non-Agent Lenders and paid (a) first from retainer (the "Retainer") previously provided

by the Non-Agent Lenders and (b) to the extent the Retainer is exhausted, by the Non-Agent

Lenders.  The express terms of Jones Day's retention by the Non-Agent Lenders provides, among

other things, that (a) Jones Day will not represent any of the Non-Agent Lenders against any

other Non-Agent Lenders with respect to the Adelphia Matter and (b) Jones Day may resign

from the representation of any Non-Agent Lender to the extent that Jones Day determines that its

continued representation of such Non-Agent Lender would constitute a conflict of interest.

   15. Jones Day has represented various Lehman entities in the United States,

the Asia Pacific Rim and Australia with respect to various litigation, securities, insolvency,

commercial, real estate other matters, including certain of the Representative Matters, for several

years.  Over the course of its representation of the Debtors, Jones Day has become familiar with

the Debtors' business operations.   Further, Jones Day has already been retained to provide

advice to the Debtors with respect to structured products and derivatives trades with respect to

various counterparties.  Accordingly, the Debtors believe that Jones Day is both well qualified

and uniquely able to provide services relating to the Additional Matters, and that its retention

would be in the best interest of the Debtors' estates, their creditors and other parties in interest.

   16. The Debtors' knowledge, information and belief regarding the matters set

forth in this Third Supplemental Application are based on and made in reliance upon the

Declaration of Jayant W. Tambe in Support of the Third Supplemental Application (the "Third

Supplemental Declaration" and together with the Initial Declaration, First Supplement

Declaration and Second Supplemental Declaration, the "Declarations"), a copy of which is

attached hereto as Exhibit 1.

17.      Because the Debtors now seek to engage Jones Day with respect to the Additional Matters, the Debtors request entry of an order, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, expanding the scope of Jones Day's retention as special counsel for the Debtors, effective as of the respective Engagement Dates, with respect to the Additional Matters.

18.      The Debtors have been informed that Jones Day has not at this time undertaken to repeat its previous conflict check and clearance process with respect to all Interested Parties (as defined in the Third Supplemental Declaration) in these cases, but that Jones Day has repeated its previous conflict check and clearance process with respect to the Additional Matters.  The Debtors have also been informed that Jones Day will continue to update its conflicts disclosures contained in the Declarations in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court, and Jones Day's past practices and established conflicts procedures relating to chapter 11 proceedings.

19.      Jones Day has informed the Debtors that it does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters.  *See In re AroChem*, 176 F. 3d 610, 622 (2d. Cir. 1999) (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).

### Notice

20.      No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Third Supplemental Application in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (a) the U.S. Trustee; (b) the

attorneys for the Creditors' Committee; (c) the Securities and Exchange Commission; (d) the

Internal Revenue Service; (e) the United States Attorney for the Southern District of New York;

and (f) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that

no other or further notice need be provided.

        21.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

        WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  October 22, 2009
      New York, New York

                      /s/ Richard P. Krasnow
                      Richard P. Krasnow
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007

                      Attorneys for Debtors
                      and Debtors in Possession

## **EXHIBIT 1**
**(The Third Supplemental Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                            :

**In re**                          :        **Chapter 11 Case No.**
                            :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                            :

           **Debtors.**         :        **(Jointly Administered)**
                            :
                            :
-------------------------------------------------------------------x

### DECLARATION OF JAYANT W. TAMBE IN SUPPORT OF THE THIRD SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES

Pursuant to sections 327, 328 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, Jayant W. Tambe declares:

1.      I am a member of the firm of Jones Day, 222 East 41st Street, New York, New York 10017-6702, and am admitted to practice law in Illinois and New York.

2.      I submit this Declaration in support of the Third Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates (the "Third Supplemental Application")[1] filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession in the above-referenced chapter 11 cases (together, the "Debtors") to modify the scope of Jones Day's retention as special counsel to the Debtors to

---

[1]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Third Supplemental Application.

NYI-4214045v7

include additional matters, *nunc pro tunc* to the Engagement Dates,[2] as described in greater detail below and in the Third Supplemental Application.  All facts set forth below in this Declaration are based upon information from, and discussions I or other Jones Day personnel reporting to me have had with, certain of my colleagues.  Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of Jones Day.

       3.     On February 4, 2009, Simon Powell, a member of Jones Day, submitted a declaration (the "Initial Declaration") in support of the Application to Employ Jones Day as Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Application").

