Hearing Date: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
Ken Coleman
John Kibler

*Attorneys for ABN AMRO Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re                                                  :    Chapter 11
                                                       :
LEHMAN BROTHERS HOLDINGS INC., et al.,                 :    Case No. 08-13555 (JMP)
                                                       :    (Jointly Administered)
                                                       :
                        Debtors.                       :
-------------------------------------------------------x

## RESPONSE OF ABN AMRO INC. TO EXAMINER'S MOTION TO COMPEL ABN AMRO INC. TO RESPOND TO EXAMINER'S SUBPOENA FOR RULE 2004 EXAMINATION

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

ABN AMRO Inc. ("**AAI**"), by and through its attorneys, Allen & Overy LLP, hereby responds to the motion of Anton R. Valukas in his capacity as the appointed Examiner (the "**Examiner**") for Lehman Brothers Holdings, Inc. ("**LBHI**") and its affiliated debtors (the "**Debtors**"), dated September 30, 2009 (the "**Motion**") to compel AAI to respond to the Subpoena for Rule 2004 Examination, dated August 11, 2009 (the "**Subpoena**"). In support thereof, AAI responds as follows.

## PRELIMINARY STATEMENT

AAI has cooperated with the Examiner and has attempted to be responsive to the Examiner's requests. AAI raised a number of objections to the Subpoena, due primarily to the overly broad, unduly burdensome nature of the request, which would require AAI to review, at great time and expense, every document in its possession to uncover mere rumors of short selling. Nevertheless, AAI worked with the Examiner to narrow the Examiner's requests at least on an interim basis, to documents of a single custodian for a specific time period. AAI searched its electronic mail records using search terms provided by the Examiner and found no documents responsive to the Examiner's narrowed requests. However, on September 16, 2009, AAI advised the Examiner that there may be responsive documents located in the Hong Kong office of AAI's parent company, which are not within AAI's custody or control. AAI suggested that the Examiner seek production of such documents in accordance with local law, including any regulations that might apply to AAI's affiliates. Thereafter AAI continued unsuccessfully to facilitate a voluntary process. AAI does not have access to the Hong Kong documents sought by the Examiner. The most expeditious means to obtain access is for the Examiner to proceed under established procedures under Hong Kong law and regulation.

## RESPONSE

1.  In the Subpoena, the Examiner has requested documents from AAI, an indirect subsidiary of ABN AMRO Bank, N.V., that "concern, discuss, evaluate or analyze short selling, including 'shorting' or 'naked' short selling of the stock of LBHI or any of its affiliates, or any actual, reported, or rumored basis for such short selling."

2.  By letter dated September 1, 2009, AAI objected to the Subpoena on a number of grounds. AAI then worked with the Examiner to narrow the scope of the Subpoena,

at least on an interim basis, to a single individual custodian, and to a particular time-frame. AAI conducted searches within those mutually agreed upon parameters of electronic mail within its possession, custody, or control and identified no responsive materials. AAI further conducted searches based on a much broader set of search terms provided by counsel to the Examiner and, again, has identified no responsive materials.

3.  Under the Federal Rules of Civil Procedure, a party can only be required to provide documents that are in its "custody, possession or control." Fed. R. Civ. P. 45. As set forth above, AAI has reviewed the documents in its custody and possession and located no electronic correspondence responsive to the Examiner's request. AAI has advised that it does not have access to or control over the documents in Hong Kong.

4.  The law is clear that the Examiner, as the party requesting documents, has the burden of proving that AAI has control over the documents it seeks. *In re Flag Telecom Holdings Ltd. Securities Lit.*, 236 F.R.D. 177 (S.D.N.Y. 2006); *see also Desmeth v. Samsung America Inc.*, No. 92 CIV 3710, 1998 WL 74297 at *9 (S.D.N.Y., Feb. 20, 1998) (discussing evidence considered by courts in a showing of "control"); *Camden Iron & Metal v. Marubeni America Corp.*, 138 F.R.D. 438, 442 (D.N.J. 1991). To meet this burden, the Examiner must put forward evidence that AAI has the legal right or practical ability to obtain materials sought upon demand. *SEC v. Credit Bancorp Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000). The Examiner has failed to meet this burden.

5.  Indeed, the Examiner has not submitted any facts demonstrating, much less indicating, that AAI has control over documents in the possession of its Hong Kong affiliate. Rather, the Examiner simply states that "[a]ny officer or agent of the corporation who has power to cause the branch records to be sent from a branch to the home office for any

3

corporate purpose, surely has sufficient control to cause them to be sent on when desired for a governmental purpose properly implemented by subpoena." Motion ¶ 25. Absolutely no evidence is submitted that any individual at AAI has such authority. Simply assuming facts to exist does not satisfy the Examiner's burden. *See Credit Bancorp Ltd*, 194 F.R.D. at 473 (simply stating that "it is inconceivable" that party does not have access to documents does not satisfy evidentiary burden to demonstrate control). Rather, the determination of control "requires a fact-specific inquiry into the relationship" between the two entities. *Courtney Linde v. Arab Bank PLC,* No. 04-cv-2799, 2009 U.S. Dist. LEXIS 43439 at *13 (S.D.N.Y., May 22, 2009). By failing to put forward any evidence that AAI is control of documents in its Hong Kong affiliate's custody, the Examiner has failed to meet its burden, and the Motion must be denied. *See Credit Bancorp Ltd.* at 472.

6. For the foregoing reasons, AAI respectfully objects to the Motion and asks this court to deny the relief requested in the Motion and to grant such other and further relief as is just and equitable.

Dated:   New York, New York
         October 27, 2009

Respectfully submitted,

ALLEN & OVERY, LLP

By: _____
Ken Coleman
John Kibler
1221 Avenue of the Americas
New York, New York 10022
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
ken.coleman@allenovery.com
john.kibler@allenovery.com

*Attorneys for ABN AMRO Inc.*

4