WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                          :    Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    08-13555 (JMP)
                                                               :
                        Debtors.                     :    (Jointly Administered)
                                                               :
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND**
**MIDFIRST BANK GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

MidFirst Bank ("MidFirst") and Lehman Brothers Holdings Inc. ("LBHI" and together with MidFirst, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (this "Stipulation") and represent and agree as follows:

**RECITALS**

A.    On September 15, 2008 and periodically thereafter (the "Petition Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    MidFirst and Riverwalk Square Development III, LLC ("RSD III") are parties to

that certain Loan Agreement, dated May 15, 2006, and other loan documents (collectively, the "MidFirst Loan Documents"), pursuant to which MidFirst agreed to make a loan in the amount of $16,830,000 (the "MidFirst Loan") to RSD III for certain acquisition and development costs of Phase II of RSD III's "Safari Drive Condominiums" project, as more particularly described on Exhibit "A" to the Deed of Trust (hereinafter defined) (the "Project"), on the terms and conditions set forth in the MidFirst Loan Documents. The MidFirst Loan is secured by, *inter alia*, a Deed of Trust, Assignment of Sales Contracts, Leases and Revenue, Security Agreement and Fixture Filing recorded May 5, 2006 at Document No. 20060657346, records of Maricopa County, Arizona, and is guaranteed by James G. Nunemacher, Michael D. Trailor, Anthony C. Camberlango and Terry L. Camberlango, Brothers Company, LLC, and A Company of Brothers (collectively, the "Guarantors").

      C.      LBHI extended mezzanine financing on the Project (the "LBHI Loan"). The LBHI Loan is secured by, *inter alia*, 100% of the direct and indirect membership interests in RSD III of Riverwalk Square Development IV, LLC, Riverwalk Square Development IV Holdings, LLC, WC Riverwalk II, LLC, Brothers Company, LLC, and Vanguard City Home, LLC (collectively, the "Equity Owners") and their respective direct and indirect constituent members (collectively, the "Pledgors").

      D.      MidFirst and LBHI are parties to an Intercreditor Agreement, dated May 15, 2006, pursuant to which all of LBHI's rights, title and interests in and to collateral securing the LBHI Loan are subordinate to all of MidFirst's rights, title and interest in and to collateral securing the MidFirst Loan.

      E.      MidFirst asserts that subsequent to the Petition Date, RSD III defaulted on the MidFirst Loan by reason of RSD III's failure to pay the MidFirst Loan on or prior to its June 1,

2

2009 maturity date (the "Maturity Default"). Accordingly, MidFirst asserts that it is entitled to and seeks to foreclose on the collateral securing the MidFirst Loan.

F.      Pursuant to the Intercreditor Agreement, MidFirst is required to provide, and has provided, LBHI copies of all notices of default under the MidFirst Loan and LBHI has the right (but no obligation) to cure any default by RSD III. LBHI did not elect to exercise its right to cure the alleged Maturity Default.

G.      On July 1, 2009, MidFirst recorded a Notice of Trustee's Sale with respect to the Project, setting a trustee's sale date of September 30, 2009.

H.      In an effort to consensually resolve certain issues that may arise in connection with MidFirst's exercise of its rights and remedies with respect to the alleged Maturity Default, the Parties have agreed it is in their best interests to enter into this Stipulation upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation is hereby approved without necessity or requirement of further proceedings or Court approval.

2.      LBHI is hereby authorized to make, execute, file and deliver such statements, instruments, and other documents and to take all other and further actions that may be required or necessary for the performance by LBHI of the terms of this Stipulation, and each of the parties are hereby authorized to file, register or otherwise record a copy of this Stipulation.

3. The automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") is hereby modified as follows:

(a) the Automatic Stay shall not be lifted or modified during the fourteen (14) day period commencing upon entry of this Order by the Court, and MidFirst agrees that during such time it will not take any further action to foreclose any security instrument, take any action against any Guarantor, Equity Owner or Pledgor, or exercise any remedies that may adversely impact any collateral securing LBHI's Loan (the "Forbearance Period"); provided, however, that MidFirst may take such action as is reasonably required to protect the Project or MidFirst's lien and otherwise maintain the status quo during the Forbearance Period by continuing its pending trustee's sale set for September 30, 2009, to a future date in accordance with state law;

(b) upon the expiration of the Forbearance Period, the Automatic Stay is modified solely to the extent necessary to permit MidFirst to give additional notices to the Debtors of the exercise by MidFirst of MidFirst's rights and remedies against RSD III, any Guarantor, Equity Owner or Pledgor under the MidFirst Loan Documents; provided, however, that upon the expiration of the Forbearance Period, MidFirst may exercise all of its rights under the MidFirst Loan Documents and applicable law, including completion of its pending trustee's sale of the Project without any renoticing of the trustee's sale, as against third parties other than the Debtors or their affiliates, including RSD III or any Guarantor, Equity Owner or Pledgor;

(c) other than as set forth in this paragraph, the Automatic Stay remains in full force and effect including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the Debtors' estates and/or to exercise control over assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code).

4

4. This Stipulation shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, records of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their officer to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the collateral securing the MidFirst Loan and the transactions effectuated in connection therewith under this Stipulation.

5. Except as expressly provided herein, nothing in this Stipulation shall constitute or be construed as (a) an amendment to the Loan Agreement or the Intercreditor Agreement, (b) a waiver or forgiveness of the Events of Default or (c) an admission as to the validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

6. This Stipulation is solely for the benefit of MidFirst and LBHI and not for any other person or entity, including, but not limited to, RSD III, any Equity Owner, Guarantor or Pledgor, and no such person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation.

7. Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

8. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

9. This Stipulation can only be amended or otherwise modified by a signed writing executed by the parties hereto.

10. This Stipulation shall be effective immediately upon its entry and shall not be

stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

11.    The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

[*The remainder of this page is intentionally blank.*]

Dated: October 12, 2009

| **WEIL, GOTSHAL & MANGES LLP** | **RYLEY CARLOCK & APPLEWHITE** |
|---|---|
| /s/Shai Y. Waisman | /s/Michael P. Ripp |
| Shai Y. Waisman | Michael P. Ripp |
| 767 Fifth Avenue | One North Central Avenue, Suite 1200 |
| New York, New York 10153 | Phoenix, Arizona 85004-4417 |
| Telephone: (212) 310-8000 | Telephone: (602) 258-7701 |
| Facsimile: (212) 310-8007 | Facsimile: (602) 257-9582 |
| Attorneys for Debtors and Debtors in Possession | Attorneys for MidFirst Bank |

**SO ORDERED**:

Dated: New York, New York
      October 27, 2009

                              *s/ James M. Peck*
                            UNITED STATES BANKRUPTCY JUDGE