UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :    08-13555 (JMP)
                                                       :
                    Debtors.                           :    (Jointly Administered)
----------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER  BETWEEN LEHMAN BROTHERS
COMMODITY SERVICES INC. AND INTERTRUST (NETHERLANDS) B.V.**

Lehman Brothers Commodity Services Inc. ("LBCS"), as debtor and debtor-in-possession, and Intertrust (Netherlands) B.V. (formerly known as Fortis Intertrust (Netherlands) B.V.) ("Intertrust"), hereby enter into this stipulation, agreement, and agreed order (the "Stipulation") and agree, as follows:

**RECITALS**

A.      On September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On October 3, 2008 (the "Commencement Date"), LBCS commenced with this Court its voluntary case under chapter 11 of the Bankrtupcy Code.

B.      Prior to the Commencement Date, LBCS and Intertrust entered into that certain custody agreement (the "Custody Agreement")[1] pursuant to which LBCS appointed Intertrust as its custodian to hold and administer certain "Carbon Credits" in accordance with the terms of the Custody Agreement.

---

[1] Capitalized terms not defined herein shall have the meaning assigned to them in the Custody Agreement.

    C. The Custody Agreement provides that LBCS shall pay Intertrust an initial fee in the amount of €5,000 (the "Initial Fee") within thirty (30) days of the execution of the Custody Agreement. The Custody Agreement also provides that LBCS shall pay Intertrust, as custodian of the Carbon Credits, an annual fee of €7,500 and a fee of €0.02 per issued Carbon Credit transferred into Intertrust's name. As of the date of this Stipulation, LBCS owes €4,904.26 (the "Custody Fee") to Intertrust for certain Carbon Credits transferred into Intertrust's name prior to the Commencement Date. Pursuant to Section 12.3 of the Custody Agreement, LBCS's obligations under the Custody Agreement are secured by the Carbon Credits.

    D. LBCS acknowledges it has not paid (i) the Initial Fee; (ii) the 2008 annual fee ("2008 Annual Fee"); (iii) the 2009 annual fee (the "2009 Annual Fee"); or, (iv) the Custody Fee. LBCS and Intertrust (each a "Party" and together, the "Parties") agree that no amounts other than the Initial Fee, the 2008 Annual Fee, a prorated amount of the 2009 Annual Fee in the amount of €6,250 (the "Prorated Annual Fee") for the months of January 2009 through and including October 2009, and the Custody Fee are currently due to Intertrust by LBCS under the Custody Agreement.

    E. Pursuant to Section 12.3 of the Custody Agreement, LBCS must pay Fortris any amounts due and owing under the Custody Agreement before LBCS may direct Intertrust to transfer the Carbon Credits to an LBCS account.

    F. In order to manage and dispose of the Carbon Credits more efficiently and to maximize the value of its estate for the benefit of its creditors, LBCS desires to terminate the Custody Agreement and transfer the Carbon Credits to an account in its own name.

    G. In light of the foregoing, the Parties have agreed, subject to approval of this Court, and as further described herein, that LBCS will pay to Intertrust the the sum of the

2

Initial Fee, the 2008 Annual Fee, the Prorated Annual Fee, and the Custody Fee in the amount of €23,654.26 (the "Outstanding Fees") and Intertrust will transfer the Carbon Credits to an account designated by LBCS.

**AGREEMENT:**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned counsel, that:

1. The Recitals set forth above form an integral part of this Stipulation are incorporated fully herein.

2. Within five (5) business days after the Court's entry of this Stipulation, LBCS shall pay to Intertrust the Outstanding Fees in complete settlement, satisfaction, release and discharge of Intertrust's claims for any amounts due under the Custody Agreement, including but not limited to, the Initial Fee, the 2009 Annual Fee, and the Custody Fee.

3. Within five (5) business days of receipt of payment of the Outstanding Fees from LBCS, Intertrust shall transfer all Carbon Credits held by Intertrust, as custodian under and pursuant to the Custody Agreement, to an account designated by LBCS.

4. Upon entry of this Stipulation, the Custody Agreement shall be deemed terminated and the Parties hereby forever waive and release any and all claims, liabilities, causes of action, demands, and damages of whatever kind or nature and whether known or unknown, asserted or unasserted, against each other arising before or after the Commencement Date in relation to the Custody Agreement; *provided, however,* that nothing contained herein shall release the Parties from their respective obligations or waive their respective rights set forth in this Stipulation.

5. The Parties agree that for so long as LBCS's bankruptcy case remains pending, this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation.

6. This Stipulation shall have no force or effect unless and until it is approved by this Court.

7. This Stipulation may be amended, superseded, terminated, or otherwise modified only by a signed writing executed by the Parties.

8. The person who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

11. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: October 13, 2009
      New York, New York

/s/ Jacobus Cornelis Maria Veerman            /s/ Otgerus Joseph Anton Van Der Nap
Jacobus Cornelis Maria Veerman               Otgerus Joseph Anton Van Der Nap
Director Carbondesk                            Legal Counsel

INTERTRUST (NETHERLANDS) B.V.
P.O. Box 990, 1000 AZ Amsterdam, The Netherlands
Office (DHL): Prins Bernhardplein 200, 1097 JB Amsterdam
Telephone:  + 31 (0) 20 521 4777
Facsimile:  +31 (0) 20 521 4888

Authorized Signatorys for Intertrust (Netherlands) B.V.


Dated: October 13, 2009
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession


**SO ORDERED:**

Dated: New York, New York
      October 29, 2009

                                              *s/ James M. Peck*
                                              Honorable James M. Peck
                                              United States Bankruptcy Judge