**<u>Exhibit A</u>**

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case Nos. 08-13555(JMP) and 08-01420(JMP)(SIPA)

Adv. Case Nos. 09-01177 and 09-01178

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS HOLDINGS, INC., et al.,

               Debtors.

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS INC.,

               Debtor.

- - - - - - - - - - - - - - - - - - - -x

LEHMAN BROTHERS HOLDINGS, INC./

LEHMAN BROTHERS SPECIAL FINANCING, INC.,

               Plaintiff,

    -against-

LIBRA CDO, LTD.,

               Defendant.

- - - - - - - - - - - - - - - - - - - -x

(cont'd. on next page)

```
                                                              2
 1                U.S. Bankruptcy Court
 2                One Bowling Green
 3                New York, New York
 4
 5                August 26, 2009
 6                10:04 a.m.
 7
 8   B E F O R E:
 9   HON. JAMES M. PECK
10   U.S. BANKRUPTCY JUDGE
11
12   CASE CONFERENCE
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1  what need to get, assuming that we have no problems, and we
2  don't expect to have problems, within the next forty-five days.
3  So it was considerably more material necessary to be reviewed
4  to give a fair analysis of what was taking place. And a large
5  part of what's involved here is nuance-driven, so looking at
6  the documents is critical to preparing a report which is both
7  accurate and fair to all the parties.
8      We've interviewed over ninety-five witnesses to date.
9  We will complete the interviews by the end of September, in to
10 early October. We expect another sixty individuals who are key
11 to this and who have been identified, either by the party or by
12 the documents, as necessary for purposes of completing the
13 report.
14     There has been remarkably good cooperation from the
15 parties. There's been pushback in some instances. We've only
16 had to issue several -- we've issued some subpoenas, but very
17 few, considering the nature of this case. And in each
18 instance, after the matter had been fully briefed, the
19 materials that we had requested were produced without the
20 necessity for contested hearings. So we feel that we're
21 getting the documents we need to complete the report.
22     We've coordinated with the government. We either meet
23 with or speak with the three U.S. Attorneys and the SEC on a
24 weekly basis and exchange the information that they feel
25 necessary to have exchanged. So that coordination has taken

25

1   place. We've met with the SIPA trustees and their counsel in
2   connection with this matter. We have given them access to all
3   of the interviews that we've done as we've done them, so as to
4   avoid replication. And to the extent that assists them, that
5   is good. We have shared with them the documents we have
6   received. They have shared with us their database and the
7   materials they have received, which I think has had a
8   significant impact in both shortening the investigation and
9   reducing the cost.
10        We have, as I think the Court knows, used contract
11  attorneys, because of the multiple millions of dollars -- or
12  millions of documents. Our estimate, which we shared with the
13  Trustee, is that it's saved the estate tens of millions of
14  dollars to date over the fees that otherwise might have been
15  incurred using usual law firm rates.
16        So, that's where we are. The other reason for the
17  necessity in taking these additional two and a half or three
18  months to complete is that, obviously, one of the things the
19  Court has charged us in the order with resolving is individual
20  liability and the liability of various institutions as it may
21  or may not exist in connection with this case. And it is
22  imperative, in my view, that we make sure the parties have
23  given us all the facts necessary for me to reach those
24  conclusions before giving a report to the Court.
25        So all that being said, I feel comfortable that we

```
 1
 2                    C E R T I F I C A T I O N
 3
 4    I, Clara Rubin, certify that the foregoing transcript is a true
 5    and accurate record of the proceedings.
 6                    [signature]
 7    _____
 8    Clara Rubin
 9    AAERT Certified Electronic Transcriber (CET**D-491)
10    Also transcribed by:    Penina Wolicki
11
12    Veritext LLC
13    200 Old Country Road
14    Suite 580
15    Mineola, NY 11501
16
17    Date: August 28, 2009
18
19
20
21
22
23
24
25
```