## Exhibit I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x
In re                                             :      **Chapter 11**
                                                  :
ENRON CORP., et al.,                              :      **Case No. 01-16034(AJG)**
                                                  :
               Debtors                            :      **Jointly Administered**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

### ORDER REGARDING MOTION OF THE
### REGENTS OF THE UNIVERSITY OF CALIFORNIA
### FOR A LIMITED MODIFICATION OF THE AUTOMATIC STAY

Upon consideration of the motion, dated February 25, 2002, filed on behalf of the

Regents of California as lead Plaintiff in the Newby Action for a limited modification of the

automatic stay as to Debtor Enron Corporation ("Enron" or "the Company" or "the Debtor")

to obtain copies of (i) all documents and materials Enron produced in connection with any

inquiries relating to the Company by or on behalf of any government committee, the

Executive Branch of the U.S. government, including but not limited to the U.S. Department

of Justice and The Securities and Exchange Commission and (ii) all transcripts of witness

interviews or depositions in connection with said inquiries or investigation; the response of

the Debtors; dated April 3, 2002; and oral argument held on April 4, 2002, it is hereby and

upon the entire record herein; and good and sufficient cause appearing;

ORDERED:

The automatic stay is hereby continued, except as provided below.

Consistent with any Order by Judge Harmon in the United States District Court for

the Southern District of Texas in Newby v. Enron Corp., Case No. H-1-3624, including an

Order determining that the stay of discovery established by Section 21D(b)(3)(B) of the

Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78 u-4(b)(3)(B) should be

lifted; Enron will produce, subject to attorney client privilege or work product protection and

following a reasonable period for review: (1) a copy of all documents and materials Enron

produced in connection with any inquiries or investigations into the Company's business

affairs that were provided (a) to any committee of the Legislative branch of the United States

Government, or (b) in response to any subpoena or written request of the Executive branch

of the United States Government, including, but not limited to, the United States Department

of Justice and the Securities and Exchange Commission; and (2) copies of all transcripts of

witness interviews taken or conducted by (a) the foregoing governmental bodies or (b)

Wilmer, Cutler & Pickering in connection with its representation of the Special Investigative

Committee of the Board of Directors of Enron Corp. or depositions in Enron's possession,

custody, or control given or taken in connection with said inquiries or investigations.

Dated: New York, New York
      May 22, 2002

                          **s/Arthur J. Gonzalez**
                          THE HONORABLE ARTHUR J. GONZALEZ
                          UNITED STATES BANKRUPTCY JUDGE