**Hearing Date and Time: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: November 10, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York  10112
tel:  (212) 408-5100
fax: (212) 408-5369
Howard Seife
David LeMay

Attorneys for Banesco Banco Universal

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
In re                                               :        **Chapter 11 Cases**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC. et al.,**           :        **08-13555 (JMP)**
                                                    :
                    Debtors.                        :        **Jointly Administered**
--------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF BANESCO BANCO UNIVERSAL**
**REQUIRING LEHMAN BROTHERS HOLDINGS INC. TO PROVIDE**
**REQUESTED INFORMATION AND TO DEEM CLAIM**
**TO BE TIMELY FILED BY THE SECURITIES PROGRAMS BAR DATE**

PLEASE TAKE NOTICE that the hearing on the annexed motion (the "Motion") of Banesco Banco Universal ("Banesco") for entry of an order requiring Lehman Brothers Holdings Inc. ("LBHI") to provide to Banesco the International Securities Identification Number ("ISIN") or the Committee on Uniform Securities Identification Procedures ("CUSIP", together with ISIN, an "Identification Number") number, as applicable, of the Three-Year Venezuelan Bolivar Fuerte Linked Note, which was issued by LBHI in the amount of $15,500,000 and matured January 7, 2009 (the "Note") and deeming such claims to be filed timely if filed by the

NY3 - 497632.05

Securities Programs Bar Date,[1] as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Room 601 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 18, 2009, at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, New York, 10112, Attn: Howard Seife, Esq. and David LeMay, Esq., attorneys for Banesco; (iii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Lori R. Fife, Esq., Richard W. Slack, Esq., and Robert J. Lemons, Esq., attorneys for the Debtors; (iv) the

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective definitions ascribed to such terms in the Order Pursuant To Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3) Establishing The Deadline For Filing Proofs Of Claim, Approving The Form And Manner Of Notice Thereof And Approving The Proof Of Claim Form [Docket No. 4271] (the "Bar Date Order").

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (v) Milbank, Tweed. Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., Wilbur F. Foster, Jr., Esq., and Evan Fleck, Esq., and Milbank, Tweed, Hadley & McCloy, LLP, 1850 K Street N.W., Suite 1100, Washington, D.C. 20006, Attn: David S. Cohen, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; (vi) White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036- 2787, Attn: J. Christopher Shore, Esq., and Lisa Thompson, Esq., and Dewey & LeBoeuf LLP, 1301 Avenue of the Americas, New York, New York 10019-6092, Attn: Martin Bienenstock, Esq., attorneys for the Ad Hoc Group of Lehman Brothers Creditors; and (vii) Hughes Hubbard & Reed, LLP, One Battery Park Plaza, New York, New York 10004, Attn: James W. Giddens, Esq., and Jeffrey S. Margolin, Esq., attorneys for the Securities Investor Protection Act Trustee, so as to be filed and received no later than **November 10, 2009, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE THAT only those objections which have been timely filed and served by the Objection Deadline in accordance with the procedures herein may be considered by the Court at the Hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

NY3 - 497632.05

PLEASE TAKE FURTHER NOTICE that if you fail to respond in accordance with this Notice the Court may grant the relief demanded by the Motion without any further notice or hearing.

Dated: New York, New York
       October 31, 2009

                              Respectfully submitted,

                              CHADBOURNE & PARKE LLP

                              By:   */s/ David M. LeMay*
                                     Howard Seife
                                     David M. LeMay

                              30 Rockefeller Plaza
                              New York, New York  10112
                              (212) 408-5100

                              *Attorneys for Banesco Banco Universal*

Hearing Date and Time: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: November 10, 2009 at 4:00 p.m. (Prevailing Eastern Time)

CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York  10112
tel:  (212) 408-5100
fax: (212) 408-5369
Howard Seife
David LeMay

*Attorneys for Banesco Banco Universal*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| In re | : | Chapter 11 Cases |
| :--- | :--- | :--- |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC. et al.**, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | Jointly Administered |

