```
------------------------------------------------------------------------x
In re                                              :    Chapter 11 Cases
                                                   :
LEHMAN BROTHERS HOLDINGS INC. et al.,              :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    Jointly Administered
------------------------------------------------------------------------x
```

# DECLARATION OF ROBERT J. GAYDA

Pursuant to 28 U.S.C. §1746, Robert J. Gayda declares and says:

1. I am Robert J. Gayda, an associate at Chadbourne & Parke LLP ("Chadbourne").  I am a member in good standing of the bar of the State of New York and of this Court.

2. I submit this declaration in support of the Motion of Banesco Banco Universal Requiring Lehman Brothers Holdings Inc. ("LBHI") To Provide Requested Information And To Deem Claim To Be Timely Filed By The Securities Program Bar Date.

3. I have worked at Chadbourne since 2004, and was admitted to the bar in January of 2005.  I have experience in dealing with the claims filing process in large chapter 11 cases, such as the Refco case, where I coordinated the filing of hundreds of claims for various clients, including Banesco Banco Universal ("Banesco").

4. Chadbourne has prepared and filed numerous claims on behalf of Banesco and its affiliated entities in the various insolvency proceedings of LBHI and its related entities (including Lehman Brothers Inc.), as well as the claims of numerous other clients.  Under the supervision of a partner of the firm, I had the primary responsibility of coordinating the preparation and filing of the majority of Chadbourne's clients' claims against LBHI and its debtor

NY3 - 497673.07

affiliates (collectively, the "Debtors") prior to the September 22, 2009 bar date (the "LBHI Bar Date") established in the Order Pursuant To Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3) Establishing The Deadline For Filing Proofs Of Claim, Approving The Form And Manner Of Notice Thereof And Approving The Proof Of Claim Form [Docket No. 4271] (the "Bar Date Order").  In all, this totaled approximately 100 complex claims on behalf of multiple clients, located in North America, Europe, and South America.  Further, I was responsible for reviewing all potential claims of Chadbourne's more than 20 clients.  I worked in coordination with Chadbourne attorneys from other practice areas who were involved in the representation of these clients.  The sheer size and number of claims, together with the geographical dispersion of the clients across multiple time zones, along with (in certain cases) language and cultural barriers, made the process of collecting and synthesizing the relevant information very challenging.

5. Prior to and after the establishment of the LBHI Bar Date, I sent multiple email notifications to clients, including our designated contact person for Banesco, indicating the existence of LBHI Bar Date and the need to file claims in response to the LBHI Bar Date.  These communications were sent out on May 29, 2009, around the time when the Bar Date Order was initially proposed, and July 6, 2009, around the time when the Bar Date Order was entered.

6. In the months leading up to -- and well in advance of -- the LBHI Bar Date, I began to contact clients individually, coordinate internally, and prepare and file claims.  I reviewed my files with respect to all client accounts.  Specifically, with respect to Banesco, I reviewed the claims we previously filed against LBI which the client had reviewed, various

NY3 - 497673.07

account statements, and other internal records to determine which bar dates were applicable. Banesco and its affiliates held a number of varying securities in its LBI accounts.

7.  Banesco had informed me that it had purchased a Three-Year Venezuelan Bolivar Fuerte Linked Note, which was issued on August 14, 2006 by LBHI in the principal amount of $15,500,000, and came to maturity on January 7, 2009 (the "<u>Note</u>"). Banesco (or related entities) also held three other notes, for which it has ISINs, that are listed on the Program Securities List, and for which Chadbourne has prepared proof of claims. These claims will all be filed on or before the bar date of November 2, 2009 (the "<u>Securities Programs Bar Date</u>").

8.  Like many of the securities listed on the Program Securities List, the Note is a "structured" security, meaning that the payment terms were linked to the cash flow or value of another instrument. I understand that in the case of the Note, the related instruments, or reference obligations, were various Venezuelan, Brazilian and Russian bonds. The Note has the basic generic characteristics of the types of instruments that are on the Program Securities List.[1]

9.  I specifically reviewed the Program Securities List with respect to some of the securities in Banesco's accounts to determine if Banesco's claims were subject to the Securities Programs Bar Date. Those securities, which were similar to myriad other securities held by Chadbourne's clients, were listed on the Program Securities List. Therefore, to my knowledge and good faith belief at the time, all of Banesco's claims against LBHI were subject to the Securities Programs Bar Date and not to the LBHI Bar Date.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bar Date Order.

10. In the approximately two weeks before the LBHI Bar Date, certain clients indentified and asked me to prepare and file over 20 additional complex claims that I was not previously aware of. Accordingly, although the Chadbourne team working on this matter was expanded to add an additional associate, the two week period prior to the LBHI Bar Date was an extremely hectic time for me, with numerous deadlines needing to be met on short notice.

11. Because of the circumstances described above, it became necessary and appropriate to prioritize and deal with those claims that were subject to the LBHI Bar Date of September 22 first. In this instance, based on the client's other bonds and the similarities between them, as well as the fact that all of the notes held by Banesco have the basic characteristics of instruments that are on the Program Securities List, I believed in good faith that Banesco's claims were subject to the Securities Programs Bar Date of November 2.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

NY3 - 497673.07

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31, 2009 in New York, New York.

*/s/ Robert J. Gayda*
Robert J. Gayda