**Hearing Date and Time: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: November 13, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
**In re**                                                        :    **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                     :    **08-13555 (JMP)**
                                                                 :
                              **Debtors.**                       :    **(Jointly Administered)**
                                                                 :
-----------------------------------------------------------------x

**NOTICE OF LBHI'S MOTION, PURSUANT TO SECTION 542(B) OF
THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER DIRECTING
ZAO CITIBANK (RUSSIA) TO TURN OVER POSTPETITION RECEIPTS**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above referenced chapter 11 cases, the "Debtors") for the entry of an order directing ZAO Citibank (Russia) to turn over postpetition receipts to LBHI, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

US_ACTIVE:\43196516\04\43196516_4.DOC\58399.0003

shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Lori R. Fife, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Stephen J. Shimshak, Esq. and Douglas R. Davis, Esq., attorneys for Citigroup, Inc. and its respective affiliates and subsidiaries, so as to be so filed and received by no later than **November 13, 2009 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 3, 2009
      New York, New York

/s/ Lori R. Fife
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor and
Debtor In Possession

Hearing Date and Time: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 13, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al*., : 08-13555 (JMP)
: 
**Debtors.** : **(Jointly Administered)**
---------------------------------------------------------------x

**LBHI'S MOTION, PURSUANT TO SECTION 542(b) OF**
**THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER DIRECTING**
**ZAO CITIBANK (RUSSIA) TO TURN OVER POSTPETITION RECEIPTS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), files this motion and respectfully states:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The

Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

5.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

6.  Pursuant to section 542(b) of the Bankruptcy Code, LBHI requests the entry of an order directing ZAO Citibank (Russia) ("ZAO") to turn over postpetition receipts of 114,995,982.12 Russian ruble (equivalent to approximately $3,925,179)[1] to LBHI.

## The Postpetition Receipts

7.  On April 15, 2009, the Court "So-Ordered" a *Stipulation and Order Authorizing (1) Turnover of Postpetition Deposits with Citibank, and (2) Indemnification of Citibank in Respect of Any Third Party Claims Arising From the Turnover of Postpetition*

---

[1] All amounts converted at October 27, 2009 exchange rate.

*Deposits* (the "Stipulation and Order") [Docket No. 3373], among the Debtors and Citigroup Inc. and its respective affiliates and subsidiaries, including ZAO (collectively, "Citibank"). Generally, pursuant to the Stipulation and Order, the Debtors and Citibank agreed to cooperate with each other to turn over to the Debtors postpetition receipts that are deposited into the Debtors' bank accounts with Citibank throughout the world. *See* Stipulation and Order ¶ 2. The turnover of funds is subject to Citibank's reservation of rights to assert, and the Debtors' reservation of rights to contest, *inter alia*, claims of setoff, administrative expense priority, and adequate protection. *See id.* ¶ 3. Since the entry of the Stipulation and Order, Citibank and the Debtors have been cooperating to turn over postpetition receipts to the Debtors in accordance with the Stipulation and Order, including seeking to obtain all necessary regulatory and governmental approvals and consents.

8.  LBHI (UK) holds an account with ZAO (Account No. 0501370001 (the "Account")). On the Commencement Date, the Account was overdrawn by RUB 114,995,982.12. On September 15, 2008, after 1:45 a.m. (EST), the time of the commencement of LBHI's chapter 11 case, RUB 135,000,000.00 in one wire transfer was sent into the Account. Consistent with ZAO's customary procedures, ZAO automatically applied the transfer to cover the RUB 114,995,982.12 overdraft. Since September 15, 2008, an additional RUB 270,707.22 has been transferred into the Account, for a postpetition receipt total of RUB 135,270,707.22 (or approximately $4,617,220).

9.  Representatives of LBHI and Citibank have conferred, and LBHI and Citibank agree that the Stipulation and Order obligates Citibank worldwide (which by U.S. law extends to all affiliates, including ZAO) to turn over postpetition receipts. Without regard to U.S. bankruptcy law principles, there may be restrictions under Russian law that would prevent

ZAO from reinstating the Account into overdraft. Accordingly, to facilitate Citibank's turnover of postpetition receipts in compliance with the requirements of Russian banking and other law, ZAO has requested that LBHI obtain an order of the Court directing it to turn over the portion of the postpetition receipts that ZAO had automatically applied to cover the Account or RUB 114,995,982.12 (such portion, the "Postpetition Receipts").

10. Pursuant to paragraph 9 of the Stipulation and Order, Citibank has consented to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Order.

