**Hearing Date and Time: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: November 13, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

**NOTICE OF DEBTORS' MOTION, PURSUANT TO BANKRUPTCY RULE 2004, FOR AN ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") for authorization to issue subpoenas for the production of documents and the examination of persons and entities determined by the Debtors, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **November 13, 2009 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

        PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 4, 2009
      New York, New York

/s/ Harvey R. Miller
Harvey R. Miller

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

**DEBTORS' MOTION, PURSUANT TO BANKRUPTCY RULE 2004, FOR AN ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion for authorization to issue subpoenas for the production of documents and the examination of persons and entities determined by the Debtors to have information relevant to the acts, conduct, property and liabilities of the Debtors and other matters relating to the administration of the Debtors' estates, including, but not limited to, the Debtors' former employees, lenders, investors, creditors and counterparties to transactions with Debtors, in order to obtain all information in their possession,

custody or control that is relevant to the Debtors' assets, claims against the Debtors or the Debtors' business, and respectfully represent:

## PRELIMINARY STATEMENT[1]

1. In the last several months, the Debtors have successfully transitioned from the frenetic early stages of these cases to a controlled and focused strategy of maximizing recoveries for their creditors. Notwithstanding the significant progress, before the Debtors can move into the next phase of the chapter 11 cases, including negotiating and proposing confirmable chapter 11 plans, ongoing analyses and investigations into the Debtors' businesses and assets and liabilities must be completed. The Debtors are currently reviewing intercompany transactions, governance, alleged guarantee claims, potentially avoidable transactions, modes of operations and financial reporting, claims and other matters. Based on the fact-intensive nature of such investigations and reconciliation of the over 50,000 claims filed in these cases, it would facilitate the ongoing process to permit the Debtors to conduct Bankruptcy Rule 2004 examinations as may be appropriate.

2. The Debtors do not have all of the information they may need for various reasons, including, (a) the chaos that ensued following the Commencement Date, (b) the sale of the certain assets to Barclays Bank PLC and the loss of resources relating thereto, and (c) the commencement of separate insolvency proceedings of up to 80 of the Debtors' affiliates in more than 16 countries around the world. The Debtors request the authority to issue subpoenas to compel witnesses to produce documents and appear for examination and implement deadlines for witnesses to produce documents, appear for examination, file responses and/or objections to the subpoena and procedures for witnesses to assert claims of privilege.

[1] All capitalized terms used but not defined shall have the meaning ascribed to them below.

3. Without the approval of the procedures set forth herein, the Debtors would be compelled to file separate motions pursuant to Bankruptcy Rule 2004 each time they sought information from an uncooperative party. Recognizing this alternative would be an inefficient use of the Court's time and a drain on the Debtors' resources, this Court granted similar relief to the SIPC Trustee and the Examiner. The Debtors request authority consistent with prior orders in this case to facilitate the efficient administration of these cases.

**BACKGROUND**

4. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 the Court approved the U.S. Trustee's appointment of the Examiner.

## JURISDICTION

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## LEHMAN'S BUSINESS

9. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

10. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## RELIEF REQUESTED

11. By this Motion, the Debtors request entry of the proposed order authorizing the Debtors to issue subpoenas directing the production of documents and the examination of witnesses pursuant to Bankruptcy Rule 2004, without separate application to this Court for each subpoena or witness, and in accordance with the procedures set forth herein and in the proposed order. The pre-approval of authority to issue subpoenas pursuant to Bankruptcy Rule 2004 is critical to the efficient gathering of all information relevant to the evaluation of its assets and liabilities and the further administration of these cases.

## BASIS FOR RELIEF

A. The Debtors Request Subpoena Power to Enable Them to Administer Their Estates

12. Bankruptcy Rule 2004(a) states that on "motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). The scope of an examination sought under Bankruptcy Rule 2004 may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge…[or to] the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummation a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan." See FED. R. BANKR. P. 2004(b).

13. Thus, a "party in interest may use Rule 2004 to determine the nature and extent of a bankruptcy estate and to ascertain whether wrongdoing has occurred." In re Hilsen, 2008 WL 2945996, *4 (Bankr. S.D.N.Y., July 25, 2008) (Peck, J.) (citations omitted); see also In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a party in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions, and assessing whether wrongdoing has occurred."); In re Coffee Cupboard, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) ("The purpose of a Rule 2004 examination 'is to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'") (citing Cameron v. U.S., 231 U.S. 710, 714 (1914)).

14. The granting of a motion under Bankruptcy Rule 2004 is within the discretion of the Court. See In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("As

the permissive language of the rule suggests, the Court has the discretion to grant a request for a 2004 examination . . .") (citations omitted). Bankruptcy Rule 2004 is "debtor-centric and allows considerable leeway for all manner of so-called fishing expeditions provided that there is a reasonable nexus to the debtor and the administration of the debtor's case." In re Hilsen, 2008 WL 2945996, at *1. Bankruptcy Rule 2004 requires a court to "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." In re Drexel Burnham Lambert Group, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

15. The Court granted nearly identical relief to the relief requested herein to the SIPC Trustee and the Examiner in this case, upon the filing of motions by such parties for authorization to issue subpoenas pursuant to Bankruptcy Rule 2004 as necessary to satisfy their statutory and court ordered obligations, respectively. See In re Lehman Brothers Inc. (Case No. 08-01420), *Order Granting the Authority to Issue Subpoenas for the Production of Documents and the Examination of the Debtors' Current and Former Officers, Directors and Employees, and Other Persons* [Docket No. 561]; *Order Granting the Examiner's Motion Directing the Production of Documents and Authorizing the Examination of the Debtors' Current and Former Officers, Directors and Employees, and Other Persons and Entities* [Docket No. 2804]

16. The Debtors will endeavor to avoid replication or duplication of the efforts of the Examiner or the SIPC Trustee in their discovery efforts.

17. As the Debtors continue various investigations, recoveries and examinations and have begun the analyses of filed claims, it is evident that there is additional information and data that the Debtors will require from various parties. The Debtors have sought, and the Debtors intend to continue to seek, voluntary cooperation and consensual
discovery from holders of information. The Debtors are cognizant that not all parties will cooperate with the Debtors' requests for information. The Debtors intend to issue subpoenas to compel a witnesses appearance for examination only when appropriate. Absent the authority to compel examinations under Bankruptcy Rule 2004, it would require the Debtors to engage in more laborious discovery processes with greater expenditure of time and money to the prejudice of the economic stakeholders.

B. A Streamlined Subpoena Process is Necessary for Efficient Administration of the Estates

18. The Debtors also seek to establish streamlined procedures governing the issuance of subpoenas to provide witnesses with notice and an opportunity to object and preserve all substantive rights of witnesses.

19. Specifically, the proposed order includes the following procedures in connection with the issuance of subpoenas: (A) except as otherwise agreed by the relevant Debtor, within ten (10) days of service of a Debtor's subpoena, witnesses shall be directed to produce, on a rolling basis all documents responsive to the Debtor's subpoena (except any documents under a claim of privilege) or, within ten (10) days of service of the Debtor's subpoena, to file all objections and/or responses to the Debtor's subpoena with the Court, with a hearing promptly scheduled; (B) if a witness withholds any documents based upon privilege, the witness must provide the Debtor with a privilege log containing the information required under Bankruptcy Rule 7026, within ten (10) days of service of a subpoena upon such witness (unless otherwise agreed by the Debtor); (C) the witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, in no event more than fifteen (15) days from the service of a deposition subpoena upon a witness; and (D) in accordance with the

Bankruptcy Rules 2004 and 9016, the Clerk of the Court shall issue subpoenas, signed but otherwise in blank as requested by the Debtors.

20. Based upon the circumstances of this case, the proposed procedures for the issuance of subpoenas are necessary and appropriate for the Debtors to efficiently obtain the necessary information to properly administer the Debtors' cases. The establishment of (and adherence to) deadlines for compliance with the subpoenas is crucial to the efficient administration of the Debtors' estates.

21. In the interests of transparency, the Debtors will serve a copy of each subpoena on (i) the Securities and Exchange Commission; and (ii) the Internal Revenue Service and (iii) the United States Attorney for the Southern District of New York. In addition, the Debtors will file with the Court an affidavit or declaration of service for each subpoena it serves.

22. The proposed order, attached hereto does not limit the substantive rights of witnesses or other parties under applicable law to object to or oppose any subpoena the Debtors may serve.

**NOTICE**

23. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

24. No prior motion for the relief requested herein has been made to this Court or any other court.

WHEREFORE the Debtors request the authority to issue subpoenas and conduct examinations pursuant to Bankruptcy Rule 2004 as they deem appropriate and consistent with the proposed order and that they be granted such other and further relief is just.

Dated: November 4, 2009
New York, New York

/s/ Harvey R. Miller
Harvey R. Miller

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

## ORDER GRANTING THE DEBTORS AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES

Upon the motion, dated November 4, 2009 (the "Motion"), of Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the Debtors to issue subpoenas for the production of documents and the examination of persons and entities determined by the Debtors to have information relevant to the administration of the Debtors' estates, including without limitation, the Debtors' former employees, lenders, investors, creditors and counterparties to transactions with Debtors, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court

having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that the Debtors are authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of witnesses in connection with the administration of these cases; and it is further

        ORDERED that, unless otherwise agreed to by the applicable Debtor, witnesses shall have ten (10) days from the service of a subpoena to either (1) produce to the Debtor all responsive documents requested in the Debtor's subpoena, other than those documents withheld under a claim of privilege or (2) file with the Bankruptcy Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

        ORDERED that, unless otherwise agreed to by the applicable Debtor, if a witness withholds any documents from the production based upon a claim of privilege, such witness is directed to provide counsel for the Debtor with a privilege log, containing the information required under Bankruptcy Rule 7026, within ten (10) days of the service of a subpoena on the witness; and it is further

        ORDERED that, the witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon such witness; and it is further

ORDERED that, nothing herein shall limit the rights of any witness or any other party under applicable law to object to or oppose any subpoena the Debtors may serve upon such witness; and it is further

ORDERED that, in accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed, but otherwise in blank, as requested by the Debtors; and it is further

ORDERED that the Debtors shall serve each subpoena and a copy of this Order on the target of the subpoena, with a copy to (i) the Securities and Exchange Commission; (ii) the Internal Revenue Service and (iii) the United States Attorney for the Southern District of New York; and it is further

ORDERED that the Debtors shall file with the Court an affidavit or declaration of service for each subpoena it serves; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

ORDERED that, this Order is without prejudice to the Debtors' right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

Dated: November __, 2009
New York, New York

________________________________________
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE