WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
::
**In re**       :   **Chapter 11 Case No.**
::
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :   **08-13555 (JMP)**
::
Debtors.   :   (Jointly Administered)
::
-----------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER AMONG BARCLAYS CAPITAL INC., LEHMAN BROTHERS HOLDINGS, INC., AND WEIL, GOTSHAL & MANGES LLP

**PLEASE TAKE NOTICE** that the undersigned will present the attached Confidentiality Stipulation and Protective Order Among Barclays Capital Inc., Lehman Brothers Holdings, Inc., and Weil, Gotshal and Manges LLP (the "Stipulation and Proposed Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on November 12, 2009, at 12:00 p.m.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Stipulation and Proposed Order must be made in writing and received in the Bankruptcy Judge's chambers and by the undersigned by not later than 10:00 a.m. on November 12, 2009. Unless objections are received by that time, the Order may be signed.

Dated:  November 4, 2009
        New York, New York

                                    /s/ Shai Y. Waisman
                                    Shai Y. Waisman
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                                    :

In re                                                  :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :          08-13555 (JMP)

                     Debtors.                :          (Jointly Administered)
---------------------------------------------------------------------x

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER
## AMONG BARCLAYS CAPITAL INC., LEHMAN BROTHERS HOLDINGS, INC., AND WEIL, GOTSHAL & MANGES LLP

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Barclays Capital Inc. and its affiliates ("Barclays"), (b) Lehman Brothers Holdings, Inc. ("LBHI"), and (c) Weil, Gotshal & Manges LLP ("WG&M").

WHEREAS, commencing on September 15, 2008, LBHI and its affiliated debtors and debtors-in-possession in the Chapter 11 Cases (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or "Court") (Case Nos. 08-13555 and 08-13600, such cases, the "Chapter 11 Cases"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on September 16, 2008, LBHI, Lehman Brothers Inc., and LB 745 LLC entered into an Asset Purchase Agreement (and any amendments, clarifications, or modifications thereto, including that certain Clarification Letter dated September 20, 2008, the "Purchase Agreement") with Barclays;

WHEREAS, on or about September 17, 2008, the Debtors filed the Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "Sale Motion");

WHEREAS, on September 20, 2008, the Bankruptcy Court granted the Debtors' Sale Motion and entered an order (the "Sale Order") approving the Purchase Agreement and the various transactions contemplated therein in the Chapter 11 Cases;

WHEREAS, on May 18, 2009, the Debtors moved for entry of an order pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 2004 authorizing discovery concerning transactions related to the Purchase Agreement;

WHEREAS, on September 15, 2009, the Debtors filed a motion, pursuant to Federal Rule of Civil Procedure 60 and Fed. R. Bankr. P. 9024, for an order modifying the Sale Order (the "Rule 60 Motion");

WHEREAS, on September 23 and October 12, Barclays served subpoenas on WG&M seeking documents and information concerning the Rule 60 Motion (all documents and information provided henceforward by WG&M to Barclays or LBHI in connection with the Rule 60 Motion, the "Discovery Materials");

WHEREAS, WG&M has requested, and Barclays and LBHI have agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, Barclays, LBHI and WG&M have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. This Stipulation governs the production and/or provision of Discovery Materials as that term is defined herein, and does not affect, amend or modify any existing confidentiality agreements among, or protective orders applicable to, Barclays, LBHI, or WG&M.

2. WG&M may designate any Discovery Material as "Confidential" under the terms of this Stipulation if WG&M reasonably believes in good faith that such Discovery Material contains or constitutes non-public proprietary, personal, highly confidential or commercially sensitive information, including, but not limited to, non-public information about employee compensation, tax data, personal financial information, information constituting confidential research or business development, or proprietary, financial, technical or commercial information that requires the protections provided in this Stipulation ("<u>Confidential Discovery Material</u>"). WG&M shall not designate as Confidential material that relates to subject matters addressed in the Rule 60 Motions that were the subject of LBHI's September 24, 2009 joinder to Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc., et al., pursuant to 11 U.S.C. §§ 105(A) and 107(A), to Unseal Motions for relief from September 20, 2008 Sale Order (and Related SIPA Sale Order).

3. Discovery Material, or information derived therefrom, shall be used solely for purposes of this litigation and shall not be used for any other purpose.

4. For purposes of this Stipulation, WG&M will designate any Discovery Material as "Confidential" in the following manner, provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and WG&M may so designate a

document promptly after such document has been produced, pursuant to paragraph 10 herein, with the effect that such document is subject thereafter to the protections of this Stipulation:

    a.    in the case of paper documents or other paper materials (apart from depositions or other pretrial testimony) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material;

    b.    in the case of electronically stored information produced in electronic form, by affixing to the physical media on which any such information is produced the legend "Confidential" or the legend "Contains Confidential Information" and by (i) indicating in writing, at the time of such production, what portions of the electronically stored information are Confidential, or (ii) affixing, by electronic means, to each electronic document or other electronically stored information the legend "Confidential;"

5.    Discovery Materials that have been designated Confidential shall be maintained in confidence and, although such Confidential Discovery Materials may be shared between and among counsel for Barclays or LBHI without providing notice to WG&M, they shall not be shared by counsel for Barclays or LBHI with any person other than: (i) WG&M's members and employees at their depositions or interviews (provided that no other parties are present at the interview or deposition who are not entitled to see Confidential information); (ii) persons who have lawfully already seen or received the document(s) at issue (provided that no other parties are present at the interview or deposition who are not entitled to see Confidential information); (iii) Boies, Schiller & Flexner LLP, Cleary Gottlieb Steen & Hamilton LLP, and Sullivan & Cromwell LLP, in their capacity as counsel to Barclays, including their attorneys, legal assistants, paralegals, secretarial, and other staff; (iv) Jones Day, in its capacity as counsel to LBHI, including Jones Day attorneys, legal assistants, paralegals, secretarial, and other staff; (v)

attorneys and staff employed by Barclays or LBHI as in house counsel and reporting directly to Barclays or LBHI's General Counsels, including in house counsel attorneys, legal assistants, paralegals, secretarial, and other staff; (vi) professional firms or persons as are retained by Barclays or LBHI to provide specialized advice in connection with the Rule 60 Motion; (vii) outside vendors such as copy services or document management vendors used by Barclays or LBHI; (viii) the Bankruptcy Court (in accordance with paragraph 12); (ix) a witness or other person providing information to Barclays or LBHI, subject to the provisions of paragraph 6 (provided that no other parties are present at the interview or deposition who are not entitled to see Confidential information); and (x) other persons upon further order of the Court or consent of WG&M, subject to the provisions of paragraph 6 (provided that no other parties are present at the interview or deposition who are not entitled to see Confidential information).

6. No Confidential Discovery Materials shall be provided to an individual who is included in paragraph 5(ix), until counsel for Barclays or LBHI has provided such person with a copy of this Protective Order and such person has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto. Within two business days from the date on which the Confidential Discovery Materials are provided to an individual included in paragraph 5(ix), counsel for Barclays or LBHI shall inform WG&M of the identity of the person in question, identifying any entities with which that person is affiliated, and the materials that were provided to that person. Discovery Materials that have been designated Confidential may only be provided to an individual included in the category defined in sub-paragraphs 5(x) after counsel for Barclays or LBHI has provided such person with a copy of this Protective Order and such person has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto.

7. If Confidential materials are utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for Barclays or LBHI (or, if counsel for WG&M is present, by counsel for WG&M) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

8. Counsel for Barclays or LBHI shall provide a copy of this Protective Order to a representative of any professional firm or individual who is retained by Barclays or LBHI in connection with the present litigation (collectively, the "<u>Permitted Recipients</u>", and each a "<u>Permitted Recipient</u>"), and the firm representative or individual, as the case may be, must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the firm or individual receiving any Confidential information.

9. In the event that Barclays, LBHI or a Permitted Recipient is required, by interrogatories, subpoena, civil investigative demand or similar legal process or applicable law or regulation, to disclose any of the Confidential Discovery Materials, it is agreed that Barclays or LBHI, and any relevant Permitted Recipient will provide WG&M with prompt notice of such event so that WG&M may seek a protective order or other appropriate remedy or waive compliance with the applicable provisions of this Stipulation. In the event that WG&M determines to seek such protective order or other remedy, Barclays or LBHI and any relevant Permitted Recipient will not oppose WG&M's seeking such protective order or other remedy, provided the terms of the protective order WG&M seeks will not narrow the scope of this Stipulation. In the event that such protective order or other remedy is not obtained and disclosure of the Confidential Discovery Materials is required under law, or WG&M grants a

waiver hereunder, Barclays, LBHI and/or the relevant Permitted Recipient, as the case may be, (i) may, without liability hereunder, furnish that portion (and only that portion) of the Discovery Materials which Barclays, LBHI and/or the relevant Permitted Recipient is legally required to disclose, and (ii) will exercise its commercially reasonable efforts to have confidential treatment accorded the Discovery Materials so furnished.

10. If at any time WG&M determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as Confidential, WG&M may apprise Barclays and LBHI in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Confidential under the terms of this Stipulation, provided, however, that WG&M shall, at its cost, provide Barclays and/or LBHI with substitute copies, bearing the appropriate legend, of any such Discovery Materials.

11. All Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential Discovery Materials shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

12. In the event Barclays or LBHI objects to any designation of testimony or Discovery Materials as Confidential, Barclays or LBHI shall so inform WG&M, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the objection, at the end of which Barclays and/or LBHI may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential, provided that no Confidential information shall be filed in the public record before such a determination by the Court, and provided further that the burden shall be on WG&M to justify the claim that disputed material has been properly designated.

13. In the event that WG&M inadvertently produces any materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege or protection from disclosure, such privileged or protected materials may be retrieved by WG&M by giving written notice to Barclays and/or LBHI. This notice must be provided within ten (10) business days of the date on which WG&M becomes aware of the inadvertent production. Upon receipt of such notice, Barclays, LBHI and/or other persons who have received a copy of the inadvertently produced materials shall promptly return any and all copies of those materials to WG&M. The terms of this Paragraph shall not be deemed a waiver of a party's right to challenge WG&M's designation of materials as privileged or protected (provided, however, that any such challenge to the designation may only be made following the return of such identified documents to WG&M), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this Paragraph be deemed to be a waiver of, or estoppel as to, any claim of privilege or protection asserted by WG&M. Neither Barclays nor LBHI shall use any inadvertently produced privileged or protected materials, or information gleaned from any inadvertently produced privileged or protected materials, in connection with the present litigation or any related actions except to challenge a claim that the materials are privileged or protected.

14. In the event additional parties join or are joined in the present litigation, they shall not have access to Confidential Discovery Material until the newly-joined party(ies) by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

15. Barclays, LBHI and WG&M agree to be bound by the terms of this Stipulation pending the entry of this Stipulation by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court.

16. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Rule 60 Motion, including the exhaustion of all possible appeals and other review, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to WG&M or destroy all such Confidential Discovery Material and certify that fact to WG&M. Documents that have been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files, and the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Confidential Discovery Material resident on the recipient's computer, server and/or back-up media.

17. The provisions of this Stipulation shall, absent written permission of WG&M or further order of the Court, continue to be binding throughout and after the conclusion of the Rule 60 Motion, including without limitation any appeals therefrom.

Dated: as of October 22, 2009
New York, New York

| | |
|---|---|
| By: /s/ Hamish P.M. Hume<br>    Jonathan D. Schiller<br>    Hamish P.M. Hume<br>    Jack G. Stern<br>BOIES, SCHILLER & FLEXNER LLP<br>    575 Lexington Avenue<br>    New York, NY 10022<br>    (212) 446-2300<br><br>Counsel for Barclays Capital Inc. | By: /s/ Robert W. Gaffey<br>    Robert W. Gaffey<br>JONES DAY<br>    222 East 41st Street<br>    New York, NY 10017<br>    (212) 326-3939<br><br>Special Counsel to Debtors and Debtors in Possession |

By: /s/ Jonathan D. Polkes
    Jonathan D. Polkes
    Richard J. Davis
WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    (212) 310-8000

**SO ORDERED:**

Dated:    New York, New York
            _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Confidentiality Stipulation and Protective Order among Barclays Capital Inc., Lehman Brothers Holdings, Inc., and Weil, Gotshal and Manges LLP, dated _____, 2009, in the matter entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this litigation, any information designated as Confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____