# EXHIBIT D

# RULE 2004 REQUEST

## DEFINITIONS

Pursuant to Rule 26.3(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which is made applicable to discovery requests made in cases and proceedings commenced under the Bankruptcy Code by S.D.N.Y. L.B.R. 7026-1, the full text of definitions and rules of construction delineated in paragraphs (c) and (d) of Rule 26.3 are deemed incorporated into this discovery request.

1. "1407 Broadway" means 1407 Broadway Real Estate LLC and any person or persons acting on its behalf, including but not limited to all officers, directors, members, employees, agents, representatives, subsidiaries and affiliates, including but not limited to 1407 BWAY LLC, Prime Group Realty Trust and The Lightstone Group.

2. "Affiliate" means any entity owned by or which owns, in whole or in part, a Debtor, whether such ownership is direct or indirect.

3. "Bankhaus" means Lehman Brothers Bankhaus AG, which entity is currently a debtor in an insolvency proceeding in Germany, and any person or persons acting on its behalf, including but not limited to all officers, directors, members, employees, administrators, agents, representatives, subsidiaries and affiliates.

4. "Date" means the exact day, month and year if ascertainable or, if not, the best approximation thereof.  Approximation of a date may be made by reference to that date's relationship to other events.

5. "Debtors" means Lehman, LCPI and their affiliated Chapter 11 debtors as well as Lehman Brothers, Inc. (each individually a "Debtor" and collectively the "Debtors").

6. "Document" includes, without limitation, any written, printed, typed, recorded, or graphic matter, photographic matter, or mechanical or electronic sound reproductions and transcripts, however produced, reproduced, or stored, of whatever kind or description, whether

originals or drafts of any kind, and all copies thereof which are different in any way (whether by interlineation, receipt stamps, notations, indication of copies sent or received, or otherwise), regardless of whether designated "confidential," "privileged," or otherwise, in the possession or control of Debtors, their employees, consultants, accountants, attorneys or other agents, or known by Debtors to exist. Recordings of any kind are Documents as used herein, and include, but are not limited to, recordings of telephone conversations, interviews and meetings. The term "Document" further includes, without limitation, any paper, book, accounting journal, index, photograph, microfilm, microcard, magnetic tape, drawing, agreement, telegram, memorandum, report, record, transcript, note, notation, annotation, working paper, correspondence, communication, chart, minutes, log book, check stub, canceled check, form, invoice, schedule or graph. It also includes any other graphic, written, recorded, transcribed, punched, taped or filmed matter, however produced, reproduced or stored.

7.  "<u>Draws</u>" means requests for funding by 1407 Broadway pursuant to the terms of the Loan (each individually a "Draw" and collectively the "Draws").

8.  "<u>Identify</u>" means, in the case of a person, to give, to the extent known, the person's full name, present or last known residence address, present or last known business address and present or last known residence and business telephone numbers.

9.  "<u>Identify</u>" means, in the case of a Document, to provide separately for each Document the date the Document bears or, if undated, the date it was prepared; the identity of each person who participated in the preparation of it, including any review or editing; the identity of each person who received the Document or a copy thereof; a description of the Document, that is, "letter," "memorandum," etc., including a brief description of the substance of the Document; and the present location and custodian of each Document and any copy thereof. If

2

any Document identified in response to the following request does not now exist, describe in detail the unsuccessful efforts made to locate the Document; state what disposition was made of it; the reason for such disposition; the date thereof; and its last known location and custodian. If any Document identified in response to the following request is not in your possession or subject to your control, identify who has possession or control and the present location of the Document. Without limitation of the terms "control" or "custody" as used in the preceding sentence, a Document is deemed to be in your control or custody if you have the legal right to obtain the Document sought, or a copy thereof, from a person who has actual possession thereof.

10. "Identify" means, in the case of a communication, to provide separately for each communication the mode of the communication, that is, "written," "oral," "email," etc.; the speaker(s), author(s), or creator(s); the recipient(s); any and all other persons participating in or present during such communication; and the date, time, location, and the substance of the communication.

11. "LCPI" means Lehman Commercial Paper Inc. and any person or persons acting on its behalf, including but not limited to all officers, directors, members, employees, agents, representatives, subsidiaries and affiliates.

12. "Lehman" means Lehman Brothers Holdings Inc. and any person or persons acting on its behalf, including but not limited to all officers, directors, members, employees, agents, representatives, subsidiaries and affiliates.

13. "Loan" means that loan agreement dated January 4, 2007 between 1407 Broadway and Lehman, as the same may have been amended from time to time, and all Documents related thereto, including, but not limited to the Promissory Note dated January 4, 2007, the Mortgage in the Property, the Assignment of Leases and Rents, the Security

3

Agreement and the Fixture Financing Statement, Reserve and Security Agreement, the Net Profits Agreement, the Omnibus Loan Modification Agreement dated September 10, 2007, the Building Loan Agreement dated September 10, 2007, and all amendments or riders relating to any of the foregoing.

14. "Person" means natural persons, governments (or agencies thereof), quasi public entities, corporations, associations, partnerships, ventures, and any other form of organization.

15. "Petition Date" means September 15, 2008.

16. "Prior Draws" means Draws numbered 1 through 15.

17. "Relate(s) to" means constituting, pertaining to, regarding, referring to, reflecting, concerning, setting forth, describing, explaining, recording, summarizing, showing or being in any way logically or factually connected with the matter described.

18. "You" and "Your" means any of the Debtors, Lehman and/or LCPI, and any person or persons acting on their behalf, including but not limited to all officers, directors, members, employees, agents, representatives, subsidiaries and affiliates.

## INSTRUCTIONS

1. Documents produced should include everything in the possession, custody or control of Debtors, Lehman and/or LCPI, including but not limited to any person or persons acting on their behalf, officers, directors, members, employees, agents, representatives, subsidiaries and affiliates, relating to the Requests for Documents ("Document Request(s)"). Documents produced should be organized and described or labeled by reference to the request(s) to which each Document is responsive. Document Requests shall be deemed to be continuing, so as to require supplemental responses where Debtors, Lehman and/or LCPI, including but not limited to any person or persons acting on their behalf, officers, directors, members, employees,

4

agents, representatives, subsidiaries and affiliates come into the possession of responsive information or Documents that have not been supplied previously. Such supplemental responses are to be made as soon as reasonably possible after the information or Documents are obtained. The date such additional information or Documents came into possession and the identity of the individuals who furnished such additional information or Documents to the person providing the response shall be specified.

2.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb. In each such instance, the request shall be construed so as to require the most complete response.

3.    Where a claim of privilege is asserted in objecting to any Document Request, or subpart thereof, and an answer is not provided on the basis of such assertion, the party or their attorney(s) asserting the privilege shall in the objection to the Document Request, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked.  The party or their attorney(s) shall also provide the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

>   (a) for Documents: the type of Document; general subject matter of the
>   Document; the date of the Document; and such other information as is sufficient
>   to identify the Document for a subpoena *duces tecum*, including, where
>   appropriate, the author of the Document, the addressee of the Document, and,
>   where not apparent, the relationship of the author and addressee to each other;

5

(b) for oral communications: the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; the date and place of communication; and the general subject matter of the communication.

4.   Except as otherwise stated herein, the Document Requests seek the production of Documents created, dated, sent or received during the period beginning January 4, 2007 through the present, unless some other time period is specified in a particular Document Request. Any objection to the production of any Document or category of Documents described herein shall state with specificity all grounds for such objection.

5.   If, in answering these Document Requests, You claim an ambiguity in interpreting a particular request, or a definition, or an instruction, such claim shall not be used as a basis for refusing to respond. Instead, You should identify the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

6.   You are requested to produce for inspection and copying all items responsive to the Document Requests at the offices of Halperin Battaglia Raicht, LLP, 555 Madison Avenue, 20th FL, New York, New York 10022, Attn: Alan D. Halperin, Esq., Donna H. Lieberman, Esq. and Jocelyn Keynes, Esq. within (30) days after service of this request, and continuously thereafter until such inspection and copying have been completed.

## REQUESTS FOR DOCUMENTS

1.   All Documents concerning the Loan, and all related agreements, notes, guaranties or other evidence of indebtedness or agreement between any of the Debtors and 1407 Broadway including all schedules, exhibits, riders, attachments, modifications, waivers or amendments.

2.   All Documents concerning Lehman's alleged assignment of its rights and interests in the Loan to LCPI, and LCPI's alleged assignment of rights and interests to Swedbank; and

6

Identify and provide documentation, if available, of all communications, both oral and written, in connection therewith.

3. All Documents concerning any and all assignments or pledges of any rights, interests or obligations under the Loan, and all related agreements, notes, guaranties or other evidence of assignment or pledge including all schedules, exhibits, riders, attachments, modifications, waivers or amendments; and Identify and provide documentation of all communications, both oral and written, in connection therewith.

4. All Documents concerning any and all participation rights, interests or obligations granted to any lender in connection with the Loan, and all related agreements, notes, guaranties or other evidence of participation including all schedules, exhibits, riders, attachments, modifications, waivers or amendments; and Identify and provide documentation of all communications, both oral and written, in connection therewith.

5. All Documents concerning 1407 Broadway's Loan draw requests, after the Petition Date, and Identify and provide documentation if available, of all communications, both oral and written, in connection therewith.

6. All Documents concerning the review and/or approval of 1407 Broadway's Loan draw requests, after the Petition Date, and Identify and provide documentation if available, of all communications, both oral and written, in connection therewith.

7. All Documents concerning any collateral pledged or proposed to be pledged pursuant to the Loan and/or any subsequent assignment, pledge or participation, and any acts, filings, recordings, notices or other efforts to perfect a security interest in the collateral, including but not limited to, any UCC financing statements, mortgages, leasehold mortgages, account control agreements, securities control agreements, notices and/or assignment of leases, lock-box

7

agreements/arrangements, estoppels and any modifications or terminations of such security interests.

8. All credit memoranda of all lenders with respect to the Loan, including, without limitation, loan write-ups or approval memoranda (or any other written Document, regardless of title or form) or annual reviews, concerning the Loan, amendments, credit analysis or decisions, collateral analysis or decisions, and extensions or waivers.

9. All Documents concerning the requirements of any other lender communicated at any time to the Debtors or 1407 Broadway as a condition to such lender's lending to 1407 Broadway.

10. All Documents concerning any attempt to syndicate the Loan.

11. All Documents concerning the funding of draws to 1407 Broadway after the Petition Date, by any of the Debtors, Swedbank and/or Bankhaus.

12. All Documents in Debtors' and each associated lender's credit file concerning the Loan.

13. All Documents concerning communications, both oral and written, between 1407 Broadway and Debtors.

14. All Documents concerning communications, both oral and written, among or between the Debtors, Swedbank and/or Bankhaus regarding the Loan.

15. All Documents concerning communications, both oral and written, between any lender and any other lender(s), concerning the Loan.

16. All Documents concerning communications, both oral and written, among or between any of the Debtors and Trimont Real Estate Advisors, Inc. or any other servicing agent for the Loan concerning the Loan and/or funding thereunder, after the Petition Date.

17. All Documents concerning communications, both oral and written, among or between any of the Debtors and either of Swedbank and Bankhaus regarding the Loan and/or funding thereunder, after the Petition Date.

18. All Documents concerning the Debtors' interests in and obligations under the Loan.

19. All Documents concerning Swedbank's interests in and obligations under the Loan.

20. All Documents concerning Bankhaus's interests in and obligations under the Loan.

21. All Documents concerning the interests in and funding obligations of any person or entity other than Debtors, Swedbank or Bankhaus under the Loan.