UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | ) | |
| | ) | Case No. 08-13555 (JMP) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

### STIPULATION AND PROTECTIVE ORDER BETWEEN THE EXAMINER AND THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) the Board of Governors of the Federal Reserve System (the "Board of Governors").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, *inter alia*, ordered: (a) the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the

"Examiner"), and (b) the Examiner to conduct an investigation into certain specified matters and to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner has requested that the Board of Governors produce certain information, including documents and sworn and unsworn testimony, relevant to the Examiner's Investigation, and the Examiner has also requested that an entity regulated by the Federal Reserve provide unsworn testimony that may contain confidential information belonging to the Board of Governors (all information provided by the Board of Governors or belonging to the Board of Governors provided to the Examiner, the "Discovery Materials");

WHEREAS, the Board of Governors has requested, and the Examiner has agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the General Counsel of the Board of Governors, or his designee, authorized the production of certain Discovery Materials in response to the Examiner's requests;

WHEREAS, entry of this Stipulation and Protective Order is necessary to ensure that production of the Discovery Materials is lawful under 18 U.S.C. § 1905; 12 U.S.C. § 326; and 12 C.F.R. 261.22.

WHEREAS, the Examiner and the Board of Governors have entered into this Stipulation and agreed to be bound by its terms;

2

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1.    "Confidential Board of Governors Information" shall mean and refer to all documents and information provided or otherwise made available by the Board of Governors to the Examiner for purposes of the Examiner Investigation, which the Board of Governors, in its discretion, designates as such, because such information:  (a) is considered Confidential Supervisory Information under 12 C.F.R. § 261.2(c)[1]; (b) is confidential commercial information of an entity regulated by the Federal Reserve; (c) is otherwise subject to an exemption from a request for information under the Freedom of Information Act, 5 U.S.C. § 552; (d) relates to the deliberative process of the Federal Reserve; or (e) is kept confidential by the Board of Governors pursuant to other law or regulation. "Confidential Board of Governors Information" shall not include: (a) information that is at any time independently developed by the Examiner without use of or reliance upon any of the Board of Governors' Discovery Material; (b) information rightfully acquired by the Examiner from an independent source without restrictions as to use; (c) information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; (d) information that is publicly available in substantially the same form in which it was provided by the Board of Governors; (e) information that is required by law to be made available to third parties; (f) or information that was, is, or becomes public knowledge, not in violation of this Protective Order.

---

[1] The Federal Reserve and Examiner agree that this Order protects, among other things, information that qualifies as Confidential Supervisory Information ("CSI") under 12 C.F.R. § 261.2.  While the Examiner does not concede the applicability of 12 C.F.R. § 261.22, the Board has concluded that Examiner has satisfied the conditions for release of certain CSI set out in 12 C.F.R. § 261.22, and the Board has authorized release of certain CSI to the Examiner subject to the conditions of this Protective Order.

2.    The Examiner shall maintain Confidential Board of Governors Information and he shall use that information solely for the above-captioned matter, only as necessary to discharge his Court-appointed duties, and shall not share the information with any person other than: (a) persons who have already seen or received the document at issue; (b) Jenner & Block, in its capacity as counsel to the Examiner, including Jenner & Block attorneys, legal assistants, paralegals, secretarial, and other staff; (c) professional firms or persons that are retained by the Examiner to provide specialized advice in connection with the Examiner Investigation, including their staff, and including Duff & Phelps; (d) copy services or document management vendors used by the Examiner in connection with the Examiner Investigation; (e) the Bankruptcy Court; (f) other persons upon further order of the Court or consent of the Board of Governors; and (g) other persons or entities whom the Examiner in good faith believes that, in order to effectively carry out his duties pursuant to the Examiner Investigation, it is necessary to provide Confidential Board of Governors Information.  The Examiner shall inform all such persons and entities with whom he has shared Confidential Board of Governors Information of the existence of this Protective Order and of the restrictions on disclosing Confidential Board of Governors Information, including the Board's Rules (12 C.F.R. part 261, subpart C), and shall take such steps as he deems necessary to ensure compliance with the Protective Order by such persons and entities. If Confidential Board of Governors Information is utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for the Examiner (or, if counsel for the Board of Governors is present, by counsel for the Board of Governors) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential Board of Governors Information, and a transcript of the designated testimony shall be bound in a

separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

3.      The Board of Governors reserves the right to designate certain information that it deems of the most sensitive nature "Highly Confidential Board of Governors Information." "Highly Confidential Board of Governors Information" shall be defined and treated in the same manner as Confidential Board of Governors Information; however, in the event the Examiner deems it necessary to disclose Highly Confidential Board of Governors Information to any individual or entity identified in paragraph 2(g) above, the Examiner shall provide reasonable notice to the Board of Governors. The Board of Governors and the Examiner shall use their best efforts within five business days to allow the use of such material, while protecting the Board of Governors' need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted, reevaluating whether such material should be designated Highly Confidential Board of Governors Information, or considering other provisions (such as the execution of a non-disclosure agreement) to allow the Examiner to carry out his duties while protecting the confidentiality of such information.  In the event the Examiner and the Board of Governors cannot resolve an issue concerning the use of Highly Confidential Board of Governors Information, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis.  In that event, no Highly Confidential Board of Governors Information shall be released by the Examiner prior to a determination by the Court.

4.      As used in this Stipulation, the term "Protected Discovery Materials" refers to Confidential Board of Governors Information or Highly Confidential Board of Governors Information or both.  If at any time the Board of Governors determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be

designated as Confidential Board of Governors Information or Highly Confidential Board of

Governors Information, the Board of Governors may apprise the Examiner in writing, and such

designated testimony or portion(s) of Discovery Materials will thereafter be treated as

Confidential Board of Governors Information or Highly Confidential Board of Governors

Information under the terms of this Agreement, provided, however, that the Board of Governors

shall, at its cost, provide the Examiner with substitute copies, bearing the appropriate

designation, of any such Protected Discovery Materials.

5.      All Protected Discovery Materials filed with the Bankruptcy Court, and all

portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such

Protected Discovery Materials, or the contents thereof, shall be filed under seal with the Clerk of

the Court and kept under seal until further order of the Bankruptcy Court. The Examiner shall

use best efforts to ensure that the Protected Discovery Materials are protected from public

disclosure in any open Court proceeding. The Examiner will provide the Federal Reserve with no

less than 14 (fourteen) days notice and an opportunity to seek to be heard by the Court regarding

whether the Federal Reserve's Protected Discovery Materials shall be disclosed to the public as

part of the report or otherwise.  No Protected Discovery Materials shall be disclosed to the public

as part of the report or otherwise prior to a determination by the Court.

6.      In the event the Examiner objects to any designation of testimony or Discovery

Materials as Protected Discovery Materials, the Examiner shall so inform the Board of

Governors, stating the grounds of the objection, and the parties shall have seven business days to

attempt to resolve the Examiner's objection, at the end of which the Examiner may seek a ruling

from the Bankruptcy Court that such information should not be treated as Protected Discovery

Materials, provided that no Protected Discovery Materials shall be filed in the public record prior to such a determination by the Court.

7.      In the event the Examiner is required by law to provide Protected Discovery Materials to any third party, the Examiner shall first provide prompt prior written notice to counsel for the Board of Governors and the Board of Governors shall be given no less than 14 (fourteen) days  to seek protection from a court.  No Protected Discovery Materials shall be released by the Examiner prior to a determination by the Court.

8.      Nothing contained in this Stipulation and Protective Order shall be construed as a waiver by the Board of Governors of any legally cognizable privilege to withhold any document or information, or of any right which the Board of Governors may have to assert such privilege at any state of the proceedings. Nothing in this Stipulation and Protective Order shall be deemed to constitute a waiver of any argument that any particular document or testimony is not entitled under the terms of this Stipulation and Protective Order, or under law, to Confidential or Highly Confidential treatment.  Nothing in this Stipulation and Protective Order shall restrict the right of the Board of Governors to contest judicially the confidentiality of documents or testimony within the meaning hereof or to seek modification of this Stipulation and Protective Order with respect to the disclosure of dissemination of Protected Discovery Materials.

9.      At the conclusion of this matter, the Examiner will make reasonable efforts to destroy or return Protected Discovery Materials - as well as copies, summaries and excerpts thereof - to which this Stipulation and Protective Order applies, except Protected Discovery Materials filed by the Examiner with the Court as part of the Examiner's report – which will be treated in accordance with Paragraph 5 above.  Nothing in this Stipulation shall require the Examiner to make extraordinary searches of electronic storage media to locate possible copies of

Protected Discovery Materials, but the Examiner will continue to maintain all Protected

Discovery Materials not destroyed or returned according to the terms of this Order.

     10.    For the purposes of this Stipulation and Protective Order, notice to the Board shall

be provided to:

> Richard M. Ashton
> Katherine H. Wheatley
> Jodi C. Remer
> Board of Governors of the Federal Reserve System
> 20th and Constitution Avenue, NW.
> Washington, D.C. 20051

     11.    This Stipulation and Protective Order may be executed in two or more

counterparts, each of which shall be deemed an original and all of which shall constitute one and

the same documents.

     12.    This Protective Order shall survive the termination of the Examiner Investigation.


Dated:  October 6, 2009

THE BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM
By: */s/  Katherine H. Wheatley*
Katherine H. Wheatley
Associate General Counsel

JENNER & BLOCK LLP
By: */s/  Robert L. Byman*
Robert L. Byman
919 Third Avenue
37th Floor
New York, New York 10022
(212) 891-1600
Attorneys for Anton R. Valukas, Esq., Examiner


**SO ORDERED:**


    *s/ James M. Peck*         *11/5/2009*
UNITED STATES BANKRUPTCY JUDGE