WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                         :

**In re:**                               :     **Chapter 11 Case No.**

                                          :

**LEHMAN BROTHERS HOLDINGS INC., et al.**    :     **08-13555 (JMP)**

                                          :

                     **Debtors.**              :     **(Jointly Administered)**

                                          :

----------------------------------------------------------------x

## OBJECTION TO MOTION OF PACIFIC LIFE INSURANCE
## COMPANY TO PERMIT IT TO FILE A LATE PROOF OF CLAIM
## <u>PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(B)(1)</u>

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

         Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors and as debtors

in possession, (the "<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>"),

respectfully submit this response in opposition (the "<u>Objection</u>") to the motion, dated October

22, 2009 (the "<u>Motion</u>"), of Pacific Life Insurance Company ("<u>Pacific Life</u>") for an order

allowing Pacific Life to file a late claim against LBHI in the amount of $45,372,817.00 (the

"<u>Claim</u>") on account of an alleged guarantee (the "<u>Guarantee</u>") of LBHI in connection with a

certain ISDA Master Agreement dated as of June 13, 1997 (the "<u>Agreement</u>") between Pacific

Life and Lehman Brothers International (Europe) ("LBIE"), and deeming the late filed Claim to be timely filed in accordance with the Bar Date Order[1], and respectfully represent:

## PRELIMINARY STATEMENT

1.    In accordance with the Bar Date Order, the Debtors provided actual notice of the deadline to file proofs of claim (the "Bar Date Notice") based on prepetition claims against the Debtors (the "Bar Date") to, among others, all parties known to the Debtors as having potential claims against the Debtors' estates, including Pacific Life.  The Bar Date Notice was actually served on Pacific Life at least seventy-one (71) days prior to the Bar Date.  Pacific Life does not dispute that it received the Bar Date Notice nor does it dispute that the Bar Date Order or Bar Date Notice were clear and understandable.  Indeed, Pacific Life filed at least one other claim against the Debtors in these chapter 11 cases on or prior to the Bar Date.

2.    The only reason Pacific Life offers for its delay in timely filing the Claim is that it neglected to do so as a result of an alleged mistake that occurred between two of its employees as to which employee would be attending to the Claim.  Specifically, two Pacific Life employees, one attending to matters between Pacific Life and the U.S. Debtors and the other attending to matters between Pacific Life and non-U.S. Lehman entities, each mistakenly believed that the other would be filing the Claim against LBHI.  Pacific Life's errors and omissions in timely filing the Claim do not rise to the level of "excusable" neglect as required by Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

---

[1] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, entered on July 2, 2009 [Docket No. 4271] (the "Bar Date Order")

recognized by courts in the Second Circuit. Accordingly, Pacific Life's motion should be denied and the Claim disallowed as untimely filed and expunged.

## **BACKGROUND**

3.       Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, as applicable, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

5.       Pursuant to the Bar Date Order, the Bankruptcy Court established the Bar Date as September 22, 2009 at 5:00 p.m. The Bar Date Order provides that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against the Debtors who is required, but fails, to file a proof of such claim on or before the Bar Date in compliance with the Bar Date Order "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim." With respect to holders of "claim(s) against a Debtor on a Guarantee by a Debtor of the obligations of a non-

Debtor entity under a Derivative Contract," the Bar Date Order specifically and clearly provides that each such holder must "fill out and return a Proof of Claim [on or before the Bar Date] in the same manner as all other claimants" and complete both the Guarantee Questionnaire and the Derivative Questionnaire (both as defined in the Bar Date Order). Bar Date Order at 8; *see also* Bar Date Notice at 5.

### Pacific Life's Request

6.      Pacific Life requests entry of an order pursuant to Bankruptcy Rule 9006(b)(1) permitting it to file the Claim and the requisite questionnaires and deeming the Claim timely filed under the Bar Date Order. Pacific Life contends that the relief requested is justified as a result of excusable neglect. According to the Motion, a Pacific Life employee, who was charged with handling matters between Pacific Life and U.S. Lehman entities, mistakenly assumed that a second Pacific Life employee, who was charged with handling matters between Pacific Life and non-U.S. Lehman entities, was handling the filing of the Claim against LBHI, as LBIE was allegedly the primary obligor under the Agreement. Motion at ¶ 5. The second Pacific Life employee assumed that the first Pacific Life employee would be handling the filing of the Claim against LBHI in the Debtors' chapter 11 cases, as the Guarantee was allegedly provided by LBHI. *Id.* As a result of these mistaken beliefs between Pacific Life's employees, the Claim was left unattended until the Bar Date had passed. *Id.*

7.      Pacific Life argues that its failure to timely file the Claim because of the above-described errors and omissions made by its employees in attending to the Claim is the result of excusable neglect such that Pacific Life should be permitted to file the Claim late under Bankruptcy Rule 9006(b)(1). Pacific Life, citing to the seminal case of *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, in which the U.S. Supreme Court interpreted the "excusable neglect"

language of Bankruptcy Rule 9006(b)(1) for the proposition that "courts are permitted to allow late filings caused by 'inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control,'" argues the late filing of the Claim should be allowed because of the lack of prejudice to the Debtors, Pacific Life acted in good faith, the initial error by Pacific Life was reasonable, and Pacific Life filed the Claim promptly after discovering its initial omission.  Motion at ¶ 6.

## ARGUMENT

### The Motion Should Be Denied Because Pacific Life
### Failed to File a Claim Due to Its Own Error And Matters
### Entirely Within Its Control And Cannot Demonstrate Excusable Neglect

8.    The Bankruptcy Rules direct a bankruptcy court to establish bar dates in chapter 11 cases.  Bankruptcy Rule 3003(c)(3) requires that the bankruptcy court "fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).   Given the critical importance of the bar date to the successful administration of a chapter 11 case, requests for extensions of time to file proofs of claim are "strictly scrutinized" by courts.  *Florida Dept. of Ins. v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 148 B.R. 1002, 1005 (S.D.N.Y. 1993).

> 'The setting of a bar date is an important event in Chapter 11 cases.  The bar order by forcing creditors to make known their claims against the estate, enables the bankruptcy judge to tally up the debtor's assets and liabilities so that a reorganization plan can be developed.'  Thus, it may be said that harm to creditors who have acted in reliance on the certainty of a firm bar date is precisely the reason why an [sic] motion to extend the bar date must be strictly scrutinized and may be granted only if excusable neglect is found in 'extraordinary circumstances.'

*Id.* (quoting *Hooker Investments, Inc.*, 122 B.R. 659, 664 (S.D.N.Y. 1991), *appeal denied*, 937

F.2d 833 (2d Cir. 1991)). Bankruptcy Rule 9006(b) vests the decision to extend the bar date

"squarely within the discretion of the bankruptcy judge." *Id.* at 1008.

9.      Bankruptcy Rule 9006(b)(1) provides that "on motion made after the

expiration of the specified period [the court may] permit the act to be done where the failure to

act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The Supreme Court, in

interpreting the term "excusable neglect," has held that the term "neglect" in its ordinary sense

means "to give little attention or respect to a matter, or . . . to leave undone or unattended to

esp[ecially] through carelessness . . . and encompasses both simple, faultless omissions to act and

more commonly, omissions caused by carelessness." *Pioneer Inv. Serv. Co. v. Brunswick*

*Assocs. L.P.*, 507 U.S. 380, 395 (1993). The determination of whether a claimant's neglect of a

deadline is *excusable*, according to the *Pioneer* Court, however, is an equitable determination in

which a court should consider all relevant circumstances surrounding the claimant's omission,

including: "the danger of prejudice to the debtor, the length of the delay and its potential impact

on judicial proceedings, the reason for the delay, including whether it was within the reasonable

control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

10.     In applying the *Pioneer* factors to determine whether a late-filed proof of

claim was the result of "excusable neglect," the Second Circuit has taken a "hard line" approach

that does not give the four factors equal weight but rather focuses on the third *Pioneer* factor—

the reason for the delay in filing, including whether the cause of such delay was within the

reasonable control of the movant—as the most critical. *In re Enron Corp.*, 419 F.3d 115, 122-24

(2d Cir. 2005) ("We have 'taken a hard line' in applying the *Pioneer* test . . . focus[ing] on the

third factor: the reason for the delay, including whether it was within the reasonable control of

the movant.") (internal citations and quotations omitted). The Second Circuit has noted that the reason for this approach is that the other factors delineated in *Pioneer* – prejudice, length of delay and impact on judicial proceedings, and the movant's good faith – will typically weigh in favor of the movant, and the court will therefore focus on the reason for the delay in filing. *Id*. at 122 (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003).

11.     The *Pioneer* factors, particularly the reason for Pacific Life's delay in filing the Claim, weigh in favor of the Debtors.

**Failure to Timely File Due to An Error Entirely Within
Pacific Life's Control is Not Excusable Neglect in the Second Circuit**

12.     While the Supreme Court in *Pioneer* recognized that courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," it further observed that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." *Pioneer*, 507 U.S. at 388, 391. The Second Circuit has applied a strict standard in determining whether inadvertence or mistake amounts to excusable neglect, noting that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule, and ... where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." *In re Enron Corp.*, 419 F.3d at 123, 126 (internal quotations omitted) (affirming bankruptcy court's ruling that failure to timely file a proof of claim "result[ing] solely from inadvertence" attributed to movant and its counsel being so heavily focused upon and involved in negotiations regarding other matters of the case was not sufficient reason to support a motion to extend the bar date).

13.     The only case Pacific Life cites in support of its position that its delay in filing the Claim constitutes excusable neglect is *Pioneer*. The facts of *Pioneer*, however, bear no resemblance to the facts of the instant case, and, accordingly, do not support a finding of excusable neglect in this case. The Court in *Pioneer* concluded that the neglect at issue in that case was excusable because notice of the bar date was inconspicuously placed in a notice regarding a creditors' meeting. 507 U.S. at 399. The Court found that the creditors' delay in filing proofs of claim was caused by the ambiguity in the notice and the fact that it did not indicate the significance of the bar date. *Id*. For these reasons, among others, the delay was not within the reasonable control of the moving creditors and consideration of the equitable factors militated in favor of a finding that the neglect be excused. *Id*.

14.     In the instant case, however, Pacific Life's delay was not at all caused by a reasonable unawareness of the deadline to file proofs of claim. The Bar Date Notice was served on Pacific Life on July 8, 2009. The relevant pages of the affidavit of service demonstrating that Pacific Life was served with notice of the Bar Date are annexed hereto as Exhibit A. Pacific Life does not allege it did not receive the Bar Date Notice or that the Bar Date Notice was unclear. Indeed, Pacific Life filed at least one claim against the Debtors on or prior to the Bar Date in the amount of $3,637,021.00 [Claim No. 30383], annexed hereto as Exhibit B. Pacific Life's delay in filing the Claim in a timely manner was caused by simple carelessness on the part of Pacific Life and its employees and was within the reasonable control of Pacific Life. The facts and circumstances in the *Pioneer* case do not justify a finding of excusable neglect in this case.

15.     If Pacific Life purports to explain the delay in filing the Claim as a result of a mistaken understanding of which legal proceeding (i.e., the Debtors' chapter 11 cases or LBIE's foreign insolvency proceeding) was the appropriate proceeding in which to file the Claim

and accordingly which employee would handle filing of the Claim, in light of the clear

instructions that were provided to Pacific Life in the Bar Date Order and the Bar Date Notice,

courts in the Second Circuit have routinely held that such mistakes do not constitute excusable

neglect. *See, e.g.*, *In re Enron Corp.*, 419 F.3d at 123-24 (noting that because the excuse given

for the late filing has the greatest import, "when a party's or counsel's misunderstanding of clear

law or misreading of an unambiguous judicial decree is the reason for the delay . . . we have

continued to uphold findings of 'no excusable neglect' where the court cited the absence of

unique or extraordinary circumstances.") (internal citations and quotations omitted); *Canfield v.*

*Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (acknowledging the

"principle that failure to follow the clear dictates of a court rule will generally not constitute . . .

excusable neglect"); *U.S. v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994) ("Ignorance of the law or

rules does not, in general, constitute 'excusable neglect.'"); *In re Enron Creditors Recovery*

*Corp.*, 370 B.R. 90, 93-94, 103 (Bankr. S.D.N.Y. 2007) (where movant directed its counsel to

file a single claim against Enron's debtor subsidiary on account of a swap transaction between

movant and said subsidiary, and as a part of that claim attached a copy of a guarantee agreement

with Enron, movant's delay in filing a separate claim against Enron on account of the guarantee

did not constitute excusable neglect where debtors provided adequate notice of the bar date, the

movant knew that it had an agreement with Enron's debtor subsidiary and a guarantee agreement

with Enron, the movant made no attempt to explain what lead to its error of incorrectly directing

its counsel to file both claims against Enron's debtor subsidiary, and it was in movant's control

to timely file a separate proof of claim against Enron on account of the guarantee).

16.    The mandates of the Bar Date Order and Bar Date Notice are

unambiguous and clearly dictate that claims such as the Claim should be filed separately in the

Debtors' chapter 11 proceedings, even if the claim is related to a derivative transaction with a non-debtor counterparty.  Indeed, over 50,000 claims were filed on or prior to the Bar Date.  A mistaken belief that the Claim was to be filed in LBIE's insolvency proceeding and thus would be handled by the Pacific Life employee handling matters between Pacific Life and non-U.S. Lehman entities does not amount to excusable neglect.

17.    If Pacific Life purports to explain the delay in filing the Claim as a result of no more than a mistaken oversight between two employees at the company as to which employee would be filing the Claim, courts in the Second Circuit and elsewhere have held that such "office mixups, clerical mistakes, and failure to follow office procedure do not generally constitute excusable neglect." *In re Dana Corp.*, No. 06-10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (where notice of the bar date was inadvertently filed away without any action being taken, "movant's failure to file a timely proof of claim was entirely within his and his attorneys' reasonable control and does not constitute excusable neglect"); *Pruitt v. Metcalf Eddy Inc.*, No. 03 Civ. 4780 (DF), 2006 WL 760279, at *2 (S.D.N.Y. Mar. 24, 2006) (failure to timely file notice of appeal did not constitute excusable neglect where movant's counsel misplaced notice of appeal after arranging for attorney service to pick up and file it and then failed to follow up with attorney service to determine if the notice had been picked up and filed); *In re Musicland Holding Corp.*, 356 B.R. 603 (Bankr. S.D.N.Y. 2006) (movant's failure to timely file proof of claim due to inattention and lack of supervision did not constitute excusable neglect where movant's counsel delegated the mailing of the proof of claim to certain of counsel's administrative personnel and failed to take any of the several available steps to confirm that the claim had been filed); *In re Chateaugay Corp.*, No. 92 Civ. 8722 (LJF), 1993 WL 1127180, at *6 (S.D.N.Y. Apr. 22, 1993) (movant's failure to timely file proof of claim due

to failure of movant's own internal procedures in forwarding bankruptcy matters to its appropriate department for review did not constitute excusable neglect); *In re Kmart Corp.*, 381 F.3d 709 (7th Cir. 2004) (notwithstanding that movant missed bar date by only one day, movant's failure to file a timely proof of claim did not constitute excusable neglect where movant's counsel delegated the filing of the proof of claim to an office clerk, failed to follow up with the clerk to ensure that he had followed counsel's instructions on filing, and failed to take simple steps to confirm that the claim had been filed in a timely manner); *see also In re Enron Corp.*, No. 01-16034 (AJG), 2006 WL 898031, at *7 (Bankr. S.D.N.Y. Mar. 29, 2006) (State of Montana's delay in filing proof of claim for a damage award stemming from Federal Energy Regulatory Commission ("FERC") proceedings did not constitute excusable neglect where State of Montana mistakenly assumed that FERC would protect its interests by filing a proof of claim on its behalf in the debtors' bankruptcy proceedings).

18.    A mistaken belief between Pacific Life's employees as to which employee would be filing the Claim in the Debtors' chapter 11 cases, although the result of carelessness, inattention and oversight, does not constitute excusable neglect. Pacific Life was aware of the Bar Date, the failure to file the Claim in a timely manner was within the complete control of Pacific Life, and Pacific Life and its employees failed to take simple steps to confirm that the Claim was being appropriately handled by the appropriate employee.

Allowing Pacific Life's Late Claim Will Prejudice These Estates

19.    "Prejudice" includes not only the harm to the debtor but also the adverse impact that a late claim may have on the judicial administration of the case, considering the size of the late claim in relation to the estate. *See In re Keene Corp.*, 188 B.R. 903, 910 (Bankr.

S.D.N.Y. 1995); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. at 1007; *In re Alexander's Inc.*, 176 B.R. 715, 722 (Bankr. S.D.N.Y. 1995).

20.    Pacific Life argues that the Debtors will not be prejudiced by its late-filed Claim as the Debtors are still in the process of reviewing claims.  Notwithstanding that the Debtors are still in the process of reviewing claims, allowing Pacific Life to file its Claim late would "likely precipitate a flood of similar claims," a factor that has been given great weight in past cases.  *See In re Enron Corp.*, 419 F.3d at 130; *In re Kmart Corp.*, 381 F.3d at 714 ("[I]f the bankruptcy court allowed all late-filed claims of nearly a million dollars where simple 'innocent mistake' . . . was to blame for the tardiness of the proof of claim, we think Kmart could easily find itself faced with a mountain of such claims . . . .").  If Pacific Life's late-filed Claim is deemed timely filed by the Court as a result of excusable neglect, any party that failed to file a proof of claim prior to the Bar Date as a result of a mere mistake would move this Court to have its claim deemed timely filed on similar grounds as Pacific Life.  Indeed, several such requests already are pending and more are sure to follow.

Length of Delay; Good Faith

21.    The Debtors (i) recognize that the length of the delay is minimal, and (ii) have no evidence that Pacific Life acted in bad faith when it filed the Motion, but as discussed above these factors typically weigh in favor of the party moving to file a late claim and hardly counterbalance the other two *Pioneer* factors which weigh in the Debtors' favor, particularly the third *Pioneer* factor, discussed above, which the Second Circuit has deemed to be the most relevant and critical in the equitable determination of whether a movant's neglect is excusable. *See In re Enron Corp.*, 419 F.3d at 122-24.

## CONCLUSION

22.    Whether it was due to a misunderstanding of the requirements of the Bar

Date Order or a simple mix-up between Pacific Life's employees as to which would be filing the

Claim, Pacific Life's failure to file the Claim in a timely manner was the result of mere neglect,

without more.  In either case, Pacific Life's failure to timely file the Claim was entirely within its

reasonable control and Pacific Life and its employees could have taken reasonable steps to

confirm that one or the other employee responsible for filing the Claim was in fact attending to

the Claim.  Pacific Life should not be permitted to file the Claim late on account of the mere

inadvertence of its employees in timely filing the Claim due to mistaken beliefs about which

employee was to file the Claim or in which proceeding the Claim should be filed.  Under the

circumstances, the neglect that caused the delay in Pacific Life's filing of the Claim does not rise

to the level of neglect recognized as *excusable* by courts in the Second Circuit.  Accordingly, the

Motion should be denied.

## RESERVATION OF RIGHTS

23.    In the event that the Court determines to grant the relief requested in the

Motion, the Debtors reserve all of its rights to object to the validity and amount of any claims

which may be filed by Pacific Life.

24.    The Debtors reserve the right to conduct discovery as to the matters raised

in the Motion and to supplement this filing as a result thereof.

WHEREFORE the Debtors respectfully requests the Court deny the Motion and grant such other and further relief as is just and proper.

Dated: November 10, 2009
      New York, New York

                    /s/ Shai Y. Waisman
                    Shai Y. Waisman
                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York  10153-0119
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for the Debtor and
                    Debtor In Possession

## **Exhibit A**

**Affidavit of Service**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

|                                               |   |                              |
|-----------------------------------------------|---|------------------------------|
| In re                                         | : | **Chapter 11 Case No.**      |
|                                               | : |                              |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  | : | **08-13555 (JMP)**           |
|                                               | : |                              |
| **Debtors.**                                  | : | **(Jointly Administered)**   |
|                                               | : |                              |

---------------------------------------------------------------------x    **Ref. Docket No. 4271**

### <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK    )

         HERB BAER, being duly sworn, deposes and says:

1.   I am employed by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On July 8, 2009, I caused to be served the:

     a) "NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM", dated July 8, 2009, a copy of which is attached as Exhibit "A" (the "Bar Date Notice"),

     b) "PROOF OF CLAIM" form, a copy of which is attached hereto as Exhibit "B", (the "General Proof of Claim Form"), and

     c) "PROOF OF CLAIM" form with a legend stating "Notice of Scheduled Claim", a copy of which is attached hereto as Exhibit "C", (the "Schedule Proof of Claim Form")

by causing true and correct copies of the:

     a) Bar Date Notice and a blank General Proof of Claim Form to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit "D",

     b) Bar Date Notice and a General Proof of Claim Form, personalized to include the name and address of the creditor, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit "E", and

     c) Bar Date Notice and a Schedule Proof of Claim Form, personalized to include the name and address of the creditor and debtor, amount, nature, classification and description of the scheduled claim, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit "F".

3.  All envelopes utilized in the service of the foregoing contained the following legend:
    "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF
    ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

_____
Herb Baer

Sworn to before me this
10th day of July, 2009

_____
Notary Public

**Exhibit "E"**

LEHMAN BROTHERS HOLDINGS, INC.
SERVICE LIST

| Claim Name | Address Information |
|---|---|
| PACIFIC INTL FINANCE 22 | ATTN: THE DIRECTORS PACIFIC INTERNATIONAL FINANCE LIMITED C/O HSBC FINANCIAL SERVICES (CAYMAN) LIMITED STRATHVALE HOUSE, P.O. BOX 1109 NORTH STREET GEORGE TOWN, GRAND CAYMAN CANADA |
| PACIFIC INTL FINANCE 22 | HACKWOOD SECRETARIES LIMITED, PROCESS AGENT ONE SILK STREET REFERENCE:043570 LONDON EC2Y 8HQ UNITED KINGDOM |
| PACIFIC INVESTMENT MANAGEMENT CO LLC | ATTN: LEGAL GROUP PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |
| PACIFIC INVESTMENT MANAGEMENT COMPANY - PIMCO | ATTN: LEGAL GROUP PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |
| PACIFIC INVESTMENT MGMT CO A/C P2769/ WALKER | ATTN: LEGAL/COMPLIANCE DEPARTMENT PACIFIC INVESTMENT MANAGEMENT COMPANY LLC 840 NEWPORT CENTER DRIVE, SUITE 300 NEWPORT BEACH CA 92660 |
| PACIFIC INVESTMENT MGMT COA/C P2634 SISTERS OF MER | ATTN: LEGAL/COMPLIANCE DEPARTMENT PACIFIC INVESTMENT MANAGEMENT COMPANY LLC 840 NEWPORT CENTER DRIVE, SUITE 300 NEWPORT BEACH CA 92660 |
| PACIFIC INVESTMENT MGMT COA/C P4639/GLOB INVEST EM | ATTN: LEGAL/COMPLIANCE DEPARTMENT PACIFIC INVESTMENT MANAGEMENT COMPANY LLC 840 NEWPORT CENTER DRIVE, SUITE 300 NEWPORT BEACH CA 92660 |
| PACIFIC INVESTMENT MGMT COP9890-CITY UNIVERSITY OF | ATTN: LEGAL/COMPLIANCE DEPARTMENT PACIFIC INVESTMENT MANAGEMENT COMPANY LLC 840 NEWPORT CENTER DRIVE, SUITE 300 NEWPORT BEACH CA 92660 |
| PACIFIC INVESTMENT MGMT COREF 2673 | ATTN: LEGAL/COMPLIANCE DEPARTMENT PACIFIC INVESTMENT MANAGEMENT COMPANY LLC 840 NEWPORT CENTER DRIVE, SUITE 300 NEWPORT BEACH CA 92660 |
| PACIFIC LAWN SPRINKLERS | 22-42 129TH STREET COLLEGE POINT NY 11356 |
| PACIFIC LEGAL TRANSLATIONS LTD. | SUITE 901B KINWICK CENTRE 32 HOLLYWOOD ROAD CENTRAL HONG KONG |
| PACIFIC LIBOR ALPHA CAYMAN UNIT TRUST | ATTN: LEGAL GROUP PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |
| PACIFIC LIFE & ANNUITY COMPANY | ATTN: ELAINE M. HAVENS 700 NEWPORT CENTER DRIVE NEWPORT BEACH CA 26609 |
| PACIFIC LIFE & ANNUITY COMPANY | ATTN:ELAINE M. HAVENS PACIFIC LIFE & ANNUITY COMPANY 700 NEWPORT CENTER DRIVE NEWPORT BEACH CA 92660 |
| PACIFIC LIFE & ANNUITY COMPANY | ELAINE M. HAVENS PACIFIC LIFE & ANNUITY COMPANY 700 NEWPORT CENTER DRIVE NEWPORT BEACH CA 92660 |
| PACIFIC LIFE INSURANCE | 700 NEWPORT CENTER DRIVE NEWPORT BEACH CA 92660 |
| PACIFIC LIFE INSURANCE COMPANY | ATTN: RICK VRIELING 700 NEWPORT CENTER DRIVE NEWPORT BEACH CA 92660 |
| PACIFIC LIFE INSURANCE COMPANY | 700 NEWPORT CENTER DR. NEWPORT BEACH CA 92660 |
| PACIFIC LIFE INSURANCE COMPANY | ATTN: MS. KATHLEEN SIMMONS PACIFIC MUTUAL LIFE INSURANCE COMPANY 700 NEWPORT CENTER DRIVE NEWPORT BEACH CA 92660 |
| PACIFIC LIFE INSURANCE COMPANY | PACIFIC MUTUAL LIFE INSURANCE COMPANY 700 NEWPORT CENTER DRIVE MR. MARK HOLMLUND NEWPORT BEACH CA 92660 |
| PACIFIC LIFE INSURANCE COMPANY | PACIFIC MUTUAL LIFE INSURANCE COMPANY 700 NEWPORT CENTER DRIVE NEWPORT BEACH CA 92660 |
| PACIFIC LIFECORP | ATTN:TOD M. NASSER PACIFIC LIFECORP 700 NEWPORT CENTER DRIVE NEWPORT BEACH CA 92660 |
| PACIFIC NORTHWEST BALLET ASSOCIATION | 301 MERCER ST SEATTLE WA 98109 |
| PACIFIC NORTHWEST GENERATING COOPERATIVE | ATTN: JON WISSLER PACIFIC NORTHWEST POWER CORPORATION (PNGC) 711 NORTHEAST HALSEY PORTLAND OR 97232-1268 |
| PACIFIC NORTHWEST REGIONAL COUNCIL | REDEVELOPMENT OFFICIALS 10832 36TH AVENUE SW OF HOUSING & REDEVELOPMENT SEATTLE WA 98146-1731 |
| PACIFIC OFFICE AUTOMATION | 14747 NW GREENBRIER PKWY BEAVERTON OR 97006 |
| PACIFIC OFFICE AUTOMATION | 15400 NW GREENBRIER PKWY STE A20 BEAVERTON OR 97006 |
| PACIFIC OFFICE AUTOMATION | 14335 NW SCIENCE PARK DR PORTLAND OR 97229 |
| PACIFIC ORIENTAL | 1 BISHOPGATE LONDON EC2N 3AB UK |
| PACIFIC ORIENTAL | 1 BISHOPGATE LONDON EC2N 3AB UNITED KINGDOM |
| PACIFIC OUTREACH CENTER | 98-640 MOANALUA LOOP #1032 AIEA HI 96701 |
| PACIFIC PENSION INSTITUTE | 465 CALIFORNIA ST STE 610 SAN FRANCISCO CA 941041816 |
| PACIFIC SECURITY SYSTEM | 214 CRISTICH LANE CAMPBELL CA 95008 |

## Exhibit B

**Pacific Life Claim**

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| LEHMAN BROTHERS HOLDINGS INC. | 08-13905 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503. Additionally, this form should not be used to make a claim for Lehman Program Securities (See definition on reverse side.)

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et AL.
08-13555 (JMP)            0000030383

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

PACIFIC LIFE INSURANCE COMPANY
700 NEWPORT CENTER DRIVE
NEWPORT BEACH, CA 92660

Telephone number: 949-219-3074     Email Address: _Brian.Pithnick @pacificlife. com_

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number _____     Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 3,637,021
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: ISDA GUARANTEE
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _None_
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____
Value of Property: $ _____  Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____  Basis for perfection: _____
Amount of Secured Claim: $ _____  Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$ _None_

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _None_
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: _See derivative questionare_

FOR COURT USE ONLY

FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. _Richard A V____s   Vice President_ |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _____    DATE _____    TIME 3:44