Hearing Date and Time:  November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  November 13, 2009 at 4:00 p.m. (Prevailing Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Claude G. Szyfer
Francis C. Healy
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Mitsui & Co. Energy Risk Management Ltd.; CEDAR DKR Holding Fund Ltd.; DKR Soundshore Oasis Holding Fund Ltd.; Hess Corporation; Hess Energy Power and Gas Company (UK) Limited; and Hess Energy Trading Company, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------- x

**OMNIBUS OBJECTION OF CERTAIN CREDITORS TO DEBTORS' MOTION, PURSUANT TO BANKRUPTCY RULE 2004, FOR AN ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES**

Certain creditors of the above-captioned debtors (the "Objectors")[1], by their undersigned attorneys, hereby file this objection (the "Objection") to the motion (the "Motion")[2] of Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above captioned chapter 11 cases (collectively, the "Debtors") seeking an order granting authority to issue subpoenas for the

---

[1] The Objectors consist of the following:  Mitsui & Co. Energy Risk Management Ltd.; CEDAR DKR Holding Fund Ltd.; DKR Soundshore Oasis Holding Fund Ltd.; Hess Corporation; Hess Energy Power and Gas Company (UK) Limited; and Hess Energy Trading Company, LLC.

[2]    Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

production of documents and authorizing the examination of persons and entities. In support of this Objection, the Objectors respectfully represent as follows:

1.     In the Motion, the Debtors seek authority to conduct Bankruptcy Rule 2004 discovery, without further motion or Court order, on a wide variety of parties--potentially including every party in interest in these chapter 11 cases—where the Debtors believe such party may have information relevant to the Debtors' assets, liabilities or business. The Debtors propose to serve subpoenas without the prior notice provided by a party-specific Rule 2004 motion, and to compel parties to respond to such subpoenas within ten (10) days of service thereof, and to make witnesses available for depositions within fifteen (15) days of service of the subpoena.

2.     With respect to creditors and derivative contract counterparties such as the Objectors, discovery would most likely concern their claims, and would take place in the context of a claim objection, a contested matter to which many of the Part VII Bankruptcy Rules are made applicable by Bankruptcy Rule 9014. Those rules typically provide thirty (30) days for discovery responses. See Fed. R. Bankr. P. 7033(b)(2) (interrogatories); 7034(b)(2) (documents); 7036(a)(3) (requests for admission).

3.     The objectors submit that the proposed ten and fifteen day response deadlines are inappropriate in this context. The Motion makes clear that these may well be sweeping discovery requests (see Motion, ¶14 at 9 ("Bankruptcy Rule 2004 is 'debtor-centric and allows considerable leeway for all manner of so-called fishing expeditions provided there is a reasonable nexus to the debtor and the administration of the debtor's case'") (quoting In re Hilsen, 2008 WL 2945996 at *1 (Bankr. S.D.N.Y. July 25, 2008)), yet the Debtors demand a response in ten days. The Debtors have no even attempted to demonstrate why such a short

2

response time is necessary—by their own admission, the information they will be seeking is part of an ongoing process including plan negotiation and analysis of assets and liabilities.  See Motion, ¶1 at 5.  This is not a situation where discovery must be accelerated to accommodate a hearing on shortened notice, for example.  Under the circumstances, parties should have thirty days to respond to discovery as contemplated by the Federal Rules of Bankruptcy Procedure, without prejudice to the Debtors' right to seek accelerated discovery by motion in specific instances where it may be warranted.

      4.      The Objectors reserve all of their rights, including to respond or object to any discovery served on them pursuant to the procedures set forth in the Motion or otherwise.

## CONCLUSION

      5.      For the reasons set forth above, Objectors respectfully request that, should the Motion be approved, the Court provide that the targets of such discovery shall have thirty days to respond or object to any subpoenas or discovery requests issued in connection therewith.

Dated: November 13, 2009
       New York, New York

**STROOCK & STROOCK & LAVAN LLP**

By: /s/ Claude G. Szyfer
    Claude G. Szyfer
    Francis C. Healy
180 Maiden Lane
New York, New York 10038-4982
Tel: (212) 806-5400
Fax: (212) 806-6006

*Attorneys for the Objectors*