**Hearing Date and Time: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
Thomas J. Moloney
Sean A. O'Neal

*Attorneys for PB Capital Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                  :
**In re**                                         :      **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :      **08-13555 (JMP)**
                                                  :
          **Debtors.**                            :      **(Jointly Administered)**
                                                  :
-----------------------------------------------------------------x

**PB CAPITAL'S REPLY TO OBJECTION TO THE MOTION OF PB CAPITAL TO**
**INCLUDE CERTAIN EUROPEAN MEDIUM TERM NOTES IN THE LEHMAN**
**PROGRAM SECURITIES LIST OR, ALTERNATIVELY, TO DEEM SUCH**
**CLAIMS TO BE TIMELY FILED BY THE SECURITIES PROGRAMS BAR DATE**

PB Capital Corporation ("PB Capital") hereby replies to the objection (the

"Objection") of the above-captioned debtors and debtors in possession (the "Debtors") to PB

Capital's Motion[1] to deem the inclusion of four EMT Notes issued under the Euro Medium

Term-Note Program in the Program Securities List and waive any requirement that PB Capital

include Blocking Numbers in its proofs of claim as contemplated in the Bar Date Order or, in the

alternative, deem that any proof of claim or guarantee questionnaire filed by PB Capital in

---

[1]     Capitalized terms used but not otherwise defined herein shall have the respective definitions ascribed to
such terms in the Motion Of PB Capital To Include Certain European Medium Term Notes In The Lehman
Program Securities List Or, Alternatively, To Deem Such Claims To Be Timely Filed By The Securities
Programs Bar Date filed on October 22, 2009 [Docket No. 5601] (the "Motion") or the Order Pursuant To
Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3) Establishing The Deadline
For Filing Proofs Of Claim, Approving The Form And Manner Of Notice Thereof And Approving The
Proof Of Claim Form entered on July 2, 2009 [Docket No. 4271] (the "Bar Date Order").

respect of such EMT Notes shall be filed timely, as long as they are filed on or prior to

November 2, 2009, which is the bar date applicable to securities included on the Program

Securities List, and respectfully states:

## **PRELIMINARY STATEMENT**

1.      PB Capital's Motion attempts to avoid an obvious injustice: the forfeiture

of an approximately $270 million claim which was known to the Debtors by a party who made a

conscientious effort to comply with the procedures and multiple deadlines established by this

Court's Bar Date Order but who may have been tripped up by an ambiguity in the Bar Date

Order relating to the establishment of the Program Securities List.  The Debtors give lip-service

acknowledgment to PB Capital's good faith and to its prompt remedial action but, nevertheless,

oppose both branches of the relief sought here.  In an effort to justify a large windfall, the

Debtors' unverified Objection, which is long on rhetoric but short on proof, claims that the Bar

Date Order by its terms explicitly excludes securities sold in the United States and that PB

Capital's lawyers were on further notice of this exclusion as a result of an e-mail communication

with counsel for the Debtors.  The truth is otherwise as demonstrated in the declarations

submitted herewith. <u>See</u> Supplemental Declaration Of Coleman Gregory (the "<u>Supp. Gregory</u>

<u>Decl.</u>"), attached hereto as <u>Exhibit A</u>; Declaration Of Andrew A. Bernstein (the "<u>Bernstein</u>

<u>Decl.</u>"), attached hereto as <u>Exhibit B</u>; Declaration Of Zoe Segal-Reichlin (the "<u>Segal-Reichlin</u>

<u>Decl.</u>"), attached hereto as <u>Exhibit C</u>; and Declaration of Ceydi Rodriguez (the "<u>Rodriguez</u>

<u>Decl.</u>"), attached hereto as <u>Exhibit D</u>.

2.      Once these canards are exposed, there is no justification for the Debtors'

purported unilateral deletion of PB Capital's EMT Notes in violation of the express terms of the

Bar Date Order.  The Bar Date Order explicitly required the Debtors to include these securities

on the Program Securities List and provided no criteria or license for their removal.  Moreover,

even if one were to accept the Debtors' proposed reading of the Bar Date Order as permitting the

deletion of securities specifically identified for inclusion, the unilateral deletion of these

securities without any conspicuous notice clearly did not satisfy the Bar Date Order's mandate

that the parties engage in a good faith effort to reach agreement with respect to the content of the

final Program Securities List.

3.     The Debtors do not challenge the Court's ability under both Rules 60(a)

and (b) of the Federal Rules of Civil Procedure, which are incorporated by reference in

Bankruptcy Rule 9024, to exercise its discretion to reform the Bar Date Order in the very minor

respect requested here to cure a "mistake" or otherwise do "justice" here.  Nor do they even

argue with respect to this branch of the Motion that any prejudice would result from granting

such limited relief—whose only conceivable application beyond PB Capital would be to expand

the filing rights of any holder who falls within the seven other securities that were deleted from

the July 6 Program Securities List of approximately 3,798 securities and who complied with all

filing deadlines applicable to claimants under the Program Securities List or who otherwise filed

a proof of claim and a guarantee questionnaire prior to the November 2, 2009 Securities

Programs Bar Date.

4.     Alternatively, even were the Court to find that the fault here should be

attributed to PB Capital, this Court still should exercise its discretion to grant relief based on the

"excusable neglect" standard under Bankruptcy Rule 9006(b)(1).  As noted above, the Debtors

do not even dispute that two of the four factors a Court must consider under the Pioneer test in

determining whether a late filing should be excused have been satisfied.  Thus there is no issue

with respect to either (i) "the length of the delay and its potential impact on judicial proceedings"

or as to (ii) "whether the movant acted in good faith." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395 (1993).

5.    Although the Debtors purport to raise a floodgates argument to suggest that there is "the danger of prejudice to the debtor," as outlined above, it is simply not plausible that more than a handful of claimants fall under the narrow exception urged here, which in any event would not allow any claims to be filed after November 2, 2009, which was the last Court-prescribed bar date.

6.    Finally, with respect to the factor as to which the Debtors address the bulk of their argument, which is "the reason for the delay, including whether it was within the reasonable control of the movant," see Objection ¶ 29, there are plainly extenuating circumstances here similar to those that have caused other courts to find "excusable neglect" and which were not present in any case where relief from a Bar Date Order was denied. This was not a "plain vanilla" Bar Date Order that PB Capital simply ignored without any reasonable justification. PB Capital made a conscientious effort, which began shortly after the Bar Date Order was entered, to identify, categorize and file all of its various claims against the Debtors on time, including its claims with respect to what it reasonably believed to be its Lehman Program Security claims. See Supp. Gregory Decl. ¶¶ 4, 7-10. PB Capital simply assumed, perhaps wrongly, that its securities would remain on the Program Securities List that was first published on July 6. While it certainly turned out to be a mistake not to have reviewed the final July 17 Program Securities List (if only to avoid having to make the Motion), that mistake should be viewed as "excusable" because, inter alia, (i) PB Capital's securities were on the initial July 6 Program Securities List (which PB Capital reviewed) and were put on the list by the Debtors without any request from PB Capital, (ii) these securities fit squarely into a category of securities

4

– the Euro Medium Term-Note Program Securities – that PB Capital and its counsel reasonably believed were required to be on the Program Securities List, and (iii) PB Capital and its counsel reasonably believed that the process between the July 6 and July 17 lists was simply to allow parties to add securities to the July 6 Program Securities List and not to allow the Debtors to delete without notice securities that were required to be put on the initial list.  As set forth herein and in the attached declarations, the understanding of PB Capital and its counsel was not only consistent with all of the communications that took place with the Debtors, but generally consistent with how the list evolved.  By the Debtors' own admission, nearly 3,000 additional Lehman Program Securities were added to the 3,798 Lehman Program Securities included on the July 6 Program Securities List.  See Objection ¶ 14.  In contrast, only 11 Lehman Program Securities (including the four held by PB Capital) were deleted from the July 6 Program Securities List.  See Rodriguez Decl. ¶ 5.

I.     **PB Capital's EMT Notes Were Improperly Removed From
The Program Securities List And Should Be Deemed Included**

7.     The Debtors make two arguments to justify their deletion of PB Capital's EMT Notes from the July 6 Program Securities List, neither of which arguments justifies such action.  First, the Debtors contend that the special procedures for Lehman Program Securities in the Bar Date Order by their terms only applied to securities issued outside of the United States.  See Objection ¶ 20.  Second, the Debtors argue that the Court's requirement that PB Capital's EMT Notes be included in the July 6 Program Securities List did not prevent the Debtors from unilaterally deleting these securities from subsequent iterations of that list.  See Objection ¶ 23.

8.     The Debtors' first argument does not explain why the Debtors, on their own, chose to include PB Capital's EMT Notes on the July 6 Program Securities List.  If the Program Securities List was clearly intended to exclude all Lehman Program Securities issued in

5

the United States, there would be no justification for including the EMT Notes on the initial

iteration of the list.  If this was a mistake (and we do not believe it was), then it was this initial

mistake by the Debtors that was directly responsible for PB Capital's subsequent error.

9.      This was not a mistake, however, because as the genesis of the precise

language in question makes plain, this Court's Bar Date Order was not intended to exclude Euro

Medium Term-Note Program Securities that were issued either in the United States or to

investors in the United States.  As set forth in the Bernstein Declaration, the original draft,

prepared by the Debtors, of what became the relevant section of the Bar Date Order defined the

scope of the Program Securities List as solely encompassing securities issued by the "Debtors'

Affiliates."  See Bernstein Decl. ¶ 25.  It had no reference whatsoever to where or to whom such

securities were issued.  Id.  The comment Mr. Bernstein made, which led to a drafting change,

was not intended to limit the geographic scope of the Bar Date Order but to make it clear that

LBHI, which was a Debtor, was also an issuer of certain of these enumerated securities.  Thus,

the final language was intended to express that the Program Securities List applied to securities

issued by LBHI and by its foreign affiliates.  See id. ¶ 27.

10.      The Debtors claim that if this was the case, the Program Securities List

would have no definition and "would render all securities issued by the Debtors and all of their

foreign affiliates part of the Lehman Programs Securities Procedures—common equity, preferred

equity, bonds, etc."  See Objection ¶ 20 (emphasis in original).  This argument is illogical as

nothing in the Debtors' alternative reading of the Bar Date Order would preclude the inclusion of

foreign equity securities within the Program Securities List.  More importantly, it misses the

significance of another one of Mr. Bernstein's proposed changes, which the final Bar Date Order

also reflects.  Recognizing the need for the Program Securities List to have some meaningful

6

definition, Mr. Bernstein suggested that the list specifically be required to include certain

securities programs involving LBHI and its foreign affiliates, including the Euro Medium Term-

Note Program.  This change was also adopted and is reflected in the Bar Date Order.  <u>See</u>

Bernstein Decl. ¶ 28.

      11.     Importantly, what the programs that Mr. Bernstein suggested be included

had in common was not that they involved the sale overseas of securities exclusively to foreign

retail investors as the Debtors disingenuously suggest (which is clearly not the case).  The

common thread in all four of the securities note programs specifically identified in the Bar Date

Order, including the Euro Medium Term-Note Program, is that all of these notes were issued

pursuant to a fiscal agency agreement and without the appointment of an Indenture Trustee.

Accordingly, with respect to all of these debt securities there was no fiduciary available to file a

general proof of claim on these holders' behalf.

      12.     Except for the absence of an Indenture Trustee to file an omnibus proof of

claim, these securities had all of the characteristics of the debt securities that were to be included

on the Debtors' Master List of Securities, and as to which <u>no</u> proof of claim was to be required.

Specifically, the Debtors had the same knowledge of the uniform governing instruments,

including any guarantees in effect as to the debt instruments, as they did with respect to other

securities programs issued in the United States.  They also had the same ability to communicate

directly with, and to make distributions directly to, note holders through the clearing systems

(Euroclear, Clearstream, DTC and others) based on the unique ISIN or CUSIP numbers

associated with these note securities programs, including the Euro Medium Term-Note Program,

as they did with holders of other debt securities issued in the United States.  The Debtors

therefore had no need for any of the detailed documentation that would otherwise be included in

connection with the filing of an ordinary proof of claim, and in this case, an additional guarantee questionnaire.  None of these considerations changed based on where the Euro Medium Term-Note Program Securities were issued or to whom they were sold.

13.     The Debtors also attempt to imply that PB Capital is somehow ineligible for equitable relief because the Securities Programs Bar Date procedures were adopted for the benefit of retail investors.  While the concern for retail customers was one of the principal arguments for the Program Securities Bar Date it was not the only one.  In any event, with respect to who is actually picked up as within the Program Securities List, the Debtors are again incorrect.  While the initial draft of the procedures prepared by the Debtors defined the eligible securities as "Retail Notes," this definition was changed to "Program Securities" because, in fact, many of the securities at issue were not "Retail Notes."  See Bernstein Decl. ¶ 26.  Indeed, numerous United States institutional investors hold Lehman Program Securities and they have filed short-form proofs of claims based on the Securities Programs Bar Date procedures.  See Bernstein Decl. ¶ 41.  There is no reason why PB Capital's EMT Notes should be treated differently.

14.     As to the Debtors' second argument, which relies on the purportedly provisional nature of the July 6 Program Securities List, the simple and complete response is that the Bar Date Order provides no license for the Debtors to remove unilaterally any Euro Medium Term-Note Program Securities.  The position of the Debtors apparently is that the parties who negotiated this part of the Bar Date Order and worked day and night for the sole purpose of defining what should be on a July 6 Program Securities List, acted without the slightest care for the contents of the final list, which the Debtors could define at their discretion and in contravention of the original criteria.  Even if the drafting of the relevant portion of the Bar Date

8

Order is somewhat inartful, the explanation is that the parties believed that the period between

July 6 and July 17 was to be used to add additional securities with characteristics similar to those

of the Court-mandated core categories of Lehman Program Securities.  See Bernstein Decl. ¶¶

23, 28-29; Segal-Reichlin Decl. ¶ 6.  Consistent with that process, once a party, such as PB

Capital, confirmed its Euro Medium Term-Note Program Securities were on the July 6 Program

Securities List, it would be assured that such securities would also be on the July 17 Program

Securities List.

15.    Moreover, even if one were to imply some ability to effectuate such a

removal of the securities required to be on the initial Program Securities List from subsequent

lists based on the Bar Date Order's direction that the parties were to work in good faith to

attempt to reach an agreement on a final Program Securities List, no such good faith discussion

concerning the deletion of these securities took place.  To the contrary, good faith would have at

a minimum required that the Debtors provide notice to the holders of the eleven securities

deleted from the list, which they easily could have done through routine clearing system

notification procedures.  See In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 129 (3d Cir. 1999)

(creditor's failure to carefully read a document affecting its cure claims was excusable because

the debtor did not provide particularized notice to affected creditors, for which the court

remarked, "[a]t the very least, the Application should have listed those who obviously had . . .

claims that would be affected").

16.    For the foregoing reasons, it was at best a "mistake" by the Debtors to

delete any Euro Medium Term-Note Program Securities contained on the July 6 Program

Securities List, including those held by PB Capital, from the final July 17 Program Securities

List, at least in the manner in which the Debtors took such action here, which resulted in a

mistake in the July 17 Program Securities List and could result in an injustice if not corrected.

Accordingly, we respectfully request that the Court grant the requested relief pursuant to Rule

60(a) or (b) of the Federal Rules of Civil Procedure (made applicable by Bankruptcy Rule 9024)

and section 105 of the Bankruptcy Code.

**II.    Alternatively, PB Capital's Actions Represent Excusable Neglect And
PB Capital's Proofs Of Claim, Which Were Filed Before The Expiration Of
The November 2, 2009 Bar Date For Program Securities, Should Be Allowed**

17.     In the event that the Court did not grant the first prong of PB Capital's

request for relief, in addition to filing the short-form proof of claim required by the Securities

Programs Bar Date procedures in a timely fashion, PB Capital also timely filed a guarantee

questionnaire relating to these securities on October 21, 2009, which was prior to the October 22,

2009 deadline, and an ordinary proof of claim on that same date ("PB Capital's Ordinary

Claim"), which although outside the September 22, 2009 general Bar Date, was prior to the

November 2, 2009 Securities Programs Bar Date.  See Supp. Gregory Decl. ¶ 10.

18.     As alternative relief, this Court clearly has discretion to avoid an injustice

here, which we respectfully request that the Court exercise, to excuse the late filing of PB

Capital's Ordinary Claim based on the "excusable neglect" standard in Bankruptcy Rule

9006(b)(1).

19.     Under the Debtors' interpretation of Supreme Court and Second Circuit

precedent, "neglect" has been removed from the definition of excusable neglect.  That is not the

law.  As the Supreme Court provided in Pioneer, excusable neglect is an "elastic concept" and

"is not limited strictly to omissions caused by circumstances beyond the control of the movant."

507 U.S. at 392.  Here, the inquiry does not end with the question of whether it was a "mistake"

for PB Capital to fail to recheck the July 17 version of the Program Securities List and thereby to

discover the deletion of its securities from the Program Securities List, but whether under the

totality of the circumstances that mistake is "excusable."

20.    The Debtors also incorrectly set forth the standard by which this Court

should conduct that inquiry.  The Debtors cite two pre-Pioneer cases, Fla. Dept. of Ins. v. Drexel

Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 148 B.R. 1002,

1005 (S.D.N.Y. 1993) (decided approximately three months before Pioneer) and In re Hooker

Invs., Inc., 122 B.R. 659, 664 (S.D.N.Y. 1991), for the proposition that requests for extensions of

time to file proofs of claim are "strictly scrutinized" and only granted in "extraordinary

circumstances."  See Objection ¶ 30.  To the extent that any such heightened scrutiny existed

before the Supreme Court's decision in Pioneer, it is no longer the applicable standard.  Instead,

in Pioneer, the Supreme Court made clear that the excusable neglect determination "is at bottom

an equitable one, taking account of all relevant circumstances surrounding the party's omission."

507 U.S. at 395.

21.    The Debtors concede that two of the four Pioneer factors, the minimal

length of delay and the lack of bad faith on the part of PB Capital, weigh in favor of the relief

sought by PB Capital.  See Objection ¶ 37.  For the third factor, prejudice to the Debtors, the

Debtors do not dispute that permitting PB Capital to file four late claims in respect of known

liabilities does not in any way "jeopardize the success of the reorganization."  See Midland

Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 130 (2d Cir.

2005) (internal citations and quotations omitted).  Importantly, contrary to Debtors' assertion that

it had "no record" of this claim, see Objection ¶ 1, this is a claim the Debtors were, in fact, aware

of and included without any outside prompting on the July 6 Program Securities List.  In terms of

prejudice, the Debtors hang their hat solely on the argument that by permitting PB Capital to file

its proposed late claims, the Court would open the proverbial floodgates to hordes of claims in

respect of U.S.-issued Euro Medium Term-Note Program Securities that were not included in the

final Program Securities List.  <u>See</u> Objection ¶ 37.

          22.    This Court should not accept this unsubstantiated statement as evidence of

prejudice.  For one, statements about hypothetical harm without evidence as to the scope of the

harm are insufficient to show prejudice.  <u>See</u> <u>O'Brien</u>, 188 F.3d at 127 ("[P]rejudice is not an

imagined or hypothetical harm . . . .").  But more importantly, a review of the July 6 Program

Securities List shows a total of seven "US" prefix securities that were first included and

thereafter deleted from the July 17 Program Securities List (out of a total of only eleven

securities that were deleted from a list that included approximately 3,798 securities).  <u>See</u>

Rodriguez Decl. ¶ 5.  Since PB Capital is the holder of four of these "US" prefix securities, there

is a grand total of three other "US" prefix securities that are potentially in the same position as

PB Capital.  If any holders within these three issuances intended to file a claim in accordance

with the Securities Programs Bar Date procedures, then by no later than October 23, 2009 such

holders would have experienced the same problems in obtaining Blocking Numbers as PB

Capital, <u>see</u> Gregory Declaration ¶¶ 7-10, and surely would have reacted by reaching out to the

Debtors.  In any event, they would have to have filed their proof of claim by November 2, 2009.

As provided herein and in the Motion, the unique circumstances here are significantly different

from the facts of <u>In re Kmart Corp.</u>, 381 F.3d 709, 714 (7th Cir. 2004), or <u>In re Enron Corp.</u>, 419

F.3d at 132, where the respective courts were concerned about the potential for a flood of

undifferentiated general unsecured claims.  Here there is a clearly finite, identifiable and

extremely small set of claims which could be affected by the precedent of allowing PB Capital's

late filing – <u>i.e.</u>, only those claims where the party involved had some reasonable basis for

12

believing its securities were included on the Program Securities List (such as because its

securities actually appeared on an iteration of the Program Securities List and because they fit

into a category affirmatively mandated for inclusion by the Bar Date Order) and who, in reliance

on that understanding, filed a claim prior to the November 2, 2009 Securities Programs Bar Date.

23.    Importantly, as the Supreme Court of the United States held in Pioneer,

"the lack of any prejudice to the debtor or to the interests of efficient judicial administration,

combined with the good faith of respondents and their counsel, weigh strongly in favor of

permitting the tardy claim."  507 U.S. at 381.  Notably, in the Enron decision, 419 F.3d 115,

which the Debtors rely on heavily, the Second Circuit ultimately affirmed the Bankruptcy

Court's conclusion that three of the four Pioneer factors weighed against the movant, including

the prejudice factor, because of the large number of guarantee claims that could be affected by a

Bar Date exception.  See In re Enron Corp., 298 B.R. 513, 526 (Bankr. S.D.N.Y. 2003).

Similarly, in the Keene decision on which Debtors also rely, Chief Judge Bernstein found two of

the Pioneer factors weighed against the movants, including the prejudice factor (which the Court

found to be close), because the Court concluded that there were 2,609 entities in the same

position as Fibreboard, the creditor, and that "if we allow Fibreboard to file this late claim, we do

not see how we could deny any other creditor the same privilege prior to confirmation of the

plan."  In re Keene Corp., 188 B.R. 903, 906, 913 (Bankr. S.D.N.Y. 1995).

24.    In a different published decision in the Enron case, In re Enron Corp., No.

01-16034 (AJG), 2003 WL 21756785 (Bankr. S.D.N.Y. July 30, 2003), Bankruptcy Judge

Gonzalez permitted a late-filed claim without any acceptable excuse being offered for the delay

because the Court concluded that although the reason for delay factor favored Enron, "the

remaining Pioneer factors, that is, the danger of prejudice to the debtor, the length of delay and

its impact on the judicial proceedings, and movants' good faith, all weigh strongly in favor of permitting Stratum's late-filed Proof of Claim based on excusable neglect." Id. at *6. Of particular note, the Court found that, as is the case here, the "circumstances surrounding Stratum's claim are sufficiently unique to counter the Debtors' concerns of possibly opening up the floodgates to other late filed claims." Id. at *5.

25.     The final factor and the one which occupies the bulk of the Debtors' advocacy is with respect to the "reason for the delay." The Debtors rely on (i) PB Capital's counsel's involvement in the process of creating the Bar Date Order, (ii) the Debtors' reading of the Bar Date Order to treat as Lehman Program Securities only those securities that actually appeared on the July 17 version of the Program Securities List, and (iii) a supposedly "bold statement" on their website relating to possible deletions from the July 17 Program Securities List. See Objection ¶¶ 2, 5, 34.

26.     As stated above and in the declarations submitted herewith, as a factual matter, we dispute entirely the Debtors' completely unsupported contention that either PB Capital or its counsel were ever put on notice that either (i) PB Capital's EMT Notes did not qualify for inclusion under the Program Securities List, or (ii) that other than by their unremarked-upon and unnoted omission from the July 13 and July 17 Program Securities Lists, they were going to be deleted from the Program Securities List.

27.     As stated above, we also disagree that the Debtors were entitled to delete PB Capital's EMT Notes from the July 6 Program Securities List. At a minimum, PB Capital's belief that its securities would remain on the list was not unreasonable.

28.     Additionally, the Debtors play fast and loose with the Court in their Objection by putting in bold print and underlining a sentence in portions of their Website

14

purporting to assert the Debtors' right to add to or to delete from the attached July 6 Program

Securities List, see Objection ¶ 5, which was a separate document without any such disclaimer.

An examination of a screenshot of the Website itself, attached as Exhibit C to the Objection,

reveals no such bolding or underlining, and in any event this non-bold sentence was

subsequently removed from the Website, shortly after the July 17 Program Securities List was

published.

29.    More significantly, the Debtors do not deny that when they filed the July

13 and July 17 Program Securities Lists they did not put any language on their Website

announcing there had actually been any deletions.  By contrast, the Website notes in actually

bolded language that there had been deletions from the initial version of the Master List of

Securities.

30.    We agree with the Debtors' bottom line contention that the instant facts

"bear no resemblance to those in Pioneer," see Objection ¶ 34, only to the extent that the reasons

for the delay in filing a proof of claim here are far more compelling than those found excusable

by the Supreme Court of the United States in Pioneer.  In Pioneer, the Court found "ambiguity"

not in the wording of the Bar Date Order but in the fact that it was not served as a stand-alone

document but was contained within a notice regarding a creditors' meeting.  507 U.S. at 398.

This placement caused the creditor to not appreciate that a deadline had been set.  The creditors'

counsel did not argue he was also misled by the form of the notice but rather contended that he

missed the bar date because he was changing firms and he lacked access to the relevant file.  Id.

Although the dissent joined in by four members of the Supreme Court found this explanation so

unpersuasive that it would have denied the movant's application based on this reason alone, the

majority of the Supreme Court found the justifications being offered as sufficient in the totality

of the circumstances to constitute excusable neglect.  Id. at 407.

31.     The Debtors misrepresent the Supreme Court's holding in Pioneer.  They

purport to quote the Supreme Court as noting that "inadvertence, ignorance of the rules, or

mistakes construing the rules do not usually constitute 'excusable' neglect," Pioneer, 507 U.S. at

392, and argue from that "PB Capital cannot seriously contend that any factors outside its control

contributed to his filing of a proof of claim after the Bar Date," see Objection ¶ 33.  The word

"Although" begins the sentence the Debtors quote, and the sentence continues to say: "it is clear

that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited

strictly to omissions caused by circumstances beyond the control of the movant."  Pioneer, 507

U.S. at 392.  It is the last part of this quotation, which the Debtors omit, that constitutes the

holding of the Pioneer court.  Moreover, the "rule" the Supreme Court is referring to, like the

reference to "court rules" in the quoted phrase from the Second Circuit's opinion in Enron, is a

reference to the general procedural rules of the Court, and not to sui generis Bar Date Orders.

Thus, the Second Circuit in Enron was quoting from its decision in Silivanch v. Celebrity

Cruises, Inc., a case in which a party sought an extension of time pursuant to Fed. R. Civ. P.

4(a)(5) for failure to file a timely notice of appeal in accordance with Fed. R. Civ. P. 4(a)(1).

333 F.3d 355, 361-62 (2d Cir. 2003).  See also Canfield v. Van Atta Buick/GMC Truck, Inc.,

127 F.3d 248, 250-51 (2nd Cir. 1997) (Second Circuit cited similar language where a creditor

failed to follow the deadline to file dispositive motion papers in accordance with a general order

of the United States District Court for the Northern District of New York).  In both Silivanch and

Canfield, the movant had failed to follow an established federal or district court rule, each of

which had a history of interpretation and judicial gloss, which precluded any legitimate claim of misunderstanding.

32.     Here, there was an unusual and complicated Bar Date Order, which even if the Court fully credits all of the Debtors' arguments and unsupported factual statements, the Debtors, themselves, misread when they included PB Capital's EMT Notes on the July 6 Program Securities List in the first place.  And here, the mistake by PB Capital, if there was one, in placing reliance on the terms of the Bar Date Order and the July 6 inclusion by the Debtors of PB Capital's EMT Notes on the Program Securities List, was not in overlooking the Bar Date Order as in <u>Pioneer</u>, but in concluding that the wrong deadline in the Bar Date Order applied to a portion of PB Capital's multiple claims.  The fact that PB Capital filed other claims and otherwise complied with numerous aspects of the Bar Date Order in a timely way is evidence of PB Capital's good-faith effort to comply with this Court's Bar Date Order and that it would have filed the claims at issue here prior to the September 22, 2009 Bar Date, if it had appreciated its securities were not included in the Program Securities List.

33.     This is also clearly not at all similar to the reasons for delay that were rejected as inadequate by the Second Circuit in <u>Enron</u>.  There, the movant's explanation was essentially that it was too occupied to focus on the bar date and that it had in any event concluded that because substantive consolidation was likely, it was unnecessary to file claims against every Enron entity.  <u>In re Enron Corp.</u>, 419 F.3d at 126-27.  The Court understandably concluded that this evidenced an "indifference" by the movant to its obligation to comply with the bar date order, which is clearly not present here.  In <u>Keene</u>, Chief Judge Bernstein rejected the argument that an unclear heading on the Bar Date Order created confusion in major part because there was no credible evidence that this was the justification for the creditors' total

inaction during the bar date period.  In re Keene Corp., 188 B.R. at 911.  Here, the Court has the

benefit of detailed declarations explaining exactly what happened from the perspectives of PB

Capital and of its counsel.

34.    The Debtors' efforts to tar PB Capital with knowledge supposedly

imparted to its outside counsel in the context of good faith efforts over a very compressed period

of time to develop a workable and consensual Bar Date Order are not only factually wrong, they

are mean-spirited and impolitic.  In particular, the Debtors falsely ascribe to PB Capital some

sort of notice that U.S.-issued securities were to be excluded from the Program Securities List by

virtue of the fact that the Debtors' counsel sent a single email (which never mentioned deletion

of any security and which referred specifically to a security that was not a Euro Medium Term-

Note Program Security or other category of security required to be included pursuant to the Bar

Date Order) to a junior lawyer who had never represented PB Capital, and whose client did not

care about the exclusion of the security at issue.  See Segal-Reichlin Decl. ¶ 12.  In reality, PB

Capital had notice of the fact that (i) its US-prefix Euro Medium Term-Note Program Securities

were voluntarily included by the Debtors on the July 6 Program Securities List, (ii) the Bar Date

Order required Euro Medium Term Note-Program Securities to be on the Program Securities

List, without exception, and (iii) the Bar Date Order contained references to "CUSIP" numbers

and "DTC."  While the Debtors may believe that citing these references amounts to "grasping at

straws," see Objection ¶ 24, anyone with the slightest knowledge of this market who read the Bar

Date Order would have immediately known that these references related to US-prefix securities.

35.    While the declarations submitted herewith provide additional reasons why

the Debtors could also be faulted in causing a mistake on the part of PB Capital and its lawyers,

the Court need not pin the blame on someone to grant appropriate relief.  Even without getting

into any such inquiry, the equities present here are at least as strong as the case where

Bankruptcy Judge Gonzalez permitted a late-filed claim in <u>Enron</u>, even though it was also a

"Mega-Case."  Although in <u>In re Enron Corp.</u>, 2003 WL 21756785, the Court found there was <u>no</u>

excuse for the failure to file a claim, it also found no real prejudice and that the claimant's

representative, as is the case here, "made a good faith effort" to preserve its proof of claim.  <u>Id.</u> at

*6.

36.     We respectfully submit that allowing PB Capital to be deemed to have

filed its claims in a timely manner based on either prong of the Motion would achieve an

inequitable result by avoiding a disastrously unfair result for PB Capital, and would in no way

compromise the Debtors' reorganization efforts or this Court's administration of this large and

difficult case.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

WHEREFORE, PB Capital respectfully requests that the Court overrule the

Objection and enter an order, in substantially the form attached to the Motion as <u>Exhibit A</u>,

deeming the inclusion of the EMT Notes in the Program Securities List retroactive to July 17,

2009 at 5:00 p.m. (prevailing Eastern Time) and waiving any requirement that PB Capital

include Blocking Numbers with its proofs of claim (subject to PB Capital's agreement to not

trade the EMT Notes prior to the expiration of the Blocking Numbers for other Euro Medium

Term-Note Program Securities).  In the alternative, and for good cause shown, PB Capital

requests the Court to enter an order, in substantially the form attached to the Motion as <u>Exhibit

B</u>, deeming that any proof of claim or guarantee questionnaire filed by PB Capital in respect of

the EMT Notes shall be filed timely, as long as they are filed on or prior to November 2, 2009.

Dated: New York, New York
　　　　November 13, 2009

             Respectfully submitted,

             CLEARY GOTTLIEB STEEN & HAMILTON LLP

             By: <u>/s/  Thomas J. Moloney</u>

               Thomas J. Moloney
               Sean A. O'Neal
               One Liberty Plaza
               New York, New York 10006
               (212) 225-2000

             *Attorneys for PB Capital Corporation*

# EXHIBIT A

## Supplemental Declaration of Coleman Gregory

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                  :

In re                              :       **Chapter 11 Case No.**

                                  :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :       **08-13555 (JMP)**

                                  :

            **Debtors.**              :       **(Jointly Administered)**

                                  :

                                  :
--------------------------------------------------------------------x

## <u>SUPPLEMENTAL DECLARATION OF COLEMAN GREGORY, ESQ.</u>

Pursuant to 28 U.S.C. § 1746, Coleman Gregory, Esq., declares and says:

1.      I am Coleman Gregory, Esq., Senior Vice President and General Counsel of PB

Capital Corporation ("<u>PB Capital</u>").

2.      I submit this Declaration in further support of the Motion Of PB Capital To

Include Certain European Medium Term Notes In The Lehman Program Securities List Or,

Alternatively, To Deem Such Claims To Be Timely Filed By The Securities Programs Bar Date

(the "<u>Motion</u>") filed on October 22, 2009 and to supplement my prior declaration in support of

the Motion.[1]

3.      On July 2, 2009, the Court entered the Bar Date Order.  A true and correct copy of

the Bar Date Order is attached hereto as <u>Exhibit 1</u>.

4.      On July 6, 2009, I sent an email to Caroline McHale at Cleary Gottlieb asking to

begin the planning process for PB Capital to prepare proofs of claim in the Debtors' chapter 11

cases.

---

[1]    Capitalized terms used but not otherwise defined herein have the respective definitions ascribed to such
terms in the Motion, Reply or the Bar Date Order.

5.      On July 8, 2009, I received an email from Ms. McHale informing me, among

other things, that a Program Securities List had been published for which the bar date was

November 2, 2009.  The email attached a copy of the July 6 Program Securities List, and

confirmed that PB Capital's EMT Notes were on the list.  In an email from Ms. McHale later that

same day, Ms. McHale cut and pasted the relevant portion of the Program Securities List, which

showed that the ISIN numbers and the description of the EMT Notes appeared on the list.

6.      On July 9, 2009, I independently confirmed that the ISIN numbers included on

the Program Securities List did indeed cover all of PB Capital's EMT Notes.  Accordingly, based

on advice from Cleary Gottlieb, and given my understanding of the Bar Date Order and the

applicable deadlines provided therein, I created a work plan to file PB Capital's claims by the

Bar Date, Questionnaire Deadline or Securities Program Bar Date, as applicable.

7.      Pursuant to my claims filing work plan, on September 16, I filed:

a.    a proof of claim against LBHI related to a guarantee by LBHI of the
      obligations of Lehman Brothers Special Financing Inc. ("LBSFI") pursuant to
      a credit default swap between PB Capital and LBSFI under an ISDA Master
      Agreement dated as of August 7, 2000 (the "ISDA Claim");

b.    a proof of claim against LBSFI in respect of the ISDA Claim (the "LBSFI
      Claim");

c.    a proof of claim against LBHI relating to a guarantee by LBHI of the
      obligations of Lehman Brothers International (Europe) ("LBIE") in respect of
      Series 2 K2 Corporation Capital Notes (the "K2 Claim");

d.    a proof of claim against LBHI relating to a guarantee by LBHI of the
      obligations of LBIE in respect of Links Finance Corporation Series 30 Capital
      Notes (the "Links Claim");

e.    a proof of claim against LBHI relating to a guarantee by LBHI of the
      obligations of LBIE in respect of Series 2006-1 Stanfield Victoria Finance Ltd.
      Capital Notes (the "Series 2006-1 Claim"); and

2

      f.   a proof of claim against LBHI relating to a guarantee by LBHI of the obligations of LBIE in respect of 2006-11 Stanfield Victoria Finance Ltd. Capital Notes (the "Series 2006-11 Claim").

True and correct copies of the ISDA Claim, the LBSFI Claim, the K2 Claim, the Links Claim, the Series 2006-1 Claim and the Series 2006-11 Claim are attached hereto as Exhibit 2.

8.     Pursuant to my claims filing work plan, on October 1, 2009, I filed:

      a.   a derivative questionnaire and guarantee questionnaire with respect to the ISDA Claim;

      b.   a guarantee questionnaire with respect to the K2 Claim; and

      c.   a guarantee questionnaire with respect to the Links Claim.

True and correct copies of the confirmation for the derivative questionnaire and guarantee questionnaire with respect to the ISDA Claim and true and correct copies of the confirmation for the guarantee questionnaires with respect to the K2 Claim and the Links Claim are attached hereto as Exhibit 3.

9.     Pursuant to my claims filing work plan, on October 2, 2009, I filed:

      a.   a guarantee questionnaire with respect to the Series 2006-1 Claim; and

      b.   a guarantee questionnaire with respect to the Series 2006-11 Claim.

True and correct copies of the confirmations for the guarantee questionnaires with respect to the Series 2006-1 Claim and the Series 2006-11 Claim are attached hereto as Exhibit 4.

10.    As discussed herein and in my prior declaration, I always intended to file claims with respect to the EMT Notes prior to the applicable bar date, which I believed to be the November 2, 2009 bar date for securities on the Program Securities List. As noted in my prior declaration, it came as a complete and utter surprise to me when I learned from counsel for the Debtors on October 8, 2009 that PB Capital's EMT Notes had been removed from that list. After my counsel was unable to obtain a consensual agreement to an exception because of the

extraordinary circumstances present here, I promptly undertook to file proofs of claim in respect

of the EMT Notes by the Questionnaire Deadline of October 22, 2009.  To that end, on October

21, 2009, I filed a Lehman Securities Programs Proof of Claim and a regular Proof of Claim and

submitted the corresponding guarantee questionnaire in respect of the EMT Notes.  True and

correct copies of the proofs of claim and the confirmation for the corresponding questionnaire in

respect of the EMT Notes is attached hereto as <u>Exhibit 5</u>.

11.     As I believe my prior declaration and this supplemental declaration make

clear, with the help of outside counsel, at all times I attempted assiduously to comply with the

filing requirements applicable to PB Capital's various claims.


[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2009, in New York, New York.

/s/ Coleman Gregory
Coleman Gregory, Esq.

# EXHIBIT 1

**Bar Date Order Dated July 2, 2009**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                              :
In re                                         :      **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                                              :
                    **Debtors.**              :      **(Jointly Administered)**
                                              :
                                              :
--------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING THE PROOF OF CLAIM FORM

Upon the motion, dated May 26, 2009 (the "<u>Motion</u>"),[1] of Lehman Brothers

Holdings Inc. and its affiliates, as debtors and debtors in possession in the above referenced

chapter 11 cases (collectively, the "<u>Debtors</u>"),[2] pursuant to sections 502(b)(9) of the Bankruptcy

Code and Bankruptcy Rule 3003(c)(3) seeking an order (i) establishing the deadline for filing

proofs of claim, (ii) approving the form and manner of notice thereof and (iii) approving the

proof of claim form, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

[2] Lehman Brothers Holdings Inc. (08-13555); LB 745 LLC (08-13600); PAMI Statler Arms LLC (08-13664); Lehman Brothers Commodity Services Inc. (08-13885); Lehman Brothers Special Financing Inc. (08-13888); Lehman Brothers OTC Derivatives Inc, (08-13893); Lehman Brothers Derivatives Products Inc. (08-13899); Lehman Commercial Paper Inc. (08-13900); Lehman Brothers Commercial Corporation (08-13901); Lehman Brothers Financial Products Inc. (08-13902); Lehman Scottish Finance L.P. (08-13904); CES Aviation LLC (08-13905); CES Aviation V LLC (08-13906); CES Aviation IX LLC (08-13907); East Dover Limited (08-13908); Luxembourg Residential Properties Loan Finance S.a.r.l. (09-10108); BNC Mortgage LLC (09-10137); Structured Asset Securities Corporation (09-10558); LB Rose Ranch LLC (09-10560); and LB Kalakaua Owners LLC (09-12516).

the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and

due and proper notice of the Motion having been provided to the Notice Parties; and it appearing

that no other or further notice need be provided; and the Court having determined that the relief

sought in the Motion is in the best interests of the Debtors, its creditors and all parties in interest;

and upon the record of the hearings held on June 24, 2009 and June 29, 2009; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, and except

as otherwise provided herein, **September 22, 2009, at 5:00 p.m. (prevailing Eastern Time)** is

established as the deadline (the "Bar Date") for each person or entity (including, without

limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental

unit) to file proofs of claim (each a "Proof of Claim") based on prepetition claims (as defined in

section 101(5) of the Bankruptcy Code) against the Debtors; and it is further

ORDERED that all Proofs of Claim filed against the Debtors must substantially

conform to the form attached as Exhibit B hereto ("Proof of Claim Form") and must be received

on or before the Bar Date by the official noticing and claims agent in the Debtors' chapter 11

cases, Epiq Bankruptcy Solutions, LLC ("Epiq") or the Court.  The original Proof of Claim Form

should be sent to the following address:

2

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

     or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims
Processing
One Bowling Green
New York, New York 10004

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5286
New York, New York  10150-5076

; and it is further

ORDERED that Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date; and it is further

ORDERED that neither the Court nor Epiq shall be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

    (a)    any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount, priority or nature of the claim set forth in the Schedules;

    (b)    any person or entity whose claim has been paid in full by the Debtors;

(c)      any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(d)      any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(e)      any holder of a claim for which a separate deadline is fixed by this Court;

(f)      any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract or a Guarantee on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

(g)      any holder of any claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy, insolvency proceeding or similar proceeding, in a foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(h)      any holder of a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

4

(i)     any entity included on the Exempt Entities List available on the Debtors'
website http://www.lehman-docket.com (the "Exempt Entities List") and
any subsidiary for which the entity on the Exempt Entities List owns at
least a fifty percent equity interest in such subsidiary, specifically
excluding any subsidiary that is in a bankruptcy, insolvency or similar
proceeding in a foreign jurisdiction and Lehman Brothers Inc.;

and it is further

ORDERED that, any holder of a security that is not listed on the Master List of

Securities may request that a security be added to the Master List of Securities by completing the

form entitled "Inquiry Regarding Security Not on Master List of Securities" available on the

Debtors' website http://www.lehman-docket.com and submitting it to the Debtors as directed on

such form on or prior to August 5, 2009.  The Debtors will investigate the inquiry and within 15

days of the receipt of such inquiry, the Debtors will (x) add the security to the Master List of

Securities (if appropriate) or (y) provide an explanation solely to the party submitting such

inquiry as to why the security will not be added to the Master List of Securities.  The Master List

of Securities listed on the website shall be **final** as of August 20, 2009; and it is further

ORDERED that any security that is listed on the Master List of Securities is not a

Derivative Contract and the holders of such security are not required to complete the Derivative

Questionnaire on account of such security; and it is further

ORDERED that a holder (or any other party authorized under the Bankruptcy

Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a

security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such

Debtor based on the Guarantee and complete the Guarantee Questionnaire; and it is further

ORDERED that any person or entity that holds a claim arising from the rejection

of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by

the later of (i) the Bar Date and (ii) the date which is forty-five (45) days following the effective

date of such rejection or be forever barred from doing so; and it is further

ORDERED that each Proof of Claim must: (i) be written in the English language;

(ii) be denominated in lawful currency of the United States; (iii) conform substantially with the

Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it

is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include

supporting documentation or an explanation as to why documentation is not available; and (vii)

be signed by the claimant or by an authorized agent of the claimant; and it is further

ORDERED that for the purposes of this Order, the term "Derivative Contract"

shall mean any contract that is any of (i) a "swap agreement" as such term is defined in section

101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section

101(25) of the Bankruptcy Code; provided that a cash-market purchase or sale of a security or

loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement

cycle for the relevant market), exchange-traded future or option, securities loan transaction,

repurchase agreement in respect of securities or loans, and any guarantee or reimbursement

obligations which would otherwise be included in the definition of "swap agreement" or

"forward contract" pursuant to the definition of such terms in the Bankruptcy Code shall not be

considered a Derivative Contract for the purposes of this definition; provided further that, any

notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not

limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman

Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and

Lehman Brothers (Luxembourg) Equity Finance S.A.) shall not be considered "Derivatives

Contracts" within the meaning of this Order; and it is further

ORDERED that each holder of a claim against a Debtor based on amounts owed

pursuant to any Derivative Contract must:

(a)     on or before the Bar Date, fill-out and return a Proof of Claim in the same
manner as all other claimants;

(b)     check the appropriate box on the Proof of Claim;

(c)     on or before **October 22, 2009, at 5:00 pm (prevailing Eastern Time)**
(the "Questionnaire Deadline"), log on to http://www.lehman-claims.com,
enter the unique identification number included (the "Unique ID
Number") on the Proof of Claim mailed to such holder by the Debtors and
complete the electronic Derivative Questionnaire, substantially in the form
attached as Exhibit C hereto (the "Derivative Questionnaire"); and

(d)     on or before the Questionnaire Deadline, electronically upload supporting
documentation on the website (as required in the Derivative
Questionnaire), rather than attaching such documents to the Proof of
Claim;

and it is further

ORDERED that each holder of a claim against a Debtor based on amounts owed

pursuant to a promise, representation or agreement to answer for the payment of some debt or the

performance of some duty in case of the failure of another person or entity who is liable in the

first instance (a "Guarantee") must:

(a)     on or before the Bar Date fill-out and return a Proof of Claim in the same
manner as all other claimants;

(b)     on or before the Bar Date check the appropriate box on the Proof of
Claim;

(c)     on or before the Questionnaire Deadline (**October 22, 2009, at 5:00 pm
(prevailing Eastern Time)**), log on to http://www.lehman-claims.com,
enter the Unique ID Number included on the Proof of Claim mailed to such
holder by the Debtors and complete the electronic Guarantee
Questionnaire, substantially in the form attached as Exhibit D hereto (the
"Guarantee Questionnaire"); and

(d)     on or before the Questionnaire Deadline, electronically upload supporting
documentation and evidence of the underlying claim amount on the

7

website, as required in the Guarantee Questionnaire, rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that, each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must:

    (a)    on or before the Bar Date, fill-out and return a Proof of Claim in the same manner as all other claimants;

    (b)    check both boxes on the Proof of Claim that such claim is based on a Derivative Contract and based on a Guarantee;

    (c)    on or before the Questionnaire Deadline (**October 22, 2009, at 5:00 pm (prevailing Eastern Time)**), log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website (as required in the Guarantee Questionnaire), rather than attaching such documents to the Proof of Claim; and

    (d)    on or before the Questionnaire Deadline, log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete the electronic Derivative Questionnaire and electronically upload supporting documentation on the website (as required in the Derivative Questionnaire), rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that if a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the documentation required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date; and it is further

ORDERED that if a holder files a Proof of Claim based on a Derivative Contract or a Guarantee that does not have a Unique ID Number, such holder shall comply with the

procedures set forth in the prior three paragraphs, except that instead of entering a Unique ID

Number on the website, such holder shall instead indicate on the website that they filed a Proof

of Claim that did not have a Unique ID Number; and it is further

ORDERED that entities affiliated with the Debtors that are the subject of a

bankruptcy, insolvency proceeding or similar proceeding in a foreign jurisdiction that file a claim

against a Debtor shall not be required to complete the Derivative Questionnaire; and it is further

ORDERED that the information submitted on the website http://www.lehman-

claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the

website other than by the party that submitted such information, the Debtors, the Creditors'

Committee and their respective advisors and counsel; and it is further

ORDERED that the website http://www.lehman-claims.com and the information

submitted thereon will remain accessible by the party that submitted such information following

the Bar Date and the information submitted on the website will be subject to the same rules and

standards as amendments and supplements to proofs of claim; and it is further

ORDERED that if a holder asserts a claim against more than one Debtor or has

claims against different Debtors, a separate Proof of Claim must be filed with respect to each

Debtor; and it is further

ORDERED that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim

against the Debtors who is required, but fails to file a proof of such claim in accordance with the

Bar Date Order on or before the Bar Date, specifically, including filling out the Derivative

Questionnaire or the Guarantee Questionnaire and uploading required information to the website

http://www.lehman-claims.com (which Derivative Questionnaire or Guarantee Questionnaire

shall not be required to be completed until the Questionnaire Deadline), specifying the applicable

9

Debtor and other requirements set forth herein, shall be forever barred, estopped and enjoined

from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto),

and the Debtors and their property shall be forever discharged from any and all indebtedness or

liability with respect to such claim, and such holder shall not be permitted to vote to accept or

reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the

Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such

claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in

substantially the form attached as <u>Exhibit A</u> hereto (the "<u>Bar Date Notice</u>"), which Bar Date

Notice are approved in all respects, shall be deemed good, adequate, and sufficient notice if it is

served by deposit in the United States mail, first class postage prepaid, on or before July 8, 2009

upon:

    (a)    the U.S. Trustee;

    (b)    attorneys for the Creditors' Committee;

    (c)    all known holders of claims listed on the Schedules at the addresses stated therein;

    (d)    all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated after September 1, 2006 and (iii) all of the Debtors' retirees;

    (e)    all parties known to the Debtors as having potential claims against the Debtors' estates;

    (f)    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

    (g)    all parties to litigation with the Debtors (as of the date of the entry of the Bar Date Order);

    (h)    the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange

Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i)       all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

ORDERED that the Debtors shall mail one or more Proof of Claim Forms (as appropriate) to all parties listed in the preceding paragraph, each with a Unique ID Number printed on the form, together with instructions for filing a Proof of Claim, except that the Proof of Claim Form shall be omitted from any mailing to holders of LBHI securities that are on the Master List of Securities; and it is further

ORDERED that, pursuant to Bankruptcy Rules 2002(f) and (*l*), the Debtors shall publish the notice substantially in the form of the Bar Date Notice once in The New York Times (International Edition), The Wall Street Journal (International Edition) and The Financial Times, each at least forty-five (45) days prior to the Bar Date, which publication is hereby approved in all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that, if the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be required to file Proofs of Claim in respect of their claims prior to the later of (i) the Bar Date and (ii) thirty (30) days from the date on which such notice is given, or be forever barred from doing so; and it is further

ORDERED that Proofs of Claims may only be filed by parties that are authorized to file such claims in accordance with Bankruptcy Code and the Bankruptcy Rules; and it is further

11

ORDERED that any current or former affiliate of the Debtors, other than affiliates listed on the Exempt Entities List, that has a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to the applicable Commencement Date must file a Proof of Claim in accordance with this Order or be forever barred from doing so; and it is further

ORDERED that (other than stipulations, agreements and orders entered into by the Debtors with JPMorgan Chase Bank, N.A, Pacific Investment Management Company LLC and the Internal Revenue Service) the Debtors shall not enter into any stipulations or agreements that modify the procedures set forth in this Order for the filing of Proofs of Claim based on Derivative Contracts (including the completion of the Derivative Questionnaire) without either the consent of the Creditors' Committee or the approval of the Court; and it is further

ORDERED that notwithstanding anything to the contrary contained in this Order, the following procedures apply to the filing of any and all claims (including any claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading "Lehman Programs Securities" (any such security, a "Lehman Program Security") as of July 17, 2009 at 5:00 pm (prevailing Eastern Time):

(a)     **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "Securities Programs Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) (the "Filing Entities" and each a "Filing Entity") to file proofs of claim based on any Lehman Program Security;

(b)     the Debtors, in coordination with the Creditors' Committee, are authorized to, and will, create a notice of the Securities Programs Bar Date (the "Securities Programs Bar Date Notice") and a proof of claim form (the "Securities Programs Proof of Claim Form") as necessary to provide notice of the Securities Programs Bar Date;

(c)     the Debtors are authorized to, and will, translate the Securities Programs Bar Date Notice into relevant foreign languages; it being understood that claims submitted in respect of any Lehman Program Security must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States using the exchange rate as applicable as of September 15, 2008; (iii) conform substantially with the Securities Programs Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; (v) identify the International Securities Identification Number ("ISIN") and/or Committee on Uniform Securities Identification Procedures ("CUSIP") number, as applicable, for each Lehman Program Security; (vi) include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number; (vii) be signed by the Filing Entity or by an authorized agent of the Filing Entity; and (viii) be submitted in hard copy form with an original signature;

(d)     the Debtors shall publish on http://www.lehman-docket.com a proposed list of "Lehman Programs Securities," to include at a minimum issuances under (i) that certain U.S.$100,000,000,000 Euro Medium Term-Note Program, (ii) that certain U.S.$4,000,000,000 German Note Issuance Programme, as described in a certain Base Prospectus, dated August 28, 2007, (iii) the Swiss Certificates Programme, as described in a certain Programme Prospectus, dated November 29, 2007 and (iv) the Italian Inflation Linked Notes, dated December 2005 – December 2017, which list will include the ISIN and/or CUSIP, as applicable, for each Lehman Program Security, no later than July 6, 2009 at 5:00 pm (prevailing Eastern Time), and the Debtors, the Creditors' Committee, the account holders or holders of any Lehman Program Security that identify themselves in writing to the Debtors, and the trustees for Lehman Brothers Treasury Co. B.V. and other applicable foreign proceedings will work in good faith to agree on a list of "Lehman Programs Securities" by no later than July 13, 2009;

(e)     in the event there are any disputes concerning the contents of the list of "Lehman Program Securities," the Court may consider such disputes on an expedited basis with notice to the disputing parties;

(f)     notice of the entry of this Order, of the Bar Date and of the Securities Programs Bar Date in the form of the Securities Programs Bar Date Notice shall be deemed good, adequate, and sufficient notice if (i) it is  served by deposit in the United States mail, first class postage prepaid, and/or delivered by electronic mail on or before July 27, 2009 upon (1) the U.S. Trustee, (2) Euroclear, Clearstream and the Depository Trust Company and other similar clearing systems, as applicable (collectively, the "Clearing Systems") and (3) each of the issuers (and their representative or administrator) of the Lehman Program Securities (the "Issuers"), and (ii) the Debtors request that the Clearing Systems and the Issuers promptly distribute the Securities Program

13

Bar Date Notice to the account holders and/or holders of any Lehman Program Security;

(g)      pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice (translated into the appropriate language, if necessary) substantially in the form of the Securities Programs Bar Date Notice at least once in one leading national newspaper in each of Italy, Spain, France, Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Austria, Greece, Brazil, Argentina, Australia and Japan, each at least sixty (60) days prior to the Securities Programs Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the Securities Programs Bar Date and the procedures for filing Proofs of Claim and Securities Programs Proofs of Claim in these cases;

(h)      any person or entity that files a claim based on both (i) a Lehman Program Security and (ii) any other claim, is not required to complete the Guarantee Questionnaire or Derivative Questionnaire in respect of the portion of the claim that relates to such Lehman Program Security, but is required to complete the Guarantee Questionnaire and Derivative Questionnaire, as applicable, prior to the Questionnaire Deadline with respect to all other claims that are not based on a Lehman Program Security;

(i)      persons or entities that file claims based on any Lehman Program Security are not required to attach or submit any documentation supporting any claim based on such Lehman Program Security; provided however that, the Debtors reserve the right to seek production of all documentation required by Bankruptcy Rule 3001(c) as part of the claims reconciliation process;

(j)      claims based on any Lehman Program Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b);

(k)      a Filing Entity that files a claim based on any Lehman Program Security, by filing such claim, for the purposes of U.S. Bankruptcy proceedings, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions, if any, except as otherwise provided in a confirmation order related to a plan, and responding to any objection interposed as to such claim.  For the avoidance of doubt, a Filing Entity that files a claim on behalf of multiple account holders or holders of any Lehman Program Security shall not be required to provide identifying information for such account holders or holders of any Lehman Program Security;

(l)      nothing in this Order shall impose a duty or obligation on any party to any agreement related to any Lehman Program Security to file a claim beyond whatever duty or obligation currently exists in the applicable agreements for the Lehman Program Security or applicable law;

(m)    nothing in this Order shall prevent a holder of a Lehman Program Security
that has filed a proof of claim from buying or selling claims based on a
Lehman Program Security in a manner consistent with the applicable clearing
system practice; and

(n)    other than as specifically provided in clauses (a) through (m) above, all
provisions of this Order apply to holders of claims under any Lehman
Program Security and holders of claims based on such Lehman Program
Security are required to comply with all provisions of this Order;

and it is further

ORDERED that nothing in this Order shall prejudice the right of the Debtors or

any other party in interest to dispute or assert offsets or defenses to any claim reflected in the

Schedules; and it is further

ORDERED that the Debtors and Epiq are authorized and empowered to take such

steps and perform such acts as may be necessary to implement and effectuate the terms of this

Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein

and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to

all creditors of their obligations in connection with claims they may have against the Debtors in

these chapter 11 cases; and it is further

ORDERED that any person or entity who desires to rely on the Schedules will

have the responsibility for determining that the claim is accurately listed in the Schedules; and it

is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors or be forever barred from voting upon any chapter 11 plan of the Debtors, from receiving any payment or distribution of property from the Debtors, Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against the Debtors.

Dated: New York, New York
      July 2, 2009

                                *s/ James M. Peck*
                                UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Notice of Bar Date**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                           :

| | |
|---|---|
| In re | :     **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | :     **08-13555 (JMP)** |
| | : |
| Debtors. | :     **(Jointly Administered)** |
| | : |
| | : |

------------------------------------------------------------------x

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

      PLEASE TAKE NOTICE THAT, on July 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc. and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "<u>Debtors</u>"), entered an order (the "<u>Bar Date Order</u>") establishing **September 22, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("<u>Proof of Claim</u>") based on prepetition claims against the Debtors (the "<u>Bar Date</u>").  The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "<u>Commencement Date</u>"), the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), as set forth in Schedule A hereto.

      **If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") at (866)-879-0688.**

      **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

      **Some parties are required to file a Proof of Claim in order to preserve their claim against the Debtors.  Other parties are not required to file a Proof of Claim in order to preserve their claim against the Debtors.  The following is a summary explanation of each.**

1.      **WHO MUST FILE A PROOF OF CLAIM**

      You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before the applicable Commencement Date, may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date.  Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.**    **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1)    Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount, priority or nature of the claim set forth in the Schedules;

(2)    Your claim has been paid in full by the Debtors;

(3)    You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(4)    You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(5)    You hold a claim for which a separate deadline is fixed by this Court;

(6)    You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantee;

(7)    You hold a claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding, in foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8)    You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9)    You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List") and any subsidiary for which the entity on the Exempt Entities List owns at least a fifty percent equity interest in such subsidiary, specifically excluding any subsidiary that is in a bankruptcy, insolvency or similar proceeding in a foreign jurisdiction and Lehman Brothers Inc.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim. Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM. MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

---

**SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES**

Holders of securities are **NOT** required to file a proof of claim on account of their ownership if, and only if, such security is listed on the Debtors' Master List of Securities because such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will each file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities). The Master List of Securities is available for review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP or ISIN) or by security description.

If you do not see your security listed on the Master List of Securities and you have a question about the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form prior to August 5, 2009.

Inquiries will be investigated, and within 15 days of the Debtors receipt of such inquiry, either the security will either be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.

The Master List of Securities shall be finalized on August 20, 2009 and not subject to further change.

A Proof of Claim form is being included with the Bar Date Notices being served on holders of LBHI securities other than to holders of securities that are on the Master List of Securities.

IF YOU BELIEVE YOU HAVE A CLAIM AGAINST **LBHI** OTHER THAN ON ACCOUNT OF YOUR LEHMAN SECURITIES OWNERSHIP, YOU MUST FILE A PROOF OF CLAIM FORM, AS DIRECTED IN THIS BAR DATE NOTICE. A COPY OF THE PROOF OF CLAIM FORM IS AVAILABLE AT HTTP://WWW.LEHMAN-DOCKET.COM.

---

3.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4.      **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

If by overnight mail, to:                           If by first-class mail, to:

Epiq Bankruptcy Solutions, LLC               Lehman Brothers Holdings Claims Processing
Attn: Lehman Brothers Holdings Claims Processing   c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor                   FDR Station, P.O. Box 5286
New York, New York 10017                      New York, New York  10150-5076

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

          or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims Processing
One Bowling Green
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually** **received** by Epiq or the Court on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the Debtors will notify the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

**5.    WHAT TO FILE**

       If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States; (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

**EXCEPT AS SET FORTH IN THE FOLLOWING THREE PARAGRAPHS, YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, ATTACH A SUMMARY.**

**CLAIMS BASED ON DERIVATIVE CONTRACTS**

**IF YOU FILE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

**A "DERIVATIVE CONTRACT" IS A CONTRACT THAT IS ANY OF (I) A "SWAP AGREEMENT" AS SUCH TERM IS DEFINED IN SECTION 101(53B) OF THE BANKRUPTCY CODE OR (II) A "FORWARD CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 101(25) OF THE BANKRUPTCY CODE.  A CASH-MARKET PURCHASE OR SALE OF A SECURITY OR LOAN (I.E. ANY PURCHASE OR SALE OF A SECURITY OR LOAN FOR SETTLEMENT WITHIN THE STANDARD SETTLEMENT CYCLE FOR THE RELEVANT MARKET), EXCHANGE-TRADED FUTURE OR OPTION, SECURITIES LOAN TRANSACTION, REPURCHASE AGREEMENT IN RESPECT OF SECURITIES OR LOANS, AND ANY GUARANTEE OR REIMBURSEMENT OBLIGATIONS WHICH WOULD OTHERWISE BE INCLUDED IN THE DEFINITION OF "SWAP AGREEMENT"**

OR "FORWARD CONTRACT" PURSUANT TO THE DEFINITION OF SUCH TERMS IN THE BANKRUPTCY CODE <u>SHALL NOT BE CONSIDERED</u> A DERIVATIVE CONTRACT FOR THE PURPOSES OF THIS DEFINITION NOR SHALL ANY NOTES, BONDS, OR OTHER SECURITIES ISSUED BY THE DEBTORS OR THEIR AFFILIATES (INCLUDING, BUT NOT LIMITED TO, LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS TREASURY CO. B.V., LEHMAN BROTHERS BANKHAUS AG, LEHMAN BROTHERS HOLDINGS PLC, LEHMAN BROTHERS SECURITIES N.V., AND LEHMAN BROTHERS (LUXEMBOURG) EQUITY FINANCE S.A.).

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

<u>CLAIMS BASED ON A DEBTOR'S GUARANTEE</u>

IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS <u>EXHIBIT D</u> TO THE BAR DATE ORDER (THE "<u>GUARANTEE QUESTIONNAIRE</u>") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

A "GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

<u>CLAIMS BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT WITH A NON-DEBTOR</u>

IF YOU FILE A PROOF OF CLAIM BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT ENTERED INTO WITH A NON-DEBTOR, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM AND LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

If a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the documentation required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date.

If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number.

A holder (or any other party authorized under the Bankruptcy Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire.

Any security that is listed on the Master List of Securities is not a Derivative Contract and the holders of such security are not required to complete the Derivative Questionnaire on account of such security.

The information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information and the Debtors and the Creditors' Committee and their respective advisors and counsel.

The website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim.

**6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR COMPLETE THE DERIVATIVE QUESTIONNAIRE PRIOR TO THE QUESTIONNAIRE DEADLINE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, underlined specifically, including filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable) and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire or Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

**7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules. Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:      June __, 2009                                     BY ORDER OF THE COURT
            New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## Schedule A

| Debtor | Case Number | Commencement Date |
|---|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 | September 15, 2008 |
| LB 745 LLC | 08-13600 | September 16, 2008 |
| PAMI Statler Arms LLC | 08-13664 | September 23, 2008 |
| Lehman Brothers Commodity Services Inc. | 08-13885 | October 3, 2008 |
| Lehman Brothers Special Financing Inc. | 08-13888 | October 3, 2008 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 | October 3, 2008 |
| Lehman Brothers Derivatives Products Inc. | 08-13899 | October 5, 2008 |
| Lehman Commercial Paper Inc | 08-13900 | October 5, 2008 |
| Lehman Brothers Commercial Corporation | 08-13901 | October 5, 2008 |
| Lehman Brothers Financial Products Inc. | 08-13902 | October 5, 2008 |
| Lehman Scottish Finance L.P. | 08-13904 | October 5, 2008; |
| CES Aviation LLC | 08-13905 | October 5, 2008 |
| CES Aviation V LLC | 08-13906 | October 5, 2008 |
| CES Aviation IX LLC | 08-13907 | October 5, 2008 |
| East Dover Limited | 08-13908 | October 5, 2008 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 | January 7, 2009 |
| BNC Mortgage LLC | 09-10137 | January 9, 2009 |
| Structured Asset Securities Corporation | 09-10558 | February 9, 2009 |
| LB Rose Ranch LLC | 09-10560 | February 9, 2009 |
| LB 2080 Kalakaua Owners LLC | 09-12516 | April 23, 2009 |

## **Exhibit B**

**Proof of Claim Form**

*United States Bankruptcy Court/Southern District of New York*

## PROOF OF CLAIM

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| | |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case.  A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Telephone number:                    Email Address:

Name and address where payment should be sent (if different from above)

Telephone number:                    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____

*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

**1.    Amount of Claim as of Date Case Filed:**  $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐    Check this box if all or part of your claim is based on a Derivative Contract.*
☐    Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐    Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** _____
    **3a. Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side.)

**4.    Secured Claim** (See instruction #4 on reverse side.)
    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

    Nature of property or right of setoff:  ☐ Real Estate      ☐ Motor Vehicle      ☐ Other

    Describe: _____

    Value of Property: $_____  Annual Interest Rate _____%
    Amount of arrearage and other charges as of time case filed included in secured claim, if any:
    $_____ Basis for perfection: _____

    **Amount of Secured Claim: $_____  Amount Unsecured: $_____**

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____**
    (See instruction #6 on reverse side.)

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**7.    Credits:**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8.    Documents:**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.

**DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | **Signature:**  The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____ **DEFINITIONS** _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

_____ **INFORMATION** _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), and any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## Exhibit C

### Derivative Questionnaire

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form. As such, criminal penalties apply for making a false statement. The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

YOU MUST COMPLETE ONE DERIVATIVE QUESTIONNAIRE PER PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A MASTER AGREEMENT. IF A MASTER AGREEMENT DOES NOT EXIST, YOU MUST COMPLETE ONE DERIVATIVE QUESTIONNAIRE PER DERIVATIVE CONTRACT.

General:_____

Name of Debtor (drop down of Lehman entities):

Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:

_____

**1. Is the Debtor identified above (i) a counterparty to the derivative contract or (ii) a guarantor or credit support provider? Please identify the counterparties, guarantors and/or credit support providers to the derivative contract.**



**2. Have Termination Agreement(s) related to the allowance of a claim in respect of derivatives been entered into with the debtor?**



If Yes---Enter the amount of the derivative claim $_____

Please attach Termination Agreement and go to ___(end).

If No, proceed to #3.

**3. Have the derivatives matured or been terminated?**

If Yes--Enter the derivative claim amount and each line item included in the calculation thereof on the provided table and provide the information in 4.

If No, STOP HERE.  For Derivative Contracts that have not matured or been terminated, you do not need to complete the rest of the Derivative Questionnaire or submit any of the documents or information requested below.

4. a. <u>Documentation of Transactions.</u>   Please provide copies of all master agreements and schedules thereto, netting agreements, credit support agreements, guarantees and other agreements (other than confirmations) evidencing the transactions, in each case that relate to the claim.

b. <u>Termination Notice.</u>  Please provide a copy of the termination notice, including evidence supporting delivery date of the termination notice.

c. <u>Valuation Statement</u>. Please provide a copy of the valuation statement.  Please identify any collateral that has been posted by any party in connection with the transactions and any claims of set-off against other transactions reflected in the claim.

d. <u>Individual Trade Level Detail</u>.  Please provide with respect to each transaction (i) the valuation date (to the extent not included in your valuation statement) and value and (ii) details for the purpose of identifying and reconciling each transaction (e.g. including, as applicable, trade id, electronic trade reference id, trade type, product, trade date, reference obligation or reference entity, factor and original contract notional amount, quantity/unit of measure, currency,  price or strike price, buy/sell, call or put, cap or floor, effective date, and maturity date. (For the avoidance of doubt, you are not required to submit each and every one of the foregoing)).  Please provide this information in Microsoft Excel format.

e. <u>Trade Valuation Methodology and Quotations</u>.  Please check the box next to each valuation methodology used to support the claim (if multiple methodologies were used, please check multiple boxes and identify the trade population listed in clause d. above to which each valuation method applies):

_____ ISDA Master Agreements Specifying Market Quotation Methodology:  If not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

_____ ISDA Master Agreements Specifying Loss Methodology.  To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

_____ ISDA Master Agreements Specifying Close-Out Amount Methodology.  To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

_____ ISDA Master Agreements Specifying Any Other Methodology.  To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

_____ Non-ISDA Master Agreements. To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

_____ Replacement Transactions:  If you replaced a terminated transaction with a transaction with the same economic terms as the terminated transaction, provide documentation evidencing such replacement transaction and the quotation(s) used, including specifying any cash (or other consideration) paid or received by or to any person to replace the transactions, the name of each entity that effectuated a replacement and when any such transactions were effected.

f. <u>Unpaid Amounts</u>.   Please specify any unpaid amounts and interest accrued thereon included in calculation of any amounts due with respect to the transactions.

g. <u>Collateral</u>.  Please provide CUSIP/ISIN for collateral listed, if applicable, or other information that reasonably identifies collateral reflected in the claim calculation and the valuation of such collateral.  Please provide this information in Microsoft Excel format.

h. <u>Other costs</u>.

      i.      If claim includes other costs, please include a schedule that lists each such cost by vendor and indicates the service provided and amount paid.

      ii.     If claim includes interest charges, please provide calculation in Microsoft Excel format of interest including principal amount, interest rate, term and assumptions.

## Exhibit D

### Guarantee Questionnaire

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form. As such, criminal penalties apply for making a false statement. The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

General:_____

Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:

_____

1. Name of Debtor, or other entity, against which you have a direct claim (the "Obligor"):

2. If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding (and is not a Debtor in these chapter 11 cases), please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed.

3. List the agreement(s) under which your claim arises against the Obligor and, unless you have uploaded information in compliance with question 4a of the Derivative Questionnaire, provide documentation evidencing your claim <u>and</u> supporting the calculation of the claim amount.*

4. Amount of claim against Obligor: $_____.

5. Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"):

6. Please upload the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire.

7. Amount of claim against the Guarantor: $_____.

\* Pursuant to Federal Rule of Bankruptcy Procedure 3001(c), if your claim is based on a written agreement, you are required to attach a copy of the writing evidencing such agreement.

## **EXHIBIT 2**

**Proofs of Claim Filed September 16, 2009**

**The ISDA Proof of Claim**

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al.<br>Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings Inc. | 08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                    0000013779

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities. (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attention: General Counsel

Telephone number: 212-756-5967    Email Address: cgregory@pb-us.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
  (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____    Email Address: _____

---

1. **Amount of Claim as of Date Case Filed:** $ 722,203.87 (see Attachment)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** guaranties (see Attachment)
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

---

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Documents to be provided with Guarantee Questionnaire.

**FILED / RECEIVED**
SEP 16 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br><br>09/16/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Coleman Gregory*    Coleman Gregory, SVP |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO CLAIM OF PB CAPITAL CORPORATION

The claimant, PB Capital Corporation ("**Claimant**"), a Delaware corporation, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Holding Inc. ("LBHI") for a total amount of U.S. $722,203.87, U.S. $720,545.24 of which consists of the principal amount of the claim, U.S. $1,260.95 of which consists of interest on the principal amount of the claim, and U.S. $377.68 of which consists of legal fees and expenses associated with the claim (such principal, interest and legal fees and expenses amounts, collectively, the "Claim Amount").

Claimant's claim against LBHI relates to the guarantee by LBHI of the obligations of Lehman Brothers Special Financing Inc ("LBSFI") pursuant to a credit default swap between Claimant and LBSFI under an ISDA Master Agreement dated as of August 7, 2000 between Claimant and LBSFI. LBHI has guaranteed all obligations of LBSFI (including, without limitation, those arising in respect of the credit default swap referred to above, pursuant to (i) a Guarantee of Lehman Brothers Holdings Inc. dated September 15, 2000, and (ii) a Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI dated June 9, 2005.

Claimant hereby reserves the right to withdraw, amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims. Claimant also reserves all rights accruing to it against LBHI, and the filing of this claim is not intended to be and shall not be construed as (i) an election of remedy or (ii) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

This claim is in addition to, and does not supersede, any other claim or Proof of Claim filed or to be filed by Claimant against LBHI or any other affiliate of LBHI.

Any notices in connection with these claims should be addressed to Claimant at the address below:

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attn:   General Counsel
Tel:   (212) 756-5967
E-mail:  cgregory@pb-us.com

-and-

Cleary Gottlieb Steen & Hamilton LLP
12, rue de Tilsitt
75008 Paris
France
Attn.:  Andrew A. Bernstein, Esq.
Tel.:  +33 1 40 74 68 60
E-mail:  abernstein@cgsh.com

-and-

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn.:  Seth Grosshandler, Esq.
Tel.:  +1 212 225 2542
E-mail:  sgrosshandler@cgsh.com

## SECRETARY'S CERTIFICATE
## PB CAPITAL CORPORATION

The undersigned, being the Secretary of PB Capital Corporation, a Delaware corporation (the "Corporation"), hereby certifies that set forth below are the name, office and true and correct specimen signature for each officer, director or employee of the Corporation who has or will sign on behalf of the Corporation any document, agreement or instrument with or in favor of any third party (a "Document"). Each signature is assigned a letter indicating its category. Signatures assigned to the A category have the widest power while those assigned to the B category have more limited powers. Any Document must be signed by two signatories assigned to the A category or by one signatory assigned to the A category and one signatory assigned to the B category.

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Jens Kaessner | Senior Managing Director | A | |
| Kurt Sachs | Senior Managing Director | A | |
| Robert J. DiForio | Managing Director | A | |
| Jeffrey N. Frost | Managing Director | A | |
| Peter Hannigan | Managing Director | A | |
| Robert J. Persico | Managing Director | A | |
| Thomas Schmidt | Managing Director | A | |
| Stephen D. Cotter | Senior Vice President | A | |
| Christoph Duehr | Senior Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|---|---|---|---|
| Christiana G. Frankenberger | **Senior Vice President** | A | |
| Coleman G. Gregory | **Senior Vice President** | A | |
| M. Rebecca Robertson | **Senior Vice President** | A | |
| Farah V. Thoubboron | **Senior Vice President** | A | |
| Daniel T. Cerulli | Senior Director | A | |
| Michael S. Kraft | Senior Director | A | |
| Benny Y. K. Lee | Senior Director | A | |
| Nicholas Nouvel | Senior Director | A | |
| Jonathan H. Oh | Senior Director | A | |
| Robert Rengifo | Senior Director | A | |
| Michael J. Rogers | Senior Director | A | |
| Winfield D. Smart | Senior Director | A | |
| Ann S. Wilhelm | Senior Director | A | |
| Andrew E. Woodtli | Senior Director | A | |
| Alfredo Zullo | Senior Director | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christoph A. Belanger | Vice President | A | |
| Robert R. Bissetta | Vice President | A | |
| Shari Brown | Vice President | A | |
| Maria V. Busby | Vice President | A | |
| Sharon Fong | Vice President | A | |
| Erin M. Hendren | Vice President | A | |
| Kevin M. Higgins | Vice President | A | |
| Wing Kei Ho | Vice President | A | |
| Leroy T. Jeker | Vice President | A | |
| Torben Kuepper | Vice President | A | |
| Olivia A. Lam | Vice President | A | |
| Ronni J. Leopold | Vice President | A | |
| Mina Mei | Vice President | A | |
| Neeranjan Paray | Vice President | A | |
| Amit Pathak | Vice President | A | |
| Sau P. Tse | Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Lilianne Badette | Assistant Vice President | A | |
| Christopher M.  Budd | Assistant Vice President | A | |
| Tinamarie Gallo | Assistant Vice President | A | |
| William Gonzalez | Assistant Vice President | A | |
| Natasha Kazmi | Assistant Vice President | A | |
| Monica A. Keenan | Assistant Vice President | A | |
| Deanna Lenz | Assistant Vice President | A | |
| Lisa R. Miller | Assistant Vice President | A | |
| Gabriele Morrissey | Assistant Vice President | A | |
| Denise M. Pavilonis | Assistant Vice President | A | |
| Andreas Rahe | Assistant Vice President | A | |
| Adler Salomon | Assistant Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|---|---|---|---|
| Leonard Barker | Assistant Treasurer | B | |
| Rosa Larriu | Assistant Treasurer | B | |
| Anna Li | Assistant Treasurer | B | |
| Rico Loebis | Assistant Treasurer | B | |
| Claudia LoGrande | Assistant Treasurer | B | |
| Martha Waite | Assistant Treasurer | B | |
| Carol Yung | Assistant Treasurer | B | |
| John Goldschmidt | Associate | B | |
| Kevin J. Hanly | Associate | B | |
| Giovanna R. Manel | Associate | B | |
| Jeffrey Nicholson | Associate | B | |
| Paul Oliveri | Associate | B | |
| Rachael Roisman | Associate | B | |
| | | | |
| May Liao | | B | |

**IN WITNESS WHEREOF**, the undersigned has duly executed this instrument as the Secretary of the Corporation this
22nd day of June, 2009 . This certificate supersedes the certificate dated May 29, 2008.


_____
Coleman Gregory
Secretary

The undersigned, being a Senior Vice President of the Corporation, hereby certifies that Coleman Gregory is a duly elected
officer of the Corporation, holding the office of Secretary, and that the signature above his name in the above certificate is a
true and correct specimen of his signature.


_____
Christoph Duehr
Senior Vice President

**PB Capital**

A Subsidiary of Deutsche Bank AG

230 Park Avenue
New York, NY 10169

**BY HAND**

**Epiq Bankruptcy Solutions, LLC**

**Attn: Lehman Brothers Holdings Claims Processing**
**757 Third Avenue, 3rd Floor**
**New York, New York 10017**

H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED
SEP 16 2009

RECEIVED BY: M Sanchez

DATE 9/14/09

TIME 11:58

**The LBSFI Proof of Claim**

| United States Bankruptcy Court/Southern District of New York | **PROOF OF CLAIM** |
|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                    0000013782

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al.<br>Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attention: General Counsel

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
   (If known)

Filed on: _____

*[handwritten]* Derivate Master Account
Number 061799BHFV

Telephone number: 212-756-5967     Email Address: cgregory@pb-us.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

---

1. **Amount of Claim as of Date Case Filed:** $ 722,203.87 (see Attachment)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** credit default swap
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 5292
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

Documents to be provided with Derivatives Questionnaire.

| Date:<br>09/16/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]* Coleman Gregory, SVP |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

---

**FOR COURT USE ONLY**

**FILED / RECEIVED**

SEP 16 2009

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | |
|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

# DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

_____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), and any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO CLAIM OF PB CAPITAL CORPORATION

The claimant, PB Capital Corporation ("**Claimant**"), a Delaware corporation, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Special Financing Inc. ("LBSFI") for a total amount of U.S. $722,203.87, U.S. $720,545.24 of which consists of the principal amount of the claim, U.S. $1,260.95 of which consists of interest on the principal amount of the claim, and U.S. $377.68 of which consists of legal fees and expenses associated with the claim (such principal, interest and legal fees and expenses amounts, collectively, the "Claim Amount"). Claimant's claim against LBSFI relates to a credit default swap between Claimant and LBSFI.

Claimant hereby reserves the right to withdraw, amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims. Claimant also reserves all rights accruing to it against LBSFI, and the filing of this claim is not intended to be and shall not be construed as (i) an election of remedy or (ii) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

This claim is in addition to, and does not supersede, any other claim or Proof of Claim filed or to be filed by Claimant against LBSFI or any other affiliate of LBSFI.

Any notices in connection with this claim should be addressed to Claimant at the address below:

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attn:   General Counsel
Tel:   (212) 756-5967
E-mail:  cgregory@pb-us.com

-and-

Cleary Gottlieb Steen & Hamilton LLP
12, rue de Tilsitt
75008 Paris
France
Attn.:  Andrew A. Bernstein, Esq.
Tel.:  +33 1 40 74 68 60
E-mail:  abernstein@cgsh.com

-and-

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn.:  Seth Grosshandler, Esq.
Tel.:  +1 212 225 2542
E-mail:  sgrosshandler@cgsh.com

## SECRETARY'S CERTIFICATE
## PB CAPITAL CORPORATION

The undersigned, being the Secretary of PB Capital Corporation, a Delaware corporation (the "Corporation"), hereby certifies that set forth below are the name, office and true and correct specimen signature for each officer, director or employee of the Corporation who has or will sign on behalf of the Corporation any document, agreement or instrument with or in favor of any third party (a "Document"). Each signature is assigned a letter indicating its category. Signatures assigned to the A category have the widest power while those assigned to the B category have more limited powers. Any Document must be signed by two signatories assigned to the A category or by one signatory assigned to the A category and one signatory assigned to the B category.

| NAME | TITLE | CATEGORY | SIGNATURE |
|---|---|---|---|
| Jens Kaessner | **Senior Managing Director** | A | |
| Kurt Sachs | **Senior Managing Director** | A | |
| Robert J. DiForio | **Managing Director** | A | |
| Jeffrey N. Frost | **Managing Director** | A | |
| Peter Hannigan | **Managing Director** | A | |
| Robert J. Persico | **Managing Director** | A | |
| Thomas Schmidt | **Managing Director** | A | |
| Stephen D. Cotter | **Senior Vice President** | A | |
| Christoph Duehr | **Senior Vice President** | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|---|---|---|---|
| Christiana G. Frankenberger | **Senior Vice President** | A | |
| Coleman G. Gregory | **Senior Vice President** | A | |
| M. Rebecca Robertson | **Senior Vice President** | A | |
| Farah V. Thoubboron | **Senior Vice President** | A | |
| Daniel T. Cerulli | Senior Director | A | |
| Michael S. Kraft | Senior Director | A | |
| Benny Y. K. Lee | Senior Director | A | |
| Nicholas Nouvel | Senior Director | A | |
| Jonathan H. Oh | Senior Director | A | |
| Robert Rengifo | Senior Director | A | |
| Michael J. Rogers | Senior Director | A | |
| Winfield D. Smart | Senior Director | A | |
| Ann S. Wilhelm | Senior Director | A | |
| Andrew E. Woodtli | Senior Director | A | |
| Alfredo Zullo | Senior Director | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christoph A. Belanger | Vice President | A | |
| Robert R. Bissetta | Vice President | A | |
| Shari Brown | Vice President | A | |
| Maria V. Busby | Vice President | A | |
| Sharon Fong | Vice President | A | |
| Erin M. Hendren | Vice President | A | |
| Kevin M. Higgins | Vice President | A | |
| Wing Kei Ho | Vice President | A | |
| Leroy T. Jeker | Vice President | A | |
| Torben Kuepper | Vice President | A | |
| Olivia A. Lam | Vice President | A | |
| Ronni J. Leopold | Vice President | A | |
| Mina Mei | Vice President | A | |
| Neeranjan Paray | Vice President | A | |
| Amit Pathak | Vice President | A | |
| Sau P. Tse | Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Lilianne Badette | Assistant Vice President | A | |
| Christopher M. Budd | Assistant Vice President | A | |
| Tinamarie Gallo | Assistant Vice President | A | |
| William Gonzalez | Assistant Vice President | A | |
| Natasha Kazmi | Assistant Vice President | A | |
| Monica A. Keenan | Assistant Vice President | A | |
| Deanna Lenz | Assistant Vice President | A | |
| Lisa R. Miller | Assistant Vice President | A | |
| Gabriele Morrissey | Assistant Vice President | A | |
| Denise M. Pavilonis | Assistant Vice President | A | |
| Andreas Rahe | Assistant Vice President | A | |
| Adler Salomon | Assistant Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Leonard Barker | Assistant Treasurer | B | |
| Rosa Larriu | Assistant Treasurer | B | |
| Anna Li | Assistant Treasurer | B | |
| Rico Loebis | Assistant Treasurer | B | |
| Claudia LoGrande | Assistant Treasurer | B | |
| Martha Waite | Assistant Treasurer | B | |
| Carol Yung | Assistant Treasurer | B | |
| John Goldschmidt | Associate | B | |
| Kevin J. Hanly | Associate | B | |
| Giovanna R. Manel | Associate | B | |
| Jeffrey Nicholson | Associate | B | |
| Paul Oliveri | Associate | B | |
| Rachael Roisman | Associate | B | |
| | | | |
| May Liao | | B | |

**IN WITNESS WHEREOF**, the undersigned has duly executed this instrument as the Secretary of the Corporation this _22nd_ day of _June, 2009_. This certificate supersedes the certificate dated May 29, 2008.

_____
Coleman Gregory
Secretary

The undersigned, being a Senior Vice President of the Corporation, hereby certifies that Coleman Gregory is a duly elected officer of the Corporation, holding the office of Secretary, and that the signature above his name in the above certificate is a true and correct specimen of his signature.

_____
Christoph Duehr
Senior Vice President

Gregory

A Subsidiary of Deutsche Postbank AG

230 Park Avenue
New York, NY 10169

**PB Capital**

BY HAND

Epiq Bankruptcy Solutions, LLC

Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

**H
A
N
D

D
E
L
I
V
E
R
Y**

RECEIVED
SEP 1 6 2009

M Sanchez
RECEIVED BY:

9/14/09
DATE

11:58
TIME

**The K2 Proof of Claim**

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held  Lehman Brothers Holdings Inc. | Case No. of Debtor  08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000013783

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (see definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attention:  General Counsel

Telephone number:  212-756-5967     Email Address:  cgregory@pb-us.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:              Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 23,547,308.39 (see Attachment)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** guaranties (see Attachment)
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

Describe: _____

Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

Amount entitled to priority:

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Documents to be provided with Guarantee Questionnaire.

**FOR COURT USE ONLY**

**FILED / RECEIVED**
SEP 16 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 09/16/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Coleman Gregory    Coleman Gregory, SVP* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2). authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other claims issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO CLAIM OF PB CAPITAL CORPORATION

The claimant, PB Capital Corporation ("**Claimant**"), a Delaware corporation, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Holding Inc. ("LBHI") for a total amount of U.S. $23,547,308.39, U.S. $23,534,373 of which consists of the principal amount of the claim, and U.S. $12,935.39 of which consists of legal fees and expenses associated with the claim (such principal and legal fees and expenses amounts, collectively, the "Claim Amount").

Claimant's claim against LBHI relates to the guarantee by LBHI of the obligations of Lehman Brothers International (Europe) ("LBIE") pursuant to a Financial Guarantee, dated January 8, 2008, between LBIE and Claimant (the "Financial Guaranty"). LBHI has guaranteed all obligations of LBIE (including, without limitation, those arising under the Financial Guarantee, pursuant to (i) a Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI dated June 9, 2005, and (ii) a Guarantee of Lehman Brothers Holding Inc., dated January 4, 2008, addressed to Standard & Poor's Rating Services (in respect of which Claimant is a "Beneficiary" as defined therein).

The total amount payable by LBIE pursuant to the Financial Guarantee is U.S. $36,360,740, of which U.S. $1,044,991 is matured and unpaid as of September 1, 2009, and the remainder will become due in the future (assuming that the issuer of the underlying note does not make its payments, which appears likely). Claimant is required to pay fees of U.S. $12,826,366 to LBIE under the Financial Guarantee, of which U.S. $2,694,085 is matured as of September 1, 2009 and has been withheld as a result of LBIE's breach of its obligations, and the remainder is due in the future. These calculations are indicative and the amounts may change over time.

Claimant notes that it has filed information relating to its claim against LBIE on the website maintained by LBIE's administrators. For this purpose, Claimant has indicated the net present value of the amounts due to and from LBIE as of February 27, 2008, for information purposes only. However, the Claim Amount hereunder is based on the undiscounted amount of payments, which is the maximum amount of the potential claim.

Claimant hereby reserves the right to withdraw, amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims. Claimant also reserves all rights accruing to it against LBHI, and the filing of this claim is not intended to be and shall not be construed as (i) an election of remedy or (ii) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

This claim is in addition to, and does not supersede, any other claim or Proof of Claim filed or to be filed by Claimant against LBHI or any other affiliate of LBHI.

Any notices in connection with these claims should be addressed to Claimant at the address below:

> PB Capital Corporation
> 230 Park Avenue
> New York, New York 10169
> Attn:   General Counsel
> Tel:   (212) 756-5967
> E-mail:  cgregory@pb-us.com
>
> -and-
>
> Cleary Gottlieb Steen & Hamilton LLP
> 12, rue de Tilsitt
> 75008 Paris
> France
> Attn.:  Andrew A. Bernstein, Esq.
> Tel.:  +33 1 40 74 68 60
> E-mail:  abernstein@cgsh.com
>
> -and-
>
> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, NY 10006
> Attn.:  Seth Grosshandler, Esq.
> Tel.:  +1 212 225 2542
> E-mail:  sgrosshandler@cgsh.com

## SECRETARY'S CERTIFICATE
## PB CAPITAL CORPORATION

The undersigned, being the Secretary of PB Capital Corporation, a Delaware corporation (the "Corporation"), hereby certifies that set forth below are the name, office and true and correct specimen signature for each officer, director or employee of the Corporation who has or will sign on behalf of the Corporation any document, agreement or instrument with or in favor of any third party (a "Document"). Each signature is assigned a letter indicating its category. Signatures assigned to the A category have the widest power while those assigned to the B category have more limited powers. Any Document must be signed by two signatories assigned to the A category or by one signatory assigned to the A category and one signatory assigned to the B category.

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Jens Kaessner | Senior Managing Director | A | |
| Kurt Sachs | Senior Managing Director | A | |
| Robert J. DiForio | Managing Director | A | |
| Jeffrey N. Frost | Managing Director | A | |
| Peter Hannigan | Managing Director | A | |
| Robert J. Persico | Managing Director | A | |
| Thomas Schmidt | Managing Director | A | |
| Stephen D. Cotter | Senior Vice President | A | |
| Christoph Duehr | Senior Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christiana G. Frankenberger | **Senior Vice President** | A | |
| Coleman G. Gregory | **Senior Vice President** | A | |
| M. Rebecca Robertson | **Senior Vice President** | A | |
| Farah V. Thoubboron | **Senior Vice President** | A | |
| Daniel T. Cerulli | Senior Director | A | |
| Michael S. Kraft | Senior Director | A | |
| Benny Y. K. Lee | Senior Director | A | |
| Nicholas Nouvel | Senior Director | A | |
| Jonathan H. Oh | Senior Director | A | |
| Robert Rengifo | Senior Director | A | |
| Michael J. Rogers | Senior Director | A | |
| Winfield D. Smart | Senior Director | A | |
| Ann S. Wilhelm | Senior Director | A | |
| Andrew E. Woodtli | Senior Director | A | |
| Alfredo Zullo | Senior Director | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christoph A. Belanger | Vice President | A | |
| Robert R. Bissetta | Vice President | A | |
| Shari Brown | Vice President | A | |
| Maria V. Busby | Vice President | A | |
| Sharon Fong | Vice President | A | |
| Erin M. Hendren | Vice President | A | |
| Kevin M. Higgins | Vice President | A | |
| Wing Kei Ho | Vice President | A | |
| Leroy T. Jeker | Vice President | A | |
| Torben Kuepper | Vice President | A | |
| Olivia A. Lam | Vice President | A | |
| Ronni J. Leopold | Vice President | A | |
| Mina Mei | Vice President | A | |
| Neeranjan Paray | Vice President | A | |
| Amit Pathak | Vice President | A | |
| Sau P. Tse | Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Lilianne Badette | Assistant Vice President | A | |
| Christopher M.  Budd | Assistant Vice President | A | |
| Tinamarie Gallo | Assistant Vice President | A | |
| William Gonzalez | Assistant Vice President | A | |
| Natasha Kazmi | Assistant Vice President | A | |
| Monica A. Keenan | Assistant Vice President | A | |
| Deanna Lenz | Assistant Vice President | A | |
| Lisa R. Miller | Assistant Vice President | A | |
| Gabriele Morrissey | Assistant Vice President | A | |
| Denise M. Pavilonis | Assistant Vice President | A | |
| Andreas Rahe | Assistant Vice President | A | |
| Adler Salomon | Assistant Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Leonard Barker | Assistant Treasurer | B | |
| Rosa Larriu | Assistant Treasurer | B | |
| Anna Li | Assistant Treasurer | B | |
| Rico Loebis | Assistant Treasurer | B | |
| Claudia LoGrande | Assistant Treasurer | B | |
| Martha Waite | Assistant Treasurer | B | |
| Carol Yung | Assistant Treasurer | B | |
| John Goldschmidt | Associate | B | |
| Kevin J. Hanly | Associate | B | |
| Giovanna R. Manel | Associate | B | |
| Jeffrey Nicholson | Associate | B | |
| Paul Oliveri | Associate | B | |
| Rachael Roisman | Associate | B | |
| | | | |
| May Liao | | B | |

**IN WITNESS WHEREOF**, the undersigned has duly executed this instrument as the Secretary of the Corporation this _22nd_ day of _June, 2009_. This certificate supersedes the certificate dated May 29, 2008.

_____
Coleman Gregory
Secretary

The undersigned, being a Senior Vice President of the Corporation, hereby certifies that Coleman Gregory is a duly elected officer of the Corporation, holding the office of Secretary, and that the signature above his name in the above certificate is a true and correct specimen of his signature.

_____
Christoph Duehr
Senior Vice President

**PB Capital**

*Gregory*

A Subsidiary of Deutsche Postbank AG

230 Park Avenue
New York, NY 10169

BY HAND

Epiq Bankruptcy Solutions, LLC

Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED
SEP 16 2009

M Sanchez
RECEIVED BY:

9/16/09
DATE

11:58
TIME

**The Links Proof of Claim**

| United States Bankruptcy Court/Southern District of New York | **PROOF OF CLAIM** |
|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                    0000013778

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | 08-13555 |

**THIS SPACE IS FOR COURT USE ONLY**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities. (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attention: General Counsel

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Telephone number: 212-756-5967    Email Address: cgregory@pb-us.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:                     Email Address:

**1. Amount of Claim as of Date Case Filed:** $ 25,053,838.96 (see Attachment)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** guaranties (see Attachment)
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** N/A
    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other

Describe: _____

Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Documents to be provided with Guarantee Questionnaire.

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 16 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 09/16/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Coleman Gregory*  Coleman Gregory, SVP |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 13-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the claim.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO CLAIM OF PB CAPITAL CORPORATION

The claimant, PB Capital Corporation ("**Claimant**"), a Delaware corporation, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Holding Inc. ("LBHI") for a total amount of U.S. $25,053,838.96, U.S. $25,040,101 of which consists of the principal amount of the claim, and U.S. $13,737.96 of which consists of legal fees and expenses associated with the claim (such principal and legal fees and expenses amounts, collectively, the "Claim Amount").

Claimant's claim against LBHI relates to the guarantee by LBHI of the obligations of Lehman Brothers International (Europe) ("LBIE") pursuant to a Financial Guarantee, dated October 31, 2007, between LBIE and Claimant (the "Financial Guaranty"). LBHI has guaranteed all obligations of LBIE (including, without limitation, those arising under the Financial Guarantee, pursuant to (i) a Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI dated June 9, 2005, and (ii) a Guarantee of Lehman Brothers Holding Inc., dated January 4, 2008, addressed to Standard & Poor's Rating Services (in respect of which Claimant is a "Beneficiary" as defined therein).

The total amount payable by LBIE pursuant to the Financial Guarantee is U.S. $35,916,760, of which U.S. $1,074,739 is matured and unpaid as of September 1, 2009, and the remainder will become due in the future (assuming that the issuer of the underlying note does not make its payments, which appears likely). Claimant is required to pay fees of U.S. $10,867,658 to LBIE under the Financial Guarantee, of which U.S. $2,069,854 is matured as of September 1, 2009 and has been withheld as a result of LBIE's breach of its obligations, and the remainder is due in the future. These calculations are indicative and the amounts may change over time.

Claimant notes that it has filed information relating to its claim against LBIE on the website maintained by LBIE's administrators. For this purpose, Claimant has indicated the net present value of the amounts due to and from LBIE as of February 27, 2008, for information purposes only. However, the Claim Amount hereunder is based on the undiscounted amount of payments, which is the maximum amount of the potential claim.

Claimant hereby reserves the right to withdraw, amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims. Claimant also reserves all rights accruing to it against LBHI, and the filing of this claim is not intended to be and shall not be construed as (i) an election of remedy or (ii) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

This claim is in addition to, and does not supersede, any other claim or Proof of Claim filed or to be filed by Claimant against LBHI or any other affiliate of LBHI.

Any notices in connection with these claims should be addressed to Claimant at the address below:

> PB Capital Corporation
> 230 Park Avenue
> New York, New York 10169
> Attn:  General Counsel
> Tel:  (212) 756-5967
> E-mail:  cgregory@pb-us.com
>
> -and-
>
> Cleary Gottlieb Steen & Hamilton LLP
> 12, rue de Tilsitt
> 75008 Paris
> France
> Attn.:  Andrew A. Bernstein, Esq.
> Tel.:  +33 1 40 74 68 60
> E-mail:  abernstein@cgsh.com
>
> -and-
>
> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, NY 10006
> Attn.:  Seth Grosshandler, Esq.
> Tel.:  +1 212 225 2542
> E-mail:  sgrosshandler@cgsh.com

## SECRETARY'S CERTIFICATE
## PB CAPITAL CORPORATION

The undersigned, being the Secretary of PB Capital Corporation, a Delaware corporation (the "Corporation"), hereby certifies that set forth below are the name, office and true and correct specimen signature for each officer, director or employee of the Corporation who has or will sign on behalf of the Corporation any document, agreement or instrument with or in favor of any third party (a "Document"). Each signature is assigned a letter indicating its category. Signatures assigned to the A category have the widest power while those assigned to the B category have more limited powers. Any Document must be signed by two signatories assigned to the A category or by one signatory assigned to the A category and one signatory assigned to the B category.

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Jens Kaessner | Senior Managing Director | A | |
| Kurt Sachs | Senior Managing Director | A | |
| Robert J. DiForio | Managing Director | A | |
| Jeffrey N. Frost | Managing Director | A | |
| Peter Hannigan | Managing Director | A | |
| Robert J. Persico | Managing Director | A | |
| Thomas Schmidt | Managing Director | A | |
| Stephen D. Cotter | Senior Vice President | A | |
| Christoph Duehr | Senior Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christiana G. Frankenberger | **Senior Vice President** | A | |
| Coleman G. Gregory | **Senior Vice President** | A | |
| M. Rebecca Robertson | **Senior Vice President** | A | |
| Farah V. Thoubboron | **Senior Vice President** | A | |
| Daniel T. Cerulli | Senior Director | A | |
| Michael S. Kraft | Senior Director | A | |
| Benny Y. K. Lee | Senior Director | A | |
| Nicholas Nouvel | Senior Director | A | |
| Jonathan H. Oh | Senior Director | A | |
| Robert Rengifo | Senior Director | A | |
| Michael J. Rogers | Senior Director | A | |
| Winfield D. Smart | Senior Director | A | |
| Ann S. Wilhelm | Senior Director | A | |
| Andrew E. Woodtli | Senior Director | A | |
| Alfredo Zullo | Senior Director | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christoph A. Belanger | Vice President | A | |
| Robert R. Bissetta | Vice President | A | |
| Shari Brown | Vice President | A | |
| Maria V. Busby | Vice President | A | |
| Sharon Fong | Vice President | A | |
| Erin M. Hendren | Vice President | A | |
| Kevin M. Higgins | Vice President | A | |
| Wing Kei Ho | Vice President | A | |
| Leroy T. Jeker | Vice President | A | |
| Torben Kuepper | Vice President | A | |
| Olivia A. Lam | Vice President | A | |
| Ronni J. Leopold | Vice President | A | |
| Mina Mei | Vice President | A | |
| Neeranjan Paray | Vice President | A | |
| Amit Pathak | Vice President | A | |
| Sau P. Tse | Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Lilianne Badette | Assistant Vice President | A | |
| Christopher M. Budd | Assistant Vice President | A | |
| Tinamarie Gallo | Assistant Vice President | A | |
| William Gonzalez | Assistant Vice President | A | |
| Natasha Kazmi | Assistant Vice President | A | |
| Monica A. Keenan | Assistant Vice President | A | |
| Deanna Lenz | Assistant Vice President | A | |
| Lisa R. Miller | Assistant Vice President | A | |
| Gabriele Morrissey | Assistant Vice President | A | |
| Denise M. Pavilonis | Assistant Vice President | A | |
| Andreas Rahe | Assistant Vice President | A | |
| Adler Salomon | Assistant Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Leonard Barker | Assistant Treasurer | B | |
| Rosa Larriu | Assistant Treasurer | B | |
| Anna Li | Assistant Treasurer | B | |
| Rico Loebis | Assistant Treasurer | B | |
| Claudia LoGrande | Assistant Treasurer | B | |
| Martha Waite | Assistant Treasurer | B | |
| Carol Yung | Assistant Treasurer | B | |
| John Goldschmidt | Associate | B | |
| Kevin J. Hanly | Associate | B | |
| Giovanna R. Manel | Associate | B | |
| Jeffrey Nicholson | Associate | B | |
| Paul Oliveri | Associate | B | |
| Rachael Roisman | Associate | B | |
| | | | |
| May Liao | | B | |

**IN WITNESS WHEREOF**, the undersigned has duly executed this instrument as the Secretary of the Corporation this _22nd_ day of _June, 2009_. This certificate supersedes the certificate dated May 29, 2008.

_Coleman Gregory_
Coleman Gregory
Secretary

The undersigned, being a Senior Vice President of the Corporation, hereby certifies that Coleman Gregory is a duly elected officer of the Corporation, holding the office of Secretary, and that the signature above his name in the above certificate is a true and correct specimen of his signature.

_Christoph Duehr_
Christoph Duehr
Senior Vice President

**H A N D   D E L I V E R Y**

RECEIVED
SEP 1 6 2009

_M Sanchez_
RECEIVED BY:

_9/14/09_
DATE

_11:58_
TIME

**The Series 2006-1 Proof of Claim**

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                    0000013781

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attention: General Counsel

Telephone number: 212-756-5967    Email Address: cgregory@pb-us.com

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 18,465,494.04 (see Attachment)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** guaranties (see Attachment)
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $** _____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:
Documents to be provided with Guarantee Questionnaire.

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 16 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 09/16/09 | Coleman Gregory, SVP |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT TO CLAIM OF PB CAPITAL CORPORATION

The claimant, PB Capital Corporation ("**Claimant**"), a Delaware corporation, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Holding Inc. ("LBHI") for a total amount of U.S. $18,465,494.04, U.S. $18,455,344 of which consists of the principal amount of the claim, and U.S. $10,150.04 of which consists of legal fees and expenses associated with the claim (such principal and legal fees and expenses amounts, collectively, the "Claim Amount").

Claimant's claim against LBHI relates to the guarantee by LBHI of the obligations of Lehman Brothers International (Europe) ("LBIE") pursuant to a Financial Guarantee, dated October 12, 2007, between LBIE and Claimant (the "Financial Guaranty"). LBHI has guaranteed all obligations of LBIE (including, without limitation, those arising under the Financial Guarantee, pursuant to (i) a Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI dated June 9, 2005, and (ii) a Guarantee of Lehman Brothers Holding Inc., dated January 4, 2008, addressed to Standard & Poor's Rating Services (in respect of which Claimant is a "Beneficiary" as defined therein).

The total amount payable by LBIE pursuant to the Financial Guarantee is U.S. $29,115,831, of which U.S. $1,890,627 is matured and unpaid as of September 1, 2009, and the remainder will become due in the future (assuming that the issuer of the underlying note does not make its payments, which appears likely). Claimant is required to pay fees of U.S. $10,660,488 to LBIE under the Financial Guarantee, of which U.S. $2,237,842 is matured as of September 1, 2009 and has been withheld as a result of LBIE's breach of its obligations, and the remainder is due in the future. These calculations are indicative and the amounts may change over time.

Claimant notes that it has filed information relating to its claim against LBIE on the website maintained by LBIE's administrators. For this purpose, Claimant has indicated the net present value of the amounts due to and from LBIE as of February 27, 2008, for information purposes only. However, the Claim Amount hereunder is based on the undiscounted amount of payments, which is the maximum amount of the potential claim.

Claimant hereby reserves the right to withdraw, amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims. Claimant also reserves all rights accruing to it against LBHI, and the filing of this claim is not intended to be and shall not be construed as (i) an election of remedy or (ii) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

## SECRETARY'S CERTIFICATE
## PB CAPITAL CORPORATION

The undersigned, being the Secretary of PB Capital Corporation, a Delaware corporation (the "Corporation"), hereby certifies that set forth below are the name, office and true and correct specimen signature for each officer, director or employee of the Corporation who has or will sign on behalf of the Corporation any document, agreement or instrument with or in favor of any third party (a "Document"). Each signature is assigned a letter indicating its category. Signatures assigned to the A category have the widest power while those assigned to the B category have more limited powers. Any Document must be signed by two signatories assigned to the A category or by one signatory assigned to the A category and one signatory assigned to the B category.

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Jens Kaessner | **Senior Managing Director** | A | |
| Kurt Sachs | **Senior Managing Director** | A | |
| Robert J. DiForio | **Managing Director** | A | |
| Jeffrey N. Frost | **Managing Director** | A | |
| Peter Hannigan | **Managing Director** | A | |
| Robert J. Persico | **Managing Director** | A | |
| Thomas Schmidt | **Managing Director** | A | |
| Stephen D. Cotter | **Senior Vice President** | A | |
| Christoph Duehr | **Senior Vice President** | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christiana G. Frankenberger | **Senior Vice President** | A | |
| Coleman G. Gregory | **Senior Vice President** | A | |
| M. Rebecca Robertson | **Senior Vice President** | A | |
| Farah V. Thoubboron | **Senior Vice President** | A | |
| Daniel T. Cerulli | Senior Director | A | |
| Michael S. Kraft | Senior Director | A | |
| Benny Y. K. Lee | Senior Director | A | |
| Nicholas Nouvel | Senior Director | A | |
| Jonathan H. Oh | Senior Director | A | |
| Robert Rengifo | Senior Director | A | |
| Michael J. Rogers | Senior Director | A | |
| Winfield D. Smart | Senior Director | A | |
| Ann S. Wilhelm | Senior Director | A | |
| Andrew E. Woodtli | Senior Director | A | |
| Alfredo Zullo | Senior Director | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christoph A. Belanger | Vice President | A | |
| Robert R. Bissetta | Vice President | A | |
| Shari Brown | Vice President | A | |
| Maria V. Busby | Vice President | A | |
| Sharon Fong | Vice President | A | |
| Erin M. Hendren | Vice President | A | |
| Kevin M. Higgins | Vice President | A | |
| Wing Kei Ho | Vice President | A | |
| Leroy T. Jeker | Vice President | A | |
| Torben Kuepper | Vice President | A | |
| Olivia A. Lam | Vice President | A | |
| Ronni J. Leopold | Vice President | A | |
| Mina Mei | Vice President | A | |
| Neeranjan Paray | Vice President | A | |
| Amit Pathak | Vice President | A | |
| Sau P. Tse | Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Lilianne Badette | Assistant Vice President | A | |
| Christopher M. Budd | Assistant Vice President | A | |
| Tinamarie Gallo | Assistant Vice President | A | |
| William Gonzalez | Assistant Vice President | A | |
| Natasha Kazmi | Assistant Vice President | A | |
| Monica A. Keenan | Assistant Vice President | A | |
| Deanna Lenz | Assistant Vice President | A | |
| Lisa R. Miller | Assistant Vice President | A | |
| Gabriele Morrissey | Assistant Vice President | A | |
| Denise M. Pavilonis | Assistant Vice President | A | |
| Andreas Rahe | Assistant Vice President | A | |
| Adler Salomon | Assistant Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Leonard Barker | Assistant Treasurer | B | |
| Rosa Larriu | Assistant Treasurer | B | |
| Anna Li | Assistant Treasurer | B | |
| Rico Loebis | Assistant Treasurer | B | |
| Claudia LoGrande | Assistant Treasurer | B | |
| Martha Waite | Assistant Treasurer | B | |
| Carol Yung | Assistant Treasurer | B | |
| John Goldschmidt | Associate | B | |
| Kevin J. Hanly | Associate | B | |
| Giovanna R. Manel | Associate | B | |
| Jeffrey Nicholson | Associate | B | |
| Paul Oliveri | Associate | B | |
| Rachael Roisman | Associate | B | |
| | | | |
| May Liao | | B | |

**IN WITNESS WHEREOF**, the undersigned has duly executed this instrument as the Secretary of the Corporation this _22nd_ day of _June, 2009_ . This certificate supersedes the certificate dated May 29, 2008.

_____
Coleman Gregory
Secretary

The undersigned, being a Senior Vice President of the Corporation, hereby certifies that Coleman Gregory is a duly elected officer of the Corporation, holding the office of Secretary, and that the signature above his name in the above certificate is a true and correct specimen of his signature.

_____
Christoph Duehr
Senior Vice President

**PB Capital**

*Gregory*

A Subsidiary of Deutsche Postbank AG

230 Park Avenue
New York, NY 10169

BY HAND

Epiq Bankruptcy Solutions, LLC

Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED
SEP 1 6 2009

_M Sanchez_
RECEIVED BY:

_9/14/09_
DATE

_11:58_
TIME

**The Series 2006-11 Proof of Claim**

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000013780

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor:)

PB Capital Corporation
230 Park Avenue
New York, New York 10169

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Telephone number: 212-756-5967    Email Address: cgregory@pb-us.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

**1. Amount of Claim as of Date Case Filed:** $ 18,197,629.41 (see Attachment)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** guaranties (see Attachment)
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** N/A
    **3a. Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $ _____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____ Basis for perfection: _____
Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ _____

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:
Documents to be provided with Guarantee Questionnaire.

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 16 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 09/16/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Coleman Gregory, SVP |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 13-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the claim.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of this value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligation which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities List available on http://www.lehman-docket.com as of July 27, 2009.

---

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

This claim is in addition to, and does not supersede, any other claim or Proof of Claim filed or to be filed by Claimant against LBHI or any other affiliate of LBHI.

Any notices in connection with these claims should be addressed to Claimant at the address below:

> PB Capital Corporation
> 230 Park Avenue
> New York, New York 10169
> Attn:  General Counsel
> Tel:  (212) 756-5967
> E-mail:  cgregory@pb-us.com
>
> -and-
>
> Cleary Gottlieb Steen & Hamilton LLP
> 12, rue de Tilsitt
> 75008 Paris
> France
> Attn.: Andrew A. Bernstein, Esq.
> Tel.: +33 1 40 74 68 60
> E-mail:  abernstein@cgsh.com
>
> -and-
>
> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, NY 10006
> Attn.:  Seth Grosshandler, Esq.
> Tel.: +1 212 225 2542
> E-mail:  sgrosshandler@cgsh.com

## SECRETARY'S CERTIFICATE
## PB CAPITAL CORPORATION

The undersigned, being the Secretary of PB Capital Corporation, a Delaware corporation (the "Corporation"), hereby certifies that set forth below are the name, office and true and correct specimen signature for each officer, director or employee of the Corporation who has or will sign on behalf of the Corporation any document, agreement or instrument with or in favor of any third party (a "Document"). Each signature is assigned a letter indicating its category. Signatures assigned to the A category have the widest power while those assigned to the B category have more limited powers. Any Document must be signed by two signatories assigned to the A category or by one signatory assigned to the A category and one signatory assigned to the B category.

| NAME | TITLE | CATEGORY | SIGNATURE |
|---|---|---|---|
| Jens Kaessner | Senior Managing Director | A | |
| Kurt Sachs | Senior Managing Director | A | |
| Robert J. DiForio | Managing Director | A | |
| Jeffrey N. Frost | Managing Director | A | |
| Peter Hannigan | Managing Director | A | |
| Robert J. Persico | Managing Director | A | |
| Thomas Schmidt | Managing Director | A | |
| Stephen D. Cotter | Senior Vice President | A | |
| Christoph Duehr | Senior Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christiana G. Frankenberger | **Senior Vice President** | A | |
| Coleman G. Gregory | **Senior Vice President** | A | |
| M. Rebecca Robertson | **Senior Vice President** | A | |
| Farah V. Thoubboron | **Senior Vice President** | A | |
| Daniel T. Cerulli | Senior Director | A | |
| Michael S. Kraft | Senior Director | A | |
| Benny Y. K. Lee | Senior Director | A | |
| Nicholas Nouvel | Senior Director | A | |
| Jonathan H. Oh | Senior Director | A | |
| Robert Rengifo | Senior Director | A | |
| Michael J. Rogers | Senior Director | A | |
| Winfield D. Smart | Senior Director | A | |
| Ann S. Wilhelm | Senior Director | A | |
| Andrew E. Woodtli | Senior Director | A | |
| Alfredo Zullo | Senior Director | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Christoph A. Belanger | Vice President | A | |
| Robert R. Bissetta | Vice President | A | |
| Shari Brown | Vice President | A | |
| Maria V. Busby | Vice President | A | |
| Sharon Fong | Vice President | A | |
| Erin M. Hendren | Vice President | A | |
| Kevin M. Higgins | Vice President | A | |
| Wing Kei Ho | Vice President | A | |
| Leroy T. Jeker | Vice President | A | |
| Torben Kuepper | Vice President | A | |
| Olivia A. Lam | Vice President | A | |
| Ronni J. Leopold | Vice President | A | |
| Mina Mei | Vice President | A | |
| Neeranjan Paray | Vice President | A | |
| Amit Pathak | Vice President | A | |
| Sau P. Tse | Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Lilianne Badette | Assistant Vice President | A | |
| Christopher M.  Budd | Assistant Vice President | A | |
| Tinamarie Gallo | Assistant Vice President | A | |
| William Gonzalez | Assistant Vice President | A | |
| Natasha Kazmi | Assistant Vice President | A | |
| Monica A. Keenan | Assistant Vice President | A | |
| Deanna Lenz | Assistant Vice President | A | |
| Lisa R. Miller | Assistant Vice President | A | |
| Gabriele Morrissey | Assistant Vice President | A | |
| Denise M. Pavilonis | Assistant Vice President | A | |
| Andreas Rahe | Assistant Vice President | A | |
| Adler Salomon | Assistant Vice President | A | |

| NAME | TITLE | CATEGORY | SIGNATURE |
|------|-------|----------|-----------|
| Leonard Barker | Assistant Treasurer | B | |
| Rosa Larriu | Assistant Treasurer | B | |
| Anna Li | Assistant Treasurer | B | |
| Rico Loebis | Assistant Treasurer | B | |
| Claudia LoGrande | Assistant Treasurer | B | |
| Martha Waite | Assistant Treasurer | B | |
| Carol Yung | Assistant Treasurer | B | |
| John Goldschmidt | Associate | B | |
| Kevin J. Hanly | Associate | B | |
| Giovanna R. Manel | Associate | B | |
| Jeffrey Nicholson | Associate | B | |
| Paul Oliveri | Associate | B | |
| Rachael Roisman | Associate | B | |
| | | | |
| May Liao | | B | |

**IN WITNESS WHEREOF**, the undersigned has duly executed this instrument as the Secretary of the Corporation this _22nd_ day of _June, 2009_. This certificate supersedes the certificate dated May 29, 2008.

_____

Coleman Gregory
Secretary

The undersigned, being a Senior Vice President of the Corporation, hereby certifies that Coleman Gregory is a duly elected officer of the Corporation, holding the office of Secretary, and that the signature above his name in the above certificate is a true and correct specimen of his signature.

_____

Christoph Duehr
**Senior Vice President**

**PB Capital**

A Subsidiary of Deutsche Postbank AG

230 Park Avenue
New York, NY 10169

**BY HAND**

**Epiq Bankruptcy Solutions, LLC**

**Attn: Lehman Brothers Holdings Claims Processing**
**757 Third Avenue, 3rd Floor**
**New York, New York 10017**

H A N D   D E L I V E R Y

RECEIVED
SEP 16 2009

_M Sanchez_
RECEIVED BY:

_9/14/09_
DATE

_11:58_
TIME

## **EXHIBIT 3**

**Questionnaire Confirmation Dated October 1, 2009**

**The ISDA Claim Derivative Questionnaire**

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/1/2009 at 10:23 AM Pacific. Please print this page as proof of your filing.

**PB CAPITAL CORPORATION**
**230 PARK AVENUE**
**NEW YORK, NY 10169 United Sta**

| | |
|---|---|
| Name of Debtor | Lehman Brothers Special Financing Inc. (08-13888) |
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Lehman Brothers Special Financing Inc./Lehman Brothers Holdings Inc. |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: Yes |

| Item | Amount due to Debtor | Amount due from Debtor |
|---|---|---|
| Transaction Valuations | $0.00 | $0.00 |
| Unpaid Amounts | $0.00 | $720,545.24 |
| Collateral | $0.00 | $0.00 |
| Interest | $0.00 | $1,260.95 |
| Other costs | $0.00 | $377.68 |
| **DERIVATIVE CLAIM AMOUNT** | | $722,183.87 |

*Provide the derivative claim amount by supplying each line item included in the calculation thereof.*

| | |
|---|---|
| Valuation Statement: Please provide a copy of the valuation statement. Please identify any collateral that has been posted by any party in connection with the transactions and any claims of set-off against other transactions reflected in the claim. | See Schedules to Termination Notice. |
| ISDA Master Agreements Specifying Market Quotation Methodology: If not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions. | Selected: Yes See Termination Notice and Schedules thereto. |
| ISDA Master Agreements Specifying Loss Methodology: To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions. | Selected: Yes See Termination Notice and Schedules thereto. |
| ISDA Master Agreements Specifying Close-Out Amount Methodology: To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions. | Selected: Yes See Termination Notice and Schedules thereto. |
| ISDA Master Agreements Specifying Any Other Methodology: To the extent applicable, if not already provided in the valuation statement, provide the date and | Selected: No |

identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

Non-ISDA Master Agreements: To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

Selected: No

Replacement Transactions: If you replaced a terminated transaction with a transaction with the same economic terms as the terminated transaction, provide documentation evidencing such replacement transaction and the quotation(s) used, including specifying any cash (or other consideration) paid or received by or to any person to replace the transactions, the name of each entity that effectuated a replacement and when any such transactions were effected.

Selected: No

Unpaid Amounts: Please specify any unpaid amounts and interest accrued thereon included in calculation of any amounts due with respect to the transactions.

See Attachment to Proof of Claim.

**Documents**

lbsfifiledproofofclaim091609.pdf

If claim includes other costs, please include a schedule that lists each such cost by vendor and indicates the service provided and amount paid.

Legal fees are being shared equally by PB Capital Corporation and Deutsche Postbank AG. PB Capital Corporation has allocated its portion of such fees pro rata to its claims against Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc.

**Documents**

clearygottliedblegalbill041409.pdf
clearygottliedblegalbill092509.pdf
klgateslegalbill122408.pdf

If claim includes interest charges, please provide calculation in Microsoft Excel format of interest including principal amount, interest rate, term and assumptions.

See Attachment to Proof of Claim.

**The ISDA Claim Guarantee Questionnaire**

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/1/2009 at 11:26 AM Pacific. Please print this page as proof of your filing.

**PB CAPITAL CORPORATION**
**230 PARK AVENUE**
**NEW YORK, NY 10169 United Sta**

| | |
|---|---|
| Name of Debtor, or other entity, against which you have a direct claim (the "Obligor") | Lehman Brothers Special Financing Inc. (08-13888) |
| List the agreement(s) under which your claim arises against the Obligor and, unless you have uploaded information in compliance with question 4a of the Derivative Questionnaire, provide documentation evidencing your claim and supporting the calculation of the claim amount. | ISDA Master Agreement dated as of August 7, 2000 between PB Capital Corporation (formerly known as BHF (USA) Capital Corporation) and Lehman Brothers Special Financing Inc. Copies of relevant documentation were uploaded with the related Derivative Questionnaire. |
| Amount of claim against Obligor | $722,183.87 |
| Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"): | Lehman Brothers Holdings Inc. (08-13555) |
| Please upload the specific promise, representation and/or agreement (s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire. | The first attached document guarantees due and punctual payment of all amounts payable by the Obligor under each Transaction entered into pursuant to the related ISDA Master Agreement. The second attached document guarantees all or specified obligations and liabilities of the Guaranteed Subsidiaries listed therein, including the Obligor. |

**Documents**

lbsfiguaranteebylbhireisdamaster091500.pdf

lbhiguaranteebyunanconsentoflbsfilbie060905.pdf

| | |
|---|---|
| Amount of claim against the Guarantor | $722,183.87 |

**The K2 Claim Guarantee Questionnaire**

CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/1/2009 at 3:32 PM Pacific. Please print this page as proof of your filing.

**PB CAPITAL CORPORATION**
**230 PARK AVENUE**
**NEW YORK, NY 10169 United Sta**

| | |
|---|---|
| Name of Debtor, or other entity, against which you have a direct claim (the "Obligor") | Lehman Brothers International (Europe) |
| If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding (and is not a Debtor in these chapter 11 cases), please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed. | Bar date for Obligor has not yet been set. Proof of claim has not yet been filed. |

**Documents**
Ibiek2coverltr022709.pdf
Ibiek2spreadsheet022709.xls

| | |
|---|---|
| List the agreement(s) under which your claim arises against the Obligor and, unless you have uploaded information in compliance with question 4a of the Derivative Questionnaire, provide documentation evidencing your claim and supporting the calculation of the claim amount. | Financial Guarantee dated 8 January 2008 in respect of Series 2 K2 Corporation Capital Notes due February 15, 2013. Legal fees are being shared equally by PB Capital Corporation and Deutsche Postbank AG. PB Capital Corporation has allocated its portion of such fees pro rata to its claims against Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc. For your convenience, we are also attaching a copy of the Proof of Claim to which this Guaranty Questionnaire relates. |

**Documents**
k2lehmanfg010808.pdf
Ibiek2spreadsheet091409.xls
clearygottlieblegalbill041409.pdf
clearygottlieblegalbill092509.pdf
klgateslegalbill122408.pdf
Ibhiproofofclaimfilingrek2091609.pdf

| | |
|---|---|
| Amount of claim against Obligor | $23,547,308.39 |
| Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"): | Lehman Brothers Holdings Inc. (08-13555) |
| Please upload the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire. | The first attached document guarantees the payment by Obligor of all of Obligor's liabilities, obligations and commitments to any counterparty of Obligor, together with accrued interest, charges and expenses. The second attached document guarantees all or specified obligations and liabilities of the Guaranteed Subsidiaries listed therein, including the Obligor. |

**Documents**
Ibieguaranteeoflbhitos&p010408.pdf
Ibhiguaranteebyunanconsentoflbsfilbie060905.pdf

| | |
|---|---|
| Amount of claim against the Guarantor | $23,547,308.39 |

**The Links Claim Guarantee Questionnaire**

Page 1 of 1

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/1/2009 at 2:42 PM Pacific. Please print this page as proof of your filing.

**PB CAPITAL CORPORATION**
**230 PARK AVENUE**
**NEW YORK, NY 10169 United Sta**

| | |
|---|---|
| Name of Debtor, or other entity, against which you have a direct claim (the "Obligor") | Lehman Brothers International (Europe) |
| If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding (and is not a Debtor in these chapter 11 cases), please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed. | Bar date for Obligor has not yet been set. Proof of claim has not yet been filed. |

**Documents**

lbielinkscoverltr022709.pdf

lbielinksspreadsheet022709.xls

| | |
|---|---|
| List the agreement(s) under which your claim arises against the Obligor and, unless you have uploaded information in compliance with question 4a of the Derivative Questionnaire, provide documentation evidencing your claim and supporting the calculation of the claim amount. | Financial Guarantee dated 31 October 2007 in respect of Series 30 Links Finance Corporation Capital Notes due June 15, 2013. Legal fees are being shared equally by PB Capital Corporation and Deutsche Postbank AG. PB Capital Corporation has allocated its portion of such fees pro rata to its claims against Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc. For your convenience, we are also attaching a copy of the Proof of Claim to which this Guaranty Questionnaire relates. |

**Documents**

linkslehmanfg103107.pdf

lbielinksspreadsheet091409.xls

clearygottlieblegalbill041409.pdf

clearygottlieblegalbill092509.pdf

klgateslegalbill122408.pdf

lbhiproofofclaimfilingrelinks091609.pdf

| | |
|---|---|
| Amount of claim against Obligor | $25,053,838.96 |
| Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"): | Lehman Brothers Holdings Inc. (08-13555) |
| Please upload the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire. | The first attached document guarantees the payment by Obligor of all of Obligor's liabilities, obligations and commitments to any counterparty of Obligor, together with accrued interest, charges and expenses. The second attached document guarantees all or specified obligations and liabilities of the Guaranteed Subsidiaries listed therein, including the Obligor. |

**Documents**

lbieguaranteeoflbhitos&p010408.pdf

lbhiguaranteebyunanconsentoflbsfilbie060905.pdf

| | |
|---|---|
| Amount of claim against the Guarantor | $25,053,838.96 |

**<u>EXHIBIT 4</u>**

**Questionnaire Confirmation Dated October 2, 2009**

**The Series 2006-1 Claim Guarantee Questionnaire**

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/2/2009 at 9:03 AM Pacific. Please print this page as proof of your filing.

**PB CAPITAL CORPORATION**
**230 PARK AVENUE**
**NEW YORK, NY 10169 United Sta**

| | |
|---|---|
| Name of Debtor, or other entity, against which you have a direct claim (the "Obligor") | Lehman Brothers International (Europe) |
| If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding (and is not a Debtor in these chapter 11 cases), please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed. | Bar date for Obligor has not yet been set. Proof of claim has not yet been filed. |

**Documents**
lbiestanfield2001coverltr022709.pdf
lbiestanfield2001spreadsheet022709.xls

| | |
|---|---|
| List the agreement(s) under which your claim arises against the Obligor and, unless you have uploaded information in compliance with question 4a of the Derivative Questionnaire, provide documentation evidencing your claim and supporting the calculation of the claim amount. | Financial Guarantee dated 12 October 2007 in respect of Series 2006-1 Stanfield Victoria Finance Ltd. Capital Notes due January 15, 2013. Legal fees are being shared equally by PB Capital Corporation and Deutsche Postbank AG. PB Capital Corporation has allocated its portion of such fees pro rata to its claims against Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc. For your convenience, we are also attaching a copy of the Proof of Claim to which this Guaranty Questionnaire relates. |

**Documents**
stanfield2006-1lehmanfg101207.pdf
lbiestanfield2001spreadsheet091409.xls
clearygottlieblegalbill041409.pdf
clearygottlieblegalbill092509.pdf
klgateslegalbill122408.pdf
lbhiproofofclaimfilingrestanfield1091609.pdf

| | |
|---|---|
| Amount of claim against Obligor | $18,465,494.04 |
| Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"): | Lehman Brothers Holdings Inc. (08-13555) |
| Please upload the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire. | The first attached document guarantees the payment by Obligor of all of Obligor's liabilities, obligations and commitments to any counterparty of Obligor, together with accrued interest, charges and expenses. The second attached document guarantees all or specified obligations and liabilities of the Guaranteed Subsidiaries listed therein, including the Obligor. |

**Documents**
lbieguaranteeoflbhitos&p010408.pdf
lbhiguaranteebyunanconsentoflbsfilbie060905.pdf

| | |
|---|---|
| Amount of claim against the Guarantor | $18,465,494.04 |

**The Series 2006-11 Claim Guarantee Questionnaire**

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/2/2009 at 9:28 AM Pacific. Please print this page as proof of your filing.

**PB CAPITAL CORPORATION**
**230 PARK AVENUE**
**NEW YORK, NY 10169 United Sta**

| | |
|---|---|
| Name of Debtor, or other entity, against which you have a direct claim (the "Obligor") | Lehman Brothers International (Europe) |
| If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding (and is not a Debtor in these chapter 11 cases), please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed. | Financial Guarantee dated 12 October 2007 in respect of Series 2006-11 Stanfield Victoria Finance Ltd. Capital Notes due October 15, 1013. Legal fees are being shared equally by PB Capital Corporation and Deutsche Postbank AG. PB Capital Corporation has allocated its portion of such fees pro rata to its claims against Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc. For your convenience, we are also attaching a copy of the Proof of Claim to which this Guaranty Questionnaire relates. |

**Documents**

lbiestanfield20011coverltr022709.pdf

lbiestanfield20011spreadsheetr022709.xls

| | |
|---|---|
| Amount of claim against Obligor | $18,197,629.41 |
| Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"): | Lehman Brothers Holdings Inc. (08-13555) |
| Please upload the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire. | The first attached document guarantees the payment by Obligor of all of Obligor's liabilities, obligations and commitments to any counterparty of Obligor, together with accrued interest, charges and expenses. The second attached document guarantees all or specified obligations and liabilities of the Guaranteed Subsidiaries listed therein, including the Obligor. |

**Documents**

lbieguaranteeoflbhitos&p010408.pdf

lbhiguaranteebyunanconsentoflbsfilbie060905.pdf

| | |
|---|---|
| Amount of claim against the Guarantor | $18,197,629.41 |

**<u>EXHIBIT 5</u>**

**EMT Notes Proofs of Claim and Questionnaire Confirmation Dated October 21, 2009**

**EMT Notes: Lehman Securities Programs Proof of Claim**

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS
# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)        0000043003 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attention: General Counsel

Telephone number: (212) 752-5767 Email Address: cgregory@pb-us.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:_____**
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:                    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1.  Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ *See attached Schedule and* (Required) *Attachment A*

☐   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.   Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): *See attached Schedule and* (Required) *Attachment A*

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

*N/A: See attached Schedule*        (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: *The Bank of New York Mellon*
*ABA # 0210-0001-8*
       (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY
FILED / RECEIVED
OCT 2 1 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date.<br><br>10/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Coleman Gregory* Coleman Gregory, SVP |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

Schedule to Lehman Programs Securities Proof of Claim

| Lehman Programs Security | Amount of Claim† | ISIN | Blocking Number | Depository Participant Account Number |
|---|---|---|---|---|
| U.S.$84,000,000 Financial Guarantee Linked Notes due 2027 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$100,000,000,00 Euro Medium-Term Note Program of Lehman Brothers Treasury Co. B.V. | $84,702,333.33 | US52519VAU08 | N/A* | The Bank of New York Mellon ABA No. 0210-0001-8 |
| U.S.$77,000,000 Financial Guarantee Linked Notes due 2027 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$100,000,000,000 Euro Medium-Term Note Program of Lehman Brothers Treasury Co. B.V. | $77,411,736.11 | US52519VAS51 | N/A* | The Bank of New York Mellon ABA No. 0210-0001-8 |
| U.S.$56,000,000 Financial Guarantee Linked Notes due 2027 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$100,000,000,000 Euro Medium-Term Note Program of Lehman Brothers Treasury Co. B.V. | $56,468,222.22 | US52519VAP13 | N/A* | The Bank of New York Mellon ABA No. 0210-0001-8 |
| U.S.$53,000,000 Financial Guarantee Linked Notes due 2027 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$100,000,000,000 Euro Medium-Term Note Program of Lehman Brothers Treasury Co. B.V. | $53,443,138.89 | US52519VAQ95 | N/A* | The Bank of New York Mellon ABA No. 0210-0001-8 |

† Amount of Claim includes accrued interest through September 15, 2008.

* The Lehman Programs Securities listed herein are cleared through DTC, are not eligible for clearing through Euroclear Bank or Clearstream Bank and are not eligible for blocking numbers.

ATTACHMENT A TO PROOF OF CLAIM OF PB CAPITAL CORPORATION

This proof of claim is submitted by PB Capital Corporation ("Claimant"), a Delaware corporation. This attachment is incorporated into the proof of claim form to which it is attached. Claimant hereby asserts a claim against Lehman Brothers Holdings Inc. ("LBHI") pursuant to the terms and conditions of certain guarantees of Lehman Program Securities.

This attachment is intended to provide background information relating to a claim by Claimant against LBHI for a total amount of $272,025,430.55 (the "Claim"). The Claim relates to the guarantee by LBHI of the obligations of Lehman Brothers Treasury Co. B.V. ("LBTCBV") under four Euro Medium Term Notes issued under LBTCBV's Euro Medium Term-Note Program identified by ISIN numbers US52519VAU08, US52519VAS51, US52519VAP13 and US52519VAQ95 (collectively, the "Notes"). LBHI has directly guaranteed all obligations of LBTCBV under the Notes pursuant to a Guarantee Agreement in respect of Lehman Brothers Treasury Co. B.V. dated as of July 24, 2007. The Notes are Lehman Program Securities (as defined in the Bar Date Order) and are subject to the Lehman Program Securities Bar Date.

---

Claimant hereby reserves the right to withdraw, amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims. Claimant also reserves all rights accruing to it against LBHI, and the filing of this claim is not intended to be and shall not be construed as (i) an election of remedy or (ii) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

This claim is in addition to, and does not supersede, any other claim or Proof of Claim filed or to be filed by Claimant against LBHI or any other affiliate of LBHI.

Any notices in connection with this claim should be addressed to Claimant at the address below:

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attn:  General Counsel
Tel:  (212) 756-5967
E-mail:  cgregory@pb-us.com

-and-

Cleary Gottlieb Steen & Hamilton LLP
12, rue de Tilsitt
75008 Paris
France
Attn.:  Andrew A. Bernstein, Esq.
Tel.:  +33 1 40 74 68 00
E-mail:  abernstein@cgsh.com

-and-

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn.:  Sean Oneal, Esq.
Tel.:  +1 212 225 2000
E-mail:  soneal@cgsh.com

**PB Capital**

# BY HAND

BY HAND

_Gregory_
A Subsidiary of Deutsche Postbank AG

230 Park Avenue
New York, NY 10169

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

**H
A
N
D

D
E
L
I
V
E
R
Y**

RECEIVED BY: _José Sánchez_

DATE _10/21/09_

TIME _2635_

**EMT Notes: Regular Proof of Claim**

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000043002

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

## THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attention: General Counsel

Telephone number: (212) 756-5967    Email Address: cgregory@pb-us.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____    Email Address: _____

1. **Amount of Claim as of Date Case Filed:** $ 272,025,430.55

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** guaranties (see Attachment)
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A
3a. **Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
OCT 2 1 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>10/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>*[signature]* Coleman Gregory, SVP |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 13-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property with which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, and but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

<u>ATTACHMENT TO PROOF OF CLAIM OF PB CAPITAL CORPORATION</u>

The claimant, PB Capital Corporation ("<u>Claimant</u>"), a Delaware corporation, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Holding Inc. ("<u>LBHI</u>") for a total amount of $272,025,430.55 (the "<u>Claim Amount</u>"). Claimant's claim relates to the guarantee by LBHI of the obligations of Lehman Brothers Treasury Co. B.V. ("<u>LBTCBV</u>") under four Euro Medium Term Notes issued under LBTCBV's Euro Medium Term-Note Program identified by ISIN numbers US52519VAU08, US52519VAS51, US52519VAP13 and US52519VAQ95 (collectively, the "<u>Notes</u>"). LBHI has directly guaranteed all obligations of LBTCBV under the Notes pursuant to a Guarantee Agreement in respect of Lehman Brothers Treasury Co. B.V. dated as of July 24, 2007. LBHI has also guaranteed all obligations of LBTCBV (including those arising under the Notes) pursuant to a Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI dated June 9, 2005.

The Notes are Lehman Program Securities (as defined in the Bar Date Order) and are subject to the Lehman Program Securities Bar Date. This claim is being filed as an alternative measure to preserve the rights of the Claimant in the event that, for any reason, the Notes are found not to be eligible for the Lehman Program Securities procedures. However, this claim does not constitute a waiver of any rights of Claimant and, in particular, does not constitute an admission or implication that the Notes are anything other than Lehman Program Securities that are subject to the Lehman Program Securities Bar Date.

––––––––––––––––––

Claimant hereby reserves the right to withdraw, amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims. Claimant also reserves all rights accruing to it against LBHI, and the filing of this claim is not intended to be and shall not be construed as (i) an election of remedy or (ii) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

This claim is in addition to, and does not supersede, any other claim or Proof of Claim filed or to be filed by Claimant against LBHI or any other affiliate of LBHI.

Any notices in connection with this claim should be addressed to Claimant at the address below:

PB Capital Corporation
230 Park Avenue
New York, New York 10169
Attn:  General Counsel
Tel:  (212) 756-5967
E-mail:  cgregory@pb-us.com

-and-

Cleary Gottlieb Steen & Hamilton LLP
12, rue de Tilsitt
75008 Paris
France
Attn.:  Andrew A. Bernstein, Esq.
Tel.:  +33 1 40 74 68 00
E-mail:  abernstein@cgsh.com

-and-

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn.:  Sean Oneal, Esq.
Tel.:  +1 212 225 2000
E-mail:  soneal@cgsh.com

PB Capital

*Gregory*
A Subsidiary of Deutsche Postbank AG

230 Park Avenue
New York, NY 10169

BY HAND

By Hand

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

H
A
N
D

D
E
L
I
V
E
R
Y

_José Sandler_ _____
RECEIVED BY:

_10/21/09_ ___
DATE

_2635_ ___
TIME

**EMT Notes: Questionnaire Confirmation**

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/21/2009 at 10:58 AM Central. Please print this page as proof of your filing.

**PB CAPITAL CORPORATION**
**230 PARK AVENUE**
**NEW YORK, NY 10169 United Sta**

| | |
|---|---|
| Name of Debtor, or other entity, against which you have a direct claim (the "Obligor") | Lehman Brothers Treasury Co. B.V. |

If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding (and is not a Debtor in these chapter 11 cases), please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed.

| Documents |
|---|
| lbtcbvnoticetotrustee121208.pdf |

If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding (and is not a Debtor in these chapter 11 cases), please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed.

Bar date for Obligor has not yet been set. Proof of claim has not yet been filed.

| Documents |
|---|
| lbtcbvnoticetotrustee121208.pdf |

List the agreement(s) under which your claim arises against the Obligor and, unless you have uploaded information in compliance with question 4a of the Derivative Questionnaire, provide documentation evidencing your claim and supporting the calculation of the claim amount.

| Documents |
|---|
| k2lehmanfglnfinalterms010808.pdf |
| linkslehmanfglnfinalterms103107.pdf |
| stanfield2006-1lehmanfglnfinalterms101207.pdf |
| stanfield2006-11lehmanfglnfinalterms101207.pdf |
| EMTNBaseProspectus.pdf |
| lbhiproofofclaimfilingrefgln102109.pdf |

List the agreement(s) under which your claim arises against the Obligor and, unless you have uploaded information in compliance with question 4a of the Derivative Questionnaire, provide documentation evidencing your claim and supporting the calculation of the claim amount.

The claim amount represents the sum of the aggregate face amounts of the four Financial Guarantee Linked Notes and the aggregate amount of the interest accrued thereon through September 15, 2008.

| Documents |
|---|
| k2lehmanfglnfinalterms010808.pdf |
| linkslehmanfglnfinalterms103107.pdf |
| stanfield2006-1lehmanfglnfinalterms101207.pdf |
| stanfield2006-11lehmanfglnfinalterms101207.pdf |
| EMTNBaseProspectus.pdf |
| lbhiproofofclaimfilingrefgln102109.pdf |

| Amount of claim against Obligor | $272,025,430.55 |

Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"):

Lehman Brothers Holdings Inc. (08-13555)

Please upload the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire.

**Documents**

EMTNguarantee072407.pdf

lbhiguaranteebyunanconsentoflbsfilbie060905.pdf

Please upload the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire.

The first attached document guarantees the payment by Obligor of all sums payable by Obligor under the U.S.$100,000,000,000 Euro Medium-Term Note Program. The second attached document guarantees all or specified obligations and liabilities of the Guaranteed Subsidiaries listed therein, including the Obligor.

**Documents**

EMTNguarantee072407.pdf

lbhiguaranteebyunanconsentoflbsfilbie060905.pdf

| Amount of claim against the Guarantor | $272,025,430.55 |

# EXHIBIT B

**Declaration of Andrew A. Bernstein**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :      **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :      **08-13555 (JMP)**
                                                    :
            **Debtors.**                            :      **(Jointly Administered)**
                                                    :
                                                    :
-------------------------------------------------------------------x

## <u>DECLARATION OF ANDREW A. BERNSTEIN, ESQ.</u>

Pursuant to 28 U.S.C. § 1746, Andrew A. Bernstein, Esq., declares and says:

1.      I am Andrew A. Bernstein, a partner resident in the Paris office of Cleary Gottlieb

Steen & Hamilton LLP ("<u>Cleary Gottlieb</u>").

2.      I submit this Declaration in support of PB Capital's Reply To Objection To The

Motion Of PB Capital To Include Certain European Medium Term Notes In The Lehman

Program Securities List Or, Alternatively, To Deem Such Claims To Be Timely Filed By The

Securities Programs Bar Date (the "<u>Reply</u>") filed concurrently herewith.

3.      I have worked as an attorney at Cleary Gottlieb since 1987, and I became a

partner of the firm in January 1996.  I have been in the firm's Paris office since January 1997.  I

am a member of the Paris Bar, and I am also a member of the New York Bar, and I acted in the

latter capacity in connection with the matters described herein.

4.      I have a diverse practice, although I spend the majority of my time on

international capital markets transactions.  I have led transaction teams in connection with

numerous offerings of debt securities listed on the Luxembourg Stock Exchange, issued in both

the European and United States markets, many with features similar to the EMT Notes[1] held by

PB Capital.  In 2009 alone, I have led transaction teams in connection with ten issuances of such

debt securities.

5.      In September 2008, following the bankruptcy filing by Lehman Brothers

Holdings Inc. ("LBHI") and certain of its affiliates, I began to advise a number of European and

Middle Eastern clients (including Deutsche Postbank and its U.S. subsidiary, PB Capital) on

issues relating to their exposure to the Lehman group.  Over time, I coordinated our firm's

representation of these clients in connection with the Lehman group's insolvency, working

together with our firm's U.S. bankruptcy specialists in New York, as well as colleagues qualified

to practice English and Dutch law.

6.      I found my capital markets and derivatives background to be valuable in

understanding the complex financial products that had been created by the Lehman group.  In

particular, I was able to assist a number of clients in understanding the practical and financial

implications of some of the orders, notices and procedures published in connection with the

various insolvency proceedings in the United States and Europe.

7.      Many of the clients with which I worked held debt securities issued by various

entities in the Lehman group.  The majority of these debt securities were issued under the Euro

Medium Term-Note Program, while the remainder were issued under the U.S. Medium Term-

Note Program of LBHI and other programs of the group.

8.      These clients held Euro Medium Term-Note Program Securities and other

securities in numerous capacities, including as clearing system account holders, managers of

investment funds, private bankers (managers of individual accounts of retail customers) and

---

[1]      Capitalized terms used but not otherwise defined herein have the respective definitions ascribed to such
terms in the Motion, the Reply or the Bar Date Order.

2

ultimate beneficial owners.  This presented a concern about how to identify the party that would

be authorized to file proofs of claim in respect of these securities, given that multiple parties

could reasonably be considered the "owner" of a given security.

9.      On May 26, 2009, the Debtors filed the Motion Of The Debtors, Pursuant To

Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3), For Establishment

Of The Deadline For Filing Proofs Of Claim, Approval Of The Form And Manner Of Notice

Thereof And Approval Of The Proof Of Claim [Docket No. 3654] (the "Bar Date Motion"),

which, among other things, (a) required creditors with claims in respect of derivatives and certain

guarantees to respond to lengthy questionnaires, and (b) specified that any holder of a security

listed on the "Master List of Securities" would not have to file a proof of claim on or before the

bar date.  At that time, the Debtors had not made public the "Master List of Securities."  The Bar

Date Motion did not refer to what would later be termed the "Lehman Program Securities," a

concept that had not yet become relevant.

10.     I reviewed the Bar Date Motion and the attached proposed bar date order (the

"Proposed Bar Date Order") and noted that, under the Proposed Bar Date Order, debt securities

were to be included in a Master List of Securities and that no proofs of claim would have to be

filed in respect of these securities.  I also noted that there were procedures by which interested

parties could request that their securities be added to the Master List of Securities if they were

inadvertently omitted, allowing their holders to avoid the need to file a proof of claim.

11.     On June 12, 2009, Barclays Bank PLC and Barclays Capital Inc. filed an

objection to the Bar Date Motion that primarily focused on the requirement that certain creditors

respond to lengthy questionnaires in connection with derivatives contracts and guarantees (the

"Barclays Objection").  The Barclays Objection did not address any issues related to the Master

3

List of Securities, nor did it address issues relating to what would later be termed "Lehman Program Securities." Several other creditors filed similar motions, and many joined the Barclays Objection, including PB Capital and its German parent, Deutsche Postbank, both of which have claims against the Debtors under derivatives contracts and related guarantees.

12.     As a practical matter, Cleary Gottlieb has found a need in these cases for our clients to join in the objections filed by others to avoid the risk that only the parties who formally file or join in an objection benefit from changes in the procedures proposed by the Debtors for resolving claims, which mitigate the burden on the claimant. For this reason, Cleary Gottlieb filed a joinder to the Barclays Objection on PB Capital's behalf. However, PB Capital was not involved in any of the negotiations of the terms of the Bar Date Order that subsequently ensued in respect of the derivatives and guarantee questionnaires, nor was PB Capital involved in any other subsequent negotiations relating to the Bar Date Order.

13.     On Wednesday, June 24, 2009, at an omnibus hearing before this Court, the Court encouraged the Debtors and the creditors who had filed objections to the Bar Date Motion to negotiate an agreed-upon process with respect to the derivatives and guarantee questionnaires. The Court did not address the issue of Lehman Program Securities at that time, as that concept had still not become relevant.

14.     The issues relating to what later became Lehman Program Securities arose starting on June 25, 2009. PB Capital did not participate in this process; it did not file any objection (whether a joinder or any other type of objection), and it did not participate in working group discussions relating to Lehman Program Securities.

15.     On June 25, 2009, I discovered that the Master List of Securities had been published on the Website during the course of the previous night (Paris time). When I reviewed

4

16.     I subsequently learned that the Debtors had posted, on June 23, 2009, a revised draft of the Proposed Bar Date Order indicating that only securities issued under trust indentures would be included on the Master List of Securities, because trustees could file global proofs of claim in respect of those securities.  See Exhibit B to Debtors' Omnibus Reply To Objections To Motion Of The Debtors, Pursuant To Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3), For Establishment Of The Deadline For Filing Proofs Of Claim, Approval Of the Form And Manner Of Notice Thereof And Approval Of the Proof Of Claim Form [Docket No. 4113], a true and correct copy of which is attached hereto as Exhibit 1.  This was a change from the Proposed Bar Date Order that had been filed on May 26, 2009.

17.     This proposed change would impose an inappropriate and unnecessary burden on holders of Euro Medium Term-Note Program Securities and other securities that were not on the Master List of Securities, for two principal reasons.  First, it was unclear who would have the authority to file a proof of claim in respect of a given security, as there was a long chain of account holders, banks, brokers and other intermediaries between the issuer and the ultimate beneficial owner.  Second, because many of the securities were issued by affiliates of the Debtors and guaranteed by LBHI, parties filing proofs of claim would also have to complete the guarantee questionnaire (which would result in thousands of parties filing copies of identical guarantees).  The omission of these securities from the Master List of Securities would also place a significant burden on the Debtors, which would have to spend substantial time and resources reconciling overlapping and inconsistent claims.

5

18.     Accordingly, in response to the publication of the Master List of Securities omitting the "Lehman Program Securities," on Saturday, June 27, 2009, on behalf of Banco Bilbao Vizcaya Argentaria ("BBVA"), Cleary Gottlieb filed the Supplement To The Objection Of Banco Bilbao Vizcaya Argentaria, S.A. To The Debtors' Bar Date Motion Relating To The Publication Of The Master List Of Securities On June 25, 2009 [Docket No. 4202] (the "BBVA Securities Objection").  PB Capital did not file a related supplemental objection or join the BBVA Securities Objection, nor was PB Capital involved in any of the subsequent conversations or negotiations with the Debtors relating to the Lehman Program Securities.

19.     The numerous objections to the Debtors' proposed claims procedures for its debt securities resulted in the establishment of a working group (the "Working Group"), which sought to develop a consensus on an acceptable process.  I was part of the Working Group, and I received and commented on several sets of draft procedures relating to these securities.

20.     I first received a draft of proposed procedures on June 28, 2009 near midnight (Paris time).  This draft was prepared by the Working Group.  The draft procedure would have applied to securities issued by a Debtor or certain named subsidiaries (including the Euro Medium Term-Note Program Security issuers), where there was no indenture.  It would have required the Debtors to prepare an initial list of securities by August 31, 2009, and a final list by September 30, 2009.  It provided that no proofs of claim would be needed for securities on the list.  It also provided that parties would have 60 days after publication of the final list to file proofs of claim in respect of securities that were omitted from the list.  The procedures required the Debtors to provide notice to clearing systems, including Euroclear, Clearstream and DTC.

21.     On June 29, 2009, I learned that an agreement had been reached in New York among the members of the Working Group and Weil Gotshal & Manges, counsel for the Debtors

6

("Debtors' Counsel"), to propose a special procedure for the securities I had been concerned about, including Euro Medium Term-Note Program Securities, with a special proof of claim required to be filed in early November.  Given the short amount of time before the adoption of the Bar Date Order, the parties were to propose that the Court approve the general features of the procedure, with interested parties working out the details after the hearing, and being authorized to modify the Bar Date Order accordingly.

22.     At approximately the time of a hearing before this Court on June 29, 2009, I received a copy of an email from an attorney at Milbank, Tweed, Hadley, & McCloy LLP, counsel to the official committee of unsecured creditors ("Committee Counsel"), outlining the broad features of the procedures relating to what were later called Lehman Program Securities. One of the features of the procedures was that interested parties would have only five business days to agree on a list of the securities that would be eligible for the procedure.  I asked my colleague, Zoe Segal-Reichlin, to communicate to interested parties that I thought five business days was much too short, and that the best procedure would be for the Debtors to propose a draft list (since the Debtors were most likely to have access to comprehensive information), with interested parties having a reasonable period of time (much longer than five business days) to request additions if their securities were omitted.  I pointed out that there was no particular urgency to establishing the list, given that the parties would have until November 1, 2009 to file proofs of claim under the proposed procedures.

23.     Ms. Segal-Reichlin then informed me that Debtors' Counsel and Committee Counsel insisted on maintaining the five business day period, because of their view that the process was really going to be about counsel putting forward names of additional securities, and they wanted to have a complete list before sending out notice so they could include a check box.

7

I believed that this would not give enough time to many financial institutions to examine the list of their holdings and propose additions, but I recognized that Debtors' Counsel and Committee Counsel were unlikely to change their position.

24.     On June 30, 2009, at approximately 10:00 pm (Paris time), I received a draft of the procedures proposed by Debtors' Counsel, with a request that they receive comments by 10:00 a.m. (New York time) the next day.  The draft was accompanied by a copy of an email from Debtors' Counsel to members of the Working Group in which Debtors' Counsel stated as follows: "Attached is the language that we propose to add to the Bar Date Order to address the agreement with respect to the EMTNs and similar notes."  A true and correct copy of the correspondence and draft are attached hereto as Exhibit 2.

25.     The draft applied to securities "issued by the Debtors' affiliates" but did not specify where those securities were issued.  See id.  There was nothing in the draft proposed by Debtors' Counsel to indicate an intention that the procedures were only to apply to securities issued outside the United States.  To the contrary, there were references to "CUSIP" numbers, which I knew applied only to securities issued in the United States. See id.

26.     I made comments on the draft with respect to what I perceived to be a number of deficiencies and errors in the draft, including the following:

(i)      It purported to apply only to claims against the Debtors in respect of securities issued by affiliates of the Debtors, and related guarantees.  I noted that not all securities were issued by affiliates, because LBHI was itself an issuer under the Euro Medium Term-Note Program.

(ii)     It purported to apply to "Lehman Affiliate Retail Notes" and was called the "Retail Note Program."  I pointed out that many of the notes were not

8

"retail" securities, and suggested changing the name to "Lehman Program Securities."

(iii)    It indicated that interested parties should work together to establish the list, but provided no procedure for how that should be done. I reiterated my position that the Debtors should publish an initial list, and contact or provide notice to interested parties, leaving at least five business days (a period that I had by then conceded) to establish the final list.

A true and correct copy of my hand markup of the draft, prepared on June 30, 2009, and reflecting my comments, is attached hereto as Exhibit 3.

27.    The next morning (Paris time), July 1, 2009, I received a revised draft. A true and correct copy of the draft is attached hereto as Exhibit 4. The revised draft solved the first problem, as the proposed procedure would have applied to securities issued by "Debtors or any of the Debtors' affiliates outside the United States." As noted above, the genesis of this change was to address the fact that some of the securities were issued directly by the Debtors, and others by Debtors' affiliates with guarantees from LBHI. I thought that the proposed language was a good way of describing the universe of possible issuers, and that in particular the use of "outside the United States" was appropriate to avoid a redundancy, since affiliates in the United States that were relevant to this procedure were all "Debtors" and thus already covered by that term. The language of this change was not intended to limit the coverage of the proposed procedures to securities issued outside the United States.

28.    I still had a few comments on the draft. Most significantly, I noticed that there was nothing to indicate what securities were "Lehman Program Securities" – as drafted, the document would have permitted the Debtors to include anything (or nothing) on the list, so long

9

as they worked in good faith with interested parties to establish the list.  In commenting on the draft, I noted that the list should include, at a minimum, Euro Medium Term-Note Program Securities, German certificates, and possibly other specified securities.  I also expressed concern with the proposed time periods, because they included a weekend as well as a holiday in France, and I thought that European holders of the Euro Medium Term-Note Program Securities would not have enough time to review the list against their securities positions and, where necessary, to propose additions.

29.    In discussing my comments, Ms. Segal-Reichlin told me that Debtors' Counsel had noted that the Debtors had much of the necessary information about the relevant Euro Medium Term-Note Program Securities from the bankruptcy trustee of Lehman Brothers Treasury Co. B.V, all of which would be included on the initial Program Securities List. Accordingly, the five-day period following the publication of the initial Program Securities List would involve counsel to various creditors requesting additions to securities not already on the Program Securities List.  Despite this, I continued to express my view that the Bar Date Order should provide explicitly that "Lehman Program Securities" includes securities issued under the Euro Medium Term-Note Program.

30.    I also received a copy of a draft reflecting comments of counsel for the bankruptcy trustee of Lehman Brothers Treasury Co. B.V., which also indicated in a footnote that the list should include, at a minimum, Euro Medium Term-Note Program Securities and certain other enumerated securities.  A true and correct copy of this draft is attached hereto as Exhibit 5.

31.    A composite draft reflecting my comments as well as those of others was forwarded to the Debtors, including (i) the formulation specifying "Debtors or any of the

Debtors' affiliates outside the United States," (ii) a reference to DTC as a party to receive notices (which would have been totally unnecessary had the procedures been limited to securities issued only outside the United States), and (iii) a proposal that Lehman Program Securities include, at a minimum, Euro Medium Term-Note Program Securities and certain other specified securities.  A true and correct copy of these comments are attached hereto as <u>Exhibit 6</u>.

32.    On July 1, 2009, at approximately 10:00 p.m. (Paris time), I received a new draft of the procedures prepared by Debtors' Counsel.  I was pleased to see that many of our comments were accepted.  Among other things, the reference to "Debtors or any of the Debtors' affiliates outside the United States" was included, and there were enumerated securities (including the Euro Medium Term-Note Program Securities) that were required to be included among the "Lehman Program Securities."  There was also a requirement that notice of the procedure be sent to DTC.  Moreover, the Debtors' July 1, 2009 draft contained for the first time the requirement that holders obtain a Blocking Number, which had not been the subject of prior discussions and which had not appeared in any prior versions of the draft.  A true and correct copy of this draft is attached hereto as <u>Exhibit 7</u>.

33.    On July 6, 2009, Coleman Gregory, Senior Vice President and General Counsel of PB Capital, sent an email to Caroline McHale (an associate in our firm's Paris office) and me indicating that he wanted to start the planning process for preparing proofs of claim for PB Capital.  We received the email the next morning on July 7, 2009.

34.    On July 8, 2009, after Ms. McHale and I discussed how to respond, Ms. McHale sent an email to Mr. Gregory informing him, among other things, that a Program Securities List had been published, and that if PB Capital's EMT Notes were on that list, then the bar date would be November 2, 2009.  The email attached the July 6 Program Securities List, and Ms.

11

McHale's email confirmed that PB Capital's EMT Notes were on the list. The copy of the

Program Securities List attached to the email was downloaded from the Website, but it did not

include a link to the Website or a copy of the Website page on which the link to the list appeared.

In a follow-up email to Mr. Gregory that same day, Ms. McHale cut and pasted the relevant

portion of the Program Securities List, which showed that the ISIN numbers and the description

of the EMT Notes appeared on the list.

35.     On July 9, 2009, Mr. Gregory confirmed that the ISIN numbers included on the

Program Securities List did indeed cover all of PB Capital's EMT Notes. He then proceeded to

prepare a list of the various claims that PB Capital needed to file, the relevant procedure and the

bar dates. Mr. Gregory then proceeded conscientiously to file those claims while keeping us

abreast of his progress.

36.     On August 10, 2009, Mr. Gregory told me that PB Capital's securities custodian

told PB Capital that DTC could not issue blocking numbers in respect of PB Capital's EMT

Notes. I told him that if there was no way to obtain a blocking number from DTC, it might be

necessary to transfer the EMT Notes to a European system. I was not particularly concerned,

because in my experience, securities issued under programs such as Lehman's Euro Medium

Term-Note Program could typically be transferred from one clearing system to another without

difficulty. It was not until October 8, 2009 that I learned that the EMT Notes (contrary to most

similar securities) could not be transferred to a European clearing system.

37.     At no time prior to October 2009 did I become aware of any intention or decision

by the Debtors to delete any securities from the core Court-mandated Program Securities List.

When I learned for the first time in October of this year from Mr. Gregory that the Debtors had

taken such action, it came as a complete surprise to me because that action was entirely contrary

to the terms of the Bar Date Order and the process I believed was being used to create the Program Securities List, which is outlined above.

38.     I was particularly surprised because I knew that PB Capital's EMT Notes were issued under the Euro Medium Term-Note Program, and that we had gone to great lengths (with the agreement of Debtors' Counsel) to ensure that all Euro Medium Term-Note Program Securities were required to be included on the Program Securities List.

39.     I was also very surprised that no notice of the deletion had been given to holders of the affected securities.  I was aware that notices of material events are often given by issuers to holders of securities such as the EMT Notes through the clearing systems (such as DTC, Euroclear and Clearstream).  In this process, an issuer provides a notice to the clearing system, which provides the notice to account holders that hold those securities, and the process continues through banks and brokers until the notice reaches the ultimate owner.  As a result, it would have been quite simple for the Debtors to notify holders of a decision to delete specified Euro Medium Term-Note Program Securities from the list by providing notice through the appropriate clearing systems.

40.     Additionally, at no time did I become aware of any decision by the Debtors to exclude securities placed with U.S. investors from the Program Securities List.  None of the language in the Bar Date Order reflects such an exclusion.  I was also aware from my review of the Euro Medium Term-Note Program prospectus that U.S. investors (such as PB Capital) that are "qualified institutional buyers" were eligible to purchase securities issued under the Euro Medium Term-Note Program, that such investors would ordinarily hold their U.S.-issued securities through DTC, and that such U.S.-issued securities (and only U.S.-issued securities) would be assigned "CUSIP" identification numbers.

41.     Moreover, a number of U.S.-based institutional investors hold Lehman Program Securities, as evidenced by the proofs of claim filed in these cases by Adams Advisors, L.L.C., see claim number 58020, Aggregating Trust 10, L.L.C., see claim number 57949, Black Diamond Offshore Ltd., see claim number 59005, Citibank, N.A., see claim number 55393, Davidson Kempner International, Ltd., see claim number 58225, Merchant Navy Pensions Administration, see claim number 58937, MetLife Domestic Trust, see claim number 58915, Prudential Insurance Company of America, see claim number 56981, and Railsplitter Holdings Corporation (an affiliate of Berkshire Hathaway Corp.), see claim number 47229, among others.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

I declare under penalty of perjury that the foregoing is true and correct.


Executed on November 13, 2009, in Paris, France.


/s/ Andrew A. Bernstein<br>Andrew A. Bernstein, Esq.

## **EXHIBIT 1**

**Exhibit B to Debtors' Omnibus Reply**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                                    :
In re                                               :          Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :          08-13555 (JMP)
                                                    :
            Debtors.                                :          (Jointly Administered)
                                                      :
                                                    :
---------------------------------------------------------------------x

### ORDER PURSUANT TO    SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER OF NOTICE <u>THEREOF AND APPROVING THE PROOF OF CLAIM FORM</u>

Upon the motion, dated May 26, 2009 (the "<u>Motion</u>"),[1] of Lehman Brothers

Holdings Inc. and its affiliates, as debtors and debtors in possession in the above referenced

chapter 11 cases (collectively, the "<u>Debtors</u>"),[2] pursuant to sections 502(b)(9) of the Bankruptcy

Code and Bankruptcy Rule 3003(c)(3) seeking an order (i) establishing the deadline for filing

proofs of claim, (ii) approving the form and manner of notice thereof and (iii) approving the

proof of claim form, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

[2] Lehman Brothers Holdings Inc. (08-13555); LB 745 LLC (08-13600); PAMI Statler Arms LLC (08-13664); Lehman Brothers Commodity Services Inc. (08-13885); Lehman Brothers Special Financing Inc. (08-13888); Lehman Brothers OTC Derivatives Inc, (08-13893); Lehman Brothers Derivatives Products Inc. (08-13899); Lehman Commercial Paper Inc. (08-13900); Lehman Brothers Commercial Corporation (08-13901); Lehman Brothers Financial Products Inc. (08-13902); Lehman Scottish Finance L.P. (08-13904); CES Aviation LLC (08-13905); CES Aviation V LLC (08-13906); CES Aviation IX LLC (08-13907); East Dover Limited (08-13908); Luxembourg Residential Properties Loan Finance S.a.r.l. (09-10108); BNC Mortgage LLC (09-10137); Structured Asset Securities Corporation (09-10558); LB Rose Ranch LLC (09-10560); and LB Kalakaua Owners LLC (09-12516).

NY2:¥2002323¥01¥16X03011.DOC¥58399.0003
NY2:¥2002323¥01¥16X03011.US_ACTIVE:¥21002323¥05¥21002323_5.DOC¥58399.0003

the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and

due and proper notice of the Motion having been provided to the Notice Parties; and it appearing

that no other or further notice need be provided; and the Court having determined that the relief

sought in the Motion is in the best interests of the Debtors, its creditors and all parties in interest;

and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, and except

as otherwise provided herein, ~~August 24,~~ **September 1,** **2009, at 5:00 p.m. (prevailing Eastern**

**Time)** is established as the deadline (the "Bar Date") for each person or entity (including,

without limitation, each individual, partnership, joint venture, corporation, estate, trust and

governmental unit) to file proofs of claim (each a "Proof of Claim") based on prepetition claims

(as defined in section 101(5) of the Bankruptcy Code) against the Debtors; and it is further

ORDERED that all Proofs of Claim filed against the Debtors must substantially

conform to the form attached as Exhibit B hereto ("Proof of Claim Form") and must be received

on or before the Bar Date by the official noticing and claims agent in the Debtors' chapter 11

cases, Epiq Bankruptcy Solutions, LLC ("Epiq") or the Court.   The original Proof of Claim

Form should be sent to the following address:

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

        or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims
Processing
One Bowling Green
New York, New York 10004

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5286
New York, New York    10150-5076

; and it is further

      ORDERED that Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date; and it is further

      ORDERED that neither the Court nor Epiq shall be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

      ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

      (a)    any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount, priority or nature of the claim set forth in the Schedules;

      (b)    any person or entity whose claim has been paid in full by the Debtors;

(c)     any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(d)     any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(e)     any holder of a claim for which a separate deadline is fixed by this Court;

(f)     any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract or a Guarantee on or prior to the date of the Bar Date Order, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

(g)     any holder of any claim against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or, insolvency proceeding or similar proceeding, in foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(h)     any holder of a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(i)    any entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List");

and it is further

ORDERED that, ~~if~~ any holder of a security that is not listed on the Master List of Securities ~~completes~~may request that a security be added to the Master List of Securities by completing the form entitled "Inquiry Regarding Security Not on Master List of Securities" available on the Debtors' website http://www.lehman-docket.com and ~~submits~~submitting it to the Debtors as directed on such form~~, the~~ on or prior to August 5, 2009.   The Debtors ~~shall~~will investigate the inquiry and ~~either~~within 15 days of the receipt of such inquiry, the Debtors will, (x) add the security to the Master List of Securities (if appropriate) or (y)   provide an explanation solely to the party submitting such inquiry as to why the security will not be added to the Master List of Securities:   The Master List of Securities listed on the website shall be **final** as of August 20, 2009; and it is further

ORDERED that any security that is listed on the Master List of Securities is not a Derivative Contract and the holders of such security are not required to complete the Derivatives Questionnaire; and it is further

ORDERED that holders of a security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire; and it is further

ORDERED that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so; and it is further

ORDERED that each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States ~~as of the applicable Commencement Date (or otherwise as provided under Section 562 of the Bankruptcy Code in relation to Derivative Contracts)~~; (iii) conform substantially with the Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; and it is further

ORDERED that for the purposes of this Order, the term "Derivative Contract" shall mean any contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code, (ii) a "commodities contract" as such term is defined in section 761(4) of the Bankruptcy Code, (iii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code or (iv) a "securities contract" as such term is defined in section 741(7) of the Bankruptcy Code; provided that; any guarantee or reimbursement obligations which would otherwise be included in the definition of "swap agreement" "commodities contract", "forward contract" and "securities contract" pursuant to the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition; and it is further

ORDERED that each holder of a claim against a Debtor based on amounts owed pursuant to any ~~contract in which the contractual obligations and values are keyed to one or more~~

underlying assets or indices of asset values and subject to movements in the financial markets

("Derivative Contracts" ), on or before the Bar Date, Derivative Contract must:

    (a)    on or before the Bar Date, fill-out and return a Proof of Claim in the same manner as all other claimants;

    (b)    check the appropriate box on the Proof of Claim;

    (c)    on or before **October 1, 2009, at 5:00 pm (prevailing Eastern Time) (the "Derivative Questionnaire Deadline"),** log on to http://www.lehman-claims.com, enter the unique identification number included on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Derivative Questionnaire, substantially in the form attached as Exhibit C hereto (the "Derivative Questionnaire"); and

    (d)    on or before the Derivatives Questionnaire Deadline, electronically upload supporting documentation on the website (as required thereon), rather than attaching such documents to the Proof of Claim;

and it is further

           ORDERED that each holder of a claim against a Debtor based on amounts owed pursuant to a promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance (a "Guarantee"), on or before the Bar Date, must:

    (a)    (e) fill-out and return a Proof of Claim in the same manner as all other claimants;

    (b)    (f) check the appropriate box on the Proof of Claim;

    (c)    (g) log on to http://www.lehman-claims.com, enter the unique identification number included on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Guarantee Questionnaire, substantially in the form attached as Exhibit D hereto (the "Guarantee Questionnaire"); and

    (d)    (h) electronically upload supporting documentation and evidence of the underlying claim amount on the website (as required thereon), rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that, each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of ~~another~~ non-Debtor entity under a Derivative Contract~~, be required, on or prior to the Bar Date,~~ must:

(a)    ~~(i)~~ on or before the Bar Date, fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)    ~~(j)~~ check both boxes on the Proof of Claim that such claim is based on a Derivative Contract and based on a Guarantee;

(c)    ~~(k)~~ on or before the Bar Date, log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete ~~both~~ the electronic ~~Derivative Questionnaire and~~ Guarantee Questionnaire and electronically upload supporting documentation on the website (as required thereon), rather than attaching such documents to the Proof of Claim; and

(d)    ~~(l)~~ on or before the Derivatives Questionnaire Deadline, log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete the electronic Derivative Questionnaire and electronically upload supporting documentation on the website (as required thereon), rather than attaching such documents to the Proof of Claim.

and its is further

ORDERED that if a holder files a Proof of Claims based on a Derivative Contract or a Guarantee that does not have a Unique ID Number, such holder shall comply with the procedures set forth in the prior three paragraphs, except that instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number; and it is further

ORDERED that entities affiliated with the Debtors that are involved in a bankruptcy, insolvency proceeding or similar proceeding in foreign jurisdiction that file a claim against a Debtor shall not be required to complete the Derivative Questionnaire; and it is further

ORDERED that the information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors Committee and their respective advisors and counsel; and it is further

ORDERED that the website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim; and it is further

ORDERED that if a holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim must be filed with respect to each Debtor; and it is further

ORDERED that pursuant to Bankruptcy Rule 2003(c)(2), any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including, filling out the Derivative Questionnaire or the Guarantee Questionnaire and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire shall not be required to be completed until the Derivative Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth herein, shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the Debtors'

chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that no claim of any creditor shall be disallowed for the failure by such creditor to strictly comply with the procedures set forth in this Order related to Derivative Contracts (including the completion of the Derivative Questionnaire) so long as such creditor substantially and in good faith complies with such procedures related to Derivative Contracts set forth in this Order (including the completion of the Derivative Questionnaire); and it is further

ORDERED that notice of the entry of this Bar Date Order and of the Bar Date in substantially the form attached as Exhibit A hereto (the "Bar Date Notice"), which Bar Date Notice are approved in all respects, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before ~~June 24,~~ July 1, 2009 upon:

(a)    the U.S. Trustee;

(b)    attorneys for the Creditors' Committee;

(c)    all known holders of claims listed on the Schedules at the addresses stated therein;

(d)    all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated after September 1, 2006 and (iii) all of the Debtors' retirees;

(e)    all parties known to the Debtors as having potential claims against the Debtors' estates;

(f)    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(g)    all parties to litigation with the Debtors (as of the date of the entry of the Bar Date Order);

(h)    the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and

Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i)        all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

ORDERED that the Debtors shall mail one or more Proof of Claim Forms (as appropriate) to all parties listed in the preceding paragraph, each with a unique identification number printed on the form, together with instructions for filing a Proof of Claim, except that the Proof of Claim Form shall be omitted from any mailing to a security holder; and it is further

ORDERED that, pursuant to Bankruptcy Rules 2002(f) and (*l*), the Debtors shall publish the a notice substantially in the form of the Bar Date Notice once in The New York Times (International Edition), The Wall Street Journal (International Edition) and The Financial Times, each at least forty-five (45) days prior to the Bar Date, which publication is hereby approved in all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that, if the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be ~~afforded~~required to file Proofs of Claim in respect of their claims prior to the later of (i) the Bar Date and (ii) thirty (30) days from the date on which such notice is given ~~to file Proofs of Claim in respect of their claims~~, or be forever barred from doing so; and it is further

ORDERED that ~~any claims asserted, other than claims asserted~~Proofs of Claims may only be filed by parties that are ~~legally entitled and authorized to assert such claim, shall be~~

~~disallowed;~~ authorized to file such claims in accordance with Bankruptcy Code and the Bankruptcy Rules; and it is further

ORDERED that any current or former affiliate of the Debtors, other than affiliates listed on the Exempt Entities List, that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors    that arose prior to the applicable Commencement Date must file a Proof of Claim in accordance with this Order; and it is further

~~ORDERED that, in the event this Court enters an order dismissing the Chapter 11 Case of PAMI Statler Arms LLC prior to the Bar Date, this Order shall not set a deadline for the filing of claims against PAMI Statler Arms LLC; and it is further~~

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that the Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors or be forever barred from voting upon any chapter 11 plan of the Debtors, from receiving any payment or distribution of property from the Debtors, Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against the Debtors.

Dated:   June ___, 2009
      New York,   New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Notice of Bar Date**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
In re                                      :          **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :          **08-13555 (JMP)**
:
Debtors.                        :          **(Jointly Administered)**
                                                     :
:
----------------------------------------------------------------x

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

PLEASE TAKE NOTICE THAT, on June 17, 24, 2009, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc. and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "<u>Debtors</u>"), entered an order (the "<u>Bar Date Order</u>") establishing **August 24, September 1, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("<u>Proof of Claim</u>") based on prepetition claims against the Debtors (the "<u>Bar Date</u>").   The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "<u>Commencement Date</u>"), the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), as set forth in Schedule A hereto.

**If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") at (866)-879-0688.**

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

**Some parties are required to file a Proof of Claim in order to preserve their claim against the Debtors.   Other parties are not required to Proof of Claim in order to preserve their claim against the Debtors.   The following is a summary explanation of each.**

**1.      WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below.   Acts or omissions of the Debtors that arose before the applicable Commencement Date, may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date.   Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means:   (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.      WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1)  Your claim is listed on the Schedules and (i) is **<u>not</u>** described as "disputed," "contingent," or "unliquidated," and (ii) you do **<u>not</u>** dispute the amount, priority or nature of the claim set forth in the Schedules;

(2)  Your claim has been paid in full by the Debtors;

(3)  You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **<u>provided</u>**, **<u>however</u>**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(4)  You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(5)  You hold a claim for which a separate deadline is fixed by this Court;

(6)  You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **<u>provided</u>**, **<u>however</u>**, any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the date of the Bar Date Order, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantee;

(7)  You hold a claim against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or    insolvency proceeding or similar proceeding, in foreign jurisdiction; **<u>provided</u>**, **<u>however</u>**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8)  You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities");    due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association,    and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **<u>provided</u>**, **<u>however</u>**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9)  You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List").

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim.   Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.   MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE, AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

---

**SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES**

Holders of securities are **NOT** required to file a proof of claim on account of their ownership of any security listed on the Debtors' Master List of Securities if such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will each file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities). The Master List of Securities is available for review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP or ISIN) or by security description.

If you do not see your security listed on the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form prior to August 5, 2009.

Inquiries will be investigated, and within 15 days of the Debtors receipt of such inquiry, either the security will either be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.

The Master List of Securities shall be finalized on August 20, 2009 and not subject to further change.

A Proof of Claim form is not being included with the Bar Date Notices being served on holders of securities.   If you believe you have a claim against LBHI other than on account of your Lehman securities ownership, you must file a Proof of Claim form, as directed in this Bar Date Notice. A copy of the Proof of Claim form is available at http://www.lehman-docket.com.

---

**3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

**4.    WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5286
New York, New York   10150-5076

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims Processing
One Bowling Green
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date.   Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the Debtors propose thatwill notify the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

## 5.    WHAT TO FILE

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States as of the applicable Commencement Date (or otherwise as provided under Section 562 of the Bankruptcy Code in relation to Derivative Contracts); (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

**EXCEPT AS SET FORTH IN THE FOLLOWING THREE PARAGRAPHS, YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.   IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ALSO ATTACH A SUMMARY.**

**CLAIMS BASED ON DERIVATIVE CONTRACTS**

**IF YOU FILE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS; (B) CHECK THE APPROPRIATE BOX ON THE PROOF OF CLAIM; (C) ON OR BEFORE THE DERIVATIVE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE"); AND (D) ON OR BEFORE THE DERIVATIVE QUESTIONNAIRE DEADLINE ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

A "DERIVATIVE CONTACT" IS A CONTRACT, ~~IN WHICH THE CONTRACTUAL OBLIGATIONS AND VALUES ARE KEYED TO ONE OR MORE UNDERLYING ASSETS OR INDICES OF ASSET VALUES AND SUBJECT TO MOVEMENTS IN THE FINANCIAL MARKETS.    DERIVATIVE CONTRACTS INCLUDE, BUT ARE NOT LIMITED TO, CREDIT DEFAULT SWAPS, INTEREST RATE SWAPS, TOTAL RETURN SWAPS, CURRENCY SWAPS, FORWARD CONTRACTS, FUTURE CONTRACTS AND COMMODITY CONTRACTS.~~  THAT IS ANY OF (I) A "SWAP AGREEMENT" AS SUCH TERM IS DEFINED IN SECTION 101(53B) OF THE BANKRUPTCY CODE, (II) A "COMMODITIES CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 761(4) OF THE BANKRUPTCY CODE, (III) A "FORWARD CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 101(25) OF THE BANKRUPTCY CODE OR (IV) A "SECURITIES CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 741(7) OF THE BANKRUPTCY CODE; PROVIDED THAT, ANY GUARANTEE OR REIMBURSEMENT OBLIGATIONS WHICH WOULD OTHERWISE BE INCLUDED IN THE DEFINITION OF "SWAP AGREEMENT" "COMMODITIES CONTRACT", "FORWARD CONTRACT" AND "SECURITIES CONTRACT" PURSUANT TO THE DEFINITION OF SUCH TERMS IN THE BANKRUPTCY CODE SHALL NOT BE CONSIDERED A DERIVATIVE CONTRACT FOR THE PURPOSES OF THIS DEFINITION.

THE "DERIVATIVES QUESTIONNAIRE DEADLINE" IS OCTOBER 1, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

**CLAIMS BASED ON A DEBTORS' GUARANTEE**

IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, ON OR BEFORE THE BAR DATE, YOU MUST: (A) FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS; (B) CHECK THE APPROPRIATE BOX ON THE PROOF OF CLAIM; (C) LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT D TO THE BAR DATE ORDER (THE "GUARANTEE QUESTIONNAIRE"); AND (D) ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

A "~~"~~GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.

**CLAIMS BASED ON A DEBTORS' GUARANTEE OF A DERIVATIVE CONTRACT WITH A NON-DEBTOR**

IF YOU FILE A PROOF OF CLAIM BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT ENTERED INTO WITH A NON-DEBTOR, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS; (B) CHECK BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE; (C) ON OR BEFORE THE BAR DATE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE ~~BOTH~~THE ELECTRONIC GUARANTEE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM AND (D) LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND ~~GUARANTEE QUESTIONNAIRE; AND (D)~~ ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number.

Holders of a security that is listed on the Master List of Securities that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire.

Holders of a security that is listed on the Master List of Securities are not required to complete the Derivatives Questionnaire.

The information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information and the Debtors and the Creditors' Committee and their respective advisors and counsel.

The website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements of proofs of claim.

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR COMPLETE THE DERIVATIVE QUESTIONNAIRE PRIOR TO THE DERIVATIVE QUESTIONNAIRE DEADLINE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including, filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable)   and uploading required information to the website http://www.lehman-claims.com   (which Derivative Questionnaire shall not be required to be completed until the Derivative Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

7.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules.    Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).    Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:    June ___, 2009                              BY ORDER OF THE COURT
          New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York    10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Schedule A

| Debtor | Case Number | Commencement Date |
|---|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 | September 15, 2008 |
| LB 745 LLC | 08-13600 | September 16, 2008 |
| PAMI Statler Arms LLC | 08-13664 | September 23, 2008 |
| Lehman Brothers Commodity Services Inc. | 08-13885 | October 3, 2008 |
| Lehman Brothers Special Financing Inc. | 08-13888 | October 3, 2008 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 | October 3, 2008 |
| Lehman Brothers Derivatives Products Inc. | 08-13899 | October 5, 2008 |
| Lehman Commercial Paper Inc | 08-13900 | October 5, 2008 |
| Lehman Brothers Commercial Corporation | 08-13901 | October 5, 2008 |
| Lehman Brothers Financial Products Inc. | 08-13902 | October 5, 2008 |
| Lehman Scottish Finance L.P. | 08-13904 | October 5, 2008; |
| CES Aviation LLC | 08-13905 | October 5, 2008 |
| CES Aviation V LLC | 08-13906 | October 5, 2008 |
| CES Aviation IX LLC | 08-13907 | October 5, 2008 |
| East Dover Limited | 08-13908 | October 5, 2008 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 | January 7, 2009 |
| BNC Mortgage LLC | 09-10137 | January 9, 2009 |
| Structured Asset Securities Corporation | 09-10558 | February 9, 2009 |
| LB Rose Ranch LLC | 09-10560 | February 9, 2009 |
| LB 2080 Kalakaua Owners LLC | 09-12516 | April 23, 2009 |

## **Exhibit B**

**Proof of Claim Form**

| *United States Bankruptcy Court/Southern District of New York* | | **PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
|---|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on: _____ | **NOTICE OF SCHEDULED CLAIM:**<br>Your Claim is scheduled by the indicated Debtor as: |
|---|---|---|
| Telephone number:     Email Address: | | |
| Name and address where payment should be sent (if different from above) | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |
| Telephone number:     Email Address: | | |

**1. Amount of Claim as of Date Case Filed:** $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD ALL SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
    **3a. Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

NY2:¥2002323¥01¥16X0301¦.US_ACTIVE:¥21002323¥05¥21002323_5.DOC¥58399.0003
NY2:¥2002323¥01¥16X0301¦.
US_ACTIVE:¥21002323¥05¥21002323_5.DOC¥58399.0003

**7. Credits:**   The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8. Documents:**   Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements.   You may also attach a summary.   Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.   *(See definition of "redacted" on reverse side.)*
**DO NOT SEND ORIGINAL DOCUMENTS.   ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

| Date: | Signature:   The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |

*Penalty for presenting fraudulent claim:*   Fine of up to $500,000 or imprisonment for up to 5 years, or both.   18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover LLC |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the claim. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract, in which the contractual obligations and values are keyed to one or more underlying assets or indices of

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

right to be paid before other creditors in the
The amount of the secured claim cannot exceed the value
of the property. Any amount owed to the creditor in excess
of the value of the property is an unsecured claim.
Examples of liens on property include a mortgage on real
estate or a security interest in a car. A lien may be
voluntarily granted by a debtor or may be obtained through
a court proceeding. In some states, a court judgment is a
lien. A claim may also be secured if the creditor owes the
debtor money (has a right to setoff).

and a related index moves or changes in the
markets.    Derivative Contracts include but are not limited
to credit default swaps, interest rate swaps, total return
swaps, currency swaps, forward contracts, future contracts
and commodity contracts.

**Guarantee**

A promise, representation or agreement to answer for the
payment of some debt or the performance of some duty in
case of the failure of another person or entity who is liable
in the first instance.

## <u>Exhibit C</u>

## Derivative Questionnaire

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form.   As such, criminal penalties apply for making a false statement.   The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both.   18 U.S.C. §§ 152 and 3571.*

General:_____

Name of Debtor (drop down of Lehman entities):

Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:

_____

**1. Is the Debtor identified above (i) a counterparty to the derivative contract or (ii) a guarantor or credit support provider?   Please identify the counterparties, guarantors and/or credit support providers to the derivative contract.**

**2. Have Termination Agreement(s) related to the allowance of a claim in respect of derivatives been entered into with the debtor?**

If Yes---Enter the amount of the derivative claim $_____

Please attach Termination Agreement and go to ____(end).

If No, proceed to #3.

**3. Have the derivatives matured or been terminated?**

If Yes--Enter the derivative claim amount and each line item included in the calculation thereof on the provided table and provide the information in 4.

If No, and you would like to file a claim for the contingent and unliquidated claim, please provide items in 4 a. d. and f

If No, go to ____(end)

4. a. Documentation of Transactions.    Please provide copies of all master agreements, schedules, netting arrangements, confirmations, credit support documentation, guarantees and other documents related to agreements (other than confirmations) evidencing the transactions.

b. Termination Notice.    Please provide a copy of the termination notice , including evidence supporting delivery date of the termination notice.   Please provide evidence of any consent or other condition required to be satisfied in order to effect termination of the derivative contract.

c. Valuation Statement. Please provide a copy of the valuation statement, including and, to the extent such valuation statement has been delivered prior to the Bar Date, evidence supporting delivery date of the valuation statement.    Please include identify any collateral that has been posted by any party in connection with this transaction the transactions and any claims of set-off against other transactions.

d. Individual Trade Level Detail.    Please provide details with respect to each trade supporting the valuation transaction (e.g., as applicable, including trade id, electronic trade reference id, trade type, product,    trade date, reference obligation or reference entity, credit events, factored factor and original contract notional amount, quantity/unit of measure, currency,    price or strike price, buy/sell, call or put, cap or floor, location, effective date, maturity date, termination date,    and value).    Please provide this information in excel Microsoft Excel format.

e. Trade Valuation Methodology and Quotations.    Please check the box next to each valuation methodology used to support the claim (if multiple methodologies were used, please check multiple boxes and identify the trade population listed in clause d. above to which each valuation method applies):

_____ ISDA Master Agreements Specifying Market Quotation Methodology under ISDA Master Agreements: Provide documentation of quotations from market Reference Market-makers or other persons concerning the transactions. Include market-maker name,

~~contact individual, when requests were made, the form of request that was made, in what manner the market-makers responded and the nature of any follow-up requests~~the name of Reference Market-makers that provided quotations and the quotations provided. If documentation specifies "Market Quotation" methodology and Creditor utilized a different methodology, please provide a narrative description of why the Market Quotation method was not used. ~~Please provide a description of the methodology used to determine the valuation of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters~~ and check the box and complete the applicable part of this section (e) below.

_____ ~~Loss Methodology under~~ ISDA Master Agreements Specifying Loss Methodology: Provide a narrative description
of the methodology used to determine the valuations of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters. Provide documentation from ~~market~~Reference Market-makers or other persons concerning any applicable quotations relating to the transactions.   If the methodology used involved any interpretation or deviation from the wording of the applicable documentation, provide a narrative description of the basis for such interpretation or deviation.

_____ ISDA Master Agreements Specifying Close-Out Amount Methodology ~~under ISDA Master Agreements~~: Provide a narrative description of the methodology used to determine the valuations of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters. Provide documentation from ~~market~~Reference Market-makers or other persons concerning any applicable quotations relating to the transactions. If the methodology used involved any interpretation or deviation from the wording of the applicable documentation, provide a narrative description of the basis for such interpretation or deviation.

_____ ~~Other Methodology under~~ ISDA Master Agreements Specifying Any Other Methodology: Provide a narrative description of the methodology used to determine the valuations of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters. Provide documentation from ~~market~~Reference Market-makers or other persons concerning any applicable quotations relating to the transactions.     If the methodology used involved any interpretation or deviation from the wording of the applicable documentation, provide a narrative description of the basis for such interpretation or deviation.

_____Non-ISDA Master Agreements: Provide a narrative description of the methodology used to determine the valuations of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters. Provide documentation from ~~market~~Reference Market-makers or other persons concerning any applicable quotations relating to the transactions.   If the methodology used involved any interpretation or deviation from the wording of the applicable documentation, provide a narrative description of the basis for such interpretation or deviation.

f._____ Replacement Transactions:    Provide documentation evidencing any transactions (including confirmations) executed in order to replace any transactions, including specifying any cash (or other consideration) paid or received by or to any person to replace the transactions, the name of each entity that effectuated a replacement and when any such transactions were effected.   Please provide any external communications (including all transaction confirmations, other documents, e-mails, or any other writings or information) evidencing or concerning the replacement transactions.

fg. Unpaid Amounts.    Please specify any unpaid amounts and interest accrued thereon included in calculation of any amounts due with respect to the transactions. Please provide a description of the type of unpaid amount and the amount of interest accrued thereon (ie. Premium payment, periodic interest, etc…). Please provide supporting documentation of such unpaid amounts.

gh. Collateral.   Please provide CUSIP/ISIN for collateral listed, the valuation of the collateral as well as support for such valuation (e.g. market quotes, emails, etc…) for the amounts included in the claim calculation. Provide bank wire advice, Fed Reference numbers   and other statement supporting the original posting of cash collateral and any cash disbursements on the securities.    Please provide this information in excelMicrosoft Excel format.

hi. Other costs.
   i.    If claim includes other costs, please include a detailed description of nature of the costs, valuation support, third party invoices (including a detailed description of the scope of services) and basis for including such costs in the claim.

   ii.    If claim includes interest charges, please provide calculation in excelMicrosoft Excel format of interest including principal amount, interest rate, term and assumptions.

## Exhibit D

### Guarantee Questionnaire

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form.    As such, criminal penalties apply for making a false statement.    The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both.    18 U.S.C. §§ 152 and 3571.*

General:_____

Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:
_____

1. Name of Debtor, or other entity, against which you have a direct claim (the "Obligor"):

2. If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding, please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed.

3. List the agreement(s) under which your claim arises against the Obligor and provide all documentation evidencing your claim <u>and</u> supporting the calculation of the claim amount.*

4. Amount of claim against Obligor: $_____.

5. Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"):

6. List the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed (please attach agreement).*

7.    Amount of claim against the Guarantor: $_____.

8. Did you know of and rely upon the Guarantee when you entered into the contract with the Obligor (Yes/No)?

* Pursuant to Federal Rule of Bankruptcy Procedure 3001(c), if your claim is based on a written agreement, you are required to attach a copy of the writing evidencing such agreement.

Document comparison by Workshare Professional on Tuesday, June 23, 2009 12:42:49 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/21002323/1 |
| Description | #21002323v1<US_ACTIVE> - LBHI Bar Date Order |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/21002323/5 |
| Description | #21002323v5<US_ACTIVE> - LBHI: Revised Bar Date Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 119 |
| Deletions | 82 |
| Moved from | 4 |
| Moved to | 4 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 209 |

## **EXHIBIT 2**

**Email from Debtors and Debtors' Proposed Procedures Dated June 30, 2009**

**Mark.Bernstein@weil.com**

30 June 2009  04:20 PM

To sshimshak@paulweiss.com,
lhandelsman@stroock.com,
William.m.Goldman@dlapiper.com,
deggermann@kramerlevin.com,
chammerman@paulweiss.com,
andrew.thau@skadden.com,
RZubaty@paulweiss.com, zsegal-
reichlin@cgsh.com,
azylberberg@whitecase.com
Cc Shai.Waisman@weil.com, lori.fife@weil.com,
amanda.hendy@weil.com
Subject Proposed EMTN Language

Attached is the language that we propose to add to the Bar Date Order to address the agreement
with respect to the EMTNs and similar notes.  Please note that this language has not been
reviewed by our client and is subject to change.  Please contact me with any questions or
comments by 10:00 am tomorrow morning so that we can finalize the Bar Date Order.

_____

Mark Bernstein
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Ph: (212) 310-8778
Fax: (212) 310-8007
mark.bernstein@weil.com

The information contained in this email message is intended only for use of the individual
or entity named above. If the reader of this message is not the intended recipient, or the
employee or agent responsible to deliver it to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is strictly
prohibited. If you have received this communication in error, please immediately notify
us by email (postmaster@weil.com), and destroy the original message. Thank you



EMTN Rider.pdf

ORDERED that notwithstanding anything to the contrary contained in this

Order, the following procedures apply to the filing of any and all claims against the Debtors

arising from that certain set of notes issued by the Debtors' affiliates, and any Guarantees

issued in connection therewith, solely to the extent identified on http://www/lehman-

docket.com under the heading "Lehman Affiliate Retail Notes" (the "Retail Notes Program") as

of July 15, 2009 at 5:00 pm (prevailing Eastern Time):

    (a)    **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "Retail Notes Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on the Retail Notes Program;

    (b)    the Debtors are authorized to, and will, modify the Bar Date Notice and Proof of Claim Form as necessary to provide notice of the Retail Notes Bar Date (such revised Bar Date Notice, the "Retail Notes Bar Date Notice", and such revised Proof of Claim Form, the "Retail Notes Proof of Claim Form");

    (c)    the Debtors are authorized to, and will, translate the Retail Notes Bar Date Notice into various foreign languages; it being understood that claims submitted in respect of the Retail Notes must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States; (iii) conform substantially with the Retail Notes Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; and (v) be signed by the claimant or by an authorized agent of the claimant;

    (d)    the Debtors, the Creditors' Committee and the account holders under the Retail Notes Program that identify themselves to the Debtors or the Creditors' Committee will work in good faith to agree on the list of securities to be included on the "Lehman Affiliate Retail Notes" list prior to July 10, 2009, which list will include the International Securities Identification Number (ISIN) and Committee on Uniform Securities Identification Procedures (CUSIP) number for each note in the Retail Note Program, and the Court may consider any dispute as to the content of such list on an expedited basis;

    (e)    notice of the entry of this Order, of the Bar Date and of the Retail Notes Bar Date in the form of the Retail Notes Bar Date Notice shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or

before July 24, 2009 upon: (i) the U.S. Trustee, (ii) Euroclear and Clearstream as depositories and clearing agents for the Retail Notes Program and (iii) each of the issuers (and their representative or administrator) of the Retail Notes Program, and request that such parties distribute such notice to the account holders of the Retail Notes Program;

(f)     pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice substantially in the form of the Retail Notes Bar Date Notice once in one leading national newspaper in each of Italy, France, Germany, Switzerland and Japan, each at least sixty (60) days prior to the Retail Notes Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the Retail Notes Bar Date and the procedures for filing Proofs of Claim and Retail Notes Proofs of Claim in these cases;

(g)     any person or entity that files a claim solely based on a Guarantee of the Retail Notes Program is not required to complete the Guarantee Questionnaire in respect of such claim;

(h)     other than any documentation required pursuant to Bankruptcy Rule 3001(c), holders that file claims based on the Retail Notes Program are not required to attach or submit any documentation supporting any claim under the Retail Notes Program;

(i)     the Debtors will not object to, or seek to disallow, any claims based on the Retail Notes Program on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b); provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the Retail Notes Program on all other grounds;

(j)     the party that files a claim based on the Retail Notes Program (whether the depository, account holder, fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions and undertakes all responsibility with respect to any objection interposed as to such claim; and

(k)     other than as specifically provided in clauses (a) through (j) above, all provisions of this Order apply to holders of claims under the Retail Notes Program and holders of claims based on the Retail Notes Program are required to comply with all provisions of this Order;

and it is further

## EXHIBIT 3

**Bernstein Markup to Draft of Proposed Procedures Prepared June 30, 2009**

*[handwritten top margin:] - NOT ... (AFFILIATES)*
*- NOT NECESSARILY GERMANY THE[?]*
*- NOT ALL NOTES (IN GERMANY CERTIFICATES)*

WGM Draft 6/30/09

*[handwritten:] SUGGEST "LEHMAN PROGRAM SECURITIES"*

ORDERED that notwithstanding anything to the contrary contained in this

Order, the following procedures apply to the filing of any and all claims against the Debtors

arising from that certain set of notes issued by the Debtors' affiliates, and any Guarantees

issued in connection therewith, solely to the extent identified on http://www/lehman-

docket.com under the heading "Lehman Affiliate Retail Notes" (the "Retail Notes Program") as

of July 15, 2009 at 5:00 pm (prevailing Eastern Time):

*[handwritten margin: (5) Securities]*

(a)    **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is
established as the deadline (the "Retail Notes Bar Date") for each
person or entity (including, without limitation, each individual,
partnership, joint venture, corporation, estate, trust and governmental
unit) to file proofs of claim based on the Retail Notes Program;

*[handwritten margin: Program Securities]*
*[handwritten margin: (5)]*

(b)    the Debtors are authorized to, and will, modify the Bar Date Notice
and Proof of Claim Form as necessary to provide notice of the Retail
Notes Bar Date (such revised Bar Date Notice, the "Retail Notes Bar
Date Notice", and such revised Proof of Claim Form, the "Retail Notes
Proof of Claim Form");

*[handwritten margin: THIS WILL COVER 99%, LEHMAN CAN TRANSLATE INTO H]*

(c)    the Debtors are authorized to, and will, translate the Retail Notes Bar
Date Notice into various foreign languages; it being understood that
claims submitted in respect of the Retail Notes must: (i) be written in
the English language; (ii) to the extent a claim amount is reflected
thereon, be denominated in lawful currency of the United States; (iii)
conform substantially with the Retail Notes Proof of Claim Form; (iv)
state the name and case number of the specific Debtor against which
it is filed; and (v) be signed by the claimant or by an authorized agent
of the claimant;

*[handwritten margin: pounds sterling, euros or Swiss Francs]*
*[handwritten: L THIS GETS THE "LEGALLY AUTHORIZED" POINT]*

(d)    the Debtors, the Creditors' Committee and the account holders under
the Retail Notes Program that identify themselves to the Debtors or
the Creditors' Committee will work in good faith to agree on the list of
securities to be included on the "Lehman Affiliate Retail Notes" list
prior to July 10, 2009, which list will include the International
Securities Identification Number (ISIN) and Committee on Uniform
Securities Identification Procedures (CUSIP) number for each note in
the Retail Note Program, and the Court may consider any dispute as
to the content of such list on an expedited basis;

*[handwritten left margin: (which shall be clearly stated in plain language Instructions to be provided on the website together with the list)]*

(e)    notice of the entry of this Order, of the Bar Date and of the Retail
Notes Bar Date in the form of the Retail Notes Bar Date Notice shall
be deemed good, adequate, and sufficient notice if it is served by
deposit in the United States mail, first class postage prepaid, on or

*[handwritten bottom margin:]*
*- LEHMAN SHOULD PROVIDE FIRST DRAFT OF LIST*
*- LEHMAN SHOULD PROVIDE NOTICE ON CONTACT HOLDERS*
*- DATE SHOULD BE 5 ADJ AFTER NOTICE*
*& INVITE THEM TO INSPECT LIST ON WEB*
*[circled:] OR security holders*

*[handwritten top margin: "Standard | In accordance with the Clearing Systems for notices to security holders ↓ (the "Clearing Systems")]*

*[handwritten: "WRONG"]*

before July 24, 2009 upon: (i) the U.S. Trustee, (ii) Euroclear and Clearstream ~~as depositories and clearing agents for the Retail Notes Program~~ and (iii) each of the issuers (and their representative or administrator) of the Retail Notes Program, and request that such parties distribute such notice to the account holders of the Retail Notes Program;

*[handwritten left margin: "THIS IS A WASTE OF TIME + MONEY, BUT OK"]*

(f)    pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice substantially in the form of the Retail Notes Bar Date Notice once in one leading national newspaper in each of Italy, France, Germany, Switzerland and Japan, each at least sixty (60) days prior to the Retail Notes Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the Retail Notes Bar Date and the procedures for filing Proofs of Claim and Retail Notes Proofs of Claim in these cases;

*[handwritten right margin: "WHAT IF THE CLAIM IS BOTH DIRECT + UNDER GUARANTEE"]*

(g)    any person or entity that files a claim ~~solely~~ based on a Guarantee of the Retail Notes Program is not required to complete the Guarantee Questionnaire in respect of such claim;

*[handwritten left margin: "IF THIS IS "CLAIM BASED" ON WRITING THEN IT DOESN'T WORK."]*

(h)    other than any documentation required pursuant to Bankruptcy Rule 3001(c), holders that file claims based on the Retail Notes Program are not required to attach or submit any documentation supporting any claim under the Retail Notes Program;

*[handwritten left margin: "ZOE— WHAT IS THIS?"]*

(i)    the ~~Debtors~~ will not object to, or seek to disallow, any claims based on the Retail Notes Program on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b); provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the Retail Notes Program on all other grounds;

(j)    the party that files a claim based on the Retail Notes Program (whether the depository, account holder, fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions and undertakes all responsibility with respect to any objection interposed as to such claim; and

*[handwritten left margin: "or on the grounds that no amount (or the wrong amount) was stated in the Program Proof of Claim"]*

(k)    other than as specifically provided in clauses (a) through (j) above, all provisions of this Order apply to holders of claims under the Retail Notes Program and holders of claims based on the Retail Notes Program are required to comply with all provisions of this Order;

and it is further

*[handwritten bottom right: "OK IF ADMINISTRATIVE— BUT NOT FRAUDULENT CONVEYANCE OR PREFERENCE"]*

## **EXHIBIT 4**

**Revised Draft of Proposed Procedures Dated June 30, 2009**

**CGSH Comments June 30, 2009**

ORDERED that notwithstanding anything to the contrary contained in this Order, the following procedures apply to the filing of any and all claims against the Debtors arising from that certain set of notes **and certificates** issued by the Debtors **or any of the Debtors**' affiliates **outside of the United States pursuant to fiscal agency agreements**, and any Guarantees issued in connection therewith, solely to the extent identified on http://www.lehmandocket.com under the heading "Lehman ~~Affiliate Retail Notes" (the "Retail Notes Program~~**Programs Securities" (the "Securities Programs**") as of July 15, 2009 at 5:00 pm (prevailing Eastern Time):

(a) **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "~~Retail Notes~~**Securities Programs** Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) **(the "Filing Entities" and each a "Filing Entity")** to file proofs of claim based on the ~~Retail Notes Program~~**Securities Programs**;

(b) the Debtors are authorized to, and will, modify the Bar Date Notice and Proof of Claim Form as necessary to provide notice of the ~~Retail Notes~~**Securities Programs** Bar Date (such revised Bar Date Notice, the "~~Retail Notes~~**Securities Programs** Bar Date Notice", and such revised Proof of Claim Form, the "~~Retail Notes~~**Securities Programs** Proof of Claim Form");

(c) the Debtors are authorized to, and will, translate the ~~Retail Notes~~**Securities Programs** Bar Date Notice into various foreign languages; it being understood that claims submitted in respect of the ~~Retail Notes~~**Securities Programs** must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States **using the exchange rate as applicable as of September 15, 2009 (provided, however, that a Filing Entity shall not be required to identify the claim amount)**; (iii) conform substantially with the ~~Retail Notes~~**Securities Programs** Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; and (v) be signed by the ~~claimant~~**Filing Entity** or by an authorized agent of the ~~claimant~~**Filing Entity**;

(d) the Debtors,~~ the Creditors' Committee and the account holder under the Retail Notes Program that identify themselves to the Debtors or the Creditors' Committee will work in good faith to agree on the list of securities to be included on the "Lehman Affiliate Retail Notes" list prior to July 10, 2009~~, **shall publish on the Debtor's website (http://www.lehmandocket.com) a proposed list of "Lehman Programs Securities,"** which list will include the International Securities Identification Number (ISIN)

1

and**/or** Committee on Uniform Securities Identification Procedures (CUSIP) number ~~for each note in the Retail Note Program, and the Court may consider any dispute as to the content of such list~~**, as applicable, for each note or certificate in the Securities Programs, no later than July 3, 2009 at 5:00 pm (prevailing Eastern Time), and the Debtors, the Creditors' Committee, the account holders [or security holders] under the Securities Programs that identify themselves to the Debtors or the Creditors' Committee, and the trustees for Lehman Brothers Treasure Co. B.V. and other applicable foreign proceedings will work in good faith to develop a complete list of "Lehman Programs Securities" prior to July 10, 2009;**

(e)      **In the event there are any disputes concerning the contents of the list of "Lehman Program Securities," the Court may consider such disputes** on an expedited basis **with notice to the disputing parties**;

(~~e~~**f**)    notice of the entry of this Order, of the Bar Date and of the ~~Retail Notes~~**Securities Programs** Bar Date in the form of the ~~Retail Notes~~**Securities Programs** Bar Date Notice shall be deemed good, adequate, and sufficient notice if it is **(i)** served by deposit in the United States mail, first class postage prepaid, on or before July 24, 2009 upon~~:~~ **(i)**~~1~~**1** the U.S. Trustee, (~~ii~~**2**) Euroclear and Clearstream ~~as depositories and clearing agents for the Retail Notes Program and (iii~~**(collectively, the "Clearing Systems") and (3** each of the issuers (and their representative or administrator) of the ~~Retail Notes Program, and request that such parties distribute such notice~~**Securities Programs, and (ii) the Clearing Systems promptly distribute the Securities Program Bar Date Notice** to the account holders **[and/or security holders]** of the ~~Retail Notes Program~~**Securities Programs**;

(~~f~~**g**)    pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice **(translated into the appropriate language)** substantially in the form of the ~~Retail Notes~~**Securities Programs** Bar Date Notice ~~once~~**at least one day** in one leading national newspaper in each of Italy, **Spain,** France, Germany, Switzerland and Japan, each at least sixty (60) days prior to the ~~Retail Notes~~**Securities Programs** Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the ~~Retail Notes~~**Securities Programs** Bar Date and the procedures for filing Proofs of Claim and ~~Retail Notes~~**Securities Programs** Proofs of Claim in these cases;

2

(~~g~~**h**)   any person or entity that files a claim ~~solely~~ based on a Guarantee of the ~~Retail Notes Program~~**Securities Programs** is not required to complete the Guarantee Questionnaire in respect of such claim;

(h)   ~~other than any documentation required pursuant to Bankruptcy Rule 3001(c),~~ **i)**_____holders that file claims based on the ~~Retail Notes Program~~**Securities Programs** are not required to attach or submit any documentation supporting any claim under the ~~Retail Notes Program~~**Securities Programs**;

(~~i~~   **j)      Claims based on the Securities Programs shall not be disallowed and** the Debtors will not object to, or seek to disallow, any claims based on the ~~Retail Notes Program~~**Securities Programs** on the ground that **(i)** such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)**, or (ii) the Filing Entities did not provide claim amounts or provided incorrect claim amounts in the filed claims**; provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the ~~Retail Notes Program~~**Securities Programs** on all other grounds**, and reserve all rights to object to the stated amount of any claim**;

(~~j~~**k**)   the party that files a claim based on the ~~Retail Notes Program~~**Securities Programs** (whether the depository, account holder, **record holder,** fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices **with respect to the filed claim in the U.S. bankruptcy proceedings** and distributions**, if any, provided in the U.S. bankruptcy proceedings,** and undertakes all responsibility with respect to any objection interposed as to such claim**, each to the extent permitted by applicable law.  For the avoidance of doubt, a Filing Entity that files a claim on behalf of multiple account holders [or security holders] shall not be required to provide identifying information for such account holders [or security holders]**; and

(~~k~~**l**)   other than as specifically provided in clauses (a) through (j) above, all provisions of this Order apply to holders of claims under the ~~Retail Notes Program~~**Securities Programs** and holders of claims based on the ~~Retail Notes Program~~**Securities Programs** are required to comply with all provisions of this Order;

and it is further

3

## __EXHIBIT 5__

**LBTCBV Comments to Draft of Proposed Procedures Dated June 30, 2009**

DRAFT Comments to WGM Draft 6/30/09

ORDERED that notwithstanding anything to the contrary contained in this

Order, the following procedures apply to the filing of any and all claims against the Debtors

arising from that certain set of notes issued by the Debtors' affiliates, and any Guarantees

issued in connection therewith, solely to the extent identified on http://www.lehman-

docket.com under the heading "Lehman Affiliate Retail Notes" (the "Retail Notes

Programs") as of July 15, 2009 at 5:00 pm (prevailing Eastern Time):

(a) **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "Retail Notes Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on the Retail Notes Programs;

(b) the Debtors are authorized to, and will, modify the Bar Date Notice and Proof of Claim Form as necessary to provide notice of the Retail Notes Bar Date (such revised Bar Date Notice, the "Retail Notes Bar Date Notice", and such revised Proof of Claim Form, the "Retail Notes Proof of Claim Form");

(c) the Debtors are authorized to, and will, translate the Retail Notes Bar Date Notice into various foreign languages; it being understood that claims submitted in respect of the Retail Notes must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States; (iii) conform substantially with the Retail Notes Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; (v) include the International Securities Identification Number ("ISIN") or Committee on Uniform Securities Identification Procedures number ("CUSIP") as applicable and (vi) be signed by the claimant or by an authorized agent of the claimant;

(d) the Debtors, the Creditors' Committee and the account holders under the Retail Notes ProgramPrograms that identify themselves to the Debtors or the Creditors' Committee will work in good faith to agree on the list of securities to be included on the "Lehman Affiliate Retail Notes" -list prior to July 10, 2009, which list will include the International Securities Identification Number (ISIN) and Committee on Uniform Securities Identification Procedures (CUSIP) number for each note in the Retail Note ProgramPrograms, and the parties will

jointly ask the Court ~~may~~to consider any dispute as to the content of such list on an expedited basis;[1]

(e)     notice of the entry of this Order, of the Bar Date and of the Retail Notes Bar Date in the form of the Retail Notes Bar Date Notice shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before July 24, 2009 upon: (i) the U.S. Trustee, (ii) Euroclear, ~~and~~ Clearstream and other entities acting as depositories and clearing agents for the Retail Notes Programs and (iii) each of the issuers (and their representative or administrator) of the Retail Notes Programs,

(f)     the Debtors shall~~and~~ request that the parties identified in subclauses (ii) and (iii) of clause (e) above ~~such parties~~ distribute such notice to the account holders of the Retail Notes ~~Program~~Programs, provided that nothing contained herein shall require such parties to distribute such notices;

(~~f~~g)     pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice substantially in the form of the Retail Notes Bar Date Notice once in one leading national newspaper in each of The Netherlands, the United Kingdom, Spain, Australia, Italy, France, Germany, Switzerland and Japan, each at least sixty (60) days prior to the Retail Notes Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the Retail Notes Bar Date and the procedures for filing Proofs of Claim and Retail Notes Proofs of Claim in these cases;

(~~g~~h)     any person or entity that files a claim ~~solely~~ based on a Guarantee of the Retail Notes ~~Program~~Programs is not required to complete the Guarantee Questionnaire in respect of such claim;

(~~h~~i)     other than any documentation required pursuant to Bankruptcy Rule 3001(c), holders that file claims based on the Retail Notes ~~Program~~Programs are not required to attach or submit any

---

[1] For the avoidance of doubt, the list of securities to be included on the Lehman Affiliate retail notes list is intended to include all of the notes issued by Lehman Brothers Treasury Co. B.V. ("LBT") and Lehman Brothers Bankkhaus AG under that certain U.S.$100,000,000,000 Euro Medium Term-Note Program as well as all of the notes and certificates issued by LBT under the following Retail Notes Programs: (i) that certain U.S.$4,000,000,000 German Note Issuance Programme, as described in a certain Base Prospectus dated August 28, 2007, (ii) the Swiss Certificates Programme, as described in a certain Programme Prospectus date November 29, 2007 and (iii) the Italian Inflation Linked Notes dated December 2005 – December 1017.

documentation supporting any claim under the Retail Notes ~~Program~~Programs;

(j~~i~~)   the Debtors will not object to, or seek to disallow, any claims based on the Retail Notes ~~Program~~Programs on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b); provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the Retail Notes ~~Program~~Programs on all other grounds;

(k~~j~~)   the party that files a claim based on the Retail Notes ~~Program~~Programs (whether the depository, account holder, fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions and undertakes all responsibility with respect to any objection interposed as to such claim; and

(l~~k~~)   other than as specifically provided in clauses (a) through (k~~j~~) above, all provisions of this Order apply to holders of claims under the Retail Notes ~~Program~~Programs and holders of claims based on the Retail Notes ~~Program~~Programs are required to comply with all provisions of this Order;

and it is further

**<u>EXHIBIT 6</u>**

**Composite Draft of Proposed Procedures Dated July 1, 2009**

CGSH and PWRWG Comments July 1, 2009

ORDERED that notwithstanding anything to the contrary contained in this Order, the following procedures apply to the filing of any and all claims against the Debtors arising from ~~that certain set of notes~~**securities** issued by the Debtors~~' affiliates, and any Guarantees issued in connection therewith~~ **or any of the Debtors' affiliates outside of the United States (including any claims under a related Guarantee)**, solely to the extent identified on http://www~~.~~**/**lehmandocket.com under the heading "Lehman ~~Affiliate Retail Notes" (the "Retail Notes~~**Programs Securities" (any such security, a "Lehman** Program **Security**") as of July ~~15,~~**[15],** 2009 at 5:00 pm (prevailing Eastern Time):

(a)    **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "~~Retail Notes~~**Securities Programs** Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) **(the "Filing Entities" and each a "Filing Entity")** to file proofs of claim based on ~~the Retail Notes~~**any Lehman** Program **Security**;

(b)    the Debtors**, in coordination with the Creditors' Committee,** are authorized to, and will, modify the Bar Date Notice and Proof of Claim Form as necessary to provide notice of the ~~Retail Notes~~**Securities Programs** Bar Date (such revised Bar Date Notice, the "~~Retail Notes~~**Securities Programs** Bar Date Notice", and such revised Proof of Claim Form, the "~~Retail Notes~~**Securities Programs** Proof of Claim Form");

(c)    the Debtors are authorized to, and will, translate the ~~Retail Notes~~**Securities Programs** Bar Date Notice into ~~various~~**relevant** foreign languages; it being understood that claims submitted in respect of ~~the Retail Notes~~**any Lehman Program Security** must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States **using the exchange rate as applicable as of September 15, 2009 (provided, however, that a Filing Entity shall not be required to identify the claim amount)**; (iii) conform substantially with the ~~Retail Notes~~**Securities Programs** Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; and (v) be signed by the ~~claimant~~**Filing Entity** or by an authorized agent of the ~~claimant~~**Filing Entity**;

(d)    the Debtors~~, the Creditors' Committee and the account holder under the Retail Notes Program that identify themselves to the Debtors or the Creditors' Committee will work in good faith to agree on the list of securities to be included on the "Lehman Affiliate Retail Notes" list prior to July 10, 2009~~**, shall publish on**

1

CGSH and PWRWG Comments July 1, 2009

the Debtor's website (http://www.lehmandocket.com) a proposed list of "Lehman Programs Securities," to include at a minimum issuances under the Euro Medium Term Note Program, the German certificate and warrants program, the Lehman Holdings plc securities program, the Swiss Certificates Program, and the Italian Inflation Linked Notes Program, which list will include the International Securities Identification Number (ISIN) and/or Committee on Uniform Securities Identification Procedures (CUSIP) number for each note in the Retail Note Program, and the Court may consider any dispute as to the content of such list, as applicable, for each Lehman Program Security, no later than July [3], 2009 at 5:00 pm (prevailing Eastern Time), and the Debtors, the Creditors' Committee, the account holders or holders of any Lehman Program Security that identify themselves to the Debtors or the Creditors' Committee, and the trustees for Lehman Brothers Treasury Co. B.V. and other applicable foreign proceedings will work in good faith to develop a complete list of "Lehman Programs Securities" no later than July [10], 2009;

(e)    In the event there are any disputes concerning the contents of the list of "Lehman Program Securities," the Court may consider such disputes on an expedited basis with notice to the disputing parties;

(ef)   notice of the entry of this Order, of the Bar Date and of the Retail Notes Securities Programs Bar Date in the form of the Retail Notes Securities Programs Bar Date Notice shall be deemed good, adequate, and sufficient notice if it is (i) served by deposit in the United States mail, first class postage prepaid, on or before July 24, [24], 2009 upon: (i1) the U.S. Trustee, (ii2) Euroclear and Clearstream as depositories and clearing agents for the Retail Notes Program and (iii, Clearstream and the Depository Trust Company and other similar clearing systems identified by the Debtors, the Creditors' Committee, the account holders or holders of any Lehman Program Security that identify themselves to the Debtors or the Creditors' Committee, and the trustees for Lehman Brothers Treasury Co. B.V. and other applicable foreign proceedings (collectively, the "Clearing Systems") and (3) each of the issuers (and their representative or administrator) of the Retail Notes Lehman Program Securities (the "Issuers"), and (ii) the Debtors request that such parties the Clearing Systems and the Issuers promptly distribute such notice the Securities Program Bar Date Notice to the account

2

**CGSH and PWRWG Comments July 1, 2009**

holders ~~of the Retail Notes Program~~**and/or holders of any Lehman Program Security**;

(~~f~~**g**) pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice **(translated into the appropriate language)** substantially in the form of the ~~Retail Notes~~**Securities Programs** Bar Date Notice ~~once~~**at least one day** in one leading national newspaper in each of Italy, **Spain,** France, Germany, ~~Switzerland~~**the Netherlands (in English), Switzerland [Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Greece, Brazil, Argentina, New York]** and Japan, each at least sixty (60) days prior to the ~~Retail Notes~~**Securities Programs** Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the ~~Retail Notes~~**Securities Programs** Bar Date and the procedures for filing Proofs of Claim and ~~Retail Notes~~**Securities Programs** Proofs of Claim in these cases;

(~~g~~**h**) any person or entity that files a claim ~~solely~~ based on a Guarantee of ~~the Retail Notes~~**any Lehman** Program **Security** is not required to complete the Guarantee Questionnaire **or Derivative Questionnaire** in respect of such claim;

(~~h~~**i**) [other than ~~any documentation required pursuant to Bankruptcy Rule 3001(c),~~**in response to an objection,**] holders that file claims based on ~~the Retail Notes~~**any Lehman** Program **Security** are not required to attach or submit any documentation supporting ~~any~~**that** claim ~~under the Retail Notes Program~~;

(~~i~~ **j**) **Claims based on any Lehman Program Security shall not be disallowed and** the Debtors will not object to, or seek to disallow, any claims based on ~~the Retail Notes~~**any Lehman** Program **Security** on the ground that **(i)** such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)**, or (ii) the Filing Entities did not provide claim amounts, provided incorrect claim amounts, or provided claim amounts in a currency other than the lawful currency of the United States in the filed claims**; provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on ~~the Retail Notes~~**any Lehman** Program **Security** on all other grounds**, and reserve all rights to object to the stated amount of any claim**;

(**k**) **A Filing Entity that files a claim based on any Lehman Program Security for a notional amount of securities shall be deemed to have reserved all rights to demand a higher amount**

3

**either (i) by amendment of the proof of claim, (ii) following an objection to the claim, or (iii) through such other valuation procedures as determined by the Court; provided, however, that the Debtors reserve all rights to object to the claim on the basis that the claim should be valued at an amount lower than the notional amount of the claim;**

(j**l**)  the party**A Filing Entity** that files a claim based on the Retail Notes**any Lehman** Program **Security** (whether the depository, account holder, **record holder,** fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions and undertakes all responsibility with respect**with respect to the filed claim in the U.S. bankruptcy proceedings and distributions, if any, provided in the U.S. bankruptcy proceedings, responding** to any objection interposed as to such claim**, each to the extent permitted by applicable law, provided, however, that nothing shall limit the ability of any creditor with respect to a particular series of any Lehman Program Security to respond to such an objection with respect to that series.  For the avoidance of doubt, a Filing Entity that files a claim on behalf of multiple account holders or holders of any Lehman Program Security shall not be required to provide identifying information for such account holders or holders of any Lehman Program Security;**

**(m)     The Debtors shall make objections, if any, to claims under any particular series of any Lehman Program Security on an omnibus basis with respect to such series, with notice provided to all Filing Parties that have filed a claim with respect to such series**; and

(k**n**)  other than as specifically provided in clauses (a) through (j**m**) above, all provisions of this Order apply to holders of claims under the Retail Notes**based on Lehman** Program **Securities** and holders of claims based on the Retail Notes **Lehman** Program **Securities** are required to comply with all provisions of this Order;

and it is further

4

## EXHIBIT 7

**Debtors' Revised Draft of Proposed Procedures Dated July 1, 2009**

WGM Draft ~~6~~7/~~30~~1/09

ORDERED that notwithstanding anything to the contrary contained in this Order, the following procedures apply to the filing of any and all claims (including any claims under a related Guarantee) against the Debtors arising from ~~that certain set of notes~~securities issued by the Debtors ~~affiliates, and any Guarantees issued in connection therewith~~or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www~~.~~lehman-docket.com under the heading "Lehman ~~Affiliate Retail Notes" (the "Retail Notes~~Programs Securities" (any such security, a "Lehman Program Security") as of July ~~15,~~[15], 2009 at 5:00 pm (prevailing Eastern Time):

(a)   **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "~~Retail Notes~~Securities Programs Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) (the "Filing Entities" and each a "Filing Entity") to file proofs of claim based on ~~the Retail Notes~~any Lehman Program Security;

(b)   the Debtors, in coordination with the Creditors' Committee, are authorized to, and will, modify the Bar Date Notice and Proof of Claim Form as necessary to provide notice of the ~~Retail Notes~~Securities Programs Bar Date (such revised Bar Date Notice, the "~~Retail Notes~~Securities Programs Bar Date Notice", and such revised Proof of Claim Form, the "~~Retail Notes~~Securities Programs Proof of Claim Form");

(c)   ~~all claims filed based on the Retail Notes Program are required to be filed on a form that substantially conforms to the Retail Notes Proof of Claim Form;(d)~~   the Debtors are authorized to, and will, translate the ~~Retail Notes~~Securities Programs Bar Date Notice into ~~various~~relevant foreign languages; it being understood that claims submitted in respect of ~~the Retail Notes~~any Lehman Program Security must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States using the exchange rate as applicable as of September 15, 2009; (iii) conform substantially with the ~~Retail Notes~~Securities Programs Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; (v) ~~set forth with specificity the legal and factual basis for the alleged claim; and~~identify the International Securities Identification Number ("ISIN") and/or Committee on Uniform Securities Identification

Procedures ("CUSIP") number, as applicable, for each Lehman Program Security; (vi) include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number; (vii) be signed by the ~~claimant~~Filing Entity or by an authorized agent of the ~~claimant;~~Filing Entity;

~~(e)~~        (d)        the Debtors shall publish on http://www.lehman-docket.com a proposed list of "Lehman Programs Securities," to include at a minimum issuances under (i) that certain U.S.$100,000,000,000 Euro Medium Term-Note Program, (ii) that certain U.S.$4,000,000,000 German Note Issuance Programme, as described in a certain Base Prospectus dated August 28, 2007, (iii) the Swiss Certificates Programme, as described in a certain Programme Prospectus dated November 29, 2007 and (iv) the Italian Inflation Linked Notes dated December 2005 – December 2017, which list will include the ISIN and/or CUSIP, as applicable, for each Lehman Program Security, no later than July [3], 2009 at 5:00 pm (prevailing Eastern Time), and the Debtors, the Creditors' Committee ~~and the account holders under the Retail Notes Program,~~ the account holders or holders of any Lehman Program Security that identify themselves in writing to the Debtors, and the trustees for Lehman Brothers Treasury Co. B.V. and other applicable foreign proceedings will work in good faith to agree on ~~the~~a list of ~~securities to be included on the "Lehman Affiliate Retail Notes" list prior to July 10, 2009 and~~"Lehman Programs Securities" by no later than July [10], 2009;

(e)        in the event there are any disputes concerning the contents of the list of "Lehman Program Securities," the Court may consider ~~any dispute as to the content of~~ such ~~list~~disputes on an expedited basis with notice to the disputing parties;

(f)        notice of the entry of this Order, of the Bar Date and of the ~~Retail Notes~~Securities Programs Bar Date in the form of the ~~Retail Notes~~Securities Programs Bar Date Notice shall be deemed good, adequate, and sufficient notice if (i) it is  served by deposit in the United States mail, first class postage prepaid, on or before July 24,[24], 2009 upon: (i1) the U.S. Trustee, ~~(ii) Euroclear and Clearstream as depositories for the Retail Notes Program and (iii~~2) Euroclear, Clearstream and the Depository Trust Company and other similar clearing systems (collectively, the "Clearing Systems") and (3) each of the issuers (and their representative or administrator) of the ~~Retail Notes~~Lehman Program Securities (the "Issuers"), and (ii) the Debtors request that ~~such parties distribute such notice to the beneficial holders of the Retail Notes~~the Clearing Systems and the Issuers promptly distribute the Securities Program Bar Date Notice to the account holders and/or holders of any Lehman Program Security;

US_ACTIVE:\43088118\0306\43088118_3.6.DOC\58399.0003.

[New York #2135719 v1]

(g)     pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice (translated into the appropriate language) substantially in the form of the ~~Retail Notes~~Securities Programs Bar Date Notice at least once in one leading national newspaper in each of Italy, Spain, France ~~and Germany, each at least forty-five (45~~, Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Greece, Brazil, Argentina, Australia and Japan, at least sixty (60) days prior to the ~~Retail Notes~~Securities Programs Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the ~~Retail Notes~~Securities Programs Bar Date and the procedures for filing Proofs of Claim and ~~Retail Notes~~Securities Programs Proofs of Claim in these cases;

~~(g)     holders that file claims that are solely based on Guarantees of the Retail Notes Program are not required to complete the Guarantee Questionnaire in respect of such claims;~~

(h)     ~~other than any documentation required pursuant to Bankruptcy Rule 3001(c), holders~~any person or entity that files a claim based on a Guarantee of any Lehman Program Security is not required to complete the Guarantee Questionnaire or Derivative Questionnaire in respect of the portion of the claim that relates a such Lehman Program Security, but is required to complete the Guarantee Questionnaire with respect to all other portions of such claim based on a Guarantee or Derivative Contract;

(i)     persons or entities that file claims based on ~~the Retail Notes~~any Lehman Program Security are not required to attach or submit any documentation supporting any claim ~~under the Retail Notes Program~~based on such Lehman Program Security; provided however that, the Debtors reserve the right to seek production of all documentation required by Bankruptcy Rule 3001(c) as part of the claims reconciliation process;

~~(i)     the Debtors will not object to, or seek to disallow, any claims based on the Retail Notes Program~~j)  claims based on any Lehman Program Security shall be prima facie valid claims subject to all objections by the Debtors except objections on the ground that such claims ~~are~~were not filed by the proper party or an authorized agent~~; provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the Retail Notes Program on all other grounds~~, as contemplated by Bankruptcy Rule 3001(b);

~~(j)     the party~~k)     a Filing Entity that files a claim based on ~~the Retail Notes Program (whether the account holder, fiscal agent or beneficial~~

holder)any Lehman Program Security, by filing such claim, for the purposes of U.S. bankruptcy proceedings, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions and undertakes all responsibility with respect, if any, and responding to any objection interposed as to such claim.  For the avoidance of doubt, a Filing Entity that files a claim on behalf of multiple account holders or holders of any Lehman Program Security shall not be required to provide identifying information for such account holders or holders of any Lehman Program Security;

(l)     nothing in this Order shall impose a duty or obligation on any party to any agreement related to any Lehman Program Security to file a claim beyond whatever duty or obligation currently exists in the applicable agreements for the Retail Notes Programs or applicable law; and

(km)    other than as specifically provided in clauses (a) through (jl) above, all provisions of this Order apply to holders of claims under the Retail Notesany Lehman Program Security and holders of claims based on the Retail Notessuch Lehman Program Security are required to comply with all provisions of this Order;

and it is further

Document comparison by Workshare Professional on Wednesday, July 01, 2009
3:59:12 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/43088118/3 |
| Description | #43088118v3<US_ACTIVE> - EMTN Rider |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/43088118/6 |
| Description | #43088118v6<US_ACTIVE> - EMTN Rider |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 81 |
| Deletions | 60 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 141 |

5

[New York #2135719 v1]

# EXHIBIT C

**Declaration of Zoe Segal-Reichlin**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                 :

In re                               :      Chapter 11 Case No.
                                   :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :    **08-13555 (JMP)**
                                 :

          **Debtors.**                :     **(Jointly Administered)**
                                 :
                                 :

----------------------------------------------------------------x

### <u>DECLARATION OF ZOE SEGAL-REICHLIN</u>

     Pursuant to 28 U.S.C. § 1746, Zoe Segal-Reichlin, Esq., declares and says:

     1.      I am an associate with the law firm of Cleary Gottlieb Steen & Hamilton LLP

("<u>Cleary Gottlieb</u>").

     2.      I have been a member of the Bar of the State of New York since 2007.  I am also

admitted to practice before, and am a member in good standing of, the United States District

Court for the Southern District of New York.

     3.      I submit this declaration in support of PB Capital's Reply To Objection To The

Motion Of PB Capital To Include Certain European Medium Term Notes In The Lehman

Program Securities List Or, Alternatively, To Deem Such Claims To Be Timely Filed By The

Securities Programs Bar Date (the "<u>Reply</u>") filed concurrently herewith.

     4.      I have appeared as counsel on behalf of one creditor to the above-captioned

debtors and debtors in possession in these proceedings (the "<u>Debtors</u>"), and have served as

counsel to one other creditor in these proceedings.  Neither of those parties are PB Capital.[1]

While I understand that members of my firm have served as counsel to PB Capital, I am not nor

---

[1]     Capitalized terms used but not otherwise defined herein have the respective definitions ascribed to such
terms in the Motion, the Reply or the Bar Date Order.

have I ever served as counsel to PB Capital.   I have never communicated with anyone at PB Capital, nor was I aware that Cleary Gottlieb serves as PB Capital's counsel until approximately a week ago.

5.      Between June 28, 2009 and July 2, 2009, I appeared before this Court and participated in negotiations on behalf of Banco Bilbao Vizcaya Argentaria S.A. ("BBVA"), who had objected on June 27, 2009 to the omission from the Debtors' schedules of "billions of dollars of bonds that were issued under fiscal agency agreements, rather than indentures."  See Supplement To The Objection Of Banco Bilbao Vizcaya Argentaria, S.A. To The Debtors' Bar Date Motion Relating To The Publication Of The Master List Of Securities on June 25, 2009 [Docket No. 4202] (the "BBVA Securities Objection") ¶ 2.  Those negotiations ultimately concluded in the Securities Programs Bar Date procedures identified in PB Capital's October 22, 2009 Motion.

6.      The Securities Programs Bar Date procedures were the result of compromise, and do not reflect the procedures requested by BBVA in the BBVA Securities Objection.  In that objection, BBVA had advocated that the Debtors "include all debt securities issued or guaranteed by any Debtor (particularly securities issued by LBHI's affiliates that were guaranteed by LBHI) on a revised Master List of Securities, regardless of whether the holders are represented by indenture trustees, (ii) exempt any holder of securities (including guaranteed securities) on the revised Master List of Securities from the requirement to file a proof of claim or to complete the Guarantee Questionnaire with respect to such security or Guarantee, (iii) set the Bar Date a sufficient time after the date on which such a revised Master List of Securities is published so that creditors have a reasonable opportunity to review the list, request corrections if necessary and file their proofs of claim . . . ."  See BBVA Securities Objection, Conclusion.

7.       On June 29, 2009, I attended a hearing before this Court, and participated in negotiations with the Debtors' counsel Lori Fife and Shai Waisman from Weil Gotshal & Manges LLP ("Weil Gotshal"), and Evan Fleck of Milbank Tweed Hadley McCloy LLP, as a representative from the Creditors Committee, about the creation of the Program Securities List and attendant procedures.  Over the objection of BBVA, Ms. Fife and Mr. Waisman insisted on a short time frame for creating the Program Securities List.  In particular, it was discussed that a five-day period following the publication of an initial list should provide sufficient opportunity to perfect that list, as (1) the Debtors already had much of the necessary information about relevant securities from the Dutch trustee, all of which would be included on the initial list, and (2) the five-day period following the publication of the initial list would merely involve counsel to various creditors requesting additions of securities not already listed.

8.       At the June 29, 2009 hearing, Debtors' counsel referred to the securities at issue as the "EMTN" program securities (short for the Euro Medium Term-Note Program).   I advocated on the record that the list should include these securities, as well as other securities issued in a similar manner; the Debtors' ultimately acquiesced to this position.  See Transcript of Hearing Re Debtors' Motion For Establishment Of The Deadline For Filing Proofs Of Claim, Approval Of The form And Manner Of Notice Thereof And Approval Of The Proof Of Claim Form at 78–79, a true and correct copy of the relevant portion of which is attached hereto as Exhibit 1.  Given the Debtors' counsel's explicit discussion of the securities as "EMTN" securities, it was my understanding that, at a minimum, securities issued pursuant to the Euro Medium Term-Note Program would appear on the Program Securities List.  This continued to be my understanding until I learned from other attorneys at my firm who represent PB Capital of the Debtors' position, after the November 2, 2009 bar date had passed.

4

9.      Following the adoption of the Securities Programs Bar Date procedures and the publication of the initial Program Securities List on July 6, 2009, I volunteered internally at my firm to collect all suggested additions to that list from Cleary Gottlieb attorneys representing various clients, primarily for the purpose of avoiding inundating the Debtors' counsel with multiple calls from multiple Cleary Gottlieb attorneys about suggested additions.  In other words, I volunteered for this position as a convenience to the Debtors' counsel.

10.      On July 8, 2009, I spoke with the Debtors' counsel Mark Bernstein of Weil Gotshal to inform him that I would be collecting suggested additions to the Program Securities List from Cleary Gottlieb attorneys representing various clients in order to pass them along in a coordinated fashion, and to ask him in what format he would prefer I provide those suggested additions.  Mark Bernstein provided the requested information.

11.      Between July 9, 2009 and July 13, 2009, I emailed Mark Bernstein a total of 47 securities to be added to the Program Securities List.   Four Cleary Gottlieb clients requested these securities be added to the Program Securities List.  PB Capital was <u>not</u> one of those four clients.

12.      On July 13, 2009, by the email attached as <u>Exhibit B</u> to the Debtors' Objection to the Motion, Mark Bernstein rejected the inclusion of one of the 47 securities I had passed along for inclusion on the Program Securities List.  This security was issued pursuant to the Lehman Brothers (Luxembourg ) Equity Finance S.A. Warrant and Certificate Programme, and was not issued pursuant to the Euro Medium Term-Note Program or any of the other three categories that were required to be included on the Program Securities List in the Bar Date Order.  The client who suggested adding this security to the list determined not to pursue the matter further so I did not have further conversations with the Debtors' counsel about this rejection.

13.    In no way did Mark Bernstein's July 13, 2009 email to me lead me to believe that either (i) the Debtors would be removing any securities from the July 6 Program Securities List, or (ii) that there had been a categorical decision to exclude any of the securities issued pursuant to the Euro Medium Term-Note Program from the final Program Securities List, nor did it say either of those things.

14.    Other than as set forth herein, to the best of my memory, I had no other communications with the Debtors on topics relevant to PB Capital's Motion.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2009, in New York, New York.

/s/ Zoe Segal-Reichlin
Zoe Segal-Reichlin, Esq.

## <u>EXHIBIT 1</u>

**Relevant Excerpt of Hearing Transcript Dated June 29, 2009**

78

1          THE COURT:  Ms. Fife?

2          MS. FIFE:  If their notes are not part of this EMTN

3   program, then they will have to file a guarantee questionnaire.

4   But if they are part, then they don't.

5          MR. FRIEDMAN:  Whether the ISIN number is listed or

6   not?

7          MS. FIFE:  Yes.

8          MR. FRIEDMAN:  In order to be part of the program

9   does the note have to be listed, or does it just have to look

10   like one of the agreements?

11          MS. FIFE:  It has to be listed.

12          MS. SEGAL-REICHLIN:  Good afternoon, Your Honor.  Zoe

13   Segal-Reichlin, from Cleary Gottlieb Stein & Hamilton on behalf

14   of Banco Bilbao Vizcaya Argentaria.  We were a party to the

15   conversations and can confirm, as Citi's counsel did, that Ms.

16   Fife accurately represented our agreement.

17          I just want to make two points of clarification for

18   the record.   The first of which is it was actually Banco

19   Bilbao Vizcaya Argentaria and not Banco Popular that was part

20   of that discussion.  As well as Mr. Shimshak noted that the

21   issuances that were under agency agreements were not just the

22   EMTN program, it was other programs as well, which we can also

23   confirm.  The notes in question are also not just structured

24   notes, they're also fixed rate notes and floating notes.

25          THE COURT:  All right.  So if I understand that

79

1    clarification, I'm just trying to follow this, the EMTN

2    program, which is really the principal focus that we've been

3    talking about relates to certain structured notes that are

4    largely in the hands of retail investors all over the globe.

5            Your clarification point is to note that there are

6    other notes that were represented in the discussions that did

7    not have the benefit of an indentured trustee structure.  And

8    it's as to these notes that don't have a home that there'll be

9    the same opportunity to get on the list, is that right?

10           MS. SEGAL-REICHLIN:  That's correct.  And my

11   understanding from the debtors is that there's no disagreement

12   on that point.  But we've been using EMTN as shorthand because

13   it is the largest issuance.

14           THE COURT:  So what we're doing is we're expanding,

15   for purposes of today's discussion, the defined term "EMTN" to

16   include a whole bunch of other notes that aren't actually EMTN

17   notes?

18           MS. SEGAL-REICHLIN:  Correct.

19           THE COURT:  Okay.

20           MR. GOLDMAN:  Good afternoon, Your Honor.  William

21   Goldman, DLA Piper on behalf of Banco Banif and a number of

22   other Spanish and Austria banks.

23           Just to clarify, as used in our objection, the EMTN

24   program is a particular program that Lehman Brothers --

25   actually, Lehman Brothers Holdings Inc. established.  It was a

## **EXHIBIT D**

**Declaration of Ceydi Rodriguez**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                      :
In re                                                 :        **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,          :        **08-13555 (JMP)**
                                                      :
               Debtors.                               :          **(Jointly Administered)**
                                                      :
                                                      :
-------------------------------------------------------------------x

<u>**DECLARATION OF CEYDI RODRIGUEZ**</u>

Pursuant to 28 U.S.C. § 1746, Ceydi Rodriguez, declares and says:

1.      I am Ceydi Rodriguez, a paralegal in the New York office of Cleary Gottlieb

Steen & Hamilton LLP ("<u>Cleary Gottlieb</u>").

2.      I submit this Declaration in support of PB Capital's Reply To Objection To The

Motion Of PB Capital To Include Certain European Medium Term Notes In The Lehman

Program Securities List Or, Alternatively, To Deem Such Claims To Be Timely Filed By The

Securities Programs Bar Date (the "<u>Reply</u>") filed concurrently herewith.[1]

3.      I have worked as a paralegal at Cleary Gottlieb since December 27, 2004.

4.      On November 4 and 5, 2009, I directed a review and comparison of the Program

Securities List dated July 6, 2009 and the Program Securities List dated July 17, 2009.  More

specifically, I compared the two lists to identify which ISIN numbers were included on the July 6

Program Securities List but then excluded from the July 17 Program Securities List.  I conducted

the review with the assistance of two additional paralegals from Cleary Gottlieb.

---

[1]      Capitalized terms used but not otherwise defined herein have the respective definitions ascribed to such
terms in the Motion, Reply or the Bar Date Order.

5.      Upon conclusion of this review, I identified a total of eleven (11) ISIN numbers that appeared on the July 6 Program Securities List but had been removed by the July 17 Program Securities List (the "<u>Removed ISINs</u>").  The Removed ISINs are: 52519VAD8, DE000A0LU6Y3, US52519VAP13, US52519VAQ95, US52519VAR78, US52519VAS51, US52519VAU08, US52519VAW63, US52521XAB47, XS0236378989, and XS0254947335. Out of the Removed ISINs, seven (7) contain a "US" prefix.

6.      Following the initial review, I personally confirmed that the Removed ISINs were not in fact included on the July 17 Program Securities List.

7.      After the review was complete, I reported my findings to supervising attorneys at Cleary Gottlieb.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2009, in New York, New York.

/s/ Ceydi Rodriguez
Ceydi Rodriguez