Hearing Date and Time: November 18, 2009 at 10:00 a.m.
Objection Date and Time: November 13, 2009 at 4:00 p.m.

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to Optim Energy Marketing and Trading, LLC  (f/k/a EnergyCo Marketing and Trading, LLC)*

## IN THE UNITED STATES BANKRUPTCY
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP)<br>Jointly Administered |
| Debtor. | |

### OPTIM ENERGY MARKETING AND TRADING, LLC'S  (F/K/A ENERGYCO MARKETING AND TRADING, LLC) LIMITED OBJECTION TO DEBTORS' MOTION, PURSUANT TO BANKRUPTCY RULE 2004, FOR AN ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES

Optim Energy Marketing and Trading, LLC  (f/k/a EnergyCo Marketing and Trading, LLC) ("**Optim**"), by and through its undersigned counsel, submits this limited objection to the motion of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to Bankruptcy Rule 2004, for an order granting authority to issue subpoenas for the production of documents and authorizing the examination of persons and entities (Docket No. 5710) (the "**Motion**").   In support of this limited objection, Optim respectfully states:

## RELEVANT BACKGROUND

**A.      Relevant Procedural Background.**

1.      On September 15, 2008 (the "**Petition Date**"), Lehman Brothers Holdings, Inc. ("**LBHI**") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  On and after the Petition Date, the other Debtors in these cases filed voluntary petitions for relief.  The Debtors' chapter 11 cases are being jointly administered in this Court.

2.      The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

3.      On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

**B.      Optim's Relationship With The Debtors.**

4.      Optim and Lehman Brothers Commodity Services Inc. ("**LBCS**") were parties to that certain International Swap Dealers Association, Inc. ("**ISDA**") Master Agreement (the "**Master Agreement**") and Credit Support Annex (the "**Credit Support Annex**") both dated as of October 16, 2007 (collectively the "**ISDA Agreement**").

5.      By letter dated September 25, 2008, Optim, as the non-defaulting party under the ISDA Agreement, informed LBCS that an Event of Default had occurred under the Master Agreement and that as a result, Optim was designating September 25, 2008 as the Early Termination Date in respect of all outstanding Transactions (as defined in the Master Agreement).

6.      Optim timely filed proofs of claim and timely completed the derivatives questionnaire and guarantee questionnaire required under the Court's order establishing the deadline for filing proofs of claim in these cases (the "**Bar Date Order**").  *See* Docket No. 4271. In connection with filing its proofs of claim and completing the supplemental questionnaires, Optim has already provided to the Debtors significantly more information than is typically

required under section 501 of the Bankruptcy Code and Rules 3001 and 3003 of the Federal Rules of Bankruptcy Procedure.

**C.    The Motion.**

7.    Through the Motion, the Debtors request blanket authority to issue Rule 2004 subpoenas for the production of documents and the examination of persons and entities determined by the Debtors to have information relevant to the acts, conduct, property and liabilities of the Debtors and other matters relating to the administration of the Debtors' estates.

8.    As proposed in the Motion, upon the issuance of a Rule 2004 subpoena, a subpoenaed party would be required to produce, on a rolling basis all responsive documents (except any documents under a claim of privilege) or, within ten (10) days of service of the subpoena, file all objections and/or responses with the Court. *See* Motion at ¶ 19.  If a subpoenaed party withholds any documents based upon privilege, a privilege log containing the information required under Bankruptcy Rule 7026 must be produced to the Debtors within ten (10) days of service of a subpoena. *Id.*  Finally, a subpoenaed party would be required to appear for a deposition "upon reasonable notice and, absent other agreement with the Debtor, in no event more than fifteen (15) days from the service of a deposition subpoena… ." *Id.*

9.    The time for a subpoenaed party to respond to a subpoena, as proposed in the Motion, is unnecessarily truncated and violates the express provisions of Rule 2004. Moreover, the broad discovery power that the Debtors seek through the Motion appears to conflict with prior orders of the Court, in particular, the Court's orders establishing (a) procedures for the settlement or assumption and assignment of prepetition derivative contracts (Docket No. 2257), and (b) alternative dispute resolution procedures order for affirmative claims of the Debtors under derivatives contracts (Docket No. 5207) (collectively, the "**Procedures Orders**").

## **OBJECTION**

10.    Optim does not object to the Debtors' request for authority to issue Rule 2004 subpoenas without the necessity of obtaining an order from the Court in each instance. However, the requirements the Debtors seek to impose on a party who is served with a subpoena provide unnecessarily limited response times and violate the express provisions of Rule 2004, thereby unduly prejudicing the party subject to a subpoena.  Moreover, since the broad discovery powers that the Debtors seek conflict with the Procedures Orders, the form of order submitted with the Motion should be modified to provide that the Procedures Orders govern any discovery in connection with a dispute that is governed by the Procedures Orders.

11.    Rule 2004 provides that a witness may be compelled to attend a deposition or produce documents as provided for in Rule 9016.  *See* Fed. R. Bankr. P. 2004(c).  Rule 9016, in turn, makes applicable Rule 45 of the Federal Rules of Civil Procedure.  *See* Fed. R. Bankr. P. 9016.  Pursuant to Rule 45, a person who is required to produce documents or other tangible things may object to the subpoena before the earlier of the time specified for compliance in the subpoena (which must be a reasonable time) or 14 days after the subpoena is served.  *See* Fed. R. Civ. P. 45(c)(2)(A), (B).  By contrast, the Debtors seek to compel a party to begin producing documents on a rolling basis or file an objection and produce a privilege log, to the extent applicable, within 10 days of service of the subpoena.  *See* Motion at ¶ 19.

12.    The facts of these cases simply do not provide any rationale for deviating from the response time set forth in Rules 2004 and 9016 and to compel a party served with a subpoena to comply with or object to a subpoena sooner than the time set forth in Rules 2004 and 9016. Indeed, depending on what the Debtors request, additional time would be reasonable under the circumstances of these cases.[1]  In response to a subpoena seeking a wide array of

---

[1]    In addition, it would be reasonable here to increase the 15 day period in which a subpoenaed party must appear for a deposition.  *See* Motion at ¶ 19.  The Motion fails to take into account the location of witnesses or their availability.  Requiring witnesses to appear for a deposition within 15 days of service of the subpoena provides unreasonably short notices and possibly prejudices the individual witness whose testimony the Debtors seek.

documents, many of which may not be within the immediate reach of the subpoenaed party, requiring the party to object within 10 days of service of the subpoena unduly prejudices that party's right to meaningfully review the subpoena, identify potentially responsive documents (including which documents have already been produced in connection with a party's proof of claim, supplemental questionnaires, or otherwise) and to formulate a reply.  The Debtors' proposed response time invites parties to immediately object to a subpoena in order to preserve their rights, which does nothing to further the goals of the Rule 2004 examination or judicial economy.  The Debtors have offered no justification to support its request to reduce the time. Accordingly, Optim submits that the provisions of Rules 2004 and 9016 should govern any subpoenas served by the Debtors pursuant to the Motion.

13.    Likewise, the Debtors have provided no justification for the request that subpoenaed parties produce a privilege log within 10 days of service of a subpoena.  Although Rule 45 "does require the recipient of a subpoena to raise all objections at once, rather than in staggered batches," *see United States v. Bryan*, 339 U.S. 323, 331 (1950), it is evident that "the investment of time necessary to review all responsive documents for privileged material ... does not lend itself to the limited fourteen (14) day time period [specified in Rule 45(c)(2)(B)]. ...," *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998).  Thus, a party responding to a subpoena should assert any privileges within the 14 days provided in Rule 45(c)(2)(B), but "a full privilege log may follow 'within a reasonable time,' or if more time is needed an extension may be sought from the trial court."  *Id.*, *citing Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C.Cir. 1996).  This is what is required under Rule 45 and the applicable case law, and the Debtors should not be permitted to cast aside the law -- to the prejudice of the subpoenaed party -- solely to accommodate the Debtors.

14.    Moreover, the Motion seeks to compel parties to include in the privilege log the information required by Rule 7026.  *See* Motion at ¶ 19.  Although the information that a party must provide in a privilege log is identical under Rule 7026 and Rule 9016, Rule 7026 does not provide the same protections to the subpoenaed party as Rule 9016.  Optim submits that the

requirements of Rule 9016 should control here because Rule 2004 expressly incorporates that Rule, and, again, the Debtors have offered no reasonable justification for deviating from Rule 2004.

15.     The Motion also appears to conflict with the discovery provisions included in the Procedures Orders. *See*, *e.g.*, Docket No. 2257 at 6; Docket No. 5207 at 4, 14. The purpose of the Procedures Orders is to create procedures for, *inter alia*, resolving disputes that arise between the Debtors and counterparties to certain derivatives contracts. To the extent a dispute governed by the Procedures Orders has arisen, Optim submits that discovery under Rule 2004 is inappropriate. The majority of courts that have considered the issue have determined that Rule 2004 discovery is improper when the parties are "affected" by a pending proceeding or contested matter in which the Federal Rules of Civil Procedure are applicable. *See In re Enron Corp.*, 281 B.R. 836, 840-41 (Bankr. S.D.N.Y. 2002); *2435 Plainfield Ave., Inc. v. Township of Scotch Plains (In re 2435 Plainfield Ave. Inc.)*, 223 B.R. 440, 455-56 (Bankr. D.N.J. 1998); *Snyder v. Society Bankr*, 181 B.R. 40, 42 (D. S.D. Tex. 1994). Thus, "once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy Procedure 7026 *et seq.*, rather than by a Rule 2004 examination." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D.Del. 2009); *In re 2435 Plainfield Ave. Inc.*, 223 B.R. at 455-56 (collecting cases); *cf. In re Buick,* 174 B.R. 299, 306 (Bankr.D.Col.1994) (recognizing that this limitation does not apply to parties not affected by, and issues not raised in, pending adversary proceedings); *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.),* 127 B.R. 267, 274 (D.Colo.1991). The Procedures Orders each implicate the Federal Rules of Civil Procedure and Federal Rules of Evidence to different degrees.

16.     If the Motion is approved, the Debtors would be permitted to conduct a wide ranging Rule 2004 examination of a counterparty to a derivatives contract notwithstanding the procedures and protections set forth in the Procedures Orders. Any order approving the Motion should not only preclude the Debtors from serving a Rule 2004 subpoena on a party in connection with a derivatives contract that is subject to the Procedures Orders, but should

expressly provide that the Procedures Orders will govern any such disputes.

17.    Finally, the Court should not permit the Debtors to serve a subpoena for documents or other information that were provided by a party in connection with the filing of a proof of claim or completing the supplemental questionnaires.  As the Court is aware, the Bar Date Order, in particular the requirement that creditors whose claims are based on derivatives contracts or guarantees complete supplemental questionnaires, required creditors to provide a substantial amount of information supporting their claims.  This information included, but was not limited to, copies of all documents evidencing the claims and detailed spreadsheets (in native format) supporting the creditor's calculations of the claims and any termination amounts due to or from the creditor under a derivatives contract.  In addition, many parties in these chapter 11 cases have already informally provided information to the Debtors.  Requiring a party to submit the same information that was previously provided to the Debtors in connection with the Bar Date Order or otherwise would be unduly burdensome on the party.  Rather than relying on the Debtors' judgment to determine what information it should and should not seek, the Court should limit the scope of the Rule 2004 examination to documents and information that have not already been produced in connection with the Bar Date Order or otherwise.

18.    Optim submits that, to the extent the Court approves the Motion, the Debtors should be required to adhere to the requirements of Rule 2004 and the applicable case law, and that any such order should be consistent with the Procedures Orders.

WHEREFORE, Optim respectfully requests that the Court deny the Motion and grant it such other and further relief that justice requires.

**[SIGNATURES APPEAR ON NEXT PAGE]**

Dated: November 13, 2009
      New York, New York

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *S. Jason Teele*
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to Optim Energy Marketing and Trading,*
*LLC  (f/k/a Optim Marketing and Trading, LLC)*