Hearing Date and Time: November 18, 2009 at 10:00 a.m.
Objection Date and Time: November 13, 2009 at 4:00 p.m.

NIXON PEABODY LLP
David H. Lee
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
and
Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company Americas*
 *and Deutsche Bank National Trust Company,*
*each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee*
*and in other related fiduciary capacities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., ) | |
| ) | Case No. 08-13555 (JMP) |
| Debtors. ) | |
| ) | Jointly Administered |

**OBJECTION OF DEUTSCHE BANK TRUST
COMPANY AMERICAS AND DEUTSCHE BANK NATIONAL TRUST
COMPANY, EACH AS TRUSTEE AND INDENTURE TRUSTEE, TO DEBTORS'
MOTION, PURSUANT TO BANKRUPTCY RULE 2004, FOR AN ORDER GRANTING
AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS
<u>AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES</u>**

Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company

(the "<u>Indenture Trustees</u>"), each as Trustee, Indenture Trustee, Supplemental Interest Trust

Trustee, and in their other related fiduciary capacities for various trusts and other transactions,

file this objection (this "<u>Objection</u>") to the Debtors' Motion, Pursuant to Bankruptcy Rule 2004,

for an Order Granting Authority to Issue Subpoenas for the Production of Documents and

12777938.7

Authorizing the Examination of Persons and Entities (the "Motion") [Docket No. 5710].[1] In further support of this Objection, the Indenture Trustees state as follows:

## PRELIMINARY STATEMENT

1. The blanket relief sought in the Motion should not be granted, at least against the Indenture Trustees, because: (i) the delegation of this Court's authority to determine what is "appropriate" in the way of discovery sought is too great; (ii) the shortened deadlines for response are inappropriate for the Indenture Trustees in cases as complex as these, particularly where the Indenture Trustees have already provided the Debtors with detailed responses to numerous questions and uploaded thousands of pages of documents in support of the claims that they filed.

## BACKGROUND ON INDENTURE TRUSTEES' ROLES

2. The Indenture Trustees act as trustee, indenture trustee, and supplemental interest trust trustee for complex financial arrangements established for the purpose of issuing debt obligations secured by different types of assets including, but not limited to, residential and commercial mortgage loans, corporate bonds, student loans, residential mortgage-backed securities, commercial mortgage-backed securities, collateralized debt obligations, and other types of securities (such debt obligations collectively referred to as the "Trust Securities").

3. The issuers (the "Issuers"), or the Indenture Trustees on behalf of the Issuers, of the Trust Securities, contemporaneously with the issuance of the Trust Securities or subsequent to such issuances, often entered into derivative contracts (the "Derivative Contracts"), including agreements documented on or pursuant to standardized forms published by the International Swaps and Derivatives Association, Inc., with one or more of the Debtors for the purpose of

---

[1] Capitalized terms used but not defined herein shall have the meanings given to such terms in the Motion.

12777938.7

credit enhancement or for hedging interest-rate, cash-flow timing or other risks associated with the Trust Securities.

4. The Issuers typically pledged to the Indenture Trustee rights under these Derivatives Contracts as security for the obligations of the Issuers under the Trust Securities.

5. Many of the Derivative Contracts were entered into with Lehman Brothers Special Financing Inc. ("LBSF") or Lehman Brothers Derivative Products, Inc. ("LBDP"), and, in turn, Lehman Brothers Holdings Inc. ("LBHI") guaranteed such obligations.

6. The Indenture Trustees have filed proofs of claim including, completing the detailed Derivatives Questionnaire required by this Court's Bar Date Order[2] and uploading thousands of pages of documents in support of such claims. To date, no objection has been filed to these claims.

## OBJECTION

### I. The Relief Requested in the Motion is Overly Broad

7. The Debtors argue that the Motion should be granted because Bankruptcy Rule 2004 "allow[s] considerable leeway for all manner of so-called fishing expeditions." Motion ¶14. However, as the Debtors' themselves have recognized in connection with other 2004 motions in these cases, "while 2004 is undoubtedly broad… it is precisely because of that breadth that courts have recognized the need to impose limits and safeguards to keep the rule

---

[2] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

- 3 -

12777938.7

from being abused."[3]  With the Motion, the Debtors seek to obliterate all safeguards save those that they, themselves, may deem appropriate.

8. A decision to deny or grant requests for discovery under Rule 2004 is subject to the sound discretion of the court.[4]  In the exercise of such discretion, courts have agreed, and the Debtors themselves have recognized, that "[d]espite the breadth of Bankruptcy Rule 2004, 'it must *first* be determined that the examination is proper.'"[5]  More particularly, Rule 2004 discovery must be denied unless the moving party fulfills its burden to prove that "good cause" exists for the requested discovery.[6]  A showing of good cause requires that the movant demonstrate that the "examination sought is necessary to establish the claim of the party seeking examination, or the denial of such request would cause the proposed examiner undue hardship and prejudice."[7]  In addition, even when a movant demonstrates a need for the examination, "if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied."[8]

9. The movant, whether a debtor or a creditor, must provide evidence to enable Courts to apply a balancing test in determining whether a "good cause" showing has been met,

---

[3] Debtors' Memorandum of Law in Opposition to the Motion of Harbinger Funds and Others to Conduct Examinations under Bankruptcy Rule 2004 at 15. [Docket No. 838] (the "Debtors' Memorandum of Law Opposing Rule 2004 Motion") (citing In re Enron Corp., 281 B.R. 836, 840-841 (Bankr. S.D.N.Y. 2002)).

[4] See In re Bd. Of Dir. Hospewell Int'l Ins. Ltd., 258 B.D. 580, 587 (Bankr. S.D.N.Y. 2001).

[5] Debtors' Memorandum of Law Opposing Rule 2004 Motion at 18 (citing In re Express One Int'l 217 B.R. at 217 (quoting In re Eagle-Picher Indus, Inc., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) (emphasis in the original).

[6] See In re Metiom, Inc., 318 B.R. 263, 268 (S.D.N.Y. 2004); In re Express One Int'l, Inc., 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998).

[7] In re Express One Int'l, Inc., 217 B.R. at 217

[8] Id.

- 4 -

12777938.7

considering the "totality of circumstances" and "weighing the relevance of and the necessity of the information sought by the examination."[9]

10. Here, the Motion should be denied because it fails to define the scope, form and nature of the discovery sought. Furthermore, the Debtors have not, and indeed cannot, given the unlimited nature of the relief sought, provide any showing that such discovery is necessary, that the information to be sought could not be obtained without undue hardship in the absence of Rule 2004 discovery, that the benefits of the discovery to the Debtors outweigh the cost and disruption to the examinees, or that the yet-to-be-defined discovery has any nexus with the administration of the Debtor's cases.

## II. The Shortened Response Deadlines Requested in the Motion Are Unreasonable and Unjustified

11. The Motion seeks an Order providing that parties subject to subpoenas: (i) produce documents within ten (10) days, and (ii) respond to Debtors' demands for examination of witnesses within fifteen (15) days.

12. The Indenture Trustees are fiduciaries for trust investors of various trusts. As fiduciaries, the Indenture Trustees may not be in a position to act unilaterally, or may not have all the information requested, in response to discovery requests sought by the Debtors. A ten or fifteen calendar day period is wholly insufficient for the various constituencies of the Indenture Trustees to receive notice and for the Indenture Trustees to obtain direction on a response. In these circumstances, given the complexity of these cases and the claims, the deadlines provided

---

[9] In re Countrywide Home Loans, Inc., 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008); In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

- 5 -

12777938.7

in the Bankruptcy Rules should not be shortened. If anything, given the complexity involved, cause exists for the Court to *extend* the typical response deadlines.

13. The extraordinary proof of claim procedures fashioned by the Bar Date Order were tantamount to a one-sided discovery request. Further Rule 2004 discovery of the Indenture Trustees would be duplicative and burdensome because the Indenture Trustees have already fulfilled the exhaustive requirements of the proof of claim procedures. The Indenture Trustees have expended hundreds of man-hours complying with the procedures, filing dozens of proof of claim forms, completing dozens of web-based questionnaires and uploading thousands of pages of supporting documentation.

14. In short, it is difficult to imagine what more the Debtors could reasonably request from the Indenture Trustees that the Debtors have not already received from the Indenture Trustees via the proof of claim process.

[Remainder of page left blank intentionally]

12777938.7

**CONCLUSION**

WHEREFORE, the Indenture Trustees request that the Court (i) deny the Motion, and (ii) grant such other and further relief as this Court deems necessary and appropriate.

Dated: New York, New York
November 13, 2009

Respectfully Submitted,

By: */s/ David H. Lee*
David H. Lee
NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

and

Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company Americas, and Deutsche Bank National Trust Company, each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee and in other related fiduciary roles*

12777938.7