Hearing Date and Time: November 18, 2009 at 10:00 a.m.
Objection Date and Time: November 13, 2009 at 4:00 p.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
Telephone: (212) 655-6000
Craig M. Price

Attorneys for U.S. Bank National Association, as Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | CASE NO. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE TO THE DEBTORS' MOTION, PURSUANT TO BANKRUPTCY RULE 2004, FOR AN ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

     NOW COMES U.S. Bank National Association, not individually but as Trustee under a

variety of trusts ("*U.S. Bank*" or the "*Trustee*"), by and through its counsel, Chapman and

Cutler LLP, and for its Objection to Debtors' Motion, Pursuant to Bankruptcy Rule 2004, for an Order Granting Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities (the "*Motion*" and U.S. Bank's objection thereto, the "*Objection*"), respectfully states as follows:

## SUMMARY

1.  U.S. Bank serves as Trustee for over 800 transactions with the Debtors involving various securitization transactions, derivatives, and other complex transactions affecting thousands of holders of beneficial interests in these transactions. The procedures proposed by the Debtors provide affected parties with as little as 10 days to comply with subpoenas, as well as to review potentially numerous documents and prepare privilege logs. Often, these transactions are highly sophisticated financial transactions involving a large number of parties. U.S. Bank relies upon directions, instructions, indemnities and funding from the beneficial holders in these transactions. The proposed procedures do not provide sufficient time for compliance, or provide enough time for the Trustee to attempt to reach beneficiaries in an effort to provide any meaningful response. As the ultimate source of the information requested may, in many cases, be the relevant beneficial holders, the proposed procedures should not apply to the Trustee or at least be amended to permit additional time to comply. Further, to the extent information being sought from the Trustee relates to issuers, borrowers or information with respect to holders, the Trustee may be required, under applicable law, to provide formal notice to the entities of the receipt of the subpoena to enable these parties to file objections of their own.

2.  U.S. Bank has been working with the Debtors to resolve issues in these matters and it believes this process has generally worked well. It is the expectation of U.S. Bank that this dialogue and cooperation will continue. U.S. Bank does not object to providing the Debtors with any information required by law, provided that it has adequate time to contact the affected

beneficial holders and to coordinate a response to the relevant Rule 2004 request. As such, U.S. Bank does not believe that it is appropriate to subject the Trustee to these expedited procedures. Therefore, given the consensual process which the Trustee and Debtors have been using to date, and the lack of adequate time to comply in the draft order, the Trustee believes that it should be excluded from the proposed procedures, or that a longer period of thirty (30) days be provided for responses.[1]

### ARGUMENT

3. By the filing of this Objection, U.S. Bank by no means intends to signal that it is unwilling to work with the Debtors to achieve an acceptable mechanism to resolve discovery-related disputes. In fact, it has already been working with the Debtors on a number of resolutions of certain issues in this case. U.S. Bank, however, believes that the proposed procedures are not appropriate for large public or complex structured finance transactions, and do not provide adequate procedural safeguards for the interests of the Trustee, the beneficial holders it represents and other persons or entities the Trustee may owe a statutory duty to provide notice of the receipt of a subpoena. For example, in many cases, there are persons with interests beyond the nominal counterparties (*e.g.*, derivative contracts) whose interests may be affected by the proposed procedures and whose participation will be necessary for the Trustee to comply with a given subpoena. Also, in other cases, the terms or nature of the public debt or structured finance transaction limit or preclude the ability of the Trustee or investors to protect their interests within the timelines provided by the proposed procedures. U.S. Bank suggests that the Debtors work with U.S. Bank and other trustees to identify areas where further discovery is appropriate on a mutually agreeable timetable, and only seek relief under Rule 2004 when an

---

[1] Moreover, the Trustee believes that if the Court deems it appropriate to permit 2004 discovery to be initiated without leave of court, any "streamlined" subpoena procedures should be mutual so that parties in interest can also serve 2004 discovery on the Debtors as well.

agreement cannot be reached. Where an agreement can't be reached, the Trustee requests that it be granted thirty (30) days to provide a response. In summary, the proposed procedures are inappropriate for the unique role of the Trustee in these proceedings.

4. In deciding whether to grant a 2004 discovery request, each situation should be examined individually on its own merits, and the interest of all parties should be considered. *In re Drexel Burnham Lambert Group*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (permitting limited examination, but noting "Rule 2004 requires that we balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination").

5. A party seeking examination under Rule 2004 must first show that the specific examination is proper under the circumstances. FED.R.BANKR.P. 2004(a); *see also In re GHR Energy Corp.*, 35 B.R. 534, 537-38 (Bankr. D. Mass. 1983) (noting broad scope of allowable discovery under Fed.R.Bankr.P. 2004, but holding that "it must *first* be determined that examination is proper") (emphasis in original). Here, the Debtors improperly attempt to circumvent the protections afforded to targets of Rule 2004 requests by removing this important determination from this Court's scrutiny.

6. Moreover, before obtaining discovery under Rule 2004, a party must make a showing that it has "good cause" to do so. *See In re Wilcher*, 56 B.R. 428, 434-35 (Bankr. N.D. Ill. 1985). The "good cause" standard requires a showing of "some reasonable basis to examine the material . . . [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice." *In re Grabill Corp.*, 109 B.R. 329, 334 (N.D. Ill. 1989)(*quoting Wilcher*, 56 B.R. 434-35). This is especially true where a party seeks to examine a non-debtor entity. *See Wilcher*, 56 B.R. at 433-34 ("[T]he main function of the examiner is to uncover defalcations involving the debtor and his management of the estate. The examination of third parties is at best ancillary to that main purpose") (internal

citations omitted) (holding that examination may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs). While the Trustee recognizes that there may be cause to initiate Rule 2004 discovery under certain circumstances in this matter, there is no exemption for "complex" cases in Rule 2004. Parties, such as the Trustee, should not be forced to surrender important procedural safeguards afforded by the Federal Rules of Bankruptcy Procedure based on the perceived administrative inconvenience of the Debtors.

7. In analyzing whether the motion requirement can be overlooked, courts have noted that "[a]lthough a subpoena issued by the clerk under seal is sufficient to compel the attendance of witnesses under Rule 2004, it must be preceded by an order of court allowing the Rule 2004 Examination to commence." *In re Hickman*, 151 B.R. 125, 127 (Bankr. N.D. Ohio 1993). Pre-approving the Debtors to issue subpoenas without specific prior order of this Court would read out of Rule 2004(a) the requirement that the moving party file a motion. Given the broad scope of discovery under Rule 2004 and the potential for abuse, Congress specifically drafted the rule to include Court oversight to protect targets of Rule 2004 discovery. *See In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) (courts will typically reject Rule 2004 requests that are more disruptive and costly to the examinee than beneficial to the movant); *Drexel Burnham Lambert Group*, 123 B.R. at 712 (noting that "[t]he burden of showing good cause is an affirmative one in that it is not satisfied merely by a showing that justice would not be impeded by production of the documents"). This Court should not remove this important threshold protection.

8. The Trustee is also concerned about the potentially significant cost of compliance with subpoenas issued by the Debtors. While the Motion provides some limited procedures for objecting to the subpoena, this process effectively shifts the burden from the Debtors to show "good cause" to the Trustee in resisting the subpoena. This is contrary to the mandates of Rule

2004, and inappropriate with respect to the Trustee, who could be subjected to hundreds of subpoenas under the proposed process. To the extent that the Court believes the proposed procedures are appropriate for the creditor body generally, the unique situation of the Trustee in this case warrants an exemption from these procedures, or at least a longer period of time within which to object or comply.

WHEREFORE U.S. Bank National Association, as Trustee respectfully requests that this Court deny the relief requested in the Motion and grant such other relief as the court deems appropriate.

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION, not individually but as Trustee

By: _____/s/ Ann Acker_____
One of Its Attorneys

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3000

Craig M. Price
CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York  10017-5010
(212) 655-6000