UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re ~~:~~                                                    :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                               :
Debtors.                                                  :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

ORDER GRANTING LBSF'S MOTION FOR AUTHORIZATION, PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, TO ASSUME, ASSIGN AND SELL AN INTEREST RATE SWAP AGREEMENT WITH STRUCTURED ASSET RECEIVABLE TRUST SERIES 2005-1

Upon the motion, dated October 28, 2009 (the "*Motion*"), of Lehman Brothers Special Financing Inc. (~~the~~ "*LBSF*"), as debtor in possession (collectively with Lehman Brothers Holdings Inc. ("*LBHI*") and its affiliated debtors in the above-referenced chapter 11 cases, the "*Debtors*" and, together with their non-debtor affiliates, "*Lehman*"), pursuant to sections 363 and 365 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), for authorization to assume, assign and sell its interest in an interest rate swap ~~master agreement~~ transaction with Structured Asset Receivable Trust Series 2005-1 (formerly known as HDK Purchaser Trust) ("*START Trust*") to Goldman Sachs Bank USA or, at ~~its~~ Goldman Sachs Bank USA's option, to its affiliate Goldman Sachs Mitsui Marine Derivative Products, L.P. (in either case, ~~"*Goldman*"~~ the "*Goldman Entity*"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

774129.01.15.doc

1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases, (vii) START Trust, and (viii) the Goldman Entity, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 363(b)(1), 363(f) and 365(f) of the Bankruptcy Code, LBSF is hereby authorized to assume, assign, and sell its interest in the Agreement[1] to Goldman substantially on the terms and conditions identified in the Motion and the Goldman Entity shall be START Trust's counterparty to the Agreement from and after the consummation and effectiveness of the Proposed Transaction; and it is further

ORDERED that upon assumption of the Agreement, LBSF shall promptly cure (a) the existing payment default of $127,041.06 (the "*Cure Payment*") under the Agreement by allowing START Trust to deduct the Cure Payment from missed payments due to LBSF as provided hereinafter; *provided, however, that with respect to LBSF, LBHI or any of their affiliates, any*

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

~~defaults that may arise because of a condition of the kind specified in section 365(e)(1) of the Bankruptcy Code ("*Ipso Facto* Defaults") are not enforceable and are hereby deemed to be~~ and (b) the existing default of LBSF as Calculation Agent to provide appropriate notices under the relevant ISDA Master Agreement, Schedule to the Master Agreement and the relevant Confirmation by providing appropriate notices of the amounts due under the interest rate swap agreement to the START Trust; (c) its obligation to pay the fees and expenses of the Trustee in connection with the enforcement and preservation of the Trust's interest in the Agreement, and (d) that existing defaults relating to the insolvency proceedings of LBHI as Credit Support Provider and LBSF as a counterparty shall be deemed cured by virtue of the assumption of the interest rate swap transaction by the Goldman Entity; and it is further

ORDERED that upon the assignment of the Agreement, START Trust is forever barred, estopped, and permanently enjoined from (i) asserting against ~~LBSF or~~the Goldman Entity, or the property ~~of either of them~~the Goldman Entity, any default existing as of the assignment of the Agreement, or against the Goldman Entity, any counterclaim, defense, setoff or any other interest asserted or assertable against ~~the Debtors; and (ii) imposing or charging against Goldman or its affiliates any accelerations, assignment fees, increases or any other fees as a result of the Debtor's assumption and assignments to Goldman of the Agreement~~LBSF; ; and it is further

ORDERED that upon ~~assumption, but immediately prior to the assignment of the Agreement, START Trust shall perform its obligations to make payments to LBSF under the Agreement, without regard to any alleged existing defaults or *Ipso Facto* Defaults, including, but not limited to, making all payments that were owed to LBSF~~receipt of appropriate notices from LBSF with respect to the amounts due from either counterparty on the respective Payment Dates under the Agreement on October 21, 2008, January 21, 2009, April 21, 2009, July 21, 2009 and October 21, 2009 ~~less the Cure Payment, for a total payment of $5,084,229.91 plus interest as provided in~~(collectively the "*Notices*") START Trust shall pay to LBSF under the Agreement

within the later of five business days of (a) the date this Order is entered (b) the date the Transaction is closed, or (c) the date it is in actual receipt of the Notices, $5,084,229.91 or such lesser amount in the aggregate as is reflected in the Notices, without regard to any alleged existing defaults; and it is further

ORDERED, as adequate assurance of future performance, in the event the Goldman Entity initially fails to obtain the rating required by the Ratings Agencies, Goldman Sachs Group Inc. shall guarantee the obligations of the Goldman Entity under the Agreement; and it is further

ORDERED that nothing herein shall constitute an assumption of any obligations by LBHI; and it is further

ORDERED that, upon the assumption and assignment of the Agreement, LBSF shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, of all further obligations under the Agreement; and it is further

ORDERED that upon the assignment of the Agreement, ~~no default shall exist~~the current defaults of LBSF and LBHI under the Agreement ~~and~~shall be deemed cured and the Agreement may be assigned to the Goldman Entity notwithstanding any provision in the Agreement that purports to prohibit or condition the assignment of the Agreement or allows START Trust to terminate, recapture, impose any penalty or condition on renewal or extension, or modify any term or condition upon such assignment, ~~constitutes an unenforceable anti-assignment provision that is void and of no force and effect~~; and it is further

ORDERED that the Goldman Entity is a good-faith purchaser of LBSF's interest in the Agreement and shall be entitled to all of the benefits and protections afforded in section 363(m) of the Bankruptcy Code; and it is further

ORDERED that pursuant to section 363(f) of the Bankruptcy Code, the Goldman Entity shall take title to and possession of LBSF's interest in the Agreement free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever; and it is further

ORDERED that the consideration provided by the Goldman Entity for LBSF's interest in the Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code; and it is further

ORDERED that ~~the requirements of Bankruptcy Rule 6006(d) are hereby waived and this Order shall be effective immediately upon its entry; and it is furtherORDERED that~~ notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: November __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Professional on Friday, November 13, 2009 9:10:27 AM

| Input: | |
|---|---|
| Document 1 ID | C:/DV/everest/2717192_01_01_6636.doc |
| Description | C:/DV/everest/2717192_01_01_6636.doc |
| Document 2 ID | C:/DV/everest/2717192_01_02_6636.doc |
| Description | C:/DV/everest/2717192_01_02_6636.doc |
| Rendering set | Standard_Strike_Through |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| **No.** | **Change** | **Text** |
| 1 | Change | "In re :                         :" changed to "In re                                                    ." |
| 2 | Change | "Brothers Special...as debtor in possession" changed to "Brothers Special...as debtor in possession" |
| 3-4 | Change | "interest in an interest...Asset Receivable" changed to "interest in an interest...Asset Receivable" |
| 5-6 | Change | "to Goldman Sachs Bank USA...to its affiliate Goldman" changed to "to Goldman Sachs Bank USA...to its affiliate Goldman" |

| | | |
|---|---|---|
| 7-8 | Change | "Products, L.P. (in either...more fully described in" changed to "Products, L.P. (in either...more fully described in" |
| 9 | Change | "cases, (vii) START Trust, and (viii) Goldman" changed to "cases, (vii) START Trust, and (viii) the Goldman" |
| 10 | Change | "Goldman, and it appearing that no other" changed to "Goldman Entity, and it appearing that no other" |
| 11 | Deletion | sell its interest in the Agreement[11] |
| 12 | Change | "conditions identified in the Motion and Goldman" changed to "conditions identified in...Motion and the Goldman" |
| 13 | Change | "Goldman shall be START Trust" changed to "Goldman Entity shall be START Trust" |
| 14 | Change | "Agreement, LBSF shall...payment default of" changed to "Agreement, LBSF shall...payment default of" |
| 15-16 | Change | "to LBSF as provided...deemed to be cured" changed to "to LBSF as provided...shall be deemed cured" |
| 17 | Change | "cured; and it is further" changed to "cured by virtue of the...and it is further" |
| 18-19 | Change | "enjoined from (i)...against LBSF or Goldman" changed to "enjoined from (i) asserting against the Goldman" |
| 20 | Change | "Goldman, or the property" changed to "Goldman Entity, or the property" |
| 21-22 | Change | ", or the property of...existing as of the" changed to ", or the property the...existing as of the" |
| 23 | Change | "assignment of the Agreement, or against Goldman" changed to "assignment of the...or against the Goldman" |
| 24 | Change | "Goldman, any counterclaim, defense, setoff" changed to "Goldman Entity, any |

|  |  | counterclaim, defense, setoff" |
|---|---|---|
| 25-26 | Change | "asserted or assertable...and it is further" changed to "asserted or assertable...; and it is further" |
| 27-28 | Change | "ORDERED that upon...on October 21, 2008," changed to "ORDERED that upon receipt...on October 21, 2008," |
| 29 | Change | "on October 21, 2008,...2009, July 21, 2009 and" changed to "on October 21, 2008,...2009, July 21, 2009 and" |
| 30-31 | Change | "July 21, 2009 and October...interest as provided in" changed to "July 21, 2009 and October...and it is further" |
| 32 | Change | "the Agreement; and it is further" changed to "ORDERED, as adequate...and it is further" |
| 33-34 | Change | "the assignment of the...under the Agreement" changed to "the assignment of the...LBHI under the Agreement" |
| 35-36 | Change | "under the Agreement and...in the Agreement" changed to "under the Agreement shall...in the Agreement" |
| 37 | Change | "condition upon such...and it is further" changed to "condition upon such...and it is further" |
| 38 | Change | "ORDERED that Goldman" changed to "ORDERED that the Goldman" |
| 39 | Change | "Goldman is a good-faith purchaser of LBSF" changed to "Goldman Entity is a good-faith purchaser of LBSF" |
| 40 | Change | "363(f) of the Bankruptcy Code, Goldman" changed to "363(f) of the Bankruptcy Code, the Goldman" |
| 41 | Change | "Goldman shall take title to and possession" changed to "Goldman Entity shall take title to and possession" |
| 42 | Change | "that the consideration provided by Goldman" |

|   |   |   |
|---|---|---|
|   |   | changed to "that the consideration provided by the Goldman" |
| 43 | Change | "Goldman for LBSF" changed to "Goldman Entity for LBSF" |
| 44 | Deletion | ORDERED that the...entry; and it is further |
| 45 | Change | "ORDERED that notice of the Motion as provided" changed to "notice of the Motion as provided" |

| **Statistics:** |   |
|---|---|
|   | Count |
| Insertions | 28 |
| Deletions | 17 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 45 |