HEARING DATE: NOVEMBER 18, 2009 AT 10:00 A.M.

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Susheel Kirpalani
James C. Tecce

*Special Counsel to Official*
*Committee Of Unsecured Creditors of*
*Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 Cases |
| | : | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

------------------------------------------------------------------------x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
LEHMAN BROTHERS HOLDINGS INC., ET AL. IN DEBTORS' OBJECTION
TO MOTION OF PACIFIC LIFE INSURANCE COMPANY TO PERMIT
IT TO FILE A LATE PROOF OF CLAIM PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9006(B)(1)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession (collectively the "Debtors"), hereby joins in the Debtors' Objection (Docket No. 5773, the "Debtors' Objection") to the Motion of Pacific Life Insurance Company ("PacLife") to Permit it to File a Late Proof of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) (Docket No. 5599, the "PacLife Motion") and, in support thereof, respectfully state as follows:

**BACKGROUND**

1.  PacLife seeks authority to submit a late-filed claim against LBHI totaling approximately $45.3 million on account of an alleged LBHI guaranty relating to its 1997 ISDA Master Agreement with Lehman Brothers International (Europe) ("LBIE").  PacLife maintains it missed the filing deadline because two of its employees monitoring the Lehman cases became confused about which of the two would file the claim on PacLife's behalf.[1]

**COMMITTEE JOINDER**

2.  The Debtors object to the PacLife Motion, arguing, among other things, (a) PacLife received sufficient notice (having received notice at least 71 days before the bar date), (b) PacLife neither disputes it received the bar date notice timely nor asserts it did not understand the notice and filing procedures, and (c) PacLife cannot satisfy "excusable neglect" standards becase the mistakes that prevented PacLife from complying with the applicable deadline were entirely within its control.  The Committee agrees.  Indeed, PacLife concedes its failure to timely file a proof of claim resulted from its own mistake.  To that end, PacLife cannot satisfy the stringent excusable neglect standards or otherwise justify compromising the bar date's integrity.  See, e.g., In re Enron Corp., 419 F.3d 115, 122-24 (2d Cir. 2005) ("We have taken a hard line in applying the Pioneer test …. [In] the typical case, three of the Pioneer factors -- the length of the delay, the danger of prejudice, and the movant's good faith -- usually weigh in favor of the party seeking the extension …. [W]e and other circuits have focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant ….") (internal quotations and citations omitted).  Accordingly, the Committee (a) opposes the

---

[1] See Pacific Life Mot. at 2 ("Claimant's employee entrusted with attending to the U.S. based Lehman Entities assumed that, because the Agreement was a primary obligation of LBIE, the accompanying proof of claim against LBHI would be handled by the Claimant's employee entrusted with attending to foreign based entities;" "the employee entrusted with attending to foreign based Lehman Entities believed that the employee entrusted with attending to the U.S. based Lehman Entities  was undertaking the work relating to the [LBHI] Guarantee").

PacLife Motion, (b) agrees with the arguments and assertions set forth in the Debtors' Objection, (c) hereby joins in the Debtors' Objection, and (d) reserves all rights to be heard before this Court with respect to the PacLife Motion and the Debtors' Objection.

Dated:    November 13, 2009
              New York, New York

**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**

By: /s/ James C. Tecce
      Susheel Kirpalani
      James Tecce

51 Madison Avenue
New York, NY 10010
Telephone No.: (212)849-7000
Facsimile No.: (212)849-7100

*Special Counsel to Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc., et al.*

3