Hearing Date: November 18, 2009 at 10:00 a.m.

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
:
In re:                                                                                      :      Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al.,      :      08-13555 (JMP)
:
Debtors.                                                                :      (Jointly Administered)
:
------------------------------------------------------------------ X

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF MOTION OF THE DEBTORS
PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9019(a) FOR THE ESTABLISHMENT
OF PROCEDURES TO (I) RESTRUCTURE, (II) MAKE NEW OR
ADDITIONAL DEBT OR EQUITY INVESTMENTS IN, AND/OR (III)
ENTER INTO SETTLEMENTS AND COMPROMISES IN CONNECTION
WITH EXISTING REAL ESTATE INVESTMENTS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in

the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated chapter 11

debtors, as debtors in possession (collectively, the "Debtors"), hereby files this statement (the

"Statement") in support of the Debtors' motion, dated October 28, 2009 [Docket No. 5653] (the

"Motion"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11

U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 9019 of the Federal Rules of

Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), to establish procedures (the "Real

Estate Protocol") to (I) restructure, (II) make new or additional debt or equity investments in, and/or (III) enter into settlements and compromises in connection with existing real estate investments (collectively, "Real Estate Loan Transactions").  In support of the Motion, the Committee respectfully states as follows:

### STATEMENT

1.  The Committee supports the relief requested in the motion because the proposed Real Estate Protocol will maximize recovery to the Debtors' estates for the benefit of unsecured creditors.  In advance of the filing of the Motion, the Committee and its advisors extensively reviewed the terms of the proposed Real Estate Protocol and worked cooperatively with the Debtors to address the Committee's concerns.  In the Committee's view, the proposed Real Estate Protocol strikes a reasonable balance between the need for oversight of the Debtors' business operations and the need for the Debtors to carry on such operations without incurring excessive chapter 11-related transactional costs.

2.  In point of fact, the Real Estate Protocol reflects, in large measure, existing practice among the Committee, the Debtors, and their respective advisors.  The Committee, acting through its Real Estate Subcommittee, has long worked with the Debtors to evaluate all material Real Estate Loan Transactions undertaken by the Debtors.  The Committee's financial and legal advisors meet with their Debtor counterparts on a weekly basis, conduct extensive diligence on the deal information provided, and thereafter meet with the Real Estate Subcommittee, also generally on a weekly basis, to present their findings for the Real Estate Subcommittee's consideration.  Many of the Real Estate Loan Transactions undertaken by the Debtors since the Petition Date have been improved upon as a result of this interaction with the Committee and its advisors, and no material transaction has been consummated without the Committee's scrutiny.

3. The Real Estate Protocol seeks to formalize this course of dealing. It sets thresholds for notice to the Committee, Committee approval, and Bankruptcy Court approval, based upon existing investment value, new money requirements, and other relevant circumstances and ensures, thereby, that the Court, the Committee, and (by virtue of the Real Estate Protocol's periodic reporting requirements) other parties in interest will be able to fully evaluate the Debtors' real-estate related activities. In so doing, the Committee believes, the proposed Real Estate Protocol adequately provides for oversight of the more significant Real Estate Loan Transactions while enabling the Debtors to exercise their business judgment with respect to smaller transactions in situations where expedience is required to maximize the value of the Debtors' real estate investments.

## CONCLUSION

For all the foregoing reasons, the Committee respectfully requests that the Court grant (i) the relief requested in the Motion and (ii) such other relief as is just.

Dated: New York, New York
November 13, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: __/s/ Dennis F. Dunne__
Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck

1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.