Michael F. Murphy (P29213)
Jennifer M. Jackson (P67126)
Assistant Attorneys General, State of Michigan
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI  48909
Telephone:  (517) 373-1162
Facsimile:  (517) 373-2060

Counsel for Michigan State Housing Development Authority

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| MICHIGAN STATE HOUSING DEVELOPMENT AUTHORITY, a public body corporate, | |
| Plaintiff, | Adversary No. 09-_____ |
| v. | |
| LEHMAN BROTHERS DERIVATIVE PRODUCTS INC., LEHMAN BROTHERS SPECIAL FINANCING INC., and LEHMAN BROTHERS HOLDINGS INC., | |
| Defendants. | |

**ADVERSARY COMPLAINT**

Plaintiff Michigan State Housing Development Authority, by its counsel, Michael A. Cox, Attorney General of the State of Michigan, and Michael F. Murphy and Jennifer M. Jackson, Assistant Attorneys General for the State of Michigan, allege as follows:

1

## INTRODUCTION

1. Michigan State Housing Development Authority (MSHDA) brings this action under Michigan law seeking the return of approximately $2,390,915.82 in funds wrongfully retained by Defendant Lehman Brothers Derivative Products, Inc. (LBDP).

2. MSHDA and LBDP entered into an ISDA Master Agreement on May 10, 2000. On September 16, 2008, LBDP assigned its rights, duties, and obligations under the Master Agreement to its affiliate, Lehman Brothers Special Financing Inc. (LBSF).

3. On or about November 28, 2008, LBDP sent MSHDA's bond trustee, US Bank (USB), debt service invoices relative to the Master Agreement. Even though MSHDA did not owe a payment, USB transferred $2,390,915.82 of MSHDA's funds to LBDP on or about December 1, 2008. This transfer of funds was in error.

4. MSHDA has demanded that either LBDP or LBSF return its funds, but both entities have refused. Neither LBDP nor LBSF has any right – legal or equitable – to retain MSHDA's $2,390,915.82 in funds because of a bond trustee's error.

## PARTIES

5. MSHDA was created by the legislature of the State of Michigan under Public Act 346 of 1966 and is codified at Michigan Compiled Laws (MCL) §125.1401 *et seq*. MSHDA's central office is located at 735 E. Michigan Avenue, P.O. Box 30044, Lansing, Michigan 48909.

6. Defendant Lehman Brothers Derivative Products Inc. (LBDP) is a corporation organized and incorporated under the laws of Delaware. LBDP is registered to do business in the State of New York and has its principal place of business address at 745 Seventh Avenue, New York, New York 10019.

7. On October 5, 2008, LBDP filed a voluntary petition under Chapter 11 of the

2

Bankruptcy Code and since that date has operated its business and managed its properties as a debtor in possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.

8. Defendant Lehman Brothers Special Financing Inc. (LBSF) is an affiliate of LBDP and a corporation organized and incorporated under the laws of Delaware. LBSF is registered to do business in the State of New York and has its principal place of business address at 745 Seventh Avenue, New York, New York 10019.

9. On October 3, 2008, LBSF filed a voluntary petition under Chapter 11 of the Bankruptcy Code and since that date has operated its business and managed its properties as a debtor in possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.

10. Lehman Brothers Holding Inc. (LBHI) is a corporation organized and incorporated under the laws of Delaware. LBHI is registered to do business in the State of New York and has its principal place of business address at 745 Seventh Avenue, New York, New York 10019.

11. On September 15, 2008, LBHI filed a voluntary petition under Chapter 11 of the Bankruptcy Code and since that date has operated its business and managed its properties as a debtor in possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.

12. The Chapter 11 cases of LBDP and LBSF have been consolidated with the Chapter 11 case of LBHI. The cases are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

13. LBHI is a separate and distinct entity from LBDP and LBSF. Upon information and belief, LBHI is the indirect parent of LBDP and an affiliate of LBSF.

**JURISDICTION AND VENUE**

14. This is a civil proceeding arising in a case under the Bankruptcy Code, §11 U.S.C.

101 *et seq.*, within the meaning of 28 U.S.C. §1334.  It is properly brought as an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001.

15. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1334.

16. This is a core proceeding pursuant to 28 U.S.C. §157(b).

17. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

18. The relief sought by MSHDA is not subject to the automatic stay provided for in 11 U.S.C. §362 because MSHDA's claim arose post-petition, and also because the $2,390,915.82 at issue is not property of the bankruptcy estate under 11 U.S.C. §541.

## COMMON ALLEGATIONS

19. MSHDA works with private and public entities to provide financial assistance for the creation and preservation of safe and affordable housing for Michigan's citizens.  MSHDA's loans and operating expenses are financed through the sale of tax-exempt and taxable bonds and notes to private investors.  Proceeds of the bonds and notes are loaned at below-market interest rates to developers of rental housing and are used to fund home mortgages and home improvement loans.  MSHDA also administers various federal housing programs.

20. MSHDA issues variable rate demand obligations (VRDOs) to finance housing activities.  When MSHDA issues VRDOs, it enters into interest rate swap agreements to offset the risk of the floating interest rates associated with the VRDOs.

21. On or about May 10, 2000, MSHDA and LBDP entered into an ISDA Master Agreement (the Master Agreement).  The Master Agreement is annexed as **Exhibit A**.

22. On September 16, 2008, LBDP assigned its Master Agreement with MSHDA to its affiliate, LBSF.  The Assignment and Amendment Agreement is annexed as **Exhibit B**.

23. LBSF assumed all the rights, duties, and obligations of LBDP under the Master

4

Agreement via the Assignment and Amendment Agreement.

24. At all times relevant to this litigation, MSHDA engaged USB as its bond trustee.

25. On or about November 28, 2008, LBDP sent USB debt service invoices representing that MSHDA owed a payment. The invoices are annexed as **Exhibit C**.

26. Contrary to those invoices issued by LBDP, MSHDA did not owe a payment to LBDP.

27. On December 1, 2008 (post-petition), USB transferred $2,390,915.82 of MSHDA's funds to LBDP. Proof of the wire transfers is annexed as **Exhibit D**.

28. MSHDA did not owe LBDP the $2,390,915.82 in funds transferred.

29. LBDP did not take the funds in good faith and for value.

30. MSHDA has demanded LBDP return its funds, but LBDP has failed to do so. A written Notice of Demand for Repayment is attached as **Exhibit E**.

31. LBDP has no legal or equitable right or interest in the $2,390,915.82 in funds and has wrongfully withheld the property from MSHDA.

32. Although USB transferred MSHDA's funds to LBDP, MSHDA has named LBSF and LBHI as defendants due to lack of knowledge as to which entity now controls the funds. Each count below is directed to all three named defendants.

## COUNT I
## COMMON LAW AND STATUTORY CONVERSION

33. MSHDA repeats and incorporates by reference each and every preceding allegation.

34. LBDP is in possession, custody, or control of MSHDA's $2,390,915.82 in funds.

35. LBDP does not have a legal or equitable right or interest in the funds transferred.

36. LBDP has obtained through conversion approximately $2,390,915.82 in funds by

5

wrongfully exerting dominion over MSHDA's property.

37.  LBDP's unauthorized and illegal retention of $2,390,915.82 in MSHDA funds amounts to statutory conversion in violation of MCL §600.2919a and entitles MSHDA to treble damages.

**WHEREFORE**, MSHDA seeks the return of its $2,390,915.82 in funds plus $4,781,831.64 as treble damages for statutory conversion, interest, costs, and attorney fees and for such other and further relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

38.  MSHDA repeats and incorporates by reference each and every preceding allegation.

39.  LBDP is in possession, custody, or control of MSHDA's $2,390,915.82 in funds.

40.  LBDP does not have a legal or equitable right or interest in the funds and has received a $2,390,915.82 windfall from MSHDA.

41.  LBDP has been unjustly enriched in the amount of $2,390,915.82.  In equity and good conscience, the funds should be returned to MSHDA.

**WHEREFORE**, MSHDA seeks the return of its $2,390,915.82 in funds plus interest, costs, and attorney fees and for such other and further relief as this Court deems just and proper.

## COUNT III
## CONSTRUCTIVE TRUST

42.  MSHDA repeats and incorporates by reference each and every preceding allegation.

43.  LBDP does not have a legal or equitable right or interest in the funds transferred.

44.  LBDP would be unjustly enriched if it was permitted to retain MSHDA's

6

$2,390,915.82 in funds.

45. MSHDA has been wrongfully deprived of its rights due to LBDP's failure to return the funds.

**WHEREFORE**, MSHDA requests that the Court impose a constructive trust in favor of MSHDA for the $2,390,915.82 in funds in the possession of LBDP plus interest, costs, and attorney fees and for such other and further relief as this Court deems just and proper.

## COUNT IV
## DECLARATORY JUDGMENT

46. MSHDA repeats and incorporates by reference each and every preceding allegation.

47. A substantial and actual controversy exists between MSHDA and LBDP regarding the subject matter of this action.

48. MSHDA owns all rights, title, and interest in and entitlement to the $2,390,915.82 in funds and LBDP has no right, title, or interest in or entitlement to the funds.

49. LBDP has refused to deliver the funds to MSHDA.

50. By refusing to comply with MSHDA's demand to return its funds, LBDP has created an actual, justiciable controversy between MSHDA and LBDP, which may be heard by this Court pursuant to 28 U.S.C. §2201.

**WHEREFORE**, MSHDA requests that the Court issue an order providing (i) that the $2,390,915.82 in funds is the property of MSHDA; (ii) that MSHDA is entitled to immediate access to and possession of the funds; (iii) and that LBDP is obligated to immediately deliver the funds to MSHDA plus interest, costs, and attorney fees, and for such other and further relief as may be necessary to enforce MSHDA's rights and as this Court deems just and proper.

## COUNT V
## RELIEF FROM STAY

51. MSHDA repeats and incorporates by reference each and every preceding allegation.

52. The relief sought in this Complaint is not subject to the automatic stay provided for in 11 U.S.C. §362 because the debt was incurred post-petition, and also because the $2,390,915.82 is not property of the bankruptcy estate under 11 U.S.C. §541.

53. Nonetheless, out of an abundance of caution, MSHDA seeks relief from the stay to the extent necessary to pursue the relief requested in this Complaint.

54. For the reasons stated in this Complaint, cause exists for relief from the stay to the extent such relief is required.

**WHEREFORE**, MSHDA seeks the return of its $2,390,915.82 in funds plus interest, costs, and attorney fees and for relief from the stay to the extent such relief is required and as this Court deems just and proper.

The undersigned verifies that this Complaint is true and accurate to the best of their belief and reserve the right to supplement or amend this Complaint.

Dated: November 16, 2009

Respectfully submitted,

Michael A. Cox
Attorney General, State of Michigan

By: /s/ Jennifer M. Jackson
Jennifer M. Jackson (P67126)
Michael F. Murphy (P29213)
Assistant Attorneys General
State Operations Division
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-1162

2008-3041652-A/Adversary Complaint