Execution Copy

## ASSIGNMENT AND AMENDMENT AGREEMENT

This Assignment and Amendment Agreement is entered into as of September 16, 2008 (the "Assignment Agreement") among LEHMAN BROTHERS DERIVATIVE PRODUCTS INC., a Delaware corporation ("LBDP"), LEHMAN BROTHERS SPECIAL FINANCING INC., a Delaware corporation ("LBSF") and MICHIGAN STATE HOUSING DEVELOPMENT AUTHORITY, a public body corporate and politic organized under the laws of the State of Michigan (the "Counterparty"). Capitalized terms used but not defined herein shall have the meanings given in the Agreement (as defined below).

### W I T N E S S E T H

WHEREAS, LBDP and the Counterparty have entered into an ISDA Master Agreement dated as of May 10, 2000 including a Schedule to the Master Agreement dated as of May 10, 2000 (collectively, the "Agreement"); and

WHEREAS, LBDP and Counterparty have entered into the Confirmations listed on the attached Schedule A hereof (each a "Confirmation" and collectively, the "Confirmations"); and

WHEREAS, under the terms of the Agreement, the bankruptcy of Lehman Brothers Holdings Inc. ("LBH") constitutes a Trigger Event, which, pursuant to the terms of the Agreement, would result in the termination of the Agreement (the "Trigger Termination") and each Transaction evidenced by the Confirmations (collectively, the "Transactions"); and

WHEREAS, upon a termination of the Agreement and the Transactions on the date hereof, the Counterparty would owe a payment to LBDP pursuant to subsection 6(e)(ii)(3) of the Agreement; and

WHEREAS, the parties to the Agreement and LBSF have agreed that LBDP shall transfer the Agreement and each of the Confirmations to LBSF to avoid the Trigger Termination of the Agreement and the Transactions; and

WHEREAS, LBDP desires to assign and delegate to LBSF all of its rights, duties and obligations under the Agreement and Confirmations and LBSF desires to accept such assignment and delegation and to assume such rights, duties and obligations; and

WHEREAS, LBDP desires to obtain the written consent of Counterparty to such assignment, delegation and assumption and Counterparty desires to consent to the same in accordance with the terms of this Assignment Agreement; and

WHEREAS, the Counterparty has received good and valuable consideration in exchange for granting its consent.

NYK 1178491-2.071370.0011


PLAINTIFF'S EXHIBIT NO. B
PENGAD-Bayonne, N.J.

NOW THEREFORE, in consideration of the promises and the mutual undertakings of the parties hereinafter set forth, the parties agree as follows:

1.    Assignment, Assumption and Release; Amendment.  LBDP hereby assigns and delegates to LBSF all its rights, duties and obligations under the Agreement and each of the Confirmations and LBSF hereby accepts such assignment and delegation and assumes such rights, duties and obligations under the Agreement and each of the Confirmations as, and to be governed by the terms of the Agreement. LBSF and the Counterparty hereby agree that the Agreement is hereby deemed to be amended as follows: (i) provisions defining the Trigger Events in Part 1(g) of the Schedule to the Agreement are hereby deleted; (ii) the provisions relating to the Credit Assignment Event in Part 6(a)(i)-(vi) of the Schedule to the Agreement are hereby deleted; (iii) each reference to "Lehman Brothers Derivative Products Inc." is deemed to be replaced by the words "Lehman Brothers Special Financing Inc." in each instance that "Lehman Brothers Derivative Products Inc." is used. LBDP and LBSF intend this assignment to be an immediate assignment of LBDP's rights, duties and obligations under the Agreement and each of the Confirmations effective on the date of this Assignment Agreement. Counterparty hereby acknowledges that LBDP shall, upon the effectiveness of this Assignment Agreement, be fully released from its duties and obligations under the Agreement and each of the Confirmations.

2.    Upon the termination of the Agreement, as assigned and amended pursuant to the terms hereof, and notwithstanding any other provision hereof or thereof, any Settlement Amount payable by the Counterparty shall be determined by LBSF pursuant to Part 1(i)(2) of the Schedule to the Agreement unless an Event of Default described in Section 5(a)(i) or Section 5(a)(vii) of the Agreement has occurred with respect to LBSF as the Defaulting Party, in which event the Settlement Amount shall be determined pursuant to Section 6 of the Agreement as if LBSF is the Defaulting Party.

3.    Additional Documentation.  LBSF, LDBP and the Counterparty hereby agree that the parties shall execute such other documents, agreements and certifications as are reasonably required by the other parties hereto, if any, to effect the transfer and amendments contemplated by this Assignment Agreement.

4.    No Guarantee of LBH.  Notwithstanding anything to the contrary in the Agreement the parties hereto agree that upon the assignment of the Agreement and the Confirmations, LBSF shall not deliver a guarantee of LBH as a Credit Support Document and that LBH shall not be a Credit Support Provider of LBSF.

5.    Representations.  Each party hereto represents and warrants to each other party that:

(a)    it is duly organized and validly existing under the laws of the jurisdiction of its organization or incorporation and, if relevant under such laws, is in good standing;

(b)    it has the power to execute and deliver this Assignment Agreement and to perform its obligations under this Assignment Agreement and has taken all necessary action to authorize such execution, delivery and performance;

NYK 1178491-2.071370.0011

(c)    it is entering into this Assignment Agreement as principal;

(d)    the person signing this Assignment Agreement on its behalf is duly authorized to do so;

(e)    it has obtained all governmental and other consents and authorizations that it is required to obtain in connection with its execution and delivery of this Assignment Agreement, all such consents and authorizations are in full force and effect and all conditions of any such consents and authorizations have been complied with;

(f)    such execution, delivery and performance do not violate or conflict with any law applicable to it, any provision of its constitutional documents, any order or judgment of any court or other agency of government applicable to it or any of its assets or any contractual restriction binding on or affecting it or any of its assets; and

(g)    its obligations under this Agreement constitute its legal, valid and binding obligations, enforceable in accordance with their respective terms (subject to applicable bankruptcy, reorganization, insolvency, moratorium or similar laws affecting creditors' rights generally and subject, as to enforceability, to equitable principles of general application, regardless of whether enforcement is sought in a proceeding in equity or in law).

6.    Governing Law and Jurisdiction.    This Agreement shall be governed by and construed in accordance with the governing law provisions set forth in the Agreement.

7.    Counterparts.  This Assignment Agreement may be executed in any number of counterparts, each of which shall be deemed an original.

8.    Consent and Acknowledgement of Counterparty.    The Counterparty hereby consents to the assignment and delegation by LBDP to LBSF of all the rights, duties and obligations of LBDP under the Agreement and each of the Confirmations, and acknowledges that LBDP shall, upon the effectiveness of this Assignment Agreement, be fully released from its duties and obligations under the Agreement and each of the Confirmations.

9.    Execution by Counterparty.  Execution of this Agreement by the Counterparty constitutes the Counterparty's prior written consent within the meaning of the Agreement to the transfer of LBDP's interests and obligations under the Agreement and each of the Confirmations to LBSF.

NYK 1178491-2.071370.0011

IN WITNESS WHEREOF, the parties hereto have executed this Assignment Agreement as of the date first above written.

LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.

By:
Name:
Title:

LEHMAN BROTHERS-SPECIAL FINANCING INC.

By:
Name:
Title:

MICHIGAN STATE HOUSING DEVELOPMENT AUTHORITY

By:
Title: Director of Finance

NYK 1178491-2.071370.0011

Schedule A

| Lehman Original Reference (Global) | Lehman New Reference (Global) | Original Trade Date | Original Effective Date | Original Termination Date | Original Notional Amount (USD) |
|---|---|---|---|---|---|
| 274601 | 4046362 | September 10, 2002 | October 2, 2002 | June 1, 2020 | 15,000,000.00 |
| 115288 | 4046354 | May 10, 2000 | June 1, 2000 | December 1, 2018 | 12,850,000.00 |
| 2491183 | 4046478 | November 17, 2006 | April 1, 2007 | June 1, 2030 | 69,915,000.00 |
| 2205385 | 4046458 | August 24, 2005 | October 5, 2005 | June 1, 2030 | 20,870,000.00 |
| 2205380 | 4046457 | August 24, 2005 | October 5, 2005 | December 1, 2025 | 13,635,000.00 |
| 2891908 | 4046381 | February 22, 2007 | September 4, 2007 | December 1, 2016 | 20,000,000.00 |
| 3015605 | 4046501 | July 10, 2007 | September 4, 2007 | 01 June, 2038 | 65,000,000.00 |
| 3063106 | 4046497 | May 18, 2007 | January 1, 2008 | June 1, 2038 | 35,000,000.00 |
| 3225213 | 4046466 | July 26, 2007 | January 2, 2008 | June 1, 2038 | 35,000,000.00 |
| 3367604 | 4046453 | 20 September, 2007 | January 2, 2008 | June 1, 2038 | 35,000,000.00 |
| 3443045 | 4046448 | October 25, 2007 | January 2, 2008 | June 1, 2038 | 35,000,000.00 |
| 3621210 | 4046440 | January 31, 2008 | June 2, 2008 | December 1, 2038 | 35,000,000.00 |
| 3742513 | 4046437 | March 28, 2008 | June 2, 2008 | December 1, 2038 | 55,000,000.00 |
| 3780043 | 4046478 | April 17, 2008 | December 1, 2008 | December 1, 2038 | 50,000,000.00 |
| 3889337 | 4046489 | June 16, 2008 | December 1, 2008 | December 1, 2038 | 50,000,000.00 |
| 3932608 | 4046484 | 10 July, 2008 | December 1, 2008 | December 1, 2038 | 35,000,000.00 |
| 2491204 | 4046477 | April 27, 2006 | December 1, 2006 | December 1, 2038 | 35,000,000.00 |
| 115330 | 4046356 | May 10, 2000 | June 1, 2000 | June 1, 2033 | 50,645,000.00 |
| 3571034 | 4046443 | January 10, 2008 | June 2, 2008 | December 1, 2008 | 40,000,000.00 |
| 115270 | 4046346 | May 10, 2000 | June 1, 2000 | December 1, 2016 | 13,750,000.00 |