WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Wasiman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
: 
**In re**                                                : Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**         : 08-13555 (JMP)
                                                         :
                                     Debtors.            : (Jointly Administered)
                                                         :
                                                         :
---------------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON NOVEMBER 18, 2009**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1.    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Debtors' Motion Approving Entry into Assignment and Assumption Agreement Regarding Lehman Brothers Trust Companies **[Docket No. 5644]**

- Debtors' Motion to Enter into Agreements to Provide Funding to LB Re Financing No. 3 Limited (in administration) **[Docket No. 5651]**

- Debtors' Motion Modifying the Automatic Stay to Allow Advancement Under Directors and Officers Insurance Policy by Federal Insurance Company (Chubb) **[Docket No. 5652]**

- LBHI's Motion for the Entry of an Order Directing Zao Citibank (Russia) to Turn Over Postpetition Receipts **[Docket No. 5703]**

2.  In accordance with the Amended Case Management Order, November 13, 2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motions (the "Objection Deadline"). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the objection deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.  The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motions has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4. Accordingly, for the reasons set forth in the Motions, the Debtors respectfully request that the proposed Orders annexed hereto as <u>Exhibits A - D</u>, and unmodified since the filing of the Motions, be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  November 16, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 5644)**

US_ACTIVE:\43225647\01\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                           :
In re                                                      :      Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :      08-13555 (JMP)
                                                           :
                    Debtors.                         :      (Jointly Administered)
                                                           :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE APPROVING ENTRY INTO ASSIGNMENT AND ASSUMPTION AGREEMENT REGARDING LEHMAN BROTHERS TRUST COMPANIES

Upon the motion, dated October 27, 2009 (the "Motion"), of Lehman Brothers Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing, approving and ratifying LBHI's execution and performance under an assumption and assignment agreement, all as more fully described in the Motion;[1] and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code, LBHI's entry into the Agreement and the performance of its obligations thereunder is authorized, approved and ratified; and it is further

      ORDERED that LBHI is authorized, but not directed, to take all corporate and other actions required by the Agreement, and authorized and, to the extent necessary, empowered to expend funds of its estate pursuant to the Agreement; and it is further

      ORDERED, that NB Group is hereby granted an allowed administrative claim in LBHI's chapter 11 case pursuant to Section 364(c)(1) of the Bankruptcy Code with respect to all obligations and liabilities of LBHI under the Agreement, including with respect to the Indemnity Provisions and the Guarantee, which claim shall have priority over all other claims against LBHI except that such claim shall be junior only to the claim of the NB Group granted in connection with the IMD Sale; and it is further

      ORDERED that no debt, liability, commitment or obligation (whether direct or indirect, known or unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, or due or to become due), whenever or however arising and including all expenses relating thereto, including with respect to the Indemnity Provisions

and the Guarantee, and in respect of any other contractual obligation of LBHI under the Agreement, shall be subject to objection or disallowance under section 502(e) of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: November __, 2009
       New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**(Proposed Order – Docket No. 5651)**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                    :   **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   **08-13555 (JMP)**
:
Debtors.                              :   **(Jointly Administered)**
:
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a)
AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR
AUTHORIZATION TO ENTER INTO AGREEMENTS TO PROVIDE
FUNDING TO LB RE FINANCING NO. 3 LIMITED (IN ADMINISTRATION) IN
<u>CONNECTION WITH CERTAIN REAL ESTATE INVESTMENTS</u>**

Upon the motion, dated October 28, 2009 (the "<u>Motion</u>"), of Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for authorization to enter into a facilities agreement and an advisory agreement with LB RE Financing No. 3 Limited (in administration) ("<u>LB RE</u>") and Derek Anthony Howell, Anthony Victor Lomas and Dan Yoram Schwarzmann (the "<u>Joint Administrators</u>"), as well as other agreements relating thereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) LB RE and the Joint Administrators; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Statement of Affairs reflecting that LBHI collectively with its non-debtor affiliates, directly or indirectly, as of October 20, 2008, holds up to approximately 98% of the total claims against LB RE; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized, but not required, to enter into the Transaction Documents substantially on the terms and conditions identified in the Motion; and it is further

ORDERED that LBHI is authorized to take all further actions that may be necessary or required for LBHI's entry into and performance of the Transaction Documents; and it is further

ORDERED that the Debtors will not fund any amounts under clause 2.1 of the Facilities Agreement in excess of £1,600,000 without the consent of the Creditors' Committee or, in the absence thereof, further Order of the Court; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: November __, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT C**

**(Proposed Order – Docket No. 5652)**

US_ACTIVE:\43225647\01\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                :
                           Debtors.             :    (Jointly Administered)
                                                :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT TO**
**SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING**
**THE AUTOMATIC STAY TO ALLOW ADVANCEMENT UNDER DIRECTORS AND**
**OFFICERS INSURANCE POLICY BY FEDERAL INSURANCE COMPANY (CHUBB)**

Upon the motion, dated October 28, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay, to the extent applicable, to allow Federal Insurance Company (Chubb) ("Chubb"), the first level excess insurer, to pay covered defense costs, advance covered defense costs, or both incurred by the Debtors' present and former officers, directors and employees (the "Individual Defendants") that have been named as defendants in the Legal Proceedings,[2] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) Chubb, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow payment of covered defense costs, advancement of covered defense costs, or both from Chubb to the Individual Defendants pursuant to the terms of the Policy; and it is further

ORDERED the Debtors are authorized to execute all documentation necessary to allow Chubb to pay covered defense costs, advance covered defense costs, or both incurred by the Individual Defendants in the Legal Proceedings; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of Chubb, the Debtors or the Individual Defendants provided for under the terms and conditions of the Policy; and it is further

ORDERED that all parties to the Policy reserve all rights and defenses that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Policy are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Policy are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that the ten day stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November __, 2009
       New York, New York

                                          _____
                                          UNITED STATES BANKRUPTCY
                                          JUDGE

# EXHIBIT D

**(Proposed Order – Docket No. 5703)**

US_ACTIVE:\43225647\01\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                          :    Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :    08-13555 (JMP)
                                                               :
                              Debtors.                         :    (Jointly Administered)
                                                               :
                                                               :
---------------------------------------------------------------x

### ORDER DIRECTING ZAO CITIBANK (RUSSIA) TO TURN OVER POSTPETITION RECEIPTS TO LBHI PURSUANT TO SECTION 542(b) OF THE BANKRUPTCY CODE

Upon the motion, dated November 3, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 542(b) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order directing ZAO Citibank (Russia) ("ZAO") to turn over 114,995,982.12 Russian ruble (equivalent to approximately $3,925,179)[3] to LBHI, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just

---

[3] Applying October 27, 2009 exchange rate.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

FOUND THAT:

A.  Jurisdiction.  The Court has jurisdiction to consider the Motion and the relief requested therein.  The Court has jurisdiction over ZAO and LBHI's deposit account number 0501370001 at ZAO (the "Account").

B.  Core Proceeding.  Consideration of the Motion and the relief requested therein constitutes a core proceeding and the Court has authority to enter a final order and decision determining the Motion.

C.  Venue.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.  Notice.  Due and proper notice of the Motion has been provided to ZAO and no further notice need be provided.

E.  Property of the Estate and Turnover.  The Account and the RUB 114,995,982.12 transferred to the Account on or after September 15, 2008 constitute property of LBHI's estate pursuant to section 541(b) of the Bankruptcy Code.  LBHI has demonstrated cause for ZAO's turnover of RUB 114,995,982.12 in accordance with the Bankruptcy Code.

NOW, THEREFORE, IT IS ORDERED THAT:

1.  The Motion is GRANTED.

2.  Pursuant to section 542(b) of the Bankruptcy Code, ZAO is directed to turn over RUB 114,995,982.12 to LBHI.

3. ZAO's turnover of RUB 114,995,982.12 to LBHI shall be pursuant and subject to the terms and conditions of the *Stipulation and Order Authorizing (1) Turnover of Postpetition Deposits with Citibank, and (2) Indemnification of Citibank in Respect of Any Third Party Claims Arising From the Turnover of Postpetition Deposits* [Docket No. 3373], including, without limitation, ZAO and LBHI's mutual reservation of rights thereunder.

4. This Order constitutes the final decision of the Court on the Motion.

5. LBHI is authorized to take all further actions that may be necessary or required to enforce the terms of this decision and Order.

6. Notice of the Motion as provided herein shall be deemed good and sufficient notice of the Motion.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, without prejudice to the authority of the local courts in Russia to enforce this Order.

Dated: November __, 2009
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE