WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Richard W. Slack
Robert J. Lemons

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :
**In re**                                         :   Chapter 11 Case No.
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :   08-13555 (JMP)
                                                  :
                   **Debtors.**                   :   (Jointly Administered)
                                                  :
                                                  :
------------------------------------------------------------------x

### DEBTOR'S REPLY TO VEYANCE TECHNOLOGIES INC.'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing, Inc. ("LBSF") as debtor and debtor in possession (the "Debtor" and, collectively with its non-debtor affiliates, "Lehman"), replies to the Objection (the "Objection") of Veyance Technologies, Inc. ("Veyance") [Docket No. 5591] to LBSF's Motion (the "Motion") for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing certain discovery from Veyance [Docket No. 5394], and respectfully represents:

1.  LBSF and Veyance negotiated the economic terms of an interest-rate swap transaction (the "Transaction") and agreed upon its terms on or about May 16, 2008. Nevertheless, Veyance contends that it reached no formal agreement with LBSF, and denies the existence of a contract. LBSF believes that its transaction with Veyance is worth several million dollars. Accordingly, on October 7, 2009, LBSF filed the Motion in order to obtain discovery from Veyance, which sought information concerning whether Veyance did in fact agree to, and is bound by, the economic terms of the Transaction.

2.  Nine days after the Motion was filed, on October 16, 2009, Veyance commenced an adversary proceeding (the "Adversary Proceeding") against LBSF, seeking a declaratory judgment that there is no binding agreement between it and LBSF, as well as injunctive relief. Veyance objects to the Motion, arguing that because the Adversary Proceeding and the Motion deal with the same subject matter, LBSF's right to take discovery with respect to the Transaction under Rule 2004 is effectively vitiated, and that the Motion must therefore be denied. As discussed below, LBSF rejects that argument, and maintains that its validly filed Motion may not be blocked by the unilateral actions of the counterparty in filing an adversary proceeding. Indeed, it bears noting that Veyance's objection to the Motion is based *entirely* on the existence of the Adversary Proceeding; Veyance does not object to the categories of documents requested by LBSF, nor does it argue that discovery pursuant to Rule 2004 would otherwise be objectionable in the absence of the Adversary Proceeding.

3.  Veyance argues that a valid and unobjectionable motion for Rule 2004 discovery can be short circuited by a unilateral act of the counterparty in filing an adversary proceeding on the same topic while that motion is pending. None of the cases cited by Veyance support this argument. The cases cited by Veyance all concern situations in which either (1) an adversary

2

proceeding was *already pending* when a motion for discovery under Rule 2004 was filed; or (2) both the Rule 2004 motion and the adversary proceeding were filed by the same party. See Obj. ¶ 11. Indeed, there is not a single case where a party has been able to unilaterally usurp the right of a debtor to take proper Rule 2004 discovery by filing an adversary proceeding.

4. Indeed, in both In re Bennett Funding Group, 203 B.R. 24 (N.D.N.Y. 1996) and Intercontinental Enterprises, Inc. v. Keller (In re Blinder, Robinson & Co.), 127 B.R. 267 (D. Colo. 1991), relied on heavily by Veyance, a motion for Rule 2004 discovery was filed before an adversary proceeding had been commenced. Unlike here, however, where LBSF filed the Motion and Veyance commence the Adversary Proceeding, the trustees in Bennet and Blinder both commenced the adversary proceedings *and* brought the Rule 2004 motions. The courts there recognized that by choosing to bring the adversary proceedings, the trustees willingly decided to forego the broad discovery permitted under Rule 2004. But those cases do not hold – as Veyance wrongly contends they do – that a party may be unwillingly deprived of its rights to take Rule 2004 discovery simply because the party from which discovery is sought would rather that discovery take place within the context of an adversary proceeding, and therefore subject to the more restrictive guidelines of Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules").

5. There are obvious benefits to a Debtor in taking discovery pursuant to Rule 2004. As this Court has noted, and in contrast to Rule 26 of the Federal Rules, Rule 2004 is "debtor-centric and allows considerable leeway for all manner of so-called fishing expeditions provided that there is a reasonable nexus to the debtor and the administration's of the debtor's case." Mot. ¶ 23. LBSF should not lose that right simply because Veyance has unilaterally filed an adversary

3

proceeding shortly after the commencement of the Rule 2004 motion. Accordingly, the Motion should be granted.

Dated: November 17, 2009
       New York, New York

By: /s/ Richard W. Slack
Lori R. Fife
Richard W. Slack
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession