**Hearing Date and Time: November 18, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
Thomas J. Moloney
Sean A. O'Neal

*Attorneys for PB Capital Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
|   |   |
|---|---|
| | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

<u>**NOTICE OF CORRECTED BERNSTEIN DECLARATION**</u>

      PLEASE TAKE NOTICE that on November 13, 2009, PB Capital Corporation

("<u>PB Capital</u>") filed PB Capital's Reply To Objection To The Motion Of PB Capital To Include

Certain European Medium Term Notes In The Lehman Program Securities List Or,

Alternatively, To Deem Such Claims To Be Timely Filed By The Securities Programs Bar Date

[Docket No. 5811] (the "<u>PB Capital Reply</u>").

      PLEASE TAKE FURTHER NOTICE that, attached as <u>Exhibit B</u> to the PB

Capital Reply is the Declaration of Andrew A. Bernstein, Esq. (the "<u>Bernstein Declaration</u>").

The Bernstein Declaration inadvertently excluded three lines of text on the top of page five of the

document.

      PLEASE TAKE FURTHER NOTICE that, attached hereto is a corrected version

of the Bernstein Declaration, which includes the three lines of missing text but no other changes.

No changes have been made to any of the exhibits to the Bernstein Declaration, but they are attached to the corrected version of Bernstein Declaration for convenience.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

Dated: New York, New York
       November 17, 2009

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: <u>/s/ Thomas J. Moloney</u>
    Thomas J. Moloney
    Sean A. O'Neal

One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for PB Capital Corporation*

## EXHIBIT B

**Declaration of Andrew A. Bernstein**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                                    :
In re                                                               :    **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                        :    **08-13555 (JMP)**
                                                                    :
                           Debtors.                                 :    **(Jointly Administered)**
                                                                    :
                                                                    :
--------------------------------------------------------------------x

## <u>DECLARATION OF ANDREW A. BERNSTEIN, ESQ.</u>

Pursuant to 28 U.S.C. § 1746, Andrew A. Bernstein, Esq., declares and says:

1.      I am Andrew A. Bernstein, a partner resident in the Paris office of Cleary Gottlieb

Steen & Hamilton LLP ("<u>Cleary Gottlieb</u>").

2.      I submit this Declaration in support of PB Capital's Reply To Objection To The

Motion Of PB Capital To Include Certain European Medium Term Notes In The Lehman

Program Securities List Or, Alternatively, To Deem Such Claims To Be Timely Filed By The

Securities Programs Bar Date (the "<u>Reply</u>") filed concurrently herewith.

3.      I have worked as an attorney at Cleary Gottlieb since 1987, and I became a

partner of the firm in January 1996.  I have been in the firm's Paris office since January 1997.  I

am a member of the Paris Bar, and I am also a member of the New York Bar, and I acted in the

latter capacity in connection with the matters described herein.

4.      I have a diverse practice, although I spend the majority of my time on

international capital markets transactions.  I have led transaction teams in connection with

numerous offerings of debt securities listed on the Luxembourg Stock Exchange, issued in both

the European and United States markets, many with features similar to the EMT Notes[1] held by

PB Capital.  In 2009 alone, I have led transaction teams in connection with ten issuances of such

debt securities.

5.      In September 2008, following the bankruptcy filing by Lehman Brothers

Holdings Inc. ("LBHI") and certain of its affiliates, I began to advise a number of European and

Middle Eastern clients (including Deutsche Postbank and its U.S. subsidiary, PB Capital) on

issues relating to their exposure to the Lehman group.  Over time, I coordinated our firm's

representation of these clients in connection with the Lehman group's insolvency, working

together with our firm's U.S. bankruptcy specialists in New York, as well as colleagues qualified

to practice English and Dutch law.

6.      I found my capital markets and derivatives background to be valuable in

understanding the complex financial products that had been created by the Lehman group.  In

particular, I was able to assist a number of clients in understanding the practical and financial

implications of some of the orders, notices and procedures published in connection with the

various insolvency proceedings in the United States and Europe.

7.      Many of the clients with which I worked held debt securities issued by various

entities in the Lehman group.  The majority of these debt securities were issued under the Euro

Medium Term-Note Program, while the remainder were issued under the U.S. Medium Term-

Note Program of LBHI and other programs of the group.

8.      These clients held Euro Medium Term-Note Program Securities and other

securities in numerous capacities, including as clearing system account holders, managers of

investment funds, private bankers (managers of individual accounts of retail customers) and

---

[1]      Capitalized terms used but not otherwise defined herein have the respective definitions ascribed to such
terms in the Motion, the Reply or the Bar Date Order.

ultimate beneficial owners.  This presented a concern about how to identify the party that would

be authorized to file proofs of claim in respect of these securities, given that multiple parties

could reasonably be considered the "owner" of a given security.

9.     On May 26, 2009, the Debtors filed the Motion Of The Debtors, Pursuant To

Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3), For Establishment

Of The Deadline For Filing Proofs Of Claim, Approval Of The Form And Manner Of Notice

Thereof And Approval Of The Proof Of Claim [Docket No. 3654] (the "Bar Date Motion"),

which, among other things, (a) required creditors with claims in respect of derivatives and certain

guarantees to respond to lengthy questionnaires, and (b) specified that any holder of a security

listed on the "Master List of Securities" would not have to file a proof of claim on or before the

bar date.  At that time, the Debtors had not made public the "Master List of Securities."  The Bar

Date Motion did not refer to what would later be termed the "Lehman Program Securities," a

concept that had not yet become relevant.

10.     I reviewed the Bar Date Motion and the attached proposed bar date order (the

"Proposed Bar Date Order") and noted that, under the Proposed Bar Date Order, debt securities

were to be included in a Master List of Securities and that no proofs of claim would have to be

filed in respect of these securities.  I also noted that there were procedures by which interested

parties could request that their securities be added to the Master List of Securities if they were

inadvertently omitted, allowing their holders to avoid the need to file a proof of claim.

11.     On June 12, 2009, Barclays Bank PLC and Barclays Capital Inc. filed an

objection to the Bar Date Motion that primarily focused on the requirement that certain creditors

respond to lengthy questionnaires in connection with derivatives contracts and guarantees (the

"Barclays Objection").  The Barclays Objection did not address any issues related to the Master

List of Securities, nor did it address issues relating to what would later be termed "Lehman Program Securities." Several other creditors filed similar motions, and many joined the Barclays Objection, including PB Capital and its German parent, Deutsche Postbank, both of which have claims against the Debtors under derivatives contracts and related guarantees.

12.    As a practical matter, Cleary Gottlieb has found a need in these cases for our clients to join in the objections filed by others to avoid the risk that only the parties who formally file or join in an objection benefit from changes in the procedures proposed by the Debtors for resolving claims, which mitigate the burden on the claimant. For this reason, Cleary Gottlieb filed a joinder to the Barclays Objection on PB Capital's behalf. However, PB Capital was not involved in any of the negotiations of the terms of the Bar Date Order that subsequently ensued in respect of the derivatives and guarantee questionnaires, nor was PB Capital involved in any other subsequent negotiations relating to the Bar Date Order.

13.    On Wednesday, June 24, 2009, at an omnibus hearing before this Court, the Court encouraged the Debtors and the creditors who had filed objections to the Bar Date Motion to negotiate an agreed-upon process with respect to the derivatives and guarantee questionnaires. The Court did not address the issue of Lehman Program Securities at that time, as that concept had still not become relevant.

14.    The issues relating to what later became Lehman Program Securities arose starting on June 25, 2009. PB Capital did not participate in this process; it did not file any objection (whether a joinder or any other type of objection), and it did not participate in working group discussions relating to Lehman Program Securities.

15.    On June 25, 2009, I discovered that the Master List of Securities had been published on the Website during the course of the previous night (Paris time). When I reviewed

4

the list, I was surprised to see that the only securities included in the list were those that were issued under the U.S. Medium Term-Note Program of LBHI, and that no securities issued under the Euro Medium Term-Note Program or any other program were included.

16.    I subsequently learned that the Debtors had posted, on June 23, 2009, a revised draft of the Proposed Bar Date Order indicating that only securities issued under trust indentures would be included on the Master List of Securities, because trustees could file global proofs of claim in respect of those securities.  See Exhibit B to Debtors' Omnibus Reply To Objections To Motion Of The Debtors, Pursuant To Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3), For Establishment Of The Deadline For Filing Proofs Of Claim, Approval Of the Form And Manner Of Notice Thereof And Approval Of the Proof Of Claim Form [Docket No. 4113], a true and correct copy of which is attached hereto as Exhibit 1.  This was a change from the Proposed Bar Date Order that had been filed on May 26, 2009.

17.    This proposed change would impose an inappropriate and unnecessary burden on holders of Euro Medium Term-Note Program Securities and other securities that were not on the Master List of Securities, for two principal reasons.  First, it was unclear who would have the authority to file a proof of claim in respect of a given security, as there was a long chain of account holders, banks, brokers and other intermediaries between the issuer and the ultimate beneficial owner.  Second, because many of the securities were issued by affiliates of the Debtors and guaranteed by LBHI, parties filing proofs of claim would also have to complete the guarantee questionnaire (which would result in thousands of parties filing copies of identical guarantees).  The omission of these securities from the Master List of Securities would also place a significant burden on the Debtors, which would have to spend substantial time and resources reconciling overlapping and inconsistent claims.

18.     Accordingly, in response to the publication of the Master List of Securities omitting the "Lehman Program Securities," on Saturday, June 27, 2009, on behalf of Banco Bilbao Vizcaya Argentaria ("BBVA"), Cleary Gottlieb filed the Supplement To The Objection Of Banco Bilbao Vizcaya Argentaria, S.A. To The Debtors' Bar Date Motion Relating To The Publication Of The Master List Of Securities On June 25, 2009 [Docket No. 4202] (the "BBVA Securities Objection").  PB Capital did not file a related supplemental objection or join the BBVA Securities Objection, nor was PB Capital involved in any of the subsequent conversations or negotiations with the Debtors relating to the Lehman Program Securities.

19.     The numerous objections to the Debtors' proposed claims procedures for its debt securities resulted in the establishment of a working group (the "Working Group"), which sought to develop a consensus on an acceptable process.  I was part of the Working Group, and I received and commented on several sets of draft procedures relating to these securities.

20.     I first received a draft of proposed procedures on June 28, 2009 near midnight (Paris time).  This draft was prepared by the Working Group.  The draft procedure would have applied to securities issued by a Debtor or certain named subsidiaries (including the Euro Medium Term-Note Program Security issuers), where there was no indenture.  It would have required the Debtors to prepare an initial list of securities by August 31, 2009, and a final list by September 30, 2009.  It provided that no proofs of claim would be needed for securities on the list.  It also provided that parties would have 60 days after publication of the final list to file proofs of claim in respect of securities that were omitted from the list.  The procedures required the Debtors to provide notice to clearing systems, including Euroclear, Clearstream and DTC.

21.     On June 29, 2009, I learned that an agreement had been reached in New York among the members of the Working Group and Weil Gotshal & Manges, counsel for the Debtors

6

("Debtors' Counsel"), to propose a special procedure for the securities I had been concerned about, including Euro Medium Term-Note Program Securities, with a special proof of claim required to be filed in early November. Given the short amount of time before the adoption of the Bar Date Order, the parties were to propose that the Court approve the general features of the procedure, with interested parties working out the details after the hearing, and being authorized to modify the Bar Date Order accordingly.

22.    At approximately the time of a hearing before this Court on June 29, 2009, I received a copy of an email from an attorney at Milbank, Tweed, Hadley, & McCloy LLP, counsel to the official committee of unsecured creditors ("Committee Counsel"), outlining the broad features of the procedures relating to what were later called Lehman Program Securities. One of the features of the procedures was that interested parties would have only five business days to agree on a list of the securities that would be eligible for the procedure. I asked my colleague, Zoe Segal-Reichlin, to communicate to interested parties that I thought five business days was much too short, and that the best procedure would be for the Debtors to propose a draft list (since the Debtors were most likely to have access to comprehensive information), with interested parties having a reasonable period of time (much longer than five business days) to request additions if their securities were omitted. I pointed out that there was no particular urgency to establishing the list, given that the parties would have until November 1, 2009 to file proofs of claim under the proposed procedures.

23.    Ms. Segal-Reichlin then informed me that Debtors' Counsel and Committee Counsel insisted on maintaining the five business day period, because of their view that the process was really going to be about counsel putting forward names of additional securities, and they wanted to have a complete list before sending out notice so they could include a check box.

7

I believed that this would not give enough time to many financial institutions to examine the list of their holdings and propose additions, but I recognized that Debtors' Counsel and Committee Counsel were unlikely to change their position.

24.     On June 30, 2009, at approximately 10:00 pm (Paris time), I received a draft of the procedures proposed by Debtors' Counsel, with a request that they receive comments by 10:00 a.m. (New York time) the next day.  The draft was accompanied by a copy of an email from Debtors' Counsel to members of the Working Group in which Debtors' Counsel stated as follows: "Attached is the language that we propose to add to the Bar Date Order to address the agreement with respect to the EMTNs and similar notes."  A true and correct copy of the correspondence and draft are attached hereto as Exhibit 2.

25.     The draft applied to securities "issued by the Debtors' affiliates" but did not specify where those securities were issued.  See id.  There was nothing in the draft proposed by Debtors' Counsel to indicate an intention that the procedures were only to apply to securities issued outside the United States.  To the contrary, there were references to "CUSIP" numbers, which I knew applied only to securities issued in the United States. See id.

26.     I made comments on the draft with respect to what I perceived to be a number of deficiencies and errors in the draft, including the following:

> (i)     It purported to apply only to claims against the Debtors in respect of securities issued by affiliates of the Debtors, and related guarantees.  I noted that not all securities were issued by affiliates, because LBHI was itself an issuer under the Euro Medium Term-Note Program.

> (ii)    It purported to apply to "Lehman Affiliate Retail Notes" and was called the "Retail Note Program."  I pointed out that many of the notes were not

8

"retail" securities, and suggested changing the name to "Lehman Program

Securities."

(iii)    It indicated that interested parties should work together to establish the

list, but provided no procedure for how that should be done.  I reiterated

my position that the Debtors should publish an initial list, and contact or

provide notice to interested parties, leaving at least five business days (a

period that I had by then conceded) to establish the final list.

A true and correct copy of my hand markup of the draft, prepared on June 30, 2009, and

reflecting my comments, is attached hereto as Exhibit 3.

27.    The next morning (Paris time), July 1, 2009, I received a revised draft.  A true and

correct copy of the draft is attached hereto as Exhibit 4.  The revised draft solved the first

problem, as the proposed procedure would have applied to securities issued by "Debtors or any

of the Debtors' affiliates outside the United States."  As noted above, the genesis of this change

was to address the fact that some of the securities were issued directly by the Debtors, and others

by Debtors' affiliates with guarantees from LBHI.  I thought that the proposed language was a

good way of describing the universe of possible issuers, and that in particular the use of "outside

the United States" was appropriate to avoid a redundancy, since affiliates in the United States

that were relevant to this procedure were all "Debtors" and thus already covered by that term.

The language of this change was not intended to limit the coverage of the proposed procedures to

securities issued outside the United States.

28.    I still had a few comments on the draft.  Most significantly, I noticed that there

was nothing to indicate what securities were "Lehman Program Securities" – as drafted, the

document would have permitted the Debtors to include anything (or nothing) on the list, so long

9

as they worked in good faith with interested parties to establish the list.  In commenting on the draft, I noted that the list should include, at a minimum, Euro Medium Term-Note Program Securities, German certificates, and possibly other specified securities.  I also expressed concern with the proposed time periods, because they included a weekend as well as a holiday in France, and I thought that European holders of the Euro Medium Term-Note Program Securities would not have enough time to review the list against their securities positions and, where necessary, to propose additions.

29.     In discussing my comments, Ms. Segal-Reichlin told me that Debtors' Counsel had noted that the Debtors had much of the necessary information about the relevant Euro Medium Term-Note Program Securities from the bankruptcy trustee of Lehman Brothers Treasury Co. B.V, all of which would be included on the initial Program Securities List. Accordingly, the five-day period following the publication of the initial Program Securities List would involve counsel to various creditors requesting additions to securities not already on the Program Securities List.  Despite this, I continued to express my view that the Bar Date Order should provide explicitly that "Lehman Program Securities" includes securities issued under the Euro Medium Term-Note Program.

30.     I also received a copy of a draft reflecting comments of counsel for the bankruptcy trustee of Lehman Brothers Treasury Co. B.V., which also indicated in a footnote that the list should include, at a minimum, Euro Medium Term-Note Program Securities and certain other enumerated securities.  A true and correct copy of this draft is attached hereto as Exhibit 5.

31.     A composite draft reflecting my comments as well as those of others was forwarded to the Debtors, including (i) the formulation specifying "Debtors or any of the

Debtors' affiliates outside the United States," (ii) a reference to DTC as a party to receive notices (which would have been totally unnecessary had the procedures been limited to securities issued only outside the United States), and (iii) a proposal that Lehman Program Securities include, at a minimum, Euro Medium Term-Note Program Securities and certain other specified securities.  A true and correct copy of these comments are attached hereto as <u>Exhibit 6</u>.

32.    On July 1, 2009, at approximately 10:00 p.m. (Paris time), I received a new draft of the procedures prepared by Debtors' Counsel.  I was pleased to see that many of our comments were accepted.  Among other things, the reference to "Debtors or any of the Debtors' affiliates outside the United States" was included, and there were enumerated securities (including the Euro Medium Term-Note Program Securities) that were required to be included among the "Lehman Program Securities."  There was also a requirement that notice of the procedure be sent to DTC.  Moreover, the Debtors' July 1, 2009 draft contained for the first time the requirement that holders obtain a Blocking Number, which had not been the subject of prior discussions and which had not appeared in any prior versions of the draft.  A true and correct copy of this draft is attached hereto as <u>Exhibit 7</u>.

33.    On July 6, 2009, Coleman Gregory, Senior Vice President and General Counsel of PB Capital, sent an email to Caroline McHale (an associate in our firm's Paris office) and me indicating that he wanted to start the planning process for preparing proofs of claim for PB Capital.  We received the email the next morning on July 7, 2009.

34.    On July 8, 2009, after Ms. McHale and I discussed how to respond, Ms. McHale sent an email to Mr. Gregory informing him, among other things, that a Program Securities List had been published, and that if PB Capital's EMT Notes were on that list, then the bar date would be November 2, 2009.  The email attached the July 6 Program Securities List, and Ms.

McHale's email confirmed that PB Capital's EMT Notes were on the list. The copy of the Program Securities List attached to the email was downloaded from the Website, but it did not include a link to the Website or a copy of the Website page on which the link to the list appeared. In a follow-up email to Mr. Gregory that same day, Ms. McHale cut and pasted the relevant portion of the Program Securities List, which showed that the ISIN numbers and the description of the EMT Notes appeared on the list.

35.     On July 9, 2009, Mr. Gregory confirmed that the ISIN numbers included on the Program Securities List did indeed cover all of PB Capital's EMT Notes. He then proceeded to prepare a list of the various claims that PB Capital needed to file, the relevant procedure and the bar dates. Mr. Gregory then proceeded conscientiously to file those claims while keeping us abreast of his progress.

36.     On August 10, 2009, Mr. Gregory told me that PB Capital's securities custodian told PB Capital that DTC could not issue blocking numbers in respect of PB Capital's EMT Notes. I told him that if there was no way to obtain a blocking number from DTC, it might be necessary to transfer the EMT Notes to a European system. I was not particularly concerned, because in my experience, securities issued under programs such as Lehman's Euro Medium Term-Note Program could typically be transferred from one clearing system to another without difficulty. It was not until October 8, 2009 that I learned that the EMT Notes (contrary to most similar securities) could not be transferred to a European clearing system.

37.     At no time prior to October 2009 did I become aware of any intention or decision by the Debtors to delete any securities from the core Court-mandated Program Securities List. When I learned for the first time in October of this year from Mr. Gregory that the Debtors had taken such action, it came as a complete surprise to me because that action was entirely contrary

to the terms of the Bar Date Order and the process I believed was being used to create the Program Securities List, which is outlined above.

38.    I was particularly surprised because I knew that PB Capital's EMT Notes were issued under the Euro Medium Term-Note Program, and that we had gone to great lengths (with the agreement of Debtors' Counsel) to ensure that all Euro Medium Term-Note Program Securities were required to be included on the Program Securities List.

39.    I was also very surprised that no notice of the deletion had been given to holders of the affected securities. I was aware that notices of material events are often given by issuers to holders of securities such as the EMT Notes through the clearing systems (such as DTC, Euroclear and Clearstream). In this process, an issuer provides a notice to the clearing system, which provides the notice to account holders that hold those securities, and the process continues through banks and brokers until the notice reaches the ultimate owner. As a result, it would have been quite simple for the Debtors to notify holders of a decision to delete specified Euro Medium Term-Note Program Securities from the list by providing notice through the appropriate clearing systems.

40.    Additionally, at no time did I become aware of any decision by the Debtors to exclude securities placed with U.S. investors from the Program Securities List. None of the language in the Bar Date Order reflects such an exclusion. I was also aware from my review of the Euro Medium Term-Note Program prospectus that U.S. investors (such as PB Capital) that are "qualified institutional buyers" were eligible to purchase securities issued under the Euro Medium Term-Note Program, that such investors would ordinarily hold their U.S.-issued securities through DTC, and that such U.S.-issued securities (and only U.S.-issued securities) would be assigned "CUSIP" identification numbers.

13

41.     Moreover, a number of U.S.-based institutional investors hold Lehman Program Securities, as evidenced by the proofs of claim filed in these cases by Adams Advisors, L.L.C., see claim number 58020, Aggregating Trust 10, L.L.C., see claim number 57949, Black Diamond Offshore Ltd., see claim number 59005, Citibank, N.A., see claim number 55393, Davidson Kempner International, Ltd., see claim number 58225, Merchant Navy Pensions Administration, see claim number 58937, MetLife Domestic Trust, see claim number 58915, Prudential Insurance Company of America, see claim number 56981, and Railsplitter Holdings Corporation (an affiliate of Berkshire Hathaway Corp.), see claim number 47229, among others.


[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2009, in Paris, France.

                                        /s/ Andrew A. Bernstein
                                        Andrew A. Bernstein, Esq.

## **EXHIBIT 1**

**Exhibit B to Debtors' Omnibus Reply**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                            :

In re                       :          Chapter 11 Case No.
                            :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :      08-13555 (JMP)
                            :

          Debtors.       :       (Jointly Administered)
                              :

                            :
-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER OF NOTICE <u>THEREOF AND APPROVING THE PROOF OF CLAIM FORM</u>

Upon the motion, dated May 26, 2009 (the "<u>Motion</u>"),[1] of Lehman Brothers

Holdings Inc. and its affiliates, as debtors and debtors in possession in the above referenced

chapter 11 cases (collectively, the "<u>Debtors</u>"),[2] pursuant to sections 502(b)(9) of the Bankruptcy

Code and Bankruptcy Rule 3003(c)(3) seeking an order (i) establishing the deadline for filing

proofs of claim, (ii) approving the form and manner of notice thereof and (iii) approving the

proof of claim form, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

[2] Lehman Brothers Holdings Inc. (08-13555); LB 745 LLC (08-13600); PAMI Statler Arms LLC (08-13664); Lehman Brothers Commodity Services Inc. (08-13885); Lehman Brothers Special Financing Inc. (08-13888); Lehman Brothers OTC Derivatives Inc, (08-13893); Lehman Brothers Derivatives Products Inc. (08-13899); Lehman Commercial Paper Inc. (08-13900); Lehman Brothers Commercial Corporation (08-13901); Lehman Brothers Financial Products Inc. (08-13902); Lehman Scottish Finance L.P. (08-13904); CES Aviation LLC (08-13905); CES Aviation V LLC (08-13906); CES Aviation IX LLC (08-13907); East Dover Limited (08-13908); Luxembourg Residential Properties Loan Finance S.a.r.l. (09-10108); BNC Mortgage LLC (09-10137); Structured Asset Securities Corporation (09-10558); LB Rose Ranch LLC (09-10560); and LB Kalakaua Owners LLC (09-12516).

NY2:\2002323\01\16X03011.DOC\58399.0003
NY2:\2002323\01\16X03011.US_ACTIVE:\21002323\05\21002323_5.DOC\58399.0003

the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and

due and proper notice of the Motion having been provided to the Notice Parties; and it appearing

that no other or further notice need be provided; and the Court having determined that the relief

sought in the Motion is in the best interests of the Debtors, its creditors and all parties in interest;

and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, and except

as otherwise provided herein, ~~August 24,~~ **September 1,** **2009, at 5:00 p.m. (prevailing Eastern**

**Time)** is established as the deadline (the "Bar Date") for each person or entity (including,

without limitation, each individual, partnership, joint venture, corporation, estate, trust and

governmental unit) to file proofs of claim (each a "Proof of Claim") based on prepetition claims

(as defined in section 101(5) of the Bankruptcy Code) against the Debtors; and it is further

ORDERED that all Proofs of Claim filed against the Debtors must substantially

conform to the form attached as Exhibit B hereto ("Proof of Claim Form") and must be received

on or before the Bar Date by the official noticing and claims agent in the Debtors' chapter 11

cases, Epiq Bankruptcy Solutions, LLC ("Epiq") or the Court.    The original Proof of Claim

Form should be sent to the following address:

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

        or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims
Processing
One Bowling Green
New York, New York 10004

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5286
New York, New York    10150-5076

; and it is further

ORDERED that Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date; and it is further

ORDERED that neither the Court nor Epiq shall be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

(a)     any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount, priority or nature of the claim set forth in the Schedules;

(b)     any person or entity whose claim has been paid in full by the Debtors;

(c)    any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(d)    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(e)    any holder of a claim for which a separate deadline is fixed by this Court;

(f)    any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract or a Guarantee on or prior to the date of the Bar Date Order, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

(g)    any holder of any claim against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or, insolvency proceeding or similar proceeding, in foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(h)    any holder of a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

> (i)     any entity included on the Exempt Entities List available on the Debtors'
> website http://www.lehman-docket.com (the "Exempt Entities List");

and it is further

ORDERED that, ~~if~~ any holder of a security that is not listed on the Master List of Securities ~~completes~~may request that a security be added to the Master List of Securities by completing the form entitled "Inquiry Regarding Security Not on Master List of Securities" available on the Debtors' website http://www.lehman-docket.com and ~~submits~~submitting it to the Debtors as directed on such form~~, the~~ on or prior to August 5, 2009.   The Debtors ~~shall~~will investigate the inquiry and ~~either~~within 15 days of the receipt of such inquiry, the Debtors will, (x) add the security to the Master List of Securities (if appropriate) or (y)    provide an explanation solely to the party submitting such inquiry as to why the security will not be added to the Master List of Securities:   The Master List of Securities listed on the website shall be **final** as of August 20, 2009; and it is further

ORDERED that any security that is listed on the Master List of Securities is not a Derivative Contract and the holders of such security are not required to complete the Derivatives Questionnaire; and it is further

ORDERED that holders of a security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire; and it is further

ORDERED that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so; and it is further

ORDERED that each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States ~~as of the applicable Commencement Date (or otherwise as provided under Section 562 of the Bankruptcy Code in relation to Derivative Contracts)~~; (iii) conform substantially with the Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; and it is further

<u>ORDERED that for the purposes of this Order, the term "Derivative Contract" shall mean any contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code, (ii) a "commodities contract" as such term is defined in section 761(4) of the Bankruptcy Code, (iii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code or (iv) a "securities contract" as such term is defined in section 741(7) of the Bankruptcy Code; provided that; any guarantee or reimbursement obligations which would otherwise be included in the definition of "swap agreement" "commodities contract", "forward contract" and "securities contract" pursuant to the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition; and it is further</u>

ORDERED that each holder of a claim against a Debtor based on amounts owed pursuant to any ~~contract in which the contractual obligations and values are keyed to one or more~~

~~underlying assets or indices of asset values and subject to movements in the financial markets~~
~~("Derivative Contracts" ), on or before the Bar Date,~~Derivative Contract must:

(a)    on or before the Bar Date, fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)    check the appropriate box on the Proof of Claim;

(c)    on or before **October 1, 2009, at 5:00 pm (prevailing Eastern Time)** (the "Derivative Questionnaire Deadline"), log on to http://www.lehman-claims.com, enter the unique identification number included on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Derivative Questionnaire, substantially in the form attached as Exhibit C hereto (the "Derivative Questionnaire"); and

(d)    on or before the Derivatives Questionnaire Deadline, electronically upload supporting documentation on the website (as required thereon), rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that each holder of a claim against a Debtor based on amounts owed pursuant to a promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance (a "Guarantee"), on or before the Bar Date, must:

(a)    ~~(e)~~ fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)    ~~(f)~~ check the appropriate box on the Proof of Claim;

(c)    ~~(g)~~ log on to http://www.lehman-claims.com, enter the unique identification number included on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Guarantee Questionnaire, substantially in the form attached as Exhibit D hereto (the "Guarantee Questionnaire"); and

(d)    ~~(h)~~ electronically upload supporting documentation and evidence of the underlying claim amount on the website (as required thereon), rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that, each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of anothernon-Debtor entity under a Derivative Contract, be required, on or prior to the Bar Date, must:

(a)    (i) on or before the Bar Date, fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)    (j) check both boxes on the Proof of Claim that such claim is based on a Derivative Contract and based on a Guarantee;

(c)    (k) on or before the Bar Date, log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete both the electronic Derivative Questionnaire and Guarantee Questionnaire and electronically upload supporting documentation on the website (as required thereon), rather than attaching such documents to the Proof of Claim; and

(d)    (l) on or before the Derivatives Questionnaire Deadline, log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete the electronic Derivative Questionnaire and electronically upload supporting documentation on the website (as required thereon), rather than attaching such documents to the Proof of Claim.

and its is further

ORDERED that if a holder files a Proof of Claims based on a Derivative Contract or a Guarantee that does not have a Unique ID Number, such holder shall comply with the procedures set forth in the prior three paragraphs, except that instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number; and it is further

ORDERED that entities affiliated with the Debtors that are involved in a bankruptcy, insolvency proceeding or similar proceeding in foreign jurisdiction that file a claim against a Debtor shall not be required to complete the Derivative Questionnaire; and it is further

ORDERED that the information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors Committee and their respective advisors and counsel; and it is further

ORDERED that the website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim; and it is further

ORDERED that if a holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim must be filed with respect to each Debtor; and it is further

ORDERED that pursuant to Bankruptcy Rule 2003(c)(2), any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including, filling out the Derivative Questionnaire or the Guarantee Questionnaire and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire shall not be required to be completed until the Derivative Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth herein, shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the Debtors'

chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that no claim of any creditor shall be disallowed for the failure by such creditor to strictly comply with the procedures set forth in this Order related to Derivative Contracts (including the completion of the Derivative Questionnaire) so long as such creditor substantially and in good faith complies with such procedures related to Derivative Contracts set forth in this Order (including the completion of the Derivative Questionnaire); and it is further

ORDERED that notice of the entry of this Bar Date Order and of the Bar Date in substantially the form attached as Exhibit A hereto (the "Bar Date Notice"), which Bar Date Notice are approved in all respects, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before ~~June 24,~~ July 1, 2009 upon:

(a)    the U.S. Trustee;

(b)    attorneys for the Creditors' Committee;

(c)    all known holders of claims listed on the Schedules at the addresses stated therein;

(d)    all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated after September 1, 2006 and (iii) all of the Debtors' retirees;

(e)    all parties known to the Debtors as having potential claims against the Debtors' estates;

(f)    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(g)    all parties to litigation with the Debtors (as of the date of the entry of the Bar Date Order);

(h)    the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and

Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i)        all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

ORDERED that the Debtors shall mail one or more Proof of Claim Forms (as appropriate) to all parties listed in the preceding paragraph, each with a unique identification number printed on the form, together with instructions for filing a Proof of Claim, except that the Proof of Claim Form shall be omitted from any mailing to a security holder; and it is further

ORDERED that, pursuant to Bankruptcy Rules 2002(f) and (*l*), the Debtors shall publish the a notice substantially in the form of the Bar Date Notice once in The New York Times (International Edition), The Wall Street Journal (International Edition) and The Financial Times, each at least forty-five (45) days prior to the Bar Date, which publication is hereby approved in all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that, if the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be ~~afforded~~required to file Proofs of Claim in respect of their claims prior to the later of (i) the Bar Date and (ii) thirty (30) days from the date on which such notice is given ~~to file Proofs of Claim in respect of their claims,~~ or be forever barred from doing so; and it is further

ORDERED that ~~any claims asserted, other than claims asserted~~Proofs of Claims may only be filed by parties that are ~~legally entitled and authorized to assert such claim, shall be~~

~~disallowed;~~ authorized to file such claims in accordance with Bankruptcy Code and the Bankruptcy Rules; and it is further

ORDERED that any current or former affiliate of the Debtors, other than affiliates listed on the Exempt Entities List, that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors   that arose prior to the applicable Commencement Date must file a Proof of Claim in accordance with this Order; and it is further

~~ORDERED that, in the event this Court enters an order dismissing the Chapter 11 Case of PAMI Statler Arms LLC prior to the Bar Date, this Order shall not set a deadline for the filing of claims against PAMI Statler Arms LLC; and it is further~~

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that the Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors or be forever barred from voting upon any chapter 11 plan of the Debtors, from receiving any payment or distribution of property from the Debtors, Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against the Debtors.

Dated:    June ___, 2009
          New York,    New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Notice of Bar Date**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
                                                                 :

In re                                     :         Chapter 11 Case No.
                                              :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :         08-13555 (JMP)
                                              :

                    Debtors.         :         (Jointly Administered)
                                                :

                                                  :
---------------------------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

        PLEASE TAKE NOTICE THAT, on June ~~17,~~24, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc. and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "Debtors"), entered an order (the "Bar Date Order") establishing ~~August 24,~~September 1, 2009, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on prepetition claims against the Debtors (the "Bar Date").   The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "Commencement Date"), the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as set forth in Schedule A hereto.

        **If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at (866)-879-0688.**

        **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

        **Some parties are required to file a Proof of Claim in order to preserve their claim against the Debtors.   Other parties are not required to Proof of Claim in order to preserve their claim against the Debtors.   The following is a summary explanation of each.**

1.        **WHO MUST FILE A PROOF OF CLAIM**

        You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below.   Acts or omissions of the Debtors that arose before the applicable Commencement Date, may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date.   Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means:   (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.     WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1)  Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount, priority or nature of the claim set forth in the Schedules;

(2)  Your claim has been paid in full by the Debtors;

(3)  You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(4)  You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(5)  You hold a claim for which a separate deadline is fixed by this Court;

(6)  You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the date of the Bar Date Order, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantee;

(7)  You hold a claim against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or   insolvency proceeding or similar proceeding, in foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8)  You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities");   due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association,   and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9)  You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List").

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim.   Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.   MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE, AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

---

SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES

Holders of securities are **NOT** required to file a proof of claim on account of their ownership of any security listed on the Debtors' Master List of Securities if such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will each file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities). The Master List of Securities is available for review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP or ISIN) or by security description.

If you do not see your security listed on the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form prior to August 5, 2009.

Inquiries will be investigated, and within 15 days of the Debtors receipt of such inquiry, either the security will either be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.

The Master List of Securities shall be finalized on August 20, 2009 and not subject to further change.

A Proof of Claim form is not being included with the Bar Date Notices being served on holders of securities.   If you believe you have a claim against LBHI other than on account of your Lehman securities ownership, you must file a Proof of Claim form, as directed in this Bar Date Notice. A copy of the Proof of Claim form is available at http://www.lehman-docket.com.

---

3.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4.    **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5286
New York, New York    10150-5076

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims Processing
One Bowling Green
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date.   Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the Debtors ~~propose that~~will notify the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

5.    **WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States ~~as of the applicable Commencement Date (or otherwise as provided under Section 562 of the Bankruptcy Code in relation to Derivative Contracts)~~; (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

**EXCEPT AS SET FORTH IN THE FOLLOWING THREE PARAGRAPHS, YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.   IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ALSO ATTACH A SUMMARY.**

**CLAIMS BASED ON DERIVATIVE CONTRACTS**

**IF YOU FILE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS; (B) CHECK THE APPROPRIATE BOX ON THE PROOF OF CLAIM; (C) ON OR BEFORE THE DERIVATIVE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE"); AND (D) ON OR BEFORE THE DERIVATIVE QUESTIONNAIRE DEADLINE ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

**A "DERIVATIVE CONTACT" IS A CONTRACT~~, IN WHICH THE CONTRACTUAL OBLIGATIONS AND VALUES ARE KEYED TO ONE OR MORE UNDERLYING ASSETS OR INDICES OF ASSET VALUES AND SUBJECT TO MOVEMENTS IN THE FINANCIAL MARKETS.   DERIVATIVE CONTRACTS INCLUDE, BUT ARE NOT LIMITED TO, CREDIT DEFAULT SWAPS, INTEREST RATE SWAPS, TOTAL RETURN SWAPS, CURRENCY SWAPS, FORWARD CONTRACTS, FUTURE CONTRACTS AND COMMODITY CONTRACTS.~~   THAT IS ANY OF (I) A "SWAP AGREEMENT" AS SUCH TERM IS DEFINED IN SECTION 101(53B) OF THE BANKRUPTCY CODE, (II) A "COMMODITIES CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 761(4) OF THE BANKRUPTCY CODE, (III) A "FORWARD CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 101(25) OF THE BANKRUPTCY CODE OR (IV) A "SECURITIES CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 741(7) OF THE BANKRUPTCY CODE; PROVIDED THAT, ANY GUARANTEE OR REIMBURSEMENT OBLIGATIONS WHICH WOULD OTHERWISE BE INCLUDED IN THE DEFINITION OF "SWAP AGREEMENT" "COMMODITIES CONTRACT", "FORWARD CONTRACT" AND "SECURITIES CONTRACT" PURSUANT TO THE DEFINITION OF SUCH TERMS IN THE BANKRUPTCY CODE SHALL NOT BE CONSIDERED A DERIVATIVE CONTRACT FOR THE PURPOSES OF THIS DEFINITION.**

**THE "DERIVATIVES QUESTIONNAIRE DEADLINE" IS OCTOBER 1, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).**

**CLAIMS BASED ON A DEBTORS' GUARANTEE**

**IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, ON OR BEFORE THE BAR DATE, YOU MUST: (A) FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS; (B) CHECK THE APPROPRIATE BOX ON THE PROOF OF CLAIM; (C) LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT D TO THE BAR DATE ORDER (THE "GUARANTEE QUESTIONNAIRE"); AND (D) ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

**A ~~"~~"GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.**

**CLAIMS BASED ON A DEBTORS' GUARANTEE OF A DERIVATIVE CONTRACT WITH A NON-DEBTOR**

**IF YOU FILE A PROOF OF CLAIM BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT ENTERED INTO WITH A NON-DEBTOR, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS; (B) CHECK BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE; (C) ON OR BEFORE THE BAR DATE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE ~~BOTH~~THE ELECTRONIC GUARANTEE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM AND (D) LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND ~~GUARANTEE QUESTIONNAIRE; AND (D)~~ ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED THEREON), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number.

Holders of a security that is listed on the Master List of Securities that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire.

Holders of a security that is listed on the Master List of Securities are not required to complete the Derivatives Questionnaire.

The information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information and the Debtors and the Creditors' Committee and their respective advisors and counsel.

The website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim.

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR COMPLETE THE DERIVATIVE QUESTIONNAIRE PRIOR TO THE DERIVATIVE QUESTIONNAIRE DEADLINE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including, filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable)   and uploading required information to the website http://www.lehman-claims.com   (which Derivative Questionnaire shall not be required to be completed until the Derivative Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

7.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules.    Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).    Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:      June    __, 2009                              BY ORDER OF THE COURT
            New York, New York


WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York    10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Schedule A

| Debtor | Case Number | Commencement Date |
|---|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 | September 15, 2008 |
| LB 745 LLC | 08-13600 | September 16, 2008 |
| PAMI Statler Arms LLC | 08-13664 | September 23, 2008 |
| Lehman Brothers Commodity Services Inc. | 08-13885 | October 3, 2008 |
| Lehman Brothers Special Financing Inc. | 08-13888 | October 3, 2008 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 | October 3, 2008 |
| Lehman Brothers Derivatives Products Inc. | 08-13899 | October 5, 2008 |
| Lehman Commercial Paper Inc | 08-13900 | October 5, 2008 |
| Lehman Brothers Commercial Corporation | 08-13901 | October 5, 2008 |
| Lehman Brothers Financial Products Inc. | 08-13902 | October 5, 2008 |
| Lehman Scottish Finance L.P. | 08-13904 | October 5, 2008; |
| CES Aviation LLC | 08-13905 | October 5, 2008 |
| CES Aviation V LLC | 08-13906 | October 5, 2008 |
| CES Aviation IX LLC | 08-13907 | October 5, 2008 |
| East Dover Limited | 08-13908 | October 5, 2008 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 | January 7, 2009 |
| BNC Mortgage LLC | 09-10137 | January 9, 2009 |
| Structured Asset Securities Corporation | 09-10558 | February 9, 2009 |
| LB Rose Ranch LLC | 09-10560 | February 9, 2009 |
| LB 2080 Kalakaua Owners LLC | 09-12516 | April 23, 2009 |

**<u>Exhibit B</u>**

**Proof of Claim Form**

| *United States Bankruptcy Court/Southern District of New York* | **PROOF OF CLAIM** |
|---|---|

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case.   A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

☐  Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:_____**
       *(If known)*

Filed on: _____

Telephone number:        Email Address:

Name and address where payment should be sent (if different from above)

☐  Check this box if you are aware that anyone else has filed a proof of claim relating to your claim.   Attach copy of statement giving particulars.

☐  Check this box if you are the debtor or trustee in this case.

Telephone number:        Email Address:

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

1.    **Amount of Claim as of Date Case Filed:**    $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐   Check this box if all or part of your claim is based on a Derivative Contract.*

☐   Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD ALL SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2.    **Basis for Claim:** _____
       (See instruction #2 on reverse side.)

3.    **Last four digits of any number by which creditor identifies debtor:** _____
       **3a.   Debtor may have scheduled account as:** _____
             (See instruction #3a on reverse side.)

4.    **Secured Claim** (See instruction #4 on reverse side.)
       Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
       Nature of property or right of setoff:    ☐   Real Estate        ☐   Motor Vehicle        ☐   Other
       Describe:   _____
       Value of Property:   $_____   Annual Interest Rate   _____%
       Amount of arrearage and other charges as of time case filed included in secured claim, if any:
       $_____   Basis for perfection:   _____

       **Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

6.    **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
       (See instruction #6 on reverse side.)

5.    **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).   If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under   11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

NY2:¥2002323¥01¥16X03011.US_ACTIVE:¥21002323¥05¥21002323_5.DOC¥58399.0003
NY2:¥2002323¥01¥16X03011.
US_ACTIVE:¥21002323¥05¥21002323_5.DOC¥58399.0003

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.    18 U.S.C. §§ 152 and 3571.

---

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover LLC |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the claim. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract, in which the contractual obligations and values are keyed to one or more underlying assets or indices of

---

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

right to be paid according to a specific schedule. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

and reflect changes in the movement of financial markets.    Derivative contracts include but are not limited to credit default swaps, interest rate swaps, total return swaps, currency swaps, forward contracts, future contracts and commodity contracts.

**Guarantee**

A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

## Exhibit C

## Derivative Questionnaire

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form.   As such, criminal penalties apply for making a false statement.   The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both.   18 U.S.C. §§ 152 and 3571.*

General:_____

Name of Debtor (drop down of Lehman entities):

Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:

_____

**1. Is the Debtor identified above (i) a counterparty to the derivative contract or (ii) a guarantor or credit support provider?   Please identify the counterparties, guarantors and/or credit support providers to the derivative contract.**

**2. Have Termination Agreement(s) related to the allowance of a claim in respect of derivatives been entered into with the debtor?**

If Yes---Enter the amount of the derivative claim $_____

Please attach Termination Agreement and go to ___(end).

If No, proceed to #3.

**3. Have the derivatives matured or been terminated?**

If Yes--Enter the derivative claim amount and each line item included in the calculation thereof on the provided table and provide the information in 4.

~~If No, and you would like to file a claim for the contingent and unliquidated claim, please provide items in 4 a. d. and f~~

If No, go to ____(end)

4. a. <u>Documentation of Transactions.</u>    Please provide copies of all master agreements, schedules, netting arrangements, ~~confirmations,~~ credit support documentation, guarantees and other ~~documents related to~~ <u>agreements (other than confirmations) evidencing</u> the transactions.

b. <u>Termination Notice.</u>    Please provide <u>a copy of</u> the termination notice , including evidence supporting delivery date of the termination notice.  ~~Please provide evidence of any consent or other condition required to be satisfied in order to effect termination of the derivative contract.~~

c. <u>Valuation Statement</u>. Please provide <u>a copy of</u> the valuation statement~~, including~~ <u>and, to the extent such valuation statement has been delivered prior to the Bar Date,</u> evidence supporting delivery date of the valuation statement.    Please ~~include~~<u>identify</u> any collateral that has been posted <u>by any party</u> in connection with ~~this transaction~~<u>the transactions</u> and any claims of set-off against other transactions.

d. <u>Individual Trade Level Detail.</u>    Please provide details with respect to each ~~trade supporting the valuation~~<u>transaction</u> (e.g., <u>as applicable,</u> including trade id, electronic trade reference id, trade type, product,    trade date, reference obligation or reference entity, credit events, ~~factored~~<u>factor</u> and original contract notional amount, quantity/unit of measure, currency,    price or strike price, buy/sell, call or put, cap or floor, location, effective date, maturity date, termination date,    and value).    Please provide this information in ~~excel~~<u>Microsoft Excel</u> format.

e. <u>Trade Valuation Methodology and Quotations.</u>    Please check the box next to each valuation methodology used to support the claim (if multiple methodologies were used, please check multiple boxes and identify the trade population listed in clause d. above to which each valuation method applies):

_____ <u>ISDA Master Agreements Specifying</u> Market Quotation Methodology ~~under ISDA Master Agreements~~: Provide documentation of quotations from ~~market~~<u>Reference Market</u>-makers or other persons concerning the transactions. Include ~~market-maker name,~~

~~contact individual, when requests were made, the form of request that was made, in what manner the market-makers responded and the nature of any follow-up requests~~the name of Reference Market-makers that provided quotations and the quotations provided. If documentation specifies "Market Quotation" methodology and Creditor utilized a different methodology, please provide a narrative description of why the Market Quotation method was not used. ~~Please provide a description of the methodology used to determine the valuation of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters~~ and check the box and complete the applicable part of this section (e) below.

_____ ~~Loss Methodology under~~ ISDA Master Agreements Specifying Loss Methodology: Provide a narrative description
of the methodology used to determine the valuations of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters. Provide documentation from ~~market~~Reference Market-makers or other persons concerning any applicable quotations relating to the transactions.   If the methodology used involved any interpretation or deviation from the wording of the applicable documentation, provide a narrative description of the basis for such interpretation or deviation.

_____ ISDA Master Agreements Specifying Close-Out Amount Methodology ~~under ISDA Master Agreements~~: Provide a narrative description of the methodology used to determine the valuations of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters. Provide documentation from ~~market~~Reference Market-makers or other persons concerning any applicable quotations relating to the transactions. If the methodology used involved any interpretation or deviation from the wording of the applicable documentation, provide a narrative description of the basis for such interpretation or deviation.

_____ ~~Other Methodology under~~ ISDA Master Agreements Specifying Any Other Methodology: Provide a narrative description of the methodology used to determine the valuations of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters. Provide documentation from ~~market~~Reference Market-makers or other persons concerning any applicable quotations relating to the transactions.    If the methodology used involved any interpretation or deviation from the wording of the applicable documentation, provide a narrative description of the basis for such interpretation or deviation.

_____Non-ISDA Master Agreements: Provide a narrative description of the methodology used to determine the valuations of transactions, including how quotations, if any, were utilized and all other inputs, assumptions, values and applicable parameters. Provide documentation from ~~market~~Reference Market-makers or other persons concerning any applicable quotations relating to the transactions.   If the methodology used involved any interpretation or deviation from the wording of the applicable documentation, provide a narrative description of the basis for such interpretation or deviation.

f._____ Replacement Transactions:    Provide documentation evidencing any transactions (including confirmations) executed in order to replace any transactions, including specifying any cash (or other consideration) paid or received by or to any person to replace the transactions, the name of each entity that effectuated a replacement and when any such transactions were effected. Please provide any external communications (including all transaction confirmations, other documents, e-mails, or any other writings or information) evidencing or concerning the replacement transactions.

fg. Unpaid Amounts.    Please specify any unpaid amounts and interest accrued thereon included in calculation of any amounts due with respect to the transactions. Please provide a description of the type of unpaid amount and the amount of interest accrued thereon (ie. Premium payment, periodic interest, etc…). Please provide supporting documentation of such unpaid amounts.

gh. Collateral.   Please provide CUSIP/ISIN for collateral listed, the valuation of the collateral as well as support for such valuation (e.g. market quotes, emails, etc…) for the amounts included in the claim calculation. Provide bank wire advice, Fed Reference numbers  and other statement supporting the original posting of cash collateral and any cash disbursements on the securities.    Please provide this information in excelMicrosoft Excel format.

hi. Other costs.
        i.    If claim includes other costs, please include a detailed description of nature of the costs, valuation support, third party invoices (including a detailed description of the scope of services) and basis for including such costs in the claim.

        ii.    If claim includes interest charges, please provide calculation in excelMicrosoft Excel format of interest including principal amount, interest rate, term and assumptions.

## Exhibit D

### Guarantee Questionnaire

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form.   As such, criminal penalties apply for making a false statement.   The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both.   18 U.S.C. §§ 152 and 3571.*

General:_____
Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:
_____

1. Name of Debtor, or other entity, against which you have a direct claim (the "Obligor"):

2. If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding, please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed.

3. List the agreement(s) under which your claim arises against the Obligor and provide all documentation evidencing your claim and supporting the calculation of the claim amount.*

4. Amount of claim against Obligor: $_____.

5. Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"):

6. List the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed (please attach agreement).*

7.   Amount of claim against the Guarantor: $_____.

8. Did you know of and rely upon the Guarantee when you entered into the contract with the Obligor (Yes/No)?

* Pursuant to Federal Rule of Bankruptcy Procedure 3001(c), if your claim is based on a written agreement, you are required to attach a copy of the writing evidencing such agreement.

Document comparison by Workshare Professional on Tuesday, June 23, 2009 12:42:49 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/21002323/1 |
| Description | #21002323v1<US_ACTIVE> - LBHI Bar Date Order |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/21002323/5 |
| Description | #21002323v5<US_ACTIVE> - LBHI: Revised Bar Date Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 119 |
| Deletions | 82 |
| Moved from | 4 |
| Moved to | 4 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 209 |

## <u>EXHIBIT 2</u>

**Email from Debtors and Debtors' Proposed Procedures Dated June 30, 2009**

**Mark.Bernstein@weil.com**

30 June 2009  04:20 PM

To sshimshak@paulweiss.com,
lhandelsman@stroock.com,
William.m.Goldman@dlapiper.com,
deggermann@kramerlevin.com,
chammerman@paulweiss.com,
andrew.thau@skadden.com,
RZubaty@paulweiss.com, zsegal-
reichlin@cgsh.com,
azylberberg@whitecase.com
Cc Shai.Waisman@weil.com, lori.fife@weil.com,
amanda.hendy@weil.com
Subject Proposed EMTN Language

Attached is the language that we propose to add to the Bar Date Order to address the agreement with respect to the EMTNs and similar notes.  Please note that this language has not been reviewed by our client and is subject to change.  Please contact me with any questions or comments by 10:00 am tomorrow morning so that we can finalize the Bar Date Order.

_____

Mark Bernstein
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Ph: (212) 310-8778
Fax: (212) 310-8007
mark.bernstein@weil.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you

EMTN Rider.pdf

ORDERED that notwithstanding anything to the contrary contained in this

Order, the following procedures apply to the filing of any and all claims against the Debtors

arising from that certain set of notes issued by the Debtors' affiliates, and any Guarantees

issued in connection therewith, solely to the extent identified on http://www/lehman-

docket.com under the heading "Lehman Affiliate Retail Notes" (the "Retail Notes Program") as

of July 15, 2009 at 5:00 pm (prevailing Eastern Time):

(a) **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "Retail Notes Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on the Retail Notes Program;

(b) the Debtors are authorized to, and will, modify the Bar Date Notice and Proof of Claim Form as necessary to provide notice of the Retail Notes Bar Date (such revised Bar Date Notice, the "Retail Notes Bar Date Notice", and such revised Proof of Claim Form, the "Retail Notes Proof of Claim Form");

(c) the Debtors are authorized to, and will, translate the Retail Notes Bar Date Notice into various foreign languages; it being understood that claims submitted in respect of the Retail Notes must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States; (iii) conform substantially with the Retail Notes Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; and (v) be signed by the claimant or by an authorized agent of the claimant;

(d) the Debtors, the Creditors' Committee and the account holders under the Retail Notes Program that identify themselves to the Debtors or the Creditors' Committee will work in good faith to agree on the list of securities to be included on the "Lehman Affiliate Retail Notes" list prior to July 10, 2009, which list will include the International Securities Identification Number (ISIN) and Committee on Uniform Securities Identification Procedures (CUSIP) number for each note in the Retail Note Program, and the Court may consider any dispute as to the content of such list on an expedited basis;

(e) notice of the entry of this Order, of the Bar Date and of the Retail Notes Bar Date in the form of the Retail Notes Bar Date Notice shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or

before July 24, 2009 upon: (i) the U.S. Trustee, (ii) Euroclear and Clearstream as depositories and clearing agents for the Retail Notes Program and (iii) each of the issuers (and their representative or administrator) of the Retail Notes Program, and request that such parties distribute such notice to the account holders of the Retail Notes Program;

(f)    pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice substantially in the form of the Retail Notes Bar Date Notice once in one leading national newspaper in each of Italy, France, Germany, Switzerland and Japan, each at least sixty (60) days prior to the Retail Notes Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the Retail Notes Bar Date and the procedures for filing Proofs of Claim and Retail Notes Proofs of Claim in these cases;

(g)    any person or entity that files a claim solely based on a Guarantee of the Retail Notes Program is not required to complete the Guarantee Questionnaire in respect of such claim;

(h)    other than any documentation required pursuant to Bankruptcy Rule 3001(c), holders that file claims based on the Retail Notes Program are not required to attach or submit any documentation supporting any claim under the Retail Notes Program;

(i)    the Debtors will not object to, or seek to disallow, any claims based on the Retail Notes Program on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b); provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the Retail Notes Program on all other grounds;

(j)    the party that files a claim based on the Retail Notes Program (whether the depository, account holder, fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions and undertakes all responsibility with respect to any objection interposed as to such claim; and

(k)    other than as specifically provided in clauses (a) through (j) above, all provisions of this Order apply to holders of claims under the Retail Notes Program and holders of claims based on the Retail Notes Program are required to comply with all provisions of this Order;

and it is further

## <u>EXHIBIT 3</u>

**Bernstein Markup to Draft of Proposed Procedures Prepared June 30, 2009**

*[handwritten: - NOT ALL AFFILIATES]*
*[handwritten: - NOT NECESSARILY NOTES]*
*[handwritten: - NOT ALL NOTES (IN GERMANY THEY ARE CERTIFICATES)]*

WGM Draft 6/30/09

*[handwritten: SUGGEST "LEHMAN PROGRAM SECURITIES"]*

ORDERED that notwithstanding anything to the contrary contained in this

Order, the following procedures apply to the filing of any and all claims against the Debtors

arising from that certain set of notes issued by the Debtors' affiliates, and any Guarantees

issued in connection therewith, solely to the extent identified on http://www/lehman-

docket.com under the heading "Lehman Affiliate Retail Notes" (the "Retail Notes Program") as

of July 15, 2009 at 5:00 pm (prevailing Eastern Time):

*[handwritten: Securities]*

(a)    **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is
established as the deadline (the "Retail Notes Bar Date") for each
person or entity (including, without limitation, each individual,
partnership, joint venture, corporation, estate, trust and governmental
unit) to file proofs of claim based on the Retail Notes Program;

*[handwritten left margin: Program Securities]*

(b)    the Debtors are authorized to, and will, modify the Bar Date Notice
and Proof of Claim Form as necessary to provide notice of the Retail
Notes Bar Date (such revised Bar Date Notice, the "Retail Notes Bar
Date Notice", and such revised Proof of Claim Form, the "Retail Notes
Proof of Claim Form");

*[handwritten right margin: THIS WILL COVER 99%, LEHMAN CAN TRANSLATE INTO H]*

(c)    the Debtors are authorized to, and will, translate the Retail Notes Bar
Date Notice into various foreign languages; it being understood that
claims submitted in respect of the Retail Notes must: (i) be written in
the English language; (ii) to the extent a claim amount is reflected
thereon, be denominated in lawful currency of the United States; (iii)
conform substantially with the Retail Notes Proof of Claim Form; (iv)
state the name and case number of the specific Debtor against which
it is filed; and (v) be signed by the claimant or by an authorized agent
of the claimant;

*[handwritten right margin: , pounds steerling, euros or Swiss Francs]*

*[handwritten: THIS GETS THE "LEGALLY AUTHORIZED" POINT]*

*[handwritten left margin: (which shall be clearly stated in plain language Instructions to be provided on the website together with the list)]*

(d)    the Debtors, the Creditors' Committee and the account holders under
the Retail Notes Program that identify themselves to the Debtors or
the Creditors' Committee will work in good faith to agree on the list of
securities to be included on the "Lehman Affiliate Retail Notes" list
prior to July 10, 2009, which list will include the International
Securities Identification Number (ISIN) and Committee on Uniform
Securities Identification Procedures (CUSIP) number for each note in
the Retail Note Program, and the Court may consider any dispute as
to the content of such list on an expedited basis;

(e)    notice of the entry of this Order, of the Bar Date and of the Retail
Notes Bar Date in the form of the Retail Notes Bar Date Notice shall
be deemed good, adequate, and sufficient notice if it is served by
deposit in the United States mail, first class postage prepaid, on or

*[handwritten right margin: or security holders]*

*[handwritten bottom: - LEHMAN SHOULD PROVIDE FIRST DRAFT OF LIST]*
*[handwritten bottom: - LEHMAN SHOULD PROVIDE NOTICE ON CONTACT HOLDERS]*
*[handwritten bottom: - DATE SHOULD BE 5 DAYS AFTER NOTICE]*
*[handwritten bottom: & INVITE THEM TO INSPECT LIST ON WEB]*

*[handwritten: Standard]* *[handwritten: In accordance with the Clearing Systems for notices to security holders]* *[handwritten: (the "Clearing Systems")]*

*[handwritten: WRONG]*

before July 24, 2009 upon: (i) the U.S. Trustee, (ii) Euroclear and Clearstream as depositories and clearing agents for the Retail Notes Program and (iii) each of the issuers (and their representative or administrator) of the Retail Notes Program, and request that such parties distribute such notice to the account holders of the Retail Notes Program;

*[handwritten: THIS IS A WASTE OF TIME TO MONEY, BUT OK]*

(f)     pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice substantially in the form of the Retail Notes Bar Date Notice once in one leading national newspaper in each of Italy, France, Germany, Switzerland and Japan, each at least sixty (60) days prior to the Retail Notes Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the Retail Notes Bar Date and the procedures for filing Proofs of Claim and Retail Notes Proofs of Claim in these cases;

*[handwritten: WHAT IF THE CLAIM IS BOTH DIRECT & UNDER GUARANTEE]*

*[handwritten: IF THIS IS "CLAIM BASED" ON WRITING THEN IT DOESN'T WORK.]*

(g)     any person or entity that files a claim ~~solely~~ based on a Guarantee of the Retail Notes Program is not required to complete the Guarantee Questionnaire in respect of such claim;

*[handwritten: ZOE— WHAT IS THIS?]*

(h)     other than any documentation required pursuant to Bankruptcy Rule 3001(c), holders that file claims based on the Retail Notes Program are not required to attach or submit any documentation supporting any claim under the Retail Notes Program;

(i)     the Debtors will not object to, or seek to disallow, any claims based on the Retail Notes Program on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b); provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the Retail Notes Program on all other grounds;

(j)     the party that files a claim based on the Retail Notes Program (whether the depository, account holder, fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions and undertakes all responsibility with respect to any objection interposed as to such claim; and

*[handwritten: or on the grounds that no amount (or the wrong amount) was stated in the Program Proof of Claim]*

(k)     other than as specifically provided in clauses (a) through (j) above, all provisions of this Order apply to holders of claims under the Retail Notes Program and holders of claims based on the Retail Notes Program are required to comply with all provisions of this Order;

and it is further

*[handwritten: OK IF ADMINISTRATIVE— BUT NOT FRAUDULENT CONVEYANCE OR PREFERENCE]*

## **EXHIBIT 4**

**Revised Draft of Proposed Procedures Dated June 30, 2009**

**CGSH Comments June 30, 2009**

ORDERED that notwithstanding anything to the contrary contained in this Order, the following procedures apply to the filing of any and all claims against the Debtors arising from that certain set of notes **and certificates** issued by the Debtors **or any of the Debtors**' affiliates **outside of the United States pursuant to fiscal agency agreements**, and any Guarantees issued in connection therewith, solely to the extent identified on http://www.lehmandocket.com under the heading "Lehman ~~Affiliate Retail Notes" (the "Retail Notes Program~~**Programs Securities" (the "Securities Programs**") as of July 15, 2009 at 5:00 pm (prevailing Eastern Time):

(a)      **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "~~Retail Notes~~**Securities Programs** Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) **(the "Filing Entities" and each a "Filing Entity")** to file proofs of claim based on the ~~Retail Notes Program~~**Securities Programs**;

(b)      the Debtors are authorized to, and will, modify the Bar Date Notice and Proof of Claim Form as necessary to provide notice of the ~~Retail Notes~~**Securities Programs** Bar Date (such revised Bar Date Notice, the "~~Retail Notes~~**Securities Programs** Bar Date Notice", and such revised Proof of Claim Form, the "~~Retail Notes~~**Securities Programs** Proof of Claim Form");

(c)      the Debtors are authorized to, and will, translate the ~~Retail Notes~~**Securities Programs** Bar Date Notice into various foreign languages; it being understood that claims submitted in respect of the ~~Retail Notes~~**Securities Programs** must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States **using the exchange rate as applicable as of September 15, 2009 (provided, however, that a Filing Entity shall not be required to identify the claim amount)**; (iii) conform substantially with the ~~Retail Notes~~**Securities Programs** Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; and (v) be signed by the ~~claimant~~**Filing Entity** or by an authorized agent of the ~~claimant~~**Filing Entity**;

(d)      the Debtors, ~~the Creditors' Committee and the account holder under the Retail Notes Program that identify themselves to the Debtors or the Creditors' Committee will work in good faith to agree on the list of securities to be included on the "Lehman Affiliate Retail Notes" list prior to July 10, 2009,~~ **shall publish on the Debtor's website (http://www.lehmandocket.com) a proposed list of "Lehman Programs Securities,"** which list will include the International Securities Identification Number (ISIN)

1

CGSH Comments June 30, 2009

and**/or** Committee on Uniform Securities Identification Procedures (CUSIP) number ~~for each note in the Retail Note Program, and the Court may consider any dispute as to the content of such list~~**, as applicable, for each note or certificate in the Securities Programs, no later than July 3, 2009 at 5:00 pm (prevailing Eastern Time), and the Debtors, the Creditors' Committee, the account holders [or security holders] under the Securities Programs that identify themselves to the Debtors or the Creditors' Committee, and the trustees for Lehman Brothers Treasure Co. B.V. and other applicable foreign proceedings will work in good faith to develop a complete list of "Lehman Programs Securities" prior to July 10, 2009;**

(e)      **In the event there are any disputes concerning the contents of the list of "Lehman Program Securities," the Court may consider such disputes** on an expedited basis **with notice to the disputing parties**;

(e**f**)   notice of the entry of this Order, of the Bar Date and of the ~~Retail Notes~~**Securities Programs** Bar Date in the form of the ~~Retail Notes~~**Securities Programs** Bar Date Notice shall be deemed good, adequate, and sufficient notice if it is **(i)** served by deposit in the United States mail, first class postage prepaid, on or before July 24, 2009 upon~~:~~ **(i)**1 the U.S. Trustee, (ii**2**) Euroclear and Clearstream ~~as depositories and clearing agents for the Retail Notes Program and (iii~~**(collectively, the "Clearing Systems") and (3** each of the issuers (and their representative or administrator) of the ~~Retail Notes Program, and request that such parties distribute such notice~~**Securities Programs, and (ii) the Clearing Systems promptly distribute the Securities Program Bar Date Notice** to the account holders **[and/or security holders]** of the ~~Retail Notes Program~~**Securities Programs**;

(f**g**)   pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice **(translated into the appropriate language)** substantially in the form of the ~~Retail Notes~~**Securities Programs** Bar Date Notice ~~once~~**at least one day** in one leading national newspaper in each of Italy, **Spain,** France, Germany, Switzerland and Japan, each at least sixty (60) days prior to the ~~Retail Notes~~**Securities Programs** Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the ~~Retail Notes~~**Securities Programs** Bar Date and the procedures for filing Proofs of Claim and ~~Retail Notes~~**Securities Programs** Proofs of Claim in these cases;

2

CGSH Comments June 30, 2009

(g**h**)   any person or entity that files a claim ~~solely~~ based on a Guarantee of the ~~Retail Notes Program~~**Securities Programs** is not required to complete the Guarantee Questionnaire in respect of such claim;

(h)   ~~other than any documentation required pursuant to Bankruptcy Rule 3001(c),~~ **i)**      holders that file claims based on the ~~Retail Notes Program~~**Securities Programs** are not required to attach or submit any documentation supporting any claim under the ~~Retail Notes Program~~**Securities Programs**;

(i)   **j)      Claims based on the Securities Programs shall not be disallowed and** the Debtors will not object to, or seek to disallow, any claims based on the ~~Retail Notes Program~~**Securities Programs** on the ground that **(i)** such claims were not filed by the proper party or an authorized party, as contemplated by Bankruptcy Rule 3001(b)**, or (ii) the Filing Entities did not provide claim amounts or provided incorrect claim amounts in the filed claims**; provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the ~~Retail Notes Program~~**Securities Programs** on all other grounds**, and reserve all rights to object to the stated amount of any claim**;

(j**k**)   the party that files a claim based on the ~~Retail Notes Program~~**Securities Programs** (whether the depository, account holder, **record holder,** fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices **with respect to the filed claim in the U.S. bankruptcy proceedings** and distributions**, if any, provided in the U.S. bankruptcy proceedings,** and undertakes all responsibility with respect to any objection interposed as to such claim**, each to the extent permitted by applicable law.  For the avoidance of doubt, a Filing Entity that files a claim on behalf of multiple account holders [or security holders] shall not be required to provide identifying information for such account holders [or security holders]**; and

(k**l**)   other than as specifically provided in clauses (a) through (j) above, all provisions of this Order apply to holders of claims under the ~~Retail Notes Program~~**Securities Programs** and holders of claims based on the ~~Retail Notes Program~~**Securities Programs** are required to comply with all provisions of this Order;

and it is further

3

4

## **EXHIBIT 5**

**LBTCBV Comments to Draft of Proposed Procedures Dated June 30, 2009**

LBT Comments to WGM Draft 6/30/09

ORDERED that notwithstanding anything to the contrary contained in this

Order, the following procedures apply to the filing of any and all claims against the Debtors

arising from that certain set of notes issued by the Debtors' affiliates, and any Guarantees

issued in connection therewith, solely to the extent identified on http://www.lehman-

docket.com under the heading "Lehman Affiliate Retail Notes" (the "Retail Notes

Programs") as of July 15, 2009 at 5:00 pm (prevailing Eastern Time):

(a)     **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is
established as the deadline (the "Retail Notes Bar Date") for each
person or entity (including, without limitation, each individual,
partnership, joint venture, corporation, estate, trust and governmental
unit) to file proofs of claim based on the Retail Notes Programs;

(b)     the Debtors are authorized to, and will, modify the Bar Date Notice
and Proof of Claim Form as necessary to provide notice of the Retail
Notes Bar Date (such revised Bar Date Notice, the "Retail Notes Bar
Date Notice", and such revised Proof of Claim Form, the "Retail
Notes Proof of Claim Form");

(c)     the Debtors are authorized to, and will, translate the Retail Notes Bar
Date Notice into various foreign languages; it being understood that
claims submitted in respect of the Retail Notes must: (i) be written in
the English language; (ii) to the extent a claim amount is reflected
thereon, be denominated in lawful currency of the United States; (iii)
conform substantially with the Retail Notes Proof of Claim Form; (iv)
state the name and case number of the specific Debtor against which
it is filed; (v) include the International Securities Identification
Number ("ISIN") or Committee on Uniform Securities Identification
Procedures number ("CUSIP") as applicable and (vi) be signed by the
claimant or by an authorized agent of the claimant;

(d)     the Debtors, the Creditors' Committee and the account holders under
the Retail Notes ProgramPrograms that identify themselves to the
Debtors or the Creditors' Committee will work in good faith to agree
on the list of securities to be included on the "Lehman Affiliate Retail
Notes" list prior to July 10, 2009, which list will include the
International Securities Identification Number (ISIN) and Committee
on Uniform Securities Identification Procedures (CUSIP) number for
each note in the Retail Note ProgramPrograms, and the parties will

US_ACTIVE:\43088118\04\43088118_4.DOC\58399.0003

1

[New York #2135730 v1]

jointly ask the Court mayto consider any dispute as to the content of such list on an expedited basis;[1]

(e)    notice of the entry of this Order, of the Bar Date and of the Retail Notes Bar Date in the form of the Retail Notes Bar Date Notice shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before July 24, 2009 upon: (i) the U.S. Trustee, (ii) Euroclear, and Clearstream and other entities acting as depositories and clearing agents for the Retail Notes Programs and (iii) each of the issuers (and their representative or administrator) of the Retail Notes Programs,

(f)    the Debtors shalland request that the parties identified in subclauses (ii) and (iii) of clause (e) above such parties distribute such notice to the account holders of the Retail Notes ProgramPrograms, provided that nothing contained herein shall require such parties to distribute such notices;

(fg)    pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice substantially in the form of the Retail Notes Bar Date Notice once in one leading national newspaper in each of The Netherlands, the United Kingdom, Spain, Australia, Italy, France, Germany, Switzerland and Japan, each at least sixty (60) days prior to the Retail Notes Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the Retail Notes Bar Date and the procedures for filing Proofs of Claim and Retail Notes Proofs of Claim in these cases;

(gh)    any person or entity that files a claim solely based on a Guarantee of the Retail Notes ProgramPrograms is not required to complete the Guarantee Questionnaire in respect of such claim;

(hi)    other than any documentation required pursuant to Bankruptcy Rule 3001(c), holders that file claims based on the Retail Notes ProgramPrograms are not required to attach or submit any

---

[1] For the avoidance of doubt, the list of securities to be included on the Lehman Affiliate retail Notes list is intended to include all of the notes issued by Lehman Brothers Treasury Co. B.V. ("LBT") and Lehman Brothers Bankkhaus AG under that certain U.S.$100,000,000,000 Euro Medium Term-Note Program as well as all of the notes and certificates issued by LBT under the following Retail Notes Programs: (i) that certain U.S.$4,000,000,000 German Note Issuance Programme, as described in a certain Base Prospectus dated August 28, 2007, (ii) the Swiss Certificates Programme, as described in a certain Programme Prospectus date November 29, 2007 and (iii) the Italian Inflation Linked Notes dated December 2005 – December 1017.

documentation supporting any claim under the Retail Notes ~~Program~~Programs;

(j~~i~~)    the Debtors will not object to, or seek to disallow, any claims based on the Retail Notes ~~Program~~Programs on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b); provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the Retail Notes ~~Program~~Programs on all other grounds;

(k~~j~~)    the party that files a claim based on the Retail Notes ~~Program~~Programs (whether the depository, account holder, fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions and undertakes all responsibility with respect to any objection interposed as to such claim; and

(l~~k~~)    other than as specifically provided in clauses (a) through (k~~j~~) above, all provisions of this Order apply to holders of claims under the Retail Notes ~~Program~~Programs and holders of claims based on the Retail Notes ~~Program~~Programs are required to comply with all provisions of this Order;

and it is further

## **EXHIBIT 6**

**Composite Draft of Proposed Procedures Dated July 1, 2009**

**CGSH and PWRWG Comments July 1, 2009**

ORDERED that notwithstanding anything to the contrary contained in this Order, the following procedures apply to the filing of any and all claims against the Debtors arising from ~~that certain set of notes~~**securities** issued by the Debtors~~' affiliates, and any Guarantees issued in connection therewith~~ **or any of the Debtors' affiliates outside of the United States (including any claims under a related Guarantee)**, solely to the extent identified on http://www~~/~~.lehmandocket.com under the heading "Lehman ~~Affiliate Retail Notes" (the "Retail Notes~~**Programs Securities" (any such security, a "Lehman** Program **Security**") as of July ~~15,~~**[15],** 2009 at 5:00 pm (prevailing Eastern Time):

(a) **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "~~Retail Notes~~**Securities Programs** Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) **(the "Filing Entities" and each a "Filing Entity")** to file proofs of claim based on ~~the Retail Notes~~**any Lehman** Program **Security**;

(b) the Debtors**, in coordination with the Creditors' Committee,** are authorized to, and will, modify the Bar Date Notice and Proof of Claim Form as necessary to provide notice of the ~~Retail Notes~~**Securities Programs** Bar Date (such revised Bar Date Notice, the "~~Retail Notes~~**Securities Programs** Bar Date Notice", and such revised Proof of Claim Form, the "~~Retail Notes~~**Securities Programs** Proof of Claim Form");

(c) the Debtors are authorized to, and will, translate the ~~Retail Notes~~**Securities Programs** Bar Date Notice into ~~various~~**relevant** foreign languages; it being understood that claims submitted in respect of ~~the Retail Notes~~**any Lehman Program Security** must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States **using the exchange rate as applicable as of September 15, 2009 (provided, however, that a Filing Entity shall not be required to identify the claim amount)**; (iii) conform substantially with the ~~Retail Notes~~**Securities Programs** Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; and (v) be signed by the ~~claimant~~**Filing Entity** or by an authorized agent of the ~~claimant~~**Filing Entity**;

(d) the Debtors~~, the Creditors' Committee and the account holder under the Retail Notes Program that identify themselves to the Debtors or the Creditors' Committee will work in good faith to agree on the list of securities to be included on the "Lehman Affiliate Retail Notes" list prior to July 10, 2009~~**, shall publish on**

1

**CGSH and PWRWG Comments July 1, 2009**

**the Debtor's website (http://www.lehmandocket.com) a proposed list of "Lehman Programs Securities," to include at a minimum issuances under the Euro Medium Term Note Program, the German certificate and warrants program, the Lehman Holdings plc securities program, the Swiss Certificates Program, and the Italian Inflation Linked Notes Program,** which list will include the International Securities Identification Number (ISIN) and**/or** Committee on Uniform Securities Identification Procedures (CUSIP) number ~~for each note in the Retail Note Program, and the Court may consider any dispute as to the content of such list~~**, as applicable, for each Lehman Program Security, no later than July [3], 2009 at 5:00 pm (prevailing Eastern Time), and the Debtors, the Creditors' Committee, the account holders or holders of any Lehman Program Security that identify themselves to the Debtors or the Creditors' Committee, and the trustees for Lehman Brothers Treasury Co. B.V. and other applicable foreign proceedings will work in good faith to develop a complete list of "Lehman Programs Securities" no later than July [10], 2009;**

**(e)      In the event there are any disputes concerning the contents of the list of "Lehman Program Securities," the Court may consider such disputes** on an expedited basis **with notice to the disputing parties**;

(e**f**) notice of the entry of this Order, of the Bar Date and of the ~~Retail Notes~~**Securities Programs** Bar Date in the form of the ~~Retail Notes~~**Securities Programs** Bar Date Notice shall be deemed good, adequate, and sufficient notice if it is **(i)** served by deposit in the United States mail, first class postage prepaid, on or before July ~~24,~~**[24],** 2009 upon: ~~(i~~**1**) the U.S. Trustee, (ii**2**) Euroclear ~~and Clearstream as depositories and clearing agents for the Retail Notes Program and (iii~~**, Clearstream and the Depository Trust Company and other similar clearing systems identified by the Debtors, the Creditors' Committee, the account holders or holders of any Lehman Program Security that identify themselves to the Debtors or the Creditors' Committee, and the trustees for Lehman Brothers Treasury Co. B.V. and other applicable foreign proceedings (collectively, the "Clearing Systems") and (3**) each of the issuers (and their representative or administrator) of the ~~Retail Notes~~**Lehman** Program **Securities (the "Issuers")**, and **(ii) the Debtors** request that ~~such parties~~**the Clearing Systems and the Issuers promptly** distribute ~~such notice~~**the Securities Program Bar Date Notice** to the account

2

**CGSH and PWRWG Comments July 1, 2009**

holders ~~of the Retail Notes Program~~**and/or holders of any Lehman Program Security**;

(~~f~~**g**)     pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice **(translated into the appropriate language)** substantially in the form of the ~~Retail Notes~~**Securities Programs** Bar Date Notice ~~once~~**at least one day** in one leading national newspaper in each of Italy, **Spain,** France, Germany, ~~Switzerland~~**the Netherlands (in English), Switzerland [Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Greece, Brazil, Argentina, New York]** and Japan, each at least sixty (60) days prior to the ~~Retail Notes~~**Securities Programs** Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the ~~Retail Notes~~**Securities Programs** Bar Date and the procedures for filing Proofs of Claim and ~~Retail Notes~~**Securities Programs** Proofs of Claim in these cases;

(~~g~~**h**)     any person or entity that files a claim ~~solely~~ based on a Guarantee of ~~the Retail Notes~~**any Lehman** Program **Security** is not required to complete the Guarantee Questionnaire **or Derivative Questionnaire** in respect of such claim;

(~~h~~**i**)     [other than ~~any documentation required pursuant to Bankruptcy Rule 3001(c),~~**in response to an objection,]** holders that file claims based on ~~the Retail Notes~~**any Lehman** Program **Security** are not required to attach or submit any documentation supporting ~~any~~**that** claim ~~under the Retail Notes Program~~;

(~~i~~     **j**)     **Claims based on any Lehman Program Security shall not be disallowed and** the Debtors will not object to, or seek to disallow, any claims based on ~~the Retail Notes~~**any Lehman** Program **Security** on the ground that **(i)** such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)**, or (ii) the Filing Entities did not provide claim amounts, provided incorrect claim amounts, or provided claim amounts in a currency other than the lawful currency of the United States in the filed claims**; provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on ~~the Retail Notes~~**any Lehman** Program **Security** on all other grounds**, and reserve all rights to object to the stated amount of any claim**;

(**k**)     **A Filing Entity that files a claim based on any Lehman Program Security for a notional amount of securities shall be deemed to have reserved all rights to demand a higher amount**

3

**either (i) by amendment of the proof of claim, (ii) following an objection to the claim, or (iii) through such other valuation procedures as determined by the Court; provided, however, that the Debtors reserve all rights to object to the claim on the basis that the claim should be valued at an amount lower than the notional amount of the claim;**

(j**l**) ~~the party~~**A Filing Entity** that files a claim based on ~~the Retail Notes~~**any Lehman** Program **Security** (whether the depository, account holder, **record holder,** fiscal agent, beneficial holder or other holder), by filing such claim, consents to and hereby is deemed to be the claimant for the purpose of receiving notices ~~and distributions and undertakes all responsibility with respect~~**with respect to the filed claim in the U.S. bankruptcy proceedings and distributions, if any, provided in the U.S. bankruptcy proceedings, responding** to any objection interposed as to such claim**, each to the extent permitted by applicable law, provided, however, that nothing shall limit the ability of any creditor with respect to a particular series of any Lehman Program Security to respond to such an objection with respect to that series.  For the avoidance of doubt, a Filing Entity that files a claim on behalf of multiple account holders or holders of any Lehman Program Security shall not be required to provide identifying information for such account holders or holders of any Lehman Program Security;**

(**m**)    **The Debtors shall make objections, if any, to claims under any particular series of any Lehman Program Security on an omnibus basis with respect to such series, with notice provided to all Filing Parties that have filed a claim with respect to such series**; and

(k**n**)    other than as specifically provided in clauses (a) through (j**m**) above, all provisions of this Order apply to holders of claims ~~under the Retail Notes~~**based on Lehman** Program **Securities** and holders of claims based on ~~the Retail Notes~~**Lehman** Program **Securities** are required to comply with all provisions of this Order;

and it is further

4

## **EXHIBIT 7**

**Debtors' Revised Draft of Proposed Procedures Dated July 1, 2009**

ORDERED that notwithstanding anything to the contrary contained in this Order, the following procedures apply to the filing of any and all claims (including any claims under a related Guarantee) against the Debtors arising from t̶h̶a̶t̶ ̶c̶e̶r̶t̶a̶i̶n̶ ̶s̶e̶t̶ ̶o̶f̶ n̶o̶t̶e̶s̶securities issued by the Debtors a̶f̶f̶i̶l̶i̶a̶t̶e̶s̶,̶ ̶a̶n̶d̶ ̶a̶n̶y̶ ̶G̶u̶a̶r̶a̶n̶t̶e̶e̶s̶ ̶i̶s̶s̶u̶e̶d̶ ̶i̶n̶ ̶c̶o̶n̶n̶e̶c̶t̶i̶o̶n̶ t̶h̶e̶r̶e̶w̶i̶t̶h̶or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www̶.̶,̶lehman-docket.com under the heading "Lehman A̶f̶f̶i̶l̶i̶a̶t̶e̶ ̶R̶e̶t̶a̶i̶l̶ N̶o̶t̶e̶s̶"̶ ̶(̶t̶h̶e̶ ̶"̶R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶Programs Securities" (any such security, a "Lehman Program Security") as of July 1̶5̶,̶[15], 2009 at 5:00 pm (prevailing Eastern Time):

(a)    **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶Securities Programs Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) (the "Filing Entities" and each a "Filing Entity") to file proofs of claim based on t̶h̶e̶ ̶R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶any Lehman Program Security;

(b)    the Debtors, in coordination with the Creditors' Committee, are authorized to, and will, modify the Bar Date Notice and Proof of Claim Form as necessary to provide notice of the R̶e̶t̶a̶i̶l̶ N̶o̶t̶e̶s̶Securities Programs Bar Date (such revised Bar Date Notice, the "R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶Securities Programs Bar Date Notice", and such revised Proof of Claim Form, the "R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶Securities Programs Proof of Claim Form");

(c)    a̶l̶l̶ ̶c̶l̶a̶i̶m̶s̶ ̶f̶i̶l̶e̶d̶ ̶b̶a̶s̶e̶d̶ ̶o̶n̶ ̶t̶h̶e̶ ̶R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶ ̶P̶r̶o̶g̶r̶a̶m̶ ̶a̶r̶e̶ ̶r̶e̶q̶u̶i̶r̶e̶d̶ ̶t̶o̶ ̶b̶e̶ f̶i̶l̶e̶d̶ ̶o̶n̶ ̶a̶ ̶f̶o̶r̶m̶ ̶t̶h̶a̶t̶ ̶s̶u̶b̶s̶t̶a̶n̶t̶i̶a̶l̶l̶y̶ ̶c̶o̶n̶f̶o̶r̶m̶s̶ ̶t̶o̶ ̶t̶h̶e̶ ̶R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶ ̶P̶r̶o̶o̶f̶ o̶f̶ ̶C̶l̶a̶i̶m̶ ̶F̶o̶r̶m̶;̶(̶d̶)̶ ̶ ̶ ̶ ̶ ̶ ̶the Debtors are authorized to, and will, translate the R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶Securities Programs Bar Date Notice into v̶a̶r̶i̶o̶u̶s̶relevant foreign languages; it being understood that claims submitted in respect of t̶h̶e̶ ̶R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶any Lehman Program Security must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States using the exchange rate as applicable as of September 15, 2009; (iii) conform substantially with the R̶e̶t̶a̶i̶l̶ ̶N̶o̶t̶e̶s̶Securities Programs Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; (v) s̶e̶t̶ ̶f̶o̶r̶t̶h̶ ̶w̶i̶t̶h̶ s̶p̶e̶c̶i̶f̶i̶c̶i̶t̶y̶ ̶t̶h̶e̶ ̶l̶e̶g̶a̶l̶ ̶a̶n̶d̶ ̶f̶a̶c̶t̶u̶a̶l̶ ̶b̶a̶s̶i̶s̶ ̶f̶o̶r̶ ̶t̶h̶e̶ ̶a̶l̶l̶e̶g̶e̶d̶ ̶c̶l̶a̶i̶m̶;̶ a̶n̶d̶identify the International Securities Identification Number ("ISIN") and/or Committee on Uniform Securities Identification

US_ACTIVE:\43088118\0̶3̶0̶6̶\43088118_3̶_6.DOC\5̶8̶3̶9̶9̶.̶0̶0̶0̶3̶.

1

[New York #2135719 v1]

Procedures ("CUSIP") number, as applicable, for each Lehman Program Security; (vi) include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number; (vii) be signed by the ~~claimant~~Filing Entity or by an authorized agent of the ~~claimant;~~Filing Entity;

~~(e)~~    (d)    the Debtors shall publish on http://www.lehman-docket.com a proposed list of "Lehman Programs Securities," to include at a minimum issuances under (i) that certain U.S.$100,000,000,000 Euro Medium Term-Note Program, (ii) that certain U.S.$4,000,000,000 German Note Issuance Programme, as described in a certain Base Prospectus dated August 28, 2007, (iii) the Swiss Certificates Programme, as described in a certain Programme Prospectus date November 29, 2007 and (iv) the Italian Inflation Linked Notes dated December 2005 – December 2017, which list will include the ISIN and/or CUSIP, as applicable, for each Lehman Program Security, no later than July [3], 2009 at 5:00 pm (prevailing Eastern Time), and the Debtors, the Creditors' Committee ~~and the account holders under the Retail Notes Program~~, the account holders or holders of any Lehman Program Security that identify themselves in writing to the Debtors, and the trustees for Lehman Brothers Treasury Co. B.V. and other applicable foreign proceedings will work in good faith to agree on the~~a~~ list of ~~securities to be included on the "Lehman Affiliate Retail Notes" list prior to July 10, 2009 and~~"Lehman Programs Securities" by no later than July [10], 2009;

(e)    in the event there are any disputes concerning the contents of the list of "Lehman Program Securities," the Court may consider ~~any dispute as to the content of~~ such list~~disputes~~ on an expedited basis with notice to the disputing parties;

(f)    notice of the entry of this Order, of the Bar Date and of the ~~Retail Notes~~Securities Programs Bar Date in the form of the ~~Retail Notes~~Securities Programs Bar Date Notice shall be deemed good, adequate, and sufficient notice if (i) it is served by deposit in the United States mail, first class postage prepaid, on or before July 24,~~[24],~~ 2009 upon~~:~~ (i1) the U.S. Trustee, ~~(ii) Euroclear and Clearstream as depositories for the Retail Notes Program and (iii~~2) Euroclear, Clearstream and the Depository Trust Company and other similar clearing systems (collectively, the "Clearing Systems") and (3) each of the issuers (and their representative or administrator) of the ~~Retail Notes~~Lehman Program Securities (the "Issuers"), and (ii) the Debtors request that ~~such parties distribute such notice to the beneficial holders of the Retail Notes~~the Clearing Systems and the Issuers promptly distribute the Securities Program Bar Date Notice to the account holders and/or holders of any Lehman Program Security;

US_ACTIVE:\43088118\0306\43088118_3.6.DOC\58399.0003.

(g)      pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice (translated into the appropriate language) substantially in the form of the ~~Retail Notes~~Securities Programs Bar Date Notice at least once in one leading national newspaper in each of Italy, Spain, France ~~and Germany, each at least forty-five (45~~, Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Greece, Brazil, Argentina, Australia and Japan, each at least sixty (60) days prior to the ~~Retail Notes~~Securities Programs Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the ~~Retail Notes~~Securities Programs Bar Date and the procedures for filing Proofs of Claim and ~~Retail Notes~~Securities Programs Proofs of Claim in these cases;

~~(g)      holders that file claims that are solely based on Guarantees of the Retail Notes Program are not required to complete the Guarantee Questionnaire in respect of such claims;~~

(h)      ~~other than any documentation required pursuant to Bankruptcy Rule 3001(c), holders~~any person or entity that files a claim based on a Guarantee of any Lehman Program Security is not required to complete the Guarantee Questionnaire or Derivative Questionnaire in respect of the portion of the claim that relates a such Lehman Program Security, but is required to complete the Guarantee Questionnaire with respect to all other portions of such claim based on a Guarantee or Derivative Contract;

(i)      persons or entities that file claims based on ~~the Retail Notes~~any Lehman Program Security are not required to attach or submit any documentation supporting any claim ~~under the Retail Notes Program~~based on such Lehman Program Security; provided however that, the Debtors reserve the right to seek production of all documentation required by Bankruptcy Rule 3001(c) as part of the claims reconciliation process;

~~(i)      the Debtors will not object to, or seek to disallow, any claims based on the Retail Notes Program~~j)  claims based on any Lehman Program Security shall be prima facie valid claims subject to all objections by the Debtors except objections on the ground that such claims ~~are~~were not filed by the proper party or an authorized agent~~; provided however, the Debtors reserve all rights to object to, and/or seek to disallow, claims based on the Retail Notes Program on all other grounds~~, as contemplated by Bankruptcy Rule 3001(b);

~~(j)      the party~~k)    a Filing Entity that files a claim based on ~~the Retail Notes Program (whether the account holder, fiscal agent or beneficial~~

3

holder)any Lehman Program Security, by filing such claim, for the purposes of U.S. bankruptcy proceedings, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions and undertakes all responsibility with respect, if any, and responding to any objection interposed as to such claim.  For the avoidance of doubt, a Filing Entity that files a claim on behalf of multiple account holders or holders of any Lehman Program Security shall not be required to provide identifying information for such account holders or holders of any Lehman Program Security;

(l)    nothing in this Order shall impose a duty or obligation on any party to any agreement related to any Lehman Program Security to file a claim beyond whatever duty or obligation currently exists in the applicable agreements for the Retail Notes Programs or applicable law; and

(km)    other than as specifically provided in clauses (a) through (jl) above, all provisions of this Order apply to holders of claims under the Retail Notesany Lehman Program Security and holders of claims based on the Retail Notessuch Lehman Program Security are required to comply with all provisions of this Order;

and it is further

Document comparison by Workshare Professional on Wednesday, July 01, 2009
3:59:12 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS/US_ACTIVE/43088118/3 |
| Description | #43088118v3<US_ACTIVE> - EMTN Rider |
| Document 2 ID | interwovenSite://USDMS/US_ACTIVE/43088118/6 |
| Description | #43088118v6<US_ACTIVE> - EMTN Rider |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 81 |
| Deletions | 60 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 141 |

5