Objection Deadline: December 4, 2009 at 12:00 p.m.<br>
Hearing Date and Time: December 16, 2009 at 10:00 a.m.

**BINGHAM MCCUTCHEN LLP**
Joshua Dorchak
Daniel F. Mitry
399 Park Avenue
New York, NY 10022
212.705.7000

Attorneys for Deutsche Bank AG

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>**LEHMAN BROTHERS HOLDINGS INC., et al.,**<br>Debtors. | **Chapter 11**<br>**Case No. 08-13555 (JMP)**<br>**(Jointly Administered)** |

**NOTICE OF HEARING ON MOTION OF DEUTSCHE BANK AG
TO PERMIT LATE CLAIM FILING PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)**

PLEASE TAKE NOTICE that the hearing on the annexed Motion of Deutsche Bank AG to Permit Late Claim Filing Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) (the "Motion") will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Room 601 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **December 16, 2009 at 10:00 a.m. (Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing

A/73193135.1

System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, in either case, with two hard copies delivered directly to the Chambers of the Honorable James M. Peck, U.S.B.J., United States Bankruptcy Court, One Bowling Green, Courtroom 601, New York, New York 10004; and shall be served upon: (i) counsel to the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iii) counsel for the Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., Evan Fleck, Esq.); and (iv) counsel to Deutsche Bank AG, Bingham McCutchen LLP, 399 Park Avenue, New York, New York 10022 (Attn: Joshua Dorchak, Esq.) so as to be received no later than **December 4, 2009, at 12:00 p.m. (Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections that have been filed and served by the Objection Deadline in accordance with the procedures herein may be considered by the Court at the Hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

PLEASE TAKE FURTHER NOTICE that the Court may grant the relief requested in the Motion without a hearing if no objections to the Motion are timely filed and served.

Dated: November 19, 2009
       New York, New York

                       **BINGHAM MCCUTCHEN LLP**

                       By: /s/ Joshua Dorchak
                            Joshua Dorchak
                            joshua.dorchak@bingham.com
                            Daniel F. Mitry
                            daniel.mitry@bingham.com
                            399 Park Avenue
                            New York, NY 10022
                            212.705.7000

                            Attorneys for Deutsche Bank AG

Objection Deadline: December 4, 2009 at 12:00 p.m.
Hearing Date and Time: December 16, 2009 at 10:00 a.m.

**BINGHAM MCCUTCHEN LLP**
Joshua Dorchak
Daniel F. Mitry
399 Park Avenue
New York, NY 10022
212.705.7000

Attorneys for Deutsche Bank AG

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC., et al.,**<br><br>Debtors. | **Chapter 11**<br>**Case No. 08-13555 (JMP)**<br>**(Jointly Administered)** |

### MOTION OF DEUTSCHE BANK AG TO PERMIT LATE CLAIM FILING PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)

Deutsche Bank AG ("DB") hereby moves this Court (the "Motion") to enter an order pursuant to Federal Rule of Bankruptcy Procedure 9006(b) permitting DB to file a late proof of claim against Lehman Brothers Holdings Inc. ("LBHI"). In support of the Motion, DB respectfully states as follows:

### PRELIMINARY STATEMENT

1. DB duly and timely filed numerous proofs of claim based on Lehman Programs Securities. For a single Programs Security, DB did not timely file a proof of claim, because that security was not in DB's Euroclear account, as it should have been, when DB reviewed the account in advance of preparing Programs Securities proofs of claim. The seller from which DB acquired the security had not transferred the security into DB's Euroclear account because of complications at Euroclear arising from the fact that the Note had matured in November 2008.

DB respectfully requests that this Court permit DB to file a proof of claim based upon this security (the "Claim") after the filing deadline. Because (i) the late filing would cause no material prejudice to the debtor, (ii) the length of delay and impact on the proceedings are both negligible, (iii) the delay was caused first by complications outside DB's control and then by miscommunications among DB and others, and (iv) DB has acted in good faith, the Motion should be granted.

## FACTS

2. The essential facts are set out in the accompanying Declaration of Philipp Roever, dated November 19, 2009 (the "DB Declaration"), annexed hereto as <u>Exhibit A</u>.

3. As memorialized by a confirmation dated September 10, 2009 (the "Confirm"), DB purchased from Hypo Alpe-Adria-Bank International AG (the "Seller"), a certain note (the "Note") in the face amount of EUR €5,000,000 (equal to US$6,448,534, as estimated by the parties) issued by Lehman Brothers Bankhaus AG, and guaranteed by LBHI, under a US$25,000,000,000 Euro Medium Term Note Program, Series No. 2411, Tranche No. 1, ISIN Code XS0205801789. DB Decl. ¶ 2.

4. The Confirm provides, among other things, for settlement of the trade "[a]s soon as reasonably practicable" and for the "transfer of [the] Note via Euroclear into [DB's] Euroclear account." DB Decl. ¶ 3.

5. The Note is a "Lehman Programs Security" as described in the Court's Order Pursuant To Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] and as listed at the Debtors' website http://www.lehman-docket.com (p. 1, l. 27). DB Decl. ¶ 4.

6. Around the time when the Seller and DB executed the Confirm, the Seller informed DB that the Seller was having difficulties in directing Euroclear to transfer the Note from the Seller's Euroclear account to DB's Euroclear account (the "Account") as a result of the fact that the Note had matured in November 2008. DB Decl. ¶ 5.

7. On information and belief, the Seller had further discussions with Euroclear and, on or about Friday, October 9, 2009, Euroclear informed the Seller that the Note could be transferred to the Account. DB Decl. ¶ 6.

8. On or about Monday, October 12, 2009, the Seller indicated to DB that the Note could now be transferred to the Account. DB Decl. ¶ 7.

9. On Tuesday, October 13, 2009, DB informed the Seller that DB would check with its back office about the transfer of the Note to the Account. DB Decl. ¶ 8.

10. On or about October 22, 2009, DB performed a comprehensive review of all securities held in the Account, in order to identify those that are Lehman Programs Securities ("DB Programs Securities") in advance of the October 23, 2009 deadline for requesting blocking numbers from Euroclear for Lehman Programs Securities. DB Decl. ¶ 9.

11. On October 23, 2009, DB duly requested blocking numbers from Euroclear for the DB Programs Securities and began preparing proofs of claim for the same. DB Decl. ¶ 10.

12. On October 30, 2009, DB timely filed proofs of claim for each of the DB Programs Securities. DB Decl. ¶ 11.

13. On or about November 6, 2009, the Seller transferred the Note to the Account. Upon learning of the transfer, DB made inquiries and eventually learned that the Seller had not transferred the Note to the Account previously, with the result that the Note was not among the DB Programs Securities for which DB timely filed proofs of claim. DB Decl. ¶ 12.

14. DB subsequently confirmed that the Seller did not file a proof of claim based on the Note. DB Decl. ¶ 13.

15. On information and belief, no person filed a proof of claim based on the Note. DB Decl. ¶ 14.

16. Recent inquiries from DB to the Seller and from the Seller to Euroclear have not clarified why the Note could not be transferred to the Account until November 6, 2009. DB Decl. ¶ 15.

## ARGUMENT

17. The standard for permitting late filed claims for excusable neglect under Bankruptcy Rule 9006(b)(1) was established by the Supreme Court in the *Pioneer* decision. *See generally Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993). The Supreme Court held, among other things, that (i) neglect in this context encompasses "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," and (ii) whether or not such neglect is "excusable" is an equitable matter, "taking into account all relevant circumstances surrounding the party's omission." *Id.* at 388, 395. The Supreme Court set forth four factors to be considered: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

18. Based on the four-factor *Pioneer* analysis, the Motion should be granted.

19. First, the Claim would not materially prejudice LBHI. The Claim certainly would not "jeopardize the success of the reorganization." *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.),* 419 F.3d 115, 130 (2d Cir. 2005). The face amount

of the Note (less than US$6,500,000) is, in this case, insignificant.  Moreover, LBHI has long been aware of its potential liability on the Note -- otherwise, the Note would not be on the Programs Securities List.

20.    Second, there has been a minimal delay.  About two weeks have passed since the applicable deadline, and LBHI presumably has just begun to review claims based on Lehman Programs Securities.  *See, e.g., In re Enron,* No. 01-16034 (AJG), 2003 WL 21756785, at *4-5 (Bankr. S.D.N.Y. July 30, 2003).  Including the Claim among the perhaps hundreds of filed claims based on Lehman Programs Securities would have no "impact on judicial proceedings" in this case.  *See id.*

21.    Third, the delay in filing the Claim is excusable.  The Claim would have been timely filed if the Seller had transferred the Note to the Account in advance of October 23, 2009, when DB began preparing its Programs Securities proofs of claim, as the Seller and DB originally agreed and as the Seller later indicated could occur.  DB Decl. ¶¶ 3, 5-10.  Although the precise nature of the difficulty encountered by the Seller in transferring the Note remains somewhat unclear, that initial difficulty was not of DB's making and was compounded by miscommunications between Euroclear and the Seller as well as the Seller and DB.  DB Decl. ¶¶ 5-8, 12, 15.

22.    In any event, excusable neglect is "not limited strictly to omissions caused by circumstances beyond the control of the movant."  *See Pioneer,* 507 U.S. at 392.  This is clearly not a situation where the claimant failed to take the filing deadline seriously.  *See id.; cf., e.g., Enron*, 419 F.3d at 126-27.  DB reviewed the Account, obtained blocking numbers, and timely and properly filed numerous proofs of claim based on Lehman Programs Securities.  DB Decl. ¶¶ 9-11.

23. <u>Fourth</u>, DB has acted in good faith.  *See generally* DB Decl.

24. As the Supreme Court held in *Pioneer*, "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." *Pioneer*, 507 U.S. at 398.  Here, these three factors and also the reason for the delay factor weigh in favor of the Motion. *See id.*

25. As an additional, procedural matter, DB respectfully requests that any requirement in the Bar Date Order for DB to obtain a blocking number in connection with the Claim be waived.  This would result in no prejudice to LBHI.  The blocking number requirement was designed to avoid duplicate filings, and there is no such risk here, since neither the Seller nor DB (nor, on information and belief, any other person) filed a proof of claim based on the Note. DB Decl. ¶¶ 12-14.  There is no need for a blocking number going forward:  in fact, as reported on the Website, LBHI has instructed the applicable clearing agencies to lift the blocking numbers from all Lehman Programs Securities.

## MEMORANDUM OF LAW

26. Because the legal points and authorities upon which this Motion relies are incorporated herein, DB respectfully requests that the requirement of service and filing of a separate memorandum of law pursuant to Rule 9013-1(b) of Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## NOTICE

27. DB has provided notice of the Motion pursuant to the Amended Order Implementing Certain Notice and Case Management Procedures entered in this case [Docket No. 2837].  DB submits that no other or further notice need be given.

## NO PRIOR REQUEST

28. No prior motion for the relief requested herein has been made to this Court or any other court. DB Decl. ¶ 17.

## CONCLUSION

29. For the foregoing reasons, DB respectfully moves this Court to enter an order in the form annexed hereto as Exhibit B, (i) permitting DB to file a Lehman Programs Securities proof of claim against LBHI based on the Note within ten days of the entry of the order, (ii) deeming such filing to be timely under Bankruptcy Rule 9006(b), (iii) waiving any requirement that DB obtain a blocking number in connection with such proof of claim, and (iv) granting such other and further relief as this Court deems just and equitable.

Dated: November 19, 2009
      New York, New York

**BINGHAM MCCUTCHEN LLP**

By: /s/ Joshua Dorchak
    Joshua Dorchak
    joshua.dorchak@bingham.com
    Daniel F. Mitry
    daniel.mitry@bingham.com
    399 Park Avenue
    New York, NY 10022
    212.705.7000

    Attorneys for Deutsche Bank AG