**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                    :
**In re**               :  **Chapter 11 Case No.**
                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :  **08-13555 (JMP)**
                    :
            **Debtors.**  :  **(Jointly Administered)**
                    :
----------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a)
AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR
AUTHORIZATION TO ENTER INTO AGREEMENTS TO PROVIDE
FUNDING TO LB RE FINANCING NO. 3 LIMITED (IN ADMINISTRATION) IN
<u>CONNECTION WITH CERTAIN REAL ESTATE INVESTMENTS</u>**

    Upon the motion, dated October 28, 2009 (the "<u>Motion</u>"), of Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for authorization to enter into a facilities agreement and an advisory agreement with LB RE Financing No. 3 Limited (in administration) ("<u>LB RE</u>") and Derek Anthony Howell, Anthony Victor Lomas and Dan Yoram Schwarzmann (the "<u>Joint Administrators</u>"), as well as other agreements relating thereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) LB RE and the Joint Administrators; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Statement of Affairs reflecting that LBHI collectively with its non-debtor affiliates, directly or indirectly, as of October 20, 2008, holds up to approximately 98% of the total claims against LB RE; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized, but not required, to enter into the Transaction Documents substantially on the terms and conditions identified in the Motion; and it is further

2

ORDERED that LBHI is authorized to take all further actions that may be necessary or required for LBHI's entry into and performance of the Transaction Documents; and it is further

ORDERED that the Debtors will not fund any amounts under clause 2.1 of the Facilities Agreement in excess of £1,600,000 without the consent of the Creditors' Committee or, in the absence thereof, further Order of the Court; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
   November 23, 2009

                                        *s/ James M. Peck*
                                      UNITED STATES BANKRUPTCY JUDGE