**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                            :
**In re**                                   :        **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                            :
                        **Debtors.**        :        **(Jointly Administered)**
                                            :
--------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE APPROVING ENTRY INTO ASSIGNMENT AND ASSUMPTION AGREEMENT REGARDING LEHMAN BROTHERS TRUST COMPANIES

Upon the motion, dated October 27, 2009 (the "Motion"), of Lehman

Brothers Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated

debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to

sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code")

authorizing, approving and ratifying LBHI's execution and performance under an

assumption and assignment agreement, all as more fully described in the Motion;[1] and the

Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided in accordance with the

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

procedures set forth in the amended order entered February 13, 2009 governing case

management and administrative procedures [Docket No. 2837]; and the Court having

found and determined that the relief sought in the Motion is in the best interests of LBHI,

its estate and creditors, and all parties in interest and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy

Code, LBHI's entry into the Agreement and the performance of its obligations thereunder

is authorized, approved and ratified; and it is further

ORDERED that LBHI is authorized, but not directed, to take all corporate

and other actions required by the Agreement, and authorized and, to the extent necessary,

empowered to expend funds of its estate pursuant to the Agreement; and it is further

ORDERED, that NB Group is hereby granted an allowed administrative

claim in LBHI's chapter 11 case pursuant to Section 364(c)(1) of the Bankruptcy Code

with respect to all obligations and liabilities of LBHI under the Agreement, including

with respect to the Indemnity Provisions and the Guarantee, which claim shall have

priority over all other claims against LBHI except that such claim shall be junior only to

the claim of the NB Group granted in connection with the IMD Sale; and it is further

ORDERED that no debt, liability, commitment or obligation (whether

direct or indirect, known or unknown, absolute or contingent, accrued or unaccrued,

liquidated or unliquidated, or due or to become due), whenever or however arising and

including all expenses relating thereto, including with respect to the Indemnity Provisions

and the Guarantee, and in respect of any other contractual obligation of LBHI under the

Agreement, shall be subject to objection or disallowance under section 502(e) of the

Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation and/or interpretation of this

Order.

Dated: New York, New York
November 23, 2009

_s/ James M. Peck_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE