UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.,* | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND PROTECTIVE ORDER BETWEEN THE EXAMINER
AND THE UNITED STATES DEPARTMENT OF THE TREASURY**

This Stipulation and Protective Order (the "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner appointed in the Chapter 11 Cases of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in possession (the "Debtors") in the Chapter 11 Cases, and (b) the United States Department of the Treasury (the "Treasury").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, *inter alia,* ordered: (a) the United States Trustee for the Southern District of New York to appoint an examiner (the "Examiner"), and (b) the Examiner to conduct an investigation into certain specified matters and to perform the duties set

1

forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner has requested that the Treasury produce certain documents and provide certain information relevant to the Examiner's Investigation (all documents and information provided by the Treasury or belonging to the Treasury and provided to the Examiner, the "Discovery Materials");

WHEREAS, the Treasury has requested, and the Examiner has agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the General Counsel of the Treasury, or his designee, authorized the production of certain Discovery Materials in response to the Examiner's requests;

WHEREAS, entry of this Stipulation and Protective Order is necessary to ensure that production of the Discovery Materials is lawful under 18 U.S.C. § 1905 and 31 C.F.R. Pt. 1, Subpt. B[1];

WHEREAS, the Examiner and the Treasury have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

---

[1] The Examiner does not concede, and nothing in this Order shall be construed to limit the Examiner's right to object to, the applicability of 31 C.F.R. Pt. 1, Subpt. B to his requests.

1.      Confidential Treasury Information or Highly Confidential Treasury Information (as those terms are defined below and referred to collectively hereafter as "Protected Discovery Materials") shall not be discussed with, disclosed to, or otherwise utilized by any person or entity, for any purpose, except as set forth in this Protective Order, provided that nothing in this Protective Order shall restrict the right or ability of the Treasury to do as it sees fit with Protected Discovery Information.

2.      For purposes of this Protective Order, the term "Confidential Treasury Information" shall mean and refer to all Discovery Materials, including all copies, reproductions, abstracts, excerpts, or analyses thereof, as well as other writings or documents that contain such Discovery Materials, which: (a) contain, reflect, or constitute a trade secret, proprietary data, or confidential commercial or financial information; (b) contain, reflect, or constitute an off-the-record or confidential discussion, conversation, or correspondence between Treasury employees and members of the media; (c) contain, reflect, or constitute a confidential or non-public New York Federal Reserve Bank, Treasury or other government analysis or summary of, or commentary on, financial market conditions or developments; (d) contain, reflect, or constitute a confidential or non-public discussion, conversation, or correspondence between Treasury employees and employees of the White House, the Federal Reserve Board of Governors, the New York Federal Reserve Bank, or other agencies of the Federal Government; (e) are protected from public disclosure by federal privacy laws, including but not limited to the Privacy Act of 1974, as amended, 5 U.S.C. § 552a; (f) are exempt from requests for information under the Freedom of Information Act, 5 U.S.C. § 552; (g) reveal, discuss, or relate to the deliberative processes of the Treasury or the Federal Government; or (h) are required by law or regulation to be kept confidential. "Confidential Treasury Information" shall not include: (a) information that

3

is at any time independently developed by the Examiner without use of or reliance upon any of the Confidential Treasury Information; (b) information rightfully acquired by the Examiner from an independent source without restrictions as to use; (c) information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; (d) information that is publicly available in substantially the same form in which it was provided by the Treasury; (e) information that is required by law to be made available to third parties; (f) or information that was, is, or becomes public knowledge, not in violation of this Protective Order.

3. For purposes of this Protective Order, the term "Highly Confidential Treasury Information" shall mean and refer to Confidential Treasury Information that Treasury reasonably believes to be particularly sensitive and worthy of heightened protection from use and disclosure.

4. Subject to the conditions and limitations set forth above and elsewhere herein, Treasury may designate any Discovery Materials, or any portions thereof, which it desires to be and reasonably believes should be treated as either "Confidential Treasury Information" or "Highly Confidential Treasury Information" by marking such Discovery Materials or testimony with the words "CONFIDENTIAL TREASURY INFORMATION - SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL TREASURY INFORMATION - SUBJECT TO PROTECTIVE ORDER," as applicable. For any Protected Discovery Materials that exist in an electronic format where the marking of individual files or pages is impracticable, Treasury shall instead mark the media that contains such Protected Discovery Materials as well as any cover letter that accompanies it.

5. The failure by Treasury to designate any Discovery Materials in accordance with Paragraph 4 above shall not constitute a waiver by Treasury of the assertion that such Discovery Materials are covered by this Protective Order. If at any time Treasury determines or realizes

that Discovery Materials previously produced or disclosed to the Examiner should be designated as Protected Discovery Materials, the Treasury may so apprise the Examiner in writing, and such designated Discovery Materials will thereafter be treated as Protected Discovery Materials under the terms of this Protective Order, provided, however, that the Treasury shall, at its cost, provide the Examiner with substitute copies, bearing the appropriate designations, of any such Protected Discovery Materials.

6.      The Examiner shall use Protected Discovery Materials only for the purpose of discharging his Court-appointed duties in connection with the Examiner Investigation. Protected Discovery Materials shall not be used for any other purpose, including but not limited to commercial, business, competitive, or other purposes, without the prior written consent of the Treasury.

7.      Protected Discovery Materials shall not be discussed with or disclosed to any person or entity, other than with or to: (a) counsel to the Examiner, including its attorneys, paralegals, and staff, to the extent that they require such Protected Discovery Materials for the performance of their duties relating to the Examiner Investigation; (b) the Bankruptcy Court and its personnel; and (c) the following "Qualified Persons," to the extent they have a need for such Protected Discovery Materials in connection with the Examiner Investigation: (1) experts or consultants retained by the Examiner to provide specialized advice in connection with the Examiner Investigation; (2) outside contractors hired to copy, image, sort, or otherwise manage the storage or retrieval of documents in connection with the Examiner Investigation; (3) witnesses that the Examiner has a good-faith basis to believe have previously seen the protected document; and (4) other persons upon further order of the Court or consent of the Treasury.

5

8. Before the Examiner may disclose Protected Discovery Materials to any Qualified Person identified in paragraph 7(c), the Examiner shall provide the Qualified Person with a copy of this Protective Order along with a copy of the Non-Disclosure Certificate attached hereto as Exhibit A, and the Examiner shall obtain from the Qualified Person an executed copy of the Non-Disclosure Certificate. The Examiner shall retain all executed Non-Disclosure Certificates pending further order of the Bankruptcy Court or for a period of one-year following the closing of the Examiner Investigation.

9. The Examiner shall not disclose Highly Confidential Treasury Information to any Qualified Person identified in paragraph 7(c) above without the prior written consent of Treasury. In the event the Examiner deems it necessary to disclose Highly Confidential Treasury Information to a Qualified Person, the Examiner shall provide reasonable notice to the Treasury. The Treasury and the Examiner shall use their best efforts within five (5) business days to allow the use of such Highly Confidential Treasury Information, while protecting the Treasury's need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted, reevaluating whether such material should be designated Highly Confidential Treasury Information, or considering other means to allow the Examiner to carry out his duties while protecting the confidentiality of such information. In the event the Examiner and the Treasury cannot resolve an issue concerning the use of Highly Confidential Treasury Information, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis. In that event, no Highly Confidential Treasury Information shall be disclosed by the Examiner prior to a determination by the Court.

10. All Protected Discovery Materials filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that discuss or

6

reveal such Protected Discovery Materials, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court. The Examiner shall use best efforts to ensure that the Protected Discovery Materials are protected from public disclosure in any open Bankruptcy Court proceeding. The Examiner will provide the Treasury with no less than 14 (fourteen) days notice and an opportunity to seek to be heard by the Court regarding whether the Treasury's Protected Discovery Materials shall be disclosed to the public as part of the report or otherwise. No Protected Discovery Materials shall be disclosed to the public as part of the report or otherwise prior to a determination by the Bankruptcy Court.

11. In the event the Examiner objects to any designation of Discovery Materials as Protected Discovery Materials, the Examiner shall so inform the Treasury, stating the grounds of the objection, and the parties shall have seven (7) business days to attempt to resolve the Examiner's objection, at the end of which the Examiner may seek a ruling from the Bankruptcy Court that such Discovery Materials should not be treated as Protected Discovery Materials prior to such a determination by the Bankruptcy Court.

12. Nothing contained in this Protective Order shall be construed as a waiver by the Treasury of any right to assert any legally cognizable privilege, including attorney-client or work product privileges or any legal prohibitions against disclosure of any Discovery Materials. If Treasury inadvertently discloses any Discovery Materials subject to a privilege or a legal prohibition against disclosure, then Treasury shall so notify the Examiner in writing, and the Examiner shall either: (a) immediately make reasonable efforts to destroy or return such material, including any copies thereof, to Treasury; or (b) if the Examiner disagrees with Treasury's assertion, then the Examiner shall notify Treasury within three (3) business days. Unless otherwise agreed, any motion by Treasury to compel the return or destruction of

inadvertently produced Discovery Materials shall be filed with the Bankruptcy Court within ten (10) days of the time Treasury first gives notice of the inadvertent production to the Examiner.

13. In the event that the Examiner, his counsel, or any Qualified Person who is in receipt of Protected Discovery Information and is thereby subject to this Protective Order: (a) receives a subpoena, a demand, or other compulsory legal process in another proceeding seeking production or disclosure of Protected Discovery Materials, then the recipient of such subpoena, demand or legal process shall, to the extent legally permissible under such subpoena, demand, or other legal process, give Treasury written and telephone notice thereof within five (5) business days of receipt of such subpoena, demand, or legal process, or within such shorter time period as is necessary to allow Treasury to seek a motion to quash or a protective order prior to the return date of the subpoena, demand, or legal process. The recipient of the subpoena, demand, or legal process also shall immediately: (a) inform the person or entity that caused such subpoena, demand, or legal process to be issued, in writing, that some or all of the material sought is the subject of this Protective Order; and (b) provide that person or entity with a copy of this Protective Order. If Treasury timely seeks a protective order, then the recipient of the subpoena, demand, or legal process shall not produce or disclose any Protected Discovery Materials in response thereto prior to receiving the written consent of Treasury or a court order compelling such production or disclosure. In the event that such Protected Discovery Materials is produced pursuant to a subpoena, demand, or legal process, then such Protected Discovery Materials shall still be treated as such by the parties to this Protective Order.

14. At the conclusion of this matter, the Examiner and all other persons or entities in possession of Protected Discovery Materials shall make reasonable efforts to destroy such Protected Discovery Materials or to return them to Treasury – as well as copies, summaries and

8

excerpts thereof. Notwithstanding the foregoing, Protected Discovery Materials that have been filed with the Bankruptcy Court as part of the Examiner's Report need not be returned or destroyed.

15. For purposes of this Protective Order, notice to the Treasury shall be provided simultaneously to:

>  Danna Drori
>  Jean-David Barnea
>  Assistant United States Attorneys
>  United States Attorney's Office
>  86 Chambers Street, 3rd Floor
>  New York, New York 10007

and to:

>  Brett Kitt, Esq.
>  Attorney Advisor
>  Office of the General Counsel
>  United States Department of the Treasury
>  1500 Pennsylvania Avenue, NW
>  Washington, D.C. 20220

16. This Stipulation and Protective Order may be executed in two or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same documents.

17. This Protective Order shall survive the termination of the Examiner Investigation and shall continue in full force and effect.

Dated: November 5, 2009

        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        Attorney for the United States Department of the
        Treasury

        By: */s/ Danna Drori*
        DANNA DRORI
        JEAN-DAVID BARNEA
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel: (212) 637-2689/2679
        Fax: (212) 637-2717

        **JENNER & BLOCK LLP**

        By: */s/ Robert L. Byman*
        Robert L. Byman
        919 Third Avenue
        37th Floor
        New York, New York 10022
        (212) 891-1600

        Attorneys for Anton R. Valukas, Esq.,
        Examiner

**SO ORDERED:**

Dated: New York, New York
       November 23, 2009

        *s/ James M. Peck*
        HONORABLE JAMES M. PECK
        UNITED STATES BANKRUPTCY JUDGE

# ATTACHMENT A

**ATTACHMENT A**

UNITED STATES BANKRUPTCTY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.,* | ) Case No. 08-13555 (JMP) |
| Debtors. | ) (Jointly Administered) |

## **NON-DISCLOSURE CERTIFICATE**

I certify my understanding that access to materials designed as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is provided to me pursuant to the terms and restrictions of a Protective Order between the Examiner and the United States Department of the Treasury that was approved by the Bankruptcy Court in the above-captioned matter on _____, 2009 (the "Protective Order"). I certify that I have been given a copy of, and have read, the Protective Order and agree to comply with its terms. I understand that the contents of any material designed as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and any notes or other memoranda or any other forms of information which copy or disclose material so designated shall not be disclosed to anyone other than in accordance with the Protective Order and shall be used only for the purposes set forth in it.

I agree to be subject to the jurisdiction of the Bankruptcy Court for purposes of enforcement of this Non-Disclosure Certification and the Protective Order.

By: _____
Title: _____
Representing: _____

Date: _____