**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
                                                                              :

In re                                              :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         08-13555 (JMP)

                          Debtors.                 :         (Jointly Administered)

------------------------------------------------------------------------x

**ORDER GRANTING THE DEBTORS AUTHORITY TO ISSUE**
**SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND**
**AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES**

        Upon the motion, dated November 4, 2009 (the "Motion"), of Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the Debtors to issue subpoenas for the production of documents and the examination of persons and entities that have information relevant to the administration of the Debtors' estates, including without limitation, the Debtors' former employees, lenders, investors, creditors and counterparties to transactions with Debtors, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of witnesses in connection with the administration of these cases; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor, witnesses shall have thirty (30) days from the service of a subpoena to either (1) begin production on a rolling basis, which production shall be completed prior to the later of seventy-five (75) days from the service of a subpoena or such other date agreed to by the Debtor and the witness, to the Debtor of responsive documents requested in the Debtor's subpoena, other than those documents withheld under a claim of privilege or (2) serve on the Debtor any objections to the subpoena; and it is further

ORDERED that, if the Debtor and an objecting witness cannot resolve the objection within ten (10) days following the date such objection is served on the Debtor (or such later date agreed to by the Debtor and the witness), the witness shall either (i)

produce responsive documents in accordance with this Order or (ii) file the objection with the Court and promptly schedule a hearing; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor, if a witness withholds any documents from the production based upon a claim of privilege, such witness is directed to provide counsel for the Debtor with a privilege log, containing the information required under Bankruptcy Rule 7026, within ten (10) days following the completion of the production of documents; and it is further

ORDERED that, the witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, within thirty (30) days of the date of the service of a deposition subpoena upon such witness (unless such subpoena is the subject of an objection); and it is further

ORDERED that, nothing herein shall limit the rights of any witness or any other party under applicable law to object to or oppose any subpoena the Debtors may serve upon such witness; and it is further

ORDERED that, in accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed, but otherwise in blank, as requested by the Debtors; and it is further

ORDERED that the Debtors shall serve each subpoena and a copy of this Order on the party subject to the subpoena, with a copy to (i) the Securities and Exchange Commission; (ii) the Internal Revenue Service; (iii) the United States Attorney for the Southern District of New York and (iv) counsel for the party subject to such subpoena that has appeared in these cases; and it is further

ORDERED that within three (3) days following the service of a subpoena, the Debtors shall file with the Court notice of each subpoena, naming the witness and setting forth the date, time and place of any examination; and it is further

ORDERED that, notwithstanding the request for certain documents or information in a subpoena, witnesses shall not be required to produce to the Debtors any documents or information that have been previously provided to the Debtors by a witness either in connection with the claims filing process or otherwise; and it is further

ORDERED that, the Debtors shall not serve a subpoena pursuant this Order on any party for any documents or information or for an oral examination related to a derivative contract for which such party has received a Derivatives ADR Package pursuant to the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts* [Docket No. 5207] and such mediation has not yet been terminated by the mediator; and it is further

ORDERED that the Debtors shall file with the Court an affidavit or declaration of service for each subpoena it serves; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

ORDERED that, this Order is without prejudice to the Debtors' right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

Dated: New York, New York
November 23, 2009

        *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE