UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                            :
In re                                                       :     Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
                                                            :
                    Debtors.                                :     (Jointly Administered)
                                                            :
-------------------------------------------------------------------x

**ORDER GRANTING LBSF'S MOTION FOR AUTHORIZATION, PURSUANT
TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 6006, TO ASSUME, ASSIGN AND SELL AN INTEREST RATE SWAP
AGREEMENT WITH STRUCTURED ASSET RECEIVABLE TRUST SERIES 2005-1**

Upon the motion, dated October 28, 2009 (the "Motion"), of Lehman Brothers Special Financing Inc. ("LBSF"), as debtor in possession (collectively with Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume, assign and sell its interest in an interest rate swap transaction with Structured Asset Receivable Trust Series 2005-1 (formerly known as HDK Purchaser Trust) ("START Trust") to Goldman Sachs Bank USA or, at Goldman Sachs Bank USA's option, to its affiliate Goldman Sachs Mitsui Marine Derivative Products, L.P. (in either case, the "Goldman Entity"), all as more fully described in the Motion; and an objection (the "Objection") to the Motion having been filed by U.S. Bank National Association, as trustee for the START Trust (the "Trustee"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases, (vii) START Trust, and (viii) the Goldman Entities, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that the Objection is overruled to the extent not resolved as set forth herein; and it is further

        ORDERED that, pursuant to sections 363(b)(1), 363(f) and 365(f) of the Bankruptcy Code, LBSF is hereby authorized to assume, assign, and sell its interest in the Agreement[1] to the Goldman Entity substantially on the terms and conditions identified in the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Motion and the Goldman Entity shall be START Trust's counterparty to the Agreement from and after the consummation and effectiveness of the Proposed Transaction; and it is further

ORDERED that LBSF's assumption of the Agreement shall be subject to and effective only upon the consummation and effectiveness of the Proposed Transaction; and it is further

ORDERED that upon assumption of the Agreement, LBSF shall promptly (a) cure the existing payment default of $127,041.06 (the "Cure Payment") under the Agreement by allowing START Trust to deduct the Cure Payment from missed payments due to LBSF as provided hereinafter, and (b) as Calculation Agent, provide START Trust with appropriate notices (the "Notices") of the amounts due under the interest rate swap transaction; and it is further

ORDERED that with respect to LBSF, LBHI or any of their affiliates, any defaults that may arise under the Agreement because of a condition of the kind specified in section 365(e)(1) of the Bankruptcy Code ("*Ipso Facto* Defaults") are hereby deemed to be cured; and it is further

ORDERED that upon the assignment of the Agreement, START Trust is forever barred, estopped, and permanently enjoined from asserting against LBSF or the Goldman Entity, or the property of either of them, any default existing as of the assignment of the Agreement, or against the Goldman Entity, any counterclaim, defense, setoff or any other interest asserted or assertable against LBSF or LBHI; and it is further

ORDERED that within five business days of the effectiveness of the Proposed Transaction, START Trust shall perform its obligations to make payments to LBSF under the Agreement, without regard to any alleged existing defaults or *Ipso Facto* Defaults, including, but

not limited to, making all principal payments that were owed to LBSF on October 21, 2008, April 21, 2009, July 21, 2009 and October 21, 2009 less the Cure Payment for a total payment of $5,084,229.91; and it is further

ORDERED that the Trustee's request for payment of its fees and expenses and LBSF's request for payment of interest (the "Adjourned Disputes") shall be adjourned without prejudice while the Trustee and LBSF meet and confer in good faith to agree upon the amount of (i) reasonable fees and expenses of the Trustee incurred in connection with the enforcement and preservation of START Trust's interest in the Agreement that are reimbursable by LBSF under the Agreement (the "Trustee Fees") and (ii) interest payable by START Trust to LBSF on the missed payments described in the Motion to attempt to resolve such disputes; and it is further

ORDERED that the Adjourned Disputes may be consensually resolved without Court intervention and without further order of the Court, including by payment by LBSF or the Trustee of the agreed upon amounts; and it is further

ORDERED that if the Trustee and LBSF cannot consensually resolve the Adjourned Disputes, then such disputes may be determined pursuant to the order approving Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivatives Contracts [Docket No. 5207] or by the Court upon written application by either party on at least ten (10) days notice with responses due to such an application seven (7) days after the application is filed; and it is further

ORDERED that, as adequate assurance of future performance, in the event the Goldman Entity fails to satisfy the ratings criteria provided for in the Agreement for a suitable assignee, Goldman Sachs Group Inc. shall guarantee the obligations of the Goldman Entity under the Agreement; and it is further

ORDERED that nothing herein shall constitute an assumption of any obligations by LBHI; and it is further

ORDERED that, upon the assumption and assignment of the Agreement, LBSF shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, of all further obligations under the Agreement other than with respect to the Trustee Fees pending separate resolution thereof; and it is further

ORDERED that upon the assignment of the Agreement, the current defaults of LBSF and LBHI under the Agreement shall be deemed cured and the Agreement may be assigned to the Goldman Entity notwithstanding any provision in the Agreement that purports to prohibit or condition the assignment of the Agreement or allows START Trust to terminate, recapture, impose any penalty or condition on renewal or extension, or modify any term or condition upon such assignment; and it is further

ORDERED that the Goldman Entity is a good-faith purchaser of LBSF's interest in the Agreement and shall be entitled to all of the benefits and protections afforded in section 363(m) of the Bankruptcy Code; and it is further

ORDERED that pursuant to section 363(f) of the Bankruptcy Code, the Goldman Entity shall take title to and possession of LBSF's interest in the Agreement free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever; and it is further

ORDERED that the consideration provided by the Goldman Entity for LBSF's interest in the Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       November 23, 2009

                                    *s/ James M. Peck*
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE