**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                    :

**In re**                                                     :           **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :           **08-13555 (JMP)**

                    **Debtors.**          :           **(Jointly Administered)**

----------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND
363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019(a) ESTABLISHING PROCEDURES TO (I) RESTRUCTURE,
(II) MAKE NEW OR ADDITIONAL DEBT OR EQUITY INVESTMENTS
IN, AND/OR (III) ENTER INTO SETTLEMENTS AND COMPROMISES
IN CONNECTION WITH EXISTING REAL ESTATE INVESTMENTS**

Upon the motion, dated October 28, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for establishment of procedures to (i) restructure, (ii) make new or additional debt and/or equity investments in, and/or (iii) enter into settlements and compromises in connection with existing Real Estate Investments[1], all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors shall be, and hereby are, authorized to enter into Real Estate Loan Transactions, including Restructurings, New Investments, and Settlements, in accordance with the following procedures:

    a.    The Debtors may enter into and consummate a Restructuring or Settlement that involves a Real Estate Investment having an aggregate

Mark-to-Market Carrying Value[2] of up to and including $10 million without further order of the Court or notice to or approval of any party.

b.      The Debtors may enter into and consummate Real Estate Loan Transactions that (i) involve (x) a Real Estate Investment having an aggregate Mark-to-Market Carrying Value of greater than $10 million but less than or equal to $25 million, and/or (y) the Debtors making a New Investment in an amount up to and including $5 million, and (ii) do not also fall within the parameters set forth below in clauses (c) or (d) of these procedures, without further order of the Court or approval of or notice to any other party; *provided, however*, that the Debtors will provide notice to the Creditors' Committee of such Real Estate Loan Transactions as soon as practicable but in no event later than promptly following the closing of such transactions. If a Real Estate Loan Transaction falls within the parameters set forth within both clauses (b) and (c) or both clauses (b) and (d) of these procedures, the provisions of clause (c) or (d), respectively, shall govern.

c.      If a Real Estate Loan Transaction (i) involves (w) a Real Estate Investment having an aggregate Mark-to-Market Carrying Value greater than $25 million but less than or equal to $100 million, (x) the Debtors making a New Investment in an amount greater than $5 million but less than or equal to $25 million, (y) a Restructuring of the Debtors' debt or equity position in a Real Estate Investment or a Settlement resulting in a reduction in the aggregate value of the Real Estate Investment to a value that is less than 50% of the aggregate Mark-to-Market Carrying Value of the Real Estate Investment, and/or (z) any party to the Real Estate Loan Transaction being either a person employed by the Debtors at any time on or after September 15, 2007 or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Real Estate Loan Transaction, and (ii) does not also fall within the parameters set forth in clause (d) of these procedures, the Debtors will provide to the Creditors' Committee a summary of the proposed Real Estate Loan Transaction identifying the salient terms of the proposed Real Estate Loan Transaction, including without limitation, if clause (z) above is applicable, the name of the person employed by the Debtors at any time on or after

---

[2] "Mark-to-Market Carrying Value" as used herein shall mean the mark-to-market carrying value on the Debtors' records of any Real Estate Investment as of December 31, 2008, or as otherwise agreed to by the Creditors' Committee; provided however, if (i) the mark-to-market carrying value of any Real Estate Investment on the Debtors' records as of December 31, 2008 is less than or equal to 50% of mark-to-market carrying value of such Real Estate Investment on the Debtors' records as of September 17, 2008, and (ii) the mark-to-market carrying value of any Real Estate Investment is not otherwise agreed to by the Creditors' Committee, the Mark-to-Market Carrying Value for the purposes of this Order shall be the mark-to-market carrying value of such Real Estate Investment on the Debtors' records as of September 17, 2008.

3

September 15, 2007 who is involved in the transaction and such person's role in the transaction (the "<u>Real Estate Loan Transaction Summary</u>"). The Creditors' Committee will be required to submit any objections to a Real Estate Loan Transaction identified in a Real Estate Loan Transaction Summary so as to be received by the Debtors on or before ten (10) business days after service of such Real Estate Loan Transaction Summary; provided, however, that if the Creditors' Committee requests additional information regarding a Real Estate Loan Transaction, its objection period shall be suspended until the requested information has been provided. If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may file a motion with the Court seeking approval of the Real Estate Loan Transaction. If the Creditors' Committee does not timely object to a Real Estate Loan Transaction, or the Debtors and the Creditors' Committee resolve a timely objection, the Debtors may proceed with the Real Estate Loan Transaction without further order of the Court or notice to or approval of any party. If a Real Estate Loan Transaction falls within the parameters set forth within both clauses (c) and (d) of these procedures, the provisions of clause (d) shall govern.

d. The Debtors will be required to file a motion with the Court seeking approval of any Real Estate Loan Transaction that involves (i) a Real Estate Investment having an aggregate Mark-to-Market Carrying Value greater than $100 million, and/or (ii) the Debtors making a New Investment in an amount greater than $25 million.

e. The Debtors may enter into and consummate any Real Estate Loan Transaction that involves a Real Estate Investment having an aggregate Mark-to-Market Carrying Value of greater than $25 million without further order of the Court or notice to or approval of any party, if the transaction involves only (i) a non-material amendment to or modification of a Real Estate Investment, as determined by the Debtors after consultation with the Creditors' Committee, and/or (ii) the Debtors making a New Investment in an amount not greater than $5 million; *provided, however*, that the Debtors will provide notice to the Creditors' Committee of such Real Estate Loan Transaction as soon as practicable but in no event later than promptly following the closing of such transaction.

f. Real Estate Investments that are managed by the Debtors as part of distinct and identifiable portfolios that are cross-collateralized or cross-defaulted shall be aggregated for purposes of applying the thresholds set forth in clauses (b) through (e) of these procedures to Real Estate Loan Transactions.

g. A Real Estate Loan Transaction involving a New Investment of up

4

    to and including $5 million that would otherwise be governed by clauses (b) or (e) of these procedures, will be subject to approval of the Creditors' Committee as set forth in clause (c) of these procedures if (i) the proposed New Investment is being made in connection with a Real Estate Investment that is part of a portfolio of Real Estate Investments with the same sponsor or group of affiliated sponsors (a "Portfolio"), and (ii) the aggregate amount of the proposed New Investment and all New Investments made by the Debtors in the 6-month period preceding the proposed New Investment in connection with Real Estate Investments in the same Portfolio exceeds $5 million.

    h.  The Debtors ability to carry out the actions set forth in the foregoing procedures shall not override any applicable notice, consent or other rights that any third parties may have pursuant to agreements with the Debtors;

and it is further

    ORDERED that, as part of the procedures set forth herein, the Debtors will file with the Court, on a quarterly basis beginning not later than 105 calendar days after entry of this Order, a report of all Real Estate Loan Transactions entered into by the Debtors during the prior three calendar months pursuant to these procedures, identifying (i) the number of Real Estate Loan Transactions entered into by the Debtors, (ii) with respect to each Real Estate Loan Transaction, whether such Real Estate Loan Transaction involved a Restructuring, a New Investment, a Settlement, or some combination thereof, (iii) the Mark-to-Market Carrying Value of each Real Estate Investment subject to a Real Estate Loan Transaction, and (iv) to the extent the Real Estate Loan Transaction involved a New Investment, the amount of the New Investment made in connection therewith; and it is further

    ORDERED that the procedures set forth herein shall not override the procedures previously approved by this Court in the SPE Foreclosure Procedures Order and the Discounted Payoff Procedures Order (together, the "<u>Approved Procedures</u>

5

Orders"), and to the extent a Real Estate Transaction Loan Transaction proposed to be undertaken pursuant to the procedures set forth herein conflicts with the procedures set forth in either of the Approved Procedures Orders, the procedures set forth in the Approved Procedures Orders, respectively, shall govern; and it is further

ORDERED that nothing in this Order authorizes the transfer of any collateral for securities guaranteed by the Government National Mortgage Association ("GNMA"), including, but not limited to, mortgage loans or related foreclosure judgments or deeds or assignments in lieu of foreclosure, or any Participations or Other Interests as such terms are defined in the guaranty agreements between LBHI and GNMA; and it is further

ORDERED that the Debtors are authorized to execute such documents or other instruments and carry out all other actions as may be necessary to effectuate any Real Estate Loan Transaction in accordance with this Order; and it is further

ORDERED that this Order shall not obligate or require the Debtors to restructure or amend any Real Estate Investment or make any New Investment in connection with an existing Real Estate Investment, nor shall this Order preclude Debtors from settling or compromising any claim upon further application to the Court; and it is further

ORDERED that nothing in this Order shall be construed to limit or otherwise affect the Debtors' ability to assume or reject any credit, loan, security, participation or similar agreement in accordance with the provisions of the Bankruptcy Code; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h) is hereby waived and this Order shall be immediately effective and enforceable; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
       November 23, 2009

                                *s/ James M. Peck*
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE