WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :   08-13555 (JMP)
                                          :
                            Debtors.      :   (Jointly Administered)
                                          :
                                          :
-------------------------------------------------------------------x
```

**STIPULATION, AGREEMENT,**
**AND ORDER BETWEEN BNC MORTGAGE LLC AND**
**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,**
**PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY WITH**
**REGARD TO REAL PROPERTY LOCATED IN BROOKLYN, NEW YORK**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by and between BNC Mortgage LLC ("BNC") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), and Deutsche Bank National Trust Company, as trustee. ("DBNTC").

**RECITALS**

  A. On September 15, 2008 and periodically thereafter Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

  B. On January 9, 2009, BNC, an indirect subsidiary of LBHI, commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

  C. On September 21, 2009, DBNTC filed a Motion For Relief From the Automatic Stay Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 362(d) [Docket No. 5235] (the "Motion").

  D. The Motion asserts that DBNTC, as Trustee, is the holder of a first mortgage (the "Amobi-Onyiuke Mortgage") executed by Nneka Amobi-Onyiuke on October 25, 2005 and given to Option One Mortgage Corporation ("Option One") securing the repayment of the principal sum of $600,000.00 due under a note and granting Option One a security interest in certain real property located at 570 A Macon Street, Brooklyn, NY 11233 (the "Property").

  E. The Amobi-Onyiuke Mortgage was recorded in December 5, 2005 and assigned to DBNTC, as Trustee, on December 27, 2007.

  F. BNC was the holder of a mortgage (the "Original Mortgage") executed on January 20, 2004 by Patrick Martinez in favor of Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage Inc.,[1] securing the repayment of

---

[1] BNC Mortgage LLC was formerly known as BNC Mortgage Inc. On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company and in connection therewith,

2

the principal sum of $391,500.00 due under a note (the "Note"). The Original Mortgage was recorded on March 21, 2006 and granted BNC a security interest in the Property.

G.  BNC has determined that it transferred its interest in the Original Mortgage to LBHI on or about March 25, 2004. LBHI subsequently sold the Original Mortgage into SAIL 2004-6, a non-debtor securitization trust ("SAIL"). The Debtors do not believe that they retain a significant interest in SAIL, although a non-debtor affiliate, Lehman Pass-Through Securities Inc., owns the R-class certificates in SAIL. As a result of the above-described transfers, BNC does not currently hold an interest in the Original Mortgage or the Property.

H.  The Debtors are not aware of any relationship between the Original Mortgage and the Amobi-Onyiuke Mortgage, nor do they believe that foreclosure of the Amobi-Onyiuke Mortgage will deprive their estates of a valuable property interest since they do not currently hold an interest in the Original Mortgage or the Property.

I.  The Motion seeks entry of an order terminating the automatic stay extant in the Debtors' chapter 11 cases pursuant to section 362 of the Bankruptcy Code and allowing DBNTC to exercise its non-bankruptcy rights and remedies as to the Property, including but not limited to foreclosure of the Amobi-Onyiuke Mortgage.

J.  In light of the foregoing, and to ensure that DBNTC is not prohibited from exercising its rights with respect to the Property, BNC and DBNTC (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to resolve the Motion on the terms set forth below.

---

changed its name. BNC is still referred to as "BNC Mortgage Inc." in those states in which it registered to conduct business under its former name.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and between BNC and DBNTC, through their undersigned attorneys, that:

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Court (the "<u>Effective Date</u>").

2. Upon the Effective Date, to the extent that the automatic stay is applicable, it shall be modified with respect to DBNTC's interest in the Property, and DBNTC shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3. Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Upon the Effective Date, the Motion shall be deemed resolved.

5. This Stipulation, Agreement, and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

6. Each person who executes this Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

7. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall

constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

8. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreements and Order.

Dated: November 3, 2009
   Rochester, New York

              /s/ Anne E. Miller-Hulbert
              Anne E. Miller-Hulbert

              Shapiro & DiCaro, LLP
              250 Mile Crossing Boulevard, Suite One
              Rochester, NY 14624
              Telephone: (585) 247-9000
              Attorneys for Deutsche Bank National Trust
              Company, as Trustee

Dated: November 3, 2009
   New York, New York

              /s/ Jacqueline Marcus
              Jacqueline Marcus

              WEIL, GOTSHAL & MANGES LLP
              767 Fifth Avenue
              New York, New York 10153
              Telephone: (212) 310-8000
              Facsimile: (212) 310-8007
              Attorneys for Debtors
              and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
   November 23, 2009

              *s/ James M. Peck*
             HONORABLE JAMES M. PECK
             UNITED STATES BANKRUPTCY JUDGE