Presentment Date and Time: December 1, 2009 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: November 30, 2009 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): December 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                          :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

-----------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND JAMES W. GIDDENS AS TRUSTEE FOR THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC. WITH RESPECT TO PROMISSORY NOTES EVIDENCING LOANS TO CERTAIN EMPLOYEES

       **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Order (the "Stipulation and Order") between Lehman Brothers Holdings Inc. and James W. Giddens, as Trustee for the liquidation of Lehman Brothers Inc. pursuant to the Securities Investor Protection Act of 1970, to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **December 1, 2009 at 12:00 noon (Prevailing Eastern Time).**

       **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **November 30, 2009 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

       **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on **December 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 23, 2009
      New York, New York

                    /s/ Shai Y. Waisman
                    Shai Y. Waisman

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP          HUGHES HUBBARD & REED LLP
767 Fifth Avenue                    One Battery Park Plaza
New York, New York 10153            New York, New York 10004
Telephone: (212) 310-8000           Telephone: (212) 837-6000
Facsimile: (212) 310-8007           Facsimile: (212) 422-4726
Shai Y. Waisman                     Sarah L. Cave

Attorneys for Debtors               Attorneys for James W. Giddens, Trustee for
and Debtors in Possession           the SIPA Liquidation of Lehman Brothers Inc.


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                        :
**In re**                               :          **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   **08-13555 (JMP)**
                                        :
                    **Debtors.**        :          **(Jointly Administered)**
                                        :
----------------------------------------------------------------x
                                        :
**In re**                               :          **Case No. 08-1420 (JMP)**
**SIPA**                                :
                                        :
**LEHMAN BROTHERS, INC.,**              :          **SIPA Liquidation Proceeding**
                                        :
                    **Debtor.**         :
                                        :
----------------------------------------------------------------x

**STIPULATION AND ORDER BETWEEN LEHMAN BROTHERS**
**HOLDINGS INC. AND JAMES W. GIDDENS AS TRUSTEE FOR THE**
**SIPA LIQUIDATION OF LEHMAN BROTHERS INC. WITH RESPECT**
**TO PROMISSORY NOTES EVIDENCING LOANS TO CERTAIN EMPLOYEES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

          This stipulation and order (this "Stipulation") is entered into by and
between Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors
in the above-referenced chapter 11 cases, as debtors and debtors in possession, the
"Debtors") and Lehman Brothers Inc. ("LBI," and together with LBHI, the "Parties") by

and through James W. Giddens, as Trustee for the Securities Investor Protection Act of 1970 ("SIPA") liquidation of the business of LBI (the "<u>Trustee</u>"):

<b><u>RECITALS</u>:</b>

A.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court (the "<u>Bankruptcy Court</u>") voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      On September 19, 2008, a proceeding was commenced under SIPA with respect to LBI.  The Trustee is administering LBI's estate.

C.      LBI is listed as the holder of certain promissory notes set forth on Schedule A hereto (the "<u>Promissory Notes</u>"), evidencing certain loans that were made to certain employees of LBHI and/or LBI (the "<u>Subject Employees</u>") in the course of their employment.

D.      The Trustee and LBHI are not currently in agreement as to which entity ultimately has the right to receive payment of any amounts outstanding under the Promissory Notes.

E.      Notwithstanding the foregoing, LBHI and the Trustee agree that it is in their collective interest to commence the process of collecting any amounts outstanding under the Promissory Notes from Subject Employees.

F.      In order to facilitate the collection process, the Trustee desires to assign to LBHI any and all rights LBI may have to collect amounts outstanding under the Promissory Notes (together with any accrued interest) on the terms and conditions set forth herein.

NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, AND IN CONSIDERATION OF THE PREMISES AND COVENANTS CONTAINED IN THIS STIPULATION AND OTHER GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH HEREBY ARE ACKNOWLEDGED, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN LBHI AND, ON BEHALF OF LBI, THE SIPA TRUSTEE, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON BANKRUPTCY COURT APPROVAL, HEREOF, IT SHALL BE ORDERED THAT:

1.     Assignment.

       (a)     As of the date hereof, the Trustee hereby assigns, transfers and conveys to LBHI all of LBI's rights to collect from the Subject Employees any and all amounts outstanding (together with any accrued interest) under the Promissory Notes (the "Assignment").  For the avoidance of doubt, the Assignment shall not include any right of LBI to receive any amounts actually collected by LBHI following the Assignment, which right to receive such amounts remains subject to the reservation of rights set forth in Section 2 below.

       (b)     By executing and delivering this Stipulation, each Party acknowledges and agrees that (i) the Trustee is not assigning, and shall not be construed to assign, to LBHI any right LBI may have in respect of any Promissory Note, other than any right it may have to collect from the Subject Employees any and all amounts outstanding (together with any accrued interest) under the Promissory Notes, (ii) the Trustee is not conceding, and shall not be construed to concede, that LBHI has any right under the Promissory Notes to receive any amounts outstanding (or any accrued interest) under the Promissory Notes, and (iii) LBHI is not conceding, and shall not be construed to concede, that LBI has any right under the Promissory Notes to receive any amounts outstanding (or any accrued interest) under the Promissory Notes.

2.     Reservation of Rights.  Notwithstanding the Assignment or anything else to the contrary contained herein, each Party hereby reserves any and all rights it may have to receive, or to allege in a legal proceeding or otherwise that it is entitled to receive, any and all amounts collected in respect of the Promissory Notes, whether at law or in equity, pursuant to the express terms of the Promissory Notes or otherwise, or whether collected by the other Party hereto or any third party.

3.     Costs of Collection.  LBHI shall bear any and all costs incurred by LBHI in connection with the collection of any amounts from Subject Employees under the Promissory Notes; provided, however, that if, as a result of a legal proceeding, settlement agreement or otherwise, LBI is determined to have the right to receive all or any portion of the amounts collected by LBHI in respect of the Promissory Notes (such amounts, "LBI Collected Amounts"), the Trustee shall promptly reimburse LBHI for all or an allocable portion, as the case may be, of the reasonable costs and expenses (including any professional fees and expenses) incurred by LBHI after the date hereof in connection with LBHI's efforts to collect under the Promissory Notes.  In furtherance of the foregoing, unless otherwise agreed to by the Parties in writing, in the event that, as a result of any such final determination, LBHI becomes required to pay to LBI any LBI Collected Amounts, LBHI shall be entitled to deduct from such LBI Collected Amounts payable to LBI the aggregate amount of the reasonable costs and expenses incurred by LBHI after the date hereof in connection with LBHI's collection of such LBI Collected Amounts.  Under no event will LBHI be entitled to any reimbursement by the Trustee under this Stipulation for costs and expenses that exceed LBI Collected Amounts or

which are incurred in connection with the determination of who is the proper party to receive any amounts due under the Promissory Notes.

4.    <u>Notification of Ongoing Efforts</u>.  From time to time, but in no event less frequent than once every one hundred and twenty (120) days, LBHI will update counsel for the Trustee in writing on the progress of its collection efforts.  Any such written update shall show the amount of money collected from Subject Employees to-date and shall be presented in a format similar to the spreadsheet set forth in Schedule A but with an extra column listing the amount collected to-date from each Subject Employee.  In addition, any such written update shall also include an estimate of the total costs of collection to-date along with brief supporting details.  For the avoidance of doubt however, any failure by LBHI to provide or timely provide any update to counsel for the Trustee shall not affect the rights of LBHI under Section 3 to claim and be reimbursed for reasonable costs and expenses (including any professional fees and expenses) incurred by LBHI in connection with efforts to collect under the Promissory Notes.

5.    <u>Miscellaneous</u>.

(a)    <u>Counterparts</u>.  This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument.

(b)    <u>Authority.</u>  Each person who executes this Stipulation on behalf of a Party represents that he is duly authorized to execute this Stipulation and Order on behalf of such Party.

(c)    <u>Severability</u>.  Any term or provision of this Stipulation that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction.

(d)    <u>Governing Law</u>.  This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, without reference to choice of law principles, including all matters of construction, validity and performance, and shall be binding upon the successors and assigns of the Parties hereto.

(e)    <u>Bankruptcy Court Approval</u>.  This Stipulation is subject to approval of the Bankruptcy Court and shall be of no force and effect unless and until it is approved.

(f)    <u>Jurisdiction; Waiver of Jury Trial</u>.

Each of the parties:

(i)     submits to the exclusive jurisdiction of any Federal or State court located within the borough of Manhattan of the City, County and State of New York over any dispute arising out of or relating to this Stipulation or any of the transactions contemplated hereby, and agrees that all claims in respect of such dispute or any suit, action or proceeding related thereto may be heard and determined in such courts, provided, however, that unless the Bankruptcy Court abstains from exercising jurisdiction or does not have jurisdiction with respect to such suit, action or proceeding, the Bankruptcy Court shall have and retain exclusive jurisdiction to enforce the terms of this Stipulation and to decide any claims or disputes which may arise or result from, or be connected with, this Stipulation, any breach or default hereunder, or the transactions contemplated hereby; and

(ii)     irrevocably waives any and all rights to trial by jury in any legal proceeding arising out of or related to this stipulation.

(g)    Headings.  Headings are for convenience only and shall not affect the interpretation of this Stipulation.

Dated: November 20, 2009

**WEIL, GOTSHAL & MANGES LLP**

/s/ Shai Y. Waisman
Shai Y. Waisman
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007


Attorneys for Debtors
and Debtors in Possession

**HUGHES HUBBARD & REED LLP**

/s/ Sarah L. Cave
Sarah L. Cave
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: cave@hugheshubbard.com

Attorneys for James W. Giddens, Trustee for
the SIPA Liquidation of Lehman Brothers Inc.


SO ORDERED this _____ day of December, 2009

_____
HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE

**SCHEDULE A**

US_ACTIVE:\43125640\07\58399.0003

| Loan Number | Loan Date | Loan Amount* ($) | Loan Balance** ($) |
|---|---|---|---|
| 1 | 08/01/05 | 240,000.00 | 62,435.53 |
| 2 | 03/14/05 | 1,700,000.00 | 425,000.00 |
| 3 | 05/03/96 | 250,000.00 | 150,000.00 |
| 4 | 03/30/05 | 2,100,000.00 | 1,200,000.00 |
| 5 | 04/15/05 | 601,943.00 | 343,967.42 |
| 6 | 08/22/08 | 3,100,000.00 | 3,072,991.78 |
| 7 | 12/06/99 | 30,000.00 | 14,400.00 |
| 8 | 07/30/04 | 1,050,000.00 | 1,050,000.00 |
| 9 | 02/07/06 | 840,000.00 | 600,000.00 |
| 10 | 12/03/98 | 30,000.00 | 5,200.00 |
| 11 | 10/21/98 | 30,000.00 | 6,666.67 |
| 12 | 08/04/05 | 1,707,236.70 | 682,894.68 |
| 13 | 06/25/04 | 589,288.00 | 336,736.00 |
| 14 | 05/27/04 | 644,026.00 | 276,011.16 |
| 15 | 08/07/06 | 200,000.00 | 142,857.14 |
| 16 | 10/04/00 | 30,000.00 | 27,600.00 |
| 17 | 10/05/00 | 30,000.00 | 12,300.00 |
| 18 | 11/15/00 | 30,000.00 | 27,600.00 |
| 19 | 12/04/00 | 30,000.00 | 10,000.00 |
| 20 | 12/20/00 | 30,000.00 | 29,450.00 |
| 21 | 11/21/00 | 30,000.00 | 29,150.00 |
| 22 | 02/05/08 | 600,000.00 | 600,000.00 |
| 23 | 05/23/00 | 30,000.00 | 11,500.00 |
| 24 | 12/17/01 | 30,000.00 | 13,000.00 |
| 25 | 10/30/00 | 150,000.00 | 60,000.00 |
| 26 | 10/30/00 | 750,000.00 | 362,800.00 |
| 27 | 12/07/01 | 30,000.00 | 28,050.00 |
| 28 | 09/25/02 | 30,000.00 | 10,000.00 |
| 29 | 12/13/00 | 30,000.00 | 25,600.00 |
| 30 | 12/21/00 | 30,000.00 | 28,100.00 |
| 31 | 01/25/01 | 30,000.00 | 28,750.00 |
| 32 | 07/29/05 | 12,000.00 | 12,000.00 |
| 33 | 03/13/03 | 85,000.00 | 34,000.00 |
| 34 | 08/08/03 | 2,412,155.00 | 689,185.00 |
| 35 | 11/21/05 | 937,686.39 | 375,074.55 |
| 36 | 12/08/03 | 400,000.00 | 171,428.56 |
| 37 | 04/27/04 | 50,000.00 | 25,000.00 |
| 38 | 05/27/04 | 644,026.00 | 276,011.16 |
| 39 | 07/16/04 | 1,200,000.00 | 514,285.72 |
| 40 | 07/16/04 | 1,200,000.00 | 514,285.72 |
| 41 | 07/22/04 | 750,000.00 | 150,000.00 |
| 42 | 11/18/04 | 1,472,398.00 | 761,520.26 |
| 43 | 09/08/04 | 137,925.00 | 68,962.50 |
| 44 | 09/29/04 | 6,359.78 | 6,359.78 |
| 45 | 11/05/04 | 330,000.00 | 188,571.42 |
| 46 | 11/18/04 | 1,650,000.00 | 942,857.16 |
| 47 | 11/15/04 | 750,000.00 | 428,571.42 |
| 48 | 11/15/04 | 750,000.00 | 428,571.42 |

* Outstanding loans and loan balances identified herein are as of November 17, 2009.
** Loan balance amounts listed herein do not include any accrued interest.

1

| Loan Number | Loan Date | Loan Amount* ($) | Loan Balance** ($) |
|---|---|---|---|
| 49 | 11/18/04 | 1,111,500.00 | 457,142.86 |
| 50 | 11/10/04 | 731,726.00 | 418,129.13 |
| 51 | 02/17/05 | 500,000.00 | 200,000.00 |
| 52 | 03/18/05 | 1,500,000.00 | 857,142.87 |
| 53 | 03/30/05 | 2,100,000.00 | 1,200,000.00 |
| 54 | 04/15/05 | 386,896.00 | 221,083.42 |
| 55 | 03/30/05 | 700,000.00 | 400,000.00 |
| 56 | 03/30/05 | 1,400,000.00 | 800,000.00 |
| 57 | 04/15/05 | 181,821.00 | 103,897.71 |
| 58 | 03/30/05 | 700,000.00 | 400,000.00 |
| 59 | 06/23/05 | 708,000.00 | 404,571.42 |
| 60 | 06/28/05 | 2,500,000.00 | 625,000.00 |
| 61 | 07/14/05 | 1,177,963.00 | 673,121.71 |
| 62 | 06/16/05 | 750,000.00 | 428,571.42 |
| 63 | 08/24/05 | 280,250.00 | 160,142.87 |
| 64 | 09/08/05 | 308,000.00 | 176,000.00 |
| 65 | 02/01/06 | 900,000.00 | 300,000.00 |
| 66 | 12/02/05 | 500,000.00 | 357,142.86 |
| 67 | 11/30/05 | 200,000.00 | 142,857.14 |
| 68 | 01/10/06 | 500,000.00 | 357,142.86 |
| 69 | 01/10/06 | 620,523.00 | 443,231.00 |
| 70 | 02/07/06 | 1,891,907.00 | 1,351,363.00 |
| 71 | 02/07/06 | 1,500,000.00 | 900,000.00 |
| 72 | 02/24/06 | 200,000.00 | 142,857.14 |
| 73 | 02/24/06 | 360,000.00 | 257,142.86 |
| 74 | 02/24/06 | 540,000.00 | 385,714.28 |
| 75 | 05/01/06 | 200,000.00 | 142,857.14 |
| 76 | 05/01/06 | 200,000.00 | 142,857.14 |
| 77 | 05/08/06 | 600,000.00 | 428,571.42 |
| 78 | 05/08/06 | 280,000.00 | 200,000.00 |
| 79 | 07/11/06 | 700,000.00 | 500,000.00 |
| 80 | 01/22/07 | 823,588.00 | 691,814.00 |
| 81 | 07/11/06 | 500,000.00 | 357,142.86 |
| 82 | 01/30/07 | 1,158,375.00 | 996,202.00 |
| 83 | 08/14/06 | 1,000,000.00 | 714,285.72 |
| 84 | 08/14/06 | 1,000,000.00 | 714,285.72 |
| 85 | 08/11/06 | 1,100,000.00 | 785,714.28 |
| 86 | 11/30/04 | 750,000.00 | 300,000.00 |
| 87 | 09/05/06 | 650,000.00 | 464,286.00 |
| 88 | 11/10/06 | 1,610,000.00 | 1,380,000.00 |
| 89 | 12/04/06 | 1,000,000.00 | 800,000.00 |
| 90 | 12/04/06 | 225,000.00 | 192,857.00 |
| 91 | 03/26/07 | 350,000.00 | 300,000.00 |
| 92 | 03/15/07 | 3,250,000.00 | 2,785,714.29 |
| 93 | 03/23/07 | 3,250,000.00 | 2,785,714.29 |
| 94 | 03/29/07 | 350,000.00 | 300,000.00 |
| 95 | 04/05/07 | 2,000,000.00 | 1,714,285.71 |
| 96 | 05/22/07 | 300,000.00 | 257,142.86 |

\* Outstanding loans and loan balances identified herein are as of November 17, 2009.
\*\* Loan balance amounts listed herein do not include any accrued interest.

2

| Loan Number | Loan Date | Loan Amount* ($) | Loan Balance** ($) |
|---|---|---|---|
| 97 | 06/11/07 | 300,000.00 | 257,142.86 |
| 98 | 06/11/07 | 300,000.00 | 257,142.86 |
| 99 | 06/15/07 | 500,000.00 | 428,571.43 |
| 100 | 07/30/07 | 500,000.00 | 428,571.43 |
| 101 | 12/17/07 | 50,000.00 | 50,000.00 |
| 102 | 12/21/07 | 200,000.00 | 200,000.00 |
| 103 | 10/09/07 | 200,000.00 | 200,000.00 |
| 104 | 01/08/08 | 550,000.00 | 550,000.00 |
| 105 | 02/25/08 | 400,000.00 | 400,000.00 |
| 106 | 04/14/08 | 600,000.00 | 600,000.00 |
| 107 | 04/14/08 | 1,800,000.00 | 1,800,000.00 |
| 108 | 04/17/08 | 115,000.00 | 115,000.00 |
| 109 | 05/22/08 | 800,000.00 | 800,000.00 |
| 110 | 03/14/05 | 500,000.00 | 125,000.00 |
| 111 | 03/14/05 | 300,000.00 | 75,000.00 |
| 112 | 03/14/05 | 500,000.00 | 125,000.00 |
| 113 | 03/14/05 | 1,000,000.00 | 250,000.00 |
| | | | |
| **TOTAL** | | **$79,950,592.87** | **$51,037,158.61** |

* Outstanding loans and loan balances identified herein are as of November 17, 2009.
** Loan balance amounts listed herein do not include any accrued interest.

3