# EXHIBIT B

# LEHMAN BROTHERS

### GUARANTEE OF LEHMAN BROTHERS HOLDINGS INC.

        LEHMAN BROTHERS SPECIAL FINANCING, INC.. ("*Party A*") and CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM ("*Party B*") have entered into a Master Agreement dated as of June 5, 2006, (the "*Master Agreement*"), pursuant to which Party A and Party B have entered and/or anticipate entering into one or more transactions (each a "*Transaction*"), the Confirmation of each of which supplements, forms part of, and will be read and construed as one with, the Master Agreement (collectively referred to as the "*Agreement*") This Guarantee is a Credit Support Document as contemplated in the Agreement. For value received, and in consideration of the financial accommodation accorded to Party A by Party B under the Agreement, LEHMAN BROTHERS HOLDINGS INC , a corporation organized and existing under the laws of the State of Delaware ("*Guarantor*"), hereby agrees to the following:

        (a) Guarantor hereby unconditionally guarantees to Party B the due, punctual and complete payment of all amounts payable by Party A under each Transaction when and as Party A's obligations thereunder shall become due and payable in accordance with the terms of the Agreement. In case of the failure of Party A to pay punctually any such amounts, Guarantor hereby agrees, upon written demand by Party B, to pay or cause to be paid any such amounts punctually when and as the same shall become due and payable.

        (b) Guarantor hereby agrees that its obligations under this Guarantee constitute a guarantee of payment when due and not of collection.

        (c) Guarantor hereby agrees that its obligations under this Guarantee shall be unconditional, irrespective of the validity, regularity or enforceability of the Agreement against Party A, the absence of any action to enforce Party A's obligations under the Agreement, any waiver or consent by Party B with respect to any provisions thereof, the entry by Party A and Party B into additional Transactions under the Agreement or any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor (excluding the defense of payment or statute of limitations, neither of which is waived) <u>provided, however</u>, that Guarantor shall be entitled to exercise any right that Party A could have exercised under the Agreement to cure any default in respect of its obligations under the Agreement or to setoff, counterclaim or withhold payment in respect of any Event of Default or Potential Event of Default in respect of Party B or any Affiliate, but only to the extent such right is provided to Party A under the Agreement. The Guarantor acknowledges that Party A and Party B may from time to time enter into one or more Transactions pursuant to the Agreement and agrees that the obligations of the Guarantor under this Guarantee will upon the execution of any such Transaction by Party A and Party B extend to all such Transactions without the taking of further action by the Guarantor.

        (d) Party B may at any time and from time to time without notice to or consent of Guarantor and without impairing or releasing the obligations of Guarantor hereunder: (i) agree with Party A to make any change in the terms of the obligations under the Agreement; (ii) take or fail to take any action of any kind in respect of any security for the obligations under the Agreement; (iii) exercise or refrain from exercising any rights against Party A or others in respect of any security for the obligations under the Agreement; or (iv) compromise or subordinate the obligations under the Agreement, including any security therefore.

        (e) Guarantor further agrees that this Guarantee shall continue to be effective or be reinstated, as the case may be, if at any time, payment, or any part thereof, of any obligation or interest thereon is rescinded or must otherwise be restored by Party B upon an Event of Default as set forth in <u>Section 5(a)(vii)</u> of the Master Agreement affecting Party A or Guarantor.

1

# LEHMAN BROTHERS

(f) Guarantor hereby waives (i) promptness, diligence, presentment, demand of payment, protest, order and, except as set forth in paragraph (a) hereof, notice of any kind in connection with the Agreement and this Guarantee, or (ii) any requirement that Party B exhaust any right to take any action against Party A or any other person prior to or contemporaneously with proceeding to exercise any right against Guarantor under this Guarantee.

(g) Guarantor will not exercise any rights which it may acquire hereunder by way of subrogation, as a result of a payment hereunder, until all due and unpaid obligations under the Agreement to Party B shall have been paid in full. Any amount paid to Guarantor in violation of the preceding sentence shall be held by Guarantor for the benefit of Party B and shall forthwith be paid to Party B to be credited and applied to the due and unpaid obligations under the Agreement. Subject to the foregoing, upon payment in full of all such due and unpaid obligations under the Agreement, Guarantor shall be subrogated to the rights of Party B against Party A with respect to such obligations.

(h) Guarantor represents and warrants that the obligations of Guarantor under this Guarantee rank at least pari passu in right of payment with all other senior unsecured debt of Guarantor.

This Guarantee shall inure to the benefit of Party B and its successors and permitted assigns pursuant to the terms of the guaranteed obligations.

This Guarantee shall be governed by and construed in accordance with the laws of the State of New York, without reference to choice of law doctrine. All capitalized terms not defined in this Guarantee, but defined in the Agreement, shall have the meanings assigned thereto in the Agreement.

IN WITNESS WHEREOF, Guarantor has caused this Guarantee to be executed in its corporate name by its duly authorized officer as of the date of the Agreement

LEHMAN BROTHERS HOLDINGS INC.

_____
JAMES J. KILLERLANE, VICE PRESIDENT