UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
    In re                                    :    Chapter 11
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>                     :    Case No. 08-13555 (JMP)
                                                                 :
        Debtors.          :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x
                                                                 :
SECURITIES INVESTOR PROTECTION                                   :
CORPORATION,                                                     :
                                                                 :
        Plaintiff,        :
                                                                 :
    v.                                       :    Adversary Proceeding No.
                                                                 :
LEHMAN BROTHERS INC.,                                            :    08-01420 (JMP) SIPA
                                                                 :
        Defendant.        :
                                                                 :
---------------------------------------------------------------- x

## **OBJECTION TO DETERMINATION OF CLAIM**

    Franklin American Mortgage Company ("<u>Customer</u>"), by and through its counsel, hereby submits this ("<u>Objection</u>") to the Notice of Trustee's Determination of Claim dated November 3, 2009, with respect to the claim submitted by Customer (the "<u>Determination Notice</u>"), and respectfully states as follows:

    1.    Customer objects to the Trustee's denial of Customer's proof of claim (Claim Number 900002033) (the "<u>Claim</u>," a copy of which is attached hereto as Exhibit A) relating to transactions that occurred prior to September 19, 2008 (the "<u>Commencement Date</u>").

    2.    On October 21, 2004, Customer and Lehman Brothers, Inc. ("<u>LBI</u>") entered into a Master Securities Forward Transaction Agreement (the "<u>Securities Agreement</u>") governing the

"purchase and sale of U.S. Treasury, U.S. Government Agency, mortgage-backed and other asset-backed securities" on a "to be announced" or TBA basis (a "TBA"). A copy of the Securities Agreement is attached hereto as Exhibit B.[1]

3. The Securities Agreement required Customer to maintain cash or securities in an account at LBI as collateral to secure any Net Unsecured Forward Exposure. The Securities Agreement also required LBI to deliver to Customer any Forward Collateral in excess LBI's Net Forward Exposure. The Claim arises from the purchase and sale of mortgage-backed securities under the Securities Agreement. The Excess Forward Collateral Amount, which consists of $475,312.19 in cash, held by LBI is Customer's property.

4. On November 3, 2009, the Trustee sent the Determination Notice denying Customer's claim for customer treatment pursuant to the Securities Investors Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. § 78*aaa et. seq.* and noting that Customer's Claim was not "eligible to share from the fund of Customer Property or SIPA cash advances." Attached hereto as Exhibit C is a copy of the Determination Notice. The Determination Notice offers no explanation or basis for the Trustee's determination.

5. Customer objects to the Trustee's determination that the Claim is not a customer claim, and, accordingly, is timely filing this Objection thereto. The basis of Customer's Objection is SIPA's definitions of "customer" and "customer property." SIPA defines "customer" as follows:

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the

---

[1] Capitalized terms used herein but not defined herein shall have the meaning provided for in the Securities Agreement.

> debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities, but does not include--
>
> (A) any person to the extent that the claim of such person arises out of transactions with a foreign subsidiary of a member of SIPC; or
>
> (B) any person to the extent that such person has a claim for cash or securities which by contract, agreement, or understanding, or by operation of law, is part of the capital of the debtor, or is subordinated to the claims of any or all creditors of the debtor, notwithstanding that some ground exists for declaring such contract, agreement, or understanding void or voidable in a suit between the claimant and the debtor.

15 U.S.C. § 78lll(2). "The mere 'act of entrusting … cash to the debtor for the purpose of effecting securities transactions … triggers customer status ….'" Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009)(*quoting* In re ESM Gov. Secs., Inc., 812 F2d 1374, 1376 (11th Cir. 1987); see also In re SSIW Corp., 7 B.R. 735, 738 (Bankr. S.D.N.Y. 1980)(customer includes "anybody that interacts with the debtor that concerns securities transactions"). Customer is a "customer" within the meaning of Section 78lll(2).

      6.    SIPA defines customer property as follows:

> The term "customer property" means cash and securities (except customer name securities delivered to the customer) at any time received, acquired, or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted. The term "customer property" includes--

> (A) securities held as property of the debtor to the extent that the inability of the debtor to meet its obligations to customers for their net equity claims based on securities of the same class and series of an issuer is attributable to the debtor's noncompliance with the requirements of section 78o(c)(3) of this title and the rules prescribed under such section;
>
> (B) resources provided through the use or realization of customers' debit cash balances and other customer-related debit items as defined by the Commission by rule;
>
> (C) any cash or securities apportioned to customer property pursuant to section 78fff(d) of this title; and
>
> (D) any other property of the debtor which, upon compliance with applicable laws, rules, and regulations, would have been set aside or held for the benefit of customers, unless the trustee determines that including such property within the meaning of such term would not significantly increase customer property.

15 U.S.C. § 78lll(4). "Customer property" includes 'all property that was or should have been set aside for customers.'" Bernard L. Madoff Investment Securities,, 401 B.R. at 636 (*quoting* 6 COLLIER ON BANKRUPTCY ¶ 741.05[1] (15th ed. rev. 1997). The Excess Forward Collateral Amount held by LBI is "customer property" within the meaning of Section 78lll(4).

7.  The relief requested by Customer in this Objection has not been sought previously in this or any other court.

8.  Customer reserves all rights with respect to the claims asserted herein. Customer further reserves all rights to file an amended objection and/or reply.

For the reasons set forth above, Customer requests that this Court schedule a hearing on Customer's Objection, that this Court overrule the Trustee's determination, that this Court allow the Claim as a "customer claim" in the amount of $475,312.19 and that this Court grant such further relief as it deems just and proper.

Respectfully submitted,

/s/ Austin L. McMullen
Austin L. McMullen (admitted *pro hac vice*)
Roger G. Jones (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P. O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 252-2307
Fax: (615) 252-6307
email: amcmullen@babc.com

*Attorneys for Franklin American Mortgage Company*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on November __, 2009, a copy of the foregoing was forwarded electronically to all parties consenting to service through the Court's electronic filing systems and electronically or by U.S. Mail, postage prepaid, to:

| | |
|---|---|
| Josephine Wang<br>Securities Investor Protection Corp.<br>805 15th Street, N.W., Suite 800<br>Washington, DC 20005<br><br>*Counsel for Plaintiff* | James B. Kobak, Jr.<br>Christopher K. Kiplok<br>Jeffrey S. Margolin<br>Hughes Hubbard & Reed, LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Attn: LBI Hearing Request<br><br>*Counsel for James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc.* |
| Shai Waisman<br>Weil, Gotshal & Manges, LLP<br>767 5th Avenue<br>New York, NY 10153<br><br>*Counsel for Defendant* | James Tecce<br>Quinn Emanuel Urquhart Oliver & Hedges<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br><br>*Counsel for Official Committee of Unsecured Creditors* |

Andrew D. Velez-Rivera
Office of the U.S. Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

*U.S. Trustee*

                                                                                  /s/ Austin L. McMullen_____
                                                                                  Austin L. McMullen