# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re:                                                    :    Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., et al.,                    :    Case No. 08-13555 (JMP)
:
                                Debtors.                  :    (Jointly Administered)
:
------------------------------------------------------------x

### ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING DISCOVERY FROM BARCLAYS CAPITAL, INC.

This matter coming before the Court on the Motion of Debtor and Debtor In Possession for an Order, Pursuant to Fed. R. Bankr. P. 2004, Authorizing Discovery From Barclays Capital, Inc. (the "Motion"),[1] filed by Lehman Brothers Holdings Inc., as debtor and debtor in possession in the above-captioned case (the "Debtor"); the Court having reviewed the Motion and having considered the statements of counsel before the Court (the "Hearing"); and the Court having found that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The relief requested in the Committee's joinder to the Motion is granted. The Committee shall be entitled to receive copies of all documents produced to the Debtor pursuant to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this Order and representatives of the Committee shall be entitled to appear and propound questions at any deposition noticed in accordance with this Order.

3. The Debtor may, in its discretion, and is authorized to, conduct written discovery and depositions against Barclays concerning the Requested Information.

4. Barclays is hereby ordered to produce documents and otherwise respond to the written discovery requests in Exhibit F to the Motion within 20 days of the date hereof.

5. Barclays is hereby further ordered to produce witnesses to appear for oral depositions under oath on such date and time and at such location as may be designated in writing by the Debtor on not less than 14 days notice.

6. The Debtor may issue discovery requests and subpoenas as may be necessary to accomplish the discovery authorized by this Order.

7. Nothing contained herein shall prejudice the Debtor's rights under Bankruptcy Rule 2004 and other applicable law to seek further document production and written and oral examinations in connection with these chapter 11 cases.

8. The Debtor shall meet and confer with (a) Anton R. Valukas, U.S. Trustee-appointed Examiner in Debtor's chapter 11 case (the "Examiner"), (b) the Official Committee of Unsecured Creditors (the "Committee") of Debtor, and (c) James W. Giddens, Trustee for the liquidation of Lehman Brothers Inc. under the Securities Investor Protection Act of 1970 (the "SIPA Trustee"), to develop a protocol for the coordination of the discovery they seek from Barclays in accordance with this Order and in accordance with the Court's directions on the record at the hearing held June 24, 2009. The Debtor, The Examiner, the Committee and the SIPA Trustee shall also meet and confer with Barclays about the discovery ordered herein and shall report to the Court no

later than the date of the next omnibus hearing, scheduled for July 15, 2009, with respect to any issues that arise and they are not able to resolve.

       9.      Existing confidentiality agreements shall be modified to, and any confidentiality agreement between the Debtor and Barclays shall, allow for the coordinated discovery noted above, including a provision that will allow for the sharing between Debtor, the Examiner, the Committee, and the SIPA Trustee of information received from Barclays.

      10.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       June 25, 2009

                                          *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT F**

The Estate makes the following requests for the production of documents:

1.   All documents concerning any discussions, meetings or communications between Barclays, any other potential acquirers, the Federal Reserve, SEC, Treasury Department or any other government entity concerning the financial difficulties or problems at Lehman during the three month period prior to LBHI's bankruptcy filing on September 15, 2008 through September 30, 2008.

2.   All documents concerning any discussions or negotiations between Barclays and Lehman (or their respective agents and counsel) regarding any proposed purchase, sale, merger, transfer or similar transaction in which some or all of the assets, liabilities or business of Lehman or any Lehman entity was to be sold, acquired, transferred or assumed to or by Barclays or any Barclays entity, including but not limited to any negotiations or discussions during the month preceding LBHI's bankruptcy filing on September 15, 2008 and through September 30, 2008.

3.   All documents concerning any due diligence performed by or on behalf of Barclays, any Barclays entity, or any of their agents in connection with the September 2008 Lehman-Barclays Transaction or any proposed or contemplated transaction described in Request No. 2 above, including any investigation, document review, employee interviews, research, discussion or analysis conducted by Barclays with respect to the assets, liabilities, valuation, projections, budgets or expected viability of Lehman or any Lehman entity.

4.   All documents concerning the negotiation, drafting, execution and implementation of the Lehman-Barclays Transaction documents, including (i) the Asset Purchase Agreement, dated September 16, 2009, including any amendments, schedules or annexes thereto and the one-page schedule, dated September 16, 2008, initialed by Steven Berkenfeld, and referenced in section 9.1(c) (collectively, the "Original APA"); (ii) the First Amendment to the Original APA, dated September 19, 2008 ("First Amendment"); (iii) the clarification letter, dated as of September 20, 2008 ("Clarification Letter"); (iv) the Transition Services Agreement, dated September 22, 2009 ("TSA"); and (v) any related contracts, agreements or arrangements.

5.   All documents concerning the schedule dated September 16, 2008 referenced in section 9.1(c) of the Original APA, including but not limited to all documents concerning the data upon which that schedule was based, the manner in which it was prepared, all drafts of the schedule, all correspondence concerning the schedule, and all signed versions of the schedule.

6.   All documents concerning Assumed Liabilities (as defined in the Original APA), including documents reflecting the specific liabilities assumed by Barclays or extinguished in the Lehman-Barclays Transaction, the value attributed to such Assumed Liabilities as of the date of the Original APA, the value attributed to such Assumed Liabilities as of the date of the Clarification Letter and the value Barclays assigned to the Assumed Liabilities on or after the date the Lehman-Barclays Transaction closed.

7.   All documents concerning any press release or other public statements issued by Barclays, investor conference call held by Barclays (including that held on September 17, 2008), or other public filing or communication to investors issued by Barclays concerning: (i) the

Lehman-Barclays Transaction, (ii) the amounts, types and value of assets and liabilities to be acquired or assumed by Barclays as a result of the Lehman-Barclays Transaction, or (iii) the profits or other benefits Barclays received or expects to receive as a result of the Lehman-Barclays Transaction.

8. All documents concerning Barclays' payment, deferral, alteration, renegotiation, revision, or non-payment of bonuses (cash or otherwise), severance or other forms of compensation to former LBI or Lehman executives or other employees who obtained or sought to obtain employment at Barclays following the Lehman-Barclays Transaction, including (i) any agreements, contracts or other arrangements (actual or proposed) between Barclays and any former Lehman employees, and (ii) documents sufficient to show the recipients and amounts of bonuses or other forms of compensation actually paid or committed to be paid to each former LBI or Lehman executive or employee that transferred to or was employed by Barclays after the Lehman-Barclays transaction. This request includes, but is not limited to, bonuses and severance paid under section 9 of the Original APA.

9. All documents concerning any negotiations, promises, assurances, enticements, commitments or discussions at any time prior to September 22, 2008 concerning bonuses, severance or other forms of compensation, or other things of value to be paid by Barclays to former LBI or Lehman executives or employees who obtained or sought to obtain employment at Barclays following the Lehman-Barclays Transaction or the bankruptcy filing of any Lehman entity.

10. All documents reflecting communications during the period from September 1, 2008 to September 30, 2008 concerning (a) the Lehman-Barclays transaction or (b) employment by Barclays after the Lehman-Barclays transaction between Barclays and (1) Steven Berkenfeld, (2) Gerald Donini, (3) Eric Felder, (4) Joseph Gatto, (5) Steven Hash, (6) Ian Lowitt, (7) Herbert McDade, (8) Paul Parker, (9) Ros Stephenson, (10) Jeff Weiss, (11) Larry Wieseneck, (12) Michael Gelband, (13) Thomas Humphrey, (14) Hyung Lee, (15) Hugh E. ("Skip") McGee, III, or (16) Ajay Nagpal.

11. All documents concerning any employment agreements, compensation agreements, bonus agreements, severance agreements, consulting agreements or other agreements concerning compensation between Barclays and (1) Steven Berkenfeld, (2) Gerald Donini, (3) Eric Felder, (4) Joseph Gatto, (5) Steven Hash, (6) Ian Lowitt, (7) Herbert McDade, (8) Paul Parker, (9) Ros Stephenson, (10) Jeff Weiss, (11) Larry Wieseneck, (12) Michael Gelband, (13) Thomas Humphrey, (14) Hyung Lee, (15) Hugh E. ("Skip") McGee, III, or (16) Ajay Nagpal.

12. All documents concerning Barclays' accounting, valuation, expensing or accruing for any bonuses (cash or otherwise), severance or other forms of compensation that Barclays paid or is obligated or expects to pay to former LBI or Lehman executives or employees who obtained or sought to obtain employment at Barclays following the Lehman-Barclays Transaction or the bankruptcy filing of any Lehman entity.

13. All documents concerning Barclays' payment, deferral, alteration, renegotiation, revision, or non-payment of cure amounts owed or claimed to be owed to third party vendors or other non-Lehman entities under any contracts originally entered into by Lehman entities and transferred to

or assumed by Barclays pursuant to the Original APA, the First Amendment, the Clarification Letter or the TSA ("Contract Cure Amounts"). This request includes any agreements, contracts or other arrangements (actual or proposed) between Barclays and any third party vendors or non-Lehman entities concerning Contract Cure Amounts.

14. All documents concerning Barclays' decision to categorize, designate or otherwise treat any contracts. commitments or agreements as "Closing Date Contracts" or "Designated Contracts" or "Rejected Contracts" (as defined under the Original APA or as referred to in the orders of the Bankruptcy Court). This request includes documents sufficient to identify the contracts and the third-party vendors and amounts in issue under them.

15. All documents concerning Barclays' accounting, valuing, expensing and accruing for Contract Cure Amounts (actual or proposed), including documents sufficient to show the Contract Cure Amounts Barclays actually paid or is obligated or expects to pay to all third party vendors or other non-Lehman entities.

16. All documents concerning "Purchased Assets" (as defined in the Original APA and Clarification Letter), including schedules reflecting the specific assets purchased or transferred to Barclays, the value attributed to such Purchased Assets as of the date of the Original APA, and the value attributed to such Purchased Assets as of the date of the Clarification Letter or thereafter.

17. All documents concerning the negotiating, booking, executing, funding, pledging of collateral, or repurchasing of collateral in connection with any transaction between LBI and Barclays transacted on or after September 15, 2008 pursuant to any repurchase agreement ("Repo Transactions"). This request includes any agreements, correspondence, confirmations setting forth the terms of the Repo Transactions, blotters, spreadsheets, valuations, documents relating to settlement issues, or other related documents.

18. All documents concerning the negotiation, drafting, execution and implementation of the Settlement Agreement dated December 5, 2008 (the "Settlement Agreement").

19. All documents concerning any Lehman securities transferred to Barclays in connection with the Repo Transactions, the Lehman-Barclays Transaction, or the Settlement Agreement ("Transferred Securities") or any Lehman securities not transferred to Barclays despite the contemplation of their transfer pursuant to either the Repo Transactions, the Lehman-Barclays Transaction, or the Settlement Agreement ("Other Securities").

This request includes (i) any documents reflecting negotiations resulting in a Lehman security becoming part of the group of Transferred Securities or Other Securities; (ii) mark-to-market valuations on a security-by-security basis for the Transferred Securities or Other Securities for any relevant period of the time between September 15, 2008 and December 2008, (iii) bank account statements reflecting the Transferred Securities or Other Securities and any flow of funds related to either, (iv) any instructions or correspondence regarding the delivery of the Transferred Securities or Other Securities, including any documents concerning delivery failures with respect to any of the Transferred Securities or Other Securities; and (v) any

3

documents concerning the delivery of cash in lieu of any of the Transferred Securities or Other Securities.

20. All documents provided to the Official Committee of Unsecured Creditors (the "Committee") appointed in *In re Lehman Brothers Holding Inc., et al.*, Case No. 08-13555 (JMP), pursuant to the Committee's letter requests dated December 26, 2008 and February 10, 2009, and any additional documents provided to the Committee in connection with any subsequent requests.

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702

TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

Direct Number: (212) 326-7838
rwgaffey@jonesday.com

JP636767
125426-600002

April 13, 2009

Lindsee P. Granfield, Esq.
Cleary, Gottlieb, Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006

Jonathan D. Schiller, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Ave., NW
Washington, DC 20015

Re:   *In re Lehman Brothers Holding Inc., et al.*, Case No. 08-13555 (JMP)

Dear Ms. Granfield and Mr. Schiller:

We are Special Counsel to Lehman Brothers Holdings, Inc. (the "Estate") in the above-captioned chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession.

We are working on obtaining clarity and understanding of the sale transaction among LBHI, Lehman Brothers Inc. ("LBI") and LB 745 LLC (collectively with LBHI and LBI, "Lehman"), on the one hand, and Barclays Capital Inc. ("Barclays"), on the other hand (the "Lehman-Barclays Transaction"), and to follow-up on requests made by the Estate to Barclays in its letter dated February 19, 2009 to Mr. Hughes. In this regard, the Estate asks that Barclays provide documents responsive to the requests in the attached Schedule A.

It is our hope that we can have expeditious production of the requested materials on a cooperative basis, rather than having to burden Judge Peck with motions. Please let us know by April 20, 2009 whether Barclays will agree to produce on that basis and, if so, when it will be in a position to supply the documents.

It is also likely that, after reviewing the documents, we will want to interview or take testimony from several former Lehman employees we understand are now employed by Barclays, including Steven Berkenfeld, Ian Lowitt, Gerald Donini, Eric Felder, Paul Parker, Ros Stephenson, Jeffrey Weiss, Larry Wieseneck, Steven Hash and Joseph Gatto. We may add others to this list as matters progress but, in the first instance, please let us know whether each of these people is still in the employ, or under contract with, Barclays.

**JONES DAY**

Lindsee P. Granfield, Esq.
Jonathan D. Schiller, Esq.
April 13, 2009
Page 2

We appreciate your consideration of this matter.

Very truly yours,

Robert W. Gaffey

Attachment

## SCHEDULE A

The Estate makes the following requests for the production of documents:

### REQUEST NO. 1

All documents concerning any discussions, meetings or communications between Barclays, any other potential acquirers, the Federal Reserve, SEC, Treasury Department or any other government entity concerning the financial difficulties or problems at Lehman during the three month period prior to LBHI's bankruptcy filing on September 15, 2008 through September 30, 2008.

### REQUEST NO. 2

All documents concerning any discussions or negotiations between Barclays and Lehman (or their respective agents and counsel) regarding any proposed purchase, sale, merger, transfer or similar transaction in which some or all of the assets, liabilities or business of Lehman or any Lehman entity was to be sold, acquired, transferred or assumed to or by Barclays or any Barclays entity, including but not limited to any negotiations or discussions during the month preceding LBHI's bankruptcy filing on September 15, 2008 and through September 30, 2008.

### REQUEST NO. 3

All documents concerning any due diligence performed by or on behalf of Barclays, any Barclays entity, or any of their agents in connection with the September 2008 Lehman-Barclays Transaction or any proposed or contemplated transaction described in Request No. 2 above, including any investigation, document review, employee interviews, research, discussion or analysis conducted by Barclays with respect to the assets, liabilities, valuation, projections, budgets or expected viability of Lehman or any Lehman entity.

### REQUEST NO. 4

All documents concerning the negotiation, drafting, execution and implementation of the Lehman-Barclays Transaction documents, including (i) the Asset Purchase Agreement, dated September 16, 2009, including any amendments, schedules or annexes thereto and the one-page schedule, dated September 16, 2008, initialed by Steven Berkenfeld, and referenced in section 9.1(c) (collectively, the "Original APA"); (ii) the First Amendment to the Original APA, dated September 19, 2008 ("First Amendment"); (iii) the clarification letter, dated as of September 20, 2008 ("Clarification Letter"); (iv) the Transition Services Agreement, dated September 22, 2009 ("TSA"); and (v) any related contracts, agreements or arrangements.

### REQUEST NO. 5

All documents concerning the schedule dated September 16, 2008 referenced in section 9.1(c) of the Original APA, including but not limited to all documents concerning

the data upon which that schedule was based, the manner in which it was prepared, all drafts of the schedule, all correspondence concerning the schedule, and all signed versions of the schedule.

REQUEST NO. 6

All documents concerning Assumed Liabilities (as defined in the Original APA), including documents reflecting the specific liabilities assumed by Barclays or extinguished in the Lehman-Barclays Transaction, the value attributed to such Assumed Liabilities as of the date of the Original APA, the value attributed to such Assumed Liabilities as of the date of the Clarification Letter and the value Barclays assigned to the Assumed Liabilities on or after the date the Lehman-Barclays Transaction closed.

REQUEST NO. 7

All documents concerning any press release or other public statements issued by Barclays, investor conference call held by Barclays (including that held on September 17, 2008), or other public filing or communication to investors issued by Barclays concerning: (i) the Lehman-Barclays Transaction, (ii) the amounts, types and value of assets and liabilities to be acquired or assumed by Barclays as a result of the Lehman-Barclays Transaction, or (iii) the profits or other benefits Barclays received or expects to receive as a result of the Lehman-Barclays Transaction.

REQUEST NO. 8

All documents concerning Barclays' payment, deferral, alteration, renegotiation, revision, or non-payment of bonuses (cash or otherwise), severance or other forms of compensation to former LBI or Lehman executives or other employees who obtained or sought to obtain employment at Barclays following the Lehman-Barclays Transaction, including (i) any agreements, contracts or other arrangements (actual or proposed) between Barclays and any former Lehman employees, and (ii) documents sufficient to show the recipients and amounts of bonuses or other forms of compensation actually paid or committed to be paid to each former LBI or Lehman executive or employee that transferred to or was employed by Barclays after the Lehman-Barclays transaction. This request includes, but is not limited to, bonuses and severance paid under section 9 of the Original APA.

REQUEST NO. 9

All documents concerning any negotiations, promises, assurances, enticements, commitments or discussions at any time prior to September 22, 2008 concerning bonuses, severance or other forms of compensation, or other things of value to be paid by Barclays to former LBI or Lehman executives or employees who obtained or sought to obtain employment at Barclays following the Lehman-Barclays Transaction or the bankruptcy filing of any Lehman entity.

REQUEST NO. 10

All documents reflecting communications during the period from September 1, 2008 to September 30, 2008 concerning (a) the Lehman-Barclays transaction or (b) employment by Barclays after the Lehman-Barclays transaction between Barclays and (1) Steven Berkenfeld, (2) Gerald Donini, (3) Eric Felder, (4) Joseph Gatto, (5) Steven Hash, (6) Ian Lowitt, (7) Herbert McDade, (8) Paul Parker, (9) Ros Stephenson, (10) Jeff Weiss, or (11) Larry Wieseneck.

REQUEST NO. 11

All documents concerning any employment agreements, compensation agreements, bonus agreements, severance agreements, consulting agreements or other agreements concerning compensation between Barclays and (1) Steven Berkenfeld, (2) Gerald Donini, (3) Eric Felder, (4) Joseph Gatto, (5) Steven Hash, (6) Ian Lowitt, (7) Herbert McDade, (8) Paul Parker, (9) Ros Stephenson, (10) Jeff Weiss, or (11) Larry Wieseneck.

REQUEST NO. 12

All documents concerning Barclays' accounting, valuation, expensing or accruing for any bonuses (cash or otherwise), severance or other forms of compensation that Barclays paid or is obligated or expects to pay to former LBI or Lehman executives or employees who obtained or sought to obtain employment at Barclays following the Lehman-Barclays Transaction or the bankruptcy filing of any Lehman entity.

REQUEST NO. 13

All documents concerning Barclays' payment, deferral, alteration, renegotiation, revision, or non-payment of cure amounts owed or claimed to be owed to third party vendors or other non-Lehman entities under any contracts originally entered into by Lehman entities and transferred to or assumed by Barclays pursuant to the Original APA, the First Amendment, the Clarification Letter or the TSA ("Contract Cure Amounts"). This request includes any agreements, contracts or other arrangements (actual or proposed) between Barclays and any third party vendors or non-Lehman entities concerning Contract Cure Amounts.

REQUEST NO. 14

All documents concerning Barclays' decision to categorize, designate or otherwise treat any contracts, commitments or agreements as "Closing Date Contracts" or "Designated Contracts" or "Rejected Contracts" (as defined under the Original APA or as referred to in the orders of the Bankruptcy Court). This request includes documents sufficient to identify the contracts and the third-party vendors and amounts in issue under them.

REQUEST NO. 15

All documents concerning Barclays' accounting, valuing, expensing and accruing for Contract Cure Amounts (actual or proposed), including documents sufficient to show the Contract Cure Amounts Barclays actually paid or is obligated or expects to pay to all third party vendors or other non-Lehman entities.

REQUEST NO. 16

All documents concerning "Purchased Assets" (as defined in the Original APA and Clarification Letter), including schedules reflecting the specific assets purchased or transferred to Barclays, the value attributed to such Purchased Assets as of the date of the Original APA, and the value attributed to such Purchased Assets as of the date of the Clarification Letter or thereafter.

REQUEST NO. 17

All documents concerning the negotiating, booking, executing, funding, pledging of collateral, or repurchasing of collateral in connection with any transaction between LBI and Barclays transacted on or after September 15, 2008 pursuant to any repurchase agreement ("Repo Transactions"). This request includes any agreements, correspondence, confirmations setting forth the terms of the Repo Transactions, blotters, spreadsheets, valuations, documents relating to settlement issues, or other related documents.

REQUEST NO. 18

All documents concerning the negotiation, drafting, execution and implementation of the Settlement Agreement dated December 5, 2008 (the "Settlement Agreement").

REQUEST NO. 19

All documents concerning any Lehman securities transferred to Barclays in connection with the Repo Transactions, the Lehman-Barclays Transaction, or the Settlement Agreement ("Transferred Securities") or any Lehman securities not transferred to Barclays despite the contemplation of their transfer pursuant to either the Repo Transactions, the Lehman-Barclays Transaction, or the Settlement Agreement ("Other Securities").

This request includes (i) any documents reflecting negotiations resulting in a Lehman security becoming part of the group of Transferred Securities or Other Securities; (ii) mark-to-market valuations on a security-by-security basis for the Transferred Securities or Other Securities for any relevant period of the time between September 15, 2008 and December 2008, (iii) bank account statements reflecting the Transferred Securities or Other Securities and any flow of funds related to either, (iv) any instructions or correspondence regarding the delivery of the Transferred Securities or Other Securities, including any documents concerning delivery failures with respect to

-5-

any of the Transferred Securities or Other Securities; and (v) any documents concerning the delivery of cash in lieu of any of the Transferred Securities or Other Securities.

REQUEST NO. 20

All documents provided to the Official Committee of Unsecured Creditors (the "Committee") appointed in *In re Lehman Brothers Holding Inc., et al.*, Case No. 08-13555 (JMP), pursuant to the Committee's letter requests dated December 26, 2008 and February 10, 2009, and any additional documents provided to the Committee in connection with any subsequent requests.