**Hearing Date and Time: December 16, 2009 at 10:00 a.m (Prevailing Eastern Time)**
**Objection Date and Time:  December 11, 2009 at 4:00 p.m (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                  :
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :        **08-13555 (JMP)**
                                                  :
                              **Debtors.**        :        **(Jointly Administered)**
                                                  :
-----------------------------------------------------------------x

## NOTICE OF MOTION OF THE DEBTORS PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING AND APPROVING THE SETTLEMENT BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND FIRST MAGNUS FINANCIAL CORPORATION

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated as of

November 25, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. (the "Debtor"), pursuant

to section 105(a) of title 11 of the United States Code and section 9019 of the Federal Rules of

Bankruptcy Procedure authorizing and approving the settlement between Lehman Brothers

Holdings Inc. and First Magnus Financial Corporation, as more fully described in the Motion,

will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United

States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling

Green, New York, New York 10004 (the "Bankruptcy Court"), on **December 16, 2009 at 10:00**

**a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Shai Y. Waisman, Esq., attorneys for the Debtor; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases, and (v) Osborn Maledon, P.A., 2929 N. Central Ave., 21st Floor, Phoenix, Arizona 85012-2793, Attn: James E. Cross and Brenda K. Marin, Special Counsel for Morris C. Aaron, Liquidating Trustee, First Magnus Liquidating Trust, so as to be so filed and received no later than **December 11, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Objection Deadline</u>")**.

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 25, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| -------------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| -------------------------------------------------------------------x | | |

**MOTION OF THE DEBTORS PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b)**
**AUTHORIZING AND APPROVING THE SETTLEMENT BETWEEN LEHMAN**
**BROTHERS HOLDINGS INC. AND FIRST MAGNUS FINANCIAL CORPORATION**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") respectfully represents:

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  LBHI's and its affiliated debtors in the above-referenced chapter 11 cases,

as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-

debtor affiliates, "Lehman") chapter 11 cases have been consolidated for procedural purposes

only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

        2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

        3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

        4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 the Court approved the U.S. Trustee's appointment of the Examiner.

### Jurisdiction

        5.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

        6.      Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman has been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide

        7.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

8.      By this Motion, the LBHI seeks, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, authorization to compromise and settle a certain claim asserted by LBHI against the bankruptcy estate of First Magnus Financial Corporation ("First Magnus") in First Magnus's chapter 11 case in the United States Bankruptcy Court for the District of Arizona [Case No. 4:07-bk-01578-JMM].  The terms of the settlement are reflected in a settlement agreement attached hereto as Exhibit A (the "Settlement Agreement").

9.      LBHI's claim against First Magnus relates to four residential mortgage loans[1] (collectively, the "Loans") acquired from First Magnus by Aurora Bank FSB (f/k/a Lehman Brothers Bank FSB) ("Aurora Bank") and ultimately sold to LBHI.  Subsequent to LBHI acquiring the Loans, the borrowers of such Loans repaid the Loans in full, mistakenly sending the repayments to First Magnus.  First Magnus did not pass such funds on to Aurora Bank or LBHI, and instead commingled the funds with its own general funds, and subsequently filed for chapter 11.

10.      The Debtors have claims against third parties resulting from breaches of representations and warranties or other breaches of contract in connection with the origination of residential mortgage loans acquired by the Debtors and the acquisition thereof.  In order to facilitate the settlement of such claims without having to seek Court approval for each settlement or compromise, the Debtors sought authority to settle and compromise such claims in accordance

---

[1] The Loans are the (i)  $523,224.79 loan to Bartlett, Loan No. 0040571168; (ii)  $98,278.48 loan to Gray, Loan No. 0040588733; (iii) $417,918.81 loan to Dixon, Loan No. 0040548182; and (iv) $458,058.47 loan to Fischman, Loan No. 0040718413.

with certain procedures.  On August 5, 2009, the Court entered an Order Pursuant to Section 105

of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing the Establishment of Procedures

for the debtors to Compromise and Settle Claims in Respect of the Origination of Purchase of

Residential Mortgage Loans [Docket No. 4706] (the "Claims Settlement Procedures Order").  In

accordance with the Claims Settlement Procedures Order, the settlement of Repurchase and

Indemnification Claims (as defined in the Claims Settlement Procedures Order) with a party

against which LBHI has Repurchase and Indemnification Claims greater than $8 million requires

approval of the Court.  While the Settlement Agreement pertains only to the settlement of

Repurchase and Claims in the amount of $1,497,480.55, LBHI has Repurchase and

Indemnification Claims against First Magnus of approximately $290 million in the aggregate.

### Settlement of LBHI's Claim Against First Magnus

11.    On October 31, 2001, Lehman Brothers Bank FSB entered into a Loan

Purchase Agreement with First Magnus (the "Loan Purchase Agreement") to acquire residential

mortgage loans.  Lehman Brothers Bank FSB changed its name to Aurora Bank FSB ("Aurora

Bank") on April 27, 2009.  The Loan Purchase Agreement incorporated by reference an Aurora

Loan Services Seller's Guide (the "Seller's Guide") which, as amended from time to time, sets

forth additional terms, covenants, representations, and warranties governing the sale of loans

from First Magnus to Aurora Bank.  Aurora Bank, in turn, would sell those purchased loans to

LBHI pursuant to an Assignment and Assumption Agreement, which contained an assignment of

rights and obligations under the Loan Purchase Agreement and Seller's Guide.   Aurora Loan

Services LLC ("Aurora Loan Services") services loans for LBHI, including the Loans, pursuant

to a Subservicing Agreement between LBHI and Aurora Loan Services dated December 1, 2005.

12.     Shortly after the acquisition of the Loans by LBHI, the borrowers repaid the Loans in full, in the aggregate amount of $1,497,480.55.  However, the borrowers were either unaware of the transfer of the Loans or mistakenly sent the repayment of the Loans to First Magnus instead of to Aurora Bank or LBHI.  Despite the fact that First Magnus no longer owned the Loans or had any right to the payments made in respect of such Loans, First Magnus did not forward the repayment amounts to Aurora Bank as required by the Loan Purchase Agreement.  Instead, First Magnus commingled such funds with its own general funds, and subsequently filed for chapter 11 bankruptcy.

13.     As servicer for the Loans, Aurora Loan Services, on behalf of LBHI, filed a proof of claim in the First Magnus chapter 11 case for $1,497,481.  In response, the Liquidating Trustee for First Magnus Financial Corporation (the "Liquidating Trustee") filed a complaint against Aurora Loan Services (and servicers of other loans held by similarly situated parties) seeking a declaratory judgment that all funds in certain accounts of First Magnus belong to the bankruptcy estate.  Aurora Loan Services answered such complaint and asserted that a constructive trust was created on LBHI's behalf, and therefore the $1,497,481 is not, and has never been, property of First Magnus's bankruptcy estate.  Servicers for loans owned by parties similarly situated to LBHI filed answers alleging the same defense based on the creation of a constructive trust.  The Liquidating Trustee filed a motion for summary judgment alleging that (i) none of the defendants can establish a trust exists in their favor; (ii) even if certain funds were to be held in trust, the funds were commingled and untraceable; and (iii) even if the funds are deemed traceable, under the lowest intermediate balance test, the most that the defendants as a whole could recover would be $1,352,433.  The United States Bankruptcy Court for the District of Arizona has not ruled on the motion for summary judgment as of the date of this Motion.

14.     It is uncertain whether the bankruptcy court in Arizona would determine that a constructive trust was created and order payment to LBHI of the full claim amount. Should First Magnus prevail on the motion for summary judgment, or ultimately at trial, LBHI's claim would likely be classified as a general unsecured claim, on which, LBHI estimates it will receive only a minimal recovery, if any.

15.     As a result of the uncertainty of prevailing in the litigation against First Magnus and the time and expense of pursuing such litigation, LBHI has determined that it is in the best interest of its estate to negotiate a settlement of such claim with First Magnus. The Liquidating Trustee has proposed a global settlement to all creditors similarly situated to LBHI. Such global settlement proposal is reflected in the Settlement Agreement, attached hereto as Exhibit "A". LBHI has attempted to increase its recovery from First Magnus and traded proposals and counterproposals with the Liquidating Trustee. At this time, LBHI has determined in its business judgment that the terms of the Settlement Agreement are in the best economic interest of its estate.

### **The Settlement Agreement**

16.     The salient terms of the Settlement Agreement are summarized below.

- First Magnus will pay Aurora Loan Services, on behalf of LBHI, $666,900. All similarly situated parties to the Settlement Agreement will receive a pro rata share of $1.35 million, based on the claim amounts of such parties.

- Aurora Loan Services, on behalf of LBHI, and the Liquidating Trustee, on behalf of First Magnus, agree to release each other from any and all manner of claims, actions, cross claims or counterclaims, in law or in equity, of any nature whatsoever, fixed or contingent, which they have, known or unknown, against the other as of the effective date of the Settlement Agreement regarding any constructive trust claims with respect to funds received by First Magnus prior to the filing of the Chapter 11 petition.

- The effectiveness of the Settlement Agreement is subject to the approval of (i) the United States Bankruptcy Court for the District of Arizona in the First Magnus chapter 11 case and (ii) this Court with respect to the settlement with LBHI.

- Upon approval of the Settlement Agreement in the First Magnus chapter 11 case, the adversary proceeding in respect of these Loans shall be dismissed with prejudice.

### The Controlling Legal Standard

17.    Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).  In granting a motion pursuant to Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interests of the estate.  Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Fisher v. Pereira (In re 47-49 Charles St., Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

18.    The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court.  Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994).  It is the responsibility of a court to examine a settlement and determine whether it "falls below the lowest point in the range of reasonableness."  Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983); In re Spielfogel, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997). Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements."  In re Hibbard Brown & Co., Inc., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

19.    While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," Anderson, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, W.T. Grant Co., 699

F.2d at 608, or conduct a full independent investigation.  In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).  "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact…. The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness."  Nellis, 165 B.R. at 123 (internal citations omitted).

20.    The court may give weight to the informed judgment of the debtor that a compromise is fair and equitable.  In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993); In re Ashford Hotels Ltd., 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness…. If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.")

21.    LBHI believes that the terms of the settlement are fair and reasonable. Absent such settlement, LBHI would incur legal fees and endure the distraction of litigating this claim which could take months, if not longer. Furthermore, the settlement of the claim allows LBHI to avoid the risk that it would not prevail in the litigation and its claim would ultimately be deemed a general unsecured claim, on which the recovery would be substantially less than the amount LBHI would receive pursuant to the Settlement Agreement.  The Settlement Agreement enables LBHI to receive a cash payment promptly following the effective date of such agreement.

22.    The settlement discussed in this Motion are within the parameters set forth in Bankruptcy Rule 9019, are within the Court's authority under section 105(a) of the

Bankruptcy Code, and are in the best interests of LBHI, its estate, its creditors, and all parties in

interest.

### Notice

23.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Motion in accordance with the procedures set forth in the order entered

on February 13, 2009 governing case management and administrative procedures for these cases

[Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) the Liquidating Trustee of First

Magnus and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors

submit that no other or further notice need be provided.

24.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  November 25, 2009
        New York, New York


                                        /s/ Shai Y. Waisman
                                        Shai Y. Waisman
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

## EXHIBIT A

**(Settlement Agreement)**

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is made and entered into this ___ day of October, 2009, by and between Morris C. Aaron, Liquidating Trustee of the First Magnus Liquidating Trust dated April 30, 2008 (the "Trustee" of the "Liquidating Trust"), and Bank of America, N.A. ("BAC"), Redwood Mortgage Funding, Inc. ("RMF"), Countrywide Home Loans Inc.("Countrywide"), Aurora Loan Services LLC ("Aurora" on behalf of Lehman Brothers Holdings Inc. (LBHI)), Wells Fargo Funding, Inc.("WFF"), and Washington Mutual Mortgage Securities Corp. ("WMMSC") and JPMorgan Chase Bank as Successor to Washington Mutual Bank, F.A., administrative agent for various buyers under the June 29, 2007 Mortgage Loan Repurchase Agreement ("JPM") (collectively, BAC, RMF, Countrywide, Aurora, WFF, WMMSC, and JPM are the "Lenders"). The parties to this Agreement are collectively referred to herein as the "Settling Parties."

BACKGROUND

WHEREAS, on August 21, 2007, First Magnus Financial Corporation filed its petition under Chapter 11 of Title 11, U.S. Code, initiating proceedings in Arizona District Bankruptcy Court Case No. 4:07-bk-01578-JMM (the "Bankruptcy Case"); and

WHEREAS on or about February 28, 2008, the Bankruptcy Court confirmed the Second Amended Plan of Reorganization Dated January 4, 2008 (the "Plan"); and

WHEREAS Morris C. Aaron was appointed Liquidating Trustee of the First Magnus Liquidating Trust as of the Effective Date of the Plan, May 1, 2008; and

WHEREAS on November 19, 2008, the Trustee filed his Amended Complaint for Declaratory Judgment initiating Adversary Proceeding No. 4:08-ap-00522-JMM in the U.S. Bankruptcy Court for the District of Arizona (the "Complaint" in the "Adversary Matter"); and

WHEREAS each of the Lenders is named as a defendant in the Adversary Matter, or is successor to a party named as a defendant therein; and

WHEREAS the Trustee sought by the Complaint the Bankruptcy Court's determination of the rights of the defendants therein to certain funds held by First Magnus in its operating account and denominated in the Complaint as the "DIP Hold Account;" and

WHEREAS each of the Lenders was duly served with a Summons and copy of the Complaint and has filed timely its Answer to the Complaint; and

WHEREAS, the Trustee has secured entry of default judgments against or dismissals of each defendant in the Adversary Matter other than the Lenders; and

WHEREAS the Settling Parties have researched their claims and conducted discovery related to the Adversary Matter and acknowledge that establishing the validity and amount of each Lender's claim to Common Fund Proceeds (as defined in the Complaint) is likely to require time-consuming and costly litigation between and among the Settling Parties; and

WHEREAS the Settling Parties desire to avoid such expense and resolve the differences between the Lenders and the Trustee by agreeing as set forth below;

NOW, THEREFORE, in consideration of the foregoing and of the mutual covenants, conditions and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, it is hereby agreed that:

Section 1.  Submission of Agreement for Approval.

1.1.    Trustee's Filing of Approval Motion.  Within seven (7) days of the execution of this Agreement, the Trustee shall file a motion (the "Approval Motion") and shall thereafter take such steps as are reasonably required to seek entry of an Order of the U.S. Bankruptcy Court approving the terms of this Settlement Agreement (the "Approval Order").

1.2.    Effective Date.  The "Effective Date" of the settlement shall be effective on the later of: a) the date that the Approval Order becomes a final order; or 2) the date that the order authorizing LBHI to enter the settlement receives approval from the LBHI Bankruptcy Court, Chapter 11 bankruptcy case, Southern District of New York (Case No. 08-13555(JPM)).

1.3.    Denial of Approval Motion.  In the event the Bankruptcy Court enters an order denying the Approval Motion, the Settling Parties' rights shall be preserved and restored as if no Settlement Agreement was reached.

Section 2.    Consideration.

2.1.    Within seven (7) calendar days following the Effective Date, the Trustee shall pay to the Lenders the sum total of One Million, Three Hundred Fifty Thousand Dollars ($1,350,000.00), paid as follows:

| BAC | $ 45,900 | WFF | $ 85,050 |
| RMF | $ 24,300 | WMMSC | $ 217,350 |
| Countrywide | $ 179,550 | JPM | $ 130,950 |
| Aurora | $ 666,900 | | |

2.2.    The payment set forth in Section 2.1 shall be in the form of a  check payable to the order of the applicable Lender and delivered to the counsel for such Lender, as listed on the execution pages of this Settlement Agreement, unless a Lender's counsel provides the Trustee with the applicable Lender's wire instructions.

Section 3.    Dismissal With Prejudice Of The Adversary Proceeding.  The Approval Motion shall request, and the Settling Parties hereby assent upon receipt of the payment described in Section 2.1 to entry of, an Order dismissing the Adversary Matter with prejudice with respect to all claims, counterclaims, and crossclaims of the Settling Parties and their affiliates, assigns and/or successors of any kind.

2

Section 4.    <u>The Settling Parties Shall Bear Their Own Attorneys' Fees And Costs.</u>
The Settling Parties expressly acknowledge and agree that each will bear their own attorneys'
fees and legal costs incurred in the Adversary Proceeding.

Section 5.    <u>Limited Release.</u>    The Lenders on the one hand, and on the other, the
Trustee for himself and on behalf of the Liquidating Trust, hereby release the other from any and
all manner of claims, actions, cross claims or counterclaims, in law or in equity, of any nature
whatsoever, fixed or contingent, which they have, known or unknown, against the other, as of the
Effective Date, regarding the DIP Hold Account or any trust claims with respect to funds
received by First Magnus prior to the filing of the Chapter 11 petition.  However, this limited
release is without prejudice to a Lender's assertion that funds owing to the Lender and deposited
in the DIP Hold Account and not paid pursuant to this Agreement may be asserted as a general
unsecured claim as part of Lender's otherwise timely filed proof of claim, which may be subject
to objection.

Section 6.    <u>No Prior Transfer of Rights.</u>    This Agreement is intended to settle all
affairs specified in this Agreement between, and to bind, the Settling Parties and their
predecessors, subsidiaries, or affiliates as well as their successors and assigns.  The Settling
Parties therefore represent and warrant they have not sold, factored, pledged, assigned,
transferred, conveyed or otherwise disposed of any claim, demand or cause of action related to
any matter covered by this Agreement such that some other person, firm or entity may be
expected to pursue any claim against any party.

Section 7.    <u>Miscellaneous.</u>

7.1.    <u>Entire Agreement.</u>  This Agreement sets forth the understanding among
the Settling Parties concerning the subject matter of this Agreement, and incorporates all prior
negotiations and understandings.    No covenants, promises, agreements, conditions or
understandings, either oral or written, exist between the Settling Parties relating to the subject
matter of this Agreement other than those set forth herein.

7.2.    <u>Amendment; Waiver.</u>    This Agreement may not be amended,
supplemented, modified, canceled or discharged, except by written instrument executed by the
party against whom enforcement is sought.  No failure to exercise, and no delay in exercising,
any right, power or privilege hereunder shall operate as a waiver thereof.  No waiver of any
breach of any provision of this Agreement shall be deemed to be a waiver of any preceding or
succeeding breach of the same or any other provision.

7.3.    <u>Joint Preparation.</u>  This Agreement shall be deemed to have been prepared
jointly by the Settling Parties.  Any uncertainty or ambiguity existing herein shall not be
interpreted against any Party.

7.4.    <u>Governing Law.</u>  This Agreement shall be deemed to have been entered
into in the State of Arizona, and its interpretation, construction, and the remedies for its
enforcement shall be governed in accordance with Arizona law.

3

7.5.    No Admission.    The Settling Parties hereto further acknowledge and agree that all claims are contested and that by entering into this Agreement no party has admitted or is admitting to any allegations made by the other, nor has any party agreed to its liability or fault; the allegations and any liability arising therefrom being expressly denied.

7.6.    Legally Authorized.    All Settling Parties are competent to enter into this Agreement and have the requisite authority to enter into this Agreement.  No Settling Party has agreed or promised to do or omit to do any act or thing not herein set forth.  Notwithstanding anything to the contrary herein, Aurora is acting as servicing agent for loan owner LBHI, which had filed for Chapter 11 bankruptcy protection in the Southern District of New York on or about September, 15, 2008 (Case No. 08-13555(JPM)).  Aurora is legally authorized to enter into this Agreement on behalf of LBHI, only after LBHI secures approval from the LBHI bankruptcy court ratifying Aurora's entry into this settlement agreement on behalf of LBHI.  Following execution of this agreement, LBHI will file a motion in the LBHI bankruptcy court seeking approval of the entry into this settlement agreement by Aurora on behalf of LBHI.

7.7.    Further Assurances.    The Settling Parties hereto further acknowledge, expressly represent and confirm their authority to release any claims that they may now have or may have in the future in connection with the events, circumstances, acts, occurrences and/or omissions relating to the subject matter of this Agreement.  The Settling Parties understand that the other Settling Parties are relying upon these representations in deciding to execute this document.

7.8.    Counterparts and Facsimile Signatures.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  Facsimile or scanned transmissions of signed copies of this Agreement shall be deemed to be original signatures.

7.9.    Advice of Counsel.    Each Settling Party represents and agrees that it has had the opportunity to seek and has sought from attorneys any such advice as it deems appropriate with respect to signing this Agreement or the meaning of it.  Each Settling Party has undertaken such independent investigation and evaluation as it deems appropriate and is entering into this Agreement in reliance on that and not in reliance on any advice, disclosure, representation or information provided by or expected from any other Settling Party or Settling Party's attorneys.  This is an agreement of settlement and compromise, made in recognition that the Settling Parties may have different, disputed or incorrect understandings, information and contentions, as to facts and law, and with each Settling Party compromising and settling any potential correctness or incorrectness of its understandings, information and contentions as to the facts, law, claims, duties, disclosures and conduct occurring before or during the entry into this Agreement.  No conduct, failure, misunderstanding or misinformation and no claim of fraud or fraudulent inducement occurring prior to or in connection with the execution hereof shall be a ground for rescission hereof or for recovery of damages.

7.10.    No Third-Party Beneficiaries.    There are no third-party beneficiaries under this Agreement.

THE UNDERSIGNED ACKNOWLEDGE AND AGREE THAT NO OTHER
REPRESENTATION, STATEMENT, PROMISE OR AGREEMENT OF ANY KIND HAS
BEEN MADE TO CAUSE THEM TO EXECUTE THIS AGREEMENT AND THAT THE
ONLY CONSIDERATION FOR EXECUTION OF THIS AGREEMENT IS SET FORTH
COMPLETELY AND FULLY IN THIS DOCUMENT AND THAT THEY HAVE
CAREFULLY READ THIS AGREEMENT AND UNDERSTAND ITS MEANING AND
INTENT, AND VOLUNTARILY AGREE TO ABIDE BY THE TERMS THEREOF.

**AGREED:**

**MORRIS C. AARON, CHAPTER 11**                    **OSBORN MALEDON, P.A.**
**LIQUIDATING TRUSTEE**

Brenda K. Martin
Jason J. Romero
2929 N. Central Ave., Suite 2100
Phoenix, Arizona 85012-2794
602-640-9346
Fax : 602-664-2043
Email: bmartin@omlaw.com

5

**BANK OF AMERICA, N.A.**          **POLI & BALL, P.L.C.**

_[signature]_
James B. Ball
2999 N. 44th Street, Suite 500
Phoenix, Arizona 85018
602-840-1400
Fax : 602-840-4411
Email: ball@poliball.com

**COUNTRYWIDE HOME LOANS, INC.**          **BRYAN CAVE LLP**

Bryce A. Suzuki
2 N. Central Avenue, Suite 2200
Phoenix, Arizona 85004
602-364-7285
Fax : 602-364-7070
Email: bryce.suzuki@bryancave.com

**AURORA LOAN SERVICES**          **STINSON MORRISON HECKER LLP**

Alan A. Meda
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004
602-212-8510
Fax : 602-240-6925
Email: ameda@stinson.com

**WASHINGTON MUTUAL MORTGAGE**          **LEWIS AND ROCA L.L.P.**
**SECURITIES CORP.**

_[signature]_
Rob Charles
1 S. Church Avenue, Suite 700
Tucson, Arizona 85701-1611
520-629-4427
Fax : 520-879-4705
Email: rcharles@lrlaw.com

**BANK OF AMERICA, N.A.**

**POLI & BALL, P.L.C.**

James B. Ball
2999 N. 44th Street, Suite 500
Phoenix, Arizona 85018
602-840-1400
Fax : 602-840-4411
Email: ball@poliball.com

**COUNTRYWIDE HOME LOANS, INC.**

**BRYAN CAVE LLP**

Bryce A. Suzuki
2 N. Central Avenue, Suite 2200
Phoenix, Arizona 85004
602-364-7285
Fax : 602-364-7070
Email: bryce.suzuki@bryancave.com

**AURORA LOAN SERVICES**

**STINSON MORRISON HECKER LLP**

Alan A. Meda
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004
602-212-8510
Fax : 602-240-6925
Email: ameda@stinson.com

**WASHINGTON MUTUAL MORTGAGE
SECURITIES CORP.**

**LEWIS AND ROCA L.L.P.**

Rob Charles
1 S. Church Avenue, Suite 700
Tucson, Arizona 85701-1611
520-629-4427
Fax : 520-879-4705
Email: rcharles@lrlaw.com

6

**BANK OF AMERICA, N.A.**

**POLI & BALL, P.L.C.**

James B. Ball
2999 N. 44th Street, Suite 500
Phoenix, Arizona 85018
602-840-1400
Fax : 602-840-4411
Email: ball@poliball.com

**COUNTRYWIDE HOME LOANS, INC.**

**BRYAN CAVE LLP**

Bryce A. Suzuki
2 N. Central Avenue, Suite 2200
Phoenix, Arizona 85004
602-364-7285
Fax : 602-364-7070
Email: bryce.suzuki@bryancave.com

**AURORA LOAN SERVICES**

**STINSON MORRISON HECKER LLP**

Alan A. Meda
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004
602-212-8510
Fax : 602-240-6925
Email: ameda@stinson.com

**WASHINGTON MUTUAL MORTGAGE
SECURITIES CORP.**

**LEWIS AND ROCA L.L.P.**

Rob Charles
1 S. Church Avenue, Suite 700
Tucson, Arizona 85701-1611
520-629-4427
Fax : 520-879-4705
Email: rcharles@lrlaw.com

6

**WELLS FARGO FUNDING, INC.**

**RYLEY CARLOCK & APPLEWHITE**

_____

John J. Fries
1 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
602-440-4819
Fax : 602-257-6919
Email: jfries@rcalaw.com

**JPMorgan Chase Bank as Successor to
Washington Mutual Bank, F.A. as the
Administrative Agent for Various Buyers
Under the June 29, 2007 Mortgage Loan
Repurchase Agreement**

**LEWIS AND ROCA L.L.P.**

_____

Rob Charles
1 South Church Avenue, Suite 700
Tucson, Arizona 85701-1611
520-629-4427
Fax : 520-879-4705
Email: rcharles@lrlaw.com

**REDWOOD MORTGAGE FUNDING,
INC.**

**COLLINS, MAY, POTENZA, BARAN
& GILLESPIE, PC**

_____

Theodore P. Witthoft
201 N. Central Avenue, Suite 2210
Phoenix, Arizona 85004-0022
602-252-1900
Fax : 602-252-1114
Email: twitthoft@cmpbglaw.com

S:\JBB\BOFA\First Magnus\Settlement Agreement - Final.doc

**WELLS FARGO FUNDING, INC.**

**RYLEY CARLOCK & APPLEWHITE**

John J. Fries
1 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
602-440-4819
Fax : 602-257-6919
Email: jfries@rcalaw.com

**JPMorgan Chase Bank as Successor to
Washington Mutual Bank, F.A. as the
Administrative Agent for Various Buyers
Under the June 29, 2007 Mortgage Loan
Repurchase Agreement**

**LEWIS AND ROCA L.L.P.**

Rob Charles
1 South Church Avenue, Suite 700
Tucson, Arizona 85701-1611
520-629-4427
Fax : 520-879-4705
Email: rcharles@lrlaw.com

**REDWOOD MORTGAGE FUNDING,
INC.**

**COLLINS, MAY, POTENZA, BARAN
& GILLESPIE, PC**

Theodore P. Witthoft
201 N. Central Avenue, Suite 2210
Phoenix, Arizona 85004-0022
602-252-1900
Fax : 602-252-1114
Email: twitthoft@cmpbglaw.com

S:\JBB\BOFA\First Magnus\Settlement Agreement - Final.doc

7

**WELLS FARGO FUNDING, INC.**

**RYLEY CARLOCK & APPLEWHITE**

_____

John J. Fries
1 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
602-440-4819
Fax : 602-257-6919
Email: jfries@rcalaw.com

**JPMorgan Chase Bank as Successor to Washington Mutual Bank, F.A. as the Administrative Agent for Various Buyers Under the June 29, 2007 Mortgage Loan Repurchase Agreement**

**LEWIS AND ROCA L.L.P.**

_____

Rob Charles
1 South Church Avenue, Suite 700
Tucson, Arizona 85701-1611
520-629-4427
Fax : 520-879-4705
Email: rcharles@lrlaw.com

**REDWOOD MORTGAGE FUNDING, INC.**

**COLLINS, MAY, POTENZA, BARAN & GILLESPIE, PC**

_____

Theodore P. Witthoft
201 N. Central Avenue, Suite 2210
Phoenix, Arizona 85004-0022
602-252-1900
Fax : 602-252-1114
Email: twitthoft@cmpbglaw.com

S:\JBB\BOFA\First Magnus\Settlement Agreement - Final.doc

7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                          :
In re                                                     :      **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,              :      **08-13555 (JMP)**
                                                          :
                                  **Debtors.**            :      **(Jointly Administered)**
                                                          :
------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING AND APPROVING THE SETTLEMENT BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND FIRST MAGNUS FINANCIAL CORPORATION

Upon the motion, dated November 25, 2009 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI" or the "Debtor"), for an order, pursuant to Rule 9019 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and

approving a settlement on the terms set forth in a Settlement Agreement[2] annexed to the

Motion, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion having been provided in accordance with the procedures set forth in the order

entered February 13, 2009 governing case management and administrative procedures for

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the
Motion.

Halbis LP
March 3, 2009
Page 2

these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of

New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the

"Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) the Liquidating Trustee of First Magnus Financial Corporation; and (vii) all parties

who have requested notice in these chapter 11 cases, and it appearing that no other or

further notice need be provided; and a hearing (the "Hearing") having been held to

consider the relief requested in the Motion; and the Court having found and determined

that the relief sought in the Motion is in the best interests of LBHI, its estate and

creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that, pursuant to section 105 of the Bankruptcy Code and

Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

        ORDERED that the LBHI is authorized to (or to direct a subsidiary to)

execute, deliver, implement and fully perform any and all obligations, instruments,

documents and papers and to take any and all actions reasonably necessary or appropriate

to consummate the Settlement Agreement and perform any and all obligations

contemplated therein; and it is further

Halbis LP
March 3, 2009
Page 3


        ORDERED that the Bankruptcy Court retains jurisdiction to enforce the

Settlement Agreement and any disputes arising thereunder.

Dated:  December __, 2009
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE