**Hearing Date and Time: December 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  December 4, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                    :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**
:
Debtors.                                   :    **(Jointly Administered)**
:
------------------------------------------------------------------x

# NOTICE OF DEBTOR'S OBJECTION TO PROOF OF
# CLAIM FILED BY DAVID SCHWARTZMAN [CLAIM NO. 22675]

PLEASE TAKE NOTICE that a hearing on the annexed objection, dated November 25, 2009 (the "Objection") of Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), to the proof of claim filed by David Schwartzman in LBHI's chapter 11 case [Claim No. 22675] shall be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **December 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Objection must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the Chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq., and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases, so as to be so filed and received by no later than **December 4, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

       PLEASE TAKE FURTHER NOTICE that if an objection to the Objection is not received by the Objection Deadline, the relief requested in the Objection shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 25, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: December 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  December 4, 2009 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :   08-13555 (JMP)
                                            :
               Debtors.                     :   (Jointly Administered)
                                            :
------------------------------------------------------------------x
```

**DEBTOR'S OBJECTION TO PROOF OF CLAIM
FILED BY DAVID SCHWARTZMAN [CLAIM NO. 22675]**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors," and collectively with their non-debtor affiliates, "Lehman"), as and for its objection to the proof of claim filed by David Schwartzman ("Schwartzman") respectfully represents:

**Preliminary Statement**

    1.  Schwartzman is the debtor in a chapter 11 bankruptcy case filed in the Central District of California (Case No.: 1:09-bk-16565-MT). On September 17, 2009, Schwartzman filed a proof of claim [Claim No. 22675] (the "Proof of Claim") in LBHI's chapter 11 case in the amount of $40,078,383 plus certain contingent claims. Schwartzman does not assert or describe any liability of LBHI or any other Debtor in the Proof of Claim.

US_ACTIVE:\20926136\01\99980.0218

Throughout the Proof of Claim, Schwartzman refers to the liabilities of "Lehman." While the motives behind this slight of hand are clear and described below, the transactions described in the Proof of Claim did not involve LBHI or any other Debtor in these cases and, instead, were entered into by indirect affiliates of Property Asset Management LLC ("PAMI"), itself an indirect subsidiary of LBHI, thrice removed. Because the Debtors have no liability with respect to the claim asserted by Schwartzman (the "Claim"), it must be disallowed and expunged in its entirety.

2.  The Proof of Claim is riddled with inaccurate and false statements and provides no documentary or factual support for the asserted Claim. Schwartzman asserts that LBHI invested in various joint ventures with DS Ventures, LLC ("DSV"), and that the parties controlling certain joint venture partners of PAMI's affiliates, Bryan Troxler ("Troxler") and Lakeside Capital Partners, LLC ("Lakeside Capital"), acted as consultants and money managers for LBHI. Such assertions are completely false as they relate to the Debtors. At no point was LBHI or any other Debtor a party to any joint ventures or partnerships with Schwartzman or any of their affiliates. The joint ventures and partnerships referenced in the Proof of Claim were between Schwartzman's affiliates and non-Debtors that were separated from LBHI by at least five (and in some cases more) levels of duly formed and existing entities, including intervening joint ventures between PAMI affiliates and affiliates of Lakeside Capital and Troxler. Indeed, Schwartzman does not provide any copies of documents to support his Claim because LBHI is not party to any of such documents. While irrelevant to the Proof of Claim, as further described below, Schwartzman also cannot assert a claim against PAMI's indirect affiliates that were party to such transactions.

2

3.  Schwartzman's claim is nothing more than a thinly veiled attempt to disingenuously limit the distributions of assets from his chapter 11 estate.[1] Schwartzman is a defaulting borrower under a $2,775,000 loan made by LBHI. According to the disclosure statement for the plan of reorganization filed by Schwartzman in his chapter 11 case (the "<u>Disclosure Statement</u>"), Schwartzman seeks to deprive LBHI of a recovery with respect to the loan, solely on the basis of offsetting such amounts with the Claim, despite that it lacks any factual or legal basis. Specifically, Schwartzman asserts that he is entitled to offsets due to failures by "Lehman" and "Lakeside" to fund capital with respect to various joint ventures. This is completely inaccurate. Presuming that "Lehman" refers to LBHI and "Lakeside" refers to Lakeside Capital, neither LBHI nor Lakeside Capital was a party to any joint venture with Schwartzman or his affiliates. Regardless of Schwartzman's assertions, LBHI owes no amounts to Schwartzman. Moreover, Schwartzman has failed to request an order from this Court establishing his purported setoff right or stay relief from the automatic stay to exercise such purported right.

4.  Instead, Schwartzman is now impermissibly substantively consolidating all of LBHI's non-debtor indirect affiliates in one large bucket that Schwartzman describes as "Lehman" in an attempt to collect from what he may perceive to be a deep pocket and/or to improperly offset and limit distributions to creditors in his own chapter 11 case. Regardless of his motives, Schwartzman has failed to assert any claim against LBHI, and no such claims exist. Schwartzman's Claim must be disallowed and expunged in its entirety.

---

[1] The Debtors reserve all rights as they relate to the filing of the Claim and whether the Claim was violative of 18 U.S.C. §§ 152 and 3571.

3

**Background**

5.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

8.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

**Jurisdiction**

9.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

10. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been

4

a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

11. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Requested Relief**

12. By this Objection, LBHI hereby objects to the Claim and submits that the Court must disallow and expunge the Claim in its entirety.

**LBHI's Relationship with Schwartzman**

13. On May 8, 2008, LBHI, entered into a Loan Agreement with Schwartzman pursuant to which LBHI agreed to loan up to $2,775,000 (the "LBHI Loan") to Schwartzman personally to fund certain of his expenses. The LBHI Loan was secured by a perfected first priority pledge given by Schwartzman in and upon all right, title and interest in and to all payments of a monetary nature to which Schwartzman was entitled in respect of certain projects owned by DSV, DMB Ventures, LLC and/or SWA Ventures, LLC—all entities controlled by Schwartzman. LBHI funded the first five advances under the LBHI Loan in the total aggregate amount of $1,137,500 (plus closing costs advanced as part of the first advance). Schwartzman has defaulted on his obligations under the LBHI Loan to provide "Quarterly Compliance Certificates" and had failed to satisfy the conditions precedent to an advance under the LBHI Loan. As a result, LBHI accelerated the entire LBHI Loan and has demanded payment in full. Despite this, no payment has been made by Schwartzman on the LBHI Loan.

5

14. On June 1, 2009, Schwartzman commenced his chapter 11 case in the Central District of California. On October 15, 2009, Schwartzman filed the Disclosure Statement. According to the Disclosure Statement, pursuant to his proposed plan of reorganization Schwartzman seeks to offset the amounts he owes to LBHI under the LBHI Loan with the amount of the Claims he asserts in LBHI's chapter 11 case, and as a result, deprive LBHI from any recovery in his chapter 11 case.

### The Relationship of LBHI's Non-Debtor Affiliates with the Claimants

15. Beginning in approximately 1999, several wholly owned subsidiaries of PAMI invested in a number of joint ventures (the "LB/Lakeside Capital Ventures") with Lakeside Capital, an investor and asset manager. Certain of LB/Lakeside Capital Ventures formed master joint ventures (the "Master Joint Ventures") with affiliates of Schwartzman to acquire, develop and sell certain projects located in California. Each LB/Lakeside Capital Venture formed wholly-owned single member limited liability companies to own certain real estate projects. In addition, the terms of the joint venture documents for each of the Master Joint Ventures provided that, to the extent any project lender required a payment, completion or recourse carve-out guaranty, Schwartzman or his affiliates would provide such guaranties. None of the Lehman entities involved in the LB/Lakeside Capital Ventures or Master Joint Ventures are Debtors.

16. From approximately 2001 through 2008, wholly owned subsidiaries of PAMI invested, in approximately 40 joint ventures with affiliates of Troxler, a local investor/asset manager (the "Troxler Residential Ventures"). Beginning in early 2003, certain of the Troxler Residential Ventures entities invested in joint ventures (each, a "Project Joint Venture") with affiliates of Schwartzman to acquire, develop and sell certain projects located in

6

California. The terms of the joint venture documents for each of the Project Joint Ventures provided that to the extent any project lender required a payment, completion or recourse carve-out guaranty, Schwartzman or his affiliates would provide such guarantees. None of the Lehman entities involved in the Troxler Residential Ventures or Project Joint Ventures are Debtors.

**The Claim Should be Disallowed and Expunged in Its Entirety**

I.   The Claim is Unsupported and Schwartzman Fails to Set
     Forth Sufficient Facts or a Legal Theory to Support a Prima Facie Claim

17.  As a preliminary matter, the Claim must be disallowed and expunged for Schwartzman's failure to provide any documents, facts or legal theory that would give rise to LBHI's liability to Schwartzman. Pursuant to Bankruptcy Rule 3001(f), a proof of claim is prima facie evidence of the validity and the amount of such claim. However, to be entitled to the weight afforded by Bankruptcy Rule 3001(f), the proof of claim must comply with the Bankruptcy Rules and set forth the necessary facts in support of the claim. In re Chain, 255 B.R. 278, 280 (Bankr.D.Conn. 2000); In re Marino, 90 B.R. 25, 28 (Bankr.D.Conn. 1988). Upon objection to the claim, if the objector provides sufficient evidence to demonstrate that an actual dispute as to the validity of a claim exists, the burden of production shifts back to the claimant. See In re St. Johnsbury Trucking Co., 206 B.R. 318 (Bankr.S.D.N.Y. 1997); In re Waterman S.S. Corp., 200 B.R. 770 (Bankr.S.D.N.Y. 1996). Ultimately, the burden of persuasion remains at all times with the claimant. See In re Bagnato, 80 B.R. 655 (Bankr. S.D.N.Y. 1987).

18.  To have a valid prepetition claim, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. See Manville Forest Products Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.), 209 F.3d 125, 128 (2d Cir. 2000) (citing cases). A right to payment is nothing more than an enforceable obligation. Pennsylvania Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 558

7

(1990). The right to payment can constitute a prepetition claim if before the filing of the bankruptcy petition, the relationship between the debtor and the creditor contained all of the elements necessary to give right to a legal obligation -- a 'right to payment' -- under the relevant non-bankruptcy law." LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.), 53 F.3d 478, 497 (2d Cir. 1995) (quoting In re Nat'l Gypsum Co., 139 B.R. 397, 405 (N.D.Tex. 1992) (internal quotation marks omitted)).

19.  Schwartzman asserts a claim based on agreements and documents related to various real estate transactions, yet he does not provide a single copy of such documents or agreements. This is obviously because LBHI is not party to any of such documents and has no liability in connection therewith, and Schwartzman is entirely aware of this. The fact is Schwartzman cannot provide any supporting documentation evidencing a relationship between himself and LBHI or any other Debtor in these cases. Accordingly, the Claim must be disallowed and expunged in its entirety.

II.  LBHI Has No Liability Arising From the Transactions Referenced in the Proof of Claim.

20.  LBHI has no liability to Schwartzman or any his affiliates. Schwartzman asserts in his Proof of Claim that LBHI invested in various joint ventures with DSV, a Schwartzman affiliate. At no point was LBHI a party to any joint ventures or partnerships with Schwartzman, DSV or any of their affiliates. Any joint ventures or partnerships between affiliates of DSV or Schwartzman and affiliates of LBHI were through entities that were separated from LBHI by at least five levels of duly formed and existing Delaware entities, including intervening joint ventures between affiliates of LBHI and affiliates of Lakeside Capital and Troxler. LBHI made no direct investments with Schwartzman or his affiliates, and that such investments were made indirectly through segregated entities was a necessary condition to the investments. The projects and entities described in the Proof of Claim relate to the Master Joint

8

Ventures and Project Joint Ventures. LBHI has had no involvement with such joint ventures or any related transactions and, as a consequence, has no liability to Schwartzman. Accordingly, the Claim must be immediately disallowed and expunged in its entirety.

III. Schwartzman Has No Setoff Right and Has Not Sought Relief From the Automatic Stay to Exercise his Purported Setoff Right.

21. Schwartzman further asserts that he is entitled to offsets due to failures by "Lehman" and "Lakeside" to fund capital with respect to various joint ventures. Presuming that "Lehman" refers to LBHI, LBHI was not a party to any joint venture with David Schwartzman or his affiliates. Schwartzman cannot demonstrate that he has a right to setoff, and, in any event, has not sought relief from the automatic stay to exercising any purported right to setoff.

22. Schwartzman must first obtain an order from this Court providing relief from the automatic stay before exercising any purported right to setoff, something that Schwartzman has failed to request. A party seeking to exercise a setoff right must obtain relief from the automatic stay before exercising such setoff right. *In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 839 (Bankr. S.D.N.Y. 1990); *In re Garden Ridge Corp.*, 338 B.R. 627, 632 (Bankr. D. Del. 2006) (internal citations omitted); 11 U.S.C §§ 362(a)(7), 362(d).

Given that the Schwartzman has failed to even request stay relief, it is clear that Schwartzman has not carried its burden of establishing "cause" under section 362(d)(1) for stay relief. Moreover, Schwartzman cannot demonstrate cause because he has not and cannot establish a right to setoff.

23. To establish a right of setoff in a bankruptcy case, a creditor must demonstrate (i) that the proposed setoff satisfies each of the requirements of section 553, (ii) that it has a valid setoff right under state law, and (iii) that the equities favor such setoff. See In re Lakeside Cmty. Hosp., Inc., 139 B.R. 886, 888 (Bankr. N.D. Ill. 1992); In re Ionosphere Clubs,

9

Inc., 164 B.R. 839, 841 (Bankr. S.D.N.Y. 1994). To exercise a right of setoff, there must be mutuality between the parties, which means that the debts and credits are held in the same right, between the same parties, standing in the same capacity. See Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 149 (2d Cir. 2002).

24.  LBHI owes no debt to Schwartzman in connection with the transactions described in the Claim, and, as a result, there obviously is no mutuality between Schwartzman and LBHI that would support a claim for setoff. In light of this, Schwartzman's failure to request stay relief, and the fact that LBHI is not liable to Schwartzman, the Claim must be dismissed and expunged in its entirety.

IV.  There is No Actionable Claim Against LBHI's Non-Debtor Affiliates

25.  Any liability owed by PAMI's indirect affiliates to Schwartzman is irrelevant to the Claim as it relates to LBHI. Nonetheless, Schwartzman cannot even assert a claim against PAMI's affiliates. In the Proof of Claim, Schwartzman asserts a Claim for indemnity and reimbursement and references certain capital funding obligations. Most, if not all, of the PAMI affiliates do not have obligations to fund additional capital under the terms of their formation documents and Delaware law.

26.  With respect to the indemnity claims asserted by Schwartzman, most, if not all, of the indirect affiliates of PAMI that were involved in the joint ventures that are the subject of the Proof of Claim do not owe indemnity obligations to Schwartzman pursuant to the terms of the joint venture formation documents. With respect those members of joint ventures with indemnity obligations in connection with guaranties executed by Schwartzman, such guaranty obligations are not ripe because (a) the applicable guaranty has not been called, (b) there is no liability owing under the applicable guaranty, and/or (c) the applicable indemnifying

party has never received a formal demand for indemnification from Schwartzman or his affiliates.

27. Regardless of whether PAMI's subsidiaries or any other joint venture entities owe indemnity obligations to Schwartzman, which LBHI disputes, such indemnities are owed by the specific joint venture entities party thereto and not by LBHI. Accordingly, the Claim must be immediately disallowed and expunged in its entirety.

### Reservation of Rights

28. LBHI reserves its rights to further object to the Claims on any ground whatsoever and supplement the facts asserted in this Objection.

### Notice

29. No trustee has been appointed in these chapter 11 cases. LBHI has served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Schwartzman; and (vii) all parties who have requested notice in these chapter 11 cases. LBHI submits that no other or further notice need be provided.

30. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE LBHI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 25, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                                          :   Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (JMP)
                                                               :
            Debtors.                                     :   (Jointly Administered)
                                                               :
-----------------------------------------------------------------x

### ORDER DISALLOWING AND EXPUNGING PROOF OF
### CLAIM FILED BY DAVID SCHWARTZMAN [CLAIM NO. 22675]

Upon consideration of the objection (the "Objection") of Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), to the Proof of Claim filed by David Schwartzman ("Schwartzman") in LBHI's chapter 11 case, the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (v) Schwartzman and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the claim filed by David Schwartzman in LBHI's chapter 11 case [Claim No. 22675] (the "Claim") is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Epiq Systems, the Debtors' claims and noticing agent, is authorized and directed to delete the Claim from the Debtors' official claims registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: December __, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE