**Hearing Date and Time: December 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: December 13, 2009 at 4:00 p.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Jay M. Goffman

Attorneys for Merrill Lynch International and
Certain of its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC. | : | Case No. 08-13555 (JMP) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

------------------------------------------------------- x

**MOTION BY MERRILL LYNCH INTERNATIONAL AND CERTAIN OF ITS
AFFILIATES FOR ENTRY OF AN ORDER (A) CONFIRMING ABILITY TO DELIVER
NOTICE OF ACCELERATION WITH RESPECT TO CERTAIN NOTES ISSUED BY
FOREIGN AFFILIATE WITHOUT RELIEF FROM THE AUTOMATIC STAY OR
(B) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
TO DELIVER SUCH NOTICE**

Merrill Lynch International and certain of its affiliates (collectively, "ML") respectfully submit this motion (the "Motion") for entry of an order (a) confirming their ability to deliver one or more notices of acceleration to Lehman Brothers Holdings Inc. ("LBHI") with respect to certain notes issued by Lehman Brothers Treasury Co. B.V. ("LBT") without relief from the automatic stay or (b) granting limited relief from the automatic stay to deliver such notices. In support of this Motion, ML respectfully represents as follows:

**INTRODUCTION**

1.  Commencing on September 15, 2008 (the "Petition Date") and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this

Court voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

## JURISDICTION

3. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 362(d), Bankruptcy Rule 4001(a) and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND

### A. The Notes

5. At issue in this motion are certain of the notes (the "Notes") ML holds, or may acquire from time to time, that were issued by LBHI's Dutch affiliate, LBT, and unconditionally guaranteed by LBHI.

6. The Notes were issued under LBHI's long-standing Euro Medium-Term Note Program ("EMTN"). LBT, LBHI and certain affiliates used the EMTN program to issue myriad series of unsecured notes governed by English law and distributed in non-U.S. markets. The

2

EMTN program comprises a variety of types of notes, including fixed- or variable-rate notes and "structured" notes.

7.  The framework for the EMTN program is set forth in a base prospectus or other base documentation, as amended from time to time (the "Base Documentation").  A representative example of the Base Documentation is the base prospectus, dated July 24, 2008, which is attached hereto as Exhibit A.[1]  In addition to the Base Documentation, each series of EMTN program notes is governed by a "final terms" supplement (the "Final Terms"), which incorporates the Base Documentation and sets forth the economic terms of such series of notes.  Such economic terms include the amount due (a) at maturity (the "Final Redemption Amount") and (b) in lieu of the Final Redemption Amount upon certain trigger events, including acceleration (the "Early Redemption Amount").  For many series of notes, the Early Redemption Amount differs from the Final Redemption Amount.

8.  Pursuant to general guarantees (the "Guarantee") issued from time to time, LBHI unconditionally and irrevocably guaranteed LBT's obligations under EMTN program notes issued by LBT.  A representative example of such a Guarantee is the Guarantee Agreement, dated July 24, 2008, a copy of which is attached hereto as Exhibit B.[2]  The Guarantee is a guarantee of payment, not collection.  *See* Guarantee, § 2.2.

   **B.   Defaults on the Notes and LBT's Bankruptcy**

9.  LBHI's bankruptcy filing on September 15, 2008 caused an event of default under the Notes.  *See* Base Prospectus, Condition 10(vi).  An additional event of default occurred on October 8, 2008 (the "LBT Commencement Date") when a Dutch court declared LBT bankrupt

---

[1] Upon information and belief, the Base Documentation from year to year is substantially similar in the material aspects relevant to this Motion.

[2] Upon information and belief, the various general guarantees are substantially similar.

3

(*in staat van faillissement*) and appointed Rutger Schimmelpenninck as bankruptcy trustee (*curator*) (together with any co-trustees, the "LBT Trustee").[3] *See* Base Prospectus, Condition 10(viii).

10. Under Dutch insolvency law, LBT's debt obligations (including the Notes) scheduled to mature more than one year after the LBT Commencement Date will be discounted to their present value as of October 8, 2009, the first anniversary of the LBT Commencement Date (the "Present Value Adjustment").[4] The effect of the Present Value Adjustment on the Notes could be significant as certain Notes do not mature until many years into the future.

11. However, acceleration of the Notes prevents any further discounting under the Present Value Adjustment. Specifically, accelerated Notes are simply discounted from the date of acceleration to the first anniversary of the LBT Commencement Date, *e.g.*, any Notes accelerated on October 28, 2009 would only be discounted by 20 days, while Notes accelerated in the future would be discounted further.

12. In addition, the acceleration of the Notes would cause ML's claims to be based on the Notes' Early Redemption Amounts rather than the Final Redemption Amounts. *See* Base Prospectus, Condition 10(c). Although determined on a Note-by-Note basis, the Early Redemption Amounts may be equal to, or larger than, the applicable Final Redemption Amounts (if accelerated). To be clear, ML is not seeking to recover on the Notes from LBT or LBHI other than through the applicable claims process or as permitted by the applicable court. Rather, ML

---

[3] The Dutch court appointed Frédéric Verhoeven as co-LBT Trustee on October 13, 2009.

[4] Provisional principles for valuing the Notes and applying the Present Value Adjustment are described in the LBT Trustee's bankruptcy report, dated November 3, 2009 (the "LBT Report"), a copy of which is attached hereto as Exhibit C. LBT Report, § 6. The LBT Trustee intends to announce the final valuation principals in January 2010. *Id.* § 6.1.1.

4

merely seeks to liquidate the amount of its claims through the exercise of its contractual rights under the Base Documentation and the relevant Final Terms.

13. Under the Base Documentation and the relevant Final Terms, the holders of 25% or more, in principal amount, of a series of EMTNs can elect to contractually accelerate such series by providing one or more written notices (each, a "Notice") to LBT, as issuer, and LBHI, as guarantor. *See* Base Prospectus, Condition 10(c). ML alone may hold sufficient Notes in certain series to provide a valid Notice under the Base Documentation. For other series, ML's Notes may be aggregated with those of other holders seeking acceleration to satisfy the threshold for valid Notice under the Base Documentation.

14. ML is permitted, under Dutch law, to deliver a Notice to LBT after the LBT Commencement Date, as the delivery of any such Notice is not stayed under Dutch law. Accordingly, ML seeks to ensure that LBHI's bankruptcy does not inhibit the delivery of an effective Notice. Moreover, the principal amount of ML's claims against LBHI under the Guarantee was automatically accelerated by operation of the Bankruptcy Code on the Petition Date.

### RELIEF REQUESTED

15. By this Motion, ML seeks entry of an order either (a) confirming that ML may deliver one or more Notices to LBHI without relief from the automatic stay or (b) granting ML limited relief from the automatic stay to deliver such Notices to LBHI.

### BASIS FOR RELIEF

16. As a general matter, Bankruptcy Code section 362 stays attempts to recover on a claim or to exercise control over property of the estate. The sending of a Notice constitutes neither, i.e., by sending a Notice, ML seeks to crystallize its claim now – it is not in any way

5

seeking to recover on its claim, nor is it seeking to exercise control over property of the estate. Accordingly, the stay does not apply to ML's delivery of a Notice to LBHI.

17.     Even if the stay does apply, it should be modified for cause to allow ML to send such Notices with respect to Notes it holds or may acquire in the future. As this Court is aware, there is no rigid test for determining whether "cause" for stay relief exists; it is determined on a case-by-case basis. *In re Sonnax Indus. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990). However, under *Sonnax*, the "fundamental question" as to whether relief from the stay should be granted is the balance of harms. Hr'g. Tr. at 147, *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 22, 2008) (Peck, *J.*); *see Sonnax*, 907 F.2d at 1286.

18.     The balance of harms fundamentally weigh in favor of modification of the stay here. As noted above, Dutch insolvency law does not stay the delivery of the Notice to LBT. Accordingly, ML seeks to ensure that LBHI's bankruptcy does not inhibit the delivery of an effective Notice. Moreover, ML's claims against LBHI on account of the Guarantee have been accelerated by operation of the Bankruptcy Code. *In re Manville Forest Prods. Corp.*, 43 B.R. 293, 297 (Bankr. S.D.N.Y. 1984) (citing numerous cases), *aff'd in part, rev'd in part on other grounds*, 60 B.R. 403 (S.D.N.Y. 1986). Accordingly, but for the technical requirement of formal delivery of a Notice to LBHI, the Notes already would be accelerated.

19.     In light of the foregoing, there simply is no harm to LBHI in the delivery of a formal Notice at this time or during its bankruptcy case. Delivery of a Notice will set the amount of ML's claim – which benefits these estates by liquidation of the claims – and nothing more. Delivery of the Notice does not constitute an act to recover on a claim, nor does it constitute an effort to exercise control over property of the estate. Conversely, there would be harm to ML

6

absent delivery of a Notice, as the amount of its claims will slowly dwindle unnecessarily by virtue of the Present Value Adjustment described above.

20.  The stay is a shield to protect debtors while they attempt to reorganize or liquidate their businesses; it cannot and should not be utilized as a sword to harm creditors. *In re Texaco, Inc.*, 81 B.R. 804, 806 (Bankr. S.D.N.Y. 1988). To deny ML the ability to send a Notice would be to convert the stay from a shield to a sword to ML's detriment. Accordingly, the stay should be modified to allow ML to deliver such Notices at this time or in the future, in its discretion.

## NOTICE

21.  ML has served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009, governing case management and administrative procedures for these cases [Dkt. No. 2837] on (i) the U.S. Trustee; (ii) the Debtors; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; (vii) the attorneys for the LBT Trustee; and (viii) all parties who have requested notice in these chapter 11 cases. ML submits that no other or further notice need be provided.

22.  No previous request for the relief sought herein has been made by ML to this or any other court.

## CONCLUSION

WHEREFORE, ML respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
November 25, 2009

>Skadden, Arps, Slate, Meagher & Flom LLP
>
>By:   */s/ Jay M. Goffman*
>         Jay M. Goffman
>Four Times Square
>New York, New York 10036
>Telephone:  212-735-3000
>Facsimile:  212-735-2000
>
>Attorneys for Merrill Lynch International and
> Certain of its Affiliates