Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., <u>et al.</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x
                                      :

In re:                              :          Chapter 11 Case No.
                                        :

LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>,   :          08-13555 (JMP)
                                        :

                    Debtors.       :          (Jointly Administered)
                                        :
-------------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF DEBTORS' MOTION PURSUANT TO
SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE  6004 FOR AUTHORIZATION TO
<u>IMPLEMENT THE DERIVATIVES EMPLOYEE INCENTIVE PROGRAM</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in

the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and

its affiliated chapter 11 debtors, as debtors in possession (collectively, the "<u>Debtors</u>"), hereby

files this statement (the "<u>Statement</u>") in support of the Debtors' motion, dated November 25,

2009 [Docket No. 5952] (the "<u>Motion</u>"), pursuant to sections 105(a) and 363(b)(1) of the

Bankruptcy Code and Bankruptcy Rule 6004 for authorization to implement the Derivatives

Employee Incentive Program (the "<u>Incentive Program</u>"), and respectfully states as follows:

**BACKGROUND**

1.      Commencing on September 15, 2008, and periodically thereafter, as the

case may be (as applicable, the "Petition Date"), LBHI and certain of its affiliates commenced in

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").

2.      Since the Petition Date, the Debtors have continued in possession of their

properties and have continued to operate and manage their businesses as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On September 17, 2008, pursuant to section 1102 of the Bankruptcy Code,

the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed

the Committee.

4.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

5.      On December 16, 2008, the Court entered the Order Pursuant to Section

105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption

and Assignment of Prepetition Derivative Contracts [Docket No. 2257] (as supplemented, the

"Derivative Procedures Order").  On January 28, 2009, the court entered the Order Approving

Consensual Assumption and Assignment of Prepetition Derivative Contracts [Docket No. 2561]

(the "Second Derivative Procedures Order" and, together with the Derivative Procedures Order,

the "Derivative Procedures Orders").  The Derivative Procedures Orders authorize the Debtors to

enter into certain settlement and assignment transactions with the consent of the Committee

without obtaining further order of the Court.  In light of this authority, the Committee and its

2

advisors work with the Debtors on a day-to-day basis in evaluating each proposed derivative

transaction.

6.      On January 29, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the Chapter 11 Cases (the "Examiner") and, by order dated January 20, 2009

[Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

7.      Following extensive discussions with the Committee and its advisors, the

Debtors filed the Motion.  By the Motion, the Debtors request:  (i) authorization to implement

the Incentive Program to the extent that it is not in the ordinary course of the Debtors' business,

and (ii) approval of administrative expense priority of distribution entitlements under the

Incentive Program.

**STATEMENT**

8.      The Committee and its advisors expended considerable time and effort

during recent months evaluating the need for a targeted program to incentivize the team of

professionals who are working to maximize the value of the Debtors' portfolio of derivative

contracts.  The Committee is acutely aware of the risks attendant to losing key employees with

the specialized knowledge of the Debtors' derivative assets to analyze and reconcile trade data,

and the developed relationships to engage with derivatives counterparties, to effectively manage

and negotiate claims for and against the estates, and thereby to preserve value for the Debtors'

estates.[1]  Having come to the conclusion that implementing such a program is necessary and

appropriate under the circumstances of these cases, the Committee worked with the Debtors to

---

[1]      While all of the Debtors' employees, including eligible derivatives employees, are beneficiaries
of the retention and recruitment program that was authorized pursuant to the Court's November
21, 2008 order [Docket No. 1662], the original program by itself has not consistently provided
sufficient incentive to enable the Debtors to compete with the compensation and prospect of long-
term employment offered by the growing number of competitors that seek professionals with
derivatives expertise.

develop the Debtors' proposal.  The Incentive Program, which is the subject of the Motion, is the

product of this collaborative process.

> 9.      Based on its consideration of the issues and its active role in crafting the

Incentive Program, the Committee believes that the relief requested will allow the Debtors to

retain and provide a financial incentive to encourage exemplary performance by professionals

who are essential to the Debtors' value maximization efforts.  Accordingly, the Committee

supports the relief requested in the Motion.

> 10.    The Incentive Program expressly vests in the Committee considerable

oversight authority, which the Committee and its advisors will exercise to ensure that the

program is implemented in a manner that balances the objectives of the program with a

recognition of the administrative costs it presents for the estates.  To that end, as set forth in the

Motion, the Committee's consent is required for a number of key determinations under the

Incentive Program,[2] including:  (i) the maximum amount paid to each participant thereunder, see

Motion ¶¶ 19 & 20; (ii) calculation of the value of certain assets contributed to the Incentive

Pool,[3] see id. at ¶¶ 24 & 26-29, taking into account (a) cash collections, including collections and

recoveries from derivative transactions with special purpose vehicles, (b) Realizable Asset

Value, (c) counterparty settlement offers; and (iii) Claims Mitigation, based on reductions in the

dollar values of derivatives claims as a result of the efforts of the derivatives team, see id. at ¶ 30.

> 11.    The Committee shares the Debtors' view that the Incentive Program

represents a sound exercise of the Debtors' business judgment.  As proposed, the Incentive

Program will create benefits that far outweigh both its costs and the costs that would otherwise

---

[2]    In each instance, the Committee has agreed that it will not withhold its consent unreasonably.

[3]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

be incurred to hire new employees with no familiarity with the Debtors' businesses. The

Committee believes that retention of Lehman employees with the knowledge and economic

motivation required to perform the formidable tasks assigned to them, as contemplated by the

Motion, is in the interests of all unsecured creditors. As a result, the Committee respectfully

requests that the Court approve the Motion.

## CONCLUSION

12.    For all of the foregoing reasons, the Committee respectfully requests that

the Court grant (i) the Motion and (ii) such other relief as the Court deems just.

Dated:    New York, New York
          November 30, 2009

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By:   /s/ Dennis F. Dunne
Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.