# EXHIBIT 5

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case Nos. 08-13555 (JMP)

        08-01420 (JMP)(SIPA)

- - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS HOLDINGS, INC., et al.

    Debtors.

- - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS INC.,

    Debtor.

- - - - - - - - - - - - - - - - - - -x

        United States Bankruptcy Court

        One Bowling Green

        New York, New York


        December 22, 2008

        10:14 AM


B E F O R E:

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

45

1    MR. SCHILLER: Your Honor, we are prepared to proffer
2    through Mr. LaRocca off the record in camera the value of the
3    securities that Barclays assigned on the night of the 19th.
4    THE COURT: Fine. Thank you. Is there anyone else
5    who wishes to speak in support of the proposed settlement? All
6    right. Let's hear from anyone who wishes to speak against it.
7    MR. KIRPALANI: Good morning, Your Honor. Susheel
8    Kirpalani from Quinn Emanuel on behalf of the official
9    committee of unsecured creditors of the Chapter 11 debtors.
10    THE COURT: Good morning.
11    MR. KIRPALANI: Your Honor, first of all, I want to
12    thank you for letting me be heard at least to outline what our
13    position is. I appreciate the offer to include in the proposed
14    form of order language and all the representations that this
15    would not be collateral estoppel. But I did want to explain to
16    the Court, and I won't take up too much of Your Honor's time,
17    exactly why did the committee feel it so necessary to appear on
18    this particular settlement if, in fact, all rights are reserved
19    and if, in fact, there's not supposed to be any collateral
20    damage -- or, hopefully not damage but collateral estoppel.
21    Your Honor, I think the issues -- Your Honor knows
22    better than I -- from the Friday night when you approved the
23    sale going forward were thereafter spun into a whole variety of
24    additional discussions and negotiations into Saturday and
25    Sunday. And we did submit the declaration of Mr. Saul Burian

46

1  from Houlihan Lokey who was intimately involved in those
2  negotiations.  The sale order itself made the creditors'
3  committee a party, if you will, to the transaction in the sense
4  that it couldn't be changed without the creditors' committee's
5  consent, even an immaterial change.
6          The transaction, Your Honor, did change.  It changed
7  and you heard about the changes.  Your Honor yourself probably
8  sees the numbers in the affidavit and went back and looked at
9  your transcript and said that wasn't exactly the numbers that I
10 remember being told on the Friday.  At least that's the
11 learning process I've gone through.  And so, the question that
12 we had when this has come before the Court in an emergency
13 basis order to show cause three months after the transaction is
14 these new numbers.  If they're not footing with the numbers
15 that were told to the creditors' committee during the weekend,
16 why is that?  And what are the right numbers?  Because as of
17 that late Sunday night, early Monday morning, our financial
18 advisors were told that, look, this is the transaction that has
19 to close.  These are the numbers -- they're actually given a
20 manila folder, which I photocopied here, that has all of the
21 numbers that Mr. Burian outlined in his declaration.  And it's
22 for these reasons we need to go forward.  Don't worry.  There
23 will be a reconciliation post-closing.
24         And so, here we are, three months hence and we assume
25 that parties are busy, there's a lot of other things that need