# EXHIBIT 6

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone:  (212) 446-2300
Facsimile:  (212) 446-2350
Jonathan D. Schiller, Esq.
Hamish P.M. Hume, Esq.
Jack G. Stern, Esq.

Attorneys for Barclays Capital Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | |
| Lehman Brothers Inc., ) | Case No. 08-01420 (JMP) |
| ) | SIPA |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| Lehman Brothers Holdings Inc., et al. ) | Case No. 08-13555 (JMP) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

**BARCLAYS CAPITAL INC.'S SECOND REQUEST FOR PRODUCTION OF**
**DOCUMENTS TO THE TRUSTEE IN THE SECURITIES INVESTOR**
**PROTECTION ACT LIQUIDATION OF LEHMAN BROTHERS INC.**

Barclays Capital Inc. ("Barclays"), through its attorneys and pursuant to Rule

7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of

Civil Procedure, serves this Second Request for Production and Inspection of Documents

on James W. Giddens, as Trustee in the Securities Investor Protection Act Liquidation of

Lehman Brothers Inc. (the "Trustee").

The Trustee is to produce, at the offices of Boies, Schiller & Flexner, LLP, 575 Lexington Avenue, 7th Floor, New York, New York 10022, within thirty (30) days after service of this Document Request, the documents identified herein:

## DEFINITIONS AND INSTRUCTIONS

1.     The term "document" has the broadest meaning accorded it under the Federal Rules of Civil Procedure, and includes but is not limited to all written, printed, typed, reported, recorded, pictorial or graphic matter, however produced or reproduced, now or at the time of possession, custody or control, including, but not limited to, all court submissions, drafts, letters, telegrams, telexes, e-mail transmissions, cables, professionals' time records, telephone records and notations, invoices, ledgers, journals, and other formal and informal books of record and account, logs, studies, summaries, minutes, agendas, bulletins, notices, announcements, charts, manuals, models, graphs, instructions, financial statements, photographs, videotapes, microfilm, other film or tapes, reports, brochures, publications, books, memoranda, notes, notebooks, drafts, worksheets, contracts, agreements, proposed contracts or agreements (whether or not actually consummated), computer data, computer printouts, graphics, statistics, interoffice memos, computer programs, computer software, tape recordings, transcriptions, drafts of the foregoing items, articles of newspapers, magazines and other publications, purchase orders, lists, proposals, plans, specifications, addenda, statements, receipts, confirmations slips, evidence of payments, bills, diaries, calendars, Day Timers, time records, bills of lading, canceled checks (both sides), audiotapes and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals.

2

2.    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to make the request intelligible and to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

3.    As used herein, the "December 2008 JPMC Settlement Approval Motion" means the Motion under 11 U.S.C. §§ 105 & 365 and Fed. R. Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement, filed on December 5, 2008, Docket No. 387 in Case No. 08-1420 (JMP).

4.    As used herein, "Asset Purchase Agreement" means the Asset Purchase Agreement, dated as of September 16, 2008, among Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc.

5.    As used herein, "Barclays" means Barclays Capital Inc. and all subsidiaries and affiliates thereof.

6.    As used herein, the "Clarification Letter" means the letter, dated as of September 20, 2008, from Barclays Capital Inc. to Lehman Brothers Holdings Inc., Lehman Brothers Inc., and LB 745 LLC, Attn. Steven Berkenfeld, Esq.

7.    As used herein, "First Amendment to the Asset Purchase Agreement" means the First Amendment to Asset Purchase Agreement dated as of September 19, 2008, among Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc.

8.    As used herein, "You" refers to the entity or individual upon whom this document request is served, and any agent, servant, employee or representative of that entity or individual.

3

9.      The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, as required by the context to make the requests intelligible and to bring within the scope of the requests any information or documents which might otherwise be considered to be beyond their scope.

10.     Each document requested herein shall be produced as it is kept in the usual and regular course of business.

11.     These requests are continuing, so as to require supplemental responses in the event that the Trustee, or any person or entity acting on his behalf, obtains additional information or documents called for by these requests between the time of the original response and the time of trial.

12.     If any objection is made to all or part of a document request, produce documents (or parts of documents) responsive to those portions of the request to which no objections is made, and produce documents (or parts of documents) responsive to the request to the extent they are not covered by the objection(s).

13.     These requests call for the production of all documents within the responding party's possession, custody or control, regardless of the physical location of the documents or their actual custodian.  If any responsive documents are believed to be in the custody of other persons, such as current or former attorneys or accountants for the responding party (or any entity controlled or operated by the responding party) but are not being produced by the responding party, please identify the person(s) in whose custody such potentially responsive documents are believed to be located, and state the reasons why the documents are not being produced in response to these requests.

14.     If any objection is made to all or part of a document request, produce documents (or parts of documents) responsive to those portions of the request to which no objections is made, and produce documents (or parts of documents) responsive to the request to the extent they are not covered by the objection(s).

15.     If any document called for by these requests is withheld on the ground of privilege or any other ground, identify the specific ground upon which the objection is based and the particular request objected to. Identify the information withheld or objected to by furnishing sufficient information to describe the document in a subpoena and in all events by furnishing the following information: (a) identify the document, specifying its author, addressee(s), date, subject matter and person(s) to whom copies were furnished; (b) describe the document in a manner sufficient to identify it and its location; and (c) as to each such document, set forth each and every fact which constitutes the basis on which privilege is claimed.

16.     All requested documents must be produced pursuant to the specifications set forth below:

     A.   <u>Production of Electronically Stored Information</u>

         i.   <u>Form of Production.</u>  Please provide all documents as Group IV single page tiff format files imaged at 300 dpi. Name each tiff file with a unique name matching the Bates number labeled on the corresponding page. Group every 1000 tiffs into a new folder; do not create a separate folder for each document.

         ii.   <u>Image Load File.</u>  Provide an image load file (Opticon file) that contains document boundaries.

5

iii.    <u>Document Text.</u> For documents that were originally stored as native electronic files and which do not have redactions, the extracted (not OCRed), full text from the body of each document will be produced in separate .txt files named for the bates number of the associated image, in the same directory as the image.

For documents that were originally stored as native electronic files and which have redactions, the OCR text will be produced from the redacted image(s) associated with each document, in separate .txt files named for the bates number of the associated image, in the same directory as the image. Any redacted, privileged material should be clearly labeled to show the redactions on the tiff image.

iv.    <u>Special File Types.</u> For files created by Excel or other spreadsheet programs, PowerPoint or other presentation programs, database files, and any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, produce the file in native format. The produced file should be named with the bates number of the first page of the corresponding tiff production of the document (e.g., "ABC00001.xls").

v.    <u>De-Duplication.</u> Please produce a single unique copy of a given e-mail message and its attachments or standalone file, with a field of semicolon-delimited references to each custodian/location in which a copy originally appeared. For e-mail messages, please consolidate duplicates based on an MD5 hash generated from BCC, Body, CC, From, IntMsgID, To, and Attach (semicolon delimited string of first level attachments in the e-mail) properties.

6

For e-mail attachments or standalone electronic files, please consolidate duplicates based on an MD5 hash of the entire file.

    vi.   Document Metadata.  Produce extracted metadata for each document in the form of a .dat file, and include the following fields where applicable.

| | |
|---|---|
| Bates Range Begin | The bates label of the first page of the document |
| Bates Range End | The bates label of the last page of the document |
| Bates Family Range Begin | The bates label of the first page of a family of documents (e.g., email and attachment) |
| Bates Family Range End (optional) | The bates label of the last page of a family of documents |
| Subject (Email Metadata) | The subject line of an e-mail |
| File Name (Metadata) | The filename of an e-mail attachment or stand-alone e-file |
| Sent Date (Email Metadata) | For email, the sent date/time stamp of the message in the custodian's time zone |
| Send Date (Email Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Created Date (Blended Metadata) | For efiles or attachments, the MS Office creation date/time, or PDF creation date/time, or operating system creation date/time, in the custodian's time zone |
| Created Date (Blended Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Last Modified Date (Blended Metadata) | For efiles or attachments, the MS Office last modified date/time, or PDF last modified date/time, or operating system last modified date/time, in the custodian's time zone |
| Last Modified Date (Blended Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Author (MS Metadata) | The author of a stand-alone efile or attachment |
| From (Email Metadata) | The sender of an email message |
| To (Email Metadata) | The recipients of an email message |
| CC (Email Metadata) | The copyee(s) of an email message |
| BCC (Email Metadata) | The blind copyee(s) of an email message |
| Custodian | The custodian in whose file the document was found |
| Source | Path to e-mail archive or original path to standalone files |

| | |
|---|---|
| Source Folder | Folder within e-mail archive or original path to standalone files |
| MD5 | The calculated MD5 hash value of the document |
| NativeFile | The file path to the location of the native file if produced |
| Confidential Stamp | The confidentiality designation, if any, for the document pursuant to any protective order in the case, as it appears on the image. |

B.    Production of Paper Documents

i.    Form of Production.  Produce all documents originally maintained in paper files as Group IV single page tiff format files imaged at 300 dpi.  Name each tiff file with a unique name matching the Bates number labeled on the corresponding page.  Group every 1000 tiffs into a new folder; do not create a separate folder for each document.

ii.    Image Load File.  Provide an image load file (Opticon file) that contains document boundaries.

iii.    Document Text.  The OCR text will be produced from the image(s) associated with each document, with the text from each document stored in a separate .txt file named for the beginning bates number of the document, in the same directory as the image of the first page of the document.

iv.    Document Metadata.  Produce data for each document in the form of a .dat file including the following fields where applicable:

| | |
|---|---|
| Bates_Begin | The bates label of the first page of the document |
| Bates_End | The bates label of the last page of the document |
| Attach_Begin | The bates label of the first page of a family of documents (e.g., email and attachment) |
| Attach_End (Optional) | The bates label of the last page of a family of documents |

8

| Custodian | The custodian in whose file the document was found |
|-----------|----------------------------------------------------|

   v.   Unitization of Documents.  In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized).  The parties should re-unitize improperly unitized documents.

   vi.   Parent-Child Relationships.  Parent-child relationships (the association between an attachment and its parent document) should be preserved.

<u>REQUESTED DOCUMENTS</u>

1.    All documents sent, received, created, reviewed or revised by You after September 30, 2008, and before March 13, 2009, concerning any assets transferred or liabilities assumed by Barclays under the Asset Purchase Agreement, as originally drafted and executed, or as subsequently amended by the First Amendment to the Asset Purchase Agreement or by the Clarification Letter.  This request includes but is not limited to any analyses, reconciliations or communications concerning the Barclays transaction or the assets or liabilities involved in that transaction, whether the assets or liabilities were actually transferred or not, and whether the assets or liabilities were subject to transfer under the original Asset Purchase Agreement or under a subsequent amendment.  This request includes documents relating to assets that You understand Barclays believes were required to be transferred under the Asset Purchase Agreement, as subsequently amended by the First Amendment to the Asset Purchase Agreement or by the Clarification Letter.

Dated: New York, New York
      October 9, 2009

BOIES, SCHILLER & FLEXNER LLP

By:_____

Jonathan D. Schiller
Hamish P.M. Hume
Jack G. Stern
BOIES, SCHILLER & FLEXNER
LLP
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*

11

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone:  (212) 446-2300
Facsimile:  (212) 446-2350
Jonathan D. Schiller, Esq.
Hamish P.M. Hume, Esq.
Jack G. Stern, Esq.

Attorneys for Barclays Capital Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| Lehman Brothers Inc., | )    Case No. 08-01420 (JMP) |
| | )    SIPA |
|        Debtor. | ) |
| | ) |
| | ) |
| In re: | )    Chapter 11 |
| | ) |
| Lehman Brothers Holdings Inc., et al. | )    Case No. 08-13555 (JMP) |
| | )    (Jointly Administered) |
|        Debtors. | ) |
| | ) |

**BARCLAYS CAPITAL INC.'S FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF LEHMAN BROTHERS HOLDINGS, INC. AND ITS**
**AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

Barclays Capital Inc. ("Barclays"), through its attorneys and pursuant to Rule

7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of

Civil Procedure, serves this First Request for Production and Inspection of Documents on

the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. and its

affiliated debtors and debtors in possession (the "Committee").

The Committee is to produce, at the offices of Boies, Schiller & Flexner, LLP,

575 Lexington Avenue, 7th Floor, New York, New York 10022, within fourteen (14)

calendar days after service of this Document Request, the documents identified herein:

## DEFINITIONS AND INSTRUCTIONS

1.    The term "document" has the broadest meaning accorded it under the Federal

Rules of Civil Procedure, and includes but is not limited to all written, printed, typed,

reported, recorded, pictorial or graphic matter, however produced or reproduced, now or

at the time of possession, custody or control, including, but not limited to, all court

submissions, drafts, letters, telegrams, telexes, e-mail transmissions, cables,

professionals' time records, telephone records and notations, invoices, ledgers, journals,

and other formal and informal books of record and account, logs, studies, summaries,

minutes, agendas, bulletins, notices, announcements, charts, manuals, models, graphs,

instructions, financial statements, photographs, videotapes, microfilm, other film or

tapes, reports, brochures, publications, books, memoranda, notes, notebooks, drafts,

worksheets, contracts, agreements, proposed contracts or agreements (whether or not

actually consummated), computer data, computer printouts, graphics, statistics,

interoffice memos, computer programs, computer software, tape recordings,

transcriptions, drafts of the foregoing items, articles of newspapers, magazines and other

publications, purchase orders, lists, proposals, plans, specifications, addenda, statements,

receipts, confirmations slips, evidence of payments, bills, diaries, calendars, Day

Timers, time records, bills of lading, canceled checks (both sides), audiotapes and copies

or reproductions of the foregoing upon which notations in writing have been made

which do not appear on the originals.

2

2.     As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to make the request intelligible and to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

3.     As used herein, the "December 2008 JPMC Settlement Approval Motion" means the Motion under 11 U.S.C. §§ 105 & 365 and Fed. R. Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement, filed on December 5, 2008, Docket No. 387 in Case No. 08-1420 (JMP).

4.     As used herein, "You" refers to the entity or individual upon whom this document request is served, and any agent, servant, employee or representative of that entity or individual.

5.     The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, as required by the context to make the requests intelligible and to bring within the scope of the requests any information or documents which might otherwise be considered to be beyond their scope.

6.     Each document requested herein shall be produced as it is kept in the usual and regular course of business.

7.     These requests are continuing, so as to require supplemental responses in the event that the Committee, or any person or entity acting on its behalf, obtains additional information or documents called for by these requests between the time of the original response and the time of trial.

8.     If any objection is made to all or part of a document request, produce documents (or parts of documents) responsive to those portions of the request to which no objections

3

is made, and produce documents (or parts of documents) responsive to the request to the extent they are not covered by the objection(s).

9.      These requests call for the production of all documents within the responding party's possession, custody or control, regardless of the physical location of the documents or their actual custodian.  If any responsive documents are believed to be in the custody of other persons, such as current or former attorneys or accountants for the responding party (or any entity controlled or operated by the responding party) but are not being produced by the responding party, please identify the person(s) in whose custody such potentially responsive documents are believed to be located, and state the reasons why the documents are not being produced in response to these requests.

10.     If any objection is made to all or part of a document request, produce documents (or parts of documents) responsive to those portions of the request to which no objections is made, and produce documents (or parts of documents) responsive to the request to the extent they are not covered by the objection(s).

11.     If any document called for by these requests is withheld on the ground of privilege or any other ground, identify the specific ground upon which the objection is based and the particular request objected to.  Identify the information withheld or objected to by furnishing sufficient information to describe the document in a subpoena and in all events by furnishing the following information: (a) identify the document, specifying its author, addressee(s), date, subject matter and person(s) to whom copies were furnished; (b) describe the document in a manner sufficient to identify it and its location; and (c) as to each such document, set forth each and every fact which constitutes the basis on which privilege is claimed.

4

12.     All requested documents must be produced pursuant to the specifications set

forth below:

    A.     Production of Electronically Stored Information

        i.     Form of Production.  Please provide all documents as Group IV

single page tiff format files imaged at 300 dpi.  Name each tiff file with a unique

name matching the Bates number labeled on the corresponding page.  Group

every 1000 tiffs into a new folder; do not create a separate folder for each

document.

        ii.     Image Load File.  Provide an image load file (Opticon file) that

contains document boundaries.

        iii.     Document Text.  For documents that were originally stored as

native electronic files and which do not have redactions, the extracted (not

OCRed), full text from the body of each document will be produced in separate

.txt files named for the bates number of the associated image, in the same

directory as the image.

    For documents that were originally stored as native electronic files and

which have redactions, the OCR text will be produced from the redacted image(s)

associated with each document, in separate .txt files named for the bates number

of the associated image, in the same directory as the image.  Any redacted,

privileged material should be clearly labeled to show the redactions on the tiff

image.

        iv.     Special File Types.  For files created by Excel or other spreadsheet

programs, PowerPoint or other presentation programs, database files, and any

other file types that reasonably require viewing in their native format for a full

understanding of their content and meaning, produce the file in native format.

The produced file should be named with the bates number of the first page of the

corresponding tiff production of the document (e.g., "ABC00001.xls").

v.    De-Duplication.  Please produce a single unique copy of a given e-

mail message and its attachments or standalone file, with a field of semicolon-

delimited references to each custodian/location in which a copy originally

appeared.  For e-mail messages, please consolidate duplicates based on an MD5

hash generated from BCC, Body, CC, From, IntMsgID, To, and Attach

(semicolon delimited string of first level attachments in the e-mail) properties.

For e-mail attachments or standalone electronic files, please consolidate

duplicates based on an MD5 hash of the entire file.

vi.    Document Metadata.  Produce extracted metadata for each

document in the form of a .dat file, and include the following fields where

applicable.

| | |
|---|---|
| Bates Range Begin | The bates label of the first page of the document |
| Bates Range End | The bates label of the last page of the document |
| Bates Family Range Begin | The bates label of the first page of a family of documents (e.g., email and attachment) |
| Bates Family Range End (optional) | The bates label of the last page of a family of documents |
| Subject (Email Metadata) | The subject line of an e-mail |
| File Name (Metadata) | The filename of an e-mail attachment or stand-alone e-file |
| Sent Date (Email Metadata) | For email, the sent date/time stamp of the message in the custodian's time zone |
| Send Date (Email Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |

6

| | |
|---|---|
| Created Date (Blended Metadata) | For efiles or attachments, the MS Office creation date/time, or PDF creation date/time, or operating system creation date/time, in the custodian's time zone |
| Created Date (Blended Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Last Modified Date (Blended Metadata) | For efiles or attachments, the MS Office last modified date/time, or PDF last modified date/time, or operating system last modified date/time, in the custodian's time zone |
| Last Modified Date (Blended Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Author (MS Metadata) | The author of a stand-alone efile or attachment |
| From (Email Metadata) | The sender of an email message |
| To (Email Metadata) | The recipients of an email message |
| CC (Email Metadata) | The copyee(s) of an email message |
| BCC (Email Metadata) | The blind copyee(s) of an email message |
| Custodian | The custodian in whose file the document was found |
| Source | Path to e-mail archive or original path to standalone files |
| Source Folder | Folder within e-mail archive or original path to standalone files |
| MD5 | The calculated MD5 hash value of the document |
| NativeFile | The file path to the location of the native file if produced |
| Confidential Stamp | The confidentiality designation, if any, for the document pursuant to any protective order in the case, as it appears on the image. |

B.    Production of Paper Documents

i.    Form of Production. Produce all documents originally maintained in paper files as Group IV single page tiff format files imaged at 300 dpi. Name each tiff file with a unique name matching the Bates number labeled on the corresponding page. Group every 1000 tiffs into a new folder; do not create a separate folder for each document.

ii.    Image Load File. Provide an image load file (Opticon file) that contains document boundaries.

7

iii.    Document Text. The OCR text will be produced from the image(s) associated with each document, with the text from each document stored in a separate .txt file named for the beginning bates number of the document, in the same directory as the image of the first page of the document.

iv.    Document Metadata. Produce data for each document in the form of a .dat file including the following fields where applicable:

| Bates_Begin | The bates label of the first page of the document |
| Bates_End | The bates label of the last page of the document |
| Attach_Begin | The bates label of the first page of a family of documents (e.g., email and attachment) |
| Attach_End (Optional) | The bates label of the last page of a family of documents |
| Custodian | The custodian in whose file the document was found |

v.    Unitization of Documents. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). The parties should re-unitize improperly unitized documents.

vi.    Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent document) should be preserved.

<u>REQUESTED DOCUMENTS</u>

      1.     All documents sent, received, or created between September 12, 2008 and September 30, 2008 by You concerning the negotiation, terms, or approval (by any person or entity) of any proposed or actual purchase, sale, merger, transfer or similar transaction in which some or all of the assets, liabilities or business of LBHI or any LBHI entity or affiliate (including LBI) were to be or actually were sold to, acquired by, transferred to, or assumed by Barclays or any Barclays' entity or affiliate.

      2.     All documents sent, received, or created by You relating to the December 2008 JPMC Settlement Approval Motion, including without limitation documents relating to any of the facts presented to the Court in connection with the December 2008 JPMC Settlement Approval Motion.

Dated: New York, New York
       September 22, 2009

BOIES, SCHILLER & FLEXNER LLP

By:_____
       Jonathan D. Schiller
       Hamish P.M. Hume
       Jack G. Stern
       BOIES, SCHILLER & FLEXNER
       LLP
       575 Lexington Avenue
       New York, NY 10022
       Telephone: (212) 446-2300
       Facsimile: (212) 446-2350

       *Attorneys for Barclays Capital Inc.*

10

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
Jonathan D. Schiller, Esq.
Hamish P.M. Hume, Esq.
Jack G. Stern, Esq.

Attorneys for Barclays Capital Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: )<br><br>Lehman Brothers Inc., )<br><br>            Debtor. )<br> ) | Case No. 08-01420 (JMP)<br>SIPA |
| In re: )<br><br>Lehman Brothers Holdings Inc., <u>et al</u>. )<br><br>            Debtors. ) | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

**BARCLAYS CAPITAL INC.'S FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS TO THE TRUSTEE IN THE SECURITIES INVESTOR**
**PROTECTION ACT LIQUIDATION OF LEHMAN BROTHERS INC.**

Barclays Capital Inc. ("Barclays"), through its attorneys and pursuant to Rule

7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of

Civil Procedure, serves this First Request for Production and Inspection of Documents on

James W. Giddens, as Trustee in the Securities Investor Protection Act Liquidation of

Lehman Brothers Inc. (the "Trustee").

The Trustee is to produce, at the offices of Boies, Schiller & Flexner, LLP, 575 Lexington Avenue, 7th Floor, New York, New York 10022, within fourteen (14) calendar days after service of this Document Request, the documents identified herein:

## DEFINITIONS AND INSTRUCTIONS

1.     The term "document" has the broadest meaning accorded it under the Federal Rules of Civil Procedure, and includes but is not limited to all written, printed, typed, reported, recorded, pictorial or graphic matter, however produced or reproduced, now or at the time of possession, custody or control, including, but not limited to, all court submissions, drafts, letters, telegrams, telexes, e-mail transmissions, cables, professionals' time records, telephone records and notations, invoices, ledgers, journals, and other formal and informal books of record and account, logs, studies, summaries, minutes, agendas, bulletins, notices, announcements, charts, manuals, models, graphs, instructions, financial statements, photographs, videotapes, microfilm, other film or tapes, reports, brochures, publications, books, memoranda, notes, notebooks, drafts, worksheets, contracts, agreements, proposed contracts or agreements (whether or not actually consummated), computer data, computer printouts, graphics, statistics, interoffice memos, computer programs, computer software, tape recordings, transcriptions, drafts of the foregoing items, articles of newspapers, magazines and other publications, purchase orders, lists, proposals, plans, specifications, addenda, statements, receipts, confirmations slips, evidence of payments, bills, diaries, calendars, Day Timers, time records, bills of lading, canceled checks (both sides), audiotapes and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals.

2

2.    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to make the request intelligible and to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

3.    As used herein, the "December 2008 JPMC Settlement Approval Motion" means the Motion under 11 U.S.C. §§ 105 & 365 and Fed. R. Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement, filed on December 5, 2008, Docket No. 387 in Case No. 08-1420 (JMP).

4.    As used herein, "You" refers to the entity or individual upon whom this document request is served, and any agent, servant, employee or representative of that entity or individual.

5.    The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, as required by the context to make the requests intelligible and to bring within the scope of the requests any information or documents which might otherwise be considered to be beyond their scope.

6.    Each document requested herein shall be produced as it is kept in the usual and regular course of business.

7.    These requests are continuing, so as to require supplemental responses in the event that the Trustee, or any person or entity acting on his behalf, obtains additional information or documents called for by these requests between the time of the original response and the time of trial.

8.    If any objection is made to all or part of a document request, produce documents (or parts of documents) responsive to those portions of the request to which no objections

3

is made, and produce documents (or parts of documents) responsive to the request to the extent they are not covered by the objection(s).

9.      These requests call for the production of all documents within the responding party's possession, custody or control, regardless of the physical location of the documents or their actual custodian.  If any responsive documents are believed to be in the custody of other persons, such as current or former attorneys or accountants for the responding party (or any entity controlled or operated by the responding party) but are not being produced by the responding party, please identify the person(s) in whose custody such potentially responsive documents are believed to be located, and state the reasons why the documents are not being produced in response to these requests.

10.     If any objection is made to all or part of a document request, produce documents (or parts of documents) responsive to those portions of the request to which no objections is made, and produce documents (or parts of documents) responsive to the request to the extent they are not covered by the objection(s).

11.     If any document called for by these requests is withheld on the ground of privilege or any other ground, identify the specific ground upon which the objection is based and the particular request objected to.  Identify the information withheld or objected to by furnishing sufficient information to describe the document in a subpoena and in all events by furnishing the following information: (a) identify the document, specifying its author, addressee(s), date, subject matter and person(s) to whom copies were furnished; (b) describe the document in a manner sufficient to identify it and its location; and (c) as to each such document, set forth each and every fact which constitutes the basis on which privilege is claimed.

4

12.     All requested documents must be produced pursuant to the specifications set

forth below:

    A.     <u>Production of Electronically Stored Information</u>

        i.     <u>Form of Production.</u>  Please provide all documents as Group IV

single page tiff format files imaged at 300 dpi.  Name each tiff file with a unique

name matching the Bates number labeled on the corresponding page.  Group

every 1000 tiffs into a new folder; do not create a separate folder for each

document.

        ii.     <u>Image Load File.</u>  Provide an image load file (Opticon file) that

contains document boundaries.

        iii.     <u>Document Text.</u>  For documents that were originally stored as

native electronic files and which do not have redactions, the extracted (not

OCRed), full text from the body of each document will be produced in separate

.txt files named for the bates number of the associated image, in the same

directory as the image.

    For documents that were originally stored as native electronic files and

which have redactions, the OCR text will be produced from the redacted image(s)

associated with each document, in separate .txt files named for the bates number

of the associated image, in the same directory as the image.  Any redacted,

privileged material should be clearly labeled to show the redactions on the tiff

image.

        iv.     <u>Special File Types.</u>  For files created by Excel or other spreadsheet

programs, PowerPoint or other presentation programs, database files, and any

5

other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, produce the file in native format. The produced file should be named with the bates number of the first page of the corresponding tiff production of the document (e.g., "ABC00001.xls").

     v.    <u>De-Duplication.</u>  Please produce a single unique copy of a given e-mail message and its attachments or standalone file, with a field of semicolon-delimited references to each custodian/location in which a copy originally appeared. For e-mail messages, please consolidate duplicates based on an MD5 hash generated from BCC, Body, CC, From, IntMsgID, To, and Attach (semicolon delimited string of first level attachments in the e-mail) properties. For e-mail attachments or standalone electronic files, please consolidate duplicates based on an MD5 hash of the entire file.

     vi.    <u>Document Metadata.</u>  Produce extracted metadata for each document in the form of a .dat file, and include the following fields where applicable.

| | |
|---|---|
| Bates Range Begin | The bates label of the first page of the document |
| Bates Range End | The bates label of the last page of the document |
| Bates Family Range Begin | The bates label of the first page of a family of documents (e.g., email and attachment) |
| Bates Family Range End (optional) | The bates label of the last page of a family of documents |
| Subject (Email Metadata) | The subject line of an e-mail |
| File Name (Metadata) | The filename of an e-mail attachment or stand-alone e-file |
| Sent Date (Email Metadata) | For email, the sent date/time stamp of the message in the custodian's time zone |
| Send Date (Email Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |

| | |
|---|---|
| Created Date (Blended Metadata) | For efiles or attachments, the MS Office creation date/time, or PDF creation date/time, or operating system creation date/time, in the custodian's time zone |
| Created Date (Blended Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Last Modified Date (Blended Metadata) | For efiles or attachments, the MS Office last modified date/time, or PDF last modified date/time, or operating system last modified date/time, in the custodian's time zone |
| Last Modified Date (Blended Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Author (MS Metadata) | The author of a stand-alone efile or attachment |
| From (Email Metadata) | The sender of an email message |
| To (Email Metadata) | The recipients of an email message |
| CC (Email Metadata) | The copyee(s) of an email message |
| BCC (Email Metadata) | The blind copyee(s) of an email message |
| Custodian | The custodian in whose file the document was found |
| Source | Path to e-mail archive or original path to standalone files |
| Source Folder | Folder within e-mail archive or original path to standalone files |
| MD5 | The calculated MD5 hash value of the document |
| NativeFile | The file path to the location of the native file if produced |
| Confidential Stamp | The confidentiality designation, if any, for the document pursuant to any protective order in the case, as it appears on the image. |

B.   Production of Paper Documents

i.   Form of Production.  Produce all documents originally maintained in paper files as Group IV single page tiff format files imaged at 300 dpi.  Name each tiff file with a unique name matching the Bates number labeled on the corresponding page.  Group every 1000 tiffs into a new folder; do not create a separate folder for each document.

ii.   Image Load File.  Provide an image load file (Opticon file) that contains document boundaries.

7

iii.     <u>Document Text.</u> The OCR text will be produced from the image(s) associated with each document, with the text from each document stored in a separate .txt file named for the beginning bates number of the document, in the same directory as the image of the first page of the document.

iv.     <u>Document Metadata.</u> Produce data for each document in the form of a .dat file including the following fields where applicable:

| | |
|---|---|
| Bates_Begin | The bates label of the first page of the document |
| Bates_End | The bates label of the last page of the document |
| Attach_Begin | The bates label of the first page of a family of documents (e.g., email and attachment) |
| Attach_End (Optional) | The bates label of the last page of a family of documents |
| Custodian | The custodian in whose file the document was found |

v.     <u>Unitization of Documents.</u> In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). The parties should re-unitize improperly unitized documents.

vi.     <u>Parent-Child Relationships.</u> Parent-child relationships (the association between an attachment and its parent document) should be preserved.

8

## REQUESTED DOCUMENTS

1.      All documents sent, received, or created between September 12, 2008 and September 30, 2008 by You concerning the negotiation, terms, or approval (by any person or entity) of any proposed or actual purchase, sale, merger, transfer or similar transaction in which some or all of the assets, liabilities or business of LBHI or any LBHI entity or affiliate (including LBI) were to be or actually were sold to, acquired by, transferred to, or assumed by Barclays or any Barclays' entity or affiliate.

2.      All documents sent, received, or created by You relating to the December 2008 JPMC Settlement Approval Motion, including without limitation documents relating to any of the facts presented to the Court in connection with the December 2008 JPMC Settlement Approval Motion.

9

Dated: New York, New York
September 22, 2009

BOIES, SCHILLER & FLEXNER LLP

By: _____
Jonathan D. Schiller
Hamish P.M. Hume
Jack G. Stern
BOIES, SCHILLER & FLEXNER
LLP
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*

10

The Committee is to produce, at the offices of Boies, Schiller & Flexner, LLP,

575 Lexington Avenue, 7th Floor, New York, New York 10022, within thirty (30) days

after service of this Document Request, the documents identified herein:

## DEFINITIONS AND INSTRUCTIONS

1.      The term "document" has the broadest meaning accorded it under the Federal

Rules of Civil Procedure, and includes but is not limited to all written, printed, typed,

reported, recorded, pictorial or graphic matter, however produced or reproduced, now or

at the time of possession, custody or control, including, but not limited to, all court

submissions, drafts, letters, telegrams, telexes, e-mail transmissions, cables,

professionals' time records, telephone records and notations, invoices, ledgers, journals,

and other formal and informal books of record and account, logs, studies, summaries,

minutes, agendas, bulletins, notices, announcements, charts, manuals, models, graphs,

instructions, financial statements, photographs, videotapes, microfilm, other film or

tapes, reports, brochures, publications, books, memoranda, notes, notebooks, drafts,

worksheets, contracts, agreements, proposed contracts or agreements (whether or not

actually consummated), computer data, computer printouts, graphics, statistics,

interoffice memos, computer programs, computer software, tape recordings,

transcriptions, drafts of the foregoing items, articles of newspapers, magazines and other

publications, purchase orders, lists, proposals, plans, specifications, addenda, statements,

receipts, confirmations slips, evidence of payments, bills, diaries, calendars, Day

Timers, time records, bills of lading, canceled checks (both sides), audiotapes and copies

or reproductions of the foregoing upon which notations in writing have been made

which do not appear on the originals.

2

2.     As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to make the request intelligible and to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

3.     As used herein, the "December 2008 JPMC Settlement Approval Motion" means the Motion under 11 U.S.C. §§ 105 & 365 and Fed. R. Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement, filed on December 5, 2008, Docket No. 387 in Case No. 08-1420 (JMP).

4.     As used herein, "Asset Purchase Agreement" means the Asset Purchase Agreement, dated as of September 16, 2008, among Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc.

5.     As used herein, "Barclays" means Barclays Capital Inc. and all subsidiaries and affiliates thereof.

6.     As used herein, the "Clarification Letter" means the letter, dated as of September 20, 2008, from Barclays Capital Inc. to Lehman Brothers Holdings Inc., Lehman Brothers Inc., and LB 745 LLC, Attn. Steven Berkenfeld, Esq.

7.     As used herein, "First Amendment to the Asset Purchase Agreement" means the First Amendment to Asset Purchase Agreement dated as of September 19, 2008, among Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc.

8.     As used herein, "You" refers to the entity or individual upon whom this document request is served, and any agent, servant, employee or representative of that entity or individual.

9.    The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, as required by the context to make the requests intelligible and to bring within the scope of the requests any information or documents which might otherwise be considered to be beyond their scope.

10.    Each document requested herein shall be produced as it is kept in the usual and regular course of business.

11.    These requests are continuing, so as to require supplemental responses in the event that the Committee, or any person or entity acting on its behalf, obtains additional information or documents called for by these requests between the time of the original response and the time of trial.

12.    If any objection is made to all or part of a document request, produce documents (or parts of documents) responsive to those portions of the request to which no objections is made, and produce documents (or parts of documents) responsive to the request to the extent they are not covered by the objection(s).

13.    These requests call for the production of all documents within the responding party's possession, custody or control, regardless of the physical location of the documents or their actual custodian.  If any responsive documents are believed to be in the custody of other persons, such as current or former attorneys or accountants for the responding party (or any entity controlled or operated by the responding party) but are not being produced by the responding party, please identify the person(s) in whose custody such potentially responsive documents are believed to be located, and state the reasons why the documents are not being produced in response to these requests.

14.    If any objection is made to all or part of a document request, produce documents (or parts of documents) responsive to those portions of the request to which no objections is made, and produce documents (or parts of documents) responsive to the request to the extent they are not covered by the objection(s).

15.    If any document called for by these requests is withheld on the ground of privilege or any other ground, identify the specific ground upon which the objection is based and the particular request objected to. Identify the information withheld or objected to by furnishing sufficient information to describe the document in a subpoena and in all events by furnishing the following information: (a) identify the document, specifying its author, addressee(s), date, subject matter and person(s) to whom copies were furnished; (b) describe the document in a manner sufficient to identify it and its location; and (c) as to each such document, set forth each and every fact which constitutes the basis on which privilege is claimed.

16.    All requested documents must be produced pursuant to the specifications set forth below:

    A.    Production of Electronically Stored Information

        i.    Form of Production. Please provide all documents as Group IV single page tiff format files imaged at 300 dpi. Name each tiff file with a unique name matching the Bates number labeled on the corresponding page. Group every 1000 tiffs into a new folder; do not create a separate folder for each document.

        ii.    Image Load File. Provide an image load file (Opticon file) that contains document boundaries.

iii.    Document Text. For documents that were originally stored as native electronic files and which do not have redactions, the extracted (not OCRed), full text from the body of each document will be produced in separate .txt files named for the bates number of the associated image, in the same directory as the image.

For documents that were originally stored as native electronic files and which have redactions, the OCR text will be produced from the redacted image(s) associated with each document, in separate .txt files named for the bates number of the associated image, in the same directory as the image. Any redacted, privileged material should be clearly labeled to show the redactions on the tiff image.

iv.    Special File Types. For files created by Excel or other spreadsheet programs, PowerPoint or other presentation programs, database files, and any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, produce the file in native format. The produced file should be named with the bates number of the first page of the corresponding tiff production of the document (e.g., "ABC00001.xls").

v.    De-Duplication. Please produce a single unique copy of a given e-mail message and its attachments or standalone file, with a field of semicolon-delimited references to each custodian/location in which a copy originally appeared. For e-mail messages, please consolidate duplicates based on an MD5 hash generated from BCC, Body, CC, From, IntMsgID, To, and Attach (semicolon delimited string of first level attachments in the e-mail) properties.

6

For e-mail attachments or standalone electronic files, please consolidate duplicates based on an MD5 hash of the entire file.

    vi.    <u>Document Metadata.</u>  Produce extracted metadata for each document in the form of a .dat file, and include the following fields where applicable.

| | |
|---|---|
| Bates Range Begin | The bates label of the first page of the document |
| Bates Range End | The bates label of the last page of the document |
| Bates Family Range Begin | The bates label of the first page of a family of documents (e.g., email and attachment) |
| Bates Family Range End (optional) | The bates label of the last page of a family of documents |
| Subject (Email Metadata) | The subject line of an e-mail |
| File Name (Metadata) | The filename of an e-mail attachment or stand-alone e-file |
| Sent Date (Email Metadata) | For email, the sent date/time stamp of the message in the custodian's time zone |
| Send Date (Email Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Created Date (Blended Metadata) | For efiles or attachments, the MS Office creation date/time, or PDF creation date/time, or operating system creation date/time, in the custodian's time zone |
| Created Date (Blended Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Last Modified Date (Blended Metadata) | For efiles or attachments, the MS Office last modified date/time, or PDF last modified date/time, or operating system last modified date/time, in the custodian's time zone |
| Last Modified Date (Blended Metadata) Time | If you are unable to provide date and time in a single field above, provide the time portion separately |
| Author (MS Metadata) | The author of a stand-alone efile or attachment |
| From (Email Metadata) | The sender of an email message |
| To (Email Metadata) | The recipients of an email message |
| CC (Email Metadata) | The copyee(s) of an email message |
| BCC (Email Metadata) | The blind copyee(s) of an email message |
| Custodian | The custodian in whose file the document was found |
| Source | Path to e-mail archive or original path to standalone files |

| | |
|---|---|
| Source Folder | Folder within e-mail archive or original path to standalone files |
| MD5 | The calculated MD5 hash value of the document |
| NativeFile | The file path to the location of the native file if produced |
| Confidential Stamp | The confidentiality designation, if any, for the document pursuant to any protective order in the case, as it appears on the image. |

**B.**     Production of Paper Documents

       i.     Form of Production. Produce all documents originally maintained in paper files as Group IV single page tiff format files imaged at 300 dpi. Name each tiff file with a unique name matching the Bates number labeled on the corresponding page. Group every 1000 tiffs into a new folder; do not create a separate folder for each document.

       ii.     Image Load File. Provide an image load file (Opticon file) that contains document boundaries.

       iii.     Document Text. The OCR text will be produced from the image(s) associated with each document, with the text from each document stored in a separate .txt file named for the beginning bates number of the document, in the same directory as the image of the first page of the document.

       iv.     Document Metadata. Produce data for each document in the form of a .dat file including the following fields where applicable:

| | |
|---|---|
| Bates_Begin | The bates label of the first page of the document |
| Bates_End | The bates label of the last page of the document |
| Attach_Begin | The bates label of the first page of a family of documents (e.g., email and attachment) |
| Attach_End (Optional) | The bates label of the last page of a family of documents |

| Custodian | The custodian in whose file the document was found |
|---|---|

v.    <u>Unitization of Documents.</u>  In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized).  The parties should re-unitize improperly unitized documents.

vi.    <u>Parent-Child Relationships.</u>  Parent-child relationships (the association between an attachment and its parent document) should be preserved.

9

## REQUESTED DOCUMENTS

1.      All documents sent, received, created, reviewed or revised by You after September 30, 2008, and before March 13, 2009, concerning any assets transferred or liabilities assumed by Barclays under the Asset Purchase Agreement, as originally drafted and executed, or as subsequently amended by the First Amendment to the Asset Purchase Agreement or by the Clarification Letter. This request includes but is not limited to any analyses, reconciliations or communications concerning the Barclays transaction or the assets or liabilities involved in that transaction, whether the assets or liabilities were actually transferred or not, and whether the assets or liabilities were subject to transfer under the original Asset Purchase Agreement or under a subsequent amendment. This request includes documents relating to assets that You understand Barclays believes were required to be transferred under the Asset Purchase Agreement, as subsequently amended by the First Amendment to the Asset Purchase Agreement or by the Clarification Letter.

Dated: New York, New York
         October 9, 2009

                                        BOIES, SCHILLER & FLEXNER LLP

                                        By: _____
                                            Jonathan D. Schiller
                                            Hamish P.M. Hume
                                            Jack G. Stern
                                            BOIES, SCHILLER & FLEXNER
                                            LLP
                                            575 Lexington Avenue
                                            New York, NY 10022
                                            Telephone: (212) 446-2300
                                            Facsimile: (212) 446-2350

                                        *Attorneys for Barclays Capital Inc.*

11