UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                       :

In re                                                       :      Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :      Case No. 08-13555 (JMP)

                 Debtors.                   :      (Jointly Administered)

------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN LEHMAN
BROTHERS HOLDINGS INC., LEHMAN BROTHERS SPECIAL FINANCING
INC. AND BANK OF NEW YORK MELLON REGARDING (1) TURNOVER
OF COLLATERAL DEPOSIT AND (2) RETURN OF MISDIRECTED WIRES**

Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF," together with LBHI, the "Debtors"), on the one hand, and The Bank of New York Mellon ("BNYM," together with the Debtors, the "Parties" and each a "Party"), on the other, by and through their respective counsel, hereby enter into this Stipulation and Agreed Order and represent and agree as follows:

**RECITALS**

A.     On September 15, 2008 and October 3, 2008 (as applicable, the "Commencement Date"), LBHI and LBSF, respectively, commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.     Prior to the Commencement Date, LBHI and BNYM entered into a collateral deposit agreement (the "Collateral Deposit Agreement"), dated September 11, 2008, pursuant to which LBHI deposited $170,000,000 (the "Deposit") with BNYM to collateralize certain obligations related to paying agency and other clearing services provided by BNYM. The

1

Deposit was funded entirely by LBHI and has not been called upon or applied to satisfy any obligations by BNYM.

C. The Parties agree that (i) between September 11, 2008 and August 31, 2009, interest has accrued on the Deposit in the amount of $1,756,492.41, and (ii) BNYM is entitled to deduct reasonable fees in the amount of $306,641.36 (the "Bank Fees") from the Deposit pursuant to the terms of the Collateral Deposit Agreement.

D. Subsequent to the Commencement Date, on April 16, 2009 and April 20, 2009, BNYM erroneously wired three payments totaling $71,305,890.63 (the "Misdirected Funds") to LBSF at JP Morgan Chase account 066-143543 (the "Transfers"). BNYM informed the Debtors that the Transfers were made in error and has requested a return of the Misdirected Funds.

E. Following receipt from BNYM of information concerning the Transfers, the Deposit, and the Bank Fees, and having conducted an internal review and investigation, the Debtors have determined that the Bank Fees are reasonable and appropriate and that the Misdirected Funds should be returned to BNYM.

F. Accordingly, the Parties agree that (i) LBHI is entitled to receive from BNYM $171,449,110.21, plus additional accrued interest from September 1, 2009 through the date of payment pursuant to the terms of this Stipulation and Agreed Order (the "Deposit Funds"),[1] and (ii) BNYM is entitled to return of the Misdirected Funds without interest.

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The recitals set forth above are incorporated as if fully set forth herein.

2. The automatic stay extant pursuant to 11 U.S.C. § 362(a) (the "Automatic Stay")

---

[1] The Parties agree that the interest rate to be applied to the Deposit Funds from September 1, 2009 through the date the Deposit Funds are turned over to LBHI pursuant to this Stipulation and Agreed Order shall be at the published rates for the Dreyfus Cash Management Plus Fund.

2

is hereby modified solely for the limited purpose of allowing BNYM to set off the Bank Fees against the Deposit. The provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the Commencement Date from the Debtors' estates and/or assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code) shall otherwise remain in full force and effect.

3. Within two (2) business days of the approval of this Stipulation and Agreed Order by the Court, simultaneously:

(a) BNYM shall transfer the Deposit Funds by wire transfer to LBHI in accordance with the following wire instructions provided to BNYM by LBHI:

> Bank: Citibank
> ABA: 021-000-089
> SWIFT Code: CITIUS33
> Acct #: 3078-4686
> Acct Name: LBHI – Cash Concentration – DIP; and

(b) LBSF shall transfer the Misdirected Funds to BNYM in accordance with the following wire instructions provided to LBSF by BNYM:

> Pay To: BNYM Mellon, New York, IRVTUS3N
> Favour: BNYM Mellon, Brussels, IRVTBEBB
> For Credit to: BNYM Cash Ops - a/c 9141184021

4. BNYM represents that, upon information and belief and reasonable review of its records, BNYM is not aware of any additional monies deposited (other than the Deposit) by LBHI with BNYM pursuant to or in connection with the Collateral Deposit Agreement.

5. Upon receipt of the Deposit Funds by LBHI and the Misdirected Funds by BNYM, the Parties hereto, together with their agents, employees, principals, professionals, successors, and assigns, shall be deemed to have waived, released, and discharged any and all claims against each other, their estates, agents, employees, principals, professionals, successors,

or assigns solely with respect to the Collateral Deposit Agreement, the Deposit Funds, the Misdirected Funds, and the Transfers, including, without limitation, any claim for interest, costs, or expenses, except as expressly set forth in this Stipulation and Agreed Order.

6. Each Party agrees to pay its own costs and expenses (including legal fees) incurred in connection with the negotiation, execution, and delivery of this Stipulation and Agreed Order and the consummation of the transactions contemplated hereby.

7. This Stipulation and Agreed Order is solely for the benefit of the Parties and not for any other person or entity and no such person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation and Agreed Order.

8. Each person who executes this Stipulation and Agreed Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on behalf of such Party.

9. This Stipulation and Agreed Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. The Parties agree that this Stipulation and Agreed Order may be executed via facsimile and that this Stipulation and Agreed Order executed in such manner shall have full legal force.

10. This Stipulation and Agreed Order can only be amended or otherwise modified by a signed writing executed by the Parties.

11. This Stipulation and Agreed Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

12. The terms of this Stipulation and Agreed Order are subject to approval of the Court and shall be of no force and effect unless and until it is approved.

13. This Stipulation and Agreed Order shall be effective immediately upon its entry by the Court and the requirements of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are waived.

14. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

**AGREED TO:**

Dated: November 17, 2009
      New York, New York

| /s/ Alfredo R. Perez | /s/ Eric A. Schaffer |
|---|---|
| Alfredo R. Perez | Eric A. Schaffer |
| | |
| WEIL, GOTSHAL & MANGES LLP | REED SMITH LLP |
| 700 Louisiana, Suite 1600 | 599 Lexington Avenue |
| Houston, TX 77002 | New York, New York 10022 |
| Telephone: (713) 546-5000 | Telephone: (212) 521-5400 |
| Facsimile: (713) 224-9511 | Facsimile: (212) 521-5450 |
| | |
| *Attorneys for the Debtors and Debtors in Possession* | *Attorneys for The Bank of New York Mellon* |

SO ORDERED this 3rd day of December, 2009

    *s/ James M. Peck*
HONORABLE JAMES PECK
UNITED STATES BANKRUPTCY JUDGE

5