# AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
# LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Robert Franz** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **ANDROMEDA GLOBAL CREDIT FUND, LTD** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **principal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **13065** filed by or on behalf of [Seller] [Seller's predecessor in interest] (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 1st day of December, 2009.

| [SELLER] | ANDROMEDA GLOBAL CREDIT FUND, LTD |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: Robert Franz | Name: ROMULO GARZA |
| Title: Managing Director | Title: Authorized Signatory |
| 81 Dixon Avenue | 520 Madison Avenue, 18th Floor |
| Boonton, NJ 07005 | New York, NY 10022 |

Transferred Claims

Purchased Claim

$621,736.43 as represented by the Lehman Program Securities listed below and evidenced by the Agreement and Evidence of Transfer of Claim form filed on December 1, 2009. These claims are a subset of the original Proof of Claim filed on September 15, 2009 (Claim # 13065) totaling $2,128,189.33.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Coupon | Maturity | Principal/Face Amount | Accrued Amount (as of Proof of Claim Filing Date) | Total Claim Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| Lehman Program Securities | XS0163559841 XS0178969209 XS0189294225 XS0200284247 XS0202417050 XS0211093041 XS0211814123 XS0176153350 XS0220704109 XS0283497005 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3.8383% 3.4385 4.3192 3.05 3.0035 4.1692 4.1692 3.0601 4.598 4.4602 | 3/14/2011 11/26/2013 4/23/2014 9/22/2014 10/27/2014 2/16/2015 2/16/2017 10/10/2013 6/13/2017 1/31/2017 | 90,000 10,000 30,000 58,000 20,000 30,000 15,000 20,000 111,000 33,000 | €1779.27 €279.79 €525.4 €1754.48 €538.16 €736.74 €368.37 €576.8 €1356.36 €931.5 | €91,779.27 €10,279.79 €30,525.40 €59,754.48 €20,538.16 €30,736.74 €15,368.37 €20,576.80 €112,356.36 €33,931.50 |

        EUR  TOTAL:  €417,000  €8,846.87  €425,846.87

        Exchange Rate: 1.46 $/€(as per original Proof of Claim filed on September 15, 2009)

        USD  TOTAL:                 $621,736.43

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)   0000013065 |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Robert Franz<br>81 Dixon Ave<br>Boonton, NJ 07005<br>Telephone number: 212 764 4050  Email Address: Robert.Franz | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(If known)<br><br>Filed on: _____ | **NOTICE OF SCHEDULED CLAIM:**<br>Your Claim is scheduled by the indicated Debtor as: |
|---|---|---|
| Name and address where payment should be sent (if different from above)<br>@ fieldstonecapital.com<br>Telephone number:      Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |

1. Amount of Claim as of Date Case Filed: $ **2,128,199.33**
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☒ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: **Lehman BV guaranteed Bonds**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____  Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____  Basis for perfection: _____
   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   **Amount entitled to priority:**
   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 15 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: **9/14/09** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>*[signed] Robert Franz* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Summary of Robert Franz's Holdings

| Bond | Cusip/ISIN | Quantity | Face | Coupon | Days | Interest | Net |
|---|---|---|---|---|---|---|---|
| LEH 6 03/14/11 | XS0163559841 | 90 | € 90,000.00 | 3.8383 | 188 | € 1,779.27 | € 91,779.27 |
| LEH StrNt 11/26/13 | XS0178969209 | 10 | € 10,000.00 | 3.4385 | 297 | € 279.79 | € 10,279.79 |
| LEH StrNt 04/23/14 | XS0189294225 | 30 | € 30,000.00 | 4.3192 | 148 | € 525.40 | € 30,525.40 |
| LEH 5 09/22/14 | XS0200284247 | 58 | € 58,000.00 | 3.05 | 362 | € 1,754.48 | € 59,754.48 |
| LEH StrNt 10/27/14 | XS0202417050 | 20 | € 20,000.00 | 3.0035 | 327 | € 538.16 | € 20,538.16 |
| LEH StrNt 12/30/16 | XS0208459023 | 95 | € 95,000.00 | 3.1589 | 263 | € 2,162.36 | € 97,162.36 |
| LEH StrNt 02/16/15 | XS0211093041 | 30 | € 30,000.00 | 4.1692 | 215 | € 736.74 | € 30,736.74 |
| LEH StrNt 02/16/17 | XS0211814123 | 15 | € 15,000.00 | 4.1692 | 215 | € 368.37 | € 15,368.37 |
| LEH StrNt 10/10/13 | XS0176153350 | 20 | € 20,000.00 | 3.0601 | 344 | € 576.80 | € 20,576.80 |
| LEH 0 06/13/17 | XS0220704109 | 111 | € 111,000.00 | 4.598 | 97 | € 1,356.36 | € 112,356.36 |
| LEH StrNt 10/05/35 | XS0229584296 | 750 | € 750,000.00 | 7.25 | 349 | € 51,991.44 | € 801,991.44 |
| LEH StrNt 05/17/13 | XS0254628661 | 55 | € 55,000.00 | 1 | 121 | € 182.33 | € 55,182.33 |
| LEH StrNt 10/10/08 | XS0295438369 | 7 | € 7,000.00 | 0 | 524 | € 0.00 | € 7,000.00 |
| LEH StrNt 05/04/12 | XS0296156085 | 50 | € 50,000.00 | 2.62 | 134 | € 480.93 | € 50,480.93 |
| LEH StrNt 07/14/14 | XS0309485729 | 20 | € 20,000.00 | 0 | 64 | € 0.00 | € 20,000.00 |
| LEH StrNt 01/31/17 | XS0283497005 | 33 | € 33,000.00 | 4.4602 | 231 | € 931.50 | € 33,931.50 |
| | | | € 1,394,000.00 | | | € 63,663.93 | € 1,457,663.93 |

Exchage Rate  1.46 $/€

$2,128,189.33

