IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: ) Chapter 11
)
LEHMAN BROTHERS HOLDINGS INC. ) Case No. 08-13555 (JMP)
)
)
Debtor. ) (Jointly Administered)

---

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO: **MORGAN STANLEY & CO. INTERNATIONAL** ("Transferor")

2. Please take notice of the transfer in the amount of €4,805,000.00 of your claims against LEHMAN BROTHERS HOLDINGS INC., Case No. 08-13555 (JMP) arising from and relating to Claim No. **42289** (attached in Exhibit A hereto), to:

**CVI GVF (LUX) MASTER SARL** ("Transferee")
CVI GVF (Lux) Master S.a.r.l.
C/O Carval Investors UK Limited
Knowle Hill Park
Fairmile Lane
Cobham
Surrey
KT11 2PD
UK

Attn: Annemarie Jacobsen
Email: Annemarie.jacobsen@carval.com
Tel: 00 44 1932 86 1594
Fax: 00 44 1932 576 012

An evidence of transfer of claim is attached hereto as Exhibit B. All distributions and notices regarding the transferred portion of the claims should be sent to the Transferee at the instructions attached

558612.1/9999-00998

in Exhibit C.

3. No action is required if you do not object to the transfer of your claims. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIMS, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

   United States Bankruptcy Court
   Southern District of New York
   Attn: Clerk of Court
   Alexander Hamilton Custom House
   One Bowling Green
   New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

-- Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                                              CLERK
-----------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____,
2005.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtor's Attorney ___


                                            _____
                                            Deputy Clerk


558612.1/9999-00998

# EXHIBIT A

## PROOF OF CLAIM

558612.1/9999-00998

Transferred Claims

Purchased Claim

100% - US$6,918,929.00 of US$6,918,929.00 (the outstanding amount of the Proof of Claim as of December 2 2009.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LBHI Program Securities Bonds | XS0252834576 | Lehman Brothers Holdings Inc. | None | EUR 4,805,000.00 | 4.00% | 4/5/2011 | EUR 71,087.67 |

| United States Bankruptcy Court/Southern District of New York | | LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)   0000042289 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | |

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Attn: Michael Sohr, 38th Floor
Company Name: AllianceBernstein
Beneficial Owner Name: ACM EURO CREDIT TOTAL RETURN 3 – BOND (AGEREUR)
1345 Avenue of the Americas
NewYork, NY 10105

Telephone number: 212-969-6938    Email Address: michael.sohr@alliancebernstein.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 6,918,929 (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0252834576  (Required) Coupon 4%  maturity 5/4/11

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

6009116 - Euroclear BK. # (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
Euroclear A/C# 96942 (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

FILED / RECEIVED
OCT 20 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date. 10/13/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
MICHAEL E. SOHR    SENIOR VICE PRESIDENT

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

_M.Davis_
RECEIVED BY: 10/20/09 DATE 11:54 TIME

**HAND DELIVERY**

# EXHIBIT B

# EVIDENCE OF TRANSFER OF CLAIM

558612.1/9999-00998

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, MORGAN STANLEY & CO. INTERNATIONAL PLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to CVI GVF (LUX) MASTER SARL (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the EUR 4,805,000.00 specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 42289 filed by or on behalf of AllianceBernstein LP, as investment advisor for the benefit of : ACM Euro Credit Total Return 3 – Bond (AGEREUR) OR MSIP (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt , Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the transferred claims of the proceedings.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of December 2009.

| MORGAN STANLEY & CO. INTERNATIONAL PLC | Signed By: CARVAL INVESTORS UK LIMITED On behalf of CVI GVF(Lux) Master Sarl |
|---|---|
| By: _____ <br> Name: <br> Title: BRIAN CRIPPS <br> Authorised Signatory <br> 25, Cabot Square <br> Canary Wharf <br> London E14 4QA <br> E- mail: Indistressed@morganstanley.com | By: _____ <br> Name: DAVID SHORT <br> Title: OPERATIONS MANAGER <br><br> CVI GVF (Lux) Master S.a.r.l. <br> C/O Carval Investors UK Limited <br> Knowle Hill Park <br> Fairmile Lane <br> Cobham <br> Surrey <br> KT11 2PD <br> UK <br><br> Attn: Annemarie Jacobsen <br> Email: Annemarie.jacobsen@carval.com <br> Tel: 00 44 1932 86 1594 <br> Fax: 00 44 1932 576 012 |

## EXHIBIT C

Address for Notices:

CVI GVF (Lux) Master S.a.r.l.
C/O Carval Investors UK Limited
Knowle Hill Park
Fairmile Lane
Cobham
Surrey
KT11 2PD
UK

Attn: Annemarie Jacobsen
Email: Annemarie.jacobsen@carval.com
Tel: 00 44 1932 86 1594
Fax: 00 44 1932 576 012


Wire Instructions:



**USD    PAYMENT INSTRUCTIONS:**
Account Name: CVI GVF (Lux) Master Sarl
Account Number: 304919381
Receiving Bank: JP Morgan Chase, New York
ABA: 021000021
BIC Code: CHASUS33



**EUR    PAYMENT INSTRUCTIONS:**
Account Name: CVI GVF (Lux) Master Sarl
Account Number: 35347102
IBAN: GB67CHAS60924235347102
Receiving Bank: JP Morgan Chase, London
BIC Code: CHASGB2L
Correspondent Bank: JP Morgan Chase, Frankfurt
BIC: CHASDEFX