# Exhibit 4

B O I E S ,    S C H I L L E R    &    F L E X N E R    L L P

3 3 3  M A I N  S T R E E T  •  A R M O N K ,  N Y  1 0 5 0 4  •  P H .  9 1 4 . 7 4 9 . 8 2 0 0  •  F A X  9 1 4 . 7 4 9 . 8 3 0 0

November 23, 2009

**BY EMAIL**

William R. Maguire, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York  10004

        *In re Lehman Brothers Holdings Inc., et al.,* Case No. 08-13555 (JMP)

Dear Bill:

        I write to follow up on our discussion by telephone on November 11 and our exchange of emails on November 20 concerning the Trustee's Rule 30(b)(6) Deposition Notice to Barclays.[1]  As we discussed when we first spoke, Barclays is not able to provide a testifying representative on November 24, the date set forth in the Notice.

        As we also discussed, Barclays objects to the extraordinary scope of the Notice. The list of topics alone is thirteen pages long, single-spaced, and contains fifty-six separately numbered general topics which in turn contain over one hundred separately numbered or lettered subtopics, for a total of well over one hundred and fifty topics. Most of these topics have been amply addressed in the recently concluded Rule 2004 discovery, either by documents produced or testimony given.  During that "one-way" discovery process, Barclays produced over 29,000 documents containing over 468,000 bates-numbered pages and over 3,100 multiple-page spreadsheets in native format, while the Rule 60 movants took thirty-two depositions, including numerous Rule 30(b)(6) depositions of Barclays' representatives, lasting a total of approximately 150 hours on the record, during which 490 exhibits were marked.

        As you know, the scheduling order recently signed by Judge Peck allows the Rule 60 movants to take discovery only if they do so "[w]ithout duplicating discovery previously taken."  Scheduling Order dated October 27, 2009, ¶ 10.  Moreover, a substantial body of case law holds that Rule 30(b)(6) depositions which are unreasonably cumulative or duplicative are inappropriate. *See, e.g., F.D.I.C. v. Wachovia Insurance Services, Inc.*, No. 3:05 CV 929(CFD), 2007 WL 2460685 (D. Conn. Aug. 27, 2007) (granting protective order under Federal Rule 26(b)(2)(C)); *Banks v. Office of the Senate*

---

[1] I refer to the Trustee's First Rule 30(b)(6) Deposition Notice to Barclays on Issues Pertaining to Barclays' Acquisition of LBI Assets and Assumption of LBI Liabilities ("Notice").

*Sergeant-at-Arms*, 222 F.R.D. 7, 19 (D.D.C.2004) (ordering parties to find topics that will "insure that the 30(b)(6) depositions are meaningful exercises in ascertaining information that has not been previously discovered" and ordering the party seeking discovery "not [to] ask questions that duplicate questions previously asked of other witness or seek information that he already has by virtue of responses to other discovery devices").

Accordingly, Barclays objects to the Notice on grounds which include, but are not limited to, the following: (i) the discovery sought is unreasonably cumulative and duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the Rule 60 movants have had ample opportunity by discovery in the action to obtain the information sought; (iii) Barclays' position on many of the topics is adequately set forth in existing correspondence, documents, and testimony; (iv) examination on many of the topics would necessarily call for a legal conclusion; (v) certain of the topics are irrelevant; and therefore (vi) the burden or expense of the proposed discovery outweighs its likely benefit.

Notwithstanding the foregoing objections, and without waiving any of those or any other objections, Barclays is willing to agree to a compromise in an effort to avoid motion practice before the Court. Accordingly, if the Trustee agrees to withdraw its other topics and to negotiate a reasonable schedule under which Barclays may appear for the deposition, Barclays is willing to provide one or more testifying representatives on the following topics: Topics 16, 18-22 & 26 (Margin); Topic 33 (DTCC/Clearance Box Assets); Topics 36 and 37 (Rule 15c3-3); and Topics 42-43 (Sale Transaction Accounting). These twelve topics, together with all of their numerous sub-topics, still represent an exceptionally burdensome 30(b)(6) Notice that will likely require several different corporate representatives to be prepared. For that reason, and because Barclays should be entitled to take its own discovery before having to produce yet more witnesses on top of the more than two dozen it produced for deposition in August and September, we propose that this deposition be scheduled for the latter half of January or the first week of February.

Again, we reserve our right to seek a protective order as to the entire Notice, but we hope to be able to agree upon a compromise. We are of course willing to discuss with you alternative proposals, and to listen to any explanation you may have for your purported need for additional testimony on any of the other topics listed.

Finally, we note that we have yet to receive a date from the Trustee regarding a far more narrowly tailored Rule 30(b)(6) deposition noticed by Barclays on August 26, 2009, in the OCC Interpleader matter. We also have not received any confirmation of the December 2, 2009 date for the Rule 30(b)(6) deposition we noticed earlier this month – or any proposal for an alternative date in December. Again, that notice is far narrower than your Notice, and represents the first deposition Barclays will take of the Trustee (as opposed to being the latest in a string of over two dozen depositions the Trustee and its fellow Rule 60 movants have taken of Barclays).

We look forward to receiving your response to Barclays' proposal, and to discussing this further in due course.

Sincerely,

Christopher M. Green

cc:   Robert Gaffey, Esq. (by email)
      James Tecce, Esq. (by email)