# Exhibit 5

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
Jonathan D. Schiller, Esq.
Hamish P.M. Hume, Esq.
Jack G. Stern, Esq.

Attorneys for Barclays Capital Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Lehman Brothers Inc.,<br><br>          Debtor. | Case No. 08-01420 (JMP)<br>SIPA |
| In re:<br><br>Lehman Brothers Holdings Inc., et al.<br><br>          Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

**OBJECTIONS OF BARCLAYS CAPITAL INC. TO THE TRUSTEE'S,**
**DEBTOR'S AND CREDITORS' COMMITTEE'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Barclays Capital Inc. ("Barclays"), through its attorneys and pursuant to Rule

7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of

Civil Procedure, responds to the First Set of Requests for Production of Documents and

Things issued by James W. Giddens, as Trustee for the SIPA liquidation of Lehman

Brothers Inc. (the "Trustee"), Lehman Brothers Holdings Inc. ("LBHI") and the Official

Committee of Unsecured Creditors of LBHI and its affiliated debtors and debtors-in-

possession (the "Committee"), served on October 30, 2009 (the "Document Requests"), as follows:

## GENERAL OBJECTIONS

Each of Barclays' responses is subject to the following General Objections, and each such General Objection is incorporated by reference in Barclays' response to each individual request as if fully set forth therein.

1.      Barclays objects to all definitions, instructions, and requests that purport to impose obligations beyond those required or permitted by the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York, or any other applicable order entered by the Court.

2.      Barclays objects to each Document Request to the extent it seeks information, documents, or electronically stored information ("ESI") that are not relevant to any party's claims or defenses or that, if relevant, are neither admissible nor calculated to lead to the discovery of admissible evidence.

3.      Barclays objects to each Document Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing, or oppressive.

4.      Barclays objects to each Document Request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that such requests are overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays also objects to each Document Request to the extent it seeks information, documents or ESI without reference to a time period, which would cause Barclays undue

burden and result in the production of documents that are not relevant to any party's
claims or defenses.

5.      Barclays objects to each Document Request to the extent it
demands the production of "all" or "any" documents on requested subjects, because such
requests are overbroad, unduly burdensome, and improper. A statement by Barclays that
it will produce documents in response to a particular Document Request means that
Barclays will conduct a reasonable search for documents responsive to the particular
Document Request, subject to Barclays' general and specific objections, and will produce
any responsive non-privileged non-duplicative documents that it finds, subject to
withholding on other grounds specified herein.

6.      Barclays objects to each Document Request to the extent it calls
for the production of documents or ESI that are not in the possession, custody, or control
of Barclays. Barclays will produce only those documents that are within its possession,
custody or control.

7.      Barclays objects to each Document Request to the extent it calls
for the production of documents, materials or ESI already in the possession of the
Trustee, Debtor, or Committee, or otherwise available from public sources or documents
that are on file with the Court. Such a request is beyond the scope of permissible
discovery and imposes an undue burden on Barclays.

8.      Barclays objects to each Document Request to the extent it seeks
information, documents, or ESI that are protected from disclosure by the attorney-client
privilege, the work product doctrine, a joint defense or common interest privilege, any
other applicable privilege or immunity from discovery, or whose disclosure is prohibited

3

by any law, regulation or order, including, but not limited to, the European Union Data Protection Directive.

9.    Barclays objects to each Document Request to the extent it seeks any trade secrets or any proprietary or non-public information of a commercially, financially, or personally sensitive nature.  Barclays will produce any such non-privileged, relevant and responsive documents and ESI subject to the terms and conditions of a protective order executed by the parties and approved by the Court.

10.    Barclays objects to each Document Request, definition, and instruction contained in the Document Requests to the extent that any such Document Request, definition, or instruction contains inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, events and pleadings underlying this action.  The production of any information shall not constitute Barclays agreement with or acquiescence to any such description.

11.    Barclays objects to the definition of "documents and things" and any other definitions to the extent any definition exceeds the requirements of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York, is unreasonable, is unduly burdensome, and includes information that is not likely to lead to the discovery of admissible evidence.  In responding to these requests, Barclays will construe the defined terms, including the term "documents and things," in a manner consistent with the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York.

12.    Barclays objects to Instruction No. 30, which purports to establish privilege log requirements, because it is unduly burdensome, and attempts to impose burdens and obligations upon Barclays beyond those required by the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York.

13.    Barclays objects to the time within which it is requested to produce documents and ESI. Barclays will produce electronic copies of non-privileged, responsive documents in its possession, custody or control within a reasonable time to be determined after conferring with the Trustee, Debtor and Committee.

14.    Barclays objects to each Document Request to the extent it seeks the production of ESI from sources that are not reasonably accessible because of undue burden or cost. Barclays further objects to the Document Requests to the extent they demand the production of the same ESI in more than one form. Barclays will not produce the same ESI in more than one form.

RESERVATION OF RIGHTS

1.    To the extent that Barclays produces documents or ESI in response to the Document Requests, it does so without conceding the admissibility, materiality, or relevance of any such documents or ESI, or of any other substantive responses to the Document Requests.

2.    Barclays reserves all objections to the use of these responses and of any documents or ESI it produces. Barclays may interpose all such objections at the time of trial or as otherwise required by the applicable rules or order of the court.

3.      Barclays reserves the right to amend, supplement or withdraw its responses and objections to the Document Requests.

4.      Insofar as the intentional production of any document or ESI by Barclays pursuant to the Document Requests may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular document or ESI only.  Any inadvertent production of any document or ESI shall not be deemed or construed to constitute a waiver of any privilege or right of Barclays, and Barclays reserves its right to demand that the Trustee, Debtor, or Committee return to it any such document or ESI and all copies thereof.

5.      Barclays reserves the right to redact from the documents it produces any confidential research, development, commercial, financial, trade secret, or personally sensitive information not relevant to the subject matter of this litigation.

## SPECIFIC RESPONSES AND OBJECTIONS

Barclays incorporates by reference the foregoing General Objections in each of the following specific responses and objections as if fully set forth therein.  To the extent specific objections appear in the response to a particular request, they so appear because they are particularly applicable to that specific request; this is not to be construed as a waiver or limitation of any general objection applicable to such request.

Document Request No. 1

All communications concerning the Sale Transaction, the Sale Orders or the December 2008 Settlement between or among: (i) Barclays and any member of its board of directors, or (ii) any member of Barclays' board of directors and any other person. This request includes all minutes reflecting the meetings of the Barclays' board of directors concerning the Sale Transaction or the December Settlement.

6

<u>Response to Document Request No. 1</u>

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery. Barclays

further objects to this request to the extent that it is cumulative and duplicative of

requests previously responded to by Barclays in the Rule 2004 discovery.

Subject to the foregoing Specific and General Objections, Barclays will produce

non-privileged documents responsive to subsection (i) of this request that have not

already been produced, that were sent, received, created, obtained, or reviewed between

August 15, 2008 and December 31, 2008, and can be located following a diligent search

and reasonable inquiry.

<u>Document Request No. 2</u>

All documents concerning any analysis, calculation or mention of the
contemplated or actual impact of the Sale Transaction on Barclays' capital or Barclays'
capital requirements, including, but not limited to, all communications concerning any
decision by any Person or by Barclays' board of directors that the Sale Transaction
should be capital accretive.

<u>Response to Document Request No. 2</u>

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in scope, and calls for the

production of information protected by the attorney-client privilege, work product

doctrine or other applicable privilege or immunity from discovery. Barclays objects to

this request to the extent it calls for the production of documents or ESI created after

September 30, 2008 on the grounds that to that extent it is overbroad, unduly

7

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence. Barclays further objects to this request (i) to the

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery, and (ii) as cumulative and duplicative of Document

Request No. 1.

Document Request No. 3

All documents that Barclays provided to its auditors concerning (i) the Sale
Transaction; (ii) the December Settlement; or (iii) any gain or loss Barclays realized on
the Sale Transaction or December Settlement, including but not limited to, any gain on
acquisition reported in Barclays 2008 Results Announcement.

Response to Document Request No. 3

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery. Barclays

further objects to this request to the extent that it is cumulative and duplicative of

requests previously responded to by Barclays in the Rule 2004 discovery.

Subject to the foregoing Specific and General Objections, Barclays will produce

non-privileged documents responsive to this request that have not already been produced

and can be located following a diligent search and reasonable inquiry.

Document Request No. 4

All documents sent, received, created, obtained or reviewed by Barclays during
the period September 12, 2008 and February 28, 2009 concerning any anticipated or
actual gain on the Sale Transaction.

Response to Document Request No. 4

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

Document Request No. 5

All documents concerning any analysis of what assets and liabilities Barclays would be purchasing or assuming under the various drafts or iterations of the Asset Purchase Agreement, the First Amendment, the Clarification Letter, the DTCC Letter, the Transfer and Assumption Agreement or any other document concerning the Sale Transaction.

Response to Document Request No. 5

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the

9

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

Document Request No. 6

All communications about the Sale Transaction between Barclays or its attorneys, and one or more of the following:

> i.     the United Kingdom Financial Services Authority;
>
> ii.     the United States Securities and Exchange Commission;
>
> iii.     the Financial Industry Regulatory Authority;
>
> iv.     the Board of Governors of the Federal Reserve Systems, including but not limited to, Federal Reserve Banks operating there under, including the Federal Reserve Bank of New York;
>
> v.     the United States Department of the Treasury;
>
> vi.     the United Kingdom HM Treasury;
>
> vii.     the Bank of England; or
>
> viii.     the Securities Investor Protection Corporation.

Response to Document Request No. 6

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in scope, and calls for the

production of information protected by the attorney-client privilege, work product

doctrine or other applicable privilege or immunity from discovery.  Barclays also objects

to this request to the extent it calls for the production of documents or ESI created after

September 30, 2008 on the grounds that to that extent it is overbroad, unduly

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence. Barclays further objects to this request to the

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

<u>Document Request No. 7</u>

All documents, other than the official Court transcript, concerning any explanation of the Sale Transaction that Barclays prepared, maintained or provided to any person between September 19, 2008 and September 22, 2008.

<u>Response to Document Request No. 7</u>

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery.  Barclays also

objects to this request to the extent it calls for the production of documents or ESI created

after September 30, 2008 on the grounds that to that extent it is overbroad, unduly

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence.  Barclays further objects to this request to the

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

<u>Document Request No. 8</u>

All documents concerning Barclays' decision to enter into the Transfer and Assumption Agreement, including, but not limited to, the documents and credit analysis cited in Section 2(c) of that agreement.

<u>Response to Document Request No. 8</u>

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery.  Barclays also

11

objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

Document Request No. 9

All documents reflecting Barclays' actual or proposed purchase of the OCC Margin.

Response to Document Request No. 9

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

Document Request No. 10

All Barclays communications with the OCC, LBHI, or LBI concerning either LBI's open positions or collateral (including without limitation margin or clearing fund deposits) at the OCC.

12

Response to Document Request No. 10

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery.  Barclays also

objects to this request to the extent it calls for the production of documents, materials or

ESI already in the possession of the Trustee, Debtor, or Committee.  Barclays further

objects to this request to the extent that it is cumulative and duplicative of requests

previously responded to by Barclays in the Rule 2004 discovery.

Subject to the foregoing Specific and General Objections, Barclays will produce

communications with the OCC responsive to this request that have not already been

produced and can be located following a diligent search and reasonable inquiry.

Document Request No. 11

All Barclays communications with the OCC, LBHI, or LBI concerning the
Transfer and Assumption Agreement or any proposed agreement whereby Barclays
would assume LBI's obligations to the OCC.

Response to Document Request No. 11

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery.  Barclays also

objects to this request to the extent it calls for the production of documents or ESI created

after September 30, 2008 on the grounds that to that extent it is overbroad, unduly

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence.  Barclays further objects to this request to the

13

extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

Subject to the foregoing Specific and General Objections, Barclays will produce communications with the OCC responsive to this request that have not already been produced and can be located following a diligent search and reasonable inquiry.

Document Request No. 12

All documents reflecting the parties' intent in entering into the Clarification Letter with respect to the ownership of margin deposits, at the OCC or any other exchange, in excess of what was required to close-out LBI's open positions.

Response to Document Request No. 12

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

Document Request No. 13

All documents concerning any costs associated with liquidating or closing any derivatives positions assumed or purchased by Barclays from LBI at the OCC or any other exchange.

Response to Document Request No. 13

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

Document Request No. 14

All drafts of the Asset Purchase Agreement, the Clarification Letter, the DTCC Letter and the Transfer and Assumption Agreement.

Response to Document Request No. 14

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

Document Request No. 15

All Barclays communications with DTCC concerning the Sale Transaction.

15

<u>Response to Document Request No. 15</u>

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

Subject to the foregoing Specific and General Objections, Barclays will produce non-privileged documents responsive to this request that have not already been produced and can be located following a diligent search and reasonable inquiry.

<u>Document Request No. 16</u>

All documents concerning DTCC's exposure related to LBI's open positions.

<u>Response to Document Request No. 16</u>

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents, materials or ESI already in the possession of the Trustee, Debtor, or Committee. Barclays also objects to

16

this request to the extent it calls for the production of documents or ESI created after

September 30, 2008 on the grounds that to that extent it is overbroad, unduly

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence. Barclays further objects to this request to the

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

Document Request No. 17

All documents reflecting the parties' intent in entering into each of the
Clarification Letter and the DTCC Letter with respect to the ownership of clearance box
assets.

Response to Document Request No. 17

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery. Barclays also

objects to this request to the extent it calls for the production of documents, materials or

ESI already in the possession of the Trustee, Debtor, or Committee. Barclays also

objects to this request to the extent it calls for the production of documents or ESI created

after September 30, 2008 on the grounds that to that extent it is overbroad, unduly

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence. Barclays further objects to this request to the

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

Document Request No. 18

All documents sent, received, created, obtained, or reviewed by You during the period September 22, 2008 to February 28, 2009 concerning any "DTC SPO deposit," "DTC margin," or "repo margin" transferred from LBI to Barclays.

Response to Document Request No. 18

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents, materials or ESI already in the possession of the Trustee, Debtor, or Committee. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

Document Request No. 19

All draft and final acquisition balance sheets and all documents related thereto not previously produced, including but not limited to:

a)      balance sheets created on September 18, 19 and 20 September, 2008;

b)      all versions of the spreadsheets entitled "Long Island Balance sheets," such as the document bearing bates number BCI-EX-(S)-00052479; and

c)      all balance sheets created subsequent to the creation of Exhibit 377A.

<u>Response to Document Request No. 19</u>

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

<u>Document Request No. 20</u>

All documents reflecting Barclays' analysis of the risk associated with the assets acquired from LBI under the Sale Transaction, including, but not limited to, risk reports such as that attached to the document bearing bates number BCI-EX-(S)-00078979.

<u>Response to Document Request No. 20</u>

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the

19

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

Document Request No. 21

All documents concerning the Sale Transaction or the December Settlement
provided to any outside expert retained by Barclays or its attorneys.

Response to Document Request No. 21

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery.

Document Request No. 22

All documents sent, received, created, reviewed or revised by Barclays between
September 1, 2008 and February 28, 2009 concerning any valuation or value of any asset
acquired or liability assumed by Barclays, or which Barclays considered acquiring or
assuming.

Response to Document Request No. 22

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery.  Barclays also

objects to this request to the extent it calls for the production of documents, materials or

ESI already in the possession of the Trustee, Debtor, or Committee.  Barclays also

objects to this request to the extent it calls for the production of documents or ESI created

after September 30, 2008 on the grounds that to that extent it is overbroad, unduly

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence. Barclays further objects to this request to the

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

Document Request No. 23

With respect to the securities (the "Pledged Securities") that initially were
pledged to the Federal Reserve Bank of New York and then to Barclays pursuant to the
Repurchase Agreement, (a) the schedule(s) of Pledged Securities as of Thursday,
September 18, 2008, delivered in connection with the Repurchase Agreement (the
"September 18 Schedule"), (b) the schedule(s) of Pledged Securities as of Friday,
September 19, 2008 (with documents concerning modifications to the September 18
Schedule, including changes in the value of the Pledged Securities (the "September 19
Schedule")), and (c) the schedule(s) of Pledged Securities as of Monday, September 22,
2008, immediately prior to closing (with documents concerning modifications to the
September 19 Schedule, including changes to the value of the Pledged Securities.).

Response to Document Request No. 23

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery. Barclays also

objects to this request to the extent it calls for the production of documents, materials or

ESI already in the possession of the Trustee, Debtor, or Committee. Barclays further

objects to this request to the extent that it is cumulative and duplicative of requests

previously responded to by Barclays in the Rule 2004 discovery.

Document Request No. 24

All documents concerning communications within Barclays, or between Barclays
and any other Person concerning the value of the securities or other assets described in
Request No. 23 above as of September 18, 2008, September 19, 2008 and/or September
22, 2008.

Response to Document Request No. 24

      In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery.  Barclays also

objects to this request to the extent it calls for the production of documents, materials or

ESI already in the possession of the Trustee, Debtor, or Committee.  Barclays also

objects to this request to the extent it calls for the production of documents or ESI created

after September 30, 2008 on the grounds that to that extent it is overbroad, unduly

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence.  Barclays further objects to this request to the

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

Document Request No. 25

      All documents concerning the letter dated September 19, 2008 from Barclays to
LBI entitled "Notice of Repurchase Date/Notice of Termination" bearing bates number
BCI-EX-00109164 and marked as Exhibit 27 at the August 6, 2009 Rule 2004 deposition
of Steven Berkenfeld.

Response to Document Request No. 25

      In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery.  Barclays also

objects to this request to the extent it calls for the production of documents, materials or

ESI already in the possession of the Trustee, Debtor, or Committee.  Barclays also

objects to this request to the extent it calls for the production of documents or ESI created

after September 30, 2008 on the grounds that to that extent it is overbroad, unduly

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence. Barclays further objects to this request to the

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

<u>Document Request No. 26</u>

All documents, communications and correspondence concerning requests from
September 22, 2008 through April 1, 2009 for information (including reconciliations)
relating to the assets transferred and liability assumed in connection with the Sale
Transaction, including (i) all such requests, (ii) communications with such requesting
parties concerning the requests, and (iii) all internal documents and correspondence
relating to such requests.

<u>Response to Document Request No. 26</u>

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery. Barclays also

objects to this request to the extent it calls for the production of documents, materials or

ESI already in the possession of the Trustee, Debtor, or Committee. Barclays also

objects to this request to the extent it calls for the production of documents or ESI created

after September 30, 2008 on the grounds that to that extent it is overbroad, unduly

burdensome, not relevant to any claim or defense, and not reasonably calculated to lead

to the discovery of admissible evidence. Barclays further objects to this request to the

extent that it is cumulative and duplicative of requests previously responded to by

Barclays in the Rule 2004 discovery.

23

<u>Document Request No. 27</u>

All documents concerning Barclays' decision to renew, terminate, or take any other dispositive action with respect to the $15.8 billion tri-party repurchase facility dated on or about September 18, 2008.

<u>Response to Document Request No. 27</u>

In addition to the grounds stated in the General Objections, Barclays objects to this request because it is vague, overbroad, unduly burdensome in time and scope, and calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it calls for the production of documents or ESI created after September 30, 2008 on the grounds that to that extent it is overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Barclays further objects to this request to the extent that it is cumulative and duplicative of requests previously responded to by Barclays in the Rule 2004 discovery.

<u>Document Request No. 28</u>

All documents, communications and correspondence (in un-redacted form) relating to the Motion To Compel Disclosure Of Allegedly Privileged Communications And Documents filed by American Express in the chapter 11 cases, including un-redacted versions of the briefs filed in connection therewith.

<u>Response to Document Request No. 28</u>

In addition to the grounds stated in the General Objections, Barclays objects to this request because it calls for the production of information protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity from discovery. Barclays also objects to this request to the extent it requests documents containing information not relevant to any claim or defense, and not reasonably

24

calculated to lead to the discovery of admissible evidence. Barclays further objects to this

request to the extent it calls for the production of documents, materials or ESI already in

the possession of the Trustee, Debtor, or Committee.

Subject to the foregoing Specific and General Objections and the receiving

parties' agreement (i) to maintain the requested documents as confidential, and (ii) that

production shall not be deemed or construed to constitute a waiver of any privilege,

Barclays states that it has or will produce the un-redacted versions of the two briefs it

filed in connection with the referenced motion.

Document Request No. 29

All Barclays' internal communications, and communications between Barclays or
its attorneys and the Trustee or his attorneys that occurred between September 22, 2008
and December 23, 2008, concerning Barclays' claim to additional assets, including any of
the following: (i) securities that Barclays maintained were subject to the Repurchase
Agreement; (ii) assets in any LBI clearance box at DTCC; (iii) assets in LBI's Rule 15c3-
3 reserve account or similar securities; and (iv) Margin at the OCC or any foreign
exchange.

Response to Document Request No. 29

In addition to the grounds stated in the General Objections, Barclays objects to

this request because it is vague, overbroad, unduly burdensome in time and scope, and

calls for the production of information protected by the attorney-client privilege, work

product doctrine or other applicable privilege or immunity from discovery. Barclays also

objects to this request to the extent it calls for the production of documents, materials or

ESI already in the possession of the Trustee, Debtor, or Committee. Barclays further

objects to this request to the extent that it is cumulative and duplicative of requests

previously responded to by Barclays in the Rule 2004 discovery.

Dated: New York, New York
November 23, 2009

BOIES, SCHILLER & FLEXNER
LLP

By:

Jonathan D. Schiller
Hamish P.M. Hume
Jack G. Stern
BOIES, SCHILLER & FLEXNER
LLP
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*