# Exhibit 6

# Financial Services and Markets Act 2000

## 2000 CHAPTER 8

Sweet & Maxwell Ltd.

UK Statutes Crown Copyright. Reproduced by permission of the Controller of Her Majesty's Stationery Office.

An Act to make provision about the regulation of financial services and markets; to provide for the transfer of certain statutory functions relating to building societies, friendly societies, industrial and provident societies and certain other mutual societies; and for connected purposes.

[14th June 2000]

BE IT ENACTED by the Queen's most Excellent Majesty, by and with the advice and consent of the Lords Spiritual and Temporal, and Commons, in this present Parliament assembled, and by the authority of the same, as follows:—

## PART I

## THE REGULATOR

*Title not available*

**1.— Th e Financial Services Authority.**

(1) The body corporate known as the Financial Services Authority ("the Authority") is to have the functions conferred on it by or under this Act.

(2) The Authority must comply with the requirements as to its constitution set out in Schedule 1.

(3) Schedule 1 also makes provision about the status of the Authority and the exercise of certain of its functions.

[ (4) Section 249 of the Banking Act 2009 provides for references to functions of the Authority (whether generally or under this Act) to include references to functions conferred on the Authority by that Act (subject to any order under that section). ][1]

*The Authority's general duties*

**2.— Th e Authority's general duties.**

(1) In dischar ging its general functions the Authority must, so far as is reasonably possible, act in a way–
    (a) which is c ompatible with the regulatory objectives; and

---

[1] added by Banking Act 2009 c. 1 Pt 7 s. 249(4)

*(Represents Current Law in Force - for pending amendments see Prospective Law on Westlaw UK.)*

(a) make the record available for inspection by members of the public in a legible form at such times and in such place or places as the Authority may determine; and

(b) pro vide a certified copy of the record, or any part of it, to any person who asks for it–
   (i) on payme nt of the fee (if any) fixed by the Authority; and
   (ii) in a form (either written or electronic) in which it is legible to the person asking for it.

(6) The Authority may–
   (a) publish t he record, or any part of it;
   (b) exploit commercially the information contained in the record, or any part of that information.

(7) "Authorised unit trust scheme", "authorised open-ended investment company" and "recognised scheme"have the same meaning as in Part XVII, and associated expressions are to be read accordingly.

(8) "Approved person" means a person in relation to whom the Authority has given its approval under section 59 and "controlled function" and "arrangement"have the same meaning as in that section.

(9) "Relevant authorised person"has the meaning given in section 66.

*Disclosure of information*

**348.—  Re strictions on disclosure of confidential information by Authority etc.**

(1) Confidential information must not be disclosed by a primary recipient, or by any person obtaining the information directly or indirectly from a primary recipient, without the consent of–
   (a) the pe rson from whom the primary recipient obtained the information; and
   (b) if dif ferent, the person to whom it relates.

(2) In this P art "confidential information" means information which–
   (a) re lates to the business or other affairs of any person;
   (b) was received by the primary recipient for the purposes of, or in the discharge of, any functions of the Authority, the competent authority for the purposes of Part VI or the Secretary of State under any provision made by or under this Act; and
   (c) is not pre vented from being confidential information by subsection (4).

(3) It is immaterial for the purposes of subsection (2) whether or not the information was received–
   (a) by virtue of a requirement to provide it imposed by or under this Act;
   (b) for other purposes as well as purposes mentioned in that subsection.

(4) Inf ormation is not confidential information if–
   (a) it has been made available to the public by virtue of being disclosed in any circumstances in which, or for any purposes for which, disclosure is not precluded by this section; or
   (b) it is in the form of a summary or collection of information so framed that it is not possible to ascertain from it information relating to any particular person.

(5) Eac h of the following is a primary recipient for the purposes of this Part–
   (a) the Authority;
   (b) an y person exercising functions conferred by Part VI on the competent authority;

 (c) the Secretary of State;
 (d) a person appointed to make a report under section 166;
 (e) any person who is or has been employed by a person mentioned in paragraphs (a) to (c);
 (f) any auditor or expert instructed by a person mentioned in those paragraphs.

(6) In subsection (5)(f) "expert" includes–
 (a) a competent person appointed by the competent authority under section 97;
 (b) a competent person appointed by the Authority or the Secretary of State to conduct an investigation under Part XI;
 (c) any body or person appointed under paragraph 6 of Schedule 1 to perform a function on behalf of the Authority.

**349.— Exceptions from section 348.**

(1) Section 348 does not prevent a disclosure of confidential information which is–
 (a) made for the purpose of facilitating the carrying out of a public function; and
 (b) permitted by regulations made by the Treasury under this section.

(2) The regulations may, in particular, make provision permitting the disclosure of confidential information or of confidential information of a prescribed kind–
 (a) by prescribed recipients, or recipients of a prescribed description, to any person for the purpose of enabling or assisting the recipient to discharge prescribed public functions;
 (b) by prescribed recipients, or recipients of a prescribed description, to prescribed persons, or persons of prescribed descriptions, for the purpose of enabling or assisting those persons to discharge prescribed public functions;
 (c) by the Authority to the Treasury or the Secretary of State for any purpose;
 (d) by any recipient if the disclosure is with a view to or in connection with prescribed proceedings.

(3) The regulations may also include provision–
 (a) making any permission to disclose confidential information subject to conditions (which may relate to the obtaining of consents or any other matter);
 (b) restricting the uses to which confidential information disclosed under the regulations may be put.

(3A) Section 348 does not apply to–
 (a) the disclosure by a recipient to which subsection (3B) applies of confidential information disclosed to it by the Authority in reliance on subsection (1);
 (b) the disclosure of such information by a person obtaining it directly or indirectly from a recipient to which subsection (3B) applies.

(3B) This subsection applies to–
 (a) the Panel on Takeovers and Mergers;
 (b) an authority designated as a supervisory authority for the purposes of Article 4.1 of the Takeovers Directive;
 (c) any other person or body that exercises public functions, under legislation in an EEA State other than the United Kingdom, that are similar to the Authority's functions or those of the Panel on Takeovers and Mergers.

(4) In relation to confidential information, each of the following is a "recipient"–

*(Represents Current Law in Force - for pending amendments see Prospective Law on Westlaw UK.)*

 (a) a pr imary recipient;
 (b) a pe rson obtaining the information directly or indirectly from a primary recipient.

(5) "Public functions" includes–
 (a) functions conferred by or in accordance with any provision contained in any enactment or subordinate legislation;
 (b) functions conferred by or in accordance with any provision contained in the Community Treaties or any Community instrument;
 (c) simi lar functions conferred on persons by or under provisions having effect as part of the law of a country or territory outside the United Kingdom;
 (d) func tions exercisable in relation to prescribed disciplinary proceedings.

(6) "Enactment" includes–
 (a) an Act of the Scottish Parliament;
 (b) Northe rn Ireland legislation.

(7) "Subordinate legislation" has the meaning given in the Interpretation Act 1978 and also includes an instrument made under an Act of the Scottish Parliament or under Northern Ireland legislation.

(8) [...][275]

### 350.— Disclosur e of information by the Inland Revenue.

(1) No obligation as to secrecy imposed by statute or otherwise prevents the disclosure of Revenue information to–
 (a) the Authority, or
 (b) the Sec retary of State,
if the disclosure is made for the purpose of assisting in the investigation of a matter under section 168 or with a view to the appointment of an investigator under that section.

(2) A disclosure may only be made under subsection (1) by or under the authority of the Commissioners of Inland Revenue.

(3) Section 348 does not a pply to Revenue information.

(4) Inf ormation obtained as a result of subsection (1) may not be used except–
 (a) for the purpose of deciding whether to appoint an investigator under section 168;
 (b) in the conduc t of an investigation under section 168;
 (c) in criminal proceedings brought against a person under this Act or the Criminal Justice Act 1993 as a result of an investigation under section 168;
 (d) for the purpose of taking action under this Act against a person as a result of an investigation under section 168;
 (e) in proceedings before the Tribunal as a result of action taken as mentioned in paragraph (d).

(5) Inf ormation obtained as a result of subsection (1) may not be disclosed except–
 (a) by or unde r the authority of the Commissioners of Inland Revenue;
 (b) in proceedings mentioned in subsection (4)(c) or (e) or with a view to their institution.

---

[275] repealed by Companies Act 2006 (Commencement No. 2, Consequential Amendments, Transitional Provisions and Savings) Order 2007/1093 Sch. 5 para. 1

*(Represents Current Law in Force - for pending amendments see Prospective Law on Westlaw UK.)*

(6) Subsection (5) does not prevent the disclosure of information obtained as a result of subsection (1) to a person to whom it could have been disclosed under subsection (1).

(7) "Revenue information" means information held by a person which it would be an offence under section 182 of the Finance Act 1989 for him to disclose.

### 351.— Compet ition information.

(4) Section 348 does not a pply to competition information.

(5) "Competition information" means information which–
    (a) re lates to the affairs of a particular individual or body;
    (b) is not ot herwise in the public domain; and
    (c) w as obtained under or by virtue of a competition provision.

(6) "Competition provision" means any provision of–
    (a) an or der made under section 95;
    (b) Chapter III of Part X; or
    (c) Chapter II of Part XVIII.

(7) [...][276]

### 352.— Offe nces.

(1) A person who discloses information in contravention of section 348 or 350(5) is guilty of an offence.

(2) A pe rson guilty of an offence under subsection (1) is liable–
    (a) on summary conviction, to imprisonment for a term not exceeding three months or a fine not exceeding the statutory maximum, or both;
    (b) on conviction on indictment, to imprisonment for a term not exceeding two years or a fine, or both.

(3) A person is guilty of an offence if, in contravention of any provision of regulations made under section 349, he uses information which has been disclosed to him in accordance with the regulations.

(4) A person is guilty of an offence if, in contravention of subsection (4) of section 350, he uses information which has been disclosed to him in accordance with that section.

(5) A person guilty of an offence under subsection (3) or (4) is liable on summary conviction to imprisonment for a term not exceeding three months or a fine not exceeding level 5 on the standard scale, or both.

(6) In pr oceedings for an offence under this section it is a defence for the accused to prove–
    (a) that he did not know and had no reason to suspect that the information was confidential information or that it had been disclosed in accordance with section 350;
    (b) that he took all reasonable precautions and exercised all due diligence to avoid committing the offence.

---

[276] repealed by Enterprise Act 2002 c. 40 Sch. 26 para. 1

*(Represents Current Law in Force - for pending amendments see Prospective Law on Westlaw UK.)*