**Presentment Date and Time: December 15, 2009 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time: December 14, 2009 at 12:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (if objection filed):  December 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                    :
**In re**                                           :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    **08-13555 (JMP)**
                                                    :
                    Debtors.                        :    **(Jointly Administered)**
                                                    :
----------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN BNC MORTGAGE LLC AND CORRIDORS I & II/LOUDOUN II SPE FEECO, L.L.C. REGARDING MISTAKEN RENT PAYMENTS

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed stipulation, agreement, and order (the "Stipulation, Agreement, and Order") among BNC Mortgage LLC (the "Debtor"), and Corridors I & II/Loudoun II SPE Feeco, L.L.C. ("Corridors"), to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **December 15, 2009 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation, Agreement, and Order shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Jacqueline Marcus, Esq., attorneys for the Debtor; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004

Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Levenfeld Pearlstein, LLC, 2 N. LaSalle St. Suite 1300, Chicago, IL 60602, Attn: Michael J. Tuchman, Esq., attorneys for Corridors, so as to be so filed and received by no later than **December 14, 2009 at 10:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **December 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York, 10004-1408. If an objection is filed, the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 7, 2009
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Presentment Date and Time: December 15, 2009 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time: December 14, 2009 at 12:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (if objection filed):  December 16, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                    :    **08-13555 (JMP)**
                                                                :
                    **Debtors.**                                :    **(Jointly Administered)**
                                                                :
---------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER**
**APPROVING SETTLEMENT AGREEMENT BETWEEN**
**BNC MORTGAGE LLC AND CORRIDORS I & II/LOUDOUN**
**II SPE FEECO, L.L.C. REGARDING MISTAKEN RENT PAYMENTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

BNC Mortgage LLC ("BNC"), an indirect subsidiary of Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession, and Corridors I & II/Loudoun II SPE Feeco, L.L.C. ("Corridors"), hereby enter into this stipulation, agreement, and agreed order (the "Stipulation, Agreement, and Order") and agree, as follows:

**RECITALS**

A. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 9, 2009 (the "Commencement Date"), BNC commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of

C:\NRPORTBL\US_ACTIVE\MATITEYA\43220327_5.DOC

Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    B.  On or about May 13, 2003, BNC's predecessor, Finance America, LLC, and Corridors' predecessor, National Build To Suit Corridors I, L.L.C., entered into a lease agreement for the property located at 2655 Warrenville Road, Downers Grove, Illinois (Fifth Floor of Corridors II Building) (the "Downers Grove Lease").  The Downers Grove Lease required BNC to make monthly rental payments in the amount of $64,026.13.

    C.  On February 4, 2009, BNC filed a motion (the "BNC Rejection Motion") [Docket No. 2730], pursuant to sections 363(b), 365(a), and 554(a) of the Bankruptcy Code and Rules 6004, 6006, and 9014 of the Bankruptcy Rules, for authorization to (i) reject certain leases and subleases of nonresidential real property and (ii) sell or abandon certain *de minimis* assets.  The Court granted the BNC Rejection Motion by order dated February 24, 2009 [Docket No. 2914].  The Downers Grove Lease was included among the leases rejected pursuant to the BNC Rejection Motion.

    D.  Following the rejection of the Downers Grove Lease, an administrative oversight occurred and Aurora Loan Services LLC, BNC's direct parent, inadvertently made two payments to Corridors on account of the rejected Downers Grove Lease for the months of April, 2009 and May, 2009, each in the amount of $64,026.13 and in the aggregate, $128,052.26 (collectively, the "Post Rejection Payments").

    E.  Corridors, also through an administrative oversight, disbursed the Post Rejection Payments before it realized that they had been made in error.  Corridors

does not have sufficient reserves to return the Post Rejection Payments to BNC in a lump sum payment.

F.  On September 16, 2009, Corridors filed a proof of claim [Claim No. 13894] in BNC's chapter 11 case (the "Corridors Proof of Claim") relating to the rejection of the Downers Grove Lease.  The Corridors Proof of Claim is in the amount of $616,033.74, which amount reflects a credit to BNC for the Post Rejection Payments.

G.  BNC and Corridors have agreed to a compromise and settlement as described herein.

**AGREEMENT:**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between BNC and Corridors, through their undersigned counsel, that:

1.  Corridors agrees to and shall make the following payments to BNC: (i) an initial payment of $35,000.00 on or before December 31, 2009; (ii) ten (10) monthly payments of $8,500 beginning on January 15, 2010, and continuing through October 15, 2010, each such payment due on or before the 15th of the relevant month; and (iii) a single payment of $8,052.26, due on or before November 15, 2010.

2.  Corridors shall have the right to file one or more amendments to the Corridors Proof of Claim, to account for its payments to BNC under this Stipulation Agreement and Order.  Accordingly, to the extent that Corridors did not include the Post Rejection Payments in the Corridors Proof of Claim, Corridors is authorized to increase the amount sought in the Corridors Proof of Claim by the total of the Post Rejection Payments.  If Corridors files an amendment to the Corridors Proof of Claim in

accordance with this paragraph, such amendment shall be deemed to relate back to the Corridors Proof of Claim.

3. Nothing in this Stipulation, Agreement, and Order shall be construed as, or deemed to be, relevant to the ultimate determination of the validity of the Corridors Proof of Claim and, except as provided in the final sentence of paragraph 2, BNC reserves its right to object to the Corridors Proof of Claim for any reason.

4. Upon entry of this Stipulation, Agreement, and Order, BNC and Corridors hereby forever waive and release any and all pre and post-petition claims, liabilities, causes of action, demands, and damages of whatever kind or nature and whether known or unknown against each other arising before or after the commencement of BNC's chapter 11 cases from or in relation to the Downers Grove Lease; *provided*, *however*, that (a) nothing contained herein shall serve as a waiver, relinquishment, compromise, or similar act by Corridors with respect to the Corridors Proof of Claim (including any amendments thereto filed pursuant to paragraph 2 herein), and (b) nothing contained herein shall release BNC and Corridors from their respective obligations or waive their respective rights set forth in this Stipulation, Agreement, and Order including, without limitation, the obligations set forth in paragraph 1 herein.

5. BNC and Corridors agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order.

6. This Stipulation, Agreement, and Order shall have no force or effect unless and until it is approved by the Bankruptcy Court.

7. This Stipulation, Agreement, and Order can only be amended or otherwise modified by a signed writing executed by the parties.

8. The person who executes this Stipulation, Agreement, and Order by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such party.

9. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the parties here to be charged.

10. This Stipulation, Agreement, and Order shall inure to the benefit of the parties hereto and their respective successors and assigns.

11. This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: December 4, 2009
      Chicago, Illinois

/s/ Jonathan Friedland
Jonathan Friedland

Levenfeld Pearlstein, LLC
2 N. LaSalle St. Suite 1300
Chicago, IL 60602
Telephone: (312) 476-7550
Facsimile: (312) 346-8434

Attorneys for Corridors I & II/Loudoun II SPE Feeco, L.L.C.

Dated: December 4, 2009
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: December __, 2009
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE