WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                             : Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                      : 08-13555 (JMP)
                                                                  :
                    Debtors.                                      : (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x

### DECLARATION OF ROBERT HERSHAN IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR AUTHORIZATION TO IMPLEMENT THE DERIVATIVES EMPLOYEE INCENTIVE PROGRAM

Pursuant to 28 U.S.C. § 1746, I, Robert Hershan, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge. If called to testify, I could testify to the truth of the matters set forth herein.

2. I am a Managing Director with Alvarez and Marsal. I was assigned to the Lehman matter on September 17, 2008. My primary areas of responsibility include managing all post-petition employment related matters of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated chapter 11 debtors (collectively, the "Debtors") and also managing a portfolio of the Debtors' derivatives transaction with counterparties that are special purpose entities.

3.      In that role, I have been intimately involved in the development of the Derivatives Incentive Plan[1] and the Motion.  In response to inquiries from the office of the U.S. Trustee, I make this declaration to reaffirm those statements in the Motion regarding the participation in the Derivatives Incentive Plan by 5 nominal "officers," of which only 4 remain employed by the Debtors as of the date of this Declaration.   Of those remaining 4 individuals (the "Individuals"), each was made a vice-president of the following four Debtor entities as a matter of convenience and with limited authority:

> Lehman Brothers Commercial Corporation
> Lehman Brothers Commodity Services Inc.
> Lehman Brothers OTC Derivatives Inc.
> Lehman Brothers Special Financing Inc.

4.      The primary purpose of the appointment of these Individuals was to make them authorized signatories of the identified Debtors.  To the best of my knowledge and upon inquiry, none of the Individuals has executed a document post-petition in his or her capacity as an officer of the identified Debtors.  Moreover, the Individuals do not otherwise have extensive control over the Debtors or the Derivatives Incentive Plan that would afford them the opportunity for self-dealing in any respect.

5.      None of Individuals made any decisions with respect to their Incentive allocation. Moreover, as indicated in paragraph 20 of the Motion, the maximum Incentive that may be paid to each eligible employee as well as the actual Incentive that is paid to each eligible employee is subject to the consent of the Creditors' Committee (such consent not to be unreasonably withheld). In addition, while one of the Individuals is a Co-Head of the derivatives group, all

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the *Debtors' Motion Pursuant to Sections 105(a) and 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004 for Authorization to Implement the Derivatives Employee Incentive Program* [Docket No. 5952] (the "Motion").

decisions made with respect to such Individual's maximum Incentive under the Derivatives Incentive Plan have been made by A&M, with the consent of the Creditors' Committee.

6. The roles and responsibilities carried out by these Individuals as members of the Derivatives Workforce are unrelated to their authority as "officers" of the identified Debtors. The Individuals would perform the same tasks and functions as members of the Derivatives Workforce even if they were not "officers" of the identified Debtors.

7. As has been the case to date, the Individuals are not expected to perform any functions or exercise any authority as "officers" of the Debtors going forward.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 8th day of December, 2009.

/s/ Robert Hershan
Robert Hershan