**Exhibit A**

**Stipulated Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | X |  |
| In re: | § | Chapter 11 |
|  | § |  |
| LEHMAN BROTHERS HOLDINGS, INC. | § | Case No. 08-13555 (JMP) |
| et al., | § |  |
| Debtors, | § | (Jointly Administered) |
|  | § |  |
| _____ |  |  |
|  | § |  |
|  | § |  |
| In re: | § |  |
|  | § | Case No. 08-01420 (JMP) |
| LEHMAN BROTHERS INC., | § | SIPA |
|  | § |  |
| Debtor. | § |  |
|  | § |  |
|  | X |  |

**STIPULATION AND ORDER REGARDING CALYON'S CURE OBJECTION**

  WHEREAS, Lehman Brothers Holdings Inc. ("LBHI") and LB 745 LLC ("745") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 15, 2008, and September 17, 2008, respectively (Case Nos. 08-13555 and 08-13600, such cases, the "Chapter 11 Cases");

  WHEREAS, on September 16, 2008, the LBHI, 745 and Lehman Brothers Inc. ("LBI", and together with LBHI and 745 the "Debtors") entered into an Asset Purchase Agreement (as amended, modified or clarified, the "Purchase Agreement") with Barclays Capital Inc. ("Barclays");

  WHEREAS on September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI and James W. Giddens was appointed as Trustee under the SIPA (the "SIPA Trustee") to administer LBI's estate (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

  WHEREAS, the SIPA Proceeding is pending in the Bankruptcy Court;

  WHEREAS, on September 18, 2008, the Debtors designated certain executory contracts and unexpired leases for assumption and assignment to Barclays as of the Closing (the "Closing Date Contracts") by listing those contracts in schedules (the "Schedules") posted on http://chapter11.epicsystems.com/lehman (the "Website").

WHEREAS, on September 20, 2008, the Bankruptcy Court entered (i) an order (the "Chapter 11 Sale Order") approving the Purchase Agreement (the "Purchase Agreement") and the various transactions contemplated therein in the Chapter 11 Cases and (ii) an order approving, and incorporating by reference, the Chapter 11 Sale Order in the SIPA Proceeding;

WHEREAS, on October 1, 2008, revised and updated Schedules (the "Revised Schedules") were posted on the Website;

WHEREAS, the Revised Schedules purported to designate as a Closing Date Contract an agreement with "Calyon Floor" (the "Calyon Floor Agreement");

WHEREAS, on October 13, 2008, Calyon, on behalf of itself and its affiliates ("Calyon"), filed an objection (the "Objection") [D.I. 877 in Case No. 08-13555] to the cure amount proposed with respect to the Calyon Floor Agreement asserting that due to lack of information Calyon had been unable to identify the contract or verify whether the proposed cure amount was accurate;

WHEREAS, Calyon and Barclays have since determined that there was no executory contract in existence between Calyon and the Debtors that could be assumed and assigned to Barclays;

WHEREAS, Barclays and Calyon have reached a consensual resolution of the Objection and wish to stipulate to the terms of resolution thereof.

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO, AND ORDERED BY THE BANKRUPTCY COURT, THAT:

1. Notwithstanding anything to the contrary in the Procedures Order, the Sale Order or the Revised Schedule, or any other notice given by Barclays or the Debtors, no Calyon Floor Agreement has been assumed and assigned to Barclays and the Revised Schedule is deemed to be amended to delete any reference to the Calyon Floor Agreement.

2. Calyon hereby withdraws the Objection with prejudice.

3. This Stipulation may be executed in counterparts, each of which, when so executed and delivered, shall be deemed to be an original and shall be binding on the party who, through its counsel, signed the counterpart, all of which together shall constitute a single agreement. The Parties agree that this Stipulation may be executed via facsimile and/or electronic mail, and that this Stipulation executed in such manner shall have full legal force and effect.

4. The person who executes this Stipulation by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each such party.

2

     5.     This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: New York, New York
December 9, 2009

| CLIFFORD CHANCE US LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| /s/ Jennifer C. DeMarco, Esq. | |
| Jennifer C. DeMarco, Esq. | /s/ Lindsee P. Granfield |
| 31 West 52nd Street | Lindsee P. Granfield, Esq. |
| New York, New York 10019 | Lisa M. Schweitzer, Esq. |
| Telephone: (212) 878-3142 | One Liberty Plaza |
| | New York, New York 10006 |
| *Counsel for Calyon* | Telephone: (212) 225-2000 |
| | *Counsel for Barclays Capital Inc.* |

SO ORDERED
this ___ day of _____, 2009

_____
United States Bankruptcy Judge