**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X
                                    :

In re:                                 :
                                      :

LEHMAN BROTHERS SECURITIES AND ERISA   :   Civil Action 09 MD 2017 (LAK)
LITIGATION,                               :
                                      :

This Document Applies to:               :
                                      :

*In re Lehman Brothers Equity /Debt Securities*   :
*Litigation*, 08 Civ. 5523 (LAK*)*              :
                                      :
                                      :
                                      :
------------------------------------------------------------------- X

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PSLRA DISCOVERY STAY

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Attorneys for Defendants Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, Joseph M. Gregory, Ian Lowitt, John D. Macomber and Christopher M. O'Meara*

Additional Counsel Listed On Signature Page

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ..................................................................................................................... 3

I.     PLAINTIFFS FAILED TO COMPLY WITH THIS COURT'S PRETRIAL ORDER AND INDIVIDUAL PRACTICES OR WITH FEDERAL RULE OF CIVIL PROCEDURE 37 ................................................................................... 3

II.    PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE PSLRA BARS DISCOVERY UNTIL THE MOTIONS TO DISMISS ARE RESOLVED ........... 4

     A.    Plaintiffs Fail To Demonstrate Undue Prejudice If Discovery Is Stayed Until The Motions To Dismiss Are Resolved ....................................................... 6

     B.    Lifting The Stay Is Not Required To Preserve Evidence ...................................... 9

III.   PLAINTIFFS' BROAD DISCOVERY REQUEST IS NOT PARTICULARIZED ........ 10

CONCLUSION ................................................................................................................. 16

# TABLE OF AUTHORITIES

## Cases

*380544 Can., Inc. v. Aspen Tech., Inc.*, No. 07 Civ. 1204, 2007 WL
2049738 (S.D.N.Y. July 18, 2007) .............................................................. 7, 8

*In re Amer. Funds Sec. Litig.*, 493 F. Supp. 2d 1103 (C.D. Cal. 2007) ...................................... 10

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, Nos. 1500, 02 Civ.
5575, 2003 WL 21729842 (S.D.N.Y. July 25, 2003) ............................... 5, 7, 8

*Brigham v. Royal Bank of Canada*, No. 08 Civ. 4431, 2009 WL 935684
(S.D.N.Y. Apr. 7, 2009) ...................................................................... 6

*In re Elan Corp. Secs. Litig.*, No. 02 Civ 865, 2004 WL 1303638
(S.D.N.Y. May 18, 2004) ............................................................... 14

*F.T.C. v. Carter*, 636 F.2d 781 (D.C. Cir. 1980) ...................................... 12

*In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37 (D.D.C. 2005)................................. 6,10, 11, 13

*Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384 (S.D.N.Y.
2001)) ................................................................................ 1, 5, 9, 12

*Lehman Brothers Holdings, Inc., et al.*, No. 08-13555, Docket No. 4462
(Bankr. S.D.N.Y. July 21, 2009) .......................................................... 15

*In re Lernout & Hauspie Secs. Litig.*, 214 F.2d 100 (D. Mass. 2002)) ................................. 10, 11

*Mishkin v. Ageloff*, 220 B.R. 784 (S.D.N.Y. 1998)....................................................... 12

*Rampersad v. Deutsche Bank Sec., Inc.*, 381 F. Supp. 2d 131 (S.D.N.Y.
2003) ................................................................................... *passim*

*In re Refco, Inc. Sec. Litig.*, 05 Civ. 8626, 2006 WL 2337212 (S.D.N.Y.
Aug. 8, 2006)......................................................................... 7, 8

*Ross v. Abercrombie & Fitch Co.*, No. 2:05 Civ. 0819, 2006 WL 2869588
(S.D. Ohio Oct. 5, 2006) .................................................................. 14

*Sarantakis v. Gruttadauria*, No. 02 C 1609, 2002 WL 1803750 (N.D. Ill.
Aug. 5, 2002)........................................................................ 10

*In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583, 2006 WL
1738078 (S.D.N.Y. June 26, 2006)....................................................... *passim*

*In re Spectranetics Corp. Secs. Litig.*, Civil Action Nos. 08-cv-02048-
     REB-KLM, 08-cv-02055-CMA-CBS, 2009 WL 3346611 (D. Colo.
     Oct. 14, 2009) ........................................................................................... 11

*Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116 (2d
     Cir. 2003) ................................................................................................... 5

*In re Sunrise Senior Living, Inc. Derivative Litig.*, 584 F. Supp. 2d 14
     (D.D.C. 2008) ......................................................................................... 7, 14

*Taft v. Ackermans*, No. 02 Civ. 7951 (PKL), 2005 WL 850916 (S.D.N.Y.
     Apr. 13, 2005) ............................................................................................. 9

*WorldCom*, *Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) ............................. 8

*In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129 (S.D.N.Y.
     2003) ................................................................................................... *passim*

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ................................................................................. *passim*

Fed. R. Civ. P. 26 ................................................................................................ 12

Fed R. Civ. P. 37 ................................................................................................. 3

**Other Authorities**

S. REP. NO. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 ..................................... 5

## PRELIMINARY STATEMENT

Defendants oppose the motion of Lead Plaintiffs in *In re Lehman Brothers Equity/Debt Securities Litigation* ("Plaintiffs") to modify the statutory discovery stay under the Private Securities Litigation Reform Act of 1995 ("PSLRA").  As courts in the Southern District have recognized, the purpose of the PSLRA's stay is to permit discovery "*only after* the court has sustained the legal sufficiency of the complaint."  *See*, *e.g.*, *Rampersad v. Deutsche Bank Sec., Inc.*, 381 F. Supp. 2d 131, 134 (S.D.N.Y. 2003) (quoting *Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 403 (S.D.N.Y. 2001)) (emphasis added).

No exception to the PSLRA discovery stay should be made in this case for the fundamental reasons that (1) Plaintiffs failed to follow this Court's pretrial order, its Individual Practices and the Federal Rules of Civil Procedure; (2) there are no extraordinary circumstances creating undue prejudice to justify lifting the stay; (3) Plaintiffs have failed to demonstrate that lifting the discovery stay is necessary to preserve evidence – in fact, Plaintiffs themselves admit that the requested documents "presumably will be preserved;" and (4) Plaintiffs' onerous discovery request is not limited or particularized in any way as required by the statute.

Plaintiffs argue the stay should be lifted because of the existence of other litigation and inquiries by governmental agencies and the Bankruptcy Examiner and the risk that Plaintiffs will be at an "increasing information disadvantage" relative to those other parties.  But these circumstances are present in many securities lawsuits and do not justify lifting the stay here.  Congress could have included specific provisions in the PSLRA to lift the discovery stay under such circumstances, but it did not do so.  For this reason, numerous courts have held that the existence of investigations and/or other litigation that are not subject to the PSLRA is an insufficient reason to lift the discovery stay.

Moreover, Plaintiffs have not made a "particularized" request as required by the PSLRA. Instead, they ask this Court to lift the stay to permit them to pursue discovery from parties and an undefined universe of non-parties of documents produced in different litigations and investigation matters. Plaintiffs' indiscriminate request for all documents and testimony in such matters goes beyond the scope of the consolidated complaint here, encompassing irrelevant and privileged documents that would never be produced as part of the Rule 26 process. Granting Plaintiffs' motion under these circumstances would therefore be at odds with a law Congress designed to limit the costs of potentially unnecessary discovery.

## BACKGROUND

Caught up in the worst financial crisis since the Great Depression, Lehman Brothers Holdings Inc. ("Lehman") filed for bankruptcy on September 15, 2008. A natural result of the financial crisis and Lehman's bankruptcy has been losses to investors and others, with inevitable finger-pointing. Accordingly, in the wake of Lehman's high-profile collapse, Plaintiffs filed suit against Defendants alleging violations of federal securities laws, various governmental agencies have opened investigations into different areas, and the Bankruptcy Court has appointed an Examiner to investigate events and potential claims that both pre- and post-date the bankruptcy filing.

The core theme of the Second Amended Consolidated Class Action Complaint ("SAC") is that Lehman allegedly made misleading disclosures regarding the nature and value of its mortgage business, real estate assets, capitalization and liquidity to allow Lehman to continue raising capital through securities offerings. Plaintiffs have sued current and former officers and directors of Lehman, as well as underwriters of those offerings, seeking to hold them liable for these alleged misstatements or omissions. All Defendants moved to dismiss the SAC's Securities Act claims for, among other reasons, lack of standing and failure to adequately plead

that any of the offering materials at issue was false or misleading.  In addition, the Executive

Defendants have moved to dismiss the SAC's Exchange Act claims for failure to adequately

allege (i) any material misstatement or omission; (ii) scienter; or (iii) loss causation.

Defendants' motions to dismiss are fully briefed and *sub judice.*  If the SAC is dismissed, then

no discovery will be necessary.  And, even if the case is permitted to continue, the Court's ruling

on the motions to dismiss could very well narrow the issues and reduce the time, burden,

permissible scope and expense of discovery to Defendants and third parties.

By order dated January 9, 2009, this Court suspended all discovery in this action

and all related consolidated actions, with the exception of "uniquely ERISA-related discovery"

in *In re Lehman Brothers ERISA Litigation.  See* Pretrial Order ("PTO") No. 1, *In re Lehman*

*Brothers Equity/Debt Sec. Litig.*, § 2.4 (Jan. 9, 2009).  PTO No. 1 permits relief from the

discovery stay only "for good cause shown, such as the ill health of a proposed deponent."  *Id.*

Plaintiffs have not demonstrated "good cause" for lifting the stay.  The motion should therefore

be denied.

## ARGUMENT

## I.  PLAINTIFFS FAILED TO COMPLY WITH THIS COURT'S PRETRIAL ORDER AND INDIVIDUAL PRACTICES OR WITH FEDERAL RULE OF CIVIL PROCEDURE 37

The motion should be denied because Plaintiffs have failed to comply with PTO

No. 1, Fed. R. Civ. P. 37 or this Court's Individual Practices.  First, Plaintiffs did not comply

with PTO No. 1's requirements that "no motion shall be filed under Rule 37 without the movant

first having sought a premotion conference with the Court" and that any motion include "a

certification that the movant has conferred with opposing parties and made a good faith effort to

resolve the matter without court action."  *See* PTO No. 1 at § 2.3.  Rule 37 has a similar

certification requirement.  *See* Fed R. Civ. P. 37(a)(1).  Yet Plaintiffs never approached

Defendants to meet and confer on their request.  Had they done so, Defendants would have explained to Plaintiffs that the scope of the materials that are the subject of their request – including documents "third parties have produced, or will soon produce to governmental authorities and other litigants concerning investigations or litigation related to Lehman's bankruptcy" (Pls. Brief at 1) – is far broader than what would be relevant to this action, even if the action survived the motion to dismiss intact.  They also would have explained the burden such discovery would impose upon parties and non-parties.  If made aware of these facts, Plaintiffs may have recognized the problems with their motion and not burdened the Court with it or modified it substantially.

Second, this Court's Individual Practices restrict discovery motions to a maximum of four pages (including affidavits and declarations) and require movants to notify the Court by letter of the motion.  *See* Individual Practices at 2.  The Rules also expressly prohibit the filing of briefs or memoranda of law "unless requested by the Court."  *Id.*  Plaintiffs have failed to adhere to these instructions.  Instead, they have filed a 25-page brief in support of their motion, along with a three-page declaration attaching 22 exhibits.  Finally, to Defendants' knowledge, the Plaintiffs never informed the Court of their motion by letter.  The motion should be denied for these reasons alone.

## II.  PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE PSLRA BARS DISCOVERY UNTIL THE MOTIONS TO DISMISS ARE RESOLVED

The PSLRA stays discovery in all securities actions while a motion to dismiss is pending:

> In any private action arising under this chapter, *all discovery* and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B)(emphasis added).  Congress clearly directed that, with very limited

exceptions, courts should "make an initial assessment of the legal sufficiency of any claims"

before discovery begins.  *See Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d

116, 122 (2d Cir. 2003); *see also Rampersad*, 381 F. Supp. 2d at 134 ("[T]he purpose of the

PSLRA stay [is] . . . that discovery should be permitted in securities actions only after the court

has sustained the legal sufficiency of the complaint.") (quoting *Faulkner*, 156 F. Supp. 2d at 403)

(internal citations omitted).

Accordingly, "[u]nless *exceptional circumstances* are present, discovery in

securities actions is permitted only after the court has sustained the legal sufficiency of the

complaint." *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003)

(emphasis added) (citation and internal quotation marks omitted); *accord In re AOL Time*

*Warner, Inc. Sec. & "ERISA" Litig.*, Nos. 1500, 02 Civ. 5575, 2003 WL 21729842, at *1

(S.D.N.Y. July 25, 2003).  Notably, the single example of "exceptional circumstances" revealed

in the PSLRA's legislative history is "'the terminal illness of an important witness,' which might

'necessitate the deposition of the witness prior to ruling on the motion to dismiss.'"  *Faulkner v.*

*Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001) (quoting S. REP. NO. 104-

98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679); *see also* PTO No. 1, at § 2.4.2

(permitting relief from discovery stay only "for good cause shown, such as the ill health of a

proposed deponent").

The PSLRA's automatic discovery stay is absolute unless a plaintiff establishes

that "particularized" discovery is necessary to (1) prevent undue prejudice or (2) preserve

evidence.  *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583, 2006 WL 1738078, at *1

(S.D.N.Y. June 26, 2006).  Moreover, "plaintiffs bear the burden of establishing that lifting of

the mandatory stay is necessary" and this burden "is a *heavy one*."  *In re Fannie Mae Sec. Litig.*,
362 F. Supp. 2d 37, 38 (D.D.C. 2005) (emphasis added).  As demonstrated below, Plaintiffs fail
to meet their heavy burden.

>    A.    **Plaintiffs Fail To Demonstrate Undue Prejudice If Discovery Is Stayed Until
>           The Motions To Dismiss Are Resolved**

To establish undue prejudice, plaintiffs must show some sort of "improper or
unfair treatment" if the automatic stay remains in place.  *See Brigham v. Royal Bank of Canada*,
No. 08 Civ. 4431, 2009 WL 935684, at *1 (S.D.N.Y. Apr. 7, 2009) (quoting *Smith Barney*, 2006
WL 1738078 at *2).  However, Plaintiffs' claim of "undue prejudice" boils down to little more
than frustration that other parties outside of this securities litigation that are not subject to the
PSLRA's discovery stay – such as the SEC, the Department of Justice, and the court-appointed
Bankruptcy Examiner – have access to materials that Plaintiffs may not seek *at this time*.  The
motion reveals that the purpose for which Plaintiffs wish to use the material is not a proper basis
upon which to lift a stay.  Plaintiffs argue that they are "being hampered in forming their
litigation – and settlement – strategy," Pls. Br. at 1, and that while the materials they now seek
will be preserved regardless of the outcome of this motion, such materials may lead them to
*other* sources of information.  *Id.* at 22.  It would turn the PSLRA on its head to permit discovery
from Defendants and non-parties while a motion to dismiss the complaint is pending so that the
plaintiff may proceed with developing its case on the merits.

In fact, the difference between the PSLRA's treatment of discovery in securities
actions and bankruptcy proceedings, government investigations or other actions in which
discovery is not stayed "is not evidence of undue prejudice, but rather is evidence of Congress's
judgment that PSLRA actions should be treated differently from other actions" – a judgment that
"[t]his Court may not second-guess."  *In re Refco, Inc. Sec. Litig.*, 05 Civ. 8626, 2006 WL

2337212, at *2 (S.D.N.Y. Aug. 8, 2006); *accord In re Sunrise Senior Living, Inc. Derivative Litig.*, 584 F. Supp. 2d 14, 18 (D.D.C. 2008). Not surprisingly, courts in this District have repeatedly denied motions to lift stays in just these circumstances. *See*, *e.g.*, *380544 Can.*, *Inc. v. Aspen Tech.*, *Inc.*, No. 07 Civ. 1204, 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007) (citation omitted) ("The fact that the SEC and USAO, as parties not bound by the PSLRA, now have access to the documents that Plaintiffs will not be able to obtain until the pending motions to dismiss are decided does not rise to the level of undue prejudice.") (citation omitted); *Smith Barney*, 2006 WL 1738078, at *2 ("'Undue prejudice' does not arise from a delay in the gathering of evidence or the development of settlement or litigation postures"); *Rampersad*, 381 F. Supp. 2d at 133-34 (rejecting plaintiffs' argument "that the PSLRA stay of discovery does not apply when the information sought has already been provided to a governmental agency"); *Vivendi*, 381 F. Supp. 2d at 130-31 (denying motion to lift stay where documents had already been produced to government agencies in connection with various investigations); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2003 WL 21729842, at *1-2 (same).

Plaintiffs contend that they "face the danger that as these other proceedings advance, defendants may distribute finite sources of recovery to other parties to the exclusion of the class." Pls. Brief at 19. These purported concerns are overstated for several reasons. The Examiner is still in the midst of his investigation. He has not made any recommendations for litigation against Defendants here, or against anyone else – let alone begun settlement discussions. Likewise, Defendants are not aware of any settlement discussions with the SIPA Trustee, the SEC or any other governmental entity. Defendants are aware of only one settlement in principle in a litigation that has not been consolidated with these actions here, and that settlement is for a *de minimus* amount.

Plaintiffs also suggest that the Lehman bankruptcy greatly increases the "threatened prejudice" to them.  *See* Pls. Brief at 18-21.  They seek to rely on *In re WorldCom, Inc. Securities Litigation*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002), a case that involved circumstances that even the *WorldCom* court recognized as "unique."  *Id*. at 305.  Neither the *WorldCom* decision, nor the other cases Plaintiffs cite that rely on it, supports this position, however.

In *WorldCom*, the stay was lifted because the court had ordered both the ERISA plaintiffs and the PSLRA plaintiffs to participate in global settlement discussions.  The court held that if the discovery stay remained in place, the PSLRA plaintiffs would have been the "only major interested party" without access to the documents, which would have put them at a "severe[] disadvantage[]" in settlement negotiations.  *Id.* at 305-06.  Numerous courts in this District have distinguished *WorldCom* as turning on its unique set of facts.  *See*, *e.g.*, *380544 Can*., 2007 WL 2049738, at *3-4; *Smith Barney*, 2006 WL 1738078, at *2; *Refco*, 2006 WL 2337212, at *2-3; *Vivendi*, 381 F. Supp. 2d at 130-31; *In re AOL Time Warner*, 2003 WL 21729842, at *1; *Rampersad*, 381 F. Supp. 2d at 133-34.  Here, as discussed, there are not and have not been any global settlement discussions in the Lehman-related matters.  Moreover, the substantial majority of documents produced are in the custody of the Lehman debtors or third parties.

Courts in this District considering a request to lift the PSLRA stay in suits brought against bankrupt companies have refused to apply *WorldCom*.  *See*, *e.g.*, *Refco*, 2006 WL 2337212, at *3 (recognizing the limited precedential value of *WorldCom* and noting in its denial of plaintiffs' motion to modify the PSLRA stay that "[m]ere speculation about highly contingent possibilities of future prejudice does not demonstrate that lifting the stay is 'necessary . . . to

prevent undue prejudice' that would otherwise result.") (quoting 15 U.S.C. § 78u-4(b)(3)(B))

(citation omitted); *Taft v. Ackermans*, No. 02 Civ. 7951 (PKL), 2005 WL 850916 (S.D.N.Y. Apr.

13, 2005) (denying a motion to lift stay seeking discovery from bankruptcy trustee in part

because there was no evidence of settlement talks in related RICO action).  Indeed, this very

Court also denied a motion to lift a PSLRA stay in a bankruptcy context in *In re Parmalat*.  *See*

Trans. of Dec. 23, 2004 Hearing in *In re Parmalat Secs. Litig.*, 04-MD-01653, 2008 WL

3895539, at *12-15 (denying class plaintiffs' motion to lift the PSLRA stay notwithstanding that

the Italian bankruptcy trustee could seek document discovery from certain of the same

defendants).  As this Court explained: "I don't see any basis at all to lift the PSLRA stay, and I

won't.  The question is not whether I like it.  It's not whether I think it's a wise policy, not

whether I think it creates potential inefficiencies but whether I can read it."  *Id.* at 15:9-14.

Plaintiffs' motion should be similarly denied here.

### B.    Lifting The Stay Is Not Required To Preserve Evidence

"A party alleging that discovery is 'necessary to preserve evidence' must . . .

make a specific showing that the 'loss of evidence is imminent as opposed to merely

speculative.'"  *In re Vivendi*, 381 F. Supp. 2d at 130 (citation and internal quotation marks

omitted).  Unable to identify any specific, imminent risk, such as the terminally ill witness

example provided in this Court's PTO No. 1 and in the PSLRA's legislative history, *see*

*Faulkner*, 156 F. Supp. 2d at 384, Plaintiffs resort to self-contradictory and speculative

generalizations.

Plaintiffs speculate that the documents requested "likely comprise the most

critical evidence in this case [and] will assist Lead Plaintiffs to identify specific material that

may be at risk of loss."  Plaintiffs also suggest that the size and nature of the bankruptcy creates

"a reasonable concern that documents may be lost."  Pls. Br. at 22.  Such speculations do not

meet the governing standard.  Plaintiffs even fail to specifically identify how or why the risk of loss is "imminent."  *See In re Vivendi*, 381 F. Supp. 2d at 130 (denying motion to lift because plaintiffs "ma[de] no such showing" that there was "a risk that documents may be lost"); *see also Sarantakis v. Gruttadauria*, No. 02 C 1609, 2002 WL 1803750, at *3 (N.D. Ill. Aug. 5, 2002) (same).  Further, Plaintiffs do not explain how Lehman's bankruptcy creates preservation concerns about the documents they seek from parties and third parties that are not in bankruptcy or liquidation.

Most importantly, Plaintiffs themselves admit at the same time they advance these speculations that the requested documents, *i.e.*, "documents produced to the Examiner, government agencies, and others *presumably will be preserved*."  Pls. Br. at 22 (emphasis added).[1]  Plaintiffs cannot reasonably contend that there is any risk of loss – much less that the risk here is "imminent."

## III.    PLAINTIFFS' BROAD DISCOVERY REQUEST IS NOT PARTICULARIZED

Plaintiffs' motion is also independently insufficient because their request does not meet the PSLRA requirement of "particularized discovery."  15 U.S.C. § 78u-4(b)(3)(B); *see also In re Fannie Mae*, 362 F. Supp. 2d at 38-39 (D.D.C. 2005) ("The party seeking discovery under the exception must adequately specify the target of the requested discovery and the types of information needed to relieve that burden.") (quoting *In re Lernout & Hauspie Secs. Litig.*, 214 F.2d 100, 108 (D. Mass. 2002)).

Here, Plaintiffs seek discovery that "Defendants, Lehman Brothers Holding Inc, . . . . Lehman-affiliated debtors, and third parties have produced, or will soon produce to

---

[1]   Much of the discovery Plaintiffs seek is already in the hands of governmental authorities. "[O]nce the documents are in the hands of a regulatory or law enforcement agency, they are no longer subject to loss or destruction."  *In re Amer. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007).

governmental authorities and other litigants concerning investigation or litigation related to

Lehman's bankruptcy." Pls. Brief at 1 (footnotes omitted). In short, Plaintiffs want anything

ever produced and that will be produced in the largest bankruptcy ever, as well as in multiple

governmental investigations and other litigations, whether or not such information has any

relevance to Plaintiffs' claims here. Even Plaintiffs, despite claiming that they seek only

"limited" relief from the stay, concede that many of the investigations and proceedings "have

involved large-scale document productions, depositions, and interviews" and guesstimate that the

productions have totaled "millions of pages." *Id.* at 2, 6, 12. But most of these documents are in

the control of third parties, not in the control of the Defendants named in this suit. Furthermore,

not only have Plaintiffs failed to identify the documents they want, they have failed even to

identify the parties they want the unidentified documents from, leaving it to the Defendants and

the Court to guess the true parameters of their wide-ranging request.

Contrary to Plaintiffs' suggestion, Pls. Brief at 17, the identification of a definable

set of productions (a condition present in most securities actions with parallel government

investigations or enforcement proceedings) does not satisfy the PSLRA's particularity

requirement. Instead, Plaintiffs' indiscriminate request for an enormous range and volume of

documents previously (and prospectively) produced by third parties and Defendants to

governmental bodies and others encompasses a huge volume of materials that Plaintiffs have not

shown – and could not show – are relevant to this particular action. *See In re Fannie Mae*, 362

F. Supp. 2d at 38-39; *see also In re Spectranetics Corp. Secs. Litig.*, Civil Action Nos. 08-cv-

02048-REB-KLM, 08-cv-02055-CMA-CBS, 2009 WL 3346611, at *3 (D. Colo. Oct. 14, 2009)

("A discovery request is less likely to be sufficiently particularized where it encompasses

numerous documents that, although previously provided to investigators, might be irrelevant to a

private securities claim.").  Moreover, not all materials requested here are properly discoverable

in this private civil litigation.  The Bankruptcy Examiner and regulatory agencies have broad

power to conduct investigations and usually are not constrained by the discovery limitations of

the Federal Rules of Civil Procedure applying to private litigants.  *See F.T.C. v. Carter*, 636 F.2d

781, 787-88 (D.C. Cir. 1980); Fed. R. Civ. P. 26(b)(1) (discovery is limited to matters "relevant

to any party's claim or defense" and, "[f]or good cause, the court may order discovery of any

matter relevant to the subject matter involved in the action.").

   Courts in this District regularly reject indiscriminate requests for all documents

produced in government investigations or third party litigation as insufficiently particularized.  In

*Mishkin v. Ageloff*, 220 B.R. 784, 793 (S.D.N.Y. 1998), the Court reversed the bankruptcy

court's decision granting the bankruptcy trustee relief from the PSLRA stay.  Holding that the

discovery request, which sought all documents and testimony from the defendants, defendants'

customers and third parties was not "particularized," Judge Preska wrote:

> Admittedly, the concept of particularized discovery is a nebulous
> one, and the phrase is not devoid of ambiguity, but one thing is
> clear, if that requirement were satisfied based upon the degree of
> specificity urged by the Trustee, it would be rendered meaningless.
> The items of discovery sought by the Trustee encompass an open-
> ended, boundless universe of discovery.  Far from particularized, it
> is basically a request to continue any and all discovery that may
> arise.

*Id.* at 793; *see also*, *e.g.*, *Vivendi*, 381 F. Supp. 2d at 130 (holding that plaintiffs' general request

for documents previously produced to the SEC and its French counterpart did not meet the

particularity requirement); *Rampersad*, 381 F. Supp. 2d at 133 (holding that plaintiffs "had failed

to show particularized discovery" in its general request for documents already produced to

government agencies in connection with their investigation of certain bank accounts); *Faulkner*,

156 F. Supp. 2d at 405 (holding that plaintiffs' request for all documents previously produced in third-party litigation was not sufficiently particularized).

Much of the requested production obviously does not relate to Plaintiffs' securities claims and clearly exceeds the scope of the SAC. *See In re Fannie Mae*, 362 F. Supp. 2d at 39 (denying request for documents produced to various government agencies because requests were "voluminous and possibly irrelevant to the claims likely to be raised in the Consolidated Complaint"). For example, the Examiner's mandate is to investigate a number of matters, many of which are irrelevant to Plaintiffs' claims. The Examiner's investigation includes, among other things, an analysis of the claims and assets of each of the various Lehman affiliates and subsidiaries; the identification of potential insider preferences arising under the Bankruptcy Code or state law; and the investigation of events that post-date the bankruptcy filing, including Lehman's cash sweeps from and transfers to and from its various affiliates after its September 15, 2008 Chapter 11 filing. *See* Decl. of David R. Stickney in Support of Pls.' Mot. ("Stickney Decl."), Ex. B ¶ 2 (Examiner Order). Documents relating to such topics are completely irrelevant to the claims at issue here.

Similarly, the investigation and work by the SIPA Trustee for Lehman Brothers Inc. ("LBI") also clearly exceeds the scope of the SAC. An aim of the SIPA Trustee's investigation is to "determine and understand the numerous complex financial arrangements and transaction in which LBI engaged and thereby determine potential claims against third parties." *See* Stickney Decl., Ex. I at 15 (Trustee's First Interim Report for the Period September 19, 2008 Through May 29, 2009). As Plaintiffs themselves note, the SIPA Trustee's work has also included "responding to non-party subpoenas issued in connection with various litigations and arbitrations around the United States, and he has made over one hundred document productions

in response to these governmental and non-party requests." Pls. Brief at 9 (citing Trustee's First Interim Report at 24, Ex. I to Stickney Decl.). In addition, as Plaintiffs admit, like the Bankruptcy Examiner and various parties, the SIPA Trustee has "engaged in extensive discovery" related to alleged "structural changes" after the sale of LBI to Barclays – a sale that post-dates the putative class period here. *See id.* at 9-10. Granting Plaintiffs' motion for discovery that is not "particularized" and giving Plaintiffs access to discovery to which they would not otherwise be entitled would be in direct contravention of the PSLRA's discovery stay provisions.[2]

As a final point, Plaintiffs also mistakenly maintain that granting their requested relief "imposes virtually no additional burden on the Producing Parties" because the documents have already been produced. *Id*. at 18.[3] Plaintiffs are wrong. Much of what has already been produced by the Lehman bankruptcy estate and the various third parties was done subject to protective orders. *See*, *e.g.*, Stipulation and Order Between the Examiner and HSBC Bank USA,

---

[2]    Plaintiffs' request also lacks particularization because they fail to specifically define the universe of other litigation from which they seek documents. As the Court is aware, Lehman's bankruptcy and the resulting turmoil precipitated any number of legal proceedings that have nothing whatsoever to do with the particular claims alleged in this action.

[3]    An alleged absence of burden is simply not a relevant factor in recent court decisions. *Compare* Pls. Brief at 17-18 (citing pre-2005 cases) *with*, *e.g.*, *Smith Barney*, 2006 WL 1738078, at *3 ("Plaintiffs also claim that because Defendants have previously produced much of the requested material to the SEC, Defendants could easily produce the same material to Plaintiffs. This consideration is irrelevant."); *see also Ross v. Abercrombie & Fitch Co.*, No. 2:05 Civ. 0819, 2006 WL 2869588, at *2 (S.D. Ohio Oct. 5, 2006) ("Congress did not decree that discovery would be permitted in private securities cases if certain circumstances arose which would make the discovery either less burdensome to the defendants than ordinary discovery or, perhaps, not burdensome at all."); *Sunrise*, 584 F. Supp. 2d at 17 (stay cannot be lifted just because "lifting the stay may cause little to no burden on a defendant to produce the requested documents"); *In re Elan Corp. Secs. Litig.*, No. 02 Civ 865, 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004) ("Plaintiffs' assertion that the stay should be lifted because the Defendants will not suffer an undue burden . . . . even if true, does not justify overriding the existing statutory stay.").

N.A., *In re Lehman Brothers Holdings, Inc., et al.*, No. 08-13555, Docket No. 4462 (Bankr. S.D.N.Y. July 21, 2009) (providing protection for sensitive documents produced by HSBC); Stipulation and Order Between the Examiner and the Goldman, Sachs & Co., *In re Lehman Brothers Holdings, Inc., et al.*, No. 08-13555, Docket No. 5541 (Bankr. S.D.N.Y. Oct. 16, 2009) (providing protection for sensitive documents produced by Goldman, Sachs).

Likewise, in order to speed up the process, Lehman has voluntarily shared privileged documents with the Bankruptcy Examiner subject to a clawback agreement approved by the Bankruptcy Court. *See* Order and Stipulation Between the Debtors and the Examiner, *In re Lehman Brothers Holdings, Inc., et al.*, No. 08-13555, Docket No. 2775 at ¶¶ 1 & 2 (Bankr. S.D.N.Y. Feb. 9, 2009). The requested lift of the PSLRA stay would require Lehman to divert resources from their ongoing responsibilities to produce documents to the Examiner and governmental authorities to instead cull through its productions to separate out the relevant, non-privileged documents. Plaintiffs cannot credibly claim that doing so would not be burdensome upon the Lehman estate. Additional burden would be placed upon Defendants (and other third parties) in reviewing massive productions to Plaintiffs, the very result the PSLRA is designed to avoid. Because of the additional burden a lift of the stay would impose on the Defendants and third parties, Plaintiffs' motion should be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to lift the stay should be denied.

Dated: New York, New York
       October 27, 2009

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By:  s/ Michael J. Chepiga
Michael J. Chepiga
(mchepiga@stblaw.com)
Mary Elizabeth McGarry
(mmcgarry@stblaw.com)
Erika H. Burk
(eburk@stblaw.com)
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Attorneys for Defendants Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, Joseph M. Gregory, Ian Lowitt, John D. Macomber and Christopher M. O'Meara*

GIBSON DUNN & CRUTCHER LLP

By:  s/ Marshall R. King
Marshall R. King
(mking@gibsondunn.com)
Oliver M. Olanoff
(oolanoff@gibsondunn.com)
200 Park Avenue
New York, NY  10166
Tel:  212-351-4000
Fax: 212-351-4035

*Attorneys for Defendant UBS Financial Services, Inc.*

ALLEN & OVERY LLP

By:  s/ Patricia M. Hynes
Patricia M. Hynes
(patricia.hynes@allenovery.com)
Todd Fishman
(todd.fishman@allenovery.com)
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

*Attorneys for Defendant Richard S. Fuld, Jr.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: ___ s/ Mitchell A. Lowenthal ___
Mitchell A. Lowenthal
(mlowenthal@cgsh.com)
Breon S. Peace
(bpeace@cgsh.com)
Victor L. Hou
(vhou@cgsh.com)
One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

*Attorneys for All Underwriter Defendants Except HVB Capital Markets, Inc.*

PROSKAUER ROSE LLP

By: __ s/ Robert J. Cleary ___
Robert J. Cleary
(rjcleary@proskauer.com)
Dietrich L. Snell
(dsnell@proskauer.com)
Mark E. Davidson
(mdavidson@proskauer.com)
Seth D. Fier
(sfier@proskauer.com)
1585 Broadway
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for Erin Callan*

FRIED FRANK HARRIS SHRIVER & JACOBSON LLP

By: ___ s/ Audrey Strauss ___
Audrey Strauss
(audrey.strauss@friedfrank.com)
Israel David
(israel.david@friedfrank.com)
One New York Plaza
New York, NY 10004
Tel: (212) 859-8000
Fax: (212) 859-4000

*Co-Counsel for Defendant Joseph M. Gregory*

KASOWITZ BENSON TORRES & FRIEDMAN LLP

By: ___ s/ Mark P. Ressler ___
Mark P. Ressler
(mressler@kasowitz.com)
Michael Hanin
(mhanin@kasowitz.com)
1633 Broadway
New York, NY 10019
Tel: 212-506-1700
Fax: 212-506-1800

*Attorneys for Defendant HVB Capital Markets, Inc.*