**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                           :
                                                                 :
LEHMAN BROTHERS SECURITIES                                       :    09 MD 2017 (LAK)
AND ERISA LITIGATION                                             :
                                                                 :
This document applies to:                                        :
                                                                 :
*In re Lehman Brothers Mortgage-Backed Securities*               :
*Litigation*, No. 08-CV-6762 (LAK)                               :
                                                                 :
*San Mateo County Investment Pool v. Fuld, et al.*,              :
No. 09-CV-1239 (LAK)                                             :
                                                                 :
*Zenith Ins. Co. v. Fuld, et al.*, No. 09-CV-1238                :
(LAK)                                                            :
                                                                 :
*Solton v. Fuld, et al.*, No. 09-CV-1944 (LAK)                   :
                                                                 :
*City of Auburn v. Fuld, et al.*, No. 09-CV-3474                 :
(LAK)                                                            :
                                                                 :
*City of Burbank v. Fuld, et al.*, No. 09-CV-3475                :
(LAK)                                                            :
                                                                 :
*City of San Buenaventura v. Fuld, et al.*, No. 09-CV-           :
3476 (LAK)                                                       :
---------------------------------------------------------------- x

**SASCO INDIVIDUAL DEFENDANTS' AND CALIFORNIA
ACTION DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
SASCO PLAINTIFFS' AND CALIFORNIA ACTIONS PLAINTIFFS'
JOINDER MOTIONS TO MODIFY THE DISCOVERY STAY**

The defendants in *In re Lehman Brothers Equity/Debt Securities Litigation*, 08 Civ. 5523 (LAK) (the "Equity/Debt Action"), have opposed the motion by Lead Plaintiffs in that action to modify the statutory discovery stay under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and this Court's Pre-Trial Order No. 1, and have filed a memorandum of law in opposition to that motion. Plaintiffs in *In re Lehman Brothers Mortgage-Backed Securities*

1

*Litigation* (the "SASCo Action") and in six actions originally filed in California state court[1] (the "California Actions") have now joined in the Equity/Debt Action Lead Plaintiffs' motion, filing "me-too" memoranda of law. The motions in SASCo and the California Actions have no more merit than the motion in the Equity/Debt Action, and should therefore also be denied.[2]

The claims in the SASCo Action are narrowly focused on the sale of certain mortgage-backed securities by SASCo[3] and the origination of the mortgage loans underlying those securities. The SASCo Plaintiffs bring the purported class action on behalf of purchasers of 94 unique offerings of mortgage-backed securities issued over a nearly two-year period, asserting claims arising under the Securities Act of 1933, *inter alia*. The action therefore is subject to the PSLRA automatic stay. Discovery in this action also was stayed by a January 9, 2009 Court order. *See* Pretrial Order ("PTO") No. 1 at § 2.4 (Jan. 9, 2009). The Individual Defendants[4] have moved to dismiss the SASCo Action Plaintiffs' Amended Complaint because (1) the named Plaintiffs lack standing to assert claims for the overwhelming majority of the challenged offerings because they did not purchase the securities sold in those offerings; (2) the alleged omissions are not actionable because the information was explicitly disclosed, not material or was otherwise not

---

[1] *San Mateo County Investment Pool v. Fuld, et al.*, No. 09-CV-1239 (LAK); *Zenith Ins. Co. v. Fuld, et al.*, No. 09-CV-1238 (LAK); *Solton v. Fuld, et al.*, No. 09-CV-1944 (LAK); *City of Auburn v. Fuld, et al.*, No. 09-CV-3474 (LAK); *City of Burbank v. Fuld, et al.*, No. 09-CV-3475 (LAK); *City of San Buenaventura v. Fuld, et al.*, No. 09-CV-3476 (LAK).

[2] Like the Equity/Debt Lead Plaintiffs' motion, the motions of the Plaintiffs in SASCo and the California Actions fail to comply with the with PTO No. 1, Fed. R. Civ. P. 37 and this Court's Individual Practices. *See* Equity/Debt Opposition at 3-4.

[3] The Structured Asset Securities Corporation ("SASCo") was the Lehman-affiliated special purpose entity that filed the offering documents at issue in *In re Lehman Mortgage-Backed Securities Litigation*.

[4] The Individual Defendants are former SASCO officers and directors Lana Franks, Edward Grieb, Richard McKinney, Kristine Smith, James J. Sullivan, Samir Tabet and Mark L. Zusy.

2

required to be disclosed; and (3) the claims are barred by the statute of limitations due to the voluminous public materials that put Plaintiffs on notice of their alleged claims more than one year before the filing of the initial complaint.  The Individual Defendants' motion to dismiss (along with similar motions brought by the Ratings Agency defendants) is fully briefed and *sub judice*.

The California Actions are brought by purchasers of Lehman bonds and allege claims under the Securities Act of 1933 and California law against present and former Lehman directors and officers and Ernst & Young LLP, Lehman's former independent auditor.  Following their removal from state court, the California Actions were transferred to this Court by the Judicial Panel on Multidistrict Litigation for pretrial proceedings.  The Judicial Panel noted that centralization "will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary."  *In re Lehman Bros. Holdings, Inc., Secs. & Employee Ret. Income Sec. Act (ERISA) Litig.*, 598 F. Supp. 2d 1362, 1364 (J.P.M.L. 2009).  Like other individual actions transferred here for pretrial proceedings, they are now subject to this Court's Pretrial Order No. 5 (Mar. 5, 2009), directing that "[m]otions to dismiss individual cases as distinguished from class actions are not to be filed until the disposition of motions to dismiss class actions."

Although the California Actions are not class actions and therefore not subject to the PSLRA stay, they are subject to PTO No. 1.  The California Actions Plaintiffs have not shown any reason why their Actions are any more in need of immediate discovery than the many other actions that also are subject to PTO No. 1.  To lift the PTO stay for these cases would lead to disorderly discovery that might prove completely unnecessary if the California Actions are

3

dismissed, or at least overbroad discovery if those and other actions subject to PTO No. 1 are narrowed in scope.

Absent "exceptional circumstances," discovery in federal securities class actions is automatically stayed under the PSLRA until "after the court has sustained the legal sufficiency of the complaint." *See* 15 U.S.C. § 78u-4(b)(3)(B); *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003). This stay is absolute unless a plaintiff can show that "particularized" discovery is necessary to (1) prevent undue prejudice or (2) preserve evidence. *See In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583, 2006 WL 1738078, at *1 (S.D.N.Y. June 26, 2006). The burden on a plaintiff seeking to have the stay lifted is "heavy." *See In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005); *see generally* Defendants' Opp'n to Plaintiffs' Mot. to Modify the PSLRA Discovery the Stay in the Equity/Debt Action ("Equity/Debt Opposition") (filed Oct. 27, 2009).

Like the Equity/Debt Lead Plaintiffs, the Plaintiffs in the SASCo and California Actions Plaintiffs have failed to make any showing that "undue prejudice" would result if they were not permitted to commence discovery until motions to dismiss are decided. And like the Equity/Debt Lead Plaintiffs, the requests of these Plaintiffs are not "particularized." To the contrary, the SASCo and California Actions Plaintiffs are joining a motion that seeks unspecified material that numerous parties and third parties "have produced, or will soon produce, to governmental authorities and other litigants concerning investigations or litigation related to Lehman's bankruptcy," (*See* Equity/Debt Pls. Mot. at 1), a universe Plaintiffs do not even attempt to define. *See*, *e.g.*, *Mishkin v. Ageloff*, 220 B.R. 784, 793 (S.D.N.Y. 1998) (denying motion to lift stay because the request for an "open-ended, boundless universe of discovery" was "[f]ar from particularized").

4

Furthermore, Plaintiffs here do not explain how or why *any* of these materials – much less *all* or even *much* of the material – is relevant to their claims.  The SASCo Action focuses narrowly on the origination and securitization of specific mortgage-backed securities issued by only one of the many Lehman-affiliated entities involved in the largest bankruptcy ever.  Given the breadth of the materials the SASCo Action Plaintiffs seek, the requested modification of the PSLRA stay would necessitate further proceedings to determine which of those materials, if any, are relevant to Plaintiffs' claims and allegations *before the Court determines which, if any, of those claims and allegations are legally sufficient.*  This is precisely the type of unnecessary litigation the PSLRA stay was intended to avoid.  The California Actions make factual allegations very similar to those in the Equity/Debt action, and for the reasons explained in the Equity/Debt Opposition, these allegations are far narrower than the subject matter of the materials sought.  *See* Equity/Debt Opp'n at 13-14.

Finally, Plaintiffs incorrectly assert that granting their requested relief "will pose no more than a minimal burden" on the producing parties.  *See* SASCo Pls. Brief at 4; *see also* California Action Pls. Brief at 3.  But, as explained in the Equity/Debt Opposition, much of the production that Plaintiffs seek was made pursuant to protective orders and/or subject to claw-back for privilege, and was responsive to requests for discovery relevant to subjects that have no bearing on the cases before this Court, including post-Lehman petition events.  *See* Equity/Debt Opposition at 14-15.  Lifting the stay here would require the parties, various third-parties and the Lehman estate to review these productions for relevance and/or privilege.  Given the size of the bankruptcy and these various productions, Plaintiffs cannot credibly claim that these productions would pose only a "minimal burden."

For the reasons explained here and in the Equity/Debt Opposition, Plaintiffs' motion to modify the PSLRA discovery stay should be denied.

Dated:  New York, New York
        October 27, 2009

**SIMPSON THACHER & BARTLETT LLP**

By: s/ Michael J. Chepiga

Michael J. Chepiga (mchepiga@stblaw.com)
Mary Elizabeth McGarry (mmcgarry@stblaw.com)
Michael C. Ledley (mledley@stblaw.com)
Erika H. Burk (eburk@stblaw.com)

425 Lexington Avenue
New York, New York  10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for SASCo Individual Defendants Lana Franks, Edward Grieb, Richard McKinney, Kristine Smith, James J. Sullivan, Samir Tabet and Mark L. Zusy*

*Attorneys for California Action Defendants Christopher M. O'Meara, Joseph M. Gregory, Ian Lowitt, David Goldfarb, John F. Akers, Roger S. Berlind, Marsha Johnson Evans, Roland A. Hernandez, and Henry Kaufman*

| LATHAM & WATKINS, LLP | ALLEN & OVERY LLP |
|---|---|
| By: s/ Miles N. Ruthberg | By: s/ Patricia M. Hynes |
| Miles N. Ruthberg (miles.ruthberg@lw.com) Jamie L. Wine (jamie.wine@lw.com) 885 Third Avenue New York, NY 10022 Tel: (212) 906-1200 Fax: (212) 751-4864 | Patricia M. Hynes (patricia.hynes@allenovery.com) Todd Fishman (todd.fishman@allenovery.com) 1221 Avenue of the Americas New York, NY 10020 Tel: (212) 610-6300 Fax: (212) 610-6399 |
| *Attorneys for California Action Defendant Ernst & Young LLP* | *Attorneys for California Action Defendant Richard S. Fuld, Jr.* |

PROSKAUER ROSE LLP

By:   s/ Robert J. Cleary

Robert J. Cleary
(rjcleary@proskauer.com)
Dietrich L. Snell
(dsnell@proskauer.com)
Mark E. Davidson
(mdavidson@proskauer.com)
Seth D. Fier
(sfier@proskauer.com)
1585 Broadway
New York, NY  10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for California Action Defendant Erin Callan in All Captioned Matters Except Zenith*


DALY & PAVLIS LLC

By:   s/ Alfred Pavlis

Alfred Pavlis
(apavlis@dalypavlis.com)
107 John Street
Southport, CT 06890
Tel: (203) 255-6700
Fax: (203) 255-1953

*Attorneys for Defendant Erin Callan in Zenith Matter*

FRIED FRANK HARRIS SHRIVER & JACOBSON LLP

By:   s/ Audrey Strauss

Audrey Strauss
(audrey.strauss@friedfrank.com)
Israel David
(israel.david@friedfrank.com)
One New York Plaza
New York, NY  10004
Tel: (212) 859-8000
Fax: (212) 859-4000

*Co-Counsel for California Action Defendant Joseph M. Gregory*

7