**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                                            :
In re                                                                       :    Chapter 11 Case No.
                                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                            :
                            Debtors.                                :    (Jointly Administered)
                                                                            :
-----------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019
AUTHORIZING LEHMAN COMMERCIAL PAPER INC. TO ENTER
INTO LETTER AGREEMENT WITH REAL ESTATE PRIVATE EQUITY INC.**

Upon the motion (the "Motion"), of Lehman Commercial Paper Inc. ("LCPI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), pursuant to section 105(a) of chapter 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to enter into a letter agreement and associated documents with Real Estate Private Equity Inc. and take all corporate actions described therein, all as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing

case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code and rule 9019 of the Bankruptcy Rules, LCPI is authorized, but not directed, to enter into the Debt Resale Agreement[1] and the Letter Agreement and take all corporate actions described therein, including, but not limited to, LCPI's consent to the Amendments; and it is further

ORDERED that the Letter Agreement, The Debt Resale Agreement and the Amendments may be modified, amended or supplemented by the proponents thereof without further order of the Court, and any agreements, documents or other instruments related thereto may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

2

order of the Court, *provided* that, in each case, any such modification, amendment or supplement does not have a material adverse effect on LCPI's estate; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       December 11, 2009

                                            *s/ James M. Peck*
                                      UNITED STATES BANKRUPTCY JUDGE

3