**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC.,<br><br>Debtor. | Case No. 08-13555 (JMP) |

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(2) of the transfer, other than for security, of the claim referenced in this notice ('the "Claim").

An Evidence of Transfer of Claim is attached hereto as Exhibit A. The Proof of Claim filed with this Court is attached hereto as Exhibit B.

**Name of Transferor**
SR Latigo Master MA, Ltd.

**Name of Transferee**
Swiss Re Financial Products Corporation

Court Claim Number:  40685
Amount of Claim:     see Exhibit B (no less than $13,538)
Date Claim Filed:    October 16, 2009

**Address of Transferor:**
SR Latigo Master MA, Ltd.
c/o Latigo Partners L.P.,
590 Madison Avenue, 9th Floor
New York, NY 10022
Tel:    +1 (212) 754-1627
Email:  wahed.khan@latigopartners.com
Attn:   Wahed Khan

**Address of Transferee:**
Swiss Re Financial Products Corporation
c/o Swiss Re Services Limited
30 St. Mary Axe
London EC3A 8EP
United Kingdom
Tel:    +44 (0) 20 7933 4265
Fax:    +44 (0) 20 7933 6265
Attn:   Nicholas Raymond

The Transferor has waived its right, pursuant to Rule 3001(e)(2) of the Bankruptcy Rules, to receive from the Clerk of the Court notice of filing of the evidence of transfer of the Proof of Claim and its right to object to such transfer within the twenty (20) day period set forth therein. The Transferor stipulates that an order may be entered recognizing the transfer of the Claim as an unconditional transfer and the Transferee as the valid owner of the Claim.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

SWISS RE FINANCIAL PRODUCTS
CORPORATION, as Transferee

By: _____
Name:
Title:

ANDREAS GOCKSCH
Director
Swiss Re Financial Products Corporation

## EXHIBIT A

## EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

Assignor:   SR Latigo Master MA, Ltd.

Assignee:   SWISS RE FINANCIAL PRODUCTS CORPORATION

    For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of no less than $13,538, based on a claim arising from one or more "Derivatives Contracts" and/or "Guarantees", as such terms are defined in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proof of Claim, Approving the Form and Manner of the Notice Thereof and Approving the Proof of Claim Form, against Lehman Brothers Holdings, Inc. (the "Debtor") in the bankruptcy case In re Lehman Brothers, Inc., Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proof of claims filed by Assignor, including the attached, with the Bankruptcy Court in respect of the foregoing claim.

    Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

    IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS _____ day of December, 2009.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| SR Latigo Master MA LTD | SWISS RE FINANCIAL PRODUCTS CORPORATION |
| By: _____<br>    Name:<br>    Title: | By: _____<br>    Name:<br>    Title: ANDREAS GOCKSCH<br>    Director<br>    Swiss Re Financial Products Corporation |

## EXHIBIT A

### EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

**Assignor:**   SR Latigo Master MA, Ltd.

**Assignee:**   SWISS RE FINANCIAL PRODUCTS CORPORATION

For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of no less than $13,538, based on a claim arising from one or more "Derivatives Contracts" and/or "Guarantees", as such terms are defined in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proof of Claim, Approving the Form and Manner of the Notice Thereof and Approving the Proof of Claim Form, against Lehman Brothers Holdings, Inc. (the "Debtor") in the bankruptcy case In re Lehman Brothers, Inc., Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proof of claims filed by Assignor, including the attached, with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS _____ day of December, 2009.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| SR Latigo Master MA LTD | SWISS RE FINANCIAL PRODUCTS CORPORATION |
| By: _[signature]_<br>Name: Don Seymour<br>Title: Director | By: _____<br>Name:<br>Title: |

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000040685

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

SR Latigo Master MA LTD
c/o Latigo Partners L.P.
590 Madison Avenue, 9th Floor
New York, NY 10022
Attn: Wahed Khan
wahed.khan@latigopartners.com

Telephone number: 212-754-1627    Email Address:

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 11357
(If known)

Filed on: 9/10/2009

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 13,538
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** LBHI guarantee of an ISDA Master Agreement with LBSF dated 9/18/07
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $ _____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____ Basis for perfection: _____
   Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**
   $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

Date: 10/15/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

_[signature]_ David Sabath, Partner

**FOR COURT USE ONLY**

FILED / RECEIVED
OCT 16 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :    Case No. 08-13555 (JMP)
                                                              :
                              Debtors.                        :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

# ADDENDUM TO
# AMENDMENT TO
# PROOF OF CLAIM OF
# SR Latigo Master MA Ltd.

SR Latigo Master MA Ltd. ("Latigo" or the "Claimant") hereby asserts claims (the "Claims") against Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI"), each a debtor and debtor-in-possession in the above-captioned bankruptcy cases, as set forth in the attached official proof of claim form, this addendum and the derivative questionnaire(s) and/or guarantee questionnaire(s) (together, the "Questionnaire") to be submitted in connection therewith (collectively, the "Proof of Claim"). *This Claim amends the Claim Numbers 11358 and 11357, filed against LBSF and LBHI, respectively, both on September 10, 2009.*

## Background

1. On September 15, 2008 (the "LBHI Petition Date"), LBHI and certain of its affiliates filed voluntary petitions under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

2. On October 3, 2008 (together with the LBHI Petition Date, the "Petition Date"), LBSF and certain other affiliates of LBHI filed voluntary petitions under chapter 11 of the Bankruptcy Code.

KL2 2619530.3

3. The bankruptcy cases of LBHI, LBSF and their affiliated debtors and debtors-in-possession (collectively, the "Debtors") are jointly administered for procedural purposes under *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.).

**Claims Based on Derivative Contract(s) and/or Guarantee(s)**

4. The Claimant's Claims are based on one or more "Derivative Contracts" and/or "Guarantees," as such terms are defined in the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order"). As such, the Claimant will submit the appropriate responses to the Questionnaire for the Claims as required under the Bar Date Order.

5. As provided in the Bar Date Order, the Claimant is not required to attach the supporting documentation for the Claims to this Proof of Claim and the Claimant will submit appropriate supporting documentation in connection with the uploading of the Questionnaire.

**The Agreements**

6. The Claimant's claims arise out of: (a) the 1992 Form ISDA Master Agreement (Multicurrency-Cross Border), dated as of September 18, 2007, as amended and supplemented from time to time, between LBSF and the Claimant; (b) the Schedule to the Master Agreement, dated as of September 18, 2007, as amended and supplemented from time to time between LBSF and the Claimant; (c) the Credit Support Annex to the Schedule, dated as of September 18, 2007, as amended and supplemented from time to time (the "Credit Support Annex") by and between

LBSF and the Claimant; and (d) the Transactions (as defined in the Master Agreement) thereunder (collectively with the "Agreement").[1]

7. LBHI served as "Credit Support Provider" to LBSF under the Agreement and executed a guarantee, dated as of July 10, 2008 (the "Transaction Guarantee"), unconditionally guaranteeing the obligations of LBSF in connection with the Transaction. In addition, LBHI, acting through the Executive Committee of its Board of Directors, guaranteed all obligations of LBSF, evidenced by, *inter alia*, that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, dated as of June 9, 2005 (together with the Transaction Guarantee, the "Guarantee"). The Guarantee is further evidenced by the inclusion of LBSF on the "Corporate Guarantee" portion of LBHI's Schedule F. *See Amended Schedules of Assets and Liabilities for Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. filed July 15, 2009) [Dkt. No. 3918].

**The Debtors' Bankruptcies**

8. On September 15, 2008, LBHI filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code. LBHI's bankruptcy filing, *inter alia*, constituted an "Event of Default" under the Agreement. The Claimant is the Non-Defaulting Party as defined in Section 6(a) of the Agreement.

9. As a result, the Claimant delivered a notice designating September 15, 2008 as the "Early Termination Date" with respect to the Transaction.

10. Pursuant to Section 6(d) of the Agreement, on September 15, 2008, the Claimant properly delivered a statement of calculations (the "Calculation Statements") setting forth the amounts owed to the Claimant and reserving its rights to claim interest and expenses. To the extent that the Guarantee requires that a written demand be made on LBHI of LBSF's failure to

---

[1] Any capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Agreement.

- 3 -

timely pay amounts due under the Agreement, this Proof of Claim shall: (a) constitute such demand; and (b) be served on LBHI.

**The Claims**

11.  The Claimant has Claims against LBSF for no less than $13,538, plus interest and costs. The amount of the Claims is based on amounts owed by LBSF in respect of Settlement Amounts, and any Unpaid Amounts (on a net basis), under the Transaction *plus* accrued interest thereon at the Default Rate and the indemnification of all out-of-pocket expenses and costs incurred by the Claimant in connection with enforcing and protecting its rights under the Agreement (or with respect to any Transaction), including, without limitation, attorneys' fees and costs, expenses, damages and interest thereon at the Applicable Rate, pursuant to Section 11 of the Agreement or applicable law, which amount cannot be calculated or estimated at this time with reasonable certainty. Pursuant to the Guarantee, LBHI provided the Claimant an unconditional guarantee of payment of the Claims when due, with no requirement that the Claimant first pursue the Claims against LBSF.

12.  Claimant's Claims have been amended to account for the certain return of collateral due to Claimant by LBSF in the amount of $81,000.

13.  Except as otherwise set forth in this Proof of Claim, the Claims are filed as general unsecured claims without prejudice to any and all rights of the Claimant to assert that the Claims, or any portion thereof, are secured or entitled to administrative expense priority under Bankruptcy Code Sections 503 and/or 507.

14.  Upon information and belief, no judgment has been rendered on the Claims.

15.  The amount of all payments on the Claims has been credited and deducted for the purpose of making this Proof of Claim.

KL2 2619530.3

- 4 -

16. Upon information and belief, no portion of the Claims is subject to any setoffs, defenses or counterclaims by LBSF or LBHI, except as otherwise described herein. If, however, Claimant does have setoff and/or recoupment rights, Claimant reserves the right to assert these setoff and/or recoupment rights with respect to such amounts and that the Claims are secured to the extent of such setoff and/or recoupment rights.

**Reservations of Rights**

17. The Claimant reserves the right to: (a) amend, update, or supplement this Proof of Claim (including, without limitation, to add additional amounts due and owing) at any time and in any respect; (b) file additional proofs of claim; and (c) file a request for payment of administrative or priority expenses in accordance with Bankruptcy Code sections 503 and 507.

18. By filing this Proof of Claim, the Claimant: (a) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim; (b) does not waive (and expressly reserves) all of its procedural and substantive defenses, counterclaims and objections (including without limitation, the right of setoff, recoupment or any similar right, remedy or defense) to any objection to the Claims or any claim that may be asserted against the Claimant by the Debtors, their estates, any successor to the Debtors, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim; (c) does not waive (and expressly reserves) any right to any security held by or on behalf of the Claimant or any right of the Claimant to claim specific assets or any other claim, right, or right of action that the Claimant has or might have against the Debtors, their estates, any successor to the Debtors, or any other person, whether such claim, right, or right of action arises prior to, upon, or after the Petition Date; and (d) does not waive (and expressly

reserves) any and all other rights that the Claimant may have pursuant to applicable law or agreement.

19.   Nothing contained in this Proof of Claim shall be deemed an admission by the Claimant. The Claimant expressly reserves the right to withdraw this Proof of Claim as if it had never been filed.

**Notices**

20.   All notices, objections or other communications relating to this Proof of Claim should be addressed and sent to:

> SR Latigo Master MA Ltd.
> c/o Latigo Partners L.P.
> 590 Madison Avenue, 9th Floor
> New York, NY 10022
> Attn: Wahed Khan
> Tel: 212-754-1627
> E-mail: wahed.khan@latigopartners.com

SH
---
RECEIVED BY:

10/16/09
---
DATE

11:50 AM
---
TIME

H
A
N
D

D
E
L
I
V
E
R
Y