UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

In re:                                           :    Chapter 11
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** et al.        :    Case No. 08-13555 (JMP)
                                                 :
                              Debtors.           :    (Jointly Administered)
                                                 :
————————————————————— x

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2)

1.    TO:          Anthracite Related Investments (Cayman) Limited
                   HSBC House
                   68 West Bay Road
                   George Town
                   Grand Cayman
                   KY1-1102 Cayman Islands
                   Attn: Scott Aitken
                   Facsimile:  +1 345 949 7634

2.    Please take notice of the transfer, in the amount of $61,764,595.00, of your claim against LEHMAN BROTHERS
HOLDINGS INC., Case No. 08-13555 (JMP) in the above referenced consolidated proceedings, arising from and relating
to Claim No. 13938 (attached in Exhibit A hereto), to:

                   Fondazione Enasarco
                   Via Antoniotto
                    Usidimare
                   31, 00154 Roma Italy
                   Attention:  Marco DiVito
                   Phone:  +39 06 (5793) 2305
                   Facsimile: +39 06 (5793) 2351
                   E-Mail:  mdivito@enasarco.it

                   With a copy to :
                   Sidley Austin LLP
                   787 Seventh Avenue
                   New York, New York  10019
                   Attn : Alex Rovira
                   Phone : (212) 839-5300
                   Facsimile : (212) 839-5599
                   E-Mail : arovira@sidley.com

     An évidence of Transfer of claim is attached as Exhibit B.  All distributions and notices regarding the transferred
claim should be sent to the Transferee at the instructions attached in Exhibit C.

3.    No action is required if you do not object to the transfer of your claim.  However, **IF YOU OBJECT TO THE
TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

- **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
                   United States Bankruptcy Court
                   Alexander Hamilton Custom House
                   Attention:  Bankruptcy Clerk
                   One Bowling Green
                   New York, NY  10004-1408

- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
- Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to the transfer

4.  If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS THE CLAIMANT IN THIS PROCEEDING.**

CLERK

FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first party, by first class mail, postage prepared on _____, 2009.
INTERNAL CONTROL NO.:_____
Copy: (check) Claims Agent ☐  Transferee ☐  Debtor's Attorney ☐

Deputy Clerk

## ADDENDUM

| CLAIM NUMBER | DATE PROOF OF CLAIM FILED | CLAIM AMOUNT |
|---|---|---|
| 13938 | 9/16/09 | $61,764,595.00 |

# **<u>EXHIBIT A</u>**

| **United States Bankruptcy Court/Southern District of New York**<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000013938 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Holdings Inc.** | Case No. of Debtor<br>**08-13555** | |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>**Please see the Schedule to this Proof of Claim.**<br><br><br>Telephone number:                    Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>  *(If known)*<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br>**Please see the Schedule to this Proof of Claim.**<br><br><br>Telephone number:                    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1.    Amount of Claim as of Date Case Filed:** $ 61,764,595

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.*

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** See the Schedule to this Proof of Claim. _____
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** Not applicable _____
   **3a. Debtor may have scheduled account as:** Not applicable _____
     (See instruction #3a on reverse side.)

**4.    Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7.  Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.  Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

**FILED / RECEIVED**

SEP 16 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>16 SEPTEMBER 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>**Connan Hill**<br>**Director**    **Scott Aitken**<br>**Director** |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150-5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

PRIVILEGED & CONFIDENTIAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC. | ) | Case No. 08-13555 (JMP) |
| | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |

### SCHEDULE TO PROOF OF CLAIM OF
### ANTHRACITE RATED INVESTMENTS (CAYMAN) LIMITED ("ARIC")

1.      This Schedule to the proof of claim of Anthracite Rated Investments (Cayman) Limited ("ARIC") shall be deemed a part of, and incorporated by reference in, the attached proof of claim relating solely to the Series 26 notes issued by ARIC (together with this Schedule, the "Proof of Claim") filed by ARIC. The Proof of Claim arises out of (i) a guarantee by Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor") (the "Master Agreement Guarantee") relating to that certain ISDA Master Agreement (as amended, supplemented or otherwise modified from time to time, and including all annexes, schedules, exhibits, confirmations and any related agreements and other documents, collectively, the "Master Agreement"), dated as of April 29, 2005 as amended and restated, between ARIC and Lehman Brothers Finance S.A. ("LBFSA" and together with ARIC, the "Parties") which, pursuant to Part 5(l) of the schedule to the Master Agreement, is incorporated by reference into and forms a single agreement with the confirmation dated 14 December 2007 (the "Confirmation") documenting a share option transaction with a trade date of 14 December 2007 between ARIC and LBFSA under the Master Agreement, and (ii) that certain guarantee by LBHI pursuant to the unanimous consent of the executive committee of the board of directors through that certain

board resolution dated June 9, 2005 (the "Board Resolution Guarantee", and together with the

Master Agreement Guarantee, the "Guarantees").[1]

## I.    BASIS OF CLAIM

2.    Under the terms of the Master Agreement, ARIC entered into a derivative

transaction with LBSFA which was documented and confirmed by the Parties through the

written Confirmation.

3.    On September 15, 2008, LBHI filed a voluntary petition for relief under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the U.S.

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). In addition,

on October 3, 2008 LBFSA commenced its chapter 11 case by filing a voluntary petition for

relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court and has since sought

and was granted an order dismissing the chapter 11 case upon recognition of its foreign main

proceeding under chapter 15 of the Bankruptcy Code. Each commencement of their chapter 11

case by LBHI and LBFSA is an event of default under Section 5(a)(vii) of the Master Agreement

(an "Event of Default"). In accordance with the "Automatic Early Termination" provision of

Section 6(a) of the Master Agreement, which applies to LBFSA pursuant to Part 1(i) of the

Schedule, an Early Termination Date[2] in respect of all outstanding transactions between the

Parties under the Master Agreement occurred on September 15 2008 as of the time immediately

preceding the institution by LBHI (the Credit Support Provider of LBFSA) of a voluntary

petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

---

[1]  As required by that Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3)
Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and
Approving the Proof of Claim Form (the "Bar Date Order") entered on July 2, 2009 Docket No. 4271, copies of
the relevant supporting documentation for this Proof of Claim will be uploaded as part of the Derivative
Questionnaire and Guarantee Questionnaire relating to this Proof of Claim.
[2]  Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Master
Agreement.

## II.    AMOUNT AND NATURE OF CLAIM

4.    ARIC subsequently calculated its settlement amount resulting from the Event of Default and the early termination of the outstanding transactions in accordance with the methodologies set forth in the Master Agreement, and on or about September 16, 2009 sent notice to LBFSA of such calculations and demanded payment of such damages (the "Settlement Notice").

5.    As set forth in the Settlement Notice, ARIC asserts that LBFSA owes ARIC USD 61,507,902, which is comprised of (as more particularly described in the Settlement Notice):

| | |
|---|---|
| ARIC's Loss of Bargain | Euro 49,190,858 |
| Payment due to LBFSA but not made (including interest) | Euro  2,954,744 |
| Loss Amount | Euro 46,236,114 |
| | |
| Termination Currency Equivalent of Loss Amount: | USD 61,507,902 (the "Settlement Claim") |

6.    The Master Agreement further provides that ARIC is entitled to receive interest compounded daily at the default rate on its Settlement Claim.  As of September 11, 2009, ARIC's Settlement Claim has accrued $256,693 in interest at the default rate (the "Accrued Interest").  ARIC is contractually entitled to payment of its Settlement Claim and Accrued Interest, together with all additional interest accrued and continuing to accrue at the default rate.

7.    Additionally, under the Master Agreement, ARIC is entitled to reasonable out-of-pocket expenses, including legal and other professional fees and expenses resulting from the early termination of any Transaction.  As a direct result of and in connection with the Event of Default and the termination of the outstanding Transactions with LBFSA, ARIC engaged legal counsel to provide advice and assistance with respect to its rights under the Master Agreement, the Guarantees and in connection with LBHI's chapter 11 bankruptcy case.  ARIC is also contractually entitled to payment of current, as well as future, fees and expenses, together with

3

all contractual interest accrued and accruing thereon. ARIC anticipates that it will amend this Proof of Claim to require payment of reasonable legal and related fees and expenses related to the enforcement and protection of its rights under the Master Agreement and the Guarantees (collectively, "Fees and Expenses").

8.      In connection with entering into the Master Agreement, ARIC relied upon the creditworthiness of LBHI, as a guarantor of the obligations of its subsidiary LBFSA, and relied upon the Master Agreement Guarantee which LHBI provided as part of the documentation related to the Master Agreement. Upon information and belief, ARIC believes that LBHI executed the Master Agreement Guarantee, however, ARIC has been unable to locate an executed version of the Master Agreement Guarantee. In further support that LBHI issued and executed the Master Agreement Guarantee in favor of ARIC, express reference is made to the Master Agreement Guarantee as a Credit Support Document in the Master Agreement. Even if LBHI failed to execute the Master Agreement Guarantee, LBHI provided an implied contractual guarantee by providing to ARIC the Master Agreement Guarantee as part of the documentation related to the Master Agreement and by representing that LBHI stood behind the obligations of LBFSA as guarantor.

9.      Pursuant to the terms of the Master Agreement Guarantee, LBHI irrevocably and unconditionally guaranteed to ARIC the due and punctual payment of all amounts payable by LBFSA in accordance with the terms of the Master Agreement. Therefore, this Proof of Claim against LBHI is for all amounts and obligations owed by LBFSA under the Master Agreement.

10.     In addition, pursuant to the terms of the Board Resolution Guarantee, LBHI irrevocably and unconditionally guaranteed payment of all liabilities, obligations and

4

commitments of LBFSA, including any and all amounts payable by LBFSA to ARIC in accordance with the terms of the Master Agreement.

11.    Accordingly, subject to the reservation of rights outlined below, ARIC hereby asserts, pursuant to the Guarantees, an unsecured liquidated claim of not less than approximately $61,764,595, representing the aggregate amount of the Settlement Claim and Accrued Interest, plus contingent and/or unliquidated claims, including, but not limited to, all Fees and Expenses not presently ascertainable in connection with and provided for under the Master Agreement.

12.    To the extent necessary, this Proof of Claim shall serve as notice and a demand of the amounts owing by LBHI to ARIC, and no further notice or demand shall be required.

13.    Without limiting any of the foregoing, ARIC reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent and/or as may be permitted, provided and/or contemplated in the supporting documentation and under applicable law.

## III.  COURT JUDGMENT, SECURED CLAIM AND CREDITS

14.    As of the date hereof, no judgment has been rendered on the claims asserted herein.

15.    ARIC hereby asserts any and all rights of setoff, recoupment and/or netting it may have in respect of the claims asserted herein relating solely to the Series 26 notes issued by ARIC, including, without limitation, the right to setoff, recoup and/or net its claims against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against it.  The claims asserted herein are filed as secured claims to the extent of the value of the rights of setoff securing the claims and as general unsecured claims to the extent that the amount of the claims exceeds the value of such setoff rights.

16.    The amount of all payments on the claims asserted herein has been credited and deducted for purposes of making this Proof of Claim.

## IV.  RESERVATION OF RIGHTS

17.    In filing this Proof of Claim, ARIC expressly reserves all of its rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor.  The description of the claims and the classification thereof herein by ARIC is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of ARIC.  Furthermore, ARIC expressly reserves all rights to amend, clarify, modify and/or supplement the Proof of Claim at any time and for any reason, in any respect, including, without limitation to: (a) correct, increase or amend the amounts referred to herein; (b) add or amend documents and other information, or to describe further, the claims asserted herein; (c) file proofs of claim that may be duplicative in respect of the relevant and applicable documents or any other indebtedness, obligations or liability of the Debtor to ARIC;

6

(d) add or include any other Debtor or any other entity, including but not limited to any entity which may become a debtor or debtor in possession in the Debtor's jointly administered chapter 11 case(s) and add or amend categories of payments or liabilities; (e) assert a further priority, security interest or similar right with respect to the claims asserted herein; (f) file an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein; (g) file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses that are not ascertainable at this time, or to file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507, including, without limitation, for expenses included in this claim; or (h) file additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligations whatsoever of the Debtor to ARIC.

18.    In executing and filing this claim, ARIC does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this claim against the Debtor and does not waive or release: (a) its rights, claims, defenses and remedies, whether under applicable law, the relevant and applicable documents, or otherwise, against the Debtor or any other person or entity that may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor, or otherwise, including any rights that ARIC may have with respect to any property held by any Debtor or other entity in an actual, constructive, or other trust or similar relationship for the benefit of ARIC; (b) any obligation owed to it, or any right to any security in connection with the claims; (c) any past, present or future defaults (or events of default) by the Debtor or others in connection with the relevant and applicable documents or otherwise; or (d) any right to the subordination, in favor of ARIC, of indebtedness or liens held by other creditors of the Debtor.

7

19.    Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be:  (a) a consent to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise; (b) an election of remedies or limitation of rights or remedies; or (c) an admission that any property received by ARIC under the relevant and applicable documents or held by the Debtor or other entity constitutes property of any Debtor's estate.

20.    Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be a waiver or release of:  (a) the right of ARIC to have final orders in non-core matters entered only after de novo review by a district court judge; (b) the right of ARIC to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto, notwithstanding any designation of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (c) the right of ARIC to seek to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or otherwise to challenge the jurisdiction of the Bankruptcy Court, with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving ARIC, or to assert that the reference has already been withdrawn with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving ARIC; (d) the right of ARIC to have any unliquidated portions of its Proof of Claim determined by applicable state courts; or (e) any ownership, lien, or other property rights, any rights to setoff, recoupment, or counterclaim, or any other right, rights of action, causes of action, claims, or defenses, whether existing now or

8

hereinafter arising to which ARIC is or may be entitled under agreements, documents, or
instruments, in law or equity, against the Debtor or any other person or persons (including any
affiliate of the Debtor).

21.     Nothing herein shall be deemed to waive, estop or derogate from any
rights of ARIC, including, without limitation, (a) ARIC's rights under the relevant and applicable
documents, or otherwise and (b) any rights which limit recourse against ARIC to any of its
property, which prevent any party from taking any further steps against ARIC to recover any
sums due but still unpaid in respect of any document to which it is party or which provide that,
after realisation of any specified property and distribution of the net proceeds thereof, all claims
in respect of sums due but still unpaid shall be extinguished.  The Proof of Claim also is without
prejudice to any and all of ARIC's rights, claims and defenses in conjunction with the relevant
and applicable documents, the Bankruptcy Code, and otherwise, including, but not limited to the
right to vote on any plan(s) in the Debtor's chapter 11 case(s).

22.     The descriptions in the Proof of Claim of the relevant and applicable
documents are qualified in their entirety by reference to the applicable provisions of such
documents, and such documents are incorporated herein by reference.  Each reference to any
Debtor as obligor, guarantor, or pledgor, or any other signatory or party to the relevant and
applicable documents or any other document is qualified in its entirety by reference to the
applicable provisions of such documents.  In the event of any inconsistency between the Proof of
Claim and such documents, the documents shall control.

23.     ARIC expressly reserves all procedural and substantive rights, claims and
defenses with respect to any claim that has been or may be asserted against ARIC by the Debtor,

9

any trustee for its estate, any other party in interest in the chapter 11 case(s), or any other person

or entity whatsoever.

## V.    NAME AND ADDRESS OF WHERE NOTICES SHOULD BE SENT

24.    All communications in connection with this Proof of Claim should be sent

to:

Anthracite Rated Investments (Cayman) Limited
HSBC House
68 West Bay Road
George Town
Grand Cayman
KY1-1102
Cayman Islands
Attention:    The Directors

Facsimile:    + 1 345 949 7634

with copies to:

Fondazione Enasarco
Via Antoniotto
Usidimare
31, 00154 Roma Italy
Attention:  Marco DiVito

and to:

Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Attn:   Lee S. Attanasio
        Alex R. Rovira

Facsimile: (212) 839-5599
Email: lattanasio@sidley.com
       arovira@sidley.com

UK1 3499914v.9



HAND DELIVERY

RECEIVED BY                    DATE                    TIME

# EXHIBIT B

## EVIDENCE OF TRANSFER OF CLAIM

For good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, **Anthracite Rated Investments (Cayman) Limited** ("Assignor") does hereby unconditionally and irrevocably sell, transfer and assign unto **Fondazione Enasarco** ("Assignee") all rights, title and interest in and to the Claim of Assignor (a stamp received copy of which is attached as Annex A) in the principal amount of $61,764,595 plus all interest, fees and other amounts related thereto (the "Claim") against Lehman Brothers Holdings Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Holdings Inc., Chapter 11 Case No. 08-13555 (Jointly Administered).

Assignor hereby waives any objection to the transfer of the Claim assigned herein (the "Assigned Claim") to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Assigned Claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of the Assigned Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated the 18th day of September, 2009.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| **Anthracite Rated Investments (Cayman) Limited** | **Fondazione Enasarco** |
| _____ | _____ |
| Name: | Name: |
| Title: | Title: IL PRESIDENTE / Brunetto Boco |

### EVIDENCE OF TRANSFER OF CLAIM

For good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, **Anthracite Rated Investments (Cayman) Limited** ("Assignor") does hereby unconditionally and irrevocably sell, transfer and assign unto **Fondazione Enasarco** ("Assignee") all rights, title and interest in and to the Claim of Assignor (a stamp received copy of which is attached as Annex A) in the principal amount of $61,764,595  plus all interest, fees and other amounts related thereto (the "Claim") against Lehman Brothers Holdings Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Holdings Inc., Chapter 11 Case No. 08-13555 (Jointly Administered).

Assignor hereby waives any objection to the transfer of the Claim assigned herein (the "Assigned Claim") to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law.  Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Assigned Claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim.  Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of the Assigned Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated the 18th day of September, 2009.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| **Anthracite Rated Investments (Cayman) Limited** | **Fondazione Enasarco** |
| | |
| Name: **Connan Hill** **Scott Aitken** | Name: |
| Title: **Director** **Director** | Title: |

## EXHIBIT C

## TRANSFER INSTRUCTIONS

Notice Instructions:
Fondazione Enasarco
Via Antoniotto
Usidimare
31,00154 Roma Italy
Attn: Marco DiVito
Email: mdivito@enasarco.it
Telephone: +39 06 (5793) 2305
Facsimile:  +39 06 (5793) 2351

With a copy to:
Sidley Austin LLP
787 Seventh Avenue
New York, New York  10019
Attn: Alex Rovira
Email: arovira@sidley.com
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Wire Instructions:

| | |
|---|---|
| Account Name: | Banca Nazionale del Lavoro, Sportello Enasarco, Via Antoniotto, Usidomare, 31  00154, Roma |
| IBAN Number: | IT91-W 01005 03395 000000002050 |
| Reference: | Fondazione Enasarco, Via Antoniotto, Usidomare, 31  00154, Roma |