**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

LEHMAN BROTHERS HOLDINGS INC.,

Case No. 08-13555 (JMP)

Debtor.

### NOTICE OF TRANSFER OF CLAIM
### PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(2) of the transfer, other than for security, of the claim referenced in this notice ('the "Claim").

An Evidence of Transfer of Claim is attached hereto as Exhibit A. The Proof of Claim filed with this Court is attached hereto as Exhibit B.

**Name of Transferor**
SR GGI Master MA, Ltd.

**Name of Transferee**
Swiss Re Financial Products Corporation

Court Claim Number:    21309
Amount of Claim:       see Exhibit B (no less than $49,524)
Date Claim Filed:      September 21, 2009

**Address of Transferor:**
SR GGI Master MA, Ltd.
c/o Gruss Asset Management, L.P.,
557 Madison Avenue, Third Floor
New York, NY 10065
Tel:    +1 (212) 668-1500
Email:  mm@gruss.com
Attn:   Michael Monitcciolo

**Address of Transferee:**
Swiss Re Financial Products Corporation
c/o Swiss Re Services Limited
30 St. Mary Axe
London EC3A 8EP
United Kingdom
Tel:    +44 (0) 20 7933 4265
Fax:    +44 (0) 20 7933 6265
Attn:   Nicholas Raymond

The Transferor has waived its right, pursuant to Rule 3001(e)(2) of the Bankruptcy Rules, to receive from the Clerk of the Court notice of filing of the evidence of transfer of the Proof of Claim and its right to object to such transfer within the twenty (20) day period set forth therein. The Transferor stipulates that an order may be entered recognizing the transfer of the Claim as an unconditional transfer and the Transferee as the valid owner of the Claim.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

SWISS RE FINANCIAL PRODUCTS
CORPORATION, as Transferee

By: _____
    Name: Jon Seymour
    Title: Director

## EXHIBIT A

### EVIDENCE OF TRANSFER OF CLAIM

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

**Assignor:**    SR GGI Master MA, Ltd.

**Assignee:**    SWISS RE FINANCIAL PRODUCTS CORPORATION

For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of no less than $49,524, based on a claim arising from one or more "Derivatives Contracts" and/or "Guarantees", as such terms are defined in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proof of Claim, Approving the Form and Manner of the Notice Thereof and Approving the Proof of Claim Form, against Lehman Brothers Holdings, Inc. (the "Debtor") in the bankruptcy case In re Lehman Brothers, Inc., Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proof of claims filed by Assignor, including the attached, with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS _____ day of December, 2009.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| SR GGI Master MA LTD | SWISS RE FINANCIAL PRODUCTS CORPORATION |
| By: _____ Name: Don Seymour Title: Director | By: _____ Name: Title: |

## EXHIBIT A

### EVIDENCE OF TRANSFER OF CLAIM

**TO:   THE DEBTOR AND THE BANKRUPTCY COURT**

**Assignor:**     SR GGI Master MA, Ltd.

**Assignee:**     SWISS RE FINANCIAL PRODUCTS CORPORATION

For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of no less than $49,524, based on a claim arising from one or more "Derivatives Contracts" and/or "Guarantees", as such terms are defined in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proof of Claim, Approving the Form and Manner of the Notice Thereof and Approving the Proof of Claim Form, against Lehman Brothers Holdings, Inc. (the "Debtor") in the bankruptcy case In re Lehman Brothers, Inc., Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proof of claims filed by Assignor, including the attached, with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim.   Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS _____ day of December, 2009.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| SR GGI Master MA LTD | SWISS RE FINANCIAL PRODUCTS CORPORATION |
| By: _____<br>    Name:<br>    Title: | By: _____<br>    Name:<br>    Title:   ANDREAS GOCKSCH<br>           Director<br>    Swiss Re Financial Products Corporation |

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000021309

| In Re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al.,  Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings Inc. | 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. ...

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) SR GGI Master MA, Ltd.
c/o Gruss Asset Management, L.P., Attn: Michael Monticciolo
667 Madison Avenue, Third Floor; New York, NY 10065
mm@gruss.com

Deborah S. Tuchman & Andrew M. Thau
Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Sq., New York, NY, 10036
212-735-3000; deborah.tuchman@skadden.com & andrew.thau@skadden.com

Telephone number: See above       Email Address: See above

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above)
SR GGI Master MA, Ltd.
c/o Gruss Asset Management, L.P., Attn: Michael Monticci
667 Madison Avenue, Third Floor; New York, NY 10065
Telephone number: (212) 668-1500   Email address: mm@gruss.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ no less than $49,524
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION ON YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See addendum
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A
3a. Debtor may have scheduled account as:_____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle  ☑ Other
Describe: See addendum
Value of Property: $ See addendum   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ See addendum   Basis for perfection: See addendum
Amount of Secured Claim: $ See addendum  Amount Unsecured: $ See addendum

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____**
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: See addendum

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date:_____
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Don Seymour
Director

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 08-13909 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that Qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9).**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods were sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also submit a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
In re                                                              :   Chapter 11
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :   Case No. 08-13555 (JMP)
                                                                   :
                                   Debtors.                        :   (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x

## ADDENDUM TO PROOF OF CLAIM OF
## SR GGI MASTER MA LTD.

SR GGI Master MA Ltd. (the "Claimant") hereby asserts claims (the "Claims")

against Lehman Brothers Holdings Inc. ("LBHI"), a debtor and debtor-in-possession in the

above-captioned bankruptcy cases, as set forth in the attached official proof of claim form, this

addendum and the Questionnaire (as defined below) to be submitted in connection therewith

(collectively, the "Proof of Claim").

### Background

1.     On September 15, 2008 (the "LBHI Petition Date"), LBHI and certain of its

affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the

United States Code, as amended (the "Bankruptcy Code").

2.     On September 15, 2008, PricewaterhouseCoopers LLP was appointed as

administrator to Lehman Brothers International (Europe) ("LBIE"). LBIE is the subject of an

English administration under the Insolvency Act 1986, as amended (the "Insolvency Act") and is

not a debtor in the above-captioned bankruptcy cases. The Claimant has asserted (or will assert)

similar claims against LBIE either in LBIE's administration under the Insolvency Act or as

otherwise required by applicable law.

1

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**Claims Based on Derivative Contract(s) and/or Guarantee(s)**

3.      The Claimant's Claims are based on one or more "Derivative Contracts" and/or

"Guarantees," as such terms are defined in the *Order Pursuant to Section 502(b)(9) of the*

*Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of*

*Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim*

*Form* (the "Bar Date Order"). As such, the Claimant will submit the appropriate responses to the

derivative questionnaire(s) and/or guarantee questionnaire(s) (together, the "Questionnaire") for

the Claims as required under the Bar Date Order.

4.      As provided in the Bar Date Order, the Claimant is not required to attach the

supporting documentation for the Claims to this Proof of Claim. As contemplated by the Bar

Date Order, the Claimant will submit appropriate supporting documentation in connection with

the uploading of the Questionnaire. Such responses to the Questionnaire will have greater detail

regarding the values of the Transactions and the calculation of the Claims.

**The Agreements**

5.      The Claimant's claims arise out of: (a) the ISDA Master Agreement

(Multicurrency—Cross Border), dated as of August 6, 2007, between LBIE and the Claimant;

(b) the Schedule to the Master Agreement, dated as of August 6, 2007; (c) the Credit Support

Annex to the Schedule, dated as of August 6, 2007, as amended and supplemented from time to

time by and between LBIE and the Claimant; and (d) the various confirmations evidencing the

2

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

"Transactions" thereunder, which remained open as of the LBHI Petition Date (collectively with

(a) – (c), the "Agreement").[1]

6.    The Agreement governs the Transactions between LBIE and the Claimant.

7.    LBHI served as "Credit Support Provider" to LBIE under the Agreement and

executed a guarantee, dated as of January 8, 2008 (the "Transaction Guarantee"), unconditionally

guaranteeing the obligations of LBIE in connection with the Transactions.  In addition, LBHI,

acting through the Executive Committee of its Board of Directors, guaranteed all obligations of

LBIE, evidenced by, *inter alia*, that certain Unanimous Written Consent of the Executive

Committee of the Board of Directors of LBHI, dated as of June 9, 2005 (together with the

Transaction Guarantee, the "Guarantee").  The Guarantee is further evidenced by the inclusion of

LBIE on the "Corporate Guarantee" portion of LBHI's Schedule F.  *See Amended Schedules of*

*Assets and Liabilities for Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr.

S.D.N.Y. filed July 15, 2009) [Dkt. No. 3918].

**LBIE's Administration**

8.    On September 15, 2008, PricewaterhouseCoopers LLP was appointed as

administrator to LBIE and LBHI filed a voluntary petition under Chapter 11 of the Bankruptcy

Code.  Each of these events gave rise to an Event of Default pursuant to Section 5(a)(vii) of the

Agreement.  The Claimant is the Non-Defaulting Party as defined in Section 6(a) of the

Agreement.

9.    As a result, on September 18, 2008, the Claimant properly delivered a notice of

default and early termination (the "Termination Notice") regarding the Event of Default caused

---

[1]    Any capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Agreement.

3

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

by the Act of Insolvency. According to the Termination Notice, September 22, 2008 was

designated as the Early Termination Date for all Transactions under the Agreement.

10.     Following such termination of the Transactions, the Claimant sought payment of

the Claims from LBIE under the Agreement. On October 8, 2008, the Claimant properly

delivered a calculation notice (the "Calculation Statement"). On February 5, 2009, the Claimant

delivered a revised calculation notice (the "Revised Calculation Statement") and notified LBIE

that the Calculation Statement, previously sent, was in error. The Revised Calculation Statement

set forth the amounts owed to the Claimant. To the extent that the Guarantee requires that a

written demand be made on LBHI of LBIE's failure to timely pay amounts due under the

Agreement, this Proof of Claim shall: (a) constitute such demand; and (b) be served on LBHI.

**The Claims**

11.     The Claimant has Claims against LBHI (as guarantor of LBIE), on a net basis, of

no less than $49,524, plus interest and costs, as described more fully in the Calculation Statement

and to be described in the responses to the Questionnaire. The amount of the Claims is based on:

(a) the Settlement Amounts due to the Claimant in respect of the Transactions in an amount of no

less than $8,438 *plus* accrued interest at the Applicable Rate; *plus* (b) the return of the excess

Collateral in an amount of no less than $41,711 *plus* accrued interest at the Applicable Rate,

pursuant to the Credit Support Annex; *plus* (c) any interest, dividends, principal payments and

other distributions on the Collateral not received by the Claimant, or credited to the Claimant's

account, since the LBHI Petition Date *plus* interest at the Applicable Rate; *plus* (d) the

indemnification of all out-of-pocket expenses and costs incurred by the Claimant in connection

with enforcing and protecting its rights under the Agreement (or with respect to any Transaction),

including, without limitation, attorneys' fees and costs, expenses, damages and interest thereon at

4

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

the Applicable Rate, pursuant to Section 11 of the Agreement or applicable law, which amount

cannot be calculated or estimated at this time with reasonable certainty and *minus* (e) an amount

no greater than $625 in respect of quarterly payments due to LBIE under the Transactions.

Pursuant to the Guarantee, LBHI provided the Claimant an unconditional guarantee of payment

of the Claims when due, with no requirement that the Claimant first pursue the Claims against

LBIE.

12.    The value of the Transactions represents the aggregate Settlement Amounts and

any Unpaid Amounts (on a net basis), due from or to LBIE on account of the termination of the

Transactions (as calculated by the Claimant as the Non-Defaulting Party).  As described more

fully in the Calculation Statement and to be described in the Questionnaire, the Claimant

determined the Settlement Amounts and any Unpaid Amounts (on a net basis), with respect to

the Transactions in accordance with the Agreement.

13.    As a result of the Early Termination Date, all Transactions were terminated and

no further amounts could be owed by the Claimant to LBIE.  Therefore, pursuant to

Paragraph 8(d) of the Credit Support Annex, the Claimant is entitled to the return of the excess

Collateral valued at no less than $41,711, plus interest on such amounts at the Applicable Rate

until paid.

14.    Except as otherwise set forth in this Proof of Claim, the Claims are filed as

general unsecured claims without prejudice to any and all rights of the Claimant to assert that the

Claims, or any portion thereof, are secured or entitled to administrative expense priority under

Bankruptcy Code Sections 503 and/or 507.

15.    Upon information and belief, no judgment has been rendered on the Claims.

811579.01-New York Server 2A                    MSW - Draft September 17, 2009 - 10:02 PM

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

16.    The amount of all payments on the Claims has been credited and deducted for the purpose of making this Proof of Claim.

17.    Upon information and belief, no portion of the Claims is subject to any setoffs, defenses or counterclaims by the Debtors or LBIE, except as otherwise described herein.  To the extent that the Debtors, or LBIE, take any action that would give rise to a right of setoff or recoupment, a counterclaim or other rights or claims in favor of the Claimant against the Debtors or LBIE, the Claimant reserves all of its respective rights.

**Reservations of Rights**

18.    The Claimant reserves all rights and remedies available under the Agreement, other agreements, and at law or in equity, including without limitation: (a) the right to additional compensation for any losses, costs, expenses interest and damages provided in the Agreement or at law; (b) to declare LBIE to be in default in respect of any other default that may occur under the terms of the Agreement; and (c) all rights Claimant, or any of its affiliates, may have with respect to other transactions and other agreements with you or your affiliates.

19.    Additionally, Claimant reserves the right to: (a) amend, update, or supplement this Proof of Claim (including, without limitation, to add additional amounts due and owing) at any time and in any respect; (b) file additional proofs of claim; and (c) file a request for payment of administrative or priority expenses in accordance with Bankruptcy Code sections 503 and 507.

20.    By filing this Proof of Claim, the Claimant: (a) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim; (b) does not waive (and expressly reserves) all of its procedural and substantive defenses, counterclaims and objections (including without limitation, the right of setoff, recoupment or any similar right,

811579.01-New York Server 2A                                                        MSW - Draft September 17, 2009 - 10:02 PM

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

remedy or defense) to any objection to the Claims or any claim that may be asserted against the

Claimant by the Debtors, their estates, any successor to the Debtors, LBIE (or its administrators

or any successor thereto) or any other person, including, without limitation, any defense based

upon the lack of jurisdiction of this Court to entertain any such claim; (c) does not waive (and

expressly reserves) any right to any security held by or on behalf of the Claimant or any right of

the Claimant to claim specific assets or any other claim, right, or right of action that the Claimant

has or might have against the Debtors, their estates, any successor to the Debtors, LBIE (or its

administrators or any successor thereto) or any other person, whether such claim, right, or right

of action arises prior to, upon, or after the Petition Date; and (d) does not waive (and expressly

reserves) any and all other rights that the Claimant may have pursuant to applicable law or

agreement.

21.     Nothing contained in this Proof of Claim shall be deemed an admission by the

Claimant.  The Claimant expressly reserves the right to withdraw this Proof of Claim as if it had

never been filed.

7

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**Notices**

22.    All notices, objections or other communications relating to this Proof of Claim

should be addressed and sent to:

> Michael Monticciolo
> General Counsel and Chief Compliance Officer
> Gruss Asset Management, L.P.
> 667 Madison Avenue, Third Floor.
> New York, NY 10065
> Tel:  (212) 688-1500
> Fax:  (212) 688-2138
>
>     -and-
>
> Deborah S. Tuchman
> Andrew M. Thau
> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, NY 10036
> Tel:  (212) 735-3000
> Fax:  (212) 735-2000
> E-mail:  deborah.tuchman@skadden.com
>         andrew.thau@skadden.com

811579.01-New York Server 2A                                 MSW - Draft September 17, 2009 - 10:02 PM

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### FOUR TIMES SQUARE
### NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3769
DIRECT FAX
(917) 777-3769
EMAIL ADDRESS
ANDREW.THAU@SKADDEN.COM

FIRM/AFFILIATE OFFICES
―――
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
―――
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

September 20, 2009

**VIA HAND DELIVERY**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

RE:    *In re Lehman Brothers Holdings Inc., et al.*
       Case No. 08-13555 (JMP)
       U.S. Bankruptcy Court, Southern District of New York

Dear Sir or Madam:

Enclosed are one (1) original and two (2) duplicates of proofs of claim forms, the corresponding addenda and any exhibits thereto (each, a "Proof of Claim") to be filed by SR GGI Master MA, Ltd. in the above-referenced bankruptcy cases. One Proof of Claim is against Lehman Brothers Holdings Inc., for no less than $49,524, and the other two are against Lehman Commercial Paper Inc., for no less than $63,571.08, and $52,004.63.

Please return the duplicate copies of each Proof of Claim to me stamped with the date of filing.

If you should have any questions or comments with regard to the foregoing, please contact me by telephone at (212) 735-3769 or by email at andrew.thau@skadden.com.

Sincerely,

Andrew M. Thau

Enclosures

**H A N D  D E L I V E R Y**

FILED / RECEIVED

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

N. Roman.
RECEIVED BY:

DATE

11:39
TIME