**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| LEHMAN BROTHERS HOLDINGS INC., | Case No. 08-13555 (JMP) |
| Debtor. | |

### NOTICE OF TRANSFER OF CLAIM
### PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(2) of the transfer, other than for security, of the claim referenced in this notice ('the "Claim").

An Evidence of Transfer of Claim is attached hereto as Exhibit A. The Proof of Claim filed with this Court is attached hereto as Exhibit B.

**Name of Transferor**
SR GGI Master MA, Ltd.

**Name of Transferee**
Swiss Re Financial Products Corporation

Court Claim Number:    21308
Amount of Claim:    see Exhibit B (no less than $63,571.08)
Date Claim Filed:    September 21, 2009

**Address of Transferor:**
SR GGI Master MA, Ltd.
c/o Gruss Asset Management, L.P.,
557 Madison Avenue, Third Floor
New York, NY 10065
Tel:    +1 (212) 668-1500
Email:  mm@gruss.com
Attn:   Michael Monitcciolo

**Address of Transferee:**
Swiss Re Financial Products Corporation
c/o Swiss Re Services Limited
30 St. Mary Axe
London EC3A 8EP
United Kingdom
Tel:    +44 (0) 20 7933 4265
Fax:    +44 (0) 20 7933 6265
Attn:   Nicholas Raymond

The Transferor has waived its right, pursuant to Rule 3001(e)(2) of the Bankruptcy Rules, to receive from the Clerk of the Court notice of filing of the evidence of transfer of the Proof of Claim and its right to object to such transfer within the twenty (20) day period set forth therein. The Transferor stipulates that an order may be entered recognizing the transfer of the Claim as an unconditional transfer and the Transferee as the valid owner of the Claim.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

SWISS RE FINANCIAL PRODUCTS
CORPORATION, as Transferee

By: _____

Name: Don Seymour
Title: Director

## EXHIBIT A

### EVIDENCE OF TRANSFER OF CLAIM

**TO:   THE DEBTOR AND THE BANKRUPTCY COURT**

**Assignor:**   SR GGI Master MA, Ltd.

**Assignee:**   SWISS RE FINANCIAL PRODUCTS CORPORATION

For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of no less than $63,571.08, based on a claim arising out of a sale of certain bank debt by SR GGI Master MA, Ltd to Lehman Commercial Paper Inc. at a purchase rate of 74.5% as evidenced by a LSTA distressed trade confirmation dated as of July 1, 2008, against Lehman Commercial Paper, Inc. (the "Debtor") in the bankruptcy case In re Lehman Brothers, Inc., Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proof of claims filed by Assignor, including the attached, with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS _____ day of December, 2009.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| SR GGI Master MA LTD | SWISS RE FINANCIAL PRODUCTS CORPORATION |
| By: _____ | |
| Name:  Don Seymour | By: _____ |
| Title:  Director | Name: |
| | Title: |

## EXHIBIT A

### EVIDENCE OF TRANSFER OF CLAIM

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

**Assignor:**    SR GGI Master MA, Ltd.

**Assignee:**    SWISS RE FINANCIAL PRODUCTS CORPORATION

For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of no less than $63,571.08, based on a claim arising out of a sale of certain bank debt by SR GGI Master MA, Ltd to Lehman Commercial Paper Inc. at a purchase rate of 74.5% as evidenced by a LSTA distressed trade confirmation dated as of July 1, 2008, against Lehman Commercial Paper, Inc. (the "Debtor") in the bankruptcy case In re Lehman Brothers, Inc., Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proof of claims filed by Assignor, including the attached, with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS _____ day of December, 2009.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| SR GGI Master MA LTD | SWISS RE FINANCIAL PRODUCTS CORPORATION |
| By: _____<br>        Name:<br>        Title: | By: _____<br>        Name:<br>        Title:    ANDREAS GOCKSCH<br>                    Director<br>        Swiss Re Financial Products Corporation |

No. 0397  P. 6

Sep. 16. 2009 11:22AM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Commercial Paper Inc. | 08-13900 |

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000021308

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor): SR GGI Master MA, Ltd.
c/o Gruss Asset Management, L.P., Attn: Michael Monticciolo
667 Madison Avenue, Third Floor, New York, NY 10065
mm@gruss.com

Deborah S. Tuchman & Andrew M. Thau
Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Sq., New York, NY, 10036
212-735-3000; deborah.tuchman@skadden.com & andrew.thau@skadden.com

Telephone number: See above          Email Address: See above

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
SR GGI Master MA, Ltd.
c/o Gruss Asset Management, L.P., Attn: Michael Monticci
667 Madison Avenue, Third Floor, New York, NY 10065
Telephone number: (212) 668-1500          Email Address: mm@gruss.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ no less than $63,571.08
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** See addendum
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** N/A
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:
See addendum

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| | Don Seymour |
| | Director |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 2 1 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.)

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------- x
                                  :

In re                              :    Chapter 11
                                  :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    Case No. 08-13555 (JMP)
                                  :

               Debtors.       :    (Jointly Administered)
                                  :
--------------------------------------------------------------------- x

**ADDENDUM TO PROOF OF CLAIM OF
SR GGI MASTER MA, LTD.**

SR GGI Master MA, Ltd. (the "Claimant") hereby asserts claims (the "Claims") against Lehman Commercial Paper Inc. ("LCPI"), a debtor and debtor-in-possession in the above-captioned bankruptcy cases, as set forth in the attached official proof of claim form, this addendum and the exhibits hereto (collectively, the "Proof of Claim").

**Background**

1.    On September 15, 2008 (the "LBHI Petition Date"), Lehman Brothers Holdings Inc. and certain of its affiliates filed voluntary petitions under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

2.    On October 5, 2008 (together with the LBHI Petition Date, the "Petition Date"), LCPI and certain other affiliates of LBHI filed voluntary petitions under chapter 11 of the Bankruptcy Code.

3.    The bankruptcy cases of LBHI, LCPI and their affiliated debtors and debtors-in-possession (collectively, the "Debtors") are jointly administered for procedural purposes under *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.).

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**Claims Not Based on Derivative Contract(s) and/or Guarantee(s)**

4.      The Claimant's Claims are not based on one or more "Derivative Contracts" and/or "Guarantees," as such terms are defined in the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order").  As such, the Bar Date Order does not require the Claimant to complete a derivative questionnaire and/or guarantee questionnaire for the Claims.

**The Transactions**

5.      The Claimant's claims arise out of its sale of certain bank debt to LCPI.  This transaction is evidenced by the LSTA[1] Distressed Trade Confirmation dated as of July 1, 2008, by and between LCPI and the Claimant (the "LCPI Confirmation").  A copy of the LCPI Confirmation is attached hereto as **Exhibit A**.  Pursuant to the LCPI Confirmation, the Claimant agreed to sell, and LCPI agreed to buy, via an assignment, $126,300, in principal amount, of the Initial Tranche B Advance term loan made to Tribune Company (the "Bank Debt").[2]  The LCPI Confirmation provided, *inter alia*, that LCPI would pay a purchase rate of 74.5% (or $94,093.50) for the Bank Debt.

---

[1]   "LSTA" refers to the Loan Syndications and Trading Association, a trading association that has developed certain industry-standard transaction documents.

[2]   The Bank Debt is governed by that certain Credit Agreement, dated as of May 17, 2007 (the "Credit Agreement"), by and among Tribune Company; JPMorgan Chase Bank, N.A. ("JPMorgan"), as administrative agent; Merrill Lynch Capital Corporation, as syndication agent; CitiCorp North America Inc. and Bank of America, N.A. as co-documentation agents; and J.P. Morgan Securities Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, CitiGroup Global Markets Inc. and Banc of America Securities LLC, as Joint Lead Arrangers and Joint Bookrunners.

810675.06-New York Server 2A                                              MSW - Draft September 17, 2009 - 10:03 PM

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

6.    In accordance with the LCPI Confirmation, the parties worked in good faith toward settling the transfer of the Bank Debt. The LBHI Petition Date, however, interrupted efforts to settle the transfer of the Bank Debt.

7.    After the LBHI Petition Date, the Claimant was in active discussions with the Debtors pursuing, *inter alia*, settling the transfer of the Bank Debt. As part of its active efforts to settle the transfer of the Bank Debt, the Claimant corresponded with the Debtors on the status of the trades and had multiple discussions with the Debtors, as it was attempting to settle the transfer of the Bank Debt. Even after LCPI filed bankruptcy, the Claimant's discussions with the Debtors regarding the transfer of the Bank Debt and other matters continued. The Debtors continued to inform the Claimant that they wished to settle the transfer of the Bank Debt.

8.    While such discussions continued, the Claimant could not sell the Bank Debt to an alternate buyer – or it would face the possibility of being in breach of the LCPI Confirmation if LCPI became able to settle the transfer or, at the very least, bearing the market risk for further changes in the value of the Bank Debt in the event that LCPI sought to settle.[3] Notably, the Debtors' bankruptcy cases caused the leveraged credit markets to seize up and the value of the Bank Debt declined significantly during this period while the Claimant pursued negotiations with LCPI, and tried various means to settle the Bank Debt transfer with LCPI.

9.    On November 14, 2008, LCPI filed a *Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations* (the "Motion"). In the Motion, LCPI asked for the Court's permission, among

---

[3]    Generally, if an unsettled bank loan trade moves unfavorably prior to settlement, the Claimant would consider eliminating the risk of changes in the bank loan's market value by entering into one or more offsetting transactions. Even though the first trade remains unsettled, the Claimant can enter into the offsetting trade(s) because it is confident the first trade will settle according to its terms. In contrast, the Claimant couldn't reduce or eliminate market risk on the trade of the Bank Debt with LCPI because the Claimant could not ascertain whether LCPI would assume or reject the LCPI Confirmation.

3

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

other things, to reject the LCPI Confirmation.  On December 16, 2008, the Court issued an order

(the "Order") approving the Motion and the rejection of the LCPI Confirmation.  As of the date

on which the Order was entered, the Bank Debt quoted at a price of 24.1666% of the principal

amount.[4] This valuation is based upon dealer quotes.[5]

**The Claims**

10.      The Claimant has Claims against LCPI for the sum of $63,571.08 for damages

resulting from LCPI's failure to perform under the LCPI Confirmation.  Under the LCPI

Confirmation, LCPI committed to purchase the Bank Debt, for $94,093.50, but due to LCPI's

rejection of the agreement and failure to perform, the Claimant was left with Bank Debt that had

a value of only 24.1666% of its principal amount.  LCPI's contracted purchase price of

$94,093.50 *minus* $30,522.42, which represents the Bank Debt valued at 24.1666% of its

principal amount equals $63,571.08.

11.      Except as otherwise set forth in this Proof of Claim, the Claims are filed as

general unsecured claims without prejudice to any and all rights of the Claimant to assert that the

Claims, or any portion thereof, are secured or entitled to administrative expense priority under

Bankruptcy Code Sections 503 and/or 507.

12.      Upon information and belief, no judgment has been rendered on the Claims.

13.      The amount of all payments on the Claims has been credited and deducted for the

purpose of making this Proof of Claim.

---

[4]    The value of the Bank Debt had changed significantly from the date of the LCPI Confirmation because, *inter alia*, on December 8, 2008, Tribune Company and certain affiliates commenced chapter 11 bankruptcy cases in the District of Delaware. *See generally In re Tribune Co., et al.*, Case No. 08-13141 (KJC) (Bankr. D. Del. filed Dec. 8, 2008).

[5]    24.1666% is the mean price on the Initial Term Loan B based on available dealer quotes.

4

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

14.     Upon information and belief, no portion of the Claims is subject to any setoffs, defenses or counterclaims by the Debtors, except as otherwise described herein. To the extent that the Debtors take any action that would give rise to a right of setoff or recoupment, a counterclaim or other rights or claims in favor of the Claimant against the Debtors, the Claimant reserves all of its respective rights.

**Reservations of Rights**

15.     The Claimant reserves the right to: (a) amend, update, or supplement this Proof of Claim (including, without limitation, to add additional amounts due and owing) at any time and in any respect; (b) file additional proofs of claim; and (c) file a request for payment of administrative or priority expenses in accordance with Bankruptcy Code sections 503 and 507.

16.     By filing this Proof of Claim, the Claimant: (a) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim; (b) does not waive (and expressly reserves) all of its procedural and substantive defenses, counterclaims and objections (including without limitation, the right of setoff, recoupment or any similar right, remedy or defense) to any objection to the Claims or any claim that may be asserted against the Claimant by the Debtors, their estates, any successor to the Debtors, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim; (c) does not waive (and expressly reserves) any right to any security held by or on behalf of the Claimant or any right of the Claimant to claim specific assets or any other claim, right, or right of action that the Claimant has or might have against the Debtors, their estates, any successor to the Debtors, or any other person, whether such claim, right, or right of action arises prior to, upon, or after the Petition Date; and (d) does not waive (and expressly

5

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

reserves) any and all other rights that the Claimant may have pursuant to applicable law or agreement.

      17.    Nothing contained in this Proof of Claim shall be deemed an admission by the Claimant. The Claimant expressly reserves the right to withdraw this Proof of Claim as if it had never been filed.

**Supporting Documentation**

      18.    The documents supporting this Proof of Claim (including valuation information) are voluminous and/or confidential and, furthermore, are summarized herein. Should one or more of the Debtors, the official committee of unsecured creditors of the Debtors, another appropriate party-in-interest or the counsel to one or more such parties so request, additional documentation supporting the Proof of Claim will be made available for review and copying.

810675.06-New York Server 2A                             MSW - Draft September 17, 2009 - 10:03 PM

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**Notices**

19.    All notices, objections or other communications relating to this Proof of Claim

should be addressed and sent to:

> Michael Monticciolo
> General Counsel and Chief Compliance Officer
> Gruss Asset Management, L.P.
> 667 Madison Avenue, Third Floor.
> New York, NY 10065
> Tel:  (212) 688-1500
> Fax:  (212) 688-2138
>
> -and-
>
> Deborah S. Tuchman
> Andrew M. Thau
> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, NY 10036
> Tel:  (212) 735-3000
> Fax:  (212) 735-2000
> E-mail:  deborah.tuchman@skadden.com
>                andrew.thau@skadden.com

810675.06-New York Server 2A                                              MSW - Draft September 17, 2009 - 10:03 PM

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**EXHIBIT A**

**LCPI CONFIRMATION**

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**LSTA**                                                                     DECEMBER 2006

# LEHMAN COMMERCIAL PAPER INC

### LSTA DISTRESSED TRADE CONFIRMATION

To:  SR GGI Master MA, Ltd.          *Michael Monticciolo*
     Contact:  ~~Urban Englert, III~~
     Tel No.:  212-446-4278
     Fax No.:  212-350-9724          *G88-1500 x351*
     Email:    ua@gruss.com    *X8*
                *mm*

From:  Lehman Commercial Paper Inc.
     Contact:  Martha Martinez              Confirms:  Jenna Yoo
     Tel No.:  212-526-4220                 Tel. No.:  212-526-2081
     Fax No.:  646-758-4983                 Fax No.:   646-834-1847
     Email:    marthmar@lehman.com          Email:     jenna.yoo@lehman.com

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Distressed Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc. (the "LSTA") as of December 1, 2006,[1] which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| Trade Date: | July 1, 2008 |
| Seller: | SR GGI Master MA, Ltd.[2] ☒ Principal[3] ☐ Agent |
| Buyer: | Lehman Commercial Paper Inc.[4] ☒ Principal[3] ☐ Agent *dated* |
| Credit Agreement: | ~~This~~ CREDIT AGREEMENT ("Agreement") ~~is entered into~~ as of May 17, *thereto* 2007 among TRIBUNE COMPANY, a Delaware corporation ("Tribune" or "Borrower"), each lender from time to time party ~~hereto~~ (collectively, the "Lenders") and individually, a "Lender"), JPMORGAN CHASE BANK, N.A., as administrative agent (the "Agent"), MERRILL LYNCH CAPITAL CORPORATION, as syndication agent (in such capacity, the "Syndication Agent"), and CITICORP NORTH AMERICA, INC. and BANK OF AMERICA, N.A., as co-documentation agents (in such capacity, the "Documentation Agents"), J.P. MORGAN SECURITIES INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, CITIGROUP GLOBAL MARKETS INC. and BANC OF AMERICA SECURITIES LLC (collectively, the "Lead Arrangers") ~~will~~ ~~act as Joint Lead Arrangers and Joint Bookrunners.~~ |

---

[1] The Standard Terms and Conditions are available on the LSTA website at http://www.lsta.org.

[2] Designate specific funds, if any, and allocations within T+1 (this may be done on separate trade confirmations); identify ERISA counterparties.

[3] If Seller or Buyer is acting as a Riskless Principal, specify this in the "Trade Specific Other Terms of Trade" section below. (See Sections 11 and 19 of the Standard Terms and Conditions.) It is not necessary to identify the third party with respect to a Riskless Principal.

[4] Designate specific funds, if any, and allocations within T+1 (this may be done on separate trade confirmations); identify ERISA counterparties.

LSTA EFFECTIVE DECEMBER 2006 Copyright © LSTA 2006. All rights reserved.

2.

| | |
|---|---|
| Borrower: | TRIBUNE COMPANY[5] |
| Form of Purchase: | If no election is made, "Assignment" applies.<br>☒ Assignment<br>☐ Participation<br>☐ Other: _____ |

Purchase Amount/
Type of Debt:

| Purchase Amount[6] | Type of Debt[7] | Facility[8] | CUSIP Number |
|---|---|---|---|
| $126,300.00 | Initial Term Loan | Initial TL B | N/A |

*Initial Tranche B Advance*

| | |
|---|---|
| Purchase Rate: | 74.500% |
| Accrued Interest: | ☒ Settled Without Accrued Interest<br>☐ Trades Flat |
| Credit Documentation to be provided by Seller: | ☐ Yes (only applicable if Buyer was not a lender on Trade Date and made its request on or prior to Trade Date)<br>☒ No |
| LSTA Standard Other Terms of Trade: | ☐ This Transaction shall be subject to the successful completion of the purchase by Seller of the Purchase Amount of the Debt to be sold to Buyer hereunder<br>☐ This Transaction shall be subject to the successful completion of the sale by Buyer of the Purchase Amount of the Debt to be purchased from Seller hereunder<br>☐ Flip representations shall apply (election is applicable only if Seller is a Riskless Principal (i.e., the first box above has been checked), the settlement of the sale of the Purchase Amount of the Debt to Buyer from Seller occurs no later than one (1) business day after the settlement of the purchase of the Purchase Amount of the Debt by Seller from Seller's immediate prior seller(s) and the other criteria specified in Section 11 of the Standard Terms and Conditions are met) |
| Trade Specific Other Terms of Trade: | ☒ Specify Other Terms:<br>Unless otherwise specified herein, Lehman Commercial Paper Inc. shall not be required to pay (in the aggregate) more than one half of one Agent transfer fee for transactions specified in this or any other confirmation allocated by an investment manager or advisor to multiple |

[5] If multiple borrowers, specify the entity that is named as the first borrower under the Credit Agreement.

[6] Specify amount of Debt to be transferred or, in the case of Debt subject to further funding obligations (as in revolving credit or letter of credit facilities), specify amount of total exposure to be transferred, both funded and unfunded.

[7] Specify whether the type of Debt is term, revolving, letter of credit (if stand-alone), claim amount or other.

[8] Specify Credit Agreement designation of the facility (e.g., tranche). Specify multicurrency component, if any.

3

funds or accounts [9]

Subject to:          Negotiation, execution and delivery of reasonably acceptable contracts
                     and instruments of transfer in accordance herewith, to be prepared by Buyer.

Please provide the signature of a duly authorized signatory where indicated below and return this letter to
the attention of *Jenna Yoo* at the following fax number(s) or e-mail address(es):
jenna..yoo@lehman.com.

If you have any questions, please contact *Jenna Yoo* at *212-526-7598*.

LEHMAN COMMERCIAL PAPER INC.                      SR GGI MASTER MA LTD

By:_____                By: Gruss Asset Management, L.P., its Sub-Advisor
MARTHA G. MARTINEZ                      By: Gruss Co., LLC, its General Partner
Name: AUTHORIZED SIGNATORY              By: Michael Monticciolo, Manager

Title:_____

Date:_____

_____

[9] Set forth any other terms of this Transaction; include in this Section a specific reference to each term, if any, in this
Confirmation (including the Standard Terms and Conditions) that has been modified in any manner whatsoever from
the form of LSTA Distressed Trade Confirmation and/or the LSTA Standard Terms and Conditions for Distressed
Trade Confirmations; if more space is needed, attach additional pages.

**H
A
N
D

D
E
L
I
V
E
R
Y**

FILED / RECEIVED

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

N. Roman
RECEIVED BY:

DATE

11:39
TIME