UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
: 
In re                                                          : Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   : 08-13555 (JMP)
                                                               :
    Debtors.                                               : Jointly Administered
                                                               :
---------------------------------------------------------------- x

STIPULATION OF FACTS WITH RESPECT TO
LBHI'S MOTION, PURSUANT TO SECTION 542(B) OF THE
BANKRUPTCY CODE, FOR ENTRY OF AN ORDER DIRECTING
ZAO CITIBANK (RUSSIA) TO TURN OVER POSTPETITION RECEIPTS

WHEREAS, commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

WHEREAS, the Debtors are authorized to maintain their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on November 3, 2009, LBHI filed its *Motion, Pursuant to Section 542(B) of the Bankruptcy Code, for Entry of an Order Directing ZAO Citibank (Russia) to Turn Over Postpetition Receipts* [Docket No. 5703] (the "Motion");

WHEREAS LBHI and ZAO Citibank (Russia) ("ZAO") have stipulated certain facts that may be submitted into evidence and considered in connection with the Motion.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:

1.    Prior to and since the Commencement Date, LBHI has maintained an account with ZAO (Account No. 0501370001 (the "Account")).  The Account is in the name of LBHI.  The Account is denominated in Russian ruble ("RUB").  On the Commencement Date, the Account was overdrawn by RUB 114,995,982.12.

2.    On September 12, 2008, an instruction was initiated to transfer RUB 135,000,000.00 in one wire transfer (the "Transfer") to LBHI's Account with ZAO.  On September 15, 2008, after 1:45 a.m. (EST), the time of the commencement of LBHI's chapter 11 case, the Transfer was credited to the Account.  Consistent with ZAO's customary procedures, ZAO automatically applied a portion of the Transfer to cover the RUB 114,995,982.12 overdraft, which ZAO believes was required under Russian law.

3.    Since September 15, 2008, an additional RUB 270,707.22 has been transferred into the Account, for a postpetition receipt total of RUB 135,270,707.22.

4.    On April 15, 2009, the Court "So-Ordered" a *Stipulation and Order Authorizing (1) Turnover of Postpetition Deposits with Citibank, and (2) Indemnification of Citibank in Respect of Any Third Party Claims Arising From the Turnover of Postpetition Deposits* (the "Stipulation and Order") [Docket No. 3373], among the Debtors and Citigroup Inc. and its respective affiliates and subsidiaries (collectively, "Citibank").  ZAO is an indirect wholly-owned subsidiary of Citigroup Inc.

5.    As a U.S. bankruptcy law matter, the postpetition receipts are undisputed, and matured, payable to LBHI on demand, or payable to LBHI on order.  Generally, pursuant to the terms of the Stipulation and Order, the Debtors and Citibank agreed to cooperate with each other to turn over to the Debtors postpetition receipts that are deposited into the Debtors' bank accounts throughout the world.  The turnover of funds is subject to Citibank's reservation of

2

rights to assert, and the Debtors reservation of rights to contest, *inter alia*, claims of setoff, administrative expense priority, and adequate protection.

6. Pursuant to paragraph 9 of the Stipulation and Order, Citibank has consented to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Order.

7. On September 22, 2009, ZAO filed a proof of claim against LBHI (claim number 29636) asserting, among other things, a contingent claim for the RUB 114,995,982.12 overdraft existing in the Account on the Commencement Date.

8. ZAO has received due and proper notice of the Motion.

9. LBHI and ZAO agree that the foregoing are undisputed facts that may be considered by the Court as facts in evidence in connection with the Motion.

Dated:  New York, New York
        December 7, 2009

By: /s/ Stephen J. Shimshak
Stephen J. Shimshak
(sshimshak@paulweiss.com)
Douglas R. Davis
(ddavis@paulweiss.com)
Claudia L. Hammerman
(chammerman@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Citigroup, Inc. and its Respective Affiliates and Subsidiaries, including, without limitation, Citibank, N.A.*

By: /s/ Lori R. Fife
Lori R. Fife
(lori.fife@weil.com)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings, Inc. and its Affiliated Debtors and Debtors-in-Possession*