**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO: D. E. Shaw Dihedral Portfolios, L.L.C. ("Transferor")
120 West 45th Street, 39th Floor
New York, NY 10036
Tel: 212-478-0000

2. Please take notice that the transfer of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 21832 (attached as Exhibit A hereto), has been transferred to:

D. E. Shaw Composite Portfolios, L.L.C. ("Transferee")
120 West 45th Street, 39th Floor
New York, NY 10036
Tel: 212-478-0000

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the claim should be sent to the Transferee as provided in Exhibit C hereto.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ________ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _________, 2009.

INTERNAL CONTROL NO.________

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

______________________
Deputy Clerk

**EXHIBIT A**

[Proof of Claim]

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000021832

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held **Lehman Brothers Holdings Inc.** | Case No. of Debtor **08-13555** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

**D. E. Shaw Dihedral Portfolios, L.L.C.**

**See attachment for addresses.**

Telephone number: Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:________ (If known)

Filed on: ________

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed: $ See Attachment**
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☒ Check this box if all or part of your claim is based on a Derivative Contract.*

☒ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** **See attachment.**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**________
**3a. Debtor may have scheduled account as:** ________
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:________
Value of Property: $________ Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $________ Basis for perfection: ________
**Amount of Secured Claim: $**________ **Amount Unsecured: $**________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$________

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**________
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FILED / RECEIVED
FOR COURT USE ONLY
SEP 2 1 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

**Date:** September 17, 2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**D. E. Shaw Dihedral Portfolios, L.L.C.**

By: [signature]
Name: Brandon Baer
Title: Authorized Signatory

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**

YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:** State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:** State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**

Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**

If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**

State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**

Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**

The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**

A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150-5076**

**Secured Claim Under 11 U.S.C. §506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**

Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**

A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**

A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**

Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## INFORMATION

**Acknowledgment of Filing of Claim**

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehmandocket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Attachment to**
**Proof of Claim of**
**D. E. Shaw Dihedral Portfolios, L.L.C.**

This proof of claim is made by D. E. Shaw Dihedral Portfolios, L.L.C. ("Dihedral" or "Claimant"), which maintains an office at 120 West 45th Street, 39th Floor, New York, NY 10036, against Lehman Brothers Holdings Inc. ("LBHI"). This attachment is incorporated into the proof of claim form to which it is attached.

**Basis of Claims**

Pursuant to a notice of early termination dated September 15, 2008, Dihedral notified Lehman Brothers Special Financing Inc. ("LBSF") that (i) an Event of Default with respect to LBSF under Section 5(a)(vii) of the ISDA Master Agreement dated as of July 21, 2003 between Dihedral and LBSF (as amended, modified and supplemented, the "Master Agreement") had occurred and was then continuing and (ii) accordingly, Dihedral designated September 15, 2008 as the Early Termination Date (as defined in the Master Agreement) in respect of all outstanding Transactions (as defined in the Master Agreement) pursuant to Section 6(a) of the Master Agreement. As set forth in the statement dated December 16, 2008 sent by Dihedral to LBSF pursuant to Section 6(d)(i) of the Master Agreement (the "Calculation Statement"), Dihedral determined that LBSF owes Dihedral $130,779,485.21 in respect of all Transactions under the Master Agreement (the "Early Termination Amount"). Dihedral asserts an unsecured claim against LBSF for an aggregate principal amount of no less than $130,779,485.21.

Under Section 6(d)(ii) of the Master Agreement, Dihedral is entitled to interest on its claim. Under Section 11 of the Master Agreement, Dihedral is also entitled to indemnification of its costs and expenses, including, without limitation, legal fees and expenses and other costs of collection, by reason of the enforcement or protection of its rights under the

Master Agreement. Because such amounts continue to accrue, the precise amount of such interest and costs and expenses cannot be calculated at this time.

LBHI is liable as the guarantor of the payment obligations of LBSF. These guarantee liabilities arise under the guarantee documents set forth on Exhibit A (each a "Guarantee Document" and collectively, the "Guarantee Documents"). Pursuant to the Guarantee Documents, LBHI fully guaranteed to Claimant, *inter alia*, the payment of all liabilities, obligations, and commitments of LBSF, including those arising under the Master Agreement.

LBSF has failed to pay to Dihedral any of the foregoing amounts due and owing to Dihedral. Dihedral hereby asserts its rights: (a) to be paid the Early Termination Amount, plus interest, under the Master Agreement by LBHI as guarantor of the obligations of LBSF; (b) to reimbursement by LBHI of all costs and expenses (including attorneys' fees) incurred by Dihedral; and (c) to payment by LBHI of any other amounts owing to Dihedral under the Guarantee Documents. The aggregate amount of Dihedral's claims against LBHI is in part contingent, unliquidated, and not currently subject to determination, but is in any case no less than $130,779,485.21.

In accordance with the order establishing the deadline for filing proofs of claim against the Debtors dated July 2, 2009 (the "Bar Date Order"), additional information and documentation supporting this claim will be uploaded on the website created for the completion of the Derivative Questionnaire and the Guarantee Questionnaire (as defined in the Bar Date Order) and has not been attached to this claim.

**Additional Reservation of Rights**

Claimant reserves the right to withdraw, amend, clarify, modify, or supplement this proof of claim, to assert additional claims of whatever kind or nature (including, without limitation, additional administrative expense claims, secured claims, and/or general unsecured claims for (i) attorneys' fees, (ii) costs, expenses, fees, and other charges, and (iii) accrued interest) and/or additional grounds for its claims. Claimant also reserves all rights accruing to it against LBHI, and the filing of this proof of claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Claimant. In addition, Claimant reserves the right to supplement this proof of claim with relevant documents to the extent necessary. Additionally, Claimant reserves all rights and remedies against affiliates of LBHI or any other third parties. Furthermore, Claimant reserves the right to withdraw this proof of claim for any reason whatsoever.

This proof of claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs, or recoupments to which claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, and recoupments Claimant expressly reserves. To the extent that LBHI or its affiliates has made or makes any claims against Claimant or its affiliates, Claimant reserves all its setoff rights, including contractual setoff rights, such that all or part of Claimant's claim may be secured to the extent of such setoff rights.

This proof of claim is in addition to, and does not supersede, any other proof of claim filed or to be filed by Claimant or any of its affiliates against LBHI or LBHI's affiliates.

[This space is intentionally left blank.]

**Notices**

Any notices in connection with this proof of claim should be sent to:

D. E. Shaw Dihedral Portfolios, L.L.C.
120 West 45th Street, 39th Floor
New York, NY 10036
Attn.: General Counsel

-and-

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn.: Thomas J. Moloney, Esq.

**Signed:**

D. E. Shaw Dihedral Portfolios, L.L.C.

By: ______________________
Name: Brandon Baer
Title: Authorized Signatory

**Exhibit A**

| No. | Guarantee Document | Date |
|---|---|---|
| 1. | Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. | June 9, 2005 |
| 2. | Guarantee of Lehman Brothers Holdings Inc. | June 26, 2008 |

**EXHIBIT B**

EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, D. E. Shaw Dihedral Portfolios, L.L.C. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to D. E. Shaw Composite Portfolios, L.L.C. (the "Purchaser") 100% of all its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its Proof of Claim Number 21832 ("Claim") filed against Lehman Brothers Holdings, Inc. (the "Debtor"), the debtor in Case No. 08-13555 ("Case") pending in the United States Bankruptcy Court for the Southern District of New York (the "Court") in the aggregate amount of no less than $26,354,416.03.

Seller hereby waives any objection to the transfer of the Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Claim, recognizing Purchaser as the sole owner and holder of the Claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to the Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 27th day of October, 2009.

D. E. Shaw Dihedral Portfolios, L.L.C.

By:________________________
Name: Max Stone
Title: Authorized Signatory

120 West 45th Street, 39th Floor
New York, NY 10036

D. E. Shaw Composite Portfolios, L.L.C.

By:________________________
Name: Max Stone
Title: Authorized Signatory

120 West 45th Street, 39th Floor
New York, NY 10036

**EXHIBIT C**

Please send all notices and payments on account of this claim to:

D. E. Shaw Composite Portfolios, L.L.C.
120 West 45th Street, 39th Floor
New York, NY 10036
Attn: General Counsel

With a copy to:

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn.: Thomas J. Moloney, Esq.