**Hearing Date: December 16, 2009 at 10:00 a.m. (prevailing Eastern time)**

Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :   08-13555 (JMP)
                                                                   :
               Debtors.                                            :   (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
DEBTORS' OBJECTION TO THE MOTION BY MERRILL LYNCH
INTERNATIONAL AND CERTAIN OF ITS AFFILIATES FOR ENTRY OF AN
ORDER (A) CONFIRMING ABILITY TO DELIVER NOTICE OF ACCELERATION
WITH RESPECT TO CERTAIN NOTES ISSUED BY FOREIGN AFFILIATE
WITHOUT RELIEF FROM THE AUTOMATIC STAY OR (B) GRANTING LIMITED
RELIEF FROM THE AUTOMATIC STAY TO DELIVER SUCH NOTICE**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated chapter 11 debtors in possession (collectively,

the "Debtors") hereby joins (the "Joinder") in the Debtors' Objection, filed on December 11,

2009 (Docket No. 6121, the "Objection"), to the Motion Of Merrill Lynch International

("Merrill") And Certain Of Its Affiliates For Entry Of An Order (A) Confirming Ability To

Deliver Notice Of Acceleration With Respect To Certain Notes Issued By Foreign Affiliate

Without Relief From The Automatic Stay Or (B) Granting Limited Relief From The Automatic

Stay To Deliver Such Notice, filed on November 25, 2009 (Docket No. 5958, the "<u>Motion</u>"),[1] and in support thereof, respectfully states as follows:

## JOINDER

1.     The Committee joins in the Debtors' opposition to the Motion for all the reasons set forth in the Objection, including, without limitation, on the grounds that: (i) noteholders are prohibited from accelerating their notes post-petition without first obtaining relief from the automatic stay upon a showing of cause therefor; (ii) Merrill has not met its burden of demonstrating cause for relief from the automatic stay with respect to the LBT Notes it currently holds; and (iii) Merrill lacks standing to obtain preemptive relief from the automatic stay with respect to those LBT Notes it may acquire in the future.

2.     The Motion confuses the important "distinction between acceleration of a debt upon the filing of the bankruptcy petition for the purpose of the filing of a proof of claim in a case, and acceleration for the purpose of taking actions against a debtor in violation of the automatic stay." <u>In re PCH Assocs.</u>, 122 B.R. 181, 198 (Bankr. S.D.N.Y. 1990) (citations omitted).  While the former is permitted by the Bankruptcy Code, the latter is prohibited. <u>Id.</u>  Although section 502(b) of the Bankruptcy Code permits a noteholder to file a claim against a debtor as if its notes were due on the petition date, section 362 of the Bankruptcy Code prohibits a noteholder from accelerating its notes post-petition. <u>Id.</u>  This distinction is particularly apt where, as here, a noteholder seeks to accelerate notes so as to **create** higher claims against a debtor.  <u>See</u>, <u>e.g.</u>, <u>In re Texaco Inc.</u>, 73 B.R. 960, 961-69 (Bankr. S.D.N.Y. 1987) (denying noteholder's motion for relief from the automatic stay to lock in higher interest rates by delivering notices of acceleration to debtor issuer and debtor guarantor of its notes).

---

[1]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection and Motion, as applicable.

3. Merrill seeks authority to accelerate certain LBT Notes so as to lock in Early Redemption Amounts against both LBT (as issuer) and LBHI (as guarantor). However, Merrill must demonstrate cause for relief from the automatic stay before it may deliver notices of acceleration to LBHI. See In re Solutia Inc., 379 B.R. 473, 484 (Bankr. S.D.N.Y. 2007) ("[T]he giving of a notice of acceleration post-petition would violate the automatic stay."); In re PCH Assocs., 122 B.R. at 198 ("A post-filing acceleration of the Note, would clearly have violated the automatic stay."). As set forth in the Objection, Merrill has not met its burden with respect to the LBT notes it currently holds, and cannot, now, meet that burden with respect to those LBT Notes it may acquire at some point in the future.

## CONCLUSION

WHEREFORE, for all the reasons set forth herein and in the Objection, the Committee respectfully requests that the Court (i) deny the Motion, and (ii) grant the Committee such other relief as is just.

Dated: New York, New York
December 11, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Dennis C. O'Donnell
Evan R. Fleck
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

3