Objection Deadline: December 20, 2009 at 12:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: January 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)

**LOVELLS LLP**
Christopher R. Donoho, III, Esq.
590 Madison Avenue
New York, NY 10022
Telephone: (212) 909-0600
Facsimile: (212) 909-0660
Email: chris.donoho@lovells.com

*Attorney for Sea Port Group Securities, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | **(Jointly Administered)** |
| **Debtors.** | |

**NOTICE OF HEARING ON JOINT MOTION OF**
**SEA PORT GROUP SECURITIES, LLC AND BERNER KANTONALBANK**
**TO DEEM PROOFS OF CLAIM TO BE TIMELY FILED**
**BY THE SECURITIES PROGRAMS BAR DATE**

PLEASE TAKE NOTICE that the hearing on the annexed motion ("Motion") of Sea Port

Group Securities, LLC ("Seaport") and Berner KantonalBank ("BEKB") for entry of an order

deeming claims with respect to three Lehman Brothers Treasury Co. B.V. notes to be timely filed

by the Securities Programs Bar Date, as more fully described in the Motion, will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, in Room 601 of the United States

Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One

Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **January 13, 2009 at**

**10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must be in

writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the

Bankruptcy Court and shall be filed with the Bankruptcy Court electronically by registered users

of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing

System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, in either case, with two hard copies delivered directly to the Chambers of the Honorable James M. Peck, U.S.B.J., United States Bankruptcy Court, One Bowling Green, Courtroom 601, New York, New York 10004; and shall be served upon: (i) counsel to the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iii) counsel for the Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., Evan Fleck, Esq.); (iv) counsel to Sea Port Group Securities, LLC, Lovells LLP, 590 Madison Avenue, New York, New York 10022 (Attn: Christopher Donoho, Esq.) so as to be received no later than **December 20, 2009 at 12:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections that have been filed and served by the Objection Deadline in accordance with the procedures herein may be considered by the Bankruptcy Court at the Hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court may grant the relief requested in the Motion without a hearing if no objections to the Motion are timely filed and served.

Dated: December 11, 2009
New York, New York

**LOVELLS LLP**

By: /s/ Christopher R. Donoho III
     Christopher R. Donoho, III, Esq.
     590 Madison Avenue
     New York, NY 10022
     Telephone: (212) 909-0600
     Facsimile: (212) 909-0660
     Email: chris.donoho@lovells.com

*Attorney for Sea Port Group Securities, LLC*

**Objection Deadline: December 20, 2009 at 12:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: January 13, 2009 at 10:00 a.m. (Prevailing Eastern Time)**

**LOVELLS LLP**
Christopher R. Donoho, III, Esq.
590 Madison Avenue
New York, NY 10022
Telephone: (212) 909-0600
Facsimile: (212) 909-0660
Email: chris.donoho@lovells.com

*Attorney for Sea Port Group Securities, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | **(Jointly Administered)** |
| **Debtors.** | |

**JOINT MOTION OF**
**SEA PORT GROUP SECURITIES, LLC AND BERNER KANTONALBANK**
**TO DEEM PROOFS OF CLAIM TO BE TIMELY FILED**
**BY THE SECURITIES PROGRAMS BAR DATE**

Sea Port Group Securities, LLC ("Seaport" or the "Buyer") and Berner Kantonalbank ("BEKB" or the "Seller" and together with Seaport, the "Movants") hereby move this Court (the "Motion") for the entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to Federal Rule of Bankruptcy Procedure 9006(b) deeming as timely filed three proofs of claim against Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor"). In support of the Motion, the Movants respectfully state as follows:

**PRELIMINARY STATEMENT**

1. This Motion stems from a mistake arising out of an attempted sale of three series of Lehman Brothers Treasury Co. B.V. notes ("BV Notes") by a Swiss seller, BEKB, to a United States buyer, Seaport, which has yet to close as of this date. This Motion seeks to have the proofs

of claim related to three BV Notes deemed timely filed, notwithstanding the fact that the bar date for such Lehman Programs Securities passed on November 2, 2009. The confusion between Buyer and Seller that led to the missed bar date started when BEKB sold 11 BV Notes to Seaport at one time, as set forth on two separate PDF spreadsheet pages: eight notes were listed on page one, three notes were listed on page two. The eight notes listed on page one timely settled. But the three notes on page two, the subject of this Motion, were unfortunately lost in the trading shuffle, forgotten by both the Buyer and the Seller until after the November 2 bar date. How could this happen? Because the trades were listed on separate pages, an individual who works on the Buyer's trading desk overlooked page two of the spreadsheet. Consequently, this person never advised Seaport's back office of the existence of page two of that spreadsheet and Seaport's back office then confirmed with the Seller's trader only those trades that appeared on page one. While the Seller treated all 11 of the BV Notes as sold, the Buyer's back office staff did not know that the Buyer's trading desk personnel had agreed to acquire the "missing" three BV Notes. Moreover, the Buyer did not obtain title to these three BV Notes and could not have filed proofs of claim on its own in any event. The result is proofs of claim that require the Court's intervention to deem them timely filed.

2. By this Motion, the Movants request the Court to remedy the mistakes made by both Seaport and BEKB and deem the proofs of claim to be timely filed because (i) the late filing would cause no material prejudice to the Debtor, (ii) the length of delay and impact on the proceedings are both negligible, (iii) the delay was caused by a mutual and understandable misunderstanding between Seaport and BEKB, and (iv) both Seaport and BEKB have acted in good faith.

## JURISDICTION

3. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this

2

Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The Motion is made pursuant § 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9006(b)(1) and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### The Buyer

4. Seaport provides investment banking, research and analysis, and institutional sales and trading services. In addition, it deals in securities, including equities, bonds, bank debt, trade claims, and private holdings in the public and private markets, as well as focuses on securities of companies that are distressed or have undergone a restructuring. See Declaration of Jonathan Silverman ("Seaport Decl.") ¶ 3, attached hereto as Exhibit B.

### The Seller

5. BEKB is primarily a regional bank that provides commercial banking and financial services in Switzerland. It principally offers mortgage financing, acceptance of asset management, customer deposits, and property advisory services. The company also provides personal banking, corporate banking, private banking, online banking, stock exchange dealings, financing, asset management, investment and financial advisory services.

### The Single Purchase Was On A Two-Page Spreadsheet

6. On September 4, 2009, BEKB trader Andreas Josi confirmed a Seaport purchase of an 11 note portfolio from BEKB issued by Lehman Brothers Treasury Co. B.V. ("LBTCBV") and guaranteed by Lehman Brothers Holdings Inc. ("LBHI"). See Seaport Delc. ¶ 4. Andreas Josi in the related correspondence confirmed a settlement date of September 11, 2009 for the purchase and sent Bill Wong and Jay Sommer, two of the Seaport employees who were involved in the transaction, a trade list setting forth the 11 notes on a two-page spreadsheet. See id.

7. The spreadsheet listed eight notes on page one (the "Page One Trades") and three notes on page two (the "Page Two Trades"). This two-page spreadsheet is attached in the form that Andreas sent to Bill Wong. See Seaport Decl. Exhibit 2. Bill Wong then forwarded the spreadsheet to the trader (Mr. Wong acted here as the "salesman.") Unfortunately, when the confirmed trade was communicated by the Seaport trader to Seaport's back office, he only transmitted the Page One Trades. See id. ¶ 5.

### A Mistake Overlooked By Both Sides

8. Four days later, on September 8, 2009, Debra Maldonado, Seaport's Senior Operations Specialist in its back office, contacted Andreas Josi via email to re-confirm the settlement of the September 4 purchase of the BV Notes. See id. ¶ 6 [and schedule settlement]. In her correspondence, Maldonado listed only the Page One Trades. See id. Andreas Josi failed to notice that the Page Two Trades were missing, and responded to Maldonado confirming that the Page One Trades would settle on September 9, 2009. See id. Although both the Buyer and the Seller believed they proceeded according to the terms of the September 4 purchase, they did not as the Page Two Trades were mutually ignored.

9. The Page One Trades settled as anticipated on or about September 11, 2009, except for security ISIN XS0257101856 due to an issue with the currency exchange. The Page Two Trades, still forgotten, failed to settle as initially contemplated. See id. ¶ 7.

### The Moment of Realization

10.    On September 30, 2009, the currency issue causing the delay in closing for ISIN XS0257101856 was finally resolved and the security was then about to settle. In the settling confirmation correspondence from BEKB's settling department to Seaport's back office, the issue of the Page Two Trades was first noted. See id. ¶ 8. BEKB's Settlement Department wrote to Aaron Lewis of Seaport's back office, "We urgently need your instructions for the successive trades" and listed the Page Two Trades. See id. Mr. Lewis responded that Seaport did not

4

recognize the trades ("DK" in the parlance) and instructed the BEKB Settlement Department to have Andreas Josi contact the Seaport traders involved in September 4 purchase. See id.

11. No Seaport trader was copied on the correspondence. In fact, the Seaport traders involved in the September 4 purchase had no knowledge of the failure of the Page Two Trades to settle until November 5, 2009, three days after the Lehman Programs Securities bar date. See id. ¶ 9.

12. On November 5, 2009 Andreas Josi contacted Jay Sommer with the news that the Page Two Trades had failed to settle. That correspondence, which was also addressed to people who work in Seaport's back office as well as those who work in BEKB's settlement department, finally connected all the parties necessary to identify the failed settling of the Page Two Trades. See id. ¶ 10.

13. Seaport and BEKB thereafter began working toward finding a resolution for the unsettled trades. It took several weeks in order for the parties to understand exactly what had happened, the magnitude of the error, and the potential consequences.

14. On December 10, 2009, BEKB informed Seaport that proofs of claim for the Page Two Trades were being prepared, and will be filed as quickly as possible. See id. ¶ 12.

15. The BV Notes listed on the spreadsheet are "Lehman Programs Securities" as described in the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271]. Thus, the Debtor was fully aware of the amount and nature of the BV Notes set forth on the Page Two Trades and has undoubtedly factored their inclusion into any claim calculation.

16. In light of the circumstances described above, the Movants humbly and respectfully request that the Court grant the Motion to deem the Proofs of Claim to be timely filed.

## RELIEF REQUESTED

17.     By this Motion, the Movants seek entry of an order pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rules 9006(b)(1) deeming the Proofs of Claim to be timely filed under the principles of excusable neglect despite the fact that the Securities Programs Bar Date was November 2, 2009.  If blocking numbers are no longer being issued, the Movants additionally request that the Court deem the filings to be proper notwithstanding the lack of blocking numbers.

## BASIS FOR RELIEF

### Movants' Actions Represent Excusable Neglect And The Proofs of Claim Should Be Deemed Timely.

18.     Bankruptcy Rule 9006(b)(1) authorizes the Court in its discretion to permit the filing of an untimely proof of claim where the delay is the result of "excusable neglect."  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship., 507 U.S. 380 (1993).  In Pioneer, the Supreme Court stated that the excusable neglect standard is an "elastic concept" that "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Id. at 392, 395.  Four factors should be considered in the excusable neglect analysis:

> [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

See id. at 395.

19.     Not all of the factors need to weigh in favor of the moving party for relief to be granted.  See In re Enron, No. 01-16034 (AJG), 2003 WL 21756785, at *4 (Bankr. S.D.N.Y. July 30, 2003) ("[t]he relative weight, however, to be accorded to the factors identified in Pioneer requires recognizing that not all factors need to favor the moving party", granting the relief requested even though the court found against the movant as to the reason for the delay).  The

6

decision whether to grant the requested relief rests within the Court's discretion. See In re Enron Corp., 419 F.3d at 125 ("[T]he discretion of a bankruptcy court to allow or disallow late filed claims is well established . . . .").

20.    Specifically, in Pioneer, the Supreme Court determined that a creditor acted with excusable neglect when a creditor failed to file a timely proof of claim because, among other things, the claims bar date was disclosed only in small print on a notice of a meeting of creditors, and because the debtor was able to account for the creditor's claim in its amended plan of reorganization (i.e., the debtor was not prejudiced by the creditor's late claim). See id. at 397-98. Also, as in Pioneer, there is relatively little prejudice that could befall the Debtor if the Proofs of Claim, which are small in comparison to the large number of claims filed against LBHI and not subject to any bona fide dispute as to liability or amount, is included. Regardless, the Debtor's rights to object to the Proofs of Claim on any substantive basis are fully preserved.

A.    No Prejudice To The Debtor

21.    The first Pioneer factor heavily weighs in favor of the requested relief, as the delay in filing here could not possibly "jeopardize the success of the reorganization." See Midland Cogeneration Venture Ltd. P'Ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 130 (2d Cir. 2005) (internal citations and quotations omitted). First, the delay has been only a matter of approximately one month and LBHI has presumably only started reviewing claims based on Lehman Programs Securities if at all. Second, no disclosure statement or plan has been filed in this case. See, e.g., In re Enron, 2003 WL 2175685, at *4 (permitting filing of nine-day-late proof of claim and finding no prejudice because claims review and reconciliation process was in early stages and no plan or disclosure statement had yet been filed); In re Infiltrator Sys., Inc., 241 B.R. 278, 281-82 (Bankr. D. Conn. 1999) (permitting late-filed claim because debtor had not yet proposed plan). Third, the claim here is inconsequential in comparison to the size of the estate and the

overall claims denominator. Even to the extent that the Proofs of Claim may have an effect --

however small -- on the funds available to all creditors, the Second Circuit has found this not to be

an important factor. See In re Enron Corp., 419 F.3d at 130 ("[W]e agree with the observation that

the [Supreme] Court must have had more in mind than a simple dollar-for-dollar depletion of assets

otherwise available for timely filed claims. . . .Otherwise, virtually all late filings would be

condemned by this factor. . . .") (internal citations and quotations omitted). As there is no actual

harm by deeming the Proofs of Claim timely filed, any hypothetical harm that may be raised by the

Debtor will not rise to the level of prejudice. See In re O'Brien Envtl. Energy, 188 F.3d 116, 127

(3d Cir. 1999) ("[P]rejudice is not an imagined or hypothetical harm. . . .").

    22.    Nor would deeming the Proofs of Claim as timely filed open the floodgates

for other creditors. These facts here are unique and the relief requested is minor. All that is being

sought is for the Court to extend by approximately four weeks the deemed timely filing date for

three proofs of claim. See In re Beltrami Enters., Inc., 178 B.R. 389, 392 (Bankr. M.D. Pa. 1994)

(rejecting the floodgates argument because there was no evidence that "hordes of claimants" would

file claims). The facts here can be contrasted to those in Enron where a creditor's guarantee was

not unique as compared to thousands of potential claimants.

    B.    Length of Delay is *De Minimis*

    23.    The second Pioneer factor also heavily weighs in favor of granting the relief

sought. First, the Proofs of Claim are only late by approximately one month.

Presumably the Debtor has only just begun the claims review and reconciliation process, if at all.

Second, the delay has been *de minimis* and, as discussed above, does not in any way disrupt the

judicial administration of this case. See, e.g., In re Beltrami, 178 B.R. at 392 (Bankr. M.D. Pa.

1994) (permitting filing of a two-year late proof of claim); In re Sage-Dey, 170 B.R. at 52-53

(permitting filing of proof of claim six months after bar date); Pioneer, 507 U.S. at 398-99

08-13555-mg   Doc 6150   Filed 12/12/09   Entered 12/12/09 00:08:47   Main Document
Pg 12 of 13

(permitting filing proof of claim twenty days after the bar date); <u>In re Enron</u>, 2003 WL 21756785,

at *5 (nine-day delay did not impact debtor's judicial proceedings).

      C.    <u>Reasons For The Delay Justifiable</u>

      24.    In <u>Pioneer</u>, the Supreme Court found that excusable neglect may extend to "inadvertent delays" and that it is "not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392. The Supreme Court also stated "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." <u>Id.</u> at 388. Even if, as in <u>Pioneer</u> itself, that confusion was to some extent within the power of the moving party to resolve, this situation is exactly the kind of case in which Pioneer offers the opportunity for relief. <u>Id.</u> at 389-99.

      D.    <u>The Movants Have Acted In Good Faith</u>

      25.    The circumstances of this filing demonstrate that the Movants have acted in good faith. Both Seaport and BEKB certainly intended and planned in utmost good faith to file all of their respective claims in a timely fashion, as evidenced by previous filings in the LBHI case. Each have also endeavored to gather all relevant information regarding their claims in the timeliest fashion possible. <u>See</u> <u>Seaport Decl.</u>

**MEMORANDUM OF LAW**

      26.    Because the legal points and authorities upon which this Motion rely are incorporated herein, the Movants respectfully request that the requirement of service and filing of a separate memorandum of law pursuant to Rule 9013-1(b) of Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## NOTICE

27.     The Movants have provided notice of the Motion pursuant to the Amended

Order Implementing Certain Notice and Case Management Procedures entered in this proceeding

[Docket No. 2837]. The Movants submit that no other or further notice need be given.

## NO PRIOR REQUEST

28.     No prior motion for the relief requested herein has been made to this Court

or any other court.

WHEREFORE, the Movants respectfully move this Court to enter an order in the form

annexed hereto as Exhibit A, (i) permitting the Movants to file a Lehman Programs Securities

proofs of claim against LBHI based on the Page Two Trades within five (5) business days of

the entry of the order, (ii) deeming such filing to be timely under Bankruptcy Rule 9006(b); (iii)

if blocking numbers are no longer being issued, deeming the filings to be proper

notwithstanding the lack of blocking numbers, and (iv) granting such other and further relief as

this Court deems just and equitable.

Dated: December 11, 2009
New York, New York

**LOVELLS LLP**

By: /s/  Christopher R. Donoho III
        Christopher R. Donoho, III, Esq.
        590 Madison Avenue
        New York, NY 10022
        Telephone: (212) 909-0600
        Facsimile: (212) 909-0660
        Email: chris.donoho@lovells.com

*Attorney for Sea Port Group Securities, LLC*

10