**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi M. Eilbott

*Conflicts Counsel for the Debtors
 and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                                        :    **Chapter 11**
**In re:**                                                              :
                                                                        :    **Case No. 08-13555 (JMP)**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                            :
                                                                        :
                **Debtors.**                                            :
------------------------------------------------------------------------x

*EX PARTE* **MOTION FOR ENTRY OF AN ORDER AUTHORIZING
LEHMAN COMMERCIAL PAPER INC. TO FILE SETTLEMENT AGREEMENT AND
<u>OTHER SETTLEMENT DOCUMENTS UNDER SEAL</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

   Lehman Commercial Paper, Inc. ("<u>LCPI</u>"), as a debtor and debtor in possession

(the "<u>Debtor</u>" and, collectively with the other debtors and debtors in possession in the above-

captioned cases and non-debtor affiliates, "<u>Lehman</u>"), files this Motion and respectfully

represents:

**Background**

   1.   Commencing on September 15, 2008 and periodically thereafter, Lehman

Brothers Holdings Inc. and certain of its subsidiaries, including LCPI (collectively, the

6825653

"Debtors"), commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee (the "U.S. Trustee") for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6825653

**Lehman's Business**

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman was a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its former headquarters in New York and regional headquarters in London and Tokyo were complemented by a network of offices in North America, Europe, the Middle East, Latin America and the Asia Pacific region.

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Preliminary Statement**

8.      Substantially contemporaneously herewith, LCPI plans to file a stipulation and order resolving certain disputes related to, *inter alia*, certain open trade confirmations (the "Stipulation").  The Stipulation seeks approval of a settlement agreement (the "Settlement Agreement") by and among (i) General Electric Capital Corporation, as administrative agent, collateral agent and lender ("GECC"), (ii) GE Corporate Financial Services, Inc., as loan servicer ("GECFS" and, together with GECC, the "GE Entities"), (iii) Fusion Funding Limited ("Fusion Bermuda"), (iv) Fusion Funding Luxembourg, S.A.R.L. ("Fusion Luxco" and, together with Fusion Bermuda, the "Fusion Entities"), (v) Ventoux Funding Limited (the "Lehman Equityholder"), (vi) LCPI and (vii) Lehman Commercial Paper Inc. – UK Branch ("LCPI-UK" and, together with LCPI and Lehman Equityholder, the "Lehman Entities") related to, *inter alia*,

3

the Debtors' Second Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption of Open Trade Confirmations [Docket No. 2242] and the motion brought by GEFCS, as Loan Servicer for the Fusion Entities for relief from the automatic stay to provide notice of termination to LCPI of all outstanding Fusion Trade Confirmations [Docket No. 2385].

### Relief Requested

9. By this Motion, LCPI respectfully requests that the Court enter an order authorizing LCPI to file a copy of the Settlement Agreement and other Settlement Documents (as defined in the Settlement Agreement) under seal in accordance with section 107(b) of the Bankruptcy Code and directing that the Settlement Agreement and the other Settlement Documents shall remain under seal and confidential and not be made available to anyone without the consent of LCPI, the GE Entities and the Fusion Entities. Upon agreement between LCPI, the GE Entities and the Fusion Entities, LCPI has already provided an unredacted copy of the Settlement Agreement and the other Settlement Documents to the Committee and plans to annex redacted copies of the Settlement Agreement and other Settlement Documents to the Stipulation.

### Basis for Relief Requested

10. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

4

  (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

  11. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that

> [o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . .

Fed. R. Bankr. P. 9018.

  12. To qualify for protection under section 107(b) of the Bankruptcy Code, an interested party only needs to show that the information it seeks to file under seal is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). The Second Circuit has defined "commercial information" as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Id.* (quoting *Ad Hoc Protective Comm. for 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982)).

  13. Once a court determines that a party in interest is requesting protection of information that fits within one of the enumerated categories "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.; see also In re Farmland Industries, Inc.,* 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003).

  14. LCPI submits that good cause exists for the Court to grant the relief requested herein. The Settlement Agreement and the other Settlement Documents contain highly

5

sensitive information that LCPI, the GE Entities and the Fusion Entities deem proprietary and confidential. These Settlement Documents include material and sensitive pricing information and confidential information concerning fees and expenses in connection with the settlement. These Settlement Documents also include confidential information relating to certain funding obligations to be assumed by LCPI. It is respectfully submitted that the public disclosure of the information contained within the Settlement Agreement and the other Settlement Documents may prospectively harm LCPI, the GE Entities and the Fusion Entities by providing public access to this highly confidential and proprietary pricing information. Disclosure of the pricing information and the other financial and commercial information set forth in the Settlement Documents may expose LCPI to a substantial commercial and/or competitive disadvantage in the future when conducting business or negotiating and entering into similar agreements with other parties.

## Reason for Proceeding on an *Ex Parte* Basis

15. LCPI is proceeding on an *ex parte* basis, as opposed to notice and hearing, because LCPI has an immediate need to file the Settlement Documents in order to have the Stipulation considered by the Court as soon as possible.

16. No previous request for the relief sought herein has been made by LCPI to this or any other court.

6825653

WHEREFORE, LCPI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  December 9, 2009
      New York, New York

                            **CURTIS, MALLET-PREVOST,**
                               **COLT & MOSLE LLP**

                        By:  /s/ *L. P. Harrison 3rd*
                           Steven J. Reisman
                           L. P. Harrison 3rd
                           Cindi M. Eilbott
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

7

6825653

## **EXHIBIT A**

**(Proposed Order)**

6825653

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                : 
**In re:**                                                      :   Chapter 11
                                                                : 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                    :   Case No. 08-13555 (JMP)
                                                                : 
                Debtors.                                        :   (Jointly Administered)
                                                                : 
                                                                : 
------------------------------------------------------------------x

### *EX PARTE* ORDER AUTHORIZING LEHMAN COMMERCIAL PAPER INC. TO FILE SETTLEMENT AGREEMENT AND OTHER SETTLEMENT DOCUMENTS UNDER SEAL

Upon the motion (the "Motion")[1] filed by Lehman Commercial Paper Inc. ("LCPI") for entry of an order authorizing it to file under seal a copy of the Settlement Agreement and the other Settlement Documents (as defined in the Settlement Agreement); and limiting the parties who have access to such documents; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted.

2. LCPI is authorized to file a copy of the Settlement Agreement and the other Settlement Documents under seal by delivering such documents to Chambers and to the Clerk of the Court's attention with a letter referencing this Order. The Settlement Agreement and other Settlement Documents shall remain under seal and confidential and shall not be made available

---

[1] All capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

6825653

to any party without the consent of LCPI, the GE Entities and the Fusion Entities or further order of this Court.

3. Counsel to the Committee shall be bound by this Order and shall at all times keep the Settlement Agreement and other Settlement Documents strictly confidential and shall not disclose the contents of the Settlement Agreement and the other Settlement Documents to any party including those parties that they represent notwithstanding section 1102(b)(3) of the Bankruptcy Code or otherwise.

4. Given LCPI's immediate need to file the Stipulation, notice of this Motion is not required.

5. LCPI is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: December __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

6825653