UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

------------------------------------------------------------------

### CORRECTED FEE COMMITTEE REPORT PERTAINING TO THE FINAL RECOMMENDED DEDUCTIONS FROM THE SECOND INTERIM FEE APPLICATIONS OF ALL RETAINED PROFESSIONALS

In accordance with the Fee Protocol approved by order of this Court on May 26, 2009, the Fee Committee hereby submits this Corrected Fee Committee Report Pertaining to the Final Recommended Deductions from the Second Interim Fee Applications of all Retained Professionals ("Final Second Interim Fee Report"). These final recommendations have been arrived at after a thorough review of all responses/objections received from the Retained Professionals to the Fee Committee's initial recommendations in the Fee Committee Report Pertaining to the Second Interim Fee Applications of all Retained Professionals filed with the Court on September 10, 2009 ("Initial Second Interim Fee Report").

### I.  Final Recommended Deductions from the Second Interim Fee Applications

The final recommended deductions set forth below are based upon a reexamination of the Committee's Initial Second Interim Fee Report in light of all the responses/objections received from the Retained Professionals. In cases where no response was received from a Retained Professional, the Fee Committee has retained the recommendation in the Initial Second Interim Fee Report. The Fee Committee recommends that these final deductions be applied to the outstanding 10% holdback from the Second Interim Fee Applications and that the remainder of the holdback be returned.

1.  Bingham McCutchen

Fees:

    a.    Administrative: $30,595.50 adequately explained; **$312.00 final deduction.**

    b.    Duplicate Time Entry: No objection; **$65.00 final deduction.**

    c.    Insufficient Detail of Service Provided: $95,723.50 adequately explained; **$120.00 final deduction.**

    d.    Reviewing and Editing Time Entries and Fee Applications: hours actually 197.6, fees actually $83,531.50, explained that $4,250 included in initial entries was not time spent on reviewing and editing time entries; **$53,851.77 final deduction.**

Expenses:

    a.    Airfare: **$31,194.63 final deduction.**

    b.    Ground Transportation: **$260.42 final deduction.**

    c.    Consulting: $78,456.24 adequately explained; **$0 final deduction.**

    d.    Overtime Work Meals: **$7.48 final deduction.**

    e.    Train Fare: **$355 final deduction.**

    f.    Travel Meals: $16.34 adequately explained; **$251.88 final deduction.**

| | |
|---|---|
| **Second Interim Report Deduction:** | $295,459.76 |
| **Final Recommended Deduction:** | $ 86,418.18 |

2.    Bortstein Legal, LLC

    No objection to the Committee's recommendations submitted.

| | |
|---|---|
| **Second Interim Report Deduction:** | $3,362.50 |
| **Final Recommended Deduction:** | $3,362.50 |

3.    Curtis, Mallet-Prevost, Colt & Mosle LLP

Fees:

    a.    Reviewing and Editing Time Entries and Fee Applications: **$13,734.00 final deduction.**

Expenses:

    a.    Document Production—Monthly Bills and Fee Applications: Word processing not compensable; **$920.96 final deduction.**

    b.    Ground Transportation Greater than $100.00: No objection; **$42.00 final deduction.**

    c.    Insufficient Breakdown of Expense Detail: Adequate explanation of $102,078.25; word processing charges of $29,996.47 not compensable; overtime work meals of $20.60 not compensable; **$30,017.07 final deduction.**

    d.    Insufficient Explanation of Document Preparation: No objection; **$390.00 final deduction.**

e.  Miscellaneous Filings: $250.00 adequately explained; **$0 final deduction.**

f.  Overtime Work Meals: $220.00 adequately explained; **$33.55 final deduction.**

g.  Staff Overtime Charges: No objection; **$188.13 final deduction**.

h.  Telephone Charges: $3,277.42 adequately explained as conference calls from UK; **$0 final deduction.**

i.  Travel Meals: $1,351.49 adequately explained; **$726.32 final deduction.**

| | |
|---|---|
| **Second Interim Report Deduction:** | **$51,377.39** |
| **Final Recommended Deduction:** | **$46,052.03** |

4.  <u>Duff & Phelps</u>

Fees:

a.  Administrative: Not adequately explained; **$54,520.25 final deduction.**

b.  Duplicate Time Entries: $19,481.00 adequately explained, the same presentations were divided in thirds to bill each matter only one third of presentation; **$1,656.00 final deduction.**

c.  Insufficient Detail: $78,916.00 adequately explained, sufficient detail provided for all services; **$0 final deduction.**

d.  Overhead: Programming charges for Internal Billing Systems deducted as overhead. Duff's argument regarding need to create a billing system does not justify charging overhead and capital costs for creation of new system; **$62,685.00 final deduction.**

e.  Reviewing and Editing Time Entries and Fee Applications:  **$0 final deduction.**

Expenses:

a.  Airfare charges: $24,862.18 explained as coach travel; **$1,733.54 final deduction.**

b.  Hotels: $353.65 adequately explained; **$0 final deduction.**

c.  Overtime Meals: $206.13 adequately explained; **$670.08 final deduction.**

d.  Train fares: $3,300.00 adequately explained; **$458.00 final deduction.**

e.  Travel Meals: $ 1,144.42 adequately explained; **$241.37 final deduction.**

| | |
|---|---|
| **Second Interim Report Deduction:** | **$250,227.62** |
| **Final Recommended Deduction:** | **$ 121,964.24** |

5.  <u>Ernst & Young LLP</u>

No objection to the Committee's recommendations submitted.

|                                |              |
|--------------------------------|--------------|
| Second Interim Report Deduction: | $11,198.00 |
| Final Recommended Deduction:   | $11,198.00   |

6. FTI Consulting, Inc.

Fees:

    a.     Administrative: $27,961.00 adequately explained; **$0 final deduction**.

    b.     Duplicate Time Entry: $1,805.00 adequately explained; no objection to **$744.00 final deduction**.

    c.     Insufficient Detail of Service Provided: $25,038.00 adequately explained; **$0 final deduction**.

    d.     Reviewing and Editing Time Entries and Fee Applications: **$34,964.39 final deduction**.

Expenses:

    a.     Ground Transportation: **$107.02 final deduction**.

    b.     Overtime Work Meals: $60.00 explained, 2 entries still over limit; **$235.08 final deduction**.

|                                |              |
|--------------------------------|--------------|
| Second Interim Report Deduction: | $90,914.49 |
| Final Recommended Deduction:   | $36,050.49   |

7. Houlihan Lokey Howard & Zurkin Capital Inc.

Expenses:

    a.     Airfare: Estate received a refund of $4,007.20 for air travel, business class international flights not compensable; **$13,067.70 final deduction**.

    b.     Unexplained Wireless Charges: $317.78 adequately explained; **$0 final deduction**.

    c.     Hotel/Lodging: No objection; **$265.02 final deduction**.

    d.     Insufficient Breakdown of Expenses: services of outside legal services for counseling regarding retention of Houlihan is not a benefit to the estate and is not compensable; **$3,526.20 final deduction**.

    e.     Other Expenses: $577.00 adequately explained; **$0 final deduction**.

    f.     Travel Meals: No objection; **$43.28 final deduction**.

|                                |              |
|--------------------------------|--------------|
| Second Interim Report Deduction: | $21,804.18 |
| Final Recommended Deduction:   | $16,902.20   |

8. Huron Consulting Group, Inc.

Fees:

4

a.  Administrative: $52,258 adequately explained. Deduction for interns and ministerial tasks; **$7,366.00 final deduction.**
b.  Insufficient Detail: $17,675.5 adequately explained; **$0 final deduction.**
c.  Reviewing and Editing Time Entries and Fee Applications: **$18,337.50 final deduction.**

Expenses:

a.  Airfare: $1,881.69 adequately explained; **$0 final deduction.**
b.  Hotel/Lodging: $6,631.91 adequately explained, except for certain invoices (Asia); **$338.76 final deduction.**
c.  Insufficient Breakdown: $1,822.31 adequately explained; **$423.21 final deduction.**
d.  Overtime Work Meals: **$91.26 final deduction.**
e.  Per Diem Charges: Adequately explained; **$0 final deduction.**
f.  Travel Meals:  **$883.08 final deduction.**

| | |
|---|---|
| **Second Interim Report Deduction:** | **$122,011.06** |
| **Final Recommended Deduction:** | **$ 27,439.81** |

9.  <u>Jenner & Block LLP</u>

Fees:

a.  Administrative: Initial deduction of $957.00 adjusted to reflect actual fees charged by Jenner. (Jenner discounted fees by 10% from what appeared in the billing records.)  Jenner has been advised going forward that Fee Committee must receive bills as charged with discount already applied; **$861.30 final deduction.**
b.  Insufficient Detail: $26,151.00 adequately explained; **$0 final deduction.**
c.  Reviewing and Editing Time Entries and Fee Applications: Various entries were identified that were not fees for invoice and fee application preparation. After removing these entries, the total amount of fees at Jenner's standard hourly rate was $190,425.00. This should be reduced by the 10% discount (what Jenner actually charged) to $171,382.50. Final deduction is total fees charged for Reviewing and Editing Time Entries and Fee Applications ($171,382.50) minus $107,973.41 (1% of total fees of $10,797,341.63); **$63,409.09 final deduction.**

| | |
|---|---|
| **Second Interim Report Deduction:** | **$142,396.00** |
| **Final Recommended Deduction:** | **$ 64,270.39** |

10. <u>Jones Day</u>

5

Fees:
a.  Administrative: $385.00 adequately explained; No objection to **$2,250.00 final deduction**.
b.  Insufficient Detail: $13,172.50 adequately explained; **$0 final deduction**
c.  Reviewing and Editing Time Entries and Fee Applications: $15,360.00 explained as misidentified; **$22,377.00 final deduction.**

Expenses:
a.  Hotel/Lodging: No objection; **$270.93 final deduction**.
b.  Insufficient Detail: $5,683.76 adequately explained; **$0 final deduction.**
c.  Other Expense – Consulting Fees:  Adequately explained, fees for Polish expert and witness; **$0 final deduction.**
d.  Staff Overtime charges: No objection; **$2,912.55 final deduction**.

**Second Interim Report Deduction:**          **$115,541.40**
**Final Recommended Deduction:**               **$ 27,810.48**

11. Lazard & Frères LLP

Expenses:
a.  Airfare charges: $1,619.20 adequately explained; **$0 final deduction**.
b.  Other Expense – Staffing Charge: $526.59 adequately explained**; $0 final deduction.**
c.  Travel Meals: No objection; **$70.32 final deduction.**

**Second Interim Report Deduction:**          **$2,216.11**
**Final Recommended Deduction:**               **$  70.32**

12. McKenna Long & Aldridge LLP

Fees:
a.  Administrative: $668.50 adequately explained; **$0 final deduction**.
b.  Duplicate Time Entry: No objection; **$248.50 final deduction**.
c.  Insufficient Detail: $56,715.50 adequately explained**; $0 final deduction.**
d.  Reviewing and Editing Time Entries and Fee Applications: additional detail submitted by McKenna indicated an additional $152.50 for preparing fee application; **$102,208.50 final deduction**.

Expenses:
a.  Airfare: No additional detail; **$4,051.51 final deduction**.
b.  Duplicate Expense Entry: No objection; **$601.25 final deduction**.

      c.     Insufficient Breakdown of Expense Detail: Professionals charged as experts on foreign law adequately explained; **$0 final deduction**.

      d.     Travel Meals: $320 adequately explained; **$597.50 final deduction.**

| | |
|---|---|
| **Second Interim Report Deduction:** | **$255,348.03** |
| **Final Recommended Deduction:** | **$107,707.26** |

13.   <u>Milbank Tweed Hadley & McCloy LLP</u>

Fees:

      a.     Administrative: $9,638.00 adequately explained; **$0 final deduction**.

      b.     Duplicate Time Entry: No objection; **$440.00 final deduction.**

      c.     Insufficient Detail: $4,928.00 adequately explained; **$0 final deduction.**

      d.     Reviewing and Editing Time Entries and Fee Applications: **$297,715.29 final deduction.**

Expenses:

      a.     Legal Research: $48,675.33 adequately explained; **$0 final deduction**.

      b.     Other Expense – Binding: $11,043.52 adequately explained; **$0 final deduction.**

      c.     Other Expense – Outside Word Processing: not compensable **$10,579.25 final deduction.**

      d.     Travel Meals: $2,580.00 adequately explained; **$3,000.28 final deduction.**

| | |
|---|---|
| **Second Interim Report Deduction:** | **$388,590.67** |
| **Final Recommended Deduction:** | **$311,734.82** |

14.   <u>Pachulski Stang Ziehl & Jones LLP</u>

Fees:

      a.     Administrative. Not adequately explained, appears to be ministerial copying of documents; **$1,755.00 final deduction.**

      b.     Duplicate Time Entry: Not adequately explained; **$6,478.50 final deduction.**

      c.     Insufficient Detail: $5,002.00 adequately explained; **$0 final deduction.**

Expenses:

      a.     Airfare: $1,355.00 adequately explained; **$578.10 final deduction.**

      b.     Ground Transportation: **$939.36 final deduction.**

      c.     Insufficient Expense Breakdown: $342.00 adequately explained; **$0 final deduction.**

      d.     Non-reimbursable Overhead: No objection; **$143.89 final deduction.**

    e.      Other Expense – Photocopies: $41.40 explained as fax charges; **$1.80 final deduction.**

**Second Interim Report Deduction:**       **$16,637.05**
**Final Recommended Deduction:**       **$ 9,896.65**

15.   <u>Quinn Emanuel Urquhart Oliver & Hedges LLP</u>

Fees:
    a.      Administrative: $2,436.00 adequately explained; **$0 final deduction.**
    b.      Insufficient Detail: $1,162.50 adequately explained; **$0 final deduction.**
    c.      Multiple Identical Entries: $15,904.00 adequately explained as attorney who has same tasks on a continuing basis; **$0 final deduction.**
    d.      Reviewing and Editing Time Entries and Fee Applications: **$58,607.00 final deduction.**

Expenses:
    a.      Insufficient Breakdown of Expense Detail: Not sufficiently explained; **$70.00 final deduction.**
    b.      Other Expenses – Professional Services: $192.91 adequately explained; **$0 final deduction.**
    c.      Scanning: $377.30 adequately explained; **$0 final deduction.**
    d.      Travel Meals:  **$99.27 final deduction.**

**Second Interim Report Deduction:**       **$78,848.98**
**Final Recommended Deduction:**       **$58,776.27**

16.   <u>Reilly Pozner LLP</u>

Fees:
    a.      Administrative: $2,315.50 adequately explained; **$0 final deduction.**
    b.      Insufficient Detail of Services Provided:  **$2,785.00 final deduction.**
    c.      Reviewing and Editing Time:  **$3,143.48 final deduction.**

Expenses:
    a.      Duplicate Expense Entries: $20.00 adequately explained**; $0 final deduction.**
    b.      Insufficient Breakdown of Expense Detail: $3,033.17 adequately explained; **$26.95 final deduction.**
    c.      Travel Meals: Response unclear; $160 allotted as 4 meals at $40 each; **$117.56 final deduction.**

**Second Interim Report Deduction:**       **$11,601.66**
**Final Recommended Deduction:**       **$ 6,072.99**

17. <u>Simpson Thacher & Bartlett LLP</u>

Fees:

    a.    Insufficient Detail: $16,771.00 adequately explained; **$0 final deduction.**

    b.    Reviewing and Editing Time Entries: Additional deduction of $122.50 in fees not reported by Simpson in interim application; **$14,337.50 final deduction.**

Expenses:

    a.    Insufficient Breakdown of Expense Detail: No objection; **$200.00 final deduction.**

    b.    Insufficient Explanation of Document Preparation: No objection; **$270.00 final deduction.**

    c.    Overtime Work Meals: No objection**; $65.68 final deduction**

    d.    Travel Meals: No objection; **$530.00 final deduction.**

| | |
|---|---|
| **Second Interim Report Deduction:** | **$32,523.68** |
| **Final Recommended Deduction:** | **$ 15,403.18** |

18. <u>Weil Gotshal & Manges LLP</u>

        Weil Gotshal & Manges LLP has agreed to the Committee's Final Recommended Deduction.

| | |
|---|---|
| **Second Interim Report Deduction:** | **$626,615.19** |
| **Final Recommended Deduction:** | **$271,186.62** |

## II.    <u>The Fee Committee's Recommended Additional Guidelines.</u>

After an extensive review of the Second Interim Fee Applications and the responses/objections of the Retained Professionals, the Fee Committee has concluded that the following guidelines and comments are appropriate at this juncture in the case.

- The Fee Committee will continue to remit Individual Summary Sheets to each Retained Professional (along with the Committee's interim fee reports) specifying each time and expense entry that is deficient. Thereafter, the Fee Committee will review any responses/objections submitted by the Retained Professionals to the Fee Committee's interim fee reports. Responses/objections should be based upon information submitted by the Retained Professional in the interim fee applications (and monthly fee applications) at issue. The Committee will recommend a final

deduction of 50 percent of the fees/expenses that are supplemented with descriptive information that the Fee Committee determines should have been included in the Third Interim Fee Applications (and monthly fee applications). For the Fourth Interim Fee Applications and thereafter, the Committee will recommend a final deduction of 100 percent of the fees/expenses that are supplemented with descriptive information that the Fee Committee determines should have been included in the Fourth Interim Fee Applications (and monthly fee applications). In light of the above guideline, the Retained Professionals should review all time and expense entries for the four months comprising the third interim period and submit to the Fee Committee any corrections or additions to the Third Interim Fee Applications.

- Expenses for computerized research services in the Second Interim Fee Applications totaled $1,477,899.53. In an effort to contain these expenses, the Fee Committee has adopted the following guidelines: (1) those Retained Professionals who utilize computerized research services, such as LEXIS/NEXIS and Westlaw, should notify the Fee Committee of their billing arrangements with such service providers. The Fee Committee will thereafter discuss with the Retained Professional the feasibility of a more cost-effective billing arrangement; (2) all charges greater than $1,000 per session must be explained and will be closely scrutinized by the Committee.

- Several Retained Professionals included in the Second Interim Fee Applications expenses for consulting services and experts. Invoices for these expenses must be submitted to the Fee Committee. In addition, several Retained Professionals included expenses for the services of foreign attorneys. Such attorneys must be employed as ordinary course professionals pursuant to court order authorizing the Debtors to employ the attorney as an ordinary course professional. Any future fees submitted for the services of attorneys who have not been employed as ordinary course professionals, but who should have been, will be recommended as deductions by the Fee Committee.

## III.    **Budget Process.**

The Fee Committee has adopted the following process for review of the Retained Professionals monthly budgets:

- Each professional is required to submit monthly budget forms (on the 15th day of the month preceding the budget month) with actual billed fees for the three most recent months prior to the budget month as well as an explanation of variances in budgeted amounts from prior months. The budget form is submitted to the Fee Committee.

- The Fee Committee representative for the Debtor reviews the budgets of the debtors' professionals, confers with the professionals regarding the budget, and submits recommendations to the full Fee Committee; the creditors' representative reviews the budgets of the creditors' professionals, confers with the professionals regarding the budget, and submits recommendations to the full Fee Committee; the U.S. Trustee reviews the budgets of the Fee Examiner, confers with the Fee Examiner and submits recommendations to the full Fee Committee.

- At the conclusion of the monthly budget period, the members of the Fee Committee review all pertinent time records to determine whether each Retained Professional complied with its budget for the month in question and whether any variance from said budget was warranted.

The Fee Committee has received and reviewed all budgets through November from the Retained Professionals. After the Fee Committee has had its first opportunity to review time records to determine compliance with budgets, the Fee Committee will assess whether any modifications to the current budget process are warranted.

## IV.    Conclusion.

The total of the final recommended deductions of the Fee Committee for the Second Interim Fee Applications of Retained Professionals is $1,222,316.43. The Fee Committee recommends that these final deductions be applied to the outstanding 10 percent holdback from the Second Interim Fee Applications and that the remainder of the holdback be returned.

Dated: December 14, 2009
                Respectfully Submitted,


                /s/ Kenneth R. Feinberg
                Kenneth R. Feinberg
                Chairman, Fee Committee

/s/ John K. Suckow
John K. Suckow
President, Lehman Brothers Holdings, Inc.


/s/ Julie J. Becker
Julie J. Becker
Representative, Official Committee of the
Unsecured Creditors


/s/ Andrew D. Velez-Rivera
Andrew D. Velez-Rivera
The Office of the
United States Trustee