**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Special Counsel for
Lehman Brothers Holdings Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
In re:                                                :    Chapter 11 Case
                                                      :    No. 08-13555 (JMP)
                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,              :    JOINTLY ADMINISTERED
                                                      :
            Debtors.                                  :
                                                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### APPLICATION OF
### WINDELS MARX LANE & MITTENDORF, LLP,
### FOR AN INTERIM AWARD OF COMPENSATION AND
### REIMBURSEMENT OF EXPENSES FOR THE PERIOD
### JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009

| | |
|---|---|
| Fees Sought as Actual, Reasonable and Necessary: | $719,213.00[1] |
| Expenses Sought as Actual, Reasonable and Necessary: | $22,373.42 |
| | |
| Aggregate Amount Paid for the Period: | $597,743.82 |
| Fees Held Back for the Period: | $143,842.60 |
| | |
| Total Amount Sought for Approval: | $741,586.42 |

---

[1] Actual fees are $810,413.00. A credit in the amount of $91,200.00 was issued to represent fees deducted under the bankruptcy matter related to fee application and pleading preparation in the chapter 11 case.

{10539888:1}

| Name of Professional | Year Admitted | Hours Engaged During Period | Rate(s) | Total | Fees Charged for Similar Work in Bankruptcy Matter and Percentage | | Time Records Submitted |
|---|---|---|---|---|---|---|---|
| **Partner** | | | | | | | |
| Alan Landzberg | 1979 | 0.50 | $490 | $ 245.00 | Same | 100% | Yes |
| Alan Nisselson | 1977 | 1.00 | $560 | $ 560.00 | Same | 100% | Yes |
| Charles E. Simpson | 1978 | 6.80 | $790 | $ 5,372.00 | Same | 100% | Yes |
| Craig P. Murphy | 1978 | 1.80 | $570 | $ 1,026.00 | Same | 100% | Yes |
| David L. Glanz | 1980 | 60.30 | $495 | $ 29,848.50 | Same | 100% | Yes |
| Edward E. Shea | 1961 | 2.20 | $525 | $ 1,155.00 | Same | 100% | Yes |
| Howard L. Simon | 1977 | 5.30 | $515 | $ 2,729.50 | Same | 100% | Yes |
| James J. Thomas | 1986 | 4.90 | $700 | $ 3,430.00 | Same | 100% | Yes |
| Karl Piirimae | 2003 | 79.40 | $420 | $ 33,348.00 | Same | 100% | Yes |
| Mark A. Slama | 1987 | 87.40 | $440 | $ 38,456.00 | Same | 100% | Yes |
| Robert A. Rossi | 1989 | 89.30 | $525 | $ 46,767.00 | Same | 100% | Yes |
| Robert J. Luddy | 1992 | 3.60 | $515 | $ 1,854.00 | Same | 100% | Yes |
| William C. Cagney | 1977 | 1.00 | $460 | $ 460.00 | Same | 100% | Yes |
| **Special Counsel** | | | | | Same | 100% | Yes |
| Clifford H. Stein | 1981 | 12.40 | $450 | $ 5,580.00 | Same | 100% | Yes |
| Deborah H. Bindler | 1981 | 164.80 | $425 | $ 70,040.00 | Same | 100% | Yes |
| John Holden | 1997 | 130.50 | $365 | $ 47,632.50 | Same | 100% | Yes |
| Leonard LaBarbiera | 1989 | 1.00 | $360 | $ 360.00 | Same | 100% | Yes |
| Leslie Barr | 1985 | 0.10 | $460 | $ 46.00 | Same | 100% | Yes |
| Thomas A. Banahan | 1980 | 61.00 | $495 | $ 30,195.00 | Same | 100% | Yes |
| **Associate** | | | | | Same | 100% | Yes |
| Carrie E. Foote | 2002 | 102.40 | $350 | $ 35,840.00 | Same | 100% | Yes |
| Christina J. Sorbera | 2007 | 55.40 | $230 | $ 12,742.00 | Same | 100% | Yes |
| Christopher E. Dean | 2000 | 3.30 | $360 | $ 1,188.00 | Same | 100% | Yes |
| Derek Etheridge | 2004 | 244.50 | $315 | $ 77,017.50 | Same | 100% | Yes |
| Donna F. Alkin | 1994 | 0.50 | $320 | $ 160.00 | Same | 100% | Yes |
| James Tracey | 2007 | 13.20 | $280 | $ 3,696.00 | Same | 100% | Yes |
| Julian Buchbinder | 2007 | 3.30 | $280 | $ 924.00 | Same | 100% | Yes |
| Kim M. Longo | 2002 | 88.40 | $350 | $ 30,942.50 | Same | 100% | Yes |
| Richard Zoffinger | 2001 | 81.40 | $350 | $ 28,386.00 | Same | 100% | Yes |
| Robert G. Wilk | 1985 | 0.10 | $350 | $ 35.00 | Same | 100% | Yes |
| Samuel Mizrahi | 1993 | 215.00 | $365 | $ 78,475.00 | Same | 100% | Yes |
| Wayne S. Cook, Jr. | 1999 | 462.20 | $410 | $ 189,138.00 | Same | 100% | Yes |
| **Legal Assistants/Law Clerks** | | | | | | | |
| Anna Cote | | 24.50 | $235 | $ 5,757.50 | Same | 100% | Yes |

| Name of Professional | Year Admitted | Hours Engaged During Period | Rate(s) | Total | Fees Charged for Similar Work in Bankruptcy Matter and Percentage | | Time Records Submitted |
|---|---|---|---|---|---|---|---|
| Giselle Mencio | | 1.10 | $160 | $ 176.00 | Same | 100% | Yes |
| Joel L. Solomon | | 4.00 | $225 | $ 900.00 | Same | 100% | Yes |
| Lana Dubiago | | 32.40 | $170 | $ 5,508.00 | Same | 100% | Yes |
| Michael Hudson | | 6.30 | $175 | $ 1,102.50 | Same | 100% | Yes |
| Michele Agnello | | 9.30 | $185 | $ 1,720.50 | Same | 100% | Yes |
| Paul Goldsmith | | 84.30 | $195 | $ 16,386.00 | Same | 100% | Yes |
| Ronetta Noble | | 6.00 | $165 | $ 990.00 | Same | 100% | Yes |
| Sal Vanchieri | | 1.10 | $100 | $ 110.00 | Same | 100% | Yes |
| Tracy Heston | | 0.60 | $190 | $ 114.00 | Same | 100% | Yes |
| Total | | 2,152.60 | | $810,413.00 | | | |
| Blended hourly rate: | | | $376.00 | | | | |

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Special Counsel for
Lehman Brothers Holdings Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :          Chapter 11 Case
                                                            :          No. 08-13555 (JMP)
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :          <u>JOINTLY ADMINISTERED</u>
                                                            :
                              Debtors.                      :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**APPLICATION OF**
**WINDELS MARX LANE & MITTENDORF, LLP,**
**FOR AN INTERIM AWARD OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
<u>**JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009**</u>

**TO:  HONORABLE JAMES M. PECK,**
          **UNITED STATES BANKRUPTCY JUDGE**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or "Applicant"), special

counsel to Lehman Brothers Holdings Inc., ("LBHI") and its affiliated debtors in the above

referenced chapter 11 cases, (collectively referred to as "Lehman" or the "Debtors"), makes this

Application pursuant to sections 330(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines"), General Order M-151, Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases (the "Local Guidelines"), and the *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order"), for an allowance and approval of compensation for professional services rendered to the Debtors (the "Application") in the amount of $719,213.00 incurred during the period June 1, 2009 through September 30, 2009 (the "Period"), reimbursement of disbursements incurred during the Period in the amount of $22,373.42, and release of holdbacks in the amount of $143,842.60 for a total award of compensation and reimbursement of disbursements of $741,586.42.

## BACKGROUND

1.      On September 15, 2008 and periodically thereafter (the "Commencement Date"), LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc., ("LBI").  A trustee appointed under SIPA is administering LBI's estate.  On January 19, 2009, the U.S.

Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction and Venue

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.    Pursuant to this Application, Windels Marx hereby seeks allowance of the following: (a) compensation for professional services rendered during the Period in the aggregate amount of $719,213.00; and (b) reimbursement of expenses incurred in connection with such services in the aggregate amount of $22,373.42.

6.    During the Period, Windels Marx attorneys and paraprofessionals expended a total of 2,152.60 hours for which compensation is requested.

7.    Prefixed to this Application is the cover sheet required by the UST Guidelines, which includes a schedule setting forth the names of all Windels Marx professionals and paraprofessionals who have performed services for which compensation is sought, the person's position in the firm, and the year each attorney was first admitted to practice law.  In addition, the schedule sets forth for each person (a) the hourly rate(s) during the Period, (b) the total hours billed for which compensation is sought, and (c) the total compensation for such hours.

## Windels Marx's Retention

8.    Windels Marx is a full service law firm with a broad-based general legal practice centering on corporate, banking, litigation, real estate and other major business practice areas. The Debtors originally retained Windels Marx in 1993 to provide ongoing advice to the company

in connection with various real estate transactions.  Windels Marx has continued to provide these services to the Debtors up to and through the Commencement Date.

9.      On October 13, 2008, the Debtors' filed a motion (the "Ordinary Course Professional Motion") seeking authorization pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, to retain, *nunc pro tunc* to the Commencement Date, professionals utilized in the ordinary course of business (the "Ordinary Course Professionals") without the submission of separate retention applications and the issuance of separate retention orders for each individual professional. Windels Marx was originally designated as an Ordinary Course Professional by Order dated November 5, 2008 (the "Ordinary Course Professional Order").

10.     On August 14, 2009, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ Windels Marx as Special Counsel to the Debtors, nunc pro tunc to the Engagement Date[2] (the "Retention Application) due to the existence of a $1 million annual compensation cap for Ordinary Course Professionals that Windels Marx was in danger of exceeding.

11.     On August 25, 2009, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Windels Marx as Special Counsel to the Debtors, nunc pro tunc to the Engagement Date (the "Retention Order"), a copy of which is annexed hereto as Exhibit "A".

12.     On June 25, 2009, the Court entered the Interim Compensation Order, which superseded the second amended order dated March 13, 2009 in its entirety.  Pursuant to the

---

[2] The Engagement Date is a defined term incorporated herein by reference to the Application of the Debtors Pursuant to sections 327(e) and 328 (a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Windels Marx Lane & Mittendorf, LLP, as Special Counsel to the Debtors, Nunc Pro Tunc to the Engagement Date, filed on August 14, 2009.

Interim Compensation Order, the Court established procedures for the Debtors' payment of

interim compensation and reimbursement of expenses of professionals retained in these chapter

11 cases.

**Services Rendered By Windels Marx**
**During The Interim Period**

13.    This Application is made by Windels Marx for an allowance of fair and

reasonable compensation for professional services rendered by it on behalf of the Debtors during

the Period, consistent with the results achieved, the time, labor and expertise brought to bear on

the problems presented and other related factors and for reimbursement of actual and necessary

out-of-pocket expenses incurred in the rendition of such professional services during the Period.

The amounts sought for compensation for professional services are at the hourly rates

customarily charged by Windels Marx for legal services rendered by the respective professional

or paraprofessional and are reasonable and customary for firms of Windels Marx's size and

expertise in the New York City and Metropolitan areas.

14.    For the convenience of this Court, and in accordance with the UST Guidelines, a

summary of the total hours worked during the Period by each professional and paraprofessional

for whose services compensation is being sought, together with a recitation of the hourly billing

rate for each person and the total compensation sought for each person's services in each

individual matter, is annexed hereto as Exhibit "B".

15.    Windels Marx regularly maintains records of time expended in the rendition of all

professional services and records of costs and expenses incurred on behalf of the Debtors.  These

records were made substantially concurrent with the rendition of the professional services.  All

such records are available for inspection.  (A copy of the time records, in chronological order and

segregated by individual matter, relating to Windels Marx's representation of the Debtors during the Period, is annexed hereto as Exhibits "C").

16.    Windels Marx has opened a file bearing a separate client number for the Debtors. The Debtors' client number is 303694. All time and disbursements are billed to independent matters within the general client number. The following is a summary description of the services rendered by Windels Marx in each of the following matters on behalf of the Debtors during the Period:

**Roosevelt Island - 851**

17.    Applicant represented LBHI in connection with analysis of appellate divisions decision relating to recision of contract and possible return of deposit. Applicant monitored the court proceedings and participated in numerous conferences calls with LBHI as well as with counsel to Borrower, who is handling the litigation on behalf of Borrower.

**WSG Development/Las Vegas - 965**

18.    Applicant represented LBHI in connection with a potential deed in lieu transaction, including negotiations with the State Environmental Department and the drafting of loan extension documents. Applicant also provided LBHI with analysis of issues and participated in numerous calls with LBHI and its loan servicer, Trimont Real Estate Advisors, Inc. ("Trimont")

**375 Freemont Street, San Francisco - 1048**

19.    Applicant represented LBHI in connection analysis of default notice from mezzanine lender, its effect on equity and possible defenses. Applicant participated in multiple conference calls with LBHI

**IBM Building – 1170**

20.     Applicant collected and delivered recorded loan documents and prepared compact disk with all relevant closing documents in connection with several LBHI loan facilities on a property located in Westchester, New York.

**WSG Hollywood - 2016**

21.     Applicant represented LBHI in connection with a first mortgage on a property in Hollywood Florida. Applicant examined the status of the asset and reviewed possible courses of action related to the defaulted mortgage.

**Carillon Modification - 2044**

22.     Applicant advised LBHI regarding LBHI's consent rights and ability to allow the sale of condominium units for an amount less than the minimum release price.   Applicant reviewed existing mortgage loan and mezzanine loan documentation and prepared a memorandum regarding release prices.   Applicant participated in multiple discussion with client regarding the seizure of the mezzanine loan by repo lender and repurchase of same by LBHI.

**Amendment to Midtown Memphis Loan Agreement – 2073**

23.     Applicant represented LBHI in connection with the modification of an existing mortgage loan on a property located in Memphis, Tennessee.   Applicant reviewed the underlying loan documentation and prepared a letter agreement regarding LBHI's proposed modification.

**Kojaian Transaction Analysis – 2139**

24.     This matter involves the workout of 26 different assets located in the State of Michigan, in which Lehman holds either equity or debt interests (or both) in improved and unimproved properties owned by separate joint venture interests between Lehman affiliates and a Michigan developer, C. Michael Kojaian.   Lehman holds 17 loans with current outstanding principal balances in excess of $270 million (with Lehman affiliates owning equity interests in

16 of the joint ventures). Lehman affiliates also own equity interests in an additional nine (9)

joint venture entities, which have received loans from third-party lenders having an aggregate

outstanding principal balance in excess of $233 million.

### BDA 555 Sept. 2008 Loan Extension  - 2173

25.     Applicant represented LBHI in connection with payoff of loan.   Applicant

participated in conference calls with Borrower and Trimont

### New Dawn Land Loan Workout - 2174

26.     Applicant represented Debtors in the possible workout and forbearance of an

existing mortgage loan and the drafting of a forbearance term sheet.  Applicant advised LBHI in

connection with capital call under joint venture agreement and its effect on LBHI as Lender.

### Bankruptcy – 2179

27.     Applicant uses this matter number to record time charges incurred in connection

with the preparation of Windels Marx's fee applications, reviewing documents filed in LBHI's

chapter 11 case that are relevant to Windels Marx's representation of the Debtor and conferring

with Debtor's counsel regarding issues connected to the bankruptcy case.

### Monument Issues - 2181

28.     This matter involves the potential workout of nearly twenty (20) different projects

in which LBHI holds either equity or debt in various projects in the Washington, DC/Virginia

region.  Representation involves an omnibus term sheet and a pre-negotiation agreement and

other ancillary matters related thereto.  Representation also includes a modification of a line of

credit from LBHI to borrower and a restructure of the overall relationships between LBHI and

borrower.

**Moonlight Basin Enforcement - 2184**

29.    Applicant represented LBHI in the negotiation of a forbearance agreement for an existing mortgage on developed real property located in Montana and a related mezzanine facility and ancillary matters related thereto. Applicant prepared for eventual foreclosure proceedings, including commencement of drafting foreclosure papers and coordination with local counsel.

**Hudson Yards - 2185**

30.    Applicant represented LBHI in possible foreclosure of existing mortgage loan and drafting of pre-negotiation agreement and protective advance correspondence. Applicant participated in conferences with LBHI in connection with finalization of pre-negotiation agreement.

**Scout Issues - 2187**

31.    Applicant examined certain loan and joint venture agreements with Scout Real Estate Capital LLC in which LBHI has a respective debt and equity investment, to determine various rights and obligations of the parties thereto. Applicant also finalized Pre-Negotiation Agreement with respect to multiple joint ventures, mortgage loans, and a line of credit, and attended to ancillary matters related thereto.

**25/45 Broad Street - 2192**

32.    Applicant represented Lehman in enforcement action to recover Lehman's loans at (A) 25 Broad Street, New York, New York, consisting of (i) $100 million in mezzanine loans, and (ii) $278 million in mortgage loans apportioned among a senior acquisition mortgage loan, a building loan and a project loan, and (B) at 45 Broad Street, New York, New York, consisting of (i) a $37,705,711 first mortgage loan, and (ii) $11,467,283 second mortgage loan. Two separate

foreclosure actions were commenced in New York State Supreme Court in February 2009, to foreclose on the mortgages encumbering both properties.

### RFR-Continental Bayside Hotel - 2193

33.    Applicant represented LBHI in the drafting and negotiation of a pre-negotiation agreement on an existing mortgage loan in Florida.  Applicant also researched issues related to a foreclosure proceeding.  Applicant reviewed property management agreement in connection with potential termination of property manager.

### Paradise Hotel - 2194

34.    This matter involves the preparation for a foreclosure proceeding on real property located in Las Vegas, Nevada and other ancillary matters related thereto, including attention towards a possible loan modification.  Applicant reviewed property reports, participated in conferences with LBHI and prepared an acceleration letter.  Applicant also commenced drafting of foreclosure papers and coordinated with local counsel

### 215 Brazilian Avenue Enforcement - 2196

35.    Applicant finalized pre-negotiation agreement between LBHI and Borrower and ancillary matters related thereto.  Applicant also participated in conferences with LBHI in connection with the pre-negotiation agreement.

### Northgate Foreclosure – 2203

36.    Applicant represented LBHI in a foreclosure action on real property situated in Prince George County, Maryland. Applicant prepared foreclosure papers in coordination with local counsel and participated in numerous conference calls with LBHI, borrower and local counsel.

**Lyon Issues - 2205**

37.    Applicant reviewed certain loan documents between Debtor and Lyon in connection with possible cross defaults thereunder.  Applicant also prepared extension of the terms of loan on the LaCraw transaction.   Applicant also prepared and negotiated amendment to co-lender agreement governing one loan in the portfolio.  Applicant participated in numerous conference calls with LBHI, borrower and co-lender.

**On the Avenue - 2207**

38.    Applicant represented LBHI in connection with the exercise by LBHI of its remedies as lender.  Applicant provided advice to LBHI regarding such remedies and participated in conference calls with LBHI and Trimont.

### Services

39.    Professional services rendered by Windels Marx have necessarily been time consuming.  However, all of the services for which compensation has been requested were rendered in connection with the performance by Windels Marx of the duties prescribed for it under the Retention Order and as real estate counsel for the Debtors.

40.    Windels Marx believes that the award of compensation requested in the within Application is fair and reasonable.  Windels Marx requests that this Court award all fees sought in the within Application at Windels Marx's normal hourly rates, the total value of which is $719,213.00.[3]

### Disbursements

41.    Windels Marx is also requesting reimbursement of actual and necessary expenses incurred on behalf of the Debtors during the Period in the amount of $22,373.42 as well as the

---

[3] This amount reflects fees paid in accordance with the Interim Compensation Order coupled with fees that were subject to a holdback.

release of fees subject to a holdback in accordance with the Interim Compensation Order in the amount of $143,842.60. The total amount of compensation for legal services rendered, reimbursement of disbursements and fees subject to a holdback totals $741,586.42.

### Standards For Allowance Of Compensation

42.    Windels Marx submits that for the reasons set forth in detail above, the professional services rendered by Windels Marx on behalf of the Debtors during the Period were necessary and reasonable.

43.    Section 330 of the Bankruptcy Code authorizes compensation for reimbursement of expenses of professionals in cases arising under the Bankruptcy Code and provides, in pertinent part, as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to… a professional person employed under section 327 or 1103 –
>
> (A)    reasonable compensation for actual, necessary services rendered by…professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)    reimbursement for actual, necessary expenses.
>
> (2)  The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>
> (3)  In determining the amount of reasonable compensation to be awarded to…professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;

(C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A)  Except as provided in subparagraph (B), the court shall not allow compensation for --
    (i) unnecessary duplication of services; or

    (ii) services that were not --

        (I) reasonably likely to benefit the Debtors' estate;
or

        (II) necessary to the administration of the case.

11 U.S.C. §330(a).

44.    In considering an application for compensation made by a professional, the initial

inquiry is whether the services for which compensation are sought were necessary. See, e.g., *In*

*re Keene Corp.*, 205 B.R. 690, 696 (S.D.N.Y. 1997); *In re Harshbarger*, 205 B.R. 109 (S.D.

Ohio 1996); *In re Lederman Enterprises, Inc.*, 997 F.2d 1321 (10th Cir. 1993); *In re*

*International Coins & Currency, Inc.*, 22 B.R. 127 (D. Vt. 1982).  The term "necessary services"

has been interpreted by the majority of courts, including this Court, to signify services that

resulted in a benefit to the estate. *In re Lederman Enterprises, Inc.*, 997 F.2d 1321, 1323 (10th

Cir. 1993); *In re Keene Corp.*, 205 B.R. at 696; *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.Y.

1995). Services "reasonably likely to benefit the Debtors' estate, are compensable." Section

330(a)(4)(A); *In re JLM, Inc.*, 210 B.R. 19 (BAP 2d Cir. 1997); see also *In re Keene Corp.*, 205

B.R. at 696, quoting *3 Collier on Bankruptcy*, ¶330.03[3], at 330-26 (the services at issue must at

least provide the estate with "an opportunity commensurate with cost" to be compensable).

45.    In calculating whether the fees sought are reasonable, Courts determine the

lodestar amount. *See, Pennsylvania v. Delaware Valley Citizen's Council For Clean Air,* 483

U.S. 711, at 725-26 (1987); *In re United States Football League v. National Football League,*

887 F. 2d 408, 413 (2d Cir. 1989), cert. denied 493 U.S. 1071 (1990); *In re Drexel Burnham*

*Lambert Group, Inc.*, 133 B.R. 13, 22 (Bankr. S.D.N.Y. 1991) ("It is now well settled that the

'lodestar' method of fee calculation . . . is the method to be used to determine a 'reasonable'

attorney fee in all the federal courts, including the bankruptcy courts."); *In the Matter of Cena's*

*Fine Furniture, Inc.*, 109 B.R. 575, 581 (E.D.N.Y. 1990). The lodestar amount represents "the

number of hours reasonably worked on a case multiplied by a reasonable hourly rate." *Wells v.*

*Bowen*, 855 F.2d 37, 43 (2d Cir. 1988).

46.    In determining the proper allowance of compensation for professionals, a court

generally looks to the (a) time and labor required, (b) novelty and difficulty of questions

involved, (c) requisite skills, (d) customary fee, (e) whether fee is fixed or contingent, (f) results

obtained, (g) nature and length of professional relationship, (h) awards in similar cases, and (i)

professional standing, ability and expertise of the law firm. See, e.g., *In the Matter of Cena's*

*Fine Furniture, Inc.*, 109 B.R. 575, 580-581 (E.D.N.Y. 1990); *In re Wonder Corp. of America,*

82 B.R. 186, 191 (D. Conn. 1988).

(a)    Time and Labor Required.

The time and labor required to represent the Debtors during the Period has been

significant. The matters handled by Windels Marx and the efforts undertaken by Windels Marx

in the representation of the Debtors are fully set forth above and in the time entries annexed

hereto.

(b)    Skills Requisite to Perform Legal Services,
Experience, Reputation and Ability of Windels Marx.

Windels Marx believes that its expertise in the areas of real estate and

transactional analysis has substantially contributed to results achieved.

(c)    The Customary Fee.

Windels Marx submits that the fee it seeks is not unusual given the size and

complexity of Debtors' business, the benefits conferred on the Debtors' estates, the time

expended and is commensurate with what other attorneys of comparable experience and

expertise charge on a regular basis.

(d)    Whether Fee is Fixed or Contingent.

Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by

professionals employed under section 327 of the Code are contingent upon approval by the

Court.

(e)    Results Obtained.

Windels Marx consistently achieves results that the Debtors find favorable and

continue to work toward that end.

(f)    Nature and Length of Professional Relationship.

Windels Marx has counseled, advised and represented the Debtors from their

retention in 1993 through the current date.

(g)    Awards in Similar Cases.

Comparable firms have been awarded fees in numerous chapter 11 cases under

the Bankruptcy Code by this and other bankruptcy courts predicated upon the same criteria and

resulting in awards comparable to that now requested.

(h)    Professional Standing, Ability and Expertise of
Windels Marx Attorneys.

A)    <u>James J. Thomas</u> - James J. Thomas is a Partner at Windels Marx and is a member of the Firm's Real Estate Practice Group. Mr. Thomas' practice focuses on capital markets financing and equity investments.

B)    <u>Robert A. Rossi</u> - Robert A. Rossi is a Partner at Windels Marx and is a member of several Practice Groups, including Real Estate; Corporate & Securities; Financial Transactions; International; and Technology, Intellectual Property & E-Commerce. Mr. Rossi focuses on joint ventures, mergers and acquisitions, start-ups, and financial services, including securities and commodities. Mr. Rossi regularly represents both institutional clients and closely held entities in real estate, corporate and securities transactions. He has also represented commodity trading advisers and commodity pool operators, as well as a number of e-commerce ventures.

47.    As Windels Marx's time records reflect, where practicable, associate attorneys were used in the representation of the Debtors. Those associate attorneys had varying levels of experience and were assigned to handle specific tasks on the basis of that experience.

## Statements of Windels Marx Pursuant to Bankruptcy Rule 2016(a)

48.    Pursuant to the Interim Compensation Order, Windels Marx has submitted its Monthly Statements to (i) the Debtors, (ii) counsel to the Debtors, Weil, Gotshal & Manges, LLP, (iii) counsel to the official committee of unsecured creditors (the "Committee"), Milbank, Tweed, Hadley & McCloy LLP, (iv) the U.S. Trustee, and (v) Chairperson of the Fee Committee (as defined in the Order Appointing a Fee Committee and Approving a Fee Application Protocol, dated May 26, 2009), Feinberg Rozen, LLP, with respect to the Period during the Debtors' chapter 11 cases, as follows: (a) from June 1, 2009 through June 30, 2009 – fees of $169,010.50

and expenses of $11,475.87; (b) from July 1, 2009 through July 31, 2009 – fees of $101,373.00 and expenses of $2,058.15; (c) from August 1, 2009 through August 31, 2009 – fees of $118,819.50 and expenses of $3,067.26; and (d) from September 1, 2009 through September 30, 2009 – fees of $330,010.00 and expenses of $5,772.14.

49.    In accordance with paragraph (e) of the Interim Compensation Procedures (as defined in the Interim Compensation Order), Windels Marx has received 80% of the fees requested in each Monthly Statement totaling $597,743.82 and $100% of the expenses identified in each Monthly Statement totaling $22,373.42 in expenses to date.

50.    The amount of fees accrued during the Period that have yet to be paid represents the 20% holdback required under the Interim Compensation Order. Windels Marx hereby requests the release and payment of all fees subject to a holdback for the Period in the amount of $143,842.60.

**[INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Windels Marx Lane & Mittendorf, LLP requests that an order be

entered providing for an allowance and approval of (i) compensation for professional services

rendered by Windels Marx as attorneys for the Debtor, in the amount of $597,743.82, plus

reimbursement of actual and necessary disbursements in the amount of $22,373.42 and a release

of holdbacks in the amount of $143,842.60 for a total of $741,586.42 and (ii) such other and

further relief as this Court may deem just and proper.

Dated:  New York, New York
       December 14, 2009

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
    James J. Thomas
    Robert A. Rossi

    156 West 56th Street
    New York, New York 10019
    (212) 237-1000

    Attorneys for Lehman Brothers Holdings Inc., *et
    al.*, Debtors-in-Possession