## **Exhibit B**

Certification of Rajiv Madan, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                                          :
**In re**                                                 :        **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* :        **08-13555 (JMP)**
                                                          :
         **Debtors.**                                     :        **(Jointly Administered)**
                                                          :
----------------------------------------------------------------------x

**CERTIFICATION OF RAJIV MADAN, ESQ. IN SUPPORT**
**OF THE THIRD INTERIM FEE APPLICATION OF BINGHAM**
**McCUTCHEN LLP, FOR ITSELF AND AS SUCCESSOR IN INTEREST TO McKEE**
**NELSON LLP, AS APPLICABLE, SPECIAL COUNSEL FOR THE DEBTORS FOR**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

I, RAJIV MADAN, hereby certify that:

1.      I am a partner with the applicant firm, Bingham McCutchen LLP

("Bingham" or the "Firm").

2.      I submit this Certification in connection with the filing of the Third

Interim Fee Application (the "Application") of Bingham, for itself and as successor in interest to

McKee Nelson LLP ("McKee[1]"), as applicable, special counsel for Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the

"Debtors"), for compensation for professional services rendered and reimbursement of actual and

necessary expenses incurred in connection with Bingham's representation of the Debtors in tax

controversy and securitization and capital markets matters from June 1, 2009 through September

30, 2009 (referred to herein as the "Third Interim Fee Period"), pursuant to sections 330 and 331

of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] As used herein, "Bingham" refers to both Bingham and McKee, unless otherwise indicated.

3.     Except as may be otherwise set forth herein, described in the Application, or specifically mandated by this Court in these chapter 11 cases, I hereby certify that I have read the Application, and, to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the order dated November 5, 2008, approving the retention of McKee as special tax counsel for the Debtors [Docket No. 1387], the order dated March 24, 2009, approving the retention of McKee for certain limited non-tax matters [Docket No. 3206], the order dated August 25, 2009, approving the retention of Bingham for certain limited non-tax matters [Docket No. 4927], the Administrative Order Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, approved by the Board of Judges on April 19, 1995, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996, and the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated June 25, 2009 [Docket No. 4165].

4.     I further certify that the fees and disbursements sought are billed at rates and in accordance with practices that were customarily employed by Bingham and generally accepted by Bingham's clients.

5.     I further certify that in providing a reimbursable service, Bingham does not make a profit on that service, whether the service was performed by Bingham in-house or through a third party; provided, however, that Bingham's standard charges for in-house expenses may yield profits or losses depending on annual volumes copied and the methods of cost allocation employed.

6.      I further certify that the Debtors, attorneys for the Statutory Committee of Unsecured Creditors and the United States Trustee for the Southern District of New York have all been provided with monthly statements of Bingham's fees and expenses incurred during the Third Interim Fee Period.

7.      I further certify that the Debtors, attorneys for the statutory committee of unsecured creditors and the United States Trustee for the Southern District of New York will all be provided with a copy of the Application.

Dated:  December 14, 2009
        Washington, D.C.

Rajiv Madan, Esq.
Partner
BINGHAM McCUTCHEN LLP