McKENNA LONG & ALDRIDGE LLP
230 Park Avenue, Suite 1700
New York, New York  10169
Telephone: (212) 922-1800
Facsimile:  (212) 922-1819

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia  30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
**Debtors.** : **(Jointly Administered)**
:
------------------------------------------------------------------x

**SUMMARY SHEETS ACCOMPANYING THIRD APPLICATION**
**OF MCKENNA LONG & ALDRIDGE LLP FOR ALLOWANCE OF**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | McKenna Long & Aldridge LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Approved on December 18, 2008 *Nunc Pro Tunc* to September 15, 2008 |
| Period for which Compensation and Reimbursement is Sought: | June 1, 2009 - September 30, 2009 |
| Application: | Total Fees Incurred: $922,873.50 Total Fees Requested: $922,873.50 Total Fees Paid:   $172,989.20 Total Fees Outstanding: $749,884.30 |

ATLANTA:5186514.6

| | |
|---|---|
| Total Expenses Incurred: | $85,072.99 |
| Total Expenses Requested: | $85,072.99 |
| Total Expenses Paid: | $21,766.38 |
| Total Expenses Outstanding: | $63,306.61 |
| Total Fee Application: | $1,007,946.49 |

ATLANTA:5186514.6

**SUMMARY OF MONTHLY FEE STATEMENTS
SERVED DURING THE THIRD INTERIM PERIOD**

| Monthly Statement | | Requested | | Paid | |
|---|---|---|---|---|---|
| **Date Served** | **Period** | **Fees** | **Expenses** | **Fees (80%)** | **Expenses (100%)** |
| 9/23/2009 | 6/1/2009 - 6/30/2009 | $216,236.50 | $21,766.38 | $172,989.20 | $21,766.38 |
| 11/16/2009 | 7/1/2009 - 7/31/2009 | $229,251.00 | $8,255.68 | None | None |
| 11/16/2009 | 8/1/2009 - 8/31/2009 | $236,547.00 | $22,836.77 | None | None |
| 11/16/2009 | 9/1/2009 - 9/30/2009 | $240,839.00 | $32,214.16 | None | None |
| | | **Total Fees Requested:** | **Total Expenses Requested:** | **Total Fees Paid:** | **Total Expenses Paid:** |
| | | $922,873.50 | $85,072.99 | $172,989.20 | $21,766.38 |

ATLANTA:5186514.6

## SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS
## PROVIDING SERVICES FROM JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009

| Name of Professional | Title and Office | Year Admitted | 2009 Billing Rate[1] | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Christopher F. Graham | Partner, New York | 1983 | $725.00 | 45.4 | $32,915.00 |
| John G. Aldridge | Senior Counsel, Atlanta | 1968 | $650.00 | 0.0 | $0.00 |
| Mark S. Kaufman | Partner, Atlanta | 1973 | $600.00 | 410.0 | $246,000.00 |
| William L. Floyd | Senior Counsel, Atlanta | 1965 | $595.00 | 0.0 | $0.00 |
| Patrick M. McGeehan | Partner, Atlanta | 1983 | $525.00 | 29.9 | $15,697.50 |
| Paul C. Hurdle, III | Partner, Washington | 1977 | $475.00 | 0.0 | $0.00 |
| Gary W. Marsh | Partner, Atlanta | 1985 | $475.00 | 25.2 | $11,970.00 |
| Charles D. Weiss | Partner, Atlanta | 1989 | $475.00 | 80.3 | $38,142.50 |
| Henry F. Sewell | Partner, Atlanta | 1986 | $460.00 | 2.9 | $1,334.00 |
| James D. Levine | Partner, Atlanta | 1982 | $460.00 | 0.0 | $0.00 |
| Jason M. Silverman | Associate, Washington | 2001 | $460.00 | 0.0 | $0.00 |
| Laurence R. Phillips | Partner, San Diego | 1997 | $450.00 | 2.7 | $1,215.00 |
| J. David Larsen | Partner, Los Angeles | 1997 | $450.00 | 0.0 | $0.00 |
| Brian Olasov | Managing Director, Atlanta | N/A | $450.00 | 15.8 | $7,110.00 |

[1] These rates are the same rates charged to the non-bankruptcy clients of McKenna Long & Aldridge LLP. All professionals and paraprofessionals submitted time records to (i) the Fee Committee; (ii) Lehman Brothers Holdings Inc.; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the United States Trustee for the Southern District of New York (collectively, the "Notice Parties") in accordance with the Order Appointing Fee Committee and Approving Fee Application Protocol and the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals.

ATLANTA:5186514.6

| Name of Professional | Title and Office | Year Admitted | 2009 Billing Rate | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| James W. Culbreth | Counsel, Atlanta | 1974 | $420.00 | 1.8 | $756.00 |
| Gerald Walling | Counsel, Atlanta | 1972 | $410.00 | 178 | $72,980.00 |
| Alan F. Kaufman | Counsel, New York | 2000 | $400.00 | 27.4 | $10,960.00 |
| Katherine M. Lewis | Partner, Atlanta | 2000 | $400.00 | 15.8 | $6,320.00 |
| David A. Geiger | Partner, Atlanta | 1998 | $395.00 | 66.5 | $26,267.50 |
| Thomas D. Hall | Senior Counsel, Atlanta | 1983 | $390.00 | 13.9 | $5,421.00 |
| Timothy J. Plunkett | Associate, New York | 2007 | $365.00 | 0.0 | $0.00 |
| Samantha Rein | Associate, Atlanta | 2000 | $365.00 | 3.3 | $1,204.50 |
| B. Summer Chandler | Associate, Atlanta | 2001 | $355.00 | 432.4 | $153,502.00 |
| Jessica H. Mayes | Associate, New York | 2009 | $350.00 | 29.2 | $10,220.00 |
| S. Elizabeth Hall | Associate, Atlanta | 2004 | $320.00 | 0.0 | $0.00 |
| James H. Ludlam | Associate, Atlanta | 2002 | $305.00 | 17.8 | $5,429.00 |
| Alison M. Elko | Associate, Atlanta | 2003 | $305.00 | 148.9 | $45,414.50 |
| Douglas Flaum | Associate, Atlanta | 2006 | $305.00 | 168.6 | $51,423.00 |
| Sharice V. Owens | Associate, Atlanta | 2006 | $285.00 | 0.0 | $0.00 |
| Amanda Redick | Associate, Atlanta | 2006 | $285.00 | 45.6 | $12,996.00 |
| David Gordon | Associate, Atlanta | 2006 | $285.00 | 370.2 | $105,507.00 |
| Peter Yoxall | Associate, Atlanta | 2007 | $285.00 | 0.0 | $0.00 |
| Matthew James | Associate, Atlanta | 2004 | $305.00 | 0.0 | $0.00 |

ATLANTA:5186514.6

| Name of Professional | Title and Office | Year Admitted | 2009 Billing Rate | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Theron Mclarty | Summer Associate, Atlanta | N/A | $225.00 | 7.6 | $1,710.00 |
| Adam Linkner | Summer Associate, Atlanta | N/A | $225.00 | 39.2 | $8,820.00 |
| | | Professionals: | Blended Rate: $406.57 | Total Hours: 2178.4 | Total Fees: $874,314.50 |

| Name of Paraprofessional | Title and Office | Year Admitted | 2009 Billing Rate | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Ann Pearson | Paralegal, Atlanta | N/A | $225.00 | 0.0 | $0.00 |
| Fran L. Russell | Paralegal, Atlanta | N/A | $225.00 | 150.9 | $33,952.50 |
| Michelle S. Grycner | Paralegal, San Diego | N/A | $215.00 | 60.4 | $12,986.00 |
| Janet L. Tobin | Paralegal, Atlanta | N/A | $210.00 | 0.0 | $0.00 |
| Robert M. Gee | Paralegal, New York | N/A | $210.00 | 1.8 | $378.00 |
| Joyce Miller | Paralegal, Atlanta | N/A | $195.00 | 1.1 | $214.50 |
| Sue Plunkett | Paralegal, Atlanta | N/A | $195.00 | 4.7 | $1,294.50 |
| Inghe Francois | Paralegal, Atlanta | N/A | $190.00 | 0.0 | $0.00 |
| Cindy Adams | Research Librarian, Atlanta | N/A | $180.00 | 0.2 | $36.00 |
| Christine Everheart | Litigation Support Specialist, San Diego | N/A | $180.00 | 3.0 | $540.00 |
| Lashaunda M. Stafford | Paralegal, Atlanta | N/A | $170.00 | 0.0 | $0.00 |
| Erik W. Bolte | Litigation Support Analyst, Washington | N/A | $160.00 | 1.2 | $192.00 |

ATLANTA:5186514.6

| Name of Paraprofessional | Title and Office | Year Admitted | 2009 Billing Rate | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| LaTandra D. Williams | Litigation Support Analyst, Atlanta | N/A | $160.00 | 8.2 | $1,312.00 |
| Sansanee Sermprungsuk | Research Librarian, Atlanta | N/A | $145.00 | 1.7 | $246.50 |
| Sarah E. Forshee | Paralegal, Atlanta | N/A | $85.00 | 0.0 | $0.00 |
| | Paraprofessionals: | | Blended Rate: $183.00 | Total Hours: 233.2 | Total Fees: $51,152.00 |
| | | | | | |
| Total for Professionals and Paraprofessionals:[2] | | | | Total Hours: 2411.6 | Total Fees: $924,446.50 |

---

[2]   The services that McKenna rendered to the debtors during the Third Interim Compensation Period required 2411.6 hours of the time of professionals and paraprofessionals.  During the Third Interim Compensation Period, McKenna incurred fees in the amount of $924,446.50.  McKenna has reduced its fees and is seeking compensation in the amount of $922,873.50 for 2403.3 hours.  This amount does not include additional discretionary reductions made by McKenna in the exercise of billing judgment.

ATLANTA:5186514.6

McKENNA LONG & ALDRIDGE LLP
230 Park Avenue, Suite 1700
New York, New York  10169
Telephone: (212) 922-1800
Facsimile:  (212) 922-1819

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia  30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                            :
**In re**                                                    :        **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :        **08-13555 (JMP)**
                                                            :
                                       **Debtors.**          :        **(Jointly Administered)**
                                                            :
                                                            :
-------------------------------------------------------------------x

**THIRD APPLICATION OF MCKENNA LONG & ALDRIDGE LLP**
**FOR ALLOWANCE OF INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES**

COMES NOW McKenna Long & Aldridge LLP ("McKenna" or "Applicant"), Special

Counsel for Lehman Brothers Holdings Inc. (the "Debtor") and certain of its subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), as well as their non-debtor

affiliates (collectively with the Debtors, "Lehman"), and files the Third Application of McKenna

Long & Aldridge LLP for Allowance of Compensation and Reimbursement of Expenses (the

"Third Interim Fee Application" or this "Application") relating to the above-referenced

bankruptcy case for the period from June 1, 2009 through September 30, 2009 (the "Third

Interim Period"). Pursuant to the Third Interim Fee Application, McKenna seeks: (i) allowance of compensation for professional services McKenna performed during Third Interim Period in the total amount of $922,873.50 and (ii) allowance of its actual and necessary expenses incurred during the Third Interim Period in the total amount of $85,072.99.[1] McKenna files this Third Interim Fee Application pursuant to Sections 330 and 331 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Appointing Fee Committee and Approving Fee Application Protocol [Docket No. 3651] (the "Fee Order") and the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] (the "Third Amended Interim Compensation Procedures Order"). The total amount sought for fees represents approximately 2178.4 hours of professional services and 233.2 hours of paraprofessional services, with blended rates of $406.57 for professionals and $183.00 for paraprofessionals. In support of this Third Interim Fee Application, McKenna shows the Court the following:

### Background

1.      On September 15, 2008 and periodically thereafter (the "Commencement Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. These Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under

---

[1] The services that McKenna rendered to the debtors during the Third Interim Compensation Period required 2411.6 hours of the time of professionals and paraprofessionals. During the Third Interim Compensation Period, McKenna incurred fees in the amount of $924,446.50. McKenna has reduced its fees and is seeking compensation in the amount of $922,873.50 for 2403.3 hours. This amount does not include additional discretionary reductions made by McKenna in the exercise of billing judgment.

ATLANTA:5186514.6

Case No. 08-13555 (JMP) pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for the Southern District of New York (Region 2) (the "U.S. Trustee") appointed the official committee of unsecured creditors pursuant to Section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.    On December 2, 2008, the Debtors filed the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain McKenna Long & Aldridge LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Commencement Date [Docket No. 2021] (the "Employment Application").  On December 18, 2008, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain McKenna Long & Aldridge LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Commencement Date [Docket No. 2309] (the "Order Authorizing Employment").  No objections to the Employment Application were filed, and, accordingly, the Order Authorizing Employment became final.

5.    On October 11, 2008, the Debtors filed the Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

ATLANTA:5186514.6

[Docket No. 833] (the "<u>Interim Compensation Motion</u>").    A hearing on the Interim Compensation Motion was held on November 5, 2008.

6.    On November 5, 2008, the Court entered the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 1388] (the "<u>Interim Compensation Order</u>").

7.    On November 11, 2008, the Debtors filed the Notice of Presentment of Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 1449] requesting that the Court amend the Interim Compensation Order.

8.    On November 19, 2008, the Court entered the Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 1604] (the "<u>Amended Interim Compensation Order</u>").

9.    On March 9, 2009, the Debtors filed the Notice of Presentment of Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3029] requesting that the Court amend the Amended Interim Compensation Order.

10.    On March 13, 2009 the Court entered the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 3102] (the "<u>Second Amended Interim Compensation Order</u>").

11.    On May 26, 2009, the Court entered the Fee Order in the above-styled case.

ATLANTA:5186514.6

12.     On June 13, 2009, the Debtors filed the Notice of Presentment of Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3915] requesting that the Court amend the Second Amended Interim Compensation Order.

13.     On June 25, 2009 the Court entered the Third Amended Interim Compensation Order.

14.     Pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and standing General Orders M-219 and M-348 of the Bankruptcy Court for the Southern District of New York, the Third Amended Interim Compensation Order authorizes the interim monthly compensation and reimbursement of expense procedures set forth in the Interim Compensation Motion.

15.     The Fee Order and the Third Amended Interim Compensation Order authorize professionals paid from the Debtors' bankruptcy estates to serve monthly statements ("Monthly Statements"), via hand or overnight delivery, seeking payment for services rendered and for out-of-pocket expenses or other charges incurred on or before the thirtieth (30th) day of each month following the month for which compensation is sought on (i) the Fee Committee (specifically, Kenneth Feinberg, Chairman of the Fee Committee); (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the United States Trustee for the Southern District of New York.  The Third Amended Interim Compensation Order authorizes the Debtors to pay professionals eighty percent (80%) of fees requested and one hundred percent (100%) of expenses identified in each Monthly Statement, if no objection is made to such Monthly Statement.

-5-

## McKenna's Third Interim Fee Application

16.     In accordance with Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Fee Committee Order and the Third Amended Interim Compensation Order, McKenna seeks (i) allowance of compensation for professional services McKenna performed during the Third Interim Period in the total amount of $922,873.50; and (ii) allowance of its actual and necessary expenses incurred during the Third Interim Period in the total amount of $85,072.99.

17.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); this matter is a core proceeding under 28 U.S.C. § 157(b).

18.     By this Application, McKenna submits its Monthly Statements in the total amount of $1,007,946.49 (fees in the amount of $922,873.50 and expenses in the amount of $85,072.99) for services performed and expenses incurred during the Third Interim Period.  McKenna has received payment in the amount of $194,755.58 from the Debtors during the Third Interim Period; therefore, McKenna has an outstanding balance, as of the date of this Application, of $813,190.91 for which McKenna seeks an award of interim compensation as for the period of June 1, 2009 through September 30, 2009.

19.     Notice of this Application will be served in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these Chapter 11 Cases.  McKenna has served a copy of this Fee Application upon (i) the Fee

-6-

Committee; (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the United States Trustee for the Southern District of New York.

20.    Under Section 330 of the Bankruptcy Code, the Court may allow compensation and reimbursement of McKenna's expenses only after notice and hearing.   Bankruptcy Rule 2002(a) provides that hearings on applications for compensation and reimbursement of expenses totaling in excess of $1,000 must be on twenty (20) day notice to parties in interest.  Section 331 of the Bankruptcy Code authorizes the filing of interim fee applications.  This Application is the third such application made by McKenna under Section 331 of the Bankruptcy Code.

21.    All legal services performed by McKenna were performed for and on behalf of Lehman and not on behalf of any committee, creditor, or other person or entity.

22.    Attached hereto as Exhibit "C" is a summary of the hours for which compensation is sought.

23.    Attached hereto as Exhibits "D" is a summary of the expenses for which reimbursement is sought.

24.     Attached hereto as Exhibits "E1" through "E4" are copies of the invoices for the Third Interim Period which include time descriptions by McKenna professionals by code related to the matter or tasks reflected in the time entries and the expense detail for a given month, sorted by category.

25.    The following is a brief summary of the qualifications of each of the professionals from McKenna representing the Debtors for which compensation is sought:

ATLANTA:5186514.6

*Professionals*:

    Christopher F. Graham: Christopher F. Graham is a partner with the law firm of McKenna, practicing since 1983, who has experience in bankruptcy matters.

    John G. Aldridge:  John G. Aldridge is senior counsel to the law firm of McKenna, practicing since 1968, who has experience in commercial real estate finance and development.

    Mark S. Kaufman:  Mark S. Kaufman is a partner with the law firm of McKenna, practicing since 1973, who has experience in bankruptcy matters.

    William L. Floyd:  William L. Floyd is senior counsel to the law firm of McKenna, practicing since 1965, who has experience in corporate finance matters.

    Patrick M. McGeehan:  Patrick M. McGeehan is a partner with the law firm of McKenna, practicing since 1983, who has experience in commercial real estate finance and development.

    Paul C. Hurdle, III:  Paul C. Hurdle, III is a partner with the law firm of McKenna, practicing since 1977, who has experience in commercial real estate finance and development.

    Gary W. Marsh:  Gary W. Marsh is a partner with the law firm of McKenna, practicing since 1985, who has experience in bankruptcy matters.

    Charles D. Weiss:  Charles D. Weiss is a partner with the law firm of McKenna, practicing since 1989, who has experience in commercial real estate finance and development.

    Henry F. Sewell, Jr.:  Henry F. Sewell, Jr. is a partner with the law firm of McKenna, practicing since 1986, who has experience in bankruptcy matters.

    James D. Levine: James D. Levine is a partner with the law firm of McKenna, practicing since 1982, who has experience in environmental matters relating to corporate and real estate transactions.

    Jason M. Silverman: Jason M. Silverman is an associate with the law firm of McKenna, practicing since 2001, who has experience in litigation related to bankruptcy and commercial disputes.

    Laurence R. Phillips:  Laurence R. Phillips is a partner with the law firm of McKenna, practicing since 1997, who has experience in litigation related to construction and real estate.

    J. David Larsen:  J. David Larsen is a partner with the law firm of McKenna, practicing since 1997, who has experience in commercial real estate finance and development.

    Brian Olasov:  Brian Olasov is the Managing Director of the law firm of McKenna, who has experience in commercial real estate finance and development.

    James W. Culbreth:  James W. Culbreth is of counsel of the law firm of McKenna, practicing since 1974, who has experience in commercial real estate finance and development.

ATLANTA:5186514.6

Gerald Walling: Gerald Walling is of counsel of the law firm of McKenna, practicing since 1972, who has experience in commercial real estate finance and development.

Alan F. Kaufman: Alan F. Kaufman is of counsel of the law firm of McKenna, practicing since 2000, who has experience in bankruptcy matters.

Katherine M. Lewis:  Katherine M. Lewis is a partner with the law firm of McKenna, practicing since 2000, who has experience in commercial real estate finance and development.

David A. Geiger:  David A. Geiger is a partner with the law firm of McKenna, practicing since 1998, who has experience in bankruptcy matters.

Thomas D. Hall:  Thomas D. Hall is senior counsel to the law firm of McKenna, practicing since 1983, who has experience in commercial real estate finance and development.

Timothy J. Plunkett:  Timothy J. Plunkett is an associate with the law firm of McKenna, practicing since 2007, who has experience in bankruptcy matters.

Samantha Rein:  Samantha Rein is an associate with the law firm of McKenna, practicing since 2007, who has experience in commercial litigation matters.

B. Summer Chandler:  B. Summer Chandler is an associate with the law firm of McKenna, practicing since 2001, who has experience in bankruptcy matters.

Jessica H. Mayes:  Jessica H. Mayes is an associate with the law firm of McKenna, practicing since 2009, who has experience in bankruptcy matters.

S. Elizabeth Hall:  S. Elizabeth Hall is an associate with the law firm of McKenna, practicing since 2005, who has experience in bankruptcy matters.

James H. Ludlam:  James H. Ludlam is an associate with the law firm of McKenna, practicing since 2002, who has experience in bankruptcy matters.

Alison M. Elko:  Alison M. Elko is an associate with the law firm of McKenna, practicing since 2003, who has experience in bankruptcy matters.

Douglas Flaum:  Douglas Flaum is an associate with the law firm of McKenna, practicing since 2006, who has experience in commercial real estate finance and development.

Sharice V. Owens: Sharice V. Owens is an associate with the law firm of McKenna, practicing since 2006, who has experience in corporate matters.

Amanda Redick: Amanda Redick is an associate with the law firm of McKenna, practicing since 2006, who has experience in commercial real estate finance and development.

David Gordon:  David Gordon is an associate with the law firm of McKenna, practicing since 2006, who has experience in bankruptcy matters.

ATLANTA:5186514.6

Peter Yoxall:  Peter Yoxall is an associate with the law firm of McKenna, practicing since 2007, who has experience in commercial real estate finance and development.

Matthew James:  Matthew James is an associate with the law firm of McKenna, practicing since 2004, who has experience in commercial real estate finance and development.

*Paraprofessionals*:

Ann Pearson:  Ann Pearson is a paralegal with the law firm of McKenna who has experience in bankruptcy and litigation matters.  Ms. Pearson has performed services for which an attorney was not required in order to minimize costs and expenses.

Fran L. Russell:  Fran L. Russell is a paralegal with the law firm of McKenna who has experience in bankruptcy matters.  Ms. Russell has performed services for which an attorney was not required in order to minimize costs and expenses.

Michelle S. Grycner:  Michelle S. Grycner is a paralegal with the law firm of McKenna who has experience in bankruptcy and litigation matters.  Ms. Grycner has performed services for which an attorney was not required in order to minimize costs and expenses.

Janet L. Tobin:  Janet L. Tobin is a paralegal with the law firm of McKenna who has experience in litigation.  Ms. Tobin has performed services for which an attorney was not required in order to minimize costs and expenses.

Robert M. Gee:  Robert M. Gee is a paralegal with the law firm of McKenna who has experience in litigation.  Mr. Gee has performed services for which an attorney was not required in order to minimize costs and expenses.

Joyce Miller:  Joyce Miller is a paralegal with the law firm of McKenna who has experience in commercial real estate finance.  Ms. Miller has performed services for which an attorney was not required in order to minimize costs and expenses.

Sue Plunkett:  Sue Plunkett is a paralegal with the law firm of McKenna who has experience in commercial real estate finance and development.  Ms. Plunkett has performed services for which an attorney was not required in order to minimize costs and expenses.

Inghe Francois:  Inghe Francois is a paralegal with the law firm of McKenna who has experience in litigation.  Ms. Francois has performed services for which an attorney was not required in order to minimize costs and expenses.

Cindy Adams: Cindy Adams is a research librarian with the law firm of McKenna.  Ms. Adams has performed services for which an attorney was not required in order to minimize costs and expenses.

Christine Everhart:  Christine Everhart is a litigation support analyst with the law firm of McKenna.  Ms. Everhart has performed services for which an attorney was not required in order to minimize costs and expenses.

ATLANTA:5186514.6

Lashaunda M. Stafford:  Lashaunda M. Stafford is a paralegal with the law firm of McKenna who has experience in litigation.  Ms. Stafford has performed services for which an attorney was not required in order to minimize costs and expenses.

Erik W. Bolte:  Erik W. Bolte is a litigation support analyst with the law firm of McKenna.  Mr. Bolte has performed services for which an attorney was not required in order to minimize costs and expenses.

LaTandra D. Williams:  LaTandra D. Williams is a litigation support analyst with the law firm of McKenna.  Ms. Williams has performed services for which an attorney was not required in order to minimize costs and expenses.

Sansanee Sermprungsuk:  Sansanee Sermprungsuk is a research librarian with the law firm of McKenna.  Ms. Sermprungsuk has performed services for which an attorney was not required in order to minimize costs and expenses.

Sarah E. Forshee:  Sarah E. Forshee is a paralegal with the law firm of McKenna who has experience in litigation.  Ms. Forshee has performed services for which an attorney was not required in order to minimize costs and expenses.

### Summary of Activities Undertaken During the
### Third Interim Period Covered by This Application

26.    The major activities undertaken by McKenna during the Third Interim Period are summarized below, broken down by matter type.  The following summary is intended to highlight the services rendered by McKenna, and is not meant to be a detailed description of all of the work performed.  Detailed descriptions of the day-to-day services provided by McKenna and the time expended performing such services in each project billing category are fully set forth in Exhibits "E1" through "E4."

(1)    Kontrabecki in NY Bankruptcy Action (30837.0001; 04406.0112)
Time recorded under this matter reflects McKenna's efforts in pursuing Lehman's claims against the principal of two debtor entities with bankruptcy cases pending in the Bankruptcy Court for the Northern District of California.  These efforts have included, *inter alia*, preparing for and defending depositions, addressing discovery disputes, working with Lehman experts and briefing and other work in connection with advocating or resisting various motions, including summary judgment filings, and addressing other substantive issues.

(2)    Bankruptcy Employment Matters (30837.0002)
Time recorded under this matter reflects review of the Debtors' supplemental Interested Parties List, comparison of same with McKenna's conflict database; polling of McKenna's attorneys and review and analysis of polling and conflict search results; preparation and filing of

supplemental declarations in connection with McKenna's employment as special counsel to Lehman; review of applicable orders and reports relating to employment and payment of compensation to professionals; review of applicable orders relating to the Fee Committee and Fee Committee Protocol; development of internal procedures regarding entry of time and expenses in compliance with requirements of applicable court orders; revision of invoices to comply with applicable court orders and Fee Committee Protocol; preparation and submission of interim monthly statements; preparation of applications for the allowance of interim compensation and reimbursement of expenses; preparation of budgets and fee forecasts; responses to Fee Committee's comments and requests with respect to budgets, monthly statements and interim fee applications.

(3)    AZ 72 LLC (30837.0003)

Time recorded under this matter reflects work on review and analysis of loan documents, prior correspondence and project development documents, consultation with the Debtors regarding remedy exercise and settlement alternatives; correspondence with borrower parties and counsel in connection with same; coordination with Arizona local counsel in connection with remedy exercise; preparation of Complaint and related pleadings for collection action; preparation for and attendance at discovery and pre-trial conferences before Honorable Denny Chin, United States District Judge, Southern District of New York; sought and obtained discovery for collection action; settlement communications with opposing counsel.

(4)    Walker Square/Riverbend Loan Restructuring (30837.0005)

Time recorded under this matter reflects continuing work on take back of pledged equity interests in two condominium projects, including discussions with Virginia counsel and review of applicable condominium declarations and regulations regarding supplemental filing requirements occasioned by transfer; revision and negotiation of take back documentation and communications with the Debtors and borrower's counsel regarding same; and review and negotiation of senior mortgage lender requirements and documentation relating to equity take back and modification and extension of senior loan, and communications with senior lender's counsel regarding same.

(5)    Plaza at Turtle Creek Loans (04406.0113)

Time recorded under this matter reflects continuing work on monitoring and closing sales of condominium units at REO project; and review and revision of entity organizational documents to implement changes necessitated by the Debtor's Chapter 11 case.

(6)    Petroleum Realty (04406.0189)

Time recorded under this matter reflects discussions with the Debtors relating to the development of strategies to resolve the defaulted loan to Petroleum Realty Investment Partners, L.P.; the disposition of collateral; the coordination of mortgage release payment; and the closing of store sales and mortgage release transactions.

(7)    Alliance PJ (04406.0191)

Time recorded under this matter reflects work in handling the subject litigation filed in Cook County, Illinois; discussions with guarantor of loan regarding completion of prior settlement arrangements with such guarantor; communications with the Debtors regarding

ATLANTA:5186514.6

strategy toward resolution of sub-mezzanine loan position; and finalization of the settlement resolving the litigation.

(8)    EB Developers, Inc. (04406.0205)

Time recorded under this matter reflects continued work in connection with the resolution of mortgage loan in foreclosure relating to the Gables Marquis condominium asset and related disputes with mechanics lien claimants and recovery for the Debtors of earnest money deposits forfeited by condominium unit buyers at the Village Oaks condominium asset; communications with the Debtors regarding status and resolution of Milestone suit on Sanctuary Bay Hill asset; work on strategy and coordination of obtaining release to the Debtors of forfeited unit sales buyer earnest deposits constituting security for mortgage loan; work on strategy to obtain forfeited unit sale contract deposits for release to the Debtors; and work on disposition and sale of REO assets.

(9)    Middle Mountain 156 LLC (04406.0222)

Time recorded under this matter reflects McKenna's representation of the Debtor and its non-debtor indirect subsidiary MM Arizona Holdings LLC ("MMAZ") in connection with two separate proceedings related to the loan to Middle Mountain 156, LLC ("Middle Mountain"). The first is a suit filed in the U.S. District Court for the Southern District of New York by MMAZ against Nicholas Bonnano, Rita Bonnano, Allen Jenkins, and the estate of Tamera Jenkins (the "Guarantors") on full payment guaranties seeking recovery of the entire outstanding indebtedness on the subject loan plus lender expenses (aggregate current balance of approximately $55,000,000). The Guarantors counterclaimed against MMAZ and raised various affirmative defenses. MMAZ propounded discovery, sought and obtained an order dismissing the counterclaims, and filed a motion for summary judgment on MMAZ's claims and Guarantors' affirmative defenses. On September 17, 2009, MMAZ obtained an order granting summary judgment. The second proceeding is the jointly administered bankruptcy cases of Middle Mountain and A&N Investment Properties, LLC, the entities that own the collateral securing the subject loan, now pending in the U.S. Bankruptcy Court for the District of Arizona. MMAZ has filed proofs of claims, sought and obtained discovery, sought and obtained an order granting a motion for relief from stay, engaged in settlement negotiations regarding two condemnation actions, completed a foreclosure and prepared for a mediation.

(10)    Telluride Foreclosure (04406.0238)

Time recorded under this matter reflects continued work coordinating foreclosure upon Telluride land and provision of strategic advice concerning monetary claim by adjacent land owner for breach of obligation to construct certain improvements; development of strategy regarding alleged breach of parking construction covenant affecting collateral; and coordination of non-judicial foreclosure.

## **Statutory Basis for Compensation**

27.    Sections 330 and 331 of the Bankruptcy Code provide the statutory basis for

compensation of professionals in bankruptcy cases. Section 330 provides that a court may award

-13-

a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

28.    The Bankruptcy Code provisions concerning the compensation of professionals are designed to ensure that qualified attorneys will be compensated for services rendered to debtors at a market rate for comparable services rendered in non-bankruptcy cases.  In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996).  The rationale behind this goal is to ensure that counsel will not be deterred from taking bankruptcy cases due to failure to pay adequate compensation.  Id. at 72.

29.    McKenna respectfully represents to the Court that the fees and expenses requested to be paid are allowable and reasonable pursuant to the twelve (12) factor test as set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as well as the

ATLANTA:5186514.6

amendments to Section 330 of the Bankruptcy Code.  Those tests and the applicability of each test to the services performed by McKenna in this case are set forth below:

A.    <u>Time and Labor Required</u>:  During the period of June 1, 2009 through September 30, 2009, McKenna has expended 2403.3 hours as Special Counsel to Lehman.  The approximate blended hourly rate is $406.57 for professionals and $183.00 for paraprofessionals. The substance of the time expended is set forth fully in Exhibits "E1" through "E4" to this Application.

B.    <u>Novelty and Difficulty of Questions Presented</u>:  Several of the above-referenced matters have involved novel and difficult issues.

C.    <u>Skill Requisite to Perform Legal Services</u>:  McKenna respectfully represents that it has the skill to perform the legal services rendered in a professional fashion.

D.    <u>Preclusion of Other Employment Due to Acceptance of the Case</u>:  The amount of time devoted to the above-referenced matters by the attorneys and paraprofessionals of McKenna significantly precluded them from performing other work to the extent of the time devoted to this case as covered by this Application.

E.    <u>Customary Fees for the Type of Services Rendered</u>:  McKenna respectfully represents that the fees requested herein are within the range of customary fees for the type of services rendered and are based upon the hours actually spent and multiplied by the normal billing rates for work of this nature, and that the billing rates are in keeping with the hourly rates charged by McKenna in non-bankruptcy matters.

F.    <u>Whether the Fee is Fixed or Contingent</u>:  McKenna believes that its fees and expenses in the above-referenced matters are contingent only to the extent that they are subject to this Court's approval.

ATLANTA:5186514.6

G.      <u>Time Limitations Imposed by the Client or the Circumstances</u>:  The time limitations imposed or created by the circumstances of the above-referenced matters often required intense work by McKenna under short time-frames.

H.      <u>Amounts Involved and Results Obtained</u>:   McKenna respectfully represents that it has obtained good results for Lehman as Special Counsel thus far in the above-referenced matters.

I.      <u>Experience, Reputation and Ability of Attorneys</u>:  McKenna respectfully represents that McKenna has experience within the areas involved in its representation of Lehman.

J.      <u>Undesirability of the Case</u>:  McKenna respectfully represents that this factor is not applicable to this proceeding.

K.      <u>Nature and Length of Professional Relationship with Client</u>:  McKenna has represented Lehman for more than fifteen (15) years.

L.      <u>Awards in Similar Cases</u>:  McKenna respectfully represents that this Third Interim Fee Application, and the costs and fees sought herein, is in keeping with similar applications for the payment of professional fees and expenses, including attorneys' fees in other cases.

30.      Based on the foregoing, McKenna submits that the services rendered to Lehman, for which compensation is sought herein, were necessary and beneficial to the Debtors' estates and parties in interest.  McKenna further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and all parties in interest.

ATLANTA:5186514.6

## **Compliance with Applicable Rules**

31.     Pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Amended Guidelines"), attached hereto as Exhibit "A" is a copy of the Certification of Charles D. Weiss (the "Weiss Certification") certifying compliance with the same.

32.     During the Third Interim Period, McKenna received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity in connection with the fees and expenses sought to be allowed pursuant to this Application.  There is no agreement or understanding between McKenna and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

33.     As set forth in the Weiss Certification, the fees charged by McKenna in these cases are billed in accordance with its existing billing rates and procedures in effect during the Third Interim Period.  The rates McKenna charges for the services rendered by its professionals and paraprofessionals in these cases are the same rates McKenna charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national market.

34.     Pursuant to the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), attached hereto as Exhibit "B" is a breakdown of the hours, hourly rates and fees attributable to the various individuals at McKenna who rendered the services for which compensation is sought in the Third Interim Fee Application.

ATLANTA:5186514.6

**Actual and Necessary Expenses**

35.    As set forth in Exhibit "D" attached hereto, McKenna has incurred $85,072.99 of expenses in providing professional services to the debtors during the Third Interim Period.

36.    McKenna charged $0.10 per page for photocopying.    McKenna utilizes an electronic device that electronically records the number of copies made.    Whenever feasible, McKenna sends large photocopying projects to an outside service that charges a reduced rate for photocopying.    McKenna does not charge for incoming facsimile transmissions and only charges the cost of the long distance telephone call, if applicable, for outgoing facsimile transmissions.

37.    McKenna's charges for photocopying and facsimile transmissions do not exceed the maximum rate set forth by the Amended Guidelines.    These charges are intended to cover McKenna's direct operating costs, including the use of machines, supplies and labor expenses, which costs are not incorporated in the McKenna hourly billing rates.

38.    McKenna has flat rate contracts with LEXIS and WESTLAW for computerized legal research.    The charges incurred each month are allocated to relevant clients.    The resulting rates are less than the standard rates charged by LEXIS and WESTLAW.

39.    McKenna believes the foregoing rates and expenses are the market rates generally employed by the majority of law firms when charging their clients for such services.

**Notice**

40.    Notice of this Application will be served in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these

-18-

chapter 11 cases.   McKenna has served a copy of this Fee Application upon (i) the Fee

Committee; (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv)

counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy

LLP; and (v) the Office of the United States Trustee for the Southern District of New York.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

ATLANTA:5186514.6

## Conclusion

WHEREFORE, McKenna respectfully requests the entry of an order in the form attached hereto as Exhibit "F":

1.      allowing the compensation for professional services performed by McKenna during the Third Interim Period in the total amount of $922,873.50 and reimbursement of actual expenses McKenna incurred during the Third Interim Period in the amount of $85,072.99;

2.      authorizing the release of the twenty percent (20%) holdback withheld from the Monthly Statements in the amount of $184,574.70; and

3.      granting McKenna such other and further relief as this Court deems just and proper.

Respectfully submitted this 14th day of December, 2009.

McKENNA LONG & ALDRIDGE LLP

By:    /s/ Christopher F. Graham
      Christopher F. Graham
      230 Park Avenue, Suite 1700
      New York, New York  10169
      Telephone: (212) 922-1800
      Facsimile:  (212) 922-1819
      Email:      cgraham@mckennalong.com

      - and -

      /s/ Charles D. Weiss
      Charles D. Weiss
      303 Peachtree Street, N.E., Suite 5300
      Atlanta, Georgia  30308
      Telephone:  (404) 527-4000
      Facsimile:  (404) 527-4198
      Email:      cweiss@mckennalong.com

      *Special Counsel for Debtors*
      *and Debtors in Possession*