**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                    :
                                    :
    In re:                          :     Chapter 11
                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :   Case No. 08-13555 (JMP)
                                    :
              Debtors.              :     (Jointly Administered)
                                    :
                                    :
-------------------------------------------------------x
```

### THIRD INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD <u>JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009</u>

Name of Applicant:                     <u>FTI Consulting, Inc.</u>

Authorized to Provide
Professional Services to:              <u>THE OFFICIAL COMMITTEE OF
                                       UNSECURED CREDITORS OF LEHMAN
                                       BROTHERS HOLDINGS, INC., et al.</u>

Date of Retention:                     <u>September 17, 2008</u>

Period for which compensation
and reimbursement is sought:           <u>June 1, 2009 to September 30, 2009</u>

Amount requested in this fee app
    Compensation requested:            <u>$7,684,069.40</u>
    Expense reimbursement requested:   <u>$211,418.60</u>

Amount previously requested
    Compensation requested:            <u>$11,951,727.20</u>
    Expense reimbursement requested:   <u>$380,397.49</u>

This is an (a): __X__ Interim _____Final Application

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                  :

In re:                             :         Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.,  :        Case No. 08-13555 (JMP)
                                  :

Debtors.          :         (Jointly Administered)
                                  :

-----------------------------------------------------------x

## THIRD INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009

        FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisors to the Official

Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc.

("LBHI"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases

(collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates,

("Lehman"), hereby submits its third application pursuant to 11 U.S.C. §§330 and 331 for an

interim allowance of compensation for services rendered and for reimbursement of expenses

incurred in these cases.

## INTRODUCTION

        1.      By this application, FTI seeks a third interim allowance of compensation

for professional services rendered as financial advisors to the Committee for the period June 1,

2009 through and including September 30, 2009 (the "Third Interim Period") in the amount of

$7,684,069.40, representing 18,931.2 hours in professional services, and actual and necessary expenses of $211,418.60. In support of this application, the Applicant represents as follows:

2.    This application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members dated November 5, 2008 (the "Administrative Fee Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of $7,684,069.40 in fees and $211,418.60 for reimbursement of its expenses relating to services rendered on behalf of the Committee during the Third Interim Period. Included in the $7,684,069.40 fee amount is $1,536,813.88 [1] that represents the 20% professional fee holdback as required in the Administrative Fee Order for the period of June 1, 2009 through September 30, 2009.

## BACKGROUND

3.    On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.    On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

---

[1] There has been a correction to an incorrect GBP billing rate in the September 2009 fee statement resulting in a credit of $1,039.09 (see Exhibit D).

5.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.      By an Order dated November 21, 2008, the United States Bankruptcy Court for the Southern District of New York authorized and approved the Committee's retention of FTI *nunc pro tunc* to September 17, 2008. FTI also filed its First Supplemental Affidavit of Michael Eisenband in Support of Application for an Order for Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors on January 23, 2009, a Second Supplemental Affidavit on April 6, 2009, and a Third Supplemental Affidavit on June 19, 2009.

7.      On August 13, 2009, the Court entered an Order (Docket No. 4795) approving FTI's First Interim Application for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered from September 17, 2008 through January 31, 2009, subject to a 10% holdback as recommended by a fee committee (the "Fee Committee") pending the resolution of the issues identified in FTI's Individual Summary Sheet, awarding FTI an interim allowance of $4,735,544.05 for professional services rendered and $148,515.81 as reimbursement for actual and necessary expenses FTI incurred during that period. On September 10, 2009, the Court entered an Order (Docket No. 5104) approving the Fee Committees Final Recommended Deductions of $43,330.78 be applied to the outstanding 10% holdback from the First Interim Fee Application.  An additional $482,840.78 in fees incurred by FTI during the First period was awarded.

8.      On September 10, 2009, the Court entered an Order (Docket No. 5104) approving FTI's Second Application for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered from February 1, 2009 through May 31, 2009, subject to a 10% holdback as recommended by the Fee Committee pending the resolution of the issues identified in FTI's Individual Summary Sheet, awarding FTI an interim allowance of $6,021,010.43 for professional services rendered and $231,881.68 as reimbursement for actual and necessary expenses FTI incurred during that period. An additional $669,001.16 in fees incurred by FTI during that period has been held-back and remains subject to approval by the Court.

## SUMMARY OF SERVICES RENDERED

9.      The Debtors' chapter 11 cases have presented numerous complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors. The Retention Order authorizes FTI to render essential financial advisory services to the Official Committee of Unsecured Creditors, which included, but were not limited to the following services during the Third Interim Period:

**PCD 3 Assessment and Monetization of Remaining Assets**

During this fee period, FTI met on a regular basis with the Debtors to discuss the management of certain exposures in the loan portfolio and develop a strategy to maximize value. FTI spent time reviewing the weekly loan book flash report prepared by the Debtors, participated in the weekly loan book call with the Debtors, reviewed issues surrounding the pledging of loan book trades to third parties, and reviewed related cash flows. FTI also presented its findings and participated in calls with the Loan Book Sub-Committee.

## PCD 4 Review, Assessment and Valuation of Real Estate

The Lehman real estate portfolio includes positions in hundreds of properties and development projects, which span the world with assets in the Americas, Asia, and Europe. The portfolio, which has invested capital in the tens of billions, has many significant and complex projects, some of which have more than a billion invested in them individually. The investment positions that the Debtors maintain in these projects are extremely varied and include all levels of the projects' capital structure. FTI met on a regular basis with the Debtors' financial advisor, Alvarez & Marsal ("A&M"), and legacy Lehman real estate employees retained by Lehman to gain both an in-depth understanding of the portfolio and to deal with current pressing real estate issues. Many of these issues pertained to various motions filed in the case that required positions to be taken by the Committee with others pertaining to certain funding requirements.  FTI undertook detailed reviews of the significant properties in the portfolio to assess the reasonableness and accuracy of the Debtors' analysis, which included the funding requirements for the projects. FTI and its real estate specialists met with various Lehman Asset Managers to review their assumptions in regard to all aspects of the properties including projected cash flows, future funding requirements, and potential recoveries. FTI has presented its findings on a regular basis to both the Committee's Real Estate Sub-Committee and the full Committee, where appropriate.

## PCD 9 Intercompany Analysis

FTI spent time analyzing intercompany trading operations, including derivatives, foreign exchange trades, financing and structured notes. FTI also actively analyzed the intercompany non-trading operations, including the roll forward of intercompany general ledger balances

through the respective debtor filing dates. FTI has engaged in discussions with Lehman finance

personnel regarding manual interest calculations, foreign exchange impacts, post petition filing

transactions and other outliers impacting intercompany balances. FTI has observed preliminary

settlement discussions with debtor counterparties, as well as participated in meetings concerning

non-operating/trading intercompany activities

**PCD 10 Analyze Worldwide Corporate Structure and Debt Structure**

FTI spent time analyzing Lehman's complex corporate structure on a consolidated and entity-by-

entity basis. FTI worked with Committee professionals to update the joint advisors report to the

Committee, which was presented on September 29, 2009. This included time spent analyzing

intercompany balances and claims analysis. Time was also spent meeting with the Debtors to

discuss the December 31, 2008 Debtors' balance sheets, which included the review of the

changes in asset and liability balances between September 15, 2008 and December 31, 2008, and

preparing a summary presentation to the Committee. FTI also spent time preparing a presentation

summarizing the amended Schedules of Assets and Liabilities ("SoAL's") filed, which included

an analysis of the changes between the original and amended SoAL filings. Time was also spent

developing a cost allocation strategy to allocate overhead costs to the various subsidiaries.

**PCD 11 Analyze Foreign Administration and Insolvency Proceedings**

FTI monitored the performance of the UK administrations, which included the review of the

various administrator reports to creditors and preparation of an update report to the Committee

covering the current state of the LBIE administration and preliminary sources of realization in

the LBIE estate and other UK Administrations. During this period, FTI also monitored the claims

made by LBIE and other non-debtor entities against cash that was received into the bank

accounts of LBHI. All claim documents were reviewed back to source documents. Time was also spent meeting with Committee counsel on various matters including the resolution of the Excalibur transaction, the review of various intercompany claim positions, the proposed scheme of arrangement for Trust assets in the LBIE administration and the participation in calls with the debtor and its advisors.

## PCD 12 Analysis/Monitoring of Cash Flow and Liquidity

FTI reviewed the Company's cash and short-term investment position and cash flow projections to provide comments and guidance to management prior to finalization of weekly reports. This included developing an understanding of what cash was available at both the Debtor and Non Debtor entities and what cash was segregated and unavailable for use by the Company. FTI attended regular meetings with A&M to discuss the actual weekly cash flow results and prepared reports to the Committee with details of the Debtors' current cash and short-term investment position. FTI also reviewed and analyzed the three- month cash flow forecast (July-September) and prepared a summary for the Committee, which included an analysis of the actual versus forecasted results. These services aided the Committee in obtaining a complete understanding of the Company's complex cash flows, financial performance, key business drivers, and areas that needed to be evaluated further (e.g., potential capital calls, hedging opportunities, etc.) in order to ensure that sufficient liquidity was maintained.

## PCD 13 Analyze Employee Compensation

FTI provided support to the Debtors by assisting in the development and review of the employee retention and recruiting plan. Specifically, FTI reviewed updated versions of the employee retention and recruiting plan to analyze employee headcount and related compensation (base,

bonus, and severance pay). FTI issued two reports to update the Committee on the current state of the retention and recruiting plan, which included the status and cost of employees who have been given extensions to their original offers. Time spent in this category also included review and analysis of the Real Estate and Derivative asset groups extension proposals.

## PCD 16 Review and Development of Plan of Reorganization/Disclosure Statement

FTI was actively involved in the assessment of Plan of Reorganization ("POR") issues, which included substantive consolidation, the LAMCO concept, and guarantee exposure. FTI spent time analyzing the factors impacting the work plan for the substantive consolidation/recovery model.

## PCD 19 Operational Wind-down Other

FTI participated in various work-streams to transition dependency on the Barclays Transition Services Agreement ("TSA") to an outsourced provider, LBHI personnel, or wind-down the services altogether.  FTI continued assisting the Company in the migration of the non-IT portion of the TSA services.  FTI completed the transition of TSA items provided by Barclays to a former Lehman hedge fund and assisted the Company with executing its legal separation from the estate.  Finally, FTI continued to play a significant role in enforcing the services LBHI requires under the TSA with Barclays, which entails both controlling the current services delivered, resolution of conflicts, and diligence on the monthly invoice details.  FTI also began working on the plan for LAMCO.

## PCD 20 IT Systems and Data Preservation

FTI continued to assist A&M with identifying, acquiring, and analyzing data held within the LBHI systems.  Tasks included, but were not limited to, application and database

preservation for IBM based and Sybase systems; reviewing and cataloging contents of LBHI

legacy databases; acquiring and analyzing all data owned and accessed by custodians; the

aggregation, normalization, and analysis of data associated with collateral investigations.

Additional ad-hoc requests included, but were not limited to, assisting with unstructured data

review, vendor selection, development of an application to automate and QC the migration

process, the normalization of email extract data, cataloging relevant hard documents and

acquiring/documenting the associated database, data parsing and normalization, and other

requests from A&M and LBHI in support of data preservation. Progress made included building

more than a dozen parsing and search tools, managing and analyzing over 400,000 backup tapes

(including reconciling this data to 20 million text files). Time in this code also included the

continued migration of more than 5 terabytes of data which encompasses over 400 applications

and 200 databases.

## PCD 22 Assess Proposed Resolution of Derivatives

FTI attended and participated in daily settlement adjudication meetings with the A&M and

Lehman Derivative teams to discuss proposed derivatives settlements, and meetings with

Derivatives Co-Heads to discuss issues regarding the derivatives portfolio, plus meetings with

Natixis and Lehman SPV team to discuss the SPV recovery strategies to approve proposed

derivative settlements.  FTI worked with the applicable transactors and traders before and after

the settlement adjudication meetings to discuss relevant settlement issues, provide strategic

guidance in negotiations with counterparties and independently assessed the value of the swaps

and appropriate settlement amounts for certain transactions. A total of 907 settlements with

derivatives counterparties were approved by FTI during this fee period.  This included 570

settlements that were receivables to the applicable Lehman entity with a total net settlement value of approximately $1.03 billion and 337 settlements with counterparties where claims with an aggregate nominal amount of approximately $503 million were crystallized for the counterparties. FTI worked with Committee counsel to provide relevant data and information to the Derivatives sub-committee as appropriate.

**PCD 25 Analysis of Bankruptcy Filings and Court Documents**

FTI assisted Committee counsel with the review and analysis of facts related to various motions that have been filed. In performing these analyses, FTI met with the appropriate Debtor personnel, discussed the costs and benefits of the relief being sought, and reviewed the underlying data and supporting facts. FTI's involvement with reviewing these motions provided assurance to the Committee as to the propriety of the relief being sought. Time was also spent reviewing the amended SoAL schedules.

**PCD 32 Preparation and Participation in Conference Calls/Meetings
With Creditors Committee**

FTI's role included coordinating and fulfilling numerous requests from the Committee for financial and operational data pertaining to the Debtors. FTI worked with Committee counsel in the preparation and presentation of extensive materials for weekly calls with both the full Committee and with the Committee co-chairs regarding updates on derivative positions, real estate positions, cash positions, TSA status, capital calls, monthly operating reports, intercompany balances, substantive consolidation, LAMCO and other key issues. FTI also attended two in person meetings with the Debtor and the Committee on July 1. 2009 and September 30, 2009.

**PCD 36 Preparation of Fee Expense Application**

FTI expended necessary resources to ensure the timely filing of monthly fee statements in

accordance with the Administrative Order Pursuant to 11 U.S.C. Sections 105(a) and 331

Establishing Procedures For Interim Compensation and Reimbursement of Expenses of

Professionals dated November 5, 2008. Time in this category includes preparing the Monthly Fee

Statements for the fee periods of June 2009 through September 2009, as well as the time spent

preparing the Second Interim Application of FTI Consulting, Inc. for Allowance of Compensation

and for Reimbursement of Expenses.

**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

        10.    All of the services for which interim compensation is sought herein were

rendered for and on behalf of the Committee, and not on behalf of any other entity.  FTI

respectfully submits that the professional services rendered were necessary, appropriate and have

contributed to the effective administration of the Debtors' chapter 11 cases and maximization of

value.  It is respectfully submitted that the services rendered to the Committee were performed

efficiently, effectively and economically.

        11.    During the Third Interim Period, FTI professionals expended an aggregate

of 18,931.2 hours in rendering services on behalf of the Committee for a total fee of

$7,684,069.40. FTI submits that its fee is reasonable for the work performed in these cases and

the results obtained.

        12.    FTI incurred out-of-pocket expenses of $211,418.60 in connection with

the rendition of the professional services described above during this Third Interim Period. The

actual expenses incurred in providing professional services were necessary, reasonable, and

justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases.

All air travel to and from the Debtors' location was necessary and billed at actual coach airfare.

Additionally, FTI voluntarily reduced all travel time by 50% during the Third Interim Period.

## **APPLICATION**

13.    This Application is made by FTI in accordance with the Guidelines

adopted by the Executive Office for the United States Trustees and the Administrative Order.

Pursuant to this application, FTI has attached the following exhibits:

A.    Exhibit A -- – Certification Under Guidelines for Fees and Disbursements

for Professionals in Respect of Third Application of FTI Consulting, Inc;

B.    Exhibit B -- Retention Order dated November 21, 2008 authorizing the

employment and retention of FTI Consulting, Inc. effective as of September 17, 2008 to

provide professional services as Financial Advisors to the Official Committee of

Unsecured Creditors;

C.    Exhibit C -- Summary of billings and collections for the First, Second, and

Third Interim Periods;

D.    Exhibit D -- Summary of time and fees by professional;

E.    Exhibit E -- Summary of time by task code;

F.    Exhibit F -- Summary of out of pocket expenses by category incurred

during the Third Interim Period;

G.    Exhibit G[1] -- Detail of time by task codes, including detailed time entry

by professional with description of task performed;

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court. but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

H.    Exhibit H[1] – Detail of expenses by category and professional incurred during the Third Interim Period.

## CONCLUSION

14.    No agreement or understanding exists between FTI and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

15.    No prior application has been made to this or any other Court for the relief requested herein for the Third Interim Period.

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

a.  approving the allowance of $7,684,069.40 for compensation for services rendered during the Third Interim Period, and reimbursement of $211,418.60 for out of pocket expenses,

b.  directing the payment of such fees by the Debtors, and

c.  granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
   December 14, 2009

FTI Consulting, Inc.
Financial Advisors to the Official Committee of
 Unsecured Creditors

By: Conor Tully

Conor Tully
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 841-9335

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

# EXHIBIT

## "A"
### Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                  :
In re:                                            :        Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,            :        08-13555 (JMP)
                                                  :
                        Debtors.                  :        (Jointly Administered)
                                                  :
------------------------------------------------------------- x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF THIRD APPLICATION OF FTI
CONSULTING, INC., FINANCIAL ADVISOR TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM
JUNE 1, 2009 THROUGH AND INCLUDING SEPTEMBER 30, 2009**

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's third application for allowance of compensation for services rendered and

for reimbursement of expenses, dated December 15, 2009 (the "Application"), for the period of

June 1, 2009 through and including September 30, 2009 (the "Third Interim Period") as follows:

1.    I am the professional designated by FTI in respect of compliance with the
Guidelines.

2.    I make this certification in support of the Application, for interim
compensation and reimbursement of expenses for the Third Interim Period, in accordance with
the Local Guidelines.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

   a.    I have read the Application.

   b.    To the best of my knowledge, information and belief formed after
reasonable inquiry, the fees and disbursements sought fall within
the Guidelines.

   c.    Except to the extent that fees or disbursements are prohibited by
the Guidelines, the fees and disbursements sought are billed at
rates in accordance with practices customarily employed by FTI
and generally accepted by FTI's clients.

   d.    In providing a reimbursable service, FTI does not make a profit on
that service, whether the service is performed by FTI in-house or
through a third party.

4.    In respect of section B.2 of the Local Guidelines, I certify that FTI has
provided statements of FTI's fees and disbursements previously accrued, by filing and serving
monthly statements in accordance with the Administrative Fee Order (as defined in the
Application).

5.    In respect of section B.3 of the Local Guidelines, I certify that copies of
the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors,
(d) counsel for the Committee (e) the Office of the United States Trustee and the (f) the Fee
Committee.

Dated:      New York, New York
             December 14, 2009

                          FTI Consulting, Inc.
                          Financial Advisors to the Official Committee
                          Of Unsecured Creditors

                          By:  Conor Tully

                          Conor Tully
                          Senior Managing Director
                          Three Times Square
                          New York, NY  10036
                          (212) 841-9335

# EXHIBIT

## "B"
### Retention Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:                                          :      Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :      08-13555 (JMP)
                                                :
                         Debtors.               :      (Jointly Administered)
------------------------------------------------------------x

### INTERIM ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103 AND FED. R. BANKR. P. 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING INC., AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 17, 2008

Upon the application dated October 21, 2008 (the "Application") of the Official

Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the above-

captioned chapter 11 cases of Lehman Brothers Holdings Inc. and its affiliated debtors and

debtors in possession (collectively, the "Debtors" and, together with their non-Debtor affiliates,

"Lehman"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11

U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "Local Rules"), for authorization to employ

and retain FTI Consulting Inc. ("FTI") as financial advisor for the Creditors' Committee,

effective as of September 17, 2008, all as more fully described in the Application; and upon

consideration of the Affidavit of Michael Eisenband, Senior Managing Director of FTI, sworn to

October 21, 2008 (the "Eisenband Affidavit"); and the Court having jurisdiction to consider the

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New

York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided, and it appearing that no other or further notice need be

provided; and the time for objections to the Application having expired on October 31, 2008,

except for the United States Trustee and the Debtors, whose respective time to object has been

extended on consent, with no objections having been timely filed; and the Court having reviewed

the Application; and the Court having determined that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein and that FTI represents no interest

adverse to the Debtors' estates or to any class of creditors or equity security holders in the

matters upon which FTI is to be engaged and FTI is disinterested within the meaning of 11

U.S.C. § 101(14); and upon all of the proceedings had before the Court, and after due

deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is approved, on an interim basis, effective as of

September 17, 2008, the date on which the Creditors' Committee selected FTI to provide certain

financial advisory services to the Creditors' Committee; and it is further

ORDERED that pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code,

the Creditors' Committee's retention of FTI as its financial advisor in accordance with the

Engagement as set forth in the Eisenband Affidavit is approved to the extent set forth herein on

an interim basis; and it is further

ORDERED that, except as provided herein, FTI shall apply for compensation and

reimbursement in accordance with the procedures set forth in sections 328, 330 and 331 of the

Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, the guidelines

established by the Office of the United States Trustee, and such other procedures as may be fixed

by order of this Court; and it is further

2

ORDERED, that all requests of FTI for payment of indemnity pursuant to the

Engagement shall be made by means of an application (interim or final as the case may be) and

shall be subject to review by the Court to ensure that payment of such indemnity conforms to the

terms of the Engagement and is reasonable based upon the circumstances of the litigation or

settlement in respect of which indemnity is sought, provided, however, that in no event shall FTI

be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any),

gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a

representative of the estate, asserts a claim for, and a court determines by final order that such

claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees

pursuant to the terms of the Engagement, the invoices and supporting time records from such

attorneys shall be included in FTI's own application and such invoices and time records shall be

subject to the United States Trustee's guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331

of the Bankruptcy Code; and it is further

ORDERED that notice of the Application as provided herein and therein shall be

deemed good and sufficient notice of the Application; and it is further

ORDERED that the final hearing to consider entry of an order granting the relief

requested in the Application on a permanent basis shall be held on November 18, 2008 at 10:00

a.m. (prevailing Eastern Time), with no requirement of further notice; and it is further

ORDERED that any objections to entry of an order granting the relief requested in the Application on a permanent basis by the Debtors or the United States Trustee shall be in writing, filed with the Court in accordance with General Order M-242 and and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Creditors' Committee; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, Attn: Lindsee P. Granfield, Esq., and Lisa Schweitzer, Esq., and (vi) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on November 13, 2008; and it is further

ORDERED that if prior to the hearing date either no objections to the Application have been timely filed by either the Debtors of the United States Trustee, or all timely filed objections have been withdrawn, then an order granting the relief requested on a permanent basis may be entered without further hearing; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this interim order.

Dated:  New York, New York
       November 5, 2008

          *s/ James M. Peck*
          HONORABLE JAMES M. PECK
          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT

## "C"
### Monthly Billing and Collection Summary

EXHIBIT C
LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
SUMMARY OF FEES & EXPENSES BY MONTH
FOR THE FIRST INTERIM PERIOD SEPTEMBER 17, 2008 TO JANUARY 31, 2009

| | September 17, 2008 - October 31, 2008 | November 1, 2008 - November 30, 2008 | December 1, 2008 - December 31, 2008 | January 1, 2009 - January 31, 2009 | Total First Interim Period |
|---|---|---|---|---|---|
| Total Fees Requested | $ 1,740,863.86 | 1,146,532.47 | 992,369.15 | $ 1,381,950.13 | 5,261,715.61 |
| Total Expenses Requested | 22,663.93 | 31,033.25 | 41,631.35 | 53,187.28 | 148,515.81 |
| Total Fees and Expenses Requested | $ 1,763,527.79 | $ 1,177,565.72 | $ 1,034,000.50 | $ 1,435,137.41 | $ 5,410,231.42 |
| Total Fees Awarded | 1,731,222.76 | 1,136,891.37 | 980,344.86 | 1,369,925.84 | 5,218,384.83 |
| Total Expenses Awarded | 22,663.93 | 31,033.25 | 41,631.35 | 53,187.28 | 148,515.81 |
| Total Fees and Expenses Awarded | $ 1,753,886.69 | $ 1,167,924.62 | $ 1,021,976.21 | $ 1,423,113.12 | $ 5,366,900.64 |

**EXHIBIT C**

**LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555**

**SUMMARY OF FEES & EXPENSES BY MONTH**

*FOR THE SECOND INTERIM PERIOD FEBRUARY 1, 2009 TO MAY 31, 2009*

| | February 1, 2009 - February 28, 2009 | March 1, 2009 - March 31, 2009 | April 1, 2009 - April 30, 2009 | May 1, 2009 - May 31, 2009 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 1,561,633.72 | $ 1,793,516.15 | $ 1,768,470.02 | $ 1,664,594.95 | $ 6,788,214.84 |
| Travel Reduction (50%) | (17,115.00) | (27,450.00) | (23,457.50) | (30,180.75) | (98,203.25) |
| Billed | $ 1,544,518.72 | $ 1,766,066.15 | $ 1,745,012.52 | $ 1,634,414.20 | $ 6,690,011.59 |
| Paid | (1,390,066.85) | (1,589,459.54) | (1,570,511.27) | (1,470,972.78) | (6,021,010.44) |
| Unpaid | $ 154,451.87 | $ 176,606.62 | $ 174,501.25 | $ 163,441.42 | $ 669,001.16 |
| | | | | | |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 47,480.69 | $ 61,836.79 | $ 54,601.10 | $ 67,963.10 | $ 231,881.68 |
| Paid | (47,480.69) | (61,836.79) | (54,601.10) | (67,963.10) | (231,881.68) |
| Unpaid | $ - | $ - | $ - | $ - | $ - |
| | | | | | |
| **TOTAL** | | | | | |
| Incurred | $ 1,609,114.41 | $ 1,855,352.94 | $ 1,823,071.12 | $ 1,732,558.05 | $ 7,020,096.52 |
| Total Travel Reduction | (17,115.00) | (27,450.00) | (23,457.50) | (30,180.75) | (98,203.25) |
| Billed | $ 1,591,999.41 | $ 1,827,902.94 | $ 1,799,613.62 | $ 1,702,377.30 | $ 6,921,893.27 |
| Paid | (1,437,547.54) | (1,651,296.33) | (1,625,112.37) | (1,538,935.88) | (6,252,892.12) |
| Unpaid | $ 154,451.87 | $ 176,606.62 | $ 174,501.25 | $ 163,441.42 | $ 669,001.16 |

**EXHIBIT C**
**LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 – 13555**
**SUMMARY OF FEES & EXPENSES BY MONTH**
*FOR THE THIRD INTERIM PERIOD JUNE 1, 2009 TO SEPTEMBER 30, 2009*

| | June 1, 2009 - June 30, 2009 | July 1, 2009 - July 31, 2009 | August 1, 2009 - August 31, 2009 | September 1, 2009 - September 30, 2009 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 1,986,310.20 | $ 1,772,072.55 | $ 1,911,760.39 | $ 2,091,869.51 | $ 7,762,012.65 |
| Travel Reduction (50%) | (19,706.00) | (18,813.25) | (24,673.75) | (14,750.25) | (77,943.25) |
| Billed | $ 1,966,604.20 | $ 1,753,259.30 | $ 1,887,086.64 | $ 2,077,119.26 | $ 7,684,069.40 |
| Paid | (1,573,283.36) | (1,402,607.44) | (1,509,669.31) | (1,661,695.41) | (6,147,255.52) |
| Unpaid | $ 393,320.84 | $ 350,651.86 | $ 377,417.33 | $ 415,423.85 | $ 1,536,813.88 |
| | | | | | |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 50,731.45 | $ 56,265.10 | $ 57,506.69 | $ 46,915.36 | $ 211,418.60 |
| Paid | (50,731.45) | (56,265.10) | (57,506.69) | (46,915.36) | (211,418.60) |
| Unpaid | $ - | $ - | $ - | $ - | $ - |
| | | | | | |
| **TOTAL** | | | | | |
| Incurred | $ 2,037,041.65 | $ 1,828,337.65 | $ 1,969,267.08 | $ 2,138,784.87 | $ 7,973,431.25 |
| Total Travel Reduction | (19,706.00) | (18,813.25) | (24,673.75) | (14,750.25) | (77,943.25) |
| Billed | $ 2,017,335.65 | $ 1,809,524.40 | $ 1,944,593.33 | $ 2,124,034.62 | $ 7,895,488.00 |
| Paid | (1,624,014.81) | (1,458,872.54) | (1,567,176.00) | (1,708,610.77) | (6,358,674.12) |
| Unpaid | $ 393,320.84 | $ 350,651.86 | $ 377,417.33 | $ 415,423.85 | $ 1,536,813.88 |
| Correction of billing rate error [1] | - | - | - | (1,039.09) | (1,039.09) |
| Total Unpaid | $ 393,320.84 | $ 350,651.86 | $ 377,417.33 | $ 414,384.76 | $ 1,535,774.79 |

(1) There has been a correction to an incorrect GBP billing rate in the September 2009 fee statement resulting in a credit of $1,039.09 (see Exhibit D).

# EXHIBIT

## "D"
### Summary of Time and Fees by Professional

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Alvarez, Javier | Director | $490.00 | 41.0 | $20,090.00 |
| Baker, Eliana | Intern | $75.00 | 3.5 | $262.50 |
| Bartko, Edward | Senior Managing Director | $825.00 | 0.5 | $412.50 |
| Baumkirchner, Michael | Director | $550.00 | 563.5 | $309,925.00 |
| Beloreshki, Tsvetan | Managing Director | $565.00 | 41.5 | $23,447.50 |
| Belov, Mikhail | Director | $450.00 | 29.0 | $13,050.00 |
| Blanton, Jeffrey | Consultant | $225.00 | 127.4 | $28,665.00 |
| Bouchma, Miriam | Director | $410.00 | 75.0 | $30,750.00 |
| Brodwin, Jahn | Senior Managing Director | $490.00 | 41.0 | $20,090.00 |
| Burkhardt, Rachel | Director | $450.00 | 93.9 | $42,255.00 |
| Chan, Stanley | Director | $410.00 | 235.9 | $96,719.00 |
| Chang, Richard | Consultant | $275.00 | 2.1 | $577.50 |
| Cheng, Laura | Senior Consultant | $405.00 | 644.3 | $260,941.50 |
| Chin, Clara | Director | $490.00 | 94.7 | $46,403.00 |
| Costanzo, Thomas | Consultant | $255.00 | 317.9 | $81,064.50 |
| Darefsky, Robert J. | Senior Managing Director | $825.00 | 251.7 | $207,652.50 |
| Dean, Christopher | Director | $615.00 | 593.3 | $364,879.50 |
| [1] Denyer, Emma | Consultant | $634.28 | 3.8 | $2,410.28 |
| Dewar, Mark | Senior Managing Director | $913.33 | 23.3 | $21,280.52 |
| Djordjevic, Nikola | Senior Consultant | $305.00 | 583.3 | $177,906.50 |
| Donoghue, Patrick | Senior Managing Director | $825.00 | 7.1 | $5,857.50 |
| Eisenband, Michael | Senior Managing Director | $825.00 | 278.7 | $229,927.50 |

Page 1 of 4

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Farber, Arnold | Senior Consultant | $420.00 | 75.0 | $31,500.00 |
| Finan, Ciara | Intern | $125.00 | 43.4 | $5,425.00 |
| Foo, Sandy | Senior Consultant | $420.00 | 144.3 | $60,606.00 |
| French, Jennifer | Director | $615.00 | 321.1 | $197,476.50 |
| Friedland, Deborah | Managing Director | $420.00 | 139.1 | $58,422.00 |
| Friedland, Scott | Senior Managing Director | $630.00 | 167.7 | $105,651.00 |
| Friedmann, Peter | Senior Consultant | $370.00 | 374.5 | $138,565.00 |
| Ghi, Katherine | Consultant | $335.00 | 711.5 | $238,352.50 |
| Green, Jordan | Associate | $220.00 | 339.9 | $74,778.00 |
| Greenberg, Mark | Managing Director | $635.00 | 134.2 | $85,217.00 |
| Hain, Danielle | Managing Director | $685.00 | 246.5 | $168,852.50 |
| Hewitt, Kevin | Senior Managing Director | $949.62 | 5.0 | $4,748.09 |
| Hofstad, Ivo | Director | $450.00 | 1.0 | $450.00 |
| Jelen, Michael | Senior Consultant | $320.00 | 395.8 | $126,656.00 |
| Joffe, Steven | Senior Managing Director | $825.00 | 13.2 | $10,890.00 |
| Johnston, Cheryl | Paraprofessional | $210.00 | 263.1 | $55,251.00 |
| Kim, Jac | Consultant | $280.00 | 382.0 | $106,960.00 |
| Kim, Annette | Senior Consultant | $305.00 | 16.1 | $4,910.50 |
| Korsman, Lynn | Senior Consultant | $455.00 | 631.7 | $287,423.50 |
| Kream, Benjamin | Consultant | $350.00 | 161.2 | $56,420.00 |
| Lau, King | Director | $450.00 | 1.3 | $585.00 |
| Lazzara, Frank | Managing Director | $515.00 | 12.0 | $6,180.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Lennon, Chad | Consultant | $255.00 | 447.8 | $114,189.00 |
| Leo, Brian | Consultant | $235.00 | 2.0 | $470.00 |
| Luchsinger, John | Senior Consultant | $310.00 | 576.9 | $178,839.00 |
| Lyman, Scott | Senior Consultant | $480.00 | 571.1 | $274,128.00 |
| Manalo, Caroline | Director | $615.00 | 0.8 | $492.00 |
| Manning, Edward | Consultant | $449.95 | 4.0 | $1,799.80 |
| Miller, Christopher | Consultant | $235.00 | 719.9 | $169,176.50 |
| Moore, Meghan | Consultant | $275.00 | 610.3 | $167,832.50 |
| Morris, Justin | Associate | $250.00 | 5.9 | $1,475.00 |
| Narang, Karan | Associate | $250.00 | 37.5 | $9,375.00 |
| Nelms, Christopher | Director | $615.00 | 701.8 | $431,607.00 |
| Peck, Amanda | Consultant | $499.42 | 29.5 | $14,732.84 |
| Pelino, Nicholas | Consultant | $235.00 | 493.4 | $115,949.00 |
| Reagan, Mark | Consultant | $255.00 | 432.8 | $110,364.00 |
| [2] Rickelton, Lisa | Director | $707.02 | 27.5 | $19,443.12 |
| Rizvi, Tabish | Manager | $330.00 | 307.4 | $101,442.00 |
| Rodriguez, Yolanda | Paraprofessional | $175.00 | 3.2 | $560.00 |
| Ruta, Dustin | Consultant | $395.00 | 250.9 | $99,105.50 |
| Santanasto, John | Consultant | $255.00 | 6.0 | $1,530.00 |
| Schwartz, Matthew | Intern | $75.00 | 8.3 | $622.50 |
| Schwarz, David | Intern | $175.00 | 54.5 | $9,537.50 |
| Siris, John | Managing Director | $685.00 | 499.4 | $342,089.00 |

**Page 3 of 4**

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Smith, Derrick | Director | $430.00 | 551.9 | $237,317.00 |
| Star, Samuel | Senior Managing Director | $825.00 | 137.6 | $113,520.00 |
| Strong, Pamela | Consultant | $235.00 | 669.9 | $157,426.50 |
| Tully, Conor | Senior Managing Director | $725.00 | 186.1 | $134,922.50 |
| Turner, David | Managing Director | $575.00 | 369.8 | $212,635.00 |
| Tuteja, Gurpreet | Senior Consultant | $350.00 | 561.1 | $196,385.00 |
| Weinthal, Rachel | Director | $410.00 | 745.2 | $305,532.00 |
| Williams, Mark | Consultant | $275.00 | 661.9 | $182,022.50 |
| Witinok, Daniel | Director | $395.00 | 618.0 | $244,110.00 |
| Yang, Victor | Consultant | $335.00 | 1.0 | $335.00 |
| Yozzo, John | Managing Director | $545.00 | 5.8 | $3,161.00 |

|  |  | **Grand Total** | 18,931.2 | $7,762,012.65 |
|---|---|---|---|---|
|  | *Less: 50% Travel Reduction* | | | ($ 77,943.25) |
|  | **Net Grand Total** | | | $7,684,069.40 |

*(1)*
Correction of an incorrect GBP bill rate in the September 2009 fee statement resulting in a credit of $492.06.

*(2)*
Correction of an incorrect GBP bill rate in the September 2009 fee statement resulting in a credit of $547.03.

**"E"**

**Summary of Time by Task Code**

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 3 | Assessment and Monetization of Remaining Assets | 128.5 | $63,473.00 |
| 4 | Review, Assessment and Valuation of Real Estate | 1,486.7 | $552,379.51 |
| 5 | Review, Assessment and Valuation of Other Assets | 12.4 | $9,181.50 |
| 8 | Forensic Accounting Projects | 67.9 | $41,947.00 |
| 9 | Intercompany Testing | 572.8 | $291,845.50 |
| 10 | Analyze Worldwide Corporate Structure, Debt Structure, and Balance Sheet | 625.5 | $351,631.75 |
| 11 | Analyze Foreign Administration and Insolvency Proceedings | 146.6 | $99,545.36 |
| 12 | Analysis/Monitoring of Cash Flow/Liquidity | 403.5 | $209,739.25 |
| 13 | Analyze Employee Compensation | 97.7 | $58,783.50 |
| 14 | Analysis of News/Press | 40.1 | $21,948.22 |
| 16 | Review and Development of Plan of Reorganization/Disclosure Statement | 210.2 | $128,085.00 |
| 19 | Operational Wind-down Other | 728.2 | $451,197.00 |
| 20 | IT System and Data Preservation | 6,416.4 | $2,109,868.50 |
| 21 | Claims Assessment, Analysis and Adjudication | 51.2 | $29,677.50 |
| 22 | Assess Proposed Resolution of Derivatives | 6,402.9 | $2,635,636.50 |
| 23 | Review and Assessment of Tax Issues | 14.1 | $11,319.50 |
| 25 | Analysis of Bankruptcy Filings and Court Documents | 169.6 | $86,514.50 |
| 26 | Planning, Supervision and Review | 55.3 | $36,879.00 |
| 28 | Preparation for Attendance at Court | 3.5 | $2,887.50 |

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 31 | Preparation and Participation in Conference Calls with Debtor | 36.6 | $26,195.00 |
| 32 | Preparation and Participation in Conference Calls with Creditors Committee | 307.6 | $213,301.31 |
| 34 | Meetings with Other Parties | 84.8 | $55,290.25 |
| 35 | Firm Retention and Relationships Check | 6.8 | $4,760.00 |
| 36 | Preparation of Fee and Expense Application | 369.7 | $114,040.00 |
| 37 | Non-Working Travel Time | 492.5 | $155,886.50 |
| | **Grand Total** | **18,931.2** | **$7,762,012.65** |
| | *Less: 50% Travel Reduction* | | ($ 77,943.25) |
| | **Net Grand Total** | | **$7,684,069.40** |

# EXHIBIT

## "F"
### Expenses by Category

**EXHIBIT F**
**LEHMAN BROTHRS HOLDING, INC. CASE NO. 08-13555**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009*

| *Expense Category* | *Total Expenses* |
|---|---|
| Airfare | $15,548.40 |
| Lodging | $139,923.83 |
| Meals | $21,489.59 |
| Transportation | $32,716.33 |
| Other | $1,740.45 |
| *Total* | **$211,418.60** |

*Page 1 of 1*

# EXHIBIT

## "G"
## Time Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

# EXHIBIT

## "H"
### Expense Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.