SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :           Chapter 11
                                          :           Case No. 08-13555
LEHMAN BROTHERS HOLDINGS INC., et al., :              (Jointly Administered)
                                          :
Debtors.                                  :
                                          :
-------------------------------------------------------------x
```

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

THIRD INTERIM APPLICATION

**NAME OF APPLICANT:**        Simpson Thacher & Bartlett LLP

**TIME PERIOD:**             June 1, 2009 through and including September 30, 2009

**ROLE IN THE CASE:**        Special Counsel to the Debtors

**CURRENT APPLICATION:**     Total Fees Requested: $660,687.20

                             Total Expenses Requested: $5,083.64

**PRIOR APPLICATIONS:**      First Interim Fee Application Dated April 10, 2009

                             Second Interim Fee Application Dated August 13, 2009

## I. Partners

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[1] |
|---|---|---|---|---|
| Tom Bell | 1983 | .80 | 980 | $784.00 |
| Edward Chung | 1992 | 79.90 | 960 | $76,704.00 |
| Sarah Cogan | 1981 | 1.40 | 980 | $1,372.00 |
| John Finley | 1981 | 17.80 | 1000 | $17,800.00 |
| Marcy Geller | 1997 | 7.80 | 950 | $7,410.00 |
| Andy Keller | 1983 | 66.50 | 980 | $65,170.00 |
| Mary E. McGarry | 1982 | .40 | 980 | $392.00 |
| Gary Rice | 1982 | 4.05 | 980 | $3,969.00 |
| Brian Robbins | 1988 | 10.90 | 960 | $10,464.00 |
| Glenn Sarno | 1992 | 81.80 | 960 | $78,528.00 |
| Peter Thomas | 1984 | 41.20 | 980 | $40,376.00 |
| Mark Thompson | 1982 | 1.80 | 980 | $1,764.00 |
| Steve Todrys | 1978 | 6.10 | 980 | $5,978.00 |
| **Total Partner:** | | **320.45** | | **$310,711.00** |

## II. Counsel

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[2] |
|---|---|---|---|---|
| Steven DeLott (Senior Counsel) | 1988 | 12.60 | 765 | $9,639.00 |
| Jamin Koslowe (Counsel) | 2002 | 37.40 | 740 | $27,676.00 |
| David Wohl (Senior Counsel) | 1996 | 55.60 | 765 | $42,534.00 |
| Joyce Xu (Senior Counsel) | 2000 | 1.30 | 765 | $994.50 |
| **Total Counsel And Senior Counsel:** | | **106.90** | | **$80,843.50** |

---

[1]   In accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, overall monthly fees for the General Corporate and Securities Matters (defined below) and the Marubeni Matter (defined below) are subject to a 30% discount.  This discount is not reflected in the "Total Fee" amounts listed on this summary, but was applied to the overall monthly fee amounts for the General Corporate and Securities Matters and the Marubeni Matter set forth in each monthly fee statement and is also reflected in the Compensation Period totals for those matters set forth on Exhibit C to the Application.

[2]   See footnote 1.

2

### III. Associates

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[3] |
|---|---|---|---|---|
| Simone Bono | 2001 | .60 | 690 | $414.00 |
| Mark Bussey | 2006 | 4.60 | 530 | $2,438.00 |
| Andrew Cattell | 2005 | 1.50 | 590 | $885.00 |
| Victor Chai | 2005 | 1.00 | 530 | $530.00 |
| Brijesh Dave | 2001 | 11.60 | 690 | $8,004.00 |
| Kurt Dudas | 2004 | 7.80 | 625 | $4,875.00 |
| Daniel Foster | 2008 | 11.40 | 385 | $4,389.00 |
| Anne Knight | 2005 | 19.40 | 590 | $11,446.00 |
|  |  | 4.20 | 625[4] | $2,625.00 |
| Mindy Lok | 2004 | 16.90 | 625 | $10,562.50 |
| Huaying Qi | 2006 | 33.90 | 530 | $17,967.00 |
|  |  | .10 | 590[5] | $59.00 |
| Conor Reidy | 2008 | 66.70 | 385 | $25,679.50 |
|  |  | 24.50 | 455[6] | $11,147.50 |
| Gabriel Rottman | 2007 | 37.50 | 455 | $17,062.50 |
| Chi Shum | 2000 | 74.10 | 690 | $51,129.00 |
| Reynelle Staley | 2003 | 24.70 | 650 | $16,055.00 |
| Thomas Terbell | 2005 | 76.60 | 590 | $45,194.00 |
|  |  | 3.70 | 625[7] | $2,312.50 |
| Bryan Tollin | 2006 | 96.10 | 530 | $50,933.00 |
|  |  | 17.40 | 590[8] | $10,266.00 |
| Howie Wachtel | 2006 | 1.50 | 530 | $795.00 |
| **Total Associate:** |  | **535.80** |  | **$294,768.50** |

### IV. Managing Attorneys/Clerks

| Name of Professional | Hours | Hourly Rate | Total Fees[9] |
|---|---|---|---|
| Lloyd Colona | .50 | 125 | $62.50 |
| Daniel Keenaghan | .80 | 430 | $344.00 |
| Brian Roe | 1.00 | 125 | $125.00 |

---

[3]     See footnote 1.

[4]     Rate increase is as of September 1, 2009.  September 2009 fees for this attorney are billed at the increased rate.

[5]     See footnote 4.

[6]     See footnote 4.

[7]     See footnote 4.

[8]     See footnote 4.

[9]     See footnote 1.

3

| | | | |
|---|---|---|---|
| Amanda Stewart | 1.00 | 125 | $125.00 |
| Jacqueline Williams | .50 | 125 | $62.50 |
| **Total Managing Attorneys/Clerks:** | **3.80** | | **$719.00** |

### V. Summer Associates

| **Name of Professional** | **Hours** | **Hourly Rate** | **Total Fees**[10] |
|---|---|---|---|
| Xavier Sparrow | 8.20 | 295 | $2,419.00 |
| Qi Yue | 4.00 | 295 | $1,180.00 |
| **Total Summer Associate:** | **12.20** | | **$3,599.00** |

### VI. Paraprofessionals

| **Name of Professional** | **Hours** | **Hourly Rate** | **Total Fees**[11] |
|---|---|---|---|
| Anne Alfano | 1.00 | 200 | $200.00 |
| Mollie Braverman | 2.00 | 175 | $350.00 |
| Jade Dunn | .50 | 175 | $87.50 |
| Anitha Gandhi | 1.00 | 200 | $200.00 |
| Elisabeth Juterbock | 1.10 | 200 | $220.00 |
| Dara Kanowitz | 3.50 | 175 | $612.50 |
| Thomas King | .50 | 235 | $117.50 |
| Andrew Laird | 1.50 | 175 | $262.50 |
| Christine Lopez | 44.90 | 175 | $7,857.50 |
| Laura Maio | .80 | 175 | $140.00 |
| **Total Paraprofessional:** | **56.80** | | **$10,047.50** |

### VII. Other Non-Attorney Timekeepers

| **Name of Professional** | **Hours** | **Hourly Rate** | **Total Fees**[12] |
|---|---|---|---|
| Penny Frank (Library Reference Manager) | .40 | 210 | $84.00 |
| Eleanor Fronda (Librarian-Reference) | .30 | 210 | $63.00 |
| Lou Tripodi (Librarian) | .50 | 210 | $105.00 |
| **Total Non-Attorney Timekeepers:** | **1.20** | | **$252.00** |

### VIII. Attorney Blended Rate

| **Attorney Blended Rate:**[13] |
|---|
| $712.58 |

---

[10]  See footnote 1.

[11]  See footnote 1.

[12]  See footnote 1.

[13]  The overall attorney blended rate is based on total attorney fees before application of the discounts set forth in footnote 1.

SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                                                   :                    **Chapter 11**
:                    **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :                    **(Jointly Administered)**
:
**Debtors.**                                                      :
:
-------------------------------------------------------------x

### THIRD INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Simpson Thacher & Bartlett LLP ("Simpson Thacher" or the "Firm"), special counsel to Lehman Brothers Holdings Inc. ("LBHI") and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "Debtors"), for its Third Interim Application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of compensation for professional services performed by Simpson Thacher during the period commencing June 1, 2009, through and including September 30, 2009 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

4.      On May 26, 2009, the Court appointed a fee committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") in the above-captioned chapter 11 cases pursuant to an order of the same date [Docket No. 3651].

## Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

6.       Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.       Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Retention of Simpson Thacher

8.       By an order dated November 21, 2008 [Docket No. 1658] (the "Retention Order"), the Court approved the application dated November 3, 2008 filed by the Debtors seeking authorization pursuant to section 327(e) of the Bankruptcy Code *nunc pro tunc* to the Commencement Date to employ Simpson Thacher as special counsel to the Debtors for certain non-bankruptcy related postpetition corporate and litigation matters (the "Retention Application") [Docket No. 1352].  These matters are more fully described in the Affidavit of Mary Elizabeth McGarry dated October 31, 2008 (the "Retention Affidavit"), submitted as Exhibit A to the Retention Application, and the Affidavit of Mary Elizabeth McGarry dated November 18, 2008 (the "Supplemental Retention Affidavit"), submitted to the Court on November 18, 2008 in connection with the Retention Application [Docket No. 1588].  By an order dated April 9, 2009 [Docket No. 3315] (the "First Expansion Order"), the Court approved the motion dated March 24, 2009 filed by the Debtors seeking authority to expand Simpson

Thacher's retention to include, *nunc pro tunc* to December 18, 2008, the representation of one or more of the Debtors in connection with certain insurance matters (the "First Expansion Motion") [Docket No. 3216].  These matters are more fully described in the Affidavit of Mary Elizabeth McGarry dated March 24, 2009 (the "March 24, 2009 Supplemental McGarry Affidavit"), submitted as Exhibit A to the First Expansion Motion.  By an order dated July 16, 2009 [Docket No. 4427] (the "Second Expansion Order"), the Court approved the further expansion of Simpson Thacher's retention to include, *nunc pro tunc* to May 19, 2009, the representation of LBHI in with matters related to the formation and operation of a potential asset management/servicing business (the "Second Expansion Motion") [Docket No. 4050].  These matters (the "Additional Corporate Matters") are more fully described in the Affidavit of Mary Elizabeth McGarry dated June 18, 2009 (the "June 18, 2009 Supplemental McGarry Affidavit"), submitted as Exhibit A to the Second Expansion Motion.[14]

### Summary of Requested Professional Compensation
### And Reimbursement of Expenses

9.    This Application has been prepared in accordance with (a) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines" ), (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), (c) the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals entered by the Court on June

---

[14]    Because Simpson Thacher's retention for the Additional Corporate Matters was approved after the conclusion of the previous compensation period, fees and expenses incurred during May 2009 with respect to the Additional Corporate Matters are included in this Application.

25, 2009 (the "<u>Interim Compensation Order</u>") and (d) the Fee Protocol (collectively with the

Local Guidelines, the UST Guidelines and the Interim Compensation Order, the "<u>Guidelines</u>").

      10.    Simpson Thacher previously requested compensation from the Court for

professional services and reimbursement of expenses in its First Interim Fee Application dated

April 10, 2009 (the "<u>First Interim Fee Application</u>") and the Second Interim Fee Application

dated August 13, 2009 (the "<u>Second Interim Fee Application</u>").  On August 5, 2009, the Court

approved Simpson Thacher's First Interim Fee Application, subject to a 10% holdback, which

holdback the Court ordered with respect to all retained professionals.  On September 25, 2009,

the Court approved Simpson Thacher's Second Interim Fee Application, subject to a 10%

holdback, which holdback the Court ordered with respect to all retained professionals.  On

September 25, 2009 the Court also approved the release of the 10% holdback for the First

Interim Fee Application, subject to certain reductions recommended by the Fee Committee.

      11.    By this Application, Simpson Thacher seeks allowance in full of interim

compensation for professional services rendered to the Debtors during the Compensation Period,

in the aggregate amount of $660,687.20, and for reimbursement of actual, necessary expenses

incurred in connection with such services in the aggregate amount of $5,083.64.  During the

Compensation Period, Simpson Thacher attorneys and paraprofessionals/other non-attorney

timekeepers expended a total of 1,037.15 hours for which compensation is sought.

      12.    In accordance with the Interim Compensation Order, Simpson Thacher has

received payments to date totaling $533,633.40 ($528,549.76 of which is for services rendered

and $5,083.64 of which is for reimbursement of expenses) for the Compensation Period.  By this

Application, Simpson Thacher seeks payment of the remaining $132,137.44, which amount

represents the Court-ordered 20% holdback of Simpson Thacher requested fees during the Compensation Period.

13.    During the Compensation Period, other than pursuant to the Interim Compensation Order, Simpson Thacher has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Simpson Thacher and any other person, other than partners of the Firm, for the sharing of compensation to be received for services rendered in these cases.

14.    The fees charged by Simpson Thacher in these cases are billed in accordance with its agreed-upon billing rates and procedures in effect during the Compensation Period.  The rates charged by Simpson Thacher for the services rendered in these chapter 11 cases do not (and will not) exceed the rates Simpson Thacher customarily charges for services rendered in comparable matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable assignments in a competitive national legal market.

15.    Prior to the filing of this Application, Simpson Thacher sent the Debtors, Weil, Gotshal & Manges LLP, the U.S. Trustee, counsel to the Creditors' Committee and counsel to the Fee Committee monthly fee statements setting forth Simpson Thacher's fees for professional services rendered and expenses incurred beginning on June 1, 2009 through September 30, 2009.  In connection with preparing each of the four monthly statements, Simpson Thacher, based on its pre-Commencement Date practice with the Debtors with respect to certain categories of matters and expenses, and based on its understanding of expenses permitted under the UST Guidelines, voluntarily adjusted its fees and expenses in favor of the estates.

10

Specifically, Simpson Thacher has voluntarily reduced its fees and expenses by approximately $53,964 during the Compensation Period.[15]   No party objected to any element of any of Simpson Thacher's monthly statements.

16.    Pursuant to the UST Guidelines, annexed to the U.S. Trustee summary section preceding this Application is a schedule setting forth all Simpson Thacher professionals and paraprofessionals/other non-attorney timekeepers who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by Simpson Thacher, the hourly billing rate charged by Simpson Thacher for services performed by such individual, the year in which each professional graduated from law school and the aggregate number of hours expended in this matter and fees billed therefor.

17.    Pursuant to the Local Guidelines, a certification regarding compliance with the same is annexed hereto as Exhibit A.

18.    Annexed hereto as Exhibit B is a schedule specifying the categories of actual, necessary expenses for which Simpson Thacher is seeking reimbursement and the total amount for each such expense category.

19.    Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a summary of the number of hours and amounts billed by Simpson Thacher during the Compensation Period, organized by matter.

---

[15]    These reduced fees and expenses consist of a 30% discount on overall monthly fees for the General Corporate and Securities Matters (defined below) in accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, a 30% discount on overall monthly fees for the Marubeni Matter (defined below) in accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, reductions and write-offs of certain expenses in accordance with Simpson Thacher's pre-Commencement practice with the Debtors, write-offs of amounts billed for word processing and proofreading in accordance with the UST Guidelines and other voluntary reductions of fees and expenses.

20.    Simpson Thacher maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals/non-attorney timekeepers in connection with the Debtors' chapter 11 cases.[16]

21.    To the extent that time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Simpson Thacher reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## Summary of Services

22.    The Debtors sought and received the Court's approval to retain Simpson Thacher because of Simpson Thacher's extensive knowledge and experience in representing the Debtors and other LBHI affiliates in various corporate and litigation matters prior to the Commencement Date.  Simpson Thacher is a leading global law firm with more than 800 lawyers.  The Firm provides coordinated legal advice on the largest and most complex corporate transactions and litigation matters in a variety of industries, including financial services. Simpson Thacher regularly advises clients regarding ongoing disclosure and compliance matters under the U.S. securities laws, and regularly advised the Debtors and their affiliates on these matters for many years.  Simpson Thacher is one of the world's preeminent law firms in the mergers and acquisitions field, and is experienced in such transactions within the financial services industry.  In addition, Simpson Thacher's litigation professionals frequently represent

---

[16]    Detailed time and expense records are not being publicly filed but are being provided to the Debtors, Weil, Gotshal & Manges LLP, the Court, the U.S. Trustee, counsel to the Creditors' Committee and the Fee Committee.  Parties in interest required to be served with monthly fee statements pursuant to the Interim Compensation Order have previously received such records.  Copies of these records will be made available to other parties in interest upon reasonable request.

individuals and business entities in a wide range of litigation matters, including government investigations and proceedings.

23.     Simpson Thacher has represented LBHI since its 1994 spin-off from American Express and represented LBHI's predecessors for several decades before 1994. During that time, the Firm has represented LBHI and its affiliates in numerous litigations and corporate transactions and in connection with general corporate and regulatory matters.  Over the course of such representation, Simpson Thacher has become uniquely familiar with the business and affairs of these entities.

24.     By the Retention Order, the Debtors received the Court's approval to retain Simpson Thacher as special counsel to LBHI pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Commencement Date, to perform legal services in connection with the following matters: (i) assisting LBHI with ongoing reporting obligations under the Securities and Exchange Act of 1934 (the "Corporate and Securities Matters"), (ii) assisting LBHI with respect to negotiations related to, and the closing of the sale of, the North American investment banking and capital markets businesses of Lehman Brothers Inc. ("LBI") to Barclays Capital, Inc., (iii) assisting LBHI with respect to the sale of the investment management division of LBI to Bain Capital, LLC and Hellman & Friedman LLC, and (iv) representing LBHI in connection with the testimony of Richard S. Fuld, Jr., Chairman of the Board and Chief Executive Officer of LBHI, before Congress, including production of LBHI documents to Congress.  Other than with respect to follow-up requests in connection with these prior matters, Simpson Thacher's representation of LBHI in connection with these matters substantially concluded as of October 22, 2008.

25.    In addition, by the Retention Order, the Debtors received the Court's approval to pay Simpson Thacher's fees and expenses *nunc pro tunc* to the Commencement Date for Simpson Thacher's representation of LBA Y.K., a non-debtor indirect subsidiary of LBHI, in a litigation matter in federal district court captioned *In the Matter of the Application of LBA Y.K., for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery from Marubeni America Corp. for Use in an Action Pending in Japan in the Tokyo District Court, Civil Division, Styled* LBA Y.K. v. Marubeni Corp., Misc. No. M19-82 (S.D.N.Y.), and the appeal therefrom by Marubeni America Corporation to the United States Court of Appeals for the Second Circuit (the "U.S. LBA Action") (LBA Y.K.'s pending action against Marubeni Corporation in the Tokyo, Japan Civil Court (the "Japan LBA Action") together with the U.S. LBA Action are the "Marubeni Matter").  In connection with the Marubeni Matter, Simpson Thacher has also coordinated with LBA Y.K.'s attorneys in the Japan LBA Action and assisted in gathering and providing to insurance bond underwriters information concerning this litigation specified under a bond policy issued to LBHI, pursuant to which LBA Y.K. is an insured.  According to LBHI, any recovery LBA Y.K. receives in the Japan LBA Action, and any proceeds received under the bond policy, will be paid to the Debtors.  Thus, the Debtors' estates have a common interest with LBA Y.K. in the prosecution of its claims against Marubeni Corporation, and in recovery under the bond policy, as well as a strong interest in ensuring maximum recovery from Marubeni Corporation in the Japan LBA Action and under the bond policy.  Prior to the Commencement Date, LBHI paid Simpson Thacher's fees and expenses in connection with these matters.

26.    By the First Expansion Order, the Debtors received the Court's approval to expand the scope of Simpson Thacher's retention as special counsel to the Debtors in connection with insurance regulatory advice with respect to insurance company counterparties to

14

derivatives contracts in circumstances where Weil, Gotshal & Manges LLP is unable to provide such advice due to conflicts (the "Insurance Matters").  In connection with the Insurance Matters, Simpson Thacher provided insurance regulatory advice to the Debtors with respect to the restructuring of Syncora Guarantee Inc. ("Syncora"), a financial guaranty insurer regulated by the New York State Insurance Department, and the commutation of various Syncora insurance policies insuring derivative contracts held by the Debtors.  Simpson Thacher's representation of the Debtors in connection with the Insurance Matters substantially concluded as of July 15, 2009.

27.     By the Second Expansion Order, the Debtors received the Court's approval to expand the scope of Simpson Thacher's retention as special counsel to the Debtors in connection with the representation of LBHI, in coordination with Weil Gotshal & Manges LLP, with matters related to the formation and operation of a potential asset management/servicing business, including drafting and negotiating contracts and organizational documents, analyzing regulatory and other legal issues and performing any other general corporate work needed in connection with the formation and operation of that business (the "Additional Corporate Matters").

28.     Recitation of each and every item of professional services performed by Simpson Thacher during the Compensation Period would be extremely burdensome.  Hence, the following summary highlights the major areas to which Simpson Thacher devoted time and attention during the Compensation Period.  This summary is organized in accordance with the individual matters for which Simpson Thacher was retained as special counsel by the Retention Order.  Exhibit C provides a detailed breakdown of the time devoted and fees allocable to each matter.

### (i) General Corporate and Securities Matters

Simpson Thacher's work with respect to the General Corporate and Securities Matters for the Compensation Period includes:

- Preparing and reviewing various Form 8-K and Form 12b-25 filings by LBHI and certain of its finance subsidiaries with the Securities and Exchange Commission under the Securities and Exchange Act of 1934, and discussing the same with the Debtors and Weil, Gotshal & Manges LLP.

- Providing advice to the Debtors regarding the effect of the bankruptcy filing on certain finance subsidiaries of LBHI and on LBHI's reporting obligations under the Securities and Exchange Act of 1934.

- Preparing and reviewing documents and coordinating with various parties in connection with the dissolution of certain finance subsidiaries of LBHI.

- Providing advice and assisting with various securities law, employee benefits and tax questions for LBHI.

### (ii) Marubeni Matter

Simpson Thacher's work with respect to the Marubeni Matter for the Compensation Period includes:

- Obtaining discovery of Marubeni America under an order entered by the U.S. District Court for the Southern District of New York in aid of the Japan Civil Action pursuant to 28 U.S.C. § 1782.

- Providing assistance to Thomas Hommel and Eric Albert, in-house counsel to the Debtor, and LBA Y.K.'s Japanese counsel (Oh-Ebashi and Morrison & Foerster) in developing and coordinating litigation strategy in the pending civil action against Marubeni Corporation in the Tokyo, Japan Civil Court, including review and comment on draft briefs.

- Monitoring related criminal, bankruptcy and other legal proceedings currently pending in Japan.

- Gathering and providing information to insurance bond underwriters concerning the foregoing proceedings under a bond policy issued to LBHI, pursuant to which LBA Y.K. is an insured.

### (iii) Retention and Fee Matters

Simpson Thacher's work with respect to retention and fee matters for the Compensation Period includes:

- Preparing the Second Expansion Motion and June 18, 2009 Supplemental McGarry Affidavit, reviewing Simpson Thacher's client records database in connection with the disclosures contained therein and coordinating retention matters with the Debtors and Weil, Gotshal & Manges LLP.

- Reviewing time entries and disbursement/expense reports and conforming the same to applicable guidelines and rules in preparation for the monthly bills submitted in these cases.

- Compiling and serving monthly fee statements on all appropriate parties, pursuant to the terms of the Interim Compensation Order.

- Reviewing Simpson Thacher's client records database in order to ascertain whether conflicts of interest have arisen since the Debtors retained Simpson Thacher in accordance with the order authorizing Simpson Thacher's retention.

- Preparing Simpson Thacher's Second Interim Fee Application.

- Preparing monthly budgets as required by the Fee Committee.

- Providing information to and interacting with the Fee Committee regarding budget and fee issues.

### (iv) Insurance Matters

Simpson Thacher's work with respect to the Insurance Matters for the Compensation Period includes:

- Providing insurance regulatory advice to the Debtors regarding the likely effect of a rehabilitation or liquidation proceeding involving Syncora on the insurance policies held by the Debtors.

- Reviewing and negotiating various novation and reinsurance agreements related to the restructuring of Syncora and advising the Debtors with respect thereto.

- Reviewing Orders proposed by the New York State Insurance Department relating to the restructuring of Syncora and advising the Debtors with respect thereto.

### (v) Additional Corporate "LAMCO" Matters

Simpson Thacher's work with respect to the Additional Corporate ("LAMCO") Matters for the Compensation Period includes:

- Analyzing regulatory and other legal issues and providing advice to the Debtors regarding the formation, operation and regulation of "LAMCO LLC", an asset management/servicing business.

- Drafting and revising contracts and organizational documents of LAMCO LLC, including the Asset Management Agreement, Contribution Agreement and Shared Services Agreement.

- Performing general corporate work in connection with the formation and operation of LAMCO LLC.

29.    The foregoing professional services performed by Simpson Thacher were necessary and appropriate to the administration of the Debtors' chapter 11 cases. These services were in the best interests of the Debtors and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  The services were performed in an efficient manner.

30.    The professional services performed by Simpson Thacher on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 1,037.15 recorded hours by Simpson Thacher's partners, counsel, associates and paraprofessionals/other non-attorney timekeepers.  During the Compensation Period, Simpson Thacher billed the Debtors for time expended by attorneys based on hourly rates ranging from $385 to $1,000 per hour.[17] Allowance of compensation in the amount requested would result in a blended hourly attorney billing rate of approximately $712.58 (based on 963.15 recorded hours for attorneys).[18]

---

[17]    These hourly rates do not reflect those fee amounts that Simpson Thacher voluntarily wrote off during the Compensation Period.

[18]    The overall attorney blended rate is based on total attorney fees before application of the discounts set forth in footnote 1.

31.     As set forth in Exhibit B hereto, Simpson Thacher has incurred or disbursed $5,083.64 in expenses[19] in providing professional services to the Debtors during the Compensation Period.  These expense amounts are intended to cover direct operating costs, which costs are not incorporated into the Simpson Thacher hourly billing rates.  Only clients who actually use services of the types set forth in Exhibit B are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery and other services.

32.     With respect to standard photocopying expenses, Simpson Thacher has charged the Debtors $.10 or less per page, in accordance with U.S. Trustee policy and the UST Guidelines.

## The Requested Compensation and Expense Reimbursement Should be Allowed

33.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code reasonable compensation for "actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

---

[19]    This amount does not include certain additional amounts that Simpson Thacher voluntarily wrote off during the Compensation Period.

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

34.     In awarding compensation pursuant to section 330 of the Bankruptcy Code to professional persons employed under section 327, the Court must take into account, among other factors, the cost of comparable non-bankruptcy services.  As the court in *In re Drexel Burnham Lambert Group Inc.* stated:

> With due recognition of the historical position of Bankruptcy Courts in compensation matters, we recognize that creditors have agreed to pay rates for retained counsel of their choice because of the needs of the particular case. One could posit other situations or cases where a presumption of prior informed judgment might not be as strong. Here, however, we have a multi-debtor, multi-committee case involving sophisticated creditors who have determined that the rates charged and tasks undertaken by attorneys are appropriate.  We should not, and will not, second guess the determination of those parties, who are directed by Congress, under the Bankruptcy Code, to shape and resolve the case, and who are in fact bearing the cost. To do so, of course, would be to continue what Congress specifically intended to stop in 1978: Courts, instead of markets, setting rates, with the inevitable consequence that all the legal specialists required by the debtor or official committees would demur to participate.

133 B.R. 13, 20-21 (Bankr. S.D.N.Y. 1991).

35.     In the instant case, Simpson Thacher respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates.  Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors.  Simpson Thacher further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates and all parties in interest.

36.     In sum, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Conclusion

WHEREFORE Simpson Thacher respectfully requests (i) an allowance of compensation for professional services rendered during the Compensation Period in the amount of $660,687.20 and reimbursement of actual and necessary expenses Simpson Thacher incurred during the Compensation Period in the amount of $5,083.64; (ii) authorization for the Debtors to pay to Simpson Thacher that portion of the compensation amount not yet paid; (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Simpson Thacher's right to seek additional compensation for services performed and expenses incurred during the Compensation Period that were not processed at the time of this Application; and (iv) such other and further relief as is just.

Dated: December 14, 2009
      New York, New York

s/  Mary Elizabeth McGarry 
Mary Elizabeth McGarry
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Special Counsel to the Debtors*

## <u>INDEX OF EXHIBITS</u>

| | |
|---|---|
| Exhibit A | Certification of Mary Elizabeth McGarry |
| Exhibit B | Schedule of Expenses |
| Exhibit C | Summary of Hours and Amounts Billed by Matter |

**EXHIBIT A**

SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                :

In re                         :         **Chapter 11**

                           :         **Case No. 08-13555**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :         **(Jointly Administered)**

                           :

**Debtors.**                :

                           :
----------------------------------------------------------------x

**CERTIFICATION UNDER UNITED STATES TRUSTEE GUIDELINES IN**
**RESPECT OF THIRD INTERIM APPLICATION OF SIMPSON THACHER &**
**BARTLETT LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

        I, Mary Elizabeth McGarry, hereby certify that:

    I.        I am a member of the applicant firm, Simpson Thacher & Bartlett LLP ("Simpson

Thacher"), and am the professional designated by Simpson Thacher with responsibility for

compliance with the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the

"Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), the Third Amended Order Pursuant to Sections 105(a)

and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for

Interim Monthly Compensation and Reimbursement of Expenses of Professionals entered by the

Court on June 25, 2009 (the "Interim Compensation Order"), the fee protocol approved by the

Court on June 26, 2009 (the "Fee Protocol", and collectively with the Local Guidelines, UST Guidelines and the Interim Compensation Order, the "Guidelines") in the chapter 11 cases of Lehman Brothers Holdings Inc. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "Debtors").

II.        This certification is made in respect of Simpson Thacher's application, dated December 14, 2009 (the "Application"), for compensation and reimbursement of expenses for the period commencing June 1, 2009 through and including September 30, 2009 (the "Compensation Period") in accordance with the Local Guidelines.

III.       In respect of section B.1 of the Local Guidelines, I certify that:

a.        I have read the Application;

b.        to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expense reimbursements sought fall within the Guidelines;

c.        the fees and expense reimbursements sought are billed at rates not exceeding those customarily charged by Simpson Thacher and generally accepted by Simpson Thacher's clients; and

d.        in providing a reimbursable service, Simpson Thacher does not make a profit on that service, whether the service is performed by Simpson Thacher in-house or through a third party.

IV.       In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Simpson Thacher has complied with those provisions requiring it to provide Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors appointed in these cases, the United States Trustee for the

Southern District of New York and the Fee Committee, on a monthly basis, a statement of Simpson Thacher's fees and expenses accrued during the previous month.

V.       Although the Debtors have not reviewed this Application, they have reviewed Simpson Thacher's monthly statements of fees and expenses, to which there have been no objections, and approved the amounts requested.

VI.       In respect of the Interim Compensation Order and section B.3 of the Local Guidelines, I certify that Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors, the United States Trustee for the Southern District of New York and the Fee Committee are each being provided with a copy of the Application.

New York, New York
Dated: December 14, 2009

s/____Mary Elizabeth McGarry_
Mary Elizabeth McGarry
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Special Counsel to the Debtors*

3

## EXHIBIT B

**ACTUAL AND NECESSARY EXPENSES
INCURRED BY SIMPSON THACHER & BARTLETT LLP ON
BEHALF OF THE DEBTORS DURING THE COMPENSATION PERIOD**

| CATEGORY OF EXPENSES | TOTAL AMOUNT |
|---|---|
| Computer Research | $1,430.70 |
| Duplication | $60.57 |
| Postage, Courier & Freight | $202.95 |
| Meals | $412.47 |
| Local Travel | $1,129.42 |
| Out of Town Travel | $1,325.40 |
| Telephone | $158.13 |
| Court and Other Fees | $364.00 |
| **Total:** | **$5,083.64** |

<u>**EXHIBIT C**</u>

**SUMMARY OF HOURS AND AMOUNTS BILLED DURING
THE COMPENSATION PERIOD BY SIMPSON THACHER & BARTLETT LLP,
ORGANIZED BY MATTER**

| Matter | Hours | Amount |
|---|---|---|
| General Corporate and Securities Matters | 4.20 | $2,007.60[1] |
| Marubeni Litigation | 260.90 | $87,915.10[2] |
| Retention and Fee Matters | 37.60 | $20,434.00 |
| Insurance Matters | 14.10 | $10,524.00[3] |
| Additional Corporate ("LAMCO") Matters | 720.35 | $539,806.50[4] |
| **Total Hours and Fees Requested:** | **1,037.15** | **$660,687.20** |

---

[1]    Total Compensation Period fee amounts for the General Corporate and Securities Matters after 30% discount.

[2]    Total Compensation Period fee amounts for the Marubeni Matter after 30% discount.

[3]    Such amount includes fees from December 2008 not previously billed.

[4]    Such amount includes fees from May 2009 not previously billed.