WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Wasiman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                            :
**In re**                                   :   **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,:   **08-13555 (JMP)**
                                            :
                        Debtors.            :   **(Jointly Administered)**
                                            :
                                            :
------------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTION
UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'
MOTIONS SCHEDULED FOR HEARING ON DECEMBER 16, 2009**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

    1.  Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Motion of Lehman Brothers Special Financing Inc. for Approval of Waiver of Certain Interest Payments from its Subsidiary Libro Companhia Securitizadora De Creditos Financeiros  **[Docket No. 5948]**

- Motion of the Debtors Authorizing and Approving the Settlement Between Lehman Brothers Holdings Inc. and First Magnus Financial Corporation  **[Docket No. 5949]**

- Motion of Lehman Brothers Holdings Inc. for Authority to Enter into a Restructuring Regarding Real Property Located at 200 Fifth Avenue, New York, New York  **[Docket No. 5950]**

2. In accordance with the Amended Case Management Order, December 11, 2009 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motions (the "Objection Deadline"). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motions has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4. Accordingly, for the reasons set forth in the Motions, the Debtors respectfully request that the proposed Orders annexed hereto as Exhibits A - C, and

3

unmodified since the filing of the Motions, be entered in accordance with the procedures

described in the Amended Case Management Order.

      I declare that the foregoing is true and correct.

Dated:  December 14, 2009
      New York, New York

                                             /s/ Shai Y. Waisman
                                             Shai Y. Waisman

                                             WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
                                             New York, New York 10153
                                             Telephone: (212) 310-8000
                                             Facsimile: (212) 310-8007

                                             Attorneys for Debtors
                                             and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order – Docket No. 5948)**

C:\NRPORTBL\US_ACTIVE\STAUBLEC\43252029_4.DOC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                                                :
In re                                                           :   Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,                          :   08-13555 (JMP)
                                                                :
                   Debtors.                                     :   (Jointly Administered)
                                                                :
----------------------------------------------------------------x
```

**ORDER PURSUANT TO SECTIONS 105(a) 363 OF THE
BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 APPROVING WAIVER BY LEHMAN BROTHERS
SPECIAL FINANCING INC. OF CERTAIN INTEREST PAYMENTS FROM
ITS SUBSIDIARY LIBRO COMPANHIA SECURITIZADORA DE CRÉDITOS FINANCEIROS**

Upon the motion (the "Motion"), of Lehman Brothers Special Financing Inc. ("LBSF" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to (i) waive and forgive a portion of the Accrued Interest[1] that is attributable to the LBSF Note and due from its subsidiary Libro, (ii) amend certain terms of the LBSF Note, and (iii) make the Compensation Payments to its affiliate LB I Group, all as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, LBSF is authorized, but not directed, to (i) waive and forgive a portion of the Accrued Interest otherwise payable to it, (ii) amend the terms of the LBSF Note, (iii) make the Compensation Payments to LB I Group Inc., and (iv) take any corporate actions related thereto, including but not limited to, executing and delivering documents memorializing such waiver, forgiveness, amendment and payment; and it is further

ORDERED that the relief set forth in this order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and any stay imposed by Bankruptcy Rule 6004(g) are hereby waived.; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated:  December __, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**(Proposed Order – Docket No. 5949)**

C:\NRPORTBL\US_ACTIVE\STAUBLEC\43252029_4.DOC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                        :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING AND
APPROVING THE SETTLEMENT BETWEEN LEHMAN BROTHERS
HOLDINGS INC. AND FIRST MAGNUS FINANCIAL CORPORATION**

        Upon the motion, dated November 25, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor"), for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving a settlement on the terms set forth in a Settlement Agreement[2] annexed to the Motion, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures for

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Liquidating Trustee of First Magnus Financial Corporation; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

   ORDERED that the Motion is granted; and it is further

   ORDERED that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

   ORDERED that the LBHI is authorized to (or to direct a subsidiary to) execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the Settlement Agreement and any disputes arising thereunder.

Dated:  December __, 2009
       New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT C**

**(Proposed Order – Docket No. 5950)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    08-13555 (JMP)
                                                                  :
                        Debtors.                         :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO ENTER INTO A RESTRUCTURING REGARDING REAL PROPERTY LOCATED AT 200 FIFTH AVENUE, NEW YORK, NEW YORK

Upon the motion, dated November 25, 2009 (the "Motion"), of Lehman Brothers Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing and approving LBHI's entry into a Restructuring (the "Restructuring"), all as more fully described in the Motion;[3] and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and the Court having found and determined that the relief sought in the

---

[3] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors (a) are duly authorized and empowered to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers, that may be necessary or appropriate to consummate the transactions contemplated by the Restructuring substantially in accordance with the Term Sheet; (b) are duly authorized and empowered to take all other and further actions as may be necessary to implement the transactions contemplated by the Restructuring substantially in accordance with the Term Sheet; and (c) shall have the right both in connection with and following consummation of the transactions contemplated under the Restructuring to consent to any amendment, restatement, waiver, supplement or other modification of any of the transactions described therein substantially in accordance with the Term Sheet; it being understood that nothing in this Order shall prejudice the right of LBHI to assign, substantially in accordance with the terms of the Term Sheet, any portion of its loans and commitments to, or equity interests in the Building Owner, the Mezz Borrower, or any of their respective affiliates. Any actions described in clauses (a), (b) and (c) taken by the Debtors or their affiliates may be taken without the necessity (x) of further court proceedings or approval or (y) of any consent of any party other than the Debtors, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that all claims filed by the Senior Lenders against LBHI related to the LBHI Guaranties, including but not limited to claim numbers 27656, 28201, 28202, 28203, and

28204 will be waived and expunged from the claims register with prejudice upon the consummation of the Restructuring substantially in accordance with the Term Sheet; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: December __, 2009
      New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE