Omnibus Hearing Date: December 16, 2009 at 10:00 a.m.
Objection Deadline: December 11, 2009 at 4:00 p.m.

Thomas E. Chase, Esq. (TC-8266)
**ROTTENBERG LIPMAN RICH, P.C.**
369 Lexington Avenue, 16th Floor
New York, New York 10017
Telephone: (212) 661-3080
Facsimile: (212) 867-1914

Counsel for Malayan Banking Berhad

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
In re:                                               :    Chapter 11
LEHMAN BROTHERS HOLDINGS INC., et al.,               :    Case No. 08-13555 (JMP)
                                                     :
                        Debtors.                     :    Jointly Administered
                                                     :
-------------------------------------------------------x

## REPLY OF MALAYAN BANKING BERHAD IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY

1.      Malayan Banking Berhad ("Maybank") submits this memorandum in further support of its motion to conduct rule 2004 discovery. Debtors' opposition to the motion on the ground that the discovery is "overbroad and therefore will be burdensome and costly" does not withstand analysis. Memo at ¶ 3. As is made clear from Debtors' Objection, the burden of producing the information sought by Maybank's motion is minimal to non-existent. Debtors claim that they possess little responsive information and, anyway, that they produced most of it during the several minute phone call between Weil Gotshal attorney Maurice Horwitz and Maybank's counsel in June 2009: "Mr. Horowitz also stated that what he had told Mr. Chase constituted the extent of LBSF's knowledge regarding the Collateral" (Memo at ¶ 7); "All Lehman knows about the Collateral is that it is likely held by LBIE" (Memo at ¶ 9); Lehman "has

already provided Maybank with whatever information it has on that topic" (Memo at ¶ 9). Given this alleged dearth of information, how could it have been more efficient for three Weil Gotshal attorneys to draft a memo of law, and a fourth attorney to draft an affidavit, in opposition to the motion, when simply producing the allegedly miniscule amount of responsive information in Debtors' possession would have been a breeze?

    2.  Unable to reconcile its claim of burden with the assertion that Debtors have little information, Debtors argue that granting Maybank's motion will open the floodgates to similar applications, by other creditors, seeking similar information. Memo ¶ 10. This position ignores the clear terms of Rule 2004 and the case law interpreting it, and abdicates the Trustee's duties under the Code. Some may claim that Lehman was too big to fail, but Debtors' counsel appears to claim that Lehman is too big to effectively manage in compliance with the Bankruptcy Code and Rules. Indeed, it is relevant that the information sought by Maybank's Discovery Requests is the type of mundane and easily available information that LBSF and/or LBHI would have readily provided to customers prior to filing for Bankruptcy.

    3.  Debtors' "just say no" position ignores the discretion that both Debtors' counsel and the Court may exercise to distinguish meritorious discovery from harassing and unduly burdensome discovery. By any balance of the equities, when (1) a creditor's claim involves many millions of dollars; (2) a claim presents an entirely unique or <u>sui generis</u> factual situation unlikely of repetition; and (3) the Debtors have refused to produce even the limited and readily available information admittedly maintained in Debtors' computer or transaction files, Rule 2004 discovery is warranted. Here, the value of Maybank's claim to its collateral and defaulted swap payments is approximately $8.3 million. Maybank also has the entirely unique

2

and inexplicable circumstance whereby the Confirmation for the swap executed between Maybank and LBIE incorporates by reference all the terms of an ISDA Master Agreement, Schedule and CSA entered between Maybank and LBSF (a situation which caused Mr. Horowitz to exclaim: "This can't be. It doesn't make any sense."). The flood seen by Debtors is, therefore, a mirage as few if any other creditors entered such discombobulated documentation. Finally, the information sought by Maybank obviously is readily and immediately available to Debtors by reviewing their computer records or account files. In June 2009 Mr. Horowitz immediately accessed some information cache which permitted him to determine (1) "there had been trading activity between LBIE and Maybank"; (2) "LBSF and Maybank had not executed any trades under the LBSF Master Agreement"; and (3) "the Collateral was with LBIE, most likely in an LBIE brokerage account." Memo at ¶ 7. All Maybank seeks is the production of that very information, so that Maybank may determine its rights and how best to pursue its potential claims in the present Bankruptcy action and/or in LBIE's Administration proceeding in the United Kingdom.

    4.    Debtors' counsel has interpreted the restraint shown by this Court with respect to the Rule 2004 application of the Carret and Evansville Insurance Companies (the transcript of the oral argument on that application is attached as Exhibit 1 to Debtors' Memo) as a license entirely to stonewall reasonable information requests. But the circumstances surrounding that application were different. There, both the Debtors and Barclays had already produced written information responsive to the requested discovery demands and had proposed an adjournment of the application until the trustee determined the creditors' claims, but apparently they were rebuffed by the creditors' counsel. Tr. at 48; 52. Regarding that

application, Debtors' counsel described Debtors' efforts to produce the requested information: "What we did in the period that we had the adjournment was we undertook to locate or to find out information about where their accounts were, where those amounts were, and we provided that information to Mr. McNally." Tr. at 48. In the present case, there has been no similar cooperative effort to provide Maybank with responsive information.

5. For the reasons stated herein, Maybank respectfully requests that this Court enter an Order pursuant to Bankruptcy Rule 2004 requiring Debtors to provide the requested discovery.

Dated: New York, New York
December 15, 2009

ROTTENBERG LIPMAN RICH, P.C.

By: _____
Thomas E. Chase (TC-8266)
369 Lexington Avenue, 16th Floor
New York, New York 10017
(212) 661-3080
Attorneys for Malayan Banking Berhad

Omnibus Hearing Date: December 16, 2009 at 10:00 a.m.
Objection Deadline: December 11, 2009 at 4:00 p.m.

Thomas E. Chase, Esq. (TC-8266)
**ROTTENBERG LIPMAN RICH, P.C.**
369 Lexington Avenue, 16th Floor
New York, New York 10017
Telephone: (212) 661-3080
Facsimile: (212) 867-1914

Counsel for Malayan Banking Berhad

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
: 
In re                                                                          :    Chapter 11
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    Case No. 08-13555 (JMP)
:
Debtors.                                        :    Jointly Administered
:
:    **CERTIFICATE OF SERVICE**
-----------------------------------------------------------x

      The undersigned certifies that on December 15, 2009 he arranged for service of the Reply of Malayan Banking Berhad in Further Support of its Motion for Leave to Conduct Rule 2004 Discovery (the "Motion") by filing the Motion via ECF; by faxing a copy to Debtors' Counsel to Attn: Robert J. Lemons at (212) 310-8007; by sending a copy of the Motion addressed to: Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004 (Attn: Andy Velez-Rivera) by Federal Express; and by filing a hard copy, by messenger, with The Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601.

                                                      _____
                                                      Thomas E. Chase