UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                          :
In re                                                     :    Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :    08-13555 (JMP)
                                                          :
                            Debtors.                      :    (Jointly Administered)
                                                          :
                                                          :
-------------------------------------------------------------------x

### ORDER DIRECTING ZAO CITIBANK (RUSSIA) TO TURN OVER POSTPETITION RECEIPTS TO LBHI PURSUANT TO SECTION 542(b) OF THE BANKRUPTCY CODE

Upon the motion, dated November 3, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 542(b) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order directing ZAO Citibank (Russia) ("ZAO") to turn over 114,995,982.12 Russian ruble (equivalent to approximately $3,925,179)[1] to LBHI, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] Applying October 27, 2009 exchange rate.

FOUND THAT:

A.    <u>Jurisdiction</u>.  The Court has jurisdiction to consider the Motion and the relief requested therein.  The Court has jurisdiction over ZAO and LBHI's deposit account number 0501370001 at ZAO (the "<u>Account</u>").

B.    <u>Core Proceeding</u>.  Consideration of the Motion and the relief requested therein constitutes a core proceeding and the Court has authority to enter a final order and decision determining the Motion.

C.    <u>Venue</u>.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    <u>Notice</u>.  Due and proper notice of the Motion has been provided to ZAO and no further notice need be provided.

E.    <u>Property of the Estate and Turnover</u>.  The Account and the RUB 114,995,982.12 transferred to the Account on or after September 15, 2008 constitute property of LBHI's estate pursuant to section 541(b) of the Bankruptcy Code.  LBHI has demonstrated cause for ZAO's turnover of RUB 114,995,982.12 in accordance with the Bankruptcy Code.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    The Motion is GRANTED.

2.    Pursuant to section 542(b) of the Bankruptcy Code, ZAO is directed to turn over RUB 114,995,982.12 to LBHI.

3.    ZAO's turnover of RUB 114,995,982.12 to LBHI shall be pursuant and subject to the terms and conditions of the *Stipulation and Order Authorizing (1) Turnover of Postpetition Deposits with Citibank, and (2) Indemnification of Citibank in Respect of Any Third Party*

*Claims Arising From the Turnover of Postpetition Deposits* [Docket No. 3373], including, without limitation, ZAO and LBHI's mutual reservation of rights thereunder.

    4.    This Order constitutes the final decision of the Court on the Motion.

    5.    LBHI is authorized to take all further actions that may be necessary or required to enforce the terms of this decision and Order.

    6.    Notice of the Motion as provided herein shall be deemed good and sufficient notice of the Motion.

    7.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, without prejudice to the authority of the local courts in Russia to enforce this Order.

Dated: New York, New York
       December 15, 2009

                              *s/ James M. Peck*
                              UNITED STATES BANKRUPTCY JUDGE