## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
```

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |

```
-------------------------------------------------------------x
```

## THIRD INTERIM APPLICATION OF LAZARD FRÈRES & CO. LLC, DEBTORS' INVESTMENT BANKER FOR ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSE INCURRED FOR THE PERIOD FROM JULY 1, 2009 THROUGH SEPTEMBER 30, 2009

| | |
|---|---|
| Name of Applicant: | **Lazard Frères & Co. LLC** |
| Authorized to Provide Professional Services to: | **Debtors and Debtors-in-Possession** |
| Date of Retention: | **December 17, 2008 *nunc pro tunc* September 15, 2008** |
| Period for which compensation and/or reimbursement is sought: | **July 1, 2009 through September 30, 2009** |
| Amount of Compensation Requested: | **$4,421,000.00** |
| Amount of Expenses Reimbursement Requested: | **$3,704.69** |
| Total Compensation and Expense Reimbursement Requested: | **$4,424,704.69** |
| Less: Amounts Paid to Date: | **($643,251.03)** |
| Net Amount of Compensation Requested: | **$3,781,453.66** |

This is a(n): _____ monthly   \_\_X\_\_ interim   _____ final application

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------x

## THIRD INTERIM APPLICATION OF LAZARD FRÈRES & CO. LLC, DEBTORS' INVESTMENT BANKER FOR ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSE INCURRED FOR THE PERIOD FROM JULY 1, 2009 THROUGH SEPTEMBER 30, 2009

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lazard Frères & Co. LLC, ("Lazard"), Investment Banker to Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively the "Debtors"), hereby submits its Third Interim Fee Application (the "Interim Application") pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code) for an allowance of compensation for professional services rendered to the Debtors and for reimbursement of actual and necessary expenses incurred in connection with such services from July 1, 2009 through and including September 30, 2009 (the "Compensation Period") as set forth in their engagement letter (the "Engagement Letter"), attached hereto as **Exhibit A**.

## BACKGROUND

1.    On September 15, 2008 (the "Commencement Date"), the Debtors commenced a case under chapter 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States the Bankruptcy Code.

2.    This Application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members dated November 17, 2008 (the "Administrative Order"). Pursuant to the Administrative Fee Order, Lazard is seeking interim allowance and full payment, without any holdback of fees, of $4,421,000.00 and $3,704.69 for reimbursement of expenses relating to services rendered on behalf of the Debtors during the Compensation Period.

3.    On December 17, 2008, this Court entered certain Order Pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (the "Bankruptcy Code") and rule 2014 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules') and rule 2014-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules") authorizing the retention and employment of Lazard Freres & Co. LLC as Investment Bankers for the Debtors *nunc pro tunc* to September 15, 2008 (the "Retention Order"), attached hereto as **Exhibit B**.

4.    All services for which Lazard requests compensation were performed for or on behalf of the Debtor.

## COMPENSATION REQUEST

5.   In this Interim Statement, Lazard is billing a Sale Transaction Fee of $3,221,000 for the sale of the Small Business Finance ("SBF") division of Lehman Brothers Bank ("LBB"), pursuant to section 2(b)(iii) of the Engagement Letter between Lazard and LBHI. The services provided are detailed below.

6.   Lazard seeks allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the aggregate amount of $4,421,000.00 (SBF transaction fee plus monthly fees for July-September) and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $3,704.69, for a total award of $4,424,704.69 (the "Compensation Amount").

7.   For the convenience of the Court and all parties in interest, attached hereto as **Exhibit C** is a summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought.

8.   Prior Monthly Applications for the Compensation Period:

| Date Filed | Period Covered | Requested | | Amounts Paid | | |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Net Requested |
| 09/30/2009 | 07/01/09 - 07/31/09 | $400,000.00 | $1,759.27 | $320,000.00 | $1,759.27 | $80,000.00 |
| 11/05/2009 | 08/01/09 - 08/31/09 | 400,000.00 | 1,491.76 | 320,000.00 | 1,491.76 | 80,000.00 |
| 11/05/2009 | 01/01/09 - 09/30/09 | 3,621,000.00 | 453.66 | 0.00 | 0.00 | 3,621,453.66 |
| **TOTAL** | | **$4,421,000.00** | **$3,704.69** | **$640,000.00** | **$3,251.03** | **$3,781,453.66** |

## SUMMARY OF SERVICES

9.   During the Compensation Period, the Debtors relied heavily on the experience and expertise of Lazard's professionals in dealing with matters described in Paragraph 10.  Since the bankruptcy filing of LBHI on September 15, 2008 and through the Compensation Period, Lazard's highly skilled restructuring and mergers and acquisitions professionals devoted significant time and effort to perform properly and expeditiously the required professional services. Lazard professionals based in the United States and Europe worked on various Lehman related matters, including but not limited to the merchant banking, real estate funds, venture capital, commercial banks and thrifts and investments in alternative asset managers.

10.   A summary of some of the services rendered by Lazard during the Compensation Period are as follows:

     a)   *Sale of or Strategic Alternatives for Lehman Brothers Bank*:  Lazard has been actively engaged in the sale process of Lehman Brothers Bank ("LBB"), a Delaware thrift comprised of three businesses: mortgage servicing, small business finance and student lending. Senior Lazard professionals, in consultation with Alvarez & Marsal ("A&M") and LBB's management, conducted a sale process for the assets and liabilities of all of LBB (including SBF) during which Lazard contacted many potential strategic and financial buyers. During the course of the marketing process, Lazard attempted to consummate a transaction with several parties. However, based on analysis performed by A&M and Lazard, none of the alternatives were in the best interests of the Estate.  As a result, Lazard then worked with LBB and A&M to consider other alternatives.

     In an effort to maximize value, Lazard and A&M determined it would be in the best interest of the Estate to try and sell SBF on a standalone basis.  Lazard professionals conducted a thorough and comprehensive sale process for SBF.  Lazard contacted a number of potential buyers, sent confidentiality agreements, facilitated due diligence, scheduled and attended management presentations and held numerous

discussions with management, counsel, regulators and other interested parties. Lazard worked with management to negotiate deal terms, draft a purchase agreement and obtain finalized documentation. In March and April of 2009, LBB closed the sale of a substantial portion of the assets of the Small Business Finance division. The fee has been reviewed with Lehman and the advisors to the official committee of unsecured creditors.

Lazard continues to work with LBB to evaluate alternatives for all or part(s) of the business that are in the best interests of the Estate.

b) *Sale of Lehman's Merchant Banking & Venture Capital funds:* From October 2008 to October 2009, Lazard was actively engaged in the sale of Lehman's interest in its Merchant Banking and Venture Capital funds. Lazard ran a full sale process for both funds, during which Lazard professionals contacted over 200 potential buyers and sent out over 80 confidentiality agreements. Lazard facilitated the initial closing for the Lehman Brothers Venture Partners transaction, held in early February 2009. After the first close, Lazard continued to work closely and stay in regular communication with the counsel to the Debtors, the Estate and management to help facilitate the additional closings necessary to fully execute the transaction; Lazard pursued a similar strategy for the Merchant Banking transaction as well. The Merchant Banking transaction fully closed in April 2009 and the Venture Partners transaction held its final close in October 2009

c) *Strategic Review of Lehman's Real Estate Private Equity Funds:* Lazard conducted a strategic review with the Estate of alternatives for the Lehman Brothers Real Estate Private Equity business. Lazard ran a three-round auction process culminating in the selection of two parties to separately acquire the Equity and Mezzanine Funds. The Lazard team worked diligently with the Estate to complete the three-round marketing process (which began with over 100 interested parties) and continued discussions, negotiations and diligence with the interested parties.

Specifically, during the Compensation Period the Lazard team performed the following tasks: (i) assisted in the development of management presentation materials and facilitated management meetings; (ii) responded to diligence questions from potential sponsors, which required significant Lazard resources given the specificity of the questions and large size of the real estate portfolio; (iii) facilitated diligence calls; (iv) participated in structuring discussions with legal counsel; and (v) negotiated terms with potential buyers. Significant Lazard senior resources were required to review term sheets and proposals with potential sponsors and ultimately

negotiate terms with multiple parties. Throughout the process, the Lazard team provided regular in-person updates to key constituents. As of the filing of this interim fee application, the LBREM Funds I and II transaction is pending final closing and the LBREP Funds I, II and III transaction has not yet closed.

d) *Sale of Lehman Trust:* Lazard was actively involved in the sale process for Lehman's trust business. Since October and through the Compensation Period, Lazard, together with Alvarez & Marsal, has had discussions and meetings with a number of potential buyers, and reviewed financial information. In addition, Lazard attended meetings, evaluated proposals, reviewed legal documents and negotiated terms with key constituents. As of the filing of this interim fee application, a buyer has been selected but the transaction has not yet closed.

e) *International Transactions:* During the Compensation Period, Lazard professionals based in Italy devoted significant time and resources providing strategic advice relating to the sale of an asset management business in Italy.

## ACTUAL AND NECESSAY DISBURSEMENTS OF LAZARD

11.     As set forth on **Exhibit D** annexed hereto, Lazard has disbursed $3,704.69 as expenses incurred in providing professional services during the Compensation Period. Lazard has maintained detailed records of actual and necessary expenses incurred during the Compensation Period. With respect to expenses, it should be noted that Lazard has absorbed certain expenses customarily charged by other professionals in bankruptcy cases. For example, Lazard does not allocate office telephonic charges by client and thus these costs are absorbed by Lazard in its overhead and not charged to the Debtors' estate. Lazard respectfully submits that the expenses for which it seeks allowance during the Compensation Period are necessary and reasonable both in scope and amount.

## CONCLUSION

12.     It is respectfully submitted that the amount requested by Lazard is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

WHEREFORE Lazard respectfully requests (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $4,421,000.00 and reimbursement for actual and necessary expenses Lazard incurred during the Compensation Period in the amount of $3,704.69; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Lazard's right to seek additional compensation for services performed and expenses incurred to during the Compensation Period which were not processed at the time of this Application; and (iii) such other and further relief as is just.

| | |
|---|---|
| Total Amount of Compensation Requested: | **$4,424,704.69** |
| Less: Amounts Paid to Date: | **($643,251.03)** |
| Net Amount of Compensation Requested: | **$3,781,453.66** |

Dated: New York, New York
       December / 5, 2009

Barry W. Ridings
Managing Director
LAZARD FRÈRES & CO. LLC
30 Rockefeller Plaza
New York, New York 10020
(212) 632-6000
Investment Banker for the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
```
In re                                            :   **Chapter 11 Case No.**
                                                 :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**       :   **08-13555 (JMP)**
                                                 :
                               **Debtors.**      :   **(Jointly Administered)**
```
-----------------------------------------------------------x
```

## CERTIFICATION OF LAZARD FRÈRES & CO. LLC

STATE OF NEW YORK    )
                     )    ss:
COUNTY OF NEW YORK   )

     I, Barry W. Ridings, declare as follows:

     1.    I am a Managing Director with Lazard Frères & Co. LLC, an investment bank with principal offices located at 30 Rockefeller Plaza, New York, New York 10020. I am authorized to execute this Certification in connection with Lazard's Second Interim Fee Application in the above-referenced bankruptcy cases.

     2.    To the best of my knowledge and belief, Lazard is in compliance with Fee Review Committee's recommendations for internal and external photocopy expense reimbursement, and the US Trustee's guidelines regarding over-time related expenses for meals and transportation.

                                             Barry W. Ridings
                                           Managing Director

Dated: 12/15/09

# EXHIBIT A

# Engagement Letter

# LAZARD

BARRY W. RIDINGS
VICE CHAIRMAN OF US
INVESTMENT BANKING

LAZARD FRÈRES & CO. LLC
30 ROCKEFELLER PLAZA
NEW YORK, NY 10020
PHONE 212-632-6896
FAX 212-332-1757
barry.ridings@lazard.com

October 20, 2008

Lehman Brothers Holdings Inc.
745 Seventh Avenue
New York, New York 10019

Attention:    Bryan Marsal
              Chief Restructuring Officer

Ladies and Gentlemen:

This letter agreement (the "Agreement") confirms, subject to the approval of the Bankruptcy Court, the understanding and agreement, effective as of September 15, 2008, between Lazard Frères & Co. LLC ("Lazard") and Lehman Brothers Holdings Inc. ("LBHI"), on behalf of itself and its controlled subsidiaries, other than Lehman Brothers International (Europe) and its subsidiaries (collectively with LBHI, the "Company").

## *Assignment Scope:*

The Company has retained Lazard as its investment banker to advise it in connection with any Restructuring, any Sale Transaction and any Financing (each as defined below) on the terms and conditions set forth herein, subject to the approval of the Bankruptcy Court. As used in this Agreement, the term "Restructuring" shall mean, any transaction or series of transactions involving the restructuring, reorganization and/or recapitalization of any portion of the Company's outstanding indebtedness (including bank debt, bond debt, and other on and off balance sheet indebtedness), trade claims, leases (both on and off balance sheet), litigation-related claims and obligations, unfunded pension and retiree medical liabilities, funding obligations or other liabilities (collectively, the "Existing Obligations") that is achieved, without limitation, through amendments, waivers and/or consents from the holders or beneficiaries of Existing Obligations (collectively, the "Stakeholders"); rescheduling of the maturities of Existing Obligations; a change in interest rates; repurchase, settlement or forgiveness of Existing Obligations; conversion of Existing Obligations into equity; an exchange offer involving the issuance of new securities in exchange for Existing Obligations; the issuance of new securities, sale or disposition of assets, sale of debt or equity securities or other interests  or other similar transaction or series of transactions; or any plan of reorganization approved by the Bankruptcy Court. As used in this Agreement, the term "Sale Transaction" means any transaction or series of transactions involving an acquisition, purchase, sale, merger, consolidation, exchange, business combination or other transaction pursuant to which all or any portion of the assets, voting power, securities or other interests or other obligations of the Company or any Company entity or business are, directly or indirectly, combined with, transferred to or assumed by another entity or group, except for (i) the sales of Eagle Energy, the Indian processing center, R/3 and

LAZARD

any other transaction with respect to which LBHI and Lazard mutually agree that Lazard shall not provide services (it being understood that Lazard shall not unreasonably withhold its agreement not to provide services for transactions where it would not be appropriate for Lazard to advise). As used in this Agreement, the term "Financing" means any transaction or series of transactions involving the public or private issuance, sale, or placement of newly issued (or treasury) equity, equity-linked, or debt securities, instruments, or obligations of the Company, including any exit financing in connection with a case under the Bankruptcy Code.

By signing this Agreement, subject to the approval of the Bankruptcy Court, we hereby accept our appointment as your investment banker under the terms hereof.

*Description of Services:*

1.  Lazard agrees, in consideration of the compensation provided in Section 2 below, to perform such of the following investment banking services as LBHI may reasonably request, including:

(a)  Reviewing and analyzing the business, operations and financial projections of the Company;

(b)  Assisting the Company in identifying and evaluating candidates for potential Sale Transactions and advising the Company in connection with negotiations and aiding in the consummation of any Sale Transaction;

(c)  Assisting the Company in the development of a Restructuring plan;

(d)  Advising and assisting the Company in evaluating potential Financing transactions by the Company, and subject to Lazard's agreement to act (and if requested by Lazard the execution of appropriate agreements), contacting potential sources of capital and assisting the Company in implementing such a Financing;

(e)  Advising the Company on tactics and strategies for negotiating with Stakeholders;

(f)  Rendering financial advice to the Company and participating in meetings or negotiations with the Stakeholders or other appropriate parties in connection with any Restructuring, Sale Transaction or Financing;

(g)  Advising the Company on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to any Restructuring, Sale Transaction or Financing;

(h)  Assisting the Company in preparing documentation within our area of expertise that is required in connection with any Restructuring, Sale Transaction or Financing;

LAZARD

(i)     Attending meetings of the Company's Board of Directors and rendering advice with respect to matters on which we have been engaged to advise the Company;

(j)     Providing testimony, as necessary, with respect to matters on which we have been engaged in any proceeding before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

(k)     Providing the Company with other financial restructuring advice.

*Fees:*

2.  As consideration for the services to be provided, the Company shall pay Lazard the following fees:

(a)     A monthly fee (the "Monthly Fee"), payable on the 1st of each month of our engagement hereunder, of $400,000 per month for the 24-month period commencing on October 1, 2008 through (and including) September 1, 2010 and then decreasing to $250,000 per month thereafter until the earlier of effectiveness of a plan of reorganization or termination pursuant to Section 10;

(b)     With respect to Sale Transactions:

(i)     A fee equal to $5,000,000, payable upon consummation of a Sale Transaction pursuant to which certain North American assets are sold to Barclays Capital, Inc. or any of its affiliates (the "Barclays Sale Fee");

(ii)    A fee, payable upon consummation of a Sale Transaction pursuant to which the Company's Investment Management Division, which includes Neuberger Berman and the fixed income and certain alternative asset management businesses of the Company, is sold, equal to $5,000,000 plus 1% of the amount, if any, by which the Aggregate Consideration (as defined on Schedule A) for such transaction exceeds that proposed in the purchase agreement submitted by Bain Capital and Hellman & Friedman on September 29, 2008 (the "Neuberger Berman Sale Fee"); and

(iii)   A fee, payable upon consummation of any Sale Transaction (other than those described in clauses (b)(i) and (ii) above), equal to the sum of (A) 85% of the applicable percentage, as set forth on Schedule A, of the Aggregate Consideration involved in such transaction; plus, (B) .1% of the aggregate amount of any unfunded obligations or commitments, if any, that are reduced, eliminated or transferred, directly or indirectly, in connection with the transaction, up to a maximum payment of $1,000,000 pursuant to

LAZARD

this clause (B) (each, together, an "Other Sale Fee"); The Company agrees to direct any buyer to pay the Other Sale Fee directly to Lazard upon consummation of the applicable transaction as a deduction from the proceeds of the Sale Transaction; provided, that, for the avoidance of any doubt, the foregoing shall only limit the Company's obligation to pay Lazard to the extent that the Other Sale Fee is actually so paid by the buyer;

(c)     If a plan of reorganization is approved by the Bankruptcy Court whereby any Stakeholders receive a distribution (whether from an operating company, liquidating trust or otherwise), a fee, payable upon effectiveness of the plan of reorganization, equal to .5% of any cash and the fair market value of any property distributed or distributable to the Stakeholders in connection with the plan of reorganization (adjusted as appropriate so as not to double count any consideration received by the Stakeholders from any Sale Transaction), subject to a maximum fee of $17,500,000.

(d)     A fee, payable upon consummation of any Financing (for which Lazard has provided services), equal to the amount set forth in Schedule B (the "Financing Fee").

(e)     To the extent that LBHI requests, and Lazard agrees to provide, services other than those set forth in Section 1 above, customary fees with respect thereto shall be mutually agreed by LBHI and Lazard in good faith and subject to approval by the Bankruptcy Court;

(f)     In addition to any fees that may be payable to Lazard and, regardless of whether any transaction occurs, the Company shall promptly reimburse Lazard for all: (A) reasonable expenses (including travel and lodging, data processing and communications charges, courier services and other appropriate expenditures) and (B) other reasonable fees and expenses, including expenses of outside counsel retained with the prior consent of LBHI (not to be unreasonably withheld), if any; and

(g)     As part of the compensation payable to Lazard hereunder, the Company agrees that the indemnification, contribution and related provisions entered into by the Company and Lazard dated September 12, 2008 (the "Indemnification Letter") shall also apply hereto and are incorporated herein in their entirety.

(h)     All amounts referenced hereunder reflect United States currency and shall be paid promptly in cash after such amounts accrue hereunder.

*Retention in Chapter 11 Proceedings:*

3.   LBHI agrees that it will use its reasonable best efforts to obtain prompt authorization

LAZARD

from the Bankruptcy Court to retain Lazard on the terms and conditions set forth in this Agreement under the provisions of Section 328(a) of the Bankruptcy Code. Lazard agrees that during the pendency of LBHI's bankruptcy proceedings, it shall file interim and final applications for allowance of the fees and expenses payable to it by LBHI under the terms of this Agreement, pursuant to the applicable Federal Rules of Bankruptcy Procedure and the local rules and order of the Bankruptcy Court. LBHI shall supply Lazard with a draft of the application and proposed retention order authorizing Lazard's retention in advance of the filing to enable Lazard and its counsel to review and comment thereon. Lazard shall be under no obligation to provide any services under this Agreement unless Lazard's retention under the terms of this Agreement is approved under section 328(a) of the Bankruptcy Code by final order of the Bankruptcy Court, which order is acceptable to Lazard. In so agreeing to seek Lazard's retention under Section 328(a) of the Bankruptcy Code, LBHI acknowledges that it believes that Lazard's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities will inure to the benefit of LBHI in pursuing any transaction, that the value to LBHI of Lazard's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the contingent Sale Transaction fees, Financing Fees and the Restructuring fee are reasonable regardless of the number of hours to be expended by Lazard's professionals in the performance of the services to be provided hereunder.

*Other:*

4. No fee payable to any other person, by you or any other party, shall reduce or otherwise affect any fee payable hereunder to us.

5. The Company will furnish or cause to be furnished to Lazard such current and historical financial information and other information regarding the business and assets of the Company as Lazard may request in connection with this engagement. The Company represents and warrants to Lazard that all of the foregoing information will be accurate and complete at the time it is furnished, and agrees to keep Lazard advised of all developments materially affecting the Company or its financial position. Unless required by subpoena or other regulatory process, we will not disclose to any third party (other than our counsel or other agents under a duty of confidentiality or as otherwise agreed by you) any portion of the information provided by the Company that is not publicly available, and we will not use such information for any purpose other than pursuant to our engagement hereunder. You also agree to use reasonable efforts to cause each potential counterparty to provide us with such information as we reasonably deem necessary for our financial review and analysis. In performing its services pursuant to this Agreement, including in connection with any analysis, Lazard shall be entitled to rely upon information furnished to it by the Company, any counterparty or that is publicly available, may assume the accuracy and completeness of such information and shall not assume any responsibility for independent verification of any such information. Lazard will not, as part of its engagement, undertake any independent valuation or appraisal of any of the assets or liabilities of the Company or of any third party, or opine or give advice to the Board of Directors, the Company or management or shareholders with respect thereto.

6. In performing its services pursuant to this Agreement, Lazard is not assuming any responsibility for the decision of the Company or any other party to pursue (or not to pursue) any

LAZARD

business strategy or to effect (or not to effect) any Sale Transaction, any Restructuring, any Financing or other transaction. Lazard shall not have any obligation or responsibility to provide "crisis management" for or business consultant services to the Company, and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements; nor shall Lazard be responsible for providing any tax, legal or other specialist advice.

7. It is understood and agreed that nothing contained in this Agreement shall constitute an express or implied commitment by Lazard or any of its affiliates or related parties to underwrite, place or purchase any securities in a financing or otherwise, which commitment shall only be set forth in a separate underwriting, placement agency or purchase agreement, as applicable, relating to the financing.

8. On September 12, 2008, the Company and Lazard entered into an engagement agreement (the "Pre-Filing Engagement") and the Indemnification Letter. This Agreement supersedes in entirety the Pre-Filing Engagement, which is terminated in its entirety. Lazard waives payment of any fee or expense amounts payable pursuant to the Pre-Filing Engagement. Notwithstanding the foregoing, the Indemnification Letter remains in full force and effect and shall survive any termination or expiration of this Agreement.

9. In order to coordinate our efforts on behalf of LBHI during the period of our engagement hereunder, LBHI will promptly inform Lazard of any discussions, negotiations, or inquiries regarding any potential Sale Transaction, Financing or Restructuring.

10. Our engagement hereunder will automatically expire upon effectiveness of a plan of reorganization and may be earlier terminated by you or us at any time without liability or continuing obligation to you or us, except that following such termination and any expiration of this Agreement (a) we shall remain entitled to any fees accrued pursuant to Section 2 but not yet paid prior to such termination or expiration, as the case may be, and to reimbursement of expenses incurred prior to such termination or expiration, as the case may be, and (b) in the case of termination by LBHI or any expiration of this Agreement, we shall remain entitled to full payment of all fees contemplated by Section 2 hereof in respect to any Sale Transaction, any Financing, and any Restructuring announced or resulting from negotiations occurring during the period from the date hereof until one year following such termination or expiration, as the case may be.

11. LBHI recognizes that Lazard has been engaged only by LBHI and that the engagement of Lazard is not deemed to be on behalf of and is not intended to confer rights upon any shareholder, partner or other owner of the Company, any creditor, lender or any other person. Unless otherwise expressly agreed, no one, other than senior management or the Board of Directors of LBHI is authorized to rely upon the engagement of Lazard or any statements, advice, opinions or conduct by Lazard. Without limiting the foregoing, any advice, written or oral, rendered to LBHI's Board of Directors or management in the course of the engagement of Lazard are solely for the purpose of assisting senior management or the Board of Directors of LBHI in evaluating any Sale Transaction, any Financing, and any Restructuring and does not constitute a recommendation to any stakeholder of the Company in connection with any Sale Transaction, any Financing, or Restructuring. Any advice, written or oral, rendered by Lazard may not be disclosed publicly or made available to third parties without the prior written consent

LAZARD

of Lazard. Notwithstanding the foregoing, nothing herein shall prohibit you from disclosing to any and all persons the tax treatment and tax structure of any transaction and the portions of any materials that relate to such tax treatment or tax structure. Lazard's role herein is that of an independent contractor; nothing herein is intended to create or shall be construed as creating a fiduciary relationship between Lazard and the Company or its Boards of Directors.

12. In connection with the services to be provided hereunder, Lazard may employ the services of its affiliates and related parties and may share with any such entity any information concerning the Company, provided that Lazard and such entities shall hold any nonpublic information confidential in accordance with their respective customary policies relating to non-public information. Any such entity so employed shall be entitled to all of the benefits afforded to Lazard hereunder and under the Indemnification Letter and shall be entitled to be reimbursed for its costs and expenses on the same basis as Lazard.

13. The provisions hereof shall inure to the benefits of and be binding upon the successors and assigns of the Company, Lazard and any other person entitled to indemnity under the Indemnification Letter. Lehman Brothers Holdings Inc. is executing this agreement on behalf of the Company and agrees that the Company's obligations hereunder shall be joint and several. This Agreement and the related Indemnification Letter embody the entire agreement and understanding among the parties hereto.

14. This Agreement and any claim related directly or indirectly to this Agreement (including any claim concerning advice provided pursuant to this Agreement) shall be governed by and construed in accordance with the laws of the State of New York without regard to the principle of conflicts of law. No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York, and each of the parties hereby submits to the jurisdiction of such courts. The Company hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding. The Company waives all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of the engagement of Lazard pursuant to, or the performance by Lazard of the services contemplated by, this Agreement.

LAZARD

If the foregoing Agreement is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate hereof.

Very truly yours,

LAZARD FRERES & CO. LLC

By _____
Barry Ridings
Vice Chairman of US Investment Banking

AGREED TO AND ACCEPTED
as of the date first above written:

LEHMAN BROTHERS HOLDINGS INC. on behalf of itself
and its controlled subsidiaries, other than Lehman Brothers
International (Europe) and its subsidiaries

By _____
Bryan Marsal
Chief Restructuring Officer

LAZARD

If the foregoing Agreement is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate hereof.

Very truly yours,

LAZARD FRERES & CO. LLC

By_____
    Barry Ridings
    Vice Chairman of US Investment Banking

AGREED TO AND ACCEPTED
as of the date first above written:

LEHMAN BROTHERS HOLDINGS INC. on behalf of itself
and its controlled subsidiaries, other than Lehman Brothers
International (Europe) and its subsidiaries

By_____
    Bryan Marsal
    Chief Restructuring Officer

LAZARD

Schedule A

| Aggregate Consideration Involved in Sale Transaction (Millions) | Amount (Thousands) | Percent of Aggregate Consideration |
|---|---|---|
| $20,000 or higher | $34,000 or higher | 0.170 |
| 15,000 | 30,000 | 0.200 |
| 12,500 | 28,750 | 0.230 |
| 10,000 | 25,000 | 0.250 |
| 9,000 | 24,300 | 0.270 |
| 8,000 | 23,200 | 0.290 |
| 7,500 | 22,500 | 0.300 |
| 7,000 | 22,400 | 0.320 |
| 6,000 | 20,100 | 0.335 |
| 5,000 | 17,500 | 0.350 |
| 4,000 | 16,000 | 0.400 |
| 3,000 | 13,500 | 0.450 |
| 2,000 | 10,000 | 0.500 |
| 1,000 | 7,000 | 0.700 |
| 900 | 6,660 | 0.740 |
| 800 | 6,240 | 0.780 |
| 700 | 5,740 | 0.820 |
| 600 | 5,160 | 0.860 |
| 500 | 4,500 | 0.900 |
| 400 | 4,000 | 1.000 |
| 300 | 3,300 | 1.100 |
| 200 | 2,600 | 1.300 |
| 100 | 1,750 | 1.750 |
| 50 or lower | 1,100 or lower | 2.200 |

For purposes hereof, the term "Aggregate Consideration" means (x) the total amount of cash and the fair market value (on the date of payment) of all of the property paid or payable (including amounts paid into escrow) in connection with the Sale Transaction (or any related transaction), including amounts paid or payable in respect of convertible securities, preferred equity securities, warrants, stock appreciation rights, option or similar rights, whether or not vested, plus (y) the principal amount of all indebtedness for borrowed money or other liabilities of the Company or relevant Company entity, as applicable, and the Company's pro rata portion (based on its ownership) of any indebtedness for borrowed money or other liabilities of any other entity in which the Company has an ownership interest, in each case, that is eliminated, reduced or transferred, directly or indirectly, in connection with a Sale Transaction. Aggregate Consideration shall also include the aggregate amount of any dividends or other distributions declared by the Company or relevant Company entity, as applicable, after the date hereof other than normal quarterly cash dividends and, in the case of a sale of assets, the value of any related

[1] For a transaction size in between the aggregate considerations specified above, the fee would be determined by interpolating between the two closest percentages.

LAZARD

current assets that are not sold by the Company or relevant Company entity, as applicable. For purposes of calculating Aggregate Consideration, the value of securities (whether debt or equity) that are freely tradable in an established public market will be determined on the basis of the average closing price in such market for the 10 trading days prior to the closing of the Sale Transaction (the "Valuation Date"); and the value of securities that have no established public market or other property will be the fair market value of such securities or other property on such Valuation Date and any restricted stock (i.e., stock in a public company not freely tradeable) received shall be valued at 85% of the public market price of such stock.   Aggregate Consideration shall also be deemed to include pension liabilities and guarantees of monies borrowed assumed directly or indirectly by the third party.  If the Aggregate Consideration is subject to increase by contingent payments related to future events, the portion of our fee relating thereto shall be calculated by us in good faith and paid to us upon consummation of the Sale Transaction.


## SCHEDULE B

Fees for Financings

The following table outlines the Financing Fees. The total Financing Fee shall be calculated by multiplying the applicable fee percentage by the total gross proceeds raised in each Financing.

| Funds Raised | Fee |
| --- | --- |
| Senior Secured Debt | 1.50% |
| Senior Debt | 3.00% |
| Subordinated Debt | 3.50% |
| Convertible Debt | 3.75% |
| Convertible Preferred Stock | 5.00% |
| Common Stock | 6.00% |

# EXHIBIT B

## Retention Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————x
                        :

**In re**                        :        **Chapter 11 Case No.**
                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*   :        **08-13555 (JMP)**
                        :

          **Debtors.**           :        **(Jointly Administered)**
                        :

————————————————————————x

### ORDER UNDER 11 U.S.C. §§ 328(a)
### AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1
### AUTHORIZING EMPLOYMENT AND RETENTION OF LAZARD
### FRERES & CO. LLC AS INVESTMENT BANKER TO LEHMAN BROTHERS
### HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 15, 2008

Upon the Application, dated November 13, 2008 (the "Application")[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors (collectively, the "Debtors") for

an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11

U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and rule 2014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing

the Debtors to retain and employ Lazard Frères & Co. LLC ("Lazard") as investment

banker for the Debtors, effective as of September 15, 2008 (the "Effective Date"),

pursuant to the terms of the engagement letter between the Debtors and Lazard, dated

October 20, 2008 (the "Engagement Letter"), and the related indemnification agreement

between the Debtors and Lazard, dated as of September 12, 2008 (the "Indemnification

Letter" and, together with the Engagement Letter, the "Engagement Agreement"); and

---

[1] Capitalized terms that are used but not defined in this order have the meaning ascribed to them in the Application.

the Court having jurisdiction to consider the Application and the relief requested therein

pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy

Judges of the United States District Court for the Southern District of New York (Ward,

Acting C.J.), dated July 10, 1984; and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C § 1408 and 1409; and due and proper

notice of the Application having been provided, and it appearing that no other or further

notice of the Application having been provided, and it appearing that no other or further

notice need be provided; and the Court having reviewed the Application and determined

that the employment of Lazard by the Debtors is necessary and in the best interest of the

Debtors' estate, creditors, and other parties in interest and that the terms of compensation

being sought by the Application as set forth in the Engagement Agreement are

reasonable; and the Court having considered the Affidavit of Barry W. Riddings,

Managing Director and Vice Chairman of Lazard, sworn to on November 13, 2008 (the

"Ridings Affidavit") filed in support of the Application; and the Court being satisfied

based on the representations in the Application and the Ridings Affidavit that Lazard

does not represent any other entity having an adverse interest in connection with the case;

and the Court having determined that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court; and the Office of the United States Trustee for Region

2 (the "United States Trustee") having no objection to certain modifications of the terms

and conditions of retention set forth in the Final Order Pursuant to 11 U.S.C. §327(a) and

328(a) Authorizing the Employment and Retention of the Blackstone Group L.P. as

2

Financial Advisor for the Debtors and Debtors-In-Possession, entered in *In re Global Crossing, Ltd.*, Case No 02-40187 (REG), because of the exceptional circumstances caused by the scope and magnitude of these chapter 11 cases; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that in accordance with sections 328(a) and 1103 of the Bankruptcy Code, the Debtors are authorized to employ and retain Lazard as of September 15, 2008 as its investment banker in the chapter 11 cases on the terms set forth in the Application and the Engagement Letter, as modified hereby; and it is further

ORDERED that all compensation and reimbursement of expenses to be paid to Lazard shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review, including under section 330 of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding the proceeding paragraph, all monthly fees and all fees payable in connection with any Sale Transaction, any Financing, or any Restructuring (collectively, the "Deferred Fees") and reimbursement of expenses to be paid to Lazard shall be subject to prior approval of this Court pursuant to the standard of review described above, and the United States Trustee shall retain the right to object to the monthly fees and Deferred Fees payable pursuant to the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code and the Court shall consider any such objection by the United States Trustee under section 330 of the Bankruptcy Code; and it is further

3

ORDERED that all Lazard financial restructuring personnel employed in domestic U.S. offices of Lazard who provide services to or on behalf of the Debtors as authorized hereby shall keep contemporaneous records of the work performed by them in hourly increments; and it is further

ORDERED that all other personnel of Lazard or its affiliates who provide services to or on behalf of the Debtors as authorized hereby shall keep detailed descriptions of the work performed by them and Lazard shall prepare a weekly summary of such detailed descriptions and provide same to the United States Trustee; and it is further

ORDERED that to the extent the United States Trustee has any objection to the scope, completeness or adequacy of the time records or summaries thereof described in the preceeding paragraph the United States Trustee shall notify Lazard with thirty (30) days of receipt thereof or the United States Trustee shall be deemed to have waived any such objection; and it is further

ORDERED that upon submission of the foregoing time records to the United States Trustee, Lazard shall also provide the United States Trustee with schedules of the Lazard personnel who provided services to or on behalf of the Debtors identifying (i) which individuals are financial restructuring personnel employed in domestic U.S. offices of Lazard and (ii) which are not;  provided, however, that Lazard shall not be required to maintain neither time records nor summaries of work performed by Lazard personnel for services rendered to or on behalf of the Debtors through and including the date on which this Order is entered; and it is further

4

ORDERED that in the event Lazard seeks reimbursement for attorneys'

fees pursuant to the terms of the Engagement Agreement, the invoices and supporting

time records from such attorneys shall be included in Lazard's own application and such

invoices and time records shall be subject to the United States Trustee's guidelines for

compensation and reimbursement of expenses and the approval of the Bankruptcy Court

under the standards of sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that none of the fees hereunder, including the Deferred Fees,

shall constitute a "bonus" or "fee enhancement" under applicable law; and it is further

ORDERED that the Debtors will be bound by the indemnification,

contribution, reimbursement and exculpation provisions of the Engagement Agreement

and will indemnify and hold harmless Lazard and its affiliates, and its and their

respective directors, officers, members, agents, employees and controlling persons, and

each of their respective successors and assigns (collectively, the "Indemnified Persons"),

pursuant to the Engagement Agreement and, during the pendency of these chapter 11

cases, subject to the following conditions:

> (i)     all requests of Indemnified Persons for payment of indemnity,
> contribution or otherwise pursuant to the indemnification
> provisions of the Engagement Agreement shall be made by means
> of an interim or final fee application and shall be subject to the
> approval of, and review by, the Court to ensure that such payment
> conforms to the terms of the Engagement Agreement, the
> Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy
> Rules and the orders of this Court and is reasonable based upon the
> circumstances of the litigation or settlement in respect of which
> indemnity is sought; provided, however, that in no event shall an
> Indemnified Person be indemnified or receive contribution to the
> extent that any claim or expense has resulted in the bad-faith, self-
> dealing, breach of fiduciary duty, if any, gross negligence or

5

willful misconduct on the party of that or any other Indemnified
Person;

(ii)     in no event shall an Indemnified Person be indemnified or receive
contribution or other payment under the indemnification provisions
of the Engagement Agreement if the Debtors, their estates or the
Committee assert a claim, to the extent that the Court determines
by final order that such claim resulted from the bad-faith, self-
dealing, breach of fiduciary duty, if any, gross negligence, or
willful misconduct on the part of that or any other Indemnified
Person; and

(iii)    in the event an Indemnified Person seeks reimbursement for
attorneys' fees from the Debtors pursuant to the Engagement
Agreement, the invoices and supporting time records from such
attorneys shall be annexed to Lazard's own interim and final fee
applications, and such invoices and time records shall be subject to
the United States Trustee's Guidelines for compensation and
reimbursement of expenses and the approval of the Bankruptcy
Court under the standards of section 330 of the Bankruptcy Code
without regard to whether such attorney has been retained under
section 1103 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the

Engagement Agreement or the Application, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all

matters arising or related to the implementation of this Order.

Dated: New York, New York
       December 17, 2008

                                _s/ James M. Peck_____
                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

# Summary of Hours Expended

**Lehman Brothers Holdings, Inc.**
**Lazard Frères & Co. LLC**
**Summary of Services Rendered by Project**

**July 1, 2009 - September 30, 2009**

| Project # | Project Description | July | August | September | Total |
|---|---|---|---|---|---|
| 1 | Interface with Professionals, Official Committees, and Other Parties-In-Interest | 15.5 | 2.3 | 5.5 | 23.3 |
| 2 | Business Operations Planning, Monitoring, Reporting and Analysis, and Projections | 1.0 | 2.0 | 0.0 | 3.0 |
| 3 | Preparation and/or Review of Court Filings | 0.0 | 0.0 | 11.0 | 11.0 |
| 4 | Court Testimony/Deposition and Preparation | 0.0 | 0.0 | 0.0 | 0.0 |
| 5 | Valuation Analysis | 3.4 | 0.0 | 0.0 | 3.4 |
| 6 | Capital Structure Review and Analysis | 0.0 | 0.0 | 0.0 | 0.0 |
| 7 | Merger & Acquisition Activity | 101.3 | 89.8 | 67.8 | 258.8 |
| 8 | Financing Including DIP and Exit Financing | 0.0 | 0.0 | 0.0 | 0.0 |
| 9 | General Corporate Finance, Research and Analysis, and Other Due Diligence | 5.5 | 1.5 | 22.5 | 29.5 |
| 10 | Fee Application, Engagement | 16.5 | 19.0 | 6.0 | 41.5 |
| 11 | Employee Retention Program | 0.0 | 0.0 | 0.0 | 0.0 |
| **TOTAL** | | **143.2** | **114.6** | **112.8** | **370.5** |

**Summary of Services Rendered by Professional**

| Name | July | August | September | Total |
|---|---|---|---|---|
| Barry W. Ridings, Managing Director | 2.5 | 3.5 | 11.0 | 17.0 |
| Tim Dana, Managing Director | 3.0 | 4.5 | 6.0 | 13.5 |
| David Descoteaux, Managing Director | 4.5 | 0.0 | 2.0 | 6.5 |
| Holcombe Green, Managing Director | 44.0 | 72.3 | 11.0 | 127.3 |
| Alan Riffkin, Managing Director | 6.0 | 0.0 | 0.5 | 6.5 |
| Edward Flagg, Director | 24.6 | 0.0 | 0.0 | 24.6 |
| Elizabeth LaPuma, Vice President | 2.0 | 13.0 | 20.5 | 35.5 |
| Matthew Whiting, Vice President | 5.5 | 1.0 | 8.5 | 15.0 |
| Melissa Gordon, Associate | 8.0 | 0.0 | 1.3 | 9.3 |
| Jared Keating, Associate | 17.0 | 0.0 | 35.0 | 52.0 |
| Alex Russo, Analyst | 11.6 | 0.8 | 0.0 | 12.4 |
| Bobby Xu, Analyst | 14.5 | 19.5 | 17.0 | 51.0 |
| **TOTAL** | **143.2** | **114.6** | **112.8** | **370.5** |

# Details of Hours

# Third Interim Period

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Barry W. Ridings, Managing Director

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 07/09/09 | Meeting at Lehman review of various projects | 1.5 | 1 |
| 07/14/09 | Prepare memo to A&M regarding project status | 1.0 | 2 |
| | **JULY HOURS** | **2.5** | |
| 08/27/09 | Prepare for meeting with Company | 2.0 | 2 |
| 08/28/09 | Meeting with Company reagrding Barclays | 1.5 | 1 |
| | **AUGUST HOURS** | **3.5** | |
| 09/23/09 | Review material regarding subpoena | 3.0 | 9 |
| 09/24/09 | Review Company motion regarding sale | 1.5 | 7 |
| 09/25/09 | Review UCC motion regarding sale | 1.0 | 7 |
| 09/26/09 | Review hearing transcripts | 2.5 | 3 |
| 09/28/09 | Review hearing transcripts | 1.0 | 3 |
| 09/29/09 | Review hearing transcripts | 2.0 | 3 |
| | **SEPTEMBER HOURS** | **11.0** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Tim Dana, Managing Director

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 07/13/09 | update and discussion of alternatives | 1.0 | 7 |
| 07/20/09 | analysis of and discussion of alternatives | 2.0 | 7 |
| | **JULY HOURS** | **3.0** | |
| | | | |
| 08/20/09 | updates with LBB and A&M | 2.5 | 7 |
| 08/27/09 | updates with A&M | 2.0 | 7 |
| | **AUGUST HOURS** | **4.5** | |
| | | | |
| 09/01/09 | prep for A&M call | 0.5 | 7 |
| 09/02/09 | prep for A&M call | 1.0 | 7 |
| 09/03/09 | updates with A&M | 1.0 | 7 |
| 09/24/09 | updates with A&M | 0.5 | 7 |
| 09/24/09 | prep for alternatives | 3.0 | 7 |
| | **SEPTEMBER HOURS** | **6.0** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
David Descoteaux, Managing Director

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 07/09/09 | Call re: Lehman background | 1.0 | 1 |
| 07/09/09 | Trust Call | 1.0 | 7 |
| 07/10/09 | Lehman Fee Meeting | 1.0 | 10 |
| 07/10/09 | Lehman Meeting | 1.5 | 10 |
| | **JULY HOURS** | **4.5** | |
| 09/08/09 | PIK Note | 1.0 | 1 |
| 09/10/09 | LBHI PIK Notes call | 1.0 | 1 |
| | **SEPTEMBER HOURS** | **2.0** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Holcombe Green, Managing Director

| Date: | Description of Work: | Hours: | Code |
|---|---|---|---|
| 07/01/09 | Communications | 4.0 | 7 |
| 07/09/09 | Meeting with potential buyer of assets | 1.5 | 7 |
| 07/10/09 | Internal meeting re Lehman | 1.0 | 7 |
| 07/10/09 | Meeting with management | 2.0 | 7 |
| 07/06/09 | Communications | 7.0 | 7 |
| 07/13/09 | Communications | 7.0 | 7 |
| 07/21/09 | Meeting with management | 1.5 | 7 |
| 07/22/09 | Meeting with potential buyer of assets | 1.5 | 7 |
| 07/22/09 | Call with management | 0.5 | 7 |
| 07/23/09 | Discussions with potential buyers | 1.0 | 7 |
| 07/20/09 | Communications | 7.0 | 7 |
| 07/27/09 | Communications | 4.0 | 7 |
| 07/28/09 | Call with potential buyer | 1.0 | 7 |
| 07/28/09 | Meeting with potential buyer of assets | 1.5 | 7 |
| 07/29/09 | Call with potential buyer | 0.5 | 7 |
| 07/29/09 | Meeting with potential buyer of assets | 1.5 | 7 |
| 07/29/09 | Meeting with potential buyer of assets | 1.5 | 7 |
| | **JULY HOURS** | **44.0** | |
| 08/01/09 | Communications | 1.0 | 7 |
| 08/04/09 | Meeting with potential buyer of assets | 1.0 | 7 |
| 08/06/09 | Call with management | 1.0 | 7 |
| 08/03/09 | Communications | 7.0 | 7 |
| 08/11/09 | Meetings with potential buyers of assets | 4.5 | 7 |
| 08/12/09 | Meetings with potential buyers of assets | 7.5 | 7 |
| 08/13/09 | Meetings with potential buyers of assets | 9.0 | 7 |
| 08/10/09 | Travel to and from California | 13.0 | 7 |
| 08/10/09 | Communications | 7.0 | 7 |
| 08/18/09 | Call with potential buyer | 0.5 | 7 |
| 08/18/09 | Call with management | 0.8 | 7 |
| 08/18/09 | Meeting with potential buyer of assets | 1.5 | 7 |
| 08/18/09 | Call with potential buyer | 0.5 | 7 |
| 08/19/09 | Call with potential buyer | 0.5 | 7 |
| 08/21/09 | Meetings with potential buyer of assets | 1.5 | 7 |
| 08/17/09 | Communications | 7.0 | 7 |
| 08/27/09 | Call with potential buyer | 1.0 | 7 |
| 08/27/09 | Call with potential buyer | 1.0 | 7 |
| 08/24/09 | Communications | 7.0 | 7 |
| | **AUGUST HOURS** | **72.3** | |
| 09/23/09 | Review material regarding subpoena | 3.0 | 9 |
| 09/24/09 | Review Company motion regarding sale | 1.5 | 7 |
| 09/25/09 | Review UCC motion regarding sale | 1.0 | 7 |
| 09/26/09 | Review hearing transcripts | 2.5 | 3 |
| 09/28/09 | Review hearing transcripts | 1.0 | 3 |
| 09/29/09 | Review hearing transcripts | 2.0 | 3 |
| | **SEPTEMBER HOURS** | **11.0** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Alan Riffkin, Managing Director

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 07/01/09 | Meeting with investors | 2.0 | 1 |
| 07/06/09 | Review of structure & terms | 0.5 | 7 |
| 07/08/09 | Internal discussion of process | 0.5 | 7 |
| 07/10/09 | Discussion with LEH | 1.5 | 1 |
| 07/14/09 | Email correspondence with investor | 0.5 | 1 |
| 07/15/09 | Review of term sheets | 0.5 | 7 |
| 07/29/09 | Discussion with Estate | 0.5 | 1 |
| | **JULY HOURS** | **6.0** | |
| | | | |
| 09/08/09 | Process update discussion | 0.5 | 1 |
| | **SEPTEMBER HOURS** | **0.5** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Edward Flagg, Director

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 7/8/2009 | Prepare presentation | 1.0 | 7 |
| 7/10/2009 | Prepare presentation | 3.0 | 7 |
| 7/14/2009 | Prepare presentation | 4.0 | 7 |
| 7/16/2009 | Prepare presentation | 4.5 | 7 |
| 7/17/2009 | Prepare presentation | 0.5 | 7 |
| 7/20/2009 | Prepare presentation | 0.6 | 7 |
| 7/22/2009 | Prepare presentation | 4.0 | 7 |
| 7/10/2009 | Prepare presentation | 2.0 | 7 |
| 7/26/2009 | Prepare presentation | 2.0 | 7 |
| 7/28/2009 | Prepare presentation | 3.0 | 7 |
| | **JULY HOURS** | **24.6** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Elizabeth LaPuma, Vice President

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 07/08/09 | Document preparation | 1.0 | 7 |
| 07/09/09 | Document preparation | 1.0 | 7 |
| | **JULY HOURS** | **2.0** | |
| 08/18/09 | NDA | 1.0 | 7 |
| 08/20/09 | Call with LBB Mgmt | 1.5 | 7 |
| 08/20/09 | Work on list of potential partners | 3.0 | 7 |
| 08/21/09 | Working on potential partner list | 2.5 | 7 |
| 08/22/09 | Working on potential partner list | 3.0 | 7 |
| 08/28/09 | Working on potential partner list | 2.0 | 7 |
| | **AUGUST HOURS** | **13.0** | |
| 09/01/09 | Potential bidders | 1.0 | 7 |
| 09/02/09 | Potential bidders | 2.0 | 7 |
| 09/03/09 | Potential bidders | 1.5 | 7 |
| 09/03/09 | updates with A&M | 1.5 | 7 |
| 09/22/09 | Review diligence materials | 1.0 | 7 |
| 09/24/09 | Prepare presentation on alternatives | 2.0 | 7 |
| 09/24/09 | Discuss alternatives | 3.0 | 7 |
| 09/25/09 | Prepare presentation on alternatives | 1.5 | 7 |
| 09/26/09 | Prepare presentation on alternatives | 2.0 | 7 |
| 09/27/09 | Prepare presentation on alternatives | 2.0 | 7 |
| 09/28/09 | Prepare presentation on alternatives | 2.0 | 7 |
| 09/29/09 | Discussion re: alternatives | 1.0 | 7 |
| | **SEPTEMBER HOURS** | **20.5** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Matthew Whiting, Vice President

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 07/02/09 | Lehman internal process | 0.5 | 9 |
| 07/07/09 | Lehman internal process | 0.5 | 9 |
| 07/08/09 | Discussion with RE on materials | 0.5 | 9 |
| 07/17/09 | Lehman internal process | 0.5 | 9 |
| 07/22/09 | Review trust information | 2.0 | 9 |
| 07/23/09 | Data request on IMD | 1.0 | 9 |
| 07/27/09 | Discussion on RE participants | 0.5 | 9 |
| | **JULY HOURS** | **5.5** | |
| 08/27/09 | Discussion on estate holdings | 0.5 | 9 |
| 08/28/09 | Meeting on Lehman transaction | 0.5 | 9 |
| | **AUGUST HOURS** | **1.0** | |
| 09/04/09 | Review of meeting topics | 0.5 | 9 |
| 09/07/09 | Review of financial information | 2.0 | 9 |
| 09/08/09 | Call on financial analysis | 1.0 | 9 |
| 09/09/09 | Review of financial information | 1.5 | 9 |
| 09/10/09 | Meeting on financial analysis | 2.0 | 9 |
| 09/14/09 | Discussion with interested party | 0.5 | 9 |
| 09/24/09 | Lehman internal process | 0.5 | 9 |
| 09/25/09 | Discussion on Lehman court docs | 0.5 | 9 |
| | **SEPTEMBER HOURS** | **8.5** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Melissa Gordon, Associate

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 07/07/09 | Preparation of materials regarding processes | 2.0 | 7 |
| 07/08/09 | Preparation of materials regarding processes | 1.5 | 7 |
| 07/09/09 | Preparation of materials regarding processes | 0.5 | 7 |
| 07/10/09 | Meeting to discuss processes | 1.0 | 1 |
| 07/10/09 | Meeting to discuss fee proposals | 1.5 | 1 |
| 07/21/09 | Meeting with Estate | 1.5 | 1 |
| | **JULY HOURS** | **8.0** | |
| | | | |
| 09/21/09 | Call regarding final close | 0.5 | 7 |
| 09/23/09 | Call regarding final close | 0.8 | 7 |
| | **SEPTEMBER HOURS** | **1.3** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Jared Keating, Associate

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 07/01/09 | Document Discussion | 1.0 | 7 |
| 07/08/09 | Document Discussion | 2.0 | 7 |
| 07/13/09 | Document Discussion | 2.0 | 7 |
| 07/14/09 | Document Discussion | 1.0 | 7 |
| 07/15/09 | Document Discussion | 1.0 | 7 |
| 07/16/09 | Document Discussion | 1.0 | 7 |
| 07/22/09 | Document Discussion | 1.0 | 7 |
| 07/23/09 | Document Discussion | 1.0 | 7 |
| 07/27/09 | Due Diligence | 3.0 | 7 |
| 07/28/09 | Due Diligence | 2.0 | 7 |
| 07/31/09 | Due Diligence | 2.0 | 7 |
| | **JULY HOURS** | **17.0** | |
| 09/01/09 | Preparation of discussion materials | 6.0 | 7 |
| 09/02/09 | Preparation of discussion materials | 8.0 | 7 |
| 09/03/09 | Conference call to discuss potential partner banks | 2.0 | 7 |
| 09/24/09 | Preparation of discussion materials | 5.0 | 7 |
| 09/25/09 | Preparation of discussion materials | 4.0 | 7 |
| 09/26/09 | Preparation of discussion materials | 2.0 | 7 |
| 09/27/09 | Preparation of discussion materials | 1.0 | 7 |
| 09/28/09 | Preparation of discussion materials | 5.0 | 7 |
| 09/29/09 | Meeting w/Alvarez & Marsal | 2.0 | 7 |
| | **SEPTEMBER HOURS** | **35.0** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Alex Russo, Analyst

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 07/02/09 | Answered questions | 0.5 | 1 |
| 07/07/09 | Answered questions | 0.2 | 1 |
| 07/09/09 | Reviewed presentation | 1.2 | 7 |
| 07/09/09 | Financial analysis | 3.4 | 5 |
| 07/13/09 | Answered questions | 1.0 | 1 |
| 07/17/09 | Data room | 2.5 | 7 |
| 07/22/09 | Call with counsel | 0.8 | 1 |
| 07/28/09 | Answered questions | 2.0 | 1 |
| | **JULY HOURS** | **11.6** | |
| 08/04/09 | Answered questions for LP advisors | 0.5 | 1 |
| 08/05/09 | Answered questions for LP advisors | 0.3 | 1 |
| | **AUGUST HOURS** | **0.8** | |

**Lehman Brothers Holdings, Inc.**
Time Detail
Lazard Frères & Co. LLC
Bobby Xu, Analyst

| Date: | Description of Work: | Hours: | Code |
|-------|--------------------|--------|------|
| 07/08/09 | Fee application | 2.0 | 10 |
| 07/10/09 | Fee discussion | 1.0 | 10 |
| 07/15/09 | Fee document | 5.0 | 10 |
| 07/16/09 | Fee application | 2.0 | 10 |
| 07/17/09 | Fee document | 4.0 | 10 |
| 07/23/09 | Pull file | 0.5 | 7 |
| | **JULY HOURS** | **14.5** | |
| 08/09/09 | Fee application | 2.0 | 10 |
| 08/10/09 | Fee application | 3.0 | 10 |
| 08/11/09 | Fee application | 4.0 | 10 |
| 08/12/09 | Fee application | 3.0 | 10 |
| 08/13/09 | Fee application | 5.0 | 10 |
| 08/14/09 | Fee application | 2.0 | 10 |
| 08/23/09 | Internal request | 0.5 | 9 |
| | **AUGUST HOURS** | **19.5** | |
| 09/08/09 | Compile PIK note documents | 2.0 | 9 |
| 09/08/09 | PIK note call | 1.0 | 1 |
| 09/09/09 | Review PIK note documents | 2.0 | 9 |
| 09/10/09 | PIK note meeting | 2.0 | 1 |
| 09/18/09 | Pull court documents | 2.0 | 9 |
| 09/24/09 | Pull court documents | 2.0 | 9 |
| 09/28/09 | Fee application | 4.0 | 10 |
| 09/30/09 | Fee application | 2.0 | 10 |
| | **SEPTEMBER HOURS** | **17.0** | |

# EXHIBIT D

# Fee Calculation &
# Details of Expenses

**Lehman Brothers Holding Inc.**
**3rd Interim Application**
**Lazard Frères & Co. LLC**

**July 1, 2009 - September 30, 2009**

### Fee Calculation

| Item | Amount Incurred |
|---|---|
| Monthly Fees: July 1, 2009 - July 31, 2009 | $400,000.00 |
| Monthly Fees: August 1, 2009 - August 31, 2009 | 400,000.00 |
| Monthly Fees: September 1, 2009 - September 30, 2009 | 400,000.00 |
| Lehman Brothers Bank - Small Bussiness Finance Sale Fee | 3,221,000.00 |
| **TOTAL** | **$4,421,000.00** |

### Summary of Out-of-Pocket Expenses[1]

| Item | Amount Incurred |
|---|---|
| Car Services and Taxis | $785.25 |
| Consulting-Non-IT | 0.00 |
| Courier/Shipping | 161.64 |
| Electronic Information Service | 1,258.29 |
| Employee Meals | 543.78 |
| Meals-Meetings/Travel | 713.57 |
| Photocopying Costs | 186.44 |
| Telephone/Telex/Fax-Usage | 55.72 |
| **TOTAL** | **$3,704.69** |

---

[1]  *Additional expense detail will be furnished upon request.*

**Lehman Brothers Holding Inc.**
**3rd Interim Application**
**Lazard Frères & Co. LLC**

**July 1, 2009 - September 30, 2009**

**Summary of Out-of-Pocket Expenses**[1]

| Item | Jul | Aug | Sep | Total |
|---|---|---|---|---|
| Car Services and Taxis | 472.18 | 172.92 | 140.15 | $785.25 |
| Consulting-Non-IT | 0.00 | 0.00 | 0.00 | 0.00 |
| Courier/Shipping | 86.71 | 35.50 | 39.43 | 161.64 |
| Electronic Information Service | 773.62 | 432.76 | 51.91 | 1,258.29 |
| Employee Meals | 195.72 | 137.01 | 211.05 | 543.78 |
| Meals-Meetings/Travel | 0.00 | 713.57 | 0.00 | 713.57 |
| Photocopying Costs | 186.44 | 0.00 | 0.00 | 186.44 |
| Telephone/Telex/Fax-Usage | 44.60 | 0.00 | 11.12 | 55.72 |
| **TOTAL** | 1,759.27 | 1,491.76 | 453.66 | $3,704.69 |

[1] *Additional expense detail will be furnished upon request.*

LEH_3rdt Interim Expense Detail_Jul-Sep 09.xls

Exp Detail_Jul 09

# L A Z A R D

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03766 - Lehman Brothers

Currency: USD - US Dollar

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| **OPENING BALANCE** | 1/1/1900 | | 0.00 |
| **Car Services and Taxis** | | | |
| | 7/9/2009 | Flagg-Cab from mtg with PCCP to ofc 05/07/2009 | 10.90 |
| | 7/6/2009 | Flagg-Cab from ofc to meeting 05/01/2009 | 11.30 |
| | 7/6/2009 | Flagg-Cab from ofc to meeting 05/27/2009 | 10.50 |
| | 7/9/2009 | Flagg-Cab from ofc to mtg with AREA 05/08/2009 | 12.50 |
| | 7/9/2009 | Flagg-Cab from office to meeting 05/13/2009 | 19.32 |
| | 7/6/2009 | Flagg-Cab from train station to home 04/29/2009 | 9.96 |
| | 7/6/2009 | Flagg-Cab from train station to mtg 04/28/2009 | 9.86 |
| | 7/6/2009 | Flagg-Cab home from ofc on weekend 05/09/2009 | 7.80 |
| | 7/6/2009 | Flagg-Cab to office from meeting 05/08/2009 | 13.90 |
| | 7/6/2009 | Flagg-Cab to office on weekend 05/09/2009 | 6.36 |
| | 7/21/2009 | Flagg-Car from home to meeting 07/09/2009 | 10.65 |
| | 7/21/2009 | Flagg-Car home from ofc on weekend 07/05/2009 | 17.60 |
| | 7/21/2009 | Flagg-Car to office on weekend 07/05/2009 | 17.60 |
| | 7/24/2009 | Flagg-D 06/12/2009 15:53 Origin: 95 HORATIO ST  M Dest: EWR  / DIAL CAR INC | 92.41 |
| | 7/24/2009 | Flagg-D 06/14/2009 21:26 Origin: EWR Dest: 1326 MADISON AV 10128 M / DIAL CAR INC | 100.00 |
| | 7/23/2009 | Flagg-O 07/14/2009 21:00 Origin: 30 ROCK Dest: M / SELAM TRANSPORTATION LLC | 30.91 |
| | 7/9/2009 | Flagg-Worked late - cab home 04/30/2009 | 14.80 |
| | 7/9/2009 | Flagg-Worked late - cab home 05/12/2009 | 12.20 |
| | 7/6/2009 | Flagg-Worked late - cab home 05/28/2009 | 7.75 |
| | 7/21/2009 | Flagg-Worked late/car home from ofc 06/29/2009 | 8.40 |
| | 7/16/2009 | Teja-O 07/10/2009 22:00 M / Origin: 30 ROCK Dest: M / SELAM TRANSPORTATION LLC | 47.46 |
| | | Subtotal: | 472.18 |
| **Couriers / Shipping** | | | |
| | 7/8/2009 | U 08-JUN-2009 767 5TH AVE / UNITED PARCEL SERVICE INC. | 10.00 |
| | 7/8/2009 | U 05-JUN-2009 THE WILLARD OFFI / UNITED PARCEL SERVICE INC. | 7.98 |
| | 7/8/2009 | U 16-JUN-2009 455 PENNSYLVANIA / UNITED PARCEL SERVICE INC. | 7.98 |
| | 7/8/2009 | U 05-JUN-2009 1 CHASE MANHATTA / UNITED PARCEL SERVICE INC. | 6.75 |
| | 7/8/2009 | U 05-JUN-2009 3 WHITEHALL STRE / UNITED PARCEL SERVICE INC. | 6.75 |
| | 7/8/2009 | U 16-JUN-2009 765 FIFTH AVENUE / UNITED PARCEL SERVICE INC. | 6.75 |
| | 7/8/2009 | U 16-JUN-2009 1271 AVENUE OF T / UNITED PARCEL SERVICE INC. | 6.75 |
| | 7/8/2009 | U 05-JUN-2009 765 FIFTH AVENUE / UNITED PARCEL SERVICE INC. | 6.75 |
| | 7/8/2009 | U 04-JUN-2009 765 FIFTH AVE. / UNITED PARCEL SERVICE INC. | 6.75 |

LEH_3rdt Interim Expense Detail_Jul-Sep 09.xls

Exp Detail_Jul 09

# L A Z A R D

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03766 - Lehman Brothers

Currency: USD - US Dollar

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | | BALANCE |
|---|---|---|---|---|
| **Couriers / Shipping** | 7/8/2009 | U 16-JUN-2009 1 CHASE MANHATTA / UNITED PARCEL SERVICE INC. | | 6.75 |
| | 7/8/2009 | U 05-JUN-2009 1271 AVENUE OF T / UNITED PARCEL SERVICE INC. | | 6.75 |
| | 7/8/2009 | U 16-JUN-2009 3 WHITEHALL STRE / UNITED PARCEL SERVICE INC. | | 6.75 |
| | | | Subtotal: | 86.71 |
| **Electronic Information Service** | 7/24/2009 | INVESTEXT DEC 08 USAGE / THOMSON FINANCIAL | | 773.62 |
| | | | Subtotal: | 773.62 |
| **Employee Meals** | 7/6/2009 | Flagg-Worked late - dinner at ofc 05/08/2009 | | 20.00 |
| | 7/9/2009 | Flagg-Worked late - dinner at office 05/11/2009 | | 20.00 |
| | 7/9/2009 | Flagg-Worked late - dinner at office 05/13/2009 | | 20.00 |
| | 7/9/2009 | Flagg-Worked late - dinner at office 04/30/2009 | | 20.00 |
| | 7/9/2009 | Flagg-Worked late - dinner at office 05/04/2009 | | 20.00 |
| | 7/9/2009 | Flagg-Worked late - dinner at office 05/05/2009 | | 20.00 |
| | 7/30/2009 | Teja-M 18-JUL-2009 Alpha Fusion / SEAMLESSWEB PROFESSIONAL | | 20.00 |
| | 7/30/2009 | Teja-M 10-JUL-2009 Alpha Fusion / SEAMLESSWEB PROFESSIONAL | | 20.00 |
| | 7/30/2009 | Teja-M 11-JUL-2009 Toloache / SEAMLESSWEB PROFESSIONAL | | 20.00 |
| | 7/30/2009 | Teja-M 12-JUL-2009 Energy Kitchen (/ SEAMLESSWEB PROFESSIONAL | | 15.72 |
| | | | Subtotal: | 195.72 |
| **Photocopying Costs** | 7/29/2009 | CPYCNTR JOBS DONE IN 06/09 / NON VENDOR (AP JOURNALS) | | 186.44 |
| | | | Subtotal: | 186.44 |
| **Telephone/Telex/Fax-Usage/Re** | 7/7/2009 | CONFERENCE CALLS (MAY '09) / AT&T TELECONFERENCE SERVICES | | 44.60 |
| | | | Subtotal: | 44.60 |

**CLOSING BALANCE as of 7/31/2009     1,759.27**

LEH_3rdt Interim Expense Detail_Jul-Sep 09.xls

Exp Detail_Aug 09

# L A Z A R D

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03766 - Lehman Brothers

Currency: USD - US Dollar

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| OPENING BALANCE | 1/1/1900 | | 0.00 |
| **Car Services and Taxis** | | | |
| | 8/6/2009 | Flagg- TAXI - late-night office/home 06/04/2009 | 19.44 |
| | 8/7/2009 | Flagg-O 07/28/2009 20:13 M / Origin: 30 ROCK Dest: M / SELAM TRANSPORTATION LLC | 45.25 |
| | 8/7/2009 | Flagg-O 07/27/2009 21:00 M / Origin: 30 ROCK Dest: M / SELAM TRANSPORTATION LLC | 30.91 |
| | 8/25/2009 | Flagg-Cab home from ofc on weekend 06/28/2009 | 19.92 |
| | 8/26/2009 | Zussman-D 07/11/2009 20:44 Origin: 49 W 49 ST  M Dest: 31 W 75 ST 10023 M / DIAL CAR INC | 28.70 |
| | 8/26/2009 | Zussman-D 07/12/2009 19:23 Origin: 49 W 49 ST  M Dest: 31 W 75 ST 10023 M / DIAL CAR INC | 28.70 |
| | | Subtotal: | 172.92 |
| **Couriers / Shipping** | | | |
| | 8/13/2009 | U 17-JUL-2009 455 PENNSYLVANIA / UNITED PARCEL SERVICE INC. | 8.10 |
| | 8/13/2009 | U 17-JUL-2009 765 5TH AVE / UNITED PARCEL SERVICE INC. | 6.85 |
| | 8/13/2009 | U 17-JUL-2009 33 WHITEHALL STR / UNITED PARCEL SERVICE INC. | 6.80 |
| | 8/13/2009 | U 17-JUL-2009 ONE CHASE MANHAT / UNITED PARCEL SERVICE INC. | 6.85 |
| | 8/13/2009 | U 17-JUL-2009 1271 6TH AVE / UNITED PARCEL SERVICE INC. | 6.85 |
| | | Subtotal: | 35.50 |
| **Electronic Information Service** | | | |
| | 8/28/2009 | CHARGEBACKS FOR MAR 09 USAGE / 10K WIZARD TECHNOLOGY, LLC | 249.57 |
| | 8/28/2009 | CHARGEBACKS FOR MAR 09 USAGE / 10K WIZARD TECHNOLOGY, LLC | 183.19 |
| | | Subtotal: | 432.76 |
| **Employee Meals** | | | |
| | 8/6/2009 | Flagg-MIYAGI NEW YORK NY 05/19/2009 | 20.00 |
| | 8/6/2009 | Flagg-RISOTTERIA 0000 NEW YORK NY 05/15/2009 | 20.00 |
| | 8/6/2009 | Flagg-MIYAGI NEW YORK NY 05/21/2009 | 20.00 |
| | 8/6/2009 | Flagg-WESTVILLE 650000037 NEW YORK 05/29/2009 | 20.00 |
| | 8/6/2009 | Flagg-MIYAGI NEW YORK NY 06/01/2009 | 20.00 |
| | 8/6/2009 | Flagg-MIYAGI NEW YORK NY 05/26/2009 | 20.00 |
| | 8/6/2009 | Flagg-A SALT & BATTERY 881 NEW YORK 05/27/2009 | 17.01 |
| | | Subtotal: | 137.01 |

LEH_3rdt Interim Expense Detail_Jul-Sep 09.xls

Exp Detail_Aug 09

# L A Z A R D

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03766 - Lehman Brothers

Currency: USD - US Dollar

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| Meals-Subsistence | | | |
| | 7/9/2009 | Flagg-Lehman Bros Investor mtgs (lunch-28p) 04/17/2009 | 676.82 |
| | 8/6/2009 | Flagg-HATSUHANA SUSHI NEW YORK (lunch 2p) 05/29/2009 | 36.75 |
| | | Subtotal: | 713.57 |

CLOSING BALANCE as of 8/31/2009  1,491.76

LEH_3rdt Interim Expense Detail_Jul-Sep 09.xls

Exp Detail_Sep 09

# L A Z A R D

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03766 - Lehman Brothers

Currency: USD - US Dollar

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| OPENING BALANCE | 1/1/1900 | | 0.00 |
| **Car Services and Taxis** | | | |
| | 9/2/2009 | Flagg- Worked late - cab home 06/16/2009 | 29.04 |
| | 9/2/2009 | Flagg- Worked late - cab home 06/25/2009 | 19.44 |
| | 9/2/2009 | Flagg- Worked late - cab home 06/23/2009 | 14.64 |
| | 9/3/2009 | Keating-O 08/27/2009 22:27 M / Origin: 30 ROCK Dest: M / SELAM TRANSPORTATION LLC | 31.05 |
| | 9/18/2009 | Flagg-Cab home from ofc on weekend 07/26/2009 | 19.44 |
| | 9/18/2009 | Flagg-Cab home from ofc on weekend 07/19/2009 | 17.04 |
| | 9/18/2009 | Flagg-Cab home from home to meeting 07/29/2009 | 9.50 |
| | | Subtotal: | 140.15 |
| **Couriers / Shipping** | | | |
| | 9/3/2009 | U 14-AUG-2009 455 PENNSYLVANIA / UNITED PARCEL SERVICE INC. | 7.48 |
| | 9/3/2009 | U 14-AUG-2009 765B FIFTH AVE / UNITED PARCEL SERVICE INC. | 6.39 |
| | 9/3/2009 | U 19-AUG-2009 765 FIFTH AVE / UNITED PARCEL SERVICE INC. | 6.39 |
| | 9/3/2009 | U 14-AUG-2009 3 WHITEHALL STRE / UNITED PARCEL SERVICE INC. | 6.39 |
| | 9/3/2009 | U 14-AUG-2009 1 CHASE MANHATTA / UNITED PARCEL SERVICE INC. | 6.39 |
| | 9/3/2009 | U 14-AUG-2009 1271 AVENUE OF T / UNITED PARCEL SERVICE INC. | 6.39 |
| | | Subtotal: | 39.43 |
| **Electronic Information Service** | | | |
| | 9/15/2009 | MOODY'S FEB 09 CHARGEBACK / MOODY'S INVESTOR'S SERVICE | 51.91 |
| | | Subtotal: | 51.91 |
| **Employee Meals** | | | |
| | 9/2/2009 | Flagg- Worked late - dinner at office 06/18/2009 | 20.00 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 07/07/2009 | 20.00 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 06/30/2009 | 20.00 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 06/15/2009 | 20.00 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 06/24/2009 | 20.00 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 07/08/2009 | 20.00 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 06/16/2009 | 20.00 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 06/22/2009 | 20.00 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 07/10/2009 | 18.24 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 06/26/2009 | 18.00 |
| | 9/2/2009 | Flagg- Worked late - dinner at office 07/06/2009 | 14.81 |
| | | Subtotal: | 211.05 |

Exp Detail_Sep 09

LEH_3rdt Interin Expense Detail_Jul-Sep 09.xls

# LAZARD

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03766 - Lehman Brothers

Currency: USD - US Dollar

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| Telephone/Telex/Fax-Usage/Re | | | |
| | 9/10/2009 | CONFERENCE CALLS (JUL '09) / AT&T TELECONFERENCE SERVICES | 11.12 |
| | | Subtotal: | 11.12 |

CLOSING BALANCE as of 9/30/2009    453.66