**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| LEHMAN BROTHERS HOLDINGS, INC., ) | Case No. 08-13555 (JMP) |
| *et al.,* ) | |
| Debtors. ) | |
| ) | |

---

**ORDER DENYING MOTION OF MARIE HUNTER FOR**
**THE ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE**
**EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b) FOR**
**A SEPARATION PAYMENT INCIDENT TO TERMINATION**

Upon the motion, dated August 20, 2009 [Docket No. 4870] (the

"Motion"), of Marie Hunter for an order for the allowance and payment of an administrative

expense claim of the lump sum payment in the amount of $160,000 (the "Special Separation

Payment") provided for in a separation agreement, dated September 12, 2008; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and upon the objection of Lehman Brothers

Holdings, Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors-in-possession (collectively, the "Chapter 11 Debtors"), dated November 16, 2009

[Docket No. 5830], and Ms. Hunter's reply, dated November 17, 2009 [Docket No. 5857]; and a

hearing (the "Hearing") having been held to consider the relief requested in the Motion on

November 18, 2009; and upon all of the proceedings had before the Court; and for all the reasons

set forth by the Court on the record at the Hearing; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the Motion is hereby denied to the extent that Ms. Hunter asserts

that the Special Separation Payment constitutes a severance payment entitled to administrative

expense priority pursuant to Straus-Duparquet v. Local Union No. 3, Int'l Bhd. Of Elec.

Workers, AFL-CIO (In re Straus-Duparquet, Inc.), 386 F.2d 649, 651 (2d Cir. 1967) and its

progeny, provided, however, that this Order is without prejudice to Ms. Hunter's ability to

request that all or part of the Special Separation Payment be treated as an allowed administrative

expense claim under 11 U.S.C. § 503(b)(1)(A)(i).


Dated: New York, New York
       December 15, 2009


                          s/ James M. Peck
                          UNITED STATES BANKRUPTCY JUDGE