WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                  :      Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :      08-13555 (JMP)
                                                       :
                              Debtors.                 :      (Jointly Administered)
---------------------------------------------------------------------x

**OBJECTION OF WEIL, GOTSHAL & MANGES LLP TO**
**RECOMMENDED ADDITIONAL GUIDELINES OF THE FEE COMMITTEE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Weil, Gotshal & Manges LLP ("WGM"), attorneys for Lehman Brothers Holdings Inc. and its affiliated debtors, file this objection as to the additional guidelines stated in the Corrected Fee Committee Report Pertaining to the Final Recommended Deductions from the Second Interim Fee Applications of All Retained Professionals (the "Fee Committee Report"), dated December 14, 2009 [Docket No. 6165], and respectfully state:

1. In the interests of an efficient and economical administration of the Debtors' cases, WGM has extended its efforts to cooperate and work consensually and productively with the Fee Committee in its effort to establish fair and reasonable standards and guidelines for the presentment and consideration of applications for allowances of compensation and reimbursement of expenses. The instant Fee Committee Report reflects WGM's agreement with the Fee Committee's final recommended reduction of fees requested and expenses originally submitted by WGM for the second interim compensation period. (Rep. at 9.)

2. However, the Fee Committee Report has added proposed "Recommended Additional Guidelines," which WGM believes to be inappropriate and punitive. Consistent with past practice and the protocol approved by the Court, the Fee Committee reviews fee statements and interim fee applications and may question discrepancies in confidential written reports provided individually to retained professionals. The Fee Committee now proposes new standards for consideration of fee statements and interim fee applications and the process for reaching "a mutually acceptable resolution of the issues raised" by such reports (Fee Protocol at 4). As proposed, the Fee Committee will no longer consider supplemental information or evidentiary submissions in response to alleged discrepancies asserted by the Fee Committee. Rather, the Fee Committee will consider only responses and objections "based upon information submitted by the Retained Professional in the interim fee applications (and monthly fee statements) at issue" and not subsequently submitted. (Rep. at 9.) For the third interim compensation period, the Fee Committee recommends that the applicant be charged with a 50% reduction for fees and expenses whose descriptions are supported by supplemental descriptive information or proof. (Id. 9-10.) Further, for subsequent interim compensation periods, the Fee Committee recommends a 100% deduction if the applicant attempts to support the request for fees and expenses by supplemental information or proof. In other words, as to such subsequent interim fee applications, the Fee Committee will penalize applicants up to 100% of disputed items if the applicant seeks to support the application with supplemental information and proof.

3. The Fee Committee's proposal to penalize applicants for compensation and reimbursement of expenses for failure to initially fully support a request and to respond to the Fee Committee's report of a discrepancy with a penalty charge is neither just nor appropriate. Applicants should always have the ability to respond to discrepancies or other comment made by

2

the Fee Committee to support the applicant's requests. There exists no rational basis to levy punitive charges against an applicant who in good faith may have omitted certain information that the Fee Committee believes is necessary to support the applicant's request. It is only fair and just to allow applicants an opportunity to respond to the Fee Committee's comments and assertions of discrepancies in the fee applications without being charged an initial penalty of 50% of the particular request and, thereafter a 100% penalty without consideration of whether the omission was made in good faith. At this juncture in the administration of the chapter 11 cases, the Fee Committee is dealing with interim allowances of compensation and reimbursement of expenses. Applicants should always have the opportunity to supplement applications for final allowances without arbitrary assessment of penalties that might equal 100% of disputed amounts. The Fee Committee has not established any substantive or rational basis for depriving applicants of the elementary right to respond to the Fee Committee's objections to a particular request without automatic and arbitrary penalties assessed against the applicant.

4. WGM objects to the Fee Committee's proposed assessment of penalties against fee applicants who submit additional information to support their respective applications.

Dated: December 15, 2009
New York, New York

    /s/ Harvey R. Miller
Harvey R. Miller
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007