WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

### NOTICE OF DEBTORS' MOTION TO STRIKE WILLIAM KUNTZ'S NOTICE OF APPEAL OF ORDER DENYING RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b) OR, IN THE ALTERNATIVE, TO DISMISS WILLIAM KUNTZ'S APPEAL

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") to strike from the record of these cases William Kuntz, III's ("Kuntz") notice of appeal of the order of this Court, entered on September 17, 2009, denying Kuntz's motion to modify or vacate the Court's earlier order denying Kuntz's motion for relief from the automatic stay [Docket No. 5215] (the "Order") or, in the alternative, to dismiss Kuntz's appeal of the Order, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **January 13, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than **January 6, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

    PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

    PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 17, 2009
   New York, New York

          /s/ Shai Y. Waisman     
          Shai Y. Waisman

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' MOTION TO STRIKE WILLIAM**
**KUNTZ'S NOTICE OF APPEAL OF ORDER DENYING**
**RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)**
**OR, IN THE ALTERNATIVE, TO DISMISS WILLIAM KUNTZ'S APPEAL**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession, (together, the "Debtors"), respectfully submit this motion (the "Motion") to strike from the record of these cases William Kuntz, III's ("Kuntz") notice of appeal (the "Notice of Appeal") of an order of this Court, entered on September 17, 2009, denying Kuntz's motion to modify or vacate the Court's earlier order denying Kuntz's motion for relief from the automatic stay [Docket No. 5215] (the "Order") or, in the alternative, to dismiss Kuntz's appeal of the Order (the "Appeal"), from the record of these cases and respectfully represent:

**Preliminary Statement**

1.      Kuntz, who is no stranger to this Court or the court system in general, appeared just three days into these cases, not as a concerned creditor genuinely asserting his rights in accordance with the procedures of this Court and the laws and rules governing these cases but, rather, as an individual lacking respect for such procedures and the resources of this Court and the Debtors' estates.  Once again, and in accordance with his past practices, Kuntz has ignored the procedures of this Court by untimely filing the Notice of Appeal of the Order to the United States District Court for the Southern District of New York (the "District Court"), forcing the Debtors to expend their resources responding and taking up more of this Court's valuable time.

2.       While filing a notice of appeal ordinarily divests this Court of jurisdiction and transfers the issue being appealed to the District Court, one significant exception to that general rule is when, as here, the notice of appeal is not timely filed.  Under such circumstances, the Court has authority to consider and rule upon a motion to strike the notice of appeal.  Accordingly, the Debtors respectfully request that the Court strike the Notice of Appeal from the record of these cases.  In the alternative, should this Court decline to strike the Notice of Appeal, then the Debtors respectfully request that the Court dismiss the Appeal for the same reasons set forth herein.

3.      Although Kuntz is a *pro se* litigant, under well-established law, he must adhere to all rules of procedure, including with respect to the timely filing of appeals.  Because Rule 8002(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") is jurisdictional, Kuntz's failure to follow the applicable statutory procedures is fatal to the validity of his appeal of the Order.  Moreover, although Kuntz filed a motion pursuant to Bankruptcy

Rule 8002(c) seeking to extend the time in which to file a notice of appeal earlier in these cases (with respect to a different order of this Court), he failed to do so here and his untimely Notice of Appeal may not serve as such a motion. Accordingly, the Notice of Appeal should be stricken from the record of these cases or, alternatively, the Appeal should be dismissed.

## **Background**

4. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On October 24, 2008, Kuntz filed a motion (the "60(b) Motion") [Docket No. 1261] for relief from an order of this Court, entered on October 16, 2008 (the "Order Denying Stay Relief") [Docket No. 1094], denying Kuntz's earlier motion for relief from stay, dated September 18, 2008 [Docket No. 271].

7. On October 24, 2008, Kuntz also filed with this Court a motion to extend the time to appeal the Order Denying Stay Relief (the "Motion to Extend") [Docket No. 1260]. The Motion to Extend did not set a hearing date, as required by the Order Implementing Certain Notice and Case Management Procedures [Docket No. 285] (as applicable, the "Case

<u>Management Order</u>"),[1] and Kuntz, not surprisingly, never prosecuted the Motion to Extend. This Court has not ruled on the Motion to Extend.

8.    Although the Court had not ruled on the Motion to Extend and the Rule 60(b) Motion was still pending, on November 13, 2008, Kuntz filed a notice of appeal of the Order Denying Stay Relief to the District Court [Docket No. 1502]. Again disregarding procedural rules, Kuntz filed the statement of issues on appeal and designation of items to be included in the record on appeal late (the "<u>Statement of Issues and Designation I</u>"). Kuntz's notice of appeal of the Order Denying Stay Relief is dated November 13, 2008, which required Kuntz to file the Statement of Issues and Designation I on or before November 24, 2008. *See* Fed. R. Bankr. P. 8006 (requiring designation of items to be included in record on appeal within 10 days of filing notice of appeal). Kuntz filed his Statement of Issues and Designation on December 1, 2008, seven days late.

9.    At the initial pre-trial conference on February 19, 2009, the District Court dismissed Kuntz's appeal of the Order Denying Stay Relief, without prejudice, for lack of jurisdiction because the 60(b) Motion was still pending before this Court although Kuntz had not yet scheduled it for hearing by this Court (again in violation of the Case Management Order). *See* Tr. of Feb. 19, 2009 Pre Trial Conference, at 5:2 – 11, attached hereto as <u>Exhibit A</u>.

10.   On March 5, 2009, Kuntz filed an affidavit in Support of the 60(b) Motion [Docket No. 3028].

11.   On March 10, 2009, subsequent to the District Court's dismissal of the appeal of the Order Denying Setoff, Kuntz scheduled the 60(b) Motion to be heard six months out in September 2009. *See* Docket No. 3028, at 2.

---

[1] The Case Management Order was amended by the Amended Order Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837].

12.     The Debtors filed an objection to the 60(b) Motion on September 10, 2009 (the "Objection") [Docket No. 5093].  On September 12, 2009, Kuntz filed a reply to the Objection [Docket No. 5180].

13.     At a hearing to consider the 60(b) Motion on September 15, 2009 (the "Hearing"), the Court denied the 60(b) because Kuntz failed to show cause for relief from the Order Denying Stay Relief.  *See* Tr. of Hearing, at 124:12 – 24, attached hereto as Exhibit B.  On September 17, 2009, the Court entered the Order denying the 60(b) for the reasons stated on the record at the Hearing [Docket No. 5215].

**Kuntz's Procedurally Improper Attempts to Appeal the Order**

14.     On September 29, 2009 – eleven days after the entry of the Order – Kuntz filed the Notice of Appeal [Docket No. 5307] seeking to appeal the Order.  Accordingly, the appeal was untimely under Bankruptcy Rule 8002(a).  *See* Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.").

15.     On November 16, 2009 – over thirty days after filing the Notice of Appeal – Kuntz filed his statement of issues on appeal and designation of items to be included in the record on appeal (the "Statement of Issues and Designation II") [Docket No. 5854].  Bankruptcy Rule 8006 requires that an appellant file a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 10 days of filing the notice of appeal.  *See* Fed. R. Bankr. P. 8006.  Thus, Kuntz's Statement of Issues and Designation II was also untimely filed.

16.     On November 24, 2009, out of an abundance of caution, the Debtors filed their statement of issues and counter-designation of additional items to be included in the record on appeal in response to Kuntz's Statement of Issues and Designation II [Docket No. 5946].

## Jurisdiction

17.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

18.     Although ordinarily the filing of a notice of appeal deprives a bankruptcy court of jurisdiction to proceed with matters related to such appeal, *see* Fed. R. Bankr. P. 8001(a), where, as here, a notice of appeal is *untimely* filed, the bankruptcy court properly may adjudicate a motion to strike the notice of appeal or, in the alternative, dismiss the untimely appeal.  *See, e.g.*, *Williams v. EMC Mortgage Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir. 2000) (upholding district court's affirmance of bankruptcy court's dismissal of appeal for untimeliness); *Stepflug v. Fed. Land Bank of St. Paul*, 790 F.2d 47, 51 (7th Cir. 1986) (bankruptcy court granted appellee's motion to dismiss untimely appeal and district court affirmed; court of appeals ultimately reversed on grounds other than the bankruptcy court's jurisdiction to decide motion to dismiss); *Gravel & Shea v. Vt. Nat'l Bank*, 162 B.R. 969, 972 n.2 (D. Vt. 1993) (noting that "the Bankruptcy Court could consider the timeliness of [a] notice of appeal in the context of a motion to dismiss the appeal as untimely filed," but because the question of timeliness of the notice had not been presented to the Bankruptcy Court, the District Court must determine whether to dismiss the appeal as untimely); *In re Bushnell*, 273 B.R. 359, 360 (Bankr. D. Vt. 2001) (granting motion to dismiss untimely appeal); *Beiwel v. Sallie Mae Servicing (In re Beiwel)*, No. 00-00112-W, 2001 WL 753778, at *3 (Bankr. N.D. Iowa June 12,

2001) (granting motion to dismiss untimely *pro se* appeal).  Thus, as discussed more fully below, because Kuntz's Notice of Appeal was not timely filed, this Court has jurisdiction to adjudicate the Motion and strike the Notice of Appeal.

## The Notice of Appeal Should be Stricken from the Record

### I.  *Kuntz's Failure to Timely File a Notice of Appeal Precludes Appellate Review*

19.     Kuntz's appeal of the Order is invalid and precludes review by the District Court.  The timely filing of an appeal of a bankruptcy court's order is essential to the validity of the appeal.  Bankruptcy Rule 8001(a) provides:

> (a) *Appeal as of Right; How Taken*.  An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel . . . shall be taken by filing a notice of appeal with the clerk *within the time* allowed by Rule 8002. An appellant's failure to take any step *other than timely filing the notice of appeal* does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

Fed. R. Bankr. P. 8001(a).  The statutory language clearly provides that an appeal from a bankruptcy court's order is valid only if the notice of appeal is filed within the ten-day time period set forth in Bankruptcy Rule 8002.  *See* Fed. R. Bankr. P. 8002(a).  As the Notice of Appeal was filed outside the ten-day period, the Appeal is invalid.

20.     Significantly, the ten-day period is strictly construed, and courts require strict compliance with its terms.  *Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 310 (S.D.N.Y. 1987); *Stephen Rose & Partners, Ltd. v. Togut, Segal & Segal (In re Satellite Sys. Corp.)*, 73 B.R. 610, 611 (S.D.N.Y. 1987).  Further, Bankruptcy Rule 8002(a) is jurisdictional, such that "[f]ailure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment."  *Twins Roller Corp.*, 70 B.R.

at 310 (collecting cases); *accord Peryea v. Town of Plattsburgh (In re Peryea)*, No. 96-5041, 1997 WL 50015, at \*2 (2d Cir. Jan. 17, 1997); *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 758 (2d Cir. 1981); *Joslin v. Wechsler (In re Wechsler)*, 246 B.R. 490, 492 (S.D.N.Y. 2000); *In re Satellite Sys. Corp.*, 73 B.R. at 611; *French Bourekas, Inc. v. Turner*, 199 B.R. 807, 813 (E.D.N.Y. 1996) ("The failure to file a notice of appeal within the ten-day period is a jurisdictional defect, which requires dismissal of the appeal."); *In re Bushnell*, 273 B.R. at 362-63 (collecting cases supporting the "well settled" principle that "the filing requirements of [Bankruptcy] Rule 8002 are jurisdictional and failure to timely file a notice of appeal precludes appellate review."). Thus, the District Court is without jurisdiction to review the Order.

21. Most recently, *In re Loral Space & Communications Ltd., et al.*, Judge Drain granted the reorganized debtors' motion to dismiss an appeal of this Court's order that was filed by a *pro se* litigant one day after the expiration of the statutory period for filing a notice of appeal. Case no. 03-41710 (RDD), Order at 2-3 (Bankr. S.D.N.Y. June 18, 2009), attached hereto as <u>Exhibit C</u>. Judge Drain did not issue a written opinion regarding the reorganized debtors' motion to dismiss the untimely appeal. However, while ruling from the bench, Judge Drain addressed the jurisdictional issue and found the following:

> Generally speaking, the filing of a notice of appeal divests the lower court of jurisdiction over matters covered by the appeal. However, the timely filing of a notice of appeal is mandatory in jurisdiction. If the notice is not timely filed, the Appellate Court is without jurisdiction to hear the appeal . . . .
>
> More specifically, this issue has been addressed by, at least, one court directly. Where the court found that the Bankruptcy Court had jurisdiction to consider the timeliness of the notice of appeal as this ruling said. The notice of appeal from the final order generally deprives a lower court over [sic] jurisdiction over the merits of the matter subject to appeal. However, the Bankruptcy Court retains certain authority concerning the timeliness of the appeal. Including, for example, the authority to extend the

period of time for filing a notice of appeal, pursuant to Rule 8002(c) . . . .

So I believe that it is appropriate for me to decide this issue.

*See* Tr. of June 16, 2009 Hr'g at 11:21 – 12:16, case no. 03-41710 (RDD), attached hereto as Exhibit D.  Judge Drain's bench-ruling is consistent with the statutory language of Bankruptcy Rule 8001(a) and related case law.  *See* Fed. R. Bank. P. 8001(a).

22.     In this case, the Order was entered on the Court's docket on September 17, 2009.  Therefore, the ten-day period in which to file a notice of appeal of the Order expired on September 28, 2009.  *See* Fed. R. Bankr. P. 8002(a).  Kuntz filed his Notice of Appeal on September 29, 2009, a day after the expiration of the statutory period for filing a notice of appeal of the Order.  Accordingly, the Appeal is not valid and the District Court is precluded from reviewing the Order. Therefore, the Notice of Appeal should be stricken from the record of these cases or, alternatively, the Appeal should be dismissed.

## II.   The Court Should Give No Weight to Kuntz's Pro Se Status

23.     The fact that Kuntz is appearing *pro se* does not compel a different result. It is well-settled that *pro se* litigants must adhere to all rules of procedure, and, a lack of knowledge of such rules, although Kuntz could not prove one here,  is not a defense.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (dismissal of complaint appropriate where *pro se* plaintiff failed to comply with local rules).  Many Circuit Courts, including the Second Circuit, have recognized that "*pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994); *accord LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).  This rule applies with equal strength in the context of the timeliness of the filing of an appeal.  *See*, *e.g.*, *Campos v. LeFevre*, 825 F.2d 671, 675 (2d Cir. 1987) (adopting a strict position with respect to the

timeliness of *pro se* appellant's appeal, notwithstanding that such rule may be "Draconian," especially "[a]s we deal more and more frequently with *pro se* appeals and laymen unfamiliar with the intricacies of federal civil procedure, let alone the rules of appellate practice"); *accord Poole v. Family Court of New Castle County*, 368 F.3d 263, 269 (3d Cir. 2004) (adopting stringent rule with respect to appeals despite recognition that it may lead to "harsh results" for *pro se* litigants); *In re Furst*, 206 B.R. 979, 981 (B.A.P. 10th Cir. 1997) (holding that *pro se* appellant was not relieved of its responsibility to follow rules setting out the deadline for filing a notice of appeal, as it is the risk the party assumes when it opts to proceed *pro se*); *In re Dow Corning Corp.*, 255 B.R. 445, 466 (E.D. Mich. 2000) (dismissing a number of untimely appeals, including several *pro se* appeals, and citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), for proposition that "although a person proceeding *pro se* may not fully understand the rules or procedure, he or she is still required to comply with the rules. . . . [A] *pro se* status does not exempt a person from complying with the rules."); *In re Beiwel*, 2001 WL 753778, at *3 (dismissing appeal of *pro se* appellant who "was solely in control of the time for filing his notice of appeal and was not mislead or misinformed at any stage.  It was his duty to inform himself of the appeal deadline . . .").

24.     Moreover, as this Court well knows, Kuntz is no ordinary *pro se* litigant. The Debtors again direct the Court to a decision issued by the District Court <u>over 16 years ago</u>, in which the District Court found that

> Kuntz's status as a *pro se* litigant is of little import. During his fourteen-year participation in the underlying Grant bankruptcy proceedings, Kuntz has amassed litigation experience that would embarrass the majority of associates, and some partners, at large New York law firms.  He has already filed no fewer than eight appeals, all unsuccessful, with six dismissed as either untimely or for failure to prosecute.  I had to adjourn one conference in this action because Kuntz had an argument before the Second

Circuit. Although I am unsure what significance to give to the ten years that Kuntz purportedly spent in law school, I find that his failure to comply with court rules, procedures, and deadlines is the result of conscious disregard, and not because of unfamiliarity with the courts. Throughout the proceedings, Kuntz has demonstrated a consistent pattern of vexatious litigation and little respect for the courts or other parties. The acts required of Kuntz were within his complete control and there was no acceptable reason for the delay.

*Kuntz v. Pardo*, 160 B.R. 35, 39 (S.D.N.Y. 1993). The court further stated that

Kuntz's dilatory conduct throughout his participation in the Grant case evinces bad faith. Apart from the lack of merit to his appeals, he has repeatedly failed to abide by the rules of the court and repeatedly fails to prosecute the appeals that he has filed. By contrast to cases holding that a party should not be penalized without considering the relative culpability of the appellant and his or her attorney, Kuntz has elected to appear *pro se* and thus the culpability is all his. There is no injustice manifest in allowing Kuntz to bear the brunt of his own neglect.

*Kuntz v. Pardo*, 160 B.R. at 39 (internal citations omitted). *See also In re Silicon Graphics, Inc. et al.*, Case No. 06-10977 (Bankr. S.D.N.Y. June 20, 2007) (Mem. Decision Denying Mot. of William Kuntz III For An Order Reinstating His Proof of Claim, at 6) [Docket No. 877], *aff'd*, Case No. 07-7698 (DAB) (S.D.N.Y. Sept. 29, 2008) [Docket No. 9] (finding that Kuntz's "extensive legal experience, unlike many other pro se litigants, invokes little sympathy from this Court . . .."); *In re Commercial Financial Services, Inc.*, 238 B.R. 479, 484 n.7 (Bankr. N.D. Okla. 1999) (noting that Kuntz has considerable experience with federal law and his *pro se* status is not something the court considered relevant).[2] In light of the foregoing, the Motion should be

---

[2] The court in *Commercial Financial* listed some of the published and unpublished decisions that Kuntz has been an active party:

*Kuntz v. DASU LLC*, (*In re Cray Computer Corp.*), 145 F.3d 1345 (Table) (10th Cir. 1998); *Kuntz v. Cray Computer Corp.* (*In re Cray Computer Corp.*), 107 F.3d 880 (Table) (10th Cir. 1997); *Kuntz v. Grand Union Co.* (*In re Grand Union Co.*), 106 F.3d 385 (Table) (3d Cir. 1996); *Kuntz v. Saul, Ewing, Remick & Saul*, 200 B.R. 101 (D. Del. 1996) (Kuntz sanctioned for pursuing a frivolous appeal, notwithstanding his *pro se*

granted and the untimely Notice of Appeal should be stricken from the record of these cases or, in the alternative, the Appeal should be dismissed.

---

status, because of Kuntz's extensive appellate experience – listing failed federal and state appeals); *Kuntz v. Cray Computer Corp.* (*In re Cray Computer Corp.*), 97 F.3d 1464 (Table) (10th Cir. 1996); *Kuntz v. Nova Vista Industries, Inc.* (*In re Nova Vista Industries, Inc.*), 1992 WL 60395 (S.D.N.Y. 1992); *In re Adirondack Railway*, 1990 WL 124225 (N.D.N.Y. 1990); *Ehre v. State of New York* (*In re Adirondack Railway*), 93 B.R. 867 (N.D.N.Y. 1998); *In re W.T. Grant Co.*, 85 B.R. 250 (Bankr. S.D.N.Y. 1988), *aff'd in part, reversed in part*, 119 B.R. 898 (S.D.N.Y. 1990) (denial of Kuntz's request for fees and expenses); *In re One Westminister Co.*, 74 B.R. 37 (D. Del. 1987); *In re W.T. Grant Co.*, 4 B.R. 53 (Bankr. S.D.N.Y. 1980).

Kuntz brought an action in connection with the fate of The Peter Kuntz Company, a company apparently founded by his grandfather, against six banks, an investment firm, and John and Jane Does 1-299, alleging a conspiracy to dismantle the company. *See Kuntz v. Shawmut Bank of Boston*, 1987 WL 11172 (S.D.N.Y. 1987).

Kuntz also sued the New York State Senate, the New York State Board of Elections, various individuals, and numerous John and Jane Does, claiming constitutional violations in connection with Kuntz's attempt to run as an independent candidate for the United States House of Representatives in 1992. *See Kuntz v. New York State Board of Elections*, 924 F. Supp. 364 (N.D.N.Y. 1996); *Kuntz v. New York State Senate*, 113 F.3d 326 (2d Cir. 1997).

Kuntz has filed complaints against the New York Stock Exchange (motion for leave to appeal denied, 92 N.Y.2d 877 (1998)); the Board of Governors of the Federal Reserve, *see* 1997 WL 150062 (D.C. Cir. 1997); the City of Dayton, Ohio, see 99 F.3d 1139 (Table) (6th Cir. 1996); the Department of Energy (1995); and the United States Postal Service (1993). Kuntz has also been to Tax Court, although not *pro se. See Kuntz v. Commissioner*, 64 T.C.M 1258 (1992).

Further, Kuntz has unsuccessfully petitioned to the United States Supreme Court for writs of certiorari in numerous cases, including *Kuntz v. Fadness*, 519 U.S. 996 (1996); *Kuntz v. Shawmut Bank of Boston*, 501 U.S. 1252 (1991); *Kuntz v. Manley, Burke and Fischer, L.P.A.*, 500 U.S. 918 (1991); *Kuntz v. City of Dayton*, 499 U.S. 962 (1991); *Kuntz v. Society Bank, N.A.*, 498 U.S. 1089 (1991); *Kuntz v. Little Miami Railroad Co.*, 498 U.S. 1027 (1991); *Kuntz v. City of Dayton*, 488 U.S. 1008 (1989); *Kuntz v. Shawmut Bank of Boston*, 488 U.S. 952 (1988); *Kuntz v. Winters National Bank and Trust Co.*, 465 U.S. 1080 (1984).

*Commercial Financial*, 238 B.R. at 484 n.7.

### III. *Kuntz's Untimely Notice of Appeal Cannot Serve as a Motion to Extend Time to File a Notice of Appeal*

25.     Kuntz not only failed to file a timely notice of appeal but also never made a "written motion" pursuant to Bankruptcy Rule 8002(c) seeking an extension of time in which to file a notice of appeal. Assuming, *arguendo*, that Kuntz intends for his untimely Notice of Appeal to be treated as a motion for an extension of time in which to file a notice under Bankruptcy Rule 8002(c), the Notice of Appeal is still insufficient to constitute such a motion.

26.     Bankruptcy Rule 8002(c) provides that

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Fed. R. Bankr. P. 8002(c)(2). The Second Circuit explicitly has ruled that courts may not treat a late-filed notice of appeal as a motion for an extension of time to file such notice. *Campos*, 825 F.2d at 675 (declaring that "there is only one way to obtain an extension of time, and this is to file a motion above and beyond the notice of appeal" and overruling Circuit precedent permitting courts to "treat[] a tardy notice as a 'motion' for extension"); *accord Sellitti v. R.H. Macy & Co., Inc. (In re R.H. Macy & Co., Inc.)*, 173 B.R. 301, 302 (S.D.N.Y. 1994) (holding that, in light of the Second Circuit's decision in *Campos*, "this Court may likewise no longer deem a late-filed notice of appeal to be an application for an extension of time to file that notice of appeal"); *In re Williams*, 216 F.3d at 1298 (refusing to consider *pro se* appellant's late notice of appeal as a motion for extension of time); *In re Dow Corning Corp.*, 255 B.R. at 466 ("The notice of appeal itself is not a request for an extension under Rule 8002 since a request must be made by motion."); *In re Bushnell*, 273 B.R. at 363 ("[T]he law is clear that a notice of appeal filed within

30 days of an appealable order may not be deemed a motion for extension of time in order to avoid the strictures of Rule 8002(c).") (collecting cases); *In re Beiwel*, 2001 WL 753778, at *1-2 (refusing to consider *pro se* appellant's untimely notice of appeal as a timely motion for an extension of time to file a notice of appeal and noting that "[appellant] assumed the risk of overshooting the appeal deadline when he decided to proceed *pro se* without familiarizing himself with the [Bankruptcy] Rules in time to file a timely notice of appeal"). Here, Kuntz did not file a "written motion" requesting an extension of his time for filing a notice of appeal; he simply filed his untimely Notice of Appeal. As such, in accordance with the above well-settled precedent, his Notice of Appeal should be stricken or, alternatively, the Appeal should be dismissed.

27. Notwithstanding that courts often liberally construe the submissions of a *pro se* litigant, *see Poole*, 368 F.3d at 268, the Notice of Appeal may not be deemed a "motion" within the meaning of Bankruptcy Rule 8002(c). Although the Second Circuit has stated that "[a]ny submission signed by a party that may fairly be read as a request to the district court to exercise its discretionary powers to permit a late appeal should suffice" as a motion, *Campos*, 825 F.2d at 676, such is not the case with a notice of appeal.

28. Most recently in *Loral*, Judge Drain considered whether an untimely notice of appeal could be treated, in the case of a *pro se* litigant, as a request for an extension of time to file the notice of appeal. *See* Tr. of June 16, 2009 Hr'g at 12:17 – 22, case no. 03-41710 (RDD). Judge Drain found that the "Second Circuit has made it clear that a party's filing of a late notice of appeal, even when the party is *pro se* and provides affording evidence of excusable neglect, cannot be treated as an application to extend the time to file a notice of appeal." *Id.* at 12:22 – 13:3 (citations omitted).

29.     As set forth above, the law in the Second Circuit and elsewhere is clear that an untimely notice of appeal simply cannot be construed as a motion under Bankruptcy Rule 8002(c), even if filed by a *pro se* litigant.  Thus, the Appeal should be stricken or, in the alternative, dismissed as Kuntz untimely filed the Notice of Appeal and such notice cannot be construed as a motion to extend the time to appeal the Order.

### IV.     Even If the Notice of Appeal Were Considered a "Motion" Under Bankruptcy Rule 8002(c), Kuntz Cannot Show Excusable Neglect

30.     Even if the Court were somehow to find that the Notice of Appeal was a "motion" within the meaning of Bankruptcy Rule 8002(c), Kuntz cannot show "excusable neglect" justifying his untimely filing of the Notice of Appeal.  *See* Fed. R. Civ. P. 8002(c)(2). The burden of demonstrating "excusable neglect" rests on the party seeking the extension.  *In re Hilliard*, 36 B.R. 80, 82 (S.D.N.Y. 1984).

31.     In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, the Supreme Court addressed the issue of "excusable neglect" in the context of Bankruptcy Rule 9006(b) and concluded that the decision whether a delay is justified by excusable neglect is "at bottom, an equitable one."  507 U.S. 380, 395 (1993); *cf. In re Wechsler*, 246 B.R. at 492-93 (recognizing that the *Pioneer* factors "apply with equal force to [a determination under] Rule 8002(c)(2)").  The Supreme Court in *Pioneer* held that the determination of excusable neglect takes into account "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395; *Wechsler*, 246 B.R. at 492.  Courts generally have recognized that "[t]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must

have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000); *In re Beiwel*, 2001 WL 753778, at *2 (same); *but see U.S. Lines, Inc. v. United States (In re McLean Indus., Inc.)*, 196 B.R. 670, 674 (S.D.N.Y. 1996) (noting that the "reason for the delay" factor "*may* be the pivotal factor, depending on the particular circumstances presented") (emphasis in original).  Although excusable neglect may justify "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," *Pioneer*, 507 U.S. at 388, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . ." *Id.* at 392; *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994); *Official Comm. of Unsecured Creditors of Investors & Lenders, Ltd. v. Field (In re Investors & Lenders, Ltd.)*, 169 B.R. 546, 551 (Bankr. D.N.J. 1994) (collecting cases).  Kuntz manifestly cannot make the requisite showing of excusable neglect.

### A. The Reason for the Delay, Including Whether It was Within the Reasonable Control of the Movant

32. As stated, this factor is the most significant consideration.  *See In re McLean Indus.*, 196 B.R. at 674; *Lowry*, 211 F.3d at 463.  Kuntz simply does not have a valid reason for his delay, which was entirely within his control.  Moreover, courts have held that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392; *Weinstock*, 16 F.3d at 503; *In re Beiwel*, 2001 WL 753778, at *2-3 (concluding that *pro se* appellant failed to demonstrate excusable neglect where "he had the responsibility to ascertain the deadline for the appeal period," he was "solely in control of the time for filing his notice of appeal and was not mislead or misinformed at any stage," and "[i]t was his duty to inform himself of the appeal deadline").

33.     *Pro se* appellants are not granted special dispensation from the requirements for filing an appeal or a motion to extend the time to file an appeal.  See, *e.g.*, *Campos*, 825 F.2d 674 (citing *Shah v. Hutto*, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (en banc), for principle that filing requirements "[are] to be applied equally to *pro se* litigants and litigants represented by counsel" and adopting this position in accordance with the "en banc majority in *Shah* and the First, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits").

34.     Kuntz, by filing the Motion to Extend earlier in these cases, has demonstrated to this Court that he is not ignorant of the ten-day window in which a bankruptcy court order may be appealed.  Whether it was through inadvertence, ignorance or mistake, it was Kuntz's sole responsibility to timely file his Notice of Appeal and he failed to do so.

**B.     The Danger of Prejudice to the Debtor**

35.     The Debtors continue to be prejudiced by Kuntz's baseless motions, appeals, and objections.  The Debtors are consistently forced to waste time, money and other resources to address the frivolous pleadings filed by Kuntz.  Indeed, concurrently with the filing of this Motion, the Debtors are filing another motion to strike yet another frivolous and procedurally improper appeal filed by Kuntz.

**C.     The Length of the Delay and Its Potential Impact on Judicial Proceedings**

36.     While the length of the delay was not protracted, Kuntz, being fully cognizant of the Court's ruling, had no reason to delay the filing of his Notice of Appeal.

**D.     Whether the Movant Acted in Good Faith**

37.     At this point in the chapter 11 cases, it is clear that Kuntz is no longer acting in good faith.  Although he is fully aware of the rules and procedures of this Court, Kuntz continually chooses to disregard them.

38.     Given the foregoing application of the *Pioneer* factors, even if the Court were somehow to consider the untimely Notice of Appeal a "motion" under Bankruptcy Rule 8002(c)(2), Kuntz has failed to demonstrate excusable neglect.  Accordingly, the Notice of Appeal should be stricken or, in the alternative, the Appeal must be dismissed.

### Notice

39.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Kuntz.  The Debtors submit that no other or further notice need be provided.

40.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  December 17, 2009
     New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **Exhibit A**

```
 1 ‖              UNITED STATES DISTRICT COURT
 2 ‖              SOUTHERN DISTRICT OF NEW YORK
    ‖
 3   ------------------------------x
    ‖
    ‖
    ‖
 4   IN RE: LEHMAN BROTHERS         DOCKET NO.: CV-08-11273 (JSR)
 5   HOLDING INC                    New York, New York
 6                                  February 19, 2009
    ‖
    ‖
    ‖
    ‖
 7   ------------------------------x
    ‖
 8          TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
    ‖
 9          BEFORE THE HONORABLE JED S. RAKOFF
10               UNITED STATES DISTRICT JUDGE
    ‖
    ‖
11   A P P E A R A N C E S:
    ‖
12   For the Appellant:             WILLIAM KUNTZ, III, Pro Se
13                                  P.O. Box 1801
14                                  Nantucket, MA  02554
    ‖
    ‖
15   For the Appellee:              RICHARD P. KRASNOW, ESQ.
16                                  JOHN W. LUCAS, ESQ.
17                                  Weil Gotshal & Manges LLP
18                                  767 Fifth Avenue
19                                  New York, NY  10153
    ‖
    ‖
    ‖
    ‖
20   Audio Operator:                No Audio Operator
    ‖
21       Proceedings Recorded by Electronic Sound Recording
22         Transcript Produced by Transcription Service
23   ---------------------------------------------------------------
24                        KRISTIN M RUSIN
25                     217 Pine Meadows Circle
26                       Hickory NC 28601
27                     kmrusin@earthlink.net
```

1    THE CLERK:  February 19, 2009, In re: Lehman

2  Brothers.

3    Counsel, please state your name for the record.

4    MR. KUNTZ:  William Kuntz the third.

5    MR. KRASNOW:  Your Honor, Richard Krasnow, Weil

6  Gotshal & Manges, on behalf of the appellee, Lehman Brothers.

7    MR. LUCAS:  John Lucas, on behalf of Lehman Brothers,

8  also Weil Gotshal & Manges.

9    THE COURT:  Good morning.  All right.

10    So this is an appeal from the decision of the

11  bankruptcy court.

12    Mr. Kuntz, when do you want to file your brief?

13    MR. KUNTZ:  Whenever your Court -- Your Honor would

14  care to set a date.

15    THE COURT:  Well, the earlier the better, from my

16  standpoint.

17    MR. KUNTZ:  The earlier the better.  Two weeks, three

18  weeks, a month?

19    THE COURT:  Well, since you're giving me the choice,

20  I'll take two weeks.

21    MR. KUNTZ:  That's fine, Your Honor.

22    THE COURT:  Yeah.

23    MR. KRASNOW:  Your Honor, in reviewing the file last

24  night in preparation for today's hearing, I came across a

25  pleading which would suggest that the appeal is premature and

1  that, in fact, the notice of appeal is, under the rules,

2  ineffective.

3  And I say that, Your Honor, because the order that

4  Mr. Kuntz has appealed from was entered on October 16th. It

5  appears that on October 22, within the ten-day period that I'm

6  about to refer to, Mr. Kuntz filed with the bankruptcy court a

7  motion which he's filed, a motion under Rule 60, in which he

8  sought, presumably, reconsideration of the bankruptcy court's

9  order.

10  Your Honor, pursuant to Rule 8010(b) of the Rules of

11  Bankruptcy Procedure -- that governs --

12  THE COURT: He's a pro se plaintiff. He can't be

13  expected to have that kind of knowledge.

14  MR. KRASNOW: Well, --

15  THE COURT: Unless you think it's jurisdictional, --

16  MR. KRASNOW: It is jurisdictional.

17  THE COURT: Why is it jurisdictional?

18  MR. KRASNOW: Because --

19  THE COURT: Did he label it a motion for

20  reconsideration?

21  MR. KRASNOW: He labeled it as a Rule 60, Your Honor,

22  and I will get to --

23  THE COURT: Let me see it.

24  MR. KRASNOW: Your Honor, may I --

25  THE COURT: No, not the rule, his motion that you're

1  referring to.

2          MR. KRASNOW:  May I approach?

3          THE COURT:  Please.  Just hand it to my courtroom

4  deputy.

5          MR. KRASNOW:  Your Honor, what I've handed to the

6  Court is the appellate designation of record that Mr. Kuntz

7  filed with the bankruptcy court.  And --

8          THE COURT:  Excuse me.

9          MR. KRASNOW:  Sorry, Your Honor.

10      (Pause in proceeding)

11          THE COURT:  All right.  So it is clear, now that I've

12  had a chance to look at this, that Mr. Kuntz filed this motion

13  asking -- his specific application is that the court amend the

14  order that he's now appealing from to remove the with prejudice

15  determination, which, of course, would be a material issue.

16  And then he also suggests, somewhat gratuitously, that the

17  debtor do this or that.  That's not something appropriately

18  addressed to the bankruptcy court.  But the first part is.

19          So has that motion been acted on or not?

20          MR. KRASNOW:  No, Your Honor.

21          THE COURT:  Okay.  So I lack jurisdiction, you're

22  right.

23          So, Mr. Kuntz, you're going to have to go back and

24  either ask the bankruptcy court to rule promptly on your motion

25  to amend, or perhaps you'll want to withdraw it.  I don't know.

1  That's something you'll have to take up with the bankruptcy

2  court.  I can't take jurisdiction of this because there's a

3  pending motion to amend the order, and, putting it in non-legal

4  terms, how can I review something until I know whether the

5  judge is going to grant your motion to make it without

6  prejudice or not?  It makes a big difference, which is

7  presumably why you filed your motion.

8         So I'm sorry that this was not brought to my

9  attention sooner, but this appeal will be now dismissed without

10  prejudice with leave to reply when that motion is resolved or

11  withdrawn, as the case may be.

12         All right, very good.  Thanks so much.

13           *    *    *    *    *

## Exhibit B

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 08-13555(JMP)

Case No. 08-01420(JMP)(SIPA)

Adv. Case No. 09-01258

Adv. Case No. 08-01743

Adv. Case No. 09-01242

Case No. 09-14884-jmp

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS HOLDINGS, INC., et al.,

                    Debtors.

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS INC.,

                    Debtor.

- - - - - - - - - - - - - - - - - - - -x

NEUBERGER BERMAN, LLC,

                    Plaintiff,

        -against-

PNC BANK, NATIONAL ASSOCIATION,

LEHMAN BROTHERS INC., AND LEHMAN

BROTHERS COMMERICAL CORPORATION,

                    Defendants.

- - - - - - - - - - - - - - - - - - - -x

1  - - - - - - - - - - - - - - - - - - -x

2  STATE STREET BANK AND TRUST COMPANY,

3                 Plaintiff,

4  LEHMAN COMMERCIAL PAPER INC.,

5       -against-

6                 Defendant.

7  - - - - - - - - - - - - - - - - - - -x

8  LEHMAN BROTHERS SPECIAL FINANCING INC.,

9                 Plaintiff,

10  BNY CORPORATE TRUSTEE SERVICES, LTD.,

11       -against-

12                Defendant.

13  - - - - - - - - - - - - - - - - - - -x

14  In the Matter of:

15  LEHMAN RE LTD.,

16                 Debtor.

17  - - - - - - - - - - - - - - - - - - -x

18           U.S. Bankruptcy Court

19           One Bowling Green

20           New York, New York

21           September 15, 2009

22           10:03 a.m.

23  B E F O R E :

24  HON. JAMES M. PECK

25  U.S. BANKRUPTCY JUDGE

1

2  RE: CASE NOS. 08-13555(JMP) and 08-01420(JMP)(SIPA)

3  HEARING re Interim Applications for Allowance of Compensation

4  for Professional Services Rendered and for Reimbursement of

5  Actual and Necessary Expenses [Docket No. 4839]

6

7  HEARING re Motion of Wells Fargo, NA for Relief from the

8  Automatic Stay [Docket No. 4640]

9

10  HEARING re Motion of Wells Fargo, NA for Relief from the

11  Automatic Stay [Docket No. 4671]

12

13  HEARING re Motion of Washington Mutual Bank f/k/a Washington

14  Mutual Bank, FA. For Relief from the Automatic Stay [Docket No.

15  4759]

16

17  HEARING re Motion of A/P Hotel, LLC for Relief from the

18  Automatic Stay [Docket No. 4950]

19

20  HEARING re Motion for Authorization to Assume an Interest Rate

21  Swap with MEG Energy Corp. [Docket No. 5012]

22

23

24

25

1

2     HEARING re Debtors' Motion for Establishment of Procedures for

3     the Debtors to Transfer Their Interests in Respect of

4     Residential and Commercial Loans Subject to Foreclosure to

5     Wholly-Owned Non-Debtor Subsidiaries [Docket No. 4966]

6

7     HEARING re Debtors' Motion for Establishment of Procedures for

8     the Debtors to Compromise Claims of the Debtors in Respect of

9     Real Estate Loans [Docket No. 4942]

10

11     HEARING re Motion of Landwirtschaftliche Rentenbank for 2004

12     Examination [Docket No. 4800]

13

14     HEARING re Debtors' Motion for Authorization to Implement

15     Alternative Dispute Resolution Procedures for Affirmative

16     Claims of Debtors Under Derivative Contracts [Docket No. 4453]

17

18     HEARING re Debtors' Motion to Compel Performance of Metavante

19     Corporation's Obligations Under an Executory Contract and to

20     Enforce the Automatic Stay [Docket No. 3691]

21

22     HEARING re Motion of DnB Nor Bank ASA for Allowance and Payment

23     of Administrative Expense Claim and Allowing Setoff of Such

24     Claim [Docket No. 4054]

25

1

2  HEARING re Motion of William Kuntz, III for Review of Dismissal

3  of Appeal [Docket No. 1261]

4

5  RE: ADV. CASE NO. 09-01258:

6  PRE-TRIAL CONFERENCE

7

8  RE: ADV. CASE NO. 08-01743:

9  PRE-TRIAL CONFERENCE

10

11  RE: ADV. CASE NO. 09-01242:

12  Motion of BNY Corporate Trustee Services Limited to Stay

13  Further Proceedings Pending Disposition of its Motion for Leave

14  to Appeal the August 12, 2009 Order Denying BNY's Motion to

15  Dismiss and any Disposition of the Merits of that Appeal

16

17  RE: CASE NO. 09-14884-jmp

18  HEARING re Joint provisional liquidators' request that the

19  Court grant recognition of the company's Chapter 15 case as a

20  foreign main proceeding or, alternatively, as a foreign non-

21  main proceeding, and award the JPLs the requested associated

22  relief

23

24  Transcribed by:  Clara Rubin

25                    Pnina Eilberg

1    today the determination made last October to deny Mr. Kuntz's

2    request for relief from the automatic stay.

3            The nature of Mr. Kuntz's claim as against the Lehman

4    estate remains obscure to me, even as a result of the

5    representations made concerning a possible constructive trust

6    over assets that belong to the estate of another debtor, Grand

7    Union Company.  As I said previously, I know nothing about that

8    case.  I had no involvement in that case.  I have not studied

9    the docket or decisions from that case.  I'm simply dealing

10   with the case which is before me, which is the Lehman Brothers

11   case.

12           It's apparent that Mr. Kuntz, based upon the papers

13   filed, has not stated good cause for relief from the earlier

14   order denying his motion for relief from the automatic stay.

15   As a result that order stands, and from a procedural

16   perspective this means that the 60(b) motion, having been

17   resolved, is not longer pending in this court, which presumably

18   means that to the extent there is an appealable right, and I'm

19   not saying that there is one, that Mr. Kuntz can exercise to go

20   back to the district court, the fact that there is a pending

21   60(b) motion no longer is an impediment to such procedure.

22   Whether or not it is available, however, given the passage of

23   time, is something that I don't comment on, nor am I asking

24   anyone else to comment on.

25           MR. KRASNOW:  Thank you, Your Honor.  I believe we

**Exhibit C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                    :
In re:                                              :       Chapter 11
                                                    :
LORAL SPACE &                                       :       Lead Case No. 03-41710 (RDD)
COMMUNICATIONS LTD., ET AL.,                        :       03-41709 (RDD) through
                                                    :       03-41728 (RDD)
                                                    :
          Reorganized Debtors.                      :       Jointly Administered
                                                    :
-------------------------------------------------------- x
PHIL IVALDY,                                        :
                                                    :
          Appellant,                                :
v.                                                  :
                                                    :
LORAL SPACE &                                       :
COMMUNICATIONS LTD., ET AL.,                        :
                                                    :
          Reorganized Debtors-Appellees.            :
-------------------------------------------------------- x

### ORDER DISMISSING PHIL IVALDY'S APPEAL OF ORDER GRANTING
### APPLICATION FOR FINAL DECREE AND CLOSING OF THIS CHAPTER 11 CASE

Upon the Motion dated May 18, 2009 (the "Motion"), of Loral Space &

Communications Ltd. and its affiliated reorganized debtors (collectively, the "Debtors" and, as

reorganized, the "Reorganized Debtors") to (I) Enforce the Order Confirming the Debtors'

Fourth Amended Joint Plan of Reorganization, as Modified, (II) Dismiss Phil Ivaldy's Appeal of

Order Granting Application for Final Decree and Closing of this Chapter 11 Case and, in the

Alternative, (III) Strike Certain Items from Phil Ivaldy's Designation of Record on Appeal; and

the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting, C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided to (i) Phil Ivaldy, (ii) the United States Trustee for the

Southern District of New York, (iii) the attorneys for the agent for the Debtors' prepetition

secured lenders, (iv) the attorneys for the statutory committee of unsecured creditors appointed in

these chapter 11 cases, (v) the attorneys for the official committee of equity security holders

appointed in these chapter 11 cases and (vi) those parties entitled to notice pursuant to this

Court's Order dated July 15, 2003 establishing notice procedures in these chapter 11 cases; and it

appearing that no other or further notice need be provided; and the Court having conducted a

hearing (the "Hearing") on the Motion on June 16, 2009; and based upon the record of the

Hearing; and upon (i) the Motion, (ii) the Reorganized Debtors-Appellees' Counter-Designation

of Items to be Included in Record on Appeal (the "Counter-Designation"); (iii) Appellant's

Objections to the Reorganized Debtor-Appellees' Motion (the "Objection"), (iv) the Reply of the

Reorganized Debtors to the Objection, (v) Appellant's Motion for Extension of Time to File

Responses to the Reorganized Debtors-Appellees' Counter-Designation and Motion, and (vi)

Appellant's Opposition to Application of Section 350(a) of the Bankruptcy Code and Bankruptcy

Rule 3022 for Final Decree Closing Chapter 11 Case of Loral Space & Communications Ltd.;

and the Court having determined that the legal and factual bases set forth in the Motion and at

the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefore for the

reasons stated by the Court at the conclusion of the Hearing, **THE COURT HEREBY FINDS,**

**DETERMINES AND CONCLUDES THAT:**

A. The Appeal was filed after the expiration of the period set forth in Rule 8002(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B. Phil Ivaldy did not make any request to enlarge the period set forth in the Bankruptcy Rule 8002(a) in accordance with Bankruptcy Rule 8002(c).

C. Phil Ivaldy neither claimed nor offered any facts to support any claim of excusable neglect with respect to the filing of the Appeal.

**FOR ALL OF THE FOREGOING AND AFTER DUE DELIBERATION THE COURT**

**ORDERS THAT:**

1. The Motion is hereby granted as provided herein.

2. The Appeal is dismissed, with prejudice.

3. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law hereby is waived.

Dated: June 18, 2009
     New York, New York

     /s/Robert D. Drain
     UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
**One Bowling Green**
**New York, NY 10004–1408**

IN RE: Loral Space & Communications Ltd. and Space Systems/Loral, Inc. ("SS/L")

CASE NO.: 03–41710–rdd

Social Security/Taxpayer ID/Employer ID/Other Nos.: 13–3867424

CHAPTER: 11

# NOTICE OF DISMISSAL

An order of dismissal was entered by the Honorable Robert D. Drain in this Chapter 11 case.

Loral Space & Communications Ltd. was dismissed from the case on June 18, 2009 WITH PREJUDICE.

Dated: June 18, 2009

Vito Genna
Clerk of the Court

# Notice Recipients

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
dbpos     Space Systems/Loral, Inc. ("SS/L")
3932096   AMB Property, L.P.

                                                                    TOTAL: 2

**Recipients of Notice of Electronic Filing:**
aty     Alan Jay Lipkin          alipkin@willkie.com, maosbny@willkie.com
aty     Lori R. Fife          lori.fife@weil.com, garrett.fail@weil.com, jae.kim@weil.com, saima.majid@weil.com
aty     Shai Waisman          shai.waisman@weil.com, amanda.hendy@weil.com, rachel.albanese@weil.com,
        jae.kim@weil.com, ilusion.rodriguez@weil.com, sherri.toub@weil.com, victoria.vron@weil.com,
        julio.gurdian@weil.com, matthew.curro@weil.com, michele.meises@weil.com
aty     Stephen Karotkin          stephen.karotkin@weil.com, theodore.tsekerides@weil.com, Shai.Waisman@weil.com,
        Rachel.albanese@weil.com, michele.meises@weil.com, ilusion.rodriguez@weil.com, nathan.pierce@weil.com,
        lacey.laken@weil.com
aty     Tonny K. Ho          maosbny@willkie.com, tho@willkie.com

                                                                    TOTAL: 5

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db        Loral Space &Communications Ltd.          c/o Loral SpaceCom Corporation          600 Third Avenue          New York,
          NY 10016
ust       United States Trustee          33 Whitehall Street          21st Floor          New York, NY 10004
aty       Alicia M. Leonhard          Office of the United States Trustee          Southern District of New York          33 Whitehall
          Street, Suite 2100          New York, NY 10004
aty       Pamela Jean Lustrin          United States Trustee          33 Whitehall Street          21st Floor          New York, NY
          10004
aty       Theodore Elias Tsekerides          Weil, Gotshal &Manges, LLP          767 5th Avenue          New York, NY 10153
smg       New York State Tax Commission          Bankruptcy/Special Procedures Section          P.O. Box 5300          Albany,
          NY 12205–0300
smg       United States Attorney          One St. Andrew's Plaza          Claims Unit – Room 417          New York, NY
          10007–1701
smg       Internal Revenue Service          290 Broadway          Insolvency 5th fl          New York, NY 10007
smg       N.Y. State Unemployment Insurance Fund          P.O. Box 551          Albany, NY 12201–0551
smg       New York City Dept. Of Finance          345 Adams Street, 3rd Floor          Attn: Legal Affairs – Devora
          Cohn          Brooklyn, NY 11201–3719
3233496   AKIN GUMP STRAUSS HAUER &FELD LLP          590 Madison Avenue          New York, New York
          10022          Attn.: Daniel H. Golden, Esq.          David H. Botter, Esq.
3233540   AKIN GUMP STRAUSS HAUER &FELD LLP          590 Madison Avenue          New York, New York
          10022          Attn.: Daniel H. Golden, Esq.          David H. Botter, Esq.
3239439   ALAN W POPE          STEPHEN E. GRUENDEL          MOORE &VAN ALLEN PLLC          100 NORTH
          TRYON STREET, SUITE 4700          CHARLOTTE, NC 28200–4003
3238810   ALLEN PETERS, ESQ.          NORTHROP GRUMMAN CORPORATION          1840 CENTURY PART
          EAST          LOS ANGELES, CA 90067
3311349   AMERICAN EXPRESS TRAVEL RELATED          SVCS CO INC CORP CARD          C/o BECKET &LEE
          LLP          P O BOX 3001          MALVERN, PA 19355–0701
3282536   ANDREW A. OSTROW          GENERAL COUNSEL          GLOBECAST NORTH AMERICA
          INCORPORATED          7291 N.W. 74TH STREET          MEDLEY, FLORIDA 33166
3539177   APPEN MENON, ESQ.          MENON &POSNER          170 BROADWAY, SUITE 1010          NEW YORK, NY
          10038
3440897   BANKRUPTCY ADMINISTRATION          IOS Capital, LLC          1738 Bass Road          POB
          13708          Macon, GA 31208–3708
3232776   BEN H. LOGAN, ESQ.          KAREN RINEHART, ESQ          O'MELVENY &MYERS, LLP          400 SOUTH
          HOPE STREET          LOS ANGELES, CA 90071–2899
3258737   BEN H. LOGAN, ESQ.          KAREN RINEHART, ESQ.          O'MELVENY &MYERS LLP          400 SOUTH
          HOPE STREET          LOS ANGELES, CA 90071–*2899
3282429   BEN H. LOGAN, ESQ.          KAREN RINEHART, ESQ.          O'MELVENY &MYERS LLP          400 SOUTH
          HOPE STREET          LOS ANGELES, CA 90071–2899
3637086   BROWN RUDNICK BERLACK ISRAELS LLP          Seven Times Square          New York, N.Y.
          10036          Attn.: Steven B. Smith
3437147   BRYN H. SHERMAN, ESQ.          Deckelbaum Ogens &Raftery, Chartered          3 Bethesda Metro Center, Ste
          200          Bethesda, MD 20814
3437145   D. SCOTT BARASH          V.P. &General Counsel          Universal Service Adm. Co.          2000 L Street, NW, Suite
          200          Washington, D.C. 20036
3353124   D. SCOTT BARASH          V.P. and General Counsel          Universal Service Administrative Company          2000 L
          Street, NW, Suite 200          Washington, D.C. 20036
3543131   DORSEY &WHITNEY LLP          50 South Sixth Street, Ste 1500          Minneapolis, Minnesota
          55402–1498          Attn Monica L. Clark, Esq.
3286003   DUANE MORRIS, LLP          380 Lexington Avenue          New York, New York 10022          Attn.: Robert M.
          Hirsh, Esq.

3286004   DUANE MORRIS, LLP   470 Atlantic Avenue, Suite 500   Boston, Massachusetts 02210   Attn.: Jeffrey D. Sternklar, Esq.

3266635   EAGLE PICHER TECHNOLOGIES LLC   P.O. Box 47   Joplin, MO 64802   Attn.: Raul E. Tellez, Esq.

4174794   Eric Seiler   Friedman Kaplan Seiler &Adelman LLP   1633 Broadway   New York, NY 10019–6708

3213648   Ethan Schwartz   CRT Capital Group LLC   262 Harbor Drive   Stamford, CT 06902

3266551   GARDNER CARTON &DOUGLAS LLC   1301 K. Street, N.W.   Suite 900 East Tower   Washington, DC 20005–3317   Attn.: Kristin K. Going, Esq.   Stephanie Wickouski, Esq.

3266552   GARDNER CARTON &DOUGLAS LLC   191 N. Wacker Drive   Suite 3700   Chicago, IL 60606–1698   Attn.: Jeffrey M. Schwartz, Esq.   Harold L. Kaplan, Esq.

3266596   HOGAN &HARTSON LLP   875 Third Avenue   New York, New York 10022   Attn.: David M. Posner, Esq.

3266553   JONES DAY   222 East 41st Street   New York, New York 10017   Attn.: Erica M. Ryland, Esq.

3213647   Jeff Gates   ECF Value Fund LP/ Gates Capital Mgmt   1177 Avenue of the Americas, 32nd Fl   New York, NY 10036

3713013   Jerome M. Balsam   Authorized Agent   450 Park Avenue, 32nd Fl.   New York, NY 10022

3263504   John G. Loughnane   Gadsby Hannah LLP   225 Franklin Street   Boston, MA 02110

3214603   Josiah Rotenberg   Quadrangle Group LLC   375 Park Avenue, 14th Fl   New York, NY 10152

3647568   KASOWITZ BENSON TORRES &FRIEDMAN LLP   1633 Broadway, 22nd Fl.   New York, New York 10016   Attn: D.S. Rosner, D.N.Zinman, Esqs.

3440895   KIESELSTEIN &LEE, LLP   Westchester Financial Center   50 Main Street   White Plains, NY 10606   Attn: Steve Kieselstein, Esq.

4594332   KONICA MINOLTA DANKA IMAGING COMPANY   fka DANKA OFFICE IMAGING COMPANY   11101 ROOSEVELT BLVD.   ST. PETERSBURG, FL 33716

3591337   LATHAM &WATKINS LLP   633 West Fifth Street, Suite 4000   Los Angeles, California 90071–2007   Attn.: M.S. Lurey, J.D. Diener, Esqs.

3258735   LESLIE A. COHEN ESQ.   LINER YANKELEVITZ SUNSHINE &REGENSTREIF   1100 GLENDON AVENUE, 14TH FLOOR   LOS ANGELES, CA 90024

3282425   LESLIE A. COHEN, ESQ.   LINER YANKELEVITZ   SUNSHINE &REGENSTREIF LLP   1100 GLENDON AVENUE, 14TH FLOOR   LOS ANGELES, CALIFORNIA 90024

3646686   LOWENSTEIN SANDLER PC   1251 Avenue of the Americas   18th Floor   New York, NY 10019   Attn Michael S. Etkin, Esq.

3646688   LOWENSTEIN SANDLER PC   65 Livingston Avenue   Roseland, NJ 07068   Attn M. Levee, Esq.

3213646   Leigh Walzer   Angelo, Gordon &Co.   245 Park Avenue, 26th Fl.   New York, NY 10167

3214600   MHR Fund Management LLC   40 West 57th Street   New York, NY 10019   Attn: Hal Goldstein

3282578   MICHAEL F. McGRATH, ESQ.   RAVICH MEYER KIRKMAN McGRATH   &NAUMAN, P.A.   4545 IDS CENTER   80 SOUTH EIGHTH STREET   MINNEAPOLIS, MN 55402

3458440   MICHAEL W. NEVILLE, DEPTY ATTY GEN   Ofc of Attorney General of California   455 Golden Gate Avenue, Ste 11000   San Francisco, CA 94102

3275553   MISSOURI DEPARTMENT OF REVENUE   Bankruptcy Unit   P.O. Box 475   Jefferson City, MO 65105–0475   Attn.: Chad A. Kelsch

3839289   McDermott Will &Emergy LLP   28 State Street   Boston, MA 02109   Attn: Thomas O. Bean, Esq. , Peter M. Acton, Jr.

3543107   McNUTT &LITTENEKER, LLP   188 The Embarcadero, Ste 800   San Francisco, CA 94105   Attn R.U. Litteneker, K.W. Coleman

3534296   McNutt &Litteneker, LLP   188 The Embarcadero, Ste 800   San Francisco, CA 94105   Attn R.U. Litteneker, K.W. Colman

3214602   Morris, Nichols, Arsht &Tunnell   Robert J. Dehney, Esquire   James C. Carignan, Esquire   1201 N. Market Street   P.O. Box 1347   Wilmington, DE 19899–1347

3365694   NEAL S. MANN, ASSIST. ATTY. GEN.   120 Broadway, 24th Fl.   New York, NY 10271

3247608   NORMAN A. FUTAMI, ESQ.   PAUL, HASTINGS, JANOFSKY &WALKER, LLP   Twenth–Fifth Floor   515 South Flower Street   Los Angeles, California 90071–2371

4353088   PA DEPARTMENT OF LABOR &INDUSTRY   OFC OF UNEMPLOYMENT COMPENSATION   TAX SERVICES   HARRISBURG BANKRUPTCY AND COMPLIANCE OFC   333 MARKET ST., 16TH FL.   HARRISBURG,PA 17101–2235

4351173   PA DEPT. OF LABOR &INDUSTRY   OFFICE OF UNEMPLOYMENT   COMPENSATION TAX SVCS.   HARRISBURG BANKRUPTCY AND COMPLIANCE OFF   333 MARKET ST., 16TH FLOOR   HARRISBURG, PA 17101–2235

3283165   PINO &ASSOCIATES, LLP   Westchester Financial Center   50 Main Street – 7th Floor   White Plains, New York 10606   Attn.: Melissa R. Gassler(MG6043)

3285540   PINO &ASSOCIATES, LLP   Westchester Financial Center   50 Main Street, 7th Floor   White Plains, New York 10606   Attn.: Melissa R. Gassler (MG6043)

3684766   POYNER &SPRUILL LLP   301 South College Street, Suite 2300   Charlotte, NC 28202   Attn J.D. Thompson, Esq.

3544112   RIVERSIDE CLAIMS LLC   POB 626   Planetarium Station   New York, NY 10024

3247325   ROBERT B. WEISS, ESQ.   FRANK L. GORMAN, ESQ.   HONIGMAN MILLER SCHWARTZ AND COHN LLP   2290 FIRST NATIONAL BUILDING   DETROIT, MI 48225

3437146   ROBERT E. GREENBERG, ESQ.   FRIEDLANDER MISLER SLOAN KLETZKIN   &OCHSMAN, PLLC   1101 Seventeenth Street, N.W.   Suite 700   Washington, D.C. 20036–4704

3311291   ROBERT M. HIRSH, ESQ.   DUANE MORRIS LLP   380 LEXINGTON AVENUE   NEW YORK, NEW YORK 10022

3282577   ROBERT S. PRINCE   KIRTON &McCONKIE   1800 EAGLE GATE TOWER   60 EAST SOUTH TEMPLE   SALT LAKE CITY, UTAH 84111–1004

3214601   Reid and Riege, P.C.   One Financial Plaza, 31st Floor   Hartford, CT 06103–2608

4134649   Rosa Dominy   Bankruptcy Administration   IKON Financial Services   1738 Bass Road   P.O. Box 13708   Macon, GA 31208–3708

| 3646689 | SCHIFFRIN &BARROWAY, LLP     Three Bala Plaza East, Suite 400     Bala Cynwyd, PA 19004     Attn J.H. Meltzer, K.B. Bornstein, Esqs. |

3646689     SCHIFFRIN &BARROWAY, LLP     Three Bala Plaza East, Suite 400     Bala Cynwyd, PA 19004     Attn J.H. Meltzer, K.B. Bornstein, Esqs.

3660388     SHAW PITTMAN LLP     2300 "N" Street, NW     Washington, D.C. 20037     Attn T.J. Catliota, A.J. Love

3282579     SHAWN M. CHRISTIANSON, ESQ.     BUCHALTER, NEMER, FIELDS &YOUNGER     A PROFESSIONAL CORPORATION     333 MARKET STREET, 25TH FLOOR     SAN FRANCISCO, CALIFORNIA 94105–2130

3363179     SHAWN M. CHRISTIANSON, ESQ.     Buchalter, Nemer, Fields &Younger     333 Market Street, 25th Fl.     San Francisco, CA 94105–2130

3368211     SHEARMAN &STERLING, LLP     599 Lexington Avenue     New York, N.Y. 10022     Attn.: Constance A. Fratianni

3266595     SQUIRE, SANDERS &DEMPSEY LLP     312 Walnut Street     Suite 3500     Cincinnati, OH 45202–4036     Attn.: Jeffrey A. Marks, Esq.     Kim D. Seaton, Esq.

4242668     STEPHEN KAROTKIN     WEIL, BOTSHAL &MANGES LLP     767 FIFTH AVENUE     NEW YORK, NEW YORK 10153

3525006     Satterlee Stephens Burke &Burke LLP     Attn: Christopher L. Belmonte, Esq.     Attn: Pamela Bosswick, Esq.     Counsel to Onesat SRL     230 Park Avenue     New York, NY 10169

3254819     Scott A. Zuber, Esq.     Pitney, Hardin, Kipp &Szuch, LLP     P.O. Box 1495     Morristown, NJ 07962–1945

3328237     Shawn M. Christianson, Esq.     Buchalter, Nemer, Fields &Younger, P.C.     333 Market Street, 25th Floor     San Francisco, California 94105–2130

3225698     Stephen J. Shimshak     Paul, Weiss, Rifkind, Wharton     Garrison, LLP     1285 Avenue of the Americas     New York, New York 10019–6064

3726401     Stroock &Stroock &Lavan LLP     Attn: M.J. Sage, K.M. Hansen     180 Maiden Lane     New York, New York 10038

3371492     TONY M. DAVIS, ESQ.     Baker Botts, L.L.P.     One Shell Plaza     910 Louisiana     Houston, TX 77002

3213645     Thomas O. Bean     Nutter, McClennen &Fish, LLP     World Trade Center West     155 Seaport Blvd.     Boston, MA 02210

3238809     VICTOR A. SAHN, ESQ.     ISRAEL SAPERSTEIN, ESQ.     SULMEYERKUPETZ     333 SOUTH HOPE STREET, 35TH FLOOR     LOS ANGELES, CA 90071

3238811     WALTER PAGE, ESQ     ASTRO AEROSPACE     6384 VIA REAL     CARPINTERIA, CA 93013

3282426     WILLIAM E. NILES     EXECUTIVE VICE PRESIDENT AND     GENERAL COUNSEL     ASCENT MEDIA GROUP, INC.     520 BROADWAY, 5TH FLOOR     SANTA MONICA, CALIFORNIA 90401

3258736     WILLIAM E. NILES     EXECUTIVE VICE PRESIDENT AND GENERAL COU     ASCENT MEDIA GROUP, INC.     520 BROADWAY,. 5TH FLOOR     SANTA MONICA, CA 90401

3266549     WINSTON &STRAWN LLP     200 Park Avenue     New York, New York 10166     Attn.: Steven M. Schwartz, Esq.     Alan D'Ambrosio, Esq.

3311219     WilTel Communications, LLC     One Technology Center     Legal Department     Tulsa, OK 74103     Attn.: Amy Callard, Esq., Mail Drop 15–L

TOTAL: 90

# **Exhibit D**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 03-41710

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LORAL SPACE & COMMUNICATIONS LTD., ET AL.,


Debtors.


- - - - - - - - - - - - - - - - - - - -x


U.S. Bankruptcy Court

One Bowling Green

New York, New York


June 16, 2009

12:42 p.m.


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

1    MOTION of Reorganized Debtors to (I) Enforce the Order

2    Confirming the Debtors Fourth Amended Join Plan, (II) Dismiss

3    Phil Ivaldy's Appeal of Order Granting Application for Final

4    Decree and Closing of this Chapter 11 Case.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Transcribed By:  Esther Accardi

25

```
 1    A P P E A R A N C E S :

 2    WEIL GOTSHAL & MANGES, LLP

 3          Attorneys for Debtors

 4          767 Fifth Avenue

 5          New York, New York 10153

 6

 7    BY:   SHAI Y. WAISMAN, ESQ.

 8

 9

10    PHIL IVALDY

11    Appearing Pro Se

12    (Telephonically)

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                  P R O C E E D I N G S

2          THE COURT:  Loral.

3          MR. WAISMAN:  Good afternoon, Your Honor.

4          THE COURT:  Good afternoon.

5          MR. WAISMAN:  Shai Waisman, Weil Gotshal & Manges on

6    behalf of the reorganized Loral debtors.

7          Your Honor, we're here on the debtors' motion to

8    enforce the confirmation order, dismiss an appeal, or in the

9    alternative, to strike designation of record.

10         This relates to the notice of appeal served and filed

11   by Mr. Ivaldy.  I'm not sure if Mr. Ivaldy is present or

12   participating on the phone.

13         THE COURT:  Are you on the phone, Mr. Ivaldy?

14         MR. IVALDY:  I'm here.

15         THE COURT:  Okay.

16         MR. WAISMAN:  Your Honor, unfortunately, the Court is

17   probably all too familiar with the background of this matter.

18   I won't belabor the record as it's been a long morning.

19         In summary, Mr. Ivaldy -- Your Honor issued a final

20   decree closing the lead case in this matter on April 15, 2009.

21   And that order was entered on the docket of the cases on

22   April 15, 2009.

23         Mr. Ivaldy did not file his notice of appeal until

24   thirteen days later, April 28, 2009.  Manifestly, he has not

25   complied with Bankruptcy Rule 8002.  The appeal is late and the

1     Bankruptcy Court retains the jurisdiction to dismiss the appeal

2     for being untimely.

3            In the alternative, Your Honor, if one were to read

4     the notice of appeal and the subsequent responses filed by Mr.

5     Ivaldy, they make clear they have nothing to do, whatsoever,

6     with Your Honor's order entering a final decree in these cases.

7     Rather, Mr. Ivaldy would like to reargue or collaterally attack

8     Your Honor's confirmation order which is now years old.  And

9     which Mr. Ivaldy objected to in the original proceeding lost,

10    took an appeal from that to the District Court as well as the

11    Second Circuit.  Denied by both courts and petitioned to be

12    heard by the Supreme Court, and that, too, was denied.

13           As such, the confirmation order is final, non-

14    appealable and the collateral attack is, in fact, a violation

15    of the final confirmation order, itself.  And Your Honor should

16    enforce the confirmation order and dismiss the appeal on those

17    grounds.

18           Finally, if Your Honor were to entertain or otherwise

19    believe that the appeal were timely, for the reasons stated in

20    our papers, and I don't have to go on, we would ask that the

21    designation of the record be stricken as requested, as none of

22    the documents Mr. Ivaldy seeks to rely on in his appeal, were

23    submitted in connection with Your Honor's consideration of the

24    final decree, and, therefore, do not constitute part of the

25    record.

1    Unless Your Honor has any questions, those are the

2  simple facts before the Court.

3    THE COURT:  Okay.

4    (Pause)

5    THE COURT:  All right.  Mr. Ivaldy, do you have

6  anything beyond what you submitted?

7    MR. IVALDY:  I'd like to go through item-by-item.

8    One of the statements that had just been made, I guess

9  the first issue would be whether or not my appeal is timely.

10  Does the Court have any problems with my appeal?

11    THE COURT:  Yes.  I believe it is -- based on what I

12  see as to the facts, the appeal is untimely.

13    MR. IVALDY:  I worked with the Court and submitted the

14  appeal.  Was informed that the appeal was submitted in a timely

15  fashion.  And the Clerk had not docketed the appeal as he

16  received it.

17    THE COURT:  Where is that set forth?

18    MR. IVALDY:  I'm sorry; I cannot hear you very well.

19    THE COURT:  I don't -- where is that set forth?  I can

20  tell you it's very unusual for anyone in our Clerk's office to

21  give anyone a statement that something is timely or not.

22    MR. IVALDY:  When did you file your order?

23    THE COURT:  The order, itself, was entered April 15th.

24    MR. IVALDY:  That's correct.  And then I have ten days

25  to respond, is that correct?

1           THE COURT:  Well, in fact, you had more than ten days,

2    because April 25th was a Saturday.

3           MR. IVALDY:  Okay.  So you would receive it on the

4    following Monday then.

5           THE COURT:  The 28th.  I'm sorry, the 27th.

6           MR. IVALDY:  Yes, the 27th, is that correct?

7           THE COURT:  That would have been timely.  But our

8    records show that it was actually docketed on the 28th.

9           MR. IVALDY:  Yes.  But the clerk had received it in a

10   timely fashion and notified me of that.

11          THE COURT:  Do you have any record of that?

12          MR. IVALDY:  Do you want me to pull out my records

13   from Express Mail showing that you received it in a timely

14   fashion?  Are we going to play the same game that the District

15   Court played with me?

16          THE COURT:  Well, it's not a game, sir, this is

17   important.

18          MR. IVALDY:  I perceive it as a game.

19          THE COURT:  All right.  Why don't we move to the next

20   point then?

21          MR. IVALDY:  If you want me to I will get my records

22   showing that the papers were filed in a timely manner.  And as

23   far as I'm concerned, Weil Gotshal is playing a game with me.

24   They have the papers; they received the papers the same day as

25   you did.

1        If Weil Gotshal is willing to submit an affidavit that

2  they did not receive it in a timely fashion then let them do

3  it.  But as far as I'm concerned, without that affidavit this

4  is a non-issue.

5        THE COURT:  Well, no, that's not really right.  It was

6  filed on the 28th.

7        MR. IVALDY:  I don't care when it was filed --

8        THE COURT:  Well, I do.  That's the date that sets the

9  timeline unless something extraordinary shows that it was

10  received and should have been filed at an earlier date.  And I

11  have no evidence of that fact.  Do you have an affidavit of

12  service or filing?

13        MR. IVALDY:  Yes.

14        THE COURT:  Where is that?

15        MR. IVALDY:  I beg your pardon?

16        THE COURT:  Where is it?

17        MR. IVALDY:  I have it.

18        THE COURT:  Did you file it?

19        MR. IVALDY:  I have from the Clerk that my papers were

20  filed on time.

21        THE COURT:  No, no.  Did you file it with the Court,

22  the affidavit of service?

23        MR. IVALDY:  Yes.  Along with the papers.

24        MR. WAISMAN:  Your Honor, with Mr. Ivaldy's notice of

25  appeal, there appears a certificate of service signed by Mr.

1    Ivaldy indicating that he sent, by U.S. Mail on April 24th, his

2    notice of appeal to Your Honor's chambers, our offices, the

3    Solicitor General of the United States, and the United States

4    Attorney General.

5             Irrespective of that, the docket clearly indicates the

6    appeal was not filed until the 28th.  And notwithstanding Mr.

7    Ivaldy's pro se appearance in these cases, he is very familiar

8    with the rules of procedure, has filed over a hundred

9    pleadings, and has repeatedly appeared before this Court.  And

10   as he indicates, the District Court, as well.  And has been

11   repeatedly admonished that the rules aren't a game and they

12   need to be complied with.

13            THE COURT:  Okay.

14            MR. IVALDY:  I think we should ask Weil Gotshal the

15   date that they received my notice.

16            THE COURT:  No, that's not the relevant issue.  The

17   issue is when it was received by the Clerk of the Court.

18            MR. IVALDY:  It was the Clerk of the Court received it

19   the same day that Weil Gotshal did.

20            THE COURT:  All right.  Did you have anything else on

21   this?

22            MR. IVALDY:  Are you speaking to me?

23            THE COURT:  Yes.

24            MR. IVALDY:  Not on this issue.

25            THE COURT:  Okay.  Anything else?

1        MR. IVALDY:  I think that Weil Gotshal should be able

2   to make a statement on the date that they received it.

3        THE COURT:  I already told you that's not relevant.

4        MR. IVALDY:  Well, the date --

5        THE COURT:  Okay.  Do you have anything else, Mr.

6   Ivaldy?

7        MR. IVALDY:  On this issue, no.

8        THE COURT:  Okay.  On anything else?

9        MR. IVALDY:  Well, of course.  I mean, I was given an

10  agenda that had gotten to me today.  But I never had it before.

11  And there's a service list that was sent by Federal Express.

12  Federal Express didn't give it to me on time for this hearing,

13  number one.

14        And the affidavit previously by Donald Agean on his

15  affidavit of service -- from my perception, his affidavit of

16  service was late.  So I don't understand what the --

17        THE COURT:  But --

18        MR. IVALDY:  I think that what you have to do -- what

19  I urge the Court to do is have a five-minute recess and you

20  check with the Clerk and see when they got this notice of

21  appeal.  I think that that would be the easiest thing and --

22        THE COURT:  All right.  Do you have anything else, Mr.

23  Ivaldy?

24        MR. IVALDY:  I filed my notice of appeal in a timely

25  manner.

1          THE COURT:  Okay.

2          MR. IVALDY:  I see no documentation that it hasn't

3     been done.

4          THE COURT:  All right.  Okay.  I have before me the

5     debtors' motion to dismiss Mr. Phil Ivaldy's appeal.  My order

6     dated April 15, 2009 closing the debtors' chapter 11 case.

7          The debtor seeks various alternative forms of relief

8     in its motion.  But the first form of relief it seeks is really

9     a gatekeeping item.  The debtor contends that Mr. Ivaldy's

10    appeal was untimely and, therefore, that it should be

11    dismissed.

12         MR. IVALDY:  They have not given any proof of that.

13         THE COURT:  I'm giving my ruling, sir; I'm not in oral

14    argument at this point.

15         MR. IVALDY:  Okay.

16         THE COURT:  As far as the motion is concerned, there

17    are three issues as I see it.

18         First, is the issue as to whether this is an issue

19    that the Bankruptcy Court should address or whether it's an

20    issue properly addressed by the District Court to which the

21    appeal was directed.  Generally speaking, the filing of a

22    notice of appeal divests the lower court of jurisdiction over

23    matters covered by the appeal.  However, the timely filing of a

24    notice of appeal is mandatory in jurisdiction.  If the notice

25    is not timely filed, the Appellate Court is without

1    jurisdiction to hear the appeal.  That's a quote from In re

2    Williams, 216 F.3d, 1295, 1298 (11th Cir. 2000).

3            More specifically, this issue has been addressed by,

4    at least, one court directly.  Where the court found that the

5    Bankruptcy Court had jurisdiction to consider the timeliness of

6    the notice of appeal as this ruling said.  The notice of appeal

7    from the final order generally deprives a lower court over

8    jurisdiction over the merits of the matter subject to appeal.

9    However, the Bankruptcy Court retains certain authority

10   concerning the timeliness of the appeal.  Including, for

11   example, the authority to extend the period of time for filing

12   a notice of appeal, pursuant to Rule 8002(c)

13           In any event -- and I'm sorry, that's in In re Geiger,

14   2006 U.S. District LEXIS 39570, pages 2-3 (W.D. Wisconsin June

15   12, 2006).  So I believe that it is appropriate for me to

16   decide this issue.

17           Secondly, there's an issue, given the fact that Mr.

18   Ivaldy is pro se, as to whether I should view an untimely

19   notice of appeal as treated for him as a request for an

20   extension of time to file the notice of appeal, which would, if

21   I would do that, at the time, given the time he filed it, be

22   liberally granted.  However, the Second Circuit has made it

23   clear that a party's filing of a late notice of appeal, even

24   when the party is pro se and provides affording evidence of

25   excusable neglect, cannot be treated as an application to

1    extend the time to file a notice of appeal.  Campos v. LeFevre,

2    825 F.2d 671, 676 (2d Cir. 1987).  See also In re R.H. Macy and

3    Company, 173 B.R. 301 at 302 (S.D.N.Y. 1994).

4         Finally, there's the underlying issue whether the

5    appeal was, indeed, untimely.  The certificate of service

6    indicates that the appeal was filed on April 24th -- I'm sorry,

7    it was mailed on April 24, 2009, which would have fallen within

8    the proper timely period for an appeal from the April 15, 2009

9    order.  However, mailing does not start the -- or count as far

10   as the time to appeal is concerned.  The time of filing of the

11   notice is measured not from mailing but from actual receipt by

12   the Bankruptcy Clerk.  In re Geiger, again, 2006 U.S. District

13   LEXIS 39570 at pages 3-4, citing In re Maurice, 69 F.3d 830-832

14   (7th Cir. 1995), as well as Bankruptcy Rule 8002(a).

15        Here, the appeal is not shown as having been filed

16   until April 28, which was a day after the expiration of the

17   time --

18        MR. IVALDY:  You have --

19        THE COURT:  Excuse me.  Of the time to appeal.  And

20   that evidence of filing, without any evidence to the contrary

21   other than Mr. Ivaldy's statement over the phone at this

22   hearing, that he believes it was received before the 28th, to

23   my mind is sufficient to establish the untimeliness of the

24   appeal.

25        So for those reasons, in the absence of any proof to

1  the contrary, I will treat the filing date as the receipt date

2  and find that the appeal is untimely and should be dismissed.

3          In light of that, I don't believe that it would be

4  appropriate to address the other forms of relief sought in the

5  motion.

6          MR. WAISMAN:  Thank you, Your Honor.  Would Your Honor

7  like us to settle an order?

8          THE COURT:  Just submit the order.

9          MR. WAISMAN:  Thank you, Your Honor, we will.

10          MR. IVALDY:  What are you going to do if you find out

11  later that it was received on time?

12          THE COURT:  I am not going to check, that's not what

13  judges do.

14          MR. IVALDY:  But what are you going to do if I

15  submit -- if I get the Court to --

16          THE COURT:  I will have to decide that if and when you

17  make such a motion.

18          All right.

19          MR. WAISMAN:  Thank you, Your Honor.

20          THE COURT:  Thank you.

21          (Proceedings concluded at 1:03 p.m.)

22

23

24

25

1

2                    I N D E X

3

4                  R U L I N G S

5                                    PAGE LINE

6   Motion of Debtors' to Dismiss        14   2

7   Phil Ivaldy's Appeal as Untimely,

8   Granted

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N

I, Esther Accardi, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

ESTHER ACCARDI

Certified Electronic Transcriber (CET**D-485)

Veritext LLC

200 Old Country Road

Suite 580

Mineola, New York 11501

Date: June 18, 2009

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
|  |  |  |
| --- | --- | --- |
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### ORDER STRIKING FROM THE RECORD
### WILLIAM KUNTZ'S NOTICE OF APPEAL OF THE ORDER
### DENYING RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Upon the Motion dated December 16, 2009 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors in possession (together, the "Debtors"), to strike from the

record of these cases William Kuntz, III's ("Kuntz") notice of appeal (the "Notice of

Appeal") from an order of this Court, entered on September 17, 2009, denying Kuntz's

motion to modify or vacate the Court's earlier order denying Kuntz's motion for relief

from the automatic stay (the "Order") [Docket No. 5215] or, in the alternative, dismissing

Kuntz's appeal of the Order; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New

York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice having been provided in accordance

with the procedures set forth in the amended order entered February 13, 2009 governing

case management and administrative procedures [Docket No. 2837] to (i) the U.S.

Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Kuntz, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

THE COURT HEREBY FINDS, DETERMINES AND CONCLUDES THAT:

A.     Kuntz's Notice of Appeal was filed after the expiration of the period set forth in Rule 8002(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.     Kuntz did not make any request to enlarge the period set forth in the Bankruptcy Rule 8002(a) in accordance with Bankruptcy Rule 8002(c).

C.     Kuntz did not claim nor offer any facts to support any claim of excusable neglect with respect to the untimely filing of the Notice of Appeal.

FOR ALL OF THE FOREGOING AND AFTER DUE DELIBERATION THE COURT ORDERS THAT:

1.     The Motion is hereby granted.

2.     The Notice of Appeal is stricken from the record of these cases.

Dated: January __, 2010
           New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE