UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
In re                                                                    :    Chapter 11 Case No.
                                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                              :
                              Debtors.                             :    (Jointly Administered)
                                                                              :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO ENTER INTO A RESTRUCTURING REGARDING REAL PROPERTY LOCATED AT 200 FIFTH AVENUE, NEW YORK, NEW YORK

Upon the motion, dated November 25, 2009 (the "Motion"), of Lehman Brothers Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing and approving LBHI's entry into a Restructuring (the "Restructuring"), all as more fully described in the Motion;[1] and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and the Court having found and determined that the relief sought in the

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors (a) are duly authorized and empowered to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers, that may be necessary or appropriate to consummate the transactions contemplated by the Restructuring substantially in accordance with the Term Sheet; (b) are duly authorized and empowered to take all other and further actions as may be necessary to implement the transactions contemplated by the Restructuring substantially in accordance with the Term Sheet; and (c) shall have the right both in connection with and following consummation of the transactions contemplated under the Restructuring to consent to any amendment, restatement, waiver, supplement or other modification of any of the transactions described therein substantially in accordance with the Term Sheet; it being understood that nothing in this Order shall prejudice the right of LBHI to assign, substantially in accordance with the terms of the Term Sheet, any portion of its loans and commitments to, or equity interests in the Building Owner, the Mezz Borrower, or any of their respective affiliates. Any actions described in clauses (a), (b) and (c) taken by the Debtors or their affiliates may be taken without the necessity (x) of further court proceedings or approval or (y) of any consent of any party other than the Debtors, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that all claims filed by the Senior Lenders against LBHI related to the LBHI Guaranties, including but not limited to claim numbers 27656, 28201, 28202, 28203, and

28204 will be waived and expunged from the claims register with prejudice upon the consummation of the Restructuring substantially in accordance with the Term Sheet; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
December 17, 2009

*s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE