**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND**
**ORDER BETWEEN THE DEBTORS AND TAARP GROUP, LLP**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (collectively, the "Debtors") and TAARP Group, LLP ("TAARP") (each a "Party" and together, the "Parties"), hereby enter into this stipulation, agreement, and agreed order (the "Stipulation") and agree, as follows:

**RECITALS**

A. On or about October 29, 2007, LBHI entered into a letter agreement with TAARP (the "Letter Agreement") pursuant to which LBHI engaged TAARP to provide tax analysis review. Pursuant to the Letter Agreement, TAARP agreed to analyze federal and certain state tax returns to determine and obtain refunds from taxing authorities for overcharges of interest and penalties, under-allowances of interest on refunds, credits, offsets, or other account errors with respect to the computation of tax for the taxable years through November 30, 2003. In accordance with the Letter Agreement, TAARP was entitled to a payment of 15% of all favorable account corrections, including amounts refunded or credited to LBHI, offsets to, or abatements of, any liability of LBHI, and interest saved by LBHI as the result of any credit, offset or abatement, 30 days from the date LBHI received any favorable account correction.

B. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

the United States Bankruptcy Court for the Southern District of New York (the "Court") voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    C.  On or about September 16, 2008, one day after the Commencement Date, the Internal Revenue Service issued a "manual" wire refund of $9,784,590.26 (the "Refund").

    D.  On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

    E.  On September 15, 2009, TAARP filed a proof of claim against LBHI in the amount of $1,467,688.50 (the "Amount Owed"), 15% of the Refund. TAARP's proof of claim was assigned Claim No. 12876 (the "TAARP Claim") by the Debtors' court-approved claims agent. TAARP asserts that its claim for the Amount Owed is administrative in nature, but to the extent it is not administrative, it filed the TAARP Claim as a protective measure.

    F.  On September 30, 2009, TAARP filed a Motion for an Order (i) Authorizing and Directing Immediate Payment of an Administrative Expense Claim Pursuant to 11 U.S.C. §503(B) and To The Extent Necessary, Nunc Pro Tunc Approval for Performance of Post-Petition Services; (ii) Granting a Constructive Trust Over a Portion of Funds Credited to Debtors Post-Petition; (iii) Granting Recovery in Quantum Meruit; and (iv) Granting Such Other Related Relief as Appropriate under 11 U.S.C. §105 [Docket No. 5309 ] (the "Motion"). By the Motion, TAARP sought the allowance and payment of the Amount Owed as an administrative

2

expense claim in the Debtors' chapter 11 cases. In the Motion, TAARP contends that it is entitled to an administrative expense in the full amount of the TAARP Claim because it allegedly continued to provide services to the Debtors at their request with respect to the Refund.

G. While the Debtors did not file a formal response to the Motion, they advised TAARP that they disputed that TAARP was entitled to an administrative expense claim because they contended all or substantially all of the services TAARP provided to the Debtors were performed prior to the Commencement Date.

H. Given the uncertainties, burden, expense, and potentially protracted nature attendant to litigation, the Parties commenced negotiations with regard to a potential resolution of their disputes. Those negotiations resulted in a compromise and settlement, the terms of which are set forth below.

I. The Debtors believe that the compromise and settlement represent a reasonable disposition of the dispute and falls well above the lowest point in the range of reasonableness, and that approval of this Stipulation and the compromise and settlement set foth herein is in the best interests of the Debtors' estates.

**AGREEMENT:**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned counsel, that:

1. The Recitals set forth above form an integral part of this Stipulation are incorporated fully herein.

2. This Stipulation shall not become effective unless and until it is entered by an order of this Court that has become final and nonappealable (the "Stipulation Effective Date").

3

3. On the Stipulation Effective Date, TAARP shall be allowed an administrative expense claim in the amount of $50,000 (the "Administrative Claim").

4. Within ten (10) business days after the Stipulation Effective Date, LBHI shall pay to TAARP $50,000 in full satisfaction of the Administrative Claim.

5. On the Stipulation Effective Date, the TAARP Claim shall be deemed amended and shall hereby be an allowed general, unsecured, non-priority claim in the reduced amount of $1,417,688.50 (the "Allowed TAARP Claim"). The Allowed TAARP Claim shall not be modified, amended, or supplemented. Upon the Stipulation Effective Date, the Allowed TAARP Claim shall not be subject to any challenge or objection and shall be deemed "Allowed" for all purposes in these cases, including without limitation under any Chapter 11 plan or Chapter 7 liquidation and for any distribution made in connection therewith.

6. Upon the Stipulation Effective Date, TAARP hereby forever waives and releases any and all claims, liabilities, causes of action, demands, and damages of whatever kind or nature and whether known or unknown, asserted or unasserted, against each other arising before or after the Commencement Date related to or arising out of the TAARP Claim, the Allowed TAARP Claim, and/or the Motion; *provided, however,* that nothing contained herein shall release the Parties from their respective obligations or waive their respective rights set forth in this Stipulation, and any distribution entitlement that any holder of the Allowed TAARP Claim may have in respect of said claim.

7. Upon the Stipulation Effective Date, the Motion shall be deemed to be withdrawn, with prejudice and without costs to either Party.

8. Nothing contained herein shall be deemed or construed as an admission or concession by either Party with respect to any rights to claims, causes of action, defenses, objections or challenges arising from or relating to the TAARP Claim or the Motion.

9. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

10. The Parties agree that the Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation.

11. This Stipulation may be amended, superseded, terminated, or otherwise modified only by a signed writing executed by the Parties.

12. The person who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns, including without limitation, any Plan Administrator, Chapter 11 Trustee and/or Chapter 7 Trustee as may be applicable.

Dated: December 9, 2009
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Dated: December 9, 2009
       Philadelphia, PA

/s/ William J. Burnett
William J. Burnett

FLASTER/GREENBERG P.C.
1600 JFK Blvd, 2nd Floor
Philadelphia, PA 19103
Telephone: (215) 279-9383
Facsimile: (215) 279-9394

Attorneys for TAARP Group, LLP

NO OBJECTION:

Dated: December 9, 2009
      New York, New York

                    /s/ Dennis F. Dunne
                    Dennis F. Dunne
                    Dennis C. O'Donnell
                    Evan R. Fleck

                    MILBANK, TWEED, HADLEY & M$^{\text{C}}$CLOY LLP
                    1 Chase Manhattan Plaza
                    New York, New York 10005
                    Telephone: (212) 530-5000
                    Facsimile: (212) 530-5219

                    Attorneys for the Official Committee of Unsecured
                    Creditors of Lehman Brothers Holdings Inc., *et al.*


SO ORDERED:

Dated: New York, New York
      December 17, 2009      *s/ James M. Peck*
                                      HONORABLE JAMES M. PECK
                                      UNITED STATES BANKRUPTCY JUDGE