UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    08-13555 (JMP)
                                                :
           Debtors.                             :    (Jointly Administered)
                                                :
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES

Upon the motion, dated December 1, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent applicable, to allow XL Specialty Insurance Company and Federal Insurance Company (Chubb) (together, the "Insurers") to make certain settlement payments in connection with the terms of a settlement agreement (the "Settlement Agreement") between Openwave Systems Inc. ("Openwave") and the Individual Defendants,[1] dated November 23, 2009, a copy of which is annexed to the Motion as Exhibit A, all as more fully described in the Motion; and upon the objections (the "Objections") interposed by Intersil Investment Company, Intersil Holding GmbH, Intersil Europe Sarl, and Xicor, LLC [Docket Nos. 6128 and 6135 (duplicative)], and InfoSpace, Inc. [Docket No. 6130]; and the Debtors having filed a reply to the Objections (the "Reply") [Docket

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

No. 6212]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; (vii) XL Specialty Insurance Company; and (viii) Federal Insurance Company (Chubb), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion, the Objections, and the Reply; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Objections are overruled; and it is further

        ORDERED that the Motion is granted; and it is further

        ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of

this Court, allow the Insurers to make certain settlement payments provided for in the Settlement Agreement on behalf of the Individual Defendants in accordance with the terms of the Policy; and it is further

ORDERED the Debtors are authorized to execute all documentation necessary to allow the Insurers to fund the settlement payments on behalf of Individual Defendants pursuant to the Settlement Agreement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Insurers, the Debtors or the Individual Defendants provided for under the terms and conditions of the Policy; and it is further

ORDERED that all parties to the Policy reserve all rights and defenses that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Policy are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Policy are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that the ten day stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
     December 17, 2009     *s/ James M. Peck*
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE