**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | SIPA Proceeding<br><br>Case No. 08-01420 (JMP) |

**STIPULATION AND ORDER BETWEEN THE DEBTORS, TRUSTEE,
CREDITORS' COMMITTEE, BARCLAYS AND THE FEDERAL RESERVE BANK OF
NEW YORK**

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors and debtors-in-possession in the Chapter 11 Cases (collectively, the "Debtors"); (b) James W. Giddens, as Trustee for the Securities Investor Protection Act Liquidation of Lehman Brothers Inc. (the "Trustee"); (c) the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors in possession (the "Creditors' Committee"); (d) Barclays Capital Inc. and its affiliates ("BarCap"), and (e) the Federal Reserve Bank of New York (the "FRBNY").

WHEREAS, commencing on September 15, 2008, the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on September 19, 2008, James W. Giddens was appointed as Trustee under the Securities Investor Protection Act of 1970 ("SIPA") to administer the estate of Lehman Brothers Inc. ("LBI"), and a proceeding was commenced in the Bankruptcy Court under SIPA with respect to LBI;

WHEREAS, on September 20, 2008, the Bankruptcy Court issued (i) an Order Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, and (ii) an Order Approving, and Incorporating by Reference for Purposes of the Proceeding, an Order Authorizing the Sale of Purchased Assets and Other Relief in the Lehman Brothers Holdings Inc. Chapter 11 Proceeding (together, the "Sale Orders");

WHEREAS, on September 15, 2009, the Debtors, the Trustee, and the Creditors' Committee (collectively, the "Rule 60(b) Movants") filed motions for relief from the Sale Order(s) (the "Rule 60(b) Motions") pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024 as incorporated therein;

WHEREAS, on November 13, 2009, the Debtors served on the FRBNY a subpoena requesting that the FRBNY produce certain documents relevant to the Rule 60(b) Motions (all documents and information provided by the FRBNY to the Rule 60(b) Movants and BarCap, the "Discovery Material");

WHEREAS, on November 16, 2009, the Rule 60(b) Movants served adversary complaints (Civ. Nos. 09-01731, 09-01732 and 09-01733, collectively, the "Adversary Complaints"), naming BarCap as defendant;

WHEREAS, the FRBNY has requested, and the Rule 60(b) Movants and BarCap have agreed, that certain Discovery Material be subject to a protective order, pursuant to Federal Rule of Bankruptcy 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Rule 60(b) Movants, BarCap and the FRBNY have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. This Stipulation governs the production or provision of Discovery Material as that term is defined herein and does not affect, amend, or modify any existing confidentiality agreements between, or protective orders applicable to, the Rule 60(b) Movants, BarCap or the FRBNY.

2. Discovery Material, or information derived therefrom, shall be used solely for the purposes of this litigation and litigation pursuant to the Adversary Complaints and shall not be used for any other purpose without prior written permission of the party who provided the Discovery Material.

3. The FRBNY may designate as "Highly Confidential" that portion of any Discovery Material that the FRBNY in good faith believes meets any of the following criteria in subparagraphs (a) through (d) below, provided that "Highly Confidential" information shall not include: information that is at any time independently developed by the Rule 60(b) Movants or BarCap without use of or reliance upon any of the FRBNY's Discovery Material; information rightfully acquired by the Rule 60(b) Movants or BarCap from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Rule 60(b) Movants or BarCap; information that is publicly available in

3

substantially the same form in which it was provided by the FRBNY; information that is required by law to be made available to third parties; information that was, is, or becomes public knowledge, not in violation of this Protective Order, or information that is voluntarily de-designated by the FRBNY.  Subject to these conditions and limitations, the FRBNY may designate the following as "Highly Confidential":

      (a)    information that relates to the confidential business practices, plans, strategies, or projections of the FRBNY or any customer or affiliate of the FRBNY;

      (b)    information that relates to confidential financial information of the FRBNY or any customer or affiliate of the FRBNY;

      (c)    information that is reasonably likely to cause undue harm to the reputation of, or embarrassment to, any individual; or

      (d)    information that the FRBNY is required by law or regulation to protect from disclosure.

4.    The FRBNY may designate Discovery Material as Highly Confidential by applying the legend "Highly Confidential" to the Discovery Material.  In the case of data stored in electronic form, the legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic data is stored.

5.    Discovery Materials that have been designated Highly Confidential shall be maintained in confidence and shall not be shared by the Rule 60(b) Movants or BarCap with any person other than:  (i) persons who have already seen or received the document at issue; (ii) Boies Schiller & Flexner LLP, Cleary Gottlieb Steen & Hamilton LLP, and Sullivan & Cromwell LLP, in their capacity as counsel to BarCap, including their attorneys, legal assistants, paralegals, and secretarial and other staff; (iii) Hughes Hubbard & Reed LLP, Quinn Emanuel

4

Urquhart Oliver & Hedges LLP, and Jones Day, in their capacity as counsel to the Trustee, the Creditors' Committee, and the Debtors, respectively, including their attorneys, legal assistants, paralegals, and secretarial and other staff; (iv) the Rule 60(b) Movants and BarCap; (v) the Board of Directors, officers and employees of the Securities Investors Protection Corporation ("SIPC") who are involved in the LBI liquidation, but not member firms of SIPC; (vi) Houlihan Lokey Howard & Zukin Capital, Inc. and FTI Consulting Inc. as consultants to the Creditors' Committee; (vii) professional firms or persons retained by BarCap or the Rule 60(b) Movants to provide specialized advice in connection with the Rule 60(b) Motions or the Adversary Complaints, including their staff; (viii) Jenner & Block LLP, in its capacity as counsel to Anton R. Valukas, the Court-appointed Examiner in the Chapter 11 Cases; (ix) outside vendors such as copy services or document management vendors used by BarCap or the Rule 60(b) Movants; (x) the Bankruptcy Court; (xi) other persons upon further order of the Bankruptcy Court or consent of the FRBNY.

6.    In the event a Rule 60(b) Movant or BarCap in good faith believes that providing Highly Confidential materials to a witness or other person providing information to the Rule 60(b) Movant or BarCap would assist that party in litigating the Rule 60(b) Motions or the Adversary Complaints, the Rule 60(b) Movant or BarCap, as the case may be, shall first inform the FRBNY of the identity of the person in question and any entities with which that person is affiliated and provide notice to the FRBNY of the materials the Rule 60(b) Movant or BarCap, as the case may be, seeks to use (except with respect to interviews or depositions of persons who have already seen or received the document at issue, provided that no other parties are present at the interview or deposition who are not entitled to view Highly Confidential information). The parties shall use their best efforts within five business days to allow the use of such material

5

while protecting the FRBNY's need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted or reevaluating whether such material must be protected as "Highly Confidential." In the event the Rule 60(b) Movant/BarCap and the FRBNY cannot resolve an issue concerning the use of Highly Confidential information, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis.

7. During any deposition or interview, if any answer to a question will result in the disclosure of Highly Confidential Discovery Material, counsel for BarCap and the Rule 60(b) Movants shall (or, if counsel for the FRBNY is present, counsel for the FRBNY shall have the option to) require that all persons other than the reporter, counsel, and individuals entitled to view Highly Confidential Discovery Materials leave the room during the confidential portion of the deposition or interview.

8. Counsel for a Rule 60(b) Movant and BarCap shall provide a copy of this Protective Order to a representative of any professional firm or individual who is retained by the Rule 60(b) Movant or BarCap in connection with the present litigation or the Adversary Complaints (the "Permitted Recipients"), and the firm representative or individual, as the case may be, must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the firm or individual receiving any Highly Confidential information.

9. In the event that a Rule 60(b) Movant, BarCap or a Permitted Recipient is required, by interrogatories, subpoena, civil investigative demand, or similar legal process or applicable law or regulation, to disclose any Highly Confidential Discovery Materials, it is agreed that the Rule 60(b) Movant or BarCap and any relevant Permitted Recipient will provide the FRBNY with prompt notice of such event so that the FRBNY may seek a protective order or other appropriate remedy or waive compliance with the applicable provisions of this Stipulation.

In the event that the FRBNY determines to seek such protective order or other remedy, the Rule 60(b) Movant or BarCap and any relevant Permitted Recipient shall not oppose the FRBNY's seeking such protective order or other remedy, provided the terms of the relief sought by the FRBNY will not narrow the scope of this Stipulation.  In the event such protective order or other remedy is not obtained and disclosure of Highly Confidential Discovery Materials is required under law, or the FRBNY grants a waiver hereunder, the Rule 60(b) Movant, BarCap or the relevant Permitted Recipient, as the case may be, (i) may, without liability hereunder, furnish that portion (and only that portion) of the Discovery Materials that the Rule 60(b) Movant, BarCap or the relevant Permitted Recipient is legally required to disclose, and (ii) will exercise its commercially reasonable best efforts to have confidential treatment accorded the Discovery Materials so furnished.

10. The failure to designate any Discovery Material as Highly Confidential does not constitute a waiver of such claim.  If at any time the FRBNY determines or realizes that certain testimony or some portion of Discovery Material that it previously produced should be designated as Highly Confidential, the FRBNY may apprise the Rule 60(b) Movants and BarCap in writing, and such designated testimony or portion of Discovery Material will thereafter be treated as Highly Confidential under the terms of this Stipulation, provided, however, that the FRBNY shall, at its cost, provide the Rule 60(b) Movants and BarCap with substitute copies, bearing the appropriate legend, of any such Discovery Material.

11. All Highly Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions, or other papers filed with the Bankruptcy Court that disclose Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

12. In the event a Rule 60(b) Movant or BarCap objects to any designation of testimony or Discovery Materials as Highly Confidential, the Rule 60(b) Movant or BarCap, as the case may be, shall so inform the FRBNY, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the objection, at the end of which the Rule 60(b) Movant or BarCap, as the case may be, may seek a ruling from the Bankruptcy Court that such information should not be treated as Highly Confidential, provided that no Highly Confidential information shall be filed in the public record prior to such a determination by the Bankruptcy Court, and provided further that the burden shall be on the FRBNY to justify the claim that the disputed material has been properly designated.

13. In the event that the FRBNY inadvertently produces any materials that it determines, in its sole discretion, are irrelevant to the Rule 60(b) Motions or the Adversary Complaints or are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege or protection from disclosure, such materials ("Protected Information") may be retrieved by the FRBNY by giving written notice to the Rule 60(b) Movants and BarCap. Upon receipt of notice that the FRBNY intends to retrieve Protected Information, the Rule 60(b) Movants and BarCap or any other persons who have received a copy of the inadvertently produced materials shall promptly return all copies of those materials to the FRBNY. The terms of this paragraph shall not be deemed a waiver of the Rule 60(b) Movants' and BarCap's right to challenge the FRBNY's designation of materials as Protected Information (provided, however, that any such challenge to the designation may be made only following the return of such identified documents to the FRBNY), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this paragraph be deemed a waiver of, or estoppel as to, any claim asserted by the

FRBNY that the materials in question constitute Protected Information. The Rule 60(b) Movants and BarCap shall not use any inadvertently produced Protected Information, or information gleaned from any inadvertently produced Protected Information, in connection with the present litigation or any related actions, except to challenge a claim that the materials constitute Protected Information.

14. In the event that Highly Confidential Discovery Material is used in any court proceeding in this litigation or any litigation pursuant to the Adversary Complaints or any appeal therefrom, such Discovery Material shall not lose its status as Highly Confidential through such use. At the appropriate time, counsel for the party who seeks to use Highly Confidential Discovery Material shall confer with counsel for the FRBNY on such procedures as are necessary to protect the confidentiality of any documents, information, or transcripts used in the course of any court proceedings, and in the event counsel cannot agree on such procedures, the question shall be submitted to the Bankruptcy Court for resolution.

15. The provisions of this Protective Order shall survive the final disposition of the Rule 60(b) Motions and the Adversary Complaints, including without limitation any appeals therefrom. Within sixty days after receiving notice of an entry of an order, judgment, or decree finally disposing of the Rule 60(b) Motions or the Adversary Complaints, whichever occurs later in time, including the exhaustion of all possible appeals and other review, the Rule 60(b) Movants and BarCap shall either return such materials and all copies thereof (including summaries and excerpts and including all such material provided by a Rule 60(b) Movant or BarCap to any other persons, whether or not in accordance herewith) to counsel for the FRBNY or destroy or cause to be destroyed all such Highly Confidential Discovery Material. Documents that have been received electronically and that cannot be returned or destroyed must be

electronically deleted from "trash" files, and the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Highly Confidential Discovery Material present on the recipient's computer, server, or any backup media.

  16. The Rule 60(b) Movants and BarCap agree to be bound by the terms herein pending the entry of this Protective Order, or an alternative hereto that is satisfactory to the Rule 60(b) Movants, BarCap and the FRBNY, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Bankruptcy Court.

Dated: December 16, 2009
    New York, New York

By: /s/ David Gunton
   David Gunton

**FEDERAL RESERVE BANK
OF NEW YORK**
33 Liberty Street
New York, New York 10045

*Attorneys for Federal Reserve Bank of New York*

By: /s/ William R. Maguire
   William R. Maguire
   Seth D. Rothman
   Neil J. Oxford

**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
*Attorneys for James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

By: /s/ Christopher M. Green
   Christopher M. Green

**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street
Armonk, New York 10504
(914) 749-8200

*Attorneys for Barclays Capital Inc.*

By: /s/ Erica Taggart
   James C. Tecce

**QUINN EMANUEL URQUHART
 OLIVER& HEDGES**
51 Madison Avenue
22nd Floor
New York, NY 10010
212 849-7000

        Erica P. Taggart
        865 South Figueroa Street, 10th Floor
        Los Angeles, California  90017

        *Attorneys for Official Committee of Unsecured Creditors*

By:  /s/ Robert W. Gaffey
      Robert W. Gaffey
      Jayant W. Tambe
      William J. Hine

**JONES DAY**
222 East 41st Street
New York, New York  10017
(212) 326-3939

*Attorneys for Debtors and Debtors in Possession*

**SO ORDERED:**  this 21st day of December, 2009

*s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT

## NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of

_____ and State of _____;

I have read the annexed Protective Order, dated _____, 2009, in the matters entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), and *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) SIPA, which are pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this litigation, any information designated as Highly Confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____