# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
US BANK NATIONAL ASSOCIATION, TRUSTEE "LEHMAN BROTHERS SECURITIZATION NAME-STRUCTURED ASSET INVESTMENT LOAN TRUST",

                      Plaintiff,

-against-

THERESA T. HARRIS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE AND MORTGAGEE OF RECORD; BNC MORTGAGE, INC.; CARNEGIE CAPITAL CORP; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANIST ADJUDICATION BUREAU; "JOHN DOES" and "JANE DOES", said names being fictitious, parties intended being possible tenants or occupants of premises, and corporations, other entities or persons who claim, or may claim, a lien against the premises,

                      Defendants.
-----------------------------------------------------------------x

Index No.: 13493/08

D/O/F: 5/30/08

**SUMMONS**

THE BASIS OF VENUE IS THAT THE PROPERTY IS SITUATED IN SAID COUNTY

2008 MAY 30 P 1:01
QUEENS COUNTY CLERKS OFFICE RECEIVED

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's Attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        <u>NOTICE</u>
    <u>YOU ARE IN DANGER OF LOSING YOUR HOME</u>
<u>If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.</u>
<u>Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.</u>
<u>Sending a payment to your mortgage company will not stop this foreclosure action.</u>
<u>YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.</u>

The following notice is intended only for those defendants who are owners of the premises sought to be foreclosed or who are liable upon the debt for which the mortgage stands as security.

**YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The present amount of the debt as of the date of this summons: $298,274.47 consisting of principal balance of $279,813.85 plus interest of $10,487.57, escrow/impound shortages or credits of $5,372.54, late charges of $1,172.76; Broker's Price Opinion, inspection and miscellaneous charges of $7.75; attorney fee $925.00 and title search $495.00. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive the check, in which event we will inform you.

The name of the creditor to whom the debt is owed: US BANK NATIONAL ASSOCIATION, TRUSTEE "LEHMAN BROTHERS SECURITIZATION NAME- STRUCTURED ASSET INVESTMENT LOAN TRUST".

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt hereof, the debt will be assumed to be valid by the herein debt collector.

If you notify the herein debt collector in writing within thirty (30) days after your receipt hereof that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you by the herein debt collector.

Upon your written request within 30 days after receipt of this notice, the herein debt collector will provide you with the name and address of the original creditor if different from the current creditor.

Note: Your time to respond to the summons and complaint differs from your time to dispute the validity of the debt or to request the name and address of the original creditor. Although you have as few as 20 days to respond to the summons and complaint, depending on the manner of service, you still have 30 days from receipt of this summons to dispute the validity of the debt and to request the name and address of the original creditor.

TO THE DEFENDANTS, except THERESA T. HARRIS: The Plaintiff makes no personal claim against you in this action.

TO THE DEFENDANTS: THERESA T. HARRIS: If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. Even if a discharge has been obtained, this lawsuit

to foreclose the mortgage will continue and we will seek a judgment authorizing the sale of the mortgaged premises.

Dated: May 21, 2008

                                                    Berinda Mallebranche, Esq.
                                                   ROSICKI, ROSICKI & ASSOCIATES, P.C.
                                                   Attorneys for Plaintiff
                                                   2 Summit Court, Suite 301
                                                   Fishkill, New York 12524
                                                   Phone: (845) 897-1600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
US BANK NATIONAL ASSOCIATION, TRUSTEE "LEHMAN BROTHERS SECURITIZATION NAME-STRUCTURED ASSET INVESTMENT LOAN TRUST",

Index No.: 13493/08

D/O/F: 5/30/08

Plaintiff,

COMPLAINT

-against-

THERESA T. HARRIS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE AND MORTGAGEE OF RECORD; BNC MORTGAGE, INC.; CARNEGIE CAPITAL CORP; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANIST ADJUDICATION BUREAU; "JOHN DOES" and "JANE DOES", said names being fictitious, parties intended being possible tenants or occupants of premises, and corporations, other entities or persons who claim, or may claim, a lien against the premises,

Defendants.
----------------------------------------------------------------X

Plaintiff, by its attorney, ROSICKI, ROSICKI & ASSOCIATES, P.C., complaining of the Defendant(s) alleges, upon information and belief as follows:

1. At all times hereinafter mentioned, plaintiff US BANK NATIONAL ASSOCIATION, TRUSTEE "LEHMAN BROTHERS SECURITIZATION NAME-STRUCTURED ASSET INVESTMENT LOAN TRUST" was and still is duly organized and existing under the laws of the State of California.

2. At all times hereinafter mentioned, the defendants were, and still are, residents, corporations and/or bodies politics, duly authorized to reside and/or exist in and under the laws of New York State.

3. On or about July 5, 2005, THERESA T. HARRIS executed and delivered to BNC Mortgage Inc., a certain note bearing date that day, whereby THERESA T. HARRIS covenanted and agreed to pay the sum of $279,840.00, which sum, with interest on the unpaid balance thereof, to be computed from the date of said note, at a rate variable in accordance with the aforesaid instrument, with the initial rate being 10.30 percent per annum, or such other adjusted rate as provided for in said agreement, by payments on August 1, 2005 and thereafter in payments on the like date of each subsequent month subject to change in accordance with changes in interest rate, until said note is fully paid, except that the final payment of principal and interest remaining due, if not sooner paid, shall become due and payable on July 1, 2035.

4. As collateral security for the payment of said indebtedness, the aforesaid defendant(s) THERESA T. HARRIS, also executed, acknowledged and delivered to BNC Mortgage Inc., a mortgage dated July 5, 2005 and recorded in the County of Queens on August 10, 2005 in CRFN:2005000449386. The mortgage tax was duly paid. The aforesaid instruments were assigned to Plaintiff by assignments(s). Plaintiff is still the owner and holder of the aforementioned instrument(s).

Said mortgaged premises being known as and by street address:

150-18 115th Drive, Jamaica, NY 11434, bearing tax map designation:

Block: 12192 Lot(s): 16

which premises are more fully described in Schedule "A," annexed hereto and made a part hereof.

5. Said premises are subject to covenants, restrictions, easements of record, prior mortgages and liens, and amendments thereto, if any; to any state of facts an accurate survey may show; railroad consents and sewer agreements, and to utility agreements, municipal and governmental zoning, rules, regulations and ordinances, if any.

6. The total monthly payment due as of default date to plaintiff is $2,612.06.

7. That the Mortgagors, their successors, assigns and/or transferees, have failed to comply with the terms and conditions of said above named instrument[s] by failing or omitting to pay the installment which became due and payable as of February 1, 2008 and also by failing or omitting to pay the installment which became due and payable each and every month thereafter, to the date hereof, although duly demanded.

8. That the terms of the above described instruments provide: (1) that the whole of said principal sum and interest shall become due at the option of the Mortgagee after default in the payment of any installment of principal or of interest; (2) that upon any default the Mortgagor will pay to the Mortgagee any sums paid for taxes, charges, assessments, and insurance premiums upon said mortgaged premises; (3) that in case of sale under foreclosure, the premises may be sold in one parcel.

9. Pursuant to the terms of said instrument[s] notice of default has been duly given to the defendants if required, and the period to cure, if any, has elapsed and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

10. That the balance of principal due upon said note and mortgage as of the date of said default and as of the time of this Complaint is $279,813.85 plus interest from January 1, 2008.

11. That in order to protect its security, plaintiff may be compelled during the pendency of this action to make repairs to, board, secure, protect and maintain the premises, to pay taxes, assessments, water rates, sewer rentals, insurance premiums, mortgage insurance premiums, if there be any, and other charges affecting the premises, and the plaintiff requests that any sum so paid be added to the sum otherwise due, with interest as provided in the aforesaid instruments, and be deemed secured by said instrument[s] and adjudged a valid lien on the premises hereinabove described.

12. That the plaintiff requests that in the event this action proceeds to Judgment of Foreclosure and Sale, said premises be sold subject to covenants, restrictions and easements, prior mortgages and liens, and amendments, if any, of record; any state of facts an accurate survey may show; restrictions, regulations, ordinances and zoning ordinances of any municipal or governmental authority having jurisdiction thereof; and municipal, departmental and other governmental violations, if any, affecting the premises; and real estate taxes, sewer rents, water charges, if any, open of record.

13. That no other action has been commenced at law or otherwise for the recovery of the sum or any part thereof secured by the said instrument[s].

14. That the defendants all have or claim to have some interest in or lien[s] upon the said mortgaged premises, or some part thereof, which interest or lien[s], if any, has [have] accrued subsequently to the lien[s] of the said mortgage[s] or was in express terms or by law made subject thereto, or has [have] been duly subordinated thereunto.

14a. NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD are defendants being named because they have a lien that predates our purchase money mortgage.

15. That the defendants "JOHN DOES" and "JANE DOES" may be tenants or may be in possession of the aforementioned premises, or may be corporations, other entities or persons who claim, or may claim, a lien against the premises.

16. That the basis for naming any political subdivision, governmental agency or similar body, or the holder of a security interest in either personal property or real property, if any, is set forth as Exhibit "B."

WHEREFORE, plaintiff demands judgment that the defendants and all persons claiming under them subsequent to the filing of the Notice of Pendency of this action in the County of Queens may be forever barred and foreclosed from all right, title, claim, lien and equity of redemption in said mortgaged premises, and each and every part thereof; except the right of the United States of America and its political subdivision, if it or they be a party to this action, to redeem as provided for in the applicable laws; that the said premises may be decreed to be sold according to law; that the amount of principal due the plaintiff on said note and mortgage may be adjudged in the sum of $279,813.85 plus interest from January 1, 2008, and that from the money arising from the sale, plaintiff be paid the amount of $279,813.85 principal due it on said note and mortgage with interest and late charges that may be due and owing to the time of such payment plus the expenses of sale and the costs and expenses of this action, together with any sum which may be paid by the plaintiff for repairs to, boarding, securing, protecting and maintaining the premises, taxes, charges, assessments and insurance premiums upon said mortgaged premises, with appropriate interest thereon so far as such moneys properly applicable

thereto will pay the same; that the defendants THERESA T. HARRIS be adjudged to pay any deficiency which may remain; that a Receiver, upon plaintiff's application therefore, be forthwith appointed for said mortgaged premises for the benefit of the plaintiff, with all powers of receivers in such actions, and that the plaintiff have such other and further relief as may be just and proper in the premises, together with attorney's fees, costs and disbursements of this action.

Dated: May 21, 2008

_____, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
2 Summit Court, Suite 301
Fishkill, New York 12524
(845) 897-1600

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of 115th Drive (formerly Vaughan Avenue) distant 515 feet westerly from the corner formed by the intersection of the southerly side of 115th Drive and the westerly side of 155th Street, formerly Elder Avenue;

RUNNING THENCE southerly parallel with the westerly side of 155th Street, 100 feet;

THENCE westerly parallel with the southerly side of 115th Drive, 20 feet;

THENCE northerly again parallel with the westerly side of 115th Street, 100 feet, to the southerly side of 115th Drive;

THENCE easterly along the southerly side of 115th Drive, 20 feet to the point or place of BEGINNING.