# Exhibit B

X07/20570 JUDGMENT OF FORECLOSURE AND SALE, BILL OF COSTS, AFFTS, REFEREE'S OATH (Page 1 of 1)

**ORIGINAL**

SEQUENCE NO. 2

IAS Term __ of the Supreme Court of the State of New York, held in and for the County of QUEENS, at the Courthouse thereof located at 88-11 Sutphin Blvd., Jamaica, New York 11435, on the 14TH day of JULY, 2008.

PRESENT:

Hon.

Justice   HON. AUGUSTUS C. AGATE

------------------------------------------------x
PROPERTY ASSET MANAGEMENT INC.,

                 Plaintiff,

   -against-

DARELL BROWN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE AND MORTGAGEE OF RECORD; BNC MORTGAGE, INC.; ADRIENNE Z. HAYNES; STATE FARM INSURANCE COMPANY ASO; LVNV FUNDING, LLC ASSIGNEE OF BANK OF AMERICA;; CRIMINAL COURT CITY OF NEW YORK; NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY TRANSIT ADJUDICATION BUREAU;.

                 Defendants.
------------------------------------------------x

Index No.:20570/07

JUDGMENT OF FORECLOSURE AND SALE



2008 JUL 23 AM 8:24
QUEENS COUNTY CLERK FILED

ON the Summons, Complaint, and Notice of Pendency duly filed in this action in the Office of the County Clerk of the County of Queens on August 17, 2007; and all proceeding had thereon; and upon the affirmation of regularity of Daniel B. Wade, Esq., of Rosicki, Rosicki & Associates, P.C., dated June 16, 2008, with exhibits annexed, showing that all Defendants herein have been duly served within this State with the Summons in this action, or have voluntarily appeared by their respective attorneys; and on proof of service upon and appearance

by the Defendant(s) herein heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendants were so served; and that none of the Defendants has served an Answer to said Complaint, nor has their time to do so been extended and upon the affirmation of services rendered of Daniel B. Wade, Esq. dated June 16, 2008 and

On the Order of Reference dated January 17, 2008 appointing Richard L. Lonschen as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agent under oath as to the allegations contained in the Complaint, and to examine and report whether the mortgaged premises should be sold in one or more parcels; and on reading and filing the Oath and Report of the aforesaid Referee sworn to and dated May 4, 2008, it appears that the sum of $415,281.58 was due to Plaintiff, as of August 30, 2007, plus a per diem interest for every day thereafter on the date of said report and that the mortgaged premises should be sold in one parcel, and after due deliberation having been had thereon;

NOW, upon motion of **ROSICKI, ROSICKI & ASSOCIATES, P.C.**, attorneys for plaintiff herein, it is

ORDERED, that the motion is granted without opposition; and it is further

ORDERED, ADJUDGED AND DECREED, that the report of Richard L. Lonschen, dated May 4, 2008, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the caption be amended to add defendant MRC RECOVERABLES as a party defendant in this action, that the caption be amended to read as follows:

---------------------------------------------------------------x
PROPERTY ASSET MANAGEMENT INC.,          Index No.:

                     Plaintiff,          D/O/F:

-against-

DARELL BROWN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE AND MORTGAGEE OF RECORD; BNC MORTGAGE, INC.; ADRIENNE Z. HAYNES; MRC RECOVERABLES; STATE FARM INSURANCE COMPANY ASO; LVNV FUNDING, LLC ASSIGNEE OF BANK OF AMERICA; CRIMINAL COURT CITY OF NEW YORK; NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY TRANSIT ADJUDICATION BUREAU,

Defendants.
----------------------------------------------------------------x

And it is further

**ORDERED, ADJUDGED AND DECREED**, that the mortgaged premises described in the Complaint in this action, and hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt under the note and mortgage, the expenses of sale and the costs of this action as provided by the Real Property Actions and Proceedings law be sold, in one parcel, at public auction at the QUEENS COUNTY SUPREME COURT, located at 88-11 SUTPHIN BOULEVARD, JAMAICA, NEW YORK, IN COURTROOM #25, AT 11:00 A.M. ON A FRIDAY, by and under the direction of Richard L. Lonschein, who is hereby appointed Referee for that purpose; in the absence of the designated Referee, the Court will designate a substitute Referee forthwith; that said Referee give public notice of the time and place of such sale in accordance with law, practices of this Court and R.P.A.P.L sec. 231 in _New York Newsday_ and that Plaintiff or any other parties to this action may become the purchaser or purchasers at the said sale; that in case the Plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that aid Referee execute to the purchaser or purchasers on such sale a deed of the premises sold;

that in the event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee, upon receiving the proceeds of sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in HSBC — [illegible] and shall thereafter make the following payments, and his/her checks drawn for that purpose shall be paid by said depository:

FIRST:    The statutory fee of the Referee in the sum of $500.00 ~~in the event a scheduled sale is cancelled or postponed pursuant to CPLR § 8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.~~

SECOND:    The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

THIRD: Said Referee shall also pay to plaintiff, or to ROSICKI, ROSICKI, AND ASSOCIATES, P.C., its attorneys, the sum of $1,839— to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest thereon from the date hereof; together with an additional allowance of $300.00 hereby awarded to the Plaintiff in addition to costs with interest thereon from the date hereof, and also the sum of $415,281.58 the said amount so reported due, together with interest thereon from August 30, 2007, the date interest was calculated to in said report, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances necessarily paid by the Plaintiff for taxes, fire insurance, principal and interest to prior mortgages to preserve and or maintain the premises not previously included in any computations, upon presentation of receipts for said expenditures to the Referee, together with $1,800.00 hereby awarded to the Plaintiff as reasonable legal fees herein, together with any advances as provided for in the note and mortgage, which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage.

FOURTH: If such Referee intends to apply for a further allowance for his/her fees, he/she may leave upon deposit such amount as will cover such additional allowance,

to await the further order of this Court thereon after application duly made upon due notice to those parties entitled thereof;

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers, or its assignee at said sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff, or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or, in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified in item marked "THIRD;" that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee, upon receiving said several amounts from the Plaintiff, shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff, or the attorneys for the Plaintiff, for the amounts paid as directed in item "THIRD" above, and file it with his/her report of sale; that

he/she deposit the surplus monies, if any, with the Queens County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser, and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the said Referee shall specify the amount of such deficiency in his/her report of sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior, liens of record, if any, except those liens

addressed in section 1354 of the Real Property Actions and Proceedings Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale; and it is further

**ORDERED,** that a copy of the Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

Said premises commonly known as 116-69 233rd Street, Cambria Heights, New York, bearing tax map designation: Block: 11334; Lot: 11. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A."

Dated:

IN THE ABSENCE OF THE DESIGNATED
REFEREE, THE COURT WILL DESIGNATE
A SUBSTITUTE REFEREE FORTHWITH

E N T E R:

_____
Justice of the Supreme Court

QUEENS COUNTY CLERK
FILED
2009 JUL 23 AM 8:24
RECORDED

Title Number LLS-0782-06

Schedule A Description

Page 1

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, being known as Lots Nos. 27 and 26 and the Southerly 1/2 of Lot No. 25 in Block 4 on the Map of Melvin Manor, filed 8/27/1926 as Map No. 4962, more particularly bounded and described as follows:

BEGINNING at a point on the Easterly side of 233rd Street, distant 100 feet Northerly from the corner formed by the intersection of the Easterly side of 233rd Street with the Northerly side of Linden Boulevard (Foch Boulevard) (formerly known as Central Avenue);

RUNNING THENCE Easterly at right angles to 233rd Street, 100 feet;

THENCE Northerly parallel with 233rd Street, 50 feet;

THENCE Westerly and again at right angles to 233rd Street, 100 feet to the Easterly side of 233rd Street;

THENCE Southerly along the Easterly side of 233rd Street, 50 feet to the point or place of BEGINNING.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
PROPERTY ASSET MANAGEMENT INC.,
                                Plaintiff,

      Index No.: 20570/07

    -against-

      COSTS OF PLAINTIFF

DARELL BROWN, et al.,
                         Defendants.
-----------------------------------------------------------------x

Costs before Notes of Issue filed,
CPLR '8201(1)......................................$ 200.00

Additional Allowance by Statute - CPLR §8302(a)(b):

addl.(not exceeding $200) $200 at 10%...$20.00
addl.(not exceeding $800) $800 at 5%...$40.00
" (not exceeding $2000) $2000 at 2%...$40.00
" (not exceeding $5000) $5000 at 1%...$50.00........$ 150.00

WITHIN COSTS TAXED WITHOUT NOTICE
AT $ 1,839 —

JUL 23 2008

COUNTY CLERK QUEENS COUNTY

Additional Allowance by Statute - CPLR §8302(d)........$ 50.00

### FEES AND DISBURSEMENTS

Fee for Index Number and Filing Lis Pendens
CPLR 8018(a), 8021(a)(12)..............................$ 245.00
Paid for searches......................................$ 620.00  275 —
Serving copy of summons and complaint
CPLR 8011(c), 8301(d).................................$ 1,140.00  680 —
Request for Judicial Intervention......................$ 95.00
Referee's fee (CPLR 8301(a)(1), 8003(a))...............$ 50.00
Certified copy of judgment.............................$ 4.00
Motion fees............................................$ 90.00

                                                            $2,464.00  1839 —

Taxed at $ _____ this _____ day of _____, 2008.

                                                            _____
                                                                   Clerk