Presentment Date and Time: December 31, 2009 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: December 31, 2009 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                                         :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :    08-13555 (JMP)
                                                                  :
                            Debtors.                              :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x
                                                                  :
**In re**                                                         :
                                                                  :
**LEHMAN BROTHERS INC.,**                                         :    08-01420 (JMP) SIPA
                                                                  :
                            Debtor.                               :
                                                                  :
------------------------------------------------------------------x

**NOTICE OF AMENDED CONFIDENTIALITY
STIPULATION AND PROTECTIVE ORDER BY
AND BETWEEN BARCLAYS CAPITAL INC., LEHMAN BROTHERS
HOLDINGS, INC., WEIL, GOTSHAL & MANGES LLP, THE TRUSTEE FOR
THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC., AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS, INC.**

**PLEASE TAKE NOTICE** that the undersigned will present the attached Confidentiality Stipulation and Protective Order Among Barclays Capital Inc., Lehman Brothers Holdings, Inc., Weil, Gotshal and Manges LLP ("WGM"), the Trustee for the SIPA Liquidation of Lehman Brothers Inc., and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (the "Stipulation and Proposed Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on December 31, 2009, at 12:00 p.m.

**PLEASE TAKE FURTHER NOTICE** that the Stipulation and Proposed Order amends and replaces the Confidentiality Stipulation and Protective Order Among Barclays Capital Inc., Lehman Brothers Holdings, Inc., and Weil, Gotshal & Manges LLP [Docket No. 5714], filed by WGM on November 4, 2009.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Stipulation and Proposed Order must be made in writing and received in the Bankruptcy Judge's chambers and by the undersigned by not later than 10:00 a.m. on December 31, 2009. Unless objections are received by that time, the Order may be signed.

Dated: December 22, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                                                 :

In re                                                        :     Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (JMP)

                          Debtors.                    :     (Jointly Administered)

------------------------------------------------------------x

In re                                                        :

LEHMAN BROTHERS INC.,                 :     08-01420 (JMP)

                          Debtor.                    :

------------------------------------------------------------x

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER BY AND BETWEEN BARCLAYS CAPITAL INC., LEHMAN BROTHERS HOLDINGS, INC., WEIL, GOTSHAL & MANGES LLP, THE TRUSTEE FOR THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC., AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS, INC.

      This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Barclays Capital Inc. and its affiliates ("Barclays"), (b) Lehman Brothers Holdings, Inc. ("LBHI"), (c) Weil, Gotshal & Manges LLP ("WG&M"), (d) James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended, ("SIPA"), 15 U.S.C. §§ 78aaa et seq., and (e) the Official Committee of Unsecured Creditors of LBHI (the "Committee").

      WHEREAS, commencing on September 15, 2008, LBHI and its affiliated debtors (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the

Southern District of New York (the "Bankruptcy Court" or "Court") (Case Nos. 08-13555 and 08-13600, such cases, the "Chapter 11 Cases"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on September 16, 2008, LBHI, LBI, and LB 745 LLC entered into an Asset Purchase Agreement (and any amendments, clarifications, or modifications thereto, including that certain Clarification Letter dated September 20, 2008, the "Purchase Agreement") with Barclays;

WHEREAS, on or about September 17, 2008, the Debtors filed the Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets (the "Sale Motion");

WHEREAS, on or about September 19, 2008, a proceeding was commenced under SIPA with respect to LBI, and James W. Giddens was appointed as Trustee under SIPA to administer LBI's estate (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

WHEREAS, on September 20, 2008, the Bankruptcy Court granted the Debtors' Sale Motion and entered an order (the "LBHI Sale Order") approving the Purchase Agreement and the various transactions contemplated therein in the Chapter 11 Cases;

WHEREAS, on September 20, 2008, the Bankruptcy Court also entered an order approving and incorporating by reference the LBHI Sale Order in the SIPA Proceeding (together with the LBHI Sale Order, the "Sale Orders"), thereby authorizing the Trustee to consummate the sale transaction on behalf of LBI pursuant to the Purchase Agreement;

WHEREAS, on May 18, 2009, the Debtors moved for entry of an order pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 2004 authorizing discovery concerning transactions related to the Purchase Agreement;

WHEREAS, on September 15, 2009, the Debtors filed a motion, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60 and Fed. R. Bankr. P. 9024, for an order modifying the LBHI Sale Order ("LBHI's Rule 60 Motion");

WHEREAS, on September 15, 2009, the Trustee filed a motion, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, seeking certain limited relief from the Sale Orders (the "Trustee's Rule 60 Motion");

WHEREAS, on September 15, 2009, the Committee filed a motion pursuant to, *inter alia*, Fed. R. Civ. P. 60 (together with LBHI's Rule 60 Motion and the Trustee's Rule 60 Motion, the "Rule 60 Motions");

WHEREAS, on September 23 and October 12, Barclays served subpoenas on WG&M seeking documents and information concerning LBHI's Rule 60 Motion (all documents and information provided henceforward by WG&M to Barclays or LBHI in connection with LBHI's Rule 60 Motion, the "Discovery Material" or "Discovery Materials");

WHEREAS, on November 16, 2009, LBHI, the Trustee and the Committee served adversary complaints (Civ. Nos. 09-01731, 09-01732, and 09-01733, respectively, collectively referred to as the "Adversary Complaints"), naming Barclays as defendant;

WHEREAS, WG&M has requested, and Barclays, LBHI, the Trustee and the Committee have agreed, that the Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, Barclays, LBHI, WG&M, the Trustee and the Committee have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1.  This Stipulation governs the production and/or provision of Discovery Materials as that term is defined herein, and does not affect, amend or modify any existing confidentiality agreements among, or protective orders applicable to, Barclays, LBHI, WG&M, the Trustee or the Committee.

2.  WG&M may designate any Discovery Material as "Confidential" under the terms of this Stipulation if WG&M reasonably believes in good faith that such Discovery Material contains or constitutes non-public proprietary, personal, highly confidential or commercially sensitive information, including, but not limited to, non-public information about employee compensation, tax data, personal financial information, information constituting confidential research or business development, or proprietary, financial, technical or commercial information that requires the protections provided in this Stipulation ("Confidential Discovery Material" or "Confidential Discovery Materials"). WG&M shall not designate as Confidential material that relates to subject matters addressed in the Rule 60 Motions that were the subject of LBHI's September 24, 2009 joinder to Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc., et al., pursuant to 11 U.S.C. §§ 105(A) and 107(A), to Unseal Motions for relief from September 20, 2008 Sale Order (and Related SIPA Sale Order).

3.  Discovery Materials, or information derived therefrom, shall be used solely for purposes of the Rule 60 Motions and the Adversary Complaints and shall not be used for any other purpose.

4.  For purposes of this Stipulation, WG&M will designate any Discovery Material as "Confidential" in the following manner, provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and WG&M may so designate a document promptly after such document has been produced, pursuant to paragraph 10 herein, with the effect that such document is subject thereafter to the protections of this Stipulation:

a.  in the case of paper documents or other paper materials (apart from depositions or other pretrial testimony) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material;

b.  in the case of electronically stored information produced in electronic form, by affixing to the physical media on which any such information is produced the legend "Confidential" or the legend "Contains Confidential Information" and by (i) indicating in writing, at the time of such production, what portions of the electronically stored information are Confidential, or (ii) affixing, by electronic means, to each electronic document or other electronically stored information the legend "Confidential;"

5.  Discovery Materials that have been designated Confidential shall be maintained in confidence and, although such Confidential Discovery Materials may be shared between and among counsel for Barclays or LBHI without providing notice to WG&M, they shall not be shared by counsel for Barclays or LBHI with any person other than: (i) WG&M's members and employees at their depositions or interviews (provided that no other parties are present at the interview or deposition who are not entitled to see Confidential information); (ii) persons who have lawfully already seen or received the document(s) at issue (provided that no other parties are present at the interview or deposition who are not entitled to see Confidential information); (iii) Boies, Schiller & Flexner LLP, Cleary Gottlieb Steen & Hamilton LLP, and Sullivan &

Cromwell LLP, in their capacity as counsel to Barclays, including their attorneys, legal assistants, paralegals, secretarial, and other staff; (iv) Jones Day, in its capacity as counsel to LBHI, including Jones Day attorneys, legal assistants, paralegals, secretarial, and other staff; (v) the Trustee; (vi) Hughes Hubbard & Reed LLP ("Hughes Hubbard"), in its capacity as counsel to the Trustee, including Hughes Hubbard's attorneys, legal assistants, paralegals, secretarial, and other staff; (vii) the Committee; (viii) Quinn Emanuel Urquhart Oliver & Hedges ("Quinn Emanuel"), in its capacity as counsel to the Committee, including Quinn Emanuel's attorneys, legal assistants, paralegals, secretarial, and other staff; (ix) the Board of Directors, officers and employees of the Securities Investors Protection Corporation ("SIPC") involved in LBI's liquidation, but not member firms of SIPC; (x) Anton R. Valukas, the Examiner appointed pursuant to Section 1104(c)(2) of the Bankruptcy Code on January 19, 2009 (the "Examiner"); (xi) Jenner and Block LLP ("Jenner"), in its capacity as counsel to the Examiner, including Jenner's attorneys, legal assistants, paralegals, secretarial, and other staff; (xii) attorneys and staff employed by Barclays or LBHI as in house counsel and reporting directly to Barclays or LBHI's General Counsels, including in house counsel attorneys, legal assistants, paralegals, secretarial, and other staff; (xiii) professional firms or persons as are retained by Barclays, LBHI, the Trustee or the Committee to provide specialized advice in connection with the Rule 60 Motions or the Adversary Complaints; (xiv) outside vendors such as copy services or document management vendors used by Barclays, LBHI, the Trustee or the Committee in connection with the Rule 60 Motions or the Adversary Complaints; (xv) the Bankruptcy Court (in accordance with paragraph 12); (xvi) a witness or other person providing information to Barclays, LBHI, the Trustee or the Committee in connection with the Rule 60 Motions or the Adversary Complaints, subject to the provisions of paragraph 6 (provided that no other parties are present at the

interview or deposition who are not entitled to see Confidential information); and (xvii) other persons upon further order of the Court or consent of WG&M (provided that no other parties are present at the interview or deposition who are not entitled to see Confidential information).

6. No Discovery Materials shall be provided to an individual who is included in paragraph 5(xvi), until counsel for Barclays, LBHI, the Trustee or the Committee has provided such person with a copy of this Protective Order and such person has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto. Within two business days from the date on which the Discovery Materials are provided to an individual included in paragraph 5(xvi), counsel for Barclays, LBHI, the Trustee or the Committee shall inform WG&M of the identity of the person in question, identifying any entities with which that person is affiliated, and the materials that were provided to that person. Discovery Materials may only be provided to an individual or entity included in the categories defined in sub-paragraphs 5(ii), (ix), (x), (xi), (xiii), (xiv) and (xvii) after counsel for Barclays, LBHI, the Trustee or the Committee has provided such individual or entity with a copy of this Protective Order and such individual or entity has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto.

7. If Confidential materials are utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for Barclays, LBHI, the Trustee or the Committee (or, if counsel for WG&M is present, by counsel for WG&M) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

8. Counsel for Barclays, LBHI, the Trustee or the Committee shall provide a copy of this Protective Order to a representative of any professional firm or individual who is retained by

Barclays, LBHI, the Trustee or the Committee in connection with the Rule 60 Motions or the Adversary Complaints (collectively, the "Permitted Recipients", and each a "Permitted Recipient"), and the firm representative or individual, as the case may be, must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the firm or individual receiving any Discovery Materials.

9.     In the event that Barclays, LBHI, the Trustee, the Committee or a Permitted Recipient is required, by interrogatories, subpoena, civil investigative demand or similar legal process or applicable law or regulation, to disclose any of the Confidential Discovery Materials, it is agreed that Barclays, LBHI, the Trustee or the Committee, and any relevant Permitted Recipient will provide WG&M with prompt notice of such event so that WG&M may seek a protective order or other appropriate remedy or waive compliance with the applicable provisions of this Stipulation. In the event that WG&M determines to seek such protective order or other remedy, Barclays, LBHI, the Trustee or the Committee and any relevant Permitted Recipient will not oppose WG&M's seeking such protective order or other remedy, provided the terms of the protective order WG&M seeks will not narrow the scope of this Stipulation. In the event that such protective order or other remedy is not obtained and disclosure of the Confidential Discovery Materials is required under law, or WG&M grants a waiver hereunder, Barclays, LBHI, the Trustee, the Committee and/or the relevant Permitted Recipient, as the case may be, (i) may, without liability hereunder, furnish that portion (and only that portion) of the Discovery Materials which they are legally required to disclose, and (ii) will exercise its commercially reasonable efforts to have confidential treatment accorded the Discovery Materials so furnished.

10.    If at any time WG&M determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as

Confidential, WG&M may apprise Barclays, LBHI, the Trustee or the Committee in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Confidential under the terms of this Stipulation, provided, however, that WG&M shall, at its cost, provide substitute copies, bearing the appropriate legend, of any such Discovery Materials.

11.     All Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential Discovery Materials shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

12.     In the event Barclays or LBHI objects to any designation of testimony or Discovery Materials as Confidential, Barclays or LBHI shall so inform WG&M, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the objection, at the end of which Barclays and/or LBHI may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential, provided that no Confidential information shall be filed in the public record before such a determination by the Court, and provided further that the burden shall be on WG&M to justify the claim that disputed material has been properly designated.

13.     In the event that WG&M inadvertently produces any materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege or protection from disclosure, such privileged or protected materials may be retrieved by WG&M by giving written notice to Barclays, LBHI, the Trustee and/or the Committee. This notice must be provided within ten (10) business days of the date on which WG&M becomes aware of the inadvertent production. Upon receipt of such notice, Barclays, LBHI, the Trustee, the Committee and/or other persons who

have received a copy of the inadvertently produced materials shall promptly return any and all copies of those materials to WG&M. The terms of this Paragraph shall not be deemed a waiver of a party's right to challenge WG&M's designation of materials as privileged or protected (provided, however, that any such challenge to the designation may only be made following the return of such identified documents to WG&M), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this Paragraph be deemed to be a waiver of, or estoppel as to, any claim of privilege or protection asserted by WG&M. No party to this Stipulation shall use any inadvertently produced privileged or protected materials, or information gleaned from any inadvertently produced privileged or protected materials, in connection with the present litigation or any related actions except to challenge a claim that the materials are privileged or protected.

14.     In the event additional parties join or are joined in the present litigation, they shall not have access to Discovery Material until the newly-joined party(ies) by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

15.     Barclays, LBHI, the Trustee and the Committee agree to be bound by the terms of this Stipulation pending the entry of this Stipulation by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court.

16.     Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Rule 60 Motions or the Adversary Complaints, whichever occurs later in time, including the exhaustion of all possible appeals and other review, all persons having received Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to WG&M or destroy all such Discovery Material

and certify that fact to WG&M. Documents that have been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files, and the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Discovery Material resident on the recipient's computer, server and/or back-up media.

17.     The provisions of this Stipulation shall, absent written permission of WG&M or further order of the Court, continue to be binding throughout and after the conclusion of the Rule 60 Motions and the Adversary Complaints, including without limitation any appeals therefrom.

Dated: December 21, 2009
New York, New York

By: /s/ Hamish Hume /alw
Jonathan D. Schiller
Hamish P.M. Hume
Jack G. Stern
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2300

Counsel for Barclays Capital Inc.

By: /s/
Jonathan D. Polkes
Richard J. Davis
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

By: /s/
James C. Tecce
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue 22nd Floor
New York, NY 10010
(212) 849-7000

Counsel to the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc.

**SO ORDERED:**

Dated:   New York, New York
              _____, 2009

By: /s/
    Robert W. Gaffey
JONES DAY
222 East 41st Street
New York, NY 10017
(212) 326-3939

Special Counsel to Lehman Brothers Holdings Inc.

By: /s/
William R. Maguire
Seth D. Rothman
Neil J. Oxford
HUGHES, HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000

Counsel to James W. Giddens, trustee for the SIPA liquidation of Lehman Brothers Inc.

_____
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Confidentiality Stipulation and Protective Order among Barclays Capital Inc., Lehman Brothers Holdings, Inc., Weil, Gotshal and Manges LLP, the trustee for the SIPA liquidation of Lehman Brothers Inc, and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc., dated _____, 2009, in the matters entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), and *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP), which are pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for purposes of the Rule 60 Motions and the Adversary Complaints, any Discovery Materials, or information derived therefrom.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____