# Exhibit B

#3453

ORIGINAL

Ex-Parte

At an IAS Term ____, Part ____ of the Supreme Court of the State of New York, held in and for the County of Suffolk, at the Courthouse thereof located at 235 Griffing Avenue, Riverhead, New York 11901, on the 6th day of January, 2009.

Hon. Denise F. Molia
       Justice

-------------------------------------------------------------x
U.S. BANK, N.A., TRUSTEE FOR BNC
MORTGAGE LOAN TRUST 2007-1,

Index No.:18427/07

Plaintiff,

-against-

JUDGMENT OF
FORECLOSURE AND SALE

RYAN ROGG; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE
AND MORTGAGEE OF RECORD; BNC
MORTGAGE, INC.;

Premises Address:
4 Carnaby Avenue
Coram, NY 11727

MAY 02 2008

ENTERED: JAN 1 4 2008
AT 3:08 PM

Judith A. Pascale
Suffolk County Clerk

Defendants.
-------------------------------------------------------------x

Upon the reading of the Affirmation of Daniel B. Wade, Esq., of Rosicki, Rosicki & Associates, P.C., signed on April 29, 2008, the Summons, Verified Complaint and Notice of Pendency of Action filed on June 20, 2007, and proof that all defendants have been duly served and the affidavits of service were duly filed with the Clerk of the Court, and more particularly referred to in the Affirmation of Regularity of Anne C. Wojewoda, Esq, signed on September 9, 2007, from which Affirmation it appears that this is an action to foreclose a mortgage upon real property situate within the territorial jurisdiction of this Court; that the whole amount thereon, as alleged in the Verified Complaint, is presently due and owing, with interest thereon, as therein alleged; and upon the prior Order of this Court appointing a Referee to ascertain and compute the amount due the plaintiff, and to examine and report whether the mortgaged premises can be sold in one parcel, by which report, filed

simultaneously herewith, the Referee has reported that the sum of $304,217.63 is due and owing to plaintiff as of July 15, 2007; and that the mortgaged premises should be sold in one parcel; that the time for each defendant to answer or move with respect to the Complaint has expired; that none of the defendants is an infant, incompetent or absentee, and that all defendants are in default except , who appeared and waived notice of this application; and the same having regularly come on to be heard before this Court, and after due deliberation;

NOW, on motion of **ROSICKI, ROSICKI & ASSOCIATES, P.C.**, attorneys for plaintiff, it is

**ORDERED, ADJUDGED AND DECREED**, that the motion is granted and the report of the Referee is hereby confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the mortgaged premises described in the Verified Complaint, as hereinafter described, be sold in one parcel, subject to any real estate taxes, assessments, water rents and sewer rents, unless same are due and payable on the date of sale, or any adjourned date thereof, irrespective of the date upon which same have become or may be a lien upon the said premises; prior mortgages, liens and judgments of record, if any, zoning restrictions and any amendments thereto, according to law, and now in force; subject to the state of facts an accurate survey may show; covenants, restrictions, agreements, reservations and easements of record, if any, and to any and all violations thereof; any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are located, and violations, and/or liens of same, including, but not limited to, reapportionment of lot lines, and vault charges, if any; any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violations of the same; the physical condition of any buildings or structure on the premises as the date of sale hereunder;

rights of tenants or occupants in possession, if any; the rights of any defendants pursuant to CPLR §317, 2003 and 5015, if any; and other conditions as set forth in the terms of sale; any sale to be held hereunder will be subject to the rights of the United States of America to redeem, if any; at public auction at _Brookhaven Town Hall One Independence Hill Farmingville_ by and under the direction of Sheldon D. Katz; that said Referee give public notice of the time and place of said sale according to law and the practice of this Court in the _PORT TIMES RECORD_ _____, that the plaintiff or any other party to this action may become the purchaser at such sale; that in the event the plaintiff shall become the purchaser at said sale, it shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchaser(s) on such sale a deed or deeds of the premises sold; that all deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser; that the Referee on receiving the proceeds of sale shall forthwith pay therefrom the taxes, assessments, water rates and sewer rents or environmental liens which are liens on the premises and are due and payable, as of the date of sale with such interest or penalties which may lawfully have accrued thereon to the day of payment; that the Referee then deposit the balance of the proceeds of this sale in his own name as Referee in _WASHINGTON MUTUAL BANK any branch,_ and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the said depository, to wit:

FIRST: The Referee shall pay a sum not exceeding $500.00, the amount allowed by CPLR §8003, to the said Referee as his fee herein;

SECOND: The Referee shall pay the expenses of the sale and advertising expenses as shown on bills presented and certified by the said Referee to be correct.

THIRD: The Referee shall pay to plaintiff or his attorney the sum of $304,217.63, being the amount due as aforesaid, together with interest to the date of the sale directed herein

or to the date of the delivery of the Referee's Deed, whichever is later, or so much thereof as the purchase money will pay of the same.

FOURTH: The Referee shall pay the sum of $ _1994.-_ , as taxed by the Clerk of the Court and hereby adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date hereof, together with such advances as the plaintiff shall have made for mortgage insurance premiums, fire and other casualty insurance, and such other expenses incurred, including but not limited to repairs, maintenance, boarding and securing the premises, and payments on account of prior mortgages, if any, with interest at the contract rate thereon, for the protection of the said premises, or so much thereof as the purchase money of the mortgaged premises will pay the same; together with an additional allowance of $300.00, hereby awarded to plaintiff in addition to the costs and disbursements, with interest thereon from the date hereof; together with the sum of $1,800.00 for Plaintiff's attorney's fees and expenses which sum shall be added to and made a part of the judgment herein; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee at the time of sale shall accept a written bid from the plaintiff or the plaintiff's attorney, just as though plaintiff were physically present to submit said bid, and it is further

ORDERED, ADJUDGED AND DECREED, that the referee shall conduct the foreclosure sale only if plaintiff, its successors and/or assigns, or its representative is present at the sale or the referee has received a written bid and Terms of Sale from plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED, that in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser, or its

assignee, shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, water rents and sewer rents, and interest or penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof; or an affidavit by plaintiff setting forth that payment has been made; provided however plaintiff shall not be required to pay said taxes, assessments, water rents and sewer rents, unless same are due and payable on the date of sale, or any adjourned date thereof, irrespective of the date upon which same have become or may be a lien upon the said premises; that the balance of the amount bid, after deduction therefrom of the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses and taxes, assessments, water rates and sewer rents, shall be allowed to the plaintiff and applied by the Referee upon the amounts due to the plaintiff as specified above in items marked "THIRD" and "FOURTH;" that if, after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the Referee upon delivery to it of the said Referee's deed, the amount of such surplus; that the Referee on receiving said amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, water rates, sewer rents, and interest or penalties thereon, unless the same shall have already been paid, the Referee shall then deposit the balance in said depository as hereinabove directed; and it is further

ORDERED, that by accepting this appointment, the referee certifies that she/he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36) including, but not

limited to Section 36.2(c) ("Disqualification from Appointment") and Section 36.2(d) ("Limitations on Appointments Based on Compensation"); and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee take the receipts for the money so paid out by him, and file it with the Report of Sale; that he deposit the surplus monies, if any, with the _Suffolk County Treasurer_ within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the Order of this Court; that the Referee shall make a report of such sale and file it with the Clerk of the County in which this action is pending, within thirty (30) days pursuant to apar 1355 ~~with all convenient speed~~; and it is further

ORDERED, ADJUDGED AND DECREED, that if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff with the expenses of the sale, advances, attorney's fees, interest, costs and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in his Report of Sale and that the plaintiff recover of the defendant(s) RYAN ROGG the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied, after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law, and the amount thereof determined and awarded by an Order of this Court as provided for in said section; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser(s) at said sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants, in this action and all persons by, through or claiming under them or any or either of them, after the filing of the Notice of Pendency of this action, be and they hereby are forever barred and

foreclosed of all right, claim, lien, title, interest and equity of redemption in said mortgaged premises, and each and every part thereof.

A description of the real property under foreclosure is annexed as Schedule "A."

Said premises being known as and by street address: 4 Carnaby Avenue, Coram, New York and bearing tax map designation: District:0200 Section: 260.00 Block: 03.00 Lot: 036.001.

Dated:

E N T E R

_____
J.S.C.

_____
Judith A. Pascale

GRANTED
JAN 06 2011
JUDITH A. PASCALE
Clerk of Suffolk County

FILED
JAN 14 2009

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

Schedule A

Title Number: 07-017039

---

ALL THAT CERTAIN PLOT, PIECE, OR PARCEL OF LAND, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as Lot Numbers 1, 2, 3, 11, 12 and part of 13, in Block C on a certain map entitled, "Map of Gramercy Park, Plate 3, First Addition," and filed in the office of the Clerk of the County of Suffolk on October 21, 1926 as Map Number 94, more particularly bounded and described as follows:

BEGINNING at a concrete monument set at the corner formed by the intersection of the southerly side of Amber Lane (Third Street) and the westerly side of Carnaby Avenue (Willoughby Avenue);

RUNNING THENCE South 6 degrees 00 minutes 00 seconds East, along said westerly side of Carnaby Avenue, 150.00 feet to a stake;

THENCE South 84 degrees 00 minutes 00 seconds West, 100.00 feet to a stake;

THENCE North 6 degrees 00 minutes 00 seconds West, 50.00 feet to a stake;

THENCE North 84 degrees 00 minutes 00 seconds East, 40.00 feet to a stake;

THENCE North 6 degrees 00 minutes 00 seconds West, 100.00 feet to a stake and the southerly side of Amber Lane;

THENCE North 84 degrees 00 minutes 00 seconds East, along said southerly side of Amber Lane, 60.00 feet to the corner at the point or place of BEGINNING.

District:   0200    Section:    260.00    Block:    03.00    Lot:    036.001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------x
U.S. BANK, N.A., TRUSTEE FOR BNC MORTGAGE
LOAN TRUST 2007-1,

                    Plaintiff,           Index No.: 18427/07

-against-

                              **COSTS OF PLAINTIFF**

RYAN ROGG, et al.,

                  Defendants.
----------------------------------------x

Costs before Note of Issue filed,
CPLR §8201(1).................................................$200.00

Additional Allowance by Statute - CPLR §8302(a)(b):

addl.(not exceeding $200) $200 at 10%...$20.00
addl.(not exceeding $800) $800 at 5%...$40.00
" (not exceeding $2000) $2000 at 2%...$40.00
" (not exceeding $5000) $5000 at 1%...$50.00............$150.00

Additional Allowance by Statute - CPLR §8302(d)........$50.00

### FEES AND DISBURSEMENTS

Fee for Index Number and Filing Lis Pendens
CPLR 8018(a), 8021(a)(12)...............................$260.00
Paid for searches...........................................$620.00
Serving copy of summons and complaint
CPLR 8011(c), 8301(d)....................................$465.00
Request for Judicial Intervention........................$95.00
Referee's fee (CPLR 8301(a)(1), 8003(a))..............$50.00
Certified copy of judgment................................$4.00
Motion fees..................................................$90.00

                                     $1,984.00

FILED
JAN 14 2009
Judith A. Pascale
CLERK OF SUFFOLK COUNTY

Taxed at $ _1984-_ this _14_ day of _Jan_____, 2008. 9

                            Judith A. Pascale
                            _____
                            Clerk

Index No. 18427/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------x
U.S. BANK, N.A., TRUSTEE FOR BNC
MORTGAGE LOAN TRUST 2007-1,

                              Plaintiff,

           -against-

RYAN ROGG, et al.,

                              Defendants.
-----------------------------------------------------------------x

## JUDGMENT OF FORECLOSURE AND SALE
## WITH AFFIRMATION AND BILL OF COSTS

ROSICKI, ROSICKI & ASSOCIATES, P.C.

BY: _____
      Daniel P. Wade,    Esq.
      Attorneys for Plaintiff
      2 Summit Court, Suite 301
      Fishkill, New York 12524
      (845) 897-1600
      (845) 897-2648
      RR&A #: 07-017018

ENTERPRISE PROCESS SERVICE, INC.
152 Islip Avenue, Suite 18
Islip, New York 11751
(631) 224-1224