Objection Date and Time: January 6, 2010 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: January 13, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                          :    **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                   :    **08-13555 (JMP)**
                                                               :
                    Debtors.                                   :    **(Jointly Administered)**
-------------------------------------------------------------------x

# NOTICE OF MOTION OF THE DEBTORS
## PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
## CODE AND BANKRUPTCY RULE 9019(b) FOR ESTABLISHMENT
## OF PROCEDURES FOR THE DEBTORS TO COMPROMISE AND SETTLE
## PREPETITION CLAIMS ASSERTED BY THE DEBTORS AGAINST THIRD PARTIES

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated as of December 23, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code and section 9019(b) of the Federal Rules of Bankruptcy Procedure authorizing the establishment of procedures to permit the Debtors to compromise and settle claims asserted by the Debtors against third parties on account of prepetition amounts owed to the Debtors, as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **January 13, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

US_ACTIVE:\43233126\08\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases, so as to be so filed and received no later than **January 6, 2010 at 4:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 23, 2009
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Objection Date and Time: January 6, 2010 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: January 13, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :   08-13555 (JMP)
                                            :
                Debtors.                    :   (Jointly Administered)
                                            :
                                            :
-------------------------------------------------------------------x
```

**MOTION OF THE DEBTORS PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) FOR ESTABLISHMENT
OF PROCEDURES FOR THE DEBTORS TO COMPROMISE AND SETTLE
PREPETITION CLAIMS ASSERTED BY THE DEBTORS AGAINST THIRD PARTIES**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully represent:

**Preliminary Statement**

1. Prior to the Commencement Date (defined below), in the ordinary course of their business, the Debtors' management team, with the assistance of in-house and outside counsel, would investigate, evaluate and attempt to resolve, either through litigation, arbitration, or mediation, claims or potential causes of action asserted or held by the Debtors to recover

US_ACTIVE:\43233126\08\58399.0003

amounts owed to the Debtors by various parties including, but not limited to, the Debtors' employees[1], customers, vendors, and taxing authorities (the "Prepetition Ordinary Course Claims").[2] Depending upon the specific facts and the risks and costs involved in engaging in litigation with respect to such claims, the Debtors, in the exercise of their business judgment, would make and/or accept appropriate offers to settle such claims.

2.    During the course of these chapter 11 cases, the Debtors may assert various claims for recovery against other parties on account of Prepetition Ordinary Course Claims for amounts owed to the Debtors. In many cases, engaging in litigation over claims will require the Debtors to expend significant funds that would either outweigh, or significantly diminish, any recovery on such claims. When the Debtors, consistent with their prepetition practices, evaluate the probabilities of success in challenging or asserting such claims against the potential cost, they may decide, in the exercise of their reasonable business judgment, that a compromise and settlement is appropriate.

3.    In order to settle the Debtors' Prepetition Ordinary Course Claims efficiently and economically and, thus, maximize recovery to their estates and creditors on account of such claims, the Debtors seek to establish the procedures set forth herein to settle such claims in a manner substantially consistent with their prepetition practices in settling claims and

---

[1] The term Prepetition Ordinary Course Claims includes those certain claims that are the subject of that certain *Stipulation and Order Between Lehman Brothers Holdings Inc. and James W. Giddens as Trustee for the SIPA Liquidation of Lehman Brothers Inc. With Respect to Promissory Notes Evidencing Loans to Certain Employees* entered by this Court on December 3, 2009 [Docket No. 6038 in Case No. 08-13555 and Docket No. 2159 in Case No. 08-01420], pursuant to which Lehman Brothers Inc. ("LBI") assigned to LBHI its rights to collect from certain specified employees of LBHI and/or LBI any and all amounts outstanding under certain promissory notes evidencing loans that were made to said employees in the course of their employment (the "Employee Claims Stipulation").

[2] The term Prepetition Ordinary Course Claims does not include any claims the Debtors may have under chapter 5 of the Bankruptcy Code.

without the need to obtain court approval of certain settlements on a case-by-case basis.  In negotiating and achieving such settlements, the Debtors would be guided by several factors, including the likelihood of the Debtors succeeding in their prosecution of the claims or defense against counterclaims and the estimated costs they would incur in litigating or otherwise resolving such claims.  The Debtors believe that the authority requested herein would enable them to reduce significantly the postpetition costs incurred in resolving such claims, with corresponding benefits to their estates and creditors.

**Background**

4.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6.  On September 19, 2008, the Honorable Gerard E. Lynch of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation of the Debtor Lehman Brothers Inc. pursuant to the provisions of the Securities Investor Protection Act of 1970 in the case captioned Securities Investor Protection Corporation v. Lehman Brothers Inc., No. 08-CIV-8119 (GEL) (S.D.N.Y. Sept. 19, 2008).  The LBI

Liquidation Order, inter alia: (i) appointed James W. Giddens as Trustee (the "SIPA Trustee") as the trustee for the liquidation of LBI; and (ii) removed the proceeding to this Court.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

**Jurisdiction**

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

9. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

10. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

11. By this Motion, the Debtors seek authority under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 to establish procedures by which they may compromise and settle Prepetition Ordinary Course Claims, in accordance with the procedures and guidelines described below (the "Settlement Procedures").

### Settlement of Debtors' Prepetition Ordinary Course Claims

12.  As of the Commencement Date and in the ordinary course of business, the Debtors have had various Prepetition Ordinary Course Claims that they wish to assert against third parties.  Based upon the Debtors' historical experience with similar disputes, the Debtors believe they could settle many of the Prepetition Ordinary Course Claims for amounts that are more favorable than those that might be obtained if the respective Prepetition Ordinary Course Claims were litigated.  Given the relatively nominal amount of individual Prepetition Ordinary Course Claims that the Debtors may wish to assert and the relative costs and expenses that would be incurred in litigating or settling such claims on a one-off basis, the Debtors propose that it would be far more efficient and cost-effective for their estates and creditors if they were authorized to settle Prepetition Ordinary Course Claims, whether or not a lawsuit has been commenced, under the following terms and conditions.

### Settlement Procedures

a.  The Debtors may enter into a compromise and settlement of any and all Prepetition Ordinary Course Claims (a "Settlement") in the amount of up to and including $1 million without further order of the Court or notice to or approval of any party in interest, *provided, however*, that if the aggregate of the amount of a Prepetition Ordinary Course Claim against a third party underlying a proposed Settlement and the amount of all Prepetition Ordinary Course Claims settled against the same third party or any of its affiliates in the 3-month period preceding the proposed Settlement (the "Aggregated Claim Amount") exceeds $1 million, the Debtors will either provide notice to the Creditors' Committee of the proposed Settlement or submit the proposed Settlement to the Creditors' Committee as required, respectively, by clauses (b) and (c), as applicable, of these procedures.

b.  For Settlements of Prepetition Ordinary Course Claims that are greater than $1 million but less than or equal to $5 million, the Debtors may enter into such Settlements without further order of the Court or notice to or approval of any party in interest; *provided* that (x) the Debtors shall provide notice to counsel to the Creditors' Committee of such Settlements as soon as reasonably practicable, but in no event later than promptly following the consummation of such Settlements, and (y) if (i) the proposed settlement amount to be received by the debtors in satisfaction of the Prepetition Ordinary Course Claim (the "Settlement Amount") is less than 50% of the asserted amount of the Prepetition Ordinary

Course Claim, or (ii) the Aggregated Claim Amount exceeds $5 million but is less than or equal to $25 million, the Debtors will submit the proposed Settlement to the Creditors' Committee in accordance with clause (c) of these procedures.

c.      For Settlements of Prepetition Ordinary Course Claims (i) that are greater than $5 million but less than or equal to $25 million, (ii) that are greater than $1 million but less than or equal to $25 million and involve a Settlement Amount that is less than 50% of the asserted amount of the Prepetition Ordinary Course Claim, or (iii) where the Aggregated Claim Amount exceeds $5 million but is less than or equal to $25 million, the Debtors will submit the proposed Settlement to the Creditors' Committee, together with (i) the name of the other party to the proposed Settlement, (ii) a summary of the Prepetition Ordinary Course Claim, including the Settlement Amount, (iii) an explanation of why the Settlement of such Prepetition Ordinary Course Claim is favorable to the Debtors and their estates, and (iv) a copy of any proposed settlement agreement (the "Prepetition Ordinary Course Claim Settlement Summary").  The Creditors' Committee will be required to submit any objections to a proposed Settlement reflected on a Prepetition Ordinary Course Claim Settlement Summary on or before five (5) business days after service of such Prepetition Ordinary Course Claim Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee; *provided, however*, that if the Creditors' Committee makes a reasonable request for additional information regarding a proposed Settlement, its objection period shall be suspended until the requested information has been provided.  In the event that the Creditors' Committee objects to a proposed Settlement set forth in a Prepetition Ordinary Course Claim Settlement Summary, the Debtors may (i) seek to renegotiate the proposed Settlement and may submit to the Creditors' Committee a revised Prepetition Ordinary Course Claim Settlement Summary in connection therewith or (ii) file a motion with the Court requesting approval of the proposed Settlement under Bankruptcy Rule 9019.  If there is no timely objection made by the Creditors' Committee to a proposed Settlement set forth in a Prepetition Ordinary Course Claim Settlement Summary, or if the Debtors receive written approval from the Creditors' Committee of the proposed Settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the Settlement without further order of the Court or notice to any party in interest.

d.      For any Settlement of a Prepetition Ordinary Course Claim (i) that is greater than $25 million, or (ii) where the Aggregated Claim Amount exceeds $25 million, the Debtors will be required to file a motion with the Court requesting approval of the Settlement under Bankruptcy Rule 9019.

e.      Beginning 25 days after the end of the first calendar quarter following approval of these Settlement Procedures, and quarterly thereafter not later than 25 days after the end of each subsequent calendar quarter, the Debtors will file with the Court reports identifying all Settlements that the Debtors have entered into during the previous quarterly period in accordance with the Settlement

Procedures. Such reports will set forth (i) the number of Settlements entered into during the previous quarterly period, and (ii) the aggregate amount of all Prepetition Ordinary Course Claims settled during the previous quarterly period.

f. Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

g. Notwithstanding the foregoing, with respect to Settlements of Prepetition Ordinary Course Claims that are the subject of the Employee Claims Stipulation, the Debtors shall give notice of such Settlements to the SIPA Trustee consistent with the terms of that Stipulation.

### Basis for Relief

13. This Court has the authority to grant the relief requested in this Motion pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). This rule empowers bankruptcy courts to approve compromises "if they are in the best interest of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). Indeed, courts have long considered compromises to be "a normal part of the process of reorganization." *TMT Trailer Ferry,* 390 U.S. at 424 (quoting *Case v. Los Angelas Lumber Prods. Co.*, 308 U.S. 106, 130 (1939).

14.     The decision to approve a particular compromise lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). The settlement need not result in the best possible outcome for the debtor, but must not fall beneath the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at 505; *see also Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997). Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998). However, the analysis must focus on the question of whether a particular compromise is "fair and equitable, and in the best interest of the estate." *In re Best Products*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted).

15.     While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 496. "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact…. The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

16.     The court may give weight to the "informed judgments of the … debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr.

S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness…. If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other."). Significantly, there is no requirement that "the value of the compromise … be dollar-for-dollar the equivalent of the claim." *Ionosphere Clubs, Inc.*, 156 B.R. at 427. Instead, "there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Id*. at 427-28 (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2nd Cir. 1974).

17.     Providing the Debtors with the authority to monetize their Prepetition Ordinary Course Claims efficiently and economically is clearly beneficial to the Debtors' estates and creditors. Absent the relief requested in this Motion, the Debtors would be required to seek specific Court approval for each individual Settlement into which they wish to enter. Given the number of claims that the Debtors believe can be settled for relatively moderate amounts, the Debtors believe holding individual hearings, filing individual pleadings with respect to each proposed Settlement, and sending notice of each Settlement to every party entitled to receive notice in these cases would be an expensive, cumbersome and highly inefficient way to resolve many of the disputed claims.

18.     The Debtors seek the establishment of procedures, which if complied with, render certain future Settlements pre-approved. This Court has previously granted the Debtors authority to settle certain types of disputes in these chapter 11 cases without further court approval.[3] The Other Settlement Procedures Orders have saved the Debtors considerable time

---

[3] *See* order granting Debtors' Motion *Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) for the Establishment of Procedures to (i) Restructure, (ii) Make New or Additional Debt or Equity Investments in, and/or (iii) Enter Into Settlements and Compromises in Connection with Existing Real Estate Investments*, dated November 23, 2009 [Docket No. 5912]; order

and resources, thereby preserving value for the benefit of the estates. The Debtors anticipate that the Settlement Procedures will similarly benefit the Debtors' estates, creditors, and other parties in interest by streamlining the process of settling Prepetition Ordinary Course Claims and sparing the Debtors' estates of the expense, delay and uncertainty that otherwise may be associated with resolving such claims.

19. Similarly, other courts have granted authority to settle various types of claims to debtors in possession in other large chapter 11 cases, including *In re Footstar, Inc. et al.*, (Case No. 04-22350) (Bankr. S.D.N.Y.) (approving procedures for the settlement of litigation claims and pre-petition leases and contracts); *In re NRG Energy, Inc., et al.* (Case No. 03-13024) (Bankr. S.D.N.Y. 2003) (approval of procedures for the settlement of terminated derivative contracts); *In re Mirant Corporation, et al.* (Case No. 03-46590) (Bankr. N.D. Tex. 2003) (approval of procedures for the settlement of terminated derivative contracts); *In re Enron Corp., et al.* (Case No. 01-16034) (Bankr. S.D.N.Y. 2001) (approval of procedures for estimation and settlement of unliquidated and contingent claims); *In re Armstrong World Industries, Inc., et al.*

---

granting *Debtors' Fourth Supplemental Motion to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts,* dated October 16, 2009 [Docket No. 5544]; order granting *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Contracts,* dated September 17, 2009 [Docket No. 5207]*;* order granting *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) for Establishment of Procedures for the Debtors to Compromise and Settle Claims in Respect of the Origination or Purchase of Residential Mortgage Loans*, dated August 5, 2009 [Docket No. 4706]; order granting *Debtors Motion Pursuant to Sections 105, 363, and 554(a) of the Bankruptcy Code for Authorization to Establish Procedures to Sell or Abandon De Minimis Assets*, dated June 17, 2009 [Docket No. 4021]; order granting *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures to Terminate Unfunded Commitments and Restructure Corporate Loan Agreements*, dated June 3, 2009 [Docket. No 3753] (collectively, the "Other Settlement Procedures Orders"). The procedures set forth in this Motion to compromise and settle Prepetition Ordinary Course Claims do not apply to the various claims that may be asserted by the Debtors, such as claims based on derivatives transactions or related to the Debtors' real estate investments, that are already covered by the Other Settlement Procedures Orders.

(Case No. 00-4471) (Bankr. D. Del. 2000) (approving procedures for the settlement of personal injury claims, employee litigation claims and tax claims against the debtor).

20. The Debtors have determined that compromises and settlements of certain Prepetition Ordinary Course Claim may be the most efficient method for Debtors to recover prepetition amounts owed to them by third parties. The Debtors are seeking authorization to pursue and settle Prepetition Ordinary Course Claims in a similar manner to which they pursued and settled Prepetition Ordinary Course Claims prior to the Commencement Date. To take full advantage of these processes, the Debtors submit that they require pre-authorization from the Court for procedures authorizing them to settle Prepetition Ordinary Course Claims in accordance with the Debtors' reasonable business judgment.

21. The proposed Settlement Procedures are within the parameters set forth in Bankruptcy Rule 9019, are within the Court's authority under section 105(a) of the Bankruptcy Code, and are in the best interests of the Debtors, their estates, their creditors, and all parties in interest.

**Notice**

22. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for the SIPA Trustee; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order (i) establishing and authorizing the Settlement Procedures set forth herein and (ii) granting the Debtors such other and further relief as is just.

DATED: December 23, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re                                                                                : Chapter 11 Case No.
                                                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   : 08-13555 (JMP)
                                                                                         :
                                    Debtors.                            : (Jointly Administered)
                                                                                         :
                                                                                         :
---------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING THE ESTABLISHMENT OF PROCEDURES FOR THE DEBTORS TO COMPROMISE AND SETTLE PREPETITION CLAIMS ASSERTED BY THE DEBTORS AGAINST THIRD PARTIES

Upon the motion, dated December 23, 2009 (the "Motion")[1], of Lehman Brothers Holdings Inc., and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code (the "Bankruptcy Code") and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to compromise and settle claims on account of prepetition amounts owed to the Debtors, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

US_ACTIVE:\43233126\08\58399.0003

provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for the SIPA Trustee; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that Debtors shall be, and hereby are, authorized to compromise and settle Prepetition Ordinary Course Claims in accordance with the following procedures (the "Settlement Procedures"):

> a.  The Debtors may enter into a compromise and settlement of any and all Prepetition Ordinary Course Claims (a "Settlement") in the amount of up to and including $1 million without further order of the Court or notice to or approval of any party in interest, *provided, however*, that if the aggregate of the amount of a Prepetition Ordinary Course Claim against a third party underlying a proposed Settlement and the amount of all Prepetition Ordinary Course Claims settled against the same third party or any of its affiliates in the 3-month period preceding the proposed Settlement (the "Aggregated Claim Amount") exceeds $1 million, the Debtors will either provide notice to the Creditors' Committee of the proposed Settlement or submit the proposed Settlement to the Creditors' Committee as required, respectively, by clauses (b) and (c), as applicable, of these procedures.

b.  For Settlements of Prepetition Ordinary Course Claims that are greater than $1 million but less than or equal to $5 million, the Debtors may enter into such Settlements without further order of the Court or notice to or approval of any party in interest; *provided* that (x) the Debtors shall provide notice to counsel to the Creditors' Committee of such Settlements as soon as reasonably practicable, but in no event later than promptly following the consummation of such Settlements, and (y) if (i) the proposed settlement amount to be received by the debtors in satisfaction of the Prepetition Ordinary Course Claim (the "Settlement Amount") is less than 50% of the asserted amount of the Prepetition Ordinary Course Claim, or (ii) the Aggregated Claim Amount exceeds $5 million but is less than or equal to $25 million, the Debtors will submit the proposed Settlement to the Creditors' Committee in accordance with clause (c) of these procedures.

c.  For Settlements of Prepetition Ordinary Course Claims (i) that are greater than $5 million but less than or equal to $25 million, (ii) that are greater than $1 million but less than or equal to $25 million and involve a Settlement Amount that is less than 50% of the asserted amount of the Prepetition Ordinary Course Claim, or (iii) where the Aggregated Claim Amount exceeds $5 million but is less than or equal to $25 million, the Debtors will submit the proposed Settlement to the Creditors' Committee, together with (i) the name of the other party to the proposed Settlement, (ii) a summary of the Prepetition Ordinary Course Claim, including the Settlement Amount, (iii) an explanation of why the Settlement of such Prepetition Ordinary Course Claim is favorable to the Debtors and their estates, and (iv) a copy of any proposed settlement agreement (the "Prepetition Ordinary Course Claim Settlement Summary").  The Creditors' Committee will be required to submit any objections to a proposed Settlement reflected on a Prepetition Ordinary Course Claim Settlement Summary on or before five (5) business days after service of such Prepetition Ordinary Course Claim Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee; *provided, however*, that if the Creditors' Committee makes a reasonable request for additional information regarding a proposed Settlement, its objection period shall be suspended until the requested information has been provided.  In the event that the Creditors' Committee objects to a proposed Settlement set forth in a Prepetition Ordinary Course Claim Settlement Summary, the Debtors may (i) seek to renegotiate the proposed Settlement and may submit to the Creditors' Committee a revised Prepetition Ordinary Course Claim Settlement Summary in connection therewith or (ii) file a motion with the Court requesting approval of the proposed Settlement under Bankruptcy Rule 9019.  If there is no timely objection made by the Creditors' Committee to a proposed Settlement set forth in a Prepetition Ordinary Course Claim Settlement Summary, or if the Debtors receive written approval from the Creditors' Committee of the proposed Settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the Settlement without further order of the Court or notice to any party in interest.

    d.    For any Settlement of a Prepetition Ordinary Course Claim (i) that is greater than $25 million, or (ii) where the Aggregated Claim Amount exceeds $25 million, the Debtors will be required to file a motion with the Court requesting approval of the Settlement under Bankruptcy Rule 9019.

    e.    Beginning 25 days after the end of the first calendar quarter following approval of these Settlement Procedures, and quarterly thereafter not later than 25 days after the end of each subsequent calendar quarter, the Debtors will file with the Court reports identifying all Settlements that the Debtors have entered into during the previous quarterly period in accordance with the Settlement Procedures. Such reports will set forth (i) the number of Settlements entered into during the previous quarterly period, and (ii) the aggregate amount of all Prepetition Ordinary Course Claims settled during the previous quarterly period.

    f.    Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

    g.    Notwithstanding the foregoing, with respect to Settlements of Prepetition Ordinary Course Claims that are the subject of the Employee Claims Stipulation, the Debtors shall give notice of such Settlements to the SIPA Trustee consistent with the terms of that Stipulation.

and it is further

    ORDERED that the Debtors are authorized to execute such documents or other instruments as may be necessary to settle and compromise their Prepetition Ordinary Course Claims in accordance with this Order; and it is further

    ORDERED that this Order shall not obligate or require Debtors to compromise and settle any Prepetition Ordinary Course Claims they may have, nor shall this Order preclude the Debtors from settling and compromising any Prepetition Ordinary Course Claim upon further application to the Court; and it is further

    ORDERED that all settlements of Prepetition Ordinary Course Claims may be negotiated and compromised by the Debtors, in using their reasonable business judgment, within their sole discretion; and it is further

ORDERED that nothing in this Order shall authorize the Debtors to compromise and settle any Prepetition Ordinary Course Claims that the Debtors have assigned or conveyed to any non-Debtor entity; and it is further

ORDERED that nothing in this Order shall affect, impair, impede, or otherwise alter the rights of the Debtors to settle and compromise or pursue settlement of claims pursuant to the Other Settlement Procedures Orders or any other order of the Court; and it is further

ORDERED that the Settlement Procedures shall not apply to the various claims that may be asserted by the Debtors, such as claims based on derivatives transactions or related to the Debtors' real estate investments, that are already covered by the Other Settlement Procedures Orders; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: January __, 2010
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE