WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                    :

**In re**                      :        **Chapter 11 Case No.**
                    :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :    **08-13555 (JMP)**
                    :

           **Debtors.**      :      **(Jointly Administered)**
                    :
------------------------------------------------------------------x

### NOTICE OF LBHI'S MOTION FOR AUTHORIZATION, PURSUANT TO SECTIONS 105, 363 AND 364 OF THE BANKRUPTCY CODE, TO SELL CERTAIN ASSET BACKED-SECURITIES AND RELATED RELIEF

        PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman

Brothers Holdings Inc. ("<u>LBHI</u>" and, together with its affiliated debtors in the above referenced

chapter 11 cases, the "<u>Debtors</u>") for authorization, pursuant to sections 105, 363 and 364 of the

Bankruptcy Code to sell certain asset-backed securities and related relief, all as more fully

described in the Motion, will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "<u>Bankruptcy Court</u>"), on

**January 13, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "<u>Hearing</u>").

        PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United

States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street,

21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg,

Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank,

Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:

Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official

Committee of Unsecured Creditors appointed in these cases; and (v) Neuberger Berman, 605

Third Avenue, 21st Floor, New York, New York 10158, Attn:  Monica L. Sherer, so as to be so

filed and received by no later than **January 6, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

(the "Objection Deadline").

　　　　　　　　PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 23, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                              :
In re                                         :     **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :     **08-13555 (JMP)**
                                              :
                              **Debtors.**    :     **(Jointly Administered)**
                                              :
-------------------------------------------------------------------x

**LBHI'S MOTION FOR AUTHORIZATION, PURSUANT TO
SECTIONS 105, 363 AND 364 OF THE BANKRUPTCY CODE, TO SELL
CERTAIN ASSET BACKED-SECURITIES AND RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession

(together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), files this Motion and respectfully

represents:

**Preliminary Statement**

1.      LBHI is the beneficial owner of 56 separate series of asset-backed

securities issued by dozens of trusts that hold pools of residential mortgage loans, commercial

mortgage loans, collateralized loan obligations, and other obligations originated in, among other

places, Australia, Italy, Korea, Spain and the United Kingdom (the "Securities").   The aggregate

market value of the Securities is approximately $180 million.  As the market for these Securities recovers, LBHI intends to take advantage of opportunities to monetize the Securities for the benefit of its creditors.  LBHI has engaged Neuberger Berman Fixed Income LLC (together with its affiliates to whom investment management duties may be delegated from time to time, "Neuberger") as its investment manager for this purpose pursuant to an investment management agreement (the "Investment Management Agreement").[1]  Neuberger has the expertise in valuing the Securities by reviewing the underlying collateral and payment streams, identifying Securities that are good candidates for sale at fair value given then existing market conditions, identifying and negotiating with purchasers for the Securities, and in otherwise managing the Securities. Neuberger will value the Securities and, from time to time, make sell recommendations to LBHI with respect to the Securities based on indicative prices obtained from securities brokers.  If LBHI agrees with a sell recommendation for a particular Security at a particular price, Neuberger will actively seek buyers through securities brokers for such Security and will sell such Security on behalf of LBHI at a price equal or exceeding the approved price.

      2.      The sale of the Securities may constitute transactions outside of the ordinary course of LBHI's business and may require Court approval pursuant to section 363(b)(1) of the Bankruptcy Code.  Obtaining Court approval with respect to the sale of each Security, however, would not only be administratively burdensome, but LBHI's inability to move quickly to consummate a sale may also hinder or destroy LBHI's ability to pursue an advantageous opportunity.  In order to obtain the best possible price for the Securities, it will be necessary for LBHI to agree to individual sale transactions related to the Securities on short

---

[1] Pursuant to the order, dated December 22, 2009 [Docket no. 2350], authorizing and approving the sale of the Debtors' assets owned, held or used primarily in connection with Lehman's investment management business, LBHI owns 49% of the common stock and 97% of the preferred stock of Neuberger Berman Group LLC, the indirect parent of Neuberger Berman Fixed Income LLC.

2

notice, usually within a couple of days.  Accordingly, LBHI hereby seeks, out of an abundance

of caution, advance authority to sell the Securities at the prevailing market prices at the time of

each sale.  As set forth more fully below, LBHI will regularly consult with the Creditors'

Committee.  In addition, the Creditors' Committee will have the ability to review and provide

input regarding sales and, upon the triggering of certain materiality thresholds (described herein),

the Creditors' Committee's consent or further order of the Court will be required for the Debtors'

to pursue a sale transaction.

        3.      Because the Securities are foreign investments and principal and interest

payments on the Securities are paid in foreign currency, LBHI seeks authority to enter into

hedging transactions (the "Hedging Transactions") to hedge against the loss of value from

fluctuations in foreign exchange rates.  In connection with the Hedging Transactions, LBHI will

be required to post collateral, cash or property, for the benefit of the hedging counterparty.  The

total amount of collateral to be posted will not exceed $55 million (approximately 30% of the

value of the Securities portfolio).  LBHI also will grant a first priority lien to the hedging

counterparty over such collateral.  To ensure that LBHI is earning maximum interest on any cash

collateral posted for Hedging Transactions, subject to collateral arrangements with a hedging

counterparty, LBHI will direct Neuberger to make short-term investments of such cash

consistent with the authority granted to the Debtors pursuant to the Investment Guidelines

Order.[2]

---

[2] *See* Order, Pursuant to Section 345(b) of the Bankruptcy Code, Authorizing Debtors to (I) Maintain,
Close and Open New Bank Accounts Located at Unauthorized Depositories and Accounts Located at
United States Trustee Authorized Depositories, (II) Implement Investment Guidelines, and (III) to the
Extent Necessary a Waiver of Section 345(b) of the Bankruptcy Code [Docket No. 3048] (the
"Investment Guidelines Order").

4.      As set forth more fully below, having the ability to sell the Securities when opportunities arise as proposed herein is in the best interests of the Debtors and the relief requested by the Motion represents a sound exercise of the Debtors' business judgment. Accordingly, the Motion should be granted.

### Background

5.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

8.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

9.     This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

10.     By this Motion, LBHI seeks authorization, pursuant to section 105(a),

363(b)(1) and 364(c)(2) of the Bankruptcy Code, to:

- sell and to authorize Neuberger to sell the Securities at prevailing market prices at the time of each sale so that LBHI can ensure that it will capture the best value for the Securities and complete sale transactions in accordance with the Notice and Review Procedures (defined below);

- enter into and to authorize Neuberger on behalf of LBHI to enter into Hedging Transactions, and grant first priority liens to hedging counterparties in cash, securities, and other collateral so that LBHI can reduce the risk associated with fluctuations in currency exchange rates that could cause the value the Securities to deteriorate;

- direct Neuberger to make short-term investments of cash posted for the benefit of a hedging counterparty consistent with the authority granted to the Debtors pursuant to the Investment Guidelines Order; and

- authorize Neuberger in its discretion to exercise certain rights incident to ownership of the Securities that LBHI maintains as owner of the Securities pursuant to the documents governing LBHI's ownership of the Securities, including the right to (i) vote or consent to any actions or events, including in connection with work-outs and (ii) participate in corporate actions related to the Securities, including, but not limited to, exchange offers, restructurings or similar transactions; *provided, however*, that Neuberger shall not be permitted to purchase securities in connection with corporate actions, restructuring or other work out activity without the prior written authorization of LBHI (collectively, "Management Actions").

The relief requested by the Motion will allow LBHI to maximize the value of the Securities for

the benefit of creditors.

## Sales of the Securities

11.     In the ordinary course of business prior to the Commencement Date, LBHI actively dealt in the asset-backed securities market.  Asset-backed securities are securities that represent interests in trusts that hold pools of residential mortgage loans, commercial mortgage loans, collateralized loan obligations and other obligations.  The trusts collect proceeds from the loans or other obligations through payments of principal and interest and distribute such amounts to the various security holders in accordance with the terms and priority set forth in their governing documents.  The subject of this Motion is approximately $180 million market value in asset-backed securities issued by dozens of trusts of which LBHI is the beneficial owner.

12.     The market for asset-backed securities, principally mortgage-backed securities, has been severely depressed over the past two years.  Declining real estate prices, spiking default rates on mortgages, large write-downs on the books of financial institutions resulting from portfolios of mortgage-backed securities and the illiquid markets for such securities has caused the market value of such securities to decline.  Recently, however, the credit markets have started to recover and liquidity in the markets for mortgage-backed securities has improved.  Therefore, LBHI has determined in its business judgment that it would be advantageous to be prepared to sell the Securities at prevailing market prices (which may be below the outstanding face amount of such Securities) if the right opportunity arises.

13.     Pursuant to the Investment Management Agreement, LBHI has retained Neuberger to value the Securities and, from time to time, make sell recommendations to LBHI with respect to the Securities based upon indicative prices obtained from securities brokers.  If LBHI agrees with a proposal by Neuberger to sell a particular Security at a particular price, Neuberger will actively seek buyers through securities brokers for such Security and will sell such Security on behalf of LBHI at a price equal or exceeding the approved price.  Neuberger

will only sell a Security after proposing a bid to LBHI for approval.  Upon LBHI's receipt of a

proposed transaction to sell the Securities and related information from Neuberger, LBHI will

have only two business days to consent to a proposed transaction.  Failure by LBHI to promptly

consent to a sale transaction will be deemed a rejection of such transaction and Neuberger will

not be authorized to consummate the proposed transaction.  The tight timeframe for LBHI's

consent is necessary for Neuberger to negotiate the best possible transaction in light of prevailing

market conditions.

14.     Absent the relief requested in this Motion, LBHI would be required to

obtain Court approval prior to the sale of each of the Securities, which would likely diminish the

price that LBHI would receive in a sale of each of the Securities and risk LBHI's ability to sell

the Securities at all.  Given the number of Securities, preparing, filing and serving individual

pleadings with respect to every sale of a Security, and holding individual hearings on each

motion would be expensive, cumbersome and highly inefficient.  In addition, because market

buyers are unlikely to be willing to wait for a motion to be filed and approved (because the value

of the Securities fluctuates on a continuous basis), LBHI runs a serious risk of losing a bid if a

motion were required in each instance.  Accordingly, LBHI proposes that it should be permitted

to approve to a sale of the Securities at prevailing market prices in its sole discretion.

15.     LBHI believes that granting the authority requested herein would enable it

to monetize the Securities efficiently and economically and obtain the highest possible recovery

for its estate.  Details relating to the portfolio of Securities have been shared with the Creditors'

Committee and its professionals.  The Creditors' Committee shall continue to receive status

reports of the Securities portfolio and participate in sales of the Securities as follows (the "Notice

and Review Procedures"):

- The Creditors' Committee's financial advisors will be permitted to attend all meetings between the Debtors and Neuberger with respect to the Securities and receive all periodic reports of the status of the Securities portfolio prepared by Neuberger for LBHI pursuant to the Investment Management Agreement;

- For individual sale transactions with a proposed minimum sale price greater than or equal to $4 million and aggregate sale transactions with a proposed minimum aggregate sale price greater than or equal to $6 million (the "Threshold Transactions"), LBHI will provide timely notice to the Creditors' Committee's financial advisors and copies of all information received from Neuberger with respect to the Threshold Transactions. If the Creditors' Committee either approves or fails to respond to a Threshold Transaction within 6 business hours (between 8:00 a.m. – 7:00 p.m. (EST)) of the sending of the notice of a proposed Threshold Transaction, LBHI will be authorized to direct Neuberger to pursue or consummate such Threshold Transaction in its sole discretion. If the Creditors' Committee in good faith asserts a timely objection to a proposed Threshold Transaction, LBHI may either consult with the Creditors' Committee to agree upon the proposed or a modified Threshold Transaction or seek approval of the Court on an expedited basis.

**Hedging Transactions**

16. The value of the Securities is subject to volatility in the markets relating to foreign currency exchange rates. While holding the Securities, LBHI continues to run the risk that movements in the financial markets could change the market value of the Securities and the ultimate recovery to LBHI's estate in respect of the Securities. To guard against this risk and further preserve the value of the Securities, LBHI will enter into Hedging Transactions that will protect the value of the Securities. The Hedging Transactions will require LBHI to post collateral and grant a first priority lien in such collateral to secure LBHI's performance obligations under the Hedging Transactions to the hedging counterparty.

17. In each case, the collateral requirements will be driven by industry standards that take into consideration the type of transaction and the credit risk associated with a debtor as a counterparty. LBHI will not enter into any Hedging Transaction unless such counterparty agrees that the collateral posted in respect of such Hedging Transaction cannot and

will not be used to set-off any other prepetition or postpetition claims that that counterparty may have against LBHI. In addition, following sales of the Securities, LBHI will accordingly reduce the aggregate notional amount of the Hedging Transactions to correspond to the reduction of the value of the portfolio of Securities.

18. To ensure that cash collateral posted for the benefit of a hedging counterparty in connection with a Hedging Transaction is earning interest, LBHI will direct Neuberger to make short-term investments of such cash consistent with the authority granted to the Debtors under the Investment Guidelines Order.

## Management of the Securities

19. As owner of the Securities, LBHI has various rights that that are set forth in the underlying documents related to the Securities. Prior to and since the Commencement Date, LBHI has regularly taken actions in the ordinary course of business in connection with its subsidiaries and other entities in which it owns an equity interest. Other than the purchase of securities in connection with corporate actions, restructurings or other work-out activity (for which LBHI's consent will be required under the Investment Management Agreement), LBHI will authorize Neuberger to exercise certain rights incident to ownership of the Securities that LBHI maintains as owner of the Securities without the need to obtain approval from LBHI in each instance. LBHI and Neuberger have entered into the Investment Management Agreement, pursuant to which Neuberger has been engaged to manage Securities with an investment objective to maximize the value of the Securities for LBHI's benefit. Specifically, the Investment Management Agreement has the stated objectives of (i) an orderly liquidation of the Securities in line with achieving maximum value for LBHI and (ii) distribution of principal and interest proceeds from such Securities to LBHI on a regular basis.

20.     Neuberger has the expertise and the personnel to manage the Securities, and such engagement will relieve LBHI's estate and professionals of the time constraints of managing the Securities.  Under these circumstances, LBHI believes that authorizing Neuberger to exercise certain rights incident to ownership of the Securities that LBHI maintains as owner of the Securities in Neuberger's discretion in addition to the objective to sell the Securities for maximum return is appropriate and necessary.

### The Relief Requested is Warranted
### and in the Best Interests of LBHI and its Estate

21.     Ample authority exists for advance approval of the sale of the Securities. The Court's general equitable powers are codified in section 105(a) of the Bankruptcy Code. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105.  Section 363 of the Bankruptcy Code provides, in relevant part, "that a debtor, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or disposition of a debtor's assets, courts in the Second Circuit and others, in applying this section, have required that it be based upon the sound business judgment of the debtor.  *See In re Chateaugay Corp., 973 F.2d 141* (2d Cir. 1992) (holding that a judge reviewing a section 363(b) application must find from the evidence presented a good business reason to grant such application); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1071 (2d Cir. 1983) (same).

22.     Once a court is satisfied that there is a sound business justification for the proposed use, sale, or lease, the court must then determine whether (i) the debtor has provided

the interested parties with adequate and reasonable notice, (ii) the sale price is fair and reasonable, and (iii) the purchaser is proceeding in good faith. *See, e.g., In re Betty Owens Sch.,* 1997 U.S. Dist. Lexis 5877 (S.D.N.Y. 1997); *accord In re Delaware and Hudson Ry. Co.*, 124 B.R. at 166; *In re Decora Indus., Inc.*, Case No. 00-4459, 2002 WL 32332749 at *3 (Bankr. D. Del. May 20, 2002).

23. LBHI's decision to sell the Securities and to direct Neuberger to take all other Management Actions is a sound exercise of its business judgment. Neuberger has the necessary expertise to manage the Securities and will be actively searching for the best sale prices for the Securities in light of prevailing market conditions. Neuberger will also provide LBHI and its employees and agents all information that is necessary to make an informed business decision with respect to every proposed transaction. LBHI has determined, in the exercise of its sound business judgment, that the outlined procedure is the best way to maximize the value of the Securities for creditors.

24. Without the ability to sell and manage the Securities pursuant to the procedures outlined in the Motion, LBHI will be unable to maximize and capture the value of the Securities for the benefit of creditors. To preserve transparency in the process, LBHI has shared the Securities portfolio and information related thereto with the Creditors' Committee and its professionals and will continue to abide by the Notice and Review Procedures going forward.

25. The Securities will be sold free and clear of any interest. A debtor may sell property of its estate free and clear of any interest in such property if one of the conditions in section 363(f)(1) – (5) is satisfied. *See* 11 U.S.C. § 365(f); *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 94 (2d Cir. 1988) ("It has long been recognized that when a debtor's assets are disposed of free and clear of third-party interests, the third party is adequately protected if his

interest is assertable against the proceeds of the disposition.); *Circus Time, Inc. v. Oxford Bank & Trust (In re Circus Time, Inc.)*, 5 B.R. 1, 8 (Bankr. D. Me. 1979) (finding the court's power to sell property free and clear of liens has long been recognized); *see also In re Riverside Inv. P'ship*, 674 F.2d 634, 640 (7th Cir. 1982) ("Generally, in a 'free and clear' sale, the liens are impressed on the proceeds of the sale and discharged at the time of sale."). To the extent a third party asserts a lien, claim, encumbrance or other interest against the Securities, LBHI anticipates that it will be able to satisfy one or more of the conditions set forth in section 363(f).

### LBHI Should be Authorized to Enter Into the Hedging Transactions and to Post Collateral in Connection Therewith

26.     Section 364(c) of the Bankruptcy Code provides, among other things, that if a debtor is unable to obtain unsecured credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code, the court may authorize the debtor to incur debt secured by a lien on property of the estate that is not otherwise subject to a lien. 11 U.S.C. § 364(c)(2). LBHI proposes to grant the various counterparties to Hedging Transactions a perfected first priority lien in collateral posted by LBHI pursuant to section 364(c)(2) of the Bankruptcy Code.

27.     LBHI cannot engage in the necessary Hedging Transactions without granting first priority liens on cash or other collateral because no counterparty would enter into, and accept the risk associated with, the Hedging Transactions on an unsecured basis. The collateral that LBHI would post in connection with the Hedging Transactions is not subject to any existing liens.

28.     Provided that a debtor's business judgment does not run afoul of the provisions of and policies underlying the Bankruptcy Code, courts grant a debtor considerable deference in exercising its sound business judgment. *See, e.g., Bray v. Shenandoah Fed. Sav. &*

*Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085, 1089 (4th Cir. 1986); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("[C]ases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest."). *See also In re Funding Sys. Asset Mgmt. Corp.*, 72 B.R. 87, 88 (Bankr. W.D. Pa. 1987); *In re Simasko Prod. Co.*, 47 B.R. 444, 449 (Bankr. D. Colo. 1985); *In re Curlew Valley Assocs.*, 14 B.R. 506, 513-14 (Bankr. D. Utah 1981).

29.     LBHI has determined that the credit provided by the Hedging Transactions is only available on a secured basis.  The Hedging Transactions are in the best interests of LBHI's estate and its stakeholders because hedging eliminates the risk associated with fluctuations in the currency exchange rates that could deteriorate the value of the Securities.  The amount to be posted in collateral will not exceed $55 million, which is reasonable in comparison to the approximately $180 million aggregate market value of the Securities portfolio that LBHI seeks to protect.

<u>Notice</u>

30.     No trustee has been appointed in these chapter 11 cases.  LBHI has served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Neuberger; and (vii) all parties who have requested notice in these chapter 11 cases.  LBHI submits that no other or further notice need be provided.

31.     No previous request for the relief sought herein has been made by LBHI to this or any other court.

WHEREFORE LBHI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 23, 2009
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
:
In re                                                     :        **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,              :        **08-13555 (JMP)**
                                                          :
                                      **Debtors.**        :        **(Jointly Administered)**
                                                          :
-------------------------------------------------------------------x

### ORDER GRANTING LBHI'S MOTION FOR AUTHORIZATION, PURSUANT TO SECTIONS 105, 363 AND 364 OF THE BANKRUPTCY CODE, TO SELL CERTAIN ASSET BACKED-SECURITIES AND RELATED RELIEF

Upon the motion, dated December 23, 2009 (the "<u>Motion</u>"), of Lehman Brothers Holdings Inc. (the "<u>LBHI</u>"), as debtor in possession (collectively its affiliated debtors in the above-referenced chapter 11 cases, the "<u>Debtors</u>" and, together with their non-debtor affiliates, "<u>Lehman</u>"), pursuant to sections 105(a), 363 and 364 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") for authorization to: (i) sell and to authorize Neuberger[1] to sell the Securities, (ii) enter into and to authorize Neuberger on behalf of LBHI to enter into Hedging Transactions and grant first priority liens in cash, securities or other collateral in connection with such transactions to hedging counterparties; (iii) direct Neuberger to make short-term investments of cash posted for the benefit of hedging counterparties consistent with the authority granted to the Debtors pursuant to the Investment Guidelines Order; and (iv) authorize Neuberger in its discretion to take the Management Actions, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) Neuberger; and (vii) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing

having been held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of LBHI, and its estate and

creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is hereby

       ORDERED that the Motion is granted; and it is further

       ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy

Code, LBHI is authorized to sell and to authorize Neuberger to sell the Securities at prevailing

market prices at the time of each such sale in accordance with the Notice and Review

Procedures; and it is further

       ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, purchasers of

the Securities shall take title of the Securities free and clear of all liens, claims, encumbrances

and other interests of any kind or nature whatsoever; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, LBHI is entitled to authorize Neuberger to take all Management Actions with respect to the Securities; *provided, however*, that, for the avoidance of doubt, Neuberger shall not be permitted to purchase securities in connection with corporate actions, restructuring and other work-out activity without the prior written authorization of LBHI; and it is further

ORDERED that, pursuant to section 364(c)(2) of the Bankruptcy Code, LBHI is authorized to enter into and to authorize Neuberger on behalf of LBHI to enter into Hedging Transactions and to post cash, securities or other collateral up to $55 million in the aggregate for the benefit of hedging counterparties in connection with Hedging Transactions; and it is further

ORDERED that LBHI is authorized to grant hedging counterparties to any Hedging Transaction first priority liens in the collateral posted by LBHI in respect of any such Hedging Transaction; and it is further

ORDERED that LBHI shall not post collateral in connection with the Hedging Transactions that exceeds industry standards as adjusted for a debtor in possession; and it is further

ORDERED that LBHI is authorized to direct Neuberger to make short-term investments of cash posted as collateral in connection with the Hedging Transactions so long as the Debtors are authorized to make such investments pursuant to the Investment Guidelines Order; and it is further

ORDERED that LBHI is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the transactions described in the Motion; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: January__, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE