**Hearing Date and Time: January 13, 2010 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  January 6, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION**
**PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF**
**(I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases

(together, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code and

Rules 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

for approval of (i) Claim Objection Procedures[1] and (ii) Settlement Procedures, all as more fully

described in the Motion, will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto
in the Motion.

**January 13, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than **January 6, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 23, 2009
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                           :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
:
**Debtors.**                 :        **(Jointly Administered)**
:
------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO**
**SECTION 105(a) OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF**
**(I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors), file

this Motion and respectfully represent:

**I.      PRELIMINARY STATEMENT**

1.      In the interest of expediting the process of reconciling the more than

65,000 claims filed against the Debtors (the "Filed Claims") as well the more than 46,000 claims

scheduled by the Debtors (the "Scheduled Claims," and together with the Filed Claims, the

"Claims"), and reducing the administrative and financial burden imposed on the Court and the

Debtors' estates, the Debtors seek approval of certain procedures to: (i) object to Filed Claims

(the "Claim Objection Procedures") and (ii) settle certain claims without further Court approval

(the "Settlement Procedures").

## II.   BACKGROUND

### A.   General Background

2.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

3.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

B.       **Schedules and Proofs of Claim**

5.       On March 12, 2009, the Debtors filed their schedules of assets and liabilities and schedules of executory contracts and unexpired leases.  On June 15, 2009, the Debtors amended their schedules.

6.       By order, dated July 2, 2009 [Docket No. 4271] (the "Bar Date Order"), the Court established:  (i) September 22, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") by virtually all creditors against the Debtors (the "General Bar Date"); (ii) October 22, 2009 as the deadline for the filing of questionnaires with respect to any Derivative Contract (as defined in the Bar Date Order) and Guarantees (as defined in the Bar Date Order) claims (together, the "Derivative and Guarantee Questionnaires"); and (iii) November 2, 2009 as the deadline to file Proofs of Claim with respect to any Lehman Program Securities (as defined in the Bar Date Order).  By order, dated August 25, 2009 [Docket No. 4928] (the "Foreign Signatories Bar Date Order"), the Court extended for certain Foreign Protocol Signatories (as defined in the Foreign Signatories Bar Date Order) the General Bar Date and the deadline for filing the Derivative and Guarantee Questionnaires to November 2, 2009.

7.       To date, in excess of 65,000 Filed Claims have been asserted against the Debtors in these chapter 11 cases in a face amount in excess of $830 billion.  The Debtors have begun a comprehensive review and reconciliation of all Claims, including a review and analysis of the Derivative and Guarantee Questionnaires.  As part of the claims review process, the Debtors have identified certain broad categories of objections they have to a large number of Filed Claims.

### III.       JURISDICTION

8.       This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## IV.   **RELIEF REQUESTED**

9.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules

3007 and 9019(b), the Debtors request approval of (i) Claim Objection Procedures and (ii)

Settlement Procedures, each as more fully described below.

### A.   **Claim Objection Procedures**

10.      As the Debtors work to prepare their chapter 11 plans and continue to

analyze their assets and liabilities, each Filed Claim must be reviewed for possible objections.

*See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this

title, is deemed allowed, unless a party in interest . . . objects."); *see also id.* § 1111(a) ("A proof

of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the

schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated.").

11.      Bankruptcy Rule 3007(c) prohibits the filing of a single objection to

multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)." *See*

Fed. R. Bankr. P. 3007(c).  Bankruptcy Rule 3007(d) allows a debtor to file an omnibus

objection when the basis for the objection is that the claims subject to objection:

(1)      duplicate other claims;

(2)      have been filed in the wrong case;

(3)      have been amended by subsequently filed proofs of claim;

(4)      were not timely filed;

(5)      have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

(6)      were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(7)      are interests, rather than claims; or

(8)      assert priority in an amount that exceeds the maximum amount under section 507 of the Code.

*Id.* at 3007(d).  Moreover, Bankruptcy Rule 3007(e) provides that a debtor may file an omnibus

objection on these grounds for up to 100 claims at a time.  *Id*. at 3007(e).

12.     The Debtors anticipate that, although they will object to a number of the

Claims on the grounds that such Claims are either duplicative or have been satisfied, they will

also object to many Claims on additional grounds not set forth in Bankruptcy Rule 3007(d).  As

such, the Debtors believe that objecting to multiple Claims in an omnibus fashion on grounds

other than those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the

Court and the administrative and financial burden on the Debtors' estates during the claims

reconciliation process.

13.     Accordingly, the Debtors request that, in addition to the grounds

enumerated in Bankruptcy Rule 3007(d), they, and other parties in interest, be permitted to file a

single objection to no more than 500 claims at a time ("Omnibus Claims Objection") seeking

reduction, reclassification and/or disallowance of Claims on one or more of the following

additional grounds (collectively, the "Additional Permitted Grounds"):

    (1)    the amount claimed contradicts the Debtors' books and records;

    (2)    the Claims were incorrectly classified;

    (3)    the Claims seek recovery of amounts for which the Debtors are not liable;

    (4)    the Claims do not include sufficient documentation to ascertain the
        validity of the Claim; and

    (5)    the Claims are objectionable under section 502(e)(1) of the Bankruptcy
        Code.

14.     The Debtors will comply with Bankruptcy Rule 3007 in all other respects,

including that each Omnibus Claims Objection will:

    (1)    state in a conspicuous place that claimants receiving the objection should
        locate their names and claims in the objection;

    (2)    list claimants alphabetically, provide a cross-reference to claim numbers,
        and, if appropriate, list claimants by category of claims;

     (3)    state the grounds of the objection to each Claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds;

     (4)    state in the title the identity of the objector and the grounds for the objections; and

     (5)    be numbered consecutively with other omnibus objections filed by the same objector.

Fed. R. Bankr. P. 3007(e).

     15.    Bankruptcy Rule 3007 also requires that a copy of a claim objection, with notice of the hearing, must be served on the affected claimant.  In an effort to reduce service costs and enable claimants to more readily identify an objection to their Claim, the Debtors propose to serve a notice of the Omnibus Claims Objection, rather than the entire Omnibus Claims Objection, on each of the claimants whose claims are the subject of the applicable Omnibus Claims Objection and, if known, their counsel.  The proposed notice (the "Claim Objection Notice") would be in a form substantially similar to the notice attached hereto as Exhibit A.  The proposed Claim Objection Notice would be personalized for each claimant and would include an explanation of the claim objection process, a description of the basis of the omnibus claim objection, information regarding the response deadline and hearing date, and identification of the claim that is the subject of the Omnibus Claims Objection.  The proposed Claim Objection Notice attached hereto is for illustrative purposes only and will be modified to account for the nature of each Omnibus Claims Objection.  In addition, the Claim Objection Notice will include information on how the claimant might obtain a copy of the full omnibus claim objection, including (i) electronically on the Court's docket for the Debtors' chapter 11 cases with a PACER login and password, (ii) for free on the Debtors' approved notice and claim agent's website at http://www.lehman-docket.com, or (iii) by calling a designated toll-free telephone number to request a hard copy.

16.     Use of the Claim Objection Notice will substantially reduce the service costs related to the Claim objection process without depriving the claimants of any information they would require to understand and respond to any Claim objection.  In fact, the Claim Objection Notice would provide greater clarity to each claimant as to the existence and basis of any objection and the procedures for responding.  Accordingly, the Debtors request that the Court approve the Debtors' use of the Claim Objection Notice in a form substantially similar to Exhibit A.

17.     In addition, to further conserve the resources of these estates, the Debtors seek authorization to limit notice of claim objections to:  (a) service of a complete copy of each claim objection (whether an omnibus or an individual objection) on the U.S. Trustee and counsel to the Creditors' Committee; (b) with respect to Omnibus Claims Objections, service of a personalized Claim Objection Notice on each claimant whose claims is the subject of the applicable Omnibus Claim Objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known.  In addition, a complete copy of each omnibus and individual claim objection will be filed with this Court and publicly available on the Court's electronic docket, PACER, and the website of the Debtors' approved notice and claim agent at http://www.lehman-docket.com.  The Debtors submit that no additional service or notice should be required for claim objections.

18.     Bankruptcy Rule 3007 also requires that the parties receive notice of a claim objection and the hearing thereon at least thirty (30) days prior to the hearing on the objection.  It does not specify the period within which responses to the objection must be filed. To further simplify the claim objection process, the Debtors request that the Court establish that

responses to the Debtors' omnibus and specific claim objections shall be due twenty-one (21) calendar days after mailing of the objection or Claim Objection Notice, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day.[1]  To avoid confusion, the Claim Objection Notice and the omnibus and individual claim objections will specify the time and date that responses are due.

### B.    Settlement Procedures

19.    The Debtors anticipate that a large number of objections to the Claims can be settled for relatively small amounts (whether total or incremental) when compared with the overall value of the Debtors' estates.  Absent the relief requested in this Motion, the Debtors would be required to seek specific Court approval for each individual compromise and settlement of a Claim.  The Debtors believe that it would be far more efficient and cost effective for their estates and creditors if they were authorized to settle certain Claims under the terms and conditions outlined below.

20.    Pursuant to the proposed Settlement Procedures:

(i)    The Debtors will be authorized to settle any and all Claims asserted against the Debtors (other than Claims which may be settled pursuant to the Other Settlement Procedures Orders) without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Claim (the "Settlement Amount") is less than or equal to $5 million or (b) the difference between the Settlement Amount compared to (i) the amount listed on the Proof of Claim or (ii) the amount of the Scheduled Claim (together, the "Claim Difference") does not exceed $5 million without regard to any unliquidated amounts asserted by such claimant (any settlement amount within (a) or (b) being a "*De Minimis* Settlement Amount" and such settlement being a "*De Minimis* Settlement"); *provided, however,* if the aggregate of (x) the Settlement Amount and/or Claim Difference with respect to a claimant underlying a proposed

---

[1]    The Debtors reserve the right to request that the Court impose an alternative response date with respect to certain objections, if the circumstances so require.

settlement and (y) all Settlement Amounts and/or Claim Differences in regards to the same claimant in the 6-month period preceding the proposed settlement, exceeds the *De Minimis* Settlement Amounts, the Debtors will submit the proposed settlement to the Creditors' Committee in accordance with clause (ii) of the Settlement Procedures.

(ii)    If the Settlement Amount or Claim Difference is not a *De Minimis* Settlement Amount but is less than or equal to $50 million without regard to any unliquidated amounts asserted by such claimant, or if the aggregate of (x) the Settlement Amount and/or Claim Difference with respect to a claimant underlying a proposed settlement and (y) all Settlement Amounts and/or Claim Differences in regards to the same claimant in the 6-month period preceding the proposed settlement, exceeds the *De Minimis* Settlement Amounts but is less than or equal to $50 million, the Debtors will submit the proposed settlement to the Creditors' Committee, together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proofs of Claim numbers, (iii) the types of Claims asserted by each such party, (iv) the amounts for which such Claims have been settled and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "Settlement Summary").  Within 5 business days of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee, the Creditors' Committee may submit an objection to the proposed settlement reflected in the Settlement Summary; *provided, however*, that if the Creditors' Committee requests additional information regarding a proposed Settlement, its objection period shall be suspended until the requested information has been provided.  If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee if such revised settlement is not a *De Minimis* Settlement Amount or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than 10 days' notice.  If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

(iii)    If the Settlement Amount or Claim Difference is not a *De Minimis* Settlement Amount and is greater than $50 million, or if the aggregate of (x) the Settlement Amount and/or Claim Difference with respect to a claimant underlying a proposed settlement and (y)

all Settlement Amounts and/or Claim Differences in regards to the same claimant in the 6-month period preceding the proposed settlement exceeds $50 million, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 business days' notice.

(iv)    The types of Claims that may be settled pursuant to these Settlement Procedures include: (i) secured claims; (ii) administrative expense claims under section 503(b) of the Bankruptcy Code; (iii) other priority claims under section 507(a) of the Bankruptcy Code; and (iv) general unsecured claims.

(v)    On a quarterly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will file with the Court and serve, pursuant to the Debtors' Case Management Order (defined below), a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the amounts for which such Claims have been settled.

(vi)    On a monthly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will provide to counsel to the Creditors' Committee a report of all *De Minimis* Settlements which the Debtors have entered during the previous month pursuant to these Settlement Procedures. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the terms and amounts for which such Claims have been settled.

(vii)    Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

21.    For the avoidance of doubt, nothing herein shall affect, impair, impede, or

otherwise alter the rights of the Debtors to settle or pursue settlement of Claims pursuant to the

Other Settlement Procedures Orders (as defined below) or any other order of the Court. The

Debtors reserve the right to seek modification of the Settlement Procedures and the Claim

Objection Procedures as they deem appropriate.

## V.    BASIS FOR RELIEF

### A.    The Claim Objection Procedures are Appropriate and Should Be Approved

22.    Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections.  In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See, e.g., Chinichian v. Campolongo (In re Chinichian),* 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

23.    Here, authorizing the Debtors to file Omnibus Claims Objections to no more than 500 Claims at a time on the Additional Permitted Grounds is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases.  Similar relief has been granted in other cases in this District.[2]  Furthermore, the proposed Claim Objection Notice will provide each

---

[2] *See, e.g., In re Motors Liquidation Company, et al., (f/k/a General Motors Corp., et al.,)* Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Oct. 6, 2009)*; In re BearingPoint, Inc., et al.*, Case No. 09-10691 (REG) (Bankr. S.D.N.Y. Oct. 14, 2009); *Lenox Sales Inc., et al.,* Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Sept. 3, 2009); *In re Stone Barn Manhattan LLC (f/k/a Steve & Barry's Manhattan LLC), et al.*, Case No.

claimant with clearer notice of an objection to their claim, more guidance as to the basis of the objection and the procedures for responding than is actually required under Bankruptcy Rule 3007(e), and, in turn, will enhance the claimant's due process protections afforded under the Bankruptcy Rule. Specifically, rather than receiving the actual Omnibus Claims Objection containing hundreds of pages of documentation relating to other claimants, as is permitted under Bankruptcy Rule 3007, the Debtors will serve a personalized notice to each claimant identifying its claim that is subject to the Omnibus Claims Objection, the basis of the objection, and the required response deadline and hearing date. Therefore, under the proposed Claim Objection Procedures, allowing the Debtors to file one objection with no more than 500 Claims is congruent with the rational behind Bankruptcy Rule 3007(e).

24. Moreover, authorizing the Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds will not prejudice the rights of creditors. Bankruptcy Rule 3007(e) already allows the Debtors to file Omnibus Claims Objections, albeit on other grounds, and the Debtors will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each creditor.

25. Granting the Debtors authority to file Omnibus Claims Objections on the Additional Permitted Grounds will allow them to complete the claims administration process in a timely, cost-effective, and efficient manner. The ability to file Omnibus Claims Objections on the Additional Permitted Grounds obviates the need for the Debtors to prepare and file and the Court to review thousands of individual objections – a time consuming, expensive, and potentially duplicative endeavor for the Debtors and an unnecessarily burdensome task for the Court.

---

08-12579 (ALG) (Bankr. S.D.N.Y. Aug. 6, 2009); *In re Ziff Davis Media*, Case No. 08-10768 (BRL) (Bankr. S.D.N.Y. Nov. 13, 2008).

26.     Further, due to the increased time and expense that would be required to file numerous individual claim objections, such action could delay the claims resolutions process, and, ultimately, the distribution to the estates' creditors.  Therefore, allowing the Debtors to file Omnibus Claims Objections may in fact enhance the rights of creditors by not only preserving the value of the Debtors' estates ultimately available for distribution but also expediting when creditors will be paid.  Accordingly, the Court should authorize the Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds.

**B.**     **The Settlement Procedures Are Appropriate and Should Be Approved**

27.     Allowing the Debtors to settle the Claims without further Court approval is an appropriate use of the Court's power under Bankruptcy Rule 9019(b).  Bankruptcy Rule 9019(b) permits a court, after a hearing on such notice as the court may direct, to "fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b).

28.     Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).  The settlement need not result in the best possible outcome for the debtor, but must not "fall beneath the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at 505; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

29.    The Debtors will continue to exercise their reasonable business judgment in negotiating compromises and settlements and will continue to be guided by the factors relevant to a determination of the reasonableness of such settlements, including:

(1)    the probability of success in the litigation;

(2)    the complexity, expense and likely duration of the litigation;

(3)    all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(4)    whether the proposed compromise is fair and equitable to the Debtors, their creditors and other interested parties.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation."  *Id*. at 425.

30.    The Debtors believe, in their reasonable business judgment, that the proposed Settlement Procedures constitute a cost-effective method for resolving outstanding claims and avoid the expense and risk inherent in litigating those Claims.  Given the number of Claims that the Debtors believe can be settled for relatively moderate amounts compared with the overall value of the Debtors' estates, filing individual pleadings for each proposed settlement, noticing each compromise and settlement to every one of the 452 parties in interest on the master service list on file with the Court, and holding individual hearings would be an expensive, cumbersome, and highly inefficient way to resolve many of the Claims.  Furthermore, the proposed Settlement Procedures will spare the Debtors' estates the unnecessary administrative costs incurred by attorneys for Court appearances for seeking separate Court approval of each Claim settlement.

31.    Additionally, the Debtors submit that the settlements entered into pursuant to the Settlement Procedures would meet the standards set forth in *TMT Trailer*.  Specifically, no

settlement will be agreed upon unless it is reasonable in the judgment of the Debtors upon

consideration of all the relevant factors and falls within the requirements of types of Claims to be

settled under the Settlement Procedures.

32.    This Court has already granted the Debtors authority to settle certain types

of disputes in these chapter 11 cases without further court approval.[3]  These Other Settlement

Procedures Orders have saved the Debtors considerable time and resources, thereby preserving

value for the benefit of the estates, and the Debtors anticipate that the proposed Settlement

Procedures will similarly benefit the Debtors' estates, creditors, and other parties in interest by

---

[3] *See* order granting Debtors' Motion *Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) for the Establishment of Procedures to (i) Restructure, (ii) Make New or Additional Debt or Equity Investments in, and/or (iii) Enter Into Settlements and Compromises in Connection with Existing Real Estate Investments*, dated November 23, 2009 [Docket No. 5912]; order granting *Debtors' Fourth Supplemental Motion to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts,* dated October 16, 2009 [Docket No. 5544]; order granting D*ebtors Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Establishing Procedures for the Debtors to Transfer Their Interests in Respect of Residential and Commercial Loans Subject to Foreclosure to Wholly-Owned Non-Debtor Subsidiaries*, dated September 24, 2009 [Docket No. 5272]; order granting *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Contracts,* dated September 17, 2009 [Docket No. 5207]*; Order granting Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures for the Debtors to Compromise Claims of the Debtors in Respect of Real Estate Loans*, dated September 16, 2009 [Docket No. 5187]; order granting *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) for Establishment of Procedures for the Debtors to Compromise and Settle Claims in Respect of the Origination or Purchase of Residential Mortgage Loans*, dated August 5, 2009 [Docket No. 4706]; order granting *Debtors Motion Pursuant to Sections 105, 363, and 554(a) of the Bankruptcy Code for Authorization to Establish Procedures to Sell or Abandon De Minimis Assets*, dated June 17, 2009 [Docket No. 4021]; order granting *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures to Terminate Unfunded Commitments and Restructure Corporate Loan Agreements*, dated June 3, 2009 [Docket. No 3753] (collectively, the "Other Settlement Procedures Orders").  Nothing in this Motion shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (ii) expand or create additional rights as to the Debtors to settle or pursue settlement of Claims pursuant to the Other Settlement Procedures Orders.

streamlining the process of settling Claims and controversies.  Moreover, similar Claims

Procedures have been granted in other cases in this District.[4]

33.    Accordingly, because the Settlement Procedures will benefit the Debtors'

estates without prejudice to any creditors, the requested relief satisfies the requirements of

Bankruptcy Rule 9019 and should be granted.

## VI.    <u>NOTICE</u>

34.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Motion in accordance with the procedures set forth in the amended

order (the "<u>Case Management Order</u>") entered on February 13, 2009 governing case

management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S.

Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.

The Debtors submit that no other or further notice need be provided.

35.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

---

[4] *See, e.g. In re Motors Liquidation Company, et al., (f/k/a General Motors Corp., et al.,)*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Oct. 6, 2009)*; Lenox Sales Inc., et al.,* Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Sept. 3, 2009)*; In re Lyondell Chemical Company, et al.,* Case No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 6, 2009).

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  December 23, 2009
         New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

## (Notice of Omnibus Objection)

**THIS IS A NOTICE REGARDING YOUR CLAIM.  YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                    :
                     **Debtors.**                   :        **(Jointly Administered)**
                                                    :
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' [insert ordinal]
OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM
[insert basis for objection]**

**[Claimant Name]**

| Filed | | | | | Basis For Objection | Proposed | | | Surviving | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Claim # | Debtor | Classification | Amount | | Debtor | Classification | Amount | Claim # | Amount |
|  |  |  |  |  |  |  |  |  |  |  |

PLEASE TAKE NOTICE that, on _____, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim **[insert basis for objection]** (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]  The category of claim objection applicable to you is identified in the table above in the column entitled "Basis for Objection."

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]**.  **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on _____, 2010 (the "Response Deadline").

---

[1]         A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; and (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

A hearing will be held on _____, 2010 to consider the Objection. The hearing will be held at _____ Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at <u>www.pacer.psc.uscourts.gov</u>), or for free at http://www.lehman-docket.com. If you have any questions about this notice or the Motion, or if you would like to request a complete copy of the Motion at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC at (866) 879-0688. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:     [        ], 2010
                New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             :        08-13555 (JMP)
                                                    :
                                        Debtors.    :        (Jointly Administered)
                                                    :
----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF (I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES

Upon the motion, dated December 23, 2009 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. and its and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b), for approval of (i) Claim Objections

Procedures and (ii) Settlement Procedures, all as more fully described in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided in accordance with the procedures set forth in the amended order entered February 13,

2009 governing case management and administrative procedures [Docket No. 2837] (the "Case

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors, and other parties in interest, are hereby authorized, in addition to those grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims seeking reduction, reclassification and/or disallowance of claims on one or more of the following grounds (the "Additional Permitted Grounds"):

a)  the amount claimed contradicts the Debtors' books and records;

b)  the Claims were incorrectly classified;

c)  the Claims seek recovery of amounts for which the Debtors are not liable;

d)  the Claims do not include sufficient documentation to ascertain the validity of the Claim; and

e)  the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

(collectively, the "Permitted Grounds"); and it is further

ORDERED that the Debtors, and other parties in interest, are authorized to file Omnibus Claims Objections to no more than 500 Claims at a time on the Permitted Grounds; and it is further

ORDERED that, except as expressly provided herein, the Debtors, and other parties in interest, shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each Claim; and it is further

ORDERED that the Debtors are authorized to serve a Claim Objection Notice, rather than the entire omnibus claim objection, on each claimant whose claim is the subject of the applicable omnibus claim objection and, if known, its counsel.  The Claim Objection Notice shall be in a form substantially similar to the notice attached to the Motion as Exhibit "A," shall be personalized for each claimant, and shall include an explanation of the claim objection process, a description of the basis of the omnibus claim objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the omnibus claim objection, and information on how the claimant might obtain a complete copy of the omnibus objection.  The Debtors retain the right to serve omnibus claim objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion; and it is further

ORDERED that the Debtors shall file all omnibus and individual objections with this Court to be made publicly available on the docket through PACER and for free on the website of the Debtors' approved notice and claim agent.  Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and counsel to the Creditors' Committee; (b) with respect to Omnibus Claims Objections, service of a Claim Objection Notice on the claimant

whose claims is the subject of the applicable omnibus claim objection and its counsel, if known;

and (c) with respect to individual claim objections, service of a complete copy of each individual

objection on the claimant whose claim is the subject of the applicable individual claim objection

and its counsel, if known; and it is further

      ORDERED that responses to the Debtors' individual and omnibus claim

objections shall be due twenty-one (21) calendar days after mailing of the objection, unless such

date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the

subsequent business day; *provided, however*, that the Debtors reserve the right to request that the

Court impose an alternative response date or grant expedited consideration with respect to

certain objections, if the circumstances so require, which may result in shortened notice of both

the hearing date and the response deadline; and it is further

      ORDERED that the Debtors, in using their reasonable business judgment, are

authorized to settle Claims in accordance with the following Settlement Procedures:

    (i)    The Debtors will be authorized to settle any and all Claims asserted against the Debtors (other than Claims which may be settled pursuant to the Other Settlement Procedures Orders) without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Claim (the "Settlement Amount") is less than or equal to $5 million or (b) the difference between the Settlement Amount compared to (i) the amount listed on the Proof of Claim or (ii) the amount of the Scheduled Claim (together, the "Claim Difference") does not exceed $5 million without regard to any unliquidated amounts asserted by such claimant (any settlement amount within (a) or (b) being a "*De Minimis* Settlement Amount" and such settlement being a "*De Minimis* Settlement"); *provided, however,* if the aggregate of (x) the Settlement Amount and/or Claim Difference with respect to a claimant underlying a proposed settlement and (y) all Settlement Amounts and/or Claim Differences in regards to the same claimant in the 6-month period preceding the proposed settlement, exceeds the *De Minimis* Settlement Amounts, the Debtors will submit the proposed

settlement to the Creditors' Committee in accordance with clause (ii) of the Settlement Procedures.

(ii)     If the Settlement Amount or Claim Difference is not a *De Minimis* Settlement Amount but is less than or equal to $50 million without regard to any unliquidated amounts asserted by such claimant, or if the aggregate of (x) the Settlement Amount and/or Claim Difference with respect to a claimant underlying a proposed settlement and (y) all Settlement Amounts and/or Claim Differences in regards to the same claimant in the 6-month period preceding the proposed settlement, exceeds the *De Minimis* Settlement Amounts but is less than or equal to $50 million, the Debtors will submit the proposed settlement to the Creditors' Committee, together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proofs of Claim numbers, (iii) the types of Claims asserted by each such party, (iv) the amounts for which such Claims have been settled and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "Settlement Summary").  Within 5 business days of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee, the Creditors' Committee may submit an objection to the proposed settlement reflected in the Settlement Summary; *provided, however*, that if the Creditors' Committee requests additional information regarding a proposed Settlement, its objection period shall be suspended until the requested information has been provided.  If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee if such revised settlement is not a *De Minimis* Settlement Amount or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than 10 days' notice.  If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

(iii)    If the Settlement Amount or Claim Difference is not a *De Minimis* Settlement Amount and is greater than $50 million, or if the aggregate of (x) the Settlement Amount and/or Claim Difference with respect to a claimant underlying a proposed settlement and (y) all Settlement Amounts and/or Claim Differences in regards to the same claimant in the 6-month period preceding the proposed settlement exceeds $50 million, the Debtors will be required to

seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 business days' notice.

(iv)     The types of Claims that may be settled pursuant to these Settlement Procedures include: (i) secured claims; (ii) administrative expense claims under section 503(b) of the Bankruptcy Code; (iii) other priority claims under section 507(a) of the Bankruptcy Code; and (iv) general unsecured claims.

(v)      On a quarterly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will file with the Court and serve, pursuant to the Debtors' Case Management Order, a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the amounts for which such Claims have been settled.

(vi)     On a monthly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will provide to counsel to the Creditors' Committee a report of all *De Minimis* Settlements which the Debtors have entered during the previous month pursuant to these Settlement Procedures. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the terms and amounts for which such Claims have been settled.

(vii)    Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures; and it is further

ORDERED that nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular Claim and all settlements of Claims may be negotiated and compromised by the Debtors within their sole discretion; and it is further

ORDERED that nothing in this Order shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (ii) expand or create additional rights as to the Debtors, to settle or pursue settlement of Claims pursuant to the Other Settlement Procedures Orders or any other order of the Court; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claims asserted in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: January ___, 2010
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE