Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re: LEHMAN BROTHERS HOLDINGS INC., ET AL          Case No. 08-13555(JMP)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of
the transfer, other than for security, of the claim referenced in this evidence and notice.

| EM Opportunities Bond Fund, Inc. | Standard Bank Plc |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent:
Standard Bank Plc
c/o Field Fisher Waterhouse LLP
35 Vine Street, London EC3N 2AA, United Kingdom
Ref: EAM/EJA

Court Claim # (if known):17241
Amount of Claim: $24,978.33 plus
interest, costs and expenses
Date Claim Filed:  SEP 18 2009

Phone: +44 20 7861 4000
Last Four Digits of Acct #:

Phone:
Last Four Digits of Acct. #:

Name and Address where transferee payments
should be sent (if different from above):
Standard Bank Plc
20 Gresham Street, London EC2V 7JE, United Kingdom

Phone:
Last Four Digits of Acct #:

I declare under penalty of perjury that the information provided in this notice is true and correct
to the best of my knowledge and belief.

By:_____ RClar .          Date: 17/Dec/2009
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Date: ~~November 17~~ 2009 *November, 20* *FFW. amended by me parties*

**EM Opportunities Bond Fund, Inc. (acting through Bennet R. Atkinson, Voluntary Appointed Liquidator)**
as assignor

**Standard Bank Plc**
as assignee

# Deed of Assignment

**Field Fisher Waterhouse LLP** 35 Vine Street London EC3N 2AA

# Contents

| No | Heading | Page |
|---|---|---|
| 1. | Definitions and Interpretation | 1 |
| 2. | Assignment | 3 |
| 3. | Notice and Further Assurance | 4 |
| 4. | Third Party Rights | 4 |
| 5. | Governing Law and Jurisdiction | 5 |
| 6. | Counterparts | 5 |
| Schedule 1 | | 6 |
| Form of Notice to LBIE | | 6 |

11497204 v1

*FFU authorized by the parties*

THIS DEED is made this ~~17th~~ **20th** day of November 2009

BETWEEN:

(1)     **EM OPPORTUNITIES BOND FUND, INC.**, whose registered office is at Scotia House, 404 East Bay, P.O. Box N-3016, Nassau, The Bahamas (the "**Assignor**") (acting through Bennet R. Atkinson, Voluntary Appointed Liquidator); and

(2)     **STANDARD BANK PLC**, whose registered office is at 20 Gresham Street, London EC2V 7JE ("**Assignee**").

**IT IS AGREED** as follows:

**1.**     **Definitions and Interpretation**

1.1     Definitions

In this Deed:

| | |
|---|---|
| **"Assigned Assets"** | means all of the right, title, interest, benefit, claims and demands, present and future, of the Assignor in, to, under or in respect of the Settlement Amount and, to the extent that the same relates to the Master Agreement, the Guarantee including, without limitation, all of the right, title, interest and benefit, present and future, of the Assignor in, to, under or in respect of the Claim Documents; |
| **"Bankruptcy Court"** | means the United States District Court for the Southern District of New York; |
| **"Bar Date Order"** | means the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated July 2, 2009 and entered by the Bankruptcy Court in the case of In re Lehman Brothers Holdings Inc., et al., Chapter 11 Case No. 08-13555 (jointly administered) (JMP) in the Bankruptcy Court (together with, to |

|  | the extent provided therein, the related Motion referred to therein); |
|---|---|
| **"Business Day"** | means a day, other than a Saturday or Sunday, on which commercial banks are open for business in London; |
| **"Claim Documents"** | has the meaning given in Clause 4(b); |
| **"Derivatives Questionnaire"** | has the meaning given to it in the Bar Date Order; |
| **"Guarantee"** | means each guarantee executed or otherwise issued by LBHI in favour of the Assignor in respect of the obligations of LBIE under the Master Agreement; |
| **"Guarantee Questionnaire"** | has the meaning given to it in the Bar Date Order; |
| **"LBHI"** | means Lehman Brothers Holdings Inc.; |
| **"LBIE"** | means Lehman Brothers International (Europe); |
| **"Master Agreement"** | means the ISDA Master Agreement and related Schedule between Standard Bank Plc acting as manager for and on behalf of the Assignor and LBIE dated as of 30 November 2007; |
| **"Realisation Amount"** | means the sum of: |

(a) the amount actually and finally recovered by the Assignee in respect of the Settlement Amount, whether by way of set-off or otherwise; less

(b) the amount of all fees, costs and expenses (including internal management time) incurred by the Assignee in connection with this Deed, the termination of the Master Agreement and the recovery (and/or attempted recovery) by the Assignee

2

|  | (whether by way of set-off or otherwise) of the Settlement Amount; |
|---|---|
| **"Realisation Date"** | means the date falling 2 Business Days after the date on which the Realisation Amount is actually and finally received by the Assignee; and |
| **"Settlement Amount"** | means the amount due from LBIE to the Assignor pursuant to Section 6(e) of the Master Agreement. |

1.2    Interpretation

    (a)    Unless the context otherwise requires, any reference in this Deed to:

        (i)    a Clause or Schedule is a reference to a clause of or schedule to this Deed;

        (ii)    this Deed or any other agreement or document is a reference to the same as it may have been, or may from time to time be, amended, varied, supplemented or novated;

        (iii)    the singular includes the plural and vice versa;

        (iv)    a party to this Deed includes it successors and assigns; and

        (v)    a person includes any person, firm, company, corporation, government, state or agency of a state or any association, trust or partnership (whether or not having a separate legal personality) or two or more of the foregoing.

    (b)    Headings in this Deed are for ease of reference only.

## 2.    Assignment

2.1    In consideration of the obligations of the Assignee set out in Clause 2.2 below, the Assignor assigns to the Assignee on the date of this Deed and with full title guarantee the Assigned Assets.

2.2    In consideration for the assignment pursuant to Clause 2.1 above, the Assignee shall pay to the Assignor the Realisation Amount on the Realisation Date.

**3.**     **Notice and Further Assurance**

3.1     As soon as reasonably practicable after the date of this Deed, a notice in the form of Schedule 1 shall be executed by the Assignor and shall be delivered by the Assignee to LBIE.

3.2     As soon as reasonably practicable after the date of this Deed, a notice in the form of Schedule 2 shall be executed by the Assignor and shall be delivered by the Assignee to LBIE.

3.3     As soon as reasonably practicable after the date of this Deed, the Assignee shall file with the Bankruptcy Court a notice of the transfer of the Assignor's claim against LBHI in the form prescribed by the relevant provisions of US bankruptcy law.

3.4     The Assignor and Assignee agree to take any further action and to execute any further documents and/or instruments as may be necessary or desirable to give effect to this Deed.

**4.**     **Representations by the Assignor**

The Assignor hereby represents and warrants to the Assignee that:

(a)     a proof of claim, date-stamped 18 September 2009 by the Bankruptcy Court, claim number 17241, has been duly and timely filed by the Assignor against LBHI (the **"Proof of Claim"**);

(b)     a Derivative Questionnaire and a Guarantee Questionnaire (such questionnaires, collectively with the Proof of Claim, the **"Claim Documents"**) were each duly and timely filed by the Assignor on 19 October 2009 in respect of the Proof of Claim and in accordance with the provisions and requirements of the Bar Date Order;

(c)     the Claim Documents have not been revoked, withdrawn, amended or modified and no right thereunder has been waived;

(d)     all statements in the Claim Documents are true and correct as of the date hereof; and

(e)     the Claim Documents were filed prior to any bar date which may have been established by the Bankruptcy Court or otherwise for filing such proof of claim.

**5.    Third Party Rights**

A person who is not a party to this Deed has no rights under the Contracts (Rights of Third Parties) Act 1999 to enforce or to enjoy the benefit of any term of this Deed.

**6.    Governing Law and Jurisdiction**

6.1    Governing law

The Assignment and any non-contractual obligations arising out of or in connection with it are governed by English law.

6.2    Jurisdiction

The courts of England have non-exclusive jurisdiction to settle any dispute arising out of or in connection with the Assignment (including a dispute relating to any non-contractual obligation arising out of or in connection with the Assignment).

**7.    Counterparts**

This Deed may be executed in any number of counterparts, and this has the same effect as if the signatures on the counterparts were on a single copy of the Deed.

**EXECUTED** as a deed and delivered on the date stated at the beginning of this document.

**Schedule 1**

Form of Notice to LBIE

**By Hand**

Lehman Brothers International (Europe)
25 Bank Street
London E14 5LE

Attn: Documentation Manager

Dear Sirs

**ISDA Master Agreement**

1.   We refer to:

    (a)   the ISDA Master Agreement and related Schedule (the **"Master Agreement"**) between Standard Bank Plc acting as Sub-Investment Manager for and on behalf of EM Opportunities Bond Fund, Inc. (the **"Fund"**) and Lehman Brothers International (Europe) (**"LBIE"**) dated as of 30 November 2007;

    (b)   the Credit Support Annex to the Master Agreement entered into by the Fund and LBIE as of the same date (the **"CSA"**);

    (c)   the notice served on LBIE designating 16 September 2008 as the Early Termination Date in respect of all outstanding Transactions under the Master Agreement (including, for the avoidance of doubt, the CSA); and

    (d)   the notice served on LBIE on 18 February 2009 pursuant to Section 6(d) stating that the Fund's Loss in respect of the Master Agreement is USD 24,978.33.

2.   Terms defined in the Master Agreement have the same meaning in this letter. References to **"Sections"** are to sections of the Master Agreement unless expressly stated otherwise.

3.   The Fund has assigned absolutely to Standard Bank Plc, the Sub- Investment Manager of the Fund, all of its rights, title and interest in the amount payable by LBIE to the Fund pursuant to Section 6(e) of the Master Agreement and the benefit of each guarantee executed or otherwise issued by Lehman Brothers Holdings Inc. in favour of

the Fund in respect of the obligations of LBIE under the Master Agreement. This letter constitutes formal notice by the Fund to LBIE of such assignment.

Yours faithfully

**EM Opportunities Bond Fund, Inc (acting through Bennet R. Atkinson, Voluntary Appointed Liquidator)**

By: _____

**Schedule 2**

Form of Notice to LBHI

**By Hand**

1271 Sixth Avenue, 40th Floor
New York, New York 10020

Attn: Derivatives Legal

~~November 13, 2009~~ *FTU authorised by the parties*

Dear Sirs

**ISDA Master Agreement**

1.     We refer to:

        (a)    the ISDA Master Agreement and related Schedule (the **"Master Agreement"**) between Standard Bank Plc acting as manager for and on behalf of EM Opportunities Bond Fund, Inc. (the **"Fund"**) and Lehman Brothers International (Europe) (**"LBIE"**) dated as of 30 November 2007;

        (b)    the Credit Support Annex to the Master Agreement entered into by the Fund and LBIE as of the same date (the **"CSA"**);

        (c)    the notice served on LBIE designating 16 September 2008 as the Early Termination Date in respect of all outstanding Transactions under the Master Agreement (including, for the avoidance of doubt, the CSA); and

        (d)    the notice served on LBIE on 18 February 2009 pursuant to Section 6(d) stating that the Fund's Loss in respect of the Master Agreement is USD 24,978.33.

2.     Terms defined in the Master Agreement have the same meaning in this letter. References to **"Sections"** are to sections of the Master Agreement unless expressly stated otherwise.

3.     The Fund has assigned absolutely to Standard Bank Plc, the Sub-Investment Manager of the Fund, all of its rights, title and interest in the amount payable by LBIE to the Fund pursuant to Section 6(e) of the Master Agreement and the benefit of each guarantee executed or otherwise issued by Lehman Brothers Holdings Inc. in favour of

the Fund in respect of the obligations of LBIE under the Master Agreement. This letter constitutes formal notice by the Fund to Lehman Brothers Holdings Inc. of such assignment.

Yours faithfully

**EM Opportunities Bond Fund, Inc (acting through Bennet R. Atkinson, Voluntary Appointed Liquidator)**

By: _____

**Signatories**

**EXECUTED** and **DELIVERED** as a **DEED** by Bennet R. Atkinson, Voluntary Appointed Liquidator for and on behalf of **EM OPPORTUNITIES BOND FUND, INC.**:

By: ..................................................................

By: ..................................................................

**EXECUTED** and **DELIVERED** as a **DEED** by **STANDARD BANK PLC**:

By: ..................................................................

By: ..................................................................