IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               )
In re:                                                         )   Chapter 11
                                                               )
LEHMAN BROTHERS HOLDINGS INC.                                  )   Case No. 08-13555 (JMP)
                                                               )
                                                               )
                                                               )
        Debtor.                                                )   (Jointly Administered)
---------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.  TO:    **PANTON MASTER FUND, LP** ("Transferor")
           c/o Panton Capital Group
           590 Madison Ave, 25th Floor
           New York, NY 10022
           Attn: Benjamin Baker
           Telephone: 212-582-3100

           With a copy to:

           Seward * Kissel LLP
           One Battery Park Plaza
           New York, NY 10004
           Attn: Arlene R. Alves, Esq.
           Telephone: 212-574-1200
           Fax: 212-480-8421

2.     Please take notice that the transfer in the amount of $10,580,967.00 of your claim against LEHMAN BROTHERS SPECIAL FINANCING INC., Case No. 08-13888 (JMP) in the above referenced consolidated proceedings arising from and relating to Claim No. 33277 (attached in Exhibit A hereto), has been transferred to:

           **GOLDMAN SACHS LENDING PARTNERS LLC** ("Transferee")
           c/o Goldman, Sachs & Co.

565556.1/9999-00999

30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

An evidence of transfer of claim is attached hereto as <u>Exhibit B</u>. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee at the instructions attached in <u>Exhibit C</u>.

3. No action is required <u>if you do not object</u> to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

-- Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2005.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtor's Attorney ___

565556.1/9999-00999

_____
Deputy Clerk

# EXHIBIT A

## PROOF OF CLAIM

565556.1/9999-00999

| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) | UNIQUE IDENTIFICATION NUMBER: 888035260 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000033276

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Panton Master Fund, LP
c/o Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10017
Attn: Arlene R. Alves, Esq.

☐ Check th this claim am claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Telephone number: (212) 574-1200    Email Address: alves@sewkis.com

**Name and address where payment should be sent (if different from above)**
Panton Master Fund, LP
c/o Panton Capital Group
590 Madison Ave., 25th Floor, New York, NY 10022
Attn: Benjamin Baker
Telephone number: (212) 582-3100    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ At Least $10,580,967, See Attached Addendum
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee, See Attached Addendum
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
   Describe: Cash Collateral, See Attached Addendum**
   Value of Property: $ **_____    Annual Interest Rate ** _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ **_____    Basis for perfection: ** _____
   Amount of Secured Claim: $ **_____    Amount Unsecured: $ ** _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   
   Amount entitled to priority:
   $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

| Date:<br>9/9/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Panton Master Fund, LP<br>By: _____ Its _____    Benjamin Baker<br>Chief Financial Officer | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 08-13555 (JMP) |

## ADDENDUM TO PROOF OF CLAIM OF
## PANTON MASTER FUND, LP

1.  Panton Master Fund, LP ("Claimant"), asserts this claim against Lehman Brothers Holdings Inc. ("LBHI or "Debtor"), the above-captioned debtor, in connection with a guarantee of LBHI of the obligations of its affiliate Lehman Brothers Special Financing Inc. ("LBSF") (chapter 11 Case No. 08-13888 (JMP)).

2.  Claimant is a party to an ISDA Master Agreement, dated as of June 8, 2004 between Claimant and LBSF. The ISDA Master Agreement, together with the Schedules and Credit Support Annexes forming a part thereof and all Amendment Agreements entered into in connection therewith are collectively referred to as the "Master Agreement". The documents comprising the Master Agreement, and all other relevant documentation supporting this Proof of Claim, will be uploaded to the Debtor's supplemental questionnaire website, www.lehman-claims.com (the "Website"), in satisfaction of the "Derivative Questionnaire" requirements set forth in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form entered in this case on July 2, 2009 (the "Bar Date Order").

3.      Under the terms of the Master Agreement, Claimant and LBSF agreed to enter into one or more transactions (each a "Transaction" and collectively, the "Transactions") under the Master Agreement. Each Transaction was evidenced by a confirmation (a "Confirmation", and collectively, the "Confirmations").

4.      The Debtor unconditionally guaranteed the obligations of LBSF under the Master Agreement pursuant to the Guarantee of Lehman Brothers Holdings Inc., dated as of June 25, 2004 (the "Guarantee"). The Guarantee is a Credit Support Document as contemplated by the Master Agreement. The relevant documentation relating to the Guarantee will be uploaded to the Website in satisfaction of the "Guarantee Questionnaire" requirements set forth in the Bar Date Order.

5.      Pursuant to the Guarantee, the Debtor

> unconditionally guarantees to [Claimant] the due and punctual payment of all amounts payable by [LBSF] under each Transaction when and as [LBSF]'s obligations thereunder shall become due and payable in accordance with the terms of the [Master] Agreement. In the case of the failure of [LBSF] to pay punctually any such amounts, Guarantor hereby agrees, upon written demand by [Claimant], to pay or cause to be paid any such amounts punctually when and as the same shall become due and payable.

6.      The Debtor's filing of a chapter 11 petition on September 15, 2008, constituted an Event of Default under Section 5(a)(vii) of the Master Agreement. On September 17, 2008, Claimant sent LBSF a Notice of Event of Default under the Master Agreement, setting a Termination Date of September 17, 2008.

7.      On September 18, 2008, Claimant sent LBSF a Statement (Demand of Payable). The Statement provides that Claimant's losses in respect of the Master Agreement are as follows:

| | |
|---|---|
| Total Collateral: | $9,957,716 |

2

      Settlement Amount:      $623,251

      Net Claim:      $10,580,967

8. LBSF has not paid the amounts due under the Master Agreement. Pursuant to the Guarantee, the Debtor is obligated to pay these amounts. To the extent required, this Proof of Claim constitutes a written demand by Claimant for the Debtor to pay amounts due under the Guarantee.

9. Under the Master Agreement LBSF agreed to indemnify Claimant and pay all reasonable out-of-pocket expenses, including legal fees and stamp tax, as a result of the enforcement of its rights under that agreement or any Credit Support Document, such as the Guarantee. This claim includes Claimant's fees and expenses, including legal fees and expenses in an amount to be determined.

10. Pursuant to the Master Agreement, Claimant is also entitled to interest at the default rate on all amounts due and owing. This Proof of Claim includes all interest and default interest to the extent permitted under applicable law.

11. In addition, LBSF made certain representations and warranties under the Master Agreement. This Proof of Claim includes damages to Claimant for any breaches of representations and warranties made by LBSF in the Master Agreement, to the extent applicable under the Master Agreement and related documents.

12. Claimant's $9,957,716 in cash collateral held by LBSF's estate is not property of the estate and to the extent LBSF transferred that cash collateral to the Debtor, Claimant asserts a constructive trust, equitable lien or other legal and equitable theories with respect to the cash collateral which should be returned to Claimant.

13. This Proof of Claim is based on the Debtor's obligations under the

3

Guarantee and encompasses any and all claims arising from the Guarantee, the Master Agreement, the Transactions, the Confirmations, any documents relating to the Master Agreement and any actions of LBSF in connection with the Claimant and the Master Agreement.

14. With respect to all of the foregoing, Claimant asserts this Proof of Claim for (a) recovery of $10,580,967 with respect to the Master Agreement, (b) an unliquidated amount of fees and expenses that will continue to accrue, (c) interest at the default rate, to the extent permitted under applicable law, and (d) an unliquidated amount for LBSF's potential breaches under the Master Agreement.

15. Additionally, the Debtor, pursuant to a resolution of its board of directors dated June 9, 2005 (the "Board Resolution"), fully guaranteed the payment of all liabilities, obligations and commitments of certain of its subsidiaries, including LBSF. The Debtor is therefore fully liable under the Board Resolution for all amounts owed by LBSF, as well as for any and all amounts owing in respect of any other claim Claimant may have against LBSF.

16. Notices regarding this Proof of Claim should be sent to:

Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004
Tel: 212-574-1200
Fax: 212-480-8421
Attn: Arlene R. Alves, Esq.

Panton Master Fund, LP
c/o Panton Capital Group
590 Madison Ave., 25th Floor
New York, NY 10022
Attn: Benjamin Baker

17. Claimant expressly reserves its right to replace, amend or supplement this Proof of Claim to include any claim at law or in equity.

4

18. The filing of this Proof of Claim shall not be deemed a waiver of any claim in law or in equity that Claimant may have against the Debtor or LBSF, including, but not limited to, administrative or other priority claims, secured claims and constructive trust and equitable lien claims with respect to collateral held by LBSF, the right to seek adequate protection or the right to assert claims that are otherwise warranted in any related action. Furthermore, nothing contained herein shall be construed as a waiver of any rights or remedies of Claimant with respect to any other claims against any of the Debtor's affiliates.

19. The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge, or (e) a waiver of any right to (i) move to withdraw the reference, or otherwise challenging the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

20. Claimant specifically preserves all of its procedural and substantive

5

defenses and rights with respect to any claim that may be asserted against Claimant by the

Debtor, any of its successors and assigns or by any trustee for the Debtor's estate.

SK 21701 0001 980481 v2
8/27/09 01:57 PM

## EXHIBIT B

**EVIDENCE OF TRANSFER OF CLAIM**

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, Panton Master Fund, LP ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Goldman Sachs Lending Partners LLC ("Purchaser") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Lehman Brothers Special Financing Inc. (the "Debtor"), the debtor in Case No. 08-13888 pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and the relevant portion of any and all proofs of claim (No. 33277) filed by Seller with the Bankruptcy Court in respect of the foregoing claim.

Seller hereby waives any objection to the transfer of the claim to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing claim, recognizing Purchaser as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 2/5 day of December 2009.

PANTON MASTER FUND, LP

By: _____
Name:
Title:   Benjamin Baker
         Chief Financial Officer

GOLDMAN SACHS LENDING PARTNERS LLC

By: _____
Name:
Title:   Jennifer Dokish
         Authorized Signatory

554099.8/153-05391

## EXHIBIT C

Address for Notices:

c/o Goldman, Sachs & Co.
30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com


Wire Instructions:

Citibank, N.A.
ABA# 021000089
A/C Name: Goldman Sachs Lending Partners LLC
A/C # 30581483
Ref: Lehman from Panton Master Fund (Case 33277)
Attn: Bank Loan Operations