**LATHAM & WATKINS LLP**
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200
Mark A. Broude
Obianuju A. Enendu
Email: Mark.Broude@lw.com
          Obianuju.Enendu@lw.com

Attorneys for Bundesverband deutscher Banken e.V.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* ) | |
| ) | Case No. 08-13555 (JMP) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |

**LIMITED OBJECTION OF BUNDESVERBAND DEUTSCHER BANKEN E.V. TO THE DEBTORS' MOTION PURSUANT TO SECTION 1059(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF (I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES**

Bundesverband deutscher Banken e.V. ("BdB") by its undersigned counsel, submits this limited objection to the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of (I) Claim Objection Procedures and (II) Settlement Procedures (the "Motion") and respectfully states as follows:

As a general matter, BdB does not object to the Debtors' Motion or most of the relief sought thereunder. However, BdB objects to a portion of the Debtors' request to expand the grounds on which omnibus objections can be filed. Specifically, BdB objects solely to the Debtors' request to receive authorization to file omnibus objections on the following two additional grounds (the "Expanded Grounds"): (1) the amount claimed contradicts the Debtors' books and records; and (2) the Claims seek recovery of amounts for which the Debtors are not

NY\1605028.4

liable. By requesting authorization to file omnibus objections, the Debtors seek to avoid their procedural burdens and to put claimants in an untenable position. If the Debtors' request for Expanded Grounds is granted, the Debtors will be able to object to claims without providing the claimant with an explanation for the objection.

A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") constitutes prima facie evidence of the validity of the claim. See In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Hess, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009); In re Alper Holdings USA, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008); In re MarketXT Holdings Corp., 2007 Bankr. Lexis 740, 17 n.8 (Bankr. S.D.N.Y. 2007). If a party in interest files an objection to the proof of claim, "[t]he burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim." Alper Holdings USA, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008); see also In re MarketXT Holdings Corp., 2007 Bankr. Lexis 740, 17 n.8 (Bankr. S.D.N.Y. 2007) (noting that "[t]he claimant is only required to prove the merits of the claim if an objection is offered"). Specifically, "the objector must produce evidence which, if believed, would refute at least one of the allegations that, is essential to the claim's sufficiency." In re Alper Holdings USA, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008); In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009). "When the burden [of proof] shifts back to the claimant, the claimant must prove the validity of the claim by a preponderance of the evidence." In re MarketXT Holdings Corp., 2007 Bankr. Lexis 740, 17 n.8 (Bankr. S.D.N.Y. 2007); see also In re DJK Residential LLC, 416 B.R. 100, 104-105 (Bankr. S.D.N.Y. 2009) ("[t]he claimant must then prove by a preponderance of the evidence that under applicable law the claim should be allowed") (internal quotation marks omitted).

By asking for authority to file omnibus objections based upon the Expanded Grouds, the Debtors are seeking to avoid their burden of production.  Simply saying that the Debtors' books and records do not agree with, or that the Debtors are not liable on, a particular filed claim does not constitute evidence at all, much less "evidence which, if believed, would refute at least one of the allegations that, is essential to the claim's sufficiency."  Furthermore, it would be impossible for a claimant subject to such an objection to respond.  What is the proper response to an objection which says no more than "you are wrong" without any rationale or evidentiary support?  The claimant has no way of knowing what evidence, if any, the Debtors have to support their position and would be left with no choice but to seek blunderbuss discovery in an attempt to find out if there is any support at all.

Furthermore, the Debtors' request flies in the face of the clearly expressed policy behind the 2007 amendments to Bankruptcy Rule 3007(d).  Bankruptcy Rule 3007(d) sets forth certain objections that may be joined in a single pleading.  In the Advisory Committee Notes to the 2007 Amendments to the Bankruptcy Rules, the Advisory Committee notes that Bankruptcy Rule 3007 was amended to authorize the filing of a pleading that joins objections to more than one claim in an effort to facilitate the efficient administration of large cases.  Fed. R. Bankr. P. 3007, Advisory Committee Note (2007).  Additionally, the Advisory Committee noted that "[o]bjections of the type listed in [Bankruptcy Rule 3007(d)] often can be resolved without material factual or legal disputes."  Fed. R. Bankr. P. 3007, Advisory Committee Note (2007). However, the Advisory Committee cautioned that the rule included restrictions on the use of omnibus objections to "ensure the protection of the due process rights of the claimants."  Fed. R. Bankr. P. 3007, Advisory Committee Note (2007).  Thus, the changes to Bankruptcy Rule 3007(d) were specifically designed to be consistent with the relative evidentiary burdens that

NY\1605028.4

claimants and objectors bear. Unlike the objections set forth in Bankruptcy Rule 3007(d), objections based upon the Expanded Grounds are almost certain to lead to "material factual or legal disputes." As a result, such objections do not lend themselves to an undifferentiated approach without the need to provide evidenciary support tailored to the specific claim. Thus, the Debtors' request is contrary both to applicable law and to the policy expressed by the drafters of Bankruptcy Rule 3007(d).

**WHEREFORE**, Bundesverband deutscher Banken e.V. requests that this Court deny the Motion solely to the extent that the Debtors seek the right to file omnibus objections based upon the Expanded Grounds, and grant such other and further relief as this Court may deem just and proper.

Dated: January 5, 2010  
New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ Mark A. Broude  
     Mark A. Broude  
     Obianuju A. Enendu  
885 Third Avenue, Suite 1000  
New York, New York 10022  
Telephone: (212) 906-1200  
Facsimile: (212) 751-4864

Counsel for Bundesverband deutscher Banken e.V.

NY\1605028.4