SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
Telephone: (617) 338-2800
Facsimile: (617) 338-2880
Pamela Smith Holleman (PH 4465)

*Counsel to the Finnish Program Securities*
*Holders (as identified herein)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| LEHMAN BROTHERS HOLDINGS, INC., | ) | Case No. 08-13555 (JMP) |
| *et al.*, | ) |  |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS BY CERTAIN FINNISH PROGRAM SECURITIES HOLDERS IN RESPONSE TO DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF (I) CLAIM <u>OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES</u>

The holders of certain guaranteed notes (the "<u>Finnish Program Securities Holders</u>"),[1] by

their undersigned counsel, hereby submit this limited objection and reservation of rights in

response to Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy

Rules 3007 and 9019(b) for Approval of (I) Claim Objection Procedures and (II) Settlement

Procedures (the "<u>Motion</u>"),[2] stating as follows:

### Summary of Limited Objection

1.     The Finnish Program Securities Holders oppose the Motion if and to the extent

---

[1] The names of the Finnish Program Securities Holders are listed in **Exhibit A** attached hereto.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

1

{B1037445; 1}

that Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors and debtors in

possession (collectively, the "Debtors") seek authority from this Court to compel creditors to

produce, in response to an Objection, all evidence in support of the particular creditor's claim (i)

in a manner that does not recognize the prima facie validity of the claim pursuant to Bankruptcy

Rule 3001(f), and/or (ii) without affording creditors the requisite protections of Bankruptcy

Rules 7026 and 7028-7037 and other applicable rules of procedure. The Court should deny the

motion to the extent that it seeks any such relief.

2.      At present, the Finnish Program Securities Holders do not know whether or not

the Debtors will choose to object to any of their claims; but they do not consent to any such

deprivation of due process of law, and accordingly reserve all rights under the Bankruptcy Code

and applicable Bankruptcy Rules.

### Basis for Limited Objection

3.      Each of the Finnish Program Securities Holders is a creditor and party in interest

in these cases, having timely filed one or more proofs of claim in LBHI's bankruptcy case as the

holder of one or more senior notes[3] issued by Lehman Brothers Treasury Co. B.V. and backed by

one or more senior guarantees issued by LBHI pursuant to that certain U.S. $100,000,000,000

Euro Medium Term-Note Program as described in (i) that certain Base Prospectus dated 24 July

2007, and (ii) Final Terms dated 18 December 2007 for the Issue of EUR 9,140,000 Index-

Linked Redemption Notes due January 2013 relating to a Basket of Indices and/or Final Terms

dated 26 February 2008 for the Issue of EUR 6,597,000 Multi-Asset-Linked Redemption Notes

due March 2013 relating to a Basket of Assets.

---

[3] These notes were issued in registered, uncertificated and dematerialized book-entry form pursuant to the Base
Prospectus and related securities documents.

2

{B1037445; 1}

4.      While the Finnish Program Securities Holders generally do not oppose the relief requested in the body of the Motion, they respectfully draw the Court's attention to Exhibit A attached to the Motion, a form of "Claim Objection Notice", which is to be personalized and issued to individual claimants.  The Debtors discuss the proposed form of Notice only in general terms, stating that Exhibit A is attached "for illustrative purposes only".  <u>See</u> Motion at ¶ 15. The proposed Notice states that a creditor wishing to respond to an objection to its claim must include in such response, among other things, "*all* documentation or *other evidence* of the claim … upon which you will rely in opposing the Objection" (emphasis added).  Exhibit A at 2.[4]

5.      The Debtors offer no support in the Motion for the proposition that a claimant faced with an claim objection (including, without limitation, a non-specific objection such as "books and records" or a mere denial of liability, which are not countenanced by Bankruptcy Rule 3007(d)) may be forced to respond within a matter of days with trial-ready evidence on the merits of the claim.  By contrast, Official Form 20B (Notice of Objection to Claim) merely requires a claimant to "file with the court a response to the objection, explaining your position". Official Form 20B  is consistent with Bankruptcy Rule 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim").  The proposed Claim Objection Notice is not.

6.      Read literally, the proposed form of Notice would strip claimants of their right to discovery and other due process.  The Notice directs the claimant to respond to an Objection by producing all evidence – i.e., trial-ready evidence – in support of its claim, without the opportunity to conduct fact discovery, locate and engage expert witnesses (if it so chooses) and otherwise develop its case.  Under Rule 9014, "the filing of an objection to a proof of claim …

---

[4] The Notice does not state whether the scheduled hearing on the Objection will be evidentiary or non-evidentiary.

3

{B1037445; 1}

creates a dispute which is a contested matter." Fed. R. Bankr. P. 9014 Advisory Committee

Notes. A party to a contested matter is entitled to fact discovery to determine the basis (if any)

for the debtor's objection to its claim. See Bankruptcy Rule 9014 (applying Bankruptcy Rules

7026 and 7028-7037 to contested matters). Such discovery may be essential when the claimant

has no evidence as to the basis for an Objection (e.g. where a claim is objected to merely as

being inconsistent with the Debtors' "books and records" or a mere denial of liability).

7.     By requiring the claimant to produce all evidence in support of its claim at the

outset, the proposed Claim Objection Notice also improperly shifts the burden of production to

the claimant. By contrast, the courts require that, in order to shift the burden, an objector "must

produce evidence which, if believed, would refute at least one of the allegations that is essential

to the claim's sufficiency." In re Alper Holdings USA, No. 07-12148 (BRL), 2008 WL 160203

at *3 (Bankr. S.D.N.Y. Jan. 15, 2008), aff'd, 398 B.R. 736 (S.D.N.Y. 2008); accord In re DJK

Residential LLCX, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (Peck, J.).

8.     Moreover, the process that the Debtors seek to establish would require affected

claimants to respond within twenty-one calendar days after mailing of a Claim Objection Notice.

Motion at ¶ 18. As a result, a claimant may be required to respond to an Objection, producing all

evidence in support of its claim, in substantially less than twenty-one days' time.

9.     Traditional notions of fairness dictate that the Debtors are not permitted to litigate

claims objections in a one-sided manner. Affected claimants are entitled to receive sufficient

notice to enable them to review and respond fully to an Objection. Within broad statutory limits,

the Debtors already have full control of the timing and scope of the Objections they choose to

file. Moreover, other relief requested in the Motion (which the Finnish Program Securities

Holders do not oppose) will relieve the Debtors of many burdens. Fundamental fairness dictates

4

{B1037445; 1}

that claimants (particularly claimants located on another continent) should not be required to respond fully, within less than twenty-one calendar days after receipt, to Claim Objection Notices prepared and served by the Debtors on a timetable of the Debtors' own choosing. If and to the extent that the Motion requests authority to work such a deprivation of fundamental due process rights, it must be denied.

## Conclusion

WHEREFORE, the Finnish Program Securities Holders respectfully request that the Court deny the Motion insofar as the Debtors seek authority to compel a creditor to respond to an Objection in a manner that does not recognize the prima facie validity of the claim and/or without affording the creditor the protections of all applicable Bankruptcy Rules; and grant them such other and further relief as is just and proper.

Dated: January 6, 2010

/s/ Pamela Smith Holleman

SULLIVAN & WORCESTER LLP
Pamela Smith Holleman (PH 4465)
One Post Office Square
Boston, MA 02109
Telephone (617) 338-2800
Facsimile (617) 338-2880
pholleman@sandw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date she caused a true and correct copy of the foregoing to be served by hand upon counsel to the debtors, the Official Committee of Unsecured Creditors, and the Office of the United States Trustee, as set forth below, and to all other parties-in-interest via the Court's ECF notification system.

Shai Y. Waisman, Esq.
**Weil Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153
shai.waisman@weil.com

Dennis F. Dunne, Esq.
Dennis O'Donnell, Esq.
Evan Fleck, Esq.
**Milbank, Tweed, Hadley & McCloy LLP**
1 Chase Manhattan Plaza
New York, NY 10005
ddunne@milbank.com

5

{B1037445; 1}

Andy Velez-Rivera, Esq.
Paul Schwartzberg, Esq.
Brian Masumoto, Esq.
Linda Riffkin, Esq.
Tracy Hope Davis, Esq.
**Office of the United States Trustee**
33 Whitehall Street, 21st Floor
New York, NY  10004

Dated:  January 6, 2010
         Boston, MA

/s/ Pamela Smith Holleman
Pamela Smith Holleman

6

{B1037445; 1}