UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                          :   Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :   08-13555 (JMP)
                                                               :
                                       Debtors.                :   (Jointly Administered)
                                                               :
                                                               :
---------------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE STATEMENT OF MICHAEL STANTON BURKETT

## ON BEHALF OF STIKEMAN ELLIOTT LLP

CITY OF TORONTO            )
                           ) ss:
PROVINCE OF ONTARIO        )

Michael Stanton Burkett, being duly sworn, upon his oath, deposes and says:

1. I am a Partner of Stikeman Elliott LLP, located at 199 Bay Street, 5300 Commerce Court West, Toronto, Ontario, Canada, M5L 1B9 (the "Firm").

2. On August 24, 2009, I executed an Affidavit and Disclosure Statement (the "Affidavit") in support of Debtors' retention of Stikeman Elliott LLP as ordinary course professionals to provide Canadian corporate, banking and restructuring legal services to the Debtors and submitted that Affidavit and a completed Retention Questionnaire (the "Questionnaire") to the Debtors' bankruptcy counsel, to be filed with the Court in accordance with the procedures set forth in the order entered November 5, 2008 authorizing the Debtors to employ professionals utilized in the ordinary course of business [Docket No. 1394]. The Debtors subsequently filed the Affidavit and Questionnaire with the Court on August 26, 2009 [Docket No. 4962].

3.  This Affidavit (the "Supplemental Affidavit") supplements the previous Affidavit.

4.  SkyPower is a privately-held company that was incorporated under the laws of Canada in 2003.

5.  SkyPower is one of the leading independent, renewable energy developers in Canada with extensive expertise in developing large-scale wind, solar and other renewable energy power projects.

6.  SkyPower is a wholly-owned subsidiary of 1328392 Alberta ULC, an Alberta unlimited liability company (the "SkyPower Parent").

7.  The SkyPower Parent is owned approximately 82.1% by LB SkyPower ULC, a corporate affiliate of LBHI.

8.  SkyPower owes approximately $36.9 million to a corporate affiliate of LBHI, pursuant to working capital facilities provided to SkyPower on a subordinated basis following LBHI's filing for bankruptcy protection pursuant to the above-referenced chapter 11 cases.

9.  Pursuant to an Order of the Ontario Superior Court of Justice (the "CCAA Court"), dated August 12, 2009 (the "Initial CCAA Order"), SkyPower was granted protection pursuant to the Companies Creditors Arrangement Act R.S.C. 1985, c. C-36, as amended (the "CCAA"). Pursuant to an Order of the CCAA Court dated August 25, 2009, SkyPower was authorized to conduct a sale process with respect to its assets, property and undertaking.

10. The Firm has been retained to represent a bidding party (the "<u>Bidding Party</u>") in connection with the above-referenced sales process established by the CCAA Court. The Bidding Party is a developer, builder, operator and manager of wind power projects throughout the United States and Canada.

11. SkyPower and the Debtors are each aware of the above-referenced representations and each consented to such representations provided (i) there is a ethical wall insulating parties acting for potential bidders from all others acting for the Debtors, (ii) no one acting for the Debtor with respect to SkyPower also acts for the potential bidders, and (iii) in the case of any potential or actual conflict, the Firm ceases its representation of the potential bidders.

12. The Firm has implemented an ethical screen to ensure that the information disclosed to the Firm by the Debtors, in the context of the Firm's representation of the Debtors (the "<u>Debtors Mandate</u>") remains confidential and is not disclosed to the persons working for the Bidding Party and that information disclosed to the Firm by the Bidding Party in the context of the Firm's representation of the Bidding Party (the "<u>Bidding Party Mandate</u>") remains confidential and is not disclosed to the persons working for the Debtors.

13. Accordingly, the Firm has established the following practices and procedures:

    (a) Any person who works for the Bidding Party in the context of the the Bidding Party Mandate or who has any confidential information relating to the Bidding Party (the "<u>Bidding Party Team</u>") must not participate in any manner in the Firm's representation of the Debtors in the Debtors Mandate.

(b) Any person who works for the Debtors in the context of the Debtors Mandate or who has any confidential information relating to the Debtors (the "<u>Debtors Team</u>") must not participate in any manner in the Firm's representation of the Bidding Party in the Bidding Party Mandate.

(c) Any person on the Bidding Party Team must not disclose any confidential information with respect to the Bidding Party Mandate to any person not on the Bidding Party Team, and in particular shall not disclose any such information to any person on the Debtors Team, and must not discuss the Bidding Party Mandate or any question of fact or of law related directly or indirectly to the Bidding Party Mandate with or in the presence of any person on the Debtors Team.

(d) Any person on the Debtors Team must not disclose any confidential information with respect to the Debtors Mandate to any person not on the Debtors Team, and in particular shall not disclose any such information to any person on the Bidding Party Team, and must not discuss the Debtors Mandate or any question of fact or of law related directly or indirectly to the Debtors Mandate with or in the presence of any person on the Bidding Party Team.

(e) Any person on the Debtors Team should not share a secretary with any person on the Bidding Party Team.

(f) All files relating to the Bidding Party Mandate shall be labelled "RESTRICTED CLIENT FILE – THE ONLY PERSONS PERMITTED TO HAVE ACCESS TO THIS FILE ARE THOSE PERSONS WORKING ON THIS MANDATE FOR

[THE BIDDING PARTY]" and kept in a secured cabinet. No person shall give access to any such file to anyone on the Debtors Team.

    (g)  All files relating to the Debtors Mandate shall be labelled "RESTRICTED CLIENT FILE –THE ONLY PERSONS PERMITTED TO HAVE ACCESS TO THIS FILE ARE THOSE PERSONS WORKING FOR LEHMAN BROTHERS". No person shall give access to any such file to anyone on the Bidding Party Team.

    (h)  All documents in the computer system relating to the Bidding Party Mandate shall be entered as "Full Security" on the DM Document Profile and the trustees shall be limited to the author of the document, his or her secretary, and any other person that the lawyer responsible for the Bidding Party Mandate may authorize. No person shall give access to any such document to anyone on the Debtors Team.

    (i)  All documents in the computer system relating to the Debtors Mandate shall be entered as "Full Security" on the DM Document Profile and the Trustees shall be limited to the author of the document, his or her secretary, and any other person that the lawyer responsible for the Debtors Mandate may authorize. No person shall give access to any such document to anyone on the Bidding Party Team.

    (j)  No research memo or precedent relating to the Bidding Party Mandate or to the Debtors Mandate shall be entered in the firm's date base without ensuring either (i) that such document has security applied to it as provided in paragraphs 13(h) or 13(i) above; or (ii) that all references to the Debtors or the Bidding Party and to any factual information that is either confidential or would allow the identification of the Debtors or the Bidding Party is deleted.

(k) Each person on the Bidding Party Team is required to sign a document pursuant to which they agree to observe the foregoing practices and procedures and to return it to the Firm's Ethical Wall Co-ordinator.

(l) Each person on the Debtors Team is required to sign a document pursuant to which they agree to observe the foregoing practices and procedures and to return it to the Firm's Ethical Wall Co-ordinator.

14. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

By: /s/ Michael Stanton Burkett
Michael Stanton Burkett

Subscribed and sworn to before me
this 6th day of January, 2010

_____
Notary Public