Hearing Date and Time: January 13, 2010 at 10:00 a.m.<br>
Objection Date and Time: January 6, 2010 at 4:00 p.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York  10017-5010
Telephone:  (212) 655-6000
Craig M. Price

Attorneys for U.S. Bank National Association, as Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | CHAPTER 11<br><br>CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

**OBJECTION OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE TO THE DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF (I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      NOW COMES U.S. Bank National Association, not individually but as Trustee under a variety of trusts (*"U.S. Bank"* or the *"Trustee"*), by and through its counsel, Chapman and Cutler LLP, and for its Objection to the Debtors' Motion, Pursuant to Section 105(a) of the

2742632.01.05.doc
1697028

Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of (I) Claim Objection Procedures and (II) Settlement Procedures (the "*Motion*" and U.S. Bank's objection thereto, the "*Objection*"), respectfully states as follows:

**SUMMARY**

1. U.S. Bank serves as Trustee for over 800 transactions with the Debtors involving various securitization transactions, derivatives, and other complex transactions. U.S. Bank has filed hundreds of claims against the Debtors on behalf of many trusts and holders of beneficial interests in these transactions. While U.S. Bank does not object to the Debtors' use of an omnibus procedure to object to duplicative or redundant claims as permitted by Rule 3007(d), the proposed procedures are inappropriate for an omnibus objection because:

- Notice of all objections should also be provided to counsel (such as U.S. Bank as Trustee) where known;

- They impermissibly adjust the burdens which normally apply in the claims objection process, affording the Debtors an unfair litigation advantage in the claims resolution process;

- Copies of the full objection should be provided to claimants whose claims are being objected to;

- They are unfair to claimants who have already expended significant resources to provide the Debtors with detailed support for filed claims;

- They are one sided and require claimants to provide evidence to the Debtors without receipt of any meaningful objection;

- They provide inadequate time for a meaningful defense of a party's claim; and

- With respect to the Settlement Procedures, procedures should provide 21 days advance written notice to a Trustee prior to consummation of any settlement involving an issuer under an Indenture, a settlement with a Trust or any or all of the beneficiaries thereof so that either (a) the Trustee may verify that those with other interests in the trust are not being adversely affected or (b) the Trustee may provide notice to beneficiaries of the proposed settlement to the extent beneficiaries are not part of the proposed settlement;

- The Settlement Procedures should require the approval of the Creditors Committee in advance of the consummation of a settlement with the Trustee to ensure that parties to a settlement are not subjected to a second bite of the apple;

- In the event of a settlement with an entity involving multiple trusts, each Trustee should be provided with 21 advance written notice of any settlement involving a trust (provided that beneficiaries are likewise provided with notice; if not, then an additional 14 days); and

- Each settlement involving a Trust, Indenture Trustee or other Trustee should be approved as a 9019 settlement so that the Trustee may provide notice to beneficiaries of the proposed settlement with an appropriate Court Order to bind all parties, including the beneficiaries of a trust and provide appropriate protection to the Trustee.

Accordingly, U.S. Bank respectfully request that the proposed procedures be amended to include the reasonable, limited modifications discussed below.

## ARGUMENT

### A. Copies of Objections Should Be Provided to Counsel Where Known; Full Copies of the Objection Should Be Provided

2. In addition to serving an objection or notice on the claimant, U.S. Bank believes it is appropriate to serve all objections on counsel to a claimant where it is known. Likewise, a claimant should not be forced to obtain a copy of an objection; a full copy of the objection ought to be provided.

### B. Any Omnibus Objection Should be Limited to the Grounds Specified in Rule 3007(d) and Should Not Include the "Additional Permitted Grounds"

3. By the filing of this Objection, U.S. Bank by no means intends to signal that it is unwilling to work with the Debtors to analyze potential overlap of claims or settlement of its claims against the Debtors. In fact, it has already been working with the Debtors on a number of resolutions of certain issues in this case. U.S. Bank, however, believes that the proposed procedures impermissibly shift the burden to the Trustee, whose claims are *prima facie* valid, are not appropriate for large public or complex structured finance transactions, and do not provide

adequate procedural safeguards for the interests of the Trustee or the beneficial holders it represents. Therefore, U.S. Bank requests that any Order approving the Motion include the reasonable, limited modifications discussed below (the "*Proposed Modifications*").

4.  First, U.S. Bank respectfully objects to the requirement that parties provide further documentation regarding their claims because it is unduly burdensome and is not appropriate in light of the additional documentation that parties were required to submit with derivative questionnaires and proofs of claim. As currently drafted, the Notice purports to require, *inter alia*:

> (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection…

*Motion* at Ex. A. However, this is inconsistent with Rule 3001(f), which provides that the filing of a proof of claim constitutes *prima facie* evidence of its amount and validity, and no further documentation or evidence is required until the claim is rebutted with evidence from the Debtors. FED. R. BANKR. P. 3001(f); *In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (D. Del. 2001); *citing In re Allegheny Intern Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000)("[t]o overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim"); *In re Hemingway Transp., Inc.*, 993 F.2d 915 (1st Cir. 1993) (objection to a claim does not deprive the claim of its presumptive validity unless it is supported by substantial evidence). Until a meaningful and substantive objection is made, no further evidence should be required. Here, while U.S. Bank agrees that an omnibus objection process may be appropriate, it should be confined to the grounds set forth in Rule 3007(d). Expanding the process to include all

claims where they Debtors suggest that they "are not liable" would be unfair and would create the potential for abuse.

5. Additionally, as an equitable matter, U.S. Bank and other claimants expended significant resources to provide the additional detail they were able to provide in both the proof of claim and derivative questionnaire process. While the Notice does not appear to seek duplication of these efforts, this information should be more than sufficient for the Debtors to examine the merits of the claim and provide a meaningful objection. U.S. Bank should not be required to engage in this exercise again because the Debtors are not yet satisfied with the level of detail provided. This is particularly true for derivative claimants such as U.S. Bank, who have already expended significant resources to comply with the derivative and guaranty questionnaires. As hundreds of claimants can be subjected to this process without a significant effort by the Debtors, the process should be limited to the bases enumerated in Rule 3007(d).

6. Second, if the Court is inclined to require parties to submit the supplementary materials listed in the proposed procedures, the Debtors should be required to submit, along with their Notice, the same documents and other components that claimants would be required to submit with their responses. Thus, the Debtors should be required to submit the following with their objections: (i) a concise statement setting for the reasons why the Proof of Claim should be disallowed or otherwise affected, including, but not limited to, the specific factual and legal bases upon which the Debtors rely in objecting to the Proof of Claim and (ii) a copy of any documentation or other evidence upon which they will rely. In its current form, the Notice attached to the Motion suggests that the Debtors may only specify one of the "Additional Permitted Grounds" (such as insufficient documentation) as a basis. In order to make the

omnibus objection process meaningful, and to ensure that the process is fair to both sides, the process should be mutual and complete.[1]

7.  Additionally, the proposed procedures go beyond the scope of Rule 3007 to include "Additional Permitted Grounds" which should be subject to a specific, detailed objection. For example, the additional grounds include objections such as "books and records" and where the Debtors simply claim they are "not liable." Without any description in the Motion of the state or quality of the Debtors' books and records, it is impossible for claimants (or the Court) to determine whether this can be a legitimate basis for objection. Indeed, sister jurisdictions have enacted procedures regulating omnibus objections, to prevent them from being used in an inappropriate "shotgun" manner or where the absence of a claim on the debtors books is a result of inadequate record keeping by the Debtors and not due to any failure on the part of the claimant. *See, e.g.*, DEL. L. R. BANKR. P. 3007-1(d)(iv) (promulgating procedures for making "books and records" objections). As every claim objection necessarily argues that the Debtors are "not liable," this is an inappropriate basis for an omnibus objection. Conversely, the only apparent basis for this process appears to be the convenience of the Debtors. As a result, U.S. Bank respectfully submits that the "Additional Permitted Grounds" in the proposed procedures are inappropriate, particularly with respect to the complex derivative claims.

### C. More Time is Needed to Provide a Meaningful Response

8.  The claims resolution process in this case is likely to last many months, or even years. Yet the procedures proposed by the Debtors provide affected parties with only 21 days (or less) to respond. In light of the complex nature of U.S. Bank's claims, and the voluminous documents relating thereto, it is unreasonable to expect that 21 days is sufficient to provide a full

---

[1] The filing of an objection creates a contested matter under Federal R. Bankr. P. 9014. As drafted, the proposed procedures also deprive claimants of the procedural protections contained therein.

and complete response. Often, these transactions are highly sophisticated financial transactions involving a large number of parties. As the proposed Notice purports to require claimants to provide further documentation and information supporting its claim, parties with valid claims will be prejudiced if they are unable to assemble sufficient documentation in the short time allotted for response.

9. For example, U.S. Bank relies upon directions, instructions, indemnities and funding from the beneficial holders in these transactions. The proposed procedures do not provide sufficient time for compliance, or provide enough time for the Trustee to attempt to reach beneficiaries in an effort to provide any meaningful response. As the ultimate source of the information requested may, in many cases, be the relevant beneficial holders, the proposed procedures should not apply to the Trustee or at least be amended to permit additional time to comply. Also, in many cases, the ultimate source of information supporting a claim rests with the Debtors, and in others, such as the various swap transactions, the Debtors are required, but have failed, to provide a final calculation of amounts owing under these transactions.

10. Additionally, there are persons with interests beyond the nominal counterparties (*e.g.*, derivative contracts) whose interests may be affected by the proposed procedures and whose participation will be necessary for the Trustee to substantiate its claims. In other cases, the terms or nature of the public debt or structured finance transaction limit or preclude the ability of the Trustee or investors to protect their interests within the timelines provided by the proposed procedures. U.S. Bank suggests that the Debtors work with U.S. Bank where the Debtor believes that a claim is duplicative, and only seek relief under when an agreement cannot be reached. Where an agreement cannot be reached, the Trustee requests that it be granted ninety (90) days to provide a response. There is no need for such a short timeline, particularly when it could

cause claimants to lose valuable rights or spawn unnecessary litigation over whether the submitted documentation is sufficient.

### D. Further Disclosure is Needed Regarding Settlements

11. U.S. Bank does not object to granting the Debtors limited authority to settle claims against the estate. However, as currently drafted, the settlement procedures do not provide timely or meaningful disclosure of the terms of the settlements. For example, while the Order appears to provide for a quarterly report of settled claims, parties in interest, who may be considering similar settlement offers, should be entitled to know the terms of existing settlements so that settlements do not unfairly discriminate against claimants holding similar claims. Given that the Debtors are no longer a going concern, there is no apparent legitimate basis for keeping settlement terms confidential. Further, any quarterly report should provide sufficient detail so that parties in interest can view the salient terms of the settlement. The need for appropriate disclosure is particularly important in the context of the derivative transactions for which U.S. Bank serves as Trustee, given the similar structures of many of these transactions. Since U.S. Bank would be entitled to review and object to these settlements had they been brought under Fed.R.Bankr.P. 9019 absent a protective order of this Court, it is only fair that parties receive appropriate disclosure.

### E. Prior Notice of Settlements Involving or Affecting Trusts Should Be Provided to the Trustee

12. In addition, the Settlement Procedures are vague as to who would be included in negotiation in connection with these settlements. Many of the transactions involving U.S. Bank as Trustee are complex and involve the interests of a number of different parties. In settlements where one or all of the beneficiaries are involved U.S. Bank as Trustee requests that it be provided 21 days advance written notice prior to filing or consummation so that it might evaluate the settlement to determine whether the rights or interests of those with interests in the

transaction are being adversely affected. In those circumstances where trust beneficiaries are not involved, the Trustee requests 35 days advance written notice prior to the consummation or filing of a settlement so that it may attempt to notify the beneficial holders of the transaction of the proposed settlement.

13. This is particularly true in settlements with a beneficial holder that might involve multiple transactions. The Trustee may need to make sure that each trust is being treated fairly and appropriately and that no other party with an interest in each trust is being treated in an adverse manner. Advance notice should be provided to the Trustee of each affected trust so that it may analyze the settlement and provide any necessary notices to beneficiaries.

   **F. All Settlements with U.S. Bank as Trustee Should Be By 9019 Settlement and Order of Approval From the Bankruptcy Court**

14. Again, U.S. Bank serves as Trustee under a number of highly sophisticated transactions. It generally has no economic interest in any of these transactions. As a result, the Trustee should not be subject to any risk or criticism from other participants in the relevant transaction. As a result, the Trustee believes that it is appropriate for any settlement which involves a trust to be the subject of a Motion pursuant to Bankruptcy Rule 9019, providing sufficient notice to all relevant constituencies, and that an Order of this Court be required prior to consummation, with appropriate provisions binding all parties in interest to the transaction to the terms thereof, and providing appropriate release from liability of the Trustee as a result thereof.

   **G. Creditors Committee Approval of All Settlements Involving U.S. Bank as Trustee Should be Obtained In Advance**

15. U.S. Bank as Trustee is concerned that the proposed Settlement Procedures may provide the Estate with more than one bite of the apple in connection with any settlement because creditors committee approval is not required in advance. The Trustee needs to know that all constituencies approve of a settlement prior to expending funds to notify beneficiaries of

the terms thereof.  Any ability of the creditors committee to object after the parties have come to terms constitutes inappropriate leverage and is a waste of the resources of the relevant trust.

## CONCLUSION

16.     U.S. Bank has been working with the Debtors to resolve issues in these matters and it believes this process has generally worked well.  It is the expectation of U.S. Bank that this dialogue and cooperation will continue.  U.S. Bank does not object to an omnibus objection process that reduces the administrative burden on the Debtors and otherwise complies with Rule 3007.  However, U.S. Bank does not believe that the proposed procedures are appropriate under Rule 3007 or that it is appropriate to subject the Trustee to these procedures.  Therefore, given the consensual process which the Trustee and Debtors have been using to date, the Trustee believes that it should be excluded from the proposed procedures, or that a longer period of ninety (90) days be provided for responses.  U.S. Bank also believes that the Settlement Procedures should provide the Trustee with advance notice of settlements involving trusts in which U.S. Bank is involved, should require all settlements with trusts be approved pursuant to Bankruptcy Rule 9019 and an appropriate court order, and that the procedures require creditors committee approval in advance of Settlement Procedures involving trusts.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE U.S. Bank National Association, as Trustee respectfully requests that this Court deny the relief requested in the Motion and grant such other relief as the court deems appropriate.

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION, not individually but as Trustee

By: _____/s/ Ann Acker_____
One of Its Attorneys

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
(312) 845-3000

Craig M. Price
CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
(212) 655-6000