Hearing Date and Time: January 13, 2010 at 10:00 a.m.
Objection Date and Time: January 6, 2010 at 4:00 p.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
Telephone: (212) 655-6000
Craig M. Price

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | CHAPTER 11 CASE NO. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., ET AL., | |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE TO THE DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) FOR ESTABLISHMENT OF PROCEDURES FOR THE DEBTORS TO COMPROMISE AND SETTLE PREPETITION CLAIMS ASSERTED BY THE DEBTORS AGAINST THIRD PARTIES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

2744117.01.04.doc

NOW COMES U.S. Bank National Association, not individually but as Trustee to file this Limited Objection to the Motion of the Debtors Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) for Establishment of Procedures for the Debtors to Compromise and Settle Prepetition Claims Asserted by the Debtors Against Third Parties (the "*Motion*" and U.S. Bank's objection thereto, the "*Objection*").  In support of its Objection, U.S. Bank states as follows:

**OBJECTIONS**

1. As noted in its previous filings with this Court, U.S. Bank serves as Trustee for over 800 transactions with the Debtors involving various securitization transactions, derivatives, and other complex transactions.  U.S. Bank has filed hundreds of claims against the Debtors on behalf of many trusts and holders of beneficial interests in these transactions.  U.S. Bank does not object to the permitting the Debtors to settle prepetition claims which truly arose out of the ordinary course of their businesses.  However, it believes that the definition used by the Debtors, which could include claims against virtually anyone, may enable settlements to be reached which might affect trusts for which U.S. Bank serves as Trustee without notice to the Trustee to enable the Trustee to determine whether the settlement adversely affects it.

2. Specifically, the Motion purports to define "Prepetition Ordinary Course Claims" as "amounts owed to the Debtors by various parties including, *but not limited to*, the Debtors' employees, customers, vendors, and taxing authorities." *Motion* at 2 (emphasis added).  Aside from the fact that a claim must have arisen prepetition, the proposed procedures do not provide any meaningful limitation on the types of claims that may be settled.  While many of the enumerated categories of claims may indeed contain noncontroversial settlements, the Motion does not provide sufficient information on which an informed determination can be made by parties-in-interest as to whether particular classes of claims should be subject to settlement.  For

example, the Debtors have asserted claims against counterparties in numerous derivative transactions. U.S. Bank believes that it would be inappropriate to permit settlements of claims involving Trusts without prior disclosure to all parties-in-interest. As such, U.S. Bank believes that a Trustee ought to be provided with 21 days advance written notice of any settlement affecting a Trust so that it may verify that the settlement does not adversely affect non-settling beneficiaries or parties-in-interest to the Trust and provide notice of the proposed settlement to beneficiaries of the trust.

3. Also, the Motion contains an artificially high settlement amount of $25 million which must be reached before a motion to approve the settlement under Bankruptcy Rule 9019 is required. U.S. Bank believes that all parties-in-interest should retain their right to notice and a hearing under Rule 9019 and should be entitled to examine the terms of any potentially significant settlements reached by the Debtors, particularly those involving or affecting trusts. The settlements should be approved by Court Order to make the settlement binding on all beneficiaries of the Trust, and to provide exculpation of the Trustee from any liability. While U.S. Bank agrees that claim settlements may be useful in realizing on the estate's claims, the proposed settlement procedures must be carefully scrutinized to protect parties' rights to notice and a hearing. Here, the Debtors have proposed overly broad procedures that provide inadequate disclosure of settlement terms. As such, the proposed procedures should be modified to provide notice of settlements affecting trusts, and eliminating the threshold for when a motion must be filed under Rule 9019 for settlements involving trusts.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, U.S. Bank National Association, as Trustee respectfully requests that this Court require that notice be given to the relevant Trustee of all settlements involving of affecting trusts, mandate that all settlement involving trusts be approved under Rule 9019 and grant such other relief as the Court deems proper.

Dated: January 6, 2010

        Respectfully submitted,

        U.S. Bank National Association, not
          individually but as Trustee

        By: _____/s/ Ann Acker_____
                One of Its Attorneys

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
(312) 845-3000

Craig M. Price
CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
(212) 655-6000