REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
Eric A. Schaffer (ES-6415)
Michael J. Venditto (MV-6715)

*Counsel to The Bank of New York Mellon,
The Bank of New York Mellon Trust Company,
N.A., and BNY Corporate Trustee Services
Limited, in their representative capacities*

**Hearing: January 13, 2010 at 10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X
                                                                    :
In re                                                               :     **Chapter 11**
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                            :     **Case No. 08-13555 (JMP)**
                                                                    :     **(Jointly Administered)**
                                                    Debtors.        :
                                                                    :     *Refers to Dkt. No. 6374*
------------------------------------------------------------------- X

**LIMITED OBJECTION OF THE BANK OF NEW YORK MELLON,
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.
AND BNY CORPORATE TRUSTEE SERVICES LIMITED TO
DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF
(I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES**

The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and any affiliate thereof, through its Corporate Trust Department, and BNY Corporate Trustee Services Limited, each as trustee, indenture trustee, agent, or in its other representative capacity (collectively, the "Trustee") for the holders (the "Holders") of certain notes, certificates, bonds, or other interests (collectively, the "Notes") issued by certain issuers pursuant to structures created by the Debtors or their affiliates that have entered into derivative contracts with one or

more Debtors, objects to the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of (I) Claim Objection Procedures and (II) Settlement Procedures (the "<u>Motion</u>") (D.I. 6374).[1]

## I. **PRELIMINARY STATEMENT**

1. The Trustee objects to the proposed claim objection procedures (the "Procedures") solely with regard to the proposed response deadline.

2. As drafted, the Procedures would give claimants only 21 days from the date of mailing of an objection to respond. As discussed below, this is insufficient notice where the claims have been made by the Trustee on behalf, or for the benefit, of the beneficial holders of such claims. The Trustee proposes that, where objections are made to claims filed by the Trustee in its capacity as Trustee, the response deadline be not less than 60 days. Such notice is necessary in order to assure that the requirements of due process and the Bankruptcy Code are satisfied, and it would not prejudice the Debtors. The Trustee has no other objections to the Procedures.

3. Absent notice that is appropriate in the particular circumstances of these claims, the Procedures could result in otherwise avoidable motion practice. In similar situations in these cases, such as the implementation of alternative dispute resolution procedures, the Court has recognized the need to provide the Trustee and its beneficial holders with appropriate notice and other procedural safeguards. This precedent should be followed in connection with the Procedures.

---

[1] Capitalized terms not defined in this Objection shall have the meanings assigned to such terms in the Motion.

**II.     SUMMARY OF OBJECTION**

4.     The proposed claim resolution procedures do not take into account the complexity of the synthetic structures created by the Debtors.  For reasons noted above, the Trustee objects to entry of an order approving the Motion on the basis that the Procedures do not provide parties in interest with adequate notice or a meaningful opportunity to be heard before the Court rules on claims objections.

**III.    FACTUAL BACKGROUND**

**A.  Relationships among the Debtors, the Trustee, and the Holders**

5.     The Trustee acts in a representative capacity for the Holders of notes issued by trusts, special purpose vehicles, or other issuers (each, an "Issuer") in hundreds of transactions that were structured by the Debtors and their affiliates (collectively, the "Trustee Transactions").[2] These holders are located in Europe, Asia, North America, and Australia.

6.     Many of the Trustee Transactions included an indenture and a swap or repurchase agreement pursuant to which an Issuer is the counterparty to a Derivative Contract with a Debtor. Because the obligations of the Issuer are generally limited to the trust assets, the beneficial parties in interest are the Holders.

7.     In accordance with the governing documents, the Trustee filed proofs of claim in its capacity as Trustee or on behalf of the Issuers in connection with many of the Trustee Transactions.

---

[2]     A detailed description of the hundreds of Trustee Transactions at issue is much too voluminous for this Objection; therefore, the Trustee provides a general description of the Trustee Transactions.

8.      As a general rule, the Trustee is required by the transaction documents to serve relevant notices – such as objections to proofs of claim – on Holders and to solicit Holders' direction in connection with the exercise or protection of their rights. In most instances, however, neither the Debtors nor the Trustee regularly maintain a register identifying the beneficial Holders because the Notes are traded in the financial markets and the Holders typically hold through "street names." The Trustee communicates with the Holders through clearing systems in the United States and Europe including the Depository Trust Clearing Corporation, Euroclear System, and Clearstream Banking S.A. (collectively, the "Clearing Systems"), which Clearing Systems are the registered owners of the Notes and are responsible for holding, clearing, and settling transactions.

9.      The notice periods and required forms of notice vary among Trustee Transactions. In some instances, action may be taken only at a Holders' meeting, called within a particular timeframe, after which additional notice and solicitation is required. The percentage of Holders required to direct the Trustee's actions varies among transactions. .

**B.  Resolution of Analogous Issues relating to ADR Procedures**

10.     On July 20, 2009, the Debtors filed a motion seeking entry of an order authorizing Debtors to implement certain alternative dispute resolution procedures ("Derivatives ADR Procedures") to resolve claims against certain counterparties to derivatives contracts. The Trustee filed an objection to those Derivatives ADR Procedures because it was unclear whether the Debtors sought to compel the Trustee (as opposed to Holders) to participate in mediation as a "Derivative Counterparty."

11.     The Trustee's concerns with regard to the Derivatives ADR Procedures were similar to its concerns regarding the Procedures proposed in the instant Motion. As the Trustee

explained in its objection to the original Derivatives ADR Procedures, the Holders must receive notice and an opportunity to be heard in connection with proceedings that may affect their rights. Additionally, the right of each Holder to receive principal and interest generally cannot be impaired without, *inter alia*, the Holder's consent and, even in the bankruptcy context, a trustee may not settle dissenting holders' claims without direction from the Holders.

12. The Trustee's objections to the Derivatives ADR Procedures were resolved by modification of the proposed procedures, including, *inter alia*, a longer notice period, to ensure that the Trustee, the Issuers, and the Holders receive adequate notice of any proposed ADR proceedings. Those modifications, approved by Order of this Court, served the goal of efficient case administration without sacrificing the requirements of due process.

## IV.    OBJECTION

13. Although the Trustee and/or Issuers filed proofs of claim in these cases, the Holders are the real parties in interest with respect to those claims. The identities of the Holders are largely unknown to either the Debtors or the Trustee.

14. The Procedures make no effort to afford these parties in interest meaningful notice of objections to their claims. To the contrary, the Procedures would fix unnecessarily brief response periods for claims objections that, in the context of this case, would not provide adequate notice.

15. Due process requires notice that is "reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response."[3]

---

3    *In re Aboody*, 223 B.R. 36, 40 (1st Cir. BAP 1998); *see also Jones v. Flowers*, 547 U.S. 220, 226 (2006); *In re Robintech, Inc.*, 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 493 U.S. 811 (1989) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

16. As a threshold, Bankruptcy Rule 3007(a) requires that an objection to claim must be mailed to a creditor "at least 30 days prior to the hearing" on the objection. The Debtors propose, for no articulated reason, that the Court approve procedures providing for only 21 days notice.

17. While Rule 3007(a) establishes the minimally acceptable notice, in larger bankruptcy cases, it is not unusual for an order establishing procedures regarding objections to proofs of claim to provide that an indenture trustee shall have such additional time as reasonably may be necessary to ensure that holders receive adequate notice and an opportunity to provide direction. *See, e.g.*, In re VeraSun Energy Corp., United States Bankruptcy Court, District of Delaware, Case No. 08-12606 (BLS), *Order Establishing (I) Dates for Hearings Regarding Disallowance or Modification of Claims and (II) Certain Notices and Procedures Governing Hearings Regarding Disallowance or Modification of Claims* [Dkt. No. 2029] at ¶10(a)(C) ("Notwithstanding any other terms of this Order, the Debtors and their successors in interest shall coordinate on scheduling … so as to give the indenture trustee reasonable time to advise beneficial holders of such objection and to enable the indenture trustee to receive direction and indemnification (if any) in accordance with the terms of the indenture and related documents").

18. Due to the complex nature of the financial structure of the Trustee Transactions, the timeframe for notice contemplated by the Motion is not "reasonably calculated" to provide meaningful notice to beneficial Holders. The Debtors must provide enough advance notice to permit registered Holders and the Clearing Systems to send the notices to the appropriate first-tier participants, for forwarding to the beneficial Holders of the Notes. Holders then need sufficient time to provide direction to the Trustee or to take appropriate action themselves.

19. The Trustee is cognizant of the logistical burdens these cases create for the Court as well as the Debtors and their professionals. Experience with the Derivatives ADR Procedures demonstrates, however, that it is possible to craft procedures that are efficient without sacrificing substantive and procedural rights.

20. While the Debtors are free to file objections on a schedule of their choosing, after they have completed their analysis and prepared the necessary objections, they wish to impose an arbitrarily short deadline on creditors who are located in a number of foreign countries. Under the deadline proposed by the Debtors, it is likely that some parties in interest will not have actual knowledge of the objections before a response must be filed. Since the Trustee must communicate with Holders through the Clearing Systems, it also is likely that the Trustee will not have obtained direction from the required majority of Holders before the deadline expires.

21. Taken as a whole, the Procedures currently proposed set unreasonable deadlines and impose other burdensome requirements that can serve only to impair legitimate claims and provide a windfall for the Debtors.

22. There are several options available that could avoid any potential prejudice to third parties. Such options could include a longer notice period for claim objections, a different process applicable to claims predicated on synthetic structures or involving an indenture trustee, or some combination of these alternative. None of these would undermine the Debtors' effort to resolve outstanding claims. At a minimum, the Trustee believe that the Holders should have not less than 60 days notice of any deadline requiring a response to an objection to a proof of claim.

WHEREFORE, the Trustee objects to the Motion and respectfully requests that this Court (i) deny the Motion to the extent that it fails to provide adequate notice to the Holder, (ii)

US_ACTIVE-102948753.1-600318-60059

deny the Motion because it proposes unfair, unreasonable, and impractical procedures, and (iii) grant such further relief as is appropriate.

Dated: January 6, 2010
New York, New York

Respectfully Submitted,

By:  */s/ Eric A. Schaffer*
Eric A. Schaffer (ES-6415)
Michael J. Venditto (MV-6715)
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450

Counsel to The Bank of New York Mellon,
The Bank of New York Mellon Trust Company, N.A.
and BNY Corporate Trustee Services Limited,
in their representative capacities

TO:

Chambers of Honorable James J. Peck
One Bowling Green, Courtroom 601
New York, New York 10004

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attention:    Shai Y. Waisman

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
Attention:    Andy Velez-Rivera
              Paul Schwartzberg
              Brian Masumoto
              Linda Riffkin
              Tracy Hope Davis

Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, New York 10005
Attention:    Dennis F. Dunne
              Dennis O'Donnell
              Evan Fleck