HUNTON & WILLIAMS LLP
Peter S. Partee
Scott H. Bernstein
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

and

J.R. Smith (admitted *pro hac vice*)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200

ALSTON & BIRD LLP
Martin G. Bunin
90 Park Avenue
New York, New York 10016
(212) 210-9400

and

J. William Boone
William S. Sugden (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000

*Counsel for Bank of America, National Association,*
*successor by merger to LaSalle Bank National Association, as Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                                 :
                                                                 :  Chapter 11
In re:                                                           :  Case No. 08-13555
                                                                 :
LEHMAN BROTHERS HOLDINGS, INC.,                                  :
et al.                                                            :  (JMP)
                                                                 :  (Jointly Administered)
        Debtors.                                                 :
-----------------------------------------------------------------x
```

**OBJECTION OF BANK OF AMERICA, NATIONAL ASSOCIATION,**
**SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL**
**ASSOCIATION, SOLELY IN ITS CAPACITY AS TRUSTEE UNDER**
**CERTAIN TRUST AGREEMENTS TO THE DEBTORS' MOTION PURSUANT**
**TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULES 3007 AND 9019(b) FOR APPROVAL OF (I) CLAIM OBJECTION**
**PROCEDURES AND (II) SETTLEMENT PROCEDURES**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

      Bank of America, National Association, successor by merger to LaSalle Bank

National Association, in its capacity as trustee (the "Trustee") under certain Trust

Agreements, Pooling and Servicing Agreements, Indentures and similar agreements to

which one or more of the above-captioned debtors (the "Debtors") is a party, hereby

objects (the "Objection") to the *Debtors' Motion Pursuant to Section 105(a) of the*

*Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of (I) Claim*

*Objection Procedures and (II) Settlement Procedures* (Docket No. [6374]) (the

"Motion").

## OBJECTION

1.      The Trustee filed numerous proofs of claims in the Debtors' bankruptcy

cases.

2.      The Trustee objects to the Motion only with respect to two portions of the

relief requested.

3.      First, the Trustee objects to the following language in the Claim Objection

Notice (as defined in the Motion):

> Your response, if any, must contain at a minimum the following: …
> (iv) all documentation or other evidence of the claim, to the extent not
> included with the proof of claim previously filed with the Bankruptcy
> Court, upon which you will rely in opposing the Objection.

Claim Objection Notice, at 2.

4.      This language could be read to preclude claimants from conducting

discovery after filing a response to a claim objection and from relying on documents or

other evidence obtained in such discovery.[1]  This language also could be read to preclude

claimants from relying on documents or other evidence (a) that are discovered in

claimants' records or otherwise after filing a response to a claim objection, or (b) that

---

[1]      Counsel to the Debtors have orally confirmed to counsel to the Trustee that the
relief requested in the Motion will not preclude claimants from conducting
discovery after filing a response to a claim objection or from relying on
documents or other evidence obtained in such discovery, but the Trustee identifies
this issue for purposes of completeness.

claimants are aware of but do not intend to rely on until after filing a response to a claim objection.  These potential limitations would inappropriately prejudice claimants' due process rights and should not be approved.

5.      Second, the Trustee objects to the Debtors' request to file omnibus objections on the Additional Permitted Grounds (as defined in the Motion) to the extent such relief would affect the evidentiary burdens associated with the claim objections.

6.      Proofs of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") constitute prima facie evidence of the validity of the claim.  *See, e.g.,* Bankruptcy Rule 3001(f); *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009).  If a party files an objection to a claim, "[t]he burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that, is essential to the claim's legal sufficiency."  *In re Alper Holdings USA*, Case No. 07-12148 (BRL), 2008 Bankr. LEXIS 86, *10 (Bankr. S.D.N.Y. Jan. 15, 2008) (internal citations omitted).

7.      If an order approving the Motion ("Order") affected these well-established evidentiary burdens associated with claim objections, the Order would inappropriately prejudice the due process rights of claimants.  Thus, the Trustee objects to the Debtors filing omnibus objections on the Additional Permitted Grounds, but only to the extent such relief would affect the well-established evidentiary burdens associated with claim objections.

WHEREFORE, the Trustee requests that the Court sustain this Objection and that any Order approving the Motion provides that (1) the Order and the Claim Objection Notice (i) do not limit claimants' discovery rights; (ii) do not affect claimants' ability to rely on documents or other evidence obtained in discovery; and (iii) do not affect claimants' ability to rely on documents or other evidence (a) discovered in claimants' records or otherwise after filing a response to a claim objection or (b) that claimants did not intend to rely on until after filing a response to a claim objection; and (2) authorizing the Debtors to file omnibus objections on the Additional Permitted Grounds does not affect the evidentiary burdens associated with the claims objections.

Respectfully submitted this 6th day of January 2010.


HUNTON & WILLIAMS LLP

*/s/ Scott H. Bernstein*
Peter S. Partee
Scott H. Bernstein
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

and

J.R. Smith (admitted *pro hac vice*)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200


ALSTON & BIRD LLP
Martin G. Bunin
90 Park Avenue
New York, New York 10016
(212) 210-9400

and

J. William Boone
William S. Sugden (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000


*Counsel for Bank of America, National Association,*
*successor by merger to LaSalle Bank National Association, as Trustee*