ALSTON & BIRD LLP

Martin G. Bunin, Esq.
90 Park Avenue
New York, NY 10016
Telephone: (2120 210-9400

AND

J. William Boone
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7282

*Counsel for Wilmington Trust Company, as Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re:                                                      : Chapter 11
                                                            : Case No. 08-13555
                                                            :
**LEHMAN BROTHERS HOLDINGS, INC.,**                         :
*et al.*                                                    : (JMP)
                                                            : (Jointly Administered)
   Debtors.                                                 :
------------------------------------------------------------x

**LIMITED OBJECTION OF WILMINGTON TRUST COMPANY, SOLELY IN ITS CAPACITY AS TRUSTEE UNDER CERTAIN TRUST AGREEMENTS TO THE DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF (I) CLAIM OBJECTION PROCEDURES AND (II) <u>SETTLEMENT PROCEDURES</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

   Wilmington Trust Company, in its capacity as trustee (the "<u>Trustee</u>") under

certain Trust Agreements, Pooling and Servicing Agreements, Indentures and similar

agreements to which one or more of the above-captioned debtors (the "<u>Debtors</u>") is a

party, hereby objects (the "<u>Objection</u>") to the Debtors' Motion Pursuant to Section 105(a)

of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of (I) Claim Objection Procedures and (II) Settlement Procedures (Docket No. [6374]) (the "Motion").

**OBJECTION**

1. The Trustee filed numerous proofs of claims in the Debtors' bankruptcy cases.

2. The Trustee objects to the Motion only with respect to two portions of the relief requested.

3. First, the Trustee objects to the following language in the Claim Objection Notice (as defined in the Motion):

> Your response, if any, must contain at a minimum the following: …
> (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection.

Claim Objection Notice, at 2.

4. This language could be read to preclude claimants' from conducting discovery after filing a response to a claim objection and from relying on documents or other evidence obtained in such discovery. This language also could be read to preclude claimants from relying on documents or other evidence (a) that are discovered in claimants' records or otherwise after filing a response to a claim objection, or (b) that claimants are aware of but do not intend to rely on until after filing a response to a claim objection. These potential limitations would inappropriately prejudice claimants' due process rights and should not be approved. The Trustee has received verbal confirmation from Debtor's counsel that it will make a verbal clarification during the hearing that preserves the parties rights to discovery under Bankruptcy Rule 9014 and otherwise does

not impose the possible limitations as set forth above.

5. Second, the Trustee objects to the Debtors' request to file omnibus objections on the Additional Permitted Grounds (as defined in the Motion) to the extent such relief would affect the evidentiary burdens associated with the claim objections.

6. Proofs of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") constitute prima facie evidence of the validity of the claim. *See, e.g.,* Bankruptcy Rule 3001(f); *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009). If a party files an objection to a claim, "[t]he burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that, is essential to the claim's legal sufficiency." *In re Alper Holdings USA*, 2008 LEXIS 86, 90 (Bankr. S.D.N.Y. 2008) (internal citations omitted).

7. If an order approving the Motion ("Order") affected these well-established evidentiary burdens associated with claim objections, the Order would inappropriately prejudice the due process rights of claimants. Thus, the Trustee objects to the Debtors filing omnibus objections on the Additional Permitted Grounds, but only to the extent such relief would affect the well-established evidentiary burdens associated with claim objections.

WHEREFORE, the Trustee requests that the Court sustain this Objection and that any Order approving the Motion provides that (1) the Order and the Claim Objection Notice (i) do not limit claimants' discovery rights; (ii) do not affect claimants' ability to rely on documents or other evidence obtained in discovery; and (iii) do not

affect claimants' ability to rely on documents or other evidence (a) discovered in claimants' records or otherwise after filing a response to a claim objection or (b) that claimants did not intend to rely on until after filing a response to a claim objection; and (2) authorizing the Debtors to file omnibus objections on the Additional Permitted Grounds does not affect the evidentiary burdens associated with the claims objections.

Respectfully submitted this 6th day of January 2010.

ALSTON & BIRD LLP

By: /s/ J. William Boone

J. William Boone
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7282

AND

Martin G. Bunin, Esq.
90 Park Avenue
New York, NY 10016
Telephone: (2120 210-9400

*Counsel for Wilmington Trust Company, as Trustee*