IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>**LEHMAN BROTHERS HOLDINGS INC**<br><br>**Lehman Brothers Holdings, Inc**<br><br><br>("the Debtors") | Chapter 11<br><br>Case No. 08-13555 (JMP) Jointly Administered<br><br>**Case No. 08-13555**<br><br><br><br>**Claim No.:** 66057 |
|---|---|

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, TURNBERRY LEVERAGED CREDIT MASTER LP, IN THE AMOUNT OF $22,601,120.00, TO C.V.I G.V.F. (LUX) MASTER S.A.R.L.

**To Transferor:**   Turnberry Leveraged Credit Master LP
c/o Seward & Kissel LLP
Attn: Justin L. Shearer, Esq
One Battery Park Plaza
New York, NY  10004

PLEASE TAKE NOTICE that the transfer of $22,601,120.00 of the above-captioned  general unsecured claim has been transferred to:

**Transferee:**   C.V.I G.V.F. (Lux) Master S.a.r.l.
c/o CarVal Investors UK Limited
Knowle Hill Park
Farimile Lane
Cobham
Surrey KT11 2PD
United Kingdom

The evidence of transfer of claim is attached hereto.  A copy of the Proof of Claim and a copy of the Claims Agent website listing the claim are attached.

If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2009.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Ch-11 LEHMAN BROTHERS HOLDINGS, INC.

Debtor

Case No. 08-13555

Chapter 11

### NOTICE OF TRANSFER OF CLAIM
### PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of Turnberry Leveraged Credit Master Fund, L.P. ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Proof of Claim Amount | Proof of Claim No. |
|---|---|
| $22,601,120.00 | 66057/33432 |

have been transferred and assigned to C.V.I. G.V.F. (Lux) Master S.a.r.l. ("Assignee");provided however this transfer explicitly excludes Assignor's interest in that certain bond with a $1,000,000.00 face amount, the Servicemaster Company 10.75% Sr. Notes, CUSIP #81760NAE9 (the "Trust Asset") and no interest, right or title to the Trust Asset shall be transferred to Assignee in any way.

The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

ASSIGNEE: C.V.I. G.V.F. (Lux) Master S.a.r.l.
Address:  c/o CarVal Investors UK Limited
          Knowle Hill Park
          Fairmile Lane
          Cobham
          Surrey KT11 2PD
          United Kingdom

Signature: R Ward
Name: R WARD
Title: DIRECTOR
Date: 16 Nov 2009

ASSIGNOR: Turnberry Leveraged Credit Master LP
Address:  c/o Seward & Kissel LLP
          Attn: Justin L. Shearer, Esq.
          One Battery Park Plaza
          New York, NY 10004

Signature: Phillip Pennell
Name: Phillip Pennell
Title: Head Trader
Date: 11-10-2009

SK 26751 0001 1046024

159-218/AGR/1950145.1



- Epiq Directory
- Contact Us
- Forms
- BSI

# Epiq Systems, Inc.

646 282 2400

Client Home | Filed Claims & Schedules | Key Documents | Docket | Change Client

# Lehman Brothers Holdings Inc. (Chapter 11)

Filed Claims and Schedules

Claim # 66057 | Name Starts With | Debtor ...
Schedule # | Total Claim Value Equals | Scope Claims and Schedules
Claim Date Range to
Order By Creditor Name | Results Per Page 10 | Search | Clear

Page 1 of 1 | Page | Go

| | Claim # | Schedule # | Creditor Name | Date | Total Claim Value | |
|---|---|---|---|---|---|---|
| − | 66057 | | TURNBERRY LEVERAGED CREDIT MASTER LP<br>ATTN: JUSTIN L. SHEARER, ESQ.<br>C/O SEWARD & KISSEL LLP<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004<br><br>Debtor: LEHMAN BROTHERS HOLDINGS, INC. | 12/28/2009 | $22,601,120.00<br>Claim Secured Amount: $22,601,120.00<br><br>Remarks: This claim amends claim 33432<br>CLAIMED PARTIALLY UNLIQUIDATED | Image |

Claims 1-1 of 1

Epiq Bankruptcy Solutions, LLC ("Epiq") maintains this website for the public's convenience. While Epiq makes every attempt to assure the accuracy of the information contained herein, this website is not the website of the United States Bankruptcy Court and does not contain the complete, official record of the Bankruptcy Court. All documents filed with the Bankruptcy Court are available for inspection at the office of the Clerk of the Bankruptcy Court during its normal business hours or online on the Bankruptcy Court's website. Use of this website is also subject to our terms of use and end user license agreement. Please review our privacy statement for additional information regarding the data maintained on this website.

© 2010 Epiq Systems, Inc. All Rights Reserved.

- Home
- Contact
- Subscribe
- Site Map
- Disclaimer
- Terms of Use
- Privacy Statement
- Safe Harbor

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) | UNIQUE IDENTIFICATION NUMBER: |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Turnberry Leveraged Credit Master LP
c/o Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004
Attn: Justin L. Shearer, Esq.

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 33432
  (If known)

Filed on: 9/21/09

Telephone number: (212) 574-1200    Email Address: shearer@sewkis.com

Name and address where payment should be sent (if different from above)
Turnberry Leveraged Credit Master LP
c/o Turnberry Capital Management, L.P.
325 Greenwich Ave., Greenwich, CT 06830
Att: Michael Srubinski
Telephone number: (203) 861-2712    Email Address: MSRUBINSKI@TurnberryCapital.net

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ See Attached Addendum
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   ***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Contract, See Attached Addendum
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
   Describe: See Attached Addendum**
   Value of Property: $ **    Annual Interest Rate **   %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ **    Basis for perfection: **
   Amount of Secured Claim: $ **    Amount Unsecured: $ **

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payment ... his proof of claim.
8. **Documents:** Attach redacted copies orders, invoices, itemized statements of r Attach redacted copies of documents pro on reverse side.) If the documents are vo: **DO NOT SEND ORIGINAL DOCUM SCANNING.**
If the documents are not available, please

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)     0000066057

notes, purchase ty agreements. nition of "redacted"

YED AFTER

FOR COURT USE ONLY

U.S. BANKRUPTCY COURT S.D.N.Y. FILED 2009 DEC 29 A 11:40

Date: 12/29/09    Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Turnberry Leveraged Credit Master LP
By: _____    Its: CFO

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 08-13555 (JMP) |

### ADDENDUM TO AMENDED PROOF OF CLAIM OF
### TURNBERRY LEVERAGED CREDIT MASTER LP
### (AMENDED CLAIM NO. 2 of 2)

1.  Turnberry Leveraged Credit Master LP ("Claimant") asserts this claim against Lehman Brothers Holdings Inc. ("LBHI" or "Debtor"), the above-captioned debtor, in connection with (a) the guarantee of LBHI of the obligations of its affiliate Lehman Brothers International (Europe) ("LBIE") pursuant to a Prime Brokerage Arrangement (as defined below) between Claimant and LBIE, and (b) obligations of the Debtor under the PBA (as defined below). Claimant filed a claim (the "Original Claim") against the Debtor on September 21, 2009 (claim no. 33432) in connection with the same underlying obligations. This amended claim is Amended Claim No. 2 of two amended claims filed simultaneously that together amend the Original Claim. The amended claims do not duplicate or supersede each other in any way and must be considered in conjunction with each other. This Amended Proof of Claim No. 2 reflects a claim under the Prime Brokerage Arrangement except in connection with the Excluded Bond (as defined below). Amended Proof of Claim No. 1 reflects a claim for all obligations arising under the Prime Brokerage Arrangement with respect to the Excluded Bond.

2.  Claimant opened a prime brokerage account (the "PBA Account") with Lehman Brothers Inc. ("LBI") pursuant to a Customer Account Agreement Prime Brokerage

dated July 20, 2007 (the "PBA"). Several other Lehman entities, including the Debtor, are identified as additional parties to the PBA. In connection with the PBA Account, Claimant also entered into a Margin Lending Agreement with LBIE and LBI dated July 20, 2007 (the "MLA") and a Global Master Securities Lending Agreement with LBIE dated July 20, 2007 (the "GMSLA"). The PBA, MLA and the GMSLA collectively form the basis of the ("Prime Brokerage Arrangement") between Claimant and the Debtor.

3. The documents comprising the Prime Brokerage Agreement, and all other relevant documentation supporting this Amended Proof of Claim, has been uploaded to the Debtor's supplemental questionnaire website, www.lehman-claims.com (the "Website"), in satisfaction of the "Guarantee Questionnaire" requirements set forth in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Amended Proof of Claim Form entered in this case on July 2, 2009 (the "Bar Date Order").

4. Claimant currently has a claim against LBIE arising from LBIE's obligations under the Prime Brokerage Arrangement and will file an appropriate claim in the joint administration proceeding of LBIE when procedures to do so are established. Claimant believes that such claim will not be less than $22,601,120.00.

5. This Amended Proof of Claim encompasses all of LBIE's obligations to Claimaint under the Prime Brokerage Arrangement, with the exception of Claimant's rights, title and interest in a certain bond for the Servicemaster Company 10.75% Sr. Notes, CUSIP 81760NAE9, with a face amount of $1,000,000.00 (the "Excluded Bond"). As set forth above, Claimant will file a separate Amended Proof of Claim (Amended Claim No. 1) to the Original

2

Claim with respect to the Excluded Bond.

### Guarantee Claim

6. The Debtor, pursuant to a resolution of its board of directors dated June 9, 2005 (the "Board Resolution Guarantee"), fully guaranteed the payment of all liabilities, obligations and commitments of certain of its subsidiaries, including LBIE. The Debtor is therefore fully liable under the Board Resolution Guarantee for all amounts owed by LBIE to Claimant in respect of the Prime Brokerage Arrangement.

7. Claimant asserts this Amended Proof of Claim for the recovery of the full amount of Claimant's claim against LBIE, not including the Excluded Bond, in connection with the Prime Brokerage Arrangement, as will be tabulated in the future pursuant to whatever method of claim valuation is ultimately adopted by the LBIE joint administration.

8. Claimant also asserts this Claim under the Board Resolution for any and all amounts owing (with the exception of the Excluded Bond) in respect of any other claim Claimant may have against LBIE.

### PBA Claim

9. This Amended Proof of Claim is also asserted by Claimant against the Debtor for obligations owing to Claimant in connection with the PBA other than in respect of the Excluded Bond. Claimant alleges that the Debtor may have obligations owing to Claimant in connection with the breach of the PBA as of the filing date of the Debtor's petition. In respect of such obligations, Claimant asserts this Amended Proof of Claim against the Debtor in an unliquidated amount.

10. The obligations that the Debtor owes to claimant under the PBA include, but are not limited to, (a) Section 10 of the PBA, which states that the Debtor, among others,

3

shall

> inform [Claimant] if [the Debtor] becomes aware of the occurrence or prospective occurrence of any of the following with respect to any securities in [Claimant's] account(s): conversions, subdivision or consolidation; redemption; a takeover offer; calls, including calls on partly-paid securities and published calls; a capitalization issue; rights issue; distribution of income in the form of securities; or a certificate which may at a future date be exchanged for securities or an entitlement to acquire securities . . . [If the Debtor] receives notice from [Claimant] that [Claimant] wish[es] to act on any of the events referenced in this section and such notice is received by [the Debtor] within a reasonable time for [the Debtor] to act on such event, [the Debtor] will act in accordance with [Claimant's] wishes;

and (b) Section 19(b) of the PBA, which states that

> [u]nless otherwise agreed by [the Debtor] and [Claimant], [Claimant] will be entitled to receive all distributions, including, but not limited to, cash, stock dividends and interest payments, made on or in respect of any loaned, pledged, repledged, hypothecated or rehypothecated securities which are not otherwise received by [Claimant], to the full extent [Claimant] would be entitled if the securities had not been loaned, pledged, repledged, hypothecated or rehypothecated.

11.     Additionally, Section 12 of the PBA states that each Lehman Brothers entity party to the PBA, including LBI, "reserves the right to assign any of its rights or obligations hereunder or under any contract to any other Lehman Brothers entity without prior notice to [Claimant]." To the extent that LBI may have transferred any of its rights or obligations as prime broker under the PBA to Debtor, Claimant asserts this Amended Proof of Claim against the Debtor for the full amount (with the exception of the Excluded Bond), and to the same extent, detailed in the claim filed by Claimant against LBI in its SIPA proceeding (Case No. 08-10420 (JMP)(SIPA)), attached hereto as Exhibit A.

12.     Notices regarding this Amended Proof of Claim should be sent to:

4

Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004
Tel: 212-574-1200
Fax: 212-480-8421
Attn: Justin L. Shearer

Turnberry Leveraged Credit Master Fund Ltd.
c/o Turnberry Capital Management, L.P.
325 Greenwich Ave.
Greenwich, CT 06830
Att: Michael Srubinski

13. Claimant expressly reserves its right to replace, amend or supplement this Amended Proof of Claim to include any claim at law or in equity.

14. The filing of this Amended Proof of Claim shall not be deemed a waiver of any claim in law or in equity that Claimant may have against the Debtor or LBIE, including, but not limited to, administrative or other priority claims, secured claims and constructive trust and equitable lien claims with respect to collateral held by LBIE, the right to seek adequate protection or the right to assert claims that are otherwise warranted in any related action. Furthermore, nothing contained herein shall be construed as a waiver of any rights or remedies of Claimant with respect to any other claims against any of the Debtor's affiliates.

15. The filing of this Amended Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by

5

a United States District Court Judge; or (e) a waiver of any right to (i) move to withdraw the reference, or otherwise challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant, or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

16. Claimant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor, any of its successors and assigns or by any trustee for the Debtor's estate.

SK 26519 0001 1029412 v4