UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al*                       :    Case Nos. 08-13555 (JMP)
                                                             :    (Jointly Administered)
                                  Debtor.                    :
------------------------------------------------------------ x

## DECLARATION OF ANDREW D. FISCUS IN SUPPORT OF MOTION OF PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM

I, Andrew D. Fiscus, hereby declare:

1. I am Director of Investment Accounting of the Pennsylvania Public School Employees' Retirement System ("PSERS"). I make this declaration in support of the Motion of PSERS for entry of an Order that its Timely Filed Guarantee Questionnaire be considered a Timely Filed Proof of Claim or, in the alternative, to Permit a Late Claim Filing Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) (the "Motion"). I make this declaration based on my first-hand knowledge and consultation with my colleagues.

2. PSERS invests assets and manages resources of the Public School Employees' Retirement Fund for the exclusive benefit of approximately 455,000 retired and active public school employees of the Commonwealth of Pennsylvania through various investment strategies. The members of PSERS range from young, newly hired employees to elderly, long-time retirees, live in all 67 counties of Pennsylvania as well as in other states, and include 175,000 retirees and their dependents.

3. The details of the note issue (the "Notes") and related issue program include: (i) $10.55 Million of Floating Rate Index Linked Redemption Amount Notes due February 2009 linked to the Dow Jones-AIG Commodity Total Return Index (Cusip 52519VAW6; ISIN Code US52519VAW63) issued under a Final Term sheet dated 2 January 2008, through Lehman Brothers Inc., as permitted by Rule 14A under the U.S. Securities Act of 1933, and a Based

DM3\1245178.1

Prospectus, dated July 24, 2007, for a U.S. $100,000,000,000 Euro Medium Term-Note Program of Lehman Brothers Treasury Co. B.V. and Lehman Brothers Bankhaus AG, guaranteed by Lehman Brothers Holdings Inc. ("LBHI"); and (ii) $34.3 Million of Floating Rate Index Linked Redemption Amount Notes due June 2009 linked to the Dow Jones-AIG Commodity Total Return Index (Cusip 52521XAB4, ISIN Code US52521XAB47) issued under a Final Term sheet dated 30 June 2008, through Lehman Brothers Inc., as permitted by Rule 14A under the U.S. Securities Act of 1933 and a Based Prospectus, dated July 24, 2007, for a U.S. $100,000,000,000 Euro Medium Term-Note Program of Lehman Brothers Treasury Co. B.V. and Lehman Brothers Bankhaus AG, guaranteed by LBHI.

4. Deutsche Bank Asset Management Advisors ("DB Advisors") acted as agent for PSERS in the transaction relating to the Notes.

5. The Notes are structured securities with the payment terms linked to the Dow Jones-AIG Commodity Total Return Index.

6. The Notes are Lehman Programs Securities as described in the Court's Order Pursuant To Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271].

7. On or about September 11, 2008, DB Advisors tendered each of the Notes for redemption.

8. On the date of the attempted redemption, the market value of the Notes was $10,354,825 for Cusip 52519VAW6 and $26,085,150 for Cusip 52521XAB4.

9. On or about September 11, 2008, Mr. Suman Sushant of DB Advisors sent an email to Mr. Jacob Bliberg of Lehman Brother Inc. ("LBI") confirming the redemption. The email provided, among other things:

2

10. Cusip 52519VAW6 Notional: $10.55mm; 03007FI-please deliver the payment of $10,354,825mm to Mellon Ref A/c – CPAFGE366X2 to ***Mellon DTC-954***pm VD:9/15, and in return receive notes from Mellon.

11. Cusip 52521XAB4 Notional: $34.3mm.; 02550FI-please deliver the payment of $26,085,150mm to Mellon Ref A/c – CPAFGE366X2 to ***Mellon DTC-954***pm VD:9/15, and in return receive notes from Mellon.

12. On or about the same day, Mr. Jacob Bliberg responded to the email stating: "We confirm details. You will be delivering the shares delivery versus payment to Lehman, DTC 074, and we will release the cash amount to the account listed below, CPAFGE366X2-DTC 954."

13. On September 19, 2008, DB Advisors requested that Lehman Brothers Treasury Co. B.V. settle the redemption request with respect to each of the Notes.

14. Notwithstanding its tender of the Notes for redemption on September 11, 2008, and again on September 19, 2008, neither DB Advisors nor PSERS received the proceeds from the Notes.

15. On or about January 21, 2009, PSERS made inquiries to at least five of its external investment advisers about the status of their securities and accounts that they managed on behalf of PSERS in order to identify PSERS' potential claims against the Lehman entities as a result of the Lehman bankruptcy.

16. Most of PSERS' investment advisers confirmed that they would be filing claims in the various proceedings of the Debtors on behalf of PSERS related to the transactions that they managed.

17. On or about January 16, 2009, PSERS requested the assistance of DB Advisors to complete the appropriate claim forms and submit them to PSERS for execution. On or about

3

January 20, 2009, PSERS again requested the assistance of DB Advisors in filing claims related to the transactions that DB Advisors entered into on behalf of PSERS in the appropriate Lehman Brothers proceeding(s).

18. PSERS first turned its attention to the January 30, 2009, deadline for filing proofs of claim in the SIPA Proceeding.

19. On or about January 21, 2009, DB Advisors informed PSERS that it would file a claim related to the Notes on behalf of PSERS and that, while the Notes did not qualify as claims in the SIPA Proceeding, they did qualify as claims in other proceedings.

20. DB Advisors filed a notice of claim on behalf of PSERS with the administrator in the Dutch Proceeding.

21. PSERS then filed proofs of claim in the SIPA Proceeding in relation to transactions that qualified as claims in the SIPA Proceeding (specifically foreign currency transactions), and did timely file such proofs of claim.

22. On or about September 16, 2009, the liquidating trustee in the SIPA Proceeding filed an objection notice denying PSERS' claim related to the foreign exchange transactions. As a result, PSERS allocated resources to focus on addressing this objection.

23. In light of DB Advisor's filing of the claim in the Dutch and SIPA Proceedings, PSERS believed that DB Advisors had filed the required claim based on the Notes in the LBHI proceeding. Aware of the impending questionnaire deadline of October 22, 2009 in the LBHI proceeding, and believing that a claim based on the Notes had been properly filed, PSERS filed the guarantee questionnaire on October 21, 2009.

24. Upon learning that a record of the Claim did not exist, PSERS commenced an examination surrounding the circumstances of the Claim. Until then, PSERS believed that DB

4

Advisors had filed a proof of claim, as evidenced by the fact that PSERS subsequently filed the guarantee questionnaire relating to the claim filing.

25. On or about December 22, 2009, it became clear that in the initial stages there was confusion regarding the redemption of the Notes, the qualification of the Notes as claims in the Dutch Proceeding rather than in the SIPA Proceeding, and the inclusion of the Notes among the Lehman Programs Securities. In addition, PSERS became occupied with filing other foreign exchange transaction claims in the SIPA proceedings and other proceedings of the Debtors, and in the subsequent defense of such claims. As a result of this state of affairs, as well as of the misunderstanding between PSERS and its investment adviser regarding the filing of the Claim, the Notes were not among the securities for which PSERS timely filed proofs of claim in the LBHI proceeding.

26. PSERS subsequently confirmed that DB Advisors did not file a proof of claim based on the Notes, and took immediate steps to consult with counsel, file a proof of claim and proceed with this Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
January 7, 2010

_____
Andrew D. Fiscus
Director of Investment Accounting

5

DM3\1245178.1