# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                                             )
In re:                                                       )   Chapter 11
                                                             )
LEHMAN BROTHERS HOLDINGS INC.                                )   Case No. 08-13555 (JMP)
                                                             )
                                                             )
                                                             )
       Debtor.                                               )   (Jointly Administered)
-------------------------------------------------------------x
```

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO FRBP RULE 3001(e)(2)

1.    TO:            **BANC OF AMERICA SECURITIES LLC** ("Transferor")
                     One Bryant Park
                     New York, New York 10036
                     Attention: Jon Barnes

2.    Please take notice of the transfer in the amount of $2,104,433.01 (equivalent to €1,483,248.53) of your claims against LEHMAN BROTHERS HOLDINGS INC., Case No. 08-13555 (JMP) arising from and relating to Claim No. 43960 (attached in <u>Exhibit A</u> hereto), to:

                     **KING STREET CAPITAL, L.P.** ("Transferee")
                     65 East 55th Street, 30th Floor
                     New York, NY 10022
                     Phone: 212-812-3140
                     Fax:    646-289-7696
                     E-mail: bankdebt@kingstreet.com

                     <u>With a copy to</u>:

                     Esbin & Alter, LLP
                     497 South Main Street
                     New City, NY 10956
                     Attention: Scott L. Esbin
                     Phone: 845-634-7909
                     Facsimile: 845-634-4160
                     E-Mail: sesbin@esbinalter.com

An evidence of transfer of claim is attached hereto as <u>Exhibit B</u>. All distributions and notices regarding the transferred portion of the claims should be sent to the Transferee at the instructions attached in <u>Exhibit C</u>.

3.    No action is required if you do not object to the transfer of your claims.  However, **IF YOU OB-JECT TO THE TRANSFER OF YOUR CLAIMS, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--            **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

              United States Bankruptcy Court
              Southern District of New York
              Attn: Clerk of Court
              Alexander Hamilton Custom House
              One Bowling Green
              New York, NY 10004-1408

--            **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

--            Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further
              correspondence related to this transfer.

4.    If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                    CLERK
--------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____,
2005.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtor's Attorney ___


                                          _____
                                          Deputy Clerk

**<u>EXHIBIT A</u>**

**PROOF OF CLAIM**

| United States Bankruptcy Court/Southern District of New York | **LEHMAN SECURITIES PROGRAMS** |
| --- | --- |
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)          0000043960 |

Note: This form may not be used to file claims other than those
based on Lehman Programs Securities as listed on
http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from
Creditor)   **Union Investment Privatfonds GmbH**
            c/o Union Asset Management Holding AG
            Attn: Dr. Mike Rinker, Legal Counsel
            Wiesenhüttenstraße 10
            60329 Frankfurt am Main, Germany

Telephone number: 069 2567-2775   Email Address:  mike.rinker@union-investment.de

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:          Email Address:

1.  Provide the total amount of your claim based on Lehman Programs Securities.  Your claim amount must be the amount owed under your Lehman
Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter,
and whether such claim matured or became fixed or liquidated before or after September 15, 2008.  The claim amount must be stated in United States
dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security,
you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $  7,133,671.22               (Required)

☑  Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.   Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates.  If you are filing
this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to
which this claim relates.

International Securities Identification Number (ISIN):  XS0282937985               (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as
appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim.  You must acquire a Blocking Number
from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf).  If you are filing this claim with respect to more
than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim
relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference
number:

CA15118               (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which
you are filing this claim.  You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your
accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf).  Beneficial holders should not provide their personal account
numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

67160               (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you
consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to
disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of
reconciling claims and distributions.

FOR COURT USE ONLY

OCT 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date.<br>10/22/09 | Signature:  The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    Kathy Bratt   Kathryn Bennett, PoA |
| --- | --- |

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571



## LIMITED POWER OF ATTORNEY

Know all by these presents, that the undersigned hereby makes, constitutes and appoints each of James H. Millar and Kathryn A. Bennett of Wilmer Cutler Pickering Hale and Dorr LLP as the undersigned's true and lawful attorney-in-fact with full power and authority as hereinafter described to:

(1)    do and perform any and all acts for and on behalf of the undersigned which may be necessary or desirable to prepare, complete and execute one or more proofs of claim to be filed in the bankruptcy proceedings of Lehman Brothers Holdings Inc. (Case No. 08-13555 pending in the United States Bankruptcy Court for the Southern District of New York) or the bankruptcy proceedings of any of its affiliates, prepare, complete and execute any amendment or amendments thereto, and timely deliver and file such proofs of claim with the appropriate court or claims agent;

(2)    take any other action of any type whatsoever in connection with the foregoing which, in the opinion of such attorney-in-fact, may be of benefit to, in the best interest of, or legally required by, the undersigned, it being understood that the documents executed by such attorney-in-fact on behalf of the undersigned pursuant to this Power of Attorney shall be in such form and shall contain such terms and conditions as such attorney-in-fact may approve in such attorney-in-fact's discretion.

This Power of Attorney shall remain in full force and effect until revoked by the undersigned in a signed writing delivered to the foregoing attorneys-in-fact.

IN WITNESS WHEREOF, the undersigned has caused this Power of Attorney to be executed as of this 13th day of October, 2009.

**Union Investment Privatfonds GmbH**, acting as duly appointed management company for and on behalf of the joint investors of the following investment fund (having no distinct legal personality):

- Spezialfonds Nr. 125 (Fund no.: DU5125)

By: _____
Name: Anja Mikus / Michael Schmidt
Title: Managing Director / Managing Director

Acknowledged before me on October 13, 2009, by Mrs. Anja Mikus and Mr. Michael Schmidt, who say that they are Managing Directors of Union Investment Privatfonds GmbH and are authorized to execute this power of attorney on its behalf.

By: _____
Name: Dr. Mike Rinker
Title: Inhouse-Lawyer at Union Asset Management Holding AG

US1DOCS 7321434v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) | Case No. 08-13555 (JMP) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## RIDER TO PROOF OF CLAIM FILED BY
## UNION INVESTMENT PRIVATFONDS GMBH

1.      This is a rider and attachment to the proof of claim (the "Proof of Claim") filed by

Union Investment Privatfonds GmbH, acting as duly appointed management company in its own

name but for the joint account of the investors of the investment fund Spezialfonds Nr. 125 (Fund

no.: DU5125) (the "Investment Fund") (the Investment Fund does not have a distinct legal

personality) ("Union") against Lehman Brothers Holdings Inc. (the "Debtor"), which commenced

a case on September 15, 2008 (the "Petition Date") under chapter 11 of title 11 of the United States

Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for

the Southern District of New York (the "Bankruptcy Court").

2.      Union's claim arises in connection with those certain 2.364% 7 Year Floating Rate

Notes (ISIN XS0282937985) (the "Notes") issued by the Debtor.  As provided in the letter from

DZ Bank AG, a copy of which is attached hereto as <u>Exhibit A</u> (the "Confirmation"), the

Investment Fund holds € 5,000,000 notional amount of the Notes.  The Notes are identified on the

"Lehman Program Securities" list available on http://www.lehman-docket.com and are therefore

Lehman Program Securities (as defined in the *Order Pursuant to Section 502(b)(9) of the*

*Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of*

*Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim*

*Form* [Docket No. 4271] (the "Bar Date Order")). The Bar Date Order provides that "persons or

entities that file claims based on any Lehman Program Security are not required to attach or submit

any documentation supporting any claim based on such Lehman Program Security." Therefore,

Union is not required to attach or submit any documentation supporting the Proof of Claim.

3.    Union asserts that the Debtor currently owes Union $7,133,671.22[1] under the Notes.

4.    Union expressly reserves all rights to amend or supplement this Proof of Claim

including, without limitation, with respect to additional amounts incurred.

5.    In the event that the Debtor or any of the other Debtors assert or Union shall

determine, that another of the Debtors is obligated or liable for any of the categories of claims and

amounts set forth herein, this Proof of Claim shall be deemed to have been asserted against such

other debtor, for such category and amount.

6.    In addition to the foregoing amounts, Union also makes claim for all direct,

indirect, nominal or consequential damages, interest, costs, attorneys' fees, and other amounts

owed or owing to it, pursuant to the Notes or otherwise, whether or not liquidated, unliquidated,

fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or

unsecured. Union also asserts a claim herein for prepetition and postpetition interest to the extent

allowed under the Bankruptcy Code and applicable non-bankruptcy law.

7.    The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a

waiver or release of Union's rights against any person, entity or property; (ii) a consent by Union

as to the jurisdiction of this Court or any other court with respect to proceedings, if any,

commenced in any case against or otherwise involving Union; (iii) a waiver or release of Union's

right to trial by jury in this Court or any other court in any proceedings as to any and all matters so

---

[1] Union has a total claim of € 5,027,961.11 (€ 5,000,000 notional plus € 27,961.11 in interest accrued up to September 14, 2008) against the Debtor. For the purpose of filing this Proof of Claim, the claim amount has been converted to U.S. Dollars applying the conversion rate of € 1: US$1.4188, which was the applicable conversion rate on September 15, 2008.

triable herein, whether or not the same be designated legal or private rights or in any case,

controversy or proceeding related hereto, notwithstanding the designation or not of such matters as

"core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant

to statute or the United States Constitution; (iv) a consent by Union to a jury trial in this Court or

any other court in any proceeding as to any and all matters so triable herein or in any case,

controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver

or release of Union's right to have any and all final orders in any and all non-core matters or

proceedings entered only after de novo review by a United States District Court Judge; (vi) a

waiver of the right to move to withdraw the reference with respect to the subject matter of this

Proof of Claim, any objection thereto or other proceeding which may be commenced in these cases

against or otherwise involving Union; or (vii) an election of remedies.

8.    All notices concerning this Proof of Claim shall be sent to:

Kathryn A. Bennett
WILMER CUTLER PICKERING HALE AND DORR LLP
Attorney for Union Investment Privatfonds GmbH
399 Park Avenue
New York, NY 10022
Phone: (212) 295-6349
Fax: (212) 230-8888
kathryn.bennett@wilmerhale.com

## Exhibit A

**Confirmation**

**DZ BANK**

Union Asset Management Holding AG
Dr. Mike Rinker
Bereich Recht / Kapitalmarktrecht
Gruppe Institutionen
Rechtsanwalt
Wiesenhüttenstraße 10
60329 Frankfurt/Main

DZ BANK AG
Deutsche Zentral -Genossenschaftsbank
Platz der Republik
60265 Frankfurt am Main

Rainer Roschel
OS
OSD
Extension: -   2331
Fax -          7147
Rainer.Roschel@dzbank.de

21.10.2009

Dear Sirs,

We confirm in our quality as a depositary bank for the
Union Investment Institutional GmbH to you that we have closed the
following bonds with the respective central Securities Depository:

**Investment Fund**: Spezialfonds Nr. 125
**Investment Company**: Union Investment Privatfonds GmbH
**ISIN**: XS0282937985
**Security**: 2,364% Lehman Brothers Hold. EO-FRN MTN 07/14 08 FMAN
**Units/Notional**: EUR 5.000.000,--
**Blocking Number**: CA15118
**Depository Participant**: Clearstream Bank
**Account Number**: 67160

Board of Managing Directors:
Wolfgang Kirsch, Chief Executive Officer
Lars Hille
Wolfgang Köhler
Hans-Theo Macke
Albrecht Merz
Thomas Ullrich
Frank Westhoff

Chairman of the Supervisory Board:
Rolf Hildner

DZ BANK AG
Deutsche Zentral-Genossenschaftsbank,
Frankfurt am Main

Registered Office Frankfurt am Main
Commercial Register
Amtsgericht Frankfurt HRB 45651

VAT No. DE 114103491

Member of the cooperative
financial services network

Yours faithfully,

DZ BANK AG

H
A
N
D

D
E
L
I
V
E
R
Y

L. Rodriguez
_____
RECEIVED BY:

10/22/09
_____
DATE

1:51 pm
_____
TIME

**EXHIBIT B**

**EVIDENCE OF TRANSFER OF CLAIM**

*FINAL*

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

      1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **BANC OF AMERICA SECURITIES LLC** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **KING STREET CAPITAL, L.P.**. (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **EUR €1,475,000.00** specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number **43960** filed by or on behalf Seller's predecessor in interest (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

      2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

      3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

*FINAL*

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

    1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **BANC OF AMERICA SECURITIES LLC** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **KING STREET CAPITAL, L.P..** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **EUR €1,475,000.00** specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number 43960 filed by or on behalf Seller's predecessor in interest (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

    2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly. identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

    3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of December 2009.

| | |
|---|---|
| **BANC OF AMERICA SECURITIES LLC** | **KING STREET CAPITAL, L.P.** |
| | By: King Street Capital Management, L.P.<br>    Its Investment Manager |
| By:_____ | By: King Street Capital Management GP, L.L.C.<br>    Its General Partner |
| Name: | |
| Title: | By:_____ |
| | Name:  **Jay Ryan** |
| One Bryant Park | Title:  **Authorized Signatory** |
| New York, New York 10036 | |
| Attention: Jon Barnes | 65 East 55th Street, 30th Floor<br>New York, NY 10022<br>Phone:  212-812-3140<br>Fax:       646-289-7696<br>E-mail:  bankdebt@kingstreet.com |

2

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of December 2009.

BANC OF AMERICA SECURITIES LLC

By: _____
Name:
Title:      Jonathan M. Barnes
            Vice President
One Bryant Park
New York, New York 10036
Attention: Jon Barnes

KING STREET CAPITAL, L.P.

By: King Street Capital Management, L.P.
    Its Investment Manager

By: King Street Capital Management GP, L.L.C.
    Its General Partner

By: _____
Name:
Title:

65 East 55th Street, 30th Floor
New York, NY 10022
Phone:  212-812-3140
Fax:    646-289-7696
E-mail:  bankdebt@kingstreet.com

2

Schedule 1

Transferred Claims

Purchased Claim

29.50% -- EUR € 1,483,248.53 of EUR € 5,027,961.11 (the outstanding amount of the Proof of Claim as of December ___, 2009).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LBHI Program Securities Bonds | XS0282937985 | Lehman Brothers Holdings Inc. | None | EUR €1,475,000.00 (equivalent to USD $2,092,730.00) | No Less Than 5.268% | 2/5/2014 | EUR € 8,248.53 (equivalent to USD $11,703.01) |

Schedule 1-1

**EXHIBIT C**

Address for Notices:

King Street Capital, L.P.
65 East 55th Street, 30th Floor
New York, NY 10022
Phone:  212-812-3140
Fax:      646-289-7696
E-mail: bankdebt@kingstreet.com

With a copy to:

Esbin & Alter, LLP
497 South Main Street
New City, NY 10956
Attention: Scott L. Esbin
Phone: 845-634-7909
Facsimile: 845-634-4160
E-Mail:  sesbin@esbinalter.com

Wire Instructions:

USD Instructions:

| | |
|---|---|
| Bank: | JPMorgan Chase |
| ABA Number: | 021- 000 -021 |
| Account of: | J.P. Morgan Clearing Corp. |
| Account Number: | 066001633 |
| Sub-account of: | King Street Capital, L.P. |
| Sub-account number: | 102-03464-23 |

EURO Instructions:

| | |
|---|---|
| Bank: | J.P. Morgan, Frankfurt |
| Bank BIC/SWIFT: | CHASDEFX |
| Account Name: | J.P. Morgan Clearing Corp. |
| IBAN: | DE62501108006001601274 |
| Account BIC/Swift: | BEARUS33 |
| Sub-account of: | King Street Capital, L.P. |
| Sub-account number: | 102-03464-23 |