**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** ***et al.*****,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO:

Internationale Kapitalanlagegesellschaft mbH, acting for the account of German investment fund Borgia INKA ("Transferor")
c/o DRRT or Alexander Reus, P.A.
100 SE 2nd Street, Suite 2610
Miami, FL 33131
Telephone: (786) 235-5000
Email: alaboissonniere@drrt.com

2. Please take notice that your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 60985 (attached as Exhibit A hereto), has been transferred to:

Barclays Bank PLC ("Transferee")
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Email: daniel.crowley@barclayscapital.com
jessica.fainman@barclayscapital.com

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the claim should be sent to the Transferee.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ________ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on __________, 2009.

INTERNAL CONTROL NO.________

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

______________________
Deputy Clerk

**EXHIBIT A**

[Proof of Claim]

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000060985

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) DRRT FBO Internationale Kapitalanlagegesellschaft mbH. (Fund BORGIA)

Telephone number: 7862355000 Email Address: alaboissonniere@drrt.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** ____________
(*If known*)

Filed on: ____________

Name and address where payment should be sent (if different from above)
Same as above.

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ 567,000.00 **(Required)**

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0326006540 **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

6024971 **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
Euroclear 93793 **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date. | Signature: |
|---|---|
| 10/30/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |

**FOR COURT USE ONLY**

FILED / RECEIVED
NOV 02 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

HSBC INKA

# POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS THAT the undersigned signatories of **Internationale Kapitalanlagegesellschaft mbH** ("COMPANY") have made, constituted and appointed, and do hereby make, constitute and appoint ALEXANDER REUS, Esq., ALISON LABOISSONNIERE, Esq. and Diaz, Reus & Targ, LLP ("DRRT"), located at 100 S.E. Second Street, Suite 2610, Miami, Florida 33131, USA ("ATTORNEYS") as its true and lawful attorneys-in-fact, hereby conferring upon ATTORNEYS full power and authority to act for and on behalf of COMPANY, including its clients, on whose behalf COMPANY is authorized to act, in COMPANY's name, place and stead, to do and perform any or all of the following acts:

1. To make, sign, and execute any and all forms involved in the insolvency proceeding of the following company (**"Proceeding"**):
   a. **Lehman Brothers Holdings Inc.** (bankruptcy petition filed on Sept. 15, 2008 in the US Bankruptcy Court for the Southern District of New York, Case No. 08-13555).
2. To communicate orally and in writing with the Trustee or the claims administrator(s) handling the Proceeding.
3. To receive any distributions on behalf of COMPANY made by the Trustee or claims administrator(s) in the Proceeding.
4. To do anything else necessary or required to file applicable claim forms and related documentation on behalf of COMPANY (and its above referenced clients) and to collect any funds due COMPANY (and its above referenced clients) from the Proceeding.

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal this 06 day of August, 2009.

By: ______________________

ALEXANDER POPPE, Managing Director

Marc Diedenhofen, General Counsel




**MIAMI OFFICE (USA)**
Bank of America Tower
100 S.E. Second St., Ste 2610
Miami, Florida 33131
T +1 (786) 235-5000
F +1 (786) 235-5005

**FRANKFURT OFFICE (GER)**
Mainzer Landstraße 49
60329 Frankfurt a. M.
T +49 (69) 3085-5048
F +49 (69) 3085-5100
W www.drrt.com

**Alison L. LaBoissonnière**
alaboissonniere@drrt.com

October 30, 2009

**VIA FEDEX**
Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

**RE: Lehman Brothers Holdings Inc. Chapter 11 Bankruptcy Claims Filing**
**Claimant(s): Internationale Kapitalanlagegesellschaft mbH (Fund BORGIA)**

Dear Claims Administrator:

You will find enclosed our supporting documentation in connection with the above-referenced matter on behalf of our client, **Internationale Kapitalanlagegesellschaft mbH (Fund BORGIA) ("CLIENT")**.

We have submitted to your office one proof of claim form for the processing of a bankruptcy claim in the amount of $ 567,000.00 for holdings in ISIN XS0326006540.

We hereby ask, in good faith, for the consideration of this claim on behalf of CLIENT in the Lehman Brothers Holding Inc. bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York.

Relevant information to further support our claim is included as follows:

1. Power of Attorney conferring upon us the power to act on behalf of CLIENT
2. CLIENT's Trade Data relating to ISIN XS0326006540

Furthermore, we request that all payments be made in the following manner:

DRRT or Alexander Reus, P.A
FBO Internationale Kapitalanlagegesellschaft mbH (Fund BORGIA)
100 SE 2nd Street, Suite 2610
Miami, FL 33131
ATTN: A. Reus

We hereby confirm that we are authorized to represent CLIENT in the United States in connection with this bankruptcy proceeding and attest to the accuracy and truth of the trades provided. We further confirm that all documentation concerning trades received from CLIENT is documentation

kept in the ordinary course of business pursuant to Fed. Rules of Evidence, Rule 803 (6) and accurately and truthfully reflects the attached trades. Therefore, it qualifies as an exemption to the hearsay rule and the information sent is sufficient proof to account for the trades.

For any questions or concerns, do not hesitate to contact our office at +1 (786) 235-5000 ext 8014. We appreciate your cooperation.

Sincerely,

Alison L. LaBoissonnière, Esq.

Enclosures: as stated above

From: Origin ID: MPBA (786) 235-5000
Alexander Reus
DRRT
100 SE 2ND STREET
SUITE 2610
MIAMI, FL 33131

FedEx. Express

E

Ship Date: 30OCT09
ActWgt: 0.3 LB
CAD: 3789823/INET9090
Account#: S *********

Delivery Address Bar Code

SHIP TO: (866) 841-7868 BILL SENDER
**ATTN: Lehman Brothers Holdings**
**Epiq Bankruptcy Solutions, LLC**
**757 3RD AVE FRNT 3**

**NEW YORK, NY 10017**

Ref #
Invoice #
PO #
Dept #

RECEIVED NOV 2 2009

RECEIVED NOV 2 2009

MON - 02NOV A1

TRK# 7960 8021 2561 PRIORITY OVERNIGHT
0201



10017
NY-US
EWR

**SB OGSA**



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

<u>**EXHIBIT B**</u>

[Executed Evidence of Transfer of Claim]

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Internationale Kapitalanlagegesellschaft mbH, acting for the account of the German investment fund Borgia INKA** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **principal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **60985** filed by or on behalf of **Internationale Kapitalanlagegesellschaft mbH** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22 day of December 2009.

**Internationale Kapitalanlagegesellschaft mbH, for Fund Borgia INKA**

By: ______________
Name: Fotter [illegible] Diederhof
Title: [illegible] (Legal Counsel)

Breite Straße 29 – 31
40213 Düsseldorf

**Barclays Bank PLC**

By: ______________
Name: Daniel Crowley
Title: Managing Director

745 Seventh Avenue
New York, NY 10019

As investor of the fund we acknowledge this agreement:

Düsseldorf, 23.12.09

ARAG Lebensversicherung AG

Werner Nicoll
(CFO)

ppa. Gregor John
(Head of Asset Management)

Transferred Claims

Purchased Claim

USD 567,000.00 of USD 567,000.00 (the outstanding amount of the Proof of Claim as of 22 December 2009.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 1,750,000 5.375 per cent. Notes due October 2012 (the "Notes") Series 8595 under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0326006540 | [Lehman Brothers Holdings Inc.] | [None] | USD 567,000.00 | 5.375 per cent., per annum | 17 Otober 2012 | 0.00 per claim<br><br>Prepetition USD 42,082.27<br>Postpetition USD 50,507.15 |