WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                           :
**In re**                                                  :        **Chapter 11 Case No.**
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        **08-13555 (JMP)**
                                                           :
                                        **Debtors.**       :        **(Jointly Administered)**
                                                           :
                                                           :
----------------------------------------------------------------x

**NOTICE OF SUPPLEMENTAL EXHIBITS TO DEBTORS' MOTION,
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR AUTHORIZATION
AND APPROVAL OF A SETTLEMENT AGREEMENT WITH THE INSOLVENCY
ADMINISTRATOR OF LEHMAN BROTHERS BANKHAUS AG (IN INSOLVENZ)**

PLEASE TAKE NOTICE that, on December 18, 2009, Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases

(together, the "Debtors") filed a motion for authorization and approval of a settlement agreement

(the "Agreement") with the Insolvency Administrator of Lehman Brothers Bankhaus

Aktiengesellschaft (in Insolvenz) (the "Motion") [Docket No. 6303].

PLEASE TAKE FURTHER NOTICE that, annexed hereto are supplements or

amendments to the Agreement, entered into by the Lehman Parties[1] and the LBB InsAdmin, that

supplement the Agreement and consist of (i) that certain consent dated as of December 18, 2009

---

[1]    Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

(the "<u>Consent</u>") attached as "<u>Exhibit 1</u>" hereto, and (ii) that certain letter agreement dated as of

January 8, 2010 (the "<u>Letter Agreement</u>" and, together with the Consent, the "<u>Documents</u>")

attached as "<u>Exhibit 2</u>" hereto.

      PLEASE TAKE FURTHER NOTICE that (a) the Consent confirms that, because

of a significant principal payment on the relevant Category 1 Loan described therein and a

corresponding termination and conversion of the underlying loan to equity interests, there will be

no further purchase price payable at the Initial Closing  in connection with the acquisition of this

Category 1 Loan other than with respect to the payment of the purchase price for any Category 1

Loan Cash attributable to such Category 1 Loan, and (b) the Letter Agreement provides for an

increase in the amount of Category 2 Loan Cash that will be received by the Lehman Parties in

respect of the applicable Category 2 Loans described therein from that which is currently

provided for in the Agreement.  The foregoing is a summary of the Documents and to the extent

that there is any inconsistency between this summary and the terms of the Documents, the

Documents control.

PLEASE TAKE FURTHER NOTICE that a hearing (the "Hearing") to consider the Motion (as supplemented) shall be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004, on **January 13, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

Dated: January 8, 2010
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors
and Debtors in Possession

## EXHIBIT 1

## CONSENT

(i)     Dr. Michael C. Frege in his capacity as Insolvency Administrator (*Insolvenzverwalter*) over the assets of Lehman Brothers Bankhaus Aktiengesellschaft i. Ins. (the "LBB InsAdmin") hereby consents to (a) the restructuring of the LCPI Loan, as defined in and in substantially in the manner described in the memorandum attached hereto as <u>Exhibit A</u> (the "Deal Memo"), and (b) LCPI entering into the transactions described in the Deal Memo pursuant to such documents as may be approved by LCPI (collectively, the "Transaction").

(ii)     Notwithstanding anything stated to the contrary contained in that certain Settlement Agreement, dated as of December 15, 2009, among (1) Lehman Brothers Holdings Inc. ("LBHI"), (2) Lehman ALI, Inc. ("ALI"), (3) LCPI (LBHI, ALI and LCPI being collectively referred to as the "Lehman Parties"), and (4) the LBB InsAdmin (the "Settlement Agreement"), the LBB InsAdmin and the Lehman Parties hereby agree as follows with respect to the LCPI Loan (initially capitalized terms used below and not otherwise defined herein shall have the respective meanings ascribed thereto in the Settlement Agreement):

(a)     if the Transaction is consummated and in connection therewith a principal payment in the approximate amount of $12,667,948 (the "Principal Payment") is made to LCPI as the lender of record with respect to the LCPI Loan and thereafter, the Initial Closing is consummated under the Settlement Agreement, then (i) as provided under the Settlement Agreement, such Principal Payment shall constitute Category 1 Loan Cash, (ii) as a result of and upon the termination of the LCPI Loan as contemplated in the Deal Memo, the LCPI Loan shall have an Applicable Value of $0 and the Allocated Purchase Price with respect to the LCPI Loan shall be $0 and the Purchase Price payable by the Lehman Parties to the LBB InsAdmin at the Initial Closing with respect to the LCPI Loan shall be an amount equal to, in the aggregate, the sum of 70% of the Principal Payment plus 70% of any other Debt Service Payments, if any, currently being held by LCPI with respect to the LCPI Loan and otherwise constituting Category 1 Loan Cash pursuant to the terms of the Settlement Agreement (collectively, the "LCPI Loan Purchase Price"), (iii) no Purchase Price, other than the LCPI Loan Purchase Price, shall be payable to the LBB InsAdmin at the Initial Closing in connection with the LCPI Loan and the termination of Bankhaus's participation interest therein, and (iv) neither Bankhaus nor the LBB InsAdmin shall have any interest in the LCPI Affiliate (as defined in the Deal Memo) or in the LCPI Affiliate's interest in the SFO Owner (as defined in the Deal Memo),

(b)     if the Transaction is consummated and in connection therewith the Principal Payment is made to LCPI as the lender of record with respect to the LCPI Loan and the Initial Closing is not consummated under the Settlement Agreement, then Bankhaus shall have the same rights and interests in the Principal Payment and in the LCPI Affiliate that it had in the LCPI Loan prior to the consummation of the Transaction; and

(c)     to the extent of any inconsistency between the terms of the Settlement Agreement and the provisions of clauses (a) or (b) above, the provisions of clauses (a) and (b) above shall govern and control; provided, however, that except as specifically set forth herein, nothing contained herein shall have any effect on the rights and obligations of the LBB InsAdmin or the Lehman Parties under the Settlement Agreement.

US_ACTIVE:\43255046\04\58399.0003

LEHMAN BROTHERS HOLDINGS INC.,
a Delaware corporation, as Debtor and
Debtor in Possession in its chapter 11 case in
the United States Bankruptcy Court for the
Southern District of New York, Case No. 08-
13555 (JMP)

By: _____

Name:
Title:

Dr. Michael C. Frege, in his capacity as insolvency
administrator over the assets of LEHMAN
BROTHERS BANKHAUS
AKTIENGESELLSCHAFT i. Ins.

By: _____

Name:  Dr. Michael C. Frege
Title:  Insolvency Administrator (*Insolvenzverwalter*)

LEHMAN ALI, INC., a Delaware corporation

By: _____

Name:
Title:

LEHMAN COMMERCIAL PAPER INC., a New York
corporation, as Debtor and Debtor in Possession in its
chapter 11 case in the United States Bankruptcy Court
for the Southern District of New York, Case No. 08-
13555 (JMP)

By: _____

Name:
Title:

Dated as of December 18, 2009

LEHMAN BROTHERS HOLDINGS INC.,
a Delaware corporation, as Debtor and
Debtor in Possession in its chapter 11 case in
the United States Bankruptcy Court for the
Southern District of New York, Case No. 08-
13555 (JMP)

Dr. Michael C. Frege, in his capacity as insolvency
administrator over the assets of LEHMAN
BROTHERS BANKHAUS
AKTIENGESELLSCHAFT i. Ins.

By: _____

Name:  Dr. Michael C. Frege
Title:  Insolvency Administrator (*Insolvenzverwalter*)

By: _____
Name:
Title:

LEHMAN ALI, INC., a Delaware corporation

By: _____
Name:
Title:

LEHMAN COMMERCIAL PAPER INC., a New York
corporation, as Debtor and Debtor in Possession in its
chapter 11 case in the United States Bankruptcy Court
for the Southern District of New York, Case No. 08-
13555 (JMP)

By: _____
Name:
Title:

## EXHIBIT A

Deal Memo

See Attached

# Memorandum

| | |
|---|---|
| TO | Michael Bond, David Herman |
| FROM | Ashish Gupta |
| DATE | December 16, 2009 |
| SUBJECT | Request for consent to restructure transaction |
| RE | Loan IQ (FCN) – WLT (MTS) WE701 (with a funded amount of $50.7 million) (the "LCPI Loan") |

Lehman Commercial Paper Inc. ("LCPI") has reached an agreement ("Agreement") to restructure the LCPI Loan with the Borrower and Guarantors thereunder. The LCPI Loan is secured by a collateral assignment of certain mezzanine loans, referred to herein as "Mezzanine C Loan" and "Mezzanine D Loan", made by the Borrower to certain other borrowers (referred to herein as "Mezzanine C Borrower" and "Mezzanine D Borrower").

In conjunction with the restructuring, the parties have agreed and consented to, among other things, terminate the LCPI Loan and satisfy the obligations of Borrower and the Guarantors under the LCPI Loan and the other Loan Documents upon

(i)     the payment by Borrower to LCPI of the sum of $12,667,948 (to be applied to the principal balance of the LCPI Loan), together with the costs and expenses incurred by LCPI in connection with the transaction contemplated under the Agreement;

(ii)    the transfer of all of the direct ownership interests of the Mezzanine C Borrower in the Mezzanine B Borrower (which entity is wholly owned by the Mezzanine C Borrower) to SFO Owner (defined below), in satisfaction of the obligations of the Mezzanine C Borrower and Mezzanine D Borrower under the Mezzanine C Loan and the Mezzanine D Loan, respectively; and

(iii)   the issuance of a 37.5% membership interest in SFO Owner to an entity owned by an affiliate of LCPI (the "LCPI Affiliate") pursuant to a limited liability company operating agreement of SFO Owner LLC ("SFO Owner"), the members of which will be an entity owned by an affiliate of the Guarantors and the LCPI Affiliate.

All the terms aforementioned are subject to a closing no later than Friday, December 18, 2009. It is, therefore, critical for LCPI to receive Bankhaus' consent as soon as possible.

## **EXHIBIT 2**

Lehman Brothers Bankhaus AG i. Ins.
c/o CMS Hasche Sigle
Barckhausstraße 12-16
60325 Frankfurt a. M.
Germany

January 8, 2010

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 39th Floor
New York, New York 10020
U.S.A.
Attn: Joelle Halperin

Lehman ALI, Inc.
c/o Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 39th Floor
New York, New York 10020
U.S.A.
Attn: Joelle Halperin

Lehman Commercial Paper, Inc.
c/o Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 39th Floor
New York, New York 10020
U.S.A.
Attn: Joelle Halperin

Re:    Settlement Agreement, dated as of December 15, 2009 (as amended by that
       certain Consent, dated December 18, 2009, the "Settlement Agreement"), by and
       among (1) Lehman Brothers Holdings Inc., a Delaware corporation ("LBHI"), (2)
       Lehman ALI, Inc., a Delaware corporation ("ALI"), (3) Lehman Commercial
       Paper Inc., a New York corporation ("LCPI" and together with LBHI and ALI,
       the "Lehman Parties"), and (4) Dr. Michael C. Frege in his capacity as Insolvency
       Administrator (*Insolvenzverwalter*) over the assets of Lehman Brothers Bankhaus
       Aktiengesellschaft i. Ins. (the "LBB InsAdmin").

Ladies and Gentlemen:

       Reference is made to the Settlement Agreement. Initially capitalized terms used
but not otherwise defined herein shall have the respective meanings ascribed thereto in
the Settlement Agreement.

       The Lehman Parties and the LBB InsAdmin (collectively, the "Parties") desire to
amend certain terms and provisions of the Settlement Agreement and by entering into this

letter agreement (this "Amendment"), the Parties, intending to be legally bound, hereby agree as follows:

1.    Amendments to Settlement Agreement.  The Settlement Agreement shall be amended as follows:

a.    Schedule 1 (Definitions) to the Settlement Agreement is hereby amended to add the following new definitions:

"Applicable Percentage" shall mean (i) with respect to each Specified Category 2 Loan (x) seventy percent (70%) with respect to any Category 2 Loan Cash attributable to such Specified Category 2 Loan which was held by or on behalf of the LBB InsAdmin or Bankhaus prior to the date on which such Specified Category 2 Loan was repaid in full (the "Payoff Date"), (y) subject to clause (z) below, one hundred percent (100%) with respect to any Category 2 Loan Cash attributable to such Specified Category 2 Loan which was received by or on behalf of the LBB InsAdmin or Bankhaus on or after the applicable Payoff Date of such Specified Category 2 Loan ("Payoff Cash"), and (z) zero percent (0%) with respect to any such Payoff Cash comprised of interest payments made on the Payoff Date, and (ii) seventy percent (70%) with respect to each of the other Category 2 Loans.

"Specified Category 2 Loans" shall mean, collectively, the Category 2 Loans described on Schedule 3 as "00003052," "00008510" and "00008511."

b.    Section 2.a.v. of the Settlement Agreement is hereby deleted in its entirety and the following is hereby substituted in lieu thereof:

"v.   deliver or cause to be delivered to each of the applicable Category 2 Loan Transferees, as indicated on Schedule 3 attached hereto, the Applicable Percentage of the Category 2 Loan Cash held by, on behalf of or for the benefit of the LBB InsAdmin or Bankhaus as of the applicable Closing Date of the relevant Category 2 Loan (the aggregate amount of the Applicable Percentage of Category 2 Loan Cash for each of the Category 2 Loans being referred to as the "Category 2 Loan Cash Amount"); provided, however that the Category 2 Loan Cash may be retained by the LBB InsAdmin and Bankhaus if, and to the extent that, an amount equal to the Category 2 Loan Cash Amount is deducted from the applicable Purchase Price for purposes of calculating the applicable Net Payment Amount; and"

c.    Section 2.b.(1)(v) of the Settlement Agreement is hereby deleted in its entirety and the following is hereby substituted in lieu thereof:

"(v) $23.4 million in respect of all Category 2 Loan BH Interests and the Category 2 Loan Cash Amount (the Category 2 Loan Cash being apportioned to each Category 2 Loan as reflected on Schedule 3 hereto)."

d.    The second sentence of the second paragraph of <u>Section 2.c.</u> of the Settlement Agreement is hereby deleted in its entirety and the following is hereby substituted in lieu thereof:

"The Category 1 Loan Cash and the Category 2 Loan Cash Amount shall be delivered to, retained by or otherwise credited to the Lehman Parties as provided herein without deductions, and the LBB InsAdmin shall not be permitted to off-set against any payment to be made or otherwise credited to the Lehman Parties hereunder any other claim, whether by set-off, recoupment, retention or any other theory, that the LBB InsAdmin or Bankhaus may have against any Lehman Party."

2.    <u>Effect of Amendment</u>.    Except as expressly amended hereby, the Settlement Agreement shall remain unmodified and in full force and effect.  To the extent of any inconsistency between the terms of the Settlement Agreement and this Amendment, this Amendment shall govern and control.

3.    <u>Further Amendments</u>.  Any waiver, alteration, supplement, amendment or modification of this Amendment shall be valid only if made in writing and signed by each of the parties hereto.

4.    <u>Governing Law</u>. This Amendment and all claims and disputes arising out of or in connection with this Amendment shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles to the extent such principles would apply a law other than that of the State of New York.

5.    <u>Binding Effect; Successors and Assignors</u>.  The provisions of Section 25 of the Settlement Agreement are incorporated herein as if fully sent forth in this Amendment and made applicable to this Amendment.

6.    <u>Counterparts</u>.  This Amendment may be executed in counterparts, each of constitutes an original, and all of which, collectively, constitute only one agreement. The signatures of all of the parties hereto need not appear on the same counterpart.

7.    <u>Execution</u>.  Signatures to this Amendment may be exchanged by facsimile transmission and/or electronic mail and shall constitute originals for all purposes.

[NO FURTHER TEXT ON THIS PAGE]

Kindly acknowledge and confirm your agreement to the foregoing by executing this Agreement below where indicated and delivering your signatures to us via facsimile or electronic mail.

Sincerely,

Dr. Michael C. Frege, in his capacity as insolvency administrator over the assets of LEHMAN BROTHERS BANKHAUS AKTIENGESELLSCHAFT i. Ins.

By: *On behalf of*
Name:  Dr. Michael C. Frege
Title:  Insolvency Administrator (Insolvenzverwalter)

*[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]*

LEHMAN BROTHERS HOLDINGS INC.,
a Delaware corporation, as Debtor and
Debtor in Possession in its chapter 11 case in
the United States Bankruptcy Court for the
Southern District of New York, Case No. 08-
13555 (JMP)

By: _____

Name: Daniel Ehrmann

Title: VP

LEHMAN ALI, INC., a Delaware corporation

By: _____

Name: Daniel Ehrmann

Title: VP

LEHMAN COMMERCIAL PAPER INC., a
New York corporation, as Debtor and Debtor
in Possession in its chapter 11 case in the
United States Bankruptcy Court for the
Southern District of New York, Case No. 08-
13555 (JMP)

By: _____

Name: Daniel Ehrmann

Title: VP

SIGNATURE PAGE TO BANKHAUS LETTER AGREEMENT (#43272647)