WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :   08-13555 (JMP)
                                              :
                         Debtors.             :   (Jointly Administered)
                                              :
                                              :
------------------------------------------------------------------x
```

## DEBTORS' REPLY TO LIMITED OBJECTION OF U.S. BANK NATIONAL ASSOCIATION TO DEBTORS' MOTION FOR ESTABLISHMENT OF PROCEDURES FOR THE DEBTORS TO COMPROMISE AND SETTLE PREPETITION CLAIMS ASSERTED BY THE DEBTORS AGAINST THIRD PARTIES

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") file this reply to the objection (the "Objection") interposed by U.S. Bank National Association ("U.S. Bank") to the Debtors' motion, dated December 23, 2009, to establish procedures to compromise and settle prepetition claims asserted by the Debtors against third parties (the "Motion")[1] and respectfully represent:

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

**Preliminary Statement**

1.  In the Motion, the Debtors seek to establish procedures proposed in consultation with the official committee of unsecured creditors appointed in these cases (the "Committee") to efficiently and economically settle certain prepetition claims against third parties in a manner that (i) maximizes value for their estates by reducing the administrative cost and burden of filing and noticing motions and holding hearings for each of the numerous Settlements of Ordinary Course Prepetition Claims the Debtors will enter into with third parties over the course of these chapter 11 cases, and (ii) provides the Committee and the Court with abundant oversight over proposed Settlements. U.S. Bank, by its purported "limited" Objection, in reality objects to all of the relief requested in the Motion without any basis or justification.

2.  U.S. Bank asserts that the procedures proposed by the Debtors in the Motion provide no "meaningful limitation on the types of claims that may be settled" and thus "*may* enable settlements to be reached that *might affect* trusts for which U.S. Bank serves as Trustee." Objection at ¶¶ 1, 2 (emphasis added). Accordingly, U.S. Bank requests that it be provided advance notice of all settlements of "claims involving Trusts" so that it can notify beneficiaries or parties-in-interest to the Trust of a proposed settlement such that those parties-in-interest can make "an informed decision . . . as to whether particular classes of claims should be subject to settlement." Objection at ¶ 2. The particularized notice requested by U.S. Bank is neither necessary to protect the interests of parties-in-interest to the trusts, nor does U.S. Bank explain how Settlements contemplated by the Motion could even affect trust beneficiaries or parties-in-interest to trusts. Even if U.S. Bank could or did articulate a theory under which a Settlement could affect a trust, there is no justifiable reason for excepting such Settlements from the proposed procedures. Causing the Debtors and these estates to incur the cost and expense of

2

filing individual pleadings and conducting individual hearings seeking approval of hundreds of settlements of such claims when U.S. Bank has failed to articulate any justification therefor is inequitable.

### U.S. Bank Fails to Identify Any Types of Claims that Could Affect or Involve Trusts that Would Arguably be Subject to the Proposed Procedures

3. In making vague and ambiguous references to claims "involving of [sic] affecting trusts," Objection at p. 4, U.S. Bank has failed to identify even a single type of claim that could affect or involve trusts that would arguably be subject to the settlement procedures set forth in the Motion. The single category of claims identified by U.S. Bank, "claims against counterparties in . . . derivative transactions," Objection at ¶ 2, the settlements of which U.S. Bank asserts would affect or involve trusts, are expressly carved out of the procedures set forth in the Motion. The Motion provides very clearly that "the procedures set forth in this Motion to compromise and settle Prepetition Ordinary Course Claims do not apply to the various claims that may be asserted by the Debtors, such as claims based on derivatives transactions or related to the Debtors' real estate investments, that are already covered by the Other Settlement Procedures Orders," which include, among others, the orders entered by the Court authorizing the Debtors to settle prepetition derivatives contracts. See Motion at ¶ 18, n. 3.

4. Contrary to U.S. Bank's assertions, the Motion sufficiently limits the types of claims that would be subject to the proposed procedures, and at the very least the types of claims identified by U.S. Bank that might affect or involve trusts, by excluding from the procedures those claims that are subject to the Other Settlement Procedures Orders, as well as claims the Debtors may have under chapter 5 of the Bankruptcy Code. U.S. Bank's bald assertions that the proposed Settlement Procedures "*may* enable settlements to be reached that

*might affect* trusts for which U.S. Bank serves as Trustee," <u>Objection</u> at ¶ 1, are entirely unfounded and, at best, speculative, rendering the relief requested by U.S. Bank unwarranted.

### The Particularized Notice Requested by U.S. Bank Is Not Necessary to Protect Parties-In-Interest to Trusts

5.   Even assuming that there are certain trust-related claims that would be subject to the proposed procedures set forth in the Motion, the settlement of which would affect or involve the trusts, the additional notice requested by U.S. Bank is not necessary to protect the interests of beneficiaries or parties-in-interests to the trusts.  To the extent that the Debtors seek to settle a claim against a particular trust under the proposed procedures, the Debtors would have to deal directly with the trustee of the trust to negotiate and consummate the settlement, and no specialized notice would be needed.  To the extent that the Debtors seek to settle a claim against a particular beneficiary or a party-in-interest to a trust such that there is concern that other parties-in-interest should have an opportunity to make "an informed decision . . . as to whether particular classes of claims should be subject to settlement," <u>Objection</u> at ¶ 2, the relief requested in the Motion in no way alters, affects, or impairs whatever consent/approval/notice rights parties-in-interest have under the governing trust or indenture documents.  To the extent a party-in-interest has such rights under the governing documents such that it would be entitled to make a decision with respect to a particular settlement that may affect said party's interests, the Motion leaves said party's rights intact.  To the extent a party-in-interest has no such rights under the governing documents, the additional notice requested by U.S. Bank would confer no benefit on the party-in-interest or serve to protect its interests in any way and is a request by U.S. Bank for rights it does not possess.

6. It is not incumbent upon the Debtors to fill contractual gaps by providing notice/approval rights where they do not exist, nor is it incumbent upon the Debtors to provide safeguards for the improper exercise of such rights, where they do exist, between parties to trust and indenture agreements to which the Debtors are not a party. Whatever interests that beneficiaries and parties-in-interest to trusts have to make decisions regarding settlements that may affect their interests can be adequately protected by the rights they have under the relevant trust/indenture agreements.

### Causing the Debtors to File Individual Pleadings for Settlements Involving Trusts Is Not Justified and Goes Against the Purpose of the Proposed Procedures

7. In addition to advance notice of settlements affecting or involving trusts, U.S. Bank requests that the Debtors file individual pleadings, provide notice and hold hearings for approval of such settlements pursuant to Bankruptcy Rule 9019. U.S. Bank provides no rational justification why settlements of claims "involving trusts" should be excepted from the proposed procedures and require the filing of individual pleadings subject to Court approval. The only justification given by U.S. Bank is the inaccurate statement that "the Motion contains an artificially high settlement amount of $25 million which must be reached before a motion to approve the settlement under Bankruptcy Rule 9019 is required" and that "all parties-in-interest should retain their right to notice and a hearing under Rule 9019 and should be entitled to examine the terms of any potentially significant settlements . . . ." Objection at ¶ 3. First, the $25 million threshold referenced by U.S. Bank relates to the amount of the Prepetition Ordinary Course Claim being settled and not the Settlement Amount. Second, U.S. Bank purports to completely undermine the purpose behind adopting procedures to compromise and settle claims in an efficient manner by requesting that the Debtors file and notice individual motions and hold

individual hearings for all settlements, again, vaguely "involving" or "affecting" a trust and for any settlements that U.S. Bank would deem significant.

8.  The procedures set forth in the Motion already require the Debtors to seek court approval under Bankruptcy Rule 9019 of significant Settlements relating to Prepetition Ordinary Course Claims that exceed $25 million, as well as those Settlements subject to Committee approval as to which the Debtors and the Committee are unable to reach agreement, as set forth in the Motion. The thresholds set forth in the Motion were proposed in consultation with the Committee and are no more excessive than thresholds that have been set in other procedures orders approved by this Court.

## **Conclusion**

9.  The Motion sets forth procedures that will allow the Debtors to compromise and settle certain prepetition claims efficiently and economically without undergoing a cumbersome and expensive process of filing individual pleadings and sending notice with respect to each proposed Settlement and holding individual hearings, thus benefiting the Debtors' estates, creditors, and other parties-in-interest by streamlining the process of settling disputed claims and sparing the Debtors' estates of the expense, delay and uncertainty otherwise attendant to resolving such claims. U.S. Bank, for no rational reason, seeks to impose on the Debtors and their estates the very administrative burdens that the Debtors seek to remove from the claim settlement process. The relief requested by U.S. Bank is unjustified and unnecessary.

For the foregoing reasons, the Debtors request that the Court overrule the Objection and grant the relief requested in the Motion.

DATED: January 12, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION