Hearing Date and Time:  January 13, 2010 at 10:00 a.m. (New York Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                          :     Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :     08-13555 (JMP)
                                               :
                 Debtors.                      :     (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' OMNIBUS REPLY**
**TO OBJECTIONS TO MOTION FOR APPROVAL OF**
**(I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), file this

omnibus reply to the objections[1] interposed to their motion (the "Motion"),[2] dated December 23,

2009, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b),

for approval of certain procedures to: (i) object to claims filed against the Debtors (the "Claim

Objection Procedures") and (ii) settle certain claims without further Court approval (the

"Settlement Procedures" and, together with the Claim Objection Procedures, the "Procedures")

and respectfully represent:

---

[1] Five objections [Docket Nos. 6484, 6489, 6490, 6500, 6505] and nine joinders [Docket Nos. 6503, 6504, 6506, 6508, 6509, 6510, 6511, 6573, 6578] were filed (collectively, the "Objections"). Two additional objections were filed but subsequently withdrawn [Docket Nos. 6512, 6513].

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

## Preliminary Statement

1.      The Procedures are administrative in nature and allow the Debtors to reconcile many of the more than 65,000 claims filed against them in a timely, cost effective, and efficient manner.  Without the Procedures, resolution of claims filed in an aggregate face amount in excess of $830 billion will take years to complete and will impose enormous burdens on the Debtors and the Court, all to the detriment of creditors.

2.      In light of the facts of these cases and the fact that similar claims objection and settlement procedures have routinely been approved with frequency in other large chapter 11 cases, only a few creditors seek to prosecute Objections to the Motion.  The Debtors have been in discussions regarding the Objections with the Creditors' Committee, and various parties in interest, including certain large financial intuitions and other active participants in these chapter 11 cases and as a result, have a greed to modify the proposed order submitted with the Motion (the "Proposed Order").  A copy of the revised Proposed Order (the "Revised Order") is attached hereto as Exhibit 1, and a comparison reflecting the changes is attached hereto as Exhibit 2.

3.      As set forth below, the remaining Objections should be overruled and the Motion approved.

## Claim Objection Procedures

4.      The Debtors have a duty to review and reconcile an unprecedented number of claims filed in these chapter 11 cases.  Without the Claim Objections Procedures, the Debtors would be forced to file objections to individual claims on the Additional Permitted Grounds, resulting in the expenditure of the estates' financial resources, time, and clogging the Court's docket.

5.        Nonetheless, the Objections suggest that omnibus objection should be limited to the permitted grounds set forth in Bankruptcy Rule 3007(d).  The objectors cite no authority for this proposition.  On the other hand, as noted above, the Additional Permitted Grounds are substantially similar if not identical to those approved in many recent large chapter 11 cases in this Court and courts in other jurisdictions, such as:

- *In re* Quebecor *World (USA) Inc.*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. Nov. 5, 2009) [Docket No. 1978] (authorizing debtors to file omnibus objections on similar additional grounds not enumerated in Bankruptcy Rule 3007);

- *In re Tronox Inc.,* Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. Oct. 26, 2009) [Docket. No. 799] (authorizing debtors to file omnibus objections on any grounds);

- *See In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Jan. 9, 2008) [Docket No. 7564] (reaffirming that after changes in Bankruptcy Rule 3007 debtors authorized to file omnibus objections to claims on the basis that such claims are inconsistent with the debtors' books and records);

- *In re Refco Inc.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Jan. 16, 2008) [Docket No. 6386] (same);

- *In re Delphi Corp.,* Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 20, 2007) [Docket No. 11561] (same);

- *In re Finlay Enterprises, Inc.*, Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. Jan. 5, 2010) [Docket No. 449] (authorizing debtors to file omnibus objections on similar additional grounds not enumerated in Bankruptcy Rule 3007);

- *In re Bally Total Fitness of Greater New York, Inc.,* Case No. 08-14818 (BRL) (Bankr. S.D.N.Y. Apr. 29, 2009) [Docket No. 918] (same); and

- DEL. L.R. BANKR. P. 3007-1(d) (condoning omnibus objections on the basis that the claim amount is inconsistent with the debtors' books and records).

6.        All of these cases and local rules recognize that claims procedures such as those proposed in the Motion are necessary to efficiently administer large complex chapter 11 cases.  The Debtors intend to reconcile claims and continue to work with claimants in the same good-faith manner in which they have acted since the commencement of these chapter 11 cases. The Debtors have no intent of playing a game of "gotcha" by using the Additional Permitted

Grounds as means to object to claimants who have endeavored to comply in good faith with the requirements of the Bankruptcy Rules and the Bar Date Order.

7.       Nevertheless, to eliminate certain of the concerns set forth in the Objections, the Debtors have agreed to reflect the following clarifications in the Proposed Order and the Claim Objection Notice, as applicable:

- o   omnibus objections on the ground that the asserted claim amount contradicts the Debtors' books and records will include the amount of such claim, if any, reflected in the Debtors' books and records;

- o   omnibus objections on the ground that the claim seeks recovery for amounts for which the Debtors are not liable will include the legal basis for such objection; and

- o   the deadline for responses to the Debtors' individual and omnibus claim objections shall be 30 calendar days after the mailing of the objection (extended from the originally proposed 21 calendar days); this is more time than is required by the Bankruptcy Rules, *see* FED. R. BANKR. 3007(a) (requiring a claim objection be filed 30 days prior to a hearing, but not providing a creditor with the right to respond for 30 days).

These clarifications were made in discussion with several parties in interest, including several of the objecting parties.  In fact, as a result of the Debtors' cooperation and modifications to the Proposed Order, certain large financial intuitions and other significant players in these chapter 11 cases did not object to the Motion.  Moreover, Bank of America, National Association, successor by merger to LaSalle Bank National Association, solely as trustee [Docket No. 6512], and Wilmington Trust Company, in its capacity as trustee [Docket No. 6513], have since withdrawn their Objections.

8.       Notwithstanding the above clarifications and modifications to the Proposed Order, a handful of Objections remain outstanding.  Other than those issues set forth above, the remaining Objections focus on two additional red herrings.  First, they argue that the Claim Objection Procedures somehow shift the respective burdens of proof and production of creditors

and the Debtors in prosecuting and defending claims in these chapter 11 cases.  Second, they

suggest that the Claim Objection Procedures alter claimants respective rights to discovery.

Nothing in the Motion, the Claim Objection Notice, or the Proposed Order purport to alter the

respective burdens of proof or production.  The Proposed Order does not prejudge the evidentiary

effect of a Claim properly filed in accordance with the Bankruptcy Code, the Bankruptcy Rules,

and the Bar Date Order, or the sufficiency of an objection thereto.  All parties rights are reserved

and the Debtors have not sought an advisory opinion as to the merits of any future omnibus

objections.

   9.  Secondly, nothing in the Proposed Order prejudices any party's right to

discovery under the applicable Bankruptcy Rules or to use documentation obtained in discovery or

located subsequent to filing a response to a claim objection and nothing prejudices the Debtors'

rights to object to any claim on any ground, including lack of sufficient supporting documentation

or failure to comply with the Bankruptcy Rules or Bar Date Order.

   10.  Unlike the parties who filed Objections, many of the Debtors' creditors are

parties who are unfamiliar with the bankruptcy claims administration process.  By specifying that

responses must include "all documentation or other evidence," the Claim Objection Notice

provides such claimants with general guidance and explanation of what is required.  Rather than

leaving them searching for how to respond and risk an objection for failing to supply supporting

documentation.  To clarify any possible confusion, the Debtors have agreed to add language to the

Proposed Order indicating that responses to the Debtors' omnibus claim objections need not

include documentation previously included with a claimant's proof of claim or submitted in

response to the Derivative Questionnaire and/or Guarantee Questionnaire.

11.     The Claim Objection Procedures and the Revised Order provide claimants enhanced due process protections, as compared to the protections afforded under the Bankruptcy Rules.  They are in the best interests of the Debtors' estates, creditors, and other parties in interest and should be approved.

### Settlement Procedures

12.     The Debtors are adjourning consideration of the Settlement Procedures in order to continue discussion with the Creditors' Committee with respect thereto.  Nevertheless, the Debtors will address the single objection interposed to the proposed Settlement Procedures.

13.     U.S. Bank National Association, as trustee ("U.S. Bank"), suggests that that Court should not approve the Settlement Procedures because they do not give U.S. Bank access to all of the terms of settlements with other unrelated creditors, such that U.S. Bank will not be able to use such information to its singular advantage in settlements of its own claims.  Despite U.S. Bank's misguided notion that the Debtors no longer need to keep certain information confidential because they "are no longer a going concern," the Debtors continue to have a fiduciary duty to their creditors and an obligation to maximize value for these estates.  The Debtors' quarterly reports provide sufficient notice of settlements to creditors, including the relevant proof of claim numbers, the type of claims asserted by each such party, and the amounts for which such Claims have been settled.  These disclosures provide adequate enough information to enable creditors to evaluate the terms of an existing settlement.

14.     U.S. Bank further suggest that it alone should receive three to five weeks advance notice of any settlements "involving or affecting" any "trusts" (apparently, whether or not U.S. Bank is the trustee).  Such request is not grounds to object to the Settlement Procedures and compliance would provide no benefit to the Debtors' estates or its creditors.  The Settlement Procedures in no way alter, affect, or impair whatever consent, approval, or notice rights parties in

interest may have under governing trust or indenture documents.  Whatever interests that beneficiaries or other parties in interest to various trusts have regarding settlements can be adequately protected by the rights they have under the relevant trust or indenture agreements.  It is not incumbent upon the Debtors to fill contractual gaps by providing notice or approval rights where they do not exist.  Nor is it incumbent upon the Debtors to provide safeguards for the improper exercise of such rights, especially between parties to trusts and indenture agreements to which the Debtors are not a party.

15.    Finally, U.S. Bank suggests that the Settlement Procedures should require the Creditors' Committee approval and the Debtors to file individual pleadings, provide notice, and hold hearings for approval of all settlements with U.S. Bank pursuant to Bankruptcy Rule 9019.  Again, this is not a rational basis for an objection to the Settlement Procedures.  Any settlement entered into between the Debtors and U.S. Bank, or for that matter, any claimant, by its nature must be must be mutually acceptable to the parties thereto.  As such, U.S. Bank can require approval of the Creditors' Committee and/or the Court as a condition to any settlement it may propose to the Debtors.

16.    Settlement Procedures benefit the Debtors' estates, allowing the Debtors to compromise and settle prepetition claims efficiently and economically, without individual motions and hearings, and the costs and delays attendant thereto.  The self-serving protections requested by U.S. Bank are unjustified and unnecessary.

## **Conclusion**

17.     Ample authority, precedent, and justification exists for authorizing the

Claim Objection Procedures.  For the reasons set forth in the Motion and herein, the Court should

overrule each of the Objections and enter the Revised Order.


Dated: January 12, 2010
       New York, New York

                                        /s/ Shai Y. Waisman
                                        Shai Y. Waisman

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York  10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007

                                        Attorneys for the Debtors and Debtors in
                                        Possession

## Exhibit 1

**(Revised Order – Clean)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re                                                   :      Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :      **08-13555 (JMP)**
:
                                    **Debtors.**          :      **(Jointly Administered)**
:
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF**
**(I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES**

Upon the motion, dated December 23, 2009 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. and its and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b), for approval of (i) Claim Objections

Procedures and (ii) Settlement Procedures, all as more fully described in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided in accordance with the procedures set forth in the amended order entered February 13,

2009 governing case management and administrative procedures [Docket No. 2837] (the "Case

Management Order") to (i) the United States Trustee for the Southern District of New York; (ii)

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto
in the Motion.

the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; and (vi) all parties who have requested notice in these chapter 11

cases, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates and creditors, and all parties in interest and that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule

3007, the Debtors, and other parties in interest, are hereby authorized, in addition to those

grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims

seeking reduction, reclassification and/or disallowance of claims on one or more of the following

grounds (the "Additional Permitted Grounds"):

A.  the amount claimed contradicts the Debtors' books and records; *provided* that
    the Debtors will include the amount of such claim, if any, reflected in their
    books and records;

B.  the Claims were incorrectly classified;

C.  the Claims seek recovery of amounts for which the Debtors are not liable;
    *provided* that the Debtors will include the legal basis for such objection;

D.  the Claims do not include sufficient documentation to ascertain the validity of
    the Claim; and

E.  the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

(collectively, the "Permitted Grounds"); and it is further

ORDERED that the Debtors, and other parties in interest, are authorized to file Omnibus Claims Objections to no more than 500 Claims at a time on the Permitted Grounds; and it is further

ORDERED that, except as expressly provided herein, the Debtors, and other parties in interest, shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each Claim; and it is further

ORDERED that the Debtors are authorized to serve a Claim Objection Notice, rather than the entire omnibus claim objection, on each claimant whose claim is the subject of the applicable omnibus claim objection and, if known, its counsel.  The Claim Objection Notice shall be in a form substantially similar to the notice attached hereto as Exhibit "A," shall be personalized for each claimant, and shall include an explanation of the claim objection process, a description of the basis of the omnibus claim objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the omnibus claim objection, and information on how the claimant might obtain a complete copy of the omnibus objection.  The Debtors retain the right to serve omnibus claim objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion; and it is further

ORDERED that the Debtors shall file all omnibus and individual objections with this Court to be made publicly available on the docket through PACER and for free on the website of the Debtors' approved notice and claim agent.  Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection

or an individual objection) on the U.S. Trustee and counsel to the Creditors' Committee; (b) with respect to Omnibus Claims Objections, service of a Claim Objection Notice on the claimant whose claims is the subject of the applicable omnibus claim objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known; and it is further

ORDERED that responses to the Debtors' individual and omnibus claim objections shall be due thirty (30) calendar days after mailing of the objection, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day; *provided, however*, that the Debtors reserve the right to request that the Court impose an alternative response date or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: January __, 2010
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

(**<u>Notice of Omnibus Objection</u>**)

## THIS IS A NOTICE REGARDING YOUR CLAIM.  YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
In re                                                   :         Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :         **08-13555 (JMP)**
:
**Debtors.**                          :         **(Jointly Administered)**
:
------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' [insert ordinal]**
**OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM**
**[insert basis for objection]**

**[Claimant Name]**

| Filed | | | | | Basis For Objection | Proposed | | | Surviving | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Claim # | Debtor | Classification | Amount | | Debtor | Classification | Amount | Claim # | Amount |
| | | | | | | | | | | |

PLEASE TAKE NOTICE that, on _____, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim **[insert basis for objection]** (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[4]  The category of claim objection applicable to you is identified in the table above in the column entitled "Basis for Objection."

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED on the ground that **[insert basis for disallowance, reduction, reclassification or expungement].  Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on _____, 2010 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the

---

[4]        A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; and (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

A hearing will be held on _____, 2010 to consider the Objection. The hearing will be held at _____ Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you have any questions about this notice or the Motion, or if you would like to request a complete copy of the Motion at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC at (866) 879-0688. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: [        ], 2010
            New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**<u>Exhibit 2</u>**

**(Redline – Revised Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                              :
In re                                         :      **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                                              :
                        **Debtors.**          :      **(Jointly Administered)**
                                              :
-------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF (I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES

Upon the motion, dated December 23, 2009 (the "Motion"),[1] of Lehman

Brothers Holdings Inc. and its and its affiliated debtors in the above-referenced chapter 11 cases,

as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b), for approval of (i) Claim

Objections Procedures and (ii) Settlement Procedures, all as more fully described in the Motion;

and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837] (the "Case Management Order") to (i) the United States Trustee for the

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

US_ACTIVE:\43270687\05\58399.0003.

Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; and (vi) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates and creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule

3007, the Debtors, and other parties in interest, are hereby authorized, in addition to those

grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims

seeking reduction, reclassification and/or disallowance of claims on one or more of the following

grounds (the "Additional Permitted Grounds"):

a) the amount claimed contradicts the Debtors' books and records; *provided* that the Debtors will include the amount of such claim, if any, reflected in their books and records;

b) the Claims were incorrectly classified;

c) the Claims seek recovery of amounts for which the Debtors are not liable; *provided* that the Debtors will include the legal basis for such objection;

d) the Claims do not include sufficient documentation to ascertain the validity of the Claim; and

e) the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

(collectively, the "Permitted Grounds"); and it is further

ORDERED that the Debtors, and other parties in interest, are authorized to file

Omnibus Claims Objections to no more than 500 Claims at a time on the Permitted Grounds; and

it is further

ORDERED that, except as expressly provided herein, the Debtors, and other

parties in interest, shall comply with the requirements for Omnibus Claims Objections set forth

in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a

final order with respect to each Claim referenced in such Omnibus Claims Objection as if an

individual objection had been filed for each Claim; and it is further

ORDERED that the Debtors are authorized to serve a Claim

Objection Notice, rather than the entire omnibus claim objection, on each claimant whose claim

is the subject of the applicable omnibus claim objection and, if known, its counsel.  The Claim

Objection Notice shall be in a form substantially similar to the notice attached ~~to the~~

~~Motion~~hereto as Exhibit "A," shall be personalized for each claimant, and shall include an

explanation of the claim objection process, a description of the basis of the omnibus claim

objection, information regarding the response deadline and hearing date, identification of the

claim that is the subject of the omnibus claim objection, and information on how the claimant

might obtain a complete copy of the omnibus objection.  The Debtors retain the right to serve

omnibus claim objections in their entirety in appropriate circumstances as determined in the

Debtors' sole discretion; and it is further

ORDERED that the Debtors shall file all omnibus and individual

objections with this Court to be made publicly available on the docket through PACER and for

free on the website of the Debtors' approved notice and claim agent.  Notice of claim objections

shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and counsel to the Creditors' Committee; (b) with respect to Omnibus Claims Objections, service of a Claim Objection Notice on the claimant whose claims is the subject of the applicable omnibus claim objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known; and it is further

ORDERED that responses to the Debtors' individual and omnibus claim objections shall be due ~~twenty-one (21~~thirty (30) calendar days after mailing of the objection, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day; *provided, however*, that the Debtors reserve the right to request that the Court impose an alternative response date or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline; and it is further

~~ORDERED that the Debtors, in using their reasonable business judgment, are authorized to settle Claims in accordance with the following Settlement Procedures:~~

~~(i)      The Debtors will be authorized to settle any and all Claims asserted against the Debtors (other than Claims which may be settled pursuant to the Other Settlement Procedures Orders) without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Claim (the "Settlement Amount") is less than or equal to $5 million or (b) the difference between the Settlement Amount compared to (i) the amount listed on the Proof of Claim or (ii) the amount of the Scheduled Claim (together, the "Claim Difference") does not exceed $5 million without regard to any unliquidated amounts asserted by such claimant (any settlement amount within (a) or (b) being a "De Minimis Settlement Amount" and such settlement being a "De Minimis Settlement"); provided, however, if the aggregate of (x) the Settlement Amount and/or Claim~~

Difference with respect to a claimant underlying a proposed settlement and (y) all Settlement Amounts and/or Claim Differences in regards to the same claimant in the 6 month period preceding the proposed settlement, exceeds the *De Minimis* Settlement Amounts, the Debtors will submit the proposed settlement to the Creditors' Committee in accordance with clause (ii) of the Settlement Procedures.

(ii)    If the Settlement Amount or Claim Difference is not a *De Minimis* Settlement Amount but is less than or equal to $50 million without regard to any unliquidated amounts asserted by such claimant, or if the aggregate of (x) the Settlement Amount and/or Claim Difference with respect to a claimant underlying a proposed settlement and (y) all Settlement Amounts and/or Claim Differences in regards to the same claimant in the 6 month period preceding the proposed settlement, exceeds the *De Minimis* Settlement Amounts but is less than or equal to $50 million, the Debtors will submit the proposed settlement to the Creditors' Committee, together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proofs of Claim numbers, (iii) the types of Claims asserted by each such party, (iv) the amounts for which such Claims have been settled and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "Settlement Summary"). Within 5 business days of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee, the Creditors' Committee may submit an objection to the proposed settlement reflected in the Settlement Summary; *provided, however*, that if the Creditors' Committee requests additional information regarding a proposed Settlement, its objection period shall be suspended until the requested information has been provided. If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee if such revised settlement is not a *De Minimis* Settlement Amount or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than 10 days' notice. If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

(iii)    If the Settlement Amount or Claim Difference is not a *De Minimis* Settlement Amount and is greater than $50 million, or if the aggregate of (x) the Settlement Amount and/or Claim Difference

with respect to a claimant underlying a proposed settlement and (y) all Settlement Amounts and/or Claim Differences in regards to the same claimant in the 6 month period preceding the proposed settlement exceeds $50 million, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 business days' notice.

(iv)    The types of Claims that may be settled pursuant to these Settlement Procedures include: (i) secured claims; (ii) administrative expense claims under section 503(b) of the Bankruptcy Code; (iii) other priority claims under section 507(a) of the Bankruptcy Code; and (iv) general unsecured claims.

(v)    On a quarterly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will file with the Court and serve, pursuant to the Debtors' Case Management Order, a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the amounts for which such Claims have been settled.

(vi)    On a monthly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will provide to counsel to the Creditors' Committee a report of all *De Minimis* Settlements which the Debtors have entered during the previous month pursuant to these Settlement Procedures. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the terms and amounts for which such Claims have been settled.

(vii)    Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures; and it is further

ORDERED that nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular Claim and all settlements of Claims may be negotiated and compromised by the Debtors within their sole discretion; and it is further

ORDERED that nothing in this Order shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (ii) expand or create additional rights as to the Debtors, to settle or pursue settlement of Claims pursuant to the Other Settlement Procedures Orders or any other order of the Court; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claims asserted in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: January __, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

(**Notice of Omnibus Objection**)

**THIS IS A NOTICE REGARDING YOUR CLAIM.  YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
               Debtors.                       :    (Jointly Administered)
                                              :
-----------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS' [insert ordinal]**
**OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM**
**[insert basis for objection]**

**[Claimant Name]**

| Filed | | | | | Basis For Objection | Proposed | | | Surviving | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Claim # | Debtor | Classification | Amount | | Debtor | Classification | Amount | Claim # | Amount |
| | | | | | | | | | | |

PLEASE TAKE NOTICE that, on _____, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim **[insert basis for objection]** (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]  The category of claim objection applicable to you is identified in the table above in the column entitled "Basis for Objection."

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED on the ground that **[insert basis for disallowance, reduction, reclassification or expungement].  Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on _____, 2010 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth

---

[1]       A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Shai Y. Waisman, Esq., attorneys for the Debtors; and (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

A hearing will be held on _____, 2010 to consider the Objection.  The hearing will be held at _____ Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601.  If you file a written response to the Objection, you should plan to appear at the hearing.  The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date.  If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date.  You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com.  If you have any questions about this notice or the Motion, or if you would like to request a complete copy of the Motion at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC at (866) 879-0688.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: [          ], 2010
          New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION