**Presentment Date and Time: January 13, 2010 at 12:00 noon**
**Objection Deadline (extended by consent): January 12, 2010 at 4:00 p.m.**
**Hearing Date and Time (if required): February 10, 2010 at 10:00 a.m.**

**IN THE UNITED STATES BANKRUPTCY**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP)<br>Jointly Administered |
| Debtors. | |

**LEAD PLAINTIFF'S LIMITED OBJECTION TO STIPULATION AND ORDER BETWEEN THE EXAMINER AND CREDIT SUISSE SECURITIES (USA) LLC**

Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and Operating Engineers Local 3 Trust Fund, the court-appointed lead plaintiffs (collectively, the "Lead Plaintiffs") in the consolidated securities class action pending in the United States District Court for the Southern District of New York captioned, *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-05523 (LAK) (the "Securities Litigation"), by and through their undersigned counsel, submit this limited objection to the proposed stipulation and order (the "Stipulation") (Docket No. 6527) between Anton R. Valukas, Esq., in his capacity as the examiner (the "Examiner") in these cases, and Credit Suisse Securities (USA) LLC ("Credit Suisse"). In support of this Limited Objection, Lead Plaintiffs respectfully state:

**RELEVANT BACKGROUND**

**A.    Relevant Procedural Background.**

1.    On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On and after the Petition Date, the other Debtors in these cases filed voluntary petitions for relief. The Debtors' chapter 11 cases are being jointly administered in this Court.

2.    The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

**B.    The Securities Litigation.**

4. On April 29, 2008, a securities class action styled *Southeastern Pennsylvania Transportation Authority v. Lehman Brothers Holdings Inc., et al.*, No. 08-CV-2431, was filed in the Northern District of Illinois against LBHI and certain of its officers. On June 18, 2008, the Securities Litigation was commenced in the United States District Court for the Southern District of New York. Conforming to the lead plaintiff deadlines established by the Private Securities Litigation Reform Act of 1995 and repeated in the notices circulated in connection with the *Southeastern Pennsylvania Transportation Authority* action and the Securities Litigation, on June 30, 2008, Lead Plaintiffs moved for appointment as lead plaintiffs in the Securities Litigation. On July 31, 2008, Judge Lewis A. Kaplan entered an order appointing Lead Plaintiffs and approving Lead Plaintiffs' selection of counsel. On January 9, 2009, Judge Lewis A. Kaplan entered an order, *inter alia*, consolidating the various securities class actions and designating Lead Plaintiffs as the lead plaintiffs and approving Lead Plaintiff's selection of counsel in the now-consolidated class action.

5. Lead Plaintiffs are, and represent, persons and entities who purchased or acquired publicly-traded securities of LBHI between June 12, 2007 and September 15, 2008 inclusive (the "Class Period").

6. Defendants in the Securities Litigation are Richard S. Fuld, Jr., the Debtors' former president and chief executive officer; Christopher M. O'Meara, the Debtors' former chief financial officer, controller and executive vice president; Joseph M. Gregory, the Debtors' former chief operating officer; Erin Callan, the Debtors' former chief financial officer and executive vice president; Ian Lowitt, the Debtors' former chief financial officer; former directors of the Debtors Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and

John D. Macomber; and underwriters of certain of the Debtors' securities.[1]

7.     In summary, the Securities Litigation arises from LBHI's undisclosed exposure to losses from distressed mortgage and asset-backed securities. Throughout the Class Period, LBHI, one of the largest financial institutions in the United States, purchased and packaged residential and commercial mortgages and other collateralized debt obligations into complex securities that were sold to investors or held for LBHI's own benefit.

C.     **Appointment Of The Examiner And The Proposed Stipulation.**

8.     On January 16, 2009, the Court entered an Order Directing Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code. This order directs the Examiner to conduct an investigation into certain matters and to perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code.

9.     The Examiner and Credit Suisse are seeking approval of the Stipulation to apparently preserve the alleged confidentiality of Discovery Materials (as defined in the Stipulation) that Credit Suisse may produce to the Examiner in connection with his investigation. However, as set forth below, certain aspects of the Stipulation may inappropriately impact the rights of parties in interest (such as the Lead Plaintiffs) who are not parties to the Stipulation.

## **LIMITED OBJECTION**

10.    Lead Plaintiffs do not oppose Credit Suisse's efforts to take reasonable precautions to safeguard the information it will provide to the Examiner or any agreement between Credit Suisse and the Examiner which does not tread on the rights of third parties. However, Credit Suisse's interests in protecting information must be balanced with the rights of other parties in interest. In certain respects, the Stipulation prejudices the rights of parties in

---

[1] By virtue of the chapter 11 filings, the Securities Litigation is stayed against the Debtors only pursuant to section 362(a) of the Bankruptcy Code; thus, the consolidated class action complaint, which was filed in the Securities Litigation after the Petition Date, does not name the Debtors.

-3-

interest (such as the Lead Plaintiffs) and should be modified as set forth below to protect against what may be unintended consequences.

11. In particular, the Stipulation and proposed order approving the Stipulation should not be deemed a determination as to the propriety and validity of the confidentiality of any Discovery Materials. Parties in interest, including Lead Plaintiffs, should retain the right to object to the assertion of confidentiality and should not be prohibited from access to the Discovery Materials at an appropriate time solely because of Credit Suisse's unilateral designation of Discovery Materials as confidential or highly confidential. The Stipulation should provide that neither the designation of Discovery Materials as confidential or highly confidential under the Stipulation, nor any determinations by the Court in connection with the Stipulation that Discovery Materials are confidential, subject to a privilege or otherwise protected from discovery , are binding on any third parties who were not provided an opportunity to be heard.

12. To address and resolve this concern, Lead Plaintiffs propose that the Stipulation and order approving it be modified to include the following language:

> Neither this Stipulation, nor any determination made by the Court pursuant to this Stipulation, that any information is confidential, subject to a privilege or otherwise protected from discovery shall be binding on any third party unless such party had an opportunity to be heard in connection with such determination.

13. The Examiner has previously agreed to include similar protective language in prior stipulations. *See*, *e.g.*, Docket No. 2775. Thus, including the requested language should not pose an issue here. Lead Plaintiffs attempted to resolve this limited objection in advance of the objection deadline but, thus far, a resolution has not been reached.

**WHEREFORE**, Lead Plaintiffs respectfully request that the Court deny approval of the Stipulation unless it is modified to address the issues raised herein.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *S. Jason Teele*
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)
*Bankruptcy Counsel to Lead Plaintiffs*

-- and --

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John P. "Sean" Coffey, Esq.
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

-- and --

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
David R. Stickney, Esq.
12481 High Bluff Drive
Suite 300
San Diego, CA 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

-- and --

        **BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
John A. Kehoe, Esq.
Benjamin J. Hinerfeld, Esq.
280 King of Prussia Road
Radnor, PA 19087
610.667.7706 (Telephone)
610.667.7056 (Facsimile)

Dated: January 12, 2010
      New York, New York

-6-