UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

|  | : |  |
|---|---|---|
| In re | : |  |
|  | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS, INC.**, *et al.*, | : |  |
|  | : | **08-13555 (JMP)** |
| Debtors. | : |  |
|  | : | **(Jointly Administered)** |
|  | : |  |
|  | : |  |

---------------------------------------------------------------

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER
## BETWEEN THE EXAMINER AND CME GROUP INC.

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) CME Group Inc. ("CMEG").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, inter alia, ordered (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner"), and (ii) the Examiner to conduct an investigation into certain specified matters and

to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner has requested that CMEG produce certain documents and provide information relevant to the Examiner Investigation (all documents and information provided by CMEG to the Examiner, the "Discovery Materials");

WHEREAS, CMEG has requested, and the Examiner has agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Examiner and CMEG have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1.      CMEG may designate as "Highly Confidential" that portion of any Discovery Materials that CMEG in good faith believes meets any of the following criteria in subparagraphs (a) - (d) below, provided that "Highly Confidential" information shall not include: information that is at any time independently developed by the Examiner without use of or reliance upon any of CMEG's Discovery Materials; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available

in substantially the same form in which it was provided by CMEG; information that is required by law to be made available to third parties; information that was, is or becomes public knowledge, not in violation of this Protective Order, or information that is voluntarily de-designated by CMEG. Subject to these conditions and limitations, CMEG may designate the following as "Highly Confidential":

    (a) information that is proprietary and competitively-sensitive and/or that reveals CMEG's methodology in regard to risk-rating, valuation, or other forms of financial or credit analysis;

    (b) information that CMEG is required by law or regulation to protect from disclosure;

    (c) information that is of a personal or intimate nature regarding any individual that will cause undue harm to the reputation of or embarrassment to the individual;

    (d) any other category of information hereinafter given "Highly Confidential" status by agreement of the Examiner and CMEG or further Order of the Court.

2. CMEG may designate as "Confidential" that portion of any Discovery Materials that CMEG in good faith believes meets any of the following criteria in subparagraphs (a) - (e) below, provided that "Confidential" information shall not include: information that is at any time independently developed by the Examiner without use of or reliance upon any of CMEG's Discovery Materials; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by CMEG; information that is required by law to be made available to third parties; information that was, is or becomes public knowledge, not in

-3-

violation of this Protective Order, or information that is voluntarily de-designated by CMEG. Subject to these conditions and limitations, CMEG may designate the following as "Confidential":

    (a)    information concerning the consideration, planning, negotiation, or documentation of any auction, sale, or other transaction involving all or a portion of LBI's or its affiliates' positions, collateral, or other assets;

    (b)    non-public information relating to any trading account, clearing firm position account, or bank account (including transactions, positions, assets, or funds therein) of any member of the Chicago Mercantile Exchange ("CME"), Chicago Board of Trade ("CBOT"), New York Mercantile Exchange ("NYMEX"), or Commodity Exchange ("COMEX") or any customer of such member;

    (c)    information concerning the business practices, plans, strategies, analyses, projections, or financial condition of CMEG or any member of CMEG, CBOT, NYMEX, or COMEX, or any customer of such member;

    (d)    information that is of a personal or intimate nature regarding any individual; and

    (e)    any other category of information hereinafter given "Confidential" status by agreement of the Examiner and CMEG or further Order of the Court.

    3.    CMEG may designate Discovery Materials as Confidential or Highly Confidential by applying the applicable legend to the Discovery Materials. In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored.

4. Discovery Materials that have been designated Highly Confidential shall be maintained in confidence and shall not be shared by the Examiner with any person other than: (i) persons who have lawfully already seen or received the document at issue; (ii) Jenner & Block, in its capacity as counsel to the Examiner, including Jenner & Block attorneys, legal assistants, paralegals, secretarial, and other staff; (iii) professional firms or persons as are retained by the Examiner to provide specialized advice in connection with the Examiner Investigation, including their staff, and including Duff & Phelps; (iv) outside vendors such as copy services or document management vendors used by the Examiner; (v) the Bankruptcy Court (in accordance with paragraph 8); and (vi) other persons upon further order of the Court or consent of CMEG. In the event the Examiner in good faith believes that providing Highly Confidential materials to a witness or other person providing information to the Examiner would assist the Examiner in carrying out his duties, the Examiner shall provide notice to CMEG of the materials he seeks to use (except with respect to interviews of persons who have lawfully already seen or received the document at issue, provided that no other parties are present at the interview), and the parties shall use their best efforts within five business days to allow the use of such material while protecting CMEG's need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted, re-evaluating whether such material must be protected as "Highly Confidential," or considering other provisions to allow the Examiner to carry out his duties while protecting the confidentiality of CMEG information. In addition, the Examiner has advised CMEG that he believes that it may assist the Examiner in carrying out his duties to share certain Highly Confidential materials with the counsel and the financial advisors to the Debtors, the SIPA Trustee, and/or the Creditors' Committee. The Examiner shall provide notice to CMEG of any specific materials he seeks to share, and the

-5-

specific individuals who will be provided those materials, and the parties shall use their best efforts within five business days to allow the sharing of such materials, while protecting CMEG's need for confidentiality, including as described in the foregoing sentence. In the event the Examiner and CMEG cannot resolve an issue concerning the use or sharing of "Highly Confidential" information, the matter may be presented to the Bankruptcy Court for resolution on an expedited basis.

5. Discovery Materials that have been designated Confidential (but not Highly Confidential) may be shown to any of the individuals or entities identified in paragraph 4, as well as to witnesses or other persons who are providing information to the Examiner in connection with the Examiner Investigation (without providing notice to CMEG) provided that counsel for the Examiner has provided such person with a copy of this Protective Order and such person has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto. If Confidential or Highly Confidential materials are utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for the Examiner (or, if counsel for CMEG is present, by counsel for CMEG) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

6. Counsel for the Examiner shall provide a copy of this Protective Order to a representative of any professional firm or individual other than Jenner & Block who is retained by the Examiner (including all entities and individuals identified in paragraph 4 (i)(iii)(iv) and (vi)), and the firm representative or individual, as the case may be, must execute a Non-

Disclosure Declaration in the form annexed as an Exhibit hereto prior to the firm or individual receiving any Highly Confidential or Confidential information.

7. If at any time CMEG determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as Confidential or Highly Confidential, CMEG may apprise the Examiner in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Confidential or Highly Confidential under the terms of this Agreement, provided, however, that CMEG shall, at its cost, provide the Examiner with substitute copies, bearing the appropriate legend, of any such Discovery Materials.

8. All Confidential and Highly Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential or Highly Confidential Discovery Materials, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

9. In the event the Examiner objects to any designation of testimony or Discovery Materials as Confidential or Highly Confidential, the Examiner shall so inform CMEG, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the Examiner's objection, at the end of which the Examiner may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential or Highly Confidential, provided that no Confidential or Highly Confidential information shall be filed in the public record prior to such a determination by the Court, and provided further that the burden shall be on CMEG to justify the claim that disputed material has been properly designated.

10. In the event the Examiner is required by law to provide Confidential or Highly Confidential material to any third party, the Examiner shall first provide prompt prior written

notice to counsel for CMEG and CMEG shall be given a reasonable opportunity to seek protection from a court.

11. If CMEG inadvertently produces a document that it later discovers to be a privileged document (*i.e.*, a document protected from disclosure by the attorney-client privilege, the work-product doctrine, or other applicable privilege or protection), the CMEG's production of that document shall not be deemed to constitute a waiver of any applicable privilege. In such circumstances, the CMEG must promptly notify the Examiner of the inadvertent production, and request the return or destruction of the privileged document. Within ten (10) business days of receiving such notification, the Examiner shall either: (a) advise the CMEG in writing that the Examiner has taken reasonable steps to return or destroy the document at issue and any copies thereof, and to prevent the document at issue from being cited or otherwise used in any report(s) prepared by the Examiner; or (b) apply to the Court for a ruling that the document is not privileged. In such an application to the Court, the Examiner may disclose the document at issue to the Court for *in camera* inspection, but pending the Court's ruling shall not otherwise disclose or use the document. In the event that the Court determines that the document is privileged, the Examiner shall promptly advise the CMEG that the Examiner has taken reasonable steps to return or destroy the document at issue and any copies thereof, and to prevent the document at issue from being cited or used in any report(s) prepared by the Examiner.

12. This Protective Order shall survive the termination of the Examiner Investigation.

Dated: December 22, 2009
New York, New York

By: */s/ Lisa A. Dunsky*
    Lisa A. Dunsky
    Director and Associate General Counsel

    CME Group Inc.
    20 S. Wacker Drive
    Chicago, Illinois 60606
    (312) 338-2483

By: */s/ Robert L. Byman*
    Robert L. Byman
    Patrick J. Trostle

    JENNER & BLOCK LLP
    353 N. Clark Street
    Chicago, Illinois 60654-3456
    (312) 923-2679

    919 Third Avenue
    37th Floor
    New York, New York 10022
    (212) 891-1600

    Attorneys for Anton R. Valukas, Esq., Examiner

**SO ORDERED**

Dated:  New York, New York
         January 13, 2010

    *s/ James M. Peck*
    HONORABLE JAMES M. PECK
    UNITEDSTATES BANKRUPTCY JUDGE

<u>EXHIBIT</u>

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Confidentiality Stipulation and Protective Order between the Examiner and CME Group Inc., dated _____, 2009, in the matter entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this litigation, any information designated as Confidential or Highly Confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____