UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                                    :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
:
    Debtors.                             :    (Jointly Administered)
:
:
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019(b) AUTHORIZING THE ESTABLISHMENT
OF PROCEDURES FOR THE DEBTORS TO COMPROMISE AND SETTLE
PREPETITION CLAIMS ASSERTED BY THE DEBTORS AGAINST THIRD PARTIES**

Upon the motion, dated December 23, 2009 (the "Motion")[1], of Lehman Brothers Holdings Inc., and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code (the "Bankruptcy Code") and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to compromise and settle claims on account of prepetition amounts owed to the Debtors, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

governing case management and administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for the SIPA Trustee; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that Debtors shall be, and hereby are, authorized to compromise and settle Prepetition Ordinary Course Claims in accordance with the following procedures (the "Settlement Procedures"):

    a.    The Debtors may enter into a compromise and settlement of any and all Prepetition Ordinary Course Claims (a "Settlement") in the amount of up to and including $1 million without further order of the Court or notice to or approval of any party in interest, *provided, however*, that if the aggregate of the amount of a Prepetition Ordinary Course Claim against a third party underlying a proposed Settlement and the amount of all Prepetition Ordinary Course Claims settled against the same third party or any of its affiliates in the 3-month period preceding the proposed Settlement (the "Aggregated Claim Amount") exceeds $1 million, the Debtors will either provide notice to the Creditors' Committee of the proposed Settlement or submit the proposed Settlement to the Creditors' Committee as required, respectively, by clauses (b) and (c), as applicable, of these procedures.

    b.    For Settlements of Prepetition Ordinary Course Claims that are greater than $1 million but less than or equal to $5 million, the Debtors may enter into such Settlements without further order of the Court or notice to or approval of any party in interest; *provided* that (x) the Debtors shall provide notice to counsel to the Creditors' Committee of such Settlements as soon as reasonably practicable,

2

but in no event later than promptly following the consummation of such Settlements, and (y) if (i) the proposed settlement amount to be received by the debtors in satisfaction of the Prepetition Ordinary Course Claim (the "Settlement Amount") is less than 50% of the asserted amount of the Prepetition Ordinary Course Claim, or (ii) the Aggregated Claim Amount exceeds $5 million but is less than or equal to $25 million, the Debtors will submit the proposed Settlement to the Creditors' Committee in accordance with clause (c) of these procedures.

c.      For Settlements of Prepetition Ordinary Course Claims (i) that are greater than $5 million but less than or equal to $25 million, (ii) that are greater than $1 million but less than or equal to $25 million and involve a Settlement Amount that is less than 50% of the asserted amount of the Prepetition Ordinary Course Claim, or (iii) where the Aggregated Claim Amount exceeds $5 million but is less than or equal to $25 million, the Debtors will submit the proposed Settlement to the Creditors' Committee, together with (i) the name of the other party to the proposed Settlement, (ii) a summary of the Prepetition Ordinary Course Claim, including the Settlement Amount, (iii) an explanation of why the Settlement of such Prepetition Ordinary Course Claim is favorable to the Debtors and their estates, and (iv) a copy of any proposed settlement agreement (the "Prepetition Ordinary Course Claim Settlement Summary").  The Creditors' Committee will be required to submit any objections to a proposed Settlement reflected on a Prepetition Ordinary Course Claim Settlement Summary on or before five (5) business days after service of such Prepetition Ordinary Course Claim Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee; *provided, however*, that if the Creditors' Committee makes a reasonable request for additional information regarding a proposed Settlement, its objection period shall be suspended until the requested information has been provided.  In the event that the Creditors' Committee objects to a proposed Settlement set forth in a Prepetition Ordinary Course Claim Settlement Summary, the Debtors may (i) seek to renegotiate the proposed Settlement and may submit to the Creditors' Committee a revised Prepetition Ordinary Course Claim Settlement Summary in connection therewith or (ii) file a motion with the Court requesting approval of the proposed Settlement under Bankruptcy Rule 9019.  If there is no timely objection made by the Creditors' Committee to a proposed Settlement set forth in a Prepetition Ordinary Course Claim Settlement Summary, or if the Debtors receive written approval from the Creditors' Committee of the proposed Settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the Settlement without further order of the Court or notice to any party in interest.

d.      For any Settlement of a Prepetition Ordinary Course Claim (i) that is greater than $25 million, or (ii) where the Aggregated Claim Amount exceeds $25 million, the Debtors will be required to file a motion with the Court requesting approval of the Settlement under Bankruptcy Rule 9019.

3

      e.      Beginning 25 days after the end of the first calendar quarter following approval of these Settlement Procedures, and quarterly thereafter not later than 25 days after the end of each subsequent calendar quarter, the Debtors will file with the Court reports identifying all Settlements that the Debtors have entered into during the previous quarterly period in accordance with the Settlement Procedures. Such reports will set forth (i) the number of Settlements entered into during the previous quarterly period, and (ii) the aggregate amount of all Prepetition Ordinary Course Claims settled during the previous quarterly period.

      f.      Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

      g.      Notwithstanding the foregoing, with respect to Settlements of Prepetition Ordinary Course Claims that are the subject of the Employee Claims Stipulation, the Debtors shall give notice of such Settlements to the SIPA Trustee consistent with the terms of that Stipulation.

and it is further

ORDERED that the Debtors are authorized to execute such documents or other instruments as may be necessary to settle and compromise their Prepetition Ordinary Course Claims in accordance with this Order; and it is further

ORDERED that this Order shall not obligate or require Debtors to compromise and settle any Prepetition Ordinary Course Claims they may have, nor shall this Order preclude the Debtors from settling and compromising any Prepetition Ordinary Course Claim upon further application to the Court; and it is further

ORDERED that all settlements of Prepetition Ordinary Course Claims may be negotiated and compromised by the Debtors, in using their reasonable business judgment, within their sole discretion; and it is further

ORDERED that nothing in this Order shall authorize the Debtors to compromise and settle any Prepetition Ordinary Course Claims that the Debtors have assigned or conveyed to any non-Debtor entity; and it is further

4

ORDERED that nothing in this Order shall affect, impair, impede, or otherwise alter the rights of the Debtors to settle and compromise or pursue settlement of claims pursuant to the following other settlement procedures orders (the "Other Settlement Procedures Orders") entered by this Court, or any other order of this Court:

a) Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a)Establishing Procedures to (I) Restructure, (II) Make New or Additional Debt or Equity Investments In, And/Or (III) Enter Into Settlements and Compromises in Connection with Existing Real Estate Investments, dated November 23, 2009 [Docket No. 5912];

b) Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Establishing Procedures for the Debtors to Transfer Their Interests in Respect of Residential and Commercial Loans Subject to Foreclosure to Wholly-Owned Non-Debtor Subsidiaries, dated September 24, 2009 [Docket No. 5272];

c) Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts, dated September 17, 2009 [Docket No. 5207];

d) Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures for the Debtors to Compromise Claims of the Debtors in Respect of Real Estate Loans, dated September 16, 2009 [Docket No. 5187];

e) Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures for the Debtors to Compromise and Settle Claims in Respect of the Origination or Purchase of Residential Mortgage Loans, dated August 5, 2009 [Docket No. 4706];

f) Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures to Terminate Unfunded Commitments and Restructure Corporate Loan Agreements, dated June 3, 2009 [Docket No. 3753]; and

g) Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated December 16, 2008 [Docket No. 2257], as supplemented by the Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated January 15, 2009 [Docket No. 2557], the Third Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated September 29, 2009 [Docket No. 5292], and the Fourth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy

Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated October 16, 2009 [Docket No. 5544];

and it is further

ORDERED that the Settlement Procedures shall not apply to the various claims that may be asserted by the Debtors, such as claims based on derivatives transactions or related to the Debtors' real estate investments, that are already covered by the Other Settlement Procedures Orders; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
January 14, 2010

        *s/ James M. Peck*
        Honorable James M. Peck
        United States Bankruptcy Judge