UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                              :

In re                                                           :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (JMP)

                       Debtors.                   :         (Jointly Administered)

-------------------------------------------------------------------x

## ORDER GRANTING LBHI'S MOTION FOR AUTHORIZATION, PURSUANT TO SECTIONS 105, 363 AND 364 OF THE BANKRUPTCY CODE, TO SELL CERTAIN ASSET BACKED-SECURITIES AND RELATED RELIEF

Upon the motion, dated December 23, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. (the "LBHI"), as debtor in possession (collectively its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a), 363 and 364 of title 11 of the United States Code (the "Bankruptcy Code") for authorization to: (i) sell and to authorize Neuberger[1] to sell the Securities, (ii) enter into and to authorize Neuberger on behalf of LBHI to enter into Hedging Transactions and grant first priority liens in cash, securities or other collateral in connection with such transactions to hedging counterparties; (iii) direct Neuberger to make short-term investments of cash posted for the benefit of hedging counterparties consistent with the authority granted to the Debtors pursuant to the Investment Guidelines Order; and (iv) authorize Neuberger in its discretion to take the Management Actions, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Neuberger; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, and its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

        ORDERED that the Motion is granted; and it is further

        ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized to sell and to authorize Neuberger to sell the Securities at prevailing market prices at the time of each such sale in accordance with the Notice and Review Procedures; and it is further

        ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, purchasers of the Securities shall take title of the Securities free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, LBHI is entitled to authorize Neuberger to take all Management Actions with respect to the Securities; *provided, however*, that, for the avoidance of doubt, Neuberger shall not be permitted to purchase securities in connection with corporate actions, restructuring and other work-out activity without the prior written authorization of LBHI; and it is further

ORDERED that, pursuant to section 364(c)(2) of the Bankruptcy Code, LBHI is authorized to enter into and to authorize Neuberger on behalf of LBHI to enter into Hedging Transactions and to post cash, securities or other collateral up to $55 million in the aggregate for the benefit of hedging counterparties in connection with Hedging Transactions; and it is further

ORDERED that LBHI is authorized to grant hedging counterparties to any Hedging Transaction first priority liens in the collateral posted by LBHI in respect of any such Hedging Transaction; and it is further

ORDERED that LBHI shall not post collateral in connection with the Hedging Transactions that exceeds industry standards as adjusted for a debtor in possession; and it is further

ORDERED that LBHI is authorized to direct Neuberger to make short-term investments of cash posted as collateral in connection with the Hedging Transactions so long as the Debtors are authorized to make such investments pursuant to the Investment Guidelines Order; and it is further

ORDERED that LBHI is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the transactions described in the Motion; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
     January 14, 2010               *s/ James M. Peck*
                                            Honorable James M. Peck
                                            United States Bankruptcy Judge