08-13555-mg    Doc 6666    Filed 01/14/10    Entered 01/14/10 22:11:14    Main Document
                                          Pg 1 of 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                        :
In re                                                   :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :    08-13555 (JMP)
                                                        :
                    Debtors.                            :    (Jointly Administered)
                                                        :
------------------------------------------------------------------------x
                                                        :
In re                                                   :
                                                        :    Case No.
LEHMAN BROTHERS INC.,                                   :
                                                        :    08-01420 (JMP) (SIPA)
                    Debtor.                             :
                                                        :
------------------------------------------------------------------------x

### ORDER GRANTING JOINT MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN BROTHERS INC. PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION AND APPROVAL OF A SETTLEMENT AGREEMENT OF ADAMS GOLF SECURITIES LITIGATION AND OTHER RELATED RELIEF

Upon the joint motion, dated December 22, 2009 (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") and James W. Giddens (the "SIPA Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI"), (i) for authorization and approval, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of a settlement agreement with the Class Plaintiffs,[1] the Adams Golf Defendants, and the Underwriter Defendants, dated as of December 9, 2009, a copy of which is annexed to the Motion as Exhibit 1, and (ii) for a limited modification of the automatic stay provided for under section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") to allow the District Court to consider LBHI's and LBI's participation in the Settlement

---

1  Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Agreement, and to enter an order in respect of a request by the Parties for approval of the Settlement Agreement, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered in the Chapter 11 Cases on February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases; and due and proper notice of the Motion having been provided in accordance with the order entered in the SIPA Proceeding implementing certain notice and case management procedures and other related relief [Docket No. 240]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LBI, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that LBHI and the SIPA Trustee are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is hereby modified, solely to allow the District Court to consider LBHI's and LBI's participation in the Settlement Agreement, and to enter an order in respect of a request by the Parties for approval of the Settlement Agreement; *provided*, *however*, that except as provided in the foregoing sentence all other provisions of the automatic stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of LBHI's chapter 11 case and/or the SIPA Proceeding or from LBHI's, the Debtors', or LBI's estates and/or assets or property of LBHI, the Debtors, or LBI (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect; and it is further

ORDERED that upon the Effective Date of the Settlement Agreement, any Proofs of Claim identified by LBHI, the SIPA Trustee on behalf of LBI, or any other applicable Debtor, including, but not limited to those listed on Schedule 1 annexed to the Settlement Agreement, that have been or may be filed in the Chapter 11 Cases and/or in the SIPA Proceeding by a member of the Class Plaintiffs (as defined in the Settlement Agreement) seeking damages arising from or relating to the claims resolved by the Settlement Agreement will be deemed disallowed and expunged from the applicable claims register to the extent the holder of such claim has not opted out of the Class Plaintiffs (the "Claim Disallowance"); and it is further

ORDERED that such Claim Disallowance shall occur upon notice by LBHI, the SIPA Trustee on behalf of LBI, or any other applicable Debtor to their respective claims agent; and it is further

ORDERED that the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3) is waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
      January 14, 2010

    *s/ James M. Peck*
    Honorable James M. Peck
    United States Bankruptcy Judge