UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re | : |
| | : Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*, | : |
| | : 08-13555 (JMP) |
| Debtors. | : |
| | : (Jointly Administered) |
| | : |

---

### STIPULATION AND ORDER BETWEEN THE EXAMINER
### AND CREDIT SUISSE SECURITIES (USA) LLC

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Anton R. Valukas, Esq., in his capacity as Examiner (as defined below) appointed in the Chapter 11 Cases (as defined below) of Lehman Brothers Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the Chapter 11 Cases, and (b) Credit Suisse Securities (USA) LLC and its subsidiaries and affiliates ("Credit Suisse").

WHEREAS, commencing on September 15, 2008 ("Commencement Date"), the Debtors commenced voluntary cases ("Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on January 16, 2009, the Bankruptcy Court entered an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code (the "Examiner Order"), and the Examiner Order, inter alia, ordered (i) the United States Trustee for

the Southern District of New York (the "U.S. Trustee") to appoint an examiner (the "Examiner"), and (ii) the Examiner to conduct an investigation into certain specified matters and to perform the duties set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code (collectively, and as may be amended and/or supplemented by a Bankruptcy Court order, the "Examiner Investigation");

WHEREAS, on January 19, 2009, pursuant to the Examiner Order, the U.S. Trustee appointed Anton R. Valukas as Examiner and the Bankruptcy Court approved the appointment by Order dated January 20, 2009;

WHEREAS, the Examiner has requested that Credit Suisse produce certain documents and provide information relevant to the Examiner Investigation (all documents and information provided by Credit Suisse to the Examiner, the "Discovery Materials");

WHEREAS, Credit Suisse has requested, and the Examiner has agreed, that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026, to protect the confidentiality of sensitive information; and

WHEREAS, the Examiner and Credit Suisse have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. Discovery Materials shall be used only for the purpose of the Examiner Investigation and for no other purpose.

2. Credit Suisse may designate as "Highly Confidential" that portion of any Discovery Material that Credit Suisse in good faith believes meets any of the criteria in subparagraphs (a) - (c) below, provided that "Highly Confidential" information shall not include: information that is

at any time independently developed by the Examiner without use of or reliance upon any of Credit Suisse's Discovery Material; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by Credit Suisse; information that was, is or becomes public knowledge, not in violation of this Protective Order; or information that is voluntarily de-designated by Credit Suisse. Subject to these conditions and limitations, Credit Suisse may designate the following as "Highly Confidential":

(a) information that identifies specific securities, loans, instruments or other property now or previously held, maintained or possessed by Credit Suisse or any of its customers and which is not related to the Debtors, except that Credit Suisse may designate as "Highly Confidential" information that identifies specific securities, loans, instruments or other property of or formerly of the Debtors that is or was held, maintained or possessed by Credit Suisse;

(b) information that identifies or specifically relates to current or former customers of Credit Suisse other than the Debtors, including, without limitation, matters pertaining to such customers' accounts, credit exposure, appraisals, financial condition or valuations; or

(c) information that reveals Credit Suisse's methodology in regard to risk-rating, valuation or other forms of financial or credit analysis that is of a proprietary or competitively-sensitive nature; or

(d) information that Credit Suisse is required by law or regulation to protect from disclosure.

3. Credit Suisse may designate as "Confidential" that portion of any Discovery Material that Credit Suisse in good faith believes meets any of the following criteria in subparagraphs (a) - (b) below, provided that "Confidential" information shall not include: information that is at any time independently developed by the Examiner without use of or reliance upon any of Credit Suisse's Discovery Material; information rightfully acquired by the Examiner from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of the Examiner; information that is publicly available in substantially the same form in which it was provided by Credit Suisse; information that was, is or becomes public knowledge, not in violation of this Protective Order; or information that is voluntarily de-designated by Credit Suisse. Subject to these conditions and limitations, Credit Suisse may designate the following as "Confidential":

    (a) information that Credit Suisse, in its reasonable judgment, regards as competitively- or commercially-sensitive information; or

    (b) information of a personal nature.

4. Credit Suisse may designate Discovery Material as Confidential or Highly Confidential by applying the applicable legend to the Discovery Material. In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored.

5. Discovery Materials that have been designated Highly Confidential shall be maintained in confidence and shall not be shared by the Examiner with any person other than: (i) persons who have already seen or received the document at issue, as apparent from the face of the document; (ii) subject to paragraph 8 below, Jenner & Block, but only in its capacity as

counsel to the Examiner, including Jenner & Block attorneys, legal assistants, paralegals, secretarial, and other staff; (iii) subject to paragraph 7 below, professional firms or persons, including their staff, as are retained by the Examiner to provide specialized advice in connection with the Examiner Investigation, and including, subject to paragraph 9 below, Duff & Phelps; (iv) outside copy services or document management vendors used by the Examiner; (v) the Bankruptcy Court; and (vi) other persons upon further order of the Court or written consent of Credit Suisse. In the event the Examiner in good faith believes that providing Highly Confidential materials to a witness or other person providing information to the Examiner would assist the Examiner in carrying out his duties, the Examiner shall provide prior written notice to Credit Suisse of the materials he seeks to use (except with respect to interviews of persons who have already seen or received the document at issue, provided that no other parties are present at the interview), including a copy of such materials, and the parties shall have five business days within which to attempt to agree on an approach that will allow the use of such material while protecting Credit Suisse's need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted, re-evaluating whether such material must be protected as "Highly Confidential," or considering other provisions to allow the Examiner to carry out his duties while protecting the confidentiality of Credit Suisse information. In the event the Examiner and Credit Suisse cannot resolve an issue concerning the use of "Highly Confidential" information, the matter may be presented to the Bankruptcy Court, on at least five business days notice to Credit Suisse, for resolution on an expedited basis.

6. Discovery Materials that have been designated Confidential (but not Highly Confidential) may be shown to any of the individuals or entities identified in paragraph 5, as well as to witnesses or other persons who are providing information to the Examiner in connection

with the Examiner Investigation (without providing notice to Credit Suisse) provided that (i) counsel for the Examiner has provided such person with a copy of this Protective Order and such person has executed a Non-Disclosure Declaration in the form annexed as an Exhibit hereto and (ii) the Examiner shall keep a record of such persons and shall make such record (and the Non-Disclosure Declarations executed by such persons) available to Credit Suisse upon request. If Confidential or Highly Confidential materials are utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for the Examiner (or, if counsel for Credit Suisse is present, by counsel for Credit Suisse) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter; provided, that counsel may also make such designation in writing within five business days of the availability of the deposition transcript, rather than on the record at the deposition. All depositions shall be treated as Highly Confidential through and including the fifth business day following availability of the transcript therefor.

   7. Prior to disclosure of any Highly Confidential or Confidential information to any professional firm or individual retained by the Examiner (except for Jenner & Block and Duff & Phelps), counsel for the Examiner shall notify Credit Suisse of the identity of each such firm or individual. Credit Suisse shall have five business days within which to object to such disclosure. If Credit Suisse does not object to the disclosure, counsel for the Examiner may proceed with the disclosure; provided, however, that prior to such disclosure, counsel for the Examiner shall provide a copy of this Protective Order to the firm or individual at issue and no person associated therewith may receive any Highly Confidential or Confidential information without first

executing a Non-Disclosure Declaration in the form annexed as an Exhibit hereto. If Credit Suisse objects to the disclosure, the Examiner and Credit Suisse shall within five business days of the objection determine whether the objection can be resolved. If the objection cannot be resolved and the Examiner wishes to proceed with the disclosure, the matter may be presented to the Bankruptcy Court, on at least five business days notice to Credit Suisse, for resolution on an expedited basis.

8.  No person at Jenner & Block may receive any Highly Confidential or Confidential information without first executing a Non-Disclosure Declaration in the form annexed as an Exhibit hereto. A copy of each such Non-Disclosure Declaration shall be provided to counsel for Credit Suisse promptly following the execution thereof.

9.  No person at Duff & Phelps may receive any Highly Confidential or Confidential information unless and until Duff & Phelps first executes a Non-Disclosure Declaration in the form annexed as an Exhibit hereto.

10. If at any time Credit Suisse determines or realizes that certain testimony or some portion(s) of Discovery Material that it previously produced should be designated as Confidential or Highly Confidential, Credit Suisse may apprise the Examiner in writing, and, notwithstanding anything to the contrary contained herein, such designated testimony or portion(s) of Discovery Material will thereafter be treated as if originally designated Confidential or Highly Confidential under the terms of this Agreement, provided, however, that Credit Suisse shall, at its cost, provide the Examiner with substitute copies, bearing the appropriate legend, of any such Discovery Material.

11. All Confidential and Highly Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that

disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

12. In the event the Examiner objects to any designation of testimony or Discovery Materials as Confidential or Highly Confidential, the Examiner shall so inform Credit Suisse, stating the grounds of the objection, and the parties shall have seven business days to attempt to resolve the Examiner's objection, at the end of which the Examiner may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential or Highly Confidential, provided that no Confidential or Highly Confidential information shall be filed in the public record prior to such a determination by the Court, and provided further that the burden shall be on Credit Suisse to justify the claim that disputed material has been properly designated.

13. In the event the Examiner is required by law to provide Confidential or Highly Confidential material to any third party, the Examiner shall first provide prompt prior written notice to counsel for Credit Suisse and Credit Suisse shall be given a reasonable opportunity to seek protection from a court.

14. The notice to Credit Suisse required under paragraphs 5 and 7 shall be provided to:

> Alan Reifenberg
> Credit Suisse
> One Madison Avenue, 9th Floor
> New York, NY 10010-3629

15. This Protective Order shall survive the termination of the Examiner Investigation.

16. No designation under this Stipulation, nor any determination made by the Court that any information subject to this Stipulation is confidential, privileged, or otherwise protected from discovery, shall be binding on any person or entity that has not received information that is subject to this Stipulation and has not signed a form Non-Disclosure Declaration, unless such person or entity was provided with notice and an opportunity to be heard in connection with such

designation or determination.  Nothing in this provision waives or limits in any way the right of a party to this Stipulation to seek protection from a court where production of information subject to this Stipulation is required by law.

Dated: January 14, 2010
Chicago, Illinois

By: */s/ Stephen S. Madsen*
    Stephen S. Madsen

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Attorneys for Credit Suisse Securities (USA) LLC

By: */s/ Robert L. Byman*
    Robert L. Byman

JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456

Attorneys for Anton R. Valukas, Esq., Examiner

**SO ORDERED**: this 15th day of January, 2010

    */s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

<u>EXHIBIT</u>

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Protective Order, dated _____, ____, in the matter entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this litigation, any information designated as Confidential or Highly Confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____