**Hearing Date and Time: February 10, 2010 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  February 3, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                                 :
In re                                                            :   Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :   08-13555 (JMP)
                                                                 :
                        Debtors.                                 :   (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x
```

**NOTICE OF DEBTOR'S MOTION PURSUANT TO SECTION 363**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR**
**AUTHORIZATION TO PREPAY NOTES ISSUED BY VARIABLE FUNDING TRUSTS**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Commercial Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") pursuant to section 363 of title 11 of the United States Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to prepay, in LCPI's sole discretion, the total amounts outstanding under two securitization trusts, Variable Funding Trust 2007-1 and Variable Funding Trust 2008-1, as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **February 10, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

US_ACTIVE:\43275846\08\43275846_8.DOC\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq., (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (v) Bingham McCutchen LLP, 399 Park Avenue, New York, New York 10022, Attn: Steven Wilamowsky, Esq., attorneys for The Metropolitan Life Insurance Company and (vi) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **February 3, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 20, 2010
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: February 10, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  February 3, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :   08-13555 (JMP)
                                              :
                   Debtors.                   :   (Jointly Administered)
                                              :
------------------------------------------------------------x
```

### DEBTOR'S MOTION PURSUANT TO SECTION 363
### OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004
### FOR AUTHORIZATION TO PREPAY VARIABLE FUNDING TRUSTS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper, Inc. ("LCPI," together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession the "Debtors," and, collectively with their non-debtor affiliates, "Lehman"), files this motion (the "Motion") and respectfully represents:

**Relief Requested**

1. Pursuant to the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing LCPI to Settle Dispute with MetLife, dated May 13, 2009 [Docket No. 3558] (the "Settlement Order"), the Court approved a settlement (the

"Settlement") between LCPI and The Metropolitan Life Insurance Company ("MetLife"). The Settlement relates to, among other things, Variable Funding Trust 2007-1 ("VFT 2007") and Variable Funding Trust 2008-1 ("VFT 2008" and, together with VFT 2007, the "Trusts"), each a securitization trust that served as a financing facility. MetLife purchased from each of the Trusts notes that are secured by mortgage loans or participations in corporate loans sold or assigned to the Trusts by LCPI. LCPI seeks authorization to prepay, in its sole discretion, the notes issued by either or both of the Trusts before their dates of maturity pursuant to section 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

2. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

5. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "<u>Examiner</u>") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

### Jurisdiction

6. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Lehman's Business

7. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Lehman's Relationship with MetLife and the Trusts[1]

### A. *The VFT 2007 Trust*

9. VFT 2007, a Delaware statutory trust, entered into a Note Purchase Agreement, dated as of November 30, 2007 (as amended, the "2007 Note Purchase Agreement") with MetLife, pursuant to which VFT 2007 issued to MetLife certain notes (as amended, the "2007 Notes"), and MetLife agreed to provide a variable rate senior secured revolving credit facility to VFT 2007 in an aggregate principal amount of up to $500 million. LBHI guaranteed the repayment of the 2007 Notes pursuant to a Guaranty, dated as of November 30, 2007.

10. LCPI sold and assigned certain mortgage loans (the "Mortgage Loans") to VFT 2007, and such Mortgage Loans, in turn, are pledged as collateral for the 2007 Notes. LCPI is the legal and beneficial owner of certificates issued by VFT 2007 that confer upon LCPI the right to receive any residual interest in VFT 2007 after the 2007 Notes are paid in full.

### B. *The VFT 2008 Trust.*

11. VFT 2008, a Delaware statutory trust, entered into a Note Purchase Agreement, dated as of May 9, 2008 (the "2008 Note Purchase Agreement" and, together with the 2007 Note Purchase Agreement, the "Note Purchase Agreements") with MetLife, pursuant to which VFT 2008 issued to MetLife certain notes (the "2008 Notes" and, together with the 2007 Notes, the "Notes"), and MetLife agreed to provide a variable rate senior secured revolving credit facility to VFT 2008 in an aggregate principal amount of up to $500 million. LBHI guaranteed the repayment of the 2008 Notes pursuant to a Guaranty, dated as of May 9, 2008.

---

[1] Additional facts regarding the Settlement and Lehman's relationship with MetLife and the Trusts are set forth in the Debtors' Motion for Entry of an Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing LCPI to Settle Dispute with MetLife, dated March 2, 2009 [Docket No. 2978] and are incorporated herein by reference.

12.     LCPI sold and assigned participations (the "<u>Participations</u>" and, together with the Mortgage Loans and the other collateral securing the 2007 Notes and/or the 2008 Notes from time to time, the "<u>Collateral</u>") in certain specific corporate loans (the "<u>Corporate Loans</u>") to VFT 2008.  The Participations are, in turn, pledged as collateral for the 2008 Notes.  LCPI is the legal and beneficial owner of the certificates issued by VFT 2008 that confer on LCPI the right to receive any residual interest in VFT 2008 after the 2008 Notes are paid in full.

13.     Provisions in the Note Purchase Agreements, the Collateral Agreements, and the respective related transaction agreements (collectively, the "<u>Transaction Documents</u>" and, as amended pursuant to the Settlement, the "<u>Amended Transaction Documents</u>") provide that the 2007 Notes and the 2008 Notes are cross-collateralized.

C.     *The Settlement.*

14.     On May 13, 2009, the Court entered the Settlement Order, which authorized LCPI to enter into the Settlement with MetLife.  The Settlement resolved certain of the disputes of MetLife and LCPI regarding the Trusts.  MetLife and LCPI finalized and executed the Amended Transaction Documents and, on October 14, 2009, filed copies of such documents with the Court [Docket No. 5495].

15.     Pursuant to the Settlement, the maturity date of each of Notes was extended to facilitate LCPI's ability to benefit from any increase in the value of the Collateral.  The maturity date of the 2007 Notes was extended to December 31, 2009.  The Settlement provided that, upon compliance with certain conditions, the maturity date of the 2007 Notes could be further extended to June 30, 2010.  The Settlement also provided that LCPI could contribute cash to VFT 2007 to satisfy such conditions.  Under the Settlement, the maturity date of the 2008 Notes was extended to June 30, 2010.

16.     On December 23, 2009, LCPI made a cash contribution to VFT 2007 in the amount of approximately $115.5 million. On December 23, 2009, VFT 2007 applied the entire amount of LCPI's cash contribution to pay down the amounts due under the 2007 Notes. Currently, there is approximately $258.8 million outstanding under the 2007 Notes and approximately $134.9 million outstanding under the 2008 Notes.

### The Prepayment of the Notes

17.     Throughout the first three quarters of 2009, on a quarterly basis the underlying principal and interest payments received by LCPI in respect of the Collateral was in excess of the interest rate owed by the Trusts to MetLife. As a result, except for the interest payment due for the fourth quarter of 2009, during 2009, LCPI was able to finance the extended maturity date of the Notes without its estate incurring any out-of-pocket costs. Pursuant to the Settlement, as of January 1, 2010, the interest rate payable by VFT 2007 under the 2007 Notes increased from the London Interbank Offered Rate ("LIBOR") plus 450 basis points to LIBOR plus 700 basis points. Because of this interest rate increase, there will be a shortfall of approximately $4 million to $6 million between the amounts received by LCPI from the Mortgage Loans and the interest payments owed by VFT 2007 under the 2007 Notes. LCPI estimates that, between the date hereof and the June 30, 2010 maturity date, interest will accrue under the 2007 Notes and 2008 Notes in amounts of up to approximately $10 million and $2.7 million, respectively.

18.     The Debtors have determined that the value of the Collateral recently increased to well above the amounts owed by the Trusts to MetLife under the Notes. However, based upon the current market conditions for loans, if sales of the Collateral were to occur at this time, such sales would, in the Debtors' view, still likely result in a portion of such Collateral

being sold at a significant discount to its par value and/or its intrinsic value. As a result, an immediate liquidation of the Collateral would reduce the ability of LCPI's estate to realize a recovery from its ownership interests in the Trusts.

19. Because the value of the Collateral is currently greater than the amounts owed by the Trusts to MetLife under the Notes, the Debtors have determined that it is too costly to continue to maintain the financing provided through the Notes. However, rather than providing for an immediate sale of the Collateral, the Debtors have determined that it is in the best interest of their estates for LCPI to have the ability to cause the Trusts to prepay either or both of the 2007 Notes and the 2008 Notes in their entirety before their maturity dates (the "<u>Prepayment</u>").[2] LCPI estimates that the cost of the Prepayment will be no greater than approximately $394 million, a cost that, in any event, would become due upon maturity of the Notes. Accordingly, LCPI requests authorization to effectuate, in its discretion, the Prepayment.

**<u>The Prepayment is An Appropriate Exercise of LCPI's Business Judgment</u>**

20. LCPI seeks the approval of the Court pursuant to section 363(b)(1) of the Bankruptcy Code to use property of its estate in connection with the Prepayment. Ample authority exists for LCPI's Prepayment of the Notes. Section 363 of the Bankruptcy Code provides, in relevant part, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). When considering a transaction outside the ordinary course of business, courts in the Second Circuit, and others, require that such transaction be based upon the sound business judgment of the debtor. *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1070

---

[2] Because the 2007 Notes and the 2008 Notes are cross-collateralized, the prepayment of one series of the Notes without the prepayment of the other series of the Notes will delay the Debtors' ability to realize any recovery from the Collateral.

(2d Cir. 1983); *accord In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper* (*In re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991)); *Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986).

21.  It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). If a valid business justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom,* 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993). The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

22.  LCPI has determined, in the sound exercise of its business judgment, that the Prepayment is in the best interests of its estates and creditors. The Prepayment is the best framework for continuing to maximizing the value of the Collateral in the Trusts without incurring excess financing costs. The Settlement has provided LCPI with time to benefit from a stabilization of the financial markets. Since entry into the Settlement, the value of the Collateral has increased such that it is now greater than the amounts owed by the Trusts to MetLife. Nevertheless, the Debtors believe that the Collateral continues to have value, and consequently, that LCPI and its estate may ultimately realize an even greater recovery from its interests in the Trusts. While LCPI will provide the Trusts with the aggregate amount of no greater than

approximately $394 million and cause each of the Trusts to payoff the Notes, such actions will protect the Trusts' interests in the Collateral by effecting a release of the Collateral in accordance with the Amended Transaction Documents. The Debtors will also be able to sell or restructure the Mortgage Loans and Corporate Loans in accordance with the Bankruptcy Code and the prior orders entered by the Court without seeking additional consents from MetLife.

23. LCPI believes that the Prepayment is fair and reasonable under the circumstances. In addition to protecting the valuable Collateral pledged by the Trusts, such actions will allow LCPI to cease using the amounts repaid by the borrowers under the Collateral to pay down the 2007 Notes and the 2008 Notes, which accrue interest at the rates of LIBOR plus 7% and LIBOR plus 4.5%, respectively. As a result, LCPI will save up to over $12 million in financing costs. With respect to the 2007 Notes, LCPI will no longer face the risk that it will also be forced to use the additional cash of its estate to finance the interest payments owing to MetLife.

24. In contrast, absent the Prepayment, if LCPI ceases to continue to finance the payment of the considerable interest accruing under the Notes, MetLife may be able to exercise any remedies it has with respect to the Notes and potentially deprive the Debtors and their estates of the potential for further recovery with respect to the Collateral – valuable assets in which the Debtors and their subsidiaries have invested hundreds of millions of dollars. Thus, the benefit resulting from the Prepayment to the Debtors' estates and creditors far outweighs any burden to the Debtors' estates arising from LCPI providing funds of no greater than approximately $394 million, a sum that, in any event, would become due on June 30, 2010.

25. Accordingly, in light of the undeniable benefits of the relief requested herein to LCPI and its reorganization, LCPI's decision to finance and cause the immediate

payoff of the Notes in full is a sound exercise of business judgment, and approval of Prepayment is in the best interests of LCPI's estate and creditors.

### Relief Under Bankruptcy Rule 6004(h)

26. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). LCPI wishes to have the flexibility to payoff the Notes as promptly as possible to eliminate the Trusts' continued obligation to pay interest accruing under the Notes and the associated risk that LCPI may have to use assets of its estate to service the interest accruing under the 2007 Notes. Accordingly, LCPI respectfully requests that any order be effective immediately by providing that the 14-day stay is inapplicable.

### Notice

27. No trustee has been appointed in these chapter 11 cases. LCPI has served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to MetLife; and (vii) all parties who have requested notice in these chapter 11 cases. LCPI submits that no other or further notice need be provided.

28. No previous request for the relief sought herein has been made by LCPI to this or any other court.

WHEREFORE LCPI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: January 20, 2010
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11 Case No.
                                                      :
LEHMAN BROTHERS HOLDINGS INC., et al.,                :    08-13555 (JMP)
                                                      :
                          Debtors.                    :    (Jointly Administered)
                                                      :
-----------------------------------------------------------------x
```

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 AUTHORIZING DEBTOR TO PREPAY NOTES ISSUED BY VARIABLE FUNDING TRUSTS

Upon the motion (the "Motion") of Lehman Commercial Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to cause, in LCPI's sole discretion, the prepayment of either or both of (i) the notes (the "2007 Notes") issued by Variable Funding Trust 2007-1 ("VFT 2007") to The Metropolitan Life Insurance Company ("MetLife") pursuant to that certain Note Purchase Agreement dated as of November 30, 2007 and (ii) the notes (the "2008 Notes" and, together with the 2007 Notes, the "Notes") issued by Variable Funding Trust 2008-1 ("VFT 2008" and, together with VFT 2007, the "Trusts") to MetLife pursuant to that certain Note Purchase Agreement dated as of May 9, 2008 (the "Prepayment"), as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to MetLife; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363(b)(1) of the Bankruptcy Code, LCPI is authorized, but not obligated, to effectuate the Prepayment of the 2007 Notes and/or the 2008 Notes and consummate all of the transactions contemplated thereby, including the payment to the Trusts of all amounts necessary to prepay the Notes and execution and delivery of such documents and instruments of transfer, and to take such other actions as may be reasonably necessary to consummate such transactions, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of any further court proceedings or approval; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004(h); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: February __, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE