WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                     :

**In re**                             :        **Chapter 11 Case No.**
                                     :

**LEHMAN BROTHERS HOLDINGS INC., *et al.*,**   :        **08-13555 (JMP)**
                                     :

                    **Debtors.**       :        **(Jointly Administered)**
                                     :

------------------------------------------------------------------x

**NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE
OF BANKRUPTCY PROCEDURE 9019 FOR AUTHORITY TO COMPROMISE
CERTAIN CLAIMS PURSUANT TO DEED IN LIEU OF FORECLOSURE AGREEMENT**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), pursuant to

section 105(a) of title 11 of the United States Code and Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for authority to compromise certain claims

pursuant to deed in lieu of foreclosure agreement, as more fully described in the Motion, will be

held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green,

New York, New York 10004 (the "Bankruptcy Court"), on **February 10, 2010 at 10:00 a.m.**

**(Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the Chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq., (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Denise K. Wildes, Esq., attorneys for the Stamford Entities (as such term is defined in the Motion); so as to be so filed and received by no later than **February 3, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Objection Deadline</u>").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 20, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                                                   :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**
:
**Debtors.**                  :    **(Jointly Administered)**
:
-------------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE
OF BANKRUPTCY PROCEDURE 9019 FOR AUTHORITY TO COMPROMISE
CERTAIN CLAIMS PURSUANT TO DEED IN LIEU OF FORECLOSURE AGREEMENT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in

the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors," and

collectively with their non-debtor affiliates, "Lehman"), files this motion and respectfully

represents:

**Background**

1.       Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. (together with its

predecessors, "LBHI") and the other Debtors commenced with this Court voluntary cases under

title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have

been consolidated for procedural purposes only and are being jointly administered pursuant to

rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The

Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

## Jurisdiction

3.        This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Preliminary Statement

4.        Prior to the Commencement Date, certain of LBHI's subsidiaries became

involved in a sale leaseback transaction (the "Sale Leaseback") involving real property located in

Stamford, Connecticut (the "Property").  The Property is divided into two fee interests, a 560,000

square foot office building (the "Building") and the land that underlies and supports the Building

(the "Land").  The Sale Leaseback was structured such that a Lehman controlled entity called

Stamford Associates, L.P. ("SALP") entered into a ground lease for the Land and took fee title to

the Building from a subsidiary of the General Re Corporation ("Gen Re").  As will be described

in greater detail below, SALP then subleased the Land and leased the Building to another

Lehman entity called Stamford Real Estate Corporation ("SREC") who, in turn, subleased the

Land and the Building back to Gen Re.  Another Lehman entity called Stamford Investment

Partners[1] ("SIP" together with SREC, "Lehman Stamford," and collectively with LBHI, the "Lehman Entities") provided financing in connection with these transactions. Gen Re's subsidiary retains the fee interest in the Land.

5.     Lehman structured its ownership interest in the Property to provide two revenue streams. First, in 1985, Lehman syndicated the limited partnership interests in SALP to an entity called Security Pacific Capital Leasing Corporation[2] ("SPCLC," and together with SALP the "Stamford Entities") for $43,000,000.[3] In order to induce SPCLC to participate in the syndication, LBHI provided a guarantee of certain of SREC's obligations under the various leases and subleases (the "LBHI Guarantee") and a related tax indemnity (the "Tax Indemnity"). The LBHI Guarantee and the Tax Indemnity are currently LBHI's only direct connection to the Property.

6.     Second, Lehman anticipated that the financing provided by SIP would eventually result in a positive net cash flow. The financing provided by SIP consisted of a loan (the "Loan") evidenced by a $26,000,000 face amount Deferred Interest Subordinated Note Due 2020, dated November 9, 1984 (the "Note"), and secured by that certain Second Mortgage and Security Agreement dated as of November 9, 1984 on the Property, by and among SALP, as mortgagor, SIP, as mortgagee, and SREC (the "Mortgage," and together with the Loan and the

---

[1] SIP is a limited partnership which is currently owned by Stamford Investment Realty Inc. (a fourth-tier subsidiary of LBHI) as the sole general partner, and LB Stamford LLC as the sole limited partner. LB Stamford LLC is a wholly owned subsidiary of PAMI LLC, which is also an indirect, wholly owned, subsidiary of LBHI.

[2] SPCLC is a wholly-owned, indirect subsidiary of Bank of America Corporation.

[3] Upon information and belief, Stamford Investors GP LLC ("Stamford Investors GP"), is currently the approximately 0.1% general partner in SALP and Stamford Investors LLC ("Stamford Investors") is the approximately 93% limited partner. The remaining limited partnership interests in SALP are held by various individuals. Both Stamford Investors GP and Stanford Investors are a wholly owned subsidiaries of SPCLC.

Note and all other documents evidencing and/or securing the Loan, collectively the "Loan Documents"). The first debt service payment of $11,343,142 is due on or before August 1, 2010.

7.   Following the Commencement Date, the Stamford Entities filed claims in LBHI's case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") allegedly arising out of LBHI's obligations under the LBHI Guaranty and the Tax Indemnity (the "Proofs of Claim"). The aggregate face amount asserted in the Proofs of Claim is $416,353,324.71. *See* Proof of Claim No. 15799 and Proof of Claim No. 15794.

8.   Gen Re is vacating the Property when its sublease expires on January 31, 2010. Once that occurs, SREC will have no source of funding to satisfy its obligations to SALP under its sublease and SALP will be unable to make the debt service payments to SIP under the Loan when they become due. If SIP does not receive payment under the Loan from SALP, it will attempt to foreclose on the Mortgage, an action that the Stamford Entities are likely to contest vigorously.

9.   In an effort to avoid the expense and delays of litigation, the Stamford Entities and the Lehman Entities have negotiated the material terms of a global settlement pursuant to which, subject to the terms and conditions of the Agreement (as such term is hereinafter defined): (i) SALP will convey its fee interest in the Building and its interests under the Ground Lease and the Master Lease (as such terms are hereinafter defined) to a newly formed subsidiary of SIP without representation or warranty except as agreed among the parties to the Agreement in consideration for, among other things, the release of the Stamford Entities from all of their obligations under the Loan Documents, the Ground Lease, and the Master Lease, (ii) at the closing of the foregoing conveyance, Proof of Claim No. 15799, filed by SALP and SPCLC against LBHI, will be amended and superseded by a single allowed general

unsecured claim in the allowed amount of $45,000,000 solely against LBHI, which allowed

claim shall not be subject to any reduction, disallowance, defense, counterclaim, setoff or

subordination, and Proof of Claim No. 15794, filed by SPCLC against LBHI, will be deemed

amended and superseded by a single allowed general unsecured claim in the amount of

$20,000,000 solely against LBHI, which allowed claim shall not be subject to any reduction,

disallowance, defense, counterclaim, setoff or subordination, (collectively, the "Amended and

Superseded Proofs of Claim"), (iii) at the closing of the foregoing conveyance, any rights that the

Stamford Entities have under the LBHI Guarantee and the Tax Indemnity will be extinguished,

(iv) the Lehman Entities will provide certain releases to the Stamford Entities; and (v) certain of

LBHI's non-debtor subsidiaries and the Stamford Entities will enter into additional agreements

consistent with the overall restructuring plan (collectively, the "Global Settlement").  The Global

Settlement is subject to negotiation and execution of definitive documentation, including the

Agreement, and satisfaction of all conditions precedent set forth in the Agreement including

obtaining the requisite consents (other than the approval from the Bankruptcy Court which will

be provided for by entry of the Order) prior to the entry into the Agreement and is currently not

binding on any party.

        10.     Importantly, the only portion of the Global Settlement that LBHI will be a

party to is that certain Agreement for Deed/Assignment in Lieu of Foreclosure (the

"Agreement"), and its only obligations under the Agreement will be to consent to the amendment

and replacement of Proofs of Claim No. 15794 and 15799 with the Amended and Superseded

Proofs of Claim and to release the Stamford Entities from any claims relating to or arising out of

the transactions and documents described in the Proofs of Claim.  In exchange, the liability of

LBHI's estate under the Proofs of Claim will be reduced by over $350,000,000, LBHI's

obligations under the LBHI Guarantee and the Tax Indemnity will be extinguished, and LBHI's

wholly owned, indirect, non-debtor subsidiaries will receive SALP's fee interest in the Building

and its interests under the Ground Lease and the Master Lease.  Accordingly, LBHI's entry into

the Agreement should be approved.

### Relief Requested

11.     LBHI requests authority, pursuant to section 105(a) of the Bankruptcy

Code and Bankruptcy Rule 9019, to enter into the Agreement and comply with its obligations

therein, including, but not limited to, consenting to the amendment and allowance of the

Amended and Superseded Proofs of Claim and becoming a party to a release agreement pursuant

to which the Stamford Entities and the Lehman Entities will release each other from all actions,

suits, damages and claims in connection with the Loan Documents, the Master Lease, the

Ground Lease, the Property, the Proofs of Claim, the Tax Indemnity, the LBHI Guaranty (as

such terms are defined herein), and all related matters other than for breach of the Agreement.

As set forth more fully below, LBHI's decision to enter into the Agreement falls within the range

of reasonableness and is in the best interests of LBHI's estate and creditors.

### The Property

12.     The Property is located at 695 East Main Street in downtown Stamford,

Connecticut.  The ownership structure of the Property, as it is currently configured, is as follows:



13.    The Elm Street Corporation ("Elm Street"), a wholly-owned subsidiary of

Gen Re, holds fee title to the Land.  Elm Street is a party to that certain ground lease, dated as of

November 1, 1984, between Elm Street as lessor and SALP as lessee (the "Ground Lease")

pursuant to which Elm Street leased the Land to SALP for a term that expires in 2060.

14.    SALP holds fee title to the Building and is a party to that certain Realty

Lease and Sublease Agreement (the "Master Lease") dated as of November 1, 1984, between

SALP, as lessor, and SREC, as lessee.  Pursuant to the Master Lease, SALP subleased the Land

and leased the Building to SREC.

15.    SREC subleased its interests in the Master Lease to Gen Re pursuant to

the certain Realty Sublease and Sub-Sublease Agreement (the "Operating Lease") dated as of

November 1, 1984, between SREC, as lessor, and Gen Re, as lessee. The term of the Operating

Lease expires on January 31, 2010.

16.    Upon information and belief, Gen Re has signed a lease for replacement

space at an alternative premises in Stamford and is expected to vacate the Property when the

Operating Lease expires on January 31, 2010.

## The LBHI Guarantee and the Tax Indemnity

I.    The LBHI Guarantee

17.    In connection with the syndication, LBHI's predecessor in interest entered

into the LBHI Guarantee on May 10, 1985.[4] The LBHI Guarantee guarantees to SPCLC the

payment and performance by SREC as lessee under the Master Lease and as the lessor under the

under the Operating lease during the period beginning February 1, 2010 and ending February 1,

2020. Since the Master Lease contains a covenant by SREC to pay the rent under the Ground

Lease, the LBHI Guarantee includes those payments.[5]

18.    On September 17, 2009, the Stamford Entities filed a proof of claim

against LBHI for all of the obligations that allegedly were guaranteed by LBHI under the LBHI

Guarantee (the "Guarantee Claim") [Claim No. 15799]. The face value of the Guarantee Claim

is $278,672,570.71 plus additional damages that may be payable by SALP to Elm Street under

the Ground Lease.

---

[4] Pursuant to that certain Assignment of Guarantee dated as of December 31, 2001, SPCLC assigned all of its right, title and interest in and to the LBHI Guarantee to SALP for a term of years expiring on January 31, 2010, after which all rights in, to and under the LBHI Guarantee automatically revert back to SPCLC.

[5] For the avoidance of doubt, nothing contained herein shall be construed as an acknowledgement by LBHI of any particular obligations under the LBHI Guarantee and LBHI reserves the right to contest the validity or enforceability of any provision of the LBHI Guarantee for any reason if the Global Settlement shall not be consummated.

II.    The Tax Indemnity

19.    Concurrent with the LBHI Guarantee, LBHI's predecessor in interest entered into the Tax Indemnity.  The Tax Indemnity provides for the receipt, by SPCLC, of the economic and time-value benefit of certain tax benefits associated with its investment in the partnership interests of SALP, including depreciation deductions in respect of the Building and interest deductions in respect of the Loan over the term of the Master Lease.[6]

20.    On September 17, 2009, SPCLC also filed a proof of claim against LBHI for all of the obligations that allegedly arise out of the Tax Indemnity (the "Tax Indemnity Claim,") [Claim No. 15794].  SPCLC asserts that LBHI's total obligation under the Tax Indemnity is $137,680,754.

## The Global Settlement

21.    The Lehman Entities and the Stamford Entities have agreed in principle to the material terms of the Global Settlement, subject to the negotiation and execution of definitive documentation, including the Agreement, and satisfaction of all conditions precedent set forth in the Agreement, including obtaining the requisite consents (other than the approval from the Bankruptcy Court which will be provided for by entry of the Order) prior to the entry into the Agreement.  The Agreement is currently not binding on any party.  In order to expedite the consummation of the Global Settlement, the Lehman Entities and the Stamford Entities believe that it is necessary to file this motion before all of the documents memorializing the Global Settlement have been finalized.  LBHI's obligations under the Agreement, however, will be substantially consistent with the description of the Agreement provided herein.

---

[6] For the avoidance of doubt, nothing contained herein shall be construed as an acknowledgement by LBHI of any particular obligations under the Tax Indemnity and LBHI reserves the right to contest the validity or enforceability of the Tax Indemnity and any provision thereof for any reason if the Global Settlement shall not be consummated.

**The Agreement:**

| | |
|---|---|
| *Conveyance to SIP of the Property* | SALP will convey its fee interest in the Building and its interests under the Ground Lease and the Master Lease to a newly formed wholly owned subsidiary of SIP (the "Property Transfer"), subject only to the title exceptions to be agreed upon among the parties, by way of a deed and assignment in lieu of foreclosure, and such subsidiary shall assume all of SALP's obligations under the Ground Lease, the Master Lease, and the Loan Documents arising on or after execution of the Agreement (if SALP takes no action during the Contract Period with respect to the Ground Lease and the Master Lease). |
| *The Proofs of Claim* | Simultaneously with the title closing under the Agreement (the "Closing"), LBHI will file a notice of consummation (the "Notice of Consummation") with the Court and serve the Notice of Consummation on the Stamford Entities. Following the filing of the Notice of Consummation, the Guarantee Claim [Claim No. 15799] shall be deemed amended and superseded by an allowed general unsecured claim in the amount of $45,000,000 against LBHI and the Tax Indemnity Claim [Claim No. 15794] shall be deemed amended and superseded by an allowed general unsecured claim in the aggregate amount of $20,000,000 against LBHI.  The Amended and Superseded Proofs of Claim shall not be subject to any defense, counterclaim, reduction, disallowance, setoff or subordination.  Upon the Closing, the Amended and Superseded Proofs of Claim shall be freely assignable by the Stamford Entities[7] and the Stamford Entities will also be deemed to waive any and all other claims that they may have against any of the other debtors in these chapter 11 cases arising out of or relating to the claims asserted in the Guaranty Claim and the Tax Indemnity Claim or the transactions or documents described therein. |

**Other Significant Terms of the Global Settlement:**

| | |
|---|---|
| *Releases* | At the Closing, each of the Stamford Entities and the Lehman Entities will execute and deliver to each other a mutual release agreement which would release all parties from all actions, suits, damages and claims in connection with the Ground Lease, the Master Lease, the Operating Lease, the Loan, the Loan Documents, the Property, the Proofs of Claim, the Tax Indemnity, the LBHI Guaranty and all related matters, other than for claims of breach of the Agreement**.** |
| *Standstill* | The Agreement will provide that, during the period from and after the execution and delivery of the Agreement by the parties thereto until the Closing (the "Contract Period"), subject to the performance by the Stamford Entities of their material obligations under the Agreement, SIP shall not bring any action against any of the Stamford Entities in connection with the Loan or exercise any of its rights and remedies under the Loan Documents, |
| *Legacy Rent Payments* | The final rent payment due and payable by Gen Re to SREC pursuant to the Operating Lease actually delivered to SREC by Gen Re promptly upon receipt by SREC shall be deposited with an escrow agent acceptable to the parties and delivered to SALP at the Closing. |
| *Survival of the Master Lease* | Each of SREC and SALP will acknowledge and agree to continue to be bound |

---

[7] Subject to any orders that are entered in connection with the Debtors Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code for Approval of Certain Restrictions and Procedures Applicable to Transfers of the Debtors Securities [Docket No. 6699].

|  | by the terms of the Master Lease during the Contract Period.  Notwithstanding the foregoing, subject to SREC continuing to perform its obligations under the terms of the Master Lease (other than the payment of base rent, which shall be escrowed as provided above), including, without limitation, the obligation of SREC, at its sole cost and expense, to maintain the property in good order and repair and to insure the Property as provided in the Master Lease and the performance by the Lehman Entities of their material obligations under the Agreement, the Stamford Entities will agree to take no action during the Contract Period with respect to the Property, the Master Lease or the Ground Lease, including without limitation, amending any of the relevant transaction documents, entering into of any contracts, security agreements, leases and/or occupancy agreements or any similar agreements with respect to the Property or incur any obligation with respect to the Property without first obtaining the prior written consent of SREC.  Upon reasonable request of the Stamford Entities, SREC shall provide evidence of its ability to properly secure, repair, maintain, and insure the Building and to pay all other expenses of the Building, the Master Lease, and the Ground Lease. |
|---|---|
| *Conditions Precedent* | The Agreement will provide for the following conditions precedent to the closing of the transactions (a) the Bankruptcy Court shall have entered a final, non-appealable order approving the Agreement and the transactions contemplated thereby, (b) each of the Lehman Entities and the Stamford Entities shall have performed in all material respects all of their respective obligations to be performed under the Agreement, including, without limitation, entering into and delivering all documents contemplated therein, and (c) the representations and warranties of each of the Lehman Entities and the Stamford Entities set forth in the Agreement shall be valid and true in all material respects as of the date of the execution of the Agreement and shall continue to be valid and true in all material respects throughout Contract Period.<br><br>If the conditions precedent set forth above are not met or otherwise waived by the applicable parties the party entitled to the benefit of the failed condition shall have no obligation to close the transactions contemplated by the Agreement.  If the Closing shall not occur prior to February 28, 2010, then the Agreement shall terminate and all parties shall be restored to the status quo ante except for any claims that may exist for breach of the Agreement. |
| *Taxes* | The Lehman Entities, jointly and severally, will be solely responsible for the cost and payment of any real property or other transfer tax, conveyance tax, documentary tax or stamp tax, whether payable to the State of Connecticut or any municipality, arising in connection with the Property Transfer. |
| *Other* | The Global Settlement may contain other terms and conditions not inconsistent with the terms of the Order approving the Motion as required by any party as agreed among the parties to the Agreement. |

## LBHI's Entry Into the Agreement Fits the Legal Standard Established Under Rule 9019 and Is in the Bests Interests of LBHI's Estate and Creditors

22.    LBHI's entry into the Agreement is in LBHI's best interests and should be

approved under Bankruptcy Rule 9019.  Bankruptcy Rule 9019(a) provides that, "[o]n motion by

the [debtor in possession] and after notice and a hearing, the court may approve a compromise or

settlement." FED. R. BANKR. P. 9019(a).  In granting a motion pursuant to Rule 9019(a), a court

must find that the proposed settlement is fair and equitable and is in the best interests of the

estate.  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390

U.S. 414, 424 (1968); *Fisher v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620

(S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17

F.3d 600 (2d Cir. 1994).

23.    The decision to approve a particular settlement lies within the sound

discretion of the bankruptcy court.  *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).  It is

the responsibility of a court to examine a settlement and determine whether it "falls below the

lowest point in the range of reasonableness."  *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d

599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

Additionally, a court may exercise its discretion "in light of the general public policy favoring

settlements."  *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

24.    While a court must "evaluate … all … factors relevant to a fair and full

assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court

need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699

F.2d at 608, or conduct a full independent investigation.  *In re Drexel Burnham Lambert Group,*

*Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).  "[T]he bankruptcy judge does not have to

decide the numerous questions of law and fact….  The court need only canvass the settlement to

determine whether it is within the accepted range of reasonableness."  *Nellis*, 165 B.R. at 123

(internal citations omitted).

25.    The Court may give weight to the informed judgment of the debtor that a

compromise is fair and equitable.  *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522

(S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998)

("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's,

but only that I test his choice for reasonableness…. If the Trustee chooses one of two reasonable

choices, I must approve that choice, even if, all things being equal, I would have selected the

other.").

26.    LBHI's entry into the Agreement benefits its estate and creditors in a

number of ways. First, pursuant to the Agreement, a non-debtor subsidiary of SIP will receive

the Stamford Entities' fee interest in the Building and leasehold interest in the Ground Lease and

the Master Lease. As discussed above, regardless of the outcome of this Motion, the Operating

Lease will expire on January 31, 2010 and Gen Re will be vacating the Property. Once that

occurs, the Property will cease to produce a revenue stream and SREC and SALP will likely

default on their obligations under the Master Lease and the Loan, respectively. If those defaults

are allowed to occur, substantial litigation between the Lehman Entities and the Stamford

Entities is likely to ensue.

27.    Accordingly, the Lehman Entities have determined that the best prospect

for recovery under the Loan will be through new leases of space in the Property. While the

Lehman Entities have been informed that market rents in Stamford are such that even a fully-

occupied Property would not generate income sufficient to cover amounts due under the Loan,

they believe that the best strategy for mitigating losses thereunder is to obtain direct control of

the entire ownership structure of the Property thereby simplifying administration and allowing

for the implementation of an aggressive leasing strategy. Further, when the market for

commercial real estate in Stamford recovers, the Lehman Entities will be in position to capture

any increase in value that is realized by the Property.

28.     In addition, the Global Settlement provides for a reduction in the potential liability of LBHI's estate with respect to the Proofs of Claim of more than $350,000,000.[8]  In exchange, LBHI has agreed to grant the Stamford Entities allowed general unsecured claims in the aggregate amount of $65,000,000 against LBHI in respect of claims filed in excess of $416,000,000 in the aggregate.  Even if the amounts set forth in the Proofs of Claim are overstated, and LBHI does not concede their validity, challenging them would be expensive and time consuming and there is a risk that its estate could be liable for the full amount of the Proofs of Claim and the additional legal costs incurred pursuant to such challenge.

29.     In short, the transactions set forth in the Agreement are fair and equitable, and in the best interests of LBHI's estate and creditors.

## Notice

30.     No trustee has been appointed in these chapter 11 cases.  LBHI has served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.  No other or further notice need be provided.

31.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

---

[8] Any reference to the Proofs of Claim contained herein are for illustrative purposes only and LBHI reserves the right to contest the amount or validity of the Proofs of Claim for any reason.

WHEREFORE LBHI respectfully requests that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: January 20, 2010
        New York, New York


/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                           :
In re                                      :    Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                           :
                        Debtors.           :    (Jointly Administered)
                                           :
----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO COMPROMISE CERTAIN CLAIMS PURSUANT TO DEED IN LIEU OF FORECLOSURE AGREEMENT

Upon the motion (the "Motion"), of Lehman Brothers Holdings Inc.

("LBHI" and together with its affiliated debtors in the above-referenced chapter 11 cases,

as debtors and debtors in possession, the "Debtors"), pursuant to section 105(a) of

chapter 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to enter

into the Agreement[1] with Stamford Investment Partners, Stamford Real Estate

Corporation, Stamford Associates, L.P., and Security Pacific Capital Leasing Corporation

and take all corporate actions described therein, all as more particularly described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance

with the procedures set forth in the amended order entered February 13, 2009 governing

case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv)

the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it

appearing that no other or further notice need be provided; and the Court having found

and determined that the relief sought in the Motion is in the best interests of LBHI, its

estate and creditors, and all parties in interest and that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefore, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that pursuant to section 105(a) of the Bankruptcy Code and

Bankruptcy Rule 9019, LBHI (a) is duly authorized and empowered to execute, deliver,

implement, and fully perform any and all obligations, instruments, documents and papers,

that may be necessary or appropriate to consummate the transactions contemplated by the

Agreement substantially in accordance with the description set forth in the Motion; (b) is

duly authorized and empowered to take all other and further actions as may be necessary

to implement the transactions contemplated by the Agreement substantially in accordance

with the description set forth in the Motion; and (c) shall have the right both in

connection with and following consummation of the transactions contemplated under the

Agreement to consent to any amendment, restatement, waiver, supplement or other modification of any of the transactions described therein substantially in accordance with the description set forth in the Motion.  Any actions described in clauses (a), (b) and (c) taken by LBHI or its affiliates may be taken without the necessity (x) of further court proceedings or approval or (y) of any consent of any party other than LBHI, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that, on or after the date of consummation of the Agreement, LBHI will file a notice of consummation (the "Notice of Consummation")[2] with the Court and serve the Notice of Consummation on the Stamford Entities; and it is further

ORDERED that, following the filing of the Notice of Consummation, the Guarantee Claim [Claim No. 15799] shall be deemed amended and superseded by a single allowed general unsecured claim in the amount of $45,000,000 solely against LBHI, and the Tax Indemnity Claim [Claim No. 15794] shall be deemed amended and superseded by a single allowed general unsecured claim in the amount of $20,000,000 solely against LBHI (collectively, the "Amended and Superseded Claims"), which Amended and Superseded Claims shall not be subject to any defense, counterclaim, reduction, disallowance, setoff or subordination, and the Stamford Entities will also be deemed to waive any and all other claims that they may have against any of the other debtors in these chapter 11 cases arising out of or relating to the claims asserted in the

---

[2] A copy of the Notice of Consummation is attached hereto as Exhibit A.

Guaranty Claim and the Tax Indemnity Claim or the transactions or documents described therein; and it is further

ORDERED that Epiq Bankruptcy Solutions, LLC, the Debtors' court-appointed claims and noticing agent, is authorized and directed to make the modifications set forth in the preceding paragraph in the official claims register in these chapter 11 cases; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: February __, 2010
     New York, New York

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**
**(Consummation Notice)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                               :

In re                                    :         **Chapter 11 Case No.**

                                       :

**LEHMAN BROTHERS HOLDINGS INC., *et al.*,**  :        **08-13555 (JMP)**

                                       :

                    **Debtors.**    :         **(Jointly Administered)**

                                       :

-------------------------------------------------------------------x

**NOTICE OF CONSUMMATION OF**
**DEED IN LIEU OF FORECLOSURE AGREEMENT**

      PLEASE TAKE NOTICE that Lehman Brothers Holdings Inc. ("<u>LBHI</u>"),
pursuant to the Order Pursuant to Section 105(a) of the Bankruptcy Code And Federal
Rule of Bankruptcy Procedure 9019 Authorizing Lehman Brothers Holdings Inc. to
Compromise Certain Claims Pursuant to Deed in Lieu of Foreclosure Agreement [Docket
No. __] (the "Order"), hereby provides notice that the transactions contemplated in that
certain Agreement for Deed / Assignment in Lieu of Foreclosure, dated February __,
2010, have been consummated.

      PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, LBHI
hereby instructs Epiq Bankruptcy Solutions, LLC, LBHI's court-appointed claims and
noticing agent, to make the following modifications in the official claims register in
LBHI's chapter 11 case: (i) the Guarantee Claim[1] [Claim No. 15799] shall be amended
and superseded by a single allowed general unsecured claim in the allowed amount of
$45,000,000 solely against LBHI, and (ii) the Tax Indemnity Claim [Claim No. 15794]
shall be amended and superseded by a single allowed general unsecured claim in the

---

[1] Capitalized terms that are used but not defined in this notice have the meanings ascribed to them in the
Order.

allowed amount of $20,000,000 solely against LBHI.

Dated: February __, 2010
       New York, New York

                                          _____

Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

cc:  Epiq Bankruptcy Solutions, LLC