Objection Deadline: February 5, 2010 at 12:00 p.m.
Hearing Date and Time: February 17, 2010 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

## MOTION OF CLAIMANTS PALMYRA CAPITAL FUND, L.P., PALMYRA CAPITAL INSTITUTIONAL FUND, L.P., AND PALMYRA CAPITAL OFFSHORE FUND, L.P. FOR LEAVE TO AMEND THEIR PROOFS OF CLAIM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)

Claimants Palmyra Capital Fund, L.P., Palmyra Capital Institutional Fund, L.P., and Palmyra Capital Offshore Fund, L.P. (collectively, the "Palmyra Claimants"), by and through their undersigned counsel, hereby file this Motion for Leave to Amend Their Proofs of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) (the "Motion"). In support of their Motion, the Palmyra Claimants respectfully state as follows:

### PRELIMINARY STATEMENT

1. On March 5, 2009, the Palmyra Claimants filed three proofs of claim against Debtor Lehman Brothers Special Financing Inc. under this Court's Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, issued December 16, 2008 [Dkt. No. 2257] (the "December 16 Order"). Those proofs of claim listed counsel for the Palmyra Claimants as the appropriate party to whom notices should be sent. On July 2, 2009, this Court issued a subsequent Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the

Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "July 2 Order"), which required all claimants having previously filed proofs of claim regarding derivatives contracts to complete an online questionnaire (the "Derivatives Questionnaire"), attached to the July 2 Order as Exhibit C. Notice was provided to all claimants but was sent to Palmyra's corporate addresses, rather than to counsel for the Palmyra Claimants as stated on the proofs of claim. Because of the improper notice, the Palmyra Claimants only recently became aware of the Derivatives Questionnaire requirement. The Palmyra Claimants therefore seek leave of the Court to file Derivative Questionnaires in support of their proofs of claim. Because (i) the amended filings would cause no material prejudice to the Debtors; (ii) the length of delay and impact on the proceedings are negligible; (iii) the delay first was caused by complications outside the Palmyra Claimants' control; and (iv) the Palmyra Claimants have acted in good faith, the Motion should be granted.

## BACKGROUND

2. On March 5, 2009, the Palmyra Claimants filed three proofs of claim against Debtor Lehman Brothers Special Financing Inc. pursuant to this Court's December 16 Order. True and correct copies of these proofs of claim are attached hereto as Exhibit A.

3. Each of the proofs of claim listed as "Name and address where notices should be sent" the contact information of the Palmyra Claimants' counsel: Richard A. Chesley; Paul, Hastings, Janofsky & Walker LLP; 191 N. Wacker Dr., 30th Floor, Chicago, IL 60606.

4. Epiq Bankruptcy Solutions LLC ("Epiq"), the Debtors' claims agent, registered the Palmyra Claimants' proofs of claim on March 6, 2009 as Claim Nos. 3218, 3220,

2

and 3221. A true and correct copy of a search for the Palmyra Claimant's proofs of claim on Epiq's website is attached hereto as <u>Exhibit B</u>.

5. Epiq added the Palmyra Defendants to Schedule G of the Amended Schedules of Assets and Liabilities for Debtor Lehman Brothers Special Financing. A true and correct copy of Rider G (Derivative Contracts) to Schedule G is attached hereto as <u>Exhibit C</u>.

6. The contact address for all Palmyra Claimants is listed on Schedule G as 11111 Santa Monica Blvd, Suite 1100, Los Angeles, CA 90026, rather than the contact address for counsel as stated on the proof of claim forms.

7. The Court subsequently issued its July 2 Order, which required that all holders of derivative contracts intending to file a proof of claim against any of the Debtors complete, among other things, the Derivatives Questionnaire. The Order specified on p. 4 that "any holder of a claim who has already properly filed a Proof of Claim with the…Debtors' court-approved claims agent, Epiq…based on a Derivative Contract" was required to "amend such Proof of Claim to conform to the procedures set forth in this Motion," including the completion of a Derivatives Questionnaire.

8. Pursuant to the notice provisions on p. 10 of the July 2 Order, notice was sent to "all known holders of claims listed on the Schedules at the addresses stated therein." Epiq therefore sent notice of the Derivatives Questionnaire requirement to the Palmyra Claimants at the Santa Monica address listed by Epiq on Schedule G, rather than to the address for counsel provided by the Palmyra Claimants on their original proofs of claim.

3

9. Because Epiq provided notice of the Derivative Questionnaire requirement to an incorrect address, the Palmyra Claimants learned of the requirement several months after the September 22, 2009 deadline set by the July 2 Order.

10. The July 2 Order states that claimants not meeting the requirements for proofs of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors."

## ARGUMENT

11. The Supreme Court established a standard for filing late or amended proofs of claim due to "excusable neglect" in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1983). Pursuant to that decision, this Court should consider the following four factors in determining whether to allow a late or amended proof of claim: (1) danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the claimant's reasonable control; and (4) whether the claimant acted in good faith." *Id.* at 395.

12. Here, there would be no material prejudice to the Debtors. The face amounts of the Palmyra Claimants' claims are, in the context of these chapter 11 proceedings as a whole, insignificant. Further, the Debtors are aware of these claims and have placed them on Schedule G of their Assets and Liabilities, as discussed above.

13. Second, there has been only a minimal delay in the proceedings. The Debtors continue to review and evaluate proofs of claim; including the Palmyra Claimants' claims with the hundreds of others being reviewed will not delay the proceedings in any measurable way.

4

14. Third, and perhaps most importantly, the delay in filing these claims is excusable. As discussed above, notice of the July 2 Order and its augmented requirements with respect to proofs of claim was sent only to the Palmyra Claimants' corporate headquarters, not to counsel as requested. The confusion, therefore, was not the fault of the Palmyra Claimants, and they should not be penalized for the delay in filing the Derivatives Questionnaires.

15. Finally, the Palmyra Claimants acted in good faith in all respects. They timely filed their initial proofs of claim in accordance with this Court's instructions, and they now seek leave to amend those proofs of claim in accordance with the Court's amended instructions.

## MEMORANDUM OF LAW

16. Because the legal points and authorities upon which this Motion relies are incorporated herein, the Palmyra Claimants respectfully request that the requirement of service and filing of a separate memorandum of law pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## NOTICE

17. The Palmyra Claimants have provided notice of this Motion pursuant to the Amended Order Implementing Certain Notice and Case Management Procedures entered in this case [Dkt. No. 2837]. The Palmyra Claimants submit that no other or further notice need be given.

## NO PRIOR REQUEST

18.   . No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

19.   For the foregoing reasons, the Palmyra Claimants respectfully request that this Court: (i) grant their Motion to amend their proofs of claim by completing Derivatives Questionnaires as required by this Court's Order of July 2, 2009; (ii) deem such amended filings to be timely under Bankruptcy Rule 90069b); and (iii) grant such further relief as is appropriate.

Dated: January 22, 2010                                   Respectfully submitted,


/s/ *Thomas L. Kent*

Thomas L. Kent
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
Park Avenue Tower
75 E. 55th St., First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Richard A. Chesley (IL 6240877)
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

COUNSEL FOR PALMYRA CAPITAL
FUND, L.P., PALMYRA CAPITAL
INSTITUTIONAL FUND, L.P., and
PALMYRA CAPITAL OFFSHORE FUND,
L.P.