**Presentment Date and Time: February 4, 2010 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: February 4, 2010 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): February 10, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

```
------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                      Debtors.            :    (Jointly Administered)
                                          :
------------------------------------------------------------------x
```

### NOTICE OF PRESENTMENT OF
### FOURTH SUPPLEMENTAL APPLICATION OF THE DEBTORS
### PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE
### AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
### FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL
### COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

**PLEASE TAKE** NOTICE that the undersigned will present the annexed Fourth

Supplemental Application (the "Application") of the Debtors Pursuant to Sections 327(e) and

328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the

scope of Jones Day's retention as special counsel to the Debtors, *nunc pro tunc* to the

Engagement Date, all as more fully described in the Application, to the Honorable James M.

Peck, United States Bankruptcy Judge, for approval and signature on **February 4, 2010 at 12:00**

**p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any,

shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P.

Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004,

Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin,

Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in these cases; and (v) Jones Day, 222 East 41st Street, New York, NY

10017-6702, Attn:  Jayant W. Tambe, Esq., **so as to be so filed and received by no later than**

**February 4, 2010 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

        **PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely

filed and served, a hearing will be held on **February 10, 2010 (Prevailing Eastern Time)** at the

United States Bankruptcy Court for the Southern District of New York, Honorable James M.

Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408.

If an objection is filed the moving and objecting parties are required to attend the hearing, and

failure to appear may result in relief being granted or denied upon default.

Dated: January 25, 2010
      New York, New York

                      /s/ Richard P. Krasnow
                      Richard P. Krasnow
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone:  (212) 310-8000
                      Facsimile:  (212) 310-8007

                      Attorneys for Debtors
                      and Debtors in Possession

Presentment Date and Time:  February 4, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  February 4, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): February 10, 2010 at 10:00 a.m. (Prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                      :

In re                             :       **Chapter 11 Case No.**

                                        :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :      **08-13555 (JMP)**

                                        :

                 **Debtors.**      :      **(Jointly Administered)**

                                        :

------------------------------------------------------------------x

### FOURTH SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Fourth Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the scope of Jones Day's retention as special counsel to the Debtors, *nunc pro tunc* to the Engagement Date (as defined below) as set forth herein (the "Fourth Supplemental Application"), and respectfully represent:

### Background

        1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy

Rules.  The Debtors are authorized to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

### Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

7.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

### **Retention of Jones Day**

8.   On February 4, 2009, the Debtors submitted (a) the Application to Employ

Jones Day as Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the

Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure [Docket No.

2725] (the "Application") and (b) the supporting declaration of Simon Powell of Jones Day

(the "Initial Declaration").  On February 25, 2009, the Court entered an Order [Docket No. 2925]

(the "Initial Jones Day Retention Order") approving the Application and authorizing the Debtors

to employ and retain Jones Day as special counsel to the Debtors with respect to certain matters

described in the Application generally relating to (a) assisting LBHI in relation to any issues

arising in the Asia Pacific region; (b) assisting and advising LBHI with respect to the insolvency

proceedings of Lehman Brothers Australia Holdings Pty Limited; (c) assisting LBHI and other

United States-based Lehman entities in Japan in asserting claims in certain Japanese Civil

Rehabilitation proceedings; (d) advising LBHI in connection with claims which may be asserted

against it relating to Lehman Brothers Japan Holdings KK; (e) advising Lehman with respect to

distressed debt transactions in Taiwan, China, the Philippines and Thailand, and its acquisition

and financing of real estate assets in Taiwan; (f) representing certain Lehman entities through

various third parties in the sale of their Sunrise Project and the changes to their corporate

registrations required by the departure of the members of the Boards of their operating

companies to Nomura; (g) continuing the representation of LBHI in litigation pending in the

United States Bankruptcy Court of the Northern District of California, entitled Aron Oliner and

Lehman Brothers Holdings Inc. v. John Kontrabecki, and related bankruptcy cases; and

(h) advising the Debtors in connection with their businesses and operations in India (the "Initial Representative Matters").

9.      On May 8, 2009, the Debtors submitted (a) a Supplement to the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to The Debtors, *Nunc Pro Tunc* To The Engagement Dates [Docket No. 3525] (the "First Supplemental Application") and (b) the supporting declaration of David L. Carden (the "First Supplemental Declaration").  On May 21, 2009, the Court entered an order [Docket No. 3630] (the "First Supplemental Retention Order") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the First Supplemental Application generally relating to (a) the examination of the negotiation and conclusion of the Asset Purchase Agreement dated September 16, 2008 and certain related or potentially related transactions and events involving the Debtors and Barclays Capital Inc. in and after September of 2008,[1] and (b) the examination of issues relating to derivatives trades between (i) Debtor Lehman Brothers Special Financing Inc. and certain of the other Debtors and (ii) the counterparty to such trades, AIG CDS, Inc. and/or its affiliates (collectively, the "First Additional Representative Matters").

10.     On July 9, 2009, the Debtors submitted (a) a Second Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket

---

[1]      In connection with the Representative Matter involving Barclays Capital Inc. the Debtors have engaged Navigant Consulting Economics, LLC. d/b/a Chicago Partners ("Chicago Partners") as an expert and will pay Chicago Partners' fees and expenses in the ordinary course of their businesses.

No. 4299] (the "Second Supplemental Application") and (b) the supporting declaration of Jayant

W. Tambe of Jones Day (the "Second Supplemental Declaration").  On July 23, 2009, the Court

entered an order [Docket No. 4476] (the "Second Supplemental Retention Order") authorizing

and approving the expansion of Jones Day's retention as special counsel with respect to certain

matters described in the Second Supplemental Application generally relating to certain structured

products and derivatives trades between the Debtors and other entities, which the Debtors'

primary restructuring counsel is unable to assist them with due to conflict or other reasons

(the "Second Additional Representative Matters").

   11. On October 22, 2009, the Debtors submitted (a) a Third Supplemental

Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and

Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain

Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket

No. 5604] (the "Third Supplemental Application") and (b) the supporting declaration of Jayant

W. Tambe of Jones Day (the "Third Supplemental Declaration").  On November 5, 2009, the

Court entered an order [Docket No. 5728] (the "Third Supplemental Retention Order" and

together with the Initial Jones Day Retention Order and the First Supplemental Retention Order,

Second Supplemental Retention Order, the "Retention Orders") authorizing and approving the

expansion of Jones Day's retention as special counsel with respect to certain matters described in

the Third Supplemental Application generally relating to derivatives and structures products

matters involving certain specified counterparties, other derivatives and structured products

related matters (including certain matters governed by English law), and certain matters relating

to the joint representation of the Ad Hoc Committee of Non-Agent Secured Lenders and certain

non-agent secured lenders, which include certain of the Debtors, in connection with the Adelphia

bankruptcy proceedings (together with the Initial Representative Matters the First Additional

Representative Matters, and the Second Additional Representative Matters, the "Representative

Matters").

12.     The Debtors currently have a commercial loan portfolio of approximately

$13.2 billion (collectively, the "Loan Portfolio") and a private equity/principal investments

portfolio (the "Investment Portfolio") of approximately $2.3 billion.  Subsequent to the entry of

the Third Supplemental Retention Order, the Debtors requested that Jones Day expand the scope

of the Representative Matters to include representation of the Debtors in connection with the

workout and/or restructuring of certain loans/investments in the Loan Portfolio/Investment

Portfolio involving Greenbriar Minerals LLC, and it is anticipated that the Debtors may from

time to time in the future wish to engage Jones Day with respect to other matters involving the

Loan Portfolio/Investment Portfolio.

13.     By this Fourth Supplemental Application, the Debtors seek to modify the

scope of Jones Day's retention as special counsel, previously approved by the Retention Orders,

to include legal services with respect to the following additional matters (collectively, the

"Additional Matters"), *nunc pro tunc* to November 13, 2009 (the "Engagement Date"):

(a) representation of the Debtors in connection with the workout and/or restructuring of certain

loans/investments in the Loan Portfolio/Investment Portfolio involving Greenbriar Minerals LLC

and (b) such other matters relating to the Loan Portfolio/Investment Portfolio, as requested by

the Debtors and agreed to by Jones Day.

14.     Jones Day is one of the largest law firms in the world, with a national and

international practice, and has substantial experience in all aspects of workouts and

restructurings.  In addition, Jones Day has particular expertise in coal mining restructuring

matters, having represented International Coal Group in its acquisition of the assets of Horizon

Coal Group out of chapter 11 and currently representing Black Diamond Mining Company,

LLC, a coal mining company, in its chapter 11 case currently pending in the United States

Bankruptcy Court for the Eastern District of Kentucky.  Accordingly, the Debtors believe that

Jones Day is both well qualified and uniquely able to provide services relating to the Additional

Matters, and that its retention would be in the best interest of the Debtors' estates, their creditors

and other parties in interest.

15.    The Debtors' knowledge, information and belief regarding the matters set

forth in this Fourth Supplemental Application are based on and made in reliance upon the

Declaration of Jayant W. Tambe in Support of the Fourth Supplemental Application (the "Fourth

Supplemental Declaration" and together with the Initial Declaration, First Supplement

Declaration, Second Supplemental Declaration and the Third Supplemental Declaration, the

"Declarations"), a copy of which is attached hereto as Exhibit 1.

16.    Because the Debtors now seek to engage Jones Day with respect to the

Additional Matters, the Debtors request entry of an order, pursuant to sections 327(e) and 328(a)

of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local

Bankruptcy Rules for the Southern District of New York, expanding the scope of Jones Day's

retention as special counsel for the Debtors, effective as of the respective Engagement Dates,

with respect to the Additional Matters.

17.    The Debtors have been informed that Jones Day has not at this time

undertaken to repeat its previous conflict check and clearance process with respect to all

Interested Parties (as defined in the Fourth Supplemental Declaration) in these cases, but that

Jones Day has repeated its previous conflict check and clearance process with respect to the

Additional Matters.  The Debtors have also been informed that Jones Day will continue to update its conflicts disclosures contained in the Declarations in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court, and Jones Day's past practices and established conflicts procedures relating to chapter 11 proceedings.

18.    Jones Day has informed the Debtors that it does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters.  *See In re AroChem*, 176 F. 3d 610, 622 (2d. Cir. 1999) (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).

## Notice

19.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Fourth Supplemental Application in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Jones Day.  The Debtors submit that no other or further notice need be provided.

20.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: January 25, 2010
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>EXHIBIT 1</u>**
**(Fourth Supplemental Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                        :

In re                            :     Chapter 11 Case No.
                            :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (JMP)
                            :

           Debtors.       :     (Jointly Administered)
                            :
                            :
-----------------------------------------------------------------x

## DECLARATION OF JAYANT W. TAMBE IN SUPPORT OF THE FOURTH SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

Pursuant to sections 327, 328 and 329 of the Bankruptcy Code, Bankruptcy Rules

2014(a) and 2016(b) and 28 U.S.C. § 1746, Jayant W. Tambe declares:

        1.      I am a member of the firm of Jones Day, 222 East 41st Street, New York,

New York  10017-6702, and am admitted to practice law in Illinois and New York.

        2.      I submit this Declaration in support of the Fourth Supplemental

Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and

Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain

Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Date (the

"Fourth Supplemental Application")[1] filed by Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtors and debtors in possession in the above-referenced chapter 11 cases (together,

the "Debtors") to modify the scope of Jones Day's retention as special counsel to the Debtors to

include additional matters, *nunc pro tunc* to November 13, 2009 (the "Engagement Date") as

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Fourth Supplemental Application.

described in greater detail below and in the Fourth Supplemental Application. All facts set forth below in this Declaration are based upon information from, and discussions I or other Jones Day personnel reporting to me have had with, certain of my colleagues. Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of Jones Day.

3.      On February 4, 2009, Simon Powell, a member of Jones Day, submitted a declaration (the "Initial Declaration") in support of the Application to Employ Jones Day as Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Application").

4.      On February 25, 2009, the United States Bankruptcy Court for the Southern District of New York entered an order approving the Application and authorizing LBHI and its affiliated debtors and debtors in possession in the above-referenced chapter 11 cases to employ and retain Jones Day as special counsel to the Debtors with respect to the Representative Matters.

5.      In addition, Jones Day represents certain former employees of the Debtors and/or affiliate Lehman Brothers Inc. in connection with investigations, arbitrations and/or other proceedings relating to auction rate securities allegedly sold by, maintained in an account by, or in some other way connected to one or more Lehman entities. Pursuant to that certain Order Granting Debtors' Motion, Pursuant to Sections 105(a) and 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004 for Authorization to Advance Certain Legal Costs to Former Employees, dated December 3, 2008 [Docket No. 2052], and subject to the conditions set forth therein, Jones Day has sought payment from the Debtors, and has tendered claims for reimbursement and/or payment from their insurance providers to the extent coverage exists and

any deductible and/or self insured retention has been satisfied, for legal fees and expenses incurred in connection with the representations of such former employees.

6.      On April 9, 2009, Jones Day submitted its First Interim Application of Jones Day, Special Counsel to the Debtors and Debtors In Possession, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Expenses Under 11 U.S.C. Sections 330 and 331 [Docket No. 3313] seeking actual, reasonable, and necessary (i) professional fees in the amount of $1,258,056.00 and (ii) expense reimbursement in the amount of $10,425.76 for services performed and expenses incurred from the Engagement Dates to January 31, 2009.

7.      On May 8, 2009, the Debtors submitted (a) a Supplement to the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to The Debtors, *Nunc Pro Tunc* To The Engagement Dates [Docket No. 3525] (the "First Supplemental Application") and (b) the supporting declaration of David L. Carden (the "First Supplemental Declaration").

8.      On May 21, 2009, the Court entered an order [Docket No. 3630] authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the First Supplemental Application generally relating to (a) the examination of the negotiation and conclusion of the Asset Purchase Agreement dated September 16, 2008 and certain related or potentially related transactions and events involving the Debtors and Barclays Capital Inc. in and after September of 2008, and (b) the examination of issues relating to derivatives trades between (i) Debtor Lehman Brothers Special Financing Inc. and certain of the other Debtor and (ii) the counterparty to such trades, AIG CDS, Inc. and/or its affiliates.

9.      On July 9, 2009, the Debtors submitted (a) a Second Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket No. 4299] (the "Second Supplemental Application") and (b) the supporting declaration of Jayant W. Tambe of Jones Day (the "Second Supplemental Declaration").

10.     On July 23, 2009, the Court entered an order [Docket No. 4476] (the "Second Supplemental Retention Order") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the Second Supplemental Application generally relating to certain structured products and derivatives trades between the Debtors and other entities, which the Debtors' primary restructuring counsel is unable to assist them with due to conflict or other reasons.

11.     On August 14, 2009, Jones Day submitted its Second Interim Application of Jones Day, Special Counsel to the Debtors and Debtors In Possession, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Actual and Necessary Expenses [Docket No. 4804] seeking actual, reasonable, and necessary (i) professional fees in the amount of $4,119,794.00 and (ii) expense reimbursement in the amount of $130,667.42 for services performed and expenses incurred from February 1, 2009 to May 31, 2009.

12.     On October 22, 2009, the Debtors submitted (a) a Third Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket No. 5604] (the "Third Supplemental Application" and together with the Application, the First

Supplemental Application, the Second Supplemental Application, and the Fourth Supplemental Application, the  "Applications" ) and (b) the supporting declaration of Jayant W. Tambe of Jones Day (the "Third Supplemental Declaration" and together with the Initial Declaration, the First Supplemental Declaration, the Second Supplemental Declaration and this Declaration, the "Declarations").

13.    On November 5, 2009, the Court entered an order [Docket No. 5728] (the "Third Supplemental Retention Order") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the Third Supplemental Application generally relating to derivatives and structures products matters involving certain specified counterparties, other derivatives and structured products related matters (including certain matters governed by English law), and certain matters relating to the joint representation of the Ad Hoc Committee of Non-Agent Secured Lenders and certain non-agent secured lenders, which include certain of the Debtors, in connection with the Adelphia bankruptcy proceedings.

14.    The Debtors have informed me that they currently have a commercial loan portfolio of approximately $13.2 billion (collectively, the "Loan Portfolio") and a private equity/principal investments portfolio (the "Investment Portfolio") of approximately $2.3 billion. Subsequent to the entry of the Third Supplemental Retention Order, the Debtors requested that Jones Day expand the scope of the Representative Matters to include representation of the Debtors in connection with the workout and/or restructuring of certain loans/investments in the Loan Portfolio/Investment Portfolio involving Greenbriar Minerals LLC, and it is anticipated that the Debtors may from time to time in the future wish to engage Jones Day with respect to other matters involving the Loan Portfolio/Investment Portfolio.

15.    In particular, the expansion of the scope of the Representative Matters would include legal services with respect to the following additional matters (collectively, the Additional Matters"):  (a) representation of the Debtors in connection with the workout and/or restructuring of certain loans/investments in the Loan Portfolio/Investment Portfolio involving Greenbriar Minerals LLC  and (b) such other matters relating to the Loan Portfolio/Investment Portfolio, as requested by the Debtors and agreed to by Jones Day.

16.    Jones Day has extensive knowledge and experience in representing the Debtors and other Lehman non-debtor affiliates in various matters.  With more than 2,400 lawyers in 31 offices around the world, Jones Day is one of the largest law firms in the world. Jones Day has substantial experience in virtually all aspects of the law that may arise in its representation of the Debtors in these chapter 11 cases, including, among others, insolvency, corporate, finance, litigation, real estate and securities issues.  Using that experience, Jones Day acts as principal outside counsel to, or provides significant legal representation for, more than half of the Fortune 500 companies.

17.    Jones Day has represented various Lehman entities in the United States, the Asia Pacific Rim and Australia with respect to various litigation, securities, insolvency, commercial, real estate other matters, including certain of the Representative Matters, for several years.  Over the course of its representation of the Debtors, Jones Day has become familiar with the Debtors' business operations.

18.    In addition, Jones Day has particular expertise in coal mining restructuring matters, having represented International Coal Group in its acquisition of the assets of Horizon Coal Group out of chapter 11 and currently representing Black Diamond Mining Company, LLC, a coal mining company, in its chapter 11 case currently pending in the United States

Bankruptcy Court for the Eastern District of Kentucky. Accordingly, the Debtors believe that Jones Day is well qualified to provide services relating to the Additional Matters, and that its retention would be in the best interest of the Debtors' estates, their creditors and other parties in interest.

19.     As set forth in the Applications, the Declarations and other supporting documentation filed in connection with the Applications, to check and clear potential conflicts of interest in these cases, as well as to determine all "connections" to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee, Jones Day conducted an investigation to determine whether it has had any relationships at any time during the past two years with entities contained on the list provided to Jones Day by Weil, Gotshal & Manges LLP, the Debtors' general bankruptcy counsel, on December 4, 2008 (as updated by Weil, Gotshal & Manges LLP on January 2, 2009), a copy of which was attached as Schedule 1 to the Initial Declaration, setting forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of the Debtors. To the extent that Jones Day's investigation of its relationships (if any) with the Interested Parties indicated that Jones Day had represented in the past two years, or at that time currently represented, any of those Interested Parties or their affiliates or represented parties that had relationships with those Interested Parties or their affiliates, the identities of such Interested Parties and affiliates and their relationship to Jones Day were set forth in Schedule 2 to the Initial Declaration.

20.     Jones Day has identified a list of parties directly involved with the Additional Matters (the "Additional Matters Parties"), a copy of which is attached as Exhibit A hereto. Jones Day's investigation of its relationships with the Additional Matters Parties

indicated that Jones Day had not represented in the past two years any of those Additional

Matters Parties or their affiliates.

21.    Notwithstanding the foregoing, Jones Day has not at this time undertaken

to repeat its previous conflict check and clearance process with respect to all Interested Parties in

these cases.  However, Jones Day will continue to update its conflicts disclosures contained in

the Declarations, including with respect to any subsequently identified parties directly involved

with the Additional Matters, in accordance with the Bankruptcy Rules, the Local Bankruptcy

Rules, any orders of this Court, and Jones Day's past practices and established conflicts

procedures relating to chapter 11 proceedings.

22.    Jones Day recognizes that it will be required to submit applications for

interim and/or final allowances of compensation pursuant to sections 330 and 331 of the

Bankruptcy Code and the rules and orders of this Court.  Jones Day has reviewed the fee

application guidelines promulgated by the U.S. Trustee and will comply with them.

23.    To the best of my knowledge, Jones Day does not represent or hold any

interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated: December 2 8, 2009

Jayant W. Tambe
Jones Day
222 East 41st Street
New York, NY 10017-6702

NYI-4231665v4                                    8

## EXHIBIT A

**<u>Additional Matters Parties</u>**

Greenbriar Minerals LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    08-13555 (JMP)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
-------------------------------------------------------------------x

### ORDER GRANTING FOURTH SUPPLEMENTAL APPLICATION OF THE DEBTORS, PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF JONES DAY'S RETENTION AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

Upon the fourth supplemental application, dated January 25, 2010 (the "Fourth Supplemental Application"), Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing and approving the expansion of Jones Day's retention as special counsel, *nunc pro tunc* to the Engagement Date with respect to the Additional Matters,[1] all as more fully described in the Fourth Supplemental Application; and the Court being satisfied, based on the representations made in the Fourth Supplemental Application and the Declaration of Jayant W. Tambe, that Jones Day represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code,

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Fourth Supplemental Application.

and the Court having jurisdiction to consider the Fourth Supplemental Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Fourth

Supplemental Application and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Fourth Supplemental Application having been provided

in accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) Jones Day, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Fourth Supplemental Application

is in the best interests of the Debtors, their estates and creditors, and all parties in interest and

that the legal and factual bases set forth in the Fourth Supplemental Application establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

        ORDERED that the Fourth Supplemental Application is approved; and it is
further

        ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code,

the Debtors are hereby authorized to expand the scope of the employment and retention of Jones

Day as special counsel to the Debtors on the terms set forth in the Fourth Supplemental

Application and this Order, effective *nunc pro tunc* to the respective Engagement Dates with

respect to the Additional Matters identified in the Fourth Supplemental Application; and it is

further

                ORDERED that Jones Day shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines

established by the U.S. Trustee, and such other procedures that have been or may be fixed by

order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

[Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee

Protocol [Docket No. 3651].

Dated:  February __, 2010
       New York, New York

                             _____
                             UNITED STATES BANKRUPTCY JUDGE