UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                      :    Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                   :    08-13555 (JMP)
                                                           :
                            Debtors.                       :    (Jointly Administered)
                                                           :
                                                           :
------------------------------------------------------------x

## AFFIDAVIT AND DISCLOSURE STATEMENT OF ROBERT C. ZINNERSHINE, ON BEHALF OF SEYFARTH SHAW LLP

COMMONWEALTH OF MASSACHUSETTS   )
                                ) ss:
COUNTY OF SUFFOLK               )

Robert C. Zinnershine, being duly sworn, upon his oath, deposes and says:

1. I am a partner of Seyfarth Shaw LLP, located at Two Seaport Lane, Suite 300, Boston, Massachusetts 02210 (the "Firm").

2. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm provide legal services to the Debtors, including representation of the Debtors as lenders in connection with mortgage loan workouts, foreclosures and related litigation (collectively, the "Loan Transactions"), and the Firm has consented to provide such services.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is

retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases, except as disclosed in Exhibit A attached hereto and incorporated herein by this reference. In addition, except as disclosed in Exhibit A, the Firm does not have any attorney-client relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates. None of the representations listed on Exhibit A are adverse with respect to the matters for which the Firm has been retained by the Debtor.

4. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6. The Debtors owe the Firm $0.00 for prepetition services.

7. Subsequent to the Firm's engagement, but prior to court approval, the Debtors inadvertently paid to the Firm fees and expenses in the amount of $7,068.22 for services rendered and expenses incurred. Given that the inadvertent payments fall within the permissible caps set forth in the order entered November 5, 2008 authorizing the Debtors to employ professionals utilized in the ordinary course of business [Docket No. 1394], the Firm requests that such error be deemed moot if the Firm's retention is approved.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

By: _____
Robert C. Zinnershine, Partner

Subscribed and sworn to before me
this 20th day of January, 2010

_____
Notary Public

CATHLEEN M. DAVITT
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 1/28/2011

## EXHIBIT A

### Disclosure of Adverse Matters

1.      Seyfarth Shaw LLP (the "Firm") represents Olympic Finance Inc. ("Olympic") in connection with Olympic's claim filed in the Chapter 11 cases of Lehman Brothers Holdings, Inc. and various affiliated debtors relating to Olympic's ownership of a five (5) year credit linked note to Intralot S.A. in the principal sum of Six Million Dollars ($6,000,000.00) issued by Lehman Brothers Treasury Co.BV and guaranteed by Lehman Brothers Holdings Inc. The Firm has requested that Olympic waive the conflict of interest that will arise from the Firm's representation of the Debtors in connection with the Loan Transactions (as defined in Section 2 of the Affidavit to which this Exhibit is attached). Olympic's local counsel in Greece has approved a form of conflict wavier which they indicated they would present to Olympic for signature on or about January 15, 2010.

2.      The Firm represents Trimont Real Estate Advisors ("Trimont"), as special servicer in connection with a CMBS transaction, relating to a mortgage loan encumbering an office building located at 321-329 Riverside Avenue, Westport, Connecticut. The mortgage loan was originated by Lehman Brothers Holdings Inc. ("LBHI") and was structured as two separate promissory notes (senior/subordinate notes), each secured by the same mortgage. A co-lender agreement was entered into between the A and B note holders governing their relationship with respect to the loan. LBHI sold the A note into a REMIC trust and held onto the B Note. When the Firm was initially retained for this matter on behalf of Trimont, there were ongoing negotiations between Trimont (on behalf of the A Note holder) and LBHI (as the B Note holder) for LBHI to assume the equity interest in the property and essentially become the owner/borrower with respect to the loan. Those negotiations did not result in an agreement and it is the understanding of the Firm's lawyers handling this matter that Trimont moved forward with a foreclosure proceeding against the property. In the event the foreclosure is completed and the mortgage lender is the successful bidder at the foreclosure sale, it is anticipated that Trimont will use a newly formed entity to take title to the property. The Firm was retained mainly as CMBS/REMIC counsel for this matter and a local attorney in Connecticut has been handling the foreclosure and interfacing with LBHI's counsel in connection with the earlier negotiations described above. As of January 12, 2010, the Firm was advised that the foreclosure sale had not yet been completed. While the Firm does not believe that its representation of Trimont as the loan servicer creates a conflict of interest as of this date, we include this matter in the interest of full disclosure. Further, in the event that any future issues arise in which the Firm's representation of Trimont as the loan servicer becomes adverse to LBHI, the Firm will supplement the within affidavit with the applicable information.

3.      Gus Paloian, a partner of the Firm, is the Chapter 7 Trustee of GGSI Liquidation, Inc., et al, d/b/a Goss Graphic Systems, Inc., in case number 01-31747, currently pending in the United States Bankruptcy Court for the Northern District of Illinois. One or more of the Debtors (as defined in the affidavit to which this is attached) is scheduled as a creditor in that case.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :    08-13555 (JMP)
                                                            :
            Debtors.                                        :    (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT. RETURN IT FOR FILING BY THE DEBTORS, TO:

   Weil, Gotshal & Manges LLP
   767 Fifth Avenue
   New York, New York 10153
   Attn:  Jennifer Sapp
          Christopher Stauble

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

   1.   Name and address of firm (the "Firm"):

        Seyfarth Shaw LLP
        Two Seaport Lane, Suite 300
        Boston, MA 02110

   2.   Date of retention:    As of December, 2009

   3.   Type of services provided (accounting, legal, etc.):

        Legal

4. Brief description of services to be provided:

Representation of Debtors as lenders in connection with mortgage loan workouts, foreclosures and related litigation.

5. Arrangements for compensation (hourly, contingent, etc.)

Hourly.

(a) Average hourly rate (if applicable):

$425 to $525 (estimated – will vary based upon complexity and geography)

(b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

N/A.

6. Prepetition claims against the Debtors held by the firm:

Amount of claim:    $0.00

Date claim arose:   N/A

Source of Claim:    N/A

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

On January 7, 2010 and January 8, 2010, emails were sent to all firm attorneys and professional employees[1] inquiring whether such persons hold any prepetition claims against the Debtors. As of the date of this Questionnaire, no affirmative responses have been received.

8. Stock of the Debtors currently held by the firm:

Kind of shares: N/A

No. of shares: None

---

[1] For purposes of this questionnaire, we have assumed that "professional employees" are limited to paralegals and other non-attorney personnel who have material managerial and supervisory roles and who have a material amount of discretion in the exercise of their duties.

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

On January 7, 2010 and January 8, 2010, emails were sent to all firm attorneys and professional employees inquiring whether such persons directly hold any Stock of the Debtors. As of the date of this Questionnaire, no affirmative responses have been received except as set forth on Schedule 1 attached hereto and incorporated herein by this reference. For purposes of this questionnaire, our response does not take into account any Stock in the Debtors that may be (a) owned by firm attorneys and professional employees in third party managed accounts, (b) held in mutual funds owned by firm attorneys and professional employees, (c) owned by the spouse or children of any firm attorneys and professional employees, and/or (d) owned by Trustees for the benefit of any firm attorneys and professional employees.

10. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

(a) The Firm represents Olympic Finance Inc. ("Olympic") in connection with Olympic's claim filed in the Chapter 11 cases of Lehman Brothers Holdings, Inc. and various affiliated debtors relating to Olympic's ownership of a five (5) year credit linked note to Intralot S.A. in the principal sum of Six Million Dollars ($6,000,000.00) issued by Lehman Brothers Treasury Co.BV and guaranteed by Lehman Brothers Holdings Inc. The Firm has requested that Olympic waive the conflict of interest that will arise from the Firm's representation of the Debtors in connection with the legal services to be provided as described in Section 4 of this Retention Questionnaire. Olympic's local counsel in Greece has approved a form of conflict wavier which they indicated they would present to Olympic for signature on or about January 15, 2010.

(b) The Firm represents Trimont Real Estate Advisors ("Trimont"), as special servicer in connection with a CMBS transaction, relating to a mortgage loan encumbering an office building located at 321-329 Riverside Avenue, Westport, Connecticut. The mortgage loan was originated by Lehman Brothers Holdings Inc. ("LBHI") and was structured as two separate promissory notes (senior/subordinate notes), each secured by the same mortgage. A co-lender agreement was entered into between the A and B note holders governing their relationship with respect to the loan. LBHI sold the A note into a REMIC trust and held onto the B Note. When the Firm was initially retained for this matter on behalf of Trimont, there were ongoing negotiations between Trimont (on behalf of the A Note holder) and LBHI (as the B Note holder) for LBHI to assume the equity interest in the property and essentially become the

owner/borrower with respect to the loan. Those negotiations did not result in an agreement and it is the understanding of the Firm's lawyers handling this matter that Trimont moved forward with a foreclosure proceeding against the property. In the event the foreclosure is completed and the mortgage lender is the successful bidder at the foreclosure sale, it is anticipated that Trimont will use a newly formed entity to take title to the property. The Firm was retained mainly as CMBS/REMIC counsel for this matter and a local attorney in Connecticut has been handling the foreclosure and interfacing with LBHI's counsel in connection with the earlier negotiations described above. As of January 12, 2010, the Firm was advised that the foreclosure sale had not yet been completed. While the Firm does not believe that its representation of Trimont as the loan servicer creates a conflict of interest as of this date, we include this matter in the interest of full disclosure. Further, in the event that any future issues arise in which the Firm's representation of Trimont as the loan servicer becomes adverse to LBHI, the Firm will supplement the within affidavit with the applicable information.

(c) Gus Paloian, a partner of the Firm, is the Chapter 7 Trustee of GGSI Liquidation, Inc., et al, d/b/a Goss Graphic Systems, Inc., in case number 01-31747, currently pending in the United States Bankruptcy Court for the Northern District of Illinois. One or more of the Debtors (as defined in the affidavit to which this is attached) is scheduled as a creditor in that case.

None of the above described representations are adverse with respect to the matters for which the Firm has been retained by the Debtor.

11. Name of individual completing this form:

Robert C. Zinnershine, Partner (completed as of January 20, 2010)

## Schedule 1 to Retention Questionnaire

Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

(a)  Name: Paul E. Freehling

   Status: N/A

   Kind of shares: Common Stock

   No. of shares: 796


(b)  Name: Dov Kesselman

   Status: N/A

   Kind of shares: Common Stock

   No. of shares: 9