B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.            Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Citigroup Financial Products Inc. | VR-LIW GMBH |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Financial Products Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Carl Meyer
Phone: 212-723-6064
Email: carl.d.meyer@citi.com

Court Claim # (if known): 55169
Total Amount of Claim Filed: $33,660,873.75
Amount of Claim Transferred: $2,927,032.50
ISIN/CUSIP: XS0283497005
Blocking Number: CA14228
Date Claim Filed: October 29, 2009

Phone: +49 30 259 245 314
Last Four Digits of Acct #: _____

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ___[signature]___      Date: 1/28/10
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                                    Case No. 08-13555

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 55169 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Partial Transfer of Claim Other than for Security in the clerk's office of this court on January 28, 2010.

| VR-LIW GMBH | Citigroup Financial Products Inc. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |

Address of Alleged Transferor:

VR-LIW GMBH
Gabelsbergerstr. La
59069 Hamm, Germany
Attn: Gunnar Mangel
Phone: +49 30 259 245 314
Email: g.maengel@vr-liw.de

Address of Transferee:

Citigroup Financial Products Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Carl Meyer
Phone: 212-723-6064
Email: carl.d.meyer@citi.com

**~ DEADLINE TO OBJECT TO TRANSFER ~**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____
                                    **CLERK OF THE COURT**

PWRW&G LLP DRAFT 1/21/2010

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. (a) For value received, the adequacy and sufficiency of which are hereby acknowledged, VR-LIW GMBH ("Seller") for and on behalf of VOLKSBANK RHEIN-LIPPE eG (the "Beneficial Owner") hereby unconditionally and irrevocably sells, transfers and assigns to CITIGROUP FINANCIAL PRODUCTS INC. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (x) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55169 with blocking number CA14228 filed by Seller on behalf of multiple holders of Lehman Programs Securities (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (y) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (z) any and all proceeds of any of the foregoing (collectively, as described in clauses (x), (y), and (z), the "Transferred Claims").

(b) For value received, the adequacy and sufficiency of which are hereby acknowledged, Beneficial Owner hereby unconditionally and irrevocably sells, transfers and assigns to Purchaser, and Purchaser hereby agrees to purchase, as of the date hereof, the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Seller and Beneficial Owner shall not be obligated by the terms hereof to transfer the Transferred Claim and Purchased Security to Purchaser in the aggregate more than once.

2. (a) Seller hereby represents and warrants to Purchaser that (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (ii) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (iii) Beneficial Owner is the beneficial owner of the Purchased Security relating to the Purchased Claim and specified in Schedule 1 attached hereto; (iv) Seller is the Beneficial Owner's authorized agent and broker-dealer with respect to the filing and transfer of the Proof of Claim; (v) Beneficial Owner has authorized and empowered Seller to execute and perform each of its obligations under this Agreement; (vi) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (vii) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

(b) Beneficial Owner hereby represents and warrants to Purchaser that: (i) Beneficial Owner owns and has good and marketable title to the Transferred Claims and the Purchased Securities, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by or against Beneficial Owner or Seller; (ii) Beneficial Owner is duly authorized and empowered and has authorized and empowered Seller to execute and perform each of its obligations under this Agreement and Evidence of Partial Transfer of Claim; (iii) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (iv) Beneficial Owner has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less

Doc# US1:5868637v5

payments or distributions or less favorable treatment than other unsecured creditors; and (v) as of the date of this Agreement, the Purchased Security has not been accelerated.

3. Each of Seller and Beneficial Owner hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller or Beneficial Owner. Each of Seller and Beneficial Owner, severally, not jointly, hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's or Beneficial Owner's breach of its representations and warranties made herein, as applicable.

5. Seller and Beneficial Owner shall promptly (but in any event no later than three (3) business days) remit to Purchaser any payments, distributions or proceeds received by Seller or Beneficial Owner in respect of the Transferred Claims or Purchased Securities. Beneficial Owner has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Benefical Owner. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller, Beneficial Owner and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's, Beneficial Owner's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller, Beneficial Owner and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this __ day of January 2010.

CITIGROUP FINANCIAL PRODUCTS INC.

By: _____
Name: Carl Meyer
Title: Managing Director

390 Greenwich Street, 4th floor

VR-LIW GMBH in its capacity as Seller and as authorized agent for and on behalf of VOLKSBANK RHEIN-LIPPE eG as Beneficial Owner

By: _____
Name: Gunnar Mängel
Title: General Manager

New York, New York 10013

Gabelsbergerstr. 1a
59069 Hamm, Germany
Phone: +49 30 259 245 314
E-mail: g.maengel@vr-liw.de

**VOLKSBANK RHEIN-LIPPE eG** as Beneficial Owner

By: _____
Name: Gerd Hüsken
Title:   Director

By: _____
Name: Ulf Lange
Title:   Director

Volksbank Rhein-Lippe eG
Grosser Markt 1
46483 Wesel
GERMANY

Schedule 1

Transferred Claims

Purchased Claim

8.6957% = $2,927,032.50 of XS0283497005 claim of US$33,660,873.75 (the outstanding amount of the Proof of Claim as of 21st January 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Interest (as of September 15, 2008) |
|---|---|---|---|---|---|---|---|
| CMS Note | XS0283497005 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,000,000.00 | Floating Interest Rate (R=101%*10Y EUR SWAP) | January 31, 2017 | EUR 55,644.71 |

Schedule 1-1

Error! Unknown document property name.Error! Unknown document property name.Error! Unknown document property name. Error! Unknown document property name.

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000055169 |

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

VR-LIW GmbH as Filing Entity claiming on behalf of multiple holders of Lehman Programs Securities
Gunnar Mängel (General Manager)
Gabelsbergerstraße 1a
59069 Hamm
Germany

Telephone number:+4930/25 92 45 314    Email Address: g.maengel@vr-liw.de

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*if known*)

Filed on: _____

Name and address where payment should be sent (if different from above)

VR-LIW GmbH
Gabelsbergerstraße 1a
59069 Hamm

Telephone number:+4930/25 92 45 314 Email Address: g.maengel@vr-liw.de

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $33,660,873.75 _____ (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0283497005 _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

See attached schedule( page 1 to 3) _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

See attached schedule (page 1 to 3) _____ (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>26 Oct 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. [signature] Gunnar Mängel | FOR COURT USE ONLY<br><br>**FILED / RECEIVED**<br><br>OCT 2 9 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

___DEFINITIONS___

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

___INFORMATION___

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# Schedule for the notes with the ISIN Code: XS0283497005

## Calculation

| | |
|---|---|
| Interest basis: | Index linked |
| Method of interest calculation: | Actual/ Actual |
| Initial day of reckoning: | 1 February 2008 |
| Original maturity day: | 31 January 2017 |
| Bankruptcy judgement day: | 15 September 2008 |
| Days of reckoning: | 228 |
| Exchange rate (EUR-USD)[2]: | 1.423900 |

[1] The information about the 10Y EUR SWAP is taken form Reuters Screen ISDAFIX2 ( 31 January 2008)
[2] The exchange rate of 15 September 2008 is taken from the website *www.reuters.com*

Amount of Interest = $\dfrac{101\% \times 10Y\ EUR\ SWAP \times 228}{366}$

= $\dfrac{\text{Nominal amount} \times 101\% \times 4.422\% \times 228}{366}$

**10Y EUR SWAP means:**
The annual swap rates for Euro denominated swap transaction with a maturity of ten years, expressed as percentage.

**10Y EUR SWAP equals 4,422% p.a.**

| Blocking Number | Account Number | Nominal amount in € | Amount of interest in € | Total amount of claim in €: | Total amount of claim in $: |
|---|---|---|---|---|---|
| CA14234 | 67360 | 1.000.000,00 € | 27.822,35 € | 1.027.822,35 € | $ 1.463.516,25 |
| CA14228 | 67360 | 2.000.000,00 € | 55.644,71 € | 2.055.644,71 € | $ 2.927.032,50 |
| CA58643 | 67160 | 5.000.000,00 € | 139.111,77 € | 5.139.111,77 € | $ 7.317.581,25 |
| CA14222 | 67160 | 5.000.000,00 € | 139.111,77 € | 5.139.111,77 € | $ 7.317.581,25 |
| CA14218 | 67160 | 10.000.000,00 € | 278.223,54 € | 10.278.223,54 € | $ 14.635.162,50 |
| Total | | 23.000.000,00 € | 639.914,14 € | 23.639.914,14 € | $ 33.660.873,75 |

Page 1 of 3

## Reservation of Rights

1.  VR-LIW GmbH as Filing Entity claiming on behalf of multiple holders of Lehman Programs Securities ("Claimant") expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims. Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

2.  This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (the "Debtors") and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

3.  The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

4. Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

5. In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

26 OCT 2009
_____
Date

_____
Signature

Gunnar Mängel (General Manager)

VR-LIW GmbH
Gabelsbergerstr. 1a
59069 Hamm
Germany

Registry court: AG Hamm, HRB 6345
VAT-Ident-Number DE262892384

Tel.: +49 30 / 259 245 - 314
Fax: +49 30 / 259 245 - 399
E-Mail: g.maengel@vr-liw.de