B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                          Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Citigroup Financial Products Inc. | The Toyokawa Shinkin Bank |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Financial Products Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Carl Meyer
Phone: 212-723-6064
Email: carl.d.meyer@citi.com

Court Claim # (if known): 1911
Amount of Claim: $4,791,222.69
Date Claim Filed: January 23, 2009

Phone: +81-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
Last Four Digits of Acct #: _____

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ___CID M_____    Date: __1/28/10_____
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                        Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 55169 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on January 28, 2010.

| The Toyokawa Shinkin Bank | Citigroup Financial Products Inc. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |

Address of Alleged Transferor:                Address of Transferee:

The Toyokawa Shinkin Bank                    Citigroup Financial Products Inc.
3-34-1, Suehiro-Dori, Toyokawa-Shi           390 Greenwich Street, 4th floor
Aichi 442-8520 Japan                         New York, New York 10013
Attn: Yoshio Hibi                            Attn: Carl Meyer
Phone: +81-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                       Phone: 212-723-6064
Email: kawashin.kikaku@deluxe.ocn.ne.jp      Email: carl.d.meyer@citi.com

~ DEADLINE TO OBJECT TO TRANSFER ~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____            _____
                                         **CLERK OF THE COURT**

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **The Toyokawa Shinkin Bank** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Financial Products Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **JPY500,000,000** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number #1911 filed by or on behalf of **The Toyokawa Shinkin Bank** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) as of the date of this Agreement, the Purchased Securities have not been accelerated.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to

indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than seven (7) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of January 2010.

The Toyokawa Shinkin Bank

By: *Yoshio Hibi*
Name: Yoshio Hibi
Title: President and the Chief Officer

3-34-1, Suehiro-Dori, Toyokawa-Shi
Aichi 442-8520, Japan
Phone: +81-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
Email: kawashin.kikaku@deluxe.ocn.ne.jp

Citigroup Financial Products Inc

By: *[signature]*
Name: CARL MEYER
Title: MANAGING DIRECTOR

Schedule 1

Transferred Claims

Purchased Claim

$4,791,222.69 of $4,791,222.69 (the outstanding amount of the Proof of Claim as of 21st January 2010.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN #1 samurai bond | JP584117C768 | Lehman Brothers Holding Inc | None | JPY500,000,000 | 3mth JPY LIB +23bps | 5th June 2012 | JPY 155,736 |

Schedule 1-1

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Southen District of New York | PROOF OF CLAIM |
|---|---|
| Name of Debtor: **LEHMAN BROTHERS HOLDINGS INC** | Case Number: **08-13555** |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**THE TOYOKAWA SHINKIN BANK**

Name and address where notices should be sent:
**THE TOYOKAWA SHINKIN BANK**
**3-34-1, SUEHIRO-DORI, TOYOKAWA-SHI, AICHI, 442-8520, JAPAN**

Telephone number:
**+81-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**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:    $_____**4,791,222.69.-**_____
   **(JPY 500,155,736.- in conversion 104.39@ US DOLLAR)**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

✓ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:  __**JAPANESE YEN BONDS**__
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe:
   Value of Property:$_____ Annual Interest Rate___%
   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements... security agreements... You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See...)

DO NOT SEND ORIGINAL DOCUMENTS... DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000001911

| Date:    1/20/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
**THE TOYOKAWA SHINKIN BANK**
**PRESIDENT AND CHIEF EXECUTIVE OFFICER, YOSHIO HIBI**    *yoshio hibi* (signature) | FILED / RECEIVED
JAN 23 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07) – Cont.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

#### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## Statement of Interest

| Security Name | Lehman Brothers Holdings Inc. Japanese Yen Bonds 1st Series (2007) |
|---|---|
| ISIN Code | JP58411C768 |
| Currency | Japanese Yen |
| Coupon Rate | 1.1213% |
| Amount of interest a currency | 0.0028343972222 |
| The last interest payment date | 09/05/2008 |
| The Default date | 09/15/2008 |
| The next interest payment date | 12/05/2008 |
| Principal Amount | JPY 500,000,000.- |
| Interst period (numerator) | 09/05/2008 - 09/15/2008 (10days) |
| Interst period (denominator) | 09/05/2008 - 12/05/2008 (91days) |
| Calculation | JPY 500,000,000.- × 0.0028343972222 × 10days ÷ 91days = 155,736.- |
| Interest | JPY 155,736.- |
| Total Amont(JPY) | JPY 500,155,736.- |
| Exchange Rate Per US Dollar | JPY 104.39 Telegraphic Transfer Middle Rate of The Toyokawa Shinkin Bank as of 09/16/2008 (Because if was the Japanese holiday on 09/15/2008) |
| Total Amont(USD) | USD 4,791,222.69.- |

| TRANSRATION |

No _____
Date 10/10/2008

## Certificate of Security balance
## (Statement)

Customer's Name:
The Toyokawa Shinkin Bank    (1001557)

Shinkin Central Bank

Security Type: General Security
We prove the security balance as of 09/15/2008 to be as follows.

| Account Division Name | | | Security Name | Actual Amount Face Value amount (thousand) | Factor | Currency |
|---|---|---|---|---|---|---|
| Own Account | 00 Holding | Withholding Tax Not Applicable | LEHMAN 1st series | ∗500,000,000 ∗500,000 | | JPY |
| | 05 Holding | Tax Withheld | LEHMAN 1st series | ∗0 ∗0 | | JPY |
| | 96 Pledge | Tax Withheld | LEHMAN 1st series | ∗0 ∗0 | | JPY |
| | 98 Pledge | Withholding Tax Not Applicable | LEHMAN 1st series | ∗0 ∗0 | | JPY |
| Customer's Account | 60 Customer's Account | Withholding Tax Not Applicable | LEHMAN 1st series | ∗0 ∗0 | | JPY |
| | 65 Customer's Account | Tax Withheld | LEHMAN 1st series | ∗0 ∗0 | | JPY |
| | | | | Nothing is printed as below | | |

＜Attention＞

This translation has been solely for reference purpose, shall not have any binding force.
The original Japanese text will be definitive in case of any divergence in the meaning.

| TRANSRATION |
|---|

No _____
Date 10/10/2008

## Certificate of Security balance
### (Total)

Customer's Name:
The Toyokawa Shinkin Bank   (1001557)

Shinkin Central Bank

Security Type: General Security
We prove the security balance as of 09/15/2008 to be as follows.

| Account Division Name | | | Security Name | Actual Amount Face Value amount (thousand) | Factor | Currency |
|---|---|---|---|---|---|---|
| Own Account | 00 Holding | Withholding Tax Not Applicable | | ＊500,000,000 ＊500,000 | | JPY |
| | 05 Holding | Tax Withheld | | ＊0 ＊0 | | JPY |
| | 96 Pledge | Tax Withheld | | ＊0 ＊0 | | JPY |
| | 98 Pledge | Withholding Tax Not Applicable | | ＊0 ＊0 | | JPY |
| Customer's Account | 60 Customer's Account | Withholding Tax Not Applicable | | ＊0 ＊0 | | JPY |
| | 65 Customer's Account | Tax Withheld | | ＊0 ＊0 | | JPY |
| | | | | Nothing is printed as below | | |

＜Attention＞

This translation has been solely for reference purpose, shall not have any binding force.
The original Japanese text will be definitive in case of any divergence in the meaning.

No. 405

作成日 2008/10/10

## 残高証明書
### （明細表）

取引先名　豊川信用金庫　殿
　　　　（1001557）

商品区分　一般債
2008年09月15日 現在の残高は下記のとおりであることを証明いたします。

| 口　座　区　分　名　称 | | 銘　柄　名　称 | 実　質　残　高<br>額面残高（千） | ファクター | 通貨 |
|---|---|---|---|---|---|
| 自己口 | 00　保有口 | 源泉徴収不適用 | Ｌｅｈｍａｎ<br>１回 | *500,000,000<br>*500,000 | | JPY |
| | 05　保有口 | 課税分 | Ｌｅｈｍａｎ<br>１回 | *0<br>*0 | | JPY |
| | 96　質権口 | 課税分 | Ｌｅｈｍａｎ<br>１回 | *0<br>*0 | | JPY |
| | 98　質権口 | 源泉徴収不適用 | Ｌｅｈｍａｎ<br>１回 | *0<br>*0 | | JPY |
| 顧客口 | 60　顧客口 | 源泉徴収不適用 | Ｌｅｈｍａｎ<br>１回 | *0<br>*0 | | JPY |
| | 65　顧客口 | 課税分 | Ｌｅｈｍａｎ<br>１回 | *0<br>*0 | | JPY |
| | | | 以　下　余　白 | | | |

No. _____

作成日 2008/10/10

## 残高証明書
（合計表）

取引先名　豊川信用金庫　殿
（1001557）

信金中央金庫

商品区分　一般債
2008年09月15日 現在の残高は下記のとおりであることを証明いたします。

| 口　座　区　分　名　称 | | 銘　柄　名　称 | 実　質　残　高<br>額面残高（千） | ファクター | 通貨 |
|---|---|---|---|---|---|
| 自己口 | 00　保有口 | 源泉徴収不適用 | *500,000,000<br>*500,000 | | JPY |
| | 05　保有口 | 課税分 | *0<br>*0 | | JPY |
| | 96　質権口 | 課税分 | *0<br>*0 | | JPY |
| | 98　質権口 | 源泉徴収不適用 | *0<br>*0 | | JPY |
| 顧客口 | 60　顧客口 | 源泉徴収不適用 | *0<br>*0 | | JPY |
| | 65　顧客口 | 課税分 | *0<br>*0 | | JPY |
| | | | 以　下　余　白 | | |

