IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS INC., ET AL.,<br><br>Debtors. | CHAPTER 11 CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AUTHORIZING (I) THE WITHDRAWAL OF NEUBERGER BERMAN FIXED INCOME LLC AS THE INVESTMENT MANAGER OF LEHMAN BROTHERS ABS ENHANCED LIBOR, LTD. ; (II) THE WITHDRAWAL OF THE DIRECTORS OF LEHMAN BROTHERS ABS ENHANCED LIBOR, LTD. AND THE REPLACEMENT OF SUCH DIRECTORS WITH DIRECTORS DESIGNATED BY TCW ASSET MANAGEMENT COMPANY; (III) THE TRANSFER OF THE RIGHTS TO MANAGE LEHMAN BROTHERS ABS ENHANCED LIBOR, LTD.'S PORTFOLIO TO TCW ASSET MANAGEMENT COMPANY; AND (IV) THE EXCHANGE OF UNITS IN LEHMAN BROTHERS ABS ENHANCED LIBOR FUND FOR SHARES IN LEHMAN BROTHERS ABS ENHANCED LIBOR, LTD.**

Upon the Motion, dated January 28, 2010 (the "*Motion*") of U.S. Bank, as Trustee to the CDO Note Holders (the "*Trustee*"), and pledgee of the outstanding unit investments in the Feeder Fund hereinafter described, pursuant to section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*") seeking authorization for (i) the disposition of the assets of the Lehman Brothers ABS Enhanced Libor Fund (the "*Feeder Fund*") through the exchange of the units in the Feeder Fund for shares in the Lehman Brothers ABS Enhanced Libor, Ltd. (the "*Master Fund*"); (ii) the termination of the investment management agreement between Neuberger Berman Fixed Income LLC ("*NBFI*"), as the investment manager of the Master Fund, and the Master Fund; (iii) the withdrawal of the directors of the Master Fund and the replacement of such directors with directors designated by TCW Asset Management Company ("*TCW*"); and (iv) the transfer of the rights to manage the Master Fund's portfolio to TCW, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009, governing the case management and administrative procedures for these cases [Docket No. 2837]; and it appearing that no other or further notice need be provided; [and a hearing (the "Hearing") having been held to consider the relief requested in the Motion]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Motion is granted; and it is further

ORDERED that NBFI is authorized to transfer its voting but non-participating management shares to TCW or its designee pursuant to the terms of an assignment and assumption agreement to be prepared by NBFI, in consultation with, and subject to the approval by, TCW; and it is further

ORDERED that, without prejudice to NBFI's rights under the investment management agreement with the Master Fund, NBFI is authorized to terminate the investment management agreement between itself and the Master Fund and withdraw as investment manager of the Master Fund. Upon entry of this Order, NBFI will not have any continuing obligations or duty to the Master Fund or the investors in the Feeder Fund; and it is further

ORDERED that NBFI is authorized to withdraw its appointed directors as directors of the Master Fund, and each director is authorized to resign from the board, and following their resignation, NBFI's appointed directors will have no further authority with respect to the Master Fund or owe any additional obligations thereto; and it is further

ORDERED that the disposition of the assets of the Feeder Fund and cancellation of the units in the Feeder Fund is authorized. The winding-up of the Feeder Fund and the distribution of its assets is found to be in the best interests of the holders of the assets of the Feeder Fund; and it is further

ORDERED that the cancelled units in the Feeder Fund will be exchanged for the shares in the Master Fund in the same proportion as their ownership of units bear to units in the Feeder Fund. The Master Fund's shares will be delivered in pledge to the Trustee as collateral under the relevant Indentures to hold in trust on behalf of the CDO Issuers. The Trustee is authorized to take all actions necessary in order to perfect an interest in the shares of the Master Fund. All of the previous rights and obligations of the Feeder Fund's units under the Lehman Trust and relevant Indentures will be transferred and assigned in full to the shares in the Master Fund; and it is further

ORDERED that, pursuant to the terms of an assignment and assumption agreement to be entered into with NBFI and the Master Fund's Articles of Association, TCW, in its capacity as the holder of the management shares, is authorized to appoint a new board of directors for the Master Fund whose members will serve at the discretion of TCW; and it is further

ORDERED that the Master Fund's board of directors is authorized to appoint TCW or TCW's designee as the replacement investment manager of the Master Fund, and the Master Fund is further authorized to enter into any documentation or other agreements, including an investment management agreement, necessary to effectuate the appointment of TCW or TCW's designee as investment manager; and it is further

ORDERED that the appointment of TCW or TCW's designee as investment manager of the Master Fund is fair and prudent and in the best interests of the holders of interests in the Master Fund; and it is further

ORDERED that the Master Fund is authorized and instructed to pay all of the expenses incurred by NBFI, State Street, the CDO Issuers, TCW and the Trustee in connection with the transactions described in the Motion, including but not limited to, the change in the management of the Master Fund and the winding-up of the Feeder Fund, including any and all attorneys' fees; and it is further

ORDERED that neither U.S. Bank National Association, State Street, NBFI, TCW nor the CDO Issuers will bear any liability of any kind to any person or entity, including any CDO Note Holder resulting from the transactions described in the Motion, including but not limited to, any claims related to or arising out of the change of the investment manager, the exchange of the units in the Feeder Fund for shares in the Master Fund, the disposition of the assets of the Feeder Fund, the withdrawal of NBFI's appointed directors and the termination of the investment management agreement between NBFI and the Master Fund, and any such claims are forever barred. To the extent that any claims are successfully asserted against the Trustee, State Street, NBFI and/or the CDO Issuers, any amounts payable on account of such claims will be borne solely by the Master Fund; and it is further

ORDERED that the CDO Issuers and all of the CDO Note Holders shall be bound by the terms of this Order; and it is further

ORDERED that notice of the Motion was provided to all parties in interest in accordance with the rules of this Court and the requirements of the Bankruptcy Code and Bankruptcy Rules,

3

and such notice satisfied all applicable notice requirements; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2010
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE