Presentment Date and Time: **February 4, 2010 at 12:00 noon (Prevailing Eastern Time)**
Objection Deadline: **February 3, 2010 at 11:00 a.m. (Prevailing Eastern Time)**
Hearing Date and Time (Only if Objection Filed): **February 10, 2010 at 10:00 a.m. (Prevailing Eastern Time**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                          :    **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    **08-13555 (JMP)**
                                                   :
            Debtors.                               :    **(Jointly Administered)**
                                                   :
------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation and agreed order (the "Stipulation") between Lehman Brothers Holdings Inc. and LNR Partners, Inc., as special servicer of that certain Senior Loan[1] held by Bank of America, N.A., as successor by merger to LaSalle Bank National Association, as trustee for the registered holders of LB-UBS Commercial Mortgage Trust 2006-C6, Commercial Mortgage Pass-Through Certificates, Series 2006-C6, to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **February 4, 2010 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **February 3, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation on **February 10, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Stipulation.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 28, 2010
      New York, New York

      /s/ Shai Y. Waisman
      Shai Y. Waisman

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), and LNR Partners, Inc. ("LNR," and together with LBHI, the "Parties"), as special servicer of that certain Senior Loan (defined below) held by Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of LB-UBS Commercial Mortgage Trust 2006-C6, Commercial Mortgage Pass-Through Certificates, Series 2006-C6 ("Senior Lender"), hereby enter into this stipulation and agreed order (the "Stipulation") and represent and agree as follows:

**RECITALS**

A.    On September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. Prior to the Commencement Date, LBHI made a loan in the principal amount of $45,610,000.00 (the "Senior Loan") to Stellar Haverhill, LLC (the "Borrower") pursuant to that certain Amended and Restated Note Agreement, dated as of July 10, 2006, and other loan documents executed in connection therewith (collectively, the "Senior Loan Documents"). The Senior Loan is secured by, *inter alia*, a deed of trust, security agreement, and fixture filing encumbering certain real property known as Haverhill Apartments, located at 9430 Russia Branch View Drive, Manassas Park, Virginia 20111 (the "Property"). The Senior Loan was securitized and Senior Lender is the current holder of the Senior Loan and the Senior Loan Documents.

C. LBHI also extended certain mezzanine financing in connection with the Property. LBHI made a senior mezzanine loan in the principal amount of $6,010,611.00 (the "Senior Mezzanine Loan") to Haverhill Member, LLC, a Delaware limited liability company (the "Senior Mezzanine Borrower") and member of the Borrower, pursuant to that certain Mezzanine Loan Agreement dated as of December 16, 2004 (the "Senior Mezzanine Loan Agreement"). The Senior Mezzanine Loan is secured by, *inter alia*, 100% of Senior Mezzanine Borrower's membership interest in Borrower. Pursuant to that certain First Amendment to Loan Agreement and Loan Documents, dated as of July 10, 2006, and a certain Amended and Restated Secured Promissory Note by Senior Mezzanine Borrower in favor of LBHI, the principal amount

of the Senior Mezzanine Loan was reduced to $4,900,000.00. LBHI assigned the Senior Mezzanine Loan and the Senior Mezzanine Loan Agreement to Haverhill Apts Mezz Holdings LLC (the "Senior Mezzanine Lender"). Senior Mezzanine Lender is the current holder of the Senior Mezzanine Loan and the Senior Mezzanine Loan Agreement.

D. LBHI made two junior mezzanine loans in connection with the Property: (i) a junior mezzanine loan in the principal amount of the $2,129,169.00 (the "Junior 1 Mezzanine Loan") to Haverhill Junior Mezz I, LLC, a Delaware limited liability company (the "Junior 1 Mezzanine Borrower") and member of the Senior Mezzanine Borrower; and (ii) a junior mezzanine loan in the principal amount of $5,900,906.00 (the "Junior 2 Mezzanine Loan," and together with the Junior 1 Mezzanine Loan, the "Junior Mezzanine Loans") to Haverhill Junior Mezz II, LLC, a Delaware limited liability company (the "Junior 2 Mezzanine Borrower") and member of the Junior 1 Mezzanine Borrower. The Junior Mezzanine Loans are secured by, *inter alia*, 100% of the membership interests in Senior Mezzanine Borrower, Junior 1 Mezzanine Borrower, and Junior 2 Mezzanine Borrower. LBHI continues to hold the Junior Mezzanine Loans.

E. Senior Lender (in its capacity as holder of the Senior Loan), Senior Mezzanine Lender, and LBHI (in its capacity as holder of the Junior Mezzanine Loans) are parties to that certain Intercreditor Agreement, dated as of July 10, 2006 (the "Intercreditor Agreement"), pursuant to which LBHI's rights, title and interests in and to the collateral securing the Junior Mezzanine Loans and Senior Mezzanine Lender's rights, title and interests in and to the collateral securing the Senior Mezzanine Loan are subordinated to Senior Lender's rights, title and interests in and to the collateral securing the Senior Loan, including, among other things, the Property (collectively, the "Senior Collateral").

F. LNR asserts that subsequent to the Commencement Date, Borrower defaulted on the Senior Loan and that such defaults (the "Defaults") have continued. Accordingly, LNR asserts that it is entitled to, and seeks to, on behalf of Senior Lender, foreclose on the Senior Collateral and appoint a receiver to take control of the Property pending any foreclosure sale.

G. Pursuant to the Intercreditor Agreement, Senior Lender is required to provide, and has provided, LBHI and Senior Mezzanine Lender with copies of all notices of default under the Senior Loan, and LBHI and Senior Mezzanine Lender each has the right (but no obligation) to cure any default by the Borrower. In addition, LBHI and Senior Mezzanine Lender each has the option under the Intercreditor Agreement to purchase the Senior Loan on the terms set forth therein. LBHI has not elected to exercise its right to cure the alleged Defaults or its option to purchase the Senior Loan.

H. In an effort to consensually resolve certain issues that may arise in connection with LNR's exercise of its rights and remedies with respect to Borrower's alleged Defaults in connection with the Senior Loan, the Parties have agreed that it is in their best interests to enter into this Stipulation upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, AND, SUBJECT TO OBTAINING COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall be of no force and effect unless and until approved by the Court (the "Effective Date"). This Stipulation shall be immediately effective on the Effective Date and shall not be stayed pursuant to Bankruptcy Rule 4001(a)(3).

2. LBHI is hereby authorized to make, execute, file and deliver such statements, instruments, and other documents and to take all other and further actions that may be required or necessary for the performance by LBHI of the terms of this Stipulation, and each of the Parties are hereby authorized to file, register or otherwise record a copy of this Stipulation.

3. On the Effective Date, the automatic stay extant in the Debtors' chapter 11 cases pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") shall be modified solely to the extent necessary to permit LNR to act on behalf of Senior Lender to exercise Senior Lender's rights under the Senior Loan Documents, the Intercreditor Agreement, and applicable law solely with respect to the Senior Collateral, including foreclosing on the Senior Collateral and seeking appointment of a receiver to take control of the Property pending any foreclosure sale, and solely as against third parties other than the Debtors, including the Borrower. The Automatic Stay shall be further modified such that (i) all notices provided to LBHI by Senior Lender or by LNR, on behalf of Senior Lender, in connection with the exercise of the Senior Lender's rights under the Senior Loan Documents, the Intercreditor Agreement and applicable law with respect to the Senior Collateral, and (ii) all actions taken by LNR to seek

appointment of a receiver to take control of the Property prior to the Effective Date are deemed to have been permitted and effective.

4.  Other than as set forth in Paragraph 3 above, the Automatic Stay shall remain in full force and effect including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the Debtors or the Debtors' estates and/or to exercise control over assets or property of the Debtors or the Debtors' estates.

5.  Notwithstanding the notice requirements set forth in the Senior Loan Documents and the Intercreditor Agreement, LNR shall provide LBHI no less than ten (10) days advance written notice of the date, time, and location of any potential foreclosure sale relating to the Property.

6.  This Stipulation shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, records of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their officer to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Senior Collateral and the transactions effectuated in connection therewith under this Stipulation.

7.  Nothing in this Stipulation shall constitute or be construed as (a) an amendment to the Senior Loan Documents, the Senior Mezzanine Loan Agreement, the documents evidencing the Junior Mezzanine Loans, or the Intercreditor Agreement, (b) a waiver or forgiveness of the Borrower's alleged Defaults in connection with the Senior Loan, or (c) an

admission as to the validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

       8.      Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

       9.      This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

       10.     This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

                                      Pg 10 of 10

11. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: January 28, 2010

| **CADWALADER, WICKERSHAM & TAFT LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Mark C. Ellenberg<br>Mark C. Ellenberg | /s/ Shai Y. Waisman<br>Shai Y. Waisman |
| 700 Sixth Street, NW<br>Washington, DC 20001<br>Telephone: (202) 862-2234<br>Facsimile: (202) 862-2400 | 767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |
| Attorneys for LNR Partners, Inc. | Attorneys for Debtors<br>and Debtors in Possession |

SO ORDERED this ____ day of _____, 2010

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\43285200\13\43285200_13.DOC\58399.0003

8