CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Richard Levin
Attorneys for Credit Suisse AG

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2416
Facsimile: (212) 225-39999
Sean A. O'Neal
Attorneys for Goldman, Sachs & Co.,
Merrill Lynch & Co. Inc.,
Morgan Stanley & Co.
and The Royal Bank of Scotland plc

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br>Debtors. | Chapter 11 Case No.<br>08-13555 (JMP)<br>(Jointly Administered) |

**MOTION OF THE DEBTORS AND CERTAIN CREDITORS TO CLARIFY OR
AMEND THE DEBTORS' SUPPLEMENTAL NOTICE AND THE BAR DATE ORDER
WITH RESPECT TO CLAIMS RELATING TO THE LEHMAN PROGRAMS
<u>SECURITIES ISSUED BY LBHI</u>**

Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases as debtors and debtors in possession (the "Debtors") and Credit Suisse AG, Goldman, Sachs & Co., Merrill Lynch & Co. Inc., Morgan Stanley & Co. and The Royal Bank of Scotland plc ("Moving Creditors") move for an order clarifying or amending (i) the Debtors' "Supplemental Information Regarding Claims Based on Lehman Programs Securities and Procedures for the Trading of Claims Filed Against Lehman Brothers Holdings Inc. Based on Lehman Programs Securities" dated October 5, 2009 (the "Supplemental Notice") and (ii) this Court's "Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form" [Docket 4271] (the "Bar Date Order"), with respect only to the securities identified on Schedule A attached hereto (the "LBHI Issued LPS"), to provide that voting and distributions with respect to claims against LBHI relating to the LBHI Issued LPS be based only on the records of the clearing agencies (as of the record date specified by the Court for voting and the date of distribution for any such distributions) and that creditors need not file proofs of claim in respect of LBHI Issued LPS and that any such proofs of claim filed shall be disregarded for purposes of distribution and voting in these cases.

## JURISDICTION & VENUE

The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2

The Debtors and Moving Creditors request that this Court clarify an ambiguity in the record with respect to the treatment of the LBHI Issued LPS under the Bar Date Order, so that with respect only to the LBHI Issued LPS , the record is clear that voting and distribution relating to the LBHI Issued LPS will be based only on the records of the clearing agencies (as of the record date specified by the Court for voting and the date of distribution for any such distributions), rather than on filed proofs of claim.

## BACKGROUND AND NEED FOR RELIEF

This Court's Bar Date Order fixed a deadline for filing proofs of claims, including claims under securities included on the final list (the "Final List") of Lehman Programs Securities published on www.lehman-docket.com on July 17, 2009 ("LPS"). It provided:

> any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), . . . and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim. Bar Date Order at 9-10, and
>
> a Filing Entity that files a claim based on any Lehman Program Security, by filing such claim, for the purposes of U.S. Bankruptcy proceedings, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions, if any, except as otherwise provided in a confirmation order related to a plan, and responding to any objection interposed as to such claim. Bar Date Order at 14.

The Bar Date Order specifically authorized the Debtors to publish the "Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities", which the Debtors did on July 27, 2009 (the "LPS Bar Date Notice"). In accordance with the Bar Date Order, the LPS Bar Date Notice states:

3

> Any holder of a claim based on a Lehman Programs Security who fails to file a Securities Programs Proof of Claim in accordance with the Bar Date Order on or before the Securities Programs Bar Date, complying with the requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against LBHI based on a Lehman Programs Security, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Securities Programs Proof of Claim with respect to such claim) against LBHI, the other Debtors and their estates, and properties will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.

LPS Bar Date Notice at 3, ¶ 5.

Hence, according to the Bar Date Order and LPS Bar Date Notice, any distributions from LBHI to holders of LBHI Issued LPS will be made only to the holders of filed proofs of claim against LBHI and not the holders of the related LBHI Issued LPS themselves, which are to be disregarded for this purpose. Based on the Bar Date Order and the Bar Date Notice, holders of LBHI Issued LPS or claims based thereon, as well as those who might wish to sell or acquire either, may reasonably believe that after the Bar Date, only a proof of claim will have any value. The LBHI Issued LPS themselves would, after the Bar Date, have no value, as any value relating to the LBHI Issued LPS would be embodied in the claims filed against LBHI based on such LBHI Issued LPS.

The Debtors have advised the Moving Creditors that following conversations with various creditors, including the Moving Creditors, in an attempt to increase liquidity in the market and ease restrictions on the trading of LBHI Issued LPS, the Debtors consulted with the applicable clearing agencies and confirmed that the procedures set forth in the Supplemental Notice were viable, and therefore, on or about October 5, 2009, the Debtors issued the Supplemental Notice. The Supplemental Notice was not filed with the Court but rather was

4

posted on www.lehman-docket.com and served on the various clearing agencies for distribution to the holders of all LPS.

The Supplemental Notice states

"LBHI intends to amend its Schedules of Liabilities to provide that all LPS issued by LBHI and outstanding as of September 15, 2008 will not be listed as 'contingent, unliquidated or disputed'. Distributions by LBHI (if any) in respect of such Lehman Programs Securities issued by LBHI will be made in accordance with any chapter 11 plan of reorganization confirmed by the bankruptcy court to Euroclear Bank, Clearstream Bank or other applicable clearing agency to be distributed by such clearing agency to all holders of such securities on the records of the applicable clearing agency, regardless of whether a claim has been filed for such Lehman Programs Securities.

Following the Securities Programs Bar Date, Lehman Programs Securities issued by LBHI may trade in accordance with all applicable law. Bankruptcy Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure does not require the filing of evidence of the terms of transfer for the transfer of a claim based on a publicly traded note, bond or debenture."

Supplemental Notice at 2, ¶ 2.b. As of the date hereof, LBHI has informed the Moving Creditors that it is still working on amending its Schedules of Liabilities in accordance with its stated intent to provide that LBHI Issued LPS are not "contingent, unliquidated or disputed" so that the LBHI Issued LPS would be allowed claims under section 1111(a) without regard the filing of proofs of claim by their holders. Because it suggests that distributions will be made in accordance with the records of the relevant clearing systems, regardless whether a claim was filed in respect of such LBHI Issued LPS, the Supplemental Notice creates ambiguity in the record.

As a result of the ambiguity in the record, holders of LBHI Issued LPS claims cannot determine whether their proofs of claim represent their rights to share in the LBHI estate or whether the LBHI Issued LPS themselves represent that right. Importantly, they cannot determine whether, if they wish to sell (or buy) an LBHI Issued LPS claim or security, which

5

one they should sell (or buy).  Nor can they determine whether they should continue to maintain current address information with the Debtors' claims agent[1] or whether any objection that the Debtors might file regarding LBHI Issued LPS claims will be noticed to the holders of filed claims or through the clearing agencies.  The Supplemental Notice also does not address whether it contemplates voting on any chapter 11 plan would be based on the clearing agency records or on filed proofs of LBHI Issued LPS claims, as contemplated by the Bar Date Order, yet the Bankruptcy Code does not contemplate that voting and distribution rights be treated differently.  These uncertainties create confusion among creditors and could injure not only existing holders of LBHI Issued LPS or those who filed proofs of claims based thereon, but also entities that may become creditors holding LBHI Issued LPS or claims based thereon through purchase of such LBHI Issued LPS or claims.

The Debtors and Moving Creditors believe that the scheme for voting and distribution described in the Supplemental Notice, which is based on the clearing agencies' records rather than on filed proofs of claims based on LBHI Issued LPS, will facilitate allowance, voting and distribution as well as trading in LBHI Issued LPS, and will allow existing LBHI Issued LPS holders a source of liquidity without waiting for confirmation of a plan and distributions, which could be a lengthy process.  Using the clearing agency system to provide notices and distribute ballots, as well as to make distributions in these chapter 11 cases, and using the records of such clearing agencies for the purposes of tabulating ballots of any plan is an efficient and tested mechanism that should reduce administrative burdens for both the Debtors

---

[1] The Supplement Notice states that, purchasers of LPS issued by LBHI do not need to file Rule 3001(e) transfer notices, but provides no explanation of how the claims agent will track transfers.

and the creditors. Therefore, the Debtors and Moving Creditors support the mechanics set forth in the Supplemental Notice, but note that it does not cover voting, as the Bar Date Order does.

The relief requested herein applies only to the LBHI Issued LPS identified on Schedule A attached hereto and not to any other securities. Schedule A was compiled by the Debtors based on their books and records.[2] The proposed Order attached to this Motion provides that Schedule A may be augmented following the date of this Motion or the entry of the Order if (i) any party provides LBHI with documentation, that in LBHI's reasonable discretion, establishes that a security was (a) included on the Final List of LPS, (b) outstanding as of September 15, 2008 and (c) was actually issued by LBHI, and (ii) the security is identified on LBHI's books and records as of September 15, 2008. Any security added to the list attached hereto as Schedule A at any time shall be deemed an LBHI Issued LPS for all purposes of this Motion. For the avoidance of doubt, LBHI shall not be required to add any security to Schedule A if such security is not included on its books and records as of September 15, 2008. Any disputes concerning the securities listed on Schedule A will be resolved by the Court following notice and an opportunity for a hearing.

The Debtors and Moving Creditors believe that the issues addressed in this Motion do not require a separate memorandum of points and authorities as required by Local Rule 9013-1 and request that the Court waive the requirement for this Motion.

No previous request for the relief sought herein has been made to this or any other Court.

---

[2] Of the 71 securities included on the Final List of LPS published on July 17, 2009 identified as having been issued by LBHI, only 56 of such securities are included on Schedule A. The Debtors have informed the Moving Creditors that the Debtors have confirmed that the 56 securities included on Schedule A were issued by LBHI and are included on LBHI's books and records.

7

**NOTICE**

The Debtors and Moving Creditors have served notice of this motion in accordance with the procedures set forth in the Order entered on February 13, 2009 governing case management and administrative procedures for these cases (see Docket No. 2837) on (i) the U.S. Trustee; (ii) counsel for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the relevant clearing agencies (vi) and all parties who have requested notice in these chapter 11 cases.  The Debtors and Moving Creditors submit that no other or further notice need be provided.

WHEREFORE, the Debtors and Moving Creditors respectfully request that the Court clarify or amend the Supplemental Notice and the Bar Date Order with respect only to LPS issued by LBHI to provide that clearing agency systems shall be used to provide notices and distribute ballots, as well as to make distributions in these chapter 11 cases, and the records of such clearing agencies shall be used for the purposes of tabulating ballots of any plan and that proofs of claim for LBHI-issued LPS shall be disregarded for these purposes, and dispense with the requirement to file a separate memorandum of points and authorities.

Dated: January 29, 2010  Respectfully submitted,

| | |
|---|---|
| **CRAVATH, SWAINE & MOORE LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| By  /s/ Richard Levin<br>    Richard Levin<br>    Cravath, Swaine & Moore LLP<br>    825 Eighth Avenue<br>    New York, NY 10019<br>    Telephone: (212) 474-1000<br>    Facsimile: (212) 474-3700<br>    Attorneys for Credit Suisse AG | By: /s/ Sean A. O'Neal<br>    Sean A. O'Neal<br>    Cleary Gottlieb Steen & Hamilton LLP<br>    One Liberty Plaza<br>    New York, NY 10006<br>    Telephone: (212) 225-2416<br>    Facsimile: (212) 225-39999<br>    Attorneys for Goldman, Sachs & Co., Merrill Lynch & Co. Inc., Morgan Stanley & Co. and The Royal Bank of Scotland plc |

**WEIL, GOTSHAL & MANGES LLP**

By  /s/ Shai Y. Waisman
    Shai Y. Waisman
    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Attorneys for Debtors
    and Debtors in Possession

# Schedule A

Securities Identified by ISIN

| | |
|---|---|
| CA524908PR55 | XS0252835110 |
| CA524908TV22 | XS0254171191 |
| CA524908VR81 | XS0257022714 |
| CH0026915527 | XS0262321986 |
| CH0026985082 | XS0268648952 |
| JP584117A3C0 | XS0272543900 |
| JP584117A5A9 | XS0274585305 |
| JP584117A762 | XS0274591535 |
| JP584117B760 | XS0282937985 |
| JP584117C768 | XS0287044969 |
| XS0073472606 | XS0288056913 |
| XS0082350587 | XS0288579260 |
| XS0128857413 | XS0289254509 |
| XS0138439616 | XS0289619529 |
| XS0151868444 | XS0290041960 |
| XS0167792026 | XS0290745180 |
| XS0178222179 | XS0291967296 |
| XS0179304869 | XS0299141332 |
| XS0181712364 | XS0300055547 |
| XS0183944643 | XS0307745744 |
| XS0185590139 | XS0326006540 |
| XS0189741001 | XS0336095749 |
| XS0193035358 | XS0345259435 |
| XS0196298219 | XS0348395814 |
| XS0205185456 | XS0362467150 |
| XS0210414750 | XS0224535483 |
| XS0213899510 | XS0247679573 |
| XS0224346592 | XS0252834576 |