WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
                                                                    :
**In re:**                                                          :    **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.**    :    **08-13555 (JMP)**
                                                                    :
                                        **Debtors.**                :    **(Jointly Administered)**
                                                                    :
--------------------------------------------------------------------x

**OBJECTION TO MOTION OF PENNSYLVANIA**
**PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM**
**FOR ENTRY OF AN ORDER THAT ITS TIMELY FILED GUARANTEE**
**QUESTIONNAIRE BE CONSIDERED A TIMELY FILED PROOF OF**
**CLAIM, OR, IN THE ALTERNATIVE, TO PERMIT A LATE CLAIM FILING**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors as debtors and

as debtors in possession, (the "Debtors" and, collectively with their non-debtor affiliates,

"Lehman"), respectfully submit this response in opposition (the "Objection") to the motion,

dated January 7, 2010 (the "Motion"), of Pennsylvania Public School Employees' Retirement

System (the "Movant") for an order deeming the Guarantee Questionnaire filed by the Movant

an informal proof of claim, or, in the alternative, permitting the Movant to file a late claim

pursuant to Bankruptcy Rule 9006(b)(1), and respectfully represent:

## PRELIMINARY STATEMENT[1]

1.      In accordance with the Bar Date Order,[2] the Debtors provided actual notice of the deadline to file proofs of claim (the "Bar Date Notice") against the Debtors to, among others, all parties known to the Debtors as having potential claims against the Debtors' estates, including the Movant.  The Bar Date Notice was actually served on the Movant at least seventy-one (71) days prior to the Bar Date.  The Movant does not dispute that it received the Bar Date Notice.

2.      The Guarantee Questionnaire submitted by the Movant should not be considered an informal proof of claim.  The law is clear that a filing may be considered an informal proof of claim only if it was timely filed by a creditor.   It is undisputed that the Movant only filed its Guarantee Questionnaire after the Bar Date and never filed a proof of claim.  In addition, the Bar Date Order clearly provides that holders of claims that are purportedly guaranteed by a Debtor were required to (i) file a proof of claim form prior to the Bar Date and (ii) submit a Derivative Questionnaire prior to Questionnaire Deadline.  The Guarantee Questionnaire which the Movant suggests is an informal proof of claim was filed on October 21, 2009, 30 days after the Bar Date.  Therefore, the Movant did not file any document prior to the Bar Date which could even be considered an informal proof of claim and the Movant did not comply with the Bar Date Order.  The filing of the Guarantee Questionnaire after the Bar Date and without filing a proof of claim is not an informal proof of claim.

---

[1] Capitalized terms used but not defined in this section shall have the meanings set forth below in this Objection.

[2] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, entered on July 2, 2009 [Docket No. 4271] (the "Bar Date Order")

3.     The Movant alternatively requests that the Court deem timely the claims described in the Motion (the "Claims").  The only reason the Movant offers for the failure to timely file the Claims is the miscommunication between the Movant and Deutsche Bank Asset Management Advisors ("DB Advisors"), its own agent and financial advisor, resulting in the failure by both the Movant and DB Advisors to file a claim based on two securities (the "Securities") identified in the Motion.  However, the Movant does not offer any specific facts that led to the miscommunication with DB Advisors or provide any indication of DB Advisors's understanding of the situation that resulted in the failure to file the Claims.  Movant has simply failed to carry its burden.  The failure to timely file the proof of claim in accordance with the Bar Date Order served on the Movant was a result of plain oversight on the Movant's part, as the Movant did not confirm with DB Advisors that it had filed a claim against LBHI based on a guarantee of the Securities.  It is DB Advisors's failure to comply with the requests of the Movant and the Movant's failure to provide adequate oversight that resulting in the failure of a claim to be filed.

4.     The Movant alleges without any specificity that the Bar Date Order was confusing and that the Securities were removed from the initial list of Lehman Programs Securities, but does not explain how such factors resulted in the failure by the Movant to file the Claims.  The only inference that can be drawn is that inclusion of such statements is an attempt to divert the Court's attention from the errors made by the Movant to arguments previously made by other movants before the Court.  The Movant's errors and omissions in timely filing the Claims fall far short of the level of "excusable" neglect required by Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and recognized by courts in the

Second Circuit.  Accordingly, the Motion should be denied and the Claims disallowed as

untimely filed and expunged.

## BACKGROUND

5.      Commencing on September 15, 2008 (the "Commencement Date") and

periodically thereafter, as applicable, LBHI and certain of its subsidiaries commenced with this

Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and

are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized

to operate their businesses and manage their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

6.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

7.      By order dated July 2, 2009 (the "Bar Date Order"), the Court established

(a) September 22, 2009 at 5:00 p.m. as the deadline (the "Bar Date") for filing proofs of claim

against any of the Debtors in these chapter 11 cases, (b) October 22, 2009 at 5:00 p.m. as the

deadline (the "Questionnaire Deadline") for the filing of Derivative Questionnaires and

Guarantee Questionnaires against the Debtors in these chapter 11 cases and (c) November 2,

2009 at 5:00 p.m. as the deadline (the "Securities Programs Bar Date") for filing proofs of claim

against any of the Debtors in these chapter 11 cases based on certain notes (i) issued by LBHI

and its affiliates to retail investors located outside of the United States and (ii) included on a list

published on www.lehman-docket.com on July 17, 2009 (the "Lehman Programs Securities").

## ARGUMENT

### The Guarantee Questionnaire Submitted by the
### Movant Should Not be Considered an Informal Proof of Claim

8.    The Movant seeks to have the Guarantee Questionnaire that it submitted in connection with the Securities deemed an informal proof of claim.  The insurmountable and fatal flaw underlying the Movant's argument is that the Guarantee Questionnaire was <u>not</u> filed prior to the Bar Date, and therefore cannot be considered a valid informal proof of claim.

9.    The Bar Date Order clearly provides that holders of claims that were purportedly guaranteed by a Debtor were required to file a proof of claim prior to the Bar Date <u>and</u> complete a Guarantee Questionnaire prior to Questionnaire Deadline.  Failure to file a proof of claim is complete non-compliance with the Bar Date Order, irrespective of whether a questionnaire is filed.  In connection with a prior motion in this case seeking relief under Bankruptcy Rule 9006(b), the Court noted that even with the filing of a timely questionnaire, the omission to file a proof of claim was an "important omission."  Hearing Tr. November 19, 2009 at 71.

10.    The Movant has not established, and cannot establish, that the Guarantee Questionnaire satisfies the requirements of an informal proof of claim in this jurisdiction.  Not only does the Motion fail to cite any cases from this jurisdiction setting forth the criteria for informal proofs of claim, the cases that the Movant relies on in the Motion do not support the conclusion that the Guarantee Questionnaire should be considered an informal proof of claim. The Motion, cites to *In re Phillips,* 2007 WL 2241778, *2 (Bankr. S. D. Fla. Aug. 6. 2007), which states that the informal proof of claim doctrine "allows for another document that was filed in a <u>timely</u> fashion to become the basis for timely amended proof of claim."   Furthermore, the two cases cited by the Movant purportedly setting forth the criteria for the allowance

informal proofs of claim, both involve filings submitted prior to the applicable bar date, and therefore are wholly inapplicable to the current facts.  It is indisputable that the Guarantee Questionnaire, filed on October 21, 2009, <u>was not filed by the Bar Date and, therefore, was untimely</u>.

11.    In this jurisdiction, prevailing case law that Movant fails to cite provides that "to qualify as an informal proof of claim, a document purporting to evidence such claim must have (1) been <u>timely filed</u> with the bankruptcy court and have become part of the judicial record, (2) state the existence and nature of the debt, (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt.  *In re Enron Corp.,* 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007) (citing *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 187 (Bankr.S.D.N.Y.1995).

12.    Here, the Movant never filed <u>anything</u> with the Bankruptcy Court and its only submission came 30 days <u>after</u> the Bar Date.  The law is clear that for a filing to be considered a valid informal proof of claim, it must be filed prior to the bar date.  The fact that the Guarantee Questionnaire was filed prior to the Questionnaire Deadline is irrelevant to the determination of the Motion.  As the Court has previously noted, with respect to the Questionnaire Deadline, "It's a deadline, all right, and it might in fact defeat your ability to get paid, but a bar date it isn't."  Hearing Tr. November 19, 2009 at 74.  Consequently, the Guarantee Questionnaire <u>was not timely filed by the applicable Bar Date</u> and therefore cannot be considered a valid informal proof of claim.

**The Motion Should Be Denied Because the Movant
Failed to File the Claims Due to Its Own Error and Matters
Entirely Within Its Control and Cannot Demonstrate Excusable Neglect**

13.    The Bankruptcy Rules direct a bankruptcy court to establish bar dates in chapter 11 cases.  Bankruptcy Rule 3003(c)(3) requires that the bankruptcy court "fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).   Given the critical importance of the bar date to the successful administration of a chapter 11 case, requests for extensions of time to file proofs of claim are "strictly scrutinized" by courts.  *Florida Dept. of Ins. v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 148 B.R. 1002, 1005 (S.D.N.Y. 1993).

> 'The setting of a bar date is an important event in Chapter 11 cases.  The bar order by forcing creditors to make known their claims against the estate, enables the bankruptcy judge to tally up the debtor's assets and liabilities so that a reorganization plan can be developed.'  Thus, it may be said that harm to creditors who have acted in reliance on the certainty of a firm bar date is precisely the reason why an [sic] motion to extend the bar date must be strictly scrutinized and may be granted only if excusable neglect is found in 'extraordinary circumstances.'

*Id.* (quoting *Hooker Investments, Inc.*, 122 B.R. 659, 664 (S.D.N.Y. 1991), *appeal denied*, 937 F.2d 833 (2d Cir. 1991)).  Bankruptcy Rule 9006(b) vests the decision to extend the bar date "squarely within the discretion of the bankruptcy judge."  *Id.* at 1008.

14.    Bankruptcy Rule 9006(b)(1) provides that "on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).  The Supreme Court, in interpreting the term "excusable neglect," has held that the term "neglect" in its ordinary sense means "to give little attention or respect to a matter, or . . . to leave undone or unattended to esp[ecially] through carelessness . . . and encompasses both simple, faultless omissions to act and more commonly, omissions caused by carelessness."  *Pioneer Inv. Serv. Co. v. Brunswick*

*Assocs. L.P.*, 507 U.S. 380, 395 (1993).  The determination of whether a claimant's neglect of a

deadline is *excusable*, according to the *Pioneer* Court, however, is an equitable determination in

which a court should consider all relevant circumstances surrounding the claimant's omission,

including:  "the danger of prejudice to the debtor, the length of the delay and its potential impact

on judicial proceedings, the reason for the delay, including whether it was within the reasonable

control of the movant, and whether the movant acted in good faith."  *Pioneer*, 507 U.S. at 395.

15.     In applying the *Pioneer* factors to determine whether a late-filed proof of

claim was the result of "excusable neglect," the Second Circuit has taken a "hard line" approach

that does not give the four factors equal weight but rather focuses on the third *Pioneer* factor—

the reason for the delay in filing, including whether the cause of such delay was within the

reasonable control of the movant—as the most critical.  *In re Enron Corp.*, 419 F.3d 115, 122-24

(2d Cir. 2005).  The Second Circuit has noted that the reason for this approach is that the other

factors delineated in *Pioneer* – prejudice, length of delay and impact on judicial proceedings, and

the movant's good faith – will typically weigh in favor of the movant, and the court will

therefore focus on the reason for the delay in filing.  *Id*. at 122 (citing *Silivanch v. Celebrity

Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003).

16.     The *Pioneer* factors, particularly the reason for the Movant's delay in

filing the Claims, weigh in favor of the Debtors.

Failure to Timely File Due to An Error Entirely Within
The Movant's Control is Not Excusable Neglect in the Second Circuit

17.     While the Supreme Court in *Pioneer* recognized that courts are

"permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or

carelessness, as well as by intervening circumstances beyond the party's control," *Pioneer*, 507

U.S. at 388, 391, the Second Circuit has applied a strict standard in determining whether

inadvertence or mistake amounts to excusable neglect, noting that "the equities will rarely if ever

favor a party who fails to follow the clear dictates of a court rule, and … where the rule is

entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary

course, lose under the Pioneer test." *In re Enron Corp.*, 419 F.3d at 123, 126 (internal quotations

omitted) (affirming bankruptcy court's ruling that failure to timely file a proof of claim

"result[ing] solely from inadvertence" attributed to movant and its counsel being so heavily

focused upon and involved in negotiations regarding other matters of the case was not sufficient

reason to support a motion to extend the bar date).

18.    The only case the Movant cites that supports its position that the delay in

filing the Claims constitutes excusable neglect is *Pioneer*.  The facts of *Pioneer*, however, bear

no resemblance to the facts of the instant case, and, accordingly, do not support a finding of

excusable neglect in this case.  The Court in *Pioneer* concluded that the neglect at issue in that

case was excusable because notice of the bar date was inconspicuously placed in a notice

regarding a creditors' meeting.  507 U.S. at 399.  The Court found that the creditors' delay in

filing proofs of claim was caused by the ambiguity in the notice and the fact that it did not

indicate the significance of the bar date.  *Id*.  For these reasons, among others, the delay was not

within the reasonable control of the moving creditors and consideration of the equitable factors

militated in favor of a finding that the neglect be excused.  *Id*.

19.    In the instant case, however, the Movant's delay was not at all caused by a

reasonable unawareness of the deadline to file proofs of claim.  The Bar Date Notice was served

on the Movant on July 8, 2009.  The relevant pages of the affidavit of service demonstrating that

the Movant was served with notice of the Bar Date are annexed hereto as Exhibit A.  The

Movant does not allege it did not receive the Bar Date Notice or that the Bar Date Notice was

unclear.  The Movant's delay in filing the Claims in a timely manner was caused by

miscommunication between the Movant and its own agent— its financial advisor, and

carelessness on the part of the Movant.  The facts and circumstances in the *Pioneer* case do not

justify a finding of excusable neglect in this case.

20.    The Movant purports to explain the delay in filing the Claims as a result of

no more than a miscommunication between the Movant and its own agent—DB Advisors, as to

the request that DB Advisors file all claims related to the Securities.  However, other than a

statement in the declaration by an employee of the Movant that a miscommunication existed, the

Motion does not include any evidence or a detailed description of the miscommunication, nor

does the Motion include any indication of DB Advisors's understanding of the facts surrounding

the failure to file the Claims.  Even had the Movant provided support for its assertions, courts in

the Second Circuit and elsewhere have held that "office mixups, clerical mistakes, and failure to

follow office procedure do not generally constitute excusable neglect."  *In re Dana Corp.*, No.

06-10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (where notice of the

bar date was inadvertently filed away without any action being taken, "movant's failure to file a

timely proof of claim was entirely within his and his attorneys' reasonable control and does not

constitute excusable neglect"); *Pruitt v. Metcalf Eddy Inc.*, No. 03 Civ. 4780 (DF), 2006 WL

760279, at *2 (S.D.N.Y. Mar. 24, 2006) (failure to timely file notice of appeal did not constitute

excusable neglect where movant's counsel misplaced notice of appeal after arranging for

attorney service to pick up and file it and then failed to follow up with attorney service to

determine if the notice had been picked up and filed); *In re Chateaugay Corp.*, No. 92 Civ. 8722

(LJF), 1993 WL 1127180, at *6 (S.D.N.Y. Apr. 22, 1993) (movant's failure to timely file proof

of claim due to failure of movant's own internal procedures in forwarding bankruptcy matters to

its appropriate department for review did not constitute excusable neglect); *In re Kmart Corp.*,

381 F.3d 709 (7th Cir. 2004) (notwithstanding that movant missed bar date by only one day,

movant's failure to file a timely proof of claim did not constitute excusable neglect where

movant's counsel delegated the filing of the proof of claim to an office clerk, failed to follow up

with the clerk to ensure that he had followed counsel's instructions on filing, and failed to take

simple steps to confirm that the claim had been filed in a timely manner); *see also In re Enron

Corp.*, No. 01-16034 (AJG), 2006 WL 898031, at *7 (Bankr. S.D.N.Y. Mar. 29, 2006) (State of

Montana's delay in filing proof of claim for a damage award stemming from Federal Energy

Regulatory Commission ("FERC") proceedings did not constitute excusable neglect where State

of Montana mistakenly assumed that FERC would protect its interests by filing a proof of claim

on its behalf in the debtors' bankruptcy proceedings).

21.    The Movant further erred by failing to oversee the filing of claims by its

advisor.  The Motion indicates that at no time between January 2009 and the Bar Date did the

Movant confirm with DB Advisors that it had filed a claim against LBHI based on a guarantee of

the Securities.  Absent the supporting facts relating to the miscommunication or proper

supervision by the Movant, Movant simply cannot meet the burden of proof for excusable

neglect.

22.    Attempting to misdirect the Court's attention from its inexcusable errors,

the Movant makes bald allegations that the Bar Date Order was confusing and that the Securities

were removed from the initial list of Lehman Programs Securities.  These assertions in the

motion are not explained, and, surprisingly, in no way supported by statements in the

declarations attached to the Motion.  There simply is no evidence of any "confusion" or that

"confusion" on the part of Movant was a factor in the failure by the Movant to timely file a proof

of claim.  Furthermore, the assertions in the Motion are entirely irrelevant to the determination of

whether the Movant's failure to timely file a claim was a result of excusable neglect for the

following reasons.  First, as evidenced by the fact that the Movant timely filed a proof of claim

and a questionnaire based on a derivative contract, the Movant was aware of and understood the

Bar Date Order.  Second, if the Movant incorrectly believed that its securities were Lehman

Programs Securities as suggested by the Motion, the Movant would have filed a proof of claim

prior to the Securities Programs Bar Date.  The Movant's actions are entirely inconsistent with a

creditor that did not understand the Bar Date Order or that believed that it held Lehman

Programs Securities.

23.    The failure by DB Advisors to file a claim on the Movant's behalf in

respect of the Securities, and the failure of the Movant to oversee the actions of DB Advisors and

ensure that DB Advisors timely filed a claim, although the result of carelessness, inattention and

lack of oversight, do not constitute excusable neglect.  The Movant was aware of the Bar Date,

the failure to file the Claims in a timely manner was within the complete control of the Movant,

and the Movant and failed to take simple steps to confirm that the Claims were being

appropriately handled.

<u>Allowing the Movant's Late Claims Will Prejudice These Estates</u>

24.    "Prejudice" includes not only the harm to the debtor but also the adverse

impact that a late claim may have on the judicial administration of the case, considering the size

of the late claim in relation to the estate.  *See In re Keene Corp.*, 188 B.R. 903, 910 (Bankr.

S.D.N.Y. 1995); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. at 1007; *In re

Alexander's Inc.*, 176 B.R. 715, 722 (Bankr. S.D.N.Y. 1995).

25.    The Movant argues that the Debtors will not be prejudiced by its late-filed Claims as the Debtors are still in the process of reviewing claims.  Notwithstanding that the Debtors are still in the process of reviewing claims, if the late-filed Claims are deemed timely filed by the Court as a result of excusable neglect, any party that filed a questionnaire but failed to file a proof of claim, or, any party that failed to file a proof of claim prior to the Bar Date or the Securities Programs Bar Date as a result of a mere mistake or inadvertance would move this Court to have its claim deemed timely filed on similar grounds as the Movant.  Indeed, several such requests already are pending and more are sure to follow.

Length of Delay

26.    The Movant did not file the Motion seeking relief under Bankruptcy Rule 9006(b) until January 7, 2010, 107 days after the Bar Date.  <u>To date, the Movant still has not filed a claim based on the Securities</u>.  The length of the delay in seeking relief from the Court pursuant to Bankruptcy Rule 9006(b)(1) is beyond any of the other motions filed in this case.  If the Movant is permitted to file a claim for the first time pursuant to the Motion, and other creditors seek and receive similar relief, the purpose and effect of a bar date will have been diluted.

Good Faith

27.    The Debtors have no evidence that the Movant acted in bad faith when it filed the Motion, but as discussed above this factors typically weighs in favor of the party moving to file a late claim and hardly counterbalance the other three *Pioneer* factors which weigh in the Debtors' favor, particularly the third *Pioneer* factor, discussed above, which the Second Circuit has deemed to be the most relevant and critical in the equitable determination of whether a movant's neglect is excusable.  *See In re Enron Corp.*, 419 F.3d at 122-24.

## CONCLUSION

28.     Whether it was due to a communication error between the Movant and its own agent—DB Advisor, or the failure by the Movant to oversee DB Advisors in the filing of claims against the Debtors, the failure to file the Claims in a timely manner was the result of, at best, mere neglect.  In either case, the Movant's failure to timely file the Claims was entirely within its reasonable control.  The Movant should not be permitted to file the Claims late on account of the mere inadvertence of it or its advisor.  Under the circumstances, the neglect that caused the delay in the filing of the Claims does not rise to the level of neglect recognized as *excusable* by courts in the Second Circuit.  Accordingly, the Motion should be denied.

## RESERVATION OF RIGHTS

29.     In the event that the Court determines to grant the relief requested in the Motion, the Debtors reserve all of its rights to object to the validity and amount of any claims which may be filed by the Movant.

30.    The Debtors reserve the right to conduct discovery as to the matters raised in the Motion and to supplement this filing as a result thereof.

WHEREFORE the Debtors respectfully requests the Court deny the Motion and grant such other and further relief as is just and proper.

Dated: February 3, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtor and
Debtor In Possession

## **Exhibit A**

**Affidavit of Service**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                          :
               **Debtors.**               :        **(Jointly Administered)**
                                          :
-------------------------------------------------------------------------x    **Ref. Docket No. 4271**


### AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

HERB BAER, being duly sworn, deposes and says:

1.   I am employed by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017.  I am over the age of eighteen years and am not a party to the above-captioned action.

2.   On July 8, 2009, I caused to be served the:

   a)  "NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM", dated July 8, 2009, a copy of which is attached as Exhibit "A" (the "Bar Date Notice"),

   b)  "PROOF OF CLAIM" form, a copy of which is attached hereto as Exhibit "B", (the "General Proof of Claim Form"), and

   c)  "PROOF OF CLAIM" form with a legend stating "Notice of Scheduled Claim", a copy of which is attached hereto as Exhibit "C", (the "Schedule Proof of Claim Form")

by causing true and correct copies of the:

   a)  Bar Date Notice and a blank General Proof of Claim Form to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit "D",

   b)  Bar Date Notice and a General Proof of Claim Form, personalized to include the name and address of the creditor, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit "E", and

   c)  Bar Date Notice and a Schedule Proof of Claim Form, personalized to include the name and address of the creditor and debtor, amount, nature, classification and description of the scheduled claim, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit "F".

3. All envelopes utilized in the service of the foregoing contained the following legend:
   "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF
   ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

Herb Baer

Sworn to before me this
10th day of July, 2009

Notary Public

ELLI PETRIS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PE6178579
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES ___

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :    08-13555 (JMP)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
                                        :
----------------------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

PLEASE TAKE NOTICE THAT, on July 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc. and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "Debtors"), entered an order (the "Bar Date Order") establishing **September 22, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on prepetition claims against the Debtors (the "Bar Date"). The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "Commencement Date"), the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as set forth in Schedule A hereto.

**If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at (866) 879-0688.**

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

**Some parties are required to file a Proof of Claim in order to preserve their claim against the Debtors. Other parties are not required to file a Proof of Claim in order to preserve their claim against the Debtors. The following is a summary explanation of each.**

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtors that arose before the applicable Commencement Date, may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date. Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.    WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1)    Your claim is listed on the Schedules and (i) is <u>**not**</u> described as "disputed," "contingent," or "unliquidated," and (ii) you do <u>**not**</u> dispute the amount, priority or nature of the claim set forth in the Schedules;

(2)    Your claim has been paid in full by the Debtors;

(3)    You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **<u>provided</u>**, **<u>however</u>**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(4)    You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(5)    You hold a claim for which a separate deadline is fixed by this Court;

(6)    You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **<u>provided</u>**, **<u>however</u>**, any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

(7)    You hold a claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding, in foreign jurisdiction; **<u>provided</u>**, **<u>however</u>**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8)    You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "<u>Master List of Securities</u>") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **<u>provided</u>**, **<u>however</u>**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9)    You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "<u>Exempt Entities List</u>") or any subsidiary for which the entity on the Exempt Entities List owns at least a fifty percent equity interest in such subsidiary, <u>specifically</u> <u>excluding</u> any subsidiary that is in a bankruptcy, insolvency or similar proceeding in a foreign jurisdiction or Lehman Brothers Inc.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim.  Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM. MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

**SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES**

Holders of securities are **NOT** required to file a proof of claim on account of their ownership if, and only if, such security is listed on the Debtors' Master List of Securities because such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will each file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities). The Master List of Securities is available for review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP or ISIN) or by security description.

If you do not see your security listed on the Master List of Securities and you have a question about the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form prior to August 5, 2009.

Inquiries will be investigated, and within 15 days of the Debtors receipt of such inquiry, either the security will either be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.

The Master List of Securities shall be finalized on August 20, 2009 and not subject to further change.

A Proof of Claim form is being included with the Bar Date Notices being served on holders of LBHI securities other than to holders of securities that are on the Master List of Securities.

IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS OTHER THAN ON ACCOUNT OF YOUR LEHMAN SECURITIES OWNERSHIP, YOU MUST FILE A PROOF OF CLAIM FORM, AS DIRECTED IN THIS BAR DATE NOTICE. A COPY OF THE PROOF OF CLAIM FORM IS AVAILABLE AT HTTP://WWW.LEHMAN-DOCKET.COM.

**SPECIAL NOTE REGARDING LEHMAN PROGRAM SECURITIES:**

A separate notice and proof of claim form will be provided in connection with certain securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent a security is identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" as of July 17, 2009 at 5:00 pm (prevailing Eastern Time). Such notice and proof of claim form will be available on or about July 27, 2009. The Bar Date in connection with the Lehman Program Securities is November 2, 2009 at 5:00 pm (prevailing Eastern Time). If your security is not identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" as of July 17, 2009 at 5:00 pm (prevailing Eastern Time) you must file your claim by September 22, 2009 as per the instructions herein.

3.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

        Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4.      **WHEN AND WHERE TO FILE**

        All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

3

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

       or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims Processing
One Bowling Green
New York, New York 10004

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, New York  10150-5076

Proofs of Claim will be deemed timely filed only if **actually** **received** by Epiq or the Court on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the Debtors will notify the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

**5.**     **WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States; (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

**EXCEPT AS SET FORTH IN THE FOLLOWING EIGHT PARAGRAPHS, YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, ATTACH A SUMMARY.**

**CLAIMS BASED ON DERIVATIVE CONTRACTS**

**IF YOU FILE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

4

A "DERIVATIVE CONTRACT" IS A CONTRACT THAT IS ANY OF (I) A "SWAP AGREEMENT" AS SUCH TERM IS DEFINED IN SECTION 101(53B) OF THE BANKRUPTCY CODE OR (II) A "FORWARD CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 101(25) OF THE BANKRUPTCY CODE.  A CASH-MARKET PURCHASE OR SALE OF A SECURITY OR LOAN (I.E. ANY PURCHASE OR SALE OF A SECURITY OR LOAN FOR SETTLEMENT WITHIN THE STANDARD SETTLEMENT CYCLE FOR THE RELEVANT MARKET), EXCHANGE-TRADED FUTURE OR OPTION, SECURITIES LOAN TRANSACTION, REPURCHASE AGREEMENT IN RESPECT OF SECURITIES OR LOANS, AND ANY GUARANTEE OR REIMBURSEMENT OBLIGATIONS WHICH WOULD OTHERWISE BE INCLUDED IN THE DEFINITION OF "SWAP AGREEMENT" OR "FORWARD CONTRACT" PURSUANT TO THE DEFINITION OF SUCH TERMS IN THE BANKRUPTCY CODE SHALL NOT BE CONSIDERED A DERIVATIVE CONTRACT FOR THE PURPOSES OF THIS DEFINITION NOR SHALL ANY NOTES, BONDS, OR OTHER SECURITIES ISSUED BY THE DEBTORS OR THEIR AFFILIATES (INCLUDING, BUT NOT LIMITED TO, LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS TREASURY CO. B.V., LEHMAN BROTHERS BANKHAUS AG, LEHMAN BROTHERS HOLDINGS PLC, LEHMAN BROTHERS SECURITIES N.V., AND LEHMAN BROTHERS (LUXEMBOURG) EQUITY FINANCE S.A.).

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

CLAIMS BASED ON A DEBTOR'S GUARANTEE

IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT D TO THE BAR DATE ORDER (THE "GUARANTEE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

A "GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

CLAIMS BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT WITH A NON-DEBTOR

IF YOU FILE A PROOF OF CLAIM BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT ENTERED INTO WITH A NON-DEBTOR, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM AND LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

If a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the documentation required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date.

If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that

instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number.

A holder (or any other party authorized under the Bankruptcy Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire.

Any security that is listed on the Master List of Securities is not a Derivative Contract and the holders of such security are not required to complete the Derivative Questionnaire on account of such security.

The information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information and the Debtors and the Creditors' Committee and their respective advisors and counsel.

The website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim.

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR COMPLETE THE DERIVATIVE QUESTIONNAIRE PRIOR TO THE QUESTIONNAIRE DEADLINE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable) and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire or Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

7.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules. Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:      July 8, 2009                              BY ORDER OF THE COURT
                 New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Schedule A

| Debtor | Case Number | Commencement Date |
| --- | --- | --- |
| Lehman Brothers Holdings Inc. | 08-13555 | September 15, 2008 |
| LB 745 LLC | 08-13600 | September 16, 2008 |
| PAMI Statler Arms LLC | 08-13664 | September 23, 2008 |
| Lehman Brothers Commodity Services Inc. | 08-13885 | October 3, 2008 |
| Lehman Brothers Special Financing Inc. | 08-13888 | October 3, 2008 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 | October 3, 2008 |
| Lehman Brothers Derivatives Products Inc. | 08-13899 | October 5, 2008 |
| Lehman Commercial Paper Inc | 08-13900 | October 5, 2008 |
| Lehman Brothers Commercial Corporation | 08-13901 | October 5, 2008 |
| Lehman Brothers Financial Products Inc. | 08-13902 | October 5, 2008 |
| Lehman Scottish Finance L.P. | 08-13904 | October 5, 2008; |
| CES Aviation LLC | 08-13905 | October 5, 2008 |
| CES Aviation V LLC | 08-13906 | October 5, 2008 |
| CES Aviation IX LLC | 08-13907 | October 5, 2008 |
| East Dover Limited | 08-13908 | October 5, 2008 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 | January 7, 2009 |
| BNC Mortgage LLC | 09-10137 | January 9, 2009 |
| Structured Asset Securities Corporation | 09-10558 | February 9, 2009 |
| LB Rose Ranch LLC | 09-10560 | February 9, 2009 |
| LB 2080 Kalakaua Owners LLC | 09-12516 | April 23, 2009 |

7

Exhibit "B"

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

## PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case.  A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.  Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Telephone number:                    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
    *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:                    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1.    **Amount of Claim as of Date Case Filed:** $ _____
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐    Check this box if all or part of your claim is based on a Derivative Contract.*
☐    Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐    Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2.    **Basis for Claim:** _____
(See instruction #2 on reverse side.)

3.    **Last four digits of any number by which creditor identifies debtor:** _____
    **3a. Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side.)

4.    **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:   ☐ Real Estate      ☐ Motor Vehicle      ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____

**Amount of Secured Claim: $** _____    **Amount Unsecured: $** _____

6.    **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**_____
(See instruction #6 on reverse side.)

7.    **Credits:**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.    **Documents:**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest.  *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

| Date: | **Signature:**  The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

5.    **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under  11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | | |
|---|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information
   that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the creditor debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of a security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Exhibit "C"**

***United States Bankruptcy Court/Southern District of New York***

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case.  A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.  Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)







Telephone number:                    Email Address:

□ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:_____**
   *(If known)*

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

Name and address where payment should be sent (if different from above)




Telephone number:                    Email Address:

□ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars.

□ Check this box if you are the debtor or trustee in this case.

**1.   Amount of Claim as of Date Case Filed:** $ _____
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
□   Check this box if all or part of your claim is based on a Derivative Contract.*
□   Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
□   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** _____
   **3a.  Debtor may have scheduled account as:** _____
         (See instruction #3a on reverse side.)

**4.   Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:   □ Real Estate        □ Motor Vehicle        □ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection: _____

**Amount of Secured Claim: $_____   Amount Unsecured: $_____**

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____**
(See instruction #6 on reverse side.)

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

□ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

□ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

□ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

□ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

□ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**7.   Credits:**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest.  *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature:  The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE LOCATED AT THE TOP OF THE CLAIM FORM.

| | | |
|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of a security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Reduced**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the
initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition shall not any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view
your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Exhibit "F"**

| Claim Name | Address Information |
|---|---|
| PELTIN,LARISA | 544 DONGAN HILLS AVENUE STATEN ISLAND NY 10305 |
| PELTON,CYNTHIA K. | 2616 BRITANY CIRCLE BEDFORD TX 76022 |
| PELTZER,GERMAN A. | J.F. SEGUI 3637 7RD FLOOR, APT.CB BUENOS AIRES 1425 ARGENTINA |
| PELULLO,DONNA | 13 MT. VERNON ROAD MONTCLAIR NJ 07043 |
| PELUSO,ESPEDITO | FLAT 7 43 LANCASTER GROVE LONDON NW3 4HB GREECE |
| PELZER,ULRICH | AUENSTRASSE 14B RIEMERLING 85521 GEORGIA |
| PEMBE, DOPRAN | 25 KENDAL AVENUE EDMONTON LONDON N181NE UNITED KINGDOM |
| PEMBE, GURAN | 30 ASHRIDGE GARDENS PALMERS GREEN N13 4LA UNITED KINGDOM |
| PEMBERTON,MATTHEW J | 9 THE CREST GOFFS OAK WALTHAM CROSS, HERTS EN7 5NP GREECE |
| PENA | 580 MAIN ST., SUITE 100 CARBONDALE CO 81623 |
| PENA, JULIO | 434 HART STREET BROOKLYN NY 11221 |
| PENDER,FIONUALA A | FLAT B 5 DUNSMURE ROAD LONDON N16 5PU GREECE |
| PENEDES PENSIO 1, FONS DE PENSIONS | RAMBLA NOSTRA SENYORA, 214 VILAFRANCA DEL PENEDES 8720 SPAIN |
| PENELOPE L., COCHRANE | 4235 COLE AVE APT 203 DALLAS TX 75205 |
| PENG, DU | 50 N EVERGREEN RD APT 167 EDISON NJ 08837 |
| PENGFEI, SUN | 85-52 67TH RD REGO PARK NY 11374 |
| PENGFEI, ZHAO | 33 HUDSON ST APT 1202 JERSEY CITY NJ 07302 |
| PENINGAULT,FRANCOIS | 38, AVENUE DE LA MOTTE PICQUET PARIS 75007 FRANCE |
| PENKETT,PAUL ALEXIS | HOUSE 1A 6 MOUNT DAVIS DRIVE POK FU LAM HONG KONG |
| PENN MUTUAL LIFE INSURANCE COMPANY | 600 DRESHER ROAD HORSHAM PA 19044 |
| PENN NATIONAL GAMING INC | PENN NATIONAL GAMING, INC. 825 BERKSHIRE BOULEVARD, SUITE 200 WYOMISSING PA 19610 |
| PENN VIRGINIA CORPORATION | THREE RADNOR CORPORATE CENTER, SUITE 300 100 MATSONFORD ROAD RADNOR PA 19087 |
| PENN WEST PETROLEUM | SUITE 2000, 425 - 1ST STREET S. W. CALGARY AB T2P 3L8 CANADA |
| PENN WEST PETROLEUM LTD. (EDI) | SUITE 200, 207 NINTH AVE SW CALGARY AB T2P 1K3 CANADA |
| PENN,LISA T. | 96 OLRON  CRESCENT BEXLEYHEATH,KENT DA6 8JZ GREECE |
| PENNEY,JULIE M | 5 COLLINS STREET MORNINGSIDE AUCKLAND NIGER |
| PENNS LANDING CDO 2007-1 | STATE STREET BANK AND TRUST CDO SERVICES GROUP, MAIL CODE: EUC108 200 CLARENDON STREET BOSTON MA 02116 |
| PENNSYLVANIA CONVENTION CENTER AUTHORITY | 1101 ARCH STREET PHILADELPHIA PA 19107 |
| PENNSYLVANIA DEPARTMENT OF REVENUE | 1133 STRAWBERRY SQUARE HARRISBURG PA 17128-1100 |
| PENNSYLVANIA DEPARTMENT OF REVENUE | 1133 STRAWBERRY SQUARE HARRISBURG PA 17128-1100 |
| PENNSYLVANIA DEPARTMENT OF REVENUE | 1133 STRAWBERRY SQUARE HARRISBURG PA 17128-1100 |
| PENNSYLVANIA DEPARTMENT OF REVENUE | 1133 STRAWBERRY SQUARE HARRISBURG PA 17128-1100 |
| PENNSYLVANIA HOUSING FINANCE AGENCY | 2101 NORTH FRONT STREET HARRISBURG PA 17110 |
| PENNSYLVANIA POWER AND LIGHT COMPANY RETIREMENT PL | C/O BLACKROCK FINANCIAL MANGEMENT, INC. 40 E. 52ND STREET, 18TH FLOOR NEW YORK NY 10022 |
| PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES` RETIREMENT S | 1717 ARCH STREET, SUITE 1500 PHILADELPHIA PA 19103 |
| PENNY, CHUMWONG | 3-4-14 EBISU-MINAMI #1104 13 SHIBUYA-KU 150-0022 JAPAN |
| PENSIOENVERZEKERINGSMAATSCHAPPIJ DSM | PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |
| PENSION BENEFIT GUARANTY CORPORATION | TWO GATEWAY CENTER, 7TH FLOOR NEWARK NJ 07102 |
| PENSION BENEFIT GUARANTY CORPORATION | WESTERN ASSET MANAGEMENT CO. 385 EAST COLORADO BLVD PASADENA CA 91101 |
| PENSION BENEFIT GUARANTY CORPORATION | PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |
| PENSION BENEFIT GUARANTY CORPORATION | PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |
| PENSION FUND OF THE CHRISTIAN CHURCH | PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |
| PENSION PROTECTION FUND | PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |
| PENSION RESERVES INVESTMENT MANAGEMENT BOARD (PRIM | PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |