UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :    08-13555 (JMP)
                                                                 :
            Debtors.                                             :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF GIBSON, DUNN & CRUTCHER LLP, AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO SEPTEMBER 1, 2009

Upon consideration of the application, dated February 5, 2010 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ and retain Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") as special counsel to the Debtors *nunc pro tunc* to September 1, 2009, all as more fully described in the Application; and upon the Declaration of Jesse Sharf (the "Sharf Declaration"), filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Sharf Declaration, that Gibson Dunn represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Gibson Dunn, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Application is approved; and it is further

        ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Gibson Dunn as special counsel to the Debtors on the terms set forth in the Application and this order, effective *nunc pro tunc* to September 1, 2009, for the Representative Matters identified in the Application, in accordance with Gibson Dunn's customary rates in effect from time to time and its disbursement policies; and it is further

        ORDERED that the services performed and expenses incurred by Gibson Dunn prior to the earlier of September 1, 2009 and/or the date that Gibson Dunn's fees and expenses

exceeded the OCP Cap (the "Transition Date") and Gibson Dunn's right to payment in respect of such services and expenses shall continue to be governed by this Court's Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business [Docket No. 1394]; and it is further

ORDERED that with respect to services performed or expenses incurred on or after the Transition Date, Gibson Dunn shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and this Court's Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 3651]; and it is further

ORDERED that the Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising under or related to the implementation and enforcement of this Order.

Dated: February __, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE