Hearing Date: February 10, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :    08-13555 (JMP)
                                                                   :
                           Debtors.                                :    (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS IN SUPPORT OF DEBTORS' MOTION
PURSUANT TO SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE FOR
APPROVAL OF CERTAIN RESTRICTIONS AND PROCEDURES
APPLICABLE TO TRANSFERS OF THE DEBTORS' SECURITIES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated chapter 11 debtors, as debtors and debtors in possession (collectively, the "Debtors" and, together with LBHI's wholly owned non-Debtor domestic subsidiaries, "Lehman"), hereby files this statement (the "Statement") in support of the Debtors' motion, dated January 19, 2010 [Docket No. 6699] (the "Motion"), pursuant to sections 105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), seeking entry of an order authorizing the Debtors to establish certain restrictions and procedures applicable to

trading in Securities[1] (collectively, the "Procedures") in order to protect the potential value of Lehman's consolidated net operating tax loss carryforwards ("NOLs") and certain other tax attributes (together with NOLs, the "Tax Attributes"). In support of the Motion, the Committee respectfully states as follows:

## BACKGROUND

1. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates commenced in this Court voluntary cases under chapter 11 the Bankruptcy Code.

2. On September 17, 2008, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee.

3. On November 5, 2008, the Court entered the Order Approving Restrictions on Certain Transfers of Interests in the Debtors Estates and Establishing Notification Procedures Relating Thereto [Docket No. 1386], in which the Court found that the Tax Attributes are property of the Debtors' estates and are protected by the automatic stay prescribed in section 362 of the Bankruptcy Code.

4. On January 29, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the Chapter 11 Cases (the "Examiner") and, by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

5. Following extensive discussions with the Committee and its advisors, the Debtors filed the Motion. By the Motion, the Debtors seek authority to establish the Procedures to protect the potential value of Lehman's Tax Attributes for the benefit of the Debtors' estates.

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

**STATEMENT**

6. As set forth in the Motion, the Debtors estimate that, as of the date thereof, Lehman had accrued NOLs of $48 billion. According to the Debtors, any Tax Attributes that remain at the time of emergence from bankruptcy could prove to be of significant value to the reorganized Debtors by reducing future U.S. federal income tax liabilities. However, the ability of the Debtors to use the Tax Attributes to offset future taxable income is subject to certain limitations, which are contained in Sections 382 and 383 of the Internal Revenue Code of 1986 (as amended from time to time, and together with the Treasury Regulations promulgated thereunder, the "Tax Code").

7. More specifically, Tax Code Sections 382 and 383 imposes restrictions on the amount of Tax Attributes eligible for future offset purposes that could materially reduce the benefit of the Tax Attributes unless the Debtors take steps to preserve the value thereof in advance of confirmation of a plan of reorganization. In this connection, Section 382(l)(5) (the "(l)(5) Exception") excepts from application of the aforementioned statutory limitations a corporation that undergoes an ownership change by reason of the confirmation of a chapter 11 plan of reorganization, if certain conditions, relating primarily to continuity of equity ownership, are met. To preserve maximum flexibility for the Debtors to qualify for the (l)(5) Exception, certain procedures are being imposed to allow the Debtors to request that certain creditors sell down some of their positions if such a sell-down would provide a reorganized Debtor with more flexibility to use its NOLs and other tax attributes. That ability, which is reflected in the Procedures, is necessary to prevent certain acquisitions of claims following the date of the Motion from causing the Debtors to cease to qualify for the (l)(5) Exception and, thus, be unable to use the Tax Attributes to offset future taxable income to the maximum extent possible.

8.  Prior to filing the Motion, the Debtors sought the Committee's input and approval. In reaching its decision to support the Motion, the Committee considered various issues that might arise in connection with seeking relief of this type, including the effect it could have on creditors and their claims. In the end, however – bearing in mind both its fiduciary duty to protect the value of all the assets of the Debtors' estates and the fact that the NOLs might prove to be of significant value to the Debtors' estates – the Committee resolved to support the filing of the Motion.

9.  In this connection, the Committee and its advisors expended considerable time and effort working with the Debtors to appropriately tailor the Procedures to minimize the adverse effect thereof on creditors. Additionally, in response to concerns informally raised by certain creditors, the Committee worked with the Debtors to modify the Procedures to ensure that all such concerns were fully addressed in the form of order ultimately presented to the Court. Having carefully reviewed and considered the Motion, the Committee believes that the Procedures, as modified, are in the best interests of the Debtors' estates.

10.  Given the significant value that the NOLs may provide to the reorganized Debtors, the Committee shares the Debtors' view that granting the Debtors the authority to implement the Procedures is an appropriate exercise of both the Debtors' business judgment and this Court's equitable powers under section 105(a). If approved, the Procedures should enable the Debtors to preserve the potentially substantial value of the Tax Attributes for the benefit of their estates and creditors.

## CONCLUSION

11.  For the foregoing reasons, the Committee respectfully requests that the Court grant (a) the Motion; and (b) such other relief as the Court deems just.

4

Dated:   New York, New York
         February 5, 2010

                                    **MILBANK, TWEED, HADLEY & McCLOY LLP**

                                    By:   /s/ Dennis F. Dunne
                                    Dennis F. Dunne
                                    Evan R. Fleck
                                    Dennis C. O'Donnell
                                    1 Chase Manhattan Plaza
                                    New York, New York 10005
                                    Telephone:  (212) 530-5000

                                    Counsel for Official Committee of Unsecured
                                    Creditors of Lehman Brothers Holdings Inc., et al.