Hearing Date & Time: March 17, 2010, at 10:00 a.m.
Objection Deadline: March 10, 2010, at 12:00 p.m.

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel: (212) 872.1000
Fax: (212) 872.1002
Robert A. Johnson
*Counsel for Dynegy Power Marketing Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                          :
                                                :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al*   :    Case Nos. 08-13555 (JMP)
                                                :    (Jointly Administered)
                        Debtors.                :
---------------------------------------------------------------x

### MOTION OF DYNEGY POWER MARKETING INC. FOR ENTRY OF AN ORDER THAT ITS TIMELY FILED GUARANTEE QUESTIONNAIRE BE DEEMED A TIMELY FILED PROOF OF CLAIM, OR, IN THE ALTERNATIVE, TO PERMIT A LATE CLAIM FILING PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)

Dynegy Power Marketing Inc. ("Dynegy"), by and through its attorneys, Akin Gump Strauss Hauer & Feld LLP, hereby moves this Court (the "Motion") for entry of an order, pursuant to 11 U.S.C. § 105(a) and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") deeming Dynegy's timely filed Guarantee Questionnaire (as defined herein) to be a timely filed proof of claim or, in the alternative, permitting Dynegy to file a late proof of claim ("POC") against Lehman Brothers Holdings Inc. ("LBHI"). In support of the Motion, Dynegy respectfully states as follows:

051109.0125 EAST 8256565 v5

## PRELIMINARY STATEMENT

1. In this motion, Dynegy seeks to correct a procedural error respecting its claim against debtor LBHI (the "Claim"). Dynegy has a claim for $3,697,653.44 against debtor Lehman Brothers Commodity Services Inc. ("LBCS") pursuant to a 2007 ISDA contract with LBCS described below. Debtor LBHI fully guaranteed the obligations of LBCS to Dynegy.

2. In the LBHI proceeding (pursuant to this Court's order, docket number 4271), holders of claims were required to file (1) a POC, and (2) a questionnaire with respect to any claim based on a guarantee (the "Guarantee Questionnaire"). Dynegy's prior counsel, Locke Lord Bissell & Liddell ("Locke Lord") timely filed a POC in the LBCS estate on Sept. 22, 2009. Locke Lord timely filed a Guarantee Questionnaire in the LBCS estate on October 22, 2009, and timely filed a separate Guarantee Questionnaire in the LBHI estate on that same date. However, Locke Lord failed to file a POC in the LBHI estate. The questionnaire filed in the LBHI estate plainly stated the dollar amount of the guarantee claim, and that the nature of the claim was the guarantee. Having discovered the error, Dynegy now seeks to have the questionnaire deemed an "informal" POC, or in the alternative, leave to file the POC now.

3. The Motion should be granted for the reasons set forth herein. Most importantly, the Debtors have been on actual notice of the existence of the claim against the LBHI estate throughout this case, as evidenced by LBHI's Schedule of Liabilities filed in this chapter 11 case on June 15, 2009 (Docket Entry 3918). In that Schedule of Liabilities, LBHI acknowledged the existence of a guarantee of the liabilities of its subsidiary LBCS. This guarantee – and this acknowledgement of the guarantee – is consistent with the explicit guarantee of LBCS's obligations to Dynegy that LBHI executed on May 17, 2007, at the same time that LBCS and

051109.0125 EAST  8256565 v5                           2

Dynegy entered into the relevant ISDA contract. (Koenn Decl.[1], submitted herewith, Ex. A.) LBCS, in turn, had explicitly scheduled the ISDA contract with Dynegy in its Schedule of Liabilities filed in this case on June 15, 2009 (docket entry 3939). Because Dynegy's guarantee claim against LBHI arose out of LBCS's scheduled obligation to Dynegy, and because LBHI had already scheduled the LBHI guarantee of LBCS's obligations on June 15, 2009, LBHI was on notice of the existence of Dynegy's claim, and so Dynegy's failure to file a POC in the LBHI estate on Sept. 22, 2009 should be disregarded as a technicality. The timely filing of the Guarantee Questionnaire in the LBHI estate should be deemed an informal proof of claim in that estate. Alternatively, Dynegy should be permitted to file a late POC in the LBHI estate.

4. Furthermore, the Motion should be granted because (a) the late filing would cause no material prejudice to the Debtor LBHI; (b) the length of delay and impact on the proceedings regarding LBHI are both negligible; (c) the delay was caused by complications outside Dynegy's reasonable control; and (d) Dynegy has acted in good faith.

5. Dynegy is a legitimate creditor of the above-captioned Debtors and, based upon the equities of this matter, and in the interests of justice, should receive a pro rata distribution from the LBHI estate – as well as from the LBCS estate – on account of its claims.

## FACTS

6. As of May 17, 2007 Dynegy entered into the ISDA Master Agreement with LBCS (the "LBCS Master Agreement"). Koenn Decl. ¶ 4 and Ex. 1.

7. Pursuant to a Guarantee of LBHI dated as of May 17, 2007 (the "Guarantee Agreement"), the obligations of LBCS under the LBCS Master Agreement were fully and

---

[1] Declaration of Angela Koenn dated February 4, 2010 (the "Koenn Declaration"), the substance of which is incorporated herein.

unconditionally guaranteed by LBHI. Koenn Decl. ¶ 5 and Ex. 1. At the same time, the obligations of Dynegy to LBCS were guaranteed by Dynegy Holdings Inc.

8. On or about September 15, 2008, Dynegy learned that LBHI and LBCS had filed bankruptcy petitions under chapter 11 of title 11 of the United States Code. Shortly thereafter, Dynegy requested the assistance of Locke Lord in filing appropriate claims against LBCS and LBHI to protect its interests under the LBCS Master Agreement. Decl. ¶¶ 8, 9.

9. In mid-January 2010, Dynegy learned that although Locke Lord filed a timely POC in the LBCS estate on Sept. 22, 2009, the firm did not file a POC in the LBHI estate. Locke Lord did file timely Guarantee Questionnaires in both the LBCS and LBHI estates on Oct. 22, 2009.

10. Dynegy promptly requested the assistance of Akin Gump Strauss Hauer & Feld LLP to represent its interests going forward, while continuing to investigate the circumstances surrounding the Claim.

11. Dynegy subsequently confirmed that Locke Lord did not file a POC in the LBHI estate.

## ARGUMENT

### A. The Court Should Deem Dynegy's Guarantee Questionnaire An Informal Proof of Claim Which Was Timely Filed

12. Although Dynegy did not timely file a formal POC in the LBHI estate, there is no question that the Guarantee Questionnaire was timely filed.

13. Because the Guarantee Questionnaire contained all of the information that is requested to be set forth on Official Claim Form No. 10, this Court should deem the Guarantee Questionnaire filed by Dynegy as an informal POC.

14. Courts have developed the "informal proof of claim" doctrine in order "to prevent the harsh result that occurs when a creditor fails to file a formal proof of claim before the claims bar date." *In re Phillips*, 2007 WL 2241778, *2 (Bankr. S.D. Fla. Aug. 6, 2007) (citation omitted). The doctrine "allows for another document that was filed in a timely fashion to become the basis for a timely amended proof of claim." Id. (citation omitted). Whether the doctrine should be applied is an equitable determination to be made by the bankruptcy court. *In re Wigoda*, 234 B.R. 413, 415 (Bankr. N.D. Ill. 1999) (citation omitted).

15. The elements of a valid informal POC are: 1) it must be in writing; 2) it must contain a demand by the creditor on the estate; 3) it must express an intent to hold the debtor liable for the debt; 4) it must be filed with the bankruptcy court; and 5) allowance of an informal POC is equitable based on the facts of the case. *In re Petrucci*, 256 B.R. 704, 706 (Bankr. D.N.J. 2001) (citations omitted). *See also Am. Classic Voyages Co. v. Official Comm. of Unsecured Creditors*, 405 F.3d 127, 130-32 (3d Cir. 2005).

16. These elements have been satisfied here. First, the Guarantee Questionnaire filed by Dynegy against LBHI was "in writing" and filed before the October 22, 2009 deadline. Second, the Guarantee Questionnaire was properly submitted as required by the Bar Date Notice. Third, the Guarantee Questionnaire was to be completed by holders of a claim based on a guarantee. Dynegy completed the questionnaire and attached the documents giving rise to the Claim.

17. Consequently, the factors of a demand upon the estate along with an express intent to hold the debtor liable for the debt are established.

18.     Moreover, it is entirely equitable for the Court to hold that the Guarantee Questionnaire constitutes an informal POC based upon the nature of the debt owed by the Debtors to Dynegy.

19.     As a consequence, Dynegy respectfully requests that the Court deem the Guarantee Questionnaire timely filed by Dynegy against LBHI as a timely informal POC.

**B.      In the Alternative, the Court Should Permit Dynegy to File a Late POC**

20.     In the event this Court does not deem the Guarantee Questionnaire to be an informal POC, then Dynegy respectfully requests that it should be granted leave to file a "late" POC based upon Dynegy's excusable neglect.

21.     Bankruptcy Rule 9006(b)(1) authorizes the court in its discretion to permit the filing of an untimely proof of claim where the delay is the result of "excusable neglect." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993). In *Pioneer*, the Supreme Court held, among other things, that (i) "neglect" in this context encompasses "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," and (ii) whether or not such neglect is "excusable" is an equitable matter, "taking into account all relevant circumstances surrounding the party's omission." *Id.* at 388, 395.

22.     The *Pioneer* court also set forth four factors to be considered: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

23.     In *Pioneer*, the Supreme Court also noted that, for the purposes of Bankruptcy Rule 9006(b), excusable neglect "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 391-92. The Court

stated that "the determination is at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission." *Id.* at 395.

24. Although the Second Circuit Court of Appeals has stated that the third factor, the reason for the delay, should be the focus of this analysis (*See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 122 (2d Cir. 2005) (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003))), other courts place the greatest weight on whether any prejudice to the debtor or other parties will occur by allowing a late claim. *In re Tannen Towers Acquisition Corp.*, 235 B.R. at 755 (*citing In re Brown*, 159 B.R. 710, 716 (Bankr. D.N.J. 1993); see *In re Herman's Sporting Goods, Inc.*, 166 B.R. 581, 584 (Bankr. D.N.J. 1994) (noting that "[t]he absence of a confirmed plan of reorganization indicates a lack of prejudice to the debtor") (citation omitted).

25. Nevertheless, all four of the *Pioneer* factors must be weighed and balanced together as part of the "elastic concept" referred to by the Supreme Court. *Pioneer*, 507 U.S. at 395; *See Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F. 3d 248, 250-51 (2d Cir. 1997) (*Pioneer* established a more liberal standard for determining excusable neglect, and court should engage in an equitable determination taking into account all relevant factors.) (internal citations and quotations omitted).

26. However, not all the *Pioneer* factors need to weigh in favor of the moving party in order for relief to be granted. *See In re Enron Corp.* 2003 WL 21756785, at *4 ("[t]he relative weight, however, to be accorded to the factors identified in *Pioneer* requires recognizing that not all factors need to favor the moving party," granting the relief requested even though the court found against the movant as the reason for the delay).

27. Based on the four-factor *Pioneer* analysis, the Motion should be granted.

### 1. The Claim Would Not Materially Prejudice LBHI

28.     First, the Debtors will suffer no prejudice by permitting Dynegy to file a late POC. A claim will not jeopardize the success of the reorganization where no plan has been filed and the claims reconciliation process is only beginning. *In re Enron Corp.*, 2003 WL 21756785, at *6 (permitting filing of nine-day-late POC and finding no prejudice because claims review and reconciliation process was in early stages and no plan or disclosure statement had yet been filed); *In re Infiltrator Sys., Inc.*, 241 B.R. 278, 281-82 (Bankr. D. Conn. 1999) (permitting late-filed claim because debtor had not yet proposed plan). No disclosure statement or plan has been filed in this case.

29.     In addition, many claims remain unresolved and the claims review process is only in its initial stages. Upon information and belief, the Debtors only recently began a comprehensive review of the thousands of claims that have been filed.

30.     Moreover, in the Schedule of Liabilities filed publicly by LBHI on June 15, 2009 (Docket Entry 3918), LBHI acknowledged giving a corporate guarantee to LBCS.[2] The LBCS Schedule of Liabilities, also publicly filed on June 15, 2009 (Docket Entry 3939) includes an identification of Dynegy Power Marketing Inc. as a scheduled derivative contract.[3] Thus, LBHI was clearly aware of their obligation to Dynegy by reason of its guarantee of LBCS as of the filing of this schedule, and cannot argue that they will be materially prejudiced by this Court permitting Dynegy to file a late POC against LBHI.

---

[2] Relevant pages of LBHI's Schedule of Liabilities are annexed hereto as Exhibit B. LBHI's Corporate Guarantee of the obligations of LBCS appears in Schedule G, on the 15th page of Exhibit B. This is page 422 of the complete, 935-page LBHI Schedule on file in this Court's docket as Docket Entry 3918.

[3] Relevant pages of LBCS's Schedule of Liabilities are annexed hereto as Exhibit C. The pertinent page is page 4 of Exhibit C. This is page 46 of the complete LBCS Schedule on file in this Court's docket as Docket Entry 3939.

31. Additionally, Dynegy timely filed the Guarantee Questionnaire on October 22, 2009 attaching all documents upon which the Claim is based. *See In re Sage-Dey, Inc.*, 170 B.R. 46, 53 (Bankr. N.D.N.Y. 1994) (finding no danger of prejudice where debtors were notified by IRS prior to bar date of discrepancy in their tax forms which later became basis for IRS's late-filed claim).

32. Finally, the Claim is not of a substantial size in relation to the rest of the claims filed against the Debtors' estate. *See In re XO Communications, Inc.*, 301 B.R. 782 (Bankr. S.D.N.Y. 2003) (finding that the amount at issue would not have any disruptive impact with respect to the economic considerations and reliance factors related to the plan process if the late-filed POC was deemed timely). The amount of Dynegy's Claim is $3,697,653.44. The filed claims asserted against the Debtors in these chapter 11 cases exceed $830 billion, and the debts listed by the Debtors on Exhibit A to the Voluntary Petition total $613 billion.

33. Even to the extent that Dynegy's Claim may have an effect, however small, on the funds available to all creditors, the United States Court of Appeals for the Second Circuit has found this factor to be of "no weight" in the determination of prejudice to the debtor. *In re Enron*, 419 F.3d at 130 ("[W]e agree with the observation that the Court must have had more in mind than a simple dollar-for-dollar depletion of assets otherwise available for timely filed claims. . . . Otherwise, virtually all late filings would be condemned by this factor . . . .") (internal citations and quotations omitted).

34. As there is no actual harm by allowing Dynegy to file a late POC, any hypothetical harm that may be alleged by the Debtors will not rise to the level of prejudice. *See In re O'Brien Envtl. Energy*, 188 F.3d 116, 127 (3d Cir. 1999) ("[P]rejudice is not an imagined or hypothetical harm . . . .").

35. Dynegy's claim is unique because it timely filed a Guarantee Questionnaire that, in and of itself, contained all of the information that would be required to be set forth on a POC. All that is being sought here is for the Court to extend the filing date for one very discrete claim—a claim the existence of which the Debtors were already aware.

36. It is inconceivable that such minor relief could in any way prejudice the efficient administration of these estates. *See In re Beltrami Enters., Inc.*, 178 B.R. 389, 392 (Bankr. M.D. Pa. 1994) (rejecting the floodgates argument because there was no evidence that "hordes of claimants" would file claims). *Cf. In re Enron*, 419 F.3d at 131-32 (prejudice found where a creditor's guarantee claim was not unique as compared to thousands of potential claimants).

59. The lack of negative impact on these judicial proceedings is evidenced by the Debtors' request to resolve claims under $50 million without Court approval. *See* Claim Procedures Motion. A resolution of the Claim in the approximate amount of $3.7 million would not even require approval by this Court.

### 2. There Has Been a Minimal Delay

60. Presumably the Debtors have just begun the claims review and reconciliation process. Accordingly, the delay is *de minimis*. *See In re Enron*, 2003 WL 21756785, at *4-5 (Bankr. S.D.N.Y. July 30, 2003). Including the Claim among the thousands of claims that have been filed against the Debtors would have no "impact on judicial proceedings" in this case. *See id.*

### 3. The Delay in Filing the Claim is Excusable

61. The facts underlying the failure of Dynegy to timely file a POC in this matter establish excusable neglect. The Claim would have been timely filed if Locke Lord had filed proofs of claim against both LBCS and LBHI; this was an oversight beyond Dynegy's control.

62. Excusable neglect is "not limited strictly to omissions caused by circumstances beyond the control of the movant." *See Pioneer*, 507 U.S. at 392 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.").

63. This is clearly not a situation where the claimant failed to take the filing deadline seriously. *See Enron*, 419 F.3d at 126-27. Dynegy believed that Locke Lord was abiding by the filing deadlines seriously and provided Locke Lord with all of the information it had at the time related to the Claim. Moreover, the POC against LBSC was timely and properly filed, as were the Guarantee Questionnaires.

64. Nor was this a tactical, or simply a knowing, decision not to file a timely claim. *In re Delphi Corp.*, 2009 Bankr. LEXIS 571, at * 19-20, *citing Pioneer*, 507 U.S. at 388, 395 (internal citations omitted); instead, Dynegy believed that it was doing everything necessary to protect its legal rights when it hired Locke Lord to prepare and file a claim against LBHI.

### 4. Dynegy Has Acted in Good Faith

65. It is clear that Dynegy has acted in good faith. Dynegy intended and planned in utmost good faith to file all of its claims in a timely fashion, and as soon as Dynegy became aware of the mistake, it promptly took steps to ascertain the facts relating to the POC and then diligently sought to resolve the matter. That Dynegy acted upon a good-faith assumption that the POC had been timely filed is further demonstrated by Dynegy's timely filing of the Guarantee Questionnaire, which assumed the previous filing of a claim.

66. Here, "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." *Pioneer*, 507 U.S. at 398.

## MEMORANDUM OF LAW

67. Because the legal points and authorities upon which this Motion relies are incorporated herein, Dynegy respectfully requests that the requirement of service and filing of a separate memorandum of law pursuant to Rule 9013-1(b) of Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## NOTICE

68. Dynegy has provided notice of the Motion pursuant to the Amended Order Implementing Certain Notice and Case Management Procedures entered in this case [Docket No. 2837]. Dynegy submits that no other or further notice need be given.

## NO PRIOR REQUEST

69. No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

For the foregoing reasons, Dynegy respectfully moves this Court to enter an order either in the form annexed hereto as Ex. D or in the form annexed hereto as Ex. E respectively: (i) granting its request to have the Guarantee Questionnaire to be treated as a timely filed POC and (ii) granting such other and further relief as this Court deems just and appropriate. In the alternative, Dynegy respectfully requests that (i) this Court permit Dynegy to file the Claim against LBHI; (ii) deeming such filing to be timely under Bankruptcy Rule 9006(b); and (iii) granting such other and further relief as this Court deems just and equitable.

Dated: February 5, 2010

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: /s/Robert A. Johnson
Robert A. Johnson
One Bryant Park
New York, NY 10036
Telephone:  (212) 872.1000
Facsimile:   (212) 872.1002
*Counsel for Dynegy Power Marketing Inc.*