## EXHIBIT A

# LEHMAN BROTHERS

Lehman Brothers Commercial Corp.
1271 Avenue of the Americas, 40th Floor
New York, NY 10020

## Invoice Summary

**Customer Information:**
Norton Gold Fields Limited

Attn: Simon Brodie
Phone:61 411 558 544
Fax: 617 3846 9232
Email:sbrodie@nortongoldfields.com.au

**Remit by wire to:**
Lehman Brothers Commercial Corp.
Bank: Citibank NA, New York
Acct: 3078-4782
ABA: 021000089
SWIFT: CITIUS33XXX
Ref: Norton Gold Fields

**Invoice Information:**
Invoice Number: 00001D
Invoice Date: December 31, 2009

Contact: Randley Gonzalez
Phone: (646) 285-9904
Email: randley.gonzalez@lehmanholdings.com

## Invoice Detail

| LBCC Ref # | Trade Date | Value Date | Cur | Amount | Cur | Amount | Trade Price | Strike Price | Trade Type | Buy/Sell | Call/Put | USD Due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12875595 | 9/12/2008 | 9/16/2008 | XAU | 1,346 | AUD | 1,173,631 | 871.94 | 0 | FXD | B | | 111,380.00 |
| 12875596 | 9/12/2008 | 9/16/2008 | XAU | 1,346 | AUD | 1,247,486 | 926.81 | 0 | FXD | S | | -51,597.96 |
| 9777268 | 8/22/2007 | 9/26/2008 | XAU | 15,000 | AUD | 11,400,000 | 23.2175 | 760 | SMP | | P | $ - |
| 9817831 | 8/3/2007 | 9/30/2008 | XAU | 3,875 | AUD | 3,379,000 | 872 | 0 | FXD | B | | 678,853.50 |
| 9817811 | 7/25/2007 | 9/30/2008 | XAU | 3,875 | AUD | 3,332,500 | 860 | 0 | FXD | B | | 717,611.25 |
| 9817856 | 8/22/2007 | 9/30/2008 | XAU | 10,060 | AUD | 8,893,040 | 884 | 0 | FXD | B | | 1,661,771.16 |
| 11189137 | 2/21/2008 | 9/30/2008 | XAU | 17,500 | AUD | 15,312,500 | 875 | 0 | FXD | B | | 3,022,031.25 |
| 12275700 | 7/7/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
| 12322500 | 7/11/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
| 12384415 | 7/18/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
| 12457345 | 7/25/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
| 12517435 | 8/1/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
| 12576177 | 8/8/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |

You are kindly requested to pay the amount shown to LBCC on Payment Date in immediately available funds,  as per the instructions if Total Amount is due LBCC.
Please send invoice with payment instructions so payment may be processed timely if Total Amount is due Norton Gold Fields Ltd.

# LEHMAN BROTHERS

Lehman Brothers Commercial Corp.
1271 Avenue of the Americas, 40th Floor
New York, NY 10020

| 12648338 | 8/15/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12695197 | 8/22/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
| 12756088 | 8/29/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
| 12810454 | 9/5/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
| 12872097 | 9/12/2008 | 9/30/2008 | XAU | 1,346 | AUD | 1,177,750 | 875 | 0 | FXD | S | | -232,437.38 |
| 11189152 | 2/21/2008 | 9/30/2008 | XAU | 17,810 | AUD | 15,604,540 | 876.1673 | 0 | FXD | S | | -3,058,235.94 |
| 9777269 | 8/22/2007 | 12/29/2008 | XAU | 15,000 | AUD | 11,400,000 | 25.195 | 760 | SMP | | P | $ - |
| 9817834 | 8/3/2007 | 12/31/2008 | XAU | 3,875 | AUD | 3,379,000 | 872 | 0 | FXD | B | | 958,678.10 |
| 9817809 | 7/25/2007 | 12/31/2008 | XAU | 3,875 | AUD | 3,332,500 | 860 | 0 | FXD | B | | 990,465.50 |
| 9817858 | 8/22/2007 | 12/31/2008 | XAU | 10,060 | AUD | 8,893,040 | 884 | 0 | FXD | B | | 2,406,327.86 |
| 11189132 | 2/21/2008 | 12/31/2008 | XAU | 17,500 | AUD | 15,312,500 | 875 | 0 | FXD | B | | 4,293,625.00 |
| 11189153 | 2/21/2008 | 12/31/2008 | XAU | 17,810 | AUD | 15,604,540 | 876.1673 | 0 | FXD | S | | -4,355,471.48 |
| 9777271 | 8/22/2007 | 3/27/2009 | XAU | 15,000 | AUD | 11,400,000 | 26.4375 | 760 | SMP | | P | $ - |
| 9817832 | 8/3/2007 | 3/31/2009 | XAU | 3,875 | AUD | 3,379,000 | 872 | 0 | FXD | B | | 1,245,611.00 |
| 9817812 | 7/25/2007 | 3/31/2009 | XAU | 3,875 | AUD | 3,332,500 | 860 | 0 | FXD | B | | 1,277,742.50 |
| 9817859 | 8/22/2007 | 3/31/2009 | XAU | 10,060 | AUD | 8,893,040 | 884 | 0 | FXD | B | | 3,150,349.36 |
| 11189138 | 2/21/2008 | 3/31/2009 | XAU | 17,500 | AUD | 15,312,500 | 875 | 0 | FXD | B | | 5,589,062.50 |
| 11189154 | 2/21/2008 | 3/31/2009 | XAU | 17,810 | AUD | 15,604,540 | 876.1673 | 0 | FXD | S | | -5,673,702.88 |
| 9777272 | 8/22/2007 | 6/23/2009 | XAU | 15,000 | AUD | 11,400,000 | 27.4100 | 760 | SMP | | P | $ - |
| 9817835 | 8/3/2007 | 6/30/2009 | XAU | 3,875 | AUD | 3,379,000 | 872 | | FXD | B | | 930,155.00 |
| 9817813 | 7/25/2007 | 6/30/2009 | XAU | 3,875 | AUD | 3,332,500 | 860 | | FXD | B | | 967,587.50 |
| 9817861 | 8/22/2007 | 6/30/2009 | XAU | 10,060 | AUD | 8,893,040 | 884 | | FXD | B | | 2,317,622.80 |
| 11189140 | 2/21/2008 | 6/30/2009 | XAU | 17,500 | AUD | 15,312,500 | 875 | | FXD | B | | 4,158,437.50 |
| 11189157 | 2/21/2008 | 6/30/2009 | XAU | 17,810 | AUD | 15,604,540 | 876 | | FXD | S | | -4,215,365.32 |

You are kindly requested to pay the amount shown to LBCC on Payment Date in immediately available funds, as per the instructions if Total Amount is due LBCC.
Please send invoice with payment instructions so payment may be processed timely if Total Amount is due Norton Gold Fields Ltd.

Page 2 of 3

# LEHMAN BROTHERS

Lehman Brothers Commercial Corp.
1271 Avenue of the Americas, 40th Floor
New York, NY 10020

| | | | | | | | | 760 | SMP | | P | $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9777274 | 8/22/2007 | 9/28/2009 | XAU | 15,000 | AUD | 11,400,000 | 28.2625 | 760 | SMP | | P | $ - |
| 9817833 | 8/3/2007 | 9/30/2009 | XAU | 3,875 | AUD | 3,379,000 | 872 | | FXD | B | | 917,155.15 |
| 9817816 | 7/25/2007 | 9/30/2009 | XAU | 3,875 | AUD | 3,332,500 | 860 | | FXD | B | | 957,419.50 |
| 9817863 | 8/22/2007 | 9/30/2009 | XAU | 10,060 | AUD | 8,893,040 | 884 | | FXD | B | | 2,276,521.66 |
| 11189139 | 2/21/2008 | 9/30/2009 | XAU | 17,500 | AUD | 15,312,500 | 875 | | FXD | B | | 4,096,531.25 |
| 11189155 | 2/21/2008 | 9/30/2009 | XAU | 17,810 | AUD | 15,604,540 | 876.1673 | | FXD | S | | -4,151,096.34 |
| 9777275 | 8/22/2007 | 12/28/2009 | XAU | 15,000 | AUD | 11,400,000 | 28.9025 | 760 | SMP | | P | $ - |
| 9817838 | 8/3/2007 | 12/31/2009 | XAU | 3,875 | AUD | 3,379,000 | 872 | | FXD | B | | 1,238,919.65 |
| 9817814 | 7/25/2007 | 12/31/2009 | XAU | 3,875 | AUD | 3,332,500 | 860 | | FXD | B | | 1,279,742.00 |
| 9817865 | 8/22/2007 | 12/31/2009 | XAU | 10,060 | AUD | 8,893,040 | 884 | | FXD | B | | 3,110,415.18 |
| 11189158 | 2/21/2008 | 12/31/2009 | XAU | 17,810 | AUD | 15,604,540 | 876.1673 | | FXD | S | | -5,629,076.86 |
| 11189141 | 2/21/2008 | 12/31/2009 | XAU | 17,500 | AUD | 15,312,500 | 875 | | FXD | B | | 5,549,031.25 |

| Total Amount Due LBCC: | USD 24,211,689.46 |
|---|---|

You are kindly requested to pay the amount shown to LBCC on Payment Date in immediately available funds, as per the instructions if Total Amount is due LBCC.
Please send invoice with payment instructions so payment may be processed timely if Total Amount is due Norton Gold Fields Ltd.

# EXHIBIT B



ASX/MEDIA ANNOUNCEMENT

30 November 2009

## Chairman's and Managing Director's AGM Addresses

Please find attached the presentations made by the Chairman and the Managing Director to the Annual General Meeting today.

**For further information**

| | |
|---|---|
| Jon Parker | Warrick Hazeldine/Annette Ellis |
| Managing Director | Purple Communications |
| Norton Gold Fields Limited | +61 (0) 417 944 616 / +61 (0)8 6314 6300 |
| +61 (0) 7 3846 9200 | whazeldine@purplecom.com.au |



## Chairman's address

Norton Gold Fields Limited is an Australian gold producer with a clear strategy and intent to become a significant mining company.

Norton is one of the largest ASX-listed Australian gold producers. The Company has an experienced management team, and an asset base that provides a platform for generating strong growth and substantial shareholder value.

Australia appears to have escaped the worst of the global financial crisis, although the resources sector has been impacted both by declining demand for some products, and especially through the strengthening of the Australian dollar against the US currency.

The currency change has affected the net price we have received for our gold. Since this time last year, the US dollar price of gold has increased by 50% from approximately US$800 oz to approximately US$1,200 oz today. In Australian dollar terms, however, the price has risen in the same period by only about A$50 from A$1,250 oz to A$1,300 oz.

Another big issue to be faced by the resources industry is the proposed carbon pollution reduction scheme. Whilst industry has been given a one-year reprieve, and the final details are not yet known, the cost of the scheme to Norton is expected to be tens of thousands of dollars per employee. This is an unacceptable impost, and the resources industry must ensure the government is aware of the impact of the proposed levies.

As you know, your directors were able to arrange a significant placement of new equity at a premium of approximately 22% to VWAP. You are being asked today to approve this placement. I believe this was an important signpost in Norton's history, which points to a growing company. The placement reflects a strong belief from premier institutions in the USA, Canada, the United Kingdom and China in the future of Norton Gold Fields.

The placement increased both the price and the volume of trading in Norton's shares, reflecting, I believe, the market's increased confidence in the Company.

Since then, we have seen a marked decline, coming immediately after it was announced that Lehman Brothers entities ("Lehman Brothers") had filed a motion before the US Bankruptcy Court, with respect to our gold hedge.

We have provided a detailed explanation of the status of the hedge, as a result of Lehman Brothers' bankruptcy. The corollary has been a change in the way we account for profits, which may result in significant swings in the income statement. Cash flows will not be affected.

The move by Lehman Brothers to seek payment of the withheld hedge monies, which was announced last Monday, comes as no surprise. The issues are now:

    ▷  Will the relevant Lehman Brothers entities emerge from bankruptcy in the foreseeable future? I would have thought this is unlikely, but time will tell.



▷  Do we have the cash to pay any such enforceable judgement, after all appeals, if it were to be granted? Yes.

Operation of the convertible notes had not been affected by the bankruptcy of Lehman Brothers. The notes are repayable in 2011, and, in accordance with their terms, we have begun to provide a sinking fund for their redemption. The Company also retains the right to convert the notes into shares under certain conditions; specifically, if the stock price remains above 37.5 cents for 20 consecutive days.

The Paddington Life of Mine plan demonstrates a life of more than 10 years and there is every indication that that will be further extended as more Resources are converted into Reserves, as a result of the current development program.

A major factor in our planned expanded production this financial year will be the delivery of higher-grade ore from our underground mine, Homestead.

I am pleased to announce that last week we achieved milestone at Homestead, reaching our first ore some two weeks ahead of schedule. The quartz vein intersected is very impressive, with a sample showing small specs of free gold. Whilst there is still plenty of work to get to full production, this is a great start to our first underground project.

During last week we also received good news with respect to our drilling program on our coal property in the Bowen Basin. We still await the independent expert's interpretation of the wire-line logs, but it appears we have intersected high-grade coal at the anticipated depths.

Our cash position remains strong, with over $50 million cash available at bank. In addition, we have $10 million in "escrow" for the redemption of the Convertible Notes, and further substantial amounts of cash securing environmental bonds.

As a result, Norton has a number of options before it, which your board is actively considering. I am confident that we will see further growth this coming year.

On your behalf, I thank all our employees for their outstanding commitment to achieving the Company's objectives. I also thank our shareholders for their continued support, and look forward to seeing our growth plans fulfilled in the years ahead.

**<u>EXHIBIT C</u>**

(Official Form 1) (1/08)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Lehman Brothers Holdings Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): **N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **EIN # 13-3216325** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**745 Seventh Avenue**<br>**New York, New York** <br> ZIP CODE **10019** | Street Address of Joint Debtor (No. and Street, City, and State): **N/A** <br> ZIP CODE |
| County of Residence or of the Principal Place of Business: **New York** | County of Residence or of the Principal Place of Business: **N/A** |
| Mailing Address of Debtor (if different from street address): **N/A** <br> ZIP CODE | Mailing Address of Joint Debtor (if different from street address): **N/A** <br> ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): <br> ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Financial Services**

**-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Chapter 11 Debtors**

**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(B).

**Filing Fee** (Check one box)

- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors (**Consolidated with affiliates**)

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☒ Over 100,000 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Assets (**Consolidated with affiliates**)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Liabilities (**Consolidated with affiliates**)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

(Official Form 1) (1/08)

FORM B1, Page 2

| Voluntary Petition
*(This page must be completed and filed in every case)* | Name of Debtor(s): **Lehman Brothers Holdings Inc.** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location
Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location
Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b). |
| ☒  Exhibit A is attached and made a part of this petition. | X _____
       Signature of Attorney for Debtor(s)                              Date |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.
☒    No. **(see exhibit attached hereto)** |

| **Exhibit D**
**NOT APPLICABLE** |
|---|
| (To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐      Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐      Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**
(Check any applicable box.) |
|---|
| ☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes)*
**NOT APPLICABLE** |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)). |

(Official Form 1) (1/08)

FORM B1, Page 3

| **Voluntary Petition** | **Name of Debtor(s):** **Lehman Brothers Holdings Inc.** |
|---|---|
| *(This page must be completed and filed in every case)* | |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only **one** box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X_____ <br> Signature of Debtor | X_____ <br> (Signature of Foreign Representative) |
| X_____ <br> Signature of Joint Debtor | _____ <br> (Printed Name of Foreign Representative) |
| _____ <br> Telephone Number (if not represented by attorney) | _____ <br> Date |
| _____ <br> Date | |

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X  **/s/ Harvey R. Miller** <br> Signature of Attorney for Debtor(s) <br> **Harvey R. Miller, Esq.** <br> **Richard P. Krasnow, Esq.** <br> **Lori R. Fife, Esq.** <br> **Shai Y. Waisman, Esq.** <br> **Jacqueline Marcus, Esq.** <br> Printed Name of Attorney for Debtor(s) <br> **Weil, Gotshal & Manges LLP** <br> Firm Name <br> **767 Fifth Avenue** <br> Address <br> **New York, New York 10153** <br><br> **212-310-8000** <br> Telephone Number <br> **September 14, 2008** <br> Date <br> * In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> _____ <br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) <br><br> _____ <br> Address <br><br> x_____ <br><br> _____ <br> Date <br> Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. <br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual: <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br> The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X  **/s/ Ian T. Lowitt** <br> Signature of Authorized Individual <br><br> **Ian T. Lowitt** <br> Printed Name of Authorized Individual <br><br> **Chief Financial Officer** <br> Title of Authorized Individual <br><br> **September 14, 2008** <br> Date | |

## CERTIFICATE OF RESOLUTIONS

I, Ian T. Lowitt, a duly authorized officer of Lehman Brothers Holdings Inc., a Delaware corporation (the "Company"), hereby certify that at a special meeting of the Board of Directors (the "Board") for the Company, duly called and held on September 14, 2008, the following resolutions were adopted in accordance with the requirements of the Delaware General Corporation Law and that these resolutions have not been modified or rescinded and are still in full force and effect as of the current date.

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

RESOLVED, that each of the Chief Executive Officer, the Chief Financial Officer, the Chief Legal Officer, and the Chief Operating Officer (each such officer or designee being an "Authorized Person" and all being the "Authorized Persons") are hereby authorized, empowered and directed, in the name, and on behalf of the Company, to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time or in such other jurisdiction as such Authorized Person executing the same shall determine.

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP is hereby engaged as attorneys for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to engage and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of

the Company, to cause the Company to enter into, execute deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the business of the Company.

RESOLVED, that in connection with the Chapter 11 Case, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates or instruments as such person considers necessary, appropriate, desirable, or advisable to effectuate borrowings or other financial arrangements, such determination to be evidenced by such execution or taking of such action.

RESOLVED, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects: (i) to negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) to negotiate, execute, deliver and/or file, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby.

RESOLVED, that, any and all past actions heretofore taken by officers of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

IN WITNESS WHEREOF, I have set my hand this 14th day of September, 2008.

       /s/ Ian T. Lowitt
       Ian T. Lowitt
       Chief Financial Officer, Controller and
       Executive Vice President

## Schedule 1

### 30 Largest Unsecured Claims (Excluding Insiders) [1]

Pursuant to Local Bankruptcy Rule 1007-2(a)(4), the following lists the Debtors' thirty largest unsecured claims, on a consolidated basis, excluding claims of insiders as defined in 11 U.S.C. § 101.

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff [2]* | *Estimated amount of claim as of July 2, 2008 (if secured also state value of security)* |
| Citibank, N.A., as indenture trustee, and The Bank of New York Mellon Corporation (with respect to the Euro Medium Term Notes only), as indenture trustee, under the Lehman Brothers Holdings Inc. Senior Notes | Citibank, NA 399 Park Avenue New York, NY 10043 attn: Wafaa Orfy 1-800-422-2066 212-816-5773 wafaa.m.orfy@citigroup.com<br><br>The Bank of New York One Canada Square Canary Wharf, London E14 5AL attn: Raymond Morison 44-207-964-8800 Raymond.morison@bnymell on.com | Bond Debt | | Approximately $138 billion |

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this schedule.

[2] All claims are subject to reconciliations, credits, and adjustments, which are not reflected on this list.

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2]* | *Estimated amount of claim as of July 2, 2008 (if secured also state value of security)* |
| The Bank of New York Mellon Corporation, as indenture trustee under the Lehman Brothers Holdings Inc. Subordinated Debt | The Bank of New York Mellon Corporation 101 Barclay Street New York, NY 10286 attn: Chris O'Mahoney 1-212-815-4107 1-212-815-4000 (fax) chris.omahoney@bnymellon.com | Bond Debt | | Approximately $12 billion |
| The Bank of New York Mellon Corporation, as indenture trustee under the Lehman Brothers Holdings Inc. Junior Subordinated Debt | The Bank of New York Mellon Corporation 101 Barclay Street New York, NY 10286 attn: Chris O'Mahoney 1-212-815-4107 1-212-815-4000 (fax) chris.omahoney@bnymellon.com | Bond Debt | | Approximately $5 billion |
| AOZORA 1-3-1 Kudan-Minami, Chiyoda-ku, Tokyo, 102-8660 | Koji Nomura Joint General Manager Financial Institutions Div. Aozora Bank, Ltd. 1-3-1 Kudan-Minami, Chiyoda-ku, Tokyo, 102-8660 Tel: 81-3-5212-9631 Fax: 81-3-3265-9810 k4.nomura@aozorabank.co.jp | Bank Loan | | $463,000,000 |
| Mizuho Corporate Bank, Ltd. Global Syndicated Finance Division 1-3-3, Marunouchi, Chiyoda-ku Tokyo, Japan 100-8210 | Timothy White Managing Director - Head of Originations Corporate and Investment Banking Department 1251 Avenue of the Americas, 32nd Floor New York, NY 10020-1104 212-282-3360 212-282-4487 (fax) timothy.white@mizuhocbus.com | Bank Loan | | $289,000,000 |

2

| (1)<br>*Name of creditor and complete mailing address, including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br>*Indicate if claim is contingent, unliquidate d, disputed, or subject to setoff[2]* | (5)<br>*Estimated amount of claim as of July 2, 2008 (if secured also state value of security)* |
|---|---|---|---|---|
| Citibank N.A. Hong Kong Branch Financial Institutions Group Asia Pacific, 44/F Citibank Tower, 3 Garden Rd, Central, Hong Kong | Michael Mauerstein MD - FIG 388 Greenwich Street New York, NY 10013 212-816-3431 | Bank Loan | | $275,000,000 |
| BNP Paribas 787 7th Avenue New York, NY 10019 | Frank Sodano BNP Paribas 787 7th Ave. New York, NY 10019 212-841-2084 | Bank Loan | | $250,000,000 |
| Shinsei Bank Ltd. 1-8, Uchisaiwaicho 2-Chome Chiyoda - Ku, Tokyo 100-8501 Japan | Tetsuhiro Tomata General Manager Financial Institutions Business Div. 2 Shinsei Bank Ltd. 1-8, Uchisaiwaicho 2-Chome Chiyoda - Ku, Tokyo 100-8501, Japan Tel: 81-3-5511-5377 Fax: 81-3-4560-2834 tetsuhiro.toomata@shinseibank.com | Bank Loan | | $231,000,000 |
| UFJ Bank Limited 2-7-1,Marunouchi Chiyoda-ku, TKY 100-8388 Japan | Stephen Small Vice President Head of Financial Institutions Bank of Tokyo-Mitsubishi UFJ Trust Company 1251 Avenue of the Americas New York, New York 10020-1104 212-782-4352 212-782-6445 (fax) ssmall@us.mufg.jp | Bank Loan | | $185,000,000 |

3

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2] | (5) Estimated amount of claim as of July 2, 2008 (if secured also state value of security) |
|---|---|---|---|---|
| Sumitomo Mitsubishi Banking Corp 13-6 Nihobashi-Kodenma-Cho, Chuo-ku, Tokyo, 103-0001 | Yas Imai Senior Vice President Head of Financial Institutions Group Sumitomo Mitsui Banking Corporation 277 Park Avenue New York, NY 10172 212-224-4031 fax: 212 224 4384 yasuhiko_imai@smbcgroup.com | Bank Loan | | $177,000,000 |
| Svenska Handelsbanken 153 E. 53rd St 37th Floor New York, NY 10022 | Gail Doulgas 212-326-2754 | Letter of Credit | | $140,610,543 |
| KBC Bank 125 W. 55th St. New York, NY 10019 | Denis Graham 212-258-9487 | Letter of Credit | | $100,000,000 |
| Mizuho Corporate Bank Ltd. 1-3-3, Marunouchi Chiyoda-ku, TKY 100-8210 Japan | Timothy White Managing Director - Head of Originations Corporate and Investment Banking Department 1251 Avenue of the Americas, 32nd Floor New York, NY 10020-1104 212-282-3360 | Bank Loan | | $93,000,000 |
| Shinkin Central Bank 8-1, Kyobashi 3-Chome Chuo-Ku, Tokyo 104-0031, Japan | Shuji Yamada Deputy General Manager Financial Institutions Dept. Shinkin Central Bank 3-7, Yaesu 1-chome, Chuo-Ku Tokyo 104-0028, Japan Tel: 81-3-5202-7679 Fax: 81-3-3278-7051 shuji.yamada@e-scb.co.jp | Bank Loan | | $93,000,000 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2] | Estimated amount of claim as of July 2, 2008 (if secured also state value of security) |
| The Bank of Nova Scotia Singapore Branch 1 Raffles Quay #20-01 One Raffles Quay North Tower Singapore 048583 | George Neofitidis Director Financia Institutions Group One Liberty Plaza, New York New York 10006 212-225-5379 fax: 212-225-5254 george_neofitidis@scotiacapital.com | Bank Loan | | $93,000,000 |
| Chuo Mitsui Trust & Banking 3-33-1 Shiba, Minato-ku, Tokyo, 105-0014 | Noriyuki Tsumura Chuo Mitsui Trust & Banking 3-33-1 Shiba, Minato-ku, Tokyo, 105-0014 Tel: 81-3-5232-8953 Fax: 81-3-5232-8921 noriyuki_tsumura@chuomitsui.jp | Bank Loan | | $93,000,000 |
| Lloyds Bank 1251 Avenue of the Americas, 39th Fl., P.O. Box 4873 New York, NY 10163 | Matthew Tuck 212-930-8967 212-930-5098 (fax) mtuck@lloydstsb-usa.com | Letter of Credit | | $75,381,654 |
| Hua Nan Commercial Bank, Ltd 38 Chung-King South Road Section 1 Taipei, Taiwan | Hua Nan Commercial Bank, Ltd 38 Chung-King South Road Section 1 Taipei, Taiwan | Bank Loan | | $59,000,000 |
| Bank of China, New York Branch 410 Madison Avenue New York, New York 10017 Attention: Chief Loan Officer | William Warren Smith Chief Loan Officer, Deputy General Manager Bank of China, New York Branch 410 Madison Avenue New York, NY 10017 212-935-3101 ext 264 212-758-3824 (fax) wsmith@bocusa.com | Bank Loan | | $50,000,000 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2]* | *Estimated amount of claim as of July 2, 2008 (if secured also state value of security)* |
| Nippon Life Insurance Co. 1-6-6, Marunouchi, Chiyoda-ku, Tokyo, 100-8288 | Takayuki Murai Deputy General Manager Corporate Finance Dept. #1 Nippon Life Insurance Co. 1-6-6, Marunouchi, Chiyoda-ku, Tokyo, 100-8288 Tel: 81-3-5533-9814 Fax: 81-3-5533-5208 murai24234@nissay.co.jp | Bank Loan | | $46,000,000 |
| ANZ Banking Group Limited, 18th Floor Kyobo Building 1 Chongro 1 Ku, Chongro Ka, Seoul Korea | Michael Halevi Director, Financial Institutions ANZ Banking Group 1177 Avenue of Americas New York, NY 10036 212-801-9871 212-801-9715 (fax) | Bank Loan | | $44,000,000 |
| Standard Chartered Bank One Madison Avenue New York, NY 10010 - 3603 | Bill Hughes SVP-FIG Standard Chartered Bank One Madison Avenue New York, NY 10010 - 3603 212-667-0355 212-667-0273 (fax) bill.hughes@us.standardchartered.com | Bank Loan | | $41,000,000 |
| Standard Chartered Bank 1 Madison Ave. New York, NY 10010 | Bill Hughes 212-667-0355 212-667-0251 (fax) bill.hughes@us.standardchartered.com | Letter of Credit | | $36,114,000 |
| First Commercial Bank Co., Ltd, New York Agency 750 3rd Avenue, 34th floor New York, NY 10017 | Jason C. Lee Deputy General Manager First Commercial Bank Co., Ltd, New York Agency 34th floor, 750, 3rd Avenue, New York, NY 10017 212-599-6868 212-599-6133 (fax) i82240@firstbank.com.tw | Bank Loan | | $25,000,000 |

6

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2]* | *Estimated amount of claim as of July 2, 2008 (if secured also state value of security)* |
| Bank of Taiwan, New York Agency 100 Wall Street, 11th Floor New York, NY 10005 | Eunice S.J. Yeh Senior Vice President & General Manager 100 Wall Street, 11th Floor New York, NY 10005 212-968-0580 212-968-8370 (fax) bankoftaiwan@botnya.com | Bank Loan | | $25,000,000 |
| DnB NOR Bank ASA Postal address: NO-0021, Oslo, Norway Office: Stranden 21, Aker Brygge | Rolf Nagel Dahl SVP International Financial Institutions Postal address: NO-0021, Oslo, Norway Office: Stranden 21, Aker Brygge Phone: 47 22 94 87 46 fax: 47 22 48 29 84 rolfnagel.dahl@dnbnor.no | Bank Loan | | $25,000,000 |
| Australia and New Zealand Banking Group Limited, Melbourne Office Level 6, 100 Queen Street Victoria Melbourne, VIC 3000 Australia | Michael Halevi Director, Financial Institutions ANZ Banking Group 1177 Avenue of Americas New York, NY 10036 212-801-9871 212-801-9715 (fax) Michael.Halevi@anz.com | Bank Loan | | $25,000,000 |
| Australia National Bank 1177 Avenue of the Americas, 6th Fl. New York, NY 10036 | Michael Halevi 212-801-9871 | Letter of Credit | | $12,588,235 |
| National Australia Bank 245 Park Ave. 28th, Fl. New York, NY 10167 | Rosemarie O'Canto 212-916-3575 | Letter of Credit | | $10,294,163 |

7

| *(1)* | *(2)* | *(3)* | *(4)* | *(5)* |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2]* | *Estimated amount of claim as of July 2, 2008 (if secured also state value of security)* |
| Taipei Fubon Bank, New York Agency 100 Wall Street, 14th Floor, NY NY 10005 212 968 9888<br><br>Head Office: No. 36, Sec 3, Nanking, East Rd, Taipei, Taiwan | Sophia J.H. Jing FVP & General Manager Taipei Fubon Bank, New York Agency 100 Wall Street, 14th Floor, New York, NY 10005 212-968-9888 212-968-9800 (fax) sophia.jing@fubonny.com | Bank Loan | | $10,000,000 |

**DECLARATION UNDER PENALTY OF PERJURY:**

   I, the undersigned authorized officer of Lehman Brothers Holdings Inc.,

named as the debtor in this case (the "Debtor"), declare under penalty of perjury that I

have read the foregoing list of creditors holding the thirty largest unsecured claims

against the Debtor and that it is true and correct to the best of my information and belief.

Dated:  September 14, 2008

            /s/ Ian T. Lowitt_____
           Signature

           By:  Ian T. Lowitt_____

           Title: Chief Financial Officer_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                             :

In re                                   :        **Chapter 11 Case No.**

                                           :

**LEHMAN BROTHERS HOLDINGS INC.**   :        08-_____ (__)

                                           :

             Debtor.                  :

                                           :
------------------------------------------------------x

## LIST OF CREDITORS[1]

        Contemporaneously herewith, the Debtor has filed a motion requesting a waiver of the requirement for filing a list of creditors pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code, Rules 1007(a) and 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York, and General Orders M-133, M-137, M-138, and M-192 of the United States Bankruptcy Court for the Southern District of New York. The Debtor proposes to furnish its list of creditors to a claims and noticing agent to be engaged by the Debtor.

        The list of creditors will contain only those creditors whose names and addresses were maintained in the Debtor's database or were otherwise ascertainable by the Debtor. The schedule of liabilities to be subsequently filed should be consulted for a list of the Debtor's creditors that is comprehensive and current as of the date of the commencement of this case.

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC.             :          08-_____ (__)
                                          :
        Debtor.                           :
                                          :
------------------------------------------------------x

## EXHIBIT "A" TO VOLUNTARY PETITION

    The Debtor has securities registered under Section 12 of the Securities and Exchange Act of 1934.  The Debtor's SEC file number is 333-134553.

1.  The following consolidated financial data is the latest available information and refers to the Debtor's condition as of May 31, 2008.

    Total assets                                           $____639 billion_____

    Total debts (including debts listed in 2.c., below)    $____613 billion_____

    a.  Debt securities held by more than 500 holders

| | | | | Approximate number of holders |
|---|---|---|---|---|
| secured ☐ | unsecured ☒ | subordinated ☐ | $110.553 billion | Greater than 500 |
| secured ☐ | unsecured ☒ | subordinated ☒ | $12.625 billion | Greater than 500 |
| secured ☐ | unsecured ☒ | subordinated ☒ | $5.004 billion | Greater than 500 |
| secured ☐ | unsecured ☐ | subordinated ☐ | | |
| | | total: | $128.182 billion | |

    b.  Number of shares of preferred stock

        1) 5.94% Cumulative Preferred Stock, Series C: up to 5.0 million
        2) 5.67% Cumulative Preferred Stock, Series D: up to 4.0 million
        3) 6.50% Cumulative Preferred Stock, Series F: up to 12.0 million
        4) Floating Rate Convertible Preferred Stock, Series G: up to 5.2 million
        5) 7.95% Non-Convertible Perpetual Preferred Stock, Series J: up to 66.0 million
        6) 6.375% Preferred Securities, Series K: up to 12.0 million
        7) 6.375% Preferred Securities, Series L: up to 12.0 million
        8) 6.00% Preferred Securities, Series M: up to 16 million
        9) 6.24% Preferred Securities, Series N: up to 8 million
        10) 7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P:  up to 4.0 million
        11) 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q: up to 2.0 million

    c.  Number of shares of common stock          694,401,926 (outstanding)[1]

---

[1] This number is as of June 30, 2008

2. Brief description of Debtor's business:

      The Debtor is a financial services company which, together with its direct and indirect subsidiaries, is the fourth largest investment bank in the United States, serving the financial needs of corporations, governments and municipalities, institutional clients and high net worth individuals worldwide with business activities organized in three segments: Capital Markets, Investment Banking, and Investment Management.

3. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of Debtor:

| Beneficial Owner | Percentage of Outstanding Common Stock |
|---|---|
| (1) AXA and related parties | 7.25 |
| (2) ClearBridge Advisors, LLC and related parties | 6.33 |
| (3) FMR LLC and related parties | 5.87 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC.                 :    08-_____ (__)
                                              :
        Debtor.                               :
                                              :
-------------------------------------------------------------x

## EXHIBIT "C" TO VOLUNTARY PETITION

1.   Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

        The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.  To the extent the Debtor has an interest in such property, to the best of the Debtor's knowledge, the Debtor is in compliance with all applicable laws, including, without limitation, all environmental laws and regulations.

2.   With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

        The Debtor is not aware of any real or alleged dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor.

**<u>EXHIBIT D</u>**

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 08-13555

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LEHMAN BROTHERS HOLDINGS, INC., et al.


        Debtors.


- - - - - - - - - - - - - - - - - - - -x

            United States Bankruptcy Court

            One Bowling Green

            New York, New York


            September 19, 2008

            4:36 PM


B E F O R E:

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

46

1    going to ask that question.  So --

2            THE COURT:  I hate to be that predictable.

3            MR. MILLER:  There is a document -- maybe it'd be

4    better, Your Honor, if we do it orally.

5            THE COURT:  Fine.

6            MR. MILLER:  My partner, Ms. Fife, will do that.  And

7    with some assistance from Ms. --

8            THE COURT:  Let me just check on something because --

9    and this is purely technical.  During the first phase of the

10   hearing, I was told that those people who are listening in

11   spillover courtrooms had a very hard time hearing me.  I'm

12   having some difficulty as compared with our last hearing with

13   the amplification coming out of the podium.  And I just want to

14   make sure that we're not suffering system overload.  Okay.

15   That's on.  And let me also make the announcement, whenever

16   anyone speaks for the record, this is always true here, but

17   given the number of people, please identify yourself before

18   speaking.

19           MS. FIFE:  Thank you, Your Honor.  Lori Fife from

20   Weil Gotshal & Manges on behalf of the debtors.  Let me try to

21   summarize the changes that were made to the transaction.  In

22   terms of the economic changes, they result largely because of

23   the markets, unfortunately.  And from the time that the

24   transaction was actually entered into till now, the markets

25   dropped and the value of the securities dropped as well.

47

1          So, originally, we were selling assets that had a

2     value of seventy -- approximately seventy billion dollars.  And

3     today, Your Honor, we're only selling assets that have a value

4     of 47.4 billion dollars.

5          Barclays is assuming liabilities, however, of 45.5

6     billion dollars in connection with those assets.  So that has

7     not changed from the original transaction.  There was an upside

8     sharing in the original transaction.  There was going to be a

9     true-up twelve months later on and that has been eliminated

10    from this transaction.

11         Barclays is still agreeing to pay the cure amounts on

12    any leases that it assumes or that we assume and assign to it.

13    Barclays is also agreeing to the same employee compensation

14    arrangements.  And it is also agreeing to pay the 250 million

15    dollars of goodwill to LBI.

16         With respect to the real estate assets, Your Honor,

17    that was -- we had said at the last hearing, I believe, it was

18    approximately a billion dollars.  Since that time, an appraisal

19    has come in and it is below that amount.  The contact had a

20    provision which allowed the purchaser really to purchase the

21    building at the appraised amount.  So we have some negotiations

22    to go, but I believe that the purchase price will come down by

23    approximately a hundred million dollars.

24         There were two other real estate properties also

25    which we received appraisals for which, similarly, were lower

260

1

2                     C E R T I F I C A T I O N

3

4      I, Lisa Bar-Leib, certify that the foregoing transcript is a

5      true and accurate record of the proceedings.

6      **Lisa Bar-Leib**   Digitally signed by Lisa Bar-Leib
                            DN: cn=Lisa Bar-Leib, c=US
                            Reason: I am the author of this
7      _____ document
                            Date: 2008.09.23 11:37:51 -04'00'

8      LISA BAR-LEIB

9

10     Veritext LLC

11     200 Old Country Road

12     Suite 580

13     Mineola, NY 11501

14

15     Date:  September 22, 2008

16

17

18

19

20

21

22

23

24

25

**<u>EXHIBIT E</u>**



# LEHMAN BROTHERS

### CONFIRMATION

Date:        August 26, 2008

To:        Norton Gold Fields Limited
Attn:

From:        Lehman Brothers Commercial Corporation
Attn:
Email:
Tel:

Re:        Commodity Spot Trade - Cash Settled

Transaction Reference Number:    12717186, 12717187

Dear Sir or Madam:

   The purpose of this communication (this "Confirmation") is to confirm the terms and conditions of the transaction (the "Transaction") entered into between Lehman Brothers Commercial Corporation ("Party A") and Norton Gold Fields Limited ("Party B") on the Trade Date specified below.  This Confirmation constitutes a "Confirmation" as referred to in the Agreement specified below.

   The definitions and provisions contained in the 2005 ISDA Commodity Definitions (the "Commodity Definitions") (as published by the International Swaps and Derivatives Association, Inc.), are incorporated into this Confirmation. In the event of any inconsistency between those definitions and provisions and this Confirmation, this Confirmation will govern

   This Confirmation supplements, forms part of, and is subject to, the ISDA Master Agreement dated as of 29 August, 2007, as amended and supplemented from time to time, between Party A and Party B (the "Agreement"). All provisions contained in the Agreement shall govern this Confirmation except as expressly modified below.

**Economic Terms.**  The terms of the particular Transaction to which this Confirmation relates are as follows:

Description                        Financially Settled Bullion Trade

Trade Date                        22 August 2008

Effective Date                    22 August 2008

Termination Date                22 August 2008

Bullion:                        Gold



| Notional Quantity per Pricing Month | Pricing Date | Notional Quantity (Ounces) |
|---|---|---|
| | 22 August 2008 | 1,346 |

| | |
|---|---|
| Total Notional Quantity: | 1,346 Ounces |
| Calculation Period(s): | Each Calculation Period is a single day, being the day that is 2 Business Days prior to the Settlement Date for that Date. |
| Settlement Date: | 27 August 2008 |
| Business Days | London, New York, Sydney |
| Fixed Amount Details | |
| Fixed Price Payer: | Lehman Brothers Commercial Corporation (Party A). |
| Fixed Price: | AUD868.191 per Ounce |
| Floating Amount Details: | |
| Floating Price Payer: | Norton Gold Fields Limited (Party B). |
| Floating Price: | Gold-P.M. FIX as published using Bloomberg ticker GOLDLNPM 824.00USD/oz    Converted into AUD at the spot AUD price shown on Reuters code AUD=EBS at 3PM:  0.869 |
| Settlement: | Cash amount of 107,714.05 AUD payable by Party B value 27 August 2008 |
| Calculation Agent: | As per the Agreement |

Please confirm your agreement with the foregoing by executing this Confirmation and returning such Confirmation, in its entirety, to us at facsimile number 646-758-5075, Attention:  Anthony Gero

Yours Sincerely,
Lehman Brothers Commercial Corporation

Accepted and agreed to:
Norton Gold Fields Limited

Name:    Anthony Gero

Name: _____

Title:    Vice President

Title: _____

Signature: 

Signature: _____

# LEHMAN BROTHERS

## CONFIRMATION

Date:        August 26, 2008

To:         Norton Gold Fields Limited
Attn:

From:        Lehman Brothers Commercial Corporation
Attn:
Email:
Tel:

Re:         Commodity Forward Trade - Cash Settled

Transaction Reference Number:    12695197

---

Dear Sir or Madam:

The purpose of this communication (this "Confirmation") is to confirm the terms and conditions of the transaction (the "Transaction") entered into between Lehman Brothers Commercial Corporation ("Party A") and Norton Gold Fields Limited ("Party B") on the Trade Date specified below. This Confirmation constitutes a "Confirmation" as referred to in the Agreement specified below.

The definitions and provisions contained in the 2005 ISDA Commodity Definitions (the "Commodity Definitions") (as published by the International Swaps and Derivatives Association, Inc.), are incorporated into this Confirmation. In the event of any inconsistency between those definitions and provisions and this Confirmation, this Confirmation will govern

This Confirmation supplements, forms part of, and is subject to, the ISDA Master Agreement dated as of 29 August, 2007, as amended and supplemented from time to time, between Party A and Party B (the "Agreement"). All provisions contained in the Agreement shall govern this Confirmation except as expressly modified below.

**Economic Terms.** The terms of the particular Transaction to which this Confirmation relates are as follows:

Description            Financially Settled Bullion Trade

Trade Date            22 August 2008

Effective Date          The Calculation Period for the first Pricing Month

Termination Date        The Calculation Period for the last Pricing Month

Bullion:              Gold

Notional Quantity per
Pricing Month

| Pricing Month | Notional Quantity (Ounces) |
|---|---|
| Sep-08 | 1,346 |

Total Notional Quantity:     1,346 Ounces

Calculation Period(s):     Each Calculation Period is a single day, being the day in each Pricing Month that is 2 Business Days prior to the Settlement Date for that Pricing Month.

Settlement Dates:     The last Business Day in each Pricing Month

Business Days     London, New York, Sydney

Fixed Amount Details

Fixed Price Payer:     Norton Gold Fields Limited (Party B).).

Fixed Price:     AUD875 per Ounce

Floating Amount Details:

Floating Price Payer:     Lehman Brothers Commercial Corporation (Party A)

Floating Price:     Gold-P.M. FIX as published using Bloomberg ticker GOLDLNPM or Reuters page G converted into AUD at the spot AUD price shown on Reuters page 1FEE.

Settlement:     Cash

Calculation Agent:     As per the Agreement

Please confirm your agreement with the foregoing by executing this Confirmation and returning such Confirmation, in its entirety, to us at facsimile number 646-758-5075, Attention: Anthony Gero

Yours sincerely,                          Accepted and agreed to:
Lehman Brothers Commercial Corporation     Norton Gold Fields Limited

Name:     Anthony Gero               Name: _____

Title:     Vice President                Title: _____

Signature: _____     Signature: _____