JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

Attorneys for Anton R. Valukas, Esq., Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------------x

## NOTICE OF EXAMINER'S MOTION TO ESTABLISH
## PROCEDURES TO UNSEAL THE EXAMINER'S REPORT

PLEASE TAKE NOTICE that a Hearing on the Examiner's Motion to Establish Procedures

to Unseal the Examiner's Report (the "Motion") will be held on **March 11, 2010, at 2:00 p.m.**

**(Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable

James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander

Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the

"Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must comply with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Official Committee of Unsecured Creditors; (v) Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654 (Attn: Robert L. Byman, Esq.) and Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New York 10022-3908, (Attn: Patrick J. Trostle, Esq.), attorneys for the Examiner; and (vi) and any person or entity with a particularized interest in the subject matter of the objection, so as to be received no later than **March 4, 2010, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 8, 2010
New York, New York

Respectfully submitted,

By: */s/ Robert L. Byman*

JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

Attorneys for Anton R. Valukas, Esq., Examiner

JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

Attorneys for Anton R. Valukas, Esq., Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
|  |  |  |
|---|---|---|
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------------x

## EXAMINER'S MOTION TO ESTABLISH PROCEDURES
## TO UNSEAL THE EXAMINER'S REPORT

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Anton R. Valukas, Esq., the examiner (the "Examiner") appointed for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors") in the above-captioned bankruptcy cases, respectfully moves for entry of an order establishing procedures to permit the unsealing of the report of the Examiner's investigation and all appendices thereto (collectively, the "Report") filed February 8, 2008. In support of this Motion, the Examiner states:

# PRELIMINARY STATEMENT

1.      On February 8, 2010, the Examiner filed his Report under seal pursuant to the Court's Order Authorizing Examiner to File the Examiner's Report Under Seal.   [Docket No. 7024].  In seeking authority to file the Report under seal, the Examiner explained that although he believes the Report should be a public record open to examination, he needed to file the Report under seal to comply with various protective orders, confidentiality stipulations, or confidentiality agreements (collectively, the "Confidentiality Agreements").

2.      A substantial portion of the materials (the "Protected Information") the Examiner collected in the course of his investigation was obtained from a diverse number of individual parties (the "Producing Parties") pursuant to the Confidentiality Agreements.  The Report, which is approximately 2200 pages (exclusive of appendices), quotes, paraphrases and otherwise divulges Protected Information so extensively that it is not practical to redact the Protected Information.

3.      The Examiner has already begun the process of obtaining consents from the Producing Parties for the specific Protected Information cited in the Report, to eliminate or narrow the issues that require resolution by the Court.  On January 19, 2010, the Examiner sent to each individual Producing Party whose Protected Information was cited in the then-existing draft of the report copies of that party's cited Protected Information; the Examiner asked each party to advise whether the documents could be released.  A copy of the Examiner's letter is attached as Exhibit 1. Some Producing Parties have responded by agreeing that their identified Protected Information can be made public; some have consented as to some but not all of their information; some have declined to consent; and some have not yet made any response.

4.      Although some parties have advised that all identified Protected Information can be made public, even as to them there remain potential additional issues.  The drafting of the Report

2

was a dynamic event; edits were made and references were added and subtracted right up to the time the final copy was sent out for printing. It will take the Examiner's professionals several days to compile a final list of Protected Information that is divulged in the Report as filed and obtained from each individual Producing Party. The Examiner expects to be able to complete the compilation and, on or before February 15, 2010, will notify each Producing Party what Protected Information supplied by that party is referenced in the Report as filed (the "Identified Information").

5. The Examiner will continue to work with each Producing Party to resolve each Producing Party's individual concerns over disclosure of that party's Identified Information. If the Examiner is able to obtain 100% consents from the Producing Parties to release the Protected Information from the limitations in the Confidentiality Agreements, the Examiner will immediately advise the Court so that the Report can be unsealed and made public. Short of 100% agreement, a process must be established so that the Report can be unsealed as soon as practicable. Therefore, the Examiner seeks by this Motion entry of an order establishing procedures to promptly determine whether any Protected Information contained in the Report should be protected under 11 U.S.C. § 107(b) from the strong presumption and public policy in favor of public access to court records and to permit the Report to be unsealed.

6. The Examiner intends to supplement this Motion prior to its presentment on March 11 to apprise the Court of the status of the parties' positions on releasing their Identified Information so that the Court will be informed of the scope, magnitude, and specific parties who remain at issue.

## JURISDICTION & VENUE

7.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 107 and 1106.

## RELIEF REQUESTED

8.     By this Motion, the Examiner respectfully requests that the Court enter an order establishing a procedure to unseal the Examiner's Report.

## BASIS FOR RELIEF

9.     Section 1106(b) of the Bankruptcy Code requires an examiner to file with the Court, as soon as practicable, a statement regarding his investigation.  11 U.S.C. § 1106(b); *Gitto v. Worcester Telegram & Gazette (In re Gitto Global Corp.)*, Nos. Civ. A. 05-10334-DPW, Civ. A. 05-10532-DPW, 2005 WL 1027348, *4 (D. Mass. May 2, 2005).  Once filed with the Court, the examiner's report is presumed to be a public document under 11 U.S.C. § 107(a).  *Gitto*, 2005 WL 1027348, *4, *6; *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007); *In re Fibermark, Inc.*, 330 B.R. 480, 505, 510 (Bankr. D. Vt. 2005).

10.     To comply with the Confidentiality Agreements and to provide the Producing Parties an opportunity to be heard on any assertions of privilege or confidentiality regarding their respective Protected Information, the Examiner requested and obtained from the Court an order permitting him to file the Report under seal.  [Docket No. 7024].  However, the Examiner believes that the Report should be filed publicly as soon as possible and therefore procedures should be put in place to accomplish that end.

**NOTICE**

11.      No trustee has been appointed in these chapter 11 cases. The Examiner has served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009, governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for the Official Committee of Unsecured Creditors; (v) the Producing Parties; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; (viii) the United States Attorney for the Southern District of New York; (ix) the United States Attorney for the Eastern District of New York; (x) the United States Attorney for the District of New Jersey; (xi) persons who have identified themselves to the Examiner as having a particularized interest in the subject matter of the Motion; and (xii) all parties who have requested notice in these chapter 11 cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

12.      No previous motion for the relief sought herein has been made to this or any other court. This Motion includes citations to the applicable authorities and does not raise any novel issues of law. The Examiner reserves the right to file a brief in reply to any objection to this Motion.

**WHEREFORE,** the Examiner respectfully requests that this Court enter an Order establishing procedures to unseal the Report, and granting the Examiner such other and further relief as is just and proper.

Dated: February 8, 2010
New York, New York

Respectfully submitted,


By: */s/ Robert L. Byman*

JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

Attorneys for Anton R. Valukas, Esq., Examiner