**Objection Deadline: March 10, 2010 at 5:00 p.m. (ET)**
**Hearing Date and Time: March 17, 2010 at 10:00 a.m. (ET)**

KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Samir P. Gebrael
292 Madison Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Counsel to Tensor Opportunity Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re LEHMAN BROTHERS HOLDINGS        :    Case No. 08-13555 (JMP)
INC., *et al.*                                    :    (Jointly Administered)
                                                             :
            Debtors.                              :
                                                             :
-------------------------------------------------------------x

## MOTION OF TENSOR OPPORTUNITY LIMITED TO PERMIT IT TO FILE A LATE PROOF OF CLAIM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)

Tensor Opportunity Limited ("TOL" or "Movant") hereby respectfully moves this Court (the "Motion") for the entry of an order, in substantially the form attached hereto as **Exhibit A**, pursuant to Federal Rule of Bankruptcy Procedure 9006(b) deeming as timely filed a proof of claim ("Proof of Claim", a copy of which is attached hereto as **Exhibit B**) against Lehman Brothers Holdings Inc. ("LBHI") and its affiliates ("Affiliates") (collectively, LBHI and the Affiliates will be herein referred to as the "Debtors"). In support of the Motion, the Movant respectfully states as follows:

1

## BACKGROUND

1.  Prior to the Debtors' filing for chapter 11 relief pursuant to title 11 of the United States Code (the "Bankruptcy Code"), the Movant and the Debtors' UK subsidiary, Lehman Brothers International Europe ("LBIE"), Debtors' principal European broker-dealer, were parties to an International Swaps and Derivatives Association ("ISDA") Master Agreement dated as of January 11, 2006 (the "TOL ISDA"). LBHI was the credit support provider under the TOL ISDA and had provided a guarantee of LBIE's obligations under the TOL ISDA.

2.  Following the bankruptcy of the Debtors, Purrington Moody Weil LLP ("Purrington"), a law firm which specializes in advising on derivative contracts and other financial transactions, undertook to review numerous contracts on behalf of their clients in order to help them assess their exposures to the Debtors and how best to protect their interests[1]. The process ("Process") of assessing and protecting against this exposure included the following, non-exhaustive, list of the measures and actions taken by Purrington, (i) verification of the identity of the relevant Lehman financing vehicle with which the client had contracted[2] ; (ii) an analysis of the jurisdictional implications of the relevant Lehman financing vehicle's place of incorporation; (iii) an assessment of the impact of the governing law of the contracts and the relevant factors in their termination, valuation and settlement, including the asset class; (iv) an assessment of whether the exposures were secured or guaranteed; and (v) continuous monitoring of the bankruptcies in different locations and analysis of the disparities which might arise as a result of the local rules and regulations of those different locations.

---

[1] Subsequent to the Debtors' filing for chapter 11 relief, regulators in the United Kingdom ("UK") placed several of Debtors' UK subsidiaries, including LBIE, in "administration", which is the rough equivalent of a United States chapter 11 bankruptcy filing.
[2] There were 19 affiliates in the UK alone.

3. This Motion stems from a mistake arising out of an incorrect notation taken by Michele Navazio, a former associate at Purrington, counsel to TOL, during the Process described above at paragraph 2.[3]

4. The mistake involved the incorrect labeling of, the TOL ISDA as being "LBIE" only, without reference to the LBHI guarantee. It was subsequently filed apart from those client ISDAs for which claims would be required to be filed for both LBIE, as the counterparty, and LBHI, as the guarantor.

5. The deadline set by the administrators for filing proof of debts in the LBIE administration[4] is set for December 31, 2010, well over a year after the September 22, 2009 Bar Date established in the LBHI chapter 11 case. This resulted in the somewhat unusual task of reviewing the documents first in order to assess whether claims existed against LBHI, the guarantor, before deciding whether to file claims against LBIE, the counterparty.

6. On July 2, 2009, this Court entered an order establishing September 22, 2009 at 5:00 pm (ET) as the deadline ("Bar Date") for each person or entity to file proofs of claim based on prepetition claims, such as the Movant's Proof of Claim, against the Debtors.

7. The notation error, and the consequent failure to file the LBHI proof of claim, were discovered on January 6, 2010, when in the course of a general review of client documentation related to the LBIE proceedings it was discovered that the TOL ISDA also included an LBHI guarantee. Subsequently, bankruptcy counsel was retained and this Motion was filed as soon as practicable after discovering the mistake.

---

[3] Subsequent to the Filing, regulators in the United Kingdom ("UK") placed several of Debtors' UK subsidiaries, including LBIE, in "administration", which is the rough equivalent of a United States chapter 11 bankruptcy filing.
[4] The insolvency of LBIE is governed by the UK Insolvency Act 1986 and related regulations.

8. By this Motion, the Movant requests the Court to remedy the mistake made by TOL's counsel and deem the Proof of Claim to be timely filed because (i) the late filing would cause no material prejudice to the Debtors, (ii) the length of delay and impact on the proceedings are both negligible, (iii) the delay was caused by an understandable oversight, and (iv) Movant has acted in good faith.

## JURISDICTION

9. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § l57(b). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The Motion is made pursuant §105 of the Bankruptcy Code and Rules 9006(b)(1) and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

10. In light of the circumstances and by this Motion, the Movant respectfully seeks entry of an order pursuant to §105 of the Bankruptcy Code and Bankruptcy Rules 9006(b)(1) deeming the Proof of Claim to be timely filed under the principles of excusable neglect despite the fact that the Bar Date has passed.

## BASIS FOR RELIEF

**I. Movant's Actions Represent Excusable Neglect And The Proof of Claim Should Be Deemed Timely.**

11. Bankruptcy Rule 9006(b)(1) authorizes the Court in its discretion to permit the filing of an untimely proof of claim where the delay is the result of "excusable neglect." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship., 507 U.S. 380 (1993). In Pioneer, the Supreme Court stated that the excusable neglect standard is an "elastic concept" that "is at

bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 392, 395.  The Court applied these concepts to Rule 9006(b)(1) as follows: "reading Rule 9006(b)(1) inflexibly to exclude every instance of an inadvertent or negligent omission would ignore the most natural meaning of the word 'neglect' and would be at odds with the accepted meaning of that word in analogous contexts." Id at 394-95.

12.    The Pioneer Court considered the following four factors in the excusable neglect analysis: [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith. See id. at 395.

13.    Not all of the factors need to weigh in favor of the moving party for relief to be granted. See In re Enron Corp., No. 01-16034 (AJG), 2003 WL 21756785 at *4 (Bkrtcy. S.D.N.Y.) (granting the relief requested even though the court found against the movant as to the reason for the delay). The decision whether to grant the requested relief rests within the Court's discretion. See Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 125 (2d Cir. N.Y. 2005) ("the discretion of a bankruptcy court to allow or disallow late filed claims is well established…").

A.  No Prejudice To The Debtor

14.    The first Pioneer factor heavily weighs in favor of the requested relief, as the delay in filing the Proof of Claim could not possibly "jeopardize the success of the reorganization." See In re Enron Corp., 419 F.3d at 130 (2d Cir. 2005) (internal citations and quotations omitted).  First, TOL's $2,369,647.71 claim is infinitesimally small in comparison to the size of the estate and the overall claims against the estate, estimated to be nearly a Trillion Dollars.  However, even to the extent that the Proof of Claim may have an effect -- however

5

small -- on the funds available to all creditors, the Second Circuit has found this not to be an important factor. See Id at 130 ("we agree with the observation that the [Supreme] Court must have had more in mind than a simple dollar-for-dollar depletion of assets otherwise available for timely filed claims .... Otherwise, virtually all late filings would be condemned by this factor because they seek to share, with timely filed claims, in the bankrupt's limited resources ") (internal quotations omitted). Second, the Proof of Claim is only late by approximately four months; as discussed below, in light of the unprecedented size of this case, a few months is not a significant amount of time. Presumably the Debtors have only just begun the claims review and reconciliation process, if at all. Finally, no disclosure statement or plan has been filed in this case. See, e.g., In re Enron Corp., No. 01-16034 (AJG), 2003 WL 21756785 at *5 (permitting late filed claim and finding no prejudice because claims review and reconciliation process was in early stages and no plan or disclosure statement had yet been filed); In re Infiltrator Sys., Inc., 241 B.R. 278, 281 (Bankr. D. Conn. 1999) (permitting the late filed claim based upon the fact that "debtor has not yet filed a plan and is still engaged in assessing the validity and amounts of the timely filed claims, the impact upon the administration of the case of allowing [the late filed] claim is not significant").

15.    As there is no actual harm by deeming the Proof of Claim timely filed, any hypothetical harm that may be raised by the Debtors will not rise to the level of prejudice. See In re O'Brien Envtl. Energy, 188 F .3d 116, 127 (3d Cir. 1999) ("prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence"). The facts here point to the conclusion that no actual harm will come to the Debtors by allowing the Proof of Claim.

16. Debtors may attempt to invoke the proverbial "floodgates" argument – granting relief to Movant will allow a flood of similar claims. The unique facts underlying Movant's claims against the Debtors and LBIE address this argument. In analyzing its rights, Movant had to deal with numerous Lehman entities in the US and Europe, each based on different types of administration and vastly diverse bankruptcy jurisprudence, resulting in dissimilar deadlines for, among things, filing of claims. In fact, Movant's principal claim against LBIE, the counterparty to the TOL ISDA, has a deadline that has <u>not</u> yet expired; specifically claims against LBIE are due by December 31, 2010. Thus, the Court can narrowly tailor its ruling regarding the guarantee claim here to these unique circumstances.

B. <u>Length of Delay is De Minimis</u>

17. The second Pioneer factor also heavily weighs in favor of granting the relief sought. First, as mentioned above, the delay has been only a matter of approximately four months[5]. For a case of this magnitude, billed by the Debtors as the "largest in history", a few months, while not negligible, is still a relatively short period of time, and the Debtors have probably only started reviewing the 68,000 thousand claims filed in advance of the September 22, 2009 Bar Date or November 2, 2009 Securities Programs Bar Date. Second, the delay has been *de minimis* and, as discussed above, it does not in any way disrupt the judicial administration of this case. See <u>In re Beltrami Enters</u>., 178 B.R. 389 (Bankr. M.D. Pa. 1994) (permitting filing of a two-year late proof of claim); <u>In re Sage-Dey, Inc</u>., 170 B.R. 46, 52-53 (Bankr. N.D.N.Y. 1994) (permitting filing of proof of claim six months after bar date); <u>Pioneer</u>, 507 U.S. at 398-99 (permitting filing proof of claim twenty days after the bar date).

---

[5] The Proof of Claim was filed with Epiq Bankruptcy Solutions, LLC on February 3, 2010.

7

C. Reasons For The Delay Justifiable

18. In Pioneer, the Supreme Court found that excusable neglect may extend to "inadvertent delays" and that it is "not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392. The Supreme Court also stated "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by *inadvertence*, *mistake*, or *carelessness*, as well as by intervening circumstances beyond the party's control. (*emphasis added*) " Id. at 388; See e.g. Collezione Europa USA, Inc. v. Dugan (In re Rhodes, Inc.), No. 04-78434, 2007 Bankr. Lexis 4606, at 11, 20 (Bankr. N.D. Ga. Dec. 17, 2007) (holding that mistaken belief and carelessness in dealing with bar notices constituted neglect for purposes of Bankruptcy Rule 9006(b)(1) and "if this kind of mistake were judged to be inexcusable, even though no other harm or misconduct were shown, the equitable underpinning of Pioneer would be emasculated"); In re Garden Ridge Corp., 348 B.R. 642, 646 (Bankr. D. Del. 2006) (holding that although the claimant was "careless in its obligation to file its claim by the deadline, that fact standing alone does not support the denial of its claim. The concept of excusable neglect clearly anticipates [carelessness by the claimant], i.e., neglect on the part of the one seeking to be excused") (internal citations omitted); In re Hall, 259 B.R. 680, 682 (Bankr. N.D. Ind. 2001) (late filed proof of claim caused by miscommunication between two lawyers who each thought the other filed the claim was allowed, the court noted that although, "[a] greater attention to detail, appreciation for the urgency of the filing in question and better communication between [counsel] … would have prevented the problem …. Nonetheless this type of 'inadvertence, mistake or carelessness' is not beyond the scope of excusable neglect.")

19. Here, Movant's counsel, as described in greater detail in the Navazio Decl. (attached hereto as **Exhibit C**), admits that they inadvertently missed the deadline for filing the

Proof of Claim against the Debtors. Specifically, Mr. Navazio, a former associate at Purrington, simply made an incorrect notation while in the process of surveying the hundreds of pages that embody the Movant's ISDA documentation. This simple incorrect notation by Movant's counsel, which was the root cause of the delay in filing the Proof of Claim, should not support denial of relief requested.

D. <u>The Movant Has Acted In Good Faith</u>

20. The circumstances of this filing demonstrate that the Movant has acted in good faith. TOL hired Purrington for the purpose of protecting its rights in light of the Debtors' filing for chapter 11 relief; in turn, Purrington intended to, in the utmost good faith, file all claims on behalf of their client in a timely fashion, as evidenced by other filings by Purrington in the Debtors' case. Upon discovery of the mistake, TOL and Purrington have endeavored to gather all relevant information regarding the claim and, by this Motion, are attempting to rectify the mistake in the timeliest fashion possible. <u>See</u> <u>Navazio Decl</u>.

## NOTICE

21. TOL has provided notice of the Motion pursuant to the Amended Order Implementing Certain Notice and Case Management Procedures entered in this proceeding [Docket No. 2837]. The Movant submits that no other or further notice need be given.

## NO PRIOR REQUEST

22. No prior motion for the relief requested herein has been made to this Court or any other court.

WHEREFORE, TOL respectfully moves this Court to enter an order in the form annexed hereto as **Exhibit A**, (i) permitting TOL to file the Proof of Claim against the Debtors; (ii) deeming such filing to be timely under Bankruptcy Rule 9006(b); and (iii) granting such other and further relief as this Court deems just and equitable.

Dated: February 8, 2010
      New York, New York

      KLESTADT & WINTERS, LLP

      By: _/s/ Samir P. Gebrael_
          Tracy L. Klestadt
          Samir P. Gebrael
      292 Madison Avenue, 17th Floor
      New York, New York 10017
      Telephone (212) 972-3000