| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Program Securities. (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Tensor Opportunity Limited
c/o EMS Capital LP
499 Park Avenue, 11th Floor
New York, New York 10022
Attn: Kevin Barrett

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
 (If known)

Filed on: _____

Telephone number: 212-891-2713   Email Address: kevin@emscap.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:   Email Address:

1. **Amount of Claim as of Date Case Filed:** $ See attached Appendix.
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attached Appendix.
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: See attached Appendix.
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED

FEB - 3 2010

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 2/2/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
EDMOND SAFRA, DIRECTOR

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

2:23pm

## Appendix

This Proof of Claim (this "**Claim**") is filed by Tensor Opportunity Limited ("**Claimant**") against Lehman Brothers Holdings Inc. (the "**Debtor**").

This Claim includes several distinct claims that arise from the Debtor's guarantee (the "**Guarantee**") of the obligations of Lehman Brothers International (Europe) ("**LBIE**") under or pursuant to a certain ISDA Master Agreement (as amended, modified, or supplemented from time to time and together with all schedules, exhibits and annexes thereto, the "**ISDA**") between Claimant and LBIE, dated as of January 11, 2006, which Claimant terminated by delivering to LBIE a certain Notice of Event of Default under the ISDA Master Agreement dated September 15, 2008 (the "**Notice**").

As this Claim is based on amounts owed by the Debtor to Claimant pursuant to a Guarantee pursuant to the Bar Date Order[1] Claimant is not required to attach supporting documentation to this Claim. Claimant incorporates herein by reference (i) the Guarantee related questionnaire (including any amendments thereof) that will be submitted by Claimant in connection with the Guarantee (the "**Guarantee Questionnaire**"), (ii) Claimant's proof of claim against LBIE in connection with the ISDA (the "**LBIE Claim**") and (iii) the derivative-related questionnaire (including any amendments thereof) that will be submitted by Claimant in connection with the ISDA (the "**Derivatives Questionnaire**").

By virtue of Claimant's submission of all relevant questionnaires and supporting documentation submitted with the Guarantee Questionnaire, the LBIE Claim and the related Derivative Questionnaire, Claimant has complied with the procedures set forth in the Bar Date Order and reserves its rights accordingly with respect to any challenge to this Claim, the Derivatives Questionnaire or any supporting documentation. Notwithstanding the foregoing, to the extent that Claimant comes into possession or becomes aware of additional documentation or information not previously provided and the absence of which was not explained in the Claim or in any related questionnaire submitted, or to the extent that the Debtor requests additional documentation and/or information from Claimant which Claimant agrees to provide, Claimant hereby reserves its rights to provide such additional documentation and/or information without prejudice to its rights in relation to this Claim.

---

[1] On July 2, 2009, the Bankruptcy Court for the Southern District of New York (the "Court") entered, in the Lehman Brothers Holdings Inc., et al, chapter 11 bankruptcy cases (Case No. 08-13555, Jointly Administered), an order pursuant to section 502(b)(9) of the United States Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure establishing the deadline for filing proofs of claims, approving the form and manner of notice thereof and approving the proof of claim form (the "Bar Date Order"). The Bar Date Order requires that any party asserting a claim based on or arising from a guarantee must also complete an electronic questionnaire, substantially in the form attached as Exhibit D to the Bar Date Order, and upload documentation in support of the related proof of claim and questionnaire rather than attach such documentation to a proof of claim. The Bar Date Order defines the term "Guarantee" as a claim against a Debtor based on amounts owed pursuant to a "promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure or another person or entity who is liable in the first instance." See Bar Date Order at 7.

### Summary of Claims

After netting of amounts due and owing between Claimant and LBIE per the transactions entered into pursuant to the ISDA, and pursuant to the obligations of the Debtor as set forth in the Guarantee, Claimant is owed a net amount as fully and finally set forth in the Guarantee Questionnaire submitted in relation to this Claim, but in any event, in an amount no less than $2,369,647.41. To date, neither LBHI nor the Debtor has made any payments to Claimant with respect to this deficiency.

Based on the foregoing, Claimant hereby asserts a claim against LBHI in an amount no less than $2,369,647.41, which includes, but is not limited to, the amounts summarized below, plus an unliquidated amount for any and all other damages, fees, costs and/or expenses incurred in connection with LBHI's failure to perform its obligations under the Guarantee including, but not limited to legal fees or other costs of collection.

1.  **Terminated Transactions:** Claim arising from losses and costs (or gain, in which case expressed as a negative number) incurred by Claimant, and/or other amounts owed in connection with Terminated Transactions (as defined in the ISDA), which are either (i) owed by LBIE to Claimant (if expressed as a positive number) or (ii) owed by Claimant to LBIE (if expressed as a negative number).

**Amount:**    No less than US$(5,505,418.59)

2.  **Posted Collateral:** Claim for the value of Claimant's assets posted by Claimant as Posted Collateral (as defined in the ISDA).

**Amount:**    No less than US$7,875,066.00

3.  **Interest:** Claim for payment of interest during the period from the Early Termination Date (as described in the Notice) to the time of payment, to the extent permitted by applicable law.

**Amount:**    To be determined.

4.  **Expenses:** Claim for reimbursement of all reasonable out-of-pockets expenses, including without limitation, legal fees and collection costs, incurred by Claimant by reason of the early termination of the ISDA.

**Amount:**    To be determined.

No judgment has been rendered on this Claim, and no part of this Claim has been paid.

### Reservation of Rights

Claimant and its affiliates expressly reserve all of their rights as against the Debtor and the other debtors in these Chapter 11 proceedings (with the Debtor and LBIE, the "Debtors"), including but not limited to, (i) all of their rights and defenses, whether under title 11 of the United Stated Code or other applicable law, as to any claims that may be asserted against Claimant or any of its affiliates by the Debtors, including without limitation, any rights of setoff and/or recoupment not expressly asserted above; (ii) all of their rights and remedies pursuant to any agreement between Claimant or any of its affiliates, and pursuant to applicable law; (iii) all of their rights to assert additional claims against any or all of the Debtors; (iv) all of their rights to assert claims against parties other than the Debtors; and (v) all of their rights to amend, modify, withdraw, and/or supplement this Claim, the LBIE Claim, the Derivative Questionnaire, the Guarantee Questionnaire or supporting documentation submitted in relation thereto in any respect.

Claimant further reserves all rights accruing to it, and the filing of this Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of Claimant's rights against any person, entity, or property (including, without limitation, the Debtor or any other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Claimant to the jurisdiction or venue of this Court or any other court with respect to the proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver, release, or limitation of Claimant's right to trial by jury in this Court or any other Court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C.§157(b)(2) and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Claimant to a jury trial in this Court or any other court in and proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies or choice of law; (viii) a consent to the termination of any Debtors' liability to Claimant by any particular court, including, without limitation, this Court; (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. §157(c); (x) a waiver of any default, event of default, or similar event, whether specified or not herein; or (xi) an admission by Claimant or any of its affiliates as to any matter, including any liability with respect to any matter.

Any acceptance by Claimant or any of its affiliates of performance from any of the Debtors or any of their affiliates, or performance by Claimant or any of its affiliates under the ISDA or any other agreement between Claimant or any of its affiliates and any or all of the Debtors, or any of their respective affiliates, or otherwise (including without limitation the rollover of, or entry into any transactions under, or amendments, supplements or modifications to, any agreement or otherwise), or any delay in exercising any remedies Claimant or any of its affiliates may have, shall not constitute a waiver or forbearance of any rights or remedies Claimant and its affiliates may have.