UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :   08-13555 (JMP)
                                            :
                    Debtors.                :   (Jointly Administered)
                                            :
-------------------------------------------------------------------x

### ORDER GRANTING APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE TO RETAIN AND EMPLOY THE O'NEIL GROUP AS TAX SERVICES PROVIDERS *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

Upon the Application, dated January 27, 2010 (the "Application"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authority to retain and employ The O'Neil Group as tax services providers, *nunc pro tunc* to January 6, 2010 (the "Engagement Date"), as more fully set forth in the Application; and upon consideration of the Declaration of Jacqueline M. O'Neil , a managing director of The O'Neil Group, sworn to January 26, 2010, filed in support of the Application, a copy of which is attached to the Application as Exhibit 1 (the "O'Neil Declaration"); and the Court being satisfied, based on the representations made in the Application and the O'Neil Declaration, that The O'Neil Group represents or holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) The O'Neil Group, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ The O'Neil Group as their tax services providers, *nunc pro tunc* to the Engagement Date, on the terms and conditions generally described and set forth in the Engagement Letter, subject to the following modifications set forth in Paragraph 17 of the O'Neil Declaration:

    a.    The provision in the Engagement Agreement's General Business Terms relating to arbitration in the event a dispute arises between the Debtors and The O'Neil Group is hereby revised to provide that the arbitration provision shall apply only to the extent that the United States Bankruptcy Court in the Southern District of

New York, or the United States District Court in the Southern District of New York if the reference is withdrawn, does not retain jurisdiction over a controversy or claim,

b. All requests of The O'Neil Group for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall The O'Neil Group be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct,

c. In no event shall The O'Neil Group be indemnified if the Debtors or a representative of the estates asserts a claim for, and a court determines by final order that such claim arose out of, The O'Neil Group's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct,

d. In the event that The O'Neil Group seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in The O'Neil Group's own monthly fee statement and shall be subject to the same payment procedures applicable to professionals in these cases,

e. The Engagement Agreement's General Business Terms shall apply solely to claims of The O'Neil Group and the Debtors against each other, and shall not apply if the Debtors or a representative of the estates asserts a claim for, and a court determines by final order that such claim arose out of, The O'Neil Group's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct. Additionally, the phrase "for the portion of the engagement giving rise to liability" is deleted from this paragraph, and

f. To the extent this Order is inconsistent with the Engagement Agreement, this Order shall govern;

and it is further

ORDERED that The O'Neil Group shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections

105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651] except that The O'Neil Group is permitted to maintain its detailed time records to the nearest quarter hour; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
February 9, 2010

_s/ James M. Peck_
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE