**Exhibit "E"**

New York, New York
As of June 6, 2007

## GUARANTY OF RECOURSE OBLIGATIONS OF BORROWER

**FOR VALUE RECEIVED**, and to induce **LEHMAN BROTHERS HOLDINGS INC.**, a Delaware corporation, having an address at 399 Park Avenue, 8th Floor, New York, New York 10022, individually and as Agent for one or more Co-Lenders ("Lender"), to lend to **FONTAINEBLEAU LAS VEGAS RETAIL, LLC**, a Delaware limited liability company, having its principal place of business at 2827 Paradise Road, Las Vegas, Nevada 89109 ("Borrower"), the maximum principal sum of THREE HUNDRED FIFTEEN MILLION AND 00/100 DOLLARS ($315,000,000.00) (the "Loan"), advanced pursuant to that certain Loan Agreement, dated as of the date hereof, between Borrower and Lender (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "Loan Agreement") and evidenced by the Note and the other Loan Documents, the undersigned, **JEFFREY SOFFER**, an individual residing at 19950 West Country Club Drive, 10th Floor, Aventura, Florida 33180 ("**Soffer**") and **FONTAINEBLEAU RESORTS, LLC**, a Delaware limited liability company, having its principal place of business at 2827 Paradise Road, Las Vegas, Nevada 89109 ("**Fontainebleau**"; Soffer and Fontainebleau hereinafter referred to, collectively or individually, as the context requires, as "Guarantor") hereby absolutely and unconditionally guarantees to Lender the prompt and unconditional payment of the Guaranteed Recourse Obligations of Borrower (hereinafter defined). All capitalized words and phrases not otherwise defined herein shall have the meanings ascribed to them in the Loan Agreement.

It is expressly understood and agreed that this Guaranty of Recourse Obligations of Borrower (this "Guaranty") is a continuing guaranty and that the obligations of Guarantor hereunder are and shall be absolute under any and all circumstances, without regard to the validity, regularity or enforceability of the Note, the Loan Agreement, or the other Loan Documents, a true copy of each of said documents Guarantor hereby acknowledges having received and reviewed.

The term "Guaranteed Recourse Obligations of Borrower" as used in this Guaranty shall mean all obligations and liabilities of Borrower for which Borrower shall be personally liable pursuant to Section 9.4 of the Loan Agreement.

Any indebtedness of Borrower to Guarantor now or hereafter existing (including, but not limited to, any rights to subrogation Guarantor may have as a result of any payment by Guarantor under this Guaranty), together with any interest thereon, shall be, and such indebtedness is, hereby deferred, postponed and subordinated to the prior payment in full of the Debt, except to the extent permitted to be paid as distributions by Borrower under the Loan Agreement. Subject to the foregoing sentence, until payment in full of the Debt (and including interest accruing on the Note after the commencement of a proceeding by or against Borrower under the Bankruptcy Code and the regulations adopted and promulgated pursuant thereto, which interest the parties agree shall remain a claim that is prior and superior to any claim of Guarantor notwithstanding any contrary practice, custom or ruling in cases under the Bankruptcy Code

[TPW: NYLEGAL:619780.7] 16248-00758  06/04/2007 09:55 PM

generally), Guarantor agrees not to accept any payment or satisfaction of any kind of indebtedness of Borrower to Guarantor and hereby assigns such indebtedness to Lender, including the right to file proof of claim and to vote thereon in connection with any such proceeding under the Bankruptcy Code, including the right to vote on any plan of reorganization. Further, if Guarantor shall comprise more than one person, firm or corporation, Guarantor agrees that until such payment in full of the Debt, (a) no one of them shall accept payment from the others by way of contribution on account of any payment made hereunder by such party to Lender, (b) no one of them will take any action to exercise or enforce any rights to such contribution, and (c) if any Guarantor should receive any payment, satisfaction or security for any indebtedness of Borrower to any Guarantor or for any contribution by the other Guarantors for payment made hereunder by the recipient to Lender, the same shall be delivered to Lender in the form received, endorsed or assigned as may be appropriate for application on account of, or as security for, the Debt and until so delivered, shall be held in trust for Lender as security for the Debt.

Guarantor agrees that, within ten (10) days after written demand, Guarantor will reimburse Lender, to the extent that such reimbursement is not made by Borrower, for all expenses (including reasonable counsel fees and disbursements) incurred by Lender in connection with the collection of the Guaranteed Recourse Obligations of Borrower or any portion thereof or with the enforcement of this Guaranty.

Guarantor shall also indemnify Lender and hold Lender harmless from and against any and all actions, suits, claims, demands, liabilities, damages (but not special, consequential or punitive damages), losses (other than diminution in value), obligations and costs and expenses (including litigation costs and reasonable attorneys fees and expenses) arising from or in any way connected with any indemnity provided by Lender under any Control Agreements (as defined in the Master Disbursement Agreement.

Subject to the Provisions of the Loan Agreement, all moneys available to Lender for application in payment or reduction of the Debt may be applied by Lender in such manner and in such amounts and at such time or times and in such order and priority as Lender may see fit to the payment or reduction of such portion of the Debt as Lender may elect.

Guarantor hereby waives notice of the acceptance hereof, presentment, demand for payment, protest, notice of protest, or any and all notice of non-payment, non-performance or non-observance, or other proof, or notice or demand, provided that the foregoing shall not be deemed to be a waiver of any notice, grace or cure period granted to Borrower in the Loan Agreement or any other Loan Document.

Guarantor further agrees that the validity of this Guaranty and the obligations of Guarantor hereunder shall in no way be terminated, affected or impaired (a) by reason of the assertion by Lender of any rights or remedies which it may have under or with respect to either the Note, the Loan Agreement, or the other Loan Documents, against any person obligated thereunder or the Property covered under the Loan Agreement, or (b) by reason of any failure to file or record any of such instruments or to take or perfect any security intended to be provided thereby, or (c) by reason of the release of the Property covered under the Loan Agreement or other collateral for the Loan, or (d) by reason of Lender's failure to exercise, or delay in

2

exercising, any such right or remedy or any right or remedy Lender may have hereunder or in respect to this Guaranty, or (e) by reason of the commencement of a case under the Bankruptcy Code by or against any person obligated under the Note, the Loan Agreement or the other Loan Documents, or the death of any Guarantor, or (f) by reason of any payment made on the Debt or any other indebtedness arising under the Note, the Loan Agreement, or the other Loan Documents, whether made by Borrower or Guarantor or any other person, which is required to be refunded pursuant to any bankruptcy or insolvency law; it being understood that no payment so refunded shall be considered as a payment of any portion of the Debt, nor shall it have the effect of reducing the liability of Guarantor hereunder. It is further understood, that if Borrower shall have taken advantage of, or be subject to the protection of, any provision in the Bankruptcy Code, the effect of which is to prevent or delay Lender from taking any remedial action against Borrower, including the exercise of any option Lender has to declare the Debt due and payable on the happening of any default or event by which under the terms of the Note, the Loan Agreement, or the other Loan Documents, the Debt shall become due and payable, Lender may, as against Guarantor, nevertheless, declare the Debt due and payable and enforce any or all of its rights and remedies against Guarantor provided for herein.

Guarantor further covenants that this Guaranty shall remain and continue in full force and effect as to any modification, extension or renewal of the Note, the Loan Agreement, or the other Loan Documents, that Lender shall not be under a duty to protect, secure or insure the Property covered under the Loan Agreement, and that other indulgences or forbearance may be granted under any or all of such documents, all of which may be made, done or suffered without notice to, or further consent of, Guarantor.

Guarantor agrees to furnish to Lender from time to time, by such dates as Lender may reasonably require (but no more frequently than annually unless an Event of Default under the Loan Agreement or any other Loan Document exists which remains uncured and is continuing after all applicable notice and grace period, in which event Lender may require same from time to time), Guarantor's last filed Federal and State income tax returns, a personal financial statement if Guarantor is an individual and a balance sheet and statement of changes in Guarantor's financial position if Guarantor is not an individual, in each case certified by Guarantor as complete and accurate. Such financial statements shall be in reasonable detail and prepared in accordance with consistently applied accounting methods reasonably acceptable to Lender.

Guarantor will maintain (a) an aggregate Net Worth equal to at least $350,000,000 and (b) an aggregate Liquidity equal to at least $75,000,000.00.

From and after the date hereof, Soffer shall not incur any additional contingent liabilities which in the aggregate total more than $300,000,000.00 (the "Contingent Liability Cap"). Notwithstanding the foregoing, upon the termination and full release of any Existing Contingent Liability (other than a contingent liability in connection with the Loan or the Mezzanine Loan), the Contingent Liability Cap shall be increased by the amount of such terminated and released Existing Contingent Liability. Further, in the case of a contingent liability in which Soffer is jointly and severally liable with another party (other than with Fontainebleau), the amount of such contingent liability shall be Soffer's pro-rata share.

"Existing Contingent Liability" shall mean those contingent liabilities existing on the date hereof (the "Existing Contingent Liabilities").

Guarantor hereby represents and warrants that Guarantor is not a Plan and none of the assets of Guarantor constitute or will constitute, by virtue of the application of 29 C.F.R. §2510.3-101(f) as modified by section 3(42) of ERISA, "Plan Assets" of one or more Plans. If Guarantor is not a natural person, Guarantor further represents and warrants that (a) Guarantor is not a "governmental plan" within the meaning of Section 3(32) of ERISA and (b) transactions by or with Guarantor are not subject to State statutes regulating investment of, and fiduciary obligations with respect to, governmental plans similar to the provisions of Section 406 of ERISA or Section 4975 of the Code currently in effect, which prohibit or otherwise restrict the transactions contemplated by this Guaranty.

If Guarantor is not a natural person, Guarantor hereby covenants and agrees with Lender that:

(a) During the term of the Loan or of any obligation or right hereunder, Guarantor shall not be a Plan and none of the assets of Guarantor shall constitute Plan Assets.

(b) Guarantor further covenants and agrees to deliver to Lender such certifications or other evidence from time to time throughout the term of the Loan, as requested by Lender in its sole discretion and represents and covenants that (A) Guarantor is not and does not maintain an "employee benefit plan" as defined in Section 3(3) of ERISA, which is subject to Title IV of ERISA, or a "governmental plan" within the meaning of Section 3(32) of ERISA; (B) Guarantor is not subject to State statutes regulating investments and fiduciary obligations with respect to governmental plans; and (C) one or more of the following circumstances is true:

(i) Equity interests in Guarantor are publicly offered securities, within the meaning of 29 C.F.R. §2510.3-101(b)(2);

(ii) None of the assets of Guarantor are, by virtue of the application of 29 C.F.R. §2510.3-101(f) as modified by section 3(42) of ERISA, regarded as assets of any Plan; or

(iii) Guarantor qualifies as an "operating company" or a "real estate operating company" within the meaning of 29 C.F.R. §2510.3-101(c) or (e).

As a further inducement to Lender to make the Loan and in consideration thereof, Guarantor further covenants and agrees (a) that in any action or proceeding brought by Lender against Guarantor on this Guaranty, Guarantor shall and does hereby waive trial by jury, (b) that the Supreme Court of the State of New York for the County of New York, or, in a case involving diversity of citizenship, the United States District Court for the Southern District of New York, shall have exclusive jurisdiction of any such action or proceeding, and (c) that service of any summons and complaint or other process in any such action or proceeding may be made by registered or certified mail directed to Guarantor at Guarantor's address set forth above, Guarantor waiving personal service thereof. Nothing in this Guaranty will be deemed to

4

preclude Lender from bringing an action or proceeding with respect hereto in any other jurisdiction.

This is a guaranty of payment and not of collection and upon any default of Borrower with respect to a Guaranteed Recourse Obligation of Borrower beyond any applicable notice, grace and/or cure period set forth in the Note, the Loan Agreement, or the other Loan Documents, Lender may, at its option, proceed directly and at once, without notice, against Guarantor to collect and recover the full amount of the liability hereunder with respect to such default or any portion thereof, without proceeding against Borrower or any other person, or foreclosing upon, selling, or otherwise disposing of or collecting or applying against the Property or other collateral for the Loan. Guarantor hereby waives the pleading of any statute of limitations as a defense to the obligation hereunder.

Each reference herein to Lender shall be deemed to include its successors and assigns, to whose favor the provisions of this Guaranty shall also inure. Each reference herein to Guarantor shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of Guarantor, all of whom shall be bound by the provisions of this Guaranty. This Guaranty shall be terminated, and Guarantor shall be released from all liability hereunder, in the event that Borrower delivers to Lender a guaranty by a replacement guarantor acceptable to Lender in its sole discretion.

If any party hereto shall be a partnership, the agreements and obligations on the part of Guarantor herein contained shall remain in force and application notwithstanding any changes in the individuals composing the partnership and the term "Guarantor" shall include any alternate or successive partnerships but the predecessor partnerships and their partners shall not thereby be released from any obligations or liability hereunder.

Guarantor (and its representative, executing below, if any) has full power, authority and legal right to execute this Guaranty and to perform all its obligations under this Guaranty.

All understandings, representations and agreements heretofore had with respect to this Guaranty are merged into this Guaranty which alone fully and completely expresses the agreement of Guarantor and Lender with respect to the subject matter hereof.

This Guaranty may be executed in one or more counterparts by some or all of the parties hereto, each of which counterparts shall be an original and all of which together shall constitute a single agreement of Guaranty. The failure of any party hereto to execute this Guaranty, or any counterpart hereof, shall not relieve the other signatories from their obligations hereunder.

This Guaranty may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Lender or Borrower, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

This Guaranty shall be governed, construed and interpreted as to validity, enforcement and in all other respects, in accordance with the laws of the State of New York.

       Guarantor waives any right or claims of right to cause a marshalling of Borrower's assets or to proceed against Guarantor, Borrower or any other guarantor of any of Borrower's obligations in any particular order, including, but not limited to, any right arising out of NRS 40.430.

**[NO FURTHER TEXT ON THIS PAGE]**

    IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of the date first above set forth.

FONTAINEBLEAU RESORTS, LLC, a Delaware limited liability company

By: _____
Name: Jeffrey Soffer
Title: Exec. Chairman

_____
Jeffrey Soffer, an Individual

GUARANTY OF RECOURSE OBLIGATIONS