Hearing Date and Time:  October 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  September 12, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S ONE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, STUART MITCHELL, ESQ., AT (212) 837-6809.**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |

**NOTICE OF HEARING ON THE TRUSTEE'S ONE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS**
**(NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on August 22, 2013, James W. Giddens (the

"Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor"

or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA"), by and through his undersigned counsel, filed his one hundred twenty-sixth

omnibus objection to general creditor claims (the "One Hundred Twenty-Sixth Omnibus

<u>Objection to General Creditor Claims</u>"), and that a hearing to consider the Trustee's One

Hundred Twenty-Sixth Omnibus Objection to General Creditor Claims will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "<u>Bankruptcy Court</u>"), on **October 24, 2013 at 10:00 a.m. (Prevailing**

**Eastern Time)** (the "<u>Hearing</u>").

   **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the

order must (i) be in writing; (ii) state the name and address of the responding party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 by registered users of the Court's Electronic Case Filing

system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format no later than **September 12, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

(the "<u>Response Deadline</u>"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery

Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq., (b) Securities Investor

Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn:

Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to

the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Trustee's One Hundred Twenty-Sixth Omnibus Objection to General Creditor

Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Trustee's One Hundred Twenty-Sixth Omnibus Objection to General Creditor Claims,

which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      August 22, 2013

                HUGHES HUBBARD & REED LLP

                By: /s/  James B. Kobak, Jr.
                James B. Kobak, Jr.
                Christopher K. Kiplok
                Meaghan C. Gragg
                One Battery Park Plaza
                New York, New York 10004
                Telephone:  (212) 837-6000
                Facsimile:  (212) 422-4726
                Email:  kobak@hugheshubbard.com

                Attorneys for James W. Giddens,
                Trustee for the SIPA Liquidation of
                Lehman Brothers Inc.
                     .

Hearing Date and Time:  October 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  September 12, 2013 at 4:00 p.m. (Prevailing Eastern Time)

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>            LEHMAN BROTHERS INC.,<br><br>                                    Debtor. | Case No.  08-01420 (JMP) |

**THE TRUSTEE'S ONE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION**
**TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED**
**PROOFS OF CLAIM.  PARTIES RECEIVING THIS ONE HUNDRED TWENTY-**
**SIXTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD**
**REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR**
**CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE**
**EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS**
**OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL,**
**STUART MITCHELL, ESQ., AT (212) 837-6809.**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act of

1970 as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[1] by and through his undersigned counsel,

respectfully represents as follows:

## **RELIEF REQUESTED**

1.      The Trustee files this one hundred twenty-sixth omnibus objection to general

creditor claims (the "One Hundred Twenty-Sixth Omnibus Objection to General Creditor

Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of

SIPA, Rule 3007(d)(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to general

creditor claims filed in this SIPA proceeding (the "General Creditor Claim Objection Procedures

Order," ECF No. 5441), seeking disallowance and expungement of the claims listed on Exhibit

A annexed hereto.  The Trustee's proposed order (the "Proposed Order") is annexed hereto as

Exhibit C.

2.      The proofs of claim identified on Exhibit A (collectively, the "No Liability

Claims") seek to recover assets held in customer accounts (the "Claimed Accounts").  Each of

the claimants asserting a No Liability Claim also filed a customer claim in this SIPA proceeding

for the same cash and securities claimed in the No Liability Claims (the "Duplicative Customer

---

1.   For convenience, subsequent references to SIPA will omit "15 U.S.C."

Claims"). Each claimant asserting a Duplicative Customer Claim received a Notice of

Determination ("NOD") denying the Duplicative Customer Claim on the grounds that the

Claimed Account had a zero balance. Pursuant to the procedures approved by this Court for

resolving customer claims in the Claims Process Order (as that term is defined herein), each of

the NODs for the denied Duplicative Customer Claims has become final and the Duplicative

Customer Claims have been expunged from the customer claims register in this SIPA

proceeding. As the No Liability Claims are duplicative of claims that had been previously

disallowed and expunged, the No Liability Claims should be disallowed and expunged in their

entirety.

3.    Moreover, standing alone, there is no basis for the No Liability Claims. As

further described below, LBI's books and records show that the Claimed Accounts were each

zero-balance accounts as of the Filing Date (as that term is defined herein). The holders of the

No Liability Claims fail to articulate any legal or factual basis for recovery beyond asserting a

claim for cash or securities that were not held by LBI as of the Filing Date (as that term is

defined herein). Therefore, the Trustee requests that the No Liability Claims be disallowed and

expunged in their entirety.

## **JURISDICTION**

4.    Following removal to this Court for all purposes as required for SIPA cases by

section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties conferred

by [SIPA] upon the court to which the application for the issuance of the protective decree was

made." 15 U.S.C. § 78eee(b)(4).

5.    Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C.

section 78aa.

## BACKGROUND

6.        On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, United States District Court, Southern District of New York, entered the Order Commencing Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to the provisions of SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, *inter alia*, (i) appointed the Trustee for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA; and (ii) removed the case to this Court for all purposes as required for SIPA cases by section 78eee(b)(4) of SIPA, in the case captioned *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (the "SIPA Proceeding").

7.        On November 7, 2008, the Court entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-2(a)(1), the Trustee mailed more than 905,000 claims packages with filing information to former LBI customers and other potential claimants (the "Claims Process Notice") and posted claims filing information on the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The Trustee also published notice of the claims process in The New York Times, The Wall Street Journal and The Financial Times.

8.        Pursuant to SIPA section 78fff-2(a)(3) and the Claims Process Order, customer claims seeking maximum protection under SIPA must have been received by the Trustee on or before January 30, 2009.  All customer claims and general creditor claims must have been

4

received by the Trustee by June 1, 2009 and no claims of any kind will be allowed unless received by the Trustee on or before June 1, 2009.  A copy of the LBI Claims Process Order was made publically available at www.lehmantrustee.com.  The Trustee's website allowed claimants filing electronically to upload documents as part of their claim submission and thereby comply with the instructions to include supporting documentation set forth in the Proof of Claim.

9.      In accordance with the Claims Process Order, in cases where the Trustee denied a claim for protection as a customer and converted the claim to a general creditor claim, the Trustee notified the claimant consistent with the procedures set forth in the Claims Process Order.  The claimant was afforded the opportunity to object and have the matter heard by the Court if the claimant was aggrieved by the Trustee's denial of customer treatment and conversion of the claim to a general creditor claim.  If a claimant did not object to the Trustee's conversion of the claim consistent with the procedures set forth in the Claims Process Order, the Trustee's conversion of the claim to a general creditor claim became final.

10.     On November 15, 2012, the Court entered the General Creditor Claim Objection Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections to no more than 200 general creditor claims at a time, on various grounds, including the grounds that the claims subject to the omnibus objection seek recovery of amounts for which LBI is not liable.

## THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

11.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case

No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

12.     Based on a review by the Trustee's professionals of the general creditor claims filed on the claims register in this case and maintained by the Trustee's claims agent and the books and records of the LBI estate, as further described in the declaration of Timothy Hurley, a Principal of Deloitte Financial Advisory Services LLP, annexed hereto as Exhibit B, the Trustee has identified the No Liability Claims listed on Exhibit A as claims for which LBI is not liable. Each of the No Liability Claims seeks to recover assets held in one or more Claimed Accounts. However, as specified on Exhibit A, LBI's books and records show that the Claimed Account was with LBI but had a zero balance as of the Filing Date.

13.     Each of the claimants asserting a No Liability Claim also filed a Duplicative Customer Claim and received an NOD denying the Duplicative Customer Claim on the grounds that no cash or securities were held in the Claimed Account as of the Filing Date.  Pursuant to the Claims Process Order, the Trustee's determination in each of the NODs for the Duplicative Customer Claims has become final and the Duplicative Customer Claims have been expunged from the customer claims register in this SIPA Proceeding.  None of the No Liability Claims asserts a basis for recovery beyond that asserted in the corresponding Duplicative Customer Claim.

14.     Even if the claimants asserting a No Liability Claim had not also filed a Duplicative Customer Claim, the No Liability Claims would still be objectionable, as they fail to

articulate any legal or factual justification for asserting a claim against LBI.  The holders of the

No Liability Claims seek the recovery of cash and/or securities in the Claimed Accounts, but fail

to articulate any legal or factual justification for asserting a claim against LBI.  The Claimed

Accounts had a zero balance as of the Filing Date.  If the No Liability Claims remain on the

claims register, the potential exists for recoveries by parties who do not hold valid claims against

the LBI Estate.  Thus, the Trustee requests that the Court enter an order disallowing and

expunging in their entirety the No Liability Claims listed on Exhibit A.

## RESERVATION OF RIGHTS

15.    The Trustee reserves all rights to object on any other basis to any No Liability

Claim or any portion of any No Liability Claim for which the Court does not grant the relief

requested herein.

## NOTICE

16.    Notice of this One Hundred Twenty-Sixth Omnibus Objection to General Creditor

Claims has been provided to (i) each claimant listed on Exhibit A via overnight mail; and (ii) the

list of parties requesting notice of pleadings in accordance with the Court's Amended Order

Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007

Implementing Certain Notice and Case Management Procedures and Related Relief entered by

the Court on July 13, 2010 (ECF No. 3466), and will be immediately available for inspection

upon filing with the Court at the Trustee's website, www.lehmantrustee.com.  The Trustee

submits that no other or further notice need be provided.

## NO PRIOR RELIEF REQUESTED

17.    No previous request for the relief requested herein has been made by the Trustee

to this or any other Court.

## CONCLUSION

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:   New York, New York
         August 22, 2013

HUGHES HUBBARD & REED LLP

By: /s/  James B. Kobak, Jr.
James B. Kobak, Jr.
Christopher K. Kiplok
Meaghan C. Gragg
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:   kobak@hugheshubbard.com


Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

**EXHIBIT A**

## IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (JMP) SIPA
## ONE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION: EXHIBIT A- NO LIABILITY CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | BLISS, JAYNE L.<br>215 EAST 80TH STREET APT 7G<br>NEW YORK, NY 10075-0544 | 886 | 1/12/2009 | $8,500.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 2 | BYRNE, JACQUELINE E<br>7118 MARYLAND AVE<br>SAINT LOUIS, MO 63130 | 2364 | 1/29/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 3 | CAPITALWORKS QED, LLC<br>5701 EAST ABBEY ROAD<br>SUITE 400<br>FLAGSTAFF, AZ 86004-5807 | 4253 | 3/31/2009 | $1,246,461.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 4 | CORPORATE FAMILY OFFICE SIM SPA<br>VIA DELL ANNUNCIATA 23/4<br>MILANO 20121<br>ITALY | 3609 | 2/15/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 5 | DEWBERRY, SYLVIA S.<br>840 THORNBERRY DR.<br>ALPHARETTA, GA 30022-8203 | 5147 | 5/29/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 6 | DK INVESTMENT LLC<br>C/O MARTIN S ETTIN ESQ KATZ<br>ETTIN LEVINE KURZWEIL & WEBER<br>905 NORTH KINGS HIGHWAY<br>CHERRY HILL, NJ 08034-1569 | 1506 | 1/23/2009 | $860.14 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 7 | DOHLE, RAINER G<br>467 SARATOGA AVE #309<br>SAN JOSE, CA 95129 | 3624 | 2/17/2009 | $240,603.25 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "UNSPECIFIED**", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 8 | DUFF, SAMUEL EDWARD, TTEE<br>DAVID A. DUFF TRUST U/A DTD 4/24/86<br>4233 PENTRITH CT<br>DUBLIN, OH 43016-8276 | 5648 | 6/1/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 9 | FINKEL, E. MEYER & SARA JTWROS<br>2 GIVAT MOSHE ST<br>JERUSALEM<br>ISRAEL | 3441 | 2/4/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 10 | KOLOGY, KEVIN<br>IRA ROLLOVER CUSTODIAN<br>225 WASHINGTON AVE<br>CHATHAM, NJ 07928-1709 | 7000897 | 1/30/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 11 | MASON, VICKI R & ENRIQUE O SR<br>JTWROS<br>P O BOX 353<br>YORBA LINDA, CA 92885-0353 | 402 | 12/23/2008 | $2,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 12 | MK INVESTMENT LLC<br>C/O MARTIN S ETTIN ESQ KATZ<br>ETTIN LEVINE KURZWEIL & WEBER<br>905 NORTH KINGS HIGHWAY<br>CHERRY HILL, NJ 08034-1569 | 3377 | 2/2/2009 | $858.76 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 13 | ROMNEY, GEORGE SCOTT<br>2290 FIRST NATIONAL BUILDING<br>DETROIT, MI 48226-3506 | 916 | 1/12/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 14 | SHEARSON LEHMAN BROS INC CUST FOR JOHN W STONE<br>P O BOX 74<br>HASTING, FL 32145 | 3560 | 2/12/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 15 | SIXTH GEAR SOLUTIONS CORP<br>1212 AVENUE OF THE AMERICAS<br>17TH FLOOR<br>NEW YORK, NY 10036-1602 | 2940 | 1/30/2009 | $500,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |

2

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "UNSPECIFIED**", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 16 | SROKA, HELENE IRA CUSTODIAN 4331 STATE ROAD REAR CLEVELAND, OH 44109-4157 | 542 | 12/29/2008 | $17,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| | Total | | | $2,016,283.15 | |

3

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "UNSPECIFIED**", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |

### DECLARATION OF TIMOTHY HURLEY IN SUPPORT OF
### THE TRUSTEE'S ONE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION TO
### GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)

Pursuant to 28 U.S.C. § 1746, I, Timothy Hurley, hereby declare as follows:

1.      I am a Principal of Deloitte Financial Advisory Services LLP ("Deloitte FAS").
James W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc.
("LBI"), has duly authorized me to make and submit this declaration (the "Declaration") in
support of the Trustee's one hundred twenty-sixth omnibus objection to general creditor claims
(the "One Hundred Twenty-Sixth Omnibus Objection to General Creditor Claims").[1]

2.      The facts set forth in this Declaration are based upon my personal knowledge,
upon information and belief, and/or upon certain proofs of claim, certain information from the
LBI general claims register as maintained by the Trustee's claim agent, and the books and
records of the LBI estate (the "Books and Records") analyzed by me or other personnel under
my supervision and direction.  If called and sworn as a witness, I could and would testify
competently to the matters set forth herein.

---

1.   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      In the context of my services for the Trustee, I am involved in assisting with the Trustee's general creditor claim reconciliation process.  Accordingly, I and personnel under my supervision and direction have analyzed the claims asserted against the LBI estate listed in Exhibit A annexed to the One Hundred Twenty-Sixth Omnibus Objection to General Creditor Claims (the "Proofs of Claim"), certain information from the LBI general claims register as maintained by the Trustee's claims agent, and the Books and Records.  For each account claimed in the Proofs of Claim listed on Exhibit A (a "Claimed Account"), the Books and Records were analyzed to identify (i) whether the Claimed Accounts appear in the Books and Records; (ii) whether Claimed Accounts which appear in the Books and Records show a zero balance on the Filing Date; and (iii) whether LBI held the cash and/or securities claimed on the Proofs of Claim on behalf of the claimant on the Filing Date.

4.      Based on our analysis, each of the Proofs of Claim identified as No Liability Claims on Exhibit A either are exact duplicates or are in substance duplicates of customer claims filed in this SIPA proceeding (the "Duplicative Customer Claims").  The Trustee issued notices of determination denying each of the Duplicative Customer Claims. For each Duplicative Customer Claim, there is no record that the corresponding claimants filed a written opposition to the Trustee's determination of such claims by the deadline established pursuant to the Claims Process Order.

5.      Additionally, our analysis shows (i) that the Claimed Accounts appear in the books and records and show a zero-balance on the Filing Date; and (ii) that the Books and Records do not show that LBI  held either securities or cash on the Filing Date on behalf of the claimants.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2013

/s/  Timothy Hurley
_____

Timothy Hurley
Principal, Deloitte Financial Advisory Services
LLP

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |

**[PROPOSED] ORDER GRANTING THE TRUSTEE'S ONE HUNDRED TWENTY-
SIXTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS
(NO LIABILITY CLAIMS)**

Upon the one hundred twenty-sixth omnibus objection to claims, dated August

22, 2013 (the "One Hundred Twenty-Sixth Omnibus Objection to General Creditor Claims"),[1] of

James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. (the

"Debtor" or "LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C.

§§ 78aaa *et seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to

sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), disallowing and expunging the No Liability Claims on the

grounds that LBI does not have any liability, in whole or in part, all as more fully described in

the One Hundred Twenty-Sixth Omnibus Objection to General Creditor Claims; and due and

proper notice of the One Hundred Twenty-Sixth Omnibus Objection to General Creditor Claims

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the One Hundred Twenty-Sixth

---

1.   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion.

Omnibus Objection to General Creditor Claims is in the best interests of LBI, its estate, its

customers and creditors, and all parties in interest and that the legal and factual bases set forth in

the One Hundred Twenty-Sixth Omnibus Objection to General Creditor Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

      **ORDERED** that the relief requested in the One Hundred Twenty-Sixth Omnibus

Objection to General Creditor Claims is granted; and it is further

      **ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

      **ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
     October __, 2013

                                _____
                                HONORABLE JAMES M. PECK,
                                UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (JMP) SIPA
## ONE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION: EXHIBIT 1- NO LIABILITY CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | BLISS, JAYNE L. 215 EAST 80TH STREET APT 7G NEW YORK, NY 10075-0544 | 886 | 1/12/2009 | $8,500.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 2 | BYRNE, JACQUELINE E 7118 MARYLAND AVE SAINT LOUIS, MO 63130 | 2364 | 1/29/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 3 | CAPITALWORKS QED, LLC 5701 EAST ABBEY ROAD SUITE 400 FLAGSTAFF, AZ 86004-5807 | 4253 | 3/31/2009 | $1,246,461.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 4 | CORPORATE FAMILY OFFICE SIM SPA VIA DELL ANNUNCIATA 23/4 MILANO 20121 ITALY | 3609 | 2/15/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 5 | DEWBERRY, SYLVIA S. 840 THORNBERRY DR. ALPHARETTA, GA 30022-8203 | 5147 | 5/29/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 6 | DK INVESTMENT LLC C/O MARTIN S ETTIN ESQ KATZ ETTIN LEVINE KURZWEIL & WEBER 905 NORTH KINGS HIGHWAY CHERRY HILL, NJ 08034-1569 | 1506 | 1/23/2009 | $860.14 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 7 | DOHLE, RAINER G 467 SARATOGA AVE #309 SAN JOSE, CA 95129 | 3624 | 2/17/2009 | $240,603.25 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "UNSPECIFIED\*\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 8 | DUFF, SAMUEL EDWARD, TTEE<br>DAVID A. DUFF TRUST U/A DTD 4/24/86<br>4233 PENTRITH CT<br>DUBLIN, OH  43016-8276 | 5648 | 6/1/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 9 | FINKEL, E. MEYER & SARA JTWROS<br>2 GIVAT MOSHE ST<br>JERUSALEM<br>ISRAEL | 3441 | 2/4/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 10 | KOLOGY, KEVIN<br>IRA ROLLOVER CUSTODIAN<br>225 WASHINGTON AVE<br>CHATHAM, NJ  07928-1709 | 7000897 | 1/30/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 11 | MASON, VICKI R & ENRIQUE O SR<br>JTWROS<br>P O BOX 353<br>YORBA LINDA, CA  92885-0353 | 402 | 12/23/2008 | $2,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 12 | MK INVESTMENT LLC<br>C/O MARTIN S ETTIN ESQ KATZ<br>ETTIN LEVINE KURZWEIL & WEBER<br>905 NORTH KINGS HIGHWAY<br>CHERRY HILL, NJ  08034-1569 | 3377 | 2/2/2009 | $858.76 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 13 | ROMNEY, GEORGE SCOTT<br>2290 FIRST NATIONAL BUILDING<br>DETROIT, MI  48226-3506 | 916 | 1/12/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 14 | SHEARSON LEHMAN BROS INC CUST FOR JOHN W STONE<br>P O BOX 74<br>HASTING, FL  32145 | 3560 | 2/12/2009 | UNSPECIFIED* | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| 15 | SIXTH GEAR SOLUTIONS CORP<br>1212 AVENUE OF THE AMERICAS<br>17TH FLOOR<br>NEW YORK, NY  10036-1602 | 2940 | 1/30/2009 | $500,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |

2

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "UNSPECIFIED**", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 16 | SROKA, HELENE IRA CUSTODIAN 4331 STATE ROAD REAR CLEVELAND, OH  44109-4157 | 542 | 12/29/2008 | $17,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED ACCOUNT HELD NO CASH OR SECURITIES AS OF THE FILING DATE. |
| | Total | | | $2,016,283.15 | |

3

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "UNSPECIFIED**", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form).