Hearing Date: March 17, 2010 at 10:00 a.m.
Objcetion Deadline: March 12, 2010 at 4:00 p.m.

Ira M. Levee (IL 9958)
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

and

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2480 (Telephone)
(973) 597-2841 (Facsimile)

*Attorneys for Factiva, Inc.,*
*Factiva Limited and Dow Jones & Company, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al*., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**MOTION BY FACTIVA, INC., FACTIVA LIMITED
AND DOW JONES & COMPANY, INC. FOR AN ORDER
(A) COMPELLING IMMEDIATE PAYMENT OF POST-PETITION
ADMINISTRATIVE EXPENSE CLAIMS AND (B) COMPELLING
THE DEBTORS TO ASSUME OR REJECT EXECUTORY CONTRACTS
OR ALTERNATIVELY MODIFYING THE AUTOMATIC STAY TO
<u>PERMIT MOVANTS TO TERMINATE THE EXECUTORY CONTRACTS</u>**

Dow Jones & Co., Inc., a Delaware business corporation, and its indirect wholly-owned

subsidiaries, Factiva, Inc. (a Delaware business corporation) and Factiva Limited (a company

08-13555-mg    Doc 7102    Filed 02/15/10    Entered 02/15/10 13:58:36    Main Document
Pg 2 of 10

organized under the laws of England and Wales) (collectively defined as "Factiva"), by their undersigned counsel, respectfully move this Court for the entry of an order (a) compelling immediate payment of post-petition administrative expense claims, and (b) compelling the Debtors (defined below) to assume or reject certain executory contracts or, alternatively, modifying the automatic stay to permit Factiva to terminate the executory contracts (the "Motion"). In support thereof, Factiva respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over these Chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157 (b)(2)(A), (G) and (O) and 1334. This Motion is a core proceeding as defined in 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are 11 U.S.C. §§ 105(a), 362(d), 365(d)(2) and 503(b).

## BACKGROUND

2. On September 15, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, with LBHI, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtors have continued to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Prior to the filing of the petitions herein, the Debtors entered into various agreements (the "Agreements") with Factiva. Pursuant to the Agreements, Factiva provided business information and other related services ("Factiva Services") to the Debtors. Some of the Agreements were assumed and assigned to Barclays in connection with the sale of substantially all of the Debtors' assets to Barclays. Following the sale to Barclays, the Debtors continued to operate and utilize the remaining Factiva Services provided by Factiva to the Debtors under

those Agreements not assumed and assigned to Barclays or other purchasers of the Debtors' assets (the "Remaining Agreements").

4. Currently, Factiva and the Debtors, specifically LBHI, are parties to three (3) Remaining Agreements whereby Factiva continues to provide Factiva Services to LBHI,[1] however, payments have not been made on the Remaining Agreements post-petition. Copies of the Remaining Agreements are annexed hereto as Exhibits A-1, A-2 and A-3.

### REQUESTED RELIEF AND THE BASIS THEREFORE

5. Factiva seeks entry of an Order compelling payment of the amounts due and owing Factiva under the Remaining Agreements since the Petition Date. Factiva also seeks entry of an Order compelling the Debtors to assume or reject the Remaining Agreements, or alternatively, modifying the automatic stay pursuant to 11 U.S.C. § 362(d)(1) permitting Factiva to terminate the Remaining Agreements for cause.

**A. The Court Should Compel Debtors to Pay the Post-Petition Amounts Owed to the Factiva Entities Immediately**

6. As of the date of this Motion, despite having received the Factiva Services provided under the Remaining Agreements, the Debtors have failed to pay Factiva a total of $1,957,848.75 for post-petition Factiva Services as follows: $1,921,731.57 for Factiva Services relative to account number 9LEH000300; $33,867.18 for Factiva Services relative to account number 9LEH001600; and $2,250.00 for Factiva Services relative to account number 41N00432. Copies of the outstanding invoices are annexed hereto as Exhibits B-1, B-2 and B-3. Services are invoiced on a fixed enterprise fee basis.[2]

---

[1] On January 1, 2008, the Lehman Organization elected to amend the Remaining Agreement for Account No. 9LEH000300 to reflect that the proper party is LBHI. *See* Exhibit A-1.

[2] On January 1, 2008, LBHI elected to be billed based upon a Fixed Enterprise Fee with no usage review for Account No. 9LEH000300. *See* Exhibit A-1. The other remaining outstanding accounts were historically billed based upon a fixed fee, and not upon usage.

7. Factiva is entitled to administrative expense status for the reasonable value of the Factiva Services provided to the Debtors by Factiva since the Petition Date. The post-petition Factiva Services were essential to and benefited the Debtors' estates because they (i) allowed the Debtors to continue to operate post-petition and (ii) allowed the Debtors to be more marketable for purposes of selling their assets as a going concern. The Factiva Services that Factiva provides to the Debtors were used, and continue to be used, by the Debtors after the Petition Date.

8. Administrative expense status and immediate payment for the post-petition Factiva Services provided to the Debtors in the total amount of $1,957,848.75 are warranted by virtue of Section 503(a) and (b) of the Bankruptcy Code which provide as follows:

> (a) [a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.
>
> (b) [a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including -
>
>> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

9. Thus, pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a), Factiva seeks entry of an order allowing administrative expense treatment of the unpaid charges associated with the Factiva Services, and requests that the Court enter an order compelling the Debtors to immediately pay Factiva the sum of $1,957,848.75 for the outstanding post-petition Factiva Services.

10. Factiva reserves the right to amend this amount in the event that additional outstanding post-petition amounts are discovered and become due prior to payment as allowed by the Court.

**B.    The Court Should Compel Debtors to Immediately Assume Or Reject the Remaining Agreements**

11.    The Remaining Agreements are clearly executory contracts because they have not expired and material performance remains by the parties until the Remaining Agreements are terminated.  Until such time, Factiva is required to continue to provide the Factiva Services and LBHI is required to pay for such service.

12.    Generally, a chapter 11 debtor in possession has until confirmation of a plan of reorganization to assume or reject executory contracts.  11 U.S.C. §§ 365(d)(2) and 1123(b)(2); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188 (1984); *In re Adelphia Communications Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003).

13.    However, 11 U.S.C. § 365(d)(2) authorizes the Court to require a debtor to assume or reject an unexpired lease or executory contract within a lesser period of time upon the request of any party to such lease or executory contract.

> [T]he trustee may assume or reject an executory contract or unexpired lease . . . at any time before the confirmation of a plan . . . but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. § 365(d)(2).

14.    The Bankruptcy Court, in its discretion, may determine to advance the election date.  *In re Monroe Well Service, Inc.,* 83 B.R. 317, 323 (Bankr.E.D.Pa.1988).  When a request by a party in interest is made, the Bankruptcy Court must determine what is a "reasonable period of time" for the debtor to make its election.  That determination is to be made based upon all of the facts and circumstances of the case.  *Theatre Holding Corp. v. Mauro* (*In re Theatre Holding Corp.*), 681 F.2d 102, 105 (2d Cir. 1982) ); *In re Dana Corp.*, 350 B.R. 144, 147-48 (Bankr.

S.D.N.Y. 2006); *The Sumitomo Trust & Banking Co., Ltd. v. Holly's Inc. (Matter of Holly's, Inc.)*, 140 B.R. 643, 682 (Bankr.W.D.Mich. 1992.

15. Courts have considered a variety of factors in determining whether to shorten the period in which a debtor must assume or reject a lease or executory contract. Among the factors considered are (i) the damage the non-debtor party will suffer in excess of compensation available under the Bankruptcy Code, (ii) the importance of the lease or executory contract to the debtor's business and reorganization, (iii) whether the debtor has had sufficient time to evaluate its financial situation and potential value of its assets in formulating a plan, and (iv) whether exclusivity has terminated. *In re Enron Corp.*, 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002), citing *Theatre Holding Corp., supra,* at 105, and noting its applicability to executory contracts; *see also Adelphia Communications*, 291 B.R. at 293.

16. Although the general rule under 11 U.S.C. § 365 is intended to afford a debtor reasonable time to assess its executory contracts and unexpired leases, such an assessment cannot ignore the injury posed to non-debtor parties to such agreements. Rather, courts must consider the balance of harms to the litigants in determining when to require a decision on assumption or rejection under Section 365(d)(2) of the Bankruptcy Code. *See In re Beker Indus. Corp.*, 64 B.R. 890, 896-97 (Bankr. S.D.N.Y. 1986) (granting motion to compel where uncertainty and harm to non-debtor party outweighed potential benefit to the debtor's estate); *In re Enron*, 279 B.R. at 709 (setting date certain by which the debtor must assume or reject contracts).

17. A debtor may not attempt to obtain a benefit from an unexpired lease or executory contract at the expense of a non-debtor party like Factiva. *See In re Beker Indus. Corp.*, 64 B.R. at 898-99 (stating "there is no indication that an obligee is to be forced several months after bankruptcy to fund someone else's desire for benefit").

18. The goals and protections of chapter 11 extend equally to both debtors and creditors. *See In re Levinsky*, 23 B.R. 210, 215 (Bankr. E.D.N.Y. 1982); *Case v. Los Angeles*

*Lumber Prods. Co.*, 308 U.S. 106, 119 n. 4 (1939) (acknowledging that "[t]he preservation of business enterprises must not be at the expense of creditors…") (citations omitted); *Carvalho v. Fed. Nat'l Mortgage Bank Ass'n (In re Carvalho)*, 335 F.3d 45, 51 (1st Cir. 2003) ("Bankruptcy law endeavors to strike an equitable balance between the debtors' needs -- especially the need for a fresh start -- and the creditors' rights.").

19. Here, the damage to Factiva is obvious. It has continued to provide valuable services under the Remaining Agreements without receiving any consideration. The Debtors have been receiving the services provided by Factiva, but have failed to make any payments as evidenced by the unpaid invoices annexed hereto. The Debtors have continued to reap the benefits of the sophisticated financial reports and information provided by Factiva under the Remaining Agreements. The Debtors have liquidated substantially all of their assets and are not reorganizing so the Remaining Agreements are not necessary to any reorganization. The Debtors have had sufficient time since the Petition Date, more than 16 months ago, to evaluate the need to retain the Remaining Agreements.

20. Despite that exclusivity has not been terminated, the equities clearly weigh in favor of compelling the Debtors to assume or reject the Remaining Agreements.

21. Therefore, Factiva respectfully requests that the Court enter an Order requiring the Debtors to immediately assume or reject the Remaining Agreements.

22. As previously stated, Factiva reserves the right to amend the amount owed post-petition to the extent additional amounts are discovered.

**C.  The Automatic Stay Should Be Modified to Allow Factiva to Terminate the Remaining Agreements.**

23. Pursuant to 11 U.S.C. § 362(d)(1), the Court may grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Although "cause" is not defined in the Bankruptcy Code, its application is broad and flexible, *In re M.J. & K. Co.*, 161 B.R. 586, 590 (Bankr.

08-13555-mg    Doc 7102    Filed 02/15/10    Entered 02/15/10 13:58:36    Main Document
Pg 8 of 10

S.D.N.Y. 1993), and the determination of whether sufficient cause exists to grant stay relief must be addressed on a case by case basis. *Id.*, at 591; *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142-43 (2d Cir. 1999).

24.     The question of whether to lift the stay for cause is within the Court's discretion. *Sonnax. Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus. Inc.)*, 907 F.2d 1280, 286 (2d Cir. 1990). Courts have broad discretion in crafting relief from the stay. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994); *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir. 1992). The automatic stay should be modified "when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems." *Int'l Bus. Machs. v. Fernstrom Storage & Van Co. (Matter of Fernstrom Storage & Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991). Factors to be considered in making a determination of cause include whether there is a likelihood of great prejudice to the debtor or its estate and whether continuation of the stay creates a hardship to the nondebtor party that outweighs the hardship to the debtor. *Id.*

25.     In the event the Debtors do not assume or reject the Remaining Agreements, ample cause exists to lift the stay to allow Factiva to terminate the Remaining Agreements. Given the Debtors' failure to perform under the Remaining Agreements; *i.e.*, to pay Factiva, and their insolvency, they cannot provide any, let alone adequate, assurance that Factiva's rights and interests will be protected if the stay is not lifted. Moreover, if the Remaining Agreements are not terminated, Factiva will be compelled to continue to provide services post-petition without receiving compensation therefore.

26.     Conversely, the Debtors will not be prejudiced *at all* if the stay is lifted. Upon information and belief, the Debtors have sold all or substantially all of their assets, and are not reorganizing. The Debtors will not suffer any hardship if the Remaining Agreements are terminated. Accordingly, the Court should modify the automatic stay as requested.

27. Each of the Remaining Agreements provides that they may be terminated on written notice by either party (*see* Account No. 9LEH000300, 1/1/08 Amendment to § 6.1, 30 days' notice; Account No. 9LEH001600, 1 month's notice; Account No. 41N00432, 30 days' notice). Accordingly, in light of LBHI's failure to perform and satisfy its obligations under the Remaining Agreements, Factiva respectfully requests that the Remaining Agreements be deemed terminated effective as of the date of the Order, or, alternatively, that the automatic stay be modified to permit Factiva to take the necessary steps to terminate the Agreements.

28. Factiva also requests that any Order the Court may enter granting relief from the automatic stay be immediately effective and not subject to the stay of enforcement provisions of Bankruptcy Rule 4001(a)(3).

## **NOTICE**

29. Notice of the Motion has been provided to: (a) the Debtors' counsel, (b) counsel to the Official Committee of Unsecured Creditors, (c) the United States Trustee, (d) any person or entity with a particularized interest in the subject matter of this Motion and (e) all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Order Implementing Certain Notice and Case Management Procedures dated September 22, 2008, as required by the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures entered on February 13, 2009. Factiva respectfully submits that such notice is good and sufficient under the circumstances, and that no other or further notice is required.

## REQUEST FOR WAIVER OF THE
## MEMORANDUM OF LAW REQUIREMENT

30. The legal bases for the relief requested in the Motion are set forth herein and, accordingly, Factiva respectfully requests that the Court waive the memorandum of law requirement imposed by Local Rule 9013-1(b).

## NO PRIOR REQUEST

31. Factiva has not previously requested the relief requested herein from this or any other Court.

**WHEREFORE**, Factiva respectfully requests the entry of an order (a) compelling payment of post-petition administrative expense claims, (b) compelling the Debtors to assume or reject contracts, or, alternatively, modifying the automatic stay to the extent necessary to permit Factiva to terminate the Agreements, (c) waiving the stay of enforcement provisions to Bankruptcy Rule 4001(a)(b); and (d) granting such other and further relief as the Court deems just and proper.

Dated: February 15, 2010

Respectfully submitted,

LOWENSTEIN SANDLER PC

By: /s/ Ira M. Levee
    Ira M. Levee (IL9958)
1251 Avenue of the Americas
New York, NY 10020
Tel.: 212.262.6700
Fax: 212.262.7402
and
65 Livingston Avenue
Roseland NJ 07068
Tel.: 973.597.2480
Fax: 973.597.2481

Attorneys for Factiva