**DAY PITNEY LLP**
(MAIL TO) P. O. BOX 1945, MORRISTOWN, NJ 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, MORRISTOWN, NJ 07932-0950
Telephone:    (973) 966-6300
Facsimile:    (973) 966-1015

- and -

7 Times Square
New York, New York 10036-7311
Telephone:    (212) 297-5800
Facsimile:    (212) 916-2940
SCOTT A. ZUBER, ESQ. (SZ-9728)
HERBERT K. RYDER, ESQ. (HR-5137)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*, | Case No. :  08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| In re: | Chapter 11 |
| **LEHMAN BROTHERS SPECIAL FINANCING, INC.** | Case No. :  08-13888 (JMP) |
| Debtors. | (Jointly Administered) |

**AMENDED NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR**
**SECURITY PURSUANT TO FED. R. BANKR. P. 3001 (e) (2)**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a), by Arche Master Fund, L.P. (the "Transferor"), against Lehman Brothers Special Financing, Inc., in the amount of no less than $4,496,800.97, which has been designated as Claim No. 4261 (the "Claim"). Assignee (as that term is defined below) hereby gives notice pursuant to Fed. R. Bankr. P. Rule 3001(e)(2), of the transfer, other than for security, of the Claim (the "Transferred Claim") in the amount of no less than $4,492,050.97[1]. Assignee hereby files this notice to amend the notice filed on September 10, 2009 (Document Number 5106 on the case docket), to reflect changes and additions to the noticing addresses. A copy of the

---

[1] This amount is adjusted from the original proof of claim amount to reflect a set-off right asserted by the Transferor in the Claim.

Evidence of Transfer of Claim (the "Evidence of Transfer") is attached hereto as Exhibit "A" and is incorporated by reference.

| **Name of Assignee:** | **Name of Transferor:** |
|---|---|
| SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. | Arche Master Fund, L.P. |

| **Names and Addresses where notices to Assignee should be sent:** | **Name and Address where notices to Transferor should be sent:** |
|---|---|
| Adam J. DePanfilis<br>Silver Point Capital, LP<br>660 Steamboat Road<br>Greenwich, CT 06830 | Arche Master Fund, L.P.<br>c/o XE Capital Advisors, LLC<br>Attn: Jennifer Calma<br>24 W. 40th Street, 2nd Floor<br>New York, NY 10018 |

With a copy to:

Day Pitney LLP
7 Times Square
New York, New York 10036
Attn:   Ronald S. Beacher, Esq.
Telephone   (212) 297-5812

**Name and Address where Assignee payments should be sent:**

SPCP Group, L.L.C.
Two Greenwich Plaza
Greenwich, Connecticut 06830
Attn:   Brian A. Jarmain
Telephone:   (203) 542-4032

      The Transferor has waived its right, pursuant to Fed. R. Bankr. P. 3001 (e)(2), to receive from the Clerk of the Court notice of filing of the Evidence of Transfer and its right to object to such transfer within the twenty (20) day period. The Transferor has stipulated that: (i) an order may be entered recognizing the transfer of the Claim as an unconditional transfer; and (ii) the Assignee is the valid owner of the Claim.

Dated: New York, New York
       February 12, 2010

**DAY PITNEY LLP**

By: _____
    Scott A. Zuber (SZ-9728)
(Mail To) P.O. Box 1945, Morristown, NJ 07962-1945
(Delivery To) 200 Campus Drive, Morristown, NJ 07932
Telephone:   (973) 966-6300
Facsimile:   (973) 966-1015

*Attorneys For SPCP Group, L.L.C., As Agent For Silver Point Capital Fund, L.P. And Silver Point Capital Offshore Fund, Ltd.*

# Exhibit A

EXHIBIT A TO
ASSIGNMENT OF CLAIM

EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, ARCHE MASTER FUND, L.P. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. ("Assignee"), all of Assignor's right, title, interest, claims[10] and causes of action in and to, or arising under or in connection with Proof of Claim Number 4261[11] in an amount of not less than $4,492,050.97 (the "Assigned Claim"), against Lehman Brothers Special Financing Inc. (the "Debtor"), the debtor-in-possession in Case No. 08-13888 (jointly administered under Case No. 08-13555) (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all other proofs of claim filed by Assignor with the Bankruptcy Court in respect of the Assigned Claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Assigned Claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim for all purposes, including, without limitation, voting and distribution purposes. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of the Assigned Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on June 24 2009.

ARCHE MASTER FUND, L.P.

By: _____
Name of person signing POURIA DEHGHANPOUR
Title of person signing MANAGING DIRECTOR

---

[10] As that term is defined in 11 USC § 101(5).
[11] This Proof of Claim supercedes Proofs of Claim Number 4186 that Assignor had previously filed against LBSFI.
[12] This amount is adjusted to reflect a set-off right asserted by the Assignor in the Assigned Claim.