UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

SUPPLEMENTAL DECLARATION OF ALBERT S. MISHAAN ON BEHALF OF
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP PURSUANT TO
SECTIONS 327, 328(A), 329 AND 504 OF THE BANKRUPTCY CODE AND
RULES 2014(A) AND 2016(B) OF THE BANKRUPTCY RULES

Albert S. Mishaan, being duly sworn, deposes and says:

1. I am a partner in the law firm of Kasowitz, Benson, Torres & Friedman LLP ("KBT&F" or the "Firm"), which maintains its principal offices at 1633 Broadway, New York, New York 10019, and I am duly authorized to make this supplemental declaration (the "Supplemental Declaration") on the Firm's behalf.

2. I submit this Supplemental Declaration to supplement my prior declaration sworn to on January 7, 2010 (the "Declaration"), which was submitted in connection with the retention of KBT&F as special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors (collectively, the "Debtors").

3. On January 11, 2010, the Debtors filed, by notice of presentment, the *Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Kasowitz, Benson, Torres & Friedman LLP, as Special Litigation Counsel, Nunc Pro Tunc to January 6, 2010* (the "Application") [Docket No. 6595]. No objections to the Application were received and on January 28, 2010 an Order was entered approving the retention [Docket No. 6808].

4. As set forth in my prior Declaration, I do not believe there are any actual or potential conflicts (or any restrictions under section 327(e) of the Bankruptcy Code) which would preclude KBT&F from representing the Debtors and also any of the other clients which KBT&F advises in connection with the Debtors' chapter 11 cases (collectively, the "<u>KBT&F Clients</u>"), as listed in the Declaration and hereto.

5. None of the work performed or anticipated to be performed for the KBT&F Clients is related to the Firm's work for the Debtors, and the attorneys or non-attorneys who are involved in KBT&F's representation of the Debtors (the "<u>Debtors' Team</u>") have not been (and do not expect to be) adverse to the attorneys or non-attorneys who are involved in KBT&F's representation of the KBT&F Clients (the "<u>Creditors' Team</u>") in any matter related to the Debtors.

6. However, to avoid any possible appearance of impropriety resulting from such representations, and out of an abundance of caution, the Firm has implemented certain voluntary safeguards, including, as set forth more fully in the Declaration, having established an ethical wall between the Debtors' Team and the Creditors' Team.

7. In my prior Declaration, I represented, among other things, that:

> [T]he members of the Creditors' Team shall not be permitted to be involved in any way in KBT&F's representation of any of the Debtors in connection with the Debtors' chapter 11 cases . . .

8. I now supplement this prior representation to provide for the following attorneys and paralegals, who have previously represented, but do not currently represent, one or more of the KBT&F Clients in matters wholly unrelated to KBT&F's retention in these Cases, to be permitted to represent the Debtors and participate on the Debtors' Team: Marc Kasowitz; Daniel Benson; Jennifer Recine; Benjamin Goldstein; Michael Birnbaum (paralegal) and Gabriel

2

Irizarry (paralegal). These attorneys and these paralegals will be walled off from the Creditors' Team and will only work with the Debtors' Team going forward.

9. The addition of these KBT&F attorneys and these paralegals to the Debtors' Team will provide substantial benefits to the Debtors' estates and is consistent with the Bankruptcy Code and Local Rules of this Court.

10. In addition, in an effort to provide cost-efficient service to the estates, non-billable support staff, as well as certain billable support staff, who have worked on matters relating to the KBT&F Clients, will continue to do so, and certain of those support staff may work on the Debtors' Team as well. The support staff performs solely ministerial tasks, such as, but not limited to, secretarial tasks, uploading documents, filing documents, photocopying, and service of documents, and will not participate in any substantive work in connection with the Creditors' Team or the Debtors' Team.

11. Furthermore, as stated in my prior Declaration, in connection with KBT&F's retention in these Cases, KBT&F obtained conflict waivers from the Debtors and the KBT&F Clients. Since the execution of the Declaration, I have become aware of KBT&F's retention by two additional clients, BSP Capital Ltd. and PPB Pty Limited (the "Additional Clients"), who may have an interest in these Cases that is unrelated to KBT&F's retention in these Cases. These representations were not processed in KBT&F's internal system until on or around the week of January 25, 2010. As a result, pursuant to paragraphs three and nineteen of my Declaration, I am providing the supplemental disclosure contained herein with respect to these Additional Clients.

12. These representations are unrelated to the matters for which KBT&F is retained by the estates. In addition, the Debtors and the Additional Clients have consented to, or will consent to, and have waived, or will waive, any potential conflicts resulting from KBT&F's

3

simultaneous representation of the Additional Clients and the Debtors in connection with the Debtors' chapter 11 cases.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on February 9, 2010.

Dated: February 9, 2010
      New York, New York

_____
Albert S. Mishaan