UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :

In re                                       :        Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :       08-13555 (JMP)

                  Debtors.      :       (Jointly Administered)

------------------------------------------------------------x

SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE STATEMENT OF
EDWARD G. KEHOE,

ON BEHALF OF KING & SPALDING, LLP

STATE OF NEW YORK       )
                                   ) ss:
COUNTY OF NEW YORK     )

        Edward G. Kehoe, being duly sworn, upon his oath, deposes and says:

        1.        I am a Partner of King & Spalding LLP, located at 1185 Avenue of the Americas, New York, NY 10036 (the "Firm").

        2.        On December 28, 2009, I executed an Affidavit and Disclosure Statement (the "First Affidavit") in support of Debtors' retention of the Firm as an ordinary course professional and submitted that First Affidavit and a completed Retention Questionnaire (the "Questionnaire") to the Debtors' bankruptcy counsel, to be filed with the Court in accordance with the procedures set forth in the order entered November 5, 2008 authorizing the Debtors to employ professionals utilized in the ordinary course of business [Docket No. 1394]. The Debtors subsequently filed the First Affidavit and Questionnaire with the Court on January 6, 2010 [Docket No. 6492].

3. Consistent with paragraph 7 of the First Affidavit, I am filing this supplemental affidavit to supplement and provide further clarity with respect to the First Affidavit.

4. Lehman Commercial Paper, Inc. ("LCPI") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") have requested that the Firm provide legal services to certain of the Debtors, and the Firm has consented to provide such services.

5. The Firm has performed services in the past and may perform additional services in the future for entities that are parties in interest in the Debtors' chapter 11 cases; however, none of such services relate to LCPI or the Certain Real Estate and Litigation Matters (as defined below) for which the Firm has been retained.

6. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom are now or will likely become directly adverse to certain of the Debtors or other parties in interest in these bankruptcy cases. The Firm does not perform services for any such entities in connection with these Chapter 11 cases with respect to LCPI or the Certain Real and Litigation Matters.

7. The Firm's present engagement relates to assisting LCPI, in its individual capacity, in connection with certain loans and litigation surrounding those loans pertaining to the LBREP-Suncal Master I LLC bankruptcy case and its affiliates ("Suncal Bankruptcy Proceeding") (such services being referred to as the "Certain Real Estate and Litigation Matters"). The Firm is not representing LCPI as lending agent in the Suncal Bankruptcy Proceeding.

8. As noted, the Firm historically has represented, and continues to represent, various clients which have some connections to these bankruptcy cases. Attached hereto as Exhibit A is a list of these clients and a description of the Firm's representations as it relates to these bankruptcy cases. Such client involvement do not represent interests adverse to the Debtors with respect to the matters on which the Firm has been engaged, and accordingly, the Firm's engagement is consistent with Section 327(e) of the Bankruptcy Code.

9. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

10. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

11. The Debtors owe the Firm $597,240.66 for prepetition services.

12. The Firm will supplement the information contained in this Affidavit in the event it should discover any facts bearing on the matters described herein, or any new matter it undertakes for the Debtors.

By: _____
Edward G. Kehoe

Subscribed and sworn to before me
this 17 day of February, 2010

_____
Notary Public

SCOTT L DAVIDSON
Notary Public, State of New York
No. 01DA6016253
Qualified in Suffolk County
Commission Expires Sept. 20, 20 13

1104592

**In re Lehman Brothers Holdings Inc.,** *et al.* **- Case No. 08-13555 (JMP)**

EXIHIBIT "A"

| CLIENT | BRIEF DESCRIPTION OF REPRESENTATION |
|---|---|
| Regions Bank | Represented Regions Bank in connection with its claim on a terminated swap agreement with Lehman Brothers Special Financing, Inc. |
| Owens & Minor | Represented Owens & Minor in connection with its swap termination claims against Lehman Brothers Special Financing, Inc., which was guaranteed by Lehman Brothers Holdings Inc. |
| RAI Radiotelevisue Italiana Spa ("RAI") | Represented RAI in connection with its claim on a terminated hedge agreement with Lehman Brothers Special Financing, Inc. |
| Societa di Cartolarizzarizzazione Italiana Credit A ("SCI") | Represented SCI in connection with its swap termination claim against Lehman Brothers Special Financing, Inc. |
| CPG Societa Cartolarizzazione orl ("CPG") | Represented CPG in connection with its swap termination claims against Lehman Brothers Special Financing, Inc., which was guaranteed by Lehman Brothers Holdings Inc. |
| Dusseldorpher Hypothekenbank A.G. ("DH") | Represented DH in connection with (a) its claim against Lehman Brothers Holdings Inc. for unpaid notes, and (b) its claim against Lehman Brothers Holdings Inc. for its guaranty of a debt owed by Lehman Brothers Bankhaus AG. |
| W.P. Carey | Representing W.P. Carey, as local counsel in Georgia, in connection with a contemplated sale/leaseback transaction involving Angelica Corporation, an affiliate of Lehman Brothers Merchant Banking. |