Hearing Date and Time: February 19, 2010 at 10:00 a.m. (Eastern Time)

CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Richard Levin
Attorneys for Credit Suisse AG

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2416
Facsimile: (212) 225-39999
Sean A. O'Neal
Attorneys for Goldman, Sachs & Co.,
Merrill Lynch & Co. Inc.,
Morgan Stanley & Co.
and The Royal Bank of Scotland plc

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |

**NOTICE OF REVISED PROPOSED ORDER CLARIFYING THE DEBTORS'
SUPPLEMENTAL NOTICE AND THE BAR DATE ORDER WITH RESPECT TO
CLAIMS RELATING TO LEHMAN PROGRAMS SECURITIES ISSUED BY LBHI**

Pursuant to 28 U.S.C. § 1746, the undersigned hereby certifies as follows:

1. On January 29, 2010, Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases as debtors and debtors in possession (the "Debtors") and Credit Suisse AG, Goldman, Sachs & Co., Merrill Lynch & Co., Morgan Stanley & Co. and The Royal Bank of Scotland plc ("Moving Creditors")[1] filed a motion (the "Motion") **[Docket No. 6858]** for the entry of an order (the "Order") clarifying or amending (i) the Supplemental Notice and (ii) the Bar Date Order, with respect only to the securities identified on Schedule A attached thereto, as Schedule A may be amended (the "LBHI Issued LPS"), to provide that voting and distributions with respect to claims against LBHI relating to the LBHI Issued LPS be based only on the records of the clearing agencies (as of the record date specified by the Court for voting and the date of distribution for any such distributions) and that creditors need not file proofs of claim in respect of LBHI Issued LPS and that any such proofs of claim filed shall be disregarded for purposes of distribution and voting in these cases.

2. Notice of the Motion was served in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"), dated February 13, 2009, and as set forth in Motion.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

2

3. In accordance with the Amended Case Management Order, February 5, 2010 at 4:00 p.m. (Eastern Time) was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline"). The Objection Deadline has now passed and no objections or other responsive pleadings to the Motion have been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel or Moving Creditors' counsel.

4. The Debtors and Moving Creditors did receive informal comments from various creditors with respect to the Motion and Order. Based upon a review of the proposed changes and discussions with various creditors, the Debtors and Moving Creditors have incorporated various modifications to the Order.

5. Accordingly, attached hereto as Exhibit A is a revised proposed order approving the Motion (the "Revised Proposed Order"). Attached hereto as Exhibit B is a blackline of the Revised Proposed Order, marked to show changes from the version of the Order originally filed with the Motion.

Dated: February 17, 2010

| | |
|---|---|
| **CRAVATH, SWAINE & MOORE LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |

By  /s/ Richard Levin
    Richard Levin
    Cravath, Swaine & Moore LLP
    825 Eighth Avenue
    New York, NY 10019
    Telephone:  (212) 474-1000
    Facsimile:  (212) 474-3700
    Attorneys for Credit Suisse AG

By  /s/ Sean A. O'Neal
    Sean A. O'Neal
    Cleary Gottlieb Steen & Hamilton LLP
    One Liberty Plaza
    New York, NY 10006
    Telephone:  (212) 225-2416
    Facsimile:  (212) 225-39999
    Attorneys for Goldman, Sachs & Co., Merrill Lynch & Co. Inc., Morgan Stanley & Co. and The Royal Bank of Scotland plc

**WEIL, GOTSHAL & MANGES LLP**

By  /s/ Shai Y. Waisman
    Shai Y. Waisman
    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007
    Attorneys for Debtors
    and Debtors in Possession

# Exhibit A
# (Revised Proposed Order)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**ORDER CLARIFYING THE DEBTORS' SUPPLEMENTAL NOTICE AND THE BAR DATE ORDER WITH RESPECT TO CLAIMS RELATING TO LEHMAN PROGRAMS SECURITIES ISSUED BY LBHI**

Upon the motion, dated January 29, 2010 (the "Motion"),[1] of the Debtors and Credit Suisse AG, Goldman, Sachs & Co., Merrill Lynch & Co. Inc., Morgan Stanley & Co. and The Royal Bank of Scotland plc ("Moving Creditors") for an order clarifying or amending (i) the Debtors' Supplemental Notice and (ii) the Bar Date Order, with respect only to the securities identified on Schedule A attached hereto, as Schedule A may be amended in accordance with this Order (collectively, the "LBHI Issued LPS") as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion

provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] (the "Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the relevant clearing agencies and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted to the extent provided herein; and it further

ORDERED that, notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, with respect to claims against LBHI based exclusively upon the ownership of LBHI Issued LPS (such as claims for principal, interest or other return, but excluding any claims related to the purchase, sale or issuance of LBHI Issued LPS) ("Covered LPS Claims") the Debtors and all parties in interest in these chapter 11 cases shall be authorized and directed to rely upon, and utilize the records of the clearing agencies (as of the record date specified by the Court for voting and the date of a distribution for any distributions), for purposes of providing and distributing notices and ballots in these chapter 11 cases, tabulating ballots related to any plan and making distributions in these chapter 11 cases, in each case solely with respect to Covered LPS Claims, and it further

ORDERED that, nothing in this Order shall apply to securities other than the securities identified on Schedule A attached hereto (or added to Schedule A pursuant to the procedure described in this Order). Securities may be added to Schedule A following the entry of the Order if (i) any party provides LBHI with documentation that, in LBHI's reasonable discretion, establishes that a security was (a) included on the Final List of LPS, (b) outstanding as of September 15, 2008 and (c) was actually issued by LBHI, and (ii) the security is included on LBHI's books and records as of September 15, 2008. For the avoidance of doubt, LBHI shall not be required to add any security to Schedule A if such security is not included on its books and records as of September 15, 2008; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, holders of Covered LPS Claims shall not be required to file proofs of claim or notices pursuant to Bankruptcy Rule 3001(e) in respect of such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, any proofs of claim previously filed or to be filed in respect of Covered LPS Claims shall be disregarded for purposes of providing notices in these chapter 11 cases, distributing ballots in these chapter 11 cases and making distributions in these chapter 11 cases. Nothing in this Order shall be construed as authority to disregard any proofs of claim previously filed (or render inapplicable any obligation to file a proof of claim) in accordance with the Bar Date Order with respect to any claims that are not Covered LPS Claims. To the extent that a previously filed proof of claim includes a claim that is not a Covered LPS Claim, such proof of claim as it relates to such claim shall not be disregarded for any purposes under this Order; and it is further

ORDERED, that the Debtors shall use good faith efforts to amend the Schedules of Liabilities as set forth in the Supplemental Notice.  Notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, promptly following an amendment or supplement to the Schedules of Liabilities in respect of an LBHI Issued LPS, the Debtors shall (i) serve a notice of such amendment or supplement (a "Notice of Amendment") on (x) all parties who have requested notice in these chapter 11 cases and (y) the relevant clearing agencies and (ii) post such Notice of Amendment on www.lehman-docket.com.  Notwithstanding anything to the contrary in the Bar Date Order, any holder of an LBHI Issued LPS affected by such amendment or supplement shall have the opportunity to object to such amendment or supplement by filing an objection with the Court no later than thirty (30) days from the date on which the Debtors serve such Notice of Amendment in accordance with this Order.  Furthermore, notwithstanding anything to the contrary in the Bar Date Order, any party objecting to such amendment or supplement as it relates only to LBHI Issued LPS shall not be required to file a proof of claim.  Any disputes concerning any amendments or supplements to the Schedules of Liabilities with respect to LBHI Issued LPS shall be resolved pursuant to an order of this Court or in accordance with a further order of this Court, each upon notice and opportunity for a hearing.  Any hearing or final resolution regarding any such objection shall not occur prior to a date that is thirty (30) days from the date of the service of the Notice of Amendment; and it is further

ORDERED that the Debtors shall publish a notice to all creditors consistent with this Order on www.lehman-docket.com; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the requirement to file a separate memorandum of points and authorities with the motion is waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: February ____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

# Schedule A

Securities Identified by ISIN

| | |
|---|---|
| CA524908PR55 | XS0252835110 |
| CA524908TV22 | XS0254171191 |
| CA524908VR81 | XS0257022714 |
| CH0026915527 | XS0262321986 |
| CH0026985082 | XS0268648952 |
| JP584117A3C0 | XS0272543900 |
| JP584117A5A9 | XS0274585305 |
| JP584117A762 | XS0274591535 |
| JP584117B760 | XS0282937985 |
| JP584117C768 | XS0287044969 |
| XS0073472606 | XS0288056913 |
| XS0082350587 | XS0288579260 |
| XS0128857413 | XS0289254509 |
| XS0138439616 | XS0289619529 |
| XS0151868444 | XS0290041960 |
| XS0167792026 | XS0290745180 |
| XS0178222179 | XS0291967296 |
| XS0179304869 | XS0299141332 |
| XS0181712364 | XS0300055547 |
| XS0183944643 | XS0307745744 |
| XS0185590139 | XS0326006540 |
| XS0189741001 | XS0336095749 |
| XS0193035358 | XS0345259435 |
| XS0196298219 | XS0348395814 |
| XS0205185456 | XS0362467150 |
| XS0210414750 | XS0224535483 |
| XS0213899510 | XS0247679573 |
| XS0224346592 | XS0252834576 |

# Exhibit B
# (Blackline of Revised Proposed Order and Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br>Debtors. | Chapter 11 Case<br>No. 08-13555 (JMP)<br>(Jointly Administered) |

**ORDER CLARIFYING THE DEBTORS' SUPPLEMENTAL NOTICE AND THE BAR DATE ORDER WITH RESPECT TO CLAIMS RELATING TO LEHMAN PROGRAMS SECURITIES ISSUED BY LBHI**

Upon the motion, dated January 29, 2010 (the "Motion"),[1] of the Debtors and Credit Suisse AG, Goldman, Sachs & Co., Merrill Lynch & Co. Inc., Morgan Stanley & Co. and The Royal Bank of Scotland plc ("Moving Creditors") for an order clarifying or amending (i) the Debtors' Supplemental Notice and (ii) the Bar Date Order, with respect only to the securities identified on Schedule A attached hereto**, as Schedule A may be amended in accordance with this Order (collectively, the "LBHI Issued LPS")** as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion

order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] (the "Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the relevant clearing agencies and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted **to the extent provided herein**; and it further

ORDERED that, notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, **with respect to claims against LBHI based exclusively upon the ownership of LBHI Issued LPS (such as claims for principal, interest or other return, but excluding any claims related to the purchase, sale or issuance of LBHI Issued LPS) ("Covered LPS Claims")** the Debtors and all parties in interest in these chapter 11 cases shall be authorized and directed to rely upon, and utilize the records of the clearing agencies (as of the record date specified by the Court for voting and the date of a distribution for any distributions), for purposes of providing and distributing notices and ballots in these chapter 11 cases, tabulating ballots related to any plan and making distributions in these

2

chapter 11 cases, in each case solely with respect to ~~claims against LBHI relating to LBHI Issued LPS~~**Covered LPS Claims**, and it further

ORDERED that, nothing in this Order shall apply to securities other than the securities identified on Schedule A attached hereto (or added to Schedule A pursuant to the procedure described in this Order).  Securities may be added to Schedule A following the entry of the Order if (i) any party provides LBHI with documentation that, in LBHI's reasonable discretion, establishes that a security was (a) included on the Final List of LPS, (b) outstanding as of September 15, 2008 and (c) was actually issued by LBHI, and (ii) the security is included on LBHI's books and records as of September 15, 2008. For the avoidance of doubt, LBHI shall not be required to add any security to Schedule A if such security is not included on its books and records as of September 15, ~~2008.~~**2008; and it is further**

ORDERED that, notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, holders of ~~claims against LBHI relating to LBHI Issued~~**Covered** LPS **Claims** shall not be required to file proofs of claim or notices pursuant to Bankruptcy Rule 3001(e) in respect of such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, any proofs of claim previously filed or to be filed in respect of ~~claims against LBHI relating to LBHI Issued~~**Covered** LPS **Claims** shall be disregarded for purposes of providing notices in these chapter 11 cases, distributing ballots in these chapter 11 cases and making distributions in these chapter 11 cases**. Nothing in this Order shall be construed as authority to disregard any proofs of claim previously filed (or render inapplicable any obligation to file a proof of claim) in accordance with the Bar Date Order with respect to any claims that are not Covered LPS Claims.  To the extent that a**

3

**previously filed proof of claim includes a claim that is not a Covered LPS Claim, such proof of claim as it relates to such claim shall not be disregarded for any purposes under this Order**; and it is further

ORDERED, that the Debtors shall use good faith efforts to amend the Schedules of Liabilities as set forth in the Supplemental Notice. **Notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, promptly following an amendment or supplement to the Schedules of Liabilities in respect of an LBHI Issued LPS, the Debtors shall (i) serve a notice of such amendment or supplement (a "Notice of Amendment") on (x) all parties who have requested notice in these chapter 11 cases and (y) the relevant clearing agencies and (ii) post such Notice of Amendment on www.lehman-docket.com.  Notwithstanding anything to the contrary in the Bar Date Order, any holder of an LBHI Issued LPS affected by such amendment or supplement shall have the opportunity to object to such amendment or supplement by filing an objection with the Court no later than thirty (30) days from the date on which the Debtors serve such Notice of Amendment in accordance with this Order.  Furthermore, notwithstanding anything to the contrary in the Bar Date Order, any party objecting to such amendment or supplement as it relates only to LBHI Issued LPS shall not be required to file a proof of claim.  Any disputes concerning any amendments or supplements to the Schedules of Liabilities with respect to LBHI Issued LPS shall be resolved pursuant to an order of this Court or in accordance with a further order of this Court, each upon notice and opportunity for a hearing.  Any hearing or final resolution regarding any such objection shall not occur prior to a date that is thirty (30) days from the date of the service of the Notice of Amendment**; and it is further

4

ORDERED that the Debtors shall publish a notice to all creditors consistent with this Order on www.lehman-docket.com; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the requirement to file a separate memorandum of points and authorities with the motion is waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: February ____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

# Schedule A

Securities Identified by ISIN

| | |
|---|---|
| CA524908PR55 | XS0252835110 |
| CA524908TV22 | XS0254171191 |
| CA524908VR81 | XS0257022714 |
| CH0026915527 | XS0262321986 |
| CH0026985082 | XS0268648952 |
| JP584117A3C0 | XS0272543900 |
| JP584117A5A9 | XS0274585305 |
| JP584117A762 | XS0274591535 |
| JP584117B760 | XS0282937985 |
| JP584117C768 | XS0287044969 |
| XS0073472606 | XS0288056913 |
| XS0082350587 | XS0288579260 |
| XS0128857413 | XS0289254509 |
| XS0138439616 | XS0289619529 |
| XS0151868444 | XS0290041960 |
| XS0167792026 | XS0290745180 |
| XS0178222179 | XS0291967296 |
| XS0179304869 | XS0299141332 |
| XS0181712364 | XS0300055547 |
| XS0183944643 | XS0307745744 |
| XS0185590139 | XS0326006540 |
| XS0189741001 | XS0336095749 |
| XS0193035358 | XS0345259435 |
| XS0196298219 | XS0348395814 |
| XS0205185456 | XS0362467150 |
| XS0210414750 | XS0224535483 |
| XS0213899510 | XS0247679573 |
| XS0224346592 | XS0252834576 |

08-13555-mg    Doc 7154    Filed 02/17/10    Entered 02/17/10 18:28:29    Main Document
Pg 18 of 18

[[NYCORP:3193350v1011:3176D:01/2902/10/10--0304:0731 p]]