WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------x

### DEBTORS' REPLY TO OBJECTION OF WILLIAM KUNTZ III

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), file this reply to William Kuntz III's objections,[1] filed February 2, 2010 [Docket No. 6994] and February 9, 2010 [Docket No. 7039][2] (the "Objections"), and respectfully represent:

### The Objections Should be Overruled

1.  Once again, Mr. Kuntz has seen fit to waste the valuable time and impugn the integrity of this Court and the professionals that appear before it. Mr. Kuntz's latest communiqués, styled as objections, reference only briefly certain of the Debtors' motions

---

[1] The Debtors do not believe that Mr. Kuntz is a legitimate creditor of any of the Debtors' estates and reserve the right to challenge his standing to participate in these chapter 11 cases.

[2] To the extent that this document is an objection to the Debtors' Motion for Authority to Compromise Certain Claims Pursuant to Deed in Lieu of Foreclosure (the "Stamford 9019 Motion") [Docket No 6714] it is not timely since the objection deadline for the Stamford 9019 Motion was February 3, 2010.

scheduled for hearing on February 10, 2010 (collectively, the "Motions").[3] As is his standard practice, Mr. Kuntz fails to raise any legal or otherwise substantive issues, with respect to the relief sought in the Motions. The only unifying theme that can be discerned from the Objections is that none of the collection of articles, musings, screenshots, advertisements, and regulatory filings that comprise the Objections make any attempt to present a legal basis to question the relief requested by any of the Motions.

2.  The Debtors would prefer to entirely ignore the distortions, snide comments, condescension and bad faith that saturates the Objections and Mr. Kuntz's other frivolous filings. To ensure their chapter 11 cases are effectively prosecuted, however, the Debtors are compelled to review and respond to each filing, diverting resources that could otherwise be engaged in the administration of the Debtors' estates for the benefit of legitimate parties in interest whose recovery is, in part, dependant on the effective and efficient administration of these chapter 11 cases. This is a significant undertaking as Mr. Kuntz has filed more than twenty "pleadings" including three objections, four motions, (not to mention hundreds of unsolicited emails and mailings sent to, among others, the Debtors and the attorneys for the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee")). The Court, in each instance where it has issued a determination on a Kuntz pleading, has found that his filings were wasteful and unmeritorious.

3.  As the Debtors have previously noted, Mr. Kuntz's involvement as a *pro se* litigant in these chapter 11 cases is characteristic of his involvement in numerous other chapter 11 proceedings. In a decision issued by the United States District Court for the Southern

---

[3] Due to inclement weather, certain of the Motions were rescheduled for hearing on February 19, 2010 with the remainder rescheduled for hearing on March 17, 2010.

District of New York <u>over 16 years ago</u>, Justice Sotomayor (then a District Court judge) found that

> Kuntz's status as a *pro se* litigant is of little import. During his fourteen-year participation in the underlying Grant bankruptcy proceedings, Kuntz has amassed litigation experience that would embarrass the majority of associates, and some partners, at large New York law firms.  He has already filed no fewer than eight appeals, all unsuccessful, with six dismissed as either untimely or for failure to prosecute.  I had to adjourn one conference in this action because Kuntz had an argument before the Second Circuit.  Although I am unsure what significance to give to the ten years that Kuntz purportedly spent in law school, I find that his failure to comply with court rules, procedures, and deadlines is the result of conscious disregard, and not because of unfamiliarity with the courts. Throughout the proceedings, Kuntz has demonstrated a consistent pattern of vexatious litigation and little respect for the courts or other parties.  The acts required of Kuntz were within his complete control and there was no acceptable reason for the delay.

*Kuntz v. Pardo*, 160 B.R. 35, 39 (S.D.N.Y. 1993).

        4.        Justice Sotomayor further stated that

> Kuntz's dilatory conduct throughout his participation in the Grant case evinces bad faith.  Apart from the lack of merit to his appeals, he has repeatedly failed to abide by the rules of the court and repeatedly fails to prosecute the appeals that he has filed.  By contrast to cases holding that a party should not be penalized without considering the relative culpability of the appellant and his or her attorney, Kuntz has elected to appear *pro se* and thus the culpability is all his.  There is no injustice manifest in allowing Kuntz to bear the brunt of his own neglect.

*Id.* (internal citations omitted).  *See also In re Silicon Graphics, Inc. et al.*, Case No. 06-10977 (Bankr. S.D.N.Y. June 20, 2007) (Mem. Decision Denying Mot. of William Kuntz III For An Order Reinstating His Proof of Claim, at 6) [Docket No. 877], *aff'd*, Case No. 07-7698 (DAB) (S.D.N.Y. Sept. 29, 2008) [Docket No. 9] (finding that Kuntz's "extensive legal experience, unlike many other pro se litigants, invokes little sympathy from this Court . . .."); *In re Commercial Financial Services, Inc.*, 238 B.R. 479, 484 n.7 (Bankr. N.D. Okla. 1999) (noting that Kuntz has considerable experience with federal law and his *pro se* status is not something

the court considered relevant).[4] Mr. Kuntz's recent filings, including a notice of appeal [Docket No. 7018] relating to an appeal that he had previously voluntarily withdrawn [Docket No. 6445], provide additional evidence of his ongoing intent to disrupt the orderly administration of these chapter 11 cases.

        5.      These antics have exceeded the threshold of acceptable conduct. Despite the fact that rule 9011(b)(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

---

[4] The court in *Commercial Financial* listed some of the published and unpublished decisions where Kuntz has been an active party:

> *Kuntz v. DASU LLC*, (*In re Cray Computer Corp.*), 145 F.3d 1345 (Table) (10th Cir. 1998); *Kuntz v. Cray Computer Corp.* (*In re Cray Computer Corp.*), 107 F.3d 880 (Table) (10th Cir. 1997); *Kuntz v. Grand Union Co.* (*In re Grand Union Co.*), 106 F.3d 385 (Table) (3d Cir. 1996); *Kuntz v. Saul, Ewing, Remick & Saul*, 200 B.R. 101 (D. Del. 1996) (Kuntz sanctioned for pursuing a frivolous appeal, notwithstanding his *pro se* status, because of Kuntz's extensive appellate experience – listing failed federal and state appeals); *Kuntz v. Cray Computer Corp.* (*In re Cray Computer Corp.*), 97 F.3d 1464 (Table) (10th Cir. 1996); *Kuntz v. Nova Vista Industries, Inc.* (*In re Nova Vista Industries, Inc.*), 1992 WL 60395 (S.D.N.Y. 1992); *In re Adirondack Railway*, 1990 WL 124225 (N.D.N.Y. 1990); *Ehre v. State of New York* (*In re Adirondack Railway*), 93 B.R. 867 (N.D.N.Y. 1998); *In re W.T. Grant Co.*, 85 B.R. 250 (Bankr. S.D.N.Y. 1988), *aff'd in part, reversed in part*, 119 B.R. 898 (S.D.N.Y. 1990) (denial of Kuntz's request for fees and expenses); *In re One Westminister Co.*, 74 B.R. 37 (D. Del. 1987); *In re W.T. Grant Co.*, 4 B.R. 53 (Bankr. S.D.N.Y. 1980).
>
> Kuntz has sued the New York State Senate, the New York State Board of Elections, various individuals, and numerous John and Jane Does, claiming constitutional violations in connection with Kuntz's attempt to run as an independent candidate for the United States House of Representatives in 1992. *See Kuntz v. New York State Board of Elections*, 924 F. Supp. 364 (N.D.N.Y. 1996); *Kuntz v. New York State Senate*, 113 F.3d 326 (2d Cir. 1997).
>
> Kuntz has filed complaints against the New York Stock Exchange (motion for leave to appeal denied, 92 N.Y.2d 877 (1998)); the Board of Governors of the Federal Reserve, *see* 1997 WL 150062 (D.C. Cir. 1997); the City of Dayton, Ohio, see 99 F.3d 1139 (Table) (6th Cir. 1996); the Department of Energy (1995); and the United States Postal Service (1993). Kuntz has also been to Tax Court, although not *pro se*. *See Kuntz v. Commissioner*, 64 T.C.M 1258 (1992).
>
> Further, Kuntz has unsuccessfully petitioned to the United States Supreme Court for writs of certiorari in numerous cases, including *Kuntz v. Fadness*, 519 U.S. 996 (1996); *Kuntz v. Shawmut Bank of Boston*, 501 U.S. 1252 (1991); *Kuntz v. Manley, Burke and Fischer, L.P.A.*, 500 U.S. 918 (1991); *Kuntz v. City of Dayton*, 499 U.S. 962 (1991); *Kuntz v. Society Bank, N.A.*, 498 U.S. 1089 (1991); *Kuntz v. Little Miami Railroad Co.*, 498 U.S. 1027 (1991); *Kuntz v. City of Dayton*, 488 U.S. 1008 (1989); *Kuntz v. Shawmut Bank of Boston*, 488 U.S. 952 (1988); *Kuntz v. Winters National Bank and Trust Co.*, 465 U.S. 1080 (1984).

*Commercial Financial*, 238 B.R. at 484 n.7.

Rules") expressly prohibits the submission of pleadings to the Court that are presented for "any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of litigation," the majority of Mr. Kuntz filings have no plausible purpose other than to harass, delay and increase the cost of litigation.

6.   Mr. Kuntz seems to relish the opportunity to demean the integrity and competence of the Court, the Debtors, Debtors' counsel, the Creditors' Committee, counsel to the Creditors' Committee, and virtually every other fiduciary assisting in the administration of the chapter 11 cases or other insolvency proceedings of LBHI or its affiliates. As the most recent example, Mr. Kuntz's notice of appeal filed on January 19, 2010 [Docket No. 6704], refers to Dr. Michael C. Frege, Insolvency Administrator (Insolvenzverwalter) over the assets of Lehman Brothers Bankhaus Aktiengesellschaft i. Ins., as "Dr. Dummkopfer." The Debtors are unable to envision a legitimate purpose for the use of such a slur.

7.   Similarly, the Objections and many of Mr. Kuntz's other filings are lacking in any citation to legal authority or factual support that might sustain his wild accusations. Mr. Kuntz appears to view the Debtors' chapter 11 cases as a platform from which to boast about his regular trips to the Bahamas, Nantucket, or Upstate New York and to patronizingly present a syllabus of articles presumably intended for the edification of the Court, the Debtors, and other parties in interest.

8.   As vainglorious and capricious as Mr. Kuntz's filings may be, they are not harmless. The Debtors must review and respond, regardless of merit, to each filing, the Court's consideration of the relief requested in the Debtors' related pleadings must be delayed, and the Court's time and attention at the omnibus hearings must be devoted to disposing of Mr. Kuntz's wasteful and unmeritorious filings. Each of these steps results in delays to the efficient

administrations of the Debtors' estates and needlessly increases administrative expenses, which are ultimately bourn by the Debtors' legitimate creditors.

9. Further, even setting aside Mr. Kuntz's long and dubious career as a professional litigant, the fact that he is proceeding *pro se* in these cases is not an excuse for his behavior. Litigants proceeding *pro se* "are still held to the same standards of conduct in Rule 9011." *Martin v. Key Bank of N.Y. (In re Martin)*, 208 B.R. 807, 811 (N.D.N.Y. 1997). The fact that a litigant is proceeding *pro se* is not an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Putnam Trust Co. of Greenwich v. Frenz (In re Frenz)*, 142 B.R. 611, 613 (Bankr. D. Conn. 1992), (quoting *Patterson v. Akin*, 841 F.2d 386, 387 (11th Cir. 1988).

10. Courts in the Second Circuit have imposed sanctions on *pro se* litigants for frivolous or improper filings. *See, e.g. Vasile v. Dean Witter Reynolds, Inc.* 20 F. Supp.2d 465, 502-07 (E.D.N.Y. 1998) (fining pro se "frequent filer" $10,000 and barring such litigant from future filings in the absence of compliance with a specific pre-approval process); *see also In re Sassower*, 20 F. 3d 42, 44 (2d Cir. 1994) (collecting cases in which litigants who had "demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints" were prohibited from filing any matters in a designated category or required to obtain leave from the court prior to the submission of future filings); *Safir v. U.S. Lines, Inc.* 792 F. 2d 19, 23-25 (2d Cir. 1986) (noting that a court's authority to "enjoin [a litigant] from further vexatious litigation is beyond peradventure"), *cert. denied*, 479 U.S. 1099 (1987). Indeed, rule 9011(c)(1)(B) of the Bankruptcy Rules expressly provides that a court may initiate sanction proceedings *sua sponte*.

11. Accordingly, for the reasons set forth above and in the Motions, the Debtors respectfully request that the Objection be denied and the Motions be granted.

Dated: February 18, 2010
     New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for the Debtors and
Debtors in Possession