OTTERBOURG, STEINDLER, HOUSTON &
   ROSEN P.C.
230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100
Fax: (212) 682-6104

Peter Feldman
John Bougiamas
Attorneys for The Bank of Tokyo-Mitsubishi UFJ, Ltd.

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax (212) 506-1800

Harold G. Levison
Jonathan E. Minsker
Attorneys for Lloyds TSB Bank plc

        Hearing Date: April 9, 2010
        Objection Deadline: February 18, 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
In re                                                          :  Chapter 11
                                                               :  Case No. 08-13555(JMP)
LEHMAN BROTHERS HOLDINGS, INC. et al.,                         :
                                                               :  Jointly Administered
              Debtor.                                     :
---------------------------------------------------------------- X
In re                                                          :  SIPA Proceeding
                                                               :  Case No. 08-01720 (JMP)
LEHMAN BROTHERS INC.,                                          :
                                                               :
              Debtor.                                     :
---------------------------------------------------------------- X

1514816.1

**JOINT STATEMENT AND RESERVATION OF RIGHTS OF THE BANK OF TOKYO-MITSUBISHI UFJ, LTD. AND LLOYDS TSB BANK, PLC IN CONNECTION WITH (I) MOTIONS OF LEHMAN BROTHERS HOLDINGS, INC., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN BROTHERS, INC., FOR CERTAIN RELIEF PURSUANT TO THE SEPTEMBER 20, 2008 SALE ORDERS; AND (II) MOTION OF BARCLAYS CAPITAL INC. TO ENFORCE THE SALE ORDERS AND SECURE DELIVERY OF UNDELIVERED ASSETS**

The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU") and Lloyds TSB Bank plc ("Lloyds"), by and through their undersigned counsel, hereby submit this joint statement and reservation of rights (the "Statement") in connection with the contested matters (the "Contested Matters") commenced by the filing of (i) the Motions, each filed with this Court on September 15, 2009, of Lehman Brothers Holdings Inc. ("LBHI"), James W. Giddens (the "LBI Trustee"), as SIPA Trustee for Lehman Brothers, Inc. ("LBI") and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. et al. (the "Committee") for entry of Orders, inter alia, for relief pursuant to the September 20, 2008 Sale Orders[1] and/or for Certain Relief pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 (collectively, the "Rule 60(b) Motions") [LBHI Docket Nos. 5148, 5169, and 5173; LBI Docket Nos. 1682, 1686 and 1702] and (ii) the Motion, filed with this Court on January 29, 2010, of Barclays Capital Inc. ("Barclays") for entry of an Order, enforcing the Sale Orders and securing delivery of certain assets and in opposition to the Rule 60(b) Motions [LBHI Docket No. 6814; LBI Docket No.

---

[1] The "Sale Orders" refer to the Court's Orders under 11 U.S.C. §§ 105(a), 363 and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory and Unexpired Leases, dated September 19, 2008 (the "LBHI Sale Order") [LBHI Docket No. 258] and (ii) Order Approving, and Incorporating by Reference for the Purposes of this Proceeding, an Order Authorizing the Sale of Purchased Assets and For Relief in the Lehman Brothers Holdings, Inc. Chapter 11 Proceeding (the "LBI Sale Order") [LBI Docket No. 3]. Each of the Sale Orders concerns the sale of assets (the "Sale") by LBHI, LBI and other debtor affiliates to Barclays Capital, Inc.

2581] (the "Enforcement Motion" and together with the Rule 60(b) Motions, the "Motions"). In support of the Statement, BTMU and Lloyds state as follows:[2]

## INTRODUCTION

1. BTMU and Lloyds are interpleader defendants in the adversary proceeding pending in the LBI SIPA case styled The Options Clearing Corp. v. Barclays Capital Inc., et al., Adv. Pro. No. 08-01759 (JMP) (the "Interpleader Action"). The Interpleader Action was commenced on December 4, 2008 by The Options Clearing Corporation ("OCC"), alleging that it is a stakeholder with respect to approximately $80 million of proceeds of the letters of credit (the "L/C Proceeds") drawn by the OCC on September 19, 2008, the date that the LBI SIPA proceeding was commenced. The letters of credit had been issued at LBI's request for the benefit of OCC in connection with certain accounts maintained by LBI at the OCC (collectively, the "OCC Account"). The L/C Proceeds were not required to cover any position in the OCC Account and were placed on deposit by the OCC, which declared that it had no interest in the L/C Proceeds.

2. Each of Barclays and the three banks that issued the L/Cs asserted claims in and to the L/C Proceeds. Accordingly, the OCC commenced the Interpleader Action, and pursuant to a Stipulation and Order entered in the Interpleader Action on January 22, 2009 [Adv. Pro. Dkt. No. 6] (the "L/C Proceeds Stipulation"), the L/C Proceeds were placed on deposit in the Court Registry Investment System. BTMU, Lloyds and another L/C issuer, Australia & New Zealand Banking Group Ltd. ("ANZ"), were named as interpleader defendants (BTMU, Lloyds and ANZ are collectively referred to herein as the "Issuing Banks"). Barclays and the LBI Trustee also

---

[2] By Stipulation entered by the Court on February 2, 2010 [LBI Docket No. 2606], the time for BTMU and Lloyds to respond or object to the Motions was extended on consent to February 18, 2010.

1514816.1                                3

were named as interpleader defendants (the Issuing Banks, together with the LBI Trustee and Barclays are collectively referred to herein as the "Interpleader Defendants"). Issue was joined on February 6, 2009, when each of the Interpleader Defendants filed its answer to the Interpleader Complaint and asserted claims in and to the L/C Proceeds. Certain Interpleader Defendants also filed counterclaims and cross-claims against other parties to the action.[3]

3. The L/C Proceeds that are the subject of the Interpleader Action may be affected by resolution of the Contested Matters. One of the disputes in the Contested Matters concerns the LBI Trustee's obligation to deliver to Barclays approximately $2.5 billion posted as margin for LBI's obligations with respect to the OCC Account (the "OCC Margin"). Upon information and belief, the L/C Proceeds may be included in that amount. The LBI Trustee contends that the OCC Margin is not among the assets that Barclays purchased, because, inter alia, it is not included within the definition of "Purchased Assets" under the Clarification Letter dated September 22, 2008 (the "Clarification Letter"). (LBI Rule 60(b) Motion at pp. 25 - 27) However, Barclays argues, inter alia, that the OCC Margin should be delivered to it on the basis of what it asserts to be the plain text of both the Clarification Letter and the Transfer and Assumption Agreement among the LBI Trustee, Barclays and the OCC, dated September 20, 2008 ("TAA") (Enforcement Motion at pp. 62 -70).

4. BTMU and Lloyds do not take a position as to whether the OCC Margin should be transferred to Barclays as set forth in the Contested Matters. The claims asserted in the Interpleader Action are distinct from that issue, and are not before the Court in the Contested Matters. However, the Court's determination of whether the LBI Trustee or Barclays is entitled

---

[3] Counterclaims by BTMU and Lloyds against the OCC were voluntarily dismissed without prejudice on March 10, 2009.

1514816.1                                                       4

to the OCC Margin may affect the claims that BTMU and Lloyds have asserted in the Interpleader Action. Accordingly, BTMU and Lloyds submit this Statement to reserve their rights in the Interpleader Action and to request that any rulings or orders issued by the Court in connection with the Contested Matters concerning the rights of the LBI Trustee or Barclays *inter se* to the OCC Margin should be subject to the claims to the L/C Proceeds asserted by BTMU and Lloyds in the Interpleader Action.[4]

5.   Moreover, Barclays has alleged in its Memorandum of Law in support of the Enforcement Motion that the L/C Proceeds are included in the OCC Margin because such proceeds supposedly constitute "Undelivered Margin." Accordingly, BTMU and Lloyds respectfully request that to the extent any rulings in the Contested Matters may be construed to order delivery of any of the L/C Proceeds to either Barclays or the LBI Trustee, the Court make clear in any such order that Barclays or the LBI Trustee takes the L/C Proceeds subject to the claims to those proceeds that BTMU and Lloyds have asserted in the Interpleader Action, including the right to reimbursement, as may be established in that action.

6.   Lastly, if the Court believes it to be necessary to enter a ruling in the Contested Matters that would include those matters at issue in the Interpleader Action, BTMU and Lloyds respectfully request that the Court direct that discovery in the Interpleader Action, which has

---

[4] In its opposition, Barclays asserts claims to the L/C Proceeds, but acknowledges that the claims are subject to resolution of the claims in the Interpleader Action:

> In addition to the three categories described in the text, there is $80 million in cash margin that was held as of the Closing in LBI's OCC accounts and that was subsequently interpled by the OCC in a separate proceeding before this Court. BCI Ex. 28 [OCC Interpleader Compl.]. These assets also constitute "Undelivered Margin" to which Barclays is entitled under the Purchase Agreement on all of the bases set forth herein. Thus, the judgment resolving the motions at issue in this proceeding will necessary apply to this category of assets as well, though there may be other claims to resolve in the interpleader action that are not raised in this Rule 60 proceeding.

(Barclays Memorandum, at 187, note 164.) The LBI Trustee and the Creditors Committee make no specific references to the L/C Proceeds in their Rule 60(b) Motions.

effectively been suspended as a result of the Contested Matters, be completed on an expedited basis, establish a deadline for the filing of dispositive motions and schedule a trial.

## RELEVANT FACTUAL BACKGROUND

7. The Interpleader Action was commenced by the OCC on December 4, 2008. A copy of the complaint filed in the Interpleader Action (the "Complaint") is attached hereto as Exhibit "A."

8. The letters of credit drawn down by the OCC include (a) a letter of credit in the amount of $35.1 million issued by BTMU pursuant to a September 1, 2008 Application and Agreement for Standby Letter of Credit between BTMU and LBI, as applicant in favor of the OCC, as beneficiary; (b) a letter of credit in the amount of $25 million issued by Lloyds pursuant to an October 29, 2002 Reimbursement Agreement between Lloyds and LBI in favor of the OCC, as beneficiary; and (c) two letters of credit in the aggregate amount of $39.8 million issued by ANZ in favor of the OCC, as beneficiary.

9. On February 6, 2009, each of the Interpleader Defendants answered the Complaint and asserted claims to the L/C Proceeds. BTMU and Lloyds also asserted claims against the LBI Trustee and Barclays. (*See* Exhibit B, BTMU's "Answer and Affirmative Defenses to Interpleader Complaint, Statement of Claims, Counterclaims and Cross-Claims" dated February 6, 2009 [Adversary Docket No. 15]; Exhibit C, Lloyds's "Answer, Statement of Claim, Counterclaims and Cross-Claims, dated February 6, 2009 [Adversary Docket No. 14.]; and Exhibit D, Barclays's Answer to the Complaint and Corresponding Statement of Claim, dated February 6, 2009 [Adversary Docket No. 10].

10. With respect to their direct claims to the L/C Proceeds, BTMU and Lloyds alleged that the OCC holds their respective L/C Proceeds in constructive trust for BTMU and Lloyds because the L/C Proceeds were not required to cover any of LBI's positions in the OCC Account and the OCC never treated the L/C Proceeds as cash margin. BTMU's and Lloyds's direct claims to the L/C Proceeds are not in issue before the Court in connection with the Contested Matters.

11. In the alternative, BTMU and Lloyds each assert various claims against the LBI Trustee and Barclays for reimbursement of the L/C Proceeds under (a) their respective Reimbursement Agreements; (b) Section 5-108 of the Uniform Commercial Code; and (c) the TAA. With respect to Barclays' obligation to reimburse BTMU and Lloyds, BTMU and Lloyds assert that under the plain terms of the TAA, Barclays expressly assumed LBI's reimbursement obligations to BTMU and Lloyds. BTMU and Lloyds contend that pursuant to the TAA, LBI transferred to Barclays all of LBI's obligations and duties to reimburse BTMU and Lloyds for the drawn letters of credit. BTMU and Lloyds contend that Barclays, by seeking to receive the L/C Proceeds without the corresponding liability, seeks a windfall and would be unjustly enriched at BTMU's and Lloyd's expense. None of the foregoing claims are before the Court in the Contested Matters.

12. After the Interpleader Defendants answered the Complaint, the parties engaged in limited discovery. In August 2009, BTMU and Lloyds determined that the Interpleader Action could be decided on the basis of a purely legal issue -- whether Barclays is obligated to reimburse them under the express terms of the TAA, asserting that under that agreement, Barclays expressly assumed LBI's reimbursement obligations to them. While Barclays agreed that the TAA was clear and unambiguous, it contended that the TAA has a different meaning,

and that Barclays is entitled to the L/C Proceeds without any corresponding liability to the Issuing Banks.[5]

13. BTMU and Lloyds requested a pre-motion conference with the Court in connection with their proposed motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). At the conference, held on August 13, 2009, the LBI Trustee noted the on-going Rule 2004 investigation of the Sale, and questioned whether the TAA was an enforceable agreement. The Court stated that it would be unlikely to decide such a motion until the issues concerning the validity of the TAA were resolved. Based on the Court's comments, neither BTMU nor Lloyds filed the Rule 12(b) Motion.

14. As result of the pending Rule 2004 investigation of Barclays, the subsequent filing of the Rule 60(b) Motions and consistent with the comments at the August conference, discovery in the Interpleader Action was suspended pending resolution of the Contested Matters. Pursuant to agreement among the Interpleader Defendants dated December 7, 2009, discovery will resume upon conclusion of the Contested Matters.

## JOINT STATEMENT AND RESERVATION OF RIGHTS

15. Because discovery has not concluded in the Interpleader Action and the issues in that case are not before the Court in the Contested Matters, BTMU and Lloyds request that any findings or determination in the Contested Matters with respect to the TAA and the L/C Proceeds recognize BTMU's and Lloyds's claims in the Interpleader Action. Barclays itself appears to recognize that the issues in the Interpleader Action are not before the Court in the Contested

---

[5] In the Contested Matters, Barclays relies on the same provisions of the TAA cited by BTMU and Lloyds in the Interpleader Action -- provisions which state that Barclays assumes all obligations relating to the OCC Account -- to argue that it is entitled to the OCC Margin.

1514816.1                                                  8

Matters. (Barclays Memorandum at p. 187, footnote 164). In addition, the LBI Trustee does not seek any affirmative relief with respect to the L/C Proceeds.

16. Accordingly, BTMU and Lloyds reserve all of their respective rights and believe that any ruling in the Contested Matters should not in any way limit, restrict, modify or otherwise alter their rights in the Interpleader Action, including but not limited to, any and all claims BTMU and Lloyds may assert to the L/C Proceeds or for reimbursement from Barclays. Further, because the L/C Proceeds are on deposit with the Court pursuant to the L/C Proceeds Stipulation, the L/C Proceeds should not be released to either the LBI Trustee or Barclays until judgment of the Court in the Interpleader Action.

17. Finally, to the extent any rulings in the Contested Matters may be construed to order delivery of any of the L/C Proceeds to Barclays or the LBI Trustee, BTMU and Lloyds respectfully request that the Court order that Barclays or the LBI Trustee takes such proceeds subject to whatever rights BTMU and Lloyds have to those proceeds as may be established in the Interpleader Action, including their contention that Barclays has assumed the obligation to reimburse BTMU and Lloyds under their respective Reimbursement Agreements.

18. In the event, however, that the Court determines it is necessary to render a determination with respect to the L/C Proceeds, BTMU and Lloyds request that the Court allow the Interpleader Defendants to conclude discovery, file dispositive motions and set a trial date in the Interpleader Action on an expedited basis.

WHEREFORE, BTMU and Lloyds respectfully request that the Court accept this Joint Statement and Reservation of Rights and grant BTMU and Lloyds such other and further relief as the Court deems to be just and appropriate.

Dated: New York, New York
February 18, 2010

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, PC

By: /s/ Peter Feldman
     Peter Feldman
     John Bougiamas
230 Park Avenue
New York, New York 10169-0075
(212) 661-9100

Attorneys for Interpleader Defendant The Bank of Tokyo-Mitsubishi UFJ, Ltd.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: /s/ Jonathan E. Minsker
     Harold G. Levison
     Jonathan E. Minsker
1633 Broadway
New York, New York 10019
(212) 506-1700

Attorneys for Lloyds TSB Bank plc

1514816.1                           10