**Presentment Date and Time: March 1, 2010 at 12:00 p.m (Prevailing Eastern Time)**
**Objection Deadline: March 1, 2010 at 11:00 a.m (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                           :
In re                                      :    **Chapter 11 Case No.**
                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                           :
                        **Debtors.**       :    **(Jointly Administered)**
                                           :
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF MOTION**
**OF THE DEBTORS PURSUANT TO SECTION**
**327(e) OF THE BANKRUPTCY CODE AND RULE 2014**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO AMEND THE ORDER APPROVING**
**RETENTION OF BINGHAM MCCUTCHEN LLP AS SPECIAL COUNSEL**
**TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed motion

(the "Motion") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-

referenced chapter 11 cases (collectively, the "Debtors") pursuant to section 327(e) of title 11 of

the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for Authorization to Amend the Order Approving Retention of Bingham

McCutchen LLP as Special Counsel to the Debtors, *nunc pro tunc* to December 7, 2009, all as

more fully described in the Motion, to the Honorable James M. Peck, United States Bankruptcy

Judge, for approval and signature on **March 1, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn:  Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022, Attn: Stefanie J. Greer, Esq., **so as to be so filed and received by no later than March 1, 2010 at 11:00 a.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **March 17, 2010, at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable

James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 19, 2010
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time:  March 1, 2010 at 12:00 p.m (Prevailing Eastern Time)
Objection Deadline:  March 1, 2010 at 11:00 a.m (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                      :
**In re**                                             :          **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,          :          **08-13555 (JMP)**
                                                      :
                                    **Debtors.**      :          **(Jointly Administered)**
                                                      :
-------------------------------------------------------------------x

**MOTION OF THE DEBTORS PURSUANT TO**
**SECTION 327(e) OF THE BANKRUPTCY CODE**
**AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE FOR AUTHORIZATION TO AMEND THE ORDER**
**APPROVING RETENTION OF BINGHAM MCCUTCHEN LLP AS SPECIAL**
**COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this motion ("Motion") to amend

this Court's order approving the retention of Bingham McCutchen LLP ("Bingham") as special

counsel to the Debtors (the "Retention Order"), to include services related to certain government

investigations of tax related matters arising from transactions between the Debtors and foreign

counter-parties, as described more fully herein (the "Supplemental Matter"), and respectfully

represent:

## Background

1.       Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.       On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.       On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

5.       This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

8.      By this Motion, the Debtors request entry of an order (the "Amended Retention Order"), pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), amending the Retention Order for the limited purpose of expanding the scope of Bingham's retention to include the Supplemental Matter *nunc pro tunc* to December 7, 2009 (the "Engagement Date").  The proposed Amended Retention Order retains and incorporates the terms of the Retention Order and does not modify such order except as expressly described herein.

9.      The Debtors have requested that Bingham represent them in connection with the Supplemental Matter.  The Supplemental Matter involves issues related to certain government investigations of tax related matters arising from transactions between the Debtors and foreign counter-parties.

**Original Retention**

10.     On October 14, 2008 [Docket No. 916], the Debtors filed their application for

authorization to employ, *nunc pro tunc* McKee Nelson LLP ("McKee") as special tax counsel to

the Debtors.  This application was approved by the Court by order dated November 5, 2008

[Docket No. 1387].   That order was later amended to expand McKee's retention to include

certain securitization and capital markets matters.  Bingham and McKee combined effective of

August 1, 2009.[1]  On August 1, 2009, Bingham filed the Supplemental Declaration of Rajiv

Madan  on  Behalf  of  Bingham  McCutchen  [Docket  No.  4636]  (the  "Original  Madan

Declaration").   On August 14, 2009, the Debtors filed their application for authorization to

employ  Bingham,  as  special  counsel,  *nunc  pro  tunc*,  to  August  1,  2009  (the  "Original

Application").

11.     The Retention Order was approved by order of the Court dated August 25, 2009

[Docket No. 4927].[2]

12.     On October 22, 2009, Bingham filed a Supplemental Declaration of Rajiv Madan

on Behalf of Bingham McCutchen [Docket No. 5602] (together with the Original Madan

Declaration,  the  "Madan  Declarations"),  containing  additional  disclosures  related  to  the

Debtors' cases.

13.     From the Commencement Date through October 31, 2009, Bingham (including

former McKee personnel) has been performing tax, securitization and capital markets services

---

[1]     All of the McKee attorneys who previously represented the Debtors continue to represent the Debtors as
partners or employees of Bingham.

[2]     The Debtors believe that the work to be performed for the Debtors in connection with the Supplemental
Matter is akin to services performed by typical ordinary course professionals, and that such work will generally not
exceed the $150,000 monthly cap set forth in the ordinary course professionals order entered by this Court.
However, given that the Debtors have already retained Bingham as special counsel, the Debtors believe that
Bingham cannot be retained as an ordinary course professional, and that its retention for the Supplemental Matter
must be addressed as set forth herein.

for the Debtors pursuant to the terms of the orders of the Court.  In connection with these services, the Firm has been paid $8,805,321.75 in fees and $425,549.18 in reimbursements pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.  The Debtors anticipate that Bingham will continue to accrue fees and expenses for the tax, securitization and capital markets matters, which may range from $500,000 to $1,000,000 per month.  The Debtors further anticipate that Bingham will incur less than $25,000 in additional fees and expenses per month related to the Supplemental Matter.  This amount could vary if the tasks which are ultimately required are different from what is currently anticipated.

### Basis for Relief

14.    The Debtors' knowledge, information, and belief regarding the matters set forth in this Motion are based on and made in reliance upon the Madan Declarations, and the Declaration of Michael Levy (the "Levy Declaration"), a copy of which is attached hereto as Exhibit B.  The Levy Declaration is intended to supplement, rather than replace, the Madan Declarations, and the Levy Declaration incorporates the Madan Declarations in their entirety.

15.    The basis for the relief requested is also more fully set forth in the Original Application.

### Bingham Holds No Adverse Interest to the Estate
### with Respect to the Supplemental Matter

16.    To the best of the Debtors' knowledge, Bingham does not represent or hold any interest adverse to the Debtors or their estates with respect to the Supplemental Matter.  The Debtors have been informed that Bingham will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Bingham will supplement its disclosure to the Court.  *See* Levy Declaration at ¶¶ 12, 13.

17.     Based on the foregoing and the disclosures set forth in the Levy Declaration, Bingham does not hold or represent an interest adverse to the Debtors' estates that would impair Bingham's ability to perform with respect to the Supplemental Matter for the Debtors, objectively and in accordance with section 327(e) of the Bankruptcy Code.

18.     To the best of the Debtors' knowledge, neither Bingham nor any partner, associate, or counsel thereof has any connection with, or any interest adverse to, the Debtors, their creditors, the United States Trustee or any of its employees, or any other party in interest or their respective attorneys and accountants, with respect to the Supplemental Matter.  *See* Levy Declaration at ¶ 11.

19.     As set forth in the Original Application and the Original Madan Declaration, Bingham represents the Debtors and certain creditors of the Debtors in connection with the Debtors' bankruptcy cases.  Bingham has informed the Debtors that the Firm has implemented certain safeguards to protect against even the appearance of impropriety resulting from such dual representation.  Such safeguards are described in the Original Madan Declaration, and include an ethical wall between the attorneys and non-attorneys who are involved in Bingham's work on the Debtors' tax, securitization and capital markets matters (the "Debtors' Team") and the attorneys and non-attorneys who are involved in the representation of clients in connection with the Debtors' chapter 11 cases (the "Creditors' Team").  Bingham has represented to the Debtors that attorneys and non-attorneys working on the Supplemental Matter will be treated as members of the Debtors' Team and will be subject to the safeguards set forth in the Original Madan Declaration.

## Bingham's Retention is in the Best Interests of the Estates

20.      As described in the Levy Declaration, Bingham is well-qualified and has expertise particularly relevant to the Supplemental Matter.  Among other things, the Firm has a highly experienced White Collar Investigations and Enforcement practice group that, among other things, specializes in both congressional and government investigations involving alleged violations of fraud, environmental, securities, tax, and antitrust statutes.  The White Collar Investigations and Enforcement group primarily represents Fortune 500 companies, high-ranking public officials, civic leaders, and prominent corporate executives.  The Supplemental Matter falls squarely within this group's areas of expertise.

21.      Additionally, prior to the Commencement Date, the Bingham lawyers involved in the Supplemental Matter (formerly at McKee), represented the Debtors in connection to the Supplemental Matter.  Thus, Bingham is particularly well suited to represent the Debtors in the Supplemental Matter.

22.      Bingham has stated its desire and willingness to represent the Debtors in the Supplemental Matter and to render the necessary professional services with respect thereto. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of the estates and creditors, and should be granted in all respects.  A form of the proposed Amended Retention Order is annexed hereto as Exhibit B.

## Professional Compensation

23.      The Debtors understand that Bingham hereinafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and orders of this Court for all services performed and expenses incurred after the Commencement Date in

connection with the Supplemental Matter.

## **Notice**

24.       No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Bingham.  The Debtors submit that no other or further notice need be provided.

25.       No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 19, 2010
      New York, New York

                     /s/ Richard P. Krasnow
                     Richard P. Krasnow
                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Debtors
                     and Debtors in Possession

**<u>EXHIBIT A</u>**
**(Levy Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                          :          **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :          **08-13555 (JMP)**
                                               :
            **Debtors.**                       :          **(Jointly Administered)**
                                               :
                                               :
------------------------------------------------------------------x

**DECLARATION OF MICHAEL LEVY IN SUPPORT OF
MOTION OF THE DEBTORS PURSUANT TO SECTION 327(e)
OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO AMEND THE
ORDER APPROVING RETENTION OF BINGHAM MCCUTCHEN LLP, AS
SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO DECEMBER 7, 2009**

I, Michael Levy, declare as follows:

1.      I am an attorney and member of the firm Bingham McCutchen LLP ("Bingham"

or the "Firm"), special counsel for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated

debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), and am duly

authorized to make this declaration on the Firm's behalf.  I am resident in the firm's Washington,

D.C. office located at 2020 K Street, N.W., Washington, D.C., 20006.  Bingham maintains

various other offices in the U.S. and abroad.

2.      I submit this Declaration in support of the Debtors' Motion pursuant to § 327(e)

of title 11 of the United States Code (the "Bankruptcy Code") for Authorization to Amend the

Order Approving Retention of Bingham McCutchen LLP, as Special Counsel to the Debtors,

*nunc pro tunc* to December 7, 2009 (the "Motion") and to comply with § 329 and § 504 of the

Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules").  Except as otherwise indicated, I have personal knowledge of the

matters set forth herein, and, if called as a witness, would testify competently thereto.[1]  Bingham will supplement this Declaration if additional relevant information becomes available concerning any relationship between the creditors or interest holders of the Debtors and Bingham related to the representation of Debtors in connection with certain government investigations of tax related matters arising from transactions between the Debtors and foreign counter-parties (the "Supplemental Matter"), as described more fully herein.

### Original Retention

3.     On October 14, 2008, the Debtors filed their application for authorization to employ, *nunc pro tunc* McKee Nelson LLP ("McKee") as special tax counsel to the Debtors. This application was approved by the Court by order dated November 5, 2008.  That order was later amended to expand McKee's retention to include certain securitization and capital markets matters.

4.     Bingham and McKee combined effective of August 1, 2009.[2]  On August 1, 2009, Bingham filed the Supplemental Declaration of Rajiv Madan on Behalf of Bingham McCutchen (the "Original Madan Declaration").  On August 14, 2009, the Debtors filed their application for authorization to employ Bingham as special counsel, *nunc pro tunc* to August 1, 2009 (the "Original Application").  The order approving the retention of Bingham as special counsel to the Debtors (the "Retention Order"), was approved by order of the Court dated August 25, 2009.  On October 22, 2009, Bingham filed its Supplemental Declaration of Rajiv Madan on Behalf of Bingham McCutchen (together with the Original Madan Declaration, the "Madan Declarations").

5.     From the Commencement Date through October 31, 2009, Bingham has been

---

[1]     Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Bingham and are based on information provided by them.

[2]     All of the McKee attorneys who previously represented the Debtors continue to represent the Debtors as partners or employees of Bingham.

2

paid $8,805,321.75 in fees and $425,549.18 in reimbursements related to tax, securitizations and capital markets matters, pursuant to applicable orders of the Court, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

6.      I understand that the Firm is expected to continue to accrue fees and expenses for the tax, securitization and capital markets matters, which may range from $500,000 to $1,000,000 per month. I also anticipate that Bingham will incur less than $25,000 in additional fees and expenses per month related to the Supplemental Matter. This amount could vary if the tasks which are ultimately required are different from what is currently anticipated.

### The Supplemental Matter

7.      The Debtors have asked Bingham to expand the scope of its retention to include the representation of Debtors in connection with certain government investigations of tax related matters arising from transactions between the Debtors and foreign counter-parties.

8.      Bingham is well-qualified and has expertise particularly relevant to the Supplemental Matter. The Firm has a highly experienced White Collar Investigations and Enforcement practice group that, among other things, specializes in both congressional and government investigations involving alleged violations of fraud, environmental, securities, tax, and antitrust statutes. The White Collar Investigations and Enforcement group primarily represents Fortune 500 companies, high-ranking public officials, civic leaders, and prominent corporate executives. The Supplemental Matter falls squarely within this group's areas of expertise.

9.      Additionally, prior to the Debtors' chapter 11 filing, the Bingham lawyers involved in the Supplemental Matter (formerly at McKee), represented the Debtors in connection with the Supplemental Matter. Thus, Bingham is particularly well suited to represent the

3

Debtors in the Supplemental Matter.

## **Bingham Holds No Adverse Interest**

10.      Bingham maintains a database containing the names of current and former clients and certain other parties related to such clients (the "Conflict Database").  As set forth in the Madan Declarations, the Firm reviewed and analyzed the Conflict Database as necessary in connection with the Firm's original retention application.

11.      Bingham has conducted a search in the Conflict Database for entities involved in the Supplemental Matter.  Based upon this research, and information supplied to me by other Bingham partners and employees, and to the best of my knowledge, information, and belief, neither Bingham nor any partner, associate, or counsel thereof has any connection with, or any interest adverse to, the Debtors, their creditors, the United States Trustee or any of its employees, or any other party in interest or their respective attorneys and accountants, with respect to the Supplemental Matter.

12.      The Firm will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, the Firm will supplement its disclosure to the Court.  Additionally, to the extent that any affiliates of the Debtors subsequently commence a chapter 11 case that is jointly administered with these cases, the Firm will make all disclosures necessary with regard to the Supplemental Matter.

13.      As set forth in the Original Application and the Original Madan Declaration, in addition to its representation of the Debtors, Bingham represents certain creditors of the Debtors in connection with the Debtors' bankruptcy cases.  The creditors to be represented by Bingham

in the Supplemental Matter are not adverse to the Debtors with respect to the Supplemental Matter.

14.    The Firm has implemented certain safeguards to protect against even the appearance of impropriety resulting from Bingham's representation of the Debtors and certain of its creditors. Such safeguards are described in the Original Madan Declaration, and include an ethical wall between the attorneys and non-attorneys who are involved in Bingham's work on the Debtors' tax, securitization and capital markets matters (the "Debtors' Team") and the attorneys and non-attorneys who are involved in the representation of clients in connection with the Debtors' chapter 11 cases (the "Creditors' Team"). Attorneys and non-attorneys working on the Supplemental Matter will be treated as members of the Debtors' Team and will be subject to the safeguards set forth in the Original Madan Declaration.

15.    In addition, as a supplement to Schedule 2 of the Original Madan Declaration, I note that Bingham represents ICAP Securities USA LLC, ICAP Corporate LLC, and certain of its affiliates in matters unrelated to the Debtors' chapter 11 cases.

16.    I also note that the Firm is working for a syndicate of lenders to Capmark Funding Japan K.K. and Capmark Japan K.K. (collectively, the "Capmark debtors"), which includes LBHI (the "Capmark Matter"). Such lenders are currently seeking payment of the Firm's fees from the Capmark debtors. As a result, the Firm is not at this time seeking payment of any fees for the Capmark Matter from the Debtors' estates. If the lenders do not obtain payment of the Firm's fees from the Capmark debtors, the Firm will request payment if certain such fees from the Debtors in the future, and at that time will seek to expand its retention to include the Capmark Matter.

## **Professional Services Compensation**

17.     Bingham intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and orders of this Court for all services performed and expenses incurred after the Commencement Date in connection with the Supplemental Matter.

[Remainder of page intentionally left blank]

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on February 18, 2010.

Michael Levy, Esq.
Partner
Bingham McCutchen LLP

## EXHIBIT B
**(Proposed Amended Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    08-13555 (JMP)
                                          :
                  Debtors.                :    (Jointly Administered)
                                          :
------------------------------------------------------------------x

**ORDER GRANTING MOTION OF THE DEBTORS
PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE
AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE FOR AUTHORIZATION TO AMEND THE ORDER
APPROVING RETENTION OF BINGHAM MCCUTCHEN LLP AS SPECIAL
COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO ENGAGEMENT DATE**

Upon consideration of the motion, dated February 19, 2010 (the "Motion"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases (collectively, the "Debtors"), pursuant to section 327(e) of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure for

Authorization to Amend the Order Approving Retention of Bingham McCutchen LLP

("Bingham") as Special Counsel to the Debtors *nunc pro tunc* to December 7, 2009 (the

"Engagement Date"), all as more fully described in the Motion; and upon consideration of the

Court's prior order dated August 25, 2009, approving the retention of Bingham as special

counsel to the Debtors (the "Original Retention Order"), and upon consideration of the

Declaration of Michael Levy, Esq. (the "Levy Declaration"), which is annexed to the Motion;

and the Court being satisfied, based on the representations made in the Motion and the Levy

Declaration, that Bingham represents no interest adverse to the Debtors or the Debtors' estates

with respect to the Supplemental Matter; and the Court having jurisdiction to consider the

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the amended order entered February 13, 2009 governing case

management and administrative procedures [Docket No. 2837] to (i) the United States Trustee

for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; and (vi) Bingham, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, except as expressly provided herein, the terms of Bingham's

retention by the Debtors for the tax, securitization and capital markets matters (the "Original

Matters"), as approved under the Original Retention Order shall remain unchanged and such

Order shall remain in full force and effect; and it is further

ORDERED that, pursuant to sections 327(e) of the Bankruptcy Code, the Debtors

are authorized to employ and retain Bingham as special counsel to the Debtors *nunc pro tunc* to

the Engagement Date for the Supplemental Matter (in addition to the Original Matters) in

accordance with Bingham's normal rates in effect from time to time and its disbursement

policies; and it is further

        ORDERED that this Court shall retain jurisdiction with respect to all matters

arising under or related to the implementation and enforcement of this Order.


Dated: March __, 2010
      New York, New York


_____
    UNITED STATES BANKRUPTCY JUDGE