WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION TO**
**AMEND ORDER AUTHORIZING DEBTORS TO**
**EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") to amend the order authorizing the Debtors to employ professionals utilized in the ordinary course of business [Docket No. 1394], all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; so as to be so filed and received by no later than **March 5, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 19, 2010
     New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                  :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

### DEBTORS' MOTION TO AMEND
### ORDER AUTHORIZING DEBTORS TO EMPLOY
### PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), file this motion and respectfully represent:

**Background**

        1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

### Jurisdiction

3.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### The OCP Order

4.      On November 5, 2008, this Court entered an Order Pursuant to Sections

105(a), 327, 328 and 330 of the Bankruptcy Code Authorizing the Debtors to Employ

Professionals Utilized in the Ordinary Course of Business (the "<u>OCP Order</u>").  [Docket No.

1394].

5.      Pursuant to the OCP Order, the Court approved the retention of and

payment to professionals, including attorneys, accountants, brokers, appraisers, and auctioneers

(the "<u>Ordinary Course Professionals</u>"), that incur fees an expenses of no more that $150,000 per

month and $1,000,000 in the aggregate for the period prior to the conversion of, dismissal of, or

entry of a confirmation order in these chapter 11 cases (the "<u>Chapter 11 Period</u>"), without further

application or order of the Court.  Each Ordinary Course Professional, however, is required to

file with the Court: (a) an affidavit (the "<u>Ordinary Course Professional Affidavit</u>") certifying that

the professional does not represent or hold any interest adverse to the Debtors or their estates

with respect to the matter on which the professional is to be employed and (b) a completed

retention questionnaire (the "Retention Questionnaire").

6.       To date, the Debtors have employed and retained approximately 160

Ordinary Course Professionals in accordance with the OCP Order.  As explained more fully

below, the Debtors expect that they will need to retain at least 500 hundred additional Ordinary

Course Professionals on a limited basis to effectively address the countless business and legal

issues that arise in connection with the operation and wind-down of their businesses.  In

particular, as the Debtors foreclose upon hundreds of real property assets across the country, they

will need to engage local attorneys and real estate brokers to appraise, foreclose, lease, and/or

sell such properties.  Notwithstanding the limited role played by certain of the Ordinary Course

Professionals in these chapter 11 cases and the *de minimis*, often one-time fees that are payable

by the Debtors for their services, all of these professionals require court approval pursuant to

section 327 of the Bankruptcy Code or otherwise need to comply with the OCP Order.

7.       As such, the Debtors believe it would be costly, impractical, and

administratively burdensome to prepare, review, and file an individual Ordinary Course

Professional Affidavit and Retention Questionnaire for each of the hundreds of Ordinary Course

Professionals that will assist the Debtors in preserving the value of and monetizing these assets

for maximum returns to the Debtors.

## Relief Requested

8.       By this Motion, the Debtors request that the OCP Order be amended such

that the Debtors will be authorized, pursuant to sections 105(a), 327, 328, and 330 of the

Bankruptcy Code, to retain and pay any professional whose services do not result in fees and

disbursements in excess of $30,000 per month and $150,000 in the aggregate for the Chapter 11

Period (collectively, the "De Minimis Ordinary Course Professionals"), without requiring the De

Minimis Ordinary Course Professional to file an Ordinary Course Professional Affidavit or a

Retention Questionnaire.

9.    A copy of the proposed amended order (the "Amended Order") is attached

hereto as Exhibit 1, and a blackline of the Amended Order showing changes from the OCP Order

is attached hereto as Exhibit 2.

### Basis For Relief Requested

10.    Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a

debtor, "with the court's approval, may employ or authorize the employment of a professional

person under section 327 … on any reasonable terms and conditions of employment…"  11

U.S.C. § 328(a).  Section 330 of the Bankruptcy Code further provides, in pertinent part, that the

Court may award to a professional person employed under section 327 reasonable compensation

for actual, necessary services rendered, and reimbursement for actual, necessary expenses.  *Id.* at

§ 330.  Additionally, section 105(a) of the Bankruptcy Code provides that the Court may issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions of the

Bankruptcy Code.  *Id.* at § 105(a).

11.    Additionally, retention and payment procedures similar to the procedures

proposed herein have been granted by courts in this jurisdiction in other chapter 11 cases.  *See,

e.g., In re General Motors Corp., et al.,* Case No. 09-50026 (REG) (Bankr. S.D.N.Y. July 1,

2009); *In re Star Tribune Holdings Corporation, et al.,* Case No. 09-10244 (RDD) (Bankr.

S.D.N.Y. Feb. 9, 2009).[1]

12.    As noted above, the Debtors require the services of De Minimis Ordinary

Course Professionals to address the many business and legal issues that arise in connection with

---

[1] Copies of these orders (without exhibits) are attached hereto as Exhibit 3.

the Debtors' various asset classes. For example, the Debtors often need the assistance of local counsel in other jurisdictions—both domestic and international—to ensure compliance with and opine on matters of local law, serve notices, prepare documents, and appear in other courts on behalf of the Debtors. For particular investments or transactions, the Debtors may require De Minimis Ordinary Course Professionals that were engaged prior to the Commencement Date, to continue to assist with foreign, tax, corporate, or legal issues that have or may arise.

13.    Of particular import, the Debtors assets include a portfolio of residential and commercial real estate loans, many of which have gone into default (the "Non-Performing Loans"). To maximize value of these assets, the Debtors anticipate that they will require hundreds of De Minimis Ordinary Course Professionals, to effectuate the prompt foreclosure, marketing, and disposition of real property securing the Non-Performing Loans (the "REO Properties").[2]  At any given time, there may be approximately 500 Non-Performing Loans.

14.    In light of the large number of REO Properties located throughout the United States and the relatively *de minimis* value of each individual REO Property, the Debtors believe it would not be cost effective or in the best interests of these estates to individually retain or require that each Ordinary Course Professional comply with the OCP Order. Furthermore, De Minimis Ordinary Course Professionals' compliance with the OCP Order often requires the assistance of the Debtors' primary bankruptcy attorneys, and, as such has become extremely expensive and cumbersome due to the number of professionals and in comparison to their modest fees.

---

[2] Once foreclosed, the Debtors' typically dispose of the REO Properties pursuant to the procedures set forth in the Order Granting Debtor's Motion Pursuant to Sections 105, 363, and 554(a) of the Bankruptcy Code for Authority to Establish Procedures to Sell or Abandon *De Minimis* Assets (the "De Minimis Asset Order"). [Docket No. 4021]. Pursuant to the De Minimis Asset Order, the Debtors are authorized to sell assets of the estate without further order from the Court subject to certain caps set forth therein.

15.     Accordingly, the Debtors believe the relief requested herein is necessary, appropriate, and in the best interest of the Debtors' estates.

### Notice

16.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the Office of the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York.  No other or further notice need be provided.

17.     Other than the relief granted in the OCP Order, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: February 19, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit 1**
**(The Amended Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                                   :
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                              Debtors.             :    (Jointly Administered)
                                                   :
-------------------------------------------------------------------x

### AMENDED ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion, dated February 19, 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors-in-possession (collectively, the "Debtors"), to amend the order, entered on November 5,

2008 [Docket No. 1394], pursuant to sections 105(a), 327, 328 and 330 of chapter 11 of the title

11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to employ

professionals utilized in the ordinary course of business (the "Ordinary Course Professionals"),

all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the amended order entered February 13, 2009 governing case

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

management and administrative procedures [Docket No. 2837]; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest, and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy

Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ, *nunc
pro tunc* to September 15, 2008, the Ordinary Course Professionals listed on Exhibit C to the

OCP Order in the ordinary course of their businesses in accordance with the procedures set forth

herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is

further

ORDERED that each Ordinary Course Professional shall provide the Debtors'

attorneys as promptly as possible following the date on which the Ordinary Course Professional

commences services for the Debtors:  (a) an affidavit (the "Ordinary Course Professional
Affidavit"), substantially in the form annexed as Exhibit A to the OCP Order, certifying that

such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors

or their estates with respect to the matter on which the professional is to be employed; and (b) a

completed retention questionnaire (the "Retention Questionnaire"), substantially in the form

annexed to the OCP Order as Exhibit B; and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional

Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon the

Reviewing Parties (as defined below); and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary

Course Professionals from time to time during these chapter 11 cases, as the need arises, and file

a notice with the Court listing such additional Ordinary Course Professionals and attach thereto

the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively,

the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental

Notice of Ordinary Course Professionals on the (i) U.S. Trustee, and (ii) attorneys for the official

committee of unsecured creditors appointed in these chapter 11 cases (together with the Debtors,

the "Reviewing Parties"); and it is further

ORDERED that the Reviewing Parties shall have 10 days after receipt of either

the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of

Ordinary Course Professionals listed on Exhibit C, or the Supplemental Notice of Ordinary

Course Professionals, in the case of any additional Ordinary Course Professionals, to object to

the retention, employment or compensation of the Ordinary Course Professional stemming from

the contents of the Ordinary Course Professional Affidavit or the Retention Questionnaire (the

"Objection Deadline"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the

retention, employment, and compensation of the Ordinary Course Professional shall be deemed

approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a

hearing and without further order from the Court; *provided*, *however*, that if an objection is filed

and any such objection cannot be resolved within 20 days, the matter shall be set for a hearing

before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse

expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the

customary manner in the full amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that the payments do not exceed $150,000 per month per Ordinary Course Professional; and it is further

ORDERED that payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation order in these chapter 11 cases (the "Chapter 11 Period"); and it is further

ORDERED that in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $150,000 per month, that professional will be required to file a fee application for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of the Court; and it is further

ORDERED that, notwithstanding the foregoing, the Debtors are authorized to retain and pay any professional whose services do not result in fees and disbursements in excess of $30,000 per month and $150,000 in the aggregate for the Chapter 11 Period (collectively, the "De Minimis Ordinary Course Professionals") without the need to file an Ordinary Course Professional Affidavit or a Retention Questionnaire; and it is further

ORDERED that if in any month a De Minimis Ordinary Course Professional exceeds the applicable monthly limit, such professional shall (i) complete and file an Ordinary Course Professional Affidavit and a Retention Questionnaire and/or (ii) submit a fee application, to receive further compensation in accordance with procedures set forth herein for Ordinary Course Professionals; and it is further

ORDERED that the Reviewing Parties shall have 10 days following service to object to the retention of the De Minimis Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Affidavit and Retention Questionnaire, and if no objection is filed after the tenth day, the De Minimis Ordinary Course Professional shall be retained, employed, and compensated as an Ordinary Course Professional and shall be subject to all the provisions herein regarding Ordinary Course Professionals; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation limitations set forth in this order upon notice and hearing; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

Dated: March ___, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 2**
**(Blackline of the Amended Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                           :

In re                        :      Chapter 11 Case No.
                           :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :      08-13555 (JMP)
                           :

               Debtors.      :      (Jointly Administered)
                           :

-------------------------------------------------------------------x

### AMENDED ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion, dated ~~October 13, 2008~~February 19, 2010 (the "Motion"),[1] of

Lehman Brothers Holdings Inc. ~~("LBHI")~~ and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" ~~and, together~~

~~with their non-debtor affiliates, "Lehman"~~), to amend the order, entered on November 5, 2008

[Docket No. 1394], pursuant to sections 105(a), 327, 328 and 330 of chapter 11 of the title 11 of

the United States Code (the "Bankruptcy Code") ~~for authorization~~authorizing the Debtors to

employ professionals utilized in the ordinary course of business (the "Ordinary Course

Professionals"), all as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance with the

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

procedures set forth in the amended order entered September 22, 2008February 13, 2009

governing case management and administrative procedures [Docket No. 285] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided2837]; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors,

and all parties in interest, and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy

Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ, *nunc*

*pro tunc* to September 15, 2008, the Ordinary Course Professionals listed on Exhibit C heretoto

the OCP Order in the ordinary course of their businesses in accordance with the procedures set

forth herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is

further

      ORDERED that each Ordinary Course Professional shall provide the Debtors'

attorneys as promptly as possible following (i) the entry of an order granting this Motion, or (ii)

the date on which the Ordinary Course Professional commences services for the Debtors:  (a) an

affidavit (the "Ordinary Course Professional Affidavit"), substantially in the form annexed

hereto as Exhibit A to the OCP Order, certifying that such Ordinary Course Professional does not

represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed ~~hereto~~to the OCP Order as Exhibit B; and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon the Reviewing Parties (as defined below); and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file a notice with the Court listing such additional Ordinary Course Professionals and attach thereto the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively, the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental Notice of Ordinary Course Professionals on the (i) U.S. Trustee, and (ii) attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases (together with the Debtors, the "Reviewing Parties"); and it is further

ORDERED that the Reviewing Parties shall have 10 days after receipt of either the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of Ordinary Course Professionals listed on Exhibit C, or the Supplemental Notice of Ordinary Course Professionals, in the case of any additional Ordinary Course Professionals, to object to the retention, employment or compensation of the Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Affidavit or the Retention Questionnaire (the "Objection Deadline"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the

retention, employment, and compensation of the Ordinary Course Professional shall be deemed

approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a

hearing and without further order from the Court; *provided*, *however*, that if an objection is filed

and any such objection cannot be resolved within 20 days, the matter shall be set for a hearing

before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse

expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the

customary manner in the full amount billed by each such Ordinary Course Professional upon

receipt of reasonably detailed invoices indicating the nature of the services rendered and

calculated in accordance with such professional's standard billing practices (without prejudice to

the Debtors' right to dispute any such invoices); *provided*, *however*, that the payments do not

exceed $150,000 per month per Ordinary Course Professional; and it is further

ORDERED that payment to any one Ordinary Course Professional shall not

exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a

confirmation order in these chapter 11 cases (the "Chapter 11 Period"); and it is further

ORDERED that in the event payment to any Ordinary Course Professional

exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be

required to file a retention application to be retained as a professional pursuant to sections 327

and 328 of the Bankruptcy Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more

than $150,000 per month, that professional will be required to file a fee application for the full

amount of its fees and expenses for that month in accordance with sections 330 and 331 of the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of the Court; and it is further

ORDERED that, notwithstanding the foregoing, the Debtors are authorized to retain and pay any professional whose services do not result in fees and disbursements in excess of $30,000 per month and $150,000 in the aggregate for the Chapter 11 Period (collectively, the "De Minimis Ordinary Course Professionals") without the need to file an Ordinary Course Professional Affidavit or a Retention Questionnaire; and it is further

ORDERED that if in any month a De Minimis Ordinary Course Professional exceeds the applicable monthly limit, such professional shall (i) complete and file an Ordinary Course Professional Affidavit and a Retention Questionnaire and/or (ii) submit a fee application, to receive further compensation in accordance with procedures set forth herein for Ordinary Course Professionals; and it is further

ORDERED that the Reviewing Parties shall have 10 days following service to object to the retention of the De Minimis Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Affidavit and Retention Questionnaire, and if no objection is filed after the tenth day, the De Minimis Ordinary Course Professional shall be retained, employed, and compensated as an Ordinary Course Professional and shall be subject to all the provisions herein regarding Ordinary Course Professionals; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation limitations set forth in this order upon notice and hearing; and it is further

ORDERED that this Order shall not apply to any professional retained by the

Debtors pursuant to a separate order of the Court.

Dated: ~~November~~March ___, ~~2008~~2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11 Case No.**
                                                    :
**GENERAL MOTORS CORP.,** *et al.***,**              :          **09-50026 (REG)**
                                                    :
                                    Debtors.         :          **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § § 105(a), 327, 328, AND 330 AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESSES

Upon the Motion, dated June 17, 2009 (the "**Motion**"),[1] of General Motors

Corporation and its affiliated debtors, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 327, 328,

and 330 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order

authorizing the Debtors to employ professionals utilized in the ordinary course of business (the

"**Ordinary Course Professionals**"), all as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 1334; and due and proper notice of the Motion having been provided, and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals listed on Exhibit C hereto in the ordinary course of their businesses in accordance with the procedures set forth herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors' attorneys as promptly as possible following the date (i) of the entry of this Order, or (ii) on which the Ordinary Course Professional commences services for the Debtors, if later:  (a) a declaration, substantially in the form annexed hereto as Exhibit A (the "**Ordinary Course Professional Declaration**"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire substantially in the form annexed hereto as Exhibit B (the "**Retention Questionnaire**"); and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional Declarations and Retention Questionnaires with the Court and serve a copy thereof upon the Reviewing Parties; and it is further

ORDERED that the Debtors are authorized to retain additional Ordinary Course Professionals throughout these cases by having any such additional Ordinary Course Professional file an Ordinary Course Professional Declaration and Retention Questionnaire with the Court; and it is further

ORDERED that the Reviewing Parties shall have ten days after receipt of the Ordinary Course Professional Declaration and the Retention Questionnaire to object to the

retention, employment, or compensation of the Ordinary Course Professional based upon the

contents of the Ordinary Course Professional Declaration or the Retention Questionnaire (the

"**Objection Deadline**"); and it is further

           ORDERED that if no objections are filed by the Objection Deadline, the

retention, employment, and compensation of the Ordinary Course Professional shall be deemed

approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a

hearing and without further order from the Court; *provided*, *however*, that if an objection is filed

and any such objection cannot be resolved within twenty days, the Debtors shall schedule the

matter for a hearing before the Court; and it is further

           ORDERED that the Debtors are authorized to pay compensation and reimburse

expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the

customary manner in the full undisputed amount billed by each such Ordinary Course

Professional upon receipt of reasonably detailed invoices indicating the nature of the services

rendered and calculated in accordance with such professional's standard billing practices

(without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that

such payments may not exceed $150,000 per month per Ordinary Course Professional; and it is

further

           ORDERED that payment to any one Ordinary Course Professional shall not

exceed $2 million for the entire period in which these chapter 11 cases are pending, subject to

further order of this Court; and it is further

           ORDERED that in the event payment to any Ordinary Course Professional would

exceed $2 million for the entire period in which these chapter 11 cases are pending, such

Ordinary Course Professional shall be required to file a separate retention application to be

retained as a professional pursuant to sections 327 or 328 of the Bankruptcy Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $150,000 per month, that professional shall file a fee application for the full amount of its fees and expenses for that month, notwithstanding the receipt of the $150,000 for such month, in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of the Court; and it is further

ORDERED that the Debtors are authorized to pay any professional whose services do not result in fees and disbursements in excess of $20,000 per month per professional based on monthly service dates (collectively, the "**De Minimis Ordinary Course Professionals**") without the need to (a) file a formal application and (b) file an Ordinary Course Professional Declaration; and it is further

ORDERED that the Debtors are authorized to pay the De Minimis Ordinary Course Professionals 100% of the undisputed fees and disbursements incurred upon submission of appropriate invoices which set forth in reasonable detail the nature of the services rendered and disbursements incurred; and it is further

ORDERED that if in any month a De Minimis Ordinary Course Professional exceeds the applicable monthly limit, such professional shall complete and serve an Ordinary Course Professional Declaration and a Retention Questionnaire, and submit a fee application in accordance with paragraph 8 of the Motion in order to receive further compensation; and it is further

ORDERED that the Reviewing Parties shall have ten days following service to

notify the Debtors in writing of any objections to the retention of the De Minimis Ordinary

Course Professional stemming from the contents of the Ordinary Course Professional

Declaration and Retention Questionnaire, and if no objection is filed after the tenth day, the De

Minimis Ordinary Course Professional shall be retained as an Ordinary Course Professional and

shall be subject to all the provisions herein regarding Ordinary Course Professionals; and it is

further

ORDERED that the Debtors shall provide the Statutory Committee of Unsecured

Creditors with monthly reports detailing the fees paid to each Ordinary Course Professional; and

it is further

ORDERED that Debtors are only authorized to pay fees to Ordinary Course

Professionals for services performed directly for the Debtors' estates, and the Debtors are not

authorized to pay any fees to Ordinary Course Professionals for services performed for the

purchaser of all or substantially all of the Debtors' assets; and it is further

ORDERED that the Debtors reserve the right to seek with Court authorization to

amend the monthly compensation limitations set forth in this Order upon notice to parties in

interest; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
　　　 *July 1, 2009*

　　　　　　　　　　　　　　　　　　　　　 */s/ Robert E. Gerber*
　　　　　　　　　　　　　　　　　　　　　 United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | : |
| | : Chapter 11 Case No. |
| | : |
| **STAR TRIBUNE HOLDINGS** | : 09-10244 (RDD) |
| **CORPORATION, et al.,** | : |
| | : (Jointly Administered) |
| | : |
| Debtors.[1] | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER AUTHORIZING THE DEBTORS TO
## EMPLOY ORDINARY COURSE PROFESSIONALS,
## *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion (the "**Motion**")[2] of Star Tribune Holdings Corporation

("**Star Tribune Holdings**") and The Star Tribune Company ("**Star Tribune**"

and, together with Star Tribune Holdings, the "**Debtors**") for an order, pursuant to

sections 105(a), 327(e), 328 and 330 of the Bankruptcy Code and Bankruptcy

Rule 2014(a), authorizing the Debtors to employ ordinary course professionals

("**Ordinary Course Professionals**"), as more fully described in the Motion; and

upon consideration of the Affidavit of David W. Montgomery filed in support of

the Debtors' first-day pleadings; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the

Standing Order of Referral of Cases to Bankruptcy Court Judges of the District

Court for the Southern District of New York dated July 10, 1984 (Ward, Acting

C.J.); and consideration of the Motion and the requested relief being a core

---

[1] The Debtors are Star Tribune Holdings Corporation and The Star Tribune Company.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed
to such term in the Motion.

proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b);
and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and
1409; and due and proper notice of the Motion and granted herein having been
provided pursuant to the Case Management Order and it appearing that no other
or further notice need be provided; and the relief requested in the Motion and
granting herein being in the best interests of the Debtors and their estates and
creditors; and the Court having reviewed the Motion and having held a hearing
with appearances of parties in interest noted in the transcript thereof (the
"**Hearing**"); and the Court having determined that the legal and factual bases set
forth in the Motion and at the Hearing establish just cause for the relief granted
herein; and upon all of the proceedings had before the Court and after due
deliberation and sufficient cause appearing therefor, it is

ORDERED that to the extent deemed necessary or appropriate by the
Debtors, the Debtors are authorized to employ the Ordinary Course Professionals
and De Minimis Ordinary Course Professionals, effective as of the Petition Date;
and it is further

ORDERED that within 15 days of the later of the entry of this Order or the
date on which the retained Ordinary Course Professional commences services for
the Debtors, each Ordinary Course Professional shall provide the Debtors'
attorneys with (a) a declaration (the "**Ordinary Course Professional
Declaration**"), substantially in the form attached to the Motion as Exhibit C,
certifying that the professional does not represent or hold any interest adverse to
the Debtors or their estates with respect to the matter on which the professional is
to be employed and (b) a completed retention questionnaire (the "**Retention**

2

**Questionnaire**"), substantially in the form attached to the Motion as Exhibit D, and shall periodically update such Ordinary Course Professional Declaration and/or Retention Questionnaire to the extent necessary to reflect new facts or circumstances relevant to their retention. The Debtors' attorneys shall promptly file the Ordinary Course Professional Declarations and Retention Questionnaires with the Court and serve them upon the Interested Parties; and it is further

ORDERED that the Interested Parties (defined below) shall then have ten (10) business days following service and other parties in interest shall have fifteen (15) days following filing to file and serve counsel for the Debtors (with a copy to chambers) within any objection to the proposed retention stemming from the contents of the Ordinary Course Professional Declaration or Retention Questionnaire. Any such objection shall be timely filed with the Court and served upon the Ordinary Course Professional to whom the objection applies, the Debtors and the Interested Parties. If any such objection is filed and cannot be resolved and/or withdrawn within five (5) business days after service of such objection, the Court shall adjudicate the matter. If no timely objection is filed and received, or if any objection is withdrawn, the retention of the Ordinary Course Professional shall be deemed approved without the necessity of a hearing or entry of a further Order by this Court; and it is further

ORDERED that if no objection is filed and serve within such time, the Debtors are authorized and empowered (but not directed) to pay 100 percent of the fees and expenses incurred after the Petition Date by each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner upon submission of appropriate invoices setting forth in reasonable detail the

3

nature of the services rendered and disbursements incurred without a prior

application to the Court, up to $50,000 per month per Ordinary Course

Professional, not to exceed $600,000 in the aggregate per Ordinary Course

Professional over the life of these cases (the "**Ordinary Course Professional Fee**

**Caps**"); and it is further

ORDERED that in the event that an Ordinary Course Professional seeks

more than $50,000 in a single month or $600,000 in the aggregate during these

chapter 11 cases, that professional shall, on or before the 20th day of the month

following the month for which the additional fees and disbursements are being

sought, serve a monthly statement ("**Monthly Statement**") for the additional fees

and disbursements sought, by hand or overnight delivery, on (a) the Debtors, The

Star Tribune Company, 425 Portland Avenue South, Minneapolis, Minnesota

55488, Attn: Randy Lebedoff, (b) attorneys for the Debtors, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall

S. Huebner and Timothy E. Graulich, (c) attorneys for the statutory committee of

unsecured creditors, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland,

New Jersey 07068, Attn: Kenneth A. Rosen, Esq., Sharon L. Levine, Esq. and

Alison E. Kowalski, Esq. and (d) the Office of the U.S. Trustee, 33 Whitehall

Street, 21st Floor, New York, New York 10004, Attn: Brian Masumoto (the

"**Interested Parties**"); and it is further

ORDERED that at the written request of any Interested Party, which

request is actually received by the Debtors on or before the 30th day following

receipt of such Monthly Statement, the Debtors shall submit a formal application

to the Court to retain such professional pursuant to sections 327(e) and 328(a) of

4

the Bankruptcy Code and Bankruptcy Rule 2014(a) and such professional's fees

and expenses shall be subject to review pursuant to the Court's Order Establishing

Procedures for Monthly Compensation and Reimbursement of Professionals,

absent further order of the Court; and it is further

ORDERED that the Debtors shall pay no Ordinary Course Professional

any amounts for invoiced fees and expense reimbursement until the Ordinary

Course Professional Declaration and Retention Questionnaire have been filed

with the Court and the objection deadline has passed; and it is further

ORDERED that the Debtors' right to dispute any invoices and the

professionals' rights and duties under applicable law, disciplinary rules and

ethical guidelines shall not be affected or prejudiced in any manner by the relief

granted in this Order; and it is further

ORDERED that the Debtors may supplement the list of Ordinary Course

Professionals listed on Exhibit A from time to time as necessary by filing

supplemental lists with the Court and serving such lists upon the Interested

Parties.  If no objections are filed to the supplemental lists within ten (10)

business days after service thereof, then the retention of the Ordinary Course

Professionals listed thereon shall file the Ordinary Course Professional

Declaration and the Retention Questionnaire.  Retention of a professional on the

supplemental list of Ordinary Course Professionals shall be deemed effective as

of the date that the professional commences services to the Debtors; and it is

further

ORDERED that, notwithstanding the foregoing, the Debtors are

authorized to employ, in the ordinary course of business, certain Ordinary Course

Professionals (the "**De Minimis Ordinary Course Professionals**"), incurring

fees and disbursements of up to $10,000 per month per De Minimis Ordinary

Course Professional, not to exceed $120,000 in the aggregate per De Minimis

Ordinary Course Professional over the life of these cases (the "**De Minimis**

**Ordinary Course Professional Fee Caps**"), without a prior application to the

Court and without the need to file an Ordinary Course Professional Declaration or

Retention Questionnaire.  A De Minimis Ordinary Course Professional shall be

paid, subject to the De Minimis Ordinary Course Professional Fee Caps, 100

percent of the fees and disbursements incurred upon submission of appropriate

invoices setting forth in reasonable detail the nature of the services rendered and

disbursements incurred (and certifying that such professional does not represent

or hold any interest adverse to the Debtors or their estates with respect to which

the professional is to be employed and has not shared or agreed to share any

portion of the compensation to be received from the Debtors with any person

other than partners and associates of the firm), but not before 10 days from the

entry of a final Order granting this Motion, in accordance with Bankruptcy Rule

6004.  If in any month a De Minimis Ordinary Course Professional exceeds either

of the De Minimis Ordinary Course Professional Fee Caps, such professional will

be required to complete and serve an Ordinary Course Professional Declaration

and Retention Questionnaire in accordance with the procedures described above,

to receive further compensation that shall otherwise be subject to the provisions of

this Order pertaining to Ordinary Course Professionals; and it is further

ORDERED that no De Minimis Ordinary Course Professional who has

exceeded either of the De Minimis Ordinary Course Professional Fee Caps shall

be paid any amounts in excess of either of the De Minimis Ordinary Course

Professional Fee Caps for invoiced fees and expense reimbursement until the

Ordinary Course Professional Declaration and Retention Questionnaire have been

filed with the Court and the objection deadline has passed; and it is further

ORDERED that other than Ordinary Course Professionals, all attorneys

employed by the Debtors during these chapter 11 cases shall be retained by the

Debtors pursuant to separate retention applications, and such professionals shall

be compensated in accordance with the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, and other orders of this Court; and it is further

ORDERED that this Order shall not apply to any professional retained by

the Debtors pursuant to a separate order of the Court; and it is further

ORDERED that the notice procedures set forth in the Motion are good and

sufficient notice and satisfy Bankruptcy Rule 9014 by providing the

counterparties with a notice and an opportunity to object and be heard at a

hearing.

Dated:   New York, New York
         February 9, 2009

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

7