Presentment Date and Time: March 1, 2010 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: March 1, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :   08-13555 (JMP)
                                            :
              Debtors.                      :   (Jointly Administered)
                                            :
                                            :
------------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER  BETWEEN LEHMAN BROTHERS SPECIAL FINANCING INC. AND NOMURA INTERNATIONAL PLC PROVIDING FOR LIMITED <u>RELIEF FROM THE AUTOMATIC STAY</u>

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order (the "<u>Stipulation and Order</u>") between Lehman Brothers Special Financing Inc. and Nomura International PLC to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **March 1, 2010 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **March 1, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "<u>Hearing</u>") will be held to consider the Stipulation and Order on **March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

2

Dated: February 22, 2010
    New York, New York

          /s/ Robert J. Lemons
          Robert J. Lemons

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                           :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER  BETWEEN LEHMAN**
**BROTHERS SPECIAL FINANCING INC. AND NOMURA INTERNATIONAL PLC**
**PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing Inc. ("LBSF") as debtor and debtor-in-

possession and Nomura International PLC ("Nomura") hereby enter into this stipulation,

agreement, and agreed order (the "Stipulation, Agreement, and Order") and agree, as follows:

**RECITALS**

A.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain

of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter

11 cases have been consolidated for procedural purposes only and are being jointly administered

pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").  The Debtors are authorized to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      On January 28, 2009, the Debtors filed a Motion, Pursuant to Sections 105

and 364 of the Bankruptcy Code, Authorizing the Debtors to Grant First Priority Liens in

US_ACTIVE:\43311439\02\43311439_2.DOC\58399.0003

Collateral Posted in Connection with Hedging Transactions [Docket No. 2682] (the "Hedging

Motion").  The Court granted the Hedging Motion, as modified, by order dated March 11, 2009

[Docket No. 3047] (the "Hedging Order").

        C.      The Hedging Order authorizes the Debtors to grant first priority liens to

third parties in cash, securities, and other collateral (the "Collateral") posted in connection with

the hedging transactions (the "Hedging Transaction") the Debtors enter into for the purpose of

reducing the risk associated with the market fluctuations that could cause the value in certain

prepetition derivative contracts to deteriorate.

        D.      LBSF has negotiated an ISDA master agreement with Nomura (such

ISDA master agreement, as may be amended from time to time, (including the schedule and

credit support annex thereto) together with any confirmations confirming transactions thereunder

entered into from time to time, the "Agreement"), pursuant to which Hedging Transactions will

occur from time to time.  LBSF has agreed to post Collateral with Nomura under the Agreement.

        E.      The Hedging Order authorized LBSF to grant first priority liens to

counterparties in connection with  Hedging Transactions.  Nomura has requested that the

automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay")

be modified, to the extent necessary, for the limited purpose of permitting Nomura to exercise

certain rights as set forth herein.

        F.      In light of the foregoing, LBSF and Nomura (each a "Party" and together,

the "Parties") have agreed, subject to approval of this Court, to modify the Automatic Stay for

the limited purpose of permitting Nomura to exercise its rights under the Agreement and with

respect to the Collateral posted in connection with the Agreement, including, without limitation,

if an "Event of Default" (as that term is defined in the Agreement) with respect to LBSF has

occurred and is continuing or Nomura otherwise has the contractual right under the Agreement to

designate an early termination date thereunder, then, in each such case, the right to terminate the

Agreement, liquidate all transactions thereunder, and foreclose upon Collateral posted in

connection with the Agreement and to offset or net out any termination value, payment amount,

or other transfer obligations owing or due to or from LBSF and Nomura solely with respect to

transactions that were executed between the Parties after the Commencement Date (collectively,

the "Stipulated Rights").

**AGREEMENT:**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and

between the LBSF and Nomura, through their undersigned counsel, that:

1.       Upon the execution of the Agreement, the Automatic Stay with respect to

LBSF's chapter 11 case is hereby modified solely to the extent necessary to permit Nomura to

exercise its rights solely with respect to the Agreement and the Collateral posted in connection

with the Agreement, including the Stipulated Rights; *provided*, *however*, that except as provided

in the foregoing sentence all other provisions of the Automatic Stay, including, without

limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose

before the commencement of LBSF's chapter 11 case from LBSF's and the Debtors' estates

and/or assets or property of LBSF or the Debtors (as defined in section 541 of the Bankruptcy

Code) shall remain in full force and effect.

2.     LBSF waives the right to seek to invalidate the Agreement pursuant to

section 549 of the Bankruptcy Code or invoke section 362 of the Bankruptcy Code with respect

to the Agreement.

3.     Except as expressly provided in this Stipulation, Agreement, and Order,

no claims, counterclaims, rights, defenses, objections, challenges, or any other rights of the

parties under or in connection with the Agreement shall be affected by this Stipulation,

Agreement, and Order.

4.     LBSF and Nomura agree that for so long as the Debtors' bankruptcy cases

remain pending, this Court shall be the exclusive forum with respect to any disputes or

controversies relating to or arising under this Stipulation, Agreement, and Order.

5.     The Agreement and this Stipulation, Agreement, and Order shall have no

force or effect unless and until this Stipulation, Agreement, and Order is approved by this Court.

6.     This Stipulation, Agreement, and Order can be amended, superseded,

terminated, or otherwise modified only by a signed writing executed by the Parties.

7.     This Stipulation, Agreement, and Order may be executed in counterparts,

each of which shall be deemed an original but all of which together shall constitute one and the

same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order

to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be

charged.

8.     This Stipulation, Agreement, and Order shall inure to the benefit of, and

shall be binding upon, the Parties hereto and their respective successors and assigns.

9.       This Stipulation, Agreement, and Order shall be governed by the laws of

the State of New York, without regard to the application of New York's conflict of law

principles.

Dated:  February 22, 2010

/s/ Joanne Waterman
Nomura International PLC
Joanne Waterman

Dated:  February 22, 2010
         New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
WEIL GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**
Dated: March __, 2010
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE