WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| | : | **(Jointly Administered)** |
| | : | |
| Debtors. | : | **Refers to Dkt. Nos. 1195, 1692 and 2676** |
| | : | |
| | : | |

-------------------------------------------------------------------x

### SUPPLEMENTAL STIPULATION, AGREEMENT AND ORDER APPOINTING LEHMAN BROTHERS HOLDINGS INC. AS AGENT UNDER LOAN FACILITY

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This supplemental stipulation, agreement, and order ("Supplemental Stipulation")

is entered into by and between Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in

possession (the "Debtor"), Central Pacific Bank ("Central Pacific"), Deutsche Hypothekenbank

(Actien-Gesellschaft) ("Deutsche Hypo"), Landesbank Baden-Württemberg ("LBBW" and

together with Central Pacific and Deutsche Hypo, collectively, the "Non-LBHI Lenders"),

Swedbank AB (publ), New York Branch ("Swedbank"), MH Kapalua Venture, LLC ("MH

Kapalua") and Kapalua Bay, LLC ("Kapalua") (collectively, the "Parties").

## RECITALS

A.       On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

B.       On October 23, 2008, Kapalua filed a *Motion To (I) Compel Immediate Assumption Or Rejection Of Construction Loan Agreement; And (II) Upon Rejection, To Grant Relief From The Automatic Stay* ("Kapalua's Motion") [Docket No. 1195] seeking an order compelling LBHI to assume or reject that certain *Construction Loan Agreement made by and between Kapalua Bay, LLC and Lehman Brothers Holdings, Inc. dated as of July 14, 2006*, as amended from time to time prior to the date of the Stipulation (as hereinafter defined) (such Construction Loan Agreement, as so amended, being the "Original Construction Loan Agreement"), and other related relief.

C.       On November 24, 2008, the Non-LBHI Lenders filed the *Motion of Central Pacific Bank, Deutsche Hypothekenbank (Actien-Gesellschaft), and Landesbank Baden-Württemberg Pursuant to Section 362 of the Bankruptcy Code for Relief from the Automatic Stay to Enforce Contractual Rights to Remove Lehman Brothers Holdings Inc. as Agent under the*

*Loan Facility* (the "<u>Non-LBHI Lenders' Motion</u>")[1] [Docket No. 1692] seeking to remove LBHI as administrative agent under the Original Construction Loan Agreement.

D.      To consensually resolve Kapalua's Motion and the Non-LBHI Lenders' Motion, the Parties (other than MH Kapalua) stipulated (the "<u>Stipulation</u>") (i) to modify the terms of the Original Construction Loan Agreement, as set forth in the Stipulation, (ii) that LBHI would assume the Original Construction Loan Agreement, as modified per the Stipulation, and (iii) that Central Pacific would replace LBHI as administrative agent under the Original Construction Loan Agreement, as modified.  The Stipulation was so ordered by this Court on January 28, 2009 [Docket No. 2676].

E.      To implement the transactions contemplated by the Stipulation, the Parties, pursuant to the authority granted by this Court in the Stipulation, entered into, among other agreements, an *Amended and Restated Construction Loan Agreement*, dated February 11, 2009, pursuant to which, among other things, Central Pacific replaced LBHI as administrative agent (the "<u>Agent</u>").  Such Amended and Restated Construction Loan Agreement was subsequently amended by Amendment No. 1 to Amended and Restated Construction Loan Agreement dated as of November 27, 2009; by Agreement and Amendment No. 2 to Amended and Restated Construction Loan Agreement dated as of November 30, 2009, as modified by Modification of Agreement and Amendment No. 2 to Amended and Restated Construction Loan Agreement dated as of January 15, 2010; and by Amendment No. 3 to Amended and Restated Construction Loan Agreement dated as of December 18, 2009, each entered into among the

---

[1]     Swedbank AB (publ), New York Branch is a lender under the Original Construction Loan Agreement, but was not a party to the Non-LBHI Lenders' Motion.

Parties (such Amended and Restated Construction Loan Agreement, as so amended, being the "Amended Construction Loan Agreement").

F.    On December 7, 2009, Central Pacific provided notice to the other Parties of its resignation as Agent under the Amended Construction Loan Agreement.

G.    The Parties now wish to replace Central Pacific and have requested LBHI to act as Agent under the Amended Construction Loan Agreement and have agreed that the foregoing is in their best interests as set forth in this Supplemental Stipulation upon the terms and conditions herein:

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY AGREED AMONG THE PARTIES, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, AND SUBJECT TO OBTAINING COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.    This Supplemental Stipulation is subject to Court approval and shall be of no force and effect unless and until approved by the Court (the "Effective Date").

2.    LBHI is authorized to replace Central Pacific and be reappointed Agent for all purposes under the Amended Construction Loan Agreement.

3.    Consummation of all transactions contemplated herein on terms set forth in the Successor Agency Agreement, substantially in the form attached as Exhibit A hereto (the "Successor Agency Agreement"), are hereby approved without necessity or requirement of further court proceedings or approval.

4.    The Debtors and their applicable affiliates are duly authorized and empowered to (a) execute, deliver, implement, and fully perform the Successor Agency Agreement and any and all other obligations, instruments, documents and papers, that may be reasonably necessary or appropriate for the performance by LBHI under this Supplemental

Stipulation and the agreements or transactions contemplated thereby, and (b) take all other and further actions as may be necessary to implement the transactions contemplated by this Supplemental Stipulation and the Successor Agency Agreement.  Each of the Parties is hereby authorized to file, register, or otherwise record a copy of this Supplemental Stipulation and the Successor Agency Agreement.

5.    This Supplemental Stipulation shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Amended Construction Loan Agreement and the transactions effectuated in connection therewith under this Supplemental Stipulation.

6.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim of or against any party, or as a waiver of the rights of any party to dispute any claim except as expressly waived herein.

7.    Each person who executes this Supplemental Stipulation on behalf of a party hereto represents that he is duly authorized to execute this Supplemental Stipulation on behalf of such party(ies).

8.    This Supplemental Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

9.      This Supplemental Stipulation can only be amended or otherwise modified

by a signed writing executed by the Parties.

10.     This Supplemental Stipulation shall be effectively immediately on the

Effective Date and shall not be stayed pursuant to Bankruptcy Rule 6004(h).

11.     The Court shall retain jurisdiction to resolve any disputes or controversies

arising from or related to this Supplemental Stipulation.


Dated: February 3, 2010


**DLA PIPER US LLP**

/s/ Stephen A. Cowan
Stephen A. Cowan

555 Mission Street, Suite 2400
San Francisco, CA  94105
Telephone:  (415) 836-2500
Facsimile:  (415) 836-2501

Attorneys for Kapalua Bay, LLC and
MH Kapalua Venture, LLC

**WEIL, GOTSHAL & MANGES LLP**

/s/ Shai Y. Waisman
Shai Y. Waisman

767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**CHADBOURNE & PARKE LLP**

/s/ Andrew Coronios
Andrew Coronios
N. Theodore Zink, Jr.
Andrew Rosenblatt

30 Rockefeller Plaza
New York, New York, 10112
Telephone:     (212) 408-5100
Facsimile:  (212) 408-5369

Attorneys for Central Pacific Bank (individually
and as resigning Agent), Deutsche
Hypothekenbank (Actien-Gesellschaft), and
Landesbank Baden-Württemberg

**SALANS LLP**

/s/ Claude D. Montgomery
Claude D. Montgomery
Robert F. Ebin

620 Fifth Avenue
New York, NY  10020
Telephone: (212) 632-5500
Facsimile: (212) 632-5500

Attorneys for  Swedbank AB (publ), New York
Branch


**SO ORDERED:**

Dated:  New York, New York
           February 23, 2010

_s/ James M. Peck_
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

7

## <u>Exhibit A</u>

**Successor Agency Agreement**

## SUCCESSOR AGENCY AGREEMENT

This SUCCESSOR AGENCY AGREEMENT (this "Agreement"), dated as of February [   ], 2010, by and among CENTRAL PACIFIC BANK, a Hawaii bank ("CPB"), LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation ("LBHI"), as debtor and debtor in possession, the Lenders party hereto, and KAPALUA BAY, LLC, a Delaware limited liability company.

WHEREAS, CPB is the existing Agent under the Amended and Restated Construction Loan Agreement dated as of February 11, 2009 (as the same has been amended to the date hereof, the "ARCLA"), among Kapalua Bay, LLC, as Borrower (the "Borrower"), the several lenders party thereto as Lenders (the "Lenders"), and CPB, as Agent, as modified by (i) that certain Amendment No. 1 to Amended and Restated Construction Loan Agreement dated as of November 27, 2009, (ii) that certain Agreement and Amendment No. 2 to Amended and Restated Construction Loan Agreement dated as of November 30, 2009, and (iii) that certain Amendment No. 3 to Amended and Restated Construction Loan Agreement dated as of December 18, 2009, each entered into among the Borrower, the Lenders and CPB, as Agent (the ARCLA, as so modified, and as heretofore otherwise amended, supplemented or otherwise modified, being hereinafter referred to as the "Loan Agreement");

WHEREAS, on December 7, 2009, pursuant to Section 22.6 of the Loan Agreement, CPB notified the Lenders of its resignation as Agent under the Loan Agreement and the other Loan Documents (as defined in the Loan Agreement);

WHEREAS, the Lenders desire to appoint LBHI as successor Agent under the Loan Agreement and the other Loan Documents and, in connection therewith to modify certain provisions of the Loan Agreement;

NOW, THEREFORE, the parties to this Agreement hereby agree as follow:

Section 1.    Definitions.  Unless otherwise defined in this Agreement, capitalized terms used are used in this Agreement as defined in the Loan Agreement.

Section 2.    Resignation of CPB as Agent.

(a)    CPB's resignation as Agent under the Loan Agreement and the other Loan Documents shall be effective as of the Effective Date (as hereinafter defined).

(b)    The parties to this Agreement waive any prior notice otherwise required under the Loan Agreement in connection with such resignation.

NY3 - 500988.06

Section 3.    Appointment of LBHI as Successor Agent.  Effective as of the Effective Date, the Lenders irrevocably designate and appoint LBHI as the successor Agent pursuant to Section 22.6 of the Loan Agreement, to serve as Agent for all purposes of the Loan Agreement and the other Loan Documents, and to take such actions and perform such duties and exercise such powers as are expressly delegated to the Agent by the terms of the Loan Agreement and the other Loan Documents, together with such other powers as are reasonably incidental thereto, and LBHI accepts such appointment effective as of the Effective Date.

Section 4.    Assignment and Assumption.

(a)    As of the Effective Date, CPB, as resigning Agent, hereby assigns and transfers to LBHI, as successor Agent, and LBHI in its capacity as successor Agent hereby assumes, all of the rights and obligations of Agent under the Loan Agreement and each of the other Loan Documents.  As of the Effective Date, CPB, as the resigning Agent, shall have no obligations as Agent under the Loan Agreement or the other Loan Documents.

(b)    The parties to this Agreement acknowledge and agree that on and after the Effective Date (i) LBHI, as successor Agent, shall have all of the rights and benefits of the Agent under each of the Loan Documents, including, without limitation, the Loan Agreement, the Mortgage, the Assignment of Leases and Rents, but shall have no responsibility or obligation or liability in connection with any act or omission of CPB, as the prior Agent, for any period prior to the Effective Date, and (ii) CPB shall have no responsibility or obligation or liability in connection with any act or omission of LBHI, as successor Agent.

(c)    Nothing in this Agreement shall constitute a waiver or assignment of any responsibility or obligation or liability of CPB, as Agent, for any period prior to the Effective Date.

Section 5.    Modification of Loan Documents.

(a)    As of the Effective Date, each reference to CPB as Agent in each Loan Document is hereby amended to mean LBHI, as successor Agent.

(b)    Notwithstanding anything to the contrary in the Loan Documents, so long as LBHI shall serve as Agent:

(i)    the Agent shall not amend, modify, supplement or waive any material provision of or terminate the Servicing Agreement, or replace the Servicer, without the prior consent of Designated Lenders (as defined below);

2

(ii)     The Agent shall not retain or appoint any attorney-in-fact or sub-Agent to carry out any of its duties as Agent without the prior consent of the Lenders;

(iii)    The Agent shall not change existing Agent counsel or retain or appoint Agent counsel or other advisors or professionals without the prior consent of the Lenders, provided, however that if Chadbourne & Parke LLP resigns as Agent's counsel then Weil Gotshal & Manges LLP is automatically approved as Agent's counsel, if selected by Agent;

(iv)    The Agent may be removed without cause by written direction of Designated Lenders so long as a successor Agent is simultaneously appointed by (A) such Designated Lenders if the successor Agent is one of the Lenders at such time or (B) all of the Lenders if the successor Agent is not one of the Lenders at such time, in which event the Agent shall take all actions and execute and deliver all documents and instruments as the Designated Lenders or such successor Agent may reasonably request to effect the removal of the Agent and the transfer to the successor Agent of all of the Agent's rights and powers under the Loan Documents; and

(v)     The Agent shall request from the Borrower and any Guarantor any information specified by the Lenders, which the Lenders are entitled to receive from the Borrower or such Guarantor under the terms of the Loan Documents.

(c)     For the purposes of this Section 5, the term "Designated Lenders" shall mean, subject to the last sentence of this Section 5(c), (i) until the Facility A Obligations have been paid in full, the Facility A Lenders (excluding all Facility A Lenders that are Defaulting Lenders) holding more than fifty percent (50%) of the aggregate unpaid principal amount of the Facility A Loans then outstanding; (ii) from and after the date that the Facility A Obligations have been paid in full, the Facility B Lenders (excluding all Facility B Lenders that are Defaulting Lenders) holding more than fifty percent (50%) of the aggregate unpaid principal amount of the Facility B Loans then outstanding; and (iii) from and after the date that the Facility B Obligations have been paid in full, the Facility C Lenders (excluding all Facility C Lenders that are Defaulting Lenders) holding more than fifty percent (50%) of the aggregate unpaid principal amount of the Facility C Loans then outstanding.  The Facility A Commitment and the Loans held by MH Kapalua shall be excluded in determining Designated Lenders.

(d)     The parties hereto acknowledge and consent to the continued engagement of Chadbourne & Parke LLP as Agent counsel, subject to Chadbourne & Parke LLP being retained by LBHI as a court-approved ordinary course professional in

3

LBHI's pending Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York in accordance with that certain *Order Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business* entered by the court on November 5, 2008. LBHI, on behalf of itself and its affiliated Debtors, further agrees that Chadbourne & Parke LLP may also act as counsel for one or more individual Lenders other than LBHI, so long as either such representations are not adverse with respect to Chadbourne & Parke LLP's engagement as Agent counsel or Chadbourne & Parke LLP resigns as Agent counsel.

(e)     Except as expressly modified by this Agreement, all provisions of the Loan Documents shall remain in full force and effect in accordance with their respective terms, without amendment or other modification.

Section 6.     Confirmation of Loan Documents.   The Borrower confirms and agrees that its obligations under each Loan Document to which it is a party, after giving effect to this Agreement, are not impaired or adversely affected by this Agreement, shall remain in full force and effect, and are hereby ratified and confirmed in all respects.

Section 7.     Transition of Agent Role.

(a)     From and after the Effective Date, CPB, as the prior Agent, shall promptly and reasonably cooperate with LBHI, as the successor Agent in the transition of the Agent's duties and obligations under the Loan Documents, including, without limitation:

(i)     executing and delivering (A) an assignment of the Mortgage substantially in the form of Exhibit A attached hereto, (B) an assignment of the Assignment of Leases and Rents substantially in the form of Exhibit B attached hereto, (C) an assignment of the Ground Lessor Consent, Estoppel Certificate and Amendment substantially in the form of Exhibit C attached hereto, and (D) other documents reasonably requested by the Borrower or by LBHI, as the successor Agent, to confirm transfer the interest of CPB, as prior Agent, to LBHI, as successor Agent, under each policy of title insurance issued to the Agent in connection with any Mortgage, each of which assignments or other documents shall be in form and substance reasonably satisfactory to CPB and LBHI; and

(ii)     using its best efforts to transfer physical possession to LBHI, as successor Agent, to the extent previously received by CPB, (A) the original recorded counterpart of each Mortgage and of each amendment to and partial release of such Mortgage, (B) the Member Share Certificate and Membership Power, and (C) the original policy of title insurance and endorsements issued with respect to the Mortgage.

4

(b)     The Borrower and CPB, as prior Agent, each acknowledges and agrees that from and after the Effective Date LBHI, as successor Agent, is authorized to file on behalf of the Borrower or CPB, as prior Agent, as applicable, amendments to the existing UCC financing statements filed with respect to the Loan Documents, including, without limitation, those listed on Schedule 1, as may be necessary to reflect LBHI, as successor Agent, as the secured party, each in form and substance satisfactory to LBHI, as successor Agent.

(c)     Each party to this Agreement hereby agrees from time to time, upon request of any other party, to take such additional actions and to execute and deliver such additional documents and instruments as such other party may reasonably request to effect the transactions contemplated by, and to carry out the intent of, this Agreement, all at the cost of the Borrower as provided in the Loan Agreement.

Section 8.     <u>Conditions Precedent</u>.  This Agreement shall become effective as of the date (the "<u>Effective Date</u>") on which all of the following conditions have been satisfied:

(i)     each party to this Agreement shall have executed and delivered a counterpart of this Agreement to each other party; and

(ii)     Final order of the United States Bankruptcy Court for the Southern District of New York having jurisdiction over the Chapter 11 cases of LBHI, et al., approving the Supplemental Stipulation, Agreement and Order Appointing Lehman Brothers Holdings Inc. as Agent under Loan Facility, in form and substance satisfactory to each of the Lenders and the Borrower.

Section 9.     <u>Notice to Successor Agent</u>.  Any notice to be given to LBHI, as successor Agent, under this Agreement shall be delivered to LBHI at the following address:

> Lehman Brother Holdings Inc., as Agent
> 1271 Avenue of the Americas, 46th Floor
> New York, New York 10020
> Attention:  Joelle Halperin, Esq.
> Telecopy: 646-285-9305
> Telephone: 646-285-9066
>
> *With a copy to:*
>
> TriMont Real Estate Advisors, Inc.
> Monarch Tower

5

3424 Peachtree Road NE, Suite 2200
Atlanta, Georgia 30326
Attention: Nancy A. Wilson
Telecopy: 404-582-8759
Telephone: 404-954-5284

*and a copy to:*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attention: Michael Bond, Esq.
Telecopy: 212-310-8007
Direct: 212-310-8035

or to such other address as LBHI may designate by written notice to the other parties to this Agreement given in a manner designated in Section 10.02 of the Loan Agreement.

Section 10.    <u>Representations and Warranties of Successor Agent</u>. LBHI, as successor Agent, represents to the Lenders and the Borrower that, as of the Effective Date:

(i)    The individual executing this Agreement and each other Loan Document to which LBHI is a party on behalf of LBHI is duly authorized to execute such agreements on behalf of LBHI;

(ii)    There is no litigation or governmental proceeding pending, or to the best of LBHI's knowledge, threatened which, if determined adversely to LBHI, would adversely affect the enforceability of this Agreement or any of the Loan Documents against LBHI, as Agent; and

(iii)    LBHI is (A) in compliance with any and all applicable licensing requirements of the state where the Mortgaged Property is located, if any such requirements are applicable to LBHI, as Agent, and (B) either (1) organized under the laws of such state, (2) qualified to do business in such state or (3) to the best of its knowledge, not required to qualify to do business in such state.

Section 11.    <u>No Waiver</u>. No delay or failure on the part of any party hereto in exercising any right, power or remedy under this Agreement shall effect or operate as a waiver thereof, nor shall any single or partial exercise thereof or any abandonment

6

or discontinuance of steps to enforce such right, power or remedy preclude any further exercise thereof or of any other right, power or remedy.

Section 12.    No Oral Modification. This Agreement may not be amended except upon the written agreement of all of the parties hereto; provided that the foregoing shall not limit or modify the provisions set forth in Section 23.2 of the Loan Agreement relating to amendments, waivers and modifications of the Loan Documents.

Section 13.    Binding Upon Successors and Assigns. This Agreement shall inure to the benefit of, and shall be binding upon, the parties hereto and their respective successors and permitted assigns under the Loan Agreement.

Section 14.    Governing Law.  THIS AGREEMENT WAS NEGOTIATED IN THE STATE OF NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY. IN ALL RESPECTS, INCLUDING, WITHOUT LIMITATION, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS AGREEMENT AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE AND APPLICABLE LAW OF THE UNITED STATES OF AMERICA. TO THE FULLEST EXTENT PERMITTED BY LAW, THE PARTIES HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS AGREEMENT, AND THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW, BUT WITHOUT REGARD TO ANY OTHER CONFLICTS OF LAW PROVISIONS THEREOF.

Section 15.    Partial Invalidity; Severability.  If any of the provisions of this Agreement, or the application thereof to any person, party or circumstances, shall, to any extent, be invalid or unenforceable, the remainder of this Agreement, or the application of such provision or provisions to persons, parties or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby, and every provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

Section 16.    Execution in Counterparts. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.  Delivery of an executed

7

counterpart of a signature page of this Agreement by facsimile or electronic transmission of a PDF file shall be effective delivery of a manually executed counterpart of this Agreement.

Section 17.    Jurisdiction.  TO THE GREATEST EXTENT PERMITTED BY LAW, BORROWER IRREVOCABLY (A) SUBMITS TO THE NON-EXCLUSIVE JURISDICTION OF THE CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAII, THE FEDERAL DISTRICT COURT FOR THE DISTRICT OF HAWAII, OR ANY FEDERAL OR STATE COURT SITTING IN NEW YORK COUNTY, NEW YORK, WITH RESPECT TO ANY SUIT, ACTION OR PROCEEDINGS RELATING TO THIS AGREEMENT (EACH, A "PROCEEDING"), AND (B) WAIVES ANY OBJECTION WHICH IT MAY HAVE AT ANY TIME TO THE LAYING OF VENUE OF ANY PROCEEDING BROUGHT IN ANY SUCH COURT, WAIVES ANY CLAIM THAT ANY PROCEEDING HAS BEEN BROUGHT IN AN INCONVENIENT FORUM AND FURTHER WAIVES THE RIGHT TO OBJECT, WITH RESPECT TO SUCH PROCEEDING, THAT SUCH COURT DOES NOT HAVE JURISDICTION OVER SUCH PARTY.  NOTHING IN THIS AGREEMENT SHALL PRECLUDE THE AGENT OR ANY LENDER FROM BRINGING A PROCEEDING IN ANY OTHER JURISDICTION NOR WILL THE BRINGING OF A PROCEEDING IN ANY ONE OR MORE JURISDICTIONS PRECLUDE THE BRINGING OF A PROCEEDING IN ANY OTHER JURISDICTION.  BORROWER FURTHER AGREES AND CONSENTS THAT, IN ADDITION TO ANY METHODS OF SERVICE OF PROCESS PROVIDED FOR UNDER APPLICABLE LAW, ALL SERVICE OF PROCESS IN ANY PROCEEDING IN THE CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAII, THE FEDERAL DISTRICT COURT FOR THE DISTRICT OF HAWAII, OR ANY FEDERAL OR STATE COURT SITTING IN NEW YORK COUNTY, NEW YORK, MAY BE MADE BY CERTIFIED OR REGISTERED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO BORROWER AT THE ADDRESS INDICATED IN THE LOAN AGREEMENT, AND SERVICE SO MADE SHALL BE COMPLETE UPON RECEIPT; EXCEPT THAT IF BORROWER SHALL REFUSE TO ACCEPT DELIVERY, SERVICE SHALL BE DEEMED COMPLETE FIVE (5) DAYS AFTER THE SAME SHALL HAVE BEEN SO MAILED.

Section 18.    Waiver of Jury Trial.  THE PARTIES TO THIS AGREEMENT EACH WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS OR RELATING THERETO OR ARISING FROM THE LENDING RELATIONSHIP WHICH IS THE SUBJECT OF THE LOAN AGREEMENT AND AGREE THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

8

*[balance of page intentionally left blank; signature pages follow]*

9

*[Signature Page to Successor Agency Agreement]*

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the date first above written.

**CENTRAL PACIFIC BANK,** as resigning Agent and as a Lender

By: _____

　　　Name:

　　　Title:

*[Signature Page to Successor Agency Agreement]*

**LEHMAN BROTHERS HOLDINGS INC.,** as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, as successor Agent and as a Lender

By: _____

     Name:

     Title:

*[Signature Page to Successor Agency Agreement]*

DEUTSCHE HYPOTHEKENBANK (ACTIEN-GESELLSCHAFT), as a Lender

By: _____
Name:
Title:

By: _____
Name:
Title:

*[Signature Page to Successor Agency Agreement]*

LANDESBANK BADEN-WÜRTTEMBERG, as a
Lender

By: _____
Name:
Title:


By: _____
Name:
Title:

*[Signature Page to Successor Agency Agreement]*

SWEDBANK AB (PUBL), NEW YORK
BRANCH, as a Lender

By: _____
Name:
Title:


By: _____
Name:
Title:

*[Signature Page to Successor Agency Agreement]*

MH KAPALUA VENTURE, LLC, as a Lender

By:    Marriott Two Flags, LP, its sole member

      By:    Marriott Ownership Resorts, Inc., its
            general partner

            By:_____
                Name:
                Title:

*[Signature Page to Successor Agency Agreement]*

**BORROWER:**

KAPALUA BAY, LLC

By:   Kapalua Bay Holdings, LLC,
     its Managing Member
       By:   MLP KB Partner LLC,
          its Managing Member
          By  Maui Land & Pineapple Company, Inc.,
            its Managing Member

By:_____
    Name:
    Title:

By:_____
    Name:
    Title:

ACKNOWLEDGMENT AND CONSENT

Reference is made to the Successor Agency Agreement dated as of February _____, 2010 (the "<u>Agreement</u>"), among Central Pacific Bank, as resigning Agent, Lehman Brothers Holdings Inc., as successor Agent, the Lenders party thereto, and Kapalua Bay, LLC, as Borrower.  Capitalized terms used herein have the meaning given to such terms in the Loan Agreement (as defined in the Agreement).

Each of the undersigned parties to the Guaranties and the Keep Whole Letters (a) hereby acknowledges and consents to the Agreement and the transactions contemplated thereby and (b) acknowledges and agrees that the Guaranties and Keep Whole Letters to which it is a party are, and shall remain, in full force and effect after giving effect to the Agreement.

**GUARANTOR:**

MAUI LAND & PINEAPPLE COMPANY, INC.

By:_____
    Name:
    Title:

By:_____
    Name:
    Title:

*[Signature Page to Acknowledgment and Consent*
*to Successor Agency Agreement]*

**GUARANTOR:**

THE RITZ-CARLTON DEVELOPMENT
  COMPANY, INC.

By:_____
    Name:
    Title:

*[Signature Page to Acknowledgment and Consent
to Successor Agency Agreement]*

Acknowledged and confirmed:

**GUARANTOR:**

EXCLUSIVE RESORTS DEVELOPMENT COMPANY, LLC

By:_____
    Name:
    Title:

*[Signature Page to Acknowledgment and Consent
to Successor Agency Agreement]*

MAUI LAND & PINEAPPLE COMPANY, INC.

By:_____
    Name:
    Title:

By:_____
    Name:
    Title:

*[Signature Page to Acknowledgment and Consent*
*to Successor Agency Agreement]*

MARRIOTT INTERNATIONAL, INC.

By:_____
    Name:
    Title:

*[Signature Page to Acknowledgment and Consent
to Successor Agency Agreement]*

EXCLUSIVE RESORTS DEVELOPMENT COMPANY, LLC

By:_____
    Name:
    Title:

Exhibit A

(Assignment of Mortgage)

NY3 - 500988.06

|  |  |
|---|---|
| LAND COURT SYSTEM | REGULAR SYSTEM |

Return by Mail (XX)    Pickup ( )          To:

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
Attention: Scott A. Bank, Esq.

Tax Map Key Nos.: (2) 4-2-4-27, 28 & 29          Total Pages:_____

## NOTICE OF CHANGE OF AGENT AND ASSIGNMENT OF FEE AND LEASEHOLD MORTGAGE, SECURITY AGREEMENT AND FIXTURE FILING

THIS NOTICE OF CHANGE OF AGENT AND ASSIGNMENT OF FEE AND LEASEHOLD MORTGAGE, SECURITY AGREEMENT AND FIXTURE FILING (this "Notice and Assignment"), dated as of this [--] day of February, 2010, is made by CENTRAL PACIFIC BANK, a Hawaii bank ("CPB"), having addresses at 220 South King Street, Suite 2000, Honolulu, Hawaii 96813 and P.O. Box 3590 Honolulu, Hawaii 96811-3590, individually and in its capacity as the Agent for itself and the other Current Lenders (as hereinafter defined) ("Assignor"), in favor of LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation, as debtor and debtor in possession ("LBHI"), having an address at 1271 Avenue of the Americas, 46th Floor, New York, New York

10020, in its capacity as the successor Agent for itself and the other Current Lenders ("Assignee").

## R E C I T A L S

A.     LBHI and Kapalua Bay, LLC, a Delaware limited liability company ("Borrower"), entered into that certain Construction Loan Agreement, dated as of July 14, 2006, as amended by that certain First Omnibus Amendment to Construction Loan Documents, dated as of January 26, 2007 (the "First Amendment"; such Construction Loan Agreement, as so amended, being the "Loan Agreement"), whereby LBHI agreed to lend to Borrower, and Borrower agreed to borrow from LBHI, a construction loan in the aggregate amount of up to $370,000,000.00 (the "Loan"), which Loan was originally evidenced by, among other things, a Promissory Note, dated as of July 14, 2006 (the "Original Note"), made by Borrower in favor of LBHI in the amount of $370,000,000.00.

B.     As set forth in the First Amendment, the Original Note was severed and split into six (6) promissory notes (collectively, the "Notes"), which Notes together restated the Original Note in its entirety.

C.     The Loan, and Borrower's obligations under the Notes, the Loan Agreement and the other Loan Documents (as defined in the Loan Agreement) were secured by, *inter alia*, that certain Fee and Leasehold Mortgage, Security Agreement and Fixture Filing executed by Borrower in favor of LBHI and recorded as Regular System Document No. 2006-129745 in the Official Records of the Bureau of Conveyances of the State of Hawaii (the "Land Records"), as amended by that certain First Omnibus Amendment to Recorded Construction Loan Documents, dated as of January 26, 2007 and recorded among the Land Records as Regular System Document No. 2007-023743 (as so amended, the "Mortgage").

D.     Pursuant to that certain Co-Lending Agreement, dated as of February 1, 2007 (as assigned, assumed or modified from time to time, the "Co-Lending Agreement"), LBHI was appointed as Agent (as defined in the Co-Lending Agreement) for the Co-Lenders (as defined in the Co-Lending Agreement) to administer the Loan and take action (or cause actions to be taken on its behalf) with respect to the Notes, the Mortgage and other Loan Documents, which Co-Lending Agreement also sets forth certain rights, benefits, priorities and obligations of the Co-Lenders in and with respect to the Loan, the Notes and the Mortgage.

E.     Pursuant to certain assignment and assumption agreements, including that certain Master Assignment and Assumption and Modification Agreement, dated as of February 11, 2009, the Notes became and continue to be held by LBHI, CPB, Landesbank Baden-Württemberg ("LBBW"), Deutsche Hypothekenbank (Actien-Gesellschaft) ("Deutsche Hypo"), Swedbank AB (publ), New York Branch ("Swedbank") and MH Kapalua Venture, LLC ("MH Kapalua", together with LBHI, CPB, LBBW, Deutsche Hypo and Swedbank, the "Current Lenders").

2

F.       Pursuant to that certain letter agreement, dated as of February 11, 2009, LBHI resigned as Agent under the Co-Lending Agreement, and CPB became successor Agent for the Current Lenders in accordance with the terms of the Co-Lending Agreement.

G.       Pursuant to that certain Amended and Restated Construction Loan Agreement, dated as of February 11, 2009, among Borrower, the Current Lenders and CPB as Agent, the parties amended and restated the Loan Agreement in its entirety, confirmed the appointment of CPB as Agent for the Current Lenders, and terminated the Co-Lending Agreement (the Loan Agreement, as so amended and restated and as the same may have been and may further be amended, modified or supplemented from time to time in accordance with its terms, the "Amended and Restated Loan Agreement").

H.       Borrower's obligations under the Amended and Restated Loan Agreement were and continue to be secured by, *inter alia*, the Mortgage, as amended by that certain Second Omnibus Amendment to Recorded Construction Loan Documents, dated February 11, 2009 and recorded in the Land Records as Regular System Document No. 2009-019987 (as so amended, the "Amended Mortgage").

I.       The Amended Mortgage encumbers, *inter alia*, those certain premises owned by Borrower and described in Exhibit "A-1" attached hereto and Borrower's leasehold estate in those certain adjacent premises described in Exhibit "A-2" attached hereto.

J.       By letter dated December 7, 2009, CPB provided notice to the Borrower and the Current Lenders of CPB's resignation as Agent under the Amended and Restated Loan Agreement.

K.       Pursuant to that certain Successor Agency Agreement, dated as of February [--], 2010, Assignor's resignation as Agent under the Amended and Restated Loan Agreement became effective, and Assignee became successor Agent in accordance with the terms of the Amended and Restated Loan Agreement.

L.       Assignor and Assignee desire to execute and record this Notice and Assignment to (i) assign Assignor's interest as mortgagee under the Amended Mortgage to Assignee, as Agent for the Current Lenders, and (ii) provide notice that Assignee is the successor Agent for the Current Lenders with respect to the Amended Mortgage.

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, Assignor and Assignee do hereby agree as follows:

NY3 - 502535.01

1.    <u>Notice</u>.  Assignor has resigned as Agent for the Current Lenders under the Amended and Restated Loan Agreement, Assignee has been appointed as successor Agent for the Current Lenders under the Amended and Restated Loan Agreement, and Assignee has accepted such appointment.

2.    <u>Assignment</u>.  Assignor hereby assigns, conveys and transfers to Assignee all of Assignor's right, title and interest under the Amended Mortgage.

3.    <u>Successors and Assigns</u>.  This Notice and Assignment shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

4.    <u>Counterparts</u>.  This Notice and Assignment may be executed in multiple counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

*[Remainder of Page Left Intentionally Blank; Signature Pages Follow]*

NY3 - 502535.01

*[Signature Page to Notice of Change of Agent and
Assignment of Fee and Leasehold Mortgage,
Security Agreement and Fixture Filing]*

IN WITNESS WHEREOF, this Notice and Assignment has been duly executed by Assignor as of the day and year first written above.

CENTRAL PACIFIC BANK,
a Hawaii bank, individually
and as resigning Agent

By: _____
    Name:
    Title:

<u>Agreed and Accepted By</u>:

LEHMAN BROTHERS HOLDINGS INC.,
a Delaware corporation, as debtor and
debtor in possession in its Chapter 11 case in
the United States Bankruptcy Court for the
Southern District of New York, as successor
Agent

By: _____
    Name:
    Title:

*[Acknowledgment Page to Notice of Change of Agent and*
*Assignment of Fee and Leasehold Mortgage,*
*Security Agreement and Fixture Filing - CPB]*

**[TO BE ATTACHED]**

*[Acknowledgment Page to Notice of Change of Agent and
Assignment of Fee and Leasehold Mortgage,
Security Agreement and Fixture Filing - LBHI]*

**[TO BE ATTACHED]**

<u>EXHIBIT A-1</u>

(Fee Premises)

**[TO BE ATTACHED]**

EXHIBIT A-2

(Leasehold Premises)


**[TO BE ATTACHED]**

Exhibit B

(Assignment of Assignment of Leases and Rents)

NY3 - 500988.06

|  |  |
|---|---|
| LAND COURT SYSTEM | REGULAR SYSTEM |

Return by Mail (XX)    Pickup ( )          To:

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
Attention: Scott A. Bank, Esq.

Tax Map Key Nos.: (2) 4-2-4-27, 28 & 29          Total Pages:_____

## NOTICE OF CHANGE OF AGENT AND ASSIGNMENT
## OF ASSIGNMENT OF LEASES AND RENTS

THIS NOTICE OF CHANGE OF AGENT AND ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS (this "Notice and Assignment"), dated as of this [---] day of February, 2010, is made by CENTRAL PACIFIC BANK, a Hawaii bank ("CPB"), having addresses at 220 South King Street, Suite 2000, Honolulu, Hawaii 96813 and P.O. Box 3590 Honolulu, Hawaii 96811-3590, individually and in its capacity as the Agent for itself and the other Current Lenders (as hereinafter defined) ("Assignor"), in favor of LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation, as debtor and debtor in possession ("LBHI"), having an address at 1271

Avenue of the Americas, 46th Floor, New York, New York 10020, in its capacity as the successor Agent for itself and the other Current Lenders ("Assignee").

## R E C I T A L S

A.      LBHI and Kapalua Bay, LLC, a Delaware limited liability company ("Borrower"), entered into that certain Construction Loan Agreement, dated as of July 14, 2006, as amended by that certain First Omnibus Amendment to Construction Loan Documents, dated as of January 26, 2007 (the "First Amendment"; such Construction Loan Agreement, as so amended, being the "Loan Agreement"), whereby LBHI agreed to lend to Borrower, and Borrower agreed to borrow from LBHI, a construction loan in the aggregate amount of up to $370,000,000.00 (the "Loan"), which Loan was originally evidenced by, among other things, a Promissory Note, dated as of July 14, 2006 (the "Original Note"), made by Borrower in favor of LBHI in the amount of $370,000,000.00.

B.      As set forth in the First Amendment, the Original Note was severed and split into six (6) promissory notes (collectively, the "Notes"), which Notes together restated the Original Note in its entirety.

C.      The Loan, and Borrower's obligations under the Notes, the Loan Agreement and the other Loan Documents (as defined in the Loan Agreement) were secured by, *inter alia*, that certain Assignment of Leases and Rents executed by Borrower in favor of LBHI and recorded as Regular System Document No. 2006-129746 in the Official Records of the Bureau of Conveyances of the State of Hawaii (the "Land Records"), as amended by that certain First Omnibus Amendment to Recorded Construction Loan Documents, dated as of January 26, 2007 and recorded among the Land Records as Regular System Document No. 2007-023743 (as so amended, the "ALR").

D.      Pursuant to that certain Co-Lending Agreement, dated as of February 1, 2007 (as assigned, assumed or modified from time to time, the "Co-Lending Agreement"), LBHI was appointed as Agent (as defined in the Co-Lending Agreement) for the Co-Lenders (as defined in the Co-Lending Agreement) to administer the Loan and take action (or cause actions to be taken on its behalf) with respect to the Notes, the ALR and other Loan Documents, which Co-Lending Agreement also sets forth certain rights, benefits, priorities and obligations of the Co-Lenders in and with respect to the Loan, the Notes and the ALR.

E.      Pursuant to certain assignment and assumption agreements, including that certain Master Assignment and Assumption and Modification Agreement, dated as of February 11, 2009, the Notes became and continue to be held by LBHI, CPB, Landesbank Baden-Württemberg ("LBBW"), Deutsche Hypothekenbank (Actien-Gesellschaft) ("Deutsche Hypo"), Swedbank AB (publ), New York Branch ("Swedbank") and MH Kapalua Venture, LLC ("MH Kapalua", together with LBHI, CPB, LBBW, Deutsche Hypo and Swedbank, the "Current Lenders").

2

F.    Pursuant to that certain letter agreement, dated as of February 11, 2009, LBHI resigned as Agent under the Co-Lending Agreement, and CPB became successor Agent for the Current Lenders in accordance with the terms of the Co-Lending Agreement.

G.    Pursuant to that certain Amended and Restated Construction Loan Agreement, dated as of February 11, 2009, among Borrower, the Current Lenders and CPB as Agent, the parties amended and restated the Loan Agreement in its entirety, confirmed the appointment of CPB as Agent for the Current Lenders, and terminated the Co-Lending Agreement (the Loan Agreement, as so amended and restated and as the same may have been and may further be amended, modified or supplemented from time to time in accordance with its terms, the "Amended and Restated Loan Agreement").

H.    Borrower's obligations under the Amended and Restated Loan Agreement were and continue to be secured by, *inter alia*, the ALR, as amended by that certain Second Omnibus Amendment to Recorded Construction Loan Documents, dated February 11, 2009 and recorded in the Land Records as Regular System Document No. 2009-019987 (as so amended, the "Amended ALR").

I.    The Amended ALR encumbers, *inter alia*, those certain premises owned by Borrower and described in Exhibit "A-1" attached hereto and Borrower's leasehold estate in those certain adjacent premises described in Exhibit "A-2" attached hereto.

J.    By letter dated December 7, 2009, CPB provided notice to the Borrower and the Current Lenders of CPB's resignation as Agent under the Amended and Restated Loan Agreement.

K.    Pursuant to that certain Successor Agency Agreement, dated as of February [--], 2010, Assignor's resignation as Agent under the Amended and Restated Loan Agreement became effective, and Assignee became successor Agent in accordance with the terms of the Amended and Restated Loan Agreement.

L.    Assignor and Assignee desire to execute and record this Notice and Assignment to (i) assign Assignor's interest as assignee under the Amended ALR to Assignee, as Agent for the Current Lenders, and (ii) provide notice that Assignee is the successor Agent for the Current Lenders with respect to the Amended ALR.

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, Assignor and Assignee do hereby agree as follows:

1.    Notice.  Assignor has resigned as Agent for the Current Lenders under the Amended and Restated Loan Agreement, Assignee has been appointed as successor

3

Agent for the Current Lenders under the Amended and Restated Loan Agreement, and Assignee has accepted such appointment.

2.    <u>Assignment</u>.  Assignor hereby assigns, conveys and transfers to Assignee all of Assignor's right, title and interest under the Amended ALR.

3.    <u>Successors and Assigns</u>.  This Notice and Assignment shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

4.    <u>Counterparts</u>.  This Notice and Assignment may be executed in multiple counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

*[Remainder of Page Left Intentionally Blank; Signature Pages Follow]*

NY3 - 502477.01

*[Signature Page to Notice of Change of Agent
and Assignment of Assignment of Leases and Rents]*

IN WITNESS WHEREOF, this Notice and Assignment has been duly executed by Assignor as of the day and year first written above.

CENTRAL PACIFIC BANK,
a Hawaii bank, individually
and as resigning Agent

By: _____
     Name:
     Title:

Agreed and Accepted By:

LEHMAN BROTHERS HOLDINGS INC.,
a Delaware corporation, as debtor and
debtor in possession in its Chapter 11 case in
the United States Bankruptcy Court for the
Southern District of New York, as successor
Agent

By: _____
     Name:
     Title:

NY3 - 502477.01

*[Acknowledgment Page to Notice of Change of Agent and Assignment of
Assignment of Leases and Rents - CPB]*

**[TO BE ATTACHED]**

*[Acknowledgment Page to Notice of Change of Agent and Assignment of
Assignment of Leases and Rents - LBHI]*

**[TO BE ATTACHED]**

<u>EXHIBIT A-1</u>

(Fee Premises)


**[TO BE ATTACHED]**

<u>EXHIBIT A-2</u>

(Leasehold Premises)


**[TO BE ATTACHED]**

Exhibit C

(Assignment of Ground Lessor Consent,
Estoppel Certificate and Amendment)

LAND COURT SYSTEM | REGULAR SYSTEM

Return by Mail (XX)    Pickup ( )                    To:

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
Attention: Scott A. Bank, Esq.

Tax Map Key Nos.: (2) 4-2-4-27, 28 & 29                    Total Pages:_____

**NOTICE OF CHANGE OF AGENT AND ASSIGNMENT OF GROUND
LESSOR CONSENT, ESTOPPEL CERTIFICATE AND AMENDMENT**

THIS NOTICE OF CHANGE OF AGENT AND ASSIGNMENT OF GROUND
LESSOR CONSENT, ESTOPPEL CERTIFICATE AND AMENDMENT (this "Notice
and Assignment"), dated as of this [--] day of February, 2010, is made by CENTRAL
PACIFIC BANK, a Hawaii bank ("CPB"), having addresses at 220 South King Street,
Suite 2000, Honolulu, Hawaii 96813 and P.O. Box 3590 Honolulu, Hawaii 96811-3590,
individually and in its capacity as the Agent for itself and the other Current Lenders (as
hereinafter defined) ("Assignor"), in favor of LEHMAN BROTHERS HOLDINGS INC.,
a Delaware corporation, as debtor and debtor in possession ("LBHI"), having an address

at 1271 Avenue of the Americas, 46th Floor, New York, New York 10020, in its capacity as the successor Agent for itself and the other Current Lenders ("Assignee").

## R E C I T A L S

A.    LBHI and Kapalua Bay, LLC, a Delaware limited liability company ("Borrower"), entered into that certain Construction Loan Agreement, dated as of July 14, 2006, as amended by that certain First Omnibus Amendment to Construction Loan Documents, dated as of January 26, 2007 (the "First Amendment"; such Construction Loan Agreement, as so amended, being the "Loan Agreement"), whereby LBHI agreed to lend to Borrower, and Borrower agreed to borrow from LBHI, a construction loan in the aggregate amount of up to $370,000,000.00 (the "Loan"), which Loan was originally evidenced by, among other things, a Promissory Note, dated as of July 14, 2006 (the "Original Note"), made by Borrower in favor of LBHI in the amount of $370,000,000.00.

B.    As set forth in the First Amendment, the Original Note was severed and split into six (6) promissory notes (collectively, the "Notes"), which Notes together restated the Original Note in its entirety.

C.    The Loan, and Borrower's obligations under the Notes, the Loan Agreement and the other Loan Documents (as defined in the Loan Agreement) were evidenced by, *inter alia*, that certain Ground Lessor Consent, Estoppel Certificate and Amendment executed by Maui Land & Pineapple Company, Inc. in favor of LBHI and recorded as Regular System Document No. 2006-129744 in the Official Records of the Bureau of Conveyances of the State of Hawaii (the "Land Records"), as amended by that certain First Omnibus Amendment to Recorded Construction Loan Documents, dated as of January 26, 2007 and recorded among the Land Records as Regular System Document No. 2007-023743 (as so amended, the "Consent").

D.    .Pursuant to that certain Co-Lending Agreement, dated as of February 1, 2007 (as assigned, assumed or modified from time to time, the "Co-Lending Agreement"), LBHI was appointed as Agent (as defined in the Co-Lending Agreement) for the Co-Lenders (as defined in the Co-Lending Agreement) to administer the Loan and take action (or cause actions to be taken on its behalf) with respect to the Notes, the Consent and other Loan Documents, which Co-Lending Agreement also sets forth certain rights, benefits, priorities and obligations of the Co-Lenders in and with respect to the Loan, the Notes and the Consent.

E.    Pursuant to certain assignment and assumption agreements, including that certain Master Assignment and Assumption and Modification Agreement, dated as of February 11, 2009, the Notes became and continue to be held by LBHI, CPB, Landesbank Baden-Württemberg ("LBBW"), Deutsche Hypothekenbank (Actien-Gesellschaft) ("Deutsche Hypo"), Swedbank AB (publ), New York Branch ("Swedbank") and MH Kapalua Venture, LLC ("MH Kapalua", together with LBHI, CPB, LBBW, Deutsche Hypo and Swedbank, the "Current Lenders").

2

F.     Pursuant to that certain letter agreement, dated as of February 11, 2009, LBHI resigned as Agent under the Co-Lending Agreement, and CPB became successor Agent for the Current Lenders in accordance with the terms of the Co-Lending Agreement.

G.     Pursuant to that certain Amended and Restated Construction Loan Agreement, dated as of February 11, 2009, among Borrower, the Current Lenders and CPB as Agent, the parties amended and restated the Loan Agreement in its entirety, confirmed the appointment of CPB as Agent for the Current Lenders, and terminated the Co-Lending Agreement (the Loan Agreement, as so amended and restated and as the same may have been and may further be amended, modified or supplemented from time to time in accordance with its terms, the "Amended and Restated Loan Agreement").

H.     Borrower's obligations under the Amended and Restated Loan Agreement were and continue to be secured by, *inter alia*, the Consent, as amended by that certain Second Omnibus Amendment to Recorded Construction Loan Documents, dated February 11, 2009 and recorded in the Land Records as Regular System Document No. 2009-019987 (as so amended, the "Amended Consent").

I.     The Amended Consent encumbers, *inter alia*, those certain premises owned by Borrower and described in Exhibit "A-1" attached hereto and Borrower's leasehold estate in those certain adjacent premises described in Exhibit "A-2" attached hereto.

J.     By letter dated December 7, 2009, CPB provided notice to the Borrower and the Current Lenders of CPB's resignation as Agent under the Amended and Restated Loan Agreement.

K.     Pursuant to that certain Successor Agency Agreement, dated as of February [--], 2010, Assignor's resignation as Agent under the Amended and Restated Loan Agreement became effective, and Assignee became successor Agent in accordance with the terms of the Amended and Restated Loan Agreement.

L.     Assignor and Assignee desire to execute and record this Notice and Assignment to (i) assign Assignor's interest as beneficiary under the Amended Consent to Assignee, as Agent for the Current Lenders, and (ii) provide notice that Assignee is the successor Agent for the Current Lenders with respect to the Amended Consent.

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, Assignor and Assignee do hereby agree as follows:

NY3 - 502529.02

1.    <u>Notice</u>.  Assignor has resigned as Agent for the Current Lenders under the Amended and Restated Loan Agreement, Assignee has been appointed as successor Agent for the Current Lenders under the Amended and Restated Loan Agreement, and Assignee has accepted such appointment.

2.    <u>Assignment</u>.  Assignor hereby assigns, conveys and transfers to Assignee, all of Assignor's right, title and interest under the Amended Consent.

3.    <u>Successors and Assigns</u>.  This Notice and Assignment shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

4.    <u>Counterparts</u>.  This Notice and Assignment may be executed in multiple counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

*[Remainder of Page Left Intentionally Blank; Signature Pages Follow]*

4

*[Signature Page to Notice of Change of Agent and*
*Assignment of Ground Lessor Consent, Estoppel Certificate and Amendment]*

IN WITNESS WHEREOF, this Notice and Assignment has been duly executed by Assignor as of the day and year first written above.

<div style="margin-left:50%">

CENTRAL PACIFIC BANK,
a Hawaii bank, individually
and as resigning Agent


By: _____
    Name:
    Title:

</div>

Agreed and Accepted By:

LEHMAN BROTHERS HOLDINGS INC.,
a Delaware corporation, as debtor and
debtor in possession in its Chapter 11 case in
the United States Bankruptcy Court for the
Southern District of New York, as successor
Agent


By: _____
    Name:
    Title:

*[Acknowledgment Page to Notice of Change of Agen tand*
*Assignment of Ground Lessor Consent, Estoppel Certificate and Amendment  - CPB]*

**[TO BE ATTACHED]**

*[Acknowledgment Page to Notice of Change of Agent and*
*Assignment of Ground Lessor Consent, Estoppel Certificate and Amendmen t - LBHI]*

**[TO BE ATTACHED]**

NY3 - 502529.02

<u>EXHIBIT A-1</u>

(Fee Premises)


**[TO BE ATTACHED]**

NY3 - 502529.02

EXHIBIT A-2

(Leasehold Premises)

**[TO BE ATTACHED]**

NY3 - 502529.02

Schedule 1

(Description of UCC Financing Statements)


[to be completed]