UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
In re                                                      :    Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                           :
            Debtors.                             :    (Jointly Administered)
                                                           :
-------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO COMPROMISE CERTAIN CLAIMS PURSUANT TO DEED IN LIEU OF FORECLOSURE AGREEMENT

Upon the motion (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), pursuant to section 105(a) of chapter 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to enter into the Agreement[1] with Stamford Investment Partners, Stamford Real Estate Corporation, Stamford Associates, L.P., and Security Pacific Capital Leasing Corporation and take all corporate actions described therein, all as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

>ORDERED that the Motion is granted; and it is further

>ORDERED that the Objection to the Motion by William Kuntz III is overruled; and it is further

>ORDERED that pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, LBHI (a) is duly authorized and empowered to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers, that may be necessary or appropriate to consummate the transactions contemplated by the Agreement substantially in accordance with the description set forth in the Motion; (b) is duly authorized and empowered to take all other and further actions as may be necessary to implement the transactions contemplated by the Agreement substantially in accordance with the description set forth in the Motion; and (c) shall have the right both in connection with and following consummation of the transactions contemplated under the Agreement to consent to any amendment, restatement, waiver, supplement or other modification of any of the transactions described therein substantially in accordance with the description set forth in the Motion.  Any

actions described in clauses (a), (b) and (c) taken by LBHI or its affiliates may be taken without the necessity (x) of further court proceedings or approval or (y) of any consent of any party other than LBHI, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that, on or after the date of consummation of the Agreement, LBHI will file a notice of consummation (the "<u>Notice of Consummation</u>")[2] with the Court and serve the Notice of Consummation on the Stamford Entities; and it is further

ORDERED that, following the filing of the Notice of Consummation, (i) the Guarantee Claim [Claim No. 15799] shall be deemed amended and superseded by a single allowed general unsecured claim in the amount of $45,000,000 solely (x) for the benefit of SPCLC (to the exclusion of SALP)[3] and (y) against LBHI; and (ii) the Tax Indemnity Claim [Claim No. 15794] shall be deemed amended and superseded by a single allowed general unsecured claim in the amount of $20,000,000 solely against LBHI (collectively, the "<u>Amended and Superseded Claims</u>"), which Amended and Superseded Claims shall not be subject to any defense, counterclaim, reduction, disallowance, setoff or subordination, and the Stamford Entities will also be deemed to waive any and all other claims that they may have against any of the other debtors in these chapter 11 cases arising out of or relating to the claims asserted in the Guaranty Claim and the Tax Indemnity Claim or the transactions or documents described therein; and it is further

---

[2] A copy of the Notice of Consummation is attached hereto as Exhibit A.

[3] Nothing contained herein shall impair the assignability of the claim or the proceeds thereof.

ORDERED that Epiq Bankruptcy Solutions, LLC, the Debtors' court-appointed claims and noticing agent, is authorized and directed to make the modifications set forth in the preceding paragraph in the official claims register in these chapter 11 cases; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       February 23, 2010

                                          *s/ James M. Peck*
                                          HONORABLE JAMES M. PECK
                                          UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**
**(Consummation Notice)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                  :
In re                                             :   Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,            :   08-13555 (JMP)
                                                  :
                       Debtors.                   :   (Jointly Administered)
                                                  :
-------------------------------------------------------------------x
```

**NOTICE OF CONSUMMATION OF**
**DEED IN LIEU OF FORECLOSURE AGREEMENT**

PLEASE TAKE NOTICE that Lehman Brothers Holdings Inc. ("LBHI"), pursuant to the Order Pursuant to Section 105(a) of the Bankruptcy Code And Federal Rule of Bankruptcy Procedure 9019 Authorizing Lehman Brothers Holdings Inc. to Compromise Certain Claims Pursuant to Deed in Lieu of Foreclosure Agreement [Docket No. __] (the "Order"), hereby provides notice that the transactions contemplated in that certain Agreement for Deed / Assignment in Lieu of Foreclosure, dated February 2, 2010, have been consummated.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, LBHI hereby instructs Epiq Bankruptcy Solutions, LLC, LBHI's court-appointed claims and noticing agent, to make the following modifications in the official claims register in LBHI's chapter 11 case: (i) the Guarantee Claim[1] [Claim No. 15799] shall be amended and superseded by a single allowed general unsecured claim in the allowed amount of $45,000,000 solely against LBHI for the benefit of SPCLC (to the exclusion of SALP),[2] which allowed claim shall not be subject to any reduction, disallowance, defense, counterclaim, setoff or subordination, and (ii) the Tax Indemnity Claim [Claim No.

---

[1] Capitalized terms that are used but not defined in this notice have the meanings ascribed to them in the Order.

[2] Nothing contained herein shall impair the assignability of the claim or the proceeds thereof.

2

15794] shall be amended and superseded by a single allowed general unsecured claim in the allowed amount of $20,000,000 solely against LBHI, which allowed claim shall not be subject to any reduction, disallowance, defense, counterclaim, setoff or subordination.

Dated: February __, 2010
      New York, New York

                              Shai Y. Waisman
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone:  (212) 310-8000
                              Facsimile:   (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession


cc:  Epiq Bankruptcy Solutions, LLC

2