IN THE JUDICAL COURT OF THE 6ᵀᴴ JUDICAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO. 08-21804-CA05

**LEHMAN BROTHERS HOLDINGS, INC.**
a Delaware Corporation,

                Plaintiff

v.                                                                                          **ANSWER AND COUNTERCLAIM**

**GABLES MARQUIS, LLC**, a
Florida Limited Liability, and
**COSCAN CONSTRUCTION, LLC**, a
Florida Limited Liability
Company, et. al.

                Defendants

v.

**GABLES MARQUIS, LLC**, a
Florida Limited Liability, and
**LEHMAN BROTHERS HOLDINGS, INC.**
a Delaware Corporation,

                Defendants
                in Counterclaim

## ANSWER AND COUNTERCLAIM

Defendant, **COSCAN CONSTRUCTION, LLC**, ("Coscan") a Florida Limited Liability Company answers the Complaint filed by **LEHMAN BROTHERS HOLDINGS, INC.** ("**Lehman or Plaintiff**") a Delaware Corporation, as set forth in the following numbered paragraphs and files a Counterclaim against Lehman and **GABLES MARQUIS, LLC** ("**Gables**") as follows:

1

## NATURE OF CLAIM

1. Paragraph 1 of Plaintiff's Complaint does not require admission or denial by Coscan.

## GENERAL ALLEGATIONS

2. Coscan admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Coscan admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of Lehman's Complaint and, therefore, the same are hereby denied.

5. Coscan admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of Lehman's Complaint and, therefore, the same are hereby denied.

7. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of Lehman's Complaint and, therefore, the same are hereby denied.

8. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of Lehman's Complaint and, therefore, the same are hereby denied.

9. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of Lehman's Complaint and, therefore, the same are hereby denied.

10. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of Lehman's Complaint and, therefore, the same are hereby denied.

11. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of Lehman's Complaint and, therefore, the same are hereby denied.

12. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of Lehman's Complaint and, therefore, the same are hereby denied.

13. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of Lehman's Complaint and, therefore, the same are hereby denied.

14. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of Lehman's Complaint and, therefore, the same are hereby denied.

15. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of Lehman's Complaint and, therefore, the same are hereby denied.

16. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of Lehman's Complaint and, therefore, the same are hereby denied.

17. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of Lehman's Complaint and, therefore, the same are hereby denied.

18. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of Lehman's Complaint and, therefore, the same are hereby denied.

19. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of Lehman's Complaint and, therefore, the same are hereby denied.

20. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of Lehman's Complaint and, therefore, the same are hereby denied.

21. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of Lehman's Complaint and, therefore, the same are hereby denied.

22. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of Lehman's Complaint and, therefore, the same are hereby denied.

23. Coscan admits the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Coscan admits the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Coscan admits the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 26 of Lehman's Complaint and, therefore, the same are hereby denied.

27. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of Lehman's Complaint and, therefore, the same are hereby denied.

28. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of Lehman's Complaint and, therefore, the same are hereby denied.

29. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 29 of Lehman's Complaint and, therefore, the same are hereby denied.

30. Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of Lehman's Complaint and, therefore, the same are hereby denied.

31.   Coscan admits the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.   Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 32 of Lehman's Complaint and, therefore, the same are hereby denied.

33.   Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 33, including without limitation all of its subparts, of Lehman's Complaint and, therefore, the same are hereby denied.

34.   Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 34 of Lehman's Complaint and, therefore the same are hereby denied.

35.   Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of Lehman's Complaint and, therefore the same are hereby denied.

36.   Coscan admits the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.   Coscan admits the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.   Coscan admits the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.   Coscan admits the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.   Coscan admits the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.   Coscan admits the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.   Coscan admits the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.   Coscan admits the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.   Coscan admits the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.   Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 45 of Lehman's Complaint and, therefore the same are hereby denied.

46.   Coscan admits the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.   Coscan admits the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.   Coscan admits the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.   Coscan admits the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.   Coscan admits the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.   Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 51 of Lehman's Complaint and, therefore the same are hereby denied.

52.   Coscan admits the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.   Coscan denies knowledge or information sufficient to form a belief as to the allegations in paragraph 53 of Lehman's Complaint and, therefore the same are hereby denied.

54.   Coscan denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

### RESPONSE TO COUNT I

55.   Paragraph 55 of Plaintiff's Complaint does not require admission or denial by Coscan.

56.   Coscan realleges and reavers each and every allegation in paragraphs 1 through 3, 23 through 34 and 54, inclusive as though fully set forth herein, verbatim.

As to the unnumbered paragraph at the end of Count I of Plaintiff's Complaint, Coscan denies any liability to Lehman on any such claims.

### RESPONSE TO COUNT II

57.   Paragraph 57 of Plaintiff's Complaint does not require admission or denial by Coscan.

58.   Coscan realleges and reavers each and every allegation in paragraphs 1 through 29 and 31 through 54, inclusive as though fully set forth herein, verbatim.

As to the unnumbered paragraph at the end of Count I of Plaintiff's Complaint, Coscan denies any liability to Lehman on any such claims. Coscan further denies that Lehman is entitled to any of the relief prayed for in that paragraph. In addition, Coscan specifically avers the its priority position of its lien claim and the priority positions of its subcontractors lien claims are superior to that of Lehman's mortgage because Lehman has failed to comply with the Florida Lien Statutes, among other reasons.

### RESPONSE TO COUNT III

59.   Paragraph 59 of Plaintiff's Complaint does not require admission or denial by Coscan.

5

60. Coscan realleges and reavers each and every allegation in paragraphs 1 through 4 through 35, and 54, inclusive as though fully set forth herein, verbatim.

As to the unnumbered paragraph at the end of Count I of Plaintiff's Complaint, Coscan denies any liability to Lehman on any such claims. In addition, Coscan specifically avers the its priority position of its lien claim and the priority positions of its subcontractors lien claims are superior to that of Lehman's mortgage because Lehman has failed to comply with the Florida Lien Statutes, among other reasons.

61. Coscan hereby expressly denies any allegation in Plaintiff's Complaint which has not heretofore been specifically admitted herein.

## AFFIRMATIVE DEFENSES

I. Lehman's claims are barred by the doctrine of estopple.

II. Lehman's claims are barred by the doctrine of waiver.

III. Lehman's claims fail to state a claim upon which relief may be granted.

IV. Lehman's claims are barred by the failure of conditions precedent.

V. Lehman's claims are barred by Lehman's failure to comply with the requirements of The Florida Lien Statutes.

## COUNTERCLAIMS

Coscan brings the following counterclaims against Lehman and Gables and shows as follows:

## BACKGROUND

62. Gables is in the business of developing residential real estate, specifically the Gables Marquis Condominium, located in Coral Gables, Miami, Dade County, Florida ("Project").

63. Coscan is the general contractor on the Project.

64. Lehman provided a construction loan on the Project.

65. Coscan and Gables entered into a contract dated April 11, 2005 for the construction of the Project ("Construction Contract"). A true and correct copy of the Subcontract is attached hereto as Exhibit A, without exhibits and attachments).

66. Coscan and Lehman entered into a contract dated November 14, 2005 for the completion of construction the Project ("Lender's Contract"). A true and correct copy of the Lender's Contract is attached hereto Exhibit B.

67. Under the Lender's Contract, Lehman contracted to pay Coscan for all work whenever performed in accordance with the terms of the Construction Contract, if Lehman directed Coscan to proceed on behalf of Lehman in accordance with the Lender's Contract.

68. On February 1, 2008, Lehmans instructed Coscan to proceed with work in writing under the Lender's Contract on Lehman's behalf. A true and correct copy of that instruction is attached hereto as Exhibit C.

69. Coscan performed work on the Project up through and including July 12, 2008.

70. On July 10, 2008, Coscan notified Gables and Lehman that it was suspending work on the Project due to non-payment.

71. On August 9, 2007, Coscan filed a lien against the Project in the amount of $2,302,394.54 ("Lien"). A true and correct copy of the Lien is attached hereto Exhibit D.

72. On August 30, 2008, Coscan filed an amendment to the Lien amending the amount claimed to $1,770,498.25. A true and correct copy of the Amendment to Lien is attached hereto Exhibit E.

73. On December 6, 2008, Coscan filed a partial satisfaction of the lien, reducing the amount claimed by the Lien to $1,002,441.11. A true and correct copy of the Partial Satisfaction of Lien is attached hereto Exhibit F.

74. On May 14, 2008, Coscan provided its final Contractor's affidavit in accordance with the Florida Lien Statutes. A true and correct copy of Coscan's Final Contractor's Affidavit is attached hereto Exhibit G.

75. Under the Construction Contract, Coscan is due certain extras of which Coscan has notified Gables. A true and correct copy of the claim for such additional sums is attached hereto as Exhibit H.

76. Gables breached the Construction Contract with Coscan by, among other things:

    i. failing to pay Coscan for work under the Construction Contract;

    ii. failing to properly perform the obligations of Gables for work under the Construction Contract; and

   iii. failing to provide adequate financing in accordance with the terms of the Construction Contract.

 77. As a result of the foregoing breaches of the Construction Contract, and others to be further established by the evidence, Coscan has been damaged by Gables' breaches in an amount in excess of $15,000.

 78. Lehman has also breached the Lender's Contract by, among other things:

   i. failing to pay Coscan for work under the Construction Contract;

   ii. failing to properly perform the obligations of Lehman for work under the Construction Contract; and

   iii. failing to provide adequate financing in accordance with the terms of the Construction Contract.

 79. All conditions precedent to Coscan's recovery under the Construction Contract against Gables have been occurred, been waived, would be futile, or are satisfied.

 80. All conditions precedent to Coscan's recovery under the Construction Contract against Lehman have been occurred, been waived, would be futile, or are satisfied.

## COUNTERCLAIM COUNT I
### (Breach of Construction Contract against Gables)

 81. Coscan realleges and reavers the allegations made in paragraphs 1 through 80, inclusive, above as though fully set forth herein verbatim.

 82. Coscan has a Construction Contract with Gables for the construction of the Project.

 83. Coscan substantially performed the Construction Contract.

 84. Gables has breached the Construction Contract by as more fully set forth above.

 85. Wherefore, Coscan is entitled to recover the balance due under the Construction Contract against Gables, that being the amount of $1,478,953.17.

## COUNTERCLAIM COUNT II
### (Breach of Construction Contract against Lehman)

 86. Coscan realleges and reavers the allegations made in paragraphs 1 through 85, inclusive, above as though fully set forth herein verbatim.

8

87. Coscan has a Lender's Contract with Lehman for the completion of construction of the Project, at Lehman's option.

88. On February 1, 2008, Lehman exercised its option in writing under the Lender's Contract.

89. Coscan substantially performed the Lender's Contract.

90. Lehman has breached the Lender's Contract by as more fully set forth above.

91. Wherefore, Coscan is entitled to recover the balance due under the Construction Contract against Lehman, that being the amount of $1,478,953.17.

## COUNTERCLAIM COUNT III
### (Quantum Meruit against Gables)

Cocsan realleges and reavers the statements made in paragraphs 1 through 91, inclusive, above as though fully set forth herein verbatim.

92. Coscan provided valuable work, materials, labor and services to Gables on the Project.

93. Coscan conferred a substantial benefit on Gables as a result of work, materials, labor and services provided to Gables on the Project.

94. Gables was aware of the fact that Coscan was providing work, materials, labor and services provided to Gables on the Project.

95. Coscan provided work, materials, labor and services provided to Gables to the Project with the expectation of payment therefor.

96. Coscan has not been paid therefor.

97. Gables has been unjustly enriched by the benefit of work, materials, labor and services conferred on Gables on the Project by Coscan.

98. Wherefore, Coscan is entitled to recover the $1,478,953.17 as the reasonable value of the services provided to Gables by Coscan.

## COUNTERCLAIM COUNT IV
### (Quantum Meruit against Lehman)

9

Coscan realleges and reavers the statements made in paragraphs 1 through 98, inclusive, above as though fully set forth herein verbatim.

99. Coscan provided valuable work, materials, labor and services to Lehman on the Project.

100. Coscan conferred a substantial benefit on Lehman as a result of work, materials, labor and services provided to Gables on the Project.

101. Lehman was aware of the fact that Coscan was providing work, materials, labor and services provided to Lehman on the Project.

102. Coscan provided work, materials, labor and services provided to Lehman to the Project with the expectation of payment therefor.

103. Coscan has not been paid therefor.

104. Lehman has been unjustly enriched by the benefit of work, materials, labor and services conferred on Lehman on the Project by Coscan.

105. Wherefore, Coscan is entitled to recover the $1,478,953.17 as the reasonable value of the services provided to Lehman by Coscan.

## COUNTERCLAIM COUNT V
### (Lien Claim against Gables)

Coscan realleges and reavers the statements made in paragraphs 1 through 105, inclusive, above as though fully set forth herein verbatim.

106. Coscan filed the Lien in accordance with the Florida Lien Statues on August 9, 2007.

107. At all times relevant to this lawsuit, Coscan has maintained a General Contractor's license in accordance with the requirements of Florida law.

108. Coscan furnished labor and materials in accordance with the Construction Contract in the amount of $1,002,441.11, for which it has not been paid.

109. Wherefore, Coscan is entitled to a lien on the property on which the Project is located in the amount of $1,002,441.11, plus its attorneys' fees, interest and all other relief allowable under the Florida Lien Statutes.

10

## COUNTERCLAIM COUNT VI
### (Statutory Claim against Lehman)

Coscan realleges and reavers the statements made in paragraphs 1 through 109, inclusive, above as though fully set forth herein verbatim.

110.  Lehman failed to notify Coscan of its intent to suspend further payments under the construction loan in accordance with §713.3471 of the Revised Florida Statutes.

111.  Wherefore, Coscan is entitled to a lien on the property on which the Project is located and a lien on any funds in hand held by Lehman as a part of the construction loan provided by Lehman to Gables for the Project, in the amount of $1,002,441.11, plus its attorneys' fees, interest and all other relief allowable under the Florida Lien Statutes.

## COUNTERCLAIM COUNT VI
### (Priority of Lien Claim against Lehman)

Coscan realleges and reavers the statements made in paragraphs 1 through 111, inclusive, above as though fully set forth herein verbatim.

112.  Lehman acted in bad faith to wrongfully induce Coscan to continue to perform work on the Project without any intention of payment of Coscan.

113.  Wherefore, Coscan is entitled to a lien on the property on which the Project is located which lien is superior to the mortgage claimed by Lehman on the property on which the Project is located, in the amount of $1,002,441.11, plus its attorneys' fees, interest and all other relief allowable under the Florida Lien Statutes.

**Wherefore,** Coscan requests this Court enter:

1. An order granting Coscan a jury trial as to all issues which may be tried to a jury;

2. Judgment against Gables in an amount to be shown by the evidence but which is reasonably expected by Coscan to exceed $15,000 plus interest and attorneys' fees;

3. Judgment against Lehman in an amount to be shown by the evidence but which is reasonably expected by Coscan to exceed $15,000 plus interest and attorneys' fees;

4. Judgment finding that the Lien claim by Coscan is valid under Florida Statutes §713.31;

5. Judgment in favor of Coscan for foreclosure on such lien;

6. Judgment finding that the Lien claim by Coscan is valid under Florida Statutes §713.31 and has priority over any claim of lien asserted by Lehmans under its mortgage; and

7.  Judgment granting Coscan such other and further relief as is just and proper under the circumstances.

This /5‾th day of May, 2008.

| | |
|---|---|
| 5555 Angler's Avenue, Suite 1<br>Ft. Lauderdale, FL 33312<br>(954) 620-1064<br>Fax (781) 634-7945 | Michael E. Utley, P.C.<br><br>By:    Michael E. Utley<br>FL Bar No. 0031906 |

12

**Exhibit A**
**Construction Contract**

**Exhibit B**
**Lender's Contract**

**Exhibit C**
**Notice to Proceed**

**Exhibit D**
**Lien**

**Exhibit E**
**Amended Lien**

**Exhibit F**
**Partial Lien Satisfaction**

**Exhibit G**
**Final Contractor's Affidavit**

**Exhibit H**
**Coscan Claim Letters**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading has been served upon the following counsel of record, via regular U.S. mail, this /6 th day of May, 2008.

>Roberta A. Colton
>Florida Bar No. 0371289
>J. Alan Asendorf
>Florida Bar No. 0585947
>Trenam, Kemker, Scharf, Barkin,
>Frye, O'Neill & Mullis, P.A.
>101 E. Kennedy Boulevard, Suite 2700
>Tampa, Florida 33602

5555 Angler's Avenue, Suite 1            Michael E. Utley, P.C.
Ft. Lauderdale, FL 33312
(954) 620-1064
Fax (781) 634-7945

By: _____
Michael E. Utley
FL Bar No. 0031906

14