UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC., et al.**                        :   Case No. 08-13555 (JMP)
                                                                 :
                    Debtors.                                     :   (Jointly Administered)
---------------------------------------------------------------- x

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2)

1.  TO:

    Cedar Hill Capital Partners Offshore, Ltd.
    445 Park Avenue, 5th Fl.
    New York, New York 10022
    Attn: Karl Johnson
    Phone: (212) 201-5815
    Fax: (646) 417-7074
    Email: Karl.Johnson@cedarhillcapital.com

2.  Please take notice of the transfer, in the amount of $1,389,215.87 of your claim against LEHMAN BROTHERS HOLDINGS INC., Case No. 08-13555 (JMP) in the above referenced consolidated proceedings, arising from and relating to Claim No. 23496 (attached in Exhibit A hereto), to:

    Cedar Hill Capital Partners Master Fund, L.P.
    445 Park Avenue, 5th Fl.
    New York, New York 10022
    Attn: Karl Johnson
    Phone: (212) 201-5815
    Facsimile: (646) 417-7074
    E-Mail: Karl.Johnson@cedarhillcapital.com

    With a copy to :
    Sidley Austin LLP
    787 Seventh Avenue
    New York, New York 10019
    Attn : Alex Rovira
    Phone : (212) 839-5300
    Facsimile : (212) 839-5599
    E-Mail : arovira@sidley.com

    An Evidence of Transfer of Claim is attached as Exhibit B. All distributions and notices regarding the transferred claim should be sent to the Transferee at the instructions attached in Exhibit C.

3.  No action is required _if you do not object_ to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

    - **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
      United States Bankruptcy Court
      Alexander Hamilton Custom House
      Attention: Bankruptcy Clerk
      One Bowling Green
      New York, NY 10004-1408

    - **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

- Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to the transfer

4.  If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS THE CLAIMANT IN THIS PROCEEDING.**

_____CLERK_____

FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first party, by first class mail, postage prepared on _____, 2010

INTERNAL CONTROL NO.: _____
Copy: (check) Claims Agent ☐ Transferee ☐ Debtor's Attorney ☐

_____
Deputy Clerk

## ADDENDUM

| CLAIM NUMBER | DATE PROOF OF CLAIM FILED | CLAIM AMOUNT |
|---|---|---|
| 23496 | 9/21/09 | $1,389,215.87 |



**Exhibit A**

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | ORIGINAL | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000023496 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Cedar Hill Capital Partners Offshore, Ltd.
c/o Cedar Hill Capital Partners, LLC
445 Park Avenue, 5th Floor, New York, NY 10022, Attn: Karl Johnson

Telephone number: 212-201-5815    Email Address: Karl.Johnson@cedarhillcapital.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on:

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

Name and address where payment should be sent (if different from above): If by check, send to address above. If by wire transfer: See Guarantee Questionnaire

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 1,389,215.87;See Attached Schedule
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. Basis for Claim: See Attached Schedule
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: N/A
3a. Debtor may have scheduled account as: N/A
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:
Value of Property: $_____    Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ 0
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

Amount entitled to priority:

$ _____

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: See Guarantee Questionnaire

Date: 9/18/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*/s/ Charles Cascarilla*

Charles Cascarilla, Manager of Cedar Hill Capital Partners, LLC, its investment manager

FILED / RECEIVED
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC. | ) ) ) | Case No. 08-13555 (JMP) |
| Debtor | ) ) ) | |

### SCHEDULE TO PROOF OF CLAIM OF
### CEDAR HILL CAPITAL PARTNERS OFFSHORE, LTD.

1. This Schedule to the proof of claim of Cedar Hill Capital Partners Offshore, Ltd. ("CH Offshore") shall be deemed a part of, and incorporated by reference in, the attached proof of claim (together with this Schedule, the "Proof of Claim") filed by CH Offshore. The Proof of Claim arises out of that certain guarantee issued by Lehman Brothers Holdings Inc. ("LBHI") dated July 18, 2007 (the "Guarantee") relating to that certain ISDA Master Agreement (as amended, supplemented or otherwise modified from time to time, and including all annexes, schedules, exhibits, confirmations and any related agreements and other documents, collectively, the "Master Agreement"), dated as of February 22, 2007, between CH Offshore and Lehman Brothers Special Financing Inc. ("LBSF," and together with CH Offshore, the "Parties").[1]

I. **BASIS OF CLAIM**

2. Under the terms of the Master Agreement, CH Offshore entered into various derivative transactions with LBSF, including swap transactions which were documented

---

[1] As required by that Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") entered on July 2, 2009 [Docket No. 4271], copies of the relevant supporting documentation for this Proof of Claim will be uploaded as part of the Guarantee Questionnaire relating to this Proof of Claim.

and confirmed by the Parties through written confirmations. In order to mitigate credit risk under these transactions, the Parties entered into a Credit Support Annex which set forth the terms under which collateral would be posted in connection with the open derivative transactions under the Master Agreement (the "Posted Collateral"). In addition, in connection with the Master Agreement, LBHI issued the Guarantee in favor of CH Offshore unconditionally guaranteeing the full payment of all amounts payable by LBSF in connection with each transaction between the Parties under the Master Agreement.

3. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), thereby triggering an event of default under Section 5(a)(vii) of the Master Agreement (an "Event of Default"). Pursuant to the terms of the Master Agreement, CH Offshore sent notice to LBSF specifying the events of default and designating September 16, 2008 as the Early Termination Date[2] (the "Notice of Event of Default").

## II. AMOUNT AND NATURE OF CLAIM

4. Pursuant to the Master Agreement and the Credit Support Annex, CH Offshore provided Posted Collateral to LBSF. On August 27, 2008 LBSF issued a margin call notice to CH Offshore which evidenced the amount of $1,353,100 as the Posted Collateral held by LBSF. As of the date of the Event of Default, there were no outstanding transactions between the Parties under the Master Agreement. As a result of the Event of Default, on September 30, 2008 CH Offshore sent a letter to LBSF requesting the immediate (i) return of the Posted Collateral and (ii) payment of interest on the principal amount of the Posted Collateral (the

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Master Agreement.

"Interest Amount") pursuant to Paragraph 8(b)(iii) of the Credit Support Annex (the "Demand Notice").

5. As set forth in the Demand Notice, CH Offshore asserts that LBSF owes CH Offshore $1,354,394.38, which is comprised of: (i) the Posted Collateral in the amount of $1,353,100 and (ii) the Interest Amount in the amount of $1,294.38, calculated pursuant to Paragraph 12 of the Credit Support Annex for the period from (and including) August 28, 2008, the date on which the Posted Collateral was transferred by CH Offshore to LBSF, to (but excluding) the Early Termination Date ("Collateral Claim").

6. The Master Agreement further provides that CH Offshore is entitled to receive interest compounded daily at the default rate on its Collateral Claim. For the period from (and including) the Early Termination Date to (and including) September 9, 2009, CH Offshore's Collateral Claim has accrued $21,500.43 in interest at the default rate (the "Accrued Interest"). CH Offshore is contractually entitled to payment of its Collateral Claim and Accrued Interest, together with all additional interest accrued and continuing to accrue at the default rate.

7. Pursuant to the terms of the Guarantee, LBHI irrevocably and unconditionally guaranteed to CH Offshore the due and punctual payment of all amounts payable by LBSF in accordance with the terms of the Master Agreement. Therefore, this Proof of Claim against LBHI is for all amounts and obligations owed by LBSF under the Master Agreement, including, but not limited to, the Collateral Claim, Accrued Interest, Fees and Expenses (as defined below).

8. Additionally, under the Master Agreement, CH Offshore is entitled to reasonable out-of-pocket expenses, including legal and other professional fees and expenses incurred by reason of the enforcement and protection of CH Offshore's rights under the Master

3

Agreement. As a direct result of and in connection with the Event of Default, CH Offshore engaged legal counsel to provide advice and assistance with respect to its rights under the Master Agreement, the Guarantee and in connection with this chapter 11 bankruptcy case. As of September 9, 2009, CH Offshore has incurred not less than $13,321.06 in reasonable legal and related fees and expenses related to the enforcement and protection of its rights under the Master Agreement and the Guarantee (collectively, "Fees and Expenses"). CH Offshore is also contractually entitled to payment of current, as well as future, fees and expenses. CH Offshore anticipates that it will likely incur additional legal fees and will amend this Proof of Claim as necessary.

9. Subject to the reservation of rights outlined below, CH Offshore hereby asserts, pursuant to the Guarantee, an unsecured liquidated claim of not less than approximately $1,389,215.87, representing the aggregate amount of the Collateral Claim, Accrued Interest, and Fees and Expenses, plus contingent and/or unliquidated claims, including, but not limited to, all reasonable costs, fees and expenses (including legal and other professional expenses), not presently ascertainable in connection with and provided for under the Master Agreement.

10. To the extent necessary, this Proof of Claim shall serve as notice and a demand of the amounts owing by LBHI to CH Offshore, and no further notice or demand shall be required. In addition, to the extent that there are any amounts owing from LBSF to CH Offshore which are determined to not be guaranteed by LBHI under the Guarantee, including any and all claims arising under the Master Agreement or any Transactions thereunder, CH Offshore hereby asserts a claim against LBHI for such amounts under that certain guarantee by LBHI pursuant to the unanimous consent of the executive committee of the board of directors through that certain board resolution dated June 9, 2005

4

11. Without limiting any of the foregoing, CH Offshore reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent and/or as may be permitted, provided and/or contemplated in the supporting documentation and under applicable law.

### III. COURT JUDGMENT, SECURED CLAIM AND CREDITS

12. As of the date hereof, no judgment has been rendered on the claims asserted herein.

13 CH Offshore hereby asserts any and all rights of setoff, recoupment and/or netting it may have in respect of the claims asserted herein, including, without limitation, the right to setoff, recoup and/or net its claims against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against it. The claims asserted herein are filed as secured claims to the extent of the value of the rights of setoff securing the claims and as general unsecured claims to the extent that the amount of the claims exceeds the value of such setoff rights.

14. The amount of all payments on the claims asserted herein has been credited and deducted for purposes of making this Proof of Claim.

### IV. RESERVATION OF RIGHTS

15. In filing this Proof of Claim, CH Offshore expressly reserves all of its rights and causes of action, including, without limitation, contingent or unliquidated rights that it

may have against the Debtor. The description of the claims and the classification thereof herein by CH Offshore is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of CH Offshore. Furthermore, CH Offshore expressly reserves all rights to amend, clarify, modify and/or supplement the Proof of Claim at any time and for any reason, in any respect, including, without limitation to: (a) correct, increase or amend the amounts referred to herein; (b) add or amend documents and other information, or to describe further, the claims asserted herein; (c) file proofs of claim that may be duplicative in respect of the relevant and applicable documents or any other indebtedness, obligations or liability of any of the Debtors to CH Offshore; (d) add or include any other Debtor or any other entity, including but not limited to any entity which may become a debtor or debtor in possession in the Debtor's jointly administered chapter 11 case(s) and add or amend categories of payments or liabilities; (e) assert a further priority, security interest or similar right with respect to the claims asserted herein; (f) file an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein; (g) file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses that are not ascertainable at this time, or to file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507, including, without limitation, for expenses included in this Proof of Claim; or (h) file additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligations whatsoever of the Debtor to CH Offshore.

16. In executing and filing this Proof of Claim, CH Offshore does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim against the Debtor and does not waive or release: (a) its rights, claims, defenses

and remedies, whether under applicable law, the relevant and applicable documents, or otherwise, against the Debtor or any other person or entity that may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor, or otherwise, including any rights that CH Offshore may have with respect to any property held by any Debtor or other entity in an actual, constructive, or other trust or similar relationship for the benefit of CH Offshore; (b) any obligation owed to it, or any right to any security in connection with the claims; (c) any past, present or future defaults (or events of default) by the Debtor or others in connection with the relevant and applicable documents or otherwise; or (d) any right to the subordination, in favor of CH Offshore, of indebtedness or liens held by other creditors of the Debtors.

17. Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be: (a) a consent to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise; (b) an election of remedies or limitation of rights or remedies; or (c) an admission that any property received by CH Offshore under the relevant and applicable documents or held by the Debtor or other entity constitutes property of any Debtor's estate.

18. Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (a) the right of CH Offshore to have final orders in non-core matters entered only after <u>de novo</u> review by a district court judge; (b) the right of CH Offshore to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto, notwithstanding any designation of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to

statute or the United States Constitution; (c) the right of CH Offshore to seek to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or otherwise to challenge the jurisdiction of the Bankruptcy Court, with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving CH Offshore, or to assert that the reference has already been withdrawn with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving CH Offshore; (d) the right of CH Offshore to have any unliquidated portions of its Proof of Claim determined by applicable state courts; or (e) any ownership, lien, or other property rights, any rights to setoff, recoupment, or counterclaim, or any other right, rights of action, causes of action, claims, or defenses, whether existing now or hereinafter arising to which CH Offshore is or may be entitled under agreements, documents, or instruments, in law or equity, against the Debtor or any other person or persons (including any affiliate of the Debtor).

19.     Nothing herein shall be deemed to waive, estop or derogate from any rights of CH Offshore, including, without limitation, CH Offshore's rights under the relevant and applicable documents, or otherwise. The Proof of Claim also is without prejudice to any and all of CH Offshore's rights, claims and defenses in conjunction with the relevant and applicable documents, the Bankruptcy Code, and otherwise, including, but not limited to the right to vote on any plan(s) in the Debtor's chapter 11 case(s).

20.     The descriptions in the Proof of Claim of the relevant and applicable documents are qualified in their entirety by reference to the applicable provisions of such documents, and such documents are incorporated herein by reference. Each reference to any Debtor as obligor, guarantor, or pledgor, or any other signatory or party to the relevant and

applicable documents or any other document is qualified in its entirety by reference to the applicable provisions of such documents. In the event of any inconsistency between the Proof of Claim and such documents, the documents shall control.

21      CH Offshore expressly reserves all procedural and substantive rights, claims and defenses with respect to any claim that has been or may be asserted against CH Offshore by the Debtor, any trustee for its estate, any other party in interest in the chapter 11 case(s), or any other person or entity whatsoever.

V.    **NAME AND ADDRESS OF WHERE NOTICES SHOULD BE SENT**

22.    All communications in connection with this Proof of Claim should be sent to:

Cedar Hill Capital Partners, LLC
445 Park Avenue, 5th Floor
New York, NY 10022
Attention: Karl Johnson

Facsimile: 646-417-7074
Email. Karl.Johnson@cedarhillcapital.com

with copies to:

Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Attn:  Lee S. Attanasio
       Alex R. Rovira

Facsimile: (212) 839-5599
Email: lattanasio@sidley.com
       arovira@sidley.com

**Exhibit B**

## EVIDENCE OF TRANSFER OF CLAIM

For good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, **Cedar Hill Capital Partners Offshore, Ltd.** ("Assignor") does hereby unconditionally and irrevocably contribute, transfer and assign unto **Cedar Hill Capital Partners Master Fund, L.P.** ("Assignee") all rights, title and interest in and to the claims of Assignor referenced as **proof of claim number 23496** in the principal amount of **$1,389,215.87** plus all interest, fees and other amounts related thereto (the "Claim") against Lehman Brothers Holdings Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York ( the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Holdings Inc., Case No. 08-13555.

Assignor hereby waives any objection to the transfer of the Claim assigned herein (the "Transferred Claim") to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Transferred Claim and recognizing the Assignee as the sole owner and holder of the Transferred Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, the undersigned has duly executed this Transfer of Claim by its duly authorized representative dated the 19 day of February, 2010.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| Cedar Hill Capital Partners Offshore, Ltd. | Cedar Hill Capital Partners Master Fund, L.P. By: Cedar Hill Capital GP II LLC, general partner |
| Name: Emil Woods  Title: Director | Name: Charles Cascarilla  Title: Managing Member |

## **EXHIBIT C**

## **TRANSFER INSTRUCTIONS**

Notice Instructions:
Cedar Hill Capital Partners Master Fund, L.P.
445 Park Avenue, 5th Fl.
New York, New York 10022
Attn: Karl Johnson
Email: Karl.Johnson@cedarhillcapital.com
Telephone: (212) 201-5815
Facsimile: (646) 417-7074

With a copy to:
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
Attn: Alex Rovira
Email: arovira@sidley.com
Telephone: (212) 839-5300
Facsimile: (212) 839-5599


Wire Instructions:
Goldman Sachs Prime Brokerage
Bank: Chase Manhattan Bank, NY

ABA # 021-000-021
F/A/O: Goldman Sachs & Co., NY
A/C: 066-642-426
F/F/C: Cedar Hill Capital Partners Master Fund LP
A/C# 002-432474