# EXHIBIT C

B10 (Official Form 10) (12/08)

**AMENDED**

| UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Latshaw Drilling Company, LLC | Case Number: 09-13572 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Lehman Commercial Paper Inc.**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Jacqueline Marcus
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

-and-

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 40th Floor
New York, New York 10020
Attn: Eric C. Salzman
Telephone: (646) 285-9835

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed: $45,847,390.21**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. **SEE ADDENDUM**

2. **Basis for Claim: SEE ADDENDUM**
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor: N/A**

   3a. Debtor may have scheduled account as: N/A
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☒ Other
Describe: **SEE ADDENDUM**

Value of Property: $_____ Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____ Basis for perfection: _____

Amount of Secured Claim: **$45,847,390.21** Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**FOR COURT USE ONLY**

| DATE | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 02/16/10 | [signature] |

David Walsh
Vice President

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Latshaw Drilling, LLC** | ) | **Case No. 09-13572-R** |
| | ) | **Chapter 11** |
| Debtor. | ) | |
| | ) | |
| In Re: | ) | **Case No. 09-13574-R** |
| | ) | **Chapter 11** |
| **Latshaw Drilling & Exploration Company, Inc.** | ) | |
| | ) | **Administratively Consolidated** |
| | ) | **Under Case No. 09-13572-R** |
| Debtor. | ) | |

## ADDENDUM TO PROOF OF CLAIM OF LEHMAN COMMERCIAL PAPER INC.

1. Lehman Commercial Paper Inc. ("LCPI") submits this addendum (the "Addendum") as part of, and incorporated by reference in, the attached proof of claim (together with the Addendum, the "Proof of Claim") against Latshaw Drilling Company, LLC ("Latshaw" and together with its affiliated debtor, Latshaw Drilling & Exploration Company, Inc., "LDEC," collectively the "Debtors"). David Walsh is a duly authorized signatory of LCPI and is authorized to make and file this Proof of Claim on behalf of LCPI.

2. Commencing on September 15, 2008 and periodically thereafter, LCPI's parent company, Lehman Brothers Holdings Inc., and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York [Case No. 08-13555 (JMP)]. LCPI commenced its voluntary chapter 11 case on October 5, 2008. Nothing in this Proof of Claim shall be deemed (i) a waiver of the rights and protections afforded LCPI under the Bankruptcy Code or other applicable law as a debtor in possession, including, but not limited to, the automatic stay protections granted to LCPI under section 362 of the Bankruptcy

Code (the "Automatic Stay"), or (ii) LCPI's consent to grant Latshaw relief from the Automatic Stay extant in LCPI's chapter 11 case.

3.  On November 11, 2009 (the "Petition Date"), the Debtors commenced the above-captioned cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Oklahoma (the "Bankruptcy Court") [Case No. 09-13572].  On November 19, 2009, the Bankruptcy Court entered an order directing the joint administration of the Debtors' chapter 11 cases.  On December 4, 2009, the Bankruptcy Court entered an order (the "Bar Date Order") establishing February 16, 2010 as the deadline for filing all proofs of claim or interest in the Debtors' chapter 11 cases.

4.  Pursuant to that certain $100,000,000 Amended and Restated Credit Agreement dated as of July 11, 2008, a true and correct copy of which is annexed hereto as Exhibit 1 (as amended, restated, modified or supplemented from time to time, the "Credit Agreement" and, together with, various loan documents and other documents evidencing perfection, the "Credit Documents") by and among Latshaw, as borrower, LDEC, LCPI as a lender and Administrative Agent, and other lenders party thereto from time to time (collectively, the "Prepetition Lenders"), the Prepetition Lenders agreed to extend term loans to the Debtors in the aggregate principal amount of $100,000,000.

5.  Pursuant to that certain Security Agreement dated June 10, 2005 by and between Latshaw, as grantor, and LCPI as a lender and Administrative Agent, a true and correct copy of which is annexed hereto as Exhibit 2 (as amended, restated, supplemented or otherwise modified from time to time, the "Security Agreement"), Latshaw granted to LCPI a security interest in all Accounts,[1] Cash Collateral Accounts, Chattel Paper, Contract Rights, Deposit

---

[1] Unless otherwise defined, capitalized terms shall have the meaning ascribed to such terms in

Accounts, Documents, Equipment, General Intangibles, Payment Intangibles, Instruments, Intellectual Property, Inventory, Investment Property, Vehicles, Letter-of-Credit Rights, Commercial Tort Claims, Goods and other personal property, books and records pertaining to the Collateral, Proceeds, Supporting Obligations and all collateral security and guarantees given by any Person with respect to the foregoing, and all property of Latshaw held by LCPI or any other Secured Party (each of foregoing as defined and described in the Security Agreement, and collectively the "<u>Latshaw Collateral</u>").  In addition,  pursuant to that certain Pledge Agreement dated June 10, 2005  by and between LDEC, as Pledgor, and LCPI, as lender and Administrative Agent, a true and correct copy of which is annexed hereto as <u>Exhibit 3</u> (as amended, restated, supplemented or otherwise modified from time to time, the "<u>Pledge Agreement</u>" and, together with the Security Agreement, the "<u>Collateral Documents</u>," and collectively with the Credit Documents, the "<u>Loan Documents</u>"), LDEC pledged and granted to LCPI a first priority security interest in its right, title and interest in and to all present and future Pledged Securities, including, without limitation, 100% of the membership interests in Latshaw, the books and records related thereto, the Collateral Account, and the Proceeds of any of the foregoing (each of the foregoing as defined and described in the Pledge Agreement, and collectively the "<u>LDEC Collateral</u>," and together with the Latshaw Collateral, the "<u>Collateral</u>").  The Collateral was granted by the Debtors as collateral security for prompt and complete payment and performance by the Debtors of their obligations under the Credit Documents.

     6.  LCPI's security interests in the Collateral were perfected by the filing of UCC financing statements with the Texas Secretary of State.  Copies of the recorded UCC financing statements are annexed hereto as <u>Exhibit 4</u>.

---

the Credit Agreement, the Security Agreement or the Pledge Agreement, as applicable.

7. The Proof of Claim represents a secured claim held by LCPI against Latshaw as of the Petition Date in the aggregate amount of no less than $45,847,390.21. The amount set forth in the Proof of Claim consists of (a) principal in the amount of $45,245,990.71, (b) accrued interest in the amount of $101,399.50, and (c) an estimate of $500,000.00 for additional costs, fees, expenses or other amounts due and owing to LCPI under the Loan Documents. Additionally, the Proof of Claim includes any interest, fees and reimbursable expenses that have accrued and continue to accrue subsequent to the Petition Date pursuant to the Loan Documents.

8. The amounts asserted in this Proof of Claim do not include amounts owing to the other Prepetition Lenders under the Credit Agreement.

9. This Proof of Claim is not subject to any setoff or counterclaim by Latshaw.

10. Nothing in this Proof of Claim constitutes an election under section 1111(b) of the Bankruptcy Code, as to which LCPI expressly reserves all of its rights and elections.

11. In filing this Proof of Claim, LCPI expressly reserves all rights and causes of action, including without limitation, contingent or unliquidated rights that it may have against Latshaw. The description of claims and the classification thereof herein is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of LCPI under the Loan Documents, and to the extent a court of competent jurisdiction enters a final non-appealable order that all or any portion of the Proof of Claim does not constitute a secured claim, then such claims shall be deemed filed as unsecured claims. Furthermore, LCPI expressly reserves all rights to amend, modify and/or supplement the Proof

US_ACTIVE:\43307736\05\58399.0003         4

of Claim in any respect, including without limitation, with respect to filing an amended proof of claim to fix and liquidate any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including without limitation, claims for interest, fees and related expenses (including attorneys' fees) that are not ascertainable at this time or which accrue after the date hereof.  The Proof of Claim is filed without prejudice to the filing by LCPI of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of Latshaw.

12. The execution and filing of the Proof of Claim is not and shall not be construed as an election of remedies or limitation of rights or remedies.  In filing this Proof of Claim, LCPI does not waive or release:  (i) its rights and remedies against any other person or entity who may be liable for all or part of the claims set forth in this Proof of Claim, whether an affiliate or subsidiary of Latshaw, a guarantor, an assignee or otherwise, (ii) any obligation owed to it, or any right to any security that may be determined to be held by it for its benefit or (iii) any past, present or future defaults or events of default by Latshaw or any other person or entity.

13. Nothing contained in the Proof of Claim is intended to be a waiver or release of any rights, claims, actions, defenses, setoffs or recoupments to which LCPI is or may be entitled under any agreements, instruments or documents, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.  In filing this Proof of Claim, LCPI does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to the claims asserted in this Proof of Claim.

14. All responses to and notices concerning this Proof of Claim should be sent to:

        Lehman Brothers Holdings Inc.
        1271 Avenue of the Americas, 40th Floor

        New York, New York 10020
        Attn: Eric C. Salzman

        with copies to:

        Weil, Gotshal & Manges LLP
        767 Fifth Avenue
        New York, New York 10153
        Facsimile: (212) 310-8007
        Attn: Jacqueline Marcus, Esq.

[*The remainder of this page is intentionally blank*]

Dated: February 16, 2010

                    LEHMAN COMMERCIAL PAPER INC. as
                    Debtor and Debtor in Possession in its
                    Chapter 11 case in the United States
                    Bankruptcy Court for the Southern
                    District of New York, Case No. 08-13555

                    By: _____
                        David Walsh
                        [Title]

# Exhibit 1

# Credit Agreement

## Exhibit 2

**Security Agreement**

US_ACTIVE:\43307736\05\58399.0003

# Exhibit 3

# Pledge Agreement