Jeff J. Friedman
Merritt A. Pardini
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Royal Bank of Canada*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS, INC., | (Jointly Administered) |
| et al., | |
| Debtors. | |

------------------------------------------------------------x

## NOTICE OF MOTION OF ROYAL BANK OF CANADA FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 362(d) AND FED. R. BANKR. P. 4001 GRANTING RELIEF FROM THE AUTOMATIC STAY TO EFFECT SETOFF

TO:  THE HONORABLE JUDGE JAMES M. PECK,
     UNITED STATES BANKRUPTCY JUDGE

**PLEASE TAKE NOTICE THAT** that a hearing will be held on **March 17, 2010** at **10:00 a.m.**, or as soon thereafter as counsel can be heard, before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 to consider the annexed Motion of Royal Bank of Canada For Entry of an Order Pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 Granting Relief From the Automatic Stay to Effect Setoff (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion, must (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Administrative Orders for the United States Bankruptcy Court for the Southern District of New York, and the Court's February 13, 2009 Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures (the "Case Management Order"); (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) (which can be found at www.nysb.uscourts.gov) (i) electronically by registered users of the Bankruptcy court's case filing system, or (ii) on a 3.5 inch disk, preferably in Portable Document Format (PDF), Word, WordPerfect, or any other Windows-based word processing format, by all other parties in interest; (d) be submitted in hard copy form to the Chambers of the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom Courthouse, One Bowling Green, New York, New York 10004; and (e) served in accordance with General Order M-242 and the Case Management Order upon the following parties: (i) counsel for Royal Bank of Canada, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Jeff J. Friedman; (ii) counsel for Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attention: Harvey R. Miller, Richard P. Krasnow, Lori R. Fife, Shai Waisman, and Jacqueline Marcus, (iii) counsel for Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attention: Dennis Duane, Dennis O'Donnell and Evan Fleck, (iv) counsel for Postpetition Lenders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attention: Lindsee P. Granfield and Lisa Schweitger, and Sullivan & Cromwell LLP, 125

Broad Street, New York, New York 10004, Attention: Robinson B. Lacy and Hydee R. Feldstein, and (v) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Tracy Hope Davis, Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, and Linda Riffkin so as to be actually received, in all cases, **no later than March 15, 2010**.  Only those objections or responses which have been timely filed and served may be considered by the Court at the hearing;

**PLEASE TAKE FURTHER NOTICE** that the Court may grant the relief requested in the Motion without a hearing if no objections to the Motion are timely filed and served; and

**PLEASE TAKE FURTHER NOTICE** that the hearing to consider the Motion may be adjourned thereafter from time to time without further notice to parties in interest other than the announcement of the adjourned date at the hearing or any other hearing thereafter.

Dated: New York, New York
        February 24, 2010

                                       KATTEN MUCHIN ROSENMAN LLP
                                       *Attorneys for Royal Bank of Canada*

                                       By: */s/ Jeff J. Friedman*
                                              Jeff J. Friedman
                                              Merritt A. Pardini
                                    575 Madison Avenue
                                    New York, New York 10022-2585
                                    Telephone: (212) 940-8800

Jeff J. Friedman
Merritt A. Pardini
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Royal Bank of Canada*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC.,<br>et al.,<br><br>          Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

-----------------------------------------------------------x

## MOTION OF ROYAL BANK OF CANADA FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 362(d) AND FED. R. BANKR. P. 4001 GRANTING RELIEF FROM THE AUTOMATIC STAY TO EFFECT SETOFF

Royal Bank of Canada ("RBC"), through it undersigned counsel, hereby moves (the "Motion") for entry of an order pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for relief from the automatic stay to effect setoff of mutual debts between RBC and Lehman Brothers Holdings, Inc. ("LBHI"). In support of this Motion, RBC respectfully represents as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

2. Prior to the petition date, LBHI opened a deposit account at RBC (Account No. 00002 273-275-8) (the "Account").

3. Prior to business hours on Monday, September 15, 2008 (the "Petition Date"), LBHI filed with this Court a petition for relief under chapter 11 of the Bankruptcy Code. LBHI continues to operate its business and manage its property as a debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. At the time of the filing of LBHI's petition, LBHI had on deposit in the Account the sum of $2,208,070.61 (the "Setoff Amount").

4. The Setoff Amount is calculated from LBHI's balance in the Account on Friday, September 12, 2008 – the last business day before the Petition Date. Although subsequent deposits aggregating $209,170.90 were made into the Account on the Petition Date, given the early hour of the filing of LBHI's petition, RBC believes those deposits are properly characterized as post-petition deposits and thus are not the subject of this Motion. Subsequent to the Petition Date, a number of additional deposits and withdrawals were made from the Account.

5. While RBC does not seek to setoff amounts deposited into the Account subsequent to the Petition Date, at no time since the Petition Date has LBHI's balance in the Account dropped below the Setoff Amount. Copies of Account statements spanning the period

of August 29, 2008 through November 30, 2009 are attached as Exhibit "1" hereto and incorporated herein by reference.

6. On September 16, 2009, RBC filed two proofs of claim against LBHI based on guarantees of derivatives entered into by RBC and Lehman Brothers International Europe. One of those proofs of claim is attached as Exhibit "2" hereto,[1] is the amount of not less than $116,376,702.89 and expressly preserved RBC's setoff rights (the "RBC Proof of Claim").

**Relief Requested**

7. RBC respectfully requests entry of an order pursuant to section 362(d) of the Bankruptcy Code, substantially in the form accompanying this Motion, granting relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code so as to enable RBC to effectuate its setoff rights.

**Bases for the Relief Requested**

A. Introduction

8. The deposit of cash into a bank account creates a debtor-creditor relationship between the bank, as debtor, and the account holder, as creditor. See In re Pioneer Commercial Funding Corp., 140 B.R. 951, 956 (Bankr. S.D.N.Y. 1992). Given the pre-Petition Date amount due to RBC as detailed in the RBC Proof of Claim, RBC ordinarily would have a right of setoff with which "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" Citizens Bank of

---

[1] Because the RBC Proof of Claim against LBHI is based on a guarantee of a derivative, the supporting documentation with respect to the Claim was provided by the timely electronic filing by RBC of the guarantee and derivative questionnaires mandated by the Court. The supporting documents with respect to the RBC Proof of Claim are voluminous and are available upon request to the undersigned subject to reasonable confidentiality restrictions.

Maryland v. Strumpf, 516 U.S. 16, 18 (1995) (quoting Studley v. Boylston Nat'l Bank, 299 U.S. 523, 528 (1913)).

9. Once a bankruptcy case is commenced, however, the exercise of setoff rights by the non-debtor is specifically stayed except upon further order of the court. 11 U.S.C. §§ 362(a)(7), (d).

Section 362(d) of the Bankruptcy Code provides in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> >
> > > (A) the debtor does not have an equity in such property; and
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).

10. While the Bankruptcy Code does not provide an independent right of setoff, it does incorporate setoff rights under non-bankruptcy law. See In re Bennett Funding Group, Inc., 146 F.3d 136, 138-39 (2d Cir. 1998). Furthermore, once a bankruptcy case has been commenced, setoff is limited to debts between the debtor and a creditor that are mutual and which arose prepetition. Id. at 139. The treatment of setoff rights in bankruptcy is addressed in section 553 of the Bankruptcy Code which provides in relevant part:

> Except as otherwise provided in this section and in section 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case

> under this title against a claim of such creditor against the debtor that arose before the commencement of this case.

11 U.S.C. § 553(a).

11. Mutuality for setoff purposes exists where the debts are (i) between the same parties; (ii) those parties stand in the same right; and (iii) those parties stand in the same capacity. In re Bennett, 146 F.3d at 139-40. See also, Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 149 (2d Cir. 2002). The "same parties" requirement of mutuality means that the same parties hold the debt and the claim to be setoff against each other, and thus "a subsidiary's debt may not be set off against the credit of a parent or other subsidiary, or vice versa, because no mutuality exists under the circumstances." In re Sentinel Prods. Corp., 192 B.R. 41, 46 (N.D.N.Y. 1996) (citing MNC Commercial Corp. v. Ryerson & Son, Inc., 882 F.2d 615, 618 n.2 (2d Cir. 1989)). As to the requirement that the parties stand in the "same right", courts have interpreted this requirement to mean that a "prepetition debt cannot offset a postpetition debt." In re Westchester Structures, Inc., 181 B.R. 730, 739 (Bankr. S.D.N.Y. 1995) (quoting In re Bay State York Co., 140 B.R. 608, 614 (Bankr. D. Mass. 1992)). As to the "same capacity" requirement, courts have interpreted this to refer to the relationship of the parties to each other – i.e., as obligor and obligee, and that the debts are owed in one's own name, and not as a fiduciary. See In re Meyer Medical Physicians Group, Ltd., 385 F.3d 1039, 1042 (7th Cir. 2004).

B. **RBC Has Valid and Enforceable Setoff Rights**

12. RBC has valid and enforceable setoff rights to the full extent of the Setoff Amount. The "same parties" requirement is satisfied here because the debts in question – RBC's debt to LBHI for the $2,208,070.61 Setoff Amount in the Account prior to the filing of

LBHI's bankruptcy petition and the debt due RBC as detailed in the RBC Proof of Claim – are between the same legal entities. <u>See</u> Exhibits "1" and "2" hereto. The "same right" requirement is satisfied because the amounts to be setoff here are both prepetition amounts and RBC does not seek authority to setoff with respect to postpetition amounts due to LBHI for deposits into the Account. Finally, the "same capacity" requirement is satisfied because each of LBHI and RBC directly owes obligations to the other – in other words, LBHI and RBC are each obligors and obligees to each in their own name.

      C.      The Automatic Stay Should Be Lifted to
<u>Permit RBC to Exercise its Setoff Rights</u>

13. Here, RBC is entitled to relief from the automatic stay to effectuate setoff for "cause." Additionally, RBC is entitled to relief from the automatic stay because LBHI has no equity in the Account as it relates to the Setoff Amount and it is not necessary to an effective reorganization.

      *(i)      The Automatic Stay Should Be Lifted For "Cause"*

14. The decision to lift the automatic stay to allow a creditor to exercise setoff rights rests soundly within the discretion of the court. <u>In re Bennett</u>, 146 F.3d at 138. That being said, the Second Circuit has found that a creditor should generally be permitted to exercise valid setoff rights absent "compelling circumstances." <u>In re Bennett</u>, 146 F.3d at 139 (citing <u>In re Bohack Corp.</u>, 599 F.2d 1160, 1165 (2d Cir. 1979)). Put another way, absent "compelling circumstances" the establishment of valid setoff rights by a creditor demonstrates "cause" for lifting the automatic stay. <u>In re Orlinski</u>, 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991) (demonstrating a right to setoff creates "a prima facie showing of 'cause' for relief from stay"). <u>See</u> <u>also</u>, <u>In re Alibrandi</u>, No. 87-384, 1990 Bankr. Lexis 1002, at *8 (Bankr. N.D.N.Y. Apr. 25,

1990). Here, there are no compelling circumstances that would warrant denial of the relief requested herein and the Court should thus grant the relief requested herein.

    *(ii)    LBHI has No Equity in the Setoff Amount and the Setoff Amount is Not Necessary to an Effective Reorganization*

15. In addition to relief from the automatic stay being warranted for "cause" under section 362(d)(1), relief is also warranted under section 362(d)(2) because LBHI has no equity in the Setoff Amount and the Setoff Amount is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

16. Here, simple math lets RBC demonstrate – as is its burden pursuant to section 362(g)(1) of the Bankruptcy Code – that LBHI has no equity in the Setoff Amount. Specifically, "equity" for purposes of section 362(d)(2) means the difference between the value of the property in question (here, the Setoff Amount) and the total amount of the RBC Claim (here, in excess of $116 million). In re Kaplan Breslaw Ash, LLC, 264 B.R. 309, 322 (Bankr. S.D.N.Y. 2001).

17. It is LBHI's burden to demonstrate that the Setoff Amount is necessary for an effective reorganization. 11 U.S.C. § 362(g)(2). Moreover, this requires demonstration that "the property is essential for an effective reorganization that is in prospect" and that there is a "reasonable possibility of a successful reorganization within a reasonable time." In re Pegasus Agency, Inc., 101 F.3d 882, 886 (2d Cir. 1996) (citing United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 375-76 (1988)). Here, LBHI cannot satisfy this burden. LBHI is liquidating, even though it may ultimately do so pursuant to a chapter 11 plan. Moreover, given the billions of dollars that LBHI has in its possession and RBC's rights as a secured creditor pursuant to section 506(b) of the Bankruptcy Code, it is difficult to conceive that

LBHI would need $2,208,070.61 to confirm a liquidating plan and would propose to substitute other collateral to obtain its use. Rather, in the context of these multi-billion dollar cases, the Setoff Amount is relatively insignificant and cannot be said to be "essential for an effective reorganization." Accordingly, the stay should be lifted and RBC should be permitted to setoff the Setoff Amount against the claim described in the RBC Proof of Claim.

## Notice

18. Notice of this Motion has been provided in accordance with the Court's February 13, 2009 Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures.

19. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, RBC respectfully requests entry of an order pursuant to section 362(d) of the Bankruptcy Code, substantially in the form accompanying this Motion, granting relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code so as to enable RBC to effectuate its setoff rights as detailed herein.

Dated: New York, New York
      February 24, 2010

KATTEN MUCHIN ROSENMAN LLP

*Attorneys for Royal Bank of Canada*

By:   */s/ Jeff J. Friedman*
Jeff J. Friedman
Merritt A. Pardini
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                 Chapter 11
                                                      Case No. 08-13555 (JMP)

LEHMAN BROTHERS HOLDINGS, INC.,        (Jointly Administered)
et al.,

                Debtors.
------------------------------------------------------------x

**ORDER GRANTING MOTION OF ROYAL BANK OF CANADA FOR ENTRY OF
AN ORDER PURSUANT TO 11 U.S.C. § 362(d) AND FED. R. BANKR. P. 4001
<u>GRANTING RELIEF FROM THE AUTOMATIC STAY TO EFFECT SETOFF</u>**

      Upon the Motion of Royal Bank of Canada for Entry of an Order Pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 Granting Relief From the Automatic Stay to Effect Setoff, dated February 24, 2010 (the "<u>Motion</u>"); and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that a hearing with respect to the Motion was held before the Court on March 17, 2010 at which time the Court considered the Motion, the exhibits thereto, and the evidence adduced at such hearing, and the arguments advanced by counsel at the hearing; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that:

      1.      The Motion is hereby granted in all respects.

      2.      The automatic stay extant in the bankruptcy case of Lehman Brothers Holdings Inc. is hereby lifted to permit RBC to exercise its right to offset the Setoff Amount (as such term

is defined in the Motion) against the claim as asserted in the RBC Proof of Claim (as such term is defined in the Motion).

Dated: New York, New York
      March __, 2010

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE