**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-60001
Howard S. Beltzer, Esq.
Karen Gartenberg, Esq.

Hearing Date: March 17, 2010
Hearing Time: 10:00 a.m.
Objection Deadline: March 1, 2010

Attorneys for BNP Paribas and Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re:                                                           :   Chapter 11
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :   Case No. 08-13555 (JMP)
                                                                 :
                    Debtors.                                     :   Jointly Administered
-----------------------------------------------------------------x

### LIMITED OBJECTION BY BNP PARIBAS AND AFFILIATES TO THE DEBTORS' SECOND AND FOURTH OMNIBUS OBJECTIONS TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

BNP Paribas and certain of its affiliates (the "BNPP Entities"),[1] by their undersigned attorneys, submit this limited objection to the Debtors' Second Omnibus Objection to Claims (Amended and Superseded Claims) (the "Second Claims Objection") and Fourth Omnibus Objection to Claims (Amended and Superseded Claims) (the "Fourth Claims Objection" and, together with the Second Claims Objection, the "Claims Objections").[2]

### PRELIMINARY STATEMENT

---

[1] The affiliates of BNP Paribas joining with it in interposing this objection are as follows: BNP Paribas Fin'AMS, BNP Paribas Wealth Management, CooperNeff Master Fund I Segregated Portfolio Company SPC, acting for and on behalf of its segregated portfolio CooperNeff Multi-Strategy 5 Segregated Portfolio ("CooperNeff"), BNP Paribas Arbitrage, BNP Paribas Equities France, BNP Paribas Gestion CB-CDS, Compagnie d'Investissements de Paris S.A.S., Hawaï Fund, Hawaï 2 Fund, Hawaï PEA Fund, and Hawaï 2 PEA Fund.

1

DB1/64429799.1

1. By the Claims Objections, the Debtors seek to expunge and disallow proofs of claim (each, an "Amended and Superseded Claim") that have been amended and superseded by subsequently-filed, corresponding claims (each a "Surviving Claim"). In this regard, the Debtors have requested that the Court preserve the Debtors' right to later object to any Surviving Claim "on any other basis" (Second Claims Objection, ¶ 2; Fourth Class Objection, ¶ 2).

2. The BNPP Entities do not oppose the relief sought by the Debtors, save for one clarifying change to the proposed relief which is necessary to avoid a manifestly unfair and, one would hope, unintended result. Specifically, the BNPP Entities submit that the proposed orders should clarify that the Debtors' right to object to a Surviving Claim "on any other basis" does not include a challenge on timeliness grounds, so long as the Amended and Superseded Claim was timely filed. This clarifying language is necessary to prevent the wholly inequitable situation where a timely-filed Amended and Superseded Claim is expunged and disallowed, the Debtors subsequently object to a corresponding Surviving Claim on timeliness grounds, and as a result, no claim is allowed.

3. The Debtors have refused to incorporate this clarifying language, which the BNPP Entities had anticipated would be non-controversial, on the ground that they have not yet determined whether a Surviving Claim relates back to an Amended and Superseded Claim. This position is baffling when viewed in light of the Debtors' own statement, set forth in each of the Claims Objections, that the Amended and Superseded

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second Claims Objection or the Fourth Claims Objection, as applicable.

2

Claims "have been amended and superseded by at least one subsequently-filed, <u>corresponding</u> claim" (Second Claims Objection, ¶ 2; Fourth Claims Objection, ¶ 2 (emphasis added)). If the Debtors have not yet determined whether a Surviving Claim relates back to an Amended and Superseded Claim, they have no basis for seeking to expunge and disallow the Amended and Superseded Claim at this time.

4. The BNPP Entities are thus compelled to file this limited objection to preserve their rights with respect to timely-filed proofs of claim in respect of amounts totalling, in the aggregate, in excess of $1 billion, and respectfully request that the Court either (i) prohibit the Debtors from challenging a Surviving Claim on timeliness grounds if the Amended and Superseded Claim was timely filed, or (ii) in the alternative, deny the Debtors' request to expunge and disallow the Amended and Superseded Claims filed by the BNPP Entities.

## RELEVANT FACTS

5. On September 15, 2008 and thereafter, Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

6. The Court established a bar date of September 22, 2009 (the "<u>General Bar Date</u>") for all proofs of claim other than claims based on Lehman Program Securities, for which a bar date of November 2, 2009 (the "<u>Program Securities Bar Date</u>") was established.

7. On September 17, 2009, BNP Paribas filed proof of claim number 14971, which proof of claim was subsequently amended on September 21, 2009 by proof of claim number 21951. Both proofs of claim were filed prior to the General Bar Date.

8. On September 17, 2009, BNP Paribas also filed proof of claim number 15022, which proof of claim was subsequently amended on September 21, 2009 by proof of claim number 21924. Both proofs of claim were on account of Lehman Program Securities and were filed prior to the Program Securities Bar Date.

9. On September 17, 2009, BNP Paribas Fin'AMS filed proof of claim number 15019, which proof of claim was subsequently amended on September 21, 2009 by proof of claim number 21855. Both proofs of claim were filed prior to the General Bar Date.

10. On September 8, 2009, BNP Paribas Wealth Management filed proof of claim number 10706, which proof of claim was subsequently amended on September 11, 2009 by proof of claim number 11437. Both proofs of claim were filed prior to the General Bar Date.

11. On September 8, 2009, BNP Paribas Wealth Management also filed proof of claim number 10652, which proof of claim was subsequently amended on October 27, 2009 by proof of claim number 50019. Both proofs of claim were on account of Lehman Program Securities and were filed prior to the Program Securities Bar Date.

12. On September 17, 2009, CooperNeff filed proof of claim number 15017, which proof of claim was subsequently amended on September 21, 2009 by proof of claim number 21831. Both proofs of claim were filed prior to the General Bar Date.

13. On September 17, 2009, BNP Paribas Arbitrage filed proof of claim number 15027, which proof of claim was subsequently amended on September 24, 2009 by proof of claim number 34716. Proof of claim number 15027 was filed prior to the General Bar Date, but proof of claim number 34716 was filed after the General Bar Date.

14. On September 17, 2009, BNP Paribas Equities France filed proof of claim number 15026, which proof of claim was subsequently amended on September 24, 2009 by proof of claim number 34717. Proof of claim number 15026 was filed prior to the General Bar Date, but proof of claim number 34717 was filed after the General Bar Date.

15. On September 17, 2009, Compagnie d'Investissments de Paris S.A.S. filed proof of claim number 15029, which proof of claim was subsequently amended on October 6, 2009 by proof of claim number 36790. Proof of claim number 15029 was filed prior to the General Bar Date, but proof of claim number 36790 was filed after the General Bar Date.

16. On September 17, 2009, BNP Paribas Gestion CB-CDS filed proof of claim number 15034, which proof of claim was subsequently amended on October 6, 2009 by proof of claim number 36795. Proof of claim number 15034 was filed prior to the General Bar Date, but proof of claim number 36795 was filed after the General Bar Date.

17.   On September 17, 2009, Hawaï Fund filed proof of claim number 15033, which proof of claim was subsequently amended on October 6, 2009 by proof of claim number 36794. Proof of claim number 15033 was filed prior to the General Bar Date, but proof of claim number 36794 was filed after the General Bar Date.

18.   On September 17, 2009, Hawaï 2 Fund filed proof of claim number 15031, which proof of claim was subsequently amended on October 6, 2009 by proof of claim number 36792. Proof of claim number 15031 was filed prior to the General Bar Date, but proof of claim number 36792 was filed after the General Bar Date.

19.   On September 17, 2009, Hawaï PEA Fund filed proof of claim number 15032, which proof of claim was subsequently amended on October 6, 2009 by proof of claim number 36793. Proof of claim number 15032 was filed prior to the General Bar Date, but proof of claim number 36793 was filed after the General Bar Date.

20.   On September 17, 2009, Hawaï 2 PEA Fund filed proof of claim number 15030, which proof of claim was subsequently amended on October 6, 2009 by proof of claim number 36791. Proof of claim number 15030 was filed prior to the General Bar Date, but proof of claim number 36791 was filed after the General Bar Date.

21.   Each Amended and Superseded Claim other than those relating to Lehman Program Securities[3] provides that

> Claimant expressly reserves the right to amend, clarify, modify, or supplement this proof of claim in any respect at any time, including, without limitation, in respect of additional amounts, additional claims, or additional grounds for its claims. Claimant reserves the right to

---

[3] Each Surviving Claim on account of Lehman Program Securities was filed prior to the Program Securities Bar Date, and thus, the omission of language permitting the relevant BNPP Entity to file an amended claim is irrelevant.

6

supplement this proof of claim with relevant documents to the extent necessary.

22. On January 29, 2010, the Debtors filed the Second Claims Objection, seeking to expunge and disallow, among others, proofs of claim numbered 14971, 15022, 15019, 10706, and 15017 on the ground that such proofs of claim "have been amended and superseded by at least one subsequently-filed, corresponding claim" (Second Claims Objection, ¶ 2). The Debtors also requested therein that the Court preserve the Debtors' right to later object to any Surviving Claim "on any other basis" (Second Claims Objection, ¶ 2).

23. On January 29, 2010, the Debtors filed the Fourth Claims Objection, seeking to expunge and disallow, among others, proofs of claim numbered 15027, 15026, 15034, 10652, 15029, 15031, 15030, 15033, and 15032 on the ground that such proofs of claim "have been amended and superseded by at least one subsequently-filed, corresponding claim" (Fourth Claims Objection, ¶ 2). The Debtors also requested therein that the Court preserve the Debtors' right to later object to any Surviving Claim "on any other basis" (Fourth Claims Objection, ¶ 2).

## ARGUMENT

### I. THE DEBTORS SHOULD NOT BE PERMITTED TO OBJECT TO A SURVIVING CLAIM ON TIMELINESS GROUNDS IF THE AMENDED AND SUPERSEDED CLAIM WAS TIMELY FILED.

24. It is axiomatic that post-bar date amendments to timely-filed proofs of claim may be permitted. See e.g., Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133 (2d Cir. 2005) ("the bankruptcy rules permit courts to accept late-filed *amendments* to timely filed proofs of claim" (emphasis

7

in original)). Indeed, amendments to a claim "are freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim." In re Integrated Resources, Inc., 157 B.R. 66, 70 (S.D.N.Y. 1993) (citations omitted). See also Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133 (2d Cir. 2005).

25.  Here, the Debtors have not suggested that the Surviving Claims of the BNPP Entities do not relate back to the Amended and Superseded Claims. To the contrary, the Debtors have asserted that each of the Amended and Superseded Claims that they are seeking to expunge and disallow has, in fact, been amended and superseded by a subsequently-filed, corresponding claim, thereby suggesting that the Surviving Claims do indeed "relate back" to an Amended and Superseded Claim. Moreover, as noted above, each Amended and Superseded Claim filed by the BNPP Entities was timely filed, and thus the Surviving Claims are not the type of "amendments" to claims that typically have been disallowed on timeliness grounds. See In re Miss Glamour Coat Co., 79 Civ. 2605, 1980 WL 1668, at *5 (S.D.N.Y. Oct. 8, 1980) ("Cases in which 'amendments' have not been allowed frequently involve instances where nothing was timely filed so that there is nothing to amend."). Accordingly, the Debtors will not be prejudiced in any way by clarifying that they will not challenge the Surviving Claims of the BNPP Entities on timeliness grounds.

26.  The BNPP Entities on the other hand, will be greatly prejudiced if the Debtors are permitted, in a two-step process, to eliminate the BNPP Entities' proofs of claim altogether – first, by expunging and disallowing their Amended and Superseded

8

Claims on grounds that corresponding Surviving Claims exist, and then by expunging and disallowing certain of the Surviving Claims because they were not timely filed. Accordingly, the BNPP Entities respectfully request that the proposed orders relating to the Claims Objections provide that the Debtors' right to object to a Surviving Claim "on any other basis" does not include a challenge on timeliness grounds, so long as the Amended and Superseded Claim was timely filed.

**II.    IN THE ALTERNATIVE, IF THE DEBTORS ARE STILL IN THE PROCESS OF DETERMINING WHETHER THE SURVIVING CLAIMS RELATE BACK TO AMENDED AND SUPERSEDED CLAIMS, THEN THE AMENDED AND SUPERSEDED CLAIMS SHOULD NOT BE EXPUNGED AND DISALLOWED AT THIS TIME.**

27.    If, contrary to the positions asserted in the Claims Objections, the Debtors have not, in fact, determined that a Surviving Claim amends and supersedes, and thus, "relates back" to, an Amended and Superseded Claim, they clearly should not be permitted to expunge and disallow the Amended and Superseded Claims at this time on the ground that such claims have in fact been amended and superseded. Accordingly, in such event, the BNPP Entities respectfully submit that the Court should deny the Debtors' request to expunge and disallow the Amended and Superseded Claims filed by the BNPP Entities at this time.

For all of the foregoing reasons, the BNPP Entities respectfully request that the Court either (i) incorporate clarifying language into each of the orders corresponding to the Claims Objections which prohibits the Debtors from challenging a Surviving Claim on timeliness grounds if the corresponding Amended and Superseded Claim was timely filed, or (ii) in the alternative, deny the Debtors' request to expunge and disallow the

9

Amended and Superseded Claims filed by the BNPP Entities; and (iii) grant such other and further relief as may be just and proper.

Dated: New York, New York
       February 25, 2010

**MORGAN, LEWIS & BOCKIUS LLP**
Attorneys for BNP Paribas and Affiliates

By:   /s/ Howard S. Beltzer
     Howard S. Beltzer
     Karen Gartenberg

101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000