# Exhibit C

Lehman Brothers Holding Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 (JMP) |

**COPY**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Creditor Address/Payment Address
Black River Asia Fund Ltd.
c/o Black River Asset Management, LLC
12700 Whitewater Drive
Minnetonka, MN 55343
Attn: Mark Rabogliatti
Telephone: (952)984-3350
Email: mark.rabogliatti@black-river.com

Notice Address
Faegre & Benson LLP
2200 Wells Fargo Center
90 South 7th St.
Minneapolis, MN 55402
Attn: Irina Palchuk
Telephone: (612)766-7972
Email: Ipalchuk@faegre.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars..

☐ Check this box if you are the debtor or trustee in this case.

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

Name and address where payment should be sent (if different from above)

Telephone number:                 Email Address:

1. **Amount of Claim as of Date Case Filed:** $ See Exhibit A
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   * IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee of obligations under Derivative Contract.
   (See instruction #2 on reverse side.)

3. **Last four digits of any number which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $ _____ Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____ Basis for perfection: _____
   Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4)
   ☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5)
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7)
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8)
   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(__).

   **Amount entitles to priority:**
   $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

Date: 10-28-09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Dan Fisk, Senior Managing Director

**FILED / RECEIVED**
**OCT 29 2009**
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

<u>EXHIBIT A</u>
<u>TO PROOF OF CLAIM</u>
(Amount and Basis for Claim)

Black River Asia Fund Ltd. ("<u>Black River</u>") files this proof of claim against Lehman Brothers Holdings Inc. ("<u>Debtor</u>") as guarantor under the below-described GMRA. Black River completed a guarantee questionnaire and a derivative questionnaire and uploaded documents supporting its claim against the Debtor to www.lehman-claims.com on October 22, 2009.

Black River and Lehman Brothers International (Europe) ("<u>LBIE</u>") are parties to that certain Global Master Repurchase Agreement dated September 19, 2006 (together with all annexes, schedules and the documents and other confirming evidence thereto, the "<u>GMRA</u>"), and entered into one or more transactions ("<u>Transactions</u>," and together with the GMRA, the "<u>Repurchase Contract</u>") thereunder.[1] Pursuant to the Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005, and a Guarantee of Lehman Brothers Holdings Inc. dated January 4, 2008, the Debtor absolutely and unconditionally guaranteed the payment by LBIE of all of its liabilities, obligations and commitments to any of LBIE's counterparties, together with accrued interest, charges and expenses, including reasonable attorneys' fees.

On September 15, 2008, LBIE entered administration in the United Kingdom. On September 29, 2008, Black River notified LBIE by letter that the appointment of an administrator in respect of LBIE constituted an Act of Insolvency under Section 10(a) of the GMRA, which such event was treated as an Event of Default thereunder. As a result, a Repurchase Date for all outstanding Transactions was deemed immediately to occur.

Black River has calculated the amounts due to it as a result of the termination of the Transactions in accordance with Section 10(e) of the GMRA and has delivered valuation statements to LBIE setting forth such amounts. As of the Repurchase Date, LBIE owes Black River $6,709,388, together with any interest and additional out-of-pocket expenses.

LBIE has not made any payments to Black River with respect to the amounts due and owing to Black River under the Repurchase Contract. Accordingly, the Debtor is obligated to Black River for the entire amount of Black River's claim.

BLACK RIVER RESERVES ALL RIGHTS IT MAY NOW OR ANY TIME HEREAFTER HAVE AGAINST THE DEBTOR OR ANY OTHER PERSON OR ENTITY, INCLUDING, WITHOUT LIMITATION, ANY RIGHT OF SETOFF. THE CLAIM IS NOT INTENDED TO BE, AND SHALL NOT BE CONSTRUED AS: (1) AN ELECTION OF REMEDIES; (2) A WAIVER OF ANY DEFAULTS; OR (3) A WAIVER OR LIMITATION OF ANY RIGHTS, REMEDIES, CLAIMS OR INTERESTS OF BLACK RIVER.

BLACK RIVER RESERVES ANY AND ALL RIGHTS WITH RESPECT TO THIS CLAIM, INCLUDING, BUT NOT LIMITED TO, THE RIGHT TO AMEND THIS PROOF OF CLAIM, IN ANY MANNER AND FOR ANY PURPOSE, AFTER THE LAST DATE SET FOR FILING CLAIMS IN THIS PROCEEDING.

fb.us.4519561.01

---

[1] All capitalized terms used herein but not otherwise defined shall have the meanings given them in the GMRA.