FAEGRE & BENSON LLP
Michael M. Krauss (MK-9699)
Abby E. Wilkinson
Irina Palchuk
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

Attorneys for Black River FIRV Opportunity Master Fund Ltd. and
CVI GVF (Lux) Master S.a.r.l.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
**In re** : **Chapter 11**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **Case No. 08-13555 (JMP)**
:
**Debtors.** : **(Jointly Administered)**
:
:
-------------------------------------------------------------x

**BLACK RIVER FIRV OPPORTUNITY MASTER FUND LTD.'S**
**AND CVI GVF (LUX) MASTER S.A.R.L.'S JOINT**
**RESPONSE TO DEBTORS' FOURTH OMNIBUS**
<u>**OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**</u>

Black River FIRV Opportunity Master Fund Ltd. ("FIRVO") and CVI GVF (Lux) Master

S.a.r.l. ("CVI," and together with FIRVO, collectively the "Respondents"), as assignee of the

claims of Black River Fixed Income Relative Value Fund Ltd. ("FIRV"), Black River Emerging

Markets Credit Fund Ltd. ("EMCF"), and Black River EMCO Master Fund Ltd. ("EMCO")

against Lehman Brothers Holdings Inc. ("LBHI"), by and through their attorneys, Faegre &

1

Benson LLP, submit this response ("Response") to the Debtors' Fourth Omnibus Objection to Claims (Amended and Superseded Claims) [Docket No. 6876] ("Objection"). In support of their response, FIRVO and CVI state and represent as follows:

**PRELIMINARY STATEMENT**

1. FIRVO, FIRV, EMCF, and EMCO each filed a proof of claim against LBHI on September 21, 2009, recorded in the claims register as claim nos. 22706, 22702, 22701, and 26153, respectively (collectively, the "Original Proofs of Claim"), and subsequently each filed an amended proof of claim, recorded in the claims register as claim nos. 45146, 45148, 45149, and 45147, respectively (collectively, the "Amended Proofs of Claim"). Pursuant to the Objection, Debtors seek to have the Original Proofs of Claim disallowed and expunged on the grounds that they were amended and superseded by the Amended Proofs of Claim. Unless Respondents agree to the relief requested by the Debtors, the Original Proofs of Claim cannot be disallowed and expunged until the Court, after notice and a hearing, determines the amount of such claims. 11 U.S.C. § 502(b). Respondents have informed the Debtors that they would agree to the relief requested by the Debtors for purposes of administrative convenience, but *only if* the Debtors agree to treat the Amended Proofs of Claim, to the extent they are the same or substantially similar to the Original Proofs of Claim, as relating back to the Original Proofs of Claim and, therefore, deemed timely filed.

**FACTUAL BACKGROUND**

2. Commencing on September 15, 2008 ("Petition Date"), and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases ("Bankruptcy Cases") under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). The Debtors' Bankruptcy Cases have been consolidated for procedural purposes and are

being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Before the Petition Date, FIRVO entered into an ISDA Master Agreement dated as of July 1, 2006, and a Global Master Repurchase Agreement dated August 23, 2006, with Lehman Brothers International (Europe) ("LBIE"). LBHI guaranteed LBIE's obligations to FIRVO under the ISDA Master Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc. (London Branch) dated as of the date of the ISDA Master Agreement. Separately, LBHI guaranteed all obligations of LBIE to FIRVO under that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005 ("General Resolution") and that certain Guarantee of Lehman Brothers Holdings Inc. dated January 4, 2008 (together with the General Resolution, collectively, the "Global Guarantees").

4. Also before the Petition Date, FIRV entered into an ISDA Master Agreement dated as of December 2, 2003, as amended by that certain Amendment to 1992 ISDA Master Agreement (Multicurrency-Cross Border) dated as of June 1, 2006, and a Global Master Repurchase Agreement dated as of March 19, 2004, as amended by that certain Amendment to TBMA Master Repurchase Agreement dated as of February 28, 2007, with LBIE. LBHI guaranteed LBIE's obligations to FIRV under the ISDA Master Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc. dated as of the date of the ISDA Master Agreement. Separately, LBHI guaranteed all obligations of LBIE to FIRV under the Global Guarantees. FIRV subsequently assigned all of its claims under the ISDA Master Agreement,

the Global Master Repurchase Agreement, and the guarantees described in this paragraph to CVI.

5. Also before the Petition Date, EMCF entered into an ISDA Master Agreement dated as of February 10, 2005, as amended by that certain Amendment Agreement dated as of April 5, 2005, and a Global Master Repurchase Agreement dated November 20, 2006, with LBIE. LBHI guaranteed LBIE's obligations to EMCF under the ISDA Master Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc. dated as of the date of the ISDA Master Agreement. Separately, LBHI guaranteed all obligations of LBIE to EMCF under the Global Guarantees. EMCF subsequently assigned all of its claims under the ISDA Master Agreement, the Global Master Repurchase Agreement, and the guarantees described in this paragraph to CVI.

6. Also before the Petition Date, EMCO entered into an ISDA Master Agreement dated as of February 10, 2005, as amended by that certain Amendment Agreement dated as of April 5, 2005, and a Global Master Repurchase Agreement dated November 20, 2006, with LBIE. LBHI guaranteed LBIE's obligations to EMCO under the ISDA Master Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc. dated as of the date of the ISDA Master Agreement. Separately, LBHI guaranteed all obligations of LBIE to EMCO under the Global Guarantees. EMCO subsequently assigned all of its claims under the ISDA Master Agreement, the Global Master Repurchase Agreement, and the guarantees described in this paragraph to EMCF, which assigned them to CVI.

7. On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim

Form, pursuant to which it established September 22, 2009, as the deadline to file proofs of claim against the Debtors. On September 21, 2009, FIRVO, FIRV, EMCF, and EMCO each filed a timely proof of claim against LBHI, recorded in the claims register as claim nos. 22706, 22702, 22701, and 26153, respectively (as defined above, the Original Proofs of Claim), and on October 23, 2009, each filed an amended proof of claim, recorded in the claims register as claim nos. 45146, 45148, 45149, and 45147, respectively (as defined above, the Amended Proofs of Claim).

8. On January 29, 2010, Debtors filed the Objection seeking disallowance and expungement of the Original Proofs of Claim.

9. To preserve the status quo, Respondents informed the Debtors that they would agree to the relief requested by their Objection for purposes of administrative convenience, but only if the Debtors would agree to treat the Amended Proofs of Claim, to the extent they are the same or substantially similar to the Original Proofs of Claim, as relating back to the Original Proofs of Claim and, therefore, deemed timely filed. There is no question that Respondents timely filed the Original Proofs of Claim. The Debtors were unwilling, however, to provide any assurance to Respondents. Accordingly, Respondents file this Response.

## **RESPONSE**

10. By their Objection, the Debtors ask the Court to disallow and expunge the Original Proofs of Claim on the grounds that such claims were amended and superseded by the Amended Proofs of Claim. According to the Debtors, such claims "are routinely disallowed and expunged." (Objection, ¶11.) Debtors also state that the requested relief will "enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing

against the debtors" and "avoid the possibility of multiple recoveries by the same creditor." (<u>Objection</u>, ¶¶ 12 and 13.)

11. The Debtors have not, however, provided any legal basis for disallowing and expunging the Original Proofs of Claim. In *In re Enron Corp.*, the Debtors cite a footnote that simply states, without explanation, "[i]nasmuch as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged." No. 01 B 16034(AJG), 2005 WL 3874285, at *1 (Bankr. S.D.N.Y. Oct. 5, 2005). In a subsequent footnote, not cited by the Debtors, the court rejected the reorganized debtors' contention that the amended claim was untimely, determining that such claim related back to the initial claim and, therefore, deemed it timely filed. *Id.* at *5. Debtors also cite *In re Best Payphones, Inc.*. No. 01-15472(SMB), 2002 WL 31767796, at *4 and *11 (Bankr. S.D.N.Y. Dec. 11, 2002). But in that case, the court determined the claims at issue on their merits and then expunged the original claim, which was identical to the amended claim filed three days later, as duplicative. *Id.* at *4 and *11.

12. The Bankruptcy Code defines a claim as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured…." 11 U.S.C. § 101(5)(A).

13. Under Section 502(a) of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed unless a party in interest…objects." 11 U.S.C. § 502(a). If an objection is filed, and except as provided in Section 502(e)(2), (f), (g), (h), and (i) of the Bankruptcy Code, the Court "shall determine the amount of such claim…, and shall allow such claim in such amount, except to the extent" set forth in Section 502(b) of the Bankruptcy Code.

14. Debtors assert that the Original Proofs of Claim should be disallowed and expunged under Section 502(b)(1), which provides for disallowance of claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. 502(b)(1). Nothing in Section 502(b)(1) of the Bankruptcy Code, however, permits a claim to be disallowed and expunged on the grounds that it was amended or superseded, nor have the Debtors provided any agreement or applicable law to suggest otherwise.

15. Pursuant to Bankruptcy Rule 3001(f), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." "Because a properly filed proof of claim is deemed allowed until objected to, 'such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case.'" *In re Adelphia Communications Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007) *citing In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987). The Debtors attempt to shift the burden by stating that "[i]f an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim." (Objection, ¶10.) Regardless, the Debtors have not refuted any essential allegation of the Respondents' claims and, therefore, have not met their burden.

16. Respondents do not seek multiple recoveries on their claims and understand the administrative convenience that would result from the disallowance and expungement of the Original Proofs of Claim. But, Respondents are concerned that if the Original Proofs of Claim are disallowed and expunged, Debtors will subsequently seek to have the Amended Proofs of Claim disallowed in their entirety on the grounds that they were not timely filed, as the

7

reorganized debtors attempted to do in *In re Enron*. 2005 WL 3874285 at *5. Respondents should not have to put their claims at risk for the sake of administrative convenience. Respondents are therefore willing to agree to the relief requested by the Debtors, but *only if* the Debtors agree to treat the Amended Proofs of Claim, to the extent they are the same or substantially similar to the Original Proofs of Claim, as relating back to the Original Proofs of Claim and, therefore, deemed timely filed. The Debtors' unwillingness to provide the foregoing assurance is unreasonable, as Respondents' request is intended to facilitate efficient administration of the estates while preserving the status quo until the Court determines the allowed amount of Respondents' claims on their merits.

## CONCLUSION

**WHEREFORE,** FIRVO and CVI respectfully request that the Court (i) deny the Debtors' request to disallow and expunge any portion of FIRVO's and CVI's claims against LBHI, and (ii) grant to FIRVO and CVI any other or further relief as is equitable and just.

| | |
|---|---|
| February 26, 2010 | /s/ Michael M. Krauss<br>Michael M. Krauss (MK-9699)<br>Abby E. Wilkinson<br>Irina Palchuk<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-3901<br>Telephone: (612) 766-7000<br>Facsimile: (612) 766-1600<br><br>Attorneys for Black River FIRV<br>Opportunity Master Fund Ltd. and<br>CVI GVF (Lux) Master S.a.r.l. |

fb.us.4898789.02

Attorneys for Black River FIRV Opportunity Master Fund Ltd. and
CVI GVF (Lux) Master S.a.r.l.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
: 
In re : Chapter 11
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
: 
-------------------------------------------------------------------x

### CERTIFICATE OF SERVICE

Brenda Walz of the City of Minneapolis, County of Hennepin, State of Minnesota, declares under penalty of perjury that on February 26, 2010, the parties who requested electronic service in these cases received service via ECF by Notice of Electronic Filing of the following document: BLACK RIVER FIRV OPPORTUNITY MASTER FUND LTD.'S AND CVI GVF (LUX) MASTER S.A.R.L.'S JOINT RESPONSE TO DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Copies of this document were served upon the following parties by UPS Overnight Mail:

| | |
|---|---|
| Chambers of the Honorable James M. Peck<br>Courtroom 601<br>One Bowling Green<br>New York, NY 10004 | Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Attn: Shai Waisman |
| Office of the U.S. Trustee for Southern District of New York<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004<br>Attn: Andy Velex-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin and Tracy Hope Davis | Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attn: Dennis F. Dunne, Dennis O'Donnell, and Evan Fleck |

                                                   /s/Brenda Walz