WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
------------------------------------------------------------------x

# NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS FOR AN ORDER EXTENDING THE TIME TO FILE A DISCLOSURE STATEMENT IN CONNECTION WITH THEIR JOINT CHAPTER 11 PLAN

PLEASE TAKE NOTICE that on **March 17, 2010 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") (the "Hearing"), upon the annexed Motion[1] of Lehman Brothers Holdings Inc. and its affiliated debtors (collectively, the "Debtors"), the undersigned will move for an order extending the time within which such Debtors may file a Disclosure Statement in connection with the Debtors' Joint Plan of Reorganization dated on or before March 15, 2010, all as more fully described in the Motion.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, Esq., and Lori R. Fife, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than **March 12, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested in the Motion shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 2, 2010
      New York, New York

/s/ Harvey R. Miller
Harvey R. Miller
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                              :   **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :   **08-13555 (JMP)**
:
Debtors.                                               :   **(Jointly Administered)**
:
------------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED
DEBTORS FOR AN ORDER EXTENDING THE TIME TO FILE A DISCLOSURE
STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors (together, the "Debtors" and, collectively with their non-debtor affiliates, the "Lehman Enterprise"), respectfully represent:

**Preliminary Statement**

1.   The Debtors' chapter 11 cases are of an unprecedented size and complexity, which has required that the Debtors devote substantial efforts and resources over the past 18 months to administer diverse assets of the Lehman Enterprise which literally extend throughout the globe and involve over 80 different insolvency-related proceedings in approximately 16 jurisdictions.  In the effort to maximize recoveries, the Debtors under the

leadership of the Chief Executive Officer of LBHI, Bryan P. Marsal, and with the extended assistance of the Debtors' financial advisors, Alvarez & Marsal, have implemented global strategies to: coordinate with foreign fiduciaries to maximize the value of assets, particularly in connection with the resolution of derivative transactions; preserve the value of tens of billions of dollars of real estate investments; as well as defend the Lehman Enterprise in numerous adversary proceedings and contested matters; and, protect the worldwide interests of the Debtors. In addition, the Debtors have been extensively engaged in the process of formulating a joint chapter 11 plan (the "Plan"). This has not been a simple task. The complexities and different claimant interests as they relate to the Debtors and the Lehman Enterprise are staggering. As a result of concentrated and dedicated efforts, the Debtors will file their Plan with the Court prior to the expiration of their exclusivity period under section 1121(d) of the Bankruptcy Code on or before March 15, 2010.

2. The Plan is consistent with the requirements of section 1129 of the Bankruptcy Code. Its formulation has consumed substantial time and effort on the part of the Debtors and their professionals. The interconnectedness of the Debtors and the Lehman Enterprise, as well as the need to analyze and accumulate relevant information, as well as meet and confer with the Statutory Unsecured Creditors' Committee (the "Committee") and, to the extent feasible, other parties in interest, were extremely demanding. Manifestly, when Congress enacted the 2005 Amendments to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") and established an 18 month limitation on a debtor's exclusive right to file a plan, it did not contemplate cases of the size, complexity and scope of the Debtors'. As a consequence, the Debtors have not had a full opportunity to consummate negotiations with key creditor constituencies as to the provisions of the Plan. In

that context, the Debtors have not had ample time to complete a comprehensive and adequately informative disclosure statement, as required pursuant to section 1125 of the Bankruptcy Code ("Disclosure Statement"). There are major creditor constituencies whom the Debtors desire to meet and confer with in pursuit of the objective of a consensual plan. Given a reasonable opportunity to pursue consensus may result in the formulation of a more comprehensive and informative Disclosure Statement that would facilitate the expeditious confirmation of the Debtors' Plan.

3. There are several occurrences that will facilitate and expedite the formulation of a comprehensive and adequately informative Disclosure Statement. The Debtors currently are awaiting the opportunity to review and analyze the recently filed report of Anton R. Valukas, the Court appointed Examiner ("Report"). The Report has been filed with the Court under seal and is not accessible by the Debtors or other parties in interest. On March 11, 2010, the Examiner will move the Court to establish procedures that would enable either the unsealing of the Report or means for accessing the Report. Undoubtedly, information contained in the Report will be pertinent to the Debtors' Plan and their Disclosure Statement. In addition, the Debtors' ongoing pursuit to thoroughly assess the values of their assets and liabilities that will be subject to the Plan must be completed and included in their Disclosure Statement. Voluminous amounts of data and information must still be compiled, analyzed and summarized for inclusion in a comprehensive Disclosure Statement that will enable impaired claimants to make informed judgments as to whether to accept or reject the Debtors' Plan. Each of the foregoing are integral to the Disclosure Statement formulation. Accordingly, the Debtors require additional time in which to complete and file their Disclosure Statement and proceed with the solicitation of acceptances of their Plan. The Debtors intend to use such additional time as the Court may

grant, as aforesaid, to meet and confer with the representatives of major constituencies to seek their input as to the provisions of the Plan and to enable the Debtors to file a fulsome, complete Disclosure Statement that is consistent with section 1125 of the Bankruptcy Code. Accordingly, it is requested that the time within which the Debtors may file their Disclosure Statement be extended, through and including April 14, 2010, without prejudice to any future request for a further extensions for cause shown.

**Background**

4. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On September 19, 2008, a proceeding was commenced against Lehman Brothers Inc. ("LBI") in the United States District Court for the Southern District of New York under the Securities Investor Protection Act of 1970 ("SIPA"). James L. Giddens, Esq. was appointed as the SIPA Trustee. The case commenced against LBI under SIPA was subsequently referred to this Court and is being administered as a companion proceeding with the Debtors' chapter 11 cases.

7. On January 19, 2009, pursuant to an order of the Court, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") which appointment was approved by a further order of the Court dated and by order, dated January 20, 2009 [Docket No. 2583].

**Jurisdiction**

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

**The Lehman Enterprise**

9. Prior to the commencement of these chapter 11 cases, the Lehman Enterprise was the fourth largest investment bank in the United States, providing financial services domestically and worldwide. For more than 150 years, the Lehman Enterprise had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals. Through and among its nearly 4,000 different subsidiary entities and over 25,000 employees, the Lehman Enterprise's business involved thousands of transactions daily, moving billions of dollars around the world.

10. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

11. By this motion (the "Motion"), pursuant to Bankruptcy Rule 3016(b), the Debtors seek an extension of time to file their Disclosure Statement, through and including April

14, 2010, without prejudice to the Debtors' rights to request further extensions of time for cause shown.

### The Time to File a Proposed Disclosure Statement with Respect to the Plan Should be Extended

12. Bankruptcy Rule 3016(b) provides that the Debtors should file their Disclosure Statement either with their Plan or within a time fixed by the court. *See* Fed. R. Bankr. P. 3016(b).[1]

13. The Debtors intend to file the Plan on or before March 15, 2010. In these extraordinarily complex cases, the Debtors have spent significant time and effort formulating their Plan. This mammoth undertaking has involved numerous meetings and negotiations with the Committee as to basic concepts and provisions. In addition, the Debtors have begun to meet and confer with the representatives of other substantial claimants, as well as foreign administrators and receivers, in the pursuit of developing a consensual Plan. However, due primarily to the compressed time restrictions under which they are operating in the context of cases of this size and complexity,[2] the Debtors have not been able to complete their negotiations regarding the Plan and have not had an opportunity to meet with all claimants that have expressed an interest in participating in the Plan process. In the interests of transparency and a consensual Plan, which the Debtors desire to achieve, they intend to meet with numerous creditor

---

[1] Bankruptcy Rule 3016(b) provides as follows:

> In a chapter 9 or 11 case, a disclosure statement under §1125 of the Code or evidence showing compliance with §1126(b) of the Code shall be filed with the plan or within a time fixed by the court . . . Fed. R. Bankr. P. 3016(b).

[2] Notably, such time restrictions were not present in large and chapter 11 cases filed prior to the 2005 Amendments, such as *Enron Creditors Recovery Corp., f/k/a Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Dec. 2, 2001) (chapter 11 plan filed approximately 20 months after commencement of chapter 11 cases); *Adelphia Communications Corp.*, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. June 25, 2002) (chapter 11 plan filed approximately 20 months after commencement of chapter 11 cases); *UAL Corp.*, Case No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 9, 2002) (chapter 11 plan filed approximately 33 months after commencement of chapter 11 cases).

constituencies that will be subject to the Plan. In addition, the Debtors continue to consider, research, and investigate complex legal issues that will have a significant impact on the framework of the Debtors' Plan, including substantive consolidation, intercompany issues and analyses of potential avoidance claims belonging to the Debtors. Accordingly, the Debtors recognize that the Plan will necessarily be amended and modified before the Debtors will seek confirmation of the Plan. As a result, the Debtors have not had a full and ample opportunity to complete a comprehensive Disclosure Statement. Rather than filing a Disclosure Statement that is not fulsome and informative, it would be a more efficient use of the Debtors' resources to defer the filing of their Disclosure Statement at this time. Over the next few weeks, undoubtedly, there will be modifications and changes to the Plan as filed. Deferral of the filing of the Disclosure Statement to allow for a more complete and informational Disclosure Statement is in the best interests of all economic stakeholders.

14. Certain material contingencies that must be resolved before the Debtors are able to complete and file a comprehensive Disclosure Statement. Most significantly, the Debtors must review and analyze the Examiner's Report, as noted above. The results of the Examiner's investigation may affect the framework of the Plan and it is only after the Debtors have had an opportunity to thoroughly review and analyze the Examiner's Report will they be in a position to complete a comprehensive Disclosure Statement. The Debtors are also making substantial progress on reviewing, analyzing and reconciling the more than 66,000 claims aggregating approximately $875 billion (not including claims that are unliquidated, contingent, or otherwise not quantified) that have been filed against the Debtors, including various guarantee claims asserted against the Debtors, as well as dissecting the billions of dollars worth of intercompany transactions. The Debtors have devoted and continue to devote substantial time

and resources to administering these extraordinary and prolix chapter 11 cases. The Debtors must continue the ongoing efforts to assess and maximizing the value of their assets available to satisfy allowed claims in order to project potential revenues. The Disclosure Statement should provide information as what revenues might be expected by allowed claimants so that they may exercise an informed judgment to accept the Plan. These efforts include, (i) the marketing and sale of significant assets, (ii) resolution of disputes relating to their derivatives contracts and corporate and commercial loan portfolios, (iii) the identification, analysis, and pursuit of claims against third parties as well as affiliates in foreign insolvency proceedings, (iv) administration of tens of billions of dollars worth of Lehman debt and equity investments in various commercial and residential real estate projects worldwide, and (v) positioning the Debtors' domestic banks to satisfy applicable banking regulations and to enable them to resume normal business operations. The outcome of these issues will have a significant impact on the claimant recoveries and are integral to the Disclosure Statement.

15. Granting the requested extension will not prejudice creditors. While the Debtors are proceeding as diligently and expeditiously as possible with the preparation of the Disclosure Statement and intend to file it with the Court promptly upon its completion, if possible, of the review, and analysis of necessary information and the results of critical further negotiations. That process will make the Disclosure Statement more meaningful. Given the relatively compressed 18-month time frame in which the Debtors have pressed forward in these complex chapter 11 cases and taking into consideration the formulation of the Plan, the progress that has been made to date as a result of the Debtors' monumental efforts and coordination with the Committee, as well as the contingencies that remain before a comprehensive Disclosure Statement can be prepared, and the lack of prejudice to other creditors, there is good and

sufficient cause for granting the Debtors' request for additional time to file their Disclosure Statement.

16. The Court has previously granted similar relief to debtors in possession in other large chapter 11 cases, including *In re PRC, LLC*, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. March 13, 2008) [Docket No. 246] (granting extension of time to file disclosure statement due to amount of information to be gathered, the time required to analyze that information, and negotiations with unsecured creditors to consensually resolve concerns with respect to the plan of reorganization); *In re Silicon Graphics, Inc.*, Case No. 06-10977 (BRL) (Bankr. S.D.N.Y. June 29, 2006) [Docket No. 315] (granting extension due to the complexity of the debtors' businesses); *In re Loral Space & Communications Ltd.*, Case No. 03-41710 (RDD) (Bankr. S.D.N.Y. Sep. 15, 2004) [Docket No. 1433] (granting extension due to scope and complexity of the debtors' chapter 11 cases); *In re Magellan Health Services*, Case No. 03-40515 (PCB) (Bankr. S.D.N.Y. March 11, 2003) [Docket No. 47] (granting extension to provide debtors additional time to address certain necessary issues and resolve critical matters).[3] Granting extensions of time to file a disclosure statement after the filing of a chapter 11 plan is not uncommon, particularly in large, complex cases. It is highly doubtful as to whether there has ever been a chapter 11 case as difficult, interconnected, and complex as these chapter 11 cases. Surely, Congress when it enacted BAPCPA did not contemplate chapter 11 cases of this magnitude when it provided for the 18 months mandatory cap on the debtor's exclusive right to file a chapter 11 plan.

---

[3] Copies of these orders are available upon request of Debtors' counsel.

17. The Debtors respectfully request that the Court set April 14, 2010 as the extension date for the Debtors to file their Disclosure Statement, without prejudice to the right of the Debtors to request a further extension of time for cause shown.

**Notice**

18. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: March 2, 2010
      New York, New York

/s/ Harvey R. Miller
Harvey R. Miller
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                :
In re                                           :  Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :  08-13555 (JMP)
                                                :
                    Debtors.                    :  (Jointly Administered)
                                                :
----------------------------------------------------------------x

**ORDER EXTENDING LEHMAN BROTHERS HOLDING
INC. AND CERTAIN AFFILIATED DEBTORS TIME TO FILE A
DISCLOSURE STATEMENT IN SUPPORT OF A CHAPTER 11 PLAN**

Upon the motion, dated March 2, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to Rule 3016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order extending the time to file a Disclosure Statement with respect to the Debtors' Plan, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for the Southern District of New

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to Bankruptcy Rule 3016(b), the Debtors' time to file a Disclosure Statement is extended through and including April 14, 2010; and it is further

ORDERED that the entry of this Order is without prejudice to the Debtors' right to request from this Court further extensions of time to file a Disclosure Statement; and it is further

ORDERED that any stay imposed by Bankruptcy Rules 6004(h) or 4001(a)(3) is waived and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: March __, 2010
      New York, New York

                                                           _____
                                                           UNITED STATES BANKRUPTCY JUDGE