Presentment Date and Time:  March 16, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  March 16, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

```
-------------------------------------------------------------------x
                                                                   :
In re                                                              :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :   08-13555 (JMP)
                                                                   :
                         Debtors.                                  :   (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x
```

# NOTICE OF PRESENTMENT OF APPLICATION
## OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN KLEYR GRASSO ASSOCIES AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application (the "Application") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") pursuant to section 327(e) of title 11 of the United States Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, for authorization to employ Kleyr Grasso Associes, a law firm incorporated and existing under Luxembourg law, having its registered office at 122, rue Adolphe Fischer in L-1521 Luxembourg ("Kleyr Grasso") as special counsel, *nunc pro tunc* to June 1, 2009, all as more fully described in the Application, to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **March 16, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

US_ACTIVE:\43310119\05\43310119_5.DOC\.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Kleyr Grasso Associes, 122, rue Adolphe Fischer, B.P. 559 L-2015 Luxembourg, Grand-Duchy of Luxembourg, Attn: Marc Kleyr, *Avocat à la Cour*, **so as to be so filed and received by no later than March 16, 2010 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **March 17, 2010, at 10:00 a.m. (Prevailing Eastern Time)**

at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  March 2, 2010
      New York, New York

                                             /s/ Richard P. Krasnow
                                             Richard P. Krasnow
                                             WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
                                             New York, New York 10153
                                             Telephone:  (212) 310-8000
                                             Facsimile:  (212) 310-8007

                                             Attorneys for Debtors
                                             and Debtors in Possession

**Presentment Date and Time:  March 16, 2010 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  March 16, 2010 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

```
-------------------------------------------------------------------x
                                                     :
In re                                                :    Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,               :    08-13555 (JMP)
                                                     :
                     Debtors.                        :    (Jointly Administered)
                                                     :
-------------------------------------------------------------------x
```

### APPLICATION OF THE DEBTORS PURSUANT TO
### SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014
### OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
### AUTHORIZATION TO EMPLOY AND RETAIN KLEYR GRASSO ASSOCIES
### AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), submit this application (the "Application") and respectfully represent:

**Background**

1.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

US_ACTIVE:\43310119\05\43310119_5.DOC\.

being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

5. By this Application, the Debtors seek entry of an order, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") for authorization to employ and retain Kleyr Grasso Associes ("Kleyr Grasso"), a law firm incorporated and existing under Luxembourg law, as special counsel to the Debtors, effective *nunc pro tunc* to June 1, 2009 (the "Engagement Date"), the date that, as discussed below, the Debtors determined to retain Kleyr Grasso as special counsel. Specifically, Kleyr Grasso has been engaged as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions (the

"Luxembourg Matters") which arise or may arise in relation to direct or indirect subsidiaries or affiliates of the Debtors that are Luxembourg entities (the "Luxembourg Entities"), all as more fully described in the Declaration of Marc Kleyr, subscribed and sworn to on February 26, 2010 (the "Kleyr Declaration"), a copy of which is attached hereto as Exhibit A.

### Kleyr Grasso as Ordinary Course Professionals

6. Kleyr Grasso has previously been performing legal services on behalf of the Debtors as an ordinary course professional in these chapter 11 cases in accordance with the Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated November 5, 2008 [Docket No. 1394] (the "OCP Order"). Pursuant to the procedures set forth in the OCP Order, such retention became effective as of November 27, 2008, 10 days after the Affidavit of Marc Kleyr was filed with the Court [Docket No. 1547]. In accordance therewith, Kleyr Grasso applied for compensation under the provisions of the OCP Order.

7. The OCP Order outlines the procedures that all Ordinary Course Professionals (as defined in the OCP Order) must follow in order to receive compensation and reimbursement of expenses for services provided to the Debtors. With respect to any Ordinary Course Professional seeking compensation in excess of $1 million during the Chapter 11 Period (defined below), the OCP Order provides in pertinent part:

> that payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period") ...

> that in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code ...

8. Kleyr Grasso's fees and expenses in the aggregate, have now reached the $1 million compensation cap for Ordinary Course Professionals during the Chapter 11 Period. Accordingly, the Debtors now seek to retain Kleyr Grasso as special counsel in accordance with the OCP Order.

9. Furthermore, the Debtors request that Kleyr Grasso's retention as special counsel be made effective *nunc pro tunc* to the Engagement Date to allow Kleyr Grasso to be compensated for work performed on behalf of the Debtors on or after June 1, 2009, but prior to the submission of this Application. The Debtors submit that the circumstances of Kleyr Grasso's initial retention as an Ordinary Course Professional and the compensation provisions under the OCP Order warrant retroactive approval of Kleyr Grasso as special counsel, particularly since Kleyr Grasso provided necessary services to the Debtors and such services are of value to the estate and all parties in interest. *See In re Hasset, Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention application and recognizing that "*nunc pro tunc* applications are disfavored in this Circuit but have been permitted when the attorney performs services of 'value' to the estate" (internal citations omitted)); *see also*, *In re Jarvis*, 53 F.3d 416 (1st Cir. 1995) (finding that a bankruptcy court may grant *post facto* application if employment meets statutory requirements and delay results from extraordinary circumstances); *Matter of Arkansas Co. Inc.*, 798 F.2d. 645 (3d Cir. 1986) (opining that bankruptcy courts have discretion in extraordinary circumstances to retroactively approve a professional's employment).

## Basis for Relief

10. The Debtors' knowledge, information, and belief regarding the matters set forth in this Application are based on and made in reliance upon the facts set forth in the Kleyr Declaration.

11. The retention of Kleyr Grasso under the terms described herein is appropriate under section 327(e) of the Bankruptcy Code. Section 327(e) provides for the appointment of special counsel for a specific purpose where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by such counsel. Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

12. Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained,* there is no conflict and the representation can stand") (emphasis in original); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994). As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to Kleyr Grasso and that, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

### The Employment and Retention of Kleyr Grasso is in the Best Interests of the Estate

13. As described more fully in the Kleyr Declaration, Kleyr Grasso has been providing legal advice in relation to insolvency law and corporate law issues/questions which

arose in relation to the Luxembourg Entities.  As noted above, the Debtors retained Kleyr Grasso with respect to the Luxembourg Matters as of November 27, 2008 pursuant to the procedures set forth in the OCP Order.  As a result, they are intimately familiar with Lehman's business in Luxembourg, documents and transactions related to the Luxembourg Entities, internal organization and structuring of these entities as well as documentation and business preferences.  The Debtors believe that the continued employment of Kleyr Grasso as special counsel for the Debtors will enable the Debtors to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with the matters described above and more specifically in the Kleyr Declaration.  For these reasons, the Debtors submit that the continued employment of Kleyr Grasso is in the best interests of the Debtors, their estates, and their creditors.

**Kleyr Grasso Holds No Interest Adverse to the Debtors or
the Debtors' Estates With Respect to the Luxembourg Matters**

14.    To the best of the Debtors' knowledge, and except as may be set forth in the Kleyr Declaration, Kleyr Grasso does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters as to which Kleyr Grasso is to be employed.  *See In re AroChem Corp.*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).  The Debtors have been informed that Kleyr Grasso will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Kleyr Grasso will supplement its disclosure to the Court.

15.    Based on the foregoing and the disclosures set forth in the Kleyr Declaration, the Debtors submit that Kleyr Grasso does not hold or represent an interest adverse to the Debtors or the Debtors' estates with respect to the matters on which Kleyr Grasso is to be employed.

### Kleyr Grasso will not Conduct the Debtors' Bankruptcy Case

16. By separate applications, the Debtors have sought and obtained the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel [Docket No. 1660], and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel [Docket No. 1659]. By contrast, Kleyr Grasso's work is comprised substantially of the Luxembourg Matters. None of these matters involve the conduct of the bankruptcy cases entrusted to Weil, Gotshal & Manges LLP.

17. Kleyr Grasso is not serving as the Debtors' general bankruptcy counsel. Therefore, the Debtors believe that Kleyr Grasso has not rendered "services . . . in contemplation of or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code. Accordingly, the services to be rendered and functions to be performed by Kleyr Grasso will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors. Furthermore, Kleyr Grasso will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

### Professional Compensation

18. The Debtors understand that Kleyr Grasso intends to apply separately to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all orders of this Court governing professional services performed and expenses incurred after the Commencement Date. To that end, Kleyr Grasso has agreed to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court.

19.     Kleyr Grasso has further informed the Debtors that the current hourly billing rates for Kleyr Grasso professionals expected to spend significant time on the Luxembourg Matters are €385 for partners, €275 for senior associates, €235 for associates and €175 for junior associates.[1]

20.     The Debtors respectfully submit that such rates are reasonable and comparable to the rates other firms charge for similar services. For services rendered by Kleyr Grasso in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee, and orders of the Court propose to pay Kleyr Grasso its customary hourly rates, that are in effect from time to time, as set forth in the Kleyr Declaration.

21.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interest of their estates and creditors, and should be granted in all respects.

**Notice**

22.     No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Application in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Kleyr Grasso. The Debtors submit that no other or further notice need be provided.

---

[1] Such hourly rates may change from time to time in accordance with Kleyr Grasso's established billing practices and procedures.

23.     Except with respect to Kleyr Grasso's retention under the OCP Order, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: March 2, 2010
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession