**Hearing Date and Time: March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: March 10, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Sara Discepolo, Esq.
1050 Winter Street, Suite 1000
Waltham, MA 02451
Telephone: 617-549-4537
Facsimile: 978-478-4589

*Attorney for Simeon Moreno*

*Attorney Discepolo requests permission to attend the Omnibus Hearing on March 17, 2010 via telephone conference call.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings, Inc., *et al.*,<br><br><br><br>Debtors | Chapter 11<br>Case No.: 08-13555 (JMP)<br><br>(Jointly Administered) |

### SIMEON MORENO'S MOTION (1) TO DEEM HIS PROOF OF CLAIM AS TIMELY FILED, *NUNC PRO TUNC*; (2) FOR RELIEF FROM THE AUTOMATIC STAY; (3) FOR PERMISSION TO ATTEND HEARING VIA TELEPHONE CONFERENCE; AND (4) FOR EXEMPTION FROM SERVICE REQUIREMENTS AS TO CERTAIN PARTIES IN THE MASTER SERVICE LIST

Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 362(d), Simeon Moreno (hereinafter the "Movant") hereby moves the Court (1) to deem his Proof of Claim against Lehman Brothers Holdings Inc. (hereinafter "LBHI") as timely filed *nunc pro tunc*, (2) for relief from the automatic stay; (3) for permission to attend the hearing on his motion via telephone conference call, and (4) for permission to serve this Motion and its related

documents only on the Standard Parties, interested parties, and on all registered ECF users and for permission to be exempt from service of same on all other parties designated on the Master Service List.

In support hereof, the Movant states:

1. The Movant is a homeowner in West Roxbury, Massachusetts. He is over 70 years old and speaks only Spanish. His attorney, the undersigned, is located in Waltham, Massachusetts.

2. In April of 2008, Property Asset Management, Inc. (hereinafter "PAM"), a non-debtor subsidiary of the Debtor, Lehman Brothers Holdings, Inc. (hereinafter "LBHI"), instituted foreclosure proceedings in the Massachusetts Land Court against the Movant concerning a certain mortgage recorded as a lien on his property. At no time did PAM indicate the debt purportedly secured by said mortgage was owned by LBHI.

3. On or about October 13, 2008, the Movant filed a bankruptcy case under chapter 13 of the Bankruptcy Code in *In re Simeon Moreno*, U.S. Bankruptcy Court, District of Massachusetts, Case No. 08-17715-FJB.

4. In that case, Litton Loan Servicing Limited Partnership (hereinafter "Litton"), a purported loan servicer, filed a Proof of Claim as creditor in its own name for the same mortgage that was the subject of PAM's foreclosure proceedings in the Massachusetts Land Court. A copy of Litton's Proof of Claim is attached to Moreno's Proof of Claim in this case. See Moreno's Proof of Claim (attached hereto as **Exhibit "A"**). In very fine print, Litton's Proof of Claim also states that Litton is servicer for LBHI. See id.

5. Also in that case, on or about March 31, 2009, PAM filed a Motion For Relief From Stay which claimed that PAM was the secured *creditor* for said mortgage. A copy of said Motion (without exhibit) is attached hereto as **Exhibits "B."** The purpose of said Motion was so that

2

PAM could continue the Massachusetts Land Court proceedings and ultimately foreclose based upon the mortgage. Massachusetts is a non-judicial foreclosure state.

6. On or about December 2, 2009, the Movant filed an adversary proceeding against PAM in *Simeon Moreno v Property Asset Management, Inc.*, U.S. Bankruptcy Court, District of Massachusetts, Case No. 09-1378. In that action, the Movant sought, *inter alia*, an injunction staying PAM's imminent foreclosure of his property and reinstatement of the automatic stay. The Movant's claims in his original Complaint concern, *inter alia*, improper foreclosure actions taken against him by PAM. They also concern, *inter alia*, his claim that the loan is predatory.

7. It was not until December 7, 2009, at a court hearing in that case, that PAM stated at oral argument that the underlying debt for the mortgage at issue in its motion for stay relief was *not* owned by PAM but rather by LBHI. At not time prior thereto did the Movant become aware that LBHI had purchased the loan/mortgage. Later, on January 4, 2010, PAM reiterated this claim that the loan/mortgage it was seeking to foreclose upon was actually owned by LBHI. See PAM's Emerg. Mot. to Cont. Hrg. dated Jan. 4, 2010, ¶¶ 1, 11 (without exhibit)(attached hereto as **Exhibit "C"**).

8. The Court in this case has set a bar date of September 22, 2009 for creditors to file Proofs of Claim against LBHI. The Movant filed his Proof of Claim on or about January 6, 2010. See Moreno's Proof of Claim (attached hereto as **Exhibit "A"**). At all relevant times, the Movant relied on PAM's representations in the Massachusetts litigation, up until December 7, 2009, that PAM, not LBHI owned the loan/mortgage at issue.

9. As a result of the misrepresentations of PAM and the confusing and contradictory statements by PAM and Litton in the Movant's own bankruptcy case, the Movant did not file his Proof of Claim in these proceedings until approximately January 6, 2010, which is

3

approximately only one month after PAM first disclosed the loan/mortgage was purportedly owned by LBHI.

10. LBHI has not objected to Moreno's Proof of Claim in these proceedings at any time.

11. On or about February 21, 2010, the Movant sought leave to amend his complaint in the Massachusetts bankruptcy litigation. In the proposed amended complaint, the Movant alleges, *inter alia*, that PAM is an agent or joint venturer with LBHI and that PAM's actions to foreclose on behalf of LBHI are based upon an agreement with LBHI to do so in order to improperly shield LBHI from liability and counterclaims in the Movant's bankruptcy case. A copy of the proposed First Amended Complaint that is pending in the Movant's bankruptcy case (without exhibits) is attached hereto as **Exhibit "D."**

12. The Movant has learned as a result of monitoring the filings in this case, that LBHI uses its subsidiaries, such as PAM, to handle the pursuit of defaulted mortgage debt, including the pursuit of foreclosure of real property, in an elaborate scheme to shield LBHI from liability related to same but receive proceeds from resulting foreclosure sales conducted by "Foreclosure SPE's." See, e.g., Mot. of the Debtors Pur. to Sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Fed.R.Bankr.P. for the Establishment of Proc. for the Debtors to Transfer Their Interests in Respect of Res. and Comm. Loans Subject to Foreclosure to Wholly-Owned Non-Debtor Subsidiaries dated Aug. 26, 2009 [Doc. # 4966]. This use by LBHI of its subsidiaries to foreclose defaulted mortgage debt and the concealment of LBHI's ownership interest is directly responsible for the Movant's missing the bar claims deadline in these proceedings.

13. Most recently, LBHI indicated it shall submit its own affidavit in the Massachusetts bankruptcy litigation in support of PAM's Motion For Relief From Stay so PAM can foreclose.

See email from J. Calandrelli dated Feb. 26, 2010 (attached hereto as **Exhibit "E"**); Aff. of S. Drosdick dated Feb. 25, 20210 (attached hereto as **Exhibit "F"**). By signing an affidavit that contains the caption of the Massachusetts bankruptcy litigation, it is evident that LBHI seeks to obtain property/money in said litigation. PAM, its subsidiary, intends to introduce it into evidence at an evidentiary hearing on its stay relief motion. See **Exhibit "E."**

14. The Movant has claims against LBHI related to the mortgage at issue, including but not limited to claims under Chapter 93A of the Massachusetts General Laws (unfair trade practices), predatory lending, as well as claims to rescind the loan and terminate the mortgage under federal and state Truth in Lending laws . See, e.g., Proposed First Amended Compl. dated Feb. 21, 2010 (without exhibits)(attached hereto as **Exhibit "D"**).

15. In this case, the Movant's neglect in failing to file his Proof of Claim by the deadline was certainly "excusable." LBHI has never directly filed a Proof of Claim in the Movant's bankruptcy case. Apparently, it intends, through its loan servicer and also its subsidiary, PAM, to reap the proceeds of any foreclosure sale of the Movant's property while creating obstacles to the Movant to assert claims against LBHI related to same by disguising or obscuring its own ownership interest in the mortgage debt at issue.

16. On or about February 5, 2010, Movant's counsel sought admission pro hac vice in these proceedings.

17. On or about February 19, 2010, this Court granted counsel's motion for said admission.

18. Other claimants continue to file similar motions in these proceedings to deem their late claims timely filed and no prejudice will result to the debtor, LBHI, if the same is permitted for the Movant.

5

19. The Movant seeks an order that his Proof of Claim filed on or about January 6, 2010 was timely filed, *nunc pro tunc*, to the date of filing.

20. He also seeks an order lifting the automatic stay in these proceedings so that the Movant may add claims against LBHI in his own adversary proceedings in Massachusetts. The Movant's claims in his own bankruptcy case are in the nature of setoff or recoupment to LBHI's indirect attempt, via PAM to foreclose and Litton's attempt to add fees to the loan at issue. His claims are in effect counterclaims to the Proof of Claim apparently filed by LBHI's servicer concerning the same mortgage.

21. Because the Movant's counsel is located in the Boston area, the Movant respectfully requests permission for his counsel to attend the hearing on these motions via telephone conference.

22. To the extent service of this Motion and associated documents may technically be required on all persons in the Master Service List, the Movant requests that he be exempt from such service and that he be permitted to serve only all registered ECF users via electronic case filing and the Standard Parties. Service on all persons in the so called 2002 List or Master Service List, other than registered ECF filers and Standard Parties, is not necessary because said persons do not have any direct interest in the Motion or their interest could only be nominal. Because of this, it is highly unlikely that they would seek to be heard on this matter. The burden on the Movant's counsel, a sole practitioner, outweighs the nominal need to effect service on those that have virtually no interest in this matter.

## Memorandum of Law

### I. The Movant's Proof of Claim should be deemed timely pursuant to Rule 9006(b)(1) in light of the excusable neglect of the Movant which in fact was caused by LBHI.

The standard for permitting the late filing of the Movant's Proof of Claim pursuant to Rule 9006(b)(1) is "excusable neglect." See Fed.R.Bank.P. 9006(b)(1). In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship., 507 U.S. 380 (1993), the Supreme Court set forth four factors for evaluating the excusable neglect standard: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. See id. at 395. A moving party need not prove all four factors to be entitled to relief. See In re Enron Corp., No. 01-16034 (AJG), 2003 WL 21756785 at *4 (Bankr. S.D.N.Y.). The "discretion of a bankruptcy court to allow or disallow late filed claims is well established. . . ." Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 125 (2d Cir. 2005).

In this case there is no prejudice to LBHI or any danger that these proceedings will be disrupted. There are numerous parties that have recently filed similar motions for late filing of claims in this action. Their motions will also be heard on the same day. Furthermore, the Movant has acted at all times in good faith. PAM, LBHI's subsidiary, lied to the Court in its Motion For Relief From Stay when it represented itself as the creditor of the mortgage/loan at issue. As soon as the Movant found out it was truly LBHI that was alleged to be the owner, he took action to seek to be heard in these proceedings by filing his Proof of Claim. The delay in the Movant's case was not his fault and he did not have any control over it.

**II.     This Court should lift the automatic stay as to the Movant's claims in the Massachusetts Bankruptcy Court litigation pursuant to 11 U.S.C. § 362(d)(1).**

Arguably, the automatic stay in these proceedings does not even apply to the Movant's claims against LBHI in his own adversary proceedings. This is because the Proof of Claim filed by LBHI's servicer and the Motion For Relief From Stay filed by PAM in the Movant's chapter 13 bankruptcy were both filed to recover property/money for LBHI. In essence, they are LBHI's claims. LBHI is affirmatively assisting PAM so that PAM can foreclose by providing an affidavit to PAM for use at PAM's evidentiary hearing on PAM's Motion For Relief From Stay. See email from J. Calandrelli dated Feb. 26, 2010 (attached hereto as **Exhibit "E"**); Aff. of S. Drosdick dated Feb. 25, 2010 (attached hereto as **Exhibit "F"**). As a result, all of the Movant's claims in his adversary proceeding are in the nature of recoupment or setoff against LBHI and therefore the automatic stay in this case arguably does not even apply to bar his claims. See, e.g., In re Malinowski, 156 F.3d 131, 133 (2d Cir. 1998)("[r]ecoupment . . . is not subject to the limitations of section 553 or the automatic stay"); In re Powell, 284 B.R. 573, 576 (Bankr. D.Md. 2002)(recoupment "is treated as a non-statutory exception to the automatic stay in many courts").

Even if the automatic stay may apply to Moreno's claims against LBHI, this Court should lift the stay in this case, or the Movant will be prejudiced. When parties seek relief from the stay to permit litigation to proceed in another forum, the Second Circuit has adopted the following twelve factors that a court should weigh in exercising its discretion:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been

8

established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding;

(12) impact of the stay on the parties and the balance of harms.

See In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir.1990).

In this case, relief from the stay would permit a court with expertise in foreclosure and rescission claims to fully adjudicate LBHI's indirect Proof of Claim and attempt to foreclose, as well as the Movant's counterclaims to same. The adversary proceedings in Massachusetts will not interfere with this bankruptcy case because the Movant's claims are in the nature of recoupment or setoff to claims that are purported to be owned by LBHI.

The most important factors, however, are judicial economy and balance of harms. The claims in the Massachusetts bankruptcy litigation may be decided all in one forum. The Movant understands that the instant proceedings concerning LBHI as debtor involve highly complex financial instruments, agreements and arrangements that are now put in issue by LBHI's

creditors. In contrast, the claims in the Movant's adversary proceeding concern solely individual claims for the rescission and related damages and claims pertaining to one predatory loan and toxic mortgage asset purportedly owned by LBHI. As such, judicial economy requires that those claims be adjudicated in Massachusetts rather than this forum, which is focused on highly complex financial instruments.

Perhaps the most crucial point is that if LBHI does not become a party to the Massachusetts litigation, the ability of the Movant to bind LBHI to any judgment concerning the mortgage it purportedly holds on the Movant's property and upon which others seeks to foreclose on LBHI's behalf may ultimately be illusory. The Movant served LBHI with his notice of cancellation (rescission) on or about December 28, 2009. A copy of said notice of cancellation is attached to Moreno's Proof of Claim. See Moreno's Proof of Claim (attached hereto as **Exhibit "A"**). He has only one year to sue for a court declaration that the loan and mortgage were rescinded after LBHI's failure to respond to his notice of cancellation. See, e.g., Bellini v Washington Mut. Bank, 412 F.3d 17 (1st Cir. 2005). Thus, the Movant has a limited amount of time to sue LBHI on his rescission. It is highly unlikely that LBHI will be out of bankruptcy by January of 2011. Furthermore, to the extent LBHI is deemed not in "privity" with others in the Massachusetts litigation, it will not be bound by any judgment ultimately arising in the Massachusetts litigation to the extent the Movant is successful on his claims against the other party defendant(s). In Massachusetts, LBHI would only be bound by a judgment if it is "in privity" with other party defendants. See, e.g., Grella v Salem Five Cents Sav. Bank, 42 F.3d 26 (1st Cir. 1994)(discussing requirements for res judicata). At this point, the only party defendant is PAM, an indirect wholly owned subsidiary. See Aff. of S. Drosdick, ¶ 3 (attached hereto as **Exhibit "F"**). It goes without saying that if the Massachusetts bankruptcy court issues a

judgment adverse to PAM and to the claims purportedly owned by LBHI, LBHI will surely dispute the res judicata effect of the judgment and assert that it is not binding on it. To allow LBHI to do so would actually thwart judicial economy and permanently prejudice the Movant. If successful in this argument and if the Movant cannot sue LBHI by January 2011, his claim for rescission against LBHI would be gone forever.

Finally, because the Movant is a senior citizen who is the victim of a predatory loan and in danger of losing his home, and because LBHI, apparently through others, is attempting to foreclose his home based on said predatory loan, the balance of harms surely militates in favor of allowing the Movant to assert his claims against LBHI in that other action. The amount at stake for LBHI and its creditors in this case that is represented by that other action is miniscule when comparing the Movant's claims to those of other creditor claims against LBHI in these proceedings.

WHEREFORE, the Movant, Simeon Moreno, respectfully moves this Court to deem his Proof of Claim as timely filed and for relief from the automatic stay pursuant to the proposed Order (attached hereto as **Exhibit "G"**), as well as **permission to attend the hearing on his motion via telephone conference call**, and for limited service of this Motion as described above.

SIMEON MORENO

By:    /s/ Sara Discepolo
       Sara Discepolo, Esq.
       1050 Winter Street
       Suite 1000
       Waltham, MA 02451
       Tel. 617-549-4537
       Fax 978-478-4589
       Sara_Discepolo@verizon.net
       His Attorney

Dated: March 3, 2010
       Waltham, Massachusetts

11