UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
Simeon Moreno

Property Asset Management, Inc.,          CHAPTER 13
VS.                                       CASE NO. 08-17715-FJB
Simeon Moreno

<u>MOTION FOR RELIEF FROM STAY</u>

To the Honorable Frank J. Bailey:

Property Asset Management, Inc., your moving party in the within Motion, hereby requests that the

Court grant relief from the Automatic Stay imposed by 11 U.S.C. 362 and any applicable Co-debtor

Stay imposed by 11 U.S.C. §1301 and respectfully represents:

1.      The movant has a mailing address c/o Litton Loan Servicing, 4828 Loop Central Drive,

Houston, TX 77081.

2.      The debtor, Simeon Moreno, has a mailing address of 5 Maple Street,  West Roxbury, MA

02132.

3.      On October 13, 2008, the debtor filed a petition under Chapter 13 of the United States

Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4.      The debtor's Chapter 13 plan was confirmed on March 10, 2009.

5.      The movant is the holder of a first mortgage on real estate in the original amount of

$492,000.00 given by Simeon Moreno to  Mortgage Electronic Registration Systems, Inc. on or

about January 23, 2007.  Said mortgage is recorded with the Suffolk County Registry of Deeds at

Book 41206, Page 16 and covers the premises located at 5 Maple Street, West Roxbury (Boston),

MA 02132.  A copy of the mortgage is annexed hereto and marked as Exhibit 'A'.

6.      Said mortgage secures a note given by Simeon Moreno to GE Money Bank in the original

amount of $492,000.00.

7.      There is no other collateral securing the obligation.

8.      The mortgage was assigned by Mortgage Electronic Registration Systems, Inc. to the movant.

9.      There is a declaration of homestead recorded with the Suffolk County Registry of Deeds at Book 28643, Page 125.

10.     As of March 31, 2009, approximately $541,253.04 in principal, interest, late fees and other charges was due with regard to the note and mortgage.

11.     There are the following encumbrances on the property:

| Name of Creditor | Type of Lien | Amount Owed |
|---|---|---|
| Property Asset Management, Inc. | First Mortgage | $      541,253.04 |
| Resurgent | Second Mortgage | $    130,000.00 |
| Total Secured Encumbrances: | | $    671,253.04 |

12.     The pre-petition arrearage is $39,442.49.

13.     According to the debtor's schedules, the fair market value of the subject property is $515,000.00. The liquidation value of the subject property is $481,251.60, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($2,348.40) and anticipated costs incurred for a real estate closing of $500.00.

14.     The debtor has no equity in the property.

15.     The debtor has failed to remain current with the post-petition payments to Property Asset Management, Inc.

16.     The loan is due for the December 1, 2008 post petition payment and all payments thereafter.

17.     The total post-petition arrearage due as of March 31, 2009 is $13,715.36, excluding attorney's fees and costs. As a result of this motion, attorney's fees and costs of approximately $310.00 have accrued. This figure may increase as additional attorney's fees and costs continue

to accrue.

18.     The total post-petition arrearage through the anticipated hearing on this motion would also include any additional monthly mortgage payments in the amount of $3,328.97, which payments are due on the first of every month and late charges in the amount of $99.87 which accrue on the sixteenth of every month.  The post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

19.     The property is not necessary for a successful reorganization of the debtor.

20.     The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief as follows:

I.     Pursuant to 11 U.S.C. 362 (d)(1) for cause on the basis that the debtor has not made timely post petition payments, and that the debtor has failed to provide the plaintiff with adequate protection;

II.     Pursuant to 11 U.S.C. 362 (d)(2) on the basis that the debtor has no equity in the subject property and the property is not necessary for effective reorganization.

WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the stay for the purpose of: (i) exercising its rights under its agreements with the debtor and any co-debtors under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, summary process proceedings, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

Respectfully submitted,

Property Asset Management, Inc.,
By its Attorney

/s/ Rian K. Vernon
Rian K. Vernon, Esquire
BBO# 662635
HARMON LAW OFFICES, P.C.
P.O. Box 610345
Newton Highlands, MA 02461-0345
781-292-3900

Dated: March 31, 2009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| IN RE: | CHAPTER 13 |
| Simeon Moreno | CASE NO. 08-17715-FJB |

CERTIFICATE OF SERVICE

     I, Rian K. Vernon, Esquire, state that on March 31, 2009, I electronically filed the foregoing Motion for Relief from Stay and Proposed Order with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

John Fitzgerald, Esquire, Assistant U.S. Trustee
Joseph G. LaRusso, Esquire for City of Boston Treasury Dept.
Michael Van Dam, Esquire for the Debtor
Carolyn Bankowski, Esquire, Chapter 13 Trustee

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

                                   /s/ Rian K. Vernon
                                   Rian K. Vernon, Esquire
                                   BBO# 662635

Simeon Moreno
5 Maple Street
West Roxbury, MA 02132

City of Boston (West Roxbury)
Office of the Tax Collector
PO Box 9711
Boston, MA 02114

Resurgent
PO Box 10584
Greensville, SC 29603

Litton Loan Servicing
PO Box 829009
Dallas, TX 75382

Recovery Management Systems
Corporation
25 S.E. 2nd Avenue
Suite 1120
Miami, FL 33131


RKK/GCS/200804-1427/Moreno, Simeon

08-13551-mg Doc 7366-2 Filed 03/08/10 Entered 03/08/10 14:50:26 Exhibit B
Pg 7 of 7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>Simeon Moreno,<br>Debtor. | CHAPTER 13<br>CASE NO. 08-17715-FJB |

### Order Granting Property Asset Management, Inc. Relief
### From Stay And Leave To Foreclose Mortgage

This matter has come before the Court, and after full consideration, and no objections

having been filed after proper notice, it is hereby ordered that Property Asset Management, Inc., its

Successors and/or Assigns, Motion for Relief From Stay is hereby granted and the stay imposed

by 11 U.S.C. §362 and/or 11 U.S.C. §1301 is hereby terminated and it may proceed to foreclose or

accept a deed in lieu of foreclosure of the mortgage given by Simeon Moreno to Mortgage

Electronic Registration Systems, Inc. dated January 23, 2007 and recorded with the Suffolk

County Registry of Deeds at Book 41206, Page 16 which covers the premises located at 5 Maple

Street, West Roxbury (Boston), MA 02132, and may exercise its rights under said Mortgage,

including preserving its right to seek any deficiency to the extent permitted by state and federal

law, including 11 U.S.C. §524(a), and may bring such actions, including, without limitation,

summary process proceedings, as are permissible by law, all as set forth in its Motion.

_____
Honorable Frank J. Bailey
United States Bankruptcy Judge

200804-1427

7