

RECEIVED

MAR - 1 2010

U.S. BANKRUPTCY COURT, SDNY
JMP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS HOLDINGS INC., et. al.

Debtors,

ARNOLD, KATHLEEN & COTTEN, TIMOTHY A

Creditors,

Subordination

Chapter 11 Case No.
08-13555 (JMP)
(Jointly Administered)

### OBJECTION TO DEBTORS 4TH OMNIBUS MOTION TO DEBTORS REQUEST AND TO HAVE THE FEBRUARY 2, 2009 PROOF OF CLAIM(S) No. 2345 BE DISALLOWED & EXPUNGED AND CREDITORS COUNTER OMNIBUS MOTIONS

This Court has jurisdiction of this case proceeding undey 28 U.S.C. §§1331 and 157(b)(2). This proceed. This proceeding is a core proceeding.

Be known, the Named Plaintiffs Timothy A. Cotten and Kathleen Arnold, appearing for the purpose of this motion, Pro Se, are unschooled in law and notices the Court of Enunciation of Principles as stated in *Haines v. Kerner*, 404 U.S. 519, 92 S. CT. 594, 30 L. Ed.2D 652, (1972), wherein the court has directed that those who are unschooled in law making pleadings and/or complaints shall have to look to the substance of the pleadings rather than in the form, hereby makes the following pleadings/notice in the above-referenced matter without waiver of any defenses or rights. If there are any defects in this paper, we request that this Honorable Court interpret said defects accordingly and render a proper

1

and just decision and due process thereof, rather than penalizing the plaintiffs for

procedural or other errors due to lack of formal legal training.

`Now comes Creditors Kathleen Arnold and Timothy A. Cotten in

opposition to debtors Omnibus Motion as to Claims No. 2345, to be disallowed &

expunged and states;

Creditors claims were not voluntarily amended but were amended by July

2009 order to "resubmitted their claims" and as so the creditors initial claims, No.

2345 should remain and the second Claims should be consolidated into, except in

the sums due and owed creditors due to these claims arising out of willful

misconduct and fraud of the debtor and their affiliates.

This motion by the debtors appears to be made further in contravention of

the debtors to allow them to escape pre-petition liabilities of the debtors and their

affiliates 15 U.S.C. § 1611, Criminal liability for willful and knowing violations

by the debtors and their primary subsidiaries that include the sale of subsidiaries

Lehman Brothers Inc., Neuberger Berman Inc., CitiBank Inc., (debtors largest

creditor), Aurora Loan Services, Inc., and Lehman Brothers Bank, FSB.

The creditors properly filed their original proof of claim that included a

motion to disallow any contemplated 363(f) sales of consumer loans wherein the

debtors had committed fraud pre-petition and were attempting to illegally use

2

bankruptcy and transfers as a way to avoid and skirt criminal liability pursuant to

15 U.S.C. § 1611, and criminal liability for willful and knowing violations of the

"Act", those of which rest on the face of the loan disclosure documents as will be

discussed, but noting for this motion, any sale whatsoever of creditors loan,

amounted to a fraudulent sale as the loan was made and originated on fraud.


15 U.S.C. § 1611 applies to Whoever willfully and knowingly (1) gives

false or inaccurate information or fails to provide information which he is required

to disclose under the provisions of this subchapter or any regulation issued there

under, 2) uses any chart or table authorized by the Board under section 1606 of

this title in such a manner as to consistently understate the annual percentage rate

determined under section 1606(a)(1)(A) of this title, or 3) otherwise fails to

comply with any requirement imposed under this subchapter, and shall be fined

not more than $5,000 or imprisoned not more than one year, or both. [Pub. L. No.

90-321, 82 Stat. 151 (May 29, 1968).


Debtors failed to make all necessary and required material disclosures

necessary in the creditors loan transaction of September 15, 2003, as provided in

the creditors proof of claims.


These disclosures were willfully false to induce not only the creditors into

closing the spurious loan, but were further intended to and did, deceive investors

3

to which, Lehman hedged against the creditors intending at all times to, and did manufacture a false default by debtors and their primary subsidiaries. This court needs only to look to evidence provided in their requested amended proof of claim, that, which we are requesting be added into the creditors 2/2/2009 POC prior to and well before, emphases added, the exclusion of Lehman Bank F.S.B. and Aurora Loan Services or the April 2009 and sale back to management, what, these creditors find repugnant to the law, is these debtors will still reap a 49% interest from the fraudulent transfer, a transfer that is intended to and will wash Lehman's filthy hands tainted with fraud and by sinister acts to which, Congress has Mandated via BAP may not shelter criminals as this will surely do.

Lehman came into bankruptcy with his primary subsidiaries included Lehman Brothers Inc., Neuberger Berman Inc., Aurora Loan Services, Inc., SIB Mortgage Corporation, Lehman Brothers Bank, FSB, Eagle Energy Partners, and the Crossroads Group with the creditors claims being part of the estate, thus the creditors were to be listed on their schedules but, were not. Moreover, these creditors were due notice of the proposed sale and the debtors 341 meeting to afford them the opportunity to object to the sale, that, noting again, the creditors did but, no hearing was ever held. Also, creditors were entitled to examine the debtors due to the debtors apparent and what appears to be deliberate failure to schedule the creditors claims.

Creditors allege this is nothing more than a way to avoid liabilities they have no legal right to avoid because they are the fruits of frauds and the debtors do not have clean hands.

There is no mandate creditors litigate the rescission claims as "TILA" Rescission is intended to be a non-legal remedy however debtors continue in nefarious activities regarding their home and therefore are due to have the debtors file the necessary documents they were to file in 2006. Noting the debtors blatant letter of denial does not, and cannot, constitute a reply or response as the only Congressionally Mandated response is the debtors requirement to perform the acts of rescission, i.e., the filing of the necessary documents and placement of creditors in a better than position had the loan never been made. The creditors offered tender but debtors never accepted nor performed the acts of rescission within the time Congressional Mandated, that is, 20 days.

The creditors further object to the debtors attempting to deceptively out maneuver the creditors valid claims that is to say, the motivation for their desire to further Disallow the Early claims, claims made before the transfer of entities Lehman F.S.B., and Aurora Loans, and is further the reason debtors desire to have the record "Expunged": we object, and Seek Immediate Leave to Appeal, should this court not agree, as these courts cannot act as a criminal conduit and ARM, enabling further wrest and criminal violations pursuant to TILA, see Exhibits E.1

5

thru E.14, creditors rescission notices issued in 2006, while Lehman and Aurora both purported to own the mortgage and notes, and, while the debtors largest creditor, CitiBank/CitiMortgage, purported to be the servicer, (plural because they forged so many notes), see Exhibits provided in creditors demand for amended proof of claims, citing there are 4, first payment letters all of different amounts, proving without doubt, TILA violations were willful and nefarious, therefore it would be improper, and go against Congressional Mandates, for this court to allow Lehman Holdings, Parent Company to, and of, the criminal entities, Lehman F.S.B. and Aurora. It would go against Congresses Mandates pursuant to BAP-2005, that only an honest debtor be granted the right to a "Fresh Financial Start, and thus should not be permitted to escape Congressionally Mandated liability through fraudulent use of the United States Bankruptcy Courts and deceptive actions therein.

Creditors know exactly why the debtors want the first, initial POC disallowed and expunged, that is, so that while they have scheduled the amended POC, creditors were unwittingly notified they must submit, emphases added, that, was again notably, deceptively after the sale thus making it clear the debtors will then maneuver again to have the creditors claims then disallowed because presto, they are no longer entities of the bankrupt estate. Accordingly, we object as the bankruptcy courts cannot be used to bifurcate legitimate estate claims that of which cannot be avoided due to criminal acts as noted.

6

This motion is further for the protection of the public and the confidence
we must have in societies laws, Congresses Mandates, and, the assurances
necessary to the system working correctly, noting allowing debtors to escape
accountability would be a repugnant result that would undermine societies laws,
be unjust and the judiciary.


The debtors and their primary subsidiaries purposely disclosed a
Conventional Loan product as all the disclosures in the exhibits clearly illustrate,
doing so with the sole intent to deceive both creditors and investors of the CDO's,
and the "Synthetic CDO's" that flowed there from and that more than not, are
likely sitting on Goldman Sacks and CitiBanks books.


The nefarious nature of this crime is Debtors and their primary subsidiaries
had to sell conventional paper or, at least purport the paper to be conventional in
order for the paper to pass the sniff test and the need to characterize the instrument
as one of, and subject to Negotiations, UCC 3-104 that states an unconditional
promise or order to pay a fix amount (with or without interest). In order to qualify,
the instrument must be, among other requirements, " payable on demand or at a
definite time" emphases added, noting a Payment Option 5/1 ARM, Interest Only
Loan forged by debtors and their primary subsidiaries, was necessary in order to
create the Synthetic CDO's the debtor and their primary subsidiaries were going to

hedge against default, short the trust payments and hedge on the borrower default

and of which was packaged and sold on Wall Street as plus +AAAA paper, while

others knew it was not.


Debtors and their primary subsidiaries forged loan documents after the

closing of the loan given the creditors.  The TILA violations also exacted

mortgage fraud in the forging of the loan documents.  Debtors and their primary

subsidiaries, Aurora Loan Services, Lehmans master servicer, then forged the

synthetic CDO documents changing the loan from the Disclosed Conventional

loan to the spurious, Payment Option 5/1 ARM, Interest Only, see Exhibits filed in

the POC.

Debtors and their primary subsidiaries then planned to foreclose, and did, devoid

of any default the debtors then manufactured the false default so they could reap

obscene sums of money on both the false default and the CDO's hedged.


Creditors discovered their TILA claims on or about August 2006 upon

reading National Consumer Law Centers, Professional Series, and issued

rescission to which debtors, and their primary subsidiaries denied creditors right to

rescission with all being a culmination of debtors violations pursuant to 15 U.S.C.

§ 1611 and 1635 and 1640 and 1641.

Creditors, in the alternative, allege at best, their claims rest in challenges against the instrumentality, instrument of negotiation, as noted, an instrument is not subject to negotiation, pursuant to that unconditional promise or order to pay a fixed amount (with or without interest), at a certain date in time. An ARM will not meet this requirement as is long established UCC law.

The instrument is an instrument under seal and is subject to Maryland's Special Warranty Statutes.

Debtors along with their primary subsidiaries and largest creditor, CitiBank are attempting to enlist these honorable courts to usurp their illegal actions against the creditors, and public and must not be allowed to carry out their criminal acts as only an honest debtor is deserving of the courts protection, see Exhibits 1-14, creditors allege the debtor not to be honest and in criminal violation thus not allowed to discharge or hide their criminal acts using the bankruptcy courts.

Creditors allege debtors in gross and criminal violation of 5 U.S.C. § 1611 and 1635 and 1640 and 1641.

Creditors will not repeat in this Omnibus Countermotion what has already been stated clearly in their complaints and proven with the proof of the rescission.

Noteworthy is debtors refusal to comply with TIAL rescission and demand to produce proof of all transfers, mortgage file and recent provisions requiring proof of ownership and production of documents thereto, thus debtors remain in criminal violation of TILA and only Congress can regulate or waive any of the "Acts" requirements.

The creditors object to the debtors nefarious use of these courts to avoid their strict liabilities imposed under TILA and the lengths they will go to in order avoid liabilities and the illegal acts undertaken to date to effectuate avoidance, not mentioning they are in criminal violation of the "Act".

Creditors further object to priority of preferences given to debtors largest creditor, CitiBank.

Creditors allege CitiBank and debtors are engaged in a shell game, or hot potato, who, is really holding creditors note and mortgage.

CitiMortgage Inc. swears they are the owners and became said in June of 2004, we argue they are not and were not in accordance to Lehman, Aurora and Citi's own prior correspondence however, the debtors and their largest creditor Citi have produced nothing to this affect.

Yet, astonishingly CitiBank/CitiMortgage Inc. report to Maryland's Financial Regulators just as recently as September 2008, Lehman owns the mortgage and note and have such in their name exclusively but yet, Aurora has yet another whole set of forged documents as well as written testimony they are in fact the owners of creditors mortgage and note which was purchased from Lehman so, who really does own the creditors mortgage and note? TILA mandates the debtors must prove up ownership, they have not and refuse to.

Creditors have serious issues with debtors use of the bankruptcy court to avoid Congressional Mandates, i.e., TILA and in no way should these allow the debtors to escape Congressional Mandated liabilities that, of which only Congress can alter.

Moreover, Congress has further mandated that "Only and Honest Debtor" is due protections Mandated by Congress under 2005 BAP. The debtors are anything but honest and should not be allowed to wash their dirty hands clean of their crimes by using bankruptcy to avoid these crimes and their accountability.

Debtors have proven they are not honest as they failed to ever list Creditors on the schedules as they were mandated to and should not be able to avoid liability for failing further to be honest with these courts.

11

Debtors should not be allowed to use bankruptcy as a criminal entity in furtherance of their crimes therefore creditors as due to have their claims prioritized and given preference as they cannot be avoided by law. Creditors object to forced amendment of their claims and reduction of their claims to a mere $ 315,000.00 as that is in stark contrast to TILA mandates for "Willful Disclosure Violations".

## MOTION FOR ADMINISTRATIVE COST IN FORCING THE CREDITOR TO NOW CHASE THE DEBTORS THROUGH BANKRUPTCY

Creditors request administrative cost be paid and ask this court rules promptly.

### MOTION FOR AN EXTENSION OF TIME TO PREPARE A BRIEF AND ADVERSARY COMPLAINT AND SEEKING THE COST OF FILING BE WAIVED OR DEFERRED UNTIL RULING ON ADMINISTRATIVE FEES

Creditors seek extension of time to prepare opposition brief and adversary complaint pending courts ruling for administrative fees.

### MOTION FOR EXPEDITED REQUEST FOR DOCUMENTS

Creditors request, pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure, that Defendant produce a copy of each of the following documents to be sent to the office of Plaintiffs' attorney within thirty (30) days of this request.

Document" means and includes any printed, typewritten or handwritten matter of whatever character including specifically, but not exclusively and without limiting the generality of the foregoing, letters, desk or other calendars, memoranda, telegrams, cables, reports, charts, business records, personal records, accountants' statements, bank statements, handwritten notes, minutes of meetings, notes of meetings or conversations, catalogs written agreements, checks, receipts, invoices, bills, and any carbon or other copies of such materials.

All contracts between creditors and debtors including notes, judgment notes, security agreements, mortgages, and insurance agreements.

All credit applications or credit reports pertaining to debtors mortgage and sales thereto.

All disclosure statements given to creditors or other notices of their rights.

All ledger cards or ledger sheets or other documents reflecting payments, charges, and costs incurred on creditors account as well as any document related to any settlement with the creditors s m any transaction.

All correspondence concerning creditors account.

All fee agreements between creditors and its attorneys or other documents relating to such fees as it applies to the creditors.

All documents reflecting the identity or value of any security collateral, servicing, sales and any other contract that flowed from and to which you claim in connection with creditors account.

Identity of the Document holder and the creditors complete mortgage file.

Respectfully Submitted,

Kathleen Arnold and Timothy A. Cotten
Creditors
9543 North Side Drive
Owings, MD 20736

## CERTIFICATE OF SERVICE

Creditors Kathleen Arnold and Timothy A. Cotton, certify the below parties were served by First Class Express, postage pre-paid, or certified mail on this February 25, 2010:

Respectfully Submitted,

Kathleen Arnold and Timothy A. Cotten
Creditors
9543 North Side Drive
Owings, MD 20736

Chambers of Honorable James M. Peck,
One Bowling Green,
New York, New York 10004,
Courtroom 601

Attorneys for the Debtors,
Weil Gotshal & Manges LLP,
767 Fifth Avenue,
New York, New York 10153
Attn: Shai Waisman, Esq.

The Office of the United States Trustee,
Southern District of New York,
33 Whitehall Street, 21st Floor,
New York, New York 10004
Attn: Velez-Rivera, Schwartzberg,
Masumoto, Riffkin, Davis; Esqs

Dunne, O'Donnell & Fleck, Esq.
Unsecured Creditors Lehman
1 Chase Manhattan Plaza,
New York, New York 10005

# AURORA LOAN SERVICES
*A Lehman Brothers Company*

**Justin D. Balser**
Vice President & Counsel
Legal Department
10350 Park Meadows Drive
Littleton, Colorado 80124
Direct Dial Telephone: 720.945.3466
Facsimile: 720.945.3081
Email: jbalser@alservices.com

August 23, 2006

**SENT VIA OVERNIGHT MAIL**

Thomas Wilcox, Esq.
Attorney at Law
1020 19th Street, N.W., Suite 400
Washington, District of Columbia 20036

Re:    **Request for Rescission dated August 6, 2006**
         **Property:    9543 North Side Drive**
                      **Owings, Maryland 20736**

Dear Mr. Wilcox:

    I am in receipt of Mr. Cotten's correspondence dated August 6, 2006. I am writing to you as his letter appoints you as his legal counsel.

    In response to Mr. Cotten's claims, I enclose the following two documents: (1) the Truth-in-Lending Disclosure Statement, and (2) the Notice of Right to Cancel. I note that Mr. Cotten has claimed he (1) did not receive the TIL disclosure, (2) did not receive the Notice of Right to Cancel, (3) that he never signed those documents, and (4) that the disclosures on the TIL are incorrect. Indeed, Mr. Cotten's signature appears on both documents above the title "Borrower/Owner." In fact, by signing the Notice of Right to Cancel, Mr. Cotten "acknowledged receipt of two copies of NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement."

    We have reviewed the disclosures of the annual percentage rate, finance charge, amount financed, and total of payments. The figures are in compliance with TILA, and were conspicuously disclosed at origination. Therefore, Mr. Cotten's right to rescind is untimely. We must decline Mr. Cotten's request to rescind this loan.

    If you have any questions, please contact me at the number listed above.

Sincerely,

Justin D. Balser
Vice President & Counsel

cc:    Via Email Only
        Victoria Kiehl, Esq. (CitiMortgage)
        Clint Burnette (Aurora)
cc:    Via U.S. Mail
        Kathleen Arnold

Enclosures



AURORA LOAN SERVICES LLC.    E.1

```
                    LOTHIAN
            LOTHIAN, Maryland
                207119998
            1050050711 -0099
08/07/2006   (301)574-3558      08:39:11 AM
```

```
                  Sales Receipt
Product           Sale Unit        Final
Description       Qty  Price       Price
```

```
FAIRFAX VA 22030                   $0.39
First-Class
  0.60 oz.
  Return Rcpt (Green Card)         $1.85
  Certified                        $2.40
  Label #:      7000153000024183 7016
                                 ========
  Issue PVI:                       $4.64

DES MOINES IA 50328                $0.39
First-Class
  0.60 oz.
  Return Rcpt (Green Card)         $1.85
  Certified                        $2.40
  Label #:      7000153000024183 7030
                                 ========
  Issue PVI:                       $4.64

SCOTTSBLUFF NE 69363               $0.39
First-Class
  0.60 oz.
  Return Rcpt (Green Card)         $1.85
  Certified                        $2.40
  Label #:      7000153000024183 7658
                                 ========
  Issue PVI:                       $4.64

GAITHERSBURG MD 20879              $0.39
First-Class
  0.60 oz.
  Return Rcpt (Green Card)         $1.85
  Certified                        $2.40
  Label #:      7000153000024183 7641
                                 ========
  Issue PVI:                       $4.64

COLUMBUS OH 43218                  $0.39
First-Class
  0.60 oz.
  Return Rcpt (Green Card)         $1.85
  Certified                        $2.40
  Label #:      7000153000024183 7665
                                 ========
  Issue PVI:                       $4.64

ALLEN TX 75013 Priority            $4.05
 - Flat Rate Env
  3.00 oz.
  Signature Confirmation           $1.90
  Label #:      23031610000032601622
                                 ========
  Issue PVI:                       $5.95
                                 --------
  Total:                          $29.15

  Paid by:                        $40.00
  Cash                           -$10.85
  Change Due:

  Bill#: 1000100386159
  Clerk: 05
```

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.
Customer Copy

E.2

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7658 4183 0000 1530 7000

SCOTTSBLUFF NE 69363

| | | | |
|---|---|---|---|
| Postage | $ | $0.39 | 0711 |
| Certified Fee | | $2.40 | 05 |
| Return Receipt Fee (Endorsement Required) | | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $4.64 | 08/07/2006 |

Sent To *Aurora Loan Services*
Street, Apt. No.; or PO Box No. *P.O. Box 1706*
City, State, ZIP+4 *Scottsbluff, NE 69363*

PS Form 3800, May 2000        See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

4183 0000 1530 7000

DES MOINES IA 50328

| | | | |
|---|---|---|---|
| Postage | $ | $0.39 | 0711 |
| Certified Fee | | $2.40 | 05 |
| Return Receipt Fee (Endorsement Required) | | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $4.64 | 08/07/2006 |

Sent To *Wells Fargo*
Street, Apt. No.; or PO Box No. *1 Home Campus*
City, State, ZIP+4 *Des Moines IA 50328*

PS Form 3800, May 2000        See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7016 4183 0000 1530 7000

FAIRFAX VA 22030

| | | | |
|---|---|---|---|
| Postage | $ | $0.39 | 0711 |
| Certified Fee | | $2.40 | 05 |
| Return Receipt Fee (Endorsement Required) | | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $4.64 | 08/07/2006 |

Sent To *George Mason*
Street, Apt. No.; or PO Box No. *4035 Ridge Top Bldg 10B*
City, State, ZIP+4 *Fairfax, VA 22030*

PS Form 3800, May 2000        See Reverse for Instructions

E. 3

August 6, 2006

VIA U. S. Postal Services Certified Return Receipt

Lehman Brothers Bank, FSB
400 Professional Drive, Suite 100
Gaithersburg, MD 20879

Re: Note and Mortgage for:
     9543 North Side Drive
     Owings, MD 20736
     Loan # 0016108615

Dear Sirs/Madams:

     The undersigned represents Mr. Timothy A. Cotten concerning the above-referenced loan into which was entered with Lehman F.S.B., on September 15, 2003.

     I am giving the authority of my counsel, Mr. Thomas Wilcox, to handle this transaction to rescind this mortgage and note and hereby exercise that right pursuant to "all" laws, State & Federal that grant the same consumer right of rescission that govern this type of financial and credit transaction or as otherwise would be applicable to my consumer rights thereof. This notice does not specify all applicable laws that would give rise to the same consumer right to rescind and is not to be considered a waiver of other applicable laws nor is this letter to constitute a comprehensive or complete list of applicable laws but instead cites the Federal Truth in Lending Act 15 U.S.C. ' 1625 (ATILA@), Regulation Z ' 226.23.

     I am exercising my extended rights to rescission as allowed by the applicable laws that govern this extended right to rescind for the following, but not limited to, key reasons:

     Clear and conspicuous notice of my right to cancel was never provided to me nor was I supplied a copy of the closing documents and material disclosures at the closing of this loan.

     The annual percentage rate, total finance charges, amount financed, total of all payments and payments schedule was not clearly disclosed and does not include the true cost of the credit.

     The amount financed was understated and the true cost of credit was not disclosed as is required by TILA. Accordingly, I was not given proper notice of my right to rescind, nor informed of the proper amount financed.

     Pursuant to the Regulation, you have twenty days after receipt of this notice of rescission to return to all monies paid in connection with this transaction.

1

E.4

Please be advised that if you do not return all consideration paid prior to the expiration of the loan commitment, you will be responsible for actual and statutory damages pursuant to 15 U.S.C. ' 1640(a).

Please feel free to contact my attorney, Mr. Thomas Wilcox, Attorney at Law, 1020 19th Street, N.W., Ste. 400, Washington, DC 20036, office phone 202-223-0090, regarding this letter

Sincerely yours,

Timothy A. Cotten

Cc: Kathleen Arnold
    9543 North Side Drive
    Owings, MD 20736

E.5

2

August 6, 2006

VIA U. S. Postal Services Certified Return Receipt

CitiMortgage Inc.
P.O. Box 183040
Columbus, OH 43218-3040

Re: Note and Mortgage for:
    9543 North Side Drive
    Owings, MD 20736
    Loan # 0626414260-2

Dear Sirs/Madams:

    The undersigned represents Mr. Timothy A. Cotten concerning the above-referenced loan into which was entered with Lehman F.S.B., on September 15, 2003.

    I am giving the authority of my counsel, Mr. Thomas Wilcox, to handle this transaction to rescind this mortgage and note and hereby exercise that right pursuant to "all" laws, State & Federal that grant the same consumer right of rescission that govern this type of financial and credit transaction or as otherwise would be applicable to my consumer rights thereof. This notice does not specify all applicable laws that would give rise to the same consumer right to rescind and is not to be considered a waiver of other applicable laws nor is this letter to constitute a comprehensive or complete list of applicable laws but instead cites the Federal Truth in Lending Act 15 U.S.C. ' 1625 (ATILA@), Regulation Z ' 226.23.

    I am exercising my extended rights to rescission as allowed by the applicable laws that govern this extended right to rescind for the following, but not limited to, key reasons:

    Clear and conspicuous notice of my right to cancel was never provided to me nor was I supplied a copy of the closing documents and material disclosures at the closing of this loan.

    The annual percentage rate, total finance charges, amount financed, total of all payments and payments schedule was not clearly disclosed and does not include the true cost of the credit.

    The amount financed was understated and the true cost of credit was not disclosed as is required by TILA. Accordingly, I was not given proper notice of my right to rescind, nor informed of the proper amount financed.

    Pursuant to the Regulation, you have twenty days after receipt of this notice of rescission to return to all monies paid in connection with this transaction.

E.6

1

Please be advised that if you do not return all consideration paid prior to the expiration of the loan commitment, you will be responsible for actual and statutory damages pursuant to 15 U.S.C. ' 1640(a).

Please feel free to contact my attorney, Mr. Thomas Wilcox, Attorney at Law, 1020 19th Street, N.W., Ste. 400, Washington, DC 20036, office phone 202-223-0090, regarding this letter

Sincerely yours,

Timothy A. Cotten

Cc: Kathleen Arnold
      9543 North Side Drive
      Owings, MD 20736

E.7

2

August 6, 2006

VIA U. S. Postal Services Certified Return Receipt

Aurora Loan Services Inc.
P.O. Box 1706
Scottsbluff, NE 69363-1706

Re: Note and Mortgage for:
    9543 North Side Drive
    Owings, MD 20736
    Loan # 0016108615

Dear Sirs/Madams:

    The undersigned represents Mr. Timothy A. Cotten concerning the above-referenced loan into which was entered with Lehman F.S.B., on September 15, 2003.

    I am giving the authority of my counsel, Mr. Thomas Wilcox, to handle this transaction to rescind this mortgage and note and hereby exercise that right pursuant to "all" laws, State & Federal that grant the same consumer right of rescission that govern this type of financial and credit transaction or as otherwise would be applicable to my consumer rights thereof. This notice does not specify all applicable laws that would give rise to the same consumer right to rescind and is not to be considered a waiver of other applicable laws nor is this letter to constitute a comprehensive or complete list of applicable laws but instead cites the Federal Truth in Lending Act 15 U.S.C. ' 1625 (ATILA@), Regulation Z ' 226.23.

    I am exercising my extended rights to rescission as allowed by the applicable laws that govern this extended right to rescind for the following, but not limited to, key reasons:

    Clear and conspicuous notice of my right to cancel was never provided to me nor was I supplied a copy of the closing documents and material disclosures at the closing of this loan.

    The annual percentage rate, total finance charges, amount financed, total of all payments and payments schedule was not clearly disclosed and does not include the true cost of the credit.

    The amount financed was understated and the true cost of credit was not disclosed as is required by TILA. Accordingly, I was not given proper notice of my right to rescind, nor informed of the proper amount financed.

    Pursuant to the Regulation, you have twenty days after receipt of this notice of rescission to return to all monies paid in connection with this transaction.

E.8

1

Please be advised that if you do not return all consideration paid prior to the expiration of the loan commitment, you will be responsible for actual and statutory damages pursuant to 15 U.S.C. ' 1640(a).

Please feel free to contact my attorney, Mr. Thomas Wilcox, Attorney at Law, 1020 19th Street, N.W., Ste. 400, Washington, DC 20036, office phone 202-223-0090, regarding this letter

Sincerely yours,

Timothy A. Cotten

Cc: Kathleen Arnold
    9543 North Side Drive
    Owings, MD 20736

E.9

2

August 6, 2006

VIA U. S. Postal Services Certified Return Receipt


Wells Fargo Home Mortgage, Inc.
1 Home Campus
Des Monies, IA 50328


Re: Note and Mortgage for:
     9543 North Side Drive
     Owings, MD 20736
     Loan # 5380758
     FHA 241-4909166-703

Dear Sirs/Madams:

     The undersigned represents Mr. Timothy A. Cotten concerning the above-referenced loan into which was entered with George Mason Mortgage Corporation, on March 24, 1998.

     I am giving the authority of my counsel, Mr. Thomas Wilcox, to handle this transaction to rescind this mortgage and note and hereby exercise that right pursuant to "all" laws, State & Federal that grant the same consumer right of rescission that govern this type of financial and credit transaction or as otherwise would be applicable to my consumer rights thereof. This notice does not specify all applicable laws that would give rise to the same consumer right to rescind and is not to be considered a waiver of other applicable laws nor is this letter to constitute a comprehensive or complete list of applicable laws but instead cites the Federal Truth in Lending Act 15 U.S.C. ' 1625 (ATILA@), Regulation Z ' 226.23.

     I am exercising my extended rights to rescission as allowed by the applicable laws that govern this extended right to rescind for the following, but not limited to, key reasons:

     The annual percentage rate, total finance charges, amount financed, total of all payments and payments schedule was not clearly disclosed and does not include the true cost of the credit.

     The amount financed was understated and the true cost of credit was not disclosed as is required by TILA. Accordingly, I was not given proper notice of my right to rescind, nor informed of the proper amount financed.

     Pursuant to the Regulation, you have twenty days after receipt of this notice of rescission to return to all monies paid in connection with this transaction.


E.10

1

Please be advised that if you do not return all consideration paid prior to the expiration of the loan commitment, you will be responsible for actual and statutory damages pursuant to 15 U.S.C. ' 1640(a).

Please feel free to contact my attorney, Mr. Thomas Wilcox, Attorney at Law, 1020 19th Street, N.W., Ste. 400, Washington, DC 20036, office phone 202-223-0090, regarding this letter

Sincerely yours,

Timothy A. Cotten

Cc: Kathleen Arnold
    9543 North Side Drive
    Owings, MD 20736

E.11                                                                      2

PRINCE FREDERICK
PRINCE FREDERICK, Maryland
206789998
1050050678 -0097
01/29/2009    (000)000-0000    12:51:10 PM

### Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| 42c Take Me Out to the Ball Game PSA | 10 | $0.42 | $4.20 |
| NEW YORK NY 10004 Zone-3 First-Class Letter 0.40 oz. | | | $0.42 |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |

Label #:    70081300000236921921
=========
Issue PVI:    $5.32
————————
Total:    $9.52

Paid by:
Cash    $20.00
Change Due:    -$10.48

Order stamps at USPS.com/shop or call
1-800-Stamp24. Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000301773999
Clerk: 04

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business
********************************
********************************
PICK UP A FREE
RECYCLING ENVELOPE
Take an envelope to recycle your inkjet
cartridge, cell phone or small electronics
free of charge!
********************************
********************************

********************************
********************************
HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS
********************************
********************************

Customer Copy

---

U.S. POSTAL SERVICE
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

NEW YORK NY 10004

OFFICIAL USE

| Postage | $ | $0.42 | 9678 |
| Certified Fee | | $2.70 | 04 |
| Return Receipt Fee (Endorsement Required) | | $2.20 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.32 | 01/29/2009 |

Sent To  US Bankruptcy Court Southern District N.Y.
Street, Apt. No.; or PO Box No.  one Bowling Green  Room 534
City, State, ZIP+4  NEW YORK, N.Y. 10004-1408

PS Form 3800, August 2006    See Reverse for instructions

E.12

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>LEHMAN BROTHERS HOLDING INC., et al., | Case Number:<br>08-13555 (JMP) |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Kathleen Arnold and Timothy A. Cotten, Creditors | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Kathleen Arnold and Timothy A. Cotten, Creditors<br>9543 North Side Drive, Owings, MD 20736<br><br>Telephone number:<br>(410) 257-5283 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>Kathleen Arnold and Timothy A. Cotten, Creditors<br>9543 North Side Drive, Owings, MD 20736<br><br>Telephone number:<br>(410) 257-5283 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:    $    50,000,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:    TILA, RESPA & FRAUD
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor:    4260

3a. Debtor may have scheduled account as:    UNSECURED
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property:$_____    Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>01/20/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Kathleen Arnold*    *Timothy A. Cotten*<br>Kathleen Arnold    Timothy A. Cotten | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

E. 13

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>LEHMAN BROTHERS HOLDING INC. et al., | Case Number:<br>08-13555 (JMP) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Kathleen Arnold and Timothy A. Cotten, Creditors | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Kathleen Arnold and Timothy A. Cotten, Creditors<br>9543 North Side Drive, Owings, MD 20736<br><br>Telephone number:<br>(410) 257-5283 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>Kathleen Arnold and Timothy A. Cotten, Creditors<br>9543 North Side Drive, Owings, MD 20736<br><br>Telephone number:<br>(410) 257-5283 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:        $                50,000,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim:    TILA, RESPA & FRAUD<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor:    4260 | |
| 3a. Debtor may have scheduled account as:   UNSECURED<br>(See instruction #3a on reverse side.) | |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br><br>Value of Property:$_____  Annual Interest Rate____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____  Basis for perfection: _____<br><br>Amount of Secured Claim: $_____  Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>01/20/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Kathleen Arnold*    *Timothy A. Cotten*<br>KathLeen ArnoLd    Timothy A.Cotten | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

E.14