**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
Matthew J. Gold
551 Fifth Avenue, 18th Floor
New York, NY 10176
(212) 986-6000
Counsel for Elliott Management Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
                                                   :
In re:                                             :      Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS, INC., et al.,            :      Case No. 08-13555 (JMP)
                                                   :
                                    Debtors.       :      (Jointly Administered)
                                                   :
-------------------------------------------------- x
```

## DECLARATION OF JONATHAN POLLOCK

I, Jonathan Pollock, hereby declare:

1.     I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.

2.     I submit this Declaration in support of the Motion of Elliott Management Corp., Elliott Associates, L.P., Elliott International, L.P., and each of their affiliates ("Elliott") for an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtor Upon Establishment of a Screening Wall (the "Motion").  Further, I submit this Declaration to advise the United States Trustee for the Southern District of New York of (i) the information blocking procedures designed to prevent trading personnel and investment advisory personnel of Elliott from receiving any non-public information concerning the chapter 11 cases of the above-captioned debtors (the "Debtors") through Elliott personnel, representatives or agents ("Elliott Committee Personnel") performing activities related to the

Official Committee of Unsecured Creditors (the "Committee") in the Debtors' chapter 11 cases

(the "Chapter 11 Cases") and (ii) to prevent Elliott Committee Personnel from receiving

information regarding Elliott's trading in Covered Claims[1] in advance of trading.

     3.     I am Global Head of Situational Investing of Elliott, which (i) serves as an

investment adviser on behalf of certain client accounts that beneficially own securities or other

claims or interests in the Chapter 11 Cases and/or (ii) beneficially owns such securities, claims or

interests, in its own name or in the name of one of more funds or accounts.  In that capacity, I am

a representative that serves on committees in out-of-court restructurings and chapter 11

reorganization cases.

     4.     In conjunction with Elliott's existing information blocking procedures and this

Declaration, Elliott has established and will maintain the following internal procedures: (i) Elliott

Committee Personnel shall execute a letter (a "Confidentiality Letter") acknowledging that they

may receive such non-public Information (as defined below) and that they are aware of the

information blocking procedures that are in effect with respect to the Covered Claims and will

follow these procedures and will immediately inform Committee counsel and the United States

Trustee in writing if such procedures are materially breached; (ii) subject to paragraph 4 hereof,

Elliott Committee Personnel will not directly or indirectly share any non-public information

generated by, received from or relating to Committee activities or Committee membership

("Information") with any other employees, representatives or agents of Elliott, including Elliott's

trading personnel and investment advisory personnel, and Elliott Committee Personnel shall use

good faith efforts not to share any material Information concerning these Chapter 11 Cases with

any Elliott employee reasonably known to be engaged in trading activities with respect to the

---

[1]    "Covered Claims" is used to mean any claims against the Debtors, including (i) "Securities" as defined in
Section 2(a)(1) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation
in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank
debt.

Covered Claims on behalf of Elliott and/or its clients, except that a good faith communication of

publicly available Information shall not be presumed to be a breach of the obligations of Elliott

or any Elliott Committee Personnel hereunder; (iii) Elliott Committee Personnel will maintain all

files containing information received in connection with or generated from committee activities

in secured cabinets inaccessible to other employees of Elliott or in other locations inaccessible to

other employees of Elliott; (iv) Elliott Committee Personnel will not receive any information

regarding Elliott's trades in the Covered Claims in advance of the execution of such trades, but

Elliott Committee Personnel may receive trading reports showing Elliott's purchases and sales

and ownership of the Covered Claims but no more frequently than bi-weekly (provided that

Elliott Committee Personnel may receive the usual and customary internal reports showing

Elliott's purchases and sales on behalf of Elliott or its clients and the amount and class of claims,

interests or securities owned by Elliott or its clients to the extent that such personnel would

otherwise receive such reports in the ordinary course and such reports are not specifically

prepared with respect to the Debtors); (v) Elliott's compliance personnel shall review on a

weekly basis Elliott's trades of the Covered Claims to determine if there is any reason to believe

that such trades were not made in compliance with the information blocking procedures and shall

keep records of such review; (vi) Elliott compliance personnel shall periodically monitor,

consistent with Elliott's ordinary course compliance practice, the exchange of Information

through electronic means among Elliott Committee Personnel to ensure that such exchanges are

performed in a manner consistent with the foregoing procedures; (vii) so long as Elliott is a

member of the Committee, it shall disclose to the Office of the United States Trustee in writing

any decrease in dollar amount of the Covered Claims held by Elliott and in clients' accounts at

Elliott that results in such holdings being less than 1/3 of the aggregate holdings of Elliott and in

clients' accounts at Elliott as of the date of Elliott's appointment to the Committee and any

3

increase in dollar amount of the Covered Claims held by Elliott and in clients' accounts at Elliott

that results in an increase in aggregate holdings of more than 2/3 of the aggregate holdings of

Elliott and its clients' accounts at Elliott as of the date of Elliott's appointment to the Committee,

within 10 business days of such trade or trades aggregating the foregoing amount; (viii) so long

as Elliott is a member of the Committee, it shall disclose to the Committee counsel and the

United States Trustee every 6 months a declaration verifying continued compliance with the

procedures described herein; and (ix) Elliott shall immediately disclose to the Committee's

counsel and the United States Trustee any material breaches of the procedures described herein.

If Elliott resigns from the Committee for any reason, Elliott will continue to follow the

procedures set forth in clauses (i) through (iii), (v), (vi) and (ix) above until a plan has been

confirmed in the Debtors' Chapter 11 Cases or the Chapter 11 Cases have been converted or

dismissed.

5.      Notwithstanding any of the above, Elliott Committee Personnel may share

Information with (a) senior management of Elliott who, due to their duties and responsibilities,

have a legitimate need to know such Information provided that such individuals (i) otherwise

comply with the procedures herein and (ii) use such Information only in connection with their

senior managerial responsibilities, (b) regulators, auditors, designated legal and compliance

personnel for the purpose of rendering legal advice to the Elliott Committee Personnel, and to the

extent that such Information may be accessible by internal computer systems, Elliott

administrative personnel who service and maintain such systems, each of whom will agree not to

share Information with other employees and will keep such Information in files (or in other

locations) inaccessible to other employees, and (c) other Elliott employees, representatives and

agents who (i) are not involved with trading or investment advisory activities with respect to the

Covered Claims and (ii) execute a Confidentiality Letter.

4

6.      The Elliott Committee Personnel assigned to the Debtors' chapter 11 cases will be myself and Didric Cederholm, who is a Portfolio Manager of Elliott, Dave Miller, who is a Portfolio Manager of Elliott, Lee Grinberg, who is an Analyst of Elliott, and Austin Camporin, who is an Analyst of Elliott, each of whom will submit a separate Declaration affirming his intention to comply with the screening procedures described herein.  In the event any other individual Elliott representative is chosen to act as a Committee representative on behalf of Elliott in the Debtors' chapter 11 cases, such individual will also submit a Declaration affirming his intention to comply with the screening procedures described herein prior to accepting any responsibilities in connection therewith.

7.      I declare under penalty of perjury that the foregoing is true and correct.

Dated: March __, 2010

Jonathan Pollock

MGOLD\161253.3 - 2/25/10

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
Matthew J. Gold
551 Fifth Avenue, 18th Floor
New York, NY 10176
(212) 986-6000
Counsel for Elliott Management Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS, INC., *et al.*, : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------ x

## DECLARATION OF DIDRIC CEDERHOLM

I, Didric Cederholm, hereby declare:

1.      I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.

2.      I submit this Declaration in support of the Motion of Elliott Management Corp., Elliott Associates, L.P., Elliott International, L.P., and each of their affiliates ("Elliott") for an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtor Upon Establishment of a Screening Wall (the "Motion"). Further, I submit this Declaration to advise the United States Trustee for the Southern District of New York of (i) the information blocking procedures designed to prevent trading personnel and investment advisory personnel of Elliott from receiving any non-public information concerning the chapter 11 cases of the above-captioned debtors (the "Debtors") through Elliott personnel, representatives or agents ("Elliott Committee Personnel") performing activities related to the

MGOLD\161497.2 - 2/23/10

Official Committee of Unsecured Creditors (the "Committee") in the Debtors' chapter 11 cases

(the "Chapter 11 Cases") and (ii) to prevent Elliott Committee Personnel from receiving

information regarding Elliott's trading in Covered Claims[1] in advance of trading.

3.    I am a Portfolio Manager of Elliott, which (i) serves as an investment adviser on

behalf of certain client accounts that beneficially own securities or other claims or interests in the

Chapter 11 Cases and/or (ii) beneficially owns such securities, claims or interests, in its own

name or in the name of one of more funds or accounts. In that capacity, I am a representative

that serves on committees in out-of-court restructurings and chapter 11 reorganization cases.

4.    In conjunction with Elliott's existing information blocking procedures and this

Declaration, Elliott has established and will maintain the following internal procedures: (i) Elliott

Committee Personnel shall execute a letter (a "Confidentiality Letter") acknowledging that they

may receive such non-public Information (as defined below) and that they are aware of the

information blocking procedures that are in effect with respect to the Covered Claims and will

follow these procedures and will immediately inform Committee counsel and the United States

Trustee in writing if such procedures are materially breached; (ii) subject to paragraph 4 hereof,

Elliott Committee Personnel will not directly or indirectly share any non-public information

generated by, received from or relating to Committee activities or Committee membership

("Information") with any other employees, representatives or agents of Elliott, including Elliott's

trading personnel and investment advisory personnel, and Elliott Committee Personnel shall use

good faith efforts not to share any material Information concerning these Chapter 11 Cases with

any Elliott employee reasonably known to be engaged in trading activities with respect to the

Covered Claims on behalf of Elliott and/or its clients, except that a good faith communication of

---

[1]    "Covered Claims" is used to mean any claims against the Debtors, including (i) "Securities" as defined in
Section 2(a)(1) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation
in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank
debt.

2

publicly available Information shall not be presumed to be a breach of the obligations of Elliott or any Elliott Committee Personnel hereunder; (iii) Elliott Committee Personnel will maintain all files containing information received in connection with or generated from committee activities in secured cabinets inaccessible to other employees of Elliott or in other locations inaccessible to other employees of Elliott; (iv) Elliott Committee Personnel will not receive any information regarding Elliott's trades in the Covered Claims in advance of the execution of such trades, but Elliott Committee Personnel may receive trading reports showing Elliott's purchases and sales and ownership of the Covered Claims but no more frequently than bi-weekly (provided that Elliott Committee Personnel may receive the usual and customary internal reports showing Elliott's purchases and sales on behalf of Elliott or its clients and the amount and class of claims, interests or securities owned by Elliott or its clients to the extent that such personnel would otherwise receive such reports in the ordinary course and such reports are not specifically prepared with respect to the Debtors); (v) Elliott's compliance personnel shall review on a weekly basis Elliott's trades of the Covered Claims to determine if there is any reason to believe that such trades were not made in compliance with the information blocking procedures and shall keep records of such review; (vi) Elliott compliance personnel shall periodically monitor, consistent with Elliott's ordinary course compliance practice, the exchange of Information through electronic means among Elliott Committee Personnel to ensure that such exchanges are performed in a manner consistent with the foregoing procedures; (vii) so long as Elliott is a member of the Committee, it shall disclose to the Office of the United States Trustee in writing any decrease in dollar amount of the Covered Claims held by Elliott and in clients' accounts at Elliott that results in such holdings being less than 1/3 of the aggregate holdings of Elliott and in clients' accounts at Elliott as of the date of Elliott's appointment to the Committee and any increase in dollar amount of the Covered Claims held by Elliott and in clients' accounts at Elliott

3

that results in an increase in aggregate holdings of more than 2/3 of the aggregate holdings of Elliott and its clients' accounts at Elliott as of the date of Elliott's appointment to the Committee, within 10 business days of such trade or trades aggregating the foregoing amount; (viii) so long as Elliott is a member of the Committee, it shall disclose to the Committee counsel and the United States Trustee every 6 months a declaration verifying continued compliance with the procedures described herein; and (ix) Elliott shall immediately disclose to the Committee's counsel and the United States Trustee any material breaches of the procedures described herein. If Elliott resigns from the Committee for any reason, Elliott will continue to follow the procedures set forth in clauses (i) through (iii), (v), (vi) and (ix) above until a plan has been confirmed in the Debtors' Chapter 11 Cases or the Chapter 11 Cases have been converted or dismissed.

    5.    Notwithstanding any of the above, Elliott Committee Personnel may share Information with (a) senior management of Elliott who, due to their duties and responsibilities, have a legitimate need to know such Information provided that such individuals (i) otherwise comply with the procedures herein and (ii) use such Information only in connection with their senior managerial responsibilities, (b) regulators, auditors, designated legal and compliance personnel for the purpose of rendering legal advice to the Elliott Committee Personnel, and to the extent that such Information may be accessible by internal computer systems, Elliott administrative personnel who service and maintain such systems, each of whom will agree not to share Information with other employees and will keep such Information in files (or in other locations) inaccessible to other employees, and (c) other Elliott employees, representatives and agents who (i) are not involved with trading or investment advisory activities with respect to the Covered Claims and (ii) execute a Confidentiality Letter.

4

6.      The Elliott Committee Personnel assigned to the Debtors' chapter 11 cases will be myself and Jon Pollock, who is Global Head of Situational Investing of Elliott, Dave Miller, who is a Portfolio Manager of Elliott, Lee Grinberg, who is an Analyst of Elliott, and Austin Camporin, who is an Analyst of Elliott, each of whom will submit a separate Declaration affirming his intention to comply with the screening procedures described herein. In the event any other individual Elliott representative is chosen to act as a Committee representative on behalf of Elliott in the Debtors' chapter 11 cases, such individual will also submit a Declaration affirming his intention to comply with the screening procedures described herein prior to accepting any responsibilities in connection therewith.

7.      I declare under penalty of perjury that the foregoing is true and correct.

Dated: March __1__, 2010


_____
Didric Cederholm

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
Matthew J. Gold
551 Fifth Avenue, 18th Floor
New York, NY  10176
(212) 986-6000
Counsel for Elliott Management Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                  :
In re:                            :      Chapter 11
                                  :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,  :      Case No. 08-13555 (JMP)
                                  :
                    Debtors.        :      (Jointly Administered)
                                  :
-------------------------------------------------------------- x

## DECLARATION OF DAVE MILLER

       I, Dave Miller, hereby declare:

       1.      I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.

       2.      I submit this Declaration in support of the Motion of Elliott Management Corp., Elliott Associates, L.P., Elliott International, L.P., and each of their affiliates ("Elliott") for an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtor Upon Establishment of a Screening Wall (the "Motion").  Further, I submit this Declaration to advise the United States Trustee for the Southern District of New York of (i) the information blocking procedures designed to prevent trading personnel and investment advisory personnel of Elliott from receiving any non-public information concerning the chapter 11 cases of the above-captioned debtors (the "Debtors") through Elliott personnel, representatives or agents ("Elliott Committee Personnel") performing activities related to the

MGOLD\161500.3 - 3/3/10

Official Committee of Unsecured Creditors (the "Committee") in the Debtors' chapter 11 cases

(the "Chapter 11 Cases") and (ii) to prevent Elliott Committee Personnel from receiving

information regarding Elliott's trading in Covered Claims[1] in advance of trading.

3.      I am a Portfolio Manager of Elliott, which (i) serves as an investment adviser on

behalf of certain client accounts that beneficially own securities or other claims or interests in the

Chapter 11 Cases and/or (ii) beneficially owns such securities, claims or interests, in its own

name or in the name of one of more funds or accounts.  In that capacity, I am a representative

that serves on committees in out-of-court restructurings and chapter 11 reorganization cases.

4.      In conjunction with Elliott's existing information blocking procedures and this

Declaration, Elliott has established and will maintain the following internal procedures: (i) Elliott

Committee Personnel shall execute a letter (a "Confidentiality Letter") acknowledging that they

may receive such non-public Information (as defined below) and that they are aware of the

information blocking procedures that are in effect with respect to the Covered Claims and will

follow these procedures and will immediately inform Committee counsel and the United States

Trustee in writing if such procedures are materially breached; (ii) subject to paragraph 4 hereof,

Elliott Committee Personnel will not directly or indirectly share any non-public information

generated by, received from or relating to Committee activities or Committee membership

("Information") with any other employees, representatives or agents of Elliott, including Elliott's

trading personnel and investment advisory personnel, and Elliott Committee Personnel shall use

good faith efforts not to share any material Information concerning these Chapter 11 Cases with

any Elliott employee reasonably known to be engaged in trading activities with respect to the

Covered Claims on behalf of Elliott and/or its clients, except that a good faith communication of

---

[1]      "Covered Claims" is used to mean any claims against the Debtors, including (i) "Securities" as defined in
Section 2(a)(1) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation
in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank
debt.

2

publicly available Information shall not be presumed to be a breach of the obligations of Elliott

or any Elliott Committee Personnel hereunder; (iii) Elliott Committee Personnel will maintain all

files containing information received in connection with or generated from committee activities

in secured cabinets inaccessible to other employees of Elliott or in other locations inaccessible to

other employees of Elliott; (iv) Elliott Committee Personnel will not receive any information

regarding Elliott's trades in the Covered Claims in advance of the execution of such trades, but

Elliott Committee Personnel may receive trading reports showing Elliott's purchases and sales

and ownership of the Covered Claims but no more frequently than bi-weekly (provided that

Elliott Committee Personnel may receive the usual and customary internal reports showing

Elliott's purchases and sales on behalf of Elliott or its clients and the amount and class of claims,

interests or securities owned by Elliott or its clients to the extent that such personnel would

otherwise receive such reports in the ordinary course and such reports are not specifically

prepared with respect to the Debtors); (v) Elliott's compliance personnel shall review on a

weekly basis Elliott's trades of the Covered Claims to determine if there is any reason to believe

that such trades were not made in compliance with the information blocking procedures and shall

keep records of such review; (vi) Elliott compliance personnel shall periodically monitor,

consistent with Elliott's ordinary course compliance practice, the exchange of Information

through electronic means among Elliott Committee Personnel to ensure that such exchanges are

performed in a manner consistent with the foregoing procedures; (vii) so long as Elliott is a

member of the Committee, it shall disclose to the Office of the United States Trustee in writing

any decrease in dollar amount of the Covered Claims held by Elliott and in clients' accounts at

Elliott that results in such holdings being less than 1/3 of the aggregate holdings of Elliott and in

clients' accounts at Elliott as of the date of Elliott's appointment to the Committee and any

increase in dollar amount of the Covered Claims held by Elliott and in clients' accounts at Elliott

that results in an increase in aggregate holdings of more than 2/3 of the aggregate holdings of

Elliott and its clients' accounts at Elliott as of the date of Elliott's appointment to the Committee,

within 10 business days of such trade or trades aggregating the foregoing amount; (viii) so long

as Elliott is a member of the Committee, it shall disclose to the Committee counsel and the

United States Trustee every 6 months a declaration verifying continued compliance with the

procedures described herein; and (ix) Elliott shall immediately disclose to the Committee's

counsel and the United States Trustee any material breaches of the procedures described herein.

If Elliott resigns from the Committee for any reason, Elliott will continue to follow the

procedures set forth in clauses (i) through (iii), (v), (vi) and (ix) above until a plan has been

confirmed in the Debtors' Chapter 11 Cases or the Chapter 11 Cases have been converted or

dismissed.

5.      Notwithstanding any of the above, Elliott Committee Personnel may share

Information with (a) senior management of Elliott who, due to their duties and responsibilities,

have a legitimate need to know such Information provided that such individuals (i) otherwise

comply with the procedures herein and (ii) use such Information only in connection with their

senior managerial responsibilities, (b) regulators, auditors, designated legal and compliance

personnel for the purpose of rendering legal advice to the Elliott Committee Personnel, and to the

extent that such Information may be accessible by internal computer systems, Elliott

administrative personnel who service and maintain such systems, each of whom will agree not to

share Information with other employees and will keep such Information in files (or in other

locations) inaccessible to other employees, and (c) other Elliott employees, representatives and

agents who (i) are not involved with trading or investment advisory activities with respect to the

Covered Claims and (ii) execute a Confidentiality Letter.

4

6.      The Elliott Committee Personnel assigned to the Debtors' chapter 11 cases will be myself and Jon Pollock, who is Global Head of Situational Investing of Elliott, Didric Cederholm, who is a Portfolio Manager of Elliott, Lee Grinberg, who is an Analyst of Elliott, and Austin Camporin, who is an Analyst of Elliott, each of whom will submit a separate Declaration affirming his intention to comply with the screening procedures described herein.  In the event any other individual Elliott representative is chosen to act as a Committee representative on behalf of Elliott in the Debtors' chapter 11 cases, such individual will also submit a Declaration affirming his intention to comply with the screening procedures described herein prior to accepting any responsibilities in connection therewith.

7.      I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2010


/s/ Dave Miller
Dave Miller

MGOLD\161500.3 - 3/3/10

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
Matthew J. Gold
551 Fifth Avenue, 18th Floor
New York, NY 10176
(212) 986-6000
Counsel for Elliott Management Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------  x
                                                        :
In re:                                                  :      Chapter 11
                                                        :
LEHMAN BROTHERS HOLDINGS, INC., et al.,                 :      Case No. 08-13555 (JMP)
                                                        :
                    Debtors.                            :      (Jointly Administered)
                                                        :
------------------------------------------------------  x
```

## DECLARATION OF LEE GRINBERG

I, Lee Grinberg, hereby declare:

1.      I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.

2.      I submit this Declaration in support of the Motion of Elliott Management Corp., Elliott Associates, L.P., Elliott International, L.P., and each of their affiliates ("Elliott") for an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtor Upon Establishment of a Screening Wall (the "Motion"). Further, I submit this Declaration to advise the United States Trustee for the Southern District of New York of (i) the information blocking procedures designed to prevent trading personnel and investment advisory personnel of Elliott from receiving any non-public information concerning the chapter 11 cases of the above-captioned debtors (the "Debtors") through Elliott personnel, representatives or agents ("Elliott Committee Personnel") performing activities related to the

Official Committee of Unsecured Creditors (the "Committee") in the Debtors' chapter 11 cases
(the "Chapter 11 Cases") and (ii) to prevent Elliott Committee Personnel from receiving
information regarding Elliott's trading in Covered Claims[1] in advance of trading.

3.    I am an Analyst of Elliott, which (i) serves as an investment adviser on behalf of
certain client accounts that beneficially own securities or other claims or interests in the Chapter
11 Cases and/or (ii) beneficially owns such securities, claims or interests, in its own name or in
the name of one of more funds or accounts.  In that capacity, I am a representative that serves on
committees in out-of-court restructurings and chapter 11 reorganization cases.

4.    In conjunction with Elliott's existing information blocking procedures and this
Declaration, Elliott has established and will maintain the following internal procedures: (i) Elliott
Committee Personnel shall execute a letter (a "Confidentiality Letter") acknowledging that they
may receive such non-public Information (as defined below) and that they are aware of the
information blocking procedures that are in effect with respect to the Covered Claims and will
follow these procedures and will immediately inform Committee counsel and the United States
Trustee in writing if such procedures are materially breached; (ii) subject to paragraph 4 hereof,
Elliott Committee Personnel will not directly or indirectly share any non-public information
generated by, received from or relating to Committee activities or Committee membership
("Information") with any other employees, representatives or agents of Elliott, including Elliott's
trading personnel and investment advisory personnel, and Elliott Committee Personnel shall use
good faith efforts not to share any material Information concerning these Chapter 11 Cases with
any Elliott employee reasonably known to be engaged in trading activities with respect to the
Covered Claims on behalf of Elliott and/or its clients, except that a good faith communication of

---

[1]    "Covered Claims" is used to mean any claims against the Debtors, including (i) "Securities" as defined in
Section 2(a)(1) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation
in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank
debt.

publicly available Information shall not be presumed to be a breach of the obligations of Elliott

or any Elliott Committee Personnel hereunder; (iii) Elliott Committee Personnel will maintain all

files containing information received in connection with or generated from committee activities

in secured cabinets inaccessible to other employees of Elliott or in other locations inaccessible to

other employees of Elliott; (iv) Elliott Committee Personnel will not receive any information

regarding Elliott's trades in the Covered Claims in advance of the execution of such trades, but

Elliott Committee Personnel may receive trading reports showing Elliott's purchases and sales

and ownership of the Covered Claims but no more frequently than bi-weekly (provided that

Elliott Committee Personnel may receive the usual and customary internal reports showing

Elliott's purchases and sales on behalf of Elliott or its clients and the amount and class of claims,

interests or securities owned by Elliott or its clients to the extent that such personnel would

otherwise receive such reports in the ordinary course and such reports are not specifically

prepared with respect to the Debtors); (v) Elliott's compliance personnel shall review on a

weekly basis Elliott's trades of the Covered Claims to determine if there is any reason to believe

that such trades were not made in compliance with the information blocking procedures and shall

keep records of such review; (vi) Elliott compliance personnel shall periodically monitor,

consistent with Elliott's ordinary course compliance practice, the exchange of Information

through electronic means among Elliott Committee Personnel to ensure that such exchanges are

performed in a manner consistent with the foregoing procedures; (vii) so long as Elliott is a

member of the Committee, it shall disclose to the Office of the United States Trustee in writing

any decrease in dollar amount of the Covered Claims held by Elliott and in clients' accounts at

Elliott that results in such holdings being less than 1/3 of the aggregate holdings of Elliott and in

clients' accounts at Elliott as of the date of Elliott's appointment to the Committee and any

increase in dollar amount of the Covered Claims held by Elliott and in clients' accounts at Elliott

that results in an increase in aggregate holdings of more than 2/3 of the aggregate holdings of
Elliott and its clients' accounts at Elliott as of the date of Elliott's appointment to the Committee,
within 10 business days of such trade or trades aggregating the foregoing amount; (viii) so long
as Elliott is a member of the Committee, it shall disclose to the Committee counsel and the
United States Trustee every 6 months a declaration verifying continued compliance with the
procedures described herein; and (ix) Elliott shall immediately disclose to the Committee's
counsel and the United States Trustee any material breaches of the procedures described herein.
If Elliott resigns from the Committee for any reason, Elliott will continue to follow the
procedures set forth in clauses (i) through (iii), (v), (vi) and (ix) above until a plan has been
confirmed in the Debtors' Chapter 11 Cases or the Chapter 11 Cases have been converted or
dismissed.

5.    Notwithstanding any of the above, Elliott Committee Personnel may share
Information with (a) senior management of Elliott who, due to their duties and responsibilities,
have a legitimate need to know such Information provided that such individuals (i) otherwise
comply with the procedures herein and (ii) use such Information only in connection with their
senior managerial responsibilities, (b) regulators, auditors, designated legal and compliance
personnel for the purpose of rendering legal advice to the Elliott Committee Personnel, and to the
extent that such Information may be accessible by internal computer systems, Elliott
administrative personnel who service and maintain such systems, each of whom will agree not to
share Information with other employees and will keep such Information in files (or in other
locations) inaccessible to other employees, and (c) other Elliott employees, representatives and
agents who (i) are not involved with trading or investment advisory activities with respect to the
Covered Claims and (ii) execute a Confidentiality Letter.

MGOLD\161501.2 - 2/23/10

6.      The Elliott Committee Personnel assigned to the Debtors' chapter 11 cases will be myself and Jon Pollock, who is Global Head of Situational Investing of Elliott, Didric Cederholm, who is a Portfolio Manager of Elliott, Dave Miller, who is a Portfolio Manager of Elliott, and Austin Camporin, who is an Analyst of Elliott, each of whom will submit a separate Declaration affirming his intention to comply with the screening procedures described herein.  In the event any other individual Elliott representative is chosen to act as a Committee representative on behalf of Elliott in the Debtors' chapter 11 cases, such individual will also submit a Declaration affirming his intention to comply with the screening procedures described herein prior to accepting any responsibilities in connection therewith.

7.      I declare under penalty of perjury that the foregoing is true and correct.

Dated: February ⎯25⎯, 2010

_____
Lee Grinberg

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
Matthew J. Gold
551 Fifth Avenue, 18th Floor
New York, NY 10176
(212) 986-6000
Counsel for Elliott Management Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
                                                 :

In re:                                  :      Chapter 11

LEHMAN BROTHERS HOLDINGS, INC., *et al.*,  :      Case No. 08-13555 (JMP)

                   Debtors.       :      (Jointly Administered)

-------------------------------------------------------- x

### DECLARATION OF AUSTIN CAMPORIN

I, Austin Camporin, hereby declare:

1.     I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.

2.     I submit this Declaration in support of the Motion of Elliott Management Corp., Elliott Associates, L.P., Elliott International, L.P., and each of their affiliates ("Elliott") for an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtor Upon Establishment of a Screening Wall (the "Motion"). Further, I submit this Declaration to advise the United States Trustee for the Southern District of New York of (i) the information blocking procedures designed to prevent trading personnel and investment advisory personnel of Elliott from receiving any non-public information concerning the chapter 11 cases of the above-captioned debtors (the "Debtors") through Elliott personnel, representatives or agents ("Elliott Committee Personnel") performing activities related to the

Official Committee of Unsecured Creditors (the "Committee") in the Debtors' chapter 11 cases
(the "Chapter 11 Cases") and (ii) to prevent Elliott Committee Personnel from receiving
information regarding Elliott's trading in Covered Claims[1] in advance of trading.

3.    I am an Analyst of Elliott, which (i) serves as an investment adviser on behalf of
certain client accounts that beneficially own securities or other claims or interests in the Chapter
11 Cases and/or (ii) beneficially owns such securities, claims or interests, in its own name or in
the name of one of more funds or accounts.  In that capacity, I am a representative that serves on
committees in out-of-court restructurings and chapter 11 reorganization cases.

4.    In conjunction with Elliott's existing information blocking procedures and this
Declaration, Elliott has established and will maintain the following internal procedures: (i) Elliott
Committee Personnel shall execute a letter (a "Confidentiality Letter") acknowledging that they
may receive such non-public Information (as defined below) and that they are aware of the
information blocking procedures that are in effect with respect to the Covered Claims and will
follow these procedures and will immediately inform Committee counsel and the United States
Trustee in writing if such procedures are materially breached; (ii) subject to paragraph 4 hereof,
Elliott Committee Personnel will not directly or indirectly share any non-public information
generated by, received from or relating to Committee activities or Committee membership
("Information") with any other employees, representatives or agents of Elliott, including Elliott's
trading personnel and investment advisory personnel, and Elliott Committee Personnel shall use
good faith efforts not to share any material Information concerning these Chapter 11 Cases with
any Elliott employee reasonably known to be engaged in trading activities with respect to the
Covered Claims on behalf of Elliott and/or its clients, except that a good faith communication of

---

[1]        "Covered Claims" is used to mean any claims against the Debtors, including (i) "Securities" as defined in
Section 2(a)(1) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures, participation
in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank
debt.

publicly available Information shall not be presumed to be a breach of the obligations of Elliott

or any Elliott Committee Personnel hereunder; (iii) Elliott Committee Personnel will maintain all

files containing information received in connection with or generated from committee activities

in secured cabinets inaccessible to other employees of Elliott or in other locations inaccessible to

other employees of Elliott; (iv) Elliott Committee Personnel will not receive any information

regarding Elliott's trades in the Covered Claims in advance of the execution of such trades, but

Elliott Committee Personnel may receive trading reports showing Elliott's purchases and sales

and ownership of the Covered Claims but no more frequently than bi-weekly (provided that

Elliott Committee Personnel may receive the usual and customary internal reports showing

Elliott's purchases and sales on behalf of Elliott or its clients and the amount and class of claims,

interests or securities owned by Elliott or its clients to the extent that such personnel would

otherwise receive such reports in the ordinary course and such reports are not specifically

prepared with respect to the Debtors); (v) Elliott's compliance personnel shall review on a

weekly basis Elliott's trades of the Covered Claims to determine if there is any reason to believe

that such trades were not made in compliance with the information blocking procedures and shall

keep records of such review; (vi) Elliott compliance personnel shall periodically monitor,

consistent with Elliott's ordinary course compliance practice, the exchange of Information

through electronic means among Elliott Committee Personnel to ensure that such exchanges are

performed in a manner consistent with the foregoing procedures; (vii) so long as Elliott is a

member of the Committee, it shall disclose to the Office of the United States Trustee in writing

any decrease in dollar amount of the Covered Claims held by Elliott and in clients' accounts at

Elliott that results in such holdings being less than 1/3 of the aggregate holdings of Elliott and in

clients' accounts at Elliott as of the date of Elliott's appointment to the Committee and any

increase in dollar amount of the Covered Claims held by Elliott and in clients' accounts at Elliott

3

that results in an increase in aggregate holdings of more than 2/3 of the aggregate holdings of

Elliott and its clients' accounts at Elliott as of the date of Elliott's appointment to the Committee,

within 10 business days of such trade or trades aggregating the foregoing amount; (viii) so long

as Elliott is a member of the Committee, it shall disclose to the Committee counsel and the

United States Trustee every 6 months a declaration verifying continued compliance with the

procedures described herein; and (ix) Elliott shall immediately disclose to the Committee's

counsel and the United States Trustee any material breaches of the procedures described herein.

If Elliott resigns from the Committee for any reason, Elliott will continue to follow the

procedures set forth in clauses (i) through (iii), (v), (vi) and (ix) above until a plan has been

confirmed in the Debtors' Chapter 11 Cases or the Chapter 11 Cases have been converted or

dismissed.

5.      Notwithstanding any of the above, Elliott Committee Personnel may share

Information with (a) senior management of Elliott who, due to their duties and responsibilities,

have a legitimate need to know such Information provided that such individuals (i) otherwise

comply with the procedures herein and (ii) use such Information only in connection with their

senior managerial responsibilities, (b) regulators, auditors, designated legal and compliance

personnel for the purpose of rendering legal advice to the Elliott Committee Personnel, and to the

extent that such Information may be accessible by internal computer systems, Elliott

administrative personnel who service and maintain such systems, each of whom will agree not to

share Information with other employees and will keep such Information in files (or in other

locations) inaccessible to other employees, and (c) other Elliott employees, representatives and

agents who (i) are not involved with trading or investment advisory activities with respect to the

Covered Claims and (ii) execute a Confidentiality Letter.

MGOLD\161978.1 - 2/25/10

6.    The Elliott Committee Personnel assigned to the Debtors' chapter 11 cases will be myself and Jon Pollock, who is Global Head of Situational Investing of Elliott, Dave Miller, who is a Portfolio Manager of Elliott, Didric Cederholm, who is a Portfolio Manager of Elliott, and Lee Grinberg, who is an Analyst of Elliott, each of whom will submit a separate Declaration affirming his intention to comply with the screening procedures described herein.  In the event any other individual Elliott representative is chosen to act as a Committee representative on behalf of Elliott in the Debtors' chapter 11 cases, such individual will also submit a Declaration affirming his intention to comply with the screening procedures described herein prior to accepting any responsibilities in connection therewith.

7.    I declare under penalty of perjury that the foregoing is true and correct.

Dated: March  /  , 2010

Austin Camporin