UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                                :
In re:                                                          :     Chapter 11
                                                                :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,                       :     Case No. 08-13555 (JMP)
                                                                :
                                         Debtors.               :     (Jointly Administered)
                                                                :
----------------------------------------------------------------x

### ORDER APPROVING SPECIFIED INFORMATION BLOCKING PROCEDURES AND PERMITTING TRADING IN CLAIMS AGAINST THE DEBTORS UPON ESTABLISHMENT OF A SCREENING WALL

Upon the Motion (the "Motion") of Elliott Management Corp., Elliott Associates, L.P., Elliott International, L.P., and their affiliates ("Elliott"), a member of the Official Committee of Unsecured Creditors ("Committee") appointed in these chapter 11 cases (the "Chapter 11 Cases") concerning the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its counsel, for the entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), approving specified information blocking procedures and permitting trading in the Covered Claims (as defined below) in certain situations, and all exhibits attached thereto; and adequate notice of the Motion having been given; and the Motion having come on to be heard before the Court; and no objections to the Motion having been filed; and the Court being satisfied that the relief requested in the Motion is necessary and in the best interests of Elliott, the Committee, creditors, and the Debtors' estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.    The Motion is granted, subject to the terms and conditions of this Order.

2. The information blocking procedures established by Elliott described substantially in the Declarations of Jon Pollock, Didric Cederholm, Dave Miller, and Lee Grinberg annexed to the Motion as Exhibit A (the "Screening Wall Declarations"), which are designed to prevent the misuse of Committee information and which are acceptable to the Office of the United States Trustee or otherwise consistent with those policies and procedures, are hereby approved.

3. Elliott will not violate its duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, by trading in the Covered Claims during the pendency of the Debtors' Chapter 11 Cases, provided that Elliott establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declarations or otherwise approved in writing by the United States Trustee and ordered by the Court.

4. Should any entity related to or affiliated with the Debtor file a bankruptcy petition at any time after the entry of this Order, and should Elliott contemplate trading in that new debtor's Covered Claims, Elliott shall file additional disclosures articulating the informational blocking procedures that will be implemented by Elliott that are designed to prevent the misuse of Committee information. Such disclosures shall be accompanied by a proposed order, and if no objections to Elliott's disclosures are filed within ten (10) business days of the filing of such disclosures, the order may be entered by the Court. If objections are filed, then the Court may schedule a hearing on the matter.

5. For purposes of this Order, the term "Covered Claims" is used to mean any claims against the Debtors, including, without limitation, (i) "Securities" as defined in Section 2(a)(l) of the Securities Act of 1993 (including the following: stocks, notes, bonds, debentures,

participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank debt. Elliott's trading in the Covered Claims will not constitute a breach of this Order provided that it establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declaration or otherwise approved in writing by the Office of the United States Trustee.

6. In the event that any other individual Elliott representative is chosen to replace Elliott's representative(s) on the Committee, such individual will deliver to the U.S. Trustee a declaration affirming his or her compliance with the screening procedures described herein prior to accepting any responsibilities in connection with these Chapter 11 Cases.

7. Nothing in this Order shall prejudice the right of the United States Trustee to take such action as she deems appropriate in the case, including the removal of any Committee member pursuant to section 1102 of the Bankruptcy Code.

8. This Order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that a breach of fiduciary duty has occurred as a result of a defect in, or the ineffectiveness of, the implementation of the information blocking procedures herein approved.

Dated: New York, New York
      March ___, 2010

                                                              _____
                                                              UNITED STATES BANKRUPTCY JUDGE

3