UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
                                                            :          Chapter 11
In re                                                       :
                                                            :          Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :
                                                            :          (Jointly Administered)
                                    Debtors.                :
------------------------------------------------------------x

### BLOOMBERG L.P.'S RESPONSE TO THE EXAMINER'S MOTION TO ESTABLISH PROCEDURES TO UNSEAL THE EXAMINER'S REPORT

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Bloomberg L.P. ("Bloomberg") respectfully submits this Response (the "Response") to the Examiner's Motion to Establish Procedures to Unseal the Examiner's Report ("Procedures Motion"). In further support of its Response, Bloomberg respectfully represents:

### INTRODUCTION

1.      Bloomberg is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 731 Lexington Avenue, New York, New York. (Glasser Decl. ¶ 2.)[1] Among other things, Bloomberg operates Bloomberg News, a 24-hour global news service with more than 2,200 employees in 145 bureaus around the world. (Id. at ¶ 3.) In total, Bloomberg distributes news, information, and commentary to millions of people each day, and has published more than one hundred million stories. (Id. at ¶ 4.) Bloomberg is a party in interest in these cases, by virtue of its status as a creditor of Lehman (as

---

[1] References to "Glasser Decl." are to the Declaration of Charles J. Glasser, Jr., Esq., sworn to on March 4, 2010, and submitted herewith.

defined below).[2]  See 11 U.S.C. § 1109(b).  Furthermore, as a news organization that serves as

the eyes and ears of the public, Bloomberg has an interest in information of interest to the public.

2.     Accordingly, Bloomberg is gratified by the Examiner's statement that the Report

should be public, and supports his request that the Court establish procedures to unseal it.

Bloomberg also supports in large part the Examiner's proposed procedures.  Bloomberg

respectfully submits, however, as explained in greater detail below, that certain relatively modest

modifications to the proposed procedures would help ensure that the Examiner's report and other

papers filed with the Court are afforded the presumption of access that the law requires, and that

their non-confidential portions be disclosed in a timely manner.  Therefore, through this

Response, Bloomberg seeks the entry of modified proposed procedures on unsealing the

Examiner's Report (the "Amended Unsealing Procedures").

## BACKGROUND

3.     On February 8, 2010, Anton R. Valukas, Esq., the examiner (the "Examiner")

appointed for Lehman Brothers Holdings Inc. and its affiliated debtors (collectively, "Lehman")

in the above-captioned bankruptcy cases, filed a motion ([Docket No. 7022] the "Sealing

Motion") for an order permitting him to file temporarily under seal the report of his investigation

(the "Report").  The Report contains information the Examiner collected from various parties

(the "Producing Parties").  The Examiner requested permission to file the Report under seal to

provide the Producing Parties the opportunity to object to the disclosure of information that they

had provided ("Unsealing Objections").  (Sealing Motion.)

4.     Also on February 8, 2010, the Examiner filed the Procedures Motion, which set

forth proposed procedures (the "Unsealing Procedures") for the unsealing of his Report.

---

[2] Bloomberg was listed as a creditor on the Schedules of Assets and Liabilities of Lehman
Brothers Holdings Inc.  Furthermore, Bloomberg and certain of its affiliates have asserted claims
against Lehman Brothers Holdings Inc. and certain of its affiliates.

<u>DISCUSSION</u>

I.   THE FIRST AMENDMENT, COMMON LAW, AND THE BANKRUPTCY CODE
     ALL CREATE A STRONG PRESUMPTION OF PUBLIC ACCESS TO THE
     EXAMINER'S REPORT.

5.   Under the First Amendment and common law, there is a "strong presumption and public policy in favor of public access to court records." In re Food Mgmt. Group, LLC, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007) (citing cases); see also e.g., Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980) (First Amendment); Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988) (common law). "The public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved." Food Mgmt., 359 B.R. at 553. Indeed, Congress emphasized the importance of transparency in bankruptcy proceedings by codifying in 11 U.S.C. § 107 the presumption of access to bankruptcy court papers, with limited exceptions.

6.   The limited exceptions to the public's right of access to papers filed in bankruptcy court are to "protect an entity with respect to a trade secret or confidential research, development, or commercial information," to "protect a person with respect to scandalous or defamatory matter," and to "protect an individual . . . [from] disclosure of such information [that] would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(b) and (c). But a mere claim to need secrecy is insufficient to overcome the presumption of access: The proponent of secrecy bears the burden of demonstrating extraordinary circumstances or compelling need to overcome the strong presumption of access. See In re Fibermark, 330 B.R. 480, 496, 503-504 (Bankr. D. Vt. 2005) (holding that burden is on proponent of secrecy); Food Mgmt., 359 B.R. at 554 ("a judge must carefully and skeptically review sealing requests to insure there really is an extraordinary circumstance or compelling need to keep this material private") (internal quotation and citation

omitted); 2-107 COLLIER ON BANKRUPTCY ¶ 107.03 (16th ed. 2009) (application of the

exceptions "must be viewed as an extraordinary measure that is warranted only under rare

circumstances"). If a court finds that secrecy is necessary, the redactions must be narrowly-

tailored to provide disclosure to the greatest extent possible. See e.g., Press-Enterprise Co. v.

Super. Ct. of Cal., 464 U.S. 501, 510 (1984); U.S. v. Amodeo, 44 F.3d 141 (2d Cir. 1995); U.S.

v. Biaggi (In re N.Y. Times Co.), 828 F.2d 110 (2d Cir. 1987); Fibermark, 330 B.R. at 507, n.13.

## II.    MODEST CHANGES TO THE EXAMINER'S UNSEALING PROCEDURES WOULD HELP ENSURE COMPLIANCE WITH THESE PRINCIPLES.

7.    Recognizing these principles, the Examiner has expressed his desire that the

Report be public, and his proposed Unsealing Procedures properly place the burden on the

Producing Parties to overcome the presumption of access. (Procedures Motion, 2; Proposed

Order.) Bloomberg generally supports the Unsealing Procedures, with minor additions to help

ensure that the public receives the level of access the law requires. In particular, and as

explained in detail below, Bloomberg proposes that the Court: (1) set forth the specific standard

that must be met for a Producing Party to file Unsealing Objections under seal; (2) require that

any Producing Party that files an Unsealing Objection under seal also file a narrowly-redacted,

publicly-available version within three days of the sealed filing, and (3) require that the

Examiner file a narrowly-redacted, publicly-available version of the Report within five days of

the deadline for filing Unsealing Objections, withholding only the material that is the subject of

an Unsealing Objection.[3] Attached hereto as Exhibit A is a proposed order reflecting the

Amended Unsealing Procedures proposed by Bloomberg.

---

[3] The method of filing a "public version" has been used with great success in Delaware, widely regarded as the home of corporate governance. See Delaware Court of Chancery Rule 5(g). This method de-incentivizes overbroad secrecy and maximizes judicial efficiency and the presumption of openness, while simultaneously allowing parties claiming a need for secrecy to allay their concerns.

8.    The Amended Unsealing Procedures proposed by Bloomberg modify the

Examiner's proposed Unsealing Procedures in the following ways

- Paragraph "A" of the Unsealing Procedures states: "any person who objects
to the unsealing of the Report on the ground that some or all of its Identified
Information is confidential or privileged shall file that objection on or before
March __, 2010." Bloomberg respectfully submits that this provision should
explicitly state that sealing is appropriate only where the filing party
concludes, in good faith and after reasonable analysis, that the information in
question falls within the limited exceptions to disclosure listed in 11 U.S.C.
§ 107(b) and (c), and that the need for secrecy overcomes the strong
presumption of public access. See Amended Unsealing Procedures, ¶ A.

- Paragraph "C" of the Unsealing Procedures states: "If any party in good faith
deems it appropriate to file an objection under seal in order to provide
particularity, they may do so without further leave of Court, provided that the
Examiner is given the full objection." Bloomberg respectfully submits that, to
ensure timely public access to material with no basis for secrecy, the
following should be added: "any party who files an objection under seal
pursuant to this Order must file within three business days a redacted copy of
the document for public inspection (the 'Public Version') omitting only such
restricted information which the party believes should continue to be sealed
under Code. If a party fails to file the Public Version within three days, the
Clerk of the Court shall treat the entire document as unsealed." See Amended
Unsealing Procedures, ¶ C.

- Paragraph "F" of the Unsealing Procedures states: "After receiving objections, the Examiner will continue to work toward an agreed resolution, but the Examiner, and any other party that wishes to do so, shall file a response to the objections on or before March __, 2010. At the Examiner's discretion, the response may consist of directing the Court to the relevant sections of the Report and supplying copies of the relevant documents *in camera*." Bloomberg is concerned that this proposed procedure would cause undue delay with respect to the unsealing of those aspects of the Report that are not the subject of a pending objection to unsealing. Consequently, Bloomberg respectfully requests the following provision to the Unsealing Procedures be added between paragraphs F and G: "Within five days after the deadline for filing objections, if any party has objected to the unsealing of any aspect of the Report, the Examiner shall file with the Court a publicly-available version of the Report that redacts only the materials that is the subject of an objection." See Amended Unsealing Procedures, ¶ G.

## CONCLUSION

Bloomberg respectfully request that the Court enter an order in the form annexed hereto as Exhibit A, approving the Amended Unsealing Procedures with respect to unsealing the Examiner's Report.

Dated:    New York, New York
          March 4, 2010

By: _____
    Charles J. Glasser, Jr., Esq.

    Global Media Counsel
    Bloomberg L.P.
    731 Lexington Avenue
    New York, New York 10022
    cglasser@bloomberg.net
    (212) 617-4529