# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :   Case No. 08-13555 (JMP)
                                                             :
                                        Debtors.             :   (Jointly Administered)
-------------------------------------------------------------x

## ORDER TO SET A PROCEDURE TO UNSEAL THE EXAMINER'S REPORT

Upon the Examiner's Motion to Establish Procedures to Unseal the Examiner's Report (the "Motion"); and the Court having reviewed the Motion; and the Court being satisfied that due and proper notice of the Motion has been provided in accordance with the procedures set forth in the amended order entered in the above-captioned cases on February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) counsel for the Debtors; (ii) the U.S. Trustee; (iii) counsel for the Official Committee of Unsecured Creditors; (iv) the Producing Parties; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) the United States Attorney for the Eastern District of New York; (ix) the United States Attorney for the District of New Jersey; (x) persons who have identified themselves to the Examiner as having a particularized interest in the subject matter of the Motion; and (xi) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice of the Motion need be provided; and after due deliberation and sufficient cause appearing therefore; it is hereby ORDERED:

1.     The Motion is granted.

2.     The following procedure shall be followed:

   A.     On February 8, 2008, the Examiner filed under seal the report of his investigation

and appendices thereto (collectively, the "Report"); the Examiner has previously notified interested persons that the Report may reference information that person may claim to be entitled to non-disclosure (the "Identified Information"); any person who concludes, in good faith and after reasonable analysis, that Identified Information falls within the limited exceptions to disclosure listed in 11 U.S.C. § 107(b) and (c) and that the need for secrecy overcomes the strong presumption of public access, and therefore objects to the unsealing of the Report on the ground that some or all of its Identified Information should be kept secret shall file that objection on or before March __, 2010;

B. Any such objection shall specify the basis for a claim of privilege or confidentiality with particularity sufficient for the Court to determine the validity of the claim;

C. If any party in good faith deems it appropriate to file an objection under seal in order to provide particularity, they may do so without further leave of Court, provided that the Examiner is given the full objection; any party who files an objection under seal pursuant to this Order must file within three business days a redacted copy of the document for public inspection (the "Public Version") omitting only such restricted information which the party believes should continue to be sealed under Code. If a party fails to file the Public Version within three days, the Clerk of the Court shall treat the entire document as unsealed;

D. Any other objection to the unsealing of the Report should likewise be filed on or before March __, 2010;

E. In the absence of a timely objection, any person who has received notice of this Order and its underlying Motion shall be deemed to have waived any claim that

2

    the Identified Information is entitled to non-disclosure;

F. After receiving objections, the Examiner will continue to work toward an agreed resolution, but the Examiner, and any other party that wishes to do so, shall file a response to the objections on or before March __, 2010. At the Examiner's discretion, the response may consist of directing the Court to the relevant sections of the Report and supplying copies of the relevant documents *in camera*;

G. Within five days after the deadline for filing objections, if any party has objected to the unsealing of any aspect of the Report, the Examiner shall file with the Court a publicly-available version of the Report that redacts only the materials that is the subject of an objection;

H. A further hearing on any remaining objections shall be held on _____ __, 2010 at __;

I. Once all objections are finally resolved, as soon as practicable:

  a. If some information is found to be entitled to non-disclosure, the Examiner will redact that material and publicly file a redacted version of the Report;

  b. If no non-disclosure issues remain, the Report will be unsealed and made publicly available.

3. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: _____, 2010
New York, New York

                _____
                HON. JAMES M. PECK
                UNITED STATES BANKRUPTCY JUDGE