Hearing Date and Time: March 11, 2010 at 2:00 p.m.
Objection Deadline: March 4, 2010 at 4:00 p.m.

**IN THE UNITED STATES BANKRUPTCY**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>Jointly Administered |

**LEAD PLAINTIFFS' RESPONSE AND RESERVATION OF RIGHTS IN CONNECTION WITH THE EXAMINER'S MOTION TO ESTABLISH PROCEDURES TO UNSEAL THE EXAMINER'S REPORT**

Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and Operating Engineers Local 3 Trust Fund, the court-appointed lead plaintiffs (collectively, the "Lead Plaintiffs") in the consolidated securities class action pending in the United States District Court for the Southern District of New York captioned *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-05523 (LAK) (the "Securities Litigation"), by and through their undersigned counsel, submit this response and reservation of rights in connection with the motion (the "Motion") by Anton R. Valukas, Esq., in his capacity as the examiner (the "Examiner")[1] in these cases, to establish procedures to unseal the Examiner's Report, and respectfully state:

**RELEVANT BACKGROUND**

**A.    Relevant Procedural Background.**

1.    On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings, Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On and after the Petition Date, the other Debtors in these cases filed voluntary petitions for relief.  The Debtors' chapter 11 cases are being jointly

---

[1]    Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

22215/2
03/04/2010 13911976.4

administered in this Court.

2. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

**B.    Appointment Of The Examiner And The Procedures Proposed In The Motion.**

4. On October 20, 2009, The Walt Disney Company filed a motion to appoint an examiner in these cases. *See* Docket No. 1143. On November 4, 2008, Thomas P. DiNapoli, New York State Comptroller as Administrative Head of the New York State and Local Retirement Systems and Sole Trustee of the New York State Common Retirement Fund ("<u>NYS Comptroller</u>"), filed a motion for the appointment of a trustee or, in the alternative, an examiner with expanded powers. *See* Docket No. 1376. Lead Plaintiffs joined in the NYS Comptroller's motion to the extent it requested the appointment of an examiner with expanded powers. *See* Docket No. 1686.

5. On January 16, 2009, the Court entered an Order Directing Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code. This order directs the Examiner to conduct an investigation into certain matters and to perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code. Lead Plaintiffs, as a proponent of the relief, along with others, were involved in negotiating the scope of the Examiner's work in these cases which was ultimately embodied in an order of this Court.

6. On February 8, 2010, the Examiner filed his Report with the Court under seal. *See* Motion at ¶ 1. The Examiner asserts in the Motion that he filed the Report under seal because it includes information unilaterally designated as confidential by various parties pursuant to confidentiality agreements with the Examiner, and the Producing Parties have not yet consented to the disclosure of such information. The Examiner emphasized in the Motion that he believes his Report should be made public. Lead Plaintiffs fully support that position. The Examiner is working with the Producing Parties to obtain their consent to the public disclosure

of the Report without redaction.  Absent the consent of the Producing Parties, the Examiner proposes certain procedures to determine whether any of the allegedly confidential information should be protected under section 107(b) of the Bankruptcy Code.  *See* Motion at ¶ 5.

7.  The proposed procedures provide the Producing Parties an opportunity to object to public disclosure of their allegedly confidential information.  Once the Court has adjudicated any timely filed objections, either a redacted Report will be filed (presumably redacting only that information which the Court determines should be protected under section 107(b) of the Bankruptcy Code), or, if no disclosure issues remain, the Report will be unsealed and available for public inspection.

**RESPONSE AND RESERVATION OF RIGHTS**

8.  Lead Plaintiffs agree with the Examiner that his entire Report should be available for inspection by the public.  In addition to the general public interest in these cases with respect to the issues that the Examiner was charged with investigating, there is "a strong presumption and public policy in favor of public access to court records."  *In re Food Management Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).  As here, public access to court proceedings "is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved."  *In re Gitto Global Corp.*, 422 F.3d 1, 7 (1st Cir. 2005).  Further, the presumption in favor of public disclosure is not affected by the Court's power under section 107 of the Bankruptcy Code to protect confidential information.  In fact, section 107 codifies the public's right of access to court pleadings by providing that all papers filed with the Court are "public records" <u>unless</u> the Court "decides to protect the information pursuant to the standards set forth in section 107(b)."  *In re Ionosphere Clubs*, 156 B.R. 414, 433 n.7 (S.D.N.Y. 1993).  Lead Plaintiffs submit that, as a general proposition, the need for full disclosure of the Examiner's Report outweighs the confidentiality of any information included in it, particularly since any commercial information included in the Report relates to acts that occurred prior to the Petition Date or shortly thereafter.

9. In the course of the Examiner's investigation, the Examiner entered into confidentiality stipulations with several Producing Parties. *See* Motion at ¶ 2. At the request of Lead Plaintiffs, the Examiner and several Producing Parties agreed to modify their stipulations to provide that determinations with respect to the confidentiality of the Producing Party's information would not bind any third parties unless they had an opportunity to be heard in connection with such determination. *See*, *e.g.*, Docket Nos. 2775, 6691. By contrast, the procedures proposed in the Motion appear to make all determinations of confidentiality binding on all parties, whether or not they have an opportunity to be heard in connection with the Producing Party's objection to the disclosure.

10. Lead Plaintiffs reserve the right, in the event the Court determines that certain information included in the Examiner's Report may be redacted, to seek access to the redacted information and documents in the Report in any other proceeding, subject to the Producing Parties' rights to object. Because the procedures proposed by the Examiner will not make such documents or information available to all parties in interest to address the issue of their public disclosure, this Court's determinations with respect to the confidentiality of any information in the Report should not bind Lead Plaintiffs or the class they represent in the Securities Litigation. This is consistent with the language included in several of the confidentiality agreements based upon concerns previously raised by Lead Plaintiffs.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *S. Jason Teele*
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

        65 Livingston Avenue
        Roseland, New Jersey 07068
        973.597.2500 (Telephone)
        973.597.2400 (Facsimile)
        *Bankruptcy Counsel to Lead Plaintiffs*

        -- and --

        **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
        Max Berger, Esq.
        1285 Avenue of the Americas
        New York, New York 10019
        -- and --

        **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
        David R. Stickney, Esq.
        Elizabeth P. Lin, Esq.
        12481 High Bluff Drive
        Suite 300
        San Diego, CA 92130
        858.793.0070 (Telephone)
        858.793.0323 (Facsimile)

        -- and --

        **BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
        John A. Kehoe, Esq.
        Benjamin J. Hinerfeld, Esq.
        280 King of Prussia Road
        Radnor, PA 19087
        610.667.7706 (Telephone)
        610.667.7056 (Facsimile)

Dated: March 4, 2010
       New York, New York