UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
-------------------------------------------------------------x

### OBJECTION OF WILLIAM KUNTZ, III TO TELEPHONIC APPEARANCE OF ATTORNEY SARA DISCEPOLO ON BE HALF OF HER CLIENT

Recently, a Female Attorney from the Commonwealth of Massachusetts was admitted Pro Hac Vice and filed papers with the Court.

The Case Management Order provides as follows:

ORDERED that if a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtors at least fortyeight (48) hours prior to the scheduled hearing. If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to these chapter 11 cases and supply the dial-in details to the Debtors' attorneys;

1) As Ms Discepolo is the Moving Party and really not a member of the Bar of this Court it is not appropriate for her to be excused from a personal appearance. Boston is not so far from New York as to be prohibitive in either expense or time.

2) Further, while Objectant is of the Opinion that the Bar Date should be Opened and Extended it has not been and it would be usefull for the Court to not only hear directly from Ms Discepolo but also from her client, ie to put a Human Face of an oppressed person on the otherwise esoteric language of the Case, ie Credit Default Swaps, De Minimus Sales,etc

3) Attorney Discepolo makes some rather serious allegation in her papers which the Court might wish to consider at length. To that end, Movant has offered to defray travel expense for Ms Discepolo and her client if need be and encouraged her to amend her papers to seek an Order from the Court which would vacate the much flawed Bar Date. While Weil, Gotshal has been almost obsessed with parties seeking relief from the Bar Date, it is the Creditor's who would have the Estate diluted by more Claims. It would appear that Weil, Goshal has padded it bill to the tune of perhaps $1.67 million just on this area alone and I am aware that the Court has spent at least 10

hours on the Bench listening to almost every kind of fantastic snafu.

4) Where Ms Discepolo to amend, the Court might wish to set aside another day, aside from the Omnibus Hearing Day to consider the Late Claims Problem.

RESPECTFULLY,

**William Kuntz,III**
**kuntzwm1@yahoo.com**
**India St**
**PO Box 1801**
**Nantucket Island, Massachusetts 02554-1801 USofA**

**508-775-9717**

MARCH 6, 2010
HYANNIS, MA