Lawrence P. Eagel (LE4505)
Justin A. Kuehn (JK5853)
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Avenue – Suite 3040
New York, NY 10022
Tel.: (212) 308-5858
Fax: (212) 486-0462
eagel@bragarwexler.com
kuehn@bragarwexler.com

*Attorneys for Mark Mazzatta and
Michele McHugh-Mazzatta*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re: | Chapter 11 |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF MARK MAZZATTA AND
MICHELE McHUGH-MAZZATTA TO DEBTORS' MOTION
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 6004 FOR APPROVAL OF COLLATERAL
<u>DISPOSITION AGREEMENT WITH JPMORGAN CHASE BANK, N.A., ET AL.</u>**

Mark Mazzatta and Michele McHugh-Mazzatta (the "Mazzattas"), by their undersigned attorneys, respectfully submit this limited objection to Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 for Approval of Collateral Disposition Agreement (the "Agreement") with JPMorgan Chase Bank, N.A., et al. (the "Motion"). The Mazzattas respectfully state as follows:

1.  The Mazzattas object to the proposed settlement only to the extent that it might affect the Mazzattas' pending claims against Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers OTC Derivatives Inc. ("LOTC"), Lehman Brothers Inc. ("LBI") (collectively, "Lehman"), and JPMorgan Chase Bank, N.A. ("JPMorgan") for

the return of the Collateral the Mazzattas posted two and half years ago to secure a "call spread collar" (the "Transaction"). The Collateral is comprised of AAA-rated Municipal Bonds with a market value of more than $719,000 (the "Bonds"), and more than $969,000 in cash (the "Cash"). According to the Transaction documents, the Collateral was to be held by LBI as Collateral Agent for the Transaction, and LBHI guaranteed the punctual payment of all amounts due from LOTC to the Mazzattas.

2. Based upon instructions from Lehman, the Mazzattas wired the Cash to a Lehman account at JPMorgan, and caused the Bonds to be delivered to an account at Lehman. Lehman sent the Mazzattas monthly account statements confirming that the Collateral was being held in a separate account at Lehman.

3. The Mazzattas cancelled the Transaction in September 2008 following LBHI's bankruptcy filing on September 15, 2008. In all events, the transaction expired on October 17, 2009, and under any analysis, Lehman has no claim to or rights in the Collateral. Despite demand, the Collateral has not been returned to the Mazzattas.

4. The Mazzattas have filed an adversary proceeding in this court against the Lehman entities and JPMorgan (collectively, the "Adversary Defendants") entitled *Mark Mazzatta and Michelle McHugh-Mazzatta v. Lehman Brothers OTC Derivatives, Inc.*, *et al.,* Adv. Pro. No. 09-01131, seeking, *inter alia*, the return of the Collateral (the "Adversary Proceeding"). The Adversary Proceeding is pending. The Mazzattas have also timely filed claims against the Lehman entities, including the SIPA Trustee, in the respective Lehman bankruptcy cases. To date, the SIPA Trustee has not made a determination concerning the treatment of the Collateral for SIPA purposes, and the Collateral has not been returned to the Mazzattas. Furthermore, the Adversary

Defendants have still not fully accounted for the Collateral, but discovery in the Adversary Proceeding has shown the Cash may be included in the funds that are the subject of the pending Motion and the Agreement.

5. The proposed Agreement appears to implement an interim agreement among certain of the Debtors and JPMorgan and is not a final resolution of disputes between the parties. Moreover, the proposed order approving the Agreement contains an express reservation of rights for all parties. See, Proposed Order ¶¶ 8, 9, 10 and 11. Thus, it appears that approval of the Agreement may not affect the Mazzattas' rights or claims against the Lehman entities or JPMorgan, but that conclusion is not crystal clear. Out of an abundance of caution, the Mazzattas file this objection for a confirmation that their claims are unaffected by the Motion. To the extent that the Motion is intended to affect their rights as alleged in the Adversary Proceeding, the Mazzattas object to the motion.

6. Plainly, as the Mazzattas are not parties to the proposed settlement or Agreement, their rights cannot and should not be prejudiced by it. Furthermore, given the clear reservation of rights by all parties for any subsequent adjustment to claims, there is no basis for the parties through this proposed settlement to adversely affect the Mazzattas' rights or claims. Accordingly, to the limited extent of preserving all of the Mazzattas' rights and claims, the Mazzattas object to the Motion.

## **Conclusion**

WHEREFORE, the Mazzattas respectfully request that, to the extent not already provided for in the proposed order, any order approving the Motion state expressly that nothing in the Motion or the proposed Agreement shall adversely affect the Mazzattas' rights or claims against Lehman or JPMorgan.

Dated: March 10, 2010
      New York, NY

Respectfully submitted by:

BRAGAR WEXLER EAGEL & SQUIRE, PC


By: /s/ *Lawrence P. Eagel*
Lawrence P. Eagel (LE4505)
Justin A. Kuehn (JK5853)
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Avenue – Suite 3040
New York, NY 10022
Tel.: (212) 308-5858
Fax: (212) 486-0462
eagel@bragarwexler.com
kuehn@bragarwexler.com
*Attorneys for March Mazzatta and*
*Michele McHugh-Mazzatta*