WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                    :
In re:                                              :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.**           :    **08-13555 (JMP)**
                                                    :
                                    Debtors.        :    **(Jointly Administered)**
                                                    :
---------------------------------------------------------------------x

**OMNIBUS OBJECTION TO MOTIONS OF**
**(I) PALMYRA CAPITAL FUND, L.P., PALMYRA CAPITAL**
**INSTITUTIONAL FUND, L.P. AND PALMYRA CAPITAL**
**OFFSHORE FUND, L.P., (II) DYNEGY POWER MARKETING INC.,**
**(III) TENSOR OPPORTUNITY LIMITED, (IV) THE SANTA FE ENTITIES,**
**AND (V) CVI GVF (LUX) MASTER S.A.R.L EACH SEEKING RELIEF**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

   Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors as debtors and

as debtors in possession, (the "Debtors" and, collectively with their non-debtor affiliates,

"Lehman"), respectfully submit this omnibus response in opposition (the "Objection") to the

motions of (i) Palmyra Capital Fund, L.P., Palmyra Capital Institutional Fund, L.P. and Palmyra

Capital Offshore Fund, L.P., dated January 22, 2010, (ii) Dynegy Power Marketing Inc., dated

February 5, 2010, (iii) Tensor Opportunity Limited, dated February 18, 2010, (iv) the Santa Fe

Entities, dated February 17, 2010 and (v) CVI GVF (Lux) Master S.A.R.L., dated February 26,

2010 (collectively the "Movants" and the motions filed by the Movants, collectively, the

"Motions"), for relief pursuant to Bankruptcy Rule 9006(b)(1), and respectfully represent:

## PRELIMINARY STATEMENT[1]

1.      The Movants filed the motions seeking relief under Rule 9006(b) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the excusable neglect

standard.  While the facts of each Motion are different, for the reasons set forth below in this

Objection, none of the Movants have met the required burden for a finding of excusable neglect.

Courts in the Second Circuit have taken a hard line approach in the application of the excusable

neglect standard and find that the reason for the delay in filing is the most critical of the four

factors set forth in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993).  In

each of the Motions, the failure to timely file a claim was in the sole control of the Movant, and

the other *Pioneer* factors also weigh in favor of denying the Motions.  Accordingly, the Motions

should be denied and the claims disallowed as untimely filed and expunged.

2.      The Movant's have attempted to massage the facts underlying their late

claims to make their motions seem similar to the facts of other motions seeking relief pursuant to

Bankruptcy Rule 9906(b)(1) that were previously granted in these chapter 11 cases.  However,

none of the Movants indicate that their failure to timely file claims was caused by the confusion

about the procedures set forth in the Bar Date Order[2] or any confusion relating to Lehman

Programs Securities.  Any attempt to analogize these motions to the previously granted motions

in these chapter 11 cases should be disregarded.

---

[1] Capitalized terms used but not defined in this section shall have the meanings set forth below in this Objection.

[2] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, entered on July 2, 2009 [Docket No. 4271] (the "Bar Date Order")

3.       Since the Motions all seek relief pursuant to Bankruptcy Rule 9006(b)(1) and the related case law, in the interest of efficiency, rather than file separate objections to each of the Motions stating identical legal arguments, this Objection provides the legal principles that relate to determinations of late claims in accordance with Bankruptcy Rule 9006(b)(1), and then applies the applicable standards separately to the facts of each Motion.

***Motion of Claimants Palmyra Capital Fund, L.P., Palmyra Capital Institutional Fund, L.P. and Palmyra Capital Offshore Fund, L.P. for Leave to Amend Their Proofs of Claim Pursuant to Federal Rule of Bankruptcy Procedures 9006(b)(1)* (the "__Palmyra Motion__")**

4.       Palmyra Capital Fund, L.P., Palmyra Capital Institutional Fund, L.P. and Palmyra Capital Offshore Fund, L.P. (collectively, "__Palmyra__") filed three proofs of claim against the LBHI based on derivative contracts, but failed to file the required derivative questionnaires. Palmyra acknowledges that it failed to comply with the requirements of the Bar Date Order. Palmyra seeks relief on the basis that it filed its claims prior to the entry of the Bar Date Order, and the Bar Date Order was served only on Palmyra, but not on its counsel listed on the filed claims, and therefore, the error in failing to comply with the Bar Date Order was not within the control of Palmyra and not Palmyra's fault.

5.       Contrary to Palmyra's statements in the Palmyra Motion, as evidenced by Exhibit "A" attached hereto, the Debtors served the Bar Date Notice on both Palmyra's corporate headquarters __and on Palmyra's counsel at the address set forth on their filed proofs of claim at least 71 days prior to the Bar Date__.  As stated above, the Bar Date Order clearly requires holders of claims based on derivative contracts to file a proof of claim and submit a derivative questionnaire.  The Bar Date Order provides that the failure of any creditor to comply with both such requirements shall forever be barred, estopped and enjoined from submitting such claim. See Bar Date Order at p. 5.

6.     As set forth below, in the Second Circuit, the reason for the delay in filing is the most critical factor in determining whether "excusable neglect" exists.  Since Palmyra's excuse for failing to timely file the claims has been unquestionably refuted and Palmyra does not offer any alternative rationale for the failure to timely complete a derivative questionnaire, its motion must be denied as a matter of law.

***Motion of Dynegy Power Marketing Inc. for Entry of an Order that its Timely Filed Guarantee Questionnaire be Deemed a Timely Filed Proof of Claim, or, in the Alternative, to Permit a Late Claim Filing Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)*** (the "<u>**Dynegy Motion**</u>")

7.     The Bar Date Notice was actually served on Dynegy at least seventy-one (71) days prior to the Bar Date.  Dynegy does not dispute that it received the Bar Date Notice.  With respect to a guarantee claim against LBHI, Dynegy timely filed a guarantee questionnaire but failed to file the related proof of claim.  Dynegy seeks to have the guarantee questionnaire considered an informal proof of claim, or in the alternative, Dynegy seeks to have a late filed proof of claim deemed timely.

8.     The guarantee questionnaire submitted by Dynegy should not be considered an informal proof of claim.  The law is clear that a filing may be considered an informal proof of claim only if it was <u>timely filed</u> by a creditor.   It is undisputed that Dynegy only filed its guarantee questionnaire after the Bar Date and <u>never</u> filed a proof of claim.  In addition, the Bar Date Order clearly provides that holders of claims that are purportedly guaranteed by a Debtor were required to (i) file a proof of claim form <u>prior to the Bar Date</u> <u>and</u> (ii) submit a guarantee questionnaire prior to Questionnaire Deadline.  The guarantee questionnaire which Dynegy suggests is an informal proof of claim was filed on October 22, 2009, 31 days after the Bar Date.  Therefore, Dynegy did not file any document prior to the Bar Date which could even be considered an informal proof of claim and Dynegy did not comply

with the Bar Date Order. The filing of the guarantee questionnaire after the Bar Date and without filing a proof of claim is not an informal proof of claim.

9.     Dynegy should be granted authority to file a late claim against LBHI. The failure to timely file the proof of claim in accordance with the Bar Date Order was a result of a lack of oversight on Dynegy's part, as Dynegy did not confirm with its counsel that it had filed a proof of claim against LBHI based on the guarantee claim. It is Dynegy's failure to supervise its agents that resulted in the failure of a claim to be timely filed. Furthermore, for a finding of excusable neglect, the law requires an explanation for the failure to file beyond simply that an agent failed to file a claim.

10.     In the Second Circuit mere inadvertence is insufficient to meet the burden for excusable neglect. Because the failure to time file was solely in the control of Dynegy, the *Pioneer* factors weigh against a finding of excusable neglect with respect to Dynegy's late claim.

***Amended Motion of Tensor Opportunity Limited to Permit it to File a Late Proof of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)* (the "<u>Tensor Motion</u>")**

11.     The Bar Date Notice was actually served on Tensor Opportunity Limited Fund ("<u>Tensor</u>") at least seventy-one (71) days prior to the Bar Date. Tensor does not dispute that it received the Bar Date Notice.

12.     Tensor failed to adequately review its claims against the Debtors and as a result, Tensor did not timely identify that a derivative contract Tensor entered into with Lehman Brothers International (Europe) ("<u>LBIE</u>") was purportedly guaranteed by LBHI until after the Bar Date. Tensor requests that the Court deem timely filed a claim and related questionnaires filed on February 3, 2010, 134 days after the Bar Date. The failure to timely file the proof of claim in accordance with the Bar Date Order was a result of a lack of oversight on Tensor's part. It is Tensor's failure to supervise its agents in the claim filing process that resulted in the failure

of a claim to be timely filed. Furthermore, for a finding of excusable neglect, the law requires an explanation for the failure to file beyond simply that an agent failed to file a claim.

13.     In the Second Circuit mere inadvertence is insufficient to meet the burden for "excusable neglect." Because the failure to file timely was solely in the control of Tensor, the *Pioneer* factors weigh against a finding of excusable neglect with respect to Tensor's late claim.

***Santa Fe Entities Motion to Treat Their Claims as Timely Filed and Memorandum of Points and Authorities in Support Thereof (the "<u>Santa Fe Motion</u>"); CVI GVF (Lux) Master S.A.R.L.'s Motion to Treat Claim Filed by Black River Asia Fund Ltd. as Timely Filed and Memorandum of Points and Authorities in Support Thereof (the "<u>CVI Motion</u>")***

14.     Santa Fe Partners, LLC and certain related funds (collectively "<u>Santa Fe</u>") and CVI GVF (Lux) Master S.A.R.L. ("<u>CVI</u>") filed similar motions seeking to have late filed claims deemed timely. Santa Fe and CVI assert that they have a claim against Lehman Brothers Inc. ("<u>LBI</u>") and LBIE, affiliates of the debtors in separate insolvency proceedings. Santa Fe and CVI filed late claims against LBHI based on a purported guarantee of all of the obligations of LBI and LBIE, which guarantee Santa Fe and CVI first learned about after the Bar Date.

15.     Santa Fe and CVI erroneously assert that excusable neglect must always exist when a party first becomes aware of a claim following the Bar Date. This simply is not the law. Moreover, Santa Fe's and CVI's failure to discover the purported guarantee of LBHI of all of the obligations of LBIE and LBI was due to their own lack of due diligence, and solely with in their control.

16.     Allowing Santa Fe and CVI to file late claims would undoubtedly open the flood gates for the thousands of creditors of entities purportedly guaranteed by LBHI to seek to file late claims against LBHI. The prejudice to the Debtors' estates in deeming these late claims

timely filed and the fact that the failure to timely file was in the sole control of Santa Fe and CVI, the *Pioneer* factors weigh in favor of denying the Motions of Santa Fe and CVI.

## BACKGROUND

17.     Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, as applicable, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

18.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

19.     By order dated July 2, 2009 (the "Bar Date Order"), the Court established (a) September 22, 2009 at 5:00 p.m. as the deadline (the "Bar Date") for filing proofs of claim against any of the Debtors in these chapter 11 cases, (b) October 22, 2009 at 5:00 p.m. as the deadline (the "Questionnaire Deadline") for the filing of derivative questionnaires and guarantee questionnaires against the Debtors in these chapter 11 cases and (c) November 2, 2009 at 5:00 p.m. as the deadline (the "Securities Programs Bar Date") for filing proofs of claim against any of the Debtors in these chapter 11 cases based on certain notes (i) issued by LBHI and its

affiliates to retail investors located outside of the United States and (ii) included on a list

published on www.lehman-docket.com on July 17, 2009 (the "Lehman Programs Securities").

## ARGUMENT

### The Motions Should Be Denied Because the Movants
### Failed to File the Claims Due to Their Own Error and Matters
### Entirely Within Its Control and Cannot Demonstrate Excusable Neglect

20.     The Bankruptcy Rules direct a bankruptcy court to establish bar dates in

chapter 11 cases.  Bankruptcy Rule 3003(c)(3) requires that the bankruptcy court "fix and for

cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R.

Bankr. P. 3003(c)(3).   Given the critical importance of the bar date to the successful

administration of a chapter 11 case, requests for extensions of time to file proofs of claim are

"strictly scrutinized" by courts.  *Florida Dept. of Ins. v. Drexel Burnham Lambert Group, Inc.*

*(In re Drexel Burnham Lambert Group, Inc.)*, 148 B.R. 1002, 1005 (S.D.N.Y. 1993).

> 'The setting of a bar date is an important event in Chapter 11 cases.  The
> bar order by forcing creditors to make known their claims against the
> estate, enables the bankruptcy judge to tally up the debtor's assets and
> liabilities so that a reorganization plan can be developed.'  Thus, it may be
> said that harm to creditors who have acted in reliance on the certainty of a
> firm bar date is precisely the reason why an [sic] motion to extend the bar
> date must be strictly scrutinized and may be granted only if excusable
> neglect is found in 'extraordinary circumstances.'

*Id.* (quoting *Hooker Investments, Inc.*, 122 B.R. 659, 664 (S.D.N.Y. 1991), *appeal denied*, 937

F.2d 833 (2d Cir. 1991)).  Bankruptcy Rule 9006(b) vests the decision to extend the bar date

"squarely within the discretion of the bankruptcy judge."  *Id.* at 1008.

21.     Bankruptcy Rule 9006(b)(1) provides that "on motion made after the

expiration of the specified period [the court may] permit the act to be done where the failure to

act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).  The Supreme Court, in

interpreting the term "excusable neglect," has held that the term "neglect" in its ordinary sense

means "to give little attention or respect to a matter, or . . . to leave undone or unattended to esp[ecially] through carelessness . . . and encompasses both simple, faultless omissions to act and more commonly, omissions caused by carelessness." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993). The determination of whether a claimant's neglect of a deadline is *excusable*, according to the *Pioneer* Court, however, is an equitable determination in which a court should consider all relevant circumstances surrounding the claimant's omission, including: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

22. In applying the *Pioneer* factors to determine whether a late-filed proof of claim was the result of "excusable neglect," the Second Circuit has taken a "hard line" approach that does not give the four factors equal weight but rather focuses on the third *Pioneer* factor— the reason for the delay in filing, including whether the cause of such delay was within the reasonable control of the movant—as the most critical. *In re Enron Corp.*, 419 F.3d 115, 122-24 (2d Cir. 2005). The Second Circuit has noted that the reason for this approach is that the other factors delineated in *Pioneer* – prejudice, length of delay and impact on judicial proceedings, and the movant's good faith – will typically weigh in favor of the movant, and the court will therefore focus on the reason for the delay in filing. *Id.* at 122 (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003).

23. The *Pioneer* factors, particularly the reason for the Movant's delay in filing the Claims, weigh in favor of the Debtors in each of the Motions.

Failure to Timely File Due to An Error Entirely Within
The Movant's Control is Not Excusable Neglect in the Second Circuit

24.     While the Supreme Court in *Pioneer* recognized that courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," *Pioneer*, 507 U.S. at 388, 391, the Second Circuit has applied a strict standard in determining whether inadvertence or mistake amounts to excusable neglect, noting that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule, and … where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." *In re Enron Corp.*, 419 F.3d at 123, 126 (internal quotations omitted) (affirming bankruptcy court's ruling that failure to timely file a proof of claim "result[ing] solely from inadvertence" attributed to movant and its counsel being so heavily focused upon and involved in negotiations regarding other matters of the case was not sufficient reason to support a motion to extend the bar date).

25.     The facts of *Pioneer*, however, bear no resemblance to the facts of the instant cases, and, accordingly, do not support a finding of excusable neglect in these Motions. The Court in *Pioneer* concluded that the neglect at issue in that case was excusable because notice of the bar date was inconspicuously placed in a notice regarding a creditors' meeting.  507 U.S. at 399.  The Court found that the creditors' delay in filing proofs of claim was caused by the ambiguity in the notice and the fact that it did not indicate the significance of the bar date. *Id*. For these reasons, among others, the delay was not within the reasonable control of the moving creditors and consideration of the equitable factors militated in favor of a finding that the neglect be excused. *Id*.

26.     In applying the *Pioneer* factors, Court in the Second Circuit and elsewhere have held that "office mixups, clerical mistakes, and failure to follow office procedure do not

generally constitute excusable neglect." *In re Dana Corp.*, No. 06-10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (where notice of the bar date was inadvertently filed away without any action being taken, "movant's failure to file a timely proof of claim was entirely within his and his attorneys' reasonable control and does not constitute excusable neglect"); *Pruitt v. Metcalf Eddy Inc.*, No. 03 Civ. 4780 (DF), 2006 WL 760279, at *2 (S.D.N.Y. Mar. 24, 2006) (failure to timely file notice of appeal did not constitute excusable neglect where movant's counsel misplaced notice of appeal after arranging for attorney service to pick up and file it and then failed to follow up with attorney service to determine if the notice had been picked up and filed); *In re Chateaugay Corp.*, No. 92 Civ. 8722 (LJF), 1993 WL 1127180, at *6 (S.D.N.Y. Apr. 22, 1993) (movant's failure to timely file proof of claim due to failure of movant's own internal procedures in forwarding bankruptcy matters to its appropriate department for review did not constitute excusable neglect); *In re Kmart Corp.*, 381 F.3d 709 (7th Cir. 2004) (notwithstanding that movant missed bar date by only one day, movant's failure to file a timely proof of claim did not constitute excusable neglect where movant's counsel delegated the filing of the proof of claim to an office clerk, failed to follow up with the clerk to ensure that he had followed counsel's instructions on filing, and failed to take simple steps to confirm that the claim had been filed in a timely manner); *see also In re Enron Corp.*, No. 01-16034 (AJG), 2006 WL 898031, at *7 (Bankr. S.D.N.Y. Mar. 29, 2006) (State of Montana's delay in filing proof of claim for a damage award stemming from Federal Energy Regulatory Commission ("FERC") proceedings did not constitute excusable neglect where State of Montana mistakenly assumed that FERC would protect its interests by filing a proof of claim on its behalf in the debtors' bankruptcy proceedings).

27.     *Pioneer* also holds that "clients must be accountable for the acts and omissions of their attorneys" and therefore a creditor is not entitled to relief based on excusable neglect solely because its counsel or advisor failed to timely file a proof of claim.  507 U.S. at 396.  In situations where claimant places blame on its agent for failure to timely file a claim, the "in determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents and their counsel was excusable."  Id. It is not sufficient for a creditor to merely rely on its agents and wash their hands of all responsibility and consequences. See *In re Howard T. Mowers*, 160 B.R. 720, 725 (Bankr. N.D.N.Y. 1993) ("The case law from the Second Circuit is consistent in holding that mere attorney error or omission is insufficient to establish "excusable neglect", particularly where the attorney is aware of the entry of the order in time to file a notice of appeal in a timely fashion").

Allowing the Movant's Late Claims Will Prejudice These Estates

28.     "Prejudice" includes not only the harm to the debtor but also the adverse impact that a late claim may have on the judicial administration of the case, considering the size of the late claim in relation to the estate.  *See In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. at 1007; *In re Alexander's Inc.*, 176 B.R. 715, 722 (Bankr. S.D.N.Y. 1995).  Notwithstanding that the Debtors are still in the process of reviewing claims, if the late-filed claims are deemed timely filed by the Court as a result of excusable neglect, any party that failed to comply with the requirements and deadlines of the Bar Date Order as a result of a mere mistake or inadvertance would move this Court to have its claim deemed timely filed on similar grounds as the Movants.

29.     To date, 13 motions have been filed seeking relief pursuant to Bankruptcy Rule 9006(b) for claims in the aggregate amount of approximately $650 million.  While

individually the claims may not be material relative to the size of all filed claims, together, the late filed claims are significant.  As evidenced by the fact that there are 8 motions seeking relief under Bankruptcy Rule 9006(b) on the agenda for today's hearing, allowing such late claims will certainly result in additional motions being filed seeking similar relief.

Length of Delay

30.     The length of delay in filing claims is one of the *Pioneer* factors.  Certain of the Motions and related claims were not filed or asserted until more than three months after the applicable bar date.  If the Movants are permitted to file a claim for the first time pursuant to the Motions, and other creditors seek and receive similar relief, the purpose and effect of a bar date will have been eviscerated.

 Good Faith

31.     The Debtors have no evidence that any of the Movants acted in bad faith when they filed the Motions, but as discussed above this factors typically weighs in favor of the party moving to file a late claim and hardly counterbalance the other three *Pioneer* factors which weigh in the Debtors' favor, particularly the third *Pioneer* factor, discussed above, which the Second Circuit has deemed to be the most relevant and critical in the equitable determination of whether a movant's neglect is excusable.  *See In re Enron Corp.*, 419 F.3d at 122-24.

**APPLICATION OF PIONEER FACTORS TO EACH OF THE MOTIONS**

**I.      Motion of Palmyra Capital Fund, L.P., Palmyra Capital Institutional Fund, L.P. and Palmyra Capital Offshore Fund, L.P.**

32.     Palmyra's Motion is based solely on the false premise that the Debtors provided notice of the Bar Date Order to Palmyra, instead of its counsel listed on a proof of claim form filed prior to the entry of the Bar Date Order and therefore Palmyra did not receive adequate notice of the Bar Date Order.  It is not necessary to debate whether notice of the Bar

Date was adequate because on July 8, 2009, <u>the Debtors provided actual notice of the Bar Date</u> <u>Order both to Palmyra at its corporate headquarters and to Palmyra's counsel at the address</u> <u>identified on the filed proof of claim forms</u>.  The relevant pages of the affidavit of service demonstrating Palmyra and its counsel were served with notice of the Bar Date are annexed hereto as Exhibit "A".  Furthermore, Palmyra is represented in these cases by Paul, Hastings, Janofsky & Walker LLP, which has been involved in these chapter 11 cases and is included on the Master Service List.  Attorneys at Paul, Hastings, Janofsky & Walker LLP were certainly aware of the Bar Date Order.

33.     On March 5, 2009, prior to the entry of the Bar Date Order, Palmyra filed three proofs of claim each based on a derivative contract.  The Bar Date Order, entered on July 2, 2009, clearly provided that holders of claims based on derivative contracts were required to file a proof of claim <u>and</u> submit a derivative questionnaire and "any holder that has filed a Proof of Claim based on a Derivative Contract or a Guarantee on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion." Bar Date Order at p. 4.  The Bar Date Order further provides that

"**<u>any holder of a claim against the Debtors who is required, but fails to</u>** **<u>file a proof of such claim in accordance with the Bar Date Order on or</u>** **<u>before the Bar Date, specifically, including filling out the Derivative</u>** **<u>Questionnaire or the Guarantee Questionnaire</u>** and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire and Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth herein, **<u>shall be forever</u>** **<u>barred, estopped and enjoined from asserting such claim against the</u>** **<u>Debtors (or filing a Proof of Claim with respect thereto)</u>**."  Bar Date Order at p. 9

The claims filed by Palmyra do not include most of the information required to be submitted on the derivative questionnaire.

34.     As discussed above, in the Second Circuit, the reason for the delay in compliance with the Bar Date Order is the most critical of the *Pioneer* factors.  Other than the assertion that the Debtors failed to provide notice of the Bar Date to the address listed on the proof of claim forms, which has been proven incorrect, Palmyra does not provide any other excuse for the failure to comply with the deadlines in the Bar Date Order.  Therefore, the relief sought in the Palmyra Motion must be denied as a matter of law.

## II.     Motion of Dynegy Power Marketing Inc.

35.     Dynegy Power Marketing Inc. ("<u>Dynegy</u>") was party to a derivative contract with Lehman Brothers Commodity Services Inc. ("<u>LBCS</u>"), which was guaranteed by LBHI.  Dynegy reviewed and understood the requirements of the Bar Date Order, filed a proof of claim against LBCS and submitted a derivative questionnaire.  With respect to a claim against LBHI based on the guarantee of LBCS's obligations under the derivative contract, Dynegy timely submitted a guarantee questionnaire, but, due to its own internal errors which were entirely within its control, failed to timely file a proof of claim against LBHI.  Dynegy seeks to have its guarantee questionnaire considered an informal proof of claim or, in the alternative, for the Court to deem its late filed proof of claim timely.

<u>Dynegy's Guarantee Questionnaire Should Not be Considered an Informal Proof of Claim</u>

36.     The insurmountable and fatal flaw underlying Dynegy's assertion that its guarantee questionnaire should be considered an informal proof of claim is that the guarantee questionnaire was <u>not</u> filed prior to the Bar Date, and therefore cannot be considered a valid informal proof of claim.

37.     The Bar Date Order clearly provides that holders of claims that were purportedly guaranteed by a Debtor were required to file a proof of claim prior to the Bar Date

<u>and</u> complete a guarantee questionnaire prior to Questionnaire Deadline.  Pursuant to the Bar

Date Order and applicable case law, failure to file a proof of claim is complete non-compliance

with the Bar Date Order, irrespective of whether a questionnaire is filed.  In connection with a

prior motion in this case seeking relief under Bankruptcy Rule 9006(b), the Court noted that even

though a questionnaire was timely filed, the omission to file a proof of claim was an "important

omission."  Hearing Tr. November 19, 2009 at 71.  The Bar Date Order provides that:

> "**any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including filling out the Derivative Questionnaire or the Guarantee Questionnaire** and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire and Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth herein, **shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)**."  Bar Date Order at p. 9

38.     Dynegy has not established, and cannot establish, that the guarantee

questionnaire satisfies the requirements of an informal proof of claim in this jurisdiction.  Not

only does the Dynegy Motion fail to cite any cases from this jurisdiction setting forth the criteria

for informal proofs of claim, the cases that Dynegy relies on in the Dynegy Motion do not

support the conclusion that the guarantee questionnaire should be considered an informal proof

of claim.  The Dynegy Motion, cites to *In re Phillips,* 2007 WL 2241778, *2 (Bankr. S. D. Fla.

Aug. 6. 2007), which states that the informal proof of claim doctrine "allows for another

document that was filed in a <u>timely</u> fashion to become the basis for timely amended proof of

claim."   Furthermore, the two cases cited by Dynegy purportedly setting forth the criteria for the

allowance informal proofs of claim, both involve filings submitted prior to the applicable bar

date, and therefore are wholly inapplicable to the current facts.  It is indisputable that the

guarantee questionnaire, filed on October 22, 2009, <u>was not filed by the Bar Date and, therefore,</u> <u>was untimely</u>.

39.     In this jurisdiction, prevailing case law Dynegy fails to cite provides that "to qualify as an informal proof of claim, a document purporting to evidence such claim must have (1) been <u>timely filed</u> with the bankruptcy court and have become part of the judicial record, (2) state the existence and nature of the debt, (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt. *In re Enron Corp.,* 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007) (citing *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 187 (Bankr.S.D.N.Y.1995).

40.     Here, Dynegy never filed <u>anything</u> with the Bankruptcy Court and its only submission to the Debtors (and not the Court) came 31 days <u>after</u> the Bar Date. The law is clear that for a filing to be considered a valid informal proof of claim, it must be filed prior to the bar date. The fact that the guarantee questionnaire was filed prior to the Questionnaire Deadline is irrelevant to the determination of the Dynegy Motion. As the Court has previously noted, with respect to the Questionnaire Deadline, "It's a deadline, all right, and it might in fact defeat your ability to get paid, but a bar date it isn't." Hearing Tr. November 19, 2009 at 74. Consequently, the guarantee questionnaire <u>was not timely filed by the applicable Bar Date</u> and therefore cannot be considered a valid informal proof of claim.

<u>Dynegy Cannot Demonstrate Excusable Neglect</u>.

41.     Dynegy has not satisfied the burden of establishing "excusable neglect" in accordance with the application of *Pioneer* in the Second Circuit. Despite attempts by Dynegy to direct the Court to the application of the *Pioneer* factors by other districts, the law is clear that in the Second Circuit, the reason for the delay in filing is the most important factor. See *In re*

*Enron Corp*, 419 F.3d at 122-124 (2nd Cir. 2005). As set forth below, Dynegy cannot satisfy the *Pioneer* factors, and therefore, the relief sought in the Dynegy Motion should be denied.

Failure to Timely File Due to An Error Entirely Within
Dynegy's Control is Not Excusable Neglect in the Second Circuit

42. The Debtors provided actual notice of the Bar Date Order to Dynegy. The relevant pages of the affidavit of service demonstrating that Dynegy was served with notice of the Bar Date are annexed hereto as Exhibit "A". As evidenced by the filing of a proof of claim and questionnaire against LBCS, Dynegy had actual knowledge of the Bar Date Order and understood the procedures set forth therein. Dynegy does not dispute its knowledge of the Bar Date Order or plead any confusion about the Bar Date procedures.

43. Dynegy attempts to analogize this matter to the facts of *Pioneer* where the Supreme Court found excusable neglect because the bar date notice had been included inconspicuously in the notice of the meeting of creditors and was not clear and unambiguous. The instant facts bear no resemblance to those in *Pioneer*. As stated herein, (i) Dynegy was well aware of Bar Date Order and (ii) the Bar Date Order clearly provided that for claims based on guarantees, a creditor was required to file a proof of claim and submit a guarantee questionnaire. It is critical to note that Dynegy timely filed other claims, submitted other questionnaires and successfully navigated the procedures, other than with respect to the one claim subject to the Dynegy Motion. It is clear that Dynegy's failure to file a proof of claim based on the LBHI guarantee of the derivative contract cannot be attributed to any alleged complexity in the Bar Date Order.

44. Dynegy's failure to timely file a proof of claim in the Debtors' chapter 11 cases was due to its failure to follow the directions of the Bar Date Order with respect to certain claims while perfectly complying with the procedures as to other claims. As stated above, courts

in the Second Circuit have routinely held that such mistakes do not constitute excusable neglect. *See, e.g.*, *In re Enron Corp.*, 419 F.3d at 123-24 (noting that because the excuse given for the late filing has the greatest import, "when a party's or counsel's misunderstanding of clear law or misreading of an unambiguous judicial decree is the reason for the delay . . . we have continued to uphold findings of 'no excusable neglect' where the court cited the absence of unique or extraordinary circumstances.") (internal citations and quotations omitted).

45.     As stated above, *Pioneer* also holds that "clients must be accountable for the acts and omissions of their attorneys" and thus the failure of an agent to file a claim on behalf of creditor is not sufficient evidence that the failure to file was not in the creditor's control and is not itself adequate evidence of excusable neglect. *Pioneer*, 507 at 396 (1993); *Mowers*, 160 at 725 (Bankr. N.D.N.Y. 1993).

Allowing the Dynegy's Late Claims Will Prejudice These Estates

46.     Notwithstanding that the Debtors are still in the process of reviewing claims, if the late-filed claims are deemed timely filed by the Court as a result of excusable neglect, any party that filed a questionnaire but failed to file a proof of claim, or, any party that failed to file a proof of claim prior to the Bar Date or the Securities Programs Bar Date as a result of a mere mistake or inadvertence would move this Court to have its claim deemed timely filed on similar grounds as Dynegy.

47.     Furthermore, to date, the Debtors have spent a substantial amount of time reviewing claims and have filed multiple omnibus claim objections,[3] as well as individual claim

---

[3] Debtors First Omnibus Objection to Claims (Duplicates) [Docket No. 6873]; Debtors Second Omnibus Objection to Claims (Amended and Superseded) [Docket No. 6874]; Debtors Third Omnibus Objection to Claims (Duplicates) [Docket No. 6875]; Debtors Fourth Omnibus Objection to Claims (Amended and Superseded) [Docket No. 68746]. (the "Omnibus Claim Objections")

objections. The Debtors have spent considerable time preparing and shortly will be filing a plan of reorganization. A sudden increase in claims at this time may disrupt the orderly administration of the Debtors' estates.

<u>Length of Delay</u>

48.     Dynegy did not file the Dynegy Motion seeking relief under Bankruptcy Rule 9006(b) until February 5, 2010, 136 days after the Bar Date. <u>To date, Dynegy still has not filed a claim based on LBHI's guarantee of the derivative contract at issue.</u> The length of the delay in seeking relief from the Court pursuant to Bankruptcy Rule 9006(b)(1) is beyond what should be accepted by this Court. If Dynegy is permitted to file a claim for the first time pursuant to the Dynegy Motion, and other creditors seek and receive similar relief, the purpose and effect of a bar date will have been eviscerated.

### III.     <u>Motion of Tensor Opportunity Limited</u>

49.     Tensor was party to a derivative contract with LBIE which was guaranteed by LBHI. Tensor did not file a proof of claim against LBHI or submit a questionnaire in respect of such claim against LBHI until February 3, 2010, <u>more than four months</u> after the Bar Date! The failure by Tensor to timely file a claim against LBHI based on the guarantee of a derivative contract is due solely to an error and the inadvertence on the part of Tensor in reviewing its potential claims against the Debtors. The failure by Tensor to note that it had a guarantee claim against LBHI prior to the Bar Date was an error completely in Tensor's control. Tensor cannot meet the burden required for a finding of excusable neglect in the Second Circuit.

50.     The application of the *Pioneer* factors to the facts of the Tensor Motion demonstrate that Tensor has not satisfied the burden of establishing excusable neglect in

accordance with the application of *Pioneer* in the Second Circuit and therefore, the relief sought in the Tensor Motion should be denied.

Failure to Timely File Due to An Error Entirely Within
Tensor's Control is Not Excusable Neglect in the Second Circuit

51.     The Debtors provided actual notice of the Bar Date Order to Tensor.  The relevant pages of the affidavit of service demonstrating that Tensor was served with notice of the Bar Date are annexed hereto as Exhibit "A."  Tensor does not dispute its knowledge of the Bar Date Order or plead any confusion about its procedures.

52.     Tensor attempts to analogize this matter to the facts of *Pioneer* where the Supreme Court found excusable neglect because the bar date notice had been included inconspicuously in the notice of the meeting of creditors and was not clear and unambiguous. The instant facts bear no resemblance to those in *Pioneer*.  As stated herein, (i) Tensor was well aware of Bar Date Order and (ii) the Bar Date Order clearly provided that for claims based on guarantees, a creditor was required to file a proof of claim and submit a guarantee questionnaire. Tensor's failure to file a proof of claim or submit a derivative questionnaire based on LBHI's guarantee of a derivative contract cannot be attributed to any alleged complexity in the Bar Date Order.

53.     Tensor also cites cases where because of errors by claimants that resulted in late filed claims the courts found excusable neglect existed.  See Tensor Motion at ¶ 18. However, none of the cases cited in the Tensor Motion were decided Second Circuit and therefore do not apply the strict scrutiny required in this jurisdiction or give the greatest weight to the reason for the delay.  Therefore, the holdings of such cases should be disregarded by this Court.

54.     Tensor's failure to timely file a proof of claim in the Debtors' chapter 11 cases was due to its failure to follow the directions of the Bar Date Order. As stated above, courts in the Second Circuit have routinely held that such mistakes do not constitute excusable neglect. *See, e.g.*, *In re Enron Corp.*, 419 F.3d at 123-24 (noting that because the excuse given for the late filing has the greatest import, "when a party's or counsel's misunderstanding of clear law or misreading of an unambiguous judicial decree is the reason for the delay . . . we have continued to uphold findings of 'no excusable neglect' where the court cited the absence of unique or extraordinary circumstances.") (internal citations and quotations omitted).

55.     As stated above, *Pioneer* also holds that "clients must be accountable for the acts and omissions of their attorneys" and thus the failure of an agent to file a claim on behalf of creditor is not sufficient evidence that the failure to file was not in the creditor's control and is not itself adequate evidence of excusable neglect. *Pioneer*, 507 at 396 (1993); *Mowers*, 160 at 725 (Bankr. N.D.N.Y. 1993).

Allowing Tensor's Late Claims Will Prejudice These Estates

56.     Notwithstanding that the Debtors are still in the process of reviewing claims, if the late-filed claims are deemed timely filed by the Court as a result of excusable neglect, any party that filed a questionnaire but failed to file a proof of claim, or, any party that failed to file a proof of claim prior to the Bar Date or the Securities Programs Bar Date as a result of a mere mistake or inadvertance would move this Court to have its claim deemed timely filed on similar grounds as Tensor.

57.     Furthermore, to date, the Debtors have spent a substantial amount of time reviewing claims and have filed the four Omnibus Claim Objections, as well as individual claim objections. The Debtors have spent considerable time preparing and shortly will be filing a plan

of reorganization. A sudden increase in claims at this time may disrupt the orderly administration of the Debtors' estates.

<u>Length of Delay</u>

58. Tensor did not file the claims at issue until February 3, 2010, 134 days after the Bar Date. The length of the delay in seeking relief from the Court pursuant to Bankruptcy Rule 9006(b)(1) is beyond what this Court should accept as excusable. If Tensor is permitted to file a claim for the first time pursuant to the Tensor Motion, and other creditors seek and receive similar relief, the purpose and effect of a bar date will have been eviscerated.

### IV. Motions of the Santa Fe Entities and CVI GVF (Lux) Master S.A.R.L

59. The Santa Fe Entities and CVI filed similar motions requesting the Court deem timely their late filed claims pursuant to Bankruptcy Rule 9006(b). The two motions relate to claims based on purported guarantees issued by LBHI with respect to all obligations of LBIE. Both Santa Fe and CVI allege that they were not aware of the guarantees issued by LBHI until after the Bar Date. The theory asserted by Santa Fe and CVI that the failure to discover a claim until after the Bar Date must lead to a finding of excusable neglect is unsupported and erroneous. Moreover, the theory set forth by Santa Fe and CVI, renders a bar date, a critical component of chapter 11 cases, completely meaningless.

60. As stated above in this Objection, a Bar Date enables the Debtors to tally up all claims filed against it and determine an appropriate plan of reorganization. A finding of excusable neglect on the grounds that a creditor did not discover a claim until after the Bar Date would turn the purpose of a bar date on its head, and create an exception that swallows the rule. Under a regime that accepts Santa Fe and CVI's theory, debtors could never be comfortable

proposing a plan of reorganization and making distributions because creditors could assert newly discovered claims at any time.

61.     In the Debtors' chapter 11 cases, the Bar Date occurred more than a year after the commencement of LBHI's chapter 11 case, therefore all creditors had ample time to analyze their claims against the Debtors. No relief is warranted for a creditor that did not adequately review and identify its claims against the Debtors prior to the Bar Date.

62.     The application of the *Pioneer* factors to the facts of the Santa Fe Motion and CVI Motion demonstrate that the prejudice and reason for the delay of filing strongly weigh in favor of the Debtors. The creditors have not satisfied the burden of establishing "excusable neglect" in accordance with the application of *Pioneer* in the Second Circuit and therefore, the relief sought in the Santa Fe Motion and CVI Motion should be denied.

Failure to Timely File Due to An Error Entirely Within
Santa Fe's and CVI's Control is Not Excusable Neglect in the Second Circuit

63.     In these cases, it is key to note that neither Santa Fe nor CVI claim that they were unaware of the Bar Date Order or did not understand the claims filing procedures. The Debtors provided actual notice of the Bar Date Order to Black River Emerging Market Credit Fund Ltd.[4] The relevant pages of the affidavit of service demonstrating that Black River Emerging Market Credit Fund Ltd. was served with notice of the Bar Date are annexed hereto as Exhibit "A." As evidenced by the filing of various proofs of claim and questionnaires Black River Emerging Market Credit Fund Ltd. had actual knowledge of the Bar Date Order and understood the procedures set forth therein. Santa Fe does not dispute its knowledge of the Bar Date Order or plead any confusion about its procedures.

---

[4] CVI asserts that it acquired the claims at issue from Black River Emerging Market Credit Fund Ltd. on December 29, 2009.

64.     The Bar Date Order clearly provides that claimants were required to file a proof of claim and submit a guarantee questionnaire in connection with guarantee claims against Debtors.  In connection with a prior motion in this case seeking relief under Bankruptcy Rule 9006(b), the Court noted that even though a questionnaire was timely filed, the omission to file a proof of claim was an "important omission," and that such omission "might in fact defeat your ability to get paid."  Hearing Tr. November 19, 2009 at 71, 74.

65.     Santa Fe and CVI claim that since they were not aware of the LBHI guarantees prior to the Bar Date that the failure to timely file a claim was not within their control.  This assertion is erroneous for two reasons.  *First*, the Bar Date occurred more than a year after the commencement of LBHI's chapter 11 case and 82 days after the entry of the Bar Date Order.  Creditors had more than enough time to determine the claims they held against the Debtors.  Many other creditors filed claims based on the guarantees to which the Santa Fe and CVI claim they could not have known about.   In fact, purported guarantee attached to the Santa Fe and CVI Motions as Exhibit "A" thereto was posted on various websites prior to the Bar Date, including the website of the administrator of LBIE, the entity against which Santa Fe and CVI hold direct claims. See http://www.pwc.co.uk/eng/issues/lehman_holdings_bar_date_application_update_190609.html.

66.     *Second*, Santa Fe's CVI's position that the failure to file a claim that a creditor was unaware of prior to the Bar Date is not an error within the creditors' control is incorrect.  *In re New York Trap Rock Corporation*, 153 B.R. 648, 652-653 (Bankr. S.D.N.Y 1993), denied a creditor's request to file a late proof of claim related to a claim based on the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") that creditor did not know about prior to the Bar Date.   Furthermore, both of the cases that Santa Fe

and CVI rely on in their motions are distinguishable from the facts at hand in that such cases relate to late claims filed by the relevant taxing authorities that could not have known about the claims prior to the Bar Date. See *In re Sage-Dey*, *Inc.* 170 B.R. 46 (Bankr. N.D.N.Y. 1994); *In re PT-1 Communications Inc.* 292 B.R. 482 (Bankr. E.D.N.Y). In this case, Santa Fe and CVI could have identified the guarantees with minimal diligence.

67. The failure of Santa Fe and CVI to conduct sufficient diligence to identify potential claims is an error that was entirely in the control of such creditors. As stated above, courts in the Second Circuit have routinely held that such mistakes do not constitute excusable neglect. *See, e.g.*, *In re Enron Corp.*, 419 F.3d at 123-24 (noting that because the excuse given for the late filing has the greatest import, "when a party's or counsel's misunderstanding of clear law or misreading of an unambiguous judicial decree is the reason for the delay . . . we have continued to uphold findings of 'no excusable neglect' where the court cited the absence of unique or extraordinary circumstances.") (internal citations and quotations omitted).

Allowing the Santa Fe's and CVI's Late Claims Will Prejudice These Estates

68. Notwithstanding that the Debtors are still in the process of reviewing claims, if Santa Fe's and CVI's late-filed claims are deemed timely filed by the Court as a result of excusable neglect, any party that has yet to file a claim against LBHI based on the purported guarantees referred to in the Santa Fe's and CVI's Motions would move this Court to have its claim deemed timely filed on similar grounds. Due to nature of Santa Fe's and CVI's allegations that these purported guarantees were global guarantees of all obligations of multiple entities, and the number of creditors of the various entities, granting Santa Fe's and CVI's motions could lead to an avalanche of additional motions seeking authority to file a late claims based on the

purported global guarantee that creditors first learned about subsequent to the Bar Date Order, or even subsequent to the date hereof.

69.    Furthermore, to date, the Debtors have spent a substantial amount of time reviewing claims and have filed the four Omnibus Claim Objections, as well as individual claim objections. The Debtors have spent considerable time preparing and shortly will be filing a plan of reorganization.  A sudden increase in claims at this time may disrupt the orderly administration of the Debtors' estates.

Length of Delay

70.    The Debtors recognize that the length of delay in the claims filed by Santa Fe and CVI was minimal, but this factor does not counterbalance the other three *Pioneer* factors, which weigh in favor of the Debtors.

## CONCLUSION

71.    For the reasons set forth herein, each of the Movants fails to satisfy the *Pioneer* factors as they are applied in the Second Circuit.  Therefore, each of the Motions should be denied.

## RESERVATION OF RIGHTS

72.     In the event that the Court determines to grant the relief requested in any of the Motions, the Debtors reserve all of its rights to object to the validity and amount of any claims which may be filed by the applicable creditor.

73.    The Debtors reserve the right to conduct discovery as to the matters raised in the Motions and to supplement this filing as a result thereof.

WHEREFORE the Debtors respectfully requests the Court deny each of the

Motions and grant such other and further relief as is just and proper.


Dated: March 10, 2010
   New York, New York


         /s/ Shai Y. Waisman     
         Shai Y. Waisman
         WEIL, GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, New York  10153-0119
         Telephone: (212) 310-8000
         Facsimile: (212) 310-8007

         Attorneys for the Debtor and
         Debtor In Possession

# Exhibit A

## Affidavit of Service

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
:
In re                               :         **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :         **08-13555 (JMP)**
:
              **Debtors.**       :         **(Jointly Administered)**
:
-------------------------------------------------------------------------x   **Ref. Docket No. 4271**


## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK  )

      HERB BAER, being duly sworn, deposes and says:

1.   I am employed by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On July 8, 2009, I caused to be served the:

    a)  "NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM", dated July 8, 2009, a copy of which is attached as Exhibit "A" (the "Bar Date Notice"),

    b)  "PROOF OF CLAIM" form, a copy of which is attached hereto as Exhibit "B", (the "General Proof of Claim Form"), and

    c)  "PROOF OF CLAIM" form with a legend stating "Notice of Scheduled Claim", a copy of which is attached hereto as Exhibit "C", (the "Schedule Proof of Claim Form")

by causing true and correct copies of the:

    a)  Bar Date Notice and a blank General Proof of Claim Form to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit "D",

    b)  Bar Date Notice and a General Proof of Claim Form, personalized to include the name and address of the creditor, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit "E", and

    c)  Bar Date Notice and a Schedule Proof of Claim Form, personalized to include the name and address of the creditor and debtor, amount, nature, classification and description of the scheduled claim, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit "F".

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

_____
Herb Baer

Sworn to before me this
10th day of July, 2009

_____
Notary Public

ELLI PEIRIS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PE6178079
QUALIFIED IN NASS COUNTY
COMMISSION EXPIRES _____

**Exhibit "A"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                         :
In re                                    :      Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :      08-13555 (JMP)
                                         :
                    Debtors.             :      (Jointly Administered)
                                         :
                                         :
                                         :
-------------------------------------------------------------------x
```

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

      PLEASE TAKE NOTICE THAT, on July 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc. and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "<u>Debtors</u>"), entered an order (the "<u>Bar Date Order</u>") establishing **September 22, 2009, at 5:00 p.m. (prevailing Eastern Time**) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("<u>Proof of Claim</u>") based on prepetition claims against the Debtors (the "<u>Bar Date</u>"). The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "<u>Commencement Date</u>"), the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), as set forth in Schedule A hereto.

      **If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at (866) 879-0688.**

      **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

      **Some parties are required to file a Proof of Claim in order to preserve their claim against the Debtors. Other parties are not required to file a Proof of Claim in order to preserve their claim against the Debtors. The following is a summary explanation of each.**

1.      **WHO MUST FILE A PROOF OF CLAIM**

      You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtors that arose before the applicable Commencement Date, may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date. Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    WHO NEED **NOT** FILE A PROOF OF CLAIM

You need not file a Proof of Claim if:

(1)     Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount, priority or nature of the claim set forth in the Schedules;

(2)     Your claim has been paid in full by the Debtors;

(3)     You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(4)     You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(5)     You hold a claim for which a separate deadline is fixed by this Court;

(6)     You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

(7)     You hold a claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding, in foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8)     You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9)     You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List") or any subsidiary for which the entity on the Exempt Entities List owns at least a fifty percent equity interest in such subsidiary, specifically excluding any subsidiary that is in a bankruptcy, insolvency or similar proceeding in a foreign jurisdiction or Lehman Brothers Inc.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim.  Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM. MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

---

**SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES**

Holders of securities are **NOT** required to file a proof of claim on account of their ownership if, and only if, such security is listed on the Debtors' Master List of Securities because such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will each file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities). The Master List of Securities is available for review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP or ISIN) or by security description.

If you do not see your security listed on the Master List of Securities and you have a question about the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form prior to August 5, 2009.

Inquiries will be investigated, and within 15 days of the Debtors receipt of such inquiry, either the security will either be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.

The Master List of Securities shall be finalized on August 20, 2009 and not subject to further change.

A Proof of Claim form is being included with the Bar Date Notices being served on holders of LBHI securities other than to holders of securities that are on the Master List of Securities.

**IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS OTHER THAN ON ACCOUNT OF YOUR LEHMAN SECURITIES OWNERSHIP, YOU MUST FILE A PROOF OF CLAIM FORM, AS DIRECTED IN THIS BAR DATE NOTICE. A COPY OF THE PROOF OF CLAIM FORM IS AVAILABLE AT HTTP://WWW.LEHMAN-DOCKET.COM.**

**SPECIAL NOTE REGARDING LEHMAN PROGRAM SECURITIES:**

A separate notice and proof of claim form will be provided in connection with certain securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent a security is identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" as of July 17, 2009 at 5:00 pm (prevailing Eastern Time). Such notice and proof of claim form will be available on or about July 27, 2009. The Bar Date in connection with the Lehman Program Securities is November 2, 2009 at 5:00 pm (prevailing Eastern Time). If your security is not identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" as of July 17, 2009 at 5:00 pm (prevailing Eastern Time) you must file your claim by September 22, 2009 as per the instructions herein.

---

3.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4.      **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

If by overnight mail, to:                          If by first-class mail, to:

Epiq Bankruptcy Solutions, LLC                     Lehman Brothers Holdings Claims Processing
Attn: Lehman Brothers Holdings Claims Processing   c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor                         FDR Station, P.O. Box 5076
New York, New York 10017                            New York, New York  10150-5076


If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

       or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims Processing
One Bowling Green
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the Debtors will notify the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

## 5.      WHAT TO FILE

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States; (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

**EXCEPT AS SET FORTH IN THE FOLLOWING EIGHT PARAGRAPHS, YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, ATTACH A SUMMARY.**

**CLAIMS BASED ON DERIVATIVE CONTRACTS**

**IF YOU FILE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

A "DERIVATIVE CONTRACT" IS A CONTRACT THAT IS ANY OF (I) A "SWAP AGREEMENT" AS SUCH TERM IS DEFINED IN SECTION 101(53B) OF THE BANKRUPTCY CODE OR (II) A "FORWARD CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 101(25) OF THE BANKRUPTCY CODE. A CASH-MARKET PURCHASE OR SALE OF A SECURITY OR LOAN (I.E. ANY PURCHASE OR SALE OF A SECURITY OR LOAN FOR SETTLEMENT WITHIN THE STANDARD SETTLEMENT CYCLE FOR THE RELEVANT MARKET), EXCHANGE-TRADED FUTURE OR OPTION, SECURITIES LOAN TRANSACTION, REPURCHASE AGREEMENT IN RESPECT OF SECURITIES OR LOANS, AND ANY GUARANTEE OR REIMBURSEMENT OBLIGATIONS WHICH WOULD OTHERWISE BE INCLUDED IN THE DEFINITION OF "SWAP AGREEMENT" OR "FORWARD CONTRACT" PURSUANT TO THE DEFINITION OF SUCH TERMS IN THE BANKRUPTCY CODE SHALL NOT BE CONSIDERED A DERIVATIVE CONTRACT FOR THE PURPOSES OF THIS DEFINITION NOR SHALL ANY NOTES, BONDS, OR OTHER SECURITIES ISSUED BY THE DEBTORS OR THEIR AFFILIATES (INCLUDING, BUT NOT LIMITED TO, LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS TREASURY CO. B.V., LEHMAN BROTHERS BANKHAUS AG, LEHMAN BROTHERS HOLDINGS PLC, LEHMAN BROTHERS SECURITIES N.V., AND LEHMAN BROTHERS (LUXEMBOURG) EQUITY FINANCE S.A.).

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

CLAIMS BASED ON A DEBTOR'S GUARANTEE

IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT D TO THE BAR DATE ORDER (THE "GUARANTEE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

A "GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

CLAIMS BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT WITH A NON-DEBTOR

IF YOU FILE A PROOF OF CLAIM BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT ENTERED INTO WITH A NON-DEBTOR, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM AND LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

If a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the documentation required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date.

If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that

instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number.

A holder (or any other party authorized under the Bankruptcy Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire.

Any security that is listed on the Master List of Securities is not a Derivative Contract and the holders of such security are not required to complete the Derivative Questionnaire on account of such security.

The information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information and the Debtors and the Creditors' Committee and their respective advisors and counsel.

The website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim.

**6.**      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR COMPLETE THE DERIVATIVE QUESTIONNAIRE PRIOR TO THE QUESTIONNAIRE DEADLINE**

     **Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, _specifically,_ including filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable) and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire or Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

**7.**      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

     You may be listed as the holder of a claim against the Debtors in the Schedules. Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:     July 8, 2009                         BY ORDER OF THE COURT
                New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## Schedule A

| Debtor | Case Number | Commencement Date |
|---|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 | September 15, 2008 |
| LB 745 LLC | 08-13600 | September 16, 2008 |
| PAMI Statler Arms LLC | 08-13664 | September 23, 2008 |
| Lehman Brothers Commodity Services Inc. | 08-13885 | October 3, 2008 |
| Lehman Brothers Special Financing Inc. | 08-13888 | October 3, 2008 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 | October 3, 2008 |
| Lehman Brothers Derivatives Products Inc. | 08-13899 | October 5, 2008 |
| Lehman Commercial Paper Inc | 08-13900 | October 5, 2008 |
| Lehman Brothers Commercial Corporation | 08-13901 | October 5, 2008 |
| Lehman Brothers Financial Products Inc. | 08-13902 | October 5, 2008 |
| Lehman Scottish Finance L.P. | 08-13904 | October 5, 2008; |
| CES Aviation LLC | 08-13905 | October 5, 2008 |
| CES Aviation V LLC | 08-13906 | October 5, 2008 |
| CES Aviation IX LLC | 08-13907 | October 5, 2008 |
| East Dover Limited | 08-13908 | October 5, 2008 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 | January 7, 2009 |
| BNC Mortgage LLC | 09-10137 | January 9, 2009 |
| Structured Asset Securities Corporation | 09-10558 | February 9, 2009 |
| LB Rose Ranch LLC | 09-10560 | February 9, 2009 |
| LB 2080 Kalakaua Owners LLC | 09-12516 | April 23, 2009 |

**Exhibit "B"**

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

## THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)







Telephone number:      Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
  *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)




Telephone number:      Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

---

**1. Amount of Claim as of Date Case Filed: $** _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐  Check this box if all or part of your claim is based on a Derivative Contract.*
☐  Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐  Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
  **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

**Amount of Secured Claim: $** _____ **Amount Unsecured: $** _____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $** _____
(See instruction #6 on reverse side.)

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

---

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed to the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the
initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view
your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Exhibit "C"**

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

## THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
*(If known)*

Filed on: _____

Telephone number:      Email Address:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:      Email Address:

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

**1. Amount of Claim as of Date Case Filed:** $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐   Check this box if all or part of your claim is based on a Derivative Contract.*
☐   Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
    **3a. Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other

Describe: _____

Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$_____ Basis for perfection: _____

**Amount of Secured Claim: $**_____    **Amount Unsecured: $**_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**_____
(See instruction #6 on reverse side.)

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | | |
|---|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of a security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the
initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

Exhibit "D"

| Claim Name | Address Information |
|---|---|
| BK GARANTIA CUPON MEMORIA II | ATTN: TREASURY DEPARTMENT BANKINTER GESTION DE ACTIVOS, S.A., S.G.I.I.C. MADRID 29 28010 SPAIN |
| BK GARANTIA CUPON MEMORIA II | P DE LA CASTELLANA 29 28010 MADRID MADRID 29 28010 SPAIN |
| BK GULF LLC | P.O. BOX 10079 DUBAI UAE DUBAI UNITED ARAB EMIRATES |
| BK MEMORIA 6 X 4 GARANTIZADO FI | P DE LA CASTELLANA MADRID 29 28010 SPAIN |
| BK MEMORIA 6 X 4 GARANTIZADO FI | TREASURY DEPARTMENT BANKINTER GESTION DE ACTIVOS, S.A., S.G.I.I.C. MADRID 28010 SPAIN |
| BK MEMORIA 6 X 4 GARANTIZADO I I FI | P DE LA CASTELLANA MADRID 29 28010 SPAIN |
| BK MEMORIA 6 X 4 GARANTIZADO I I FI | TREASURY DEPARTMENT BANKINTER GESTION DE ACTIVOS, S.A., S.G.I.I.C. MADRID 28010 SPAIN |
| BK SERVICES | BRANDSCHENKESTR. 90 ZUERICH 8027 SWITZERLAND |
| BKRK/MST CORE BD ENH INDXSER OF QUANT MST SER TST | C/O BLACKROCK ADVISORS ATTN: LEGAL DEPARTMENT 40 EAST 52ND STREET, 2ND FLOOR NEW YORK NY 10022 |
| BKW FMB ENERGIE AG | ATTN: LEGAL COUNSEL TRADING VIKTORIAPLATZ 2 BERNE 25 CH-3000 SWITZERLAND |
| BKW FMB ENERGIE AG | DUANE MORRIS LLP ATTN: EBERHARD ROHM 1540 BROADWAY NEW YORK NY 10036 |
| BLABER,KAYLEIGH | 67 WILMINGTON WAY HAYWARDS HEATH W SUSX RH16 3JD UNITED KINGDOM |
| BLACK & WHITE FINE ARTS INT'L., LLC | 636 WEST 28TH STREET GROUND FLOOR NEW YORK NY 10001 |
| BLACK & WHITE FINE ARTS INT'L., LLC | 483 DRIGGS AVENUE BROOKLYN NY 11211 |
| BLACK BEAR INVESTMENT FUND | ATTN:D. MATTHEW MIDDLETON 831 FAIRFIELD ROAD ATLANTA GA 30327 |
| BLACK BEAR INVESTMENT FUND LLC | D. MATTHEW MIDDLETON 831 FAIRFIELD ROAD ATLANTA GA 30327 |
| BLACK BOX NETWORK SERVICE | 6-1-1 HEIWAJIMA OHTA-KU HEIWAJIMA 143-6501 JAPAN |
| BLACK BOX NETWORK SERVICE | 6-1-1 HEIWAJIMA OHTA-KU HEIWAJIMA 13 143-6501 JAPAN |
| BLACK DIAMOND OFFSHORE LTD | ATTN: CLINT CARLSON C/O UBS FUND SERVICES (CAYMAN) LTD. UBS HOUSE 227 ELGIN AVENUE, P.O. BOX 852 GRAND CAYMAN KY 11103 |
| BLACK DIAMOND OFFSHORE LTD | RIK REPAK C/O UBS FUND SERVICES (CAYMAN) LTD. UBS HOUSE 227 ELGIN AVENUE, P.O. BOX 852 GRAND CAYMAN KY 11103 |
| BLACK DIAMOND OFFSHORE LTD | ATTN: RIK REPAK 2100 MCKINNEY AVENUE SUITE 1600 DALLAS TX 75201 |
| BLACK DIAMOND RESEARCH LLC | 1500 BROADWAY STE 904 NEW YORK NY 10036-4055 |
| BLACK DUCK SOFTWARE, INC. | 265 WINTER STREET WALTHAM MA 02451 |
| BLACK HAT, INC. | 2606 2ND AVENUE- #406 SEATTLE WA 96121 |
| BLACK HAWK MORTGAGE SERVICES, LLC | 3641 KIMBALL AVENUE WATERLOO IA 50702 |
| BLACK III, HARVEY N | 25 W. 81ST ST APT 15C NEW YORK NY 10024 |
| BLACK INK PHOTOGRAPHIC | UNIT 43 THE TRUMAN BREWERY 91-95 BRICK LANE LONDON E1 6QL UNITED KINGDOM |
| BLACK JR, JAMES | 601 LAUREL AVE UNIT 304 SAN MATEO CA 94401 |
| BLACK JR,JAMES B. | 601 LAUREL AVENUE SAN MATEO CA 94401 |
| BLACK KNIGHT ASSET MANAGEMENT | ATTN: DARYL DENNIS 1225 EYE STREET. NW SUITE 100 WASHINGTON DC 20005 |
| BLACK MBA ASSOCIATION UK LTD | BUSINESS DESIGN CENTRE 52 UPPER STREET LONDON N1OQH UK |
| BLACK MBA ASSOCIATION UK LTD | BUSINESS DESIGN CENTRE 52 UPPER STREET LONDON N1OQH UNITED KINGDOM |
| BLACK MOUNTAIN CORPORATION | 5-22 50TH AVENUE LONG ISLAND CITY NY 11101 |
| BLACK MOUNTAIN INTERNATIONAL (2000) LTD | SHIROYAMA JT TRUST TOWER 16F, 4-3-1 TORANOMON MINATO-KU TOKYO 105-6016 JAPAN |
| BLACK MOUNTAIN JAPAN | LEVEL 15, TOKYO GINKO KYOKAI BLDG 1-3-1 MARUNOUCHI CHIYODA-KU TOKYO 13 100-0005 JAPAN |
| BLACK MOUNTAIN MANAGERS L.P. | 1201 ELM STREET SUITE 5400 DALLAS TX 75270 |
| BLACK ORCHID SYSTEMS LIMITED | MAYPOLE HOUSE MAYPOLE GREEN TOFT MONKS BECCLES NR34 0EY UNITED KINGDOM |
| BLACK PEAK CO., LTD. | 990 ABDULRAHIM PLACE 26TH FLOOR, UNIT 2601 RAMA IV ROAD,KWAENG SILOM, KHET BANGRAK BANGKOK 10500 THAILAND |
| BLACK RIVER ASSET MGMT LLCA/C BLACK RIVER GLOBALIN | ATTN:DERIVATIVES CONFIRMATIONS FOR ANY CONFIRMATIONS C/O LACROSSE GLOBAL FUND SERVICES LLC 3601 WEST 76TH ST. SUITE 300, EDINA MN 55435 |
| BLACK RIVER COMMOD ITY ENERGY FUND LLC | ??? NEW YORK NY 10021 |
| BLACK RIVER COMMODITY ENERGY FUND LLC | ATTN: LAW DEPARTMENT C/O CARGILL INCORPORATED MINNETONKA MN 55343 |
| BLACK RIVER COMMODITY FUND LTD | ATTN: LAW DEPARTMENT C/O CARGILL INCORPORATED MINNETONKA MN 55343 |

| Claim Name | Address Information |
|---|---|
| BLACK RIVER COMMODITY SELECT FUND LTD | ATTN:LAW DEPT BLACK RIVER ASSET MANAGEMENT LLC CLO CARGILL INCORPORATED 12700 WHITEWATER DRIVE MINNETONKA MN 55343 |
| BLACK RIVER EMERGING MARKETS CREDIT FUND LTD | BLACK RIVER ASSET MANAGEMENT UK LTD C/O CARGILL INCORPORATED 12700 WHITEWATER DRIVE MINNETONKA MN 55343 |
| BLACK RIVER EMERGING MARKETS FIXED INCOME FUND LTD | BLACK RIVER EMERGING MARKETS FIXED INCOME FUND LTD. KNOWLE HILL PARK FAIRMILE LANE, COBHAM; ATTN: LAW DEPT SURREY DT11 2PD UNITED KINGDOM |
| BLACK RIVER EMERGING MARKETS FIXED INCOME FUND LTD | ATTN:LAW DEPARTMENT C/O CARGILL INCORPORATED 12700 WHITEWATER DRIVE MINETONKA MN 55343 |
| BLACK RIVER FIRV OPPORTUNITY MASTER FUND LTD | ATTN:LAW DEPARTMENT BLACK RIVER ASSET MANANGEMENT LLC C/O CARGILL INCORPORATED 12700 WHITEWATER DRIVE MINNETONKA MN 55343 |
| BLACK RIVER FIXED INCOME RELATIVE VALUE FUND LTD | BLACK RIVER FIXED INCOME RELATIVE VALUE FUND LTD. C/O CARGILL PLC KNOWLE HILL PARK FAIRMILE LANE, COBHAM; ATTN: LAW DEPT SURREY DT11 2PD UNITED KINGDOM |
| BLACK RIVER FIXED INCOME RELATIVE VALUE FUND LTD | ATTN:LAW DEPT BLACK RIVER FIXED INCOME RELATIVE VALUE FUND LTD. C/O CARGILL INC 12700 WHITEWATER DR MINETONKA MN 55343 |
| BLACK RIVER GLOBAL CREDIT FUNDLTD. | BLACK RIVER GLOBAL CREDIT FUND LTD. C/O CARGILL PLC KNOWLE HILL PARK FAIRMILE LANE, COBHAM; ATTN: LAW DEPT SURREY DT11 2PD UNITED KINGDOM |
| BLACK RIVER GLOBAL CREDIT FUNDLTD. | ATTN:LAW DEPARTMENT C/O CARGILL INCORPORATED 12700 WHITEWATER DRIVE MINETONKA MN 55343 |
| BLACK RIVER GLOBAL EQUITYFUND LTD | BLACK RIVER GLOBAL EQUITY ARBITRAGE FUND LTD. C/O CARGILL PLC KNOWLE HILL PARK FAIRMILE LANE, COBHAM; ATTN: LAW DEPT SURREY DT11 2PD UNITED KINGDOM |
| BLACK RIVER GLOBAL EQUITYFUND LTD | ATTN:LAW DEPT BLACK RIVER GLOBAL EQUITY ARBITRAGE FUND LTD. C/O CARGILL INC 12700 WHITEWATER DR MINETONKA MN 55343 |
| BLACK RIVER GLOBAL MACRO FUNDLTD | BLACK RIVER MORTGAGE & ASSET-BACKED FUND LTD. C/O CARGILL PLC KNOWLE HILL PARK FAIRMILE LANE, COBHAM; ATTN: LAW DEPT SURREY DT11 2PD UNITED KINGDOM |
| BLACK RIVER GLOBAL MACRO FUNDLTD | ATTN:LAW DEPT BLACK RIVER MORTGAGE & ASSET-BACKED FUND LTD. C/O CARGILL INC 12700 WHITEWATER DR MINETONKA MN 55343 |
| BLACK RIVER MUNICIPAL FUND | ATTN: DERIVATIVES CONFIRMATIONS A. CONFIRMATIONS |
| BLACK RIVER MUNICIPALRELATIVE VALUE FUND LLC. | ATTN:LAW DEPT OR DERIVITIVES CONFIRMATION BLACK RIVER ASSET MANAGEMENT LLC C/O CARGILL INC 12700 WHITEWATER DR MINNETONKA MN 55343 |
| BLACK ROCK | CARRIE MURRAY 100 BELLEVUE PARKWAY WILMINGTON DE 19809 |
| BLACK, ALEXANDER S | 14 HIGHLAND PL APT L MAPLEWOOD NJ 07040-2534 |
| BLACK, D | 4847 CHEVY CHASE DRIVE CHEVY CHASE MD 20815 |
| BLACK, DENNIS, PHD | 74 NEW MONTGOMERY STREET SAN FRANCISCO CA 94105 |
| BLACK, DENNIS, PHD | UCSF BOX 0560 185 BERRY STREET, LOBBY 5, SUITE 5700 SAN FRANCISCO CA 94107-1762 |
| BLACK, ELIZABETH L | 84 HALDON ROAD WANDSWORTH LONDON SW1812G GREECE |
| BLACK, EUAN C | 5127 E. LIBBY ST. SCOTTSDALE AZ 85254 |
| BLACK, GEORGE R. | 254 EVERGREEN ROAD RAMSEY NJ 07446 |
| BLACK, GREG | FLAT 18 PROSPECT HOUSE FREAN STREET LONDON SE16 4AE UNITED KINGDOM |
| BLACK, HELEN R | 48750 BARRYMORE DRIVE INDIO CA 92201 |
| BLACK, IAIN | 262B RANDOLPH AVENUE MAIDA VALE LONDON W9 1PF UNITED KINGDOM |
| BLACK, ISOBEL J | SUMMERFIELD HOUSE SAWBRIDGEWORTH ROAD HERTS HATFIELD HEATH CM227DR UNITED KINGDOM |
| BLACK, JAMERSON R. | PAID DETAIL UNIT 51 CHAMBERS STREET - 3RD FLOOR ATTN: NADINE POPE NEW YORK NY 10007 |
| BLACK, JAMES | 21 PROSPECT ROAD WESTPORT CT 06880 |
| BLACK, JONATHAN | 8 TURNBERRY CT MONROE NY 10950 |
| BLACK, LIZ | GARDEN FLAT 35 PORTSMOUTH ROAD SURREY SURBITON KT6 4HQ UNITED KINGDOM |
| BLACK, ROYANA | 4156 TUJUNGA AVENUE #1 STUDIO CITY CA 91604 |
| BLACK, STEVEN R | 2 JENIFER LANE COS COB CT 06807 |
| BLACK, VENITA K | 4170 N. MARINE DRIVE UNIT #5F CHICAGO IL 60613 |
| BLACK,AMY M | 138 KLINE ROAD SHIPPENSBURG PA 17257 |

| Claim Name | Address Information |
|---|---|
| DYNAX SOLUTIONS INC | PO BOX 41017 NEWARK NJ 07101-8007 |
| DYNAX SOLUTIONS INC | C/O ENHERENT CORP. 33 WOOD AVENUE SOUTH SUITE 400 ISELIN NJ 08830 |
| DYNEGY POWER MARKETING INC | 1000 LOUISIANA ST SUITE 5800 HOUSTON TX 77002 |
| DYNEGY POWER MARKETING INC | ATTN: ASST. GROUP GENERAL COUNSEL-COMMERCIAL DYNEGY POWER MARKETING INC. 1000 LOUISIANA, SUITE 5800 HOUSTON TX 77002-5050 |
| DYNEGY POWER MARKETING INC | ATTN: CONTRACT ADMINISTRATION DYNEGY POWER MARKETING INC. 1000 LOUISIANA, SUITE 5800 HOUSTON TX 77210-5050 |
| DYNEX CAPITAL, INC. | 4551 COX ROAD, SUITE 300 GLEN ALLEN VA 23060 |
| DYNKIN, LEV | 18 EMERSON DR. GREAT NECK NY 11023 |
| DYNKIN, LEV | 18 EMERSON DR. GREAT NECK NY 11023-1929 |
| DYNNIKOV, SERGEY | 5008 CHELSEA CV N HOPEWELL JUNCTION NY 12533-7101 |
| DYOTT, INGRID | 111 NEPERAN ROAD TARRYTOWN NY 10591 |
| DYRA S.A.R.L. | 6 RUE ADOLPHE, L1116 LUXEMBOURG LUXEMBOURG |
| DYSAUTONOMIA FOUNDATION INC | 633 THIRD AVENUE 12TH NEW YORK NY 10017-6706 |
| DYSAUTONOMIA FOUNDATION INC | 315 WEST 39TH STREET SUITE 701 NEW YORK NY 10018 |
| DZ BANK AG | 609 FIFTH AVENUE, 7TH FLOOR NEW YORK NY 10017 |
| DZ BANK AG | ATTN: MARKUS EISENBURGER PLATZ DER REPUBLIK FRANKFURT AM MAIN 60265 GEORGIA |
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK | ATTN:HAFI/8049 D-60265 FRANKFURT AM MAIN FEDERAL REPUBLIC OF GERMANY GEORGIA |
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK | ATTN: DG BENK LONDON BRANCH 10 ALDERSGATE STREET LONDON EC1A 4XX UNITED KINGDOM |
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK | C/O DG BANK DEUTSCHE GENOSSENSCHAFTSBANK, LONDON BRANCH LONDON EC2M 4XX UNITED KINGDOM |
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK | C/O DZ BANK AG NEW YORK BRANCH 609 FIFTH AVENUE NEW YORK NY 10017-1021 |
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK | PLATZ DER REPUBLIK FRANKFURT AM MAIN 60265 GEORGIA |
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK | 46 BOCHENHEIMER ANLAGE FRANKFURT 60322 GEORGIA |
| DZ BANK IRELAND PLC | GUILD HOUSE GUILD STREET DUBLIN IRAN (ISLAMIC REPUBLIC OF) |
| DZ BANK IRELAND PLC | ATTN: MARK JACOB GUILD HOUSE, GUILD STREET I.F.S.C. DUBLIN 1 IRAN (ISLAMIC REPUBLIC OF) |
| DZ BANK IRELAND PLC | ATTN:DERIVATIVE OPERATIONS TRADE CENTRE ISFC DUBLIN 1 IRAN (ISLAMIC REPUBLIC OF) |
| DZ BANK IRELAND PLC | GUILD HOUSE GUILD STREET L.F.S.C. DUBLIN 1 IRAN (ISLAMIC REPUBLIC OF) |
| DZ BANK IRELAND PLC | C/O DZ BANK AG, NEW YORK BRANCH DEPT HEAD COMPLIANCE, LEGAL & SECURITY 609 5TH AVE NEW YORK NY 10017-1021 |
| DZ FINANCIAL MARKETS | 609 FIFTH AVENUE NEW YORK NY 10017 |
| DZ FINANCIAL MARKETS | 609 FIFTH AVENUE NEW YORK NY 10017-1021 |
| DZENG, TITAN F R | 3F, NO. 10 LN22 RUZAN STREET, TAIPEI 106 TAIWAN, PROVINCE OF CHINA |
| DZENG,TITAN F R | 3F, NO. 10 LN22 RUZAN STREET, TAIPEI 106 TAIWAN |
| DZIAD, GREGORY P. | 1456 W. IRVING PARK RD. APT. 1 CHICAGO IL 60613 |
| DZIADUL, EDWARD J | HOFFSTOT LANE SANDS POINT NY 11050 |
| DZIADZIO, JOHN E | 69 ROEBLING ROAD BERNARDSVILLE NJ 07924 |
| DZIADZIO, JOHN E. | 4 HOLLY RIDGE COURT BERNARDSVILLE NJ 07924 |
| DZIANISAVA,NATALLIA | 548 KIMBALL DRIVE ROCHESTER NY 14623 |
| DZIANISAVA,NATALLIA | 548 KIMBALL DRIVE ROCHESTER NY 14623 |
| DZIEDZIC JR, STANLEY J | 835 HEDGEGATE COURT ROSWELL GA 30075-2281 |
| DZIEDZIC, ERIC | 505 NORTH LAKE SHORE DRIVE UNIT 3602 CHICAGO, IL IL 60611 |
| DZIEDZIC, ERIC M. | 505 NORTH LAKE SHORE DRIVE UNIT 3602 CHICAGO IL 60611 |
| DZIEDZIECH, ROBERT Z | 184 LEXINGTON AVE APT 8E NEW YORK NY 10016-6841 |

| Claim Name | Address Information |
|---|---|
| EMPLOYM.OPPORT.FOR PEOPLE WITH DISABIL. | 53 NEW BROAD STREET LONDON EC2M 1SL UNITED KINGDOM |
| EMPLOYMENT DEVELOPMENT DEPARTMENT | SACRAMENTO STATEWIDE COLLECTIONS P.O. BOX 826203 SACRAMENTO CA 94280-0001 |
| EMPLOYMENT DEVELOPMENT DEPT. | 800 CAPITOL MALL MIC 83 SACRAMENTO CA 95814 |
| EMPLOYMENT OPPORTUNITIES FOR PEOPLE WITH | CRYSTAL GATE THIRD FLOOR 28-30 WORSHIP STREET LONDON EC2A 2AH UK |
| EMPLOYMENT OPPORTUNITIES FOR PEOPLE WITH | CRYSTAL GATE THIRD FLOOR 28-30 WORSHIP STREET LONDON EC2A 2AH UNITED KINGDOM |
| EMPLOYMENT PUBLISHING, INC | 175 STRAFFORD AVE SUITE #1 WAYNE PA 19087 |
| EMPLOYMENT SECURITY DEPARTMENT | P.O. BOX 9046 OLYMPIA WA 98507-9046 |
| EMPOWER EMERGING MARKETS FOUNDATION | 111 JOHN ST RM 1050 NEW YORK NY 100383110 |
| EMPTORIS INC | 200 WHEELER ROAD BURLINGTON MA 01803 |
| EMPTORIS INC | ATTENTION FINANCE 200 WHEELER ROAD BURLINGTON MA 01803 |
| EMPTY VASE OF HOUSTON, INC | 2439 WESTHEIMER RD HOUSTON TX 77098 |
| EMPTY, SANDRA | 84 STAINTON ROAD HITHER GREEN LONDON SE6 1AR UNITED KINGDOM |
| EMPTY,SANDRA | 84 STAINTON ROAD HITHER GREEN LONDON, GT LON SE6 1AR UNITED KINGDOM |
| EMPYREAN/EMPYREAN CAPITAL FUND LP | ATTN:TONY HYNES C/O EMPYREAN CAPITAL PARTNERS LP 10250 CONSTELLATION BOULEVARD, STE 2950 LOS ANGELES CA 90067 |
| EMPYREAN/EMPYREAN CAPITAL FUND LP | C/O EMPYREAN CAPITAL PARTNERS LP 10250 CONSTELLATION BOULEVARD SUITE 2950 LOS ANGELES CA 90067 |
| EMPYREAN/EMPYREAN CAPITAL OVERSEAS FUND LTD | ATTN:TONY HYNES C/O EMPYREAN CAPITAL PARTNERS LP 10250 CONSTELLATION BOULEVARD, STE 2950 LOS ANGELES CA 90067 |
| EMRE OZEN | 330 E 39TH STREET NEW YORK NY 10016 |
| EMRE OZEN | 225 E 46TH STREET NEW YORK NY 10017 |
| EMRE OZEN | 1407 37TH STREET, NW WASHINGTON DC 20007 |
| EMRE SANLI | KANYON KONUT E BLOCK DAIRE 11 LEVENT 34340 TURKEY |
| EMRICK JR.,CHARLES RUSSELL | 8101 TIMBER RIDGE RD. OZARK AR 72949 |
| EMRICK, CRAIG R | 13 DONNA PASS HOPKINTON MA 01748-1541 |
| EMRO FINANCE IRELAND LTD | ATTN:MR. PAOLO ZANNI AIB INTERNATIONAL CENTRE WEST BLOCK IFSC DUBLIN 1 IRAN (ISLAMIC REPUBLIC OF) |
| EMRO FINANCE IRELAND LTD | C/O SINTESI 2000 SRL UK REPRESENTATIVE OFFICE 3 ST. HELENS PLACE BISHOPSGATE LONDON EC3A 6AB UNITED KINGDOM |
| EMS CAPITAL LPA/C TENSOR OPPORTUNITY LIMITED | 1 BRYANT PARK 590 MADISON AVENUE, 27TH FL NEW YORK NY 100366715 |
| EMS, INC. | 12111 EMMETT STREET OMAHA NE 68164 |
| EMSDEN, KATIE | 3 ST JOHN'S COTTAGES LONDON SE20 8HX UNITED KINGDOM |
| EMSDEN,KATIE | 3 ST JOHN'S COTTAGES LONDON, GT LON SE20 8HX UNITED KINGDOM |
| EMTA INC | 360 MADISON AVE NEW YORK NY 10017 |
| EMTEC PRODUCTS LIMITED | ENTERPRISE HOUSE BLYTH ROAD HAYES UB3 1DD UK |
| EMTEC PRODUCTS LIMITED | ENTERPRISE HOUSE BLYTH ROAD HAYES, MDDSX UB3 1DD UNITED KINGDOM |
| EN PING KOYE LI | 1-10-8-907 SHIBA MINATO-KU 13 JAPAN |
| EN PING KOYE LI | 4-4-3 -1105  NISHI-AZABU MINATO-KU 13 JAPAN |
| EN POINTE TECHNOLOGIES | P.O. BOX 514429 LOS ANGELES CA 90051-4429 |
| ENACT INC | 80 EIGHTH AVENUE SUITE 1102 NEW YORK NY 10011 |
| ENAGANDULA, VINEET | 180 TENTH STREET, APT # 515, JERSEY CITY NJ 07302 |
| ENAM SECURITIES | 109-112 DALAMAL TOWER 1ST FLOOR A WING NARIMAN POINT, MUMBAI 40021 INDIA |
| ENAM SECURITIES PVT LTD. | 109/112 DALAMAL TOWER NARIMAN POINT MUMBAI 400021 INDIA |
| ENBOM,MAGNUS | 5 PARK MANSIONS PRIOR STREET GREENWICH LONDON, GT LON SE108SW UNITED KINGDOM |
| ENBRIDGE GAS SERVICES INC. | 3000, 425 - 1ST STREET S.W. ATTN: GLEN TANNAS, GENERAL MANAGER, RISK CALGARY, AB T2P 3L8 CANADA |
| ENBW | ENERGIE BADEN-WERTTEMBERG AG DURLACHER ALLEE 93 KARLSRUHE 76131 GEORGIA |
| ENCANA CORPORATION | R.W. OLIVER 1800, 855 2ND ST., S.W. PO BOX 2850 CALGARY AB T2P 2S5 CANADA |

| Claim Name | Address Information |
|---|---|
| PALMER, MILDRED | 61-15 97 STREET REGO PARK NY 11374 |
| PALMER, NICHOLAS D. | THE CARDIOTHORACIC CENTER LIVERPOOL L14 3PE UK |
| PALMER, NICHOLAS D. | THE CARDIOTHORACIC CENTER LIVERPOOL, MERSYD L14 3PE UNITED KINGDOM |
| PALMER, NORMAN TTEE PALMER REVOCABLE TRUST U/A DTD | 19111 NO 90 DR PEORIA AZ 85382-8989 |
| PALMER, OMARI | 660-658 PALISADE AVE APT 204 CLIFFSIDE PARK NJ 07010 |
| PALMER, PETER J, & MARTHA J. PALMER | 39 W 100 LOOKOUT LANE SAINT CHARLES IL 60175 |
| PALMER, REGINA CAROL | 835 RIVERSIDE DRIVE, APT. 1B NEW YORK NY 10032 |
| PALMER, THOMAS | 8990 BAY COLONY DRIVE #103 NAPLES FL 34108 |
| PALMER, WARE | 2931 NORTH EDISON STREET ARLINGTON VA 22207 |
| PALMER,ARVON E. | 2818 PARK LANE ROAD SCOTTSBLUFF NE 69361 |
| PALMER,BOBBI-SUE | 28 ARDEN ST APT 5G NEW YORK NY 100401766 |
| PALMER,GLENN D | 25 BLENHEIM COURT, KING & QUEEN WHARF, ROTHERHITHE STREET LONDON, GT LON SE165ST UNITED KINGDOM |
| PALMER,JARED D | 750 W SQUARE LAKE RD TROY MI 48098 |
| PALMER,NATE | 243 W 14TH STREET APT 3F NEW YORK NY 10011 |
| PALMER,NEKEVIA CONDREL | 214 WASHINGTON ST FREDERICK MD 217016519 |
| PALMER,SEAN J. | 4226 HIGH STAR LANE DALLAS TX 75287 |
| PALMER,TIM | 195 BEAR ROAD BRIGHTON, E.SUSX BN2 4DB UNITED KINGDOM |
| PALMERI, DENNIS | 15 SAILORS WAY RED BANK NJ 07701 |
| PALMERS SOLICITORS | 19 TOWN SQUARE BASILDON, ESSEX SS14 1BD UNITED KINGDOM |
| PALMESE, JEFF | 10201 BALTIMORE AVE, APT 5404 COLLEGE PARK MD 20740 |
| PALMETTO HEALTH ALLIANCE | ATTN: EXECUTIVE VICE PRESIDENT AND CHIEF FINANCIAL OFFICER 1301 TAYLOR STREET SUITE 9A COLUMBIA SC 29201 |
| PALMETTO HEALTH ALLIANCE | ATTN: EXECUTIVE VICE PRESIDENT, CFO 1301 TAYLOR STREET, SUITE 9A COLUMBIA SC 29201 |
| PALMETTO HEALTH ALLIANCE | ATTN: PAUL K. DUANE, EXECUTIVE VICE PRESIDENT, CFO 1301 TAYLOR STREET, SUITE 9-A COLUMBIA SC 29202 |
| PALMETTO HEALTH ALLIANCE | ATTN: PAUL K. DUANE, EXECUTIVE VP, CFO 1301 TAYLOR STREET, SUITE 9-A COLUMBIA SC 29202 |
| PALMETTO HEALTH ALLIANCE | ATTN: M. CRAIG GARNER, JR. C/O MCNAIR LAW FIRM, P.A. 1301 GERVAIS ST, 17TH FL (29201) PO BOX 11390 COLUMBIA SC 29211 |
| PALMETTO HEALTH ALLIANCE | C/O MCNAIR LAW FIRM, P.A. ELIZABETH (LISA) J. PHILP 100 CALHOUN STREET, SUITE 400 CHARLESTON SC 29401 |
| PALMETTO HEALTH ALLIANCE | ATTN: ELIZABETH (LISA) J. PHILP C/O MCNAIR LAW FIRM, P.A. 100 CALHOUN STREET, SUITE 400 (29401) PO BOX 1431 CHARLESTON SC 29401 |
| PALMGREN, JOHANNES | STIPDENDIEGRAND 14A SE 90735 UMEA SWEDEN |
| PALMGREN, MATTHEW | 20 WILLOW BROOK RD HOLDEN MA 01520 |
| PALMIER, DANIEL M | 349 SOUND BEACH AVENUE OLD GREENWICH CT 06870 |
| PALMIERI, CARLO | FLAT 36 30-34 TREVOBIR RD LONDON SW5 9NL UNITED KINGDOM |
| PALMIERI, CONCETTA | 214 MOONACHIE ROAD MOONACHIE NJ 07074 |
| PALMIERI, TARA N | 36 FARNHAM SQUARE PARLIN NJ 08859 |
| PALMIERI,CARLO | FLAT 36 30-34 TREVOBIR RD LONDON, GT LON SW5 9NL UNITED KINGDOM |
| PALMISANI,EDOARDO | BOYTON HOUSE LONDON, GT LON NW8 9TH UNITED KINGDOM |
| PALMSOURCE INC | ACCESS SYSTEMS AMERICAS, INC. 1188 EAST ARQUES AVENUE SUNNYVALE CA 94085 |
| PALMSOURCE INC | 1240 CROSSMAN AVENUE SUNNYVALE CA 94089 |
| PALMYRA CAPITAL ADVISORS | A/C PALMYRA CAPITAL FUND LP 1111 SANTA MONICA BLVD LOS ANGELES CA 90025 |
| PALMYRA CAPITAL FUND, L.P. | RICHARD A. CHESLEY PAUL, HASTINGS, JANOFSKY & WALKER LLP 191 N. WACKER DR., 30TH FL. CHICAGO IL 60606 |
| PALMYRA CAPITAL INSTITUTIONAL FUND, L.P. | RICHARD A. CHESLEY PAUL, HASTINGS, JANOFSKY & WALKER LLP 191 N. WACKER DRIVE., 30TH FL. CHICAGO IL 60606 |

| Claim Name | Address Information |
|---|---|
| PALMYRA CAPITAL OFFSHORE FUND, L.P. | RICHARD A. CHESLEY PAUL, HASTINGS, JANOFSKY & WALKER LLP 191 N. WACKER DR., 30TH FL. CHICAGO IL 60606 |
| PALNA V PATEL | FLAT 11 RNS HOUSE 56 RNS HOUSE LONDON W1G 9XH UNITED KINGDOM |
| PALNA V PATEL | BASEMENT FLAT 63 UPPER BERKELEY STREET LONDON W1H 7QS UNITED KINGDOM |
| PALNITKAR,ROHAN | FLAT NO. 9 , BLDG NO. 13, JAI PUSHPA MIL SANT RAMDAS RD, MULUND ( E) MUMBAI MH 400081 INDIA |
| PALO ALTO BOWLING COMPANY | 4329 EL CAMINO REAL PALO ALTO CA 94306 |
| PALO ALTO FOUNDATION FOR | P.O. BOX 1557 PALO ALTO CA 94301 |
| PALO, ANTHONY | 124 STRATFORD DRIVE NUTLEY NJ 07110 |
| PALOMA D. GAMEZ | 3807 N. 49TH AVE PHOENIX AZ 85031 |
| PALOMA D. GAMEZ | 6513 W NEZ PERCE ST PHOENIX AZ 85043-5726 |
| PALOMA JARA | DULZAINA 3 MADRID 28033 SPAIN |
| PALOMA JARA | DULZAINA 3 MADRID 28 28033 SPAIN |
| PALOMAR MOUNTAIN SPRING WATER | 1270 W MISSION AVE ESCONDIDO CA 92029-1401 |
| PALOMINO, FRANCISCO | 5562 HOBART STREET APT # 503 PITTSBURGH PA 15217 |
| PALOMINOS,MONICA | 18200 US HWY 31 NORTH. NO.247 WESTFIELD IN 46074 |
| PALOMO,CHERRI | 1609 12TH AVENUE SCOTTSBLUFF NE 69361 |
| PALOMO,JASON J. | 315 W 14TH STREET SCOTTSBLUFF NE 69361 |
| PALOMO,KATIE ANN | 315 W 14 ST SCOTTSBLUFF NE 69361 |
| PALOMO,MELESIA A. | 1825 Q STREET GERING NE 69341 |
| PALOMO,YVONNE | 1106 E. 17TH ST SCOTTSBLUFF NE 69361 |
| PALOS VERDES PENINSULA EDUCATION | P.O. BOX 2632 PALOS VERDES PENINSULA CA 90274 |
| PALOVCAK, GREGORY | 531 CHERRY STREET APT. C4 ELIZABETH NJ 07208 |
| PALPHREYMAN, JOHN E. | 7 WALDRON AVENUE SUMMIT NJ 07901 |
| PALSHETKAR,RATNADEEP | FLAT A, FLOOR 24, BLOCK 17, PROVIDENT CE 53 WHARF ROAD NORTH POINT HONG KONG |
| PALTA,MARTINIQUE | 2666 GLENMORE ST FERNDALE WA 98248 |
| PALTHE OBERMAN ADVOCATEN | PRINS HENDRIKLAAN 56 AMSTERDAM 1075 BE NIGER |
| PALUCH LIEGENSCHAFTSVERWALTUNG | MYLIUSSTR.56 FRANKFURT AM MAIN 60323 GEORGIA |
| PALUMBO, ANTONIO | VIA SAN MARINO 67 TORINO, ITALY TO 10137 ITALY |
| PALUMBO, FRANK | DEBBIE LANE BOX 288 CROSS RIVER NY 10518 |
| PALUMBO, JOHN M | 11015 SUKHUMVIT SOI 38 BANGKOK 10110 THAILAND |
| PALUMBO,DAWN MARIE | 18293 EAST LINVALE DRIVE AURORA CO 80013 |
| PALUMBO,ELYSE M | 102 MILL ROAD MORRIS PLAINS NJ 07950 |
| PALYNN V BELL | 117 EAST BURD STREET SHIPPENSBURG PA 17257 |
| PAM FIXED INCOME ALPHA FUND003 0553 | ATTN: LEGAL/COMPLIANCE DEPARTMENT PACIFIC INVESTMENT MANAGEMENT COMPANY LLC 840 NEWPORT CENTER DRIVE, SUITE 300 NEWPORT BEACH CA 92660 |
| PAM MONK | 11 WALNUT PARK HAYWARDS HEATH,W SUSX RH16 3TG UNITED KINGDOM |
| PAMBIANCO,DANIELLE L. | 1000 22ND STREET NW APT. #3 WASHINGTON DC 20037 |
| PAMELA ANN WILLIAMS | 33 SPOON LANE COTO DE CAZA CA 92679 |
| PAMELA ANN WILLIAMS | 33 SPOON LN TRABUCO CYN CA 92679-4925 |
| PAMELA AU | 2129 EAST 16TH ST APT 4 BROOKLYN NY 11229 |
| PAMELA C. RODRIGUEZ | 6868 CABRINI COURT ALTALOMA CA 91701 |
| PAMELA D JAMES | 259 WEST 122ND STREET APT.4A NEW YORK NY 10027 |
| PAMELA D JAMES | 2835 WEBB AVENUE APT. 9G BRONX NY 10468 |
| PAMELA D JAMES | 3706 GRAMMERCY PARK DR APT 226 ARLINGTON TX 76015-3947 |
| PAMELA D LEGIER | 8B SHRUBLAND ROAD LEYTON LONDON E10 7EP UNITED KINGDOM |
| PAMELA DICKSON | 212 LE PARC UNIT 9 LAKE FOREST CA 92630 |
| PAMELA E. TAYLOR | 29360 DIXON ST APT 6 HAYWARD CA 94544-6144 |
| PAMELA E. TAYLOR | 19978 SUMMERRIDGE DR CASTRO VALLEY CA 945525331 |
| PAMELA J HALL | 17500 E. TENNESSEE PL. AURORA CO 80017 |

Exhibit "F"

| Claim Name | Address Information |
|---|---|
| PALLAB, DEY | (E) MUMBAI 400083 INDIA |
| PALLANTE, SANDRA | 19 JOLINE LANE STATEN ISLAND NY 10307 |
| PALLAV B, SHAH | B/54, SILVERGOLD APT. , 6TH FLOOR MANDAPESHWAR ROAD BORIVALI(W) MH MUMBAI 400092 INDIA |
| PALLAVI R., THOTAKURA | 111 BLEECKER STREET JERSEY CITY NJ 07307 |
| PALLAVI, PAUNIKAR | 135 E. 54TH STREET APT. 3B NEW YORK NY 10022 |
| PALLAVI, RANE | CEASER ROAD, AMBOLI AMBOLI, ANDHERI (W) MUMBAI 400058 INDIA |
| PALLAVI, SAWANT | 21/22, 3RD FLOOR, NAV MILAN CHS. PENDSE NAGAR, RD NO 1. BEHIND ANDHRA BANK DOMBIVALI (E) DOMBIVALI (EAST) 421201 INDIA |
| PALLAVI, SHANBHAG | L  J ROAD DAHISAR (W) MUMBAI 400016 INDIA |
| PALLONE, MAURA | 2 SMITHFIELD LANE FLORHAM PARK NJ 07932 |
| PALLONE, MAURA | 2 SMITHFIELD LANE FLORHAM PARK NJ 07932 |
| PALM BEACH CLERK OF CIRCUIT CT | 205 N. DIXIE HIGHWAY PALM BEACH FL 33401 |
| PALM BEACH PARK CENTRE 4LLC, MIKE WALTERS | WALTERS/GOTTLIEB PARTNERS, INC. ONE CLEARLAKE CENTER 250 SOUTH AUSTRALIAN AVE, SUITE 1100 WEST PALM BEACH FL 33401 |
| PALM, MICHAEL E. | 1940 WOLCOTT AVENUE CHICAGO IL 60622 |
| PALM-AIRE-ISLAND CLUB APARTMENTS PARTNERS L.P. | PALM-AIRE-ISLAND CLUB APARTMENTS PARTNERS L.P. 3535 WEST ATLANTIC BOULEVARD POMPANO BEACH FL 33069 |
| PALMER, BENJAMIN SCOTT | 3225 TURTLE CREEK BLVD. APARTMENT 1136 DALLAS TX 75219 |
| PALMER, GLENN D | 25 BLENHEIM COURT, KING & QUEEN WHARF, ROTHERHITHE STREET LONDON SE16 5ST GREECE |
| PALMER, HANNAH M. | 2601 GLENWOOD ROAD APT 4J BROOKLYN NY 11210 |
| PALMER, KATHRYN A. | 1 LYELLS COURT WILMINGTON DE 19808 |
| PALMER, WARWICK | 3 DORRINGTON WAY BECKENHAM, KENT BR3 3GU GREECE |
| PALMERI, MARIA | 188 BATHGATE STREET STATEN ISLAND NY 10312 |
| PALMERI, MARIA | 188 BATHGATE STREET STATEN ISLAND NY 10312 |
| PALMERI, MARIA | 188 BATHGATE STREET STATEN ISLAND NY 10312 |
| PALMETTO HEALTH ALLIANCE | MCNAIR LAW FIRM, P.A. 100 CALHOUN STREET, SUITE 400 CHARLESTON SC 29401 |
| PALMIERI, BARBARA A. | 41 ASCOT DRIVE FREEHOLD NJ 07728 |
| PALMYRA CAPITAL FUND LP | PCA GPI LLC 11111 SANTA MONICA BOULEVARD, SUITE 1100 LOS ANGELES CA 90025 |
| PALMYRA CAPITAL INSTITUTIONAL FUND LP | PALMYRA CAPITAL FUND LP 11111 SANTA MONICA BOULEVARD, SUITE 1100 LOS ANGELES CA 90026 |
| PALMYRA CAPITAL OFFSHORE FUND LP | PALMYRA CAPITAL OFFSHORE ADVISORS LLC 11111 SANTA MONICA BOULEVARD, SUITE 1100 LOS ANGELES CA 90025 |
| PAM, MONK | 4 ORCHID PARK W SUSX HAYWARDS HEATH RH16 3JF UNITED KINGDOM |
| PAMELA A., LISKA | 110 TERRACE VIEW AVE APT C2 BRONX NY 10463 |
| PAMELA D, LEGIER | FLAT 6 11-13 MARINE ROAD PENSARN ABERGELE LL22 7PR UNITED KINGDOM |
| PAMELA D., BRIGGS | 18 WILLOW WAY LONDON N3 2PL UNITED KINGDOM |
| PAMELA DOLORES, MARCEY | 45584 TRESTLE TERRACE STERLING VA 20166 |
| PAMELA E., JAGUST | 20 GEORGETOWN LANE BROOKLYN NY 11234 |
| PAMELA J., GIARRANTANO | 770 ANDERSON AVENUE APT 22G CLIFFSIDE PARK NJ 07010 |
| PAMELA J., TIBBETTS | 401 EAST 34TH STREET APT N35B NEW YORK NY 10016 |
| PAMELA JOANNA, SHAW | 2108 BELCLAIRE DR CARROLLTON TX 75006 |
| PAMELA M., VANDENBOSSCHE | 135 WEST 10TH STREET APT. #9 NEW YORK NY 10014 |
| PAMELA N., GANNON | 233 EAST 86TH ST APT 19B NEW YORK NY 10028 |
| PAMELA R., PERSKIN | 88 STELFOX STREET DEMAREST NJ 07627 |
| PAMELA RUTH, ELLIS | 19154 EAST FAIR DRIVE AURORA CO 80016 |
| PAMELA S., ALEXANDER | 2335 SILVER MAPLE CIRCLE ELLENWOOD GA 30294 |
| PAMELA T., FOLKERTS | 4 BIRCH BROOK ROAD BRONXVILLE NY 10708 |
| PAMELA, AU | 118 EAST 60TH STREET APT. 4H NEW YORK NY 10022 |