Hearing Date and Time: April 9, 2010 at 10:00 a.m.
Objection Deadline: April 1, 2010 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :   Case No. 08-13555 (JMP)
                                                    :
                            Debtors.                :   (Jointly Administered)
                                                    :
------------------------------------------------------------x
In re:                                              :   SIPA Proceeding
                                                    :
LEHMAN BROTHERS INC.,                               :   Case No. 08-01420 (JMP)
                                                    :
                            Debtor.                 :
                                                    :
------------------------------------------------------------x

**MOTION *IN LIMINE* FOR AN ORDER, PURSUANT TO THIS COURT'S OCTOBER 27, 2009 SCHEDULING ORDER, DEEMING CERTAIN FACTS TO BE ADMITTED**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

     Lehman Brothers Holdings Inc. ("LBHI"), James W. Giddens (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc., and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. and its affiliated debtors and debtors-in-possession (the "Committee," collectively, the "Movants"), by and through their undersigned counsel, hereby move for the entry of an order, pursuant to this Court's October 27, 2009 Scheduling Order (the "Scheduling Order"), to streamline the proceedings on LBHI's, the Trustee's, and the Committee's motions pursuant to Federal Rule of Civil Procedure 60 filed on September 15, 2009 (the "Rule 60 Motions") by deeming certain facts to be admitted for the purposes of any hearing on the Rule 60 Motions.

## PRELIMINARY STATEMENT[1]

1. Movants respectfully submit this motion to ask the Court to find certain facts to be admitted in the event an evidentiary hearing is held on the Rule 60 Motions. The Rule 60 Motions, as the Court knows, have been extensively briefed by all parties, including the submission of a voluminous factual record. In an effort to streamline the proceedings, the parties agreed to, and the Court so-ordered, a procedure to resolve factual disputes through a mechanism derived from Local Rule 56.1, described in more detail below. Barclays has attempted to frustrate the purpose of that procedure by offering argument about facts that cannot legitimately be disputed, making this motion necessary.

2. Movants do not seek with this motion to delay or divert the Court from reaching the merits of the Rule 60 Motions. Movants make this motion to put Barclays' responses to Movants' factual contentions before the Court so that Movants may use Barclays' responses as admissions and to assist the Court in sorting through the issues that are not subject to any genuine factual dispute.

## STATEMENT OF FACTS

3. The Scheduling Order entered on October 27, 2009 provides for a specific procedure to identify factual issues in dispute for purposes of the Rule 60 Motions. Patterned after Southern District of New York Local Rule 56.1 and Rule 7056-1 of the Local Bankruptcy Rules, the Court ordered Movants to "serve statements (presented in separate, short and concise, numbered paragraphs, with citations to the record) of the facts relevant to their Rule 60 Motions

---

[1] Due to the strictures of a confidentiality stipulation which Barclays insisted upon, the publicly-filed version of this Motion has been redacted in part, and the full Motion filed under seal.

2

as to which they contend there is no genuine issue that requires an evidentiary hearing." (Scheduling Order ¶ 5). The Court also ordered Barclays Capital, Inc. ("Barclays"), in turn, to "serve statements (presented in separate, short and concise numbered paragraphs, with citations to the record) responding to the statements submitted by LBHI, the Trustee and the Creditors Committee." (*Id.* ¶ 9). In accordance with this Order, Movants served on Barclays a 739-paragraph Statement of Undisputed Material Facts, and Barclays submitted a paragraph-by-paragraph response to Movants' Statement. ("Barclays' Response" is attached hereto as Exhibit A.)

        4.     The procedure set forth in the Scheduling Order was expressly designed to identify and narrow the areas of factual dispute before the Court. Here, Movants' Statement of Undisputed Material Facts (which was derived from the facts the movants asserted in support of the Rule 60 Motions) and Barclays' Response to it reflect that many of the material facts on which the Rule 60 Motions are based are not in dispute. The specific factual propositions as to which, upon analysis of the parties' respective statements, there is no dispute are set forth in Exhibit B to this motion. By this motion, LBHI, the Trustee, and the Committee respectfully request that the Court enter an order—a proposed form for which is attached hereto as Exhibit C—that the undisputed factual propositions set forth in Exhibit B are established for purposes of Movants' Rule 60 Motions. To facilitate the entry of such an order, Movants have provided a column in Exhibit B titled "Court Ruling" under which the Court may designate the facts it deems admitted. The order that Movants request will narrow the scope and scale of the upcoming proceedings, and will give effect to the Court's requirement in the Scheduling Order that the parties submit these detailed factual statements.

3

# ARGUMENT

### A. The Procedure Prescribed by the Scheduling Order is a Well-Established Device to Identify Undisputed Facts

5. The procedure in the Scheduling Order that required Movants to submit an undisputed statement of material facts, and for Barclays to submit a paragraph-by-paragraph response to it, is a well-established device to identify facts that are not in dispute and to streamline a Court's inquiry.

6. This procedure duplicates Southern District of New York Local Civil Rule 56.1 and Rule 7056-1 of the Local Bankruptcy Rules. As the Second Circuit has stated, "[t]he purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). "Courts rely on Local Rule 56.1 to assist them in understanding the scope of the summary judgment motion by highlighting those facts which the parties contend are in dispute." *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, No. 00 Civ. 4763, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) (internal quotation marks omitted).

7. As reflected in the Scheduling Order, this procedure calls for the movant to submit a "separate, short and concise statement, in numbered paragraphs of the material facts as to which the moving party contends there is no genuine issue to be tried." S.D.N.Y. L. Civ. R. 56.1(a); *see also* Scheduling Order ¶ 5 ("LBHI, the Trustee and the Creditors Committee shall serve statements (presented in separate, short and concise, numbered paragraphs, with citations to the record) of the facts relevant to their Rule 60 Motions as to which they contend there is no genuine issue that requires an evidentiary hearing."). The opponent is then required to respond to the movants' statement with "a correspondingly numbered paragraph responding to each

numbered paragraph in the statement of the moving party." S.D.N.Y. L. Civ. R. 56.1(b); *see also* Scheduling Order ¶ 9.

8.  To put a fact in dispute pursuant to this procedure, it is not sufficient for a non-movant to "punctuate their objection with the word 'disputed' and fail to cite evidence." *U.S. Info. Sys.*, 2006 WL 2136249, at *3 (noting that "this tactic directly violates the rule"); *see also id.* ("A non-moving party cannot create a factual dispute merely by denying a movant party's factual statement[.]"). Rather, to properly dispute a fact, "the non-moving party *must identify controverting evidence* for the court." *Id.* (emphasis added; citing cases). And, if it fails to do so, a properly supported fact in the movant's statement of undisputed material facts should be deemed *admitted* for purposes of the motion. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party fails to controvert a fact [] set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").[2] A non-moving party also "cannot evade the impact of accepting a fact by adding legal argument to their counterstatement[]." *U.S. Info. Sys.*, 2006 WL 2136249, at *3 (citing *Goldstick v. The Hartford, Inc.*, No. 00 Civ. 8577, 2002 WL 1900629 (S.D.N.Y. Aug. 19, 2002)); *see also Rodriguez v. Schneider*, No. 95 Civ. 4083, 1999 WL 459813, at n.3 (S.D.N.Y. June 29, 1999) ("*Rule 56.1 statements are not argument.* They should contain factual assertions with citation to the record. They should not contain conclusions.") (emphasis in original).

---

[2] *See also Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 505 (S.D.N.Y. 2003) ("[W]here a stated fact is nowhere controverted, it will be deemed admitted."); S.D.N.Y. L. Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party *will be deemed to be admitted for purposes of the motion unless specifically controverted* by a correspondingly numbered paragraph in the statement required to be served by the opposing party.") (emphasis added).

9. In accordance with the procedure set forth in Paragraphs 5 and 9 of the Court's Scheduling Order, all facts in Movants' Statement of Undisputed Fact that are not properly controverted by corresponding statements supported by record evidence in Barclays' Response should be deemed admitted for purposes of the pending Rule 60 Motions and the proceedings in connection with them. In particular, as set forth below and in more detail in Exhibit B hereto and the accompanying Proposed Order, Barclays should be deemed to have admitted facts that it (i) does not dispute; (ii) does not controvert but only argues over the "implications" and other consequences flowing from them, or otherwise provides a non-responsive answer; and (iii) does not genuinely dispute but only reformulates.

**B.    Facts That Barclays Does Not Dispute Should Be Deemed Admitted**

10. Barclays has expressly stated that it "does not dispute" many of the facts in Movants' Statement of Undisputed Material Facts. For example, Barclays does not dispute that "Steven Berkenfeld ('Berkenfeld') worked at Lehman from January 1987 to September 2008"; "McDade was one of Lehman's primary negotiators in connection with the Sale Transaction"; "[a]t the time of the Sale Transaction, Tonucci reported to Lowitt"; and "In February 2009, Barclays announced: The excess of the fair value of net assets acquired [from Lehman] over consideration paid [to Lehman] resulted in $2,262 m[illion] of gains on acquisition"; (Exhibit A ¶¶ 4, 74, 118, 228). A list of these and other material facts from Movants' Statement that Barclays does not dispute is set forth in Exhibit B to this motion. All of these facts should be deemed admitted for purposes of the pending Rule 60 Motions. *See generally Holtz*, 258 F.3d at 72 ("The facts set forth in a moving party's statement 'will be deemed to be admitted unless controverted' by the opposing party's statement.") (quoting S.D.N.Y. L. R. 56.1(c)); *Giannullo*, 322 F.3d at 140 (same).

6

C.  **The Facts for Which Barclays Disputes "Implications" Flowing From Them Should Be Deemed Admitted**

11.  A second category of facts that should be deemed admitted for purposes of the Rule 60 Motions is where Barclays purports to "dispute" a factual statement, but does not cite any evidence of, or even refer to, any controverting facts. Instead, Barclays merely provides a gloss on what *implications* it says should or should not be drawn from these undisputed facts or otherwise provides a non-responsive answer in that it fails to cite any contrary evidence in the record. That, however, is not a proper means for disputing facts that are stated and properly supported with evidence by Movants.

12.  For example, Paragraph 51 of Movants' Statement sets forth the following undisputed fact: "Kelly received from Barclays a                              In its response, Barclays purports to "dispute" this statement "to the extent it implies that Mr. Kelly received

                              (Barclays' Response ¶ 51.) That is merely argument, not a factual assertion. In its response, Barclays also claims an

                                                                                                (*Id.*) But nowhere does Barclays even address, let alone refute, the express factual assertion concerning the           that Mr. Kelly actually received from Barclays. (*Id.*)

13.  Another example is Barclays' response to Movants' statement that "[p]rior to the closing of the Sale Transaction, [Ian] Lowitt never saw the Asset Purchase Agreement." (Barclays' Response ¶ 62.) Barclays also invokes its "implication" technique in purporting to dispute this statement "to the extent that it implies that Mr. Lowitt should have reviewed the APA prior to the Closing of the Sale Transaction." (*Id.*) Barclays also adds a legal argument that it was "reasonable for Mr. Lowitt not to have reviewed the APA prior to the Closing." (*Id.*) Once again, Barclays does not refute the basic factual assertion—that Mr. Lowitt never saw the

7



Asset Purchase Agreement before the closing of the Sale Transaction—but only provides its own gloss about the purported implications and legal consequences flowing from this fact.

14. Similarly, Paragraph 284 of Movants' statement states: "Berkenfeld initialed the 9/16/08 Financial Schedule," and cites to the exhibit with Berkenfeld's initials and Berkenfeld's deposition testimony in which he testifies that his initials are on the document. Again, Barclays does not refute the stated fact, but rather "disputes" the fact "to the extent it implies that the 9/16 Financial Schedule was part of the APA." (Barclays Response ¶ 284.)

15. In many other instances, Barclays simply provides a non-responsive, often argumentative, answer instead of refuting the specific fact stated. For example, in Paragraph 419, Movants state the following fact: "Relieving the New York Fed of the short-term financing role it had been providing for LBI was accomplished through a Repurchase Agreement, dated September 17, 2008, between Lehman and Barclays (the "Repurchase Agreement")," and cite to the Leventhal Declaration. Barclays responds that it "disputes" the fact, "except refers to "the Leventhal Declaration for a description of the Fed's actions in relation to LBI and the terms of the Fed Repo and refers to the LaRocca Declaration for a description of the Barclays reverse repurchase agreement." Barclays has not disputed the specific fact offered by Movants, and, moreover, refers to the same evidence cited by Movants.

16. These and other, similar statements listed in Exhibit B to this motion should be deemed admitted. "[W]here a stated *fact* is nowhere controverted, it will be deemed admitted." *Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 505 (S.D.N.Y. 2003) (emphasis added) (quoting *Williams v. R.H. Donnelley, Inc.*, 199 F. Supp. 2d 172, 173 n.1 (S.D.N.Y. 2002)). A non-moving party cannot, as Barclays tries to do in its Response, "evade the impact of accepting a fact by adding legal argument to [its] counterstatements." *U.S. Info.*

*Sys.*, 2006 WL 2136249, at *3. And so, where a movant purports to dispute a statement of material fact, but does not cite to any controverting evidence and only argues about how the undisputed fact should be interpreted, a court should deem the underlying fact at issue admitted. *See Major League Baseball*, 542 F.3d at 314-15 (district court properly deemed assertions undisputed where non-movant stated they were "DISPUTED" but such responses "were followed by statements that in effect admitted all or most of the [] assertion" and argued the implications flowing from these undisputed facts; this approach did "not [] present a factual dispute that was genuine"); *U.S. Info. Sys.*, 2006 WL 2136249, at *4 ("To the extent the [non-movants] proclaim factual assertions to be in dispute without identifying evidence in the record, [they] thwart the basic purpose of the rule."); *cf. Gallimore-Wright v. Long Island R.R. Co.*, 354 F. Supp. 2d 478, (S.D.N.Y. 2005) (deeming responses "that the facts stated are not relevant" to be admissions).

17. The statements listed in Exhibit B hereto should therefore be deemed admitted in connection with the Rule 60 Motions.

**D.    Other Facts That Barclay Does Not Dispute Should Be Deemed Admitted**

18. A third category of facts that should be deemed admitted is where Barclays purports to dispute Movants' statement, but only restates the fact in Barclays' own words, sometimes with an additional detail or embellishment. As to these facts, Movants accept some of Barclays' less argumentative reformulations and, as reformulated by Barclays, the Court should therefore streamline these proceedings by deeming these facts to be undisputed.

19. Barclays does not, for example, cite any evidence to controvert Movants' statement that "[a]t the time of the Sale Transaction, Mark Shapiro . . . was Head of Restructuring within Lehman's Investment Banking Division." (Barclays' Response ¶ 101). Barclays says, however, that it "disputes" this statement as purportedly "incomplete" because

9

"Mr. Shapiro was a Managing Director in addition to being the Head of Restructuring within Lehman's Investment Banking Division." (*Id.* ¶ 101). Movants agree with that statement by Barclays.

20. Similarly, Movants state that "Lehman officers involved in the negotiations have testified that Lowitt participated in the negotiations regarding the Sale Transaction." (Barclays Response ¶ 59). Barclays responds to this by "disput[ing]" this statement and then stating, among other things, that "Mr. Kelly . . . testified that Mr. Lowitt was 'responsible overall' for preparing 'a closing balance sheet which reflected the transaction.'" (*Id.*). Again, Movants agree.

21. Barclays likewise responds to Movants' Statement that "Berkenfeld testified that the contract he signed on Lehman's behalf in connection with the Sale Transaction reflected an agreement to sell the assets at Lehman's actual book value" by "disput[ing]" this fact and then reformulating it to state that "Mr. Berkenfeld testified that "[t]he purchase agreement says that what's being transferred over is approximately 70 billion of book value" and that "the understanding was that there would be purchased assets, transferred assets that had a book value as of the date of approximately 70 million [sic]." (Barclays Response ¶ 261). Movants do not dispute this.

22. Facts that fall into this third category, which includes these and other examples where Barclays "disputes" the assertions at issue only by reformulating them in its own words, are also set forth in Exhibit B hereto. As to all such facts, Movants accept and do not dispute Barclays' alternative formulation. The Court should, accordingly, deem admitted these facts. *See Gallo v. Suffolk County Police Dep't*, 360 F. Supp. 2d 502, 505 n.2 (E.D.N.Y. 2005) (deeming movant's statement of facts admitted because non-movant "merely provides his own

recitation of the facts and fails to specifically controvert the material facts set forth" in the movant's statement).

## NOTICE

23.    No trustee has been appointed in the chapter 11 cases. Movants have served notice of this motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for the chapter 11 cases [Chapter 11 Docket No. 2837] and the order entered on November 7, 2008 governing case management and administrative procedures for the SIPA proceeding [SIPA Docket No. 240] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Securities Investor Protection Corporation; (vi) counsel for Barclays; and (vii) all parties who have requested notice in these proceedings. Movants submit that no other or further notice need be provided.

# CONCLUSION

Movants respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit C, granting the relief requested herein; and (b) grant such other and further relief to the Movants as the Court may deem proper.

Dated: New York, New York
March 9, 2010

Respectfully submitted,

JONES DAY
Robert W. Gaffey
Jayant W. Tambe
William J. Hine
222 East 41st Street
New York, New York 10017
(212) 326-3939 (telephone)
(212) 755-7306 (facsimile)
rwgaffey@jonesday.com

HUGHES HUBBARD & REED LLP
William R. Maguire
Seth D. Rothman
Neil J. Oxford
One Battery Park Plaza
New York, New York 10004
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)
maguire@hugheshubbard.com

*Attorneys for James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

QUINN EMANUEL URQUHART OLIVER & HEDGES
Susheel Kirpalani
James C. Tecce
51 Madison Ave 22nd Floor
New York, New York 10010
212 849-7000 (telephone)
212 849-7100 (facsimile)
jamestecce@quinnemanuel.com

Erica P. Taggart
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

*Attorneys for Official Committee of Unsecured Creditors*

## CONCLUSION

Movants respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit C, granting the relief requested herein; and (b) grant such other and further relief to the Movants as the Court may deem proper.

Dated: New York, New York
March 9, 2010

Respectfully submitted,

_____
JONES DAY
Robert W. Gaffey
Jayant W. Tambe
William J. Hine
222 East 41st Street
New York, New York 10017
(212) 326-3939 (telephone)
(212) 755-7306 (facsimile)
rwgaffey@jonesday.com

_____
QUINN EMANUEL URQUHART OLIVER & HEDGES
Susheel Kirpalani
James C. Tecce
51 Madison Ave 22nd Floor
New York, New York 10010
212 849-7000 (telephone)
212 849-7100 (facsimile)
jamestecce@quinnemanuel.com

Erica P. Taggart
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

*Attorneys for Official Committee of Unsecured Creditors*

HUGHES HUBBARD & REED LLP
William R. Maguire
Seth D. Rothman
Neil J. Oxford
One Battery Park Plaza
New York, New York 10004
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)
maguire@hugheshubbard.com

*Attorneys for James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

12

## CONCLUSION

Movants respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit C, granting the relief requested herein; and (b) grant such other and further relief to the Movants as the Court may deem proper.

Dated: New York, New York
       March 9, 2010

Respectfully submitted,

JONES DAY
Robert W. Gaffey
Jayant W. Tambe
William J. Hine
222 East 41st Street
New York, New York 10017
(212) 326-3939 (telephone)
(212) 755-7306 (facsimile)
rwgaffey@jonesday.com

QUINN EMANUEL URQUHART OLIVER & HEDGES
Susheel Kirpalani
James C. Tecce
51 Madison Ave 22nd Floor
New York, New York 10010
212 849-7000 (telephone)
212 849-7100 (facsimile)
jamestecce@quinnemanuel.com

Erica P. Taggart
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

*Attorneys for Official Committee of Unsecured Creditors*

HUGHES HUBBARD & REED LLP
William R. Maguire
Seth D. Rothman
Neil J. Oxford
One Battery Park Plaza
New York, New York 10004
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)
maguire@hugheshubbard.com

*Attorneys for James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

12