B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re LEHMAN BROTHERS HOLDNGS INC.        Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Morgan Stanley & Co. International plc | FCDB LBU LLC c/o Fortress Investment Group for and on behalf of Drawbridge DSO Securities LLC and Drawbridge OSO Securities LLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Morgan Stanley & Co. International plc
25, Cabot Square,
Canary Wharf,
London E14 4QA

Court Claim # (if known): 62931
Amount of Claim: transferred amount – US$1,255,194.43
0.40471290% of amended total claim US$310,144,412.28
Date Claim Filed: 2 November 2009

With a copy to:
Richards Kibbe & Orbe L.L.P.
One World Financial Center
New York, NY 10281-1003
Fax: 212-530-1801
Attn: Managing Clerk

Phone: + 44 207 677 7974
E-mail: lndistressed@morganstanley.com

Phone:
Last Four Digits of Acct. #: n/a

Phone: + 212 530 1800

Last Four Digits of Acct #: n/a

Name and Address where transferee payments should be sent (if different from above):

566570.1/9999-00999

Wire Instructions:

## USD    PAYMENT INSTRUCTIONS:

| | |
|---|---|
| TO: | CHASE MANHATTAN NEW YORK, NY |
| SWIFT: | CHASUS33 |
| ACCOUNT NAME: | MORGAN STANLEY & CO. INTERNATIONAL plc |
| SWIFT: | MSLNGB2X |
| ACCOUNT NUMBER: | 066617758 |
| REF: | Fixed Income |

## EUR    PAYMENT INSTRUCTIONS:

| | |
|---|---|
| TO: | CITIBANK N.A. |
| SWIFT: | CITIGB2L |
| ACCOUNT NAME: | MORGAN STANLEY & CO. INTERNATIONAL plc |
| SWIFT: | MSLNGB2X |
| ACCOUNT NUMBER: | 12221071 |
| IBAN: | GB15CITI18500812221071 |
| REF: | Fixed Income |

Last Four Digits of Acct #: n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By: _____BSC_____    BRIAN CRIPPS
    Transferee/Transferee's Agent    Authorised Signatory    Date: 9-3-2010

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

566570.1/9999-00999

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **FCDB LBU LLC c/o Fortress Investment Group** ("Seller"), **for and on behalf of Drawbridge DSO Securities LLC and Drawbridge OSO Securities LLC** hereby unconditionally and irrevocably sells, transfers and assigns to **Morgan Stanley & Co. International plc** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 62931 filed by or on behalf of **FCDB LBU LLC c/o Fortress Investment for and on behalf of Drawbridge DSO Securities LLC and Drawbridge OSO Securities LLC** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery

and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.   Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.   Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.   Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9 day of ~~February~~ March 2010.

FCDB LBU LLC

By: _____
Name:   Glenn P. Cummins
Title:   Authorized Signatory

c/o Fortress Investment Group
1345 Avenue of the Americas
New York, NY 10105
E-mail: moble@fortress.com

MORGAN STANLEY & CO. INTERNATIONAL PLC

By: _____
Name:
Title:   BRIAN CRIPPS
         Authorised Signatory

25, Cabot Square
Canary Wharf
London E14 4QA
E-mail: lndistressed@morganstanley.com

Schedule 1

Transferred Claims

Purchased Claim

7.33636211% = $1,255,194.43 of XS0189741001 claim of US$17,109,221.37 reduced from original claim of US$18,712,761.05

0.40471290% = $1,255,194.43 of total claim of US$310,144,412.28 reduced from original claim of US$357,912,329.63

(the outstanding amount of the Proof of Claim as of 9 ~~February~~ *March* 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LBHI Program Securities Bonds | XS0189741001 | Lehman Brothers Holdings Inc. | None | EUR 872,000.00 | Floating | 04/05/2011 | EUR 9,271.10 |

Schedule 1-1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)       0000062931 |
| **Note:** This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | THIS SPACE IS FOR COURT USE ONLY |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>FCDB LBU LLC c/o Fortress Investment Group<br>1345 Avenue of the Americas<br>New York, NY 10105<br>Attn: James K. Noble<br>Telephone number: 212-798-6100    Email Address: jnoble@fortress.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>*(If known)*<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:                 Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ **no less than 357,912,330** _____ (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** see attached schedule         (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

see attached schedule                    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
see attached schedule                   (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>Oct. 30,<br>2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]* Marc Furstein, Chief Operating Officer | **FOR COURT USE ONLY**<br>**FILED / RECEIVED**<br><br>NOV 0 2 2009<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :  Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :  Case No. 08-13555 (JMP)
                                                            :
                                    Debtors.                :  (Jointly Administered)
                                                            :
------------------------------------------------------------x

## ADDENDUM TO PROOF OF CLAIM OF FCDB LBU LLC REGARDING LEHMAN PROGRAM SECURITIES ISSUED BY LEHMAN BROTHERS TREASURY COMPANY B.V. AND LEHMAN BROTHERS HOLDINGS INC.

FCDB LBU LLC (the "Claimant") hereby asserts claims (the "Claims") against Lehman Brothers Holdings Inc. ("LBHI"), a debtor and debtor-in-possession in the above-captioned bankruptcy cases, as set forth in the attached official proof of claim form, this addendum and the schedule hereto (collectively, the "Proof of Claim").

### Background

1. On September 15, 2008 (the "Petition Date"), LBHI and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

### Claims Based on Lehman Program Securities

2. The Claimant's Claims are based on one or more "Lehman Program Securities," as such term is defined in the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order").

3. As provided in the Bar Date Order, the Claimant is not required to (a) attach any additional supporting documentation for the Claims to this Proof of Claim or (b) complete a derivative or guarantee questionnaire with respect to Claims arising from Lehman Program Securities.

**The Program Securities**

4. The Claimant's Claims are based on certain Lehman Program Securities issued by Lehman Brothers Treasury Company B.V. and/or Lehman Brothers Holdings Inc. (the "Issuer"), as indicated on Schedule A attached hereto.

5. As required under the Bar Date Order, the Claimant has set forth in Schedule A hereto (a) the amount of each of its Claims relating to the Claimant's Lehman Program Securities in United States dollars (using an exchange rate, if applicable, as of September 15, 2008); (b) the ISIN and/or CUSIP for the Claimant's Lehman Program Securities; (c) the relevant Euroclear electronic reference number(s) and/or Clearstream blocking reference number(s) for the Claimant's Lehman Program Securities and (d) the Clearstream Bank, the Euroclear Bank or other depository participant account number related the Lehman Program Securities.

6. To the extent that LBHI is not the Issuer of the Lehman Program Securities, LBHI has issued one or more unconditional and irrevocable guarantees (the "Transaction Guarantees") of payment of all amounts due under specific Lehman Program Securities issued by LBHI's affiliates. The Transaction Guarantees further guarantee payment of all stamp, registration and other taxes and duties (including any interest and penalties thereon or in connection therewith) which may be payable. Upon information and belief, all or substantially all of the Lehman Program Securities issued by LBHI's affiliates have the benefit of one or more Transaction Guarantees.

2

7. Further, LBHI guaranteed all obligations of the Issuer of the Lehman Program Securities (the "General Guarantees," and together with the Transaction Guarantees, the "Guarantees").[1] The General Guarantees are further evidenced by the inclusion of the Issuer in the "Corporate Guarantee" portion of LBHI's Schedule F. *See Amended Schedules of Assets and Liabilities for Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. filed June 15, 2009) [Dkt. No. 3918].]

8. Pursuant to the Guarantees, LBHI provided the Claimant an unconditional guarantee of payment of the Claims when due, with no requirement that the Claimant first pursue the Claims against the relevant Issuer or any other entity.

9. To the extent that the Guarantees require that a demand be served upon LBHI, this Proof of Claim shall constitute such a demand.

**The Claims**

10. The Claimant asserts Claims against LBHI under the relevant Guarantees for the sums set forth in <u>Schedule A</u> of: (a) a principal amount reflecting the value of the Lehman Program Securities as of the Petition Date; *plus* (b) accrued interest, at the applicable rate, on any amounts owing to the Claimant. Such accrued interest and costs continue to accrue.

11. The Claims are quantified as of September 15, 2008 at par value plus accrued interest. However, the Claimant is entitled to incremental amounts under the terms of certain of the Securities indicated on the attached schedule and therefore reserves all rights to update,

---

[1] The General Guarantees are evidenced by, *inter alia*, that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, dated as of June 9, 2005 (relating to the obligations of various entities, including, without limitation, Lehman Brothers Finance S.A., Lehman Brothers Holdings Plc, Lehman Brothers (Luxembourg) Equity Finance S.A., Lehman Brothers International (Europe), Lehman Brothers Securities N.V., and Lehman Brothers Treasury Co. B.V.).

amend or supplement this Proof of Claim to reflect applicable redemption amounts, together with legal and other professional costs incurred in connection with the Claims.

12. Except as otherwise set forth in this Proof of Claim, the Claims are filed as general unsecured claims without prejudice to any and all rights of the Claimant to assert that the Claims, or any portion thereof, are secured or entitled to administrative expense priority under Bankruptcy Code sections 503 and/or 507. Upon information and belief, no judgment has been rendered on the Claims.

13. The amount of payments on the Claims, if any, has been credited and deducted for the purpose of making this Proof of Claim.

14. The Claimant may have additional setoff and/or recoupment rights pursuant to common law, contract or otherwise. The amounts, if any, subject to such setoff and/or recoupment rights are not known at this time and have not been reflected in the calculation of the Claims. The Claimant reserves the right to assert setoff rights (including, without limitation, so-called "triangular" setoff rights, if permissible) with respect to such amounts and, upon Bankruptcy Court approval, if applicable, effect such setoff(s) and/or recoupment(s). To the extent that the Debtors or the Issuer take any action that would give rise to a right of setoff or recoupment, a counterclaim or other rights or claims in favor of the Claimant against the Debtors or the Issuer, the Claimant reserves all of its respective rights.

## Reservations of Rights

15. Additionally, Claimant reserves the right to: (a) amend, update, or supplement this Proof of Claim (including, without limitation, to add additional amounts due and owing) at any time and in any respect; (b) file additional proofs of claim; and (c) file a request for payment of administrative or priority expenses in accordance with Bankruptcy Code sections 503 and 507.

16. By filing this Proof of Claim, the Claimant: (a) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim; (b) does not waive (and expressly reserves) all of its procedural and substantive defenses, counterclaims and objections (including without limitation, the right of setoff, recoupment or any similar right, remedy or defense) to any objection to the Claims or any claim that may be asserted against the Claimant by the Debtors, their estates, any successor to the Debtors, the Issuer (or its administrator or any successor(s) thereto) or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim; (c) does not waive (and expressly reserves) any right to any security held by or on behalf of the Claimant or any right of the Claimant to claim specific assets or any other claim, right, or right of action that the Claimant has or might have against the Debtors, their estates, any successor to the Debtors, the Issuer (or its administrator or any successor(s) thereto) or any other person, whether such claim, right, or right of action arises prior to, upon, or after the Petition Date; and (d) does not waive (and expressly reserves) any and all other rights that the Claimant may have pursuant to applicable law or agreement.

17. Nothing contained in this Proof of Claim shall be deemed an admission by the Claimant. The Claimant expressly reserves the right to withdraw this Proof of Claim as if it had never been filed.

**SCHEDULE A**

## FCDB LBU LLC

| | Issuer | Asset | Creditor Name | ISIN | Total Amount of Claim (USD) | Euroclear Blocking Number | Euroclear Participant Number |
|---|---|---|---|---|---|---|---|
| | Lehman Brothers Holdings Inc | Floating - 10/2011 | FCDB LBU LLC | XS0272543900 | 2,439,367 | 6059120 | 10944 |
| | Lehman Brothers Holdings Inc | Floating - 06/2013 | FCDB LBU LLC | XS0257022714 | 7,124,621 | 6059121 | 10944 |
| x | Lehman Brothers Holdings Inc | Floating - 05/2011 | FCDB LBU LLC | XS0252835110 | 10,472,975 | 6059122 | 10944 |
| x | Lehman Brothers Holdings Inc | 6.000% - 01/2013 | FCDB LBU LLC | XS0299141332 | 15,622,243 | 6059123 | 10944 |
| x | Lehman Brothers Holdings Inc | Floating - 04/2011 | FCDB LBU LLC | XS0189741001 | 18,712,761 | 6059124 | 10944 |
| | Lehman Brothers Holdings Inc | Floating - 07/2012 | FCDB LBU LLC | XS0224346592 | 31,233,925 | 6059126 | 10944 |
| | Lehman Brothers Holdings Inc | Floating - 05/2016 | FCDB LBU LLC | XS0254171191 | 50,192,252 | 6059127 | 10944 |
| | Lehman Brothers Holdings Inc | Floating - 02/2014 | FCDB LBU LLC | XS0282937985 | 196,658,021 | 6059128 | 10944 |
| | Lehman Brothers Holdings Inc | 1.150% - 10/2010 | FCDB LBU LLC | JP584117A5A9 | 24,955,034 | 6059129 | 10944 |
| | Lehman Brothers Holdings Inc | Floating - 05/2012 | FCDB LBU LLC | XS0300055547 | 501,130 | 6059119 | 10944 |
| Total | | | | | 357,912,330 | | |

HAND DELIVERY

RECEIVED BY: NK

DATE

FILED / RECEIVED
NOV 0 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

TIME 10:01