Hearing Date: November 22, 2013 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: November 8, 2013 at 4:00 p.m. (prevailing Eastern Time)

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>                                  Debtor. | Case No. 08-01420 (JMP) SIPA |

**NOTICE OF MOTION FOR AN ORDER (1) CONFIRMING THE TRUSTEE'S DENIAL
OF SIPA CUSTOMER STATUS TO CLAREN ROAD CREDIT MASTER FUND LTD.
CUSTOMER CLAIM NO. 900005056, AND (2) SUBORDINATING THE CLAIM
PURSUANT TO BANKRUPTCY CODE SECTION 510(b)**

**PLEASE TAKE NOTICE** that James W. Giddens (the "Trustee"), as trustee for

the SIPA liquidation of Lehman Brothers Inc. ("LBI" or the "Debtor"), under the Securities

Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), by and through his undersigned

counsel, filed a motion (the "Motion") for an order (1) confirming the Trustee's denial of SIPA

customer status to Customer Claim No. 900005056 (the "LBHI Bonds Claim") filed by Claren

Road Credit Master Fund Ltd. ("Claren Road"), and (2) subordinating the LBHI Bonds Claim to

other general creditor claims pursuant to section 510(b) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

must (i) be in writing; (ii) state the name and address of the objecting party and nature of the

claim or interest of such party; (iii) state with particularity the legal and factual bases of such

objection; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-399 (available at the Court's website, www.nysb.uscourts.gov) by registered users of the Court's Electronic Case Files system, and by all other parties in interest, on a 3.5 inch disk or CD-ROM, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word proceeding format no later than – **November 8, 2013 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline"); and (vi) served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York, 10004, Attn: James B. Kobak, Jr., Esq., Michael E. Salzman, Esq., and Ramsey Chamie, Esq.; and (b) Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, D.C., 20005, Attn: Kenneth J. Caputo, Esq.; with a courtesy copy to the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601. Unless objections are received by the Objection Deadline, the Order may be entered without a hearing.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion, if necessary, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 22, 2013 at 10:00 a.m. (Prevailing Eastern Time)** or as soon thereafter as counsel may be heard (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

| | |
|---|---|
| Dated: New York, New York<br>October 25, 2013 | HUGHES HUBBARD & REED LLP<br><br>By: /s/ Michael E. Salzman<br>   James B. Kobak, Jr.<br>   Michael E. Salzman<br>   Ramsey Chamie<br>One Battery Park Plaza<br>New York, NY  10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br>Email: kobak@hugheshubbard.com<br><br><br>Attorneys for James W. Giddens,<br>Trustee for the SIPA Liquidation of<br>Lehman Brothers Inc. |

Hearing Date: November 22, 2013 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: November 8, 2013 at 4:00 p.m. (prevailing Eastern Time)

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

**TRUSTEE'S MOTION FOR AN ORDER (1) CONFIRMING THE TRUSTEE'S DENIAL OF SIPA CUSTOMER STATUS TO CLAREN ROAD CREDIT MASTER FUND LTD. CUSTOMER CLAIM NO. 900005056, AND (2) SUBORDINATING THE CLAIM PURSUANT TO BANKRUPTCY CODE SECTION 510(b)**

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor" or "LBI") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"),[1] submits this motion (the "Motion") for an order (1) confirming the Trustee's denial of SIPA customer status to Customer Claim No. 900005056 (the "LBHI Bonds Claim") filed by Claren Road Credit Master Fund Ltd. ("Claren Road"), and (2) subordinating the LBHI Bonds Claim to other general creditor claims pursuant to section 510(b) of the Bankruptcy Code.

---

1. SIPA appears at 15 U.S.C. § 78aaa *et seq.* For convenience, subsequent references to SIPA will omit "15 U.S.C."

## PRELIMINARY STATEMENT

1. This Motion calls for a straightforward application of the well-understood statutory provision that claims arising from securities of the debtor or its affiliates must be subordinated to general creditor claims.

2. Claren Road's claim arises from the alleged contractual failure of LBI to purchase certain bonds issued by LBI's parent, Lehman Brothers Holdings Inc. ("LBHI"). Under section 510(b) of the Bankruptcy Code, the Trustee is plainly correct in subordinating the LBHI Bonds Claim.

## JURISDICTION

3. On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") in the case captioned *Sec. Investor Prot. Corp. v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL) (the "SIPA Proceeding"). The LBI Liquidation Order, among other things, (1) appointed the Trustee for the liquidation of the business of the Debtor pursuant to SIPA § 78eee(b)(3), and (2) removed the case to this Court pursuant to SIPA § 78eee(b)(4).

## PARTIES

4. LBI was a registered broker-dealer in the United States. Its parent company was LBHI, which owned 100% of the stock on LBI. (*See* Trustee's Preliminary Investigation Report and Recommendations ¶ 32, ECF No. 3604.) As the Court knows, on September 15, 2008, LBHI and certain of its subsidiaries (other than LBI) filed for bankruptcy under Chapter 11 of the Bankruptcy Code.

5.      Claren Road is a former prime brokerage customer of Lehman Brothers and a claimant in this SIPA proceeding. (*See* Chamie Decl. Ex. A, at ¶¶ 2, 5.)[2]

## BACKGROUND

6.      According to Claren Road, in December 2005 Claren Road opened a prime brokerage account at LBI pursuant to a Customer Account Agreement Prime Brokerage ("Prime Brokerage Agreement"). (Chamie Decl. Ex. A, at ¶ 2.)

7.      The parties to the Prime Brokerage Agreement were Claren Road, LBI, LBHI, and other Lehman affiliates. (Chamie Decl. Ex. B, at ¶ 1.)

8.      According to Claren Road, on September 12, 2008, Claren Road and LBI entered into a transaction whereby LBI agreed to purchase two sets of bonds from Claren Road. (Chamie Decl. Ex. C, at 7.) In this transaction, LBI was to purchase (i) 4,506,000 Euro Medium Term Notes issued by LBHI with a maturity date of October 2011 (ISIN XS0257022714) at an individual bond price of €75 (the "2011 LBHI Bonds"), and (ii) 4,800,000 Euro Medium Term Notes issued by LBHI with a maturity date of June 2013 (ISIN XS0272543900) at an individual price of €77 (together with the 2011 LBHI Bonds, the "LBHI Bonds"). (*Id.*)

9.      According to Claren Road's claim, LBI failed to settle that trade—that is, LBI breached its contractual duty to acquire the LBHI Bonds—and the transactions failed on September 17, 2008. (*Id.*)

10.     On January 26, 2009, Claren Road filed the LBHI Bonds Claim in this proceeding, along with other customer claims (none of which is subject to this Motion and all of which have been resolved). (Chamie Decl. Ex. C.)

---

2. References to "Chamie Decl." are to the declaration of Ramsey Chamie, dated October __, 2013, and submitted herewith.

11. The LBHI Bonds Claim seeks compensation for the decrease in value of the LBHI Bonds from September 12, 2008 to the Filing Date. Its asserted amount of $8,522,201.09 "represents the amount owed by [LBI] in connection with two failed bond trades between Claren Road and LBI." (*Id.* at 7.)

12. By notice dated March 25, 2010, the Trustee denied the LBHI Bonds Claim outright. (Chamie Decl. Ex. D.)

13. On April 9, 2010, Claren Road filed an objection to several of the Trustee's determinations, including his denial of the LBHI Bonds Claim. (Chamie Decl. Ex. A.)

14. The Trustee is prepared to issue a revised determination to Claren Road that allows the LBHI Bonds Claim as a reclassified general creditor claim subordinated to other general creditor claims pursuant to section 510(b). We understand that Claren Road objects to such subordination.

## DISCUSSION

15. There is a longstanding general principle of bankruptcy law that claims arising from trading in the securities of the debtor, or any affiliate of the debtor, must be subordinated.

16. Specifically, 11 U.S.C § 510(b) states:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.[3]

---

3. Section 510(b) of the Bankruptcy Code codifies Congress's judgment that claims related to purchase or sale of securities of a debtor or its affiliates should have a lower priority than claims of a debtor's general unsecured creditors. *Baroda Hill Investments, Ltd. v. Telegroup, Inc. (In re Telegroup)*, 281 F.3d 133, 138-39 (3d Cir. 2002).

17. Subordination of a claim that fits within the terms of section 510(b) is mandatory. *KIT digital, Inc. v. Invigor Grp Ltd. (In re KIT digital, Inc.)*, 497 B.R. 170, *5 (Bankr. S.D.N.Y. 2013) ("[B]y reason of the 'shall' in the second to last clause, subordination of any claims subject to section 510(b) is mandatory.").

18. The LBHI Bonds Claim arises from LBI's failure to purchase the LBHI Bonds, which are securities of the Debtor's affiliate. It fits squarely within the plain language of section 510(b) and therefore must be subordinated. First, there is no doubt that LBHI qualifies as an "affiliate" of LBI. *See* 11 U.S.C. § 101(2)(A) (defining "affiliate" as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor. . . ."). Second, there is no doubt that the Medium Term Notes at issue are "securities" for the purposes of section 510(b). *See* 11 U.S.C. § 101(49) (defining "security" to include a "note, stock, treasury stock, bond . . . ."); *see also* SIPA § 78*lll*(14); *Allen v. Geneva Steel Co. (In re Geneva Steel Co.)*, 281 F.3d 1173, 1177, 1182-83 (10th Cir. 2002) (subordinating claim arising from purchase of the debtor's bonds pursuant to section 510(b)).

19. In cases where there is no ambiguity that the claim arises from the purchase or sale of a security of the debtor or its affiliate, the court's "duty is to simply apply section 510(b) in accordance with its plain meaning." *Kit digital*, 497 B.R. at *6; *see also Telegroup.*, 281 F.3d at 137 ("In construing § 510(b), we begin, as we must, with the text of the statute. . . . The inquiry 'must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent.'" (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)); *In re Granite Partners, L.P.*, 208 B.R. 332, 338 (Bankr. S.D.N.Y. 1997) ("The first principle of statutory construction is that a statute clear and unambiguous on its face should be enforced according to its terms." (citations omitted)). Here, it is undisputed that the LBHI Bonds Claim

"arises from" LBI's failure to purchase LBHI Bonds. *See Kit digital*, 497 B.R. at *6 ("The clause 'arising from the purchase or sale' is not ambiguous at all when it's applied to an alleged breach of the agreement purchase or sale itself. . . .").

20. Courts consistently interpret section 510(b) broadly. *See Rombro v. Dufrayne (In re Med Diversified, Inc.)*, 461 F.3d 251, 255 (2d. Cir. 2006) (recognizing that "the holdings of most prominent decisions of local bankruptcy courts also support the broad interpretation of section 510(b)" (citations omitted)); *In re Enron Corp.*, 341 B.R. 141, 163 (S.D.N.Y. 2006) (opining that "the broad applicability of section 510(b) is now quite settled"); *Kit digital*, 497 B.R. at *7 ("While I certainly agree that other Circuits have construed section 510(b) broadly, so has the Second Circuit, along with bankruptcy and district court judges in the Second Circuit."); *In re SeaQuest Diving, LP*, 579 F.3d 411, 421 (5th Cir. 2009) (interpreting section 510(b) broadly and recognizing that the Second, Third, Tenth, and Ninth Circuits adopt a broad interpretation of section 510(b) as well).

21. In addition to being mandatory under the plain meaning of the statute, subordination of the LBHI Bonds Claim is also in line with the underlying purpose of section 510(b). *See Kit digital*, 497 B.R. at *6 ("Courts considering section 510(b) in cases where subordination wasn't plainly required by its terms have looked to section 510(b)'s purposes—as explained by the Second Circuit in *Med Diversified*, to address the dissimilar risk and return expectations of shareholders and creditors . . . ." (footnote omitted) (citing *In re Med Diversified, Inc.*, 461 F.3d at 256)).

22. Moreover, Claren Road's purpose in acquiring and holding the LBHI Bonds is of no relevance to the section 510(b) inquiry. In applying section 510(b), the point is not to examine the holder's trading strategy or investment objectives, but rather to discern whether the

application of 510(b) properly subordinates a claim that "arises from" the purchase or sale of a security of the debtor or an affiliate. The case of *In re Med Diversified* is instructive.

23. In *In re Med Diversified*, a departing employee, David Rombro, and a company (then known as "e-MedSoft.com") entered a termination agreement whereby the company would issue company common stock to Rombro in exchange for his shares of PrimeRx stock. 461 F.3d at 253. When the stock exchange failed to occur, Rombro sued the company. Ten months later, the company filed for relief under chapter 11 of the Bankruptcy Code, and the chapter 11 trustee moved to subordinate Rombro's claim pursuant to section 510(b) of the Bankruptcy Code. Rombro argued that his claim was not subject to subordination, but rather was a general unsecured claim which should share *pari passu* with the class of general unsecured creditors. Rombro asserted that his claim arose not as a shareholder but from the debtor's failure to purchase his PrimeRx stock. According to Rombro, there was no difference between the debtor's promise to purchase his PrimeRx stock with the debtor's own stock and the promise to make a cash severance payment to him. *Id.* at 253-54.

24. The Second Circuit disagreed. *Id.* at 256 ("There is an important difference . . . on which our decision depends: Rombro bargained not for cash but to become a stockholder in the debtor."). In affirming the lower court rulings in favor of subordination, the Second Circuit rejected Rombro's argument that his situation extended beyond the reach of section 510(b)'s purpose. Rombro never held the debtor's shares, but he nevertheless "took on the risk and return expectations of a shareholder when he agreed to exchange securities in PrimeRx . . . for the shares of the debtor." *Id.* "[H]is resulting claim for damages," the Second Circuit concluded, "therefore must be subordinated." *Id.*

25.     Claren Road is "bound by the choice" it made to hold securities of the Debtor's affiliate. *Id.* It does not matter whether Claren Road entered this arrangement as a long-term or short-term investment, or in connection with a particular trade. Consistent with the rulings of the Second Circuit and other courts, Claren Road is bound by the mandate of section 510(b). *Id.* at 257 ("[T]he uniform determination of courts presented with similar claims that those who conclude the bargain to become investors or shareholders should be treated as such.").

## NOTICE

26.     Notice of this Motion has been provided to (i) Claren Road; and (ii) the list of parties requesting notice of pleadings in accordance with the Court's Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief (ECF No. 3466), and will be immediately available for inspection upon filing with the Court at the Trustee's website, www.lehmantrustee.com.

## NO PRIOR RELIEF REQUESTED

27.     No prior motion for the relief requested herein has been made to his Court or any other court.

## **CONCLUSION**

The Trustee's determination that the LBHI Bonds Claim is not a customer claim under SIPA should be confirmed, and the LBHI Bonds Claim (to the extent it is a valid claim) should be subordinated to general creditor claims pursuant to section 510(b) of the Bankruptcy Code. Accordingly, the Trustee respectfully requests that this Court enter the proposed Order, attached hereto as Exhibit A, and grant such additional and further relief as the Court deems just.


Dated:  New York, New York
        October 25, 2013

HUGHES HUBBARD & REED LLP

By: /s/ Michael E. Salzman
    James B. Kobak, Jr.
    Michael E. Salzman
    Ramsey Chamie
One Battery Park Plaza
New York, NY  10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: kobak@hugheshubbard.com


Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>　　　　　　　　　Debtor. | Case No. 08-01420 (JMP) SIPA |

**[PROPOSED] ORDER CONFIRMING (1) THE TRUSTEE'S DENIAL OF SIPA CUSTOMER STATUS TO CLAREN ROAD CREDIT MASTER FUND LTD. CUSTOMER CLAIM NO. 900005056, AND (2) SUBORDINATING THE CLAIM PURSUANT TO BANKRUPTCY CODE SECTION 510(b)**

Upon the motion dated October 25, 2013 (the "Motion") of James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act, 15. U.S.C. § 78aaa et seq. ("SIPA"), seeking entry of an order (1) confirming the Trustee's denial of SIPA customer status to Customer Claim No. 900005056 (the "LBHI Bonds Claim") filed by Claren Road Credit Master Fund Ltd. ("Claren Road"), and (2) subordinating the LBHI Bonds Claim to other general creditor claims pursuant to section 510(b) of the Bankruptcy Code, as more fully set forth in the Motion; and pursuant to the LBI Claims Process Order; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with SIPA § 78eee(b)(4); and venue being proper before this Court pursuant to SIPA § 78eee(a)(3) and § 78aa; and due, proper, and sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is:

ORDERED that the Motion is granted; and it is further

ORDERED that the Trustee's denial of SIPA customer status as to the LBHI Bonds Claim is confirmed;

ORDERED that, pursuant to section 510(b) of the Bankruptcy Code, the LBHI Bonds Claim is subordinated to all other LBI claims and interests, other than those claims for common stock of LBI or its affiliates; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       _____, 2013

    _____
    HONORABLE JAMES M. PECK,
    UNITED STATES BANKRUPTCY JUDGE