**Presentment Date and Time: November 1, 2013 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: October 31, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

James B. Kobak, Jr.
Christopher K. Kiplok
Robert B. Funkhouser
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens, Trustee for the
SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
REGARDING PROOF OF CLAIM OF NEKTAR ASSET MANAGEMENT AB
<u>FOR THE NEKTAR FUND (NO. 5773)</u>**

PLEASE TAKE NOTICE that, in accordance with the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Settlement Procedures (ECF No. 5847), James W. Giddens (the "Trustee"), Trustee for the SIPA Liquidation of Lehman Brothers Inc. ("LBI"), by and through his undersigned attorneys, Hughes Hubbard & Reed LLP, will present the annexed Stipulation and Order for the purpose of settling the general unsecured creditor claim of Nektar Asset Management AB for the Nektar Fund, originally asserted in the amount of "approximately" $7,475,781.25 plus contingent and/or unliquidated claims, including reasonable costs, fees and expenses (including legal and other professional expenses), allowing a general unsecured claim

against LBI in the amount of $7,475,781.25 (the "Order") for signature to the Honorable James M. Peck, United States Bankruptcy Judge, in chambers, at the United States Bankruptcy Court for the Southern District of New York, the Alexander Hamilton United States Customs House, One Bowling Green, New York, New York 10004, on **November 1, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that objections, if any, to entry of the Order must i) be in writing; (ii) state the name and address of the objecting party and nature of the claim or interest of such party; (iii) state with particularity the legal and factual bases of such objection; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-399 (available at the Court's website, www.nysb.uscourts.gov) by registered users of the Court's Electronic Case Files system, and by all other parties in interest, on a 3.5 inch disk or CD-ROM, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word proceeding format no later than **October 31, 2013 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline"); and (vi) served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York, 10004, Attn: Christopher K. Kiplok, Esq. and Jeffrey S. Margolin, Esq.; (b) Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, D.C. 20005, Attn: Kenneth J. Caputo, Esq.; (c); Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq.; (d) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Timothy Graulich, Esq. and James Millerman, Esq.; and (e) Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Alex R. Rovira, Esq., with a courtesy copy to the chambers of the Honorable James M. Peck, United States

Bankruptcy Court, One Bowling Green, New York, New York 10004.  <u>Unless objections are received by the Objection Deadline, the Order may be entered.</u>

Dated: New York, New York
October 25, 2013

HUGHES HUBBARD & REED LLP

By: <u>/s/ Robert B. Funkhouser</u>
James B. Kobak, Jr.
Christopher K. Kiplok
Robert B. Funkhouser

One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (JMP) SIPA

**STIPULATION AND ORDER REGARDING PROOF OF CLAIM OF NEKTAR ASSET MANAGEMENT AB FOR THE NEKTAR FUND (NO. 5773)**

This Stipulation and Order (the "Stipulation") is entered on the date hereof by and between James W. Giddens (the "SIPA Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended ("SIPA"), and Nektar Asset Management AB for the Nektar Fund (the "Claimant").

**RECITALS**

A.     WHEREAS, on September 19, 2008 (the "Filing Date"), a proceeding was commenced under SIPA with respect to LBI, and the SIPA Trustee was appointed (Case No. 08-01420, such proceeding, the "SIPA Proceeding");

B.     WHEREAS, on November 7, 2008, the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No. 241);

C.     WHEREAS, pursuant to SIPA section 78fff-2(a)(3) and the Claims Process Order, all general creditor claims must have been received by the SIPA Trustee by June 1, 2009;

D.    WHEREAS, in accordance with the Claims Process Order, Claimant timely filed a general creditor claim on June 1, 2009 (represented by claim no. 5773, the "Claim") seeking "not less than approximately" $7,475,781.25, plus contingent and/or unliquidated claims, including but not limited to all reasonable costs, fees and expenses (including legal and other professional expenses) that Claimant asserted were not ascertainable at the time Claimant filed the Claim;

E.    WHEREAS, on March 11, 2013, the Court entered the Order Pursuant to Section 105(a) of the Bankruptcy Code & Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Settlement Procedures (the "General Creditor Settlement Procedures Order," ECF No. 5847);

F.    WHEREAS, after good faith, arm's length negotiations, the SIPA Trustee and Claimant (each a Party and together, the "Parties"), pursuant to the General Creditor Settlement Procedures Order, have agreed to resolve all issues relating to the Claim pursuant to the terms and conditions set forth in this Stipulation and Order.

NOW, THEREFORE, in consideration of the mutual covenants set forth below, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

**STIPULATION**

1.    The Recitals set forth above form an integral part of this Stipulation and are incorporated fully herein.

2.    This Stipulation shall not become effective unless and until it has been executed by the Parties and approved by Final Order (defined below) of the Bankruptcy Court (the "Effective Date").  Final Order shall mean an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket of such court, the

operation or effect of which has not been stayed, reversed, or amended, and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, does not remain pending, *provided*, *however*, that no order shall fail to be a final order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rule of Civil Procedure, Bankruptcy Rule 9024, any similar local bankruptcy rule or any similar state statute or rule may be filed with respect to such order.

3. As of the date hereof, Claimant represents and warrants that it is the legal and beneficial owner of the Claim and has the power, capacity, and authority to enter into this Stipulation.

4. On the Effective Date, the Claimant will have an allowed, general unsecured creditor claim against the LBI general estate in the amount of $7,475,781.25 (the "Allowed Claim") in respect of the Claim and this Allowed Claim shall constitute the full and final settlement of any and all claims the Claimant has against the LBI estate under or in connection with the transactions and accounts that are the subject of the Claim. The Allowed Claim will receive proportionately at least the same in payments or distributions (including with respect to the timing and type of payments or distributions) for the Allowed Claim as is generally received by holders of general allowed unsecured claims. The Trustee shall promptly cause the LBI general creditor claims register to be updated to reflect the same.

5. On the Effective Date, Claimant and the SIPA Trustee, each on behalf of itself and its successors and assigns, shall forever waive and release any and all claims, liabilities, causes of action, demands, and damages of whatever kind or nature and whether known or unknown, asserted or unasserted, against each other (including, against LBI and its

4

estate) arising before or after the Filing Date, related to or arising out of the transactions and account that are the subject of the Claim; *provided, however*, that nothing contained herein shall waive Claimant's rights under this Stipulation as to the Allowed Claim.

6. The Trustee agrees to promptly seek and Claimant agrees to support approval of this Stipulation in the Bankruptcy Court pursuant to paragraph (iv) of the General Creditor Settlement Procedures Order. If approval is not obtained in the Bankruptcy Court, the Stipulation shall be null and void and the Parties will retain all their respective rights and claims.

7. This Stipulation shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns, including any subsequent trustee appointed for LBI.

8. No amendment, waiver or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the Parties.

9. Neither this Stipulation, nor any negotiations or proceedings in connection herewith, may be used and shall not be admissible in any proceeding against any Party to this Stipulation or its affiliates for any purpose, except to enforce the terms of this Stipulation.

10. This Stipulation may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; any signatures sent by electronic mail in Adobe TM Portable Document Format (PDF) or by fax shall be deemed originals.

11. Each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents

that he is authorized to execute this Stipulation in his representative capacity, as reflected below and on behalf of the Party indicated.

12.  This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA apply, without regard to New York's rules governing conflicts of laws.

13.  The Bankruptcy Court shall have jurisdiction to interpret and enforce this Stipulation, and the Parties consent to the jurisdiction of the Bankruptcy Court.

Dated:   New York, New York
         October 23, 2013

*Signature Page To Stipulation Regarding Proof of
Claim of Nektar Asset Management AB for the Nektar Fund (No. 5773)*

| HUGHES HUBBARD & REED LLP | SIDLEY AUSTIN LLP |
|---|---|
| By: <u>s/Robert B. Funkhouser</u><br>James B. Kobak, Jr.<br>Christopher K. Kiplok<br>Robert B. Funkhouser<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726 | By: <u>s/Alex R. Rovira</u><br>Alex R. Rovira<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5989<br>Facsimile: (212) 839-5599 |
| Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc. | Attorney for Nektar Asset Management AB for the Nektar Fund |

**SO ORDERED** this ___ day of _____ 2013

_____
UNITED STATES BANKRUPTCY JUDGE