Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :   08-13555 (JMP)
                                                             :
                              Debtors.                       :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN THE DEBTORS' OMNIBUS OBJECTION TO MOTIONS OF (I)
PALMYRA CAPITAL FUND, L.P., PALMYRA CAPITAL INSTITUTIONAL
FUND, L.P. AND PALMYRA CAPITAL OFFSHORE FUND, L.P., (II) DYNEGY
POWER MARKETING INC., (III) TENSOR OPPORTUNITY LIMITED, (IV)
THE SANTA FE ENTITIES, AND (V) CVI GVF (LUX) MASTER
S.A.R.L EACH SEEKING RELIEF PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(B)(1)**

The Official Committee of Unsecured Creditors (the "Committee") of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated chapter 11 debtors and

debtors in possession in the above-captioned case (collectively, the "Debtors") hereby

joins (the "Joinder") in the Debtors' omnibus objection, filed on March 10, 2010 (Docket

No. 7499, the "Objection"), to the motions of (i) Palmyra Capital Fund, L.P., Palmyra

Capital Institutional Fund, L.P. and Palmyra Capital Offshore Fund, L.P. (collectively,

"Palmyra"), dated January 22, 2010, (ii) Dynegy Power Marketing Inc. ("Dynegy"),

dated February 5, 2010, (iii) Tensor Opportunity Limited ("TOL"), dated February 18, 2010, (iv) the Santa Fe Entities, dated February 17, 2010, and (v) CVI GVF (Lux) Master S.A.R.L. ("CVI" and, collectively with Palmyra, Dynegy, TOL, and the Santa Fe Entities, the "Movants" ), dated February 26, 2010 (collectively, the "Motions"), for relief pursuant to Bankruptcy Rule 9006(b)(1) with respect to the Movants' respective late-filed proofs of claim, and in support thereof, respectfully states as follows:

## JOINDER

1. The Committee joins in the Debtors' objection to the relief sought in the Motions for all the reasons set forth in the Objection, including, without limitation, on the grounds that:

   (i) Palmyra's claim that its failure to timely file its proof of claim was due to not having been properly served with the Bar Date Order[1] is without merit because the service list annexed to the Objection and Palmyra's own admissions demonstrate that Palmyra had, or should have had, notice of the Bar Date Order;

   (ii) as to Dynegy, (a) its Guarantee Questionnaire should not be deemed an informal proof of claim because it was not filed before the Bar Date, and (b) its failure to timely file a proof of claim was an error entirely within its control, and it did not file a proof of claim until almost seven months after the Bar Date had passed;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection and the Motions, as applicable.

(iii) as to TOL, (a) its failure to timely file its proof of claim was an error entirely within its control, and (b) it did not file a proof of claim until almost seven months after the Bar Date had passed;

(iv) as to the Santa Fe Entities and CVI, neither can demonstrate excusable neglect because their respective failures to discover the existence of their alleged guarantee claims until after the Bar Date was, in each case, an error entirely within their control.

2. Additionally, as to the motions of the Santa Fe Entities and CVI, it is unlikely that either of these Movants has a colorable claim against LBHI. Indeed, both the Santa Fe Entities and CVI repeatedly concede in their respective motions that they had no knowledge of the LBHI guarantees until October 2009. Such admissions clearly demonstrate that neither could have possibly relied upon such guarantees when dealing with the respective LBHI affiliates who are their primary obligors, and – without the requisite reliance – cannot sustain an enforceable claim against LBHI on account of such guarantees.

3. Finally, while the Court has granted similar relief in these cases to a small number of other movants, in those cases, the movants were entitled to such relief because of the confusion surrounding the procedures set forth in the Bar Date Order with respect to the Lehman Programs Securities. None of these Movants can credibly contend that their failure to timely file their proofs of claim was caused by any fact pattern similar to that. Accordingly, any attempt to analogize the Motions to those previously granted should be rejected.

WHEREFORE, for all the reasons set forth herein and in the Objection, the Committee respectfully requests that the Court (i) deny each Motion, and (ii) grant the Committee such other relief as is just.

Dated: New York, New York
       March 12, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By:   /s/ Dennis F. Dunne
     Dennis F. Dunne
     Evan R. Fleck
     Dennis C. O'Donnell
     1 Chase Manhattan Plaza
     New York, New York 10005
     Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.