McBREEN & KOPKO
Kenneth A. Reynolds, Esq. (KR3808)
Attorneys for Executive Fliteways, Inc.
500 North Broadway, Suite 129
Jericho, New York 11753
Tel.: (516) 364-1095
Fax: 516-364-0612
11-3540090

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS, INC, et al,

Debtor.

-------------------------------------------------------X

Chapter 11
Case No.: 08-13555-jmp

**OBJECTION TO THE MOTION OF LEHMAN BROTHERS HOLDINGS, INC. ON BEHALF OF AFFILIATED ENTITIES CES AVIATION IX, LLC, CES AVIATION V, LLC, AND CES AVIATION, LLC FOR AN ORDER EXTENDING THE TIME TO FILE A DISCLOSURE STATEMENT IN CONNECTION WITH THEIR JOINT CHAPTER 11 PLAN**

EXECUTIVE FLITEWAYS, INC. ("EFI"), by its attorneys, McBreen & Kopko hereby object to the motion of Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors (the "Debtors") for an order extending the time to file a disclosure statement pursuant to Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3016(b) (the "Motion").

1. CES Aviation, LLC (Case No.: 08-13905), CES Aviation V, LLC (Case No.: 08-13906) and CES Aviation IX, LLC (Case No.: 08-13907) each of which entities being LBHI subsidiary corporations (the "Aviation Subsidiaries") owned aircraft which were managed and maintained by EFI pursuant to various aircraft lease agreements.[1]

---

[1] CES Aviation, LLC held title to a Gulf Stream Aerospace G-IVSP, bearing manufacturer's serial number 1448 and US Registration Mark N300LB (the "G-IVSP"). CES Aviation IX, LLC held title to a Dassault

2. EFI entered into non-exclusive aircraft lease agreements pursuant to which the Aviation Subsidiaries leased aircraft to EFI. EFI, pursuant to said agreements, was required to conduct certain charter services on behalf of the aviation subsidiaries as well as provide all maintenance, hangar storage, training of cockpit, cabin and ground crew personnel, ferrying of the aircraft from the operating base to and from scheduled airport destinations, repair, inspections and overhaul work necessary to obtain required certifications in good standing pursuant to the Aeronautics Regulations of the Federal Aviation Administration and Department of Transportation.

3. Based upon representations made by the Aviation Subsidiaries and the Debtors, EFI provided vital post-petition services to the Debtors in connection with Aviation Subsidiaries' sale of each of the subject aircraft.

4. In connection therewith, and in exchange for releasing possessory liens held by EFI, and EFI's assistance in facilitating the sale of the Aviation Subsidiary aircraft, the Debtors promised EFI that they would seek approval for payment of its contract fees at the time each of the aircraft were sold.

5. The Debtors did in fact file a motion dated March 25, 2009 pursuant to Bankruptcy Code Section 105(a), 362 and 365 for authorization to assume EFI's leases and to pay the corresponding lease agreement liabilities owed from the Aviation Subsidiaries to EFI (the "Motion to Assume"). The Debtors and EFI agreed that after application of $400,000 in lease agreement security deposits maintained by EFI in connection with each of the four (4) aircraft lease agreements the amount due and owing

---

Model Falcon 50 aircraft, bearing manufacturer's serial number 179 and US Registration Mark N232PR (the "Falcon 50"). CES Aviation V, LLC held title to a Sikorsky S-76C+ Helicopter, bearing manufacturer's serial number 760486 and US Registration Mark N151LB (the "S-76C+"). CES Aviation II, LLC, a wholly owned LBHI non-debtor subsidiary, held title to a Gulf Stream Aerospace G-IVSP, bearing manufacturer's serial number 1269 and US Registration Mark N250LB (the "G-IVSP II").

to EFI from the Aviation Subsidiaries totaled $237,825.00 in the aggregate. The aircraft was sold by the Aviation Subsidiaries for in excess of $44,500,000 in large part through the assistance and efforts of EFI. EFI in anticipation and in furtherance of the Aviation Subsidiaries sale efforts, maintained the aircraft in airworthy, marketable condition, prepared each aircraft for all necessary inspections required by the various aircraft sale and purchase agreements, supplied the flight crews to conduct test flights for potential purchasers and acted generally as an intermediary between all prospective purchasers of the aircraft and the Aviation Subsidiaries. As a result of EFI's assistance in the sale of the aircraft in the rapidly declining aircraft sale environment, EFI, upon information and belief, prevented the Debtors from losing profits of approximate 12-15 million dollars through their expeditious efforts to sell the aircraft. EFI did all of the foregoing based upon the Debtors' and Aviation Subsidiaries' promises that their lease agreement claims would be paid in full and based upon such promises EFI became a strong ally to the Debtors in selling the aircraft as opposed to reserving its rights under State and Federal Law to lien the various aircraft in its possession and to otherwise not interfere with the subject sales which would have resulted in significant costs to the Aviation Subsidiaries' estates.

6. A copy of the Debtors' Motion to Assume has been annexed hereto as Exhibit "A". The Official Committee of Unsecured Creditors has filed an objection dated April 20, 2009 to the Debtors' Motion to Assume and since that date, numerous hearings have been scheduled by the Court, but have been adjourned on consent of the Debtors.

7. While EFI acknowledges that the Debtors' bankruptcy case is one of the largest and most complex cases ever to be filed in the United States, the Aviation

Subsidiaries' bankruptcy cases are very simple and straight forward. Each Aviation Subsidiary was a single purpose entity that owned a single asset. EFI, upon information and belief, is either the only creditor or one of very few creditors with direct claims against each of the respective Aviation Subsidiaries. A review of the claims register reveals numerous claims by affiliated Debtors, non-debtor affiliates of LBHI as well as claimants of LBHI, or other affiliated Debtors, but not direct claims of creditors of the Aviation Subsidiaries.

8. The Debtors' cases have been procedurally consolidated pursuant to Bankruptcy Rule 1015, but not substantively consolidated. There is no reason why the Aviation Subsidiaries require any additional time to file plans and disclosure statements after the more than eighteen (18) months which have elapsed since the commencement date of Debtors' cases.

9. The revenues relied upon by the lease agreements with Aviation Subsidiaries constituted a significant percentage of EFI's annual income and a continued delay from being paid its claims has and continues to cause great prejudice to EFI.

10. Taken in tandem, Bankruptcy Code Section 1121(d)(2)(A) and Bankruptcy Rule 3016(b) do not authorize the extension being sought by the Aviation Subsidiaries.

**WHEREFORE**, it is respectfully requested that the Court deny the Debtors' motion as it pertains to the Aviation Subsidiaries to grant to EFI such other and further

relief as this Court deems just and proper.

Dated: Jericho, New York
      March 11, 2010

                              McBREEN & KOPKO
                              Attorneys for Executive Fliteway, Inc.

By:   */s/Kenneth A. Reynolds*
       Kenneth A. Reynolds
       A Member of the Firm
       500 North Broadway, Suite 129
       Jericho, New York 11753
       Tel.: (516) 364-1095