1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case Nos. 08-13555(JMP); 08-01420(JMP)(SIPA)

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LEHMAN BROTHERS HOLDINGS INC., et al.

            Debtors.

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LEHMAN BROTHERS INC.

            Debtor.

- - - - - - - - - - - - - - - - - - - -x

            United States Bankruptcy Court

            One Bowling Green

            New York, New York


            March 11, 2010

            2:12 PM


B E F O R E :

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

2

```
 1

 2     HEARING re Examiner's Motion to Clarify Orders

 3

 4     HEARING re Examiner's Motion to Establish Procedures to Unseal

 5     the Examiner's Report

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25     Transcribed by:  Lisa Bar-Leib
```

```
                                                                 3
 1
 2     A P P E A R A N C E S :
 3     WEIL, GOTSHAL & MANGES LLP
 4          Attorneys for Debtor and Debtors-in-Possession
 5          767 Fifth Avenue
 6          New York, NY 10153
 7
 8     BY:  HARVEY R. MILLER, ESQ.
 9          SHAI Y. WEISMAN, ESQ.
10
11     MILBANK, TWEED, HADLEY & MCCLOY LLP
12          Attorneys for Official Committee of Unsecured Creditors
13          One Chase Manhattan Plaza
14          New York, NY 10005
15
16     BY:  EVAN R. FLECK, ESQ.
17
18     HUGHES HUBBARD & REED LLP
19          Attorneys for SIPA Trustee
20          One Battery Park Place
21          New York, NY 10004
22
23     BY:  SARAH LOOMIS CAVE, ESQ.
24          JAMES B. KOBAK JR., ESQ.
25
```

4

1

2    JENNER & BLOCK LLP

3         Attorneys for Examiner, Anton R. Valukas

4         353 North Clark Street

5         Chicago, IL 60654

6

7    BY:  ANTON R. VALUKAS, ESQ.

8         DANIEL R. MURRAY, ESQ.

9

10   JENNER & BLOCK LLP

11        Attorneys for Examiner, Anton R. Valukas

12        330 North Wabash Avenue

13        Chicago, IL 60611

14

15   BY:  ROBERT L. BYMAN, ESQ.

16

17   JENNER & BLOCK LLP

18        Attorneys for Examiner, Anton R. Valukas

19        919 Third Avenue

20        37th Floor

21        New York, NY 10022

22

23   BY:  PATRICK J. TROSTLE, ESQ.

24        HEATHER R. MCARN, ESQ.

25

5

1

2    UNITED STATES DEPARTMENT OF JUSTICE

3        Office of the U.S. Trustee

4        33 Whitehall Street

5        21st Floor

6        New York, NY 10004

7

8    BY:  ELIZABETH G. GASPARINI, ESQ.

9

10   LOWENSTEIN SANDLER PC

11       Attorneys for the Lead Plaintiffs

12       1251 Avenue of the Americas

13       New York, NY 10020

14

15   BY:  MICHAEL S. ETKIN, ESQ.

16

17   KRAMER LEVIN NAFTALIS & FRANKEL LLP

18       Attorneys for CME Group

19       1177 Avenue of the Americas

20       New York, NY 10036

21

22   BY:  ELISE SCHERR FREJKA, ESQ.

23

24

25

6

1

2    BLOOMBERG NEWS

3        Attorneys for Global Media Counsel

4        731 Lexington Avenue

5        New York, NY 10022

6

7    BY:   CHARLES J. GLASSER, JR., ESQ.

8

9    FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP

10       Attorneys for CALPERS

11       The Wells Fargo Center

12       400 Capital Mall

13       Suite 1450

14       Sacramento, CA 95814

15

16   BY:   HOLLY A. ESTIOKO, ESQ.

17       STEVEN H. FELDERSTEIN, ESQ.

18       (TELEPHONICALLY)

19

20

21

22

23

24

25

7

1

2    STUTMAN TREISTER & GLATT LLP

3         Attorneys for Perry Capital

4         1901 Avenue of the Stars

5         12th Floor

6         Los Angeles, CA 90067

7

8    BY:   MARINA FINEMAN, ESQ.

9          ISAAC PACHULSKI, ESQ.

10         (TELEPHONICALLY)

11

12   CHAPMAN & CUTLER LLP

13        Attorneys for U.S. Bank

14        111 West Monroe Street

15        Chicago, IL 60603

16

17   BY:   JAMES HEISER, ESQ.

18         FRANKLIN H. TOP III, ESQ.

19         (TELEPHONICALLY)

20

21

22

23

24

25

8

1

2    ALSTON & BIRD LLP

3         Attorneys for Azora Bank

4         One Atlantic Center

5         1201 West Peachtree Street

6         Atlanta, GA 30309

7

8    BY:   WILLIAM S. SUGDEN, ESQ.

9         (TELEPHONICALLY)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

9

1                    P R O C E E D I N G S

2          THE COURT:  Please be seated.  Good afternoon.

3          MR. VALUKAS:  Good afternoon, Your Honor.

4          THE COURT:  I apologize for the delay.  I was

5    involved in a chambers conference with certain parties to the

6    case.  Mr. Valukas, do you wish to be heard?

7          MR. VALUKAS:  Thank you, Your Honor.  I do.  Your

8    Honor, we have two matters up today.  And one is a motion to

9    clarify and the other is the process and procedure for

10   unsealing the report which we filed under seal on February 8th

11   with the court.

12          As to the motion to clarify, Your Honor, that motion

13   may be moot depending on the Court's action in connection with

14   the second matter.  The motion was precipitated by the fact

15   that we have been, pursuant to the Court's order, cooperating

16   with the United States Attorneys Offices and the SEC throughout

17   this investigation.  When we filed a sealing order, the sealing

18   order itself specifically prohibited the disclosure what was in

19   the report.  So there was this issue as to whether or not we

20   could provide the filed copy to the U.S. Attorneys Office.

21   We've spoken to them today.  In the event that the order which

22   we propose today which unseals the document with certain

23   limited redactions -- as far as they're concerned at this

24   point, they would be satisfied with that.  So we could put that

25   aside and come back to it after we've dealt with the other.

10

1          THE COURT:  Fine.  Let's shelve it for the time

2     being.

3          MR. VALUKAS:  All right.  Your Honor, what we have

4     done since February 8th is we've spoken to all of the parties

5     who provided us confidential information pursuant to their

6     agreements as we went along.  And I need to say this on the

7     record.  The cooperation that we received from the parties was

8     extraordinary.  This report would have taken -- I've been

9     through civil litigation for a long time.  This would have

10    taken years to get done if we hadn't gotten the type of

11    cooperation that we got from everybody including the debtors

12    here.

13         Everybody provided understanding there were the

14    confidentiality agreements.  We've gone back to them.  And as

15    to the report itself, that is the document which was filed with

16    you, everybody has agreed with, save two parties, to -- oh, one

17    party.  I'm sorry -- to the unsealing of the report as it

18    presently is situated.  Now, what we have agreed to with

19    several of the other parties is to redact a limited amount of

20    information which is personal information and is not part or

21    essential to the report but which we understood would be

22    private -- count numbers, things such as that which really have

23    no relevance to the report itself.

24         So what we would propose in the first instance is --

25    and we've made some clerical corrections as usual.  We go back

11

1    2200 pages; we did find typos -- is that we file -- be

2    permitted to file a corrected copy of the report with those

3    limited redactions and the corrections and substitute that

4    report for the report which is presently under seal with the

5    court.  And this report would remain under seal until we've

6    completed everything else.  So that would be the first item we

7    would be asking for.

8         As to the issue of redactions within the report

9    itself, the CME has posed an objection to our citation to five

10   documents which are contained within the report which affect

11   about seven or eight -- about twelve pages of the report.  And

12   we have not reached agreement with them.  We have reached an

13   agreement to put the matter before the Court at a subsequent

14   time; we have dates for that.

15        What we would propose -- and that matter is of

16   importance to us because that involves what might be potential

17   claims by the debtor in connection with the documents which are

18   sought to be maintained as confidential.  So we can't reach a

19   resolution on that particular area.

20        What we would propose then is that we would file

21   today a redacted copy of the report excluding these five

22   documents and the references to the material in those five

23   documents.  We have that prepared.  If the Court enters the

24   order, we can have that -- then the report -- the 2200 page

25   report would then be available to the public.  We could have

12

1    that on the Court's electronics file and on Eclipse within

2    thirty minutes after the Court filed the order so the document

3    would be out.

4          We would then propose that, when we have dates that

5    we have agreements with the CME, if this works for the Court,

6    that the CME would file its objection by the 19th of March.  We

7    would respond by the 25th and any other party who wanted to

8    respond.  And a hearing any time after April 1st on that

9    matter.  And we've spoken with the CME before we came here and

10   they were agreeable to those dates if those are dates that are

11   agreeable to the Court.

12         THE COURT:  Okay.  I mean, the key dates that don't

13   affect me are the dates of March 19th and March 25.  And I

14   simply have to check with my courtroom deputy to see what

15   available time we have --

16         MR. VALUKAS:  I'm sorry?

17         THE COURT:  Sorry about the background noise.  The

18   only dates that affect you have been agreed to.  They don't

19   affect me.

20         MR. VALUKAS:  Okay.

21         THE COURT:  The one date that affects me which I

22   can't give you yet is the date for the hearing itself.  It

23   seems to me that it would be reasonable for the hearing to take

24   place on a Lehman omnibus hearing date --

25         MR. VALUKAS:  That's fine.

13

1        THE COURT:  -- because for the efficiency of the

2   administration of the case as a whole and also to minimize the

3   number of interested lawyers who might be wanting to watch that

4   the next omnibus hearing date in April is the 14th.  So why

5   don't we call this April 14th?

6        MR. VALUKAS:  That works.

7        THE COURT:  And just judging from the number of

8   people who are here today, I'll probably arrange for an

9   overflow courtroom on that day so we have some capacity for any

10   people who simply want to observe.

11        MR. VALUKAS:  Okay.  The other --

12        THE COURT:  There are some more blanks, though --

13        MR. VALUKAS:  Yes.  And we're going to come to those.

14        THE COURT:  -- in paragraph 3 of your proposed order.

15        MR. VALUKAS:  Right.  Your Honor, as we stated the

16   last time I was before the Court and what we have stated in our

17   motion, we believe that our responsibility was not only to

18   write a report but to provide the facts so that the parties

19   could use those facts hopefully for purposes of resolving the

20   matters which are before your court in this incredibly complex

21   case.

22        There are over 8,000 footnotes in the report and they

23   reference several thousands of documents.  We have gone back to

24   the parties and -- because our proposal to the parties was that

25   we would arrange a hyperlink so that a person reading the

14

1  report could then access the actual documents to which the

2  reference was being made in the report.

3          THE COURT:  I'd like access to that, too.

4          MR. VALUKAS:  Well, Your Honor, you have access to

5  anything you want.

6          THE COURT:  Okay.  I'm saying -- and this is an aside

7  on my part.  But I have read -- I can't say every single one of

8  the 2200 pages because some I've skimmed.  But I consider this

9  to be one of the most extraordinary pieces of work product I

10  have ever encountered.  It's extraordinarily comprehensive.  It

11  reads like a best seller.  And it's so well organized that it's

12  actually useful.  So my compliments --

13          MR. VALUKAS:  Your Honor, that --

14          THE COURT:  My compliments to everyone who had any

15  meaningful input in what I consider the most outstanding piece

16  of work product ever produced by an examiner.

17          MR. VALUKAS:  Thank you very much, Your Honor.  I

18  can't tell you how much that means to me and the lawyers over

19  here.  So that's -- that's what we thought we hoped we could do

20  because this was a matter of great significance across the

21  country and we wanted to rise to the occasion.

22          What we have had with regard to our request of the

23  various parties is the following.  Two parties -- and I need to

24  make this clear.  We don't see this as an objection so much as

25  something that needs to be worked out.  Two parties have

15

1    objected to the publication of some of the documents which they

2    have provided to us.  Barclays, which has been extraordinarily

3    cooperative with us and we could not have written the report

4    without their cooperation, gave us access to their databases so

5    that our experts could review things such as valuations matters

6    such as that.  But that material is also intertwined with

7    Barclays' proprietary material since -- after they have taken

8    over Lehman.  They have not been given the opportunity to read

9    the report.  The only copies that have been provided to anybody

10   have been provided to the Court.  They want to read the report

11   to make sure that if they say yes in terms of the access point

12   that that will not impact proprietary information.  And they've

13   indicated if they can have two weeks to do that that they would

14   be back here -- we may have all matters resolved or we may have

15   to make some modifications in the report.  The only other party

16   is the Office of Thrift Supervision which has indicated to us

17   that they have no objection to the report being published as it

18   presently is identified which has extracts from certain

19   portions of their report but, for policy reasons, would object

20   to the publication of the underlying documents which are

21   typically held as confidential.

22          So both of those parties have indicated an objection

23   of form.  They have agreed -- or we have had agreements with

24   Barclay.  We really haven't talked with the Office of Thrift

25   Supervision.  But if with regard to that, if we would set a

16

1   date for them to file whatever objections those two parties

2   would have -- all other parties have agreed and we're going to

3   bind them to their agreement -- of March 25th with a response

4   by us by April 1st.  And then that matter could be set over --

5   and you've suggested the date of the 14th and it seems to me we

6   could deal with both those issues on the 14th if they, in fact,

7   still exist as of that time.

8           THE COURT:  My only comment with regard to the 14th

9   is that if it turns out that there is significant contested

10  litigation regarding confidentiality privilege and disclosure

11  issues, given that that's an omnibus hearing date of unknown

12  dimension at this point, it's conceivable that there may be a

13  need to break this out into a separate hearing date.  And I'm

14  simply going to reserve the right to do that.  But for purposes

15  of the order, we're going to treat this as an April 14th

16  hearing with the understanding that it's subject to reasonable

17  adjustment so that we don't end up with an unmanageable

18  calendar that day.

19          MR. VALUKAS:  And what we will do is talk to the

20  parties.  If we can work around these issues and find a way to

21  do that without impacting in any way the integrity of the

22  report, we may still get agreement.  As I said, the agreements

23  and cooperation of the parties -- and this has been

24  unprecedented.

25          That would then leave us, Your Honor, with one last

17

1    item which is not subject to an order but I would put before

2    the Court and we will deal with it at some later date.  And

3    that is this.  We have created in the course of this

4    investigation a repository, document repository, which has been

5    organized in such a way that it's readily accessible through

6    search terms, documents, events, numerous different ways that

7    litigators would look at a repository for purpose of putting

8    together.  There are probably thirty-five million pages in the

9    documents which we reviewed.  Over six million documents --

10   they've been analyzed.  The analysis is -- in the

11   categorization is included there.  At some point, we want to

12   come back to the Court.  We want to talk to the parties 'cause

13   all of these documents are subject to confidentiality

14   agreements.  And possibly have a proposal to the Court as to

15   how the Court might think to address the issues of access to

16   those materials.  That may not be possible on a -- other than

17   on an item by item basis 'cause the parties who produced the

18   materials did so with the strict understanding and agreement

19   with us that they would not be made available absent their

20   being heard on the matter and their objections being

21   considered.  So -- but we'll come back on that.  I just say

22   that that's an issue that's outstanding that we need to come

23   back to the Court on.

24            THE COURT:  Okay.

25            MR. VALUKAS:  So what we would then propose, Your

18

1   Honor, is that, pursuant to the order that we have suggested,

2   that you allow us to substitute a corrected copy which will

3   continue to be under seal for the copy that we filed on

4   February 8th.  Secondly, that we -- that the dates that we

5   propose and the Court is indicating might be agreeable for the

6   hearing dates on the two series of objections be set.  Thirdly,

7   that the Court direct the filing of the redacted copy of the

8   report which redacts out the CME material subject to the

9   hearing so that could be immediately made public as of today.

10              THE COURT:  It all sounds good to me.  I'll ask,

11  since we have a lot of people in court, if there's anyone who

12  wishes to be heard.

13              MR. GLASSER:  May I approach, Your Honor?

14              THE COURT:  Sure.

15              MR. GLASSER:  Thank you.  May it please the Court,

16  learned counsel.  Charles Glasser, Global Media Counsel for

17  Bloomberg News.  Thank you for the opportunity to be heard.

18  Make it very brief.  We've had the opportunity to review the

19  proposed order.  We're delighted with it, frankly.  We do have

20  one suggestion or, rather, point that we would ask Your Honor

21  to consider with regard to this order.  Less so about the

22  immediate release of the redacted version today but the

23  suggestion that serves the public interest and indeed may

24  represent a savings in judicial efficiency, to wit.  If Your

25  Honor would look at Section 2(d) of the proposed order, this

19

1    basically, if I understand this all correctly -- we would ask

2    that Your Honor require CME Group, in this case, who plan to

3    file an objection or any party that so intends to file, that as

4    we had suggested in our proposed order that they be required to

5    file a public version they redact on their own, on good faith,

6    on the basis upon which they believe material should be

7    withheld from public view.  This may satisfy the public need to

8    know.  It may contain enough facts for reporters and

9    subsequently the public to learn what they need to learn.  It

10   minimizes further litigation on that point, at least as far as

11   the press is concerned.  And it certainly supports the

12   principles that have been held in this Court that the policy of

13   open inspection underscores the confidence and the public

14   willingness to accept what happens in its courts.  In other

15   words, CME or, again, any groups objecting down the road to

16   disclosure of their material, would have the opportunity to

17   protect which it will that, in good faith, they genuinely

18   believe is a trade secret or personal information, anything

19   like that, but would allow this method requiring them to file a

20   public version simultaneously, would also allow the public to

21   see what the basis of secrecy is.  In other words, the public

22   has a right to know not only what they think might or might not

23   be a secret but why secrecy?  What's the logic behind it?  Why

24   are we, the public, being hidden from the process?  It's quite

25   possible, again, one assumes good faith on the part of all

20

1    counsel, one assumes that CME would do so on a narrow and

2    limited basis.  And we would ask that Your Honor consider

3    adding the public version requirement to this upcoming

4    objection.

5         Incidentally, counsel for Dow Jones is present.

6    We've discussed this and they also agree that this would serve

7    judicial efficiency and the public interest.

8         Does Your Honor have any questions or can I be of any

9    assistance?

10        THE COURT:  Not of you but I do want to know if CME

11   Group is represented here today.

12        MR. GLASSER:  Thank you, Your Honor.

13        THE COURT:  Is anyone here representing CME Group?

14        MS. FREJKA:  Yes, Your Honor.  That provision is

15   acceptable.

16        THE COURT:  If you could just come forward, identify

17   yourself fully for the record and speak into the microphone so

18   what you say is picked up on the record.

19        MS. FREJKA:  Good afternoon, Your Honor.  Elise

20   Frejka, Kramer Levin, represent CME Group.  The proposal on a

21   public filing is acceptable to CME.

22        THE COURT:  Okay, fine.  So we will amend paragraph

23   2(d) or, in some other appropriate place in the order, put a

24   reference to the agreed filing by the CME Group of a public

25   version of what would otherwise be an under seal document along

21

1    with an explanation as to the reason for this being a dispute

2    to litigate.

3                MS. FREJKA:  Thank you, Your Honor.

4                THE COURT:  Does that satisfy Bloomberg?  I would

5    think it would.

6                MR. GLASSER:  It does, Your Honor.  Thank you for the

7    opportunity.

8                THE COURT:  All right.  Mr. Etkin, do you wish to be

9    heard as well?

10               MR. ETKIN:  Very briefly, Your Honor.  Your Honor,

11   Michael Etkin on behalf of the lead plaintiffs in the three

12   cases that are pending before Judge Kaplan, the equity debt

13   securities case, the mortgage back securities case and the

14   ERISA case, all pending before Judge Kaplan.

15               We filed a short pleading, Your Honor.  Our only

16   concern -- and I just rise to mention it.  First of all, we're

17   very happy and impressed with, frankly, what the examiner has

18   been able to do with respect to dealing with confidentiality

19   issues with those producing parties.

20               We're just concerned and want to make sure that, at

21   the end of the day, as it relates to the litigation that's

22   pending before Judge Kaplan, to the extent that the examiner

23   agrees that certain redactions should take place or documents

24   are not released, that that would not preclude, in the context

25   of the securities litigation, requests for that information or

22

1    those documents and, obviously, giving those other parties the

2    opportunity to come in and take a position with respect to

3    whether it's privileged or confidentiality and that we're not

4    barred from dealing with that, if necessary, somewhere down the

5    road in the context of that litigation.

6              THE COURT:  I have a hard time understanding how you

7    would be but let me see if anybody has a problem with that.

8              MR. ETKIN:  It's strange sometimes how parties may

9    put a document in front of the district court from the

10   bankruptcy court and take the position that perhaps that issue

11   had been resolved here for all purposes.  So maybe it's belt

12   and suspenders, Your Honor.

13             THE COURT:  All right.  Mr. Valukas or others on your

14   team, is there any issue with respect to preclusive impact?  I

15   would assume the answer is --

16             MR. VALUKAS:  No.

17             THE COURT:  -- there's no issue of preclusive impact.

18             MR. VALUKAS:  There is no issue.

19             THE COURT:  Fine.  So everybody's rights are

20   reserved.  To the extent that something has been redacted, it

21   doesn't mean that it has been redacted forever.  Is there

22   anything more on the order?  I'll enter it today.

23             MR. VALUKAS:  Thank you, Your Honor.

24             UNIDENTIFIED SPEAKER:  Your Honor, we have the disk

25   if --

23

1          MR. VALUKAS:  We have -- is this the order?

2          UNIDENTIFIED SPEAKER:  The disk with the order.

3          MR. VALUKAS:  This is the disk with the order but,

4    again, it's been modified to reflect that.

5          THE COURT:  You may approach.  Now, is -- okay.

6    Everything is here except for the reference to the CME Group

7    public filing.  And I presume that counsel for CME Group and

8    counsel for the examiner can stay for a few minutes to

9    interlineate the order to include acceptable language.  And we

10   can make those changes before the order is entered on the

11   docket.  So I'm just going to suggest that you stay behind to

12   do that.

13         MR. VALUKAS:  We will do exactly that, Your Honor.

14   Then we would ask that, as I understand the procedure here,

15   since it might take a day to get it onto the docket that is --

16   if you've so ordered on the record then we can -- once you've

17   signed it, we can then proceed to disclose it.

18         THE COURT:  I'm so ordering today's record but it's

19   my contemplation that I'll be able to docket a slightly

20   modified version of the order you've just handed to me this

21   afternoon.  If it's going to take a little bit of extra time to

22   substitute the cleaned up March 11th version of the February

23   8th report with appropriate redactions so that then can be

24   publicly filed -- I don't know if that's going to happen this

25   after --

24

1           MR. VALUKAS:  We have it with us.

2           THE COURT:  So that can happen this afternoon?

3           MR. VALUKAS:  We can have it happen in thirty

4     minutes.

5           THE COURT:  Fine.  So I think it should happen before

6     the close of business today, for sure.  Now, as a result of the

7     disposition of this matter relating to on sealing, I trust the

8     earlier motion which we put on the shelf has been rendered

9     moot.

10          MR. VALUKAS:  It has, Your Honor.

11          THE COURT:  Fine.  Is there anything more for today?

12    Mr. Miller?

13          MR. MILLER:  Good afternoon, Your Honor.  Harvey

14    Miller on behalf of the debtors.  I just wanted to say, Your

15    Honor, that we applaud the efforts of the examiner.  This is a

16    day that we have been looking forward to.  The unsealing of the

17    report could not have occurred at a more opportune time, Your

18    Honor, in this stage of the process.  Everybody's looking

19    forward to reading the report and assisting in the formulation

20    of a plan that is going to be filed very, very shortly, Your

21    Honor.

22          The only other question that I want to make clear is

23    that the copyright on this report belongs to the estate.

24          THE COURT:  I now understand what will fund the plan.

25          MR. MILLER:  You've got it, sir.  Thank you, Your

25

1   Honor.

2           THE COURT:  All right.  We're adjourned until March

3   17th which is the next omnibus hearing.  Thank you all.

4           MR. VALUKAS:  Thank you, Your Honor.

5       (Whereupon these proceedings were concluded at 2:35 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2                                    I N D E X

3

4                                 R U L I N G S

5    DESCRIPTION                                       PAGE     LINE

6    Examiner's motion to establish procedures to       22       22

7    unseal examiner's report granted subject to

8    parties' rights to object

9    Record so ordered                                  23       18

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

27

1

2                    C E R T I F I C A T I O N

3

4        I, Lisa Bar-Leib, certify that the foregoing transcript is a

5        true and accurate record of the proceedings.

6

7        _____

8        LISA BAR-LEIB

9        AAERT Certified Electronic Transcriber (CET**D-486)

10

11       Veritext

12       200 Old Country Road

13       Suite 580

14       Mineola, NY 11501

15

16       Date:  March 12, 2010

17

18

19

20

21

22

23

24

25