WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    08-13555 (JMP)
                                                   :
                              Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

**DECLARATION OF STEVEN COHN IN SUPPORT
OF THE STIPULATION, AGREEMENT AND ORDER
(I) DISMISSING DNB NOR BANK ASA'S APPEAL OF THE
BANKRUPTCY COURT'S ORDER DENYING ITS MOTION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND ALLOWANCE
OF SETOFF OF SUCH CLAIMS AND (II) GRANTING OTHER RELATED RELIEF**

Steven Cohn hereby declares under penalty of perjury pursuant to section 1746 of title 28 of the United States Code:

1. I am over 18 years of age and I can testify to the following facts based on my personal knowledge, my review of the business records of Lehman Brothers Holdings Inc. ("LBHI"), and/or my consultation with employees of Alvarez & Marsal North America, LLC ("A&M") and LBHI.

2. I am a Managing Director of A&M. A&M has been providing restructuring and general operational and managerial services to LBHI and its affiliated debtors (together, the "Debtors") in connection with the above-referenced chapter 11 cases. I was assigned to the Debtors' cases on or about September 2008. I am the Co-Treasurer of LBHI and certain of its

subsidiaries. My responsibilities include overall supervision of cash management, treasury operations, payroll, accounts payable, and certain employee matters.

3. In that role, I have become familiar with LBHI's various bank accounts throughout the United States as well as Europe, including the general deposit account (the "'268 Account") that LBHI maintains with DnB NOR Bank ASA ("DnB NOR"). I am familiar with the litigation between LBHI and DnB NOR that occurred in this Court as well as the matters that were appealed to the United States District Court for the Southern District of New York (the "Appeal"). I am also familiar with the stipulation, agreement and order (the "Stipulation, Agreement and Order")[1] entered into by and between LBHI, the Committee, and DnB NOR that has been submitted to the Court for approval. I submit this Declaration in support of the Stipulation, Agreement and Order.

4. The procedural history of the litigation is set forth in the Stipulation, Agreement and Order. To the best of my knowledge, based on my consultations with employees of A&M and the attorneys for the Debtors, the procedural history outlined in the Stipulation, Agreement and Order is true and correct.

5. Given the uncertainties, burden, expense, and potentially protracted nature attendant to litigation, the Parties commenced negotiations with regard to a potential resolution of the Appeal. Those negotiations resulted in a compromise and settlement of the issues underlying the Appeal, the terms of which are set forth in the Stipulation, Agreement and Order. Generally, the settlement provides that DnB NOR's Unsecured Claim against LBHI shall be allowed. In consideration for LBHI allowing the Unsecured Claim, DnB NOR has agreed to, among other

---

[1] Capital terms used but not defined herein shall have the meaning ascribed to them in the Stipulation, Agreement and Order.

things, the dismissal of the Appeal, with prejudice, and turnover of all post-petition funds to LBHI and LBCS without costs to either party.

6. Under the Setoff Stipulation, which resolved, in part, DnB NOR's initial motion for relief from the automatic stay and was approved by the Court on January 22, 2009, the Debtors had previously agreed, after an independent evaluation, that as of the Commencement Date the amount of all obligations owed by LBHI under the Credit Facility was not less than the sum of the Undisputed Amount and the Disputed Amount. Accordingly, by allowing the Unsecured Claim, LBHI is doing nothing more than agreeing not to disallow, defend or challenge the balance of DnB NOR's claim against LBHI's estate that LBHI has determined to be a valid claim. The Stipulation, Agreement and Order <u>does not</u> provide that DnB NOR's alleged administrative claim shall be allowed against LBHI.

7. The Debtors believe that the settlement is in the best interests of the Debtors' estates and creditors. In exchange for the dismissal of the Appeal and the recovery of the Unauthorized Debit, the current post-petition balance of the '268 Account, and the current post-petition balance of the LBCS Account, plus all accrued interest on both accounts, the Debtors are only being required to recognize the Unsecured Claim that they have independently determined to be valid. All other rights that the Parties may have against one another are fully reserved.

8. The settlement was negotiated at arm's-length and represents a fair resolution that will maximize recovery to the Debtors' constituents. Accordingly, I, on behalf of the Debtors' estates, believe that the settlement enumerated in the Stipulation, Agreement and Order is reasonable and in the best interests of the Debtors' estates and request its approval by the Court.

Executed on this 15th day of March, 2010

/s/ Steven Cohn
Steven Cohn