Hearing Date and Time: March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | 08-13555 (JMP) |
| : | |
| Debtors. : | (Jointly Administered) |

---------------------------------------------------------------------x

### LEHMAN BROTHERS HOLDINGS INC.'S
### REPLY TO RESPONSE OF WILLIAM KUNTZ III

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases, the "Debtors") replies to the Observations of William Kuntz III, filed February 18, 2010 (the "Response") [Docket No. 7184], to the Stipulation, Agreement and Order (I) Dismissing DnB NOR Bank ASA's Appeal of the Bankruptcy Court's Order Denying Its Motion for Allowance and Payment of Administrative Expense Claim and Allowance of Setoff of Such Claims and (II) Granting Other Related Relief (the "Stipulation, Agreement and Order")[1] [Docket No. 7101] and respectfully represents:

---

[1]  Capital terms used but not defined herein shall have the meaning ascribed to them in the Stipulation, Agreement and Order.

**The Stipulation, Agreement and Order Should be Approved**

1. The "observations" in the Response fail to raise any legal basis to prevent approval of the Stipulation, Agreement and Order. The Response does not contest the reasonableness of the Compromise and Settlement or argue that it should not be approved. To the extent that the Response can be construed as an objection, the Debtors submit that it should be overruled because the Settlement and Compromise satisfies the applicable legal standards under Bankruptcy Rule 9019. *See Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)* 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (holding that Bankruptcy Rule 9019 empowers a court to approve settlements "if they are in the best interests of the estate"); *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (internal citations omitted) (holding that a bankruptcy court "does not have to decide the numerous questions of law and fact" with respect to a settlement, but "need only canvass the settlement to determine whether it is within the accepted range of reasonableness").

2. In support of the reasonableness of the Compromise and Settlement, the Debtors refer to the Stipulation, Agreement and Order and, in addition, submit the Declaration of Steven Cohn, dated March 15, 2010 [Docket No. 7564].

*[The remainder of this page is intentionally blank.]*

3. For the reasons set forth above, in the Stipulation, Agreement and Order, and in the Declaration of Steven Cohn, LBHI respectfully requests that this Court overrule the Response and approve the Stipulation, Agreement and Order.

WHEREFORE the Debtors respectfully request that the Compromise and Settlement set forth in the Stipulation, Agreement and Order be approved, and that they be granted such other and further relief as is just.

Dated: March 15, 2010
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession