WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT TO SECTION 105**
**OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,**
**AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO**
**IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE**
**DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") authorizing the Debtors to implement claims hearing procedures and alternative dispute resolution procedures for claims against the Debtors, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Court"), on **April 14, 2010, at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than **March 31, 2010, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 15, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 105
OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,
AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS
TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), file this Motion and respectfully represent:

## I.  PRELIMINARY STATEMENT

1.      The Debtors' chapter 11 cases are among the largest and most complex ever filed.  Reconciling and resolving the more than 66,000 claims filed against the Debtors (the "Filed Claims") in addition to the claims scheduled by the Debtors (the "Scheduled Claims" and, together with the Filed Claims, the "Claims") using traditional claims procedures, particularly full-scale evidentiary hearings, would tax and overwhelm the resources of both the Court and the

Debtors.  The Debtors therefore seek to implement procedures that will facilitate the consensual resolution of many claims and ease the burden on the Court, while preserving the rights of all parties in interest.

2.     By this Motion, the Debtors propose to implement certain claims hearing procedures (the "<u>Claims Hearing Procedures</u>") and alternative dispute resolution procedures (the "<u>ADR Procedures</u>") to expedite the process of reconciling the Claims.  The Debtors believe that the Claims Hearing Procedures and the ADR Procedures are a fair, efficient, and cost-effective means of resolving the Claims while respecting the due process rights of the holders of Claims (each, a "<u>Claimant</u>"), the Debtors, and all other parties in interest.

## II.  <u>BACKGROUND</u>

### A.  <u>General Background</u>

3.     On September 15, 2008, and periodically thereafter (as applicable, the "<u>Commencement Date</u>"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On September 17, 2008, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

5.	On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

6.	On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"), and by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

7.	Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**B.	Claims Against the Debtors**

8.	On March 12, 2009, the Debtors filed their respective Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, and Schedules of Executory Contracts and Unexpired Leases (the "Schedules").  On June 15, 2009, the Debtors amended their Schedules.

9.	By order, dated July 2, 2009 [Docket No. 4271] (the "Bar Date Order"), the Court established:  (i) September 22, 2009, as the deadline for virtually all creditors to file proofs of claim (each a "Proof of Claim") for claims against the Debtors that arose prior to the Commencement Date (the "General Bar Date"); (ii) October 22, 2009, as the deadline for the filing of questionnaires with respect to any Derivative Contract or Guarantees (each as defined in the Bar Date Order and together, the "Derivative and Guarantee Questionnaires"); and (iii) November 2, 2009, as the deadline to file Proofs of Claim with respect to any Lehman Program

Securities (as defined in the Bar Date Order). By order, dated August 25, 2009 [Docket No. 4928], the Court extended the General Bar Date and the deadline for filing the Derivative and Guarantee Questionnaires for certain of LBHI's foreign affiliates to November 2, 2009.[1] The Filed Claims assert claims in an aggregate amount exceeding $875 billion plus unliquidated amounts, and the Scheduled Claims are listed in an aggregate amount of $600 billion including contingent and disputed claims plus claims scheduled in unliquidated amounts.

### III. JURISDICTION

10.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### IV. RELIEF REQUESTED

11.    The Debtors request that the Court approve, and authorize the Debtors to implement, pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and the Court's General Order M-390 (the "General Order"), the Claims Hearing Procedures and the ADR Procedures. The Claims Hearing Procedures and the ADR Procedures are set forth in Exhibit A to the proposed order (the "Proposed Order"), attached hereto as Exhibit 1, but the key features are:[2]

---

[1] Any information submitted pursuant to, or in connection with, any of the foregoing orders shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in Exhibit A to the Proposed Order. The key features of the Claims Hearing Procedures and ADR Procedures presented in summary form herein are for informational purposes only and are qualified by the Claims Hearing Procedures and ADR Procedures, as fully set forth in Exhibit A to the Proposed Order.

o   Following the Debtors' objection (omnibus or otherwise) to a Proof of Claim,[3] a Claimant may file and serve a Response. If no Response is properly filed and served or if a resolution is reached, the Debtors will seek to have the Claim disallowed and expunged or the settlement approved in accordance with the Settlement Procedures,[4] to the extent applicable, at the hearing scheduled for the objection's return date.

o   A Temporary Litigation Injunction, staying other litigation with respect to the Claim to which an objection has been filed, including but not limited to discovery by Claimants, shall be imposed from the service of an objection (omnibus or otherwise) through the completion of the Claims Hearings Procedures and the ADR Procedures, as applicable, to allow the Claims Hearings Procedures and the ADR Procedures to proceed uninterrupted by such other litigation.

o   If the Debtors object to the Claim because it fails to state a legally sufficient claim and a Response is properly filed and served, unless the Debtors serve the Claimant with a Notice of ADR Procedures or a Notice of Merits Hearing, the Court will hold a Sufficiency Hearing at the hearing scheduled for the objection's return date.

o   If the Debtors object to the Claim on the merits and a Response is properly filed and served, the Debtors will, in their sole discretion, serve the Claimant with either (i) a Notice of ADR Procedures, in which case the ADR Procedures will take effect, or (ii) a Notice of Merits Hearing, in which case the objection will proceed to resolution by the Court. The Debtors may append an Offer of Settlement to either such notice.

---

[3] To the extent the Court enters the *Order Clarifying the Debtors' Supplemental Notice and the Bar Date Order with Respect to Claims Relating to Lehman Programs Securities Issued by LBHI* (the "LPS Order"), with respect to securities included on Schedule A to the LPS Order (the "LBHI Issued LPS"), an objection to the Scheduled Claim amount shall be considered a "Contested Claim" for the purposes of this Motion, and other than the modifications to the provisions of this Motion as set forth below, all provisions of this Motion and the related procedures shall apply to Contested Claims relating to the LBHI Issued LPS:

- Consistent with the Amended Case Management Order (as defined herein), the Debtors may file a reply to any objection to the Scheduled Claim amount of an LBHI Issued LPS.
- A Temporary Litigation Injunction, staying other claims litigation, shall be imposed upon the service of an objection to the Scheduled Claim amount of an LBHI Issued LPS through the completion of the Claims Hearing Procedures and the ADR Procedures, as applicable.
- Upon the filing of an objection to the Scheduled Claim amount of an LBHI Issued LPS, the Debtors, will, in their sole discretion, serve the objecting party with either (i) a Notice of ADR Procedures, in which case the ADR Procedures will take effect, or (ii) a Notice of Merits Hearing, in which case the objection will proceed to resolution by the Court.
- The Debtors will not seek a Sufficiency Hearing with respect to any Contested Claim relating to an LBHI Issued LPS.

[4] To the extent the Court enters the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures* (the "Claims Settlement Procedures Order"), the Claims Hearing Procedures and the ADR Procedures complement but not replace the Settlement Procedures (as defined and fully set forth therein).

- The ADR Procedures consist of two phases: Negotiation and Mediation. Negotiation only takes place at the request of one of the parties; and Mediation is mandatory and non-binding. If a settlement is reached at any point in the Claims Hearing Procedures or the ADR Procedures, including through Mediation, such settlement will be subject to approval in accordance with the Settlement Procedures, to the extent applicable. If the Mediation concludes at the discretion of the Mediator and all or part of the objection to the Contested Claim remains unresolved, the parties will proceed to a Claims Objection Hearing.[5]

- Each part of the ADR Procedures is designed to narrow outstanding differences between the parties and reduce costs overall. Thus, Negotiation takes place by telephone outside the presence of a neutral third party. Mediation takes place at a location in New York, New York selected by the Debtors and in the presence of a neutral third party. Upon consent of all of the parties, the Mediation may be held telephonically. The parties will agree to a Mediator from a list provided by the Debtors, and each side will submit briefs.

- All aspects of the ADR Procedures will be confidential and subject to Federal Rule of Evidence 408, and no written submissions will be filed with the Court.

## V. BASIS FOR RELIEF

### A. The Claims Hearing Procedures Are Appropriate and Should Be Approved

12. The Debtors believe that the Claims Hearing Procedures and the ADR Procedures are critical to facilitating the resolution of Claims in an efficient and cost-effective fashion, while easing the burden on the Court and the Debtors and preserving the rights of all parties in interest in these chapter 11 cases. Although implementation of alternative dispute resolution procedures on such a broad scale is novel, the Claims Hearing Procedures and the ADR Procedures proposed by the Debtors are both necessary and appropriate given the more than 66,000 claims, with a face value in excess of $830 billion, filed against the Debtors.

---

[5] To the extent a Mediation concludes at the discretion of the Mediator and all or part of the objection to the Contested Claim remains unresolved, the parties may consent to final and binding arbitration in accordance with the General Order.

13.     To date, the Court has implemented a framework for the Debtors to object to Claims on individual and omnibus bases pursuant to the *Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, entered on February 13, 2009 [Docket No. 2837] (the "Amended Case Management Order"), and the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of Claim Objection Procedures*, entered January 14, 2010 [Docket No. 6664] (the "Claim Objection Procedures Order"), respectively.  Where no Response to an objection to a Claim is properly filed and served, the Debtors will request that the Court sustain such objection at the hearing (omnibus or otherwise) for which the objection is initially scheduled.  While the Debtors anticipate that they will be able to resolve the vast majority of Contested Claims consensually, the negotiation of such resolutions may not be completed prior to the respective hearing for which the objection is initially scheduled.  For those Claims that are resolved prior to the initially scheduled hearing on the objection thereto, the Debtors will seek approval of the resolution from the Court in accordance with the Settlement Procedures, to the extent applicable, at such hearing.  For those Contested Claims which the Debtors are unable to resolve consensually prior to such hearing (or another hearing to which the objection was adjourned), the Debtors hereby request that the Court exercise its authority pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9014(c) to implement the Claims Hearing Procedures.

14.     The Debtors request that the Court authorize the Creditors' Committee to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim.

i.       **The Court Has Authority to**
        **Implement the Claims Hearing Procedures**

15.     The Debtors' objection, omnibus or otherwise, to a Claim initiates a contested matter, which is governed by Bankruptcy Rule 9014.  *See* 1983 Advisory Committee Note to FED R. BANKR. P. 3007, *reprinted in* 9 COLLIER ON BANKRUPTCY App. 3007 (15th ed. rev. 2009) (a "contested matter initiated by an objection to a claim is governed by rule 9014").  Bankruptcy Rule 9014(c) provides, in pertinent part, that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."  FED. R. BANKR. P. 9014(c).  Part VII contains the rules for adversary proceedings.  In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See*, *e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

16.     The Court has the "inherent power" to "manage [its] owns affairs so as to achieve the orderly and expeditious disposition of cases."  *Cf. Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (noting the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  Accordingly, the Sufficiency Hearings comport with the Court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of these chapter 11 cases.  Because the Sufficiency Hearings

contemplate judgment on the pleadings, the lack of an evidentiary hearing will expedite the disposition of Claims that fail to state a claim upon which relief may be granted.

17.     The Court has the discretion to disallow and expunge legally insufficient claims at a summary hearing.  Bankruptcy Rule 9014(c) permits the Court to apply, *inter alia*, Bankruptcy Rule 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6) (dismissal for failure to state a claim) and Rule 12(c) (judgment on the pleadings) to claims objections, providing the Court with the discretion to rule on the sufficiency of the pleadings presented by the Claimant.[6]  To the extent a Claimant fails to support a Contested Claim sufficiently, such Contested Claim does not make out a prima facie case against the Debtors and is subject to disallowance, *see In re WorldCom, Inc.*, 2005 WL 3832065, *4 (Bankr. S.D.N.Y. 2005), and expungement following a Sufficiency Hearing pursuant to Bankruptcy Rule 7012(b).

18.     As provided in the Claims Hearing Procedures, to the extent that the Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall, in their sole discretion, provide to the Claimant a Notice of ADR Procedures, thus making the Contested Claim subject to the ADR Procedures, or a Notice of Merits Hearing, thus making the Contested Claim subject to an evidentiary hearing before the Court.  The Debtors reserve all rights to object to such Contested Claims on other grounds.  The relief requested with respect to Sufficiency Hearings is substantially similar to the relief that has been granted by this Court in connection with a similar motion to implement claims hearing procedures.  *See*, *e.g.*, *In re Delphi Corp.*, *et*

---

[6] Although a "proof of claim is deemed prima facie valid" under Bankruptcy Rule 3001(f), "[i]nitially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid."  *In re WorldCom, Inc.*, 2005 WL 3832065, *4 (Bankr. S.D.N.Y. 2005) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

*al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 6, 2006) [Docket No. 6089]

(implementing claims hearing procedures for all claims).

ii.      **Adequate Notice of the Claims Hearing**
**Procedures and the ADR Procedures Will Be Provided**

19.      Bankruptcy Rule 9014(c) provides that the Court "shall give the parties

notice of any order issued under this paragraph to afford them a reasonable opportunity to

comply with the procedures prescribed by the order."  FED R. BANKR. P. 9014(c).  The Debtors

will therefore provide to all Claimants who are served a Notice of ADR Procedures a copy of the

*Claims Hearing Procedures and ADR Procedures* as part of the service of the Notice of ADR

Procedures.  Each Notice of ADR Procedures will also contain the following language:

THE ATTACHED *COURT-ORDERED CLAIMS HEARING
PROCEDURES AND ADR PROCEDURES* (THE "PROCEDURES")
APPLY AND GOVERN THE OBJECTION TO YOUR PROOF(S) OF
CLAIM THAT IS/ARE SCHEDULED FOR THE CLAIMS OBJECTION
HEARING BEFORE THE BANKRUPTCY COURT ON THE DATE
SET FORTH BELOW.

The relief requested with respect such notice is substantially similar to the relief that has

been granted by this Court in connection with similar motions to implement claims

hearing procedures and alternative dispute resolution procedures.  *See*, *e.g.*, *In re Motors*

*Liquidation Co., et al.*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb. 23, 2010)

[Docket No. 5037] (providing for notice of ADR procedures for designated claims); *In re*

*Delphi Corp.*, *et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 6, 2006) [Docket

No. 6089] (providing for notice of claims hearing procedures for all claims).

### iii. The Temporary Litigation Injunction Is Necessary to Implement the Claims Hearing Procedures and the ADR Procedures

20.     The Claims Hearing Procedures and the ADR Procedures impose a Temporary Litigation Injunction, staying other litigation with respect to a Contested Claim, including but not limited to discovery, by Claimants and the Debtors.  Upon service of an objection, omnibus or otherwise, each Claimant to whom such objection applies and the Debtors will be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any and all Contested Claims filed by such Claimant other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases.  The Temporary Litigation Injunction will expire with respect to a Contested Claim only (i) when that Contested Claim has been resolved by virtue of a settlement between the parties, reached through the ADR Procedures or otherwise, or (ii) upon entry of a scheduling order setting forth the rules and procedures applicable to a Merits Hearing or a Claims Objection Hearing, as applicable to such Contested Claim.  Specifically, all rights to discovery will be preserved should a Mediation conclude at the discretion of the Mediator with all or part of the objection to the Contested Claim remaining unresolved and the parties proceed to a Claims Objection Hearing or, alternatively, should the Debtors decide to forgo the ADR Procedures and proceed directly to a Merits Hearing by serving a Claimant with a Notice of Merits Hearing.  In such situations, discovery will be conducted in accordance with any scheduling order issued in connection therewith.

21.     The Temporary Litigation Injunction is critical to the successful implementation of the Claims Hearing Procedures and the ADR Procedures.  Without it,

Claimants may attempt to commence litigation or take discovery while they are subject to a Sufficiency Hearing or in Negotiation or Mediation, potentially defeating the purpose of such procedures. A litigation or discovery free-for-all would defeat the purpose of the Claims Hearing Procedures and the ADR Procedures and burden the resources of both the Court and the Debtors. Moreover, litigation of discovery issues would divert value that would otherwise be recoverable by creditors. The Temporary Litigation Injunction promotes cost savings and enforces the streamlined procedures for resolving Claims as provided for in the Claims Hearing Procedures and the ADR Procedures, while respecting the due process rights of the Claimants. The relief requested in the Motion with respect to the Temporary Litigation Injunction is substantially similar to the relief that has been granted by this Court in connection with other alternative dispute resolution procedures. *See*, *e.g.*, *Motors Liquidation*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb. 23, 2010) [Docket No. 5037] (imposing "ADR Injunction" on claimants subject to alternative dispute resolution procedures); *In re Dana Corp.*, *et al.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. May 23, 2007) [Docket No. 5372] (same).

**B.      The ADR Procedures Are Appropriate and Should Be Approved**

22.      Section 105(d) of the Bankruptcy Code provides that the Court may "issue an order . . . prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically. . . ." 11 U.S.C. § 105(d). The legislative history of this subsection, enacted as part of the Bankruptcy Reform Act of 1994, indicates that Congress intended to "authorize[] bankruptcy court judges to . . . manage their dockets in a more efficient and expeditious manner." 140 CONG. REC. H10,764 (daily ed. Oct. 4, 1994) (rem. of Rep. Brooks), *reprinted in* 2 COLLIER ON BANKRUPTCY P 105.LH (15th ed. rev. 2009). Moreover, Bankruptcy Rule 9014(c) permits the Court to apply, *inter alia*, Bankruptcy

Rule 7016, which incorporates Federal Rule of Civil Procedure 16(c), providing the Court with the discretion to consider and take appropriate action at a pretrial conference with respect to "settling the case and using special procedures to assist in resolving the dispute when authorized by statue or local rule." FED. R. CIV. P. 16(c)(2)(I). The 1993 Advisory Committee Note to this rule indicates that in addition to "traditional settlement conferences," the rule allows the judge and attorneys to "explore possible use of alternative procedures such as . . . mediation . . . that can lead to consensual resolution of the dispute without a full trial on the merits." 1993 Advisory Committee Note to FED. R. CIV. P. 16, *reprinted in* 3 MOORE'S FEDERAL PRACTICE – CIVIL § 16 App.05 (3d ed. 2010). The ADR Procedures promote the Congressional policy of enabling the Court to manage its docket in a more efficient and expeditious manner without a full trial on the merits.

### i. **Negotiation Is Appropriate and Should Be Approved**

23. Negotiation permits the Debtors and Claimants to confer in an attempt to resolve or narrow outstanding differences. The Debtors believe that, where differences between the sides are limited, Negotiations will promote consensual settlements between the Debtors and the respective Claimants outside of the confines of a courtroom and without the expense of a mediator, litigation, or discovery. The litigation of Claims without at least exploring the possibility of whether the parties can reach an early resolution does not serve the interest of the Debtors, their estates, or the Claimants. Prolonged litigation will slow the administration of these cases and reduce the value of the Debtors' estates to the detriment of all Claimants.

24. The relief requested in the Motion with respect to Negotiation is substantially similar to the relief that has been granted by this Court in connection with other alternative dispute resolution procedures. *See*, *e.g.*, *In re Delphi Corp.*, *et al.*, Case No. 05-

44481 (RDD) (Bankr. S.D.N.Y. Dec. 6, 2006) [Docket No. 6089] (implementing "meet and confer" stage of claims hearing procedures, including mediation, for all claims). Based on the foregoing, the Debtors request that the Court exercise its authority under the Bankruptcy Code and implement Negotiation as a component of the ADR Procedures.

      **ii.**      <u>Mediation Is Appropriate and Should Be Approved</u>

      25.      Rule 1.1 of the Court's General Order provides that "[t]he court may order assignment of a matter to mediation upon its own motion, or upon a motion by any party in interest or the U.S. Trustee." General Order M-390 § 1.1. Additionally, Rule 1.3 of the General Order provides that contested matters may be referred by the Court to mediation. *See* General Order M-390 § 1.3. The predecessor to the General Order indicates the Court's belief that "a program of Mediation/Voluntary Arbitration may potentially reduce the number of disputes needing the attention of the court, thereby allowing the court to process remaining matters more efficiently" and further states that the Court "wishes to encourage and promote, at appropriate stages in bankruptcy proceedings, the use of innovative, cost efficient, speedy methods of resolving disputes other than adjudication by a presiding judge." *See* General Order M-211. The Debtors believe that the resolution of certain Contested Claims will benefit from being overseen and facilitated by a neutral third party, as is provided for in Mediation. Additionally, the list of Mediators generated by the Debtors in consultation with the Creditors' Committee includes individuals equipped to handle the complicated disputes related to the Contested Claims.

      26.      The fundamental purpose of mediation is to allow an unbiased third party to assist adversaries in reaching resolution of issues upon which they disagree. While the Debtors propose to implement Mediation to encourage settlement, Mediation will not serve as a substitute for the Settlement Procedures, and any settlement reached through Mediation will be

subject to the Settlement Procedures, to the extent applicable. Additionally, the overall costs to the Debtors, their estates, and the Claimants will be reduced as compared with litigation (even after taking into account the Debtors' assumption of the Mediator's costs).

27. The relief requested in the Motion with respect to Mediation is substantially similar to the relief that has been granted by this Court in connection with similar motions to implement mediation procedures. *See*, *e.g.*, *Motors Liquidation Co.*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb. 23, 2010) [Docket No. 5037] (implementing mandatory non-binding mediation procedures for designated claims); *Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 6, 2006) [Docket No. 6089] (implementing mandatory non-binding mediation procedures for all unresolved claims); *In re Enron Corp.*, *et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Mar. 4, 2003) [Docket No. 9533] and (Bankr. S.D.N.Y. Mar. 20, 2003) [Docket No. 9862] (ordering mediation procedures with respect to twenty-four adversary proceedings regarding certain trading disputes); *In re Ames Department Stores, Inc.*, *et al.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Jun. 25, 2007) [Docket No. 3195] (ordering mandatory mediation procedures with respect to over 900 adversary proceedings that the debtors commenced against various preference defendants). Moreover, this Court has already approved the use of mediation in these chapter 11 cases. *See Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated Sept. 17, 2009 [Docket No. 5207]. Based on the foregoing, the Debtors request that the Court exercise its authority under the Bankruptcy Code and the General Order to implement Mediation as a component of the ADR Procedures.

28. The Debtors further request that the Court consider appropriate sanctions, including allowance or disallowance of the particular Contested Claim, if either party does not

follow the Claims Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good faith.

29.     The Claims Hearing Procedures and the ADR Procedures are separate and distinct from and do not replace the procedures provided for in the Claims Settlement Procedures Order or the Other Settlement Procedures Orders.  Nothing in this Motion, the Claims Hearing Procedures, or the ADR Procedures shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Claims Settlement Procedures Order or the Other Settlement Procedures Orders [7] or (ii) expand or create additional rights as to the Debtors to settle or pursue settlement of Claims pursuant to the Claims Settlement Procedures Order or the Other Settlement Procedures Orders.

---

[7] *See* order granting *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) for the Establishment of Procedures to (i) Restructure, (ii) Make New or Additional Debt or Equity Investments in, and/or (iii) Enter Into Settlements and Compromises in Connection with Existing Real Estate Investments,* dated November 23, 2009 [Docket No. 5912]; order granting *Debtors' Fourth Supplemental Motion to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts,* dated October 16, 2009 [Docket No. 5544]; order granting *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Establishing Procedures for the Debtors to Transfer Their Interests in Respect of Residential and Commercial Loans Subject to Foreclosure to Wholly-Owned Non-Debtor Subsidiaries,* dated September 24, 2009 [Docket No. 5272]; *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts,* dated September 17, 2009 [Docket No. 5207]; order granting *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures for the Debtors to Compromise Claims of the Debtors in Respect of Real Estate Loans,* dated September 16, 2009 [Docket No. 5187]; order granting *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) for Establishment of Procedures for the Debtors to Compromise and Settle Claims in Respect of the Origination or Purchase of Residential Mortgage Loans,* dated August 5, 2009 [Docket No. 4706]; order granting *Debtors' Motion Pursuant to Sections 105, 363, and 554(a) of the Bankruptcy Code for Authorization to Establish Procedures to Sell or Abandon De Minimis Assets,* dated June 17, 2009 [Docket No. 4021]; order granting *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures to Terminate Unfunded Commitments and Restructure Corporate Loan Agreements,* dated June 3, 2009 [Docket. No 3753]; any other such orders providing for procedures as the Court may issue (together, the "Other Settlement Procedures Orders").

**<u>Notice</u>**

30.     No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Motion in accordance with the procedures set forth in the Amended

Case Management Order on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee;

(iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; and (vi) all parties who are entitled to

notice pursuant to the Amended Case Management Order.  The Debtors submit that no other or

further notice need be provided.

31.     Other than the *Debtors' Motion Pursuant to Section 105(a) of the*

*Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute*

*Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Contracts*, dated

July 20, 2009 [Docket No. 4453], no previous request for the relief sought herein has been made

by the Debtors to this or any other court.

            WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  March 15, 2010
        New York, New York

                                        /s/ Shai Y. Waisman
                                        Shai Y. Waisman

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

**<u>Exhibit 1 to Motion</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | |
|---|---|
| In re | :    **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | :    **08-13555 (JMP)** |
| | : |
| Debtors. | :    **(Jointly Administered)** |

------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS

Upon the Motion, dated March 15, 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "Debtors"), pursuant to section 105 of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and General Order M-390 (the "General Order"), for authorization to

implement Claims Hearing Procedures and ADR Procedures for Claims against the Debtors, all

as more fully set forth in the Motion; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sough in the Motion is in the best interests of the Debtors,

their estates, creditors, and all parties in interest and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures, as set forth in Exhibit A attached hereto, are approved; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Claims Hearing Procedures and the ADR Procedures; and it is further

ORDERED that the Creditors' Committee is authorized to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim; and it is further

ORDERED that any information submitted in connection with a Proof of Claim or a Derivative or Guarantee Questionnaire shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures; and it is further

ORDERED that upon service of an objection, omnibus or otherwise, to a Proof of Claim (or an objection to the Scheduled Claim amount for an LBHI Issued LPS), each Claimant to whom such objection applies (or who filed an objection to the Scheduled Claim amount for any LBHI Issued LPS) shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any and all Contested Claims filed by such Claimant other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (the "Temporary Litigation Injunction"); provided, however, that the Temporary Litigation Injunction shall expire with respect to a Contested Claim only (i) when that Contested Claim has

been resolved by virtue of a settlement between the parties, reached through these ADR Procedures or otherwise, or (ii) upon entry of a scheduling order setting forth the rules and procedures applicable to a Merits Hearing or a Claims Objection Hearing, as applicable to such Contested Claim.; and it is further

ORDERED that nothing in the Claims Hearing Procedures or the ADR Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time; provided, however, that any such settlement is subject to the Settlement Procedures; provided further, that any resolution of an objection to a Scheduled Claim amount for an LBHI Issued LPS shall be deemed to apply to all holders of the security with the same International Securities Identification Number; and it is further

ORDERED that the Debtors are authorized to, in their sole discretion, append an offer of settlement (the "Offer of Settlement") to a Notice of ADR Procedures, substantially in the form attached hereto as Annex 1 to Exhibit B.  The Claimant shall accept or reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Mediation.  Any Claimant who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be deemed to have rejected the Offer of Settlement.  The Claimant may not make a counteroffer to the Offer of Settlement except as provided by the ADR Procedures.  Any settlement reached in accordance with this ordered paragraph shall be subject to the procedures set forth in the Claims Settlement Procedures Order; and it is further

ORDERED that the Debtors are authorized to, in their sole discretion, append an Offer of Settlement to a Notice of Merits Hearing, substantially in the form attached hereto as Annex 1 to Exhibit C.  The Claimant shall accept or reject the Offer of Settlement by checking

the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing.  Any Claimant who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be deemed to have rejected the Offer of Settlement.  The Claimant may not make a counteroffer to the Offer of Settlement except as provided in any scheduling order issued by the Court in connection with such Merits Hearing.  Any settlement reached in accordance with this ordered paragraph shall be subject to the procedures set forth in the Claims Settlement Procedures Order; and it is further

ORDERED that the confidentiality provisions of Rule 5.0 of the General Order are incorporated herein.  No statements or arguments made or positions taken by the Mediator, the Debtors, any Claimant, the Creditors' Committee, or any witnesses during any part of the Claims Hearing Procedures or the ADR Procedures, including the Negotiation, may be disclosed for any purpose by the Mediator or any such parties or witnesses or their attorneys or advisors to the Court or any third party.  Similarly, all briefs, records, reports, and other documents received or made by the Mediator while serving in such capacity will remain confidential and will not be provided to the Court, unless they would be otherwise admissible.  In addition, the Mediator may not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided, however, that the Mediator may report to the Court regarding the status of the Mediation efforts but will not disclose the contents thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the ADR Procedures; and it is further

ORDERED that the Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good faith; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures are separate and distinct from and do not replace the procedures provided for in the Claims Settlement Procedures Order or the Other Settlement Procedures Orders, and nothing in the Claims Hearing Procedures or the ADR Procedures shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Claims Settlement Procedures Order or the Other Settlement Procedures Orders or (ii) expand or create additional rights as to the Debtors to settle or pursue settlement of Claims pursuant to the Claims Settlement Procedures Order or the Other Settlement Procedures Orders; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures approved herein apply to any objection, omnibus or otherwise, to a Proof of Claim (or any objection to the Scheduled Claim amount for an LBHI Issued LPS) that has been or hereafter is filed by the Debtors; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the Claims Hearing Procedures and the ADR Procedures.

Dated: April __, 2010
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A to Order</u>**

**Claims Hearing Procedures and ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
-------------------------------------------------------------------x

## COURT-ORDERED CLAIMS HEARING PROCEDURES
## AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The claims hearing procedures (the "Claims Hearing Procedures") and the alternative dispute resolution procedures (the "ADR Procedures") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "Court") to apply:

## Claims Hearing Procedures

1.  Pursuant to the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on February 13, 2009 [Docket No. 2837] (the "Amended Case Management Order"), the Court established periodic omnibus hearings (the "Omnibus Hearings") in these cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.  The Court may enter an order at the scheduled hearing (i) sustaining an objection to proofs of claim (each, a "Proof of Claim") with respect to which no response (a "Response")[1] is properly filed and served or (ii) approving a resolution in accordance with the Settlement Procedures, to the extent applicable, of an objection to a Proof of Claim with respect to which a Response, whether formal or informal, is resolved prior to the hearing thereon.

3.  The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "Contested Claim")[2] shall be set for a contested hearing

---

[1] Any information submitted in connection with a Proof of Claim or a Derivative or Guarantee Questionnaire shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures.

[2] To the extent the Court enters the *Order Clarifying the Debtors' Supplemental Notice and the Bar Date Order with Respect to Claims Relating to Lehman Programs Securities Issued by LBHI* (the "LPS Order"), with respect to securities included on Schedule A to the LPS Order (the "LBHI Issued LPS"), an objection to the Scheduled Claim amount shall be considered a "Contested Claim" for the purposes of this Motion. Other than as set forth in these Claims Hearing Procedures, all provisions of these Claims Hearing Procedures and, as applicable, these ADR Procedures, shall apply to Contested Claims relating to the LBHI Issued LPS in the same manner as all other Contested Claims.

(each, a "<u>Claims Hearing</u>") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors may request that the Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.[3]

4.    The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(a)    For a non-evidentiary hearing to address the legal sufficiency of the particular Contested Claim and whether the Contested Claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "<u>Sufficiency Hearing</u>"), unless the Debtors serve the Claimant with a Notice of ADR Procedures or a Notice of Merits Hearing (each as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.[4]

(i)    The standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim.

(b)    Subject to the Debtors' rights to proceed to a Merits Hearing, as defined and set forth in paragraph 4(c) below, for an evidentiary hearing on the merits of a Contested Claim (a "<u>Claims Objection Hearing</u>"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email, facsimile, or overnight delivery, serve a copy upon the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>"), and file with the Court, a notice substantially in the form attached to the Order as <u>Exhibit B</u> (a "<u>Notice of ADR Procedures</u>") and a copy of these *Claims Hearing Procedures and Alternative Dispute Resolution Procedures* at least forty-five (45) calendar days prior to the date of such Claims Objection Hearing.

(c)    For an evidentiary hearing on the merits of a Contested Claim (a "<u>Merits Hearing</u>"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email, facsimile, or overnight delivery, serve a copy upon the Creditors' Committee, and file with the Court, a notice substantially in the form attached to the Order as <u>Exhibit C</u> (a "<u>Notice of Merits Hearing</u>") at least forty-five (45) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

5.    Consistent with the Amended Case Management Order, the Debtors may file and serve a reply (a "<u>Reply</u>") to a Response (or an objection with respect to an LBHI Issued LPS) no

---

[3] The Creditors' Committee is authorized to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim.

[4] The Debtors may not seek a Sufficiency Hearing with respect to any Contested Claim relating to an LBHI Issued LPS.

later than 12:00 prevailing Eastern Time on the day that is at least one (1) business day prior to the date of the applicable hearing.

6. The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

7. To the extent that the Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant, with a copy to the Creditors' Committee, a Notice of ADR Procedures or a Notice of Merits Hearing, as the case may be, pursuant to the procedures set forth above.

8. <u>Temporary Litigation Injunction</u>. Upon service of an objection, omnibus or otherwise, to a Proof of Claim (or an objection to the Scheduled Claim amount for an LBHI Issued LPS), each Claimant to whom such objection applies (or who filed an objection to the Scheduled Claim amount for an LBHI Issued LPS) shall be enjoined from further commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any and all Contested Claims filed by such Claimant other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (the "<u>Temporary Litigation Injunction</u>"). The Temporary Litigation Injunction shall expire with respect to a Contested Claim only (i) when that Contested Claim has been resolved by virtue of a settlement between the parties, reached through these ADR Procedures or otherwise, or (ii) upon entry of a scheduling order setting forth the rules and procedures applicable to a Merits Hearing or a Claims Objection Hearing, as applicable to such Contested Claim.[5]

## **ADR Procedures**

1. To the extent that a Contested Claim is adjourned to a Claims Objection Hearing and a holder of a Claim (each, a "<u>Claimant</u>") is served a Notice of ADR Procedures, such Claims Objection Hearing shall be adjourned until these ADR Procedures, as applicable, are completed with respect to each such Contested Claim. To the extent a Mediation concludes at the discretion of the Mediator, as provided in paragraph 4(f) of these ADR Procedures, and all or part of the objection to the Contested Claim remains unresolved, the parties shall proceed to a Claims Objection Hearing at the date and time provided in the Notice of ADR Procedures. The Debtors may, in their sole discretion, adjourn such Claims Objection Hearing by providing appropriate notice to the Claimant, with a copy to the Creditors' Committee. The rules and procedures applicable to such Claims Objection

---

[5] Nothing in the Claims Hearing Procedures or the ADR Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time.

Hearing will be set forth in any scheduling order issued by the Court in connection therewith.[6]

2.      The confidentiality provisions of Rule 5.0 of the Court's General Order M-390 (the "General Order") are incorporated herein.  No statements or arguments made or positions taken by the Mediator (as defined herein), the Debtors, any Claimant, the Creditors' Committee, or any witnesses during any part of the Claims Hearing Procedures or the ADR Procedures, including the Negotiation, may be disclosed for any purpose by the Mediator or any such parties or witnesses or their attorneys or advisors to the Court or any third party.[7]  Similarly, all briefs, records, reports, and other documents received or made by the Mediator while serving in such capacity will remain confidential and will not be provided to the Court, unless they would be otherwise admissible.  In addition, the Mediator may not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided, however, that the Mediator may report to the Court regarding the status of the Mediation efforts but will not disclose the contents thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the ADR Procedures.

3.      Negotiation.  The following procedures shall apply to each Negotiation:

  (a)    Telephonic Negotiation.  If a Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, either the Debtors or the relevant Claimant may request a telephonic negotiation (or in person if the parties agree) (each, a "Negotiation") no later than fourteen (14) calendar days prior to the date set for a Mediation as provided for in paragraph 5 below.  Upon such demand, the Negotiation shall be held no later than seven (7) calendar days prior to the date set for a Mediation.

  (b)    Participation in Negotiation.  The following representatives of each of the Debtors and the Claimant shall participate in a Negotiation:  (i) counsel for each of the parties, except for a Claimant proceeding pro se, and (ii) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively.  Counsel to the Creditors' Committee, a principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Negotiation.

4.      Mandatory Non-Binding Mediation.  Unless otherwise agreed to by the parties, no later than sixty (60) calendar days following service of a Notice of ADR Procedures, the Debtors and the Claimant shall submit to mandatory non-binding mediation (each, a "Mediation") in an effort to consensually resolve the Contested Claim.  The Debtors and

---

[6] To the extent a Mediation concludes at the discretion of the Mediator, as provided in paragraph 4(f) of these ADR Procedures, and all or part of the objection to the Contested Claim remains unresolved, the parties may consent to final and binding arbitration in accordance with the General Order (as defined herein).

[7] Nothing in the ADR Procedures shall preclude the parties from submitting confidential letters or statements to the Mediator, which shall receive "Mediator's-eyes-only" treatment.

the Claimant shall confer as soon as practicable following service of a Notice of ADR Procedures to determine a date and time for the Mediation.  Within three (3) business days of any determination by the Claimant and the Debtors of a date and time for the Mediation, the Debtors shall notify the Creditors' Committee of the date and time for the Mediation.  The Mediation shall be governed by the General Order except as follows. The following procedures shall apply to each Mediation:

(a)     <u>Mediator</u>.  Each Mediation shall be assigned to one of the mediators (each, a "<u>Mediator</u>") listed by the Debtors on <u>Exhibit D</u> attached to the Order (the "<u>List of Mediators</u>").[8]  No later than twenty-one (21) calendar days prior to the date set for a Mediation, the Debtors shall select no less than four (4) Mediators from the List of Mediators.  The Claimant shall be entitled to strike not more than three (3) Mediators from the List of Mediators no later than fourteen (14) calendar days prior to the date set for a Mediation, at which time the Debtors shall select a Mediator from those not stricken by the Claimant; <u>provided</u>, <u>however</u>, that, upon mutual consent, the parties may agree on a Mediator not appearing on the List of Mediators.

(b)     <u>Powers of Mediator</u>.  The Mediator shall have the broadest possible discretion consistent with the General Order, including the ability to consolidate Mediations (i) involving the same Claimant upon application by such Claimant and in consultation with the Debtors and (ii) involving multiple Claimants with common issues of fact and law upon application by the Debtors.

(c)     <u>Mediation Site</u>.  The Mediation shall be held at a location in New York, New York selected by the Debtors; <u>provided</u>, <u>however</u>, that upon consent of the parties, the Mediation may be held telephonically.

(d)     <u>Mediation Briefs</u>.  Both parties to a Mediation shall submit a mediation brief (a "<u>Mediation Brief</u>"), with service upon the other parties to the Mediation and the Creditors' Committee.  The Debtors' Mediation Brief shall be served no later than ten (10) calendar days prior to the commencement of the Mediation.  The Claimant's Mediation Brief shall be served five (5) calendar days prior to the commencement of the Mediation.  The Creditors' Committee may serve a Mediation Brief on the parties no later than five (5) calendar days prior to the commencement of the Mediation.  Unless the Mediator directs otherwise, no Mediation Brief shall exceed twenty-five (25) single-sided, double-spaced pages.[9] No Mediation Brief is to be filed with the Court.

---

[8] The Debtors may revise the List of Mediators by filing such revised List of Mediators on the Court's docket.

[9] All pleadings or other papers submitted in connection with the ADR Procedures established through the Motion, as set forth herein, must be on 8 1/2 inch by 11 inch paper, double-spaced, but quotations of longer than two (2) lines may be indented and single-spaced.  Headings and footnotes may be single-spaced and margins must be at least one inch on all four sides.  The text of such submissions must be in at least 12-point font, and the text of footnotes must be in at least 10-point font.

(e)     Appearance at Mediation.  A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the Claimant elects not to have its counsel attend or participate in a Mediation.  A principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Mediation.  Subject to the specific provisions of each level of review set forth in the Settlement Procedures,[10] counsel to the Creditors' Committee may participate in a Mediation as follows:

      (i)     Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is equal to or less than $15 million, counsel to the Creditors' Committee shall not participate in the Mediation.

      (ii)     Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $15 million but equal to or less than $75 million, counsel to the Creditors' Committee shall confer with the Debtors and in good faith attempt to agree upon the level of participation of counsel to the Creditors' Committee in the Mediation.

      (iii)     Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $75 million, counsel to the Creditors' Committee may participate in the Mediation in its sole discretion.

(f)     Length of Mediation.  The Mediation shall conclude at the Mediator's discretion.

(g)     Costs.  The Debtors and the Claimant shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

5.     Sanctions.  The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good faith.

BY ORDER OF THE COURT

---

[10] To the extent the Court enters the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures* (the "Claims Settlement Procedures Order"), the Settlement Procedures are defined and fully set forth therein.

**<u>Exhibit B to Order</u>**

**Notice of ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
                                        :
In re                                   :        **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                        :
                    **Debtors.**        :        **(Jointly Administered)**
                                        :
---------------------------------------------------------------------x

**NOTICE OF ADR PROCEDURES AND**
**SCHEDULING OF CLAIMS OBJECTION HEARING WITH**
**RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]**

           PLEASE TAKE NOTICE that on [_____ ___], 201[_], Lehman Brothers
Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and
debtors in possession (together, the "Debtors"), objected to proof of claim number [____] (the
"Proof of Claim") filed by [_____] (the "Claimant") pursuant to the [Title of Applicable
Claims Objection] (the "Objection").

           **PLEASE TAKE FURTHER NOTICE THAT THE ATTACHED** *COURT-*
*ORDERED CLAIMS HEARING PROCEDURES AND ADR PROCEDURES* **(THE**
**"PROCEDURES") APPLY AND GOVERN THE OBJECTION TO YOUR PROOF(S) OF**
**CLAIM THAT IS/ARE SCHEDULED FOR THE CLAIMS OBJECTION HEARING**
**BEFORE THE BANKRUPTCY COURT ON THE DATE SET FORTH BELOW.**

           PLEASE TAKE FURTHER NOTICE that on [_____ ___], 201[_], at 10:00
a.m. (Prevailing Eastern Time), in accordance with the Procedures, a copy of which is attached
hereto, the United States Bankruptcy Court for the Southern District of New York (the "Court")
will commence a Claims Objection Hearing (as defined in the Procedures) for the purposes of
holding an evidentiary hearing on the merits of the Proof of Claim.

           PLEASE TAKE FURTHER NOTICE that the Procedures provide for certain
mandatory actions by the Claimant within certain time periods. Therefore, please review the
Order carefully. Failure to comply with the Procedures may result in the disallowance and
expungement of the Proof of Claim without further notice to the Claimant. **In order to initiate**
**the Negotiation, please contact [_____] at [_____].**

           PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the
Claims Objection Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 201[_]
           New York, New York

**<u>Annex 1 to Exhibit B to Order</u>**

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                    :

**In re**                                   :       **Chapter 11 Case No.**
                                      :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :      **08-13555 (JMP)**
                                      :

                     **Debtors.**        :       **(Jointly Administered)**
                                      :
-------------------------------------------------------------------x

### DEBTORS' OFFER OF SETTLEMENT
### WITH RESPECT TO PROOF OF CLAIM NO. [_____]

        The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (the "Offer of Settlement") for a single, fixed, liquidated, general unsecured nonpriority claim against Debtor [_____] in the amount of [_____] (the "Settlement Amount"). The Settlement Amount, if accepted, represents the allowed claim amount with respect to Proof of Claim number [_____].

        By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Mediation (as defined and set forth in the Procedures). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement. You may **NOT** make a counteroffer to the Offer of Settlement except as provided by the ADR Procedures (as defined in the Procedures).

[]      **I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

[]      **I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

**Please fax this completed form to [_____] or email it to [_____]**

_____
Signature of Claimant's Authorized Representative

_____
Printed Name

_____
Company Name, if applicable

# Exhibit C to Order

## Notice of Merits Hearing

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :        **08-13555 (JMP)**
                                                    :
                            **Debtors.**            :        **(Jointly Administered)**
                                                    :
---------------------------------------------------------------------x

### NOTICE OF SCHEDULING OF MERITS HEARING WITH RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

PLEASE TAKE NOTICE that on [_____ ___], 201[_], Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), objected to proof of claim number [____] (the "Proof of Claim") filed by [_____] (the "Claimant") pursuant to the [Title of Applicable Claims Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on [_____ ___], 201[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, entered [Date] [Docket No. xxxx] (the "Order"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "Court") will commence a Merits Hearing (as defined in the Order) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 201[_]
            New York, New York

**<u>Annex 1 to Exhibit C to Order</u>**

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                    :
                        **Debtors.**                :        **(Jointly Administered)**
                                                    :
-------------------------------------------------------------------x

### DEBTORS' OFFER OF SETTLEMENT
### WITH RESPECT TO PROOF OF CLAIM NO. [_____]

   The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (the "Offer of Settlement") for a single, fixed, liquidated, general unsecured nonpriority claim against Debtor [_____] in the amount of [_____] (the "Settlement Amount"). The Settlement Amount, if accepted, represents the allowed claim amount with respect to Proof of Claim number [_____].

   By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing (as defined in the Order). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement. You may **NOT** make a counteroffer to the Offer of Settlement except as provided in any scheduling order issued by the Court in connection with such Merits Hearing.

[]   **I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

[]   **I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

**Please fax this completed form to [_____] or email it to [_____]**

_____
Signature of Claimant's Authorized Representative

_____
Printed Name

_____
Company Name, if applicable

**<u>Exhibit D to Order</u>**

**List of Mediators**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                             :

**In re**                          :       **Chapter 11 Case No.**
                             :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :       **08-13555 (JMP)**
                             :

                  **Debtors.**     :       **(Jointly Administered)**
                             :
----------------------------------------------------------------x

## LIST OF MEDIATORS

        Each Mediation shall be assigned to one of the mediators (each, a "Mediator") listed by the Debtors below (the "List of Mediators").[1] No later than twenty-one (21) calendar days prior to the date set for a Mediation, the Debtors shall select no less than four (4) Mediators from the List of Mediators. The Claimant shall be entitled to strike not more than three (3) Mediators from the List of Mediators no later than fourteen (14) calendar days prior to the date set for a Mediation, at which time the Debtors shall select a Mediator from those not stricken by the Claimant; provided, however, that, upon mutual consent, the parties may agree on a Mediator not appearing on the List of Mediators.

| | |
|---|---|
| **Hesha Abrams**<br>Abrams Mediation and Negotiation, Inc.<br>7616 Burns Run, Suite 180<br>Dallas, Texas 75248<br>(972) 702-9066 | **Hon. Frank Andrews**<br>Judicial Workplace Arbitrations, Inc.<br>P. O. Box 410<br>Hunt, Texas 78024<br>(830) 238-4774 |
| **Courtenay L. Bass**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas 75204<br>(214) 303-4500 | **Mark Buckstein**<br>Professional Dispute Resolutions<br>2424 North Federal Highway<br>Boca Raton, Florida 33431<br>(561) 417-6602 |
| **Mary Burdin**<br>Burdin Mediations<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 | **Hon. William Cahill**<br>JAMS<br>Two Embarcadero Center, Suite 1500<br>San Francisco, California 94111<br>(415) 982-5267 |

---

[1] The Debtors may revise the List of Mediators by filing such revised List of Mediators on the Court's docket.

| | |
|---|---|
| **Francis Carling**<br>174 East 74th Street, Suite 12BC<br>New York, NY 10021-3533<br>(212) 628-3026 | **Hon. Francis Conrad**<br>Mediation Works Incorporated<br>4 Faneuil Hall - Fourth Floor<br>Boston, MA 02109<br>(617) 973-9739 |
| **Hon. Stephen Crane**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | **Brenda J. Damuth**<br>Stewart Stimmel LLP<br>1701 N. Market Street<br>Suite 200, L.B. 42<br>Dallas, Texas 75202<br>(214) 615-2006<br><br>Burdin Mediators<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 |
| **Hon. Betty Weinberg Ellerin**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | **Sheldon Elsen**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 |
| **Joe Epstein**<br>Conflict Resolution Services Inc.<br>5445 DTC Parkway, Ste 770<br>Greenwood Village, CO 80111-3045<br>(303) 355-2314 | **Eugene I. Farber**<br>Farber, Segall & Pappalardo<br>200 East Post Road<br>White Plains, New York 10601<br>(914) 761-9400 or (212) 752-3396 |
| **Hon. Steve Felsenthal**<br>Stutzman, Bromberg, Esserman & Plifka<br>2323 Bryan Street Suite 2200<br>Dallas, Texas 75201 | **Hon. Abraham J. Gafni**<br>Villanova Law School<br>237 Law School Building<br>299 North Spring Mill Road<br>Villanova, PA 19085<br>(610) 519-6526 |

| | |
|---|---|
| **Mark W. Gilbert**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas 75204<br>(214) 303-4500 | **Professor Eric D. Green**<br>Resolutions LLC<br>222 Berkeley Street, Suite 1060<br>Boston, Massachusetts 02116<br>(617) 556-0800 |
| **Jerry Grissom**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 891-4523 | **Earl F. Hale, Jr.**<br>Earl F. Hale, Jr. Mediator Arbitrator ADR Services<br>4144 N. Central Expressway<br>Suite 225<br>Dallas, TX 75204<br>(214) 515-0199 |
| **Lisbeth Hasse**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 433-4380 | **Chris Stern Hyman**<br>Medical Mediation Group LLC<br>1040 Avenue of the Americas -- Suite 1101<br>New York, NY 10018<br>(212) 719-3800 |
| **Hon. Edward A. Infante**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>(415) 982-5267 | **Robert W. Jordan**<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, Texas 75201-2980<br>(214) 953-6518 |
| **Hon. Jack Komar**<br>JAMS<br>160 W. Santa Clara Street -- Suite 1150<br>San Jose, CA 95113<br>(408) 288-2240 | **Bernice K. Leber**<br>Arent Fox LLP<br>1675 Broadway<br>New York, NY 10019<br>(212) 484-3930 |
| **Jack P. Levin**<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 841-1103 | **Hon. Carlos G. Lopez**<br>Vincent, Lopez, Serafino & Jenevein<br>Thanksgiving Tower<br>1601 Elm Street -- Suite 4100<br>Dallas, Texas 75201<br>(214) 979-7441 |

| | |
|---|---|
| **Hon. Eugene F. Lynch**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>(415) 982-5267 | **Hon. Harlan Martin**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 744-5267 |
| **Hon. John S. Martin**<br>Martin & Obermaier LLC<br>565 Fifth Avenue -- 8th Floor<br>New York, NY 10017<br>(212) 883-0000 | **Michael T. McAllister**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 |
| **Gary V. McGowan**<br>McGowan Dispute Resolution<br>5009 Caroline -- Suite 100<br>Houston, TX 77004<br>(713) 552-1855 | **Jed D. Melnick**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(215) 636-9691 |
| **Hon. James R. Melinson**<br>JAMS<br>1717 Arch Street -- Suite 4010<br>Bell Atlantic Tower<br>Philadelphia, PA 19103<br>(215) 246-9494 | **Cecilia H. Morgan**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 744-5267 |
| **Michael S. Oberman**<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9294 | **Walter E. (Rip) Parker**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas  75204<br>(214) 303-4500 |
| **Hon. Layn R. Phillips**<br>Irell & Manella LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 | **Kenneth J. Rubenstein**<br>Burdin Mediators<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 |

| | |
|---|---|
| **Richard H. Silberg**<br>Dorsey & Whitney LLP<br>250 Park Avenue<br>New York, NY 10177-1500<br>(212) 415-9231 | **Hon. Fern Smith**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA  94<br>(415) 982-5267 |
| **Daniel H. Tabak**<br>Cohen & Gresser  LLP<br>100 Park Avenue -- 23rd Floor<br>New York, NY 10017<br>(212) 957-7606 | **Hon. Diane Welsh**<br>JAMS<br>1717 Arch Street -- Suite 4010<br>Philadelphia, PA 19103<br>215-246-9494 |
| **Hon. Rebecca Westerfield**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612<br><br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>415-982-5267 | **H. Ron White**<br>White & Wiggins<br>901 Main Street -- Suite 6200<br>Dallas, Texas 75202<br>(214) 665-4150 |
| **Michelle Yoshida**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612 | **Michael Young**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 |