WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Wasiman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                            :
**In re**                                    :      **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :      **08-13555 (JMP)**
                                            :
                          **Debtors.**       :      **(Jointly Administered)**
                                            :
---------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON MARCH 17, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"),

the undersigned hereby certifies as follows:

        1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Debtors' Application Authorizing the Retention and Employment of Deloitte Tax LLP as Tax Service Providers **[Docket No. 7135]**

- Debtors' Motion for Authorization to Engage Omnium LLC as Fund Administrator **[Docket No. 7235]**

- Debtors Motion to Amend Order Authorizing Debtors to Employ Professionals Utilized in the Ordinary Course of Business **[Docket No. 7185]**

- Debtors Motion for Approval of Certain Restrictions and Procedures Applicable to Transfers of the Debtors' Securities **[Docket No. 6699]**

- Lehman Brothers Special Financing Inc.'s Motion for Authorization to Pay Administrative and Legal Fees and Expenses of Certain Special Purpose Vehicles **[Docket No. 7230]**

2.    In accordance with the Amended Case Management Order, February 3, 2010 at 4:00 p.m. (Prevailing Eastern Time), March 5, 2010 at 4:00 p.m. (Prevailing Eastern Time), March 10, 2010 at 4:00 p.m. (Prevailing Eastern Time), and March 12, 2010 at 4:00 p.m. (Prevailing Eastern Time) were established as the deadlines for parties to object or file a response to the Motions (the "Objection Deadlines").  The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadlines and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.    The Objection Deadlines have now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motions has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4.    Accordingly, for the reasons set forth in the Motions, the Debtors respectfully request that the proposed Orders annexed hereto as Exhibits A - C, and unmodified since the filing of the Motions, be entered in accordance with the procedures described in the Amended Case Management Order.

In addition, the Debtors respectfully request that the proposed Orders annexed hereto as Exhibits D and E, which have been slightly modified in response to comments received from interested parties, be entered in accordance with the procedures described in the Amended Case Management Order.  Blacklines of these orders showing the modifications are annexed hereto as Exhibits D-1 and E-1.

I declare that the foregoing is true and correct.

Dated: March 15, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 7135)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                :       **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :       **08-13555 (JMP)**
:
                     **Debtors.**     :       **(Jointly Administered)**
:
------------------------------------------------------------------x

## ORDER GRANTING THE DEBTORS'
## APPLICATION PURSUANT TO SECTION 327(a) OF THE
## BANKRUPTCY CODE TO RETAIN AND EMPLOY DELOITTE TAX LLP
## AS TAX SERVICES PROVIDERS *NUNC PRO TUNC* TO NOVEMBER 1, 2008

Upon the Application, dated February 16, 2010 (the "Application"),[1] of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their

non-debtor affiliates, "Lehman"), pursuant to section 327(a) of chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code"), for authority to retain and employ Deloitte Tax

LLP ("Deloitte Tax") as tax services providers, *nunc pro tunc* to November 1, 2008, as more

fully set forth in the Application; and upon consideration of the Declaration of Samuel

Lowenthal, a partner of Deloitte Tax, sworn to February 16, 2010, filed in support of the

Application, a copy of which is attached to the Application as Exhibit 1; and the Court being

satisfied, based on the representations made in the Application and the Lowenthal Declaration,

that Deloitte Tax represents or holds no interest adverse to the Debtors or their estates and is

disinterested under section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to

consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District

---

[1]       Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Deloitte Tax as their tax services providers, *nunc pro tunc* to November 1, 2008, on the terms and conditions generally described and set forth in the Engagement Letters, subject to the following modifications:

a.  Paragraph 15 of the General Business Terms of the Engagement Letters shall be deemed stricken and replaced with the following:

**Indemnification.** The Client shall indemnify and hold harmless Deloitte Tax, its subcontractors and their respective personnel from all Claims except to the extent such claims arise out of the gross negligence, bad faith or intentional misconduct of Deloitte Tax or its subcontractors. In

circumstances where all or any portion of the provisions of this paragraph are finally determined to be unavailable, the aggregate liability of Deloitte Tax, its subcontractors and their respective personnel for any Claim shall not exceed an amount which is proportional to the relative fault that their conduct bears to all other conduct giving rise to such Claim.

b. All requests of Deloitte Tax for payment of indemnity pursuant to the Engagement Letters shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letters and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Deloitte Tax be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

c. In no event shall Deloitte Tax be indemnified if the Debtors or a representative of the estates asserts a claim for, and a court determines by final order that such claim arose out of, Deloitte Tax's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

d. In the event that Deloitte Tax seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letters, the invoices and supporting time records from such attorneys shall be included in Deloitte Tax's own monthly fee statement and shall be subject to the same payment procedures applicable to professionals in these cases.

e. Paragraph 16 of the General Business Terms of the Engagement Letters shall be deemed stricken and replaced with the following:

**Governing Law and Severability.** These terms, the Engagement Letters (including exhibits), and all matters relating to this engagement shall be governed by, and construed in accordance with, the laws of the State of New York (without giving effect to the choice of law principles thereof). If any provision of such terms or the Engagement Letters is found by a court of competent jurisdiction to be unenforceable, such provision shall not affect the other provisions, but such unenforceable provision shall be deemed modified to the extent necessary to render it enforceable, preserving to the fullest extent permissible the intent of the parties set forth herein.

; and it is further:

ORDERED that Deloitte Tax shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals; and it is further

ORDERED that, to the extent this Order is inconsistent with the Engagement Letters, this Order shall govern; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March ____, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**(Proposed Order – Docket No. 7235)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
                                                  :
In re                                             :     **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :     **08-13555 (JMP)**
                                                  :
                              **Debtors.**        :     **(Jointly Administered)**
                                                  :
---------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ENGAGE OMNIUM AS FUND ADMINISTRATOR

Upon the motion, dated February 23, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to engage Omnium LLC ("Omnium"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Omnium, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to engage Omnium as a data processing and workflow automation administrator on the terms and conditions set forth in the Master Servicing Agreement attached to the Motion as Exhibit A (the "MSA"); and it is further

ORDERED that the Debtors are authorized to take all further actions that may be necessary or required for the Debtors' entry into and performance of the MSA; and it is further

ORDERED that the Debtors are authorized to pay the fees and reimburse the expenses of Omnium in accordance with the terms of the MSA and Omnium shall not be required to file fee applications with the Court; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: March __, 2010
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

**(Proposed Order – Docket No. 7185)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                       :

In re                                      :         **Chapter 11 Case No.**
                                                         :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :         **08-13555 (JMP)**
                                                         :

                             **Debtors.**       :         **(Jointly Administered)**
                                                         :
-------------------------------------------------------------------x

### AMENDED ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion, dated February 19, 2010 (the "Motion"),[2] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors-in-possession (collectively, the "Debtors"), to amend the order, entered on November 5,

2008 [Docket No. 1394], pursuant to sections 105(a), 327, 328 and 330 of chapter 11 of the title

11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to employ

professionals utilized in the ordinary course of business (the "Ordinary Course Professionals"),

all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the amended order entered February 13, 2009 governing case

---

[2] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

management and administrative procedures [Docket No. 2837]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ, *nunc pro tunc* to September 15, 2008, the Ordinary Course Professionals listed on <u>Exhibit C</u> to the OCP Order in the ordinary course of their businesses in accordance with the procedures set forth herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors' attorneys as promptly as possible following the date on which the Ordinary Course Professional commences services for the Debtors: (a) an affidavit (the "<u>Ordinary Course Professional Affidavit</u>"), substantially in the form annexed as <u>Exhibit A</u> to the OCP Order, certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "<u>Retention Questionnaire</u>"), substantially in the form annexed to the OCP Order as <u>Exhibit B</u>; and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon the Reviewing Parties (as defined below); and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file a notice with the Court listing such additional Ordinary Course Professionals and attach thereto the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively, the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental Notice of Ordinary Course Professionals on the (i) U.S. Trustee, and (ii) attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases (together with the Debtors, the "Reviewing Parties"); and it is further

ORDERED that the Reviewing Parties shall have 10 days after receipt of either the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of Ordinary Course Professionals listed on Exhibit C, or the Supplemental Notice of Ordinary Course Professionals, in the case of any additional Ordinary Course Professionals, to object to the retention, employment or compensation of the Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Affidavit or the Retention Questionnaire (the "Objection Deadline"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order from the Court; *provided*, *however*, that if an objection is filed and any such objection cannot be resolved within 20 days, the matter shall be set for a hearing before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the

customary manner in the full amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that the payments do not exceed $150,000 per month per Ordinary Course Professional; and it is further

ORDERED that payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation order in these chapter 11 cases (the "Chapter 11 Period"); and it is further

ORDERED that in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $150,000 per month, that professional will be required to file a fee application for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of the Court; and it is further

ORDERED that, notwithstanding the foregoing, the Debtors are authorized to retain and pay any professional whose services do not result in fees and disbursements in excess of $30,000 per month and $150,000 in the aggregate for the Chapter 11 Period (collectively, the "De Minimis Ordinary Course Professionals") without the need to file an Ordinary Course Professional Affidavit or a Retention Questionnaire; and it is further

ORDERED that if in any month a De Minimis Ordinary Course Professional exceeds the applicable monthly limit, such professional shall (i) complete and file an Ordinary Course Professional Affidavit and a Retention Questionnaire and/or (ii) submit a fee application, to receive further compensation in accordance with procedures set forth herein for Ordinary Course Professionals; and it is further

ORDERED that the Reviewing Parties shall have 10 days following service to object to the retention of the De Minimis Ordinary Course Professional stemming from the contents of the Ordinary Course Professional Affidavit and Retention Questionnaire, and if no objection is filed after the tenth day, the De Minimis Ordinary Course Professional shall be retained, employed, and compensated as an Ordinary Course Professional and shall be subject to all the provisions herein regarding Ordinary Course Professionals; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation limitations set forth in this order upon notice and hearing; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

Dated: March ___, 2010
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT D

**(Proposed Order – Docket No. 6699)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------- x
                                                  :
In re                                             :      Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al., :         08-13555 (JMP)
                                                  :
                Debtors.                          :      (Jointly Administered)
                                                  :
------------------------------------------------- x
```

## ORDER PURSUANT TO SECTIONS 105(a) AND 362
## OF THE BANKRUPTCY CODE ESTABLISHING
## CERTAIN RESTRICTIONS AND PROCEDURES
## APPLICABLE TO TRANSFERS OF THE DEBTORS' SECURITIES

Upon the motion dated January 19, 2010 (the "Motion")[1] of Lehman Brothers

Holdings, Inc. ("LBHI") and its subsidiaries in the above-referenced chapter 11 cases, as debtors

and debtors in possession (the "Debtors" and, collectively with LBHI's wholly-owned non-

debtor domestic subsidiaries, "Lehman"), pursuant to sections 362 and 105(a) of title 11 of the

United States Code (the "Bankruptcy Code"), seeking entry of a order (the "Order") to approve

certain restrictions and procedures applicable to transfers of Securities (as hereinafter defined),

as more fully described in the Motion; and the Court having jurisdiction to consider the Motion

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the

Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided to(i) the Office of the United States Trustee

for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion, found at
the Debtors' website: http://www.lehman-docket.com.

Attorney for the Southern District of New York, (vi) all parties who have requested notice in these chapter 11 cases in accordance with the amended order entered on February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; (vii) parties who file notices of transfers of Securities under Bankruptcy Rule 3001(e)(2); and (viii) any indenture trustees or clearinghouses for Securities.; and the Court having reviewed the Motion and having heard the statements in support of the relief requested at the hearing on the Motion; and the Court having determined that the relief sought in the Motion pursuant to this Order is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is FOUND that:

1.     Pursuant to the Court's *Order Pursuant to sections 105(a) and 362 of the Bankruptcy Code Approving Certain Transfers of Interests in the Debtors' Estates and Establishing Notification Procedures Relating Thereto*, Lehman's consolidated net operating loss tax carryforwards ("NOLs") and certain other tax attributes (together with NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by the automatic stay prescribed in section 362 of the Bankruptcy Code;

2.     Under certain circumstances, the accumulation of Securities prior to the potential emergence of certain Debtors (or their successors) from chapter 11 could, following any such emergence, severely limit such Debtors' (or successors') ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion;

3. The restrictions and procedures applicable to the accumulation of Securities are necessary and proper to preserve the availability of the Tax Attributes following emergence and are therefore in the best interests of the Debtors, their estates, and their creditors; and

4. The relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

THEREFORE, IT IS:

ORDERED that the Motion is granted; and it is further

ORDERED that the provisions of this Order shall be effective, *nunc pro tunc* to January 19, 2010, the date of the filing of the Motion (the "Motion Date"); and it is further

ORDERED that all objections to the Motion not previously withdrawn are overruled; and it is further

ORDERED that any acquisition of Securities and/or any failure to sell Securities in violation of the restrictions and procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the following restrictions and procedures applicable to certain transfers of Securities are approved:[2]

1 Notice of 382(l)(5) Plan; Amended Notice of 382(l)(5) Plan.

(a) Notice of 382(l)(5) Plan. Upon filing a chapter 11 plan and disclosure statement that contemplates the potential utilization of section 382(l)(5) of the Tax Code (a "382(l)(5) Plan"), the Debtors may, if, after consultation

---

[2] Capitalized terms used in Paragraphs 2 – 8 have the meaning ascribed in Paragraph 8, if not otherwise defined herein.

with their attorneys and advisors and the attorneys and advisors for the Creditors' Committee, they determine that the application of section 382(l)(5) of the Tax Code is reasonably likely to be beneficial to the reorganized Debtors (or any successors thereto), (i) publish (or arrange for publication of) a notice and provide a written notice to the Notice Parties, disclosing the filing of such 382(l)(5) Plan and the potential issuance of a Sell-Down Notice (as defined in Paragraph 3(a) below) in connection therewith on the Debtors' website: http://www.lehman-docket.com and in the national editions of *The Wall Street Journal* and *The New York Times* (a "Notice of 382(l)(5) Plan"), (ii) identify the classes of Securities that are potentially subject to a Sell-Down Notice and (iii) identify the applicable Threshold Amounts (by class or other applicable breakdown) for status as a Substantial Securityholder.

**(b)**    Amended Notice of 382(l)(5) Plan. The Debtors may determine subsequent to the date of the Notice of 382(l)(5) Plan or an Amended Notice of 382(l)(5) Plan (as defined below), to (i) adjust the Threshold Amount or (ii) identify additional classes of Securities that are potentially subject to a Sell-Down Notice. In that case, the Debtors shall publish and provide notice of such additional amount and/or such additional class of Securities in the same manner as the Notice of 382(l)(5) Plan and such notice shall be an "Amended Notice of 382(l)(5) Plan." The Amended Notice of 382(l)(5) Plan shall require (x) any person or Entity that previously filed a Notice of Substantial Securityholder Status to update information regarding such Substantial Securityholder's Beneficial Ownership of Securities and (y) any person or Entity that is a Substantial Securityholder as of the date of the most recent Amended Notice of 382(l)(5) Plan, but that was not previously required to file a Notice of Substantial Securityholder Status (an "Additional Substantial Securityholder"), to serve upon the Debtors', the attorneys for the Debtors and the attorneys for the Creditors' Committee, a notice of such status in the manner prescribed in Paragraph 2 below within ten (10) days of the date of the Amended Notice of 382(l)(5) Plan.

**(c)**    Early Notice. The Debtors reserve the right, in order to assist in determining their eligibility for section 382(l)(5) of the Tax Code, to request in a manner consistent with the publication of the Notice of 382(l)(5) Plan described above, information regarding the Beneficial Ownership of Securities prior to the filing of the Notice of 382(l)(5) Plan.

**2**    Notice of Substantial Securityholder Status. Following a request for Beneficial Ownership information pursuant to (i) a Notice of 382(l)(5) Plan, (ii) an Amended Notice of 382(l)(5) Plan or (iii) Paragraph 1(c) above, any person or Entity that as of the date such request is made (the "Request Date") is or becomes a Substantial Securityholder shall serve upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee, a notice of such status (a "Notice of Substantial Securityholder Status"), in the form annexed hereto as Attachment 1,

within ten (10) days of the later of (i) the Request Date and (ii) the date such person becomes a Substantial Securityholder.

3       Sell-Down Notices.

(a)     Sell-Down Notices. Following the issuance of a Notice of 382(l)(5) Plan, but no earlier than sixty (60) days prior to the then-scheduled hearing with respect to the 382(l)(5) Plan, if the Debtors determine it to be reasonably necessary to require the sale or transfer of all or a portion of the Beneficial Ownership of Securities held by a Substantial Securityholder on the basis that such sale or transfer is appropriate to reasonably ensure that the requirements of section 382(l)(5) of the Tax Code will be satisfied, and either the Creditors' Committee or the Court similarly so determines, the Debtors may file a motion (the "Sell-Down Motion") requesting that the Court enter an order (the "Sell-Down Order") approving the issuance of a notice (the "Sell-Down Notice") that such Substantial Securityholder must sell, cause to sell or otherwise transfer all or a portion of its Beneficial Ownership of Securities (by class or other applicable breakdown) in excess of the Maximum Amount for such Substantial Securityholder (such excess amount, an "Excess Amount") to Permitted Transferees. The Debtors shall provide a copy of the Sell-Down Motion to each person described in clause (ix) of the definition of "Notice Parties." If the Court enters a Sell-Down Order approving the Debtors' issuance of a Sell-Down Notice, the Debtors shall provide a copy of such Sell-Down Order to each person described in clause (ix) of the definition of "Notice Parties."

(b)     Requirement to Sell Down. Prior to (i) the effective date of the 382(l)(5) Plan or (ii) such earlier date set forth in the Sell-Down Order, which shall not be earlier than the day after the entry of the order confirming the 382(l)(5) Plan as may be specified by the Debtors (the "Sell-Down Date"), each Substantial Securityholder shall sell, cause to sell or otherwise transfer an amount of the Beneficial Ownership of Securities (if any) necessary to comply with the Sell-Down Notice (the "Sell-Down"); provided, however, that notwithstanding anything to the contrary in the Order and for the avoidance of doubt, no Substantial Securityholder shall be required to sell, cause to sell or otherwise transfer any Beneficial Ownership of Securities if such sale would result in such holder having Beneficial Ownership of an aggregate amount of Securities (by class or other applicable breakdown) that is less than such holder's Protected Amount (as hereinafter defined). Each Substantial Securityholder shall sell, cause to sell or otherwise transfer its Beneficial Ownership of Securities subject to the Sell-Down to Permitted Transferees; provided however that such Substantial Securityholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Securities.

**(c)**     <u>Notice of Compliance</u>.  A Substantial Securityholder subject to the Sell-Down shall, within five (5) business days after the later of (i) entry of an order approving the 382(l)(5) Plan, (ii) the Sell-Down Date, and (iii) such other date specified in the Sell-Down Notice, as applicable, but in all events before the effective date of the 382(l)(5) Plan, and as a condition to receiving Affected Equity, serve upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee, a notice substantially in the form annexed hereto as <u>Attachment 2</u> that such Substantial Securityholder has complied with the terms and conditions set forth in this Paragraph 3 and that such Substantial Securityholder does not and will not hold an Excess Amount of Securities as of the Sell-Down Date and at all times through the effective date of the 382(l)(5) Plan (the "<u>Notice of Compliance</u>"); <u>provided</u>, <u>however</u>, that if the Substantial Securityholder has complied but for the fact that the Substantial Securityholder still holds an Excess Amount of Securities as of the Sell-Down Date, the Notice of Compliance shall disclose such Excess Amount as indicated on Attachment 2.  Any Substantial Securityholder who fails to comply with this provision shall not receive Affected Equity with respect to the entirety of its Excess Amount of Securities as determined under Paragraph 3(a), regardless of any sales made in accordance with this Paragraph 3.

**4**     <u>Advance Approval of Acquisitions</u>.  Any proposed transfer or acquisition of Securities from and after the date of the Sell-Down Order shall be subject to the following advance approval procedures:

    **(a)**     <u>Acquisition of Securities</u>.  At least fifteen (15) business days prior to the proposed date of any transfer of Securities that would result in (i) an increase in the dollar amount of Securities Beneficially Owned by a Substantial Securityholder or (ii) any person or Entity becoming a Substantial Securityholder (a "<u>Proposed Securities Acquisition Transaction</u>"), such person, Entity, or Substantial Securityholder (each a "<u>Proposed Securities Transferee</u>") must serve upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee, a Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Security (a "<u>Securities Acquisition Request</u>"), in the form annexed hereto as <u>Attachment 3</u>, which describes specifically and in detail the intended acquisition of Securities, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001.

    **(b)**     <u>Approval Procedures</u>.  The Debtors may determine, in furtherance of the purposes of the provisions herein and after consultation with the attorneys for the Creditors' Committee, whether or not to approve a Securities Acquisition Request.  A Securities Acquisition Request that is not approved in writing by the Debtors within ten (10) business days after the filing of a Securities Acquisition Request shall be deemed rejected.

**5**    Equity Forfeiture Provision.

   **(a)**    Equity Forfeiture Provision.  Any Substantial Securityholder that violates
its obligations under the Sell-Down Notice shall, pursuant to the Order, be
precluded from receiving, directly or indirectly, any consideration
consisting of a beneficial ownership of equity (as determined in
accordance with the applicable rules of section 382 of the Tax Code,
including Options, whether or not treated as exercised under Treasury
Regulation section 1.382-4) of the Debtors (or any successor to the
Debtors, including as determined for U.S. federal income tax purposes)
that is attributable to the Excess Amount of Securities for such Substantial
Securityholder as of the Sell-Down Date, including any consideration in
lieu thereof, provided, however, that the forefeiture shall only apply to any
Excess Amount of Securities still owned as of the Sell-Down Date if the
holder has complied with Paragraph 3(c); provided, further that such
Substantial Securityholder may be entitled to receive any other
consideration to which such holder may be entitled by virtue of holding
Securities (the "Equity Forfeiture Provision").  Any purported acquisition
of, or other increase in the Beneficial Ownership of, equity of the Debtors
(or any successor) that is precluded by the Equity Forfeiture Provision will
be an acquisition of "Forfeited Equity."  Any acquirer of Forfeited Equity
shall, immediately upon becoming aware of such fact, return or cause to
return the Forfeited Equity to the Debtors (or any successor to the
Debtors) or, if all of the equity consideration properly issued to such
acquirer and all or any portion of such Forfeited Equity shall have been
sold prior to the time such acquirer becomes aware of such fact, such
acquirer shall return or cause to return to the Debtors (or any successor to
the Debtors) (i) any Forfeited Equity still held by such acquirer and (ii) the
proceeds attributable to the sale of Forfeited Equity, calculated by treating
the most recently sold equity as Forfeited Equity.  Any acquirer that
receives Forfeited Equity and deliberately fails to comply with the
preceding sentence shall be subject to such additional sanctions as the
Court may determine.  Any Forfeited Equity returned to the Debtors shall
be distributed (including a transfer to charity) or extinguished, in the
Debtors' sole discretion, in furtherance of the 382(l)(5) Plan.

   **(b)**    Notification Requirement.  In effecting any sale or other transfer of
Securities pursuant to a Sell-Down Notice, a Substantial Securityholder
shall, to the extent that it is reasonably feasible to do so within the normal
constraints of the market in which such sale takes place, notify the
acquirer of such Securities of the existence of the Order and the Equity
Forfeiture Provision (it being understood that, in all cases in which there is
direct communication between a salesperson and a customer, including,
without limitation, communication via telephone, e-mail, and instant
messaging, the existence of the Order and the Equity Forfeiture Provision
shall be included in such salesperson's summary of the transaction).

**6**     <u>Miscellaneous</u>.

    **(a)**     <u>No Disclosure of Participation</u>.  To permit reliance by the Debtors on Treasury Regulation section 1.382-9(d)(3), any Substantial Securityholder that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a plan), shall not, and shall not be asked to, disclose (or otherwise make evident unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that any Securities in which such Substantial Securityholder has a Beneficial Ownership are Newly Traded Securities.  For this purpose, the Debtors acknowledge and agree that the following activities shall not constitute participation in formulating a chapter 11 plan if, in pursuing such activities, the relevant Substantial Securityholder does not disclose (or otherwise make evident) to the Debtors that such Substantial Securityholder has Beneficial Ownership of Newly Traded Securities: filing an objection to a proposed disclosure statement or to confirmation of a proposed chapter 11 plan; voting to accept or reject a proposed chapter 11 plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to the attorneys for the Debtors or attorneys for the Creditors' Committee unconnected with the formulation of the chapter 11 plan; general membership on an official committee or an *ad hoc* committee; or taking any action required by the order of the Court.

    **(b)**     <u>Confidentiality</u>.  Except to the extent necessary to demonstrate to the Court the need for the issuance of a Sell-Down Notice, other than information contained in the Notice of Substantial Securityholder Status that is public or in connection with an audit or other investigation by the Internal Revenue Service ("<u>IRS</u>") or other taxing authority, the Debtors and the Creditors' Committee shall keep such notices and any additional information provided by a Substantial Securityholder pursuant to the Order strictly confidential and shall not disclose the identity of the Substantial Securityholder to any other person or Entity; <u>provided</u>, <u>however</u>, that the Debtors and the Creditors' Committee may disclose the identity of the Substantial Securityholder to their respective counsel and professional advisors and/or the counsel and professional advisors of any other person(s) that are subject to a nondisclosure agreement with the Debtors or the Creditors' Committee (as applicable), each of whom shall keep all such notices strictly confidential and shall not disclose the identity of the Substantial Securityholder to any other person or Entity subject to further order of the Court; and <u>provided</u>, <u>further</u>, that to the extent the Debtors reasonably determine such confidential information is necessary to demonstrate to the Court the need for the issuance of a Sell-Down Notice, the Debtors shall seek to file such confidential information

(determined by, among other things, whether such information was redacted in any public filing) under seal.

**(c)** Exception. No person or Entity shall be subject to the aforementioned provisions with respect to any transfer described in Treasury Regulation section 1.382-9(d)(5)(ii), provided that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulation section 1.382-9(d)(5)(iii); provided, further, that any such transferee who becomes a Substantial Securityholder shall serve upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee, a notice of such status in the manner prescribed in Paragraph 2 above within fifteen (15) business days of the later of (i) the day of the entry of the Order by the Court and (ii) the date on which such person or Entity becomes a Substantial Securityholder.

**7** Definitions. For purposes of the Order, the following terms have the following meanings:

**(a)** Affected Equity. "Affected Equity" means the stock or other equity of the reorganized Debtors (or their successors), including Options, to be issued and distributed pursuant to the 382(l)(5) Plan. "Affected Equity" shall not include stock described in section 1504(a)(4) of the Tax Code.

**(b)** Applicable Percentage. "Applicable Percentage" means, if only one class of Affected Equity is to be issued pursuant to the terms of the 382(l)(5) Plan and holders within any class of Securities will receive a pro-rata distribution of the Affected Equity, 4.5% of the number of such shares or equity interests that the Debtors reasonably estimate will be issued at the effective date of such 382(l)(5) Plan, as determined for U.S. federal income tax purposes. If more than one class of Affected Equity is to be distributed pursuant to the terms of the 382(l)(5) Plan or holders with a class of Securities may receive a disproportionate distribution of such Affected Equity relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the 382(l)(5) Plan and disclosure statement, and shall be expressed in a manner that makes clear the number of shares or other equity interests in each class of Affected Equity that would constitute the Applicable Percentage.

**(c)** Beneficial Ownership. "Beneficial Ownership" of a Security shall mean:

(x) the beneficial ownership of a Security as determined in accordance with applicable rules under section 382 of the Tax Code (for such

purpose, treating a Security as if it is stock), and, to the extent provided in those rules from time to time, shall include (A) direct and indirect ownership (determined without regard to the rule that treats stock of an Entity to which the constructive ownership rules apply as no longer owned by that Entity); and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of Securities and/or stock; and

(y) the beneficial ownership of an Option (irrespective of the purpose for which such option was issued, created or acquired).

For the avoidance of doubt, beneficial ownership of a Security also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Security pursuant to a chapter 11 plan or applicable bankruptcy court order. Variations of the term "Beneficial Ownership" shall have correlative meanings.

**(d)** Creditors' Committee. The "Creditors' Committee" shall mean any official committee of holders of unsecured Securities appointed pursuant to section 1102 of the Bankruptcy Code in the Debtors' chapter 11 cases.

**(e)** Entity. "Entity" shall have the meaning given to such term under Treasury Regulation section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition.

**(f)** Maximum Amount. "Maximum Amount" means for each person or Entity and by class or other applicable breakdown of Securities, the greater of (A) the applicable Threshold Amount and (B) the Protected Amount (if any) for such Substantial Securityholder.

**(g)** Newly Traded Securities. "Newly Traded Securities" means Securities (i) with respect to which an Entity acquired Beneficial Ownership after the date that was 18 months before the Commencement Date; and (ii) that are not "ordinary course" claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same Entity has always had Beneficial Ownership.

**(h)** Notice Parties. "Notice Parties" shall mean (i) the Office of the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York, (vi) all parties who have requested notice in these chapter 11 cases in accordance with the amended order entered on February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; (vii) parties who file notices of transfers of

10

Securities under Bankruptcy Rule 3001(e)(2); (viii) any indenture trustees or clearinghouses for Securities; and (ix) any Substantial Securityholder or Additional Substantial Securityholder following the filing by such Substantial Securityholder or Additional Substantial Securityholder of a Notice of Substantial Securityholder Status pursuant to Paragraphs 2 or 1(b) above, respectively.

**(i)**    <u>Option</u>. An "Option" shall have the meaning given to such term under Treasury Regulation section 1.382-4(d)(9)(i), with respect to the acquisition of a Security or any consideration (including equity) distributed in respect of any Security pursuant to a chapter 11 plan or applicable bankruptcy court order.

**(j)**    <u>Order</u>. The "Order" shall mean the order, entered by the Bankruptcy Court, authorizing the implementation of these restrictions and procedures.

**(k)**    <u>Permitted Transferee.</u> A "Permitted Transferee" with respect to a Substantial Securityholder is a person that is not a Related Person and whose holding of a Security would not result in such Substantial Securityholder having Beneficial Ownership of such Security.

**(l)**    <u>Protected Amount</u>. "Protected Amount" means the amount of Securities (by class or other applicable breakdown) of which a holder had Beneficial Ownership on the Motion Date, increased by the amount of Securities of which such holder acquires, directly or indirectly, Beneficial Ownership pursuant to trades entered into before the Motion Date that had not yet closed as of the Motion Date minus the amount of Securities of which such holder sells, directly or indirectly, Beneficial Ownership pursuant to trades entered into before the Motion Date that had not yet closed as of the Motion Date.

**(m)**    <u>Related Person</u>. Persons (including Entities) are "Related Persons" if: (A) the person bears a relationship to the other person described in section 267(b) or 707(b) of the Tax Code, or (B) the persons are members of a group acting in concert with respect to the acquisition of Securities or equity in the reorganized Debtors.

**(n)**    <u>Security</u>. A "Security" shall be any claim against any of the Debtors, including, without limitation (i) any claim against any of the Debtors as a guarantor and (ii) the following classes of preferred stock of LBHI: (a) 5.94% Cumulative Preferred Stock, Series C; (b) 5.67% Cumulative Preferred Stock, Series D (c) 6.50% Cumulative Preferred Stock, Series F; (d) Floating Rate Cumulative Preferred Stock, Series G; and (e) 7.95% Non-Cumulative Perpetual Preferred Stock, Series J. In calculating the amount of any Securities hereunder, any applicable intercreditor agreements, including subordination agreements, shall be given effect in accordance with their terms. Nothing contained in this Paragraph 7(n)

shall be deemed an admission of a party or be used by any party for any purpose other than compliance with the Order and shall not constitute an admission or evidence by any party with respect to Securities of the Debtors.

**(o)** <u>Substantial Securityholder</u>. A "Substantial Securityholder" is any person or Entity that Beneficially Owns an aggregate dollar amount of Securities, or any Entity controlled by such person or Entity through which such person or Entity Beneficially Owns Securities, of more than the Threshold Amount.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Securities of several persons and/or Entities must be aggregated when testing for Substantial Securityholder status, treating Securities as if they were stock.

**(p)** <u>Tax Code</u>. "Tax Code" means the Internal Revenue Code of 1986, as amended from time to time, and the Treasury Regulations promulgated thereunder.

**(q)** <u>Threshold Amount</u>. "Threshold Amount" means the amount of Securities, as set forth in the Notice of 382(l)(5) Plan (as revised by any Amended Notice of 382(l)(5) Plan, as applicable) sufficient, in the determination of the Debtors, to entitle the Beneficial Owner thereof to the Applicable Percentage of the Affected Equity. The amount determined in the preceding sentence shall be disclosed in the Notice of 382(l)(5) Plan and may be adjusted thereafter as contemplated by this Order or any future order of the Court.

**(r)** <u>Treasury Regulations</u>. "Treasury Regulations" means the U.S. Department of Treasury regulations promulgated under the Tax Code, as amended from time to time.

**8** <u>Noncompliance with the Trading Procedures</u>. Any purchase, sale, or other transfer of Securities in violation of the procedures set forth herein shall be null and void *ab initio* and shall confer no rights on the transferee.

**9** <u>Debtors' Right to Waive</u>. The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion.

ORDERED that any person or Entity acquiring and/or failing to dispose of

Securities in violation of the restrictions set forth herein, or failing to comply with the "Notice of

Substantial Securityholder Status," "Securities Acquisition Request," and/or "Notice of

Compliance" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the notices attached hereto as <u>Attachment 1</u>, <u>Attachment 2</u>, <u>Attachment 3</u>, are approved; and it is further

ORDERED that nothing in this Order shall preclude any party-in-interest from seeking appropriate relief from the provisions of this Order or be deemed to prejudice, limit or waive the rights or claims of parties-in-interest to object to, or be heard in connection with, any request for the issuance of a Sell-Down Notice, including the right to request limits on the duration (and effect) of such Sell-Down Notice or any Equity Forfeiture Provision in connection therewith, all of which rights, claims and objections are expressly reserved; and it is further

ORDERED that within three (3) days of the entry of this Order, the Debtors shall serve notice of the entry of this Order (the "<u>Procedures Notice</u>") substantially in the form annexed to the Motion as <u>Exhibit B</u> describing the authorized Securities trading restrictions and procedures to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York, (vi) all parties who have requested notice in these chapter 11 cases in accordance with the amended order entered on February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; (vii) parties who file notices of transfers of Securities under Bankruptcy Rule 3001(e)(2); and (viii) any indenture trustees or clearinghouses for Securities.; and it is further

ORDERED that the Debtors shall post the Procedures Notice on the Debtors' website: http://www.lehman-docket.com. Additionally, the Debtors will submit the Procedures Notice for publication in the national editions of The Wall Street Journal and The New York Times; and it is further

ORDERED that nothing herein shall preclude any person or Entity desirous of purchasing or transferring any Securities from requesting relief from this Order in this Court subject to the Debtors' rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that the requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order; and it is further

ORDERED that the relief granted in this Order is intended solely to permit the Debtors to protect, preserve and maximize the value of their Tax Attributes. Accordingly, except to the extent the Order expressly conditions or restricts trading in Securities, nothing in this Order or the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of Securities against the Debtors, including in connection with the treatment of any such Securities under any chapter 11 plan or any applicable bankruptcy court order.

Dated: March __, 2010
      New York, New York

_____
United States Bankruptcy Judge

## Attachment 1

(Notice of Substantial Securityholder Status)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                              :
              Debtors.                        :    (Jointly Administered)
                                              :
------------------------------------------------------------ x
```

## NOTICE OF SUBSTANTIAL SECURITYHOLDER STATUS

PLEASE TAKE NOTICE that [Name of Securityholder] ("Filer") is/has become a Substantial Securityholder with respect to Securities of Lehman Brothers Holdings, Inc. ("LBHI") and its subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") in Case No. 08-13555, pending in the United States Bankruptcy Court for the Southern District of New York.[1]

PLEASE TAKE FURTHER NOTICE that, as of [Insert Date], Filer Beneficially Owns Securities in the aggregate amount of $_____ against the Debtors. As to such Securities, the following table sets forth, by class or other applicable breakdown, the name of the Debtor issuer, a description of the Securities (including the amount of the Securities held of the issuer), and, if Filer's Beneficial Ownership of such Securities is attributable to the record or legal ownership by another person or Entity, the name of such record or legal owner:

| Debtor Issuer | Class | Description and Amount of Security | Legal or Record Owner |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable breakdown) of Securities listed above, and that Filer will provide any additional information in respect of the Securities that the Debtors reasonably request. Filer's "Protected Amount" of Securities is the amount of Securities (by class or other applicable breakdown) owned on [Month Date, Year].

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

| Debtor Issuer | Class | Protected Amount |
|---|---|---|
| | | |
| | | |
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Securityholder)

By:_____
    Name:_____
    Title:_____

Address:_____

       _____
       _____

Telephone:_____
Facsimile:_____

Date: _____

## Attachment 2

(Notice of Compliance)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                          :

In re                              :        Chapter 11 Case No.
                                            :

LEHMAN BROTHERS HOLDINGS INC., *et al.*, :       08-13555 (JMP)
                                            :

          Debtors.           :        (Jointly Administered)
                                            :

------------------------------------------------------------ x

## NOTICE OF COMPLIANCE

       PLEASE TAKE NOTICE that [Name of Securityholder] ("Filer") hereby provides the following notice (the "Notice") regarding compliance with the terms and conditions set forth in Paragraph (3)(c) of the Order (the "Sell-Down Requirement").

       (Please check one of the following):

       _____ The Filer has complied in full with the Sell-Down Requirement and the Filer does not and will not hold an "Excess Amount"[1] of Securities as of the Sell-Down Date and at all times through the effective date of the 382(l)(5) Plan.

       _____ The Filer has not complied in full with the Sell-Down Requirement. As of the Sell-Down Date, the Filer Beneficially Owns the following Securities:

| Debtor Issuer | Class | Excess Amount Beneficially Owned as of Sell-Down Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

       PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

       PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee.

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

PLEASE TAKE FURTHER NOTICE that this Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Substantial Securityholder)

By:_____
    Name:_____
    Title:_____

Address:_____
            _____
            _____
Telephone:_____
Facsimile:_____

Date: _____

## Attachment 3

(Securities Acquisition Request)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                  :

In re                        :      **Chapter 11 Case No.**
                  :

**LEHMAN BROTHERS HOLDINGS INC**, *et al.*, :    **08-13555 (JMP)**
                  :

        **Debtors.**        :      **(Jointly Administered)**
                  :

------------------------------------------------------------x

## NOTICE OF REQUEST TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE A CLAIM

        PLEASE TAKE NOTICE THAT [Name of Prospective Acquirer] ("Filer") hereby provides a notice of request to purchase, acquire or otherwise accumulate a Security[8] or Securities of Lehman Brothers Holdings, Inc. ("LBHI") and its subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") (the "Proposed Transfer").

        PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], Filer served a Notice of Substantial Securityholder Status on the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee.

        PLEASE TAKE FURTHER NOTICE THAT Filer currently Beneficially Owns (as defined in the notice) Securities of the Debtors in the aggregate amount of $_____. As to such Securities, the following table sets forth, by class or other applicable breakdown, the name of the Debtor issuer, a description of the Securities (including the amount of the Securities held of such issuer), and, if Filer's Beneficial Ownership of such Securities is attributable to the record or legal ownership by another person or Entity, the name of such record or legal owner.

| Debtor Issuer | Class | Description and Amount of Claim | Legal or Record Owner |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

---

[8] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, Filer requests to purchase, acquire or otherwise accumulate Securities of the Debtors in the aggregate amount of $_____.

If the Proposed Transfer is permitted to occur, Filer will Beneficially Own Securities of the Debtors in the aggregate amount of $_____ after the transfer. As to such Securities, the following table sets forth, by class or other applicable breakdown, the name of the Debtor issuer, a description of the Securities (whether the amount of the Securities held of such issuer), and, if Filer's Beneficial Ownership of such Securities will be attributable to the record or legal ownership by another person or Entity, the name of such record or legal owner:

| Debtor Issuer | Class | Description and Amount of Claim | Legal or Record Owner |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable breakdown) of Securities listed above,[9] and that Filer will provide any additional information in respect of the Securities that the Debtors reasonably request. Filer's "Protected Amount" of Securities is the amount of Securities (by class or other applicable breakdown) owned on [Month Date, Year]. Filer's "Protected Amount" of Securities is the amount of Securities (by class or other applicable breakdown) owned on [Month Date, Year].

| Debtor Issuer | Class | Protected Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

---

[9] Only needs to be provided if no Notice of Substantial Securityholder Status has been previously filed with respect to such Claims.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee.

PLEASE TAKE FURTHER NOTICE that Filer hereby acknowledges that if the Proposed Transfer is not approved in writing by the Debtors within ten (10) business days after the filing of this Notice, such Proposed Transfer shall be deemed rejected and will not be effective *ab initio*. If the Debtors provide written authorization approving the Proposed Transfer prior to the end of such ten (10) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by Filer that may result in Filer purchasing, acquiring or otherwise accumulating additional Securities of the Debtors will each require an additional notice to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Prospective Acquirer)

By:_____
    Name:_____
    Title:_____

Address:_____

_____

_____
Telephone:_____
Facsimile:_____

Date: _____

# EXHIBIT D-1

**(Blackline of Proposed Order – Docket No. 6699)**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------- x
                                                          :
In re                                                     :        Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., et al., :                           08-13555 (JMP)
                                                          :
                    Debtors.                              :        (Jointly Administered)
                                                          :
--------------------------------------------------------- x
```

## ORDER PURSUANT TO SECTIONS 105(a) AND 362
## OF THE BANKRUPTCY CODE ESTABLISHING
## CERTAIN RESTRICTIONS AND PROCEDURES
## APPLICABLE TO TRANSFERS OF THE DEBTORS' SECURITIES

Upon the motion dated January 19, 2010 (the "Motion")[3] of Lehman Brothers

Holdings, Inc. ("LBHI") and its subsidiaries in the above-referenced chapter 11 cases, as debtors

and debtors in possession (the "Debtors" and, collectively with LBHI's wholly-owned non-

debtor domestic subsidiaries, "Lehman"), pursuant to sections 362 and 105(a) of title 11 of the

United States Code (the "Bankruptcy Code"), seeking entry of a order (the "Order") to approve

certain restrictions and procedures applicable to transfers of Securities (as hereinafter defined),

as more fully described in the Motion; and the Court having jurisdiction to consider the Motion

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the

Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided to(i) the Office of the United States Trustee

for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

---

[3] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion, found at
the Debtors' website: http://www.lehman-docket.com.

Attorney for the Southern District of New York, (vi) all parties who have requested notice in these chapter 11 cases in accordance with the amended order entered on February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; (vii) parties who file notices of transfers of Securities under Bankruptcy Rule 3001(e)(2); and (viii) any indenture trustees or clearinghouses for Securities.; and the Court having reviewed the Motion and having heard the statements in support of the relief requested at the hearing on the Motion; and the Court having determined that the relief sought in the Motion pursuant to this Order is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is FOUND that:

1.      Pursuant to the Court's *Order Pursuant to sections 105(a) and 362 of the Bankruptcy Code Approving Certain Transfers of Interests in the Debtors' Estates and Establishing Notification Procedures Relating Thereto*, Lehman's consolidated net operating loss tax carryforwards ("NOLs") and certain other tax attributes (together with NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by the automatic stay prescribed in section 362 of the Bankruptcy Code;

2.      Under certain circumstances, the accumulation of Securities prior to the potential emergence of certain Debtors (or their successors) from chapter 11 could, following any such emergence, severely limit such Debtors' (or successors') ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion;

3. The restrictions and procedures applicable to the accumulation of Securities are necessary and proper to preserve the availability of the Tax Attributes following emergence and are therefore in the best interests of the Debtors, their estates, and their creditors; and

4. The relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

THEREFORE, IT IS:

ORDERED that the Motion is granted; and it is further

ORDERED that the provisions of this Order shall be effective, *nunc pro tunc* to January 19, 2010, the date of the filing of the Motion (the "Motion Date"); and it is further

ORDERED that all objections to the Motion not previously withdrawn are overruled; and it is further

ORDERED that any acquisition of Securities and/or any failure to sell Securities in violation of the restrictions and procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the following restrictions and procedures applicable to certain transfers of Securities are approved:[4]

1 Notice of 382(l)(5) Plan; Amended Notice of 382(l)(5) Plan.

   (a) Notice of 382(l)(5) Plan. Upon filing a chapter 11 plan and disclosure statement that contemplates the potential utilization of section 382(l)(5) of the Tax Code (a "382(l)(5) Plan"), the Debtors may, if, after consultation

---

[4] Capitalized terms used in Paragraphs 2 – 8 have the meaning ascribed in Paragraph 8, if not otherwise defined herein.

with their attorneys and advisors and the attorneys and advisors for the Creditors' Committee, they determine that the application of section 382(l)(5) of the Tax Code is reasonably likely to be beneficial to the reorganized Debtors (or any successors thereto), (i) publish (or arrange for publication of) a notice and provide a written notice to the Notice Parties, disclosing the filing of such 382(l)(5) Plan and the potential issuance of a Sell-Down Notice (as defined in Paragraph 3(a) below) in connection therewith on the Debtors' website: http://www.lehman-docket.com and in the national editions of *The Wall Street Journal* and *The New York Times* (a "Notice of 382(l)(5) Plan"), (ii) identify the classes of Securities that are potentially subject to a Sell-Down Notice and (iii) identify the applicable Threshold Amounts (by class or other applicable breakdown) for status as a Substantial Securityholder.

**(b)** Amended Notice of 382(l)(5) Plan. The Debtors may determine subsequent to the date of the Notice of 382(l)(5) Plan or an Amended Notice of 382(l)(5) Plan (as defined below), to (i) adjust the Threshold Amount or (ii) identify additional classes of Securities that are potentially subject to a Sell-Down Notice. In that case, the Debtors shall publish and provide notice of such additional amount and/or such additional class of Securities in the same manner as the Notice of 382(l)(5) Plan and such notice shall be an "Amended Notice of 382(l)(5) Plan." The Amended Notice of 382(l)(5) Plan shall require (x) any person or Entity that previously filed a Notice of Substantial Securityholder Status to update information regarding such Substantial Securityholder's Beneficial Ownership of Securities and (y) any person or Entity that is a Substantial Securityholder as of the date of the most recent Amended Notice of 382(l)(5) Plan, but that was not previously required to file a Notice of Substantial Securityholder Status (an "Additional Substantial Securityholder"), to ~~file with the Court and~~ serve upon the Debtors', the attorneys for the Debtors and the attorneys for the Creditors' Committee, a notice of such status in the manner prescribed in Paragraph 2 below within ten (10) days of the date of the Amended Notice of 382(l)(5) Plan.

**(c)** Early Notice. The Debtors reserve the right, in order to assist in determining their eligibility for section 382(l)(5) of the Tax Code, to request in a manner consistent with the publication of the Notice of 382(l)(5) Plan described above, information regarding the Beneficial Ownership of Securities prior to the filing of the Notice of 382(l)(5) Plan.

**2** Notice of Substantial Securityholder Status. Following a request for Beneficial Ownership information pursuant to (i) a Notice of 382(l)(5) Plan, (ii) an Amended Notice of 382(l)(5) Plan or (iii) Paragraph 1(c) above, any person or Entity that as of the date such request is made (the "Request Date") is or becomes a Substantial Securityholder shall ~~file with the Court and~~ serve upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee, a notice of such status (a "Notice of Substantial Securityholder Status"), in the form annexed ~~to~~

the Motion as ~~Exhibit D.~~ hereto as Attachment 1, within ten (10) days of the later of (i) the Request Date and (ii) the date such person becomes a Substantial Securityholder. ~~At the holder's election, the Notice of Substantial Securityholder Status that is filed with the Court (but not such notice served upon the Debtors, the attorneys for the Debtors or the attorneys for the Creditors' Committee) may be redacted to exclude such holder's taxpayer identification number and the aggregate dollar amount of Securities that such holder Beneficially Owns.~~

**3**     Sell-Down Notices.

**(a)**     Sell-Down Notices. Following the issuance of a Notice of 382(l)(5) Plan, but no earlier than sixty (60) days prior to the then-scheduled hearing with respect to the 382(l)(5) Plan, if the Debtors determine it to be reasonably necessary to require the sale or transfer of all or a portion of the Beneficial Ownership of Securities held by a Substantial Securityholder on the basis that such sale or transfer is appropriate to reasonably ensure that the requirements of section 382(l)(5) of the Tax Code will be satisfied, and either the Creditors' Committee or the Court similarly so determines, the Debtors may file a motion (the "Sell-Down Motion") requesting that the Court enter an order (the "Sell-Down Order") approving the issuance of a notice (the "Sell-Down Notice") that such Substantial Securityholder must sell, cause to sell or otherwise transfer all or a portion of its Beneficial Ownership of Securities (by class or other applicable breakdown) in excess of the Maximum Amount for such Substantial Securityholder (such excess amount, an "Excess Amount") to Permitted Transferees. The Debtors shall provide a copy of the Sell-Down Motion to each person described in clause (ix) of the definition of "Notice Parties." If the Court enters a Sell-Down Order approving the Debtors' issuance of a Sell-Down Notice, the Debtors shall provide a copy of such Sell-Down Order to ~~the applicable Substantial Securityholders.~~ each person described in clause (ix) of the definition of "Notice Parties."

**(b)**     Requirement to Sell Down. Prior to (i) the effective date of the 382(l)(5) Plan or (ii) such earlier date set forth in the Sell-Down Order, which shall not be earlier than the day after the entry of the order confirming the 382(l)(5) Plan as may be specified by the Debtors (the "Sell-Down Date"), each Substantial Securityholder shall sell, cause to sell or otherwise transfer an amount of the Beneficial Ownership of Securities (if any) necessary to comply with the Sell-Down Notice (the "Sell-Down"); provided, however, that notwithstanding anything to the contrary in the Order and for the avoidance of doubt, no Substantial Securityholder shall be required to sell, cause to sell or otherwise transfer any Beneficial Ownership of Securities if such sale would result in such holder having Beneficial Ownership of an aggregate amount of Securities (by class or other applicable breakdown) that is less than such holder's Protected Amount (as hereinafter defined). Each Substantial Securityholder shall sell, cause to sell or otherwise transfer its Beneficial Ownership of

Securities subject to the Sell-Down to Permitted Transferees; provided however that such Substantial Securityholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Securities.

**(c)** Notice of Compliance. A Substantial Securityholder subject to the Sell-Down shall, within five (5) business days after the later of (i) entry of an order approving the 382(l)(5) Plan, (ii) the Sell-Down Date, and (iii) such other date specified in the Sell-Down Notice, as applicable, but in all events before the effective date of the 382(l)(5) Plan, and as a condition to receiving Affected Equity, serve upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee, a notice substantially in the form annexed ~~to the Motion~~hereto as ~~Exhibit E~~Attachment 2 that such Substantial Securityholder has complied with the terms and conditions set forth in this Paragraph 3 and that such Substantial Securityholder does not and will not hold an Excess Amount of Securities as of the Sell-Down Date and at all times through the effective date of the 382(l)(5) Plan (the "Notice of Compliance"~~.~~; provided, however, that if the Substantial Securityholder has complied but for the fact that the Substantial Securityholder still holds an Excess Amount of Securities as of the Sell-Down Date, the Notice of Compliance shall disclose such Excess Amount as indicated on Attachment 2. Any Substantial Securityholder who fails to comply with this provision shall not receive Affected Equity with respect to ~~any~~the entirety of its Excess Amount of Securities~~.~~ as determined under Paragraph 3(a), regardless of any sales made in accordance with this Paragraph 3.

**4** Advance Approval of Acquisitions. Any proposed transfer or acquisition of Securities from and after the date of the Sell-Down Order shall be subject to the following advance approval procedures:

**(a)** Acquisition of Securities. At least fifteen (15) business days prior to the proposed date of any transfer of Securities that would result in (i) an increase in the dollar amount of Securities Beneficially Owned by a Substantial Securityholder or (ii) any person or Entity becoming a Substantial Securityholder (a "Proposed Securities Acquisition Transaction"), such person, Entity, or Substantial Securityholder (each a "Proposed Securities Transferee") must ~~file with the Court and~~ serve upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee, a Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Security (a "Securities Acquisition Request"), in the form annexed ~~to the Motion as Exhibit F,~~hereto as Attachment 3, which describes specifically and in detail the intended acquisition of Securities, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001. ~~At the Proposed Securities Transferee's election, the Securities Acquisition~~

~~Request that is filed with the Court (but not such request served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee) may be redacted to exclude such transferee's taxpayer identification number and the aggregate dollar amount of Securities that such transferee Beneficially Owns and proposes to purchase or otherwise acquire.~~

**(b)**     <u>Approval Procedures</u>.  The Debtors may determine, in furtherance of the purposes of the provisions herein and after consultation with the attorneys for the Creditors' Committee, whether or not to approve a Securities Acquisition Request.  A Securities Acquisition Request that is not approved in writing by the Debtors within ten (10) business days after the filing of a Securities Acquisition Request shall be deemed rejected.

**5**     <u>Equity Forfeiture Provision</u>.

**(a)**     <u>Equity Forfeiture Provision</u>.  Any Substantial Securityholder that violates its obligations under the Sell-Down Notice shall, pursuant to the Order, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of equity (as determined in accordance with the applicable rules of section 382 of the Tax Code, including Options, whether or not treated as exercised under Treasury Regulation section 1.382-4) of the Debtors (or any successor to the Debtors, including as determined for U.S. federal income tax purposes) that is attributable to the Excess Amount of Securities for such Substantial Securityholder <u>as of the Sell-Down Date</u>, including any consideration in lieu thereof, <u>provided, however, that the forefeiture shall only apply to any Excess Amount of Securities still owned as of the Sell-Down Date if the holder has complied with Paragraph 3(c); provided, further</u> that such Substantial Securityholder may be entitled to receive any other consideration to which such holder may be entitled by virtue of holding Securities (the "<u>Equity Forfeiture Provision</u>").  Any purported acquisition of, or other increase in the Beneficial Ownership of, equity of the Debtors (or any successor) that is precluded by the Equity Forfeiture Provision will be an acquisition of "<u>Forfeited Equity</u>."  Any acquirer of Forfeited Equity shall, immediately upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity shall have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity.  Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Court may determine.  Any Forfeited Equity returned to the Debtors shall

be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(l)(5) Plan.

**(b)**    Notification Requirement.  In effecting any sale or other transfer of Securities pursuant to a Sell-Down Notice, a Substantial Securityholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Securities of the existence of the Order and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of the Order and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

**6**     Miscellaneous.

**(a)**    No Disclosure of Participation.  To permit reliance by the Debtors on Treasury Regulation section 1.382-9(d)(3), any Substantial Securityholder that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a plan), shall not, and shall not be asked to, disclose (or otherwise make evident unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that any Securities in which such Substantial Securityholder has a Beneficial Ownership are Newly Traded Securities.  For this purpose, the Debtors acknowledge and agree that the following activities shall not constitute participation in formulating a chapter 11 plan if, in pursuing such activities, the relevant Substantial Securityholder does not disclose (or otherwise make evident) to the Debtors that such Substantial Securityholder has Beneficial Ownership of Newly Traded Securities: filing an objection to a proposed disclosure statement or to confirmation of a proposed chapter 11 plan; voting to accept or reject a proposed chapter 11 plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to the attorneys for the Debtors or attorneys for the Creditors' Committee unconnected with the formulation of the chapter 11 plan; general membership on an official committee or an *ad hoc* committee; or taking any action required by the order of the Court.

**(b)**    Confidentiality.  Except to the extent necessary to demonstrate to the Court the need for the issuance of a Sell-Down Notice, other than information contained in the Notice of Substantial Securityholder Status that is public or in connection with an audit or other investigation by the Internal Revenue Service ("IRS") or other taxing authority, the Debtors and the Creditors' Committee shall keep such notices and any additional information provided by a Substantial Securityholder pursuant to the

Order strictly confidential and shall not disclose the identity of the Substantial Securityholder to any other person or Entity; provided, however, that the Debtors and the Creditors' Committee may disclose the identity of the Substantial Securityholder to ~~its~~their respective counsel and professional advisors and/or the counsel and professional advisors of ~~the Creditors' Committee and of~~ any other person(s) that are subject to a nondisclosure agreement with the Debtors or the Creditors' Committee (as applicable), each of whom shall keep all such notices strictly confidential and shall not disclose the identity of the Substantial Securityholder to any other person or Entity subject to further order of the Court; and provided, further, that to the extent the Debtors reasonably determine such confidential information is necessary to demonstrate to the Court the need for the issuance of a Sell-Down Notice, the Debtors shall seek to file such confidential information (determined by, among other things, whether such information was redacted in any public filing) under seal.

**(c)** Exception.  No person or Entity shall be subject to the aforementioned provisions with respect to any transfer described in Treasury Regulation section 1.382-9(d)(5)(ii), provided that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulation section 1.382-9(d)(5)(iii); provided, further, that any such transferee who becomes a Substantial Securityholder shall ~~file with the Court, and~~ serve upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee, a notice of such status in the manner prescribed in Paragraph 2 above within fifteen (15) business days of the later of (i) the day of the entry of the Order by the Court and (ii) the date on which such person or Entity becomes a Substantial Securityholder.

**7** Definitions.  For purposes of the Order, the following terms have the following meanings:

**(a)** Affected Equity.  "Affected Equity" means the stock or other equity of the reorganized Debtors (or their successors), including Options, to be issued and distributed pursuant to the 382(l)(5) Plan.  "Affected Equity" shall not include stock described in section 1504(a)(4) of the Tax Code.

**(b)** Applicable Percentage.  "Applicable Percentage" means, if only one class of Affected Equity is to be issued pursuant to the terms of the 382(l)(5) Plan and holders within any class of Securities will receive a pro-rata distribution of the Affected Equity, 4.5% of the number of such shares or equity interests that the Debtors reasonably estimate will be issued at the effective date of such 382(l)(5) Plan, as determined for U.S. federal income tax purposes.  If more than one class of Affected Equity is to be distributed pursuant to the terms of the 382(l)(5) Plan or holders with a class of Securities may receive a disproportionate distribution of such

Affected Equity relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the 382(l)(5) Plan and disclosure statement, and shall be expressed in a manner that makes clear the number of shares or other equity interests in each class of Affected Equity that would constitute the Applicable Percentage.

**(c)** Beneficial Ownership. "Beneficial Ownership" of a Security shall mean:

(x) the beneficial ownership of a Security as determined in accordance with applicable rules under section 382 of the Tax Code (for such purpose, treating a Security as if it is stock), and, to the extent provided in those rules from time to time, shall include (A) direct and indirect ownership (determined without regard to the rule that treats stock of an Entity to which the constructive ownership rules apply as no longer owned by that Entity); and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of Securities and/or stock; and

(y) the beneficial ownership of an Option (irrespective of the purpose for which such option was issued, created or acquired).

For the avoidance of doubt, beneficial ownership of a Security also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Security pursuant to a chapter 11 plan or applicable bankruptcy court order. Variations of the term "Beneficial Ownership" shall have correlative meanings.

**(d)** Creditors' Committee. The "Creditors' Committee" shall mean any official committee of holders of unsecured Securities appointed pursuant to section 1102 of the Bankruptcy Code in the Debtors' chapter 11 cases.

**(e)** Entity. "Entity" shall have the meaning given to such term under Treasury Regulation section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition.

**(f)** Maximum Amount. "Maximum Amount" means for each person or Entity and by class or other applicable breakdown of Securities, the greater of (A) the applicable Threshold Amount and (B) the Protected Amount (if any) for such Substantial Securityholder.

**(g)** Newly Traded Securities. "Newly Traded Securities" means Securities (i) with respect to which an Entity acquired Beneficial Ownership after the

date that was 18 months before the Commencement Date; and (ii) that are not "ordinary course" claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same Entity has always had Beneficial Ownership.

(h)    <u>Notice Parties</u>. "Notice Parties" shall mean (i) the Office of the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York, (vi) all parties who have requested notice in these chapter 11 cases in accordance with the amended order entered on February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; (vii) parties who file notices of transfers of Securities under Bankruptcy Rule 3001(e)(2); ~~and~~ (viii) any indenture trustees or clearinghouses for Securities<u>; and (ix) any Substantial Securityholder or Additional Substantial Securityholder following the filing by such Substantial Securityholder or Additional Substantial Securityholder of a Notice of Substantial Securityholder Status pursuant to Paragraphs 2 or 1(b) above, respectively</u>.

(i)    <u>Option</u>. An "Option" shall have the meaning given to such term under Treasury Regulation section 1.382-4(d)(9)(i), with respect to the acquisition of a Security or any consideration (including equity) distributed in respect of any Security pursuant to a chapter 11 plan or applicable bankruptcy court order.

(j)    <u>Order</u>. The "Order" shall mean the order, entered by the Bankruptcy Court, authorizing the implementation of these restrictions and procedures.

(k)    <u>Permitted Transferee.</u> A "Permitted Transferee" with respect to a Substantial Securityholder is a person that is not a Related Person and whose holding of a Security would not result in such Substantial Securityholder having Beneficial Ownership of such Security.

(l)    <u>Protected Amount</u>. "Protected Amount" means the amount of Securities (by class or other applicable breakdown) of which a holder had Beneficial Ownership on the Motion Date, increased by the amount of Securities of which such holder acquires, directly or indirectly, Beneficial Ownership pursuant to trades entered into before the Motion Date that had not yet closed as of the Motion Date minus the amount of Securities of which such holder sells, directly or indirectly, Beneficial Ownership pursuant to trades entered into before the Motion Date that had not yet closed as of the Motion Date.

(m)    <u>Related Person</u>. Persons (including Entities) are "Related Persons" if: (A) the person bears a relationship to the other person described in section 267(b) or 707(b) of the Tax Code, or (B) the persons are members of a

group acting in concert with respect to the acquisition of Securities or equity in the reorganized Debtors.

**(n)**    Security.  A "Security" shall be any claim against any of the Debtors, including, without limitation (i) any claim against any of the Debtors as a guarantor and (ii) the following classes of preferred stock of LBHI: (a) 5.94% Cumulative Preferred Stock, Series C; (b) 5.67% Cumulative Preferred Stock, Series D (c) 6.50% Cumulative Preferred Stock, Series F; (d) Floating Rate Cumulative Preferred Stock, Series G; and (e) 7.95% Non-Cumulative Perpetual Preferred Stock, Series J.   In calculating the amount of any Securities hereunder, any applicable intercreditor agreements, including subordination agreements, shall be given effect in accordance with their terms.  Nothing contained in this Paragraph 7(n) shall be deemed an admission of a party or be used by any party for any purpose other than compliance with the Order and shall not constitute an admission or evidence by any party with respect to Securities of the Debtors.

**(o)**    Substantial Securityholder.  A "Substantial Securityholder" is any person or Entity that Beneficially Owns an aggregate dollar amount of Securities, or any Entity controlled by such person or Entity through which such person or Entity Beneficially Owns Securities, of more than the Threshold Amount.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Securities of several persons and/or Entities must be aggregated when testing for Substantial Securityholder status, treating Securities as if they were stock.

**(p)**    Tax Code.  "Tax Code" means the Internal Revenue Code of 1986, as amended from time to time, and the Treasury Regulations promulgated thereunder.

**(q)**    Threshold Amount.  "Threshold Amount" means the amount of Securities, as set forth in the Notice of 382(l)(5) Plan (as revised by any Amended Notice of 382(l)(5) Plan, as applicable) sufficient, in the determination of the Debtors, to entitle the Beneficial Owner thereof to the Applicable Percentage of the Affected Equity.  The amount determined in the preceding sentence shall be disclosed in the Notice of 382(l)(5) Plan and may be adjusted thereafter as contemplated by this Order or any future order of the Court.

**(r)**    Treasury Regulations.  "Treasury Regulations" means the U.S. Department of Treasury regulations promulgated under the Tax Code, as amended from time to time.

8      <u>Noncompliance with the Trading Procedures</u>. Any purchase, sale, or other transfer of Securities in violation of the procedures set forth herein shall be null and void *ab initio* and shall confer no rights on the transferee.

9      <u>Debtors' Right to Waive</u>. The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion~~;~~.

ORDERED that any person or Entity acquiring and/or failing to dispose of Securities in violation of the restrictions set forth herein, or failing to comply with the "Notice of Substantial Securityholder Status," "Securities Acquisition Request," and/or "Notice of Compliance" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the notices ~~substantially in the form annexed to the Motion as Exhibit D, Exhibit E, Exhibit F,~~ attached hereto as Attachment 1, Attachment 2, Attachment 3, are approved; and it is further

ORDERED that nothing in this Order shall preclude any party-in-interest from seeking appropriate relief from the provisions of this Order or be deemed to prejudice, limit or waive the rights or claims of parties-in-interest to object to, or be heard in connection with, any request for the issuance of a Sell-Down Notice, including the right to request limits on the duration (and effect) of such Sell-Down Notice or any Equity Forfeiture Provision in connection therewith, all of which rights, claims and objections are expressly reserved; and it is further

ORDERED that within three (3) days of the entry of this Order, the Debtors shall serve notice of the entry of this Order (the "<u>Procedures Notice</u>") substantially in the form annexed to the Motion as <u>Exhibit B</u> describing the authorized Securities trading restrictions and procedures to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York, (vi) all parties who have requested notice in these chapter 11 cases in accordance with the amended order entered on February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; (vii) parties who file notices of transfers of Securities under Bankruptcy Rule 3001(e)(2); and (viii) any indenture trustees or clearinghouses for Securities.; and it is further

ORDERED that the Debtors shall post the Procedures Notice on the Debtors' website: http://www.lehman-docket.com. Additionally, the Debtors will submit the Procedures Notice for publication in the national editions of The Wall Street Journal and The New York Times; and it is further

ORDERED that nothing herein shall preclude any person or Entity desirous of purchasing or transferring any Securities from requesting relief from this Order in this Court subject to the Debtors' rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that the requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order; and it is further

ORDERED that the relief granted in this Order is intended solely to permit the Debtors to protect, preserve and maximize the value of their Tax Attributes. Accordingly, except

to the extent the Order expressly conditions or restricts trading in Securities, nothing in this

Order or the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the

rights of any holders of Securities against the Debtors, including in connection with the treatment

of any such Securities under any chapter 11 plan or any applicable bankruptcy court order.

Dated: March __, 2010
     New York, New York


                         _____
                         United States Bankruptcy Judge

## ~~Exhibit D~~Attachment 1

(Notice of Substantial Securityholder Status)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                                             :
In re                                                        :      Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :      08-13555 (JMP)
                                                             :
                        Debtors.                             :      (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

## NOTICE OF SUBSTANTIAL SECURITYHOLDER STATUS

      PLEASE TAKE NOTICE that [Name of Securityholder] ("Filer") is/has become a Substantial Securityholder with respect to Securities of Lehman Brothers Holdings, Inc. ("LBHI") and its subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") in Case No. 08-13555, pending in the United States Bankruptcy Court for the Southern District of New York.[5]

      PLEASE TAKE FURTHER NOTICE that, as of [Insert Date], Filer Beneficially Owns Securities in the aggregate amount of $_____ against the Debtors. As to such Securities, the following table sets forth, by class or other applicable breakdown, the name of the Debtor issuer, a description of the Securities (including the amount of the Securities held of the issuer), and, if Filer's Beneficial Ownership of such Securities is attributable to the record or legal ownership by another person or Entity, the name of such record or legal owner:

| Debtor Issuer | Class | Description and Amount of Security | Legal or Record Owner |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

     (Attach additional page if necessary)

      PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable breakdown) of Securities listed above, and that Filer will provide any additional information in respect of the Securities that the Debtors reasonably request. Filer's "Protected Amount" of Securities is the amount of Securities (by class or other applicable breakdown) owned on [Month Date, Year].

---

[5] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

| Debtor Issuer | Class | Protected Amount |
|---|---|---|
| | | |
| | | |
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being ~~filed with the Court and~~ served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Securityholder)

By:_____
    Name:_____
    Title:_____

Address:_____
    _____
    _____

Telephone:_____
Facsimile:_____

Date: _____

## ~~Exhibit E~~Attachment 2

(Notice of Compliance)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                  :
In re                                             :     Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :     08-13555 (JMP)
                                                  :
                    Debtors.                      :     (Jointly Administered)
                                                  :
---------------------------------------------------------------- x

## NOTICE OF COMPLIANCE

PLEASE TAKE NOTICE that [Name of Securityholder] ("Filer") hereby provides the following notice (the "Notice"), that Filer has complied in full regarding compliance with the terms and conditions set forth in Paragraph (3)(c) of the Order and that(the "Sell-Down Requirement").

(Please check one of the following):

_____  The Filer has complied in full with the Sell-Down Requirement and the Filer does not and will not hold an "Excess Amount" (as defined in the Order)[6] of Securities as of the Sell-Down Date and at all times through the effective date of the 382(l)(5) Plan.

_____  The Filer has not complied in full with the Sell-Down Requirement. As of the Sell-Down Date, the Filer Beneficially Owns the following Securities:

| Debtor Issuer | Class | Excess Amount Beneficially Owned as of Sell-Down Date |
|---|---|---|
|  |  |  |
|  |  |  |

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

---

[6] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being ~~filed with the Court and~~ served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee.

PLEASE TAKE FURTHER NOTICE that this Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Substantial Securityholder)

By:_____
   Name:_____
   Title:_____

Address:_____
         _____
         _____

Telephone:_____
Facsimile:_____

Date: _____

## ~~Exhibit F~~Attachment 3

(Securities Acquisition Request)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------x
                                     :
In re                                :     Chapter 11 Case No.
                                     :
LEHMAN BROTHERS HOLDINGS INC, et al.,:     08-13555 (JMP)
                                     :
                  Debtors.           :     (Jointly Administered)
                                     :
----------------------------------------------------------x
```

## NOTICE OF REQUEST TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE A CLAIM

PLEASE TAKE NOTICE THAT [Name of Prospective Acquirer] ("Filer") hereby provides a notice of request to purchase, acquire or otherwise accumulate a Security[67] or Securities of Lehman Brothers Holdings, Inc. ("LBHI") and its subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], Filer filedserved a Notice of Substantial Securityholder Status with the Court and served copies thereof on the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee.

PLEASE TAKE FURTHER NOTICE THAT Filer currently Beneficially Owns (as defined in the notice) Securities of the Debtors in the aggregate amount of $_____. As to such Securities, the following table sets forth, by class or other applicable breakdown, the name of the Debtor issuer, a description of the Securities (including the amount of the Securities held of such issuer), and, if Filer's Beneficial Ownership of such Securities is attributable to the record or legal ownership by another person or Entity, the name of such record or legal owner.

| Debtor Issuer | Class | Description and Amount of Claim | Legal or Record Owner |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

---

[67] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the Order.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, Filer requests to purchase, acquire or otherwise accumulate Securities of the Debtors in the aggregate amount of $_____.

If the Proposed Transfer is permitted to occur, Filer will Beneficially Own Securities of the Debtors in the aggregate amount of $_____ after the transfer.  As to such Securities, the following table sets forth, by class or other applicable breakdown, the name of the Debtor issuer, a description of the Securities (whether the amount of the Securities held of such issuer) and, if Filer's Beneficial Ownership of such Securities will be attributable to the record or legal ownership by another person or Entity, the name of such record or legal owner:

| Debtor Issuer | Class | Description and Amount of Claim | Legal or Record Owner |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable breakdown) of Securities listed above,[78] and that Filer will provide any additional information in respect of the Securities that the Debtors reasonably request.  Filer's "Protected Amount" of Securities is the amount of Securities (by class or other applicable breakdown) owned on [Month Date, Year].  Filer's "Protected Amount" of Securities is the amount of Securities (by class or other applicable breakdown) owned on [Month Date, Year].

| Debtor Issuer | Class | Protected Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

[78] Only needs to be provided if no Notice of Substantial Securityholder Status has been previously filed with respect to such Claims.

the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being ~~filed with the Court and~~ served upon the Debtors, the attorneys for the Debtors and the attorneys for the Creditors' Committee.

PLEASE TAKE FURTHER NOTICE that Filer hereby acknowledges that if the Proposed Transfer is not approved in writing by the Debtors within ten (10) business days after the filing of this Notice, such Proposed Transfer shall be deemed rejected and will not be effective *ab initio*. If the Debtors provide written authorization approving the Proposed Transfer prior to the end of such ten (10) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by Filer that may result in Filer purchasing, acquiring or otherwise accumulating additional Securities of the Debtors will each require an additional notice ~~filed with the Court~~ to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] I am represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
(Name of Prospective Acquirer)

By:_____
    Name:_____
    Title:_____

Address:_____

     _____

     _____

Telephone:_____
Facsimile:_____

Date: _____

# **EXHIBIT E**

## **(Proposed Order – Docket No. 7230)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                             :        **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        **08-13555 (JMP)**
                                                                 :
                                           **Debtors.**    :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING LBSF'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 6004 OF THE BANKRUPTCY RULES, FOR AUTHORIZATION TO PAY ADMINISTRATIVE AND LEGAL FEES AND EXPENSES OF CERTAIN SPECIAL PURPOSE VEHICLES

Upon the motion, dated February 23, 2010 (the "Motion"), of Lehman Brothers

Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections

105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule

6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

authorization to pay administrative and legal fees and expenses of certain special purpose

vehicles incorporated in the Cayman Islands (the "Cayman SPVs"), all as more fully described in

the Motion; and upon the declaration of Robert Hershan, dated February 23, 2010, in support of

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to pay $586,920 to Maples Finance Limited (the "MFL Fees") and $103,242 to Maples and Calder (the "M&C Fees"); and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to make any additional payments on behalf of the Cayman SPVs with respect to the transactions set forth in Exhibit A hereto (the "Future Fees") in accordance with the following Notice Procedures:

- Prior to paying any Future Fees, LBSF will provide written notice ("Notice") to the Creditors' Committee describing the nature and the amount of the proposed Future Fees.

- The Creditors' Committee will have ten (10) business days from the date on which the Notice is sent to the Creditors' Committee to object to the proposed payment of such fees. Any objection must be in writing and delivered to the attorneys for LBSF so as to be received on or before the fifth business day after the Notice is received.

- If no written objection is received by LBSF's counsel in accordance with the procedures herein, LBSF is authorized to pay the proposed Future Fees and payment shall be deemed fully authorized by the Court

under the terms of the Order approving this Motion and no further notice or Court approval will be required or necessary.

- If the Creditors' Committee delivers a timely written objection to the proposed payment of the Future Fees, LBSF and the Creditors' Committee will use good faith efforts to resolve the objection. If LBSF and the Creditors' Committee are unable to achieve consensual resolution, LBSF will not proceed with the proposed payment of the Future Fees pursuant to these procedures, but may seek Court approval of the proposed payment upon an expedited notice and hearing, subject to the Court's availability.

- Nothing in the foregoing procedures will prevent LBSF, in its sole discretion, from seeking, upon notice and hearing, the Court's approval of any proposed payment of Future Fees, including on an expedited basis; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this

Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: March __, 2010
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

| Issuer name | MFL Fees | M&C Fees | Terminated | Liquidated |
|---|---|---|---|---|
| 801 Grand CDO SPC | $ 26,717.55 | $ 17,083.73 | | |
|   801 GRAND CDO SPC SERIES 2006-1 | | | Y | Y |
|   801 GRAND CDO SPC SERIES 2006-2 | | | Y | Y |
| Penn's Landing CDO SPC | $ 27,126.82 | $ 480.09 | Y | Y |
| Securitized Product of Restructured Collateral Limited SPC | $ 27,947.36 | $ 38,770.20 | | |
|   SEGREGATED PORTFOLIO SPRC D-FORCE LLC SERIES 2007-1 | | | Y | N |
|   SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A1 | | | Y | Y |
|   SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A2 | | | Y | N |
|   THE SERIES 2007-1 TABXSPOKE SEGREGATED PORTFOLIO - | | | Y | N |
| Copper Creek CDO SPC | $ 26,107.08 | $ 2,577.71 | Y | Y |
| Lakeview CDO SPC | $ 26,435.33 | $ 10,107.49 | | |
|   LAKEVIEW CDO 2007-2 | | | Y | Y |
|   LAKEVIEW CDO SPC 2007-1 | | | Y | Y |
|   LAKEVIEW CDO SPC 2007-3 | | | Y | Y |
|   LAKEVIEW CDO SPC SERIES 2007-4 SEGREGATED PORTFOLIO | | | Y | |
| Alta CDO SPC | $ 28,957.08 | $ 8,699.83 | | |
|   ALTA CDO 2007-1 LTD | | | Y | N |
|   ALTA CDO SPC SERIES 2007-2 SEGREGATED PORTFOLIO | | | Y | Y |
| Greystone CDO SPC | $ 26,253.86 | $ 6,113.49 | | |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-2 | | | Y | Y |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-3 | | | Y | N |
|   GREYSTONE CDO SPC SERIES 2008-4 SEGREGATED PORTFOLIO | | | Y | N |
| Cherry Hill CDO SPC | $ 26,551.82 | $ - | | |
|   CHERRY HILL CDO SPC 2007-1 | | | Y | Y |
|   CHERRY HILL CDO SPC 2007-2 | | | Y | Y |
| Pantera Vive CDO SPC | $ 22,665.86 | $ - | Y | Y |
| Stowe CDO SPC | $ 28,149.32 | $ 15,981.55 | | |
|   STOWE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
|   STOWE CDO SPC SERIES 2008-1 SEGREGATED PORTFOLIO | | | Y | N |
|   STOWE CDO SPC SERIES 2008-2A SEGREGATED PORTFOLIO | | | Y | Y |
| Solar V CDO SPC | $ 26,104.27 | $ - | Y | Y |
| Barton Springs CDO SPC | $ 23,615.23 | $ - | | |
|   BARTON SPRINGS CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
|   BARTON SPRINGS CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Fullerton Drive CDO Limited | $ 19,610.21 | $ - | Y | Y |
| Stony Hill CDO SPC | $ 22,936.43 | $ - | N | N |
| Jefferson Valley CDO SPC | $ 22,616.77 | $ - | Y | Y |
| Tavares Square CDO Limited | $ 19,358.32 | $ - | Y | N |
| Tradewinds II CDO SPC | $ 22,179.27 | $ - | Y | N |
| Vox Place CDO Limited | $ 19,357.67 | $ - | Y | Y |
| Blue Point CDO SPC | $ 23,617.29 | $ 2,399.09 | | |
|   BLUE POINT CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
|   BLUE POINT CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Freedom Park CDO Series 2005-1 Limited | $ 12,481.38 | $ - | Y | Y |
| Sunset Park CDO Limited SPC | $ 27,947.17 | $ - | | |
| Sunset Park CDO-M Limited SPC | $ 23,223.01 | $ - | | |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-1 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-2 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-4 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2005-3 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2005-5 | | | Y | Y |
| Sunset Park CDO Series 2005-6 Limited | $ 13,118.77 | $ - | Y | Y |
| Kings River Limited | $ 19,244.14 | $ - | N | N |
| Robania CDO Limited | $ 8,561.43 | $ - | Y | Y |
| Taylor Creek Limited | $ 16,036.88 | $ 1,028.52 | Y | Y |
| **Total** | **$ 586,920** | **$ 103,242** | | |

# EXHIBIT E-1

**(Blackline of Proposed Order – Docket No. 7230)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re                                                    :     Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :     08-13555 (JMP)
                                                         :
                                    Debtors.             :     (Jointly Administered)
-----------------------------------------------------------x

### ORDER GRANTING LBSF'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 6004 OF THE BANKRUPTCY RULES, FOR AUTHORIZATION TO PAY ADMINISTRATIVE AND LEGAL FEES AND EXPENSES OF CERTAIN SPECIAL PURPOSE VEHICLES

Upon the motion, dated February 23, 2010 (the "Motion"), of Lehman Brothers

Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections

105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule

6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

authorization to pay administrative and legal fees and expenses of certain special purpose

vehicles incorporated in the Cayman Islands (the "Cayman SPVs"), all as more fully described in

the Motion; and upon the declaration of Robert Hershan, dated February 23, 2010, in support of

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to pay $586,920 to Maples Finance Limited (the "MFL Fees") and $103,242 to Maples and Calder (the "M&C Fees"); and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to make any additional payments on behalf of the Cayman SPVs with respect to the transactions set forth in Exhibit A hereto (the "Future Fees") in accordance with the following Notice Procedures:

- Prior to paying any Future Fees, LBSF will provide written notice ("Notice") to the Creditors' Committee describing the nature and the amount of the proposed Future Fees.

- The Creditors' Committee will have ~~five~~ten (~~5~~10) business days from the date on which the Notice is sent to the Creditors' Committee to object to the proposed payment of such fees. Any objection must be in writing and delivered to the attorneys for LBSF so as to be received on or before the fifth business day after the Notice is received.

- If no written objection is received by LBSF's counsel in accordance with the procedures herein, LBSF is authorized to pay the proposed Future Fees and payment shall be deemed fully authorized by the Court

under the terms of the Order approving this Motion and no further notice or Court approval will be required or necessary.

- If the Creditors' Committee delivers a timely written objection to the proposed payment of the Future Fees, LBSF and the Creditors' Committee will use good faith efforts to resolve the objection. If LBSF and the Creditors' Committee are unable to achieve consensual resolution, LBSF will not proceed with the proposed payment of the Future Fees pursuant to these procedures, but may seek Court approval of the proposed payment upon an expedited notice and hearing, subject to the Court's availability.

- Nothing in the foregoing procedures will prevent LBSF, in its sole discretion, from seeking, upon notice and hearing, the Court's approval of any proposed payment of Future Fees, including on an expedited basis; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: March __, 2010
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

| Issuer name | MFL Fees | M&C Fees | Terminated | Liquidated |
|---|---|---|---|---|
| 801 Grand CDO SPC | $ 26,717.55 | $ 17,083.73 | | |
| 801 GRAND CDO SPC SERIES 2006-1 | | | Y | Y |
| 801 GRAND CDO SPC SERIES 2006-2 | | | Y | Y |
| Penn's Landing CDO SPC | $ 27,126.82 | $ 480.09 | Y | Y |
| Securitized Product of Restructured Collateral Limited SPC | $ 27,947.36 | $ 38,770.20 | | |
| SEGREGATED PORTFOLIO SPRC D-FORCE LLC SERIES 2007-1 | | | Y | N |
| SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A1 | | | Y | Y |
| SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A2 | | | Y | Y |
| THE SERIES 2007-1 TABXSPOKE SEGREGATED PORTFOLIO - | | | Y | N |
| Copper Creek CDO SPC | $ 26,107.08 | $ 2,577.71 | Y | Y |
| Lakeview CDO SPC | $ 26,435.33 | $ 10,107.49 | | |
| LAKEVIEW CDO 2007-2 | | | Y | Y |
| LAKEVIEW CDO SPC 2007-1 | | | Y | Y |
| LAKEVIEW CDO SPC 2007-3 | | | Y | Y |
| LAKEVIEW CDO SPC SERIES 2007-4 SEGREGATED PORTFOLIO | | | Y | |
| Alta CDO SPC | $ 28,957.08 | $ 8,699.83 | | |
| ALTA CDO 2007-1 LTD | | | Y | N |
| ALTA CDO SPC SERIES 2007-2 SEGREGATED PORTFOLIO | | | Y | |
| Greystone CDO SPC | $ 26,253.86 | $ 6,113.49 | | |
| GREYSTONE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
| GREYSTONE CDO LIMITED SPC SERIES 2006-2 | | | Y | Y |
| GREYSTONE CDO LIMITED SPC SERIES 2006-3 | | | Y | N |
| GREYSTONE CDO SPC SERIES 2008-4 SEGREGATED PORTFOLIO | | | Y | N |
| Cherry Hill CDO SPC | $ 26,551.82 | $ - | | |
| CHERRY HILL CDO SPC 2007-1 | | | Y | Y |
| CHERRY HILL CDO SPC 2007-2 | | | Y | Y |
| Pantera Vive CDO SPC | $ 22,665.86 | $ - | Y | Y |
| Stowe CDO SPC | $ 28,149.32 | $ 15,981.55 | | |
| STOWE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
| STOWE CDO SPC SERIES 2008-1 SEGREGATED PORTFOLIO | | | Y | N |
| STOWE CDO SPC SERIES 2008-2A SEGREGATED PORTFOLIO | | | Y | Y |
| Solar V CDO SPC | $ 26,104.27 | $ - | Y | Y |
| Barton Springs CDO SPC | $ 23,615.23 | $ - | | |
| BARTON SPRINGS CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
| BARTON SPRINGS CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Fullerton Drive CDO Limited | $ 19,610.21 | $ - | Y | Y |
| Stony Hill CDO SPC | $ 22,936.43 | $ - | N | N |
| Jefferson Valley CDO SPC | $ 22,616.77 | $ - | Y | Y |
| Tavares Square CDO Limited | $ 19,358.32 | $ - | Y | Y |
| Tradewinds II CDO SPC | $ 22,179.27 | $ - | Y | N |
| Vox Place CDO Limited | $ 19,357.67 | $ - | Y | Y |
| Blue Point CDO SPC | $ 23,617.29 | $ 2,399.09 | | |
| BLUE POINT CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
| BLUE POINT CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Freedom Park CDO Series 2005-1 Limited | $ 12,481.38 | $ - | Y | Y |
| Sunset Park CDO Limited SPC | $ 27,947.17 | $ - | | |
| Sunset Park CDO-M Limited SPC | $ 23,223.01 | $ - | | |
| SUNSET PARK CDO LIMITED SPC SERIES 2004-1 | | | Y | Y |
| SUNSET PARK CDO LIMITED SPC SERIES 2004-2 | | | Y | Y |
| SUNSET PARK CDO LIMITED SPC SERIES 2004-4 | | | Y | Y |
| SUNSET PARK CDO LIMITED SPC SERIES 2005-3 | | | Y | Y |
| SUNSET PARK CDO LIMITED SPC SERIES 2005-5 | | | Y | Y |
| Sunset Park CDO Series 2005-6 Limited | $ 13,118.77 | $ - | Y | Y |
| Kings River Limited | $ 19,244.14 | $ - | N | N |
| Robania CDO Limited | $ 8,561.43 | $ - | Y | Y |
| Taylor Creek Limited | $ 16,036.88 | $ 1,028.52 | Y | Y |
| **Total** | **$ 586,920** | **$ 103,242** | | |