Hearing Date and Time: March 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :   **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :   **08-13555 (JMP)**
                                                               :
                                    Debtors.                   :   **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**DEBTORS' REPLY TO OBJECTIONS TO THE DEBTORS' MOTION
FOR AN ORDER EXTENDING THE TIME TO FILE A DISCLOSURE
STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), as and for their reply to the objections interposed by Executive Flightways, Inc. ("EFI") [Docket No. 7548] (the "EFI Objection") and William Kuntz, III [Docket No. 7459] (the "Kuntz Objection") to the Debtors' motion for an order extending the time to file a disclosure statement for their chapter 11 plans [Docket No. 7355] (the "Motion")[1], respectfully represent:

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

**The Motion Should Be Granted and the Debtors' Time
To File a Disclosure Statement with Respect to the Plan Should be Extended**

1. Only two objections to the Motion were interposed. The Kuntz Objection fails to raise any legal or factual basis to deny the relief requested in the Motion and, as such, should be overruled.[2] EFI, a counterparty to aircraft lease agreements with three of the Debtors, CES Aviation LLC, CES Aviation V LLC, and CES Aviation IX LLC (collectively, the "CES Debtors"), requests that the Court deny the relief requested in the Motion with respect to the CES Debtors. EFI argues that the chapter 11 cases of the CES Debtors are "very simple and straightforward," because the CES Debtors are single asset entities with few creditors, and because the Debtors' chapter 11 cases have not been substantively consolidated. (EFI Objection at ¶¶ 7, 8.) EFI suggests that the CES Debtors should file independent plans and contends there is no reason why the CES Debtors require additional time to file disclosure statements. Id.

2. The EFI Objection should be overruled. The Debtors have now filed their Plan, as was anticipated in the Motion. As set forth in the Motion, the Debtors have devoted considerable time and effort investigating, researching, and analyzing complex issues to formulate a joint chapter 11 Plan that seeks to address and provide treatment for the various stakeholder interests relating to all of the Debtors. The Debtors have requested a 30-day extension in order to prepare and file a Disclosure Statement with adequate information with respect to the Plan. During that period, the Debtors intend to engage in negotiations, consider issues and conduct analyses that will likely have a significant impact on the framework of the Plan. One significant issue, the potential for substantive consolidation of all of the Debtors, necessarily affects the CES Debtors' estates and creditors.

---

[2] The Debtors do not believe that Mr. Kuntz is a legitimate creditor of any of the Debtors' estates and reserve the right to challenge his standing to participate in these chapter 11 cases.

3. The Debtors should be afforded a fair and reasonable opportunity—at the very least, the 30-day period requested—to fully analyze the complex issues attendant to the Plan and negotiate with creditors. Requiring the Debtors to abandon the consensual plan process that is already well under way in favor of a disjointed plan process promoted by EFI would be an inefficient use of the Debtors' resources and would unnecessarily complicate and forestall an efficient resolution to the Debtors' chapter 11 cases. Given the substantial progress made by the Debtors to date, the short extension requested, and the continuing Plan negotiations and considerations, providing the Debtors additional time to complete and file a comprehensive Disclosure Statement with respect to the filed Plan is in the best interests of the Debtors' estates and economic stakeholders.

4. Notably, the Motion was unopposed by the Creditors' Committee, the U.S. Trustee and the numerous significant creditor groups that have participated actively in these cases.

5. For the foregoing reasons and the reasons set forth in the Motion, the Debtors respectfully request that the Court overrule the objections and grant the relief requested in the Motion.

Dated: March 16, 2010
       New York, New York

/s/ Harvey R. Miller
Harvey R. Miller
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession