Hearing Date & Time: March 17, 2010 at 2 p.m.

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel: (212) 872.1000
Robert A. Johnson

*Counsel for Dynegy Power Marketing Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                              :
                                                    :    Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al*   :    Case No. 08-13555 (JMP)
                                                    :    (Jointly Administered)
                              Debtors.              :
---------------------------------------------------------------x

**REPLY OF DYNEGY POWER MARKETING INC. TO DEBTORS' OMNIBUS OBJECTION TO MOTIONS OF (I) PALMYRA CAPITAL FUND, L.P., PALMYRA CAPITAL INSTITUTIONAL FUND, L.P. AND PALMYRA CAPITAL OFFSHORE FUND, L.P., (II) DYNEGY POWER MARKETING INC., (III) TENSOR OPPORTUNITY LIMITED, (IV) THE SANTA FE ENTITIES, AND (V) CVI GVF (LUX) MASTER S.A.R.L. EACH SEEKING RELIEF PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)**

Dynegy Power Marketing Inc. ("Dynegy") respectfully submits this reply in response to the Omnibus Objection to Dynegy's Motion for Entry of an Order That Its Timely Filed Guarantee Questionnaire be Considered a Timely Filed Proof of Claim, or in the Alternative, to Permit a Late Claim Filing Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) (the "Objection") filed by Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors"), and to the Joinder of the Official Committee of Unsecured Creditors (the "Committee") to the Objection (the "Joinder") and respectfully states as follows:

1.      Debtors and the Committee do *not* dispute – and *cannot* dispute – the following irrefutable facts:

   a.   Debtors were on *actual notice* of LBHI's guarantee of LBCS's obligation to Dynegy. On June 15, 2009 – more than three months before the bar date – Debtors themselves publicly filed in the LBCS estate the scheduled liability to Dynegy pursuant to the derivative contract, and Debtors publicly filed in the LBHI estate the scheduled corporate guarantee of LBHI to the obligations of LBCS. (Dynegy Motion ¶ 30).

   b.   Dynegy timely filed the Guarantee Questionnaire in the LBHI estate on October 22, 2009, attaching all documentation on which its guarantee claim against LBHI is based in compliance with the substantive requirements of the procedures ordered by the Court in these complex cases. (Dynegy Motion ¶ 31).

Accordingly, Dynegy's motion presents no direct prejudice to the LBHI estate. By Debtors' own filings, Debtors were perfectly aware of Dynegy's guarantee claim before the Bar Date or the Guarantee Questionnaire deadline.

2.      Thus, the only purported prejudice at issue is Debtors' "floodgates" argument that "the purpose and effect of a bar date will have been eviscerated" (Objection ¶ 30) if Dynegy's motion is granted. In response to the Debtors' previous invocation of the "floodgates" argument, this Court stated: "I don't really see the flood gates argument that you've just made. In a situation where there has been compliance, at least with the deadline for providing detail, but noncompliance with the deadline for filing the proof of claim, I can't imagine a whole lot of parties falling into that category. It's a drip. I don't think it's a flood." (Hearing Tr., Nov. 18, 2009 at 78).

3. This Court has the ability and the discretion to consider these facts in order to grant Dynegy's motion and yet prevent any opening of "floodgates." As the Supreme Court held in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380 (1993), the excusable neglect standard is an "elastic concept" that "is at bottom an equitable one, taking account of all the relevant circumstances…" *Id.* at 392, 395. The Second Circuit's decision in *Midland Cogeneration Venture Ltd P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 125 (2d Cir. 2005) (applying *Pioneer*) is fundamentally an affirmance of the bankruptcy court's exercise of discretion. Here, where the Debtors have not shown and cannot show any actual prejudice; where Debtors filed their first plan of reorganization only yesterday; and where the uncontested facts show that Dynegy timely filed its Guarantee Questionnaire, and that Debtors themselves scheduled the underlying derivative contract months before the Bar Date, this Court should find excusable neglect and grant the motion. The Supreme Court's emphasis in *Pioneer* on an equitable and elastic consideration of the facts at hand holds true here as well.

4. Moreover, *Pioneer* makes clear that the Courts are permitted to accept late filings caused by inadvertence. *Pioneer* 507 U.S. 380, 388 (1993). The standard set forth in *Pioneer* is not one of "strict scrutiny" as proposed by the Debtors.

5. Finally, the Committee's Joinder incorrectly states the length of Dynegy's delay. Dynegy's motion was filed February 5, 2010, which was 4.5 months after the Bar Date, not 7 months.

6. Dynegy is not seeking to take advantage of or abuse the system, but merely asks this Court to recognize its valid claim in this bankruptcy proceeding by granting the relief requested. Accordingly, this Court should grant Dynegy's motion.

Dated: March 16, 2010

                              **AKIN GUMP STRAUSS HAUER & FELD LLP**

                              By: /s/    Robert A. Johnson
                              Robert A. Johnson
                              One Bryant Park
                              New York, NY 10036
                              Telephone:  (212) 872.1000
                              Facsimile:   (212) 872.1002
                              *Counsel for Dynegy Power Marketing Inc.*