# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.       Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **Oaktree Huntington Investment Fund L.P.** | **Yorvik Partners LLP** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Penny Robbins
Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

e-mail: bankloans@oaktreecapital.com

USD Wire Instructions:
Name of Bank: Bank of NY
ABA: 021-000-018
Acct. Name: Oaktree Huntington Investment Fund, L.P.
– Oaktree Capital Management, L.P.
Acct. #: 0000149481
Attn: Oksana Cher

Last Four Digits of Acct. #: _____

Court Claim # (if known): 35510

Amount of Claim: transferred amount $2,983,997.03
(13.685% of total claim amount of $21,804,900.90

Date Claim Filed: 29 September 2009

Phone: + 44 207 796 5906
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

OAKTREE HUNTINGTON INVESTMENT FUND L.P.
BY: OAKTREE HUNTINGTON INVESTMENT FUND GP, L.P.
ITS GENERAL PARTNER

BY: OAKTREE HUNTINGTON INVESTMENT FUND GP LTD
ITS MANAGING MEMBER

BY: OAKTREE CAPITAL MANAGEMENT, L.P.
ITS DIRECTOR

By: _____  Date: 3/16/10
Name: MARY KNOBLER
Title: AUTHORIZED SIGNATORY

By: _____  Date: 3/16/10
Name: William Melanson
Title: Authorized Signatory

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

032-2919/CERTS/2528315.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.                Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 35510 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on            .

| Yorvik Partners LLP<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br>11 Ironmonger Row,<br>London EC2V 8EY<br>U.K. | Oaktree Huntington Investment Fund L.P.<br>Name of Transferee<br><br>Address of Transferee:<br>333 South Grand Avenue, 28th Floor<br>Los Angeles, CA 90071, USA |
|---|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                                CLERK OF THE COURT

032-2919/CERTS/2528315.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Yorvik Partners LLP ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Oaktree Huntington Investment Fund L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the 16 March 2010 (the "Effective Date") (a) an undivided interest, to the extent of the Claim Amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 35510 filed by Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; and (c) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs,

533765v2

expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein[1]

5.   Seller shall promptly (but in any event on no later than the second (2nd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller shall transfer on the Effective Date to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.   Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.   Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New YorkIN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of March 2010.

YORVIK PARTNERS LLP

By:
Name: LARS LEMONIUS
Title: PARTNER
Address:
11 Ironmonger Row,
London EC2V 8E
U.K.

OAKTREE HUNTINGTON INVESTMENT FUND L.P.

By: OAKTREE HUNTINGTON INVESTMENT FUND GP, L.P.
ITS GENERAL PARTNER

BY: OAKTREE HUNTINGTON INVESTMENT FUND GP
ITS MANAGING MEMBER

BY: OAKTREE CAPITAL MANAGEMENT, L.P.
ITS DIRECTOR
Address:
333 South Grand Avenue, 28th Floor
Los Angeles, CA 90071, USA

---

[1] [Include, as appropriate.]

533765v.2

Schedule 1

Transferred Claims

Purchased Claim

13.685% which is $2,983,997.03 of $21,804,900.90 (the outstanding amount of the Proof of Claim as of 29 September 2009)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 10 Year floating Rate Note | XS0254171191 | Lehman Brothers Holdings Inc | N/A | EUR 2,100,000.00 which is equivalent to USD 2,971,710.00 | N/A | 06/2016 | EUR 8,682.80 which is equivalent to USD 12,287.03 |