Hearing Date: March 17, 2010 at 10:00 a.m.

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi M. Eilbott

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:                                                                   :   Chapter 11
                                                                         :
                                                                         :   Case No. 08-13555 (JMP)
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                              :
                                                                         :   (Jointly Administered)
                           Debtors.                                      :
                                                                         :
------------------------------------------------------------------------x

**RESPONSE OF CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP, AS CONFLICTS COUNSEL, FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION TO FEE COMMITTEE REPORT PERTAINING TO**
**THIRD INTERIM FEE APPLICATIONS OF ALL RETAINED PROFESSIONALS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), as conflicts counsel for Lehman Brothers Holdings Inc., and its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully submits this response (the "Response") to the Fee Committee Report Pertaining to Third Interim Fee Applications of All Retained Professionals (the "Report").[1]  In support of this Response, Curtis respectfully represents as follows:

---

[1] To the extent applicable, Curtis incorporates by reference the arguments made by Weil, Gotshal & Manges LLP [Docket no. 7587] and Milbank, Tweed, Hadley and McCloy LLP [Docket no. 7595] in response to the Report.

7346394

1.      Pursuant to the Order of this Court dated November 21, 2008, Curtis was retained by the Debtors, *nunc pro tunc* to the Petition Date, to serve as conflicts counsel.  Since its retention, Curtis has effectively coordinated with Weil, Gotshal & Manges LLP to ensure that its work on behalf of the Debtors' estates is economically efficient and complementary, not duplicative.

2.      On December 14, 2009, Curtis filed its Third Interim Fee Application seeking allowance of compensation for professional services rendered to the Debtors, on an interim basis, in the amount of $4,664,248 and for reimbursement of $188,127.18 of actual and necessary expenses incurred in connection with the rendering of such services from June 1, 2009 through September 30, 2009.  Curtis prepared and filed its Third Interim Fee Application in accordance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* adopted by the Court on November 25, 2009 (the "Local Guidelines"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* adopted on January 30, 1996 (the "UST Guidelines") and the *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* entered by the Court on June 25, 2009 (the "Administrative Order", collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").

3.      On March 10, 2010, in accordance with the fee protocol approved by the Court on May 26, 2009, the Fee Committee submitted the Report.  Prior to the submission of the Report to the Court, the Fee Committee provided Curtis with an initial draft and Curtis was given an opportunity to respond.  Curtis submitted a detailed response to the draft report and as a result of

this response, the overall amount of the Fee Committee's recommended deduction was reduced from $177,878.56 to $149,005.65.

4.    In the Report, the Fee Committee recommended a reduction of Curtis' fees and expenses in the aggregate amount of $149,005.65 (the "<u>Recommended Reduction</u>"). Included within the Recommend Reduction is $90,747.52 attributable to "time spent reviewing and editing time entries", $31,056.91 for word processing expenses and $22,029 for "administrative fees" and "multiple identical entries".[2] Curtis believes that each of these deductions are inappropriate and should be subtracted from the overall amount of the Recommended Reduction.

## 1% CAP ON REVIEWING AND EDITING TIME ENTRIES

5.    Pursuant to Section 330(a) of the Bankruptcy Code, "any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application." 11 U.S.C. 330(a)(6). As such, reasonable compensation should be awarded for time spent by attorneys on preparing their fee applications. *In re The Bennett Funding Group, Inc.*, 213 B.R. 234, 249 (Bankr. N.D.N.Y. 1997). This standard is based on the principle that it would be inherently unfair for a bankruptcy court to require attorneys to prepare detailed fee applications as a prerequisite for payment but then turn around and require the attorneys to absorb the costs in doing so. *See id*. at 249. *See also In re NuCorp Energy Inc.*, 764 F.2d 655, 659 (9th Cir. 1985).

6.    A bankruptcy court may review attorney fee applications to determine whether the fee applications are reasonable and to insure that the compensation related to the preparation of fee applications will not be disproportionate to the overall time spent working on the case. *In re Pettibone Corporation*, 74 B.R. 293 (Bankr. N.D. Ill. 1987). When a bankruptcy court

---

[2] These categories are characterized as set forth in the Report. Curtis disputes such characterizations.

-3-

performs such a review, it may set reasonable limits on the amount of attorney fees being sought in connection with the preparation of fee applications. *The Bennett Funding Group Inc*. at 213 B.R. 249.

7. One way in which courts have set such reasonable limits is by imposing percentage caps on the payment of fee application preparation. In this case, the Fee Committee seeks to enforce a 1% cap on the fee application preparation performed by the professionals in these Chapter 11 Cases. Such a low and unprecedented percentage cap seems unreasonable and unwarranted in these highly complex Chapter 11 Cases.

8. Moreover, courts both in and out of this Circuit have previously imposed percentage caps that ranged anywhere from 3% to 5%. For example, when reviewing interim fee applications the United States Bankruptcy Court for the Northern District of New York has previously allowed attorney fees generated from the preparation and defense of fee applications in an amount equal to 3% of the total fees billed for the interim period. *In re The Bennett Funding Group, Inc.*, 1998 Bankr. LEXIS 167, 27 (Bankr. N.D.N.Y. May 6, 1998). *See also In re Pettibone*, 74 B.R. at 304 (holding that "in the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case").

9. Other courts, such as the United States Bankruptcy Court for the District of Columbia, have allowed attorney fees for the preparing of fee applications up to 5% of the total allowed fees. *In re We Care Projects, Inc.*, 1996 Bankr. LEXIS 1718, 32 (Bankr. D.D.C. Aug. 9, 1996). *See also In re Bass*, 227 B.R. 103, 109 (Bankr. E.D. Mich. 1998) (compensation limited to 5%); *In re Spanjer Bro., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (same).

10. In this case, the total fees billed by Curtis during the relevant period total $4,664,248 and the total fees billed by Curtis attorneys and paraprofessionals in preparing the

Third Interim Fee Application total $137,390 – under the percentage caps approved by other Bankruptcy Courts. If the Fee Committee were to prevail on their application of a 1% cap on the fee application preparation fees, Curtis would only be entitled to a recovery of $46,642.48 with respect to such fees, an amount that is not reflective of the actual time expended by Curtis professionals. Such an amount seems unreasonable in light of the work that Curtis performed in order to produce the detailed fee applications, monthly statements and respond to inquiries in connection with such fee applications. Curtis respectfully requests that if a percentage cap will be applied on the fee application preparation in these cases that such percentage cap be raised to 3% or 5%, in keeping with what has previously been done in other bankruptcy courts. This Court would, of course, retain discretion to further reduce the percentage cap in the future should that be necessary.

## WORD PROCESSING CHARGES

11.     The Fee Committee seeks a reduction of $31,056.91 for "word processing" expenses that are allegedly part of the firm's overhead. The UST Guidelines explain that overhead "consists of all continuous administrative or general costs incident to the operation of the applicant's office and *not particularly attributable to an individual client or case*." *See* UST Guidelines, Appx. A at (b)(5)(vii) (emphasis added).

12.     As set forth in Cutis' engagement letter with the Debtors (which was attached as an exhibit both to Curtis' retention application and the Order approving Curtis' retention), and as disclosed in Curtis' retention application, Curtis' billing rates do not include charges for, among other things, telephone and telecopier toll charges, document word processing charges, photocopying charges, computerized research or secretarial overtime directly attributable to the representation of a particular client. As the needs of each client differ for such services, Curtis

believes that it is more fair and equitable to charge each client only for the services actually used while performing services for such client. The expenses to which the Fee Committee objects were directly attributable to the Debtors and were not incidental to the operation of Curtis' office. Therefore, Curtis requests that the Court approve the reimbursement of these expenses and subtract the amount of $31,056.91 from the Recommended Deduction.

### ADMINISTRATIVE FEES

13. The Fee Committee seeks a reduction of $17,479 for "Administrative" fees and $4,550 for "Multiple Time Entries by the Same Timekeeper of the Same Number of Hours." Although the description of certain tasks performed by Curtis professionals (particularly Curtis' litigation support professionals) seem to be administrative in nature, these tasks are actually vital to the efficient and effective review of documents by the Curtis attorneys providing services in these Chapter 11 Cases. These services include maintaining, updating, preparing and servicing a dynamic database of documents reviewed by attorneys in connection with various litigation-related matters that Curtis is handling on behalf of the Debtors and, as such, are directly beneficial to the Debtors' estates. Due to the systematic nature of some of the tasks associated with the maintenance of this database, the time entries for this category of work are sometimes necessarily repetitive. However, this does not reflect redundant or unnecessary work performed by Curtis. Furthermore, these charges have been incurred in a manner consistent generally with all of Curtis' other clients. Therefore, Curtis requests that the Court approve the reimbursement of such fees and subtract the aggregate amount of $22,029 from the Recommended Deduction.

[*Remainder of page intentionally left blank*]

7346394

## CONCLUSION

14. As set forth herein and in the Fee Application, Curtis' attorneys and paraprofessionals dedicated considerable time, effort and attention throughout the Debtors' Chapter 11 Cases.

15. For the foregoing reasons, Curtis respectfully requests entry of an order (i) approving Curtis' fees and expenses as requested in the Third Interim Fee Application; (ii) reducing the amount of the Recommended Reduction by $143,833.43; and (iii) granting such other and further relief as is just and proper.

Dated:  March 16, 2010
        New York, New York

Respectfully submitted,

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By: /s/ *Steven J. Reisman*
    Steven J. Reisman
    L. P. Harrison 3rd
    Cindi M. Eilbott
101 Park Avenue
New York, NY  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors and
 Debtors in Possession*

-7-

7346394