JONES DAY
David L. Carden
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

-and-

JONES DAY
Simon D. Powell
29th Floor, Edinburgh Tower
The Landmark
15 Queen's Road Central
Hong Kong
Telephone: (852) 2526-6895
Facsimile: (852) 2868-5871

Special Counsel to Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
|   |   |   |
|---|---|---|
| **In re** | : | **Chapter 11** |
|   | : |   |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **Case No. 08-13555 (JMP)** |
|   | : |   |
| **Debtors.** | : | **(Jointly Administered)** |
|   | : |   |
---------------------------------------------------------------------x

**STATEMENT OF JONES DAY, SPECIAL COUNSEL TO
THE DEBTORS, AND JOINDER TO THE RESERVATION OF
RIGHTS OF MILBANK, TWEED, HADLEY & McCLOY LLP WITH
RESPECT TO THE FEE COMMITTEE REPORT PERTAINING TO THE
THIRD INTERIM FEE APPLICATIONS OF ALL RETAINED PROFESSIONALS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Jones Day, special counsel to Lehman Brothers Holdings Inc. and its affiliated

debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby files this

statement and joinder (the "Joinder") to the reservation of rights (Docket No. 7595)

NYI-4261463v4

(the "<u>Milbank Reservation of Rights</u>") of Milbank, Tweed, Hadley & McCloy LLP, counsel to

the official committee of unsecured creditors appointed in these chapter 11 cases

(the "<u>Committee</u>"), with respect to the Fee Committee Report Pertaining to the Third Interim Fee

Applications of all Retained Professionals (Docket No. 7498) (the "<u>Final Third Interim Fee</u>

<u>Report</u>").  In support of this Joinder, Jones Day respectfully represents as follows:

**<u>Background</u>**

1.      On May 26, 2009, this Court appointed a fee committee (the "<u>Fee</u>

<u>Committee</u>"), and approved a protocol  (the "<u>Fee Protocol</u>") to govern the review and payment of

fees and reimbursement of expenses of the various professionals retained by the Debtors in these

chapter 11 cases (collectively, the "<u>Retained Professionals</u>").  The Fee Committee was

authorized to perform the duties described in the Fee Protocol.

2.      On February 9, 2010, the Fee Committee emailed (the "<u>Fee Committee</u>

<u>Email</u>") the Retained Professionals its initial report (the "<u>Initial Third Interim Fee Report</u>") with

respect to the third interim fee applications (collectively, the "<u>Third Interim Applications</u>") and

specific "individual summary sheets" for each firm (<u>i.e.</u>, the Fee Committee's objections to each

Retained Professional's fees and expenses sought under the Third Interim Applications).  The

Fee Committee Email granted the Retained Professionals until only February 22, 2010 (fewer

than two weeks from service of the Initial Third Interim Fee Report) to respond to the various

objections of the Fee Committee to the third interim fees and expenses.

3.      On February 22, 2010, Jones Day submitted a timely response (the "<u>Jones</u>

<u>Day Response</u>") to the Initial Third Interim Fee Report, which provided, among other things,

supplemental detail sufficient to support a reduction in the deduction of $412,568.86 initially

recommended by the Fee Committee (the "<u>Initial Recommended Jones Day Deduction</u>") from

Jones Day's third interim fees and expenses to $174,720.37 ("Jones Day's Proposed

Deduction").[1]

4.    On March 10, 2010, the Office of United States Trustee filed, on behalf of

the Fee Committee, the Final Third Interim Fee Report, which, among other things, purported to

clarify the Fee Committee's review process and outlined the Fee Committee's final recommended

deductions with respect to each Retained Professional's third interim fees and expenses

(collectively, the "Final Recommended Deductions").  In particular, the Final Third Interim Fee

Report proposed a Final Recommended Deduction of $293,127.97 from Jones Day's Third

Interim Application (the "Final Recommended Jones Day Deduction").[2]  Although such amount

is less than the Initial Recommended Jones Day Deduction, it is still significantly higher than the

$174,720.37 amount (Jones Day's Proposed Deduction).  Importantly, the Fee Committee

provided no explanation in the Final Third Interim Fee Report why certain explanations in the

Jones Day Response were not acceptable to the Fee Committee.

5.    On March 16, 2010, counsel to the Committee filed the Milbank

Reservation of Rights.

## Joinder

6.    As discussed above, Jones Day does not understand if the Fee Committee

took into consideration certain supplemental information and explanations provided in the Jones

---

[1]    Jones Day's Proposed Deduction includes $121,828.32 in fees Jones Day incurred in reviewing and editing
monthly statements, preparing monthly budgets required by the Fee Committee's guidelines and compiling
and editing interim fee applications in excess of 1% of the total fees billed in Jones Day's Third Interim
Application.  As it did in the Jones Day Response, Jones Day reserves its rights, at the hearing on its final
fee application or otherwise, to argue that the 1% cap imposed by the Fee Committee (generally, the "1%
Fee-Related Cap") is arbitrary and contrary to established Southern District of New York and Second
Circuit precedent, as described in greater detail in the Milbank Reservation of Rights and below.

[2]    The Final Recommended Jones Day Deduction includes various amounts (including the 1% Fee Related
Cap) that Jones Day contends should be reimbursable.  For example, $70,800.10 of the amount is for third
party copying costs Jones Day is out-of-pocket.  These "copying costs" are out of Jones Day's control and
included collating and binding costs.  Jones Day did not profit from these expenses, nor is it overhead.

Day Response to the Fee Committee's Initial Recommended Jones Day Deduction or if the Fee Committee rejected Jones Day's explanation.  The Fee Committee did not adequately explain the basis for its determination that certain fees are "administrative"[1] and should be disallowed, and even when Jones Day provided explanations for such fees and certain other expenses, they were not accepted by the Fee Committee for reasons that have not been explained.

7.    Along those lines, the Fee Committee's review process simply is opaque.  If the Fee Committee does not accept a Retained Professional's supplemental explanation for a particular time entry, Jones Day respectfully submits that the Fee Committee should at least indicate why those explanations were not found to be acceptable or persuasive if, for no other reason, to avoid a reoccurrence of the issue.

8.    Finally, the Fee Committee's imposition of arbitrary caps with respect to certain fees and expenses, most notably the 1% Fee-Related Cap, is unwarranted.  The 1% Fee-Related Cap is disconcerting considering that, among other things, (a) many, if not most, of the amounts over 1% of the total fees billed are incurred exclusively to comply with the rigorous requirements imposed by the Fee Committee and (b) the cap is contrary to applicable Southern District of New York and Second Circuit precedent.  In that regard, Jones Day believes that counsel to the Committee adequately addressed such concerns in the Milbank Reservation of Rights and, thus, Jones Day will not repeat them here.

---

[3]    Jones Day also disagrees with the Fee Committee's statements that $51,122.00 in Jones Day's third interim fees should be disallowed as "administrative."  As Jones Day explained in the Jones Day Response, these amounts were incurred in preparing collections of documents essential to the development of the Barclays matter.  For example, Jones Day paralegals completed the following essential tasks: prepared documents to be used as exhibits to pleadings and as deposition exhibits, prepared deposition materials for attorney preparation prior to depositions, and arranged for service of hard copy pleadings.  All of these tasks are an important and necessary part of the work rendered by Jones Day and are, therefore, properly compensable.

## Conclusion

WHEREFORE, Jones Day respectfully requests that the Court (a) enter an order

allowing the fees and expenses requested by Jones Day in its Third Interim Application as

administrative expenses of the Debtors' estates, with any deduction therefrom not to exceed the

amount of Jones Day's Proposed Deduction ($174,720.37), less $121,828.32[1] (a net deduction of

$52,892.05); and (b) grant to Jones Day such other and further relief as the Court may deem

proper.  Jones Day further reserves its rights to appear at the hearing on the Third Interim

Applications.

Dated: March 16, 2010
     New York, New York           Respectfully submitted,


    /s/ Ross S. Barr
David L. Carden
Ross S. Barr
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  (222) 326 3939
Facsimile:  (212) 755 7306

-and-

Simon D. Powell
JONES DAY
29th Floor, Edinburgh Tower
The Landmark
15 Queen's Road Central
Hong Kong
Telephone: (852) 2526 6895
Facsimile: (852) 2868 5871

SPECIAL COUNSEL TO THE DEBTORS IN
POSSESSION

---

[4]    Such amount represents the fees Jones Day incurred in reviewing and editing monthly statements, preparing monthly budgets required by the Fee Committee's guidelines and compiling and editing interim fee applications in excess of 1% of the total fees billed in Jones Day's Third Interim Application