# UNITED STATES BANKRUPTCY COURT

In re <u>Lehman Brothers holdings Inc.</u>     Case No. <u>08-13555 (JMP)</u>

(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| <u>OCM Opportunities Fund VII Delaware, L.P.</u><br>Name of Transferee | <u>Morgan Stanley & Co. International plc</u><br>Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): <u>58720</u><br>Amount of Claim: <u>$583,036.62 (40.10% of $1,453,956.66)</u><br>Date Claim Filed: <u>30 October 2009</u> |
| OCM Opportunities Fund VII Delaware, L.P.<br>c/o Oaktree Capital Management, L.P.<br>333 South Grand Ave, 28th Floor<br>Los Angeles, CA 90071<br>Attn: Penny Robbins<br>Tel: (213) 830-6238<br>Fax: (213) 830-6292<br>e-mail: <u>bankloans@oaktreecapital.com</u> | |
| | Phone: <u>(44) 207 677 7974</u><br>Last Four Digits of Acct. #: <u>N/A</u> |

Name and Address where transferee payments should be sent (if different from above):

<u>US$</u>
ABA #: 021000018
Bank of New York
For Account #: 0000278801
Acct Name: OCM Opportunities Fund VII Delaware, L.P.
Attention: Oksana Cher

<u>EUR</u>
Deutsche Bank, Frankfurt
BIC: DEUTDEFF

566570.1/9999-00999

IBAN: DE66500700100922129200
Credit A/C: 922-1292-00
Credit A/C Name: The Bank of New York, Brussels
FFC:
Account Number: 278801-9780
Account Name OCM Opportunities Fund VII Delaware, L.P.

Phone: (213) 830-6238
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**OCM OPPORTUNITIES FUND VII DELAWARE, L.P.**

By: Oaktree Fund GP, LLC
its: General Partner

By: Oaktree Fund GP I, L.P.
its: Managing Member

By: _____    Date: 2/24/10
    Transferee/Transferee's Agent

By: _____    Date: 2/24/10
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

566570.1/9999-00999

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **MORGAN STANLEY & CO. INTERNATIONAL PLC** ("Seller") has unconditionally and irrevocably sold, transferred and assigned to **OCM OPPORTUNITIES FUND VII DELAWARE, L.P.** (the "Purchaser"), and Purchaser has agreed to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **58720** filed by or on behalf of **MORGAN STANLEY & CO. INTERNATIONAL PLC** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim accurately and validly represents the Transferred Claims and has been validly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities" (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 17 day of ~~February~~ March 2010.

**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By: _____
Name:
Title:    BRIAN CRIPPS
          Authorised Signatory
25, Cabot Square
Canary Wharf
London E14 4QA
E-mail: lndistressed@morganstanley.com

**OCM OPPORTUNITIES FUND VII DELAWARE, L.P.**

By: Oaktree Fund GP, LLC
its: General Partner

By: Oaktree Fund GP I, L.P.
its: Managing Member

By: _____
Name:    Kenneth Liang
Title:    Authorized Signatory

By: _____
Name:
Title:    William Melanson
          Authorized Signatory

c/o Oaktree Capital Management, L.P.
333 south Grand Ave, 28th Floor
Los Angeles, CA 9007

Schedule 1

Transferred Claims

Purchased Claim

40.1% = $583,036.62 of XS0213899510 claim of US$1,453,956.66

(the outstanding amount of the Proof of Claim as of _17_ ~~February~~ *March* 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LBHI Program Securities Bonds | XS0213899510 | Lehman Brothers Holdings Inc. | None | EUR 401,000.00 | 4.00% | 9 March 2015 | EUR 8,349.59 |

Schedule 1-1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000058720 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Morgan Stanley & Co International plc<br>Attention: Brian Cripps<br>25 Cabot Square, Canary Wharf<br><br>London E14 4QA | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(If known)<br><br>Filed on: _____ |
|---|---|
| Telephone number: +44 207 677 7974  Email Address: lndistressed@morganstanley.com | |
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:   Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ See attached. _____ (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): See attached. _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:
See attached. _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: See attached.
(Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>28/10/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>[signatures] BRIAN CRIPPS / MASSIMO PIACCI<br>AUTHORIZED SIGNATURE / AUTHORIZED SIGNATURE | FILED / RECEIVED<br><br>OCT 30 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

Debtors.

Chapter 11 Case

No. 08-13555 (JMP)

(Jointly Administered)

### ADDENDUM TO PROOF OF CLAIM OF
### MORGAN STANLEY & CO INTERNATIONAL PLC

1.   Claimant. Morgan Stanley & Co International plc (the "Claimant"), 25 Cabot Square, Canary Wharf, London E14 4QA.

2.   The Debtor. On September 18, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). This Proof of Claim is being filed against Lehman Brothers Holdings Inc. Case No. 08-13555 (JMP) on account of Lehman Program Securities (as defined in that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 2003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form entered by the Bankruptcy Court on July 2, 2009) issued or guaranteed by Lehman Brothers Holdings Inc.

3.   Basis for Claim. Claimant is the registered owner of the Lehman Program Security represented by ISIN number XS0213899510 (the "Lehman Program Security"). Such program security is issued by Lehman Brothers Holdings Inc.

4.   Amount of Claim. The total principal amount of Claimant's claim based on its Lehman Program Security as of September 15, 2008 using exchange rates in effect as of such date equals $1,424,300. The total amount of prepetition interest due Claimant on account of its Lehman Program Security as of September 15, 2008 using exchange rates in effect as of such date equals

551400.1/892-03065

$29,657. The Claimant's total claim amount on account of its Lehman Program Security as of September 15, 2008 using exchange rates in effect as of such date equals $1,453,956.66. The Claimant reserves the right to claim all amounts due in respect of any legal fees or expenses, charges or post-petition interest to the extent allowed by law.

5.  Clearstream/Euroclear Information. The Euroclear Bank Electronic Reference Number for the Lehman Program Security is 6059375.

6.  Clearstream/Euroclear Account Number. The Euroclear Bank depository participant account number for which this claim relates is 98366.

7.  Claimant's Right to Setoff. Claimant has not exercised a right of setoff with respect to any amounts it may owe any of the Debtors and Claimant expressly reserves any and all such rights and the right to file any and all pleadings with respect thereto with the Court.

8.  Notices. All notices to Claimant concerning this Proof of Claim should be sent to:

> Morgan Stanley & Co International plc
> 25 Cabot Square, Canary Wharf, London E14 4QA
> Phone: + 44 207 677 7974
> Email: lndistressed@morganstanley.com

with a copy to:

> Richards Kibbe & Orbe LLP
> One World Financial Center
> New York, New York 10281
> Attention: Michael Friedman, Esq.

The request for notices to be sent to Richards Kibbe & Orbe LLP shall not be deemed authorization of Richards Kibbe & Orbe LLP to accept service of process on behalf of Claimant.

9.  Amendments/Reservation of Rights. Claimant shall have the right to amend or supplement this Proof of Claim and to file additional proofs of claim for additional claims which may be based on the same or additional documents. The execution and filing of this Proof of Claim is not: (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of

551400.1/892-03065

the Claim or any objection or other proceeding commenced in the above-captioned cases (or any jointly administered case) against or otherwise involving Claimant; (iii) a waiver of the right to move to withdraw the reference or otherwise to challenge the jurisdiction of this Court with respect to the subject matter of this Proof of Claim, any objections or other proceedings commenced with respect thereto or any other proceeding commenced in this case (or any jointly administered case) against or otherwise involving Claimant; (iv) an election of remedy; (v) a waiver of any rights or claims Claimant may have against the Debtors or any person or entity with respect to any pending or future litigation or to any matters related to such litigation; (vi) a waiver of any past, present or future defaults or events of default; (vii) a waiver of Claimant's right to seek payment as an administrative expense relating to any Lehman Program Security which is the subject of this proof of claim; or (viii) a waiver of Claimant's right to seek post-petition interest relating to any Lehman Program Security which is the subject of this proof of claim.

551400.1/892-03065

