UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                          : Chapter 11
                                                                : Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al.,                          : Jointly Administered
                                                                :
                                                     Debtors.   :
-----------------------------------------------------------------x
In re:                                                          : SIPA Proceeding
                                                                : Case No. 08-01420 (JMP)
LEHMAN BROTHERS INC.,                                           :
                                                                :
                                                      Debtor.   :
-----------------------------------------------------------------x

## DECLARATION OF SAUL E. BURIAN

I, SAUL E. BURIAN, hereby declare the following under penalty of perjury:

1. I am a Managing Director at Houlihan, Lokey, Howard & Zukin Capital, Inc. ("Houlihan"). The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession (the "Chapter 11 Cases") retained Houlihan to act as the Committee's financial advisor and investment banker.

2. I am a member of the engagement team responsible for representing the Committee in the Chapter 11 Cases. During the early stages of the Chapter 11 Cases, I had primary responsibility for reviewing the sale of certain assets (the "Sale Transaction") to Barclays Capital Inc. ("Barclays," and the sellers, the "Lehman Sellers") on the Committee's behalf.

3. On Friday, September 19, 2008, prior to the hearing to approve the Sale Transaction (the "Sale Hearing"), I participated in one or two phone conversations with representatives of the Lehman Sellers, specifically, James P. Seery and/or Mark Shapiro,

regarding the Sale Transaction. During this conversation or at any point thereafter, I was never told that the value ascribed to the assets being transferred to Barclays was a liquidation value, not a book or mark-to-market value.

4. I was physically present at the offices of Weil, Gotshal & Manges LLP ("Weil Gotshal") on the evening of Saturday, September 20, 2008, and after a few hours break, on Sunday September 21, 2008, and into the early morning hours of Monday, September 22, 2008 (until approximately 3:00 a.m.) as the parties proceeded to close the Sale Transaction.

5. On Sunday, September 21, 2008 and early in the morning of Monday, September 22, 2008, I, along with my colleague, Michael Fazio, met with a representative of Barclays, Michael Klein (the "Klein Meeting"), as well as Harvey Miller and Thomas Roberts of Weil Gotshal.

6. During (or immediately after) the Klein Meeting, I made clear that the Committee (a) was relying on the Lehman Sellers' and Barclays' representations concerning market value deterioration and the other particulars of the Sale Transaction that were described by Mr. Klein – which we had no ability to diligence or confirm and (b) would require a reconciliation verifying and confirming Barclays' and the Lehman Sellers' representations.

7. Following the Klein Meeting, Mr. Miller advised me that there was nothing for the Committee to do in connection with the closing. He reiterated his prior statement to me that the Committee's consent was not required to the Clarification Letter or any other modification to the Sale Transaction from what was represented to the Court, and that the Committee's presence at the closing was not necessary.

8.    At no time during the weekend closing, did I advise Mr. Miller that the Committee consented to changes to the Sale Transaction from what was told to the Court at the Sale Hearing.

9.    After due inquiry, and to the best of my knowledge, at no time during the sale process, did any representative of Barclays or the Lehman Sellers advise Houlihan that either party was valuing the assets being transferred to Barclays on a liquidation basis. Up until recently, it was Houlihan's understanding that the assets would be valued using only book value or mark-to-market value.

10.    I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Executed on March 18, 2010 in New York, New York.

_____
SAUL E. BURIAN