| From: | lori.fife@weil.com |
|-------|--------------------|
| **Sent:** | Monday, September 29, 2008 5:07 PM |
| **To:** | skleinman@cgsh.com; john.lucas@weil.com |
| **Cc:** | dmclaughlin@cgsh.com; efarkas@cgsh.com; gbongartz@cgsh.com; jmoss@cgsh.com; kcunningham@cgsh.com; lbarefoot@cgsh.com; lgranfield@cgsh.com; lschweitzer@cgsh.com; harvey.miller@weil.com; rod.miller@weil.com; Shai.Waisman@weil.com |
| **Subject:** | Re: schedules |
| **Attach:** | 1955017 3(Lehman  Joint Motion to File Schedules Under Seal).DOC;1955100 1 (Lehman_ Letter to Judge Peck re_ Schedules.).DOC;1955187_1(Lehman_ Covers to Schedules A and B).DOC |

Seth - one of my partners would like to make the following changes to the footnote which I don't think will be a problem.  Thanks.


The listing of any security on the Schedules does not indicate that such security has been delivered to Barclays or the value of any such security.  In particular, the [part ] amounts set forth on the Schedules as "par value" are provided for use of the parties for informational purposes only and are not indicative of the value of the securities.  Moreover, Schedule B lists securities believed to be held in LBI's "clearance boxes" as of the time of the Closing (as defined in the Clarifying Letter) and is without prejudice to the right of Barclays to receive other securities held in such clearance boxes at such time but not listed on Schedule B or its obligation to return securities erroneously listed on Schedule B and not in the clearance boxes at the time of the Closing, in each case pursuant to the terms of the Clarifying Letter.


Please send the documents that need to be served to John Lucas at 212 310 - 8415.  Thank you.


Lori R. Fife, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel.  212 310- 8318
Fax  212 310- 8007



"Seth Kleinman" <skleinman@cgsh.com>

09/29/2008 12:45 PM

To
lori.fife@weil.com
cc
"Duane MCLAUGHLIN" <dmclaughlin@cgsh.com>, "Esther Farkas" <efarkas@cgsh.com>,
harvey.miller@weil.com, "Kevin Cunningham" <kcunningham@cgsh.com>, "Lindsee

CONFIDENTIAL

GRANFIELD" <lgranfield@cgsh.com>, rod.miller@weil.com, Shai.Waisman@weil.com,
"Lisa M SCHWEITZER" <lschweitzer@cgsh.com>, "Joel Moss" <jmoss@cgsh.com>,
"Georg A Bongartz" <gbongartz@cgsh.com>, "Luke A Barefoot" <lbarefoot@cgsh.com>
Subject
Re: schedules

SUBJECT TO COMMON INTEREST PRIVILEGE

Lori,

Attached please find a draft of the Motion to File under Seal Schedules A and
B. Please let us know if you have any comments to the Motion. We'd like to
get this filed as soon as possible, so to the extent you do not have any
comments please let us know if we can file it with your conformed signature.
Can you have Epiq take care of service?

Also attached is a cover letter to Judge Peck which we'll send with a copy of
the Schedules. Please let us know to the extent you have any comments.

The last items attached are the cover letters to Schedules A and B. These
covers need to be attached any time the Schedules are sent out (after a party
has signed the confidentiality agreement). To the extent that anyone at Weil
sends out the Schedules, please make sure to include these covers.

Thanks,
Seth
_____

Seth J. Kleinman
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
t: +1 212 225 2875 | f: +1 212 225 3999
www.clearygottlieb.com | sklcinman@cgsh.com

Lisa M SCHWEITZER/NY/Cgsh

28 September 2008  08:48 PM

To
lori.fife@weil.com

CONFIDENTIAL                                                     CGSH00032005

cc
dmclaughlin <dmclaughlin@cgsh.com>, efarkas <efarkas@cgsh.com>,
harvey.miller@weil.com, kcunningham <kcunningham@cgsh.com>, lgranfield
<lgranfield@cgsh.com>, rod.miller@weil.com, Shai.Waisman@weil.com, Seth
Kleinman/NY/Cgsh@cgsh
Subject
Re: schedulesLink


fine.

---

Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
t: +1 212 225 2629 | f: +1 212 225 3999
www.clearygottlieb.com | lschweitzer@cgsh.com


lori.fife@weil.com

28 September 2008  08:45 PM

To
"Lisa M SCHWEITZER" <lschweitzer@cgsh.com>
cc
dmclaughlin <dmclaughlin@cgsh.com>, efarkas <efarkas@cgsh.com>,
harvey.miller@weil.com, kcunningham <kcunningham@cgsh.com>, lgranfield
<lgranfield@cgsh.com>, rod.miller@weil.com, Shai.Waisman@weil.com
Subject
Re: schedules


Lisa - since barclays is concerned about the confidentiality of the information
it makes more sense for you to file the motion. Do you think you could take
care of this?

Lori R. Fife, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue

CONFIDENTIAL

New York, NY 10153
Tel.  212 310- 8318
Fax  212 310- 8007

 From: "Lisa M SCHWEITZER" [lschweitzer@cgsh.com]
Sent: 09/28/2008 08:31 PM AST
To: Lori Fife
Cc: dmclaughlin@cgsh.com; cfarkas@cgsh.com; Harvey Miller;
kcunningham@cgsh.com; lgranfield@cgsh.com; Rod Miller, Shai Waisman
Subject: Re: schedules


Lori - can you confirm you're doing this motion?  also, separately, creditor
committee said they gave you comments on the DIP agreement that haven't passed
on to us.  Can you confirm with us where you're at with that - is Barclays
getting paid off before Thursday b/c if not, we need any objections/comments,
budget and other deliverables under DIP asap, and need to file form of final
order before the hearing.  Thanks.

---

Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
t: +1 212 225 2629 | f: +1 212 225 3999
www.clearygottlieb.com | lschweitzer@cgsh.com


lori.fife@weil.com

28 September 2008  02:39 PM

To
cfarkas@cgsh.com
cc
dmclaughlin@cgsh.com, kcunningham@cgsh.com, lgranfield@cgsh.com,
lschweitzer@cgsh.com, "Harvey R. Miller" <harvey.miller@weil.com>,
Shai.Waisman@weil.com, rod.miller@weil.com
Subject
Re: schedules




I have been informed that you will be filing Schedule A and B under a motion to
seal tomorrow.  Is that correct?

CONFIDENTIAL                                                                      CGSH00032007

Lori R. Fife, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel.  212 310- 8318
Fax  212 310- 8007
"Esther Farkas" <efarkas@cgsh.com>


09/26/2008 02:10 PM


To
lori.fife@weil.com
cc
"Duane MCLAUGHLIN" <dmclaughlin@cgsh.com>, "Harvey R. Miller"
<harvey.miller@weil.com>, "Kevin Cunningham" <kcunningham@cgsh.com>, "Lindsee
GRANFIELD" <lgranfield@cgsh.com>, "Lisa M SCHWEITZER" <lschweitzer@cgsh.com>,
Shai.Waisman@weil.com
Subject
Re: creditor confidentiality agreement




Lori, Shai-

Apologies, revised confi is attached.
Best,
-Esther


_____

Esther Farkas
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
t: +1 212 225 2513 | f: +1 212 225 3999
www.clearygottlieb.com | efarkas@cgsh.com
lori.fife@weil.com

CONFIDENTIAL

26 September 2008  01:30 PM

To
"Lisa M SCHWEITZER" <lschweitzer@cgsh.com>, "Esther Farkas" <efarkas@cgsh.com>
cc
"Duane MCLAUGHLIN" <dmclaughlin@cgsh.com>, "Kevin Cunningham"
<kcunningham@cgsh.com>, "Lindsee GRANFIELD" <lgranfield@cgsh.com>,
Shai.Waisman@weil.com, "Harvey R. Miller" <harvey.miller@weil.com>
Subject
Re: creditor confidentiality agreement

Please do but we still feel strongly that we need to file the schedules. The
judge was very clear that he wants information to be available to all parties.
Please reconsider your position.
Lori R. Fife, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel. 212 310- 8318
Fax 212 310- 8007


  From: "Lisa M SCHWEITZER" [lschweitzer@cgsh.com]
Sent: 09/26/2008 01:23 PM AST
To: "Esther Farkas" <efarkas@cgsh.com>
Cc: "Duane MCLAUGHLIN" <dmclaughlin@cgsh.com>; "Kevin Cunningham"
<kcunningham@cgsh.com>; "Lindsee GRANFIELD" <lgranfield@cgsh.com>; Lori Fife;
Shai Waisman
Subject: Re: creditor confidentiality agreement


Lori and Shai - this is the wrong version.  We will send you a revised version
shortly.
_____
Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
t: +1 212 225 2629 | f: +1 212 225 3999

CONFIDENTIAL

www.clearygottlieb.com | lschweitzer@cgsh.com
Esther Farkas/NY/Cgsh


26 September 2008  01:15 PM

To
lori.fife@weil.com, shai.waisman@weil.com
cc
Lindsee GRANFIELD/NY/Cgsh@cgsh, Lisa M SCHWEITZER/NY/Cgsh@Cgsh, Duane
MCLAUGHLIN/NY/Cgsh@Cgsh, Kevin Cunningham/NY/Cgsh@cgsh
Subject
creditor confidentiality agreement


Lori, Shai-

Attached is a confidentiality agreement for Lehman creditor's to sign prior to
receiving confidential Barclay's info.
Let us know if you have any questions.
Best,
-Esther


_____

Esther Farkas
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
t: +1 212 225 2513 | f: +1 212 225 3999
www.clearygottlieb.com | efarkas@cgsh.com

This message is being sent from a law firm and may contain
confidential or privileged information.  If you are not
the intended recipient, please advise the sender
immediately by reply e-mail and delete this message and
any attachments without retaining a copy.

This message is being sent from a law firm and may contain
confidential or privileged information.  If you are not
the intended recipient, please advise the sender

CONFIDENTIAL

immediately by reply e-mail and delete this message and
any attachments without retaining a copy.[attachment "1954326_4(Confidentiality
Agreement).DOC" deleted by Lisa M SCHWEITZER/NY/Cgsh]


This message is being sent from a law firm and may contain
confidential or privileged information.  If you are not
the intended recipient, please advise the sender
immediately by reply e-mail and delete this message and
any attachments without retaining a copy.

This message is being sent from a law firm and may contain
confidential or privileged information.  If you are not
the intended recipient, please advise the sender
immediately by reply e-mail and delete this message and
any attachments without retaining a copy.


- 1955017_3(Lehman_ Joint Motion to File Schedules Under Seal).DOC - 1955100_1(Lehman_ Letter to Judge
Peck re_ Schedules.).DOC - 1955187_1(Lehman_ Covers to Schedules A and B).DOC

CONFIDENTIAL

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Richard P. Krasnow
Lori R. Fife
Shai Y. Waisman
Jacqueline Marcus
Attorneys for Debtors and Debtors in Possession

-and-

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 310-3999
Lindsee P. Granfield
Lisa M. Schweitzer
Attorneys for Barclays Capital Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**JOINT MOTION OF THE DEBTORS AND BARCLAYS CAPITAL INC.**
**FOR ENTRY OF AN ORDER AUTHORIZING TO FILE UNDER SEAL**
**CERTAIN SCHEDULES TO THE ASSET PURCHASE AGREEMENT**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (together, the "Debtors") and Barclays Capital Inc. ("Barclays", and together with the Debtors,

1

[New York #1955017 v3]

CONFIDENTIAL                                                                                    CGSH00032012

the "Movants") hereby move the Court (the "Motion") for entry of an order (the "Order"), in substantially the form attached hereto as Exhibit A, authorizing Movants to file under seal Schedules A and B (the "Schedules") to the Clarifying Letter to the Asset Purchase Agreement (each as defined below). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      Commencing on September 15, 2008 and periodically thereafter (the "Petition Date"), the Debtors commenced the Chapter 11 Cases. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner been appointed in these Chapter 11 Cases.

4.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPA Trustee") is administering LBI's estate.

2

[New York #1955017 v3]

CONFIDENTIAL

## THE PURCHASE AGREEMENT

6.      On September 16, the Debtors, LBI, and Barclays entered into an Asset Purchase Agreement (as amended and clarified from time to time, the "Purchase Agreement"). On September 20, 2008, the Court entered an order (the "Sale Order") approving the Purchase Agreement and various transactions contemplated therein [Docket No. 258].[1] The Bankruptcy Court entered a concurrent order approving the Purchase Agreement in LBI's proceeding under SIPA, thereby authorizing the SIPA Trustee to consummate the sale transaction on behalf of LBI.[2]

7.      On September 22, 2008, the Debtors filed the Notice of Filing Of Purchase Agreement Approved By Order Authorizing And Approving (A) The Sale of Purchased Assets Free And Clear Of Liens And Other Interests And (B) Assumption and Assignment Of Executory Contracts and Unexpired Leases (the "Notice") [Docket No. 380]. The Notice attached as Exhibit C the clarifying letter agreement, dated as of September 20, 2008 (the "Clarifying Letter"), by and between LBHI, LBI, LB 745 LLC, and Barclays (together, the "Parties"). The Clarifying Letter clarifies the intention of the Parties with respect to certain provisions of the Purchase Agreement, supplements in certain respects the agreements of the Parties under the Purchase Agreement, amends the Purchase Agreement in certain respects, and is binding on the Parties. As more fully described in the Clarifying Letter, the Schedules contain lists of securities and trading positions transferred under the Purchase Agreement. Schedule A is

---

[1]      Capitalized terms that are used but not defined in this Motion have the meanings ascribed to them in the Sale Order or the Purchase Agreement, as the case may be.

[2]      In the SIPA proceeding, on September 20, 2008, the Bankruptcy Court entered its Order Approving, And Incorporating By Reference For The Purposes Of This Proceeding, An Order Authorizing The Sale Of Purchased Assets And Other Relief In The Lehman Brothers, Holdings Inc. Chapter 11 Proceedings (the "SIPA Sale Order") [Docket No. 3]. References to the "Sale Order" herein include the SIPA Sale Order.

3

[New York #1955017 v3]

CONFIDENTIAL                                                                      CGSH00032014

referred to in Section 1(a)(ii)(A) of the Clarifying Letter and Schedule B referred to in Section 1(a)(ii)(B) of the Clarifying Letter.[3]

## RELIEF REQUESTED

8.     The Schedules contain highly sensitive information regarding LBI's (now Barclays') proprietary trading positions.   Public dissemination of this information could affect the value of the underlying securities as well as the ability of Barclays to trade its positions in the securities.   By this Motion, the Movants respectfully request entry of the Order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Movants to file the Schedules under seal.   The Movants are willing to provide the Schedules to creditors who sign a confidentiality agreement which, inter alia, restricts use of the Schedules to such creditor's role as a creditor in the Chapter 11 Cases.[4]

## BASIS FOR RELIEF

9.     Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Movants to file the Schedules under seal.   Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
>
> (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)     protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

---

[3]     The listing of any security on the Schedules does not indicate that such security has been delivered to Barclays or the value of any such security.  In particular, the part amounts set forth on the Schedules are provided for informational purposes only and are not indicative of the value of the securities.  Moreover, Schedule B lists securities believed to be held in LBI's "clearance boxes" as of the time of the Closing (as defined in the Clarifying Letter) and is without prejudice to the right of Barclays to receive other securities held in such clearance boxes but not listed on Schedule B to return securities, in each case pursuant to the terms of the Clarifying Letter.

[4]     The Movants will share the Schedules with the U.S. Trustee without similar confidentiality restrictions.

4

[New York #1955017 v3]

CONFIDENTIAL

CGSH00032015

10.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

Fed. R. Bankr. P. 9018.

11.     Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Court, "the court is required to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion").  Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").  Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  Orion, 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential commercial" in nature).

12.     The Movants respectfully request that this Court permit the Schedules to be filed under seal pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules because of the harm that would ensue if the highly confidential trading positions contained

[New York #1955017 v3]

CONFIDENTIAL

CGSH00032016

in the Schedules became public information.  Moreover, the Movants submit that creditors will

not be prejudiced by this Motion because they will have access to the Schedules upon entering

into a confidentiality agreement.

### NOTICE

13.    The Movants have provided notice of this Motion to: (a) the U.S. Trustee; (b) the

attorneys for the Creditors' Committee; (c) the attorneys for the Debtors' postpetition lenders;

(d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United

States Attorney for the Southern District of New York; (g) the attorneys for James Giddens as

SIPA Trustee for LBI; (j) and all parties who have requested notice in the Chapter 11 Cases.

### NO PRIOR REQUEST

14.    No prior motion for the relief requested herein has been made to this Court or any

other court.

### WAIVER OF MEMORANDUM OF LAW

15.    In accordance with Local Bankruptcy Rule 9013-1(b) for the Southern District of

New York, no separate memorandum of law is necessary as all authorities relied on in support of

this Motion are set forth herein.


[*The remainder of this page has been intentionally left blank*]


6

[New York #1955017 v3]

CONFIDENTIAL

CGSH00032017

WHEREFORE, the Movants respectfully request that the Court enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Movants to file under seal the Schedules; and (b) granting such other and further relief as the Court deems appropriate.

Dated: September 29, 2008                 Respectfully submitted
New York, New York

**WEIL, GOTSHAL & MANGES LLP**

By: _____
    Harvey R. Miller
    Richard P. Krasnow
    Lori R. Fife
    Shai Y. Waisman
    Jacqueline Marcus
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (312) 310-8007

*Counsel to the Debtors and Debtors in Possession*

-and-

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**

By: _____
    Lindsee P. Granfield
    Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to Barclays Capital Inc.*

7

CONFIDENTIAL                                       CGSH00032018

**<u>Exhibit A</u>**

**Proposed Order**

[New York #1955017 v3]

CONFIDENTIAL

CGSH00032019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| )<br>) | |
| In re:  ) | Chapter 11 |
| ) | |
| Lehman Brothers Holdings Inc., et al.  ) | Case No. 08-13555 (JMP) |
| ) | (Jointly Administered) |
| Debtors.  ) | |
| ) | |

### ORDER AUTHORIZING THE DEBTORS AND BARCLAYS CAPITAL INC. TO FILE UNDER SEAL CERTAIN SECHEDULES TO THE PURCHASE AGREEMENT

Upon consideration of the motion (the "Motion")[1] of the Movants for entry of an order authorizing the Movants to file under seal the Schedules; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

1.      ORDERED that the Motion is GRANTED; and it is further

2.      ORDERED that Movants are authorized to file the Schedules under seal; and it is further

3.      ORDERED that the Movants are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

4.      ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

5.      ORDERED that the requirement set forth in Rule 9013-(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for

---

[1]      Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

[New York #1955017 v3]

CONFIDENTIAL

relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of

the Motion or otherwise waived; and it is further

6.      ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order

Dated: _____, 2008
New York, New York

                                            _____
                                            The Honorable James M. Peck
                                            United States Bankruptcy Judge

[New York #1955017 v3]

CONFIDENTIAL                                                              CGSH00032021

CONFIDENTIAL

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · BEIJING

Writer's Direct Dial: (212) 225-2738
E-Mail: lgranfield@cgsh.com

MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
JAMES A. DUNCAN
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
PANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR

CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. GOODMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND

DAVID I. GOTTLIEB
LEONARD C. JACOBY
SANDRA L. FLOW
DANA G. FLEISCHMAN
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
KRISTOFER R. HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH HASSEL
DAVID S. HISHIR
PENELOPE L. CHRISTOPHOROU
RAY E. MCMAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
NANCY I. RUSKIN
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
RESIDENT COUNSEL

September 29, 2008

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:  In re Lehman Brothers Holdings Inc., et al., Bankruptcy Case No. 08-13555-
(JMP) (Jointly Administered)

Dear Judge Peck:

Concurrent with this letter, the debtors in the above-referenced matter and Barclays Capital Inc. (together, the "Movants") have filed the Joint Motion For Entry of An Order Authorizing to File Under Seal Certain Schedules To the Asset Purchase Agreement (the "Joint Motion").

The Joint Motion respectfully requests that the Court permit the Movants to file under seal two Schedules (Schedules A and B) to the clarifying letter agreement, dated as of September 20, 2008, among Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc. entered into in connection with the Asset Purchase Agreement, dated as of September 16, 2008.  As more fully set forth in the Joint Motion, the Movants believe such information is confidential commercial information that should not be made publicly available.

[New York #1955100 v1]

The Honorable James M Peck, p. 2

       Attached hereto are the confidential Schedules A and B.  Pursuant to the Joint Motion, the Schedules will be made available to creditors who sign a confidentiality agreement that restricts use of the information contained on the Schedules to creditor-related matters.

                        Respectfully submitted,

                        Lindsee P. Granfield

cc:  Lori R. Fife, Esq. (via e-mail)
     James W. Giddens (via e-mail)

[New York #1955100 v1]

CONFIDENTIAL

[New York #1955100 v1]

CONFIDENTIAL                                                                                          CGSH00032024

## Schedule A

This schedule is Schedule A referred to in Section 1(a)(ii)(A) of the clarifying letter agreement, dated as of September 20, 2008, among Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers Inc. ("LBI" and, together with LBHl, "Seller"), LB 745 LLC ("LB"), and Barclays Capital Inc. ("Purchaser") entered into in connection with the Asset Purchase Agreement, dated as of September 16, 2008, by and among LBHI, LBI, LB and Purchaser, as amended.

Any recipient of this Schedule A is required to enter into and is bound by the terms of a confidentiality agreement or other obligation acceptable to Seller and Purchaser. The listing of any security on this Schedule A does not indicate that such security has been delivered to Purchaser or the value of any such security. In particular, the par amounts set forth on Schedule A are provided for informational purposes only and are not indicative of the value of the securities.

1

[New York #1955187 v1]

CONFIDENTIAL

## Schedule B

This schedule is Schedule B referred to in Section 1(a)(ii)(B) of the clarifying letter agreement (the "Clarifying Letter"), dated as of September 20, 2008, among Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers Inc. ("LBI" and, together with LBHI, "Seller"), LB 745 LLC ("LB"), and Barclays Capital Inc. ("Purchaser") entered into in connection with the Asset Purchase Agreement, dated as of September 16, 2008, by and among LBHI, LBI, LB and Purchaser, as amended.

Any recipient of this Schedule B is required to enter into and is bound by the terms of a confidentiality agreement or other obligation acceptable to Seller and Purchaser. The listing of any security on this Schedule B does not indicate that such security has been delivered to Purchaser or the value of any such security. In particular, the par amounts set forth on Schedule B are provided for informational purposes only are not indicative of the value of the securities.

Schedule B lists securities believed to be held in LBI's "clearance boxes" as of the time of the Closing (as defined in the Clarifying Letter) and is without prejudice to the right of the Purchaser to receive other securities held in such clearance boxes but not listed on Schedule B or to return securities, in each case pursuant to the terms of the Clarifying Letter.

[New York #1955187 v1]

CONFIDENTIAL

CGSH00032026