LEHMAN BROTHERS HOLDINGS, INC.
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020



EXHIBIT
497
12/22/09 A

## FACSIMILE TRANSMITTAL SHEET

| TO: Jonathan Hughes, Rich Ricci | FROM: Bryan Marsal |
|---|---|
| COMPANY: Barclays Capital | DATE: 2/19/2009 |
| FAX NUMBER: (212) 412-7519 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| CC: Cleary Gottlieb Steen & Hamilton LLP: Viktor I. Lewkow, David Leinwand, Duane McLaughlin | Sullivan and Cromwell Mitchell S. Eitel, Jay Clayton |
| RE: Bonus Accrual and Cure Amounts | YOUR REFERENCE NUMBER: NA |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached letter from Bryan for your review and response.

# LEHMAN BROTHERS HOLDINGS INC.

BRYAN MARSAL
CHIEF EXECUTIVE OFFICER

February 19, 2009

Rich Ricci
Jonathan Hughes
Barclays Capital Inc.
200 Park Avenue
New York, NY 10166

Dear Rich and Jonathan:

      I am writing with respect two matters relating to the sale of Lehman Brothers's U.S. and Canadian investment banking and capital markets business to Barclays Capital as to which we need additional information as soon as possible. I'll outline them briefly below.

## I. Bonus Accrual

      The contract provides, in essence, that Barclays Capital would be responsible for the payment of the accrued bonus amount as of August 31, 2008 for the U.S./Canadian investment banking/capital markets business, and the agreement referenced a balance sheet provided to Barclays Capital indicating that this amount was $2.0 billion. We have now had a chance to conduct a preliminary review of the accrual for bonuses as of August 31, 2008, and it appears that the consolidated global accrual on the books of LBHI as of that date was only $1.3 billion. Although we are continuing our review, it appears that only approximately 55% of the global accrual relates to employees transferred to Barclays Capital. Accordingly, it appears that the liability assumed by Barclays Capital may be closer to $0.7 billion than the $2.0 billion provided for in the transaction.

      Given the scale of the discrepancy between what was referenced in the agreement and the actual accrual on the consolidated books of Holdings for the personnel assumed, reconciliation of this discrepancy is critical prior to the payment by Barclays Capital of any bonuses in excess of $0.7 billion. While Barclays Capital should be essentially indifferent from a financial point of view as to whether it pays this amount as bonus or a reduction in the purchase price for the business, this discrepancy is significant for the LBHI estate.

## II. Cure Amounts

      The September 16th balance sheet initialed by the parties indicated that $2.25 billion was accrued for potential cure costs in relation to contracts to be assumed and assigned post closing. While uncertainties about this number plainly existed prior to closing, to date we understand that approximately only $0.2 billion has been spent on such cures and that the latest estimate of the amount to be ultimately paid is dramatically less than was expected.

Again, given the size of the discrepancy between the September 16th number and the actual projected cure liability, it's important to us that we reconcile and understand the differential.

The above two items are clearly material to the debtor estates and we welcome your assistance in ensuring that our understanding of the books and records of the various referenced estates, and of the sales contract, is correct. You may also have supporting documentation or analyses that explain these discrepancies. If that is not possible, however, we reserve our rights to seek judicial relief based on the material differences between the projected and actual liabilities for these categories of expenses.

We are available to meet at your earliest convenience and would hope that you are available to discuss both of these issues within the next several days.

Best regards,

Bryan Marsal

cc:   Viktor I. Lewkow (Cleary Gottlieb Steen & Hamilton LLP)
      David Leinwand (Cleary Gottlieb Steen & Hamilton LLP)
      Duane McLaughlin (Cleary Gottlieb Steen & Hamilton LLP)
      Mitchell S. Eitel (Sullivan & Cromwell LLP)
      Jay Clayton (Sullivan & Cromwell LLP)