Masaaki Sawano
CITY-YUWA PARTNERS
Marunouchi Mitsui Building
2-2-2 Marunouchi
Chiyoda-ku, Tokyo 100-0005
Japan
Telephone: +81 (3) 6212 5506

Special Japanese Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |

## SUMMARY SHEET

| | |
|---|---|
| **Name and Role of Applicant:** | City-Yuwa Partners<br>Special Japanese Counsel to the Trustee |
| **Compensation Period:** | August 1, 2013 through October 31, 2013 |
| **Fees Incurred for Counsel:** | $29,655.17 |
| **Expenses Requested for Counsel:** | $126.84 |
| **Blended Hourly Rate for Fees Incurred during Compensation Period:** | $371.15 |
| **Prior Fees and Expenses Approved for Counsel on Interim Basis:** | $127,904.88 |

## Hours, Rates,[1] and Fees for Services Rendered
## from August 1, 2013 through October 31, 2013

**Partner**

| Name | Hours | Rate | Fees |
|------|-------|------|------|
| Kiyoshi Asada | 40 | $329.84 | $13,193.40 |
| Masaaki Sawano | 25.4 | $499.75 | $12,693.65 |
| **Total Partner** | **65.4** | | **$25,887.25** |

**Associate**

| Name | Hours | Rate | Fees |
|------|-------|------|------|
| Rei Funabashi | 14.5 | $259.87 | $3,768.12 |
| **Total Associate** | **14.5** | | **$3,768.12** |

| | | | |
|------|-------|------|------|
| **GRAND TOTAL** | **79.9** | | **$29,655.17** |

---

[1]. The Exchange Rate used was 0.009995 US Dollar to every 1 Japanese Yen as of November 18, 2013.

Masaaki Sawano
CITY-YUWA PARTNERS
Marunouchi Mitsui Building
2-2-2 Marunouchi
Chiyoda-ku, Tokyo 100-0005
Japan
Telephone: +81 (3) 6212 5506

Special Japanese Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

**SIXTH APPLICATION OF CITY-YUWA PARTNERS FOR ALLOWANCE**
**OF INTERIM COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM AUGUST 1, 2013 THROUGH OCTOBER 31, 2013**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

City-Yuwa Partners ("City-Yuwa"), as special Japanese counsel to James W.

Giddens (the "Trustee") as trustee for the liquidation of Lehman Brothers Inc. ("Debtor" or

"LBI"), for its sixth application (the "Application") for an order pursuant to section 78eee(b)(5)

of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78eee(b)(5),[1] sections 330 and

331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), allowing and awarding interim compensation for services performed by

City-Yuwa for the period commencing August 1, 2013 through and including October 31, 2013

---

1.    References hereinafter to provisions of SIPA shall omit "15 U.S.C."

(the "Compensation Period") and reimbursement of the actual and necessary costs and expenses

incurred by City-Yuwa in connection with the rendition of such services incurred during the

Compensation Period, respectfully represents:

## BACKGROUND

1.      On September 19, 2008 (the "Filing Date"), the Honorable Gerard E.

Lynch, Judge of the United States District Court for the Southern District of New York, entered

the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of

SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*,

Case No. 08-CIV-8119 (GEL).

2.      The LBI Liquidation Order appointed the Trustee for the liquidation of the

business of the Debtor pursuant to section 78eee(b)(3) of SIPA and removed this case to this

Court pursuant to section 78eee(b)(4) of SIPA.

3.      On June 20, 2013, the Court entered the Fifth Amended Order (ECF No.

6569) Establishing Procedures Governing Interim Monthly Compensation of Trustee and HHR

(the "Fifth Amended Administrative Fee Order"). The Fifth Amended Administrative Fee Order

provided that special counsel to the Trustee shall not serve monthly statements, but file interim

or final applications (as the case may be) for Court approval for allowance and payment of the

compensation and reimbursement of expenses and that the Trustee shall promptly pay one

hundred percent (100%) of all fees and expenses approved by the Court in connection with such

applications.

4.      City-Yuwa previously performed legal services on behalf of the Trustee as

an ordinary course counsel in this proceeding in accordance with the Order Authorizing

Employment of Counsel Utilized in the Ordinary Course (the "OCC Order," ECF No. 952).

Pursuant to the procedures set forth in the OCC Order, the Declaration of Masaaki Sawano on

Behalf of City of Yuwa Partners Pursuant to Order Authorizing Employment of Counsel Utilized in the Ordinary Course was filed with the Court on August 13, 2009 (ECF No. 1443). In accordance therewith, City-Yuwa applied for compensation under the provisions of the OCC Order.

5.      On May 13, 2010, the Court entered the Order Authorizing the Trustee to Retain and Employ City-Yuwa Partners as Special Japanese Counsel, Nunc Pro Tunc to August 10, 2009 (ECF No. 3264) finding that City-Yuwa is disinterested pursuant to section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

6.      On June 23, 2010, the Court entered an order (ECF No. 3411) approving City-Yuwa's First Application for Allowance of Interim Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from August 10, 2009 through April 30, 2010 and awarding City-Yuwa $11,615.04 for professional services rendered and $66.05 as reimbursement for actual and necessary expenses City-Yuwa incurred during that period.

7.      On October 26, 2010, the Court entered an order (ECF No. 3844) approving City-Yuwa's Second Application for Allowance of Interim Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from May 1, 2010 through August 31, 2010 and awarding City-Yuwa $20,986.30 for professional services rendered and $99.51 as reimbursement for actual and necessary expenses City-Yuwa incurred during that period.

8.      On March 31, 2011, the Court entered an order (ECF No. 4206) approving City-Yuwa's Third Application for Allowance of Interim Compensation for Services Rendered

3

and Reimbursement of Actual and Necessary Expenses Incurred from September 1, 2010

through December 31, 2010 and awarding City-Yuwa $47,947.83 for professional services

rendered and $14.01 as reimbursement for actual and necessary expenses City-Yuwa incurred

during that period.

9.    On April 20, 2012, the Court entered an order (ECF No. 5042) approving

City-Yuwa's Fourth Application for Allowance of Interim Compensation for Services Rendered

and Reimbursement of Actual and Necessary Expenses Incurred from January 1, 2011 through

October 31, 2011 and awarding City-Yuwa $6,715.89 for professional services rendered by City-

Yuwa during that period.

10.    On October 1, 2013, the Court entered an order (ECF No. 7372) approving

City-Yuwa's Fifth Application for Allowance of Interim Compensation for Services Rendered

from November 1, 2011 through July 31, 2013 and awarding City-Yuwa $40,639.82 for

professional services rendered by City-Yuwa incurred during that period.

<strong><u>COMPENSATION REQUESTED</u></strong>

11.    City-Yuwa expended 79.9 hours in the rendition of professional services

on behalf of the Trustee during the Compensation Period, resulting in a blended hourly rate of

$371.15 for fees incurred.  The Declaration of Masaaki Sawano regarding the services provided

is attached hereto as Exhibit A.

12.    Prior to filing this Application, City-Yuwa provided the Trustee invoices

setting forth City-Yuwa's fees for services rendered and expenses requested herein.

13.    To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Compensation Period, but were not classified or processed

prior to the preparation of this Application, City-Yuwa reserves the right to request additional

compensation for such services and reimbursement of such expenses in a future application.

4

## SUMMARY OF SERVICES

14.    During the Compensation Period, City-Yuwa, in coordination with Hughes Hubbard & Reed LLP ("HHR"), advised the Trustee on all matters regarding Lehman Brothers Japan Inc. ("LBJ") and the other Japanese affiliates. In particular, City-Yuwa, along with HHR, engaged in discussions with the joint liquidators of LBJ and their professionals regarding the status of LBI's claims against LBJ, including LBI's claim for the return of certain assets associated with LBI's exchange traded derivatives trading on various Japanese futures exchanges, including the Japan Securities Clearing Corporation and the Osaka Securities Exchange, Ltd. (together, the "Exchanges"). City-Yuwa also directly engaged representatives from the Exchanges. City-Yuwa advised the Trustee regarding certain Japanese law matters arising from these dialogues and exchanges. Overall, the matter is ongoing.

## ACTUAL AND NECESSARY EXPENSES INCURRED BY CITY-YUWA

15.    Throughout the Compensation Period, City-Yuwa has been cognizant of cost considerations and has attempted to minimize expenses incurred in connection with services performed. City-Yuwa seeks allowance of $126.84 in expenses in providing professional services during the Compensation Period. These expenses related to postage stamps necessary to further the Trustee's efforts to recover assets in Japan.

## INTERIM COMPENSATION SHOULD BE GRANTED

16.    City-Yuwa may submit applications to the Court for compensation for services rendered and reimbursement for expenses during the course of the liquidation, which may be done on an interim basis. SIPA §§ 78eee(b)(5)(A)-(B). Whenever an application for compensation and reimbursement of expenses is filed, SIPC shall file its recommendation with respect to such fees and expenses with the Court prior to the hearing on such application. *Id.* at

§ 78eee(b)(5)(C). The Court "shall place considerable reliance on the recommendation of SIPC" as to the allowances requested in such applications, and to the extent that such allowances are to be paid by SIPC, without reasonable expectation of recoupment, the Court shall award the amounts recommended by SIPC. *Id.*; *see e.g.*, *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 274 n.21 (1992) (recognizing that "SIPC's recommendation to court on trustee's compensation is entitled to considerable reliance and is, under certain circumstances, binding."); *In re Donald Sheldon & Co, Inc.*, 153 B.R. 661, 668 (Bankr. S.D.N.Y. 1993) (SIPA requires . . . that "[w]e place considerable reliance on the recommendation of SIPC in ruling on [the Trustee's] application [for fees]").

17.     At this time, the Trustee anticipates that there will be sufficient funds available from the general estate to satisfy administrative expenses of the estate, including professional fees, without seeking to requisition funds from SIPC in order to pay these expenses. As a result, in determining the allowance of City-Yuwa's compensation, while "considerable reliance" shall be placed on SIPC's recommendation, the Court must duly consider the nature, extent and value of the services rendered. SIPA § 78eee(b)(5)(C).

18.     City-Yuwa submits that its request for interim allowance of compensation is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

19.     In the instant case, City-Yuwa respectfully submits that the services for which it seeks compensation in this Application, as highlighted above, at the time rendered, were believed to be necessary for and beneficial to LBI's estate, customers, creditors and other parties-in-interest. City-Yuwa further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to these constituencies. In sum, the services rendered by City-Yuwa were necessary and beneficial and were consistently performed

6

in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

## CONCLUSION

City-Yuwa respectfully submits that the services rendered during the Compensation Period and accomplishments to date merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court: (i) allow and award on an interim basis $29,655.17 for professional services rendered by City-Yuwa during the Compensation Period and $126.84 as an interim reimbursement of the actual and necessary costs and expenses incurred by City-Yuwa in connection with the rendition of such services during the Compensation Period; and (ii) grant City-Yuwa such other and further relief as the Court may deem just and proper.

Dated: November 20, 2013
      Tokyo, Japan

                              CITY-YUWA PARTNERS

                              By: _____
                                    Masaaki Sawano, Partner

                              Marunouchi Mitsui Building
                              2-2-2 Marunouchi
                              Chiyoda-ku, Tokyo 100-0005
                              Japan
                              Telephone: +81 (3) 6212 5506

                              Special Japanese Counsel for James W. Giddens,
                              Trustee for the SIPA Liquidation of Lehman
                              Brothers Inc.

**<u>Exhibit A</u>**

Masaaki Sawano
CITY-YUWA PARTNERS
Marunouchi Mitsui Building
2-2-2 Marunouchi
Chiyoda-ku, Tokyo 100-0005
Japan
Telephone: +81 (3) 6212 5506

Special Japanese Counsel for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

**DECLARATION OF MASAAKI SAWANO IN SUPPORT OF SIXTH**
**APPLICATION OF CITY-YUWA PARTNERS FOR ALLOWANCE OF**
**INTERIM COMPENSATION FOR SERVICES RENDERED FROM**
**AUGUST 1, 2013 THROUGH OCTOBER 31, 2013**

Masaaki Sawano, hereby declares:

1.      I am a partner of the firm of City-Yuwa Partners. ("City-Yuwa" or "Applicant"), located at Marunouchi Mitsui Building, 2-2-2 Marunouchi, Chiyoda-ku, Tokyo, 100-0005 Japan. I submit this declaration in support of the sixth application (the "Application") of City-Yuwa, as special Japanese counsel to James W. Giddens (the "Trustee") as Trustee for the liquidation of Lehman Brothers Inc. ("LBI"), for allowance of interim compensation and reimbursement of expenses rendered from August 1, 2013 through October 31, 2013 (the "Compensation Period").

62695233_1

3

2.      City-Yuwa was retained as special Japanese counsel for the Trustee

pursuant to an Order of the Honorable James M. Peck, Judge of the United States Bankruptcy

Court for the Southern District of New York, dated May 13, 2010 (ECF No. 3264).

3.      I submit this declaration pursuant to Bankruptcy Rule 2016(a) in support

of City-Yuwa's application for allowance of compensation in the amount of $29,655.17 for

professional services rendered during the Compensation Period.

4.      As a partner at City-Yuwa who is supervising this matter, I am familiar

with such services and with these proceedings.  These statements are correct to the best of my

knowledge and belief.  Such knowledge and belief is based upon conversations I have conducted

with other members of City-Yuwa and upon records kept by City-Yuwa in the normal course of

business.

5.      I hereby certify that (i) I have read the Application; (ii) to the best of my

knowledge, information, and belief formed after reasonable inquiry, the Application complies

with the guidelines for fee applications under Bankruptcy Rule 2016(a); and (iii) the fees and

disbursements sought are billed at or below rates customarily billed to other clients of City-Yuwa.

6.      I hereby certify that members of the staff of the Securities Investor

Protection Corporation ("SIPC") will be provided with a copy of this Application and the

invoices supporting the Application.

7.      I hereby certify that (i) in providing reimbursable nonlegal services to the

estate, Applicant does not make a profit on such services; and (ii) in seeking reimbursement for a

service which the Applicant justifiably purchased or contracted from a third party, the Applicant

request reimbursement only for the amount billed to the Applicant by the third-party vendors and

paid by the Applicant to such vendors.

4

8.   The Applicant has not made any previous application for allowance of

fees for professional services rendered during the Compensation Period.

9.   No agreement exists or shall be made between the Applicant and any other

person respecting the division of compensation to be received for professional services rendered

in connection with this SIPA proceeding.

10.   No agreement or understanding prohibited by 18 U.S.C. § 155 has been

made or shall be made by Applicant.

Dated:  November 20, 2013
        Tokyo, Japan

                                    CITY-YUWA PARTNERS

                                    By: _____
                                        Masaaki Sawano, Partner

                                    Marunouchi Mitsui Building
                                    2-2-2 Marunouchi
                                    Chiyoda-ku, Tokyo 100-0005
                                    Japan
                                    Telephone: +81 (3) 6212 5506

                                    Special Japanese Counsel for James W. Giddens,
                                    Trustee for the SIPA Liquidation of Lehman
                                    Brothers Inc.

62695233_1