**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

      LEHMAN BROTHERS INC.,

                    Debtor.

Case No. 08-01420 (JMP) SIPA

## CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING TRUSTEE'S EIGHTY-SECOND OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS) <u>SOLELY AS TO A CERTAIN CLAIM</u>

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's amended case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on July 13, 2010 (ECF No. 3466) (the "<u>Amended Case Management Order</u>"), and the Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of General Creditor Claim Objection Procedures, entered on November 15, 2012 (ECF No. 5441) (the "<u>Claims Objection Procedures Order</u>"), the undersigned hereby certifies as follows:

1.      On June 12, 2013, the undersigned, on behalf of James W. Giddens (the "<u>Trustee</u>"), as Trustee for the SIPA liquidation of Lehman Brothers Inc., caused the Trustee's Eighty-Second Omnibus Objection to General Creditor Claims (No Liability Claims) (ECF No. 6373) (the "<u>Objection</u>") to be filed with the United States Bankruptcy Court for the Southern District of New York.

2.      In accordance with the Claims Objection Procedures Order, July 3, 2013 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a

response to the Objection (the "Response Deadline"). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Response Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      Mr. and Mrs. Douglas E. Hall docketed with the Court and served on the Trustee's counsel a response to the Objection (the "Hall Response," ECF No. 6854). As to the remaining claims subject to the Objection, on August 12, 2013, the Court entered an order granting the Objection solely as to those claims (ECF No. 6969).

4.      After discussions between Mr. and Mrs. Hall and the Trustee's counsel, Mr. Hall confirmed in writing to the Trustee's counsel that the Hall Response was withdrawn. Accordingly, for the reasons set forth in the Objection, the Trustee respectfully requests that the proposed Order annexed hereto as Exhibit A, which is unmodified since the filing of the Objection, except for the inclusion of additional language to indicate that such order is supplemental to a previously entered order for the Objection, be entered in accordance with the procedures described in the Amended Case Management Order.

62700523_1

I declare that the foregoing is true and correct.

Dated:  New York, New York
        November 20, 2013

                                        HUGHES HUBBARD & REED LLP

                                        By:/s/ Jeffrey S. Margolin
                                        _____
                                            James B. Kobak, Jr.
                                            Christopher K. Kiplok
                                            Jeffrey S. Margolin
                                            Meaghan C. Gragg
                                        One Battery Park Plaza
                                        New York, New York 10004
                                        Telephone:  (212) 837-6000
                                        Facsimile:  (212) 422-4726
                                        Email:  kobak@hugheshubbard.com

                                        Attorneys for James W. Giddens, Trustee for
                                        the SIPA Liquidation of Lehman Brothers
                                        Inc.

62700523_1

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |

### SUPPLEMENTAL ORDER GRANTING THE TRUSTEE'S
### EIGHTY-SECOND OMNIBUS OBJECTION TO
### GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)

Upon the eighty-second omnibus objection to claims, dated June 12, 2013 (the

"Eighty-Second Omnibus Objection to General Creditor Claims") [ECF No. 6373],[1] of James W.

Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. (the "Debtor" or

"LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et*

*seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections

78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), disallowing and expunging the No Liability Claims on the grounds

that LBI does not have any liability, in whole or in part, all as more fully described in the Eighty-

Second Omnibus Objection to General Creditor Claims; and due and proper notice of the Eighty-

Second Omnibus Objection to General Creditor Claims having been provided, and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief sought in the Eighty-Second Omnibus Objection to General Creditor Claims is in the

best interests of LBI, its estate, its customers and creditors, and all parties in interest and that the

legal and factual bases set forth in the Eighty-Second Omnibus Objection to General Creditor

---

1.    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion.

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

> **ORDERED** that the relief requested in the Eighty-Second Omnibus Objection to

General Creditor Claims is granted to the extent provided herein; and it is further

> **ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit 1 (the "No Liability Claim") is disallowed and expunged in its entirety with

prejudice; and it is further

> **ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
     November __, 2013

                                                                 _____
HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

# IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (JMP) SIPA
## EIGHTY-SECOND OMNIBUS OBJECTION: EXHIBIT 1- NO LIABILITY CLAIM

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | HALL, DOUGLAS K. AND SUSAN E. JOINT TENANTS 204 VILLAGE GATE DR CHAPEL HILL, NC 27514 | 7001663 | 5/18/2009 | $50,000.00 | NO LEGAL OR FACTUAL JUSTIFICATION FOR ASSERTING A CLAIM AGAINST LBI. THE CLAIMED SECURITIES WERE NOT ISSUED OR GUARANTEED BY LBI. |
| | Total | | | $50,000.00 | |