UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re                                                      :        Chapter 11
                                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :        Case No. 08-13555 (JMP)
                                                           :
                    Debtors.                         :        (Jointly Administered)
                                                           :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 AUTHORIZING (I) LEHMAN BROTHERS HOLDINGS INC.
TO ENTER INTO RESTRUCTURING OF CERTAIN LOANS MADE TO
SUBSIDIARIES OF HILTON WORLDWIDE, INC. AND (II) LEHMAN
COMMERCIAL PAPER INC. TO PROVIDE CONSENTS RELATED THERETO**

Upon the motion, dated February 23, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI"), and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and collectively with their non-debtor affiliates, "Lehman"), for an order, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing (a) LBHI to enter into a restructuring of the Mortgage Loan, the Senior Mezzanine Loans, and the Junior Mezzanine Loans and (b) LCPI to provide consents to the GEM and Northwood borrowers under the documentation governing the Seller-Financed Loans to facilitate the participation by the GEM and Northwood borrowers in the restructuring of the Senior Mezzanine Loans, as further described in the Motion or on such other terms materially consistent with those described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to Blackstone, Hilton, and Hilton's subsidiaries; (vii) counsel to GEM and Northwood; and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the relief requested in the Motion is granted; and it is further

        ORDERED that all objections, if any, to the Motion and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are denied and overruled on the merits with prejudice; and it is further

        ORDERED that, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement is hereby approved, in all respects; and it is further

ORDERED that LBHI is hereby authorized to enter into the Restructuring, as described in the Motion, and to consummate all of the transactions contemplated thereby, without the necessity or requirement of further court proceedings or approval; and it is further

ORDERED that LCPI is hereby authorized to provide consents to affiliates of GEM and Northwood under the documentation governing the Seller-Financed Loans to facilitate the participation by affiliates of GEM and Northwood in the Settlement; and it is further

ORDERED that the Debtors are hereby authorized to perform each and every term of the Settlement in accordance with its terms and this Order; and it is further

ORDERED that the Debtors and their applicable affiliates, without the necessity or requirement of further court proceedings or approval or any other consents, (a) are duly authorized and empowered to execute, deliver, implement, and fully perform any and all obligations, instruments, assignments, conveyances, other instruments of transfer, and other documents that may be necessary or appropriate to consummate the Restructuring; (b) are duly authorized and empowered to take all other and further actions as may be necessary to implement the transactions contemplated by the Restructuring; and (c) shall have the right both in connection with and following consummation of the transactions contemplated by the Restructuring (i) to consent to any amendment, restatement, waiver, supplement, or other modification of any of the documents governing the Loans or the Seller-Financed Loans and (ii) to otherwise vote and make all determinations and take all other actions under such documents; and it is further

ORDERED that the obligations of the Debtors with respect to the Settlement, including without limitation, all transaction documents executed in furtherance thereof, shall survive confirmation of any plan in the Debtors' bankruptcy cases and shall not be discharged

3

under section 1141 of the Bankruptcy Code, and no plan shall be confirmed in the Debtors' bankruptcy cases that is inconsistent with this Order; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to any applicable Bankruptcy Rule(s); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and any disputes that may arise in the future with respect to the Settlement.

Dated: New York, New York
       March 22, 2010

                                             *s/ James M. Peck*
                                             Honorable James M. Peck
                                             United States Bankruptcy Judge