UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

)
In re )
LEHMAN BROTHERS HOLDINGS INC., *et al.*, ) Chapter 11 Case
)
Debtors. ) No. 08-13555 (JMP)
)
) (Jointly Administered)
)

**ORDER CLARIFYING THE DEBTORS' SUPPLEMENTAL NOTICE AND THE BAR DATE ORDER WITH RESPECT TO CLAIMS RELATING TO LEHMAN PROGRAMS SECURITIES ISSUED BY LBHI**

Upon the motion, dated January 29, 2010 (the "Motion"),[1] of the Debtors and Credit Suisse AG, Goldman, Sachs & Co., Merrill Lynch & Co. Inc., Morgan Stanley & Co. and The Royal Bank of Scotland plc ("Moving Creditors") for an order clarifying or amending (i) the Debtors' Supplemental Notice and (ii) the Bar Date Order, with respect only to the securities identified on Schedule A attached hereto, as Schedule A may be amended in accordance with this Order (collectively, the "LBHI Issued LPS") as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13,

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion

2009 governing case management and administrative procedures [Docket No. 2837] (the "Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the relevant clearing agencies and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held on the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted to the extent provided herein; and it further

ORDERED that, notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, with respect to claims against LBHI based exclusively upon the ownership of LBHI Issued LPS (such as claims for principal, interest or other return, but excluding any claims related to the purchase, sale or issuance of LBHI Issued LPS) ("Covered LPS Claims") the Debtors and all parties in interest in these chapter 11 cases shall be authorized and directed to rely upon, and utilize the records of the clearing agencies (as of the record date specified by the Court for voting and the date of a distribution for any distributions), for purposes of providing and distributing notices and ballots in these chapter 11 cases, tabulating ballots related to any plan and making distributions in these chapter 11 cases, in each case solely with respect to Covered LPS Claims, and it further

ORDERED that, nothing in this Order shall apply to securities other than the securities identified on Schedule A attached hereto (or added to Schedule A pursuant to the

2

procedure described in this Order). Securities may be added to Schedule A following the entry of the Order if (i) any party provides LBHI with documentation that, in LBHI's reasonable discretion, establishes that a security was (a) included on the Final List of LPS, (b) outstanding as of September 15, 2008 and (c) was actually issued by LBHI, and (ii) the security is included on LBHI's books and records as of September 15, 2008. For the avoidance of doubt, LBHI shall not be required to add any security to Schedule A if such security is not included on its books and records as of September 15, 2008; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, holders of Covered LPS Claims shall not be required to file proofs of claim or notices pursuant to Bankruptcy Rule 3001(e) in respect of such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, any proofs of claim previously filed or to be filed in respect of Covered LPS Claims shall be disregarded for purposes of providing notices in these chapter 11 cases, distributing ballots in these chapter 11 cases and making distributions in these chapter 11 cases. Nothing in this Order shall be construed as authority to disregard any proofs of claim previously filed (or render inapplicable any obligation to file a proof of claim) in accordance with the Bar Date Order with respect to any claims that are not Covered LPS Claims. To the extent that a previously filed proof of claim includes a claim that is not a Covered LPS Claim, such proof of claim as it relates to such claim shall not be disregarded for any purposes under this Order; and it is further

ORDERED, that the Debtors shall use good faith efforts to amend the Schedules of Liabilities as set forth in the Supplemental Notice. Notwithstanding anything to the contrary

in the Bar Date Order, the LPS Bar Date Notice or the Supplemental Notice, promptly following an amendment or supplement to the Schedules of Liabilities in respect of an LBHI Issued LPS, the Debtors shall (i) serve a notice of such amendment or supplement (a "Notice of Amendment") on (x) all parties who have requested notice in these chapter 11 cases and (y) the relevant clearing agencies and (ii) post such Notice of Amendment on www.lehman-docket.com. Notwithstanding anything to the contrary in the Bar Date Order, any holder of an LBHI Issued LPS affected by such amendment or supplement shall have the opportunity to object to such amendment or supplement by filing an objection with the Court no later than thirty (30) days from the date on which the Debtors serve such Notice of Amendment in accordance with this Order. Furthermore, notwithstanding anything to the contrary in the Bar Date Order, any party objecting to such amendment or supplement as it relates only to LBHI Issued LPS shall not be required to file a proof of claim. Any disputes concerning any amendments or supplements to the Schedules of Liabilities with respect to LBHI Issued LPS shall be resolved pursuant to an order of this Court or in accordance with a further order of this Court, each upon notice and opportunity for a hearing. Any hearing or final resolution regarding any such objection shall not occur prior to a date that is thirty (30) days from the date of the service of the Notice of Amendment; and it is further

ORDERED that the Debtors shall publish a notice to all creditors consistent with this Order on www.lehman-docket.com; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the requirement to file a separate memorandum of points and authorities with the motion is waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: New York, New York
       March 22, 2010

                                    *s/ James M. Peck*
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

# Schedule A

## Securities Identified by ISIN

| | |
|---|---|
| CA524908PR55 | XS0252835110 |
| CA524908TV22 | XS0254171191 |
| CA524908VR81 | XS0257022714 |
| CH0026915527 | XS0262321986 |
| CH0026985082 | XS0268648952 |
| JP584117A3C0 | XS0272543900 |
| JP584117A5A9 | XS0274585305 |
| JP584117A762 | XS0274591535 |
| JP584117B760 | XS0282937985 |
| JP584117C768 | XS0287044969 |
| XS0073472606 | XS0288056913 |
| XS0082350587 | XS0288579260 |
| XS0128857413 | XS0289254509 |
| XS0138439616 | XS0289619529 |
| XS0151868444 | XS0290041960 |
| XS0167792026 | XS0290745180 |
| XS0178222179 | XS0291967296 |
| XS0179304869 | XS0299141332 |
| XS0181712364 | XS0300055547 |
| XS0183944643 | XS0307745744 |
| XS0185590139 | XS0326006540 |
| XS0189741001 | XS0336095749 |
| XS0193035358 | XS0345259435 |
| XS0196298219 | XS0348395814 |
| XS0205185456 | XS0362467150 |
| XS0210414750 | XS0224535483 |
| XS0213899510 | XS0247679573 |
| XS0224346592 | XS0252834576 |