

11 Ironmonger Lane
London EC2V 8EY

Tel +44 (0) 207 796 5900
Fax +44 (0) 207 796 5919
enquiries@yorvikpartners.com
www.yorvikpartners.com

Clerk of Court
United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, NY 10004-1408
USA

Dear Sir/Madam,

I attach a completed 3001(e) and the related assignment agreement in respect a transfer of claim from Raiffeisenlandesbank Oberosterreich AG to Yorvik Partners LLP for your consideration and filing on the Epiq system.

I look forward to receiving your acknowledgement that the transfer of claim has been processed.

Yours faithfully,

*Lisa King*
Lisa King
Yorvik Partners LLP

RECEIVED
MAR 18 2010
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

Yorvik Partners LLP
Partnership No. OC345182
Authorised and Regulated by the Financial Services Authority 501018

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc        Case No.    08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Yorvik Partners LLP** | **Raiffeisenlandesbank Oberosterreich AG** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Lisa King
Yorvik Partners LLP
11 Ironmonger Lane
London EC2V 8EY
U.K.

e-mail: l.king@yorvikpartners.com

Phone: +44 20 7796 5906

Last Four Digits of Acct. #: _____

Court Claim # (if known): 35510

Amount of Claim: US$ 21,804,900.90 (transferred amount 100%)

Date Claim Filed: 29 September 2009

Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ___[signature]___      Date: 16 March 2010
Transferee/Transferee's Agent

SIMON MULLALY
PARTNER

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

RECEIVED
MAR 18 2010
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc        Case No.    08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 35510 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on          .

| | |
|---|---|
| **Raiffeisenlandesbank Oberosterreich**<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br><br>Europlatz 1a<br>Linz A-4020<br>Austria | **Yorvik Partners LLP**<br>Name of Transferee<br><br>Address of Transferee:<br><br>Lisa King<br>Yorvik Partners LLP<br>11 Ironmonger Lane<br>London EC2V 8EY<br>U.K. |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
FOR

LEHMAN BROTHERS HOLDINGS INC NOTES AND

LEHMAN BROTHERS TREASURY CO. BV NOTES - GUARANTEED BY LEHMAN BROTHERS
HOLDINGS INC

TO:    THE DEBTORS AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Raiffeisenlandesbank Oberosterreich Aktiengesellschaft ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Yorvik Partners LLP (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the 16 March 2010 (the "Effective Date"), (a) an undivided interest, to the extent of the Claim Amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 35510 filed by Seller (the "Proof of Claim") against (i) Lehman Brothers Treasury Co. B.V. and (ii) Lehman Brothers Holdings, Inc., debtors (collectively, the "Debtors") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; and (c) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto;

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing

533765v2

that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.[1]

5. Seller shall promptly (but in any event on no later than the second (2nd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller shall transfer on the Effective Date to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of March 2010.

RAIFFEISENLANDESBANK OBEROSTERREICH AKTIENGESELLSCHAFT

By: _____
Name: Mag. Martin Schaller
Title: Head of Treasury Financial Markets

Europaplatsz 1a,
A-4020 Linz,
Austria

By: _____
Name: Christoph Seiser
Title: Head of Treasury

YORVIK PARTNERS LLP

By: _____
Name:
Title:

LARS LEMONIUS
PARTNER

11 Ironmonger Row,
London EC2V 8EY
U.K.

RECEIVED
MAR 18 2010
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

---

[1] [Include, as appropriate.]

Schedule 1

## Transferred Claims

**Purchased Claim**

100% which is $21,804,900.90 (the outstanding amount of the Proof of Claim as of 29 September 2009)

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 10Year floating Rate Note | XS0254171191 | Lehman Brothers Holdings Inc | N/A | EUR 15,000,000.00 which is equivalent to USD 21,226,500.00 | N/A | 06/2016 | EUR 62,020.00 which is equivalent to USD 87,764.50 |
| Notes linked to HFRX Global Index Fund under EMTN Programme | XS0185247912 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | EUR 346,715.00 which is equivalent to USD 490,636.40 | N/A | 04/2034 | N/A |