Hearing Date: April 14, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: March 19, 2010 at 5:00 p.m. (Prevailing Eastern Time)

JENNER & BLOCK LLP

353 North Clark Street

Chicago, Illinois 60654-3456

Telephone: (312) 222-9350

Facsimile: (312) 527-0484

Robert L. Byman (Admitted *Pro Hac Vice*)

Daniel R. Murray (Admitted *Pro Hac Vice*)

919 Third Avenue, 37th Floor

New York, New York 10022-3908

Telephone: (212) 891-1600

Facsimile: (212) 891-1699

Patrick J. Trostle

Heather D. McArn

*Attorneys for Anton R. Valukas, Esq., Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x
|  |  |
|---|---|
| In re | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

-------------------------------------------------------------------------x

## DECLARATION OF ROBERT L. BYMAN
## IN SUPPORT OF THE EXAMINER'S RESPONSE
## TO THE OBJECTION OF THE CME GROUP

Robert L. Byman makes this declaration under 28 U.S.C. §1746 and states as

follows:

1

1.      I am counsel to Anton R. Valukas in his capacity as Examiner in this matter.

2.      On October 16, 2009, the Examiner conducted an interview of Timothy Doar, an employee of the CME Group Inc. ("CME").  Present at the interview were in-house and outside counsel for CME; counsel for the Debtors was also present.  During the interview, Mr. Doar disclosed to the Examiner and to Debtors the identity of the six bidders who participated in the auction process for Lehman assets in September 2008.  When Mr. Doar made his disclosure, neither he nor the CME lawyers present suggested that the identities of the bidders were confidential, nor did he or they request that the information be kept confidential.

3.      On December 22, 2009, the Examiner and CME executed a Confidentiality Stipulation and Protective Order (the "Confidentiality Agreement") that was subsequently entered by the Court on January 13, 2010.  At no time in the negotiation of the Confidentiality Agreement did CME request that any previously disclosed information be made subject to the Confidentiality Agreement.  To this date, no such request has been made.

4.      On March 11, 2010, after CME had advised that it would object to the release of its documents to the extent that they disclose the identities of the bidders, I sent the attached e-mail to CME's counsel in which I set out the Examiner's view that no good faith objection could be made in light of the waiver at Mr. Doar's interview.  After the e-mail exchange, I spoke with counsel.  She advised me that she could not reach her in-

2

house contact at CME but understood that outside counsel wanted to check his own notes of the interview before the CME responded. To this date, CME has not responded about the waiver issue.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the facts set out above are true and correct.

Dated: March 23, 2010
Chicago, Illinois

Robert L. Byman

## RE: CME - Lehman

Byman, Robert L

**Sent:** Thursday, March 11, 2010 8:34 AM

**To:** Frejka, Elise Scherr [EFrejka@KRAMERLEVIN.com]

---

212-891-1669 or 312-375-2821

From: Frejka, Elise Scherr [EFrejka@KRAMERLEVIN.com]
Sent: Thursday, March 11, 2010 8:32 AM
To: Byman, Robert L
Subject: Re: CME - Lehman

Bob,

What number can you be reached at this morning?

Elise Scherr Frejka

Special Counsel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: 212-715-9281
Fax: 212-715-8230
Email: EFrejka@KRAMERLEVIN.com
<http://www.kramerlevin.com/>

This communication (including any attachments) is intended solely for the recipient(s) named above and may
contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of
this communication is strictly prohibited. If you have received this communication in error, please immediately
notify the sender by return e-mail message and delete all copies of the original communication. Thank you for
your cooperation.
----- Original Message -----
From: Byman, Robert L <RByman@jenner.com>
To: Frejka, Elise Scherr
Cc: lisa.dunsky@cmegroup.com <lisa.dunsky@cmegroup.com>
Sent: Thu Mar 11 08:31:30 2010
Subject: CME - Lehman

Elise –

As we went through the process of redaction to excise references to the five documents for which the CME
Group has declined to waive confidentiality, we realized that the information for which the CME Group seeks to
maintain confidentiality had already been disclosed to us – without any claim of confidentiality – well before we

entered into a confidentiality agreement and before we received the subject documents.

The Examiner interviewed Tim Doar on October 16, 2009. At that interview (at which were also present Lisa Dunsky, outside counsel for CME Group, and counsel for Debtors), Mr. Doar disclosed the identities of the bidders, both successful and unsuccessful. The Confidentiality Stipulation between the CME Group and Debtor was not executed until December 22, 2009, and we did not receive the subject documents until then. No attempt was made ex post facto to designate Mr. Doar's interview as confidential, nor – we believe – could such an attempt have been made in good faith, given that a third party was in attendance when the disclosure was made and given that the Stipulation makes no provision for protecting information disclosed prior to entry of the Stipulation.

Without any reference to the documents that are subject to our Stipulation, the Examiner can disclose the identities of the bidders. I urge you to reconsider your position on waiving confidentiality on the documents so that we do not have to deal with redactions that are not likely to stand. Obviously, we would appreciate some response before we appear before the Court today.

Bob

_____

Robert L. Byman
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel (312) 923-2679
Fax (312) 840-7679
RByman@jenner.com
http://www.jenner.com/

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

_____