**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO: United Coconut Planters Bank ("Transferor")
UCPB Building, 7907 Makati Avenue
Makati City 1200, Philippines
Telephone: (632) 811-9000
Email: jabarcelon@ucpb.com

2. Please take notice that the transfer of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 63442 (attached as Exhibit A hereto), has been transferred to:

Barclays Bank PLC ("Transferee")
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Email: daniel.crowley@barclayscapital.com
jessica.fainman@barclayscapital.com

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the claim should be sent to the Transferee.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ________ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on __________, 2009.

INTERNAL CONTROL NO.__________

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

______________________
Deputy Clerk

**EXHIBIT A**

[Proof of Claim]

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000063442

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
UNITED COCONUT PLANTERS BANK
UCPB BUILDING, 7907 MAKATI AVENUE
MAKATI CITY 1200, PHILIPPINES

Telephone number: (632) 811-9090 Email Address: jabarcelon ucpb.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: ____________ (*If known*)

Filed on: ____________

Name and address where payment should be sent (if different from above)
UNITED COCONUT PLANTERS BANK
UCPB BUILDING, 7907 MAKATI AVENUE
MAKATI CITY 1200, PHILIPPINES

Telephone number: (632) 811-9090 Email Address: jabarcelon@ucpb.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ 5,000,000.00 plus interest (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0292502514 (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

BLOCKING CODE CA18195 (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

CLEARSTREAM BANK ACCOUNT NO. 72766 (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

FILED / RECEIVED
NOV 02 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: | Signature: |
|---|---|
| 10/28/09 | The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. ATTY. JOSE A. BARCELON EVP, OFFICE OF THE CORPORATE SECRETARY AND LEGAL SERVICES GROUP UNITED COCONUT PLANTERS BANK (632) 811-9137 |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

REPUBLIC OF THE PHILIPPINES )
CITY OF MAKATI ) S.S.

**SECRETARY'S CERTIFICATE**

I, **MARGARITA MARIA A. NACPIL**, of legal age, Filipino, married and with business address at 9th Floor, UCPB Building, Makati Avenue, Makati City, after having been duly sworn to in accordance with law, hereby depose and state as follows:

1. I am the duly elected and qualified Assistant Corporate Secretary of the UNITED COCONUT PLANTERS BANK (the "Bank"), a domestic banking corporation duly organized and existing under and by virtue of and under the laws of the Republic of the Philippines, with main office address at the UCPB Building, Makati Avenue, Makati City;

2. At the Regular Meeting of the Board of Directors of the Bank validly held on **26 September 2008** at the 15th Floor, UCPB Building, Makati Avenue, during which a quorum was present and acting throughout, the following resolution was passed and approved

**RESOLUTION NO. 420-2008**
**(AMENDMENT OF RESOLUTION 191-2004**
**CASES, ACTIONS AND PROCEEDINGS)**

"RESOLVED, that Resolution No. 191-2004 of the Board of Directors, be, as it is hereby amended, revised and superseded to read as follows:

"RESOLVED, AS IT IS HEREBY RESOLVED, that the Board of Directors have made, constituted, and appointed, and does by these presents make, constitute and appoint any of the following officers, singly, namely:

(1) President/Chief Executive Officer;
(2) Chief Operating Officer;
(3) any of the Executive Vice Presidents;
(4) any of the Senior Vice Presidents; or
(5) any of the First Vice Presidents; or
(6) the Head and/or any Vice President, Assistant Vice President or Manager 2 of the Office of the Corporate Secretary & Legal Services Division;

or such officer or employee, or person they may designate as UCPB's true and lawful attorney(s)-in-fact, for it and in its name, place and stead, to act for and in behalf of, and represent, UCPB in any and all cases, actions or proceedings, or to institute cases, actions or proceedings and prosecute, and/or to defend, the rights and interests of UCPB by doing any and all of the following acts and deeds in connection therewith:

1. to cause the preparation and filing of the complaint, petition, answer with counterclaim, or any other pleading or motion;

as may be necessary or appropriate and take all steps as may be required under the premises;

3. to withdraw or dismiss cases instituted by or against it;

4. to testify for the Bank in all cases in which the Bank is a party;

5. to appear, personally or through counsel, act for, or otherwise represent the Bank, in any judicial, quasi-judicial or administrative or arbitration hearing, preliminary investigation, oral arguments or, in particular, the pre-trial conference and, in connection therewith, to do any and all of the following acts and deeds:

   a) to negotiate, conclude, enter into and execute a compromise or amicable settlement of the case, under such terms and conditions as they or their designate may agree and to submit to alternative modes of dispute resolution;

   b) to obtain stipulations or admission of facts and of documents to avoid unnecessary proof;

   c) to agree on the simplication of the issues;

   d) to amend the pleadings;

   e) to limit the number of witnesses;

   f) to undertake a preliminary reference of issues to a commissioner; and

   g) to do and agree on such other matters as may aid in the prompt disposition of the action.

6. to sign, execute and deliver all papers relative to the application and requirements for attachment bonds, injunction bonds, surety, bonds, performance bonds and similar arrangements as may be required from UCPB in connection with any judicial, quasi-judicial, administrative, arbitration case, action or proceeding involving UCPB.

RESOLVED FURTHER, that the Board of Directors hereby gives and grants unto said attorney(s)-in-fact and/or his/their designated officer or person full power and authority to sign and execute any and all papers relative to the foreclosure of mortgages and other security arrangements in favor of the Bank and all matters connected therewith, such as request for postponement of auction sales, certificates of redemption of foreclosed

RESOLVED FURTHERMORE, that the Board of Directors hereby gives and grants unto said attorney(s)-in-fact and/or his/their designated officer or person full power and authority to do and perform all and every act and thing whatsoever requisite, and necessary to be done in and about the premises, and hereby ratifies and confirms all that said attorney(s)-in-fact and/or his/their designated officer or person shall lawfully do, cause to be done, and have actually done by virtue of these presents;

RESOLVED FINALLY, that this Resolution shall remain valid, subsisting and enforceable upon UCPB until subsequently revoked through a resolution by the Board of Directors."

3. As of date hereof, Atty. Jose A. Barcelon is the First Vice President/Head, Office of the Corporate Secretary and Legal Services Group.

4. That the foregoing resolution is valid and has not been repealed, altered or otherwise modified.

IN WITNESS WHEREOF, this Certificate is executed this _____ day of SEP 08 2009 2008 in the City of Makati.

MARGARITA MARIA A. NACPIL
Assistant Corporate Secretary

SUBSCRIBED AND SWORN to before me on this _____ day of SEP 08 2009 2008 in the City of Makati, affiant exhibited her Community Tax Certificate No. 13596329, issued on 03 January 2008 in Manila.

Doc. No. 92;
Page No. 20;
Book No. XV;
Series of 2008

JOSE CARLOS R. TANINGCO
Notary Public for Makati City
Until December 31, 2010
UCPB Head ... Makati City
Roll of Attorneys ... No. M-83
... Makati City
IBP Life Member ... / Pasig City
MCLE Compliance No. I-0015592


FedEx Express

Large Pak

Extremely Urgent

What can be shipped in the FedEx® Large Pak?

FedEx Expanded Service International Air Waybill

From: Atty. Jason Robert M. Pa...
United Coconut Planters ...
UCPB Bldg., Makati Avenue
Makati City, Philippines
Philippines 1200

To: EPIQ BANKRUPTCY SOLUTIONS, LLC
Attn: Lehman Brothers Holding Claim Processing
757 Third Avenue ... Floor
New York
New York, USA 10017

NOV 2 2009

8703 8422 6737

XA OGSA

INTL PRIORITY

10017 NY-US EWR

**EXHIBIT B**

[Executed Evidence of Transfer of Claim]

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **United Coconut Planters Bank** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the 100 per cent. of USD 5,000,000 in principal amount together with interest accrued thereon specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 63442 filed by or on behalf of United Coconut Planters Bank (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 18th day of March 2010.

**United Coconut Planters Bank**

By: [signature]
Name: HELEN G. OLETA
Title: First Vice President

UCPB Building, 7907 Makati Avenue
Makati City 1200, Philippines

[signature]
ELIZABETH C. TERRADO
Vice President

**Barclays Bank PLC**

By: [signature]
Name: David Aughey
Title: Director
Legal Department

c/o 745 Seventh Ave
New York, NY 10019

Schedule 1

Transferred Claims

Purchased Claim

100% or USD 5,000,000 in principal amount together with interest accrued thereon.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| USD 5,000,000 Leveraged Credit Linked Notes due 20 March 2017, Series 6647 | XS02925025 14 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 5,000,000 | 3 Month USD-LIBOR-BBA + 3.35 per cent. per annum Floating Rate | 20 March 2017 (Scheduled Maturity Date) | USD 5,000,000 in principal amount together with interest accrued thereon |