**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :    **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                        :    **08-13555 (JMP)**
                                                                    :
                                            **Debtors.**            :    **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 363 OF THE
### BANKRUPTCY CODE AND BANKRUPTCY RULE 6004
### APPROVING COLLATERAL DISPOSITION AGREEMENT
### <u>AMONG THE DEBTORS AND JPMORGAN CHASE BANK, N.A., ET AL.</u>

Upon the motion, dated February 24, 2010 (the "<u>Motion</u>"), of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and, together with their non-

debtor affiliates, but excluding Lehman Brothers Inc., "<u>Lehman</u>"), pursuant to section 363 of title

11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 6004(h) of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for approval of that certain Collateral

Disposition Agreement among the Debtors and JPMorgan Chase Bank N.A. and certain of its

affiliates, subsidiaries or related entities (collectively "<u>JPMorgan</u>"), annexed to the Motion as

Exhibit A (the "<u>Agreement</u>"),[1] all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

---

[1] Capitalized terms not otherwise defined herein should have the meaning ascribed to them in
the Agreement.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) the attorneys for JPMorgan; (vii) the attorneys for James W.

Giddens, as Trustee (the "SIPA Trustee") for Lehman Brothers Inc. ("LBI"); and (viii) all parties

who have requested notice in these chapter 11 cases, and it appearing that no other or further

notice need be provided; and a hearing (the "Hearing") having been held to consider the relief

requested in the Motion; and the Court having found and determined that the relief sought in the

Motion is in the best interests of LBHI and the other Debtors and all economic stakeholders; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED AND ADJUDGED:

1.    The Motion is GRANTED.

2.    Objections to the Motion, if any, that have not otherwise been withdrawn

or resolved are overruled.

3.    The proposed transactions set forth in the Agreement are in the best

interests of LBHI and the other Debtors and all economic stakeholders.

4.    Pursuant to section 363(b) of the Bankruptcy Code, the Agreement is

approved and LBHI and the other Debtors are authorized to implement and consummate the

Agreement and any actions taken by LBHI and the Debtors or their affiliates may be taken

without the necessity of any further Court proceedings or approval and shall be conclusive and binding in all respects on all parties-in-interest in these cases, unless otherwise provided herein.

5.     The Claims as contemplated by the Agreement are provisionally allowed against the respective Debtors without prejudice to any and all rights of all parties-in-interest and subject to the reservations of rights set forth in the Agreement, concurrently with the application of the Cash Collateral and the Cash Payment.

6.     As and to the full extent provided in the Agreement, LBHI is fully subrogated to the Claims of the relevant JPMC Entities against LBI and other Lehman subsidiaries to the full extent of the payments made by LBHI, and LBHI shall succeed to any and all Liens asserted by the relevant JPMC Entities in or against all of the Securities Collateral (in the same priorities as held by such relevant JPMC Entities), which Liens shall be assigned and transferred to LBHI by such relevant JPMC Entities and which Securities Collateral shall be assigned and transferred by such relevant JPMC Entities to LBHI or as otherwise directed by LBHI (the "Subrogation Right").

7.     The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided* that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates or adversely affect the SIPA Trustee or LBI's customer property or estate.

8.     Except for the effect on the rights of the parties to the Agreement as expressly provided therein, nothing in the Agreement or the failure to raise any objection with respect to the Motion seeking the entry of this Order approving such Agreement is intended to or

shall in any manner prejudice or affect the rights, remedies, actions, defenses, and claims of any kind whatsoever under applicable law or principles of equity of JPMorgan Chase Bank, N.A. or its affiliates or subsidiaries or related entities or the SIPA Trustee or LBI.

9.  The Agreement is without prejudice to any rights, remedies, claims or causes of action on the part of any Lehman entity, the Creditors' Committee or the SIPA Trustee, with respect to, and each Lehman entity, the Creditors' Committee and the SIPA Trustee expressly reserve, any and all rights and remedies any of them may have under applicable law, contract or otherwise, including, without limitation, rights and remedies in connection with any such provisionally allowed secured or other Claim of each such JPMC Entity and any alleged guarantee thereof or security therefor, including, without limitation, the right to contest the validity and enforceability of any such provisionally allowed secured or other Claim and/or to avoid or contest such Claims, any alleged guarantee thereof and any alleged security therefor, including, without limitation, any property alleged by JPMorgan to constitute Collateral or a Lien on or ownership of any Lehman assets or assets of LBI, the LBI estate, or LBI's customers, such rights and remedies reserved by each Lehman entity to include, without limitation, claims or potential claims that the Collateral suffered a diminution in value as a result of conduct of any JPMC Entity (other than any diminution in value arising from the entry into the Agreement and the performance of the terms thereof).

10.  The Agreement does not expand or reduce the rights and entitlements of any party or the SIPA Trustee with respect to the Collateral and Liens beyond those rights and entitlements that such party would have if the Agreement had not been entered into by the parties thereto.

11.	Nothing in the Agreement is intended, and the Agreement shall not be construed, to impair any right, remedy or obligation of the SIPA Trustee; and the rights and remedies of the SIPA Trustee against the JPMC Entities and the Debtors and the rights and remedies of the JPMC Entities and the Debtors against the SIPA Trustee, shall be not be prejudiced or otherwise impaired in any way by the Agreement.  Without limiting the generality of the foregoing, and notwithstanding any other provisions of the Agreement, the SIPA Trustee shall not be bound (absent further court order of which the SIPA Trustee has had notice and an opportunity to be heard) by (i) any determination among the JPMC Entities and the Debtors of the value of any Collateral or any methodology for valuing Collateral established pursuant to the Agreement, or (ii) any determination among the JPMC Entities and the Debtors of the secured status of any Claim pursuant to the Agreement.  The SIPA Trustee retains any and all rights he may have in the Collateral transferred pursuant to the Agreement, and retains any and all rights he may have under any agreement pursuant to which any JPMC Entity acquired any Lien or other interest in any Collateral.  In addition, the provisions of the Agreement shall not expand or reduce any rights and entitlements that LBI may otherwise have against any Debtor or any JPMC Entity with respect to the Collateral or any rights and entitlements that any Debtor or any JPMC Entity may otherwise have against LBI with respect to the Collateral.  The Agreement and the entry by the Debtors and the JPMC Entities into the Agreement shall not create any liabilities or causes of action in favor of the SIPA Trustee against any Debtor or any JPMC Entity or in favor of any Debtor or JPMC Entity against LBI or its estate.

12.	The Debtors shall provide the SIPA Trustee with copies of any information regarding Collateral, except for any information relating to the Transferred Securities known as the LCPI vault securities, Pine, Spruce, Verano and Fenway, provided to

any JPMC Entity pursuant to paragraph 7(b) of the Agreement (and if JP Morgan has the right to receive such information pursuant to paragraph 7(b) of the Agreement but does not request such information on a quarterly basis, the Debtors shall provide the SIPA Trustee with such information on a quarterly basis). If the Debtors dispose of any securities that constitute Securities Collateral (other than the disposition of Transferred Securities known as the LCPI vault securities, Pine, Spruce, Verano and Fenway), prior to the application of the proceeds of such disposition to the Debtors' claims against LBI or the LBI estate, the Debtors shall provide the SIPA Trustee with twenty (20) days notice and opportunity to object to such application. The notice provided to the SIPA Trustee pursuant to the immediately preceding sentence shall identify the amount of proceeds realized on the disposition of such Securities Collateral.

13.     Other than LBHI's Subrogation Right set forth in this Order, nothing in the Motion, this Order or the Agreement (including any annexes or schedules thereto) shall (a) bind, be collateral estoppel, res judicata or otherwise prejudice any other matter in these chapter 11 cases or in LBI's SIPA proceeding with respect to the legal or factual assertions set forth in the Motion, this Order or the Agreement (including any annexes or schedules thereto) and (b) impair or modify the rights and remedies of Barclays Capital Inc. ("Barclays") (or any affiliate of Barclays) in respect of any claims that have been asserted, or may be asserted, by Barclays (or any affiliates of Barclays) against LBI (or the SIPA Trustee as trustee for LBI), the Debtors, their respective present or former affiliates, or any third parties, with respect to any other matter in these Chapter 11 cases or LBI's SIPA proceeding, and, for the avoidance of doubt, all rights of Barclays and its affiliates to: (i) seek the dismissal or the denial of the Rule 60 Motions[2] and/or

---

[2] The Rule 60 Motions are comprised of docket entries 5148, 5149, 5150, 5151, 5154, 5156, 5169, 5170, 5171, 5172, and 5173 in Case No. 08-13555 and docket entries 1682, 1683,1684, 1685, 1686, 1687, 1688, 1689, and 1702 in Case No. 08-01420.

dismissal or other relief in connection with the Adversary Proceedings[3] or (ii) seek enforcement of the Sale Orders[4] and secure delivery of any allegedly undelivered assets thereunder, including without limitation, pursuant to the Enforcement Motion[5] and the Memorandum of Law[6], are hereby reserved.

14.     To the extent that the automatic stay or any other stay entered in the Debtors' chapter 11 cases are applicable to any actions expressly contemplated to be taken by any JPMC Entity pursuant to the Agreement, such stay is hereby modified to the extent necessary to permit such JPMC Entity to take such actions.

15.     Notwithstanding anything to the contrary in the Agreement or this Order, no party-in-interest shall have the right to challenge the effectiveness of LBHI's Subrogation Right.

16.     The requirements of Bankruptcy Rule 6004(h) are waived and the terms of this Order shall be immediately effective and enforceable upon its entry.

---

[3] The Adversary Proceedings are: Adv. Pro. 09-01732 (JMP), Adv. Pro. 09-01731 (JMP) and 09-01733 (JMP), respectively.

[4] The Sale Orders are comprised of docket entry 258 in Case No. 08-13555 and docket entry 3 in Case No. 08-01420.

[5] The Enforcement Motion is docket entry 6814 in Case No. 08-13555 and docket entry 2581 in Case No. 08-01420.

[6] The Memorandum of Law is docket entry 6815 (as corrected by docket entry 7410) in Case No. 08-13555 and docket entry 2582 (as corrected by docket entry 2771) in Case No. 08-01420.

17.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and consummation of the Agreement.


Dated:  New York, New York
        March 24, 2010

                                        *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE