UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                  :
                        Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING LBSF'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 6004 OF THE BANKRUPTCY RULES, FOR AUTHORIZATION TO PAY ADMINISTRATIVE AND LEGAL FEES AND EXPENSES OF CERTAIN SPECIAL PURPOSE VEHICLES

Upon the motion, dated February 23, 2010 (the "Motion"), of Lehman Brothers Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to pay administrative and legal fees and expenses of certain special purpose vehicles incorporated in the Cayman Islands (the "Cayman SPVs"), all as more fully described in the Motion; and upon the declaration of Robert Hershan, dated February 23, 2010, in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to pay $586,920 to Maples Finance Limited (the "MFL Fees") and $103,242 to Maples and Calder (the "M&C Fees"); and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to make any additional payments on behalf of the Cayman SPVs with respect to the transactions set forth in Exhibit A hereto (the "Future Fees") in accordance with the following Notice Procedures:

- Prior to paying any Future Fees, LBSF will provide written notice ("Notice") to the Creditors' Committee describing the nature and the amount of the proposed Future Fees.

- The Creditors' Committee will have ten (10) business days from the date on which the Notice is sent to the Creditors' Committee to object to the proposed payment of such fees. Any objection must be in writing and delivered to the attorneys for LBSF so as to be received on or before the fifth business day after the Notice is received.

- If no written objection is received by LBSF's counsel in accordance with the procedures herein, LBSF is authorized to pay the proposed Future Fees and payment shall be deemed fully authorized by the Court

2

under the terms of the Order approving this Motion and no further notice or Court approval will be required or necessary.

- If the Creditors' Committee delivers a timely written objection to the proposed payment of the Future Fees, LBSF and the Creditors' Committee will use good faith efforts to resolve the objection. If LBSF and the Creditors' Committee are unable to achieve consensual resolution, LBSF will not proceed with the proposed payment of the Future Fees pursuant to these procedures, but may seek Court approval of the proposed payment upon an expedited notice and hearing, subject to the Court's availability.

- Nothing in the foregoing procedures will prevent LBSF, in its sole discretion, from seeking, upon notice and hearing, the Court's approval of any proposed payment of Future Fees, including on an expedited basis; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       March 24, 2010

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE