WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
James B. Kobak, Jr.
Kenneth E. Lee
Christopher K. Kiplok
Jeffrey M. Greilsheimer

Attorneys for James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*<br><br>                              **Debtors.** | **Chapter 11 Case No.**<br><br>**08-13555 (JMP)**<br><br>**(Jointly Administered)** |
| In re<br><br>**LEHMAN BROTHERS INC.**<br><br>                              **Debtor.** | **Case No.**<br>**08-01420 (JMP) SIPA** |
| **NEUBERGER BERMAN, LLC,**<br><br>                              **Plaintiff,**<br><br>v.<br><br>**PNC BANK, NATIONAL ASSOCIATION,**<br>**LEHMAN BROTHERS INC., and LEHMAN**<br>**BROTHERS COMMERCIAL CORP.,**<br><br>                              **Defendants.** | **Adversary Proceeding No.**<br>**09-01258 (JMP)** |

**NOTICE OF JOINT MOTION PURSUANT TO SECTION 363
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 AUTHORIZING
LEHMAN BROTHERS INC. TO ASSIGN ITS CLAIMS AGAINST NEUBERGER
BERMAN, LLC IN RESPECT OF CERTAIN TRANSACTIONS TO LEHMAN
BROTHERS COMMERCIAL CORPORATION IN EXCHANGE FOR AN INDEMNITY**

PLEASE TAKE NOTICE that Lehman Brothers Commercial Corporation

("LBCC") and James W. Giddens (the "Trustee"), trustee for the SIPA liquidation of Lehman

Brothers Inc. ("LBI"), by and through their respective undersigned attorneys, jointly filed a

motion (the "Motion") for entry of an order authorizing the assignment to LBCC of LBI's claims

against Neuberger Berman, LLC in respect of certain transactions, in exchange for a release of

LBCC's claims against LBI arising from such transactions, and an indemnity against claims of

other persons thereunder, together with a proposed order (the "Order").

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to entry of the

Order must (i) be in writing; (ii) state the name and address of the objecting party and nature of

the claim or interest of such party; (iii) state with particularity the legal and factual bases of such

objection; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-242, as amended by General Order M-269 (available at the

Court's website, www.nysb.uscourts.gov) by registered users of the Court's Electronic Case

Files system, and by all other parties in interest, on a 3.5 inch disk or CD-ROM, preferably in

Portable Document Format (PDF), WordPerfect or any other Windows-based word proceeding

format no later than **April 7, 2010 at 4:00 p.m.** (the "Objection Deadline"); and (vi) served on

(a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York, 10004, Attn:

Jeffrey M. Greilsheimer, Esq., (b) Securities Investor Protection Corporation, 805 Fifteenth

Street, N.W., Suite 800, Washington, DC 20005, Attn: Kenneth J. Caputo, Esq., (c) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard W.

Slack, Esq. and Robert J. Lemons, Esq., and (d) Milbank, Tweed, Hadley & McCloy LLP, 1

Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., with a courtesy copy to the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601.  Unless

objections are received by the Objection Deadline, the Order may be entered without a hearing.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion, if necessary,

will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United

States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling

Green, New York, New York 10004 (the "Bankruptcy Court"), on **April 14, 2010 at 10:00 a.m.**

(prevailing Eastern time) or as soon thereafter as counsel may be heard (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 24, 2010
     New York, New York

 /s/ Robert J. Lemons                        /s/ Christopher K. Kiplok             
Richard W. Slack                              James B. Kobak, Jr.
Robert J. Lemons                              Kenneth E. Lee
WEIL, GOTSHAL & MANGES LLP          Christopher K. Kiplok
767 Fifth Avenue                             Jeffrey M. Greilsheimer
New York, New York 10153                 HUGHES HUBBARD & REED LLP
Telephone: (212) 310-8000                One Battery Park Plaza
Facsimile: (212) 310-8007                 New York, New York 10004
                                           Telephone: (212) 837-6000
Attorneys for Debtors                     Facsimile: (212) 422-4726
and Debtors in Possession

                                           Attorneys for James W. Giddens, Esq. as
                                           Trustee for the SIPA Liquidation of Lehman
                                           Brothers Inc.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
James B. Kobak, Jr.
Kenneth E. Lee
Christopher K. Kiplok
Jeffrey M. Greilsheimer

Attorneys for James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | **08-13555 (JMP)** |
| Debtors. | **(Jointly Administered)** |
| **In re** | |
| **LEHMAN BROTHERS INC.** | **Case No.** |
| | **08-01420 (JMP) SIPA** |
| Debtor. | |
| **NEUBERGER BERMAN, LLC,** | |
| Plaintiff, | |
| v. | **Adversary Proceeding No.** |
| **PNC BANK, NATIONAL ASSOCIATION, LEHMAN BROTHERS INC., and LEHMAN BROTHERS COMMERCIAL CORP.,** | **09-01258 (JMP)** |
| Defendants. | |

**JOINT MOTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9019 AUTHORIZING LEHMAN BROTHERS INC.
TO ASSIGN ITS CLAIMS AGAINST NEUBERGER BERMAN, LLC IN RESPECT OF
CERTAIN TRANSACTIONS TO LEHMAN BROTHERS COMMERCIAL
CORPORATION IN EXCHANGE FOR A RELEASE AND INDEMNITY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Commercial Corporation ("LBCC", together with its affiliated

debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession, the

"Debtors" and, collectively with their non-debtor affiliates, "Lehman") and James W. Giddens

(the "Trustee"), as Trustee for the Securities Investor Protection Act ("SIPA") liquidation of

Lehman Brothers Inc. ("LBI"), by and through their undersigned counsels hereby submit this

motion (the "Motion") for entry of an order, pursuant to section 363 of title 11 of the United

States Code (the "Bankruptcy Code") and Bankruptcy Rules 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the assignment to LBCC of LBI's

claims against Neuberger Berman, LLC in respect of certain transactions, in exchange for a

release of LBCC's claims against LBI arising from such transactions, and an indemnity against

claims of other persons thereunder, together with a proposed order (the "Order").

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) of the

Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to § 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered an order commencing liquidation (the "LBI Liquidation Order") with respect to LBI pursuant to the provisions of SIPA in the case captioned Securities Investor Protection Corporation v. Lehman Brothers Inc., Case No. 08-CIV-8119 (GEL).

4.      The LBI Liquidation Order, among other things, (i) appointed the Trustee for the SIPA liquidation of the business of LBI pursuant to § 78eee(b)(3) of SIPA; and (ii) removed LBI's case to this Court pursuant to § 78eee(b)(4) of SIPA.

5.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"), and by order, dated January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

6.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.      LBCC and the Trustee seek the entry of an order, pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the assignment to LBCC of LBI's rights with respect to the Swap (defined below) in exchange for LBCC providing LBI with (i) a release of claims LBCC may have against LBI and (ii) an indemnity against claims that other persons may bring against LBI, each in connection with the same Swap.

3

**The Swap**

8.      On or about August 6, 2008, PNC Bank, National Association ("PNC")

and Neuberger Berman, LLC and/or Neuberger Berman, LLC's client trustees, as applicable

(collectively, "Neuberger") agreed to an exchange of currency (the "Swap"), by which PNC

agreed to pay to Neuberger EUR 26,400,000 and Neuberger agreed to pay to PNC USD

40,273,200.  This trade was effected through intermediary back-to-back trades with LBCC and

LBI.  Under these trades, Neuberger agreed to deliver USD 40,273,200 to Lehman on February

11, 2009, and Lehman agreed to deliver USD 40,273,200 to PNC.  On the same date, PNC, in

turn, agreed to deliver to Lehman EUR 26,400,000 and Lehman agreed to deliver EUR

26,400,000 to Neuberger.

9.      On February 11, 2009, Neuberger did not deliver the initial USD

40,273,200 to Lehman, and has not attempted to cure the breach subsequent to that date.  Based

on EUR and USD exchange rates on the date for delivery of currency, USD 40,273,200 was

worth more than EUR 26,400,000 on that date, meaning Neuberger had a loss on the Swap and

PNC had a gain.  Neuberger has requested LBI and LBCC to consent to Neuberger delivering the

difference in value of USD 40,273,200 and EUR 26,400,000 directly to PNC.

10.     On February 25, 2009, PNC initiated a breach of contract action against

Neuberger in the United States District Court for the Western District of Pennsylvania, Civil

Action No. 2:09-cv-245-TFM.  On June 1, 2009, Neuberger initiated an adversary proceeding in

this Court, *Neuberger Berman, LLC v. PNC Bank, N.A., Lehman Brothers Inc. & Lehman

Brothers Commercial Paper* (Case No. 09-01258) (the "Interpleader").  In the Interpleader,

Neuberger names LBCC, LBI, and PNC as interpleader defendants, and asks the Court to

determine their respective rights to the funds that Neuberger is obligated to pay pursuant to

certain document(s) that allegedly govern the terms of Swap.

### The Assignment

11.     The Trustee has determined that its interest, if any, in the Swap is not

necessary for the administration of LBI's estate.  LBCC has therefore requested that LBI assign

its rights under the Swap to LBCC.  The proposed assignment agreement (the "Assignment") is

attached hereto as Exhibit 1.  A summary of the salient terms of the Assignment is set forth

below.[1]

| | |
|---|---|
| ***The Assignment*** | The Trustee agrees to assign to LBCC (i) all rights between LBI and Neuberger with respect to transactions evidenced by the confirmations between LBI and Neuberger relating to the transaction asserted in the Interpleader (such transactions between LBI and Neuberger, the "Transactions"), and all monies received thereon or in respect thereof, including, without limitation, LBI's right to the interpleader funds held by or deposited by Neuberger in connection with the Interpleader; and (ii) the proceeds of any and all of the foregoing (the items specified in clauses (i) through (ii) being referred to herein as the "Assigned Property"). |
| ***The Release*** | In exchange for the assignment, LBCC will provide to LBI a release of any claim that it could assert against LBI arising out of or related to the transaction evidenced by the confirmation between LBI and LBCC that relates to the transaction described in the Interpleader (the "Release"). |
| ***The Indemnity*** | LBCC will also provide to LBI an indemnity (the "Indemnity") to LBI against any and all claims and actions brought by other persons that arise out of or in connection with the Transactions or the Assignment. |

12.     The Trustee's decision to assign to LBCC its rights with respect to the

Swap represents a reasonable exercise of LBI's business judgment.  LBCC's decision to provide

the Release and Indemnity in exchange for the Assigned Property is in the best interests of

---

[1]     This summary is qualified in its entirety by the terms and conditions of the Assignment, and is intended to be used for information purposes only and shall not in any way affect the meaning or interpretation of the Assignment.  The terms of the Assignment control, to the extent that there is any conflict or inconsistency between the summary and said terms.

LBCC, its estate and creditors, and all other parties in interest. As such, the relief requested in this Motion should be granted.

### The Agreement Is an Appropriate Exercise of The Trustee's And LBCC's Business Judgment And Meets the Legal Standard Established Under Rule 9019 And Is In The Trustee's And LBCC's Best Interests

13.     Section 363 of the Bankruptcy Code provides, in relevant part, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale, disposition or other use of a debtor's assets, courts in the Second Circuit and others, in applying this section, have required that it be based upon the sound business judgment of the debtor. *See In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992) (judge reviewing a section 363(b) application must find from the evidence presented a good business reason to grant such application); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same).

14.     Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee [or debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed R. Bankr. P. 9019(a). This rule empowers bankruptcy courts to approve compromises "if they are in the best interest of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). Indeed, courts have long considered compromises to be "a

6

normal part of the process of reorganization." *TMT Trailer Ferry,* 390 U.S. at 424 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939).

15.     The decision to approve a particular compromise lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).  "The settlement need not result in the best possible outcome for the debtor, but must not fall beneath the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at 505; see also *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).  Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).  However, the analysis must focus on the question of whether a particular compromise is "fair and equitable, and in the best interest of the estate." *In re Best Products*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted).

16.     While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation.  *Drexel Burnham Lambert Group*, 134 B.R. at 496.  "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact….  The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

17.     The court may give weight to the "informed judgments of the … debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*,

150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr.

S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for

the Trustee's, but only that I test his choice for reasonableness…. If the Trustee chooses one of

two reasonable choices, I must approve that choice, even if, all things being equal, I would have

selected the other.").

18.     Significantly, there is no requirement that "the value of the compromise …

be dollar-for-dollar the equivalent of the claim." *Ionosphere Clubs, Inc.*, 156 B.R. at 427.

Instead, "there is no reason, at least in theory, why a satisfactory settlement could not amount to

a hundredth or even a thousandth part of a single percent of the potential recovery." *Id.* at 427-

28 (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2nd Cir. 1974).

19.     The Trustee and LBCC seek approval of the Agreement under section 363

of the Bankruptcy Code insofar as the Agreement contemplates the transfer of LBI's rights under

the Swap in exchange for LBCC assuming the risk of the Trustee's exposure to liability in

connection with the Transaction and Swap.

20.     The assignment of LBI's rights under the Swap in exchange for the

Release and Indemnity will relieve LBI of any potential liability to LBCC, the other parties to

the Swap and for any claim arising out of the Assignment, and will allow LBI to remove itself

from dispute over the funds that are the subject of the Interpleader.  Accordingly, the Assignment

represents a sound exercise of the Trustee's business judgment and, consistent with Rule 9019 is

fair, equitable and serves the interests of the LBI estate.

21.     Similarly, LBCC's agreement to assume the Trustee's and LBI's potential

exposure in connection with the Transaction and the Assignment serves LBCC's interests and

should be approved under section 363 and Bankruptcy Rule 9019.

22.     The Agreement should be approved because LBCC is effectively releasing an unsecured claim against LBI in exchange for full payment directly from Neuberger. Furthermore, LBCC believes that it is unlikely that any persons will assert claims against LBI or the Trustee in connection with the Swap.  Accordingly, LBCC has concluded that it is in the best interests of LBCC, its estate, its creditors, and all parties in interest.

### Notice

23.     The Trustee has provided notice of the Motion pursuant to the Case Management Order entered in this proceeding [Docket No. 240].  The Trustee submits that no further notice need be given.

### No Prior Request

24.     No previous request for the relief sought herein has been made by the Trustee to this or any other court.

WHEREFORE the LBCC and the Trustee respectfully request entry of an order

attached hereto as Exhibit 2 granting the relief requested herein and such other and further relief

as it deems just and proper.

Dated: March 24, 2010
       New York, New York


 _/s/ Robert J. Lemons_____          _/s/ Christopher K. Kiplok_____
Richard W. Slack                             James B. Kobak, Jr.
Robert J. Lemons                             Kenneth E. Lee
WEIL, GOTSHAL & MANGES LLP                   Christopher K. Kiplok
767 Fifth Avenue                             Jeffrey M. Greilsheimer
New York, New York 10153                     HUGHES HUBBARD & REED LLP
Telephone: (212) 310-8000                    One Battery Park Plaza
Facsimile: (212) 310-8007                    New York, New York 10004
                                             Telephone: (212) 837-6000
Attorneys for Debtors                        Facsimile: (212) 422-4726
and Debtors in Possession
                                             Attorneys for James W. Giddens, Esq. as
                                             Trustee for the SIPA Liquidation of Lehman
                                             Brothers Inc.

**<u>EXHIBIT 1</u>**

**<u>Assignment Agreement</u>**

ASSIGNMENT AGREEMENT

        This Assignment Agreement, (the "Agreement") is made and entered into as of March 24, 2010 by and between James W. Giddens (the "Assignor"), as SIPA Trustee for the Liquidation of LEHMAN BROTHERS INC. ("LBI"), having an address at c/o Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York  10004 and LEHMAN BROTHERS COMMERCIAL CORPORATION, a Delaware corporation (the "Assignee"), having an address at 1271 Avenue of the Americas, New York, New York 10020.

        With effect from and including the date hereof and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor and the Assignee agree as follows:

1.    Assignment.    The Assignor hereby transfers and assigns to the Assignee and the Assignee hereby accepts such transfer and assignment from the Assignor of the following:

        (i)    all rights with respect to the transactions (the "Transactions") evidenced by the confirmations (copies of which are attached hereto as Exhibit I) between LBI and Neuberger Berman, LLC and/or Neuberger Berman, LLC's client trustees, as applicable (collectively, "NB") relating to the transaction asserted in the Complaint for Interpleader (Adversary Proceeding No. 09-01258; hereinafter the "Complaint") filed in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") and all monies received thereon or in respect of the Transactions, including, without limitation, the Assignor's right to the interpleader funds held by or deposited by NB in connection with the Complaint; and

        (ii)    the proceeds of any and all of the foregoing (the items specified in clauses (i) through (ii) being referred to herein as the "Assigned Property").

2.    Representations and Warranties.    The Assignor hereby represents and warrants to the Assignee that (a) LBI is the sole legal and beneficial owner of the Assigned Property, free and clear of any adverse claim and (b) it has full power and authority, and has taken all actions necessary, to execute and deliver this Agreement and to consummate the actions contemplated hereby.  The Assignor agrees that in the event that any payments applicable to the Assigned Property are received by the Assignor, such payments shall be received as the property of the Assignee and shall be immediately transferred to the Assignee in the form received, properly endorsed.

3.    Indemnification.    The Assignee hereby indemnifies the Assignor (in its capacity as Assignor or otherwise) and its current and former officers and directors, employees, agents and attorneys (collectively, the "Indemnified Parties"), against any and all claims and actions against any such Indemnified Parties brought by other persons, and shall hold the Assignor and the Indemnified Parties harmless against any loss, liability or expense incurred (including, without limitation, interest and reasonable attorneys' fees), that arise out of or in connection with this Assignment or the Transactions (any such claims or actions, "Indemnified Claims"); provided that such indemnification shall not apply to (x) any cost or expense incurred prior to the date hereof, including in connection with the review, negotiation or documentation of this Agreement and the documents entered into in connection therewith or with the Assignor's internal, routine or periodic compliance activities or (y) any loss, liability or expense incurred as a result of the gross negligence or willful misconduct of the Assignor or any Indemnified Party.

The Assignee shall be entitled to participate in and, upon notice to the Indemnified Party, assume the defense of any action or proceeding in respect of an Indemnified Claim in reasonable cooperation with, and with the reasonable cooperation of, the Indemnified Party; provided that the Assignee shall not settle any such action or proceeding without the prior written consent of the Assignor, which consent shall not be unreasonably withheld, conditioned or delayed. The Indemnified Party shall have the right to employ separate counsel in any such action or proceeding and to participate in the defense thereof at the expense of the Indemnified Party; provided, however, that the reasonable fees and expenses of such separate counsel shall be at the expense of the Assignee if (i) the Assignee has agreed to pay such fees and expenses, (ii) the Assignee shall have failed to assume the defense of such action or proceeding and employ counsel reasonably satisfactory to the Indemnified Party in any such action or proceeding or (iii) the named parties to any such action or proceeding (including any impleaded parties) include both the Indemnified Party and the Assignee, and the Indemnified Party shall have been advised by counsel that (A) there may be one or more legal defenses available to it that are different from or additional to those available to the Assignee and (B) the representation of the Assignee and the Indemnified Party by the same counsel would be inappropriate or contrary to prudent practice, in which case, if the Indemnified Party notifies the Assignee in writing that it elects to employ separate counsel at the expense of the Assignee, the Assignee shall not have the right to assume the defense of such action or proceeding on behalf of such Indemnified Party, it being understood, however, that the Assignee shall not, in connection with any one such action or proceeding or separate but substantially similar or related actions or proceedings in the same jurisdiction arising out of the same general allegations or circumstances, be liable for the reasonable fees and expenses of more than one firm of attorneys at any time for all Indemnified Parties, which firm shall be designated in writing by the Assignor. The Assignee shall not be liable for any settlement of any such action or proceeding effected without its written consent, which consent shall not be unreasonably withheld, conditioned or delayed, but, if settled with its written consent, the Assignee agrees to indemnify and hold the Indemnified Party harmless from and against any loss or liability by reason of such settlement.

4.      Release.      The Assignee hereby generally releases, discharges and acquits the Assignor, and its current and former officers and directors, employees, agents and attorneys (each of the foregoing, a "Released Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that the Assignee ever had or claimed to have, or now has or claims to have presently or at any future date, against any Released Party arising under or related to the transaction evidenced by the confirmation (a copy of which is attached hereto as Exhibit II) between the Assignor and the Assignee and/or the transaction described in the Complaint.

5.      Further Assurances.      The Assignor hereby agrees to execute and deliver to the Assignee such further and additional documents or instruments as may be reasonably necessary or appropriate to effectively transfer, convey and perfect to the Assignee all of the rights and privileges contemplated hereby, as well as such instructions, notifications, authorizations, assignments, instruments and other documents as the Assignee may reasonably request in confirmation of, and/or in furtherance of, the absolute assignment to the Assignee made hereunder.

6.      Court Order.      This Agreement is subject to the entry of a final order by the Bankruptcy Court authorizing and approving entry into this Agreement by both the Assignor and the Assignee. The Assignee shall attach a copy of such order as Exhibit III hereto, promptly following its entry, as evidence

2

of such approval.  Notwithstanding such Bankruptcy Court approval, this Agreement shall only become effective when such order has become final and is no longer subject to any appeal or stay.

7.      <u>Governing Law</u>.        This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to the principles of conflicts of laws.  The United States Bankruptcy Court for the Southern District of New York shall have jurisdiction over any dispute arising out of this Agreement.

8.      <u>Counterparts</u>.   This Agreement may be executed and delivered in one or more counterparts, all of which shall constitute one and the same instrument.

9.      <u>Amendments, Modifications, Waivers</u>.   This Agreement may be waived, changed, modified or discharged only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

10.     <u>Headings</u>.        The section headings in this Agreement are for convenience of reference only, and shall not be deemed to alter or affect the meaning or interpretation of any provisions hereof.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the 24th day of March, 2010.

**ASSIGNOR:**

James W. Giddens, Esq., as Trustee for the liquidation of LEHMAN BROTHERS INC.

By: _____

Name: *Christopher Kiplok*

Title: *Counsel to the Trustee*

**ASSIGNEE:**

LEHMAN BROTHERS COMMERCIAL CORPORATION, a Delaware corporation, as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York

By: _____

Name:

Title:

4

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the 24th day of March, 2010.

**ASSIGNOR:**

James W. Giddens, Esq., as Trustee for the liquidation of LEHMAN BROTHERS INC.

By: _____
Name:
Title:

**ASSIGNEE:**

LEHMAN BROTHERS COMMERCIAL CORPORATION, a Delaware corporation, as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York

By: _____
Name: Deb Hersha
Title: VP.

4

**EXHIBIT 2**

**Bankruptcy Court Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | **08-13555 (JMP)** |
| Debtors. | **(Jointly Administered)** |
| **In re** | |
| **LEHMAN BROTHERS INC.** | **Case No.** |
| Debtor. | **08-01420 (JMP) SIPA** |
| **NEUBERGER BERMAN, LLC,** | |
| Plaintiff, | |
| **v.** | |
| **PNC BANK, NATIONAL ASSOCIATION, LEHMAN BROTHERS INC., and LEHMAN BROTHERS COMMERCIAL CORP.,** | **Adversary Proceeding No. 09-01258 (JMP)** |
| Defendants. | |

**ORDER GRANTING JOINT MOTION**
**PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULE 9019 AUTHORIZING LEHMAN BROTHERS INC.**
**TO ASSIGN ITS CLAIMS AGAINST NEUBERGER BERMAN, LLC IN RESPECT**
**OF CERTAIN TRANSACTIONS TO LEHMAN BROTHERS COMMERCIAL**
**CORPORATION IN EXCHANGE FOR A RELEASE AND INDEMNITY**

Upon the motion, dated March 24, 2010 (the "Motion"), of Lehman Brothers

Commercial Corporation ("LBCC," together with its affiliated debtors in the above-captioned

chapter 11 cases, as debtors and debtors in possession, the "Debtors" and, collectively with their

non-debtor affiliates, "Lehman") and James W. Giddens (the "Trustee"), as Trustee for the

Securities Investor Protection Act ("SIPA") liquidation of Lehman Brothers Inc. ("LBI"),

pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and

Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the assignment to LBCC of LBI's claims against Neuberger

Berman, LLC in respect of certain transactions, in exchange for a release of LBCC's claims

against LBI arising from such transactions, and an indemnity against claims of other persons

thereunder (the "<u>Assignment</u>"), together with a proposed order (the "<u>Order</u>"), as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided; and it appearing that no other or further notice need be

provided; and a hearing having been held to consider the relief requested in the Motion; and the

Court having found and determined that the relief sought in the Motion is in the best interests of

LBCC and LBI, their respective estates, customers and creditors; and LBCC and the Trustee

having articulated good, sufficient and sound business justifications for the relief requested in the

Motion; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that pursuant to section 363(b) of the Bankruptcy Code and

Bankruptcy Rule 9019, the Assignment is approved and LBCC and LBI are duly authorized to

execute, deliver, implement and fully perform any and all obligations, instruments, documents

and papers and to take any and all actions reasonably necessary or appropriate to consummate

the Assignment and perform any and all obligations contemplated therein; and it is further

       ORDERED that the terms of this Order shall be immediately effective and

enforceable upon its entry; and it is further

       ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

ORDERED that the Trustee and LBI are dismissed from the adversary proceeding captioned *Neuberger Berman, LLC v. PNC Bank, N.A., Lehman Brothers Inc. & Lehman Brothers Commercial Paper* (Case No. 09-01258) (the "Interpleader Action"), that is pending before this Court; and it is further

ORDERED that no reason exists for delay in this Order becoming final pursuant to Federal Rule of Civil Procedure 54(b) as made applicable in this proceeding by Bankruptcy Rule 7054.  The Clerk is hereby directed to enter this Order dismissing LBI and the Trustee from the Interpleader Action pursuant to Federal Rule of Civil Procedure 54(b); and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE