**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :
----------------------------------------------------------------x

**ORDER GRANTING THE DEBTORS'
APPLICATION PURSUANT TO SECTION 327(a) OF THE
BANKRUPTCY CODE TO RETAIN AND EMPLOY DELOITTE TAX LLP
AS TAX SERVICES PROVIDERS *NUNC PRO TUNC* TO NOVEMBER 1, 2008**

Upon the Application, dated February 16, 2010 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 327(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authority to retain and employ Deloitte Tax LLP ("Deloitte Tax") as tax services providers, *nunc pro tunc* to November 1, 2008, as more fully set forth in the Application; and upon consideration of the Declaration of Samuel Lowenthal, a partner of Deloitte Tax, sworn to February 16, 2010, filed in support of the Application, a copy of which is attached to the Application as Exhibit 1; and the Court being satisfied, based on the representations made in the Application and the Lowenthal Declaration, that Deloitte Tax represents or holds no interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Deloitte Tax as their tax services providers, *nunc pro tunc* to November 1, 2008, on the terms and conditions generally described and set forth in the Engagement Letters, subject to the following modifications:

    a.    Paragraph 15 of the General Business Terms of the Engagement Letters shall be deemed stricken and replaced with the following:

**Indemnification.**  The Client shall indemnify and hold harmless Deloitte Tax, its subcontractors and their respective personnel from all Claims except to the extent such claims arise out of the gross negligence, bad faith or intentional misconduct of Deloitte Tax or its subcontractors.  In

  circumstances where all or any portion of the provisions of this paragraph are finally determined to be unavailable, the aggregate liability of Deloitte Tax, its subcontractors and their respective personnel for any Claim shall not exceed an amount which is proportional to the relative fault that their conduct bears to all other conduct giving rise to such Claim.

 b. All requests of Deloitte Tax for payment of indemnity pursuant to the Engagement Letters shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letters and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; <u>provided, however</u>, that in no event shall Deloitte Tax be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

 c. In no event shall Deloitte Tax be indemnified if the Debtors or a representative of the estates asserts a claim for, and a court determines by final order that such claim arose out of, Deloitte Tax's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

 d. In the event that Deloitte Tax seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letters, the invoices and supporting time records from such attorneys shall be included in Deloitte Tax's own monthly fee statement and shall be subject to the same payment procedures applicable to professionals in these cases.

 e. Paragraph 16 of the General Business Terms of the Engagement Letters shall be deemed stricken and replaced with the following:

  **Governing Law and Severability.** These terms, the Engagement Letters (including exhibits), and all matters relating to this engagement shall be governed by, and construed in accordance with, the laws of the State of New York (without giving effect to the choice of law principles thereof). If any provision of such terms or the Engagement Letters is found by a court of competent jurisdiction to be unenforceable, such provision shall not affect the other provisions, but such unenforceable provision shall be deemed modified to the extent necessary to render it enforceable, preserving to the fullest extent permissible the intent of the parties set forth herein.

; and it is further:

  ORDERED that Deloitte Tax shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals; and it is further

ORDERED that, to the extent this Order is inconsistent with the Engagement Letters, this Order shall govern; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      March 25, 2010

                                         *s/ James M. Peck*
                                         Honorable James M. Peck
                                         United States Bankruptcy Judge