WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                     :

**In re**                               :       **Chapter 11 Case No.**
                                     :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :       **08-13555 (JMP)**
                                     :

                **Debtors.**    :       **(Jointly Administered)**
                                     :

-------------------------------------------------------------------x

**DECLARATION OF ALFREDO R. PÉREZ**
**IN SUPPORT OF ORDER TO SHOW CAUSE TO CONSIDER**
**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019**
**FOR AUTHORITY TO COMPROMISE CONTROVERSY IN CONNECTION**
**WITH A REPURCHASE TRANSACTION WITH FENWAY CAPITAL,**
**LLC AND A COMMERCIAL PAPER PROGRAM WITH FENWAY FUNDING, LLC**

       I Alfredo R. Pérez, being fully sworn, hereby declare that the following is true to the best

of my knowledge, information, and belief:

          1.      I am an attorney admitted to practice before this Court and a partner of

Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtors (including Lehman Commercial Paper Inc. ("LCPI")) in the above-referenced

chapter 11 cases (together, the "Debtors").  Unless otherwise indicated, I have knowledge of the

facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

          2.      I submit this declaration in support of the Order to Show Cause ("Order to

Show Cause") in connection with the Debtors' motion, dated March 25, 2009 (Docket no. 7831,

the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") authorizing LBHI and LCPI to compromise controversy in connection with

a repurchase transaction with Fenway Capital, LLC ("Fenway Capital") and a commercial paper

program with Fenway Funding, LLC ("Fenway Funding").

3.      Pursuant to the procedures set forth in the amended order entered on

February 13, 2009 governing case management and administrative procedures for these cases

[Docket No. 2837], the Motion requires at least twenty days' notice, plus an additional one days'

notice for service by overnight delivery.  The Debtors are requesting an order to shorten, by one

day, the notice period ordinarily required and setting the date of April 14, 2010, for the hearing

on the Motion.

**The Need for Shortened Notice with Respect to the Motion**

4.      Pursuant to the Motion the Debtors seek to enter into a compromise which

will result in a repurchase of certain assets under a repurchase agreement with Fenway Capital

(the "Fenway Repo") and a subsequent termination of such repurchase agreement and the

cancellation of a commercial paper program with Fenway Funding (the "CP Program").

5.      Cause exists to shorten the notice period ordinarily required for the

Motion.  The Debtors believe that the termination of the Fenway Repo and the cancellation of

the CP Program cannot be delayed until the next hearing date in May, because the cost

associated with the litigation involving the Fenway Repo and the CP Program are a drain on

estate assets.

6.      Pursuant to the Fenway Repo, LCPI transferred its interests in certain real

property loans and other assets to Fenway Capital (the "Repo Assets").  Among the Repo Assets

are various term loans (the "SunCal Loans") that were made to affiliates (the "SunCal Debtors")

of SCC Acquisitions, Inc. and secured by deeds of trust on real property and pledges of equity interests. In the adversary proceeding commenced in January, 2009 by the SunCal Debtors against various affiliates of LCPI in connection with the SunCal Loans, LCPI and Fenway Capital were named as defendants (the "SunCal Adversary Proceeding"). Importantly, the termination of the Fenway Repo and the cancellation of the CP Program may allow LCPI to end the litigation regarding the ownership of the loans repo'd to Fenway at issue in the SunCal Cases, and enable Fenway Capital to seek dismissal of certain claims against it in the SunCal Adversary Proceeding, which would result in a reduction in the expense of additional litigation regarding the ownership of the loan repo'd to Fenway.

7.    The litigation relating to the SunCal Loan portion of the Repo Assets has gone on for ten months and continues today. Fenway has incurred over $1.0 million dollars in legal fees and the Lehman estate has also incurred millions of dollars in fees and expenses. Upon the completion of transaction contemplated by the Motion, LCPI will complete the repurchase of the SunCal Loans under the Fenway Repo and possibly moot any further needless litigation over the repurchase transaction in the SunCal bankruptcy.

8.    Additionally, in the original repurchase transaction, LBHI pledged the CP Notes to JPMorgan Chase, N.A. ("JPM"). On March 17, 2010, the Court approved an agreement between JPM and various Lehman entities (the "JPM Agreement"), pursuant to which, among other things, JPM agreed to assign its pledge with respect to the CP Notes to LBHI and to assign, transfer and deliver the CP Notes to LBHI. Upon the consummation of the JPM Agreement, the Debtors will, for the first time, be the sole holder of the CP Notes. The Debtors wish to act as expeditiously as possible, and at the first opportunity, to eliminate the expense and time delay

inherent in maintaining the Fenway Repo and CP Program, now that JPM is no longer the holder

of the CP Notes.

9.      The Debtors had intended to file the Motion with the Court one day

earlier, which would have allowed for a regular notice period.  However, due to the complexity

of the transaction and the need to consult with numerous parties involved, the Debtors were

unexpectedly delayed in their filing.  While the Official Committee of Unsecured Creditors (the

"UCC") has not taken a formal position with respect to the Motion, the UCC does not oppose the

request to set the matter for hearing on April 14, 2010.

10.      Accordingly, the Debtors request that the Court enter the Order to Show

Cause to proceed to shorten the notice period for the motion by one day, so the Motion can be

considered on Motion on April 14, 2010 at 10:00 a.m. (Prevailing Eastern Time), with objections

and responses, if any, to be received by April 7, 2010 at 4:00 p.m. (Prevailing Eastern Time).

Dated:    March 26, 2010

/s/ Alfredo R. Pérez
Alfredo R. Pérez, Esq.