# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc     Case No.    08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Yorvik Partners LLP** | **Kreissparkasse Heinsberg** |
|---|---|
| Name of Transferee | Name of Transferor |

| Name and Address where notices to transferee should be sent:<br>Lisa King<br>Yorvik Partners LLP<br>11 Ironmonger Lane<br>London EC2V 8EY<br>U.K. | Court Claim # (if known): 27006<br><br>Amount of Claim: US$ 21,664,012.42 (transferred amount 100%)<br><br>Date Claim Filed: 21 October 2009 |
|---|---|
| Phone: +44 20 7796 5906 | |
| e-mail: l.king@yorvikpartners.com | |
| Last Four Digits of Acct. #: _____ | Last Four Digits of Acct. #: _____ |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____     Date: __16 March 2010__
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.



# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc        Case No.    08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 35510 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on      .

| **Kreissparkasse Heinsberg** | **Yorvik Partners LLP** |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Dr Eberle Platz 1<br>Erkelenz DE-41812<br>Germany | Lisa King<br>Yorvik Partners LLP<br>11 Ironmonger Lane<br>London EC2V 8EY<br>U.K. |

### ~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                                  CLERK OF THE COURT

## LMA ASSIGNMENT (DISTRESSED/CLAIMS)

ASSIGNOR:   Kreissparkasse Heinsburg          Date:  3 November 2009

ASSIGNEE:   Yorvik Partners LLP

This Assignment is entered into pursuant to the agreement (the "Sale Agreement") evidenced by the Confirmation dated 15 October 2009 with a trade date of 15 October 2009 between the Assignor and the Assignee (acting directly or through their respective agents).

On the Settlement Date, the assignment of the Assigned Assets by the Assignor to the Assignee on the terms set out herein shall become effective subject to:

(a)   the Sale Agreement and the terms and conditions incorporated in the Sale Agreement;

(b)   the terms and conditions annexed hereto; and

(c)   the schedule annexed hereto,

all of which are incorporated herein by reference.

The Assignor                                   The Assignee

**KREISSPARKASSE HEINSBURG**                   **YORVIK PARTNERS LLP**

By:                                            By: *[signature]*

05 Nov 2009 13:51    KSK HS RECHTSABTEILUNG    +49 2431 804499    S.2

## LMA ASSIGNMENT (DISTRESSED/CLAIMS)

ASSIGNOR:    Kreissparkasse Heinsburg            Date: 3 November 2009

ASSIGNEE:    Yorvik Partners LLP

This Assignment is entered into pursuant to the agreement (the "Sale Agreement") evidenced by the Confirmation dated 15 October 2009 with a trade date of 15 October 2009 between the Assignor and the Assignee (acting directly or through their respective agents).

On the Settlement Date, the assignment of the Assigned Assets by the Assignor to the Assignee on the terms set out herein shall become effective subject to:

(a)    the Sale Agreement and the terms and conditions incorporated in the Sale Agreement;

(b)    the terms and conditions annexed hereto; and

(c)    the schedule annexed hereto,

all of which are incorporated herein by reference.

The Assignor                                The Assignee

KREISSPARKASSE HEINSBURG                    YORVIK PARTNERS LLP

By:                                         By:

Lothar Salentin

Hans-Josef Mertens

504-1000/DEAL/2301198.1

## SCHEDULE

**Credit Agreement Details:**

| | |
|---|---|
| Borrower(s): | **Lehman Brothers Bankhaus AG** |
| Credit Agreement Dated: | Deposit confirmation and Claim dated 10 July 2008 filed with the Insolvency Administrator – Beglaubigter Auszug aus der Insolvenztabell |
| Governing Law of the Credit Agreement: | German Law |
| Guarantor(s): | **Lehman Brothers Holding Inc Guarantee** |
| Guarantee Agreement Dated: | 21 November 2002 and Proof of Claim under Case No. 08-13555, dated 22 September 2009 filed with the United States Bankruptcy Court Southern District of New York |
| Governing Law of the Guarantee Agreement: | New York Law |
| Agent Bank: | N/A |
| Security: | ☑ No |
| Total Facility Amount: | **EUR 15,000,000.00** |
| | |
| Additional Information: | None |

**Assignment Details:**
*Assigned Claims:*

| | |
|---|---|
| Assignor's Claim Amount:[1] | **EUR 15,000,000.00** |
| Traded Portion (amount): | **EUR 15,000,000.00** |
| | |
| Settlement Date: | 6 November 2009 |

**Status of Claim** (specify)
☑ **Proof of debt filed**
☐ No proof of debt filed and no deadline expired for the submission of claims
☐ Claim is admitted

**Administration Details**

| | |
|---|---|
| Assignor's Receiving Account: | BIC-Code: MARKDEF1350<br>Bank: Deutsche Bundesbank<br>Account: 31251220<br>IBAN: DE15250000000031251220 |

---

[1] As at the date of the Assignment.

Assignee's Receiving Account:    BIC: COUTGB22
Bank: Coutts & Co, 440 Strand, London WC2R 0QS
A/C: 10469389
IBAN: GB 17COUT 1800 9110 4693 89
REF: Yorvik Partners LLP

**Addresses**

| Assignor | Assignee |
|---|---|
| Kreissparkasse Heinsburg | Yorvik Partners LLP |
| Address: Hermann-Hisef-Gormanns Str 14-16 | Address: 11 Ironmonger Row |
| 41812 Erkelenz | London EC2V 8EY |
| Germany | U.K. |
| Telephone: +44 2 431 804490 | Telephone: + 44 20 7796 5906 |
| Facsimile: +44 2 431 804499 | Facsimile: +44 20 7796 5919 |
| Attn/Ref: Dr Udo Mitsch | Attn/Ref: Lisa King |

S04-1000/DEAL/2301198.1

## TERMS AND CONDITIONS

These are the Terms and Conditions applicable to the assignment including the Schedule thereto (the "**Assignment**") to which they are annexed.

1. **INTERPRETATION**

1.1 **Definitions**

In these Terms and Conditions words and expressions shall (unless otherwise expressly defined herein) bear the meaning given to them in the Assignment or in the Sale Agreement and:

"**Assigned Assets**" means all of the rights and benefits of the Assignor under or in respect of the Credit Documentation corresponding to the Traded Portion including, without limitation, (a) the rights and interests of the Assignor in and in respect of the benefit of any guarantee or other assurance against loss given by any Guarantor and any other security and in respect of amounts owing to the Assignor under or in respect of the Traded Portion and (b) where the Traded Portion represents the Assignor's entire claim in the Insolvency Proceedings of the Borrower, all of the Seller's right to prove in the Insolvency Proceedings of the Borrower. The Assigned Assets shall not include the Retained Rights;

"**Guarantor**" means any person who has given a guarantee, indemnity, security interest or other assurance against loss to the Assignor (or any person acting on the Assignor's behalf) in respect of any obligations of any Borrower to the Assignor in relation to the Traded Portion;

"**Insolvency Officer**" means any receiver, administrator, liquidator, provisional liquidator, administrative receiver, trustee, supervisor of a voluntary arrangement, similar officer appointed pursuant to a scheme of arrangement under sections 895 - 901 of the Companies Act 2006 (as amended or re-enacted from time to time) or similar officer appointed under the Insolvency Act 1986 (as amended or re-enacted from time to time) or any other officer appointed under any other procedure under any law or any jurisdiction of, or having, similar or analogous powers over all or any of the assets of an Obligor;

"**Insolvency Proceedings**" means receivership, administration, liquidation, appointment of a provisional liquidator, winding-up, dissolution, voluntary arrangement, scheme of arrangement under sections 895 - 901 of the Companies Act 2006 (as amended or re-enacted from time to time) or any insolvency procedure under the Insolvency Act 1986 (as amended or re-enacted from time to time) or any other procedure under any law of any jurisdiction of, or having, a similar or analogous nature of effect;

"**Party**" means a party to the Assignment;

"**Receiving Account**" means, the account of each Party designated as its Receiving Account as specified in the Assignment; and

"**Settlement Date**" means the date specified as such in the Schedule.

504-1000/DEAL/2301198.1

1.2 **Construction**

    1.2.1 In the Assignment and these Terms and Conditions, unless the contrary intention appears, a reference to:

        (a) a Clause or Exhibit is a reference to a clause of or exhibit to these Terms and Conditions;

        (b) the Schedule is a reference to the schedule to the Assignment; and

        (c) a person includes its successors and assigns.

    1.2.2 The headings in these Terms and Conditions are for convenience only and are to be ignored in construing them.

    1.2.3 If there is any inconsistency between these Terms and Conditions and the Sale Agreement, the Sale Agreement shall prevail.

    1.2.4 References to any document shall be references to the same as amended, varied, supplemented, replaced or restated in any manner from time to time.

1.3 **Third Party Rights**

A person who is not a Party has no rights under the Contracts (Rights of Third Parties) Act 1999 to enforce or to enjoy the benefit of any term of the Assignment.

2. **ASSIGNMENT**

2.1 **Consents**

The Assignment is conditional upon the obtaining of all necessary consents or other documents required to allow such Assignment to be effected.

2.2 **Undertaking and Payment**

    2.2.1 The Assignee agrees that, on the Settlement Date it shall accept the assignment of the Assigned Assets; and

    2.2.2 Each Party agrees to pay to the other Party the Settlement Amount on the Settlement Date, to the extent so specified in the Pricing Letter.

2.3 **Completion**

Subject to compliance with all of the other conditions set out herein and in the Sale Agreement, completion of the Assignment shall take effect on the Settlement Date on receipt by the Assignor (or, as the case may be, the Assignee) of the Settlement Amount.

2.4 **Excluded Rights**

    2.4.1 The Sale Agreement regulates the allocation of and entitlement to payments under the Credit Agreement.

    2.4.2 If any amount to which the Assignee is entitled pursuant to the Sale Agreement is received or recovered by the Assignor, the Assignor shall forthwith pay that amount to the Assignee for same day value together with interest on it from the date of receipt of the amount to the date of payment, calculated at the overnight rate charged to the Assignee's Receiving Account in respect of each day of that

period if the account, is or would be, in debit and, pending such payment, the Assignor shall hold that amount on trust for the Assignee.

2.4.3 If any amount to which the Assignor is entitled pursuant to the Sale Agreement is received or recovered by the Assignee, the Assignee shall forthwith pay that amount to the Assignor for same day value together with interest on it from the date of receipt of the amount to the date of payment, calculated at the overnight rate charged to the Assignor's Receiving Account in respect of each day of that period if the account is, or would be, in debit and, pending such payment, the Assignee shall hold that amount on trust for the Assignor.

2.5 **Ancillary Rights and Claims and Retained Rights**

Nothing in the Assignment shall affect, or is with prejudice to, the sale, assignment and conveyance of the Ancillary Rights and Claims and, if applicable, the Retained Rights by the Assignor to the Assignee pursuant to the Sale Agreement.

3. **PAYMENTS**

3.1 **Place**

All payments by either Party to the other under the Assignment shall be made to the Receiving Account of that other Party. Each Party may designate a different account as its Receiving Account for payment by giving the other not less than five Business Days notice before the due date for payment.

3.2 **Funds and Currency**

Payments under the Assignment shall be made in the currency in which the amount is denominated for value on the due date at such times and in such funds as are customary at the time for settlement of transactions in that currency.

4. **ASSIGNEE'S ACKNOWLEDGEMENTS, REPRESENTATION AND WARRANTY**

4.1 The Assignor notifies the Assignee and the Assignee acknowledges that, except as otherwise specified in the Sale Agreement:

4.1.1 the Assignor shall have no obligation to repurchase or reacquire all or any part of the Assigned Assets from the Assignee or to support any losses directly or indirectly sustained or incurred by the Assignee for any reason whatsoever, including the non-performance by any Obligor under the Credit Documentation of its obligations thereunder; and

4.1.2 any rescheduling or renegotiation of the Assigned Assets shall be for the account of, and the responsibility of, the Assignee, who will be subject to the rescheduled or renegotiated terms.

4.2 The Assignor represents and warrants to the Assignee that the Assigned Assets are free from any rights of set-off.

5. **STATUS OF CLAIMS**

The Assignor, as of the Settlement Date, represents and undertakes to the Assignee that:

504-1000/DEAL/2301198.1

5.1  where the Schedule indicates "proof of debt filed", the Assignor's claim against the Borrower on account of the Traded Portion has been duly filed in the Insolvency Proceedings of the Borrower and the copies of the proofs of debt provided pursuant to conditions 8.1 or 8.2 of the terms and conditions incorporated into the Sale Agreement are true, correct and complete;

5.2  where the Schedule indicates "No proof of debt filed and no deadline expired for the submission of claims", no deadline has passed for the submission of claims in respect of the Insolvency Proceedings of the Borrower and the Assignor's claim has not yet been filed thereunder; or

5.3  where the Schedule indicates "Claim is admitted", the Assignor's claim against the Borrower on account of the Traded Portion has been validly admitted in the Insolvency Proceedings of the Borrower.

6.   **ASSIGNMENT OF RIGHTS**

The Assignment shall be binding upon and enure to the benefit of each Party hereto and their respective successors and permitted assigns provided that neither Party may assign or transfer its rights thereunder without the prior written consent of the other Party.

7.   **NOTICE**

It is agreed that, upon completion of the Assignment in accordance with Clause 2 (a) a notice in the form of Exhibit A shall be delivered to any Agent in respect of the Credit Documentation if so required under the terms of the Credit Documentation and (b) a notice in the form of Exhibit B shall be delivered to the Insolvency Officer of each Obligor (and each Party shall execute such notices and co-operate in such delivery).

8.   **GOVERNING LAW AND JURISDICTION**

The Assignment (including, without limitation, these Terms and Conditions) and any non-contractual obligations arising out of or in connection with it shall be governed by the laws of England.

The courts of England have non-exclusive jurisdiction to settle any dispute arising out of or in connection with the Assignment (including, without limitation, these Terms and Conditions) (including, without limitation, a dispute relating to any non-contractual obligation arising out of or in connection with the Assignment (including, without limitation, these Terms and Conditions)).

Each Party irrevocably appoints the person described as process agent (if any) specified in the Sale Agreement to receive on its behalf service of any action, suit or other proceedings in connection with the Assignment (including, without limitation, these Terms and Conditions). If any person appointed as process agent ceases to act for any reason the appointing Party shall notify the other Party and shall promptly appoint another person incorporated within England and Wales to act as its process agent.