# United States Bankruptcy Court
# Southern District of New York

In re:  Lehman Brothers Holdings Inc            Case No.    08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Yorvik Partners LLP** | **York Capital Management, L.P.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Lisa King
Yorvik Partners LLP
11 Ironmonger Lane
London EC2V 8EY
U.K.

e-mail: l.king@yorvikpartners.com

Phone:    +44 20 7796 5906

Last Four Digits of Acct. #: _____

Court Claim # (if known):    Original Claim Number 27006

Amount of Claim:  US$ 21,664,012.42 (transferred amount 100%)

Date Claim Filed:    29 September 2009

Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____[signature]_____                    Date:  __16 March 2010__
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

[RECEIVED stamp: MAR 23 2010 U.S. BANKRUPTCY COURT SDNY]

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc                    Case No.    08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 27006 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on          .

| **York Capital Management, L.P.** <br> Name of Alleged Transferor <br><br> Address of Alleged Transferor: <br><br> 767 Fifth Avenue, 17th Floor <br> New York, NY 10153 <br> USA | **Yorvik Partners LLP** <br> Name of Transferee <br><br> Address of Transferee: <br><br> Lisa King <br> Yorvik Partners LLP <br> 11 Ironmonger Lane <br> London EC2V 8EY <br> U.K. |
|---|---|

### ~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____              _____
                                                                    CLERK OF THE COURT

## LMA ASSIGNMENT (DISTRESSED/CLAIMS)

ASSIGNOR:    York Capital Management, L.P.    Date: 26 ~~January~~ February, 2010

ASSIGNEE:    Yorvik Partners LLP

This Assignment is entered into pursuant to the agreement (the "**Sale Agreement**") evidenced by the Confirmation with a trade date of 26 November 2009 between the Assignor and the Assignee (acting directly or through their respective agents).

On the Settlement Date, the assignment of the Assigned Assets by the Assignor to the Assignee on the terms set out herein shall become effective subject to:

(a)    the Sale Agreement and the terms and conditions incorporated in the Sale Agreement;

(b)    the terms and conditions annexed hereto; and

(c)    the schedule annexed hereto,

all of which are incorporated herein by reference.

**The Assignor**                    **The Assignee**

YORK CAPITAL MANAGEMENT, L.P.       YORVIK PARTNERS LLP

By: *[signature]*                   By: *[signature]*

Name: Adam J. Semler                Name:

Title: CFO                          Title:

Date: 2/19/10                       Date:

SIMON MULLALY
PARTNER

452-288/AGR/2404862.2

## SCHEDULE

**Credit Agreement Details:**

**Contractual Claim:**

| | |
|---|---|
| Borrower(s): | Lehman Brothers Bankhaus AG |
| Credit Agreement Dated: | Claim in the amount of EUR 15,000,000.00 evidenced by a transaction confirmation - dated 10 July 2008 and evidenced by an excerpt from the insolvency table dated 15 July 2009 (sequential no. 9) by the Insolvency Administrator - Beglaubigter Auszug aus der Insolvenztabelle in the amount of EUR 15,000,000.00 |
| Governing Law of the Credit Agreement: | German Law |

**Guarantee Claim**

| | |
|---|---|
| Guarantor(s): | Lehman Brothers Holding Inc. |
| Guarantee Agreement Dated: | 21 November 2002 and Proof of Claim under Case No. 08-13555, (JMP) (Jointly Administered) in re Lehman Brothers Holdings Inc. et al, dated 22 September 2009 filed with the United States Bankruptcy Court Southern District of New York |
| Governing Law of the Guarantee Agreement: | New York Law |
| Agent Bank: | N/A |
| Total Facility Amount: | EUR 15,000,000.00 |
| Additional Information: | None |

**Assignment Details:**

*Assigned Claims:*

| | |
|---|---|
| Assignor's Claim Amount[1] | EUR 15,000,000.00 |
| Traded Portion (amount): | EUR 15,000,000.00 |
| Settlement Date: | 26 February, 2010 |

**Status of Contractual Claim (specify)**
☑ Contractual Claim is admitted

**Status of Guarantee Claim (specify)**
☑ Proof of debt filed in relation to the Guarantee Claim

452-288/AGR/2404862.2

Assignor's Receiving Account:   BIC: CHASDEFX
Bank: JP Morgan Frankfurt
A/C: 6001601274
IBAN: DE62501108006001601274
FFC: York Capital Management, L.P.
FFC A/C: 102-19770-28

Assignee's Receiving Account:   BIC: COUTGB22
Bank: Coutts & Co, 440 Strand, London WC2R 0QS
A/C: 10469389
IBAN: GB 17COUT 1800 9110 4693 89
REF: Yorvik Partners LLP

**Addresses**

| Assignor | Assignee |
|---|---|
| York Capital Management, L.P. | Yorvik Partners LLP |
| Address: 767 Fifth Avenue, 17th Floor, New York, NY 10153 USA | Address: 11 Ironmonger Row London EC2V 8EY |
| Telephone: + 1 212 710 6549 | Telephone: +44 20 7796 5906 |
| Facsimile: + 1 212 300 1302 | Facsimile: +44 20 7796 5919 |
| Attn/Ref: Lauren Searing Yun | Attn/Ref: Lisa King |

## TERMS AND CONDITIONS

These are the Terms and Conditions applicable to the assignment including the Schedule thereto (the "Assignment") to which they are annexed.

1. **INTERPRETATION**

1.1 **Definitions**

In these Terms and Conditions words and expressions shall (unless otherwise expressly defined herein) bear the meaning given to them in the Assignment or in the Sale Agreement and:

"**Assigned Assets**" means all of the rights and benefits of the Assignor under or in respect of the Credit Documentation corresponding to the Traded Portion including, without limitation, (a) the rights and interests of the Assignor in and in respect of the benefit of any guarantee or other assurance against loss given by any Guarantor and any other security and in respect of amounts owing to the Assignor under or in respect of the Traded Portion, the Proof of Claim and (b) all of the Seller's right to prove in the Insolvency Proceedings of the Borrower. The Assigned Assets shall not include the Retained Rights;

"**Claim**" means together the Contractual Claim and the Guarantee Claim;

"**Contractual Claim**" means the claim against Lehman Brothers Bankhaus AG in the amount of EUR 15,000,000.00 evidenced by a transaction confirmation - dated 10 July 2008 and evidenced by an excerpt from the insolvency table dated 15 July 2009 (sequential no. 9) by the Insolvency Administrator - Beglaubigter Auszug aus der Insolvenztabelle in the amount of EUR 15,000,000.00;

"**Guarantee Claim**" the claim against means Lehman Brothers Holding Inc. evidenced by a Guarantee Agreement dated 21 November 2002 and a filed Proof of Claim under Case No. 08-13555, dated 22 September 2009 filed with the United States Bankruptcy Court Southern District of New York;

"**Guarantor**" means any person who has given a guarantee, indemnity, security interest or other assurance against loss to the Assignor (or any person acting on the Assignor's behalf) in respect of any obligations of any Borrower to the Assignor in relation to the Traded Portion;

"**Insolvency Officer**" means any receiver, administrator, liquidator, provisional liquidator, administrative receiver, trustee, supervisor of a voluntary arrangement, similar officer appointed pursuant to a scheme of arrangement under sections 895 - 901 of the Companies Act 2006 (as amended or re-enacted from time to time) or similar officer appointed under the Insolvency Act 1986 (as amended or re-enacted from time to time) or any other officer appointed under any other procedure under any law or any jurisdiction of, or having, similar or analogous powers over all or any of the assets of an Obligor;

"**Insolvency Proceedings**" means receivership, administration, liquidation, appointment of a provisional liquidator, winding-up, dissolution, voluntary arrangement, scheme of arrangement under sections 895 - 901 of the Companies Act 2006 (as amended or re-enacted from time to time) or any insolvency procedure under the Insolvency Act 1986 (as amended

452-288/AGR/2404862.2

or re-enacted from time to time) or any other procedure under any law of any jurisdiction of, or having, a similar or analogous nature of effect;

"Party" means a party to the Assignment;

"Receiving Account" means, the account of each Party designated as its Receiving Account as specified in the Assignment; and

"Settlement Date" means the date specified as such in the Schedule.

1.2 Construction

1.2.1 In the Assignment and these Terms and Conditions, unless the contrary intention appears, a reference to:

(a) a Clause or Exhibit is a reference to a clause of or exhibit to these Terms and Conditions;

(b) the Schedule is a reference to the schedule to the Assignment; and

(c) a person includes its successors and assigns.

1.2.2 The headings in these Terms and Conditions are for convenience only and are to be ignored in construing them.

1.2.3 If there is any inconsistency between these Terms and Conditions and the Sale Agreement, the Sale Agreement shall prevail.

1.2.4 References to any document shall be references to the same as amended, varied, supplemented, replaced or restated in any manner from time to time.

1.3 Third Party Rights

A person who is not a Party has no rights under the Contracts (Rights of Third Parties) Act 1999 to enforce or to enjoy the benefit of any term of the Assignment.

2. ASSIGNMENT

2.1 Consents

The Assignment is conditional upon the obtaining of all necessary consents or other documents required to allow such Assignment to be effected.

2.2 Undertaking and Payment

2.2.1 The Assignee agrees that, on the Settlement Date it shall accept the assignment of the Assigned Assets; and

2.2.2 Each Party agrees to pay to the other Party the Settlement Amount on the Settlement Date, to the extent so specified in the Pricing Letter.

2.3 Completion

Subject to compliance with all of the other conditions set out herein and in the Sale Agreement, completion of the Assignment shall take effect on the Settlement Date on receipt by the Assignor (or, as the case may be, the Assignee) of the Settlement Amount.

452-288/AGR/2404862.2

2.4 **Excluded Rights**

2.4.1 The Sale Agreement regulates the allocation of and entitlement to payments under the Credit Agreement.

2.4.2 If any amount to which the Assignee is entitled pursuant to the Sale Agreement is received or recovered by the Assignor, the Assignor shall forthwith pay that amount to the Assignee for same day value together with interest on it from the date of receipt of the amount to the date of payment, calculated at the overnight rate charged to the Assignee's Receiving Account in respect of each day of that period if the account, is or would be, in debit and, pending such payment, the Assignor shall hold that amount on trust for the Assignee.

2.4.3 If any amount to which the Assignor is entitled pursuant to the Sale Agreement is received or recovered by the Assignee, the Assignee shall forthwith pay that amount to the Assignor for same day value together with interest on it from the date of receipt of the amount to the date of payment, calculated at the overnight rate charged to the Assignor's Receiving Account in respect of each day of that period if the account is, or would be, in debit and, pending such payment, the Assignee shall hold that amount on trust for the Assignor.

2.5 **Ancillary Rights and Claims and Retained Rights**
Nothing in the Assignment shall affect, or is with prejudice to, the sale, assignment and conveyance of the Ancillary Rights and Claims and, if applicable, the Retained Rights by the Assignor to the Assignee pursuant to the Sale Agreement.

3. **PAYMENTS**

3.1 **Place**
All payments by either Party to the other under the Assignment shall be made to the Receiving Account of that other Party. Each Party may designate a different account as its Receiving Account for payment by giving the other not less than five Business Days notice before the due date for payment.

3.2 **Funds and Currency**
Payments under the Assignment shall be made in the currency in which the amount is denominated for value on the due date at such times and in such funds as are customary at the time for settlement of transactions in that currency.

4. **ASSIGNEE'S ACKNOWLEDGEMENTS, REPRESENTATION AND WARRANTY**

4.1 The Assignor notifies the Assignee and the Assignee acknowledges that, except as otherwise specified in the Sale Agreement:

4.1.1 the Assignor shall have no obligation to repurchase or reacquire all or any part of the Assigned Assets from the Assignee or to support any losses directly or indirectly sustained or incurred by the Assignee for any reason whatsoever, including the non-performance by any Obligor under the Credit Documentation of its obligations thereunder; and

4.1.2 any rescheduling or renegotiation of the Assigned Assets shall be for the account of, and the responsibility of, the Assignee, who will be subject to the rescheduled or renegotiated terms.

4.2 The Assignor represents and warrants to the Assignee that the Assigned Assets are free from any rights of set-off.

5. **STATUS OF CLAIMS**

The Assignor, as of the Settlement Date, represents and undertakes to the Assignee that:

5.1 where the Schedule indicates "proof of debt filed", the Assignor's claim against the Borrower on account of the Traded Portion has been duly filed in the Insolvency Proceedings of the Borrower and the copies of the proofs of debt provided pursuant to conditions 8.1 or 8.2 of the terms and conditions incorporated into the Sale Agreement are true, correct and complete;

5.2 where the Schedule indicates "No proof of debt filed and no deadline expired for the submission of claims", no deadline has passed for the submission of claims in respect of the Insolvency Proceedings of the Borrower and the Assignor's claim has not yet been filed thereunder; or

5.3 where the Schedule indicates "Claim is admitted", the Assignor's claim against the Borrower on account of the Traded Portion has been validly admitted in the Insolvency Proceedings of the Borrower.

6. **ASSIGNMENT OF RIGHTS**

The Assignment shall be binding upon and enure to the benefit of each Party hereto and their respective successors and permitted assigns provided that neither Party may assign or transfer its rights thereunder without the prior written consent of the other Party.

7. **NOTICE**

It is agreed that, upon completion of the Assignment in accordance with Clause 2 a notice in the form of Exhibit A shall be delivered to the Insolvency Officer of each Obligor (and each Party shall execute such notices and co-operate in such delivery) and (b) a Notice in the form of Exhibit B shall be delivered to United States Bankruptcy Court for the Southern District of New York.

8. **GOVERNING LAW AND JURISDICTION**

The Assignment (including, without limitation, these Terms and Conditions) and any non-contractual obligations arising out of or in connection with it shall be governed by the laws of England.

The courts of England have non-exclusive jurisdiction to settle any dispute arising out of or in connection with the Assignment (including, without limitation, these Terms and Conditions) (including, without limitation, a dispute relating to any non-contractual obligation arising out of or in connection with the Assignment (including, without limitation, these Terms and Conditions)).

452-288/AGR/2404862.2

9.  **DISCLOSURE TO INSOLVENCY OFFICER**

The Assignor and the Assignee agree that the Assignee may disclose this Assignment to any future assignees of all or part of the Assigned Assets in order for any such future assignees to register such assignment with the Insolvency Officer.

452-288/AGR/2404862.2