**Hearing Date and Time: April 14, 2010 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: April 9, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

STROOCK & STROOCK & LAVAN LLP
Kenneth Pasquale
Irina Gomelskaya
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Mizuho Corporate Bank, Ltd.,*
*as Agent under the Credit Agreement*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.,* | : | **Case No. 08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------ x

### MOTION OF MIZUHO CORPORATE BANK, LTD., AS AGENT, ON BEHALF OF ITSELF AND CERTAIN LENDERS, SEEKING AUTHORITY TO ASSIGN CERTAIN INTERESTS IN A CREDIT AGREEMENT AND ATTENDANT CLAIMS AGAINST LEHMAN BROTHERS HOLDINGS, INC.

Mizuho Corporate Bank, Ltd. ("Mizuho"), as Agent under that certain Credit Agreement dated as of May 31, 2007 (the "Credit Agreement"), among Lehman Brothers Holdings Inc. ("LBHI") as Borrower, the lenders named in the Credit Agreement and their successors or assigns (the "Lenders"), Mizuho Corporate Bank, Ltd., as Mandated Lead Arranger, and Lehman Brothers Japan Inc., as Joint Arranger, pursuant to which the Lenders extended to LBHI a JPY 35,000,000,000 seven-year term loan (the "Loan"), on behalf of itself and certain Lenders, by its undersigned attorneys, hereby files this motion (the "Motion") seeking entry of an order authorizing any Lender to freely assign or otherwise transfer its interest in the Credit Agreement and attendant claims against LBHI without further order of this Court or obtaining prior consent from LBHI.  In support of this Motion, Mizuho respectfully states as follows:

## JURISDICTION AND VENUE

1.       The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This Motion is a core proceeding within the meaning of 28 U.S.C. §157(b).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2.       By this Motion, Mizuho respectfully requests that any Lender be authorized to freely assign or otherwise transfer its interest in the Credit Agreement, the Loan and attendant claims against LBHI to any third party without further order of this Court or obtaining prior consent from LBHI.

## BACKGROUND AND BASIS FOR RELIEF

3.       On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.       Prior to the Petition Date, on or about May 31, 2007, the Lenders extended the Loan to LBHI pursuant to the Credit Agreement.   Pursuant to Article VIII of the Credit Agreement, attached hereto as Exhibit A, Mizuho was appointed to act as the Agent on behalf of the Lenders.  In this capacity, Mizuho is expressly authorized, among other things, to receive on behalf of the Lenders any outstanding payment of principal or interest on the Loan and all other amounts accrued and paid to the Agent, and to distribute to each Lender its proper share of all payments so received as soon as practicable.  Mizuho is also authorized under Article VIII of the

Credit Agreement to give notice to the Borrower (LBHI) of any Event of Default[1] as specified

and defined in the Credit Agreement.

5.      Pursuant to Section 7.01 of the Credit Agreement, a failure by the Borrower to

pay when due (i) the principal of any Loan or (ii) the interest on any Loan (if unremedied for

three or more business days) or (iii) the Administrative Fees, Arrangement Fees or any other

amounts owing under the Loans and the Credit Agreement (if not remedied for ten or more

business days), constitutes an Event of Default.  Such an Event of Default entitles the Agent,

with requisite consent of the Lenders, to exercise certain remedies, including (i) declaring the

total Term Loan Commitment terminated; (ii) declaring the principal of and any accrued interest

in respect of the Loan and all obligations owing thereunder immediately due and payable; and

(iii) taking any other action, whether at law or at equity, which is deemed necessary or advisable.

6.      LBHI is in default in its payments to the Lenders, having failed to make the

requisite payments due pursuant to the Credit Agreement.  Accordingly, an Event of Default has

occurred under the terms of the Credit Agreement.

7.      Assignments and participations by the Lenders of their respective interests in the

Credit Agreement and the rights thereunder are readily permitted pursuant to the Credit

Agreement.  For example, section 10.07 of the Credit Agreement provides that no consent by the

Borrower or the Agent shall be required in the case of any assignment or participation to an

Affiliate of a Lender.  However, section 10.07 also permits assignments and participations to a

---

[1] All capitalized and undefined terms used in this Motion shall have the meaning given to such terms in the Credit Agreement.

third party only with the prior written consent of the Borrower (and the Agent), which is not to be unreasonably withheld or delayed.

8.      Several Lenders have expressed an interest in assigning their interest in the Credit Agreement and attendant claims under the Credit Agreement to a third party.   LBHI has indicated that it does not oppose such assignments in principle, however, standing requests for assignments have not been signed by LBHI on the basis that the consent process and review would create an administrative burden on the estate.  Therefore, Mizuho seeks an order from this Court authorizing the Lenders to freely assign and otherwise transfer their interests and claims pursuant to the Credit Agreement.  Mizuho believes that this relief is fair and appropriate in these circumstances for several reasons.

9.      First, the prior approval of the Borrower for an assignment or a participation otherwise required by the Credit Agreement should not be mandated in these circumstances, when there has been a material default by LBHI following its failure to make the payments to the Lenders as required under the Credit Agreement.   Indeed, it is well-settled that when there is a material breach of a contract, the non-breaching party is discharged from the further performance of its obligations under the contract.  See In re Lavigne, 114 F.3d 379, 387 (2nd Cir. 1997)("a breach in a contract which substantially defeats the purpose of that contract can be grounds for rescission.   The non-breaching party will be discharged from the further performance of its obligations under the contract when the breach goes to the root of the contract;" citing Dept. of Economic Dev. v. Arthur Andersen & Co., 924 F. Supp. 449, 483 (S.D.N.Y. 1996)).   Here, because LBHI breached its obligations to the Lenders by failing to repay the Loan, it can no longer enforce the terms of the Credit Agreement that require LBHI's prior consent to a Lender's assignment of interests and claims in the Credit Agreement.   Accordingly, any Lender that seeks

4

to assign or otherwise transfer its interests and claims should not be required to obtain LBHI's advance written consent.

10.     Second, as a matter of public policy, procedural consent provisions should not be strictly enforced in LBHI's bankruptcy proceeding, because the identity of an assignee is no longer relevant to LBHI, as Borrower, now that the Loan is in default.  In fact, the assignment of claims is extremely common in bankruptcy cases and promotes greater liquidity in the markets. This Court may take judicial notice that approximately one thousand notices of assignment of claims have been filed to date in the Lehman bankruptcy proceedings by parties who are not subject to contractual restrictions.  In addition, undoubtedly hundreds, if not thousands, of bond claims have traded during these chapter 11 cases.  Furthermore, the importance of increasing liquidity in the market and easing restrictions on the trading of LBHI claims were recently recognized by the Debtors themselves.  In the Motion of the Debtors and Certain Creditors to Clarify or Amend the Debtors' Supplemental Notice and the Bar Date Order With Respect to Claims Relating to the Lehman Programs Securities Issued by LBHI, dated January 29, 2010 [Docket No. 6858], the Debtors acknowledged, in relevant part:

> The Debtors have advised the Moving Creditors that following conversations with various creditors, including the Moving Creditors, **in an attempt to increase liquidity in the market and ease restrictions on the trading of LBHI Issued LPS**, the Debtors consulted with the applicable clearing agencies and confirmed that the procedures set forth in the Supplemental Notice were viable, and therefore, on or about October 5, 2009, the Debtors issued the Supplemental Notice.

Id. at 4 (emphasis added).

11.     Therefore, even were this Court to find that the Lenders remain bound by the terms of the Credit Agreement to obtain the prior written approval of LBHI for an assignment or

5

a participation, notwithstanding the material breach by LBHI, the Court should, as a matter of equity, eliminate the approval requirement in view of the policy favoring assignability of claims. Freely permitting assignments and other transfers in these circumstances (subject to the order entered by this Court dated March 22, 2010 which may restrict assignments in order to preserve the Debtors' NOL (the "<u>NOL Trading Order</u>")), will also eliminate the burden of having the Lenders seek and LBHI perform the ministerial act of providing written consent, which, in any event, LBHI is contractually required not to unreasonably withhold.

12.    Moreover, such relief is fair under the circumstances of this case.  It has been often stated that the automatic stay is a shield, not a sword.  <u>In re Briarpatch Film Corp.</u>, 281 B.R. 820, 834 (Bankr. S.D.N.Y. 2002)(citing cases).  Because the Lenders are subject to the automatic stay, they are not able to exercise the remedies available to them under the Credit Agreement upon an Event of Default.  Therefore, LBHI should not be entitled to hold the Lenders hostage by preventing them from assigning their interests and attendant claims by failing to provide written consent.  Rather, the Lenders should be free to assign and transfer their respective interests in the Credit Agreement and the attendant claims without regard to any pre-petition restrictions, subject, of course, to the NOL Trading Order.

## <u>MEMORANDUM OF LAW REQUIREMENT</u>

13.    Because the issues of law presented in this Motion are addressed by the citations herein, Mizuho respectfully submits that the requirement, pursuant to Local Bankruptcy Rule 9013-1(b), that all motions be accompanied by a written memorandum of law is satisfied.

## NOTICE

14.     Notice of this Motion has been provided in accordance with Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 and on those notice parties fully described in the Original Case Management Order dated September 22, 2008 and the Amended Procedures dated February 13, 2009, issued in these Chapter 11 cases by the Court, including (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel for the Creditors' Committee; and (iii) and all parties who have requested notice in these chapter 11 cases.   Mizuho submits that no other or further notice need be provided.

## NO PRIOR REQUEST

15.     Mizuho has not previously sought the relief requested herein from this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Mizuho respectfully requests that this Court enter an order, substantially in the form attached to this Motion as <u>Exhibit B,</u> (i) authorizing any Lender to freely assign or otherwise transfer its interest in the Credit Agreement and attendant claims against LBHI free of any restrictions or requirements set forth in the Credit Agreement without further order of this Court or obtaining prior written consent from LBHI, and (ii) granting such other and further relief as may be just and proper.

Dated: New York, New York
      March 30, 2010

STROOCK & STROOCK & LAVAN LLP

/s/ Kenneth Pasquale
Kenneth Pasquale
Irina Gomelskaya
180 Maiden Lane
New York, New York 10038
Tel: (212) 806-5400
Fax: (212) 806-6006

*Attorneys for Mizuho Corporate Bank, Ltd.,*
*as Agent under the Credit Agreement*

8