UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------x

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (e)(2)

1. TRANSFEROR

   Vanguard Fiduciary Trust Company Asset-Backed Securities Trust
   P.O. Box 2600
   Valley Forge, PA 19482
   Attention: Michael Drayo
   Phone: (610)-669-4294
   Email: michael_drayo@vanguard.com

2. Please take notice of the transfer, in the amount of $179,176.06 of Transferor's claim against LEHMAN BROTHERS HOLDINGS INC., Case No. 08-13555 (JMP) in the above referenced consolidated proceedings, arising from and relating to Claim No. 16713 dated September 18, 2009 (attached in Exhibit A hereto), to:

   TRANSFEREE

   Vanguard Fiduciary Trust Company Intermediate-Term Bond Trust
   P.O. Box 2600
   Valley Forge, PA 19482
   Attention: Michael Drayo
   Phone: (610)-669-4294
   Email: michael_drayo@vanguard.com

An evidence of Transfer of Claim is attached as Exhibit B. All distributions and notices regarding the transferred claim should be sent to the Transferee at the instructions attached in Exhibit C.

3. No action is required if you do not object to the transfer of the claim. However, IF YOU OBJECT TO THE TRANSFER OF THE CLAIM, WITHIN 20 DAYS OF THIS NOTICE, YOU MUST:

- **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
    United States Bankruptcy Court
    Alexander Hamilton Custom House
    Attention: Bankruptcy Clerk
    One Bowling Green
    New York, NY 10004-1408

- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

4.      If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON THE CLAIM IN THESE PROCEEDINGS.**

EXHIBIT A

PROOF OF CLAIM

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000016713

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc. | Case No. of Debtor: 08-13555 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
LBH CREDNUM # 1000092840
Vanguard Fiduciary Trust Company Asset-Backed Securities Trust
Attention: Michael Drayo
P.O. Box 2600
Valley Forge, PA 19482    michael_drayo@vanguard.com

Telephone number: 610-669-4294    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
Vanguard Fiduciary Trust Company Asset-Backed Securities Trust
Attn: Corporate Governance - A29
P.O. Box 1102, Valley Forge, PA 19482    harris_grigoriades@vanguard.com

Telephone number: 610-669-6894    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 179,176.06
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Guarantee of Derivatives Contracts
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 6452
3a. Debtor may have scheduled account as: VFTC Asset-Backed Securities Trust
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ n/a
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:
See Exhibit D (Guarantee Questionnaire) to be filed by October 22, 2009

| Date: 9/17/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. /s/ Michael Kimmel, Secretary 610-503-5634 |
|---|---|

FOR COURT USE ONLY

**FILED / RECEIVED**

SEP 18 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Exhibit 1

*Fund No. 1230 VFTC Asset Backed Securities Trust*

|  | Amount in USD |  |
|---|---:|---|
| Early Termination Date Amount Due from Debtor (not including interest) | $176,416.32 |  |
| Interest | $245.83 | [1] |
| Fees and Expenses payable by Debtor under Section 11 of the Master Agreement | $2,513.91 | [2] |
| **TOTAL** | $179,176.06 |  |

[1] Interest calculated from 9/15/2008 thru 10/2/2008 @Fed Funds Rate of 2% with 1% default penalty rate

[2] A total of $45,250.36 in legal fees was allocated equally across 18 Vanguard Funds that terminated trades with Lehman Brothers Special Financing Inc. early.

**Exhibit 2 - Interest Charges**

**Fund 1230 Vanguard Asset Backed Securities Trust**
| | |
|---|---|
| Period Start Date | 9/15/2008 |
| Period End Date | 10/2/2008 |
| Fed Funds Rate | 2.00% |
| Default Penalty Rate | 1.00% |
| Days in Year | 366 |
| Days to Compound | 17 |
| Total Payment Amount | $176,416.32 |
| Interest | $ 245.83 |

**Total Interest Accrued**    $    **245.83**

H
A
N
D

D
E
L
I
V
E
R
Y

_Ashley Volel_    9/18/09    1:29
RECEIVED BY:   DATE    TIME

EXHIBIT B

EVIDENCE OF TRANSFER OF CLAIM

For good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, Vanguard Fiduciary Trust Company Asset-Backed Securities Trust ("Assignor") does hereby unconditionally and irrevocably contribute, transfer and assign unto Vanguard Fiduciary Trust Company Intermediate-Term Bond Trust ("Assignee") all rights, defenses, title and interest in and to the claims of Assignor referenced as proof of claim number 16713 and all related and supporting documents and questionnaires, in the amount of $179,176.06 (the "Claim") against Lehman Brothers Holdings Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Holdings Inc., Case No. 08-13555.

Assignor hereby waives any objection to the transfer of the Claim assigned herein (the "Transferred Claim") to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Transferred Claim and recognizing the Assignee as the sole owner and holder of the Transferred Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, the undersigned has duly executed this Transfer of Claim by its duly authorized representative dated the ____ day of March, 2010.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| **Vanguard Fiduciary Trust Company Asset-Backed Securities Trust, by Vanguard Fiduciary Trust Company, as Trustee** | **Vanguard Fiduciary Trust Company Intermediate-Term Bond Trust, by Vanguard Fiduciary Trust Company, as Trustee** |
| *[signature]* | *[signature]* |
| Name: Michael Kimmel | Name: Michael Kimmel |
| Title: Secretary | Title: Secretary |

## EXHIBIT C

## PAYMENT INSTRUCTIONS

Payment should be sent to:

Vanguard Fiduciary Trust Company Intermediate-Term Bond Trust
Attn: Corporate Governance – A29
P.O. Box 1102, Valley Forge, PA 19482
Attn: Harris Grigoriades
Email: harris_grigoriades@vanguard.com
Telephone: (610)-669-6894