**Objection Deadline: March 31, 2010 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: April 14, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022
(212) 906-1200
Mark A. Broude
Obianuju A. Enendu
Email: Mark.Broude@lw.com
        Obianuju.Enendu@lw.com

Attorneys for Bundesverband deutscher Banken e.V.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* ) | |
| ) | Case No. 08-13555 (JMP) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |

**LIMITED OBJECTION OF BUNDESVERBAND DEUTSCHER BANKEN E.V. TO THE DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      Bundesverband deutscher Banken e.V. ("BdB") by its undersigned counsel, submits this limited objection (the "Objection") to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "Motion") and respectfully states as follows:

NY\1632104.3

BdB does not object to the Debtors' Motion or the relief sought thereunder. However, BdB objects to the portion of the Motion which governs the length of the Mediation[1] under the ADR Procedures. Specifically, BdB objects to the portion of the ADR Procedures that gives the Mediator the sole authority to terminate the Mediation sessions. Accordingly, BdB believes that it is appropriate to make one modification to the ADR Procedures.

In the Motion, the Debtors request that the mandatory non-binding Mediation be of indefinite length, terminable only at the discretion of the Mediator without regard to how long the Mediation has been ongoing. However, after sufficient time has passed without any resolution, it may become apparent to one or both of the parties to the Mediation that the Mediation will not be successful, even if the Mediator wishes to continue the Mediation. In the event that the Mediator wishes to continue the Mediation session despite the inability of the parties to resolve the dispute, a Claimant could become subjected to extended Mediation without any ability to achieve an ultimate resolution of its claim. A Claimant (or even the Debtors) could become hostage to a Mediator's unrealistic hopes or expectations for the Mediation, caught in an indefinite limbo with no ability to extricate itself.

To protect against this situation, BdB respectfully asserts that the ADR Procedures should be revised to provide that the Debtors or a Claimant has the right to terminate the Mediation at any time after sixty (60) days from the date of the first Mediation session (which in turn should be no more than 45 days after the date on which the Debtors serve the relevant Notice of ADR Procedures). With this minor change the Mediator will still have ample time to try to help the parties reach a consensual resolution, while providing the parties to the Mediation a clear path to an ultimate resolution of the disputed claim without the risk of an indefinite limbo.

---

[1] Capitalized terms that are not defined herein shall have the meaning ascribed to them in the Motion.

Moreover, the existence of a deadline after which litigation may be commenced will likely encourage more productive settlement discussions than a process in which the Mediation can drag on indefinitely.

**WHEREFORE**, Bundesverband deutscher Banken e.V. requests that this Court (1) modify the requested ADR Procedures to provide that the Debtors and each Claimant, have the right to terminate the Mediation at any time after sixty (60) days from the date of the first Mediation session (which in turn must be no more than 45 days after the date on which the Debtors serve the relevant Notice of ADR Procedures); and (2) grant such other and further relief as this Court may deem just and proper.

Dated: Wednesday March 31, 2010
New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ Mark A. Broude
    Mark A. Broude
    Obianuju A. Enendu
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Counsel for Bundesverband deutscher Banken e.V.