Objection Deadline: **March 31, 2010 at 4:00 p.m.**
Hearing Date and Time: **April 14, 2010 at 10:00 a.m.**

MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel. (212) 506-2500
Fax (212) 262-1910
J. Robert Stoll
Andrew Shaffer

Counsel for the Lehman Hong Kong Liquidators

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: LEHMAN BROTHERS HOLDINGS INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13555 (JMP) <br><br> (Jointly Administered) |

**OBJECTION OF EDWARD SIMON MIDDLETON, PATRICK COWLEY AND PAUL JEREMY BROUGH AS THE JOINT AND SEVERAL LIQUIDATORS, WITHOUT PERSONAL LIABILITY, OF THE LEHMAN HONG KONG ENTITIES IN LIQUIDATION, TO DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

TO:   THE HONORABLE JUDGE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE

Edward Simon Middleton, Patrick Cowley, and Paul Jeremy Brough, the Joint and Several Liquidators, without personal liability, of the Lehman Hong Kong Entities in Liquidation[1] (in Paul Jeremy Brough's case excluding LBQ Hong Kong Funding Limited (in

---

[1] The eight **Lehman Hong Kong Entities in Liquidation** are: (i) Lehman Brothers Asia Holdings Limited (in liquidation), (ii) Lehman Brothers Asia Limited (in liquidation), (iii) Lehman Brothers Futures Asia Limited (in liquidation), (iv) Lehman Brothers Securities Asia Limited (in liquidation), (v) LBQ Hong Kong Funding Limited

17624377

liquidation) and Lehman Brothers Nominees (H.K.) Limited (in liquidation)) (Edward Simon Middleton, Patrick Cowley and Paul Jeremy Brough together being, in relation to the entities of which they are appointed, the "**Lehman Hong Kong Liquidators**") by and through their undersigned counsel, hereby file this objection (the "**Objection**") to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors [Docket No. 7581] (the "**Motion**") to the extent it seeks to include and apply to the Claims of the Lehman Hong Kong Liquidators (as hereinafter defined).[2]  In support of this Objection, the Lehman Hong Kong Liquidators respectfully state the following:

## BACKGROUND FACTS

1.  On September 15, 2008 (the "**LBHI Petition Date**"), LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. On various dates thereafter, the other Debtors filed voluntary petitions for relief under the Bankruptcy Code.

2.  On September 17, 2008 and dates thereafter, the Lehman Hong Kong Liquidators were appointed by the High Court of the Hong Kong Administrative Region (the "**Hong Kong Court**") as provisional liquidators for the Lehman Hong Kong Entities in Liquidation. On November 19 and November 26 of 2008, the Lehman Hong Kong Liquidators were appointed as liquidators of the Lehman Hong Kong Entities in Liquidation.

---

(in liquidation), (vi) Lehman Brothers Nominees (H.K.) Limited (in liquidation), (vii) Lehman Brothers Asia Capital Company (in liquidation), and (viii) Lehman Brothers Commercial Corporation Asia Limited (in liquidation).

[2]     Terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

3. In May, 2009, the Lehman Hong Kong Liquidators agreed to the Cross-Border Insolvency Protocol for the Lehman Brothers Group of Companies [Docket No. 4020] (the "**Lehman Cross-Border Protocol**"). The Lehman Cross-Border Protocol generally represents an understanding among the parties thereto that the various estates, liquidators and official representatives should co-operate to the extent practicable.

4. The Lehman Hong Kong Liquidators and the Debtors have met frequently and extensively in an attempt to agree on principles for sharing information and resolving claims between the Lehman Hong Kong Entities in Liquidation and the Debtors.

5. On July 2, 2009, this Court entered the Bar Date Order. The Lehman Hong Kong Liquidators have, in compliance with the Bar Date Order, filed proofs of claim in these cases (collectively, the "**Claims**"). The Claims arise on account of various: (i) contracts and agreements, including derivative contracts; (ii) inter-company balances owed by the Debtors to the Lehman Hong Kong Entities in Liquidation; (iii) failed and/or pending trades; (iv) stock lending/borrowing transactions; (v) repurchase and reverse repurchase transactions; (vi) money market placements; (vii) subordinated loans; (viii) custody arrangements respecting securities, cash and other property; (ix) collateralized debt obligations; and (x) guarantees issued by LBHI.

6. Conversely, claims against the estates of Lehman Brothers Hong Kong Entities in Liquidation have been or are expected to be made by the Debtors. Complex issues relating to netting, novation and set off and arising out of the existence of guarantees, complicated intercompany arrangements, and certain group custody arrangements, among other factors, mean that the process of establishing, reconciling and resolving the claims between and among the Debtors and the Lehman Brothers Hong Kong Entities in Liquidation is exceptionally complicated and difficult to achieve within a restricted timetable.

7. On March 15, 2010, the Debtors filed the Motion seeking the establishment of procedures for claim objection hearings and alternative dispute resolution (the "**Claim Objection & ADR Procedures**").

## OBJECTION

**The Claim Objection & ADR Procedures Should Not Be Applicable to Claims of the Lehman Hong Kong Liquidators.**

8. The Lehman Hong Kong Liquidators understand that some form of claim objection procedures are needed in these cases and support the entry of reasonable procedures; however, resolution of the Claims of the Lehman Hong Kong Liquidators are more appropriately and efficiently addressed in the context of the Lehman Cross-Border Protocol and the existing dialog between the Debtors and the Lehman Hong Kong Liquidators.

9. The Lehman Hong Kong Liquidators and the Debtors have been engaged in an extensive and on-going claims reconciliation process, involving regular and frequent conference calls and meetings – in addition to the quarterly meetings of all participants in the Lehman Cross-Border Protocol. The process has resulted in vast amounts of information being shared between the Lehman Hong Kong Liquidators and the Debtors. This on-going process offers the most efficient and reasonable prospect of a global resolution of all claims and issues existing between the Debtors and the Lehman Hong Kong Liquidators and should be allowed to continue to run its course. The Lehman Hong Kong Liquidators are concerned that the application of the Claim Objection & ADR Procedures to their Claims would result in confusion and lost efficiency, as such claims would effectively be subject to the two separate processes of that procedure and the Lehman Cross-Border Protocol.

10. Many of the Claims are intertwined and/or relate to other Claims; similarly, claims of the Debtors against the Lehman Hong Kong Entities in Liquidation also are intertwined

4

and/or relate to certain of the Claims of the Lehman Hong Kong Liquidators. The Claim Objection & ADR Procedures do not (and could not) contemplate a procedure for the resolution of the Debtors' claims against the Lehman Hong Kong Entities in Liquidation, as the Hong Kong Court would have jurisdiction to adjudicate those claims.

11. Any procedures which contemplate "resolution" on a claim-by-claim basis – like the Claim Objection & ADR Procedures – simply would not work, would be ineffective, would materially damage the extensive, good faith efforts previously made, and would result in needless and costly expense for both the Debtors and the Lehman Hong Kong Liquidators.

12. By way of example, the Claim Objection & ADR Procedures provide that the Debtors could file an Objection to a single Claim (out of the hundreds filed), thereby compelling the Hong Kong Liquidators to file a Response and travel thousands of miles to appear at a Sufficiency Hearing. Assuming the adequacy of the Claim was established, the Debtors could then either schedule (in the sole discretion of the Debtors) a Claim Objection Hearing (along with the resulting Negotiation and/or Mediation), or a Merits Hearing. At the conclusion of this process, the Debtors could then identify a second Claim and the process could repeat – hundreds of times – without addressing the claims of the Debtors against the Lehman Hong Kong Entities in Liquidation.

13. The Lehman Hong Kong Liquidators believe that in present circumstances a single global agreement resolving all issues, claims, interests and potential litigation between the Lehman Hong Kong Entities in Liquidation and the Debtors presents the most efficient and practicable resolution. In light of the months-long and on-going process of reconciling claims and sharing information, the Lehman Hong Kong Liquidators are confident that agreement about the admissibility and quantum of claims can be reached within the four corners of the

5

Lehman Cross-Border Protocol. The Lehman Hong Kong Liquidators look forward to continuing to work with the Debtors consensually to resolve all outstanding claims among them and hereby request that any Order approving the Motion not apply to the Claims of the Lehman Hong Kong Liquidators. Should such a resolution ultimately prove unachievable, the Debtors could then petition this Court at such time to have the Claims of the Lehman Hong Kong Liquidators included in the Claim Objection & ADR Procedures.

## RESERVATION OF RIGHTS

14. Nothing in this Objection shall constitute a waiver of, and the Lehman Hong Kong Liquidators reserve in all respects, their rights under their respective Claims, the Bankruptcy Code, and applicable law, including (but not limited to) the rights to dispute any and all objections to such Claims.

## CONCLUSION

15. WHEREFORE, the Lehman Hong Kong Liquidators request that this Court exclude the Claims of the Lehman Hong Kong Liquidators from the Claim Objection & ADR Procedures, and grant such other and further relief as this Court deems appropriate under the circumstances.

Dated: New York, New York

March 31, 2010

        Respectfully submitted,

        /s/ J. Robert Stoll

        J. Robert Stoll
        Andrew Shaffer
        **MAYER BROWN LLP**
        1675 Broadway
        New York, New York 10019
        (212) 506-2500 (phone)
        (212) 262-1910 (fax)

        Counsel for the Lehman Hong Kong Liquidators