Hearing Date: April 14, 2010 at 10:00 a.m. (Prevailing Eastern Time)

KLESTADT & WINTERS, LLP
Tracy L. Klestadt
John E. Jureller, Jr.
292 Madison Avenue, 17th Floor
New York, NY 10017
Tel: (212) 972-3000
Fax: (212) 972-2245

*Attorneys for European Credit Management Limited,
Relative European Value S.A., European Credit
(Luxembourg) S.A., Leveraged Loans Europe plc,
and Term Loans Europe plc*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
                                                            :
**In re:**                                                  :      **Chapter 11**
                                                            :
**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*,               :      Case No. 08-13555 (JMP)
                                                            :
                         Debtors.                           :      (Jointly Administered)
-------------------------------------------------------------------------:

**EUROPEAN CREDIT MANAGEMENT LIMITED, RELATIVE EUROPEAN VALUE
S.A., EUROPEAN CREDIT (LUXEMBOURG) S.A., LEVERAGED LOANS EUROPE
PLC, AND TERM LOANS EUROPE PLC'S LIMITED OBJECTION TO DEBTORS'
MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 9014, AND GENERAL ORDER M-390
AUTHORIZING THE DEBTORS TO IMPLEMENT CLAIMS HEARING
PROCEDURES AND ALTERNATIVE DISPUTE RESOLUTION
<u>PROCEDURES FOR CLAIMS AGAINST DEBTORS</u>**

European Credit Management Limited ("<u>ECM</u>"), Relative European Value S.A. ("<u>REV</u>"), European Credit (Luxembourg) S.A. ("<u>ECL</u>"), Leveraged Loans Europe plc ("<u>LLE</u>") and Term Loans Europe plc ("<u>TLE</u>," and collectively with ECM, REV, ECL and LLE as "<u>ECM et al.</u>"), by and through their undersigned counsel, Klestadt & Winters, LLP, hereby submits this limited objection (the "*Objection*") to the *Debtors' Motion Pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to*

1

*Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors* (Docket No. 7581) (the "Motion"). In support of this Objection, ECM respectfully states as follows:

## INTRODUCTION

1. While ECM appreciates the purpose behind establishing procedures to deal with the claims resolution process, it files this response out of an abundance of caution to ensure that the procedures for resolving a dispute, if any, as to ECM et al.'s proofs of claims (Claim Nos. 21660, 21774, 22203, 22204, 22205, 22206, 22026) (the "ECM Claims")[1], and in particular that portion of the Proposed Order[2] which provides for a Temporary Litigation Injunction, does not enjoin ECM et al. from proceeding with their pending adversary proceeding against Lehman Commercial Paper, Inc. ("LCPI") seeking, *inter alia*, elevation of its loan participations and/or sub-participations to Lenders pursuant to certain LMA Funded Participation Agreement (*see* Adv. Proc. No.09-01262-jmp).

## BACKGROUND

2. ECM is an asset management company specializing in European fixed income and managing highly diversified portfolios on behalf of institutional investors worldwide, with its principal place of business located at 34 Grosvenor Street, London, England. REV, ECL, LLE, and TLE are institutional investors with certain portfolios managed by ECM.

3. LCPI is a corporation organized and incorporated under the laws of Delaware, is registered to do business in the State of New York and has its principal business address at 745

---

[1] The Claims were thereafter amended, filed and assigned Claim Nos. 66153, 66147, 66148, 66149, 66151, 66152 and 66150.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

Seventh Avenue, New York, NY 10019.  LCPI is a subsidiary of Lehman Brothers Holding Inc. ("LBHI" and collectively with its affiliates, "Lehman Brothers"), a debtor and debtor in possession. On October 5, 2008, LCPI filed a petition in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"), seeking relief under chapter 11 of the Bankruptcy Code, and since that date has operated its business and managed its properties as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4.      In the ordinary course of its business, LCPI engaged in administering, syndicating and trading commercial loans, and acted as lender, syndication agent and/or administrative agent on commercial loans.

5.      On information and belief, in or about 2005, LCPI began syndicating large loans by selling certain participations and/or certain participations in these participations, or sub-participations, in the syndicated loans to third parties, such as ECM et al. On information and belief, LCPI was party to more than 500 participations and sub-participations.

6.      The general theory behind such participations and/or sub-participations was that LCPI was unable or unwilling to fund the entire amount of the loan or loan participation, and would thus syndicate the loan or a portion thereof to numerous third parties which were interested in funding a smaller portion of the total loan or participation. By syndicating the loan or loan participation to third party participants, LCPI was able to shift the risk of default and future funding obligations to such third parties but retain fees earned by consummating the transaction.

7.      At relevant times, LCPI entered into certain funded participation and/or sub-participation agreements with REV, ECL, LLE and TLE.

8.      In or about September 15, 2008, ECM, on behalf of REV, ECL, LLE and TLE, provided notice of elevation to LCPI of such funded participations and/or sub-participations; however, t

3

date, LCPI has failed to elevate ECM et al.'s positions to Lenders pursuant to the terms of the respective LMA Agreements and industry standard in the marketplace.

9.  On or about June 3, 2009, ECM et al. ("Plaintiffs") commenced an adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint"), as later amended, against LCPI ("Defendant") with respect to the elevation of Plaintiffs' respective funded participations and sub-participations to Lender positions with respect to the respective loan syndications administered, syndicated or traded by and through LCPI.

10. The Complaint seeks an order of this Court (i) compelling Defendant's specific performance due under those certain Credit Agreements; (ii) entering a declaratory judgment that Plaintiffs' funded participations and sub-participations are effective, that they are the owners of the Interests, and that such Interests are not property of LCPI's bankruptcy estate; (iii) compelling similar treatment to Plaintiffs with respect to LCPI's similarly situated trading counterparties relative to elevation of their interests; (iv) determining that Plaintiffs' rights to Elevate under the LMA Agreements and Terms and Conditions fall within the Safe Harbor Provisions of the Bankruptcy Code and are not subject to the Automatic Stay, (v) compelling LCPI to turn over, or take such actions necessary to turnover, the Interests to Plaintiffs; (vi) enjoining LCPI from selling, converting, altering or transferring certain property of the Plaintiffs; and (vii) compelling LCPI to provide an accounting to Plaintiffs.

11. LCPI has filed its Answer to the Complaint, and the parties have been actively involved in discovery with respect to this matter.

12. Prior to the Bar Date in the Bankruptcy Cases, ECM et al. duly and timely filed the ECM Claims, asserting claims based upon, *inter alia*, (i) the value of the participations and/or sub-participations in the event such participations and sub-participations are not elevated to Lender

positions and (ii) in the event the participations and sub-participations are properly elevated to Lenders, any damages resulting from LCPI's failure timely and properly elevate these positions, including but not limited to unpaid interest thereon.[3]

13. On or about March 15, 2010, Debtors filed this Motion seeking and order authorizing certain requested claims hearing procedures and alternative dispute resolution procedures.

14. In the Motion, Debtors specifically request a Temporary Litigation Injunction, whereby upon service of an objection to a claim, each claimant will be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery until the claims are settled or upon entry of an order of this Court setting forth rules regarding the rules and procedures applicable to a Merits Hearing or Claims Objection Hearing. Motion, ¶ 20.

## **ARGUMENT**

15. Because the causes of action asserted in the Complaint are somewhat interrelated to the ECM Claims asserted by ECM et al. (i.e. they arise from the same funded participations and sub-participations), we are filing this limited objection to ensure that the Temporary Litigation Injunction does not enjoin the continuation and completion of the Adversary Proceeding. The causes of action for elevation of the participations and sub-participations are separate and apart from the ECM Claims, except that ultimately the amount of the ECM Claims will depend upon whether or not the Court orders the elevation of these participations or sub-participations.

16. In the event the Debtors seek to fix the amount of these ECM Claims in the interim, although it probably does not make sense pending the determination of the Adversary Procceding, ECM et al. would be willing to proceed in that manner as long as the Adversary

---

[3] This description is intended for explanation purposes only, and the Claims shall set forth the full basis for the respective claims in the event of any differences herein.

5

Proceeding is permitted to continue in all respects and all rights of EMC et al. as to elevation of the participations and sub-participations are reserved in full.

17.   In light of the foregoing, ECM requests that any order resulting from the Motion approving a set of procedures specifically except the Adversary Proceeding from such procedures.

Date: March 31, 2010                                                Respectfully submitted,

**EUROPEAN CREDIT MANAGEMENT LIMITED, RELATIVE EUROPEAN VALUE S.A., EUROPEAN CREDIT (LUXEMBOURG) S.A., LEVERAGED LOANS EUROPE PLC, AND TERM LOANS EUROPE PLC.**

_____*/s/ John E. Jureller, Jr.*_____
One of Their Attorneys

KLESTADT & WINTERS, LLP
Tracy L. Klestadt
John E. Jureller, Jr.
292 Madison Avenue, 17th Floor
New York, NY 10017
Tel: (212) 972-3000
Fax: (212) 972-2245