UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                                                 :
                          Debtors.                               :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3007 AND 9019(b) APPROVING SETTLEMENT PROCEDURES

Upon the motion, dated December 23, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b), for approval of (i) Claim Objections Procedures and (ii) Settlement Procedures, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] (the "Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii)

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the portion of the Motion relating to Settlement Procedures is granted as set forth herein; and it is further

ORDERED that the Debtors, in using their reasonable business judgment, are authorized to settle Claims in accordance with the following Settlement Procedures:

(i) The Debtors will be authorized to settle any and all Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever the aggregate amount to be allowed for an individual Claim (the "Settlement Amount") is equal to or less than $15 million; *provided, however*, that if: (a) the Settlement Amount is (x) more than $5 million but less than $15 million and (y) greater than the amount of the Scheduled Claim or 75% of the amount listed on the Proof of Claim; (b) unless and until otherwise agreed between the Debtors and the Creditors' Committee, the Settlement Amount is more than $5 million but less than $15 million for a Claim that neither is a Scheduled Claim nor has any amount listed on the Proof of Claim (i.e. a claim that is wholly unliquidated); (c) the proposed settlement involves a person that the Debtors discover, after a good faith review, was employed by the Debtors at any time on or after September 15, 2007 or an entity unaffiliated with the Debtors for which a person that the Debtors discover after a good faith review, was employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Settlement Amount; (d) the proposed settlement involves an entity against which the Debtors, in their commercially reasonable judgment, believe they have an outstanding claim pursuant to

sections 547 or 548 of the Bankruptcy Code in an amount greater than $5 million; or (e) the aggregate of (i) the Settlement Amount with respect to a claimant underlying a proposed settlement and (ii) all Settlement Amounts in regards to the same claimant in the 6-month period preceding the proposed settlement (the "<u>Aggregated Settlement Amount</u>"), exceeds $15 million, the Debtors will submit the proposed settlement to the Creditors' Committee in accordance with clause (ii) of these Settlement Procedures.

(ii)   Where the proposed settlement (a) involves a Settlement Amount that is more than $15 million but equal to or less than $75 million or (b) must be submitted to the Creditors' Committee in accordance with clause (i) above, the Debtors will submit the proposed settlement to the Creditors' Committee, together with: (v) the names of the parties with whom the Debtors have settled, (w) the relevant Proofs of Claim numbers, (x) the types of Claims asserted by each such party, (y) the amounts for which such Claims have been settled and (z) copies of any proposed settlement agreement and other documents supporting the proposed settlement (the "<u>Settlement Summary</u>").  Within five (5) business days of receiving a proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee, the Creditors' Committee may submit an objection to the proposed settlement reflected in the Settlement Summary; *provided, however*, that if the Creditors' Committee requests additional information regarding a proposed settlement, its objection period shall be suspended until the requested information has been provided.  If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than ten (10) business days' notice.  If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

(iii)  Where the Debtors agree to resolve a Claim for a Settlement Amount that is more than $75 million, or if the Aggregated Settlement Amount is more than $75 million, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 business days' notice.

(iv)   The types of Claims that may be settled pursuant to these

      Settlement Procedures include, but are not limited to: (a) secured claims; (b) administrative expense claims under section 503(b) of the Bankruptcy Code; (c) other priority claims under section 507(a) of the Bankruptcy Code; and (d) general unsecured claims. For the avoidance of doubt, all thresholds set forth herein refer to the face amount of a Proof of Claim or the Scheduled Amount, without regard to any contingent, unliquidated or disputed amounts asserted.

(v) On a quarterly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will file with the Court and serve, pursuant to the Debtors' Case Management Order, a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the amounts for which such Claims have been settled.

(vi) On a monthly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will provide to counsel to the Creditors' Committee a report of all settlements that the Debtors have entered during the previous month pursuant to clause (i) of these Settlement Procedures. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the terms and amounts for which such Claims have been settled.

(vii) Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

; and it is further

  ORDERED that the foregoing Settlement Procedures should not apply to Claims that may be settled pursuant to the following other settlement procedures orders (the "<u>Other Settlement Procedures Orders</u>"):

a) Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures for the Debtors to Compromise and Settle Prepetition Claims Asserted By the Debtors Against Third Parties, dated January 14, 2010 [Docket No. 6656];

b) Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a)Establishing Procedures to (I) Restructure, (II) Make New or Additional Debt or Equity Investments In, And/Or (III) Enter Into Settlements and Compromises in Connection with Existing Real Estate Investments, dated November 23, 2009 [Docket No. 5912];

c) Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Establishing Procedures for the Debtors to Transfer Their Interests in Respect of Residential and Commercial Loans Subject to Foreclosure to Wholly-Owned Non-Debtor Subsidiaries, dated September 24, 2009 [Docket No. 5272];

d) Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts, dated September 17, 2009 [Docket No. 5207];

e) Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures for the Debtors to Compromise Claims of the Debtors in Respect of Real Estate Loans, dated September 16, 2009 [Docket No. 5187];

f) Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures for the Debtors to Compromise and Settle Claims in Respect of the Origination or Purchase of Residential Mortgage Loans, dated August 5, 2009 [Docket No. 4706];

g) Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures to Terminate Unfunded Commitments and Restructure Corporate Loan Agreements, dated June 3, 2009 [Docket No. 3753]; and

h) Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated December 16, 2008 [Docket No. 2257], as supplemented by the Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated January 15, 2009 [Docket No. 2557], the Third Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated September 29, 2009 [Docket No. 5292], and the Fourth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated October 16, 2009 [Docket No. 5544];

; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures; and it is further

ORDERED that nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular Claim and all settlements of Claims may be negotiated and compromised by the Debtors within their sole discretion; and it is further

ORDERED that nothing in this Order shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (ii) expand or create additional rights as to the Debtors, to settle or pursue settlement of Claims pursuant to the Other Settlement Procedures Orders or any other order of the Court; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claims asserted in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: New York, New York
       March 31, 2010

                              *s/ James M. Peck*
                              Honorable James M. Peck
                              United States Bankruptcy Judge