Hearing Date and Time: April 14, 2010 at 10:00 a.m.
Objection Deadline: March 31, 2010 at 4:00 p.m.

Jeannette K. Boot
James H. Millar (JM 6091)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue, 31st Floor
New York, New York 10022
Telephone:  (212) 230-8800

Craig Goldblatt
Lisa Ewart
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

| | |
|---|---|
| **In re:**<br>**LEHMAN BROTHERS HOLDINGS INC.,**<br>*et al*.<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 08-13555 (JMP)**<br><br>**(Jointly Administered)** |

### TACONIC CAPITAL PARTNERS 1.5 LP AND TACONIC OPPORTUNITY FUND LP's OBJECTION TO THE DEBTORS' CLAIMS PROCEDURES MOTION

Taconic Capital Partners 1.5 LP and Taconic Opportunity Fund LP (collectively, "Taconic"), creditors with unresolved proofs of claim pending in these bankruptcy cases, hereby join in the Derivative Counterparties' Omnibus Objection [D.I. # 7932] to the Debtors' motion, dated March 15, 2010, to establish claims resolution procedures [D.I. # 7581] (the "Motion").  In addition to joining in the Derivative Counterparties' Objection, Taconic represents and states as follows:

Taconic appreciates the enormity and complexity of the Debtors' task in reconciling tens of thousands of claims with an aggregate asserted value in the hundreds of billions of dollars. But neither the size nor the difficulty of the task provides any basis for adopting a set of procedures that are so strikingly one-sided in the Debtor's favor.

In other large and complex bankruptcy cases, including ones in which courts have established mandatory claims arbitration procedures, courts have recognized that that "the playing field in arbitration" needs "to be level." *In re A.H. Robins Co., Inc.*, 194 B.R. 575, 579-580 (E.D. Va. 1995). But the playing field the Debtors have built in the Motion is anything but level. At every opportunity, it seems, the Debtors have included mechanisms designed to tilt the playing field in their favor.

By way of example, the Debtors' proposed procedures permit the Debtors to engage in unlimited discovery against a claimant (either under the rules applicable to contested matters, or through their omnibus Rule 2004 authority), while at the same time staying any effort of the claimant to obtain discovery from the Debtors. Court-Ordered Claims Hearing Procedures and Alternative Dispute Resolution Procedures ("Procedures") ¶ 8; Proposed Order at 2.

As another example, under the Order proposed by the Debtors, the timing of hearings before this Court is not established (as one might expect) by the Court after hearing from both sides and considering both parties' position with respect to the complexity of the dispute, the length of discovery necessary to give each side a fair opportunity to develop its case, and the appropriate time on which to set such a hearing in view of the availability of witnesses. Rather, arrogating to themselves control over this Court's docket, the Debtors' proposed Order states that the hearing dates on claims allowance shall be "scheduled by the Debtors, in their sole discretion," Procedures ¶ 3. And once a hearing date is scheduled, that date may be adjourned by "[t]he Debtors, in their sole discretion." Procedures ¶ 6.

There can be no conceivable basis to grant the Debtor such untrammeled "sole discretion" over the manner and conduct of judicial proceedings. In other large and complex bankruptcy cases that have involved arbitration procedures, those procedures have provided that

in the event arbitration is unsuccessful, a hearing on claims allowance shall be scheduled "as soon as reasonably practicable." *See* Alternative Dispute Resolution Procedures, ¶ II E(2) at 24, attached as Exhibit A to Order, *In re Motors Liquidation Company, et al*., Case No. 09-50026, D.I. 5037 (Bankr. S.D.N.Y.  Feb. 23, 2010); Alternative Dispute Resolution Procedures, ¶ II E(2) at 25, attached as Exhibit 1 to Order, *In re Dana Corporation, et al*., Case No. 06-10354, D.I. 5372 (Bankr. S.D.N.Y.  May 23, 2007).  But that is a very long way from "at the Debtors' sole discretion."

Rather than cluttering this Court's docket with a line-by-line analysis of all that is improper in the Debtor's proposed procedures, Taconic stands prepared to meet and confer with the Debtor in an effort to establish a set of claims resolution procedures that properly takes account of the magnitude and complexity of these cases, but at the same time takes seriously the right of creditors to litigate and resolve disputed proofs of claim under processes that are more evenhanded.

If the Debtors, however, are unwilling to work with their creditors to establish a fair and reasonable set of procedures governing the resolution of disputed proofs of claim, this Court should adhere to the design established by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and reject the Debtors' efforts to rewrite those rules in their favor, thus requiring the Debtors to propose a more appropriate set of claims resolution procedures.

Dated: New York, New York  Respectfully submitted,
March 31, 2010

  /s/ James H. Millar
James H. Millar (JM 6091)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 230-8800

*Counsel for Taconic Capital Partners 1.5 LP and Taconic Opportunity Fund LP*