FAEGRE & BENSON LLP
Stephen M. Mertz
Michael M. Krauss (MK-9699)
Michael F. Doty
Christopher J. Harayda
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

ATTORNEYS FOR WELLS FARGO
BANK, NATIONAL ASSOCIATION,
IN ITS INDIVIDUAL CAPACITY
AND ITS CAPACITY AS TRUSTEE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
                                              :
**In re**                                     :    Chapter 11
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    Case No. 08-13555 (JMP)
                                              :
          Debtors.                            :    (Jointly Administered)
                                              :
                                              :
----------------------------------------------------------------------x

**OBJECTION OF WELLS FARGO BANK, NATIONAL ASSOCIATION, IN ITS
INDIVIDUAL CAPACITY AND ITS CAPACITY AS TRUSTEE PURSUANT TO
VARIOUS TRUST AGREEMENTS, TO THE DEBTORS' MOTION PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND
GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT
CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

Wells Fargo Bank, National Association, in its individual capacity and its capacity as

trustee pursuant to various trust agreements ("Wells Fargo"), by and through its undersigned

attorneys, hereby submits this objection to the Debtors' Motion Pursuant to Section 105 of

the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "Motion"). Wells Fargo objects to the Motion to the extent that the procedures requested by the debtors in the above-captioned bankruptcy case (the "Debtors") are unduly burdensome and inequitable, and provide inadequate notice. In support of its objection, Wells Fargo respectfully states and represents as follows:

### Background

1. Wells Fargo acts as trustee for various securitization trusts, collateralized debt obligations, and other structured products (each a "Trust" and collectively, the "Trusts").

2. Wells Fargo, both in its individual capacity and in its capacity as trustee for the Trusts, has filed more than 200 proofs of claims against the Debtors.

### Objection

**I. The proposed Claims Hearing Procedures and ADR Procedures are unduly burdensome and unfair.**

4. The Debtors' proposed Claims Hearing Procedures and ADR Procedures are unnecessarily protracted and complex.[1] The Debtors' proposed Claims Hearing Procedures and ADR Procedures provide a process that potentially involves three steps before a contested claim's status is ultimately resolved – a sufficiency hearing, ADR, and a Merits Hearing. (Proposed Order Ex. A 1-2.) The adoption of these procedures would be unduly burdensome to Wells Fargo. The Debtors' proposed Claims Hearing Procedures and ADR Procedures could conceivably require Wells Fargo to participate in more than 600 separate hearings to have more than 200 claims fully adjudicated. The vast number of hearings

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Motion.

2

potentially required for Wells Fargo to defend its contested claims, the cost of attending and preparing for each hearing, and the likely duplicative nature of these hearings are inapposite to the Debtors' proclaimed goal of reducing the costs to the Debtors, their estates, and the claimants. Moreover, the number of hearings required under the ADR Procedures and Claims Hearing Procedures exceed those contemplated by General Order M-390 and Bankruptcy Rule 9014, which contemplate at most a bifurcated hearings procedure. If the Debtors commenced a contested matter against Wells Fargo, the Debtors would be entitled to a hearing on their objection to Wells Fargo's claim and ADR under Bankruptcy Rule 9014 and General Order M-390. The Motion contemplates an additional step in the form of the Sufficiency Hearing.

5. The proposed Claims Hearing Procedures permit the Debtors to adjourn a hearing at any time in their sole discretion. (Proposed Order Ex. A 3.) The Debtors' ability to unilaterally adjourn hearings will further increase the time, effort and cost required to determine the validity of contested claims. This provision is yet further evidence of the undue burden that the Debtors' proposed Claims Hearing Procedures would impose on claimants in Wells Fargo's position.

6. The ADR Procedures provide that mediation will take place in New York, New York at a location selected by the Debtors. (Proposed Order Ex. A 5.) Additionally, the ADR Procedures only permit telephonic mediation with the consent of all parties. (*Id.*) These provisions are unduly burdensome because in-person attendance is expensive and unnecessary. In addition, because Wells Fargo filed more than 200 proofs of claim against the Debtors, the Debtors' proposed procedures would allow the Debtors to initiate multiple ADR proceedings against Wells Fargo, and compel Wells Fargo to send a representative to

attend numerous mediation sessions in New York. If the Court grants the Motion and the Debtors compel Wells Fargo to submit to mediation, the ADR Procedures should permit a Wells Fargo representative to participate in mediation telephonically at Wells Fargo's option.

7. The measure permitting the Debtor to append an Offer of Settlement to the Notice of ADR Procedures or Notice of Merits Hearing is unreasonably one-sided and inequitable. The Debtors ask the Court to permit them to propose settlement offers on a take-it-or-leave-it basis. These procedures deny the claimant an opportunity to negotiate in good faith. Instead, the claimant has only two options: (i) accept the Offer of Settlement on the Debtors' terms; or (ii) incur considerable expense by participating in ADR (which, as discussed above may not resolve the matter, necessitating a Merits Hearing) or a Merits Hearing. (Proposed Order 3.) The proposed Offer of Settlement procedure is unfair and will enable the Debtors to strong-arm claimants into accepting an unfavorable Offer of Settlement or face the lengthy and expensive process of participating in ADR, a Merits Hearing, or both. If the Court grants the Motion, it should provide the opportunity for claimants to make a counteroffer to the Debtors' Offer of Settlement and for the Debtors and claimants to continue to trade offers for a set period. The ADR or Merits Hearing would only proceed after a claimant failed to respond during this period or the when the claimant and the Debtors have reached an impasse with their offers.

8. The ADR Procedures' proposed method for selecting the mediator is inequitable, flawed and ill-considered. The ADR Procedures allow the Debtors to submit only four mediators from the list of pre-selected mediators provided by the Debtors and attached as Exhibit D to the Proposed Order (the "Debtors' List"). The claimant may strike not more than three of the four mediators proposed by the Debtors. (Proposed Order

4

Ex. A 5.) The power of the Debtors to select four mediators that they believe are most favorable gives the Debtors an unfair advantage in the mediation proceeding. Further, no provision is made in the ADR Procedures for a replacement mediator should one of the four mediators selected by the Debtors have a conflict that prevents them from participating in the mediation. There is also a likelihood that three (or even all) of the four mediators proposed by the Debtors could be conflicted out of participating in the mediation, leaving the claimant only one mediator to choose – which is no choice at all. The inability to replace mediators whose conflicts prevent their participation is representative of the Debtors' failure to consider fully the ramifications of their proposed procedures. The proposed selection of the mediator gives the Debtors too much control and fails to consider situations where conflicts reduce the already trivial mediator options given to claimants. Unless Wells Fargo has greater options and broader input into the choice of mediators, the process will appear unfair from the outset, which does not bode well for settlement.

9. Finally, the Court maintains a Register of Mediators on the Court's website as provided in General Order M-390. (Register of Mediators, http://www.nysb.uscourts.gov/.) The Debtors offer no explanation as to why the mediators on the Register of Mediators are unqualified to adjudicate contested claims in this case, how the Debtors selected the mediators on the Debtors' List, or if the Debtors conducted conflict searches to determine whether conflicts exist that would prohibit mediators on the Debtors' List from overseeing a contested claims mediation. Without explanation of the Debtors' methods and rationale for the selection of the mediators on the Debtors' List, the claimants cannot be assured that the Debtors have not simply selected mediators they feel will be most sympathetic to them.

5

**II.     The Motion's proposed notice procedures are inadequate.**

10.    Wells Fargo also objects to the Motion's proposed notice provisions. The Debtors seek permission to commence ADR or a Merits Hearing by sending notice to Wells Fargo by email, facsimile or overnight delivery. Wells Fargo objects to the extent that the Motion does not specify the address to which the Debtors must deliver the Notice of ADR Procedures or Notice of Merits Hearing, and Wells Fargo objects to any attempt by the Debtors to establish procedures that would permit the Debtors to commence ADR proceedings without sending the Notice of ADR Procedures or Notice of Merits Hearing to the following addresses:

> Michael F. Doty
> Faegre & Benson LLP
> 2200 Wells Fargo Center
> 90 South 7th Street
> Minneapolis, MN 55402
>
> Mary L. Sohlberg
> Wells Fargo Bank, National Association
> MAC N9311-161
> 625 Marquette Avenue
> Minneapolis, MN 55479

## Conclusion

WHEREFORE, for the reasons set forth herein, Wells Fargo respectfully requests that this Court: (A) deny Debtors' Motion; and (B) grant such other and further relief as the Court shall deem just.

| | |
|---|---|
| March 31, 2010 | /s/ Michael M. Krauss |
| | Stephen M. Mertz |
| | Michael M. Krauss (MK-9699) |
| | Michael F. Doty |
| | Christopher J. Harayda |
| | Faegre & Benson LLP |
| | 2200 Wells Fargo Center |
| | 90 South Seventh Street |
| | Minneapolis, MN  55402-3901 |
| | Telephone: (612) 766-7000 |
| | Facsimile: (612) 766-1600 |
| | |
| | ATTORNEYS FOR WELLS FARGO BANK, NATIONAL ASSOCIATION, IN ITS INDIVIDUAL CAPACITY AND ITS CAPACITY AS TRUSTEE |

fb.us.5047095.03