**Objection Deadline: March 31, 2010 at 4:00 p.m. (prevailing Eastern Time)**
**Hearing Date and Time: April 14, 2010 at 10:00 a.m. (prevailing Eastern Time)**

LOVELLS LLP
Matthew P. Morris
590 Madison Avenue
New York, New York 10022
Telephone: (212) 909-0600
Facsimile: (212) 909-0660

*Attorneys for SABMiller PLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
In re:                                                       :
                                                             :
                                                             :   Chapter 11
LEHMAN BROTHERS HOLDING INC., et. al.,   :
                                                             :
                    Debtors.                            :   Case No. 08-13555 (JMP)
                                                             :
                                                             :   (Jointly Administered)
                                                             :
------------------------------------------------------------------------X

# LIMITED OBJECTION OF SABMILLER PLC TO DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS

SABMiller PLC ("**SAB**"), by and through its undersigned counsel, hereby submits this limited objection to the Debtors'[1] Motion Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures of Claims Against the Debtors (the "**Motion**"), and respectfully states as follows:

---

[1] Unless otherwise noted, all capitalized terms have the meaning ascribed in the Motion.

**Preliminary Statement**

1. By the Motion, the Debtors request entry of an Order pursuant to section 105(a) of the Bankruptcy Code and the Court's General Order M-390, authorizing the Debtors to, among other things, implement certain alternative dispute resolution procedures with respect to filed and scheduled claims in the Debtors' chapter 11 cases.

2. Prior to the commencement date of the Cases, SAB was a party to several contracts with various Debtors, all of which it has since validly terminated. SAB timely filed claims against the Debtors (Proofs of Claim Nos. 20169 and 20285). SAB does not, in principle, oppose the establishment of procedures to streamline the resolution of Claims, efficiently administer these Cases, and expedite distribution to creditors. However, any such procedures should be equitable and impartial, and structured to ensure the protection of creditor rights. That is not the case with certain aspect of the procedures as proposed by the Debtors in the Motion, most notably the provisions relating to discovery, the selection of Mediators, and the timing for Mediation Briefs.

3. As a Claimant who will be subject to the Claims Hearing and ADR Procedures (as such may be modified and ordered by this Court), SAB has the following limited objections to the relief sought in the Motion as set out below.

**Limited Objection**

A. <u>Temporary Litigation Injunction Should Permit Limited Discovery</u>

4. Because of the potentially significant cost in both time and expense associated with the mandatory Mediation process as outlined in the Motion, the Temporary Litigation Injunction sought by the Debtors should permit limited discovery in respect to any proposed Mediation. As submitted, the Claims Hearing Procedures and the ADR Procedures impose a Temporary Litigation Injunction, staying other litigation with respect to a Contested Claim,

including but not limited to discovery, by Claimants and the Debtors. This Temporary Litigation Injunction expires with respect to a Contested Claim only (i) when that Contested Claim has been resolved by virtue of a settlement between the parties, reached through the ADR Procedures or otherwise, or (ii) upon entry of a scheduling order setting forth the rules and procedures applicable to a Merits Hearing or a Claims Objection Hearing, as applicable to such Contested Claim.

5. Discovery may be crucial for both Claimants and the Debtors in preparing for Mediation and could significantly increase the chances of a successful mediation process by providing the parties with information relevant to the issues in dispute. If a Claimant is required to participate in mandatory mediation (including the preparation of mediation statements) and to bear its own costs in relation to mediation, it should at least have an opportunity to seek information relevant to the issues in dispute. A provision authorizing limited pre-Mediation discovery should be incorporated into the Debtors' submitted ADR Procedures. The complete absence of discovery language is a substantial and material difference from the ADR procedures in prior cases authorizing both arbitration and mediation procedures that the Debtors cite as authorizing ADR Procedures that are "substantially similar."

6. The alternative dispute resolution procedures authorized in *In re Motors Liquidation Co.,* Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb 23, 2010) [Docket No. 5037], cited by the Debtors in support of their request for a Temporary Litigation Injunction, permitted discovery requests in the case of arbitration, only limiting them to no more than twenty (20). *In re Dana Corp., et al.,* Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. May 23, 2007) [Docket 5372] also permitted limited discovery in the case of arbitration. SAB respectfully submits that the Court here should follow a similar approach in the context of the Mediation procedures submitted by the Debtors and permit limited discovery to aid the Claimants subject to the ADR Procedures in preparing the documentation and assembling the information necessary for a

proposed Mediation. Not only will this increase the likelihood that any proposed Mediation will resolve Claims against the Debtors' estates, but it will also foster the cost-effectiveness and efficiency the Debtors claim they seek in the Motion.

        B.        The Mediator Selection Process Should Be Altered.

7. The selection process for the Mediators described by the Debtors in the Motion is, in its current form, prejudicial to Claimants and should be altered to put Claimants on a more equal footing with the Debtors. The Debtors claim that their list of Mediators "generated in consultation with the Creditors' Committee" is neutral and "includes individuals equipped to handle the complicated disputes related to the Contested Claims." [Motion at 25]. The Debtors provide no evidence of either the neutrality or issue-competency of the individuals named on the list. At the very least the Debtors should be required to make available the professional *curriculum vitae* of the proposed Mediators (which the Debtors must surely have collected and reviewed) to enable the Claimants to assess the Mediators' backgrounds in connection with selecting and/or striking Mediators without the expense of having to obtain the information for themselves with respect to forty-eight individuals.

8. Moreover, the Motion leaves the selection of the actual Mediator for any proposed Mediation almost entirely in the Debtors' hands. The procedures permit the Debtors to select no less than four (4) Mediators from the list of forty eight (48) Mediators no later than twenty-one (21) days before a prospective mediation. Claimants, on the other hand, are only allowed to strike up to three (3) of these proposed Mediators. Thus, the Debtors theoretically could select all forty-eight prospective Mediators, with the Claimant being only able to strike three potentially unfavorable mediators, leaving the Debtors free to pick among the remaining forty-five proposed Mediators. Although this is likely an extreme example, it highlights the imbalance Claimants will face when they can only strike 3 candidates while the Debtors have no limit on the number of Mediators they can propose.

9. This proposed method of selecting Mediators is substantially different from several of the cases the Debtors rely on to support their Motion. *See e.g., In re Motors Liquidation Co.,* Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb 23, 2010) [Docket No. 5037] (permitting Claimant to choose mediator from a pre-approved list); *In re Dana Corp., et al.,* Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. May 23, 2007) [Docket 5372] (mediators appointed by the American Arbitration Association); In *re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Mar. 4, 2003) [Docket No. 9533] and (Bankr. S.D.N.Y. Mar. 20, 2003) [Docket No. 9862] (referring mediation to the supervision of another bankruptcy judge in the Southern District of New York); *In re Delphi Corp., et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 6, 2006) [Docket No. 6089] (both debtor and claimant agree to a mediator from a pre-selected list and any disagreement was referred back to the court).

10. There are several ways in which the Mediator selection process in the ADR Procedures could be altered to produce a more reasonable and equitable result. For example, because the Debtors unilaterally created the proposed Mediator list, the Claimant could be granted the discretion to select a Mediator of choice from the list without objection from the Debtors. Alternatively, the Claimant could be allowed to select a number of Mediators from the list, leaving the Debtors a certain amount of "strikes" against candidates the Debtors do not prefer. Further, as has been done in previous bankruptcy cases of similar magnitude, both Claimants and Debtors could leave the selection of a Mediator to a neutral and well-regarded third-party, such as the American Arbitration Association. Leaving the Mediator selection process as submitted by the Debtors unfairly prejudices Claimants and should be modified by the Court to prevent this inequity.

      C.      <u>The Time Frame for Submitting Mediation Briefs Should Be Lengthened</u>

11.      The time frame for submitting Mediation Briefs should be expanded to allow Claimants time not only to conduct limited discovery, but also to sufficiently address the matters raised by the Debtors' in the Meditation Brief that they serve upon the Claimant. The proposed ADR Procedures currently provide that the Debtors' Mediation Brief shall be served no later than ten (10) calendar days prior to the commencement of the Mediation and the Claimant's Mediation Brief shall be served no later than five (5) calendar days prior to the Mediation's commencement date. This creates an unreasonably short five day turnaround time for the Claimant to produce a Mediation Brief that adequately responds to the points and issues raised by the Debtors in their Mediation Brief. Due to the enormously complicated nature of the majority of disputes in these cases, as well as the extreme diversity in Claimants' sophistication, location and background, the Court should expand this unreasonably short timeframe to require the Debtors to submit their brief no later than twenty (20) days prior to the commencement of any Mediation and subsequently grant Claimants no less than fifteen (15) days to submit their Mediation Brief after the Debtors' Mediation Brief has been served.

### **Reservation of Rights**

SAB reserves any and all applicable rights at law and/or equity, including the right to amend or supplement this limited objection and to join in the objection of any other Claimant or other party to the Motion.

**Relief Requested**

SAB respectfully requests that the Court (i) require the Debtors to modify the ADR Procedures to address the above-objections and to otherwise clarify the proposed ADR Procedures as set forth herein and (iii) grant such other and further relief as may be just and proper.

March 31, 2010
New York, New York

Lovells LLP
By: /s/ *Matthew P. Morris*
Matthew P. Morris
590 Madison Avenue
New York, NY 10022
Telephone: 212-909-0600
Facsimile: 212-909-0660

*Attorneys for SABMiller PLC*