Hearing Date and Time: April 14, 2010 at 10:00 a.m.
Objection Date and Time: March 31, 2010 at 4:00 p.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
Telephone: (212) 655-6000
Craig M. Price

Attorneys for U.S. Bank National Association, as Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | CASE NO. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO THE DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      NOW COMES U.S. Bank National Association, not individually but as Trustee under a variety of trusts ("*U.S. Bank*" or the "*Trustee*"), by and through its counsel, Chapman and

2789541.01.02.B.doc

Cutler LLP, to object to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "*Motion*" and U.S. Bank's objection thereto, the "*Objection*"). In support of its Objection, U.S. Bank states as follows:

## SUMMARY OF OBJECTIONS

1. U.S. Bank serves as Trustee, Owner Trustee, Indenture Trustee and/or Administrative Agent for a large number of complex transactions involving one or more of the Debtors. With no monetary interest in the transactions themselves other than its fees, costs and expenses, U.S. Bank relies upon directions, instructions, indemnities and, in some cases, funding from the beneficial holders in these transactions, many of whom are located overseas.

2. Since the Trustee may lack the legal authority or may require noteholder or certificateholder approval to compromise the claims of the beneficial holders in these transactions, compelling the Trustee to participate in the ADR process may be of little benefit to the Debtors. For the reasons similar to those set forth in the objection of The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and BNY Corporate Trustee Services Limited's (collectively, the "*BNY Parties*"), U.S. Bank believes that the ADR procedures proposed in the Debtors' Motion should include modifications similar to those made to the ADR procedures that the Debtors proposed in July 2009. These include modifications that recognize the Trustee's limited capacity to bind the beneficial holders it represents, and modifications that provide additional time for U.S. Bank to provide notice to any party affected by the proposed procedures.

3. U.S. Bank has been working with the Debtors to resolve issues in the more than 800 complex transactions between U.S. Bank and the Debtors. U.S. Bank expects that this

dialogue and cooperation will continue. If U.S. Bank and the Debtors are unable to resolve issues relating to a particular claim, that matter will be brought to the attention of this Court. As such, U.S. Bank does not believe that any mediation process is necessary with respect to transactions involving U.S. Bank and the Debtors. To the extent that any further ADR procedures are implemented, they should include similar modifications as those made regarding the July 2009 ADR Procedures to reflect the unique role of the Trustee in these cases.

WHEREFORE, U.S. Bank objects to the Motion and respectfully requests that this Court (i) deny the Motion to the extent that the Debtors seek to compel U.S. Bank to participate in a mediation or ADR procedures that exceeds the scope of its authority, (ii) deny the Motion to the extent that it fails to provide adequate notice to affected holders, (iii) deny the Motion because it proposes unfair, unreasonable, and impractical procedures, and (iv) grant such further relief to the Trustee as is appropriate.

March 31, 2010

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION, not individually but as Trustee

By: _____/s/ Ann Acker_____
One of Its Attorneys

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
(312) 845-3000

Craig M. Price
CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
(212) 655-6000

**CERTIFICATE OF SERVICE**

      I, Ann Acker, an attorney, hereby certify that on the 31st day of March 2010, I caused a true and correct copy of the foregoing **Limited Objection of U.S. Bank National Association, as Trustee, to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors**, to be served electronically through the Court's ECF System on parties requesting electronic service and by U.S. Mail, First Class, Postage Prepaid, on the parties shown below.

Honorable James M. Peck
United States Bankruptcy Court for the
    Southern District of New York
Courtroom 601
One Bowling Green
New York, NY  10004

Andy Velez-Rivera
Paul Schwartzberg
Brian Masumoto
Linda Riffkin
Tracy Hope Davis
Office of the United States Trustee for the
    Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY  10004

Lindsee P. Granfield, Esq.
Lisa Schweiger, Esq.
Cleary Gotliebb LLP
One Liberty Plaza
New York, NY  10006

Bradford M. Berry
Office of General Counsel Commodity
Futures Trading Commission
1155 21st Street, NW
Washington, DC  20581

Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
Harvey R. Miller
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153

Dennis F. Dunne, Esq.
Dennis O'Donnell, Esq.
Evan Fleck, Esq.
Luc A. Despins
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005

Robinson B. Lacy, Esq.
Hydee R. Feldstein, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

Chicago Mercantile Exchange
20 South Wacker Drive
Chicago, IL  20581

| | |
|---|---|
| James Kobak<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY  10004 | Ronald J. Silverman<br>Bingham McCutchen, LLP<br>399 Park Avenue<br>New York, NY  10022-4689 |
| Kenneth J.  Caputo<br>805 Fifteenth Street, NW<br>Washington DC  20005-2207 | Epiq Bankruptcy Solutions, LLC<br>Claims Agent<br>(f/k/a Bankruptcy Services LLC)<br>757 Third Avenue, 3rd Floor<br>New York, NY  10017 |
| George A. Davis<br>Cadwalader,Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY  10281 | Eric H. Horn<br>Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland, NJ  0068 |
| Alan E. Marder<br>Meyer, Suozzi,  English & Klein, P.C.<br>990 Stewart Avenue, Suite 300<br>PO Box 9194<br>Garden City, NY  11530 | James Shenwick<br>Shenwick & Associates<br>655 Third Avenue<br>20th Floor<br>New York, NY  10017 |
| Scott Talmadge<br>Kaye Scholer, LLP<br>425 Park Avenue<br>New York, NY  10022 | Lehman Brothers Holdings Inc.<br>745 Seventh Avenue<br>New York, NY  10019 |
| Paul Arozon<br>Milbank, Tweed, Hadley & McCloy<br>601 S. Figueroa Street, 30th Floor<br>Los Angeles, CA  90017 | Security and Exchange Commission<br>Attention:  Bankruptcy Department<br>7 World Trade Center, 13th Floor<br>New York, NY  10007 |
| Internal Revenue Service<br>Attention:  Bankruptcy Department<br>120 Church Street, 3rd Floor<br>New York, NY  10008 | United States Attorney<br>One St. Andrew's Plaza<br>New York, NY  10007 |

                                          /s/ Ann Acker
                                      _____
                                             Ann Acker