**Objections Due:** March 31, 2010 at 4:00 p.m. (Eastern)
                                      **Hearing Date and Time:** April 14, 2010 at 10:00 a.m. (Eastern)

NIXON PEABODY LLP
David H. Lee
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
and
Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company Americas*
*and Deutsche Bank National Trust Company,*
*each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee*
*and in other related fiduciary capacities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LEHMAN BROTHERS HOLDINGS, INC., <u>et al.</u>, ) | |
| ) | Case No. 08-13555 (JMP) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**JOINDER OF DEUTSCHE BANK TRUST
COMPANY AMERICAS AND DEUTSCHE BANK NATIONAL TRUST
COMPANY, EACH AS TRUSTEE AND INDENTURE TRUSTEE, TO
OBJECTION OF THE BANK OF NEW YORK MELLON, THE BANK
OF NEW YORK MELLON TRUST COMPANY, N.A., AND BNY CORPORATE
TRUSTEE SERVICES LIMITED TO DEBTORS' MOTION PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,
AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO
IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE
<u>DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS</u>**

      Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company

(the "<u>Indenture Trustees</u>"), each as Trustee, Indenture Trustee, Supplemental Interest Trust

Trustee, and in their other related fiduciary capacities for various trusts and other transactions,

file this joinder (this "<u>Joinder</u>") to the Objection (the "<u>Objection</u>") of The Bank of New York

12946626.3

Mellon, The Bank of New York Mellon Trust Company, N.A., and BNY Corporate Trustee Services Limited (together, "<u>BNY</u>"), and hereby object to, the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "<u>Motion</u>").[1]

The Indenture Trustees, like BNY, act in various capacities limited by the governing documents with respect to various trusts and transactions. Accordingly, the Indenture Trustees have concerns about the Motion similar to those raised in BNY's Objection. Specifically, in light of their limited capacity and authority, (a) the Indenture Trustees should not be forced to attend or participate in mediation (let alone be subject to sanctions for not participating) absent direction from the relevant parties in accordance with the governing documents or clear authority under the applicable documents; and (b) the Claims ADR Procedures should be modified to ensure that the parties the Indenture Trustees serve receive notice sufficiently in advance of any mediation, to permit participation (including at such parties' election participation by telephone) and to avoid imposition of unreasonable or impractical deadlines and other requirements on such parties.

In further objection to the substance of the relief sought, the Indenture Trustees also object to the extent that the procedures may (i) limit communications with the Debtors, including the conveyance of counteroffers; (ii) modify the burden of proof in the claims process; or (iii) alter the rights of claimants to take discovery needed to meet any proof requirements, including, without limitation, discovery of third parties.

---

[1] Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection. The Objection is entered on the electronic docket of these cases as Docket No. 7916. The Motion is entered on the electronic docket of these cases as Docket No. 7581.

- 2 -

12946626.3

Accordingly, the Indenture Trustees hereby join in the BNY Objection and request that this Court: (i) deny the Motion to the extent that the Debtors seek to compel the Indenture Trustees to participate in mediation or ADR procedures that exceed the scope of their authority; (ii) deny the Motion to the extent that it fails to provide adequate notice to parties to whom the Indenture Trustees owe duties; (iii) deny the Motion to the extent that it limits the Indenture Trustees' communications with the Debtors, modifies the burden of proof in the claims process, or alters the rights of the Indenture Trustee to take discovery to meet any proof requirements; (iv) deny the Motion because it proposes unfair, unreasonable, and impractical procedures; and (v) grant such further relief to the Indenture Trustees as is appropriate.

Dated: New York, New York
March 31, 2010

Respectfully Submitted,

By: /s/ David H. Lee
David H. Lee
NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

and

Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company Americas, and Deutsche Bank National Trust Company, each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee and in other related fiduciary roles*

- 3 -

12946626.3