**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
David M. LeMay

Counsel for the Objecting Parties

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------
| | |
|---|---|
| In re: | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------

**LIMITED OBJECTION TO THE DEBTORS' MOTION PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND
GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT
CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

      The Objecting Parties,[1] by and through their counsel, hereby submit this limited objection (the "Objection") to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy

---

[1] The Objecting Parties are: ABC Assicura Società per Azioni, Amber Capital Investment Management, Avignon Capital Ltd., Banco Canarias de Venezuela C.A. Banco Universal, Banesco Holding C.A., Bayview Financial, L.P., Bayview Opportunity Master Fund, L.P., Bellair Development Group S.A., BlueBay Asset Management plc, Blue Bridge Holdings Limited, Bridgepont International Inc., Clayton Commercial Corporation, Chadbourne & Parke LLP, Compagnia Italiana Rischi Aziendali Società per Azioni, Credican, C.A., Duomo Unione Assicurazioni Società per Azioni, Girobank N.V., GLG Partners LP and certain of its funds, HSBC Bank USA, N.A., as Trustee, Grayson Ventures Limited, Lorimor Corporation, Lombarda Vita Società per Azioni, Portafolio de Inversiones C2-34 C.A., Risparmio & Previdenza Società per

(Cont'd on following page)

Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "Motion"),[2] and in support thereof represent as follows:

## BACKGROUND

1. On September 15, 2008, and periodically thereafter (as applicable, the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (together with LBHI, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Court entered an order on July 2, 2009 [Docket No. 4271] (the "Bar Date Order"), establishing: (i) September 22, 2009 as the deadline for virtually all creditors to file proofs of claim (each a "Proof of Claim") for claims against the Debtors that arose prior to the Petition Date; (ii) October 22, 2009 as the deadline for the filing of questionnaires with respect to any Derivative Contract or Guarantees (each as defined in the Bar Date Order); and (iii) November 2, 2009 as the deadline to file Proofs of Claim with respect to Lehman Program Securities (as defined in the Bar Date Order). The Court, by an order dated August 25, 2009 [Docket No. 4928], extended to November 2, 2009 the deadline for filing the questionnaires with respect to any Derivative Contract and Guarantee for certain of LBHI's foreign affiliates.

3. In accordance with the Bar Date Order, each of the Objecting Parties filed one

---

(Cont'd from preceding page)

    Azioni, San Miniato Previdenza Società per Azioni, Società Cattolica di Assicurazione - Società Cooperativa, Spring Star Corp., and TUA Assicurazioni Società per Azioni.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

or more claims against certain of the Debtors. More than 66,000 claims were filed against the Debtors. See ¶12 of the Motion.

4. The following parties in interest have filed objections to the Motion (the "Filed Objections"):

    a. The Bank of New York Mellon, The Bank of New York Mellon Trust Comopany, N.A., and BNY Corporate Trustee Services Limited [Docket No. 7916] (the "BNY Objection");

    b. Bundesverband deutscher Banken e. V. [Docket No. 7921] (the "BdB Objection"); and

    c. Hess Corporation, Hess Energy Trading Company, LLC, Mizuho Capital Markets Corp., Mizuho Corporate Bank, Ltd., Mizuho Alternative Investments LLC and Louis Dreyfus Energy Services, L.P. [Docket No. 7932] (the "Derivative Counterparties Objection").

## OBJECTION

5. Given the number of claims filed in these chapter 11 cases, the Objecting Parties understand the Debtors' desire to establish procedures which will allow for the fair, efficient and expeditious resolution of these claims. However, the procedures proposed by the Debtors go too far because they eliminate important due process rights afforded to Claimants. The Objecting Parties file this limited Objection seeking modifications to the Debtors' proposed procedures to protect their due process rights.

**A. The Proposed Temporary Litigation Injunction Should Be Modified to Allow Claimants Discovery Reasonably Tailored to the Contested Claims**

6. The proposed Claims Hearing Procedures provide that once an objection to a Proof of Claim has been served, each Claimant to whom such objection applies will be enjoined

from, among other things, engaging in any discovery in an effort to establish, liquidate, collect on, or otherwise enforce any and all of the Claim filed by such Claimant (the "<u>Temporary Litigation Injunction</u>").  As proposed by the Debtors, and in contravention of the Bankruptcy Rule and Claimants' due process rights, the Temporary Litigation Injunction would bar <u>any</u> discovery in connection with the proposed mandatory Mediation and any Sufficiency Hearing.

7. In general, a claimant may seek discovery once a debtor serves its objection to a claim pursuant to Fed. R. Bankr. P. 9014.  Neither the number of Filed Claims nor the complexity of these chapter 11 cases provides the Debtors with the basis to effectively re-write the Bankruptcy Rules with respect to resolution of contested claims.  Although the proposed ADR Procedures provide for the termination of the Temporary Litigation Injunction upon entry of a scheduling order of a Merits Hearing or a Claims Objection Hearing, Claimants should be entitled to discovery before that time, especially in light of the proposed mandatory Mediation. Allowing reasonably tailored discovery in Mediation will allow the Debtors and Claimants to better articulate their positions in Mediation briefing.  Allowing discovery will make the Mediation process more efficient, not less, because if the parties are able to obtain and rely on evidence which demonstrates the validity of their arguments, resolutions may be more likely at the conclusion of such Mediation.

8. The Debtors cite to <u>Motors Liquidation</u>, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb. 23, 2010) and <u>In re Dana Corp., et al</u>., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. May 23, 2007) as support for the Temporary Litigation Injunction.  However, the "injunctions" approved in those cases did not expressly prohibit the parties from engaging in any discovery and, perhaps more importantly, those procedures only applied to certain claims.  Here, the Debtors seek implementation of more restrictive procedures impacting a much larger number of Claims.

4

9.      The Debtors could achieve their goal of efficient, streamlined claim reconciliation procedures and at the same time respect the due process to which Claimants are entitled by allowing discovery reasonably tailored to a contested Claim.

**B.    Requiring Claimants to Travel to New York
For Mandatory Mediation is Unduly Burdensome**

10.     The Debtors propose that Mediation must take place in New York, unless both parties agree that Mediation may be held telephonically.  The Debtors have no obligation to provide reasonable consent to a request for telephonic Mediation and in essence have the unilateral right to require Claimants to come to New York.  As proposed, this aspect of Mediation is unduly burdensome to the Objecting Parties.

11.     Many of the Objecting Parties are located outside of the United States.  The non-binding nature of Mediation means that the Objecting Parties could incur significant costs in attending mandatory Mediation in New York and still need to return for an evidentiary hearing if the proposed Mediation result is unacceptable.

12.     The Objecting Parties request that those Claimants who do not reside within a reasonable distance of New York, New York should have the option to elect to participate in Mediation telephonically, without needing the Debtors' consent.

**C.    The Objecting Parties Join the Filed Objections**

13.     The Objecting Parties have reviewed the Filed Objections and hereby join in the BdB Objection and the Derivative Counterparties Objection and adopt the assertions and arguments set forth therein.

14.     HSBC Bank USA, N.A., as trustee also hereby joins in the BNY Objection and adopts the assertions and arguments set forth therein.

15.     The Objecting Parties reserve all rights to be heard before the Court with

respect to the Objection, the Motion and Filed Objections.

## CONCLUSION

WHEREFORE, the Objecting Parties respectfully request that this Court (i) deny the Motion unless the order entered approving the Motion is modified to address the defects described herein, and (ii) grant such other and further relief as this Court deems just and proper.

Date:  New York, New York
       March 31, 2010

                                  **CHADBOURNE & PARKE LLP**

                By:  *David M. LeMay*
                     David M. LeMay
                     A Member of the Firm
                     30 Rockefeller Plaza
                     New York, New York 10112
                     Telephone:  (212) 408-5100
                     Facsimile:  (212) 541-5369

                     Counsel for the Objecting Parties