BAKER BOTTS L.L.P.
Thomas R. Trowbridge, III (TT 7164)
30 Rockefeller Plaza
New York, New York 10112-4498
Telephone: (212) 408-2500
Facsimile:  (212) 408-2501

Hearing Date: April 14, 2010
Hearing Time: 10:00 a.m. (EST)

Attorneys for Linn Energy, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------x
| In re: | : | Chapter 11 |
|---|---|---|
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.* | : | Case No. 08-13555 (JMP) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |
-----------------------------------------------------x

**LINN ENERGY, LLC'S LIMITED OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS [DOCKET NO. 7581]**

Linn Energy, LLC ("Linn"), by and through undersigned counsel, files this limited objection (the "Objection") to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "Motion"), and in support thereof would state the following:

    1.    On March 15, 2010, Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") filed the Motion seeking authorization to implement procedures for resolving objections to proofs of claim.

    2.    The Motion proposes to establish claims hearing procedures and alternative dispute resolution procedures which, for the most part, appear to be appropriate.

However, Linn is concerned about one aspect of the proposed procedures—namely, the Debtors' proposal to establish a "Temporary Litigation Injunction, staying other litigation with respect to the Claim to which an objection has been filed, including but not limited to discovery by Claimants . . . through the completion of the Claims Hearing Procedures and the ADR Procedures . . . ." Motion ¶ 11.[1] More specifically, once an objection is served, the Debtors ask that claimants be enjoined from "engaging in any discovery, in any manner or any place, including this Court" until a settlement is reached or until the procedures contemplated in the Motion are concluded without resolution. Motion ¶ 20.

3. To maximize the likelihood of a settlement—which is the purpose of the procedures requested by the Debtors—parties may need on occasion to engage in limited discovery. While the Debtors have raised concerns about uncontrolled litigation costs, these concerns must be balanced by the recognition that discovery also provides parties with the information necessary to persuade one another about the strengths or weaknesses of their respective legal positions. Settlement discussions in a vacuum without the benefit of any discovery whatsoever tend to quickly be reduced to mere rhetoric and would serve only to further entrench the parties.

4. This Court may, however, strike a balance between an unmitigated litigation arsenal and a complete void of information. To strike this balance, the Debtors' Temporary Litigation Injunction should be amended to expressly permit two types of discovery:

- the Debtors and claimant(s) should be permitted to compel production of documents from third parties (i.e., parties other than the Debtors or the claimant(s)); and

- the Debtors and claimant(s) should cooperate with one another in good faith to exchange information, including documents, that is reasonably requested by the other side.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

5.      This limited discovery avoids one of the most costly forms of discovery—depositions—while ensuring that the Debtors and the claimants will each have at least some access to information in order to evaluate and negotiate the merits of their respective cases.

WHEREFORE, premises considered, Linn respectfully requests that the procedures proposed in the Motion be amended as provided herein and that it be granted such other and further relief to which it may show itself entitled.

Dated: March 31, 2010                                            Respectfully submitted,

**BAKER BOTTS L.L.P.**

/s/ Thomas R. Trowbridge
Thomas R. Trowbridge, III (TT 7164)
30 Rockefeller Plaza
New York, New York 10112-4498
Telephone: 212.408.2500
Facsimile:  212.408.2501

**COUNSEL FOR LINN ENERGY, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this, the 31st day of March, 2010, a true and correct copy of foregoing pleading was served *via* First Class United States mail, postage prepaid, on the following:

**Chambers Copy**

Honorable James M. Peck
United States Bankruptcy Judge
Southern District of New York
Courtroom 601
One Bowling Green
New York, New York 10004

**Attorneys for the Debtors**

Weil, Gotshal & Manges, LLP
Attn: Shai Y. Waisman
767 Fifth Avenue
New York, New York 10153

**United States Trustee**

Office of the United States Trustee for the
Southern District of New York
Attn: Andy D. Velez-Rivera
33 Whitehall Street, 21st Floor
New York, New York 10004

Office of the United States Trustee for the
Southern District of New York
Attn: Paul Schwartzberg
33 Whitehall Street, 21st Floor
New York, New York 10004

Office of the United States Trustee for the
Southern District of New York
Attn: Brian Masumoto
33 Whitehall Street, 21st Floor
New York, New York 10004

Office of the United States Trustee for the
Southern District of New York
Attn: Linda Riffkin
33 Whitehall Street, 21st Floor
New York, New York 10004

Office of the United States Trustee for the
Southern District of New York
Attn: Tracy Hope Davis
33 Whitehall Street, 21st Floor
New York, New York 10004

**Attorneys for the Official Committee of Unsecured Creditors**

Milbank, Tweed, Hadley & McCloy LLP
Attn: Dennis F. Dunne
1 Chase Manhattan Plaza
New York, New York 10005

Milbank, Tweed, Hadley & McCloy LLP
Attn: Dennis O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005

Milbank, Tweed, Hadley & McCloy LLP
Attn: Evan Fleck
1 Chase Manhattan Plaza
New York, New York 10005

                          /s/ Tony M. Davis
                          Tony M. Davis