WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :     **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                        :     **08-13555 (JMP)**
                                                                    :
                              **Debtors.**                          :     **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION, PURSUANT TO**
**SECTION 1121(d) OF THE BANKRUPTCY CODE, REQUESTING**
**EXTENSIONS OF EXCLUSIVE PERIODS FOR THE FILING OF AND**
**SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS OF**
**MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Merit, LLC ("Merit"), LB Somerset LLC and LB Preferred Somerset LLC (together, the

"Somerset Entities"), and their affiliated debtors in the above-referenced chapter 11 cases

(collectively, the "Debtors") for an order extending the exclusive periods during which only the

Merit and the Somerset Entities may file chapter 11 plans and solicit acceptances thereof, all as

more fully described in the Motion, will be held before the Honorable James M. Peck, United

States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs

House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy

Court"), on **April 14, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn:  Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United

States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street,

21st Floor, New York, New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg,

Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank,

Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:

Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official

Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a

particularized interest in the Motion, so as to be so filed and received by no later than **April 7,**

**2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 31, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :   08-13555 (JMP)
                                          :
                     Debtors.             :   (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

**DEBTORS' MOTION, PURSUANT TO**
**SECTION 1121(d) OF THE BANKRUPTCY CODE, REQUESTING**
**EXTENSIONS OF EXCLUSIVE PERIODS FOR THE FILING OF AND**
**SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS OF**
**MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Merit, LLC ("Merit"), LB Somerset LLC and LB Preferred Somerset LLC

(together, the "Somerset Entities" and with Merit, the "New Debtor Entities") and their affiliated

debtors in the above-referenced chapter 11 cases as debtors and debtors in possession

(collectively, the "Debtors" and together with their non-debtor affiliates "Lehman"), file this

Motion and respectfully represent:

**Preliminary Statement**

1.        On March 15, 2010, the Debtors filed a joint chapter 11 plan (the "Plan")
and have the exclusive right to solicit acceptances thereof through and including May 17, 2010.
The Plan is an integrated but independent plan for each of the Debtors, including the New Debtor
Entities.  The New Debtor Entities only recently filed their chapter 11 cases and are eligible for
extensions of their Exclusive Periods (defined below) to file and solicit acceptances of chapter 11
plans pursuant to section 1121(d) of the Bankruptcy Code.  Merit filed its chapter 11 petition on
December 14, 2009.  The Somerset Entities filed their chapter 11 petitions on December 22,
2009.

2.        By this Motion, the Debtors request, out of an abundance of caution, a
brief extension of the Plan Period and Solicitation Period (each as defined below) with respect to
the New Debtor Entities through and including September 15, 2010 and November 15, 2010,
respectively.  Notwithstanding the filing of the Plan, ongoing analyses and investigations into the
New Debtor Entities' businesses, in particular strategies to preserve and maximize the value of
their respective assets, as well as an evaluation of claims against their estates, including
intercompany claims, must be completed.  As such, the filing of competing individual plans with
respect to the New Debtor Entities while the Debtors are negotiating the Plan and continuing
their investigations would be disruptive to the Plan process and will delay all of the chapter 11
cases.  Accordingly, the requested extensions should be granted.

**Background**

3.        Commencing on September 15, 2008 and periodically thereafter (as
applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain
of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to Rule

1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors

are authorized to operate their businesses and manage their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

6.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket

No. 7531].

7.      By order dated January 15, 2009 [Docket No. 2549], the Court extended

the Plan Period through and including July 13, 2009 and the Solicitation Period through and

including September 16, 2009 for the Debtors other than the New Debtor Entities.  By order

dated July 20, 2009 [Docket No. 4449], the Court extended the Debtors' Plan Period through and

including March 15, 2010 and the Solicitation Period through and including May 17, 2010 for

the Debtors other than the New Debtor Entities.

8.      On February 12, 2010, the New Debtor Entities each filed their respective

schedules and statements of financial affairs.  On March 8, 2010, the New Debtor Entities held

their meeting of creditors pursuant to section 341(a) of the Bankruptcy Code.

### Jurisdiction

9.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

10.      Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman has been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

11.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

### Relief Requested

12.      Section 1121(b) of the Bankruptcy Code provides for an initial period of

120 days after the commencement of a chapter 11 case during which a debtor has the exclusive

right to propose and file a chapter 11 plan (the "Plan Period").  *See* 11 U.S.C. § 1121(b).  Section

1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day Plan

Period, it has a period of 180 days after the commencement of the case to obtain acceptance of

such plan, during which time competing plans may not be filed (the "Solicitation Period" and

together with the Plan Period, the "Exclusive Periods").  *See id.* at § 1121(c)(3).  Pursuant to

section 1121(d) of the Bankruptcy Code, the Court may extend a debtor's Exclusive Periods for cause.  *See id.* at § 1121(d).

13.     The requested extensions of the New Debtor Entities' Exclusive Periods will effect no prejudice to the New Debtor Entities' stakeholders (who retain the right to request a termination of the Exclusive Periods at any time pursuant to section 1121(d)(1) of the Bankruptcy Code), and avoids the destabilizing and distracting effect of competing individual chapter 11 plans for the New Debtor Entities.  Accordingly, the relief requested is appropriate and should be granted.

### The Controlling Legal Standard

14.     The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension.  The legislative history indicates, however, that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

15.     In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case.  *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).  Those factors include, without limitation:

> (a) the size and complexity of the debtor's case;
>
> (b) the existence of good-faith progress towards reorganization;

Pg 9 of 15

> (c) a finding that the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;
>
> (d) existence of an unresolved contingency; and
>
> (e) the fact that the debtor is paying its bills as they come due.

See *McLean Indus.*, 87 B.R. at 834 (citations omitted); *accord Express One*, 194 B.R. at 100 (identifying four of the five above-quoted factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Intern., Inc.*, 60 B.R. 265, 269 (Bankr. D. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon certain of the above-quoted factors).

16.     The primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan.  The Exclusive Periods are intended to afford a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan without the deterioration and disruption that is likely to be caused by the filing of competing plans by non-debtor parties.

## Cause Exists for an Extension of Exclusivity

17.     While the New Debtor Entities are not unusually large when considered separately, the New Debtor Entities' chapter 11 cases pose many of the same complex issues as the chapter 11 cases of the other Debtors.  The New Debtor Entities' chapter 11 cases also involve complicated intercompany claims with certain of the other Debtors as well as foreign affiliates in administration.  In fact, the majority of the New Debtor Entities' known creditors are their domestic and foreign affiliates.  Intercompany claims are a global issue and remain the subject of ongoing discussions.

18.     Many of these issues are addressed in the joint Plan and will need to be addressed as the Plan process continues to unfold.  Allowing non-Debtor parties to propose plans

with respect to the New Debtor Entities would ignore the integrated nature of the Debtors'

businesses and undermine the efforts of the Debtors to achieve a global resolution of the chapter

11 cases.   Negotiation regarding, and confirmation of, the Plan will be delayed by distractions

created by the proposal of individual competing plans for the New Debtor Entities.

     19.  The Debtors have devoted considerable time and effort investigating,

researching, and analyzing complex issues to formulate the joint chapter 11 Plan that seeks to

address and provide treatment for the various stakeholder interests relating to all of the Debtors

as components of an integrated enterprise.   During the requested extensions of the Exclusive

Periods, the Debtors intend to engage in negotiations with creditors of the New Debtor Entities

(in addition to the Creditors' Committee and other creditors), consider issues, and conduct

analyses that will likely have a significant impact on the framework of the Plan.   Abandoning the

consensual plan process that is already well under way in favor of a disjointed plan process that

would result from the filing of competing plans for the New Debtor Entities would be an

inefficient use of the Debtors' resources and would unnecessarily complicate and forestall an

efficient resolution to the Debtors' chapter 11 cases.   Given the substantial progress made by the

Debtors to date and the continuing Plan negotiations and considerations, extending the New

Debtor Entities' respective Exclusive Periods is in the best interests of all of the Debtors and

their stakeholders.

     20.  Affording the New Debtor Entities a full opportunity to undertake an

extensive review of assets of and claims against their estates will enhance the administration of

the New Debtor Entities' estates and will not harm their creditors.   The other Debtors had

between 11-18 months under the protection of chapter 11 prior to filing their Plans.   The Debtors

and their professionals have already spent a significant amount of time familiarizing themselves

with the New Debtor Entities' assets, liabilities, corporate structure and businesses.
Accordingly, for another proponent to propose meaningful chapter 11 plans for the New Debtor
Entities, such proponent would have to duplicate many of the extensive efforts already expended
by the Debtors and their professionals, thereby imposing unnecessary delay and expense onto all
of the Debtors' stakeholders.

21.    Moreover, the requested extension is not an attempt to pressure creditors
to accede to the Debtors' demands.  The New Debtor Entities have held a section 341 meeting of
creditors, filed their schedules and statements of financial affairs, are not deficient on their
limited ordinary course post-petition obligations and have already proposed their Plan.  This
extension is sought out of an abundance of caution to permit the Debtors to further develop and
analyze the global and particular issues posed by the chapter 11 cases of the New Debtor
Entities.  Thus, there is no prejudice to creditors from granting the requested extensions.  *See In
re Perkins*, 71 B.R. 294, 299 (W.D. Tenn. 1987) ("if the debtor has filed a plan[,] potential for
upsetting the bargaining balance is more remote.").

22.    For the reasons set forth herein, the requested extension of the Exclusive
Periods is warranted and appropriate.  The Motion should be granted.

## Notice

23.    No trustee has been appointed in these chapter 11 cases.  The Debtors
have served notice of this Motion in accordance with the procedures set forth in the amended
order entered on February 13, 2009 governing case management and administrative procedures
for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's
Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;
(v) the United States Attorney for the Southern District of New York; and (vi) all parties who

have requested notice in these chapter 11 cases.  The Debtors submit that no other or further

notice need be provided.

        24.     No prior request for extensions of the Exclusive Periods of the New

Debtor Entities have been made to this or any other court.

        WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  March 31, 2010
      New York, New York


                   /s/ Shai Y. Waisman
                   Shai Y. Waisman

                   WEIL, GOTSHAL & MANGES LLP
                   767 Fifth Avenue
                   New York, New York 10153
                   Telephone: (212) 310-8000
                   Facsimile: (212) 310-8007

                   Attorneys for Debtors
                   and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                               :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                  :
                          Debtors.                  :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION, PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE, REQUESTING EXTENSIONS OF EXCLUSIVE PERIODS FOR THE FILING OF AND SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS OF MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC

Upon the motion, dated March 31, 2010 (the "Motion"), of Merit, LLC ("Merit),

LB Somerset LLC and LB Preferred Somerset LLC (together, the "Somerset Entities" and with

Merit, the "New Debtor Entities") and their affiliated debtors in the above-referenced chapter 11

cases as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section

1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), for an order extending

the exclusive periods during which only the New Debtor Entities may file chapter 11 plans (the

"Plan Period") and solicit acceptances thereof (the "Solicitation Period," and together with the

Plan Period, the "Exclusive Periods"), all as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the exclusive Plan Period of each of the New Debtor Entities is extended through and including September 15, 2010; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the exclusive Solicitation Period of each of the New Debtor Entities is extended to through and including November 15, 2010; and it is further

ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to any party in interest's rights, pursuant to section 1121(d) of the Bankruptcy Code, to move to increase or reduce the New Debtor Entities' Exclusive Periods; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: April __, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE