Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., <u>et al.</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :           **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**                    :           **08-13555 (JMP)**
                                                                    :
                                        **Debtors.**                :           **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x

**STATEMENT OF OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS IN SUPPORT OF DEBTORS' MOTION,**
**PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND RULE**
**6004(h) OF THE BANKRUPTCY RULES, FOR AUTHORIZATION TO ENTER INTO**
<u>**CERTAIN AGREEMENTS WITH LAMCO HOLDINGS LLC AND LAMCO LLC**</u>

            The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in

the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and

each of its affiliated debtors in possession (collectively, the "<u>Debtors</u>"), hereby files this

statement in support of the Debtors' motion (Docket No. 7579, the "<u>Motion</u>"), dated March 15,

2010, pursuant to Sections 105 and 363 of the Bankruptcy Code and Rule 6004(h) of the Federal

Rules of Bankruptcy Procedure, seeking entry of an order authorizing certain of the Debtors to

enter into the various LAMCO Agreements.[1]

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the
Motion.

1.      The Committee has determined to support the LAMCO transaction proposed by the Debtors.  This determination involved nearly ten months of analysis and deliberation, including presentations to the Committee by the Debtors and a potential third party investor.  The Committee grappled with the concept of creating a non-debtor entity to manage each Debtor's assets outside of a plan construct, an extraordinary development not generally consistent with creditor expectations in a liquidating chapter 11 case.  However, after comprehensive review of the proposal, the Committee has concluded that the proposed transaction affords the Debtors' estates an opportunity to increase the value to the Debtors' estates for the benefit of all unsecured creditors while protecting (and, in certain respects, enhancing) creditor control over asset management and monetization determinations.

2.      The LAMCO structure offers an arrangement for the efficient management of the Debtors' illiquid assets, pending their future monetization (in either the short or long term) at prices reflective of their true values.  The LAMCO Agreements provide that, even after the Debtors have emerged from chapter 11 protection, LAMCO will continue to manage their assets "at cost" until such time as any Debtor elects to withdraw its assets from LAMCO.[2]  In addition, LAMCO may attract third party assets, which LAMCO will manage at a market rate.  To the extent LAMCO succeeds in attracting such third-party clients, additional value will inure to the Debtors' estates and creditors.

---

[2]      The Asset Management Agreement permits LBHI to withdraw all or a portion of its Managed Assets at any time.  See Asset Management Agreement, Sections 9, 17 (attached as Exhibit C to the Motion).  The Limited Liability Company Agreement of LAMCO Holdings LLC (the "LLC Agreement") will be automatically amended pursuant to any confirmed plan of reorganization or liquidation of LBHI or its affiliated debtors.  See LLC Agreement, Section 19(b).  The Committee anticipates, based on its discussions with the Debtors, that if a Debtor emerges pursuant to a separate plan, the confirmation order for such Debtor will assign withdrawal rights to the board of directors of such reorganized Debtor.

3. One of the Committee's major concerns with LAMCO had been related to timing: why now? Signals in the marketplace indicate that the value of LAMCO to a strategic third party may be at its maximum level at this time. LBHI and the Committee are actively engaged in a process of exploring a potential strategic relationship with one or more third parties with respect to LAMCO, including the possibility of selling to such third party an equity stake in LAMCO, or forming otherwise profitable relationships that would create additional value for the Debtors' estates and their unsecured creditors. The Debtors' financial advisors, based on discussions with such third parties, have argued persuasively that the opportunity to attract a third-party investor may be lost – or substantially diminished – by the time the Debtors emerge from chapter 11 protection. The Committee's financial advisors' diligence confirms this conclusion.[3]

4. The Committee and its advisors expended considerable time and effort working with the Debtors to review, analyze and negotiate both the proposed LAMCO structure and the specific terms of the LAMCO Agreements. In so doing, the Committee focused on ensuring that the rights and interests of the Debtors' unsecured creditors were adequately addressed and protected. As set forth in the Motion, the Committee, as the statutory representative of the unsecured creditors of each Debtor's estate, will have a significant oversight role in, and close supervision of, LAMCO's governance and operations until the effective date of LBHI's plan or the date on which the oversight rights of the Committee with respect to LAMCO expire pursuant to LBHI's chapter 11 plan.[4]

---

[3] The Debtors also believe that failure to implement LAMCO in the near term will present challenging employee retention issues. While the employee retention benefits of LAMCO are difficult to quantify, the potential value from a strategic partnership and management of third-party assets presents sufficient justification for advancing the LAMCO opportunity at this time.

[4] See Asset Management Agreement, Section 2(a)(i).

5.      With respect to governance, the Committee is entitled to require that one independent person be appointed as a member of the board of LAMCO Holdings, the identity of whom is to be mutually agreed upon by LBHI and the Committee[5], and the Committee is entitled to have its financial advisors attend all board meetings of LAMCO Holdings as observers.[6] Furthermore, once the Debtors emerge from chapter 11 protection, the Committee expects that representatives of the Debtors' unsecured creditors will fill reorganized LBHI's board of directors, thus formalizing their continued control over LAMCO's operations.

6.      As to LAMCO's operations prior to the effective date of LBHI's plan of reorganization, LAMCO will not be permitted to take any action which, if such action were to be taken by LBHI, would require the approval of the Court or the Committee, without first obtaining the approval of the Court or the Committee.[7]  In this regard, all of the existing oversight protocols between the Debtors and the Committee have been incorporated into the LAMCO governance documentation.[8]  The Committee will also have approval rights over numerous LAMCO actions as well as certain LBHI actions in respect of its ownership of LAMCO.[9]  Specifically, the Committee's approval will be required before (i) LBHI invests additional funds in LAMCO, or (ii) LAMCO is able to accept any outside investors.[10]

7.      Finally, the Committee took great care to ensure that the LAMCO documentation imposed on LAMCO's management fiduciary duties equal to or greater than the

---

[5]      See LLC Agreement, Section 7(e) (attached as Exhibit E to the Motion).

[6]      See id. at Section 7(j).

[7]      See LLC Agreement, Section 7(a).

[8]      See Asset Management Agreement, Section 2(a).

[9]      See LLC Agreement, Sections 7(c)-(d).

[10]      See id. at Section 7(d).

current management structure by requiring LAMCO to act as a fiduciary and in the best interests of each Debtor with assets managed by LAMCO.[11]

8.      Having carefully reviewed and considered the structure and documentation of the proposed LAMCO transaction, the Committee shares the Debtors' view that entering into the LAMCO Agreements represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors' estates and creditors.

## <u>CONCLUSION</u>

9.      For the foregoing reasons, the Committee respectfully requests that the Court grant the Motion, and grant the Debtors such other relief in connection with the Motion as the Court deems just.

Dated:  New York, New York
       April 2, 2010

**MILBANK, TWEED, HADLEY & M<u>c</u>CLOY LLP**

By: _/s/ Dennis F. Dunne_____
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., <u>et</u> <u>al.</u>

---

[11]     <u>See</u> Asset Management Agreement, Sections 2(a)(iv), 21; LLC Agreement, Section 7(o).