B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re LEHMAN BROTHERS HOLDNGS INC.              Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Morgan Stanley & Co. International plc | Deutsche Bank SA/NV |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Morgan Stanley & Co. International plc
25, Cabot Square,
Canary Wharf,
London E14 4QA

With a copy to:
Richards Kibbe & Orbe L.L.P.
One World Financial Center
New York, NY 10281-1003
Fax: 212-530-1801
Attn: Managing Clerk

Phone: +44 207 677 7974
E-mail: lndistressed@morganstanley.com

Phone: +212 530 1800

Court Claim # (if known): 50475

Amount of Claim: transferred amount –
US$2,979,690.00 being 3.07674276% of
total claim US$96,845,600.60
Date Claim Filed: 30 October 2009

Phone: +32 2 551 6307
Last Four Digits of Acct. #: n/a

Last Four Digits of Acct #: n/a

Name and Address where transferee payments should be sent (if different from above):

Wire Instructions:

566570.1/9999-00999



**USD   PAYMENT INSTRUCTIONS:**

TO:              CHASE MANHATTAN NEW YORK, NY
SWIFT:           CHASUS33
ACCOUNT NAME:    MORGAN STANLEY & CO. INTERNATIONAL plc
SWIFT:           MSLNGB2X
ACCOUNT NUMBER:  066617758
REF:             Fixed Income

**EUR   PAYMENT INSTRUCTIONS:**

TO:              CITIBANK N.A.
SWIFT:           CITIGB2L
ACCOUNT NAME:    MORGAN STANLEY & CO. INTERNATIONAL plc
SWIFT:           MSLNGB2X
ACCOUNT NUMBER:  12221071
IBAN:            GB15CITI18500812221071
REF:             Fixed Income


Last Four Digits of Acct #: n/a


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MORGAN STANLEY & CO. INTERNATIONAL PLC**

BRIAN CRIPPS
Authorised Signatory

By: _____BSC_____        Date: __30.3.2010__
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

566570.1/9999-00999

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAMS SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK SA/NV** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **MORGAN STANLEY & CO. INTERNATIONAL PLC** (the "Purchaser"), and Purchaser hereby purchases, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **50475** filed by Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any and all of Seller's actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any and all of Seller's rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but in each case only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.



Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received after the date hereof by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 26 day of March 2009.

| DEUTSCHE BANK SA/NV | MORGAN STANLEY & CO. INTERNATIONAL PLC |
|---|---|
| By: **Filip WEYNANTS** / **Chief Operating Officer** <br> Name: **Deutsche Bank Belgium** <br> Title: <br> Avenue Marnix 13-15 <br> 1000 Bruxelles <br> Belgium <br> E-mail: belgium.lehman-claim@db.com | By: <br> Name: <br> Title: <br> 25, Cabot Square   **BRIAN CRIPPS** <br> Canary Wharf   **Authorised Signatory** <br> London E14 4QA <br> E-mail: lndistressed@morganstanley.com |
| Olivier DELFOSSE <br> Director <br> Chief Investment Officer <br> Deutsche Bank S.A./N.V. | |

Schedule 1

Transferred Claims

Purchased Claim

9.42956127% = $2,979,690.00 of XS0293677281 claim of US$31,621,605.40

3.07674276% = $2,979,690.00 of total claim of US$96,845,600.60

(the outstanding amount of the Proof of Claim as of 30 March 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LBHI Program Securities Bonds | XS0293677281 | Lehman Brothers Treasury Co. BV | ~~None~~ LBHI | EUR 2,100,000.00 | N/A | 6/21/2011 | EUR 0.00 |

Schedule 1-1

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000050475 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor): Deutsche Bank SA/NV<br>Avenue Marnix 13-15<br>1000 Bruxelles<br>Belgium<br>Telephone number: +32 2 551 6307    Email Address: belgium.lehman-claim@db.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br>Deutsche Bank SA/NV<br>Avenue Marnix 13-15<br>1000 Bruxelles<br>Belgium<br>Telephone number: +32 2 551 6307    Email Address: belgium.lehman-claim@db.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: see attached annex**

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): see attached annex**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**
**see attached annex**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
**12841**

| 5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | **FOR COURT USE ONLY**<br>**FILED / RECEIVED**<br>**OCT 2 8 2009**<br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|
| Date.<br>27 October 2009 | Signature: For Deutsche Bank SA, Cécile Counet, risk officer, see Power of Attorney attached to annex | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
: 
In re :
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------x

### ANNEX TO
### PROGRAM SECURITIES PROOF OF CLAIM OF DEUTSCHE BANK SA/NV

This proof of claim (the "Proof of Claim") is filed by Deutsche Bank SA/NV ("Deutsche Bank") against Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") for amounts owed under certain Lehman Program Securities (as that term is used in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2012(a)(7), (f), (l), and 3003(c)(3), and Local Rule 2002-1(e) Establishing Deadline for Filing Proofs of Claims and Approving the Form and Manner of Notice Thereof (the "Bar Date Order"), entered on July 2, 2009 [Docket No. 4271]). In support of its Proof of Claim, Deutsche Bank states as follows:

A. **Background**

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On July 2, 2009, the Court entered the Bar Date Order. The Bar Date Order, among other things, established November 2, 2009, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each person or entity to file a proof of claim based on securities identified on the Lehman Program Securities list to be

BRUSSELS 1742735 (2K)

available on http://www.lehman-docket.com as of July 17, 2009 (the "Lehman Program Securities").

B.    **Nature of the Claims**

2.    Deutsche Bank is the holder of record of 72,133,000.00 € of principal amount of Lehman Program Securities (the "DB Record Securities"). As of the Petition Date, the principal amount of the DB Record Securities, expressed in U.S. dollars, was $102,349,513.70.[1] Deutsche Bank is also the beneficial holder of certain of these DB Record Securities, and certain of Deutsche Bank's customers are the beneficial holders of other DB Record Securities. As discussed below, some of Deutsche Bank's customers have instructed Deutsche Bank not to file this Proof of Claim on their behalf. Deutsche Bank asserts this Proof of Claim in respect of all of the DB Record Securities other than those DB Record Securities held by those customers who have instructed it to refrain from filing a proof of claim on their behalf.[2]

3.    The attached schedule lists, for each series of DB Record Securities (other than those beneficially held by customers who have instructed Deutsche Bank not to file a proof of claim on their behalf), (i) the applicable International Securities Identification Number, (ii) the issuer, (iii) the principal amount (in Euros and U.S. dollars, and exclusive of accrued interest) owed to Deutsche Bank and/or its customers as of the Petition Date, and (iv) the related Euroclear Electronic Instruction Reference Number, Clearstream Blocking Reference Number, or other depository blocking reference number, as appropriate.

---

[1] The U.S. dollar equivalent stated herein was determined by applying the prevailing exchange rate as of the Petition Date of 1 EUR = 1.4189 USD.

[2] The Bar Date Order provides that "a Filing Entity that files a claim on behalf of multiple account holders or holders of any Lehman Program Security shall not be required to provide identifying information for such account holders or holders of any Lehman Program Security." Bar Date Order, at 14. Accordingly, Deutsche Bank has not in this Proof of Claim identified the customers on whose behalf it is filing this Proof Claim.

BRUSSELS 1742735 (2K)

2

4. Using the exchange rates that prevailed on the Petition Date, Deutsche Bank calculates that, as of the Petition Date, the aggregate principal amount owed by LBHI to Deutsche Bank and/or the customers on whose behalf Deutsche Bank is filing this Proof of Claim was 68,254,000.00 €, or $96,845,600.60. As of the Petition Date, LBHI was and still is indebted to Deutsche Bank for the following amounts and for all other amounts which have accrued since the Petition Date, including without limitation post-petition interest, fees and costs:

(a) principal, interest, and any unpaid fees owing under the DB Record Securities as of the Petition Date;

(b) fees and costs (including without limitation attorneys' fees and expenses) incurred in connection with recovering on the DB Record Securities to the extent allowable thereunder and under the Bankruptcy Code; and

(c) all other amounts due and payable under or arising in connection with the DB Record Securities, including, without limitation, damages for breach, damages caused by acts or omissions by LBHI and its affiliates, post-petition interest, premiums, fees, and costs to the extent allowable under the Bankruptcy Code.

5. The amounts described in paragraphs 4(a), 4(b) and 4(c) are made without prejudice to any other claims arising after the Petition Date or based upon facts and circumstances discovered by Deutsche Bank or any other party after the Petition Date.

6. As noted above, certain of Deutsche Bank's customers, holding approximately 3,879,000.00 € (or $5,503,913.10) of DB Record Securities, through their respective advisor, Deminor International SCRL/CVBA ("Deminor") or Hugo Keulers, have instructed Deutsche Bank not to file a proof of claim on their behalf and have demanded that Deutsche Bank provide them with the applicable Euroclear Electronic Instruction Reference Number, Clearstream Blocking Reference Number, or other depository blocking reference number, as appropriate, so that Deminor or Hugo Keulers may file a proof of claim on behalf of these beneficial holders. Deutsche Bank has provided the requested information to Deminor and Hugo Keulers.

7. The claims asserted herein are not subject to any setoff or counterclaim. No judgment has been rendered on the claims asserted herein. Deutsche Bank holds no security interests in connection with, and has not received any security for, the claims asserted herein.

B. **Supporting Documentation**

8. The Bar Date Order provides that persons or entities that file claims based on any Lehman Program Security need not attach or submit any documentation supporting any claim based on such Lehman Program Security. Bar Date Order, at 14. Accordingly, Deutsche Bank has not attached any supporting documentation to this Proof of Claim. Deutsche Bank will, however, produce such supporting documents to the extent required by Rule 3001(c) of the Federal Rules of Bankruptcy Procedure upon a request from the Debtors as a part of the claims reconciliation process.

B. **Reservation of Rights and Amendments**

9. In filing this Proof of Claim, Deutsche Bank does not submit itself, or any of its affiliates or customers, to the jurisdiction of the Court for any purpose other than with respect to this Proof of Claim. To the extent the claims asserted herein may also be asserted against any other Debtor in these jointly-administered proceedings under law or equity, including but not limited to, in the event of the substantive consolidation of some or all of the Debtors, this Proof of Claim also constitutes a claim by Deutsche Bank against any and all such other Debtors. Additionally, any common law indemnity claims against all such Debtors are expressly preserved.

10. The execution and filing of this Proof of Claim is not intended to be and should not be construed as (a) a waiver or release of any rights of Deutsche Bank or any of Deutsche Bank's affiliates or customers against any other entity or person liable for all or part of the

claims asserted herein, (b) a waiver by Deutsche Bank or any of Deutsche Bank's affiliates or customers of the right to withdraw the reference with respect to the subject matter of the claims asserted herein, any objection or other proceedings commenced with respect thereto or any other proceeding commenced in these cases against or otherwise involving Deutsche Bank or any of Deutsche Bank's affiliates or customers, (c) an election of remedy by Deutsche Bank or any of Deutsche Bank's affiliates or customers that waives or otherwise affects any other remedy of Deutsche Bank or any of Deutsche Bank's affiliates or customers, (d) a consent by Deutsche Bank or any of Deutsche Bank's affiliates or customers to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (e) a waiver of the right of Deutsche Bank of any of Deutsche Bank's affiliates or customers to a trial by jury in any proceeding so triable herein or in any case controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution, (f) a waiver of the right of Deutsche Bank or any of Deutsche Bank's affiliates or customers to have final orders in non-core matters entered only after de novo review by a District Court Judgment, (g) a waiver by Deutsche Bank or any of Deutsche Bank's affiliates or customers of any past, present or future event of default under any applicable indenture or other credit documentation, (h) a statement of all legal theories, causes of action or facts supporting the claims of Deutsche Bank or any of Deutsche Bank's affiliates or customers, (i) a waiver or limitation of any rights, claims or causes of action by Deutsche Bank or any of Deutsche Bank's affiliates or customers; or (j) duplicative of or replacing any other proof of claim filed either by

Deutsche Bank, any of Deutsche Bank's affiliates or customers or any other party, including Deminor or Hugo Keulers.

11. Deutsche Bank expressly reserves all rights, and does not waive any right with respect to any claims asserted herein, including, without limitation, the rights (a) to file any separate or additional proof of claim with respect to the claims set forth herein or otherwise (which proof of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), (b) to amend, modify or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, (c) to file additional proofs of claim in respect of additional amounts or for any other reason, and (d) to file proofs of claim against third parties, including, without limitation, any affiliates of the Debtors.

12. In the event that any order of the Bankruptcy Court is entered which effects (a) a recharacterization or subordination of claims, (b) substantive consolidation of any or all of the Debtors with any or all of the Debtors and/or the Debtors' affiliates, or (c) any other similar remedy, the rights of Deutsche Bank to file additional proofs of claim or amended proofs of claim against any or all of the Debtors and any or all of the Debtors' affiliates is reserved.

(remainder of page intentionally left blank)

E.   **Notice**

13.   All notices in respect of this claim should be forwarded to:

>   DEUTSCHE BANK SA/NV
>   Attn: Cécile Counet
>   Avenue Marnix 13-15
>   1000 Brussels
>   Belgium

with a copy, which shall not constitute notice, to:

WHITE & CASE LLP
Attn: Evan Hollander, Esq.
1155 Avenue of the Americas
New York, New York 10036

Dated: October **24**, 2009
New York, New York

<div style="text-align: right;">

DEUTSCHE BANK SA/NV

By: _____
Name: Cécile Counet[3]
Title: Risk Officer

</div>

---

[3]   A copy of the Power of Attorney authorizing Cécile Counet to execute this Proof of Claim on behalf of Deutsche Bank is attached as an exhibit.

BRUSSELS 1742735 (2K)

7

## SCHEDULE OF LEHMAN PROGRAM SECURITIES

| ISIN | Issuer | Principal Amount (EUR)[a] | Principal Amount (USD)[b] | Blocking Reference Number |
|---|---|---|---|---|
| XS0169028700 | (none provided in Lehman Program Securities list) | 7,000.00 € | $9,932.30 | 5992912 |
| XS0189741001 | LEHMAN BROTHERS HOLDINGS INC | 6,000.00 € | $8,513.40 | 5992946 |
| XS0213899510 | LEHMAN BROTHERS HOLDINGS INC | 2,524,000.00 € | $3,581,303.60 | 6046782 |
| XS0252834576 | LEHMAN BROTHERS HOLDINGS INC | 50,000.00 € | $70,945.00 | 5992956 |
| XS0307745744 | LEHMAN BROTHERS HOLDINGS INC | 100,000.00 € | $141,890.00 | 5992958 |
| XS0183944643 | LEHMAN BROTHERS HOLDINGS INC | 20,000.00 € | $28,378.00 | 6058252 |
| XS0215349357 | LEHMAN BROTHERS HOLDINGS INC | 44,000.00 € | $62,431.60 | 5992951 |
| XS0185655445 | LEHMAN BROTHERS HOLDINGS PLC | 50,000.00 € | $70,945.00 | 5992945 |
| XS0210433206 | LEHMAN BROTHERS TREASURY CO. BV | 111,000.00 € | $157,497.90 | 5992948 |
| XS0213416141 | LEHMAN BROTHERS TREASURY CO. BV | 100,000.00 € | $141,890.00 | 5992949 |
| XS0218304458 | LEHMAN BROTHERS TREASURY CO. BV | 40,000.00 € | $56,756.00 | 5992952 |
| XS0229584296 | LEHMAN BROTHERS TREASURY CO. BV | 60,000.00 € | $85,134.00 | 5992954 |
| XS0232364868 | LEHMAN BROTHERS TREASURY CO. BV | 480,000.00 € | $681,072.00 | 5992955 |
| XS0271893694 | LEHMAN BROTHERS TREASURY CO. BV | 39,564,000.00 € | $56,137,359.60 | 6055128 |
| XS0278450027 | LEHMAN BROTHERS TREASURY CO. BV | 40,000.00 € | $56,756.00 | 6046783 |
| XS0293677281 | LEHMAN BROTHERS TREASURY CO. BV | 22,286,000.00 € | $31,621,605.40 | 6046775 |
| XS0335226659 | LEHMAN BROTHERS TREASURY CO. BV | 30,000.00 € | $42,567.00 | 6046784 |
| XS0335576475 | LEHMAN BROTHERS TREASURY CO. BV | 54,000.00 € | $76,620.60 | 5992960 |
| XS0346686719 | LEHMAN BROTHERS TREASURY CO. BV | 5,000.00 € | $7,094.50 | 6058253 |
| XS0211093041 | LEHMAN BROTHERS TREASURY CO. BV | 10,000.00 € | $14,189.00 | 6058254 |
| XS0229269856 | LEHMAN BROTHERS UK CAPITAL FUNDING II | 2,673,000.00 € | $3,792,719.70 | 5992953 |
| TOTAL | | 68,254,000.00 € | $96,845,600.60 | |

[a] Amounts stated are as of the Petition Date.
[b] Amount determined by applying prevailing exchange rate as of the Petition Date of 1 EUR = 1.4189 USD.

BRUSSELS 1742735 (2K)

# EXHIBIT

## POWER OF ATTORNEY OF CÉCILE COUNET

BRUSSELS 1742733 (2K)

**POWER OF ATTORNEY**

The undersigned,

Deutsche Bank N.V., a company incorporated under Belgian law, with its principal office at Avenue Marnix 13-15, 1000 Bruxelles (RPM Bxl BE0404.474.855) (the "Bank"), hereby represented by Mr. Alain Moreau, CEO and Managing Director of the Bank and Mr. François Waterplas, CFO and Managing Director of the Bank.

The Bank irrevocably authorises Ms Cecile Counet, Ms Valérie Vandervelde and Ms Nadine Vandenbremt, employees of the Bank, each of them individually and with the power of substitution, on behalf of the undersigned:

(i) to sign the Lehman Securities Proof of Claims Forms to be filed in the context of the Lehman Brothers Holdings, Inc. Chapter 11 procedure and any and all documents relating thereto which might now and/or in the future become required in relation to filing any claim under such procedure;

(ii) to do all things necessary or expedient to give effect to the relevant documents, including, but not limited to, completing any blanks therein, making any amendments, alterations and additions thereto which may be considered necessary by the attorney-in-fact.

(iii) to do all such further acts and things as the attorney-in-fact may deem necessary or appropriate for the purposes of the proper implementation of the assignment concerned.

We represent and warrant that this power of attorney is valid and binding upon us, and has been duly authorised by any necessary corporate or other action. We undertake to indemnify each attorney-in-fact against any liability incurred in connection with this power of attorney, except to the extent attributable to such attorney's gross negligence or wilful misconduct.

This power of attorney is governed by and construed in accordance with the laws of Belgium.

Signed in Brussels, on 16 September 2009.

For Deutsche Bank N.V.

_____          _____
Name: Alain Moreau                 Name: François Waterplas
Title: CEO and Managing Director   Title: CFO and Managing Director

HAND DELIVERY

[signature]
RECEIVED BY:

10/28/09
DATE

2:12
TIME