**Objections:**    **March 31, 2010 at 4:00 p.m. (Eastern)**
**Hearing:**    **April 14, 2010 at 10:00 a.m. (Eastern)**

BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle Street
P.O. Box 9729
Portland, Maine 04104-5029
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
Michael A. Fagone, Esq.

ATTORNEYS FOR CITIBANK, N.A., IN ITS
CAPACITY AS TRUSTEE PURSUANT TO
VARIOUS TRUST AGREEMENTS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                     )
**In re:**                                           )    **Case No. 08-13555 (JMP)**
                                                     )
**LEHMAN BROTHERS HOLDINGS, INC.,**     )    **(Jointly Administered)**
**et.al.,**                                          )
                                                     )
                    **Debtors.**                     )
                                                     )
_____)

**JOINDER OF CITIBANK, N.A., IN ITS CAPACITY AS TRUSTEE PURSUANT**
**TO VARIOUS TRUST AGREEMENTS, TO OBJECTION OF THE BANK OF NEW**
**YORK MELLON, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,**
**AND BY CORPORATE TRUSTEE SERVICES LIMITED TO DEBTORS' MOTION**
**PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE**
**9014, AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO**
**IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE**
**RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Citibank, N.A., in its capacity as trustee pursuant to various trust agreements

("Citibank"), hereby joins and adopts the objection of Bank of New York Mellon, the Bank of

New York Mellon Trust Company, N.A., and by Corporate Trustee Services Limited ("BNY")

[D.E. 7916] to the Motion of the Debtors Pursuant to Section 105 of the Bankruptcy Code and Rule 9014 of the Federal Rules of Bankruptcy Procedure, and General Order M-390 Authorizing Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "Motion") [D.E. 7581].[1] Like BNY and the numerous other indenture trustees that have objected to the Motion, Citibank believes that the ADR Procedures should not be approved unless they are modified such that they are similar to the dispute resolution procedures approved by the Court with respect to derivatives claims insofar as they relate to the participation of indenture trustees in the process. Similarly, the ADR Procedures should be modified to permit any indenture trustee that participates in any part of the Claims Hearing Procedures or the ADR Procedures, including Negotiation or Mediation, to communicate with third parties, such as certificate holders, to the extent reasonably necessary to obtain direction or authority regarding the relevant Contested Claims.

The filing of this Joinder by Citibank in its capacity as indenture trustee with respect to certain transactions is not intended to waive or limit, in any way, the rights, positions, or arguments of Citibank, N.A. or any of its affiliates in any capacity with respect to all other matters involving the Debtors or these chapter 11 cases.

Dated: April 5, 2010
       Portland, Maine

                            */s/ Michael A. Fagone*
                            Michael A. Fagone, Esq.
                            BERNSTEIN, SHUR, SAWYER & NELSON
                            100 Middle Street
                            P.O. Box 9729
                            Portland, Maine 04104-5029
                            Telephone: (207) 774-1200
                            Facsimile: (207) 774-1127
                            mfagone@bernsteinshur.com

---

[1] Capitalized terms not defined in this Joinder have the meanings given to such terms in the Motion.