# BCI Exhibit 484

| | |
|---|---|
| **From:** | McDaniel, James R. <jmcdaniel@sidley.com> |
| **Sent:** | Sunday, September 21, 2008 4:03 PM |
| **To:** | Edward J ROSEN <erosen@cgsh.com> |
| **Cc:** | giddens@hugheshubbard.com; kobak@hugheshubbard.com; Stephen P. Harbeck <sharbeck@sipc.org>; Michael A MAZZUCHI <mmazzuchi@cgsh.com>; wnavin@theocc.com; jcawley@theocc.com; Borrelli, Mark <mborrelli@sidley.com>; Rovira, Alex R. <ARovira@Sidley.com> |
| **Subject:** | Understandings relating to the transfer of LBI's accounts at OCC |
| **Attach:** | Untitled.pdf |

Ed:
Realizing that you have your hands full, we nevertheless need to communicate OCC's position to you:
1) OCC's willingness to transfer the LBI accounts to Barclays is conditioned upon obtaining Barclay's signature on the "Transfer and Assumption Agreement" among OCC, the Trustee and Barclays. The Trustee and OCC have signed the document, and the Trustee has consented to the use of the signature page for certain hand marked changes that were prepared by Barclays. Those changes were subsequently incorporated into the document in substantially the same form with no material changes. We subsequently received a copy of the document from Michael Mazzuchi of Cleary that added a paragraph 1(c) and then a later version from Michael that deleted the same paragraph at Alex Rovira's request. That paragraph is unacceptable to OCC, and it is OCC's understanding that Barclays is in agreement that it will not be included in the document. For the elimination of doubt, I have attached a copy of the document in pdf form that is acceptable to OCC. OCC's willingness to transfer the LBI accounts at OCC to Barclays is conditioned upon the execution of this agreement by Barclays.

2) Having heard nothing further from you with respect to cash held by OCC in respect of the LBI accounts, and in accordance with the terms of the Transfer and Purchase Agreement, all such cash in the accounts will be transferred to Barclays assuming that the transaction closes this evening.

3) If the transaction does not close tonight, OCC would need to immediately liquidate and close out the LBI accounts and is preparing to do so. These preparations are as a precautionary measure that OCC does not expect to have to use.

I am available at my office to discuss anything that you need to discuss. We would very much like to know what the plan is for execution of documents and when we might expect to have OCC's Transfer and Assumption Agreement executed by Barclays.

Thanks,
Jim
<<Untitled.pdf>>

James R. McDaniel
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

CONFIDENTIAL
CGSH00034543

(312)853-2665
Fax: (312)853-7036

James R. McDaniel
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312)853-2665
Fax: (312)853-7036
- Untitled.pdf

CONFIDENTIAL
CGSH00034544

# TRANSFER AND ASSUMPTION AGREEMENT

Agreement (the "Agreement") executed on September 20, 2008 with effect from and as of the close of business on Friday, September 19, 2008 among Lehman Brothers Inc. ("Lehman"), The Options Clearing Corporation, ("OCC", and Barclays Capital Inc. ("Barclays"). All defined terms (the first instance of which is indicated by underlining) not defined herein shall have the meaning assigned to such terms in OCC's By-Laws or Rules (collectively, the "Rules").

WITNESSETH:

WHEREAS, Lehman is a clearing member of OCC and carries one or more accounts (nos. 74, 84 and 273 (collectively the "Account")) that contain certain positions in cleared contracts into which Lehman has entered;

WHEREAS, Lehman maintains Clearing Fund and margin deposits with OCC;

WHEREAS, Lehman desires to terminate its OCC membership and transfer its rights, obligations and liabilities under and in respect of the Account pursuant to OCC's membership agreements and the Rules to Barclays, and Barclays desires to accept the transfer of all of Lehman's rights, obligations and liabilities under and in respect of the Account, including with respect to the Clearing Fund deposit and all margin deposits held by OCC with respect to the Account as of the effective date (the "Effective Date") of the consummation of the acquisition and assumption of certain assets and liabilities of Lehman by Barclays;

WHEREAS, OCC agrees to permit the transfer contemplated in the previous whereas clause;

NOW, THEREFORE, it is hereby agreed as follows:

1. <u>Transfer</u>.

(a) For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lehman hereby sells, assigns, transfers, and sets over to Barclays, without recourse or without representation or warranty (other than as expressly provided herein), all of Lehman's rights, title, interests, powers, privileges, remedies, obligations, and duties in, to, under, and in respect of the Account, as of the Effective Date including with respect to: (i) the Clearing Fund deposit; (ii) all margin deposits held by OCC with respect to the Account; (iii) all settlement obligations with regard to transactions in cleared contracts; and (iv) all rights and obligations in respect of exercises of option contracts and assignments of such exercises.

(b) As of the Effective Date, Barclays hereby accepts such sale, assignment, and transfer of the Account, agrees to be bound by and receive the benefits of maintaining such Account, and assumes and agrees to perform each obligation arising out of or to be performed with respect to the activity in the Account.

1

2. <u>Representations and Warranties</u>.

(a) Lehman and Barclays each hereby represents and warrants to the other and to OCC as follows:

(i) it is duly organized and validly existing and has the power and legal right to execute and deliver this Agreement and to transfer or assume the rights and obligations being transferred hereunder, as the case may be;

(ii) the execution, delivery and performance of this Agreement have been duly authorized by all necessary action; and

(iii) this Agreement is legal, valid and binding agreement, enforceable against it in accordance with its terms.

(b) Lehman hereby represents and warrants that it is the legal and beneficial owner of the interest being transferred by it hereunder and that such interest is free and clear of any adverse claim (except for such claims or interests of OCC).

(c) Barclays hereby: (i) represents and warrants that it has received such documents and other information as it has deemed appropriate to make its own credit analysis and decision to enter into this Agreement; (ii) agrees that it will, independently and without reliance upon Lehman or OCC and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions with respect to the Account; and (iii) agrees that it will perform in accordance with their terms all of the obligations that by the terms of the Rules and any related agreements entered into between it and OCC, are required to be performed by it.

3. <u>Effective Date</u>. This Agreement is being entered into on September 20, 2008, following the order of the United States Bankruptcy Court for the Southern District of New York (Manhattan) (Case No. 08-13555) approving execution of the Asset Purchase Agreement dated as of September 16, 2008, as amended on or before September 20, 2008, by Lehman and Barclays and the other parties thereto (the "Asset Purchase Agreement"); but this Agreement shall be effective as of close of business on the Effective Date.

4. <u>Rights</u>. As of the Effective Date, all rights, obligations and liabilities of Barclays pursuant to OCC's membership agreements and the Rules shall apply to the Account.

5. <u>OCC Consent</u>. OCC hereby consents to the transfer, assignment, assumption and release effected pursuant to this Agreement.

6. <u>Governing Law</u>. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without giving effect to the conflict of law principles thereof.

[Washington DC #397038 v3]

CONFIDENTIAL                                                                                                                              CGSH00034546

7. <u>Amendments and Waivers</u>. This Agreement may be amended or any of its provisions waived only by a written instrument executed and delivered by each of the parties hereto.

8. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement by their duly authorized officers as of the date set forth above.

~~LEHMAN BROTHERS, INC.~~ James W. Giddens as SIPA Trustee for Lehman Brothers, INC.

By: *James B. Kobak*

Print Name: James B. Kobak, Jr.

Title: Attorney for Trustee

**BARCLAYS CAPITAL INC.**

By: _____

Print Name: _____

Title: _____

**THE OPTIONS CLEARING CORPORATION**

By: *William H. Navin*

Print Name: WILLIAM H. NAVIN

Title: EXECUTIVE VP

CHI 4414675v.2

CONFIDENTIAL

CGSH00034547