# BCI Exhibit 522

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF NEAL ULLMAN

I, Neal Ullman, declare as follows:

1. I make this declaration on my personal knowledge. If called to testify, I would testify competently as follows.

2. I am a Managing Director at Barclays Capital, Inc. ("Barclays"). Before the September 22, 2008 transaction in which Barclays acquired certain assets of Lehman Brothers Inc. ("LBI"), I was a Managing Director at Lehman Brothers. At both banks, my duties have included the operational aspects of asset transfers between the bank and the Depository Trust & Clearing Corporation ("DTCC").

3. I had no involvement in the negotiation of the sale transaction that closed on September 22, 2008. In the days and weeks immediately following the closing of that transaction, however, I was tasked to work closely with the SIPA Trustee's representative, Anson Frelinghuysen, to facilitate the transfer of tens of billions of dollars of assets from LBI to Barclays pursuant to the Purchase Agreement. The assets transferred included both customer securities and non-customer securities in LBI's clearance boxes at the DTCC.

4. During that time, I had frequent discussions with Mr. Frelinghuysen concerning these asset transfers, in the course of which and at his request, I explained to

him the nature of the assets to be transferred (that is, whether they were customer or non-customer assets), in which LBI clearance box they were located, and whether they were to be transferred to the clearance box that was set up specifically to receive customer assets (the "229 box") or, in the case of non-customer assets, to Barclays' pre-existing 7256 or 5101 boxes. Neither Mr. Frelinghuysen nor any other representative of the Trustee ever told me that there were to be no transfers of non-customer assets.

5.     Mr. Frelinghuysen was very clear in his instructions that any time that customer assets were to be transferred, the written request for authorization was required to identify them as customer assets, even where there had been prior discussions concerning a particular transfer and all involved knew that a particular transfer involved customer assets. On several occasions, Mr. Frelinghuysen refused to approve transfers of customer assets until the request had been revised to include an express representation that the assets in question were customer assets.

6.     I understand that in paragraph 164 of his March 18, 2010, brief, the Trustee has asserted that the Trustee's representatives transferred securities with a marked value of more than $400 million on September 29 and 30, 2008, "based on assurances from Barclays employees that they were transferring customer property." That statement is absolutely false. I was personally involved with both requests that the Trustee authorize the transfer of those securities — indeed, to the best of my knowledge, I was the only Barclays employee who requested the transfer of approximately $160 million in non-customer securities that took place on September 30, 2008 — and I never represented either orally or in writing that those securities were customer assets.

2

7.      Attached hereto as Exhibit A is a true and correct copy of an email that I sent to Mr. Frelinghuysen on September 29, 2009, at 3:50 p.m, which was marked as Exhibit 675B at Mr. Frelinghuysen's deposition. Exhibit A contains my request that Mr. Frelinghuysen authorize that transfer of approximately $160 million which ultimately took place on September 30, 2008. That document contains no representation that this request dealt with customer assets, as Mr. Frelinghuysen had made clear was required any time customer assets were to be transferred. Rather, at Mr. Frelinghuysen's request, I confirmed his understanding that this transfer involved the transfer of "assets of Lehman Brothers Inc. that were sold to Barclays Capital Inc. pursuant to the Asset Purchase Agreement dated as of September 16, 2008." In addition, I made clear to Mr. Frelinghuysen that those non-customer assets were to be transferred from LBI's 074 box at the DTC not to the 229 box, to which customer assets were transferred, but to the 7256 and 5101 boxes, to which no customer assets were transferred in connection with this transaction.

8.      Similarly, with respect to the approximately $269 million of non-customer securities that, on September 26, 2008, Barclays requested be transferred from LBI's 636 box at the DTCC to Barclays' 7256 box (and were transferred on September 29, 2008), there was no representation that those were customer securities. Attached hereto as Exhibit B is a true and correct copy of an email that I sent Mr. Frelinghuysen on September 26, 2008, forwarding a request that those securities be delivered to the 7256 box, which was marked as Exhibit 672B at Mr. Frelinghuysen's deposition. Although, pursuant to Mr. Frelinghuysen's instructions, had these been customer securities I would have so stated, there is no such statement in this request. In addition, had these been

3

customer assets they would have been transferred to the 229 box set up for that purpose, rather than the 7562 box.

9. Moreover, the earliest email in Exhibit B further shows that these were not customer assets when it states that the list of assets "has changed a bit since this morning as Paolo asked to take out the very small pieces (under $10.00)." Had this been a transfer of customer assets, it would have been improper to leave behind any assets belonging to the customer regardless of the amount. Nor would it have made sense to do so for practical reasons as the value of any particular asset does not affect in any way the process of transferring it electronically, by means of an automated bookkeeping entry, from one box at the DTC to another. By contrast, the administrative costs associated with accepting and dealing with small amounts of *non-customer* assets might well have been such as to make it uneconomic for Barclays to accept their transfer.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of March, 2010, at New York, New York.

_____
Neal Ullman

# Exhibit A

| | |
|---|---|
| **To:** | Frelinghuysen, Anson[frelingh@hugheshubbard.com] |
| **From:** | Ullman, Neal (NY) |
| **Sent:** | Mon 9/29/2008 3:50:33 PM |
| **Importance:** | Low |
| **Sensitivity:** | None |
| **Subject:** | RE: Re-sending |
| **Categories:** | urn:content-classes:message |

Confirmed

-----Original Message-----
From: Frelinghuysen, Anson [mailto:frelingh@hugheshubbard.com]
Sent: Monday, September 29, 2008 3:31 PM
To: Ullman, Neal (NY)
Subject: RE: Re-sending

Neal,

Please confirm that the attachments to the email below represent assets of Lehman Brothers Inc. that were sold to Barclays Capital Inc. pursuant to the Asset Purchase Agreement dated as of September 16, 2008.

Thank you.

Anson

-----Original Message-----
From: Ullman, Neal (NY) [mailto:Neal.Ullman@barclayscapital.com]
Sent: Monday, September 29, 2008 3:21 PM
To: Frelinghuysen, Anson
Subject: FW: Re-sending

Anson -  I am seeking authorization to transfer the securities in the attached spreadsheets as part of the transfer of assets to Barclays capital.

The worksheet labeled equity 5101 represents equity collateral which should be delivered from DTC #074 to DTC #5101.

>  <<equity5101.xls>>
>
>
The worksheet labeled DTC 074 Available COLL represents fixed income collateral which should be delivered from DTC #074 to DTC #7256.


>  <<DTC 074 AVAILABLE COLL .xls>>
>
>
>
Please let me know if you have any questions or require additional information,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - -

Confidential                                                                                                                                 HHR_00001074

This e-mail may contain information that is confidential, privileged or
otherwise protected from disclosure. If you are not an intended
recipient of this e-mail, do not duplicate or redistribute it by any
means. Please delete it and any attachments and notify the sender that
you have received it in error. Unless specifically indicated, this
e-mail is not an offer to buy or sell or a solicitation to buy or sell
any securities, investment products or other financial product or
service, an official confirmation of any transaction, or an official
statement of Barclays. Any views or opinions presented are solely those
of the author and do not necessarily represent those of Barclays. This
e-mail is subject to terms available at the following link:
www.barcap.com/emaildisclaimer. By messaging with Barclays you consent
to the foregoing. Barclays Capital is the investment banking division of
Barclays Bank PLC, a company registered in England (number 1026167) with
its registered office at 1 Churchill Place, London, E14 5HP. This email
may relate to or be sent from other members of the Barclays Group
--------
IRS Circular 230 Disclosure:
Please be advised that any discussion of U.S. tax matters contained
within this communication (including any attachments) is not intended or
written to be used and cannot be used for the purpose of (i) avoiding
U.S. tax related penalties or (ii) promoting, marketing or recommending
to another party any transaction or matter addressed herein.


***********************************************************************
This email and any files transmitted with it may contain privileged or
confidential information. Use, disclosure, copying or distribution of
this message by anyone other than the intended recipient is strictly
prohibited. If you have received this email in error please notify the
sender by reply email and destroy all copies of this message in your
possession, custody or control.
***********************************************************************
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This e-mail may contain information that is confidential, privileged or otherwise protected from disclosure. If you are not an intended recipient of this e-mail, do not duplicate or redistribute it by any means. Please delete it and any attachments and notify the sender that you have received it in error. Unless specifically indicated, this e-mail is not an offer to buy or sell or a solicitation to buy or sell any securities, investment products or other financial product or service, an official confirmation of any transaction, or an official statement of Barclays. Any views or opinions presented are solely those of the author and do not necessarily represent those of Barclays. This e-mail is subject to terms available at the following link: www.barcap.com/emaildisclaimer. By messaging with Barclays you consent to the foregoing. Barclays Capital is the investment banking division of Barclays Bank PLC, a company registered in England (number 1026167) with its registered office at 1 Churchill Place, London, E14 5HP. This email may relate to or be sent from other members of the Barclays Group
--------
IRS Circular 230 Disclosure:
Please be advised that any discussion of U.S. tax matters contained within this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (i) avoiding U.S. tax related penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidential
HHR_00001075

# Exhibit B

**To:** Frelinghuysen, Anson[frelingh@hugheshubbard.com]
**From:** Ullman, Neal (NY)
**Sent:** Fri 9/26/2008 4:19:01 PM
**Importance:** Low
**Sensitivity:** None
**Subject:** FW: 636 collateral
**Categories:** urn:content-classes:message

Be over in a minute

-----Original Message-----
From: Hraska, James W
Sent: Friday, September 26, 2008 4:19 PM
To: Ullman, Neal (NY)
Subject: FW: 636 collateral


-----Original Message-----
From: Hraska, James W
Sent: Friday, September 26, 2008 1:37 PM
To: Vecchio, Laura M; Forrest, Monty
Cc: Blackwell, Alastair; Ullman, Neal (NY)
Subject: RE: 636 collateral

Hello everyone

We just confirmed with Barclays the following

We need to deliver the 269mm DTC 636 collat to Barclays corporate DTC
box 7256.  They have asked us to deliver on DTC Code 30 for free.
Please ref 09.26.08 dtc 636 on the deliveries.  Any questions please
call.


Thanks
Jim


-----Original Message-----
From: Vecchio, Laura M
Sent: Friday, September 26, 2008 12:50 PM
To: Forrest, Monty
Cc: Blackwell, Alastair; Ullman, Neal (NY); Hraska, James W
Subject: RE: 636 collateral

Exactly!!


-----Original Message-----
From: Forrest, Monty
Sent: Friday, September 26, 2008 12:47 PM
To: Vecchio, Laura M; Ullman, Neal (NY); Hraska, James W
Cc: Blackwell, Alastair

Subject: Re: 636 collateral

Jim and I will come back to you in a few mins with detail. We must be very clear so we will give you the specifics

----- Original Message -----
From: Vecchio, Laura M
To: Ullman, Neal (NY); Forrest, Monty; Hraska, James W
Cc: Blackwell, Alastair
Sent: Fri Sep 26 12:40:34 2008
Subject: RE: 636 collateral

OK: DTC Wire instructions for the letter than! Is it 229?


Thanks,
Laura

-----Original Message-----
From: Ullman, Neal (NY)
Sent: Friday, September 26, 2008 12:39 PM
To: Forrest, Monty; Vecchio, Laura M; Hraska, James W
Cc: Blackwell, Alastair
Subject: RE: 636 collateral

I understood this to be DTC collateral, not sure I get the question regarding Chase

-----Original Message-----
From: Forrest, Monty
Sent: Friday, September 26, 2008 12:37 PM
To: Vecchio, Laura M; Hraska, James W
Cc: Ullman, Neal (NY); Blackwell, Alastair
Subject: Re: 636 collateral

Jim - I know you have been talking to the Barclays settlement dept. Can you help Laura with this request? I am on my way to 1301

Thanks,

Monty

----- Original Message -----
From: Vecchio, Laura M
To: Forrest, Monty
Sent: Fri Sep 26 12:31:41 2008
Subject: RE: 636 collateral

Sorry to bother you with this type of minutia but we need to be very careful around the wording to Chase. We need to tell them to wire these securities to Barclays in the letter so can somebody send me the Wire Instructions that we will need to insert.

Thanks,
Laura

Confidential                                                                                          HHR_00001085

From:   Forrest, Monty
Sent:   Friday, September 26, 2008 12:03 PM
To: Blackwell, Alastair
Cc: Ullman, Neal (NY); Vecchio, Laura M; Hraska, James W
Subject:     636 collateral

<< File: Book1.xls >>
All - This represents the collateral to move out of 636.  I have spoken
to Paolo and he agrees that we should move this once we have SIPC
approval.  WE DO NOT HAVE SIPC APPROVAL YET.   I have also sent this to
Laura Vecchio (cc'd) and she will put it in a letter to SIPC and request
approval.  The list has changed a bit since this morning as Paolo asked
to take out the very small pieces (under $10.00).

Jim spoke with John Rodefeld and John would like to move this to DTC box
5101 as a free "D.O."

Laura please let us know when we have approval.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This message is intended only for the personal and confidential use of the designated recipient(s) named
above.  If you are not the intended recipient of this message you are hereby notified that any review,
dissemination, distribution or copying of this message is strictly prohibited.  This communication is for
information purposes only and should not be regarded as an offer to sell or as a solicitation of an offer to
buy any financial product, an official confirmation of any transaction, or as an official statement of Lehman
Brothers.  Email transmission cannot be guaranteed to be secure or error-free.  Therefore, we do not
represent that this information is complete or accurate and it should not be relied upon as such.  All
information is subject to change without notice.

--------
IRS Circular 230 Disclosure:
Please be advised that any discussion of U.S. tax matters contained within this communication (including
any attachments) is not intended or written to be used and cannot be used for the purpose of (i) avoiding
U.S. tax related penalties or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.