# BCI Exhibit 647

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF ROBERT MARTINI

I, Robert Martini, pursuant to 28 U.S.C. § 1746 declare as follows:

1. I make this declaration on my personal knowledge. If called to testify, I would testify competently as follows.

2. I am currently a Director on the Regulatory Reporting team at Barclays Capital. My position, which I have held since March 1, 2009, includes managing compliance with U.S. Securities and Exchange Commission ("SEC") Rule 15c3-3 for Barclays Capital Inc. Prior to that, I was an Associate Director on the Regulatory Reporting team at Barclays Capital since August 2007.

3. I understand from the Rebuttal Report of Daniel McIsaac dated March 14, 2010, that Mr. McIsaac asserts

- After Barclays acquired certain assets of Lehman Brothers Inc.'s ("LBI") U.S broker-dealer business in September 2008, Barclays took control of all LBI systems that stored information necessary to re-run the SEC Rule 15c3-3 reserve calculation as of September 19, 2008;

- The key LBI regulatory personnel with knowledge of how LBI's systems operated with regard to the reserve calculation are Barclays' employees that the Trustee cannot access;

- The Trustee cannot re-run the reserve calculation to account for any identified discrepancies; and
- Barclays is able to re-run the reserve calculation for identified discrepancies.

4. Mr. McIsaac's statements are incorrect. Although Barclays acquired LBI's systems, its employees are entitled to access only the information located on those systems that is associated with the "Business" acquired by Barclays from Lehman pursuant to the Asset Purchase Agreement, including the Clarification Letter thereto, between Barclays, LBI and other Lehman entities (the "Purchase Agreement").

5. Under a Transition Services Agreement ("TSA") between the Trustee and Barclays, certain Barclays' employees work *solely* for the Trustee and certain others perform some services for the Trustee when requested by the Trustee to do so. Under the Purchase Agreement and the TSA, the Trustee has the right to access all LBI information contained in the LBI systems and can authorize people working for, or on behalf of, the Trustee pursuant to the TSA or otherwise to access such information.

6. The Trustee has, or has access to, the relevant information necessary to re-run LBI's September 17, 2008 or September 19, 2008 reserve calculations, including to account for any discrepancies that may have been identified later by the Trustee related to those calculations.

7. In contrast, Barclays cannot re-run LBI's September 17, 2008 or September 19, 2008 reserve calculations or account for any discrepancies that may have been identified related to those calculations. Barclays is not entitled to access all the relevant information on LBI's systems as of on or about September 17, 2008 or September 19, 2008 with regard to the 15c3-3 reserve calculations. Barclays also does

not have access to the relevant information (including information on balances and positions at LBI's custodians and banks, fails and the status of cleared items) necessary to re-run the reserve calculations to account for any discrepancies discovered later

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of April, 2010, in New York, New York.

*[signature]*
―――――――――――
Robert Martini