Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,   Case No. 08-13555 (JMP)
(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Deutsche Bank Securities Inc.** | **AXA Wholesale Core Australian Fixed Interest Fund (AXAWCAFI), by Alliance Bernstein, its Investment Manager** |

Name and Address where notices to transferee should be sent:

Deutsche Bank Securities Inc.
60 Wall Street
3rd Floor
New York, NY 10005
Attention: Rich Vichaidith
Phone: 212-250-5760
Fax:   212-797-8770

Court Claim # (if known): 63582
Amount of Claim: $17,562,813
Date Claim Filed: November 2, 2009

Phone: N/A

Last Four Digits of Acct #:  N/A                Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Phone: 212-250-5760
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____/s/ C.J. Lanktree_____    Date: __April 6, 2010__
Transferee/Transferee's Agent    Charles J. Lanktree
Scott G. Martin                  Director
Managing Director

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **AXA Wholesale Core Australian Fixed Interest Fund (AXAWCAFI), by Alliance Bernstein, its Investment Manager** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank Securities Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest to the claim specified in Schedule 1 attached hereto (the "Purchased Claim"), and in Seller's right, title and interest in, to and under Proof of Claim Number 63582 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") and the claim underlying the Proof of Claim (the "Purchased Claim"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest of Seller with respect to the Purchased Claim acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim, including those specified in Schedule 1 attached hereto.

2.     Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller does not and did not on the filing date hold any funds or property of or owe any amounts  or property to the Debtor or any affiliate of the Debtor, (g) Seller has

463-1000/AGR/2512900.1

delivered to Buyer true and correct copies of all documents (I) from and after the filing date pursuant to which the Transferred Claims or the Purchased Securities or any portion of either of them were transferred or sold and each of such documents contains substantially similar terms to this Agreement, and (II) to which it is party or by which it is bound that could materially affect the Transferred Claims or the Purchased Securities; and (h) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims or the Purchased Securities proportionately less payments or distributions or less favorable treatment per dollar of claim or interests than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.  Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including without limitation, reasonable attorney's fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of

463-1000/AGR/2512900.1

Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 3rd day of March 2010.

**AXA Wholesale Core Australian Fixed Interest Fund (AXAWCAFI), by Alliance Bernstein, its Investment Manager**

By: _[signature]_
Name: MICHAEL E. SOHR
Title: Senior Vice President

Attn: Michael E. Sohr
Tel: 212 969 6938
Fax:
Email: Michael.sohr@alliancebernstein.com

**Deutsche Bank Securities Inc.**

By: _[signature]_ Scott G. Martin
Name: Managing Director
Title:

By: _[signature]_ Charles J. Lanktree
Name: Director
Title:

Attn: Rich Vichaidith
60 Wall Street
3rd Floor
New York, New York 10005
Tel: 212-250-5760
Email: richard.vichaidith@db.com

463-1000/AGR/2512900.1

## Schedule 1

Transferred Claims

Purchased Claim

100% of Claim 63582 in the amount of USD17,562,813 (equivalent to AUD 21,690,512.88 @.8097, the outstanding amount of the Proof of Claim)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| AUD$250,000,000.00 Fixed Rate Australian Domestic Notes due 24 August 2001 by Lehman Brothers Treasury Co. B.V. | AU300LBTC011 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD$21,600,000.00 (or USD17,489,520 @ .8097) | 6.65% | August 24, 2011 | AUD90,512.88 (Equal to 23 days of interest) (Equivalent to USD73,288.28 @.8097) |

Schedule 1-1

Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,      Case No. 08-13555 (JMP)
(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Deutsche Bank Securities Inc.** | NMLA General Fund (NMLGENCA), by AllianceBernstein, as Investment Manager |

Name and Address where notices to transferee should be sent:

Deutsche Bank Securities Inc.  
60 Wall Street  
3rd Floor  
New York, NY 10005  
Attention: Rich Vichaidith  
Phone: 212-250-5760  
Fax:   212-797-8770  

Last Four Digits of Acct #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Phone: 212-250-5760  
Last Four Digits of Acct #: N/A

Court Claim # (if known): 63584  
Amount of Claim: $569,501  
Date Claim Filed: November 2, 2009  

Phone: N/A

Last Four Digits of Acct. #:  N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____C.J. Lanktree_____ Date: April 6, 2010  
Transferee/Transferee's Agent  
Charles J. Lanktree  
Director  

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Scott G. Martin  
Managing Director

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **NMLA General Fund (NMLGENCA), by AllianceBernstein, as Investment Manager,** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank Securities Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest to the claim specified in Schedule 1 attached hereto (the "Purchased Claim"), and in Seller's right, title and interest in, to and under Proof of Claim Number 63584 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") and the claim underlying the Proof of Claim (the "Purchased Claim"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest of Seller with respect to the Purchased Claim acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim, including those specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller does not and did not on the filing date hold any funds or property of or owe any amounts or property to the Debtor or any affiliate of the Debtor, (g) Seller has

delivered to Buyer true and correct copies of all documents (I) from and after the filing date pursuant to which the Transferred Claims or the Purchased Securities or any portion of either of them were transferred or sold and each of such documents contains substantially similar terms to this Agreement, and (II) to which it is party or by which it is bound that could materially affect the Transferred Claims or the Purchased Securities; and (h) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims or the Purchased Securities proportionately less payments or distributions or less favorable treatment per dollar of claim or interests than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including without limitation, reasonable attorney's fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of

to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 3rd day of March 2010.

**NMLA General Fund (NMLGENCA), by AllianceBernstein, as Investment Manager**

By: _____
Name: MICHAEL E. SOHR
Title: Senior Vice President

Attn: Michael E. Sohr
Tel: 212 969 6938
Fax:
Email: Michael.sohr@alliancebernstein.com

**Deutsche Bank Securities Inc.**

By: _____
Name: Scott G. Martin
Title: Managing Director

By: _____
Name: Charles J. Lanktree
Title: Director

Attn: Rich Vichaidith
60 Wall Street
3rd Floor
New York, New York 10005
Tel: 212-250-5760
Email: richard.vichaidith@db.com

Schedule 1

Transferred Claims

Purchased Claim

100% of Claim 63584 in the amount of USD569,501 (equivalent to AUD 703,347.92, the outstanding amount of the Proof of Claim)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| AUD$350,000,000.00 Floating Rate Australian Domestic Notes due 24 August 2001 by Lehman Brothers Treasury Co. B.V. | AU300LBTC029 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD$700,000.00 (or USD566,790 @ .8097) | floating | August 24, 2011 | AUD3,347.92 (Equal to 23 days of interest) (Equivalent to USD2,711 @ .8097) |

Schedule 1-1