B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| The Master Trust Bank of Japan, Ltd., acting as trustee for Fund No. 400037066 | Lehman Brothers International (Europe) (in administration) |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
The Master Trust Bank of Japan, Ltd.
acting as trustee for Fund No. 400037066
11-3, Hamamatsu-cho, 2-chome,
Minato-ku, Tokyo 105-8579
Japan

Court Claim # (if known): that portion of Omnibus Claim 62783 represented by ISIN XS0354608290 listed in the schedule attached to Omnibus Claim 62783
Amount of Claim: $9,493,521.00 (the amount of that portion of Omnibus Claim 62783 represented by ISIN XS0354608290 listed in the schedule attached to Omnibus Claim 62783)
Date Claim Filed: 11/02/2009: The Omnibus Claim was filed by Transferor to reserve the rights of clients on whose behalf Transferor held certain Lehman Program Securities.  The Program Security identified as ISIN XS0354608290 (in the amount of $9,493,521.00) has subsequently been transferred to Transferee.

Phone: 81-3-5403-5116                    Phone:
Last Four Digits of Acct #: _____    Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

580204.1/153-05435

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____                    Date: Mar-18-20/0 _____

Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

580204.1/153-05435

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

1.        For value received, the adequacy and sufficiency of which are hereby acknowledged, (a) each of The Master Trust Bank of Japan, Ltd., as trustee for Fund No. 400037066 ("Seller"), Hitachi High-Technologies Pension Fund, as beneficiary of Fund No. 400037066 ("Hitachi"), and Goldman, Sachs & Co. ("Purchaser") agrees to enter into this Agreement and Evidence of Transfer of Claim and (b) Seller hereby unconditionally and irrevocably sells, transfers and assigns to Purchaser, and Purchaser hereby agrees to purchase, as of the date hereof, (i) an undivided interest, to the extent of the percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to (A) that certain Proof of Claim Number 49556 (the "MTBJ Proof of Claim") filed by or on behalf of Seller against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") and (B) that certain omnibus Proof of Claim, Number 62783 (the "LBIE Proof of Claim" and together with the MTBJ Proof of Clam, the "Proof of Claim") filed by Lehman Brothers International (Europe) (in administration) ("LBIE") against the Debtor in the Proceedings on behalf of its clients and the clients of its affiliates (including Seller) in their respective capacities as beneficial owners of the "Lehman Program Securities" referenced in the LBIE Proof of Claim (including the Purchased Security (as defined below)), (ii) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (A) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or in connection with any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (B) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (C) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (D) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (iii) any and all proceeds of any of the foregoing (collectively, as described in clauses (i), (ii), and (iii), the "Transferred Claims"), and (iv) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.        Each of Seller and Hitachi jointly and severally represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (d) Hitachi has duly authorized and empowered the Seller to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller and Hitachi have not, individually or collectively, engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors. Further, Hitachi hereby independently represents and warrants that the Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller. Further, Seller hereby independently represents and warrants, in reliance on Hitachi's representation in the previous sentence, that the Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller.

3.        Each of Seller and Hitachi hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by

583061.3/153-05435

law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Each of Seller and Hitachi acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to any of Seller or Hitachi transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall be joint and several, and shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of any of Seller or Hitachi. The Master Trust Bank of Japan, Ltd. ("MTBJ") is acting in its capacity as trustee for Fund No. 400037066, and MTBJ shall in no event be liable under this Agreement or any related agreement or instrument, for any reason whatsoever, for an amount in excess of the asset held in Fund No. 400037066 from time to time. MTBJ has advised Purchaser that Fund No. 400037066 may be terminated after execution of this Agreement, in which case all the assets and rights held in the Fund No. 400037066 will be transferred to Hitachi. Hitachi hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from any breach of the representations and warranties made herein, jointly and severally, by Seller and Hitachi.

5.    Hitachi shall promptly (but in any event no later than three (3) business days) instruct the Seller to, and Seller shall, remit any payments, distributions or proceeds received by Seller or Hitachi in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer or cause to be transferred, as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller, Hitachi and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Each of Seller's, Hitachi's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller, Hitachi and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

583061.3/153-05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this *18th* day of March 2010.

**THE MASTER TRUST BANK OF JAPAN, LTD., as**
trustee for Fund No. 400037066

By: *Takao Usui*
Name:
Title: **TAKAO USUI/MANAGER**

11-3, Hamamatsu-cho, 2-chome
Minato-ku, Tokyo
105-8579 Japan
Attn: Takao Usui

The Master Trust Bank of Japan, Ltd. hereby represents and warrants to Purchaser that it is duly authorized and empowered to execute this Agreement on behalf of Fund No. 400037066 and to perform on behalf of Fund No. 400037066 the obligations of Fund No. 400037066 under this Agreement.

**GOLDMAN, SACHS & CO.**

By:
Name: Dennis Lafferty
Title: Managing Director

30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

**HITACHI    HIGH-TECHNOLOGIES    PENSION**
**FUND, as beneficiary of Fund No. 400037066**

By:
Name: *Ken Sakamoto*
Title: *Investment Managing Director*

[provide notice details]

583061.3/153-05435

Schedule 1

**Transferred Claims**

Purchased Claim

100% of $9,411,321.82 (the outstanding amount of the MTBI Proof of Claim as of March 12, 2010).[1]

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| JPY 1,000,000,000 Principal Protected notes due 2023 | XS0354608290 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 1,000,000,000 (equivalent to USD 9,411,321.82) | n/a | 27 March 2023 |

1 For the avoidance of doubt, the Purchased Claim also consists of the Program Security (ISIN XS0354608290) as described in the LBIE Proof of Claim in the amount of $9,493,521.00 due to a different conversion rate used by LBIE.

Schedule 1-1

583061.3/153-05435