**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                              :
In re                                                         :        **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                  :        **08-13555 (JMP)**
                                                              :
                                    **Debtors.**              :        **(Jointly Administered)**
                                                              :
------------------------------------------------------------------x

### STIPULATION AND ORDER AUTHORIZING (1) TRANSFER OF CERTAIN PREPETITION DEPOSITS, AND (2) PRESERVATION OF CITIBANK'S SETOFF RIGHTS, IF ANY, IN RESPECT OF AMOUNTS TRANSFERRED

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors as debtors and

debtors-in-possession (together with LBHI, the "Debtors,"), and Citibank, N.A. ("Citibank"),[1] by

and through their respective attorneys, hereby stipulate as follows:

RECITALS

A.       On September 15, 2008, LBHI, and periodically thereafter, certain of its

subsidiaries, filed with this Court voluntary cases under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Fed. R. Bankr. P.

1015(b).  The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.       The Debtors currently maintain various direct deposit accounts at Citibank

(the "Deposit Accounts") against which Citibank asserts rights of netting, offset, recoupment, or

other claims of right in respect of claims held by Citibank and arising (i) before the

---

[1]      For convenience, and as the context may require, Citibank and each of the Debtors shall each
be referred to individually as a "Party" and collectively as the "Parties."

commencement of these cases, as to any prepetition deposits (the "Prepetition Deposits"), and (ii) thereafter, as to any postpetition deposits (the "Postpetition Deposits") (collectively, the "Setoff Rights").  The Deposit Accounts that are the subject of this Stipulation and Order are identified on Schedule 1 hereto.

C.        On April 15, 2009, the Court "So-Ordered" a *Stipulation and Order Authorizing (1) Turnover of Postpetition Deposits with Citibank, and (2) Indemnification of Citibank in Respect of Any Third Party Claims Arising From the Turnover of Postpetition Deposits* (the "Postpetition Deposits Stipulation") [Docket No. 3373], among the Debtors and Citibank.

D.        Generally, pursuant to the Postpetition Deposits Stipulation, the Debtors and Citibank agreed to cooperate with each other to turn over to the Debtors Postpetition Deposits that are deposited into the Debtors' bank accounts with Citibank throughout the world. *See* Postpetition Deposits Stipulation ¶ 2.  The turnover of funds is subject to Citibank's reservation of rights to assert, and the Debtors' reservation of rights to contest, *inter alia*, claims of setoff, administrative expense priority, and adequate protection.  *See id.* ¶ 3.

E.        Since the entry of the Postpetition Deposits Stipulation, Citibank and the Debtors have been cooperating to turn over Postpetition Deposits to the Debtors in accordance with the Postpetition Deposits Stipulation, including seeking to obtain all necessary regulatory and governmental approvals and consents.

F.        The Prepetition Deposits have not been transferred and remain in the Deposit Accounts.  The Deposit Accounts bear no interest and do not earn income with respect to the balances therein.  The Debtors have requested that Citibank transfer the Prepetition Deposits to accounts at Citibank that will earn interest or income.

<u>AGREEMENT</u>

NOW THEREFORE, the Parties hereto, by and through their respective attorneys, hereby agree as follows:

1.      The Parties incorporate the Recitals herein as part of their agreement.

2.      Citibank will transfer the Prepetition Deposits from the Deposit Accounts to the reserve accounts at Citibank identified on <u>Schedule 1</u> (the "<u>Transfer Accounts</u>"), on which income is paid with respect to the balances therein.[2]  All income earned on each Transfer Account shall constitute property of the individual Debtor's estate.

3.      Citibank shall have no greater or lesser Setoff Rights (and the Debtors shall have no greater or lesser rights to dispute and object to the Setoff Rights) against the Prepetition Deposits, and any income or interest earned thereon, after the transfer of the Prepetition Deposits to the Transfer Accounts than Citibank possessed against the Prepetition Deposits, and would have possessed against interest or income earned thereon, when held in the Deposit Accounts.

4.      Nothing contained herein shall constitute an admission by the Debtors of the existence of any Setoff Rights in favor of Citibank of any kind whatsoever, or constitute a finding by the Court of the existence of any such Setoff Rights.

5.      The terms and conditions of this Stipulation, and the Parties' respective obligations hereunder, shall become effective only upon entry of this Order, and this Order becoming a final order, not subject to appeal, rehearing, or other consideration.

---

[2]     The Deposit Accounts will not be combined or consolidated between Debtors, but multiple Deposit Accounts owned by one Debtor will be consolidated into one Transfer Account owned by that Debtor.

6.      This Stipulation and Order shall be binding upon and inure solely to the
benefit of the Parties hereto and their respective successors and permitted assigns, including any
subsequent trustee elected or appointed for the Debtors.  Nothing contained herein, express or
implied, is intended to or shall confer upon any other person or entity any legal or equitable
right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation.

7.      Citibank consents to this Court's jurisdiction solely for the purpose of the
enforcement of this Stipulation and Order.

8.      No amendment, waiver, or modification of any provision of this
Stipulation and Order shall be effective unless the same shall be in writing and signed by
Citibank and the Debtors.

9.      This Stipulation may be executed in two or more counterparts, each of
which shall be deemed an original, but which together shall constitute one and the same
instrument.  This Stipulation may be executed by facsimile or PDF signatures, and such facsimile
or PDF signatures will be deemed to be as valid as an original signature whether or not
confirmed by delivering the original signatures in person, by courier, or by mail.

        10.     This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: New York, New York
       March 24, 2010

By: /s/ Stephen J. Shimshak                      By: /s/ Lori R. Fife
Stephen J. Shimshak                             Lori R. Fife
(sshimshak@paulweiss.com)                 (lori.fife@weil.com)
Douglas R. Davis                            WEIL, GOTSHAL & MANGES LLP
(ddavis@paulweiss.com)                   767 Fifth Avenue
Claudia L. Hammerman               New York, New York 10153
(chammerman@paulweiss.com)            Telephone: (212) 310-8000
PAUL, WEISS, RIFKIND, WHARTON &      Facsimile: (212) 310-8007
GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064        *Attorneys for Lehman Brothers Holdings, Inc.*
Telephone: (212) 373-3000              *and its Affiliated Debtors and Debtors-in-*
Facsimile: (212) 757-3990              *Possession*

*Attorneys for Citibank, N.A.*

**SO ORDERED:**

Dated: New York, New York
       April 6, 2010

                        *s/ James M. Peck*
                        Honorable James M. Peck
                        United States Bankruptcy Judge

**SCHEDULE 1**[*]

| Debtor | Deposit Account | Prepetition Deposits | Transfer Account |
|---|---|---|---|
| Lehman Brothers Holdings Inc. | 4061-5202 | $46,321,948.17 | 3082-6233 |
| Lehman Brothers Holdings Inc. | 3057-3934 | $7,000,008.96 | 3082-6233 |
| Lehman Brothers Holdings Inc. | 3077-5763 | $1,099,244.65 | 3082-6233 |
| Lehman Commercial Paper Inc. | 4061-5659 | $13,259,605.99 | 3082-6241 |
| Lehman Commercial Paper Inc. | 3077-5608 | $120,177.10 | 3082-6241 |
| Lehman Brothers Commodity Services Inc. | 3077-4322 | $3,684,734.56 | 3082-6292 |
| Lehman Brothers Commodity Services Inc. | 3076-8547 | $43,196.32 | 3082-6292 |
| Lehman Brothers Commercial Corp. | 3054-5087 | $5,008,527.63 | 3082-6356 |
| Lehman Brothers Special Financing Inc. | 3062-6522 | $677,768.34 | 3082-6305 |
| CES Aviation LLC | 3049-7636 | $354,419.26 | 3082-6276 |
| CES Aviation IX LLC | 3066-4297 | $247,444.26 | 3082-6364 |
| CES Aviation V LLC | 3056-8123 | $149,463.00 | 3082-6313 |

---

[*]  All Deposit Accounts and Transfer Accounts are held at and will be held at Citibank, N.A.  Account Balances are denominated in USD.