Presentment Date and Time: April 15, 2010 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: April 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
:
Debtors.                           :    (Jointly Administered)
:
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION**
**AND AGREED ORDER RESOLVING DISPUTE REGARDING ALLEGED OPEN**
**TRADE CONFIRMATION WITH YARPA INVESTIMENTI S.G.R. S.P.A – RP3 FUND**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Agreed Order (the "Stipulation") among Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above referenced Chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, the "Debtors") and Yarpa Investimenti S.G.R. S.p.A – RP3 Fund for signature on **April 15, 2010 at 12:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **April 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation on **May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

US_ACTIVE:\43357264\02\58399.0003

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 7, 2010
      New York, New York

/s/ Richard L. Levine
Richard L. Levine
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time: April 15, 2010 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: April 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    08-13555 (JMP)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**TERMINATING ALLEGED OPEN TRADE CONFIRMATION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation and Agreed Order (this "Stipulation") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), and Yarpa Investimenti S.G.R. S.p.A – RP3 Fund ("Yarpa"), subject to the approval of this Court.

**RECITALS**

A. On September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to

US_ACTIVE:\43357264\02\58399.0003

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B.      Prior to the Commencement Date, the Debtors were active in the secondary loan market. In this capacity, the Debtors purchased and sold both par and distressed commercial loans.

      C.      The Debtors' prepetition trades were reflected in various oral and written confirmations (each a "Trade Confirmation"). Generally, each Trade Confirmation represented a binding agreement to purchase or sell a position in a par or distressed loan at an agreed price. However, the ensuing transaction was not consummated and settled until, among other things, both counterparties executed formal transfer documentation and the purchaser tendered payment.

      D.      As of the Commencement Date, the Debtors had entered into, but had not yet consummated and settled, hundreds of Trade Confirmations (the "Open Trade Confirmations"). The Debtors contend that these Open Trade Confirmations are executory contracts subject to assumption or rejection under section 365 of the Bankruptcy Code.

      E.      On November 14, 2008, the Debtors filed a Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "Open Trades Motion"), in which the Debtors designated most Open Trade Confirmations for assumption, rejection or modification.

      F.      In the Open Trades Motion, the Debtors designated for assumption, among others, an alleged open Trade Confirmation dated March 12, 2008 (with a trade date of March 4, 2008) between LCPI and Yarpa for the sale of debt of Lavena Holding 4 GMBH (the "Yarpa Trade"). *See* Exhibit A to the Open Trades Motion, page 6.

G. On or about December 16, 2008, the Court entered an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Open Trades Motion (the "Order") [Docket No. 2258], including the assumption of the Yarpa Trade. On or about April 3, 2009, Yarpa filed a motion (the "Yarpa Motion") [Docket No. 3267] requesting that the Court vacate the Order solely with respect to the Yarpa Trade so that Yarpa would have an opportunity to assert its objections to the Open Trades Motion.

H. On May 8, 2009, the Debtors consented to the relief requested in the Yarpa Motion solely to the extent that Yarpa sought the vacatur of the Order as it related to the Yarpa Trade for the limited purpose of allowing Yarpa to file an objection to the Open Trades Motion and the Debtors agreed to give Yarpa until May 22, 2009 to file its objection [Docket No. 3530].

I. On May 14, 2009, the Court issued an Order Granting the Yarpa Motion [Docket No. 3568].

J. On May 22, 2009, Yarpa filed an objection to the Debtors' assumption of the Yarpa Trade based upon Yarpa's contention that Yarpa had terminated the Yarpa Trade pre-petition by letter dated July 21, 2008 (the "Yarpa Objection") [Docket No. 3636]. On May 29, 2009, the Debtors filed a reply asserting, among other things, that the Yarpa Trade had not been effectively terminated pre-petition because no basis existed for a valid termination [Docket No. 3694].

K. On August 10, 2009, the Debtors and Yarpa entered into a discovery stipulation that the Court "so ordered" on August 12, 2009. Since that time, the Debtors and Yarpa have been participating in such discovery to resolve factual issues raised by the Yarpa Objection.

L.      The Debtors and Yarpa (each, along with its affiliates, officers, directors, agents, representatives and/or assigns, a "Party," and collectively, the "Parties") have agreed to resolve the Open Trades Motion and the Yarpa Objection subject to the following:

**AGREED ORDER**

IT IS HEREBY AGREED, SUBJECT TO COURT APPROVAL HEREOF, THAT:

1.      No later than close of business on the next business day following the Effective Date (as defined hereinafter), Yarpa will wire to LCPI 125,000 Euros (the "Settlement Amount") in cash or other immediately available funds.

2.      Upon Yarpa's wiring the full Settlement Amount to LCPI, the Yarpa Trade will be deemed terminated and the rights and obligations of the Parties thereunder finally and fully extinguished, notwithstanding any provision in any agreement related to the Yarpa Trade that provides for any term or condition to survive the termination or cancellation thereof. The Parties agree that this Stipulation shall constitute a waiver of any rights under any other agreements related to the Yarpa Trade.  LCPI shall have full right, title and interest in the debt of Lavena Holding 4 GMBH that was formerly the subject of the Yarpa Trade and Yarpa shall have no such right, title or interest.

3.      For the avoidance of doubt, this Stipulation is not a rejection of the Yarpa Trade and Yarpa shall not be entitled to file any claim against the Debtors relating to breach or rejection of the Yarpa Trade.

4.      Each Party generally releases and discharges the other Party from all claims, rights, causes of action, judgments, costs, expenses, and damages of every kind, nature and character whatsoever arising under or related to the Yarpa Trade, its negotiation, execution,

performance, non-performance, any breaches thereof, or its termination other than the payment of the Settlement Amount provided for herein.

5. Each person who executes this Stipulation on behalf of the Debtors or Yarpa hereto represents that he or she is duly authorized to execute this Stipulation on their respective behalves.

6. This Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

8. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. This Stipulation shall become effective upon its approval by the Court (the "Effective Date"). If this Stipulation is not approved by the Court, it shall be deemed null and void and shall not be referred to or used by any of the Parties hereto to argue the merits of the Open Trades Motion or the Yarpa Objection, or by any of the other parties in the Debtors' chapter 11 cases for any purpose. In such event, the Parties shall retain their respective rights regarding the Yarpa Trade.

Dated: April 7, 2010

| | |
|---|---|
| **REED SMITH LLP** | **WEIL, GOTSHAL & MANGES LLP** |
| /s/ John L. Scott | /s/ Richard L. Levine |
| John L. Scott | Richard L. Levine |
| | Jacqueline Marcus |
| 599 Lexington Avenue | 767 Fifth Avenue |
| New York, New York 10022 | New York, New York 10153 |
| Telephone: (212) 521-5400 | Telephone: (212) 310-8000 |
| | Facsimile: (212) 310-8007 |
| Attorneys for Yarpa Investimenti S.G.R. S.p.A – RP3 Fund | Attorneys for Debtors and Debtors in Possession |

Dated: _____, 2010
       New York, New York

SO ORDERED:

_____
UNITED STATES BANKRUPTCY JUDGE