Hearing Date and Time: April 14, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: April 9, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                              :   Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :   08-13555 (JMP)
                                                   :
                       Debtors.                    :   (Jointly Administered)
                                                   :
                                                   :
------------------------------------------------------------x

**DEBTORS' RESPONSE TO THE MOTION OF MIZUHO CORPORATE BANK, LTD.,
AS AGENT, ON BEHALF OF ITSELF AND CERTAIN LENDERS, SEEKING
AUTHORITY TO ASSIGN CERTAIN INTERESTS IN A CREDIT AGREEMENT AND
ATTENDANT CLAIMS AGAINST LEHMAN BROTHERS HOLDINGS, INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), submits this response to the motion of Mizuho Corporate Bank, Ltd., as Agent ("Mizuho"), on Behalf of Itself And Certain Lenders, Seeking Authority to Assign Certain Interests in a Credit Agreement And Attendant Claims Against LBHI. [Docket No. 7903] (the "Motion"), and respectfully represent:

1. Mizuho has not, and cannot cite a single case or statutory authority to support its proposition that a debtor in possession has the obligation or duty to *facilitate* the

trading of claims.  The Debtors, however, take no position as to whether or not the claims that are the subject of the Motion can or should be transferred other than (a) any transfer should be without prejudice to any objections that they might have to the underlying merits of such claims, including, without limitation, with respect to the timeliness of the filing if any proofs of claim relating thereto, and (b) the transferors and transferees must abide by (i) the terms of the Order Pursuant to Sections 105(a) And 362 of The Bankruptcy Code Establishing Certain Restrictions And Procedures Applicable To Transfers of The Debtors' Securities, entered on March 25, 2010 [Docket No. 7826], and (ii) the requirements of the Federal Rules of Bankruptcy Procedure.

2. In light of the foregoing, the Court need not address the arguments raised by Mizuho that allegedly support the relief it is seeking.  Nonetheless, the Debtors are compelled to respond briefly to certain of these arguments, notwithstanding that they are not objecting to such relief.

3. Mizuho's argument that LBHI, or any debtor, cannot enforce the terms of an executory contract prior to assumption or rejection – even if the debtor is not performing its obligations (Motion ¶ 9) – is contrary to a decision of this Court in these chapter 11 cases and the legion of bankruptcy cases that support the proposition that an unassumed executory contract, while not enforceable *against* the debtor, is still enforceable *by* the debtor against the non-debtor party to the contract.[1]  Furthermore, Mizuho views of public policy notwithstanding, Mizuho has

---

[1] *See, e.g.,* Tr. of Sept. 15, 2009 Hr'g, at 110:3-16 [Docket No. 5261], *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2009); *N.R.L.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531 (1984); *In re PublicData-Link Systems Inc. v. Whitcomb & Keller Mortgage Co. (In re Whitcomb & Keller Mortgage Co.)*, 715 F.2d 375, 378-79 (7th Cir. 1983); *McLean Indus., Inc. v. Medical Laboratory Automation, Inc. (In re McLean Indus., Inc.)*, 96 B.R. 440, 448-50 (Bankr. S.D.N.Y. 1989); *Continental Energy Assocs. Ltd. P'ship v. Hazleton Fuel Mgt. Co. (In re Continental Energy Assocs. Ltd. P'ship)*, 178 B.R. 405, 408-09 (Bankr. M.D. Penn. 1995); *Public Ser. Co. of New Hampshire v. New Hampshire Electric Cooperative, Inc. (In re Public Ser. Co. of New Hampshire)*, 884 F.2d 11, 14 (1st Cir. 1989).  The one case cited by Mizuho in support of its argument, *In re Lavigne*, 114 F.3d 379 (2d Cir. 1997), deals with a contract that was *deemed rejected* by a chapter 7 trustee, and is therefore entirely inapposite to these circumstances.  The case to which *Lavigne* cites, *Dept. of Economic Dev. v. Arthur Andersen & Co.*, 924 F. Supp. 449 (S.D.N.Y. 1996), is not a bankruptcy case and is therefore irrelevant.

not and cannot cite a single case that supports the proposition that contractual, bargained for restrictions on the assignment of claims are unenforceable. (Motion ¶ 10).

WHEREFORE the Debtors respectfully request that the Court grant such relief as it deems just and proper, subject to the conditions described above.

Dated: April 8, 2010
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession