**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) ) | |

**JOINDER OF STONEHILL FUNDS TO OBJECTION OF OPTIM ENERGY MARKETING AND TRADING, LLC TO DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

Stonehill Institutional Partners, L.P and Stonehill Offshore Partners Limited (collectively, the "Stonehill Funds"), by their undersigned counsel, hereby join in the Objection of Optim Energy Marketing and Trading, LLC's (the "Optim Objection") [Docket No. 7939], dated March 31, 2010, to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "Motion").[1]

1.  Each of the Stonehill Funds was a party to ISDA Master Agreements and related derivatives agreements (the "Derivatives Agreements") with Lehman Brothers Special Finance and Lehman Brothers International Europe, and each timely filed proofs of claim against various Debtors (the "Claims") in these chapter 11 cases. The Claims are based upon, *inter alia*, the termination by the Stonehill Funds, as the non-defaulting party, of the Derivatives Agreements and the transactions thereunder and the related guarantees of Lehman Brothers Holdings Inc.

2.  As set forth in the Optim Objection, the ADR Procedures for which the Debtors seek approval pursuant to the Motion improperly, unfairly and unnecessarily deprive derivatives counterparties such as the Stonehill Funds of their bargained for

---

[1] Capitalized terms used but not otherwise defined in this Joinder have the respective meanings given in the Motion.

contractual rights under derivatives contracts, establish a grossly uneven playing field for the resolution of claims, and go well beyond what could be considered "reasonable" procedures that promote the efficient resolution of claims.

3.   Therefore, the Stonehill Funds agree with the arguments set forth in the Optim Objection, join in the Optim Objection, and reserve the right to be heard before this Court with respect to the Motion and the relief requested by the Debtors therein.

Dated: April 9, 2010
    New York, New York

    KRAMER LEVIN NAFTALIS & FRANKEL LLP
    /s/   Stephen Zide
    Stephen Zide
    1177 Avenue of the Americas
    New York, New York 10036
    Telephone: (212) 715-9100

    Counsel for Stonehill Institutional Partners, L.P
    and Stonehill Offshore Partners Limited