MEISTER SEELIG & FEIN LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3535
James M. Ringer, Esq.
Lawrence F. Morrison, Esq.
*Attorneys for Rosslyn Investors I, LLC*

**Hearing Date: May 12, 2010**
**Hearing Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

                          Debtors.
----------------------------------------------------------------X

Chapter 11

Case No.: 08-13555 (JMP)

(Jointly Administered)

### NOTICE OF MOTION OF ROSSLYN INVESTORS I, LLC FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS SPECIALTY FINANCE INC. AND OTHER ENTITIES

PLEASE TAKE NOTICE that Rosslyn Investors I, LLC ("Rosslyn"), by and through its undersigned counsel, has filed a Motion for Leave to Conduct Rule 2004 Discovery of Debtor Lehman Brothers Specialty Finance Inc. and Other Entities (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing (the "Hearing") to consider the relief requested in the Motion has been scheduled for 10:00 a.m. (Eastern Time) on May 12, 2010 before the Honorable James M. Peck, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 601, New York, New York, 10004-1408.

PLEASE TAKE FURTHER NOTICE that responses, if any, to the Motion must (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, the local Rules for the United States Bankruptcy Court for the Southern District of New York and the

*3926-002 Doc#113*

Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 10 15(c) and 9007 Implementing Certain Notice and Case Management Procedures [docket no. 285]; (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) (i) electronically by registered users of the Bankruptcy Court's case filing system, or (ii) on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) by all other parties in interest; (d) be submitted in hard copy form to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (e) be served upon the following parties: (i) counsel for Rosslyn, Meister Seelig & Fein LLP, 140 East 45th Street, 19th Floor, New York, New York 10017, Attention: James M. Ringer, Esq., (ii) counsel for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attention: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq. and Jacqueline Marcus, Esq., (iii) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attention: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq., (iv) counsel for the Debtors' Postpetition Lenders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attention: Lindsee P. Granfleld, Esq. and Lisa Schweiger, Esq., and Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attention: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq., and (v) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Rifikin and Tracy Hope Davis, in each case so as to be

received **no later than 4:00 p.m.** (Eastern Time) **on May 7, 2010 (the "Response Deadline").**

PLEASE TAKE FURTHER NOTICE that only responses made in writing and timely filed and received by the Response Deadline will be considered by the Bankruptcy Court at the Hearing. If no responses to the Motion are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated: New York, New York
April 5, 2010

                                               MEISTER SEELIG & FEIN LLP

                                               */s/ Lawrence Morrison*
                                               By: James M. Ringer, Esq.
                                               Lawrence F. Morrison, Esq.
                                               2 Grand Central Tower
                                               140 East 45th Street,19th Floor
                                               New York, NY 10017
                                               (212) 655-3500

                                               *Attorneys for Rosslyn Investors I, LLC*

3

08-13555-mg    Doc 8221    Filed 04/09/10    Entered 04/09/10 22:27:59    Main Document
Pg 4 of 19

MEISTER SEELIG & FEIN LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3535
James M. Ringer, Esq.
Lawrence F. Morrison, Esq.
*Attorneys for Rosslyn Investors I, LLC*

**Hearing Date: May 12, 2010**
**Hearing Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

                             Debtors.
------------------------------------------------------------X

Chapter 11

Case No.: 08-13555 (JMP)

(Jointly Administered)

## MOTION OF ROSSLYN INVESTORS I, LLC FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS SPECIALTY FINANCE INC. AND OTHER ENTITIES

Rosslyn Investors I, LLC ("Rosslyn"), by and through its undersigned counsel, hereby moves this Court, pursuant to section 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing and directing discovery in the form of a subpoena requiring the production of documents by Lehman Brothers Specialty Financing Inc. ("LBSF") (together with certain of its affiliates, the "Debtors"). In support of this motion (the "2004 Motion"), Rosslyn states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

*3926-002 Doc#114*

## II.   PROCEDURAL BACKGROUND

2.   On September 15, 2008 (the "Petition Date"), and in the days following, Debtors Lehman Brothers Holdings Inc. ("LBH") and Lehman Brothers Special Financing Inc. ("LBSF") commenced these voluntary cases under chapter 11 of Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.   On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.   On September 17, 2009, Rosslyn Investors I, LLC filed proofs of claim (the "POC").

## III.   FACTUAL BACKGROUND

5.   The following factual background is recited in the POC. In July of 2008, Rosslyn engaged in discussions with LBSF concerning a swap to fix its floating rate loan and to hedge the future sale of its so called C-Note. On July 11, 2008 Rosslyn and LBSF orally agreed to an interest rate swap effective July 11, 2008 and terminating on July 11, 2017 (the "Transactions"). As an integral part of the Transactions, LBH was to guarantee the obligations and performance of LBSF.

6.   Thereafter, the parties exchanged communications and drafts of confirmations, a master agreement, a credit support annex and other agreements, but despite repeated efforts by

2

*3926-002 Doc#114*

Rosslyn to obtain proper documentation of the Transactions, no definitive agreements were never agreed or executed, several material terms of the Transactions were never agreed and all communication from LBSF concerning the Transactions ceased in early September 2008. As a result of LBSF's refusal and/or failure to reach agreement and provide proper documentation, Rosslyn believes that no valid or enforceable swap agreement exists.

7.  However, in order to avoid any possible claim that they had acted in breach of any obligations, and while reserving all rights, Rosslyn proceeded to make payments to LBSF in the amounts they calculated would have been due if a valid and enforceable swap existed. The following payments were made:

| Date | Amount |
|---|---|
| 8/18/08 | $110,211.46 |
| 9/22/08 | $109,565.63 |
| 10/17/08 | $104,781.25 |
| 12/18/08 | $164,156.25 |
| 1/16/09 | $163,169.79 |
| 2/18/09 | $213,898.96 |
| 3/16/09 | $216,795.83 |
| 4/17/09 | $232,273.96 |
| Total | $1,344,853.13 |

No payment was made in November 2008 as no payment would have been due LBSF. Instead, had there been a valid and enforceable swap, LBSF would have owed Rosslyn $27,351.04. LBSF has not paid this or any other amount to Rosslyn.

8.  To resolve any doubts and to avoid future uncertainties, and while fully reserving all of its rights and without waiving any of such rights, on May 14, 2009 Rosslyn gave LBSF notice that it elected to terminate the swap transaction, should it be determined to exist or be enforceable, on the basis of LBSF's defaults, including the bankruptcy filing of Lehman Brothers Holdings, Inc., ("Lehman") which as guarantor of the swap was LBSF's Credit Support

3

Provider; the bankruptcy filing of LBSF; and the failure of LBSF and/or Lehman to make payments that would have been due if the swap was valid and enforceable.

9. On May 21, 2009 Rosslyn, as the non-defaulting party, provided LBSF its calculation of the amounts due Rosslyn from LBSF as a result of the termination if the swap was valid and enforceable. Pursuant to such calculation, which was based on the "Loss" method as defined in ISDA Master Agreements, the amount due to Rosslyn from LBSF, if the swap was valid and enforceable, is $5,224,425, plus the unpaid payment of $27,351.04 that would have been due from LBSF in November 2008, plus interest at the default rate as defined in ISDA Master Agreements.

10. Accordingly, Rosslyn has claimed against LBSF:

   a. in the event it is determined that there was no valid and enforceable swap, the amount of $1,344,853.13, plus interest, or

   b. in the event that it is determined that there was a valid and enforceable swap the amount of $5,251,776.04 (consisting of the $5,224,425 Termination Payment plus the $27,351.04 unpaid payment), plus interest at the Default Rate compounded daily from the date each payment was due.

11. Rosslyn further states in its POC that should it be determined that there was a valid and enforceable swap agreement, LBH, as guarantor of LBSF's obligations and performance, is obligated to pay the amounts due Rosslyn as set forth in paragraph 8(b) above that are not paid in full by LBSF.

12. On January 20, 2010 Debtors served subpoenas on Rosslyn, its indirect parent Savanna Real Estate Fund I, LP ("Savanna") and its financial advisor with respect to the swap

4

Chatham Financial Corporation ("Chatham"), requesting production of the same documents that are the subject of this Motion, i.e., documents related to the swap, its formation, negotiation, termination, calculation of amounts paid and/or due and the POC.

### IV. RELIEF REQUESTED

13. By this Motion, Rosslyn seeks an order compelling the Debtors to produce documents responsive to the document requests set forth on Schedule A attached hereto.

14. Rosslyn has been proving requested information to LBSF in an effort to resolve its claim, but has been unable to receive even basic information concerning swap formation from LBSF and has therefore been compelled to bring this 2004 motion. On two occasions prior to the filing of this motion, Rosslyn's counsel also requested that Debtors voluntarily provide the requested documents, but they declined.

### V. ARGUMENT

#### A. Legal Standard

15. "On motion of any party in interest, the court may order the examination of any entity." See Fed. R. Bankr. P. 2004(a). Generally, the purpose of a Rule 2004 examination is to "discover assets, examine transactions, and determine whether wrongdoing has occurred." See In re Bennett Funding Group. Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); see also Fed. R. Bankr. P. 2004(b) (examination may relate to, among other things, "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate").

16. As creditors, Rosslyn is clearly a "party-in-interest" with standing to seek authorization for, and to undertake, a Rule 2004 investigation. See 11 U.S.C. § 1109(b) ("A party

5

in interest, including . . . a creditor, an equity security holder . . . may raise and may appear and be heard on any issue in a case under this chapter.").

### B. Scope of 2004 Exam

17. The scope of a Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. See 9 Collier on Bankruptcy ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997) (quoting In re Table Talk. Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985)); see also In re Drexel Burnham Lambert Group. Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); In re Silverman, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984). Indeed, it is well-settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure. See In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993); In re Duratech Indus., 241 B.R. 283, 289 (Bankr. E.D.N.Y. 1999).); In re Drexel Burnham Lambert Group, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).

18. Examinations under Rule 2004 may include within their scope, among many other things, any matter which may affect "the administration of the debtor's estate," and, in a Chapter 11 case, any matter relevant to the case or to the formulation of a plan. See Moore v. Eason (In re Bazemore), 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998). In fact, the well-settled scope of discovery conducted under Rule 2004 is so fundamental to the process and permissibly broad that courts have gone so far as to use with approval words and phrases such as "fishing expedition," "exploratory and groping," and "inquisition." See, e.g., In re Johns-Manville Corp. (Keene Corp. v. Johns-Manville Corp.), 42 B.R. 362, 364 (S.D.N.Y. 1984); In re Drexel Burnham Lambert Group, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); In re Innosphere, 156 B.R. at 432.

6

19. Thus, a Rule 2004 examination affords a party in interest an opportunity to conduct a wide-ranging examination with respect to a debtor's financial affairs. See In re Texaco Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987). Further, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation. See Ionosphere Clubs, 156 B.R. at 432 (third party who has a relationship with the debtor may be subject to a Rule 2004 examination in order to aid in discovery of assets); In re Johns-Manville, 42 B.R. at 364 (discovery under Rule 2004 extends beyond the debtor to persons associated with him as well as to those persons who may have had business dealings with the debtor).

20. Ultimately, Rule 2004 requires the Court to "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." See Drexel Burnham, 123 B.R. at 712. In making this determination, courts consider the purpose of the request as well as the degree of intrusiveness. See id. at 711-12 (discussing evolution and purpose of Rule 2004 and granting Rule 2004 motion, highlighting that the "requested purpose" was for "claims amendment and claims litigation" and that "[t]he more knowledge FDIC/RTC has about its claims, the better it, DBL, and the committees will be able to resolve the claims process in this case"); In Re Hawley Coal Mining Corp., 47 B.R. 392, 394 (S.D. W.Va. 1984) (noting that appellant failed to show that requested discovery was "oppressive in any manner" and holding that bankruptcy court did not abuse its discretion in granting Rule 2004 examination).

### C. 2004 Discovery in connection with Pre-Petition Transfers and Disposition of Assets

21. In the instant case, the balance of competing interests militates strongly in favor of Rosslyn. Therefore, the instant 2004 Motion should be granted.

7

22. First, the discovery sought by Rosslyn herein is narrowly tailored and falls squarely within the scope of Rule 2004. Indeed, Debtors have inherently acknowledged the need for the requested discovery by the service of their own, broader subpoenas seeking the same documents. As set forth in the attached Schedule, the requested discovery aims to investigate facts and circumstances pertaining to the questions of swap formation, agreement, documentation, repudiation, termination and valuation of the claims. Discovery is particularly appropriate in this instance due to the factual uncertainties arising out of the failure or inability of the parties to agree upon some of the material terms of the transaction or agree upon or execute swap documentation and agreements. In fact, Debtor did not even list the swap as an executory contract in its original schedules. As a result, there are open questions concerning whether there ever was a valid or enforceable swap agreement and, if so, what were its terms and whether it was repudiated by LBSF by its failure or refusal to reach agreement and execute proper documentation pre-filing. Given these uncertainties and the likely discussions and further proceedings concerning the POC, Rosslyn has a clear need for the requested information and it should not be forced to proceed in the absence of such information as is solely in the possession of Debtors.

## VI.  WAIVER OF MEMORANDUM OF LAW

23. As this Motion presents no novel issues of law and the authorities relied upon by Rosslyn are set forth herein, the Funds respectfully request that the Court waive the requirement of Local Rule 9013-1(b) that a separate memorandum of law be submitted herewith. However, Rosslyn reserves the right to file a memorandum in reply to any objection to this Motion.

8

*3926-002 Doc#114*

08-13555-mg    Doc 8221    Filed 04/09/10    Entered 04/09/10 22:27:59    Main Document
                                    Pg 12 of 19

### VII. NO PRIOR REQUEST

24. No prior motion for the relief requested herein has been made to this Court or any other court.

### VIII. NOTICE

25. Rosslyn has provided notice of this Motion to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel for the Debtors; (c) counsel to the Creditors' Committee and (d) all other parties on the regular service list in these cases. Rosslyn respectfully submits that no other or further notice need be given.

### IX. CONCLUSION

26. WHEREFORE, for the reasons stated herein, Rosslyn respectfully requests that this Court enter an Order, pursuant to Bankruptcy Rule 2004, in the form attached hereto as Exhibit "A": (i) requiring the production of documents from the relevant parties responsive to the document requests; and (ii) granting Rosslyn such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 5, 2010

                          MEISTER SEELIG & FEIN LLP

                          */s/ Lawrence Morrison*
                          By: James M. Ringer, Esq.
                          Lawrence F. Morrison, Esq.
                          2 Grand Central Tower
                          140 East 45th Street, 19th Floor
                          New York, NY 10017
                          (212) 655-3500

                          *Attorneys for Rosslyn Investors I, LLC*

9

*3926-002 Doc#114*

## SCHEDULE A

## DEFINITIONS

A.  **Chatham.** The term "Chatham" shall mean Chatham Financial Corporation and any of its affiliates, divisions, subsidiaries, predecessors, successors, officers, employees, partners, members, agents, representatives, and attorneys, and anyone acting on their behalf..

B.  **Communication.** The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

C.  **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

D.  The terms **"Debtor," "Debtors,"** or **"LBSF"** shall mean Lehman Brothers Holdings Inc. or Lehman Brothers Specialty Finance Inc.

E.  **Document.** The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets, memoranda, notes and all other writings, Bloomberg screenshots, drawings, graphs, charts, photographs, sound recordings and electronic or computerized data compilations and recordings of telephone conversations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of this term.

F.  **Including.** The term "including" shall mean "including, but not limited to." Phrases following the term "including" are not intended to be exhaustive of the materials sought by the Request and shall not in any way be read to limit the scope of the Request.

G.  **Person.** The term "Person" shall mean any natural person or any business, legal or governmental entity or association.

H.  **Proof of Claim.** The term "Proof of Claim" refers to those certain proofs of claim filed by Rosslyn Investors I, LLC in this case.

I.  **Quotation Method.** The term "Quotation Method" and/or the "Loss Method" shall have the meanings of said terms in the 1992 and 2002 ISDA Master Agreements.

J.  **Rosslyn.** The term "Rosslyn" refers to Rosslyn Investors I, LLC and any of its affiliates, divisions, subsidiaries, predecessors, successors, officers, employees, partners, members, agents, representatives, and attorneys, and anyone acting on their behalf.

K.  **Savanna.** The term "Savanna" shall mean Savanna Real Estate Fund I, LP and any of its affiliates, divisions, subsidiaries, predecessors, successors, officers, employees, partners, members, agents, representatives, and attorneys, and anyone acting on their behalf.

L.  **Swap.** The term "Swap" shall mean the interest rate swap that is the subject of the Proof of Claim.

M.  **Swap Documents.** The term "Swap Documents" refers to any Interest Rate Swap Bid Package, ISDA Master Agreement and any schedule thereto, any confirmation, any Credit Support Annex, and any other proposed or actual agreement in connection with, related to or documenting the Swap, whether such Document is a draft, final, or executed version, or not.

N.  **Swap Formation.** The term "Swap Formation" shall mean all efforts undertaken, or considered but not undertaken, by Rosslyn or You, and their respective advisors and attorneys to bid, form, negotiate, consummate, or memorialize the Swap, as the case may be.

O.  **You** and **Your.** The terms "You" and "Your" shall mean Lehman Brothers

11

Holdings Inc. or Lehman Brothers Specialty Finance Inc. and any of their affiliates, divisions, subsidiaries, predecessors, successors, officers, employees, partners, members, agents, representatives, and attorneys, and anyone acting on their behalf.

    P.    The following rules of construction apply to all requests:

        i.    **All/Each.** The terms "all" and "each" shall be construed as all and each.

        ii.    **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

        iii.    **Number.** The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. The time period applicable to these requests is from May 1, 2008 to the present.

2. These Requests require You to produce all responsive Documents and things in Your possession, custody, or control, without regard to the physical location of such Documents. Documents that are in the possession of anyone acting on behalf of or controlled by You must be produced if they are responsive.

3. Documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the Documents are responsive.

4. Documents attached to each other (physically or via electronic mail) should not be separated.

5. Electronically stored information must be produced in a searchable format.

12

*3926-002 Doc#114*

6. Each page of every Document produced in response to these Requests should be marked with a unique Bates number to allow for accurate identification.

7. If You cannot produce a requested Document because the Document is no longer in Your possession, custody or control, a list shall be provided to counsel for Rosslyn setting forth as to each such Document the following information to the extent known: (a) the type of Document; (b) the general subject matter of the Document; (c) the date of the Document; (d) the author of the Document; (e) the recipients of the Document; (f) when the Document was most recently in Your possession, custody or control, (g) the disposition of the Document and (h) the identity of any Person who has possession, custody or control of the Document. If the Document has been destroyed, the answer should also state (a) the reason for its destruction, (b) the identity of the Person who destroyed the Document and (c) the identity of the Person who directed that the Document be destroyed.

8. In connection with any objection or request for relief with respect to the Requests, You shall (a) simultaneously file a copy of the Document request or answer and (b) specify and quote verbatim each relevant Document request or answer and, immediately following each specification, set forth the basis of and all grounds for the objection or relief requested. If a Request is only partly objectionable respond to the remainder of the Request that is not objectionable.

9. If a claim of privilege is asserted in an objection or request for relief with respect to any Request or portion thereof, and an answer is not provided on the basis of the assertion, the objection or request for relief shall identify: (a) the nature of the privilege being

13

claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked; and (b) unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of Document; (ii) the general subject matter of the Document; (iii) the date of the Document; and (iv) such other information as is sufficient to identify the Document for a subpoena duces tecum, including, where appropriate, the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the Document.

10. If You withhold any Documents from the production based upon a claim of privilege, provide counsel for Rosslyn with a privilege log containing the information required under Bankruptcy Rule 7026 within ten (10) days following the completion of the production of Documents.

11. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be redacted from the Document, the instructions in the preceding paragraphs shall be applicable, and the rest of the Document shall be produced.

12. These Requests are deemed to be continuing, so as to require supplementation pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, as made applicable to this matter by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

13. At a future date, Rosslyn may request the production of additional Documents or the testimony of individuals.

## **DOCUMENTS REQUESTED**

1) All Documents concerning Swap Formation, including all documents concerning:

   a) Any internal communication concerning Swap Formation or any Swap Document;

   b) Any Communication between or among You and any outside advisor or attorney concerning Swap formation or any Swap Document;

   c) Any Communication between or among You and Savanna, Rosslyn or Chatham, or any attorney or other person acting on their behalf, concerning Swap Formation or any Swap Document, including any Communication that evidences any efforts to obtain or execute proper documentation of the Swap;

   d) Any Communication between or among You and any other Person concerning Swap Formation or any Swap Document.

2) All Documents concerning any payment that You received or believed to be due or payable pursuant to the Swap, including all correspondence in connection with any such payment.

3) All Documents concerning how and when You recorded or otherwise evidenced the Swap and any payments received or believed to be due or payable concerning the Swap on Your internal books and records.

4) All Documents concerning any effort which You made, or any analysis You prepared or had prepared, concerning the possible assumption and/or assignment of the Swap, including any quotations You received.

15

5) All Documents concerning any effort which You made, or any analysis Your prepared or had prepared, concerning the calculation of the measure of any early termination payment due or owing with respect to the Swap under the market Quotation Method and/or the Loss Method, including all communications with or among You and/or any other Person and any quotations You may have received.

6) All Documents, not requested above, that You anticipate using or believe relevant to the proper evaluation and resolution of the Swap or its validity or enforceability, the Swap termination, or the Proof of Claim.