

B104  (FORM 104)  (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**

Lehman Brothers bankruptcy and/or 3109 King St. Property Management 394717/388883 Robert Eberwein and/or mortgage defaults, unlawful detainers filed nationwide involving transfer of property irrem in the attached court documents from Solano, Marin, Alameda, Contra Costa, Los Angeles, Sacramento, nationwide by non-appearing certificate holders due to sworn declarations signed by debt collector attorneys with no standing to sue.

**DEFENDANTS**

Attorney Generals predatory lenders attorneys of record  special appearing for debt collectors - see attached attached state court actions - Supreme Court, Court of Appeals, multi-district litigation 08-13555

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

for each class action participant in removed actions will be filing motions for substitution of counsel and motions to avoid judicial liens and trustee sales.

**ATTORNEYS** (If Known) (

Miles Bauer, Bergstrom, Winters, Ryan Stocking ( )
Pite Duncan LLP  4735 Jutland, San Diego, CA ( )
Sara Kistler USDOJ Region 17 ( )
Special Appearing Attorneys  for REO's appearing as attorneys of record for the trustees on the bond securitization packages. Glen N. Navis, John Dubois, Alameda County Counsel - Raymond Lara

**PARTY** (Check One Box Only)

- [✓] Debtor
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Creditor
- [ ] Trustee
- [ ] Other

**PARTY** (Check One Box Only)

- [✓] Debtor
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Creditor
- [ ] Trustee
- [ ] Other

**CAUSE OF ACTION**  (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

See USDOJ Attorney Karen P.  Hewitt conviction for public official participation in unlawful taking of money. See attached. Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activities in violation of Title 18, United States Code, Section 1957.  Also 11 USC 362 through 1300 et seq and the SEC.

## NATURE OF SUIT

(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11 - Recovery of money/property - § 542 turnover of property
- [ ] 12 - Recovery of money/property - § 547 preference
- [X] 13 - Recovery of money/property - § 548 fraudulent transfer
- [ ] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [X] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31 - Approval of sale of property of estate and of a co-owner – § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
- [X] 62 - Dischargeability - § 523(a)(2), flasc pretenses, false representation, actual fraud
- [ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61 - Dischargeability - § 523(a)(5), domestic support
- [ ] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- [ ] 63 - Dischargeability - § 523(a)(8), student loan
- [ ] 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [X] 71 - Injunctive relief - imposition of stay
- [ ] 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
- [ ] 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
- [ ] 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
- [X] 01 - Determination of removed claim or cause

**Other**
SS-SIPA Case - 15 U.S.C. §§ 78aaa et. seq.
- [ ] 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [✓] Check if this case involves a substantive issue of state law | [✓] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [✓] Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

An accounting of the transfer to the new loan servicer and actual bond securitization trust account on the date of default.

Recording requested by:
**LPS Default Title & Closing**

When Recorded Mail To:
**NDEx West, L.L.C.**
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013



**2009014685**

OFFICIAL RECORDS OF
SONOMA COUNTY
JANICE ATKINSON

GENERAL PUBLIC
02/20/2009 11:07 NTDF
RECORDING FEE: 14.00
PAID

**3**   PGS



DFF20090159902760

Space above this line for Recorder's use only

Trustee Sale No. : 20090159902760     Title Order No.: 090102526-CA-MSI

## IMPORTANT NOTICE
# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is $46,972.97 as of 2/18/2009 and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

Loan Summary for Anthony Mazurowski

This loan summary is in reference to the purchase Anthony Mazurowski received on his property, 9662 Bodega Hwy, in July 2007. It is the lenders and brokers fiduciary responsibility to accurately represent their clients.   In this case the lender approved the borrower into a potentially risky loan program and approved an income which was supported by the assets confirmed.

Anthony was approved for a loan amount of 490,500 for the purchase of this property. The loan program was a 5/1 ARM.
The I/O (interest only) payments were based of an 9.375 with a payment of 3,973 per month for 5 years.

Please reference the uniform residential loan   application form 1008 and 1003.    The broker and lender approved the borrower with an income of 12,000 per month.    A yearly gross of 144,00.   His assets at the time were confirmed at 146,300.   Using the standard stated income calculation Anthony's income should have been 12,191 per month. The broker and lender's income is justified based upon the assets.   Anthony's tax returns were not confirmed during this loan summary, so it is impossible to know his actual income for the years of 2006 and 2005.

Supporting Documenation:
Form 1008 & 1003

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
CIVIL PROCEEDINGS AS OF   3/18/2010
IMB REO LLC V MAZUROWSKI
12/17/2009
_____

IMB REO LLC (JUDGMENT CREDITOR, PLAINTIFF)
 (AT PHAM, DOUG V)
 (AT ROBERT J JACKSON & ASSOCIATES, INC)
 (AT SAGINAW, JOHN)

MAZUROWSKI, ANTHONY (CIV DEFDNT, JUDGMENT DEBTOR)

=======================================================================

03/16/2010 ------------ Courtroom Minutes in S15 ------------
          Hon:GARY NADLER        Rep:R L Whitney      Clk:Lauretta Mauga
          UNLAWFUL DETAINER CALENDAR
           ISSUE:   COURT TRIAL
          The Court finds notice to appear has been issued and served by
           mail.
          Counsel GLEN NAVIS, specially appearing for ROBERT J JACKSON &
           ASSOCIATES is present on behalf of Plaintiff IMB REO LLC
          Defendant ANTHONY MAZUROWSKI, self represented party, is present
          TRIAL BRIEF - (PL)
          NOTICE OF MOTION TO CONTINUE TRIAL DATE - (CD)
          MEMORANDUM OF POINTS & AUTHORITIES - (CD)
          DECLARATION OF ANTHONY MAZUROWSKI IN SUPPORT OF - (CD)
          MOTION TO DISMISS - (CD)
          Contested
          Defendant MAZUROWSKI informs the Court he submitted his motion to
           continue to Court's Judicial Assistant on 03/15 but was informed
           it can only be received and not filed and to bring his paperwork
           to Court on 03/16.
          Defendant MAZUROWSKI also informs the Court he is trying to get
           an attorney to help him understand all paperwork served on him.
          Counsel NAVIS states argument against continuance.
          Counsel NAVIS also informs the Court his witness is present from
           Texas for today's proceeding.
          Court and Defendant discuss Court's continuance at 02/16/10
           proceeding.
          Court informs Defendant MAZUROWSKI, Court DENIES Defendant's
           Motion for Continuance.
          Court informs counsel and Defendant to meet with Recourse mediator.
          MEDIATOR informs the Court parties are unable to settle.
          Defendant MAZUROWSKI informs the Court he request matter be
           dismissed and submits motion to Court for review.
          Court and counsel discuss Defendant's request for judicial notice.
          Court informs Defendant MAZUROWSKI, Court DENIES Defendant's
           Motion to Dismiss.
          Court Trial Commences.
          The following Plaintiffs exhibits are marked for identification,
           offered and received into evidence:
          EXHIBIT 1 - Proof(s) of Service Dated 12/8/09 (two)
                    2 - Notice to Vacate Property Dated 12/4/09 (3-pages)
                    3 - Trustee's Deed Upon Sale Dated 11/2/09 (3-pages)
          *** Minutes Continued On Next Page ***

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
CIVIL PROCEEDINGS AS OF  3/18/2010
IMB REO LLC V MAZUROWSKI

*** Minutes Continued From Previous Page ***
      4 - Notice of Default and Election to Sell Under Deed of
          Trust Dated 2/17/09 & 2/18/09 (3-pages)
      5 - Deed of Trust
JENNIFER BAZEMORE is administered the oath and testifies on behalf
of Plaintiff.
Court thanks and excuses the witness.
ROSALIE MARTINONI is administered the oath and testifies on behalf
of Plaintiff.
Court thanks and excuses the witness.
JOSE CARLOS SAN PEDRO is administered the oath and testifies on
behalf of Plaintiff.
Cross examination is conducted.
Court thanks and excuses the witness.
Counsel NAVIS presents closing argument on behalf of Plaintiff and
request judgment for Plaintiff.
ANTHONY MAZUROWSKI is administered the oath and testifies on
his own behalf.
Court thanks the witness.
Upon conclusion of testimony and oral argument, Court's ruling
is as follows:
COURT JUDGMENT FOR POSSESSION
    PL  IMB REO LLC
    CD  MAZUROWSKI, ANTHONY
JUDGMENT IN FAVOR OF PLAINTIFF(S) IMB REO LLC AND AGAINST ANTHONY
MAZUROWSKI
    PL  IMB REO LLC
JUDGMENT:  POSSESSION ONLY
    JC  IMB REO LLC
    JD  MAZUROWSKI, ANTHONY
Judgment awarded as follows:  POSSESSION ONLY
RESTITUTION OF PREMISES LOCATED AT 117 MONTGOMERY RD, SEBASTOPOL,
CA 95472.
    JC  IMB REO LLC
    JD  MAZUROWSKI, ANTHONY
Writ to issue forthwith
    PL  IMB REO LLC
Does are dismissed without prejudice
COURT DISMISSAL - DOE DEFENDANT
    CD  DOES 1-100
    PL  IMB REO LLC
Prejudgement claim to right of possession is on file
Trial is completed.
Plaintiffs counsel submits order for Courts signature.
Court signs Order in open Court this date.
Exhibits are accounted for and submitted to the exhibit clerk
            *****   End of Docket   *****

SUPERIOR COURT OF CALIFORNIA, COUNTY - SONOMA
CIVIL PROCEEDINGS AS OF 2/16/2010

IMB REO LLC V MAZUROWSKI
12/17/2009

IMB REO LLC (PLAINTIFF)
 (AT PHAM, DOUG V)
 (AT ROBERT J JACKSON & ASSOCIATES, INC)
 (AT SAGINAW, JOHN)

MAZUROWSKI, ANTHONY (CIV DEFDNT)

=================================================================================

02/16/2010 ----------- Courtroom Minutes in S15 ------------
            Hon:KNOEL OWEN        Rep:SHELLY BERG      Clk:Richard Nelson
            UNLAWFUL DETAINER TRIAL CALENDAR
            ISSUES: COURT TRIAL
            The Court finds notice to appear has been issued and served by
            mail.
            Counsel OWEN MAYER is present on behalf of Plaintiff IMB REO LLC
            Defendant ANTHONY MAZUROWSKI, self represented party, is present.
            Court grants counsel's request to continue the matter to 3/16/2010
            at 8:30 am in deparment #15.
            CONTINUED FROM 2/16/2010 TO - 03/16/2010 at 8:30am S15, COURT TRIAL
            with reporter
                    *****   End of Docket    *****

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SONOMA

The HONORABLE GARY NADLER, Judge

---oOo---

**CERTIFIED COPY**

| | |
|---|---|
| IMB REO LLC, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. MCV-207806 |
| | ) |
| ANTHONY MAZUROWSKI, | ) |
| Defendant. | ) |

---oOo---

REPORTER'S TRANSCRIPT OF

PROCEEDINGS AT TIME OF HEARING

---oOo---

Santa Rosa, California
Tuesday, March 16, 2010
9:10 o'clock a.m.

---oOo---

Reported by:

RENEE L. WHITNEY, RPR, CSR No. 11231

1                          ---oOo---

2                  A P P E A R A N C E S

3                          ---oOo---

4

5   For the Plaintiff:    LAW OFFICE OF GLEN NAVIS
                          513 Labrador Way
6                         Suisun City, California   94585

7                         BY:  GLEN NAVIS
                               Attorney at Law
8

9   For the Defendant:    ANTHONY MAZUROWSKI
                          IN PROPRIA PERSONA
10

11                         ---oOo---

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>MARCH 16, 2010</u>                                    <u>9:10 A.M.</u>

2                        ---oOo---

3              The above-entitled matter came on regularly

4    this day for hearing before the Honorable GARY NADLER,

5    Judge.

6              LAW OFFICE OF GLEN NAVIS, 513 Labrador

7    Way, Suisun City, California    94585, represented by GLEN

8    NAVIS, Attorney at Law, appeared as Counsel on behalf of

9    the Plaintiff.

10             ANTHONY MAZUROWSKI, Defendant, appeared IN

11   PROPRIA PERSONA.

12             The Honorable GARY NADLER, Judge

13   presiding.

14             RENEE L. WHITNEY, RPR, CSR No. 11231,

15   Official Shorthand Reporter for the County of Sonoma was

16   duly present and acting.

17             The following proceedings were then and

18   there had and taken, to wit:

19                  P R O C E E D I N G S

20             THE COURT:  IMB REO LLC versus Mazurowski.

21             If you could state your appearances,

22   please.

23             MR. NAVIS:  Good morning, your Honor.  Glen

24   Navis, N-a-v-i-s, for Plaintiff.

25             MR. MAZUROWSKI:  Good morning, your Honor.

26   Anthony Mazurowski in pro per.

27             THE COURT:  Okay.  Mr. Mazurowski, I just

28   wanted to address your issue with the motion for a

1    continuance.

2              MR. MAZUROWSKI:  Yes, sir.  This is all

3    quite overwhelming.  I have a lawyer who's willing to get

4    on board.  He's finishing a case in L.A.  If you can do

5    that, I'll have somebody next time.

6              As I walked in the hallway this morning the

7    other counsel handed me a packet.  It's, like, 20 papers.

8    I'm trying to go through it.  It's just got a lot more

9    overwhelming.  I really don't understand this stuff.  I

10   don't think it's fair if I go forward on my own.

11             THE COURT:  Okay.

12             MR. MAZUROWSKI:  I did give the other side

13   a continuance the last time I was here.

14             THE COURT:  Okay.  All right.  Let me hear

15   from counsel.

16             MR. NAVIS:  Thank you, your Honor.  The

17   continuance was so we could fly in from Texas the Vice

18   President of One West Bank regarding the 2923.5

19   declaration, and he is here now.  He did fly in from Texas

20   this morning.

21             The second thing is, the notice of default

22   was filed in February of last year, 14 months ago.  The

23   notice of trustee's sale was filed in June of last year,

24   nine months ago.  That's a long time that payments haven't

25   been made.  It's also a long time that if Mr. Mazurowski

26   believed that he was defrauded or something was wrong with

27   his loan, he could have hired an attorney.

28             Today was -- when you get foreclosed on,

1    eventually the bank is going to want possession of the

2    property back, and today was very foreseeable.  It would

3    have been -- as for -- in his moving papers he says that,

4    my case has merit.  I have a meritorious defense, which is

5    discrimination, retaliation, and I'm the true owner.

6            I can't think of any facts which support

7    him as a member of any protected class with regards to

8    discrimination as to why he was foreclosed on nor that he

9    did any acts that was -- protected acts which would result

10   in the foreclosure being a retaliation; furthermore, as

11   for the claim that he's the owner, that's the proper venue

12   of a -- in a limited jurisdiction action for quiet title

13   decision, declaratory relief, and so on.

14           There's no attorney -- he is in pro per,

15   and there's no attorney that subbed in.  So there's no

16   attorney who's unavailable within the meaning of -- I want

17   to say 661.  I forgot what the Code Section is for

18   continuances.

19           THE COURT:  Mr. Mazurowski, the last

20   hearing in this matter was February 16th where the

21   continuance was granted, and that's about a month ago.

22           MR. MAZUROWSKI:  Sir -- you know, your

23   Honor, since then I've been looking into the law.  I've

24   been trying to do this on my own with people that are

25   going through the same thing.  And, again, it is

26   overwhelming.  The money is an issue.  I have an attorney.

27   He helped me on another matter.  He will be here the next

28   time if you can grant the continuance.  It will help me.

1   I don't feel fairly that -- again, I walked in.  There's

2   20 pages that -- I need to know what's in here to go

3   forward today.

4               THE COURT:  The concern the Court has, sir,

5   just is, as follows:  The continuance was granted a month

6   ago to allow a gentleman to fly out from Texas to testify

7   at today's hearing, and that gentleman is here to testify

8   at today's hearing.  There's a concern the Court has that

9   there would be prejudice to the Plaintiff.

10              Number two, there has been considerable

11  time for you to obtain counsel; and number three, this is

12  a summary proceeding.  And what that means is -- as a

13  matter of law is that there are rights for this and,

14  actually, requirements that these proceed promptly.  Like

15  it or not, I mean -- when I say, like it are not, I don't

16  make the law.  I'm just charged with following the law.

17              MR. MAZUROWSKI:  You know, sir, the last

18  time they asked for a continuance because -- they didn't

19  mention anything about flying anybody in.  I asked this

20  attorney in the hall who he represented, One West or IMB

21  REO.  I still don't really know.

22              THE COURT:  In any event, the last hearing

23  was a month ago.  This is the summary proceeding.  There

24  are certain rights that the Plaintiff has to proceed

25  promptly, and that's the concern the Court has.

26              MR. MAZUROWSKI:  Yes, sir.

27              THE COURT:  Okay.  I understand that it's

28  overwhelming, as it typically is.  And I wish there was a

1  way for me to avoid that with people that are in this

2  particular court, because it's a difficult process; not an

3  easy one to go through.

4         That being said, the law does require that

5  it's a summary proceeding and that I have to bare that in

6  mind when orders are made.  And what I'm going to ask you

7  to do at this time is to go outside and work with the

8  mediators and see if you can reach some agreement in this

9  case.  And then come back, and let me know what's going

10  on.

11         MR. MAZUROWSKI:  Yes, your Honor.

12         MR. NAVIS:  Thank you, your Honor.

13         MR. MAZUROWSKI:  Thank you.

14         (Brief recess taken at 9:15 a.m.)

15         THE COURT:  IMB REO LLC versus Mazurowski.

16         MR. NAVIS:  Good morning, your Honor.  Glen

17  Navis for Plaintiff.

18         MR. MAZUROWSKI:  Good morning, your Honor.

19  Anthony Mazurowski, Defendant.

20         THE COURT:  Okay.

21         MR. MAZUROWSKI:  Before we go forward, your

22  Honor, I'd ask for this trial to be dismissed.  I've got a

23  copy for you and for the other attorney.

24         THE COURT:  Give it to the bailiff, and

25  we'll take a look at it.

26         MR. NAVIS:  Thank you.

27         THE COURT:  Okay.  There's a request for

28  judicial notice.  Counsel, you've received a copy of that?

1          MR. NAVIS:  Yes, I have -- no, not -- I

2     have his motion to dismiss.

3          THE COURT:  The motion to dismiss is based

4     upon what appears to be a request for judicial notice of

5     the --

6          MR. NAVIS:  I see the -- yes, I do, your

7     Honor.  I do see the results from the Secretary of State.

8          THE COURT:  Okay.  And the Court

9     understands the motion that since the Plaintiff, as argued

10    by the Defendant, is not authorized to conduct business in

11    California, it cannot prosecute the suit.

12         MR. NAVIS:  Thank you, your Honor.  Um, I

13    am somewhat blind-sided by this.  But it's a -- state

14    chartered banks must be registered with the Secretary of

15    State.  These banks are nationally chartered and,

16    therefore, they don't have to register with the Secretary

17    of State.

18         THE COURT:  All right.  Very well.  Well, I

19    will deny the motion to dismiss, and I will take judicial

20    notice of the information that was provided in Exhibit A.

21         MR. MAZUROWSKI:  Thank you, your Honor.

22         THE COURT:  All right.  And before we go,

23    we have three witnesses total, including the Defendant?

24         MR. NAVIS:  I have three witnesses -- three

25    witnesses, your Honor, yes.

26         THE COURT:  Who's the third?

27         MR. NAVIS:  Sitting over there.

28         THE COURT:  Okay.  So, why don't we start

1  with having the three of these seats -- if you'd stand,

2  please, and the clerk will administer the oath if you

3  intend to testify.  You, too, sir.  Go ahead.

4                 THE CLERK:  Please right your right hand.

5        JENNIFER BAZEMORE, ROSALIE MARTINONI,

6     JOSE CARLOS SAN PEDRO, and ANTHONY MAZUROWSKI,

7                 having been solemnly sworn to tell the

8          truth, the whole truth, and nothing but the

9          truth, testified as follows:

10                THE CLERK:  Thank you.

11                THE COURT:  Okay.

12                MR. NAVIS:  If you don't mind, so these

13  people can get out of here, I'm going to take them out of

14  order.

15                First, I'm going to call Jennifer Bazemore.

16                DIRECT EXAMINATION

17  BY MR. NAVIS:

18        Q     Would you please state and spell your name?

19        A     Jennifer Bazemore, J-e-n-n-i-f-e-r,

20  B-a-z-e-m-o-r-e.

21        Q     Ms. Bazemore, are you a registered process

22  server?

23        A     Yes.

24        Q     How long have you been a registered process

25  server?

26        A     Approximately over 10 years.

27        Q     I'm showing this document -- these two

28  documents here entitled, proof of service, which would be

```
 1    Plaintiff's 1 for, by reference.  Are you familiar with
 2    these documents?
 3           A     Yes.
 4           Q     Is that your signature on the bottom of
 5    each?
 6           A     Yes.
 7           Q     And what do they reflect?
 8           A     They reflect the information on the serving
 9    of the 90-day notice to vacate property.
10           Q     Is that this notice?
11           A     Yes.
12           Q     And does it show that a notice to vacate
13    property was served on December 6th of 2009?
14           A     Yes.
15           Q     By posting and mailing at the property
16    located at 117 Montgomery Road in Sebastopol?
17           A     Yes.
18           Q     Is it your policy and practice to knock on
19    the door first before you serve these notices?
20           A     Yes.
21           Q     And did you knock on the door?
22           A     Yes.
23           Q     Did anybody answer?
24           A     No.
25           Q     What did you do next?
26           A     I posted -- um, well, I usually make a
27    standard practice of knocking on the door three times.  If
28    nobody answers, I post the notice on the front door.
```

1    Q    Did you also mail a copy?

2    A    Yes.

3    Q    By first class mail, postage prepaid?

4    A    Yes.

5    Q    Did you address the envelope yourself?

6    A    Yes.

7    Q    Was it addressed -- who was it addressed

8    to?

9    A    To -- I'm not sure of the correct

10   pronunciation -- but to the Defendant in this matter,

11   Anthony Mazurowski -- sorry if I'm mispronouncing that --

12   and to any of all occupants listed at that residence.

13   Q    And properly addressed to that residence?

14   A    Correct.

15   Q    Is this a true and accurate copy of that

16   notice to vacate the property?

17   A    Yes.

18   Q    Plaintiff's 2, by reference, will be the --

19   MR. NAVIS:  I'm sorry, your Honor.

20   Plaintiff's 2 will be the notice to vacate property.

21   THE COURT:  Let's get those marked.

22   MR. NAVIS:  Thank you.  May I approach?

23   I don't have any further questions of

24   Ms. Bazemore.

25   THE COURT:  Okay.  Do you have any

26   questions of the process server?

27   MR. MAZUROWSKI:  No, your Honor.

28   THE COURT:  Okay.  Very well.

1           MR. NAVIS:  My next witness will be

2     Ms. Martinoni.

3           THE WITNESS:  Rosalie Martinoni.

4           THE COURT:  If you could spell that,

5     please, ma'am?

6           THE WITNESS:  R-o-s-a-l-i-e,

7     M-a-r-t-i-n-o-n-i.

8                   DIRECT EXAMINATION

9     BY MR. NAVIS:

10          Q     Ms. Martinoni, are you the authorized agent

11    for IMB REO LLC regarding the property located at 117

12    Montgomery Road in Sebastopol?

13          A     Yes.

14          Q     And is it your understanding this property

15    was sold at a trustee's sale on October 20th, 2009?

16          A     Yes.

17          Q     As evidenced by the certified copy of the

18    trustee's deed upon sale?

19          A     Yes.

20          MR. NAVIS:  Plaintiff's 3 will be the

21    trustee's deed upon sale.

22          THE COURT:  Would you like to have Exhibit

23    3 marked?  Is there an Exhibit 3?

24          MR. NAVIS:  Yes, there is, and I'm sorry.

25          THE COURT:  Let's get that marked for

26    identification.

27          MR. NAVIS:  Thank you.

28    ///

1            (Plaintiff's Exhibit 3 was
2            marked for identification.)

3   BY MR. NAVIS:

4        Q      There's an assessor's parcel number on that

5   of 77 -- on the trustee's deed upon sale of 77-110-57?

6        A      Yes.

7        Q      And what does that address of that

8   correspond to?

9        A      117 Montgomery Road, Sebastopol,

10  California, 95472.

11       Q      What are you reading from?

12       A      I'm reading from a property detail report.

13       Q      Where did you -- was that from a --

14       A      It's from RealList, a program that I get

15  through my multiple listing service.

16       Q      How long have you been using this program

17  -- this database?

18       A      Probably 17 years.

19       Q      Have you found it to be accurate?

20       A      Yes.

21       Q      And it, in fact, does show that the -- that

22  assessor's parcel corresponds to the property address

23  that's being litigated today?

24       A      Yes.

25       Q      Is it your understanding that

26  Mr. Mazurowski is the former owner of the property?

27       A      Yes.

28       Q      And within three days after the service of

1    the notice to quit he didn't move out?

2         A    Yes.

3         Q    He's still living there?

4         A    Yes.

5         Q    Do you want him to move out?

6         A    Yes.

7         Q    Do you waive all monetary damages seeking

8    possession only?

9         A    Yes.

10             MR. NAVIS:  I don't have any further

11   questions, your Honor.

12             THE COURT:  Are there any questions you'd

13   like to ask of this witness, sir?

14             MR. MAZUROWSKI:  No, your Honor.

15             THE COURT:  Okay.  Very well, thank you.

16             MR. NAVIS:  My next witness will be

17   Mr. San Pedro.

18             THE COURT:  Mr. San Pedro, you're going to

19   have to come and sit up in the witness box.

20             THE WITNESS:  Okay.

21             THE COURT:  If you could state your name,

22   please, sir, and spell it?

23             THE WITNESS:  My full legal name is Jose

24   Carlos San Pedro.  J-o-s-e, C-a-r-l-o-s, S-a-n, P-e-d-r-o.

25             MR. NAVIS:  Your Honor, Plaintiff's 4, for

26   identification, will be a notice of default and election

27   to sell under deed of trust.

28             THE COURT:  Okay.  Would you like to get it

1    marked?

2                    MR. NAVIS:  Mr. Bailiff?  Thank you very

3    much.

4                    (Plaintiff's Exhibit 4 was
                      marked for identification.)
5

6    BY MR. NAVIS:

7         Q       Who's your employer?

8         A       IndyMac Mortgage Services, a division of

9    One West Bank.

10        Q       The former lender to the property?

11        A       IndyMac Bank.

12        Q       What is your job there?

13        A       I'm an assistant Vice President.

14        Q       What is your job responsibilities?

15        A       My responsibilities fall under home loan

16   servicing, everything with regard to customer service;

17   collections, foreclosure, bankruptcy, REO.

18        Q       And in that job in or about February of

19   last year --

20        A       We recorded a notice of default February

21   25th.

22        Q       2009?

23        A       2009.

24        Q       There's a declaration pursuant to CCP --

25   Civil Code 2923.5 at the last page of that.  Did you

26   review the records of IndyMac Bank regarding any

27   communication between IndyMac and Mr. Mazurowski regarding

28   his non-payment of his mortgage?

1        A       I did.

2        Q       And what did you find out?

3        A       I found that we haven't received a payment

4   from the borrower since May of 2008.  And since then we

5   have made -- or prior to foreclosure referral we made

6   about 85 phone calls to him where we were in constant

7   communication with the borrower to see what solutions we

8   could come to to avoid foreclose.

9        Q       What did Mr. Mazurowski tell you?

10       A       That he was a roofer; that business had

11  slowed.  From one month to the next there was always that

12  he was going to gain full-time employment of some type.

13  He was doing handyman jobs.  Um, right at the -- at the

14  initiation of his default, he indicated that his pet had

15  become ill.  He really wanted to keep his home, he just

16  didn't have the business to continue to do roofing.

17              Um, and so from June of 2008 all the way up

18  until we completed this declaration of -- to be in

19  compliance with Civil Code 2923-and-a-half, we tried to do

20  modifications; we tried to talk to him about doing any

21  type of repayment plans to get him back on board but --

22  just, his income wasn't sufficient.  There was too large a

23  deficit for us to be able to do my type of work out.

24              MR. NAVIS:  Thank you.  I have no further

25  questions.

26              THE COURT:  Any questions of this

27  gentleman?

28              MR. MAZUROWSKI:  Yes, sir.  I do, your

1    Honor.

2                        CROSS-EXAMINATION

3    BY MR. MAZUROWSKI:

4         Q      You said that you offered me modification

5    and tried to work it out.  Um, do you have any proof of

6    that with you?  Because I don't recollect that.

7         A      Right.  We have -- all I have with me are

8    notes regarding the call logs.  I have my laptop with me

9    that has the consolidated notes, all the mailings that we

10   sent you.  You inquired about Hope How.  We sent you a DVD

11   regarding that program.  For well over a year we tried to

12   do something with you.

13                As it stands, your payment is close to

14   4,000.  At best -- I think in your best month you made

15   $2,500 a month.  You just didn't have sustainable income

16   to approve a modification for you.  We reviewed

17   modifications for you.  We denied you for modifications

18   based on income.

19                Um, the reality of it is that, you know,

20   the numbers just didn't work for you to stay, you know, in

21   the house, and that's why we ultimately went to

22   foreclosure sale.

23        Q      You never did send an offer of

24   modification.

25        A      We sent you letters to apply for

26   modification.  We -- you know, we lead you to the website.

27   We discussed several times with you on the phone what

28   would be required to qualify, and several times it was

1    your understanding that -- you knew what was going to be

2    needed, which would be income, you know, to show

3    affordability for the home.

4              And, you know, time and time again you just

5    told us that -- next month, next month, next month.  It

6    was always next month.  As I've already mentioned to the

7    Court we have not received payment since May of 2008.  Um,

8    during the course of that time there's also been a

9    bankruptcy filing that was discharged.

10              THE COURT:  Any others questions?

11              MR. MAZUROWSKI:  Yes.

12    BY MR. MAZUROWSKI:

13         Q    As a representative of IndyMac and One West

14    Bank, did you happen to bring the original documents with

15    you today?

16              MR. NAVIS:  Objection; relevance.

17              THE COURT:  There's an objection on

18    relevance, and that is really not -- this whole subject

19    matter really is not relevant to the proceeding here

20    today.

21              MR. MAZUROWSKI:  Yes, your Honor.

22              THE COURT:  I mean, I heard what you said,

23    but it's really not relevant.  So I'll sustain that

24    objection.

25              MR. MAZUROWSKI:  I have no further

26    questions, your Honor.

27              THE COURT:  All right.

28              MR. NAVIS:  I don't have any further

1    questions.

2                    THE COURT:  Okay.  Thank you.

3                    MR. NAVIS:  I do request that Plaintiff's

4    exhibits be entered into evidence.

5                    THE COURT:  Okay.  That's 1 through 4, is

6    it?

7                    MR. NAVIS:  Yes, it is, your Honor.

8                    THE COURT:  I haven't seen Exhibit 4.

9                    Do you have that, sir?

10                   THE WITNESS:  This one?

11                   THE COURT:  Thank you.

12                   Is there an objection to this?

13                   MR. MAZUROWSKI:  Pardon me, your Honor?

14                   THE COURT:  Well, I'm asking if there's an

15   objection to these being received in evidence.

16                   MR. MAZUROWSKI:  Not to being received.  I

17   object to the facts presented by the witness.

18                   THE COURT:  All right.  Exhibits 1 through

19   4 will be received.

20                       (Plaintiff's Exhibits 1-4 were
                          received into evidence.)
21

22                   THE COURT:  Any other witnesses?

23                   MR. NAVIS:  No, we rest, your Honor.

24   Request judgment for possession.  Thank you, your Honor.

25                   THE COURT:  All right.

26                   And, sir, this is your opportunity to

27   present your case.

28                   MR. MAZUROWSKI:  Thank you, your Honor.

1    It's my contention that IMB REO LLC is not the rightful

2    owner.  It's never been proven that they have possession

3    or a stay in this.  I've been a victim of predatory

4    lending.  They changed the promissory note.  They endorsed

5    the promissory note to pay off the loan.  They

6    fragmentized and sold off the note.  They did not comply

7    with 2924 where they did not offer to refinance, and they

8    did not offer any form of modification.

9                   MR. NAVIS:  I do object.  This is not

10   really -- I suppose it is testimony.

11                  THE COURT:  It is testimony.

12                  MR. NAVIS:  Half and half.

13                  THE COURT:  Your objection is overruled.

14                  MR. NAVIS:  Thank you, your Honor.

15                  MR. MAZUROWSKI:  They do have to produce

16   the original document, and they are guilty of

17   counterfeiting by sending me copies of this and stating

18   that it's the original document.  It was an unlawful sale;

19   a fraudulent sale.  The seller cannot prove they have stay

20   in the property in order to lawfully foreclose and sell.

21   That's my contention, your Honor.  They shouldn't even be

22   here in this position.

23                  THE COURT:  Exhibit 4 is the notice of

24   default and election to sell?

25                  MR. NAVIS:  Correct, your Honor.

26                  THE COURT:  Without a deed of trust?

27                  MR. NAVIS:  That would be the notice of

28   default of the deed of trust.  It's not the deed of trust,

1    itself.  But I do have the deed of trust, if the Court

2    wishes it.

3                THE COURT:  Are you asking to reopen?

4                MR. NAVIS:  Um, well, if the Court needs

5    the deed of trust then, yes, I am.  My understanding is

6    that it would be going behind the foreclosure, itself.

7    However, if the Court wishes, I do request to reopen, and

8    I have a copy of the -- certified copy of the deed of

9    trust for the premises and offer it as Plaintiffs 5.

10               THE COURT:  Okay.  Plaintiff's 5.

11               MR. NAVIS:  Thank you, your Honor.

12               THE COURT:  Where's does it say compliant

13   with 2924?

14               MR. NAVIS:  Um, the compliance would be on

15   the trustee's deed upon sale --

16               THE COURT:  Where is that?

17               MR. NAVIS:  I think that would be my

18   Plaintiff's 3, I think.

19               THE COURT:  Here it is.  Okay.

20               The Court determines that Plaintiff is

21   entitled to judgment in this matter.  No damages, having

22   been waived.  Plaintiff shall receive immediate

23   restitution of the premises located at 117 Montgomery

24   Road, Sebastopol, California, 95472, in Sonoma County; and

25   a writ to issue, forthwith.

26               MR. NAVIS:  I have a judgment, your Honor.

27               THE COURT:  Okay.  Well, the judgment

28   doesn't reflect the status of the case -- I'm sorry, it

```
 1    did.  My apologies.
 2                 All right.  I wish you the best of luck.
 3                 MR. MAZUROWSKI:  Your Honor, I'd ask if you
 4    could stay your decision so I can have time to file an
 5    appeal, please?
 6                 THE COURT:  Well, at this point I'm not
 7    going to stay it.  They're entitled to get their
 8    possession, so you need to file your papers and do what
 9    you need to do.
10                 MR. MAZUROWSKI:  Thank you, your Honor.
11                 THE COURT:  All right.
12                 (Proceedings concluded at 11:05 a.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

```
1    STATE OF CALIFORNIA    )
                            )  ss.
2    COUNTY OF SONOMA       )

3

4             CERTIFICATE OF SHORTHAND REPORTER

5

6             I, RENEE L. WHITNEY, RPR, CSR No. 11231, a

7    duly qualified and acting Official Shorthand Reporter of

8    the Superior Court of the State of California, in and for

9    the County of Sonoma, do hereby certify:

10            That on Tuesday, March 16, 2010, I reported

11   in shorthand writing the proceedings had in the case of

12   IMB REO LLC vs. ANTHONY MAZUROWSKI, Sonoma Superior Court

13   No. MCV-207806.

14            That I thereafter caused my said shorthand

15   writing to be transcribed into typewriting.

16            That the foregoing proceedings pages 1

17   through 20 constitute a full, true, correct and accurate

18   transcription of my said shorthand writing, and a correct

19   and verbatim record of the proceedings so had and taken,

20   as aforesaid.

21            Dated this 23rd day of March, 2010.

22

23

24            RENEE L. WHITNEY, RPR, CSR No. 11231
25            Official Shorthand Reporter
              County of Sonoma
26            State of California

27                    ---oOo---

28   *CERTIFICATION OF THIS TRANSCRIPT IS VALID ONLY WITH AN
     ORIGINAL SIGNATURE.
```

SONOMA COUNTY OFFICIAL REPORTERS

B104  (FORM 104)  (08/07)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**

Lehman Brothers bankruptcy and/or 3109 King St. Property Management 394717/388883 Robert Eberwein and/or mortgage defaults, unlawful detainers filed nationwide involving transfer of property intern in the attached court documents from Solano, Marin, Alameda, Contra Costa, Los Angeles, Sacramento, nationwide by non-appearing certificate holders due to sworn declarations signed by debt collector attorneys with no standing to sue.

**DEFENDANTS**

Attorney Generals predatory lenders attorneys of record special appearing for debt collectors - see attached attached state court actions - Supreme Court, Court of Appeals, multi-district litigation 08-13555

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

for each class action participant in removed actions will be filing motions for substitution of counsel and motions to avoid judicial liens and trustee sales.

**ATTORNEYS** (If Known)

Miles Bauer, Bergstrom, Winters, Ryan Stocking (  )
Pite Duncan LLP  4735 Jutland, San Diego, CA (  )
Sara Kistler USDOJ Region 17 (  )
Special Appearing Attorneys for REO's appearing as attorneys of record for the trustees on the bond securitization packages.  Glen N. Navis, John Dubois, Alameda County Counsel - Raymond Lara

**PARTY** (Check One Box Only)

| | | | |
|---|---|---|---|
| ✓ Debtor | | ☐ U.S. Trustee/Bankruptcy Admin | |
| ☐ Creditor | ☐ Trustee | ☐ Other | |

**PARTY** (Check One Box Only)

| | | | |
|---|---|---|---|
| ✓ Debtor | | ☐ U.S. Trustee/Bankruptcy Admin | |
| ☐ Creditor | ☐ Trustee | ☐ Other | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

See USDOJ Attorney Karen P. Hewitt conviction for public official participation in unlawful taking of money. See attached. Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activities in violation of Title 18, United States Code, Section 1957. Also 11 USC 362 through 1300 et seq and the SEC.

# NATURE OF SUIT
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☒ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☒ 62 - Dischargeability - § 523(a)(2), flase pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71 - Injunctive relief - imposition of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☒ 01 - Determination of removed claim or cause

**Other**
SS-SIPA Case - 15 U.S.C. §§ 78aaa et. seq.
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ✓ Check if this case involves a substantive issue of state law | ✓ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ✓ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

An accounting of the transfer to the new loan servicer and actual bond securitization trust account on the date of default.

1  JOHN C. SAGINAW
   Attorney Bar No. 67385
2  DOUG V. PHAM
   Attorney Bar No. 216482
3  Robert J. Jackson & Associates, Inc.
4  4199 Campus Drive, Suite 700
   Irvine, California 92612
5  (949) 854-2244

6  Attorney for Plaintiff

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          SONOMA COUNTY – CIVIL DEPARTMENT JUDICIAL DISTRICT

10

11

12  IMB REO LLC                          )  CASE NO.: MCV207806
                                         )
13          Plaintiff,                   )  **COMPLAINT IN UNLAWFUL DETAINER**
                                         )  LIMITED CIVIL JURISDICTION
14  vs.                                  )
                                         )  POST-FORECLOSURE EVICTION
15  ANTHONY MAZUROWSKI;                  )
16  and DOES 1 through 100, inclusive    )  AMOUNT DEMANDED DOES NOT
                                         )  EXCEED $10,000
17          Defendant.                   )  Property Address:
                                         )
18                                       )  117 MONTGOMERY RD
                                         )  SEBASTOPOL, CA  95472
19                                       )

20

21  Plaintiff IMB REO LLC ("IMB REO LLC") alleges as follows:

22  1.  IMB REO LLC is now and at all times relevant was an entity qualified to commence this action.

23  2.  The names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, are

24      unknown to Plaintiff at this time.  These defendants will be served pursuant to *Code of Civ. Proc.*

25      § 415.46.

26  3.  The property of which Plaintiff seeks possession is located at 117 MONTGOMERY RD,

27  ┌─────────────────────────────────────────────────────────────────────────┐
    │    THIS MAY BE AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION           │
28  │    OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN           │
    │  BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE, NO ATTEMPT IS BEING        │
    │  MADE TO COLLECT A DEBT AND ANY INFORMATION WILL BE OBTAINED FOR           │
    │              INFORMATIONAL PURPOSES ONLY.                                  │
    └─────────────────────────────────────────────────────────────────────────┘

Complaint in Unlawful Detainer
OWCA6608                              -1-

SEBASTOPOL, CA 95472 (the "Premises"). Said Premises is located within this Superior Court Judicial District.

4. Possession of the Premises is sought pursuant to *Code of Civ. Proc.* § 1161a. Plaintiff obtained title to the Premises and right to possession thereof by its purchase at a foreclosure sale validly held in compliance with *Civil Code* § 2924, the particulars of which are as follows:

    A. ANTHONY MAZUROWSKI executed as Trustor(s) a Deed of Trust, with power of sale, recorded on or about 07/03/2007 in the Official Records of Sonoma County as Instrument Number 2007075120, which Deed of Trust encumbered the Premises.

    B. Pursuant to the foreclosure and sale of the Premises, under the power of sale contained in the Deed of Trust and in compliance with *Civil Code* § 2924, the Trustee of said Deed of Trust sold and conveyed title to the Premises to IMB REO LLC, pursuant to a Trustee's Deed Upon Sale recorded on or about 11/04/2009 in the Official Records of Sonoma County as Instrument Number 09-108186, a copy of which is attached hereto as Exhibit 'A' and incorporated herein by reference.

5. Title is and has been perfected in IMB REO LLC on or around 11/04/2009.

6. Plaintiff is informed, believes, and thereon alleges that Defendants ANTHONY MAZUROWSKI and DOES 1 through 50 were in possession of the Premises at the time of sale, and that said Defendants and DOES 51 through 100 remained in possession after the sale.

7. Plaintiff is informed, believes, and based upon such information and belief, alleges that none of the Defendants herein is entitled to any protection under the terms of the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). To the extent such rights may exist, Plaintiff is informed, believes, and based upon such information and belief, alleges that it has complied with the terms of PTFA, and is entitled to possession of the subject Premises. Plaintiff is further informed, believes, and based on such information and belief, alleges that none of the Defendants herein constitutes a legitimate tenant under California law.

THIS MAY BE AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE, NO ATTEMPT IS BEING MADE TO COLLECT A DEBT AND ANY INFORMATION WILL BE OBTAINED FOR INFORMATIONAL PURPOSES ONLY.

8. On or about 12/06/2009, Plaintiff caused to be served on Defendants ANTHONY MAZUROWSKI and DOES 1 through 100 a written Notice to Vacate Property pursuant to *Code of Civ. Proc.* § 1162, a copy of which Notice is attached hereto as Exhibit 'B' and incorporated herein by reference.

9. The Notice expired at midnight on 12/09/2009, and since 12/10/2009 Plaintiff is and has been entitled to immediate possession of the Premises.

10. Defendants and each of them failed and refused to surrender possession within or since the notice period, and continue in possession of the Premises without Plaintiff's consent. Unnamed Defendants shall be served pursuant to *Code of Civ. Proc.* § 415.46.

WHEREFORE, Plaintiff requests judgment as follows:

1. For possession of the Premises;

2. For costs of suit; and

3. For such other and further relief as the Court deems appropriate.

Date: December _16_, 2009

Robert J. Jackson & Associates, Inc.

DOUG V. PHAM
Attorney for Plaintiff

THIS MAY BE AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE. NO ATTEMPT IS BEING MADE TO COLLECT A DEBT AND ANY INFORMATION WILL BE OBTAINED FOR INFORMATIONAL PURPOSES ONLY.

EXHIBIT "A"

Recording requested by:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

When Recorded Mail to and Mail Tax Statement to:
IMB REO LLC
c/o ONEWEST BANK, FSB
888 E. WALNUT STREET
PASADENA, CA  91101


TDUS20090159902760

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY

RECORDING FEE:  **$14.00**

RECORDED ON:  **November 4, 2009**

AS DOCUMENT NO:  **09-108186**

BY  **s/ Peter Sar**

LSI TITLE COMPANY (CA)

---

Space above this line for Recorder's use only

Trustee Sale No. : 20090159902760     Title Order No.:  090102526-CA-MSI

## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:
1) The Grantee herein WAS the foreclosing beneficiary
2) The amount of the unpaid debt together with cost was          $579,702.09
3) The amount paid by the grantee at the trustee sale was        $332,853.58
4) The documentary transfer tax is N/A
5) Said property is in the city of **SEBASTOPOL**
6) APN# 077-110-057-000

NDEX West, L.L.C. , as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to:

**IMB REO LLC**

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of SONOMA, State of California, described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES.

MAIL TAX STATEMENTS AS DIRECTED ABOVE

TCUS_TrusteeDeedUponSale.rp - (09/24/08) / Ver-18                                    Page 1 of 3

Trustee Sale No.: 20090159902760          Title Order No.: 090102526-CA-MSI

**RECITALS:**

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 06/29/2007 and executed by ANTHONY MAZUROWSKI Trustor(s), and Recorded on 07/03/2007 as Instrument No. 2007075120 of official records of SONOMA COUNTY, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 10/20/2009. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being 332,853.58 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the Time of said Trustee's Sale.

DATED: 11/02/2009

NDEx West, L.L.C., as Trustee


_____ Authorized Agent          11/2/2009
          Randy Middleton                                                            DATED

State of     TEXAS     }
County of   DALLAS    }

On _____ 11/2/2009 _____ before me, **Jerry J. Howell** _____ Notary Public, personally appeared Randy Middleton personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted/executed the instrument.

WITNESS my hand and official seal.

Signature: _____                    (Seal)

My commission expires: _____

JERRY J HOWELL
Notary Public
State of Texas
My Comm. Exp: 02-20-2013

Trustee Sale No. : 20090159902760    Title Order No. 090102526-CA-MSI

## EXHIBIT "A"

BEGINNING AT A POINT IN THE CENTERLINE OF SEBASTOPOL TO FREESTONE COUNTY ROAD AS
SHOWN ON THE MAP RECORDED IN BOOK 43 OF MAPS AT PAGES 45-51, INCLUSIVE, SONOMA COUNTY
RECORDS, AT ITS INTERSECTION WITH THE EAST LINE OF THAT 2.02 ACRE PARCEL DESCRIBED IN
THE DEED RECORDED IN BOOK 395 AT PAGE 404, OFFICIAL RECORDS, BEING ALSO THE SOUTHWEST
CORNER OF THE LANDS OF STONE, SAID POINT BEARS SOUTH 29° 58' 50" EAST, 25.8 FEET FROM A ¼"
PIPE SET IN THE FENCE; THENCE FROM SAID POINT OF BEGINNING AND ALONG SAID CENTERLINE
NORTH 70° 52' EAST (DEED SHOWN NORTH 70° 45' EAST, MAP SHOWS NORTH 71° 39' EAST) 35.26 FEET;
THENCE ALONG A CURVE TO THE LEFT HAVING A RADIUS OF 1600 FEET, A DISTANCE OF 160.17 FEET
TO A POINT WHICH BEARS SOUTH 29° 42' 10" EAST, 21.8 FEET FROM A 4 BY 4 REDWOOD FENCE
CORNER POST; THENCE LEAVING SAID CENTERLINE NORTH 29° 42' 10" WEST, 21.8 FEET TO A SAID 4
BY 4 REDWOOD FENCE POST; THENCE CONTINUING NORTH 29° 42' 10" WEST AND ALONG A FENCE
LINE, 118.71 FEET TO A FENCE CORNER; THENCE ALONG A FENCE SOUTH 62° 42' 30" WEST, 58.78 FEET
TO A FENCE CORNER; THENCE ALONG A FENCE LINE NORTH 31° 10' 50" WEST, 145.00 FEET TO A POINT
WHICH BEARS SOUTH 31° 10' 50" EAST, 105.21 FEET FROM A ¼" IRON PIPE SET IN AN ANGLE
POINT IN SAID FENCE, SAID PIPE BEING THE MOST EASTERLY CORNER OF THE AFORESAID DEED
RECORDED IN BOOK 395 AT PAGE 404, OFFICIAL RECORDS; THENCE LEAVING SAID FENCE SOUTH 67°
08' 10" WEST, 134.37 FEET TO A POINT IN THE WESTERLY LINE OF SAID LANDS OF STONE, SAID POINT
BEARS SOUTH 29° 58' 50" EAST, 15.00 FEET FROM A ¼" IRON PIPE AS DESCRIBED IN THE AFORESAID
DEED RECORDED IN BOOK 395 AT PAGE 404, OFFICIAL RECORDS; THENCE ALONG SAID WESTERLY
LINE 29° 58' 50" (DEED SHOWS SOUTH 30° 05' EAST) 259.49 FEET TO A ¼" IRON PIPE; THENCE
CONTINUING SOUTH 29° 58' 50" EAST, 25.8 FEET TO THE POINT OF BEGINNING.

EXHIBIT "B"

# NOTICE TO VACATE PROPERTY

TO:   ANTHONY MAZUROWSKI &
      All occupants residing at
      117 MONTGOMERY RD
      SEBASTOPOL, CA 95472

NOTICE IS HEREBY GIVEN THAT IMB REO LLC ("IMB REO LLC"), or its predecessor in interest, purchased the property located at 117 MONTGOMERY RD, SEBASTOPOL, CA 95472 (the "Premises") at a foreclosure sale held in accordance with Civil Code § 2924 and pursuant to the power of sale contained in a Deed of Trust recorded on 7/03/2007 as Instrument Number 2007075120 in the Official Records of SONOMA County, and that title to the Premises is duly perfected in IMB REO LLC.

NOTICE IS FURTHER GIVEN THAT:

1. Within **three (3) days** after service on you of this Notice, if you are the Trustor(s) of the Deed of Trust described above, or a successor in interest to said Trustor(s), or any person who is not a bona fide tenant or subtenant; **or,**

2. Within **ninety (90) days** after service on you of this Notice, in the event you are a bona fide tenant or a subtenant of the Trustor(s) of the Deed of Trust described above, or a bona fide tenant or a subtenant of a successor in interest to said Trustor(s):

You are required to vacate and surrender possession of the Premises, or the portion in which you reside, to IMB REO LLC through ROSALIE MARTINONO, its agent, who can be reached at 707-291-5057 from 9:00 a.m. to 5:00 p.m. on all business days, unless you provide evidence to the undersigned law firm that you are a bona fide tenant pursuant to Section 702(a)(2)(A) of the federal "Protecting Tenants at Foreclosure Act of 2009" ("PTFA") or are protected by Section 703 of the PTFA. Please see Page 2 Addendum of this Notice for instructions on how to deliver this evidence.

If within the applicable period as set forth above, EITHER if you fail to surrender possession OR if you fail to provide evidence that you are a bona fide tenant pursuant to Section 702(a)(2)(A) of the PTFA or are protected by Section 703 of the PTFA, IMB REO LLC will commence eviction proceedings against you to recover possession of the Premises and for damages caused by your unlawful detention of the Premises.

**PARA ASISTENCIA EN ESPANOL LLAME AL 949.854.2244, EXT. 261.**

**(NOTICE HAS A SECOND PAGE)**

UNLESS CONTACT IS MADE AND ACCEPTABLE EVIDENCE TO SHOW A LEGITIMATE TENANCY IS PRODUCED WITHIN THREE (3) DAYS OF THE SERVICE OF THIS NOTICE, THE EVICTION ACTION WILL BE COMMENCED AGAINST THE ABOVE NAMED FORMER OWNER(S) BASED ON THE THREE (3) DAY PORTION OF THIS NOTICE.

This Notice is given pursuant to the provisions of the PTFA and Code of Civil Procedure §§ 1161, 1161a and 1161b, and if applicable, includes the 60 day Notice required by CCP 1161b within the above 90 day Notice period.

This notice also constitutes a notice of non-renewal of any lease applicable to the Premises.

Dated: December 4, 2009

Robert J. Jackson & Associates, Inc.

AMY E. STARRETT
Attorney for JMB REO LLC
OWCA6608


## TENANT INFORMATION

**IF YOU ARE A TENANT** of the prior owner, you must provide the following documents:

- A copy of your lease
- A return phone number and hours to reach you
- The receipt for the last six (6) payments made to the landlord for the residence

by mail, fax, or in person to:

**Robert J. Jackson & Associates, Inc.**
**Tenant Occupied Properties Department**
**4199 Campus Drive, Suite 700**
**Irvine, CA 92612**

**Fax: 949.892.1336**

For any questions, please call 949.854.2244, Ext. 208

PARA ASISTENCIA EN ESPANOL LLAME AL 949.854.2244, EXT. 261.

DISCLAIMER:

**This Notice is an attempt to collect a debt and any information obtained from you will be used for that purpose.** If you notify Robert J. Jackson and Associates, Inc. ("RJJ") at 4199 Campus Drive, Suite 700, Irvine, CA 92612, in writing, within thirty days, that you wish to be provided the name and address of the original creditor if different from the current creditor or that the debt is disputed, RJJ will obtain the requested information and a copy will be mailed to you. Unless you make these requests within thirty days of the date of this Notice the debt will be deemed valid.

**CAUTION:** Your thirty day rights set forth in this disclaimer do not extend your right to pay or vacate set forth in the Notice, AND, the Notice to pay or vacate does not shorten or otherwise affect your thirty day rights set out in this disclaimer.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Jackson & Associates<br>4199 Campus Dr Ste 700<br>Irvine          CA          92612 | TELEPHONE NO<br>(949) 854-2244 |

FOR COURT USE ONLY

ATTORNEY FOR (Name)

Insert of Court Name of Judicial District and Branch Court if any

SHORT TITLE OF CASE

| 1834671 | (HEARING) Date | Time | Dept |
|---|---|---|---|

Case Number

REFERENCE NO.
OWCA6608

## PROOF OF SERVICE

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS
ACTION, AND I SERVED THE:

3/90 DAY NOTICE TO VACATE PROPERTY

BY SERVING SAID NOTICE AS AUTHORIZED BY C.C.P. 1162(2,3)

TO THE TENANT:     ANTHONY MAZUROWSKI

ON:     12/6/2009       TIME OF DELIVERY:  3:40:00 PM

BY POSTING A COPY OF SAID NOTICE IN A CONSPICUOUS PLACE ON THE PROPERTY
THEREIN DESCRIBED, THERE BEING NO PERSON OF SUITABLE AGE OR DISCRETION TO
BE FOUND AT ANY KNOWN PLACE OF RESIDENCE OR BUSINESS OF SAID TENANT; AND
MAILING A COPY TO SAID TENANT BY DEPOSITING SAID COPIES IN THE UNITED STATES
MAIL IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID, ADDRESSED TO THE
TENANT AT:

ADDRESS:  117 Montgomery Rd
          Sebastopol          CA          95472          ON  12/6/2009

| | | | | |
|---|---|---|---|---|
| 7a. Person Serving: | Jennifer | Bazemore | d. The fee for service was<br>e. I am: | $127.00 |
| | | | (1)     not a registered California process server: | |
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | | | (3) X   registered California process server:<br>(i) Independent Contractor | |
| | | | (i) Registration No: | 181 |
| c. (714) 662-5555 | | | (i) County:  MARIN | |

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.     Jennifer     Bazemore          X

12/8/2009                                                           SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

## PROOF OF SERVICE

CRC 982(A)(23)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | | TELEPHONE NO | FOR COURT USE ONLY |
|---|---|---|---|---|
| Jackson & Associates 4199 Campus Dr Ste 700 | | | (949) 854-2244 | |
| Irvine | CA | 92612 | | |

ATTORNEY FOR (Name

Insert of Court Name of Judicial District and Branch Court if any

SHORT TITLE OF CASE

| 1835977 | (HEARING) Date | Time | Dept | Case Number: |
|---|---|---|---|---|
| | | | | REFERENCE NO OWCA6608 |

**PROOF OF SERVICE**

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED THE:

3/90 DAY NOTICE TO VACATE PROPERTY

BY SERVING SAID NOTICE AS AUTHORIZED BY C.C.P. 1162(2,3)

TO THE TENANT:    ALL OCCUPANTS

ON:  12/6/2009    TIME OF DELIVERY:  3:40:00 PM

BY POSTING A COPY OF SAID NOTICE IN A CONSPICUOUS PLACE ON THE PROPERTY THEREIN DESCRIBED, THERE BEING NO PERSON OF SUITABLE AGE OR DISCRETION TO BE FOUND AT ANY KNOWN PLACE OF RESIDENCE OR BUSINESS OF SAID TENANT; AND MAILING A COPY TO SAID TENANT BY DEPOSITING SAID COPIES IN THE UNITED STATES MAIL IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID, ADDRESSED TO THE TENANT AT:

ADDRESS:  117 Montgomery Rd    ON  12/6/2009
          Sebastopol    CA    95472

| 7a. Person Serving: | Jennifer | Bazemore | d. The fee for service was e. I am: | $0.00 |
|---|---|---|---|---|

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

(1)       not a registered California process server:
(3) X    registered California process server:
    (i) Independent Contractor
    (i) Registration No:                           181
    (i) County:    MARIN

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.    Jennifer    Bazemore    X _____

12/8/2009    SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

**PROOF OF SERVICE**

CRC 982(A)(23)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, DOUG V. PHAM, declare:

    1.  I am an attorney duly licensed to practice before this court.

    2.  My office is located in Orange County, CA, and Plaintiff has no officers in said county who have any personal knowledge of this matter.

    3.  I have read the foregoing Complaint and know the contents thereof. I am informed and believe the matters therein to be true and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that all of the foregoing is true and correct.

Executed this 16th day of December, 2009 at Irvine, California.

DOUG V. PHAM

THIS MAY BE AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN
BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE, NO ATTEMPT IS BEING
MADE TO COLLECT A DEBT AND ANY INFORMATION WILL BE OBTAINED FOR
INFORMATIONAL PURPOSES ONLY.

Complaint in Unlawful Detainer
OWCA6608                                    -4-

| | FOR COURT USE ONLY |
|---|---|
| **SONOMA COUNTY SUPERIOR COURT, CIVIL DIVISION**<br>**600 Administration Drive, Room 107-J**<br>**Santa Rosa, California 95403**<br>**(707) 521-6500**<br>**www.SonomaSuperiorCourt.com** | **F I L E D**<br>12/18/2009<br>Clerk of the Superior Court of California<br>County of Sonoma<br>By<br>_dC_<br>Deputy Clerk |

| PLAINTIFF(S):  IMB REO LLC | |
|---|---|
| DEFENDANT(S):  ANTHONY MAZUROWSKI, Does 1-100 | **CASE NUMBER:**<br>MCV-207806 |

# NOTICE PURSUANT TO CODE OF CIVIL PROCEDURE §1161.2(c)

**TO ALL DEFENDANTS AND ALL OCCUPANTS:**

An unlawful detainer complaint (eviction action) has been filed naming <u>ANTHONY MAZUROWSKI,</u> <u>Does 1-100</u> as defendant(s).  The complaint was filed on December 17, 2009.

Access to the court file will be delayed for 60 days from the date of filing except to a party (any one of the persons named above as either PLAINTIFF or DEFENDANT), an attorney for one of the parties, or any other person (such as an occupant not named above) who **(1)** provides to the clerk the names of at least one plaintiff **and** one defendant in the action **and** provides to the clerk the address, including any applicable apartment, unit, or space number, of the subject premises, **or (2)** provides to the clerk the name of one of the parties in the action or the case number **and** can establish through proper identification that he or she lives at the subject premises.

Access to the court index, register of actions, or other records by any one other than such persons described in the above paragraph is not permitted until 60 days after the complaint is filed, except pursuant to an ex parte order upon a showing of good cause therefor.

The following telephone numbers may be called for legal services regarding this case:

**California Rural Legal Assistance**
**(707) 528-9941**

**Fair Housing of Sonoma County**
**(707) 579-5033**

**Petaluma People's Services Center**
(Petaluma residents only)
**(707) 765-8488**

**Legal Aid of Sonoma County**
**(707) 542-1290**

**Sonoma County Bar Association**
**(707) 542-1190**

| |
|---|
| If you would like someone to help you talk to the other party about your dispute, you may call:  **RECOURSE MEDIATION SERVICES** at (707) 525-8545  _M  i - 5_ |

Case # MCV-207806

JOHN C. SAGINAW
Attorney Bar No. 67385
Robert J. Jackson & Associates, Inc.
4199 Campus Drive, Suite 700
Irvine, California 92612-2698
(949) 854-2244

Route To Imaging

# FILED

MAR 1 6 2010

Clerk of the Superior Court of California
County of Sonoma
By_____
Deputy Clerk

Attorney for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SONOMA – CIVIL DEPARTMENT JUDICIAL DISTRICT

| | |
|---|---|
| IMB REO LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ANTHONY MAZUROWSKI; et al. <br><br><br> Defendant. | Case No.: MCV207806 <br><br> **JUDGMENT** <br><br><br><br><br> **DATE:** March 16, 2010 <br> **TIME:** 8:30 AM <br> **DEPT.:** 15 |

This matter came on regularly for hearing in **Department** 15 of the above-entitled Court, the Honorable ~~GARY NADLER~~ , (Judge) ~~(Commissioner)~~ presiting. *GLEN M. NAVIS* specially appeared for Robert J. Jackson & Associates, Inc., Attorney for Plaintiff, Defendant ANTHONY MAZUROWSKI (appeared) ~~(did not appear)~~.

The default of All Occupants having been entered, and based upon the pleadings and evidence, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   Plaintiff IMB REO LLC recover from Defendant ANTHONY MAZUROWSKI, all tenants, subtenants, named claimants, and other occupants the restitution and possession of the property located at 117 MONTGOMERY RD, SEBASTOPOL CA 95472.

Dated: **MAR 1 6 2010**

_____
(JUDGE) ~~(COMMISSIONER)~~
GARY NADLER

Judgment (trial) OWCA6608

- 1 -

# NOTICE TO VACATE PROPERTY

TO:  ANTHONY MAZUROWSKI &
     All occupants residing at
     117 MONTGOMERY RD
     SEBASTOPOL, CA 95472

    NOTICE IS HEREBY GIVEN THAT IMB REO LLC ("IMB REO LLC"), or its predecessor in interest, purchased the property located at 117 MONTGOMERY RD, SEBASTOPOL, CA 95472 (the "Premises") at a foreclosure sale held in accordance with Civil Code § 2924 and pursuant to the power of sale contained in a Deed of Trust recorded on 7/03/2007 as Instrument Number 2007075120 in the Official Records of SONOMA County, and that title to the Premises is duly perfected in IMB REO LLC.

    NOTICE IS FURTHER GIVEN THAT:

    1.  Within **three (3) days** after service on you of this Notice, if you are the Trustor(s) of the Deed of Trust described above, or a successor in interest to said Trustor(s), or any person who is not a bona fide tenant or subtenant; **or,**

    2.  Within **ninety (90) days** after service on you of this Notice, in the event you are a bona fide tenant or a subtenant of the Trustor(s) of the Deed of Trust described above, or a bona fide tenant or a subtenant of a successor in interest to said Trustor(s):

    You are required to vacate and surrender possession of the Premises, or the portion in which you reside, to IMB REO LLC through ROSALIE MARTINONO, its agent, who can be reached at 707-291-5057 from 9:00 a.m. to 5:00 p.m. on all business days, unless you provide evidence to the undersigned law firm that you are a bona fide tenant pursuant to Section 702(a)(2)(A) of the federal "Protecting Tenants at Foreclosure Act of 2009" ("PTFA") or are protected by Section 703 of the PTFA. Please see Page 2 Addendum of this Notice for instructions on how to deliver this evidence.

    If within the applicable period as set forth above, EITHER if you fail to surrender possession OR if you fail to provide evidence that you are a bona fide tenant pursuant to Section 702(a)(2)(A) of the PTFA or are protected by Section 703 of the PTFA, IMB REO LLC will commence eviction proceedings against you to recover possession of the Premises and for damages caused by your unlawful detention of the Premises.

**PARA ASISTENCIA EN ESPANOL LLAME AL 949.854.2244, EXT. 261.**

### (NOTICE HAS A SECOND PAGE)

UNLESS CONTACT IS MADE AND ACCEPTABLE EVIDENCE TO SHOW A LEGITIMATE TENANCY IS PRODUCED WITHIN THREE (3) DAYS OF THE SERVICE OF THIS NOTICE, THE EVICTION ACTION WILL BE COMMENCED AGAINST THE ABOVE NAMED FORMER OWNER(S) BASED ON THE THREE (3) DAY PORTION OF THIS NOTICE.

This Notice is given pursuant to the provisions of the PTFA and Code of Civil Procedure §§ 1161, 1161a and 1161b, and if applicable, includes the 60 day Notice required by CCP 1161b within the above 90 day Notice period.

This notice also constitutes a notice of non-renewal of any lease applicable to the Premises.

Dated:  December 4, 2009

Robert J. Jackson & Associates, Inc.

AMY E. STARRETT
Attorney for JMB REO LLC
OWCA6608

TENANT INFORMATION

IF YOU ARE A TENANT of the prior owner, you must provide the following documents:

- A copy of your lease
- A return phone number and hours to reach you
- The receipt for the last six (6) payments made to the landlord for the residence

by mail, fax, or in person to:

Robert J. Jackson & Associates, Inc.
Tenant Occupied Properties Department
4199 Campus Drive, Suite 700
Irvine, CA 92612

Fax:  949.892.1336

For any questions, please call 949.854.2244, Ext. 208

PARA ASISTENCIA EN ESPANOL LLAME AL 949.854.2244, EXT. 261.

DISCLAIMER:

**This Notice is an attempt to collect a debt and any information obtained from you will be used for that purpose.**
If you notify Robert J. Jackson and Associates, Inc. ("RJJ") at 4199 Campus Drive, Suite 700, Irvine, CA 92612, in writing, within thirty days, that you wish to be provided the name and address of the original creditor if different from the current creditor **or** that the debt is disputed, RJJ will obtain the requested information and a copy will be mailed to you. Unless you make these requests within thirty days of the date of this Notice the debt will be deemed valid.

**CAUTION:** Your thirty day rights set forth in this disclaimer do not extend your right to pay or vacate set forth in the Notice, AND, the Notice to pay or vacate does not shorten or otherwise affect your thirty day rights set out in this disclaimer.



Recording requested by:
**LPS Default Title & Closing**

When Recorded Mail To:
**NDEx West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**



**2009014685**

OFFICIAL RECORDS OF
SONOMA COUNTY
JANICE ATKINSON

GENERAL PUBLIC
02/20/2009 11:07 NTDF
RECORDING FEE: 14.00
PAID

**3** PGS



DFF20090159902760

Space above this line for Recorder's use only

Trustee Sale No. : 20090159902760     Title Order No.: 090102526-CA-MSI

IMPORTANT NOTICE

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is $46,972.97 as of 2/18/2009 and will increase until your account becomes current.  While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.