| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA | Court Use Only |
|---|---|
| PLAINTIFF(S)/PETITIONER(S):<br><br>*IMB REO* | **FILED**<br><br>MAR 2 9 2010<br>Clerk of the Superior Court of California<br>County of Sonoma<br>By _____<br>Deputy Clerk |
| DEFENDANT(S)/RESPONDENT(S):<br><br>*MAZUROWSKIS* |  |
| ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY ORDERS<br>☐ and DISMISSING ACTION WITHOUT PREJUDICE[1] | Case number:<br>MCV- *207806* |

## YOUR REQUEST FOR ORDERS IS DENIED, IN WHOLE OR IN PART, FOR THE FOLLOWING REASON(S):

☐ 1. **NOTICE MUST BE GIVEN TO THE OTHER SIDE:**
Your declaration was factually insufficient for emergency orders without advising the other party of his/her right to object. You must notify all parties no later than 10:00 a.m. the court day before the ex parte appearance.

☑ 2. **YOUR APPLICATION/DECLARATION WAS INSUFFICIENT:**
☑ Your declaration(s) is/are vague, lacking in clarity or specific factual details and dates of occurrences.
☐ Your declaration(s) is/are primarily conclusions without factual details to support them.
☑ You did not include sufficient facts or legal justification for the restraining order. *on the stay.*
☐ Go to the TRO Clinic and resubmit for possible issuance.
☑ Other: *There has been no lawful basis for a stay as requested.*

_____

☐ 3. **WRONG FORM/AGENCY USED:**
    ☐ Family Law         ☐ Workplace Violence
    ☐ Domestic Violence   ☐ Elder or Dependent Adult Abuse

Date: *March 29, 2010*          _____
                         Judge of the Superior Court ☐ Pro Tem

1    Plaintiff(s)/Petitioner(s) may resubmit an application in this same case number after correcting the noted deficiencies.
CV-15 [Rev. January 1, 2006]    ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY ORDERS
Civil Harassment/Elder or Dependent Adult Abuse/Temporary Housing Misconduct/Workplace Violence

1  **ANTHONY MAZUROWSKI**
   117 Montgomery Road
2  Sebastopol, CA 95472
   Telephone: (707) 824-0436
3
   Defendant in Pro Per
4

5

6

7                        **SUPERIOR COURT OF CALIFORNIA**

8                            **COUNTY OF SONOMA**

9

10

11  IMB REO, LLC,                        Case No.: MCV-207806

12          Plaintiff,                   **DEFENDANT'S APPLICATION FOR STAY
                                         OF EXECUTION PURSUANT TO CCP §
13     vs.                               918**

14  ANTHONY MAZUROWSKI,                  Trial Date:  March 2?, 2010
                                         Time:  8:300 A.M.
15          Defendant                    Dept.: 15
                                         Honorable Gary Nadler
16                                       Location:  Empire Annex
                                                    3035 Cleveland Ave., Suite 200
17                                                  Santa Rosa, CA

18

19                      I, ANTHONY MAZUROWSKI, declare:

20          1.      I am one the Defendant in the within matter and appear in pro per.  I am also the

21  Tenant in Possession.

22          2.      I am requesting a Stay of Execution for the eviction which is currently scheduled

23  for Tuesday, March 30, 2010 for 30 days in order for me to find housing for myself and my

24  numerous animals.

25          3.      I am advised that this procedure is permitted pursuant to CCP § 918 which

26  provides the following:

27          918.  (a) Subject to subdivision (b), the trial court may stay the
               enforcement of any judgment or order.
28

                        Defendant's Application for Stay of Execution

                                          1

(b) If the enforcement of the judgment or order would be stayed on appeal only by the giving of an undertaking, a trial court shall not have power, without the consent of the adverse party, to stay the enforcement thereof pursuant to this section for a period which extends for more than 10 days beyond the last date on which a notice of appeal could be filed.

(c) This section applies whether or not an appeal will be taken from the judgment or order and whether or not a notice of appeal has been filed.

4.     I am trying to make temporary living arrangements but if I am evicted on I will be homeless without any place to stay.  In addition, I need time to move my belongings and pets which I have accumulated during my residency at the Subject Premises

5.     I have no other options and respectfully request that the court exercise its authority and grant the Stay for thirty (30) days.

6.     In consideration for the granting of the Stay herein sought, I am prepared to tender the sum of $1000.00 as rent for the extension.  I believe that this is fair and reasonable and comparable with market rates in this area and under present economic circumstances.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 25th day of March, 2010, at San Rafael, California.


ANTHONY MAZUROWSKI

1

<u>PROOF OF SERVICE BY MAIL</u>

2

[C.C.P. §§1013a, 2015.5]

3    Case No.  MCV-207806

4         I declare that:

5         I am employed in the County of San Francisco, California.

6   I am over the age of eighteen years and not a party to the within

7   action.  My business address is 30 North San Pedro Road, Suite 195,

8   San Rafael, California 94903.   On the date indicated below, I

9   served the within:

10    **918** **DEFENDANTS' APPLICATION FOR STAY OF EXECUTION PURSUANT TO CCP**

11

12   to Plaintiff in said cause, by facsimile and mail as follows:

13   JOHN C. SAGINAW

14   ROBERT JACKSON & ASSOCIATES, INC.
       4199 CAMPUS DRIVE, SUITE 700            *BY FAX*

15   IRVINE, CA 92612

16   FACSIMILE (949) 854-4752

17

18        I declare under penalty of perjury that the foregoing is true

19   and correct and that this declaration was executed on **March 26,**

20   **2010** at San Rafael, California.

21

22                 Russell K. Marno

23

24

25

26

27

28

1  **ANTHONY MAZUROWSKI**
   117 Montgomery Road
2  Sebastopol, CA 95472
   Telephone: (707) 824-0436
3
   Defendant in Pro Per
4

5

6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9                 **COUNTY OF SONOMA**

10

11

12

13  IMB REO, LLC,                        Case No.: MCV-207806

14            Plaintiff,                 **ORDER GRANTING DEFENDANT'S
                                         APPLICATION FOR STAY OF
15       vs.                             EXECUTION PURSUANT TO CCP § 918**

16  ANTHONY MAZUROWSKI,                  Trial Date: March 24, 2010
                                         Time: 8:300 A.M.
17            Defendant                  Dept.: 15
                                         Honorable Gary Nadler
18                                       Location: Empire Annex
                                                   3035 Cleveland Ave., Suite 200
19                                                 Santa Rosa, CA

20

21        Upon reading the Application for a Stay of Execution of Defendant, ANTHONY

22  MAZUROWSKI, and the Court having considered the file herein, and it appearing from these

23  submissions that this is a proper case for issuance of a Stay of Execution, Now Therefore,

24        **IT IS ORDERED** that the Defendant ANTHONY MAZUROWSKI'S Application

25  for Stay of Execution for Thirty Days be and hereby is granted, and

26        **IT IS FURTHER ORDERED** that this Stay shall terminate thirty days from the date

27  hereof, provided that Defendant ANTHONY MAZUROWSKI, tenders to the Clerk of the Court

28  or as directed in the sum of $1,000.00 along with a copy of this Order; and

                        Defendant's Application for Stay of Execution

                                          1

1      **IT IS FURTHER ORDERED** that during the pendency of this Stay, the Sonoma

2 County Sheriff shall take no action to evict Defendant ANTHONY MAZUROWSKI, from the

3 subject premises commonly known as 117 Montgomery Road,

4 Sebastopol, CA 95472

5

6

7

8

9

10

11                                          _____

12                                             **JUDGE OF THE SUPERIOR COURT**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   PROOF OF SERVICE BY MAIL

2   [C.C.P. §§1013a, 2015.5]

3   Case No.  MCV-207806

4        I declare that:

5        I am employed in the County of San Francisco, California.

6   I am over the age of eighteen years and not a party to the within

7   action.  My business address is 30 North San Pedro Road, Suite 195,

8   San Rafael, California 94903.   On the date indicated below, I

9   served the within:

10  **ORDER GRANTING DEFENDANT'S APPLICATION FOR STAY OF EXECUTION PURSUANT TO CCP 918**

11

12  to Plaintiff in said cause, by facsimile and mail as follows:

13  JOHN C. SAGINAW
    ROBERT JACKSON & ASSOCIATES, INC.

14  4199 CAMPUS DRIVE, SUITE 700        BY FAX
    IRVINE, CA 92612

15

16  FACSIMILE (949) 854-4752

17

18       I declare under penalty of perjury that the foregoing is true

19  and correct and that this declaration was executed on **March 26,**

20  **2010** at San Rafael, California.

21

22                      Russell K. Marne

23

24

25

26

27

28

**ANTHONY MAZUROWSKI**
117 Montgomery Road
Sebastopol, CA 95472
Telephone: (707) 824-0436

Defendant in Pro Per

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SONOMA

| | |
|---|---|
| IMB REO, LLC, | Case No.: MCV-207806 |
| | ~~EX PARTE APPLICATION AND ORDER~~ |
| Plaintiff, | ~~DEFENDANTS' NOTICE OF MOTION~~ |
| | ~~AND MOTION~~ TO VACATE JUDGMENT |
| vs. | **AND ENTER DIFFERENT JUDGMENT** |
| ANTHONY MAZUROWSKI, | [Cal. Code of Civ. Pro. § 663] |
| Defendant | |
| | Trial Date: **3-29**, 2010 |
| | Time: 8:300 A.M. |
| | Dept.: 15 |
| | Honorable Gary Nadler |
| | Location: Empire Annex |
| | 3035 Cleveland Ave., Suite 200 |
| | Santa Rosa, CA |

### TO PLAINTIFF IMB REO, LLC, AND ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on _____3-29_____, 2010, at 8:30 a.m., or as soon thereafter as

the matter may be heard in Department 15 of the above court, Defendant, ANTHONY

MAZUROWSKI, will move the court for an order setting aside and vacating its judgment

entered in this case on March 16, 2010, and entering another, different judgment.

This motion is made on the ground that the legal basis for the decision is not consistent

with or supported by the facts, and further the judgment is not consistent with the special verdict.

The motion is also based on this notice; all pleadings, papers, and records in this action; the evidence presented at trial; and the attached memorandum of points and authorities, and such other and further oral and documentary evidence as may be presented at the hearing of this Motion.

Dated: March 15, 2010

ANTHONY MAZUROWSKI,
Defendant in Pro Per

PROOF OF SERVICE BY MAIL

[C.C.P. §§1013a, 2015.5]

Case No.   MCV-207806

I declare that:

I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within action.  My business address is 30 North San Pedro Road, Suite 195, San Rafael, California 94903.  On the date indicated below, I served the within:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR NEW TRIAL; DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND ENTER DIFFERENT JUDGMENT; PETITION FOR WRIT OF SUPERSEDEAS OR OTHER APPROPRIATE STAY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WRIT; DECLARATION OF ANTHONY MAZUROWSKI IN SUPPORT OF ISSUANCE OF WRIT; ORDER AFTER HEARING**

to Plaintiff in said cause, by facsimile and mail as follows:

JOHN C. SAGINAW
ROBERT JACKSON & ASSOCIATES, INC.
4199 CAMPUS DRIVE, SUITE 700
IRVINE, CA 92612

BY FAX

FACSIMILE (949) 854-4752

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **March 26, 2010** at San Rafael, California.

Russell K. Marne

<u>PROOF OF SERVICE BY MAIL</u>

[C.C.P. §§1013a, 2015.5]

Case No.   MCV-207806

I declare that:

I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 30 North San Pedro Road, Suite 195, San Rafael, California 94903. · On the date indicated below, I served the within:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR NEW TRIAL; DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND ENTER DIFFERENT JUDGMENT; PETITION FOR WRIT OF SUPERSEDEAS OR OTHER APPROPRIATE STAY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WRIT; DECLARATION OF ANTHONY MAZUROWSKI IN SUPPORT OF ISSUANCE OF WRIT; ORDER AFTER HEARING**

to Plaintiff in said cause, by facsimile and mail as follows:

JOHN C. SAGINAW
ROBERT JACKSON & ASSOCIATES, INC.
4199 CAMPUS DRIVE, SUITE 700
IRVINE, CA 92612

BY FAX

FACSIMILE (949) 854-4752

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **March 26, 2010** at San Rafael, California.

Russell K. Marne

<u>PROOF OF SERVICE BY MAIL</u>

[C.C.P. §§1013a, 2015.5]

Case No.  MCV-207806

    I declare that:

    I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within action.  My business address is 30 North San Pedro Road, Suite 195, San Rafael, California 94903.  On the date indicated below, I served the within:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR NEW TRIAL; DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND ENTER DIFFERENT JUDGMENT; PETITION FOR WRIT OF SUPERSEDEAS OR OTHER APPROPRIATE STAY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WRIT; DECLARATION OF ANTHONY MAZUROWSKI IN SUPPORT OF ISSUANCE OF WRIT; ORDER AFTER HEARING**

to Plaintiff in said cause, by facsimile and mail as follows:

JOHN C. SAGINAW
ROBERT JACKSON & ASSOCIATES, INC.
4199 CAMPUS DRIVE, SUITE 700
IRVINE, CA 92612

BY FAX

FACSIMILE (949) 854-4752

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **March 26, 2010** at San Rafael, California.

Russell K. Marne

1        <u>PROOF OF SERVICE BY MAIL</u>

2            [C.C.P. §§1013a, 2015.5]

3   Case No.   MCV-207806

4        I declare that:

5        I am employed in the County of San Francisco, California.

6   I am over the age of eighteen years and not a party to the within

7   action.  My business address is 30 North San Pedro Road, Suite 195,

8   San Rafael, California 94903.  On the date indicated below, I

9   served the within:

10       **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR NEW TRIAL;
    DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND
11   ENTER DIFFERENT JUDGMENT; PETITION FOR WRIT OF SUPERSEDEAS OR OTHER
    APPROPRIATE STAY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN
12   SUPPORT OF WRIT; DECLARATION OF ANTHONY MAZUROWSKI IN SUPPORT OF
    ISSUANCE OF WRIT; ORDER AFTER HEARING**

13

14   to Plaintiff in said cause, by facsimile and mail as follows:

15   JOHN C. SAGINAW
    ROBERT JACKSON & ASSOCIATES, INC.
16   4199 CAMPUS DRIVE, SUITE 700                    $BY$ $FAX$
    IRVINE, CA 92612
17

18   FACSIMILE (949) 854-4752

19

20       I declare under penalty of perjury that the foregoing is true

21   and correct and that this declaration was executed on **March 26,**

22   **2010** at San Rafael, California.

23

24                    Russell K. Marne

25

26

27

28

PROOF OF SERVICE BY MAIL

[C.C.P. §§1013a, 2015.5]

Case No.   MCV-207806

    I declare that:

    I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within action.  My business address is 30 North San Pedro Road, Suite 195, San Rafael, California 94903.  On the date indicated below, I served the within:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR NEW TRIAL; DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND ENTER DIFFERENT JUDGMENT; PETITION FOR WRIT OF SUPERSEDEAS OR OTHER APPROPRIATE STAY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WRIT; DECLARATION OF ANTHONY MAZUROWSKI IN SUPPORT OF ISSUANCE OF WRIT; ORDER AFTER HEARING**

to Plaintiff in said cause, by facsimile and mail as follows:

JOHN C. SAGINAW
ROBERT JACKSON & ASSOCIATES, INC.
4199 CAMPUS DRIVE, SUITE 700
IRVINE, CA 92612

BY FAX

FACSIMILE (949) 854-4752

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **March 26, 2010** at San Rafael, California.

Russell K. Marne

1   **ANTHONY MAZUROWSKI**
2   117 Montgomery Road
      Sebastopol, CA 95472
3   Telephone: (707) 824-0436

4   Defendant in Pro Per

5

6

7

8               **SUPERIOR COURT OF CALIFORNIA**

9                   **COUNTY OF SONOMA**

10

11

12

13   IMB REO, LLC,                 Case No.: MCV-207806

14             Plaintiff,           **ORDER GRANTING NEW TRIAL**

15       vs.                   Trial Date: March 16, 2010
                            Time: 8:300 A.M.
16   ANTHONY MAZUROWSKI,     Dept.: 15
                            Honorable Gary Nadler
17           Defendant         Location: Empire Annex
                                    3035 Cleveland Ave., Suite 200
18                                       Santa Rosa, CA

19

20           Upon reading the Motion FOR New Trial, and the Court having considered the file

21   herein, and good cause appearing,

22           IT IS ORDERED **that the Judgment in the above matter is vacated and a New Trial shall**

23   **be set as follows:**

24

25

26

27                           _____

28                   **JUDGE OF THE SUPERIOR COURT**

                  **ORDER Re: New Trial**

1
2
3
4
5

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR SONOMA COUNTY

6
7
8
9
10
11
12

IMB REO, LLC                                )
                                            )
                Plaintiff,                  )        CASE NO: MCV 207806
                                            )
        vs.                                 )        ORDER
                                            )        (PROPOSED)
ANTHONY M. MAZUROWSKI,                      )
                                            )
                Defendant                   )
                                            )
_____ )

13

TO ALL PARTIES OF INTEREST:

14
15

**NOTICE OF APPEAL**

16

Having considered the Petition for a stay of the final judgment on appeal, the

17

opposition and reply thereto and the entire record of the proceeding, it is by the

18

court ORDERED that the motion is GRANTED; and it is further ORDERED that

19

the Clerk shall distribute copies of the above Order to the parties to this case. The

20

amount of the monthly rent is to be _____.

21

So ordered this _____ day of _____,

22
23

2010.

24
25
26

_____

SUPERIOR  COURT JUDGE

27
28

1
2
3

4   SUPERIOR COURT OF THE STATE OF CALIFORNIA
5   IN AND FOR SONOMA COUNTY

6
7   IMB REO, LLC                              )
                                              )
8            Plaintiff,                       )   CASE NO: MCV 207806
                                              )
9                                             )   ORDER
         vs.                                  )   (PROPOSED)
10                                            )
    ANTHONY M. MAZUROWSKI,                    )
11                                            )
             Defendant                        )
12                                            )
    _____)

13  TO ALL PARTIES OF INTEREST:

14                        NOTICE OF APPEAL

15

16  Having considered the Petition for a stay of the final judgment on appeal, the

17  opposition and reply thereto and the entire record of the proceeding, it is by the

18  court ORDERED that the motion is GRANTED; and it is further ORDERED that

19  the Clerk shall distribute copies of the above Order to the parties to this case. The

20  amount of the monthly rent is to be _____.

21  So ordered this _____ day of _____,

22  2010.

23

24

25  _____

26  SUPERIOR  COURT JUDGE

27

28
                        Notice of Appeal Page 1

SENDING REPORT

Mar. 29 2010 02:34AM

YOUR LOGO   : Michael J Ilnicki
YOUR FAX NO. : 7079387163

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|-----|-----------------|------------|------------|------|-------|--------|
| 01  | 19494800746     | Mar. 29 02:32AM | 01'46 | SND | 03 | OK |

TO TURN OFF REPORT, PRESS 'MENU' #04.
THEN SELECT OFF BY USING '+' OR '-'.

FOR FAX ADVANTAGE ASSISTANCE, PLEASE CALL 1-800-HELP-FAX (435-7329).

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____  Co-Borrower _____

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☑ Conventional  ☐ Other (explain): ☐ FHA  ☐ USDA/Rural Housing Service | Agency Case Number | Lender Case Number |
|---|---|---|---|

| Amount $ 490,500 | Interest Rate 9.375 % | No. of Months 460/360 | Amortization Type: ☐ Fixed Rate  ☐ GPM | ☐ Other (explain): ☑ ARM (type): 5/1 ARM |
|---|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state, & ZIP)
**9662 Bodega Hwy  aka 117 Montgomery Rd, Sebastopol, CA 95472   County: Sonoma**   No. of Units: 1

Legal Description of Subject Property (attach description if necessary)
**See Prelim**   Year Built

| Purpose of Loan ☑ Purchase ☐ Construction ☐ Refinance ☐ Construction-Permanent ☐ Other (explain): | Property will be: ☑ Primary Residence ☐ Secondary Residence ☐ Investment |
|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost $ | Amount Existing Liens $ | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made  Cost: $ |
|---|---|---|---|---|

Title will be held in what Name(s)
**Anthony Mazurowski**

Manner in which Title will be held
**Single man**

Estate will be held in:
☑ Fee Simple
☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
**Checking/Savings $5000**

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name | Anthony Mazurowski | |
| Social Security Number | 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 | |
| Home Phone | 707-579-3641 | |
| DOB | 02/26/1954 | |
| Yrs. School | 12 | |

Borrower: ☐ Married ☑ Unmarried ☐ Separated   Dependents no. 0  ages

Present Address: **1276 Woodhaven Drive, Santa Rosa, CA 95407**  ☐ Own ☑ Rent  1.5 No. Yrs.

If residing at present address for less than two years, complete the following:

Former Address: **1117 Humboldt Street, Santa Rosa, CA 95404**  ☐ Own ☑ Rent  2 No. Yrs.

Fannie Mae Form 1003   07/05
CALYX Form Loanapp1.frm 09/05

Page 1 of 5

Borrower _____
Co-Borrower _____

Freddie Mac Form 65   07/05

| Borrower | IV. EMPLOYMENT INFORMATION | Co-Borrower |
|---|---|---|

| Name & Address of Employer | ☐ Self Employed | Yrs. on this job |
|---|---|---|
| Cochrane Roofing | | 3 yr(s) |
| 623 Spruce Street | | Yrs. employed in this line of work/profession |
| Santa Rosa, CA 95407 | | 4 |

| Name & Address of Employer | ☐ Self Employed | Yrs. on this job |
|---|---|---|
| | | Yrs. employed in this line of work/profession |

| Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|
| Manager / Roofing Co. | 707-318-9602 |

| Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 12,000.00 | $ | $ 12,000.00 | Rent | $ 2,000.00 | |
| Overtime | | | | First Mortgage (P&I) | | $ 3,941.94 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 80.00 |
| Dividends/Interest | | | | Real Estate Taxes | | 530.00 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| **Total** | $ 12,000.00 | $ | $ 12,000.00 | **Total** | $ 2,000.00 | $ 4,551.94 |

\* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

| Describe Other Income | *Notice:* Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan. |
|---|---|

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed by that spouse or other person also.

Completed [ ] Jointly [✓] Not Jointly

| ASSETS Description | Cash or Market Value |
|---|---|
| Cash deposit toward purchase held by: **Financial Title** | $ 5,000 |
| *List checking and savings accounts below* | |
| Name and address of Bank, S&L, or Credit Union **redwood cu** | |
| Acct. no. 110000009304 | $ 141,300 |
| Name and address of Bank, S&L, or Credit Union | |
| Acct. no. | $ |
| Name and address of Bank, S&L, or Credit Union | |
| Acct. no. | $ |
| Stocks & Bonds (Company name/number description) | $ |
| Life insurance net cash value | $ |
| Face amount: $ | |
| **Subtotal Liquid Assets** | $ 146,300 |
| Real estate owned (enter market value from schedule of real estate owned) | $ |
| Vested interest in retirement fund | $ |
| Net worth of business(es) owned (attach financial statement) | $ |
| Automobiles owned (make and year) **Lincoln** | $ 8,000 |
| Other Assets (itemize) **Personal Property** | $ 60,000 |

Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property.

| LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|
| Name and address of Company **Redwood Credit Union** | $ Payment/Months | $ |
| Acct. no. 4121980060096764 | 10 /(R) | 200 |
| Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | |
| Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | |
| Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | |
| Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | |
| Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | |
| Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Job-Related Expense (child care, union dues, etc.) | $ | |
| **Total Monthly Payments** | $ 10 | |

| | | | | | |
|---|---|---|---|---|---|
| **Total Assets a.** | $ 214,300 | Net Worth (a minus b) ⇒ $ 214,100 | **Total Liabilities b.** | $ 200 |

**Schedule of Real Estate Owned** (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |

Fannie Mae Form 1003    07/05
CALYX Form Loanapp3.frm 09/05

Page 3 of 5

Borrower _____
Co-Borrower _____

Freddie Mac Form 65    07/05

| VII. DETAILS OF TRANSACTION | | | VIII. DECLARATIONS | | | | | |
|---|---|---|---|---|---|---|---|---|

| | | | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | Borrower | | Co-Borrower | |
|---|---|---|---|---|---|---|---|
| | | | | Yes | No | Yes | No |
| a. Purchase price | $ | 545,000.00 | a. Are there any outstanding judgments against you? | ☐ | ☑ | ☐ | ☐ |
| b. Alterations, improvements, repairs | | | b. Have you been declared bankrupt within the past 7 years? | ☐ | ☑ | ☐ | ☐ |
| c. Land (if acquired separately) | | | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☑ | ☐ | ☐ |
| d. Refinance (incl. debts to be paid off) | | | | | | | |
| e. Estimated prepaid items | | 638.67 | d. Are you a party to a lawsuit? | ☐ | ☑ | ☐ | ☐ |
| f. Estimated closing costs | | 9,496.00 | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | ☐ | ☑ | ☐ | ☐ |
| g. PMI, MIP, Funding Fee | | | | | | | |
| h. Discount (if Borrower will pay) | | | (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | | | |
| i. Total costs (add items a through h) | | 555,134.67 | | | | | |
| j. Subordinate financing | | | | | | | |
| k. Borrower's closing costs paid by Seller | | | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☑ | ☐ | ☐ |
| l. Other Credits (explain) | | | | | | | |
| **Cash Deposit** | | 5,000.00 | g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☑ | ☐ | ☐ |
| | | | h. Is any part of the down payment borrowed? | ☐ | ☑ | ☐ | ☐ |
| | | | i. Are you a co-maker or endorser on a note? | ☐ | ☑ | ☐ | ☐ |
| | | | j. Are you a U. S. citizen? | ☑ | ☐ | ☐ | ☐ |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | | 490,500.00 | k. Are you a permanent resident alien? | ☐ | ☑ | ☐ | ☐ |
| | | | l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☑ | ☐ | ☐ | ☐ |
| n. PMI, MIP, Funding Fee financed | | | | | | | |
| o. Loan amount (add m & n) | | 490,500.00 | m. Have you had an ownership interest in a property in the last three years? | ☐ | ☑ | ☐ | ☐ |
| | | | (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | | _____ | | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | | 59,634.67 | (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | _____ | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors or assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| **Ethnicity:** | ☐ Hispanic or Latino   ☑ Not Hispanic or Latino | **Ethnicity:** | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino |
| **Race:** | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American | **Race:** | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander   ☑ White | | ☐ Native Hawaiian or Other Pacific Islander   ☐ White |
| **Sex:** | ☐ Female   ☑ Male | **Sex:** | ☐ Female   ☐ Male |

| To be Completed by Interviewer This application was taken by: ☑ Face-to-face interview ☐ Mail ☐ Telephone ☐ Internet | Interviewer's Name (print or type) Carlos Contreras | Name and Address of Interviewer's Employer |
|---|---|---|
| | Interviewer's Signature                    Date | Michael E. Brinkman 6020 Commerce Blvd #127 Rohnert Park, CA 94928 |
| | Interviewer's Phone Number (incl. area code) 707-585-7813 | (P) 707-585-7813 (F) 707-585-2774 |



# CARLOS CONTRERAS
## Commercial & Residential Real Estate
### www.bearfinancialgroup.com

6020 Commerce Blvd. #127, Rohnert Park, CA 94928
Phone: 707-585-7813                        Fax: 707-585-2774
Cell-707-694-4869                E-mail: carlos@bearfinancialgroup.com

**Memo**

Date:       July 6, 2007              From: Carlos
To:         Anthony Mazurowski
Subject:    9662 Bodega Hway / aka 117 Montgomery rd Sebastopol, CA

---

Tony,   Enclosed are you copies of all the reports, disclosures, appraisal, inspections and copy of the purchase contract for this transaction. Please keep these along with the loan documents you received from Financial Title when you sign your loan docs.  These are important records for you to maintain.  Thank you for allowing me to help with this purchase.

## ADDENDUM NO. _____ *two* _____

To Agreement dated _____ **5/9/2007** _____, between _____ **Gary Martin and Patricia Martin** _____,
and _____ **Tony Mazurowski** _____, concerning property located at
**9662 Bodega Hwy, aka 117 Montgomery Sebastopol CA** _____

The parties agree as follows:
*1) Extend the close of escrow deadline from 6/23/07 to 7/3/07.*
*2) Buyer to allow sellers to rent back property from date of Close to 7/15/07 at the daily interest rate of the
Buyers new monthly P.I.T.I.*
*3) New purchase price to be $545,000 reduced from $565,000.*

This Addendum, upon its execution by both parties, is made a part of the above Agreement.
If checked ☐ this Addendum is of no force or effect unless executed by all parties and delivered prior to
(date) _____ (time) _____ ☐ a.m. ☐ p.m., to _____
(Name of Party)

Seller/Lessor _____    Date 6-28-07
Gary Martin

Seller/Lessor _____    Date 6-28-07
Patricia Martin

Buyer/Lessee _____    Date 6-28.07
Tony Mazurowski

Buyer/Lessee _____    Date _____

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any
means including scanning or computerized formats.

FORM 101-B (03-2000)  COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA  (415) 884-2164
Form generated by: TrueForms™ from REVEAL SYSTEMS, Inc. 800-499-9612

Rev. by _____
Date _____

**PROFESSIONAL
PUBLISHING**

## AGREEMENT TO OCCUPY AFTER CLOSE OF ESCROW

This Agreement is made with reference to the following facts:

(a) Buyer and Seller have entered into a purchase agreement for residential real property ('Property') commonly known as
_____ **9662 Bodega Hwy, Sebastopol CA** _____ which is expected to
close, or already has closed, on _____ **7/3/2007** _____ .
(b) Seller desires to occupy the premises for a limited period after escrow closes.

THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. **RENTAL.** Buyer rents to Seller, and Seller rents from Buyer, the Property for use as Seller's personal residence. Seller will not assign this Agreement or sublet any portion of the premises without prior written consent of the Buyer.

2. **TERM.** The rental term will be (**check one**).
☐ day to day commencing _____ at the rate of $_____ per day, with termination upon not less than seven (7) days written notice by either party;
☒ from (date) _____ **actual close of escrow** _____ until (date) _____ **7/15/2007** _____ at (time) _____ **6:00** _____ ☐ a.m. ☒ p.m.
the rate of $_____ **154.16** _____ per day.

3. **PAYMENT.** In the case of a fixed term, rental will be paid in advance, either in cash at time of close of escrow or as a credit to the Buyer. In the case of a day to day rental, _____ days rent will be paid in advance, either in cash at time of close of escrow or as a credit to the Buyer. Thereafter, rent will be paid weekly in advance to Buyer by mail or personal delivery to the address in the signature block, or at such other place as may be designated by Buyer in writing from time to time. Payment by personal delivery may be made (check one): ☐ Monday through Friday, 9:00 a.m. to 5:00 p.m., or ☐ at the following times: _____

4. **SECURITY DEPOSIT.** Upon close of escrow, Seller will deposit with the Buyer the sum of $_____ **2,000.00** _____ as security for the performance of this Agreement. Buyer may charge the security deposit reasonable sums for Sellers breach of this Agreement, including failure to pay rent, repair of damage, or necessary cleaning upon termination of the rental. The balance of the security deposit will be returned to Seller no later than three (3) weeks from termination of occupancy. No interest will be paid on the security deposit.

5. **UTILITIES.** Seller will be responsible for payment of all utilities and services during occupancy.

6. **MAINTENANCE.** Seller will maintain all the real and personal property included in the sale in the same condition as at the close of escrow. Seller will maintain and irrigate the grounds and landscaping. Seller will not make any alterations to the property.

7. **USE.** Seller will abide by all laws and governmental regulations with respect to the use or occupancy of the property, and will not commit waste or create a nuisance.

8. **INSURANCE.** Buyer will maintain fire, hazard, liability and such other insurance on the Property as Buyer deems advisable. It is understood that Buyer's insurance does not cover the personal property of the Seller,

9. **INDEMNIFICATION.** Seller will hold Buyer harmless from any claims, damages or liability arising out of Seller's occupancy of the property, and agrees to defend any such claims against Buyer and reimburse Buyer for any costs or attorney fees incurred by Buyer in defending such claims.

10. **ENTRY AND INSPECTION.** Seller will permit Buyer or his or her agents to enter into the premises at reasonable times and upon at least 24 hour notice (oral or written) for the purpose of inspection and to prepare for occupancy by Buyer, provided that such inspection will not unreasonably interfere with Seller's use of the property. A set of keys to all property locks and alarm codes will be delivered to Buyer at close of escrow.

11. **LIQUIDATED DAMAGES. The parties agree that in the event of holding over by the Seller after termination of the rental period, damages to the Buyer would be impracticable or extremely difficult to fix. Accordingly the parties agree that the sum of**
$_____ **200.00** _____ **per day for each day of holding over after termination constitutes reasonable liquidated damages in view of all the circumstances existing on the date of this Agreement.**
Initial Here: [ _____ ][ _GM_ ] Buyer(s) [ _GD_ ][ _PM_ ] Seller(s)

12. **ATTORNEY FEES.** In any action, arbitration or other proceeding, including unlawful detainer, involving a dispute between Buyer and Seller arising out of the execution of this Agreement, whether for tort or for breach of contract, and whether or not brought to trial or final judgment, the prevailing party will be entitled to receive from the other party a reasonable attorney fee, expert witness fees, and costs to be determined by the court or arbitrator(s).

13. **TIME.** Time is of the essence of this Agreement.

14. **NOTICES.** Any notice may be personally delivered, transmitted by facsimile machine, by a nationally recognized overnight courier, or by first class mail, postage prepaid. In the event of mailing, the document will be deemed delivered three (3) business days after deposit; in the event of overnight courier, one (1) business day after deposit; and if by facsimile, at time of transmission provided that a transmission report is generated and retained by the sender reflecting the accurate transmission of the document.

**CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.**
Page 1 of 2
FORM 104.1 CAL (03-2003) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA (415) 884-2164
Form generated by: True Forms™ from REVEAL ⊙ SYSTEMS, Inc. 800-499-9612


**PROFESSIONAL
PUBLISHING**

# COUNTER TO COUNTER OFFER

In response to the Counter Offer concerning the property located at _____ **9882 Bodega Hwy, Sebastopol CA** _____
_____ made by, _____ **Gary Martin and Patricia Martin** _____, Seller,

dated _____ **5/7/07** _____, the following counter to counter offer is submitted:

**For clarification purposes: New Purchase Price to be $565,000 ( Five Hundred and Sixty Five Thousand Dollars)**
**Buyer to put 10% down and obtain a new loan for $508,000**
**Sellers agent to pay for Home warranty**
**Property sold as is- Addendum attached**
**Buyer to provide pre-qualification letter- see attached.**

**OTHER TERMS:** All other terms to remain the same.

**EXPIRATION:** This counter to counter offer shall expire unless a copy with Seller's written acceptance is delivered to Buyer or his or her Agent on or before _____ **5:00** _____ o'clock ☐ a.m., ☒ p.m., on (date) _____ **5/10/07** _____.

Buyer _~~Cindy M mm~~_          Dated __5-8-07__    Time __3:30__
     Tony Mazurowski

Buyer _____          Dated _____    Time _____

## ACCEPTANCE

The undersigned Seller accepts the above counter to counter offer.

Seller _~~[signature]~~_          Dated _05-09-07_    Time _8:45_
     Gary Martin

Seller _~~Patricia Martin~~_          Dated _5-9-07_    Time _8:45_
     Patricia Martin

Receipt of acceptance is hereby acknowledged.

Buyer _~~Cindy M mm~~_          Date _5-9-07_    Time _2:00 PM_
     Tony Mazurowski

Buyer _____          Date _____    Time _____

**CAUTION:** The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

FORM 101-AA (8-97) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by: TrueForms™ from REVEAL® SYSTEMS, Inc. 800-499-9612

| Rev. by | |
|---|---|
| Date | |

**PROFESSIONAL PUBLISHING**

# COUNTER OFFER

In response to the Offer concerning the property located at _____ 9662 Bodega Highway _____, Buyer,
_____ Sebastopol , CA 95472 _____ made by, _____ Gary & Patricia Martin _____

dated _____ 05/08/2007 _____ the following Counter Offer is submitted:

*Purchase Price To Be $565,000, Five Hundred Sixty Five Thousand Dollars*

*Sellers Agent To Pay For Home Protection Plan Not To Exceed $300.00, Three Hundred Dollars*

*Seller Not To Provide Any Financing*

*Property Sold In As-Is Condition*

*Buyer To Provide Seller With Preapproval Letter Within Three Days Of Acceptance*

**OTHER TERMS:** All other terms to remain the same.
**RIGHT TO ACCEPT OTHER OFFERS:** Seller reserves the right to accept any other offer prior to Buyer's written acceptance of this Counter Offer. Acceptance shall not be effective until a copy of this Counter Offer, dated and signed by Buyer, is received by Seller or _____ C21 Alliance/M. Levy/ E. Buckner _____, the Agent of the Seller.
**EXPIRATION:** This Counter Offer shall expire unless written acceptance is delivered to Seller or his or her Agent on or before _____ 5:00 _____ ☐ a.m. ☒ p.m., on (date) _____ 05/10/2007 _____.

Seller _____    Date *05-08-07* Time *8:50*
               Gary Martin

Seller _____    Date *5-8-07* Time *8:50*
               Patricia Martin

## ACCEPTANCE

The undersigned Buyer accepts the above Counter Offer.

Buyer _____    Date _____ Time _____
               Tony mazurowski

Buyer _____    Date _____ Time _____

Receipt of acceptance is acknowledged.

Seller _____    Seller _____
               Gary Martin                                          Patricia Martin

**CAUTION:** The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

FORM 101-A (6-97) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by: TrueForms™ from REVEAL⊕ SYSTEMS, Inc. 800-499-9612

Rcv. by _____
Date _____

**PROFESSIONAL PUBLISHING**

# ADDENDUM — "AS IS" SALE

To Agreement dated ___5/7/07___ , between ___Gary Martin and Patricia Martin___ , Seller
and _____Tony Mazurowski_____ Buyer, concerning property commonly known as
9662 Bodega Hwy, Sebastopol CA _____ ("Property").

The Property being sold is not new and neither Seller nor Seller's agent warrant the condition of the property, which is sold in its present "AS IS" condition. Buyer understands and agrees that Seller, his or her agents or assigns, will not, prior or subsequent to close of escrow, be responsible for the repair, replacement, or modification of any deficiencies, malfunctions or mechanical defects in the material, workmanship, or mechanical components of the structures, improvements, or land, including but not limited to: heating, plumbing, electrical or sewage disposal system, well or other water supply system, drainage or moisture conditions, foundations, air conditioning, hot water heater, pools, spas, solar systems, appliances, roof, or damage by or presence of pests, mold, or other organisms. This provision supersedes all other provisions in the Purchase Agreement regarding the condition of the Property (except those relating to destruction of improvements, risk of loss, compliance with local laws applicable to the sale or transfer of property, and leaving property free of debris and personal property). However, Seller agrees the Property (including all structures, pool, spa, grounds and landscaping) will be maintained and delivered to Buyer at close of escrow in the same or better condition than as of the date of acceptance or, if there is an inspection contingency, as of the time the inspection contingency is removed.

Buyer has been advised to carefully inspect the Property personally, and to obtain inspection reports from qualified experts regarding all systems and features of the Property including boundary lines, lot and dwelling size, roof, plumbing, electrical, appliances, sewers, septic system, soil conditions, foundation, heating, air conditioning, structural components, pool and related equipment, and any possible environmental hazards, pest, or mold infestation or infection.

Seller agrees to permit Buyer and Buyer's representatives reasonable access to the Property to complete the inspections.

Buyer will notify Seller in writing, within the inspection contingency period specified in the purchase agreement (or, if not specified, within ___15___ days from date of acceptance) that the condition of the Property is either acceptable or unacceptable. If the Buyer finds the Property acceptable, Buyer agrees to take the Property in its present "AS IS" condition as of the time the inspection condition is satisfied. Should Buyer find the Property unacceptable, the Buyer has the option of terminating the Purchase Agreement.

Buyer is not relying upon Seller or Seller's agent to investigate and report on the condition of the Property other than conditions known by the Seller or Seller's agent and noted on any disclosure statements that have been provided. In all other respects, Buyer agrees that he or she is relying exclusively upon Buyer's own inspection and that of experts retained by Buyer as to the condition of the physical features of the Property and location of the boundary lines.

The parties understand that, even though this is an "AS IS" sale, the Seller is obligated by law to reveal all known defects of a material nature of which the Seller is aware. The parties do not intend by this Addendum to waive any provision of the law requiring that the Seller or the agents furnish disclosure statements, nor do the parties intend to waive any provisions of local laws requiring inspections or reports.

Buyer _____ Date ___5-8-07___ Buyer _____ Date _____
(Tony Mazurowski)

Seller _____ Date ___05-09-07___ Seller _____ Date ___5-9-07___
(Gary Martin)                                              Patricia Martin

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

FORM 101-NI (10-2003)   COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA   (415) 884-2164
Form Generated by: TrueForms™ from REVEAL SYSTEMS, Inc, 800-499-9612

PROFESSIONAL
PUBLISHING

# STANDARD RESIDENTIAL PURCHASE AGREEMENT

## DEFINITIONS

**BROKER** includes cooperating brokers and all sales persons. **DAYS** means calendar days, midnight to midnight, unless otherwise specified. **BUSINESS DAY** excludes Saturdays, Sundays and legal holidays. **DATE OF ACCEPTANCE** means the date Seller accepts the offer or the Buyer accepts the counter offer. **DELIVERED** means personally delivered, transmitted by facsimile machine, by a nationally recognized overnight courier, or by first class mail, postage prepaid. In the event of mailing, the document will be deemed delivered three (3) business days after deposit; in the event of overnight courier, one (1) business day after deposit; and if by facsimile, at time of transmission provided that a transmission report is generated and retained by the sender reflecting the accurate transmission of the document. Unless otherwise provided in this Agreement or by law, delivery to the agent will constitute delivery to the principal. **DATE OF CLOSING** means the date title is transferred. **TERMINATING THE AGREEMENT** means that both parties are relieved of their obligations and all deposits will be returned to Buyer. **PROPERTY** means the real property and any personal property included in the sale.

**AGENCY RELATIONSHIP CONFIRMATION.** The following agency relationship is hereby confirmed for this transaction and supersedes any prior agency election.

LISTING AGENT: _____Martin Levy / C21 Alliance_____ is the agent of (check one):
(Print Firm Name)

☒ the Seller exclusively; or ☐ both the Buyer and the Seller.

SELLING AGENT: _____Carlos Contreras/ Michael Brinkman_____ (if not the same as the Listing Agent) is the agent of (check one):
(Print Firm Name)

☒ the Buyer exclusively or ☐ the Seller exclusively; or ☐ both the Buyer and the Seller.

*Note: This confirmation DOES NOT take the place of the AGENCY DISCLOSURE form (P.P. Form 110.42 CAL) required by law*

_____Tony Mazurowski_____ hereinafter designated as BUYER, offers to purchase the real property situated in _____sebastopol_____, County of _____Sonoma_____, California, commonly known as _____9682 Bodega Hwy. Sebastopol CA_____

FOR THE PURCHASE PRICE OF $ ____550,000____ (*Five Hundred and Fifty thousand*) dollars) on the following terms and conditions:

☒ Buyer does ☐ Buyer does not intend to occupy the property as his or her residence.

1. **FINANCING TERMS AND LOAN PROVISIONS.** (Buyer represents that the funds required for the initial deposit, additional deposit, cash balance and closing cost are readily available.)

A. $ ____5,000____ DEPOSIT evidenced by ☒ check, or ☐ other: _____ held uncashed until acceptance and not later than three (3) business days thereafter deposited toward the purchase price with _____Financial Title_____

B. $ ____20,000____ ADDITIONAL CASH DEPOSIT to be placed in escrow ☐ within ____ days after acceptance, ☐ upon receipt of Loan Commitment per item 2; ☒ Other: __removal of appraisal & inspection contingencies__.

C. $ ____30,000____ BALANCE OF CASH PAYMENT needed to close, not including closing costs.

D. $ ____440,000____ NEW FIRST LOAN: ☐ CONVENTIONAL, ☐ FHA, ☐ VA, ☐ Other financing acceptable to Buyer:
☐ FIXED RATE: For ____ years, interest not to exceed ____%, payable at approximately $____ per month (principal and interest only), with the balance due in not less than ____ years.
☒ ARM: For __5years__ years, initial interest rate not to exceed ____6____ %, with initial monthly payments of $____ and maximum lifetime rate not to exceed ____%.
☒ Buyer will pay loan fee or points not to exceed ___1.5%___
☒ Lender to appraise property at no less than purchase price prior to loan contingency removal.
☐ If FHA or VA, Seller will pay ____% discount points. Seller will also pay other fees and costs, as required by FHA or VA, not to exceed $____

E. $ _____ EXISTING FINANCING: ☐ ASSUMPTION OF, ☐ SUBJECT TO existing loan of record described as follows:

F. $ ____55,000____ SELLER FINANCING: ☐ FIRST LOAN, ☒ SECOND LOAN, ☐ THIRD LOAN, secured by the property. ☐ Seller Financing Addendum, P.P. Form 131.1-3 CAL, is attached and made a part of this Agreement.

G. $ _____ OTHER FINANCING TERMS:

H. $ ____550,000____ TOTAL PURCHASE PRICE (not including closing costs).

2. **LOAN APPROVAL.** (Please check one of the following):

A. ☐ CONTRACT IS NOT CONTINGENT upon Buyer obtaining a loan.

B. ☒ CONTRACT IS CONTINGENT upon Buyer's ability to obtain commitment for new financing, as set forth above, from a lender or mortgage broker of Buyer's choice, and/or consent to assumption of existing financing provided for in this Agreement, within __30__ days after acceptance. Buyer will in good faith use his or her best efforts to qualify for and obtain the financing and will complete and submit a loan application within five (5) days after acceptance. Buyer ☐ will, ☐ will not provide a ☐ prequalification letter, or ☐ preapproval letter from lender or mortgage broker based on Buyer's application and credit report within ____ days after acceptance. In the event a loan commitment or consent is obtained but not timely honored without fault of Buyer, Buyer may terminate this Agreement.

Buyer ☐ KM ☐ [____] and Seller ☐ GM ☐ jvm ☐ [____] I have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 1 of 7
FORM 101-R.1 CAL (12-2006) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA
Form generated by: TrueForms™   www.TrueForms.com   800-499-9612

PROFESSIONAL PUBLISHING

Property Address: _____ **9662 Bodega Hwy, Sebastopol CA**

3. **BONDS AND ASSESSMENTS.** All bonds and assessments which are part of or paid with the property tax bill will be assumed by the Buyer. In the event there are other bonds or assessments which have an outstanding principal balance and are a lien upon the property, the current installment will be prorated between Seller and Buyer as of the date of closing. Future installments will be assumed by Buyer WITHOUT CREDIT toward the purchase price, EXCEPT AS FOLLOWS: _____

   This Agreement is conditioned upon both parties verifying and approving in writing the amount of any bond or assessment to be assumed or paid within ten (10) days after receipt of the preliminary title report or property tax bill, whichever is later. In the event of disapproval, the disapproving party may terminate this Agreement.

4. **PROPERTY TAX.** Within three (3) days after acceptance, Seller will deliver to Buyer for his or her approval a copy of the latest property tax bill. Buyer is advised that: (a) the property will be reassessed upon change of ownership which may result in a tax increase; and (b) the tax bill may not include certain exempt items such as school taxes on property owned by seniors. Buyer should make further inquiry at the assessor's office. Within five (5) days after receipt of the tax bill, Buyer will in writing approve or disapprove the tax bill. In the event of disapproval, Buyer may terminate this Agreement.

5. **EXISTING LOANS.** Seller will, within three (3) days after acceptance, provide Buyer with copies of all notes and deeds of trust to be assumed or taken subject to. Within five (5) days after receipt Buyer will notify Seller in writing of his or her approval or disapproval of the terms of the documents. Approval will not be unreasonably withheld. Within three (3) days after acceptance, Seller will submit a written request for a current Statement of Condition on the above loan(s). Seller warrants that all loans will be current at close of escrow. Seller will pay any prepayment charge imposed on any existing loan paid off at close of escrow. Buyer will pay the prepayment charge on any loan which is to remain a lien upon the property after close of escrow. The parties are encouraged to consult his or her lender regarding prepayment provisions and any due on sale clauses.

6. **DESTRUCTION OF IMPROVEMENTS.** If the improvements of the property are destroyed, materially damaged, or found to be materially defective as a result of such damage prior to close of escrow, Buyer may terminate this Agreement by written notice delivered to Seller or his or her Broker, and all unused deposits will be returned. In the event Buyer does not elect to terminate this Agreement, Buyer will be entitled to receive, in addition to the property, any insurance proceeds payable on account of the damage or destruction.

7. **EXAMINATION OF TITLE.** In addition to any encumbrances assumed or taken "subject to," Seller will convey title to the property subject only to: (1) real estate taxes not yet due; and (2) covenants, conditions, restrictions, rights of way and easements of record, if any, which do not materially affect the value or intended use of the property.

   Within three (3) days after acceptance, Buyer will order a Preliminary Title Report and copies of CC&Rs and other documents of record if applicable. Within five (5) days after receipt, Buyer will report to Seller in writing any valid objections to title contained in such report (other than monetary liens to be paid upon close of escrow). If Buyer objects to any exceptions to the title, Seller will use due diligence to remove such exceptions at his or her own expense before close of escrow. If such exceptions cannot be removed before close of escrow, this Agreement will terminate, unless Buyer elects to purchase the property subject to such exceptions. If Seller concludes he or she is in good faith unable to remove such objections, Seller will notify Buyer within ten (10) days after receipt of said objections. In that event Buyer may terminate this Agreement.

8. **EVIDENCE OF TITLE** will be in the form of a policy of title insurance, issued by _____ **Financial Title** paid by ☒ Buyer, ☐ Seller, ☐ Other _____. NOTE: In addition to coverage under a standard CLTA policy, the ALTA Owner's Policy, or CLTA Homeowner's Policy of Title Insurance may offer additional coverage for a number of unrecorded matters. Buyer should discuss the type of policy with the title company of their choice at the time escrow is opened. In the event a lender requires an ALTA lender's policy of title insurance, ☒ Buyer, ☐ Seller will pay the premium.

9. **PRORATIONS.** Rents, real estate taxes, interest, payments on bonds and assessments assumed by Buyer, and homeowners association fees will be prorated as of the date of recordation of the deed. Security deposits, advance rentals, or considerations involving future lease credits will be credited to Buyer.

10. **CLOSING.** Full purchase price to be paid and deed to be recorded ☐ on or before _____, OR ☒ within _45_ days of acceptance. Both parties will deposit with an authorized escrow holder, to be selected by Buyer, all funds and instruments necessary to complete the sale in accordance with the terms of this Agreement. ☐ Where customary, signed escrow instructions will be delivered to escrow holder within _5_ days of acceptance. Escrow fee to be paid by ___buyer___. County/City transfer tax(es), if any, to be paid by ___seller___. Homeowner association transfer fee to be paid by ___seller___. Unless the transaction is exempt, the escrow holder is instructed to remit the required tax withholding amount to the Franchise Tax Board from the proceeds of sale. THIS PURCHASE AGREEMENT TOGETHER WITH ANY ADDENDA WILL CONSTITUTE JOINT ESCROW INSTRUCTIONS TO THE ESCROW HOLDER.

11. **PHYSICAL POSSESSION.** Physical possession of the property, with keys to all property locks, alarms, and garage door openers, will be delivered to Buyer (check one):
    ☒ On the date of recordation of the deed, not later than _5_ ☐ a.m., ☒ p.m.;
    ☐ On the _____ day after recordation, not later than _____ ☐ a.m., ☐ p.m.;
    In the event possession is to be delivered before or after recordation, such possession is conditioned upon the execution by both parties of a written occupancy agreement on P.P. Form 103 CAL or 104 CAL, or comparable form, within _____ days after acceptance.

Buyer [A.M.] [       ] and Seller [       ] [       ] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 2 of 7
FORM 101-R.2 CAL (12-2006)  COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA
Form generated by: TrueForms™    www.TrueForms.com    800-499-9612                    ▓ **PROFESSIONAL PUBLISHING**

Property Address: _____ **9662 Bodega Hwy, Sebastopol CA** _____

12. **FIXTURES.** All items permanently attached to the property, including light fixtures and bulbs, attached floor coverings, all attached window coverings, including window hardware, window and door screens, storm sash, combination doors, awnings, TV antennas, burglar, fire, smoke and security alarms (unless leased), pool and spa equipment, solar systems, attached fireplace screens, electric garage door openers with controls, outdoor plants and trees (other than in movable containers), are included in the purchase price free of liens, EXCLUDING: _____

13. **CONDITION OF PROPERTY.** Seller agrees that upon delivery or possession to the Buyer: (a) all built-in appliances included in the sale, and the electrical, plumbing (excluding irrigation systems), heating and cooling systems will be in working order and free of leaks; (b) the roof will be free of leaks; (c) all broken or cracked glass, including mirrors and shower/tub enclosures and broken seals between double-pane windows, will be replaced; (d) any existing window and door screens that are damaged will be repaired. Unless specifically excluded, all of the above are the obligation of the Seller regardless of any disclosures made or conditions discovered by the parties or their agents. The following items are specifically excluded from the above: _____

   Seller's obligations under this provision are not intended to create a duty to repair an item that may fail after possession is delivered. Buyer and Seller acknowledge that Broker is not responsible for any alleged breach of these covenants.

14. **INSPECTIONS OF PROPERTY.** Buyer will have the right to retain, at his or her expense, licensed experts including but not limited to engineers, geologists, architects, contractors, surveyors, arborists, and structural pest control operators to inspect the property for any structural and nonstructural conditions, including matters concerning roofing, electrical, plumbing, heating, cooling, appliances, well, septic system, pool, boundaries, geological and environmental hazards, toxic substances including asbestos, mold, formaldehyde, radon gas, and lead-based paint. Buyer, if requested by Seller in writing, will promptly furnish, at no cost to Seller, copies of all written inspection reports obtained. Buyer will approve or disapprove in writing all inspection reports obtained within fifteen (15) (or _____ ) days after acceptance. In the event of Buyer's disapproval of inspection reports, or discovery of other material facts affecting the value or desirability of the property, Buyer may, within the time stated or mutually agreed upon extension, elect to terminate this Agreement, or invite Seller to negotiate repairs. (See P.P. Form 101-M, Addendum Regarding Removal of Inspection Contingencies.)

15. **ACCESS TO PROPERTY.** Seller agrees to provide reasonable access to the property to Buyer and inspectors, appraisers, and all other professionals representing Buyer.

16. **MAINTENANCE.** Until possession is delivered, Seller will maintain all structures, landscaping, grounds, and pool in the same general condition as of the date of acceptance or physical inspection, whichever is later. Seller agrees to deliver the property in a neat and clean condition with all debris and personal belongings removed.

17. **PERSONAL PROPERTY.** The following personal property, on the premises when inspected by Buyer, is included in the purchase price and will be transferred to Buyer free of liens and property identified by a Bill of Sale at close of escrow. Unless itemized here, personal property is not included in the sale. No warranty is made as to the condition of the personal property: *Personal property of the trailer to be removed from the property*

18. **TRANSFER DISCLOSURE STATEMENT (TDS).** Seller will comply with Civil Code §1102 by providing Buyer with a completed Real Estate Transfer Disclosure Statement (P.P. Form 110.21-23 CAL). The completed statement will consist of disclosure by Seller, Listing Agent, and Selling Agent.
   ☒ Buyer has received and read the completed TDS.
   ☐ Seller will provide to Buyer the completed TDS within __10__ days after acceptance.
   Buyer and Seller agree that any new reports or other disclosure documents received by Buyer from the Seller after receipt of the TDS are automatically deemed an amendment to the TDS. If any disclosure or a material amendment of any disclosure is delivered by the Seller to the Buyer after the execution of an offer to purchase, Buyer will have three (3) days after delivery in person or five (5) days after deposit in the mail to terminate his or her offer by delivery of a written notice of termination to Seller or Seller's Agent.
   Seller agrees to hold all Brokers in the transaction harmless and to defend and indemnify them from any claim, demand, action or proceedings resulting from any omission or alleged omission by Seller in his or her Real Estate Transfer Disclosure Statement or supplement.

19. **SUPPLEMENT TO STATUTORY DISCLOSURE STATEMENT. Within _____ days after acceptance, or earlier if required by law, Seller will provide the following or comparable disclosure supplement(s) to Buyer:**
   ☐ P.P. FORM 110.27 CAL, NATURAL HAZARD DISCL.    ☒ 3RD PARTY NATURAL HAZARD REPORT BY _____ *seller choice*
   ☒ P.P. FORM 110.31-33 CAL, SUPPLEMENT TO TDS    ☒ P.P. FORM 110.35-36 CAL, COMMON INTEREST DISCLOSURE
   ☒ P.P. FORM 110.72, ADDENDUM-SEPTIC SYSTEMS    ☒ P.P. FORM 110.90-92 CAL, STANDARD DISCLOSURES AND DISCLAIMERS
   ☒ P.P. FORM 110.74, LEAD-BASED PAINT DISCLOSURE (for dwellings constructed prior to 1978 - must be delivered prior to acceptance.)
   ☒ P.P. FORM 110.81 CAL, SMOKE DETECTOR/WATER HEATER CERT. ☒ P.P. FORM 110.80 CAL, NOTICE RE SUPPLEMENTAL TAX BILL
   OTHER _____

20. **SAFETY BOOKLETS.** By initialing below, Buyer acknowledges receipt of the following booklets:
   [GW] [_____] *Homeowner's Guide to Environmental Hazards and Earthquake Safety*, including earthquake hazard disclosure form required for homes constructed prior to 1960, and the lead-based paint pamphlet.
   [_____] [_____] *Commercial Property Owner's Guide to Earthquake Safety*, required for certain unreinforced masonry buildings built prior to 1975.

Buyer [GW] [_____] and Seller [GM] [PM] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 3 of 7
FORM 101-R.3 CAL (12-2005) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA
Form generated by: TrueForms™   www.TrueForms.com   800-499-9612

**PROFESSIONAL PUBLISHING**

Property Address: _____ **8567 Bodega Hwy, Sebastopol CA**

21. **WALK-THROUGH INSPECTION.** Buyer will have the right to conduct a walk-through inspection of the property within ___3___ days prior to close of escrow, to verify Seller's compliance with the provisions under Item 12, FIXTURES, Item 13, CONDITION OF PROPERTY, Item 16, MAINTENANCE, and Item 17, PERSONAL PROPERTY. This right is not a condition of this Agreement, and Buyer's sole remedy for an alleged breach of these items is a claim for damages. Utilities are to remain turned on until transfer of possession.

22. **COMPLIANCE WITH LOCAL LAWS.** Seller will comply with any local laws applicable to the sale or transfer of the property, including but not limited to: Providing inspections and reports for compliance with local building and permit regulations, including septic system inspection reports; compliance with minimum energy conservation standards; and compliance with water conservation measures. All required inspections and reports will be ordered within three (3) days after acceptance and will be paid by ☐ Seller, ☒ Buyer. If Seller does not agree within five (5) days after receipt of a report to pay the cost of any repair or improvement required to comply with such laws, Buyer may terminate this Agreement. It is understood that if Seller has given notice that necessary permits or final approvals were not obtained for some improvements, Seller will not be responsible for bringing the improvements into compliance unless otherwise agreed.

23. **OPTIONAL PROVISIONS.** The provisions in this Item 23, IF INITIALED BY BUYER are included in this Agreement.

23-A. [____] [____] **MAINTENANCE RESERVE.** Seller agrees to leave in escrow a maintenance reserve in the amount of $ _____ If, in the reasonable opinion of a qualified technician, any of the equipment listed under Item 13, CONDITION OF PROPERTY, is not in working order, Buyer will furnish Seller a copy of the technician's inspection report and/or submit written notice to Seller of non-compliance of any of the terms under Item 13, CONDITION OF PROPERTY, within five (5) days after occupancy is delivered.
In the event Seller fails to make the repairs and/or corrections within five (5) days after receipt of said report or notice, Seller authorizes the escrow holder to disburse to Buyer against bills for such repairs or corrections the sum of such bills, not to exceed the amount reserved. Said reserve will be disbursed to Buyer or returned to Seller not later than fifteen (15) days after date occupancy is delivered.

23-B. [A.M] [C.M] **HOME PROTECTION CONTRACT,** paid for by ☐ Buyer, ☒ Seller, will become effective upon close of escrow for not less than one year at a cost not to exceed $ __300.00__ . The Brokers have informed both parties that such protection programs are available, but do not approve or endorse any particular program. Unless this provision is initialed, Buyer understands that such a protection plan is waived.

23-C. [____] [____] **COMMON INTEREST DEVELOPMENT DISCLOSURE.** Within ten (10) days after acceptance, Seller, at his or her expense, agrees to provide to Buyer the management documents and other information required by California Civil Code §1368. Within five (5) days after receipt, Buyer will notify Seller in writing of approval or disapproval of the documents and information. In case of disapproval, Buyer may terminate this Agreement.
Any delinquent assessments including penalties, attorney's fees, and other charges that are or could become a lien on the property will be credited to Buyer at close of escrow.

23-D. [____] [____] **PROBATE/CONSERVATORSHIP SALE.** Pursuant to the California Probate Code, this sale is subject to court approval at which time the court may allow open competitive bidding. An "AS IS" Addendum (P.P. Form 101-AI) ☐ is, ☐ is not attached and made a part of this Agreement.

23-E. [____] [____] **RENTAL PROPERTY.** If checked ☐ property will be vacated no less than five (5) (or ☐ _____ ) days prior to close of escrow. If not checked, Buyer to take property subject to rights of parties in possession on leases or month-to-month tenancies. Within five (5) days after acceptance, Seller will deliver to Buyer for his or her approval copies of the following documents: (a) existing leases and rental agreements with tenants estoppel certificates; (b) any outstanding notices sent to tenants; (c) a written statement of all oral agreements with tenants; (d) existing defaults by Seller or tenants; (e) claims made by or to tenants; (f) a statement of all tenants deposits held by Seller; (g) a complete statement of rental income and expenses; (h) and any service and equipment rental contracts with respect to the property which run beyond close of escrow. Seller warrants all of this documentation to be true and complete.
Within five (5) days after receipt of documents, Buyer will notify Seller in writing of approval or disapproval of the documents. In case of disapproval, Buyer may terminate this Agreement. During the escrow period of this transaction Seller agrees that no changes in the existing leases or rental agreements will be made, nor new leases or rental agreements longer than month to month entered into, nor will any substantial alterations or repairs be made or undertaken without the written consent of the Buyer. Security deposits, advance rentals, or considerations involving future lease credits will be credited to Buyer in escrow.

23-F. [____] [____] **RENT CONTROL ORDINANCE.** Buyer is aware that a local ordinance is in effect which regulates the rights and obligations of property owners. It may also affect the manner in which future rents can be adjusted.

23-G. [____] [____] **TAX DEFERRED EXCHANGE (INVESTMENT PROPERTY).** In the event that Seller wishes to enter into a tax deferred exchange for the property, or Buyer wishes to enter into a tax deferred exchange with respect to property owned by him or her in connection with this transaction, each of the parties agrees to cooperate with the other party in connection with such exchange, including the execution of such documents as may be reasonably necessary to complete the exchange; provided that: (a) the other party will not be obligated to delay the closing; (b) all additional costs in connection with the exchange will be borne by the party requesting the exchange; (c) the other party will not be obligated to execute any note, contract, deed or other document providing for any personal liability which would survive the exchange; and (d) the other party will not take title to any

Buyer [A.M] [____] and Seller [G.M] [P.M] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 4 of 7
FORM 101-R4 CAL (12-2008)   COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA
Form generated by: TrueForms™    www.TrueForms.com    800-499-9612

PROFESSIONAL PUBLISHING

Property Address: _____ 9562 Bodega Hwy, Sebastopol CA _____

property other than the property described in this Agreement. It is understood that a party's rights and obligations under this Agreement may be assigned to a third party intermediary to facilitate the exchange. The other party will be indemnified and held harmless against any liability which arises or is claimed to have arisen on account of the exchange.

24. **CONTINGENT ON SALE.** (Please check one of the following):

    A. ☒ **CONTRACT IS NOT CONTINGENT** upon the sale or close of any property owned by Buyer.

    B. ☐ **CONTRACT IS CONTINGENT** on Buyer's Property at _____ which is in escrow and concerning which all contingencies ☐ have, ☐ have not been satisfied, closing on or before _____. If Buyer's escrow is terminated, abandoned, or does not close on time, this Agreement will terminate without further notice unless the parties agree otherwise in writing.

    C. ☐ **CONTRACT IS CONTINGENT** on Buyer accepting an offer for his or her property at _____ within _____ days after acceptance of this Agreement, and that sale closing on or before _____. Seller will have the right to continue to offer the property for sale. When Buyer has accepted an offer on the sale of his or her property, Buyer will promptly deliver a written notice of the sale to Seller. If Buyer's purchase agreement is subject to the sale of another property, it does not qualify without the written consent of Seller. Upon delivering notice of the qualified sale, this Agreement will still be contingent on Buyer's property closing as specified in this item 24-C. If Buyer's escrow is terminated, abandoned, or does not close on time, this Agreement will terminate without further notice unless the parties agree otherwise in writing.

        If Seller accepts a bonafide written offer from a third party prior to Buyer's delivery of notice of acceptance of an offer on the sale of Buyer's property, Seller may give Buyer written notice of that fact. Within three (3) days of receipt of the notice, Buyer will waive the contingency of the sale and close of his or her property, or this Agreement will terminate without further notice. In order to be effective, the waiver of contingency must be accompanied by reasonable evidence that funds needed to close escrow will be available and Buyer's ability to obtain financing is not contingent upon the sale and/or close of any property.

25. **DEFAULT.** In the event Buyer defaults in the performance of this Agreement (unless Buyer and Seller have agreed to liquidated damages), Seller may, subject to any rights of Broker, retain Buyer's deposit to the extent of damages sustained and may take such actions as he or she deems appropriate to collect such additional damages as may have been actually sustained. Buyer will have the right to take such action as he or she deems appropriate to recover such portion of the deposit as may be allowed by law. In the event that Buyer defaults (unless Buyer and Seller have agreed to liquidated damages) Buyer agrees to pay the Broker(s) any commission that would be payable by Seller in the absence of such default.

26. **ATTORNEY FEES.** In any action, arbitration, or other proceeding involving a dispute between Buyer and Seller arising out of the execution of this Agreement or the sale, whether for tort or for breach of contract, and whether or not brought to trial or final judgment, the prevailing party will be entitled to receive from the other party a reasonable attorney fee, expert witness fees, and costs to be determined by the court or arbitrator(s).

27. **EXPIRATION OF OFFER.** This Offer will expire unless acceptance is delivered to Buyer or to _____ *Carlos Contreras* _____ (Buyer's Broker) on or before (date) _____ *5/10/07* _____ (time) _____ *12:00 noon* _____ ☐ a.m. ☒ p.m.

28. **COUNTERPARTS.** This Agreement may be executed in one or more counterparts, each of which is deemed to be an original.

29. **CONDITIONS SATISFIED/WAIVED IN WRITING.** Each condition or contingency, covenant, approval or disapproval will be satisfied according to its terms or waived by written notice delivered to the other party or his or her Broker.

30. **TIME.** Time is of the essence of this Agreement; provided, however, that if either party fails to comply with any contingency in this Agreement within the time limit specified, this Agreement will not terminate until the other party delivers written notice to the defaulting party requiring compliance within 24 hours after receipt of notice. If the party receiving the notice fails to comply within the 24 hours, the non-defaulting party may terminate this Agreement without further notice. It is understood that neither the making of deposits nor the close of escrow is a contingency.

31. **LIQUIDATED DAMAGES.** By initialing in the spaces below.

[ GM ] [ _____ ] Buyer agrees          [ _____ ] [ _____ ] Buyer does not agree
[ GM ] [ PM ] Seller agrees            [ _____ ] [ _____ ] Seller does not agree

that in the event Buyer defaults in the performance of this Agreement, Seller will retain as liquidated damages the deposit set forth in items 1-A and 1-B, and that said liquidated damages are reasonable in view of all the circumstances existing on the date of this Agreement. If the property is a dwelling with no more than four (4) units, one of which Buyer intends to occupy as his or her residence, the liquidated damages will not exceed three percent (3%) of the purchase price and any deposit in excess of that amount will be refunded to Buyer. In the event that Buyer defaults and has not made the deposit required under item 1-B, or refuses to execute liquidated damage provision with respect to additional deposits, then Seller will have the option of retaining the initial deposit(s) that have been made, or terminating the obligations of the parties under this item 31 and recovering such damages from Buyer as may be allowed by law. The parties understand that in case of dispute mutual cancellation instructions are necessary to release funds from escrow or trust accounts.

Buyer [ GM ] [ _____ ] and Seller [ GM ] [ PM ] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

Page 6 of 7

FORM 101-PUB CAL (12-2005) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by: TrueForms™   WWW.TrueForms.com   800-499-9612

PROFESSIONAL PUBLISHING

MAY-08-2007 TUE 09:56 AM M m i n L e w FAX NO. (707)303-3340 P. 01

MAY-08-19955  rmg  Doc 8245-9  Filed 04/07/10  Entered 04/12/10 17:24:44  Attachment
05/07/2007  03:47  707585-74  LASTECLR  10  Pg 35 of 57

Property Address: **9662 Bodega Hwy, Sebastopol CA**

**32.** **MEDIATION OF DISPUTES.** If a dispute arises out of or relates to this Agreement or its breach, by initialing in the "agree" spaces below the parties agree to first try in good faith to settle the dispute by voluntary mediation before resorting to court action or arbitration, unless the dispute is a matter excluded under Item 33-ARBITRATION. The fees of the mediator will be shared equally between all parties to the dispute. If a party initials the "agree" space and later refuses mediation, that party will not be entitled to recover prevailing party attorney fees in any subsequent action.

[ GM ] [    ] Buyer agrees          [    ] [    ] Buyer does not agree
[ GM ] [ PM ] Seller agrees         [    ] [    ] Seller does not agree

**33.** **ARBITRATION OF DISPUTES.** Any dispute or claim in law or equity between the Buyer and Seller arising out of this Agreement will be decided by neutral binding arbitration in accordance with the California Arbitration Act (C.C.P. §1280 et seq.), and not by court action except as provided by California law for judicial review of arbitration proceedings. If the parties cannot agree upon an arbitrator, a party may petition the Superior Court of the county in which the property is located for an order compelling arbitration and appointing an arbitrator. Service of the petition may be made by first class mail, postage prepaid, to the last known address of the party served. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The parties will have the right to discovery in accordance with Code of Civil Procedure §1283.05.

The parties agree that the following procedure will govern the making of the award by the arbitrator: (a) a Tentative Award will be made by the arbitrator within 30 days following submission of the matter to the arbitrator; (b) the Tentative Award will explain the factual and legal basis for the arbitrator's decision as to each of the principal controverted issues; (c) the Tentative Award will be in writing unless the parties agree otherwise; provided, however, that if the hearing is concluded within one (1) day, the Tentative Award may be made orally at the hearing in the presence of the parties. Within ten (10) days after the Tentative Award has been served or announced, any party may serve objections to the Tentative Award. Upon objections being timely served, the arbitrator may call for additional evidence, oral or written argument, or both. If no objections are filed, the Tentative Award will become final without further action by the parties or arbitrator. Within thirty (30) days after the filing of objections, the arbitrator will either make the Tentative Award final or modify or correct the Tentative Award, which will then become final as modified or corrected.

The provisions of C.C.P. §128.5 authorizing the imposition of sanctions as a result of bad faith actions or tactics will apply to the arbitration proceedings. A prevailing party will also be entitled to an action for malicious prosecution if the elements of such cause of action are met.

The following matters are excluded from arbitration: (a) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or real property sales contract as defined in Civil Code §2985; (b) an unlawful detainer action; (c) the filing or enforcement of a mechanic's lien; (d) any matter which is within the jurisdiction of a probate court, bankruptcy court, or small claims court; or (e) an action for bodily injury or wrongful death. The filing of a judicial action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, will not constitute a waiver of the right to arbitrate under this provision.

NOTICE: By initialing in the ["agree"] space below you are agreeing to have any dispute arising out of the matters included in the "Arbitration of Disputes" provision decided by neutral arbitration as provided by California law and you are giving up any rights you might possess to have the dispute litigated in a court or jury trial. By initialing in the ["agree"] space below you are giving up your judicial rights to discovery and appeal, unless those rights are specifically included in the "Arbitration of Disputes" provision. If you refuse to submit to arbitration after agreeing to this provision, you may be compelled to arbitrate under the authority of the California Code of Civil Procedure. Your agreement to this arbitration provision is voluntary.

We have read and understand the foregoing and agree to submit disputes arising out of the matters included in the "Arbitration of Disputes" provision to neutral arbitration.

[    ] [    ] Buyer agrees          [ GM ] [    ] Buyer does not agree
[    ] [    ] Seller agrees         [ GM ] [ PM ] Seller does not agree

**34.** **SURVIVAL.** The omission from escrow instructions of any provision in this Agreement will not waive the right of any party. All representations or warranties will survive the close of escrow.

**35.** **ENTIRE AGREEMENT/ASSIGNMENT PROHIBITED.** This document contains the entire agreement of the parties and supersedes all prior agreements with respect to the property which are not expressly set forth. This Agreement may be modified only in writing signed and dated by both parties. Buyer may not assign any right under this agreement without the prior written consent of Seller. Any such assignment will be void and unenforceable.

**36.** **ADDENDA.** The following addenda are attached and made a part of this Agreement:
☐ Addendum No. _____
☐ Addendum No. _____

**37.** **ADDITIONAL TERMS AND CONDITIONS.**
*Property to appraise for purchase price, Buyer to order and pay for appraisal.*

_____
_____
_____
_____

Buyer [ GM ] [    ] and Seller [ GM ] [ PM ] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

Page 5 of 7
FORM 101-R.6 CAL (12-2005)  COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA
Form generated by: TrueForms™  www.TrueForms.com  800-499-9612

**PROFESSIONAL PUBLISHING**

Property Address: _____ 9662 Bodega Hwy, Sebastopol CA _____

NOTICE: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at http://www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

LIMITATION OF AGENCY: A real estate broker or agent is qualified to advise on real estate. If you have any questions concerning the legal sufficiency, legal effect, insurance, or tax consequences of this document or the related transactions, consult with your attorney, accountant or insurance advisor.

The undersigned Buyer acknowledges that he or she has thoroughly read and approved each of the provisions of this offer and agrees to purchase the property for the price and on the terms and conditions specified. Buyer acknowledges receipt of a copy of this offer.

Buyer _Graham mn_____ Date _5-7-07___ Time _5:00 PM_
              Tony Mazurowski

Buyer _____ Date _____ Time _____

Address _____

## ACCEPTANCE

Seller accepts the foregoing Offer and agrees to sell the property for the price and on the terms and conditions specified.

NOTICE: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between the Seller and Broker.

38.   COMMISSION. Seller agrees to pay in cash the following real estate commission for services rendered, which commission Seller hereby irrevocably assigns to Broker(s) from escrow:
      _____% of the accepted price, or $_____, to the listing Broker:  _Martin Levy/ C21 Alliance____, and
      _____3% of the accepted price, or $_____, to the selling Broker:  _Carlos Contreras/ Michael Brinkman_
      without regard to the agency relationship. Escrow instructions with respect to commissions may not be amended or revoked without the written consent of the Broker(s).
          If Seller receives liquidated or other damages upon default by Buyer, Seller agrees to pay Broker(s) the lesser of the amount provided for above or one half of the damages after deducting any costs of collection, including reasonable attorney fees.
          Commission will also be payable upon any default by Seller, or the mutual rescission by Buyer and Seller without the written consent of the Broker(s), which prevents completion of the purchase. This Agreement will not limit the rights of Broker and Seller provided for in any existing listing agreement.
          In any action for commission the prevailing party will be entitled to reasonable attorney fees whether or not the action is brought to trial or final judgment.

39.   PROVISIONS TO BE INITIALED. The following items must be "agreed to" by both parties to be binding on either party. In the event of disagreement, Seller should make a counter offer.

          Item 31. LIQUIDATED DAMAGES        Item 32. MEDIATION OF DISPUTES        Item 33. ARBITRATION OF DISPUTES

Seller acknowledges receipt of a copy of this Agreement. Authorization is hereby given the Broker(s) in this transaction to deliver a signed copy to Buyer and to disclose the terms of purchase to members of a Multiple Listing Service, Board or Association of REALTORS® at close of escrow.

40.   IF CHECKED ☒ ACCEPTANCE IS SUBJECT TO ATTACHED COUNTER OFFER DATED _05/08/2007_

Seller _Gary Martin_____          Seller _Patricia Martin_____
              (Signature)                                    (Signature)

      _Gary Martin_                                _Patricia Martin_
      (Please Print Name)                          (Please Print Name)

Date _05-08-07_ Time _8:50_          Date _05-8-07_ Time _8:50_

Address _9662 Bodega Hwy_
_Sebastopol Ca 95472_

                                                       Rev. by _____
                                                       Date _____

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 7 of 7
FORM 101-R.7 CAL (12-2006)  COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by: TrueForms™    www.TrueForms.com    800-499-9612

                                                       🏢 PROFESSIONAL
                                                          PUBLISHING

# DISCLOSURE REGARDING
# REAL ESTATE AGENCY RELATIONSHIP
### (As required by the Civil Code - Confirmation Separate)

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

## SELLER'S AGENT

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
**To the Seller:**
    A fiduciary duty of utmost care, integrity, honesty, and loyalty in dealings with the Seller.
**To the Buyer and the Seller:**
    (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b) A duty of honest and fair dealing and good faith.
    (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.
An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## BUYER'S AGENT

A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
**To the Buyer:**
    A fiduciary duty of utmost care, integrity, honesty, and loyalty in dealings with the Buyer.
**To the Buyer and the Seller:**
    (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b) A duty of honest and fair dealing and good faith.
    (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## AGENT REPRESENTING BOTH SELLER AND BUYER

A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.

In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
    (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either Seller or the Buyer.
    (b) Other duties to the Seller and the Buyer as stated above in their respective sections.

In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction.

This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on the reverse hereof. Read it carefully.

I/We have read this disclosure and acknowledge receipt of a copy.

| | | | |
|---|---|---|---|
| Buyer/Seller | _Cathy M ma_ <br> *Tony Mastriguard* | Date | _5-7-07_ |
| Buyer/Seller | _(signature)_ | Date | _03-08-07_ |
| Buyer/Seller | _Patricia Martin_ | Date | _5-8-07_ |
| Buyer/Seller | _____ | Date | _____ |
| Agent | _Carlos Contreras_ <br> (Print Name of Agent/Broker) | | |
| By | _(signature)_ <br> (Associate License Signature) | Date | _5-16-07_ |

**CAUTION:** The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

FORM 110.42 CAL (8-97) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA
Form generated by: TrueForms™   www.TrueForms.com   800-499-9612

| Rev. by |  |
|---|---|
| Date |  |

**PROFESSIONAL PUBLISHING**

# CHAPTER 2 OF TITLE 9 OF PART 4 OF DIVISION 3 OF THE CIVIL CODE

Article 2.5. Agency Relationships in Residential Real Property Transactions

§2079.13.  As used in Sections 2079.14 to 2079.24, inclusive, the following terms have the following meanings:

(a) "Agent" means a person acting under provisions of Title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 6 (commencing with Section 10130) of Part I of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained.

(b) "Associate licensee" means a person who is licensed as a real estate broker or salesperson under Chapter 6 (commencing with Section 10130) of Part I of Division 4 of the Business and Professions Code and who is either licensed under a broker or has entered into a written contract with a broker to act as the broker's agent in connection with acts requiring a real estate license and to function under the broker's supervision in the capacity of an associate licensee.

The agent in the real property transaction bears responsibility for his or her associate licensees who perform acts with the agent. When an associate licensee owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the associate licensee functions.

(c) "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee.

(d) "Dual agent" means an agent acting, either directly or through an associate licensee, as agent for both the seller and the buyer in a real property transaction.

(e) "Listing agreement" means a contract between an owner of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer.

(f) "Listing agent" means a person who has obtained a listing of real property to act as an agent for compensation.

(g) "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the listing agent.

(h) "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property.

(i) "Offer to purchase" means a written contract executed by a buyer acting through a selling agent which becomes the contract for the sale of the real property upon acceptance by the seller.

(j) "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property which constitutes or is improved with one to four dwelling units, any leasehold in this type of property exceeding one year's duration, and mobile homes, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code.

(k) "Real property transaction" means a transaction for the sale of real property in which an agent is employed by one or more of the principals to act in that transaction, and includes a listing or an offer to purchase.

(l) "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer, and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration.

(m) "Seller" means the transferor in a real property transaction, and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor.

(n) "Selling agent" means a listing agent who acts alone, or an agent who acts in cooperation with a listing agent, and who sells or finds and obtains a buyer for the real property, or an agent who locates property for a buyer or who finds a buyer for a property for which no listing exists and presents an offer to purchase to the seller.

(o) "Subagent" means a person to whom an agent delegates agency powers as provided in Article 5 (commencing with Section 2349) of Chapter 1 of Title 9. However, "subagent" does not include an associate licensee who is acting under the supervision of an agent in a real property transaction.

§ 2079.14.  Listing agents and selling agents shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and, except as provided in subdivision (c), shall obtain a signed acknowledgment of receipt from that seller or buyer, except as provided in this section or Section 2079.15, as follows:

(a) The listing agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement.

(b) The selling agent shall provide the disclosure form to the seller as soon as practicable prior to presenting the seller with an offer to purchase, unless the selling agent previously provided the seller with a copy of the disclosure form pursuant to subdivision (a).

(c) Where the selling agent does not deal on a face-to-face basis with the seller, the disclosure form prepared by the selling agent may be furnished to the seller (and acknowledgment of receipt obtained for the selling agent from the seller) by the listing agent, or the selling agent may deliver the disclosure form by certified mail addressed to the seller at his or her last known address, in which case no signed acknowledgment of receipt is required.

(d) The selling agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase, except that if the offer to purchase is not prepared by the selling agent, the selling agent shall present the disclosure form to the buyer not later than the next business day after the selling agent receives the offer to purchase from the buyer.

§ 2079.15.  In any circumstances in which the seller or buyer refuses to sign an acknowledgment of receipt pursuant to Section 2079.14, the agent, or an associate licensee acting for an agent, shall set forth, sign, and date a written declaration of the facts of the refusal.

§ 2079.17.  (a) As soon as practicable, the selling agent shall disclose to the buyer and seller whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively.

(b) As soon as practicable, the listing agent shall disclose to the seller whether the listing agent is acting in the real property transaction exclusively as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the listing agent prior to or coincident with the execution of that contract by the seller.

(c) The confirmation required by subdivisions (a) and (b) shall be in the following form:

_____  is the agent of (check one);              _____  is the agent of (check one);
(Name of Listing Agent)                                          (Name of Selling Agent if not the same as the Listing Agent)
☐ the seller exclusively; or                                     ☐ the buyer exclusively; or
☐ both the buyer and seller.                                     ☐ the seller exclusively; or
                                                                 ☐ both the buyer and seller.

(d) The disclosure and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14.

§ 2079.18.  No selling agent in a real property transaction may act as an agent for the buyer only, when the selling agent is also acting as the listing agent in the transaction.

§ 2079.19.  The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

§ 2079.20.  Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

§ 2079.21.  A dual agent shall not disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express written consent of the seller. A dual agent shall not disclose to the seller that the buyer is willing to pay a price greater than the offering price, without the express written consent of the buyer.

This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

§ 2079.22.  Nothing in this article precludes a listing agent from also being a selling agent, and the combination of these functions in one agent does not, of itself, make that agent a dual agent.

§ 2079.23.  A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

§ 2079.24.  Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

## Property Details

For Property Located At
**9662 Bodega Hwy
Sebastopol, CA 95472-3009
Sonoma County**

### Owner Info:

| | | | |
|---|---|---|---|
| Owner Name: | Martin Gary | Tax Billing Zip+4: | 3010 |
| Owner Name 2: | Martin Patricia Jo | Recording Date: | 02/10/1999 |
| Tax Billing Address: | 117 Montgomery Rd | Annual Tax: | $2,793 |
| Tax Billing City & State: | Sebastopol, CA | County Use Code: | Rural Resid-1 Resid |
| Tax Billing Zip: | 95472 | Universal Land Use: | Rural Homesite |

### Location Info:

| | | | |
|---|---|---|---|
| School District: | W Sonoma Un | Panel Date: | 04/02/1991 |
| Census Tract: | 1536.00 | Flood Zone Code: | X |
| Carrier Route: | C014 | Zoning: | Da20 |
| Flood Zone Panel: | 0603750690B | Map Page/Grid: | 402-G4 |

### Tax Info:

| | | | |
|---|---|---|---|
| Tax ID: | 077-110-057 | Land Assessment: | $89,257 |
| Tax Year: | 2006 | Improved Assessment: | $155,543 |
| Annual Tax: | $2,793 | Total Assessment: | $244,800 |
| Homestead: | Homeowner | % Improv: | 64% |
| Assessment Year: | 2006 | Tax Area: | 159000 |

### Characteristics:

| | | | |
|---|---|---|---|
| Lot Sq Ft: | 39450 | Bedrooms: | 3 |
| Lot Acres: | .9056 | Total Baths: | 1 |
| Style: | Square Design | Full Baths: | 1 |
| Building Sq Ft: | 1,080 | Cooling Type: | Building |
| Stories: | 1 | Garage Type: | Garage |
| Quality: | Average | Garage Sq Ft: | 576 |
| Total Units: | 1 | Construction: | Wood Frame/Cb |
| Total Rooms: | 4 | Year Built: | 1963 |

### Last Market Sale:

| | | | |
|---|---|---|---|
| Recording Date: | 02/10/1999 | Owner Name: | Martin Gary |
| Document No: | 18321 | Owner Name 2: | Martin Patricia Jo |
| Deed Type: | Quit Claim Deed | Seller: | Valdez Edward A |

### Sales History:

| Recording Date: | 03/22/1999 | 03/19/1999 | 02/10/1999 | 07/14/1992 |
|---|---|---|---|---|
| Nominal: | Y | Y | | |
| Buyer Name: | Martin Gary & Patricia J | Martin Gary | Martin Gary & Patricia J | Valdez Edward A & Catherine E |
| Seller Name: | | Martin Gary & Patricia Jo & Valdez E & C | Valdez Edward A | Martin Gary & Patricia Jo & Valdez Edwa |
| Document No: | 36330 | 36329 | 18321 | 85522 |
| Document Type: | Grant Deed | Affidavit | Quit Claim Deed | Grant Deed |

### Mortgage History:

| Mortgage Date: | 05/24/2006 | 07/08/2005 | 05/10/2004 | 09/17/2002 |
|---|---|---|---|---|
| Mortgage Amt: | $60,000 | $305,000 | $30,000 | $265,000 |
| Mortgage Lender: | World Svgs Bk Fsb | World Svgs Bk Fsb | World Svgs Bk Fsb | World Svgs Bk Fsb |

| Mortgage Type: | Conventional | Conventional | Conventional | Conventional |

Courtesy of MICHAEL BRINKMAN
BAREIS

The data within this report is compiled by First American Real Estate Solutions from public and private sources. If desired, the accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.



# FINANCIAL
# TITLE COMPANY

## PRELIMINARY REPORT
### Amended A

Bear Financial Group
Attn: Carlos Contreras
6020 Commerce Blvd., #127
Rohnert Park, CA 94928

<u>Branch:</u>
**1322 Fourth Street**
**Santa Rosa, CA  95404**

Phone: **(707) 284-3700  Fax: (707) 636-0499**
Contact: **Cinda Giberson/SH2 /jan**

<u>Property Address:</u>
**117 Montgomery Road**
**Sebastopol, CA  95472**

Order Number:  **10010867-659-CG1**

Other Reference:
Buyer/Borrower:
**Anthony M. Mazurowski**

In response to the above referenced application for a policy of title insurance, this Company reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an Exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.  The printed Exceptions and Exclusions from the coverage of said Policy or Policies are set forth in Exhibit A attached.

**Please read the exceptions shown or referred to below and the Exceptions and Exclusions set forth in Exhibit A of this report carefully.  The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.  This report (and any supplements hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby.  If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.**

The form of policy of title insurance contemplated by this report is:

**Eagle Owner's and ALTA Lender's Policy**

Dated as of **April 27, 2007** at 7:30 a.m.

The estate or interest in the land hereinafter described or referred to covered by this Report is:

**A Fee**

Title to said estate or interest at the date hereof is vested in:

**GARY MARTIN AND PATRICIA JO MARTIN, HUSBAND AND WIFE, AS JOINT TENANTS**

Page No. 2
Order No. **10010867-659-CG1**

# LEGAL DESCRIPTION

**The land referred to in this Report is described as follows**:

All that certain real property situated in the Unincorporated Area, County of Sonoma, State of California, described as follows:

Beginning at a point in the centerline of Sebastopol to Freestone County Road as shown on the map recorded in Book 43 of Maps at Pages 45-51, inclusive, Sonoma County Records, at its intersection with the East line of that 2.02 acre parcel described in the deed recorded in Book 395 at Page 404, Official Records, being also the Southwest corner of the lands of Stone, said point bears South 29° 58' 50" East, 25.8 feet from a ¾" pipe set in the fence; thence from said point of beginning and along said centerline North 70° 52' East (deed shown North 70° 45' East, map shows North 71° 39' East) 35.26 feet; thence along a curve to the left having a radius of 1600 feet, a distance of 160.17 feet to a point which bears South 29° 42' 10" East, 21.8 feet from a 4 by 4 redwood fence corner post; thence leaving said centerline North 29° 42' 10" West, 21.8 feet to a said 4 by 4 redwood fence post; thence continuing North 29° 42' 10" West and along a fence line, 118.71 feet to a fence corner; thence along a fence South 62° 42' 30" West, 58.78 feet to a fence corner; thence along a fence line North 31° 10' 50" West, 145.00 feet to a point which bears South 31° 10' 50" East, 105.21 feet from a ¾" iron pipe set in an angle point in said fence, said pipe being the most Easterly corner of the aforesaid deed recorded in Book 395 at Page 404, Official Records; thence leaving said fence South 67° 08' 10" West, 134.37 feet to a point in the Westerly line of said lands of Stone, said point bears South 29° 58' 50" East, 15.00 feet from a ¾" iron pipe as described in the aforesaid deed recorded in Book 395 at page 404, Official Records; thence along said Westerly line South 29° 58' 50" (deed shows South 30° 05' East) 259.49 feet to a ¾" iron pipe; thence continuing South 29° 58' 50" East, 25.8 feet to the point of beginning.

**APN: 077-110-057**
**ARB: None**

Page No. 3
Order No. **10010867-659-CG1**

**At the date hereof exceptions to coverage in addition to the printed Exceptions and Exclusions in said
policy would be as follows:**

**EXCEPTIONS:**

1. General and special taxes and assessments for the fiscal year 2007-2008, a lien not yet due or payable.

2. The lien of supplemental taxes, if any, assessed pursuant to Chapter 3.5 commencing with Section 75 of
   the California Revenue and Taxation Code.

3. Water rights, claims or title to water, whether or not shown by the public records.

4. Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a
   correct survey would disclose, and which are not shown by public records.

5. Rights of the public in and to that portion of the land lying within Sebastopol-Freestone Road.

6. Any adverse claim based upon the assertion that:

   A.  Some portion of the herein stated land has been created by artificial means or has
   accreted to such portion so created.
   B.  Some portion of the herein stated land has been brought within the boundaries thereof by an avulsive
   movement of the unnamed creek, or has been formed by accretion to any such portion.

7. A public easement for navigation and the incidents of navigation such as boating, fishing, swimming,
   hunting and other recreational uses in and under the unnamed creek and including a public right of
   access to the water.

8. Any rights, interests or easements in favor of the public which exist or are claimed to exist over any
   portion of the land covered by water.

9. An easement for right of way and incidental purposes, recorded August 25, 1965 in Book 2151 of
   Official Records, Page 855.

   In Favor of:    Sonoma County Flood Control District (No representation is given as to the current
                   ownership of said easement)

10. A deed of trust to secure an original indebtedness of $305,000.00 recorded July 8, 2005 as Document
    No. 2005097768 of Official Records.

    Dated:          June 29, 2005
    Trustor:        Gary Martin and Patricia Jo Martin, Husband and Wife
    Trustee:        Golden West Savings Association Service Co., a California corporation
    Beneficiary:    World Savings Bank, FSB, Its Successors and/or Assignees, a Federal Savings Bank

Page No. 4
Order No. **10010867-659-CG1**

    Loan No:    0029752961

11.    A deed of trust to secure an original indebtedness of $60,000.00 recorded May 24, 2006 as Document No. 2006064824 of Official Records.

| | |
|---|---|
| Dated: | May 16, 2006 |
| Trustor: | Gary Martin and Patricia Jo Martin, Husband and Wife |
| Trustee: | Golden West Savings Association Service Co., a California corporation |
| Beneficiary: | World Savings Bank, FSB, Its Successors and/or Assignees, a Federal Savings Bank |

    Loan No:    0032362881

The above deed of trust states that it secures a line of credit. Before the close of escrow, we require evidence satisfactory to us that (a) all checks, credit cards or other means of drawing upon the line of credit have been surrendered to escrow, (b) the borrower has not drawn upon the line of credit since the last transaction reflected in the lender's payoff demand, and (c) the borrower has in writing instructed the beneficiary to terminate the line of credit using such forms and following such procedures as may be required by the beneficiary.

12.    Statement of information from Gary Martin.

Page No. 5
Order No. **10010867-659-CG1**

**NOTES:**

*Privacy Promise For Customers*

We will not reveal non-public personal customer information to any
external non-affiliated organization unless we have been authorized
by the customer, or are required by law.

Occasionally, due to certain market conditions, it may not be possible to deliver policies of title insurance in a
time frame that our clients request. Should you have individual needs please contact the title operation that
issued this report. We recognize, appreciate and understand your needs.

a.   STR applies: YES

b.   This report does not reflect requests for notice of default, requests for notice of delinquency, subsequent
transfers of easements, and similar matters not germane to the issuance of the policy of title insurance
anticipated hereunder.

c.   If this company is requested to disburse funds in connection with this transaction, Chapter 598 of 1989
Mandates of the California Insurance Code requires hold periods for checks deposited to escrow or sub-
escrow accounts. Such periods vary depending upon the type of check and anticipated methods of
deposit should be discussed with the escrow officer.

d.   No endorsement issued in connection with the policy and relating to covenants, conditions or restrictions
provides coverage for environmental protection.

e.   Our investigation has been completed and the improvements located on the land described herein is a
single family residence known as **117 Montgomery Road, Sebastopol, CA 95472.**

At the close of escrow, an ALTA Lenders Policy of Title Insurance will be issued with 100 and 116
series Endorsements.

f.   If the land is an improved residential lot on which there is located a one-to-four family residence and
each insured buyer is a natural person, and unless otherwise directed, we will issue the extended
coverage CLTA Homeowners Policy of Title Insurance (6/2/98).

g.   Taxes for proration purposes only for the fiscal year 2006-2007.

First Installment:     $1,396.40  paid
Second Installment:   $1,396.40  paid
Tax Rate Area:         159-000
A.P. No.:              077-110-057

h.   According to the public records, there has been no conveyance of the land within a period of twenty-four
months prior to the date of this report, except as follows:

None.

i.    Sonoma County Documentary Transfer Tax is based on $0.55 per five hundred, or portion thereof, of consideration. County Transfer Tax is based on full consideration minus any loans assumed in the sale.

The following cities have enacted provisions to collect Documentary Transfer Tax. If the property herein lies within any of the following cities, be certain to show both the appropriate county and city amounts of Documentary Transfer Tax on your conveyance document(s):

Cloverdale:  $1.10 per $1,000 of consideration or portion thereof, minus any loans assumed in the sale;

Cotati:      $1.90 per $1,000 of consideration or portion thereof, minus any loans assumed in the sale;

Santa Rosa:  $2.00 per $1,000 of consideration or portion thereof, no exemption for any loans assumed in sale;

Petaluma:    $2.00 per $1,000 of consideration or portion thereof, no exemption for any loans assumed in sale;

Sebastopol:  $2.00 per $1,000 of consideration or portion thereof, no exemption for any loans assumed in sale.

j.    Note: Financial Title Company is an issuing agent for First American Title Insurance Company. The insurer in policies of title insurance, when issued in this transaction, will be First American Title Insurance Company.

Page No. 7
Order No. **10010867-659-CG1**

## INCOMING WIRING INSTRUCTIONS

To ensure proper credit, please include our order number as well as your company name as remitting party to:

Bank:              **CENTENNIAL BANK**
Address:           **13700 E. ARAPAHOE ROAD**
                   **ENGLEWOOD, CO   80112**


Account No:        **2400707**
Routing No:        **107006981**
Escrow No:         **10010867-659-CG1**



B104 (FORM 104) (08/07)

# ADVERSARY PROCEEDING COVER SHEET
### (Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**

Lehman Brothers bankruptcy and/or 3109 King St. Property Management 394717/388883 Robert Eberwein and/or mortgage defaults, unlawful detainers filed nationwide involving transfer of property inrem in the attached court documents from Solano, Marin, Alameda, Contra Costa, Los Angeles, Sacramento, nationwide by non-appearing certificate holders due to sworn declarations signed by debt collector attorneys with no standing to sue.

**DEFENDANTS**

Attorney Generals predatory lenders attorneys of record  special appearing for debt collectors - see attached attached state court actions - Supreme Court, Court of Appeals, multi-district litigation 08-13555

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

for each class action participant in removed actions will be filing motions for substitution of counsel and motions to avoid judicial liens and trustee sales.

**ATTORNEYS** (If Known)

Miles Bauer, Bergstrom, Winters, Ryan Stocking (  )
Pite Duncan LLP  4735 Jutland, San Diego, CA (  )
Sara Kistler USDOJ Region 17 (  )
Special Appearing Attorneys  for REO's appearing as attorneys of record for the trustees on the bond securitization packages.  Glen N. Navis, John Dubois, Alameda County Counsel - Raymond Lara

**PARTY** (Check One Box Only)

[✓] Debtor      [ ] U.S. Trustee/Bankruptcy Admin
[ ] Creditor    [ ] Trustee    [ ] Other

**PARTY** (Check One Box Only)

[✓] Debtor      [ ] U.S. Trustee/Bankruptcy Admin
[ ] Creditor    [ ] Trustee    [ ] Other

**CAUSE OF ACTION**  (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

See USDOJ Attorney Karen P. Hewitt conviction for public official participation in unlawful taking of money. See attached. Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activities in violation of Title 18, United States Code, Section 1957. Also 11 USC 362 through 1300 et seq and the SEC.

# NATURE OF SUIT
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11 - Recovery of money/property - § 542 turnover of property
[ ] 12 - Recovery of money/property - § 547 preference
[X] 13 - Recovery of money/property - § 548 fraudulent transfer
[ ] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[X] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31 - Approval of sale of property of estate and of a co-owner – § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
[X] 62 - Dischargeability - § 523(a)(2), flase pretenses, false representation, actual fraud
[ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61 - Dischargeability - § 523(a)(5), domestic support
[ ] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
[ ] 63 - Dischargeability - § 523(a)(8), student loan
[ ] 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[X] 71 - Injunctive relief - imposition of stay
[ ] 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
[ ] 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
[ ] 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
[X] 01 - Determination of removed claim or cause

**Other**
SS-SIPA Case - 15 U.S.C. §§ 78aaa et. seq.
[ ] 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[✓] Check if this case involves a substantive issue of state law

[✓] Check if a jury trial is demanded in complaint

[✓] Check if this is asserted to be a class action under FRCP 23

Demand $

**Other Relief Sought**

An accounting of the transfer to the new loan servicer and actual bond securitization trust account on the date of default.

1

2 **ROUTH CRABTREE OLSEN, P.S.**
Edward T. Weber, Esq., SBN #194963
Jonathan J. Damen, Esq., SBN #251869

3 505 N. Tustin Ave, Suite 243
Santa Ana, California 92705

4 Telephone 714-277-4937
Facsimile (714) 277-4899

5 Email jdamen@rcolegal.com

6

7 RCO No.: 7314.32804
Attorneys for movant, GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation as lender and

8 servicer and Mortgage Electronic Registration Systems, Inc., as nominee for lender, its assignees
and/or successors in interest

9

10                     UNITED STATES BANKRUPTCY COURT

11

12                     NORTHERN DISTRICT OF CALIFORNIA

13                            OAKLAND DIVISION

14

15 | In re: | **Bk. No.  10-40860-EDJ** |
   | | **R.S. No.: JJD-438** |

16 | Robert Daniel Eberwein, a/o dba 3109 King St | Judge Edward D. Jellen |
   | Property Mgmt aka C D A W G-B Eberwei St | **Chapter 7** |

17 | Prpty Management 394717/388883 | |

18 | | NOTICE OF HEARING ON MOTION FOR |
   | | RELIEF FROM AUTOMATIC STAY |

19 | Debtor. | |

20 | | Preliminary Hearing: |
   | | Date: April 23, 2010 |

21 | | Time: 10:00 AM |

22 | | Place: U.S. Bankruptcy Court |
   | | 1300 Clay St. |

23 | | Oakland, CA  94612 |

24 | | Courtroom  215 |

25          PLEASE TAKE NOTICE THAT, GMAC Mortgage, LLC f/k/a GMAC Mortgage

26 Corporation as lender and servicer and Mortgage Electronic Registration Systems, Inc., as

27

28

NOTICE OF HEARING ON MOTION FOR RELIEF FROM STAY
1

92705.  On the date stated below, I served within **Notice of Motion for Relief, Motion for Relief from Automatic Stay, Declaration in Support of Motion for Relief from Automatic Stay, and Relief from Stay Cover Sheet** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail as follows:

**Robert Daniel Eberwein**
1853 9th Avenue #1,2,3
Oakland, CA 94606-3019

**Paul J. Mansdorf**
1563 Solano Ave. #703
Berkeley, CA 94707

**Richard J Bauer, Jr., Esq.**
MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

**Casper J. Rankin**
PITE DUNCAN, LLP
4375 Jutland Drive, Ste. 200
PO Box 17933
San Diego, CA 92177-0933

**VIA ECF:**
**US Trustee (OAK)**
Office of the U.S. Trustee /Oak
1301 Clay St. #690N
Oakland, CA 94612

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Service was made and this declaration was executed on March ___31___, 2010 at Santa Ana, California.

By: /s/Margaret Rafter

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re:

Robert Daniel Eberwein, a/o dba 3109 King St Property
Mgmt aka C D A W G-B Eberwei St Prpty Management
394717/388883

Bk. No.  10-40860-EDJ
R.S. No.: JJD-438
RCO No.: 7314.32804
Hearing Date: April 23, 2010
Time: 10:00 AM

_____Debtor._

## Relief From Stay Cover Sheet

**Instructions: Complete caption and Section A for all motions. Complete Section B for mobile homes, motor vehicles, and personal property. Complete Section C for real property. Utilize Section C as necessary. If moving party is not a secured creditor, briefly summarize the nature of the motion in Section D.**

(1)    Date Petition Filed: January 27, 2010          Chapter: 7
        Prior hearings on this obligation:N/A          Last Day to File §523/§727 Complaints: May 24, 2010

(B)    Description of personal property collateral (e.g. 1983 Ford Taurus):

Secured Creditor  [   ] or lessor [   ]          Pre-Petition Default:
Fair market value:        $_____          No. of months:
Source of value:                              Post-Petition Default:
Contract Balance:         $_____          No. of months:
Insurance Advance:        $_____          Advances Senior Liens:  $_____

(C)  Description of real property collateral (e.g. Single family residence, Oakland, CA): 611-613 NORTH P STREET, LIVERMORE,
CA 94550-0000

Fair market value: $325,000.00    Source of value: Sch A & D      If appraisal, date:_____

Moving Party's position (first trust deed, second, abstract, etc.): 1st Trust Deed

Approx. Bal.              $331,323.24          Pre-Petition Default:     $3,106.60
As of (date):            3/24/2010            No. of months:            1
Mo. payment:             $2,596.99            Post-Petition Default:    $5,193.98
Notice of Default (date): N/A                  No. of months:            2
Notice of Trustee's Sale: N/A                  Advances Senior Liens:  $_____

Specify name and status of other liens and encumbrances, if known (e.g. trust deeds, tax liens, etc.):

| Position | Amount | Mo. Payment | Defaults |
|---|---|---|---|
| 1st Trust Deed: Movant | $331,323.24 | $2,596.99 | $8,300.58 |
| Total: | $_____ | $_____ | $_____ |
| GRAND TOTAL: | $_____ | $_____ | $_____ |
|  | $331,323.24 | $_____ | $_____ |
|  |  | $_____ | $_____ |

(4)    Other pertinent information:


Dated: March 29, 2010

/s/Jonathan  J Damen_____
JONATHAN  J DAMEN_____
Print or Type Name
Attorney for Movant

CANB Documents Northern District of California

**RELIEF FROM AUTOMATIC STAY COVERSHEET**                    1

Recording requested by:
**LPS Default Title & Closing**

When Recorded Mail To:
**NDEx West, L.L.C.**
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013



GENERAL PUBLIC
02/20/2009 11:07 NTDF
RECORDING FEE: 14.00
PAID

**2009014685**
OFFICIAL RECORDS OF
SONOMA COUNTY
JANICE ATKINSON
**3**    PGS




DFF20090159902760

Space above this line for Recorder's use only

Trustee Sale No. : 20090159902760        Title Order No.: 090102526-CA-MSI

IMPORTANT NOTICE

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is $46,972.97 as of 2/18/2009 and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

FCUS_NoticeDfDefault.rpt(09/05/2008)Ver-24

Loan Summary for Anthony Mazurowski

This loan summary is in reference to the purchase Anthony Mazurowski received on his property, 9662 Bodega Hwy, in July 2007. It is the lenders and brokers fiduciary responsibility to accurately represent their clients.   In this case the lender approved the borrower into a potentially risky loan program and approved an income which was supported by the assets confirmed.

Anthony was approved for a loan amount of 490,500 for the purchase of this property. The loan program was a 5/1 ARM.
The I/O (interest only) payments were based of an 9.375 with a payment of 3,973 per month for 5 years.

Please reference the uniform residential loan   application form 1008 and 1003.   The broker and lender approved the borrower with an income of 12,000 per month.    A yearly gross of 144,00.   His assets at the time were confirmed at 146,300.   Using the standard stated income calculation Anthony's income should have been 12,191 per month. The broker and lender's income is justified based upon the assets.   Anthony's tax returns were not confirmed during this loan summary, so it is impossible to know his actual income for the years of 2006 and 2005.

Supporting Documenation:
Form 1008 & 1003

IMB REO LLC V MAZUROWSKI
12/17/2009

IMB REO LLC (JUDGMENT CREDITOR, PLAINTIFF)
 (AT PHAM, DOUG V)
 (AT ROBERT J JACKSON & ASSOCIATES, INC)
 (AT SAGINAW, JOHN)

MAZUROWSKI, ANTHONY (CIV DEFDNT, JUDGMENT DEBTOR)

==============================================================================

03/16/2010 ----------- Courtroom Minutes in S15 ------------
        Hon:GARY NADLER          Rep:R L Whitney        Clk:Lauretta Mauga
        UNLAWFUL DETAINER CALENDAR
         ISSUE:  COURT TRIAL
        The Court finds notice to appear has been issued and served by
        mail.
        Counsel GLEN NAVIS, specially appearing for ROBERT J JACKSON &
         ASSOCIATES is present on behalf of Plaintiff IMB REO LLC
        Defendant ANTHONY MAZUROWSKI, self represented party, is present
        TRIAL BRIEF - (PL)
        NOTICE OF MOTION TO CONTINUE TRIAL DATE - (CD)
        MEMORANDUM OF POINTS & AUTHORITIES - (CD)
        DECLARATION OF ANTHONY MAZUROWSKI IN SUPPORT OF - (CD)
        MOTION TO DISMISS - (CD)
        Contested
        Defendant MAZUROWSKI informs the Court he submitted his motion to
         continue to Court's Judicial Assistant on 03/15 but was informed
         it can only be received and not filed and to bring his paperwork
         to Court on 03/16.
        Defendant MAZUROWSKI also informs the Court he is trying to get
         an attorney to help him understand all paperwork served on him.
        Counsel NAVIS states argument against continuance.
        Counsel NAVIS also informs the Court his witness is present from
         Texas for today's proceeding.
        Court and Defendant discuss Court's continuance at 02/16/10
         proceeding.
        Court informs Defendant MAZUROWSKI, Court DENIES Defendant's
         Motion for Continuance.
        Court informs counsel and Defendant to meet with Recourse mediator.
        MEDIATOR informs the Court parties are unable to settle.
        Defendant MAZUROWSKI informs the Court he request matter be
         dismissed and submits motion to Court for review.
        Court and counsel discuss Defendant's request for judicial notice.
        Court informs Defendant MAZUROWSKI, Court DENIES Defendant's
         Motion to Dismiss.
        Court Trial Commences.
        The following Plaintiffs exhibits are marked for identification,
         offered and received into evidence:
        EXHIBIT 1 - Proof(s) of Service Dated 12/8/09 (two)
                2 - Notice to Vacate Property Dated 12/4/09 (3-pages)
                3 - Trustee's Deed Upon Sale Dated 11/2/09 (3-pages)
        *** Minutes Continued On Next Page ***

*** Minutes Continued From Previous Page ***
        4 – Notice of Default and Election to Sell Under Deed of
            Trust Dated 2/17/09 & 2/18/09 (3-pages)
        5 – Deed of Trust
JENNIFER BAZEMORE is administered the oath and testifies on behalf
of Plaintiff.
Court thanks and excuses the witness.
ROSALIE MARTINONI is administered the oath and testifies on behalf
of Plaintiff.
Court thanks and excuses the witness.
JOSE CARLOS SAN PEDRO is administered the oath and testifies on
behalf of Plaintiff.
Cross examination is conducted.
Court thanks and excuses the witness.
Counsel NAVIS presents closing argument on behalf of Plaintiff and
request judgment for Plaintiff.
ANTHONY MAZUROWSKI is administered the oath and testifies on
his own behalf.
Court thanks the witness.
Upon conclusion of testimony and oral argument, Court's ruling
is as follows:
COURT JUDGMENT FOR POSSESSION
    PL  IMB REO LLC
    CD  MAZUROWSKI, ANTHONY
JUDGMENT IN FAVOR OF PLAINTIFF(S) IMB REO LLC AND AGAINST ANTHONY
MAZUROWSKI
    PL  IMB REO LLC
JUDGMENT:  POSSESSION ONLY
    JC  IMB REO LLC
    JD  MAZUROWSKI, ANTHONY
Judgment awarded as follows:  POSSESSION ONLY
RESTITUTION OF PREMISES LOCATED AT 117 MONTGOMERY RD, SEBASTOPOL,
CA 95472.
    JC  IMB REO LLC
    JD  MAZUROWSKI, ANTHONY
Writ to issue forthwith
    PL  IMB REO LLC
Does are dismissed without prejudice
COURT DISMISSAL – DOE DEFENDANT
    CD  DOES 1-100
    PL  IMB REO LLC
Prejudgement claim to right of possession is on file
Trial is completed.
Plaintiffs counsel submits order for Courts signature.
Court signs Order in open Court this date.
Exhibits are accounted for and submitted to the exhibit clerk
            *****    End of Docket    *****

SUPERIOR COURT OF CALIFORNIA, COUNTY     SONOMA
CIVIL PROCEEDINGS AS OF  2/16/2010

IMB REO LLC V MAZUROWSKI
12/17/2009

IMB REO LLC (PLAINTIFF)
 (AT PHAM, DOUG V)
 (AT ROBERT J JACKSON & ASSOCIATES, INC)
 (AT SAGINAW, JOHN)

MAZUROWSKI, ANTHONY (CIV DEFDNT)

=========================================================================

02/16/2010 ----------- Courtroom Minutes in S15 ------------
          Hon:KNOEL OWEN          Rep:SHELLY BERG       Clk:Richard Nelson
          UNLAWFUL DETAINER TRIAL CALENDAR
          ISSUES: COURT TRIAL
          The Court finds notice to appear has been issued and served by
          mail.
          Counsel OWEN MAYER is present on behalf of Plaintiff IMB REO LLC
          Defendant ANTHONY MAZUROWSKI, self represented party, is present.
          Court grants counsel's request to continue the matter to 3/16/2010
          at 8:30 am in deparment #15.
          CONTINUED FROM 2/16/2010 TO - 03/16/2010 at 8:30am S15, COURT TRIAL
          with reporter
                    *****   End of Docket   *****