# EXHIBIT "12"

ORIGINAL

```
 1              UNITED STATES BANKRUPTCY COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3                        --oOo--

 4  In Re:                      ) Case No. SA08-17206-ES
                                )
 5  PALMDALE HILLS PROPERTY, LLC,) Santa Ana, California
                                ) Monday, March 8, 2010
 6           Debtor.            ) 3:00 p.m.
                                )
 7  _____)
                                 ADV. 09-01005 SCC ACQUISITION
 8                               INC ET AL V LEHMAN ALI INC ET
                                 AL
 9
                                 CONT'D HEARING RE: DEFENDANT
10                               FENWAY CAPITAL, LLC'S MOTION
                                 TO DISMISS THIRD AMENDED
11                               COMPLAINT

12                               CONT'D HEARING RE: DEFENDANTS
                                 LEHMAN ALI INC'S NORTHLAKE
13                               HOLDING LLC'S, OVC HOLDINGS
                                 LLC'S, AND CREDITOR LEHMAN
14                               COMMERCIAL PAPER INC.'S MOTION
                                 TO DISMISS THE THIRD AMENDED
15                               COMPLAINT

16                TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE ERITHE SMITH
17                UNITED STATES BANKRUPTCY JUDGE

18  APPEARANCES:

19  For the Voluntary and        SKIP MILLER, ESQ.
      Involuntary Debtors:       MARTY PRITIKIN, ESQ.
20                               Miller, Barondess
                                 1999 Avenue of the Stars
21                               Suite 1000
                                 Los Angeles, California 90067
22                               (310) 552-4400

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Briggs Reporting Company, Inc.*

```
                                                                        ii
 1  APPEARANCES:    (cont'd.)

 2  For the Voluntary Debtors          PAUL COUCHOT, ESQ.
      and SCC Acquisition:              Winthrop, Couchot
 3                                      660 Newport Center Drive
                                        Suite 400
 4                                      Newport Beach, California
                                          92660
 5                                      (949) 720-4100

 6  For the Lehman Related             DEAN ZIEHL, ESQ.
      Entities:                         Pachulski, Stang, Ziehl
 7                                        & Jones
                                        10100 Santa Monica Boulevard
 8                                      11th Floor
                                        Los Angeles, California 90067
 9                                      (310) 277-6910

10  For the Committee in Trustee       HUTCH MELTZER, ESQ.
      Cases:                            Weiland, Golden, Smiley,
11                                        Wang, Ekvall & Strok
                                        650 Town Center Drive
12                                      Suite 950
                                        Costa Mesa, California 92626
13                                      (714) 966-1000

14  For the Committee in the           ALAN FRIEDMAN, ESQ.
      Voluntary Cases:                  Irell & Manella
15                                      840 Newport Center Drive
                                        Suite 400
16                                      Newport Beach, California
                                          92660
17                                      (949) 760-5224

18  For the Joint Provisional          JONATHAN HOFF, ESQ.
      Liquidators of Lehman RE:         Cadwalder, Wickersham & Taft
19                                      One World Financial Center
                                        New York, New York 10281
20                                      (212) 504-6000

21                                     BETTY SCHUMENER, ESQ.
                                        DLA Piper, LLP
22                                      350 South Hope Street
                                        Suite 2300
23                                      Los Angeles, California 90071
                                        (213) 330-7707
24

25
```

iii

1 APPEARANCES: (cont'd.)

2 For Arch Insurance Company:  SCOTT LEO, ESQ.
                               Leo & Weber
3                              One North LaSalle Street
                               Suite 3600
4                              Chicago, Illinois 60602
                               (312) 857-0910
5

6 For Fenway Capital:          CORINNE LEVY, ESQ.
                               RICHARD REINTHALER, ESQ.
7                              Dewey & Leboeuf
                               333 South Grand Avenue
8                              Suite 2600
                               Los Angeles, California 90071
9                              (213) 621-6000

10 For the Lehman Entities:    EDWARD SOTO, ESQ.
                               Weil, Gotshal & Manges
11                             1395 Brickell Avenue
                               12th Floor
12                             Miami, Florida 33131
                               (305) 577-3100
13

14 For the Committee in the    LEI LEI WANG EKVALL, ESQ.
   Involuntary Debtors case:   Weiland, Golden, Smiley,
15                               Wang, Ekvall & Strok
                               650 Town Center Drive
16                             Suite 950
                               Costa Mesa, California 92626
17                             (714) 966-1000

18 Court Recorder:             Rick Reid
                               United States Bankruptcy Court
19                             411 West Fourth Street
                               Suite 2030
20                             Santa Ana, California 92701

21 Transcriber:                Briggs Reporting Company, Inc.
                               6336 Greenwich Drive, Suite B
22                             San Diego, California 92122
                               (310) 410-4151
23

24

25

*Briggs Reporting Company, Inc.*

1

```
 1        SANTA ANA, CALIFORNIA MONDAY, MARCH 8, 2010 3:00 PM
 2                            --oOo--
 3       (Call to order of the Court.)
 4            THE COURT:  In the matter of SCC Acquisition, Inc
 5  et al v. Lehman Ali, et al.  Let's start with the courtroom
 6  appearances.
 7            MR. MILLER:  Good afternoon, your Honor.  Skip
 8  Miller and Marty Pritikin representing the Debtors and
 9  Trustee.
10            THE COURT:  Telephonic appearances.  Why don't I
11  just do a roll call because there are quite a few.  Paul
12  Couchot.
13            MR. COUCHOT (Telephonic):  Yes, your Honor, here
14  on behalf of the voluntary Debtors and the SCC Acquisition.
15            THE COURT:  All right.  Mr. Friedman.
16            MR. FRIEDMAN (Telephonic):  Yes, good afternoon,
17  your Honor.  Alan Friedman of Irell and Manella on behalf of
18  the committee in the voluntary cases.
19            THE COURT:  Mr. Hoff.
20            MR. HOFF (Telephonic):  Yes, your Honor, good
21  afternoon.  This is Jonathan Hoff for the joint provisional
22  liquidators of Lehman and I believe Betty Shumener of DLA
23  Piper is also on the line.
24            THE COURT:  All right.  Mr. Leo.
25            MR. LEO (Telephonic):  Good afternoon, your Honor.
```

1 Scott Leo for Arch Insurance Company.

2 THE COURT: Ms. Levy. Corinne Levy.

3 MS. LEVY (Telephonic): Good afternoon, your
4 Honor. Corinne Levy of Dewey and Leboeuf on behalf of Fenway
5 Capital, LLC.

6 THE COURT: Mr. Lobel. Mr. Meltzer.

7 MR. MELTZER (Telephonic): Good afternoon, your
8 Honor. Hutch Meltzer on behalf of the committee in the
9 Trustee cases.

10 THE COURT: Soham Naik. Mr. Reinthaler.

11 MR. REINTHALER (Telephonic): Good afternoon, your
12 Honor. Richard Reinthaler from Dewey and Leboeuf on behalf
13 of Fenway Capital.

14 THE COURT: Ms. Shumener.

15 MS. SHUMENER (Telephonic): Good afternoon, your
16 Honor. Betty Shumener on behalf of the joint provisional
17 liquidators of Lehman RE.

18 THE COURT: Mr. Soto.

19 MR. SOTO (Telephonic): Good afternoon, your
20 Honor. Ed Soto on behalf of the Lehman entities.

21 THE COURT: Ms. Wang Ekvall.

22 MS. WANG EKVALL (Telephonic): Good afternoon,
23 your Honor. Lei Lei Wang Ekvall of Weiland, Golden, Smiley,
24 Wang Ekvall and Strok counsel for the committee and the
25 involuntary Debtor cases.

1        THE COURT:  Mr. Ziehl.

2        MR. ZIEHL (Telephonic):  Your Honor, Dean Ziehl on
3   behalf of the Lehman entities.

4        THE COURT:  All right.  This is a continued
5   hearing on two motions.  The Lehman entities motion to
6   dismiss the third amended complaint as well as the motion of
7   Defendant Fenway Capital, LLC to dismiss the third amended
8   complaint.  This matter was continued from the prior hearing
9   of February 16.  I think it was originally scheduled for --

10       UNIDENTIFIED SPEAKER:  The 11th of February.

11       THE COURT:  February 11th.  Okay.  In connection
12  with the February 11 hearing I indicated or rather I issued a
13  tentative ruling that the motions were being denied for the
14  reasons set forth in the opposition.  Extensive oral argument
15  was conducted at the February 11 hearing.  The matter was
16  taken under submission and continued to February 16th and the
17  Court on its own motion continued the hearing to this day.

18       I have reviewed my notes from the hearing.  I have
19  reviewed the pleadings that were filed.  I have reviewed --
20  I'm not sure if I reviewed every single case that was cited
21  as there pages and pages of cites, but I do believe I have
22  reviewed all the relevant case law, conducted my own
23  independent research but did not turn up any case law that
24  had not been previously cited by the parties.  So I am
25  satisfied that these matters have been fully briefed.

4

1   This a motion to dismiss a 77 page complaint that
2 includes just short of 400 allegations. Because of the
3 extent and complexity of the complaint, as well as the
4 motions to dismiss, my ruling will -- or should say rulings
5 because there are two motions will be somewhat abbreviated
6 and by that I mean I will where indicated adopt the argument
7 analysis and cases cited by a particular party.
8           I should also mention that in connection with this
9 matter I also reviewed the case of In Re Palmdale Hills
10 Property LLC. This is a BAP decision involving this Court's
11 prior ruling and therefore the rulings in the BAP's decision
12 are binding on this Court and I took that into account as
13 well. I also spent a considerable amount of time reviewing
14 the standard for the motions to dismiss in light of the U.S.
15 supreme court's decision in Bell Atlantic Corporation v
16 William Twombly 127 supreme court 1955. Also the supreme
17 court's subsequent decision in Ashcroft v Ickball 129 supreme
18 court 1937. Also the ninth circuit's discussion of these
19 cases in Alked v Ashcroft at 580 Fed.3rd 949. The ninth
20 circuit's decision of Moss v U.S. Secret Service 572 Fed.3rd
21 962.
22          Certainly there's no doubt and it's clear to this
23 Court that in light of the Twombly decision, Plaintiffs do
24 face a higher burden of pleading facts. This was noted by
25 the ninth circuit in the Alked case. As stated by the

5

1 supreme court in the Ickball case, to survive a motion to
2 dismiss a complaint must contain sufficient factual matter
3 except that is true to state a claim to relief that is
4 plausible on its face.  The claim has facial possibility when
5 the plaintiff pleads factual content that allows the court to
6 draw the reasonable inference that the defendant is liable
7 for the misconduct alleged.
8         The plausibility standard is not akin to a
9 probability requirement but it asks for more than a sheer
10 possibility that a defendant has acted unlawfully.  Where a
11 complaint pleads facts that are merely consistent with the
12 defendant's liability it stops short of the line between
13 possibility and plausibility of entitlement to relief.  The
14 court in Twombly did indicate that it was not intending to
15 overrule out right its much earlier decision of Connolly v
16 Gibson but explained that Connolly often cited that a
17 complaint should not be dismissed for failure to state a
18 claim unless it appears beyond doubt that the plaintiff can
19 prove no set of facts in support of his claim which would
20 entitle him to relief.
21         So its against that back drop that I reviewed all
22 of the pleadings and arguments submitted in support of and in
23 opposition to the motions to dismiss.  As I indicated
24 previously prior to the February 11 hearing, I had also
25 conducted an extensive review of the materials and had

6

1  concluded, at least on a tentative basis, that the motions to
2  dismiss should both be denied.  Following oral argument, I
3  once again reviewed the materials and closely reviewed the
4  oral argument and while my view of the complaint is not
5  dramatically different, I do have modifications to my
6  original tentative ruling.
7        First of all as it relates to Lehman Commercial
8  Paper, Inc. or LCPI, as I've indicated before I've reviewed
9  everything in light of the BAP's decision and In Re Palmdale
10 Hills Property and it is my conclusion that based upon the
11 ruling and the BAP's decision that as to LCPI, the complaint
12 and all claims for relief against LCPI should be dismissed,
13 dismissals without prejudice.  The reason being that it is my
14 conclusion after reviewing once again the Palmdale decision
15 that the maintenance of a claim for equitable subordination
16 or any of the other claims that are asserted offensively
17 against LCPI would be in violation of the stay -- of the
18 automatic stay of LCPI as determined by the BAP in the
19 Palmdale decision.
20       Again, the motion is being granted without
21 prejudice meaning that again in accordance with the Palmdale
22 decision that the Plaintiffs may seek relief from the
23 automatic stay in LCPI's bankruptcy case in order to proceed
24 in the adversary.  I'm sorry is there somebody speaking?  I
25 also want to state at the out set that for purposes of making

1  findings of fact and conclusions of law where I indicate that
2  my ruling is to deny a portion of the motion, the denial will
3  be based upon and it's my intent to incorporate the argument,
4  cases and analysis set forth in the opposition.  Where my
5  ruling is to grant the motion, again it will be based upon --
6  and my intent would be to incorporate the argument analysis
7  in cases cited by the moving parties.
8            I am stating this because I do not intend to go
9  into tremendous detail with respect to each of these claims.
10 I believe that LCPI is effected by claims one, five, seven,
11 eight and nine.  So again the motion to dismiss is granted
12 without prejudice as to LCPI as to those claims.
13           With respect to the first claim for relief of
14 equitable subordination, my ruling is to deny the motion as
15 to all moving parties, that includes the Lehman entities as
16 well as Fenway.  Again, this would be for the reasons set
17 forth in the opposition papers.  I will just note for the
18 benefit of the parties because I know this was a significant
19 issue that as to in particular the statutory insider status
20 of Lehman Ali, OVC, Northlake Holdings I did find persuasive
21 the argument of the Plaintiffs that these are statutory
22 insiders within the meaning of Section 10131(e) as
23 affiliates.
24           I also want to be clear about something.  When I
25 reviewed the complaint, I reviewed each claim for relief and

8

1 where I was asked to -- or where the reader is asked to
2 incorporate all prior paragraphs, I did review all prior
3 paragraphs.  So again in applying the standard as to whether
4 or not a claim has sufficiently been made under the standard
5 required by the U.S. supreme court in the Twombly and Ickball
6 decisions, I reviewed all of the factual allegations that
7 were made and that review constitutes the basis for my
8 decision.  Again, as to claim number one that a claim for
9 equitable subordination as to the Defendants have been
10 sufficiently pled.
11        With respect to the second claim for relief,
12 fraudulent inducement, my ruling is to deny the motion as to
13 the second claim as to all Defendants with the exception of
14 course -- when I say all Defendants I do not mean to include
15 LCPI.  With respect to the third claim, preference, involving
16 LV Pacific Point in particular, the motion is granted and
17 it's granted on the basis of the ninth circuit's decision In
18 Re Aring (phonetic) which I found to be applicable
19 notwithstanding the Plaintiff's arguments to the contrary.
20        There was nothing in the complaint that alleged or
21 included facts sufficient to support a claim that the
22 foreclosure sale was anything other than regularly conducted
23 and -- within the meaning of applicable state and federal
24 law.  I also did not find inconsistent upholding the second
25 claim for relief of fraudulent inducement and granting the

*Briggs Reporting Company, Inc.*

9

1  motion to dismiss as to preference.  As to the claim for
2  fraudulent inducement it's not in and of itself bear on the
3  validity of the underlying claim or on whether or not the
4  foreclosure sale was regularly conducted under nonocclusive
5  conditions.
6           Accordingly, the fourth claim for relief under
7  Section 550 regarding LV Pacific Point is also granted.  With
8  respect to the fifth claim, fraudulent transfer, the motion
9  is denied as to all Defendants other than LCPI for the
10 reasons argument, analysis and cases cited in the Plaintiff's
11 opposition.  With respect to the sixth claim for relief,
12 preference, motion is granted in part as to the $3,390,280.37
13 paid to Lehman Ali by SunCal Marble Head Hartland Master LLC.
14 I reviewed the pleadings cited by the Plaintiffs, however, I
15 found there were insufficient allegations establishing SunCal
16 Marble Head or SunCal Heartland's interest in such funds.
17          In other words, the complaint did not properly or
18 sufficiently plead a transfer of property of these Debtors as
19 to those funds.  Otherwise, the motion is denied as to the
20 sixth claim.  With respect to the seventh and eighth claims
21 for relief, the motions are denied.  Again for the reasons,
22 arguments, analysis and case law set forth in the Plaintiff's
23 opposition.  With respect to the ninth claim, the motion is
24 granted for the reasons set forth in the motion.  That
25 concludes my ruling.  Are there any questions?

10

1  MR. MILLER: I had one thing I wanted to raise
2 with your Honor. First of all, thank you very much your
3 Honor for all the work and analysis. Where I'm coming from I
4 want to get the case moving. We have made a lot of progress
5 in discovery. Most of the document production has been done
6 and we'll be doing depositions over the next couple of
7 months. I was just wondering in light of the rulings today
8 which we will clean up and address in the next amended
9 complaint which I think will probably stand and will
10 eventually be at issue. I was just wondering on the Court's
11 calendar could we get a status conference or maybe even a
12 trial date so that some day bring this case to a conclusion?
13  THE COURT: I'm not going to set a trial date
14 prior to the pretrial conference because at this point I have
15 no idea how long the trial is going to take and I wouldn't
16 know how to schedule it. There is the possibility as I
17 suspect this will be more than a one day trial that it might
18 actually even have to be scheduled before another judge such
19 as a visiting judge or a recall judge. The reason that it
20 would be done would be so that trial could be heard
21 expeditiously and not have to be put off for several months,
22 and also so that it could be heard on consecutive days. That
23 is something that would be discussed further in the process
24 as we move toward the pretrial.
25  MR. MILLER: The reason I bring this up is I

*Briggs Reporting Company, Inc.*

11

1  remember early in the case your Honor was explaining to us
2  the way trials are conducted in bankruptcy court, namely that
3  I guess the Plaintiff presents the case in chief by way of
4  declarations and exhibits and the defense puts their case in,
5  and then we cross examine each others witnesses. Now if
6  that's --
7            THE COURT: That's the common policy yes, that I
8  use.
9            MR. MILLER: That's a very efficient policy. It's
10 a lot more efficient then just calling witnesses and going on
11 day after day with exhibits and so forth. If we're going to
12 do it that way, my sense is our case is coming together
13 nicely. The discovery is falling into place. We'll do the
14 depositions. I'm not that far away from being able to
15 present my case in chief. I would love the opportunity to do
16 it sooner rather than later. I just put that out there for
17 your Honor's consideration.
18           THE COURT: I would like to say that I recall
19 everything in every case. My assumption is there is a
20 discovery schedule in this case, correct?
21           MR. MILLER: Yes.
22           THE COURT: And is there also set a pretrial
23 conference at this point?
24           MR. MILLER: No, maybe it would be a good idea to
25 set one. I think the discovery cut off is June 30th.

*Briggs Reporting Company, Inc.*

12

1        UNIDENTIFIED SPEAKER:  For percipient expert,
2  discovery cut off right now is September 30th.
3        THE COURT:  Well, here's the thing.  The complaint
4  has not yet been answered.  So I would not be setting a trial
5  date until we were a lot further down the road.  Anyone
6  appearing telephonically wish to be heard?
7        MR. ZIEHL:  Your Honor, this is Dean Ziehl
8  speaking.  We haven't even got a good complaint yet.  We have
9  a whole trial schedule with a trial set in August on the sub
10 con matter.
11       THE COURT:  Correct.
12       MR. ZIEHL:  So I don't see any point in discussing
13 hypothetical trial dates now when we haven't even got a
14 complaint and we certainly haven't completed discovery.  We
15 certainly haven't thought about what pretrial motions there
16 will be or any of that.
17       THE COURT:  I agree.
18       MR. HOFF:  Your Honor, this is Jonathan Hoff.
19       THE COURT:  Yes.
20       MR. HOFF:  I thought I heard Mr. Miller say he was
21 going to be filing an amended complaint.  If that's the case,
22 can we have some timing on that?
23       THE COURT:  Yes, I was going to get to that.
24       MR. HOFF:  Thank you.
25       THE COURT:  Mr. Miller, is there any reason why

*Briggs Reporting Company, Inc.*

13

1 you cannot file your amended complaint by April 9th?

2     MR. MILLER: No reason at all. That's easy.

3     THE COURT: We'll set a deadline of April 9 for

4 the filing of I guess this would be the fourth amended

5 complaint. Once the complaint is filed, a summons will be

6 issued and that will set the time for an answer. There

7 wasn't a status conference set because of the motion to

8 dismiss. We'll deal with that at that point.

9     MR. MILLER: Thank you very much, your Honor.

10     THE COURT: All right. Thank you.

11     (Proceedings concluded.)

12

13     I certify that the foregoing is a correct

14 transcript from the electronic sound recording of the

15 proceedings in the above-entitled matter.

16

17 _____[signature]_____    _3-29-10_____
   Transcriber                Date

18

19

20

21

22

23

24

25

*Briggs Reporting Company, Inc.*