Hearing Date and Time: April 14, 2010 at 10:00 a.m. (prevailing Eastern Time)

DEWEY & LEBOEUF LLP
1301 Avenue of the Americas,
New York, New York 10019
Telephone: 212-259-8000
Facsimile: 212-259-6333
Richard R. Reinthaler, Esq.
Irena Goldstein, Esq.

Attorneys for Fenway Capital, LLC and
Fenway Funding, LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
: 
**In re** : **Chapter 11**
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : Case No. 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------ x

**RESPONSE OF FENWAY CAPITAL, LLC AND FENWAY FUNDING, LLC TO THE
SUNCAL DEBTORS' JOINT OPPOSITION, AND THE LIMITED JOINDER OF
STEVEN M. SPIER, CHAPTER 11 TRUSTEE, THERETO, TO THE DEBTORS'
MOTION PURSUANT TO BANKRUPTCY RULE 9010 FOR AUTHORITY TO
COMPROMISE CONTROVERSY IN CONNECTION WITH A REPURCHASE
TRANSACTION WITH FENWAY CAPITAL AND A COMMERCIAL PAPER
<u>PROGRAM WITH FENWAY FUNDING</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

   Fenway Capital, LLC ("<u>Fenway Capital</u>") and Fenway Funding, LLC ("<u>Fenway

Funding</u>", and together with Fenway Capital, "<u>Fenway</u>"), hereby respond to the opposition of the

"SunCal Debtors" and the limited joinder thereto of Steven M. Speier, Chapter 11 Trustee

(collectively "<u>SunCal</u>") to the Debtors' Motion Pursuant to Bankruptcy Rule 9019 for Authority

to Compromise Controversy in Connection with a Repurchase Transaction with Fenway Capital,

LLC and a Commercial Paper Program with Fenway Funding, LLC (the "Motion") and respectfully represents as follows:

1. As set forth in the Motion, the Debtors, in the exercise of their business judgment, believe that it is in the best interests of the Debtors' estates to compromise (the "Compromise") certain controversies arising in connection with the Fenway Documents.[1] As part of the Compromise, Fenway Capital will transfer its interests in the Repo Assets to LCPI, which Repo Assets include certain loans made by LCPI and related parties to the SunCal debtors, and Fenway and certain other parties will be released from and indemnified for certain liabilities relating to the Repo Assets and the Fenway Documents.

2. As described in the Debtors' response to SunCal's opposition to the Motion, in repurchasing the Repo Assets pursuant to the terms of the MRA and surrendering the CP Notes for cancellation as payment of the repurchase price under the MRA and in satisfaction of LBHI's obligations under the guarantee, the parties are simply fulfilling their obligations under the original Fenway Documents and restoring the property rights of LCPI and LBHI as originally contemplated by the Fenway Documents. The purpose of the Compromise is to restore the parties to the positions the Fenway Documents always contemplated.

3. Fenway, which under the Fenway Documents, has never had any real economic interest in the Repo Assets (including the SunCal loans), has been caught in the middle of a dispute between SunCal and LCPI and other Lehman parties with regard to certain loans that LCPI and certain related parties made to various SunCal entities. As a result, LCPI and Fenway have been forced to incur substantial legal fees and expenses defending claims asserted against them by SunCal. Fenway Capital has been trying to extricate itself from the middle of this legal battle being waged between SunCal and several Lehman entities regarding the SunCal loans and

---

[1] Capitalized terms not defined herein have the meanings ascribed thereto in the Motion.

2

to seek the dismissal of certain claims against it in the SunCal adversary proceeding. The only reason Fenway Capital is a party to that action is because the bankruptcy court having jurisdiction over SunCal's chapter 11 cases (the "California Court") has held that, by virtue of the MRA, Fenway became the "owner" of certain SunCal Loans that had been made by Lehman entities - - a conclusion the Debtors dispute and is currently on appeal. The Compromise will remove any doubt regarding "ownership" of the loans by explicitly restoring all right, title and interest in the Repo Assets to LCPI, thereby enabling Fenway Capital to seek the dismissal of all claims against it predicated on the notion that Fenway Capital was the "owner" of the loans.

4. Contrary to SunCal's suggestion that the Compromise has some ulterior undisclosed motive, Fenway has from the moment it was first dragged into the SunCal bankruptcy case made clear to SunCal that it was seeking to extricate itself from the middle of the dispute.

- During a telephone conversation between Fenway's and SunCal's counsel on May 4, 2009;[2]

- In an email to SunCal's counsel after he misrepresented such telephone conversation in a filing with the California Court;[3]

- In a declaration filed with the California Court;[4] and

- During arguments before the California Court in connection with the hearing on the motions to dismiss SunCal's third amended complaint.[5]

5. Throughout its objection, and in the course of the SunCal adversary proceeding, SunCal has mischaracterized the transactions between Fenway and Lehman and misstated the assets that were the subject of the MRA. Perhaps the most egregious misstatement is the

---

[2] *See* Declaration of Robert Roesch in Support of Debtors' Response to the SunCal Debtors' Joint Opposition to Motion Pursuant to Bankruptcy Rule 9019 for Authority to Compromise Controversy in Connection with a Repurchase Transaction with Fenway Capital, LLC and a Commercial Paper Program with Fenway Funding, LLC, Exhibit 14, Declaration of Irena Goldstein ("Goldstein Declaration"), ¶3.
[3] *Id.,* Exhibit 14, Goldstein Declaration, Exhibit B.
[4] *Id.,* Exhibit 14, Goldstein Declaration, ¶ 6.
[5] *Id,* Exhibit 11, pp. 129-131.

3

repeated representation that the "Sold Loans" include both term and revolving credit loans made by Lehman entities to SunCal. This is completely untrue. As more fully described in Lehman's response to SunCal's objection (at ¶¶ 13-16), the only loans that were subject to the MRA were term loans, not revolvers. Fenway Capital has produced written confirmations and other documents to SunCal that prove this, yet SunCal continues to misrepresent the facts.

6. SunCal further contends that the Debtors are entering into the Compromise for the improper purpose of using their Bankruptcy Code section 362 rights to impede SunCal's reorganization by staying litigation commenced by SunCal in the California Court. SunCal implies that the Debtors and Fenway are making a surprise end-run around the California Court's jurisdiction over the SunCal's reorganization.

7. This is untrue. First of all, as described above, the instant motion hardly comes as a surprise to anyone, including, in particular, SunCal. Moreover, SunCal was explicitly warned by this Court that its actions violate the automatic stay in the Debtors' cases. Rather than request relief from this Court, SunCal waited until it was rebuked by the Ninth Circuit Bankruptcy Appellate Panel before dropping LCPI from the adversary proceeding pending before the California Court.[6] In invoking the automatic stay, Lehman has simply been acting to protect whatever property rights it has in the Repo Assets. The Compromise removes any and all doubt regarding this.

8. The Debtors and Fenway's efforts to unwind the transactions and retransfer the Repo Assets to LCPI are completely consistent with the parties' original intent, the terms of the MRA and other of the Fenway Documents, and Fenway's fully disclosed objective to extricate

---

[6] Fenway respectfully refers to the Debtors' response to SunCal's objection for a complete and accurate summary of the facts relating to SunCal's repeated attempts to evade the automatic stay.

4

itself from the middle of Lehman's dispute with SunCal.  SunCal's insinuations to the contrary are disingenuous and should be wholly disregarded.

| | |
|---|---|
| Dated: New York, New York<br>April 13, 2010 | DEWEY & LEBOEUF LLP<br><br>/s/Irena Goldstein<br>Richard R. Reinthaler, Esq.<br>Irena Goldstein, Esq.<br>1301 Avenue of the Americas<br>New York, New York 10019<br>Telephone: 212-259-8000<br>Facsimile: 212-259-6333<br><br>Attorneys for Fenway Capital, LLC<br>and Fenway Funding, LLC |

NY3 3052586.2