WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' OMNIBUS RESPONSE TO OBJECTIONS TO DEBTORS' MOTION
TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), file this omnibus

response (the "Response") to the objections interposed to their motion, dated March 15, 2010,

for an order authorizing the Debtors to implement claims hearing procedures and alternative

dispute resolution procedures for claims against the Debtors (the "Motion")[1] and respectfully

represent:

1. Given the largesse and complexity of the Debtors' cases – by far the

biggest bankruptcy cases ever filed – the burdens on the Debtors and the Court imposed by the

---

[1] Unless otherwise specified, capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

massive number (over 66,000) of Claims against the Debtors' estates could entail years of litigation and delay distributions unless an alternative mechanism is put in place to resolve the Claims. The Debtors anticipate resolving many Claims by mutual agreement of the parties, and it is in that spirit that the Debtors propose the Claims Hearing Procedures and the ADR Procedures. In designing the ADR Procedures, the Debtors sought to develop procedures whereby both sides would buy into a consensual claims resolution process.

2.      Consistent with the Debtors' approach on every issue of import in these cases, the Debtors have sought out, collected, and carefully considered the views of parties in interest. In an effort to engage parties in interest in further crafting this process for the unique circumstances of these cases, almost immediately after filing the Motion and continuing for weeks through the drafting of this Response, the Debtors engaged in face-to-face, telephonic, and email communications and negotiations with numerous parties in interest, including

- o  Bank of America, N.A.

- o  Centerbridge Credit Advisors, LLC

- o  Credit Suisse International

- o  D. E. Shaw Composite Portfolios, LLC

- o  D. E. Shaw Oculus Portfolios, LLC

- o  Deutsche Bank AG

- o  Goldman, Sachs & Co.

- o  Goldman Sachs International

- o  Morgan Stanley Capital Services Inc.

- o  Morgan Stanley & Co. International plc

- o  Oaktree Capital Management LP

o  The Royal Bank of Scotland plc

o  TPG Credit Management, LP

o  Barclays Bank PLC

o  Barclays Capital Inc.

o  Barclays Capital Securities Limited

o  Barclays Bank S.A.

o  Barclays Wealth Managers France SA

o  Absa Bank Limited

o  Citigroup, Inc.

o  Citibank, N.A., in its capacity as Trustee

o  The Bank of New York Mellon

o  The Bank of New York Mellon Trust Company

o  BNY Corporate Trustee Services Limited

o  Wilmington Trust Company, as Trustee

o  Bank of America, N.A., as Trustee

o  U.S. Bank, N.A., as Trustee

o  Deutsche Bank Trust Company Americas

o  Deutsche Bank National Trust Company

o  Lehman Re, Ltd. and Pulsar Re, Ltd.

o  Internal Revenue Service

o  Federal Housing Finance Agency

o  Bundesverband deutscher Banken e.V.

o  OMX Timber II

3.      As part of this collaborative effort in finalizing the ADR Procedures that
were far from perfect to anyone, but acceptable to most everyone, the Debtors regularly
circulated among these parties updated versions of the Proposed Order, including blackline
copies, so the parties could chart revisions and determine their views on the proposed
procedures.  In fact, the Debtors have continued receiving suggestions to the Claims Hearing
Procedures and the ADR Procedures right up to the filing of this Response.  A revised proposed
order (the "Revised Proposed Order") authorizing the Claims Hearing Procedures and the ADR
Procedures is attached hereto at Exhibit 2, and a blackline of the Revised Proposed Order
reflecting all of the cumulative revisions to the Proposed Order submitted with the Motion on
March 15, 2010 is attached hereto at Exhibit 3.  Among other things, the Revised Proposed
Order reflects the following modifications:

(i) specialized provisions for Indenture Trustees (as defined in the Revised
Proposed Order) so that they may participate in the ADR Procedures consistent
with their authority under the relevant governing documents or as obtained from
holders for which they serve as fiduciaries;

(ii) provisions facilitating the collective resolution of objections of Related
Objecting LBHI LPS Holders (as defined in the Revised Proposed Order) so as to
avoid inconsistent decisions with respect to holders of the same ISIN;

(iii) clarification that, although a Merits Hearing and a Claims Objection Hearing
are substantively identical, they are procedural different in that a Claims
Objection Hearing occurs after an unsuccessful Mediation whereas a Merits
Hearing occurs in lieu of the ADR Procedures;

(iv) provisions enabling the parties to consensually agree upon a Claims
Litigation Schedule, whether after an unsuccessful Mediatior or in lieu of the
ADR Procedures, and permitting the parties to seek relief from the Court
regarding disputes over such schedule;

(v) additional time requirements to ensure adequate time for preparation for a
Claims Objection Hearing after an unsuccessful Mediation;

(vi) ability of the Mediator and the parties to request Supporting Information (as defined in Exhibit A to the Revised Proposed Order), which is discussed further herein;

(vii) clarification of the scope of the Temporary Litigation Injunction, which is also discussed further herein;

(viii) enhanced confidentiality protections for the ADR Procedures, particularly Mediation, which enable the parties to safely provide Privileged Information (as defined in the Revised Proposed Order) without waiving privilege;

(ix) a maximum time period for Mediation (120 days) so that it cannot continue indefinitely; and

(x) agreement regarding which Mediators will be utilized to mediate Large Complex Claims (as defined in Exhibit A to the Revised Proposed Order).

4.        The Debtors believe that, as revised, the Claims Hearing Procedures and the ADR Procedures reflect a fair and reasoned overlay to the claims objection process.  While the resulting procedures are far from what any single party would have wanted, including the Debtors, they are the result of fair give and take and acceptable to most.  Based on the efforts of the Debtors and the aforementioned parties in interest, parties did not object to the proposed procedures or have since agreed that their objections have been resolved.  While the Debtors attempted to resolve every objection (each, an "Objection" and together, the "Objections") consensually, that goal proved too lofty.  Accordingly, the Debtors file this Response to address the remaining Objections, which are without merit.  A table of Objections and informal requests received by the Debtors and the Debtors' responses thereto is attached to this Response as Exhibit 1.  The table catalogues each Objection and informal request that has been addressed in the Revised Proposed Order, with a citation to the page of the blackline on which the

modification appears.  The table also addresses unresolved Objections not otherwise directly addressed herein.[2]

5.      The unresolved Objections in the table stem from two overarching incorrect presumptions: (a) the Debtors will act unreasonably, irrationally, and in bad faith and (b) the Debtors have sought prejudicial claims resolution procedures, which are unfairly biased towards the Debtors, as an end-run around traditional claims resolution procedures.  Those presumptions could not be more off base.

6.      First, the Debtors do not act unreasonably, irrationally, or in bad faith. The Debtors have an eighteen month track record that has proven to the contrary.  Accordingly, the Debtors cannot and will not address such unreasonable concerns in the context of these procedures, and the Court has and continues to make itself more than accessible to hear any party that feels aggrieved.  As to the process itself, the Debtors designed these procedures off of standard ADR procedures and procedures approved in bankruptcy cases in this Circuit.  By definition, ADR only works if both parties ultimately buy in to the process and interact at the negotiating table in good faith.  Given the non-binding nature of Mediation, if either party sits at the negotiating table and does not feel it has the information necessary to make an informed judgment, it is free to walk away.  In such circumstances, the Debtors have as much to lose as Claimants from a tilted process.  Only with buy-in from both sides do alternative dispute resolution procedures work.

---

[2] The attached table addresses each of the arguments that were raised in the objections.  Failure of the Debtors to address in the attached table or this Response arguments made in the objections shall not constitute a waiver of the Debtors' rights to object to such arguments at the hearing to consider the Motion or at a later date.  The Debtors deny many of the factual and legal assertions and characterizations contained in the objections.  Nothing contained herein shall be deemed an admission or acceptance of any statement contained in the objections.

7.      In addition to the Objections in the table, which are without merit and should be overruled, there were a number of thematic objections that appeared in certain of the pleadings that the Debtors address below:

> Objection:    The Temporary Litigation Injunction improperly enjoins bankruptcy, insolvency, and similar proceedings in foreign jurisdictions that should be exempted

8.      Response:      The Court should overrule the Objection that bankruptcy, insolvency, and similar proceedings in foreign jurisdictions should not be enjoined by the Debtors' objection to a Proof of Claim.  First, to be clear, the Debtors revised the Proposed Order to make clear that a claims objection does not stay any action by a Claimant with respect to its claim against any of the Debtors' affiliates that are in bankruptcy or insolvency proceedings in cases other than these chapter 11 cases.

9.      The remaining issue, however, is that a few of the administrators of such affiliates who filed Proofs of Claim in the Court nevertheless believe they should not be subject to the same proceeding as all Claimants in these cases.  By filing Proofs of Claim in the Court, foreign non-Debtor affiliates have subjected themselves to the jurisdiction of the Court.  See, e.g., Langenkamp v. Culp, 498 U.S. 42, 44 (1990) ("by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power") (citing Granfinanciera v. Nordberg, 492 U.S. 33, 58-59 (1989)).  Proofs of Claim filed by non-Debtor affiliates against the Debtors directly impact the Debtors' liability under such Proofs of Claim.  There can be no doubt that these administrators have subjected themselves to the jurisdiction of this Court.  As such, they are subjected to the claims resolution process and this Court's orders.  The overlay of a non-binding Mediation that promotes judicial efficiency, conservation of resources, and consensual settlements should be embraced in the spirit of cooperation.

10.    The UK Administration Companies (as defined in the Objection at Docket No. 8012) and the Lehman Hong Kong Liquidators (as defined in the Objection at Docket No. 7930), misconstrue why the Temporary Litigation Injunction enjoins other proceedings filed by non-Debtor affiliates under which claims against the Debtors may be fixed.  The Lehman Hong Kong Liquidators argue that the Lehman Cross-Border Protocol (as defined in the Objection at Docket No. 7930) and the "existing dialogue between the Debtors and the Lehman Hong Kong Liquidators" should be the means for resolving their claims.  To be clear, nothing in the Claims Hearing Procedures or the ADR Procedures is intended to disrupt or otherwise abrogate the ability of the Debtors and the Lehman Hong Kong Liquidators to continue such positive dialogue and reach consensual resolution of issues.  However, in the event that the claims for some reason cannot be resolved through the Lehman Cross-Border Protocol and the existing dialogue between the parties, the Debtors have the fundamental right to have the claims against their estates resolved by this Court.  The Debtors believe that under such circumstances, Mediation may prove to be a particularly effective means of resolving theretofor unresolved claims against the Debtors.  The Claims Hearing Procedures and the ADR Procedures do nothing to deprive the Hong Kong Court (as defined in the Objection at Docket No. 7930) of its jurisdiction.

11.    Unlike the Lehman Hong Kong Liquidators, the UK Administration Companies did not sign the Lehman Cross-Border Protocol and provide no justification for the Temporary Litigation Injunction not applying to objections to their Proofs of Claim except to argue that the Debtors should not be permitted to "use the service of an objection to a claim in conjunction with the Temporary Litigation Injunction provision as a tool to delay the UK administrations."  To date the Debtors have not objected to the UK Administration Companies' claims nor done anything to disrupt the administration of their cases.  There is no reason to

suggest that the process proposed by the Debtors to effectively deal with 66,000 Claims is a guise aimed at derailing the UK administrations. Again, if it should come to pass that the UK Administration Companies are served with a Notice of ADR Procedures, they will have to be convinced of the merits of the process or no agreement will be reached and the Mediation will fail. The Debtors seek to resolve claims against their estates as efficiently and consensually as possible.

12.     Where Proofs of Claim have been filed against the Debtors, this Court has the exclusive jurisdiction to adjudicate them and thereby implement the Claims Hearing Procedures and the ADR Procedures to facilitate their resolution. The UK Administration Companies provide no argument as to why this should not be the case. To the extent that the proceedings commenced by the UK Administration Companies seek to "establish, liquidate, collect on, or otherwise enforce" Contested Claims that they have filed against the Debtors, those proceedings should be stayed pending resolution of the Contested Claims in this Court because this Court has exclusive jurisdiction over such Contested Claims filed against the Debtors. To the extent that the proceedings commenced by the UK Administration Companies do not seek to "establish, liquidate, collect on, or otherwise enforce" Contested Claims that they have filed against the Debtors, such proceedings will not be stayed pursuant to the Temporary Litigation Injunction. In fact, the UK Administration Companies' argument is counterintuitive. Even if Contested Claims against the Debtors could be fixed in the UK proceedings, such determinations would not deprive this Court of its exclusive jurisdiction to fix such Contested Claims. Therefore, if such Contested Claims were fixed through the Claims Hearing Procedures and/or the ADR Procedures, the proceedings commenced by the UK Administration Companies would

then go forward without the risk that determinations related to fixing the Contested Claims in the

UK proceedings would be challenged in this Court.

Objection:    ADR Procedures fail to provide for formal discovery in
Mediation

13.    Response:    Formal discovery, or even mandatory production of

documents, defeats a primary purpose of Mediation, which is to minimize great expenditures of

time and money in an adversarial process.  Not only is discovery not a part of any recognized

mediation protocol, the fact that discovery does not have a place in mediation is clearly

demonstrated by the absence of any discovery provisions in this Court's General Order providing

a mediation protocol.  However, understanding that the parties and the Mediator should be able

to request (or the parties submit on their own) supporting documents and/or information, the

ADR Procedures have been revised to enable the parties and the Mediator to request such

supporting documents and/or information (defined as "Supporting Information" in paragraph

5(d) of the ADR Procedures).  Because Mediation is a consensual process, anything undermining

the attempted consensus between the parties makes a resolution all the less likely.

14.    Other Objections related to discovery issues argue that the Debtors should

be compelled to turn over to Claimants the same information Claimants were required to provide

in the Derivatives Questionnaire.  Specifically, the Objection contends that the calculations the

Debtors would be required to provide "should not be difficult or burdensome" because the

Debtors already will have prepared the calculations in connection with an Offer of Settlement.

The Objection completely misses the fact that the Offer of Settlement is discretionary.  However,

such calculations will form the basis for any Mediation, and an exchange and dialogue regarding

such calculations would form the starting point of any Mediation.  Imposing litigation-type

requirements in the form of a mandatory information exchange has no place in Mediation as it

undermines the consensual nature of Mediation.  Should Mediation fail, all parties have their full

rights to discovery as proscribed by the Federal Rules of Civil Procedure and the Bankruptcy

Rules.

15.    Other Objections have sought compulsory third party discovery.  This

Objection is completely impractical and unworkable.  First, the Debtors see no benefit in

Mediations becoming a battle of competing discovery demands to third parties.  The litigation

gloss entailed by such discovery is wholly inappropriate in a consensual dispute resolution

process.  Moreover, it is utterly unclear how such compulsory third party discovery would even

work.  The Mediator has no authority to issue subpoenas, and under the General Order, there is

no provision allowing the Court to grant such authority.

Objection:    ADR Procedures deprive counterparties to ISDA
Agreements of bargained-for termination rights under such
agreements

16.    Response:    Several counterparties to ISDA Agreements (as defined in

the Objection at Docket No. 7939) objected to the ADR Procedures on that grounds that the

ADR Procedures deprive them of bargained-for termination rights under such agreements.[3]

While the Debtors will recite and respond to these objectors' concerns, the Debtors overarching

response is that the concerns fail to recognize the consensual nature of mediation.  The

objections and Debtors' responses are as follows:

(i) Objection:  The ADR Procedures imply that the ISDA Agreement has no force or
effect following an Event of Default and designation of an Early Termination Date.
Response:  There is nothing in the ADR Procedures implying or stating anything to this
effect.  The Mediation may facilitate the resolution of claims arising under an ISDA
Agreement in accordance with its terms, and to the extent Mediation is unsuccessful, the

---

[3] At the filing of this Response, the Debtors and each of the Claimants who interposed the Objections set forth in
this paragraph were still in discussions regarding the Revised Proposed Order.  The parties remain hopeful that
agreement can be reached and the Objections resolved prior to the hearing.

parties rights to proceed to a Claims Objection Hearing before the Court are fully preserved.

(ii) <u>Objection</u>:  ISDA Agreement requires mutual exchange of information, including estimate of claims (calculation of amounts due as a result of termination), but a Sufficiency Hearing would permit no exchange of information and an estimate would not be provided by the Debtors until Mediation, so this information should be exchanged at the outset of the ADR Procedures.
<u>Response</u>:  The Sufficiency Hearing is designed to disallow and extinguish legally insufficient claims.  Whether or not a claim asserted by a counterparty to an ISDA Agreement is legally sufficient has nothing to do with any information that may or may not be provided by the Debtors. If a purported counterparty to an ISDA Agreement did not actually have a contract with the Debtors, the Debtors would be entitled to have the Proof of Claim expunged.

(iii) <u>Objection</u>:  The ISDA Agreement specifies a methodology for calculating claims, which should be incorporated into the ADR Procedures.
<u>Response</u>:  The Objection alleges that the Debtors will abrogate the calculation methodology in the ISDA Agreement in favor of an "unspecified methodology."  The Objection does not cite any provision in the ADR Procedures supporting this argument. Nothing prevents the counterparties to ISDA Agreements from asking the Mediator to mediate the Proof of Claim based on the calculation methodology required by the ISDA Agreements.  Should the Mediator or the Debtors refuse to do so, the counterparty's right to proceed to an evidentiary hearing in which it may attempt to require the Court to apply such Mediation are fully preserved.

(iv) <u>Objection</u>:  The ISDA Agreement has a venue clause choosing the District Court for Southern District of New York and mediation procedures under General Order M-390 should be employed (i.e., only Court should be able to refer dispute to such mediation).
<u>Response</u>:  The Objection acknowledges that to the extent a dispute arises between a counterparty and the Debtors under an ISDA Agreement, the dispute will necessarily be brought in this Court by way of claim objection and/or adversary proceeding and the Court may refer the matter to mediation under the General Order.  Thus, the objection answers itself.  To the extent the Court grants the Revised Proposed Order, it is referring matters to mediation on an omnibus basis.  The objection further argues, without any support, that the ADR Procedures are more favorable to the Debtors than the mediation procedures under the General Order.  As previously discussed, the ADR Procedures are balanced and designed to effect consensual resolutions between the parties.  To the extent they do not do so, the parties may proceed to an evidentiary hearing before the Court.

    17.    The counterparties to ISDA Agreements also seek to limit Mediation to

any dispute over termination damages and not disturb the provisions in the ISDA Agreement

relating to calculation of termination damages or the exchange of information.  For the foregoing

reasons, there is no reason for the Court to so limit Mediation.  To the extent Mediation proves

unsatisfactory to the Debtors and Claimants after a good-faith effort, the parties may have the

Contested Claim adjudicated by the Court.  The consensual process of a Mediation should not

have artificial limits imposed on its scope ex ante.  Lastly, the Objection states that the Claims

Hearing Procedures and the ADR Procedures should not supplant the procedures established in

the Court's December 16, 2009, order [Docket No. 2257].  Both the Motion itself and the Order

specifically state that those procedures are not supplanted.

WHEREFORE, for the reasons set forth above and in Exhibit 1 hereto, the

Debtors respectfully request that the Court (i) overrule the Objections to the Motion; (ii) approve

the Revised Proposed Order and authorize the Claims Hearing Procedures and the ADR

Procedures; and (iii) grant such other and further relief as the Court may deem just and

appropriate.

Dated:  April 13, 2010
          New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for the Debtors
and Debtors in Possession

**<u>Exhibit 1</u>**

**FILED OBJECTIONS**

| No. | Docket Number | Party | Issue | Status |
|---|---|---|---|---|
| 1 | 7916 | The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and BNY Corporate Trustee Services Limited, in their representative capacities | • Trustee has limited role and authority and should not be forced to attend or participate in Mediation without direction from noteholders<br>• Procedures should be modified to ensure noteholders receive sufficient advance notice, permit participation, including telephonic, and avoid unreasonable or impractical deadlines and other requirements<br>• Seek same accommodations as under Derivatives ADR Procedures | • RESOLVED |
| 2 | 7944 | Wilmington Trust Company, as Trustee | • Joinder to Docket No. 7916 | • RESOLVED |
| 3 | 7946 | Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee | • Joinder to Docket No. 7916 | • RESOLVED |
| 4 | 7947 | U.S. Bank National Association, as Trustee | • No Mediation for U.S. Bank or seek same accommodations as under Derivatives ADR Procedures | • RESOLVED |
| 5 | 7949 | Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company, each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee and in other related fiduciary capacities | • Joinder to Docket No. 7916<br>• Objection to extent Procedures (i) limit communications with Debtors, including conveyance of counteroffers, (ii) modify burden of proof in claims process, and (iii) alter rights of Claimants to take discovery to meet proof requirements, including discovery of third parties | • RESOLVED |
| 6 | 8027 | Citibank, N.A., in its capacity as trustee pursuant to various trust agreements | • Joinder to Docket No. 7916 | • RESOLVED |

| No. | Docket Number | Party | Issue | Status |
|---|---|---|---|---|
| 7 | 7921 | Bundesverband deutscher Banken e.V. | • Debtors or Claimant should have right to terminate Mediation at any time after 60 days from date of first session | • RESOLVED |
| 8 | 7935 | European Credit Management Limited | • Objection to Adversary Proceeding being enjoined (but not to amount of claims being fixed as long as Adversary Proceeding not enjoined) | • RESOLVED |
| 9 | 8014 | Lehman Re, Ltd. and Pulsar Re, Ltd. | • Seek time limit on Mediation, including Court intervention if Debtors cause "undue delay"<br><br>• Mediation and Temporary Litigation Injunction should be "claim specific"<br><br>• Seek more detail regarding hearings, including requirement of agreeing to scheduling order within 5 days of termination of Mediation | • RESOLVED |
| 10 | 7932 | Hess Corporation, Hess Energy Trading Company, LLC, Mizuho Capital Markets Corp., Mizuho Corporate Bank, Ltd., as Holder of Derivative Claims, Mizuho Alternative Investments LLC and Louis Dreyfus Energy Services, L.P. | • Claimant should have right to demand Debtors provide Claimant with same information Claimant required to provide in Derivatives Questionnaire<br><br>• Claimant should have right to terminate Mediation if no settlement reached within 4 months of first session, and parties should be able to request Mediator terminates Mediation if impasse reached<br><br>• Debtors should be required to propose only 4 Mediators, not "no fewer than 4" | • Addressed in Response<br><br><br>• RESOLVED<br><br><br><br>• As discussed in the body of the Response, these Objections presume that the Debtors will act in bad faith or unreasonably. The Debtors' desire in propounding the ADR Procedures is reaching consensus with each Claimant. Therefore, it is directly against the Debtors' interest to act abusively in the Mediator selection |

| No. | Docket Number | Party | Issue | Status |
|-----|---------------|-------|-------|--------|
| | | | | process such that the Claimant has no interest in buying into this consensual dispute resolution process. The Debtors have selected respected, nationally known Mediators for the List of Mediators and have solicited the names of additional Mediators from parties in interest. Additionally, the ADR Procedures specifically provide that the Debtors and the Claimant may mutually agree on a Mediator not appearing on the List of Mediators, including from the Register of Mediators maintained by the Court. |
| | | | • Notices served on Claimant should also be served on counsel | • RESOLVED |
| | | | • "Good faith" should mean compliance with standards of FRBP 9011(b) | • RESOLVED |
| | | | • Either Debtors or Claimant should be able to seek "issue consolidation" of Mediation | • This objection is impractical. Although the ADR Procedures only allow the Debtors to make an application to consolidate Mediations involving multiple Claimants with common issues of fact and law, similarly situated Claimants may ask the Debtors to make such an application. The Debtors' interest is in resolving Contested Claims consensually and cost-effectively. Where appropriate, this may entail consolidating Mediations of multiple Claimants involving common issues of fact and law, but the Debtors, rather than any particular Claimant, are in the proper position to make such a determination. |

| No. | Docket Number | Party | Issue | Status |
|---|---|---|---|---|
| 11 | 7940 | Taconic Capital Partners 1.5 LP and Opportunity Fund LP | • Debtors should not have right to "unlimited discovery"<br><br>• Debtors should not be able to schedule hearings in their "sole discretion" | • RESOLVED<br><br>• Sufficiency Hearings go forward at the date set forth in the Notice of Omnibus Objection or the return date of an individual claim objection.  In the Notice of Omnibus Objection, the Debtors reserve their right to continue the hearing set for the return date.  The Claims Hearing Procedures do nothing to expand that right or harm Claimants. |
| 12 | 7941 | Wells Fargo Bank, National Association, in its Individual Capacity and its Capacity as Trustee | • Procedures are unduly burdensome because there could be three steps to resolution (Sufficiency Hearing, ADR, Merits Hearing [sic]), potentially requiring 600 hearings for Wells Fargo's 200 claims<br><br>• Sufficiency Hearing is "additional step" beyond FRBP 9014 and General Order M-390 | • The Debtors have the right to object to a Proof of Claim on multiple grounds, and the Claims Hearing Procedures and the ADR Procedures do not impose any additional burdens on a Claimant that do not otherwise exist in the claims resolution process.<br><br>• The Debtors have the right to seek disallowance and expungement of legally insufficient Claims. Bankruptcy Rule 9014(c) permits the Court to apply, *inter alia*, Bankruptcy Rule 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6) (dismissal for failure to state a claim) and Rule 12(c) (judgment on the pleadings) to claims objections, providing the Court with the discretion to rule on the sufficiency of the pleadings presented by the Claimant. To the extent a Claimant fails to support a Contested Claim sufficiently, such Contested Claim does not make out a prima facie case against the Debtors and is subject to disallowance, *see In re WorldCom, Inc.*, 2005 WL |

| No. | Docket Number | Party | Issue | Status |
|-----|---------------|-------|-------|--------|
| | | | | 3832065, *4 (Bankr. S.D.N.Y. 2005), and expungement following a Sufficiency Hearing pursuant to Bankruptcy Rule 7012(b). Additionally, there is no requirement that a Contested Claim go through a Sufficiency Hearing before it proceeds to the ADR Procedures or a Merits Hearing, as applicable. |
| | | | • Debtors should not have right to unilaterally adjourn hearings<br>• In-person attendance at Mediation is unduly burdensome, so Wells Fargo representative should be allowed to participate telephonically | • See above<br>• Telephonic Mediation is not prohibited by the ADR Procedures. If it would clearly be unduly burdensome for the Claimant to appear in person, the Debtors will act reasonably. For example, the assumption that the Debtors would require a Claimant to travel halfway across the world for a Mediation where the Claim is worth less than the cost of the airplane ticket is simply baseless. Mediation attempts to resolve a Contested Claim prior to an evidentiary hearing. However, were there no Mediation in these cases, Claimants would have to travel to New York to this Court to prosecute and defend their Claims. The ADR Procedures accordingly impose no additional burden on Claimants. |
| | | | • Offer of Settlement is one-sided and allows Debtors to "strong-arm" Claimant into ADR, so Claimants should be allowed to make counteroffer and for offers to be traded back and forth, with ADR only commencing if Claimant fails to respond or parties reach impasse | • The Debtors have determined that allowing a written counteroffer to the Offer of Settlement will not promote the expeditious resolution of Contested Claims. It is within the Debtors' discretion to make an Offer of Settlement in the first place, which the Debtors believe in some cases will bring the Contested Claim to a swift |

| No. | Docket Number | Party | Issue | Status |
|---|---|---|---|---|
| | | | | resolution, but the Debtors have determined that it is impractical and inefficient to expend estate resources on processing potentially thousands of counteroffers.  The Claims Hearing Procedures and the ADR Procedures specifically permit settlement and communication regarding settlement at any time, so Claimants are in no way disadvantaged. |
| | | | • Mediator selection is one-sided and there is no mechanism for replacements to Debtors' selections if one or more is conflicted | • See above |
| | | | • Debtors should have used Court's Register of Mediators and Debtors did not conduct conflict searches of list | • See above |
| | | | • Want notices sent to certain addresses | • RESOLVED |
| 13 | 7952 | ABC Assicura Società per Azioni, Amber Capital Investment Management, Avignon Capital Ltd., et al. | • Seek "reasonably tailored" pre-Mediation discovery | • Addressed in Response |
| | | | • Objecting Parties who do not reside within reasonable distance of New York should have option to participate in Mediation telephonically | • See above |
| 14 | 7953 | Linn Energy, LLC | • (i) Debtors and Claimant should be permitted to compel production of documents from third parties and (ii) Debtors and Claimant should cooperate with one another in good faith to exchange information, including documents, that is reasonably requested by other side | • (i) Addressed in Response and (ii) RESOLVED |

| No. | Docket Number | Party | Issue | Status |
|---|---|---|---|---|
| 15 | 7937 | Standard Chartered Bank PLC | • Seek limited pre-Mediation discovery<br>• Three alternatives to Mediator selection: (i) Claimant selects one from list, (ii) Claimant selects a number from list, Debtors strike some, (iii) AAA or other third-party selects Mediator<br>• Time frame for submission of Mediation Briefs should be expanded to 20 and 15 days, respectively | • Addressed in Response<br>• See above<br><br>• The ADR Procedures do not prevent the parties from agreeing on an alternative time frame for submission of Mediation Briefs.  To the extent the parties feel early submission of Mediation Briefs promote a consensual resolution, it is in both parties' interest to agree to such a modification.  Nonetheless, the Mediation Briefs are akin to "opening statements" in a Mediation and are not intended to be treated as litigation briefs.  Mediation Briefs are intended to give the Mediator a sense of the dispute and each side's position.  They are not intended to be a forum for intensive litigation of the parties' dispute. |
| 16 | 7938 | BRE Bank SA | • Identical to Docket No. 7937 | • See Docket No. 7937 |
| 17 | 7943 | Phoenix Life Limited | • Identical to Docket No. 7937 | • See Docket No. 7937 |
| 18 | 7945 | SABMiller PLC | • Identical to Docket No. 7937 | • See Docket No. 7937 |
| 19 | 8111 | Intersil Investment Company, Intersil Holding GmbH, Intersil Europe SaRL, Inc. and Xicor, LLC | • Identical to Docket No. 8014 | • See Docket No. 8014<br>• LATE |
| 20 | 8119 | InfoSpace, Inc. | • Identical to Docket No. 8014 | • See Docket No. 8014<br>• LATE |

| No. | Docket Number | Party | Issue | Status |
|-----|---------------|-------|-------|--------|
| 21 | 7930 | Lehman Hong Kong Liquidators | • Seek exemption from Procedures in favor of Lehman Cross-Border Protocol, which contemplates global resolution of claims by Debtors against HK Liquidators and claims by HK Liquidators against Debtors rather than claim-by-claim process contemplated by Procedures | • Addressed in Response |
| 22 | 8012 | Joint Administrators of the UK Administration Companies | • Seek blanket carve-out from Temporary Litigation Injunction for UK applications and litigations | • Addressed in Response |
| 23 | 7939 | Optim Energy Marketing and Trading, LLC, f/k/a EnergyCo Marketing and Trading, LLC | • Procedures ignore termination procedures set forth in ISDA Agreements (See Response)<br>• Procedures should be limited to dispute over termination damages being referred to Mediation, not calculation of termination damages or exchange of information (See Response)<br><br>• Procedures should not supplant Derivative ADR Procedures<br>•<br>• Hearings should be scheduled upon mutual consent of parties | • At the filing of this Response, the Debtors and Claimants were still in discussions regarding the Revised Proposed Order. The parties remain hopeful that agreement can be reached and the Objections resolved prior to the hearing.<br><br>• RESOLVED<br><br>• See above |

8

| No. | Docket Number | Party | Issue | Status |
|---|---|---|---|---|
| | | | • Claimants should be able to opt out of Mediation and proceed directly to Merits Hearing<br><br>• If Claimant opts out of Mediation, Temporary Litigation Injunction should be dissolved | • If Claimants were able to opt out of Mediation the resources of the Debtors and the Court would be overwhelmed, to the detriment of all parties in interest. On the other hand, if Mediation is unsuccessful, the Revised Proposed Order directs the Debtors and Claimants to agree on a Claims Litigation Schedule. Once they reach such agreement, the Temporary Litigation Injunction expires. |
| | | | • Adjournments should be upon mutual consent of parties or Court order | • See above |
| | | | • Claimant should have input in choice of Mediator and not be compelled to accept choice imposed by Debtors | • See above |
| | | | • Mediation should be held in New York or other location agreed to by Claimant and Debtors | • See above |
| 24 | 7948 | First Choice Power, L.P. | • Joinder to Docket No. 7939 | • At the filing of this Response, the Debtors and Claimants were still in discussions regarding the Revised Proposed Order. The parties remain hopeful that agreement can be reached and the Objections resolved prior to the hearing. |

9

| No. | Docket Number | Party | Issue | Status |
|---|---|---|---|---|
| 25 | 7950 | BlueMountain Capital Management, LLC and Affiliated Entities | • Joinder to Docket No. 7939 | • At the filing of this Response, the Debtors and Claimants were still in discussions regarding the Revised Proposed Order.  The parties remain hopeful that agreement can be reached and the Objections resolved prior to the hearing. |
| 26 | 7951 | NRG Energy, Inc. | • Joinder to Docket No. 7939 | • At the filing of this Response, the Debtors and Claimants were still in discussions regarding the Revised Proposed Order.  The parties remain hopeful that agreement can be reached and the Objections resolved prior to the hearing. |
| 27 | 7957 | LibertyView Credit Opportunities Fund, L.P., LibertyView Credit Select Fund, LP, LibertyView Funds, L.P., LibertyView Global Risk Arbitrage Fund, L.P., and LibertyView Special Opportunities Fund, L.P. | • Joinder to Docket No. 7939<br>• Procedures provide Debtors with "leg-up" and sole discretion to make particular decisions | • See Docket No. 7939<br>• Addressed in Response |
| 28 | 8203 | Stonehill Institutional Partners, L.P. and Stonehill Offshore Partners Limited | • Joinder to Docket No. 7939 | • See Docket No. 7939<br>• LATE |

**<u>Exhibit 2</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                           :       **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :       **08-13555 (JMP)**
                                                :
                          **Debtors.**          :       **(Jointly Administered)**
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105 OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULE 9014,**
**AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO**
**IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE**
<u>**DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**</u>

Upon the Motion, dated March 15, 2010 (the "<u>Motion</u>"),[1] of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "<u>Debtors</u>"), pursuant to section 105 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>"), Rule 9014 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>"), and General Order M-390 (the "<u>General Order</u>"), for authorization to

implement Claims Hearing Procedures and ADR Procedures for Claims against the Debtors, all

as more fully set forth in the Motion; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, creditors, and all parties in interest and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures, as set forth in <u>Exhibit A</u> attached hereto, are approved to the extent set forth herein; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Claims Hearing Procedures and the ADR Procedures; and it is further

ORDERED that the Creditors' Committee is authorized to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate by order of the Court to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim; and it is further

ORDERED that any information submitted in connection with a Proof of Claim or a Derivative or Guarantee Questionnaire shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures; and it is further

ORDERED that upon service of an objection, omnibus or otherwise, to a Proof of Claim filed by a Claimant other than the Internal Revenue Service (or an objection to the Scheduled Claim amount for an LBHI Issued LPS), the Debtors, each Claimant, and each Indenture Trustee with Authority (as defined herein) to whom such objection applies (or who filed an objection to the Scheduled Claim amount for any LBHI Issued LPS) shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any Contested Claims identified in such objection other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the

applicable Debtors' chapter 11 cases (the "Temporary Litigation Injunction"); provided,

however, that the Temporary Litigation Injunction shall expire with respect to a Contested Claim

only (i) when that Contested Claim has been resolved by virtue of a settlement between the

parties, reached through these ADR Procedures or otherwise, or (ii) upon the parties' mutual

agreement (or entry of a Court order, which either party may seek, if the parties are unable to

agree) on a Claims Litigation Schedule (as defined in Exhibit A attached hereto) for the Merits

Hearing or the Claims Objection Hearing, as applicable, for such Contested Claim; provided

further, that notwithstanding anything set forth herein to the contrary, the Temporary Litigation

Injunction shall not apply to any Claimant with respect to the investigation, prosecution, or

defense of any of its claims or rights as against Lehman Brothers Inc., any other entity affiliated

with the Debtors that is the subject of a bankruptcy, insolvency, or similar proceeding in a

foreign jurisdiction, or any entity not affiliated with the Debtors; and it is further

ORDERED that nothing in the Claims Hearing Procedures or the ADR

Procedures shall preclude any party to an executory contract with any Debtor from seeking from

the Court adequate assurance of future performance related to an executory contract pursuant to

the Bankruptcy Code; and it is further

ORDERED that any resolution of an objection to a Scheduled Claim amount for

an LBHI Issued LPS (whether pursuant to order of the Court, in accordance with this Order, or

pursuant to arbitration in accordance with the General Order) shall be deemed to apply to all

holders of the security with the same International Securities Identification Number ("ISIN");

provided, however, that, notwithstanding anything to the contrary contained in this Order, the

Claims Settlement Procedures Order, the General Order, or any other applicable Court order or

rule, (i) the Debtors shall provide an opportunity, upon notice consistent with the Claims Hearing

Procedures and the ADR Procedures, for every holder of an LBHI Issued LPS that has timely

objected to a Scheduled Claim amount for the same ISIN (each such holder, or such holder's

successor in interest, as applicable, a "Related Objecting LBHI LPS Holder") to participate in the

Claims Hearing Procedures and the ADR Procedures, (ii) should the Debtors reach a tentative

resolution with any such holder, the Debtors shall attempt to obtain consent from every other

Related Objecting LBHI LPS Holder, and (iii) if the Debtors are unable to obtain consent from

all Related Objecting LBHI LPS Holders, the Debtors or any Related Objecting LBHI LPS

Holder shall apply to the Court to resolve the amount of the Scheduled Claim with notice to and

an opportunity for a hearing for all Related Objecting LBHI LPS Holders; and it is further

ORDERED that the Debtors are authorized to, in their sole discretion, append an

offer of settlement (the "Offer of Settlement") to a Notice of ADR Procedures, substantially in

the form attached hereto as Annex 1 to Exhibit B.  The Claimant or the Indenture Trustee with

Authority shall accept or reject the Offer of Settlement by checking the appropriate box on the

Offer of Settlement and serving it on the Debtors so as to be received no later than fifteen (15)

calendar days prior to the date set for a Mediation.  Any Claimant who has failed to accept or

reject the Offer of Settlement by the aforementioned deadline shall be deemed to have rejected

the Offer of Settlement.  The Claimant or the Indenture Trustee with Authority may not make a

written counteroffer to the Offer of Settlement except as provided by the ADR Procedures.  Any

settlement reached in accordance with this ordered paragraph shall be subject to the procedures

set forth in the Claims Settlement Procedures Order; and it is further

ORDERED that the Debtors are authorized to, in their sole discretion, append an

Offer of Settlement to a Notice of Merits Hearing, substantially in the form attached hereto as

Annex 1 to Exhibit C.  The Claimant or the Indenture Trustee with Authority shall accept or

reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and

serving it on the Debtors so as to be received no later than fifteen (15) calendar days prior to the

date set for a Merits Hearing.  Any Claimant who has failed to accept or reject the Offer of

Settlement by the aforementioned deadline shall be deemed to have rejected the Offer of

Settlement.  The Claimant or the Indenture Trustee with Authority may not make a written

counteroffer to the Offer of Settlement except as provided in any scheduling order issued by the

Court in connection with such Merits Hearing.  Any settlement reached in accordance with this

ordered paragraph shall be subject to the procedures set forth in the Claims Settlement

Procedures Order; and it is further

ORDERED that nothing in the Claims Hearing Procedures or the ADR

Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at

any time or voluntary communication between the parties with respect to such settlement;

provided, however, that any such settlement is subject to the Settlement Procedures; and it is

further

ORDERED with respect to any Notice of ADR Procedures that is served upon a

party acting in a fiduciary capacity in connection with a trust or other financing arrangement that

relates to any of the Debtors, including without limitation a trustee or indenture trustee (such

persons or entities collectively referred to as "Indenture Trustees," and each singly as an

"Indenture Trustee"), the Debtors and such Indenture Trustee shall review the governing

documents to determine whether the Indenture Trustee has authority to participate in a mediation

or dispute resolution process on behalf of holders ("Authority"); and it is further

ORDERED that if the Indenture Trustee determines, in good faith, that it has Authority, it shall participate in the Mediation on behalf of holders to the extent authorized by such documents; and it is further

ORDERED that if the Indenture Trustee determines, in good faith, that it lacks Authority via the governing documents, it shall, either through the clearing systems or, when possible, by a direct written communication, contact the holders for which it acts as Indenture Trustee and: (i) advise such holders that the Debtors dispute the Contested Claim(s); (ii) transmit to such holders the applicable Notice of ADR Procedures and this Order; (iii) and seek Authority in accordance with the governing documents to participate in the ADR Procedures on behalf of such directing holders; and it is further

ORDERED that in taking the aforementioned steps (i)-(v), the Indenture Trustee shall (i) make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances and (ii) provide the Debtors with a written communication advising the Debtors (a) that the Indenture Trustee has sought Authority from holders for which it acts as Indenture Trustee and (b) of the applicable time period, if any, within which the Indenture Trustee must obtain Authority via the governing documents (the "Response Period"); and it is further

ORDERED that the ADR Procedures shall not apply to an Indenture Trustee until the Indenture Trustee has provided the Debtor with either (i) a written response advising the Debtor that the Indenture Trustee has Authority under the governing documents (a "Notice of Authority"), which must be served upon the Debtors within ten (10) business days from the date of such Indenture Trustee's receipt of the Notice of ADR Procedures or (ii) a Notice of Directed Authority (as defined herein); and it is further

ORDERED that (i) an Indenture Trustee with Authority contained in the

governing documents must, following service of a Notice of Authority, thereafter comply with

the ADR Procedures and (ii) an Indenture Trustee with Authority obtained by way of direction

from holders as provided for herein (a) must provide written notice to the Debtors of such

Authority by direction (a "Notice of Directed Authority") within ten (10) business days from the

date of receipt of such direction from holders and (b) shall thereafter comply with the ADR

Procedures; and it is further

ORDERED that an Indenture Trustee who does not obtain Authority by direction

within the Response Period (i) must provide written notice to the Debtors of its inability to obtain

Authority by direction (a "Notice of No Authority") within ten (10) business days from the

conclusion of such Response Period, (ii) shall not be required to further participate under the

ADR Procedures, and (iii) shall proceed to a Claims Objection Hearing in accordance with

paragraph 1 of the ADR Procedures as if the Mediation had concluded in accordance with

paragraph 5(f) of the ADR Procedures; and it is further

ORDERED that for purposes of calculating time limits and deadlines under the

ADR Procedures in any proceeding involving an Indenture Trustee with Authority, the date on

which the Indenture Trustee serves either a Notice of Authority or a Notice of Directed

Authority, as applicable, shall be deemed to be the date of service of the Notice of ADR

Procedures; and it is further

ORDERED that the confidentiality provisions of Rule 5.0 of the General Order

are incorporated herein.  No statements or arguments made or positions taken by the Mediator,

the Debtors, any Claimant, the Creditors' Committee, or any witnesses in the Offer of Settlement

or during any part of the ADR Procedures, including the Negotiation, may be disclosed for any

purpose by the Mediator or any such parties or witnesses or their attorneys or advisors to the

Court or any third party (expect by the party, witness, attorney, or advisor making the statement

or argument or taking the position in any subsequent Claims Objection Hearing(s)).  Similarly,

all briefs, records, reports, and other documents, including Mediation Briefs and Supporting

Information (each as defined in Exhibit A attached hereto), received or made by the Mediator

while serving in such capacity will remain confidential and will not be provided to the Court,

unless they would be otherwise admissible.  In addition, the Mediator may not be compelled to

disclose such records, reports, and other documents in connection with any hearing held by the

Court; provided, however, that the Mediator may report to the Court regarding the status of the

Mediation efforts but will not disclose the contents thereof.  Rule 408 of the Federal Rules of

Evidence shall apply to all aspects of the ADR Procedures.  Notwithstanding the foregoing, the

Debtors may negotiate, in good faith, with any Indenture Trustee or Filing Entity (as defined in

the Bar Date Order) regarding exceptions to the confidentiality provisions of this ordered

paragraph in the event that, with respect to Indenture Trustees, the Indenture Trustee serves a

Notice of Directed Authority and as a result of the Authority obtained from the holders, the

Indenture Trustee, or the Filing Entity, is required to communicate with holders regarding the

ADR Procedures and/or resolution of the Contested Claim; and it is further

        ORDERED that the Debtors and the Claimant may provide documents and/or

information to the Mediator that are subject to a privilege or other protection from discovery,

including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or

immunity the parties may be entitled to claim or invoke (the "Privileged Information").  The

party producing such documents and/or information (the "Producing Party") to the Mediator

must designate such documents and/or information as Privileged Information.  By providing the

Privileged Information solely to the Mediator and no other party, neither the Debtors nor the

Claimant nor their respective professionals intend to, or shall, waive, in whole or in part, the

attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity

they may be entitled to claim or invoke with respect to any Privileged Information or otherwise.

The Mediator shall not provide Privileged Information or disclose the contents thereof to any

other party without the consent of the Producing Party.  No party is obligated to provide any

documents and/or information, including Privileged Information, to the Mediator; and it is

further

ORDERED that the Court will consider appropriate sanctions, including

allowance or disallowance of the Contested Claim, if either party does not follow the Claims

Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good

faith; and it is further

ORDERED that nothing contained or authorized herein shall (i) abridge the right

of any party in interest under section 1109 of the Bankruptcy Code to be heard by the Court on

any issue or (ii) alter the evidentiary or substantive burden under otherwise applicable law on the

party seeking sanctions; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures are

separate and distinct from and do not replace the procedures provided for in the Claims

Settlement Procedures Order or the Other Settlement Procedures Orders, and nothing in the

Claims Hearing Procedures or the ADR Procedures shall (i) affect, impair, impede, or otherwise

alter the procedures or rights set forth in or established pursuant to the Claims Settlement

Procedures Order or the Other Settlement Procedures Orders or (ii) expand or create additional

rights as to the Debtors to settle or pursue settlement of Claims pursuant to the Claims Settlement

Procedures Order or the Other Settlement Procedures Orders; and it is further

ORDERED that if any transactions set forth in a Proof of Claim are the subject of

a proceeding under the *Alternative Dispute Resolution Procedures Order for Affirmative Claims*

*of Debtors Under Derivatives Contracts* (the "Derivatives ADR Procedures") [Docket No.

5207], such Proof of Claim and the claims set forth therein shall not be subject to the Claims

Hearing Procedures and the ADR Procedures unless and until the Derivatives ADR Procedures

with respect to the transactions set forth in such Proof of Claim have concluded and, for the

avoidance of doubt, such Proof of Claim and the claims set forth therein shall not be subject to

the ADR Procedures while such Proof of Claim and the claims set forth therein are in a

mediation pursuant to the Derivatives ADR Procedures or to the extent settled pursuant to such

procedures or mediation; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures are in

all respects subject to the rights, powers, and privileges of the Federal Housing Finance Agency

(the "FHFA"), in its statutory capacity as the Conservator of the Federal National Mortgage

Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie

Mac"), under the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4501 *et seq*. (2008)

("HERA").  Nothing in this Order shall affect, limit, or otherwise prejudice the FHFA's rights,

powers, and privileges under HERA as the Conservator of Fannie Mae and Freddie Mac; and it

is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures

approved herein apply to any objection, omnibus or otherwise, to a Proof of Claim filed by a

Claimant other than the Internal Revenue Service (or any objection to the Scheduled Claim

amount for an LBHI Issued LPS) that has been or hereafter is filed by the Debtors; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order and the Claims Hearing Procedures and the ADR

Procedures.

Dated:  April __, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A to Order

**Claims Hearing Procedures and ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                               :
                            **Debtors.**                       :        **(Jointly Administered)**
-------------------------------------------------------------------x

## COURT-ORDERED CLAIMS HEARING PROCEDURES
## AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The claims hearing procedures (the "Claims Hearing Procedures") and the alternative dispute resolution procedures (the "ADR Procedures") described herein have been ordered (the "Order") by the United States Bankruptcy Court for the Southern District of New York (the "Court") to apply:

### Claims Hearing Procedures

1.      Pursuant to the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on February 13, 2009 [Docket No. 2837] (the "Amended Case Management Order"), the Court established periodic omnibus hearings (the "Omnibus Hearings") in these cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.      The Court may enter an order at the scheduled hearing (i) sustaining an objection to proofs of claim (each, a "Proof of Claim")[1] with respect to which no response (a "Response")[2] is properly filed and served or (ii) approving a resolution in accordance with the Settlement Procedures,[3] to the extent applicable, of an objection to a Proof of Claim with respect to which a Response, whether formal or informal, is resolved prior to the hearing thereon.

_____

[1] Nothing herein modifies the Bar Date Order, entered July 2, 2009 [Docket No. 4271], or applicable law with respect to amending Proofs of Claim.

[2] Any information submitted in connection with a Proof of Claim or a Derivative or Guarantee Questionnaire shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures.

[3] The Settlement Procedures are defined and fully set forth in the Court's *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures* (the "Claims Settlement Procedures Order"), entered March 31, 2010 [Docket No. 7936].

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "Contested Claim")[4] shall be set for a contested hearing (each, a "Claims Hearing") to be scheduled by the Debtors, in their sole discretion, as set forth herein; provided, however, that all objections filed by Related Objecting LBHI LPS Holders (as defined in the Order) shall be heard on the same date and time.  The Debtors may request that the Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.[5]

4.      The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(a)      For a non-evidentiary hearing to address the legal sufficiency of the particular Contested Claim and whether the Contested Claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), unless the Debtors serve the holder of a Contested Claim (each, a "Claimant") with a Notice of ADR Procedures or a Notice of Merits Hearing (each as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.[6]

(i)      The standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim.

(b)      Subject to the Debtors' rights to proceed to a Merits Hearing, as defined and set forth in paragraph 4(c) below, for an evidentiary hearing on the merits of a Contested Claim (a "Claims Objection Hearing"), the Debtors may, in their sole discretion, (i) serve upon the relevant Claimant and counsel to the Claimant, to the extent such counsel is listed on the relevant Proof of Claim, by U.S. mail, facsimile, or overnight delivery, (ii) serve a copy upon the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and (iii) file with the Court, a notice substantially in the form attached to the Order as Exhibit B (a "Notice of ADR Procedures") and a copy of these *Claims Hearing Procedures and Alternative Dispute Resolution Procedures* at least forty-five (45) calendar days prior to the date of such Claims Objection Hearing; provided, however, that an

---

[4] With respect to securities included on Schedule A (the "LBHI Issued LPS") of the *Order Clarifying the Debtors' Supplemental Notice and the Bar Date Order with Respect to Claims Relating to Lehman Programs Securities Issued by LBHI*, entered March 22, 2010 [Docket No. 7702] (the "LPS Order"), an objection to the Scheduled Claim amount shall be considered a "Contested Claim" for the purposes of this Motion.  Other than as set forth in these Claims Hearing Procedures, all provisions of these Claims Hearing Procedures and, as applicable, these ADR Procedures, shall apply to Contested Claims relating to the LBHI Issued LPS in the same manner as all other Contested Claims.

[5] The Creditors' Committee is authorized to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate by order of the Court to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim.

[6] The Debtors may not seek a Sufficiency Hearing with respect to any Contested Claim relating to an LBHI Issued LPS.

identical Notice of ADR Procedures shall be contemporaneously served on all Related Objecting LBHI LPS Holders. The procedures applicable to a Claims Objection Hearing are set forth in paragraph 1 of the ADR Procedures.

(c)     For an evidentiary hearing on the merits of a Contested Claim (a "Merits Hearing"),[7] the Debtors may, in their sole discretion, (i) serve upon the relevant Claimant and counsel to the Claimant, to the extent such counsel is listed on the relevant Proof of Claim, by U.S. mail, facsimile, or overnight delivery, (ii) serve a copy upon the Creditors' Committee, and (iii) file with the Court, a notice substantially in the form attached to the Order as Exhibit C (a "Notice of Merits Hearing") at least forty-five (45) calendar days prior to the date of such Merits Hearing; provided, however, that an identical Notice of Merits Hearing shall be contemporaneously served on all Related Objecting LBHI LPS Holders. Within five (5) business days of service of the Notice of Merits Hearing or as otherwise agreed to by the parties, the Debtors and the Claimant will engage in a meet and confer, which may be held telephonically, in order to mutually agree on a discovery, briefing, and litigation schedule (the "Claims Litigation Schedule") for the Merits Hearing; provided, however, that the Court will resolve any disputes related to the Claims Litigation Schedule for the Merits Hearing.[8]

5.      Consistent with the Amended Case Management Order, the Debtors may file and serve a reply (a "Reply") to a Response (or an objection with respect to an LBHI Issued LPS) no later than 12:00 prevailing Eastern Time on the day that is at least one (1) business day prior to the date of the applicable hearing.

6.      The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing appropriate notice to the Court, the Claimant, and, as applicable, all Related Objecting LBHI LPS Holders, with a copy to the Creditors' Committee.

7.      To the extent that the Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant, with a copy to the Creditors' Committee, a

---

[7] For avoidance of doubt, substantively, a Claims Objection Hearing and a Merits Hearing will be identical hearings, each an evidentiary hearing on the merits of a Contested Claim. However, procedurally, a Claims Objection Hearing will occur when a Mediation (as defined herein) concludes without resolving the Contested Claim, whereas a Merits Hearing will occur when the Debtors designate a Contested Claim to proceed directly to such hearing without first partaking in the ADR Procedures. The date for a Claims Objection Hearing will be set by the Debtors in a Notice of ADR Procedures, whereas the date for a Merits Hearing will be set by the Debtors in a Notice of Merits Hearing.

[8] Nothing in the Order, the Claims Hearing Procedures, or the ADR Procedures shall preclude: (i) the Debtors and a Claimant from mutually agreeing on a Claims Litigation Schedule with respect to a Merits Hearing for a particular Contested Claim or (ii) a Claimant from requesting that the Court establish the Claims Litigation Schedule (including the date of the Merits Hearing) for such Contested Claim, in the event that the Debtors and the Claimant are not able to agree on a Claims Litigation Schedule with respect to a Merits Hearing for such Contested Claim.

Notice of ADR Procedures or a Notice of Merits Hearing, as applicable, pursuant to the procedures set forth above.

8.  <u>Temporary Litigation Injunction</u>.  Upon service of an objection, omnibus or otherwise, to a Proof of Claim (or an objection to the Scheduled Claim amount for an LBHI Issued LPS), the Debtors and each Claimant to whom such objection applies (or who filed an objection to the Scheduled Claim amount for an LBHI Issued LPS) shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any Contested Claims identified in such objection other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (the "<u>Temporary Litigation Injunction</u>").  The Temporary Litigation Injunction shall expire with respect to a Contested Claim only (i) when that Contested Claim has been resolved by virtue of a settlement between the parties, reached through these ADR Procedures or otherwise, or (ii) upon the parties' mutual agreement (or entry of a Court order if the parties are unable to agree) on a Claims Litigation Schedule for the Merits Hearing or the Claims Objection Hearing, as applicable, for such Contested Claim.[9]  Notwithstanding anything set forth herein to the contrary, the Temporary Litigation Injunction shall not apply to any Claimant with respect to the investigation, prosecution, or defense of any of its claims or rights as against Lehman Brothers Inc., any other entity affiliated with the Debtors that is the subject of a bankruptcy, insolvency, or similar proceeding in a foreign jurisdiction, or any entity not affiliated with the Debtors.

## ADR Procedures

1.  To the extent that a Contested Claim is adjourned to a Claims Objection Hearing and a Claimant is served a Notice of ADR Procedures, such Claims Objection Hearing shall be adjourned until these ADR Procedures, as applicable, are completed with respect to each such Contested Claim.  To the extent a Mediation concludes, as provided in paragraph 5(f) of these ADR Procedures, and all or part of the objection to the Contested Claim remains unresolved, the parties shall proceed to a Claims Objection Hearing at least forty-five (45) calendar days from the date of the conclusion of the Mediation, as provided in paragraph 5(f) of these ADR Procedures or as otherwise agreed to by the parties; <u>provided</u>, <u>however</u>, that within five (5) business days of such conclusion of a Mediation or as otherwise agreed to by the parties, the Debtors and the Claimant will engage in a meet and confer, which may be held telephonically, in order to mutually agree on a Claims Litigation Schedule for the Claims Objection Hearing; <u>provided further</u>, that the Court will resolve any disputes related to the Claims Litigation Schedule for the Claims Objection Hearing.[10] [11]

---

[9] Nothing in the Claims Hearing Procedures or the ADR Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time or voluntary communication between the parties with respect to such settlement; <u>provided</u>, <u>however</u>, that any such settlement is subject to the Settlement Procedures.

[10] Nothing in the Order, the Claims Hearing Procedures, or the ADR Procedures shall preclude:  (i) the Debtors and a Claimant from mutually agreeing on a Claims Litigation Schedule with respect to a Claims Objection Hearing for

2.      The confidentiality provisions of Rule 5.0 of the Court's General Order M-390 (the
        "General Order") are incorporated herein.  No statements or arguments made or positions
        taken by the Mediator (as defined herein), the Debtors, any Claimant, the Creditors'
        Committee, or any witnesses in the Offer of Settlement (as defined in the Order) or
        during any part of the ADR Procedures, including the Negotiation, may be disclosed for
        any purpose by the Mediator or any such parties or witnesses or their attorneys or
        advisors to the Court or any third party (except by the party, witness, attorney, or advisor
        making the statement or argument or taking the position in any subsequent Claims
        Objection Hearing(s)).  Similarly, all briefs, records, reports, and other documents,
        including Mediation Briefs and Supporting Information (each as defined herein), received
        or made by the Mediator while serving in such capacity will remain confidential and will
        not be provided to the Court, unless they would be otherwise admissible.  In addition, the
        Mediator may not be compelled to disclose such records, reports, and other documents in
        connection with any hearing held by the Court; provided, however, that the Mediator may
        report to the Court regarding the status of the Mediation efforts but will not disclose the
        contents thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of
        the ADR Procedures.

3.      The Debtors and the Claimant may provide documents and/or information to the
        Mediator that are subject to a privilege or other protection from discovery, including the
        attorney-client privilege, the work-product doctrine, or any other privilege, right, or
        immunity the parties may be entitled to claim or invoke (the "Privileged Information").
        The party producing such documents and/or information (the "Producing Party") to the
        Mediator must designate such documents and/or information as Privileged Information.
        By providing the Privileged Information solely to the Mediator and no other party,
        neither the Debtors nor the Claimant nor their respective professionals intend to, or shall,
        waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any
        other privilege, right or immunity they may be entitled to claim or invoke with respect to
        any Privileged Information or otherwise.  The Mediator shall not provide Privileged
        Information or disclose the contents thereof to any other party without the consent of the
        Producing Party.  No party is obligated to provide any documents and/or information,
        including Privileged Information, to the Mediator.

4.      Negotiation.  The following procedures shall apply to each Negotiation:

        (a)     Telephonic Negotiation.  If a Contested Claim is scheduled by the Debtors for a
                Claims Objection Hearing, either the Debtors or the relevant Claimant may
                request a telephonic negotiation (or in person if the parties agree) (each, a

---

a particular Contested Claim or (ii) a Claimant from requesting that the Court establish the Claims Litigation
Schedule (including the date of the Claims Objection Hearing) for such Contested Claim, in the event that the
Debtors and the Claimant are not able to agree on a Claims Litigation Schedule with respect to a Claims Objection
Hearing for such Contested Claim.

[11] To the extent a Mediation concludes as provided in paragraph 5(f) of these ADR Procedures, and all or part of the
objection to the Contested Claim remains unresolved, the parties may consent to final and binding arbitration in
accordance with the General Order (as defined herein).

"Negotiation") no later than fourteen (14) calendar days prior to the date set for a Mediation as provided for in paragraph 5 below.  Upon such demand, the Negotiation shall be held no later than seven (7) calendar days prior to the date set for a Mediation.

(b)      Participation in Negotiation.  The following representatives of each of the Debtors and the Claimant shall participate in a Negotiation:  (i) counsel for each of the parties, except for a Claimant proceeding *pro se*, (ii) a person possessing ultimate authority[12] to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively, and (iii) as applicable, each of the foregoing for any Related Objecting LBHI LPS Holders.[13]  Counsel to the Creditors' Committee, a principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Negotiation.

5.      Mandatory Non-Binding Mediation.  Unless otherwise agreed to by the parties, no later than sixty (60) calendar days following service of a Notice of ADR Procedures, the Debtors, the Claimant, and all Related Objecting LBHI LPS Holders, as applicable, shall submit to mandatory non-binding mediation (each, a "Mediation") in an effort to consensually resolve the Contested Claim.  The Debtors and the Claimant (including all Related Objecting LBHI LPS Holders, as applicable) shall confer as soon as practicable following service of a Notice of ADR Procedures to determine a date and time for the Mediation.  Within three (3) business days of any determination by the Debtors and the Claimant (including all Related Objecting LBHI LPS Holders, as applicable) of a date and time for the Mediation, the Debtors shall notify the Creditors' Committee of the date and time for the Mediation.  The Mediation shall be governed by the General Order except as follows.  The following procedures shall apply to each Mediation:

(a)      Mediator.  Each Mediation shall be assigned to one of the mediators (each, a "Mediator") listed by the Debtors on Exhibit D attached to the Order (the "List of Mediators").[14]  No later than twenty-one (21) calendar days prior to the date set for a Mediation, the Debtors shall select no less than four (4) Mediators from the List of Mediators.  The Claimant (or, as applicable, all Related Objecting LBHI LPS Holders acting together) shall be entitled to strike not more than three (3) of the Mediators selected by the Debtors no later than fourteen (14) calendar days prior to the date set for a Mediation, at which time the Debtors shall select a Mediator from those not stricken by the Claimant; provided, however, that, upon

---

[12] For the purposes of these ADR Procedures, a Filing Entity (as defined in the Bar Date Order) shall be presumed to have the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Claimant, and the Filing Entity may participate in these ADR Procedures; provided, however, that to the extent the Filing Entity does not have authority to settle the Contested Claim on behalf of the Claimant, the Debtors and the Filing Entity may agree on modifications to the time periods set forth herein to enable the Filing Entity to obtain such authority.

[13] Nothing in these ADR Procedures shall preclude the Debtors from also communicating with any Related Objecting LBHI LPS Holder individually.

[14] The Debtors may revise the List of Mediators by filing such revised List of Mediators on the Court's docket.

mutual consent, the parties may agree on a Mediator not appearing on the List of Mediators; provided further, that upon request of a Claimant holding a Large Complex Claim (as defined herein), the Debtors may only select Mediators designated as Mediators for Large Complex Claims from the List of Mediators.

(i)     A Large Complex Claim is a Contested Claim where the underlying claim relates to one or more Derivative Contracts (as defined in the Bar Date Order) for which the aggregate amount at stake exceeds $200 million.

(b)     Powers of Mediator.  The Mediator shall have the broadest possible discretion consistent with the General Order, including the ability to consolidate Mediations (i) involving the same Claimant upon application by such Claimant and in consultation with the Debtors and (ii) involving multiple Claimants with common issues of fact and law upon application by the Debtors (except that no such application is required where multiple Claimants consist of Related Objecting LBHI LPS Holders).

(c)     Mediation Site.  The Mediation shall be held at a location in New York, New York selected by the Debtors; provided, however, that upon consent of the parties and the Mediator, the Mediation may be held telephonically.

(d)     Mediation Briefs and Supporting Information.  Both parties to a Mediation shall submit a mediation brief (a "Mediation Brief"), with service upon the other parties to the Mediation and the Creditors' Committee.  The Debtors' Mediation Brief shall be served no later than ten (10) calendar days prior to the commencement of the Mediation.  The Claimant's Mediation Brief shall be served five (5) calendar days prior to the commencement of the Mediation.  The Creditors' Committee may serve a Mediation Brief on the parties no later than five (5) calendar days prior to the commencement of the Mediation.  Unless the Mediator directs otherwise, no Mediation Brief shall exceed twenty-five (25) single-sided, double-spaced pages.[15]  No Mediation Brief is to be filed with the Court.  Each party may submit supporting documents and/or information ("Supporting Information") to the Mediator at such party's discretion or upon the Mediator's request.  Each party may also provide Supporting Information to the other party at each such party's discretion or upon the Mediator's request; provided, however, that a party may request that another party provide it or the Mediator with Supporting Information but such other party is not required to provide it or the Mediator with such Supporting Information.

---

[15] All pleadings or other papers submitted in connection with the ADR Procedures established through the Motion, as set forth herein, must be on 8 1/2 inch by 11 inch paper, double-spaced, but quotations of longer than two (2) lines may be indented and single-spaced.  Headings and footnotes may be single-spaced and margins must be at least one inch on all four sides.  The text of such submissions must be in at least 12-point font, and the text of footnotes must be in at least 10-point font.

(e)    <u>Appearance at Mediation</u>.  A person possessing ultimate authority[16] to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation; <u>provided</u>, <u>however</u>, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the Claimant elects not to have its counsel attend or participate in a Mediation.  A principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Mediation.  Subject to the specific provisions of each level of review set forth in the Settlement Procedures, counsel to the Creditors' Committee may participate in a Mediation as follows:

(i)    Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is equal to or less than $15 million, counsel to the Creditors' Committee shall not participate in the Mediation.

(ii)    Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $15 million but equal to or less than $75 million, counsel to the Creditors' Committee shall confer with the Debtors and in good faith attempt to agree upon the level of participation of counsel to the Creditors' Committee in the Mediation.

(iii)    Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $75 million, counsel to the Creditors' Committee may participate in the Mediation in its sole discretion.

(f)    <u>Length of Mediation</u>.  The Mediation shall conclude upon request of either party and concurrence by the Mediator; <u>provided</u>, <u>however</u>, that unless otherwise agreed to by the parties and the Mediator, the Mediation shall last no longer than 120 calendar days.

(g)    <u>Costs</u>.  The Debtors, the Claimant, and each Related Objecting LBHI LPS Holder, as applicable, shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

6.    <u>Sanctions</u>.  The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good faith.

BY ORDER OF THE COURT

---

[16] *See supra* fn. 12.

## **Exhibit B to Order**

### **Notice of ADR Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                     :
In re                             :     Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
                                       :
               Debtors.       :     (Jointly Administered)
                                       :
----------------------------------------------------------------x

### NOTICE OF ADR PROCEDURES AND
### SCHEDULING OF CLAIMS OBJECTION HEARING WITH
### <u>RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]</u>

        PLEASE TAKE NOTICE that on [_____ ___], 201[_], Lehman Brothers
Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and
debtors in possession (together, the "<u>Debtors</u>"), objected to proof of claim number [_____] (the
"<u>Proof of Claim</u>") filed by [_____] (the "<u>Claimant</u>") pursuant to the [Title of Applicable
Claims Objection] (the "<u>Objection</u>").

        **PLEASE TAKE FURTHER NOTICE THAT THE ATTACHED *COURT-
ORDERED CLAIMS HEARING PROCEDURES AND ADR PROCEDURES* (THE
"<u>PROCEDURES</u>") APPLY AND GOVERN THE OBJECTION TO YOUR PROOF(S) OF
CLAIM THAT IS/ARE SCHEDULED FOR THE CLAIMS OBJECTION HEARING
BEFORE THE BANKRUPTCY COURT ON THE DATE SET FORTH BELOW.**

        PLEASE TAKE FURTHER NOTICE that on [_____ ___], 201[_], at 10:00
a.m. (Prevailing Eastern Time), in accordance with the Procedures, a copy of which is attached
hereto, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>")
will commence a Claims Objection Hearing (as defined in the Procedures) for the purposes of
holding an evidentiary hearing on the merits of the Proof of Claim.

        PLEASE TAKE FURTHER NOTICE that the Procedures provide for certain
mandatory actions by the Claimant within certain time periods. Therefore, please review the
Order carefully. Failure to comply with the Procedures may result in the disallowance and
expungement of the Proof of Claim without further notice to the Claimant. **In order to initiate
the Negotiation, please contact [_____] at [_____].**

        PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the
Claims Objection Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 201[_]
       New York, New York

**<u>Annex 1 to Exhibit B to Order</u>**

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re                                                                  :     **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :     **08-13555 (JMP)**
:
**Debtors.**                            :     **(Jointly Administered)**
:
-------------------------------------------------------------------x

## DEBTORS' OFFER OF SETTLEMENT
## WITH RESPECT TO PROOF OF CLAIM NO. [_____]

        The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (the "Offer of Settlement") for a single, fixed, liquidated claim against Debtor [_____] in the amount of [_____] and of priority [_____] (the "Settlement"). The Settlement, if accepted, represents the allowed claim amount and priority with respect to Proof of Claim number [_____].

        By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Mediation (as defined and set forth in the Procedures). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement. You may **NOT** make a written counteroffer to the Offer of Settlement except as provided by the ADR Procedures (as defined in the Procedures).

[]       **I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

[]       **I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

**Please fax this completed form to [_____] or email it to [_____]**

_____
Signature of Claimant's Authorized Representative

_____
Printed Name

_____
Company Name, if applicable

## **Exhibit C to Order**

**Notice of Merits Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                        :
In re                                   :    **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                        :
                    **Debtors.**        :    **(Jointly Administered)**
                                        :
------------------------------------------------------------------x

### NOTICE OF SCHEDULING OF MERITS HEARING WITH
### RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

PLEASE TAKE NOTICE that on [_____ ____], 201[_], Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), objected to proof of claim number [_____] (the "Proof of Claim") filed by [_____] (the "Claimant") pursuant to the [Title of Applicable Claims Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on [_____ ____], 201[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, entered [Date] [Docket No. xxxx] (the "Order"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "Court") will commence a Merits Hearing (as defined in the Order) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ____], 201[_]
        New York, New York

## Annex 1 to Exhibit C to Order

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                        :

In re                                   :         **Chapter 11 Case No.**

                                          :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :         **08-13555 (JMP)**

                                          :

                    **Debtors.**        :         **(Jointly Administered)**

                                          :
------------------------------------------------------------------x

**DEBTORS' OFFER OF SETTLEMENT**
**WITH RESPECT TO PROOF OF CLAIM NO. [____]**

        The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (the "Offer of Settlement") for a single, fixed, liquidated claim against Debtor [_____]in the amount of [_____] and of priority [_____] (the "Settlement"). The Settlement, if accepted, represents the allowed claim amount and priority with respect to Proof of Claim number [_____].

        By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing (as defined in the Order). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement. You may **NOT** make a written counteroffer to the Offer of Settlement except as provided in any scheduling order issued by the Court in connection with such Merits Hearing.

[]       **I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

[]       **I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

**Please fax this completed form to [_____] or email it to [_____]**

_____
Signature of Claimant's Authorized Representative

_____
Printed Name

_____
Company Name, if applicable

**<u>Exhibit D to Order</u>**

**List of Mediators**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
: 
In re                                               :        Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :        08-13555 (JMP)
: 
Debtors.                                :        (Jointly Administered)
: 
-------------------------------------------------------------------x

<u>LIST OF MEDIATORS</u>

   Each Mediation shall be assigned to one of the mediators (each, a "<u>Mediator</u>") listed by the Debtors below (the "<u>List of Mediators</u>").[1]  No later than twenty-one (21) calendar days prior to the date set for a Mediation, the Debtors shall select no less than four (4) Mediators from the List of Mediators.  The Claimant (or, as applicable, all Related Objecting LBHI LPS Holders acting together) shall be entitled to strike not more than three (3) Mediators from the List of Mediators no later than fourteen (14) calendar days prior to the date set for a Mediation, at which time the Debtors shall select a Mediator from those not stricken by the Claimant; <u>provided</u>, <u>however</u>, that, upon mutual consent, the parties may agree on a Mediator not appearing on the List of Mediators; <u>provided</u> <u>further</u>, that upon request of a Claimant holding a Large Complex Claim, the Debtors may only select Mediators designated as Mediators for Large Complex Claims from the List of Mediators.  A Large Complex Claim is a Contested Claim where the underlying claim relates to one or more Derivative Contracts (as defined in the Bar Date Order) for which the aggregate amount at stake exceeds $200 million.  A Mediator is designated as a Mediator for Large Complex Claims by the initials "LCC" next to his or her name.

| | |
|---|---|
| **Hesha Abrams**<br>Abrams Mediation and Negotiation, Inc.<br>7616 Burns Run, Suite 180<br>Dallas, Texas 75248<br>(972) 702-9066 | **Hon. Frank Andrews – LCC**<br>Judicial Workplace Arbitrations, Inc.<br>P. O. Box 410<br>Hunt, Texas 78024<br>(830) 238-4774 |
| **Courtenay L. Bass**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas  75204<br>(214) 303-4500 | **Mark Buckstein – LCC**<br>Professional Dispute Resolutions<br>2424 North Federal Highway<br>Boca Raton, Florida 33431<br>(561) 417-6602 |
| **Mary Burdin**<br>Burdin Mediations<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 | **Hon. William Cahill**<br>JAMS<br>Two Embarcadero Center, Suite 1500<br>San Francisco, California 94111<br>(415) 982-5267 |

---

[1] The Debtors may revise the List of Mediators by filing such revised List of Mediators on the Court's docket.

| | |
|---|---|
| **Francis Carling**<br>174 East 74th Street, Suite 12BC<br>New York, NY 10021-3533<br>(212) 628-3026 | **Hon. Francis Conrad – LCC**<br>Mediation Works Incorporated<br>4 Faneuil Hall - Fourth Floor<br>Boston, MA 02109<br>(617) 973-9739 |
| **Hon. Stephen Crane**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | **Brenda J. Damuth**<br>Stewart Stimmel LLP<br>1701 N. Market Street<br>Suite 200, L.B. 42<br>Dallas, Texas 75202<br>(214) 615-2006<br><br>Burdin Mediators<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 |
| **Hon. Betty Weinberg Ellerin**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | **Sheldon Elsen**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 |
| **Joe Epstein**<br>Conflict Resolution Services Inc.<br>5445 DTC Parkway, Ste 770<br>Greenwood Village, CO 80111-3045<br>(303) 355-2314 | **Eugene I. Farber – LCC**<br>Farber, Segall & Pappalardo<br>200 East Post Road<br>White Plains, New York 10601<br>(914) 761-9400 or (212) 752-3396 |
| **Hon. Steve Felsenthal**<br>Stutzman, Bromberg, Esserman & Plifka<br>2323 Bryan Street Suite 2200<br>Dallas, Texas 75201 | **Hon. Abraham J. Gafni**<br>Villanova Law School<br>237 Law School Building<br>299 North Spring Mill Road<br>Villanova, PA 19085<br>(610) 519-6526 |

| | |
|---|---|
| **Mark W. Gilbert**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas  75204<br>(214) 303-4500 | **Professor Eric D. Green – LCC**<br>Resolutions LLC<br>222 Berkeley Street, Suite 1060<br>Boston, Massachusetts 02116<br>(617) 556-0800 |
| **Jerry Grissom**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 891-4523 | **Earl F. Hale, Jr.**<br>Earl F. Hale, Jr. Mediator Arbitrator ADR Services<br>4144 N. Central Expressway<br>Suite 225<br>Dallas, TX 75204<br>(214) 515-0199 |
| **Lisbeth Hasse**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 433-4380 | **Chris Stern Hyman**<br>Medical Mediation Group LLC<br>1040 Avenue of the Americas -- Suite 1101<br>New York, NY 10018<br>(212) 719-3800 |
| **Hon. Edward A. Infante**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>(415) 982-5267 | **Robert W. Jordan**<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, Texas 75201-2980<br>(214) 953-6518 |
| **Hon. Jack Komar**<br>JAMS<br>160 W. Santa Clara Street -- Suite 1150<br>San Jose, CA 95113<br>(408) 288-2240 | **Bernice K. Leber**<br>Arent Fox LLP<br>1675 Broadway<br>New York, NY 10019<br>(212) 484-3930 |
| **Jack P. Levin**<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 841-1103 | **Hon. Carlos G. Lopez**<br>Vincent, Lopez, Serafino & Jenevein<br>Thanksgiving Tower<br>1601 Elm Street -- Suite 4100<br>Dallas, Texas 75201<br>(214) 979-7441 |

| | |
|---|---|
| **Hon. Eugene F. Lynch**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>(415) 982-5267 | **Hon. Harlan Martin**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 744-5267 |
| **Hon. John S. Martin**<br>Martin & Obermaier LLC<br>565 Fifth Avenue -- 8th Floor<br>New York, NY 10017<br>(212) 883-0000 | **Michael T. McAllister**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 |
| **Gary V. McGowan – LCC**<br>McGowan Dispute Resolution<br>5009 Caroline -- Suite 100<br>Houston, TX 77004<br>(713) 552-1855 | **Jed D. Melnick**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(215) 636-9691 |
| **Hon. James R. Melinson**<br>JAMS<br>1717 Arch Street -- Suite 4010<br>Bell Atlantic Tower<br>Philadelphia, PA 19103<br>(215) 246-9494 | **Cecilia H. Morgan**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 744-5267 |
| **Michael S. Oberman**<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9294 | **Walter E. (Rip) Parker**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas 75204<br>(214) 303-4500 |
| **Hon. Layn R. Phillips – LCC**<br>Irell & Manella LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 | **Kenneth J. Rubenstein**<br>Burdin Mediators<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 |

| | |
|---|---|
| **Richard H. Silberberg**<br>Dorsey & Whitney LLP<br>250 Park Avenue<br>New York, NY 10177-1500<br>(212) 415-9231 | **Hon. Fern Smith**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA  94<br>(415) 982-5267 |
| **Daniel H. Tabak**<br>Cohen & Gresser  LLP<br>100 Park Avenue -- 23rd Floor<br>New York, NY 10017<br>(212) 957-7606 | **Hon. Daniel Weinstein**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612 |
| **Hon. Diane Welsh**<br>JAMS<br>1717 Arch Street -- Suite 4010<br>Philadelphia, PA 19103<br>215-246-9494 | **Hon. Rebecca Westerfield**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612<br><br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>415-982-5267 |
| **H. Ron White**<br>White & Wiggins<br>901 Main Street -- Suite 6200<br>Dallas, Texas 75202<br>(214) 665-4150 | **Michelle Yoshida**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612 |
| **Michael Young**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | |

**Exhibit 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                         :
                    **Debtors.**                         :    **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105 OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULE 9014,**
**AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO**
**IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE**
**DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

Upon the Motion, dated March 15, 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "Debtors"), pursuant to section 105 of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and General Order M-390 (the "General Order"), for authorization to

implement Claims Hearing Procedures and ADR Procedures for Claims against the Debtors, all

as more fully set forth in the Motion; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief ~~sough~~sought in the Motion is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

---
[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures, as set forth in <u>Exhibit A</u> attached hereto, are approved <u>to the extent set forth herein</u>; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Claims Hearing Procedures and the ADR Procedures; and it is further

ORDERED that the Creditors' Committee is authorized to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate <u>by order of the Court</u> to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim; and it is further

ORDERED that any information submitted in connection with a Proof of Claim or a Derivative or Guarantee Questionnaire shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures; and it is further

ORDERED that upon service of an objection, omnibus or otherwise, to a Proof of Claim <u>filed by a Claimant other than the Internal Revenue Service</u> (or an objection to the Scheduled Claim amount for an LBHI Issued LPS), <u>the Debtors,</u> each Claimant<u>, and each Indenture Trustee with Authority (as defined herein)</u> to whom such objection applies (or who filed an objection to the Scheduled Claim amount for any LBHI Issued LPS) shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any ~~and all~~ Contested Claims ~~filed by~~<u>identified in</u> such ~~Claimant~~<u>objection</u> other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or

plans confirmed in the applicable Debtors' chapter 11 cases (the "Temporary Litigation Injunction"); provided, however, that the Temporary Litigation Injunction shall expire with respect to a Contested Claim only (i) when that Contested Claim has been resolved by virtue of a settlement between the parties, reached through these ADR Procedures or otherwise, or (ii) upon the parties' mutual agreement (or entry of a scheduling order setting forth the rules and procedures applicable to a Merits Hearing or a Court order, which either party may seek, if the parties are unable to agree) on a Claims Litigation Schedule (as defined in Exhibit A attached hereto) for the Merits Hearing or the Claims Objection Hearing, as applicable to such Contested Claim., for such Contested Claim; provided further, that notwithstanding anything set forth herein to the contrary, the Temporary Litigation Injunction shall not apply to any Claimant with respect to the investigation, prosecution, or defense of any of its claims or rights as against Lehman Brothers Inc., any other entity affiliated with the Debtors that is the subject of a bankruptcy, insolvency, or similar proceeding in a foreign jurisdiction, or any entity not affiliated with the Debtors; and it is further

ORDERED that nothing in the Claims Hearing Procedures or the ADR Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time; provided, however, that any such settlement is subject to the Settlement Procedures; provided further, that Claims Hearing Procedures or the ADR Procedures shall preclude any party to an executory contract with any Debtor from seeking from the Court adequate assurance of future performance related to an executory contract pursuant to the Bankruptcy Code; and it is further

ORDERED that any resolution of an objection to a Scheduled Claim amount for an LBHI Issued LPS (whether pursuant to order of the Court, in accordance with this Order, or

pursuant to arbitration in accordance with the General Order) shall be deemed to apply to all

holders of the security with the same International Securities Identification Number ("ISIN");

provided, however, that, notwithstanding anything to the contrary contained in this Order, the

Claims Settlement Procedures Order, the General Order, or any other applicable Court order or

rule, (i) the Debtors shall provide an opportunity, upon notice consistent with the Claims Hearing

Procedures and the ADR Procedures, for every holder of an LBHI Issued LPS that has timely

objected to a Scheduled Claim amount for the same ISIN (each such holder, or such holder's

successor in interest, as applicable, a "Related Objecting LBHI LPS Holder") to participate in the

Claims Hearing Procedures and the ADR Procedures, (ii) should the Debtors reach a tentative

resolution with any such holder, the Debtors shall attempt to obtain consent from every other

Related Objecting LBHI LPS Holder, and (iii) if the Debtors are unable to obtain consent from

all Related Objecting LBHI LPS Holders, the Debtors or any Related Objecting LBHI LPS

Holder shall apply to the Court to resolve the amount of the Scheduled Claim with notice to and

an opportunity for a hearing for all Related Objecting LBHI LPS Holders; and it is further

ORDERED that the Debtors are authorized to, in their sole discretion, append an

offer of settlement (the "Offer of Settlement") to a Notice of ADR Procedures, substantially in

the form attached hereto as Annex 1 to Exhibit B.  The Claimant or the Indenture Trustee with

Authority shall accept or reject the Offer of Settlement by checking the appropriate box on the

Offer of Settlement and serving it on the Debtors so as to be received no later than fifteen (15)

calendar days prior to the date set for a Mediation.  Any Claimant who has failed to accept or

reject the Offer of Settlement by the aforementioned deadline shall be deemed to have rejected

the Offer of Settlement.  The Claimant or the Indenture Trustee with Authority may not make a

written counteroffer to the Offer of Settlement except as provided by the ADR Procedures.  Any

settlement reached in accordance with this ordered paragraph shall be subject to the procedures

set forth in the Claims Settlement Procedures Order; and it is further

ORDERED that the Debtors are authorized to, in their sole discretion, append an

Offer of Settlement to a Notice of Merits Hearing, substantially in the form attached hereto as

Annex 1 to Exhibit C.  The Claimant or the Indenture Trustee with Authority shall accept or

reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and

serving it on the Debtors so as to be received no later than fifteen (15) calendar days prior to the

date set for a Merits Hearing.  Any Claimant who has failed to accept or reject the Offer of

Settlement by the aforementioned deadline shall be deemed to have rejected the Offer of

Settlement.  The Claimant or the Indenture Trustee with Authority may not make a written

counteroffer to the Offer of Settlement except as provided in any scheduling order issued by the

Court in connection with such Merits Hearing.  Any settlement reached in accordance with this

ordered paragraph shall be subject to the procedures set forth in the Claims Settlement

Procedures Order; and it is further

ORDERED that nothing in the Claims Hearing Procedures or the ADR

Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at

any time or voluntary communication between the parties with respect to such settlement;

provided, however, that any such settlement is subject to the Settlement Procedures; and it is

further

ORDERED with respect to any Notice of ADR Procedures that is served upon a

party acting in a fiduciary capacity in connection with a trust or other financing arrangement that

relates to any of the Debtors, including without limitation a trustee or indenture trustee (such

persons or entities collectively referred to as "Indenture Trustees," and each singly as an

"Indenture Trustee"), the Debtors and such Indenture Trustee shall review the governing documents to determine whether the Indenture Trustee has authority to participate in a mediation or dispute resolution process on behalf of holders ("Authority"); and it is further

ORDERED that if the Indenture Trustee determines, in good faith, that it has Authority, it shall participate in the Mediation on behalf of holders to the extent authorized by such documents; and it is further

ORDERED that if the Indenture Trustee determines, in good faith, that it lacks Authority via the governing documents, it shall, either through the clearing systems or, when possible, by a direct written communication, contact the holders for which it acts as Indenture Trustee and: (i) advise such holders that the Debtors dispute the Contested Claim(s); (ii) transmit to such holders the applicable Notice of ADR Procedures and this Order; (iii) and seek Authority in accordance with the governing documents to participate in the ADR Procedures on behalf of such directing holders; and it is further

ORDERED that in taking the aforementioned steps (i)-(v), the Indenture Trustee shall (i) make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances and (ii) provide the Debtors with a written communication advising the Debtors (a) that the Indenture Trustee has sought Authority from holders for which it acts as Indenture Trustee and (b) of the applicable time period, if any, within which the Indenture Trustee must obtain Authority via the governing documents (the "Response Period"); and it is further

ORDERED that the ADR Procedures shall not apply to an Indenture Trustee until the Indenture Trustee has provided the Debtor with either (i) a written response advising the Debtor that the Indenture Trustee has Authority under the governing documents (a "Notice of Authority"), which must be served upon the Debtors within ten (10) business days from the date

of such Indenture Trustee's receipt of the Notice of ADR Procedures or (ii) a Notice of Directed Authority (as defined herein); and it is further

ORDERED that (i) an Indenture Trustee with Authority contained in the governing documents must, following service of a Notice of Authority, thereafter comply with the ADR Procedures and (ii) an Indenture Trustee with Authority obtained by way of direction from holders as provided for herein (a) must provide written notice to the Debtors of such Authority by direction (a "Notice of Directed Authority") within ten (10) business days from the date of receipt of such direction from holders and (b) shall thereafter comply with the ADR Procedures; and it is further

ORDERED that an Indenture Trustee who does not obtain Authority by direction within the Response Period (i) must provide written notice to the Debtors of its inability to obtain Authority by direction (a "Notice of No Authority") within ten (10) business days from the conclusion of such Response Period, (ii) shall not be required to further participate under the ADR Procedures, and (iii) shall proceed to a Claims Objection Hearing in accordance with paragraph 1 of the ADR Procedures as if the Mediation had concluded in accordance with paragraph 5(f) of the ADR Procedures; and it is further

ORDERED that for purposes of calculating time limits and deadlines under the ADR Procedures in any proceeding involving an Indenture Trustee with Authority, the date on which the Indenture Trustee serves either a Notice of Authority or a Notice of Directed Authority, as applicable, shall be deemed to be the date of service of the Notice of ADR Procedures; and it is further

ORDERED that the confidentiality provisions of Rule 5.0 of the General Order are incorporated herein.  No statements or arguments made or positions taken by the Mediator,

the Debtors, any Claimant, the Creditors' Committee, or any witnesses in the Offer of Settlement or during any part of the Claims Hearing Procedures or the ADR Procedures, including the Negotiation, may be disclosed for any purpose by the Mediator or any such parties or witnesses or their attorneys or advisors to the Court or any third party (expect by the party, witness, attorney, or advisor making the statement or argument or taking the position in any subsequent Claims Objection Hearing(s)).  Similarly, all briefs, records, reports, and other documents, including Mediation Briefs and Supporting Information (each as defined in Exhibit A attached hereto), received or made by the Mediator while serving in such capacity will remain confidential and will not be provided to the Court, unless they would be otherwise admissible.  In addition, the Mediator may not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided, however, that the Mediator may report to the Court regarding the status of the Mediation efforts but will not disclose the contents thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the ADR Procedures.  Notwithstanding the foregoing, the Debtors may negotiate, in good faith, with any Indenture Trustee or Filing Entity (as defined in the Bar Date Order) regarding exceptions to the confidentiality provisions of this ordered paragraph in the event that, with respect to Indenture Trustees, the Indenture Trustee serves a Notice of Directed Authority and as a result of the Authority obtained from the holders, the Indenture Trustee, or the Filing Entity, is required to communicate with holders regarding the ADR Procedures and/or resolution of the Contested Claim; and it is further

ORDERED that the Debtors and the Claimant may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or

immunity the parties may be entitled to claim or invoke (the "Privileged Information").  The

party producing such documents and/or information (the "Producing Party") to the Mediator

must designate such documents and/or information as Privileged Information.  By providing the

Privileged Information solely to the Mediator and no other party, neither the Debtors nor the

Claimant nor their respective professionals intend to, or shall, waive, in whole or in part, the

attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity

they may be entitled to claim or invoke with respect to any Privileged Information or otherwise.

The Mediator shall not provide Privileged Information or disclose the contents thereof to any

other party without the consent of the Producing Party.  No party is obligated to provide any

documents and/or information, including Privileged Information, to the Mediator; and it is

further

ORDERED that the Court will consider appropriate sanctions, including

allowance or disallowance of the Contested Claim, if either party does not follow the Claims

Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good

faith; and it is further

ORDERED that nothing contained or authorized herein shall (i) abridge the right

of any party in interest under section 1109 of the Bankruptcy Code to be heard by the Court on

any issue or (ii) alter the evidentiary or substantive burden under otherwise applicable law on the

party seeking sanctions; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures are

separate and distinct from and do not replace the procedures provided for in the Claims

Settlement Procedures Order or the Other Settlement Procedures Orders, and nothing in the

Claims Hearing Procedures or the ADR Procedures shall (i) affect, impair, impede, or otherwise

alter the procedures or rights set forth in or established pursuant to the Claims Settlement

Procedures Order or the Other Settlement Procedures Orders or (ii) expand or create additional

rights as to the Debtors to settle or pursue settlement of Claims pursuant to the Claims Settlement

Procedures Order or the Other Settlement Procedures Orders; and it is further

ORDERED that if any transactions set forth in a Proof of Claim are the subject of

a proceeding under the *Alternative Dispute Resolution Procedures Order for Affirmative Claims*

*of Debtors Under Derivatives Contracts* (the "Derivatives ADR Procedures") [Docket No.

5207], such Proof of Claim and the claims set forth therein shall not be subject to the Claims

Hearing Procedures and the ADR Procedures unless and until the Derivatives ADR Procedures

with respect to the transactions set forth in such Proof of Claim have concluded and, for the

avoidance of doubt, such Proof of Claim and the claims set forth therein shall not be subject to

the ADR Procedures while such Proof of Claim and the claims set forth therein are in a

mediation pursuant to the Derivatives ADR Procedures or to the extent settled pursuant to such

procedures or mediation; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures are in

all respects subject to the rights, powers, and privileges of the Federal Housing Finance Agency

(the "FHFA"), in its statutory capacity as the Conservator of the Federal National Mortgage

Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie

Mac"), under the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4501 *et seq.* (2008)

("HERA").  Nothing in this Order shall affect, limit, or otherwise prejudice the FHFA's rights,

powers, and privileges under HERA as the Conservator of Fannie Mae and Freddie Mac; and it

is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures

approved herein apply to any objection, omnibus or otherwise, to a Proof of Claim filed by a

Claimant other than the Internal Revenue Service (or any objection to the Scheduled Claim

amount for an LBHI Issued LPS) that has been or hereafter is filed by the Debtors; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order and the Claims Hearing Procedures and the ADR

Procedures.

Dated:  April __, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A to Order

**Claims Hearing Procedures and ADR Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                        :        Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :        08-13555 (JMP)
                                                             :
                                      Debtors.               :        (Jointly Administered)
------------------------------------------------------------------x

## COURT-ORDERED CLAIMS HEARING PROCEDURES
## AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The claims hearing procedures (the "Claims Hearing Procedures") and the alternative dispute resolution procedures (the "ADR Procedures") described herein have been ordered (the "Order") by the United States Bankruptcy Court for the Southern District of New York (the "Court") to apply:

### Claims Hearing Procedures

1.      Pursuant to the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on February 13, 2009 [Docket No. 2837] (the "Amended Case Management Order"), the Court established periodic omnibus hearings (the "Omnibus Hearings") in these cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.      The Court may enter an order at the scheduled hearing (i) sustaining an objection to proofs of claim (each, a "Proof of Claim")[1] with respect to which no response (a "Response")[2] is properly filed and served or (ii) approving a resolution in accordance with the Settlement Procedures,[3] to the extent applicable, of an objection to a Proof of Claim with respect to which a Response, whether formal or informal, is resolved prior to the hearing thereon.

---

[1] Nothing herein modifies the Bar Date Order, entered July 2, 2009 [Docket No. 4271], or applicable law with respect to amending Proofs of Claim.

[2] Any information submitted in connection with a Proof of Claim or a Derivative or Guarantee Questionnaire shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures.

[3] The Settlement Procedures are defined and fully set forth in the Court's *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures* (the "Claims Settlement Procedures Order"), entered March 31, 2010 [Docket No. 7936].

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "Contested Claim")[34] shall be set for a contested hearing (each, a "Claims Hearing") to be scheduled by the Debtors, in their sole discretion, as set forth herein; provided, however, that all objections filed by Related Objecting LBHI LPS Holders (as defined in the Order) shall be heard on the same date and time.  The Debtors may request that the Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.[35]

4.      The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(a)     For a non-evidentiary hearing to address the legal sufficiency of the particular Contested Claim and whether the Contested Claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), unless the Debtors serve the holder of a Contested Claim (each, a "Claimant") with a Notice of ADR Procedures or a Notice of Merits Hearing (each as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.[46]

(i)     The standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim.

(b)     Subject to the Debtors' rights to proceed to a Merits Hearing, as defined and set forth in paragraph 4(c) below, for an evidentiary hearing on the merits of a Contested Claim (a "Claims Objection Hearing"), the Debtors may, in their sole discretion, (i) serve upon the relevant Claimant, by email and counsel to the Claimant, to the extent such counsel is listed on the relevant Proof of Claim, by U.S. mail, facsimile, or overnight delivery, (ii) serve a copy upon the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and (iii) file with the Court, a notice substantially in the form attached to the Order as Exhibit

---

[2] To[4] With respect to securities included on Schedule A (the "LBHI Issued LPS") of the extent the Court enters the *Order Clarifying the Debtors' Supplemental Notice and the Bar Date Order with Respect to Claims Relating to Lehman Programs Securities Issued by LBHI*, entered March 22, 2010 [Docket No. 7702] (the "LPS Order"), with respect to securities included on Schedule A to the LPS Order (the "LBHI Issued LPS"), an objection to the Scheduled Claim amount shall be considered a "Contested Claim" for the purposes of this Motion.  Other than as set forth in these Claims Hearing Procedures, all provisions of these Claims Hearing Procedures and, as applicable, these ADR Procedures, shall apply to Contested Claims relating to the LBHI Issued LPS in the same manner as all other Contested Claims.

[35] The Creditors' Committee is authorized to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate by order of the Court to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim.

[46] The Debtors may not seek a Sufficiency Hearing with respect to any Contested Claim relating to an LBHI Issued LPS.

B (a "Notice of ADR Procedures") and a copy of these *Claims Hearing Procedures and Alternative Dispute Resolution Procedures* at least forty-five (45) calendar days prior to the date of such Claims Objection Hearing; provided, however, that an identical Notice of ADR Procedures shall be contemporaneously served on all Related Objecting LBHI LPS Holders.  The procedures applicable to a Claims Objection Hearing are set forth in paragraph 1 of the ADR Procedures.

(c)     For an evidentiary hearing on the merits of a Contested Claim (a "Merits Hearing"),[7] the Debtors may, in their sole discretion, (i) serve upon the relevant Claimant, by email and counsel to the Claimant, to the extent such counsel is listed on the relevant Proof of Claim, by U.S. mail, facsimile, or overnight delivery, (ii) serve a copy upon the Creditors' Committee, and (iii) file with the Court, a notice substantially in the form attached to the Order as Exhibit C (a "Notice of Merits Hearing") at least forty-five (45) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.; provided, however, that an identical Notice of Merits Hearing shall be contemporaneously served on all Related Objecting LBHI LPS Holders.  Within five (5) business days of service of the Notice of Merits Hearing or as otherwise agreed to by the parties, the Debtors and the Claimant will engage in a meet and confer, which may be held telephonically, in order to mutually agree on a discovery, briefing, and litigation schedule (the "Claims Litigation Schedule") for the Merits Hearing; provided, however, that the Court will resolve any disputes related to the Claims Litigation Schedule for the Merits Hearing.[8]

5.     Consistent with the Amended Case Management Order, the Debtors may file and serve a reply (a "Reply") to a Response (or an objection with respect to an LBHI Issued LPS) no later than 12:00 prevailing Eastern Time on the day that is at least one (1) business day prior to the date of the applicable hearing.

6.     The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing appropriate notice to the Court and, the Claimant, and, as applicable, all Related Objecting LBHI LPS Holders, with a copy to the Creditors' Committee.

---

[7] For avoidance of doubt, substantively, a Claims Objection Hearing and a Merits Hearing will be identical hearings, each an evidentiary hearing on the merits of a Contested Claim.  However, procedurally, a Claims Objection Hearing will occur when a Mediation (as defined herein) concludes without resolving the Contested Claim, whereas a Merits Hearing will occur when the Debtors designate a Contested Claim to proceed directly to such hearing without first partaking in the ADR Procedures.  The date for a Claims Objection Hearing will be set by the Debtors in a Notice of ADR Procedures, whereas the date for a Merits Hearing will be set by the Debtors in a Notice of Merits Hearing.

[8] Nothing in the Order, the Claims Hearing Procedures, or the ADR Procedures shall preclude:  (i) the Debtors and a Claimant from mutually agreeing on a Claims Litigation Schedule with respect to a Merits Hearing for a particular Contested Claim or (ii) a Claimant from requesting that the Court establish the Claims Litigation Schedule (including the date of the Merits Hearing) for such Contested Claim, in the event that the Debtors and the Claimant are not able to agree on a Claims Litigation Schedule with respect to a Merits Hearing for such Contested Claim.

7.    To the extent that the Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant, with a copy to the Creditors' Committee, a Notice of ADR Procedures or a Notice of Merits Hearing, as ~~the case may be~~applicable, pursuant to the procedures set forth above.

8.    <u>Temporary Litigation Injunction</u>.  Upon service of an objection, omnibus or otherwise, to a Proof of Claim (or an objection to the Scheduled Claim amount for an LBHI Issued LPS), <u>the Debtors and </u>each Claimant to whom such objection applies (or who filed an objection to the Scheduled Claim amount for an LBHI Issued LPS) shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any ~~and all~~ Contested Claims ~~filed by~~identified in such ~~Claimant~~objection other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (the "<u>Temporary Litigation Injunction</u>").  The Temporary Litigation Injunction shall expire with respect to a Contested Claim only (i) when that Contested Claim has been resolved by virtue of a settlement between the parties, reached through these ADR Procedures or otherwise, or (ii) upon <u>the parties' mutual agreement (or </u>entry of a ~~scheduling order setting forth the rules and procedures applicable to a~~<u>Court order if the parties are unable to agree) on a Claims Litigation Schedule for the</u> Merits Hearing or <u>a</u>~~the~~ Claims Objection Hearing, as applicable ~~to such Contested Claim.~~[5]<u>, for such Contested Claim.[9]  Notwithstanding anything set forth herein to the contrary, the Temporary Litigation Injunction shall not apply to any Claimant with respect to the investigation, prosecution, or defense of any of its claims or rights as against Lehman Brothers Inc., any other entity affiliated with the Debtors that is the subject of a bankruptcy, insolvency, or similar proceeding in a foreign jurisdiction, or any entity not affiliated with the Debtors.</u>

## ADR Procedures

1.    To the extent that a Contested Claim is adjourned to a Claims Objection Hearing and a ~~holder of a Claim (each, a "~~Claimant~~")~~ is served a Notice of ADR Procedures, such Claims Objection Hearing shall be adjourned until these ADR Procedures, as applicable, are completed with respect to each such Contested Claim.  To the extent a Mediation concludes ~~at the discretion of the Mediator~~, as provided in paragraph 4<u>5</u>(f) of these ADR Procedures, and all or part of the objection to the Contested Claim remains unresolved, the parties shall proceed to a Claims Objection Hearing at <u>least forty-five (45) calendar days from </u>the date ~~and time~~<u>of the conclusion of the Mediation, as</u> provided in ~~the Notice of ADR Procedures.  The Debtors may, in their sole discretion, adjourn such Claims Objection Hearing by providing appropriate notice to the Claimant, with a copy to the Creditors' Committee.  The rules and procedures applicable to such Claims Objection~~

---

[5][9] Nothing in the Claims Hearing Procedures or the ADR Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time <u>or voluntary communication between the parties with respect to such settlement; provided, however, that any such settlement is subject to the Settlement Procedures</u>.

~~Hearing will be set forth in any scheduling order issued by the Court in connection~~ ~~therewith.⁶~~ paragraph 5(f) of these ADR Procedures or as otherwise agreed to by the parties; provided, however, that within five (5) business days of such conclusion of a Mediation or as otherwise agreed to by the parties, the Debtors and the Claimant will engage in a meet and confer, which may be held telephonically, in order to mutually agree on a Claims Litigation Schedule for the Claims Objection Hearing; provided further, that the Court will resolve any disputes related to the Claims Litigation Schedule for the Claims Objection Hearing.[10] [11]

2.      The confidentiality provisions of Rule 5.0 of the Court's General Order M-390 (the "General Order") are incorporated herein.  No statements or arguments made or positions taken by the Mediator (as defined herein), the Debtors, any Claimant, the Creditors' Committee, or any witnesses in the Offer of Settlement (as defined in the Order) or during any part of ~~the Claims Hearing Procedures or~~ the ADR Procedures, including the Negotiation, may be disclosed for any purpose by the Mediator or any such parties or witnesses or their attorneys or advisors to the Court or any third party (except by the party, witness, attorney, or advisor making the statement or argument or taking the position in any subsequent Claims Objection Hearing(s)).[7]  Similarly, all briefs, records, reports, and other documents, including Mediation Briefs and Supporting Information (each as defined herein), received or made by the Mediator while serving in such capacity will remain confidential and will not be provided to the Court, unless they would be otherwise admissible.  In addition, the Mediator may not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided, however, that the Mediator may report to the Court regarding the status of the Mediation efforts but will not disclose the contents thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the ADR Procedures.

3.      The Debtors and the Claimant may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "Privileged Information"). The party producing such documents and/or information (the "Producing Party") to the Mediator must designate such documents and/or information as Privileged Information.

---

[10]  Nothing in the Order, the Claims Hearing Procedures, or the ADR Procedures shall preclude:  (i) the Debtors and a Claimant from mutually agreeing on a Claims Litigation Schedule with respect to a Claims Objection Hearing for a particular Contested Claim or (ii) a Claimant from requesting that the Court establish the Claims Litigation Schedule (including the date of the Claims Objection Hearing) for such Contested Claim, in the event that the Debtors and the Claimant are not able to agree on a Claims Litigation Schedule with respect to a Claims Objection Hearing for such Contested Claim.

[6][11]  To the extent a Mediation concludes ~~at the discretion of the Mediator,~~ as provided in paragraph ~~4~~5(f) of these ADR Procedures, and all or part of the objection to the Contested Claim remains unresolved, the parties may consent to final and binding arbitration in accordance with the General Order (as defined herein).

[7]  ~~Nothing in the ADR Procedures shall preclude the parties from submitting confidential letters or statements to the Mediator, which shall receive "Mediator's eyes-only" treatment.~~

By providing the Privileged Information solely to the Mediator and no other party, neither the Debtors nor the Claimant nor their respective professionals intend to, or shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity they may be entitled to claim or invoke with respect to any Privileged Information or otherwise.  The Mediator shall not provide Privileged Information or disclose the contents thereof to any other party without the consent of the Producing Party.  No party is obligated to provide any documents and/or information, including Privileged Information, to the Mediator.

4.    3. Negotiation.  The following procedures shall apply to each Negotiation:

(a)    Telephonic Negotiation.  If a Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, either the Debtors or the relevant Claimant may request a telephonic negotiation (or in person if the parties agree) (each, a "Negotiation") no later than fourteen (14) calendar days prior to the date set for a Mediation as provided for in paragraph 5 below.  Upon such demand, the Negotiation shall be held no later than seven (7) calendar days prior to the date set for a Mediation.

(b)    Participation in Negotiation.  The following representatives of each of the Debtors and the Claimant shall participate in a Negotiation:  (i) counsel for each of the parties, except for a Claimant proceeding *pro se*, and (ii) a person possessing ultimate authority[12] to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively, and (iii) as applicable, each of the foregoing for any Related Objecting LBHI LPS Holders.[13]  Counsel to the Creditors' Committee, a principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Negotiation.

5.    4. Mandatory Non-Binding Mediation.  Unless otherwise agreed to by the parties, no later than sixty (60) calendar days following service of a Notice of ADR Procedures, the Debtors and, the Claimant, and all Related Objecting LBHI LPS Holders, as applicable, shall submit to mandatory non-binding mediation (each, a "Mediation") in an effort to consensually resolve the Contested Claim.  The Debtors and the Claimant (including all Related Objecting LBHI LPS Holders, as applicable) shall confer as soon as practicable following service of a Notice of ADR Procedures to determine a date and time for the Mediation.  Within three (3) business days of any determination by the Claimant and the Debtors Debtors and the Claimant (including all Related Objecting LBHI LPS Holders, as

---

[12] For the purposes of these ADR Procedures, a Filing Entity (as defined in the Bar Date Order) shall be presumed to have the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Claimant, and the Filing Entity may participate in these ADR Procedures; provided, however, that to the extent the Filing Entity does not have authority to settle the Contested Claim on behalf of the Claimant, the Debtors and the Filing Entity may agree on modifications to the time periods set forth herein to enable the Filing Entity to obtain such authority.

[13] Nothing in these ADR Procedures shall preclude the Debtors from also communicating with any Related Objecting LBHI LPS Holder individually.

applicable) of a date and time for the Mediation, the Debtors shall notify the Creditors' Committee of the date and time for the Mediation.  The Mediation shall be governed by the General Order except as follows.  The following procedures shall apply to each Mediation:

(a)    Mediator.  Each Mediation shall be assigned to one of the mediators (each, a "Mediator") listed by the Debtors on Exhibit D attached to the Order (the "List of Mediators").[814]  No later than twenty-one (21) calendar days prior to the date set for a Mediation, the Debtors shall select no less than four (4) Mediators from the List of Mediators.  The Claimant (or, as applicable, all Related Objecting LBHI LPS Holders acting together) shall be entitled to strike not more than three (3) Mediators from~~of the ~~List of ~~Mediators selected by the Debtors no later than fourteen (14) calendar days prior to the date set for a Mediation, at which time the Debtors shall select a Mediator from those not stricken by the Claimant; provided, however, that, upon mutual consent, the parties may agree on a Mediator not appearing on the List of Mediators~~.~~; provided further, that upon request of a Claimant holding a Large Complex Claim (as defined herein), the Debtors may only select Mediators designated as Mediators for Large Complex Claims from the List of Mediators.

(i)    A Large Complex Claim is a Contested Claim where the underlying claim relates to one or more Derivative Contracts (as defined in the Bar Date Order) for which the aggregate amount at stake exceeds $200 million.

(b)    Powers of Mediator.  The Mediator shall have the broadest possible discretion consistent with the General Order, including the ability to consolidate Mediations (i) involving the same Claimant upon application by such Claimant and in consultation with the Debtors and (ii) involving multiple Claimants with common issues of fact and law upon application by the Debtors (except that no such application is required where multiple Claimants consist of Related Objecting LBHI LPS Holders).

(c)    Mediation Site.  The Mediation shall be held at a location in New York, New York selected by the Debtors; provided, however, that upon consent of the parties and the Mediator, the Mediation may be held telephonically.

(d)    Mediation Briefs and Supporting Information.  Both parties to a Mediation shall submit a mediation brief (a "Mediation Brief"), with service upon the other parties to the Mediation and the Creditors' Committee.  The Debtors' Mediation Brief shall be served no later than ten (10) calendar days prior to the commencement of the Mediation.  The Claimant's Mediation Brief shall be served five (5) calendar days prior to the commencement of the Mediation.  The Creditors' Committee may serve a Mediation Brief on the parties no later than five (5) calendar days prior to the commencement of the Mediation.  Unless the

---

[814] The Debtors may revise the List of Mediators by filing such revised List of Mediators on the Court's docket.

Mediator directs otherwise, no Mediation Brief shall exceed twenty-five (25) single-sided, double-spaced pages.[9][15]  No Mediation Brief is to be filed with the Court.  Each party may submit supporting documents and/or information ("Supporting Information") to the Mediator at such party's discretion or upon the Mediator's request.  Each party may also provide Supporting Information to the other party at each such party's discretion or upon the Mediator's request; provided, however, that a party may request that another party provide it or the Mediator with Supporting Information but such other party is not required to provide it or the Mediator with such Supporting Information.

(e)    Appearance at Mediation.  A person possessing ultimate authority[16] to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the Claimant elects not to have its counsel attend or participate in a Mediation.  A principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Mediation.  Subject to the specific provisions of each level of review set forth in the Settlement Procedures,[10] counsel to the Creditors' Committee may participate in a Mediation as follows:

(i)    Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is equal to or less than $15 million, counsel to the Creditors' Committee shall not participate in the Mediation.

(ii)    Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $15 million but equal to or less than $75 million, counsel to the Creditors' Committee shall confer with the Debtors and in good faith attempt to agree upon the level of participation of counsel to the Creditors' Committee in the Mediation.

(iii)    Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $75 million, counsel to the Creditors' Committee may participate in the Mediation in its sole discretion.

---

[9][15] All pleadings or other papers submitted in connection with the ADR Procedures established through the Motion, as set forth herein, must be on 8 1/2 inch by 11 inch paper, double-spaced, but quotations of longer than two (2) lines may be indented and single-spaced.  Headings and footnotes may be single-spaced and margins must be at least one inch on all four sides.  The text of such submissions must be in at least 12-point font, and the text of footnotes must be in at least 10-point font.

[16] See supra fn. 12.

[10] To the extent the Court enters the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures (the "Claims Settlement Procedures Order"), the Settlement Procedures are defined and fully set forth therein.

(f)     Length of Mediation.  The Mediation shall conclude ~~at the Mediator's discretion~~upon request of either party and concurrence by the Mediator; provided, however, that unless otherwise agreed to by the parties and the Mediator, the Mediation shall last no longer than 120 calendar days.

(g)     Costs.  The Debtors ~~and~~, the Claimant, and each Related Objecting LBHI LPS Holder, as applicable, shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

6.    ~~5.~~Sanctions.  The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good faith.

BY ORDER OF THE COURT

## Exhibit B to Order

**Notice of ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :        **08-13555 (JMP)**
                                                    :
                    **Debtors.**                    :        **(Jointly Administered)**
                                                    :
----------------------------------------------------------------------x

**NOTICE OF ADR PROCEDURES AND**
**SCHEDULING OF CLAIMS OBJECTION HEARING WITH**
**RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]**

        PLEASE TAKE NOTICE that on [_____ ___], 201[_], Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), objected to proof of claim number [____] (the "Proof of Claim") filed by [_____] (the "Claimant") pursuant to the [Title of Applicable Claims Objection] (the "Objection").

        **PLEASE TAKE FURTHER NOTICE THAT THE ATTACHED *COURT-ORDERED CLAIMS HEARING PROCEDURES AND ADR PROCEDURES* (THE "PROCEDURES") APPLY AND GOVERN THE OBJECTION TO YOUR PROOF(S) OF CLAIM THAT IS/ARE SCHEDULED FOR THE CLAIMS OBJECTION HEARING BEFORE THE BANKRUPTCY COURT ON THE DATE SET FORTH BELOW.**

        PLEASE TAKE FURTHER NOTICE that on [_____ ___], 201[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the Procedures, a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "Court") will commence a Claims Objection Hearing (as defined in the Procedures) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim.

        PLEASE TAKE FURTHER NOTICE that the Procedures provide for certain mandatory actions by the Claimant within certain time periods. Therefore, please review the Order carefully. Failure to comply with the Procedures may result in the disallowance and expungement of the Proof of Claim without further notice to the Claimant. **In order to initiate the Negotiation, please contact [_____] at [_____].**

        PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Claims Objection Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 201[_]
      New York, New York

## Annex 1 to Exhibit B to Order

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
In re                                                            :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :        **08-13555 (JMP)**
:
**Debtors.**                     :        **(Jointly Administered)**
:
----------------------------------------------------------------x

### DEBTORS' OFFER OF SETTLEMENT
### WITH RESPECT TO PROOF OF CLAIM NO. [ _____ ]

        The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [ _____ ] (the "Offer of Settlement") for a single, fixed, liquidated, ~~general unsecured nonpriority~~ claim against Debtor [ _____ ] in the amount of [ _____ ] and of priority [ _____ ] (the "Settlement ~~Amount~~"). The Settlement ~~Amount~~, if accepted, represents the allowed claim amount and priority with respect to Proof of Claim number [ _____ ].

        By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [ _____ ]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Mediation (as defined and set forth in the Procedures). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement. You may **NOT** make a written counteroffer to the Offer of Settlement except as provided by the ADR Procedures (as defined in the Procedures).

[]       **I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

[]       **I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [ _____ ] at [ _____ ].**

**Please fax this completed form to [ _____ ] or email it to [ _____ ]**

        _____
        Signature of Claimant's Authorized Representative

        _____
        Printed Name

        _____
        Company Name, if applicable

**<u>Exhibit C to Order</u>**

**Notice of Merits Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

In re                                                                   :        **Chapter 11 Case No.**
                                                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :        **08-13555 (JMP)**
                                                                        :
            **Debtors.**                                                :        **(Jointly Administered)**
                                                                        :
--------------------------------------------------------------------x

**NOTICE OF SCHEDULING OF MERITS HEARING WITH**
**RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]**

PLEASE TAKE NOTICE that on [_____ ___], 201[_], Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), objected to proof of claim number [_____] (the "Proof of Claim") filed by [_____] (the "Claimant") pursuant to the [Title of Applicable Claims Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on [_____ ___], 201[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, entered [Date] [Docket No. xxxx] (the "Order"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "Court") will commence a Merits Hearing (as defined in the Order) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 201[_]
            New York, New York

## Annex 1 to Exhibit C to Order

## Offer of Settlement

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :        **08-13555 (JMP)**
                                                    :
                        **Debtors.**                :        **(Jointly Administered)**
                                                    :
----------------------------------------------------------------x

### DEBTORS' OFFER OF SETTLEMENT
### WITH RESPECT TO PROOF OF CLAIM NO. [_____]

        The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (the "Offer of Settlement") for a single, fixed, liquidated, ~~general unsecured nonpriority~~ claim against Debtor [_____] in the amount of [_____] and of priority [_____] (the "Settlement ~~Amount~~").  The Settlement ~~Amount~~, if accepted, represents the allowed claim amount and priority with respect to Proof of Claim number [_____].

        By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____].  You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing (as defined in the Order).  If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement.  You may **NOT** make a written counteroffer to the Offer of Settlement except as provided in any scheduling order issued by the Court in connection with such Merits Hearing.

[]       **I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

[]       **I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

**Please fax this completed form to [_____] or email it to [_____]**

_____
Signature of Claimant's Authorized Representative

_____
Printed Name

_____
Company Name, if applicable

**<u>Exhibit D to Order</u>**

**List of Mediators**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                             :

In re                            :      **Chapter 11 Case No.**

                             :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :      **08-13555 (JMP)**

                             :

                 **Debtors.**      :      **(Jointly Administered)**

                             :
-------------------------------------------------------------------x

## LIST OF MEDIATORS

        Each Mediation shall be assigned to one of the mediators (each, a "Mediator") listed by the Debtors below (the "List of Mediators").[1]  No later than twenty-one (21) calendar days prior to the date set for a Mediation, the Debtors shall select no less than four (4) Mediators from the List of Mediators.  The Claimant (or, as applicable, all Related Objecting LBHI LPS Holders acting together) shall be entitled to strike not more than three (3) Mediators from the List of Mediators no later than fourteen (14) calendar days prior to the date set for a Mediation, at which time the Debtors shall select a Mediator from those not stricken by the Claimant; provided, however, that, upon mutual consent, the parties may agree on a Mediator not appearing on the List of Mediators; provided further, that upon request of a Claimant holding a Large Complex Claim, the Debtors may only select Mediators designated as Mediators for Large Complex Claims from the List of Mediators.  A Large Complex Claim is a Contested Claim where the underlying claim relates to one or more Derivative Contracts (as defined in the Bar Date Order) for which the aggregate amount at stake exceeds $200 million.  A Mediator is designated as a Mediator for Large Complex Claims by the initials "LCC" next to his or her name.

| | |
|---|---|
| **Hesha Abrams**<br>Abrams Mediation and Negotiation, Inc.<br>7616 Burns Run, Suite 180<br>Dallas, Texas 75248<br>(972) 702-9066 | **Hon. Frank Andrews – LCC**<br>Judicial Workplace Arbitrations, Inc.<br>P. O. Box 410<br>Hunt, Texas 78024<br>(830) 238-4774 |
| **Courtenay L. Bass**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas 75204<br>(214) 303-4500 | **Mark Buckstein – LCC**<br>Professional Dispute Resolutions<br>2424 North Federal Highway<br>Boca Raton, Florida 33431<br>(561) 417-6602 |
| **Mary Burdin**<br>Burdin Mediations<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 | **Hon. William Cahill**<br>JAMS<br>Two Embarcadero Center, Suite 1500<br>San Francisco, California 94111<br>(415) 982-5267 |

---

[1] The Debtors may revise the List of Mediators by filing such revised List of Mediators on the Court's docket.

| | |
|---|---|
| **Francis Carling**<br>174 East 74th Street, Suite 12BC<br>New York, NY 10021-3533<br>(212) 628-3026 | **Hon. Francis Conrad – LCC**<br>Mediation Works Incorporated<br>4 Faneuil Hall - Fourth Floor<br>Boston, MA 02109<br>(617) 973-9739 |
| **Hon. Stephen Crane**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | **Brenda J. Damuth**<br>Stewart Stimmel LLP<br>1701 N. Market Street<br>Suite 200, L.B. 42<br>Dallas, Texas 75202<br>(214) 615-2006<br><br>Burdin Mediators<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 |
| **Hon. Betty Weinberg Ellerin**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | **Sheldon Elsen**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 |
| **Joe Epstein**<br>Conflict Resolution Services Inc.<br>5445 DTC Parkway, Ste 770<br>Greenwood Village, CO 80111-3045<br>(303) 355-2314 | **Eugene I. Farber – LCC**<br>Farber, Segall & Pappalardo<br>200 East Post Road<br>White Plains, New York 10601<br>(914) 761-9400 or (212) 752-3396 |
| **Hon. Steve Felsenthal**<br>Stutzman, Bromberg, Esserman & Plifka<br>2323 Bryan Street Suite 2200<br>Dallas, Texas 75201 | **Hon. Abraham J. Gafni**<br>Villanova Law School<br>237 Law School Building<br>299 North Spring Mill Road<br>Villanova, PA 19085<br>(610) 519-6526 |

| | |
|---|---|
| **Mark W. Gilbert**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas  75204<br>(214) 303-4500 | **Professor Eric D. Green** – **LCC**<br>Resolutions LLC<br>222 Berkeley Street, Suite 1060<br>Boston, Massachusetts 02116<br>(617) 556-0800 |
| **Jerry Grissom**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 891-4523 | **Earl F. Hale, Jr.**<br>Earl F. Hale, Jr. Mediator Arbitrator ADR Services<br>4144 N. Central Expressway<br>Suite 225<br>Dallas, TX 75204<br>(214) 515-0199 |
| **Lisbeth Hasse**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 433-4380 | **Chris Stern Hyman**<br>Medical Mediation Group LLC<br>1040 Avenue of the Americas -- Suite 1101<br>New York, NY 10018<br>(212) 719-3800 |
| **Hon. Edward A. Infante**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>(415) 982-5267 | **Robert W. Jordan**<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, Texas 75201-2980<br>(214) 953-6518 |
| **Hon. Jack Komar**<br>JAMS<br>160 W. Santa Clara Street -- Suite 1150<br>San Jose, CA 95113<br>(408) 288-2240 | **Bernice K. Leber**<br>Arent Fox LLP<br>1675 Broadway<br>New York, NY 10019<br>(212) 484-3930 |
| **Jack P. Levin**<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 841-1103 | **Hon. Carlos G. Lopez**<br>Vincent, Lopez, Serafino & Jenevein<br>Thanksgiving Tower<br>1601 Elm Street -- Suite 4100<br>Dallas, Texas 75201<br>(214) 979-7441 |

| | |
|---|---|
| **Hon. Eugene F. Lynch**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>(415) 982-5267 | **Hon. Harlan Martin**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 744-5267 |
| **Hon. John S. Martin**<br>Martin & Obermaier LLC<br>565 Fifth Avenue -- 8th Floor<br>New York, NY 10017<br>(212) 883-0000 | **Michael T. McAllister**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 |
| **Gary V. McGowan – LCC**<br>McGowan Dispute Resolution<br>5009 Caroline -- Suite 100<br>Houston, TX 77004<br>(713) 552-1855 | **Jed D. Melnick**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(215) 636-9691 |
| **Hon. James R. Melinson**<br>JAMS<br>1717 Arch Street -- Suite 4010<br>Bell Atlantic Tower<br>Philadelphia, PA 19103<br>(215) 246-9494 | **Cecilia H. Morgan**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 744-5267 |
| **Michael S. Oberman**<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9294 | **Walter E. (Rip) Parker**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas  75204<br>(214) 303-4500 |
| **Hon. Layn R. Phillips – LCC**<br>Irell & Manella LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 | **Kenneth J. Rubenstein**<br>Burdin Mediators<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 |

| | |
|---|---|
| **Richard H. Silberberg**<br>Dorsey & Whitney LLP<br>250 Park Avenue<br>New York, NY 10177-1500<br>(212) 415-9231 | **Hon. Fern Smith**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA  94<br>(415) 982-5267 |
| **Daniel H. Tabak**<br>Cohen & Gresser  LLP<br>100 Park Avenue -- 23rd Floor<br>New York, NY 10017<br>(212) 957-7606 | **Hon. ~~Diane Welsh~~ Daniel Weinstein**<br>~~JAMS~~<br>~~1717 Arch Street -- Suite 4010~~<br>~~Philadelphia, PA 19103~~<br>~~215-246-9494~~<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612 |
| **Hon. ~~Rebecca Westerfield~~ Diane Welsh**<br>~~Weinstein Mediation Center~~<br>~~850 Rutherford Road~~<br>~~Rutherford, CA 94573~~<br>~~(415) 774-2612~~<br><br>JAMS<br>~~Two Embarcadero Center~~ 1717 Arch Street<br>-- Suite ~~1500~~ 4010<br>~~San Francisco, CA 94111~~<br>~~415-982-5267~~<br>Philadelphia, PA 19103<br>215-246-9494 | **~~H. Ron White~~ Hon. Rebecca Westerfield**<br>~~White & Wiggins~~<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612<br><br>JAMS<br>~~901 Main Street~~ Two Embarcadero Center -<br>- Suite ~~6200~~ 1500<br>~~Dallas, Texas 75202~~<br>~~(214) 665-4150~~<br>San Francisco, CA 94111<br>415-982-5267 |
| **~~Michelle Yoshida~~ H. Ron White**<br>~~Weinstein Mediation Center~~<br>~~850 Rutherford Road~~<br>~~Rutherford, CA 94573~~<br>White & Wiggins<br>901 Main Street -- Suite 6200<br>Dallas, Texas 75202<br>(214) 665-4150<br>~~(415) 774-2612~~ | **~~Michael Young~~ Michelle Yoshida**<br>~~JAMS~~<br>~~620 Eighth Avenue -- 34th Floor~~<br>~~New York, NY 10018~~<br>~~(212) 751-2700~~<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612 |
| **Michael Young**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | |