Hearing Date and Time: April 14, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :    08-13555 (JMP)
                                                                   :
                    Debtors.                                       :    (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY
<u>LATSHAW DRILLING COMPANY, LLC (CLAIM NO. 18346</u>)**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and each of its affiliated debtors in possession (collectively, the "<u>Debtors</u>") hereby makes the following statement (the "<u>Statement</u>") in support of the objection (the "<u>Objection</u>") of Lehman Commercial Paper Inc. ("<u>LCPI</u>") to the proof of claim filed against it by Latshaw Drilling Company, LLC ("<u>Latshaw</u>"):

**STATEMENT**

1.  The Committee agrees that, for the reasons set forth in the Objection, Latshaw's proof of claim should be disallowed in its entirety.

2.  Moreover, the Committee respectfully submits that this Court is in a better position to adjudicate the matter at issue than the Oklahoma bankruptcy court in which

Latshaw's chapter 11 case is pending (the "Oklahoma Court").

3.  Latshaw filed a timely proof of claim against LCPI (the "Original Latshaw POC"), which it later purported to amend (the "Amended Latshaw POC").  Both the Original Latshaw POC and the Amended Latshaw POC assert a claim in the amount of $18.09 million. LCPI filed the Objection to the Original Latshaw POC, and Latshaw filed a Response to the Objection, accompanied by the Amended Latshaw POC.  Thereafter, LCPI filed a Reply to Latshaw's Response and restated its substantive objections in connection with the Amended Latshaw POC.  The Committee's advisors reviewed and analyzed these pleadings, conferred with the Debtors' advisors and formulated recommendations to the Committee.  As a consequence of all the foregoing, considerable time and effort have been expended by the parties-in-interest in these cases, and the relevant issues have been fully briefed and are now squarely before the Court.

4.  By contrast, much less has transpired in the Oklahoma Court.  Latshaw only recently objected to the proof of claim filed by LBHI in the Oklahoma Court (contemporaneously with the filing of the Response).  LCPI's deadline to respond to that objection is April 26, 2010, and no hearing has been scheduled (or even sought by Latshaw) with respect thereto in the Oklahoma Court.  Accordingly, if the Court were to accede to Latshaw's request and allow it to withdraw the Amended Latshaw POC, the parties would be compelled to re-brief precisely the same issues they just expended the estate's resources to brief here.[1]

5.  If this Court were to keep the matter before it and decide that, as a matter of law, Latshaw had waived any right of recoupment (Latshaw itself admits that recoupment is a

---

[1] In fact, as LCPI has pointed out, since Latshaw will be expending the Debtors' cash collateral on any additional briefing and litigation in the Oklahoma Court, the Debtors' estates will be paying twice for all parties' time and expenses.

2

species of "counterclaim" that it had affirmatively waived in connection with remitting payments under the Credit Agreement), such determination would have the force of *res judicata* in any later proceeding in the Oklahoma Court and no further judicial or estate resources would need to be expended on this issue. Even if this Court were to determine that Latshaw had not waived its recoupment rights, it would then be in the position to adjudicate whether the damages sought by Latshaw constitute direct or consequential damages, and – once again – such determination would be *res judicata* and no further resources would need to be expended.

6. By contrast, should the Court allow the adjudication of the parties' claims to proceed in the Oklahoma Court, and should the Oklahoma Court agree with LCPI that Latshaw had waived, as a matter of law, its right to recoupment, there would be nothing to preclude Latshaw from attempting to pursue its $18.09 million claim against LCPI as a general unsecured claim: while the Amended Latshaw POC asserts that "Latshaw does not seek a distribution of assets of the LCPI estate" and merely "seeks to reserve Latshaw's rights to recoup the amount of Latshaw's damages against the claim of LCPI" filed in the Oklahoma Court,[2] it also affirmatively reserves all of Latshaw's rights and states that it "is not intended to and shall not be construed as . . . an election of remedies . . . a waiver of a claim, right, defense, or cause of action [or] a waiver or limitation of any rights of Latshaw." See Amended Latshaw POC. Thus all the parties would be back before this Court, re-briefing the same legal issues that are currently before this Court.

7. For all the foregoing reasons, the Committee supports LCPI's request that the Amended Latshaw POC should be adjudicated in this Court.

---

[2] The Original Latshaw POC asserted that Latshaw's claim against LCPI was entitled to "post-petition, administrative expense" status.

WHEREFORE, the Committee respectfully requests that the Court sustain the Objection and grant such other relief as is just.

Dated:   New York, New York
         April 13, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.