BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, DC 20006
Telephone:  (202) 373-6000
Facsimile:  (202) 373-6001
Rajiv Madan
Christopher P. Bowers
Kiara L. Rankin
(Admissions *pro hac vice* pending)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Shai Y. Waisman

Attorneys for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **LEHMAN BROTHERS HOLDINGS INC.,** | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| **v.** | : | **Adversary Proceeding** |
|  | : | **No. _____ (JMP)** |
| **UNITED STATES OF AMERICA,** | : |  |
| **Defendant.** | : |  |
|  | : |  |

-------------------------------------------------------------------x


## COMPLAINT

Plaintiff, Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession, on behalf of itself and on behalf of all members of the affiliated group for which it filed consolidated federal income tax returns, alleges the following:

## NATURE OF THE ACTION

1.      Plaintiff brings this adversary proceeding under sections 105(a), 505(a), 541(a)(1), and 542 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for recovery of a refund of $110,301,837 in federal income taxes and penalties that Plaintiff overpaid to the United States of America ("Defendant") for Plaintiff's 1999 and 2000 tax years, together with deficiency interest paid plus overpayment interest on the amounts to be refunded, or such greater amount as is legally refundable.

## JURISDICTION AND VENUE

2.      This adversary proceeding relates to *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (JMP), which was filed under chapter 11 of the Bankruptcy Code and is pending in the Bankruptcy Court for the Southern District of New York.

3.      The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 505.

4.      This is a core proceeding under 28 U.S.C. § 157(b)(2).

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

6.      Plaintiff (EIN 13-3216325) is a Delaware corporation with its former principal business address at 745 Seventh Ave., New York, NY 10019 and its current principal business address at 1271 Avenue of the Americas, 45th Floor, New York, NY 10020.

7.      Plaintiff was the common parent of an affiliated group of corporations that timely filed consolidated U.S. federal income tax returns for the tax years ending December 31, 1999 and December 31, 2000 (each a "Tax Return" and collectively the "1999-2000 Tax Returns").

8. As common parent, Plaintiff is the sole agent authorized to act on its own behalf and on behalf of all members of the group that filed consolidated U.S. federal income tax returns. *See* Treas. Reg. 1.1502-77(a)(1), (2)(v). Each member of the consolidated group that joined in those returns is identified in the Form 851 Affiliations Schedules filed with Plaintiff's 1999-2000 Tax Returns.

9. Defendant is the United States of America.

## FACTUAL BACKGROUND

### I. The Chapter 11 Proceedings

10. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Plaintiff and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### II. The Stock Loan Foreign Tax Credits

11. The tax reporting positions at issue here resulted from transactions in 1999 and 2000 in which Lehman Brothers Inc. ("LBI") lent stock issued by corporations resident in the United Kingdom ("U.K. Stock") to Lehman Brothers International (Europe) plc ("LBIE") (the "Stock Loan" transactions).

12. LBI, a corporation organized under Delaware law with its principal offices in New York, was a wholly owned subsidiary of Plaintiff and was a member of the consolidated group for which Plaintiff filed the 1999-2000 Tax Returns.

13.     As a regulated broker-dealer in the United States, LBI bought, sold, borrowed, lent, and otherwise transacted in stock issued by companies resident in the United States, the United Kingdom, and other foreign countries on a regular basis on behalf of its customers and affiliates and for its own account.

14.     LBI frequently borrowed stock, including U.K. Stock, from unrelated lenders in the United States pursuant to standard stock lending agreements.  Whenever dividends were paid by the issuers of the borrowed stock, LBI made payments to the unrelated lenders that were representative of the actual dividends paid.

15.     LBIE, a company organized under the laws of the United Kingdom with its principal offices in London, was an indirectly held subsidiary of Plaintiff.

16.     As a regulated broker-dealer, LBIE bought, sold, borrowed, lent, and otherwise transacted in stock issued by companies resident in the United States, the United Kingdom, and other foreign countries on a regular basis on behalf of its customers and affiliates and for its own account.

17.     As a broker-dealer, LBIE regularly required a variety of stock and securities, including U.K. Stock, to satisfy the demands of its customers and for its own purposes.

18.     LBIE, therefore, frequently borrowed U.K. Stock from LBI pursuant to a master overseas stock lending agreement, which governed all stock lending transactions between LBI and LBIE.  Whenever dividends were paid by the issuers of the borrowed U.K. Stock, this agreement required LBIE to make payments to LBI that were representative of the actual dividends paid ("Substitute Payments").

19.     Pursuant to the requirements of U.K. tax law and the provisions of the Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to

Taxes on Income and Capital Gains, U.S.–U.K., Dec. 31, 1975, 31 U.S.T. 5668 (the "U.S.-U.K. Tax Treaty"), LBI incurred U.K. taxes with respect to the Substitute Payments received from LBIE in connection with the Stock Loan transactions.

20.     Pursuant to 26 U.S.C. § 901, Articles 10(2)(a)(ii) and 23 of the U.S.-U.K. Tax Treaty, and IRS administrative guidance, Plaintiff claimed $141,412,611 of foreign tax credits (the "Credits") on its 1999-2000 Tax Returns for the U.K. taxes that LBI incurred with respect to the Substitute Payments received from LBIE in connection with the Stock Loan transactions.

**III.     Jurisdictional and Procedural Facts**

21.     The IRS proposed the following adjustments to Plaintiff's 1999-2000 Tax Returns related to the Stock Loan transactions (together, the "Adjustments"):

      a.     disallowance of the Credits in the amount of $141,412,611 and reduction of taxable income in an amount equal to the disallowed Credits, resulting in a $91,918,198 net increase in Plaintiff's tax liability in the 1999 and 2000 tax years; and

      b.     imposition of accuracy-related penalties under 26 U.S.C. § 6662 in the amount of $18,383,639.

22.     Solely for purposes of satisfying the procedural prerequisites for filing administrative claims for refund and for filing suit for refunds, on June 10, 2008, Plaintiff executed Form 870-AD (Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency) consenting to the immediate assessment and collection of the taxes, penalties, and deficiency interest arising from the Adjustments.

23.    Pursuant to the terms of the Form 870-AD, Plaintiff reserved its right to file an administrative claim for refund and to sue for a refund in federal court with respect to the Stock Loan transactions.

24.    The IRS assessed the taxes, penalties, and deficiency interest arising from the Adjustments and from other adjustments that are not at issue here, and Plaintiff fully satisfied the assessed liability for the 1999 and 2000 tax years by making payments or applying overpayment credits on the following dates:

| | |
|---|---|
| July 21, 2006: | $104,751,308.71 applied to the 2000 tax year |
| July 21, 2006: | $109,355,934.68 applied to the 1999 tax year |
| September 17, 2007: | $121,010,403.00 applied to the 2000 tax year |
| March 15, 2008: | $151,330,034.00 applied to the 1999 tax year |
| July 3, 2008: | $92,750,000.00 applied to the 2000 tax year |

25.    On December 10, 2008, Plaintiff filed Forms 1120X, Amended U.S. Corporate Income Tax Returns, for its 1999 and 2000 tax years and demanded a refund from the IRS for the taxes, penalties, and deficiency interest assessed and collected by the IRS for the 1999 and 2000 tax years with respect to the Stock Loan transactions (the "1999-2000 Refund Claims"). The 1999-2000 Refund Claims are attached as Exhibits A and B, and each of the statements and contentions set forth in the 1999-2000 Refund Claims are incorporated by reference.

26.    More than 120 days have passed since Plaintiff properly filed the 1999-2000 Refund Claims, and the IRS has not yet responded to the claims. Accordingly, under 11 U.S.C. § 505(a)(2)(B)(i), this Court has jurisdiction to determine the amount of any refund relating to the 1999-2000 Refund Claims. No judicial or administrative tribunal of competent jurisdiction has yet adjudicated the claims.

27.     Although Plaintiff has demanded refunds of the amounts claimed in the 1999-2000 Refund Claims, no part of the taxes, penalties, or interest paid has been credited, remitted, refunded, or repaid to Plaintiff or to anyone on its account.

28.     Plaintiff has made no transfer or assignment of all or any part of the claims for relief described herein and is the sole and absolute owner of the claims.

## COUNT ONE

### Erroneous Denial of Foreign Tax Credits (1999)

29.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28.

30.     On September 15, 2000, Plaintiff filed its 1999 Tax Return and claimed $45,859,270 in Credits associated with the Stock Loan transactions.

31.     The IRS erroneously disallowed all $45,859,270 of Credits claimed by Plaintiff on its 1999 Tax Return in connection with the Stock Loan transactions.  As a result of the disallowance of the Credits and the corresponding income adjustment, Plaintiff's tax liability for the 1999 tax year was increased by $29,808,526.

32.     Plaintiff properly claimed the Credits pursuant to 26 U.S.C. § 901, Articles 10(2)(a)(ii) and 23 of the U.S.-U.K. Tax Treaty, and IRS administrative guidance.

33.     Plaintiff properly substantiated its claim to the Credits under 26 U.S.C. § 905(b).

34.     Accordingly, Plaintiff is entitled to a refund of $29,808,526 for the 1999 tax year, together with deficiency interest assessed on this amount paid by Plaintiff plus overpayment interest on the amounts to be refunded, or such greater amount as is legally refundable.

## COUNT TWO

### Erroneous Denial of Foreign Tax Credits (2000)

35.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34.

36.     On October 22, 2001, Plaintiff filed its 2000 Tax Return and claimed $95,553,341 in Credits associated with the Stock Loan transactions.

37.     The IRS erroneously disallowed all $95,553,341 of Credits claimed by Plaintiff on its 2000 Tax Return in connection with the Stock Loan transactions.  As a result of the disallowance of the Credits and the corresponding income adjustment, Plaintiff's tax liability for the 2000 tax year was increased by $62,109,672.

38.     Plaintiff properly claimed the Credits pursuant to 26 U.S.C. § 901, Articles 10(2)(a)(ii) and 23 of the U.S.-U.K. Tax Treaty, and IRS administrative guidance.

39.     Plaintiff properly substantiated its claim to the Credits under 26 U.S.C. § 905(b).

40.     Accordingly, Plaintiff is entitled to a refund of $62,109,672 for the 2000 tax year, together with deficiency interest assessed on this amount paid by Plaintiff plus overpayment interest on the amounts to be refunded, or such greater amount as is legally refundable.

## COUNT THREE

### Erroneous Assessment of Penalties (1999)

41.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40.

42.     The IRS erroneously imposed accuracy-related penalties pursuant to 26 U.S.C. § 6662 in the amount of $5,961,705 in connection with Plaintiff's reporting of the Stock Loan transactions on its 1999 Tax Return.

43.     Plaintiff is not subject to any 26 U.S.C. § 6662 penalties in connection with the Stock Loan transactions because Plaintiff's tax positions, as set out above, are legally and factually correct.

44.     Plaintiff is not subject to any penalty under 26 U.S.C. § 6662 because Plaintiff had reasonable cause for, and acted in good faith with respect to, its claiming of the Credits.

45.     Plaintiff is not subject to a penalty for a substantial understatement of income tax because Plaintiff had substantial authority for claiming the Credits.

46.     Plaintiff is not subject to a penalty for a substantial understatement of income tax because Plaintiff adequately disclosed the relevant facts affecting its claims to the Credits and had more than a reasonable basis for claiming the Credits.

47.     Plaintiff is not subject to a penalty for a substantial understatement of income tax attributable to a tax shelter because LBI and LBIE entered into the Stock Loan transactions for compelling business reasons.

48.     Plaintiff is not subject to a penalty for negligence because Plaintiff made a reasonable attempt to comply with the Internal Revenue Code and Treasury Regulations and to exercise ordinary and reasonable care in the preparation of its 1999-2000 Tax Returns.

49.     Plaintiff is not subject to a penalty for negligence because Plaintiff had more than a reasonable basis for claiming the Credits.

50.     Plaintiff is not subject to a penalty for disregard of rules or regulations because Plaintiff did not carelessly, recklessly, or intentionally disregard any rule or regulation when it claimed the Credits.

51.     Plaintiff is not subject to a penalty for disregard of rules or regulations because Plaintiff adequately disclosed the Credits.

52.     Accordingly, Plaintiff is entitled to a refund of $5,961,705 for the 1999 tax year, together with interest assessed on this amount paid by Plaintiff plus overpayment interest on the amounts to be refunded, or such greater amount as is legally refundable.

## COUNT FOUR

### Erroneous Assessment of Penalties (2000)

53.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 52.

54.     The IRS erroneously imposed accuracy-related penalties pursuant to 26 U.S.C. § 6662 in the amount of $12,421,934 in connection with Plaintiff's reporting of the Stock Loan transactions on its 2000 Tax Return.

55.     For the reasons stated in paragraphs 43 through 51, Plaintiff is entitled to a refund of $12,421,934 for the 2000 tax year, together with interest assessed on this amount paid by Plaintiff plus overpayment interest on the amounts to be refunded, or such greater amount as is legally refundable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1.     On the claim for relief in Count One, judgment in favor of Plaintiff against Defendant in the amount of $29,808,526 plus deficiency interest assessed on this amount paid by Plaintiff and overpayment interest on the amounts to be refunded, or such greater amount as is legally refundable.

2.     On the claim for relief in Count Two, judgment in favor of Plaintiff against Defendant in the amount of $62,109,672 plus deficiency interest assessed on this amount paid by

Plaintiff and overpayment interest on the amounts to be refunded, or such greater amount as is legally refundable.

3. On the claim for relief in Count Three, judgment in favor of Plaintiff against Defendant in the amount of $5,961,705 plus interest assessed on this amount paid by Plaintiff and overpayment interest on the amounts to be refunded, or such greater amount as is legally refundable.

4. On the claim for relief in Count Four, judgment in favor of Plaintiff against Defendant in the amount of $12,421,934 plus interest assessed on this amount paid by Plaintiff and overpayment interest on the amounts to be refunded, or such greater amount as is legally refundable.

5. Plaintiff's costs of this action and such other relief as the Court deems appropriate.

Respectfully submitted this 13th day of April 2010.

/s/ Shai Y. Waisman

BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001
Rajiv Madan
Christopher P. Bowers
Kiara L. Rankin
(Admissions *pro hac vice* pending)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Plaintiff

# Exhibit A

| Form **1120X** (Rev. January 2008) Department of the Treasury Internal Revenue Service | **Amended U.S. Corporation Income Tax Return** | OMB No. 1545-0132 |
|---|---|---|

**For tax year ending** ▶ ...... 12/99 ......
(Enter month and year.)

| | |
|---|---|
| Name | Employer identification number |
| **Please Type or Print** Lehman Brothers Holdings Inc. & Subsidiaries | 13 : 3216325 |
| Number, street, and room or suite no. (If a P.O. box, see instructions.) 70 Hudson Street | |
| City or town, state, and ZIP code Jersey City, NJ, 07302 | Telephone number (optional) ( ) |

Enter name and address used on original return (If same as above, write "Same.")

Lehman Brothers Holdings Inc. & Subsidiaries, 101 Hudson St. 39th Floor - Corporate Tax Dept., Jersey City, NJ, 07302-3988

Internal Revenue Service Center
where original return was filed    Holtsville, NY

## Fill in applicable items and use Part II on the back to explain any changes

| **Part I** | Income and Deductions (see instructions) | | (a) As originally reported or as previously adjusted | (b) Net change— increase or (decrease)— explain in Part II | (c) Correct amount |
|---|---|---|---|---|---|
| 1 | Total income (Form 1120 or 1120-A, line 11) . . . | 1 | 20,684,086,509 | 11,747,694 | 20,695,834,203 |
| 2 | Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) . . . . . . . | 2 | 19,685,070,702 | 68,704,121 | 19,753,774,823 |
| 3 | Taxable income. Subtract line 2 from line 1 . . . . | 3 | 999,015,807 | -56,956,427 | 942,059,380 |
| 4 | Tax (Form 1120, line 31, or Form 1120-A, line 27) . . | 4 | 177,533,397 | -105,473,717 | 72,059,680 |

### Payments and Credits (see instructions)

| | | | | |
|---|---|---|---|---|
| 5a | Overpayment in prior year allowed as a credit . . . | 5a | | |
| b | Estimated tax payments . . . . . . . . . | 5b | 32,500,000 | 32,500,000 |
| c | Refund applied for on Form 4466 . . . . . . . | 5c | | |
| d | Subtract line 5c from the sum of lines 5a and 5b . . | 5d | 35,500,000 | 32,500,000 |
| e | Tax deposited with Form 7004 . . . . . . . | 5e | | |
| f | Credit from Form 2439 . . . . . . . . . . | 5f | | |
| g | Credit for federal tax on fuels and other refundable credits . . . . . . . . . . . . . . . | 5g | | |
| 6 | Tax deposited or paid with (or after) the filing of the original return . . . . . . . . . . . | 6 | | 159,012,358 |
| 7 | Add lines 5d through 6, column (c) . . . . . . . . . . . . . . . . . . . | 7 | | 191,512,358 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted . . . . . . . . . | 8 | | 13,978,961 |
| 9 | Subtract line 8 from line 7 . . . . . . . . . . . . . . . . . . . . . . | 9 | | 177,533,397 |

### Tax Due or Overpayment (see instructions)

| | | | |
|---|---|---|---|
| 10 | **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the **"United States Treasury"**. . . . . . . . . . . . . . . . . . . . . . . . . ▶ | 10 | |
| 11 | **Overpayment.** Subtract line 4, column (c), from line 9 . . . . . . . . . . . . ▶ | 11 | 105,473,717 |
| 12 | Enter the amount of line 11 you want: **Credited to 20___ estimated tax** ▶    **Refunded** ▶ | 12 | 105,473,717 |

| **Sign Here** | Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. | | |
|---|---|---|---|
| | Signature of officer | Date 12/10/08 | Title |

| **Paid Preparer's Use Only** | Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code ▶ | | EIN | |
| | | | Phone no. ( ) | |

For Privacy Act and Paperwork Reduction Act Notice, see page 4.    Cat. No. 11530Z    Form **1120X** (Rev. 1-2008)

| Part II | Explanation of Changes to Items in Part I (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.) |

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

See attached for explanation of changes:

COLI Interest Deduction -- Tab A

Stock Loan Transactions -- Tab B

Voucher Transactions -- Tab C

Brazil Sweet River Transactions -- Tab D

Double-Reporting of Income (Reversal of Equity Pick-Up) -- Tab E

Disallowance of Mark-to-Market Adjustment -- Tab F

Form **843**

(Rev. February 2008)

Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 if your claim or request involves:

  **(a)**   a refund of one of the taxes (other than income taxes) shown on line 3,

  **(b)**   an abatement of employment or certain excise taxes, or

  **(c)**   a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

**Do not** use Form 843 if your claim or request involves:

  **(a)**   an overpayment of income taxes (use the appropriate amended income tax return),

  **(b)**   a refund of excise taxes based on the nontaxable use or sale of fuels, or

  **(c)**   an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name(s) Lehman Brothers Holdings Inc. & Subsidiaries | Your social security number |
|---|---|
| Address (number, street, and room or suite no.) 70 Hudson Street | Spouse's social security number |
| City or town, state, and ZIP code Jersey City, NJ, 07302 | Employer identification number (EIN) 13 : 3216325 |
| Name and address shown on return if different from above | Daytime telephone number ( ) |

| 1 | **Period.** Prepare a separate Form 843 for each tax period From 01 / 01 / 1999 to 12 / 31 / 1999 | 2 | **Amount** to be refunded or abated $ 10,912,900 |
|---|---|---|---|

**3**  **Type of tax.** Indicate the type of tax to be refunded or abated or to which the interest, penalty, or addition to tax is related.

  ☐ Employment    ☐ Estate    ☐ Gift    ☐ Excise (see instructions)    ☑ Income

**4**  **Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: _____ **6662**

**5a**  **Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)

  ☐ Interest was assessed as a result of IRS errors or delays.

  ☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.

  ☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

  **b**  Dates of payment ▶ _____ Various

**6**  **Original return.** Indicate the type of return filed to which the tax, interest, penalty, or addition to tax relates.

  ☐ 706    ☐ 709    ☐ 940    ☐ 941    ☐ 943    ☐ 945

  ☐ 990-PF    ☐ 1040    ☑ 1120    ☐ 4720    ☐ Other (specify) ▶

**7**  **Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

See attached for detailed explanations:

Stock Loan Transactions -- Tab B
Voucher Transactions -- Tab C

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)          Date 12/10/08

Signature (spouse, if joint return)          Date

| Paid Preparer's Use Only | Preparer's signature ▶ | | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code | | | EIN | |
| | | | | Phone no. | ( ) |

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**    Cat. No. 10180R    Form **843** (Rev. 02-2008)

# LEHMAN BROTHERS HOLDINGS, INC. AND SUBSIDIARIES

## Claim for Refund:  Stock Loan Transactions

**Tax Year:**  1999
**Tax:**  $29,808,526
**Estimated Penalty:**  $5,961,705
**Total Amount of Claim for Refund:**  $35,770,231 and interest thereon or such greater amount of taxes, penalties, and interest as is legally refundable.

## Procedural Background

During the Internal Revenue Service's ("IRS") examination of the consolidated income tax return of Lehman Brothers Holdings Inc. and subsidiaries ("Lehman") for tax year 1999, the IRS Examination division ("Exam") disallowed foreign tax credits claimed pursuant to the U.S. – U.K. Income Tax Treaty of 1975 (the "Treaty") in its Revenue Agent's Report, Issue Nos. IE-14 (May 15, 2006) and IE-27 (May 15, 2006).  Exam imposed a penalty under section 6662 with respect to the underpayment of tax resulting from the disallowed amounts.  *See* Revenue Agent's Report, Issue No. IE-24 (May 15, 2006).  Lehman timely filed a protest, and the issue was considered by the Appeals division of the IRS ("Appeals").  Because the parties were unable to resolve the issue, Lehman agreed to the disallowance of the foreign tax credits and imposition of penalties, but reserved the right to file a claim for refund or to sue for refund in the settlement reached with Appeals for the 1997-2000 audit cycle executed on a Form 870-AD dated June 13, 2008.  Lehman has paid the increased taxes resulting from the disallowance and now files this claim for refund seeking to recover those taxes, penalties, and interest.  This claim sets forth a statement of the facts and the legal grounds for recovery.

## Statement of Facts

During the period at issue, Lehman Brothers International (Europe) ("LBIE"), a U.K. corporation, was Lehman's flagship broker-dealer in Europe.[1]  Lehman Brothers Inc. ("LBI"), a U.S. corporation, was Lehman's flagship broker-dealer in the United States.

In the transactions at issue, LBIE borrowed from LBI publicly traded U.K. equities pursuant to a stock lending arrangement.  In a stock lending arrangement, one party borrows stock from another party, and the borrower promises to (1) return the stock on a later date, (2) pay a fee for such borrowing, and (3) remit to the stock lender any payments made with respect to the borrowed stock.  To the extent that a stock loan extended over a dividend record date, LBIE paid LBI amounts measured by reference to any dividends paid by the underlying U.K. corporation that was the subject of the stock lending arrangement.  Such payments determined by reference to the underlying dividends are customarily referred to as "substitute dividend payments."  During 1999 and 2000, LBIE and LBI entered into hundreds of such stock lending

---

[1] For purposes of this claim for refund, we refer to certain activities as those of LBIE, even though LBIE was a disregarded entity for U.S. federal income tax purposes wholly owned by Lehman Brothers Holdings PLC, a U.K. corporation, during the period at issue here.

transactions over U.K. equities, and LBI received substantial substitute dividend payments from LBIE pursuant to such stock lending arrangements.

The substitute dividend payments from LBIE to LBI gave rise to foreign tax credits pursuant the terms of the Treaty that Lehman claimed against its U.S. federal income tax liability. In particular, the relevant provisions of the Treaty and U.K. law created the following rights and obligations when LBI received a substitute dividend payment from LBIE with respect to borrowed U.K. stock: (1) LBI was entitled to a credit or equivalent cash payment from the U.K. government calculated pursuant to the Treaty and U.K. law (the "U.K. Cash Payment"); (2) the U.K. government was permitted by the Treaty to withhold from the U.K. Cash Payment an amount calculated by reference to the substitute dividend payment and the U.K. Cash Payment to which LBI was entitled (the "Treaty Withholding Tax"); (3) LBI used the U.K. Cash Payment due from the U.K. government to satisfy fully the Treaty Withholding Tax due to the U.K. government; and (4) pursuant to the express terms of the Treaty (and also recognized by IRS administrative guidance), Lehman was entitled to credit the Treaty Withholding Tax described above against its U.S. tax liability for U.S. federal income tax purposes.

**Grounds for Recovery**

Lehman's liability for Treaty Withholding Taxes in the amount of $45,859,270 imposed pursuant to the Treaty with respect to substitute dividend payments made by LBIE to LBI was creditable against its U.S. federal income taxes pursuant to the express provisions of the Treaty and the Code. Section 901(k) of the Code does not apply to deny Lehman the foreign tax credits claimed for these taxes, and the foreign tax credits claimed are not limited by section 904. Further, Lehman amply substantiated its claim to these foreign tax credits under section 905(b). Finally, Lehman is not subject to a section 6662(a) penalty because there is sufficient authority (including the plain meaning of the applicable Treaty and Code provisions and regulations thereunder) to sustain Lehman's position and Lehman can otherwise demonstrate reasonable cause under section 6664.

Lehman seeks a refund of tax in the amount of $29,808,526 plus penalties in the amount of $5,961,705 and interest on such amounts, or such greater amount of taxes, penalties, and interest as is legally refundable. To the extent that the substituted dividend payments are treated as dividends for U.S. federal tax purposes, Lehman seeks a refund of tax, interest, and penalties attributable to any corresponding adjustments to Lehman's consolidated taxable income that should be made. Pursuant to the provisions of Revenue Procedure 2000-26, 2000-1 C.B. 1257, Lehman requests the IRS to apply the net interest rate of zero in section 6621(d) to the tax years 1997, 1998, 1999 and 2000, as well as all other tax years that are open for such purposes on December 9, 2008.

# Exhibit B

Form **1120X**
(Rev. January 2008)
Department of the Treasury
Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

**For tax year ending**
▶ ........12/00.............
(Enter month and year.)

| Please Type or Print | Name | Employer identification number |
|---|---|---|
| | Lehman Brothers Holdings Inc. & Subsidiaries | 13 : 3216325 |
| | Number, street, and room or suite no. (If a P.O. box, see instructions.) | |
| | 70 Hudson Street | |
| | City or town, state, and ZIP code | Telephone number (optional) |
| | Jersey City, NJ, 07302 | ( ) |

Enter name and address used on original return (If same as above, write "Same.")

Lehman Brothers Holdings Inc. & Subsidiaries, 101 Hudson St. 39th Floor - Corporate Tax Dept., Jersey City, NJ 07302-3988

Internal Revenue Service Center
where original return was filed ▶ Holtsville, NY

## Fill in applicable items and use Part II on the back to explain any changes

| **Part I** | Income and Deductions (see instructions) | | (a) As originally reported or as previously adjusted | (b) Net change— increase or (decrease)— explain in Part II | (c) Correct amount |
|---|---|---|---|---|---|
| 1 | Total income (Form 1120 or 1120-A, line 11) | 1 | 28,547,072,346 | 141,252,307 | 28,688,324,653 |
| 2 | Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 27,215,609,537 | 77,652,656 | 27,293,262,193 |
| 3 | Taxable income. Subtract line 2 from line 1 | 3 | 1,331,462,809 | 63,599,651 | 1,395,062,460 |
| 4 | Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 222,277,957 | -121,063,360 | 101,214,597 |

### Payments and Credits (see instructions)

| | | | | |
|---|---|---|---|---|
| 5a | Overpayment in prior year allowed as a credit | 5a | 8,000,000 | 8,000,000 |
| b | Estimated tax payments | 5b | 32,000,000 | 32,000,000 |
| c | Refund applied for on Form 4466 | 5c | | |
| d | Subtract line 5c from the sum of lines 5a and 5b | 5d | 40,000,000 | 40,000,000 |
| e | Tax deposited with Form 7004 | 5e | | |
| f | Credit from Form 2439 | 5f | | |
| g | Credit for federal tax on fuels and other refundable credits | 5g | | |
| 6 | Tax deposited or paid with (or after) the filing of the original return | | 6 | 192,460,114 |
| 7 | Add lines 5d through 6, column (c) | | 7 | 232,460,114 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted | | 8 | 10,182,157 |
| 9 | Subtract line 8 from line 7 | | 9 | 222,277,957 |

### Tax Due or Overpayment (see instructions)

| | | | |
|---|---|---|---|
| 10 | **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the **"United States Treasury"** ▶ | 10 | |
| 11 | **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 121,063,360 |
| 12 | Enter the amount of line 11 you want: **Credited to 20___ estimated tax ▶** _____ **Refunded ▶** | 12 | 121,063,360 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Signature of officer | Date 12/10/08 | Title |
|---|---|---|

**Paid Preparer's Use Only**

| Preparer's signature | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code ▶ | | EIN | |
| | | Phone no. ( ) | |

For Privacy Act and Paperwork Reduction Act Notice, see page 4.     Cat. No. 11530Z     Form **1120X** (Rev. 1-2008)

**Part II**     **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . . . . . . . . . . . . . . . . . . . ▶ ☐

See attached for explanation of changes:

COLI Interest Deduction -- Tab A

Stock Loan Transactions -- Tab B

Voucher Transactions -- Tab C

Brazil Sweet River Transactions -- Tab D

Brazil Direct Holding Transactions -- Tab E

Double-Reporting of Income (Reversal of Equity Pick-Up) -- Tab F

Form **843**
(Rev. February 2008)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 if your claim or request involves:

(a) a refund of one of the taxes (other than income taxes) shown on line 3,
(b) an abatement of employment or certain excise taxes, or
(c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

**Do not** use Form 843 if your claim or request involves:

(a) an overpayment of income taxes (use the appropriate amended income tax return),
(b) a refund of excise taxes based on the nontaxable use or sale of fuels, or
(c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name(s) | |
|---|---|
| Lehman Brothers Holdings Inc. & Subsidiaries | Your social security number |
| Address (number, street, and room or suite no.) | |
| 70 Hudson Street | Spouse's social security number |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| Jersey City, NJ, 07302 | 13 : 3216325 |
| Name and address shown on return if different from above | Daytime telephone number ( ) |

**1 Period.** Prepare a separate Form 843 for each tax period
From 01 / 01 / 2000 to 12 / 31 / 2000

**2 Amount** to be refunded or abated
$ 18,528,177

**3 Type of tax.** Indicate the type of tax to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions) ☑ Income

**4 Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: _____ 6662 _____

**5a Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)
☐ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b** Dates of payment ▶ _____ Various

**6 Original return.** Indicate the type of return filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945
☐ 990-PF ☐ 1040 ☑ 1120 ☐ 4720 ☐ Other (specify) ▶

**7 Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

See attached for detailed explanations:

Stock Loan Transactions -- Tab B
Voucher Transactions -- Tab C

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) _____ Date 12/10/08

Signature (spouse, if joint return) _____ Date

| Paid Preparer's Use Only | Preparer's signature ▶ | | Date | | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code ▶ | | | | EIN | |
| | | | | | Phone no. | ( ) |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions. Cat. No. 10180R Form **843** (Rev. 02-2008)

# LEHMAN BROTHERS HOLDINGS, INC. AND SUBSIDIARIES

## Claim for Refund:  Stock Loan Transactions

**Tax Year:**  2000
**Tax:**  $62,109,672
**Estimated Penalty:**  $12,421,934
**Total Amount of Claim for Refund:** $74,531,606 and interest thereon or such greater amount of taxes, penalties, and interest as is legally refundable.

## Procedural Background

During the Internal Revenue Service's ("IRS") examination of the consolidated income tax return of Lehman Brothers Holdings Inc. and subsidiaries ("Lehman") for tax year 2000, the IRS Examination division ("Exam") disallowed foreign tax credits claimed pursuant to the U.S. – U.K. Income Tax Treaty of 1975 (the "Treaty") in its Revenue Agent's Report, Issue Nos. IE-14 (May 15, 2006) and IE-27 (May 15, 2006).  Exam imposed a penalty under section 6662 with respect to the underpayment of tax resulting from the disallowed amounts.  *See* Revenue Agent's Report, Issue No. IE-24 (May 15, 2006).  Lehman timely filed a protest, and the issue was considered by the Appeals division of the IRS ("Appeals").  Because the parties were unable to resolve the issue, Lehman agreed to the disallowance of the foreign tax credits and imposition of penalties, but reserved the right to file a claim for refund or to sue for refund in the settlement reached with Appeals for the 1997-2000 audit cycle executed on a Form 870-AD dated June 13, 2008.  Lehman has paid the increased taxes resulting from the disallowance and now files this claim for refund seeking to recover those taxes, penalties, and interest.  This claim sets forth a statement of the facts and the legal grounds for recovery.

## Statement of Facts

During the period at issue, Lehman Brothers International (Europe) ("LBIE"), a U.K. corporation, was Lehman's flagship broker-dealer in Europe.[1]  Lehman Brothers Inc. ("LBI"), a U.S. corporation, was Lehman's flagship broker-dealer in the United States.

In the transactions at issue, LBIE borrowed from LBI publicly traded U.K. equities pursuant to a stock lending arrangement.  In a stock lending arrangement, one party borrows stock from another party, and the borrower promises to (1) return the stock on a later date, (2) pay a fee for such borrowing, and (3) remit to the stock lender any payments made with respect to the borrowed stock.  To the extent that a stock loan extended over a dividend record date, LBIE paid LBI amounts measured by reference to any dividends paid by the underlying U.K. corporation that was the subject of the stock lending arrangement.  Such payments determined by reference to the underlying dividends are customarily referred to as "substitute dividend payments."  During 1999 and 2000, LBIE and LBI entered into hundreds of such stock lending

---

[1] For purposes of this claim for refund, we refer to certain activities as those of LBIE, even though LBIE was a disregarded entity for U.S. federal income tax purposes wholly owned by Lehman Brothers Holdings PLC, a U.K. corporation, during the period at issue here.

transactions over U.K. equities, and LBI received substantial substitute dividend payments from LBIE pursuant to such stock lending arrangements.

The substitute dividend payments from LBIE to LBI gave rise to foreign tax credits pursuant the terms of the Treaty that Lehman claimed against its U.S. federal income tax liability.  In particular, the relevant provisions of the Treaty and U.K. law created the following rights and obligations when LBI received a substitute dividend payment from LBIE with respect to borrowed U.K. stock:  (1) LBI was entitled to a credit or equivalent cash payment from the U.K. government calculated pursuant to the Treaty and U.K. law (the "U.K. Cash Payment"); (2) the U.K. government was permitted by the Treaty to withhold from the U.K. Cash Payment an amount calculated by reference to the substitute dividend payment and the U.K. Cash Payment to which LBI was entitled (the "Treaty Withholding Tax"); (3) LBI used the U.K. Cash Payment due from the U.K. government to satisfy fully the Treaty Withholding Tax due to the U.K. government; and (4) pursuant to the express terms of the Treaty (and also recognized by IRS administrative guidance), Lehman was entitled to credit the Treaty Withholding Tax described above against its U.S. tax liability for U.S. federal income tax purposes.

**<u>Grounds for Recovery</u>**

Lehman's liability for Treaty Withholding Taxes imposed on $95,553,341 of substitute dividend payments made by LBIE to LBI was creditable against its U.S. taxes under the express provisions of the Treaty and the Code.  Section 901(k) of the Code does not apply to deny Lehman the foreign tax credits claimed for these taxes, and the foreign tax credits claimed are not limited by section 904.  Further, Lehman amply substantiated its claim to these foreign tax credits under section 905(b).  Finally, Lehman is not subject to a section 6662(a) penalty because there is sufficient authority (including the plain meaning of the applicable Treaty and Code provisions and regulations thereunder) to sustain Lehman's position and Lehman can otherwise demonstrate reasonable cause under section 6664.

Lehman seeks a refund of tax in the amount of $62,109,672 plus penalties in the amount of $12,421,934 and interest on such amounts or such greater amount of taxes, penalties, and interest as is legally refundable.  To the extent that the substituted dividend payments are treated as dividends for U.S. federal tax purposes, Lehman seeks a refund of tax, interest, and penalties attributable to any corresponding adjustments to Lehman's consolidated taxable income that should be made.  Pursuant to the provisions of Revenue Procedure 2000-26, 2000-1 C.B. 1257, Lehman requests the IRS to apply the net interest rate of zero in section 6621(d) to the tax years 1997, 1998, 1999 and 2000, as well as all other tax years that are open for such purposes on December 9, 2008.