**Exhibit D**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | BARTHOLOMEW COUNTY SUPERIOR COURT |
| | )SS: | |
| COUNTY OF BARTHOLOMEW | ) | CAUSE NO.: 03D01-0609-MF-1601 |

AURORA LOAN SERVICES, LLC       )
                                )
        Plaintiff               )
                                )
vs.                             )
                                )
DERRICK FOIST and SECRETARY OF  )
HOUSING AND URBAN DEVELOPMENT   )
                                )
        Defendants              )
                                )

**FILED JAN 7 2008 IN OPEN COURT BARTHOLOMEW SUPERIOR CT NO. 1**

## AGREED JUDGMENT AND DECREE OF FORECLOSURE

Comes now the Plaintiff, Aurora Loan Services, LLC, (hereafter referred to as "Plaintiff"), by counsel, and comes now Secretary of Housing and Urban Development (hereafter "HUD"), by counsel, and it appearing to the Court that the following parties in this action are properly before the Court by service of process pursuant to Trial Rule 4 of the Indiana Rules of Procedure in that the summonses and the returns endorsed thereon show that summons were served upon Derrick Foist and HUD.

And it appearing that this cause came pursuant to Plaintiff's application for default, which application was previously filed with this Court and which application states that service has matured a sufficient time to place Derrick Foist in default for his failure to appear or file a responsive pleading herein.

And it further appearing to the Court by the affidavit, which affidavit was previously filed with this Court and which affidavit states that Derrick Foist is not an infant, incompetent or engaged in the military service of the United States of America.

And Derrick Foist is now placed in default herein.

And the Court, having reviewed the pleadings filed herein and being duly advised in the premises, now finds for the Plaintiff that the allegations of Plaintiff's Complaint are true, and that the prayer thereof should be granted, and that there is due Plaintiff from Derrick Foist, on the cause of action sued upon, the sum of $99,987.68 as of July 31, 2007. The sum of $99,987.68 consists of $98,481.68, in principal, accrued but unpaid interest, late fees, and advances of the Note, as of July 31, 2007; plus title search costs in the sum of $301.00; plus filing fee costs of $155.00; plus attorney's fees of $1,050.00. Plaintiff shall also be entitled to interest at the rate set forth in its Note from July 31, 2007, to the date of judgment; plus post-judgment interest; plus all advances made or incurred in the collection of the aforesaid sums, including real estate taxes and insurance, which the Plaintiff incurs in protecting its interest in the Real Estate (hereafter defined) in order to protect its interest herein; and, plus any other further amounts expended by the Plaintiff, all without relief from valuation or appraisement laws.

And the court further finds that the Defendant, HUD has an interest the Real Estate (hereafter defined) by virtue of its Mortgage from Derrick Foist, in the amount of $3,575.70, dated August 20, 2004, and recorded on October 27, 2004, as Instrument No. 200400015182 in the Office of the Recorder of Bartholomew County, Indiana. (hereafter "Second Lien").

Further, the court finds that pursuant to Title 28, United States Code Section 2410, that HUD has the right to redeem the real estate that is the subject of this lawsuit for a period of one (1) year from the date of any sheriff's sale when the sale of the real estate is made to satisfy a lien prior to that of HUD's lien, and requires that a sale made to satisfy a lien inferior to that of HUD be made subject to and without disturbing the lien of HUD, unless HUD consents that the real estate be sold free of its lien and the proceeds divided as the parties may be entitled.

That the Plaintiff is entitled to have its mortgage, as such is set forth in its Complaint, foreclosed as against Derrick Foist and that the lien of the Plaintiff is superior to all other mortgages, liens, interests, and claims.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1. That the Plaintiff be, and it is given an *in-rem* judgment against the Real Estate (hereafter defined) and an *in-personam* judgment against Derrick Foist, on the cause of action sued upon, in the sum of $99,987.68, as of July 31, 2007. Plaintiff shall also be entitled to interest at the rate set forth in its Note from July 31, 2007, to the date of judgment; plus post-judgment interest; plus all advances made or incurred in the collection of the aforesaid sums, including real estate taxes and insurance, which the Plaintiff incurs in protecting its interest in the Real Estate (hereafter defined) in order to protect its interest herein; and, plus any other further amounts expended by the Plaintiff, all without relief from valuation or appraisement laws.

2. That HUD be, and it is given an an *in rem* judgment against the Real Estate (hereafter defined) and an *in personam* judgment against Derrick Foist, on the cause of action sued upon, in the total sum of $ 3,575.70 as of Sept. 11, 2006, plus post-judgment interest, all without relief from valuation or appraisement laws. HUD shall also be entitled to interest at the rate of NA % from NA to the date of judgment, plus post-judgment interest; plus all advances made or incurred in the collection of the aforesaid sums; including real estate taxes, which HUD is required to make in order to protect its interest herein; and, plus any other further amounts expended by HUD, all without relief from valuation or appraisement laws. Further, pursuant to Title 28, United States Code Sec. 2410, that HUD shall be entitled the right to redeem the Real Estate for a period of one (1) year from the date of the sheriff's sale of the Real Estate to redeem the Real Estate to satisfy its lien interest, and requires that a sale of the

Real Estate that is made to satisfy a lien prior to that of HUD's mortgage lien is made without distrubing HUD's lien, unless HUD consents that the Real Estate be sold free of its lien and that proceeds be divided as the parites may be entitled thereto according to their priority.

3. That the mortgage of the Plaintiff be and it hereby is, foreclosed as first and prior lien and the claims and the equity of redemption of Derrick Foist and any persons who might have some possible interest in the real estate described herein, and any and all persons claiming under or through him, hereby is foreclosed and Derrick Foist is forever barred from asserting any right, title or interest in and to the following real estate located in Bartholomew County, Indiana, and any improvements thereon, to-wit:

> Lot Numbered One Hundred Ninety-five (195) in Northbrook, Phase III, as recorded September 30, 1998 in Plat Book "Q", Page 399B in the Office of the Recorder of Bartholomew County, Indiana
>
> Commonly known as 4621 Autumn Ridge Drive, Columbus, IN 47203.
> (hereafter referred to as "Real Estate").

4. That the Real Estate which is the subject of this Judgment and Decree of Foreclosure shall be sold by the Sheriff of Bartholomew County, Indiana, all without relief from valuation or appraisement laws, in order to satisfy the amounts found to be due Plaintiff and HUD, respectively, as soon as the said sale can be had under the laws of this jurisdiction governing the sale of the Real Estate, a proper deed or deeds be issued according to law to the purchaser or purchasers at such sale or sales.

5. That the Plaintiff and HUD be, and they hereby are, empowered to bid for the Real Estate or any part thereof with the indebtedness due Plaintiff or HUD, respectively.

6. That the proceeds of such sale shall be applied first to the costs of this action, next to Plaintiff on its judgment rendered herein, next to HUD pursuant to its Second Lien, and next to those entitled thereto according to their priorities as is later determined by this Court.

7. In the event the proceeds of any sheriff's sale are insufficient to satisfy in full the costs of this action and the amount due to Plaintiff and/or HUD hereunder, the difference between the amount due to Plaintiff and/or HUD at any sheriff's sale and Plaintiff's and/or HUD's actual bid at any sheriff's sale shall establish the personal deficiency judgment against Derrick Foist.

8. That at such time as the Plaintiff or the purchaser of the above described Real Estate may request, the Sheriff of this County shall evict any person or persons occupying the premises herein foreclosed and deliver possession thereof to the purchaser.

9. Plaintiff may cancel the sheriff's sale at any time prior to the scheduled time and date without further order of this Court by providing notification to the Sheriff of Bartholomew County or the Sheriff's representative.

10. Derrick Foist and any and all persons claiming under or through him are hereby enjoined from committing waste upon the Real Estate and from doing any act which may impair the value of the Real Estate, unless said Real Estate is properly redeemed as provided by law.

11. A copy of this Decree of Foreclosure, duly certified by the Clerk of this County, under the seal of this Court, shall be sufficient authority for the Sheriff to proceed as herein directed.

12. This Agreed Judgment may be executed in one or more counterparts, by facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**ORDERED, ADJUDGED AND DECREED:**

Dated this 7th day of January, 2008

_____
Judge, Bartholomew Superior Court

**APPROVED:**

_____
James E. Shinaver, Attorney for Plaintiff

**APPROVED:**

By Timothy M. Morrison, Acting United States Attorney

by Keith W. Lerch, Special Assistant U.S. Attorney

Keith W. Lerch, Attorney for Secretary
of Housing and Urban Development

Distribution:

James E. Shinaver
NELSON & FRANKENBERGER
3105 E. 98th St., Suite 170
Indianapolis, IN 46280

Keith W. Lerch
Department of Housing and Urban Development
Office of Counsel
151 N. Delaware Street
Indianapolis, IN 46204-2520