Christopher R. Belmonte, Esq.
Abigail Snow, Esq.
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, New York 10169
(212) 818-9200

*Counsel for Latshaw Drilling Company, LLC*

Hearing Date: April 14, 2010
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors, | Jointly Administered |

**SUR-RESPONSE OF LATSHAW DRILLING COMPANY, LLC TO DEBTORS'**
**REPLY TO LATSHAW RESPONSE TO OBJECTION TO PROOF OF CLAIM**

Latshaw Drilling Company, LLC ("Latshaw"), by and through its duly authorized attorneys, hereby submits this Sur-Response to the "Reply in Support of Debtor's Objection to Proof of Claim Filed by Latshaw Drilling Company, LLC (Claim No. 18346)," dated April 12, 2010, (Docket No. 8223) (the "Reply"), filed by Lehman Commercial Paper Inc. ("LCPI"), and in support thereof, respectfully represents as follows:

1.  LCPI continues to gloss over its admitted breach of contract which was the direct cause of Latshaw's asserted damages in an attempt to escape any responsibility for its wrongdoing. Indeed, LCPI not only seeks to have Latshaw's claim disallowed and expunged in this Court, it submits an order that it is "forever discharged from any and all indebtedness or liability with respect to Latshaw" without the need for any evidentiary hearing, and forever precluding Latshaw and the United States Bankruptcy Court for the Northern District of Oklahoma from properly determining the extent and validity of LCPI's claim against Latshaw.

800662_1

2. Latshaw respectfully submits that a final determination on the claims of Latshaw against LCPI is premature, and that all of the issues should be developed and litigated. Among the issues which have not been raised, but which Latshaw is examining with the possible intent of amending its objection to LCPI's claim, is whether the Credit Agreement – which LCPI materially breached by failing to honor its commitment and fund a borrowing request – should be rescinded based on LCPI's failure to disclose that it was insolvent at the time it entered into the Credit Agreement and had been insolvent for the preceding three months, and whether that failure constituted fraud in the inducement.[1] Alternatively, LCPI's failure to disclose its insolvency and the risk that it would not be able to honor its commitment to fund could be determined to be bad faith and willful misconduct such that the contract terms limiting Latshaw's damages should not be enforceable. See, Empire One Telecommunications, Inc. v. Verizon New York, Inc., 888 N.Y.S. 2d 714, 723 (N.Y. Sup. 2009)(contractual provision limiting damages would not be enforceable in face of willful misconduct or gross negligence).

3. Latshaw continues to dispute LCPI's characterization that section 2.4 of the Credit Agreement, governing repayment procedures, is determinative of the availability of counterclaims and damages after a material breach. A generally accepted rule of contract construction is that the agreement "must be construed to accord a meaning and purpose to each of its parts" and that Court should avoid an interpretation "which renders a clause absolutely meaningless." Graphic Scanning Corp. v. Citibank, N.A., 116 A.D.2d 22, 25, 499 N.Y.S.2d 712, 714 (N.Y. App. Div. 1986). Latshaw submits that to read the exclusion of setoff and counterclaim and the obligation to repay all amounts due set forth in Article II of the Credit Agreement as applying in the context of a material breach of the Credit Agreement would serve

---

[1] See, "Report of Anton R. Valukas, Examiner," dated March 11, 2010 (the "Examiner's Report") at pp. 1610-1615, and chart on page 1615 showing month-by-month solvency determinations.

to make the waiver of jury trial on counterclaims in § 9.18 meaningless. However, this is not the only issue which has been raised by Latshaw in its objection to LCPI's claim. The Reply is completely silent as to Latshaw's objection to LCPI's attempt to retain the entirety of the $600,000 commitment fee for the Credit Agreement where LCPI funded a mere 7.5% of its commitment. Latshaw has also objected to LCPI's assertion of another approximate $500,000 for costs, fees and expenses due under the Credit Agreement and specifically to the assertion of a claim for LCPI's attorneys' fees where such fees would never have been incurred by LCPI if it were not for LCPI's breach of the Credit Agreement and its subsequent actions which led directly to Latshaw's filing of its own bankruptcy cases in the Northern District of Oklahoma. See, Reply, Ex. A, at ¶¶ 37-39.

4.  By seeking an order determining that LCPI has no liability whatsoever with respect to Latshaw, LCPI is not only seeking to profit from its material breach and its possible fraudulent inducement to enter into the Credit Agreement by forestalling a full trial on the issue of Latshaw's damages, but also to unjustly enrich itself by retaining a commitment fee for which it did not provide commensurate lending (as required by the Credit Agreement), and by seeking to compel Latshaw to pay its attorneys' fees when the fees were only necessitated by LCPI's material breach and ensuing actions.

5.  Latshaw does not dispute LCPI's assertion that the resolution of claims – including claims for setoff and recoupment – are core bankruptcy proceedings. The situation here is unlike those in the cases cited by LCPI. In those cases, the question was whether a creditor asserting a counterclaim or affirmative defense against a debtor was subject to the Court's jurisdiction, and the answer is properly yes. However, the situation here is one of two bankruptcies, in two different districts, with each debtor asserting a claim in the other's bankruptcy case – claims which arise from the same Credit Agreement and are thus inextricably

tied together. The question thus becomes one of the equities of the case in determining before which court the claims should be tried. Latshaw respectfully submits that the proper forum is in the Latshaw case in Oklahoma where LCPI is asserting a claim in excess of $45-million, not in the LCPI case in New York where Latshaw's proof of claim merely seeks to preserve its rights recoup what damages it proves and the court awards against the claim which LCPI has filed in Oklahoma.

6. LCPI has not demonstrated that it will be legally prejudiced by having the resolution of its claim be determined in the Bankruptcy Court for the Northern District of Oklahoma. However, the entry of the order which LCPI seeks – an order which absolves it of <u>any</u> liability with respect to Latshaw – would prejudice Latshaw in that it would compel withdrawal of Latshaw's objection to LCPI's claim in its own case, prohibiting it to address LCPI's claim in any way other than complete acceptance, including even to permitting LCPI to retain 100% of a commitment fee for which LCPI honored a mere 7.5% of its commitment. LCPI's assertion that the claims objection process has not proceeded sufficiently in the Oklahoma Court, because its response is not due until April 26, 2010 and no hearing date has been sought by Latshaw before April 30, 2010 (Reply at ¶ 15), is disingenuous. Under the local practice in Oklahoma a hearing is not scheduled unless and until opposition to the claims objection is filed, and the parties themselves have agreed to adjourn LCPI's time to respond and to refrain from scheduling a hearing date until after the end of this month. LCPI fails to note, however, that the Latshaw case itself has progressed faster than this case, and that Latshaw has already filed its proposed plan of reorganization and disclosure statement. Latshaw submits that given the totality of the circumstances, consent to withdrawal of its claim is appropriate. <u>In re Ogden New York Services, Inc.</u>, 312 B.R. 729, 732 -733 (S.D.N.Y. 2004)("In general,

withdrawal should be granted unless the party opposing the motion can demonstrate that it would be legally prejudiced by the withdrawal").

7. Accordingly, for the reasons stated in Latshaw's original response to the objection of LCPI to its claim and for the reasons stated herein, Latshaw respectfully submits that it should be permitted to withdraw its claim without prejudice to its rights to prove its damages in the Bankruptcy Court for the Northern District of Oklahoma and to recoup its damages against the LCPI claim which has been lodged against it in that Court.

Dated: New York, New York
April 13, 2010

          SATTERLEE STEPHENS BURKE & BURKE LLP
          *Counsel for Latshaw Drilling Company, LLC*

          By:   /s/ Christopher R. Belmonte
                Christopher R. Belmonte, Esq.
                Abigail Snow, Esq.
         230 Park Avenue, Suite 1130
         New York, New York 10169
         (212) 818-9200