**Hearing Date: April 14, 2010 at 10:00 a.m.**

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

and

David S. Cohen
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 835-7586

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                        :
In re:                                  :   Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :   08-13555 (JMP)
                                        :
          Debtors.                      :   (Jointly Administered)
                                        :
------------------------------------------------------------------ X

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF DEBTORS' MOTION, PURSUANT TO SECTION 105 OF
THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND GENERAL
ORDER M-390, AUTHORIZING THE DEBTORS TO IMPLEMENT
CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

    The Official Committee of Unsecured Creditors (the "Committee") appointed in

the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. ("LBHI") and

each of its affiliated chapter 11 debtors, as debtors and debtors in possession (collectively, the

"Debtors"), hereby files this statement (the "Statement") in support of the Debtors' motion, dated

08-13555-mg    Doc 8296    Filed 04/13/10    Entered 04/13/10 18:17:18    Main Document
                                    Pg 2 of 4

March 15, 2010 [Docket No. 7581] (the "Motion"), pursuant to sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Bankruptcy Rule 9014, General Order M-390, authorizing the Debtors to implement claims hearing procedures and alternative dispute resolution procedures (the "Procedures").[1] In support of the Motion, the Committee respectfully states as follows:

## STATEMENT

1.     The Committee supports the relief requested in the Motion because the Procedures, as revised, will provide an economically and judicially efficient means to negotiate and resolve Claims. More than 65,000 Claims have been filed against the Debtors. Many of these claims may be subject to objection. Implementation of the Procedures will avoid what might otherwise lead to an overwhelming volume of costly litigation that would unnecessarily overwhelm judicial and estate resources.[2]

2.     The Debtors have been and continue to work closely with the claimants and related parties in interest that have objected to the Procedures. The Committee is

---

[1]     By the Debtors' Omnibus Response to Objections to Debtors' Motion to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors dated April 13, 2010 [Docket No. 8277], the Debtors filed revised proposed procedures with the Court.

[2]     Indeed, the Court has already granted a motion implementing similar procedures with regard to derivatives transactions. Specifically, on September 17, 2009, the Court entered an order approving alternative dispute resolution procedures (the "Derivatives ADR Procedures") for affirmative claims of debtors under derivative contracts [Docket No. 5207]. The Court found that substantial value may be recovered for the Debtors' estates, and judicial efficiency may be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation.

Moreover, on March 31, 2010, the Court entered an order approving certain procedures (the "Settlement Procedures") that authorizes the Debtors, in their reasonable business judgment, to settle the more than 65,000 claims filed against the Debtors' estates and the more than 46,000 claims scheduled by the Debtors (individually, a "Claim" and collectively, "Claims") [Docket No. 7936]. The Committee actively negotiated with the Debtors in formulating the Settlement Procedures and the thresholds that trigger the Committee's right to object.

comfortable with and supports the revisions that have been consensually agreed upon as they promote efficiency, fairness and expedient reconciliation of Claims.

       3.       As the fiduciary for all unsecured creditors in these chapter 11 cases, the Committee will perform an important role in the Claims resolution process.  Accordingly, the Committee negotiated with the Debtors the thresholds for Committee involvement during the mediation of Claims provided in the Procedures (the "Thresholds").  The Thresholds (1) require the Committee and Debtors to confer and agree upon the level of participation of the Committee for the mediation of Claims of more than $15 million but equal to or less than $75 million, and (2) provide the Committee sole discretion to participate in the mediation of Claims for more than $75 million.[3]  In addition, the Procedures authorize the Committee to invoke the Procedures to the extent the Committee is pursuing the estate's objection to a Claim.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**CONCLUSION**

For the foregoing reasons, the Committee respectfully requests that the Court grant (i) the relief requested in the Motion; and (ii) such other relief as is just.

Dated: New York, New York
April 13, 2010

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By:  /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

David S. Cohen
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 835-7586

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

---

[3] Should the Thresholds prove to be either inappropriate, the Committee will work with the Debtors to resolve such issues, and if necessary, seek relief from the Court to amend the Procedures.

4