# EXHIBIT G

Third Amended Monthly Compensation Order

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                              :
In re                                         :    **Chapter 11 Case No.**
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    **08-13555 (JMP)**
                                              :
                               Debtors.       :    **(Jointly Administered)**
                                              :
-------------------------------------------------------------------x

## THIRD AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed June 13, 2009 (the "Third Amended

Order"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together

with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 331 of chapter 11 of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to establish procedures for interim

monthly compensation and reimbursement of expenses of professionals (the "Professionals"), all

as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for

Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October

11, 2008 (the "Motion") [Docket No. 833] and the notice of presentment of the proposed Third

Amended Order; and the Court having jurisdiction to consider the proposed Third Amended

Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the proposed Third Amended Order and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the proposed

Third Amended Order having been provided in accordance with the procedures set forth in the

amended order entered February 13, 2009 governing case management and administrative

procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; and (vi) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court

having entered an amended order, dated March 13, 2009 (the "Second Amended Order")

[Docket No. 3102], governing the procedures for interim monthly compensation and

reimbursement of expenses of professionals; and the Court concluded that there is cause to make

certain amendments to the Second Amended Order; and the Court having found and determined

that the relief sought in the proposed Third Amended Order is in the best interests of the Debtors,

their estates and creditors, and all parties in interest and that the legal and factual bases set forth

in the Motion and the proposed Third Amended Order establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Second Amended Order is superseded in its entirety by this

Third Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court

authorizing the retention of specific Professionals, all Professionals in these cases may seek

2

monthly compensation in accordance with the following procedures (the "Interim Compensation Procedures"):

(a)    On or before the **thirtieth (30th)** day of each month following the month for which compensation is sought, each professional seeking compensation, other than a professional retained as an ordinary course professional, will serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery on (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York, 10020 (Attn: John Suckow and David Coles); (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq. and Tracy Hope Davis, Esq.); and (v) Feinberg Rozen, LLP, The Willard Office Building, 1455 Pennsylvania Avenue, NW, Suite 390, Washington, DC 20004-1008 (Attn: Kenneth R. Feinberg, Esq.), Chairperson of the Fee Committee (as defined in the Order Appointing a Fee Committee and Approving a Fee Application Protocol, dated May 26, 2009 [Docket No. 3651]) (the "Notice Parties").

(b)    The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

(c)    Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(d)    Each Notice Party shall have at least **fifteen (15)** days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice

3

Party shall, no later than **the forty-fifth (45th)** day following the month for which compensation is sought, serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)    At the expiration of the **forty-five (45)** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)    If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)    If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)    All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)    The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)    Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "Interim Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date

4

through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Motion.

(k)    The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals. At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)    The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)    Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; *provided, however,* that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

; and it is further

ORDERED that the Debtors shall include all payments to Professionals on their

monthly operating reports, detailed by line item so as to state the amount paid to each of the

Professionals, and detailed so as to state the amount paid to ordinary course professionals (which

may be aggregated into one line item); and it is further

5

ORDERED that any party may object to requests for payments made pursuant to this Third Amended Order, or move to modify or vacate all or certain provisions of this Third Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; *provided, however,* that the inclusion in this Third Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that all time periods set forth in this Third Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York
      June 25, 2009

                                    _s/ James M. Peck_____
                                    UNITED STATES BANKRUPTCY JUDGE