WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                                   :
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :    08-13555 (JMP)
                                                                   :
                                    Debtors.                       :    (Jointly Administered)
-------------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING
JOINT MOTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019 AUTHORIZING LEHMAN BROTHERS INC. TO
ASSIGN ITS CLAIMS AGAINST NEUBERGER BERMAN, LLC IN RESPECT OF
CERTAIN TRANSACTIONS TO LEHMAN BROTHERS COMMERCIAL
CORPORATION IN EXCHANGE FOR AN INDEMNITY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837], dated, February 13, 2009 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On March 24, 2010, Lehman Brothers Commercial Corporation ("LBCC", together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession, the "Debtors") and James W. Giddens, as Trustee for the Securities Investor Protection Act ("SIPA") liquidation of Lehman Brothers Inc, filed a Joint Motion Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing Lehman Brothers Inc. to Assign its Claims Against Neuberger Berman, LLC in Respect of Certain Transactions to LBCC in Exchange for an Indemnity (the "Joint Motion") [Docket No. 7788]. Notice of the Joint Motion was served, in accordance with the procedures set forth in the Amended Case Management Order, on (i) the U.S. Trustee; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.

        2.     In accordance with the Amended Case Management Order, April 7, 2010 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Joint Motion (the "Objection Deadline"). The Debtors agreed to extend the Objection Deadline to April 9, 2010 at 4:00 p.m. (Prevailing Eastern Time) for the Creditors' Committee. The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

        3.     The Objection Deadline has now passed and, to the best of my knowledge, no objections to the Joint Motion have been filed with the Court on the docket of the above-referenced chapter 11 cases in accordance with the procedures set forth in the Amended Case

Management Order, nor has any objection with respect to the Joint Motion been served on Debtors' counsel.

    4.  On April 12, 2010, PNC Bank, National Association ("PNC") filed a statement of PNC's position on the Joint Motion [Docket No. 8225] (the "Statement"), in which PNC specifically stated that it "has no objection to the Joint Motion." The Statement does state that it objects to the Joint Motion's "characterization" of the currency exchange at issue in the adversary proceeding and it does not want its lack of objection to be "construed as an acceptance by PNC of the Joint Motion's characterization of facts at issue in this action." LBCC informed counsel for PNC and hereby acknowledges that the characterization of the currency exchange in the Joint Motion is not binding and that all rights of all of the parties are reserved. LBCC has communicated this acknowledgement to PNC and PNC does not object to the entry of the proposed order approving the Joint Motion by certificate of no objection.

    5.  Accordingly, for the reasons set forth in the Joint Motion, the Debtors respectfully request that the proposed order, annexed hereto as Exhibit A, and unmodified since its filing, be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: April 14, 2010
     New York, New York

/s/ Richard W. Slack
Richard W. Slack
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order – Docket No. 7788)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** <br><br> **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, <br><br>                   **Debtors.** | **Chapter 11 Case No.** <br> **08-13555 (JMP)** <br><br> **(Jointly Administered)** |
| **In re** <br><br> **LEHMAN BROTHERS INC.** <br><br>                   **Debtor.** | **Case No.** <br> **08-01420 (JMP) SIPA** |
| **NEUBERGER BERMAN, LLC,** <br><br>                   **Plaintiff,** <br><br> v. <br><br> **PNC BANK, NATIONAL ASSOCIATION, LEHMAN BROTHERS INC., and LEHMAN BROTHERS COMMERCIAL CORP.,** <br><br>                   **Defendants.** | **Adversary Proceeding No.** <br> **09-01258 (JMP)** |

**ORDER GRANTING JOINT MOTION**
**PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULE 9019 AUTHORIZING LEHMAN BROTHERS INC.**
**TO ASSIGN ITS CLAIMS AGAINST NEUBERGER BERMAN, LLC IN RESPECT**
**OF CERTAIN TRANSACTIONS TO LEHMAN BROTHERS COMMERCIAL**
**CORPORATION IN EXCHANGE FOR A RELEASE AND INDEMNITY**

Upon the motion, dated March 24, 2010 (the "Motion"), of Lehman Brothers Commercial Corporation ("LBCC," together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") and James W. Giddens (the "Trustee"), as Trustee for the Securities Investor Protection Act ("SIPA") liquidation of Lehman Brothers Inc. ("LBI"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and

Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the assignment to LBCC of LBI's claims against Neuberger Berman, LLC in respect of certain transactions, in exchange for a release of LBCC's claims against LBI arising from such transactions, and an indemnity against claims of other persons thereunder (the "Assignment"), together with a proposed order (the "Order"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBCC and LBI, their respective estates, customers and creditors; and LBCC and the Trustee having articulated good, sufficient and sound business justifications for the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Assignment is approved and LBCC and LBI are duly authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Assignment and perform any and all obligations contemplated therein; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that the Trustee and LBI are dismissed from the adversary proceeding captioned *Neuberger Berman, LLC v. PNC Bank, N.A., Lehman Brothers Inc. & Lehman Brothers Commercial Paper* (Case No. 09-01258) (the "Interpleader Action"), that is pending before this Court; and it is further

ORDERED that no reason exists for delay in this Order becoming final pursuant to Federal Rule of Civil Procedure 54(b) as made applicable in this proceeding by Bankruptcy Rule 7054. The Clerk is hereby directed to enter this Order dismissing LBI and the Trustee from the Interpleader Action pursuant to Federal Rule of Civil Procedure 54(b); and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE