**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
      In re:                             :      Chapter 11
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :      Case No. 08-13555 (JMP)
                                         :
                       Debtors.          :      (Jointly Administered)
                                         :
------------------------------------------------------------x
```

### FOURTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD <u>OCTOBER 1, 2009 THROUGH JANUARY 31, 2010</u>

| | |
|---|---|
| Name of Applicant: | <u>FTI Consulting, Inc.</u> |
| Authorized to Provide Professional Services to: | <u>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS, INC., et al.</u> |
| Date of Retention: | <u>September 17, 2008</u> |
| Period for which compensation and reimbursement is sought: | <u>October 1, 2009 to January 31, 2010</u> |

Amount requested in this fee app
    Compensation requested: <u>$9,500,022.29</u>
    Expense reimbursement requested: <u>$199,398.23</u>

Amount previously requested
    Compensation requested: <u>$19,635,796.60</u>
    Expense reimbursement requested: <u>$591,816.09</u>

This is an (a): __X__ Interim _____Final Application

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
          In re:                                            :     Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :     Case No. 08-13555 (JMP)
                                                            :
                              Debtors.                      :     (Jointly Administered)
                                                            :
------------------------------------------------------------x

**FOURTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD
<u>OCTOBER 1, 2009 THROUGH JANUARY 31, 2010</u>**

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisors to the Official

Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc.

("LBHI"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases

(collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates,

("Lehman"), hereby submits its fourth application pursuant to 11 U.S.C. §§330 and 331 for an

interim allowance of compensation for services rendered and for reimbursement of expenses

incurred in these cases.

<u>**INTRODUCTION**</u>

1.     By this application, FTI seeks a fourth interim allowance of compensation

for professional services rendered as financial advisors to the Committee for the period October

1, 2009 through and including January 31, 2010 (the "Fourth Interim Period") in the amount of

$9,500,022.29, representing 21,199.3 hours in professional services, and actual and necessary expenses of $199,398.23. In support of this application, the Applicant represents as follows:

2.    This application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members dated November 5, 2008 (the "Administrative Fee Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of $9,500,022.29 in fees and $199,398.23 for reimbursement of its expenses relating to services rendered on behalf of the Committee during the Fourth Interim Period. Included in the $9,500,022.29 fee amount is $1,900,004.46 that represents the 20% professional fee holdback as required in the Administrative Fee Order for the period of October 1, 2009 through January 31, 2010.

## BACKGROUND

3.    On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.    On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5.     On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.     By an Order dated November 21, 2008, the United States Bankruptcy Court for the Southern District of New York authorized and approved the Committee's retention of FTI *nunc pro tunc* to September 17, 2008. FTI also filed its First Supplemental Affidavit of Michael Eisenband in Support of Application for an Order for Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors on January 23, 2009, a Second Supplemental Affidavit on April 6, 2009, and a Third Supplemental Affidavit on June 19, 2009.

## SUMMARY OF SERVICES RENDERED

7.     The Debtors' chapter 11 cases have presented numerous complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors. The Retention Order authorizes FTI to render essential financial advisory services to the Official Committee of Unsecured Creditors, which included, but were not limited to the following services during the Fourth Interim Period:

### PCD 3 Assessment and Monetization of Remaining Assets

During this fee period, FTI met on a regular basis with the Debtors to discuss the management of certain exposures in the loan portfolio and to develop a strategy to maximize value. FTI spent time reviewing the weekly loan book flash report prepared by the Debtors, participated in the weekly loan book call with the Debtors, reviewed issues surrounding the pledging of loan book trades to third parties, and reviewed related cash flows. FTI also reviewed the Debtor's strategy

4

with the respect to the management of certain exposures in the portfolio and provided feedback

on behalf of the Committee. FTI presented its findings and participated in calls with the Loan

Book Sub-Committee.

### PCD 4 Review, Assessment and Valuation of Real Estate

The Lehman real estate portfolio includes positions in hundreds of properties and development

projects, which span the world with assets in the Americas, Asia, and Europe. The portfolio,

which has invested capital in the tens of billions, has many significant and complex projects,

some of which have more than a billion invested in them individually. The investment positions

that the Debtors maintain in these projects are extremely varied and include all levels of the

projects' capital structure. FTI met on a regular basis with the Debtors' financial advisor,

Alvarez & Marsal ("A&M"), and legacy Lehman real estate employees retained by Lehman to

deal with current pressing real estate issues. Many of these issues pertained to various motions

filed in the case that required positions to be taken by the Committee with others pertaining to

certain funding requirements. FTI undertook numerous detailed reviews of the relevant assets in

the portfolio to assess the reasonableness and accuracy of the Debtors' analysis, and the updated

marks for the various Lehman positions. FTI and its real estate specialists met with various

Lehman Asset Managers to review their assumptions in regard to all aspects of the properties

including projected cash flows, future funding requirements, and potential recoveries. FTI has

presented its findings on a regular basis to both the Committee's Real Estate Sub-Committee and

the full Committee, where appropriate.

## PCD 9 Intercompany Analysis

FTI spent time analyzing intercompany trading activity, including derivatives and structured notes transactions. FTI worked with Debtor personnel to roll forward intercompany non-trading balances for Debtor entities through their respective filing dates. FTI worked with Debtor personnel to analyze certain intercompany general ledger accounts in an attempt to identify and quantify pre-petition accrued interest. Time was also spent participating in meetings and calls between Debtor personnel and foreign administrators regarding the settlement of intercompany balances, preparing a matrix identifying the intercompany balances between Lehman entities to feed into the Committee's recovery model, and analyzing the intercompany concepts of setoff and debt re-characterization to assess the impact on recoveries to creditors. In developing the intercompany matrix, FTI analyzed the pre- and post-petition intercompany balances within the June 30, 2009 balance sheets for the A&M controlled entities and the pre-petition intercompany balances within the Debtor's September 14, 2008 intercompany model for the A&M non-controlled entities. Additionally, FTI worked closely with the Debtor's financial advisors to agree upon proper intercompany balances. FTI attended the October 2009 international protocol meeting in Amsterdam and the January 2010 international protocol meeting in New York, both of which focused largely on the settlement status of intercompany balances. FTI provided periodic reports and presentations to the Committee and Committee's counsel regarding the fore mentioned analyses, meetings and calls.

## PCD 10 Analyze Worldwide Corporate Structure and Debt Structure

FTI spent time analyzing Lehman's complex corporate structure on a consolidated and entity-by-entity basis. FTI spent time meeting with the Debtors to discuss the June 30, 2009 Debtors'

balance sheets, which included the review of the changes in asset and liability balances between December 31, 2008 and June 30, 2009. Time was also spent reviewing the entities listed in Lehman's corporate structure charts to the entities listed in the September 14, 2008, intercompany matrix to begin preparation of the Committee's recovery model.

## PCD 11 Analyze Foreign Administration and Insolvency Proceedings

FTI monitored the performance of the UK administrations, which included the review of the claims made by LBIE and other non-debtor entities against cash that was received into the bank accounts of LBHI. All claim documents were reviewed back to source documents. FTI also assisted in the estimation of the foreign administrator's recovery values for the recovery model which is being developed by Houlihan Lokey and FTI. FTI reviewed balance sheet data at various points in time to analyze the estimated realization values of assets which were considered in light of recoveries of similar assets in other jurisdictions.

Time was also spent meeting with Committee counsel on various matters including the resolution of various intercompany claim positions, the proposed scheme of arrangement for Trust assets in the LBIE administration and the participation in calls with the Debtor and its advisors.

## PCD 12 Analysis/Monitoring of Cash Flow and Liquidity

FTI reviewed the Company's cash and short-term investment position on a weekly basis and the Company's cash flow projections on a quarterly basis. This included developing an understanding of what cash was available at both the Debtor and Non Debtor entities and what cash was segregated and unavailable for use by the Company. FTI attended regular meetings with A&M to discuss the actual weekly cash flow results and prepared reports to the Committee

with details of the Debtors' current cash and short-term investment position. FTI also reviewed and analyzed the three-month cash flow forecast (October 2009 – December 2009) and prepared a summary for the Committee, which included an analysis of the actual versus forecasted results. These services aided the Committee in obtaining a complete understanding of the Company's complex cash flows, financial performance, key business drivers, and areas that needed to be evaluated further (e.g., potential capital calls, hedging opportunities, etc.) in order to ensure that sufficient liquidity was maintained. Time was also spent analyzing the Ginnie Mae investment proposal to enhance returns for excess cash reserves.

### PCD 13 Analyze Employee Compensation

FTI provided support to the Debtors by assisting in the development and review of the employee retention and recruiting plan. Specifically, FTI reviewed updated versions of the employee retention and recruiting plan to analyze employee headcount and related compensation (base, bonus, and severance pay). FTI also spent time reviewing the extension proposals for the various asset groups, which included time spent reviewing the Derivative compensation plan.

### PCD 15 SIPC Related Matters

FTI spent time reviewing the Trustee's Motion to Approve Allocation (the "Allocation Motion'). The Allocation Motion sought to obtain the Bankruptcy Court's approval of the guidelines allocating assets between LBI Customer Assets & Claims and LBI General Estate Assets & Claims. The Trustee alleged that a number of acts/omissions by LBI contributed to the shortfalls within LBI Customer Property. FTI reviewed and analyzed documents related to Phase I of the Allocation Motion. This included Daniel McIssac's Expert Reports and the documents to support the LBI Customer Property shortfalls, which included the FID Security and Cash accounts

maintained and seized by Chase, the 944 and Woodlands account coding errors, Assets Subject

to LBIE Administration, and the FX cash seized by Citibank London during the liquidation of

customer accounts.  FTI drafted summary memorandums for each of these adjustments and

concluded as to how the Trustee should proceed with the allocation to Customer accounts.  Time

was also spent collecting FINRA guidance relating to the 15c3-1 calculations and disciplinary

rulings on similar bank overdrafts at Wachovia and Chase. FTI also attended meetings and

conducted conference calls with counsel, Alvarez & Marsal, and Ernst &Young ('E&Y").  FTI

spent time reviewing audit work papers at E&Y counsel's office to determine if any testing was

performed by E&Y for Chase to be deemed a "good control" location. FTI has further begun the

review of additional adjustments for Phase II of the Allocation Motion including the adjustment

for Customer cash claimed by LBIE, the deposit at the OCC, the overdraft in LBI's main

operating account, and other reserve computation adjustments.

## PCD 16 Review and Development of Plan of Reorganization/Disclosure Statement

FTI was actively involved in the assessment of Plan of Reorganization ("POR") issues, which

included substantive consolidation, the LAMCO concept, and guarantee exposure. FTI spent

time reviewing and documenting the factual investigation for subcon memos prepared by

Counsel and other parties related to subcon, assisting Houlihan Lokey with the substantive

consolidation/recovery model, and reviewing alternate POR structures.

## PCD 19 Operational Wind-down Other

FTI spent time developing the business plan for LAMCO, which included analyzing the asset

management costs for each of the four product classes, and the various functional requirements

needed for LAMCO.   FTI also continued to participate in various work-streams to transition

dependency from the Barclays Transition Services Agreement ("TSA") to an outsourced

provider, LBHI personnel, or wind-down the services altogether. FTI also worked with the

Company to assist in the migration of the non-IT portion of the TSA services.

### PCD 20 IT Systems and Data Preservation

FTI continued to assist A&M with identifying, acquiring, and analyzing data held within the

LBHI systems. Tasks included, but not were not limited to, application and database

preservation for IBM based and Sybase systems; reviewing and cataloging contents of LBHI

legacy databases; acquiring and analyzing all data owned and accessed by custodians; the

aggregation, normalization, and analysis of data associated with collateral investigations.

Additional ad-hoc requests included, but were not limited to development of an application to

automate and QC the migration process, cataloging relevant hard documents, and

acquiring/documenting the associated database, data parsing and normalization, and other

requests from A&M and LBHI in support of data preservation. Time in this code also included

the continued migration of more than 3 terabytes of data which encompasses over 150

applications and 100 databases.

### PCD 21 Claims

FTI worked with the Debtors' Claims Resolution Team to understand their efforts to reconcile,

object to, estimate values, and resolve proofs of claims filed against the Debtors in these Chapter

11 proceedings. To-date, creditors have filed over 65,000 proofs of claim in these cases, each

requiring reconciliation and analysis. FTI has reviewed summaries of the filed claims by

category as well as individual claims filed to determine their validity. FTI has been working

with the Debtors to develop a summary claims report that would present the filed claims in the

most meaningful categories.  FTI has been involved in the review of guarantee claims filed to determine the basis for the guarantee and potential adjustments to the filed claims.

## PCD 22 Assess Proposed Resolution of Derivatives

FTI attended and participated in daily settlement adjudication meetings with the A&M and Lehman Derivative teams to discuss proposed derivatives settlements, and meetings with Derivatives Co-Heads to discuss issues regarding the derivatives portfolio, plus meetings with Natixis and Lehman SPV team to discuss the SPV recovery strategies to approve proposed derivative settlements.  FTI worked with the applicable transactors and traders before and after the settlement adjudication meetings to discuss relevant settlement issues, provide strategic guidance in negotiations with counterparties and independently assessed the value of the swaps and appropriate settlement amounts for certain transactions. During the applicable time period FTI reviewed approximately 172 derivative accounts containing over 20,000 trades  FTI worked with Committee counsel to provide relevant data and information to the Derivatives sub-committee as appropriate and to advise on the mediation process with certain counterparties.

## PCD 25 Analysis of Bankruptcy Filings and Court Documents

FTI assisted Committee counsel with the review and analysis of facts related to various motions that have been filed. In performing these analyses, FTI met with the appropriate Debtor personnel, discussed the costs and benefits of the relief being sought, and reviewed the underlying data and supporting facts.  FTI's involvement with reviewing these motions provided assurance to the Committee as to the propriety of the relief being sought.

**PCD 32 Preparation and Participation in Conference Calls/Meetings With Creditors Committee**

FTI's role included coordinating and fulfilling numerous requests from the Committee for financial and operational data pertaining to the Debtors. FTI worked with Committee counsel in the preparation and presentation of extensive materials for weekly calls with both the full Committee and with the Committee co-chairs regarding updates on derivative positions, real estate positions, cash positions, Bankhaus, capital calls, monthly operating reports, intercompany balances, substantive consolidation, LAMCO, POR and other key issues. FTI also attended three in person meetings with the Debtor and the Committee on November 3, 2009, December 15, 2009, and January 28, 2010.

**PCD 36 Preparation of Fee Expense Application**

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order Pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals dated November 5, 2008. Time in this category includes preparing the Monthly Fee Statements for the fee periods of October 2009 through January 2010, as well as the time spent preparing the Third Interim Application of FTI Consulting, Inc. for Allowance of Compensation and for Reimbursement of Expenses.

**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

8.      All of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee, and not on behalf of any other entity. FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtors' chapter 11 cases and maximization of

value. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically.

9.    During the Fourth Interim Period, FTI professionals expended an aggregate of 21,199.3 hours in rendering services on behalf of the Committee for a total fee of $9,500,022.29. FTI submits that its fee is reasonable for the work performed in these cases and the results obtained.

10.    FTI incurred out-of-pocket expenses of $199,398.23 in connection with the rendition of the professional services described above during this Fourth Interim Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases. All air travel to and from the Debtors' location was necessary and billed at actual coach airfare. Additionally, FTI voluntarily reduced all travel time by 50% during the Fourth Interim Period.

## **APPLICATION**

11.    This Application is made by FTI in accordance with the Guidelines adopted by the Executive Office for the United States Trustees and the Administrative Order. Pursuant to this application, FTI has attached the following exhibits:

A.    Exhibit A -- – Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of Fourth Application of FTI Consulting, Inc;

B.    Exhibit B -- Retention Order dated November 21, 2008 authorizing the employment and retention of FTI Consulting, Inc. effective as of September 17, 2008 to provide professional services as Financial Advisors to the Official Committee of

Unsecured Creditors;

C.      Exhibit C -- Summary of billings and collections for the First, Second, Third, and Fourth Interim Periods;

D.      Exhibit D -- Summary of time and fees by professional;

E.      Exhibit E -- Summary of time by task code;

F.      Exhibit F -- Summary of out of pocket expenses by category incurred during the Fourth Interim Period;

G.      Exhibit G[1] -- Detail of time by task codes, including detailed time entry by professional with description of task performed;

H.      Exhibit H[1] -- Detail of expenses by category and professional incurred during the Fourth Interim Period.

## CONCLUSION

12.      No agreement or understanding exists between FTI and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

13.      No prior application has been made to this or any other Court for the relief requested herein for the Fourth Interim Period.

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

a.   approving the allowance of $9,500,022.29 for compensation for services rendered during the Fourth Interim Period, and reimbursement of $199,398.23 for out of pocket expenses,

b.   directing the payment of such fees by the Debtors, and

c.   granting such other and further relief as this Court may deem just and proper.

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

Dated: New York, New York
      April 14, 2010

FTI Consulting, Inc.
Financial Advisors to the Official Committee of
Unsecured Creditors

By:_____

Michael Eisenband
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 499-3647

# EXHIBIT

## "A"
### Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- x
                                            :
In re:                                      :          Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :          08-13555 (JMP)
                                            :
                    Debtors.                :          (Jointly Administered)
                                            :
------------------------------------------------------- x
```

### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FOURTH APPLICATION OF FTI CONSULTING, INC., FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM <u>OCTOBER 1, 2009 THROUGH AND INCLUDING JANUARY 31, 2010</u>

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's fourth application for allowance of compensation for services rendered and

for reimbursement of expenses, dated April 14, 2010 (the "Application"), for the period of

October 1, 2009 through and including January 31, 2010 (the "Fourth Interim Period") as follows:

    1.   I am the professional designated by FTI in respect of compliance with the Guidelines.

    2.   I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Fourth Interim Period, in accordance with the Local Guidelines.

    3.   In respect of section B.1 of the Local Guidelines, I certify that:

    a.   I have read the Application.

    b.   To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

    c.   Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

    d.   In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

    4.   In respect of section B.2 of the Local Guidelines, I certify that FTI has provided statements of FTI's fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Administrative Fee Order (as defined in the Application).

    5.   In respect of section B.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors, (d) counsel for the Committee (e) the Office of the United States Trustee and the (f) the Fee Committee.

Dated:          New York, New York
                April 14, 2010

FTI Consulting, Inc.
Financial Advisors to the Official Committee
Of Unsecured Creditors

By: _____

Michael Eisenband
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 499-3647

# EXHIBIT

## "B"
### Retention Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------x

### INTERIM ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103 AND FED. R. BANKR. P. 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING INC., AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF SEPTEMBER 17, 2008

Upon the application dated October 21, 2008 (the "Application") of the Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the above-captioned chapter 11 cases of Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Lehman"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for authorization to employ and retain FTI Consulting Inc. ("FTI") as financial advisor for the Creditors' Committee, effective as of September 17, 2008, all as more fully described in the Application; and upon consideration of the Affidavit of Michael Eisenband, Senior Managing Director of FTI, sworn to October 21, 2008 (the "Eisenband Affidavit"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided, and it appearing that no other or further notice need be

provided; and the time for objections to the Application having expired on October 31, 2008,

except for the United States Trustee and the Debtors, whose respective time to object has been

extended on consent, with no objections having been timely filed; and the Court having reviewed

the Application; and the Court having determined that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein and that FTI represents no interest

adverse to the Debtors' estates or to any class of creditors or equity security holders in the

matters upon which FTI is to be engaged and FTI is disinterested within the meaning of 11

U.S.C. § 101(14); and upon all of the proceedings had before the Court, and after due

deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is approved, on an interim basis, effective as of

September 17, 2008, the date on which the Creditors' Committee selected FTI to provide certain

financial advisory services to the Creditors' Committee; and it is further

ORDERED that pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code,

the Creditors' Committee's retention of FTI as its financial advisor in accordance with the

Engagement as set forth in the Eisenband Affidavit is approved to the extent set forth herein on

an interim basis; and it is further

ORDERED that, except as provided herein, FTI shall apply for compensation and

reimbursement in accordance with the procedures set forth in sections 328, 330 and 331 of the

Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, the guidelines

established by the Office of the United States Trustee, and such other procedures as may be fixed

by order of this Court; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the

Engagement shall be made by means of an application (interim or final as the case may be) and

shall be subject to review by the Court to ensure that payment of such indemnity conforms to the

terms of the Engagement and is reasonable based upon the circumstances of the litigation or

settlement in respect of which indemnity is sought, provided, however, that in no event shall FTI

be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any),

gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a

representative of the estate, asserts a claim for, and a court determines by final order that such

claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees

pursuant to the terms of the Engagement, the invoices and supporting time records from such

attorneys shall be included in FTI's own application and such invoices and time records shall be

subject to the United States Trustee's guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331

of the Bankruptcy Code; and it is further

ORDERED that notice of the Application as provided herein and therein shall be

deemed good and sufficient notice of the Application; and it is further

ORDERED that the final hearing to consider entry of an order granting the relief

requested in the Application on a permanent basis shall be held on November 18, 2008 at 10:00

a.m. (prevailing Eastern Time), with no requirement of further notice; and it is further

ORDERED that any objections to entry of an order granting the relief requested

in the Application on a permanent basis by the Debtors or the United States Trustee shall be in

writing, filed with the Court in accordance with General Order M-242 and and served upon (i)

the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza,

New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan

Fleck, Esq., attorneys for the Creditors' Committee; (iii) the Office of the United States Trustee

for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York

10004 Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy

Hope Davis; (iv) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153,

Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline

Marcus, Esq., attorneys for the Debtors; and (v) Cleary Gottlieb LLP, One Liberty Plaza, New

York, NY 10006, Attn: Lindsee P. Granfield, Esq., and Lisa Schweitzer, Esq., and (vi) Sullivan

& Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Robinson B. Lacy, Esq. and

Hydee R. Feldstein, Esq., attorneys for the Debtors' postpetition lenders, so as to be received no

later than 4:00 p.m. (prevailing Eastern Time) on November 13, 2008; and it is further

ORDERED that if prior to the hearing date either no objections to the Application

have been timely filed by either the Debtors of the United States Trustee, or all timely filed

objections have been withdrawn, then an order granting the relief requested on a permanent basis

may be entered without further hearing; and it is further

4

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this interim order.

Dated:  New York, New York
        November 5, 2008

                              *s/ James M. Peck*
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT

## "C"
### Monthly Billing and Collection Summary

EXHIBIT C
LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
SUMMARY OF FEES & EXPENSES BY MONTH
FOR THE FIRST INTERIM PERIOD SEPTEMBER 17, 2008 TO JANUARY 31, 2009

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| First Interim Period | $ 5,261,715.61 | $ 148,515.81 | $ 5,218,571.36 | $ 148,329.28 | $ 5,410,231.42 | $ 5,366,900.64 |

EXHIBIT C
LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
SUMMARY OF FEES & EXPENSES BY MONTH
FOR THE SECOND INTERIM PERIOD FEBRUARY 1, 2009 TO MAY 31, 2009

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Second Interim Period | $ 6,690,011.59 | $ 231,881.68 | $ 6,654,303.20 | $ 231,539.58 | $ 6,921,893.27 | $ 6,885,842.78 |

EXHIBIT C
LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
SUMMARY OF FEES & EXPENSES BY MONTH
FOR THE THIRD INTERIM PERIOD JUNE 1, 2009 TO SEPTEMBER 30, 2009

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Third Interim Period | $ 7,684,069.40 | $ 211,418.60 | $ 7,673,489.59 | $ 210,974.27 | $ 7,895,488.00 | $ 7,884,463.86 |

**EXHIBIT C**

**LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555**

**SUMMARY OF FEES & EXPENSES BY MONTH**

*FOR THE FOURTH INTERIM PERIOD OCTOBER 1, 2009 TO JANUARY 31, 2010*

| | October 1, 2009 - October 31, 2009 | November 1, 2009 - November 30, 2009 | December 1, 2009 - December 31, 2009 | January 1, 2010 - January 31, 2010 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 2,467,795.15 | $ 2,174,665.39 | $ 2,142,163.30 | $ 2,789,981.45 | $ 9,574,605.29 |
| Travel Reduction (50%) | (23,091.75) | (18,833.75) | (13,377.50) | (19,280.00) | (74,583.00) |
| Billed | $ 2,444,703.40 | $ 2,155,831.64 | $ 2,128,785.80 | $ 2,770,701.45 | $ 9,500,022.29 |
| Paid | (1,955,762.72) | (1,724,665.31) | (1,703,028.64) | - | (5,383,456.67) |
| Unpaid | $ 488,940.68 | $ 431,166.33 | $ 425,757.16 | $ 2,770,701.45 | $ 4,116,565.62 |
| | | | | | |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 58,044.20 | $ 47,745.03 | $ 40,688.73 | $ 52,920.27 | $ 199,398.23 |
| Paid | (58,044.20) | (47,745.03) | (40,688.73) | - | (146,477.96) |
| Unpaid | $ - | $ - | $ - | $ 52,920.27 | $ 52,920.27 |
| | | | | | |
| **TOTAL** | | | | | |
| Incurred | $ 2,525,839.35 | $ 2,222,410.42 | $ 2,182,852.03 | $ 2,842,901.72 | $ 9,774,003.52 |
| Total Travel Reduction | (23,091.75) | (18,833.75) | (13,377.50) | (19,280.00) | (74,583.00) |
| Billed | $ 2,502,747.60 | $ 2,203,576.67 | $ 2,169,474.53 | $ 2,823,621.72 | $ 9,699,420.52 |
| Paid | (2,013,806.92) | (1,772,410.34) | (1,743,717.37) | - | (5,529,934.63) |
| Unpaid | $ 488,940.68 | $ 431,166.33 | $ 425,757.16 | $ 2,823,621.72 | $ 4,169,485.89 |
| Total Unpaid | $ 488,940.68 | $ 431,166.33 | $ 425,757.16 | $ 2,823,621.72 | $ 4,169,485.89 |

# EXHIBIT

## "D"
## Summary of Time and Fees by Professional

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| | Argiriou, James | Consultant | $280.00 | 2.0 | $560.00 |
| | Baumkirchner, Michael | Director | $550.00 | 435.7 | $239,635.00 |
| (3) | Baumkirchner, Michael | Director | $620.00 | 155.3 | $96,286.00 |
| (2) | Beloreshki, Tsvetan | Managing Director | $575.00 | 2.1 | $1,207.50 |
| (2) | Blanton, Jeffrey | Consultant | $250.00 | 29.4 | $7,350.00 |
| (2) | Bouchma, Miriam | Director | $455.00 | 458.4 | $208,572.00 |
| | Brodwin, Jahn | Senior Managing Director | $490.00 | 29.1 | $14,259.00 |
| (3) | Brodwin, Jahn | Senior Managing Director | $750.00 | 12.2 | $9,150.00 |
| | Buycks, Amber | Consultant | $280.00 | 1.5 | $420.00 |
| | Chan, Stanley | Director | $455.00 | 323.8 | $147,329.00 |
| | Chen, Iris | Consultant | $290.00 | 1.7 | $493.00 |
| | Cheng, Laura | Senior Consultant | $405.00 | 363.8 | $147,339.00 |
| (3) | Cheng, Laura | Director | $450.00 | 130.0 | $58,500.00 |
| (2) | Chin, Clara | Director | $495.00 | 51.7 | $25,591.50 |
| | Conversano, James | Director | $495.00 | 101.1 | $50,044.50 |
| (2) | Costanzo, Thomas | Consultant | $280.00 | 368.0 | $103,040.00 |
| | Crittenden III, John | Managing Director | $625.00 | 70.0 | $43,750.00 |
| | Darefsky, Robert J. | Senior Managing Director | $825.00 | 205.9 | $169,867.50 |
| (3) | Darefsky, Robert J. | Senior Managing Director | $885.00 | 57.8 | $51,153.00 |
| | Dave, Meghna | Consultant | $240.00 | 38.5 | $9,240.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Davis, Jordan | Senior Consultant | $455.00 | 149.1 | $67,840.50 |
| (3) Davis, Jordan | Senior Consultant | $515.00 | 142.8 | $73,542.00 |
| Dean, Christopher | Director | $615.00 | 430.3 | $264,634.50 |
| (3) Dean, Christopher | Director | $655.00 | 182.7 | $119,668.50 |
| (1) Denyer, Emma | Consultant | $514.26 | 124.0 | $63,768.76 |
| (1) Dewar, Mark | Senior Managing Director | $887.13 | 89.2 | $79,132.32 |
| Djordjevic, Nikola | Senior Consultant | $340.00 | 431.1 | $146,574.00 |
| (2) Djordjevic, Nikola | Director | $415.00 | 148.5 | $61,627.50 |
| Dora, Brian | Consultant | $370.00 | 6.0 | $2,220.00 |
| Eisenband, Michael | Senior Managing Director | $825.00 | 238.0 | $196,350.00 |
| (3) Eisenband, Michael | Senior Managing Director | $885.00 | 79.9 | $70,711.50 |
| Farber, Arnold | Senior Consultant | $420.00 | 499.1 | $209,622.00 |
| (3) Farber, Arnold | Senior Consultant | $480.00 | 180.9 | $86,832.00 |
| Foo, Sandy | Senior Consultant | $420.00 | 518.7 | $217,854.00 |
| (3) Foo, Sandy | Senior Consultant | $480.00 | 195.1 | $93,648.00 |
| French, Jennifer | Director | $615.00 | 404.7 | $248,890.50 |
| (3) French, Jennifer | Director | $655.00 | 110.3 | $72,246.50 |
| Friedland, Deborah | Managing Director | $420.00 | 105.2 | $44,184.00 |
| (3) Friedland, Deborah | Managing Director | $675.00 | 7.3 | $4,927.50 |
| (2) Friedland, Scott | Senior Managing Director | $660.00 | 139.5 | $92,070.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Ghi, Katherine | Consultant | $335.00 | 548.9 | $183,881.50 |
| [3] Ghi, Katherine | Consultant | $370.00 | 87.7 | $32,449.00 |
| Green. Brian | Consultant | $290.00 | 2.0 | $580.00 |
| Green, Jordan | Associate | $220.00 | 364.8 | $80,256.00 |
| [3] Green, Jordan | Consultant | $290.00 | 149.9 | $43,471.00 |
| Greenberg, Mark | Managing Director | $635.00 | 281.7 | $178,879.50 |
| [3] Greenberg, Mark | Managing Director | $695.00 | 141.9 | $98,620.50 |
| Hain. Danielle | Managing Director | $685.00 | 173.4 | $118,779.00 |
| [3] Hain, Danielle | Managing Director | $725.00 | 64.9 | $47,052.50 |
| [3] Heller. Alana | Senior Consultant | $340.00 | 1.5 | $510.00 |
| [1] Hewitt, Kevin | Senior Managing Director | $961.52 | 4.0 | $3,846.10 |
| [3] Hofstad, Ivo | Director | $450.00 | 2.6 | $1,170.00 |
| Hull, Jennifer | Director | $495.00 | 49.0 | $24,255.00 |
| Jelen, Michael | Senior Consultant | $320.00 | 4.8 | $1,536.00 |
| Joffe. Steven | Senior Managing Director | $825.00 | 8.0 | $6,600.00 |
| [3] Joffe, Steven | Senior Managing Director | $885.00 | 9.5 | $8,407.50 |
| Johnston, Cheryl | Paraprofessional | $210.00 | 235.6 | $49,476.00 |
| Kim. Annette | Senior Consultant | $340.00 | 9.8 | $3,332.00 |
| Kim, Jae | Consultant | $280.00 | 276.1 | $77,308.00 |
| [3] Kim, Jae | Senior Consultant | $400.00 | 130.1 | $52,040.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Kim, Jin Tac | Senior Consultant | $480.00 | 73.4 | $35,232.00 |
| [3] Kim, Jin Tae | Senior Consultant | $515.00 | 74.5 | $38,367.50 |
| Korsman, Lynn | Senior Consultant | $455.00 | 506.8 | $230,594.00 |
| [3] Korsman, Lynn | Senior Consultant | $515.00 | 112.4 | $57,886.00 |
| Kream, Benjamin | Consultant | $350.00 | 0.8 | $280.00 |
| [2] Lazzara, Frank | Managing Director | $550.00 | 5.5 | $3,025.00 |
| [2] Lennon, Chad | Consultant | $280.00 | 10.0 | $2,800.00 |
| Leo, Brian | Consultant | $240.00 | 140.6 | $33,744.00 |
| Levenberg, Hal | Consultant | $235.00 | 34.6 | $8,131.00 |
| Lloyd, Brian | Consultant | $335.00 | 2.2 | $737.00 |
| Luchsinger, John | Senior Consultant | $310.00 | 482.9 | $149,699.00 |
| [3] Luchsinger, John | Senior Consultant | $340.00 | 157.9 | $53,686.00 |
| Lyman, Scott | Senior Consultant | $480.00 | 586.5 | $281,520.00 |
| [3] Lyman, Scott | Director | $585.00 | 190.0 | $111,150.00 |
| MacLaverty, Robert | Managing Director | $540.00 | 1.0 | $540.00 |
| Manalo, Caroline | Director | $615.00 | 34.1 | $20,971.50 |
| [3] Manalo, Caroline | Director | $655.00 | 92.3 | $60,456.50 |
| McDonald, Brian | Senior Consultant | $445.00 | 8.0 | $3,560.00 |
| Melchiorre, Amy | Senior Consultant | $340.00 | 45.0 | $15,300.00 |
| Miller, Christopher | Consultant | $235.00 | 555.4 | $130,519.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| [3] | Miller, Christopher | Senior Consultant | $275.00 | 175.4 | $48,235.00 |
| | Moore, Meghan | Consultant | $275.00 | 484.3 | $133,182.50 |
| [3] | Moore, Meghan | Consultant | $295.00 | 156.7 | $46,226.50 |
| | Morris, Caitlin | Consultant | $280.00 | 14.5 | $4,060.00 |
| | Morris, Justin | Associate | $250.00 | 96.5 | $24,125.00 |
| | Narang, Karan | Associate | $250.00 | 25.2 | $6,300.00 |
| [3] | Narang, Karan | Senior Consultant | $375.00 | 10.7 | $4,012.50 |
| | Nasso, Frank | Consultant | $355.00 | 23.0 | $8,165.00 |
| | Nelms, Christopher | Director | $615.00 | 598.6 | $368,139.00 |
| [3] | Nelms, Christopher | Managing Director | $675.00 | 170.0 | $114,750.00 |
| | Nitz, Scott | Senior Consultant | $445.00 | 75.9 | $33,775.50 |
| | Pelino, Nicholas | Consultant | $235.00 | 4.8 | $1,128.00 |
| [2] | Reagan, Mark | Consultant | $280.00 | 11.0 | $3,080.00 |
| | Reilly, Christopher | Consultant | $290.00 | 426.2 | $123,598.00 |
| [3] | Reilly, Christopher | Consultant | $355.00 | 243.2 | $86,336.00 |
| [1] | Rickelton, Lisa | Director | $714.11 | 81.5 | $58,199.99 |
| | Rizvi, Tabish | Manager | $330.00 | 297.7 | $98,241.00 |
| [3] | Rizvi, Tabish | Managing Director | $675.00 | 120.1 | $81,067.50 |
| [3] | Rodriguez, Yolanda | Paraprofessional | $200.00 | 4.7 | $940.00 |
| | Rohrer, Tracey | Director | $495.00 | 13.3 | $6,583.50 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| (2) | Ruta, Dustin | Director | $435.00 | 852.2 | $370,707.00 |
| | Saginur, Dina | Consultant | $335.00 | 76.8 | $25,728.00 |
| (3) | Saginur, Dina | Consultant | $370.00 | 119.6 | $44,252.00 |
| | Sampath, Vijay | Managing Dir | $575.00 | 2.0 | $1,150.00 |
| (3) | Santanasto, John | Consultant | $280.00 | 1.5 | $420.00 |
| | Siris, John | Managing Director | $685.00 | 510.5 | $349,692.50 |
| (3) | Siris, John | Managing Director | $725.00 | 140.7 | $102,007.50 |
| | Sloane, Raymond | Senior Managing Director | $660.00 | 1.8 | $1,188.00 |
| | Smith, Derrick | Director | $430.00 | 592.7 | $254,861.00 |
| | Star, Samuel | Senior Managing Director | $825.00 | 112.5 | $92,812.50 |
| (3) | Star, Samuel | Senior Managing Director | $885.00 | 50.9 | $45,046.50 |
| | Strong, Pamela | Consultant | $235.00 | 472.4 | $111,014.00 |
| (3) | Suh, Joseph | Director | $520.00 | 0.6 | $312.00 |
| | Swanson, David | Director | $585.00 | 2.0 | $1,170.00 |
| | Trask, Andrew | Consultant | $240.00 | 6.5 | $1,560.00 |
| | Tully, Conor | Senior Managing Director | $725.00 | 110.1 | $79,822.50 |
| (3) | Tully, Conor | Senior Managing Director | $775.00 | 66.0 | $51,150.00 |
| | Turner, David | Managing Director | $575.00 | 180.6 | $103,845.00 |
| (3) | Turner, David | Managing Director | $595.00 | 93.6 | $55,692.00 |
| | Tuteja, Gurpreet | Senior Consultant | $350.00 | 504.6 | $176,610.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| (3) Tuteja, Gurpreet | Director | $425.00 | 163.7 | $69,572.50 |
| (2) Weinthal, Rachel | Director | $455.00 | 294.5 | $133,997.50 |
| Williams, Mark | Consultant | $275.00 | 464.1 | $127,627.50 |
| (3) Williams, Mark | Senior Consultant | $325.00 | 126.8 | $41,210.00 |
| Witinok, Daniel | Director | $395.00 | 384.4 | $151,838.00 |
| (3) Witinok, Daniel | Director | $475.00 | 154.4 | $73,340.00 |

|  |  | **Grand Total** | 21,199.3 | $9,574,605.29 |
|---|---|---|---|---|
|  |  | *Less: 50% Travel Reduction* |  | ($ 74,583.00) |
|  |  | **Net Grand Total** |  | $9,500,022.29 |

(1)
*Bill rate reflects blended bill rate for October 2009 through January 2010.*

(2)
*Professional's bill rate increased effective October 1, 2009.*

(3)
*Professional's bill rate increased effective January 1, 2010.*

# "E"
## Summary of Time by Task Code

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 3 | Assessment and Monetization of Remaining Assets | 197.7 | $111,114.00 |
| 4 | Review, Assessment and Valuation of Real Estate | 1,952.5 | $769,200.00 |
| 5 | Review, Assessment and Valuation of Other Assets | 5.7 | $4,292.50 |
| 8 | Forensic Accounting Projects | 98.0 | $56,372.50 |
| 9 | Intercompany Testing | 2,634.9 | $1,311,481.56 |
| 10 | Analyze Worldwide Corporate Structure, Debt Structure, and Balance Sheet | 293.9 | $165,322.00 |
| 11 | Analyze Foreign Administration and Insolvency Proceedings | 413.7 | $282,573.59 |
| 12 | Analysis/Monitoring of Cash Flow/Liquidity | 644.1 | $335,402.50 |
| 13 | Analyze Employee Compensation | 218.7 | $144,182.00 |
| 14 | Analysis of News/Press | 18.4 | $10,118.50 |
| [1] 15 | SIPC Related Matters | 522.0 | $297,423.73 |
| 16 | Review and Development of Plan of Reorganization/Disclosure Statement | 277.3 | $190,803.54 |
| 19 | Operational Wind-down Other | 973.6 | $558,999.00 |
| 20 | IT System and Data Preservation | 5,331.6 | $1,830,760.50 |
| 21 | Claims Assessment, Analysis and Adjudication | 489.4 | $279,216.50 |
| 22 | Assess Proposed Resolution of Derivatives | 5,900.6 | $2,618,018.00 |
| 23 | Review and Assessment of Tax Issues | 19.6 | $16,383.00 |
| 25 | Analysis of Bankruptcy Filings and Court Documents | 26.7 | $15,933.50 |
| 26 | Planning, Supervision and Review | 64.8 | $45,569.60 |

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 28 | Preparation for Attendance at Court | 4.1 | $2,864.50 |
| 31 | Preparation and Participation in Conference Calls with Debtor | 22.9 | $17,628.50 |
| 32 | Preparation and Participation in Conference Calls with Creditors Committee | 330.0 | $240,084.54 |
| 34 | Meetings with Other Parties | 40.5 | $28,777.72 |
| 35 | Firm Retention and Relationships Check | 5.8 | $4,435.00 |
| 36 | Preparation of Fee and Expense Application | 300.6 | $88,482.50 |
| 37 | Non-Working Travel Time | 412.2 | $149,166.00 |
| | **Grand Total** | **21,199.3** | **$9,574,605.29** |
| | *Less: 50% Travel Reduction* | | ($ 74,583.00) |
| | **Net Grand Total** | | **$9,500,022.29** |

*(1)*
    *The description for Task Code 15 was incorrect in the December fee statement. It is now corrected in the January fee statement.*

# EXHIBIT

## "F"
### Expenses by Category

**EXHIBIT F**
**LEHMAN BROTHERS HOLDING, INC. CASE NO. 08-13555**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010*

| *Expense Category* | *Total Expenses* |
|---|---|
| Airfare | $17,612.72 |
| Lodging | $132,212.30 |
| Meals | $17,049.65 |
| Transportation | $31,933.61 |
| Other | $589.95 |
| **Total** | **$199,398.23** |

# EXHIBIT

## "G"
### Time Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

# EXHIBIT

## "H"
### Expense Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.