UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                                   :
                                                        :   Chapter 11
                                                        :
LEHMAN BROTHERS HOLDINGS                                :   Case No. 08-13555 (JMP)
INC., *et al.*,                                         :
                                                        :   (Jointly Administered)
                               Debtors.                 :
------------------------------------------------------x

# NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (e)(2)

1.     TRANSFEROR

        Vanguard Institutional Total Bond Market Index Fund, a series of
        Vanguard Institutional Index Funds
        P.O. Box 2600
        Valley Forge, PA 19482
        Attention: Michael Drayo
        Phone: (610)-669-4294
        Email: michael_drayo@vanguard.com

2.     Please take notice of the transfer, in the amount of $27,161,512.41 of Transferor's claim against LEHMAN BROTHERS HOLDINGS INC., Case No. 08-13555 (JMP) in the above referenced consolidated proceedings, arising from and relating to Claim No. 16808 dated September 18, 2009 (attached in <u>Exhibit A</u> hereto), to:

    TRANSFEREE

        Vanguard Total Bond Market Index Fund, a series of Vanguard Bond
        Index Funds
        P.O. Box 2600
        Valley Forge, PA 19482
        Attention: Michael Drayo
        Phone: (610)-669-4294
        Email: michael_drayo@vanguard.com

An evidence of Transfer of Claim is attached as <u>Exhibit B</u>. All distributions and notices regarding the transferred claim should be sent to the Transferee at the instructions attached in <u>Exhibit C</u>.

3.     No action is required <u>if you do not object</u> to the transfer of the claim. However, IF YOU OBJECT TO THE TRANSFER OF THE CLAIM, WITHIN 20 DAYS OF THIS NOTICE, YOU MUST:

NYC/480878.1

- **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
    United States Bankruptcy Court
    Alexander Hamilton Custom House
    Attention: Bankruptcy Clerk
    One Bowling Green
    New York, NY 10004-1408

- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

4.      If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON THE CLAIM IN THESE PROCEEDINGS.**

NYC/480878.1

# EXHIBIT A

## PROOF OF CLAIM

NYC/480878.1

# PROOF OF CLAIM

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc. | Case No. of Debtor: 08-13555 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000016808

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Vanguard Institutional Total Bond Market Index Fund, a series of Vanguard Institutional Index Funds
Attn: Michael Drayo
P.O. Box 2600 Mail Stop V26
Valley Forge, PA 19482
Email Address: michael_drayo@vanguard.com

Telephone number: (610) 669-4294    Email Address: (see above)

**Name and address where payment should be sent** (if different from above)
Vanguard Institutional Total Bond Market Index Fund
P.O. Box 1102, Attn: Corporate Governance - A29
Valley Forge, PA 19482

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 27,161,512.41
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Debt Securities (See attached Rider.)
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 8466
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____   Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9/17/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *[signature]*

Arthur S. Gabinet, Assistant Secretary

FOR COURT USE ONLY

**FILED / RECEIVED**
SEP 1 8 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete Items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract which is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

*In re Lehman Brothers Holdings, Inc., et al.*, **Chapter 11 Case No. 08-13555 (JMP)**
**(Jointly Administered)**

**Rider to the Proof of Claim of Vanguard Institutional Total Bond Market Index Fund, a series of Vanguard Institutional Index Funds**

1.  This Proof of Claim is made and filed against Lehman Brothers Holdings, Inc. and its affiliated debtors (collectively "Lehman" or the "Debtors"). This Attachment is an addendum to, and shall be a part of and incorporated by reference in, the attached Proof of Claim filed by Vanguard Institutional Total Bond Market Index Fund, a series of Vanguard Institutional Index Funds ("Vanguard" or "Fund").

2.  Vanguard is the holder of certain notes including but not limited to: (a) Subordinated Debt Securities under CUSIP No. 5249087M6 maturing on December 28, 2017 ("Note 1"), (b) Subordinated Debt Securities under CUSIP No. 5249087N4 maturing on May 11, 2038 ("Note 2"), (c) Subordinated Debt Securities under CUSIP No. 524908R36 maturing on July 19, 2017 ("Note 3"), (d) Subordinated Debt Securities under CUSIP No. 524908UB4 maturing on January 3, 2017 ("Note 4"), (e) Subordinated Debt Securities under CUSIP No. 524908WH9 maturing on May 3, 2032 ("Note 5"), (f) Senior Medium Term Notes under CUSIP No. 52517P4C2 maturing on July 19, 2012 ("Note 6"), (g) Senior Medium Term Notes under CUSIP No. 52517P5X5 maturing on September 26, 2014 ("Note 7"), (h) Senior Medium Term Notes under CUSIP No. 52517P5Y3 maturing on September 27, 2027 ("Note 8"), (i) Senior Medium Term Notes under CUSIP No. 52517PA35 maturing on July 26, 2010 ("Note 9"), (j) Senior Medium Term Notes under CUSIP No. 52517PD57 maturing on January 14, 2011 ("Note 10"), (k) Senior Medium Term Notes under CUSIP No. 52517PF63 maturing on April 4, 2016 ("Note 11"), (*l*) Senior Medium Term Notes under CUSIP No. 52517PH61 maturing on May 17, 2013 ("Note 12"), (m) Senior Medium Term Notes under CUSIP No. 52517PR60 maturing on

NYC/445542.1

February 6, 2012 ("Note 13"), (n) Senior Medium Term Notes under CUSIP No. 52517PSC6 maturing on January 18, 2012 ("Note 14"), (o) Senior Medium Term Notes under CUSIP No. 52517PXT3 maturing on November 10, 2009 ("Note 15") (p) Senior Medium Term Notes under CUSIP No. 52517PYN5 maturing on January 27, 2010 ("Note 16"), (q) Senior Medium Term Notes under CUSIP No. 5252M0BZ9 maturing on January 24, 2013 ("Note 17"), and (r) Senior Medium Term Notes under CUSIP No. 5252M0FD4 maturing on May 2, 2018 ("Note 18") (Notes 1 through 18 are each individually and collectively referred to herein as the "Notes"). (A chart summarizing details of the Notes is attached hereto as Exhibit A.)

3. On September 15, 2008 (the "Petition Date"), the Debtors filed a petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

4. As of the Petition Date, the Debtors were indebted to Vanguard as holder of the Notes in the aggregate principal amount (excluding costs, expenses, charges, penalties and indemnities) of $26,730,000.00, consisting of: (a) principal in the amount of $2,100,000 under Note 1, (b) principal in the amount of $1,450,000 under Note 2, (c) principal in the amount of $3,600,000 under Note 3, (d) principal in the amount of $335,000 under Note 4, (e) principal in the amount of $550,000 under Note 5, (f) principal in the amount of $200,000 under Note 6, (g) principal in the amount of $850,000 under Note 7, (h) principal in the amount of $2,360,000 under Note 8, (i) principal in the amount of $2,275,000 under Note 9, (j) principal in the amount of $500,000 under Note 10, (k) principal in the amount of $950,000 under Note 11, (*l*) principal in the amount of $1,650,000 under Note 12, (m) principal in the amount of $400,000 under Note 13, (n) principal in the amount of $4,025,000 under Note 14, (o) principal in the amount of

$675,000 under Note 15, (p) principal in the amount of $1,050,000 under Note 16, (q) principal in the amount of $1,760,000 under Note 17, and (r) principal in the amount of $2,000,000 under Note 18, plus all accrued and unpaid interest in the aggregate amount of $431,512.41.

5. The Debtors may also be indebted to Vanguard for interest at the rate provided by the terms of the Notes in such amounts from the Petition Date through the date of payment of such amount to the extent that payment shall be legally enforceable.

6. Vanguard reserves the right to (i) amend, modify, supplement or update this Proof of Claim at any time or in any respect; (ii) file a request for allowance and or payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507; and (iii) file additional proofs of claim in respect to any other claim, liability or indebtedness of the Debtors to Vanguard.

7. This Proof of Claim is filed under compulsion of the Bar Date Order entered in the Debtors' Chapter 11 cases, and the filing of this Proof of Claim is not, nor shall it be deemed to be (a) a waiver or release of Vanguard's rights against any person, entity or property; (b) a consent by Vanguard to the jurisdiction of this Court with respect to the subject matter of these claims or any objection or other proceeding commenced in these Chapter 11 cases against or otherwise involving Vanguard; (c) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court; (d) a waiver of any right to a jury trial; (e) an election of a remedy; (f) a waiver of any past, present or future defaults or events of default; or (g) a waiver of any right to assert that all or any portion of the Proof of Claim constitutes an administrative expense claim in these Chapter 11 cases. Vanguard specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted

NYC/445542.1      3

against Vanguard by the Debtors, the Official Committee of Unsecured Creditors (the "Committee') or by any trustee or representative for these estates or Debtors.

8.    Vanguard reserves all of its rights and claims that it may have, or that may arise in the future, in connection with the transactions that are the subject of this Proof of Claim, including without limitation, any claim that may arise as a consequence of any action, omission or conduct by or on behalf of the Debtors, the Committee or by any trustee or representative for these estates or Debtors, or for any violation of any rights of Vanguard with respect thereto, whether constituting a breach of contract, tort, or creating a right to equitable relief.

9.    Vanguard hereby also reserves all of its other rights and claims, whether absolute, inchoate, contingent, liquidated or unliquidated and however arising, including on account of any act or position of the Debtors, the Committee or by any trustee or representative for these estates or Debtors that might deprive Vanguard of any of its benefits of its agreement thereunder, whether constituting a breach of contract or a tort or creating any right to equitable relief. Nothing herein should be deemed or construed as a waiver of any rights or remedies that Vanguard may have and all such rights and remedies are hereby expressly reserved. Vanguard reserves the right to amend or otherwise supplement this Rider.

10.    The documents supporting this claim are voluminous and, are, in any event, in the possession of Debtors. Copies are available upon request to Vanguard.

11.    The descriptions of documents, transactions and claims provided herein are intended to be a summary only. Reference to the applicable documents is necessary for a complete description of Vanguard's claims and the nature, extent and priority thereof.

**EXHIBIT A**

**Vanguard Institutional Total Bond Market Index Fund, a series of Vanguard Institutional Index Funds (Fund 337)**

| CUSIP | Name of Debt | Maturity Date | Interest Rate | Amount of Debt Held by Vanguard as of Sept. 15, 2008 | Accrued Interest as of Sept. 15, 2008 |
|---|---|---|---|---|---|
| 5249087M6 | Subordinated Debt Securities | December 28, 2017 | 6.750% (fixed) | 2,100,000.00 | 30,983.61 |
| 5249087N4 | Subordinated Debt Securities | May 11, 2038 | 7.500% (fixed) | 1,450,000.00 | 38,430.26 |
| 524908R36 | Subordinated Debt Securities | July 19, 2017 | 6.500% (fixed) | 3,600,000.00 | 37,516.30 |
| 524908UB4 | Subordinated Debt Securities | January 3, 2017 | 5.750% (fixed) | 335,000.00 | 3,928.15 |
| 524908WH9 | Subordinated Debt Securities | May 3, 2032 | 6.000% (fixed up to but excluding May 3, 2027; then floating up to but excluding May 3, 2032) | 550,000.00 | 12,195.65 |
| 52517P4C2 | Senior Medium Term Notes | July 19, 2012 | 6.000% (fixed) | 200,000.00 | 1,923.91 |
| 52517P5X5 | Senior Medium Term Notes | September 26, 2014 | 6.200% (fixed) | 850,000.00 | 24,927.93 |
| 52517P5Y3 | Senior Medium Term Notes | September 27, 2027 | 7.000% (fixed) | 2,360,000.00 | 77,671.78 |
| 52517PA35 | Senior Medium Term Notes | July 26, 2010 | 4.500% (fixed) | 2,275,000.00 | 14,466.03 |
| 52517PD57 | Senior Medium Term Notes | January 14, 2011 | 5.000% (fixed) | 500,000.00 | 4,347.83 |
| 52517PF63 | Senior Medium Term Notes | April 4, 2016 | 5.500% (fixed) | 950,000.00 | 23,555.33 |
| 52517PH61 | Senior Medium Term Notes | May 17, 2013 | 5.750% (fixed) | 1,650,000.00 | 31,453.13 |
| 52517PR60 | Senior Medium Term Notes | February 6, 2012 | 5.250% (fixed) | 400,000.00 | 2,339.67 |
| 52517PSC6 | Senior Medium Term Notes | January 18, 2012 | 6.625% (fixed) | 4,025,000.00 | 43,476.56 |

NYC/445542.1

| 52517PXT3 | Senior Medium Term Notes | November 10, 2009 | 3.950% (fixed) | 675,000.00 | 9,346.37 |
|---|---|---|---|---|---|
| 52517PYN5 | Senior Medium Term Notes | January 27, 2010 | 4.250% (fixed) | 1,050,000.00 | 6,184.44 |
| 5252M0BZ9 | Senior Medium Term Notes | January 24, 2013 | 5.625% (fixed) | 1,760,000.00 | 14,519.42 |
| 5252M0FD4 | Senior Medium Term Notes | May 2, 2018 | 6.875% (fixed) | 2,000,000.00 | 54,246.04 |
| **TOTALS:** | | | | **26,730,000.00** | **431,512.41** |

**HAND DELIVERY**

_[signature]_ 9/18/09 1:29
RECEIVED BY:     DATE     TIME

EXHIBIT B

EVIDENCE OF TRANSFER OF CLAIM

     For good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, Vanguard Institutional Index Funds acting on behalf of Vanguard Institutional Total Bond Market Index Fund, a series of Vanguard Institutional Index Funds ("Assignor") does hereby unconditionally and irrevocably contribute, transfer and assign unto Vanguard Total Bond Market Index Fund, a series of Vanguard Bond Index Funds ("Assignee") all rights, defenses, title and interest in and to the claims of Assignor referenced as proof of claim number 16808 and all related and supporting documents and questionnaires, in the amount of $27,161,512.41 (the "Claim") against Lehman Brothers Holdings Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Holdings Inc., Case No. 08-13555.

     Assignor hereby waives any objection to the transfer of the Claim assigned herein (the "Transferred Claim") to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Transferred Claim and recognizing the Assignee as the sole owner and holder of the Transferred Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, the undersigned has duly executed this Transfer of Claim by its duly authorized representative dated the 12th day of April, 2010.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| **Vanguard Institutional Index Funds acting on behalf of Vanguard Institutional Total Bond Market Index Fund, a series of Vanguard Institutional Index Funds** | **Vanguard Bond Index Funds acting on behalf of its series Vanguard Total Bond Market Index Fund** |
| *[signature]* | *[signature]* |
| Name: ARI GABINET | Name: ARI GABINET |
| Title: ASS'T SECRETARY | Title: ASS'T SECRETARY |

NYC/480878.1

# EXHIBIT C

# PAYMENT INSTRUCTIONS

Payment should be sent to:

Vanguard Total Bond Market Index Fund, a series of Vanguard Bond Index Funds
Attn: Corporate Governance – A29
P.O. Box 1102, Valley Forge, PA 19482
Attn: Harris Grigoriades
Email: harris_grigoriades@vanguard.com
Telephone: (610)-669-6894

NYC/480878.1