WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
|  | : |  |
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |
|  | : |  |

-----------------------------------------------------------------x

**STIPULATION, AGREEMENT,**
**AND ORDER BETWEEN BNC MORTGAGE**
**LLC AND LSF6 MERCURY REO INVESTMENTS TRUST SERIES**
**2008-1, PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY WITH**
**REGARD TO REAL PROPERTY LOCATED IN ROOSEVELT, NEW YORK**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by and between BNC Mortgage LLC ("BNC") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), and LSF6 Mercury REO Investments Trust Series 2008-1 ("Mercury").

**RECITALS**

A.      On September 15, 2008 and periodically thereafter Lehman

Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this

Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").

B.      On January 9, 2009, BNC, an indirect subsidiary of LBHI,

commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

C.      On October 15, 2009, Mercury commenced an action to foreclose

on the First Mortgage (as defined below) in the Supreme Court for Nassau County, New

York [Index No. 09-021090].

D.      On March 26, 2010, Mercury filed a Motion for Relief from the

Automatic Stay Pursuant to Bankruptcy Rule 4001 and 11 U.S.C. §362(d) Nunc Pro Tunc

[Docket No. 7832] (the "Motion").

E.      The Motion asserts that Mercury is the current holder of a first

mortgage executed on June 22, 2005 by Digna Sanchez in favor of BNC Mortgage, Inc.[1]

(the "First Mortgage"), and transferred to Mortgage Electronic Registration Systems, Inc.

("MERS") as nominee for BNC Mortgage Inc., as security for the repayment of the

principal sum of $300,800.00 due under a note.  The First Mortgage granted MERS, as

nominee for BNC Mortgage, Inc., a security interest in the property commonly know as

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity.  BNC was originally organized under
the laws of Delaware as a corporation under the name "BNC Mortgage, Inc."  On or about January 13,
1998, BNC changed its corporate form from a corporation to a limited liability company under the name
"BNC Mortgage LLC."  BNC is still referred to as "BNC Mortgage Inc." in those states in which it is
registered to conduct business under its former name.

32 Bainbridge St. Roosevelt, New York (the "Property").  The First Mortgage was assigned to Mercury by an instrument, dated August 26, 2009.

      F.      The Motion also references a junior lien on the Property (the "Second Mortgage") held by MERS, as nominee for BNC Mortgage, Inc., as security for the repayment of $75,200.00 due under a note.

      G.      BNC has determined that it transferred its interest in both the First Mortgage and the Second Mortgage to Lehman Brothers Bank, FSB on or about July 22, 2005, and that, thereafter, the First Mortgage and the Second Mortgage were further transferred to LBHI, then to Structured Asset Securities Corporation, a debtor in the above referenced chapter 11 cases, and finally to CIT Group and SAIL 2005-HE3, respectively.  As a result of the above-described transfers, neither BNC nor any of the other Debtors currently holds a direct interest in the First Mortgage or the Second Mortgage.  The Debtors retain an indirect interest in debt issued by SAIL 2005-HE3, which is not a debtor in these chapter 11 cases.

      H.      The Motion seeks entry of an order terminating the automatic stay extant in BNC' chapter 11 cases pursuant to section 362 of the Bankruptcy Code and allowing Mercury to exercise its non-bankruptcy rights and remedies as to the Property.

      I.      In light of the foregoing, and to ensure that Mercury is not prohibited from exercising its rights with respect to the Property, BNC and Mercury (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to resolve the Motion on the terms set forth below.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and

between BNC and Mercury, through their undersigned attorneys, that:

1.      This Stipulation, Agreement, and Order shall have no force or

effect unless and until approved by the Court (the "Effective Date").

2.      Upon the Effective Date, to the extent that the automatic stay is

applicable, it shall be modified with respect to Mercury's interest in the Property

effective October 14, 2009, and Mercury shall be permitted to exercise its rights under

applicable non-bankruptcy law against the Property.

3.      Except as provided in paragraphs 2, the provisions of section

362(a) of the Bankruptcy Code, including, without limitation, those provisions

prohibiting any act to collect, assess, or recover a claim that arose prior to the

Commencement Date from BNC's estate and/or assets or property of BNC (as defined in

section 541 of the Bankruptcy Code) shall remain in full force and effect.

4.      Upon the Effective Date, the Motion shall be deemed resolved.

5.      This Stipulation, Agreement, and Order may only be amended or

otherwise modified by a signed writing executed by the Parties.

6.      Each person who executes this Stipulation, Agreement, and Order

by or on behalf of a Party represents and warrants that he or she has been duly authorized

and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf

of such Party.

7.      This Stipulation, Agreement, and Order may be executed in

counterparts, each of which shall be deemed an original but all of which together shall

constitute one and the same instrument, and it shall constitute sufficient proof of this

4

Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

8.     This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

Dated: April 13, 2010
        Rochester, New York

/s/ Anne E. Miller-Hulbert
Anne E. Miller-Hulbert

Shapiro & DiCaro, LLP
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
Telephone: (585) 247-9000

Attorneys for LSF6 Mercury REO
Investments Trust Series 2008-1

Dated: April 13, 2010
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
        April 15, 2010

_s/ James M. Peck_
Honorable James M. Peck
United States Bankruptcy Judge