WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                                            :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
:
Debtors.                          :    **(Jointly Administered)**
:
:
-------------------------------------------------------------------x

**STIPULATION, AGREEMENT,
AND ORDER BETWEEN BNC MORTGAGE
LLC AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,
PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY WITH
REGARD TO REAL PROPERTY LOCATED IN WYANDANCH, NEW YORK**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by and between BNC Mortgage LLC ("BNC") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), and U.S. Bank National Association, as trustee for Lehman Brothers Securitization Name Structured Asset Investment Loan Trust ("U.S. Bank").

**RECITALS**

  A. On September 15, 2008 and periodically thereafter Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

  B. On January 9, 2009, BNC, an indirect subsidiary of LBHI, commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

  C. On March 12, 2010, U.S. Bank filed a Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1)&(2) with Respect to Real Property Known as 60 South 31st Street, Wyandanch, New York [Docket No. 7578] (the "Motion").

  D. The Motion asserts that U.S. Bank, as Trustee, is the current holder of a first mortgage executed on August 26, 2005 by Juan Silva in favor of BNC Mortgage, Inc.[1] (the "First Mortgage"), and transferred to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for BNC Mortgage Inc., as security for the repayment of the principal sum of $196,000.00 due under a note. The First Mortgage granted MERS, as nominee for BNC Mortgage, Inc., a security interest in the property commonly know as 60 S. 31st St., Wyandanch, New York (the "Property"). The First Mortgage was assigned to U.S. Bank by an instrument, dated January 26, 2007.

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity. BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc." On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC." BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

2

E. The Motion also references a junior lien on the Property (the "Second Mortgage") held by MERS, as nominee for BNC Mortgage, Inc., as security for the repayment of $49,000.00 due under a note.

F. BNC has determined that it transferred its interest in both the First Mortgage and the Second Mortgage to Lehman Brothers Bank, FSB on or about September 22, 2005, and that, thereafter, the First Mortgage and the Second Mortgage were further transferred to LBHI, then to Structured Asset Securities Corporation, a debtor in the above referenced chapter 11 cases, and finally to a non-debtor securitization trust. As a result of the above-described transfers, neither BNC nor any of the other Debtors currently holds an interest in the First Mortgage or the Second Mortgage.

G. The Motion seeks entry of an order terminating the automatic stay extant in the Debtors' chapter 11 cases pursuant to section 362 of the Bankruptcy Code and allowing U.S. Bank to exercise its non-bankruptcy rights and remedies as to the Property.

H. In light of the foregoing, and to ensure that U.S. Bank is not prohibited from exercising its rights with respect to the Property, BNC and U.S. Bank (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to resolve the Motion on the terms set forth below.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and between BNC and U.S. Bank, through their undersigned attorneys, that:

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, to the extent that the automatic stay is applicable, it shall be modified with respect to U.S. Bank's interest in the Property, and U.S. Bank shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3. Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Upon the Effective Date, the Motion shall be deemed resolved.

5. This Stipulation, Agreement, and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

6. Each person who executes this Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

7. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

8. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

Dated: March 29, 2010
      Huntington, New York

/s/ Daniel K. Cahn
Daniel K. Cahn

CAHN & CAHN, LLP
22 High Street, Suite 3
Huntington, NY 11743
Telephone: (631) 752-1600

Attorneys for U.S. Bank National Association, as Trustee

Dated: March 29, 2010
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
      April 15, 2010

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge