UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :

In re                                                 :         Chapter 11 Case No.
                                                :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (JMP)
                                                :

                         Debtors.            :         (Jointly Administered)
                                                :
-----------------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION PURSUANT TO
## SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 6004(h)
## OF THE BANKRUPTCY RULES, FOR AUTHORIZATION TO ENTER INTO
## CERTAIN ASSET MANAGEMENT AND RELATED AGREEMENTS

Upon the motion, dated March 15, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to enter into certain asset management and agreements related to LAMCO,[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures

---

[1] Any capitalized term not expressly defined herein shall have the meaning ascribed to that term in the Motion.

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that any objections to the Motion that have not been resolved as set forth on the record of the hearing or herein are overruled; and it is further

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not required, to enter into the LAMCO Agreements; and it is further

ORDERED that pursuant to sections 105 and 363(b) of the Bankruptcy Code, the Debtors are duly authorized and empowered to (a) execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers, that may be necessary or appropriate to consummate the transactions contemplated by the LAMCO Agreements substantially in accordance with the description set forth in the Motion; and (b) take all other and further actions as may be necessary to implement the transactions contemplated by the LAMCO

2

Agreements substantially in accordance with the description set forth in the Motion; and it is further

ORDERED that any material modification, amendment or supplement to the LAMCO Agreements and any related agreements, documents or other instruments prior to the Termination Date (as defined in the LAMCO Agreements) shall require approval of the Creditors' Committee, LBHI, LAMCO and this Court; and it is further

ORDERED that notwithstanding the fact that LBHI initially shall, directly or indirectly, hold 100% of the equity interests in LAMCO, the ownership of such equity interests shall be subject to allocation among the Debtors pursuant to a chapter 11 plan in these chapter 11 cases; provided, however, that nothing herein shall require a specific amount of such equity to be allocated to any particular Debtor; and it is further

ORDERED that this Order shall not prejudice the rights of any party in interest in respect of confirmation of any chapter 11 plan in these chapter 11 cases; and it is further

ORDERED that this Court's findings and determinations in connection with this Order that (i) the relief sought in the Motion and granted herein is in the best interests of the Debtors, their estates and creditors, and all parties in interest and (ii) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, shall not preclude or prejudice the rights of any party in interest from seeking or objecting to any request for relief from this Court relating to LAMCO at any future date; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
      April 15, 2010

                                  *s/ James M. Peck*
                                Honorable James M. Peck
                                United States Bankruptcy Judge