Hearing Date and Time: **April 20, 2010 at 10:00 a.m.**

**WINTHROP COUCHOT P.C.**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
Sean A. Okeefe – NY Bar No. 1980853
Paul J. Couchot – CA State Bar No. 131934
Counsel for the SunCal Voluntary Debtors[1]

**THE LOBEL FIRM, LLP**
840 Newport Center Drive, Suite 750
Newport Beach, CA 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870
William N. Lobel – CA State Bar No. 93202
Counsel for the SunCal Trustee Debtors[2]

**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
LOS ANGELES, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
Louis Skip Miler – CA State Bar No. 54141
Special Litigation Counsel for SunCal Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

**REQUEST OF SUNCAL DEBTORS FOR ADJOURNMENT OF MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR AUTHORITY TO COMPROMISE CONROVERSY IN CONNECTION WITH A REPURCHASE TRANSACTION WITH FENWAY CAPITAL, LLC AND A COMMERCIAL PAPER PROGRAM WITH FENWAY FUNDING, LLC.**

[1] SunCal Communities I LLC, SunCal Communities III LLC, SCC/Palmdale LLC, Acton Estates LLC, SunCal Beaumont LLC, SunCal Emerald Meadows LLC, SunCal Johansson Ranch LLC, SunCal Bickford Ranch LLC, SunCal Summit Valley LLC, Seven Brothers LLC, Kirby Estates LLC, SJD Partners Ltd., SJD Development Corp., SCC Communities LLC, North Orange Del Rio Land LLC and Tesoro SF LLC, the debtors and debtors-in-possession (collectively, the "SunCal Voluntary Debtors").

[2] Steven M. Speier, the Chapter 11 Trustee on behalf of SunCal Marblehead, LLC; SunCal Heartland, LLC; LB/L-SunCal Northlake LLC; LB/L-SunCal Oak Valley LLC; SunCal PSV LLC; Delta Coves Venture LLC and SunCal Oak Knoll, LLC (collectively "SunCal Trustee Debtors). The SunCal Voluntary Debtors and the SunCal Trustee Debtors are collectively referred to as the "SunCal Debtors".

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The SunCal Debtors hereby respectfully pray that this Court adjourn the hearing on the *Motion pursuant to Bankruptcy Rule 9019 for authority to compromise controversy in connection with a repurchase transaction with Fenway Capital LLC and A Commercial Paper Program with Fenway Funding LLC* ("Compromise Motion") filed by Lehman Brothers Holding Inc. ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI") (together, the "Debtors") for a period of approximately thirty days.

## BACKGROUND

A) The Compromise Motion seeks an order authorizing LCPI, *inter alia*, to purchase seven loans (the "Sold Loans") that are currently owned by Fenway Capital, LLC ("Fenway").

B) All right, title and interest in the Sold Loans was transferred to Fenway pursuant to the terms of that certain Master Repurchase Agreement (the "MRA"), as amended, on August 22, 2008.[4]

[4] Fenway and LCPI have stated in pleadings before this Court that LCPI retained an interest in the revolver "component" of the Sold Loans. The United States Bankruptcy Court Central District of California (the "CDCA") determined, after a contested hearing, that Fenway owned the Sold Loans in a detailed set of Findings and Conclusions of Law ("Claim Findings") and an accompanying order, entered by on October 2, 2009. See Conclusion of Law 2.3(B) ("The language in the MRA [Master Repurchase Agreement] is clear with respect to the objective intent of the parties thereto: The parties intended to enter into a *true purchase and sale transaction*, not a transfer 'for security.'"). LCPI and Fenway's contention that LCPI retained an interest in the revolver component of the Sold Loans is not sustainable *given the CDCA's explicit finding that LCPI was not claim to be a "creditor" of the SunCal Debtors with respect to the Sold Loans.* Had LCPI retained *any interest* in the Sold Loans, the CDCA would have limited this clear statement in the order, and allowed LCPI to assert creditor status as to this limited retained interest. A copy of the *Findings of Fact and Conclusions of Law in Support of Order on Objections to Claims* is attached to the Declaration of Paul Couchot ("Couchot Declaration") as exhibit "1". A copy of the *Order on Objections to and Motion For Order Striking Claims Filed by the Lehman Entities*, entered on October 2, 2009, is attached to the Couchot Declaration as exhibit "2".

C) Five of the Sold Loans were originally made by Lehman ALI, Inc., a non-debtor, as lender, to certain SunCal Debtors, as borrowers. The remaining two Sold Loans were made by LCPI, as lender, to certain SunCal Debtors, as borrowers. *However, as of May 2008, all of the Sold Loans were owned by Lehman ALI, Inc., a non-debtor.*[5]

D) Pursuant to an order entered by this Court on March 26, 2010, a hearing was set on the Compromise Motion for April 14, 2010.

E) The Sold Loans are the subject of an adversary proceeding that has been pending before the United States Bankruptcy Court Central District of California (the "CDCA"), the court presiding over the SunCal Debtors' Chapter 11 cases, for over a year (the "Equitable Subordination Action").

F) Last month LCPI was dismissed as a defendant from the Equitable Subordination Action by the CDCA to avoid, *inter alia*, any risk that stay in LCPI's case would interfere with the Equitable Subordination Action.[6]

G) On April 7, 2010, the SunCal Voluntary Debtors filed a limited Opposition ("SunCal Opposition") that was intended to accomplish the following objectives:

1. To determine whether LCPI was acquiring the Sold Loans with the intent of enabling LCPI to reinsert itself into the Equitable Subordination Action, in the stead and place of defendant Fenway, and once so joined to thwart the progress of this case by asserting its automatic stay; and
2. To reserve all of the SunCal Debtors' rights if in fact the above stratagem was indeed one of the primary objectives underlying the Motion.

[5] In May of 2008, Lehman Ali, Inc. entered into a Restructuring Agreement with the SunCal Debtors *wherein Lehman Ali expressly represented that it held title to all of Sold Loans*. This fact is relevant to the instant dispute for the following reason. It confirms that title to the Sold Loans is being vested in LCPI, instead of Lehman Ali, Inc., solely to enable LCPI, a debtor, to race back to California and assert the stay. In contrast, vesting in Lehman Ali, would not accomplish this litigation objective.

[6] A copy of the CDCA's *Order re Lehman Entities' Amended Motion to Dismiss the Third Amended Complaint*, entered on April 12, 2010, is attached to the Couchot Declaration as exhibit "3."

H) After the SunCal Opposition was filed, LCPI filed a pleading (the "Lehman Response") that strongly suggested that LCPI was in fact acquiring the Sold Loans from Fenway with the intent of thereafter reinserting itself back into the Equitable Subordination Action, with the objective being to stay that action through the assertion of its rights under 11 U.S.C. § 362.[7]

I) On April 12, 2010, the SunCal Trustee Debtors filed a limited joinder to the SunCal Opposition.

J) On April 13, 2010, counsel for the SunCal Voluntary Debtors flew from California to New York in order to attend the April 14th hearing on the Compromise Motion. Sean A. O'Keefe, the attorney for the SunCal Debtors who was attending the hearing, did not receive the notice of *amended* agenda adjourning the hearing until he arrived in New York.

REQUEST FOR ADJOURNMENT

1. The SunCal Debtors are currently preparing a motion for relief from stay (the "RFS Motion") to be filed with this Court. *The RFS Motion will be filed by April 20, 2010.*[8]

2. Since one of the objectives of the Compromise Motion and the underlying transaction is to provide LCPI a basis for reinserting itself back into the Equitable Subordination Action, and to use its automatic stay to stay thwart the progress of this case, the resolution of the future application of the automatic stay to the Equitable Subordination Action, concurrently with approval of the Compromise Motion, would benefit all parties for the following reasons:

[7] The Lehman Response also included numerous misleading allegations relating to the SunCal Debtors purported past violations of LCPI's automatic stay. Although the SunCal Debtors are more than willing to address these allegations, they are not relevant to the resolution of the issues relating to the Motion. Accordingly, they will defer this rebuttal. The Lehman Response did confirm that LCPI and LBHI have entered into the Transaction in order to invoke their automatic stay over the pending Equitable Subordination Action. Lehman Response, ¶ 23 ("LCPI's automatic stay will attached to the property it receives as part of the Transaction as a matter of law, regardless of LCPI's intent.").

[8] The RFS Motion will seek relief from stay in both the LCPI and LBHI cases, since it appears that LBHI is claiming that it will acquire an interest in the Sold Loans in a subrogation capacity.

A)    The Sold Loans that LCPI is acquiring from Fenway are the subject of the Equitable Subordination Action pending in the CDCA. LCPI cannot realize the value of the Sold Loans until this litigation is concluded. Accordingly, modifying the automatic stay to allow this litigation to reach a conclusion will either result in the validation of these claims or the subordination of these claims. In either case, LCPI will obtain needed closure on the value of the Sold Loans that it is proposing to acquire.

B)    LCPI has already been an active participant in the SunCal Bankruptcy Cases since January of 2009, and the and the Equitable Subordination Action since March Of 2009. Where two Chapter 11 cases are pending, and automatic stay conflicts arise, basic precepts of comity and good faith warrant the constructive and concurrent resolution of these disputes.

3.    Delaying Court approval of the Motion will not prejudice any of the parties to the Compromise Motion.

4.    The SunCal Debtors prepared for and attended the hearing set for April 14, 2010. The short continuance proposed herein will enable them to address two critical issues without having to expend the limited resources of their estates traveling three times to New York to address integrally related issues.

WHEREFORE, the SunCal Debtors request that this Court adjourn the hearing on the Motion for at least 30 days, such that the SunCal Debtors can concurrently schedule a hearing on their Motion for Relief from Stay.

DATED: April 15, 2010

Respectfully submitted,

   /s/  Sean A Okeefe
Sean A Okeefe
Paul J. Couchot
WINTHROP COUCHOT
PROFESSIONAL CORPORATION
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
LOS ANGELES, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

THE LOBEL FIRM
840 Newport Center Dr Ste 750
Newport Beach, CA 92660

Attorneys for the SunCal Debtors

**WINTHROP COUCHOT P.C.**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
Sean A. Okeefe – NY Bar No. 1980853
Paul J. Couchot – CA State Bar No. 131934
Counsel for the SunCal Voluntary Debtors[9]

**THE LOBEL FIRM, LLP**
840 Newport Center Drive, Suite 750
Newport Beach, CA 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870
William N. Lobel – CA State Bar No. 93202
Counsel for the SunCal Trustee Debtors[10]

**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
LOS ANGELES, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
Louis Skip Miler CA State Bar No. 54141
Special Litigation Counsel for SunCal Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC., et al.,**<br><br>**Debtors.** | **Chapter 11 Case No.**<br><br>**08-13555 (JMP)**<br><br>**(Jointly Administered)** |

**DECLARATION OF PAUL COUCHOT IN SUPPORT OF REQUEST OF SUNCAL DEBTORS FOR ADJOURNMENT OF MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR AUTHORITY TO COMPROMISE CONROVERSY IN CONNECTION WITH A REPURCHASE TRANSACTION WITH FENWAY CAPITAL, LLC AND A COMMERCIAL PAPER PROGRAM WITH FENWAY FUNDING, LLC.**

[9] SunCal Communities I LLC, SunCal Communities III LLC, SCC/Palmdale LLC, Acton Estates LLC, SunCal Beaumont LLC, SunCal Emerald Meadows LLC, SunCal Johansson Ranch LLC, SunCal Bickford Ranch LLC, SunCal Summit Valley LLC, Seven Brothers LLC, Kirby Estates LLC, SJD Partners Ltd., SJD Development Corp., SCC Communities LLC, North Orange Del Rio Land LLC and Tesoro SF LLC, the debtors and debtors-in-possession (collectively, the "SunCal Voluntary Debtors").

[10] Steven M. Speier, the Chapter 11 Trustee on behalf of SunCal Marblehead, LLC; SunCal Heartland, LLC; LB/L-SunCal Northlake LLC; LB/L-SunCal Oak Valley LLC; SunCal PSV LLC; Delta Coves Venture LLC and SunCal Oak Knoll, LLC (collectively "SunCal Trustee Debtors). The SunCal Voluntary Debtors and the SunCal Trustee Debtors are collectively referred to as the "SunCal Debtors".

I, Paul Couchot hereby declare and state as follows:

1.      I am an attorney, duly admitted to practice law before all courts for the State of California and the United States District Court for the Central District of California. I am a member of the law firm of Winthrop Couchot Professional Corporation, general insolvency counsel for SunCal Voluntary Debtors and counsel to SCC Acquisitions, Inc. ("Acquisitions"), an indirect parent company of the Voluntary Debtors and the other administratively consolidated Chapter 11 debtors represented by their Chapter 11 Trustee, Mr. Steven M. Speier (the "Trustee Debtors"). I have been lead counsel for Acquisitions and the SunCal Voluntary Debtors since before their Chapter 11 filings and have been involved intimately with the Trustee Debtors cases. The SunCal Voluntary Debtors and the SunCal Trustee Debtors are collectively referred to herein as the "SunCal Debtors."

2.      Attached hereto as Exhibit "1" is a true and correct copy of the *Findings Of Fact And Conclusions Of Law In Support Of Order On Objections To Claims* entered by the United States Bankruptcy Court Central District of California (the "CDCA") on October 2, 2009.

3.      Attached hereto as Exhibit "2" is a true and correct copy of that certain *Order On Objections To And Motion For Order Striking Claims Filed By The Lehman Entities* entered by the CDCA on October 2, 2009.

4.      Attached hereto as Exhibit "3" is a true and correct copy of the *Order re Lehman Entities' Amended Motion to Dismiss the Third Amended Complaint* entered by the United States Bankruptcy Court Central District of California (the "CDCA") on April 12,2 010.

5.      On April 13, 2010, Sean Okeefe, Esq., counsel for the SunCal Voluntary Debtors flew from California to New York in order to attend the April 14th hearing on the Motion. Sean A. O'Keefe, the attorney who traveled to attend the hearing, did not receive the notice of *amended* agenda adjourning the hearing on the Motion to April 20, 2010 until after he had arrived in New York late on April 13, 2010, when I advised him of this development.

6.      On April 14, 2010, Louis Skip Miller (special litigation counsel for the SunCal Debtors) and I contacted Richard Pachulski, Esq. (counsel for LCPI in the CDCA proceeding)

requesting a voluntary continuance of the Motion such that it may be heard concurrently with a motion for relief from stay to be filed by the SunCal Debtors. He informed us that he would not recommend the adjournment to his client and reiterated his position on a subsequent telephone call on April 15, 2010, at approximately 12:30 pm Pacific Time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of April 2010, at Newport Beach, California.

*/s/ Paul J. Couchot*
Paul Couchot

# EXHIBIT "1"

PAUL J. COUCHOT - State Bar No. 131934
pcouchot@winthropcouchot.com
SEAN OKEEFE - State Bar No. 122417
**WINTHROP COUCHOT, P.C.**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4165
Facsimile: (949) 720-4111
General Insolvency Counsel for
Administratively Consolidated Debtors-in-Possession and
Counsel for SCC Acquisitions, Inc.

FILED & ENTERED

OCT 02 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent DEPUTY CLERK

CHANGES MADE BY COURT

LOUIS R. MILLER, State Bar No. 54141
smiller@millerbarondess.com
MARTIN PRITIKIN, State Bar. No. 210845
**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
Special Litigation Counsel

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

In re
Palmdale Hills Property, LLC, and its Related Debtors,
Jointly Administered Debtors and Debtors-in-Possession

Affects:
☒ All Debtors
☐ Palmdale Hills Property, LLC,
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale,
☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
☐ SunCal Emerald Meadows LLC
☐ SunCal Bickford Ranch, LLC
☐ Acton Estates, LLC
☐ Seven Brothers LLC
☐ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☐ LBL-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC

Case No. 8:08-bk-17206-ES

Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574 ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES

Chapter 11 cases

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER ON OBJECTIONS TO CLAIMS**

DATE: June 30, 2009
TIME: 2:00 p.m.
PLACE: Courtroom 5A

Order#11205#434e9729-2475-4c26-86f4-952e6c52da53

*Caption Continued on Next Page*
*Continued from Previous Page*

☐ LBL-SunCal Northlake, LLC
☐ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

The hearing on the *Debtors' Objections To And Motion For Order Striking Claims Filed By The Lehman Entities* (the "Objection") filed by the debtors-in-possession listed above ("Voluntary Debtors") and by Mr. Steven M. Speier, as the duly-appointed Chapter 11 trustee ("Trustee") for LB-L-SunCal Oak Valley LLC, SunCal Heartland LLC, LB-L-SunCal Northlake LLC, SunCal Marblehead LLC, SunCal Century City LLC, SunCal PSV LLC, Delta Coves Venture LLC, SunCal Torrance LLC, and SunCal Oak Knoll LLC (the "Trustee Debtors") (the Voluntary Debtors and Trustee Debtors are collectively referred to as the "Debtors") came on for hearing before the undersigned United States Bankruptcy Judge on June 30, 2009, at 2:00 P.M., in Courtroom 5A of the above-entitled Court. The Voluntary Debtors appeared by and through their general insolvency counsel, Winthrop Couchot Professional Corporation, by Sean A. O'Keefe and Paul J. Couchot, and their special litigation counsel, Miller Barondess LLP, by Louis Miller and Martin Pritikin. The Chapter 11 Trustee appeared by and through his special litigation counsel, Miller Barondess LLP, by Louis Miller and Martin Pritikin. Lehman Commercial Paper Inc. ("Lehman Commercial"), Lehman ALI, Inc., Northlake Holdings and OVC Holdings (collectively the "Lehman Entities") appeared by and through their counsels, Pachulski Stang Ziehl & Jones LLP, by Richard Pachulski, and Weil, Gotshal & Manges LLP, by Edward Soto. Other appearances, if any, are as reflected in the Court's record of the hearing.

The Court having read and considered the Objection and supporting evidence, Lehman's Consolidated Opposition, and the Debtors' Reply thereto, and having heard and considered the arguments of counsel, hereby makes the following *Findings of Fact and Conclusions of Law* in support of the concurrently filed *Order*.

///

///

# I

## FINDINGS OF FACT

1.1. The following parties, *inter alia*, received notice of the *Objection*: The Lehman Entities, Fenway Capital, LLC ("Fenway Capital") and JPMorgan Chase, N.A. ("JP Morgan"). (Notice of Hearing, Dkt. No. 352).

1.2. Lehman Commercial and Fenway Capital entered into that certain *Master Repurchase Agreement* ("MRA") as of August 22, 2008, a copy of which is attached to the *Amended Declaration Of Sean A. OKeefe In Support Of Debtors' Objections To And Motion For Order Striking Claims Filed By The Lehman Entities (Replacing Prior Declaration)* (the "OKeefe Decl.") as Exhibits "B," "C" and "D."

1.3. The MRA states that it is the parties' intent to engage in the *purchase and sale* of the "Purchased Securities," which includes the "Sold Loans" as defined herein. (Ex. "B," ¶ 6, P. WC000013, OKeefe Decl.).

1.4. The MRA states that the selling party therein, Lehman Commercial, is selling "All of Seller's interest in the Purchased Securities" to Fenway Capital. (Ex. "B," ¶ 8, P. WC000014, OKeefe Decl.).

1.5. In the MRA, Lehman Commercial represents that it holds or is authorized sell "All of Seller's interest in the Purchased Securities." (Ex. "B," ¶ 10, P. WC000013, OKeefe Decl.).

1.6. The MRA is an industry form that is accompanied by "Guidance Notes" promulgated by the Bond Market Association. (Ex. "CC," WC000242, OKeefe Decl.). These notes specifically state that the agreement (the "MRA) continues to provide "explicit characterization of transactions as purchases and sales" and describes this characterization as being "essential" for repo participants. (Ex. "CC," WC000242, OKeefe Decl.).

1.7. The MRA states that it is governed by the laws of the State of New York. (Ex. "B," ¶ 16, P. WC000018, OKeefe Decl.).

1.8. The Declaration of Irena Goldstein, counsel for Fenway Capital, submitted by the Lehman Entities, states that ". . . while it is correct that Fenway purchases interests in the loans

pursuant to a repurchase agreement" and "[m]ost importantly, however, Fenway purchase loans." Goldstein Decl., ¶ 5, ¶ 7.

1.9. The following loans (the "Sold Loans") were sold to Fenway Capital pursuant to the MRA on August 22, 2008:

| Loan | Claimant | Proof of Claim No. (collectively, the "Claims") |
|---|---|---|
| SunCal Communities I Loan | Lehman Commercial | 1, 2, 6, 7, 12, 16 |
| Ritter Ranch Loan | Lehman Commercial | 65 |
| SunCal PSV Loan | Lehman ALI | 12 |
| SunCal Delta Coves Loan | Lehman ALI | 21 |
| SunCal Marblehead/ Heartland Loan | Lehman ALI | 9, 21 |
| Sun Cal Oak Valley Loan | OVC Holdings, LLC | 16 |
| SunCal Northlake Loan | Northlake Holdings, LLC | 6 |

(Ex. "B –I," OKeefe Decl.).

1.10. The Lehman Entities filed the proofs of claims listed in the above table with respect to the Sold Loans (the "Proofs of Claim"). (Ex. "P" through "BB," OKeefe Declaration).

1.11. In the section of the Proofs of Claim (the official form – first page) where a claimant is required to list the "Name Of The Creditor," each of the Lehman Entities filing the Proofs of Claim listed their own name, and each of the Lehman Entities listed their own address on the form as the location for notice and for payment. (Ex. "P" through "BB," OKeefe Declaration).

1.12. No reference to the word "agent" appears in the Proofs of Claim, except in the Exhibit "1" thereto. In this exhibit, each Lehman Entities states that the claim is made on behalf of the identified Lehman Entity, "as agent for the lenders." However, the "lenders" are not identified anywhere in the Proofs of Claim or in the exhibit thereto. (Ex. "P" through "BB," OKeefe Declaration).

1.13. None of the Lehman Entities have filed the statement required by Federal Rule of Bankruptcy Procedure 2019(a).

## II

## CONCLUSIONS OF LAW

2.1. The filing of a claim in a bankruptcy case is governed, *inter alia*, by 11 U.S.C. § 501 and Federal Rule of Bankruptcy Procedure 3001.

2.2. Fed.R.Bankr.P. 3001(e)(1) provides "If a claim has been transferred other than for security before proof of claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee."

2.3. At the hearing on the Objection, the Lehman Entities contended that the transfer of the Sold Loans pursuant to the MRA was "for security" within the meaning of Fed.R.Bankr.P. 3001(e)(1), and that they continued to have the right to file the Proofs of Claim with respect to these loans as the "owner." The Court rejects this position on the following grounds:

A) The MRA is governed by New York law. In *Matter of Bevill, Bresler & Schulman Asset Management Corp.*, 67 B.R. 557 (D.N.J.1986) the District Court succinctly addressed the application of New York law on the issue of contract interpretation, on similar facts:

> Where the intention of the parties is clearly and unambiguously set forth in the agreement, effect must be given to the parties' intent as revealed in the language used without regard to extrinsic evidence. *See, e.g., Midland Carpet Corp. v. Franklin Associated Properties,* 90 N.J.Super. 42, 46, 216 A.2d 231 (A.D.1966); *West, Weir & Bartel, Inc. v. Mary Carter Paint Co.,* 25 N.Y.2d 535, 307 N.Y.S.2d 449, 451-52, 255 N.E.2d 709, 711-12 (1969). The objective intent of the parties expressed or apparent in the writing controls the interpretation of a contract. *Friedman v. Tappan Development Corp.*, 22 N.J. 523, 531, 126 A.2d 646 (1956); *Hartford Accident & Indemnity Co. v. Wesolowski,* 33 N.Y.2d 169, 171, 350 N.Y.S.2d 895, 305 N.E.2d 90 (1973). The undisclosed, subjective intent of the parties has no bearing on contract construction. *Krosnowski v. Krosnowski,* 22 N.J. 376, 386, 126 A.2d 182 (1956); *In re Smith's Will,* 254 N.Y. 283, 289, 172 N.E. 499 (1930).

67 B.R. at 586.

B) The language in the MRA is clear with respect to the objective intent of the parties thereto: The parties intended to enter into a *true purchase and sale transaction*, not a transfer "for security." To the extent the parties had an undisclosed subjective intent to the contrary, it is not relevant to this Court's analysis and no evidence has been submitted evidencing such an intent in any event.

2.4 The Court hereby concludes that the transfer of the Sold Loans pursuant to the MRA to Fenway Capital was intended to be, and was in fact, a true sale, not a transfer "for security." Accordingly, the Lehman Entities were not authorized to file the Proofs of Claim pursuant to the Fed.R.Bankr.P. 3001(e)(1) on the basis of the clause in this rule excepting instances where the claim is transferred "for security."

2.5 The Lehman Entities could not properly file the Proofs of Claim as "creditors." When they listed themselves as the "creditors" on the Proofs of Claim, this was a misrepresentation.

2.6 The Lehman Entities' status as "authorized agent" for a creditor for purposes of Fed.R.Bank.P. 3001(b) will be determined by the Court at later hearing.

###

DATED: October 2, 2009

United States Bankruptcy Judge

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

The foregoing document described: **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER ON OBJECTIONS TO CLAIMS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 2, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On _____________________________ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 11, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 2, 2009 | Susan Connor | /s/ Susan Connor |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

SERVICE BY E-MAIL

- Michael J Hauser michael.hauser@usdoj.gov
- Kerri A Lyman klyman@irell.com
- James M Miller jmiller@millerbarondess.com
- Louis R Miller smiller@millerbarondess.com
- Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Richard Pachulski – rpachulzki@pszjlaw.com
- Edward Soto - Edward.soto@weil.com
-

**SERVICE LIST FOR ENTERED ORDER**

Notice is given by the Court that a judgment or order entitled **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER ON OBJECTIONS TO CLAIMS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document will be served on the following person(s) by the Court via NEF and hyperlink to the judgment or order. As of July 2, 2009 the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the e-mail address(es) indicated below:

☒ Service information continued on next page

**SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on next page

**TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or e-mail on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or e-mail address(es) indicated below:

- Richard Pachulski – rpachulzki@pszjlaw.com
- Edward Soto - Edward.soto@weil.com
-

☐ Service information continued on next page

NEF SERVICE BY COURT

- Joseph M Adams jadams@sycr.com
- Raymond H Aver ray@averlaw.com
- James C Bastian jbastian@shbllp.com
- John A Boyd fednotice@tclaw.net
- Dan E Chambers dchambers@jmbm.com
- Shirley Cho scho@pszjlaw.com
- Vonn Christenson vrc@paynefears.com
- Vincent M Coscino emurdoch@allenmatkins.com
- Paul J Couchot pcouchot@winthropcouchot.com, pj@winthropcouchot.com
- Jonathan S Dabbieri dabbieri@shlaw.com
- Ana Damonte ana.damonte@pillsburylaw.com
- Melissa Davis mdavis@shbllp.com
- Daniel Denny ddenny@gibsondunn.com
- Caroline Djang crd@jmbm.com
- Donald T Dunning ddunning@dunningLaw.com
- Joseph A Eisenberg jae@jmbm.com
- Lei Lei Wang Ekvall lekvall@wgllp.com
- Richard W Esterkin resterkin@morganlewis.com
- Marc C Forsythe kmurphy@goeforlaw.com
- Alan J Friedman afriedman@irell.com
- Robert P Goe kmurphy@goeforlaw.com
- Eric D Goldberg egoldberg@stutman.com
- Kelly C Griffith bkemail@harrisbeach.com
- Asa S Hami ahami@morganlewis.com
- Michael J Hauser michael.hauser@usdoj.gov
- D Edward Hays ehays@marshackhays.com
- Michelle Hribar mhribar@rutan.com
- Lawrence A Jacobson laj@cohenandjacobson.com
- Stephen M Judson sjudson@fablaw.com
- David I Katzen katzen@ksfirm.com
- Christopher W Keegan ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com
- Irene L Kiet ikiet@hkclaw.com
- Mark J Krone mk@amclaw.com
- Leib M Lerner leib.lerner@alston.com
- Peter W Lianides pj@winthropcouchot.com
- Charles Liu cliu@winthropcouchot.com
- Kerri A Lyman klyman@irell.com
- Mariam S Marshall mmarshall@marshallramoslaw.com
- Robert C Martinez rmartinez@mclex.com
- Hutchison B Meltzer hmeltzer@wgllp.com
- Joel S. Miliband jmiliband@rusmiliband.com
- James M Miller jmiller@millerbarondess.com
- Louis R Miller smiller@millerbarondess.com
- Douglas M Neistat twilliams@greenbass.com

- Mike D Neue mneue@thelobelfirm.com
- Robert Nida Rnida@castlelawoffice.com
- Penelope Parmes pparmes@rutan.com
- Ronald B Pierce ronald.pierce@sdma.com
- Raymond A Policar hausermouzes@sbcglobal.net
- Cassandra J Richey cmartin@pprlaw.net
- Debra Riley driley@allenmatkins.com
- Martha E Romero Romero@mromerolawfirm.com
- William D Schuster bills@allieschuster.org
- Michael St James ecf@stjames-law.com
- Todd L Turoci tturoci@aol.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Jason Wallach jwallach@bergerkahn.com
- Christopher T Williams ctwilliams@venable.com
- David M Wiseblood dwiseblood@seyfarth.com
- Arnold H Wuhrman Wuhrman@serenitylls.com
- Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com

**EXHIBIT "2"**

PAUL J. COUCHOT - State Bar No. 131934
pcouchot@winthropcouchot.com
SEAN OKEEFE - State Bar No. 122417
**WINTHROP COUCHOT, P.C.**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4165
Facsimile: (949) 720-4111

General Insolvency Counsel for Administratively Consolidated Debtors-in-Possession and Counsel for SCC Acquisitions, Inc.

LOUIS R. MILLER, State Bar No. 54141
smiller@millerbarondess.com
MARTIN PRITIKIN, State Bar. No. 210845
**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Special Litigation Counsel

FILED & ENTERED
OCT 02 2009
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

In re

Palmdale Hills Property, LLC, and its Related Debtors,
Jointly Administered Debtors and Debtors-in-Possession

Affects:
☒ All Debtors
☐ Palmdale Hills Property, LLC,
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale,
☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
☐ SunCal Emerald Meadows LLC
☐ SunCal Bickford Ranch, LLC
☐ Acton Estates, LLC
☐ Seven Brothers LLC
☐ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☐ LBL-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC

Case No. 8:08-bk-17206-ES

Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574 ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES

Chapter 11 cases

**ORDER ON OBJECTIONS TO AND MOTION FOR ORDER STRIKING CLAIMS FILED BY THE LEHMAN ENTITIES**

DATE: June 30, 2009
TIME: 2:00 p.m.
PLACE: Courtroom 5A

Order#11204#5542c07d-0d29-4dcd-adcb-479b185025a0

*Caption Continued on Next Page*
*Continued from Previous Page*

☐ LBL-SunCal Northlake, LLC
☐ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

The hearing on the *Debtors' Objections To And Motion For Order Striking Claims Filed By The Lehman Entities* (the "Objection") filed by the debtors-in-possession listed above ("Voluntary Debtors") and by Mr. Steven M. Speier, as the duly-appointed Chapter 11 trustee ("Trustee") for LB-L-SunCal Oak Valley LLC, SunCal Heartland LLC, LB-L-SunCal Northlake LLC, SunCal Marblehead LLC, SunCal Century City LLC, SunCal PSV LLC, Delta Coves Venture LLC, SunCal Torrance LLC, and SunCal Oak Knoll LLC (the "Trustee Debtors") (the Voluntary Debtors and Trustee Debtors are collectively referred to as the "Debtors") came on for hearing before the undersigned United States Bankruptcy Judge on June 30, 2009, at 2:00 P.M., in Courtroom 5A of the above-entitled Court. The Voluntary Debtors appeared by and through their general insolvency counsel, Winthrop Couchot Professional Corporation, by Sean A. O'Keefe and Paul J. Couchot, and their special litigation counsel, Miller Barondess LLP, by Louis Miller and Martin Pritikin. The Chapter 11 Trustee appeared by and through his special litigation counsel, Miller Barondess LLP, by Louis Miller and Martin Pritikin. Lehman Commercial Paper Inc. ("Lehman Commercial"), Lehman ALI, Inc., Northlake Holdings and OVC Holdings (collectively the "Lehman Entities") appeared by and through their counsels, Pachulski Stang Ziehl & Jones LLP, by Richard Pachulski, and Weil, Gotshal & Manges LLP, by Edward Soto. Other appearances, if any, are as reflected in the Court's record of the hearing.

Based upon the Objection and supporting evidence, Lehman's Consolidated Opposition, the Debtors' Reply thereto, the arguments of counsel, and on the basis of the concurrently filed *Findings of Fact And Conclusions of Law* (the "Findings"), it is hereby

///

///

**ORDERED** that:

A) The Lehman Entities' contention that the transfer of the Sold Loans pursuant to the MRA was a transfer "for security," and consequently they retained the right to file the Proofs of Claim on the basis of their retained interest as owners, is rejected by the Court. As stated in the Findings, the transfer of the Sold Loans pursuant to the MRA was a true purchase and sale transaction, not a transfer for security. Accordingly, the Lehman Entities retained no right to file claims on this basis, under Federal Rule of Bankruptcy Procedure 3001(e)(1); and

B) The Lehman Entities' remaining contention that they were entitled to file the Proofs of Claim as the "creditor's authorized agent" under Federal Rule of Bankruptcy Procedure 3001(b) will be decided by the Court at a later hearing. A status conference on the setting of this hearing will be held on July 17, 2009, at the hour of 2:00 p.m.

###

DATED: October 2, 2009

United States Bankruptcy Judge

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

The foregoing document described: **ORDER ON OBJECTIONS TO AND MOTION FOR ORDER STRIKING CLAIMS FILED BY THE LEHMAN ENTITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 2, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On ______________________________ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 11, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 2, 2009 | Susan Connor | /s/ Susan Connor |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

SERVICE BY E-MAIL

- Michael J Hauser michael.hauser@usdoj.gov
- Kerri A Lyman klyman@irell.com
- James M Miller jmiller@millerbarondess.com
- Louis R Miller smiller@millerbarondess.com
- Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Richard Pachulski - rpachulzki@pszjlaw.com
- Edward Soto - Edward.soto@weil.com
-

## SERVICE LIST FOR ENTERED ORDER

Notice is given by the Court that a judgment or order entitled **ORDER GRANTING EMERGENCY MOTION FOR ORDER CONFIRMING THAT AUTOMATIC STAY DOES NOT APPLY TO PENDING SALE PROCEDURES MOTION AND RULING THEREON** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document will be served on the following person(s) by the Court via NEF and hyperlink to the judgment or order. As of July 2, 2009 the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the e-mail address(es) indicated below:

☒ Service information continued on next page

**SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on next page

**TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or e-mail on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or e-mail address(es) indicated below:

- Richard Pachulski – rpachulzki@pszjlaw.com
- Edward Soto - Edward.soto@weil.com
-

☐ Service information continued on next page

NEF SERVICE BY COURT

- Joseph M Adams jadams@sycr.com
- Raymond H Aver ray@averlaw.com
- James C Bastian jbastian@shbllp.com
- John A Boyd fednotice@tclaw.net
- Dan E Chambers dchambers@jmbm.com
- Shirley Cho scho@pszjlaw.com
- Vonn Christenson vrc@paynefears.com
- Vincent M Coscino emurdoch@allenmatkins.com
- Paul J Couchot pcouchot@winthropcouchot.com, pj@winthropcouchot.com
- Jonathan S Dabbieri dabbieri@shlaw.com
- Ana Damonte ana.damonte@pillsburylaw.com
- Melissa Davis mdavis@shbllp.com
- Daniel Denny ddenny@gibsondunn.com
- Caroline Djang crd@jmbm.com
- Donald T Dunning ddunning@dunningLaw.com
- Joseph A Eisenberg jae@jmbm.com
- Lei Lei Wang Ekvall lekvall@wgllp.com
- Richard W Esterkin resterkin@morganlewis.com
- Marc C Forsythe kmurphy@goeforlaw.com
- Alan J Friedman afriedman@irell.com
- Robert P Goe kmurphy@goeforlaw.com
- Eric D Goldberg egoldberg@stutman.com
- Kelly C Griffith bkemail@harrisbeach.com
- Asa S Hami ahami@morganlewis.com
- Michael J Hauser michael.hauser@usdoj.gov
- D Edward Hays ehays@marshackhays.com
- Michelle Hribar mhribar@rutan.com
- Lawrence A Jacobson laj@cohenandjacobson.com
- Stephen M Judson sjudson@fablaw.com
- David I Katzen katzen@ksfirm.com
- Christopher W Keegan ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com
- Irene L Kiet ikiet@hkclaw.com
- Mark J Krone mk@amclaw.com
- Leib M Lerner leib.lerner@alston.com
- Peter W Lianides pj@winthropcouchot.com
- Charles Liu cliu@winthropcouchot.com
- Kerri A Lyman klyman@irell.com
- Mariam S Marshall mmarshall@marshallramoslaw.com
- Robert C Martinez rmartinez@mclex.com
- Hutchison B Meltzer hmeltzer@wgllp.com
- Joel S. Miliband jmiliband@rusmiliband.com
- James M Miller jmiller@millerbarondess.com
- Louis R Miller smiller@millerbarondess.com
- Douglas M Neistat twilliams@greenbass.com

- Mike D Neue mneue@thelobelfirm.com
- Robert Nida Rnida@castlelawoffice.com
- Penelope Parmes pparmes@rutan.com
- Ronald B Pierce ronald.pierce@sdma.com
- Raymond A Policar hausermouzes@sbcglobal.net
- Cassandra J Richey cmartin@pprlaw.net
- Debra Riley driley@allenmatkins.com
- Martha E Romero Romero@mromerolawfirm.com
- William D Schuster bills@allieschuster.org
- Michael St James ecf@stjames-law.com
- Todd L Turoci tturoci@aol.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Jason Wallach jwallach@bergerkahn.com
- Christopher T Williams ctwilliams@venable.com
- David M Wiseblood dwiseblood@seyfarth.com
- Arnold H Wuhrman Wuhrman@serenitylls.com
- Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com

# EXHIBIT "3"

FILED & ENTERED
APR 12 2010
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall DEPUTY CLERK

LOUIS R. MILLER, State Bar No. 54141
smiller@millerbarondess.com
MARTIN PRITIKIN, State Bar. No. 210845
mpritikin@millerbarondess.com
BRIAN PROCEL, State Bar No. 218657
bprocel@millerbarondess.com
**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Special Litigation Counsel for
Jointly Administered Debtors in Possession
and Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA DIVISION**

In re

PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,
Jointly Administered Debtors and Debtors-in-Possession

**ADVERSARY PROCEEDING**

PALMDALE HILLS PROPERTY, LLC, et al.,

Plaintiffs,

v.

LEHMAN ALI, INC., et al.,

Defendants.

**CASE NO. 8:08-bk-17206-ES**
Jointly Administered With Case Nos.
8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573 ES;
8:08-bk-17574-ES; 8:08-bk-17575 ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES;
8:08-bk-17588-ES
**Adversary No. 8:09-ap-01005-ES**

**ORDER RE LEHMAN ENTITIES' AMENDED MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Hearing: February 11, 2010
Time: 2:00 p.m.
Ctrm.: 5A

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**ORDER**

**IT IS HEREBY ORDERED** that the Lehman Lenders Amended Motion to Dismiss Plaintiffs' Third Amended Complaint ("Motion to Dismiss") is **GRANTED IN PART AND DENIED IN PART.**

1) The decision in *Lehman Commercial Paper, Inc. v. Palmdale Hills Property, LLC* (*In re Palmdale Hills Property, LLC*), -- B.R. --, 2009 WL 5812119 (B.A.P. 9th Cir. 2009) is binding on this Court.

2) Under *In re Palmdale Hills Property, LLC*, the claims for relief brought against Defendant Lehman Commercial Paper Inc. ("LCPI") – namely, claims 1, 5, 7, 8, and 9 – are affirmative relief and, therefore violate LCPI's automatic stay. Consequently, the first, fifth, seventh, eighth, and ninth claims for relief are dismissed without prejudice to the extent that they are brought against LCPI. Plaintiffs must seek relief from LCPI's automatic stay in the United States Bankruptcy Court for the Southern District of New York in order to bring any claims against LCPI in this adversary proceeding.

3) As to the remaining Defendants,[1] the Motion to Dismiss:

a. the first claim for relief is DENIED;

b. the second claim for relief is DENIED;

c. the third claim for relief is GRANTED WITHOUT PREJUDICE;

d. the fourth claim for relief is GRANTED WITHOUT PREJUDICE;

e. the fifth claim for relief is DENIED;

f. the sixth claim for relief is GRANTED WITHOUT PREJUDICE to the extent that Plaintiffs seek to avoid and recover certain prepetition transfers from SunCal Marblehead Heartland Master LLC to Defendant Lehman ALI in the amount of $3,390,280.37 and is DENIED in all other respects;

g. the seventh claim for relief is DENIED;

[1] Defendants Lehman ALI, Inc. ("Lehman ALI"), OVC Holdings LLC, Northlake Holdings LLC, and LV Pacific Point, LLC.

h. the eighth claim for relief is DENIED;

i. the ninth claim for relief is GRANTED WITHOUT PREJUDICE.

4) In sum, as to the remaining Defendants, the third, fourth, and ninth claims for relief are dismissed in their entirety without prejudice, and the sixth claim for relief is dismissed in part consistent with this Order.

5) Plaintiffs may file an amended complaint by April 9, 2010.

**IT IS SO ORDERED.**

###

DATED: April 12, 2010

United States Bankruptcy Judge

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described **ORDER RE LEHMAN ENTITIES' AMENDED MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _______________ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On ______________________________ I served the following person(s) and/or entity(ies) at thelast known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 18, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 18, 2010 | Carole Conklin | /s/ Carole Conklin |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**SERVICE LIST**

I. **Served by NEF**

n/a

II. **Served By U.S. Mail**

n/a

II. **Served by Personal Delivery, Facsimile Transmission or Email**

BY ATTORNEY SERVICE

Judge's Copy
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Bldg and United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

BY EMAIL

Lehman Ali, Inc., Lehman Commercial Paper, Inc., OVC Holdings, Northlake Holdings, LV Pacific Point
Weil Gostshal & Manges LLP
edward.soto@weil.com
elisa.lemmer@weil.com
shai.waisman@weil.com
allen.blaustein@weil.com
lauren.zerbinopoulos@weil.com

Pachulski Stang Ziehl & Jones LLP
rpachulski@pszjlaw.com
dziehl@pszjlaw.com

Fenway Capital LLC
Dewey & LeBoeuf LLP
rreinthaler@DeweyLeBoeuf.com
clevy@DeweyLeBoeuf.com
jschreiber@dl.com

Lehman Re Ltd
Cadwalader, Wickersham & Taft LLP
jonathan.hoff@cwt.com
liz.butler@cwt.com

DLA Piper
betty.shumener@dlapiper.com

LB/L-Duc III Master LLP
Joseph A. Eisenberg
jae@jmbm.com

Counsel for Chapter 11 Trustee Steven M. Speier
The Lobel Firm, LLP
wlobel@thelobelfirm.com

General Insolvency Counsel for Jointly Administered Debtors in Possession
Winthrop Couchot, P.C.
pcouchot@winthropcouchot.com
plianides@winthropcouchot.com
sokeefe@winthropcouchot.com

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER RE LEHMAN ENTITIES' AMENDED MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):</u>** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **March 18, 2010** the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service Information continued on attached page

**II. <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. <u>TO BE SERVED BY THE LODGING PARTY:</u>** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

## SERVICE LIST

I. **Served by NEF**

- Selia M Acevedo sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph A Eisenberg jae@jmbm.com
- Lei Lei Wang Ekvall lekvall@wgllp.com
- Alan J Friedman afriedman@irell.com
- Christian J Gascou cgascou@gascouhopkins.com
- Kelly C Griffith bkemail@harrisbeach.com
- Jonathan M Hoff jonathan.hoff@cwt.com
- Christopher W Keegan ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com;tshafroth@kirkland.com
- Kerri A Lyman klyman@irell.com
- Hutchison B Meltzer hmeltzer@wgllp.com
- James M Miller jmiller@millerbarondess.com
- Henry H Oh henry.oh@dlapiper.com, bambi.clark@dlapiper.com
- Sean A Okeefe sokeefe@okeefelc.com
- John E Schreiber jschreiber@dl.com
- Steven M Speier Sspeier@Squarmilner.com, ca85@ecfcbis.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Christopher T Williams ctwilliams@venable.com, jcontreras@venable.com
- Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com

II. **Served By U.S. Mail**

n/a

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**III. Served by Personal Delivery, Facsimile Transmission or Email**

BY EMAIL

Lehman Ali, Inc., Lehman Commercial Paper, Inc., OVC Holdings, Northlake Holdings, LV Pacific Point
Weil Gostshal & Manges LLP
edward.soto@weil.com
elisa.lemmer@weil.com
shai.waisman@weil.com
allen.blaustein@weil.com
lauren.zerbinopoulos@weil.com

Pachulski Stang Ziehl & Jones LLP
rpachulski@pszjlaw.com
dziehl@pszjlaw.com

Fenway Capital LLC
Dewey & LeBoeuf LLP
rreinthaler@DeweyLeBoeuf.com
clevy@DeweyLeBoeuf.com
jschreiber@dl.com

Lehman Re Ltd
Cadwalader, Wickersham & Taft LLP
jonathan.hoff@cwt.com
liz.butler@cwt.com

DLA Piper
betty.shumener@dlapiper.com

LB/L-Duc III Master LLP
Joseph A. Eisenberg
jac@jmbm.com

Counsel for Chapter 11 Trustee Steven M. Speier
The Lobel Firm, LLP
wlobel@thelobelfirm.com

General Insolvency Counsel for
Jointly Administered Debtors in Possession
Winthrop Couchot, P.C.
pcouchot@winthropcouchot.com
plianides@winthropcouchot.com
sokeefe@winthropcouchot.com

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL. (310) 552-4400 FAX (310) 552-8400