UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re                                                   :         Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.* :                        08-13555 (JMP)
                                                        :
              Debtors.                                  :         (Jointly Administered)
                                                        :
-----------------------------------------------------------------X

## SUMMARY STATEMENT FOR FOURTH INTERIM FEE APPLICATION OF BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

| | |
|---|---|
| **Name of Applicant:** | Bingham McCutchen LLP |
| **Time Periods:** | October 1, 2009 through January 31, 2010 |
| **Role in the Case:** | Bingham McCutchen LLP is Retained as Special Counsel to the Debtors Under Section 327(e) of the Bankruptcy Code |
| **Current Application:** | Total Fees Requested:  $2,605,491.77<br>Total Expenses Requested:  $97,483.70 |
| **Prior Applications:** | First Interim Fee Application Dated April 9, 2009<br>Second Interim Fee Application Dated August 14, 2009<br>Third Interim Fee Application Dated December 14, 2009 |
| **This Application is:** | __X__ Interim _____ Final |

## Professional Hours Billed During Fourth Interim Fee Period

### Partners and of Counsel

| Timekeeper | Admission Date | Position | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Bowers, Christopher P. | 1999 | Partner | 235.50 | 215,610.00 |
| Bridgeman, James D. | 1981 | Partner | 105.50 | 102,685.00 |
| Brockway, David | 1972 | Partner | 184.40 | 189,701.00 |
| Buch, Ronald L. | 1993 | Partner | 56.20 | 43,944.00 |
| Desmond, Michael | 1994 | Partner | 3.40 | 3,293.00 |
| Dillon, Sheri A. | 1999 | Partner | 318.50 | 263,789.50 |
| Farmer, Scott | 1989 | Partner | 1.00 | 995.00 |
| Fitzgerald, Brian W. | 1981 | Partner | 1.00 | 785.00 |
| Goldman, Gerald | 1968 | Of Counsel | 5.40 | 5,373.00 |
| Gouwar, James A. | 1985 | Partner | 0.30 | 298.50 |
| Greer, Stefanie | 2002 | Of Counsel | 26.00 | 16,807.00 |
| Howard, Jasper A. | 1989 | Partner | 1.00 | 970.00 |
| Jewett, Susan | 1977 | Of Counsel | 1.00 | 950.00 |
| Johnson, Jeffrey R. | 1993 | Partner | 31.80 | 23,466.00 |
| Katcher, Bob | 1978 | Partner | 1.30 | 1,268.50 |
| Levy, Michael | 1991 | Partner | 3.40 | 3,094.00 |
| Leyva, Natan J. | 1991 | Partner | 118.70 | 92,835.50 |
| Madan, Raj | 1993 | Partner | 282.80 | 255,810.50 |
| Magee, John B. | 1972 | Partner | 47.30 | 47,063.50 |
| Nelson, Will | 1972 | Partner | 1.90 | 1,960.50 |
| Salmons, David B. | 1998 | Partner | 13.60 | 10,722.50 |
| Sweet, Charles A. | 1986 | Partner | 2.30 | 1,943.50 |
| | | **Total:** | **1,442.30** | **$  1,283,365.50** |

### Counsel

| Timekeeper | Admission Date | Position | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Herald, Asa | 2002 | Counsel | 0.50 | 332.50 |
| | | **Total:** | **0.50** | **$    332.50** |

### Associates, Staff and Contract Attorneys

| Timekeeper | Admission Date | Position | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Amanti, Lena | 2004 | Associate | 132.60 | 82,362.00 |
| Banvard, Honor | 2008 | Associate | 23.90 | 10,038.00 |
| Glass, Jason E. | 2009 | Associate | 31.60 | 10,918.00 |
| Hagan, Robert P. | 2007 | Associate | 9.50 | 4,845.00 |
| Hintmann, Brooke | 2002 | Con. Atty. | 68.80 | 45,752.00 |
| Jaramillo, Victor | 2008 | Associate | 118.90 | 50,443.00 |
| Killian, Bryan M. | 2006 | Associate | 11.20 | 6,920.00 |
| Laughlin, Anne M. | 2008 | Associate | 0.40 | 176.00 |
| Leonard, Bob | 2007 | Associate | 196.90 | 98,397.00 |
| Levin, Michelle A. | 2005 | Associate | 17.60 | 9,856.00 |
| Margulies, Oren | 2006 | Associate | 202.90 | 108,687.00 |
| Martin, Elizabeth L. | 2004 | Associate | 0.20 | 134.00 |
| Mears, Veronica | 2008 | Associate | 3.10 | 1,535.00 |
| Mezei, Saul | 2003 | Associate | 79.30 | 41,094.00 |
| Mohan, Anand | 2008 | Associate | 17.90 | 7,793.00 |
| Murphy, Christopher P. | 2007 | Associate | 0.20 | 102.00 |
| Otero, Kevin | 2005 | Associate | 128.60 | 79,396.00 |
| Peppelman, David | 2008 | Associate | 6.20 | 3,022.50 |
| Rankin, Kiara | 2007 | Associate | 420.80 | 198,176.50 |
| Stults, Kevin R. | 2005 | Associate | 533.00 | 310,420.00 |
| Tidwell, Royce | 2007 | Associate | 67.50 | 32,312.50 |
| Wilson, Justin T. | 2007 | Associate | 125.10 | 55,044.00 |
| | | **Total:** | **2,196.20** | **$  1,157,423.50** |

3

## Paraprofessionals - Paralegal and Library Researcher

| Timekeeper | Admission Date | Position | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Capato, Gina M. | N/A | Paralegal V | 5.20 | 1,700.50 |
| Abdel-Nour, Francesca | N/A | Paralegal I | 80.10 | 18,482.00 |
| Bohls, Dawn | N/A | Lib. Rsrchr | 23.40 | 7,605.00 |
| Hensel, Jeannie H. | N/A | Cont. Para. | 181.00 | 59,561.50 |
| Kehoe, Paul | N/A | Paralegal V | 66.90 | 21,964.50 |
| Owens, Angela M. | N/A | Paralegal IV | 204.10 | 52,708.50 |
| Rodriguez, Michelle | N/A | Paralegal IV | 30.00 | 9,077.50 |
| Ross, Mark | N/A | Paralegal III | 1.90 | 560.50 |
| Trevicano, Luis | N/A | Paralegal II | 2.00 | 510.00 |
| | | **Total:** | **594.60** | **$    172,170.00** |

## Paraprofessionals - Litigation Support Specialists

| Timekeeper | Admission Date | Position | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Campbell, Chad | N/A | Lit Sup Spec | 26.60 | 6,866.00 |
| Currin, Alan | N/A | Lit Sup Spec | 24.80 | 7,895.00 |
| Flickinger, Peter F. | N/A | Lit Sup Spec | 3.10 | 748.50 |
| | | **Total:** | **54.50** | **$    15,509.50** |

## Summary of Professionals and Paraprofessionals

| Professional Title | Blended Rate | Hours Billed | Total Compensation |
|---|---|---|---|
| Partner and Of Counsel | $889.80 | 1,442.30 | 1,283,365.50 |
| Counsel | $665.00 | 0.50 | 332.50 |
| Associate and Staff Attorney | $527.01 | 2,196.20 | 1,157,423.50 |
| Paraprofessional - Paralegal | $289.56 | 594.60 | 172170.00 |
| Paraprofessional - Litigation Support | $284.58 | 54.50 | 15509.50 |
| **Subtotal:** | | **4,288.10** | **$    2,628,801.00** |
| **Less Applicable Credit Reflected on December Monthly Statement** | | | **($23,309.23)** |
| **Total:** | | | **$2,605,491.77** |

### Professional Services Rendered by Category During Fourth Interim Fee Period

| Matter Number | Matter Description | Hours Billed | Amount |
|---|---|---|---|
| 1101400001 | Matter 001 | 116.30 | $63,534.00 |
| 1101400015 | Matter 015 | 96.50 | $48,930.00 |
| 1101400382 | Matter 382 | 604.00 | $406,676.00 |
| 1101400395 | Matter 395 | 86.10 | $59,922.50 |
| 1101400397 | Matter 397 | 0.30 | $76.50 |
| 1101400402 | Matter 402 | 53.50 | $32,657.00 |
| 1101400474 | Matter 474 | 374.20 | $201,220.50 |
| 1101400489 | Matter 489 | 84.70 | $51,471.00 |
| 1101400502 | Matter 502 | 504.50 | $335,934.50 |
| 1101400561 | Matter 561 | 271.20 | $154,465.00 |
| 1101400667 | Matter 667 | 444.60 | $277,407.50 |
| 1101400750 | Matter 750 | 271.00 | $136,504.50 |
| 1101400798 | Matter 798 | 9.30 | $6,215.50 |
| 1101400810 | Matter 810 | 5.80 | $2,050.00 |
| 1101400902 | Fee Application Preparation | 331.20 | $140,393.50 |
| 1101400903 | Retention Application | 65.40 | $29,055.50 |
| 1101400910 | Matter 910 | 374.80 | $233,039.00 |
| 1101400911 | Matter 911 | 33.40 | $25,648.50 |
| 1101400912 | Matter 912 | 412.70 | $277,396.00 |
| 1101400913 | Matter 913 | 4.20 | $1,963.00 |
| 342678 | Matter 342678 | 144.40 | $144,241.00 |
| **Subtotal** | | **4,288.10** | **$2,628,801** |
| **Less Applicable Credit Reflected on December Monthly Statement** | | | **($23,309.23)** |
| **Total** | | | **$2,605,491.77** |

## Expenses Incurred During Fourth Interim Fee Period

| Expense Category | Amount |
|---|---|
| Consulting | $42,191.00 |
| Facsimile | $117.00 |
| Filing Fee | $676.15 |
| Index/Binding | $374.25 |
| Meals: Client Meetings | $3,017.19 |
| Meals: Overtime | $52.86 |
| Messenger/Courier | $1,041.60 |
| Online Legal Research | $20,609.83 |
| Other Legal Research | $1,337.06 |
| Photocopies | $5,387.25 |
| Photocopies: Color | $3,155.15 |
| Photocopies: Outside Vendor | $439.60 |
| Teleconferencing Charges | $164.15 |
| Telephone Charge | $688.86 |
| Travel: Air Transportation | $7,083.36 |
| Travel: Ground Transportation | $3,558.13 |
| Travel: Lodging | $7,302.15 |
| Travel: Meals | $668.25 |
| Travel: Miscellaneous | $18.00 |
| Travel: Parking | $162.00 |
| Travel: Rail Transportation | $1,510.60 |
| **Subtotal** | **99,554.44** |
| **Less Applicable Credit Provided on November Statement** | **($2,070.74)** |
| **Total** | **$97,483.70** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                      :

In re                               :        Chapter 11 Case No.

                                        :

LEHMAN BROTHERS HOLDINGS INC., *et al.* :        08-13555 (JMP)

                                        :

         Debtors.                 :        (Jointly Administered)

                                        :
-------------------------------------------------------------------X

## FOURTH INTERIM FEE APPLICATION OF BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Bingham McCutchen LLP ("Bingham"), special counsel for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), files its Fourth Interim Fee Application (the "Application") seeking compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors from October 1, 2009, through January 31, 2010 (the "Fourth Interim Fee Period"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Application, Bingham respectfully states as follows:

## Background

### A.    The Chapter 11 Cases

1.    Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers, Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned Chapter 11 Cases (the "Examiner") and, by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

5.    On May 26, 2009, the Court appointed a fee committee in the above-captioned Chapter 11 Cases (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") [Docket No. 3651].

2

## B.    The Debtors' Businesses

6.    Prior to the events leading up to these Chapter 11 Cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide.

7.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these Chapter 11 Cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Jurisdiction

8.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

9.    The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").  By this Application, Bingham respectfully seeks Court approval and allowance for compensation for professional services rendered to the Debtors during the Fourth Interim Fee Period in the aggregate amount of $2,605,491.77 and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate amount of $97,483.70.

3

## Basis for Relief

### A. Bingham's Retention

10.    On August 14, 2009,[1] the Debtors filed an Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Bingham McCutchen LLP as Special Counsel, *nunc pro tunc*, to August 1, 2009 [Docket No. 4811].  The application was approved by order dated August 25, 2009 [Docket No. 4927].[2]  In connection therewith, Bingham filed the Supplemental Declaration of Rajiv Madan on Behalf of Bingham McCutchen Pursuant to Sections 327, 328(a), 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules [Docket No. 4636] (the "August Declaration").  Since the filing of the August Declaration, Bingham has filed an additional supplemental disclosure with the Court. [Docket No. 5602].

### B. Compensation

11.    On April 9, 2009, McKee filed its First Interim Fee Application seeking compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from September 15, 2008, through January 31, 2009 (the "First Interim Fee Application") [Docket No. 3318], seeking Court approval and allowance for compensation for professional services rendered to the Debtors in the aggregate of $2,727,562.00 and for

---

[1] Bingham combined with McKee Nelson LLP ("McKee"), effective August 1, 2009.  McKee was previously retained by the Debtors for the tax and securitization matters.  As a result of the combination, all of the McKee attorneys who represented the Debtors in their Chapter 11 Cases are now attorneys at Bingham.

[2] On February 19, 2010, the Debtors filed a Motion Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Amend the Order Approving Retention of Bingham McCutchen LLP as Special Counsel to the Debtors, *nunc pro tunc*, to the Engagement Date [Docket No. 7175], in connection with a supplemental matter.  Bingham's retention by the Debtors for the supplemental matter was approved by Court Order on March 9, 2010 [Docket No. 7491].  All fees and expenses incurred prior to the Order were billed in the first monthly statement following the Court's approval, and will be included in the fee application including that statement.

4

reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate of $105,916.85. The Court granted the First Interim Fee Application, awarding $2,454,805.80 in fees and $105,916.85 in expenses, by order dated August 13, 2009, reflecting a 50% reduction in the initial 20% holdback of fees, to be awarded by the Court in the future [Docket No. 4795]. On August 20, 2009, Bingham received the release of the first 10% of the initial holdback amount pursuant to the Court's order. On September 25, 2009, the Court awarded Bingham the remaining 10% of fees for the First Interim Fee Period [Docket No. 5274], and Bingham received this remaining holdback amount on October 20, 2009.

12.    On August 14, 2009, Bingham filed its Second Interim Fee Application seeking compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from February 1, 2009, through May 31, 2009 (the "Second Interim Fee Application") [Docket No. 4810], seeking Court approval and allowance for compensation for professional services rendered to the Debtors in the aggregate of $2,967,972.25 and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate of $171,034.92. By Order dated September 25, 2009, the Court granted the Second Interim Fee Application, awarding $2,671,175.03 in fees and $171,034.92 in expenses, reflecting a 50% reduction in the initial 20% holdback of fees [Docket No. 5274]. Bingham received the release of the first 10% of the initial holdback amount on October 20, 2009. The Court's order awarding the remaining 10% of the initial holdback amount was conditioned on receiving a final recommendation by the Fee Committee of potential deductions. On December 23, 2009, the Court entered an Order granting the remaining holdback for the Second Interim Fee Period after applying the Fee Committee's final recommended deductions to

the outstanding amounts [Docket No. 6354]. Bingham received the remaining holdback amount pursuant to the Court's Order on December 30, 2009. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

13.    On December 14, 2009, Bingham filed its Third Interim Fee Application seeking compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from June 1, 2009, through September 30, 2009 (the "Third Interim Fee Application") [Docket No. 6177], seeking Court approval and allowance for compensation for professional services rendered to the Debtors in the aggregate of $2,674,901.00 and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate of $108,636.71. On April 9, 2010, the Court entered an Order Granting Applications for the Allowances of Interim Compensation for the Period of June 1, 2009, Through September 30, 2009, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 8211], awarding Bingham $2,594,831.51 in fees and $107,213.40 in expenses, applying the Fee Committee's final recommended deductions to the requested amounts. As of this filing, Bingham has not received the outstanding amounts pursuant to the Court's order. Bingham has reserved its rights to challenge the Fee Committee's recommended deductions.

C.    **Applicable Authority**

14.    This Application has been prepared in accordance with:    (a) the Administrative Order Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, approved by the Board of Judges on April 19, 1995 (the "Local Guidelines"); (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

issued January 30, 1996 (the "UST Guidelines"); and (c) the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated June 25, 2009 [Docket No. 4165] (the "Interim Fee Order," and collectively with the Local Guidelines and the UST Guidelines, the "Guidelines"). Pursuant to the Guidelines, a certification regarding compliance with the same is attached hereto as Exhibit A.

15.    In preparing this Application, Bingham has also reviewed and considered the Fee Committee Reports Pertaining to the First, Second, and Third Interim Fee Applications of All Retained Professionals (the "Committee Reports") [Docket Nos. 4655, 5104, 6165, and 7498, respectively]. Bingham has also received specific guidance from the Fee Committee and has considered such guidance in preparing this Application.

## Fees and Expenses

16.    During the Fourth Interim Fee Period, Bingham provided professional services in the aggregate of $2,605,491.77 and incurred expenses in the aggregate of $97,483.70. Bingham professionals and paraprofessionals expended a total of 4,288.10 hours for which compensation is requested. Bingham's requests for compensation in the monthly fee statements are broken down as follows:

| Period Covered | Hours | Requested | | Received | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 10/01/2009 to 10/31/2009 | 736.90 | $432,091.50 | $33,745.41 | $345,673.20 | $33,745.41 | $86,418.30 | $0.00 |
| 11/01/2009 to 11/30/2009 | 1149.4 | $732,952.00 | $16,684.48 | $586,361.60 | $14,613.74 | $146,590.40 | $0.00 |
| 12/01/2009 to 12/31/2009 | 1,107.50 | $584,815.77[3] | $27,743.59 | $467,852.62 | $27,743.59 | $116,963.15 | $0.00 |
| 01/01/2010 to 01/30/2010 | 1,294.30 | $855,632.50 | $21,380.96 | $684,506.00 | $21,380.96 | $171,126.50 | $0.00 |
| Totals: | 4,288.10 | $2,605,491.77 | $99,554.44 | $2,084,393.42 | $97,483.70 | $521,098.35 | $0.00 |

---

3 Amount reflects credit of $23,309.23 provided on December monthly statement.

17.    During the Fourth Interim Fee Period, other than pursuant to the Interim Fee Order, Bingham has not received payment or promises of payment from any source for services rendered or to be rendered in these Chapter 11 Cases.  There is no agreement or understanding between Bingham and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Bingham has not received a security retainer or advance payment for fees and expenses incurred in connection with its representation of the Debtors in these Chapter 11 Cases.

18.    Bingham charged its fees in these Chapter 11 Cases in accordance with billing rates and procedures in effect during the Fourth Interim Fee Period and as set forth in the Retention Application.  On January 1, 2010, Bingham adjusted the billing rates for professionals and paraprofessionals in the normal course of its business.  The rates charged by Bingham for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are similar to the rates charged by Bingham for professional services rendered in comparable non-bankruptcy related matters.

19.    Pursuant to the Guidelines, attached hereto as Exhibit B is a schedule setting forth all Bingham professionals and paraprofessionals who performed services during the Fourth Interim Fee Period, the position of each professional at Bingham during the Fourth Interim Fee Period, the date of bar admission for each professional, the hours worked by each professional and paraprofessional, and the hourly rate of each professional and paraprofessional. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases.

20.    Pursuant to the Guidelines, attached hereto as Exhibit C is a summary of Bingham's time records billed during the Fourth Interim Fee Period, utilizing the project

8

categories as described below.  Detailed records of the hours expended and associated fees by professionals and paraprofessionals during the Fourth Interim Fee Period are attached hereto as Exhibits C1-C4.  To protect confidentiality and maintain attorney-client privilege and work product protection over the advice Bingham has provided to the Debtors, Bingham has redacted its time entry and expense descriptions.  Similarly, Bingham has used matter numbers in lieu of substantive matter names and replaced references to underlying substantive issues with these matter numbers in its time entry descriptions.

21.    Pursuant to the Guidelines, attached hereto as Exhibit D is a categorical summary of the expenses billed during the Fourth Interim Fee Period.[4]  Detailed records of the expenses billed during the Fourth Interim Fee Period are attached hereto within Exhibits C1-C4.

22.    To the extent that time or expense charges for services rendered or expenses incurred relate to the Fourth Interim Fee Period, but were not processed prior to the preparation of the Application, Bingham reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**Summary of Services**

23.    In accordance with the Retention Order, Bingham provided such services as were necessary and appropriate in order to advise the Debtors regarding tax controversy and certain securitization and capital markets matters in the course of these Chapter 11 Cases.  The full scope and breadth of the services rendered is reflected in the monthly statements, which have been provided to the Notice Parties (as defined in the Interim Fee Order) and incorporated herein as Exhibits C1-C4.

---

[4] Detailed descriptions of voluntary reductions taken at the time of filing the October 2009 through January 2010 invoices are listed in Exhibit D1.

24.    During the Fourth Interim Fee Period, Bingham rendered a substantial amount of professional services for the Debtors.  The following is a summary by category of the significant professional services rendered by Bingham during the Fourth Interim Fee Period:

a.    1997-2000 Refund Claims

Bingham professionals and paraprofessionals rendered services in connection with pursuing an administrative resolution of Debtors' claims for refund from the Internal Revenue Service (the "IRS") of taxes, penalties, and interest paid for the 1997-2000 tax years (the "1997-2000 Refund Claims").  These services are noted in Exhibits C1-C4 under Matter Codes 382, 395, 474, 489, 912 and 913.  In total, Bingham, on behalf of LBHI, pursued five different issues involving administrative claims for refund for one or more of the 1997-2000 tax years.  Specifically, Bingham professionals coordinated with the IRS and the Department of Justice (the "DOJ") to further develop a process for attempting to administratively resolve the issues, continued to develop the defense of the tax positions taken for each unresolved issue from the 1997-2000 tax years, prepared and submitted supplemental legal briefs detailing Debtors' facts and legal grounds for recovery for two major issues, participated in numerous meetings and teleconferences with the IRS regarding the 1997-2000 Refund Claims, prepared and submitted additional document productions to the DOJ and the IRS, prepared for and attended mediation conferences in attempts to resolve certain issues, brought certain matters to a successful resolution through such mediation conferences, prepared settlement documents reflecting those resolutions, and continued preparation for litigation on matters for which no resolution could be reached.  This process entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate.  In addition, Bingham professionals conducted other tasks and

10

projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

      b.    <u>2001-2005 Audit</u>

Bingham professionals and paraprofessionals helped manage the IRS audit of Debtors' 2001-2005 tax years (the "<u>2001-2005 Audit</u>"), which implicates at least 20 significant issues, some of which are carryover issues from those included in the 1997-2000 Refund Claims. These services are noted in <u>Exhibits C1-C4</u> under Matter Codes 382, 395, 397, 402, 474, 489, 502, 667, 798, 810, 910, and 911. Specifically, Bingham professionals produced documents in response to IRS Information Document Requests ("<u>IDRs</u>"), drafted narrative answers to interrogatory questions, conducted legal and factual research and analysis with respect to various issues, and assessed and asserted privilege claims on behalf of the Debtors (collectively, "<u>Audit Management</u>"). In addition, Bingham professionals coordinated with the DOJ and the IRS to further develop a process for attempting to administratively resolve the issues, continued to develop the facts and the legal grounds for recovery relating to each unresolved issue from the 2001-2005 tax years, participated in numerous meetings and teleconferences with the IRS regarding the 2001-2005 Audit, drafted legal and factual memoranda with respect to the issues raised, analyzed positions in preparation for settlement negotiations, prepared for and attended mediation conferences in an attempt to resolve certain issues, brought certain issues to a successful resolution, prepared settlement documents reflecting those resolutions, and continued preparation for litigation on certain issues for which no resolution could be reached. This process entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate. Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

c.    Transaction Audits

Bingham professionals and paraprofessionals advised on and helped manage two other of Debtors' ongoing IRS audits involving specific aspects of Debtors' business activities (the "Transaction Audits"). These services are noted in Exhibits C1-C4 under Matter Codes 561 and 750.  In addition to Audit Management, Bingham professionals researched and analyzed transaction data to further develop factual and legal arguments on the Debtors' behalf, drafted legal memoranda with respect to the issues raised, prepared document productions and responses to IRS summonses, and participated in numerous meetings and teleconferences with the IRS regarding the Transaction Audits.   This process entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate.   Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

d.    2006-2007 Audit

Bingham professionals and paraprofessionals helped manage the postpetition IRS audit of Debtors' 2006-2007 tax years (the "2006-2007 Audit"), which implicates several issues, some of which carryover from those included in the 1997-2000 Refund Claims and the 2001-2005 Audit.  These services are noted in Exhibits C1-C4 under Matter Codes 382, 402, 489, 502, 667, and 810.  In addition to Audit Management, Bingham professionals coordinated with the DOJ and the IRS to further develop a process for attempting to administratively resolve the issues, continued to develop the facts and legal grounds for recovery relating to each unresolved issue, participated in numerous meetings and teleconferences with the IRS regarding the 2006-2007 Audit, drafted legal memoranda with respect to the issues raised, prepared for and attended mediation conferences in attempts to resolve certain issues, and brought certain issues

12

to a successful resolution. This process entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate. Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

      e.    <u>Advice on Procedural Issues Specific to Tax Controversies in Bankruptcy</u>

      Bingham professionals and paraprofessionals advised Debtors on a variety of procedural issues specific to tax controversies in bankruptcy. These services are noted in <u>Exhibits C1-C4</u> under Matter Codes 001 and 911. Specifically, Bingham professionals analyzed and prepared various tax calculations, participated in meetings and teleconferences and performed legal research regarding tax liability issues, and responded to inquiries from the Debtors' tax department. Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

      f.    <u>Case Administration</u>

      This category pertains to coordination activities among Bingham professionals and paraprofessionals rendering tax controversy advice in these proceedings. These services are noted in <u>Exhibits C1-C4</u> under Matter Codes 402 and 912. Bingham professionals coordinated with the DOJ and the IRS to further develop a process for attempting to administratively resolve the issues, discussed procedure with the Debtors' tax department to position the various matters for litigation or resolution in appeals, performed ongoing management of the issues related to the audits, including coordination with the Debtors, Bingham staffing teams, and the IRS, assisted Debtors with and reviewed non-transaction specific responses to IDRs, and developed and analyzed the global procedure for resolution of the various issues subject to the audits. This process entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate. Bingham professionals also conducted other tasks and projects not specifically

enumerated in order to preserve confidentiality and protect privileged information.

g.    Securitization and Capital Markets Matters

Bingham professionals and paraprofessionals rendered services in connection with certain securitization and capital markets matters. These services are noted in Exhibits C1-C4 under Matter Code 015. Specifically, Bingham professionals and paraprofessionals drafted compliance opinions required under certain securitization documents, tracked and filed UCC continuation statements, renewed service of process agents, handled a variety of deal document issues, including waterfalls, derivative issues, and filing requirements, and handled various filing requirements and associated issues under related securities laws and regulations. In addition, Bingham professionals and paraprofessionals conducted any other securitization or capital markets matters requested by the Debtors in relation to the foregoing.

h.    Retention Application Preparation

Bingham professionals and paraprofessionals prepared an application for expanded retention and conducted conflicts searches in connection with this application during the Fourth Interim Fee Period. These services are noted in Exhibits C1-C4 under Matter Code 903.

i.    Fee Application Preparation

The billing procedures required by the Guidelines and the Fee Committee in this case have required significant effort on the part of certain professionals and paraprofessionals to ensure compliance with the same. Specifically, Bingham professionals and paraprofessionals have compiled and reviewed the detailed time entries for privilege and confidentiality, prepared detailed and summary schedules of fees and expenses incurred, and drafted the narratives and schedules included in Bingham's monthly statements. During the Fourth Interim Fee Period, Bingham professionals and paraprofessionals also prepared the Third Interim Fee Application

14

and supporting exhibits, requiring significant efforts in providing detailed descriptions of tasks performed and expenses incurred in response to and to comply with Fee Committee guidance. Bingham professionals and paraprofessionals also responded to various requests made by the Fee Committee, such as preparing and submitting monthly budget estimates forecasting expected fees and expenses, and providing a detailed and substantive response to the Fee Committee's guidance regarding Bingham's Third Interim Fee Application. These services are noted in Exhibits C1-C4 under Matter Code 902.

25.    The foregoing professional services performed by Bingham were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by Bingham were in the best interest of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed expediently and in an efficient manner.

26.    The professional services performed by Bingham on behalf of the Debtors during the Fourth Interim Fee Period required an aggregate expenditure of 4,288.10 recorded hours by Bingham professionals and paraprofessionals. Of the aggregate time expended, 1,442.80 recorded hours were expended by partners, of counsel and counsel, 2,196.20 recorded hours were expended by associates and staff attorneys, and 649.10 recorded hours were expended by paraprofessionals and litigation technology support analysts of Bingham. During the Fourth Interim Fee Period, Bingham billed the Debtors for time expended by professionals and paraprofessionals based on Bingham's regular hourly rates.

## Actual and Necessary Expenses

27.     As set forth in Exhibit D, Bingham incurred $97,483.70 in expenses in providing professional services during the Fourth Interim Fee Period.  The actual expenses incurred in providing professional services were necessary, reasonable and justified to serve the needs of the Debtors, their estates, and creditors, and Bingham made every effort to minimize its expenses in these cases.  As more fully described in Exhibits C1-C4, Bingham seeks reimbursement for various categories of expenses, including:  Consulting, Facsimile, Filing Fee, Index/Binding, Meals: Client Meetings, Meals: Overtime, Messenger/Courier, Online Legal Research, Other Legal Research, Photocopies, Photocopies: Color, Photocopies: Outside Vendor, Teleconferencing Charges, Telephone Charge, Travel: Air Transportation, Travel: Ground Transportation, Travel: Lodging, Travel: Meals, Travel: Miscellaneous, Travel: Parking, Travel: Rail Transportation.  All entries in Exhibits C1-C4 are in accordance with the Guidelines.

## The Requested Compensation Should Be Allowed

28.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)     the time spent on such services;

16

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29.     The services for which Bingham seeks compensation and the expenditures for which Bingham seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates and their rehabilitation and reorganization effort.

30.     All of Bingham's professionals who rendered services in these proceedings made a deliberate effort to avoid unnecessary duplication of work and time expended.   In certain instances, however, conferences and/or collaboration were necessary among Bingham's professionals.

31.     Whenever possible, Bingham sought to minimize the costs of its services to the Debtors by utilizing talented junior professionals, without sacrifice to the quality of the services rendered.

17

32.    Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

33.    In sum, the services rendered by Bingham were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Notice

34.    Notice of this Application will be served on April 16, 2010, in accordance with the procedures set forth in the amended order entered on February 13, 2009, governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these Chapter 11 Cases. Notice will also be given to each of the retained professionals in these Chapter 11 Cases. Bingham submits that no other or further notice need be provided.

## Conclusion

WHEREFORE Bingham respectfully requests that the Court enter an order (i) awarding Bingham interim compensation from the Debtors for actual and necessary professional services rendered during the Fourth Interim Fee Period in the aggregate amount of $2,605,491.77, (ii) allowing Bingham interim reimbursement for actual and necessary expenses incurred during the Fourth Interim Fee Period in the aggregate amount of $97,483.70, (iii) holding that the allowance of such interim compensation for professional services rendered and

reimbursement of actual and necessary expenses incurred be without prejudice to Bingham's right to seek additional compensation for services performed and expenses incurred during the Fourth Interim Fee Period which were not processed at the time of this Application; and (iv) granting Bingham such other and further relief as it deems just and proper.

Dated: April 16, 2010
     Washington, D.C.

Rajiv Madan, Esq.
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

Special Counsel for the Debtors
and Debtors in Possession