WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                 :

**In re**                              :     **Chapter 11 Case No.**
                                             :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :     **08-13555 (JMP)**
                                             :

                         **Debtors.**      :     **(Jointly Administered)**
                                             :
------------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

**FOURTH INTERIM FEE APPLICATION**

Name of Applicant:      **Weil, Gotshal & Manges LLP**

Time Period:         October 1, 2009 through and including January 31, 2010

Role in the Case:      Attorneys for the Debtors and Debtors in Possession

Current Application:    Total Fees Requested:  $40,429,578.75
                       Total Expenses Requested:  $956,027.29

Prior Applications:      First Interim Fee Application, filed April 13, 2009 [Docket No. 3343], for the period from September 15, 2008 through and including January 31, 2009

                         Total Fees & Expenses Requested:  $55,140,791.25

                         Total Fees & Expenses Allowed:  $55,140,197.25

Second Interim Fee Application, filed August 14, 2009 [Docket No. 4825], for the period from February 1, 2009 through and including May 31, 2009

                         Total Fees & Expenses Requested:  $46,462,615.85

                         Total Fees and Expenses Allowed:  $46,191,429.23

Third Interim Fee Application, filed December 14, 2009 [Docket No. 6205], for the period from October 1, 2009 through and including January 31, 2010

                         Total Fees & Expenses Requested:  $46,615,231.42

                         Total Fees and Expenses Allowed:  $46,266,463.77

## SUMMARY SHEET FOR THE THIRD INTERIM FEE
## APPLICATION OF WEIL, GOTSHAL & MANGES LLP

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Harvey R. Miller | BFR | 1959 | $990.00 | 127.40 | $126,126.00 |
| Harvey R. Miller | BFR | 1959 | $950.00 | 275.80 | $262,010.00 |
| Peter Gruenberger | L | 1961 | $990.00 | 180.80 | $178,992.00 |
| Peter Gruenberger | L | 1961 | $950.00 | 507.40 | $482,030.00 |
| Barry Frank | C | 1967 | $845.00 | 19.00 | $16,055.00 |
| Barry Frank | C | 1967 | $810.00 | 85.30 | $69,093.00 |
| Richard J. Davis | L | 1970 | $950.00 | 18.60 | $17,670.00 |
| Richard J. Davis | L | 1970 | $900.00 | 31.30 | $28,170.00 |
| Joseph H. Newberg | T | 1972 | $950.00 | 7.50 | $7,125.00 |
| Joseph H. Newberg | T | 1972 | $900.00 | 3.40 | $3,060.00 |
| Ralph I. Miller | L | 1972 | $950.00 | 72.40 | $61,465.00 |
| Ralph I. Miller | L | 1972 | $900.00 | 228.30 | $188,145.00 |
| Richard P. Krasnow | BFR | 1972 | $990.00 | 166.20 | $164,538.00 |
| Richard P. Krasnow | BFR | 1972 | $950.00 | 496.70 | $462,222.50 |
| Thomas A. Roberts | C | 1973 | $990.00 | 1.00 | $990.00 |
| Thomas A. Roberts | C | 1973 | $950.00 | 13.00 | $12,350.00 |
| Howard B. Comet | L | 1976 | $865.00 | 2.00 | $1,730.00 |
| Howard B. Comet | L | 1976 | $825.00 | 135.30 | $111,622.50 |
| Edward Soto | L | 1978 | $950.00 | 149.50 | $142,025.00 |
| Edward Soto | L | 1978 | $875.00 | 371.60 | $325,150.00 |
| Elaine Stangland | C | 1978 | $900.00 | 30.60 | $27,540.00 |
| Elaine Stangland | C | 1978 | $860.00 | 26.90 | $23,134.00 |
| Glenn D. West | C | 1978 | $950.00 | 5.50 | $5,225.00 |
| Richard A. Rothman | L | 1978 | $990.00 | 82.40 | $81,576.00 |
| Richard A. Rothman | L | 1978 | $925.00 | 213.60 | $197,580.00 |
| Robert L. Messineo | C | 1979 | $950.00 | 49.00 | $46,550.00 |
| Robert L. Messineo | C | 1979 | $925.00 | 178.30 | $164,927.50 |
| Alfredo R. Perez | BFR | 1980 | $975.00 | 11.00 | $10,725.00 |

---

\* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Alfredo R. Perez | BFR | 1980 | $900.00 | 27.50 | $24,750.00 |
| Peter D. Isakoff | L | 1980 | $900.00 | 149.00 | $134,100.00 |
| Peter D. Isakoff | L | 1980 | $860.00 | 329.60 | $283,456.00 |
| W. Michael Bond | C | 1980 | $990.00 | 199.10 | $197,109.00 |
| W. Michael Bond | C | 1980 | $925.00 | 625.60 | $578,680.00 |
| Christopher K. Aidun | C | 1981 | $860.00 | 17.70 | $15,222.00 |
| Michael Nissan | T | 1981 | $875.00 | 5.80 | $5,075.00 |
| Michael Francies | C | 1981 | $1,000.00 | 68.90 | $68,900.00 |
| Mindy J. Spector | L | 1981 | $950.00 | 55.10 | $52,345.00 |
| Mindy J. Spector | L | 1981 | $925.00 | 15.70 | $14,522.50 |
| Jacqueline Marcus | BFR | 1983 | $870.00 | 36.80 | $32,016.00 |
| Jacqueline Marcus | BFR | 1983 | $810.00 | 208.50 | $168,885.00 |
| Daniel J. Mette | C | 1984 | $865.00 | 57.30 | $49,564.50 |
| Daniel J. Mette | C | 1984 | $825.00 | 157.00 | $129,525.00 |
| Lawrence J. Baer | L | 1984 | $720.00 | 15.10 | $10,872.00 |
| Lawrence J. Baer | L | 1984 | $700.00 | 22.50 | $15,750.00 |
| Lori R. Fife | BFR | 1984 | $975.00 | 152.00 | $148,200.00 |
| Lori R. Fife | BFR | 1984 | $925.00 | 261.60 | $241,980.00 |
| Richard A. Morrison | C | 1984 | $885.00 | 180.70 | $159,919.50 |
| Richard A. Morrison | C | 1984 | $850.00 | 616.30 | $523,855.00 |
| Richard L. Levine | L | 1984 | $885.00 | 69.80 | $61,773.00 |
| Richard L. Levine | L | 1984 | $850.00 | 183.50 | $155,975.00 |
| Stuart J. Goldring | T | 1984 | $990.00 | 26.40 | $26,136.00 |
| Stuart J. Goldring | T | 1984 | $900.00 | 73.40 | $66,060.00 |
| Conrad G. Bahlke | C | 1985 | $845.00 | 21.60 | $18,252.00 |
| Conrad G. Bahlke | C | 1985 | $790.00 | 86.90 | $68,651.00 |
| Jonathan D. Polkes | L | 1985 | $990.00 | 49.50 | $49,005.00 |
| Jonathan D. Polkes | L | 1985 | $950.00 | 213.30 | $202,635.00 |
| Andrew N. Norwood | C | 1986 | $1,000.00 | 206.20 | $206,200.00 |
| Andrew L. Gaines | T | 1987 | $950.00 | 10.30 | $9,785.00 |
| Andrew L. Gaines | T | 1987 | $900.00 | 11.60 | $10,440.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Michael K. Kam | T | 1987 | $900.00 | 7.90 | $7,110.00 |
| Michael K. Kam | T | 1987 | $875.00 | 16.80 | $14,700.00 |
| Richard W. Slack | L | 1987 | $885.00 | 61.10 | $54,073.50 |
| Richard W. Slack | L | 1987 | $850.00 | 190.00 | $161,500.00 |
| Annemargaret Connolly | C | 1988 | $845.00 | 11.70 | $9,886.50 |
| Annemargaret Connolly | C | 1988 | $790.00 | 13.10 | $10,349.00 |
| Jeffrey B. Hitt | C | 1988 | $845.00 | 10.70 | $9,041.50 |
| Jeffrey B. Hitt | C | 1988 | $810.00 | 25.80 | $20,898.00 |
| Kenneth E. Schiff | C | 1988 | $1,000.00 | 45.90 | $45,900.00 |
| Larry J. Gelbfish | T | 1988 | $850.00 | 27.50 | $23,375.00 |
| Paul T. Cohn | C | 1988 | $865.00 | 6.70 | $5,795.50 |
| Paul T. Cohn | C | 1988 | $825.00 | 25.10 | $20,707.50 |
| Eric J. Peterman | C | 1989 | $900.00 | 57.60 | $51,840.00 |
| Eric J. Peterman | C | 1989 | $850.00 | 329.30 | $279,905.00 |
| Frank P. Nocco | C | 1989 | $925.00 | 34.50 | $31,912.50 |
| Frank P. Nocco | C | 1989 | $875.00 | 206.70 | $180,862.50 |
| John B. Strasburger | L | 1989 | $845.00 | 37.10 | $28,011.75 |
| John B. Strasburger | L | 1989 | $790.00 | 23.60 | $18,644.00 |
| John J. Dedyo | C | 1989 | $900.00 | 7.00 | $6,300.00 |
| Nellie P. Camerik | C | 1989 | $845.00 | 190.70 | $160,085.25 |
| Nellie P. Camerik | C | 1989 | $790.00 | 608.80 | $480,952.00 |
| Paul A. Ferrillo | L | 1989 | $700.00 | 5.80 | $4,060.00 |
| Vernon S. Broderick | L | 1989 | $800.00 | 35.30 | $28,240.00 |
| Vernon S. Broderick | L | 1989 | $740.00 | 103.20 | $76,368.00 |
| Andrew J. Colao | C | 1990 | $845.00 | 10.00 | $8,450.00 |
| Andrew J. Colao | C | 1990 | $790.00 | 82.50 | $65,175.00 |
| Barry Fishley | C | 1990 | $990.00 | 54.50 | $53,955.00 |
| Barry Fishley | C | 1990 | $960.00 | 11.20 | $10,752.00 |
| Anthony Horspool | BFR | 1991 | $1,000.00 | 87.60 | $87,600.00 |
| Christopher R. Pace | L | 1991 | $845.00 | 26.90 | $22,730.50 |
| Christopher R. Pace | L | 1991 | $800.00 | 98.60 | $78,880.00 |

---

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Craig W. Adas | C | 1991 | $900.00 | 6.20 | $5,580.00 |
| Craig W. Adas | C | 1991 | $825.00 | 51.20 | $42,240.00 |
| Dominic T. McCahill | BFR | 1991 | $1,000.00 | 75.30 | $75,300.00 |
| Elizabeth H. Evans | C | 1991 | $845.00 | 1.20 | $1,014.00 |
| Elizabeth H. Evans | C | 1991 | $810.00 | 31.10 | $25,191.00 |
| Jacky Kelly | C | 1991 | $1,000.00 | 86.80 | $86,800.00 |
| Juergen Boerst | T | 1991 | $805.00 | 50.40 | $40,572.00 |
| Michael E. Lubowitz | C | 1991 | $950.00 | 52.30 | $49,685.00 |
| Michael E. Lubowitz | C | 1991 | $850.00 | 48.70 | $41,395.00 |
| Robert N. Chiperfield | C | 1991 | $900.00 | 112.50 | $101,250.00 |
| Robert N. Chiperfield | C | 1991 | $850.00 | 252.20 | $214,370.00 |
| Steven K. Ong | C | 1991 | $990.00 | 137.50 | $136,125.00 |
| Steven K. Ong | C | 1991 | $960.00 | 50.80 | $48,768.00 |
| Lynda M. Braun | L | 1992 | $700.00 | 60.50 | $42,350.00 |
| Yvette Ostolaza | L | 1992 | $865.00 | 13.30 | $11,504.50 |
| Yvette Ostolaza | L | 1992 | $790.00 | 1.40 | $1,106.00 |
| Rodney D. Miller | C | 1993 | $885.00 | 4.40 | $3,894.00 |
| Rodney D. Miller | C | 1993 | $810.00 | 5.90 | $4,779.00 |
| Vance L. Beagles | L | 1993 | $845.00 | 68.60 | $52,643.50 |
| Vance L. Beagles | L | 1993 | $790.00 | 0.40 | $316.00 |
| Beatriz Azcuy-Diaz | C | 1994 | $780.00 | 96.40 | $75,192.00 |
| Beatriz Azcuy-Diaz | C | 1994 | $725.00 | 469.60 | $340,460.00 |
| John J. Dedyo | C | 1994 | $850.00 | 0.10 | $85.00 |
| Holly E. Loiseau | L | 1995 | $780.00 | 108.10 | $84,318.00 |
| Holly E. Loiseau | L | 1995 | $725.00 | 363.00 | $263,175.00 |
| Peter Van Keulen | L | 1995 | $940.00 | 102.00 | $95,880.00 |
| Peter Van Keulen | L | 1995 | $910.00 | 23.10 | $21,021.00 |
| Uwe Hartmann | C | 1995 | $835.00 | 15.90 | $13,276.50 |
| Uwe Hartmann | C | 1995 | $805.00 | 75.30 | $60,616.50 |
| Y. Shukie Grossman | C | 1995 | $845.00 | 62.10 | $52,474.50 |
| Y. Shukie Grossman | C | 1995 | $790.00 | 265.20 | $209,508.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

US_ACTIVE:\43334136\05\43334136_5.DOC\.

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| David Meredith | C | 1996 | $875.00 | 10.20 | $8,925.00 |
| David Meredith | C | 1996 | $750.00 | 3.10 | $2,325.00 |
| Jeffrey D. Osterman | C | 1996 | $845.00 | 33.40 | $28,223.00 |
| Jeffrey D. Osterman | C | 1996 | $790.00 | 153.40 | $121,186.00 |
| Anthony J. Albanese | L | 1997 | $820.00 | 38.30 | $31,406.00 |
| Anthony J. Albanese | L | 1997 | $760.00 | 97.90 | $74,404.00 |
| Fiona A. Schaeffer | L | 1997 | $845.00 | 11.40 | $9,633.00 |
| Fiona A. Schaeffer | L | 1997 | $790.00 | 15.90 | $12,561.00 |
| Jane E. McDonald | C | 1997 | $950.00 | 18.80 | $17,860.00 |
| Jane E. McDonald | C | 1997 | $900.00 | 193.50 | $174,150.00 |
| Matthew Shankland | L | 1997 | $1,000.00 | 240.90 | $240,900.00 |
| Robert Frastai | T | 1997 | $800.00 | 82.00 | $65,600.00 |
| Robert Frastai | T | 1997 | $740.00 | 114.70 | $84,878.00 |
| Shai Y. Waisman | BFR | 1997 | $845.00 | 108.30 | $91,513.50 |
| Shai Y. Waisman | BFR | 1997 | $775.00 | 225.90 | $175,072.50 |
| David R. Fertig | L | 1998 | $780.00 | 124.10 | $96,798.00 |
| David R. Fertig | L | 1998 | $725.00 | 348.00 | $252,300.00 |
| Michael Nicklin | C | 1998 | $1,000.00 | 20.30 | $20,300.00 |
| Scott M. Sontag | T | 1998 | $780.00 | 0.60 | $468.00 |
| Scott M. Sontag | T | 1998 | $725.00 | 18.30 | $13,267.50 |
| Arnold Buessemaker | C | 1999 | $760.00 | 47.20 | $35,872.00 |
| Arnold Buessemaker | C | 1999 | $735.00 | 375.50 | $275,992.50 |
| Nancy E. Lynch | C | 1999 | $700.00 | 67.00 | $46,900.00 |
| Nancy E. Lynch | C | 1999 | $650.00 | 437.40 | $284,310.00 |
| Randi W. Singer | L | 1999 | $780.00 | 63.10 | $49,218.00 |
| Randi W. Singer | L | 1999 | $725.00 | 286.10 | $207,241.25 |
| Ardith Bronson | L | 2000 | $700.00 | 33.60 | $23,520.00 |
| Ardith Bronson | L | 2000 | $650.00 | 248.60 | $156,877.50 |
| Danielle D. Do | C | 2000 | $725.00 | 46.00 | $33,350.00 |
| David P. Murgio | C | 2000 | $650.00 | 49.10 | $31,915.00 |
| Elisa R. Lemmer | BFR | 2000 | $700.00 | 19.70 | $13,790.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| David Herman | C | 2001 | $700.00 | 158.80 | $111,160.00 |
| Robert J. Lemons | BFR | 2001 | $780.00 | 63.90 | $49,842.00 |
| Robert J. Lemons | BFR | 2001 | $725.00 | 155.90 | $113,027.50 |
| William A. Burck | L | 2001 | $760.00 | 49.30 | $37,468.00 |
| William A. Burck | L | 2001 | $700.00 | 201.10 | $140,770.00 |
| Ronit J. Berkovich | BFR | 2002 | $725.00 | 11.00 | $7,975.00 |
| **Total:** | | | | **16,961.10** | **$14,347,413.75** |

---

\* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC –  Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

US_ACTIVE:\43334136\05\43334136_5.DOC\.

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Christine Howard | L | 1975 | $660.00 | 179.90 | $118,206.00 |
| Christine Howard | L | 1975 | $640.00 | 58.10 | $37,184.00 |
| Carole K. Ganguzza | C | 1982 | $640.00 | 82.20 | $52,608.00 |
| Lynn Bodkin | C | 1984 | $695.00 | 137.20 | $95,354.00 |
| Lynn Bodkin | C | 1984 | $640.00 | 194.90 | $124,736.00 |
| Richard I. Ellenbogen | C | 1985 | $590.00 | 13.30 | $7,847.00 |
| Alan R. Kusinitz | L | 1986 | $695.00 | 14.00 | $9,730.00 |
| Alan R. Kusinitz | L | 1986 | $640.00 | 37.30 | $23,872.00 |
| Roshelle A. Nagar | C | 1989 | $695.00 | 3.70 | $2,571.50 |
| Roshelle A. Nagar | C | 1989 | $640.00 | 4.20 | $2,688.00 |
| Sally Willcock | L | 1989 | $825.00 | 11.50 | $9,487.50 |
| Sally Willcock | L | 1989 | $800.00 | 6.10 | $4,880.00 |
| John Butenas | C | 1991 | $695.00 | 40.60 | $28,217.00 |
| John Butenas | C | 1991 | $600.00 | 127.20 | $76,320.00 |
| Ariel Kronman | C | 1993 | $700.00 | 67.70 | $47,250.00 |
| Ariel Kronman | C | 1993 | $650.00 | 343.20 | $222,755.00 |
| Leslie S. Smith | C | 1995 | $695.00 | 16.50 | $11,467.50 |
| Leslie S. Smith | C | 1995 | $640.00 | 76.50 | $48,960.00 |
| Elizabeth A. Martialay | C | 1996 | $665.00 | 15.00 | $9,975.00 |
| Elizabeth A. Martialay | C | 1996 | $580.00 | 99.70 | $57,826.00 |
| Laura S. Mello | L | 1996 | $250.00 | 70.50 | $17,625.00 |
| Meredith Parenti | L | 1996 | $695.00 | 125.50 | $87,222.50 |
| Meredith Parenti | L | 1996 | $640.00 | 391.20 | $247,104.00 |
| Scarlett E. Collings | L | 1997 | $695.00 | 133.30 | $92,643.50 |
| Scarlett E. Collings | L | 1997 | $640.00 | 256.30 | $164,032.00 |
| Adelaja K. Heyliger | C | 1998 | $580.00 | 5.70 | $3,306.00 |
| Konstantin Hoppe | C | 1998 | $560.00 | 163.90 | $91,784.00 |
| Eugene J. Ng | C | 1999 | $665.00 | 54.50 | $36,242.50 |
| Eugene J. Ng | C | 1999 | $580.00 | 127.70 | $74,066.00 |
| Melissa Meyrowitz | C | 1999 | $695.00 | 7.80 | $5,421.00 |
| Melissa Meyrowitz | C | 1999 | $640.00 | 42.60 | $27,264.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Christy K. Kailis | BFR | 2000 | $865.00 | 235.70 | $203,880.50 |
| Deepak Reddy | C | 2000 | $640.00 | 77.70 | $49,728.00 |
| Elisa R. Lemmer | BFR | 2000 | $640.00 | 112.60 | $72,064.00 |
| Gregory S. Silbert | L | 2000 | $640.00 | 123.20 | $78,848.00 |
| Kian Tauser | T | 2000 | $655.00 | 4.40 | $2,882.00 |
| Kian Tauser | T | 2000 | $630.00 | 1.40 | $882.00 |
| Konrad V. Buchwaldt | C | 2000 | $545.00 | 4.10 | $2,234.50 |
| Konrad V. Buchwaldt | C | 2000 | $525.00 | 58.40 | $30,660.00 |
| Kristen D. Perrault | L | 2000 | $225.00 | 95.20 | $21,420.00 |
| Astrid N. Sandberg | L | 2001 | $715.00 | 42.70 | $30,530.50 |
| Astrid N. Sandberg | L | 2001 | $695.00 | 2.00 | $1,390.00 |
| David Herman | C | 2001 | $640.00 | 405.60 | $259,584.00 |
| Elliot Ganchrow | C | 2001 | $695.00 | 1.10 | $764.50 |
| Elliot Ganchrow | C | 2001 | $640.00 | 79.30 | $50,752.00 |
| Jean-Christophe David | C | 2001 | $700.00 | 71.10 | $49,770.00 |
| Jean-Christophe David | C | 2001 | $690.00 | 2.00 | $1,380.00 |
| Lidija Hubana | L | 2001 | $250.00 | 76.30 | $19,075.00 |
| Margarita Platkov | L | 2001 | $665.00 | 43.90 | $29,193.50 |
| Margarita Platkov | L | 2001 | $580.00 | 87.60 | $50,808.00 |
| Matthew L. Mustokoff | L | 2001 | $640.00 | 88.60 | $56,704.00 |
| Randell J. Gartin | T | 2001 | $665.00 | 22.20 | $14,763.00 |
| Randell J. Gartin | T | 2001 | $580.00 | 20.60 | $11,948.00 |
| Ron Ben-Menachem | C | 2001 | $540.00 | 17.90 | $9,666.00 |
| Stuart Morrissy | C | 2001 | $640.00 | 9.30 | $5,952.00 |
| Alexis Werl | L | 2002 | $630.00 | 5.40 | $3,402.00 |
| Arlene A. Hahn | C | 2002 | $695.00 | 22.80 | $15,846.00 |
| Arlene A. Hahn | C | 2002 | $640.00 | 88.90 | $56,896.00 |
| Arman Kuyumjian | C | 2002 | $665.00 | 36.10 | $24,006.50 |
| Arman Kuyumjian | C | 2002 | $580.00 | 207.30 | $120,234.00 |
| Ashish D. Gandhi | L | 2002 | $630.00 | 6.70 | $4,221.00 |
| Charles J. Maples | L | 2002 | $825.00 | 166.10 | $137,032.50 |
| Charles J. Maples | L | 2002 | $800.00 | 93.10 | $74,480.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Eleanor H. Gilbane | L | 2002 | $695.00 | 140.40 | $93,269.00 |
| Eleanor H. Gilbane | L | 2002 | $630.00 | 419.80 | $261,481.50 |
| James E. Sanborn | L | 2002 | $610.00 | 11.90 | $7,259.00 |
| Jay H. Park Jr. | C | 2002 | $595.00 | 62.50 | $37,187.50 |
| Jay H. Park Jr. | C | 2002 | $500.00 | 231.80 | $115,900.00 |
| Lianne Craig | L | 2002 | $825.00 | 92.20 | $75,198.75 |
| Matthew M. Newby | C | 2002 | $685.00 | 1.20 | $822.00 |
| Matthew M. Newby | C | 2002 | $610.00 | 30.50 | $18,605.00 |
| Paullette C. Deruelle | L | 2002 | $695.00 | 7.60 | $5,282.00 |
| Paullette C. Deruelle | L | 2002 | $630.00 | 8.50 | $5,355.00 |
| Ronit J. Berkovich | BFR | 2002 | $630.00 | 11.50 | $7,245.00 |
| Sarah J. Auchterlonie | L | 2002 | $685.00 | 15.80 | $10,823.00 |
| Yehudah L. Buchweitz | L | 2002 | $685.00 | 20.90 | $14,316.50 |
| Yehudah L. Buchweitz | L | 2002 | $610.00 | 9.00 | $5,490.00 |
| Björn Krausgrill | T | 2003 | $420.00 | 29.10 | $12,222.00 |
| Carmen E. Bremer | L | 2003 | $580.00 | 19.10 | $11,078.00 |
| Christian Eggert | C | 2003 | $420.00 | 35.10 | $14,742.00 |
| Claire L. Webb | L | 2003 | $630.00 | 29.10 | $18,333.00 |
| Claire L. Webb | L | 2003 | $540.00 | 67.10 | $36,234.00 |
| Denise Alvarez | L | 2003 | $685.00 | 174.50 | $119,532.50 |
| Denise Alvarez | L | 2003 | $610.00 | 502.40 | $306,464.00 |
| Edward McCarthy | L | 2003 | $665.00 | 43.80 | $29,127.00 |
| Edward McCarthy | L | 2003 | $580.00 | 246.50 | $142,970.00 |
| Erin D. Eckols | L | 2003 | $665.00 | 18.20 | $12,103.00 |
| Julia S. Williams | C | 2003 | $665.00 | 87.10 | $57,921.50 |
| Julia S. Williams | C | 2003 | $580.00 | 281.60 | $163,328.00 |
| Julie T. Friedman | BFR | 2003 | $500.00 | 315.30 | $157,650.00 |
| Justin G. Mapes | C | 2003 | $665.00 | 44.40 | $29,526.00 |
| Justin G. Mapes | C | 2003 | $580.00 | 166.70 | $96,686.00 |
| Lori M. Schiffer | C | 2003 | $685.00 | 10.90 | $7,466.50 |
| Lori M. Schiffer | C | 2003 | $610.00 | 39.40 | $24,034.00 |
| Marisa L. Ferraro | C | 2003 | $685.00 | 122.90 | $84,186.50 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Marisa L. Ferraro | C | 2003 | $610.00 | 325.40 | $198,494.00 |
| Michael Arnott | BFR | 2003 | $825.00 | 5.00 | $4,125.00 |
| Michael Holzhaeuser | C | 2003 | $525.00 | 13.90 | $7,297.50 |
| Pia A. Deshpande | C | 2003 | $765.00 | 7.00 | $5,355.00 |
| Venera Ziegler | C | 2003 | $540.00 | 8.00 | $4,320.00 |
| Alcira Moncada | L | 2004 | $250.00 | 223.50 | $55,875.00 |
| Allen S. Blaustein | L | 2004 | $630.00 | 145.70 | $87,381.00 |
| Allen S. Blaustein | L | 2004 | $540.00 | 265.60 | $143,424.00 |
| Benjamin L. Stewart | L | 2004 | $500.00 | 8.60 | $4,300.00 |
| Caroline Hickey Zalka | L | 2004 | $595.00 | 84.60 | $50,337.00 |
| Caroline Hickey Zalka | L | 2004 | $500.00 | 237.40 | $118,700.00 |
| Garrett Fail | BFR | 2004 | $665.00 | 212.60 | $136,890.25 |
| Garrett Fail | BFR | 2004 | $580.00 | 711.20 | $403,216.00 |
| Hannah L. Field | L | 2004 | $765.00 | 47.80 | $36,567.00 |
| Heather R. Solow | L | 2004 | $665.00 | 30.10 | $20,016.50 |
| Heather R. Solow | L | 2004 | $580.00 | 145.20 | $84,216.00 |
| Hendrik Boss | C | 2004 | $470.00 | 92.60 | $43,522.00 |
| Hendrik Boss | C | 2004 | $420.00 | 136.50 | $57,330.00 |
| J. Friedrich Isenbart | C | 2004 | $400.00 | 1.60 | $640.00 |
| J. Friedrich Isenbart | C | 2004 | $385.00 | 28.80 | $11,088.00 |
| Jennifer M. Wolff | T | 2004 | $630.00 | 9.90 | $6,237.00 |
| Jordan K. Kolar | T | 2004 | $665.00 | 39.90 | $26,533.50 |
| Jordan K. Kolar | T | 2004 | $580.00 | 118.90 | $68,962.00 |
| Laurinda H. Martins | C | 2004 | $540.00 | 116.30 | $61,695.00 |
| Malick W. Ghachem | L | 2004 | $665.00 | 56.90 | $37,838.50 |
| Malick W. Ghachem | L | 2004 | $580.00 | 15.00 | $8,700.00 |
| Maya M. Grant | C | 2004 | $665.00 | 28.40 | $18,886.00 |
| Maya M. Grant | C | 2004 | $565.00 | 209.60 | $118,424.00 |
| Michael Firestone | L | 2004 | $665.00 | 49.80 | $33,117.00 |
| Michael Firestone | L | 2004 | $580.00 | 237.10 | $134,125.00 |
| Michelle F. Herman | C | 2004 | $580.00 | 40.20 | $23,316.00 |
| Miles J. Wright | L | 2004 | $630.00 | 19.00 | $11,970.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Mirella B. Hart | C | 2004 | $825.00 | 246.50 | $203,362.50 |
| Mirella B. Hart | C | 2004 | $800.00 | 111.40 | $89,120.00 |
| Oliver D. Walker | T | 2004 | $765.00 | 8.50 | $6,502.50 |
| Oliver D. Walker | T | 2004 | $745.00 | 1.30 | $968.50 |
| Robert C. Shmalo | C | 2004 | $665.00 | 105.10 | $69,891.50 |
| Robert C. Shmalo | C | 2004 | $580.00 | 253.10 | $146,798.00 |
| Robert Konig | C | 2004 | $595.00 | 32.60 | $19,397.00 |
| Robert Konig | C | 2004 | $500.00 | 19.00 | $9,500.00 |
| Robert S. Velevis | L | 2004 | $630.00 | 117.10 | $73,773.00 |
| Robert S. Velevis | L | 2004 | $540.00 | 238.70 | $125,361.00 |
| Sherri L. Toub | BFR | 2004 | $665.00 | 2.10 | $1,396.50 |
| Sherri L. Toub | BFR | 2004 | $580.00 | 38.80 | $22,504.00 |
| Tobias Empting | C | 2004 | $435.00 | 0.20 | $87.00 |
| Tobias Empting | C | 2004 | $420.00 | 9.60 | $4,032.00 |
| Amber D. Taylor | L | 2005 | $595.00 | 19.70 | $11,721.50 |
| Amber D. Taylor | L | 2005 | $500.00 | 269.00 | $134,500.00 |
| Anwar Imam | L | 2005 | $500.00 | 21.00 | $10,500.00 |
| Blandine Davies | BFR | 2005 | $715.00 | 348.20 | $248,569.75 |
| Blandine Davies | BFR | 2005 | $695.00 | 81.10 | $56,364.50 |
| Brian J. D'Amico | L | 2005 | $595.00 | 16.50 | $9,817.50 |
| Brian J. D'Amico | L | 2005 | $500.00 | 121.80 | $60,900.00 |
| Bronwen R. Pyle | C | 2005 | $550.00 | 0.90 | $495.00 |
| Bronwen R. Pyle | C | 2005 | $465.00 | 14.20 | $6,603.00 |
| Daniel J. Venditti | L | 2005 | $630.00 | 2.60 | $1,638.00 |
| Daniel J. Venditti | L | 2005 | $540.00 | 7.50 | $4,050.00 |
| Deepali Brahmbhatt | L | 2005 | $455.00 | 36.30 | $16,516.50 |
| Deepali Brahmbhatt | L | 2005 | $355.00 | 0.90 | $319.50 |
| Derek Brice | L | 2005 | $595.00 | 47.20 | $28,084.00 |
| Derek Brice | L | 2005 | $500.00 | 14.70 | $7,350.00 |
| Elodie Fabre | BFR | 2005 | $655.00 | 0.50 | $327.50 |
| Elodie Fabre | BFR | 2005 | $595.00 | 16.00 | $9,520.00 |
| Eric W. Ostroff | L | 2005 | $630.00 | 14.20 | $8,946.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Eric W. Ostroff | L | 2005 | $540.00 | 15.10 | $8,154.00 |
| Gemma Bullmore | L | 2005 | $715.00 | 289.20 | $206,134.50 |
| Gemma Bullmore | L | 2005 | $695.00 | 56.90 | $39,545.50 |
| Hyun K. Kim | C | 2005 | $630.00 | 68.80 | $43,344.00 |
| Hyun K. Kim | C | 2005 | $540.00 | 107.30 | $57,942.00 |
| Hyun Kang Kim | C | 2005 | $395.00 | 14.50 | $5,727.50 |
| Ilomai Kurrik | C | 2005 | $685.00 | 31.00 | $21,235.00 |
| Ilomai Kurrik | C | 2005 | $610.00 | 100.20 | $61,122.00 |
| Katy Byatt | C | 2005 | $715.00 | 89.30 | $63,849.50 |
| Katy Byatt | C | 2005 | $695.00 | 58.10 | $40,379.50 |
| Kevin F. Meade | L | 2005 | $630.00 | 132.70 | $83,601.00 |
| Kevin F. Meade | L | 2005 | $540.00 | 210.40 | $113,616.00 |
| Kirsten A. Noethen | C | 2005 | $630.00 | 22.20 | $13,765.50 |
| Kirsten A. Noethen | C | 2005 | $540.00 | 231.70 | $121,473.00 |
| Maria Isabel S. Guerrero | L | 2005 | $630.00 | 35.80 | $22,554.00 |
| Maria Isabel S. Guerrero | L | 2005 | $540.00 | 6.00 | $3,240.00 |
| Mark I. Bernstein | BFR | 2005 | $630.00 | 141.30 | $89,019.00 |
| Mark I. Bernstein | BFR | 2005 | $540.00 | 315.70 | $170,478.00 |
| Michael T. Maletic | L | 2005 | $595.00 | 21.00 | $12,495.00 |
| Michael T. Maletic | L | 2005 | $500.00 | 16.30 | $8,150.00 |
| Monty A. Ward | C | 2005 | $595.00 | 5.30 | $3,153.50 |
| Monty A. Ward | C | 2005 | $500.00 | 39.80 | $19,900.00 |
| Pejman Razavilar | C | 2005 | $665.00 | 65.70 | $43,690.50 |
| Pejman Razavilar | C | 2005 | $580.00 | 516.10 | $299,338.00 |
| Peter Godhard | C | 2005 | $550.00 | 0.60 | $330.00 |
| Peter Godhard | C | 2005 | $465.00 | 6.30 | $2,929.50 |
| Robert C. Roesch | L | 2005 | $595.00 | 165.80 | $98,651.00 |
| Robert C. Roesch | L | 2005 | $500.00 | 282.00 | $141,000.00 |
| Romy Richter | C | 2005 | $615.00 | 2.00 | $1,230.00 |
| Romy Richter | C | 2005 | $525.00 | 6.50 | $3,412.50 |
| Samuel J. Comer | C | 2005 | $630.00 | 122.50 | $77,175.00 |
| Samuel J. Comer | C | 2005 | $540.00 | 682.60 | $368,604.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

US_ACTIVE\43334136\05\43334136_5.DOC\.

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Thomas S. Hetherington | C | 2005 | $765.00 | 117.20 | $89,658.00 |
| Thomas S. Hetherington | C | 2005 | $745.00 | 19.00 | $14,155.00 |
| Yen P. Nguyen | L | 2005 | $595.00 | 15.20 | $9,044.00 |
| Yen P. Nguyen | L | 2005 | $500.00 | 19.30 | $9,650.00 |
| Alexander Levine | L | 2006 | $595.00 | 26.10 | $15,529.50 |
| Alexander Levine | L | 2006 | $500.00 | 127.10 | $63,550.00 |
| Allen Yu | L | 2006 | $550.00 | 61.20 | $33,660.00 |
| Allen Yu | L | 2006 | $465.00 | 76.50 | $35,572.50 |
| Anne-Sophie Noury | BFR | 2006 | $615.00 | 0.50 | $307.50 |
| Anne-Sophie Noury | BFR | 2006 | $525.00 | 27.80 | $14,595.00 |
| Benay H. Lizarazu | C | 2006 | $695.00 | 110.00 | $76,450.00 |
| Benay H. Lizarazu | C | 2006 | $640.00 | 346.70 | $221,888.00 |
| Brett S. Thorstad | C | 2006 | $550.00 | 6.40 | $3,520.00 |
| Brett S. Thorstad | C | 2006 | $465.00 | 19.90 | $9,253.50 |
| Brian Compagna | L | 2006 | $550.00 | 147.20 | $80,052.50 |
| Brian Compagna | L | 2006 | $465.00 | 411.20 | $191,208.00 |
| Brian P. Maher | C | 2006 | $660.00 | 38.40 | $25,344.00 |
| Brian P. Maher | C | 2006 | $640.00 | 14.30 | $9,152.00 |
| Bryant S. York | L | 2006 | $595.00 | 34.80 | $20,706.00 |
| Bryant S. York | L | 2006 | $500.00 | 150.60 | $75,300.00 |
| Christine T. DiGuglielmo | L | 2006 | $665.00 | 0.40 | $266.00 |
| Christine T. DiGuglielmo | L | 2006 | $580.00 | 8.60 | $4,988.00 |
| Christopher R. Machera | C | 2006 | $595.00 | 28.20 | $16,779.00 |
| Christopher R. Machera | C | 2006 | $500.00 | 230.90 | $115,450.00 |
| Damon P. Meyer | BFR | 2006 | $595.00 | 33.50 | $19,932.50 |
| Daniel Koob | C | 2006 | $550.00 | 2.80 | $1,540.00 |
| Daniel Koob | C | 2006 | $465.00 | 72.10 | $33,526.50 |
| Danielle Rosenthal | L | 2006 | $500.00 | 6.90 | $3,450.00 |
| Danitra T. Spencer | L | 2006 | $515.00 | 52.00 | $26,780.00 |
| Danitra T. Spencer | L | 2006 | $415.00 | 183.80 | $76,277.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Diana H. Widjaya | L | 2006 | $550.00 | 38.30 | $21,065.00 |
| Diana H. Widjaya | L | 2006 | $465.00 | 0.50 | $232.50 |
| Dotan Weinman | L | 2006 | $595.00 | 7.30 | $4,343.50 |
| Edward K. Gray | C | 2006 | $550.00 | 15.20 | $8,360.00 |
| Edward K. Gray | C | 2006 | $465.00 | 43.90 | $20,413.50 |
| Emily Friedman | L | 2006 | $595.00 | 9.40 | $5,593.00 |
| Emily Friedman | L | 2006 | $500.00 | 12.10 | $6,050.00 |
| Emily L. Gold | C | 2006 | $595.00 | 55.00 | $32,725.00 |
| Emily L. Gold | C | 2006 | $500.00 | 384.80 | $192,400.00 |
| Georgia Magno | L | 2006 | $630.00 | 192.30 | $121,149.00 |
| Georgia Magno | L | 2006 | $540.00 | 587.50 | $317,250.00 |
| Haskell Murray | L | 2006 | $550.00 | 9.50 | $5,225.00 |
| Haskell Murray | L | 2006 | $465.00 | 72.50 | $33,712.50 |
| Hillary G. Chapman | L | 2006 | $465.00 | 13.00 | $6,045.00 |
| Jae Fassam | T | 2006 | $660.00 | 5.50 | $3,630.00 |
| Jaime S. Kaplan | L | 2006 | $500.00 | 139.30 | $69,650.00 |
| Lauren Hoelzer | L | 2006 | $550.00 | 43.30 | $23,815.00 |
| Lauren Hoelzer | L | 2006 | $465.00 | 19.30 | $8,974.50 |
| Leslie A. Liu | L | 2006 | $550.00 | 29.40 | $16,170.00 |
| Leslie A. Liu | L | 2006 | $465.00 | 13.70 | $6,370.50 |
| Marcie R. Kaufman | L | 2006 | $595.00 | 13.00 | $7,735.00 |
| Marcie R. Kaufman | L | 2006 | $500.00 | 18.60 | $9,300.00 |
| Mark Schwed | T | 2006 | $630.00 | 8.10 | $5,103.00 |
| Mark Schwed | T | 2006 | $540.00 | 38.50 | $20,790.00 |
| Melissa L. Hotze | L | 2006 | $550.00 | 23.40 | $12,870.00 |
| Naomi Munz | C | 2006 | $695.00 | 69.00 | $47,955.00 |
| Naomi Munz | C | 2006 | $630.00 | 64.80 | $40,824.00 |
| Nicole Schlatter | C | 2006 | $470.00 | 13.80 | $6,486.00 |
| Nicole Schlatter | C | 2006 | $455.00 | 30.40 | $13,832.00 |
| Steven Seltzer | C | 2006 | $550.00 | 72.00 | $39,600.00 |
| Steven Seltzer | C | 2006 | $465.00 | 95.80 | $44,547.00 |
| Su-Yeon Cho | C | 2006 | $630.00 | 14.60 | $9,198.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC –  Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Su-Yeon Cho | C | 2006 | $540.00 | 15.10 | $8,154.00 |
| Tarra L. Zynda | L | 2006 | $630.00 | 19.60 | $12,348.00 |
| Timothy J. Nestler | C | 2006 | $465.00 | 47.60 | $22,134.00 |
| Tomasz Kulawik | C | 2006 | $455.00 | 3.80 | $1,729.00 |
| Tomasz Kulawik | C | 2006 | $355.00 | 63.20 | $22,436.00 |
| Aabha Sharma | C | 2007 | $550.00 | 8.80 | $4,840.00 |
| Aabha Sharma | C | 2007 | $465.00 | 20.10 | $9,346.50 |
| Adam S. Fortune | L | 2007 | $510.00 | 14.00 | $7,140.00 |
| Alexandra Lehson | C | 2007 | $515.00 | 55.80 | $28,737.00 |
| Alexandra Lehson | C | 2007 | $415.00 | 271.40 | $112,631.00 |
| Alicia L. Speake | C | 2007 | $595.00 | 49.10 | $29,214.50 |
| Alicia L. Speake | C | 2007 | $575.00 | 12.50 | $7,187.50 |
| Amanjit Arora | BFR | 2007 | $550.00 | 164.50 | $90,475.00 |
| Amanjit Arora | BFR | 2007 | $465.00 | 546.70 | $254,076.00 |
| Andrew R. Fox | L | 2007 | $595.00 | 358.20 | $213,129.00 |
| Andrew R. Fox | L | 2007 | $575.00 | 79.00 | $45,425.00 |
| Brant D. Kuehn | L | 2007 | $550.00 | 6.30 | $3,465.00 |
| Brant D. Kuehn | L | 2007 | $465.00 | 107.60 | $50,034.00 |
| Calvin Y. Cheng | L | 2007 | $515.00 | 52.70 | $27,140.50 |
| Cassie Waduge | C | 2007 | $415.00 | 80.90 | $33,573.50 |
| Christina Maurer | C | 2007 | $435.00 | 0.80 | $348.00 |
| Christina Maurer | C | 2007 | $350.00 | 8.20 | $2,870.00 |
| Christine Doktor | L | 2007 | $415.00 | 35.40 | $14,691.00 |
| Eberhard Koch | L | 2007 | $400.00 | 14.80 | $5,920.00 |
| Eberhard Koch | L | 2007 | $350.00 | 18.20 | $6,370.00 |
| Elisa Jaclyn | L | 2007 | $465.00 | 8.30 | $3,859.50 |
| Elizabeth Bosshard-Blackey | L | 2007 | $515.00 | 72.20 | $37,183.00 |
| Elizabeth Bosshard-Blackey | L | 2007 | $415.00 | 157.50 | $65,362.50 |
| Erik Encarnacion | L | 2007 | $550.00 | 43.70 | $24,035.00 |
| Erik Encarnacion | L | 2007 | $465.00 | 7.60 | $3,534.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Evert J. Christensen | L | 2007 | $515.00 | 15.00 | $7,725.00 |
| Evert J. Christensen | L | 2007 | $415.00 | 100.60 | $41,749.00 |
| Hoyoon Nam | C | 2007 | $640.00 | 5.70 | $3,648.00 |
| Jackson P. Wagener | L | 2007 | $500.00 | 26.60 | $13,300.00 |
| Jason Pruzansky | L | 2007 | $415.00 | 8.30 | $3,444.50 |
| Jennifer M. Brace | L | 2007 | $515.00 | 12.60 | $6,489.00 |
| Jennifer M. Brace | L | 2007 | $415.00 | 17.20 | $7,138.00 |
| Jessica Ryan | C | 2007 | $550.00 | 3.60 | $1,980.00 |
| Jessica Ryan | C | 2007 | $465.00 | 117.70 | $54,730.50 |
| Jie Yuan | C | 2007 | $550.00 | 27.50 | $15,125.00 |
| Jie Yuan | C | 2007 | $465.00 | 63.80 | $29,667.00 |
| John R. Gerba | L | 2007 | $550.00 | 13.70 | $7,535.00 |
| John R. Gerba | L | 2007 | $465.00 | 44.10 | $20,506.50 |
| John T. O'Connor | L | 2007 | $515.00 | 25.50 | $13,132.50 |
| John T. O'Connor | L | 2007 | $415.00 | 5.50 | $2,282.50 |
| Joshua P. Davis | L | 2007 | $515.00 | 23.50 | $12,102.50 |
| Joshua Pohl | T | 2007 | $465.00 | 12.30 | $5,719.50 |
| Julio C. Gurdian | BFR | 2007 | $465.00 | 20.00 | $9,300.00 |
| Justin Wagner | L | 2007 | $465.00 | 64.10 | $29,806.50 |
| Kerianne Crooker | C | 2007 | $500.00 | 16.90 | $8,450.00 |
| Kristin L. Baldwin | L | 2007 | $465.00 | 30.10 | $13,996.50 |
| Lawrence O. Onyejekwe | L | 2007 | $550.00 | 4.70 | $2,585.00 |
| Lawrence O. Onyejekwe | L | 2007 | $465.00 | 34.00 | $15,810.00 |
| Marc B. Rosen | C | 2007 | $550.00 | 10.00 | $5,500.00 |
| Marc B. Rosen | C | 2007 | $465.00 | 175.20 | $81,468.00 |
| Marc Weinroth | L | 2007 | $515.00 | 49.10 | $25,286.50 |
| Marc Weinroth | L | 2007 | $415.00 | 33.60 | $13,944.00 |
| Mark B. Rosen | L | 2007 | $515.00 | 79.10 | $40,736.50 |
| Mark B. Rosen | L | 2007 | $415.00 | 81.60 | $33,864.00 |
| Monica J. Jeong | C | 2007 | $465.00 | 22.90 | $10,648.50 |
| Noah Waisberg | C | 2007 | $550.00 | 4.30 | $2,365.00 |
| Noah Waisberg | C | 2007 | $465.00 | 1.40 | $651.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC –  Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Oliver DeGeest | C | 2007 | $550.00 | 6.20 | $3,410.00 |
| Oliver DeGeest | C | 2007 | $465.00 | 50.80 | $23,622.00 |
| Regina Merson | BFR | 2007 | $415.00 | 5.80 | $2,407.00 |
| Richard O'Donoghue | L | 2007 | $550.00 | 71.30 | $39,215.00 |
| Richard O'Donoghue | L | 2007 | $465.00 | 140.80 | $65,472.00 |
| Ritu Pancholy | L | 2007 | $550.00 | 15.60 | $8,580.00 |
| Ritu Pancholy | L | 2007 | $465.00 | 199.10 | $92,581.50 |
| Sarah M. Decker | L | 2007 | $550.00 | 88.50 | $48,675.00 |
| Sarah M. Decker | L | 2007 | $465.00 | 76.70 | $35,665.50 |
| Steven Kalogeras | L | 2007 | $550.00 | 35.50 | $19,525.00 |
| Steven Kalogeras | L | 2007 | $465.00 | 32.40 | $15,066.00 |
| Sunny Singh | BFR | 2007 | $550.00 | 230.20 | $126,335.00 |
| Sunny Singh | BFR | 2007 | $465.00 | 643.60 | $298,134.75 |
| Teresa Brady | L | 2007 | $550.00 | 88.50 | $48,675.00 |
| Teresa Brady | L | 2007 | $465.00 | 366.80 | $170,562.00 |
| Thomas A. Falkus | C | 2007 | $595.00 | 28.00 | $16,660.00 |
| Alexander J. Swartz | C | 2008 | $550.00 | 1.50 | $825.00 |
| Alexander J. Swartz | C | 2008 | $465.00 | 64.40 | $29,946.00 |
| Amanda M. Hendy | BFR | 2008 | $455.00 | 91.30 | $41,541.50 |
| Amanda M. Hendy | BFR | 2008 | $355.00 | 460.80 | $163,584.00 |
| Amie Tang | C | 2008 | $415.00 | 29.40 | $12,201.00 |
| Audrey K. Susanin | C | 2008 | $515.00 | 7.00 | $3,605.00 |
| Audrey K. Susanin | C | 2008 | $415.00 | 39.90 | $16,558.50 |
| Brennan Hackett | BFR | 2008 | $515.00 | 108.00 | $55,620.00 |
| Brennan Hackett | BFR | 2008 | $415.00 | 365.30 | $151,599.50 |
| Brian C. Chang | L | 2008 | $455.00 | 32.90 | $14,969.50 |
| Brian C. Chang | L | 2008 | $355.00 | 36.40 | $12,922.00 |
| Casey A. Burton | L | 2008 | $455.00 | 76.10 | $34,625.50 |
| Casey A. Burton | L | 2008 | $355.00 | 52.60 | $18,673.00 |
| Charles Herschel | C | 2008 | $515.00 | 7.80 | $4,017.00 |
| Charles Herschel | C | 2008 | $415.00 | 25.70 | $10,354.25 |
| Cristina Iliescu | C | 2008 | $385.00 | 5.20 | $2,002.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Cristina Iliescu | C | 2008 | $365.00 | 9.40 | $3,431.00 |
| Cristina Iliescu | C | 2008 | $175.00 | 5.00 | $875.00 |
| Elizabeth R. Todd | C | 2008 | $530.00 | 73.90 | $39,167.00 |
| Elizabeth R. Todd | C | 2008 | $510.00 | 2.70 | $1,377.00 |
| Eoghan P. Keenan | C | 2008 | $515.00 | 35.20 | $18,128.00 |
| Eoghan P. Keenan | C | 2008 | $415.00 | 18.70 | $7,760.50 |
| Eric C. Hawkins | L | 2008 | $515.00 | 0.70 | $360.50 |
| Eric C. Hawkins | L | 2008 | $415.00 | 32.10 | $13,321.50 |
| Frank Martire | C | 2008 | $515.00 | 134.50 | $69,267.50 |
| Georgia D. Quinn | C | 2008 | $515.00 | 33.70 | $17,355.50 |
| Georgia D. Quinn | C | 2008 | $415.00 | 41.40 | $17,181.00 |
| Irini Kalamakis | C | 2008 | $515.00 | 49.20 | $25,338.00 |
| Irini Kalamakis | C | 2008 | $415.00 | 130.80 | $54,282.00 |
| Jakub Biernacki | C | 2008 | $515.00 | 21.50 | $11,072.50 |
| Jakub Biernacki | C | 2008 | $415.00 | 89.50 | $37,142.50 |
| Jason B. Cunningham | L | 2008 | $355.00 | 47.90 | $17,004.50 |
| Jennifer D. Larson | L | 2008 | $455.00 | 251.30 | $114,296.00 |
| Jennifer D. Larson | L | 2008 | $355.00 | 610.50 | $216,550.00 |
| Jessica F. Townsend | L | 2008 | $355.00 | 19.50 | $6,922.50 |
| John A. Goldfinch | C | 2008 | $660.00 | 393.90 | $259,974.00 |
| John A. Goldfinch | C | 2008 | $640.00 | 41.90 | $26,816.00 |
| Joseph Abadi | C | 2008 | $515.00 | 90.20 | $46,453.00 |
| Joseph Abadi | C | 2008 | $415.00 | 238.00 | $98,770.00 |
| Joshua E. Peck | C | 2008 | $515.00 | 33.40 | $17,201.00 |
| Joshua E. Peck | C | 2008 | $415.00 | 140.10 | $58,141.50 |
| June K. Lee | L | 2008 | $515.00 | 144.80 | $74,572.00 |
| June K. Lee | L | 2008 | $415.00 | 472.10 | $195,921.50 |
| Kate McGovern | L | 2008 | $250.00 | 368.30 | $92,075.00 |
| Kathleen E. Clark | C | 2008 | $515.00 | 0.90 | $463.50 |
| Kathleen E. Clark | C | 2008 | $415.00 | 124.80 | $50,775.25 |
| Kimberleigh Scott | C | 2008 | $530.00 | 28.70 | $15,211.00 |
| Kimberleigh Scott | C | 2008 | $510.00 | 2.00 | $1,020.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Kristen L. Depowski | C | 2008 | $455.00 | 57.40 | $26,117.00 |
| Kristen L. Depowski | C | 2008 | $355.00 | 394.10 | $139,905.50 |
| Lauren L. Zerbinopoulos | L | 2008 | $455.00 | 31.90 | $14,514.50 |
| Lauren L. Zerbinopoulos | L | 2008 | $355.00 | 339.00 | $120,345.00 |
| Layne Roistacher | L | 2008 | $515.00 | 87.10 | $44,856.50 |
| Layne Roistacher | L | 2008 | $415.00 | 379.50 | $157,492.50 |
| Lisa N. Cloutier | L | 2008 | $515.00 | 41.00 | $21,115.00 |
| Lisa N. Cloutier | L | 2008 | $415.00 | 367.90 | $152,678.50 |
| Lorri Anne Carrozza | C | 2008 | $415.00 | 9.90 | $4,108.50 |
| Matthew L. Reagan | L | 2008 | $355.00 | 25.00 | $8,875.00 |
| Maurice Horwitz | BFR | 2008 | $515.00 | 144.50 | $74,417.50 |
| Maurice Horwitz | BFR | 2008 | $415.00 | 432.10 | $174,175.50 |
| Mavnick B. Nerwal | T | 2008 | $530.00 | 5.80 | $3,074.00 |
| Mavnick B. Nerwal | T | 2008 | $510.00 | 15.40 | $7,854.00 |
| Michael C. Smith | L | 2008 | $465.00 | 39.00 | $18,135.00 |
| Philip Ratner | C | 2008 | $515.00 | 13.10 | $6,746.50 |
| Philip Ratner | C | 2008 | $415.00 | 51.70 | $21,455.50 |
| Qiong Sun | C | 2008 | $465.00 | 26.90 | $12,508.50 |
| Richard A. DeCicca | L | 2008 | $515.00 | 72.30 | $37,234.50 |
| Richard A. DeCicca | L | 2008 | $415.00 | 182.10 | $75,571.50 |
| Richard R. Cook | L | 2008 | $515.00 | 73.80 | $38,007.00 |
| Richard R. Cook | L | 2008 | $415.00 | 170.30 | $70,674.50 |
| Steven B. Stein | C | 2008 | $515.00 | 12.70 | $6,540.50 |
| Steven B. Stein | C | 2008 | $415.00 | 39.20 | $16,268.00 |
| Sujan H. Trivedi | L | 2008 | $550.00 | 130.00 | $71,500.00 |
| Sujan H. Trivedi | L | 2008 | $465.00 | 400.10 | $186,046.50 |
| Sunny J. Thompson | L | 2008 | $455.00 | 0.20 | $91.00 |
| Sunny J. Thompson | L | 2008 | $355.00 | 16.80 | $5,964.00 |
| Susan Fiore | C | 2008 | $515.00 | 69.30 | $35,689.50 |
| Susan Fiore | C | 2008 | $415.00 | 277.70 | $115,245.50 |
| Tlalit Packer | T | 2008 | $465.00 | 28.40 | $13,206.00 |
| Vigdis Bronder | C | 2008 | $515.00 | 9.90 | $5,098.50 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Vigdis Bronder | C | 2008 | $415.00 | 94.90 | $39,383.50 |
| Xiaofeng S. Da | C | 2008 | $455.00 | 18.20 | $8,281.00 |
| Xiaofeng S. Da | C | 2008 | $355.00 | 175.40 | $62,267.00 |
| Adam J. Feit | C | 2009 | $455.00 | 4.10 | $1,865.50 |
| Adam J. Feit | C | 2009 | $355.00 | 192.10 | $68,195.50 |
| Alexander R. Liroff | C | 2009 | $395.00 | 14.30 | $5,648.50 |
| Allen T. Yancy | L | 2009 | $550.00 | 151.00 | $83,050.00 |
| Allen T. Yancy | L | 2009 | $465.00 | 244.90 | $113,878.50 |
| Allison J. Becker | L | 2009 | $455.00 | 63.10 | $28,710.50 |
| Allison J. Becker | L | 2009 | $355.00 | 239.40 | $84,987.00 |
| Anna Shanley | L | 2009 | $415.00 | 47.80 | $19,837.00 |
| Anne K. Castellani | L | 2009 | $455.00 | 40.10 | $18,245.50 |
| Ausra O. Pumputis | L | 2009 | $455.00 | 39.00 | $17,745.00 |
| Ausra O. Pumputis | L | 2009 | $355.00 | 7.60 | $2,698.00 |
| Bin Wang | L | 2009 | $355.00 | 126.50 | $44,907.50 |
| Caitlin Somerman | L | 2009 | $355.00 | 28.70 | $10,188.50 |
| Cassie Kimmelman | C | 2009 | $455.00 | 28.70 | $13,058.50 |
| Cassie Kimmelman | C | 2009 | $355.00 | 59.80 | $21,229.00 |
| Cheri Veit | L | 2009 | $455.00 | 40.40 | $18,382.00 |
| Cheri Veit | L | 2009 | $355.00 | 62.50 | $22,187.50 |
| Cheryl A. James | L | 2009 | $355.00 | 13.50 | $4,792.50 |
| Christopher M. Neely | L | 2009 | $515.00 | 40.20 | $20,703.00 |
| Christopher M. Neely | L | 2009 | $415.00 | 15.50 | $6,432.50 |
| Christopher T. Luise | L | 2009 | $455.00 | 54.50 | $24,797.50 |
| Christopher T. Luise | L | 2009 | $355.00 | 40.60 | $14,413.00 |
| Consuelo A. Kendall | L | 2009 | $455.00 | 79.80 | $36,309.00 |
| Consuelo A. Kendall | L | 2009 | $355.00 | 80.90 | $28,719.50 |
| Daniel S. Klein | L | 2009 | $550.00 | 28.10 | $15,455.00 |
| Daniel S. Klein | L | 2009 | $465.00 | 169.80 | $78,957.00 |
| David A. Cohen | C | 2009 | $455.00 | 38.40 | $17,472.00 |
| David A. Cohen | C | 2009 | $355.00 | 124.20 | $44,091.00 |
| David J. Schwartz | L | 2009 | $355.00 | 54.10 | $19,205.50 |

* BFR – Business Finance & Restructuring, C – Corporate, L – Litigation, T – Tax, MC – Managing Clerk, LSS – Litigation Support Services, X – Library, ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| David P. Byeff | L | 2009 | $455.00 | 27.00 | $12,285.00 |
| David P. Byeff | L | 2009 | $355.00 | 51.50 | $18,282.50 |
| Dev A. Ghose | C | 2009 | $515.00 | 20.60 | $10,609.00 |
| Dev A. Ghose | C | 2009 | $415.00 | 43.10 | $17,886.50 |
| Dionne Cutting | C | 2009 | $515.00 | 5.80 | $2,987.00 |
| Eileen Hren | L | 2009 | $395.00 | 50.70 | $20,026.50 |
| Eileen Hren | L | 2009 | $355.00 | 90.20 | $32,021.00 |
| Elizabeth M. Velez | L | 2009 | $395.00 | 44.00 | $17,380.00 |
| Eric Kasenetz | BFR | 2009 | $395.00 | 21.30 | $8,413.50 |
| Erica Coleman | BFR | 2009 | $455.00 | 5.50 | $2,502.50 |
| Erica Coleman | BFR | 2009 | $355.00 | 6.70 | $2,378.50 |
| Erica Rutner | L | 2009 | $395.00 | 14.90 | $5,885.50 |
| Erin Craddock | L | 2009 | $455.00 | 30.60 | $13,923.00 |
| Erin K. Yates | L | 2009 | $455.00 | 15.00 | $6,825.00 |
| Evgeny Zborovsky | C | 2009 | $455.00 | 0.70 | $318.50 |
| Evgeny Zborovsky | C | 2009 | $355.00 | 40.50 | $14,377.50 |
| Jannelle M. Seales | C | 2009 | $515.00 | 53.60 | $27,604.00 |
| Jannelle M. Seales | C | 2009 | $415.00 | 202.40 | $83,996.00 |
| Jeffrey R. Friedman | C | 2009 | $515.00 | 0.60 | $309.00 |
| Jeffrey R. Friedman | C | 2009 | $415.00 | 13.00 | $5,395.00 |
| Jenna E. Schaeffer | C | 2009 | $455.00 | 6.40 | $2,912.00 |
| Jenna E. Schaeffer | C | 2009 | $355.00 | 18.60 | $6,603.00 |
| Jennifer Cheng | C | 2009 | $515.00 | 3.50 | $1,802.50 |
| Jennifer Cheng | C | 2009 | $415.00 | 12.00 | $4,980.00 |
| Jennifer M. Nelsen | L | 2009 | $515.00 | 32.40 | $16,686.00 |
| Jennifer M. Nelsen | L | 2009 | $415.00 | 100.30 | $41,624.50 |
| Jennifer Sapp | BFR | 2009 | $455.00 | 219.90 | $100,054.50 |
| Jennifer Sapp | BFR | 2009 | $355.00 | 622.40 | $220,952.00 |
| Jodie A. Turner | C | 2009 | $470.00 | 7.90 | $3,713.00 |
| Jodie A. Turner | C | 2009 | $455.00 | 7.50 | $3,412.50 |
| Justin C. Lee | C | 2009 | $395.00 | 16.80 | $6,636.00 |
| Justin L. Constant | L | 2009 | $455.00 | 54.40 | $24,752.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Justin L. Constant | L | 2009 | $355.00 | 19.10 | $6,780.50 |
| Kristen M. Echemendia | L | 2009 | $455.00 | 7.00 | $3,185.00 |
| Kristen M. Echemendia | L | 2009 | $355.00 | 1.20 | $426.00 |
| Lee J. Goldberg | BFR | 2009 | $455.00 | 159.70 | $72,663.50 |
| Lee J. Goldberg | BFR | 2009 | $355.00 | 230.30 | $81,756.50 |
| Mark Glover | C | 2009 | $455.00 | 0.50 | $227.50 |
| Mark Glover | C | 2009 | $355.00 | 161.40 | $57,297.00 |
| Matthew Baudler | L | 2009 | $455.00 | 30.00 | $13,650.00 |
| Matthew Baudler | L | 2009 | $355.00 | 214.70 | $76,218.50 |
| Matthew D. Bergman | C | 2009 | $355.00 | 10.10 | $3,585.50 |
| Matthew Howatt | L | 2009 | $455.00 | 0.90 | $409.50 |
| Matthew Howatt | L | 2009 | $355.00 | 203.40 | $72,118.25 |
| Matthew M. Speiser | C | 2009 | $355.00 | 17.10 | $6,070.50 |
| Matthew M. Spritz | L | 2009 | $455.00 | 26.70 | $12,148.50 |
| Matthew M. Spritz | L | 2009 | $355.00 | 275.10 | $95,424.00 |
| Meghan A. McCaffrey | L | 2009 | $355.00 | 23.00 | $8,165.00 |
| Melanie Conroy | L | 2009 | $455.00 | 74.20 | $33,761.00 |
| Melanie Conroy | L | 2009 | $355.00 | 372.20 | $132,131.00 |
| Nadya Salcedo | L | 2009 | $455.00 | 138.60 | $63,063.00 |
| Nadya Salcedo | L | 2009 | $355.00 | 252.60 | $89,673.00 |
| Patricia Astorga | L | 2009 | $455.00 | 91.00 | $41,405.00 |
| Patricia Astorga | L | 2009 | $355.00 | 296.80 | $105,364.00 |
| Peter J. Ibrahim | BFR | 2009 | $470.00 | 24.80 | $11,656.00 |
| Peter J. McRae | C | 2009 | $455.00 | 36.80 | $16,744.00 |
| Peter J. McRae | C | 2009 | $355.00 | 308.90 | $109,659.50 |
| RaShawn Woodley | L | 2009 | $455.00 | 84.60 | $38,493.00 |
| RaShawn Woodley | L | 2009 | $355.00 | 104.60 | $37,133.00 |
| Stacey M. Mayer | L | 2009 | $355.00 | 96.20 | $34,151.00 |
| Stefan Saerbeck | L | 2009 | $350.00 | 6.60 | $2,310.00 |
| Tashanna B. Pearson | L | 2009 | $455.00 | 73.90 | $33,624.50 |
| Tashanna B. Pearson | L | 2009 | $355.00 | 17.80 | $6,319.00 |
| Thomas M. Kretchmar | C | 2009 | $455.00 | 23.20 | $10,556.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Thomas M. Kretchmar | C | 2009 | $355.00 | 55.90 | $19,844.50 |
| Tracy K. Bookspan | C | 2009 | $455.00 | 59.20 | $26,936.00 |
| Tracy K. Bookspan | C | 2009 | $355.00 | 156.10 | $55,415.50 |
| U-Hyeon Kwon | C | 2009 | $550.00 | 27.00 | $14,850.00 |
| U-Hyeon Kwon | C | 2009 | $465.00 | 61.80 | $28,737.00 |
| Violetta A. Kokolus | C | 2009 | $500.00 | 124.50 | $62,250.00 |
| William J. Carter | C | 2009 | $470.00 | 151.20 | $71,064.00 |
| William J. Carter | C | 2009 | $455.00 | 89.60 | $40,768.00 |
| Zaw Win | BFR | 2009 | $455.00 | 146.40 | $66,612.00 |
| Zaw Win | BFR | 2009 | $355.00 | 643.40 | $228,407.00 |
| Zohar R. Levy | L | 2009 | $455.00 | 21.30 | $9,691.50 |
| Zohar R. Levy | L | 2009 | $355.00 | 59.60 | $21,158.00 |
| Ajit Gokhale | T | 2010 | $455.00 | 39.90 | $18,154.50 |
| Ajit Gokhale | T | 2010 | $355.00 | 101.20 | $35,926.00 |
| Andrea Y. Loh | L | 2010 | $395.00 | 7.30 | $2,883.50 |
| Jessica Costa | L | 2010 | $395.00 | 21.90 | $8,650.50 |
| Julian Lista | C | 2010 | $515.00 | 24.30 | $12,514.50 |
| Kevin Kramer | L | 2010 | $395.00 | 21.20 | $8,374.00 |
| Shrutee Raina | L | 2010 | $395.00 | 10.30 | $4,068.50 |
| Brett A. Bush | C | ‡ | $455.00 | 57.50 | $26,162.50 |
| Brett A. Bush | C | ‡ | $355.00 | 297.20 | $105,506.00 |
| David C. Brown | L | ‡ | $455.00 | 70.10 | $31,895.50 |
| David C. Brown | L | ‡ | $355.00 | 59.40 | $21,087.00 |
| Elana R. Pollak | L | ‡ | $455.00 | 84.70 | $38,538.50 |
| Elana R. Pollak | L | ‡ | $355.00 | 188.50 | $66,917.50 |
| Peter J. Kee | L | ‡ | $395.00 | 8.70 | $3,436.50 |
| Young Lee | C | ‡ | $455.00 | 0.90 | $409.50 |
| Young Lee | C | ‡ | $355.00 | 24.10 | $8,555.50 |
| **Total:** | | | | **47,666.10** | **$24,045,583.25** |

---

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARALEGALS, CLERKS, LIBRARY STAFF AND OTHER NON-LEGAL STAFF | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Aaron M. Schleicher | L | $160.00 | 13.00 | $2,080.00 |
| Abeer Garousha | BFR | $280.00 | 202.90 | $56,812.00 |
| Abeer Garousha | BFR | $270.00 | 47.90 | $12,933.00 |
| Amanda B. Collier | C | $160.00 | 5.50 | $880.00 |
| Amorita Gaucin | LSS | $180.00 | 9.30 | $1,674.00 |
| Amy Sacks | IS | $235.00 | 47.00 | $11,045.00 |
| Andrea Wilmer | BFR | $180.00 | 1.00 | $180.00 |
| Andrea Wilmer | BFR | $160.00 | 11.70 | $1,392.00 |
| Ann M. Scarpa | L | $200.00 | 38.60 | $7,720.00 |
| Ann M. Scarpa | L | $180.00 | 122.20 | $21,996.00 |
| Artur Robin | LSS | $215.00 | 11.80 | $2,537.00 |
| Barbara Frayle | C | $210.00 | 372.20 | $78,162.00 |
| Beth Akers | L | $210.00 | 12.10 | $2,541.00 |
| Bill K. Chan | C | $200.00 | 30.50 | $6,100.00 |
| Bill K. Chan | C | $180.00 | 57.50 | $10,350.00 |
| Caitlin M. McGrath | L | $160.00 | 87.60 | $14,016.00 |
| Catherine Gurney | C | $295.00 | 139.60 | $41,078.75 |
| Catherine Gurney | C | $290.00 | 27.10 | $7,859.00 |
| Cheryl Eng-Bendel | LSS | $235.00 | 39.70 | $9,329.50 |
| Christine Guthrie | C | $215.00 | 1.00 | $215.00 |
| Christine Guthrie | C | $195.00 | 74.00 | $14,430.00 |
| Christine Shrestha | C | $275.00 | 0.50 | $137.50 |
| Christine Shrestha | C | $245.00 | 6.80 | $1,666.00 |
| Christopher A. Stauble | BFR | $275.00 | 135.00 | $37,125.00 |
| Christopher A. Stauble | BFR | $245.00 | 393.30 | $96,358.50 |
| Crystal McCray | L | $240.00 | 140.30 | $33,672.00 |
| Crystal McCray | L | $210.00 | 359.50 | $75,495.00 |
| Daniel F. McLaughlin | X | $195.00 | 9.30 | $1,813.50 |
| David Brangam | C | $295.00 | 13.60 | $4,012.00 |
| David Elphinstone | C | $295.00 | 52.70 | $15,546.50 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC – Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARALEGALS, CLERKS, LIBRARY STAFF AND OTHER NON-LEGAL STAFF | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| David Elphinstone | C | $290.00 | 16.10 | $4,669.00 |
| Deidra M. Mulligan | X | $140.00 | 12.50 | $1,750.00 |
| Doe Y. Oh | C | $215.00 | 4.70 | $1,010.50 |
| Doe Y. Oh | C | $195.00 | 12.50 | $2,437.50 |
| Donald Etienne | BFR | $180.00 | 12.30 | $1,314.00 |
| Donald Etienne | BFR | $160.00 | 146.20 | $19,224.00 |
| Elio Bettini | X | $125.00 | 5.10 | $637.50 |
| Elizabeth W. Safran | L | $160.00 | 75.00 | $12,000.00 |
| Emilie Niu | C | $250.00 | 6.20 | $1,550.00 |
| Francene S. Castillero | L | $170.00 | 31.10 | $5,287.00 |
| Francheska Marquez | C | $225.00 | 60.60 | $13,635.00 |
| Francheska Marquez | C | $200.00 | 158.00 | $31,600.00 |
| Gareth M. Mandel | L | $190.00 | 60.70 | $11,533.00 |
| Gareth M. Mandel | L | $170.00 | 56.00 | $9,520.00 |
| Geetinder Gujral | LSS | $215.00 | 52.60 | $11,309.00 |
| Genna D. Grossman | C | $180.00 | 57.00 | $10,260.00 |
| Genna D. Grossman | C | $160.00 | 121.00 | $19,360.00 |
| George Scopas | LSS | $215.00 | 29.20 | $6,278.00 |
| Georgina Wilson | C | $255.00 | 2.00 | $510.00 |
| Georgina Wilson | C | $250.00 | 3.00 | $750.00 |
| Gillad Matiteyahu | BFR | $215.00 | 104.20 | $22,403.00 |
| Gillad Matiteyahu | BFR | $190.00 | 213.50 | $40,470.00 |
| Gillad Matiteyahu | BFR | $160.00 | 127.70 | $20,432.00 |
| Halley C. Morrissey | L | $160.00 | 173.20 | $27,640.00 |
| Harish Perkari | C | $190.00 | 13.20 | $2,508.00 |
| Harish Perkari | C | $170.00 | 11.00 | $1,870.00 |
| Herbert Chan | L | $215.00 | 53.10 | $11,416.50 |
| Herbert Chan | L | $195.00 | 121.90 | $23,770.50 |
| Hillary A. Axon | L | $180.00 | 97.00 | $17,460.00 |
| Hillary A. Axon | L | $160.00 | 180.60 | $28,896.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC –  Managing Clerk, LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARALEGALS, CLERKS, LIBRARY STAFF AND OTHER NON-LEGAL STAFF | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| James Nierinck | C | $255.00 | 352.50 | $89,887.50 |
| James Nierinck | C | $250.00 | 50.30 | $12,575.00 |
| Jeffrey A. Klein | L | $160.00 | 25.00 | $4,000.00 |
| Jessica Choi | L | $180.00 | 14.30 | $2,574.00 |
| Jiaan Yin | C | $250.00 | 13.80 | $3,450.00 |
| John A. Ellsworth | C | $260.00 | 1.50 | $390.00 |
| John A. Ellsworth | C | $230.00 | 172.50 | $39,675.00 |
| Jonathan H. Adler | C | $160.00 | 6.20 | $992.00 |
| Jorge A. Romero | LSS | $205.00 | 9.80 | $2,009.00 |
| Jorge Martorell | LSS | $260.00 | 12.00 | $3,120.00 |
| Joyce Du | C | $250.00 | 8.00 | $2,000.00 |
| Judy Geeslin | X | $205.00 | 8.10 | $1,660.50 |
| Julian Chatterton | C | $295.00 | 34.40 | $10,148.00 |
| Julian Chatterton | C | $290.00 | 17.80 | $5,162.00 |
| Julie B. Mukendi | L | $200.00 | 12.00 | $2,400.00 |
| Justin Benjamin | LSS | $190.00 | 68.50 | $13,015.00 |
| Kaitlin C. Prindle | BFR | $200.00 | 0.40 | $80.00 |
| Kaitlin C. Prindle | BFR | $180.00 | 18.50 | $3,240.00 |
| Karen A. Joffrion | C | $240.00 | 70.10 | $16,824.00 |
| Karen A. Joffrion | C | $210.00 | 21.40 | $4,494.00 |
| Katharine L. Steigerwald | C | $180.00 | 56.60 | $10,188.00 |
| Katharine L. Steigerwald | C | $160.00 | 84.20 | $13,472.00 |
| Kathleen Lee | BFR | $275.00 | 1.20 | $330.00 |
| Kathleen Lee | BFR | $245.00 | 6.90 | $1,690.50 |
| Katie Slater | T | $255.00 | 21.70 | $5,533.50 |
| Katie Slater | T | $250.00 | 1.90 | $475.00 |
| Kazuho Nakajima | C | $225.00 | 28.30 | $6,367.50 |
| Kim Wu | LSS | $235.00 | 7.60 | $1,786.00 |
| Lance Y. Shiroma | C | $260.00 | 81.80 | $21,268.00 |
| Lance Y. Shiroma | C | $230.00 | 245.80 | $56,534.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC –  Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARALEGALS, CLERKS, LIBRARY STAFF AND OTHER NON-LEGAL STAFF | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Laura Jewett | LSS | $235.00 | 10.50 | $2,467.50 |
| Lesley Phillips | L | $240.00 | 10.30 | $2,472.00 |
| Lesley Phillips | L | $210.00 | 119.00 | $24,990.00 |
| Lori A. Seavey | BFR | $225.00 | 68.50 | $15,412.50 |
| Lori A. Seavey | BFR | $205.00 | 153.00 | $31,365.00 |
| Luis Cruz | X | $135.00 | 6.90 | $931.50 |
| Luis L. Pasion | MC | $140.00 | 12.50 | $1,610.00 |
| Marie J. Carmant | X | $145.00 | 8.10 | $1,174.50 |
| Mariel Daniele | L | $180.00 | 32.80 | $5,904.00 |
| Mariel Daniele | L | $160.00 | 2.30 | $368.00 |
| Mark Ribaudo | MC | $170.00 | 10.60 | $1,802.00 |
| Martina Boehmfeldt | C | $210.00 | 0.90 | $189.00 |
| Martina Boehmfeldt | C | $205.00 | 17.80 | $3,649.00 |
| MaryAnne Bollen | LSS | $215.00 | 27.40 | $5,891.00 |
| Matthew Schoenfeld | BFR | $160.00 | 41.40 | $6,624.00 |
| Matthew Viola | C | $275.00 | 0.60 | $165.00 |
| Matthew Viola | C | $245.00 | 14.70 | $3,601.50 |
| Maximiliano Greco | X | $85.00 | 7.90 | $671.50 |
| Mel C. Maravilla | C | $225.00 | 3.70 | $832.50 |
| Mel C. Maravilla | C | $200.00 | 18.10 | $3,620.00 |
| Merlyn A. Betton | C | $160.00 | 13.50 | $2,160.00 |
| Meshawn DeCoteau | LSS | $235.00 | 17.00 | $3,995.00 |
| Michael Brien | T | $205.00 | 9.20 | $1,886.00 |
| Michael Jackson | L | $225.00 | 159.90 | $35,977.50 |
| Michael Jackson | L | $200.00 | 380.50 | $76,100.00 |
| Michael Quarry | LSS | $215.00 | 19.50 | $4,192.50 |
| Mili Sam | LSS | $235.00 | 47.70 | $11,209.50 |
| Mona V. Mehta | L | $180.00 | 155.30 | $27,954.00 |
| Mona V. Mehta | L | $160.00 | 314.50 | $50,320.00 |
| Nicole K. Aliseo | BFR | $180.00 | 8.50 | $1,530.00 |

* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC –  Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARALEGALS, CLERKS, LIBRARY STAFF AND OTHER NON-LEGAL STAFF | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Nicole K. Aliseo | BFR | $160.00 | 4.00 | $640.00 |
| Noel Hughes | C | $255.00 | 296.50 | $75,607.50 |
| Noel Hughes | C | $250.00 | 136.90 | $34,225.00 |
| Odalys C. Smith | L | $225.00 | 48.20 | $10,845.00 |
| Odalys C. Smith | L | $205.00 | 93.70 | $19,208.50 |
| Peggy Jones | C | $260.00 | 9.00 | $2,340.00 |
| Peggy Jones | C | $230.00 | 34.70 | $7,981.00 |
| Peter A. Siebel | BFR | $210.00 | 5.60 | $1,176.00 |
| Peter Nudelman | LSS | $215.00 | 9.50 | $2,042.50 |
| Peter Schell | C | $205.00 | 54.50 | $11,172.50 |
| Philip Barahona | X | $195.00 | 7.80 | $1,521.00 |
| Rachel Shapiro | BFR | $160.00 | 126.80 | $19,968.00 |
| Sabrina M. Ialuna | L | $180.00 | 0.20 | $36.00 |
| Sabrina M. Ialuna | L | $160.00 | 5.00 | $800.00 |
| Scott Larangeira | LSS | $215.00 | 17.20 | $3,698.00 |
| Sean P. Devaney | C | $200.00 | 10.00 | $2,000.00 |
| Shelley J. Fortune | L | $200.00 | 30.80 | $6,160.00 |
| Shelley J. Fortune | L | $180.00 | 130.70 | $23,526.00 |
| Sherri Bell | L | $160.00 | 15.70 | $2,512.00 |
| Sherri Bell | L | $140.00 | 78.40 | $10,976.00 |
| Stephanie A. Schiffman | L | $160.00 | 91.50 | $14,640.00 |
| Steve Vacek | L | $200.00 | 2.50 | $500.00 |
| Steve Vacek | L | $180.00 | 3.00 | $540.00 |
| Suzanne Inglis | L | $275.00 | 33.80 | $9,295.00 |
| Suzanne Inglis | L | $245.00 | 122.00 | $29,890.00 |
| Tashan Q. Reid | C | $215.00 | 1.20 | $258.00 |
| Tashan Q. Reid | C | $195.00 | 18.40 | $3,588.00 |
| Trinh Hoang | L | $295.00 | 68.70 | $20,266.50 |
| Trinh Hoang | L | $290.00 | 13.60 | $3,944.00 |
| Victoria Burton | L | $255.00 | 25.30 | $6,451.50 |

\* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC –  Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

| NAME OF PROFESSIONAL PARALEGALS, CLERKS, LIBRARY STAFF AND OTHER NON-LEGAL STAFF | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Victoria Burton | L | $250.00 | 1.00 | $125.00 |
| William H. Gordon | L | $215.00 | 0.80 | $172.00 |
| William H. Gordon | L | $195.00 | 15.30 | $2,983.50 |
| Yashomati B. Koul | BFR | $200.00 | 95.50 | $19,100.00 |
| Yashomati B. Koul | BFR | $180.00 | 401.00 | $72,180.00 |
| Yovanka Malkovich | L | $190.00 | 5.00 | $950.00 |
| Yvonne Washington | L | $260.00 | 8.80 | $2,288.00 |
| Yvonne Washington | L | $230.00 | 70.30 | $16,169.00 |
| Zach M. Werner | L | $160.00 | 10.90 | $1,744.00 |
| **Total:** | | | **9,729.90** | **$2,036,581.75** |

| PROFESSIONALS TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $845.90 | 16,961.10 | $14,347,413.75 |
| Associates | $504.46 | 47,666.10 | $24,045,583.25 |
| Paraprofessionals | $209.31 | 9,729.90 | $2,036,581.75 |
| **Blended Attorney Rate** | **$594.07** | | |
| **Total** | | **74,357.10** | **$40,429,578.75** |

---

\* BFR – Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  MC –  Managing Clerk,
LSS – Litigation Support Services,  X – Library,  ‡ – Attorney not yet admitted to the bar

US_ACTIVE:\43334136\05\43334136_5.DOC\.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------------x

**FOURTH APPLICATION OF WEIL, GOTSHAL & MANGES LLP,**
**AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2010**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

       Weil, Gotshal & Manges LLP ("<u>WGM</u>"), attorneys for Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together with LBHI, the "<u>Debtors</u>" and, collectively with their non-debtor

affiliates, "<u>Lehman</u>"), for its fourth application, pursuant to sections 330(a) and 331 of title 11 of

the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for the interim allowance of compensation for

professional services performed by WGM for the period commencing October 1, 2009, through

and including January 31, 2010 (the "<u>Fourth Compensation Period</u>"), and for reimbursement of

its actual and necessary expenses incurred during the Fourth Compensation Period, respectfully represents:

### PRELIMINARY STATEMENT

1.      WGM's efforts during the Fourth Compensation Period enabled the Debtors to continue to make substantial progress in implementing and executing strategies to efficiently resolve these chapter 11 cases and maximize recoveries to creditors.  Specifically, during the Fourth Compensation Period, WGM devoted substantial resources and attention to researching, investigating and counseling the Debtors on issues that will have a significant impact on the Debtors' chapter 11 plans and recoveries to all creditors, including substantive consolidation, intercompany issues, guarantee claims, preference analyses and the creation of a new asset management company to manage Lehman's assets and liabilities.  Those efforts culminated in the filing of the Debtors' joint chapter 11 plan (the "Plan") and the motion to approve the Debtors' entry into certain agreements with LAMCO, LLC and its affiliates on March 15, 2010.

2.      Additionally, WGM's advice and services were critical in enabling the Debtors to obtain several significant achievements, including:

- A groundbreaking decision in an adversary proceeding against BNY Corporate Trustee Services Limited, holding that contractual provisions that modify the payment priority of Lehman Brothers Special Financing Inc. ("LBSF"), such that LBSF would be paid after noteholders solely as a result of a chapter 11 filing, were void as *ipso facto* clauses that do not fall within the Bankruptcy Code's limited safe harbor.  The ruling has broad implications and will lead to significant increases in recoveries to the Debtors' estates.

- Preserving the Court's decision to compel a derivatives contract counterparty, Metavante Corporation ("Metavante"), to perform its obligations under its contract with LBSF by successfully contesting Metavante's motion to alter or amend an order granting LBSF's motion to compel and Metavante's motion for a stay pending appeal.  WGM also advised the Debtors with respect to the appeal taken by Metavante and prepared and filed LBSF's brief on appeal with the United States

District Court for the Southern District of New York (the "District Court").

- Negotiating and obtaining an order authorizing an extraordinarily complex settlement that resolved a dispute between Lehman Brothers Bankhaus Aktiengesellschaft i. Ins. ("Bankhaus") on the one hand, and LBHI, Lehman Commercial Paper Inc. ("LCPI"), and Lehman ALI Inc. (collectively, the "Lehman Parties") on the other, over the ownership of billions of dollars of loans, and that included the purchase, by the Lehman Parties, of 86 loans with a total outstanding balance due of approximately $2.9 billion, for a purchase price of approximately $1 billion. LBHI and LCPI are expected to recover substantial value from this transaction.

- An omnibus order authorizing the Debtors to issue subpoenas and take discovery pursuant to Bankruptcy Rule 2004 that has significantly enhanced the Debtors' ability investigate matters of importance to the Debtors, such as to evaluate counterparty valuations of derivatives transactions, to ensure that the Debtors are making informed decisions in administering the chapter 11 cases.

- And the dismissal and/or settlement of three adversary proceedings pending against the Debtors.

These critical achievements and others will permit the Debtors to continue to make progress in the administration of these cases, and to exit from chapter 11 providing maximum recoveries to creditors.

3.    In addition to the foregoing significant accomplishments, during the Fourth Compensation Period, WGM was required to prepare, review, or respond to the more than 1,561 motions, notices, applications, objections, briefs, orders, and other pleadings filed in the Debtors' chapter 11 cases to ensure that the interests of the Debtors were adequately represented. Among other filings, three new adversary proceedings were commenced by third parties against the Debtors (increasing to the total number of adversary proceedings pending during the Fourth Compensation Period to 38) (the "Adversary Proceedings"); 12 motions for relief from the automatic stay were filed against the Debtors; and two motions to compel the assumption or rejection of executory contracts were filed against the Debtors. During the Fourth Compensation Period, WGM also drafted and filed 75 motions, objections, replies, applications

and/or stipulations for affirmative relief on behalf of the Debtors.  Each of the filings in the

Debtors' chapter 11 cases and the 860 pleadings filed in the SIPA Proceeding (defined below)

required careful consideration and substantial resources from WGM to represent and protect the

interests of the Debtors.

4.      Since the commencement of these cases, WGM has coordinated its efforts

with the Alvarez and Marsal North America LLC ("A&M"), the Debtors' restructuring advisors,

the professionals of the Official Committee of Unsecured Creditors (the "Creditors'

Committee"), the Office of the United States Trustee for the Southern District of New York (the

"U.S. Trustee"), the SIPA Trustee (defined below), the Examiner (defined below), the foreign

administrators appointed to administer the insolvency proceedings of the Debtors' foreign

affiliates, and a variety of other constituents to ensure that the interests of the Debtors were

adequately represented and all of the Debtors' constituents were apprised of major

developments.  WGM's efforts to advise and represent the Debtors in all facets of these cases

and the affairs of the Lehman enterprise during the Fourth Compensation Period were actual and

necessary and of substantial benefit to the estates and their creditors.  In the perspective of the

complexity and scale of these cases, WGM's charges for professional services performed and

expenses incurred are reasonable under the applicable standards.  WGM respectfully requests

that the Court grant this application and allow interim compensation for professional services

performed and reimbursement for expenses incurred during the Fourth Compensation Period as

requested.

## **BACKGROUND**

5.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases

under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated

for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b).  The Debtors are authorized to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On October 8, 2008, the Debtors filed an application to employ WGM as

their attorneys.  No objections were filed to WGM's retention and, pursuant to an order, dated

November 21, 2008, the Debtors were authorized to retain WGM as their attorneys to render

legal services in the prosecution of their chapter 11 cases.

7.      On September 17, 2008, the U.S. Trustee appointed the Creditors'

Committee pursuant to section 1102 of the Bankruptcy Code.

8.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970, as amended ("SIPA") with respect to Lehman

Brothers Inc. ("LBI").  James W. Giddens, Esq. is the trustee (the "SIPA Trustee") appointed to

administer LBI's estate under the SIPA (the "SIPA Proceeding").

9.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner (the "Examiner") and by order, dated January 20, 2009, the Court approved the U.S.

Trustee's appointment of the Examiner.  On March 11, 2010, the Examiner issued his report

pursuant to section 1106(b) of the Bankruptcy Code.

10.     On May 26, 2009, the Court entered an order appointing a fee committee

(the "Fee Committee") and approving a fee protocol (the "Fee Protocol") to make

recommendations with respect to fees and expenses of retained professionals in these chapter 11

cases.

11.     WGM filed its applications for interim allowance of compensation for

professional services rendered and reimbursement of actual and necessary expenses incurred

from September 15, 2008 through September 30, 2009 on April 13, 2009, August 14, 2009 and

December 14, 2009.  The Court entered orders with respect to these applications on August 13,

2009, September 25, 2009, December 23, 2009 and April 9, 2009, as such orders have been

amended or modified from time to time.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

12.       WGM seeks allowance of interim compensation for professional services

performed during the Fourth Compensation Period in the amount of $40,429,578.75 and for

reimbursement of expenses incurred in connection with the performance of such services in the

amount of $956,027.29.[1]  During the Fourth Compensation Period, WGM attorneys and

paraprofessionals expended a total of 74,357.10 hours in connection with the necessary services

performed.  Of the aggregate time expended, 16,961.10 recorded hours were expended by

partners and counsel of WGM, 47,666.10 recorded hours were expended by associates, and

9,729.90 recorded hours were expended by paraprofessionals of WGM.  To the extent that time

or disbursement charges for services performed or disbursements incurred relate to the Fourth

Compensation Period, but are processed subsequent to the preparation of this application, WGM

reserves the right to request additional compensation for such services and reimbursement of

such expenses in a future application.

13.       This application has been prepared in accordance with the Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on June 20, 1991 and the Amended Guidelines for Fees and Disbursements

---

[1] Although WGM incurred and is seeking approval and allowance of $956,027.29 in expenses for the Fourth Compensation Period, as a result of certain voluntary reductions that WGM has determined to make now that relate to previous compensation periods, WGM will only request payment of $844,493.68 from the Debtors to the extent that expenses requested for the 4th Compensation Period are allowed in full by the Court.

for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on

April 19, 1995 (together the "Local Guidelines"), the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Second Amended

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals [Docket No. 3102] (the "Administrative Order," and together with the Local

Guidelines and the UST Guidelines, the "Guidelines").  Further, WGM has endeavored to

comply with the directions provided by the Fee Committee made in connection with WGM's

prior applications.  Pursuant to the Fee Protocol, the Debtors will provide a copy of this

application to the Fee Committee.

14.    The fees charged by WGM in these cases are billed in accordance with

WGM's existing billing rates and procedures in effect during the Fourth Compensation Period.

The rates WGM charges for the services rendered by its professionals and paraprofessionals in

these chapter 11 cases are the same rates WGM charges for professional and paraprofessional

services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are

reasonable based on the customary compensation charged by comparably skilled practitioners in

comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

15.    In the regular course of its business WGM adjusts its billing rates from

time to time.  One such adjustment occurred on January 1, 2010.  Subsequent to January 1, 2010,

the customary hourly rates in WGM's domestic offices are $725 to $990 for members and

counsel, $395 to $695 for associates and $160 to $310 for paraprofessionals.  Hourly rates in

WGM's foreign offices, applicable in these chapter 11 cases, subject to change from time to time, are $735 to $1,000 for members, and $175 to $865 for associates.

16.    Accordingly, during the Fourth Compensation Period, which included time billed before the rate increase described above, WGM billed the Debtors for time expended by attorneys based on hourly rates ranging from $355 to $990 per hour for domestic attorneys and $175 to $1,000 for foreign attorneys.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $594.07 (based on 64,627.2 recorded hours for attorneys at WGM's regular billing rates in effect at the time of the performance of services).

17.    WGM consistently monitors its charges and expenses before and after the submission of monthly fee statements for possible errors or charges that might be inappropriate or otherwise should be reduced.  As a result, prior and subsequent to the submission of monthly fee statements for the Fourth Compensation Period, WGM reduced its charges by $257,220.75 and its expenses by $42,145.65, for a total of $299,366.40 in voluntary reductions, and credited the Debtors' account for an additional $19,629.09 mistakenly charged to the Debtors during the Fourth Compensation Period.  In addition, WGM has also credited the Debtors for $111,533.61 relating to certain charges from September of 2008 through September of 2009 in its overseas offices.  WGM will continue to diligently monitor its charges and expenses and, where appropriate, make appropriate reductions.  As of the date hereof, WGM has voluntarily reduced its fees and expenses by $2,059,268.23 in aggregate since the Commencement Date.

18.    In accordance with the Administrative Order, to date, WGM received payments totaling $24,461,869.89 for the Fourth Compensation Period, consisting of $23,661,833.20, representing 80% of the fees, and $800,036.69, representing 100% of the

expenses, invoiced for October, November, and December 2009.  WGM has not yet received

payment for either the fees or the expenses invoiced for January 2010.

19.     There is no agreement or understanding between WGM and any other

person, other than members of the firm, for the sharing of compensation to be received for

services rendered in these cases.  Except as explained immediately below, during the Fourth

Compensation Period, other than pursuant to the Administrative Order, WGM received no

payment and no promises of payment from any source for services rendered or to be rendered in

any capacity whatsoever in connection with the matters covered by this Application.

20.     As previously described in WGM's prior applications, in certain instances,

the Debtors and Lehman may be entitled to reimbursement from third parties, or third parties

may be obligated to pay the Debtors' and Lehman's professionals directly, for legal services

provided and expenses incurred in connection therewith.  For example, in many instances,

borrowers may be responsible for payment of Lehman's costs and expenses in connection with

Lehman's role as a lender or agent.  After consultation and upon agreement with the U.S.

Trustee, WGM endeavored to segregate legal fees and expenses that may be subject to payment

by third parties, and such fees and expenses are not contained within this Application.  Based

upon the agreement with the U.S. Trustee, for each matter in which the Debtors and/or Lehman

may be entitled to reimbursement from third parties, WGM has opened, or will open, a new

billing account.  WGM has sought and will seek payment from third parties for all applicable

fees and expenses charged to these accounts, which will not be subject to any holdback.  WGM

has not, and will not, submit monthly fee statements to the Debtors or Lehman for such matters

unless and until such third-parties fail to pay the amounts due, at which point WGM would seek

payment from the Debtors, but will reflect amounts charged and payments received on account of such matters, in summary fashion, in interim fee applications.

21.    During the Fourth Compensation Period, WGM has received payment in the aggregate of approximately $3,611,987.13 from third parties related to representations of Lehman entities listed on Exhibit A hereto.  WGM may have incurred, but not yet received payment from third parties for, additional fees and expenses in connection with these and other matters.  WGM expects to receive all such payments from all such third parties.  To the extent any third party fails to reimburse WGM for such fees or expenses, however, WGM is authorized to seek reimbursement from the Debtors or Lehman in accordance with the Administrative Order.[2]

22.    As of the date hereof, WGM has a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in the amount of $4,422,608.80.  WGM will file further disclosures to the extent reconciliation of time and expenses incurred prior to the Commencement Date results in further charges.

23.    Annexed hereto as Exhibit B is a certification regarding compliance with the Guidelines.

24.    Pursuant to the UST Guidelines, the Summary Sheet filed in connection with this Application includes a schedule of WGM professionals and paraprofessionals who have performed services for the Debtors during the Fourth Compensation Period, the capacities in which each such individual is employed by WGM, the department in which each individual practices, the hourly billing rate charged by WGM for services performed by such individuals,

---

[2] Based upon an agreement with the U.S. Trustee, WGM is not required to maintain or provide detailed task codes or billing increments for such requests.

the year in which each professional was first licensed to practice law and the aggregate number of hours expended in this matter and fees billed therefor.

25.     Annexed hereto as <u>Exhibit C</u> is a schedule specifying the categories of expenses for which WGM is seeking reimbursement and the total amount for each such expense category.  An itemized schedule of all such expenses has been provided to the Debtors, the Court, the attorneys for the Creditors' Committee, the U.S. Trustee, and the Fee Committee.

26.     Annexed hereto as <u>Exhibit D</u>, pursuant to the UST Guidelines, is a summary of WGM's time records billed during the Fourth Compensation Period using project categories hereinafter described.  WGM maintains computerized records of the time spent by all WGM attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11 cases.  Copies of these computerized records have been furnished to the Debtors and, subject to redaction or modification for the attorney-client privilege where necessary to protect the Debtors' estates, the Court, the attorneys for the Creditors' Committee, the U.S. Trustee, and the Fee Committee in the format specified by the UST Guidelines.

**SUMMARY OF SERVICES PERFORMED BY**
**WGM DURING THE FOURTH COMPENSATION PERIOD**

27.     Descriptions of some of the more significant tasks performed by WGM during the Fourth Compensation Period are set forth below.

28.     <u>Derivatives</u>.  As of the Commencement Date, Lehman was party to or guarantor of over 10,000 derivatives contracts (the "<u>Derivatives Contracts</u>") with an excess of 1,700,000 transactions.  The size and complexity of the Derivative Contracts are unprecedented in the context of chapter 11 cases and will have an enormous impact on recoveries to creditors. As has been the case since the Commencement Date, during the Fourth Compensation Period, WGM devoted substantial resources to implementing the Debtors' global strategies to maximize

the value of their derivatives assets.  At any one time, WGM's multi-disciplinary derivatives

team may be engaged a large number of research and other derivative-related projects.  With

WGM's guidance, the Debtors recovered approximately $1.2 billion during the Fourth

Compensation Period for the benefit of creditors in connection with the wind down of their

derivatives businesses.

29.    Significantly, during the Fourth Compensation Period, WGM successfully

prosecuted a motion for summary judgment and opposed a competing motion for summary

judgment filed by the defendant in the *LBSF v. BNY Corporate Trustee Services Ltd.* Adversary

Proceeding (Adv. Pro. No. 09-1242).  The Court granted LBSF's motion in a written opinion

issued on January 25, 2010, which held that contractual provisions that purported to modify

LBSF's payment priority as a result of a chapter 11 filing, thereby depriving LBSF of a

substantial payment, constitute unenforceable *ipso facto* clauses that violate Bankruptcy Code

sections 365(e)(1) and 541(c)(1)(B).  The Court further held that the provisions did not fall

within the limited safe harbors in section 560 of the Bankruptcy Code.  WGM devoted and

continues to devote substantial time and resources to this litigation to ensure that the Debtors'

interests are adequately represented and that recoveries to creditors are maximized.  This issue is

of great significance to the Debtors because similar contractual provisions appear in hundreds of

similar prepetition transactions of the Debtors.

30.    The litigation is further complicated by a parallel proceeding in England in

which noteholders seek to enforce these contractual provisions under English law.  The English

High Court of Justice ruled in favor of the noteholders in a written decision, but the Supreme

Court of the United Kingdom recently granted LBSF's application to appeal the decision.  WGM

has actively represented the interests of the Debtors in the English proceedings and has regularly

coordinated with its London office to counsel the Debtors on the interplay between English and U.S. bankruptcy laws.

31.     During the Fourth Compensation Period, WGM also represented the Debtors to preserve the Court's decision granting LBSF's motion to compel performance of a derivatives contract by Metavante.  In October 2009, Metavante filed a motion to alter or amend the order granting the motion to compel performance and also moved for a stay pending appeal of the order.  WGM took immediate action to research, analyze and respond to the issues raised by Metavante.  As a result of WGM's efforts, both of Metavante's post-trial motions were denied by the Court.  Metavante then took an appeal of the order granting LBSF's motion to compel performance.  WGM counseled the Debtors on all matters related to the appeal and prepared and filed LBSF's brief on appeal.  Significantly, the facts presented by the Metavante motion are representative of hundreds of similar Derivatives Contracts, and, indeed, the Debtors' success in the Metavante litigation has resulted in numerous settlement and contractual payments from other Derivatives Contract counterparties that have brought in significant recoveries for the Debtors.

32.     WGM also assisted the Debtors to implement the Court-approved alternative dispute resolution procedures for the Debtors' Derivatives Contracts with recovery potential.  WGM counseled the Debtors on identifying matters for mediation, prepared notices, replies and related documents for mediations and participated in settlement conferences with Derivatives Contract counterparties to attempt to achieve consensual resolutions.  With WGM's assistance during the Fourth Compensation Period, the Debtors were able to set the framework for numerous settlements that were subsequently consummated and resulted in significant value to the Debtors.

33.    In addition to these significant achievements, throughout the Fourth Compensation Period, WGM represented the Debtors' interests in various disputes, including those related to invalid terminations, counterparty non-performance, and assertions of rights of setoff.  These issues were raised both informally, in negotiations, and formally, in applications filed with the Court.  The motion brought by California Public Employees' Retirement System ("CalPERS") for relief from the automatic stay to effectuate a setoff is one example of the latter. CalPERS sought authority to setoff a termination payment of over $17 million to LBSF against amounts asserted to be owed to it by LBHI, LBSF's parent, in connection with unrelated bond issuances.  LBSF contested the Motion on the grounds that CalPERS' purported setoff was of nonmutual debts (owed to one Debtor and owed by another) and, as such, was impermissible under section 553 of the Bankruptcy Code and in violation of the automatic stay.  WGM researched and briefed the issue and presented its arguments to the Court at a hearing on January 21, 2010.  The Court denied CalPERS' motion in its entirety.  LBSF's victory has set an important precedent in the Debtors' cases that serves to discourage any creditor similarly situated to CalPERS from attempting to withhold payments to the Debtors on similar grounds.

34.    Plan and Emergence Issues.  In anticipation of filing the Plan, WGM engaged in an intensive analysis of the pre-petition structure and operation of the Debtors in an effort to determine whether substantive consolidation of any or all of the Debtors and their affiliates would be appropriate.  WGM was required to engage in a thorough factual investigation and analysis and perform significant legal research to properly analyze the issues. Throughout the course of the investigation, WGM conducted numerous interviews of Lehman personnel – both current and former – across Lehman's divisions in order to understand the Debtors' pre-petition operation, structure and corporate organization.  Moreover, WGM

reviewed hundreds of thousands of pages of documents from numerous areas of Lehman's businesses, including transactional documents and corporate, financial and accounting records. WGM also met with and conducted interviews of certain of Lehman's creditors. Finally, WGM undertook an extensive review of the potential claims against the various Lehman entities, including both third-party and intercompany claims.

35.     Throughout this process, WGM worked with professionals of the Creditors' Committee to share information and facilitate a transparent and efficient process. Accordingly, WGM provided nearly 13,000 pages of documents to the Creditors' Committee, arranged for additional interviews of Lehman personnel, and responded to numerous informal requests for additional information from the Creditors' Committee.

36.     In addition to the analysis on the issue of substantive consolidation, WGM devoted significant time and resources during the Fourth Compensation Period to research, investigate and formulate its strategies with respect to the numerous claims that have been filed against LBHI based in whole or in part on LBHI's alleged guarantee of liabilities of certain of its subsidiaries. WGM investigated the factual circumstances surrounding the issuance of such guarantees, including interviewing LBHI executives who were involved with LBHI's guarantee programs, reviewing various documents and performing extensive legal research regarding the validity and grounds for objection to claims filed in connection with such purported guarantees. In addition, WGM worked closely with A&M to review several hundred proofs of claims and guarantee questionnaires in connection with the claims filed against LBHI based on obligations of its subsidiaries.

37.     Also during the Fourth Compensation Period, WGM devoted significant time and effort to advising the Debtors on issues surrounding the establishment of a new

subsidiary to manage Lehman's assets and liabilities.  Among other things, WGM analyzed

various alternatives with respect to the structure of the new entity and provided advice with

respect to the foreign and domestic tax, corporate governance, bankruptcy, and employment

implications of various alternatives.  In connection therewith, WGM drafted and revised

numerous agreements, schedules, and other corporate documents and participated in frequent

conferences and teleconferences, both internally and with the Debtors and their financial

advisors, to discuss the relative merits of the various alternatives and ultimately decide on a

course of action.  WGM also expended considerable energy in communicating elements of the

Plan and LAMCO to relevant parties in interest in order to solicit their feedback and garner

support for the project.

> 38.    <u>Bank Issues</u>.  During the Fourth Compensation Period, with WGM's

assistance, the Debtors took a substantial leap forward in their dealings with their two domestic

banks, Aurora Bank FSB ("<u>Aurora</u>") and Woodlands Commercial Banks ("<u>Woodlands</u>" together

with Aurora, the "<u>Banks</u>").  WGM counseled the Debtors to achieve global settlements with both

Banks that should position LBHI to recover the fair value of the Banks over time.  WGM also

prepared two motions for approval of both settlements that the Debtors expect to prosecute upon

obtaining approval of the settlements from the Banks' respective regulators.  WGM's efforts

should enable the Debtors to preserve the substantial value of the Banks for their creditors and

avoid costly litigation.

> 39.    WGM also took action to preserve the value of the Banks by taking

necessary steps to assist the Debtors in correcting a dip in Aurora's capital position caused

primarily by a miscalculation in the valuation of a portfolio of mortgage servicing rights

previously contributed to Aurora by LBHI.  WGM evaluated the legal effects of the

miscalculation and filed and prosecuted a motion for approval of a capital contribution to Aurora to correct the error. Without the capital contribution, Aurora's reduced capital position could have had a significant impact on LBHI's business plan for Aurora and LBHI's ability to realize the fair value of Aurora could have been jeopardized or delayed.

40.    Real Estate. As of the Commencement Date, the Debtors and their affiliates had tens of billions of dollars invested in both the debt and equity of various commercial and residential real estate projects across the globe. During the Fourth Compensation Period, WGM continued to dedicate a significant amount of time to review the extensive documentation related to these projects and to implement the best available course of action for the Debtors' real estate assets. At any one time during the Fourth Compensation Period, WGM's real estate team was engaged in analyzing aspects of approximately seventy-five transactions. WGM's multi-disciplinary team of professionals and extensive experience enabled the Debtors to expeditiously resolve formal and informal demands of their counterparties and to take necessary actions to preserve the value of Lehman's real estate portfolio.

41.    During the Fourth Compensation Period, WGM expended substantial resources to negotiate settlements regarding the Debtors' participation interests in real estate investments with affiliates who are now under foreign administration. One product of these efforts is the Debtors' settlement agreement with Bankhaus (the "Bankhaus Agreement"). The Bankhaus Agreement included the purchase by the Lehman Parties of 86 loans with a total outstanding balance due of approximately $2.9 billion, for a purchase price of approximately $1 billion. The Bankhaus Settlement was approved by the Court and the Lehman Parties expect to recover substantial value from the transaction. WGM represented the Lehman Parties in all aspects of the transaction, including (i) an analysis of the issues subject to the compromise and

settlement embodied in the Bankhaus Settlement, (ii) negotiation of the Bankhaus Settlement

over a period of nearly a year, (iii) due diligence, (iv) structuring of the transaction, and drafting

and negotiation of the transaction documents, (v) preparation of the motion to approve the

Bankhaus Settlement; (vi) preparation for the hearing to consider the motion, and (vii) all aspects

of the closing process over a period of months.

42.     WGM also devoted substantial time during the Fourth Compensation

Period to drafting motions for authorization to provide liquidity to projects that the Debtors

determined, in their business judgment, will benefit their creditors.  For example, WGM assisted

a subsidiary of the Debtors in obtaining deeds in lieu of foreclosure for unsold condominium

units and other portions of Carillon, a mixed-use condominium project located in Miami Beach,

Florida, which project had secured previous loans made by LBHI that totaled over $522 million.

Furthermore, to increase the prospect for recovery by LCPI and various affiliates that provided

over $2 billion in financing related to residential developments in California, which are now the

subject of a complicated bankruptcy case in California (the "SunCal Bankruptcy"), WGM

performed services with respect to the amendment of a previously filed lenders' plan of

reorganization, the defense and prosecution of various motions, the negotiation, preparation and

filing of various stipulations, discussions with the trustee appointed for certain of the debtors in

the SunCal Bankruptcy and discovery in connection with the adversary proceeding filed by such

debtors.

43.     In addition, in order to preserve the Debtors' resources, WGM dedicated

substantial time and effort to establishing an additional protocol with the Creditors' Committee

to govern loan restructurings, investments of additional debt or capital, and settlements and

compromises where the Debtors believe that such action is in the best interest of creditors.

Similar to protocols negotiated during prior compensation periods, this protocol's dual goal was to minimize the costs and time needed to enter into routine loan modifications and also preserve an oversight role for the Creditors' Committee for significant transactions.

44.     Adversary Proceedings.  During the Fourth Compensation Period, WGM continued to defend Adversary Proceedings filed against the Debtors and also commenced Adversary Proceedings against third parties to recover funds or property belonging to the Debtors.  In total, there were 38 Adversary Proceedings pending during the Fourth Compensation Period.  The Adversary Proceedings involve extraordinarily complex financial securities, the scope of the Bankruptcy Code's safe harbor provisions, the rights of parties with respect to certain posted collateral, claims filed by former employees, claims relating to certain funding commitments, and various other causes of action.

45.     WGM's professional services during the Fourth Compensation Period in connection with the Adversary Proceedings included: thoroughly investigating and evaluating all claims asserted by and against the Debtors; drafting appropriate answers; drafting and researching potential counterclaims; preparing motions to dismiss, motions for summary judgment and responses to motions for summary judgment; conducting legal research; negotiating dismissals and settlements; attending pretrial conferences and discovery conferences; negotiating appropriate discovery schedules; drafting discovery requests, including interrogatories, requests for production of documents, and requests for admissions; responding to discovery requests, including asserting appropriate objections to such requests; reviewing documents to produce to and documents produced by opposing litigants; defending and taking depositions; litigating certain matters on appeal, including legal research, drafting briefs and preparing for oral arguments; and various other tasks.

46.     During the Fourth Compensation Period, WGM devoted substantial time

and resources to protecting the Debtors' rights in an Adversary Proceeding involving Bank of

America, N.A. ("BofA") (Adv. Case No. 08-01753).  This litigation grew out of BofA's attempt,

in November of 2008, to set off more than $500 million of LBHI's funds held by BofA as

collateral for intraday overdrafts against derivative claims BofA alleges it holds against LBSF.

WGM has aggressively pursued a return of the funds along with fees and statutory interest.

During the Fourth Compensation Period, WGM submitted a final round of briefing in support of

LBHI's motion for summary judgment and represented LBHI in oral argument, which took place

on December 10, 2009.   Following oral argument, WGM prepared for and participated in

mediation with BofA in an attempt to settle the dispute.  WGM also prepared for and presented

LBHI's case at an evidentiary hearing, which took place January 31 through February 2, 2010.

WGM's efforts included preparing three witnesses, reviewing and designating deposition

testimony from three additional witnesses, preparing cross-examinations for four BofA

witnesses, and creating numerous exhibits and other materials for the hearing.

47.     In total, during the Fourth Compensation Period, WGM's litigation team

drafted and filed two motions to dismiss, seven memorandums of law, seven answers to

complains or amended complaints, and three responses to motions to dismiss filed by their

adversaries.  WGM also opposed a motion for summary judgment and successfully defended

against motions to withdraw the reference in two Adversary Proceedings.  Significantly, during

the Fourth Compensation Period, WGM's efforts resulted in a dismissal and/or settlement of

three Adversary Proceedings against the Debtors.

48.     <u>International Matters</u>.  During the Fourth Compensation Period, WGM

represented the Debtors in a broad array of foreign and international matters.  A substantial

amount of WGM's international work during the Fourth Compensation Period consisted of representing and advising the Debtors in connection with the general management of their estates and business operations in foreign jurisdictions and vis-à-vis foreign regulatory entities, the management and realization of assets located outside of the United States, and the unwinding of their derivatives portfolios and special purpose entity transactions with foreign counterparties. A portion of this work also consisted of representing some or all of the Debtors as creditors and on creditors' committees in the foreign insolvency proceedings of their affiliates and many non-affiliate entities. In addition to the foregoing, WGM represented the Debtors in a number of litigation and arbitration matters pending before courts and in jurisdictions outside of the United States.

49.    During the Fourth Compensation Period, WGM continued to advise and represent the Debtors in their relationships and dealings with their foreign affiliates. In addition to advising the Debtors in their preparation for, and attending the second meeting of signatories to the Cross-Border Insolvency Protocol for the Lehman Brothers Group of Companies dated May 12, 2009 (the "Protocol") on October 15 and 16, 2009, WGM also prepared for and hosted the third Protocol meeting in New York on January 13 and 14, 2010. In connection with these meetings, WGM drafted and negotiated multilateral agreements among the Debtors and their foreign affiliates to provide a legal framework for the sharing of confidential and proprietary information, and advised the Debtors on the development of a legal framework for the reconciliation of intercompany trading and non-trading balances.

50.    SIPA Proceeding. WGM also devoted significant attention to the SIPA Proceeding during the Fourth Compensation Period. Under SIPA, claimants are broadly divided into two categories, those with "customer claims," and those with claims against the debtor's

general estate. Claimants holding customer claims are favored because their claims may be

satisfied out of "customer property," assets of the general estate, or, under certain circumstances,

with advances made by the Securities Investor Protection Corporation (up to prescribed limits).

Accordingly, the determination of customer status is of critical importance in the SIPA

Proceeding.

51.    Certain of the Debtors and their non-debtor affiliates hold substantial

customer and non-customer claims in the SIPA Proceeding. On October 5, 2009, the SIPA

Trustee filed a motion seeking authority to allocate the vast majority of property of LBI's estate

to customer property, providing for little or no recovery for creditors of LBI's general estate (the

"Allocation Motion"). In response to the Allocation Motion, WGM devoted substantial time to

analyzing Lehman's claims in the SIPA Proceeding, including the review of numerous

subordination agreements between LBI and certain Lehman entities. WGM also conducted

extensive research into the legal basis for the relief sought in the Allocation Motion, and worked

closely with the Creditors' Committee to draft an objection and ultimately negotiate a consensual

resolution of the issue.

52.    Transparency. Disclosure to the Court, the U.S. Trustee, the Creditors'

Committee and their professionals, and all creditors has been, and continues to be, a fundamental

goal of the Debtors. WGM has taken the lead in assisting the Debtors in the disclosure process

and in providing information to the Debtors' stakeholders. As previously disclosed, WGM

maintains a "Lehman Team Hotline" through which any party in interest can email WGM

attorneys or call to speak with WGM attorneys regarding developments in these cases. WGM

attorneys spend hours each day responding to emails and calls on a continuous basis to ensure

that individual stakeholders have access to accurate information and a platform to raise inquiries.

During the Fourth Compensation Period, WGM responded to hundreds of informal inquiries.

53.     Additional professional services rendered by WGM during the Fourth

Compensation Period, organized in accordance with WGM's work codes, are described below.

a.     Case Administration

   (i)    Entity Filings

   ▪    prepared and filed chapter 11 petitions and related documents for Merit LLC, LB Somerset LLC, and LB Preferred Somerset LLC.

   (ii)    Case Administration

   ▪    reviewed, analyzed and distributed filings in the main chapter 11 cases, Adversary Proceedings, appeals, and non-Bankruptcy Court litigations to appropriate Lehman, A&M, and WGM teams; and
   ▪    reviewed and responded to communications from numerous parties including the Debtors, A&M, WGM, and other parties in interest regarding various case administration matters.

   (iii)    Document Management

   ▪    managed and maintained electronic databases for numerous document reviews and productions for corporate transactions and investigations.

b.     Unsecured Creditors Issues/Meeting/Communications/Creditors' Committee

   ▪    prepared for and participated in meetings and teleconferences with the Creditors' Committee and its professionals regarding the status of the chapter 11 cases, the Plan and Plan-related issues, potential causes of actions, protocols, various document demands, asset sales, loan restructurings, derivative transactions, and inter-company and international issues.

c.     Secured Creditors Issues/Meetings/Communications

   ▪    participated in meetings with the Debtors and professionals for the Creditors' Committee and the SIPA Trustee regarding, among other things, negotiating a collateral disposition agreement with JP Morgan Chase Bank, N.A.

d.    Case Strategy

    (i)    Strategy Meetings

- conducted internal meetings, conferences, and teleconferences as well as meetings, conferences and teleconferences with the Debtors, A&M, the Creditors' Committee, the Examiner and their respective professionals and other parties in interest regarding case strategy, pending issues, business issues, preparation of and responses to various motions and applications, numerous sale transactions of the Debtors and their non-Debtor affiliates, general litigation strategy, governmental and other investigations, corporate governance, inter-company issues, and international issues.

    (ii)    Project Monitoring/Court Calendar

- monitored the dockets for the chapter 11 cases, Adversary Proceedings and various state and federal court dockets for Lehman-related litigations; and
- prepared summaries of various hearings and significant pleadings and maintained work-in-progress reports, and case calendar for distribution to the Debtors and WGM teams.

e.    Hearing and Court Matters

- prepared for and participated in numerous hearings at the Bankruptcy Court, including omnibus hearings on October 14, November 18, December 16, 2009 and January 13, 2010, and non-omnibus hearings on October 7, 15, 23 and 28, November 19, December 10 and 11, 2009 and January 20, 21 and 29, 2010;
- participated in telephonic and in-person conferences with the Court; and
- coordinated regularly with the Court and parties in interest regarding hearings and agenda items.

f.    WGM Retention/Billing/Fee Applications

- prepared and filed WGM's third interim application for compensation and reimbursement;
- prepared (i) monthly fee statements in compliance with the Guidelines, and (ii) monthly budgets in compliance with the Fee Committee's request; and
- addressed various issues raised by the Fee Committee regarding WGM's second interim application for compensation and reimbursement.

g.    Retention/Fee Applications: Ordinary Course Professionals

- assisted the Debtors in negotiating engagement letters with numerous ordinary course professionals and certain other parties;

- regularly conferred with the Debtors' more than 159 ordinary course professionals regarding retention procedures and conflicts issues; and
- drafted a motion to amend the order authorizing Debtors' to employ professionals utilized in the ordinary course of business.

h.    Retention/Fee Applications: Other Professionals

- drafted and filed applications and obtained Court approval to retain Kasowitz, Benson, Torres & Friedman LLP as special counsel and The O'Neil Group as tax services providers to the Debtors;
- filed applications to expand the retention of Jones Day and CB Richard Ellis Inc.; and
- liaised with retained professionals, the Creditors' Committee, the U.S. Trustee, and the Fee Committee regarding guidelines, orders, and Fee Committee protocols established for these chapter 11 cases.

i.    U.S. Trustee Related Issues

- conferred and corresponded with U.S. Trustee on numerous issues including the addition of new members to the Creditors' Committee, developing and implementing uniform billing codes for all retained professionals, retentions, and professional compensation; and
- monitored compliance with the UST Guidelines.

j.    General Business Operations

(i)    Party in Interest Communications

- reviewed and responded to communications from various parties in interest regarding pending matters.

(ii)    Cash Management

- negotiated, prepared and filed stipulation and agreed order between LBHI, LBSF and Bank of New York Mellon regarding the turnover of approximately $170 million in collateral and the return of misdirected wire transfers;
- prepared motion and obtained an order directing Zao Citibank (Russia) to turn over postpetition receipts to LBHI;
- drafted agreements with banking institutions to prevent setoffs of postpetition deposits for debtor-in-possession accounts and negotiated stipulations to resolve postpetition misdirected wire transfers;
- participated in conferences and teleconferences with Lehman, A&M, the Creditors' Committee, the U.S. Trustee, the SIPC Trustee and various parties-in-interest regarding Lehman's cash management systems, investment guidelines, intercompany notes, misdirected wire transfers, various banking institutions, prepetition bank accounts, postpetition

administrative freezes, setoffs, and postpetition account administration; and

▪ conducted research relating to wire transfers and rights of set-off.

(iii) Loans/Investments

▪ negotiated, drafted, reviewed, revised and advised Lehman regarding its rights and obligations pursuant to numerous corporate documents, including control agreements, loan agreements, forbearance agreements, collateral documents, Uniform Commercial Code ("UCC") statements, term sheets, termination agreements, management agreements, resolutions, credit agreements, investment documents, joint venture agreements, mortgage servicing agreements, asset purchase agreements, agency transfer documents, stockholder questionnaires, security agreements, securitization agreements and guarantees, cash management agreements, mortgage repurchase demands, trust indentures, pledge agreements, investment management agreements, intercompany agreements, borrower amendments, custodian agreements, perfection certificates, contribution agreements, capital maintenance agreements, administrative service agreements, default notices, account blockage notices, deposit account control agreements, drilling contracts, and acceleration notices;

▪ reviewed and prepared summaries of loan transactions, and resolved issues related to enforcement of liens and defaults under transaction documents;

▪ participated in meetings and teleconferences with Lehman and various parties-in-interest and attended to issues related to LCPI's role as secued lender to Latshaw Drilling Company LLC, a debtor in its own chapter 11 case, and participated in hearings and drafted pleadings related to same;

▪ prepared motion and obtained Court authorization for LBHI to provide funding to LB Re Financing No. 3 Limited (in Administration) in connection with certain real estate investments;

▪ attended to issues related to the dissolution of non-debtor subsidiaries; and

▪ reviewed and prepared summaries of Lehman's investments and potential strategies and options, including with respect to Lehman's private investment and energy portfolio matters.

k.    Corporate Governance

▪ attended meetings of LBHI's board of directors, prepared briefing memorandum for same, drafted and reviewed resolutions and minutes, drafted consents for various entities and advised the Debtors' directors and officers on issues arising in these chapter 11 cases;

▪ drafted and reviewed numerous organizational documents and consents for various issues and prepared and filed forms 8-K, 10-D, 12B-25, 15, Trust Form 8-K, 13F and other documents with the United States Securities and Exchange Commission;

▪ prepared for and participated in numerous meetings with various governmental and regulatory entities and witnesses for interviews related

to governmental and regulatory investigations and coordinated with A&M regarding same; and

- performed and coordinated document review, collection and production in response to various governmental and regulatory requests and created and reviewed various privilege logs related thereto.

l.    Insurance Issues

- prepared motions and omnibus reply and obtained authority for Debtors to modify automatic stay to allow advancements and settlement payments under directors and officers insurance policies; and
- reviewed, conducted research, responded to inquiries and attended to issues regarding the Debtors' insurance policies, coverage and surety bonds.

m.    Employee/ERISA/Benefits Issues

- participated in meetings, conducted research and responded to inquiries regarding Debtors' employee-related issues, including, among other things, retiree medical benefits, severance claims, and certain employee-related litigation; and
- drafted, reviewed and revised employee staff handbook, offer letters, settlement agreements for former employees, and plans for various Lehman employees, and advised the Debtors and A&M regarding employee benefits, severance, continuation of employment agreements and other issues, including those in connection with various asset sales.

n.    Asset Disposition/363 Issues

(i)    Barclays Sale

- reviewed and responded to subpoenas and other inquiries connected to the sale of the Debtors' North American capital markets and investment banking business to Barclays Capital Inc. and the related investigation under rule 60(b) of the Federal Rules of Civil Procedure;
- negotiated and drafted confidentiality stipulation related to same; and
- conducted substantial document review related to same.

(ii)    Investment Management Division Sale

- attended to various post-closing matters, including the disposition of artwork, corporate structure, dissolution of dormant entities, employee agreements, and real estate.

(iii)  Real Estate Sales

- conducted legal research, factual due diligence – including corporate structure, assets and liabilities, tax considerations, employee and transfer considerations, regulatory and other consents required for transfers – and managed sale process for Lehman Brothers Real Estate Private Equity Funds, Lehman Brothers Real Estate Partners Funds, and Lehman Brothers Real Estate Mezzanine Partners Funds; and

- organized and participated in regular meetings and teleconferences with Lehman, A&M and various other domestic and international professionals to coordinate real estate asset disposition strategy.

(iv)  Other Sales and Sales of Miscellaneous Assets

- reviewed and counseled Debtors on strategic alternatives on credit facilities and third party agreements, extensions and amendment of certain credit facilities, extensively diligenced transactions and underlying investments of funds, developed structures for other possible transactions, counseled on potential litigation and negotiated and drafted transaction documents (including transaction and purchase agreements, trust agreements, consents, transition services agreements), as well as notes, collateral agreements, advisory agreements and partnership agreements on various miscellaneous sales, including a sale by LB OWS Holdings LLC of its approximately $50,000,000.00 interest in One William Street Capital Partners, L.P. and certain follow-on investments made by Lehman Brothers Merchant Banking Partners III L.P. and its parallel investment vehicles;

- negotiated and drafted stipulation resolving the motion of Markit Group Limited ("Markit") for relief from the automatic stay, preventing the loss of, and providing for the sale of, Lehman's interest in Markit for more than $26 million;

- conducted diligence, engaged in negotiations, and drafted various documents and pleadings in connection with transactions related to the Lehman Real Estate Partners, certain European mezzanine loans, certain merchant banking funds, and Lehman's Brazilian subsidiary; and

- negotiated, drafted and filed motion to amend the *de minimis* asset sale procedures;

(v)  Other

- participated in numerous meetings regarding the structure and drafted non-disclosure agreement, asset management agreement, contribution agreement, shared services agreement, limited liability company agreements, and other documents regarding LAMCO and drafted motion to approve same.

(vi)  Domestic Banks

- conducted investigation and analysis of issues related to miscalculation of portfolio of master servicing rights and drafted and prosecuted motion to fund capital contribution to protect against risks associated with same;
- conducted review and analysis of tax sharing agreement;
- negotiated and drafted global settlement agreements with both Banks and participated in multiple conferences, meetings and communications regarding same with A&M, the professionals of the Creditors' Committee, regulators and the Banks and their respective counsel; and
- drafted motions for approval of global settlement agreements with both Banks.

o.    Executory Contracts/365 Issues

(i)  Executory Contracts/365 Issues

- prepared for depositions of relevant witnesses relating to various motions for approval of the assumption or rejection of open trade confirmations, reviewed document production of certain open trade counterparties, and produced documents to certain open trade counterparties;
- researched and drafted memos regarding various issues related to executory contracts; and
- drafted and successfully prosecuted motion for approval of entry into assumption and assignment agreement regarding Lehman Brothers Trust Companies.

(ii)  Derivatives Issues

- drafted and successfully prosecuted objection to (i) Metavante's motion to alter or amend the Court's order granting LBSF's motion to compel performance of Metavante with respect to a Derivative Contract and (ii) Metavante's motion for an order staying the effect of same;
- negotiated, drafted, and secured Court approval of settlement agreement among LBSF, American Family Life Assurance Company of Columbus, and others, relating to certain swap transactions with Beryl Finance Limited;
- drafted and successfully prosecuted motion to assume, assign and sell an interest rate swap with Structured Asset Receivable Trust Series 2005-1;
- drafted and filed motion to compel performance of Capital Automotive L.P.'s obligations under an ISDA Agreement and to enforce the automatic stay;
- drafted and successfully prosecuted several motions pursuant to Bankruptcy Rule 2004 to take discovery of swap counterparties and negotiated numerous consensual discovery schedules;
- drafted objection to Seattle Pacific University's motion for an order compelling LBSF to assume or reject executory contracts;

- participated in meetings, conducted research, drafted and filed objection, and participated in hearing regarding CalPERS' motion for relief from the automatic stay to effect a non-mutual setoff;
- prepared motion and reply to response of U.S. Trustee and obtained authority for the Debtors to implement the derivatives employee incentive program;
- researched and drafted memorandum of law and declaration in opposition to defendant's motion for summary judgment in *LBSF v. BNY Corporate Trustee Services Ltd.* Adversary Proceeding, and prepared for and presented oral argument to Court;
- drafted and served numerous alternative dispute resolution notices and negotiated and responded to counterparties' responses to same;
- conducted due diligence of derivatives transactions including collateralized debt obligations and swap novations, and negotiated, drafted and reviewed settlement and/or novation agreements regarding Derivatives Contracts and confidentiality agreements related thereto; and
- counseled Debtors regarding jurisdictional issues related to foreign swaps, subordination agreements, valuation issues relating to ISDA termination calculations, conflicts of law, safe harbor and set-off issues, non-performing counterparties, and intercompany trades.

p.      Real Property/365 Issues

- negotiated, drafted and reviewed numerous real estate loan restructuring documents, including with respect to Canyon Ranch Living Miami Beach Condominiums and other commercial properties, and sought approval of settlements regarding certain real estate transactions, including with respect to property located in Stamford, Connecticut;
- negotiated settlements and related agreements with various counterparties to repurchase transactions, including State Street Bank and Trust Company, Lehman Re, Ltd. and Fenway Capital, LLC and drafted pleadings to approve same;
- drafted pleadings and attended hearings to defend the Debtors against motions brought by borrowers to compel the immediate assumption or rejection of loan agreements under which Debtors acted as lenders or to lift the automatic stay to take action against Debtors, such as to prime the Debtors' liens securing such loan agreements with new financing from third party lenders;
- participated in meetings and telephonic conferences and drafted pleadings relating to Lehman's involvement in the SunCal Bankruptcy, including various issues related to proofs of claim objections;
- prepared for appellate hearing regarding order denying motion for relief from the automatic stay and attended to production of documents in response to discovery requests in the SunCal Bankruptcy; and
- attended to issues related to chapter 11 cases of borrowers under various loans and related agreements entered into by the Debtors, including the preparation of proof of claims in the Fontainebleau Las Vegas case.

q.    Adversary Proceedings

- drafted and submitted briefing in support of its motion for summary judgment in BofA litigation, and represented LBHI in oral argument, mediation and evidentiary hearing regarding same, including preparing three witnesses, reviewing and designating deposition testimony from three additional witnesses, preparing cross-examinations for four BofA witnesses, and creating numerous exhibits and other materials for hearing;
- drafted and filed oppositions to motions to dismiss in the Neuberger Berman, LLC v. PNC Bank, N.A., *et al.*, and the Board of Education of the City of Chicago v. LBSF Adversary Proceedings;
- drafted opposition to motion of Veyance Technologies, Inc. for withdrawal of the reference of the Adversary Proceeding to the Bankruptcy Court;
- resolved the Federal Home Loan Bank of Pittsburgh v. LBSF, et al., Aliant Bank v. LBSF, et al., and BP Energy Company *et al*. v. LBHI *et al*. Adversary Proceedings;
- conducted legal research and drafted memoranda regarding numerous issues and participated in internal team meetings, conferences, and teleconferences with Debtors regarding pending and prospective litigations, and related strategy;
- engaged in extensive preparation for various hearings;
- reviewed, coordinated, and responded to various formal and informal discovery requests related to Adversary Proceedings; and
- prepared for and participated in meetings with the Debtors and A&M regarding potential causes of actions, including preferential transfers and preference actions and researched and reviewed documents and drafted memoranda relating to same.

r.    Claims Objections Litigation

- Prepared and filed objections to motions seeking allowance of late claims filed by (i) PB Capital, (ii) Pacific Life Insurance Company, (iii) Banesco Banco Universal, (iv) Sea Port Group Securities and Berner Kantunalbank, and (v) Pennsylvania Public School Employee's Retirement System;
- prepared and filed objections to the claims of Latshaw Drilling Company LLC and David Schwartzman;
- drafted and filed the Debtors' first, second, third and fourth omnibus objections to proofs of claim and participated in meetings with the Debtors and A&M regarding same;
- participated in internal meetings, conferences and teleconferences with the Debtors and A&M regarding claims objections procedures and alternative dispute resolution procedures for claims against the Debtors and researched motion authorizing the Debtors to implement claims objections

hearing procedures and alternative dispute resolution procedures for claims against Debtors; and

- researched issues related to claims, including excusable neglect, quantum meruit, alternative dispute resolution procedures for claims settlement, constructive trusts, administrative expense claims, and various tax-related issues.

s.    Bar Date Motion and Claims Reconciliation Issues

- prepared for and participated in meetings with the Debtors and A&M regarding guarantee agreements and intercompany claims and researched and reviewed documents, interviewed witnesses, and drafted memoranda related to same;
- participated in various calls and reviewed documents regarding Lehman securities, securities claims and blocking number issues;
- attended to issues related to the derivatives questionnaire including reviewing and responding to inquiries from creditors regarding same; and
- participated in internal meetings and teleconferences regarding the claims reconciliation process and conducted research related to same.

t.    Automatic Stay/Safe Harbor

- filed motions to enforce the automatic stay and compel payment of post-petition funds by Skandinavisak Enskilda Banken AB; Swedbank AB and First National Bank;
- prepared objection and addressed issues raised by a motion filed by the lead plaintiffs in a consolidated securities class action suit pending in the District Court for limited relief from the discovery stay under the Private Securities Litigation Reform Act;
- prepared and filed stipulation, agreement and order between LCPI and SCC Acquisitions, Inc. granting limited relief from the automatic stay;
- prepared and filed in the SIPA Proceeding a statement in support of the motion filed by the SIPA Trustee for an order enforcing the automatic stay and the stays in the LBI liquidation order and holding Israel Discount Bank Limited and Bank Leumi Le-Israel in contempt for (i) violating the automatic stay, (ii) interfering with the Trustee's administration and property of the Debtor's estate, and (iii) commencing foreign legal proceedings against the Debtors; and
- conducted factual and legal research, prepared legal memoranda, coordinated with Lehman and A&M and negotiated stipulations and settlement agreements with movants and third parties regarding the foregoing.

u.    Plan Issues

- conducted factual and legal research, prepared memoranda, coordinated and managed document production and review, and facilitated numerous

conferences both internally and with the Debtors, A&M, Creditors' Committee and other professionals regarding substantive consolidation and other Plan related issues; and

- drafted Plan term sheet and coordinated multiple internal meetings and conferences with the Debtors and the Creditors Committee regarding formulation of the Plan and related issues.

v.    Tax Issues

- advised Lehman in connection with tax efficient structures for various asset sales and restructurings;
- prepared and filed motion for approval of certain restrictions and procedures applicable to transfers of the Debtors' securities;
- prepared motion for authorization and approval of certain settlements with the Internal Revenue Service; and
- conducted research and regular conferences and teleconferences with Lehman, A&M, the Creditors' Committee, the SIPA Trustee and other professionals regarding various tax matters, including those relating to certain payments, tax indemnities, tax deconsolidation, state tax issues, tax claims, net operating losses, the dissolution of certain non-Debtor entities, partnership issues, exemptions, and inter-company issues.

w.    Communications

- responded to hundreds of telephone and email inquiries from creditors and other parties in interest, including customers, vendors, shareholders secured and unsecured creditors, and potential purchasers of assets, regarding Debtors' chapter 11 cases.

x.    Customer/Vendor Issues

- reviewed, revised and negotiated various contracts and related documents for the supply of goods and services, master services agreements, compromise agreements, and outsourcing agreements.

y.    Corporate/Securities

- prepared corporate resolutions, amendments, warrants, agreements, releases and consents required for various transactions, including multiple asset sales and the appointment and election of officers and directors for the Debtors' foreign and domestic affiliates;
- prepared and filed various UCC and SEC documents; and
- performed factual and legal research, drafted memoranda, participated in numerous conferences, and advised on board authorizations, investments, and inter-company relationships.

z.    Non-Bankruptcy Litigation

- reviewed, researched, drafted and analyzed complaints, claims and pleadings in multiple foreign and domestic litigations commenced by and against Lehman entities; and
- participated in meetings and telephonic conferences, conducted and responded to discovery requests for documents and reviewed and drafted pleadings and oppositions and memorandum of law related to Lehman's involvement in the SunCal Bankruptcy including issues related to substantive consolidation challenge and the filing of the First Amended Joint Plan by the Lehman lenders.

aa.    Intellectual Property

- negotiated, drafted and revised several agreements related to Lehman's use or service of intellectual property and information technology including master service agreements, data sharing agreements, transition service agreements, software licenses and statements of work; and
- drafted and negotiated Master Services Agreement with Omnium LLC pursuant to which Lehman retained Omnium to provide recordkeeping, data processing and workflow automation services.

bb.    International Matters/Foreign Proceedings

(i)    U.K. / Lehman Brothers International (Europe) ("LBIE")

- monitored and participated in English court hearings in respect of insolvency proceedings of 19 English companies with PricewaterhouseCoopers LLP ("PWC") as joint administrators, and advised with respect to their respective effects on the Debtors' chapter 11 cases and counseled the Debtors with their role on the official committee of unsecured creditors in the cases of LBIE, Lehman Brothers Europe Limited, Lehman Brothers Limited, LB UK Re Holdings Limited, and Lehman Brothers Holdings Plc ("Lehman UK");
- represented the Debtors in connection with two applications to the High Court by PWC relating to (i) the treatment of "client moneys" and (ii) the ownership of certain assets subject to the "RASCALS" program (Regulation and Administration of Safe Custody And Global Settlement);
- represented LBSF in connection with the Belmont and Perpetual litigation actions in the High Court, Court of Appeals and filed an application for leave to appeal to the UK Supreme Court;
- represented LCPI in an action for specific performance on open trade confirmations with Axa Mezzanine II SA, SICAR and MD Mezzanine SA, SICAR;
- represented LBCS in an action in the High Court against Crédit Agricole Corporate and Investment Bank (formerly Calyon) ("CACIB"), seeking payment of €11,622,809.31 due under a letter of credit which CACIB granted in favor of LBCS;

- represented the Debtors in proceedings before the London Court of International Arbitration;
- advised the Debtors in the preparation of intercompany promissory notes and related security documents;
- represented the Debtors in various asset sales in Europe and Asia;
- sought and obtained recognition for LBSF's chapter 11 case as a foreign main proceeding under the Cross Border Insolvency Regulation;
- investigated and advised on the Debtors' rights in relation to their trading relationships with Lehman UK;
- reviewed and advised on a number of special purpose entity and counterparty derivative settlements and ancillary issues;
- drafted and advised on services agreements for the provision of IT services and hardware to LBHI Services Ltd.; and
- provided advice on numerous other issues, including corporate governance issues for Lehman affiliates, service charges, access to data and information under the transition services agreement with Lehman UK, settlement of derivative transactions and credit facilities in relation to various Lehman entities, and dissolution of entities and unwinding of financing structures.

(ii)   Asia

- assisted foreign counsel in representing Lehman in proceedings and related issues in Japan, Hong Kong, Singapore, the Philippines, Korea, and Thailand; and
- coordinated and facilitated the list of authorized signatories, directors and officers and the replacement of directors for various Asian entities.

(iii)  Germany

- Represented LBHI in the preparation and submission of filings to BaFin, the German federal financial supervisory authority, under German securities laws and transmission of filings made by current or former Lehman Brothers group entities under other legal regimes to LBHI for review, in particular regarding filings to be made as a consequence of securities transactions by Bankhaus;
- represented LCPI in the German insolvency proceedings over the respective assets of Kirch Beteiligungs GmbH & Co. KG, and Taurus Holding GmbH & Co. KG;
- represented LBHI in German insolvency proceedings over the assets of LB Capital GmbH;
- represented Lehman entities in German insolvency proceedings over the assets of Bankhaus; participated in numerous meetings with the Bankhaus insolvency administrator, and prepared for and attend Bankhaus creditors' meetings;
- reviewed master agreements, security and collateral agreements, guarantees, and derivatives contracts between U.S. Lehman entities and Bankhaus, and between U.S. Lehman entities and third parties in Germany

and negotiated settlement/termination agreements with various counterparties;

- analyzed, drafted, and revised various participation, subparticipation, and repurchase agreements, tax letters, shareholders resolutions and notification letters regarding several German entities; and

- researched and analyzed issues related to the rights of third parties to setoff against Bankhaus, including research related to the enforceability of U.S. Bankruptcy Court decisions, safe harbor provisions, and repurchase agreements under German law; and researched and analyzed a potential subordination of Lehman's intercompany claims in Bankhaus' insolvency proceeding.

(iv) France

- coordinated with local counsel regarding commercial litigations and insolvency filings in connection with Coeur Defense (a commercial real estate investment that was Europe's largest direct single commercial property transaction); and

- researched and analyzed various documents regarding the debt structure, equity ownership, securitization documents and joint venture agreements regarding Sun & Moon (a commercial and residential real estate investment in Marseilles, France).

(v) Other/General

- drafted and negotiated multilateral agreements among the Debtors and their foreign affiliates regarding data-sharing;

- advised LBHI on coordinating with issuers under Lehman's European medium-term note program;

- organized, hosted, and advised the Debtors on the preparation of the agenda and the Debtors' presentations for the third protocol meeting and drafted conclusions and minutes regarding same;

- advised in the preparation of the Report of Activities through January 15, 2010 of the Official Representatives and Other Participating Affiliates Pursuant to the Cross-Border Insolvency Protocol;

- participated in bilateral meetings and assisted in liaising with protocol signatories and other foreign affiliates on a variety of intercompany issues;

- collected and catalogued information regarding status of the Debtors' foreign subsidiaries and investments and communicated with Lehman, A&M and third parties regarding international insolvency proceedings and regulatory matters; and

- analyzed and reviewed numerous inter-company documents, prepared memoranda thereon, and reviewed memoranda prepared by foreign counsel.

cc.    Appeals

- prepared and filed in the District Court the Debtors' brief on appeal to affirm Metavante decision;
- negotiated and documented settlement of appeal by DnB Nor Bank ASA ("DnB") of the order of the Bankruptcy Court denying DnB's motion for allowance and payment of an administrative expense claim and other related matters;
- prepared and filed Debtors-Appellee's statement of issues presented on appeal of William Kuntz III ("Kuntz") and counter-designation of additional items to be included in the record on appeal related to Kuntz's appeal of the order authorizing LCPI to purchase Fairpoint participation;
- prepared and filed Debtors' motion to strike or dismiss (i) Kuntz's notice of appeal of the order authorizing LCPI to purchase the Fairpoint participation, and (ii) Kuntz's notice of appeal of the order denying relief under Federal Rule of Civil Procedure 60(b);
- drafted opposition brief to defendant's appeal to denial of motion to dismiss in Neuberger Berman v. EMM Group; and
- researched and attended to issues related to various other appeals.

dd.    LBI Issues

- participated in meetings, prepared memorandum and reviewed documents regarding SIPC Trustee's Allocation Motion;
- analyzed issues relating to intercompany claims and relationships between the Debtors, Lehman, and LBI;
- conducted meetings and teleconferences with the Debtors, A&M, and the SIPC Trustee's professionals to address same, including reconciling customer claims and non-customer claims of Lehman's foreign and domestic affiliates, LBI/LBHI tax issues, and identification of collateral held by LBI;
- reviewed and filed stipulation and order between LBHI and the SIPA Trustee with respect to promissory notes evidencing loans to certain employees; and
- participated in meetings with SIPC Trustee and his professionals regarding the SIPC Trustee's motion for the implementation of the LBI liquidation order to complete the account transfers for the benefit of customers including the related limited settlement agreement completing the private investment management account conversion for the benefit of private investment management customers, and terminating the account transfer process.

ee.    2004 Issues

- prepared motion and proposed order and obtained authority for the Debtors to issue subpoenas for the production of documents and

authorizing the examination of persons and entities and conferred with objecting parties to same;

- reviewed, conducted research, and responded to motions to compel discovery pursuant to Bankruptcy Rule 2004, including those filed by Malayan Banking Berhad;

- prepared and filed motion to authorize discovery pursuant to Bankruptcy Rule 2004 from Veyance Technologies, Inc., and prepared and filed reply to objection to same;

- drafted and filed response to First Data Corporation's objection to Debtor's motion to compel discovery pursuant to Bankruptcy Rule 2004; and

- reviewed documents and/or prepared document requests for approximately 9 counterparties, pursuant to Bankruptcy Rule 2004.

ff.     Examiner Issues

- conducted meetings and teleconferences with the Examiner, his professionals, the Debtors and A&M regarding various issues and coordination of workstreams and investigations;

- provided Examiner with informal discovery and met with, prepared for, and attended witnesses interviews with the Examiner;

- created database and privilege logs for documents produced to the Examiner; and

- conducted diligence, coordinated and prepared (e.g., redaction and review for confidential information) materials for production to and review by the Examiner and supervised document review by the Examiner in connection with same.

gg.     Other Bankruptcy Matters

- prepared and filed motion of LCPI for authority to enter into letter agreement with Real Estate Private Equity Inc. and obtained authority for same; and

- consulted and coordinated with Lehman and A&M, and negotiated and drafted motions, stipulations, settlement agreements, responses and other documents and obtained authority in connection with (i) a settlement between LBHI and First Magnus Financial Corporation resolving certain disputes related to mortgage loans, (ii) a settlement between American Express Travel Related Services and Barclays Capital Inc. resolving certain disputes related to certain contracts, (iii) a settlement agreement of the Adams Golf securities litigation, (iv) a waiver of certain interest payments between LBSF and Libro Companhia Securitizadora de Creditos Financeiros, (v) a settlement with Bamburgh Investments (UK) Ltd. and Corfe Investments (UK) Ltd, and (vi) an agreement to compromise certain claims pursuant to a deed in lieu of foreclosure agreement for certain real property located in Stamford, Connecticut.

54.     The professional services performed by WGM were actual, necessary and appropriate to the administration of the Debtors' chapter 11 cases and were in the best interests of the Debtors and their stakeholders.  Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.  The professional services were performed expeditiously and efficiently.

55.     The professional services performed by members and associates of WGM were rendered by the Business Finance & Restructuring, Corporate, Litigation, and Tax Departments in numerous offices across three continents.  WGM has a preeminent Business Finance & Restructuring practice and maintains an international reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 90 attorneys that specialize in this area of law.

## ACTUAL AND NECESSARY DISBURSEMENTS OF WGM

56.     As set forth in Exhibit C hereto, WGM has disbursed $956,027.29 as expenses incurred in providing professional services during the Fourth Compensation Period. These expenses are reasonable and necessary in light of the size and complexity of the Debtors' cases.  For example, the novel legal issues invoked by the global scope of the Debtors' businesses and the complex nature of the many financial arrangements they are party to require WGM attorneys to work long hours, engage in numerous long distance and international communications, and perform considerable computerized research in order to effectively prosecute the Debtors' chapter 11 cases.

57.     The time constraints facing the Debtors, along with the sheer magnitude of tasks generated by these cases, have required WGM's attorneys and other employees to devote significant time during the evenings and on weekends to perform legal services on behalf of the Debtors.  Such services were essential to meet deadlines, timely respond to motions and

objections, and to satisfy the extraordinary demands of the Debtors' businesses and the

administration of these complex chapter 11 cases.

58.    While WGM has not charged the Debtors for any overtime expenses,

consistent with firm policy, attorneys and other employees of WGM who worked late into the

evenings or on weekends were reimbursed for their reasonable meal costs and their cost for

transportation from the office to home.  WGM's regular practice is not to include components for

those charges in overhead when establishing billing rates and to charge its clients for these and

all other out-of-pocket disbursements incurred during the regular course of the rendition of

services.  The reimbursement amounts do not exceed those set forth in the U.S. Trustee

Guidelines.

59.    With respect to photocopying expenses, WGM's domestic offices charge

all of WGM's clients $.10 per page for black-and-white copies.  As part of its ongoing review of

expenses incurred in these chapter 11 cases, WGM has recently discovered that certain of its

foreign offices had inadvertently billed the Debtors at more than $.10 per page for black-and-

white copies.  Accordingly, WGM will credit the Debtors $111,533.61 and such credit will be

reflected in the reimbursement of monies payable to WGM for the Fourth Compensation as

approved by the Court.  With respect to facsimile expenses, in compliance with the U.S. Trustee

Guidelines, WGM does not charge for facsimile transmissions, other than the cost of long

distance facsimiles at applicable toll charge rates, which invariably are less than the $1.25 per

page amount permitted by the U.S. Trustee Guidelines.  Each of these categories of expenses

does not exceed the maximum rate set by the U.S. Trustee Guidelines.  These charges are

intended to cover WGM's direct operating costs, which costs are not incorporated into the WGM

hourly billing rates.  Only clients who actually use services of the types set forth in <u>Exhibit C</u> are

separately charged for such services.  The effect of including such expenses as part of the hourly

billing rates would impose that cost upon clients who do not require extensive photocopying and

other facilities and services.  The amount of the standard photocopying charge is intended to

allow WGM to cover the related expenses of its photocopying service.  A determination of

the actual expenses per page for photocopying, however, is dependent on both the volume of

copies and the total expenses attributable to photocopying on an annual basis.

> 60.    In addition, because of the global scope of the Debtors' businesses,

frequent long distance and international telephone calls are required.  On many occasions,

overnight delivery of documents and other materials was required as a result of circumstances

necessitating the use of such express services.  These disbursements are not included in WGM's

overhead for the purpose of setting billing rates.  WGM has made every effort to minimize its

disbursements in these cases.  The actual expenses incurred in providing professional services

were absolutely necessary, reasonable, and justified under the circumstances to serve the needs

of the Debtors, their estates, and creditors.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

> 61.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a

professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  Id.

§ 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and

reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court
> should consider the nature, the extent, and the value of such services, taking into
> account all relevant factors, including –

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

Id. § 330(a)(3).

62.    In the instant case, WGM respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this application were necessary for and beneficial to the Debtors' preservation, the orderly administration of their estates, and the prosecution of their chapter 11 cases. WGM worked assiduously to anticipate or respond to the Debtors' needs and assist in the Debtors' chapter 11 process. The professional services were performed expediently and efficiently. Whenever possible, WGM sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle more routine aspects of case administration. Groups of the same WGM attorneys were utilized for similar tasks in these cases to minimize the costs of intra-WGM communication and education about the Debtors' circumstances. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. Furthermore, WGM voluntarily reduced its requests for fees and expenses incurred during the Fourth Compensation Period in the aggregate amount of $42,145.65.

Approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## CONCLUSION

63.    WGM respectfully requests the Court allow interim compensation for professional services rendered during the Fourth Compensation Period in the amount of $41,386,047.04, consisting of $40,429,578.75, representing 100% of fees incurred during the Fourth Compensation Period, and reimbursement of $956,027.29, representing 100% of actual and necessary expenses incurred during the Fourth Compensation Period, without prejudice to WGM's right to seek additional compensation for services performed and expenses incurred during the Fourth Compensation Period, which were not processed at the time of this application, and (ii) direct payment by the Debtors of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Administrative Order.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested and such other and further relief as is just.

Dated:  April 16, 2010
        New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## EXHIBIT A

**(Third Party Representations)**

| Lehman Party | Amount Paid |
|---|---|
| Lehman Commercial Paper Inc. | $14,286.50 |
| Lehman Commercial Paper Inc. and one of its non-debtor affiliates | $32,000.00 |
| Lehman Commercial Paper Inc. | $19,756.40 |
| A subsidiary of Property Asset Management Inc. | $13,727.51 |
| A subsidiary of Property Asset Management Inc. | $6,466.92 |
| Lehman Commercial Paper Inc. | $10,464.00 |
| Lehman Commercial Paper Inc. | $55,000.00 |
| LB I Group Inc. | $75,000.00 |
| Lehman Commercial Paper Inc. | $6,001.50 |
| Lehman Brothers Real Estate Partners | $3,590.71 |
| Lehman Commercial Paper Inc. | $36,030.96 |
| Lehman Commercial Paper Inc. | $75,000.00 |
| Lehman Commercial Paper Inc. | $50,000.00 |
| Lehman Commercial Paper Inc. | $765.74 |
| Lehman Commercial Paper Inc. | $451,050.98 |
| Lehman Commercial Paper Inc. | $352,123.99 |
| Lehman Commercial Paper Inc. | $321,435.90 |
| Lehman Commercial Paper Inc. | $649,333.44 |
| Lehman Commercial Paper Inc. | $261,737.72 |
| Lehman Commercial Paper Inc. | $318,483.76 |
| Lehman Commercial Paper Inc. | $851,327.10 |
| Lehman Commercial Paper Inc. | $7,840.00 |
| Lehman Commercial Paper Inc. | $564.00 |
| **Total:** | **$3,611,987.13** |

# **EXHIBIT B**

## **(Certification)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
**In re**                                                    :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
:
**Debtors.**    :    **(Jointly Administered)**
:
----------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES**
**AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT**
**OF FOURTH APPLICATION OF WEIL, GOTSHAL & MANGES LLP**
**FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Shai Y. Waisman, hereby certify that:

1.        I am a partner with the applicant firm, Weil, Gotshal & Manges LLP

("WGM"), with responsibility for the chapter 11 cases of Lehman Brothers Holdings Inc. and

certain of its affiliates, as debtors in possession in the above-captioned cases (collectively, the

"Debtors"), in respect of compliance with the Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June

20, 1991 (the "Fee and Disbursement Guidelines") and the Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by

the Court on April 19, 1995 (together with the Fee and Disbursement Guidelines, the "Local

Guidelines"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "U.S. Trustee Guidelines") and the Second Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

[Docket No. 3102] (the "Administrative Order," and together with the Local Guidelines and the

U.S. Trustee Guidelines, the "Guidelines").

      2.     This certification is made in respect of WGM's application, dated April

16, 2010 (the "Application"), for interim compensation and reimbursement of expenses for the

period commencing October 1, 2009 through and including January 31, 2010 (the "Fourth

Compensation Period") in accordance with the Guidelines.

      3.     In respect of section 2 of the Fee and Disbursement Guidelines, I certify

that WGM reviewed the fee application and has approved it.

      4.     In respect of section B.1 of the Local Guidelines, I certify that:

      a.     I have read the Application;

      b.     to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

      c.     the fees and disbursements sought are billed at rates in accordance with those customarily charged by WGM and generally accepted by WGM's clients; and

      d.     in providing a reimbursable service, WGM does not make a profit on that service, whether the service is performed by WGM in-house or through a third party.

      5.     In respect of section B.2 of the Local Guidelines and as required by the

Administrative Order, I certify that WGM has complied with these provisions requiring it to

provide counsel for the statutory committee of unsecured creditors appointed in these cases (the

"Committee") and the Debtors, with a statement of WGM's fees and disbursements accrued

during the previous months, although, due to administrative limitations, such statements were not always provided within the timetables set forth in the Local Guidelines and the Administrative Order.

6.    In respect of section B.3 of the Local Guidelines, I certify that the Debtors, attorneys for the Committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated:  April 16, 2009
         New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors in Possession

3

## EXHIBIT C

## EXPENSE SUMMARY BY WEIL, GOTSHAL & MANGES LLP FOR THE
## FOURTH INTERIM PERIOD OF OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Business Meals | $52,322.34 |
| Computerized Research / Other Research | $439,993.12 |
| Consultant / Witness / Deposition Fees | $2,380.12 |
| Corporation Service | $36,201.17 |
| Court / Filing / Regulatory Fees | $24,537.69 |
| Court Reporting | $15,628.80 |
| Duplicating | $263,428.96 |
| Facsimile | $257.00 |
| London - Chapter 11 Debtors' Signatory Conference | ($11,061.13) |
| Mediation Expenses | $7,175.00 |
| Messenger / Process Service | $5,682.16 |
| Outside Temps - Paralegal/Other | $693.00 |
| Periodicals / Online News Monitoring | $1,264.40 |
| Postage and Express Mail | $9,410.44 |
| Telephone | $4,683.39 |
| Translation Fees | $4,764.96 |
| Travel and Transportation | $99,106.87 |
| **Total:** | **$956,027.29** |
| **Expense Credit for Excess Foreign Duplicating Charges Incurred between September 15, 2008 and September 30, 2009** | **$111,533.61** |
| **Total Expenses Requested:** | **$844,493.68** |

## EXHIBIT D

### COMPENSATION BY WORK TASK CODE FOR SERVICES RENDERED BY WEIL, GOTSHAL & MANGES LLP FOR FOURTH INTERIM PERIOD OF OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| **1001** | **Case Administration** | | |
| 0100 | Entity Filings | 76.40 | $32,398.00 |
| 0101 | General Pleading Preparation | 24.20 | $9,872.00 |
| 0102 | Case Administration | 601.00 | $204,462.00 |
| 0103 | Document Management | 362.20 | $79,454.50 |
| **1002** | **Unsecured Creditors Issues/Meetings/Communications/ Creditors' Committee** | | |
| 0200 | Unsecured Creditors Issues/Meetings/Communications/ Creditors' Committee | 94.00 | $75,172.00 |
| **1003** | **Secured Creditors Issues/Meetings/ Communications** | | |
| 0300 | Secured Creditors Issues/Meetings/Communications | 168.30 | $136,129.00 |
| **1005** | **Case Strategy** | | |
| 0500 | Strategy Meetings | 400.40 | $270,649.50 |
| 0501 | Project Monitoring/Court Calendar | 261.90 | $120,315.50 |
| **1006** | **Hearing and Court Matters** | | |
| 0600 | Debtors | 623.70 | $250,831.00 |
| 0601 | SIPC | 2.30 | $1,334.00 |
| **1007** | **WG&M Retention/Billing/Fee Applications** | | |
| 0700 | WG&M Retention/Billing/Fee Applications | 1,287.90 | $418,721.50 |
| **1008** | **Retention/Fee Applications: Ordinary Course Professionals** | | |
| 0800 | Retention/Fee Applications: Ordinary Course Professionals | 276.70 | $102,959.00 |
| **1009** | **Retention/Fee Applications: Other Professionals** | | |
| 0900 | Retention/Fee Applications: Other Professionals | 239.20 | $99,471.00 |
| **1010** | **Schedules/Statement of Financial Affairs** | | |
| 1000 | Schedules/Statement of Financial Affairs | 16.20 | $9,013.00 |
| **1011** | **US Trustee Related Issues** | | |
| 1100 | US Trustee Related Issues | 57.90 | $35,599.50 |
| **1012** | **General Business Operations** | | |
| 1200 | Party In Interest Communications | 101.00 | $91,765.50 |
| 1201 | Cash Management | 240.00 | $127,611.50 |
| 1202 | A&M Issue Coordination | 12.00 | $9,574.50 |
| 1203 | General Third Party Business Inquiries | 3.30 | $1,829.50 |
| 1204 | Other | 140.10 | $91,514.00 |
| 1205 | Loans/Investments-General | 1,574.20 | $833,802.00 |
| **1013** | **Corporate Governance** | | |
| 1300 | Corporate Governance | 2,696.60 | $1,067,181.50 |
| **1016** | **Insurance Issues** | | |
| 1600 | Insurance Issues | 27.30 | $15,979.00 |
| **1017** | **Employee/ERISA/Benefit Issues** | | |
| 1700 | Employee/ERISA/Benefit Issues | 475.50 | $322,857.00 |

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| **1018** | **Asset Disposition/363 Issues** | | |
| 1800 | Barclays Sale | 2,145.30 | $999,034.50 |
| 1801 | IMD Sale | 344.30 | $133,872.50 |
| 1802 | Real Estate Sales | 1,383.00 | $582,919.00 |
| 1803 | Sales of Miscellaneous Assets | 1,994.90 | $1,194,855.00 |
| 1804 | Other | 3,234.20 | $1,682,665.50 |
| 1805 | Domestic Banks & Aurora | 277.60 | $213,144.50 |
| **1019** | **Executory Contracts/365 Issues** | | |
| 1900 | Executory Contracts/365 Issues | 1,777.60 | $773,839.50 |
| 1901 | Derivatives/SWAP Agreement Issues | 8,062.80 | $5,363,858.50 |
| **1020** | **Real Property/365 Issues** | | |
| 2000 | Real Property/365 Issues | 15,448.90 | $9,088,797.50 |
| **1021** | **Adversary Proceedings** | | |
| 2100 | Adversary Proceedings | 8,220.50 | $3,888,746.50 |
| **1022** | **Claims Objections Litigation** | | |
| 2200 | Claims Objections Litigation | 757.80 | $418,961.50 |
| **1023** | **Bar Date Motion and Claims Reconciliation Issues** | | |
| 2300 | Bar Date Motion and Claims Reconciliation Issues | 1,222.40 | $680,810.50 |
| **1024** | **Automatic Stay/Safe Harbor** | | |
| 2400 | Automatic Stay/Safe Harbor | 851.90 | $479,046.50 |
| **1025** | **Disclosure Statement/Solicitation/Voting** | | |
| 2500 | Disclosure Statement/Solicitation/Voting | 1.00 | $630.00 |
| **1027** | **Plan of Reorganization/Plan Confirmation** | | |
| 2700 | Plan of Reorganization/Plan Confirmation | 2,150.60 | $1,151,149.50 |
| **1029** | **Tax Issues** | | |
| 2900 | Tax Issues | 518.30 | $322,426.50 |
| **1030** | **Communications** | | |
| 3000 | Website | 2.70 | $1,341.00 |
| 3001 | Lehman Team Hotline/Emails | 194.00 | $84,468.50 |
| **1031** | **Customer/Vendor Issues** | | |
| 3102 | Other | 6.50 | $4,231.50 |
| **1034** | **Corporate/Securities** | | |
| 3400 | Corporate/Securities | 433.60 | $204,969.00 |
| **1035** | **Non-Bankruptcy Litigation** | | |
| 3500 | Non-Bankruptcy Litigation | 1,372.30 | $767,309.50 |
| 3501 | Merchant Banking Fund | 35.00 | $15,901.00 |
| **1036** | **Non-Working Travel** | | |
| 3600 | Non-Working Travel | 388.90 | $110,413.25 |
| **1037** | **Intellectual Property** | | |
| 3700 | Intellectual Property | 380.80 | $236,492.50 |

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| **1038** | **International Matters/Foreign Proceedings** | | |
| 3800 | U.K. (Including LBIE) | 5,344.40 | $3,382,704.50 |
| 3801 | Asia | 64.00 | $27,745.00 |
| 3802 | Germany | 1,490.60 | $924,152.00 |
| 3803 | France | 129.50 | $74,942.50 |
| 3804 | Switzerland | 10.40 | $6,365.00 |
| 3805 | Israel | 46.70 | $22,623.00 |
| 3806 | South America | 1.60 | $1,426.50 |
| 3807 | Other/General | 237.70 | $159,875.00 |
| 3808 | PWC/LBIE Client Money Directions Application | 289.40 | $196,036.50 |
| **1039** | **Appeals** | | |
| 3900 | Appeals | 337.80 | $176,081.00 |
| **1040** | **LBI Issues** | | |
| 4000 | LBI | 692.00 | $388,554.50 |
| 4001 | SIPC Coordination | 5.30 | $2,848.00 |
| **1041** | **2004 Issues** | | |
| 4100 | 2004 Issues | 922.60 | $480,247.50 |
| **1042** | **Examiner Issues** | | |
| 4200 | Examiner Issues | 3,107.60 | $1,407,403.00 |
| **1043** | **Other Bankruptcy Matters** | | |
| 4300 | 9019 Motions | 357.50 | $171,657.00 |
| 4301 | Other Bankruptcy Motions | 15.30 | $8,927.50 |
| 4302 | Other Bankruptcy Litigation | 337.50 | $189,610.50 |
| **Total Fees Requested:** | | **74,357.10** | **$40,429,578.75** |