WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                 :

In re                                         :         Chapter 11 Case No.
                                               :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :         08-13555 (JMP)
                                               :

                            Debtors.      :         **(Jointly Administered)**
                                               :
------------------------------------------------------------------x

## DEBTOR'S OBJECTION TO
## MOTIONS FILED BY SIMEON MORENO

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors," and collectively with their non-debtor affiliates, "Lehman"), files this objection (the "Objection") to (i) *Simeon Moreno's Motion (1) to Deem His Proof of Claim as Timely Filed, Nunc Pro Tunc; (2) for Relief from the Automatic Stay; (3) for Permission to Attend Hearing Via Telephone Conference; and (4) for Exemption from Service Requirements as to Certain Parties in the Master Service List* [Docket #7366], dated March 3, 2010 (the "First Moreno Motion") and (ii) *Simeon Moreno's Motion for Declaration That the Automatic Stay Does Not Apply and that His Claims Constitute*

*Administrative Expenses of the Estate* [Docket #7924], dated March 31, 2010 (the "Second Moreno Motion" and, together with the First Moreno Motion, the "Motions"), each filed by Simeon Moreno ("Mr. Moreno" and, together with LBHI, the "Parties") and respectfully represents:

**Jurisdiction**

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

2. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). LBHI is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Prior to the Commencement Date, LBHI acquired a note (the "Note") executed by Mr. Moreno relating to a mortgage loan (the "Mortgage") in the principal amount of $492,000. The Mortgage and Note were originated by GE Money Bank. The Note is still held by LBHI, which the Mortgage was assigned to Property Asset Management, Inc. ("PAMI"), a wholly-owned indirect subsidiary of LBHI.

4. On or about April 15, 2008, Mr. Moreno defaulted on the Mortgage. PAMI, as holder of the Mortgage, has the right to take all necessary actions to enforce the terms of the Mortgage upon a borrower's default, including to conduct a

foreclosure sale and to manage the property following foreclosure, if necessary. On April 18, 2008, PAMI commenced a foreclosure proceeding against Mr. Moreno.

5. On October 13, 2008, before the foreclosure action was consummated, Mr. Moreno filed a Voluntary Chapter 13 Petition in the United States Bankruptcy Court, District of Massachusetts (the "Massachusetts Bankruptcy Court"), in the case captioned *In re Simeon Moreno*, Case No. 08-17715-FJB ("Mr. Moreno's Bankruptcy Case").

6. On or about November 12, 2008, Litton Loan Servicing LP, on behalf of and as servicing agent for Lehman Brothers Holdings Inc., filed a proof of claim in Mr. Moreno's Bankruptcy Case based on amounts owed under the Mortgage. The proof of claim asserted that Mr. Moreno owed to LBHI $490,440.51 in respect of principal and $33,389 (the "LBHI Proof of Claim") in respect of interest and other missed payments on the Mortgage.

7. On or about March 31, 2009, PAMI moved for relief from the automatic stay extant pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") in Mr. Moreno's Bankruptcy Case to enable it to, among other things, exercise its rights under the Mortgage and take possession of the subject property. By Order, dated on or about April 28, 2009, the Massachusetts Bankruptcy Court granted PAMI relief from the automatic stay. On or about December 3, 2009, Mr. Moreno commenced an adversary proceeding in the Massachusetts Bankruptcy Court against, among others, PAMI in an action captioned *Simeon Moreno v. Property Asset Management, Inc.*, et al, Case No. 09-01378-FJB (the "Massachusetts Adversary Proceeding"), to enjoin PAMI's foreclosure and to reinstate the Automatic Stay. By Order dated December 7, 2009, the

Massachusetts Court vacated the prior order granting relief from the automatic stay and scheduled an evidentiary hearing, specifically representing that the "only issue shall be the standing of the movant to seek relief from stay." (Massachusetts Bankruptcy Court Order, Massachusetts Adversary Proceeding, December 7, 2009). On April 8, 2010, the Massachusetts Court held the evidentiary hearing to determine whether PAMI has standing to seek relief from the automatic stay in Mr. Moreno's Bankruptcy Case. The outcome of the hearing is still pending.

8. On or about February 21, 2010, Mr. Moreno sought leave of the Massachusetts Court to amend his complaint in the Massachusetts Adversary Proceeding ("<u>First Amended Complaint</u>") to include additional claims and defendants.

## The Motions

9. On March 3, 2010, Mr. Moreno filed the First Moreno Motion in this Court. The First Moreno Motion sought, among other things, authority to file a late claim pursuant to Bankruptcy Rule 9006(b) and relief from the Automatic Stay extant in LBHI's chapter 11 case to enable Mr. Moreno to assert the claims included in the First Amended Complaint against LBHI.

10. On March 31, 2010, Mr. Moreno filed the Second Moreno Motion in this Court. The Second Moreno Motion sought, among other things, a declaration by the Court that the automatic stay does not apply to Mr. Moreno's claims against LBHI and that his claims are considered administrative expenses pursuant to section 503 of the Bankruptcy Code.

11. Mr. Moreno's counsel sent a letter to the Court, dated April 14, 2010, stating that if the relief sought in the Second Moreno Motion is granted, the First

Moreno Motion is rendered moot. While, LBHI does not take issue with the order the Motions are considered, LBHI does not agree that the First Moreno Motion is rendered moot by a determination regarding the Second Moreno Motion. The Second Moreno Motion does not address the timeliness of the claim filed by Mr. Moreno.

**LBHI Consents to Limited Relief from the Automatic Stay**

12. Mr. Moreno's Motions assert, among other things, that the Automatic Stay in LBHI's chapter 11 case either does not apply to Mr. Moreno's claims or should be modified to allow Mr. Moreno to assert the claims included in the First Amended Complaint related to the Mortgage and the foreclosure proceedings against LBHI in the current proceeding in the Massachusetts Bankruptcy Court. Since (i) PAMI initiated the foreclosure proceeding in Massachusetts and has participated in the current adversary proceeding and (ii) LBHI filed a claim in Mr. Moreno's Bankruptcy Case, LBHI agrees that it is in the interest of judicial economy, efficiency, and consistency of decisions for disputes relating to the Mortgage between LBHI (or its subsidiaries, including PAMI) and Mr. Moreno be addressed in one proceeding. As a result, LBHI does not oppose the modification of the Automatic Stay for the limited purpose of allowing the Massachusetts Bankruptcy Court to determine the rights of the parties as they relate to the Note and the Mortgage.

13. Since LBHI agrees to a modification of the Automatic Stay to permit Mr. Moreno to assert claims against LBHI in the Massachusetts Adversary Proceeding, it is not necessary for this Court to determine either (i) the applicability of 28 U.S.C. §959 at this time or (ii) whether LBHI has "waived any immunity to suit as a result of its filing a proof of claim."

## It is Premature to Determine Whether
## Mr. Moreno is Entitled to Administrative Expense Claims

14. Mr. Moreno asserts in the Second Moreno Motion that he is entitled to administrative expense claims pursuant to section 503 of the Bankruptcy Code against LBHI as a result of certain alleged actions of LBHI following the Commencement Date. The grounds on which Mr. Moreno asserts such administrative expense claims and the validity of such claims are directly tied to, and dependent on, the validity of the claims Mr. Moreno seeks to bring against LBHI in the Adversary Proceeding. Since the validity of claims in the Adversary Proceeding have yet to be determined by a court, and, as described above, LBHI would agree to participate in the Adversary Proceeding, it is premature for this Court to determine whether Mr. Moreno has valid administrative claims. Furthermore, the Second Moreno Motion does not purport to provide an adequate legal or factual record for the Court to determine the validity of any such claims.

15. The Second Moreno Motion also asserts that Mr. Moreno has the has the right to recoup or setoff, and that Mr. Moreno's claims relate to postpetition actions. For the same reasons stated above, determinations of these matters are dependent on legal and factual determinations that must first be determined in the context of the Adversary Proceeding and only then can be decided by this Court. Since it has not yet been determined whether Mr. Moreno has any claim against the Debtors, it is not necessary for this Court to determine, nor can this Court determine, the treatment of such claims at this time.

**The First Moreno Motion Does Not Satisfy the Burden for Excusable Neglect**

16. The First Moreno Motion seeks, among other things, to have the Court deem timely Mr. Moreno's claim filed after September 22, 2009, the bar date in LBHI's chapter 11 case. The sole reason provided by Mr. Moreno in the First Moreno Motion for the failure to timely file a proof of claim is that Mr. Moreno was not provided adequate notice of, and therefore was unaware that, LBHI had an interest in the Note. Contrary to such assertion, LBHI was identified as an interest holder in the Note in Exhibit "A" to the LBHI Proof of Claim in Mr. Moreno's Bankruptcy Case on November 12, 2008. A copy of the LBHI Proof of Claim and Exhibit "A" annexed thereto, is attached herein as Exhibit 1.

17. The standard for relief for excusable neglect pursuant to Rule 9006(b) of the Bankruptcy Rules is set forth in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993). The application of *Pioneer* in the Second Circuit, including the "hard line" approach as set forth in *In re Enron Corp.*, 419 F.3d 115, 122-24 (2d Cir. 2005), has been discussed in detail in prior pleadings filed by the Debtors in these chapter 11 cases. Under the circumstances, the First Moreno Motion does not plead facts that satisfy the burden required by courts in the Second Circuit. Accordingly, the portion of the First Moreno Motion seeking such relief should be denied.

**Reservation of Rights**

18. LBHI's agreement to a modification of the Automatic Stay is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) by LBHI. LBHI

reserves all rights in connection with all aspects of pending litigation among the parties, including, without limitation, the right to assert all defenses, claims, counterclaims and any other rights in connection thereof.

19. In the event that the Court determines to grant the relief requested in either of the Motions, the Debtors reserve all of its rights to object to the validity and amount of any claims which may be filed by the applicable creditor.

20. The Debtors reserve the right to conduct discovery as to the matters raised in the Motions and to supplement this filing as a result thereof.

WHEREFORE LBHI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: April 16, 2010
      New York, New York

                                          /s/ Shai Y. Waisman
                                          Shai Y. Waisman

                                          WEIL, GOTSHAL & MANGES LLP
                                          767 Fifth Avenue
                                          New York, New York 10153
                                          Telephone: (212) 310-8000
                                          Facsimile: (212) 310-8007

                                          Attorneys for Debtors
                                          and Debtors in Possession

**EXHIBIT 1**

Form B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT   DISTRICT OF MASSACHUSETTS BOSTON DIVISION | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Simeon Moreno | Case Number: 08-17715-WCH |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (the person or other entity to whom the debtor owes money or property): Litton | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: Litton Loan Servicing, LP P. O. Box 829009 Dallas, Texas 75382-9009 | Court Claim Number: _____ (If known) Filed on: |
| Name and address where payment should be sent (if different from above): Litton Loan Servicing, LP P.O. BOX 4387 Houston, Texas 77210-4387 Telephone Number: (800) 247-9727 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

1. **Amount of Claim as of Date Case Filed:** $530,168.04

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Money Loaned
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** xxxx2858

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☒ Real Estate   ☐ Motor Vehicle   ☐ Other: _____
Describe:
**Value of Property:** not available    Annual Interest Rate:
Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $39,442.49  **Basis for perfection:** Recordation of Lien
Amount of Secured Claim: $530,168.04    Amount Unsecured $0.00

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: November 12, 2008 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. /s/ Joe M. Lozano, Jr. as Creditor's Authorized Agent | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

5151-N-2835

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-17715-WCH |
| SIMEON MORENO | § | |
| | § | CHAPTER 13 |
| | § | |
| | § | JUDGE WILLIAM C. HILLMAN |

## EXHIBIT A

ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF LITTON LOAN SERVICING, LP, AS SERVICING AGENT FOR LEHMAN
BROTHERS HOLDINGS INC

### SECTION 1. ITEMIZATION OF CLAIM

A.  Total Debt as of October 13, 2008
- Principal Balance                                                   $490,440.51
- Interest from Last Paid Installment                                 $33,574.74
- Late Charges                                                        $599.22
- Escrow Advance                                                      ($0.00)
- Pre-petition Attorney Fees and Costs                                $5,539.29
- Other amounts — Inspection Fees, Appraisal Fees,
  NSF Check Charges, and Other Charges                                $264.00
- Suspense Account Balance                                            ($249.72)

TOTAL                                                                 $530,168.04

B.  Total Arrearage as of October 13, 2008
- Regular Monthly Installments
  January 1, 2008 through October 13, 2008                            $33,289.70
- Late Charges                                                        $599.22
- Pre-petition Attorney Fees and Costs                                $5,539.29
- Other pre-petition fees, expenses and charges
  as reflected above                                                  $264.00
- Less Suspense Account Balance                                       ($249.72)
- Interest accruing at the contract rate of
  7.75% on pre-petition arrearage if allowed by
  11 USC §13.                                                         ($0.00)

TOTAL ARREARAGES                                                      $39,442.49


Name of Creditor: Litton Loan Servicing, LP, as servicing agent for Lehman Brothers Holdings Inc
File Number 5151-N-2835 / po

EXHIBIT A – ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING DOCUMENTS                    1

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------x

### ORDER MODIFYING THE AUTOMATIC STAY FOR
### A LIMITED PURPOSE AND DEFERRING ADJUDICATION
### OF ALL ADDITIONAL REQUESTS FOR RELIEF TO A LATER DATE

Upon consideration of the objection (the "Objection")[1] of Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), to (i) *Simeon Moreno's Motion (1) to Deem His Proof of Claim as Timely Filed, Nunc Pro Tunc; (2) for Relief from the Automatic Stay; (3) for Permission to Attend Hearing Via Telephone Conference; and (4) for Exemption from Service Requirements as to Certain Parties in the Master Service List* [Docket #7366], dated March 3, 2010 (the "First Moreno Motion") and (ii) *Simeon Moreno's Motion for Declaration That the Automatic Stay Does Not Apply and that His Claims Constitute Administrative Expenses of the Estate* [Docket #7924], dated March 31, 2010 (the "Second Moreno Motion," and together with the First Moreno Motion, the "Motions") filed by Simeon Moreno ("Mr.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

US_ACTIVE:\43365662\09\58399.0008        10

Moreno") in LBHI's chapter 11 case, the Court having jurisdiction to consider the Objection; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted in part and denied in part, as set forth herein; and it is further

ORDERED that the automatic stay extant in LBHI's chapter 11 case is hereby modified for the limited purpose of permitting Mr. Moreno to assert the claims included in the First Amended Complaint against LBHI in the Massachusetts Adversary Proceeding. Except as provided in this paragraph, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date shall remain in full force and effect; and it is further

ORDERED that, other than as set forth in the preceding paragraph, the relief requested in the Motions is denied without prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: April __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE