PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

### THIRD INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Role in Case: | Special Counsel to Debtors |
| Date of Retention: | February 25, 2009 |
| Period for which Compensation and Reimbursement is Sought: | October 1, 2009 to January 31, 2010 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 454,706.30 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 6,844.14 |
| Total Amount Sought: | $ 461,550.44 |

This is a/n: __X__ Interim _____ Final Application.

Prior Applications:                 Second Interim Application

Aggregate Amounts Paid to Date:        $                    370,609.18


## SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD FROM JUNE 1, 2009 THROUGH SEPTEMBER 30, 2009

| Name of Professional & Title | Year Admitted to Practice | Billing Rate[1] | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Richard M. Pachulski, Partner | 1979 | $925.00 | 73.10 | $67,617.50 |
| Richard M. Pachulski | | 895.00 | 323.30 | 289,353.50 |
| Dean A. Ziehl, Partner | 1978 | 855.00 | 88.70 | 75,838.50 |
| Dean A. Ziehl | | 825.00 | 201.80 | 166,485.00 |
| Andrew W. Caine, Of Counsel | 1983 | 725.00 | 9.50 | 6,887.50 |
| Andrew W. Caine | | 695.00 | 11.20 | 7,784.00 |
| Robert B. Orgel, Partner | 1981 | 825.00 | 10.60 | 8,745.00 |
| Robert B. Orgel | | 795.00 | 118.40 | 94,128.00 |
| Jeremy V. Richards, Partner | 1982 | 795.00 | 54.50 | 43,327.50 |
| Alan J. Kornfeld, Partner | 1987 | 775.00 | 2.00 | 1,550.00 |
| Debra Grassgreen, Partner | 1992 | 725.00 | .60 | 435.00 |
| James K.T. Hunter, Of Counsel | 1988 | 695.00 | 25.60 | 17,792.00 |
| James K.T. Hunter | | 675.00 | 107.10 | 72,292.50 |
| Daryl G. Parker, Of Counsel | 1970 | 695.00 | 36.20 | 25,159.00 |
| Daryl G. Parker | | 675.00 | 76.00 | 51,300.00 |
| Victoria Newmark, Of Counsel | 1996 | 625.00 | 14.50 | 9,062.50 |
| Shirley S. Cho, Of Counsel | 1997 | 625.00 | 6.70 | 4,187.50 |
| Shirley S. Cho | | 595.00 | 2.80 | 1,666.00 |
| Harry Hochman, Of Counsel | 1987 | 625.00 | 85.80 | 53,625.00 |
| Harry Hochman | | 595.00 | 130.40 | 77,588.00 |
| Gina Brandt, Of Counsel | 1976 | 575.00 | 80.10 | 46,057.50 |
| Gina Brandt | | 550.00 | 2.40 | 1,320.00 |
| Mary D. Lane, Of Counsel | | 550.00 | 21.60 | 11,880.00 |
| Nina Hong, Partner | 1996 | 550.00 | 122.60 | 67,430.00 |
| Nina Hong | | 525.00 | 35.30 | 18,532.50 |
| Gabrielle A. Rohwer, Of Counsel | 1997 | 550.00 | 14.60 | 8,030.00 |
| Beth E. Levine, Of Counsel | | 550.00 | 26.50 | 14,575.00 |
| Gillian N. Brown, Partner | 1999 | 515.00 | .10 | 51.50 |
| Gillian N. Brown | | 495.00 | 3.30 | 1,633.50 |
| Erin Gray, Of Counsel | 1992 | 515.00 | 25.00 | 12,875.00 |
| Erin Gray | | 495.00 | 27.50 | 13,612.50 |
| Maria A Bove, Of Counsel | 2001 | 550.00 | 12.80 | 7,040.00 |
| Maria A Bove | | 495.00 | 215.70 | 106,771.50 |

---

[1] Hourly billing rates increased on January 1, 2010.

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Pamela E. Singer, Of Counsel | 1996 | 495.00 | 1.70 | 841.50 |
| Celine Guillou, Of Counsel | 1998 | 450.00 | 30.60 | 13,770.00 |
| Celine Guillou | | 425.00 | 9.00 | 3,825.00 |
| Cia H. Mackle, Of Counsel | 2006 | 395.00 | 1.30 | 513.50 |
| Leslie A. Forrester, Paralegal | N/A | 250.00 | 2.50 | 625.00 |
| Denise A. Harris, Paralegal | N/A | 225.00 | 23.20 | 5,220.00 |
| Felice S. Harrison, Paralegal | N/A | 225.00 | 3.00 | 675.00 |
| Thomas J. Brown, Paralegal | N/A | 195.00 | 7.30 | 1,423.50 |
| Mike A. Matteo, Paralegal | N/A | 205.00 | .40 | 82.00 |
| Mike A. Matteo | | 195.00 | .70 | 136.50 |
| Andrew Sahn, Paralegal | N/A | 150.00 | 3.00 | 450.00 |
| John F. Bass, Paralegal | N/A | 150.00 | .60 | 90.00 |
| Megan J. Wilson, Paralegal | N/A | 150.00 | 1.50 | 225.00 |
| | **TIME CHARGES TOTAL:** | | **2,051.10** | **$1,412,510.00***|

| | |
|---|---|
| **Total Hours:** | **2,501.10** |
| **Blended Hourly Rate:** (Attorneys and Paralegals) | **$688.65** |
| **Blended Hourly Rate:** (Attorneys) | **$698.87** |

* This amount represents all fees incurred by PSZJ during the Interim Period. As set forth in the Interim Application, PSZJ is seeking compensation from the Debtors' estates only for the portion of such amount incurred in connection with services provided for the benefit of the Debtors.

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

### THIRD INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE:

Pachulski Stang Ziehl & Jones LLP ("PSZJ"), special counsel for Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases

(collectively, the "Debtors"), submits this third interim application (the "Interim Application")

seeking allowance of (a) compensation for professional services rendered by PSZJ to the Debtors

in the amount of $454,706.30, and (b) reimbursement of actual and necessary charges and

disbursements incurred by PSZJ in the rendition of required professional services on behalf of

the Debtors in the amount of $6,844.14, in each case for the period from October 1, 2009

through January 31, 2010 (the "Interim Period") pursuant to section 330(a) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

adopted on January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases (the "Local Guidelines"), the Third Amended Order Pursuant to Sections

105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures

for Interim Monthly Compensation of Professionals, entered in these cases on June 25, 2009 (the

"Interim Compensation Order"), and the Fee Committee Guidelines (as defined below and,

collectively with the UST Guidelines, the Local Guidelines and the Interim Compensation Order,

the "Guidelines").  In support of this Interim Application, PSZJ respectfully represents as

follows:

### Background

   1. Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the

other Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy

Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are

authorized to operate their businesses and manage their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate. On January 19, 2009, the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

4.      On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") and approving a fee protocol (the "Fee Protocol"). Pursuant to the Fee Protocol, the Fee Committee subsequently has submitted additional reports, which provide, *inter alia*, additional guidelines regarding compensation procedures for professionals retained in these cases (the "Fee Committee Guidelines").

### Jurisdiction and Venue

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Retention of PSZJ

6.      On June 3, 2009, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to LBHI and Lehman Commercial Paper, Inc. ("LCPI"), effective *nunc pro tunc* to

February 25, 2009 (the "Engagement Date") with respect to the matters arising in the chapter

11 cases (the "SunCal Chapter 11 Cases") of Palmdale Hills Property, LLC, *et al.*

(collectively, the "SunCal Debtors"), which are pending in the Bankruptcy Court for the

Central District of California (the "California Bankruptcy Court") under jointly administered

Case No. 08-17206.

       7.      On June 17, 2009, the Court entered the Order Pursuant to Sections

327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of

Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors, *nunc pro tunc* to the

Engagement Date (the "Retention Order").

       8.      Pursuant to the Retention Order, PSZJ has been retained with respect to

the following matters (collectively, the "Representative Matters"): (i) representing the Lehman

Entities (defined below) in relation to any issues arising with respect to any disclosure

statement(s) and plan(s) of reorganization filed by the SunCal Debtors, including pending and

anticipated litigation with respect thereto; (ii) representing the Lehman Entities in relation to

prosecuting or defending various other motions and other matters in the SunCal Chapter 11

Cases to protect the Lehman Entities' rights; and (iii) representing the Lehman Entities in

litigation pending against them in the California Bankruptcy Court, entitled *Palmdale Hills

Property, LLC v. Lehman ALI, Inc., et al.*, Adv. P. 09-01005.  PSZJ's services are limited to

matters in the California Bankruptcy Court and any appellate courts with respect to appeals

arising in connection with the Representative Matters, and PSZJ will not represent the Lehman

Entities with respect to matters pending or that may arise in this Court, other than matters

pertaining to PSZJ's employment and matters arising in connection with the SunCal

Chapter 11 Cases.

9.      In connection with certain of the Representative Matters, PSZJ is also

representing the following non-debtor affiliates of LBHI and LCPI:  Lehman ALI, Inc.;

Northlake Holdings LLC; OVC Holdings LLC; LV Pacific Point LLC; LBREP II/Suncal Land

Fund Member, LLC; Oak Valley, LLC; SCLV Northlake, LLC; and LB/L DUC III Master

LLC (collectively with LCPI, the "Lehman Entities").  *See* Declaration of Dean A. Ziehl in

Support of Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and

Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and

Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors at ¶5.  As

described fully below, PSZJ is seeking compensation separately from the foregoing non-

debtor affiliates for services provided on their behalf in connection with certain of the

Representative Matters during the Interim Period. *See id.*

### Relief Requested

10.      Prefixed to this Application is the cover sheet required by the UST

Guidelines, which includes a schedule setting forth the names of all PSZJ professionals and

paraprofessionals who have performed services for which compensation is sought, the

person's position in the firm, and the year each attorney was first admitted to practice law.  In

addition, the schedule sets forth for each person (a) the hourly rate(s) during the Interim

Period, (b) the total hours billed during the Interim Period, and (c) the total compensation for

such hours.

11.    Pre-petition certain Lehman Entities made various loans to certain SunCal Debtors and certain of their non-debtor affiliates pursuant to various separate loan agreements (collectively, the "Lehman Loans"). Over $2.0 billion, including accrued interest, is owed on the Lehman Loans.

12.    PSZJ previously requested compensation from the Court for professional services and reimbursement of expenses in its First Interim Application dated August 14, 2009 (the "First Interim Fee Application"). On September 25, 2009, the Court approved PSZJ's First Interim Fee Application, subject to a 10% hold back, which holdback the Court ordered with respect to all retained professionals.

13.    In addition, PSZJ previously requested compensation from the Court for professional services and reimbursement of expenses in its Second Interim Application dated December 14, 2009 (the "Second Interim Fee Application"). On April 9, 2010, the Court approved PSZJ's Second Interim Fee Application, subject to certain reductions requested by the Fee Committee.

14.    By this Application, PSZJ seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Interim Period in the aggregate amount of $454,706.30, and for reimbursement of actual, necessary expenses incurred during the Interim Period in connection with such services in the aggregate amount of $6,844.14.

15.    In accordance with the Interim Compensation Order, PSZJ has received payments totaling $370,609.18 ($363,765.04 of which is for services rendered and $6,844.14 of which is for reimbursement of expenses) for the Interim Period. By this Application, PSZJ

seeks payment of the remaining $90,941.28, which amount represents the Court-ordered 20% holdback of PSZJ requested fees during the Interim Period.

16.     During the Interim Period, PSZJ attorneys and paraprofessionals expended a total of 2,051.10 hours for services provided in connection with the Representative Matters, and incurred fees in the total amount of $1,412,510.00 and expenses in the total amount of $22,813.80 in connection with such services.

17.     Certain of the services performed by PSZJ during the Interim Period were provided on behalf of and rendered a benefit only to LCPI. In particular, these services consist of those performed in connection with certain appeals as described below and other matters arising in the SunCal Chapter 11 Cases affecting the automatic stay as it applies to LCPI. Annexed hereto as Exhibit A is a summary of the services by project category rendered by PSZJ for the benefit of LCPI only and for which compensation is sought from the Debtors' estates. PSZJ is seeking compensation from the Debtors' estates for services performed during the Interim Period solely on behalf of and for the benefit of LCPI in the total amount of $44,219.00, as set forth in Exhibit A.

18.     In addition, due to the nature of the matters pending in the SunCal Debtors' Chapter 11 Cases, certain of the services performed and expenses incurred by PSZJ during the Interim Period were provided on behalf of and rendered a benefit to all of the Lehman Entities, including LCPI. PSZJ has allocated the fees and expenses for such services between the Debtors' estates, on the one hand, and the nondebtor affiliates on the other hand, in accordance with the applicable loan balances attributed to the loans extended by each respective Lehman Entity to each respective SunCal Debtor. Pursuant to such allocation, 30%

of fees and expenses incurred by PSZJ are attributable to the Debtors' estates and 70% of fees

and expenses incurred by PSZJ are attributable to the nondebtor Lehman Entities.

19.    Accordingly, during the Interim Period, (a) of the total fees in the

amount of $1,412,510.00 incurred for the benefit of all the Lehman Entities (including LCPI),

PSZJ is seeking compensation in the amount of $410,487.30 from the Debtors' estates, and

(b) of the total expenses in the amount of $22,813.80 incurred for the benefit of all Lehman

Entities (including LCPI), PSZJ is seeking compensation in the amount of $6,844.14 from the

Debtors' estates.[1]

20.    In sum, pursuant to this Interim Application, PSZJ hereby seeks

allowance and compensation from the Debtors' estates of the following: (a) compensation for

professional services rendered during the Interim Period in the aggregate amount of

$454,706.30 (*i.e.*, $44,219.00 plus $410,487.30); and (b) reimbursement of expenses incurred

during the Interim Period in connection with such services in the aggregate amount of

$6,844.14.

21.    Annexed hereto as Exhibit B is a summary of all services rendered by

PSZJ during the Interim Period by project category.  Annexed hereto as Exhibit C is a

summary of time charges and hourly rates by professional.  Annexed hereto as Exhibit D is a

summary of the types of expenses for which reimbursement is sought. Annexed hereto as

Exhibit E is a listing of the detailed time entries of PSZJ professionals and paraprofessionals,

by project category, with respect to the compensation requested as well as a detailed

---

[1]  PSZJ has sought or will seek payment from the nondebtor Lehman Entities for the remaining fees and expenses it incurred during the Interim Period.

itemization of expenses for which reimbursement is sought. Annexed hereto as <u>Exhibit F</u> is

the certification of Dean A. Ziehl with respect to the Interim Application pursuant to the Local

Guidelines.

**Summary of Services Rendered**

22.     The names of the partners and associates of PSZJ who have rendered

professional services in this case during the Interim Period, and the paralegals who provided

services to these attorneys during the Interim Period, are set forth in the attached <u>Exhibit C</u>.

23.     PSZJ, by and through the above-named persons, has prepared and

assisted in the preparation of various pending motions and orders submitted to the California

Bankruptcy Court and the Ninth Circuit Bankruptcy Appellate Panel for consideration,

advised the Debtors on a regular basis with respect to various matters in connection with the

SunCal Chapter 11 Cases, and performed all necessary professional services which are

described and narrated in detail below.

**Summary of Services by Categories**

24.     The services rendered by PSZJ during the Interim Period can be

grouped into the categories set forth below. PSZJ attempted to place the services provided in

the category that best relates to such services. However, because certain services may relate to

one or more categories, services pertaining to one category may in fact be included in another

category. These services performed, by categories, are generally described below, with a

more detailed identification of the actual services provided set forth on the attached <u>Exhibit E</u>.

<u>Exhibit E</u> identifies the attorneys and paraprofessionals who rendered services relating to each

category, along with the number of hours for each individual and the total compensation

sought for each category.

**A.**     **Asset Analysis/Recovery**

25.    Time billed in this category relates to analysis of certain real property

development issues.

Fees:  $82.50                    Total hours:   .10

**B.**     **Business Operations**

26.    Time billed in this category relates to services performed by PSZJ with

respect to the preparation of material s for meetings involving the Lehman Entities and other

constituencies in the SunCal Chapter 11 Cases.

Fees:  $1,375.00                Total hours:   2.50

**C.**     **Appeals**

27.    Time billed in this category relates to services in connection with the

appeals (the "Appeals") of various orders of the California Bankruptcy Court and the

Bankruptcy Appellate Panel for the Ninth Circuit (the "9th Cir. BAP") as follows:

(a)        BAP Nos. 09-1100 through 09-1107 relate to appeals to the Bankruptcy

Appellate Panel for the Ninth Circuit of several orders entered by the

California Bankruptcy Court denying various motions for relief from the

automatic stay filed by LCPI and Lehman ALI in the SunCal Chapter 11

Cases.  LCPI and Lehman ALI appealed aspects of the orders impacting the

automatic stay applicable to LCPI.

(b)    Case No. 10-6004 pending in the Court of Appeals for the Ninth Circuit relates

to the appeal by the SunCal Debtors of the decision by the 9th Cir. BAP in the

9th Cir. BAP appeals set forth above in subsection (a), which decision reversed

the California Bankruptcy Court.

(c)    BAP No. 10-1007 relates to the consolidated cross-appeals of the Lehman

Entities and the SunCal Debtors of the California Bankruptcy Court's order

providing, among other things, that the Lehman Entities were authorized to file

proofs of claim in the SunCal Chapter 11 Cases as agents of Fenway Capital

LLC.

(d)    BAP No. 09-1121 relates to the appeal to the 9th Cir. BAP of an order entered

by the California Bankruptcy Court granting the SunCal Debtors' motion for

leave to file a second amended complaint to, among other things, name LCPI

as a defendant in the adversary proceeding styled Palmdale Hills Property,

LLC et al. v. Lehman Commercial Paper Inc., et al., Adv. Pro. 09-1005 (ES)

(the "Equitable Subordination Action").

Fees:  $17,588.00              Total hours:    24.20

## D.    Avoidance Actions

28.    Time billed in this category relates to research and analysis of issues

related to avoidance actions.

Fees:  $636.00                 Total hours:    .80

E.    **Bankruptcy Litigation**

29.    Time billed in this category relates to the services performed by PSZJ in connection with various litigation issues arising in the SunCal Debtors' cases that are not billed in a separate category. During the Interim Period, PSZJ, among other things: (a) prepared for and participated in various meetings with professionals, (b) prepared for and appeared at hearings in the California Bankruptcy Court, (c) performed research for and prepared objections, replies and supporting documents in response to various motions filed by the SunCal Debtors, including responses and supplements thereto in connection with the SunCal Debtors' motion for approval of bid procedures in connection with the sale of certain real property and their request to deprive the Lehman Entities of their right to credit bid, the SunCal Debtors' motion to substantively consolidate their estates (the "Substantive Consolidation Motion"), and the SunCal Debtors' objections to the Lehman Entities' proofs of claim and agency issues in connection therewith, (d) assisted with research for and preparation of the Lehman Entities' motion to dismiss the complaint filed by the SunCal Debtors against, among others, the Lehman Entities in the Equitable Subordination Action, (e) prepared for and participated in discovery conferences and conducted extensive discovery in connection with the Equitable Subordination Action, the Substantive Consolidation Motion and other pending contested matters described above, and engaged in motion practice in connection therewith, and (f) researched for and prepared objection to amended employment application and fee requests filed by special counsel to the SunCal Debtors, and (g) prepared for and participated in global settlement negotiations with all professionals in the SunCal Debtors' cases, including the preparation of settlement term sheets.

Fees:   $824,983.25            Total hours:   1,215.75

**F.    Case Administration**

       30.    Time billed in this category relates to case administrative matters. During the Interim Period, PSZJ, among other things, reviewed the docket sheet for filings and the status of various matters in the SunCal Chapter 11 Cases, in addition to reviewing pleadings, proofs of claim and various other documents in connection with such cases, and participating in meetings regarding the status of such matters.

Fees:   $65,444.75             Total hours:   87.15

**G.    Claims Administration/Objections**

       31.    Time billed in this category relates to (a) the extensive analysis of proofs of claim filed against each of the 26 SunCal Debtors, including claims filed by vendors and sureties in connection with prepetition performance and payment bonds issued to the SunCal Debtors, (b) the preparation of the Lehman Entities' statement under Bankruptcy Rule 2019, and (c) analysis of and research in connection with the findings of fact and conclusions of law entered by the California Bankruptcy Court regarding the SunCal Debtors' motion to strike claims and pleadings filed by the Lehman Entities in the SunCal Chapter 11 Cases.

Fees:   $20,121.00             Total hours:   29.60

**H.    Retention of Professionals**

       Time billed in this category relates to the retention of an expert consultant.

Fees:   $336.00               Total hours:   .40

I.    **Stay Litigation**

Time billed in this category relates to analysis of issues relating to LCPI's

automatic stay and research for and preparation of letters and pleadings regarding the implication

of LCPI's automatic stay to matters pending in the SunCal Chapter 11 Cases.

Fees:  $32,279.50                    Total hours:   45.40

J.    **Financing**

32.    Time billed in this category relates to negotiations concerning debtor-

in-possession financing provided by the Lehman Entities to the SunCal Debtors and the

Lehman Entities' authorization regarding the SunCal Debtors' use of cash collateral and the

preparation of motions, stipulations and orders in connection therewith.

Fees:  $253,657.50                   Total hours:   371.70

K.    **Tax Issues**

Time billed in this category relates to the review of certain real property tax issues

regarding projects owned by the SunCal Debtors.

Fees:  $49.50                        Total hours:   .10

L.    **Plan and Disclosure Statement**

33.    Time billed in this category relates to (a) research and meetings in

connection with and preparation of the Lehman Entities' plan of reorganization and disclosure

statement, (b) review and analysis of plans of reorganization and disclosure statements and

amendments thereto filed by the SunCal Debtors, and (c) research in connection with and

preparation of the Lehman Entities' objections to the SunCal Debtors' amended disclosure

statement.

Fees:  $179,035.50          Total hours:   226.80

**M.    PSZJ Compensation**

    34. Time billed in this category relates to the preparation of monthly fee

statements, the Second Interim Fee Application, and monthly budgets as required by the Fee

Committee.

Fees:  $16,852.50          Total hours:   46.40

**N.    PSZJ Retention**

    35. Included in this category are services rendered relating to the retention

of PSZJ as special counsel in these cases.

Fees:  $99.00          Total hours:   .20

**Expenses Incurred by PSZJ**

    36. Section 330 of the Bankruptcy Code authorizes "reimbursement for

actual, necessary expenses" incurred by professionals employed under section 327 of the

Bankruptcy Code.  The total amount of the expenses is $22,813.80 for the Interim Period, as

detailed in the attached Exhibit D.  As set forth above, PSZJ seeks reimbursement for

expenses incurred in rendering services to the Debtors during the Interim Period in the amount

of $6,844.14.  *See supra* at ¶18.

    37. In accordance with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and the Guidelines, PSZJ maintains the following policies with respect to

expenses for which reimbursement is sought herein:

    (a) No amortization of the cost of any investment, equipment, or capital
       outlay is included in the expenses. In addition, for those items or services
       that PSZJ purchased or contracted from a third party (such as outside copy

services), PSZJ seeks reimbursement only for the exact amount billed to
PSZJ by the third party vendor and paid by PSZJ to the third party vendor.

(b) Photocopying by PSZJ was charged at 10 cents per page. To the extent
practicable, PSZJ utilized less expensive outside copying services.

(c) Telecopying by PSZJ was charged to its clients at the cost of the long
distance call required to send the facsimile. The firm did not impose any
charge to its clients for local facsimiles, inbound facsimiles, interoffice
facsimiles or facsimiles costing less than $1.00.

(d) Meals charged to the Debtors for PSZJ personnel were associated with out
of town travel, meetings with the Debtors or other parties in these chapter
11 cases, or dinner for PSZJ professionals working past 8:00 p.m.

(e) The time pressures associated with the services rendered by PSZJ
frequently required PSZJ's professionals and paraprofessionals to devote
substantial amounts of time during the evenings and on weekends. PSZJ
has charged the Debtors for secretarial and other staff overtime expense
that is directly associated with such after-hours work and is absolutely
necessary. PSZJ does not consider these to be part of its ongoing
overhead expenses because they are special incremental expenses arising
from the specific services being provided to the Debtors.

**The Requested Compensation Should Be Allowed**

38.    Section 330 of the Bankruptcy Code provides that the Court may award

a professional person employed under section 327 or 1103 of the Bankruptcy Code:

(A) reasonable compensation for actual, necessary services rendered by the
trustee, examiner, professional person, or attorney and by any
paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1).
Section 330(a)(3)(A) further provides the following standards for the
Court's review of a fee application:

39.    In determining the amount of reasonable compensation to be awarded,

the court shall consider the nature, the extent, and the value of such services, taking into

account all relevant factors, including—

(A) the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)     whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

40.     PSZJ respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein. The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases. PSZJ's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought by PSZJ is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

## Statements of PSZJ Pursuant to Bankruptcy Rule 2016(a)

41.     PSZJ has submitted monthly statements during the Interim Period and has received a total of $370,609.18 from the Debtors relating to fees and expenses on account of services provided by PSZJ for the benefit of the Debtors during the Interim Period.

42.    No agreement or understanding exists between PSZJ and any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of PSZJ. All of the services for which compensation is sought in this Interim Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

### Notice

43.    Notice of this Interim Application and its exhibits will be given to (a) the Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors' Committee; and (e) the Fee Committee. PSZJ respectfully submits that no other or further notice is required.

WHEREFORE, PSZJ respectfully requests that the Court enter an order: (a) allowing interim compensation of $454,706.30 to PSZJ for professional services rendered as special counsel for the Debtors during the Interim Period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of $6,844.14 in connection with PSZJ's services during the Interim Period; (b) authorizing and directing the Debtors to pay to PSZJ any and all unpaid amounts held back for the Interim Period in the amount of $90,941.28; and (c) granting to PSZJ such other and further relief as the Court may deem proper.

Dated:    April 16, 2010              PACHULSKI STANG ZIEHL & JONES LLP

                                     By      */s/ Dean A. Ziehl*
                                             Richard M. Pachulski
                                             Dean A. Ziehl
                                             Maria A. Bove
                                             780 Third Avenue, 36th Floor
                                             New York, NY 10017
                                             Telephone: 212.561.7700
                                             Facsimile:  212.561.777