FARRELL FRITZ, P.C.
1320 RXR Plaza
Uniondale, New York 11556-1320
Tel:    (516) 227-0700
Fax:    (516) 227-0777
Louis A. Scarcella
Darren A. Pascarella
Robert C. Yan

*Attorneys for Capital One, N.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :    Chapter 11
                                                               :
Lehman Brothers Holdings, Inc., *et al.*,                      :    Case No. 08-13555 (JMP)
                                                               :
                    Debtors.                                   :
                                                               :    Jointly Administered
---------------------------------------------------------------x

## DECLARATION OF PETER G. MACE IN SUPPORT OF MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001

I, Peter G. Mace, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge:

1.      I am a Senior Vice President of movant Capital One, N.A. ("Capital One"), as successor by merger to North Fork Bank. I am fully familiar with the facts and circumstances set forth herein, some of which I have ascertained from reviewing the records of Capital One. I submit this Declaration (the "Declaration") in support of the motion (the "Motion") of Capital One for entry of an order modifying the automatic stay in the above-captioned, jointly administered chapter 11 cases, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure, in connection with Capital One's rights to foreclose on its mortgages against certain real property owned by New Central Avenue, LLC ("Mortgagor"), in which Lehman Brothers Holdings, Inc. ("LBHI") holds a subordinate mortgage.

2.      Specifically, Capital One made the following loans to the Mortgagor:

(i) $24,100,000 First Mortgage Loan (the "First Mortgage Loan")

(ii) $43,100,000 Building Loan (the "Building Loan"); and

(iii) $9,200,000 Project Loan (the "Project Loan," together with the First Mortgage Loan and the Building Loan, the "Senior Loans").

3. As of the date hereof, Capital One has funded $24,100,000 under the First Mortgage Loan and $900,000 under the Project Loan.

4. In connection with the Senior Loans, the Mortgagor executed and delivered to Capital One the following:

(i) First Mortgage Note dated July 12, 2007 made by Mortgagor in favor of Capital One in the original principal amount of $24,100,000 (as amended, restated, supplemented or otherwise modified, the "First Mortgage Note");

(ii) First Mortgage dated July 12, 2007 made by Mortgagor in favor of Capital One (as amended, the "First Mortgage");

(iii) Building Loan Mortgage Note dated July 12, 2007 made by Mortgagor in favor of Capital One in the original principal amount of $43,100,000 (as amended, restated, supplemented or otherwise modified, the "Building Loan Note");

(iv) Building Loan Mortgage, dated July 12, 2007 made by Mortgagor in favor of Capital One (as amended, the "Building Loan Mortgage");

(v) Building Loan Agreement dated July 12, 2007 between Mortgagor and Capital One (as amended, the "Building Loan Agreement");

(vi) Project Loan Mortgage Note dated July 12, 2007 made by Mortgagor in favor of Capital One in the original principal amount of $24,100,000 (as amended, restated, supplemented or otherwise modified, the "Project Loan Note", together with the First Mortgage Note and the Building Loan Note, the "Senior Note") (copies of the Senior Note are attached hereto as Exhibit B);

(vii) Project Loan Mortgage dated July 12, 2007 made by Mortgagor in favor of Capital One (as amended, the "Project Loan Mortgage", together with the First Mortgage and the Building Loan Mortgage, the "Senior Mortgage") (copies of the Senior Mortgage are attached hereto as Exhibit C); and

(viii) Project Loan Agreement dated July 12, 2007 between Mortgagor and Capital One (as amended, the "Project Loan Agreement", together with the Building Loan Agreement, the "Senior Loan Agreements", and together with the Senior Note, the Senior Mortgage, and all other agreements, instruments and documents at any time executed and delivered in connection with the Loans, each as amended, restated, supplemented or otherwise modified from time to time, the "Senior Loan Documents"). Copies of the Senior Loan Agreements are attached hereto as Exhibit A.

2

5. The Senior Mortgage encumbers certain real property located in the Village of Lawrence, New York, known as 260 Central Avenue, Lawrence, New York, and more particularly described on the attached Exhibit D. The Senior Mortgage was duly recorded in the Office of the Registrar of the County of Nassau as follows:

    i. First Mortgage on July 20, 2007, in Liber 32128, at Page 864 (as modified on September 26, 2008, in Liber 33262, at Page 969).

    ii. Building Loan Mortgage on July 20, 2007, in Liber 32128, at Page 886 (as modified on September 26, 2008, in Liber 33262, at Page 955, and on November 14, 2008, in Liber 33340, at Page 700).

    iii. Project Loan Mortgage on July 20, 2007, in Liber 32128, at Page 909 (as modified on September 26, 2008, in Liber 33262, at Page 983, and on November 14, 2008, in Liber 33340, at Page 700).

An excerpt portion of a foreclosure report on the Premises, dated as of June 1, 2009, evidencing Capital One's recorded mortgages is attached to hereto as Exhibit F.

6. Pursuant to the terms of that certain Intercreditor Agreement, dated January 24, 2008, between Capital One and LBHI (the "Intercreditor Agreement"), LBHI agreed to, among other things, subordinate and make junior (i) that certain Mezzanine Loan made by LBHI to Mortgagor in an amount of up to $7,137,257, (ii) that certain Mezzanine Construction Loan Agreement, dated January 24, 2008, between Mortgagor and LBHI, (iii) that certain Secured Promissory Note, dated January 24, 2008, made by Mortgagor in favor of LBHI in the original principal amount of up to $7,137,257, and (iv) Subordinate Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated January 24, 2008, made by Mortgagor in favor of LBHI, to the Senior Loans, liens and security interests created by the Senior Loan Documents of Capital One. A copy of the Intercreditor Agreement is attached hereto as Exhibit E.

7. On or about April 1, 2009, Mortgagor defaulted under the Senior Loan Documents by, among other things, failing to make payments when due and owing thereunder.

8. On or about May 5, 2009, Capital One provided written notice to Mortgagor of its default under the Senior Loan Documents ("Mortgagor Default Notice"). A copy of the Mortgagor Default Notice is attached hereto as Exhibit G.

9. On the same day, Capital One provided LBHI with written notice of the Mortgagor's default under the Senior Loan Documents (the "Senior Loan Default Notice"), and further advised LBHI that it has the right, but not the obligation, to cure the Mortgagor's Default in accordance with, and subject to the terms of, Section 11(a) of the Intercreditor Agreement. A copy of the Senior Loan Default Notice is attached hereto as Exhibit H. LBHI did not exercise its right to cure the Mortgagor's default pursuant to Section 11(a) of the Intercreditor Agreement.

10. On or about June 10, 2009, Capital One provided written notice to Mortgagor of its election to accelerate Mortgagor's obligations under the Senior Loan Documents and declared the entire balance thereunder immediately due and payable ("Mortgagor Acceleration Notice"). A copy of the Mortgagor Acceleration Notice is attached hereto as Exhibit I.

11. On or about June 10, 2009, Capital One provided LBHI with written notice of its election to accelerate Mortgagor's obligations under the Senior Loan Documents and that all obligations of the Mortgagor thereunder were immediately due and payable (the "Senior Loan Acceleration Notice"). A copy of the Senior Loan Acceleration Notice is attached hereto as Exhibit J.

12. As of March 31, 2010, the total amount due and owing by Mortgagor to Capital One under the Senior Loan Documents is not less than $25,000,000 (which consists of the principal amount of $24,100,000 due and owing under the First Mortgage Note and the principal amount of $900,000 due and owing under the Project Loan Note), plus accrued and accruing interest, costs, expenses, attorneys' fees and other charges, all of which continue to accrue.

13. Attached hereto as Exhibit K is an appraisal report, dated as of October 30, 2009, stating that the appraised market value of the Premises is $17,000,000.

14. Capital One has the right to foreclose on the Senior Mortgage pursuant to the Senior Loan Documents and the Intercreditor Agreement. However, Capital One is prevented from exercising its

4

right to foreclose because of the automatic stay imposed by the Bankruptcy Code. The continuance of the automatic stay is causing Capital One to suffer substantial and irreparable harm. Therefore, I respectfully urge the Court to grant the Motion.

Dated: Fairfield, New Jersey
April 15, 2010

_____
Peter G. Mace