

Capital One, N.A.   631-577-5956
265 Broadhollow Road
PO Box 8913
Melville, NY 11747

May 5, 2009

**VIA FEDERAL EXPRESS**
New Central Avenue, LLC
c/o The Orlo Fund
614 Hempstead Garden Drive
West Hempstead, New York 11552
Attention: Aaron Orlofsky

Re:   (i) $24,100,000 First Mortgage Loan (the "First Mortgage Loan") made by Capital One, N.A., successor by merger to North Fork Bank ("Lender"), to New Central Avenue, LLC ("Borrower"); (ii) $43,100,000 Building Loan (the "Building Loan") made by Lender to Borrower and (iii) $9,200,000 Project Loan (the "Project Loan"; together with the First Mortgage Loan and the Building Loan, the "Loans") made by Lender to Borrower

### NOTICE OF DEFAULT

Dear Mr. Orlofsky:

Reference is made to the following documents in connection with the Loans:

1. First Mortgage Note dated July 12, 2007 made by Borrower in favor of Lender in the original principal amount of $24,100,000 (as amended, restated, supplemented or otherwise modified, the "First Mortgage Note").

2. First Mortgage dated July 12, 2007 made by Borrower in favor of Lender, as amended by that certain Modification Agreement (First Mortgage) dated January 24, 2008 (as amended, the "First Mortgage").

3. Building Loan Mortgage Note dated July 12, 2007 made by Borrower in favor of Lender in the original principal amount of $43,100,000 (as amended, restated, supplemented or otherwise modified, the "Building Loan Note").

4. Building Loan Mortgage, dated July 12, 2007, made by Borrower in favor of Lender, as amended by that certain Modification Agreement (Building Loan Mortgage) dated January 24, 2008 (as amended, the "Building Loan Mortgage").

5. Building Loan Agreement dated July 12, 2007 between Borrower and Lender, as amended by that certain Modification Agreement (Building Loan Agreement) dated January 24, 2008 (as amended, the "Building Loan Agreement").

6. Project Loan Mortgage Note dated July 12, 2007 made by Borrower in favor of Lender in the original principal amount of $24,100,000 (as amended, restated, supplemented or otherwise

modified, the "Project Loan Note"; together with the First Mortgage Note and the Building Loan Note, the "Notes").

7.   Project Loan Mortgage dated July 12, 2007 made by Borrower in favor of Lender, as amended by that certain Modification Agreement (Project Loan Mortgage) dated January 24, 2008 (as amended, the "Project Loan Mortgage"; together with the First Mortgage and the Building Loan Mortgage, the "Mortgages").

8.   Project Loan Agreement dated July 12, 2007 between Borrower and Lender, as amended by that certain Modification Agreement (Project Loan Agreement) dated January 24, 2008 (as amended, the "Project Loan Agreement").

The Notes, the Mortgages, the Building Loan Agreement, the Project Loan Agreement and any and all other documents, agreements, instruments, modifications, affirmations and certifications executed and delivered in connection with the Loans are hereinafter collectively referred to as the "Loan Documents". Capitalized terms used but not defined herein shall have the meanings given to such terms in the First Mortgage.

As of the date hereof, (a) an Event of Default has occurred under Section 18(a) of the First Mortgage by reason of the failure of the Borrower to pay interest when due under the First Mortgage Note on April 1, 2009 in the amount of $57,541.36 and on May 1, 2009 in the amount of $55,083.97 and (b) an Event of Default (as defined in the Project Loan Mortgage) has occurred under Section 18(a) of the Project Loan Mortgage by reason of the failure of the Borrower to pay interest when due under the Project Loan Note on April 1, 2009 in the amount of $2,148.85 and on May 1, 2009 in the amount of $2,057.08 ((a) and (b), collectively, the "Specified Event of Default"). The occurrence of an Event of Default under the First Mortgage and under the Project Loan Mortgage constitutes an Event of Default (as defined in the Building Loan Mortgage) under the Building Loan Mortgage.

Notwithstanding the occurrence and continuance of the Specified Event of Default, the Lender is not at this time demanding payment in full of the First Mortgage Loan and the Project Mortgage Loan or exercising rights and remedies with respect to the Borrower and/or the Premises.

All rights and remedies accorded the Lender under the Loan Documents and by applicable law are hereby expressly reserved and may be enforced or exercised at any time and from time to time. Any delay or forbearance by the Lender in the enforcement or pursuit of any rights and remedies accorded to it under the Loan Documents or by applicable law shall not constitute a waiver thereof, nor shall it be a bar to the exercise of such rights or remedies at a later date.

Any oral communications between the Lender and the Borrower or any guarantor shall not constitute, or be deemed to constitute, any waiver, modification or release of any breach, default or event of default, whether now existing or hereafter arising or of any of the Lender's rights or remedies under the Loan Documents and at law or an amendment or other modification of the Loan Documents.

      Partial payment of any amount due may, at the Lender's option, be accepted and applied on account of the due and unpaid balance. If so accepted, however, such partial payment shall be without waiver of or prejudice to any rights or remedies available to the Lender on account of unpaid amounts.

Very truly yours,

CAPITAL ONE, N.A.

By: _____
Name: Sean Winchester
Title: Vice President

**VIA FEDERAL EXPRESS**

cc:

David Neuberg
7 Manor Lane
Lawrence, New York 11559

Malkie Neuberg
7 Manor Lane
Lawrence, New York 1155

Mark Feuer
1 Beechwood Drive
Lawrence, New York 11559

Aaron Orlofsky
917 Hyde Road
Silver Spring, Maryland 20902

Lehman Brothers Holdings, Inc.
399 Park Avenue
New York, New York 10022
Attn: Carmine Visone

Paul, Hastings, Janofsky & Walker, LLP
75 E 55th Street
New York, New York 10002
Attn: Kenneth J. Friedman, Esq.

Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153
Attn: Lori Fife, Esq.

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, New York 10019
Attn: Bryan P. Marsal
     Chief Restructuring Officer

Alvarez & Marsal North America, LLC
North America, LLC
600 Lexington Avenue, 6th Floor
New York, New York 10022
Attn: Bryan P. Marsal
     Managing Director

Interwoven\1073474.1