**Hearing Date: April 20, 2010 at 10:00 a.m.**

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :    08-13555 (JMP)
                                                                 :
                        Debtors.                                 :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- X

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF THE DEBTORS' MOTION, PURSUANT
TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE,
FOR AUTHORIZATION TO PURCHASE AND SELL NOTES
ISSUED BY CERTAIN SPECIAL PURPOSE VEHICLES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors"), hereby files this statement (the "Statement") in support of the Debtors' motion, dated March 30, 2010 [Docket No. 7920] (the "Motion"), pursuant to sections 105(a) and 363 of the Bankruptcy Code for authorization to purchase and sell notes issued by certain special purpose vehicles (the "SPVs") that are party to transactions with certain of the Debtors.

**STATEMENT**

1. The Committee supports the relief requested in the Motion for the reasons enumerated by the Debtors – as an economically efficient alternative to litigation to preserve the Debtors' rights under the Transaction Agreements.[1] Specifically, (a) the current market price of certain Notes has been depressed due to the ongoing litigation or the risk thereof and is less than the value of the Collateral securing them; (b) purchasing the requisite amount of certain Notes may enable the Debtors to direct the applicable litigation; (c) acquisition of the Notes may, under certain circumstances, be an appropriate hedge against litigation risk; and (d) the purchase and redemption of a sufficient amount of Notes may enable the Debtors to direct the liquidation of the related Collateral, creating sufficient liquidity to satisfy amounts owed to the Debtors.

2. The Debtors have asserted that the administrative burden of seeking the Court's authorization for each SPV Note Transaction would render their strategy unwieldy and impractical and, accordingly, have requested the authority to enter into SPV Note Transactions without further Court approval, subject to the SPV Note Transaction Procedures (the "Procedures"). Pursuant to the Procedures, the Debtors may enter into an SPV Note Transaction, whether to purchase or sell Notes, only upon receiving consent of the Committee or approval of such SPV Note Transaction by the Court.

3. The Committee worked with the Debtors in developing the Procedures and believes that (a) the proposed thresholds and time periods provide for adequate review, while allowing for flexibility necessary for the Debtors to make effective purchases and sales of Notes in the market, and (b) the Debtors' proposed informational and reporting obligations provide sufficient transparency to allow for meaningful review. More specifically, the Procedures afford

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Committee's financial advisors (the "<u>Committee Advisors</u>") the right to participate in all meetings of the SPV Note Transactions Committee that will be established to review all SPV Note Transactions. The Debtors will also provide to the Committee Advisors an Information Package consisting of, <u>inter alia</u>, the Governing Documents, market data, and valuations relevant to each SPV Note Transaction in advance of its consideration by the SPV Note Transactions Committee.

          4.      Finally, the Committee is comfortable that the Motion is not a disguised attempt by the Debtors to acquire Notes to expand their inventory, nor is it reflective of an effort to embark on a new investment strategy or to alter the rights of Noteholders under the Governing Documents. Additionally, the Debtor for whose benefit an SPV Note Transaction is being effected will use only its own assets to fund its purchase of Notes. As to these points, the Committee will monitor the Debtors' purchases and sales of Notes through the oversight provided to it under the Procedures.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

For all the foregoing reasons, the Committee respectfully requests that the Court grant the relief requested in the Motion, and such other relief as is just.

Dated:  New York, New York
        April 16, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By:  /s/ Dennis F. Dunne
     Dennis F. Dunne
     Evan R. Fleck
     Dennis C. O'Donnell
     1 Chase Manhattan Plaza
     New York, New York 10005
     Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.