Sara Discepolo, Esq.
1050 Winter Street, Suite 1000
Waltham, MA 02451
Telephone: 617-549-4537
Facsimile: 978-478-4589

*Attorney for Simeon Moreno*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings, Inc., *et al.*,<br><br><br><br>Debtors | Chapter 11<br>Case No.: 08-13555 (JMP)<br><br>(Jointly Administered) |

**SIMEON MORENO'S REPLY TO
DEBTOR'S OBJECTION TO MOTIONS FILED BY SIMEON MORENO**

NOW comes Simeon Moreno (hereinafter the "Movant") and herewith files his Reply to the Debtor's Objection to Motions Filed by Simeon Moreno dated April 16, 2010 [ Doc. No. 8407] (hereinafter "Debtor's Objection").

**I.    There is no basis to impose the automatic stay as to any of the Movant's claims.**

The automatic stay does not apply at all. See 28 U.S.C. § 959. As a result, there is no basis to "limit" the automatic stay to any of the Movant's claims against LBHI. Furthermore, LBHI waived any immunity from suit as to any claims asserted in the Movant's Bankruptcy Case when it authorized its servicer to file a Proof of Claim in that action.

In the Debtor's Objection, Lehman Brothers Holdings, Inc. (hereinafter "LBHI" or "Debtor") claims to be "consenting" to "limited" relief to the automatic stay as to a determination of the rights of the parties concerning the Note and the Mortgage. The Movant has claims beyond the Note and Mortgage. He alleges that LBHI wrongfully failed to terminate the Mortgage when receiving a Notice of Rescission in December of 2009. He also alleges that it is engaged in racketeering activity with its subsidiary to use its subsidiary to foreclose when the subsidiary has no standing to do so. The purpose of this activity, which continues to this day, is to shield LBHI from claims related to such activity.

LBHI's claim to "consent" is irrelevant. The automatic stay does not apply in any way shape or form to the Movant's claims, including claims asserting LBHI is using its subsidiary to foreclose illegally. Moreover, LBHI admits it filed a Proof of Claim in the Movant's Massachusetts Bankruptcy Case post-petition[1] and did so as a debtor in possession preserving the ongoing operations of the estate. As a result of this admitted filing by LBHI in the Movant's own Bankruptcy Case, LBHI *waived* any claim to immunity from suit for *any* claims that may arise from this filing in the Movant's Bankruptcy Case. See, e.g., In re Citx Corp., 302 B.R. 144 (Bankr.E.D.Pa. 2003).

II.     **The Movant's claims are administrative expenses, because they concern post-petition conduct by LBHI and because they arise out of LBHI's frivolous litigation in the Movant's Massachusetts Bankruptcy Case.**

The Movant's claims in the First Amended Complaint are administrative expenses because they concern post-petition conduct for which the Debtor rather than the Movant should be responsible for pursuant to the Reading line of cases. See, e.g., In the Matter of Jack/Wade Drilling, Inc., 258 F.3d 385, 388 (5th Cir. 2001)(discussing Reading line of cases holding that damages incurred from wrongful conduct of Trustee were administrative expenses). In this case,

---

[1] "Post-petition" refers to the Debtor's bankruptcy petition, not the Movant's bankruptcy petition.

2

the Debtor's wrongful conduct post-petition is: (1) failing to terminate the Mortgage under federal and state Truth in Lending laws after receiving Notice of Rescission in December of 2009; (2) post-petition racketeering with its subsidiary by assisting in foreclosure actions by the subsidiary where such entity has no standing to do so for a mortgage that has been terminated under Truth in Lending laws; and (3) engaging in frivolous litigation in the Movant's Massachusetts Bankruptcy Case, by providing witnesses and evidence to its subsidiary in said action, related to same.

All attorneys' fees awarded to the Debtor in the Massachusetts Bankruptcy Case are administrative expenses as a result of the Debtor's frivolous litigation activity. See In the Matter of Al Copeland Enterprises, Inc., 991 F.2d 233, 239 (5th Cir. 1993)(citing cases holding attorneys' fees awarded to Trustee's opponent after frivolous litigation by Trustee as administrative expenses); In re E.A. Nord Co., Inc., 78 B.R. 289, 292 (Bankr.W.D. Wash. 1987)(holding attorneys' fees awarded to opponent of Trustee that pursued frivolous litigation was administrative expense).

Moreover, LBHI's post petition conduct is deliberate and intentional. LBHI is purposefully providing evidence and witnesses for use by its subsidiary in the Massachusetts litigation for the purpose of foreclosing on a mortgage that has been terminated by operation of law when the Movant exercised his right to rescind in December. It is also deliberately aiding its subsidiary in a joint venture to have the subsidiary foreclose when the subsidiary has no standing to do so. This post petition conduct violates state foreclosure laws, state and federal truth in lending laws and state unfair trade practices laws. It has also failed and refused to terminate the mortgage despite its obligation to do so after receiving Notice of Rescission in December of 2009.

In light of the above, it is indisputable that the actions of LBHI post-petition are the basis of the Movant's claims in the Massachusetts litigation. As a result, they must be accorded administrative expense priority status.

### III. All claims based upon pre petition conduct should be permitted pursuant to the Movant's Proof of Claim, which should be deemed timely filed.

To the extent the Court finds any of the Movant's claims based upon pre petition activity, those claims should be permitted in any distribution to claimants as an unsecured claim pursuant to the Movant's January Proof of Claim. Said filing was made beyond the bar deadline due to the failure of LBHI to file a Proof of Claim in the Movant's Bankruptcy Case. The Proof of Claim actually filed was by a servicer of LBHI in which the servicer names itself as the creditor. It was not filed by LBHI as creditor. Furthermore, it was not LBHI but rather its subsidiary that has attempted to foreclose on the mortgage further confusing the Movant and leading him to believe that the subsidiary was the creditor. In fact, the subsidiary's own Motion for Relief From Stay filed in March 31, 2009 states that the subsidiary is the *creditor* and does not mention LBHI at all. That Motion was not filed on behalf of LBHI nor was LBHI joined as a party by that subsidiary. On December 7, 2009, for the first time, this subsidiary stated in open court that LBHI was the creditor. The Movant then acted diligently to file his Proof of Claim within 30 days afterwards. Finally, LBHI has failed to allege any prejudice from permitting this late filing to be deemed timely.

For these reason, to the extent found, all of the Movant's pre petition claims against LBHI should be permitted under the Movant's Proof of Claim.

### IV. Conclusion

For all the foregoing reasons, the automatic stay does not apply, the Movant's post petition claims are administrative expenses, and any claims that are found to be purely based upon pre petition conduct by LBHI should be permitted pursuant to the Movant's previously filed proof of claim.

                        SIMEON MORENO

By:   */s/ Sara Discepolo*
Sara Discepolo, Esq.
1050 Winter Street
Suite 1000
Waltham, MA 02451
Tel. 617-549-4537
Fax 978-478-4589
Sara_Discepolo@verizon.net
His Attorney

Dated: April 19, 2010
       Waltham, Massachusetts