Presentment Date and Time: April 27, 2010 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: April 26, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                             :    **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,          :    **08-13555 (JMP)**
                                                      :
                         Debtors.                     :    **(Jointly Administered)**
                                                      :
                                                      :
------------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC., SKANDINAVISKA ENSKILDA BANKEN AB (PUBL) AND JPMORGAN CHASE BANK, N.A. REGARDING (1) TURNOVER OF POST-PETITION DEPOSITS AND (2) RETURN OF MISDIRECTED WIRES

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order (the "Stipulation and Order") between Lehman Brothers Holdings Inc. ("LBHI"), Skandinaviska Enskilda Banken AB (publ) ("SEB") and JPMorgan Chase Bank, N.A. ("JPM") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **April 27, 2010 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **April 26, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on **May 12, 2010 at 10:00 a.m.** (**Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

US_ACTIVE:\43369397\01\58399.0003

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 19, 2010
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :   Case No. 08-13555 (JMP)
                                              :
              Debtors.                        :   (Jointly Administered)
                                              :
------------------------------------------------------------x
```

**STIPULATION, AGREEMENT AND ORDER BETWEEN LEHMAN BROTHERS
HOLDINGS INC., SKANDINAVISKA ENSKILDA BANKEN AB (PUBL)
AND JPMORGAN CHASE BANK, N.A. REGARDING (1) TURNOVER
OF POST-PETITION DEPOSITS AND (2) RETURN OF MISDIRECTED WIRES**

This stipulation, agreement and order (the "Stipulation, Agreement and Order") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI"), Skandinaviska Enskilda Banken AB (publ) ("SEB") and JPMorgan Chase Bank, N.A. ("JPM") by and through their respective counsel. LBHI, SEB and JPM are each referred to herein as a "Party," and together, the "Parties" in this Stipulation, Agreement and Order.

### RECITALS

A. On September 15, 2008 (the "Commencement Date"), LBHI commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. LBHI is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The General Deposit Account

B. Prior to the Commencement Date, LBHI established and maintained a general deposit account with SEB, located in Denmark. The account is identified as No. 5295-0017001256 (the "Account") and is denominated in Danish Krone ("DKK").

1

C. Shortly after the Commencement Date, SEB placed an administrative freeze on the Account preventing LBHI from withdrawing any funds in the Account, but still allowing monies to be deposited and/or wired into the Account.

D. The pre-petition balance in the Account on September 15, 2008 was DKK 12,884,430.50 (the "Pre-Petition Funds"). From the Commencement Date through November 18, 2009, various deposits and/or wire transfers totaling DKK 9,148,250.16 (the "Post-Petition Funds") have been deposited into the Account.

The Motion

E. Subsequent to the Commencement Date, SEB has cooperated with professionals of LBHI and its affiliate debtors with respect to the Account, reconciling claims between SEB, LBHI and/or LBHI's affiliate debtors, and contending that SEB preserves any rights of setoff it may have with respect to the Pre-Petition Funds. SEB represents that, since the Commencement Date, it has not effectuated, taken any steps to effectuate, nor threatened to effectuate, any right of setoff it may have against the Pre-Petition Funds.

F. On January 22, 2010 [Docket No. 6737], LBHI filed the *Debtors' Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code for an Order Enforcing the Automatic Stay Against and Compelling Payment of Post-Petition Funds by Skandinaviska Enskilda Banken AB* (the "Motion"). By the Motion, LBHI sought the entry of an Order (i) enforcing the automatic stay and directing SEB to release the administrative freeze placed on all funds deposited and/or wired into the Account after the Commencement Date; and (ii) compelling SEB to pay LBHI all amounts deposited and/or wired into the SEB Account after the Commencement Date.

The Misdirected Wires

G. Subsequent to the Commencement Date, on February 12, 2009 (DKK 5,000,000)

and February 13, 2009 (DKK 3,000,000), JPM wired two payments (the "Transfers") into the Account totaling DKK 8,000,000.00 (the "Misdirected Funds"). JPM informed LBHI that the Transfers were made in error and requested that LBHI return the Misdirected Funds.

H. JPM has provided LBHI the following information concerning the Transfers, as to which JPM warrants and represents to LBHI: (i) JPM is the equitable and beneficial holder of the Misdirected Funds; (ii) JPM is not aware of any claim to the Misdirected Funds asserted by another person or entity; and (iii) that the information provided by JPM to LBHI is true and accurate. In reliance upon the foregoing and having conducted its own review and investigation, LBHI has decided to return the Misdirected Funds to JPM.

**SETTLEMENT**

I. Given the uncertainty, burden and expense of litigation, the Parties commenced negotiations with regard to a potential resolution of the Motion and the return of the Misdirected Funds. Those negotiations have resulted in a compromise and settlement among the Parties, the terms of which are set forth below.

J. In settlement of the Motion, SEB has agreed to remove the administrative freeze on the account with respect to the Post-Petition Funds and to turnover the Post-Petition Funds at LBHI's direction as follows: (i) DKK 8,000,000.00 will be transferred to JPM and (ii) the balance of the Post-Petition Funds, including DKK 1,148,250.16 plus any additional post-petition deposits or wire transfers into the Account and all accrued interest, including, without limitation, interest earned on the Misdirected Funds, will be transferred to LBHI. SEB also will not take any action to restrict or prevent LBHI from withdrawing any future post-petition deposits, credits or accrued interest in the Account subject to any rights of setoff SEB may have against such future post-petition funds for post-petition claims against LBHI, which setoff rights, if any, may not be exercised absent a modification of the automatic stay provided for in section

362(a) of the Bankruptcy Code (the "Automatic Stay").

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The recitals set forth above are incorporated as if fully set forth herein.

2. Within five (5) business days of the Bankruptcy Court's approval of this Stipulation, Agreement and Order, SEB shall transfer:

(a) to JPM DKK 8,000,000.00 in satisfaction of any and all claims JPM may have against LBHI with respect to the Transfers and the Misdirected Funds in accordance with the following wire instructions:

> Pay:  Nordea Bank, Copenhagen
> Swift NDEADKKK
> IBAN DK2920005000004355
>
> For:  JPM New York
> Swift CHASUS33
> Reference – Return of funds LBHI.  TLM refs 39578566 & 39578564

(b) to LBHI the current post-petition balance in the Account, including DKK 1,148,250.16, plus any additional post-petition deposits or wire transfers into the Account and all accrued interest, including, without limitation, interest on the Misdirected Funds, by wire transfer (collectively, the "Balance") in accordance with the following wire instructions:

> Pay:  Danske Bank, Copenhagen
> Swift DABADKKK
>
> For:  US Bank, Minneapolis, MN
> Swift USBKUS44FEX
> a/c 39963007504713
> Attn STL FX
> For further credit to:  Lehman Brothers Holdings Inc a/c 152308786572
> Reference:  Release of post-petition receipts from SEB 5295-0017001256.

3. SEB further agrees that it will not take any action to restrict or prevent LBHI from withdrawing any future post-petition deposits, credits or accrued interest in the Account subject

to any rights of setoff SEB may have against such future post-petition funds for post-petition claims against LBHI, which rights, if any, may not be exercised absent modification of the Automatic Stay.

4. In consideration for the return of the Misdirected Funds, the receipt and adequacy of which is hereby acknowledged, upon SEB's wiring of the Misdirected Funds in accordance with the wire instructions stated above, JPM, together with its agents, employees, principals, professionals, successors and assigns shall be deemed to have waived, released, and discharged any and all claims it may have against LBHI, its estate, agents, employees, principals, professionals, successors or assigns solely with respect to the Transfers and the Misdirected Funds, including, without limitation, any claim for interest, costs or expenses.

5. In consideration for the return of the Post-Petition Funds and all accrued interest, including, without limitation, interest earned on the Misdirected Funds pursuant to paragraph 2 of this Stipulation, Agreement and Order, upon SEB's wiring of the Post-Petition Funds in accordance with the wire instructions stated above and provided that SEB has fully complied with its obligations under paragraph 2 hereof, JPM and LBHI, together with their respective agents, employees, principals, professionals, successors and assigns shall be deemed to have waived, released, and discharged any and all claims it may have against SEB, its properties or assets, agents, employees, principals, professionals, successors or assigns solely with respect to the Post-Petition Funds including, without limitation, any claim for interest, costs or expenses.

6. Upon LBHI's receipt of the Balance, LBHI shall withdraw the Motion on the Bankruptcy Court's docket.

7. SEB's purported rights of setoff with respect to the Pre-Petition Funds ("Purported Setoff Rights") and LBHI's rights to contest, dispute, object to or otherwise

US_ACTIVE:\43345569\02\58399.0003            5

challenge such Purported Setoff Rights in whole or in part are fully preserved. Nothing in this Stipulation, Agreement and Order shall give any greater or lesser Purported Setoff Rights to SEB (and LBHI shall have no greater or lesser rights to contest, dispute, object to or otherwise challenge such Purported Setoff Rights).

8. LBHI's asserted rights to contest, dispute, object or otherwise challenge the propriety of any debits or withdrawals made to the Account after the Commencement Date are fully preserved.

9. Except as expressly set forth herein, each Party's rights and defenses with respect to any claims each might have against the other are fully preserved.

10. Each person who executes this Stipulation, Agreement and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

11. This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12. This Stipulation, Agreement and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

13. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

14. This Stipulation, Agreement and Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

15. The terms of this Stipulation, Agreement and Order are subject to approval of the Bankruptcy Court and shall be of no force and effect unless and until it is approved.

16. This Stipulation, Agreement and Order shall be effective immediately upon its entry by the Bankruptcy Court.

17. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: New York, New York
April 19, 2010

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors and
Debtors in Possession

Dated: New York, New York
April 19, 2010

/s/ Alex. R. Rovira
Alex. R. Rovira
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
Attorneys for Skandinaviska Enskilda
Banken AB (publ)

Dated: New York, New York
April 15, 2010

/s/ Kevin C. Kelley
Kevin C. Kelley
Managing Director and Associate General Counsel
JPMorgan Chase Bank, N.A.
245 Park Avenue
New York, New York 10167
(212) 648-0427
Attorney for JPMorgan Chase Bank, N.A.

SO ORDERED this ___ day of April, 2010

_____
UNITED STATES BANKRUPTCY JUDGE