**Presentment Date and Time: April 28, 2010 at 12:00 noon (Prevailing Eastern Time)**
**Objection Deadline: April 28, 2010 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER BETWEEN LB ROSE RANCH LLC AND GARFIELD COUNTY TREASURER PROVIDING FOR PAYMENT OF 2009 PROPERTY TAXES

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") between LB Rose Ranch LLC (together with its affiliated debtors in the above referenced chapter 11 case, the "Debtors") and the Treasurer for Garfield County, Colorado, to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **April 28, 2010 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **April 28, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement, and Order on **May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 20, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time: April 28, 2010 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: April 28, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER**
**BETWEEN LB ROSE RANCH LLC AND GARFIELD COUNTY**
**TREASURER PROVIDING FOR PAYMENT OF 2009 PROPERTY TAXES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by and between LB Rose Ranch LLC ("Rose Ranch"), as debtor and debtor in possession, and the Treasurer for Garfield County, Colorado (the "Treasurer").

**RECITALS**

A. On February 9, 2009 (the "Commencement Date"), Rose Ranch commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. On June 15, 2009, Rose Ranch filed its Amended Schedules of Assets and Liabilities [Docket No. 3937] (the "Schedules"). Rose Ranch listed the Treasurer on schedule D of the Schedules as having an unliquidated secured claim for property taxes.

C. On September 18, 2009, the Treasurer filed a proof of claim (the "Claim") asserting a secured claim for $307,102.70 for 2008 property taxes and an

unliquidated claim for 2009 property taxes. The Claim was assigned claim number 560001310 by Rose Ranch's Court-approved claims and noticing agent. Rose Ranch's liability for the 2008 property taxes arose on January 1, 2009, prior to the Commencement Date.

D. Pursuant to rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure, the Claim superseded the scheduling of amounts due to the Treasurer contained in the Schedules.

E. On October 16, 2009, the Court entered a stipulation between Rose Ranch and the Treasurer which authorized Rose Ranch to pay the Treasurer the 2008 portion of the Claim [Docket No. 5549].

F. On or about May 6, 2009, the Garfield County, Colorado assessor (the "Assessor") sent Rose Ranch a notice of valuation of real property, which set forth the Assessor's assessment of the value of Rose Ranch's real property as of January 1, 2009. Rose Ranch did not challenge the assessment and, on or before August 25, 2009, the Assessor certified the assessment. The amounts due for 2009 real property taxes are based on that assessment.

G. On or about June 19, 2009, the Assessor sent Rose Ranch a notice of valuation of personal property which set forth the Assessor's assessment of the value of Rose Ranch's personal property as of January 1, 2009. Rose Ranch did not challenge the assessment and, on or before August 25, 2009, the Assessor certified the assessment. The amounts due for 2009 personal property taxes are based on that assessment.

H. The Treasurer represents that she is a secured creditor of Rose Ranch by virtue of a statutory lien for 2009 *ad valorem* property taxes pursuant to COLO.

REV. STAT. ANN. § 39-1-107(2), which grants the Treasurer a first priority lien on all of the real property (the "Real Property") and all of the personal property (the "Personal Property") owned by Rose Ranch and located in Garfield County, Colorado.

I. On or about January 28, 2010, the Treasurer sent a bill for $280,461.28 for 2009 real property taxes (the "Real Property Taxes") and a bill for $11,724.08 for 2009 personal property taxes (the "Personal Property Taxes" and together with the Real Property Taxes the "Taxes"). If the Taxes are paid in full by April 30, 2010, no interest will be due thereon. If the Taxes are paid after April 30, 2010, interest will accrue at a rate of 1% per month, which shall accrue from May 1, 2010 until the date of payment. Interest, as described herein, shall be included in the defined term Taxes.

J. Rose Ranch believes that the value of the Real Property and the Personal Property exceeds the Real Property Taxes and the Personal Property Taxes, respectively, by a considerable margin. As a result, the Treasurer may be entitled to "interest on such claim, and any reasonable fees, costs, or charges provided for under . . . State statute under which such claim arose." 11 U.S.C. § 506(b).

K. In light of the foregoing, and to allow Rose Ranch to avoid the accumulation of interest with respect to the Taxes, Rose Ranch and the Treasurer (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to the terms set forth below.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and between Rose Ranch and the Treasurer, through their undersigned attorneys, that:

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Rose Ranch shall be authorized to, and within ten (10) business days after the Effective Date Rose Ranch shall, transfer an amount equal to the Taxes by one or more wire transfers (the "Wire") to the Treasurer.

3. In consideration for such payment, the adequacy of which is hereby acknowledged, and upon the Treasurer's receipt of the Wire, the Treasurer, together with her agents, employees, principals, professionals, successors and assigns, shall be deemed to have waived and released any and all claims against Rose Ranch and the other Debtors and their estates, successors and assigns in connection with or related to the Taxes and / or the Claim including, without limitation, any claim for interest.

4. Upon the Treasurer's receipt of the Wire, the Claim shall be deemed satisfied and resolved and the Treasurer shall have no rights or claims to any further distributions from the Debtors' estates relating thereto. Within five (5) business days of the Treasurer's receipt of the Wire, the Treasurer shall execute and deliver a notice of withdrawal of claim substantially in form attached hereto as Exhibit A. Nothing in the Schedules, the Claim, or this Stipulation, Agreement, and Order relate to or affect any obligation Rose Ranch may have for taxes for the 2010 tax year, due and payable as of January 1, 2011 or for taxes due for subsequent years in accordance with applicable law.

5. Except as expressly provided above, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from Rose Ranch's estate and/or assets or property of Rose Ranch (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

6. This Stipulation, Agreement, and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

7. Each person who executes this Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

8. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

9.  This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreements and Order.

Dated: April 19, 2010
       Glenwood Springs, Colorado

/s/ Deborah Quinn
Deborah Quinn

Assistant Garfield County Attorney
108 8th Street, Suite 219
Glenwood Springs, CO 81601
Telephone: (970) 945-9150
Facsimile: (970) 384-5005

Attorney for Garfield County (Colorado) Treasurer

Dated: April 20, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this
___ day of April, 2010 in New York

_____
United States Bankruptcy Judge

**Exhibit A**
**(Notice of Withdrawal of Claim)**

US_ACTIVE:\43325753\03\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------x

## WITHDRAWAL OF CLAIM

| | |
|---|---|
| Debtor Name and Case Number: | |
| Creditor Name and Address: | |
| Claim Number (if known): | |
| Date Claim Filed: | |
| Total Amount of Claim Filed: | |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Debtors' claims and noticing agent to file and reflect this withdrawal on the official claims register for the above-referenced Debtor.

| Signature: | Title: |
|---|---|
| Printed Name: | Dated: |

# DEFINITIONS

*Debtor*
The person, corporation or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

*Proof of Claim*
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

*Name of Debtor and Case Number:*
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.  A list of the Debtors and their cases numbers is provided below.

| | | | | | |
|---|---|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC | 08-13904 | Lehman Scottish Finance L.P. |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC | 08-13664 | PAMI Statler Arms LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC | 08-13902 | Lehman Brothers Financial Products Inc. |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-17331 | Merit, LLC |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC | 09-17503 | LB Somerset LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation | 09-17505 | LB Preferred Somerset LLC |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC | | |

*Information about Creditor:*
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

*Information identifying the Claim that is to be withdrawn:*
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

**Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).**

**THIS FORM MUST BE SENT TO EPIQ BANKRUPTCY SOLUTIONS LLC, THE DEBTORS' AUTHORIZED CLAIMS AND NOTICING AGENT AT:**

**Epiq Bankruptcy Solutions, LLC**
**Attn: Lehman Brothers Holdings**
**757 Third Avenue, 3rd Floor**
**New York, New York 10017**