## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:   Lehman Brothers Holdings Inc.

Case No. <u>08-13555 (JMP)</u>
Court ID (Court Use Only) _____

### NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY
### PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a).  Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| | |
|---|---|
| Name of Transferee: <br><br> Crescent 1, L.P. | Name of Transferor: <br><br> Citigroup Financial Products Inc. |
| Notices to Transferee should be sent to: <br><br> Crescent 1, L.P. <br> c/o Cyrus Capital Partners, L.P. <br> 399 Park Avenue, 39th Floor <br> New York, New York 10022 <br> Attn:  Svetoslav Nikov <br> Phone:  212-380-5822 <br> Email:  snikov@cyruscapital.com | Court Record Address of the Transferor: <br> (Court use only) |
| Last Four Digits of Acct.#: <br> Name and Address where transferee payments should be sent (if different from above): | Last Four Digits of Acct.#: <br> Name and Current Address of Transferor <br><br> Citigroup Financial Products Inc. <br> 390 Greenwich Street, 4th Floor <br> New York, New York 10013 <br> Attn:  Rohit Bansal <br> Phone:  212-723-6064 <br> Email:  rohit.bansal@citi.com |
| Claim Amount: <br> $31,861,714.40, or 19.33% of $164,818,140, the total amount of the claim number referenced below | *This is a partial transfer of claim.  See Schedule 1 to attached Agreement and Evidence of Partial Transfer of Claim for specific securities underlying claim that has been transferred.* |
| Court Claim No. (if known): <br> 55408 | |
| Date Claim Filed: <br> October 29, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:   _(signature)_   Date:  April 15, 2010

Transferee / Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 &3571.*

As set forth in the paragraph 3 of the attached Agreement and Evidence of Partial Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to notice of hearing under Bankruptcy Rule 3001(e).

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Financial Products Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Crescent 1, L.P.** (the "Purchaser"). and Purchaser hereby agrees to purchase. as of the date hereof. (a) an undivided interest, to the extent of the principal amount of **$31,861,714.40** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55408** filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise. (ii) any actions, claims (including. without limitation. "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b). and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims. free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code. applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims. and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein.

A/73327706.3

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.     Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.     Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.     Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**

**CRESCENT 1, L.P.**
By: Cyrus Capital Advisors, LLC as General Partner

By:_____
Name: Rohit Bansal
Title: Managing Director

By:_____
Name: David Milich
Title: Authorized Signatory

390 Greenwich Street
New York, NY 10013

399 Park Avenue, 39th Floor
New York, NY 10022

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**

By:_____
Name: Rohit Bansal
Title: Managing Director

390 Greenwich Street
New York, NY 10013

**CRESCENT 1, L.P.**
By: Cyrus Capital Advisors, LLC as General Partner

By:_____
Name: David Milich
Title: Authorized Signatory

399 Park Avenue, 39th Floor
New York, NY 10022

Schedule 1

Transferred Claims

Crescent 1. L.P.

Purchased Claim

19.33% OR $31,861,714.40 of $164,818,140 (the outstanding amount of the Proof of Claim as of October 29, 2009)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2010 EUR Notes | XS0331878404 | Lehman Brothers Treasury Co. BV ("LBT") | Lehman Brothers Holdings Inc. ("LBHI") | 3,885,000 | 5,517,088.50 |
| 2010 EUR Notes | XS0335226659 | LBT | LBHI | 6,563,000 | 9,320,116.30 |
| 2010 EUR Notes | XS0340417251 | LBT | LBHI | 4,012,000 | 5,697,441.20 |
| 2013 EUR Notes | XS0341704954 | LBT | LBHI | 69,000 | 97,986.90 |
| 2010 EUR Notes | XS0195333447 | LBT | LBHI | 31,000 | 44,023.10 |
| 2010 USD Notes | XS0195333520 | LBT | LBHI | 15,000 | 15,000 |
| 2010 EUR Notes | XS0195333793 | LBT | LBHI | 199,000 | 282,599.90 |
| 2010 USD Notes | XS0195333876 | LBT | LBHI | 35,000 | 35,000 |
| 2010 USD Notes | XS0192518024 | LBT | LBHI | 34,000 | 34,000 |
| 2010 USD Notes | XS0192518370 | LBT | LBHI | 47,000 | 47,000 |
| 2010 EUR Notes | XS0358366325 | LBT | LBHI | 2,209,000 | 3,137,000.90 |

Schedule 1–1

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2014 EUR Notes | XS0358366168 | LBT | LBHI | 394,000 | 559,519.40 |
| 2015 EUR Notes | XS0295736622 | LBT | LBHI | 515,000 | 731,351.50 |
| 2013 EUR Notes | XS0362676826 | LBT | LBHI | 1,016,000 | 1,442,821.60 |
| 2009 EUR Notes | XS0278450027 | LBT | LBHI | 1,301,000 | 1,847,550.10 |
| 2009 EUR Notes | XS0266544831 | LBT | LBHI | 249,000 | 353,604.90 |
| 2012 EUR Notes | XS0314034728 | LBT | LBHI | 737,000 | 1,046,613.70 |
| 2009 EUR Notes | XS0285986534 | LBT | LBHI | 117,000 | 166,151.70 |
| 2012 EUR Notes | XS0343090196 | LBT | LBHI | 59,000 | 83,785.90 |
| 2012 EUR Notes | XS0321299868 | LBT | LBHI | 320,000 | 454,432 |
| 2011 EUR Notes | XS0271720673 | LBT | LBHI | 134,000 | 190,293.40 |
| 2014 EUR Notes | XS0266165736 | LBT | LBHI | 534,000 | 758,333.40 |
| **Grand Total** | | | | | **31,861,714.40** |

Schedule 1–2

A/73327706.3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:   Lehman Brothers Holdings Inc.          Case No. <u>08-13555 (JMP)</u>
                                                Court ID (Court Use Only) _____

**NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY**
**PURSUANT TO BANKRUPTCY RULE 3001(E)(2)**

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a).  Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| | |
|---|---|
| Name of Transferee:<br><br>CRS Fund Ltd. | Name of Transferor:<br><br>Citigroup Financial Products Inc. |
| Notices to Transferee should be sent to:<br><br>CRS Fund Ltd.<br>c/o Cyrus Capital Partners, L.P.<br>399 Park Avenue, 39th Floor<br>New York, New York 10022<br>Attn:  Svetoslav Nikov<br>Phone:  212-380-5822<br>Email:  snikov@cyruscapital.com | Court Record Address of the Transferor:<br>(Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor:<br><br>Citigroup Financial Products Inc.<br>390 Greenwich Street, 4th Floor<br>New York, New York 10013<br>Attn:  Rohit Bansal<br>Phone:  212-723-6064<br>Email:  rohit.bansal@citi.com |
| Claim Amount:<br>$33,450,705.80, or 20.3% of $164,818,140, the total amount of the claim number referenced below | *This is a partial transfer of claim.  See Schedule 1 to attached Agreement and Evidence of Partial Transfer of Claim for specific securities underlying claim that has been transferred.* |
| Court Claim No. (if known):<br>55408 | |
| Date Claim Filed:<br>October 29, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  _____          Date:  April 15, 2010
     Transferee / Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 & 3571.*

As set forth in the paragraph 3 of the attached Agreement and Evidence of Partial Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to notice of hearing under Bankruptcy Rule 3001(e).

A/73352028.1

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Financial Products Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CRS Fund Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount of **$33,450,705.80** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55408** filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein.

A/73327725.2

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**

**CRS FUND LTD.**
By: Cyrus Capital Partners, L.P. as Investment Manager
By: Cyrus Capital Partners GP, LLC as General Partner

By:_____
Name: Rohit Bansal
Title: Managing Director

By: _____
Name: David Milich
Title: Authorized Signatory

390 Greenwich Street
New York, NY 10013

399 Park Avenue, 39th Floor
New York, NY 10022

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**

By: _____
Name: Rohit Bansal
Title: Managing Director

390 Greenwich Street
New York, NY 10013

**CRS FUND LTD.**
By: Cyrus Capital Partners, L.P. as Investment Manager
By: Cyrus Capital Partners GP, LLC as General Partner

By: _____
Name: David Milich
Title: Authorized Signatory

399 Park Avenue, 39th Floor
New York, NY 10022

A/73327725.2

Schedule 1

Transferred Claims

CRS Fund Ltd.

Purchased Claim

20.3% OR $33,450,705.80 of $164,818,140 (the outstanding amount of the Proof of Claim as of October 29, 2009)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2010 EUR Notes | XS0331878404 | Lehman Brothers Treasury Co. BV ("LBT") | Lehman Brothers Holdings Inc. ("LBHI") | 4,079,000 | 5,792,587.90 |
| 2010 EUR Notes | XS0335226659 | LBT | LBHI | 6,891,000 | 9,785,909.10 |
| 2010 EUR Notes | XS0340417251 | LBT | LBHI | 4,212,000 | 5,981,461.20 |
| 2013 EUR Notes | XS0341704954 | LBT | LBHI | 73,000 | 103,667.30 |
| 2010 EUR Notes | XS0195333447 | LBT | LBHI | 33,000 | 46,863.30 |
| 2010 USD Notes | XS0195333520 | LBT | LBHI | 16,000 | 16,000 |
| 2010 EUR Notes | XS0195333793 | LBT | LBHI | 209,000 | 296,800.90 |
| 2010 USD Notes | XS0195333876 | LBT | LBHI | 37,000 | 37,000 |
| 2010 USD Notes | XS0192518024 | LBT | LBHI | 36,000 | 36,000 |
| 2010 USD Notes | XS0192518370 | LBT | LBHI | 49,000 | 49,000 |
| 2010 EUR Notes | XS0358366325 | LBT | LBHI | 2,320,000 | 3,294,632 |

Schedule 1-1

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2014 EUR Notes | XS0358366168 | LBT | LBHI | 413,000 | 586,501.30 |
| 2015 EUR Notes | XS0295736622 | LBT | LBHI | 540,000 | 766,854 |
| 2013 EUR Notes | XS0362676826 | LBT | LBHI | 1,066,000 | 1,513,826.60 |
| 2009 EUR Notes | XS0278450027 | LBT | LBHI | 1,366,000 | 1,939,856.60 |
| 2009 EUR Notes | XS0266544831 | LBT | LBHI | 261,000 | 370,646.10 |
| 2012 EUR Notes | XS0314034728 | LBT | LBHI | 774,000 | 1,099,157.40 |
| 2009 EUR Notes | XS0285986534 | LBT | LBHI | 123,000 | 174,672.30 |
| 2012 EUR Notes | XS0343090196 | LBT | LBHI | 62,000 | 88,046.20 |
| 2012 EUR Notes | XS0321299868 | LBT | LBHI | 336,000 | 477,153.60 |
| 2011 EUR Notes | XS0271720673 | LBT | LBHI | 140,000 | 198,814 |
| 2014 EUR Notes | XS0266165736 | LBT | LBHI | 560,000 | 795,256 |
| **Grand Total** | | | | | 33,450,705.80 |

Schedule 1–2

A-73327725.2

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:    Lehman Brothers Holdings Inc.        Case No. <u>08-13555 (JMP)</u>

Court ID (Court Use Only) _____

### NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a). Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| <u>Name of Transferee</u>:<br><br>Cyrus Opportunities Master Fund II, Ltd. | <u>Name of Transferor</u>:<br><br>Citigroup Financial Products Inc. |
|---|---|
| Notices to Transferee should be sent to:<br><br>Cyrus Opportunities Master Fund II, Ltd.<br>c/o Cyrus Capital Partners, L.P.<br>399 Park Avenue, 39th Floor<br>New York, New York 10022<br>Attn: Svetoslav Nikov<br>Phone: 212-380-5822<br>Email: snikov@cyruscapital.com | Court Record Address of the Transferor:<br>(Court use only) |
| <u>Last Four Digits of Acct.#</u>:<br>Name and Address where transferee payments should be sent (if different from above): | <u>Last Four Digits of Acct.#</u>:<br>Name and Current Address of Transferor<br><br>Citigroup Financial Products Inc.<br>390 Greenwich Street, 4th Floor<br>New York, New York 10013<br>Attn: Rohit Bansal<br>Phone: 212-723-6064<br>Email: rohit.bansal@citi.com |
| <u>Claim Amount</u>:<br>$76,469,602.20, or 46.4% of $164,818,140, the total amount of the claim number referenced below | *This is a partial transfer of claim. See Schedule 1 to attached Agreement and Evidence of Partial Transfer of Claim for specific securities underlying claim that has been transferred.* |
| <u>Court Claim No. (if known)</u>:<br>55408 | |
| <u>Date Claim Filed</u>:<br>October 29, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____      Date: April 15, 2010
     Transferee / Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 &3571.*

As set forth in the paragraph 3 of the attached Agreement and Evidence of Partial Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to notice of hearing under Bankruptcy Rule 3001(e).

A/73352007.1

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Financial Products Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Cyrus Opportunities Master Fund II, Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount of $76,469,602.20 specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55408 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery

A/73327734.2

and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**

**CYRUS OPPORTUNITIES MASTER FUND II, LTD.**
By: Cyrus Capital Partners, L.P. as Investment Manager
By: Cyrus Capital Partners GP, LLC as General Partner

By:_____
Name: Rohit Bansal
Title: Managing Director

By:_____
Name: David Milich
Title: Authorized Signatory

390 Greenwich Street
New York, NY 10013

399 Park Avenue, 39th Floor
New York, NY 10022

A/73327734.2

and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**

**CYRUS OPPORTUNITIES MASTER FUND II, LTD.**
By: Cyrus Capital Partners, L.P. as Investment Manager
By: Cyrus Capital Partners GP, LLC as General Partner

By:_____
Name: Rohit Bansal
Title: Managing Director

By:_____
Name: David Milich
Title: Authorized Signatory

390 Greenwich Street
New York, NY 10013

399 Park Avenue, 39th Floor
New York, NY 10022

A/73327734.2

Schedule 1

## Transferred Claims

Cyrus Opportunities Master Fund II. Ltd.

Purchased Claim

46.4% OR $76,469,602.20 of $164,818,140 (the outstanding amount of the Proof of Claim as of October 29, 2009)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2010 EUR Notes | XS0331878404 | Lehman Brothers Treasury Co. BV ("LBT") | Lehman Brothers Holdings Inc. ("LBHI") | 9,325,000 | 13,242,432.50 |
| 2010 EUR Notes | XS0335226659 | LBT | LBHI | 15,750,000 | 22,366,575 |
| 2010 EUR Notes | XS0340417251 | LBT | LBHI | 9,628,000 | 13,672,722.80 |
| 2013 EUR Notes | XS0341704954 | LBT | LBHI | 166,000 | 235,736.60 |
| 2010 EUR Notes | XS0195333447 | LBT | LBHI | 74,000 | 105,087.40 |
| 2010 USD Notes | XS0195333520 | LBT | LBHI | 36,000 | 36,000 |
| 2010 EUR Notes | XS0195333793 | LBT | LBHI | 479,000 | 680,227.90 |
| 2010 USD Notes | XS0195333876 | LBT | LBHI | 86,000 | 86,000 |
| 2010 USD Notes | XS0192518024 | LBT | LBHI | 84,000 | 84,000 |
| 2010 USD Notes | XS0192518370 | LBT | LBHI | 115,000 | 115,000 |
| 2010 EUR Notes | XS0358366325 | LBT | LBHI | 5,302,000 | 7,529,370.20 |

Schedule 1–1

A733327734.2

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2014 EUR Notes | XS0358366168 | LBT | LBHI | 945,000 | 1,341,994.50 |
| 2015 EUR Notes | XS0295736622 | LBT | LBHI | 1,236,000 | 1,755,243.60 |
| 2013 EUR Notes | XS0362676826 | LBT | LBHI | 2,437,000 | 3,460,783.70 |
| 2009 EUR Notes | XS0278450027 | LBT | LBHI | 3,122,000 | 4,433,552.20 |
| 2009 EUR Notes | XS0266544831 | LBT | LBHI | 598,000 | 849,219.80 |
| 2012 EUR Notes | XS0314034728 | LBT | LBHI | 1,769,000 | 2,512,156.90 |
| 2009 EUR Notes | XS0285986534 | LBT | LBHI | 280,000 | 397,628 |
| 2012 EUR Notes | XS0343090196 | LBT | LBHI | 141,000 | 200,234.10 |
| 2012 EUR Notes | XS0321299868 | LBT | LBHI | 768,000 | 1,090,636.80 |
| 2011 EUR Notes | XS0271720673 | LBT | LBHI | 321,000 | 455,852.10 |
| 2014 EUR Notes | XS0266165736 | LBT | LBHI | 1,281,000 | 1,819,148.10 |
| **Grand Total** | | | | | 76,469,602.20 |

Schedule 1-2

A/73327734 2

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:   Lehman Brothers Holdings Inc.

Case No. <u>08-13555 (JMP)</u>
Court ID (Court Use Only) _____

## NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a). Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| | |
|---|---|
| Name of Transferee: <br><br> Cyrus Europe Master Fund Ltd. | Name of Transferor: <br><br> Citigroup Financial Products Inc. |
| Notices to Transferee should be sent to: <br><br> Cyrus Europe Master Fund Ltd. <br> c/o Cyrus Capital Partners, L.P. <br> 399 Park Avenue, 39th Floor <br> New York, New York 10022 <br> Attn: Svetoslav Nikov <br> Phone: 212-380-5822 <br> Email: snikov@cyruscapital.com | Court Record Address of the Transferor: <br> (Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor: <br><br> Citigroup Financial Products Inc. <br> 390 Greenwich Street, 4th Floor <br> New York, New York 10013 <br> Attn: Rohit Bansal <br> Phone: 212-723-6064 <br> Email: rohit.bansal@citi.com |
| Claim Amount: <br> $1,583,411.50, or 0.96% of $164,818,140, the total amount of the claim number referenced below | *This is a partial transfer of claim. See Schedule 1 to attached Agreement and Evidence of Partial Transfer of Claim for specific securities underlying claim that has been transferred.* |
| Court Claim No. (if known): <br> 55408 | |
| Date Claim Filed: <br> October 29, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:   _____                    Date:  April 15, 2010
      Transferee / Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 &3571.*

As set forth in the paragraph 3 of the attached Agreement and Evidence of Partial Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to notice of hearing under Bankruptcy Rule 3001(e).

A/73351987.2

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.        For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Financial Products Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Cyrus Europe Master Fund Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount of **$1,583,411.50** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55408** filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.        Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.        Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.        All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein.

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**

**CYRUS EUROPE MASTER FUND LTD.**
By: Cyrus Capital Partners, L.P. as Investment Manager

By:_____

By:_____

Name: Rohit Bansal

Name: David Milich

Title: Managing Director

Title: Authorized Signatory

390 Greenwich Street
New York, NY 10013

399 Park Avenue, 39th Floor
New York, NY 10022

A/73327743.2

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.     Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.     Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.     Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

CITIGROUP FINANCIAL PRODUCTS INC.

CYRUS EUROPE MASTER FUND LTD.
By: Cyrus Capital Partners, L.P. as Investment Manager

By:_____
Name: Rohit Bansal
Title: Managing Director

By:_____
Name: David Milich
Title: Authorized Signatory

390 Greenwich Street
New York, NY 10013

399 Park Avenue, 39th Floor
New York, NY 10022

A/73327743.2

Schedule 1

Transferred Claims

Cynus Europe Master Fund Ltd.

Purchased Claim

0.96% OR $1,583,411.50 of $164,818,140 (the outstanding amount of the Proof of Claim as of October 29, 2009)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2010 EUR Notes | XS0313878404 | Lehman Brothers Treasury Co. BV ("LBT") | Lehman Brothers Holdings Inc. ("LBHI") | 194,000 | 275,499.40 |
| 2010 EUR Notes | XS0335226659 | LBT | LBHI | 328,000 | 465,792.80 |
| 2010 EUR Notes | XS0340417251 | LBT | LBHI | 200,000 | 284,020 |
| 2013 EUR Notes | XS0341704954 | LBT | LBHI | 3,000 | 4,260.30 |
| 2010 EUR Notes | XS0195333447 | LBT | LBHI | 1,000 | 1,420.10 |
| 2010 EUR Notes | XS0195333793 | LBT | LBHI | 10,000 | 14,201 |
| 2010 EUR Notes | XS0358366325 | LBT | LBHI | 110,000 | 156,211 |
| 2014 EUR Notes | XS0358366168 | LBT | LBHI | 20,000 | 28,402 |
| 2015 EUR Notes | XS0295736622 | LBT | LBHI | 26,000 | 36,922.60 |
| 2013 EUR Notes | XS0362676826 | LBT | LBHI | 51,000 | 72,425.10 |
| 2009 EUR Notes | XS0278450027 | LBT | LBHI | 65,000 | 92,306.50 |

Schedule 1–1

A/73327743.2

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2009 EUR Notes | XS0266544831 | LBT | LBHI | 12,000 | 17,041.20 |
| 2012 EUR Notes | XS0314034728 | LBT | LBHI | 37,000 | 52,543.70 |
| 2009 EUR Notes | XS0285986534 | LBT | LBHI | 6,000 | 8,520.60 |
| 2012 EUR Notes | XS0343090196 | LBT | LBHI | 3,000 | 4,260.30 |
| 2012 EUR Notes | XS0321299868 | LBT | LBHI | 16,000 | 22,721.60 |
| 2011 EUR Notes | XS0271720673 | LBT | LBHI | 7,000 | 9,940.70 |
| 2014 EUR Notes | XS0266165736 | LBT | LBHI | 26,000 | 36,922.60 |
| **Grand Total** | | | | | **1,583,411.50** |

Schedule 1-2

A/73327743.2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:    Lehman Brothers Holdings Inc.                    Case No. <u>08-13555 (JMP)</u>
                                                          Court ID (Court Use Only) _____

**NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY**
**PURSUANT TO BANKRUPTCY RULE 3001(E)(2)**

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a).  Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| Name of Transferee: | Name of Transferor: |
|---|---|
| Cyrus Select Opportunities Master Fund, Ltd. | Citigroup Financial Products Inc. |
| Notices to Transferee should be sent to:<br><br>Cyrus Select Opportunities Master Fund, Ltd.<br>c/o Cyrus Capital Partners, L.P.<br>399 Park Avenue, 39th Floor<br>New York, New York 10022<br>Attn:  Svetoslav Nikov<br>Phone:  212-380-5822<br>Email:  snikov@cyruscapital.com | Court Record Address of the Transferor:<br>(Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor<br><br>Citigroup Financial Products Inc.<br>390 Greenwich Street, 4th Floor<br>New York, New York 10013<br>Attn:  Rohit Bansal<br>Phone:  212-723-6064<br>Email:  rohit.bansal@citi.com |
| Claim Amount:<br>$15,932,777.30, or 9.7% of $164,818,140, the total amount of the claim number referenced below | *This is a partial transfer of claim.  See Schedule 1 to attached Agreement and Evidence of Partial Transfer of Claim for specific securities underlying claim that has been transferred.* |
| Court Claim No. (if known):<br>55408 | |
| Date Claim Filed:<br>October 29, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  _____                    Date:  April 15, 2010
        Transferee / Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 &3571.*

As set forth in the paragraph 3 of the attached Agreement and Evidence of Partial Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to notice of hearing under Bankruptcy Rule 3001(e).

A/73351998.1

<u>AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Financial Products Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Cyrus Select Opportunities Master Fund, Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount of **$15,932,777.30** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55408** filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery

A/73327729.2

and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**


**CYRUS SELECT OPPORTUNITIES MASTER FUND, LTD.**
By: Cyrus Capital Partners, L.P. as Investment Manager
By: Cyrus Capital Partners GP, LLC as General Partner

By:_____
Name: Rohit Bansal
Title: Managing Director

390 Greenwich Street
New York, NY 10013


By:_____
Name: David Milich
Title: Authorized Signatory

399 Park Avenue, 39th Floor
New York, NY 10022

and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of April 6, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**

By: _____
Name: Rohit Bansal
Title: Managing Director

390 Greenwich Street
New York, NY 10013

**CYRUS SELECT OPPORTUNITIES MASTER FUND, LTD.**
By: Cyrus Capital Partners, L.P. as Investment Manager
By: Cyrus Capital Partners GP, LLC as General Partner

By: _____
Name: David Milich
Title: Authorized Signatory

399 Park Avenue, 39th Floor
New York, NY 10022

A/73327729.2

Schedule 1

## Transferred Claims

### Cyrus Select Opportunities Master Fund, Ltd.

Purchased Claim

9.7% OR $15,932,777.30 of $164,818,140 (the outstanding amount of the Proof of Claim as of October 29, 2009)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2010 EUR Notes | XS0331878404 | Lehman Brothers Treasury Co. BV ("LBT") | Lehman Brothers Holdings Inc. ("LBHI") | 1,943,000 | 2,759,254.30 |
| 2010 EUR Notes | XS0335226659 | LBT | LBHI | 3,281,000 | 4,659,348.10 |
| 2010 EUR Notes | XS0340417251 | LBT | LBHI | 2,006,000 | 2,848,720.60 |
| 2013 EUR Notes | XS0341704954 | LBT | LBHI | 35,000 | 49,703.50 |
| 2010 EUR Notes | XS0195333447 | LBT | LBHI | 16,000 | 22,721.60 |
| 2010 USD Notes | XS0195333520 | LBT | LBHI | 8,000 | 8,000 |
| 2010 EUR Notes | XS0195333793 | LBT | LBHI | 100,000 | 142,010 |
| 2010 USD Notes | XS0195333876 | LBT | LBHI | 18,000 | 18,000 |
| 2010 USD Notes | XS0192518024 | LBT | LBHI | 17,000 | 17,000 |
| 2010 USD Notes | XS0192518370 | LBT | LBHI | 23,000 | 23,000 |
| 2010 EUR Notes | XS0358366325 | LBT | LBHI | 1,105,000 | 1,569,210.50 |

Schedule 1-1

N/733277292

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ notional amount (in original currency) | Principal/ notional amount (in United States Dollars) |
|---|---|---|---|---|---|
| 2014 EUR Notes | XS0358366168 | LBT | LBHI | 197,000 | 279,759.70 |
| 2015 EUR Notes | XS0295736622 | LBT | LBHI | 257,000 | 364,965.70 |
| 2013 EUR Notes | XS0362676826 | LBT | LBHI | 508,000 | 721,410.80 |
| 2009 EUR Notes | XS0278450027 | LBT | LBHI | 650,000 | 923,065 |
| 2009 EUR Notes | XS0266544831 | LBT | LBHI | 125,000 | 177,512.50 |
| 2012 EUR Notes | XS0314034728 | LBT | LBHI | 369,000 | 524,016.90 |
| 2009 EUR Notes | XS0285986534 | LBT | LBHI | 58,000 | 82,365.80 |
| 2012 EUR Notes | XS0343090196 | LBT | LBHI | 29,000 | 41,182.90 |
| 2012 EUR Notes | XS0321299868 | LBT | LBHI | 160,000 | 227,216 |
| 2011 EUR Notes | XS0271720673 | LBT | LBHI | 67,000 | 95,146.70 |
| 2014 EUR Notes | XS0266165736 | LBT | LBHI | 267,000 | 379,166.70 |
| **Grand Total** | | | | | 15,932,777.30 |

Schedule 1-2

A\733237729 2