Hearing Date and Time:  May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  May 5, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
:
------------------------------------------------------------------x

**NOTICE OF DEBTOR'S MOTION PURSUANT TO SECTION 363
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR
AUTHORIZATION TO TRANSFER MORTGAGE LOANS FROM
VARIABLE FUNDING TRUST 2007-1 TO NON-DEBTOR AFFILIATES**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Lehman Commercial Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") pursuant to section 363 of title 11 of the United States Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to transfer, in LCPI's sole discretion, certain loans held by Variable Funding Trust 2007-1 to certain of LCPI's non-Debtor affiliates, as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

US_ACTIVE:\43364323\09\58399.0003

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq. (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases and (v) Bingham McCutchen LLP, 399 Park Avenue, New York, New York 10022, Attn: Steven Wilamowsky, Esq., attorneys for The Metropolitan Life Insurance Company, so as to be so filed and received by no later than **May 5, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 21, 2010
     New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time:  May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  May 5, 2010 at 4:00 p.m. (Prevailing Eastern Time)

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                    :    08-13555 (JMP)
                                                                :
                    Debtors.                                    :    (Jointly Administered)
                                                                :
----------------------------------------------------------------x

### DEBTOR'S MOTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR AUTHORIZATION TO TRANSFER MORTGAGE LOANS FROM VARIABLE FUNDING TRUST 2007-1 TO NON-DEBTOR AFFILIATES

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper, Inc. ("LCPI," together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession the "Debtors," and, collectively with their non-debtor affiliates, "Lehman"), files this motion (the "Motion") and respectfully represents:

**Relief Requested**

1.      Pursuant to the Order Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing Debtor to Prepay Notes Issued by Variable Funding Trusts, dated February 23, 2010 [Docket No. 7220] (the "Prepayment Order"), LCPI caused the

US_ACTIVE:\43364323\09\58399.0003

prepayment in full of the amount outstanding under notes (the "2007 Notes") issued by Variable Funding Trust 2007-1 ("VFT 2007"), a securitization trust that served as a financing facility. The 2007 Notes were secured by certain mortgage loans (the "Mortgage Loans") that were sold or assigned to VFT 2007 by LCPI.

2. The Prepayment Order did not specify whether the Mortgage Loans were to remain in VFT 2007 or be transferred to LCPI or any other entities. In order to manage the Mortgage Loans more efficiently and more effectively, LCPI seeks authorization to transfer, in its sole discretion, the mortgage loans in the possession of VFT 2007 that previously secured the 2007 Notes to one or more of its non-Debtor affiliates pursuant to section 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In exchange for transferring each Mortgage Loan to a non-Debtor affiliate, LCPI will receive a note in the amount of the outstanding balance of the applicable mortgage loan with payment terms substantially identical to those of such mortgage loan, and the non-Debtor affiliate will provide LCPI with a pledge of the transferred mortgage loan granting LCPI direct control rights upon non-payment of the note.

**Background**

3. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

5. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

6. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report at his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

7. On March 22, 2010, the Debtors filed their Joint Chapter 11 Plan pursuant to section 1121 of the Bankruptcy Code [Docket No. 7572].

**Jurisdiction**

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Lehman's Business**

9. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

10. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### VFT 2007 and the Mortgage Loans[1]

11. VFT 2007, a Delaware statutory trust, the equity in which is wholly owned by LCPI, entered into a Note Purchase Agreement, dated as of November 30, 2007, as amended, with The Metropolitan Life Insurance Company ("MetLife"), pursuant to which VFT 2007 issued to MetLife the 2007 Notes, and MetLife agreed to provide a variable rate senior secured revolving credit facility to VFT 2007 in an aggregate principal amount of up to $500 million. LCPI sold and assigned the Mortgage Loans to VFT 2007, and such Mortgage Loans, in turn, were pledged as collateral for the 2007 Notes. LCPI is the legal and beneficial owner of certificates issued by VFT 2007 that confer upon LCPI the right to receive any residual interest in VFT 2007 after the 2007 Notes are paid in full.

12. On February 23, 2010, the Court entered the Prepayment Order, which, among other things, authorized LCPI to effectuate the prepayment of the 2007 Notes in full prior to their maturity dates, including by paying VFT 2007 all amounts necessary to prepay the 2007 Notes. Pursuant to the Prepayment Order, on March 19, 2010, LCPI transferred cash to VFT

---

[1] Additional facts regarding Lehman's relationship with the Trusts are set forth in the Debtors' Motion for Entry of an Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing LCPI to Settle Dispute with MetLife, dated March 2, 2009 [Docket No. 2978] and the Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6003 for Authorization to Prepay Notes Issued by Variable Funding Trusts [Docket No. 6713] and are incorporated herein by reference.

2007 in an amount sufficient to payoff the outstanding amount of the 2007 Notes. On March 19, 2010, VFT 2007 applied the entire amount of the cash transferred to it by LCPI to payment in full of the amounts due under the 2007 Notes.

13. VFT 2007 continues to hold the Mortgage Loans for the benefit of LCPI. Because the 2007 Notes have been paid off in full, LCPI has the right to retake possession of the Mortgage Loans and take actions with respect to the loans to maximize their value, including, but not limited to, the restructuring of such loans. Certain of LCPI's non-Debtor affiliates originated many of the Mortgage Loans before assigning such loans to LCPI. The terms of the documentation evidencing or relating to many of the Mortgage Loans and/or applicable local law and regulations place certain restrictions on the ability of a lender, other than the originating lender, to take action with respect to the Mortgage Loans; such restrictions are further compounded by LCPI's insolvency. As a result, it will be significantly more efficient and cost-effective for the non-Debtor originating lender, rather than LCPI, to take actions with respect to such loans to maximize their value. Accordingly, LCPI has determined that transferring certain of the Mortgage Loans to its non-Debtor affiliates will allow for the more effective management of the Mortgage Loans for the benefit of LCPI's estate and creditors.

14. In exchange for transferring a Mortgage Loan to a non-Debtor affiliate, LCPI will obtain from such affiliate a note (the "Note") in the amount of the outstanding balance of the applicable Mortgage Loan with the payment terms substantially identical to those of such Mortgage Loan. As collateral security for the Note, the non-Debtor affiliate to which a Mortgage Loan is transferred will provide LCPI with a pledge of the transferred Mortgage Loan, granting LCPI direct control rights in the event of non-payment of the Note. Recourse on the Note will be limited to amounts received by the applicable non-Debtor entity from the Mortgage

Loan.  Additionally, the Note will provide that any non-Debtor affiliate to which a Mortgage Loan is transferred will be required to obtain all consents and approvals from the Creditors' Committee and the Court that LCPI would have been required to obtain had LCPI been the owner of such Mortgage Loan.  To provide LCPI and its non-Debtor affiliates with maximum flexibility to efficiently manage the Mortgage Loans, any non-Debtor affiliate to which a Mortgage Loan is transferred shall have the authority to transfer such Mortgage Loan to another non-Debtor affiliate, provided that the non-Debtor affiliate to which such Mortgage Loan is subsequently transferred provides LCPI with a Note on the terms described above in this paragraph.

15.    With respect to all Mortgage Loans transferred to non-Debtor affiliates contemplated in this Motion, LCPI will file with the Court, on a quarterly basis, reports setting forth the aggregate number of Mortgage Loans transferred to non-Debtor affiliates during the prior three calendar months and the identity of each non-Debtor affiliate to which such Mortgage Loans were transferred.

### The Transfer is An Appropriate Exercise of LCPI's Business Judgment

16.    While LCPI believes that the transfer of the Mortgage Loans to non-Debtor affiliates in exchange for the Note is in the ordinary course of its business, out of an abundance of caution, LCPI seeks the approval of the Court pursuant to section 363(b)(1) of the Bankruptcy Code to use property of its estate in connection with the transfer of the Mortgage Loans.  Ample authority exists for the transfer of the Mortgage Loans to non-Debtor affiliates.  Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  While section 363 of the Bankruptcy Code does not set forth

a standard for determining when it is appropriate for a court to authorize the sale, disposition, or other use of a debtor's assets, courts in the Second Circuit, in applying this section, have required that it be based upon the sound business judgment of the debtor. *See In re Chateaugay Corp.*, 973 F.2d 141, 143-45 (2d Cir. 1992) (holding that a judge reviewing a section 363(b) application must find from the evidence presented a good business reason to grant such application); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same). Section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

17. It is generally understood that "[when] the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). If a valid business justification exists, there is a strong presumption that "'the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993). The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

18. LCPI has determined, in the sound exercise of its business judgment, that transferring, in its discretion, the Mortgage Loans to its non-Debtor affiliates is in the best interests of its estates and creditors. In light of the terms of the documents evidencing many of the Mortgage Loans and applicable state laws and regulations, the transfer of the Mortgage

Loans to LCPI's non-Debtor affiliates is the best framework for continuing to maximize the value of the Mortgage Loans without facing excess costs and delay due to LCPI's insolvency and the fact that LCPI did not originate many of the Mortgage Loans.  Because the Mortgage Loans will be transferred to LCPI's non-Debtor affiliates, LCPI will still be able to indirectly manage such loans.  By obtaining the Note in exchange for transferring a Mortgage Loan to a non-Debtor affiliate, LCPI will maintain its economic interest in each Mortgage Loan.  Additionally, third parties will not be prejudiced by the transfer of the Mortgage Loans because any non-Debtor affiliate to which a Mortgage Loan is transferred will be required to obtain all consents and approvals from the Creditors' Committee and the Court that LCPI would have been required to obtain had LCPI been the owner of such Mortgage Loan.

19. In contrast, absent the transfer of the Mortgage Loans to LCPI's non-Debtor affiliates, LCPI will be unable to effectively take action to preserve the value of the Mortgage Loans – valuable assets in which the Debtors and their subsidiaries have invested hundreds of millions of dollars.  Thus, the benefit resulting from transferring the Mortgage Loans to LCPI's non-Debtor affiliates far outweighs any burden resulting from relinquishing direct control rights over the Mortgage Loans to such affiliates while they continue to perform under the terms of the Note.

20. Accordingly, in light of the benefits of the relief requested herein to LCPI and its reorganization, LCPI's decision to transfer, in its discretion, the Mortgage Loans to its non-Debtor affiliates is a sound exercise of business judgment, and approval of the transfer of the Mortgage Loans is in the best interests of LCPI's estate and creditors.

**Relief Under Bankruptcy Rule 6004(h)**

21. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). LCPI wishes to have the flexibility to cause the transfer of Mortgage Loans to its non-Debtor affiliates as promptly as possible so that it may quickly benefit from the indirect ability to efficiently take action to maximize the value of the Mortgage Loans. Accordingly, LCPI respectfully requests that any order be effective immediately by providing that the 14-day stay is inapplicable.

**Notice**

22. No trustee has been appointed in these chapter 11 cases. LCPI has served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) MetLife and (vii) all parties who have requested notice in these chapter 11 cases. LCPI submits that no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by LCPI to this or any other court.

WHEREFORE LCPI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: April 21, 2010
      New York, New York

           /s/ Jacqueline Marcus
           Jacqueline Marcus

           WEIL, GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York 10153
           Telephone: (212) 310-8000
           Facsimile: (212) 310-8007

           Attorneys for Debtors
           and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                                          :     Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
                                                               :
                    Debtors.                           :     (Jointly Administered)
                                                               :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 AUTHORIZING THE TRANSFER OF LOANS FROM VARIABLE FUNDING TRUST 2007-1 TO NON-DEBTOR AFFILIATES

Upon the motion (the "Motion") of Lehman Commercial Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to cause, in LCPI's sole discretion, the transfer of mortgage loans (the "Mortgage Loans") from Variable Funding Trust 2007-1 ("VFT 2007") to non-Debtor affiliates, as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363(b)(1) of the Bankruptcy Code, LCPI is authorized, but not obligated, to cause the transfer of mortgage loans in the possession of VFT 2007 to any non-Debtor affiliate, provided that: (i) such non-Debtor affiliate provides LCPI with a note in the amount of the outstanding balance of each transferred Mortgage Loan (the "Note") with payment terms reflecting the payment terms of the applicable Mortgage Loan with recourse limited to amounts received by the applicable non-Debtor entity from the Mortgage Loan, and (ii) such non-Debtor affiliate provides LCPI with a pledge of the transferred Mortgage Loan for which control rights will attach upon non-payment of the Note by such non-Debtor affiliate; it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of any further court proceedings or approval; and it is further

ORDERED that any non-Debtor affiliate to which a Mortgage Loan is transferred may transfer such Mortgage Loan to another non-Debtor affiliate, provided that the non-Debtor

affiliate to which such Mortgage Loan is subsequently transferred provides LCPI with a Note on the terms described in the preceding paragraph; and it is further

ORDERED that any non-Debtor affiliate to which a Mortgage Loan is transferred shall be required to obtain all consents and approvals from the Creditors' Committee and the Court that LCPI would otherwise have been required to obtain had LCPI been the owner of such Mortgage Loan; and it is further

ORDERED that, with respect to all Mortgage Loans transferred to non-Debtor affiliates that have occurred pursuant to the authority granted in this Order, LCPI shall file with the Court, on a quarterly basis, reports setting forth the aggregate number of Mortgage Loans transferred to non-Debtor affiliates during the prior three calendar months and the identity of each non-Debtor affiliate to which such Mortgage Loans were transferred; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004(h); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: May __, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE