David B. Shemano (DS 1224)                    **Hearing Date:  May 12, 2010, at 10:00 a.m.**
Peitzman, Weg & Kempinsky LLP                 **Objection Deadline:  May 5, 2010, at 4:00 p.m.**
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Attorneys for Shinhan Investment Corp.

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------x
                                    :
In re:                              :          Chapter 11 Case
                                    :
LEHMAN BROTHERS HOLDINGS INC.,      :
et al.,                             :          Case No. 08-13555 (JMP)
                                    :
                                    :          (Jointly Administered)
              Debtors               :
-----------------------------------------------------x
```

### NOTICE OF HEARING ON MOTION OF SHINHAN INVESTMENT CORP. FOR ENTRY OF AN ORDER: (A) DETERMINING THAT ITS PROOF OF CLAIM, AS AMENDED, BE DEEMED TIMELY FILED, OR (B)  EXTENDING THE TIME FOR IT TO FILE AN AMENDED PROOF OF CLAIM PURSUANT TO FRBP 9006(b)(1)

**PLEASE TAKE NOTICE** that the hearing (the "Hearing") on the attached

motion of Shinhan Investment Corp. ("SIC"), formerly known as Goodmorning Shinhan

Securities Co., Ltd., for entry of an order deeming SIC's proof of claim timely filed, or

extending the time for SIC to file an amended proof of claim pursuant to FRBP

9006(b)(1) (the "Motion"), shall be held on **May 12, 2010, at 10:00 a.m.**, before the

Honorable James M. Peck, United States Bankruptcy Judge, in Room 601 of the United

States Bankruptcy Court for the Southern District of New York 10004.

**PLEASE TAKE FURTHER NOTICE** that any objection or response to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure

and the Local Rules for the United States Bankruptcy Court for the Southern District of

New York, and (i) shall be filed with the Bankruptcy Court electronically in accordance

with General Order M-242 (General Order M-242 and the User's Manual for the

Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official

website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case

filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect or any other Windows-based word processing

format and (ii) a hardcopy of such objection or response shall be served in accordance

with General Order M-242, upon (A) the chambers of the Honorable James M. Peck, One

Bowling Green, New York, New York 10004, Courtroom 601; (B) Weil Gotshal &

Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P.

Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.),

attorneys for the Debtors; (C) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004

(Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and

Tracy Hope Davis); (D) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005, (Attn: Dennis F. Dune, Esq., Dennis O'Donnell,

Esq., and Evan Fleck, Esq.), attorneys for the official committee of unsecured creditors

appointed in these cases; (E) the attorneys for any other official committee(s) appointed

in these cases, and (F) Peitzman, Weg & Kempinsky LLP, 10100 Santa Monica Blvd.,

Suite 1450, Los Angeles, California 90067 (Attn: David B. Shemano, Esq.), attorneys for

2

SIC, so as to be actually filed and received no later than May 5, 2010 at 4:00 p.m.

(Eastern Time) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not

filed and received by the Objection Deadline, the relief requested shall be deemed

unopposed, and the Bankruptcy Court may enter an order granting the relief sought

without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon

default.

Dated:  Los Angeles, California
        April 22, 2010                          PEITZMAN, WEG & KEMPINSKY LLP


                                        By: /s/ David B. Shemano
                                            David B. Shemano
                                            10100 Santa Monica Blvd., Ste. 1450
                                            Los Angeles, CA 90067
                                            (310) 552-3100

                                        Attorneys for Shinhan Investment Corp.

David B. Shemano (DS 1224)                    Hearing Date:  May 12, 2010 at 10:00 a.m.
Peitzman, Weg & Kempinsky LLP                 Objection Deadline:  May 5, 2010 at 4:00 p.m.
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Attorneys for Shinhan Investment Corp.

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                          :
In re:                                    :          Chapter 11 Case
                                          :
LEHMAN BROTHERS HOLDINGS INC.,            :
et al.,                                   :          Case No. 08-13555 (JMP)
                                          :
                                          :          (Jointly Administered)
                        Debtors           :
------------------------------------------------------------x
```

## MOTION OF SHINHAN INVESTMENT CORP. FOR ENTRY OF AN ORDER: (A) DETERMINING THAT ITS PROOF OF CLAIM, AS AMENDED, BE DEEMED TIMELY FILED, OR (B) EXTENDING THE TIME FOR IT TO FILE AN AMENDED PROOF OF CLAIM PURSUANT TO FRBP 9006(b)(1)

Shinhan Investment Corp. ("SIC"), formerly known as Goodmorning Shinhan

Securities Co., Ltd., hereby moves for entry of an order, in substantially the form

attached hereto as Exhibit A, deeming SIC's Proof of Claim (as hereinafter defined)

timely, and, to the extent necessary, granting SIC an extension of time, on a *nunc pro

tunc* basis, to comply with the provisions of the Bar Date Order (as hereinafter defined),

and for such other relief as is just and proper (the "Motion").

In support of the Motion, SIC respectfully states as follows:

## PRELIMINARY STATEMENT

1.      In this Motion, SIC, a Korean company with its offices in Seoul, Korea,

seeks relief from provisions of the Bar Date Order that would, if given effect, treat SIC's

Proof of Claim as time-barred and disallowed even though SIC timely filed a Proof of

Claim (on the Official Form) with extensive supporting documentation well before the

deadline the filing of proofs of claim (the "Claims Bar Date") set in the Bar Date Order.

SIC was confused by the notice that it received pursuant to the Bar Date Order (the "Bar

Date Notice") and thought that, by filing a proof of claim on the Official Form

promulgated by the Supreme Court pursuant to 28 U.S.C. § 2075 and in accordance with

the Federal Rules of Bankruptcy Procedure ("FRBP" or "Bankruptcy Rules"), it had

already complied with United States law and was not required to take any further action

for its Proof of Claim to be deemed timely.  SIC did not become aware until March 2010,

many months after the Claims Bar Date, that the Bar Date Notice and the Bar Date Order

contained additional requirements—*i.e.*, amendment of the previously filed Proof of

Claim using a case-specific form prescribed by the Bar Date Order and submission of

online responses to two additional questionnaires, a Derivative Questionnaire and a

Guarantee Questionnaire (collectively, the "Additional Requirements").  Promptly after

becoming aware of these Additional Requirements, SIC made inquiries to LBHI's

counsel and counsel for LBHI's Official Creditors' Committee regarding the necessity of

complying with the Additional Requirements, and then complied with the Additional

Requirements.  For the reasons set forth below, SIC should not be penalized for having

complied with the rules and forms prescribed by the United States Supreme Court and,

one way or another, its claim should be deemed timely.

## JURISDICTION

2.        This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. §157(b).  Venue of this

proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409.  To the extent

that it seeks enlargement of the time within which a proof of claim must be filed, this

Motion is made pursuant to FRBP 9006(b).

## BACKGROUND

3.        SIC is a Korean securities firm, based in Seoul, Korea, that used to be

known as Goodmorning Shinhan Securities Co., Ltd.

4.        Prior to the filing of chapter 11 petitions by LBHI and certain other

Debtors (as hereinafter defined), SIC entered into several derivative transactions with

Lehman Brothers Commercial Corporation Asia Limited ("Lehman Asia").  Lehman

Asia's obligation to SIC with respect to those transactions was guaranteed by LBHI

pursuant to a Guarantee, dated April 6, 2007.  For purposes hereof, "Debtors" means

LBHI and all of its affiliates that are debtors in chapter 11 cases pending before the

above-entitled Court.

5.        As a result of the derivative transactions and the LBHI Guarantee, as of

the date on which LBHI filed its chapter 11 petition (the "Petition Date"), Lehman Asia

and LBHI owed SIC $13,942,060.91.  The amount of SIC's claim against Lehman Asia

continued to increase after the Petition Date.

6.      On February 11, 2009, well before the Bankruptcy Court had set a bar date for the filing of claims, SIC filed a proof of claim (the "Initial Proof of Claim") in the LBHI bankruptcy case.  A true and correct copy of the Initial Proof of Claim is attached as Exhibit A to the accompanying Declaration of Nam Koong, Hoon (the "Koong Declaration").  The Initial Proof of Claim asserted an unsecured claim against LBHI in the amount of $13,942,060.91.  As appears from a review of the Initial Proof of Claim, SIC attached to the Initial Proof of Claim, among other things, copies of documentation evidencing the derivative transactions with Lehman Asia, the LBHI Guarantee, and SIC's calculation of the amount of the claims against Lehman Asia and LBHI.

7.      In August 2009, SIC received in the mail, at its offices in Seoul, Korea, the Bar Date Notice, which was entitled "NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM," a copy of which is attached as Exhibit B to the Koong Declaration.   The Bar Date Notice was reviewed by a SIC employee who is Korean but can read English with some degree of competence and received a law degree in the United States.  The first section of the Bar Date Notice is captioned "WHO MUST FILE A PROOF OF CLAIM."  The SIC employee reviewed the first section of the Bar Date Notice and concluded that SIC had to file a proof of claim, but, because SIC had already filed the Initial Proof of Claim, the employee believed SIC had, in fact, already done what was required by the Bar Date Notice and that SIC was, in fact, in compliance with the Bar Date Notice.  The employee did not read the following section of the Bar Date Notice captioned "WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM" (emphasis in original), because it appeared to be directed only to creditors that were exempt from the filing requirement, and, accordingly, the employee believed the section was irrelevant to

SIC.  The employee did not read or see the provision buried in the sixth numbered

subsection of the section, which begins with the following statement: "You [need not file

a proof of claim if you] hold a claim for which you have already filed a Proof of Claim

with the Clerk of the Court or Debtors' court-appointed claims agent, Epiq, against the

Debtor's utilizing a claim form which substantially conforms to the Proof of Claim

Form….," which in turn is followed by a proviso, which states: "**provided**, **however**, any

holder that has filed a Proof of Claim based on a Derivative Contract (as defined below)

or a Guarantee (as defined below) on or prior to the Bar Date, is required to amend such

Proof of Claim to conform to the procedures set forth in the Motion for the filing of

Proofs of Claim based on Derivative Contracts and Guarantees."

8.      Because SIC had, in fact, already filed the Initial Proof of Claim and

supporting documentation, and because SIC's employee believed the filing of the Initial

Proof of Claim was sufficient, SIC took no further steps in response to the Bar Date

Notice.

9.      SIC continued to believe that its filed Initial Proof of Claim was sufficient

and timely until March 2010, when a third party brought to SIC's attention the provisions

of the Bar Date Notice apparently requiring even parties, like SIC, who had filed proofs

of claim before the Bar Date to amend those claims and to submit online a Derivative

Questionnaire and/or a Guarantee Questionnaire.

10.     Promptly after these Additional Requirements were brought to SIC's

attention, SIC contacted attorneys at Weil, Gotshal & Manges LLP (LBHI's counsel) and

Milbank, Tweed, Hadley & McCloy LLP (counsel for LBHI's creditors' committee) to

inquire as to the timeliness of the Initial Proof of Claim.  Both firms said they could not

provide legal advice to SIC.  SIC then engaged bankruptcy counsel in the United States to provide advice with respect to the issues relating to the Bar Date Order.

11.    On or about March 31, 2010, SIC submitted online (at www.lehman-claims.com) both the Derivative Questionnaire and the Guarantee Questionnaire.  Those questionnaires required SIC to upload certain documentation supporting its claim against LBHI.  Virtually all of the documentation requested by the questionnaires was duplicative of the documentation that been attached to the Initial Proof of Claim.  The questionnaires also required from SIC an explanation of how SIC calculated the amount of its claim; such a calculation had been attached to the Initial Proof of Claim.

12.    On or about April 6, 2010, SIC delivered to LBHI's claims agent an Amended Proof of Claim in a form downloaded from the claims agent's website, and the Amended Proof of Claim was filed by the claims agent.[1]  A true and correct copy of the Amended Proof of Claim is attached as Exhibit C to the Koong Declaration.  For purposes hereof, "SIC's Proof of Claim" shall mean, collectively, the Initial Proof of Claim, the Amended Proof of Claim, the Derivative Questionnaire submitted by SIC, the Guarantee Questionnaire submitted by SIC, and all documents attached to, or submitted in connection with, the foregoing.

## **RELIEF REQUESTED**

13.    By this Motion, SIC seeks entry of a Court order that SIC's Proof of Claim shall be deemed timely filed.  Because it submitted its Initial Proof of Claim in the

---

[1] The Initial Proof of Claim was docketed as Claim No. 2710.  The Amended Proof of Claim (which states on its face that it amends claim no. 2710) was separately docketed as Claim No. 66500.

officially prescribed form well before the Claims Bar Date, SIC's Proof of Claim should

be deemed timely filed and deemed allowed pursuant section 502(a) of the Bankruptcy

Code, notwithstanding language in the Bar Date Order to the effect that, because of its

failure to comply with the additional requirements prior to the Claims Bar Date, SIC is

"forever barred, estopped and enjoined from asserting such claim against the Debtors (or

filing a Proof of Claim with respect thereto) and their property shall be forever

discharged from any and all indebtedness or liability with respect thereto." To the extent

necessary, the Bankruptcy Court should treat the Amended Proof of Claim as an

amendment of the Initial Proof of Claim in accordance with FRBP 7015.

14.     By this Motion, SIC seeks, as an alternative form of relief, entry of an

order granting SIC leave to amend the Initial Proof of claim to comply with the

Additional Requirements (to the extent necessary, on a *nunc pro tunc* basis) on the

ground that SIC's failure to comply with the Additional Requirements prior to the Claims

Bar Date constituted "excusable neglect," within the meaning of FRBP 9006(b)(1). The

factual and legal bases for this position are explained further below.


## **BASIS FOR RELIEF**

### SIC's Proof of Claim Should Be Deemed Timely Filed

15.     It is indisputable that (a) SIC timely filed the Initial Proof of Claim on

February 11, 2009, well before the Claims Bar Date, (b) the Initial Proof of Claim was

filed on the Official Form promulgated by the United States Supreme Court as required

by FRBP Rule 3001(a), (c) SIC attached to the Initial Proof of Claim substantially all of

the documentation that it was ultimately required to upload to LBHI's claims agent's

website in response to the Derivative Questionnaire and the Guarantee Questionnaire, and (d) SIC attached to the Initial Proof of Claim a spreadsheet showing how it calculated the amount of its claim, which it was later required to upload to the claim's agent's website in response to the Derivative Questionnaire and the Guarantee Questionnaire.

16.    In other words, on February 11, 2009, when SIC filed its Initial Proof of Claim, it had fully complied with the requirements of the Bankruptcy Code and the Bankruptcy Rules with respect to the filing of claims, and it had provided to the Debtors or anyone else who would desire to review its claim all of the information they might need and substantially all of the information later required by the Bar Date Order. This is not a case in which the creditor missed the claims bar date and is seeking to play catch-up after the bar date has passed, nor is this a case in which the creditor filed an inadequate proof of claim and is seeking to amend its proof of claim to assert new facts or new theories after the bar date, in both of which cases the creditor might be required to show "excusable neglect" for missing the deadline or filing a proof of claim that was inadequate under the applicable Bankruptcy Rules. This is rather a case in which the creditor followed the rules promulgated by the Supreme Court, and that creditor is now asking this Court to interpret its own order so as to be consistent with the rules promulgated by the Supreme Court, as well as the purposes for which the Bar Date Order was granted.

17.    This Court has the inherent power to interpret its own orders. *LTV Corp. v. Back (In re Chateaugay Corp.)*, 201 B.R. 48 (Bankr. S.D.N.Y. 1996). The purpose of the Bar Date Order, it seems clear, was to try to create some procedural efficiencies in a mega-case that involved tens of thousand of creditors, if not more, and billions of dollars

11

in claims, if not more.  The Debtors' motion seeking entry of the Bar Date Order suggests

that the non-standard procedures proposed in that motion were necessary because,

otherwise, "reconciling such claims once filed is expected to be a complicated and time

consuming process."[2]   On this basis, the Court ultimately granted the Bar Date Order.

While the Court apparently wanted to help the Debtors address the administrative

problems posed by the sheer quantity of claims in the case, the Bar Date Order was not

presumably intended to deprive creditors of substantive rights provided under the

Bankruptcy Code.

18.     Nevertheless, the Bar Date Order contains a number of non-standard

provisions that, arguably, to some degree, conflict with the Bankruptcy Code or the

Bankruptcy Rules and, if given literal effect, would deprive SIC of substantive rights

under the Bankruptcy Code.  For example:

- Notwithstanding Bankruptcy Code § 501(a), which states that a creditor "may file a proof of claim," and FRBP 3001(a), which states that a "proof of claim shall conform substantially to the appropriate Official Form," the Bar Date Order appears to (a) require creditors to submit claims on a non-official form different than the Official Form, and (b) deem timely filed proofs of claim using the Official Form tardily filed merely because the timely proofs of claim were submitted using the Official Form.

---

[2] See paragraph 21 of the "Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code, and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form," Docket No. 3654, filed May 26, 2009.

- Notwithstanding Bankruptcy Code § 502(a), which states a filed proof of claim is deemed allowed unless an objection to it has been filed, FRBP 3001(e), which states that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim," and FRBP 3007(a), which states "[a]n objection to the allowance of a claim shall be in writing and filed," and "[a] copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant" the Bar Date Order appears to disallow timely filed proofs of claims based upon lack of documentation even through the proofs of claims include all necessary documentation evidencing the claims, and the Debtors never filed and served an objection to the proofs of claim.

- Notwithstanding Bankruptcy Code § 726(a)(2)(A), which describes the priority of distribution of property of the estate on account of a claim "proof of which is timely filed under section 501(a) of this title," and Bankruptcy Code § 726(a)(3), which describes the priority of distribution of property of the estate on account of a claim "proof of which is tardily filed under section 501(a) of this title," the Bar Date Order appears to preclude timely (and tardily) filed proofs of claim from sharing in the distribution of property of the estate.

- Notwithstanding Bankruptcy Code § 1141(d)(3), which provides that a corporate debtor is not entitled to a discharge in a liquidation case, the Bar Date Order provides that a creditor who has not complied with the

13

non-standard provisions of the Bar Date Order "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

19.     It is not SIC's purpose here to challenge the provisions of the Bar Date Order.  SIC, however, asks the Court to interpret the Bar Date Order in a way that is consistent with the Bankruptcy Code and the Bankruptcy Rules.  Specifically, SIC asks the Court to deem SIC's Proof of Claim timely under the circumstances here and to order that the provisions of the Bar Date Order with respects to creditors who are "forever barred, estopped and enjoined"  from asserting their claims and whose claims are "discharged" by the Bar Date Order do not apply to SIC.

The Initial Proof of Claim Was, At Minimum, An Informal Proof of Claim

20.     Where a proof of claim is not timely filed with the Clerk of the Court but the creditor asserts the claim against the debtor in separate documentation prior to the bar date, the separate documentation will be treated as a timely filed informal proof of claim if the separate documentation (1) was timely filed with the bankruptcy court and become part of the judicial record, (2) stated the existence and nature of the debt, (3) stated the amount of the claim against the estate, and (4) evidenced the creditor's intent to hold the debtor liable for the debt.  *In re Enron Creditors Recovery Corp.*, 370 B.R. 90 (Bankr. S.D.N.Y. 2007).

21.     It cannot be disputed that the Initial Proof of Claim satisfies each of the elements of the four-part test for a document to be treated as an informal proof of claim.

It would certainly be incongruous to hold that creditors that did *not* timely file proofs of claim could be deemed to have filed an informal proof of claim against the Debtors, while creditors that did timely file proofs of claim should somehow be treated as ineligible to be deemed to have filed an informal proof of claim. Unless the Bankruptcy Court is prepared to hold that the informal proof of claim doctrine is categorically inapplicable in the Debtors' cases (and there would be no basis under applicable law or the facts of these cases to make such a categorical ruling), the Initial Proof of Claim should be treated as an informal proof of claim that was timely filed.

The Amended Proof of Claim Should Be Deemed to Relate Back to the Initial Proof of Claim

22.     The Court should deem the Amended Proof of Claim filed on April 6, 2010, together with the Derivative Questionnaire submitted by SIC on March 31, 2010, a timely filed amendment to the Initial Proof of Claim that relates back to the Initial Proof of Claim. "[A]mendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim." *In re Integrated Resources, Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993).

23.     In *Midland Cogeneration Venture L.P. v. Enron Corp (In re Enron Corp.)*, 419 F.3d 115, 133 (2nd Cir. 2005) ("*Enron*"), the Second Circuit Court of Appeals held that in determining whether to permit amendment of a proof of claim after a bar date, courts should engage in a two-step inquiry. First, the court should examine "whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." An amendment will meet this threshold if it "1) corrects a defect of

form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim." Second, if the amendment does, in fact, "relate back" to the timely filed claim, courts will "examine each fact within the case and determine whether it would be equitable to allow the amendment." In performing the equitable analysis, the court should consider whether the debtor, or other creditors, would be unduly prejudiced by the amendment, or whether, instead, other creditors would "receive a windfall" from the disallowance of the amendment, and whether the late claimant acted in good faith and the delay was justified. *Id*.

24.     Pertinently, the Court of Appeals recognized that, while the amendment analysis was similar to the "excusable neglect" standard set forth in *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380 (1993) ("*Pioneer*") for the filing of new claims after a bar date, the analyses are different because, while "belated amendments will ordinarily be 'freely allowed' where other parties will not be prejudiced, belated new claims will ordinarily be denied, even absent prejudice, unless the reason for the delay is compelling." *Enron* at 133-34.

25.     As set forth below, SIC believes that the Amended Proof of Claim should be deemed timely under either the "freely allowed" standard for amendments or the "excusable neglect" standard set forth in *Pioneer* for new claims. However, the Court should treat the Amended Proof of Claim as an amendment governed by the "freely allow" standard applicable to amendments. It is indisputable that SIC timely filed the Initial Proof of Claim on the Official Form that included all information required by the Debtors to review the claim. It is indisputable that the Amended Proof of Claim does not

assert a new claim – it does not assert a new right or remedy, it does not modify the claim amount, it is not asserted against a different Debtor. The only purpose of the Amended Proof of Claim is to ensure that the information previously provided in the Initial Proof of Claim is provided in the exact format required by the Bar Date Order. Under these circumstances, the Amended Proof of Claim should be treated as an amendment and not a new claim.

> To the Extent A Showing of "Excusable Neglect" is Required, SIC has Amply
> Demonstrated such Excusable Neglect

26.     Neither the Bankruptcy Code nor the Bankruptcy Rules would support a characterization of SIC's claim as time-barred. The only basis for such an assertion – and this is a significant one – is the Court's Bar Date Order. Assuming that the Bankruptcy Court interprets the Bar Date Order to provide that the Initial Proof of Claim should be disallowed because SIC did not comply with the added requirements of the Bar Date Order, the Court should determine that SIC's failure to submit the Additional Requirements before the Claims Bar Date be deemed "excusable neglect" justifying the Court's ordering that SIC may, pursuant to FRBP 7015 or 9006(b)(1), comply with the Additional Requirements after the Claims Bar Date and still have its proof of claim, as so amended, be deemed timely.

27.     This Court is certainly familiar, from prior litigation in the LBHI case as well as other cases, with the leading cases on the subject of "excusable neglect" in the context of late-filed proofs of claim: the Supreme Court's decision in *Pioneer* and the Second Circuit's decision in *Enron*. The Court well knows about the four-part test laid down by the Supreme Court in *Pioneer* and the purportedly "hard line" approach taken

by the Second Circuit in *Enron*.  Accordingly, SIC will forego a lengthy discussion of those cases and instead focus on how those cases apply to this one.

> A.    <u>Reason for Delay</u>

28.    Under *Pioneer* and *Enron*, the first of the four factors the Court should consider in determining whether "excusable neglect" justifies relief from a bar date order is the reason for the creditor's delay in filing its proof of claim. Here, the circumstances are most sympathetic to the creditor.

29.    SIC, a Korean entity, after learning of LBHI's bankruptcy case, took steps to file a proof of claim with LBHI's claims agent.   Before the Court even set a deadline for the filing of claims, SIC filled out the Official Form for proofs of claim prescribed by FRCP 3001(a), attached to it substantially all documents relating to its claim, together with a calculation of the amount of its claim, and delivered that Initial Proof of Claim to LBHI's claims agent.  That Initial Proof of Claim was filed on February 11, 2009 and identified as Claim No. 2710.

30.    Months later, SIC received in the mail in Seoul, Korea the Bar Date Notice.  One of SIC's Korean employees who can read English reviewed the Bar Date Notice and after reviewing the first section entitled "WHO MUST FILE A PROOF OF CLAIM," concluded that SIC was required to file a proof of claim but had satisfied the requirement by filing the Initial Proof of Claim.  Consequently, the employee did not read the following section entitled "WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM," which included the instructions concerning the Additional Requirements described above.

31.    The failure of SIC's employee to understand the import and effect of the Bar Date Notice is certainly justifiable.  A review of the Bar Date Notice explains why.

The first thing of note about the Bar Date Notice is that it is a dense document, written in technical legal language and printed in a single-spaced format and in very small type. It is a document that might be difficult for the typical American lawyer to fully comprehend. It is certainly not physically designed for easy comprehension. Furthermore, the provisions that are intended to alert the reader to the necessity for complying with the Additional Requirements are buried in the document and appear in a place where they could be easily overlooked. The first numbered paragraph of the Bar Date Notice is captioned "WHO MUST FILE A PROOF OF CLAIM." The essence of this provision is that "You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below." (Emphasis in original). The bulk of paragraph 1 is then taken up with a recitation of the definition of "claim" in section 101(5) of the Bankruptcy Code. Nowhere does this provision tell the reader that the term "Proof of Claim," as used in this paragraph, has a meaning different from that used in the Bankruptcy Code, the Bankruptcy Rules or in virtually all other bankruptcy cases, nor does it direct the reader to read further to discover that "Proof of Claim," in the context of this Notice does *not* mean a proof of claim on the Official Form promulgated by the Supreme Court and prescribed by the Bankruptcy Rules— that it means, rather, a proof of claim on a particular form developed specifically for the Lehman Brothers cases *plus*, in certain cases, the online submission of two questionnaires.

32.    Furthermore, nothing in paragraph 1 (remember its caption: WHO MUST FILE A PROOF OF CLAIM) tells the reader that, if it has already filed an Official Form Proof of Claim, that proof of claim doesn't count and that it still has to both submit an

amended proof of claim on the case-specific form and, in many cases, two online questionnaires.  Logically, paragraph 1 would have been the place to make that point, but it does not.  Instead that point is buried in a proviso in the sixth numbered sub-paragraph of the paragraph that is captioned "WHO NEED NOT FILE A PROOF OF CLAIM," and to make the relevant instructions regarding Additional Requirements even harder to find and understand, they follow the following statement: "You [do not have to file a proof of claim if you] hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or the Debtor's court-appointed claims agent, Epiq, utilizing a claim form which substantially conforms to the Proof of Claim Form."

33.    Under the circumstances, it is perfectly understandable that a reader, especially one whose first language is not English and who was aware that SIC had previously filed a proof of claim on the Official Form, would read the first paragraph of the Bar Date Notice and conclude both that there was no reason to read the next section (After all, why would you need to know "who need not file a proof of claim," if you had already filed a proof of claim?) and that SIC had, in fact, already complied with the Notice by filing its proof of claim.  Taking together all of the circumstances (the nature of the notice with its dense, small-font, legalese text; the fact that the paragraph headed "WHO MUST FILE A PROOF OF CLAIM" gives no hint that a previously-filed proof of claim would not be sufficient; the illogical placemen – in a provision entitled "WHO NEED NOT FILE A PROOF OF CLAIM" – of the caveats concerning the need to fulfill Additional Requirements in order to file a proof of claim), SIC, a creditor receiving this notice in Korea, can clearly be excused for not understanding that it was required by the Bar Date Notice to do more than it had already done.

34.     Both the *Pioneer* and *Enron* cases support SIC's position here.  In *Pioneer*, in supporting a finding of excusable neglect where a bar date notice was overlooked, the Supreme Court specifically pointed to the "peculiar and inconspicuous placement" of the bar date notice in a notice of the meeting of creditors as a fact of significance.  *Pioneer*, 507 U.S. at 398.   Here, too, for the reasons explained above, the relevant provisions were inconspicuous and peculiarly placed.  By contrast, the Second Circuit, taking a "hard line" in *Enron*, thought the late-filing creditor should have seen the deadline for filing claims in the notice served, but in the *Enron* case, the notice was *very* conspicuous.   For one thing, the title of the document was "NOTICE OF BAR DATE AGAINST DEBTORS LISTED ON EXHIBIT A ON OR BEFORE OCTOBER 15, 2002 AT 5:00 P.M. (NEW YORK TIME)."  The creditor would have to look no further than the title of the document to find the deadline.  The creditor in *Enron* had filed a proof of claim against one debtor but was seeking to amend it to include another debtor after the deadline.  In finding no excusable neglect, the Second Circuit noted specifically that the notice instructed creditors as follows: "If you assert Claims against more than one Debtor, you must file a separate Proof of Claim with respect to each such Debtor. **In addition, you must identify on your proof of claim form the particular Debtor against which your Claim is asserted."** *Enron*, 419 F.3d at 119 (emphasis in original).

35.     The relevant provisions in the *Enron* case could not have been more conspicuous: the bar date was right in the title of the notice, and the instruction to file separate claims was in bold.  Here, by contrast, the title of the document ("NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM") gave no suggestion that the notice contained non-standard requirements for the filing of proofs of claim, nor did the

paragraph (the first) captioned "WHO MUST FILE A PROOF OF CLAIM" contain any suggestion that the notice contained non-standard requirements.  That was placed, illogically, in a proviso in the middle of instructions on "WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM."  Accordingly, following the guidance of the Supreme Court in *Pioneer* and the Second Circuit in *Enron*, this Court should find that SIC had good reason to overlook or misunderstand the import of the Additional Requirements.

        B.    <u>Length of the Delay</u>

36.    Under *Pioneer* and *Enron*, the second of the four factors the Court should consider in determining whether "excusable neglect" justifies an extension of the claims bar date under FRBP 9006(b)(1) is the length of the creditor's delay in filing its proof of claim. Since SIC had, in fact, filed the Initial Proof of Claim well before the Claims Bar Date, there was, arguably, no delay in this case.  Admittedly, LBHI can argue that there was a delay here since six months elapsed after the Claims Bar Date before SIC discovered the Additional Requirements and complied with them.  However, as the Second Circuit noted in *Enron*, there is no "bright-line rule" to determine when a delay is considered "substantial."  *Enron*, 419 F.3d at 128 .  "In determining how long is too long, courts generally consider the degree to which, in the context of a particular proceeding, the delay 'may disrupt the judicial administration of the case.'" *Id.* (*citing In re Infiltrator Sys., Inc.*, 241 B.R. 278, 281 (Bankr. D. Conn. 1999)).  In the context of the trillion-dollar LBHI case, it would be impossible for SIC's claim to disrupt anything.

        C.    <u>Prejudice</u>

37.    Under *Pioneer* and *Enron*, the third of the four factors the Court should consider in determining whether "excusable neglect" justifies an extension of the claims

bar date under FRBP 9006(b)(1) is the prejudice that would result if the creditor were allowed to file its proof of claim after the Claims Bar Date.

38.    LBHI will no doubt argue here, as it has in connection with other motions regarding late-filed-claims,[3] that, although it is still in the process of reviewing claims, it will be prejudiced if the Court grants relief under FRBP 9006(b)(1) because, then any party that filed a late proof of claim, would move the Court for relief.  Although the Debtors have made such assertions before, and will no doubt do so again in response to this Motion, there is no evidence that the Debtors or the Court have been overwhelmed with requests for relief under Rule 9006(b)(1).

39.    Furthermore, courts have found that there is no prejudice to the estate in the late filing of a proof of claim when the estate representative is or should have been aware of the claim.  *See, e.g.*, *In re Sage-Dey, Inc.*, 170 B.R. 46, 53 (Bankr. N.D.N.Y. 1994) (no prejudice where debtors were notified by IRS prior to bar date of potential liability to taxing authority that was later the basis for a late-filed claim.)  Here, because SIC filed its Initial Proof of Claim well before the Claims Bar Date, LBHI was or should have been aware of the claim.

40.    In addition, because the Initial Proof of Claim was timely filed, one way or another, LBHI is going to have to deal with it and cannot argue on "efficiency" grounds that it should not be required to deal with this claim.  For LBHI to argue prejudice here would be particularly egregious in light of the fact that the Initial Proof of Claim contained substantially all of the documentation and other information that was ultimately required by the Bar Date Notice.  It may not have been in exactly the form that

---

[3] *See, e.g.*, "Omnibus Objection to Motions of (I) Palmyra Capital Fund, L.P., etc.," Docket No. 7499, filed March 10, 2010.

the Bar Date Notice specified, but it was, at least, in the form that is required by the

Bankruptcy Rules and Official Forms.

41.    Finally, LBHI cannot seriously argue that it will suffer any material

prejudice if, in a case involving billions and billions of dollars in claims, it is required to

add a $13.9 million claim to the claims pool.

42.    In a case of the magnitude of LBHI's, there are bound to be instances—

SIC's case is certainly one—in which creditors will have compelling grounds for relief

under Rule 9006(b)(1), and they should not be prevented from seeking redress from the

Court merely out of a highly speculative concern about prejudice that cannot be

demonstrated and risks that have not materialized.

            D.      <u>SIC's Good Faith</u>

43.    Under *Pioneer* and *Enron*, the fourth of the four factors the Court should

consider in determining whether "excusable neglect" justifies an extension of the claims

bar date under FRBP Rule 9006(b)(1) is whether the creditor seeking relief acted in good

faith.

44.    SIC is a non-US creditor that certainly tried to ensure that it would not

miss the bar date by filing the Initial Proof of Claim with supporting documentation even

before a bar date was established.  If it missed or misunderstood the provisions dealing

with the Additional Requirements inconspicuously and peculiarly misplaced in the

legalistic text of the Bar Date Notice, it did not do so on purpose.  Once the Additional

Requirements were brought to its attention by a third party, it promptly took steps to

satisfy the Additional requirements by filing the Amended Proof of Claim and submitting

the online questionnaires.  Under the circumstances, SIC's good faith cannot be in doubt.

E.      Conclusion re *Pioneer/Enron* Factors

45.      SIC's failure to comply with the Additional Requirements was, for the

reasons stated above, both understandable and justified.   Any delay in satisfying the

Additional Requirements is mitigated by the fact that SIC had filed the Initial Proof of

Claim (with all of the relevant documentation) well before the Claims Bar Date, and it is

difficult to see, how in the context of the LBHI case, the Debtors will be prejudiced if

SIC is allowed to assert its $13.9 million claim.  Finally, SIC's good faith can hardly be

in doubt.  Under the totality of the circumstances here, there can be no doubt that any

neglect on SIC's part was excusable and that SIC should be granted appropriate relief

under Rule 9006(b)(1).


**NOTICE**

46.      SIC has provided notice of the Motion pursuant to the Amended Order

Implementing Certain Notice and Case Management Procedures entered in this case

[Docket No. 2837].  SIC submits that no other or further notice need be given.


**NO PRIOR REQUEST**

47.      No prior motion for relief requested herein has been made to this Court or

any other court.

**WHEREFORE**, SIC respectfully requests that this Court enter an order, in

substantially the form attached hereto as Exhibit A, deeming SIC's Proof of Claim to

have been timely filed, and, to the extent necessary, granting SIC an appropriate

extension of time to file its proof of claim and deeming SIC's Proof of Claim to have

been timely filed, and that the Court grant such other and further relief as is just and

proper.

Dated:  Los Angeles, California
       April 22, 2010                 PEITZMAN, WEG & KEMPINSKY LLP


                                By: /s/ David B. Shemano
                                   David B. Shemano
                                 10100 Santa Monica Blvd., Ste. 1450
                                 Los Angeles, CA 90067
                                 (310) 552-3100

                              Attorneys for Shinhan Investment Corp.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------x
                                      :
In re:                                :            Chapter 11 Case
                                      :
LEHMAN BROTHERS HOLDINGS INC.,        :
et al.,                               :            Case No. 08-13555 (JMP)
                                      :
                                      :            (Jointly Administered)
                  Debtors             :
---------------------------------------------------------x
```

**ORDER THAT THE PROOF OF CLAIM AS AMENDED FILED BY
SHINHAN INVESTMENT CORP. SHALL BE DEEMED TIMELY FILED**

Upon the motion (the "Motion") of Shinhan Investment Corp. ("SIC") entitled "Motion of Shinhan Investment Corp. for Entry of an Order: (A) Determining That Its Proof of Claim, as Amended, Be Deemed Timely Filed, or (B) Extending The Time for It to File an Amended Proof of Claim Pursuant To FRBP 9006(b)(1)"; and it appearing that the relief requested by the Motion is appropriate; and due notice of the Motion having been given; and it appearing that no other or further notice need be given; and the Court having found and determined that it should exercise its discretion in accordance with the relief request in the Motion and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court intending that capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion; and after due deliberation and sufficient cause appearing therefore, it is:

ORDERED that that the SIC Proof of Claim is deemed timely filed in the LBHI chapter 11 case, and it is further

ORDERED that, to the extent the SIC Proof of Claim might otherwise not have been timely under the terms of the Bar Date Order, SIC is hereby granted, on a *nunc pro*

*tunc* basis, an extension of time through April 6, 2010 to comply with the requirements of

the Bar Date Order, which requirements were satisfied by SIC on April 6, 2010, and it

further

ORDERED that, notwithstanding any provision of the Bar Date Order, SIC shall

not be in any way or at any time barred, estopped or enjoined from asserting the claim

described in the SIC Proof of Claim (or filing a proof of claim with respect thereto)

against LBHI or affiliated chapter 11 debtors (together with LBHI, the "Debtors"), and it

is further

ORDERED that, notwithstanding any provision of the Bar Date Order, the

Debtors and their property shall not be discharged from any indebtedness or liability with

respect to such claim, and it is further

ORDERED that nothing in the Bar Date Order shall preclude SIC from (i) voting

to accept or reject any chapter 11 plan filed in the Debtors' chapter 11 cases or (ii)

participating in any distribution in the Debtors' chapter 11 cases on account of such claim

or (iii) receiving further notices with respect to such claim.

Dated:
      New York, New York         _____

                                               UNITED STATES BANKRUPTCY JUDGE