David B. Shemano (DS 1224)  
Peitzman, Weg & Kempinsky LLP  
10100 Santa Monica Boulevard, Suite 1450  
Los Angeles, CA 90067  
Telephone: (310) 552-3100  
Facsimile: (310) 552-3101  

Hearing Date: May 12, 2010, at 10:00 a.m.  
Objection Deadline: May 5, 2010, at 4:00 p.m.  

Attorneys for Shinhan Investment Corp.

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
:
In re:                                        :    Chapter 11 Case
:
LEHMAN BROTHERS HOLDINGS INC.,   :
*et al.*,                                     :    Case No. 08-13555 (JMP)
:
:    (Jointly Administered)
        Debtors                               :
-----------------------------------------------------------x

**DECLARATION OF NAM KOONG, HOON IN SUPPORT OF  
MOTION OF SHINHAN INVESTMENT CORP. FOR ENTRY OF AN ORDER:  
(A) DETERMINING THAT ITS PROOF OF CLAIM, AS AMENDED, BE  
DEEMED TIMELY FILED, OR (B) EXTENDING THE TIME FOR IT TO FILE  
AN AMENDED PROOF OF CLAIM PURSUANT TO FRBP 9006(b)(1)**

Nam Koong, Hoon declares:

1. I was a head of the legal affairs team of Shinhan Investment Corp., formerly known as Goodmorning Shinhan Securities Co., Ltd. ("SIC") at the time the incidents described below took place. My business address is 23-2 Yeouido, Yeoungdeungpo, Seoul, Korea. I make this declaration in support of the motion filed by SIC regarding the timeliness of its proof of claim.

2. Prior to the filing of chapter 11 petitions by Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates, SIC entered into several derivatives transactions with Lehman Brothers Commercial Corporation Asia Limited ("Lehman

Asia"). Lehman Asia's obligation to SIC with respect to those transactions was guaranteed by LBHI pursuant to a Guarantee, dated April 6, 2007.

3. As a result of the derivatives transactions and the LBHI Guarantee, as of the date on which LBHI filed its chapter 11 petition (the "Petition Date"), Lehman Asia and LBHI owed SIC $13,942,060.91. The amount of SIC's claim against Lehman Asia continued to increase after the Petition Date.

4. On February 11, 2009, SIC filed a proof of claim (the "Initial Proof of Claim") in the LBHI bankruptcy case. A true and correct copy of the Initial Proof of Claim is attached hereto as Exhibit A. The Initial Proof of Claim asserted an unsecured claim against LBHI in the amount of $13,942,060.91. SIC attached to the Initial Proof of Claim, among other things, copies of documentation evidencing the derivatives transactions with Lehman Asia, the LBHI Guarantee, and SIC's calculation of the amount of the claims against Lehman Asia and LBHI.

5. LBHI filed with the bankruptcy court its Schedule of Assets and Liabilities on June 15, 2009 (Docket entry 3918) which identifies Lehman Asia as an affiliate of LBHI all obligations, liabilities, and commitments of which were guaranteed by LBHI.

6. In August 2009, SIC received in the mail, at its offices in Seoul, Korea, a notice relating to the LBHI chapter 11 case entitled "NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM" (the "Notice of Deadlines"), a copy of which is attached hereto as Exhibit B. In the ordinary course of my duties at SIC, I directed an in-house attorney on my team who acted under my supervision, Hyungsun Kim, to review the Notice of Deadlines. Ms. Kim is Korean, but she can read English with some degree of

2

competence and received a law degree in the United States. She then reviewed the Notice of Deadlines. The first section of the Notice of Deadlines is captioned "WHO MUST FILE A PROOF OF CLAIM." She believed this meant that SIC had to file a proof of claim, but, because SIC had already filed the Initial Proof of Claim, she believed SIC was, in fact, in compliance with the Notice of Deadlines. She did not read the second section of the Notice of Deadlines, captioned "WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM" (emphasis in original), which included a proviso requiring that certain parties who had previously filed proofs of claim – specifically those whose claims were "based on a Derivative Contract (as defined below) or a Guarantee (as defined below)" – had to amend their previously filed claims by a specified Bar Date (September 22, 2009) to conform to procedures set forth later in the Notice since the section's title appeared to be directed only to those creditors who were exempt from filing requirement, and accordingly, she thought the section was irrelevant to SIC's case. Believing the Notice of Deadlines was directed or applied only to those creditors who had not yet filed their proofs of claim by then and being confused by the title of the second section of the Notice of Deadlines "WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM," she reported to me that based on the Notice of Deadlines there was no further action to be taken on SIC's part regarding its claim against LBHI and following her report, I took no further action as to our proof of claim.

7. Because SIC had, in fact, already filed the Initial Proof of Claim and supporting documentation, and because, for the reasons set forth above, SIC believed the filing of the Initial Proof of Claim was sufficient, SIC took no further steps in response to the Notice of Deadlines.
3

8.      SIC continued to believe that its filed Initial Proof of Claim was sufficient and timely until March 2010, when a third party brought to SIC's attention the provisions of the Notice of Deadlines apparently requiring even parties, like SIC, who had filed proofs of claim before the Bar Date to amend those claims and to submit online a Derivative Questionnaire and/or a Guarantee Questionnaire. Until this happened, we truly had believed that our filing of the Initial Proof of Claim was sufficient.

9.      Promptly after these requirements were brought to SIC's attention, SIC contacted attorneys at Weil, Gotshal & Manges LLP (LBHI's counsel) and Milbank, Tweed, Hadley & McCloy LLP (counsel for LBHI's creditors' committee) to inquire as to the timeliness of the Initial Proof of Claim.  Both firms said they could not provide legal advice to SIC.  SIC then engaged bankruptcy counsel in the United States to provide advice with respect to the Bar Date Order.

10.     On or about March 31, 2010, SIC submitted online (at www.lehman-claims.com) both the Derivative Questionnaire and the Guarantee Questionnaire.  Those questionnaires required SIC certain documentation supporting its claim against LBHI, almost all of which had been attached to the Initial Proof of Claim, and also required an explanation of how SIC calculated its claim, which has also been attached to the Initial Proof of Claim.

11.     On April 6, 2010, SIC delivered to LBHI's claims agent an Amended Proof of Claim in a form downloaded from the claims agent's website, and the Amended Proof of Claim was filed by the claims agent.   A true and correct copy of the Amended Proof of Claim is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Seoul, Korea on April 21, 2010.

*Nam Koong, Hoon*
_____
Nam Koong, Hoon