**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                                                      :         **Chapter 11 Case No.**
                                                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :         **08-13555 (JMP)**
                                                                                                :
                                            Debtors.                                 :         **(Jointly Administered)**
----------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO**
**SECTIONS 105(A) AND 363 OF THE BANKRUPTCY CODE**
**FOR AUTHORIZATION TO PURCHASE AND SELL NOTES**
**ISSUED BY CERTAIN SPECIAL PURPOSE VEHICLES THAT**
**ARE PARTY TO TRANSACTIONS WITH CERTAIN DEBTORS**

Upon the motion, dated March 30, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") for authorization to purchase and sell notes issued by certain special purpose vehicles that are party to certain transactions with certain Debtors, all as more fully described in the Motion; and upon the declaration of Daniel Ehrmann, dated March 30, 2010, in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, the Debtors are authorized to enter into and consummate SPV Note Transactions in accordance with the following SPV Note Transaction Procedures:

   a. All proposed SPV Note Transactions will be reviewed by an approval committee (the "SPV Note Transactions Committee") established by the Debtors. The financial advisors to the Creditors' Committee (the "Advisors") will receive notice of, and may attend, all meetings of the SPV Note Transactions Committee (each a "SPV Note Transactions Meeting")[2] and will have access to the personnel of the Debtors involved in evaluating the proposed SPV Note Transactions.

---

[2] The SPV Note Transactions Committee and SPV Note Transactions Meetings may, respectively, consist of the same members and the same meetings regarding the assumption, assignment, and termination of derivative contracts pursuant to the order dated December 16,

2

b. With respect to all proposed SPV Note Transactions, the Debtors will provide (i) e-mail notification to the Advisors of any SPV Note Transactions Meeting regarding the approval of an SPV Note Transaction not later than one (1) Business Day prior to such meeting (or at such later time as may be agreed by the Advisors), which email must contain the material terms of the proposed SPV Note Transaction and (ii) an information package (the "Information Package") as soon as practicable but not less than five (5) Business Days prior to the SPV Note Transactions Meeting (or at such later time as may be agreed by the Advisors) that will consist of (a) the Governing Documents pursuant to which the relevant Notes were issued, and (b) market data, valuation inputs, models and assumptions used by the Debtors to prepare their analysis for the SPV Note Transactions Committee that relate to and were used to determine the value of the relevant Notes and adjustments thereto.

c. Informal discussions among the Debtors and the Advisors relative to prospective SPV Note Transactions will commence no later than five (5) Business Days (or at such later time as may be agreed by the Advisors) prior to the relevant SPV Note Transaction Meeting.

d. If the amount proposed to be paid by the Debtors to a Noteholder for the purchase of Notes (the "Purchase Price") in an SPV Note Transaction is greater than $25,000,000, the Debtors may enter into such SPV Note Transaction only if (i) the Creditors' Committee, a subcommittee, or other designee thereof consents in writing before the SPV Note Transaction is executed or (ii) upon Court approval.

e. The Debtors may enter into an SPV Note Transaction involving a Purchase Price less than or equal to $25,000,000 only (i) if (a) at least one (1) representative of the Advisors attends the portion of the SPV Note Transactions Meeting during which the proposed SPV Note Transaction was discussed and approved, and (b) the Advisors do not object within six (6) business hours, herein defined as the hours between 9:00 a.m. and 5:00 p.m. (Prevailing Eastern Time) on Business Days, after receipt of e-mail notification of the SPV Note Transactions Committee's approval of such SPV Note Transaction, (ii) with the written consent of the Creditors' Committee, a subcommittee, or other designee thereof, or (iii) upon Court approval.

---

2008 [Docket No. 2257], authorizing the Debtors to establish procedures for the settlement or the assumption and assignment of prepetition derivative contracts.

  f. The Debtors may enter into an SPV Note Transaction involving the sale of a Purchased Note only if (i) the Creditors' Committee, a subcommittee, or other designee thereof consents in writing before the SPV Note Transaction is scheduled to be executed or (ii) upon Court approval.

  g. The Debtors will provide updates to the Creditors' Committee regarding (i) the number of SPV Note Transactions that have been consummated and (ii) the Purchase Price and sale price of Purchased Notes received by the Debtors, as applicable, on a transaction-by-transaction basis in connection with such SPV Note Transactions promptly following the request by the Creditors' Committee or its Advisors.

  h. The Debtors and the Creditors' Committee reserve all rights and remedies with respect to the SPV Note Purchase Procedures and may seek to amend such upon Court approval.

  i. The Debtors' ability to carry out the actions set forth in the foregoing procedures shall not override any applicable notice, consent or other rights that any third parties may have pursuant to agreements with the Debtors.

  j. Nothing in the foregoing procedures will prevent the Debtors, in their sole discretion, from (i) seeking, upon notice and hearing, the Court's approval of any proposed SPV Note Transaction, including on an expedited basis, (ii) pursuing any and all claims and rights of action, through litigation or otherwise, that the Debtors may have against any Transaction Party or (iii) exercising any and all rights and remedies as holders of any Notes (including Purchased Notes).

and it is further

  ORDERED that the Debtors are authorized to execute such documents or other instruments and carry out all other actions as may be necessary to effectuate any SPV Note Transaction in accordance with this Order; and it is further

  ORDERED that this Order shall not obligate or require the Debtors to enter into any SPV Note Transaction, nor shall this Order preclude the Debtors from commencing litigation in connection with the Transaction Agreements and SPVs and/or settling or compromising any claim upon further application to the Court; and it is further

ORDERED that this Order shall not modify or limit any orders previously entered by this Court, including, without limitation, any orders relating to Derivative Agreements; and it is further

ORDERED that nothing in this Order interprets or modifies the terms of any of the Governing Documents or enhances, limits or affects in any way the rights and obligations of any party, including any Indenture Trustee, set forth in the Governing Documents; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: New York, New York
       April 22, 2010

                                           *s/ James M. Peck*
                                           Honorable James M. Peck
                                           United States Bankruptcy Judge