Presentment Date and Time:  May 3, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  May 3, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

```
-------------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (JMP)
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
-------------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN SUTHERLAND ASBILL & BRENNAN LLP AS SPECIAL TAX COUNSEL, *NUNC PRO TUNC* TO APRIL 1, 2010

PLEASE TAKE NOTICE that the undersigned will present the annexed Application (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") pursuant to §327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ Sutherland Asbill & Brennan LLP as special tax counsel, *nunc pro tunc* to April 1, 2010, all as more fully described in the Application, to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on May 3, 2010 at 12:00 p.m. (Prevailing Eastern Time).

PLEASE TAKE FURTHER NOTICE that objections to the Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Sutherland Asbill & Brennan LLP, 1275 Pennsylvania Ave. NW, Washington, DC, 20004-2415, Attn: Jerome B. Libin, Esq., proposed special tax counsel for the Debtors, **so as to be so filed and received by no later than May 3, 2010 at 11:00 a.m. (prevailing Eastern Time)** (the "<u>Objection Deadline</u>").

        **PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **May 12, 2010 (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 23, 2010
      New York, New York

                      /s/ Richard P. Krasnow
                      Richard P. Krasnow
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone:  (212) 310-8000
                      Facsimile:  (212) 310-8007

                      Attorneys for Debtors
                      and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

------------------------------------------------------------------x
                        :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------x

**APPLICATION OF
THE DEBTORS PURSUANT TO SECTION
327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
AUTHORIZATION TO EMPLOY AND RETAIN SUTHERLAND ASBILL &
BRENNAN LLP AS SPECIAL TAX COUNSEL, *NUNC PRO TUNC* TO APRIL 1, 2010**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), submit this application (the "Application") pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") for authorization to employ Sutherland Asbill & Brennan LLP ("Sutherland" or the "Firm") as special tax counsel *nunc pro tunc* to April 1, 2010, and respectfully represent:

**Background**

        1.     Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

5.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Jurisdiction

6.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

7.      By this Application, the Debtors seek entry of an order, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for authorization to employ and retain Sutherland as special tax counsel *nunc pro tunc* to April 1, 2010.  If this Application is approved, Sutherland will provide services with respect to two audits of the Debtors by the Internal Revenue Service (the "IRS") involving tax years 2001-2005 and 2006-2997, respectively, the Debtors' claim to a refund of taxes paid to the IRS for the 1997-2000 tax years, certain claims filed by the State of New York and the City of New York, and other tax-related issues (the "Representative Matters"), all as more fully described in the Declaration of Jerome B. Libin (the "Libin Declaration"), a copy of which is attached hereto as Exhibit A.

## Sutherland as Ordinary Course Professionals

8.      Sutherland has been performing legal services on behalf of the Debtors as ordinary course professionals in these chapter 11 cases pursuant to the order authorizing the Debtors to employ professionals utilized in the ordinary course of business dated November 5, 2008 [Docket No. 1394] (the "OCP Order").  Pursuant to the procedures set forth in the OCP Order, such retention became effective as of July 11, 2009, 10 days after the affidavit of Jerome B. Libin was filed with the Court.  [Docket No. 4259].  In accordance therewith, Sutherland has previously applied for compensation under the provisions of the OCP Order.

9.      The OCP Order outlines the procedures that all ordinary course professionals must follow in order receive compensation and reimbursement of expenses for services provided to the Debtors.  With respect to any ordinary course professional whose compensation exceeds $1 million during the course of the Debtors' chapter 11 cases, the OCP Order provides, in pertinent part:

"that payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period")…"

"that in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code…"

10.     Beginning with its invoice of April 16, 2010, the fees and expenses that Sutherland has incurred during the Chapter 11 period have exceed the $1 million compensation cap established by the OCP Order ("the "OCP Cap") by approximately $25,000.00. Accordingly, the Debtors now seek to retain Sutherland as special tax counsel as required by the OCP Order.

11.     In addition, the Debtors request that Sutherland's retention as special tax counsel be made effective *nunc pro tunc* to April 1, 2010 to allow Sutherland to be compensated for work performed on behalf of the Debtors after its cumulative fees and expenses exceeded the OCP Cap, but prior to the submission of this Application. Sutherland's initial retention as an ordinary course professional and the compensation provisions under the OCP Order warrant retroactive approval of Sutherland as special tax counsel, particularly since Sutherland provided necessary services to the Debtors and such services are of value to the estate and all parties in interest. *See In re Hasset, Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention application and recognizing that "*nunc pro tunc* applications are disfavored in this Circuit but have been permitted when the attorney performs services of 'value' to the estate" (internal citations omitted)); *see also*, *In re Jarvis*, 53 F.3d 416 (1st Cir. 1995) (finding that a bankruptcy court may grant *post facto* application if employment meets statutory requirements and delay results from extraordinary circumstances); *Matter of Arkansas Co. Inc.*, 798 F.2d 645

(3d Cir. 1986) (opining that bankruptcy courts have discretion in extraordinary circumstances to retroactively approve a professional's employment).

## Basis for Relief

12.    The Debtors' knowledge, information, and belief regarding the matters set forth in this Application are based on and made in reliance upon the Libin Declaration.

13.    The retention of Sutherland under the terms described herein is appropriate under Bankruptcy Code sections 327(e) and 1107(b).  Section 327(e) provides for the appointment of special counsel for a specific purpose where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by counsel. Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).  And section 327(c) of the Bankruptcy Code provides that "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor . . . ."

14.    Simply put, section 327 of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition or represents a creditor in the chapter 11 case provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to

be employed; and (c) the specified special purpose for which counsel is being retained does not

rise to the level of conducting the bankruptcy case for the debtor in possession.  *See In re*

*DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994); *see also In re AroChem Corp.*, 176 F.3d 610, 622

(2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate

are identical with respect to the matter for which special counsel is retained, there is no conflict

and the representation can stand") (emphasis in original); *In re Contractor Tech., Ltd.*, 2006 U.S.

Dist. LEXIS 34466 (S.D. Tex. May 30, 2006) (holding there was no conflict because the firm

represented only eight of the over 400 creditors that had filed claims, and employment extended

to claims on behalf of the trustee only in matters involving entities other than the firm's eight

creditor-clients).

### Sutherland Holds No Disqualifying Adverse Interest
### and its Retention is in the Best Interests of the Debtors and their Estates

15.     Sutherland is a national law firm of more than 400 attorneys with extensive

experience, expertise and knowledge in the field of federal taxation and all related aspects of the

law that are likely to arise with respect to the Representative Matters.

16.     To the best of the Debtors' knowledge, and except as provided in the Libin

Declaration, Sutherland does not represent or hold any interest adverse to the Debtors or their

estates with respect to the matters as to which Sutherland is to be employed.  *See In re AroChem*

*Corp.*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code,

potential conflicts must be evaluated only with respect to the scope of the proposed retention).

The Debtors have been informed that Sutherland will conduct an ongoing review of its files to

ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships

are discovered, Sutherland will supplement its disclosure to the Court.  Furthermore, the Debtors

have consented to and have waived any actual or potential conflicts resulting from Sutherland's

representation of potentially adverse clients in connection with the Debtors' chapter 11 cases, so long as those engagements are not related to and would not cause Sutherland to represent a party adverse to the Debtors in connection with the Representative Matters.

17.     Based on the foregoing and the disclosures set forth in the Libin Declaration, the Debtors believe that Sutherland does not hold or represent an interest adverse to the Debtors' estates that would impair Sutherland's ability to perform professional services with respect to the Representative Matters objectively and in accordance with section 327(e) of the Bankruptcy Code.

18.     To the best of the Debtors' knowledge, neither Sutherland nor any partner, associate, or counsel thereof has any connection with the Debtors, the U.S. Trustee or any Parties in Interest, except as set forth in the Libin Declaration.

19.     Furthermore, by separate applications, the Debtors have sought and obtained the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel.  The Representative Matters do not involve the conduct of the bankruptcy cases.  Additionally, because Sutherland is not serving as the Debtors' bankruptcy counsel, the Debtors believe that Sutherland has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.

20.     Moreover, as discussed in the Libin Declaration, Sutherland was engaged to supplement the services provided by Bingham McCutchen LLP ("Bingham"), the Debtors other special tax counsel, with respect to the Representative Matters.  Accordingly, the services rendered and functions to be performed by Sutherland will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors.  Sutherland will continue to

coordinate with Bingham and the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

21.    Sutherland has stated its desire and willingness to represent the Debtors in the Representative Matters and to render the necessary professional services as special tax counsel to the Debtors.  Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of the estates and creditors, and should be granted in all respects.

## Professional Compensation

22.    The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, propose to compensate Sutherland at the Firm's regular hourly rates for legal and non-legal personnel, and to reimburse Sutherland for all reasonable and necessary expenses pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code.  Sutherland's hourly rate structure ranges from $400 to $900 for partners, $240 to $680 for associates and counsel, and $140 to $400 for paraprofessionals.  These rates may change from time to time in accordance with Sutherland's established billing practices and procedures.

23.    The Debtors submit that such rates and charges are reasonable.  To the extent that any affiliates of the Debtors subsequently commence chapter 11 cases, which are jointly administered with these cases, the Debtors request that the relief herein apply to such affiliates and their respective chapter 11 estates.

## Notice

24.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Application in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for

these cases [Docket No. 2837] on:  (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; and (vi) all parties who have

requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice

need be provided.

25.    Other than pursuant to the retention of Sutherland as an ordinary course

professional, no previous request for the relief sought herein has been made by the Debtors to

this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated:  April 23, 2010
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

**(Declaration of Jerome B. Libin, Esq.)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC., et al.** | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JEROME B. LIBIN, ESQ.**
**IN SUPPORT OF APPLICATION OF THE DEBTORS**
**PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE**
**FOR AUTHORIZATION TO EMPLOY AND RETAIN SUTHERLAND ASBILL &**
**BRENNAN LLP AS SPECIAL TAX COUNSEL, *NUNC PRO TUNC,* TO APRIL 1, 2010**

JEROME B. LIBIN hereby declares under the penalties of perjury:

1.      I am an attorney and partner of the firm Sutherland Asbill & Brennan LLP

("Sutherland" or the "Firm"), proposed special tax counsel for Lehman Brothers Holdings Inc.

("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the

"Debtors," and collectively with their non-debtor affiliates, "Lehman"), and am duly authorized

to make this declaration on the Firm's behalf.  Sutherland maintains offices in several locations,

including 1275 Pennsylvania Avenue, NW, Washington, DC 20004, in which office I am

resident.  I submit this Declaration in support of the Debtors' Application pursuant to § 327(e) of

title 11 of the United States Code (the "Bankruptcy Code") for Authorization to Employ

Sutherland Asbill & Brennan LLP as Special Tax Counsel *Nunc Pro Tunc* to April 1, 2010

(the "Application"), and to comply with § 329 and § 504 of the Bankruptcy Code and Rules

2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      Except as otherwise indicated, I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.[1]  I will supplement this declaration if additional relevant information becomes available concerning any relationship between the creditors or interest holders of the Debtors and Sutherland.

**<u>Sutherland's Prepetition Relationship with the Debtors and the Nature of Retention</u>**

3.      Sutherland is a nationally recognized law firm of over 400 attorneys, with offices in Washington, DC, Atlanta, Georgia, New York, New York, and Austin and Houston, Texas. Sutherland has seven major practice areas – tax, corporate, financial services, energy and environmental, intellectual property, litigation, and real estate.

4.      Sutherland has a strong national reputation in the area of federal taxation, and our tax practice constitutes one of the largest tax practices in the United States.  Our tax practice encompasses every type and area of tax representation, both domestic and international, including business transactions, tax accounting, Internal Revenue Service ("<u>IRS</u>") audit defense and resulting tax controversy and litigation, letter rulings, development of innovative financial products, insurance company and insurance product taxation, employee benefits and executive compensation issues, partnership tax, state and local tax, and planning and controversy aspects of international taxation.  The Firm's tax litigators have appeared before the U.S. Tax Court, U.S. Court of Federal Claims, bankruptcy courts, numerous district courts and U.S. courts of appeals, and the U.S. Supreme Court.

5.      Over the years, many of our lawyers have received national recognition for their work in the tax field.  We are the only law firm to have produced two former commissioners of

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other attorneys and personnel at Sutherland and are based on information provided by them.

Internal Revenue and a chief counsel of the IRS.  Several other of our partners and associates
have held responsible positions in the IRS, the Treasury Department, the Tax Division of the
Justice Department, and the Joint Committee on Taxation of the U.S. Congress.  Five of our
partners have served as chair of the Section of Taxation of the American Bar Association.  A
number of our lawyers have served as officers or council members or as chairs of various
committees and sub-committees of the Section of Taxation and other professional organizations.
One of our partners is a past chair of the Internal Revenue Service Advisory Council and a
former chair of the American College of Tax Counsel.  Another of our partners is a former
president of the International Fiscal Association, which comprises the world's premier
international tax practitioners.  A former partner of ours is currently serving as Benefits Tax
Counsel at the U.S. Treasury Department.

6.      We serve as tax counsel to a number of major corporations, both domestic and
foreign.  We also represent many medium sized and smaller corporations and their shareholders,
as well as cooperatives, partnerships, joint ventures, tax exempt organizations, trusts, estates and
individuals.  By virtue of the size of our tax practice and our varied client base, we are actively
involved in almost every area of federal taxation, from planning the most complex corporate tax
transactions to representing tax payers before the IRS and in tax litigation.

7.      Following the Commencement Date,[2] and at the Debtors' request, Sutherland
provided services to the Debtors as an ordinary course professional pursuant to the Order,
entered on November 5, 2009, Authorizing the Debtors to Employ Professionals Utilized in the
Ordinary Course of Business (the "OCP Order") [Docket No. 1394].

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

8731810.1

8.      Since our engagement by LBHI as an authorized ordinary course professional, we have represented the Debtors with respect to the following tax controversy matters:

a.      The first matter involves a claim for refund of over $500 million where the Debtors will be seeking from the IRS a refund of taxes, penalties and interest paid for the 1997-2000 tax years (the "1997-2000 Refund Claim").  The Debtors' refund claim relates to three significant issues and four subsidiary issues.  Two of the significant issues and all of the subsidiary issues have now been settled, but the Debtors may need to litigate the remaining significant issue in order to recover from the United States the taxes, penalties and interest paid with respect to that issue.  With respect to all three significant issues, Sutherland served as advisory counsel throughout the IRS administrative process.

b.      In the second matter, Sutherland has assisted Lehman's tax department in managing a significant IRS audit of the 2001-2005 tax years (the "2001-2005 Audit").  The IRS has been conducting this audit for approximately twenty-one months and is scrutinizing numerous issues.  While it is difficult to provide an estimate of potential exposure, several significant issues have been identified.  The IRS adjustments with respect to those issues are expected to exceed $1 billion.  While the Debtors may have the opportunity to settle some or all of the issues, it is possible that the Debtors will need to litigate one or more of the contested issues arising from the 2001-2005 Audit.

c.      After the Commencement Date, the IRS opened an audit of the Debtors' 2006-2007 tax returns (the "2006-2007 Audit").  We anticipate that the IRS will carefully scrutinize a variety of transactions, some of which, but not all, are carryover transactions from the 2001-2005 Audit.  As with the 2001-2005 Audit, the Debtors may have the opportunity to

4

settle some or all of the issues; however, there is a possibility that some issues will need to be litigated.

    d.  We anticipate that the tax controversy matters will take more than one year to resolve.  Given the range of tax controversy issues facing the Debtors and the depth and breadth of the IRS's audits, we expect that the Debtors will need to allocate significant resources both to obtain their refund for the tax issues in the 1997-2000 period and to defend their positions with respect to the tax issues in the 2001-2007 period.

    e.  The Debtors have also received New York State and New York City proofs of claims reflecting significant assessments.  There is the possibility that some of the issues raised by New York State and New York City will not be resolved and will require administrative hearings and possibly litigation.

    9.  In each of these matters, Sutherland has worked closely with Bingham McCutchen LLP ("Bingham"), the Debtors other special tax counsel, so that, rather than being duplicative, the services provided to the Debtors by Bingham and Sutherland are complementary. Given the magnitude of the tax matters and the significant amount of work that must be done, we anticipate that Sutherland's fees and expenses may range between $50,000 and $100,000 per month for some period of time.

    10.  Beginning in April of 2010, Sutherland's aggregate fees and expenses incurred during the Debtors' chapter 11 cases will exceed the $1 million compensation cap for ordinary course professionals established by the OCP Order.  Accordingly, and pursuant to the procedures set forth in the OCP Order, Sutherland and the Debtors now seek authority for the Debtors to employ and retain Sutherland as special tax counsel pursuant to section 327(e) of the Bankruptcy Code.

8731810.1

## **Sutherland's Relationship with Other Parties-in-Interest**

11.     Sutherland maintains a database containing the names of current and former clients and certain other parties related to such clients.  I caused Sutherland to review and analyze the conflict database as necessary in connection with this application.

12.     Based upon this research, I have determined that the Firm has been engaged to represent several creditors and parties in interest in connection with their relationships with and/or claims against the Debtors (or one or more affiliates of the Debtors).  These creditors and parties in interest consist of, among others, energy providers, financial services companies, and other parties that are counterparties to energy transactions, derivative contracts, and other types of transactions with one or more of the Debtors (or one or more affiliates of the Debtors).  A list of the entities referred to in this paragraph which the Firm currently represents is attached hereto as Exhibit A.  Each of the Firm's current representations involving the entities identified in Exhibit A is unrelated to the specific subject matter of Sutherland's representation of the Debtors.  In addition, LBHI and such entities have indicated consent to Sutherland's concurrent representation of the entities and Debtors despite the potential conflicts and the Firm has established ethical walls and other procedural safeguards, as appropriate, to ensure its ability to vigorously represent the interests of each of its clients.  The Firm may in the future represent additional creditors or other parties in interest in the Debtors' chapter 11 cases with consent and with respect to matters unrelated to the specific subject matter for which the Debtors have engaged the Firm.  The Firm does not believe that such representations give rise to a conflict, and the parties have, in any event, consented to such concurrent representations.

6

13.     To the best of my knowledge, neither Sutherland nor any attorney at the firm holds or represents any interest adverse to the estate with respect to the tax matters on which Sutherland is to be retained.

14.     As part of its comprehensive legal practice, Sutherland's partners, associates, and counsel have represented in the past, may currently represent, and may represent in the future certain of the Debtors' creditors, equity security holders and other parties in interest (including subsidiaries and other related entities) in matters that are not directly related to the Debtors' chapter 11 cases.

15.     To be retained as special counsel pursuant to section 327(e), Sutherland is not required to meet the "disinterested" standard that would be necessary for retention pursuant to section 327(a).  Nevertheless, I have compared the list of the Debtors' 30 largest unsecured creditors other than bondholders against the list of current Sutherland clients.  Cadwalader, Wickersham & Taft, Citibank, NA and Clifford Chance are current Sutherland clients.  Each of these accounted for less than 1% of Sutherland's revenue since January 1, 2009.

16.     I am not related, and, to the best of my knowledge, no other Sutherland attorney is related, to any United States Bankruptcy or District Judge for the Southern District of New York or to the United States Trustee appointed in these chapter 11 cases.

17.     In the one year prior to the commencement of this bankruptcy proceeding, Sutherland received from Lehman Brothers Commodities Pte Ltd. and Eagle Energy Partners $109,903 for services rendered to these entities and related expenses.  During the 90 days prior to the initiation of LBI's SIPA proceeding, Sutherland provided no services to, and received no payments from, LBI.

18.     The Debtors do not owe the Firm anything for prepetition services.

7

## Professional Services Compensation

19.     Sutherland does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Sutherland is to be employed. Sutherland is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code with respect to these matters.

20.     During the course of this case, Sutherland will invoice the Debtors no less frequently than monthly for services rendered and charges and disbursements incurred. For professional services, Sutherland's fees are based on its guideline hourly rates, which are periodically adjusted.  Presently, Sutherland's hourly rate structure ranges from $400 to $900 for partners, $240 to $680 for associates and counsel, and $140 to $400 for paralegals.  Sutherland separately charges for expenses for such items as photocopying, messenger and delivery or other courier service, computerized research charges, long distance telephone and telecopy charges, secretarial overtime, travel expenses, court filing fees and other charges.

21.     Consistent with the firm's policy with respect to its other clients, Sutherland will continue to charge the Debtors for all services, charges and disbursements provided and/or incurred by third parties in the rendition of services.  These services, charges and disbursements include, among other things, costs for travel, business meals, messengers, couriers, expert consulting services, information technology services and witness fees and other fees related to trials and hearings.

22.     Sutherland has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rate charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved and the complexity, importance and nature of the problems, issues or tasks addressed.  Sutherland intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement

8

of charges and disbursements incurred in connection with its engagement in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of this Court.  Sutherland will seek compensation for the hourly rates set forth above, subject to periodic increases in the normal course of the firm's business, often due to the increased experience of a particular professional.  Sutherland will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors at the then-current rate charged for such services, as set forth above.

23.    No promises have been received by Sutherland, or any attorney of the firm, as to payment or compensation for this case other than in accordance with the provisions of the Bankruptcy Code.  Sutherland has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under § 504(b)(1) of the Bankruptcy Code.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on April 23, 2010.

/s/ Jerome B. Libin
Jerome B. Libin
Partner
Sutherland Asbill & Brennan LLP

8731810.1

## EXHIBIT A TO
## DECLARATION OF JEROME B. LIBIN

1.  Shell Oil Company and subsidiaries/affiliates, including Shell Energy North America (US), L.P. and Shell Trading (US) Company

2.  Cargill Inc. and subsidiaries/affiliates, including Cargill Power Markets, LLC and Carval

3.  AgriBank FCB

4.  U.S. AgBank, FCB

5.  AgFirst Farm Credit Bank

6.  ProShare Advisors LLC and ProFund Advisors LLC

7.  Kraft Foods Finance Europe AG

8.  Philip Morris Finance S.A.

9.  Targa Resources, Inc. and its subsidiaries/affiliates, including Targa Resources Partners LP

10. American Equity Investment Life Insurance Co.

11. Aviva Investors North America, Inc., Aviva S.p.A., Aviva Italia S.p.A., and Aviva Life S.p.A.

12. Vining Sparks IBG, L.P.

13. MidFirst Bank

14. Luminus Energy Partners Master Fund Ltd.

15. Concordia Advisors, LLC

16. Arizona Public Service Company/Pinnacle West

17. Tenor Opportunity Master Fund Ltd.

18. Pacific Life Corporation, Pacific Life Insurance Company and Pacific Life & Annuity Company

19. Protective Life Insurance Company

20. Principal Financial Group and its subsidiaries/affiliates

21. Smith Breeden

22. Hartford Life Insurance Company

23. Bracebridge Capital

24. CUNA

25. Fortress Investment Group

26. Statoil

27. South Mississippi Electric Power Association

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

--------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF SUTHERLAND ASBILL & BRENNAN LLP AS SPECIAL TAX COUNSEL, *NUNC PRO TUNC* TO APRIL 1, 2010

Upon consideration of the application, dated April 23, 2010 (the "Application"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to employ and retain Sutherland Asbill & Brennan LLP ("Sutherland") as special tax counsel *nunc pro tunc* to April 1, 2010, all as more fully described in the Application; and upon the Declaration of Jerome B. Libin (the "Declaration"), a partner at Sutherland, which was filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Declaration, that Sutherland represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Application and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the

United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; and (vi) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and

the Court having found and determined that the relief sought in the Application is in the

best interests of the Debtors, their estates and creditors, and all parties in interest and that

the legal and factual bases set forth in the Application establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that, in accordance with section 327(e) of the Bankruptcy

Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the Southern District of New York (the "Local

Rules"), the Debtors are hereby authorized to employ and retain Sutherland as special tax

counsel to the Debtors on the terms set forth in the Application and this order, effective

*nunc pro tunc* to April 1, 2010; and it is further

ORDERED that Sutherland shall apply for compensation and

reimbursement of expenses in accordance with the procedures set forth in sections 330

and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and

orders of the Court, guidelines established by the U.S. Trustee, and such other procedures

as have been or may be fixed by order of this Court, including but not limited to the

Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy

Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and

the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket

No. 3651].

Dated: May__, 2010
　　　New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE