# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>          Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| LMA SPC for and on behalf of  Map 84 Segregated Portfolio | Deutsche Bank Securities Inc. |
| | Name of Transferor |
| Name of Transferee | Court Claim # (if known): 63582 |
| Name and Address where notices to transferee should be sent: | Amount of Claim:  $430,939.39 (or AUD 532,220.92 using exchange rate of .8097) |
| Knighthead Capital Management<br>623 Fifth Avenue, 29th Floor<br>New York, NY 10033<br>Attn:  Laura Torrado | Date Claim Filed: 11/2/2009 |
| | Phone: |
| Last Four Digits of Acct. #: _____ | Last Four Digits of Acct. #: _____ |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

LMA SPC for and on behalf of Map 84 Segregated Portfolio
By: Knighthead Capital Management, LLC., its
Investment Advisor

By: _____          Date: 4.23.2010
　　　Transferee/Transferee's Agent
　　　　　Laura Torrado
　　　　　General Counsel

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

463-1000/COURT/2577438.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings, Inc. et al.          Case No. 08-13555 (JMP) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 63582 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on          .

| Deutsche Bank Securities Inc. | LMA SPC for and on behalf of MAP 84 Segregated Portfolio |
|---|---|
| Name of Alleged Transferor | |
| | Name of Transferee |
| Address of Alleged Transferor: | |
| | Address of Transferee: |
| Attn: | |
| Tel: | |
| Fax: | Knighthead Master Fund, L.P. |
| Email: | c/o Knighthead Capital Management |
| | 623 Fifth Avenue, 29th Floor |
| | New York, NY 10033 |
| | Attn: Laura Torrado |
| | Tel: 212-356-2914 |
| | Fax: 212-356-3933 |
| | Email: ltorrado@knighthead.com |

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____

                                        CLERK OF THE COURT

463-1000/COURT/2577438.1

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Deutsche Bank Securities Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **LMA SPC for and on behalf of the MAP 84 Segregated Portfolio** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest to the claim specified in <u>Schedule 1</u> attached hereto (the "Purchased Claim"), and in Seller's right, title and interest in, to and under Proof of Claim Number <u>63582</u> filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") and the claim underlying the Proof of Claim (the "Purchased Claim"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the attached Agreement and Evidence of Transfer of Claim (the "Upstream Agreement"), dated as of March 3, 2010, by and between AXA Wholesale Core Australian Fixed Interest Fund (AXAWCAFI), by Alliance Bernstein, its Investment Manager (the "Upstream Party"), as seller, and Seller, as purchaser, under which Seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim, including those specified in <u>Schedule 1</u> attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) solely to the same extent that Seller received such ownership and title from the Upstream Party, Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (b) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (c) assuming the truth and accuracy of the representations and warranties made to Seller by the Upstream Party in the Upstream Agreement, the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; (d) Seller does not and did not on the filing date hold any funds or property of or owe any amounts or property to the Debtor or any affiliate of the Debtor, (e) Seller has delivered to Buyer true and correct copies of all documents from and after the filing date pursuant to which the Transferred

Claims or any portion of them were transferred or sold; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment per dollar of claim than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including without limitation, reasonable attorney's fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other

jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 19 day of April 2010.

**Deutsche Bank Securities Inc.**

By: _C. J. Lanktree_
Name:
Title:  **Charles J. Lanktree**
        **Director**


Attn:   _Scott G. Martin_
Tel:        Managing Director
Fax:
Email:

**LMA SPC for and on behalf of the MAP 84 Segregated Portfolio**
By:  Knighthead Capital Management, LLC, its Investment Manager

By: _____
Name:
Title:  **Laura L. Torrado**
        **Authorized Signatory**
623 5th Avenue, 29th Floor
New York, New York 10022
Attn: Laura L. Torrado, Esq
Tel: (212) 356-2914
Fax (212) 356-3921
Email: ltorrado@knighthead.com

Schedule 1

Transferred Claims

Purchased Claim

2.453703**7%** of Claim 63582 in the amount of USD430,959.39 (equivalent to AUD$532,220.92, which is 2.453703**7%** of the outstanding amount of the Proof of Claim)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| AUD$250,000,000.00 Fixed Rate Australian Domestic Notes due 24 August 2001 by Lehman Brothers Treasury Co. B.V. | AU300LBTC011 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD$530,000.00 (or USD429,141.12 @ .8097) | 6.65% | August 24, 2011 | AUD2,220.92 (equal to 23 days of interest) (equivalent to USD1,798.28 @ .8097) |

Schedule 1-1