UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF ALBERT S. MISHAAN ON BEHALF OF KASOWITZ, BENSON, TORRES & FRIEDMAN LLP PURSUANT TO SECTIONS 327, 328(A), 329 AND 504 OF THE BANKRUPTCY CODE AND RULES 2014(A) AND 2016(B) OF THE BANKRUPTCY RULES**

Albert S. Mishaan, being duly sworn, deposes and says:

1. I am a partner in the law firm of Kasowitz, Benson, Torres & Friedman LLP ("KBT&F" or the "Firm"), which maintains its principal offices at 1633 Broadway, New York, New York 10019, and I am duly authorized to make this second supplemental declaration (the "Second Supplemental Declaration") on the Firm's behalf.

2. On January 11, 2010, Lehman Brothers Holdings Inc. and its affiliated debtors (collectively, the "Debtors") filed, by notice of presentment, the *Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Kasowitz, Benson, Torres & Friedman LLP, as Special Litigation Counsel, Nunc Pro Tunc to January 6, 2010* (the "Application") [Docket No. 6595]. No objections to the Application were received and on January 28, 2010 an Order was entered approving the retention [Docket No. 6808].

3. In my Declaration sworn to on January 7, 2010 (the "Original Declaration"), which was submitted in connection with the retention of KBT&F as special counsel to the Debtors, I stated that "[i]f I obtain additional information that requires further disclosure or modification of the Application or the Declaration, I will file a supplemental declaration with the

Court." Declaration at ¶ 3. Subsequently on February 17, 2010, I supplemented my Original Declaration [Docket No. 7141] (the "Supplemental Declaration"). Since that time, KBT&F has acquired additional information to disclose to the Court. Thus, I submit this Second Supplemental Declaration in accordance therewith to supplement my prior declarations.

4. To the extent that any information disclosed herein requires additional amendment or modification upon KBT&F's completion of further analysis or as additional information becomes available, one or more additional supplemental declarations will be submitted to the Court accordingly.

### Additional Disclosure

5. While KBT&F was performing the conflict check described in the Original Declaration, *see* Original Declaration at ¶¶ 5-7, KBT&F was simultaneously engaged in a conflict check with respect to its retention as special litigation counsel to the Official Committee of Unsecured Creditors (the "Capmark Committee") in the bankruptcy case *Capmark Financial Group, Inc., et al.,* Case No. 09-13684 (CSS), pending in the United States Bankruptcy Court for the District of Delaware, that is unrelated to KBT&F's retention in these Cases (the "Capmark Representation"). As a result of this conflicts check, it was revealed that Lehman Brothers Holdings, Inc. and Lehman Commercial Paper, Inc. are or were secured lenders of Capmark Financial Group, Inc. and its guarantor subsidiaries. Possibly, due to the simultaneous nature of the conflict checks, the reports generated from the KBT&F conflict check database did not reveal the Capmark Representation, at that time.

6. Moreover, while in the process of implementing an ethical wall in connection with its retention, as provided for in the Original Declaration, *see* Original Declaration at ¶¶ 17-18, KBT&F became aware of another client, Lloyds TSB Bank plc ("Lloyds"), who may have

2

an interest in these Cases that is unrelated to KBT&F's retention in these Cases (the "Lloyds Representation").

7. In addition, since the filing of the Supplemental Declaration, KBT&F has been retained by Jeffrey Soffer and Fontainebleau Resorts, LLC (together, the "Fontainebleau Parties"), to defend them in two adversary proceedings, Adv. Pro. Nos. 10-02821 (JMP) and 10-02823 (JMP), brought by one or more of the Debtors, that are unrelated to KBT&F's retention in these Cases (the "Fontainebleau Representations"). As previously disclosed in my Original Declaration, KBT&F also represents the Fontainebleau Parties in other matters involving the Debtors.

8. Because the Capmark Representation, the Lloyds Representation, and the Fontainebleau Representations were not disclosed in the Original Declaration or Supplemental Declaration, I submit this Second Supplemental Declaration to disclose these representations.

9. These representations are unrelated to the matters for which KBT&F is retained by the estates. In addition, the Debtors, the Capmark Committee, Lloyds, and the Fontainebleau Parties have consented to, or will consent to, and have waived, or will waive, any potential conflicts resulting from KBT&F's simultaneous representation of the Capmark Committee, Lloyds, the Fontainebleau Parties and the Debtors in connection with the Debtors' chapter 11 cases.

10. In my Original Declaration, I stated that Jeffrey R. Gleit, a member of KBT&F, would assist the attorneys and non-attorneys who are involved in KBT&F's representation of the Debtors (the "Debtors' Team") with bankruptcy related issues. Original Declaration at ¶ 17. Mr. Gleit will no longer be part of the Debtors' Team, and instead, Robert M. Novick will take his place as part of the Debtors' Team. Mr. Novick has, in the past, assisted in the representation of

3

clients who may have an interest in these Cases that is unrelated to KBT&F's retention in these Cases (the "Creditors' Team"), however, one of these representations has been substantially concluded and with respect to the other, Mr. Novick has only provided minimal assistance. From the date hereof, Mr. Novick will be walled off from the Creditors' Team and will only work with the Debtors' Team going forward.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Second Supplemental Declaration was executed on April 22, 2010.

Dated: April 22, 2010
       New York, New York

                                              /s/ Albert S. Mishaan
                                              Albert S. Mishaan