WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MERIT, LLC** | : | **09-17331 (JMP)** |
| | : | |
| Debtor. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LB SOMERSET LLC** | : | **09-17503 (JMP)** |
| | : | |
| Debtor. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LB PREFERRED SOMERSET LLC** | : | **09-17505 (JMP)** |
| | : | |
| Debtor. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**MOTION OF MERIT, LLC, LB SOMERSET LLC, AND**
**LB PREFERRED SOMERSET LLC PURSUANT TO SECTION**
**502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 3003(c)(3) FOR ESTABLISHMENT OF A DEADLINE FOR**
**FILING PROOFS OF CLAIM, APPROVAL OF THE FORM AND MANNER**
**OF NOTICE THEREOF AND APPROVAL OF THE PROOF OF CLAIM FORM**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Merit, LLC ("Merit"), LB Preferred Somerset LLC ("LB Preferred"), and LB

Somerset LLC ("LB Somerset" and together with Merit and LB Preferred, the "New Debtors")

file this Motion and respectfully represent:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter, Lehman

Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Merit commenced its chapter 11 case on December 14, 2009 and the chapter 11 cases of LB

Preferred and LB Somerset commenced on December 22, 2009 (as applicable, the

"Commencement Dates").  The New Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered with the above captioned chapter 11

cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").  The New Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On July 2, 2009, this Court entered an order establishing September 22,

2009 as the deadline for filing proofs of claim, approving the form and manner of notice thereof,

and approving the proof of claim form in the above captioned chapter 11 cases that were then

pending (the "Initial Bar Date Order") [Docket No. 4271].

4.     On February 12, 2010, the New Debtors filed their Schedules of Assets

and Liabilities (the "Schedules") and their Statements of Financial Affairs.

### Jurisdiction

5.     This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Relief Requested

6.     Pursuant to section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3)

of the Bankruptcy Rules, the New Debtors request the Court: (i) establish **June 2, 2010 at 5:00**

**p.m. (prevailing Eastern Time)** as the last date and time (the "Bar Date") for each person or

entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts

and governmental units) to file proofs of claim against the New Debtors based on claims that

arose prior to the New Debtors' respective Commencement Dates (each a "Proof of Claim"); (ii)

approve the Proof of Claim Form (as defined below); (iii) approve the proposed Bar Date Notice

(as defined below); and (iv) approve the proposed notice procedures.[1]

### The Bar Date

7.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time

within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the

Bankruptcy Code.  Pursuant to Bankruptcy Rule 3003(c)(2), any creditor who asserts a claim

against the New Debtors that arose prior to the applicable Commencement Dates, and whose

---

[1] Governmental Units will have until June 21, 2010 at 5:00 p.m. (prevailing Eastern Time), a date that is at least 180 days after the order for relief, to file proofs of claim.

claim is not scheduled in the New Debtors' Schedules or whose claim is listed on the Schedules as disputed, contingent or unliquidated, must file a Proof of Claim.

8.    Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide. . . ." 11 U.S.C. § 502(b)(9).

9.    Fixing of the Bar Date will enable the New Debtors to receive, process and begin their analysis of creditors' claims in a timely and efficient manner and proceed to expeditiously conclude the administration of these chapter 11 cases.  Based on the procedures set forth below, the proposed Bar Date will give creditors ample opportunity to prepare and file Proofs of Claim.

10.    Pursuant to the proposed order annexed hereto as Exhibit 1 (the "Bar Date Order"), each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the New Debtors that arose prior to the applicable Commencement Date must file an original, written proof of such claim that substantially conforms to the form attached as Exhibit B to the proposed Bar Date Order (the "Proof of Claim Form"), so as to be received on or before the Bar Date by the Court or the New Debtors' Court-approved claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq").  The original Proof of Claim should be sent or hand-delivered to the following address:

<u>If by overnight mail or hand delivery, to:</u>          <u>If by first-class mail, to:</u>

Epiq Bankruptcy Solutions, LLC                    Lehman Brothers Holdings Claim Processing
Attn: Lehman Brothers Holdings Claims             c/o Epiq Bankruptcy Solutions, LLC
Processing                                        FDR Station, P.O. Box 5076
757 Third Avenue, 3rd Floor                       New York, New York  10150-5076
New York, New York 10017

or by hand delivery to:

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims
Processing
One Bowling Green
New York, New York 10004-1408

The New Debtors request the proposed Bar Date Order provide that: (i) the Court and Epiq will

**<u>not</u>** accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and (ii)

Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are **<u>actually</u> <u>received</u>**

by the Court or Epiq on or before the Bar Date in accordance with the requirements set forth

herein.

       11.    Pursuant to the proposed Bar Date Order, the following persons or entities

are **<u>not</u>** required to file a Proof of Claim on or before the Bar Date:

      i.    any person or entity whose claim is listed on the Schedules and (i) whose claim is **<u>not</u>** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount, priority or nature of the claim set forth in the Schedules;

      ii.    any person or entity whose claim has been paid in full by the New Debtors;

      iii.    any person or entity that holds an interest in the New Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the New Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale,

issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

iv.    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

v.    any holder of a claim for which a separate deadline is fixed by this Court;

vi.    any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or New Debtors' Court-approved claims agent, Epiq, against the New Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form;

vii.    any holder of a claim solely against any entity affiliated with the New Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding, in foreign jurisdiction; and

viii.    any entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List").

12.    The proposed Bar Date Order provides that any current or former affiliate of the New Debtors that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the New Debtors that arose prior to the applicable Commencement Date must file a Proof of Claim in accordance with the procedures set forth in this Motion, unless such claim is not required to be filed pursuant to paragraph 11 of this Motion.

13.    The proposed Bar Date Order further provides that any person or entity or governmental unit that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date and (ii) the date that is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

14.     In the event the New Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the New Debtors propose that the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

15.     Further, in the interest of administrative efficiency, the Bar Date Order will explicitly provide that third parties are not permitted to assert claims on behalf of another party, and that claims asserted by persons other than those who are legally entitled and authorized to assert such claim shall be disallowed.

### Proof of Claim Form

16.     The proposed Bar Date Order provides that each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the applicable Commencement Date; (iii) conform substantially with the Proof of Claim Form, which is attached as <u>Exhibit B</u> to the proposed Bar Date Order; (iv) state the name and case number of the specific New Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  In order to minimize confusion, the Proof of Claim Form is substantially similar to the proof of claim form that was approved pursuant to the Initial Bar Date Order.

## Consequences of Failure to File a Proof of Claim

17.     Pursuant to Bankruptcy Rule 3003(c)(2), the New Debtors request that any

holder of a claim against the New Debtors who is required to file a proof of such claim in

accordance with the Bar Date Order, specifying the applicable New Debtor and other

requirements set forth in the Bar Date Order, but fails to do so on or before the Bar Date shall be

forever barred, estopped, and enjoined from asserting such claim against the New Debtors (or

filing a Proof of Claim with respect thereto), and the New Debtors and their property shall be

forever discharged from any and all indebtedness or liability with respect to such claim.

Moreover, the holder of such claim shall not be permitted to vote to accept or reject any plan of

reorganization or liquidation filed in these chapter 11 cases, participate in any distribution in

these chapter 11 cases on account of such claim, or receive further notices regarding such claim.

## Notice of the Bar Date

18.     Pursuant to Bankruptcy Rule 2002(a)(7), the New Debtors propose to mail

bar date notices for filing Proofs of Claim, in a form substantially similar to the notice attached

as Exhibit A to the proposed Bar Date Order (the "Bar Date Notice"), and a Proof of Claim

Form, in a form substantially similar to the form attached as Exhibit B to the proposed Bar Date

Order, to the following parties (collectively, the "Notice Parties"):

     i.    the U.S. Trustee;

    ii.    attorneys for the Creditors' Committee;

   iii.    all known holders of claims listed on the Schedules at the addresses stated
         therein;

   iv.    all parties known to the New Debtors as having potential claims against
         the New Debtors' estates;

    v.    all counterparties to the New Debtors' executory contracts and unexpired
         leases listed on the Schedules at the addresses stated therein;

vi.    all parties to litigation with the New Debtors (as of the date of the entry of the Bar Date Order);

vii.    the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

viii.    all parties who have requested notice pursuant to Bankruptcy Rule 2002.

19.    The proposed Bar Date Notice will provide adequate notice to parties of the Bar Date. It contains information about who must file a Proof of Claim, the procedure for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. The New Debtors request the Court approve the use of the Bar Date Notice.

**The Proposed Notice Procedures are Reasonable and Adequate**

20.    Epiq is the authorized noticing and claims agent for the Court with respect to the New Debtors' chapter 11 cases. Epiq is responsible for, among other things, maintaining a database of the Schedules and maintaining and docketing Proofs of Claim filed in these chapter 11 cases.

21.    To facilitate and coordinate the claims reconciliation and provide notice of the Bar Date, Epiq will mail the Bar Date Notice along with the Proof of Claim Form to each Notice Party, together with instructions for filing the Proof of Claim. Epiq will also post the Proof of Claim Form, along with instructions for filing Proofs of Claim on the website established in these chapter 11 cases (http://www.lehman-docket.com). The Bar Date Notice shall also provide that the New Debtors' Schedules may be accessed through the same website (http://www.lehman-docket.com) or by contacting Epiq at (866) 879-0688.

22.    Given the very small number of third parties holding claims against the New Debtors, the New Debtors do not believe that publication of the Bar Date Notice is

necessary or cost-efficient.  The New Debtors are confident that they have identified all such

claimants and will be able to serve copies of the Bar Date Notice on each of them pursuant to the

procedures described above.

23.     The New Debtors have been advised that Epiq will be ready to mail the

Proof of Claim Forms and the Bar Date Notices upon entry of the Bar Date Order.  If such relief

is granted and an order is entered by the Court on April 27, 2010, Epiq will be able to complete

the mailing of the Bar Date Notices and the Proof of Claim Forms on the same day.

24.     By establishing June 2, 2010 as the Bar Date, all creditors of the New

Debtor should have at least thirty-five (35) days' notice of the Bar Date for filing Proofs of

Claim.

### Objections to Claims

25.     The New Debtors reserve their rights to object to any Proof of Claim on

any grounds.  The New Debtors reserve their rights to dispute, or to assert offsets or defenses to,

any claim reflected on the Schedules, or any amendments thereto, as to amount, liability,

classification, or otherwise, and to subsequently designate any claim as disputed, contingent,

unliquidated, or undetermined.

26.     Based on the foregoing, the New Debtors submit that the relief requested

herein is necessary and appropriate, is in the best interests of their estates and creditors, and

should be granted in all respects.

### Notice

27.     Pursuant to General Order M-279 of this Court, the New Debtors have

submitted this Motion to the Creditors' Committee for their review and comment.  The

Creditors' Committee has informed the New Debtors that they approve the form and substance

of this Motion.  Accordingly, the relief requested in this Motion may be approved without further

notice to any party.

28.    No trustee has been appointed in these chapter 11 cases. The New Debtors

have served notice of this Motion in accordance with the procedures set forth in the order entered

on February 13, 2009 governing case management and administrative procedures for these cases

[Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; and (vi) all parties who have requested

notice in these chapter 11 cases. The New Debtors submit that no other or further notice need be

provided.

29.    Other than the Initial Bar Date Motion, no previous request for the relief

sought herein has been made to this or any other Court.

WHEREFORE the New Debtors respectfully request entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:  April 27, 2010
        New York,  New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors In Possession

## Exhibit 1

**Bar Date Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MERIT, LLC** | : | **09-17331 (JMP)** |
| | : | |
| Debtor. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LB SOMERSET LLC** | : | **09-17503 (JMP)** |
| | : | |
| Debtor. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LB PREFERRED SOMERSET LLC** | : | **09-17505 (JMP)** |
| | : | |
| Debtor. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 502(b)(9)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING**
**PROOFS OF CLAIM WITH RESPECT TO MERIT, LLC, LB SOMERSET**
**LLC, AND LB PREFERRED SOMERSET LLC, APPROVING THE FORM AND**
**MANNER OF NOTICE THEREOF AND APPROVING THE PROOF OF CLAIM FORM**

Upon the motion, dated April 27, 2010 (the "Motion"),[2] of Merit, LLC,

LB Somerset LLC, and LB Preferred Somerset LLC, as debtors and debtors in possession

in the above referenced chapter 11 cases (collectively, the "New Debtors"), pursuant to

section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) seeking an

---

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

order (i) establishing the deadline for filing proofs of claim, (ii) approving the form and

manner of notice thereof, and (iii) approving the proof of claim form, all as more fully set

forth in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern

District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided to the Notice

Parties; and it appearing that no other or further notice need be provided; and the Court

having determined that the relief sought in the Motion is in the best interests of the New

Debtors, their creditors and all parties in interest; and the Court having determined that

the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefore, it is

   ORDERED that the Motion is granted; and it is further

   ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules,

and except as otherwise provided herein, **June 2, 2010 at 5:00 p.m. (prevailing Eastern

Time)** is established as the deadline (the "<u>Bar Date</u>") for each person or entity (including,

without limitation, each individual, partnership, joint venture, corporation, estate, trust

and governmental unit) to file proofs of claim (each a "<u>Proof of Claim</u>") based on

prepetition claims (as defined in section 101(5) of the Bankruptcy Code) against the New

Debtors; and it is further

ORDERED, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before June 21, 2010 at 5:00 p.m. (prevailing Eastern Time), a date that is at least 180 days after the order for relief; and it is further

ORDERED that, for the avoidance of doubt, nothing in this Order authorizes any party to file any claims against any of the Debtors in the above referenced chapter 11 cases other than the New Debtors; and it is further

ORDERED that all Proofs of Claim filed against the New Debtors must substantially conform to the form attached as <u>Exhibit B</u> hereto ("<u>Proof of Claim Form</u>") and must be received on or before the Bar Date by the Court or the official claims and noticing agent in the New Debtors' chapter 11 cases, Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>"). The original Proof of Claim Form should be sent to the following address:

If by overnight mail or hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by first-class mail, to:

Lehman Brothers Holdings Claims
Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, New York  10150-5076

or by hand delivery to:

Clerk of the United States Bankruptcy
Court
Attn: Lehman Brothers Holdings Claims
Processing
One Bowling Green
New York, New York 10004-1408

; and it is further

ORDERED that Proofs of Claim will be deemed timely filed only if **actually received** by the Court or Epiq on or before the Bar Date; and it is further

ORDERED that the Court and Epiq shall not be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

(a)      any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount, priority or nature of the claim set forth in the Schedules;

(b)      any person or entity whose claim has been paid in full by the New Debtors;

(c)      any person or entity that holds an interest in the New Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the New Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(d)      any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(e)      any holder of a claim for which a separate deadline is fixed by this Court;

(f)      any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or New Debtors' Court-approved claims agent, Epiq, against the New Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form;

(g)      any holder of a claim solely against any entity affiliated with the New Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding, in foreign jurisdiction; and

(h)     any entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List");

and it is further

ORDERED that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so; and it is further

ORDERED that each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially with the Proof of Claim Form; (iv) state the name and case number of the specific New Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or by an authorized agent of the claimant; and it is further

ORDERED that the website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim; and it is further

ORDERED that if a holder asserts a claim against more than one of the New Debtors, a separate Proof of Claim must be filed with respect to each New Debtor; and it is further

ORDERED that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against the New Debtors who is required, but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date specifying the applicable New Debtor and other requirements set forth herein, shall be forever barred, estopped and enjoined from asserting such claim against the New Debtors (or filing a Proof of Claim with respect thereto), and the New Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan concerning the New Debtors, or participate in any distribution in the New Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in substantially the form attached as Exhibit A hereto (the "Bar Date Notice"), which Bar Date Notice is approved in all respects, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before April 27, 2010 upon:

      (a)      the U.S. Trustee;

      (b)      attorneys for the Creditors' Committee;

      (c)      all known holders of claims listed on the Schedules at the addresses stated therein;

      (e)      all parties known to the New Debtors as having potential claims against the New Debtors' estates;

      (f)      all counterparties to the New Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

      (g)      all parties to litigation with the New Debtors (as of the date of the entry of the Bar Date Order);

(h)     the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i)     all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

ORDERED that the New Debtors shall mail one or more Proof of Claim Forms (as appropriate) to all parties listed in the preceding paragraph, together with instructions for filing a Proof of Claim; and it is further

ORDERED that, if the New Debtors amend or supplement their Schedules subsequent to the date hereof, the New Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be required to file Proofs of Claim in respect of their claims prior to the later of (i) the Bar Date and (ii) thirty (30) days from the date on which such notice is given, or be forever barred from doing so; and it is further

ORDERED that Proofs of Claims may only be filed by parties that are authorized to file such claims in accordance with Bankruptcy Code and the Bankruptcy Rules; and it is further

ORDERED that any current or former affiliate of the New Debtors, other than affiliates listed on the Exempt Entities List, that has a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the New Debtors that arose prior to the applicable Commencement Date must file a Proof of Claim in accordance with this Order or be forever barred from doing so; and it is further

ORDERED that nothing in this Order shall prejudice the right of the New Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that the New Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the New Debtors in these chapter 11 cases; and it is further

ORDERED that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the New Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the New Debtors or be forever barred from voting upon any chapter 11 plan of the New Debtors, from receiving any payment or distribution of property from the New Debtors, New Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against the New Debtors.

Dated:  April ___, 2010
      New York,  New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

**Notice of Bar Date**

US_ACTIVE:\43308356\05\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,           :        **08-13555 (JMP)**
                                                       :
                                    **Debtors.**       :        **(Jointly Administered)**
-------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**MERIT, LLC**                                         :        **09-17331 (JMP)**
                                                       :
                                    **Debtor.**        :        **(Jointly Administered)**
-------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LB SOMERSET LLC**                                    :        **09-17503 (JMP)**
                                                       :
                                    **Debtor.**        :        **(Jointly Administered)**
-------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LB PREFERRED SOMERSET LLC**                          :        **09-17505 (JMP)**
                                                       :
                                    **Debtor.**        :        **(Jointly Administered)**
-------------------------------------------------------------------x

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS
AGAINST ANY OF THE DEBTORS LISTED BELOW:

      PLEASE TAKE NOTICE THAT, on April 27, 2010, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of Merit, LLC, LB Somerset LLC, and LB Preferred Somerset LLC, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "<u>New Debtors</u>"), entered an order (the "<u>Bar Date Order</u>") establishing **June 2, 2010, at 5:00 p.m. (prevailing Eastern Time**) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("<u>Proof of Claim</u>") based on prepetition claims against the New Debtors (the "<u>Bar Date</u>"). The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the New Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "<u>Commencement Date</u>"), the date on which the New Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), as set forth in Schedule A hereto.

      **If you have any questions with respect to this Notice, please feel free to contact the New Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") at (866)-879-0688**.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.  PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

Some parties are required to file a Proof of Claim in order to preserve their claim against the New Debtors.  Other parties are not required to file a Proof of Claim in order to preserve their claim against the New Debtors.  The following is a summary explanation of each.

1.       WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a **Proof of Claim** to share in the New Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the New Debtors that arose before the applicable Commencement Date, may give rise to claims against the New Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date.  Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.       WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM

You need not file a Proof of Claim if:

     i.    Your claim is listed on the Schedules and (i) is **<u>not</u>** described as "disputed," "contingent," or "unliquidated," and (ii) you do **<u>not</u>** dispute the amount, priority or nature of the claim set forth in the Schedules;

     ii.    Your claim has been paid in full by the New Debtors;

     iii.    You hold an interest in the New Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the New Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

     iv.    You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

     v.    You hold a claim for which a separate deadline is fixed by this Court;

     vi.    You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or New Debtors' court-approved claims agent, Epiq, against the New Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form;

     vii.    You hold a claim solely against any entity affiliated with the New Debtors that is involved in a bankruptcy or  insolvency proceeding or similar proceeding, in foreign jurisdiction;

     viii.    You are an entity included on the Exempt Entities List available on the New Debtors' website http://www.lehman-docket.com (the "<u>Exempt Entities List</u>").

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without your filing a Proof of Claim.  Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a New Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE NEW DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE NEW DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.  MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

3.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4.      **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

If by overnight mail or hand delivery, to:        If by first-class mail, to:

Epiq Bankruptcy Solutions, LLC                    Lehman Brothers Holdings Claims Processing
Attn: Lehman Brothers Holdings Claims Processing  c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor                       FDR Station, P.O. Box 5076
New York, New York 10017                          New York, New York  10150-5076

or by hand delivery to:

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims
Processing
One Bowling Green
New York, New York 10004-1408

Proofs of Claim will be deemed timely filed only if **actually received** by the Court or Epiq on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

Governmental units may have until June 21, 2010 at 5:00 p.m. (prevailing Eastern Time), a date that is at least 180 days after the order for relief, to file proofs of claim.

In the event the New Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the New Debtors will notify the affected claimant of such amendment and the affected claimant will be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

**5.        WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States; (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific New Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or by an authorized agent of the claimant.

If you are asserting a claim against more than one of the New Debtors, a separate Proof of Claim must be filed with respect to each such New Debtor.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, ATTACH A SUMMARY.**

**6.        CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date specifying the applicable New Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the New Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the New Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the New Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the New Debtors' chapter 11 cases.

**7.        THE NEW DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the New Debtors in the Schedules.  Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the New Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:        April __, 2010                                    BY ORDER OF THE COURT
               New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## **Exhibit B**

**Proof of Claim Form**

08-13555-mg    Doc 8664    Filed 04/27/10    Entered 04/27/10 14:14:34    Main Document
Pg 27 of 28

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Merit, LLC | In Re: LB Somerset LLC | In Re: LB Preferred Somerset LLC |
|---|---|---|
| Chapter 11 Case No. 09-17331 (JMP) | Chapter 11 Case No. 0917503 (JMP) | Chapter 11 Case No. 09-17505 (JMP) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
   *(If known)*

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

Telephone number:                    Email Address:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:                    Email Address:

**1.    Amount of Claim as of Date Case Filed:** $ _____
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

**2.    Basis for Claim:** _____
    (See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** _____
    **3a. Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side.)

**4.    Secured Claim** (See instruction #4 on reverse side.)
    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
    Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
    Describe: _____
    Value of Property: $_____ Annual Interest Rate _____%
    Amount of arrearage and other charges as of time case filed included in secured claim, if any:
    $_____ Basis for perfection: _____

    **Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
    (See instruction #6 on reverse side.)

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.    Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| 09-17331    Merit, LLC | 09-17503    LB Somerset LLC |
| 09-17505    LB Preferred Somerset LLC | |

If your Claim is against more than one of the Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure ("FRBP") 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state the annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.