**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                     :
In re                                :      Chapter 11
                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :   Case No. 08-13555 (JMP)
                                     :
        Debtors.                     :      (Jointly Administered)
                                     :
------------------------------------------------------------x
```

**STIPULATION, AGREEMENT AND ORDER BETWEEN LEHMAN BROTHERS**
**HOLDINGS INC., SKANDINAVISKA ENSKILDA BANKEN AB (PUBL)**
**AND JPMORGAN CHASE BANK, N.A. REGARDING (1) TURNOVER**
**OF POST-PETITION DEPOSITS AND (2) RETURN OF MISDIRECTED WIRES**

This stipulation, agreement and order (the "Stipulation, Agreement and Order") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI"), Skandinaviska Enskilda Banken AB (publ) ("SEB") and JPMorgan Chase Bank, N.A. ("JPM") by and through their respective counsel. LBHI, SEB and JPM are each referred to herein as a "Party," and together, the "Parties" in this Stipulation, Agreement and Order.

## RECITALS

A.    On September 15, 2008 (the "Commencement Date"), LBHI commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. LBHI is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The General Deposit Account

B.    Prior to the Commencement Date, LBHI established and maintained a general deposit account with SEB, located in Denmark. The account is identified as No. 5295-0017001256 (the "Account") and is denominated in Danish Krone ("DKK").

1

C.      Shortly after the Commencement Date, SEB placed an administrative freeze on the Account preventing LBHI from withdrawing any funds in the Account, but still allowing monies to be deposited and/or wired into the Account.

D.      The pre-petition balance in the Account on September 15, 2008 was DKK 12,884,430.50 (the "Pre-Petition Funds").  From the Commencement Date through November 18, 2009, various deposits and/or wire transfers totaling DKK 9,148,250.16 (the "Post-Petition Funds") have been deposited into the Account.

The Motion

E.      Subsequent to the Commencement Date, SEB has cooperated with professionals of LBHI and its affiliate debtors with respect to the Account, reconciling claims between SEB, LBHI and/or LBHI's affiliate debtors, and contending that SEB preserves any rights of setoff it may have with respect to the Pre-Petition Funds.  SEB represents that, since the Commencement Date, it has not effectuated, taken any steps to effectuate, nor threatened to effectuate, any right of setoff it may have against the Pre-Petition Funds.

F.      On January 22, 2010 [Docket No. 6737], LBHI filed the *Debtors' Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code for an Order Enforcing the Automatic Stay Against and Compelling Payment of Post-Petition Funds by Skandinaviska Enskilda Banken AB* (the "Motion").  By the Motion, LBHI sought the entry of an Order (i) enforcing the automatic stay and directing SEB to release the administrative freeze placed on all funds deposited and/or wired into the Account after the Commencement Date; and (ii) compelling SEB to pay LBHI all amounts deposited and/or wired into the SEB Account after the Commencement Date.

The Misdirected Wires

G.      Subsequent to the Commencement Date, on February 12, 2009 (DKK 5,000,000)

and February 13, 2009 (DKK 3,000,000), JPM wired two payments (the "Transfers") into the

Account totaling DKK 8,000,000.00 (the "Misdirected Funds").  JPM informed LBHI that the

Transfers were made in error and requested that LBHI return the Misdirected Funds.

H.       JPM has provided LBHI the following information concerning the Transfers, as to

which JPM warrants and represents to LBHI: (i) JPM is the equitable and beneficial holder of the

Misdirected Funds; (ii) JPM is not aware of any claim to the Misdirected Funds asserted by

another person or entity; and (iii) that the information provided by JPM to LBHI is true and

accurate.  In reliance upon the foregoing and having conducted its own review and investigation,

LBHI has decided to return the Misdirected Funds to JPM.

## SETTLEMENT

I.       Given the uncertainty, burden and expense of litigation, the Parties commenced

negotiations with regard to a potential resolution of the Motion and the return of the Misdirected

Funds.  Those negotiations have resulted in a compromise and settlement among the Parties, the

terms of which are set forth below.

J.       In settlement of the Motion, SEB has agreed to remove the administrative freeze

on the account with respect to the Post-Petition Funds and to turnover the Post-Petition Funds at

LBHI's direction as follows: (i) DKK 8,000,000.00 will be transferred to JPM and (ii) the

balance of the Post-Petition Funds, including DKK 1,148,250.16 plus any additional post-

petition deposits or wire transfers into the Account and all accrued interest, including, without

limitation, interest earned on the Misdirected Funds, will be transferred to LBHI.  SEB also will

not take any action to restrict or prevent LBHI from withdrawing any future post-petition

deposits, credits or accrued interest in the Account subject to any rights of setoff SEB may have

against such future post-petition funds for post-petition claims against LBHI, which setoff rights,

if any, may not be exercised absent a modification of the automatic stay provided for in section

362(a) of the Bankruptcy Code (the "Automatic Stay").

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.    The recitals set forth above are incorporated as if fully set forth herein.

2.    Within five (5) business days of the Bankruptcy Court's approval of this

Stipulation, Agreement and Order, SEB shall transfer:

(a) to JPM DKK 8,000,000.00 in satisfaction of any and all claims JPM may have

against LBHI with respect to the Transfers and the Misdirected Funds in accordance with the

following wire instructions:

> Pay:    Nordea Bank, Copenhagen
> Swift NDEADKKK
> IBAN DK2920005000004355
>
> For:    JPM New York
> Swift CHASUS33
> Reference – Return of funds LBHI.  TLM refs 39578566 & 39578564

(b) to LBHI the current post-petition balance in the Account, including DKK

1,148,250.16, plus any additional post-petition deposits or wire transfers into the Account and all

accrued interest, including, without limitation, interest on the Misdirected Funds, by wire transfer

(collectively, the "Balance") in accordance with the following wire instructions:

> Pay:    Danske Bank, Copenhagen
> Swift DABADKKK
>
> For:    US Bank, Minneapolis, MN
> Swift USBKUS44FEX
> a/c 39963007504713
> Attn STL FX
> For further credit to:  Lehman Brothers Holdings Inc a/c 152308786572
> Reference:  Release of post-petition receipts from SEB 5295-0017001256.

3.    SEB further agrees that it will not take any action to restrict or prevent LBHI from

withdrawing any future post-petition deposits, credits or accrued interest in the Account subject

to any rights of setoff SEB may have against such future post-petition funds for post-petition

claims against LBHI, which rights, if any, may not be exercised absent modification of the

Automatic Stay.

4.        In consideration for the return of the Misdirected Funds, the receipt and adequacy

of which is hereby acknowledged, upon SEB's wiring of the Misdirected Funds in accordance

with the wire instructions stated above, JPM, together with its agents, employees, principals,

professionals, successors and assigns shall be deemed to have waived, released, and discharged

any and all claims it may have against LBHI, its estate, agents, employees, principals,

professionals, successors or assigns solely with respect to the Transfers and the Misdirected

Funds, including, without limitation, any claim for interest, costs or expenses.

5.        In consideration for the return of the Post-Petition Funds and all accrued interest,

including, without limitation, interest earned on the Misdirected Funds pursuant to paragraph 2

of this Stipulation, Agreement and Order, upon SEB's wiring of the Post-Petition Funds in

accordance with the wire instructions stated above and provided that SEB has fully complied

with its obligations under paragraph 2 hereof, JPM and LBHI, together with their respective

agents, employees, principals, professionals, successors and assigns shall be deemed to have

waived, released, and discharged any and all claims it may have against SEB, its properties or

assets, agents, employees, principals, professionals, successors or assigns solely with respect to

the Post-Petition Funds including, without limitation, any claim for interest, costs or expenses.

6.        Upon LBHI's receipt of the Balance, LBHI shall withdraw the Motion on the

Bankruptcy Court's docket.

7.        SEB's purported rights of setoff with respect to the Pre-Petition Funds

("Purported Setoff Rights") and LBHI's rights to contest, dispute, object to or otherwise

challenge such Purported Setoff Rights in whole or in part are fully preserved.  Nothing in this Stipulation, Agreement and Order shall give any greater or lesser Purported Setoff Rights to SEB (and LBHI shall have no greater or lesser rights to contest, dispute, object to or otherwise challenge such Purported Setoff Rights).

8.      LBHI's asserted rights to contest, dispute, object or otherwise challenge the propriety of any debits or withdrawals made to the Account after the Commencement Date are fully preserved.

9.      Except as expressly set forth herein, each Party's rights and defenses with respect to any claims each might have against the other are fully preserved.

10.      Each person who executes this Stipulation, Agreement and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

11.      This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12.      This Stipulation, Agreement and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

13.      This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

14.      This Stipulation, Agreement and Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

15.     The terms of this Stipulation, Agreement and Order are subject to approval of the Bankruptcy Court and shall be of no force and effect unless and until it is approved.

16.     This Stipulation, Agreement and Order shall be effective immediately upon its entry by the Bankruptcy Court.

17.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: New York, New York
      April 19, 2010

    /s/ Richard P. Krasnow
    Richard P. Krasnow
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Attorneys for the Debtors and
    Debtors in Possession

Dated: New York, New York
      April 19, 2010

    /s/ Alex. R. Rovira
    Alex. R. Rovira
    SIDLEY AUSTIN LLP
    787 Seventh Avenue
    New York, New York 10019
    (212) 839-5300
    Attorneys for Skandinaviska Enskilda
    Banken AB (publ)

Dated: New York, New York
      April 15, 2010

    /s/ Kevin C. Kelley
    Kevin C. Kelley
    Managing Director and Associate General
    Counsel
    JPMorgan Chase Bank, N.A.
    245 Park Avenue
    New York, New York 10167
    (212) 648-0427

                                        Attorney for JPMorgan Chase Bank, N.A.

**SO ORDERED:**

Dated: New York, New York
       April 28, 2010

                              _____s/ James M. Peck_____
                              Honorable James M. Peck
                              United States Bankruptcy Judge