UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.* :    08-13555 (JMP)
                                                    :
        Debtors.                                    :    (Jointly Administered)
                                                    :
------------------------------------------------------------------x

## THIRD SUPPLEMENTAL DECLARATION OF
## RAJIV MADAN ON BEHALF OF BINGHAM MCCUTCHEN

Rajiv Madan, being duly sworn, deposes and says:

1. I am an attorney and member of the firm Bingham McCutchen LLP ("Bingham" or the "Firm"), and am duly authorized to make this declaration (the "Supplemental Declaration") on the Firm's behalf. I submit this Third Supplemental Declaration in connection with the application by Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors") pursuant to sections 327(e) and 328(a) of title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure to retain the Firm for tax, securitization and capital markets matters (Docket No. 4811) and the related motion seeking expansion of the Firm's retention to include certain government investigations (Docket No. 7175).

2. This Third Supplemental Declaration supplements my previous declarations in support of Bingham's retention dated August 1, 2009 (Docket No. 4636, the "August Declaration") and October 22, 2009 (Docket No. 5602) and the declaration of my partner, Michael Levy, dated February 18, 2010 (collectively, the "Previous Declarations"). The primary purpose of this Third Supplemental Declaration is to make additional disclosures which may be required by the Bankruptcy Code and the Bankruptcy Rules.

3. Except as otherwise stated herein, I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.[1] To the extent any information disclosed herein requires amendment or modification upon Bingham's completion of further review, or as additional party in interest information becomes available to it, a further supplemental affidavit reflecting such amended or modified information will be submitted to the Court.

### Bingham's Connections to Parties In Interest
### In Matters Unrelated to the Debtors' Chapter 11 Cases

4. As previously disclosed, Bingham has represented, currently represents, and may represent in the future, various entities or their affiliates in matters unrelated to the pending chapter 11 cases. Since filing the Previous Declarations, counsel for the Debtors has provided Bingham with a list (the "Debtors' List") of additional parties in interest in the Debtors' chapter 11 cases (as highlighted in the attached, collectively, the "Parties in Interest"). A copy of this list is attached hereto as Schedule 1.

5. Attorneys working under my supervision reviewed Bingham's "connections" with the Parties in Interest.[2] Based upon this review, while Parties in Interest may be current or former clients of Bingham, or may otherwise be involved in litigation or transactional matters in

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Bingham and are based on information provided by them.

[2] To the best of my knowledge, neither the term "connection" as used in Bankruptcy Rule 2014 nor the proper scope of a professional's search for "connections" has been completely defined, and I am therefore required to exercise some degree of professional judgment in applying that term to the facts of which I am aware, as well as in defining the scope of how to search for such facts. Out of an abundance of caution, I may be disclosing items that are not disqualifying or problematic under either the Bankruptcy Code or applicable standards of professional ethics.

I note that Bingham has not performed searches for the entitles identified on the Debtors' List as "Potential Parties in Interest." I do not believe a search of "potentially" interested parties is necessary to satisfy the requirements of Bankruptcy Rule 2014. However, to the extent the United States Trustee requires that the Firm also conduct conflicts searches with respect to those parties, the Firm would certainly be willing to do so.

which Bingham represents a client, I do not believe that Bingham holds any interest adverse to the estates with respect to any of the matters for which Bingham is retained.

6. To the extent that Bingham's research of its relationships with the Parties in Interest indicates that Bingham has represented in the past, or currently represents, any of these entities or entities that may be related to or affiliates of such entities, the identities of these entities and such entities' relationship to the Debtors and connection to Bingham are set forth in Schedule 2, attached hereto. Bingham does not represent any of these Parties in Interest in connection with the Debtors' chapter 11 cases.

7. I do not understand Bankruptcy Rule 2014(a) or other applicable law to require disclosure of each present or future engagement Bingham receives from a Party in Interest as long as it is unrelated to the Debtors' chapter 11 cases. Bingham intends to accept engagements from other Parties in Interest (whether existing or new clients), but will not undertake a representation in which the client would be adverse to the Debtors with respect to the matters for which the Firm is retained.

### Bingham's Connections to the Debtors

8. As set forth in the Previous Declarations, Bingham represents various creditor and other clients in connection with the Debtors' bankruptcy cases. A list of such clients was attached to the August Declaration as Schedule 3, and was supplemented by subsequent Previous Declarations (collectively, the "Bingham Client List"). The Bingham Client List is hereby supplemented to include Citibank N.A. (together with its affiliates, "Citibank"), Apollo European Principal Finance Fund LP (together with its affiliates, "Apollo"), and Mount Kellett Capital Management LP (together with its affiliates, "Mount Kellett"). I note that Bingham personnel providing services for Citibank, Apollo and Mount Kellett are and will continue to be

bound by the same procedures outlined in the August Declaration, including, without limitation, the ethical wall procedures.

9. Except as specifically set forth herein, this Third Supplemental Declaration does not modify the statements in the Previous Declarations. I will supplement this Third Supplemental Declaration to the extent additional relevant information becomes available during the pendency of these cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on April 27, 2010.

Rajiv Madan, Esq.
Partner
Bingham McCutchen, LLP