UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
: 
In re : Chapter 11
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
-------------------------------------------------------------x
: 
In re : 
: 
LEHMAN BROTHERS INC. : Case No. 08-01420 (JMP) SIPA
: 
Debtor. : 
: 
-------------------------------------------------------------x

**CERTIFICATION OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING NOTICE OF PRESENTMENT OF STIPULATION AND
AGREED ORDER WITH RESPECT TO PRESERVATION OF CERTAIN
RECORDS RELATING TO THE INVESTMENT MANAGEMENT DIVISION**

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in (i) the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures entered on February 13, 2009 (D.I. 2837, Case No. 08-13555) and (ii) the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on November 7, 2008 (D.I. 240, Case No. 08-1420) (together, the "Case Management Order"), the undersigned hereby certifies as follows:

1.  On April 22, 2010, the undersigned, on behalf of Barclays Capital Inc. ("BCI"), caused the Notice of Presentment of Stipulation and Agreed Order With Respect To Preservation Of Certain Records Relating To The Investment Management Division (Docket Nos. 8583 and

3177, in the respective cases) (the "Notice of Presentment") to be filed with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Notice of Presentment set April 28, 2010 at 4:00 pm (New York Time) as the deadline for parties to object or file a response to the Notice of Presentment (the "Objection Deadline").

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Notice of Presentment has been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in the Case Management Order, nor has any objection or other responsive pleading with respect to the Notice of Presentment been served on counsel to BCI.

4. BCI respectfully requests that the Stipulation and Agreed Order With Respect To Preservation Of Certain Records Relating To The Investment Management Division, attached in clean copy hereto as Exhibit A, be entered in accordance with the Notice of Presentment.

I declare that the foregoing is true and correct.

Dated: New York, New York
April 29, 2010

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Lindsee P. Granfield
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000

*Counsel to Barclays Capital Inc.*

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                       : Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  : Case No. 08-13555 (JMP)
                                                            :
Debtors.                                            : (Jointly Administered)
                                                            :
------------------------------------------------------------x
                                                            :
In re                                                       :
                                                            :
LEHMAN BROTHERS INC.                     : Case No. 08-01420 (JMP) SIPA
                                                            :
Debtor.                                             :
                                                            :
------------------------------------------------------------x

### STIPULATION AND AGREED ORDER WITH RESPECT TO PRESERVATION OF CERTAIN RECORDS RELATING TO THE INVESTMENT MANAGEMENT DIVISION

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors"), Neuberger Berman Group LLC ("NB"), James W. Giddens (the "SIPA Trustee"), the appointed trustee under the Securities Investor Protection Act of 1970, as amended, for the administration of Lehman Brothers Inc. ("LBI"), and Barclays Capital Inc. ("Barclays" and together with the Debtors, the SIPA Trustee and NB, the "Parties" and each a "Party"), by and through their respective attorneys, hereby enter into this Stipulation and Agreed Order and represent and agree as follows:

### RECITALS

WHEREAS commencing on September 15, 2008 and periodically thereafter, the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS on September 16, 2008, LBHI, LB 745 LLC, LBI, and Barclays entered into an asset purchase agreement for the purchase and sale of certain assets used in connection with the United States and Canadian investment banking and capital markets businesses of LBI and LBHI and matters related thereto (such agreement, as clarified and/or amended, the "Asset Purchase Agreement", and such assets, as described therein, the "Business"). On September 17, 2008, the Debtors filed a motion seeking, among other things, approval of the Asset Purchase Agreement;

WHEREAS on September 19, 2008, a proceeding (the "SIPA Proceeding") was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa et seq., with respect to LBI and James W. Giddens was appointed as Trustee under the SIPA to administer LBI's estate;

WHEREAS on September 20, 2008, the Court entered a sale order (the "Barclays Sale Order") approving the Asset Purchase Agreement.[1] On September 20, 2008, the Court also entered a concurrent order thereby authorizing the Trustee to consummate the sale transaction on behalf of LBI pursuant to the Asset Purchase Agreement;[2]

WHEREAS the Barclays Sale Order provides at paragraph 31, that

> Subject to further order of the Court, the Seller and [Barclays] are hereby ordered to take appropriate measures to maintain and preserve, until the consummation of any chapter 11 plan for the Debtors, the books and records and any other documentation, including tapes or other audio or digital recordings and data in or retrievable from computers or servers, relating to or reflecting the records held by it or its Affiliates relating to the

---

[1] Case No. 08-13555 (JMP) [Docket No. 258].

[2] Case No. 08-1420 (JMP) [Docket No. 3].

>Business, including the accounts, property and trading records of the customers of the Seller. In addition, the Debtors and Committee shall promptly identify reasonable procedures for preserving information in the Seller or [Barclay's] possession related to potential tax or financial audits of, government investigations of, or claims against Seller, as well as any claims that Debtors may have against third parties, and the Seller and [Barclays] shall maintain and reserve such information, subject to further order of the Court until the consummation of any chapter 11 plan for the Debtors;[3]

WHEREAS on December 22, 2008, the Court entered an order (the "NB Sale Order") approving, *inter alia*, the sale of the Lehman investment management business (the "NB Business") from LBHI to NBSH Acquisition, LLC, a Delaware limited liability company formed by certain senior managers (other than portfolio managers) of NB ("NBSH");[4]

WHEREAS the NB Sale Order provides in Paragraph 26 that

>[T]he Debtors and [NBSH] are hereby ordered to take appropriate measures to maintain and preserve, until the consummation of any chapter 11 plan for the Debtors, the books and records and any other documentation, including tapes or other audio or digital recordings and data in or retrievable from computers or servers, relating to or reflecting the records held by it or its Affiliates relating to the [NB] Business, including the accounts, property and trading records of the customers of the Sellers. In addition, the Debtors and Creditors' Committee shall promptly identify reasonable procedures for preserving information in the Debtors' or [NBSH's] possession related to potential tax or financial audits of, government investigations of, or claims against the Debtors, as well as any claims that the Debtors may have against third parties, and the Sellers and [NBSH] shall maintain and reserve such information, subject to further order of the Court until consummation of any chapter 11 plan for the Debtors;[5]

WHEREAS presently there are approximately 12,000 cartons of hard-copy documents maintained in storage by Iron Mountain Information Management, Inc. ("Iron Mountain") pursuant to an agreement with Iron Mountain that was assumed and assigned to

---

[3]   Case No. 08-13555 (JMP) [Docket No. 258].

[4]   Case No. 08-13555 (JMP) [Docket No. 2350].

[5]   Id.

Barclays pursuant to the Asset Purchase Agreement under customer identification numbers C2200, J4376, LBCA, LBPFA, PF036 and SF336, which documents appear to relate solely to the NB Business (collectively, the "Neuberger Documents");

WHEREAS, NB currently does not have direct access to the Neuberger Documents, and prefers to have direct access and control over the NB documents for the operation of the NB Business;

WHEREAS the Parties have reached an agreement with respect to the possession and preservation of the Neuberger Documents.

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. Barclays will transmit the Neuberger Documents to NB, which documents NB will thereafter preserve and maintain in accordance with the NB Sale Order. Following such transmittal, Barclays shall have no further obligations with respect to the Neuberger Documents, whether under the Barclays Sale Order or otherwise. Further following such transmittal, to the extent that the Trustee reasonably believes that any documents relating to the LBI business have been commingled with the Neuberger Documents, NB shall provide the Trustee reasonable access to such documents upon the Trustee's request.

2. For the avoidance of doubt, nothing herein constitutes or shall be construed as any modification or amendment to the Barclays Sale Order. For the further avoidance of doubt, and notwithstanding anything else contained herein to the contrary, each of the Parties' rights and defenses with respect to any other claims each might have against the other are fully preserved, including without limitation, any rights, defenses and/or counterclaims asserted in connection with or related to the following: (i) the Motion of Debtor to Modify the September 20, 2008 Sale Order and Granting Other Relief (Case No. 08-13555, Docket No. 5148); (ii) the Motion of the Trustee

for Relief Pursuant to the Sale Orders or, Alternatively, for Certain Limited Relief Under Rule 60(b) (Case No. 08-01420, Docket No. 1682); (iii) the Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., Authorizing and Approving (A) Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, Dated September 20, 2008 (and Related SIPA Sale Order) and Joinder in Debtors and SIPA Trustees' Motions for an Order Under Rule 60(b) to Modify Sale Order (Case No. 08-13555, Docket No. 5169; Case No. 08-01420, Docket No. 1686); (iv) all joinders thereto and the related adversary proceedings;[6] and (v) the Motion of Barclays Capital Inc. to Enforce the Sale Order and Secure Delivery of All Undelivered Assets (Case No. 08-13555, Docket No. 6814; Case No. 08-1420, Docket No. 2581).

3. Each person who executes this Stipulation and Agreed Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on behalf of such Party.

4. This Stipulation and Agreed Order may be executed with counterparty signature pages in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. The Parties agree that this Stipulation and Agreed Order may be executed via facsimile or e-mail transmission and that this Stipulation and Agreed Order executed in such manner shall have full legal force.

5. This Stipulation and Agreed Order may only be amended or otherwise modified by a signed writing executed by the Parties.

---

[6] The adversary proceedings are: Adv. Pro. 09-01732 (JMP), Adv. Pro. 09-01731 (JMP) and Adv. Pro. 09-01733 (JMP), respectively.

6. This Stipulation and Agreed Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA applies.

7. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

**AGREED TO:**

Dated: April 21, 2010
　　　　New York, New York

| | |
|---|---|
| /s/ Shai Y. Waisman<br>Shai Y. Waisman, Esq. | /s/ Lindsee P. Granfield<br>Lindsee. P. Granfield, Esq.<br>Lisa M. Schweitzer, Esq. |
| WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 | CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999 |
| *Attorneys for the Debtors and Debtors in Possession* | *Attorneys for Barclays Capital Inc.* |
| /s/ Jeffrey S. Margolin<br>James B. Kobak, Jr., Esq.<br>Jeffrey S. Margolin, Esq. | /s/ Jeffrey W. Levitan<br>Jeffrey W. Levitan, Esq. |
| HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726 | PROSKAUER ROSE LLP<br>1585 Broadway<br>New York, NY 10036<br>Telephone: (212) 969-3000<br>Facsimile: (212) 969-2900 |
| *Attorneys for James W. Giddens, Trustee for SIPA Liquidation of Lehman Brothers Inc.* | *Attorneys for Neuberger Berman Group LLC* |

**SO ORDERED:**

Dated: April ___, 2010
　　　　New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE