**Presentment Date and Time: May 10, 2010 at 12:00 noon (Prevailing Eastern Time)**
**Objection Deadline: May 7, 2010 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                   :
In re                                                              :     Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :     08-13555 (JMP)
                                                                   :
                    Debtors.                                       :     (Jointly Administered)
                                                                   :
                                                                   :
-------------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND ROYAL BANK OF CANADA REGARDING (1) RESERVATION OF RIGHTS AS TO PRE-PETITION DEPOSITS AND (2) TURNOVER OF POST-PETITION DEPOSITS

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order (the "Stipulation and Order") between Lehman Brothers Holdings Inc. ("LBHI") and Royal Bank of Canada ("RBC") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **May 10, 2010 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **May 7, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on **May 12, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

US_ACTIVE:\43382056\01\58399.0003

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 30, 2010
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                :
                                                :
In re                                           :   Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   Case No. 08-13555 (JMP)
                                                :
        Debtors.                                :   (Jointly Administered)
                                                :
-------------------------------------------------------------------x
```

**STIPULATION, AGREEMENT AND ORDER BETWEEN
LEHMAN BROTHERS HOLDINGS INC. AND ROYAL BANK OF CANADA
REGARDING (1) RESERVATION OF RIGHTS AS TO
PRE-PETITION DEPOSITS AND (2) TURNOVER OF POST-PETITION DEPOSITS**

This stipulation, agreement and order (the "Stipulation, Agreement and Order") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI") and Royal Bank of Canada ("RBC") by and through their respective counsel. LBHI and RBC are each referred to herein as a "Party," and together, the "Parties" in this Stipulation, Agreement and Order.

## RECITALS

A. On September 15, 2008 (the "Commencement Date"), LBHI commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. LBHI is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of Title 11 of the United States Code (the "Bankruptcy Code").

The General Deposit Account

B. Prior to the Commencement Date, LBHI established and maintained a general deposit account with RBC, located in Canada. The account is identified as No. 00002 273-275-8 (the "Account") and is denominated in Canadian dollars ("CDN$").

US_ACTIVE:\43372134\02\58399.0003

C.   RBC contends that shortly after the Commencement Date, to preserve its setoff rights, RBC placed an administrative freeze on the Account preventing LBHI from withdrawing any funds in the Account, but still allowing monies to be deposited and/or wired into the Account.

D.   The pre-petition balance in the Account on September 15, 2008 was CDN$2,208,070.61 (the "Pre-Petition Funds").  As of March 16, 2010, the amount in the Account in excess of the Pre-Petition Funds totaled CDN$12,913,144.38 (the "Post-Petition Funds").

The Motion and Cross-Motion

E.   On February 24, 2010, RBC filed the Motion of Royal Bank of Canada for Entry of an Order Pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 Granting Relief from the Automatic Stay to Effect Setoff [Docket No. 7268] (the "Motion").  By the Motion, RBC sought relief from the automatic stay in order to exercise its asserted right to setoff LBHI's alleged pre-petition obligations to RBC against the Pre-Petition Funds in the Account.  RBC contends that LBHI's obligations arise from LBHI's guarantees of certain terminated derivative contracts executed between RBC and certain of the Debtors and Lehman Brothers International (Europe) (the "Asserted Obligations").

F.   RBC filed proofs of claim with regard to the Asserted Obligations, which were assigned numbers 14047, 14049, 14050, and 14052 by the Court-approved claims and noticing agent (collectively, the "Proofs of Claim").

G.   LBHI was prepared to oppose the relief sought in the Motion and file a Cross-Motion against RBC seeking an Order (i) to enforce the automatic stay provided for in section 362(a) of the Bankruptcy Code (the "Automatic Stay") and directing RBC to release the

administrative freeze placed on Post-Petition Funds and (ii) compelling RBC to pay all Post-Petition Funds to LBHI (the "Cross-Motion").

    H.    Given the uncertainty, burden and expense of litigation, the Parties commenced negotiations with regard to a potential resolution of the Motion and Cross-Motion. Those negotiations have resulted in a compromise and settlement among the Parties, the terms of which are set forth below.

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

### SETTLEMENT

1. The recitals set forth above are incorporated as if fully set forth herein.

2. In exchange for the terms set forth below, RBC has transferred CDN$12,909,166.38 to LBHI which, according to RBC, constitutes the Post-Petition Funds less the amounts necessary to pay ordinary course maintenance fees on the Account from March 2009 to February 2010 totaling less than CDN$4,000 (the "Payment Amount"), which funds were received by LBHI on March 16, 2010.

3. In exchange for RBC's tender of the Payment Amount, the Debtors agree that RBC may retain the Pre-Petition Funds pending LBHI's review of the Proofs of Claim and LBHI's determination of whether RBC has an allowed claim against LBHI in an amount not less than the Pre-Petition Funds (the "Claims Review Process").

4. Upon completion of the Claims Review Process to a point where LBHI has determined that it is liable to RBC in respect of the Asserted Obligations for at least some or all the amount of the Pre-Petition Funds, the Debtors will so notify RBC and consent to RBC's setoff of Pre-Petition Funds to such extent. If upon completion of the Claims Review Process, LBHI determines that RBC does not have an allowed claim against LBHI in an amount equal to

or greater than the Pre-Petition Funds, then LBHI may contest, object to, or otherwise challenge the retention of the Pre-Petition Funds by RBC in excess of any amount LBHI determines RBC is entitled to setoff.  If LBHI challenges the amounts sought by RBC's Proofs of Claim in respect of the Asserted Obligations and the Court enters a final order disallowing the Proofs of Claim or allowing the Proofs of Claim in an aggregate amount less than the Pre-Petition Funds, then RBC shall pay to LBHI an amount equal to the Pre-Petition Funds less the amount of the Proofs of Claim, if any, allowed, and all accrued interest earned on that portion of the Pre-Petition Funds that is paid to LBHI.  If the Court enters a final order allowing any of RBC's Proofs of Claims in respect of the Asserted Obligation, RBC may setoff the allowed amount of Proofs of Claim against the Pre-Petition Funds in the Account plus that portion of interest earned on said allowed amount.

5. Upon approval of this Stipulation, Agreement and Order, RBC shall withdraw the Motion with prejudice pending the completion of the Claims Review Process which LBHI will undertake in good faith.

6. The Debtors agree to forego and irrevocably waive any argument that RBC violated the Automatic Stay or is not entitled to setoff against any of the Pre-Petition Funds by placing an administrative freeze on the Account and allegedly withholding payment of the Post-Petition Funds until the negotiation of the terms of this agreement and RBC's payment of the Payment Amount to LBHI on March 16, 2010.

7. RBC agrees that it will not take any action to restrict or prevent LBHI from withdrawing any future post-petition deposits, credits or accrued interest on such post-petition deposits or credits in the Account, less the normal and ordinary maintenance fees related to the Account.

8. Except as provided herein, RBC's asserted rights of setoff with respect to the Pre-Petition Funds ("Asserted Setoff Rights") and LBHI's rights to contest, dispute, object to or otherwise challenge such Asserted Setoff Rights in whole or in part are fully preserved. Nothing in this Stipulation, Agreement and Order shall give any greater or lesser Asserted Setoff Rights to RBC (and LBHI shall have no greater or lesser rights to contest, dispute, object to or otherwise challenge such Purported Setoff Rights).

9. Nothing in this Stipulation, Agreement and Order shall be deemed or construed to be an admission regarding the Asserted Obligations.

10. The Parties' rights as to any contest, dispute, objection or other challenge with respect to the propriety of any debits or withdrawals made to the Account after the Commencement Date, other than RBC's payment of the Payment Amount or LBHI's withdrawals of any future post-petition deposits, credits or accrued interest on such post-petition deposits, are fully preserved.

11. The Parties' rights with respect to the verification, or any contest, dispute or other challenge with respect to RBC's calculation of the interest and/or maintenance fees used to arrive at the Payment Amount are fully preserved.

12. Each person who executes this Stipulation, Agreement and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

13. This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

14. This Stipulation, Agreement and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

15. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

16. This Stipulation, Agreement and Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

17. The terms of this Stipulation, Agreement and Order are subject to approval of the Bankruptcy Court and shall be of no force and effect unless and until it is approved.

18. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: New York, New York
April 30, 2010

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors and
Debtors in Possession

Dated: New York, New York
April 29, 2010

/s/ Jeff F. Friedman
Jeff F. Friedman
Merritt A. Pardini
KATTEN MUCHIN ROSENMANN LLP
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800

Attorneys for Royal Bank of Canada

SO ORDERED this [____] day of May, 2010

_____
UNITED STATES BANKRUPTCY JUDGE