WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## NOTICE OF LBHI'S MOTION, PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE, FOR MODIFICATION OF THE AUTOMATIC STAY TO ALLOW DELIVERY OF ACCELERATION NOTICES TO LBHI UNDER THE EMTN PROGRAM

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") for an order granting a modification of the automatic stay provided for in sections 105(a) and 362(a) of the Bankruptcy Code, to allow holders of Structured Notes issued by LBT to send acceleration notices to LBHI, as required by the governing documentation of the Structured Notes, solely for the purpose of accelerating their claims against LBT in LBT's bankruptcy proceeding in the Netherlands, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn: Richard P. Krasnow, Esq. and Maurice Horwitz, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than **June 9, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 3, 2010
     New York, New York

                    /s/ Richard P. Krasnow
                    Richard P. Krasnow

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11 Case No.** |
| | **:** | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | **:** | **08-13555 (JMP)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |
-------------------------------------------------------------------x

**LBHI'S MOTION, PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE, FOR MODIFICATION OF THE AUTOMATIC STAY TO ALLOW DELIVERY OF ACCELERATION NOTICES TO LBHI UNDER THE EMTN PROGRAM**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") submits this motion (the "Motion") and respectfully represents:

**Preliminary Statement**

1.      Pursuant to an order dated March 22, 2010 [Docket No. 7691] (the "Merrill Order"),[1] a copy of which is attached hereto as "Exhibit A," the Court modified the

---

[1]      Any summary of the Merrill Order contained in the Motion (the "Summary") is qualified in its entirety by the provisions of the Merrill Order and shall not, in any way, affect the meaning or interpretation of the Merrill Order.  To the extent that there is any inconsistency between the Summary and the Merrill Order, the Merrill Order controls.

automatic stay provided for under section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") to allow Merrill Lynch International and certain of its affiliates (collectively, "Merrill") to deliver notices of acceleration to LBHI with respect to certain notes issued by Lehman Brothers Treasury Co. B.V. ("LBT"), a Dutch entity, and acquired, from time to time, by Merrill (the "Merrill Notes"), solely for the purpose of accelerating Merrill's claims against LBT in LBT's bankruptcy proceeding in the Netherlands in accordance with the documentation governing the Merrill Notes. The Merrill Order provides that the delivery of acceleration notices shall have no effect on LBHI's liabilities and that its entry shall be without prejudice to all rights, claims and defenses that parties in interest may have with respect to the calculation and allowance of claims arising from the Merrill Notes.

2. By this Motion, LBHI seeks to modify the automatic stay with respect to acceleration notices that other holders of LBT notes have sent, or may send in the future, for the same purpose and on the same terms and conditions as the Merrill Order, effective *nunc pro tunc* to the date of receipt by LBHI of such notices. As explained more fully below, any notices of acceleration that LBHI has received subsequent to the Commencement Date (defined below) are null and void because their delivery was a violation of the automatic stay. However, given the modification of the automatic stay provided in the Merrill Order, to which LBHI consented, LBHI considers it fair and equitable that the same modification be available to other LBT noteholders for the same purpose, i.e., so that such noteholders may accelerate their claims against LBT in LBT's bankruptcy proceeding in the Netherlands. Such relief is in the best interests of LBHI's estate which, absent such relief, stands to be inundated by motions seeking the same relief as Merrill has received under the Merrill Order. Given that LBHI would consent to such relief in each instance, provided that such relief is granted for the same purpose and on

the same terms and conditions, as the Merrill Order, LBHI submits that it is in the best interests of its estate and creditors to expedite the granting of such relief by means of an order, in the form attached hereto as "Exhibit B" (the "Proposed Order"), effective *nunc pro tunc* to the Commencement Date (defined below).

## Background

3.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

## Jurisdiction

7.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

**Lehman's Business**

8.        Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9.        Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**The Notes**

10.        LBT issued its notes pursuant to Lehman's Euro Medium-Term Note Program (the "EMTN Program").  The EMTN Program was a financing program arranged by Lehman Brothers International (Europe) ("LBIE") under which LBT, Lehman Brothers Bankhaus AG, and LBHI issued structured notes (the "Structured Notes") to individuals and financial institutions with a variety of characteristics.  The Structured Notes were issued in series, with each series consisting of one or more tranches of Structured Notes.  More than 4,000 series of Structured Notes (the "Series") were outstanding as of the Commencement Date.  With the exception of approximately 70 Series of Structured Notes that were issued by LBHI under the EMTN Program, LBHI's sole involvement in the EMTN Program was through the alleged issuance of a guarantee (the "Guarantee") that purportedly runs in favor of the Accountholders.[2]

---

[2]        Each series of Structured Notes are represented by a "Global Note" and traded through the electronic clearing and settlement services offered by Euroclear SA and Clearstream Banking S.A. (the "Clearing Agencies").  The Clearing Agencies execute trades on behalf of financial institutions that are approved and regulated participants with the Clearing Systems (the "Accountholders").  The Accountholders are generally the legal owners of the

11.     LBT, the largest issuer of Structured Notes under the EMTN Program, was declared bankrupt (*in staat van faillissement*) by the Amsterdam District Court on October 8, 2008.  As stated in the Statement of the bankruptcy trustees of LBT (the "LBT Trustees") in response to the Merrill Motion, filed on December 14, 2009 [Docket No. 6161] (the "Trustees' Statement"), one of the complications faced by the LBT Trustees is that under Dutch insolvency law, it is necessary for noteholders to accelerate their Structured Notes for the LBT Trustees to determine the amount of claims against LBT based on the Structured Notes.  (Trustee's Statement ¶ 12.)  Accordingly, since the commencement of LBT's bankruptcy proceeding, holders of Structured Notes issued by LBT have attempted to accelerate their notes in accordance with the Structured Notes' governing documentation, which requires, *inter alia*, that accelerations notices be sent to both LBT as the issuer *and* LBHI as the guarantor.

### Acceleration Notices
### That Have Been Send To LBHI Are Void Absent Relief From The Automatic Stay

12.     Courts in the Southern District of New York have consistently held that a creditor may not accelerate debt post-petition without first seeking relief from the automatic stay. *See, e.g., In re PCH Assocs.*, 122 B.R. 181, 198 (Bankr. S.D.N.Y. 1990) ("A post-filing acceleration of the Note[] would clearly have violated the automatic stay of section 362 of the Code and, therefore, would have been null and void."); *In re Texaco Inc.*, 73 B.R. 960, 967 (Bankr. S.D.N.Y. 1987) ("Texaco I") (holding that acceleration of the debt under the contract's terms was proscribed by the automatic stay); *In re Manville Forest Prods. Corp.*, 43 B.R. 293, 298 (Bankr. S.D.N.Y. 1984) (explaining that "tak[ing] overt steps to accelerate the debt without

---

Structured Notes and may or may not be the beneficial owner of the Structured Notes.  The Accountholders will frequently be holding accounts of the Structured Notes on behalf of their customers, who in some instances are smaller financial institutions who hold a beneficial interest in the Structured Notes on behalf of their customers (the "Intermediary Parties" and, collectively with Accountholders, "Holders").  Ultimately, either the Accountholders or, through various intermediary stages, the Intermediary Parties, hold the beneficial interests in the Structured Notes on behalf of the parties who ultimately benefit from the income and certain voting rights under the EMTN Program.

first seeking a modification of the stay ... would have violated the stay."), *aff'd in part*, 60 B.R. 403 (S.D.N.Y. 1986). This same principle is recognized elsewhere. *See First Bank Investors' Trust v. Tarkio College*, 129 F.3d 471, 476 (8th Cir. 1997) (automatic stay precludes creditor from sending notice of acceleration post-petition); *In re Metro Square*, No. 4-88-2117, 1988 WL 86679, at *4-5 (Bankr. D. Minn. Aug. 10, 1988) (denying indenture trustee's request to lift automatic stay in order to provide notice of acceleration); *Riggs Nat'l Bank v. Perry*, 729 F.2d 982, 985 (4th Cir. 1984) (exercise of acceleration clause violates automatic stay); *In re Davidson Lumber Co.*, 24 B.R. 49, 51 (Bankr. S.D. Fla. 1982) (same); *cf. In re Texaco Inc.*, 81 B.R. 804, 806 (Bankr. S.D.N.Y. 1988) (finding that the facts at issue were significantly different than in *Texaco I*, because the debtors had filed a plan of reorganization which provided for 100% payment to unsecured creditors, such that delivery of the acceleration notice "will not give the Noteholders a leg up over other unsecured creditors").

13. Actions taken in violation of the automatic stay are void. *See Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (relying on "our rule that the automatic stay is effective immediately upon the filing of the petition, and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect.") (internal citations omitted). As of the date of this Motion, LBHI has received approximately 237 notices of acceleration in connection with LBT's Structured Notes. With the exception of the notices sent by Merrill, which now has the benefit of the Merrill Order, LBHI considers all acceleration notices that it has received as of the Commencement Date to be null and void, having been sent in violation of the automatic stay. *See In re PCH Assocs.*, 122 B.R. at 198.

**The Court Should Broaden**
**The Applicability Of The Merrill Order So That It Applies To All Holders Of LBT Notes**

14.     LBHI initially opposed the relief sought by Merrill because in its motion for relief from the automatic stay, filed on November 25, 2009 [Docket No. 5958] (the "Merrill Motion"), Merrill admitted that its motivation for accelerating Structured Notes was to fix its direct claim in a higher amount than would otherwise be allowed, absent acceleration.  (Merrill Motion ¶¶ 12, 19.)  LBHI filed an Objection to the Merrill Motion on December 11, 2009 [Docket No. 6121] (the "LBHI Objection"), and took the position that Merrill should not be granted relief from stay so that it might accelerate the Structured Notes that it held and thus assert a larger claim against LBT and accordingly, LBHI.  (LBHI Objection ¶¶ 15, 16.)

15.     LBHI and Merrill consensually resolved the Merrill Motion by agreeing to the Merrill Order.  The Merrill Order provides for a narrow and conditioned modification of the automatic stay, allowing Merrill to send acceleration notices to LBHI solely for the purpose of accelerating Merrill's claims against LBT in LBT's bankruptcy proceeding in the Netherlands.  Such modification of the stay is well within this Court's powers.  *See Eastern Refractories*, 157 F.3d at 172 ("…bankruptcy courts have the plastic powers to modify or condition an automatic stay so as to fashion the appropriate scope of relief.").  The terms of the Merrill Order allow Merrill to accelerate its claims against LBT, in full compliance with the governing documentation of the Structured Notes, but without affecting the determination of Merrill's claims against LBHI.

16.     Even before the Court entered the Merrill Order, other holders[3] of Structured Notes issued by LBT began contacting LBHI in order to negotiate similar orders that

---

[3]     LBHI has not confirmed the status of such holders as Holders, Accountholders, or Intermediary Parties, and reserves all rights with respect to the status of purported noteholders as either Holders, Accountholders, or Intermediary Parties, and their authority to assert claims against LBT or LBHI.

would allow them to send acceleration notices to LBT and LBHI, on the same terms and conditions as the Merrill Order. These noteholders have indicated that they would be inclined to file a motion for relief from stay in order to obtain the same relief that Merrill has obtained. Given that LBHI is satisfied with the conditioned relief granted to Merrill in the Merrill Order, LBHI has proposed to other noteholders that it would be more expedient for LBHI to file the instant Motion, seeking the same relief granted to Merrill in the Merrill Order for all holders of Structured Notes issued by LBT.

## Relief Requested

17. LBHI seeks the entry of an order granting a modification of the automatic stay provided for in sections 105(a) and 362(a) of the Bankruptcy Code, to allow holders of Structured Notes issued by LBT to send acceleration notices to LBHI, as required by the governing documentation of the Structured Notes, on terms that are generally consistent with those set forth in the Merrill Order, i.e., solely for the purpose of accelerating their claims against LBT in LBT's bankruptcy proceeding in the Netherlands, *provided that* delivery of such notices be without any effect on LBHI's liabilities and without prejudice to all rights, claims and defenses that LBHI, the noteholders, and the Creditors' Committee may have with respect to the calculation and allowance of claims arising from the Structured Notes.

## The Relief Requested is in the Best
## Interests of LBHI and Its Estates and Creditors]

18. LBHI has already been contacted by several holders of LBT's Structured Notes, who have informed LBHI of their intention to file motions along the same lines as the Merrill Motion, and seeking the same relief as in the Merrill Order. Given that LBT issued over 4,000 individual Series of Structured Notes, LBHI and this Court stand to be inundated by such motions for relief from stay if other noteholders take the same approach. Furthermore, LBHI

would need to respond to each of these motions in the same way as it did to the Merrill Motion, and would only agree to the same terms and conditions as are contained in the Merrill Order. Given these circumstances, LBHI believes that it would be more efficient, as well as fair to other holders of Structured Notes issued by LBT, if this Court entered the Proposed Order, making substantially the same terms and conditions of the Merrill Order applicable to all other holders of LBT's Structured Notes. Provided that the relief granted has no effect on the determination of claims against LBHI, LBHI believes that the entry of the Proposed Order would place other noteholders on an equal footing with Merrill, and avoid the administrative burden of responding to further motions.

19. Furthermore, the relief proposed in the Proposed Order could facilitate the administration of the LBT Trustee's case. As stated above, Dutch bankruptcy law lacks a provision comparable to section 502(b) of the Bankruptcy Code, which fixes all claims against a debtor as of the petition date. For this reason, the LBT Trustees depend on the holders of LBT's Structured Notes in order to determine the date as of which claims should be determined in LBT's bankruptcy case. As stated in the Trustees' Statement, "the acceleration of a series of notes may simplify the valuation of that series as such acceleration fixes the date by which the valuation is calculated." (Trustees' Statement ¶ 22.) Given the interrelated nature of LBT's and LBHI's respective cases, LBHI submits that facilitating the administration of LBT's bankruptcy case is also in LBHI's interest, provided that LBHI's other creditors are not prejudiced.

20. LBHI has received approximately 237 acceleration notices in connection with LBT's Structured Notes. If the relief provided for in the Proposed Order is not effective *nunc pro tunc* to a date prior to when LBHI received these notices, LBHI and, potentially, LBT will be inundated with duplicate acceleration notices from noteholders whose notices were sent

before the Proposed Order was entered.  Accordingly, it is necessary and appropriate that the relief granted by the Proposed Order be effective *nunc pro tunc* to the Commencement Date.  As the Second Circuit has noted, "[t]his modification *nunc pro tunc* of an automatic stay is well within the powers that 11 U.S.C. § 362(d) confers upon bankruptcy courts," *Eastern Refractories*, 157 F.3d at 173.

21.     For all the foregoing reasons, LBHI submits that it is in the best interests of its estate and creditors for the Court to expand the relief of the Merrill Order so that it applies to other holders of LBT's Structured Notes and that therefore, the Motion should be approved and the Proposed Order should be entered.

### Notice

22.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) the parties who have sent acceleration notices to LBHI.  The Debtors submit that no other or further notice need be provided.

23.	No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:	May 3, 2010
	New York, New York


/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**Merrill Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                            :
**In re**                                   :      **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :      **08-13555 (JMP)**
                                            :
               **Debtors.**                 :      **(Jointly Administered)**
                                            :
                                            :
-------------------------------------------------------------------x

### ORDER AUTHORIZING MERRILL LYNCH INTERNATIONAL AND CERTAIN OF ITS AFFILIATES TO DELIVER NOTICES OF ACCELERATION TO LEHMAN BROTHERS HOLDINGS INC. FOR THE LIMITED PURPOSE OF ACCELERATING CLAIMS AGAINST LEHMAN BROTHERS TREASURY CO. B.V.

Upon the motion, dated November 25, 2009 (the "Motion")[1] of Merrill Lynch International and certain of its affiliates (collectively, "ML") for entry of an order (a) confirming ML's ability to deliver notices of acceleration to Lehman Brothers Holdings Inc. ("LBHI") with respect to certain notes issued by Lehman Brothers Treasury Co. B.V. ("LBT") and acquired, from time to time, by ML (the "ML Notes") without relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code (the "Automatic Stay") or (b) granting ML limited relief from the Automatic Stay to deliver notices of acceleration to LBHI; and the Court having reviewed the Motion and the objections thereto; and the Court having held hearings with respect to the Motion; and the Court having found that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and the Court having found that cause

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

exists for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent set forth herein and adjourned in all other respects, with the hearing on the adjourned portion of the Motion to be held contemporaneously with the hearing on the objection, if any, interposed by the Debtors and/or the Official Committee of Unsecured Creditors of LBHI, et al. (the "Committee") to the proof(s) of claim filed by ML against LBHI on account of the ML Notes and/or the Guarantees; and it is further

ORDERED that ML is authorized to deliver notices of acceleration to LBHI with respect to the ML Notes solely for the purpose of accelerating ML's claims against LBT in LBT's insolvency proceeding in the Netherlands in accordance with the requirements of the Base Documentation and the relevant Final Terms; and it is further

ORDERED that, absent further order of the Court or a Protocol (as defined below), the delivery of notices of acceleration authorized hereby shall have no effect on LBHI's liabilities, if any, in connection with the ML Notes and the Guarantees; and it is further

ORDERED that the entry of this Order shall be without prejudice to all rights, claims and defenses that ML, LBHI and the Committee may have regarding the manner in which proof(s) of claim against LBHI on account of the ML Notes and the Guarantees are to be calculated and the validity and enforceability of the Guarantees; provided however, that absent further order of the Court or a Protocol (as defined below), neither this Order nor the delivery of any notices of acceleration authorized hereby shall constitute a basis for allowing ML's proof(s) of claim against LBHI in an amount greater than the maximum permissible claim ML could assert against LBHI pursuant to the Base Documentation, the relevant Final Terms and the

Guarantees in the absence of ML's delivery of the notices of acceleration authorized hereby; and it is further

ORDERED that to the extent, if any, that LBHI agrees, permits or deems notices of acceleration delivered by other holders of LBT notes to accelerate the liabilities, if any, of LBHI under such LBT notes (whether or not the same Series as the ML Notes) or the related Guarantees (the "Protocol"), ML shall have the right to elect, at its option, to have the benefit of such Protocol with respect to the ML Notes, the related Guarantees and notices of acceleration authorized hereunder provided that ML gives written notice of such election to LBHI within 20 business days (or such longer period as may be provided to other potential participants in such Protocol) (a "Decision Period") from the date that (a) an order approving the Protocol is served on ML at the addresses set forth on Exhibit A hereto or (b) ML receives written notice of the Protocol at the addresses set forth on Exhibit A hereto, if the effectiveness of the Protocol is not contingent upon entry of a further order of the Court; provided, that each time LBHI enters into a Protocol (whether or not ML has opted into a prior Protocol), ML shall have the right to elect, at its option, to have the benefit of such later Protocol provided that ML gives written notice of such election to LBHI within the Decision Period for such later Protocol; and it is further

ORDERED that this Order shall be effective *nunc pro tunc* to December 16, 2009 immediately upon its entry and shall not be stayed pursuant to Bankruptcy Rule 4001(a)(3).


Dated: New York, New York
        March 22, 2010

                              ____*s/ James M. Peck*_____
                              UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**ML Service Addresses**

Merrill Lynch International
Merrill Lynch Financial Centre
2 King Edward Street
London, EC1A 1HQ, United Kingdom
Attn:   Mr. Michail Zekyrgias
Fax:    00 44 20 7174 6448
Email:  michail.zekyrgias@baml.com

       -and-

Bank of America Merrill Lynch
One Bryant Park, 3rd Floor
New York, New York 10036
Attn:   Mr. Frederick Morris
Fax:    917-338-2424
Email:  frederick.morris@baml.com

With a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Attn:   Jay M. Goffman, Esq.
        George A. Zimmerman, Esq.
        Andrew M. Thau, Esq.
Fax:    212-735-2000
Email:  jay.goffman@skadden.com
        george.zimmerman@skadden.com
        andrew.thau@skadden.com

**Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                   :

In re                                             :        **Chapter 11 Case No.**
                                                           :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                                           :

                     **Debtors.**        :        **(Jointly Administered)**
                                                           :

                                                           :
------------------------------------------------------------------x

## ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW DELIVERY OF ACCELERATION NOTICES TO LBHI UNDER THE EMTN PROGRAM

Upon the motion, dated May 3, 2010 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI"), pursuant to sections 105(a) and 362(d) of title 11 of the United States

Code (the "Bankruptcy Code") for entry of an order granting a modification of the automatic

stay provided for in sections 105(a) and 362(a) of the Bankruptcy Code, to allow holders (the

"Holders") of Structured Notes[4] issued by Lehman Brothers Treasury Co. B.V. ("LBT") to send

acceleration notices to LBHI, as required by the governing documentation of the Structured

Notes, solely for the purpose of accelerating their claims against LBT in LBT's bankruptcy

proceeding in the Netherlands, all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

---

[4]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; and (v) the United States Attorney for the Southern District of New

York, and it appearing that no other or further notice need be provided; and a hearing (the

"Hearing") having been held to consider the relief requested in the Motion; and the Court having

found and determined that the relief sought in the Motion is in the best interests of LBHI, its

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Holders are authorized to deliver notices to LBHI with

respect to such Structured Notes solely for the purpose of accelerating their claims against LBT

in LBT's bankruptcy case in the Netherlands in accordance with the requirements of the

documents governing the Structured Notes; and it is further

ORDERED that the delivery of notices of acceleration authorized hereby shall

have no effect on LBHI's liabilities, if any, in connection with the Structured Notes or the

Guarantee; and it is further

ORDERED that the entry of this Order shall be without prejudice to all rights,

claims and defenses that (i) the Holders, (ii) LBHI, and (iii) the Creditors' Committee may have

regarding the manner in which proof(s) of claim against LBHI on account of the Structured

Notes or the Guarantee are to be calculated, and the validity and enforceability of the Guarantee;

*provided, however*, that absent further order of the Court, neither this Order nor the delivery of any notices of acceleration authorized hereby shall constitute a basis for allowing the Holders' proof(s) of claim against LBHI in an amount greater than the maximum permissible claim the Holders could assert against LBHI pursuant to the Structured Notes' governing documentation in the absence of the Holders' delivery of the notices of acceleration authorized hereby; and it is further;

ORDERED that this Order shall be effective *nunc pro tunc* to September 15, 2008, and all notices of acceleration of the Structured Notes delivered to LBHI on or after the Commencement Date, other than those delivered by Merrill, shall be deemed delivered under and in accordance with this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; and it is further

Dated: _____, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE