Hearing Date and Time:  May 12, 2010 at 10:00 a.m.
Objection Date and Time:  May 3, 2010 at 4:00 p.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York  10017-5010
Telephone:  (212) 655-6000
Craig M. Price

Attorneys for U.S. Bank National Association, as Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al*., | CASE NO.  08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE TO DEBTORS'**
**NINTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVELY DUPLICATIVE**
**CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

  NOW COMES U.S. Bank National Association, not individually but as Indenture Trustee

and/or Owner Trustee in connection with two related transactions (*"U.S. Bank"* or the

*"Trustee"*) by and through its counsel, Chapman and Cutler LLP, to object to the Debtors' Ninth

2800968.01.07.B.doc

Omnibus Objection to Claims (Substantively Duplicative Claims) (the *"Objection,"* and U.S. Bank's response thereto, the *"Response"*).  The claims at issue are Claim Numbers 23467 and 23464.  In support of its Response, U.S. Bank states as follows:[1]

### SUMMARY

This matter relates to two interrelated trusts:  (a) the Restructured Asset Securities with Enhanced Returns, Series 2007-A Trust (*"RACERs 2007-A Trust"*) and (b) the Restructured Asset Securities with Enhanced Returns, Series 2007-7-MM Trust (*"RACERs 2007-7-MM Trust"*).  In short, U.S. Bank agrees that the holders of the Notes issued by the RACERs 2007-7-MM Trust are only entitled to one recovery of $5,000,000,000 plus interest at the appropriate rate.  However, as a result of the structure of the transaction, it would be inappropriate to expunge either claim, because the holders of such notes have two sources of recovery.  U.S. Bank also disagrees that the claims are duplicative as it relates to the fees and expenses of the Trustee (which fees may constitute administrative expense claims).  U.S. Bank notes that the Debtors have advised them that they are the holders of the Notes issued by The RACERs 2007-7-MM Trust.  The Trustee has requested that the Debtors provide the Trustee with an appropriate certificate of beneficial interest with respect to this position.  Once this certificate of beneficial interest is provided, the Debtors may direct the Trustee to agree to the expungement of the majority of one claim but the claim with respect to the fees and expenses for each would remain.

---

[1]     Capitalized terms not defined herein shall have the meaning ascribed to them in that certain Series Indenture dated as of August 23, 2007 between the RACERs 2007-7-MM Trust and U.S. Bank National Association, as Trustee, as supplemented by those certain Standard Terms for Indentures dated as of August 23, 2007 between RACERs 2007-7-MM and the Trustee.

**THE STRUCTURE OF THE TWO TRUSTS**

The RACERs 2007-A and the RACERs 2007-7-MM transactions are interrelated in that the Underlying Security for the RACERs 2007-7-MM transaction is the variable rate funding note issued by the RACERs 2007-A Trust.

**A.      The RACERs 2007-A Trust.**

As of the date of the petition, the RACERs 2007-A Trust paid $5,000,000,000 to Lehman Brothers Commercial Paper Inc. (*"LCPI"*) under the terms of that certain Participation Agreement dated as of August 23, 2007 between the RACERS 2007-A Trust and LCPI (the *"Participation Agreement"*), whereby the 2007-A Trust purchased a 100% participation interest in certain loans originated or purchased by LCPI (the *"Participated Assets"*).  In addition, LCPI granted the RACERs 2007-A Trust a first priority security interest in the Participated Assets.

The RACERs 2007-A Trust entered into a swap transaction with LBSF documented by that certain ISDA Master Agreement dated as of August 23, 2007 between LBSF and the 2007-A Trust (the *"2007-A Master Agreement"*), the Schedule to the Master Agreement dated as of August 23, 2007 by and between LBSF and the 2007-A Trust (the *"2007-A Schedule"*), and that certain Confirmation dated August 23, 2007 from LBSF to the 2007-A Trust (the *"2007-A Confirmation"*, and with the 2007-A Master Agreement and the 2007-A Schedule, the *"2007-A Swap Transaction"*).  Under the terms of the RACERs 2007-A Swap Transaction, the RACERs 2007-A Trust exchanged (a) any payments it received with respect to the Participation Agreement for (b) interest on the 20th day of each month at the rate of 7% interest per annum on the Notional Amount of the 2007-A Swap Transaction (which Notional Amount is identical to the amount of the 2007-A Trust's investment under the Participation Agreement), and (c) payment of the Notional Amount of the 2007-A Swap Transaction on the Termination Date. Under the terms of the 2007-A Swap Transaction, LCPI was directed to make payments due

under the Participation Agreement directly to LBSF.  LBHI served as the Credit Support Party for the obligations of LBSF under the terms of the swap transaction.

RACERs 2007-A Trust's investment under the Participation Agreement was funded through the issuance of a variable funding note which was purchased by the RACERS 2007-7-MM Trust.

### B.    RACERs 2007-7-MM Trust.

The RACERs 2007-7-MM Trust issued Notes under the terms of a Series Indenture dated as of August 23, 2007 (the *"Series Indenture"*) between the RACERs 2007-7-MM Trust and U.S. Bank National Association, as Trustee, as supplemented by those certain Standard Terms for Indentures dated as of August 23, 2007 between RACERs 2007-7-MM and the Trustee.  The current principal amount outstanding on these Notes is $5,000,000,000.  The 2007-7-MM Trust used the proceeds of these Notes to purchase the Underlying Securities - the variable funding note(s) issued by the 2007-A Trust.  Under the terms of that certain Security and Control Agreement dated as of August 23, 2007 by and among Restructured Asset Securities with Enhanced Returns, Series 2007-A Trust (the *"Pledgor"*), RACERs 2007-7-MM Trust, as secured party, and LBSF, as secured party (the *"Security Agreement"*), the RACERs 2007-7-MM Trust was granted a security interest in, *inter alia,* the underlying assets which are the subject of Participation Agreement and the 2007-A Swap Transaction.

Likewise, the 2007-7-MM Trust entered into a swap transaction with LBSF for which LBHI served as a Credit Support Party.  This transaction is documented by that certain ISDA Master Agreement dated as of August 23, 2007 between LBSF and the 2007-7-MM Trust (the *"2007-7 Master Agreement"*), the Schedule to the Master Agreement dated as of August 23, 2007 by and between LBSF and the 2007-7-MM Trust (the *"2007-7 Schedule"*), and that certain Confirmation dated August 23, 2007 from LBSF to the 2007-7-MM Trust (the *"2007-7*

*Confirmation"* and with the 2007-7 Master Agreement and the 2007-7 Schedule, the *"2007-7*

*Swap Transaction"*).

Under the terms of the 2007-7 Swap Transaction, the Trust was to receive from LBSF

(a) interest on the Notional Amount (equal to the amount of Notes outstanding) at the rate of one

month LIBOR plus the Party A Floating Rate Spread on the Party A Floating Rate I Payer

Payment Dates and (b) the Party A Floating Amount II Payment Amount (equal to the Notional

Amount) on the Party A Floating Amount II Payer Payment Date, *in exchange for* (x) interest on

the Notional Amount at the rate of 7% per annum on the Party B Fixed Payment Dates and

(y) proceeds (to the extent actually received) in respect of the redemption of the outstanding

principal amount of the Underlying Securities (the variable funding note issued by the RACERS

2007-A Trust) then held by Party B on the Party B Floating Amount I Payer Payment Dates.

A diagram of this transaction is attached hereto as *Exhibit A*. In the ordinary course of

business, this transaction is somewhat circular as it relates to LBSF in that LBSF receives from

the RACERs 2007-7 Trust what it paid to the 2007-A Trust. However, defaults exist under the

terms of each of the 2007-A Swap Transaction and the 2007-7 Transaction.

**C.      Defaults Exist under Each of the Participation Agreement, the 2007-A Swap
Transaction and the 2007-7 Swap Transaction**

Defaults exist under the terms of each of the Participation Agreement, the 2007-A Swap

Transaction and the 2007-7 Swap Transaction. With respect to the swap transactions, defaults

exist as a result of the filing of voluntary petitions for relief under Chapter 11 of 11 U.S.C. §101

*et seq.,* first by LBHI on September 15, 2008 and thereafter by LBSF. In addition to the

foregoing, LBHI has failed to make any payments to either the RACERs 2007-A Trust or the

RACERs 2007-7-MM Trust under the terms of the respective swap transaction, including the

failure to make payments due by LBSF on or before September 20, 2008. The Trustee gave

notice of an early termination of each swap transaction on September 22, 2008 and designated an

Early Termination Date.  In addition, the 2007-A Trust requested that LCPI assign all of the Participated Assets to the Trust.  To date, LCPI has continued to collect all payments on and proceeds of the loans, which proceeds are the property of the 2007-A Trust and/or the 2007-7-MM Trust.

> **D.     The Trustee Filed Proofs of Claim with Respect to Each Trust.**

U.S. Bank as Indenture Trustee filed six proofs of claim in the aggregate in connection with the RACERs 2007-A Trust and the RACERs 2007-7-MM Trust.  A proof of claim was filed with respect to each trust in connection with the obligations of LCPI under the Participation Agreement.  In addition, U.S. Bank filed (a) a proof of claim against LBSF on behalf of the RACERs 2007-A Trust with respect to the 2007-A Swap Transaction plus the fees, costs and expenses of the Trustee and against LBHI under the 2007-A Swap Transaction with respect to its Credit Support obligations, and (b) a proof of claim against LBSF on behalf of the RACERs 2007-7-MM Trust  with respect to the 2007-7 Swap Transaction, plus the fees, costs and expenses of the Trustee and against LBHI as Credit Support Party with respect to its Credit Support obligations with respect to the 2007-7 Swap Transaction .

> **E.     While Holders of the Notes Issued by the RACERs 2007-7-MM Trust Are Entitled to Only Recover Principal and Interest on Its Notes, Such Holders Have Two Sources of Recovery.**

U.S. Bank agrees that the holders of the Notes issued by the RACERs 2007-7-MM Trust are only entitled to be paid the principal amount of the Notes plus accrued and unpaid interest thereon, or $5,000,000,000 plus accrued and unpaid interest.  However, the Trustee believes that these holders have two separate and distinct methods of recovery:  (a) payment from LBSF and LBHI as Credit Support Party under the 2007-7 Swap Transaction and (b) payment from LBSF with respect to the Trust's security interest in, *inter alia*, the Participated Assets and the 2007-A

Swap Transaction and the accompanying Credit Support provided by LBHI. It is therefore inappropriate to expunge either claim.

**F.  In Addition, the Proofs of Claim are Not Duplicative with Respect to the Fees and Expenses of the Trustee.**

Further, the claims are not duplicative with respect to the fees and expenses of the Trustee. As of the date of the filing of the Proofs of Claim, the Trustee asserted fees and expenses in connection with the RACERs 2007-A Trust in the amount of $30,320.84, and fees and expenses in connection with the RACERs 2007-7-MM Trust in the amount of $27,168.34. Section 11 of the ISDA Master Agreement provides as follows:

> A Defaulting Party will, on demand, indemnify and hold harmless the other part for and against all reasonable out of pocket expenses, including legal fees and Stamp Tax, incurred by such other party be reason of the enforcement and protection of its rights under the Agreement or any Credit Support Document to which the Defaulting Party is a party or by reason of the early termination of any Transaction, including, but not limited to, costs of collection.

While U.S. Bank asserted a claim for its fees and expenses in each case, these fees and expenses may in fact be a secured claim (secured by the Participated Assets and the 2007-A Swap) and/or an administrative expense claim, and U.S. Bank National Association reserves the right to assert these claims.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, for all of the foregoing reasons, U.S. Bank respectfully requests that this Court (a) deny the Ninth Omnibus Objection as it relates to Claim Number 23467 as being substantively duplicative of  Claim Number 23464 filed by U.S. Bank on grounds that such claims are not substantially duplicative and (b) deny the Ninth Omnibus Objection as it relates to Claim Number 23467 as being duplicative of Claim Number 23464 with respect to the fees and expenses asserted by U.S. Bank National Association, and (c) such other relief as deemed appropriate.

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION, not
 individually but as Trustee


By: _____
 /s/ James Heiser
 One of Its Attorneys

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3000

Craig M. Price
CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York  10017-5010
(212) 655-6000