# United States Bankruptcy Court

## Southern District of New York

In re **Lehman Brothers Holdings Inc.,**     Case Nos. **08-13555**
                                              **Jointly Administered**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Eton Park Fund, L.P.                          Goldman, Sachs & Co.
_____                       _____
Name of Transferee                            Name of Transferor

Original Court Claim #: 17319 ($200,000,000.00, the "Total Claim Amount")

ISIN/CUSIP: 52525MKT4

Transferred Claim: 12.25% of CUSIP 52525MKT4 or $24,500,000.00 of the Total Claim Amount.

Name and Address where notices to Transferee should be sent:

Eton Park Fund, L.P.
399 Park Avenue, 10th Floor
New York, NY 10022
Attn: Serge Todorovich
Tel: (212) 756-5354
Email: Serge.Todorovich@etonpark.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Eton Park Fund, L.P.
By: Eton Park Capital Management, L.P., its Investment Manager

By: _____                     Date: May 3, 2010
Name:   **Marcy Engel**
Title:  Chief Operating Officer & General Counsel
        Eton Park Capital Management, L.P.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

    1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Goldman, Sachs & Co. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Eton Park Fund, L.P. ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof,

    (a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper, issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Number 17319 (the "Proof of Claim") filed by or on behalf of Primary Fund, a series of The Reserve Fund, a Massachusetts business trust ("Prior Seller") against Lehman Brothers Holdings, Inc., (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (the "Purchased Claim"),

    (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and (iv) to the extent relating to the Purchased Claim, a proportionate part of Seller's right, title and interest in, to and under that certain Agreement and Evidence of Transfer of Claim dated as of April 13, 2010, between Seller and Prior Seller, under which Seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim,

    (c) any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to the Purchased Security (as defined below) actually received by Seller prior to September 15, 2008 (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and

    (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

    For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security described in Section 2 of the Proof of Claim and specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to proof of claim number 17321 filed by Prior Seller or any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, or (ii) that any party other than Seller may have or may pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever. This assignment shall be deemed an absolute and unconditional assignment of the Transferred Claims.

    2.    Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing

proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in respect of the Transferred Claims, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than five (5) business days) remit any payments distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

588401.1/9999-00999

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14 day of April, 2010.

GOLDMAN, SACHS & CO.

By: *[signature]*
Name: Dennis Lafferty
Title: Managing Director

30 Hudson Street, 36th Floor
Jersey City, NJ 07302

ETON PARK FUND, L.P.
By: Eton Park Capital Management, L.P., its investment manager

By: _____
Name:
Title:

399 Park Ave, 10th Floor
New York, NY 10022

- 3 -

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14 day of April, 2010.

| GOLDMAN, SACHS & CO. | ETON PARK FUND, L.P.<br>By: Eton Park Capital Management, L.P., its investment manager |
|---|---|
| By:_____<br>Name:<br>Title: | By: *Kristi Biondo* (signature)<br>Name: Kristi Biondo<br>Title: Controller<br>Eton Park Capital Management, LP |
| 30 Hudson Street, 36th Floor<br>Jersey City, NJ 07302 | 399 Park Ave, 10th Floor<br>New York, NY 10022 |

- 3 -

588401.1/9999-00999

Schedule 1

Transferred Claims

Purchased Claim

- 7.00% of CUSIP 52525MKA5 or $10,500,000.00 of $150,000,000.00 (the principal amount of CUSIP 52525MKA5 due at maturity of the Purchased Security) and as further described in Section 2 of the Proof of Claim[1], plus all interest related thereto.

- 12.25% of CUSIP 52525MKT4 or $24,500,000.00 of $200,000,000.00 (the principal amount of CUSIP 52525MKT4 due at maturity of the Purchased Security) and as further described in Section 2 of the Proof of Claim[2], plus all interest related thereto.

Description of the Purchased Security:

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Floating Rate Note | 52525MKA5 | Lehman Brothers Holdings Inc. | None | USD 10,500,000.00 | 3.00% | October 10, 2008 |
| Floating Rate Note | 52525MKT4 | Lehman Brothers Holdings Inc. | None | USD 24,500,000.00 | 3.29% | October 27, 2008 |

---

1 The Purchased Security is a portion of the security described in Section 2 of the Proof of Claim as "Floating Rate Note with maturity date of 10/10/2008, Custody CUSIP 52525MKA5 in the principal face amount of $150,000,000.00 and which accrues interest at the rate of 3.00%."
2 The Purchased Security is a portion of the security described in Section 2 of the Proof of Claim as "Floating Rate Note with maturity date of 10/27/2008, Custody CUSIP 52525MKT4 in the principal face amount of $200,000,000.00 and which accrues interest at the rate of 3.29%."

Schedule 1-1

588401.1/9999-00999