Presentment Date and Time: May 18, 2010 at 12:00 p.m (Prevailing Eastern Time)
Objection Deadline: May 18, 2010 at 11:00 a.m (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                               :           **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :           **08-13555 (JMP)**
:
              **Debtors.**          :           **(Jointly Administered)**
:
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT**
**OF APPLICATION OF THE DEBTORS PURSUANT**
**TO SECTION 327(e) OF THE BANKRUPTCY CODE AND**
**RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN**
**LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS**

      **PLEASE TAKE NOTICE** that the undersigned will present the annexed

Application of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases (together, the "Debtors") pursuant to section 327(e) of the

Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for authorization

to employ Latham & Watkins LLP ("L&W") as special counsel (the "Application"), all as more

fully described in the Application, to the Honorable James M. Peck, United States Bankruptcy

Judge, for approval and signature on **May 18, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

        **PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any,

shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq.; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Latham & Watkins LLP, 355 S. Grand Avenue, Los Angeles, CA, 90071, Attn: Gregory O. Lunt, Esq., **so as to be so filed and received by no later than May 18, 2010 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only if a written objection is timely filed and served, a hearing will be held on **June 16, 2010, at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 5, 2010
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Presentment Date and Time:  May 18, 2010 at 12:00 p.m (Prevailing Eastern Time)**
**Objection Deadline:  May 18, 2010 at 11:00 a.m (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
**In re**                                             :          **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,          :          **08-13555 (JMP)**
                                                                 :
                                    **Debtors.**      :          **(Jointly Administered)**
                                                                 :
-----------------------------------------------------------------x

### APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), have requested the services of Latham & Watkins LLP ("L&W") in connection with the Representative Matters (defined below), and the Debtors hereby file this application to employ L&W as special counsel (the "Application") and respectfully represent:

# I.    Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On November 5,  2008, the Court entered the Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business [Docket No. 1394] (the "OCP Order").

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

5.      On February 12, 2009, L&W filed the Verified Statement of Latham & Watkins LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 2822].

6.      On May 27, 2009, L&W filed the Affidavit and Disclosure Statement of Gregory O. Lunt on behalf of Latham & Watkins LLP in accordance with the OCP Order [Docket No. 3667] (the "Lunt OCP Affidavit").  L&W has provided, and continues to provide, services to the Debtors pursuant to the OCP Order.

## II.     Jurisdiction

7.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## III.     Lehman's Business

8.     Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## IV.     Relief Requested

10.     In addition to the matters for which L&W has historically provided services (and continues to provide services) to the Debtors during the pendency of these cases, a list of which is attached to the Lunt Declaration (defined below) as Schedule 1 (the "OCP Matters"),[1] the Debtors have requested that L&W represent them in (i) a workout of a number of loans made to entities controlled by Alan J. Worden (the "Scout Portfolio Matter"), and (ii) investigations and advice regarding appropriate courses of action with respect to the matters

---

[1] The OCP Matters listed in Schedule 1 to the Lunt Declaration include only those matters with respect to which L&W continues to provide services to the Debtors.  As to the matters that were included in the Lunt OCP Affidavit but are not included on Schedule 1 to the Lunt Declaration, either (i) the Debtors are no longer using L&W's services with respect to such matters or (ii) such matters have been transitioned to Barclays or another entity and L&W is no longer performing services or seeking payment from the Debtors for such matters.

raised in proofs of claim against LBHI which were filed on September 22, 2009 by LBREM

REIT Holdings LLC and El Toro LLC (the "Claims Matter," and together with the Scout

Portfolio Matter and the OCP Matters, the "Representative Matters").

11.     While the Debtors and L&W initially intended to handle these

engagements through a supplement to the Lunt OCP Affidavit, because the potential aggregate

amount of fees associated with the Representative Matters will cause L&W to exceed the caps

set forth in the OCP Order, and in an abundance of caution, the Debtors request entry of an

order, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules,

and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Rules"), authorizing the employment of L&W as special counsel for the Debtors to

handle the Representative Matters.

## V.     Basis for Relief

12.     The Debtors' knowledge, information, and belief regarding the matters set

forth in this Application are based on and made in reliance upon the Declaration of Gregory O.

Lunt (the "Lunt Declaration"), sworn to on May 4, 2010, a copy of which is attached hereto as

Exhibit A.

13.     The retention of L&W under the terms described herein is appropriate

under Bankruptcy Code sections 327(e) and 1107(b).  Section 327(e) provides for the

appointment of special counsel where the proposed counsel does not possess any interest

materially adverse to the debtor with regard to the matter(s) that will be handled by counsel.

Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a
> specified special purpose, other than to represent the trustee
> in conducting the case, an attorney that has represented the
> debtor, if in the best interest of the estate, and if such
> attorney does not represent or hold any interest adverse to

> the debtor or to the estate with respect to the matter on
> which such attorney is to be employed.

11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."  11 U.S.C. § 1107(b).

14.     Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that:  (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession.  *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994).  *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original).  As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to L&W and, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

## VI.     The Employment and Retention of L&W is in the Best Interests of the Estates

15.     The Debtors have decided to retain L&W because L&W is well qualified to act as special counsel in the Representative Matters.  As described in the Lunt Declaration, L&W has extensive knowledge and experience with each of these kinds of matters.  L&W has substantial experience in virtually all aspects of the law that may arise in its representation of the

Debtors with respect to the Representative Matters, including, among others, corporate, finance, litigation, and real estate issues.

16.     For these reasons, the Debtors submit that the employment of L&W is in the best interests of the Debtors, their estates and their creditors.

### VII.     L&W Holds No Interest Adverse to the Debtors or the Debtors' Estates With Respect to the Representative Matters

17.     To the best of the Debtors' knowledge, and as set forth in the Lunt Declaration, L&W does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters as to which L&W is to be employed.  *See In re AroChem*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).  The Debtors have been informed that L&W will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, L&W will supplement its disclosure to the Court.

18.     As set forth in the Lunt Declaration, L&W represents certain clients in connection with the Debtors' chapter 11 cases.  A summary of certain of these representations is set forth in the Lunt Declaration.  In addition, a list of the engagements in which L&W advises other clients in connection with the Debtors' chapter 11 cases is attached to the Lunt Declaration as Schedule 2 (collectively, the "<u>L&W Clients</u>").[2] These representations have been limited in scope and are unrelated to the Representative Matters, for which L&W is being retained.

19.     Furthermore, the Debtors hereby confirm that they have consented to and have waived any actual or potential conflicts resulting from L&W's representation of the L&W

---

[2] As set forth in the Lunt Declaration, Schedule 2 includes only clients whom L&W advises in connection with the Debtors' chapter 11 cases.  Schedule 2 does not include L&W clients who L&W believes may have an interest in the Debtors' cases, but who have not specifically requested that L&W represent them in connection therewith.

Clients on matters that may be adverse to the Debtors, so long as those engagements are not related to and would not cause L&W to represent a party adverse to the Debtors in connection with the Representative Matters. This waiver covers all L&W Client matters as defined in the Lunt Declaration, including new issues that arise from or are directly related to the L&W Client matters or new matters (including litigation) that arise in the course and scope of the L&W Client Matters (together, the "Waived Matters"). The waiver will not prospectively cover new future matters for existing clients that are not directly related to the Waived Matters or matters for new clients that have not been disclosed in the Lunt Declaration (together, the "New Matters"). If L&W in the future determines that any of the engagements described in the Lunt Declaration directly conflict with the Representative Matters, L&W will abstain from providing services to that Debtor, seek a waiver or otherwise resolve the matter to the mutual satisfaction of L&W, the Debtor and the other client or clients involved in such matter. If L&W in the future determines that there are New Matters not disclosed in the Lunt Declaration, L&W will file a supplement to the Lunt Declaration.

20.     L&W has agreed with the Debtors that it will not represent any clients, whether in connection with the matters set forth in paragraphs 18 through 26 of the Lunt Declaration, Schedule 2 to the Lunt Declaration or otherwise, in bringing any claim or cause of action against any of the Debtors that is based on any allegation of fraud by any of the Debtors.

21.     In addition to the foregoing, Sharon Bowen, a partner of L&W is also Vice Chairman and a member of the Board of Directors of the Securities Investor Protection Corporation (SIPC). L&W has established ethical walls to ensure that Ms. Bowen will not be involved in L&W's representation of any client whom L&W now or in the future represent in a

matter related to *In re Lehman Brothers Inc.,* Case No.-01420 (JMP) SIPA currently pending in the United States Bankruptcy Court for the Southern District of New York.

22. Based on the foregoing and the disclosures set forth in the Lunt Declaration, the Debtors believe that L&W does not hold or represent an interest adverse to the Debtors' estates that would impair L&W's ability to perform professional services for the Debtors, objectively and in accordance with section 327(e) of the Bankruptcy Code, regarding the Representative Matters.

23. L&W has informed the Debtors that it is owed $1,770,031.75 in unpaid fees and expenses from the Debtors for pre-petition services rendered.

## VIII. L&W will not Conduct the Debtors' Bankruptcy Case

24. By separate applications, the Debtors have sought and obtained the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel. By contrast, L&W's postpetition work is comprised solely of the Representative Matters. None of these matters involve the conduct of the bankruptcy cases themselves. Additionally, because L&W is not serving as the Debtors' bankruptcy counsel, the Debtors believe that L&W has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code. Accordingly, the services rendered and functions to be performed by L&W will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors. Furthermore, L&W will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

## IX.     Professional Compensation

25.     The Debtors understand that L&W intends to apply separately to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all orders of this Court governing professional services performed and expenses incurred after the Commencement Date.  Commencing with work performed in March 2010, L&W has agreed to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court.[3]

26.     L&W has further informed the Debtors that the current hourly billing rates for L&W professionals expected to spend significant time on the Representative Matters range from $780-$1,090 for partners, $755 to $885 for counsel, $435 to $755 for associates, and $190 to $340 for paralegals.[4]  The Debtors respectfully submit that such rates are reasonable and comparable to the rates other firms charge for similar services.  For services rendered by L&W in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee, and orders of the Court, propose to pay L&W its customary hourly rates that are in effect from time to time, as set forth in the Lunt Declaration.

27.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

---

[3] For work performed prior to March 2010, L&W will seek compensation pursuant to the terms of the OCP Order.
[4] Such hourly rates may change from time to time in accordance with L&W's established billing practices and procedures.

## X. Notice

28.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Application in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) L&W. The Debtors submit that no other or further notice need be provided.

29.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  May 5, 2010
        New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**Lunt Declaration**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                :

**In re**                      :     **Chapter 11 Case No.**

                                :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :     **08-13555 (JMP)**

                                :

                 **Debtors.**      :     **(Jointly Administered)**

                                :

                                :
-----------------------------------------------------------x

## DECLARATION OF GREGORY O. LUNT IN SUPPORT OF APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS

Gregory O. Lunt, being duly sworn, deposes and says:

        1.      I am a partner of Latham & Watkins LLP ("L&W" or the "Firm"),

located at 355 South Grand Avenue, Los Angeles CA, 90071-1560 and am duly authorized to

make this declaration on the Firm's behalf. The Firm also has numerous other offices both in

the United States and abroad, including at 885 Third Avenue, Suite 1000, New York, New

York 10022-4834.

        2.      I submit this Declaration in support of the Application of the Debtors

Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of

Bankruptcy Procedure for Authorization to Employ and Retain Latham & Watkins LLP, as

Special Litigation Counsel (the "Application"), filed in the chapter 11 cases of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors"), under

section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), and to provide

the disclosures required under Bankruptcy Rules 2014(a) and 2016(b). Capitalized terms used

in this Declaration that are not defined in this Declaration shall have the meanings given to

them in the Application.

3.      I have personal knowledge[1] of each of the facts stated in the

Declaration, except for those facts stated on information and belief, and as to those facts, I am

informed and believe them to be true. If I obtain additional information that requires further

disclosure or modification of the Application or the Declaration, I will file a supplemental

declaration with the Court.

4.      The Debtors seek to retain L&W as special counsel to the Lehman

Entities pursuant to section 327(e) of the Bankruptcy Code to perform legal services in

connection with the Representative Matters set forth below and in the Application. L&W has

extensive knowledge and experience with each of these kinds of matters, and has substantial

experience in virtually all aspects of the law that may arise in its representation of the Debtors

with respect to the Representative Matters, including, among others, corporate, finance,

litigation, and real estate issues. Accordingly, I believe that L&W is both well qualified and

uniquely able to provide the services described below and that its retention would be in the

best interest of the Debtors' estates, their creditors and other parties in interest.

---

[1]      Certain of the disclosures herein relate to matters within the knowledge of other attorneys at L&W and are based on information provided by them.

LA\2071663.13

## The Representative Matters

5.      L&W provided extensive services to the Debtors prior to their

bankruptcy. Since the Petition Date until the present, L&W's serviced have been limited and

accordingly on May 27, 2009, L&W filed the Affidavit and Disclosure Statement of Gregory

O. Lunt on behalf of Latham & Watkins LLP Pursuant to the Order Authorizing the Debtors to

Employ Professionals Utilized in the Ordinary Course of Business (the "Lunt OCP Affidavit")

[Docket No. 3667]. A list of the matters for which L&W has historically provided services

(and is currently providing services) to the Debtors pursuant to the OCP Order is attached

hereto as the Schedule 1 (the "OCP Matters").[2]

6.      In addition to the OCP Matters, the Debtors have requested L&W to

represent them in matters with respect to (i) a workout of a number of loans made to entities

controlled by Alan J. Worden (the "Scout Portfolio Matter"); (ii) investigations and advice

regarding appropriate courses of action with respect to the matters raised in proofs of claim

against Lehman Brothers Holdings Inc. which were filed on September 22, 2009 by LBREM

REIT Holdings LLC and El Toro LLC (the "Claims Matter," and together with the Scout

Portfolio Matter and the OCP Matters, the "Representative Matters"). Initially, the Debtors

and L&W intended to handle these engagements by supplementing the Lunt OCP Affidavit.

However, given the aggregate amount of fees associated with the Representative Matters and

in an abundance of caution, the Debtors and L&W determined to file the Application.

7.      The conflict check system maintained by L&W is designed to include

every matter on which the firm is now or has been engaged, by which entity the firm is now or

---

[2]      The OCP Matters listed in Schedule 1 include only those matters with respect to which L&W continues to
provide services to the Debtors. As to the matters that were included in the Lunt OCP Affidavit but are not included
on Schedule 1, either (i) the Debtors are no longer using L&W's services with respect to such matters or (ii) such
matters have been transitioned to Barclays or another entity and L&W is no longer performing services or seeking
payment from the Debtors for such matters.

has been engaged, and, in each instance, the identity of related parties and adverse parties and the attorneys in the firm that are knowledgeable about the matter. It is the policy of L&W that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and other affected and adverse parties. Accordingly, L&W maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

### L&W's Connections to Parties in Interest
### In Matters Unrelated to the Debtors' Chapter 11 Cases

8.  I caused attorneys working under my supervision to conduct a detailed review of the information generated from these databases to determine L&W's representations of clients which are adverse to the Debtors in connection with the Debtors' chapter 11 cases.

9.  Based upon this review, while certain Parties in Interest may be current or former clients of L&W, or may otherwise be involved in litigation or transactional matters in which L&W represents a client, and other than the claims described in paragraph 31 below, I do not believe that L&W holds any interest adverse to the estates with respect to the matters for which L&W is retained by the estates (the "Representative Matters"). Furthermore, to the best of my knowledge, neither L&W nor any attorney at the Firm holds or represents any interest adverse to the Debtors' estates with respect to such matters.

10.  As part of its comprehensive legal practice, L&W has represented in the past and may currently represent certain of the Parties in Interest (including subsidiaries and other related entities or individuals). These representations may include, among other things,

LA\2071663.13

various general corporate, bankruptcy, financial restructuring, finance, securities, real estate, and employee benefits, intellectual property, and litigation matters.

11.     I understand that the Debtors have retained or will retain various professionals to aid in the prosecution of the Debtors' chapter 11 cases. In the past, attorneys at L&W have worked with certain of these professionals on various matters, representing either the same parties, parties with similar interests or parties with adverse interests. In addition, certain of these firms may be current or former clients of L&W. We believe it is also likely that many of the professionals who may appear in these cases are trustees, witnesses, advisors or counsel, as the case may be, in transactions or cases in which L&W also represents a client. L&W may retain various such professionals or affiliates thereof to provide, inter alia, litigation support and financial advisory services to L&W or L&W's clients in a variety of past, present or future engagements. Current employees at L&W may be former employees of, or related to employees of, one or more of the other professionals in this case. In addition, attorneys at L&W belong to professional organizations to which other professionals who may appear in these cases may also belong.

12.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor L&W, nor any partner or associate thereof, has any connection with the Debtors, the U.S. Trustee or any Parties in Interest, except as set forth herein.

13.     I am not related, and, to the best of my knowledge, no other L&W attorney is related, to any United States Bankruptcy or District Judge for the Southern District of New York or to the United States Trustee in these chapter 11 cases.

14.     L&W attorneys may have personal relationships with persons affiliated with certain of the Parties in Interest and with certain Judges in the Southern District of New York (whether arising from clerkships or otherwise).  L&W attorneys may also have ordinary business relationships with various Parties in Interest and may have previously been employed by Parties in Interest.  It is my understanding that none of the foregoing relationships are related to the Debtors' chapter 11 cases.

15.     Sharon Bowen, a partner of L&W is also Vice Chairman and a member of the Board of Directors of the Securities Investor Protection Corporation (SIPC).  L&W has established ethical walls to ensure that Ms. Bowen will not be involved in L&W's representation of any client whom L&W now or in the future represents in a matter related to *In re Lehman Brothers Inc.,* Case No.-01420 (JMP) SIPA currently pending in the United States Bankruptcy Court for the Southern District of New York.

16.     I do not understand Bankruptcy Rule 2014(a) or other applicable law to require disclosure of each present or future engagement L&W receives from a Party in Interest as long as it is unrelated to the Representative Matters.  L&W intends to accept engagements from other Parties in Interest (whether existing or new clients), but will not undertake a representation  in which the client would be adverse to the Debtors with respect to the Representative Matters for which the Firm is retained.

### L&W's Connections to Parties in Interest
### In Matters Related to the Debtors' Chapter 11 Cases

17.     L&W has a comprehensive U.S. bankruptcy practice. As such, L&W represents certain clients in connection with the Debtors' chapter 11 cases (and, as set forth below, will continue to do so subject to certain restrictions). A list of the representations in which L&W advises other clients in connection with the Debtors' chapter 11 cases is attached

LA\2071663.13

hereto as Schedule 2 (collectively, the "L&W Clients").[3] These representations are unrelated to the Representative Matters.

18.     The Firm has been retained to represent Fannie Mae, Asurion Corporation, NetApp, Inc. and GE Corporate Financial Services, Inc. in these cases, including, in connection with, any claims that these clients might have or assert against one or more of the Debtors. Fannie Mae has a contract with LBHI and has claims against one or more of the Debtors. Asurion Corporation entered into financing transactions, including swaps, with certain of the Debtors and might have claims arising from these transactions. Our representation of NetApp, Inc. relates to a convertible bond offering that included a hedge from one of the Debtors. NetApp, Inc. has filed a claim against this Debtor. The firm has filed a statement under Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Rule 2019 Statement") with respect to these clients.

19.     The Firm has been retained by Ernst & Young LLP ("EY") to represent EY in connection with matters related to the services that EY performed or was engaged to perform for LBHI or any of the other Debtors, including, without limitation, investigatory and litigation matters, which could conceivably at some point in the future and depending on a number of contingencies become adverse to one or more of the Debtors. In addition, the Firm has been retained by EY to represent it in any retention and/or compensation matters in these cases.

20.     The Firm has been retained by certain of the Debtors' non-debtor affiliates, including Aurora Bank, FSB (f/k/a Lehman Brothers Bank, FSB), Woodlands Bank (f/k/a Lehman Brothers Commercial Bank), and Aurora Loan Services LLC, to represent them

---

[3]     Schedule 2 includes only clients whom L&W advises in connection with the Debtors' chapter 11 cases. The attached list does not include L&W clients who L&W believes may have an interest in the Debtors' cases, but who have not specifically requested that L&W represent them in connection therewith.

in matters arising in or relating to these cases or otherwise involving or relating to the Debtors including, among other things, litigation matters, whether adverse to one or more of the Debtors or otherwise.

21.     The Firm has been retained to represent Bundesverband deutscher Banken, the German deposit protection fund, in connection with certain indemnities and undertakings from and/or other arrangements with or relating to LBHI, including, among other things, potential litigation matters, whether adverse to one or more of the Debtors or otherwise.

22.     The Firm has been retained to represent a former officer of one of the Debtors in certain investigations or litigations that might be brought against him by governmental entities or regulators.

23.     The Firm currently represents a number of other clients ("Claims Clients") in connection with transactions that involved one or more of the Debtors and/or that may result in the assertion of claims against or by one or more of the Debtors. These matters include representations of agents, lenders, counterparties, bondholders, sponsors, borrowers and other interested parties in connection with various financing transactions, including, among others, swaps, hedges, loans, guaranties, indemnities and securities offerings, involving one or more of the Debtors. Many of these representations pre-date the commencement of these cases. The Firm has been retained by these clients to assist them in understanding their rights in connection with these transactions, assist them in unwinding certain transactions or finding alternative arrangements, advise them on the status and implication of these cases on their transactions and rights and, potentially, for certain of these clients, bring claims on their

behalf against one or more of the Debtors in these cases and/or otherwise represent their interests in these cases.

24.     The firm is in the process of hiring or admitting to its partnership one or more attorneys (the "Laterals") who at previous law firms represented the Debtors in matters unrelated to (i) the Representative Matters and (ii) the L&W Client matters. If one or more of these Laterals is hired or admitted to partnership, L&W will establish ethical walls to ensure that the Laterals do not work on the L&W Client matters.

25.     The Firm currently represents other clients in litigations where one or more of the Debtors is a co-defendant as well as other clients in bankruptcy cases other than these cases in which one or more of the Debtors is a creditor or other interested party.

26.     The Firm also currently represents clients in matters that are adverse to the Debtors' non-debtor affiliates.

27.     The Firm has agreed with the Debtors that it will not represent any clients, whether in connection with the foregoing matters or otherwise, in bringing any claim or cause of action against any of the Debtors that is based on any allegation of fraud by any of the Debtors.

28.     I do not believe there are any actual or potential conflicts which would preclude L&W from simultaneously representing the Debtors and the L&W Clients. Based on, among other things, the following pertinent facts, I do not believe such dual representation will cause any harm to the Debtors or the L&W Clients:

- The Debtors have requested that L&W represent them as special counsel in their chapter 11 cases.

- The Debtors have consented to and have waived any actual or potential conflicts resulting from L&W's representation of the L&W Clients on matters that may be adverse to the Debtors, so long as those engagements are not related to and would not cause L&W to

9

represent a party adverse to the Debtors in connection with the Representative Matters. This waiver covers all L&W Client matters as defined in this Declaration, including new issues that arise from or are directly related to the L&W Client matters or new matters (including litigation) that arise in the course and scope of the L&W Client Matters (together, the "Waived Matters"). The waiver will not prospectively cover new future matters for existing clients that are not directly related to the Waived Matters or matters for new clients that have not been disclosed in this Declaration (together, the "New Matters"). In addition, L&W has agreed with the Debtors that it will not represent any clients, whether in connection with the matters set forth on Schedule 2 or otherwise, in bringing any claim or cause of action against any of the Debtors that is based on any allegation of fraud by any of the Debtors. If L&W in the future determines that any of the engagements described in paragraphs 18 through 26 above directly conflicts with any of the Representative Matters, L&W will abstain from providing services to that Debtor, seek a waiver or otherwise resolve the matter to the mutual satisfaction of L&W, the Debtor and the other client or clients involved in such matter. If L&W in the future determines that there are New Matters not disclosed in this Declaration, we will file a supplement to this Declaration.

- None of the work performed or anticipated to be performed for the L&W Clients is related to the Firm's work for the Debtors, and the attorneys or non-attorneys who are involved in the Representative Matters has not been (and does not expect to be) adverse to the attorneys or non-attorneys who are involved in L&W's representation of the L&W Clients in any matter related to the Debtors.

- L&W agrees that it will not represent other parties in interest that are adverse to the Debtors in real estate matters that are substantially related to the matters where L&W is currently employed by the Debtors.

29.    Additionally, L&W will not represent any creditors in the Debtors' chapter 11 cases adverse to the Debtors on the Representative Matters for which the Firm is retained, as required by section 327(e) of the Bankruptcy Code.

### Securities Ownership

30.    Certain individual attorneys at L&W may own or have beneficial interests in trusts owning shares in LBHI and securities of related entities and may own shares in other Parties in Interest. We have not conducted any investigation of such attorneys' banking, insurance, brokerage or investment activities in preparing this Declaration. It should be noted, however, that L&W has a long-standing policy prohibiting all attorneys and support

staff from using any confidential information that may come to their attention in the course of their work.

31.     I also note that it is my understanding that a large number of the Debtors' debt and equity securities are held by various mutual funds, trusts and portfolios and accounts that are managed by various advisors. L&W does not know the ultimate beneficial owners of the funds, although it is believed they are widely held. Similarly, many of the Debtors' securities are registered in the name of Depository Trust Company or its nominee, and securities entitlements to such securities are held through securities accounts maintained by brokers, investment advisors and other securities intermediaries. The ultimate owners of the securities entitlements are unknown to L&W, except for those reported on the list of parties in interest provided by Debtors' counsel. It is possible that some of such holders may be clients of L&W.

### L&W Claims in the Debtors' Cases

32.     L&W has filed three proofs of claim in the Debtors chapter 11 cases for prepetition services rendered: Claim No. 31977 against Lehman Commercial Paper Inc. for $136,686.53; Claim No. 34281 against Lehman Brothers OTC Derivatives Inc. for $1,465,500.11; and Claim No. 34282 against Lehman Brothers Holdings Inc. for $182,669.43. L&W will be amending Claim No. 34281 to decrease the amount owed by $14,824.32

### Compensation

33.     Subject to the Court's approval and consistent with L&W's billing practices, L&W will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. These rates may change from time to time in accordance with L&W's established billing practices and procedures and, generally, are adjusted in January of each year. Presently, L&W's hourly rate

LA\2071663.13

structure ranges from $780-$1,090 for partners, $755 to $885 for counsel, $435 to $755 for associates, and $190 to $340 for paralegals. L&W will also seek reimbursement of reasonable out-of-pocket expenses.

34.     During the course of this case, L&W will invoice the Debtors no less frequently than monthly for services rendered and charges and disbursements incurred. L&W will maintain detailed contemporaneous records of time and any actual or necessary expenses incurred in connection with the services rendered for the Debtors. Commencing March 2010, L&W intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in connection with its engagement in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of this Court. Prior to March 2010, L&W will seek compensation in accordance with the provisions of the OCP Order.

35.     No promises have been received by L&W, or any attorney of the Firm, as to payment or compensation for this case other than in accordance with the provisions of the Bankruptcy Code. L&W has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 4, 2010

Gregory O. Lunt.
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560

12

**Schedule 1**
**OCP Matters**

Representation of Lehman Commercial Paper Inc., as Administrative Agent under secured loan facilities for borrowers (a) Bonten Media Group Inc. and (b) Esteem Broadcasting LLC.[1]

Representation of Lehman Commercial Paper Inc. as Administrative Agent under Term Loan and Revolver Credit Agreement with Syniverse Technologies, Inc.

Representation of Lehman Commercial Paper Inc. as Administrative Agent, Collateral Agent, Swing Line Lender and L/C Issuer under Term Loan and Revolver Credit Agreement with Pinnacle Foods.

Representation of Lehman Commercial Paper Inc. as Syndication Agent and Administrative Agent under first and second lien credit agreements with Edgen-Murray Corporation.

Representation of Lehman Brothers Commercial Paper Inc. as Administrative Agent under credit facilities for Gentiva Health Services.

Representation of Lehman Commercial Paper Inc. as Administrative Agent under first and second lien credit facilities for Precision Partners, Inc. and its subsidiaries.

Representation of Lehman Brothers Commercial Paper Inc. and Lehman Brothers Holdings Inc. as agent on a mortgage loan facility, workout and restructuring for same for Moonlight Mortgage Financing.

---

[1] This matter was not included in the Lunt OCP Affidavit but given the limited nature of the work, it is included in this current version of the OCP Matters.

**Schedule 2**
**Matters for L&W Clients**

L&W represents the following clients in matters related to the Debtors' Chapter 11 cases:

| | |
|---|---|
| Fanie Mae | Asurion Corporation |
| NetApp, Inc. | GE Corporate Financial Services Inc. |
| GE Asset Management | GE Capital SpA |
| GE Commercial Credit | GE Financial Markets |
| CSP II USIS Holdings | Federal Home Loan Bank San Francisco |
| Allison Transmission | Ernst & Young LLP |
| Aurora Bank and Aurora Loan Services LLC | Bundesverband deutscher Banken |
| Andrew Mort | Crédit Industriel et Commercial |
| Deutsche Bank | AXA Winterthur |
| AXA IMP | Caceis Bank Luxembourg |
| Natixis Asset Management | Banque de Financement et de Tresorerie |
| Amundi | Carmignac Gestion |
| Swiss Life Asset Management | Crédit Agricole Structured Asset Management |
| Residences de la Republique | Commerces de la Republique |
| Deutsche Hypothekenbank | Fontainebleau Resorts LLC |
| Retirement Housing Foundation | ACTS Retirement-Life Communities |
| Brickman | The Carlyle Group |
| Northern Star Generation | Accurride Corporation |
| Ares Management LLC | Ares Capital Corporation |
| Ares Enhanced Credit Opportunities Fund, Ltd. | Ares Enhanced Credit Opportunities Master Fund, L.P. |

| | |
|---|---|
| Ares IIIR/IVR CLO Ltd. | Ares VR CLO Ltd. |
| Ares VIR CLO Ltd. | Ares VII CLO Ltd. |
| Ares VIII CLO Ltd. | Ares XI CLO Ltd. |
| Ares XII CLO Ltd. | Ares Enhanced Loan Investment Strategy III, Ltd. |
| Green Credit Investors, L.P. | Kilroy Realty, L.P. |
| Sharp Health Care System | ACTS Retirement-Life Communities, Inc. |
| Norddeutsche Landesbank Girozentrale | Bremer Landesbank Kreditanstalt Oldenburg-Girozentrale |
| Interbanca S.p.A. | Advanced Mirco Devices, Inc. |
| CSP II USIS Holdings L.P. | NordDeutsche Landesbank |
| NordLB Covered Finance Bank | NordLB Deutsche Hypobank |
| Goldman Sachs & Co. | Lloyds TSB European Securitisation |
| Breitburn Energy Partners L.P. | Fairpoint Communications, Inc. |
| Saint Joseph University | Veyance Technologies, Inc. |
| Infocomm Investments PTE LTD | Infocomm Development Authority of Singapore |
| United Overseas Bank | Spanish Broadcasting System |

LA\2071663.13

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
: 
In re                                :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
:
                  **Debtors.**       :        **(Jointly Administered)**
:
-------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS

Upon consideration of the application, dated May 5, 2010 (the "<u>Application</u>"),[1] of

Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), pursuant to

section 327(e) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2014(a) of

the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for authorization to employ

and retain Latham & Watkins LLP ("<u>L&W</u>") as special counsel to the Debtors; and upon the

Declaration of Gregory O. Lunt, a partner of L&W (the "<u>Lunt Declaration</u>"), filed in support of

the Application; and the Court being satisfied, based on the representations made in the

Application and the Lunt Declaration, that L&W represents no interest adverse to the Debtors or

the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327

of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to

consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District

of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

and consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) L&W, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Application is in the best interests of

the Debtors, their estates and creditors, and all parties in interest and that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain L&W as special counsel to the Debtors on the terms

set forth in the Application and this order for the Representative Matters identified in the

Application and in accordance with L&W's customary rates in effect from time to time and its

disbursement policies; and it is further

ORDERED that L&W shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines

established by the U.S. Trustee, and such other procedures that have been or may be fixed by

order of this Court, including but not limited to the Court's Third Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

[Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee

Protocol [Docket No. 3651].

Dated: May __, 2010
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE