WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :  Chapter 11 Case No.
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                :  08-13555 (JMP)
                                                            :
                      Debtors.                              :  (Jointly Administered)
                                                            :
------------------------------------------------------------x

**DECLARATION OF SHAI Y. WAISMAN IN SUPPORT**
**OF ORDER TO SHOW CAUSE TO SHORTEN NOTICE PERIOD**
**TO CONSIDER DEBTORS' MOTION PURSUANT TO SECTIONS 105**
**AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE 6004 AND 9019 FOR AUTHORIZATION TO**
**RESTRUCTURE CERTAIN TERMS OF THE ARCHSTONE CREDIT FACILITIES**

    I, Shai Y. Waisman, being fully sworn, hereby declare that the following is true to the best of my knowledge, information, and belief:

    1.    I am an attorney admitted to practice before this Court and a partner of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"). Unless otherwise indicated, I have knowledge of the facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

2. I submit this declaration in support of the Order to Show Cause ("Order to Show Cause") in connection with the Debtors' motion, dated May 6, 2010 (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of a restructuring (the "Restructuring") of certain credit facilities extended to Archstone-Smith Trust and its affiliates (collectively, "Archstone"), all as more fully described in the Motion.

3. Pursuant to the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837], the Motion requires at least twenty-one days' notice. The Debtors are requesting an order shortening, by two days, the notice period ordinarily required and setting the date of May 25, 2010 for the hearing on the Motion.

**The Need for Shortened Notice with Respect to the Motion**

4. Pursuant to the Motion the Debtors seek to effectuate a comprehensive restructuring (the "Restructuring") of the investments made in Archstone by LCPI and certain co-lenders that consisted of certain term loans, revolving loans, a development loan and mezzanine loans (the "Financing"), as further described in the Motion. The Restructuring is intended to improve Archstone's cash flow and liquidity on a long term basis for the benefit of the Debtors, who, in addition to the Financing, indirectly hold beneficial interests in the Common Equity of Archstone. The key terms of the Restructuring involve (i) the conversion of approximately $5.2 billion of the Financing to classes of new equity interests entitled to a preferred return, (ii) the conversion of a portion of the Financing to a new revolving credit facility with an extended maturity date, and (iii) extensions of the maturity dates of the portions

of the Acquisition Financing that are not converted to preferred equity.  The Debtors believe that the Restructuring is the best solution to stabilize Archstone's balance sheet, minimize the need for additional owner capital infusions and preserve the Debtors and their affiliates' substantial investment in Archstone and its business.

5. Cause exists to shorten the notice period ordinarily required for the Motion.  The loan documents evidencing certain additional commitments of financing provided to Archstone by third parties (the "Third-Party Financing") provide that Archstone submit certain required audited financial statements to such third-party lenders on an annual basis.  Archstone's accountants may be unable to provide the audited financial statements required under the documents evidencing such Third-Party Financing absent consummation of certain of the transactions contemplated under the Restructuring prior to June 1, 2010, including extension of the maturity dates of certain of the loans provided under the Financing and modification of the payment terms and covenants contained in the agreements evidencing certain loans provided under Financing.  As a result, if the Debtors are unable to obtain authorization to consummate certain elements of the Restructuring prior to June 1, 2010, there is a risk that their sizeable investment in Archstone will diminish in value.  Accordingly, the Debtors believe it is in the best interests of their estates for Archstone to obtain authorization to consummate the Restructuring by no later than June 1, 2010 in order to provide Archstone's accountants with sufficient time to prepare audited financial statements.  The Debtors understand that May 25, 2010 is the latest date that the Court is available to hear the Motion prior to June 1, 2010.

6. The Debtors intended to file the Motion with the Court two days earlier, which would have allowed for a regular notice period.  However, due to the complexity of the transaction and the need to consult with numerous parties involved, the Debtors were

unexpectedly delayed in their filing.    While the Official Committee of Unsecured Creditors (the "Creditors' Committee") has not taken a formal position with respect to the Motion, the Creditors' Committee does not oppose the request to set the matter for hearing on May 25, 2010.

7.    Accordingly, the Debtors request that the Court enter the Order to Show Cause to proceed to shorten the notice period for the motion by two days, so the hearing on the Motion can be held on May 25, 2010 at 11:00 a.m. (prevailing Eastern Time), with objections and responses, if any, to be received by May 20, 2010 at 4:00 p.m. (prevailing Eastern Time).

Dated: May 6, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession