UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------x

ORDER PURSUANT TO SECTION 327(e) OF THE
BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT
AND RETENTION OF SUTHERLAND ASBILL & BRENNAN LLP
AS SPECIAL TAX COUNSEL, *NUNC PRO TUNC* TO APRIL 1, 2010

Upon consideration of the application, dated April 23, 2010 (the "Application"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to employ and retain Sutherland Asbill & Brennan LLP ("Sutherland") as special tax counsel *nunc pro tunc* to April 1, 2010, all as more fully described in the Application; and upon the Declaration of Jerome B. Libin (the "Declaration"), a partner at Sutherland, which was filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Declaration, that Sutherland represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that, in accordance with section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>"), the Debtors are hereby authorized to employ and retain Sutherland as special tax counsel to the Debtors on the terms set forth in the Application and this order, effective

*nunc pro tunc* to April 1, 2010; and it is further

ORDERED that Sutherland shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: New York, New York
May 6, 2010

    *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE