Troy A. Uhlman
2310 Battery Hill Circle
Woodbridge, VA 22191
(540) 907-3021



May 3, 2010

The Honorable James M. Peck
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

Re: Lehman Brothers Holdings Inc., 08-13555, U.S. Bankruptcy Court, Southern District of New York (Manhattan)

Honorable James M. Peck

On 14 April 2010 a package was sent to your Honor regarding a shareholder request for appointment of an Equity Committee in the bankruptcy case of Lehman Brothers Holdings Inc., (Docket 8040 & 8523). On 28 April 2010 the request was declined and deferred back to the Court by the United States Trustee Diana G. Adams (Docket 8679). Shareholders request that our letters be considered as a motion for appointment of an Equity Committee to represent holders of LBHI Common and Preferred Shares.

In a previous letter (Docket 8523) shareholders attempted to present an analytical and factual argument based solely on the facts as they were known. However, the real truth is that shareholders are completely in the dark. Shareholders have no legal representation, our interests have been scattered to the wind with the previously ordered trading/ownership restrictions, and the data that is accessible through public channels is nearly indecipherable even by a well intentioned layperson. Equity Interests in LBHI, Class 9 as defined by the Chapter 11 Plan, has NO representation in the reorganization of our company. Requests for information from the Creditors' Committee, Debtors' Restructuring Team, or Debtors' Counsel have yielded nothing but advice to seek legal counsel.

In addition to a chronic information deficit, what is available (i.e. balance sheets and monthly operating reports) is unaudited, unreliable and must be taken on face value. Any attempt to reconstruct the balance sheet of LBHI and other debtor controlled entities is an exercise in futility. Furthermore, the Audit and Tax Services Team, Ernst & Young, has recently been subject to a motion by the Official Committee of Unsecured Creditors for authorization for Rule 2004 Discovery (Docket 8477), thus decreasing confidence in the quality of released financial data. As the owners of Lehman Brothers Holdings Inc., shareholders feel as if we are entitled to an explanation.

Shareholders acknowledge the unprecedented size and complexity of the task at hand. However, there is a real feeling of marginalization and frustration by the lack of representation in the court proceedings that could determine what, if anything, is left for equity interests. Some have lost their retirement, a college fund for a child, savings to purchase a home, or financial freedom. Shareholders do not seek to unduly burden the Court or Debtor with this request, only to have the same access as all of the largest creditors. To-date nearly $750M has been spent on the professional fees. For that, we see little in terms of real answers and accountability to us.

We appreciate your time and request that an Equity Committee be appointed to represent those who have lost so much and expect only an open and honest process in return.

*Kristi Brim*
Kristi Brim

*Troy Alexander Uhlman*
Troy Uhlman

Electronic copies have been sent to the Debtors' Counsel Weil Gotshal & Manges LLP, Debtors' Chief Restructuring Officers Alvarez & Marsal North America, LLC., and Andrew D. Velez-Rivera, Esq. for the United States Trustee Diana G. Adams.

Troy A. Uhlman  
2310 Battery Hill Circle  
Woodbridge, VA 22191  
(540) 907-3021  

May 3, 2010

The Honorable James M. Peck  
United States Bankruptcy Court  
One Bowling Green  
New York, NY 10004-1408  

Re: Lehman Brothers Holdings Inc., 08-13555, U.S. Bankruptcy Court, Southern District of New York (Manhattan)

Honorable James M. Peck

On 14 April 2010 a package was sent to your Honor regarding a shareholder request for appointment of an Equity Committee in the bankruptcy case of Lehman Brothers Holdings Inc., (Docket 8040 & 8523). On 28 April 2010 the request was declined and deferred back to the Court by the United States Trustee Diana G. Adams (Docket 8679). Shareholders request that our letters be considered as a motion for appointment of an Equity Committee to represent holders of LBHI Common and Preferred Shares.

In a previous letter (Docket 8523) shareholders attempted to present an analytical and factual argument based solely on the facts as they were known. However, the real truth is that shareholders are completely in the dark. Shareholders have no legal representation, our interests have been scattered to the wind with the previously ordered trading/ownership restrictions, and the data that is accessible through public channels is nearly indecipherable even by a well intentioned layperson. Equity Interests in LBHI, Class 9 as defined by the Chapter 11 Plan, has NO representation in the reorganization of our company. Requests for information from the Creditors' Committee, Debtors' Restructuring Team, or Debtors' Counsel have yielded nothing but advice to seek legal counsel.

In addition to a chronic information deficit, what is available (i.e. balance sheets and monthly operating reports) is unaudited, unreliable and must be taken on face value. Any attempt to reconstruct the balance sheet of LBHI and other debtor controlled entities is an exercise in futility. Furthermore, the Audit and Tax Services Team, Ernst & Young, has recently been subject to a motion by the Official Committee of Unsecured Creditors for authorization for Rule 2004 Discovery (Docket 8477), thus decreasing confidence in the quality of released financial data. As the owners of Lehman Brothers Holdings Inc., shareholders feel as if we are entitled to an explanation.

Shareholders acknowledge the unprecedented size and complexity of the task at hand. However, there is a real feeling of marginalization and frustration by the lack of representation in the court proceedings that could determine what, if anything, is left for equity interests. Some have lost their retirement, a college fund for a child, savings to purchase a home, or financial freedom. Shareholders do not seek to unduly burden the Court or Debtor with this request, only to have the same access as all of the largest creditors. To-date nearly $750M has been spent on the professional fees. For that, we see little in terms of real answers and accountability to us.

We appreciate your time and request that an Equity Committee be appointed to represent those who have lost so much and expect only an open and honest process in return.

*Kristi Brim*  
Kristi Brim

*Troy Alexander Uhlman*  
Troy Uhlman

Electronic copies have been sent to the Debtors' Counsel Weil Gotshal & Manges LLP, Debtors' Chief Restructuring Officers Alvarez & Marsal North America, LLC., and Andrew D. Velez-Rivera, Esq. for the United States Trustee Diana G. Adams.