UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re
LEHMAN BROTHERS HOLDING INC.      :   Chapter 11 Case No. 08-13555

-----------------------------------------------------------x

## CREDITOR SABINE NAITO's OPPOSITION TO DEBTOR's OBJECTION TO CLAIMS

Creditor Sabine Naito, by and through counsel, hereby respectfully opposes Debtor's proposed expungement or disallowance of Debtor's claim no. 11188 and 57815 for the following reasons:

### PROCEDURAL BACKGROUND

1. On April 4, 2007, Creditor Sabine Naito purchased a security called *Oel Topzins Zertifikat* (the "Security'") issued by Lehman Brothers Treasury B.V., ISIN DE000A0MHXQ6, through Citibank Duisburg/Germany (the "Sales Agent"), for €3,060.00 x 1.4181 = $4,339.39 (as of September 15, 2008).

2. On or before September 22, 2009, Creditor submitted a Proof of Claim and supporting documentation, including but not limited to a Summary of Claim outlining the factual and legal basis for Creditor's claim. This claim was acknowledged as Claim No. 11188.

3. On or before October 23, 2009, Creditor electronically submitted a substantiating Memorandum in Support of Proof of Claim and additional documentation further specifying and developing the nature and extent of Creditor's claim.

4. On or before November 3, 2009, Creditor submitted of Program Securities Proof of Claim. This claim was acknowledged as Claim No. 57815.

5. Creditor asserts four different causes of action against the Debtor to recover the amount claimed. Three of those causes of action are based upon securities, tort, and contract law; the fourth cause is based upon a guarantee the Debtor has given to the Creditor in case the payor under the terms of the security further specified in ¶1. For this last cause, the Court required a distinct submission of a Program Securities Proof Claim, but did not require any substantiating documentation to be submitted with it.

**6.** Creditor concedes that the maximum amount allowed to recover from the Debtor is $4,339.39. All supporting documentation has been previously submitted. Pursuant to the instructions provided, duplication production is omitted.

## ARGUMENT IN SUPPORT

The Debtor may raise omnibus objections to claim asserted against the estate based upon grounds listed in F.R.Bankr.P. 3007(d).

> "In cases where the creditor has filed a proof of claim, the rule is that an objection to that claim based upon an alleged preference may be resolved by motion and, as necessary, an evidentiary hearing, without the need to commence a separate adversary proceeding for each such claim." In re America's Shopping Channel, Inc., 110 B.R. 5, 7 (Bankr. S.D. Cal. 1990).

A court may dispose of an objection to a claim by summary judgment; a hearing is not required. See In re Manhattan Woods Golf Club Inc., 192 B.R. 80 (S.D.N.Y. 1996).

Here, Creditor's claim is based upon different causes of action. Some of these causes of action would effectively been denied if the Claim to be Disallowed and Expunged is eliminated by administrative expungement. Creditor submitted a distinct Program Securities Proof of Claim, in addition to the claims already logged on or before September 22 and substantiated by electronic submission on or before October 23. The Court's order setting the procedure to submit the various proofs of claim does not preempt one cause over another by filing separate proofs of claim to support different causes underlying the same claim, as ordered. Creditor did not submit any supporting documentation for the one cause asserted in the Program Securities Proof of Claim, as instructed. Documentation supporting the already separately asserted causes had already been submitted at that time.

To expunge these causes of action altogether – rather than substantively consolidating them with the forth cause contained in the Surviving Claim – goes beyond the scope of F.R.Bankr.P. 3007(d)(3). The rule facilitates resolutions of objections that do not entail any legal or factual disputes. Here, even though the Debtor has not disputed the factual or legal basis of the Claim to be Disallowed and Expunged, the proper disposition is through summary judgment.

RESPECTFULLY submitted this 30th day of April, 2010.

Helge Naber
Montana Bar. Id. #7059
NABER PC
300 Central Avenue Suite 320
Great Falls Montana 59401
T 406 452 3100
F 406 452 6599
e naber@naberpc.com
ATTORNEY FOR CREDITOR

| | |
|---|---|
| • Chambers of the Honorable James M Peck<br>U.S. Bankruptcy Judge<br>U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br>One Bowling Green<br>New York New York 10004<br><br>• Shai Waisman Esq.<br>WEIL GOTSCHAL & MANGES LLP<br>767 Fifth Avenue<br>New York New York 10153<br>*Attorney for Debtor*<br><br>• Andy Velez-Rivera Esq., Paul Schwartzberg Esq., Brian Masumoto Esq., Linda Riffkin Esq., and Tracy Hope Davis Esq.<br>U.S. TRUSTEE's OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK<br>33 Whiteall Street 21st floor<br>New York New York 10004<br>*US Trustee*<br><br>• Dennis F. Dunne Esq., Dennis O'Donnell Esq., and Evan Fleck Esq.<br>MILBANK TWEED HADLEY & McCLOY LLP<br>1 Chase Manhattan Plaza<br>New York New York 10005<br>*Attorneys for Official Committee of Unsecured Creditors* | **CERTIFICATE OF SERVICE**<br><br>This is to certify that the foregoing CREDITOR'S OPPOSITION TO TO DEBTOR'S PROPOSED EXPUNGEMENT OR DISALLOWANCE was duly served by U.S. Express mail, appropriate postage prepaid, upon the other parties or their attorney of record at their address or addresses as shown herein on ___APR 3 0 2010___.<br><br>NABER PC<br><br>By _____<br>300 Central Avenue Ste 320 • Great Falls, MT 59401 |