SHEARMAN & STERLING LLP       Hearing Date:  May 12, 2010 at 10:00 a.m. (ET)
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 848-4000
Facsimile:   (212) 848-7179
Douglas P. Bartner
Henry Weisburg
Brian H. Polovoy

*Attorneys for Nomura International plc and*
*Nomura Securities Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | Case No. 08 – 13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| **LEHMAN BROTHERS HOLDINGS INC. and LEHMAN BROTHERS SPECIAL FINANCING, INC.** | : | Adv. Proc. No. 10-03228-jmp |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| **NOMURA INTERNATIONAL PLC,** | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| **LEHMAN BROTHERS HOLDINGS INC. and LEHMAN BROTHERS SPECIAL FINANCING, INC.** | : | Adv. Proc. No. 10-03229-jmp |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| **NOMURA SECURITIES CO., LTD.,** | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------x

**RESPONSE OF NOMURA INTERNATIONAL PLC AND
NOMURA SECURITIES CO., LTD. TO THE MOTION OF
DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF
AN ORDER, PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 1001, 7042 AND 9014, TO CONSOLIDATE
CERTAIN PROCEEDINGS AND ESTABLISH RELATED PROCEDURES**

Nomura International plc ("NIplc") and Nomura Securities Co., Ltd. ("NSC"), through their undersigned counsel, for their response to the Motion of Debtors and Debtors in Possession for Entry of an Order, Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 1001, 7042 and 9014, to Consolidate Certain Proceedings and Establish Related Procedures [Docket No. 8614], respectfully represent and state as follows:

**PRELIMINARY STATEMENT**

1.  In a self-proclaimed effort to make an example of someone, Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. (together with LBHI and certain of LBHI's debtor affiliates, the "Debtors") repeatedly use terms like "egregious" and "bad faith" to cast aspersions on NIplc and NSC, each of which is a respected financial institution. These spurious allegations are included in the Debtors' motion to consolidate, even though the allegations have no relevance to the issue of consolidation, and even though this motion is not the forum to debate the merits of the Debtors' allegations.

2.  It suffices to say for now that the Debtors' arguments are based on a view of the world that is divorced from reality. As just one example, the Debtors argue that mark-to-market valuations performed for collateral posting purposes prior to Lehman's bankruptcy filing serve as sufficient barometers for assessing the commercial reasonableness of NIplc and NSC's claims valuations after Lehman's filing. That is a truly confounding position. This argument ignores the fact that these two parameters measure different things at different times through differing contractual processes. It also conveniently overlooks the record in these cases showing

that Lehman's bankruptcy filing caused market volatility so disruptive that this Court entered an order approving the sale of Lehman's brokerage business within five days of the bankruptcy filing. During the hearing to consider the proposed sale to Barclays, the Debtors' counsel observed how frayed the markets were:

> MR. MILLER: ... And I say again, Your Honor, if it wasn't the unique nature of these assets, the sensitivity of these assets and what has happened in the marketplaces – one of the purposes of doing this transaction, Your Honor, is to try and soothe the markets and to – it'd be a counter force to the volatility that's going on. I don't know if Your Honor has a screen in your office, but if you watched what's happening in the market today, *it's dangerous*. (emphasis added)

Tr. 30:6-14, Sept. 17, 2008. By the Debtors' own admission – made in the beginning of these cases, when they were not seeking to disallow NIplc and NSC's claims – prepetition valuations come nowhere close to accurately reflecting postpetition market conditions.

3.   As NIplc and NSC will show in due course, they valued the respective terminated transactions in tumultuous markets on commercially reasonable bases in accordance with the termination provisions of the relevant agreements.

## NIplc AND NSC'S RESPONSE TO CONSOLIDATION

4.   While NIplc and NSC do not object to consolidating the two adversary proceedings against them for procedural purposes, NIplc and NSC respectfully submit that the Court should defer consideration of whether any evidentiary hearings or trials in connection with their respective adversary proceedings should be consolidated. This question should be considered after the completion of consolidated discovery and other pretrial procedures in the two adversary proceedings, when the Court, with a proper record, can determine if a consolidated evidentiary hearing or trial is warranted with respect to NIplc and NSC.

5. The Debtors make no attempt to show that consolidation of such evidentiary hearings or trials is warranted.  Nor could there be such a showing at this stage, when there is no record that would allow the Court to reach a determination as to whether such consolidation would be appropriate or beneficial.  *See Avagliano v. Sumitomo Shoji Am., Inc.*, No. 77-CV-5641, 1983 U.S. Dist. LEXIS 18236, at *4 (S.D.N.Y. Mar. 28, 1983) (reserving the determination of whether to consolidate for trial purposes at the motion to dismiss stage where "the record does not contain sufficient evidence to determine whether consolidation for all purposes is warranted").

## CONCLUSION

6. For the foregoing reasons, the Court should defer consideration of whether the two adversary proceedings should be consolidated for evidentiary hearings or trial until after the completion of discovery and other pretrial procedures.

Dated: New York, New York
       May 7, 2010

                                              Respectfully submitted,

                                              SHEARMAN & STERLING LLP

                                              By:   /s/ Douglas Bartner
                                                       Douglas P. Bartner
                                                       Henry Weisburg
                                                       Brian H. Polovoy
                                              599 Lexington Avenue
                                              New York, New York  10022
                                              Telephone:  (212) 848-4000
                                              Facsimile:  (212) 848-7179

                                              *Attorneys for Nomura International plc and Nomura Securities Co., Ltd.*

04/520332

3