**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511

Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :   08-13555 (JMP)
                                            :
                        Debtors.            :   (Jointly Administered)
                                            :
------------------------------------------------------------x
```

**SUPPLEMENT TO DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR AUTHORITY TO COMPROMISE CONTROVERSY IN CONNECTION WITH A REPURCHASE TRANSACTION WITH FENWAY CAPITAL, LLC AND A COMMERCIAL PAPER PROGRAM WITH FENWAY FUNDING, LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       1.     On March 25, 2010 Lehman Brothers Holdings Inc. ("LBHI")[1] and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), filed a motion for authorization to compromise controversy in connection with a repurchase transaction with Fenway Capital, LLC and a commercial paper program with Fenway Funding, LLC (the "Motion") [Docket No. 7831].

---

[1] Capitalized terms not otherwise defined herein should have the meaning ascribed to them in the Motion.

2.  The Motion described the circumstances leading to, and the substantive terms of, a Transaction which will result in a repurchase by LCPI of certain assets under a repurchase agreement with Fenway Capital and a subsequent termination of such repurchase agreement and the cancellation of a commercial paper program with Fenway Funding.

3.  This supplement is made to provide disclosure that once the Transaction is consummated, LCPI may seek to transfer to Lehman ALI and/or other non-Debtor entities five SunCal Loans that are part of the Repo Assets and which were held by Lehman ALI or such other non-Debtor entities prior to LCPI's transfer of the Repo Assets to Fenway Capital pursuant to the MRA.  Any such transfer by LCPI will be made subject to certain liens and security interests in favor of LBHI in the Repo Assets as set forth in the revised order ("Revised Order") filed pursuant to the *Notice of Filing of Revised Order Approving Debtors' Motion Pursuant to Bankruptcy Rule 9019 for Authority to Compromise Controversy in Connection with a Repurchase Transaction with Fenway Capital, LLC and a Commercial Paper Program with Fenway Funding, LLC*, filed May 4, 2010 [Docket No. 8788].  LBHI's liens and security interests will secure certain subrogation claims that LBHI will have upon consummation of the Transaction, as provided in the Revised Order.

4.  Thus, despite the fact that the five SunCal Loans at issue may be transferred to non-Debtor entities, the automatic stay in favor of LBHI will continue to apply as a result of LBHI's liens and security interests in all of the Repo Assets including such SunCal Loans.

5.  This supplement further seeks to amend certain provisions set forth in the Transaction Summary, which revisions have been mutually agreed upon by all parties in interest.

A blackline of these revised provisions of the Transaction Summary is attached hereto as <u>Exhibit "A"</u>.

Dated: May 7, 2010
      Houston, Texas

    /s/ Alfredo R. Pérez
    Alfredo R. Pérez

    WEIL, GOTSHAL & MANGES LLP
    700 Louisiana Street, Suite 1600
    Houston, Texas 77027
    Telephone: (713) 546-5000
    Facsimile: (713) 224-9511

    Attorneys for Debtors
    and Debtors in Possession

# Exhibit A

| | |
|---|---|
| ***Repurchase of Repo Assets and Termination of the Fenway Repo and CP Program*** | ~~Upon the assignment of the JPM Pledge and CP Notes to LBHI and the delivery of the CP Notes to LBHI,~~ LBHI, as guarantor of LCPI's obligations under the MRA, will return the CP Notes to Fenway Funding and Fenway Funding will return the VFN Note to Fenway Capital.  The CP Notes and VFN Note will be cancelled and the Supplement, Base Indenture and other documents relating to the VFN Note will be terminated.  Each of Fenway Funding and Fenway Capital will have no further liabilities under the CP Notes or VFN Note.<br><br>LCPI will repurchase the Repo Assets from Fenway Capital (by payment of the repurchase price in accordance with the following sentence) and, in connection therewith, Fenway Capital will assign to LCPI all of the Repo Assets and the parties will terminate the MRA and the guaranty provided by LBHI with respect thereto.  The parties will agree that, notwithstanding anything to the contrary in the Fenway Documents or otherwise, the return of the CP Notes to Fenway Funding and the subsequent termination of the VFN Note will constitute full payment of the repurchase price under the MRA and full and fair consideration for the repurchase transaction. |
| ***Mutual Releases*** | ~~Fenway, Hudson and~~ DBTCA, on the one hand, and LCPI and LBHI, on the other hand, will exchange mutual releases; ~~*provided, however,*~~ Fenway and Hudson, on the one hand, and LCPI and LBHI, on the other hand, will exchange mutual releases with respect to any claims arising from the origination or administration of the Repo Assets;  *provided, however,* that (i) Fenway and Hudson shall not be released with respect to any claims made by any party in respect of or relating to the MRA or any of the other Repo Documents or any of the CP Documents or the structuring of the Fenway Repo or the CP Program; and (ii) LCPI and LBHI will not be released from their indemnification obligations, if any, to Hudson and Fenway under the Fenway Documents, and provided further, that any such obligations of LCPI will be treated as secured claims of Hudson and/or Fenway for purposes of any plan of reorganization of LCPI to the same extent as if LCPI had not repurchased the Repo Assets from Fenway Capital. |
| ***Withdrawal of Proofs*** | Fenway will withdraw proofs of claim numbers 27994 (LBHI) and 27995 (LCPI) and DBTCA will withdraw proofs of claim |

| | |
|---|---|
| *of Claim* | numbers 33520/37326 (LBHI) and 33519 (LCPI). |
| *Indemnification* | LBHI will agree to indemnify, defend and hold Fenway and Hudson and each of their respective officers, directors, employees, agents and controlling persons, representatives, managers, administrators, trustees and attorneys and their respective successors and assigns (collectively, the "Indemnitees") harmless from and against any liabilities incurred by any of the Indemnitees as a result of any claims, proceedings, hearings, demands which require response under any law, regulation, order or by governmental authority, or subpoenas, or demands with respect to which the applicable Indemnitee and LBHI reasonably agree that a response is necessary (each, an "Action") asserted against any of the Indemnitees by any borrowers, guarantors, pledgors and/or any other obligors under any loan documents evidencing or governing any loan that is a Repo Asset (collectively, the "Borrower Parties"), creditors or other third parties and for any costs and expenses which are actually incurred by the Indemnitees (including, but not limited to, reasonable attorneys' fees and expenses) in defending against or responding to any such asserted Action in accordance with procedures to be agreed upon by the parties (collectively, "Covered Amounts"), in all cases, to the extent caused by, or in any way resulting from or relating to the origination or administration of the Repo Assets <del>or the MRA</del>including, without limitation, the servicing and management thereof and enforcement of rights with respect thereto and regardless of whether such Indemnitee is a named party to any such Action; *provided, however,* that the foregoing indemnity (and thus, Covered Amounts) shall not include or cover any claims made by <del>JPM other than (x) claims arising with respect to the Repo Assets, and (y) any other claims which arise solely from the acts of LBHI or LCPI occurring during the period commencing on September 15, 2008 and ending on the date on which the MRA is terminated</del>any party in respect of or relating to the MRA or any of the other Repo Documents or any of the CP Documents or the structuring of the Fenway Repo or the CP Program (unrelated to the origination or administration of the Repo Assets); the foregoing indemnity shall also be subject to various other carve-outs as may be agreed upon by the parties. |
| *Assignment of Interest in the SuncCal <del>Litigation</del>Proceedings* | Fenway Capital will transfer and assign to LCPI all of Fenway Capital's right, title and interest in and to any and all claims of Fenway Capital against, in, or with respect to the <del>litigation pending in the</del> bankruptcy proceedings of certain affiliates of SunCal and <del>related debtors (</del>the adversary proceedings and |

| | |
|---|---|
| | other litigation pending therein (collectively, the "SunCal LitigationProceedings") including, without limitation, all rights of Fenway Capital to vote such claims, asserted or reserved in any proofs of claim filed by or on behalf of Fenway Capital in the SunCal Proceedings, all rights of Fenway Capital to vote any such claims and to respond to any objection made toobjections made to any such claims, all rights to any proceeds or other property distributed on account of such claims, and all rights to otherwise control, direct or exercise any other rights of the owner of such claims, and .  Fenway Capital and LCPI will reasonably cooperate with each other to attempt to cause Fenway Capital to be released as a defendant in the adversary proceedings which are part of the SunCal LitigationProceedings as expeditiously as possible.  If Fenway Capital cannot be so released, LCPI will undertake the defense of Fenway Capital through LCPI's counsel; *provided*, that if any party determines that a conflict exists that prevents such representation, Fenway Capital may undertake its own defense and LCPI will reimburse Fenway Capital for Fenway Capital's reasonable costs of such defense; *provided, further*, that, if Fenway Capital retains its own counsel due to the existence of aany such conflict, Fenway Capital will waive any conflicts and agree that LCPI's counsel may continue to represent LCPI in the SunCal LitigationProceedings and Fenway Capital will not object to such continued representation on the basis that such counsel previously represented Fenway Capital or on any other basis.  In all events, LCPI and Fenway Capital will reasonably cooperate with each other in the SunCal LitigationProceedings. |
| ***Reimbursable Fees*** | LBHI and LCPI will reimburse Hudson for the fees and expenses it has incurred through February 28, 2010 in an aggregate amount equal to $1,624,045.81 and will further reimburse Hudson for any reasonable out-of-pocket fees and expenses incurred by Hudson from March 1, 2010 through the consummation of the Transaction (which fees and expenses shall be subject to approval by LBHI and LCPI) (the foregoing being referred to as the "Reimbursable Fees").  Such reimbursementReimbursable Fees shall be paid first from the Available Funds and, to the extent the Available Funds are insufficient, by LBHI and LCPI directly.  Any remaining sums held by Fenway after application topayment of the Reimbursable Fees as described above will be remitted back to LBHI. |