Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
:
In re: : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
----------------------------------------------------------------- x

**SUPPLEMENTAL STATEMENT OF OFFICIAL COMMITTEE
OF UNSECURED CREDITORS WITH RESPECT TO PROPOSED COMPROMISE IN
CONNECTION WITH REPURCHASE TRANSACTION WITH FENWAY CAPITAL,
LLC AND A COMMERCIAL PAPER PROGRAM WITH FENWAY FUNDING, LLC**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the

"Debtors") hereby files this supplemental statement (the "Supplemental Statement") with respect

to the Debtors' Motion Pursuant To Bankruptcy Rule 9019 For Authority To Compromise

Controversy In Connection With A Repurchase Transaction With Fenway Capital, LLC And A

Commercial Paper Program With Fenway Funding, LLC (the "Motion") [Docket No. 7831]:

**STATEMENT**

1. On April 9, 2010, the Committee filed a statement (the "Initial

Statement") [Docket No. 8220] with respect to the Motion, in which the Committee informed the

Court that, subject to its continued diligence as to certain matters, and, ultimately, agreement as

to acceptable documentation, it would support the Debtors' proposed compromise (the "Fenway Settlement"). It did so at that time based upon an agreement in principle reached with the Debtors and the affected parties with respect to the scope of certain limited releases and indemnities to be granted to, among others, Hudson Castle Group, Inc., Fenway Funding, LLC, and Fenway Capital, LLC (collectively, the "Fenway Entities") in connection with their roles with respect to a commercial paper program (the "CP Program") and a repurchase transaction (the "Fenway Repo") in which LBHI and Lehman Brothers Commercial Paper, Inc. ("LCPI") participated.

2. Subsequent to the filing of the Initial Statement, additional information came to the Committee's attention regarding the relationship between the Fenway Entities and LCPI and LBHI, which caused the Committee to withdraw its support for the relief requested in the Motion, pending receipt of satisfactory responses to questions raised by this additional information. As a result of the Committee's withdrawal of support and other developments, the Debtors adjourned the Motion. In the intervening weeks, the Committee and its advisors have undertaken an investigation into the facts and circumstances of the Fenway transaction and the broader Hudson Castle/Lehman relationship. The Committee's investigation remains ongoing, but its preliminary results have caused the Committee to determine that it should not oppose approval of the Fenway Settlement because, in the modified form now presented to the Court, the settlement does not implicate the matters still under investigation.

3. More specifically, in response to the foregoing developments and as a result of the Debtors' and the Committee's joint discussions with the Fenway Entities, the scope of the releases and indemnities to be granted to Fenway Entities in connection with the Fenway Settlement have been significantly narrowed in order to preserve for the Debtors' estates certain claims they may have with respect to the Fenway transaction. The Fenway Entities will be

2

released with respect to claims arising out of the origination and administration of the underlying loan collateral, but the Debtors will retain all claims arising out of the design and implementation of the CP Program and the Fenway Repo, matters that remain under investigation by the Debtors and the Committee.

4. Accordingly, the Committee does not oppose the Debtors' determination to seek approval of the Fenway Settlement at this time due to (i) the protections that have now been included in the settlement agreement with respect to the CP Program/Fenway Repo claims; and (ii) the significant benefits that the unwinding of the CP Program and the Fenway Repo will have for the Debtors' position in the SunCal chapter 11 cases. The pending equitable subordination litigation in those cases should, as set forth in the Debtors' objection to the stay relief motion filed by the SunCal debtors, be stayed, but if it is not stayed, the swiftest and surest route to resolution of that litigation is the clarification of LCPI's ownership of the SunCal loans. Consummation of the Fenway Settlement will achieve this objective, and, for this reason, among the others proffered by the Debtors, the Motion should be granted.

**Dated:** New York, New York
May 7, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.