Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :   Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :   08-13555 (JMP)
                                                                 :
                Debtors.                                         :   (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x

## STATEMENT OF OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS WITH RESPECT TO SUNCAL
## DEBTORS' MOTION TO MODIFY THE AUTOMATIC STAY

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement (the "Statement") with respect to the SunCal Debtors' motion [Docket No. 8539], dated April 21, 2010, seeking an order determining that the automatic stay does not apply; or, alternatively, granting relief from such stay (the "Stay Relief Motion"):

### BACKGROUND

1.  On March 25, 2010, the Debtors filed the Motion Pursuant to Bankruptcy Rule 9019 for Authority to Compromise Controversy in Connection with a Repurchase Agreement with Fenway Capital, LLC and a Commercial Paper Program with Fenway Funding, LLC (the "Fenway Motion") [Docket No. 7831] which sought, inter alia, to bring certain loans

(the "SunCal Loans") back into the estate of Lehman Brothers Commercial Paper, Inc. ("LCPI"). The Fenway Motion was originally scheduled for hearing on April 14, 2010, but, due to intervening developments (including an objection filed by the SunCal Debtors), the hearing was adjourned until May 12, 2010. The Debtors filed a revised proposed order with respect to the Fenway Motion on May 4, 2010 [Docket No. 8788] and a Supplement to the Motion on May 7, 2010 [Docket No. 8916].

2. On April 21, 2010, the SunCal Debtors filed the Stay Relief Motion [Docket Nos. 8541. The SunCal Debtors seek therein an order that the automatic stay in the pending chapter 11 cases of LBHI and LCPI be modified to permit continued prosecution by the SunCal Debtors of equitable subordination claims with respect to LCPI's claims against the SunCal Debtors in their own chapter 11 cases (the "SunCal Cases"), which are pending in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court"). On May 5, 2010, the Debtors filed an objection to the Stay Relief Motion (the "Objection") [Docket No. 8811].

**STATEMENT**

2. The Committee files this Statement in support of the Debtors' Objection. The SunCal Debtors contend that the Court should grant them relief from the automatic stay "for cause" pursuant to section 362(d)(1) of the Bankruptcy Code. The decision as to whether to lift the stay "for cause" – and, if the stay is lifted, on what conditions – is within the Court's discretion, and the party seeking relief from the automatic stay has the burden of demonstrating cause for such relief. Sonnax Indus., Inc. v. Tri Component Prods. Corp (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990). Accordingly, "[i]f the movant fails to make an initial

showing of cause . . . the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." Id.

3. The Committee concurs in the Debtors' view that the Court should exercise its discretion to deny the SunCal Debtors relief from the stay. The Committee respectfully submits that the Court should do so for all the reasons advanced in the Objection, but, most compellingly, because the balance of harms weighs heavily against granting relief from the stay. As the flurry of papers filed by the SunCal Debtors in the past few weeks evidence, the Debtors have been engaged in a long-term, scorched earth litigation with the SunCal Debtors in the California Bankruptcy Court that to date has consumed thousands of hours and millions of dollars. That litigation shows no signs of abating and, if relief from the automatic stay is granted, key Lehman players are likely to be compelled to deal with the distractions of a groundless litigation at a time when critical plan negotiations have begun to take center stage in the LBHI and LCPI chapter 11 cases. Thus, the burdens imposed on LCPI in terms of the time, financial resources and attention necessary to defend itself against the SunCal Debtors' meritless equitable subordination claims far outweigh any possible harm to the SunCal Debtors, threaten material detriment to the interests of LCPI and LBHI's creditors, and tilt the balance of harms in favor of the Debtors. For these reasons, this Court should deny Stay Relief Motion in its entirety.[1]

4. Alternatively, to the extent that this Court is inclined to grant some or all of the relief requested by the SunCal Debtors, such relief should be (i) limited to the extent

---

[1] As noted in the Supplemental Statement of the Official Committee of Unsecured Creditors with Respect to Proposed Compromise in Connection with Repurchase Transaction with Fenway Capital, LLC and a Commercial Paper Program with Fenway Funding, LLC, which is being filed contemporaneously herewith, the Committee has no objection to the modified form of relief now requested in the Fenway Motion. To the extent that the Stay Relief Motion argues that the Fenway Motion should be denied, it is equally without merit and should also be denied on this ground.

3

necessary to permit litigation of the equitable subordination claim to proceed solely against LCPI; and (ii) conditioned upon (x) regular reports to this Court, by means of joint status conferences attended by counsel for both the Debtors and the SunCal Debtors, regarding progress in the SunCal litigation; and (y) an express reservation of rights for the Debtors to seek to restore or otherwise modify the automatic stay in the event that the interests of LCPI and LBHI are not being adequately protected by the California Bankruptcy Court in the SunCal Cases.

**WHEREFORE**, the Committee respectfully requests that the Court (i) deny the Stay Relief Motion in its entirety; (ii) or, in the alternative, limit the modification of the automatic stay to permit litigation of the equitable subordination claims solely against LCPI and condition such relief, as set forth herein, upon regular reporting to this Court by the SunCal Debtors and an express reservation of rights for the Debtors to seek restoration or further modification of the automatic stay; and (iii) grant the Committee such other relief as is just and proper.

**Dated:** New York, New York
May 7, 2010

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.