WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Wasiman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                      :

| | |
|---|---|
| **In re** | :     **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | :     **08-13555 (JMP)** |
| | : |
| **Debtors.** | :     **(Jointly Administered)** |
| | : |

-------------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON MAY 12, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

            Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"),

the undersigned hereby certifies as follows:

            1.        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Motion of Certain Debtors for Authorization to Engage Stone & Youngberg as
  Investment Advisor **[Docket No. 8552]**

- Debtor's Motion for Authorization to Transfer Mortgage Loans from Variable Funding Trust 2007-1 to Non-Debtor Affiliates **[Docket No. 8537]**

- Debtors' Motion for Approval of Settlement Agreement Between Lehman Brothers Special Financing, Inc., Millennium Management, LLC, Millennium Partners, L.P., and Millennium USA, L.P. **[Docket No. 8540]**

- Motion of Lehman Brothers Holdings Inc. for Authority to Amend Contingent Promote Agreement Related to Culver Studios **[Docket No. 8531]**

2.      In accordance with the Amended Case Management Order, May 5, 2010 at 4:00 p.m. (Prevailing Eastern Time) and May 7, 2010 at 4:00 p.m. (Prevailing Eastern Time), were established as the deadlines for parties to object or file a response to the Motions (the "Objection Deadlines").  The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadlines and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Objection Deadlines have now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motions has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4.      Accordingly, for the reasons set forth in the Motions, the Debtors

respectfully request that the proposed Orders annexed hereto as Exhibits A - D, and

unmodified since the filing of the Motions, be entered in accordance with the procedures

described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: May 10, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order – Docket No. 8552)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                  :
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :        **08-13555 (JMP)**
                                                  :
                                     **Debtors.** :        **(Jointly Administered)**
                                                  :
----------------------------------------------------------------x

**ORDER GRANTING MOTION OF CERTAIN**
**DEBTORS PURSUANT TO SECTIONS 105(a) AND**
**363(b) OF THE BANKRUPTCY CODE FOR AUTHORIZATION**
**TO ENGAGE STONE & YOUNGBERG AS INVESTMENT ADVISOR**

Upon the motion, dated April 21, 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and certain of its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (collectively, the "Investing Debtors")[2], pursuant to

sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

authorization and approval of, among other things, the Investing Debtors' retention of Stone &

Youngberg LLC ("S&Y") as investment advisor, all as more fully described in the Motion; and

the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

[2] The Investing Debtors are: LBHI; Lehman Brothers Special Financing Inc.; Lehman Brothers Commercial Paper Inc.; Lehman Brothers Commodity Services Inc.; Lehman Brothers Commercial Corporation; Lehman Brother OTC Derivatives Inc.; Lehman Brothers Financial Products Inc.; and Lehman Brothers Derivatives Products Inc.

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; and (vi) S&Y, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Investing Debtors, their estates and creditors, and all parties in interest

and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code,

the Investing Debtors are authorized to engage S&Y as investment advisor on the terms and

conditions set forth in the Program Services Agreement attached to the Motion as Exhibit A; and

it is further

ORDERED that the Investing Debtors are authorized to permit S&Y to select and

engage, at its own expense, one or more Independent Contractors pursuant to the terms and

conditions of the Program Services Agreement without further order of this Court; and it is

further

ORDERED that the terms of the Program Services Agreement, including, without limitation, the fee provisions and the indemnification provisions, are reasonable and are approved; and it is further

ORDERED that the terms of the Program Services Agreement, including, without limitation, the termination provision, may be implemented in accordance with the terms thereof without further order of the Court; and it is further

ORDERED that the Investing Debtors are authorized to take all further actions that may be necessary or required for the Investing Debtors' entry into and performance of the Program Services Agreement; and it is further

ORDERED that the Investing Debtors are authorized to pay S&Y in such amounts and at such times as is provided in the Program Services Agreement without further order of this Court and S&Y shall not be required to file fee applications with the Court; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: May __, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**(Proposed Order – Docket No. 8537)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                            :
**In re**                                    :        **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                            :
                    **Debtors.**             :        **(Jointly Administered)**
                                            :
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULE 6004 AUTHORIZING THE TRANSFER OF**
**LOANS FROM VARIABLE FUNDING TRUST 2007-1 TO NON-DEBTOR AFFILIATES**

Upon the motion (the "Motion") of Lehman Commercial Paper Inc. ("LCPI" and,

together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession, the "Debtors") pursuant to section 363 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for authorization to cause, in LCPI's sole discretion, the transfer of

mortgage loans (the "Mortgage Loans") from Variable Funding Trust 2007-1 ("VFT 2007") to

non-Debtor affiliates, as more particularly described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York and (vi) all parties who have requested notice in these chapter 11

cases, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates and creditors, and all parties in interest and that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363(b)(1) of the Bankruptcy Code, LCPI is

authorized, but not obligated, to cause the transfer of mortgage loans in the possession of VFT

2007 to any non-Debtor affiliate, provided that:  (i) such non-Debtor affiliate provides LCPI with

a note in the amount of the outstanding balance of each transferred Mortgage Loan (the "Note")

with payment terms reflecting the payment terms of the applicable Mortgage Loan with recourse

limited to amounts received by the applicable non-Debtor entity from the Mortgage Loan, and

(ii) such non-Debtor affiliate provides LCPI with a pledge of the transferred Mortgage Loan for

which control rights will attach upon non-payment of the Note by such non-Debtor affiliate; it

being understood that any actions described in this paragraph taken by the Debtors or their

affiliates may be taken without the necessity of any further court proceedings or approval; and it

is further

ORDERED that any non-Debtor affiliate to which a Mortgage Loan is transferred

may transfer such Mortgage Loan to another non-Debtor affiliate, provided that the non-Debtor

affiliate to which such Mortgage Loan is subsequently transferred provides LCPI with a Note on the terms described in the preceding paragraph; and it is further

ORDERED that any non-Debtor affiliate to which a Mortgage Loan is transferred shall be required to obtain all consents and approvals from the Creditors' Committee and the Court that LCPI would otherwise have been required to obtain had LCPI been the owner of such Mortgage Loan; and it is further

ORDERED that, with respect to all Mortgage Loans transferred to non-Debtor affiliates that have occurred pursuant to the authority granted in this Order, LCPI shall file with the Court, on a quarterly basis, reports setting forth the aggregate number of Mortgage Loans transferred to non-Debtor affiliates during the prior three calendar months and the identity of each non-Debtor affiliate to which such Mortgage Loans were transferred; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004(h); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated:  May __, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT C**

**(Proposed Order – Docket No. 8540)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                    :
                                     **Debtors.**   :        **(Jointly Administered)**
                                                    :
                                                    :
-------------------------------------------------------------------x

### ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING A SETTLEMENT AGREEMENT BETWEEN LEHMAN BROTHERS SPECIAL FINANCING, INC., MILLENNIUM MANAGEMENT, L.L.C., MILLENNIUM PARTNERS, L.P., AND MILLENNIUM USA, L.P.

Upon the motion, dated April 21, 2010 (the "Motion"), of Lehman Brothers

Special Financing, Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11

cases, including Lehman Brothers Holdings Inc. ("LBSF"), as debtors and debtors-in-possession

(collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to

Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

authorization of a Settlement Agreement among LBSF, Millennium Management, L.L.C.

("MMLLC"), Millennium Partners, L.P. ("MPLP"), and Millennium USA, L.P. ("MUSA") (the

"Settlement Agreement"), all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion and the Objection; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Debtors' execution of the Settlement Agreement is approved; and it is further

ORDERED that LBSF is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: _____, 2010
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT D

**(Proposed Order – Docket No. 8531)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :        08-13555 (JMP)
                                          :
                      Debtors.            :        (Jointly Administered)
                                          :
-------------------------------------------------------------------x
```

### ORDER PURSUANT TO SECTION 363 OF
### THE BANKRUPTCY CODE GRANTING AUTHORITY TO LBHI TO AMEND
### CONTINGENT PROMOTE AGREEMENT RELATED TO CULVER STUDIOS

Upon the motion, dated May 12, 2010 (the "Motion"), of Lehman Brothers

Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated debtors in the

above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title

11 of the United States Code (the "Bankruptcy Code") authorizing, LBHI, amend the Original

CPA,[3] all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the amended order entered February 13, 2009 governing case

management and administrative procedures [Docket No. 2837]; and the Court having found and

determined that the relief sought in the Motion is in the best interests of LBHI, its estate and

---

[3] Capitalized terms used, but not defined herein, shall have the meaning ascribed to such term in the Motion.

creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI is authorized and empowered, but not directed, to

executed, deliver, implement, and perform any and all obligations, instruments, documents and

papers, and to take all corporate and other actions that may be necessary or appropriate to enter

into the Amendment and/or the Amended CPA, as applicable; and it is further

ORDERED that, within five days of receipt of written notice from LBHI of entry

of this Order, PCCP will file, with this Court, a Withdrawal of Claim notice, substantially in the

form attached to the Amendment as Exhibit B, withdrawing proof of claim number 24344; and it

is further

ORDERED that PCCP shall not refile any proof of claim with respect to the

Original CPA, the Mezzanine Loan, or amounts reflected in proof of claim number 24344; and it

is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: May __, 2010
       New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE