


United States Bankruptcy Court for the Southern District of New York

## WITHDRAWAL OF CLAIM

| Debtor Name and Case Number: | Lehman Brothers Holdings Inc. - 08-13555 |
|---|---|
| Creditor Name and Address: | Sirius International Limited with respect to Series 16<br>68 West Bay Road<br>George Town<br>Grand Cayman, KY1-1102<br>Cayman Islands |
| Court Claim Number (if known): | 19995 |
| Date Claim Filed: | September 21, 2009 |
| Total Amount of Claim Filed: | Not less than $414,414.33 |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above-referenced Debtor.

Dated: April 13, 2010

Print Name: Sandra E. Horwitz

Title if Applicable: Vice President

NY3 - 505158.01

**CLIFFORD
CHANCE**

CLIFFORD CHANCE LLP

Execution Version

---

**POWER OF ATTORNEY**

---

**THIS POWER OF ATTORNEY** is granted by way of deed on 2̃3̃ March 2010.

1. **SIRIUS INTERNATIONAL LIMITED**, a Cayman Islands company whose registered office is at HSBC House, 68 West Bay Road, George Town, Grand Cayman, KY1-1102, Cayman Islands, (the "Company") APPOINTS severally and not jointly Thomas Musarra, Robert Conrad, Sandra E. Horwitz and Frank Godino (each an "Attorney") of HSBC Bank USA, National Association of whose registered office is at Corporate Trust & Loan Agency, 452 Fifth Avenue, New York, NY 10018-2706, United States of America to be its attorneys for the following purposes:

1.1 to approve, execute, deliver, amend and withdraw on behalf of the Company proofs of claim against Lehman Brothers Holdings Inc. and any of its related debtors, including Lehman Brothers Special Financing Inc.; and

1.2 to take all actions and to execute such additional documents as the Attorneys may think fit to give effect to the arrangements referred to in paragraph 1.1 above.

2. The Attorney may not appoint one or more persons to act as substitute or substitutes in his place for all or any of the purposes referred to in this power of attorney. The Attorney may not delegate all or any of the powers referred to in this agreement.

3. All actions authorised by this power of attorney may be taken by any of the Attorneys. Any and all acts done, decisions made and instruments or other documents executed pursuant to this power of attorney by any of the Attorneys shall therefore be as valid and effectual as though done by all Attorneys.

4. This power of attorney shall expire after a period of six months from the date of this deed.

5. The Company declares that a person who deals with any Attorney in good faith may accept a written statement signed by that Attorney to the effect that this power of attorney has not been revoked as conclusive evidence of that fact.

6. The Attorney is appointed on the condition that the Attorney will report in written form any and all actions taken in connection with this power of attorney on a weekly basis to the Company.

7. This power of attorney is governed by, and shall be construed in accordance with, English law.

**IN WITNESS** whereof this power of attorney has been duly executed and delivered by the Company as a deed on the date first above written.

| | |
|---|---|
| **EXECUTED as a DEED by** | ) |
| **SIRIUS INTERNATIONAL LIMITED** | ) |
| acting by | ) |
| *[signature]* | ) |
| Director | ) |
| *[signature]* | ) |
| Director | ) |

FILED / RECEIVED
APR 1 5 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

*HBKY*