UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :   08-13555 (JMP)
                                            :
                    Debtors.                :   (Jointly Administered)
                                            :
----------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 AUTHORIZING THE TRANSFER OF LOANS FROM VARIABLE FUNDING TRUST 2007-1 TO NON-DEBTOR AFFILIATES

Upon the motion (the "Motion") of Lehman Commercial Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to cause, in LCPI's sole discretion, the transfer of mortgage loans (the "Mortgage Loans") from Variable Funding Trust 2007-1 ("VFT 2007") to non-Debtor affiliates, as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363(b)(1) of the Bankruptcy Code, LCPI is authorized, but not obligated, to cause the transfer of mortgage loans in the possession of VFT 2007 to any non-Debtor affiliate, provided that: (i) such non-Debtor affiliate provides LCPI with a note in the amount of the outstanding balance of each transferred Mortgage Loan (the "Note") with payment terms reflecting the payment terms of the applicable Mortgage Loan with recourse limited to amounts received by the applicable non-Debtor entity from the Mortgage Loan, and (ii) such non-Debtor affiliate provides LCPI with a pledge of the transferred Mortgage Loan for which control rights will attach upon non-payment of the Note by such non-Debtor affiliate; it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of any further court proceedings or approval; and it is further

ORDERED that any non-Debtor affiliate to which a Mortgage Loan is transferred may transfer such Mortgage Loan to another non-Debtor affiliate, provided that the non-Debtor

affiliate to which such Mortgage Loan is subsequently transferred provides LCPI with a Note on the terms described in the preceding paragraph; and it is further

ORDERED that any non-Debtor affiliate to which a Mortgage Loan is transferred shall be required to obtain all consents and approvals from the Creditors' Committee and the Court that LCPI would otherwise have been required to obtain had LCPI been the owner of such Mortgage Loan; and it is further

ORDERED that, with respect to all Mortgage Loans transferred to non-Debtor affiliates that have occurred pursuant to the authority granted in this Order, LCPI shall file with the Court, on a quarterly basis, reports setting forth the aggregate number of Mortgage Loans transferred to non-Debtor affiliates during the prior three calendar months and the identity of each non-Debtor affiliate to which such Mortgage Loans were transferred; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004(h); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
      May 13, 2010

    *s/ James M. Peck*
    UNITED STATES BANKRUPTCY JUDGE