Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
26 Broadway
New York, New York 10004
(212) 344-5400

*Attorneys for Moore Capital Management, LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X
                                                   :
**In re:**                                         :
                                                   :
**LEHMAN BROTHERS INC.,**                          :   Case No. 08-01420 (JMP) SIPA
                                                   :
           Debtor.                                 :
                                                   :
                                                   :
---------------------------------------------------X

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

TO THE HONORABLE JAMES M. PECK

UNITED STATES BANKRUPTCY JUDGE:

      Moore Capital Management, LP, by and through its undersigned counsel, hereby files this objection (the "Objection") to the Trustee's Determination of Claim, dated April 15, 2010 (the "Trustee's Determination"), attached as Exhibit A hereto, in which James W. Giddens (the "Trustee") stated that the claim, dated January 27, 2009, submitted on behalf of Moore Global Investments, L.P. (the "Fund"), account number 01579502 (the "Account"), and assigned Claim Number 900002581 (the "Claim", attached as Exhibit B hereto), was denied as a customer claim under the Securities Investor Protection Act of 1970, as amended ("SIPA") and reclassified as a general creditor claim.

## Background

1. As set forth in the Claim, the Fund is owed cash, plus interest accrued thereon, in connection with cash balances held in the Account of the Fund with the Debtor, Lehman Brothers Inc. ("LBI"), after applying amounts due to LBI in respect of the termination of foreign exchange contracts (the "Contracts") undertaken by the Fund with LBI. The Account was governed by the Master Institutional Futures Customer Agreement between LBI and the Fund (the "Futures Agreement") submitted as Annex B to the Claim. LBI has failed to return to the Fund its remaining cash held in the Account.

2. On September 19, 2008 (the "Commencement Date"), the United States District Court for the Southern District of New York entered an order placing LBI into a liquidation pursuant to SIPA.

3. At the time the SIPA liquidation of LBI commenced, the Fund had posted and maintained cash in the Account for purposes of securing transactions carried out by the Fund through the Account. Pursuant to pronouncements by and discussions with the Trustee in the fall of 2008, the Contracts were deemed terminated as of September 19, 2008, and the Fund netted amounts due to LBI following such termination against the cash balances remaining in the Account. Accordingly, the Fund determined that LBI owed the Fund cash remaining in the Account in the amount of USD $11,396,647.79 (the "Net Claim Amount"). In addition, LBI owes the Fund accrued interest on the Net Claim Amount pursuant to the terms of the Futures Agreement.

4. On or about January 28, 2009, the Fund duly filed the Claim against LBI. Supporting documentation and evidence substantiating the Fund's Claim were submitted to the Trustee as part of the Fund's Claim.

5. The Trustee's Determination stated that the Fund's claim for customer treatment of cash and/or securities under SIPA is "DENIED. The cash and/or securities that [the Fund] claimed are not customer property pursuant to SIPA. As such, [the Fund's] claim is not entitled to treatment as a customer claim eligible to share from the fund of customer property or SIPA cash advances."

6. Pursuant to this Court's order dated November 7, 2008 [Docket #241], any claimant that is aggrieved by the Trustee's determination shall be afforded the opportunity to have the matter heard by this Court as a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure by filing an objection thereto. In support of the Objection, the Fund states the following:

## BASIS FOR OBJECTION

7. In denying the Claim, the Trustee has taken the position that the Fund's assets held in the Account with LBI are not "customer property" within the meaning of SIPA. The Trustee's Determination, however, fails to recognize that the assets in the Account are segregated customer assets within the meaning of Commodity Futures Trading Commission ("CFTC") regulations that govern the bankruptcy of a commodity broker that is a futures commission merchant ("FCM"). Given that LBI is or was a registered FCM, these assets constitute part of a protected account class under applicable CFTC regulations.

8. The Fund submits that LBI held the Net Claim Amount for the account of the Fund as segregated customer property and that, pursuant to the commodity broker liquidation provisions of the CFTC's Part 190 Regulations ("CFTC Bankruptcy

Regulations"), the Net Claim Amount should be afforded all applicable customer protections thereunder.

9. Specifically, Regulation 190.08 provides that the "property held by or for the account of a customer, which is segregated on behalf of a specific account class, or readily traceable on the filing date to customers of such account class, must be allocated to the customer estate of the account class for which it is segregated or to which it is readily traceable."[1]

10. Under the CFTC Bankruptcy Regulations, each "account class" is a separate pool of funds for claims against the FCM.[2] The claims of customers whose assets are held in defined account classes have priority over the claims of general creditors in the event of an FCM's bankruptcy. Foreign futures accounts are a recognized "account class" under the CFTC Bankruptcy Regulations.[3] The Fund's Net Claim Amount was held in a foreign futures account pursuant to CFTC Regulation 30.7. Therefore, the Fund is entitled to recover assets in the Account as part of the foreign futures protected account class.[4]

11. An FCM is required to hold customer funds and collateral pledged in relation to foreign futures contracts in what is referred to as a secured account under CFTC Regulation 30.7 (a "30.7 Secured Account"). Pursuant to CFTC regulations, 30.7 Secured Accounts must be held separate and apart from the FCM's own funds, and the collateral held in such accounts cannot be borrowed or otherwise used for the FCM's own purposes. 30.7 Secured Accounts typically contain funds of customers trading futures

---

[1] 17 C.F.R. § 190.08 (2010).
[2] *See* 17 C.F.R. § 190.01(a).
[3] *See* 17 C.F.R. § 190.01(a). The foreign futures account class is one of six account classes recognized in the CFTC Bankruptcy Regulations.
[4] *See* 17 C.F.R. 190.07.

and options on foreign exchanges, but these accounts may also contain the funds of customers engaged in "other 'non-regulated' transactions".[5] It is common for FCMs to hold customer assets that collateralize or otherwise relate to non-regulated transactions, such as cleared OTC derivatives or foreign currency transactions, in 30.7 Secured Accounts.[6] While it is not mandatory for FCMs to hold assets related to these trades in a separate account, many FCMs elect to do so, and the CFTC allows FCMs to do so, in order to afford customers asset protection similar to that which they would obtain in connection with domestic futures contracts. In the course of the commercial dealings between the Fund and LBI, LBI consistently represented to the Fund that it held the Fund's cash in a 30.7 Secured Account.

12. The Trustee has not satisfied its burden of proof to support the reclassification of the Claim as a general unsecured claim because it fails to recognize the status of the Fund's Net Claim Amount under CFTC Bankruptcy Regulations and the applicability of the CFTC asset protection regime to the Account. Because LBI held the Fund's Net Claim Amount in a 30.7 Secured Account, the Fund should be afforded the protections of the foreign futures account class in accordance with CFTC Bankruptcy Regulations.

13. For the foregoing reasons, the Trustee's Determination should be overruled, the cash in the Account should be treated as being held in an account comprising part of the foreign futures account class in accordance with CFTC Bankruptcy Regulations, and in connection with the liquidation of LBI, the allowed net

---

[5] Commodity Futures Trading Commission, Form 1-FR-FCM Instructions (2004), 1.
[6] CFTC Advisory No. 86-87 (Nov. 24, 1987).

equity for the Fund should be equal to the amount of the Claim and distributed to the Fund as part of the foreign futures account class.

  14. The Fund respectfully requests that this Court schedule a hearing on the Objection and treat the Objection as a contested matter pursuant to Bankruptcy Rule 9014.

  15. The Fund reserves the right to further amend or supplement this Objection and the Claim.

Dated: New York, New York

   May 14, 2010

               Respectfully Submitted,

               SCHLAM STONE & DOLAN LLP

               By: _____

               Bennette D. Kramer (BK-1269)
               26 Broadway
               New York, NY 10004
               (212) 344-5400
               bdk@schlamstone.com

               *Attorneys for Moore Capital Management, LP*

OF COUNSEL

Lauren Teigland-Hunt
Teigland-Hunt LLP
127 West 24th Street, 4th Floor
New York, NY 10011
(212) 269-1600
lteigland@teiglandhut.com