**Presentment Date and Time: May 27, 2010 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: May 27, 2010 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

```
-----------------------------------------------------------------x
                                           :
In re                                      :    Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :    08-13555 (JMP)
                                           :
                          Debtors.         :    (Jointly Administered)
                                           :
-----------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF
## FIFTH SUPPLEMENTAL APPLICATION OF
## THE DEBTORS PURSUANT TO SECTION 327(e) OF THE
## BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL
## RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION
## TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL
## TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES

**PLEASE TAKE** NOTICE that the undersigned will present the annexed Fifth

Supplemental Application (the "Application") of the Debtors Pursuant to Section 327(e) of title

11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the scope of Jones

Day's retention as special counsel to the Debtors, *nunc pro tunc* to the Engagement Dates, all as

more fully described in the Application, to the Honorable James M. Peck, United States

Bankruptcy Judge, for approval and signature on **May 27, 2010 at 12:00 p.m. (Prevailing**

**Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Jones Day, 222 East 41st Street, New York, NY 10017-6702, Attn:  Robert C. Micheletto, Esq., **so as to be so filed and received by no later than May 27, 2010 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable

James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 17, 2010
       New York, New York

                              /s/ Richard P. Krasnow
                              Richard P. Krasnow
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone:  (212) 310-8000
                              Facsimile:  (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

Presentment Date and Time:  May 27, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  May 27, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                              :
In re                                                         :       **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :       **08-13555 (JMP)**
                                                              :
                              **Debtors.**                    :       **(Jointly Administered)**
                                                              :
------------------------------------------------------------------x

**FIFTH SUPPLEMENTAL APPLICATION OF THE DEBTORS**
**PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE**
**AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL**
**COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Fifth Supplemental Application

of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the scope

of Jones Day's retention as special counsel to the Debtors, *nunc pro tunc* to the Engagement

Dates (as defined below) as set forth herein (the "Fifth Supplemental Application"), and

respectfully represent:

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy

Rules.  The Debtors are authorized to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.       On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.       On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

### Jurisdiction

5.       This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

6.       Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

7.       Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### **Retention of Jones Day**

8.    On February 4, 2009, the Debtors submitted (a) the Application to Employ Jones Day as Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure [Docket No. 2725] (the "<u>Application</u>") and (b) the supporting declaration of Simon Powell of Jones Day (the "<u>Initial Declaration</u>").  On February 25, 2009, the Court entered an Order [Docket No. 2925] (the "<u>Initial Jones Day Retention Order</u>") approving the Application and authorizing the Debtors to employ and retain Jones Day as special counsel to the Debtors with respect to certain matters described in the Application generally relating to (a) assisting LBHI in relation to any issues arising in the Asia Pacific region; (b) assisting and advising LBHI with respect to the insolvency proceedings of Lehman Brothers Australia Holdings Pty Limited; (c) assisting LBHI and other United States-based Lehman entities in Japan in asserting claims in certain Japanese Civil Rehabilitation proceedings; (d) advising LBHI in connection with claims which may be asserted against it relating to Lehman Brothers Japan Holdings KK; (e) advising Lehman with respect to distressed debt transactions in Taiwan, China, the Philippines and Thailand, and its acquisition and financing of real estate assets in Taiwan; (f) representing certain Lehman entities through various third parties in the sale of their Sunrise Project and the changes to their corporate registrations required by the departure of the members of the Boards of their operating companies to Nomura; (g) continuing the representation of LBHI in litigation pending in the United States Bankruptcy Court of the Northern District of California, entitled Aron Oliner and Lehman Brothers Holdings Inc. v. John Kontrabecki, and related bankruptcy cases; and

(h) advising the Debtors in connection with their businesses and operations in India (the "Initial Representative Matters").

9.    On May 8, 2009, the Debtors submitted (a) a Supplement to the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to The Debtors, *Nunc Pro Tunc* To The Engagement Dates [Docket No. 3525] (the "First Supplemental Application") and (b) the supporting declaration of David L. Carden (the "First Supplemental Declaration"). On May 21, 2009, the Court entered an order [Docket No. 3630] (the "First Supplemental Retention Order") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the First Supplemental Application generally relating to (a) the examination of the negotiation and conclusion of the Asset Purchase Agreement dated September 16, 2008 and certain related or potentially related transactions and events involving the Debtors and Barclays Capital Inc. in and after September of 2008,[1] and (b) the examination of issues relating to derivatives trades between (i) Debtor Lehman Brothers Special Financing Inc. and certain of the other Debtors and (ii) the counterparty to such trades, AIG CDS, Inc. and/or its affiliates (collectively, the "First Additional Representative Matters").

10.    On July 9, 2009, the Debtors submitted (a) a Second Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket

---

[1]    In connection with the Representative Matter involving Barclays Capital Inc. the Debtors have engaged Navigant Consulting Economics, LLC. d/b/a Chicago Partners ("Chicago Partners") as an expert and will pay Chicago Partners' fees and expenses in the ordinary course of their businesses.

No. 4299] (the "Second Supplemental Application") and (b) the supporting declaration of Jayant

W. Tambe of Jones Day (the "Second Supplemental Declaration"). On July 23, 2009, the Court

entered an order [Docket No. 4476] (the "Second Supplemental Retention Order") authorizing

and approving the expansion of Jones Day's retention as special counsel with respect to certain

matters described in the Second Supplemental Application generally relating to certain structured

products and derivatives trades between the Debtors and other entities, which the Debtors'

primary restructuring counsel is unable to assist them with due to conflict or other reasons

(the "Second Additional Representative Matters").

   11.  On October 22, 2009, the Debtors submitted (a) a Third Supplemental

Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and

Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain

Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket

No. 5604] (the "Third Supplemental Application") and (b) the supporting declaration of Jayant

W. Tambe of Jones Day (the "Third Supplemental Declaration"). On November 5, 2009, the

Court entered an order [Docket No. 5728] (the "Third Supplemental Retention Order")

authorizing and approving the expansion of Jones Day's retention as special counsel with respect

to certain matters described in the Third Supplemental Application generally relating to

derivatives and structures products matters involving certain specified counterparties, other

derivatives and structured products related matters (including certain matters governed by

English law), and certain matters relating to the joint representation of the Ad Hoc Committee of

Non-Agent Secured Lenders and certain non-agent secured lenders, which include certain of the

Debtors, in connection with the Adelphia bankruptcy proceedings ("Third Additional

Representative Matters").

12.     On January 25, 2010, the Debtors submitted (a) a Fourth Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Date [Docket No. 6750] (the "Fourth Supplemental Application") and (b) the supporting declaration of Jayant W. Tambe of Jones Day (the "Fourth Supplemental Declaration").  On February 18, 2010, the Court entered an order [Docket No. 7166] (the "Fourth Supplemental Retention Order" and together with the Initial Jones Day Retention Order, the First Supplemental Retention Order, the Second Supplemental Retention Order, and the Third Supplemental Retention Order, the "Retention Orders") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the Fourth Supplemental Application relating to (a) the representation of the Debtors in connection with the workout and/or restructuring of certain loans/investments in the Loan Portfolio/Investment Portfolio involving Greenbriar Minerals LLC  and (b) such other matters relating to the Loan Portfolio/Investment Portfolio, as requested by the Debtors and agreed to by Jones Day (together with the Initial Representative Matters the First Additional Representative Matters, and the Second Additional Representative Matters, the "Representative Matters").

13.     Subsequent to the entry of the Fourth Supplemental Retention Order, the Debtors requested that Jones Day expand the scope of the Representative Matters to include representation of the Debtors in connection with a joint representation of LBHI and the following funds named as defendants in litigation recently commenced by Barclays Capital Inc. ("Barclays") captioned, *Barclays Capital Inc. v.  PCCP Mezzanine Recovery Partners II, L.P., Lehman Brothers Real Estate Partners II, L.P., Lehman Brothers Real Estate Partners III, L.P.,*

*and Lehman Brothers Real Estate Fund III, L.P.*, Supreme Court of the State of New York,

Index No. 600673/2010, County of New York (March 16, 2010) and *Barclays Capital Inc. v.*

*Trilantic Capital Partners III L.P. and Trilantic Capital Partners IV L.P*, Supreme Court of the

State of New York, Index No. 600674/2010, County of New York (March 16, 2010)

(collectively, the "Barclays Fund Litigation"): PCCP Mezzanine Recovery Partners II, L.P.

(formerly, Lehman Brothers Real Estate Mezzanine Partners II, L.P.); Lehman Brothers Real

Estate Partners II, L.P., Lehman Brothers Real Estate Partners III, L.P.;  Lehman Brothers Real

Estate Fund III, L.P., Trilantic Capital Partners III L.P. (formerly, Lehman Brothers Merchant

Banking Partners III, L.P.); and Trilantic Capital Partners IV L.P. (formerly, Lehman Brothers

Merchant Banking Partners IV, L.P.) (collectively, the "Funds").  It is also anticipated that the

Debtors may from time to time in the future wish to engage Jones Day with respect to other

matters involving Barclays.

   14. Pursuant to 28 U.S.C. § 1334(b), 1446 and 1452, and Bankruptcy Rule

9027, on April 15, 2010, the Funds filed a notice of removal to the United States District Court

for the Southern District of New York with respect to the Barclays Fund Litigation, as a

proceeding arising under the Bankruptcy Code, or arising in or related to the above-captioned

cases pending before this Court.  Pursuant to Section 157(a) of the Bankruptcy Amendments and

Federal Judgeship Act of 1984 and that M-10-468 Order Dated July 11, 1984, signed by Judge

Robert J. Ward on 7/10/1984, the Barclays Fund Litigation has been referred to this Court.

   15. By this Fifth Supplemental Application, the Debtors seek to modify the

scope of Jones Day's retention as special counsel, previously approved by the Retention Orders,

to include legal services with respect to the following additional matters (collectively, the

"Additional Matters"), *nunc pro tunc* to the engagement dates identified herein (the

"Engagement Dates"):  (a) March 17, 2010 for the representation of the Debtors in connection

with the joint representation of LBHI and the Funds with respect to the Barclays Fund Litigation,

as described in more detail below, including representing the estates with respect to claims

asserted against the Debtors arising in or in connection with the Barclays Fund Litigation, and

(b) such other dates agreed to by the Debtors and Jones Day for such other matters relating to

Barclays, as requested by the Debtors and agreed to by Jones Day.

      16.     In the Barclays Fund Litigation, Barclays has filed a complaint that alleges

that the defendant-Funds failed to pay Barclays certain fees associated with the pre-

Commencement Date placement of investors in the Funds by the Private Investment

Management ("PIM") business unit and other related post-Commencement Date services

allegedly provided by Barclays to the Funds.  Barclays alleges that it is entitled to these fees as a

result of its purported purchase of the PIM business unit in connection with that certain Purchase

Agreement, dated September 16, 2008, among LBHI, LBI, LB 745 LLC and Barclays (the

"Purchase Agreement").  Barclays alleges claims against the Funds for breach of implied

contract, promissory estoppel, unjust enrichment, constructive trust and breach of fiduciary duty.

Barclays seeks compensatory damages against the Funds, equitable and declaratory relief and

attorneys fees and costs.

      17.     Although the Debtors are not named as defendants in Barclays' complaint,

the Debtors, nonetheless, believe it is appropriate to retain counsel with respect to matters

relating to the Barclays Fund Litigation.  First, LBHI indirectly owns general partnership

interests in some, but not all, of the defendant-Funds.  Second, the Barclays Fund Litigation

involves matters directly relating to the Purchase Agreement and the so-called "Clarification

Letter."  Finally, certain of the Funds have asserted that Lehman is obligated to indemnify the

Funds against the claims asserted by Barclays in the Barclays Fund Litigation.  Without

admitting or denying that they are obligated to indemnify the Funds, the Debtors seek to engage

Jones Day to undertake the defense of Lehman and the Funds in the Barclays Fund Litigation at

this time through this joint representation.

18.    Jones Day's representation of the Funds is limited to the joint defense of

the Funds in the Barclays Fund Litigation, and it is expressly understood that if at any time a

conflict arises between the Funds and LBHI, requiring that the parties obtain separate

representation with respect to the Barclays Fund Litigation, the Funds agree that Jones Day may

withdraw from the joint representation of the Funds and continue to represent LBHI and/or

LBHI's interests in the Barclays Fund Litigation and in other LBHI matters, except that Jones

Day may not appear in the Barclays Fund Litigation or other LBHI matters on behalf of LBHI

adverse to the Funds.

19.    Jones Day is one of the largest law firms in the world, with a national and

international practice, and has substantial experience in all aspects of workouts and

restructurings.  In addition, Jones Day is currently representing the Debtors with respect to

certain other matters involving Barclays, including in connection with the Rule 60(b) Motion.

Accordingly, the Debtors believe that Jones Day is both well qualified and uniquely able to

provide services relating to the Additional Matters, and that its retention would be in the best

interest of the Debtors' estates, their creditors and other parties in interest.

20.    The Debtors' knowledge, information and belief regarding the matters set

forth in this Fifth Supplemental Application are based on and made in reliance upon the

Declaration of Robert C. Micheletto in Support of the Fifth Supplemental Application (the "Fifth

Supplemental Declaration" and together with the Initial Declaration, First Supplement

Declaration, Second Supplemental Declaration, the Third Supplemental Declaration, and the

Fourth Supplemental Declaration, the "Declarations"), a copy of which is attached hereto as

Exhibit 1.

21.     Because the Debtors now seek to engage Jones Day with respect to the

Additional Matter, the Debtors request entry of an order, pursuant to section 327(e) of the

Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local

Bankruptcy Rules for the Southern District of New York, expanding the scope of Jones Day's

retention as special counsel for the Debtors, effective as of the Engagement Dates, with respect

to the Additional Matters.

22.     The Debtors have been informed that Jones Day has not at this time

undertaken to repeat its previous conflict check and clearance process with respect to all

Interested Parties (as defined in the Fifth Supplemental Declaration) in these cases, but that Jones

Day has repeated its previous conflict check and clearance process with respect to the Additional

Matter.  The Debtors have also been informed that Jones Day will continue to update its conflicts

disclosures contained in the Declarations in accordance with the Bankruptcy Rules, the Local

Bankruptcy Rules, any orders of this Court, and Jones Day's past practices and established

conflicts procedures relating to chapter 11 proceedings.

23.     Jones Day has informed the Debtors that it does not represent or hold any

interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters.  *See*

*In re AroChem*, 176 F. 3d 610, 622 (2d. Cir. 1999) (emphasizing that, under section 327(e) of the

Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the

proposed retention).

**Notice**

24.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Fifth Supplemental Application in accordance with the procedures set

forth in the amended order entered on February 13, 2009 governing case management and

administrative procedures for these cases [Docket No. 2837] on (a) the U.S. Trustee; (b) the

attorneys for the Creditors' Committee; (c) the Securities and Exchange Commission; (d) the

Internal Revenue Service; (e) the United States Attorney for the Southern District of New York;

and (f) Jones Day.  The Debtors submit that no other or further notice need be provided.

25.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: May 17, 2010
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

## EXHIBIT 1

**(The Fifth Supplemental Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                  :    **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :    **08-13555 (JMP)**
                                                       :
                        **Debtors.**                   :    **(Jointly Administered)**
                                                       :
                                                       :
------------------------------------------------------------------x

## DECLARATION OF ROBERT C. MICHELETTO IN SUPPORT OF THE FIFTH SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES

Pursuant to sections 327 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, Robert C. Micheletto declares:

1.    I am a member of the firm of Jones Day, 222 East 41st Street, New York, New York  10017-6702, and am admitted to practice law in Illinois and New York.

2.    I submit this Declaration in support of the Fifth Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates (the "Fifth Supplemental Application")[2] filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession in the above-referenced chapter 11 cases (together, the "Debtors") to modify the scope of Jones Day's retention as special counsel to the Debtors to include additional

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Fifth Supplemental Application.

matters, *nunc pro tunc* to their respective engagement dates (the "Engagement Dates")[3] as

described in greater detail below and in the Fifth Supplemental Application. Except as otherwise

set forth below, all facts set forth below in this Declaration are based upon information from, and

discussions I or other Jones Day personnel reporting to me have had with, certain of my

colleagues. Based on the foregoing, if I were called upon to testify, I could and would testify

competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of

Jones Day.

3.     On February 4, 2009, Simon Powell, a member of Jones Day, submitted a

declaration (the "Initial Declaration") in support of the Application to Employ Jones Day as

Special Counsel to the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code

and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Application").

4.     On February 25, 2009, the United States Bankruptcy Court for the

Southern District of New York entered an order approving the Application and authorizing LBHI

and its affiliated debtors and debtors in possession in the above-referenced chapter 11 cases to

employ and retain Jones Day as special counsel to the Debtors with respect to the Representative

Matters.

5.     In addition, Jones Day represents certain former employees of the Debtors

and/or affiliate Lehman Brothers Inc. in connection with investigations, arbitrations and/or other

proceedings relating to auction rate securities allegedly sold by, maintained in an account by, or

in some other way connected to one or more Lehman entities. Pursuant to that certain Order

Granting Debtors' Motion, Pursuant to Sections 105(a) and 363(b)(1) of the Bankruptcy Code

---

[3]     The Engagement Dates for the Additional Matters (defined below) are as follows: March 17, 2010 for
matters relating to the Barclays Fund Litigation, and such other dates agreed to by the Debtors and Jones
Day for such other matters relating to Barclays, as requested by the Debtors and agreed to by Jones Day.

and Bankruptcy Rule 6004 for Authorization to Advance Certain Legal Costs to Former Employees, dated December 3, 2008 [Docket No. 2052], and subject to the conditions set forth therein, Jones Day has sought payment from the Debtors, and has tendered claims for reimbursement and/or payment from their insurance providers to the extent coverage exists and any deductible and/or self insured retention has been satisfied, for legal fees and expenses incurred in connection with the representations of such former employees.

6.      On April 9, 2009, Jones Day submitted its First Interim Application of Jones Day, Special Counsel to the Debtors and Debtors In Possession, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Expenses Under 11 U.S.C. Sections 330 and 331 [Docket No. 3313] seeking actual, reasonable, and necessary (i) professional fees in the amount of $1,258,056.00 and (ii) expense reimbursement in the amount of $10,425.76 for services performed and expenses incurred from the Engagement Dates to January 31, 2009.

7.      On May 8, 2009, the Debtors submitted (a) a Supplement to the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to The Debtors, *Nunc Pro Tunc* To The Engagement Dates [Docket No. 3525] (the "First Supplemental Application") and (b) the supporting declaration of David L. Carden (the "First Supplemental Declaration").

8.      On May 21, 2009, the Court entered an order [Docket No. 3630] authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the First Supplemental Application generally relating to (a) the examination of the negotiation and conclusion of the Asset Purchase Agreement dated September 16, 2008 and certain related or potentially related transactions and events involving

the Debtors and Barclays Capital Inc. in and after September of 2008, and (b) the examination of issues relating to derivatives trades between (i) Debtor Lehman Brothers Special Financing Inc. and certain of the other Debtor and (ii) the counterparty to such trades, AIG CDS, Inc. and/or its affiliates.

9.      On July 9, 2009, the Debtors submitted (a) a Second Supplemental Application of the Debtors Pursuant to Sections 327(e) and (a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket No. 4299] (the "Second Supplemental Application") and (b) the supporting declaration of Jayant W. Tambe of Jones Day (the "Second Supplemental Declaration").

10.     On July 23, 2009, the Court entered an order [Docket No. 4476] (the "Second Supplemental Retention Order") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the Second Supplemental Application generally relating to certain structured products and derivatives trades between the Debtors and other entities, which the Debtors' primary restructuring counsel is unable to assist them with due to conflict or other reasons.

11.     On August 14, 2009, Jones Day submitted its Second Interim Application of Jones Day, Special Counsel to the Debtors and Debtors In Possession, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Actual and Necessary Expenses [Docket No. 4804] seeking actual, reasonable, and necessary (i) professional fees in the amount of $4,119,794.00 and (ii) expense reimbursement in the amount of $130,667.42 for services performed and expenses incurred from February 1, 2009 to May 31, 2009.

12.     On October 22, 2009, the Debtors submitted (a) a Third Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket No. 5604] (the "Third Supplemental Application") and (b) the supporting declaration of Jayant W. Tambe of Jones Day (the "Third Supplemental Declaration").

13.     On November 5, 2009, the Court entered an order [Docket No. 5728] (the "Third Supplemental Retention Order") authorizing and approving the expansion of Jones Day's retention as special counsel with respect to certain matters described in the Third Supplemental Application generally relating to derivatives and structures products matters involving certain specified counterparties, other derivatives and structured products related matters (including certain matters governed by English law), and certain matters relating to the joint representation of the Ad Hoc Committee of Non-Agent Secured Lenders and certain non-agent secured lenders, which include certain of the Debtors, in connection with the Adelphia bankruptcy proceedings.

14.     On December 15, 2009, Jones Day submitted its Third Interim Application of Jones Day, Special Counsel to the Debtors and Debtors In Possession, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Actual and Necessary Expenses [Docket No. 4804] seeking actual, reasonable, and necessary (i) professional fees in the amount of $8,787,718.20 and (ii) expense reimbursement in the amount of $413,222.52 for services performed and expenses incurred from June 1, 2009 to September 30, 2009.

15.     On January 25, 2010, the Debtors submitted (a) a Fourth Supplemental Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and

Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain
Jones Day as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Engagement Dates [Docket
No. 6750] (the "Fourth Supplemental Application" and together with the Application, the First
Supplemental Application, the Second Supplemental Application, and the Third Supplemental
Application, the "Applications" ) and (b) the supporting declaration of Jayant W. Tambe of
Jones Day (the "Fourth Supplemental Declaration" and together with the Initial Declaration, the
First Supplemental Declaration, the Second Supplemental Declaration, and the Third
Supplemental Declaration, the "Declarations").

16.    On February 18, 2010, the Court entered an order [Docket No. 7166]
(the "Fourth Supplemental Retention Order") authorizing and approving the expansion of Jones
Day's retention as special counsel with respect to certain matters described in the Fourth
Supplemental Application relating to (a) the representation of the Debtors in connection with the
workout and/or restructuring of certain loans/investments in the Loan Portfolio/Investment
Portfolio involving Greenbriar Minerals LLC and (b) such other matters relating to the Loan
Portfolio/Investment Portfolio, as requested by the Debtors and agreed to by Jones Day.

17.    Subsequent to the entry of the Fourth Supplemental Retention Order, the
Debtors requested that Jones Day expand the scope of the Representative Matters to include
representation of the Debtors in connection with a joint representation of LBHI and the following
funds named as defendants in litigation recently commenced by Barclays Capital Inc.
("Barclays") captioned, *Barclays Capital Inc. v.  PCCP Mezzanine Recovery Partners II, L.P.,*
*Lehman Brothers Real Estate Partners II, L.P., Lehman Brothers Real Estate Partners III, L.P.,*
*and Lehman Brothers Real Estate Fund III, L.P.*, Supreme Court of the State of New York,
Index No. 600673/2010, County of New York (March 16, 2010) and *Barclays Capital Inc. v.*

*Trilantic Capital Partners III L.P. and Trilantic Capital Partners IV L.P*, Supreme Court of the State of New York, Index No. 600674/2010, County of New York (March 16, 2010) (collectively, the "Barclays Fund Litigation"): PCCP Mezzanine Recovery Partners II, L.P. (formerly, Lehman Brothers Real Estate Mezzanine Partners II, L.P.); Lehman Brothers Real Estate Partners II, L.P., Lehman Brothers Real Estate Partners III, L.P.; Lehman Brothers Real Estate Fund III, L.P., Trilantic Capital Partners III L.P. (formerly, Lehman Brothers Merchant Banking Partners III, L.P.); and Trilantic Capital Partners IV L.P. (formerly, Lehman Brothers Merchant Banking Partners IV, L.P.) (collectively, the "Funds"). It is also anticipated that the Debtors may from time to time in the future wish to engage Jones Day with respect to other matters involving Barclays.

18.     Pursuant to 28 U.S.C. § 1334(b), 1446 and 1452, and Bankruptcy Rule 9027, on April 15, 2010, the Funds filed a notice of removal to the United States District Court for the Southern District of New York with respect to the Barclays Fund Litigation, as a proceeding arising under the Bankruptcy Code, or arising in or related to the above-captioned cases pending before this Court. Pursuant to Section 157(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 and that M-10-468 Order Dated July 11, 1984, signed by Judge Robert J. Ward on 7/10/1984, the Barclays Fund Litigation has been referred to this Court.

19.     In particular, the expansion of the scope of the Representative Matters would include legal services with respect to the following additional matters (collectively, the "Additional Matters"): (a) representation of the Debtors in connection with the joint representation of LBHI and the Funds with respect to the Barclays Fund Litigation, as described in more detail below, including representing the estates with respect to claims asserted against

the Debtors arising in or in connection with the Barclays Fund Litigation, and (b) such other matters relating to Barclays, as requested by the Debtors and agreed to by Jones Day.

      20.    In the Barclays Fund Litigation, Barclays has filed a complaint that alleges that the defendant-Funds failed to pay Barclays certain fees associated with the pre-Commencement Date placement of investors in the Funds by the Private Investment Management ("PIM") business unit and other related post-Commencement Date services allegedly provided by Barclays to the Funds. Barclays alleges that it is entitled to these fees as a result of its purported purchase of the PIM business unit in connection with that certain Purchase Agreement, dated September 16, 2008, among LBHI, Lehman Brothers Inc., LB 745 LLC and Barclays (the "Purchase Agreement"). Barclays alleges claims against the Funds for breach of implied contract, promissory estoppel, unjust enrichment, constructive trust and breach of fiduciary duty. Barclays seeks compensatory damages against the Funds, equitable and declaratory relief and attorneys fees and costs.

      21.    Although the Debtors are not named as defendants in Barclays' complaint, the Debtors, nonetheless, have informed Jones Day that they believe it is appropriate to retain counsel with respect to matters relating to the Barclays Fund Litigation. First, the Debtors have informed me that LBHI indirectly owns general partnership interests in some, but not all, of the defendant-Funds. Second, the Barclays Fund Litigation involves matters directly relating to the Purchase Agreement and the so-called "Clarification Letter." Finally, the Debtors have advised me that certain of the Funds have asserted that Lehman is obligated to indemnify the Funds against the claims asserted by Barclays in the Barclays Fund Litigation. Without admitting or denying that they are obligated to indemnify the Funds, the Debtors have informed me that they

seek to engage Jones Day to undertake the defense of Lehman and the Funds in the Barclays Fund Litigation at this time through this joint representation.

22.    Jones Day's representation of the Funds is limited to the joint defense of the Funds in the Barclays Fund Litigation, and it is expressly understood that if at any time a conflict arises between the Funds and LBHI, requiring that the parties obtain separate representation with respect to the Barclays Fund Litigation, the Funds agree that Jones Day may withdraw from the joint representation of the Funds and continue to represent LBHI and/or LBHI's interests in the Barclays Fund Litigation and in other LBHI matters, except that Jones Day may not appear in the Barclays Fund Litigation or other LBHI matters on behalf of LBHI adverse to the Funds.

23.    Jones Day has extensive knowledge and experience in representing the Debtors and other Lehman non-debtor affiliates in various matters.  With more than 2,400 lawyers in 31 offices around the world, Jones Day is one of the largest law firms in the world. Jones Day has substantial experience in virtually all aspects of the law that may arise in its representation of the Debtors in these chapter 11 cases, including, among others, insolvency, corporate, finance, litigation, real estate and securities issues.  Using that experience, Jones Day acts as principal outside counsel to, or provides significant legal representation for, more than half of the Fortune 500 companies.

24.    Jones Day has represented various Lehman entities in the United States, the Asia Pacific Rim and Australia with respect to various litigation, securities, insolvency, commercial, real estate other matters, including certain of the Representative Matters, for several years.  Over the course of its representation of the Debtors, Jones Day has become familiar with the Debtors' business operations.  In addition, Jones Day is currently representing the Debtors

with respect to certain other matters involving Barclays, including in connection with the Rule 60 Motion. Accordingly, the Debtors believe that Jones Day is well qualified to provide services relating to the Additional Matters, and that its retention would be in the best interest of the Debtors' estates, their creditors and other parties in interest.

25.    As set forth in the Applications, the Declarations and other supporting documentation filed in connection with the Applications, to check and clear potential conflicts of interest in these cases, as well as to determine all "connections" to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee, Jones Day conducted an investigation to determine whether it has had any relationships at any time during the past two years with entities contained on the list provided to Jones Day by Weil, Gotshal & Manges LLP, the Debtors' general bankruptcy counsel, on December 4, 2008 (as updated by Weil, Gotshal & Manges LLP on January 2, 2009), a copy of which was attached as Schedule 1 to the Initial Declaration, setting forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of the Debtors. To the extent that Jones Day's investigation of its relationships (if any) with the Interested Parties indicated that Jones Day had represented in the past two years, or at that time currently represented, any of those Interested Parties or their affiliates or represented parties that had relationships with those Interested Parties or their affiliates, the identities of such Interested Parties and affiliates and their relationship to Jones Day were set forth in Schedule 2 to the Initial Declaration.

26.    Jones Day has identified a list of parties directly involved with the Additional Matters (the "Additional Matters Parties"), a copy of which is attached as Exhibit A hereto. To the extent that Jones Day's investigation of its relationships (if any) with the

Additional Matters Parties indicated that Jones Day had represented in the past two years, or at that time currently represented, any of those Additional Matters Parties or their affiliates or represented parties that had relationships with those Additional Matters Parties or their affiliates, the identities of such Additional Matters Parties and affiliates and their relationship to Jones Day are set forth in Exhibit B hereto.  To be clear, as footnote 1 to Exhibit B explains, that schedule identifies affiliates of present or former clients even if those affiliates themselves have never been clients.

27.    Notwithstanding the foregoing, Jones Day has not at this time undertaken to repeat its previous conflict check and clearance process with respect to all Interested Parties in these cases.  However, Jones Day has previously updated its disclosures and will continue to update its conflicts disclosures contained in the Declarations, including with respect to any subsequently identified parties directly involved with the Additional Matters, in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court, and Jones Day's past practices and established conflicts procedures relating to chapter 11 proceedings.

28.    Jones Day recognizes that it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court.  Jones Day has reviewed the fee application guidelines promulgated by the U.S. Trustee and will comply with them.

29.    To the best of my knowledge, Jones Day does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 14, 2010

Robert C. Micheletto
Jones Day
222 East 41st Street
New York, NY 10017-6702

**EXHIBIT A**

## Additional Matters Parties

PCCP Mezzanine Recovery Partners II, L.P. (formerly, Lehman Brothers Real Estate Mezzanine Partners
II, L.P.)
Lehman Brothers Real Estate Partners II, L.P.
Lehman Brothers Real Estate Partners III, L.P.
Lehman Brothers Real Estate Fund III, L.P.
Trilantic Capital Partners III L.P. (formerly, Lehman Brothers Merchant Banking Partners III, L.P.)
Trilantic Capital Partners IV L.P. (formerly, Lehman Brothers Merchant Banking Partners IV, L.P.)
Barclays Capital Inc.

## **EXHIBIT B**

## EXHIBIT B

### SUPPLEMENT TO SCHEDULE 2 FOR
### FIFTH SUPPLEMENTAL DISCLOSURE REGARDING
### ADDITIONAL MATTERS AS OF APRIL 13, 2010

### LEHMAN BROTHERS HOLDINGS, INC., *ET AL.*

SCHEDULE OF ADDITIONAL MATTERS PARTIES THAT CURRENTLY
EMPLOY OR HAVE FORMERLY EMPLOYED JONES DAY IN MATTERS
UNRELATED TO THE DEBTORS OR THEIR CHAPTER 11 CASES

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| **NEW ADDITIONAL MATTERS PARTIES (OR AFFILIATED ENTITIES) WHO ARE CURRENT CLIENTS OR WERE CLIENTS WITHIN THE LAST TWO YEARS[4]** | | |
| Lehman Brothers Real Estate Fund III, L.P.; Lehman Brothers Real Estate Partners II, L.P.; Lehman Brothers Real Estate Partners III, L.P.; PCCP Mezzanine Recovery Partners II, L.P. (formerly, Lehman Brothers Real Estate Mezzanine Partners II, L.P.); and Trilantic Capital Partners IV, L.P. (formerly, Lehman Brothers Merchant Banking Partners IV, L.P.) | Additional Matters Parties | • Lehman Brothers Real Estate Fund III, L.P., Lehman Brothers Real Estate Partners II, L.P., Lehman Brothers Real Estate Partners, III, L.P., PCCP Mezzanine Recovery Partners II, L.P. (formerly, Lehman Brothers Real Estate Mezzanine Partners II, L.P.) and Trilantic Capital Partners IV, L.P. (formerly, Lehman Brothers Merchant Banking Partners IV, L.P.) are all former divisions of and real estate funds associated with current client *Lehman Brothers Holdings, Inc.*; |
| **UPDATES TO PRIOR DISCLOSURE** | | |
| Barclays Capital Inc. *PRIOR DISCLOSURE:* • Affiliate company Barclays Bank Plc is a former client; • Affiliate company **Barclays Bank** | Additional Matters Party | • No Update |

---

[4]   The names of current clients of Jones Day appear in bold and italics. The disclosure of stockholder interests or other affiliate relationships among potentially related entities reflects only information known to Jones Day through its conflict reporting system. The disclosure of such interests or relationships does not imply client relationships. Jones Day has not performed independent research to identify all stockholder interests or other affiliate relationships with respect to interested parties. Moreover, Jones Day has not disclosed representations of trade associations and similar industry or special interest organizations in which interested parties are members.

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| *S.A.E.* has been represented in two matters, one of which has closed and one of which has not proceeded since July 2008;<br><br>• Affiliate company Barclays Private Equity France SA is the parent of current client *Compagnie de Fives-Lille*;<br><br>• Affiliate company Barclays Unquoted Investments is a stockholder of current client *Enigma Holidays Limited*;<br><br>• Affiliate company Barclays Capital Real Estate is a joint venture participant with current client *Westbrook Real Estate Fund VI*;<br><br>• Affiliate company Barclays Global Investors UK Holdings Limited is a major equity stockholder of current client *Borders Group, Inc.*;<br><br>• Affiliate company Barclays Global Investors, N.A. (California) has a major equity interest in current client *Georgia Gulf Corporation*; and<br><br>• Affiliate company Barclays Global Investors, N.A. is a stockholder of current client *FLYi, Inc.*<br><br>• Affiliate companies Barclays Global Investors, N.A. and Barclays Global Fund Advisors are joint venture participants with new client *Axcelis Technologies, Inc.* (opened 2009).<br><br>• Affiliate companies Barclays Global Investors Limited and Barclays Global Investors, N.A. were among the largest shareholders of General Motors Corporation (predecessor in interest to current client *General Motors LLC*) and interested parties in the GM chapter 11 cases in which Jones Day was retained as special litigation counsel to the debtors. | | |
| ***Lehman Brothers Holdings, Inc.***<br><br>*PRIOR DISCLOSURE:*<br><br>• Affiliate company *Lehman Brothers, Inc.* is: (a) a current client; and (b) a | Former Parent Company of Additional Matters Parties<br><br>*(See entry above for Lehman Brothers Real* | • ***Lehman Brothers Holdings, Inc.*** is: (a) a member of new client ***Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair*** (opened 2009); and (b) a stockholder of |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| co-client with current client *CS First Boston, Inc.*;<br><br>• Affiliate company Lehman Brothers Merchant Bank is affiliated with LB Marble Acquisition LLC, a stockholder of current client *RSI Holding Corporation*; | Estate Fund III, L.P., et al.) | new client *Neuberger Investment Management Japan Limited* (opened 2009);<br><br>• Affiliated entity *Joint And Several Liquidators of Lehman Brothers Commercial Corp. Asia Ltd.* is a new client (opened 2009);<br><br>• Affiliate company and current client *Lehman Brothers, Inc.* is the former employer of twelve individuals who are current Jones Day clients (all opened 2009);<br><br>• Affiliate company Lehman Brothers Asset Management, Inc. was among the top shareholders of *General Motors Corporation* (n/k/a current client *Motors Liquidation Company*) and interested parties in the Motors Liquidation Company, *et al.* (f/k/a General Motors Corporation, *et al.*) chapter 11 cases in which Jones Day was retained as special litigation counsel for the debtors.  In addition, *General Motors LLC*, the purchaser of assets from *Motors Liquidation Company*, is a current client; and<br><br>• RSI Holding Corporation, a company of which LB Marble Acquisition LLC, an affiliate of Lehman Brothers Merchant Bank, is a stockholder, now a former client (closed 2010). |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
-------------------------------------------------------------------x

### ORDER GRANTING FIFTH SUPPLEMENTAL APPLICATION OF THE DEBTORS, PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF JONES DAY'S RETENTION AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES

Upon the fifth supplemental application, dated May 17, 2010 (the "Fifth Supplemental Application"), of Lehman Brothers Holdings Inc., as debtor in possession ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together with LBHI,  the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing and approving the expansion of Jones Day's retention as special counsel, *nunc pro tunc* to the Engagement Dates with respect to the Additional Matters,[1] all as more fully described in the Fifth Supplemental Application; and the Court having jurisdiction to consider the Fifth Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Fifth Supplemental

---

[1]    Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Fifth Supplemental Application.

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Fifth Supplemental Application having been provided in accordance

with the procedures set forth in the amended order entered February 13, 2009 governing case

management and administrative procedures [Docket No. 2837] to (i) the United States Trustee

for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; and (vi) Jones Day, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Fifth Supplemental Application is in the best interests of

the Debtors, their estates and creditors, and all parties in interest and that the legal and factual

bases set forth in the Fifth Supplemental Application establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Fifth Supplemental Application is approved; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to expand the scope of the employment and retention of Jones Day as

special counsel to the Debtors on the terms set forth in the Fifth Supplemental Application and

this Order, effective *nunc pro tunc* to the Engagement Dates with respect to the Additional

Matters identified in the Fifth Supplemental Application; and it is further

ORDERED that Jones Day shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines

established by the U.S. Trustee, and such other procedures that have been or may be fixed by

order of this Court, including but not limited to the Court's Third Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

[Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee

Protocol [Docket No. 3651].

Dated: May __, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE