**HEARING DATE AND TIME: June 29, 2010 at 11:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 17, 2010 at 4:00 p.m. (Eastern Time)**

> **PARTIES RECEIVING THIS NOTICE OF TWELFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                            :    Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :    08-13555 (JMP)
                                                 :
                        Debtors.                 :    (Jointly Administered)
------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'**
**TWELFTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)**

**PLEASE TAKE NOTICE** that on May 18, 2010, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their twelfth omnibus objection to claims (the "Debtors' Twelfth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Twelfth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **June 29, 2010 at 11:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Twelfth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **June 17, 2010 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Twelfth Omnibus Objection to Claims or any claim set forth

thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Twelfth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 18, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: June 29, 2010 at 11:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 17, 2010 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,              :    08-13555 (JMP)
                                                         :
                          Debtors.                       :    (Jointly Administered)
------------------------------------------------------------------x

### DEBTORS' TWELFTH OMNIBUS
### OBJECTION TO CLAIMS (DUPLICATE CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING
THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

US_ACTIVE:\43393215\01\58399.0003

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this twelfth omnibus objection to claims (the "Twelfth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order disallowing and expunging the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicate Claims") are duplicates of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims"). The Debtors seek the disallowance and expungement from the Court's claims register of the Duplicate Claims and preservation of the Debtors' right to later object to any Surviving Claim on any other basis.

3. This Twelfth Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims. Further, the Debtors reserve all their rights to object on any

other basis to any Duplicate Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**<u>The Duplicate Claims Should Be Disallowed and Expunged</u>**

9. The Debtors have begun their review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent and have identified the claims on <u>Exhibit A</u> and have determined that the Duplicate Claims were filed by the same claimants against the same Debtors, for the same dollar amounts, and on account of the same obligations as the corresponding Surviving Claims.

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtors. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL

3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

12. The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

13. Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge in their entirety the Duplicate Claims listed on Exhibit A. The Surviving Claims will remain on the claims register subject to further objections on any other basis.

**Notice**

14. No trustee has been appointed in these chapter 11 cases. Notice of this Twelfth Omnibus Objection to Claims has been provided to (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures,

dated February 13, 2009 [Docket No. 2837] and the Procedures Order. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: May 18, 2010
   New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 12 : EXHIBIT A – DUPLICATE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | ABIN VERMOGENSBERATUNG GMBH FELDSTRASSE 50 KLOSTERNEUBURG KRITZENDORF, A-3420 AUSTRIA | 11/12/2009 | 08-13555 (JMP) | 65485 | $66,344.93 | ABIN VERMOGENSBERATUNG GMBH FELDSTRASSE 50 KRITZENDORF KLOSTERNEUBURG, A-3420 AUSTRIA | 11/04/2009 | 08-13555 (JMP) | 64607 | $66,344.93 |
| 2 | CAJA DE CREDITO DE LOS INGENIEROS, S.C.C. ATTN: JOAN CAVALLE VIA LAIETANA, 39 BARCELONA, 08003 SPAIN | 11/11/2009 | 08-13555 (JMP) | 65390 | $2,852,423.91 | CAJA DE CREDITO DE LOS INGENIEROS, S.C.C. ATTN: JOAN CAVALLE VIA LAIETANA, 39 BARCELONA, 08003 SPAIN | 11/03/2009 | 08-13555 (JMP) | 64263 | $2,852,423.91 |
| 3 | CITY OF OAKLAND AND OAKLAND REDEVELOPMENT AGENCY ATTN: JOHN A RUSSO, CITY ATTORNEY- SBN 129729 BARBARA J. PARKER, CHIEF ASSIST. CITY ATTY- SBN 069722 SUSAN H. MOSK, DEPUTY CITY ATTORNEY- SBN 148410 SUSAN H. MOSK, DEPUTY CITY ATTORNEY- SBN 148410 OAKLAND, CA 94612 | 09/18/2009 | | 18675 | $13,404,000.00* | CITY OF OAKLAND AND OAKLAND REDEVELOPMENT AGENCY ATTN: JOHN A RUSSO, CITY ATTORNEY- SBN 129729 BARBARA J. PARKER, CHIEF ASSIST. CITY ATTY- SBN 069722 SUSAN H. MOSK, DEPUTY CITY ATTORNEY- SBN 148410 SUSAN H. MOSK, DEPUTY CITY ATTORNEY- SBN 148410 OAKLAND, CA 94612 | 09/18/2009 | | 18674 | $13,404,000.00* |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 6

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 12 : EXHIBIT A – DUPLICATE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 4 | DEKA FUNDMASTER INVESTMENTGESELLSCHAFT MBH, ON BEHALF OF: FUNDMASTER RRVRENT-FONDS/GESAMTKAPITALANLAGEN ROLAND UNTERNEHMENSGRUPPE HAHNSTRASSE 55 FRANKFURT, 60528 GERMANY | 11/02/2009 | 08-13555 (JMP) | 62853 | $427,320.00* | DEKA FUNDMASTER INVESTMENTGESELLSCHAFT MBH, ON BEHALF OF: FUNDMASTER RRVRENT-FONDS/GESAMTKAPITALANLAGEN ROLAND RS HAHNSTRASSE 55 FRANKFURT, 60528 GERMANY | 11/02/2009 | 08-13555 (JMP) | 62854 | $427,320.00* |
| 5 | DORSEY & WHITNEY LLP ATTN: TODD PEARSON 50 SOUTH 6TH STREET MINNEAPOLIS, MN 55402-1498 | 09/22/2009 | 08-13900 (JMP) | 27258 | $58,861.63 | DORSEY & WHITNEY LLP 300 DELAWARE AVE STE 1010 WILMINGTON, DE 198011671 | 09/11/2009 | 08-13900 (JMP) | 19690 | $58,861.63 |
| 6 | GALLEON BUCCANEER'S OFFSHORE, LTD. C/O THE GALLEON GROUP 590 MADISON AVENUE NEW YORK, NY 10022 | 09/22/2009 | 08-13888 (JMP) | 28142 | $146,702,592.72 | GALLEON BUCCANEER'S OFFSHORE, LTD. C/O THE GALLEON GROUP 590 MADISON AVENUE NEW YORK, NY 10022 | 09/22/2009 | 08-13888 (JMP) | 28124 | $146,702,592.72 |
| 7 | HANCOCK, STEPHEN 36 NEWTON ROAD CAMBRIDGE, CAMBS, CB2 8AL UNITED KINGDOM | 10/22/2009 | | 64039 | $556,746.00 | HANCOCK, STEPHEN 36 NEWTON ROAD CAMBRIDGE, CAMBS, CB2 8AL UNITED KINGDOM | 10/22/2009 | 08-13555 (JMP) | 64041 | $556,746.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 12 : EXHIBIT A – DUPLICATE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 8 | KOCH, PETER<br>STEINSTR. 44<br>HUERTH, D-50354<br>GERMANY | 10/19/2009 | 08-13555 (JMP) | 41526 | $42,708.00 | KOCH, PETER, DR.<br>STEINSTR. 44<br>HUERTH, D-50354<br>GERMANY | 09/24/2009 | 08-13555 (JMP) | 34867 | $42,708.00 |
| 9 | LAUTENSCHLAGER, ROLF A.<br>SAUERBRUCHSTRASSE 31<br>MUENCHEN, 81377<br>GERMANY | 09/24/2009 | 08-13555 (JMP) | 34858 | $14,500.00 | LAUTENSCHLAGER, ROLF A.<br>SAUERBRUCHSTRASSE 31<br>MUENCHEN, 81377<br>GERMANY | 09/24/2009 | 08-13555 (JMP) | 34834 | $14,500.00 |
| 10 | LEHMAN BROTHERS SECURITIES ASIA LIMITED (IN LIQUIDATION)<br>KPMG, CERTIFIED PUBLIC ACCOUNTANTS<br>8TH FLOOR, PRINCE'S BUILDING<br>10 CHAPTER ROAD<br>CENTRAL,<br>HONG KONG | 10/30/2009 | 08-13888 (JMP) | 58560 | $398,689.89 | LEHMAN BROTHERS SECURITIES ASIA LIMITED (IN LIQUIDATION)<br>KPMG, CERTIFIED PUBLIC ACCOUNTANTS<br>8TH FLOOR, PRINCE'S BUILDING<br>10 CHATER ROAD<br>CENTRAL,<br>HONG KONG | 10/30/2009 | 08-13888 (JMP) | 58189 | $398,689.89* |
| 11 | LIBERTY SQUARE APARTMENTS, LTD<br>LIBERTY SQUARE APTS<br>920 FLORENCE BOULEVARD<br>FLORENCE, AL 35631-0220 | 09/22/2009 | 08-13899 (JMP) | 32269 | $152,640.64 | LIBERTY SQUARE APARTMENTS, LTD<br>LIBERTY SQUARE APARTMENTS, LTD<br>P. O. BOX 220<br>FLORENCE, AL 35631 | 09/22/2009 | 08-13899 (JMP) | 32270 | $152,640.64 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 12 : EXHIBIT A – DUPLICATE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 12 | LIBERTY SQUARE APARTMENTS, LTD<br>P. O. BOX 220<br>FLORENCE, AL 35631-0220 | 09/22/2009 | 08-13899 (JMP) | 32267 | $152,640.64 | LIBERTY SQUARE APARTMENTS, LTD<br>LIBERTY SQUARE APARTMENTS, LTD<br>P. O. BOX 220<br>FLORENCE, AL 35631 | 09/22/2009 | 08-13899 (JMP) | 32270 | $152,640.64 |
| 13 | LIBERTY SQUARE APARTMENTS, LTD.<br>PO BOX 220<br>920 FLORENCE BOULEVARD<br>FLORENCE, AL 35631-0220 | 09/22/2009 | 08-13899 (JMP) | 32268 | $152,640.64 | LIBERTY SQUARE APARTMENTS, LTD<br>LIBERTY SQUARE APARTMENTS, LTD<br>P. O. BOX 220<br>FLORENCE, AL 35631 | 09/22/2009 | 08-13899 (JMP) | 32270 | $152,640.64 |
| 14 | LIBERTY SQUARE APTS<br>920 FLORENCE BOULEVARD<br>FLORENCE, AL 35631-0220 | 09/22/2009 | | 32266 | $152,640.64 | LIBERTY SQUARE APARTMENTS, LTD<br>LIBERTY SQUARE APARTMENTS, LTD<br>P. O. BOX 220<br>FLORENCE, AL 35631 | 09/22/2009 | 08-13899 (JMP) | 32270 | $152,640.64 |
| 15 | LOK, KWAN WAI<br>FLAT E, 14/F, BLOCK 4<br>RICHLAND GARDENS<br>KOWLOON BAY<br>KOWLOON,<br>HONG KONG | 10/28/2009 | 08-13555 (JMP) | 51624 | $60,000.00* | LOK KWAN WAI<br>FLAT E, 14/F, BLOCK 4<br>RICHLAND GARDENS<br>KOWLOON BAY<br>KOWLOON,<br>HONG KONG | 10/27/2009 | 08-13555 (JMP) | 49431 | $60,000.00* |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 12 : EXHIBIT A – DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 16 | MARCHISIO, ANNA - SLIZZA, MICHELE<br>CORSO LODI 29<br>MILAN, 20135<br>ITALY | 09/23/2009 | | 34711 | $34,498.92 | MARCHISIO, ANNA - SLIZZA, MICHELE<br>MICHELE SLIZA<br>CORSO LODI<br>MILAN, 20135<br>ITALY | 09/23/2009 | 08-13555 (JMP) | 34710 | $34,498.92 |
| 17 | MARTIN, GRIFF<br>LINDENSTR. 17<br>SENNFELD, D-97526<br>GERMANY | 11/09/2009 | | 65206 | $14,243.00 | MARTIN, GRIFF<br>LINDENSTR. 17<br>SENNFELD, D-97526<br>GERMANY | 11/09/2009 | 08-13555 (JMP) | 65205 | $14,243.00 |
| 18 | MCKENNA LONG & ALDRIDGE LLP<br>GARY W. MARSH, ESQ.<br>303 PEACHTREE STREET, N.E., SUITE 5300<br>ATLANTA, GA 30308 | 12/04/2009 | 08-13555 (JMP) | 65856 | $894,283.09 | MCKENNA LONG & ADLRIDGE LLP<br>GARY W. MARSH, ESQ.<br>303 PEACHTREE STREET, N.E., SUTIE 5300<br>ATLANTA, GA 30308 | 12/04/2009 | 08-13555 (JMP) | 65844 | $894,283.09 |
| 19 | RUMORE, JOHN C.<br>505 EAST 79TH STREET # 10F<br>NEW YORK, NY 10021 | 09/15/2009 | 08-13555 (JMP) | 12723 | $88,194.00 | RUMORE, JOHN C.<br>505 EAST 79TH STREET # 10F<br>NEW YORK, NY 10075 | 09/15/2009 | 08-13555 (JMP) | 12724 | $88,194.00 |
| 20 | SCIANGULA, BARBARA J.<br>116 PEASLEY DRIVE<br>MARLBORO, NJ 07746 | 09/21/2009 | 08-13555 (JMP) | 25024 | $64,546.00* | SCIANGULA, BARBARA J.<br>116 PEASLEY DRIVE<br>MARLBORO, NJ 07746 | 09/21/2009 | 08-13555 (JMP) | 25022 | $64,546.00* |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 5 of 6

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 12 : EXHIBIT A – DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 21 | SCIANGULA, BARBARA J.<br>116 PEASLEY DRIVE<br>MARLBORO, NJ 07746 | 09/21/2009 | 08-13555 (JMP) | 25023 | $64,546.00* | SCIANGULA, BARBARA J.<br>116 PEASLEY DRIVE<br>MARLBORO, NJ 07746 | 09/21/2009 | 08-13555 (JMP) | 25022 | $64,546.00* |
| 22 | SCIANGULA, BARBARA J.<br>116 PEASLEY DRIVE<br>MARLBORO, NJ 07746 | 09/21/2009 | 08-13555 (JMP) | 25031 | $64,546.00* | SCIANGULA, BARBARA J.<br>116 PEASLEY DRIVE<br>MARLBORO, NJ 07746 | 09/21/2009 | 08-13555 (JMP) | 25022 | $64,546.00* |
| 23 | SCIANGULA, BARBARA J.<br>116 PEASLEY DRIVE<br>MARLBORO, NJ 07746 | 09/21/2009 | 08-13555 (JMP) | 25025 | $64,546.00* | SCIANGULA, BARBARA J.<br>116 PEASLEY DRIVE<br>MARLBORO, NJ 07746 | 09/21/2009 | 08-13555 (JMP) | 25022 | $64,546.00* |
| 24 | ZHAO, WENQIAN<br>30 NEWPORT PARKWAY # 1106<br>JERSEY CITY, NJ 07310 | 09/21/2009 | 08-13555 (JMP) | 25088 | $34,064.00 | ZHAO, WENQIAN<br>30 NEWPORT PARKWAY # 1106<br>JERSEY CITY, NJ 07310 | 09/18/2009 | 08-13555 (JMP) | 18095 | $34,064.00 |
| | | | | TOTAL | $166,518,216.65 | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | |
|---|---|
| In re : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | **08-13555 (JMP)** |
| : | |
| Debtors. : | **(Jointly Administered)** |

---------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'**
**TWELFTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)**

Upon the twelfth omnibus objection to claims, dated May 18, 2010 (the "Twelfth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and expunging the Duplicate Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, all as more fully described in the Twelfth Omnibus Objection to Claims; and due and proper notice of the Twelfth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Twelfth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twelfth Omnibus Objection to Claims.

Twelfth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twelfth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "<u>Duplicate Claims</u>") are disallowed and expunged; and it is further

ORDERED that the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Surviving Claims*" (collectively, the "<u>Surviving Claims</u>") will remain on the claims register subject to the Debtors' right to further object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Duplicate Claims listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicate Claims, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the corresponding Surviving Claims; and is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicate Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Twelfth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on <u>Exhibit</u> 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicate Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11 cases (the "<u>Reinstated Claim</u>") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

 

                                                                    _____
                                                                    UNITED STATES BANKRUPTCY JUDGE