HEARING DATE AND TIME: June 29, 2010 at 11:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 17, 2010 at 4:00 p.m. (Eastern Time)

---

**PARTIES RECEIVING THIS NOTICE OF THIRTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : **08-13555 (JMP)** |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' THIRTEENTH**
**OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVELY DUPLICATIVE CLAIMS)**

     **PLEASE TAKE NOTICE** that on May 18, 2010, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their thirteenth omnibus objection to claims (the

"Debtors' Thirteenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to

consider the Debtors' Thirteenth Omnibus Objection to Claims will be held before the Honorable

James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **June 29, 2010 at 11:00 a.m. (Eastern Time),** or as soon thereafter as counsel

may be heard.

 **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'

Thirteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules

of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with

the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York,

New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto,

Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official

committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than

**June 17, 2010 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

 **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' Thirteenth Omnibus Objection to Claims or any claim set

forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy

Court an order substantially in the form of the proposed order annexed to the Debtors' Thirteenth

Omnibus Objection to Claims, which order may be entered with no further notice or opportunity

to be heard offered to any party.

Dated:  May 18, 2010
        New York, New York

                                /s/ Shai Y. Waisman
                                Shai Y. Waisman
                                Randi W. Singer

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Debtors
                                and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### DEBTORS' THIRTEENTH OMNIBUS
### OBJECTION TO CLAIMS (SUBSTANTIVELY DUPLICATIVE CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING
THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### Relief Requested

1.      The Debtors file this thirteenth omnibus objection to claims (the

"Thirteenth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim filed in these chapter

11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order

disallowing and expunging the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed under the heading "*Claims

to be Disallowed and Expunged*" (collectively, the "Substantively Duplicative Claims")

are duplicative, in substance, of the corresponding claims identified under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims").  The Debtors seek the

disallowance and expungement from the Court's claims register of the Substantively

Duplicative Claims and preservation of the Debtors' right to later object to any Surviving

Claim on any other basis.

3.      This Thirteenth Omnibus Objection to Claims does not affect any

of the Surviving Claims and does not constitute any admission or finding with respect to

any of the Surviving Claims.  Further, the Debtors reserve all their rights to object on any

other basis to any Substantively Duplicative Claim as to which the Court does not grant

the relief requested herein.

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.      Commencing on September 15, 2008, and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of

unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors'

Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas

as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order,

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

appointment of the Examiner.  The Examiner has filed his report pursuant to section

1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Substantively Duplicative Claims Should Be Disallowed and Expunged**

9.      The Debtors have begun their review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent and have identified the claims on Exhibit A and have determined that the Substantively Duplicative Claims, although not exact duplicates, are in substance duplicates of the corresponding Surviving Claims.  Specifically, the Substantively Duplicative Claims were filed by the same claimants against the same Debtors, in most instances for the same dollar amounts, on account of the same obligations as the corresponding Surviving Claims, and provided no additional supporting documentation for the Surviving Claims.

10.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."

11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtors. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

12.    The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

13.    Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge in their entirety the Substantively Duplicative Claims listed on Exhibit A. The Surviving Claims will remain on the claims register subject to further objections on any other basis.

### Notice

14.    No trustee has been appointed in these chapter 11 cases. Notice of this Thirteenth Omnibus Objection to Claims has been provided to (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and

(vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order.  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

15.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: May 18, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 13 : EXHIBIT A – SUBSTANTIVELY DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | ANDERSEN, SVEN SCHOPENHAUERSTRASS E 10 FRANKFURT AM MAIN, 60316 GERMANY | 08/19/2009 | | 8730 | $305,377.00 | ANDERSEN, SVEN SCHOPENHAUERSTRASSE 10 FRANKFURT AM MAIN, 60316 GERMANY | 08/19/2009 | 08-13555 (JMP) | 8731 | $305,377.00 |
| 2 | AXIS BROKERAGE, LP 19855 SOUTHWEST FREEWAY SUITE 250 SUGAR LAND, TX 77479 | 08/03/2009 | | 7062 | $3,670.00 | AXIS BROKERAGE, LP 19855 SOUTHWEST FREEWAY SUITE 250 SUGAR LAND, TX 77479 | 12/29/2008 | 08-13885 (JMP) | 1491 | $3,670.00 |
| 3 | BAER, MELVIN 89 NORTH STREET TOPSFIELD, MA 01983 | 07/15/2009 | | 5351 | $23,850.00 | BAER, MELVIN A. 89 NORTH STREET TOPSFIELD, MA 01983 | 07/15/2009 | 08-13555 (JMP) | 5347 | $23,850.00 |
| 4 | BDP LIMITED PO BOX 83 ORDNANCE HOUSE 31 PIER ROAD JERSEY, JE4 8PW UNITED KINGDOM | 10/19/2009 | 08-13555 (JMP) | 41338 | $19,200,000.00 | BDP LIMITED PO BOX 83 ORDNANCE HOUSE 31 PIER ROAD JERSEY, JE4 8PW UNITED KINGDOM | 10/19/2009 | 08-13555 (JMP) | 41335 | $19,200,000.00 |
| 5 | BETHKE, FRAU JNGEBURG GERBSTEDTER STR 45. HETTSTEDT, 06333 GERMANY | 08/05/2009 | | 7375 | Undetermined | BETHKE, FRAU JNGEBURG GERBSTEDTER STR. 45 HETTSTEDT, 06333 GERMANY | 03/24/2009 | 08-13555 (JMP) | 3480 | Undetermined |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 13 : EXHIBIT A – SUBSTANTIVELY DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 6 | BIGOTT, CARLOS 1111 BRICKELL AVE, SUITE 1400 (CREDIT SUISSE) MIAMI, FL 33131 | 07/17/2009 | | 5510 | $10,625.00 | BIGOTT, CARLOS 1111 BRICKELL AVE, SUITE 1400 (CREDIT SUISSE) MIAMI, FL 33131 | 10/30/2008 | 08-13555 (JMP) | 437 | $10,625.00 |
| 7 | BRVELL, NATASHA 27 CROCKERTON ROAD LONDON, SW17 7HE UNITED KINGDOM | 10/20/2009 | 08-13555 (JMP) | 42717 | $8,224.00 | BRVELL, NATASHA 27 CROCKERTON ROAD LONDON, SW17 7HE UNITED KINGDOM | 10/20/2009 | 08-13555 (JMP) | 42710 | $8,224.00 |
| 8 | CORNICK, JACK A 707 ALDER ST. EDMONDS, WA 98020 | 07/23/2009 | | 5967 | $50,280.00 | CORNICK, JACK A. 707 ALDER ST. EDMONDS, WA 98020 | 01/26/2009 | 08-13555 (JMP) | 1950 | $50,280.00 |
| 9 | DEFINED RETURNS LIMITED (IN ADMINSTRATION) C/O GRAMT THORNTON UK LLP 30 FINSBURY SQUARE LONDON, EC2P 2YO UNITED KINGDOM | 10/30/2009 | 08-13555 (JMP) | 59118 | $62,011,874.40 | DEFINED RETURNS LIMITED ON BEHALF OF UNDERLYING INVESTORS (IN ADMINISTRATION) C/O GRANT THORNTON UK LLP 30 FINSBURY SQUARE LONDON, EC2P 2YO UNITED KINGDOM | 10/30/2009 | 08-13555 (JMP) | 59120 | $71,911,874.40 |
| 10 | DIRECT FX LIMITED P.O. BOX 11897 WELLINGTON, NEW ZEALAND, 6142 NEW ZEALAND | 09/09/2009 | | 10980 | Undetermined | DIRECT FX DIRECT FX LIMITED P.O. BOX 11897 WELLINGTON, 6142 NEW ZEALAND | 09/09/2009 | 08-13901 (JMP) | 10979 | $27,067.83 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 13 : EXHIBIT A – SUBSTANTIVELY DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 11 | GOLLIN, MARK FIRTH HOUSE, HATCHFORD PARK OCKHAM LANE SURREY COBHAM, KT11 1LR UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15131 | $792,128.00 | GOLLIN, MARK D. FIRTH HOUSE, HATCHFORD PARK OCKHAM LANE SURREY COBHAM, KT11 1LR UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15134 | $792,128.00 |
| 12 | GOLLIN, MARK D FIRTH HOUSE, HATCHFORD PARK OCKHAM LANE COBHAM, KT11 1LR UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15133 | $792,128.00 | GOLLIN, MARK D. FIRTH HOUSE, HATCHFORD PARK OCKHAM LANE SURREY COBHAM, KT11 1LR UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15134 | $792,128.00 |
| 13 | GOLLIN, MARK D. FIRTH HOUSE, HATCHFORD PARK OCKHAM LANE COBHAM, SURREY, KT11 1LR UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15132 | $792,128.00* | GOLLIN, MARK D. FIRTH HOUSE, HATCHFORD PARK OCKHAM LANE SURREY COBHAM, KT11 1LR UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15134 | $792,128.00 |
| 14 | GOLLIN, MARK D. FIRTH HOUSE, HATCHFORD PARK OCKHAM LANE COBHAM, KT11 1LR UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15130 | $792,128.00 | GOLLIN, MARK D. FIRTH HOUSE, HATCHFORD PARK OCKHAM LANE SURREY COBHAM, KT11 1LR UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15134 | $792,128.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 13 : EXHIBIT A – SUBSTANTIVELY DUPLICATE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 15 | HERSHMAN HOLDINGS LLC 1 HOLLOW LANE LAKE SUCCESS, NY 11042-1215 | 09/17/2009 | | 15752 | $87,525.00 | HERSHMAN HOLDINGS LLC 1 HOLLOW LANE LAKE SUCCESS, NY 11042-1215 | 01/29/2009 | 08-13555 (JMP) | 2152 | $87,525.00 |
| 16 | HEVER CASTLE LTD HEVER EDENBRIDGE, TN8 7NG UNITED KINGDOM | 10/02/2009 | | 36114 | $5,372.10 | HEVER CASTLE LTD HEVER EDENBRIDGE, TN8 7NG UNITED KINGDOM | 10/02/2009 | | 36113 | $5,372.10 |
| 17 | HORNE, CATHY 971 FAIRMONT PARK DRIVE DACULA, GA 30019-6546 | 09/18/2009 | | 18357 | Undetermined | HORNE, CATHY 971 FAIRMONT PARK DRIVE DACULA, GA 30019 | 09/18/2009 | 08-13555 (JMP) | 18359 | $14,269.22 |
| 18 | JANKOWSKI, JANICE A. 1445 MAPLE STREET GLENVIEW, IL 60025 | 09/11/2009 | | 11529 | $3,714.00* | JANKOWSKI, JANICE A. 1445 MAPLE STREET GLENVIEW, IL 60025 | 09/11/2009 | 08-13555 (JMP) | 11530 | $3,714.00* |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 13 : EXHIBIT A – SUBSTANTIVELY DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 19 | LEHMAN BROTHERS SECURITIES N.V. MICHIEL GORSIRA, AS BANKRUPTCY TRUSTEE FOR LEHMAN BROTHERS SECURITIES N.V. C/O VANEPS KUNNERMAN VANDOOME CURACAO, NETHERLANDS ANTILLES | 10/30/2009 | 08-13555 (JMP) | 58654 | $100,589,377.71* | LEHMAN BROTHERS SECURITIES N.V. MICHIEL GORSIRA, AS BANKRUPTCY TRUSTEE FOR LEHMAN BROTHERS SECURITIES N.V. C/O VANEPS KUNNERMAN VANDOOME CURACAO, NETHERLANDS | 10/30/2009 | 08-13555 (JMP) | 58655 | $272,026,097.82* |
| 20 | LEHMAN BROTHERS TREASURY CO. B.V. RUTGER SCHIMMELPENNINCK AND FREDERIC VERHOEVEN AS BANKRUPTCY TRUSTEES (""CURATOREN"") FOR LEHMAN BROTHERS TREASURY CO. B.V. AMSTERDAM, NL-1070 NETHERLANDS | 10/30/2009 | 08-13555 (JMP) | 58610 | $37,566,349.39* | LEHMAN BROTHERS TREASURY CO. B.V. RUTGER SCHIMMELPENNINCK AND FREDERIC VERHOEVEN AS BANKRUPTCY TRUSTEES (""CURATOREN"") FOR LEHMAN BROTHERS TREASURY C/O HOUTHOFF BURUMA N.V. AMSTERDAM, NL-1070 NETHERLANDS | 10/30/2009 | 08-13555 (JMP) | 58611 | $38,413,246.93* |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 13 : EXHIBIT A – SUBSTANTIVELY DUPLICATE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 21 NEWMAN, MARK H FLAT 7 44 SLOANE STREET LONDON, SW1X 9LU UNITED KINGDOM | 09/18/2009 | | 18905 | $9,150,000.00 | NEWMAN, MARK H FLAT 7 44 SLOANE STREET LONDON, SW1X 9LU UNITED KINGDOM | 09/18/2009 | 08-13555 (JMP) | 18339 | $9,150,000.00 |
| 22 NEWMAN,MARK H FLAT 7 44 SLOANE STREET LONDON, GT LON, SW1X 9LU UNITED KINGDOM | 09/18/2009 | | 18340 | Undetermined | NEWMAN, MARK H FLAT 7 44 SLOANE STREET LONDON, SW1X 9LU UNITED KINGDOM | 09/18/2009 | 08-13555 (JMP) | 18339 | $9,150,000.00 |
| 23 PALOMA INDUSTRIES NOGATA PLANT LTD C/O AUTUMN D. HIGHSMITH 2323 VICTORY AVE., STE 700 DALLAS, TX 75219-7673 | 09/18/2009 | 08-13555 (JMP) | 16849 | $16,000,000.00* | PALOMA INDUSTRIES NOGATA PLANT LTD C/O AUTUMN D. HIGHSMITH 2323 VICTORY AVE., STE 700 DALLAS, TX 75219-7673 | 09/18/2009 | 08-13555 (JMP) | 16850 | $16,000,000.00* |
| 24 SUERTH, MICHAEL CLEMENS-AUGUST-PLATZ 10 MUENSTER, 48167 GERMANY | 10/28/2009 | | 50244 | $7,462.50 | SUERTH, MICHAEL CLEMENS-AUGUST-PLATZ 10 MUENSTER, 48167 GERMANY | 10/28/2009 | 08-13555 (JMP) | 50243 | $7,462.50 |
| 25 TUOSTO, JOHN 78 NOTTINGHAM WAY JACKSON, NJ 08527 | 09/22/2009 | | 32706 | $299,996.00 | TUOSTO, JOHN 78 NOTTINGHAM WAY JACKSON, NJ 08527 | 09/22/2009 | 08-13555 (JMP) | 32705 | $299,996.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 13 : EXHIBIT A – SUBSTANTIVELY DUPLICATE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 26  VAN HOLTHE, SAMUEL L LEIGH HOUSE WITHERENDEN HILL BURWASH ETCHINGHAM, TN19 7EA UNITED KINGDOM | 09/18/2009 | | 17757 | $2,148,649.69 | VAN HOLTHE, SAMUEL L TREEMANS TREEMANS ROAD HORSTED KEYNES,W SUSX, RH17 7EA UNITED KINGDOM | 09/18/2009 | | 17793 | $2,148,649.69 |
| 27  VAN HOLTHE, SAMUEL L LEIGH HOUSE WITHERENDEN HILL BURWASH ETCHINGHAM, TN19 7EA UNITED KINGDOM | 09/18/2009 | 08-13555 (JMP) | 17794 | $2,148,649.69 | VAN HOLTHE, SAMUEL L TREEMANS TREEMANS ROAD HORSTED KEYNES,W SUSX, RH17 7EA UNITED KINGDOM | 09/18/2009 | | 17793 | $2,148,649.69 |
| 28  VAN HOLTHE,SAMUEL L LEIGH HOUSE WITHERENDEN HILL BURWASH ETCHINGHAM, E.SUSX, TN19 7EA UNITED KINGDOM | 09/18/2009 | | 17795 | $2,148,649.69 | VAN HOLTHE, SAMUEL L TREEMANS TREEMANS ROAD HORSTED KEYNES,W SUSX, RH17 7EA UNITED KINGDOM | 09/18/2009 | | 17793 | $2,148,649.69 |
| 29  WANG, ROBERTO Y 52 WEST HOMESTEAD AVENUE PALISADES PARK, NJ 07650 | 09/04/2009 | | 10332 | $7,686.10 | WANG, ROBERTO Y 52 WEST HOMESTEAD AVENUE PALISADES PARK, NJ 07650 | 09/04/2009 | 08-13555 (JMP) | 10331 | $7,686.10 |
| 30  WEBSTER, KEITH W. 6735 ALTAMOR DRIVE LOS ANGELES, CA 90045 | 07/20/2009 | | 5753 | $112,786.22 | WEBSTER, KEITH W. 6735 ALTAMOR DRIVE LOS ANGELES, CA 90045 | 07/20/2009 | 08-13555 (JMP) | 5754 | $112,786.22 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 13 : EXHIBIT A – SUBSTANTIVELY DUPLICATE CLAIMS**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|---|---|---|
| | | | TOTAL | $255,058,630.49 | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                         :
                                 **Debtors.**            :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVELY DUPLICATIVE CLAIMS)

Upon the thirteenth omnibus objection to claims, dated May 18, 2010 (the "Thirteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and expunging the Substantively Duplicative Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, all as more fully described in the Thirteenth Omnibus Objection to Claims; and due and proper notice of the Thirteenth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Thirteenth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirteenth Omnibus Objection to Claims.

bases set forth in the Thirteenth Omnibus Objection to Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the relief requested in the Thirteenth Omnibus Objection

to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed

and Expunged*" (collectively, the "Substantively Duplicative Claims") are disallowed and

expunged; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the

heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the

claims register subject to the Debtors' right to further object as set forth herein; and it is

further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Substantively Duplicative Claims listed on Exhibit 1 annexed hereto;

and it is further

ORDERED that all information included on and all documentation filed in

support of any Substantively Duplicative Claims, including, but not limited to, derivative

and guarantee questionnaires and supporting documentation, shall be treated as having

been filed in support of the corresponding Surviving Claims; and is further

ORDERED that nothing in this Order or disallowance and expungement

of the Substantively Duplicative Claims constitutes any admission or finding with respect

to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims

on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Thirteenth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Substantively Duplicative Claim, then the claims agent shall be authorized and directed to immediately reinstate such Substantively Duplicative Claim in these chapter 11 cases (the "Reinstated Claim") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE