HEARING DATE AND TIME: June 29, 2010 at 11:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 17, 2010 at 4:00 p.m. (Eastern Time)

> **PARTIES RECEIVING THIS NOTICE OF FOURTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                             :    Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :    08-13555 (JMP)
                                                  :
                         Debtors.                 :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' FOURTEENTH**
**OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

**PLEASE TAKE NOTICE** that on May 18, 2010, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their fourteenth omnibus objection to claims (the

"Debtors' Fourteenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to

consider the Debtors' Fourteenth Omnibus Objection to Claims will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,

US_ACTIVE:\43393322\01\58399.0003                 1

New York 10004, on **June 29, 2010 at 11:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Fourteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **June 17, 2010 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Fourteenth Omnibus Objection to Claims or any claim set

forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Fourteenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 18, 2010
      New York, New York

                                   /s/ Shai Y. Waisman
                                   Shai Y. Waisman
                                   Randi W. Singer

                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153
                                   Telephone: (212) 310-8000
                                   Facsimile: (212) 310-8007

                                   Attorneys for Debtors
                                   and Debtors in Possession

**HEARING DATE AND TIME: June 29, 2010 at 11:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 17, 2010 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                         :    Chapter 11 Case No.
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                  :    08-13555 (JMP)
                                                              :
                    Debtors.                                  :    (Jointly Administered)
------------------------------------------------------------------x

### DEBTORS' FOURTEENTH OMNIBUS
### OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

US_ACTIVE:\43393322\01\58399.0003

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this fourteenth omnibus objection to claims (the "Fourteenth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order disallowing and expunging the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") have been amended and superseded by at least one subsequently-filed, corresponding claim identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims"). The Debtors seek the disallowance and expungement from the Court's claims register of the Amended and Superseded Claims and preservation of the Debtors' right to later object to any Surviving Claim on any other basis.

3. This Fourteenth Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to

any of the Surviving Claims. Further, the Debtors reserve all their rights to object on any other basis to any Amended and Superseded Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.　　This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.　　Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.　　On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.　　On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Amended and Superseded Claims Should Be Disallowed and Expunged**

9. The Debtors have begun their review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent and have identified the claims on Exhibit A and have determined that the Amended and Superseded Claims have been amended and superseded by the corresponding Surviving Claim that was subsequently filed by or on behalf of the same creditor. The Surviving Claims do not specifically state on their face that they are amendments of the Amended and Superseded Claims, but a review of the substance, supporting documents, basis for, and amount of each claim establish that the Surviving Claims amend and supersede the claims listed on Exhibit A.

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable

against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Claims that are amended and superseded by subsequent claims filed by the same creditor are routinely disallowed and expunged.  *See, e.g.*, *In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superceded by the Amended Claim, it was disallowed and expunged . . . ."); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

12.     The Debtors cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

13.     Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Amended and Superseded Claims listed on <u>Exhibit A</u>.[1]  The Surviving Claims will remain on the claims register subject to further objections on any other basis.

## Notice

14.     No trustee has been appointed in these chapter 11 cases.  Notice of this Fourteenth Omnibus Objection to Claims has been provided to (i) each claimant

---

[1] Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

listed on <u>Exhibit A</u>; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order.  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

15.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  May 18, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 14 : EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | ABIN VERMOGENSBERATUNG GMBH FELDSTRASSE 50 KLOSTERNEVBURG KRITZENDORF, A 3420 AUSTRIA | 10/21/2009 | 08-13555 (JMP) | 42954 | $66,344.93 | ABIN VERMOGENSBERATUNG GMBH FELDSTRASSE 50 KRITZENDORF KLOSTERNEUBURG, A-3420 AUSTRIA | 11/04/2009 | 08-13555 (JMP) | 64607 | $66,344.93 |
| 2 | ASTLE PLANES LTD. #173106 UBS TRUSTEES (SINGAPORE) LTD. (REF: 1899) 5, TEMASEK BOULEVARD, #18-00 , SG 038985 SINGAPORE | 05/26/2009 | | 4577 | $100,000.00 | ASTLE PLANES LTD. #173106 UBS TRUSTEES (SINGAPORE) LTD. (REF: 1899) 5, TEMASEK BOULEVARD, #18-00 SINGAPORE, SG 038985 | 08/03/2009 | | 6954 | $100,000.00 |
| 3 | BAUMANN, SIBYLLLE MRS. AM GLOCKENBACH 3 MUNCHEN, 80469 GERMANY | 08/11/2009 | | 7992 | Undetermined | BAUMANN, SIBYLLE AM GLOCKENBACH 3 MUNCHEN, DE 80469 GERMANY | 10/19/2009 | 08-13555 (JMP) | 41742 | $12,765.60 |
| 4 | BG BAU BERUFSGENOSSENSCHAFT DER BAUWIRTSCHAFT LORISTRASSE 8 80335 MUNICH, GERMANY | 10/22/2009 | 08-13555 (JMP) | 44514 | $372,607.96 | BG BAU BERUFSGENOSSENSCHAFT DER BAUWIRTSCHAFT LORISTRASSE 8 MUNICH, 80335 GERMANY | 10/22/2009 | 08-13555 (JMP) | 44522 | $372,607.96 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 14 : EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 5 | CAMARENA PADILLA, ROSA EVELIA / MA DE LA LUZ CAMARENA PADILLA<br>CANADA 105-A<br>COL.JARDIN DEL MORAL<br>LEON GTO, 37160<br>MEXICO | 03/24/2009 | 08-13555 (JMP) | 3489 | $410,000.00 | CAMARENA PADILLA, ROSA EVELIA & MA DE LA LUZ<br>CANADA 105-A COL.JARDIN DEL MORAL<br>LEON GTO, 37160<br>MEXICO | 10/29/2009 | 08-13555 (JMP) | 56944 | $410,000.00 |
| 6 | COUNTY OF SANTA CLARA<br>TAX COLLECTOR, TAX COLLECTIONS DIVISION<br>COUNTY GOVERNMENT CENTER, EAST WING<br>70 WEST HEDDING STREET<br>SAN JOSE, CA 95110 | 11/17/2008 | 08-13555 (JMP) | 773 | $127.95 | COUNTY OF SANTA CLARA TAX COLLECTOR<br>COUNTY GOVERNMENT CENTER<br>6TH FLOOR, EAST WING<br>SAN JOSE, CA 95110 | 03/09/2009 | 08-13555 (JMP) | 4508 | $1,687.15 |
| 7 | DEUTSCHE BANK AG, LONDON BRANCH<br>TRANSFEROR: SK SECURITIES CO.,LTD<br>ATTN: JEFFREY OLINSKY<br>60 WALL ST., 3RD FLOOR<br>NEW YORK, NY 10005 | 01/16/2009 | 08-13555 (JMP) | 4303 | $1,177,639.37 | DEUTSCHE BANK AG, LONDON BRANCH<br>TRANSFEROR: SK SECURITIES CO., LTD<br>ATTN: JEFFREY OLINSKY<br>60 WALL ST., 3RD FLOOR<br>NEW YORK, NY 10005 | 09/21/2009 | 08-13555 (JMP) | 24372 | $1,177,639.37 |

OMNIBUS OBJECTION 14 : EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 8 | DEXIA EPARGNE PENSION<br>J. HAURIGRE - REY<br>76 RUE DE LA VICTOIRE<br>PARIS, 75009<br>FRANCE | 09/21/2009 | | 25045 | $9,322,350.00 | DEXIA EPARGNE PENSION<br>J. HAUTIERE-REY<br>76, RUE DE LA VICTOIRE<br>PARIS, 75009<br>FRANCE | 10/19/2009 | 08-13555 (JMP) | 41223 | $9,322,350.00 |
| 9 | GRUEN, MARCUS<br>MBE # 112, S-5 COEXMALL,<br>159, SAMSUNG-DONG,<br>GANGNAM-GU<br>SEOUL,<br>KOREA, REPUBLIC OF | 10/29/2009 | 08-13555 (JMP) | 56063 | $21,694.77 | GRUEN, MARCUS<br>MBE # 112, S-5 COEXMALL<br>159, SAMSUNG-DONG<br>GANGNAM-GU<br>SEOUL,<br>KOREA, REPUBLIC OF | 11/02/2009 | 08-13555 (JMP) | 61388 | $21,031.50 |
| 10 | JA SOLAR HOLDINGS CO LTD<br>C/O SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>ATTN: VAN C. DURRER II)<br>300 S. GRAND AVE., # 3400<br>LOS ANGELES, CA 90071 | 09/21/2009 | 08-13555 (JMP) | 26090 | $100,000,000.00 | JA SOLAR HOLDINGS CO., LTD.<br>C/O SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>ATTN: VAN C. DURRER II<br>300 S. GRADD AVE., # 3400<br>LOS ANGELES, CA 90071 | 10/30/2009 | 08-13555 (JMP) | 57014 | $100,000,000.00 |
| 11 | KING, MITCHELL B.<br>572 4TH STREET<br>BROOKLYN, NY 11215 | 08/26/2009 | 08-13555 (JMP) | 9408 | $167,581.95 | KING, MITCHELL B.<br>572 4TH STREET<br>BROOKLYN, NY 11215 | 09/21/2009 | 08-13555 (JMP) | 23742 | $178,531.95 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 14 : EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 12 | KINO STAR LIMITED<br>NO 62 SHEUNG CHEUNG WAI<br>PING SHAN<br>YUEN LONG NT,<br>HONG KONG | 09/10/2009 | 08-13555 (JMP) | 11302 | $350,000.00* | KINO STAR LIMITED<br>NO 62 SHEUNG CHEUNG WAI<br>PING SHAN<br>YUEN LONG NT,<br>HONG KONG | 10/22/2009 | 08-13555 (JMP) | 44039 | $350,000.00 |
| 13 | KUNTZ, WILLIAM III<br>PO BOX 1801<br>NANTUCKET, MA 02554-4801 | 09/15/2009 | 09-10558 (JMP) | 35123 | $4,573,293.18 | KUNTZ, WILLIAM III<br>INDIA STREET, PO BOX 1801<br>NANTUCKET, MA 02554-4801 | 09/22/2009 | 08-13900 (JMP) | 33550 | $4,688,284.73 |
| 14 | KUNTZ, WILLIAM III<br>PO BOX 1801<br>NANTUCKET, MA 02554-4801 | 09/15/2009 | 09-10558 (JMP) | 35122 | $4,688,284.73 | KUNTZ, WILLIAM III<br>INDIA STREET, PO BOX 1801<br>NANTUCKET, MA 02554-4801 | 09/22/2009 | 08-13900 (JMP) | 33550 | $4,688,284.73 |
| 15 | KUNTZ, WILLIAM III<br>PO BOX 1801<br>NANTUCKET, MA 02554- | 09/15/2009 | 08-13900 (JMP) | 35120 | $4,573,293.18 | KUNTZ, WILLIAM III<br>INDIA STREET, PO BOX 1801<br>NANTUCKET, MA 02554-4801 | 09/22/2009 | 08-13900 (JMP) | 33550 | $4,688,284.73 |
| 16 | LAURENDEAU, MARIE<br>1634 SELKIRK AVE #1<br>MONTREAL, H3H 1C8<br>CANADA | 10/06/2008 | 08-13555 (JMP) | 104 | Undetermined | LAURENDEAU, MARIE<br>1634 SELKIRK AVE #1<br>MONTREAL, QC H3H 1C8<br>CANADA | 08/14/2009 | 08-13555 (JMP) | 8267 | Undetermined |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 14 : EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 17 | NANCARROW, PAUL<br>THE CHANTRY<br>50 BAKER STREET<br>HERTS<br>POTTERS BAR, EN6 2EB<br>UNITED KINGDOM | 08/25/2009 | 08-13555 (JMP) | 9368 | $100,000.00 | NANCARROW, PAUL<br>50 BAKER ST<br>POTTERS BAR<br>HERTS, EN6 2EB<br>UNITED KINGDOM | 10/27/2009 | 08-13555 (JMP) | 48869 | $100,000.00 |
| 18 | NDF ADMINISTRATION LIMITED (IN ADMINISTRATION)<br>C/O GRANT THORNTON UK LLP<br>30 FINSBURY SQUARE<br>LONDON, EC2P 2YO<br>UNITED KINGDOM | 10/30/2009 | 08-13555 (JMP) | 59122 | $63,305,516.40 | BREWIN NOMINEES LTD<br>TIME CENTRAL<br>GALLOWGATE<br>NEWCASTLE UPON TYNE, NEI 4SR<br>UNITED KINGDOM | 11/02/2009 | 08-13555 (JMP) | 63499 | $63,305,516.40 |
| 19 | NDF ADMINISTRATION LTD FOR AND ON BEHALF OF UNDERLYING INVESTORS (IN ADMINSTRAION)<br>C/O GRANT THORNTON UK LLP<br>30 FINSBURY SQUARE<br>LONDON, EC2P 2YO<br>UNITED KINGDOM | 10/30/2009 | 08-13555 (JMP) | 59119 | $63,305,516.39 | BREWIN NOMINEES LTD<br>TIME CENTRAL<br>GALLOWGATE<br>NEWCASTLE UPON TYNE, NEI 4SR<br>UNITED KINGDOM | 11/02/2009 | 08-13555 (JMP) | 63499 | $63,305,516.40 |
| 20 | NUBER, BERND<br>ROSENSTR 28<br>WESSLING, D-82234<br>GERMANY | 05/13/2009 | 08-13555 (JMP) | 4282 | $28,472.00 | NUBER, BERND<br>ROSENSTR. 28<br>WESSLING, D-82234<br>GERMANY | 10/16/2009 | 08-13555 (JMP) | 40626 | $28,472.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 14 : EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 21 | PIEDMONT PRODUCTIONS LLC<br>110 WEST 80TH STREET #3F<br>NEW YORK, NY 10024 | 09/30/2008 | 08-13555 (JMP) | 51 | $9,167.30 | PIEDMONT PRODUCTIONS LLC<br>110 EST 80TH STREET # 3F<br>NEW YORK, NY 10024 | 01/19/2010 | 08-13555 (JMP) | 66119 | $9,167.30 |
| 22 | ROSFUND SPC, FOR AND ON BEHALF OF ITS ""PS - RESERVE SEGREGATED PORTFOLIO""<br>P.O. BOX 1344<br>DMS HOUSE, 2ND FLOOR<br>GRAND CAYMAN, KY1-1108<br>CAYMAN ISLANDS | 10/19/2009 | 08-13555 (JMP) | 41772 | $5,000,000.00 | ROSFUND SPL, FOR & ON BEHALF OF ITS ""PS-RESERVE SEGREGATED PORTFOLIO""<br>PO BOX 1344<br>DMS HOUSE 2ND FL<br>20 GENESIS HOUSE<br>GRAND CAYMAN, KY1-1108<br>CAYMAN ISLANDS | 10/22/2009 | 08-13555 (JMP) | 43783 | $5,000,000.00* |
| 23 | SCHAFER, KLAUS<br>MOZARTSTRASSE 7<br>EHRINGSHAUSEN, 35630<br>GERMANY | 10/30/2009 | 08-13555 (JMP) | 58124 | $23,752.35 | SCHAFER, KLAUS<br>MOZARTSTRASSE 7<br>EHRINGSHAUSEN, 35630<br>GERMANY | 11/03/2009 | 08-13555 (JMP) | 64488 | $23,752.35 |
| 24 | STATE OF MINNESOTA DEPT OF REVENUE COLLECTION DIVISION BANKRUPTCY SECTION<br>PO BOX 64447 BKY<br>SAINT PAUL, MN 55164-0447 | 10/27/2008 | 08-13555 (JMP) | 367 | $582,769.11 | STATE OF MINNESOTA, DEPARTMENT OF REVENUE COLLECTION DIVISION - BANKRUPTCY SECTION<br>PO BOX 64447 - BKY<br>SAINT PAUL, MN 55164-0447 | 12/15/2008 | 08-13555 (JMP) | 4293 | $582,769.11 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 14 : EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 25 | STEMLER, RUDOLF KIRCHENWEG 1 MAISING/POCKING, D-82343 GERMANY | 06/12/2009 | 08-13555 (JMP) | 4857 | $19,754.59 | STEMLER, RUDOLF KIRCHENWEG 1 MAISING/POCKING, D-82343 GERMANY | 10/13/2009 | 08-13555 (JMP) | 39837 | $19,754.00 |
| 26 | SUERTH, MICHAEL CLEMENS-AUGUST-PLATZ 10 MUENSTER, 48167 GERMANY | 02/10/2009 | 08-13555 (JMP) | 2693 | $6,107.00 | SUERTH, MICHAEL CLEMENS-AUGUST-PLATZ 10 MUENSTER, 48167 GERMANY | 10/28/2009 | 08-13555 (JMP) | 50243 | $7,462.50 |
| 27 | TEMPORIS HOLDINGS LIMITED C/O CHRISTINA RUIZ CASANUEVA, ABOGADO AVD. VALLE DEL GOLF ALOHA SUR 32, 9-A NUEVA ANDALUCIA-MARBELLA/MALAGA, SPAIN | 09/08/2009 | 08-13555 (JMP) | 10552 | $241,755.00 | TEMPORIS HOLDINGS LIMITED C/O CRISTINA RUIZ CASANUEVA, ABOGADO AVD. VALLE DEL GOLF ALOHA SUR 32, 9-A MALAGA, E-29660 SPAIN | 11/09/2009 | 08-13555 (JMP) | 65242 | $247,755.00 |
| 28 | TIMPE, JOCHEN EGERER STRABE. 22 STUTTGART, 70567 GERMANY | 08/12/2009 | | 8057 | $35,228.63 | TIMPE, JOCHEN EGERER ST. 22 STUTTGART, 70567 GERMANY | 10/20/2009 | 08-13555 (JMP) | 42445 | $70,965.00 |
| | | | | TOTAL | $258,481,256.79 | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         : 08-13555 (JMP)
                                                     :
                            Debtors.                 : (Jointly Administered)
---------------------------------------------------------------x

## ORDER GRANTING DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Upon the fourteenth omnibus objection to claims, dated May 18, 2010 (the "Fourteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and expunging the Amended and Superseded Claims on the grounds that such claims have been amended and superseded by the corresponding Surviving Claims, all as more fully described in the Fourteenth Omnibus Objection to Claims; and due and proper notice of the Fourteenth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Fourteenth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Fourteenth Omnibus Objection to Claims establish just

---
[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Fourteenth Omnibus Objection to Claims.

US_ACTIVE:\43393339\01\58399.0003

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Fourteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "<u>Amended and Superseded Claims</u>") are disallowed and expunged; and it is further

ORDERED that the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Surviving Claims*" (collectively, the "<u>Surviving Claims</u>") will remain on the claims register subject to the Debtors' right to further object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Amended and Superseded Claims listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Amended and Superseded Claims, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Amended and Superseded Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to Surviving Claims on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Fourteenth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) any Surviving Claim; *provided, however*, (a) that if the Court subsequently orders that a Surviving Claim did not appropriately amend and supersede the corresponding Amended and Superseded Claim, then the claims agent shall be authorized and directed to immediately reinstate such Amended and Superseded Claim in these chapter 11 cases (the "<u>Reinstated Claim</u>") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved, and (b) that if the Court subsequently orders that a Surviving Claim did appropriately amend and supersede the corresponding Amended and Superseded Claim, then, solely with respect to any Surviving Claim where the corresponding Amended and Superseded Claim was timely filed, the Surviving Claim shall be deemed to have been filed as of the date of filing of the Amended and Superseded Claim, and the rights of all interested parties with respect to the Surviving Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

                                                    UNITED STATES BANKRUPTCY JUDGE