       4.     On February 25, 2009, the United States Bankruptcy Court for the Southern District of New York entered an order approving the Application and authorizing LBHI and its affiliated debtors and debtors in possession in the above-referenced chapter 11 cases to employ and retain Jones Day as special counsel to the Debtors with respect to the Representative Matters.

       5.     In addition, Jones Day represents certain former employees of the Debtors and/or affiliate Lehman Brothers Inc. in connection with investigations, arbitrations and/or other proceedings relating to auction rate securities allegedly sold by, maintained in an account by, or in some other way connected to one or more Lehman entities.  Pursuant to that certain Order Granting Debtors' Motion, Pursuant to Sections 105(a) and 363(b)(1) of the Bankruptcy Code

---

[2]     The engagement dates for the Additional Matters (defined below) are as follows:  (a) July 13, 2009 for the "Asurion" matter, (b) July 29, 2009 for the "Natixis" matter, (c) August 11, 2009 for the "RFC" matter, (d) August 27, 2009 for the "D.E. Shaw" matter, (e) September 22, 2009 for the "FSA" matter, (f) September 1, 2009 for other derivatives and structured products related matters (including certain matters governed by English law) as requested by the Debtors and agreed to Jones Day and (g) May 27, 2009 with respect to the Adelphia Matter, as defined below.

and Bankruptcy Rule 6004 for Authorization to Advance Certain Legal Costs to Former Employees, dated December 3, 2008 [Docket No. 2052], and subject to the conditions set forth therein, Jones Day has sought payment from the Debtors, and has tendered claims for reimbursement and/or payment from their insurance providers to the extent coverage exists and any deductible and/or self insured retention has been satisfied, for legal fees and expenses incurred in connection with the representations of such former employees.

6.      On April 9, 2009, Jones Day submitted its First Interim Application of Jones Day, Special Counsel to the Debtors and Debtors In Possession, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Expenses Under 11 U.S.C. Sections 330 and 331 [Docket No. 3313] seeking actual, reasonable, and necessary (i) professional fees in the amount of $1,258,056.00 and (ii) expense reimbursement in the amount of $10,425.76 for services performed and expenses incurred from the Engagement Dates to January 31, 2009.

7.      On May 8, 2009, the Debtors submitted (a) a Supplement to the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to The Debtors, *Nunc Pro Tunc* To The Engagement Dates [Docket No. 3525] (the "First Supplemental Application") and (b) the supporting declaration of David L. Carden (the "First Supplemental Declaration").

8.      On May 21, 2009, the Court entered an order [Docket No. 3630] authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the First Supplemental Application generally relating to (a) the examination of the negotiation and conclusion of the Asset Purchase Agreement dated September 16, 2008 and certain related or potentially related transactions and events involving

the Debtors and Barclays Capital Inc. in and after September of 2008, and (b) the examination of issues relating to derivatives trades between (i) Debtor Lehman Brothers Special Financing Inc. and certain of the other Debtor and (ii) the counterparty to such trades, AIG CDS, Inc. and/or its affiliates.

9.    On July 9, 2009, the Debtors submitted (a) a Second Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket No. 4299] (the "Second Supplemental Application" and together with the Application, the First Supplemental Application and the Third Supplemental Application, the "Applications" ) and (b) the supporting declaration of Jayant W. Tambe of Jones Day (the "Second Supplemental Declaration" and together with the Initial Declaration, the First Supplemental Declaration and this Declaration, the "Declarations").

10.    On July 23, 2009, the Court entered an order [Docket No. 4476] (the "Second Supplemental Retention Order") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the Second Supplemental Application generally relating to certain structured products and derivatives trades between the Debtors and other entities, which the Debtors' primary restructuring counsel is unable to assist them with due to conflict or other reasons.

11.    On August 14, 2009, Jones Day submitted its Second Interim Application of Jones Day, Special Counsel to the Debtors and Debtors In Possession, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Actual and Necessary Expenses [Docket No. 4804] seeking actual, reasonable, and necessary (i) professional fees in the amount

of $4,119,794.00 and (ii) expense reimbursement in the amount of $130,667.42 for services

performed and expenses incurred from February 1, 2009 to May 31, 2009.

12.     Jones Day has extensive knowledge and experience in representing the

Debtors and other Lehman non-debtor affiliates in various matters. With more than 2,400

lawyers in 31 offices around the world, Jones Day is one of the largest law firms in the world.

Jones Day has substantial experience in virtually all aspects of the law that may arise in its

representation of the Debtors in these chapter 11 cases, including, among others, insolvency,

corporate, finance, litigation, real estate and securities issues. Using that experience, Jones Day

acts as principal outside counsel to, or provides significant legal representation for, more than

half of the Fortune 500 companies.

13.     Jones Day has represented various Lehman entities in the United States,

the Asia Pacific Rim and Australia with respect to various litigation, securities, insolvency,

commercial, real estate other matters, including certain of the Representative Matters, for several

years. Over the course of its representation of the Debtors, Jones Day has become familiar with

the Debtors' business operations. Further, Jones Day has already been retained to provide

advice to the Debtors with respect to structured products and derivatives trades with respect to

various counterparties. Accordingly, I believe that Jones Day is both well qualified and uniquely

able to provide services relating to derivatives trades relating to other counterparties, and that its

retention would be in the best interest of the Debtors' estates, its creditors and other parties in

interest.

14.     Subsequent to the entry of the Second Supplemental Retention Order, the

Debtors requested that Jones Day expand the scope of the Representative Matters to include

representation of the Debtors in connection with various additional structured products and

derivatives trades between the Debtors and other entities (including certain matters governed by English law), and it is anticipated that the Debtors may from time to time in the future wish to engage Jones Day with respect to other matters involving other additional structured products and derivatives trades between the Debtors and other entities, which the Debtors' primary restructuring counsel is unable to assist them with due to conflict or other reasons.

15.    In particular, the expansion of the scope of the Representative Matters would include legal services with respect to the following additional matters (collectively, the Additional Matters"):  (a) derivatives and structures products matters relating to (i) "Asurion", (ii) "Natixis", (iii) "RFC", (iv) "D.E. Shaw" and (v) "FSA", (b) other derivatives and structured products related matters (including certain matters governed by English law) as requested by the Debtors and agreed to by Jones Day, and (c) certain matters relating to the joint representation of the Ad Hoc Committee of Non-Agent Secured Lenders (the "Non-Agent Committee") and certain non-agent secured lenders, which include certain of the Debtors, in connection with the Adelphia bankruptcy proceedings (the "Adelphia Matter") as described in more detail below.

16.    In the Adelphia Matter, Jones Day jointly represents the Non-Agent Committee and the approximately 400 non-agent lenders that comprise the Non-Agent Committee (collectively, the "Non-Agent Lenders") in litigation brought against the Non-Agent Lenders by Adelphia Recovery Trust (the "ART").[3]  In two separate decisions, the first by this Court in the summer of 2007 and second by the United States District Court for the Southern District of New York in the summer of 2008, all claims alleged against the Non-Agent Lenders

---

[3]    The Non-Agent Lenders were previously represented in the Adelphia Matter by Kirkland and Ellis LLP ("K&E").  Upon the departure of a group of attorneys handling the Adelphia Matter from K&E to Jones Day on May 27, 2009, the steering committee of the Non-Agent Lenders authorized Jones Day to replace K&E as counsel to the Non-Agent Lenders.

were dismised. The ART timely filed an appeal of the dismissal of these claims, and then filed

its appellate brief on July 13, 2009. The Non-Agent Lenders filed their responsive brief on

October 13, 2009. It is anticipated that the ART will file a reply and oral argument will occur in

the first few months of 2010. In addition, Jones Day is also representing certain of the Non-

Agent Lenders, including certain of the Debtors, who participated in two discrete credit facilities

with respect to a $120 million claim in the Adelphia bankruptcy cases for additional interest

owing under such facilities. The fees for Jones Day's representation of the Non-Agent Lenders

are allocated amongst the Non-Agent Lenders pursuant to a formula agreed upon between Jones

Day and the Non-Agent Lenders and paid (a) first from a retainer (the "Retainer") previously

provided by the Non-Agent Lenders and (b) to the extent the Retainer is exhausted, by the Non-

Agent Lenders. The express terms of Jones Day's retention by the Non-Agent Lenders provides,

among other things, that (a) Jones Day will not represent any of the Non-Agent Lenders against

any other Non-Agent Lenders with respect to the Adelphia Matter and (b) Jones Day may resign

from the representation of any Non-Agent Lender to the extent that Jones Day determines that its

continued representation of such Non-Agent Lender would constitute a conflict of interest.

17.    As set forth in the Applications, the Declarations and other supporting

documentation filed in connection with the Applications, to check and clear potential conflicts of

interest in these cases, as well as to determine all "connections" to the Debtors, their creditors,

other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any

person employed by the U.S. Trustee, Jones Day conducted an investigation to determine

whether it has had any relationships at any time during the past two years with entities contained

on the list provided to Jones Day by Weil, Gotshal & Manges LLP, the Debtors' general

bankruptcy counsel, on December 4, 2008 (as updated by Weil, Gotshal & Manges LLP on

January 2, 2009), a copy of which was attached as Schedule 1 to the Initial Declaration, setting forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of the Debtors. To the extent that Jones Day's investigation of its relationships (if any) with the Interested Parties indicated that Jones Day had represented in the past two years, or at that time currently represented, any of those Interested Parties or their affiliates or represented parties that had relationships with those Interested Parties or their affiliates, the identities of such Interested Parties and affiliates and their relationship to Jones Day were set forth in Schedule 2 to the Initial Declaration.

18.     Jones Day has identified a list of parties directly involved with the Additional Matters (the "Additional Matters Parties"),[4] a copy of which is attached as Exhibit A hereto. To the extent that Jones Day's investigation of its relationships (if any) with the Additional Matters Parties indicated that Jones Day had represented in the past two years, or at that time currently represented, any of those Additional Matters Parties or their affiliates or represented parties that had relationships with those Additional Matters Parties or their affiliates, the identities of such Additional Matters Parties and affiliates and their relationship to Jones Day are set forth in Exhibit B hereto. To be clear, as footnote 1 to Exhibit B explains, that schedule identifies affiliates of present or former clients even if those affiliates themselves have never been clients.

19.     Notwithstanding the foregoing, Jones Day has not at this time undertaken to repeat its previous conflict check and clearance process with respect to all Interested Parties in

---

[4]     Given (a) the number of other entities represented by Jones Day in the Adelphia Matter, (b) the express terms of Jones Day's engagement in the Adelphia Matter as described above and (c) that Jones Day is being retained under section 327(e) of the Bankruptcy Code, Jones Day has not included names of the other Non-Agent Lenders in Exhibit A or made any disclosure with respect to such Non-Agent Lenders in Exhibit B. To the extent the Court desires such disclosure, Jones Day will supplement its current disclosure.

these cases.  However, Jones Day will continue to update its conflicts disclosures contained in the Declarations, including with respect to any subsequently identified parties directly involved with the Additional Matters, in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court, and Jones Day's past practices and established conflicts procedures relating to chapter 11 proceedings.

20.    Jones Day recognizes that it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court.  Jones Day has reviewed the fee application guidelines promulgated by the U.S. Trustee and will comply with them.

21.    To the best of my knowledge, Jones Day does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 19, 2009

Jayant W. Tambe
Jones Day
222 East 41st Street
New York, NY 10017-6702

**EXHIBIT A**

## Additional Matters Parties

ABN Amro N.V.
Adelphia Recovery Trust
Asurion Corporation
BANIF Estructurado
Bank of America Trustees Limited
BNY Corporate Trustee Services Ltd.
Carlyle Europe Real Estate Partners II PV, LLC ( 2005-1)
CDC Marchés and Caisse Centrale des Banques Populaires)
Credit Protection Trust 207
Credit Protection Trust 233
Credit Protection Trust 265
Credit Protection Trust 283
Credit Protection Trust 48
D.E. Shaw & Co., L.P.
D.E. Shaw Composite Portfolios LLC
D.E. Shaw Dihedral Portfolios LLC
D.E. Shaw Laminar Portfolios LLC
D.E. Shaw Oculus Fund LLC
D.E. Shaw Oculus Portfolios LLC
D.E. Shaw Valence Portfolios LLC
Diamond Finance Public Limited Company ( 2006-1)
Eurosail 2006-1 Plc
Eurosail 2006-2BL Plc
Eurosail 2006-3NC Plc
Eurosail 2006-4NP Plc
Eurosail Prime-UK 2007-A Plc
Eurosail-NL 2007-1 B.V.
Eurosail-NL 2007-1NC B.V.
Eurosail-NL 2007-2 B.V.
Eurosail-NL 2007-2 B.V.
Eurosail-NL 2007-2NP B.V.
Eurosail-NL 2007-3BL B.V.
Eurosail-NL 2007-5NP B.V.
Eurosail-NL 2007-6NC B.V.
Eurosail-UK 2007-4BL Plc
Eurosail-UK 2008-1 Plc
Excalibur Finance Limited
Financial Security Assurance, Inc.
FSA Administrative Services LLC
FSA Global Funding Limited
FSA Portfolio Management, Inc.
Granite Finance Limited (2005-10)
Granite Finance Limited (2005-7)
Granite Finance Limited (2005-3)
Guggenheim Partners LLC
HSBC Bank Plc
HSBC Institutional Trust Services
HSBC Trustee (C.I.) Limited
Irish Life & Permanent
JPMorgan Bank (Ireland) Plc
JPMorgan Chase Bank, N.A.

JPMorgan Corporate Trustee Services Limited
Jupiter Quartz Finance Plc 2004-1 Class B
Jupiter Quartz Finance Plc 2004 2
Liberty Hampshire Company LLC
Natixis (f/k/a Natexis Banque Populaires, Ixis Corporate and Investment Bank,
Natixis Financial Products, Inc. (f/k/a CDC Financial Products, Inc.)
Pearl Finance Plc Series 2005 1
Pearl Finance Public Limited Company (2003-1)
Pearl Finance Public Limited Company (2003-4)
Pearl Finance Public Limited Company (2003-8)
Portfolio Green German CMBS
Quartz Finance Public Limited Company (2005-1)
Relationship Funding (Cayman) Ltd.
Relationship Funding Company
Ruby 2005-1
Ruby Finance Public Limited Company (2006-3)
Ruby Finance Public Limited Company (2004-2)
Ruby Finance Public Limited Company (2006-2)
Ruby Finance Public Limited Company (2006-5)
Ruby Finance Public Limited Company (2007-3)
Saphir Finance Plc 2005 7
Saphir Finance Plc 2006 1
Saphir Finance Plc 2006 10
Saphir Finance Plc 2006 2
Saphir Finance Plc 2006 3
Saphir Finance Plc 2006 5
Saphir Finance Plc 2007 9
Saphir Finance Plc 2008 10
Saphir Finance Plc 2008 11
Saphir Finance Plc 2008 12
Saphir Finance Plc 2008 13
Saphir Finance Plc 2008 6
Saphir Finance Plc 2008 7
Saphir Finance Plc 2008 8
Saphir Finance Plc Series 2004 11
Saphir Finance Plc Series 2004 12
Saphir Finance Plc Series 2004 7
Saphir Finance Plc Series 2004-4
Saphir Finance Plc Series 2005 11
Saphir Finance Public Limited Company (2004-5)
Saphir Finance Public Limited Company (2005-1)
Saphir Finance Public Limited Company (2005-10)
Saphir Finance Public Limited Company (2005-12)
Saphir Finance Public Limited Company (2005-4)
Saphir Finance Public Limited Company (2006-6)
Stony Point Capital Company LLC
The Bank of New York
Topaz Finance Ltd. 2005 2
Topaz Finance Ltd. 2005-1

## EXHIBIT B

**SUPPLEMENT TO SCHEDULE 2 FOR
THIRD SUPPLEMENTAL DISCLOSURE REGARDING
ADDITIONAL MATTERS AS OF OCTOBER 12, 2009**

**LEHMAN BROTHERS HOLDINGS, INC., *ET AL.***

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| **ADDITIONAL MATTERS PARTIES (OR AFFILIATED ENTITIES) WHO ARE CURRENT CLIENTS OR WERE CLIENTS WITHIN THE LAST TWO YEARS[1]** | | |
| ABN Amro N.V. | Additional Matters Parties | • Current clients *The Royal Bank of Scotland Group Plc* and *Banco Santander, S.A.*, along with the Dutch state currently hold a majority ownership interest in ABN Amro;<br><br>• Affiliate companies *ABN Amro Bank, N.V. Niederlassung Deutschland, ABN Amro Bank, N.V., Sucursal en Espana, Loparex LLC, Citizens Financial Group, Inc., Venture Finance Plc, RBS Invoice Finance Limited, Eurosales Finance* and *Banco Espanol de Creditor (BANESTO)* are current clients;<br><br>• Affiliated entity *ABN Amro Rothschild* is a current client;<br><br>• Affiliate company *The Royal Bank of Scotland Plc* is: (a) a current client; and (b) a joint venture participant with former client Miller Developments Limited (closed 2009);<br><br>• Affiliate companies Royal Bank Development Capital Limited and Banco Santander de Negocios, S.A. are stockholders of current client *Vista Capital de Expansion, S.A., S.G.E.C.R.*;<br><br>• Affiliate company Abbey National Treasury is a member of current client *Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair*;<br><br>• Affiliate company Vista Desarrollo, S.A. is |

---

[1]    The names of current clients of Jones Day appear in bold and italics. The disclosure of stockholder interests or other affiliate relationships among potentially related entities reflects only information known to Jones Day through its conflict reporting system. Jones Day has not performed independent research to identify all stockholder interests or other affiliate relationships with respect to interested parties. Moreover, Jones Day has not disclosed representations of trade associations and similar industry or special interest organizations in which interested parties are members.

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | a stockholder of current client ***Adherbal Global, S.L.***; |
| | | • Affiliate company Sistema 4B, S.A. is a joint venture participant with current client ***ACI Worldwide, Inc.***; |
| | | • Affiliate company ABN Amro Incorporated is the employer of an individual who is a current Jones Day client; |
| | | • Affiliate company Banco Santander de Negocios, S.A. is the principle shareholder of former client Vista Compania de Inversion, S.A. (closed 2009); |
| | | • ABN Amro Bank, N.V. is: (a) a former client (closed 2009); and (b) the former parent of former client LaSalle Bank, N.A. (closed 2008); and |
| | | • Affiliate companies SNS Property Finance, The Royal Bank of Scotland Commercial Services Limited (London Region) and The Royal Bank of Scotland Sucursal en Espana (all closed 2007); ABN Amro Bank, N.V. – Chicago Branch and ABN Amro Participaties, B.V. (both closed 2008); and Interbanca S.p.A. (closed 2009) are former clients. |
| Adelphia Recovery Trust | Additional Matters Parties | • Affiliated company Adelphia Communications Corporation is the former employer of two individuals who are former Jones Day clients (both closed 2008); and |
| | | • Related entity ***Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair*** is a current client. |
| | | • Jones Day was special counsel to the Honorable Daniel Weinstein, the appointed mediator in the litigation between the Adelphia Recovery Trust and the Non-Agent Lenders. That representation has concluded and the Jones Day attorneys that were involved in that matter are screened from the Adelphia Matter. |
| Bank of America Trustees Limited | Additional Matters Parties | • Parent company ***Bank of America Corporation*** is: (a) a current client; and (b) a stockholder of former client Giant Industries, Inc. (closed 2009); |
| | | • Affiliate companies ***DSP Merrill Lynch Limited***, ***Merrill Lynch Asia Pacific Ltd.***, ***Merrill Lynch Europe Plc*** and ***Merrill Lynch International*** are current clients; |
| | | • Affiliate company ***Merrill Lynch & Co.***, |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | *Inc.* is: (a) a current client; (b) a co-client with current client *CS First Boston, Inc.*; and (c) the employer of four individuals who are former Jones Day clients (all closed 2008);
• Affiliate company Merrill Lynch Pierce Fenner & Smith is the employer of two individuals who are current Jones Day clients (both opened 2007);
• Affiliate company Merrill Lynch Credit Products LLC is a member of current client *Bi-Lo Ad Hoc Committee*;
• Affiliated entities Merrill Lynch Debt Strategies Fund II, Inc., Merrill Lynch Global Investment Series and Merrill Lynch Senior Floating Rate Portfolio are members of current client *Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair*;
• Affiliate company Banc of America Securities LLC is: (a) a stockholder of current client *International Automotive Components Group LLC*; and (b) a former member of former client Murray Energy Ad Hoc Committee (closed 2009); and
• Affiliate companies BA Capital Advisors Limited and Merrill Lynch International (Australia) Limited are former clients (both closed 2007). |
| BNY Corporate Trustee Services, Ltd.; and *The Bank of New York Mellon* | Additional Matters Parties | • *The Bank of New York Mellon* is: (a) a current client; (b) the parent company of BNY Corporate Trustee Services, Ltd.; and (c) the successor in interest to The Bank of New York Co., Inc., a member of current client *Allegheny Health Education Research Foundation (AHERF) Creditors' Committee*;
• Parent company *Mellon Financial Corporation* is a current client;
• Affiliate company Alcentra is affiliated with current client *Ad Hoc Committee of Autodis Mezzanine Bondholders*; and
• Affiliate companies Mellon Capital Management Corporation and BNY Mellon Wealth Management were among the top stockholders of General Motors Corporation (n/k/a current client *General Motors Company*) and interested parties in GM's chapter 11 cases in which Jones Day was retained as special litigation counsel for the debtors. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Carlyle Europe Real Estate Partners II PV, LLC (2005-1) | Additional Matters Parties | • Related entities *La Compagnie Financiere* and *Holding Benjamin et Edmond de Rothschild Pregny S.A.* (f/k/a La Compagnie Financiere Holding Benjamin) are current clients. |
| *D.E. Shaw & Co., L.P.*; D.E. Shaw Composite Portfolios LLC; D.E. Shaw Dihedral Portfolios LLC; D.E. Shaw Laminar Portfolios LLC; D.E. Shaw Oculus Fund LLC; D.E. Shaw Oculus Portfolios LLC; and D.E. Shaw Valence Portfolios LLC | Additional Matters Parties | • *D.E. Shaw & Co., L.P.* is: (a) a current client; (b) the parent company of D.E. Shaw Composite Portfolios LLC, D.E. Shaw Dihedral Portfolios LLC, D.E. Shaw Laminar Portfolios LLC, D.E. Shaw Oculus Fund LLC, D.E. Shaw Oculus Portfolios LLC and D.E. Shaw Valence Portfolios LLC; (c) a member of current client *Ad Hoc Committee of Lenders to Building Material Corporation*; and (d) a part equity owner in current client *SCD Holdings Corporation.* |
| Eurosail 2006-1 Plc; Eurosail 2006-2BL Plc; Eurosail 2006-3NC Plc; Eurosail 2006-4NP Plc; Eurosail Prime-UK 2007-A Plc; Eurosail-UK 200-7-4BL Plc; Eurosail-NL 2007-2 B.V.; Eurosail-NL 2007-1 B.V.; Eurosail-NL 2007-1NC B.V.; Eurosail-NL 2007-2 B.V.; Eurosail-NL 2007-2NP B.V. Eurosail-NL 2007-3BL B.V.; Eurosail-NL 2007-5NP B.V.; Eurosail-NL 2007-6NC B.V.; and Eurosail-UK 2008-1 Plc | Additional Matters Parties | • Parent company *Wilmington Trust Company* and affiliate company *Wilmington Trust London Limited* are current clients. |
| Financial Security Assurance, Inc.; and FSA Global Funding Limited | Additional Matters Parties | • Parent company Assured Guaranty Ltd. is the holding company for current client *Assured Guaranty Corporation.* |
| FSA Administrative Services LLC; and FSA Portfolio Management, Inc. | Additional Matters Parties | • Affiliate company Dexia Banque Privee France is a former client (closed 2008). |
| Granite Finance Limited (2005-3); Granite Finance Limited (2005-7); and Granite Finance Limited (2005-10) | Additional Matters Parties | • Granite Finance Limited is a member of current client *Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair.* |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| HSBC Bank Plc; and HSBC Trustee (C.I.) Limited<br><br>HSBC Institutional Trust Services | Additional Matters Parties | • Affiliate companies *HSBC Securities and Capital Markets (India) Pvt.*, *HSBC Guyerzeller Bank AG*, *HSBC Security Trustee*, *HSBC Bank USA, National Association* and *The Hong Kong and Shanghai Banking Corporation Limited* are current clients;<br><br>• Parent company HSBC Holdings Plc is a stockholder of former client Global Payments Asia-Pacific Limited (closed 2008); and<br><br>• Affiliate companies HSBC Finance Corporation and Hermitage Capital Management Limited are former clients (both closed 2008). |
| Irish Life & Permanent Plc | Additional Matters Parties | • Irish Life & Permanent Plc is a former client (closed 2008); and<br><br>• Affiliate company *Irish Life Investment Managers* is a current client. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| *JPMorgan Chase Bank, N.A.*; and JPMorgan Corporate Trustee Services Limited<br><br>JPMorgan Bank (Ireland) Plc | Additional Matters Parties | • *JPMorgan Chase Bank, N.A.* is: (a) a current client; and (b) a joint venture participant with current client *Anchor Capital Investment LLC*;<br><br>• Parent company *JPMorgan Chase, National Association* is: (a) a current client; and (b) a stockholder of current client *Geobiotics LLC*;<br><br>• Affiliate companies *JPMorgan Securities Limited* and *NCO Group, Inc.* are current clients;<br><br>• Affiliate company *Bear Stearns & Co., Inc.* is: (a) a current client; and (b) a stockholder of current clients *Hilite International, Inc.* and *International Automotive Components Group LLC*;<br><br>• Affiliate companies Bear Stearns Investment Products, Inc. and Bear Stearns Credit Products, Inc. are members of current client *Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair*;<br><br>• Affiliate company JPMorgan Europe Limited is a member of current client *Ad Hoc Committee of Autodis Mezzanine Bondholders*;<br><br>• Affiliate company JPMorgan Capital is a stockholder of former client Nexpak Corporation (closed 2009); and<br><br>• Affiliate companies JPMorgan Partners Asia (closed 2007); Chase Bank of Texas, N.A. and JPMorgan Australia Securities Ltd. (both closed 2008); and JPMorgan Plc, JPMorgan Cazenove Limited and One Equity Partners II, L.P. (all closed 2009) are former clients. |
| Natixis (f/k/a Natexis Banque Populaires, Ixis Corporate and Investment Bank, CDC Marchés and Caisse Centrale des Banques Populaires); and Natixis Financial Products, Inc. (f/k/a CDC Financial Products, Inc.) | Additional Matters Party | • Parent company *Natixis*, f/k/a former client Natexis Banques Populaires (closed 2008), and affiliate companies *Natixis S.A. Sucursal en Espana, Natixis Capital Markets, Caisse Francaise de Developpement Industriel, Accent, Coface* and *Ventech* are current clients;<br><br>• Affiliate company Natixis, New York Branch is a member of current client *Adelphia Non-Agent Committee*; and<br><br>• Former parent company Caisse Nationale des Caisse D'Epargne (closed 2007) and affiliated companies Ixis Corporate & Investment Bank and Ixis AEW Europe |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | (both closed 2007); and Natexis Commodity Markets Limited and Group Caisse D'Epargne (both closed 2008) are former clients. |
| Ruby (2005-1); Ruby Finance Public Limited Co. (2004-2); Ruby Finance Public Limited Co. (2006-2); Ruby Finance Public Limited Co. (2006-3); Ruby Finance Public Limited Co. (2006-5); and Ruby Finance Public Limited Co. (2007-3) | Additional Matters Parties | • Parent company Mourant & Co. Trustees Limited is: (a) a member of former client Actis Capital LLP (closed 2007); and (b) a partner of former client Whitgift Shopping Centre Partnership (closed 2008); and<br><br>• Affiliated company Mourant Limited is a former client (closed 2008). |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                :

In re                                    :        Chapter 11 Case No.
                                                :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                :

                  Debtors.           :        (Jointly Administered)
                                                :
------------------------------------------------------------------x

## ORDER GRANTING THIRD SUPPLEMENTAL APPLICATION OF THE DEBTORS, PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF JONES DAY'S RETENTION AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES

Upon the third supplemental application, dated October 22, 2009 (the

"Third Supplemental Application"), of Lehman Brothers Holdings Inc., as debtor in

possession ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases

(together with LBHI,  the "Debtors"), pursuant to sections 327(e) and 328(a) of title 11 of

the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing and

approving the expansion of Jones Day's retention as special counsel, *nunc pro tunc* to the

Engagement Dates[1] with respect to the Additional Matters, all as more fully described in

the Third Supplemental Application; and the Court having jurisdiction to consider the

Third Supplemental Application and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated

July 10, 1984 (Ward, Acting C.J.); and consideration of the Third Supplemental

---

[1]   Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the
     Third Supplemental Application.

Application and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Third Supplemental Application having been

provided in accordance with the procedures set forth in the amended order entered

February 13, 2009 governing case management and administrative procedures [Docket

No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney

for the Southern District of New York; and (vi) all parties who have requested notice in

these chapter 11 cases, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Third

Supplemental Application is in the best interests of the Debtors, their estates and

creditors, and all parties in interest and that the legal and factual bases set forth in the

Third Supplemental Application establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Third Supplemental Application is approved; and it is
further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy

Code, the Debtors are hereby authorized to expand the scope of the employment and

retention of Jones Day as special counsel to the Debtors on the terms set forth in the

Third Supplemental Application and this Order, effective *nunc pro tunc* to the respective

Engagement Dates with respect to the Additional Matters identified in the Third

Supplemental Application; and it is further

ORDERED that Jones Day shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: _____, 2009
         New York, New York

                                 _____
                                 HONORABLE JAMES M. PECK
                                 UNITED STATES BANKRUPTCY JUDGE