---------------------------------------------------------------x

**MOTION OF BANESCO BANCO UNIVERSAL
REQUIRING LEHMAN BROTHERS HOLDINGS INC. TO PROVIDE
REQUESTED INFORMATION AND TO DEEM CLAIM
TO BE TIMELY FILED BY THE SECURITIES PROGRAMS BAR DATE**

Banesco Banco Universal ("Banesco") hereby files this motion (the "Motion") for entry of an order, in substantially the form attached hereto as Exhibit A, requiring Lehman Brothers Holdings Inc. ("LBHI") or its affiliated debtors (collectively, the "Debtors") to provide to Banesco the International Securities Identification Number ("ISIN") or the Committee on Uniform Securities Identification Procedures number ("CUSIP", together with ISIN, an "Identification Number"), as applicable, of the Three-Year Venezuelan Bolivar Fuerte Linked Note, which was issued by Lehman Brothers Holdings Inc. on August 14, 2006 in the amount of $15,500,000 and matured on January 7, 2009 (the "Note").  In the alternative, in the event that

NY3 - 497607.08

LBHI cannot provide the Identification Number for the Note or such Identification Number does not appear on the Program Securities List, Banesco requests that the Court either add the Note to the Program Securities List or deem that any proofs of claim filed by Banesco in respect of the Note to be filed timely, as long as they are filed on or prior to November 2, 2009 (the "<u>Securities Program Bar Date</u>"), which is the bar date applicable to securities included on the Program Securities List.[1]  In support of this Motion, Banesco respectfully states as follows:

## **PRELIMINARY STATEMENT**

This Motion seeks an order requiring the Debtors to provide Banesco with information, if it is in their possession or if they can obtain it, which could allow Banesco to properly file its claim.  Banesco, the holder of the Note, has unsuccessfully attempted to identify the Identification Number relating to the Note.  In response to Banesco's inquiry, LBHI responded that it "cannot advise" Banesco as to the Identification Number of the Note.  Accordingly, Banesco asks that the Court require the Debtors to provide the Identification Number of the Note if it is available to them.  Banesco needs this information because without it, it cannot determine with certainty whether the Note is on the Program Securities List, and without that information, Banesco cannot determine whether it must seek relief to deem the claim to be timely filed.  Therefore, in the event that the Identification Number is not on the Program Securities List, Banesco requests that the Court either add the Note to the Program Securities List because it is the type of claim that should properly have been on that list from the outset or deem any proof of claim relating to Banesco's Note to be filed timely under principles

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective definitions ascribed to such terms in the Order Pursuant To Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3) Establishing The Deadline For Filing Proofs Of Claim, Approving The Form And Manner Of Notice Thereof And Approving The Proof Of Claim Form [Docket No. 4271] (the "<u>Bar Date Order</u>").

2

NY3 - 497607.08

of excusable neglect provided such documents are filed on or before the Securities Programs Bar Date, which is November 2, 2009.

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The Motion is made pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9006(b)(1) and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2. Banesco is a financial institution that principally does business in Venezuela. Banesco is a creditor in these proceedings, and holds several other claims against various debtors and other Lehman entities enmeshed in insolvency proceedings globally, including Lehman Brothers Inc. ("LBI"), Lehman Brothers Treasury Co. B.V. ("LBT") and LBHI. Various Banesco entities filed timely claims against LBI.

3. Banesco purchased the Note on July 31, 2006. The Note was issued on August 14, 2006 by LBHI in the principal amount of $15,500,000, and came to maturity on January 7, 2009. Banesco (or a related entity) also holds three other notes, for which it has ISINs, that are listed on the Program Securities List, and will be filing claims with respect to those notes and the Note on or before the Securities Program Bar Date.

NY3 - 497607.08

4. In the Debtors' schedules of assets and liabilities filed on March 12, 2009 (the "Original Schedules"), the Debtors listed the Note as a non-contingent, liquidated and undisputed unsecured nonpriority claim. When the Debtors filed their amended schedules of assets and liabilities on June 15, 2009 (the "Amended Schedules"), the Note was listed as a contingent, unliquidated and disputed claim. This was part of the en masse recharacterization by the Debtors of hundreds of claims from the undisputed category to the disputed, contingent and unliquidated category.

5. Like many of the securities listed on the Program Securities List, the Note is a "structured" security, meaning that the payment terms were linked to the cash flow or value of another instrument. In the case of the Note, the related instruments, or reference obligations, were various Venezuelan, Brazilian and Russian bonds. The Note has the basic generic characteristics of the types of instruments that are on the Program Securities List.

6. On May 26, 2009, the Debtors filed a motion seeking to establish a deadline for the filing of proofs of claim [Docket No. 3654] (the "Bar Date Motion"). The Bar Date Motion initially sought entry of an order requiring that debt security holders (other than holders of debt securities listed on a Master List of Securities) who wished to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of such security, file proofs of claim and complete a guarantee questionnaire as applicable on or prior to the Bar Date (as defined in the Bar Date Motion). See Bar Date Motion at 7.

7. Following the publication of the Master List of Securities, a number of security holders objected to the Bar Date Motion because it would have required holders of debt securities issued and/or guaranteed by LBHI or other Debtors and their affiliates to file proofs of

claim and to submit guarantee questionnaires. The Debtors filed a response to these objections, arguing <u>inter</u> <u>alia</u> that a bar date was necessary so that claimholders could be identified. To resolve these objections, at the urging of this Court, the Debtors engaged in a series of discussions with representatives of the objecting parties. These discussions led to the inclusion of certain claims filing procedures in the Bar Date Order, including the establishment of the Securities Programs Bar Date.

8.    On July 2, 2009, the Bankruptcy Court entered the Bar Date Order which, among other things, established October 22, 2009 as the general LBHI Bar Date and November 2, 2009 as the Securities Programs Bar Date. <u>See</u> Bar Date Order at 12. The Bar Date Order set forth special procedures to file claims in respect of Lehman Program Securities, including requirements that a holder of such claims, <u>inter</u> <u>alia</u> "(a) submit a particularized Securities Programs Proof of Claim Form and (b) identify each Lehman Program Security by its International Securities Identification Number ("<u>ISIN</u>") and/or Committee on Uniform Securities Identification Procedures ("<u>CUSIP</u>") number, as applicable." <u>Id.</u> at 12-13.

**RELIEF REQUESTED**

9.    By this Motion, Banesco seeks entry of an order pursuant to section 105 of the Bankruptcy Code requiring LBHI to provide Banesco with an Identification Number relating to the Note. In the event that such Identification Number does not appear on the Program Securities List, Banesco requests that the Court either add the Note to the Program Securities List because it is the type of claim that should properly have been on that list from the outset or, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rules 9006(b)(1) and 9024, deem any proof of claim relating to Banesco's Note to be filed timely under principles of

5

excusable neglect provided such documents are filed on or before the Securities Programs Bar Date, which is November 2, 2009.

## BASIS FOR RELIEF

**I.     Banesco Requires The Identification Number**

10.    The Bar Date Order expressly requires that claimants "identify each Lehman Program Security by its International Securities Identification Number ("ISIN") and/or Committee on Uniform Securities Identification Procedures ("CUSIP") number, as applicable." See Bar Date Motion at 13.  Banesco needs this information because without it, it cannot determine whether the Note is on the Program Securities List.  Without that information, Banesco cannot determine whether it must seek relief to deem the claim to be timely filed.  Banesco has sought this information, including by making a request to the Debtors for the information on October 28, 2009.  The Debtors responded that they "cannot advise" Banesco of the Identification Number for the Note.

11.    Section 105(a) of the Bankruptcy Code grants bankruptcy courts the equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In particular, bankruptcy courts, as courts of equity, have the power to "sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate." NCNB Tex. Nat'l Bank v. Jones (In re Jones), 966 F.2d 169, 173 (5th Cir. 1992) (internal citations and quotations omitted). "A bankruptcy court's powers under 11 U.S.C. §105 are broad." In re Alexander's Inc., No. 95 Civ. 904 (LMM), 1996 WL 284907, at *1 (S.D.N.Y. May 30, 1996) (citing In re

6

Jones).  If the relief requested by Banesco is not granted, an inequitable and unfair result would occur, namely the permanent disallowance of Banesco's valid claim based on the Note.

**II.    In The Event That The Note Is Not Listed On The Program Securities List, Relief Should Be Granted Under the Excusable Neglect Standard**

12.    Bankruptcy Rule 9006(b)(1) authorizes the Court in its discretion to permit the filing of an untimely proof of claim where the delay is the result of "excusable neglect."  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).  In Pioneer, the Supreme Court stated that the excusable neglect standard is an "elastic concept" that "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Id. at 392, 395.  Four factors should be considered in the excusable neglect analysis:

> [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

See id. at 395.

13.    Not all of the factors need to weigh in favor of the moving party for relief to be granted.  See In re Enron, No. 01-16034 (AJG), 2003 WL 21756785, at *4 (Bankr. S.D.N.Y. July 30, 2003) ("[t]he relative weight, however, to be accorded to the factors identified in Pioneer requires recognizing that not all factors need to favor the moving party", granting relief even though the court found against the movant as to the reason for the delay).  The decision whether to grant the requested relief rests within the Bankruptcy Court's discretion.  See

7

In re Enron Corp., 419 F.3d at 125 ("[T]he discretion of a bankruptcy court to allow or disallow late filed claims is well established . . . .").

14.    Specifically, in Pioneer, the Supreme Court determined that a creditor acted with excusable neglect when the creditor failed to file a timely proof of claim because, among other things, the claims bar date was disclosed only in small print on a notice of a meeting of creditors and because the debtor was able to account for the creditor's claim in its amended plan of reorganization (i.e., the debtor was not prejudiced by the creditor's late claim). See id. at 397-98.  Similar circumstances exist here.  Because the Lehman case is so inherently complex and unusual, the claims filing process is equally complex and outside the ordinary, with two separate bar dates and one related date for submission of certain questionnaires by which creditors had to file various types of claims.  With respect to the Securities Programs Bar Date, creditors were forced to obtain information which was not necessarily easily ascertainable, such as the Identification Number of the Note, as well as to review a 74 page list of securities in order to determine if their claims qualified.  Also, as in Pioneer, there is absolutely no prejudice that could befall the Debtors if Banesco's claim, which was already known by the Debtors, as indicated on both the Original Schedules and Amended Schedules -- and which, notwithstanding the Debtors' en masse revision of their schedules, is not subject to any bona fide dispute as to liability or amount -- is included.  In any case though, the Debtors' rights to object to Banesco's claim on any substantive basis are fully preserved.

    A.    No Prejudice To The Debtor

15.    The first Pioneer factor heavily weighs in favor of the requested relief, as the delay in filing here could not even remotely be said to have any impact on the success of the

8

reorganization.  See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 130 (2d Cir. 2005) (internal citations and quotations omitted).  First, the delay has been only a matter of approximately 40 days.  There can be no prejudice to the Debtors in allowing Banesco to file a claim by the Securities Programs Bar Date, which is November 2, 2009, as there are still thousands of more claims yet to be filed before the claims analysis and reconciliation process can even begin.  Second, the Debtors are fully aware of the claim held by Banesco as the Note was listed on both the Debtors' Original Schedules and the Amended Schedules.  And, despite the Debtors' mass rescheduling of thousands of previously undisputed claims in June 2009, there is no bona fide dispute about LBHI's liability on the claim or about its amount.  See In re Sage-Dey, Inc., 170 B.R. 46, 53 (Bankr. N.D.N.Y. 1994) (finding no danger of prejudice where debtors were notified by the IRS prior to bar date of a discrepancy in their tax forms which later became the basis for IRS's late-filed claim).  Third, no disclosure statement or plan has been filed in this case.  See, e.g., In re Enron, 2003 WL 21756785, at *4 (permitting filing of nine-day-late proof of claim and finding no prejudice because claims review and reconciliation process was in early stages and no plan or disclosure statement had yet been filed); In re Infiltrator Sys., Inc., 241 B.R. 278, 281-82 (Bankr. D. Conn. 1999) (permitting late-filed claim because debtor had not yet proposed plan).  Fourth, Banesco's claim is inconsequential -- amounting to far less than even a rounding error -- in comparison to the size of the estate and the overall claims denominator.  Even to the extent that Banesco's claim may have an effect, however small, on the funds available to all creditors, the Second Circuit has found this not to be an important factor.  See In re Enron Corp., 419 F.3d at 130 ("[W]e agree with the observation that the [Supreme] Court must have had more in mind than a simple dollar-for-dollar depletion

9

of assets otherwise available for timely filed claims . . . .  Otherwise, virtually all late filings would be condemned by this factor . . . .") (internal citations and quotations omitted).  As there is no actual harm by allowing Banesco to file a late proof of claim, any hypothetical harm that may be raised by the Debtors will not rise to the level of prejudice.  See In re O'Brien Envtl. Energy, 188 F.3d 116, 127 (3d Cir. 1999) ("[P]rejudice is not an imagined or hypothetical harm . . . .").

        16.     Nor would allowing Banesco to file its claim by the Securities Programs Bar Date open the proverbial floodgates for other creditors.  This is a unique situation and the relief sought here is exceptionally limited and minor.  All that is being sought is for the Court to extend by approximately five weeks the deemed timely filing date for one proof of claim.  Such relief would only be available for parties who seek appropriate relief and who file appropriate proofs of claim by the November 2nd Securities Programs Bar Date.  To the knowledge of Banesco, only two other creditors besides Banesco itself have sought such relief, and the claims of those other creditors are likewise inconsequential in the context of this case.  It is inconceivable that such minor relief to prevent an injustice could in any way prejudice the efficient administration of these estates.  See In re Beltrami Enters., Inc., 178 B.R. 389, 392 (Bankr. M.D. Pa. 1994) (rejecting the floodgates argument because there was no evidence that "hordes of claimants" would file claims).  These facts can be contrasted to those in Enron where a creditor's guarantee claim was not unique as compared to thousands of potential claimants and the court was concerned about a flood of similar late claims.  See In re Enron Corp., 419 F.3d at 131-32.  No more than one or perhaps two other creditors in this case will be in a position to file claims and seek related relief from this Court by November 2nd.

B.   Length of Delay Is De Minimis

17.   The second Pioneer factor also heavily weighs in favor of granting the relief sought. First, Banesco's claim based on the Note, if not subject to the Securities Programs Bar Date, will only be late by approximately 40 days. Any such claim will have also been filed prior to the final bar date that the Debtors have established. Accordingly, the Debtors are not likely to have even begun the claims review and reconciliation process. Second, the delay has been de minimis and, as discussed above, does not in any way disrupt the judicial administration of this case. See, e.g., Pioneer, 507 U.S. at 398-99 (permitting filing proof of claim twenty days after the bar date); In re Enron, 2003 WL 21756785, at *5 (nine-day delay did not impact debtor's judicial proceedings); In re Sage-Dey, 170 B.R. at 52-53 (permitting filing of proof of claim six months after bar date); In re Beltrami, 178 B.R. at 392 (Bankr. M.D. Pa. 1994) (permitting filing of a two-year late proof of claim).

C.   Reasons For The Delay Justifiable

18.   In Pioneer, the Court found that excusable neglect may extend to "inadvertent delays" and that it is "not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392. The Court also stated "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388. Moreover, the extent to which a bar date order is unusual or outside of the ordinary is another factor that courts weigh in determining justification. Id. at 399. In the Lehman cases, the complex structure creating multiple bar dates for different species of claims creates the possibility of confusion, similar to the confusion created by the bar date notice

11

analyzed by the Supreme Court in Pioneer. Even if, as in Pioneer itself, that confusion was to some extent within the power of the moving party to resolve, this situation is exactly the kind of case in which Pioneer offers the opportunity for relief. Pioneer, 507 U.S. at 389-99.

19. Banesco submits that its delay is justifiable and excusable under the circumstances. There were several reasons for the delay. First, as this Court has noted on numerous occasions, the Debtors' cases are unprecedented in their complexity. This complexity, albeit unavoidable, is reflected in the claims filing process. The Bar Date Order establishes two separate bar dates for different species of claims (and a related questionnaire deadline for some claims), excluding previous deadlines for filing claims in related cases, such as the LBI case. While the Court has streamlined the process as much as possible, it still remains very difficult to navigate and outside of the ordinary, and was a contributing factor to delay. Other courts have considered this in their analysis. See Pioneer, 507 U.S. at 399. Second, and similarly, Banesco and its affiliated entities have had to file numerous claims across several bar dates. Banesco and its affiliates filed six claims against LBI based on various accounts and securities held therein. Some of these claims have been allowed, some disallowed, and others remain unresolved. In addition, Banesco will file four claims in LBHI's chapter 11 case, all based on what it believes to be securities subject to the Securities Programs Bar Date. See Declaration of Robert J. Gayda Sworn to on October 31, 2009 ("Gayda Decl.") ¶¶ 8-10.

20. The facts here are also markedly distinguishable from those cases where courts typically do not find excusable neglect because a creditor, for example, inadvertently missed the claims bar date, see In re Enron Corp., 419 F.3d at 120 (creditor was occupied with other negotiations with the debtors and failed to file claims until after the case had progressed),

12

failed to understand the bankruptcy rules regarding claims and bar dates, see In re New York Seven-Up Bottling Co., Inc., 153 B.R. 21, 23 (Bankr. S.D.N.Y. 1993) (creditor chose not to file proofs of claim after receipt of clear notice based on the assumption that the claims were not in dispute), mistakenly believed that the bar date was a later, incorrect date, see U.K. Northridge, Inc. v. Au Coton, Inc. (In re Au Coton, Inc.), 171 B.R. 16, 17 (S.D.N.Y. 1994) (counsel missed bar date without any dispute as to clarity of notice), or offered no explanation for the delay in filing, see In re Calpine Corp., Nos. 05-60200 (BRL), 07 Civ. 8493 (JGK), 2007 WL 4326738, at *7 (S.D.N.Y. Nov. 21, 2007) (creditor failed to provide an explanation for not including alleged related claims with the filing of the original timely filed claims).

  D. <u>Banesco Has Acted In Good Faith</u>

  21. The circumstances of this filing demonstrate that Banesco has acted in good faith. Banesco certainly intended and planned in utmost good faith to file all of its claims in a timely fashion, as evidenced by previous filings in the LBI case. Banesco will timely file its claims on or before the Securities Programs Bar Date, and believes that all of its claims against the Debtors are subject to the Securities Programs Bar Date, subject only to the uncertainty described above about whether the Note is listed on the Program Securities List and thus whether it is required to seek relief on the basis of excusable neglect. See Gayda Decl. at ¶¶ 8-10. Banesco has also endeavored to gather all relevant information regarding its claims in the most timely fashion possible.

  E. <u>The Equities Of The Case Favor The Granting of Banesco's Motion</u>

  22. The Supreme Court in Pioneer stated that the determination of excusable neglect is an equitable one. See Pioneer, 507 U.S. 395. Subsequent cases have made clear that

13

the determination involves a balancing of several factors, no one of which is determinative. See Praedium II Broadstone, LLC v. Wall St. Strategies, Inc., 2004 U.S. Dist. LEXIS 23308 (S.D.N.Y. Nov. 18, 2004) ("No single factor [under the Pioneer test] is controlling."). Here, the balance of the equitable factors weighs heavily in favor of the movant. Unlike many cases where a claim of "excusable neglect" has been rejected, there is no prejudice, there is no delay, and there can be no dispute as to the good faith of the movant. The only true question is how the Court should review and weigh the reason for the delay. Pioneer provides the Court the necessary guidance to make that decision in this case.

23. In Pioneer, the unusual procedures relating to the claims filing process (the bar date notice was included in small print in the notice of meeting of creditors) were the reason for the delayed filing of the claim. The other three factors clearly favored the movant. The Supreme Court found that the movant demonstrated excusable neglect. Those are very similar to the facts that this Court now faces. Three factors are not subject to any bona fide dispute and, with respect to the fourth, LBHI is a huge case with multiple bar dates and other unusual procedures analogous to the unusual bar date procedures in Pioneer. Further, the Note has the basic generic characteristics of the types of instruments that are on the Program Securities List and Banesco believes that it should properly have been included on the Program Securities List from the outset and therefore should be subject to the Securities Programs Bar Date, especially because Banesco did not have the Identification Number for the Note. Not recognizing "excusable neglect" in this instance would be contrary to Pioneer and would strip the language found in Federal Rule of Civil Procedure 60(b) of all meaning.

24.　　Chadbourne & Parke LLP ("Chadbourne"), Banesco's undersigned counsel, filed hundreds of complex claims on behalf of multiple clients in these cases. See Gayda Decl. at ¶ 4. The sheer size and number of claims, together with other factors, including the geographical dispersion of the clients across multiple time zones and language and cultural barriers, made the process of filing claims very challenging. Id. Because of these factors and certain last-minute requests by various Chadbourne clients for help with additional claims not previously identified, the two week period prior to the LBHI Bar Date was extremely hectic, with numerous deadlines needing to be met on short notice. See Gayda Decl. at ¶ 10. In Banesco's case, based on the client's other bonds, which were listed on the Program Securities List, and the basic characteristics of the Note, which are similar to those of notes listed on the Program Securities List, Chadbourne believed that all of Banesco's claims were subject to the Securities Programs Bar Date of November 2. See Gayda Decl. at ¶ 11. Because of the circumstances described above, it was necessary and appropriate for Chadbourne to prioritize and deal with those claims that were subject to the September 22 LBHI Bar Date first. Id.

25.　　For the foregoing reasons and as set forth in the Declaration of Robert J. Gayda, the equities weigh heavily in favor of the movant on the issue of excusable neglect and, if necessary, the request in this Motion for related relief should be granted.

### NOTICE

26.　　Banesco has provided notice of the Motion pursuant to the Amended Order Implementing Certain Notice And Case Management Procedures entered in this proceeding [Docket No. 2837]. Banesco submits that no other or further notice need be given.

**NO PRIOR REQUEST**

27. No prior motion for the relief requested herein has been made to this Court or any other court.

WHEREFORE, Banesco respectfully requests that the Court enter the Order, in substantially the form attached hereto as Exhibit A, requiring LBHI to provide Banesco with an Identification Number relating to the Note. In the event that LBHI is not in possession of an Identification Number for the Note or such Identification Number does not appear on the Program Securities List, Banesco requests that the Court either add the Note to the Program Securities List or, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1), deem any proof of claim relating to Banesco's Note to be filed timely provided it is filed on or before the Securities Programs Bar Date, or November 2, 2009.

Dated: New York, New York
       October 31, 2009

**CHADBOURNE & PARKE LLP**

By: */s/ David M. LeMay*
    Howard Seife
    David M. LeMay
    Members of the Firm
    30 Rockefeller Plaza
    New York, New York 10112
    Phone: (212) 408-5100
    Fax: (212) 541-5369

NY3 - 497607.08