**ZAO Should be Directed to Turn Over the Postpetition Receipts**

11. ZAO is required to turn over the Postpetition Receipts pursuant to Section 542 of the Bankruptcy Code. Section 542(b) of the Bankruptcy Code provides in pertinent part as follows:

> [A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title…

11 U.S.C. § 542(b); *see also Enron Corp. v. Columbia Gas Transmission Corp. (In re Enron Corp.)*, 2006 WL 2400082 (Bankr. S.D.N.Y. June 15, 2006).

12. Section 542 "on its face is clear and unambiguous, and it mandates that a party holding property of the debtor's estate 'shall' deliver the property to the debtor or trustee." *In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 489 (S.D.N.Y. 2003); *see also U.S. v. Whiting Pools*, 462 U.S. 198, 205 (1983) (section 542(a) "requires an entity (other than a custodian) holding any property of the debtor that the trustee can use under § 363 to turn that property over to the trustee"). The well-established purpose of the statute "is to empower the trustee [or debtor in possession] in bankruptcy to get hold of the property of the debtor, some of

which will be in the possession, custody, or control of third parties." *In re USA Diversified Products, Inc.*, 100 F.3d 53, 56 (7th Cir. 1996).

13. The Postpetition Receipts fall squarely within the scope of section 542 and therefore turnover should be granted. First, the Postpetition Receipts represent a matured, undisputed and payable debt to LBHI that is property of LBHI's estate. Second, the Postpetition Receipts are in the possession of Citibank, which does not dispute that the Stipulation and Order obligates it to turn over the Postpetition Receipts. Finally, the Postpetition Receipts, worth approximately $3.9 million in cash, are of consequential value or benefit to LBHI's estate.

14. For these reasons, LBHI requires, and should be granted, an order directing ZAO to turn over the Postpetition Receipts to LBHI pursuant and subject to the terms and conditions of the Stipulation and Order, including, without limitation, the mutual reservation of rights of Citibank and the Debtors.

### Notice

15. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (v) all parties who have requested notice in these cases (vi) Citigroup Inc.; and (vii) ZAO. The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 3, 2009
      New York, New York

      /s/ Lori R. Fife
      Lori R. Fife

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153-0119
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtor and
      Debtor In Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                     :    Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :    08-13555 (JMP)
                                                          :
                    Debtors.                              :    (Jointly Administered)
                                                          :
                                                          :
------------------------------------------------------------x

### ORDER DIRECTING ZAO CITIBANK (RUSSIA) TO TURN OVER POSTPETITION RECEIPTS TO LBHI PURSUANT TO SECTION 542(b) OF THE BANKRUPTCY CODE

Upon the motion, dated November 3, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 542(b) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order directing ZAO Citibank (Russia) ("ZAO") to turn over 114,995,982.12 Russian ruble (equivalent to approximately $3,925,179)[1] to LBHI, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] Applying October 27, 2009 exchange rate.

FOUND THAT:

A. <u>Jurisdiction</u>. The Court has jurisdiction to consider the Motion and the relief requested therein. The Court has jurisdiction over ZAO and LBHI's deposit account number 0501370001 at ZAO (the "<u>Account</u>").

B. <u>Core Proceeding</u>. Consideration of the Motion and the relief requested therein constitutes a core proceeding and the Court has authority to enter a final order and decision determining the Motion.

C. <u>Venue</u>. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. <u>Notice</u>. Due and proper notice of the Motion has been provided to ZAO and no further notice need be provided.

E. <u>Property of the Estate and Turnover</u>. The Account and the RUB 114,995,982.12 transferred to the Account on or after September 15, 2008 constitute property of LBHI's estate pursuant to section 541(b) of the Bankruptcy Code. LBHI has demonstrated cause for ZAO's turnover of RUB 114,995,982.12 in accordance with the Bankruptcy Code.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 542(b) of the Bankruptcy Code, ZAO is directed to turn over RUB 114,995,982.12 to LBHI.

3. ZAO's turnover of RUB 114,995,982.12 to LBHI shall be pursuant and subject to the terms and conditions of the *Stipulation and Order Authorizing (1) Turnover of Postpetition Deposits with Citibank, and (2) Indemnification of Citibank in Respect of Any Third Party*

*Claims Arising From the Turnover of Postpetition Deposits* [Docket No. 3373], including, without limitation, ZAO and LBHI's mutual reservation of rights thereunder.

4. This Order constitutes the final decision of the Court on the Motion.

5. LBHI is authorized to take all further actions that may be necessary or required to enforce the terms of this decision and Order.

6. Notice of the Motion as provided herein shall be deemed good and sufficient notice of the Motion.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, without prejudice to the authority of the local courts in Russia to enforce this Order.

Dated: November __, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE