**HEARING DATE AND TIME: June 29, 2010 at 11:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 17, 2010 at 4:00 p.m. (Eastern Time)**

---

**PARTIES RECEIVING THIS NOTICE OF SIXTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                                 :    **Chapter 11 Case No.**
                                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                          :    **08-13555 (JMP)**
                                                                      :
                                        Debtors.                      :    **(Jointly Administered)**
---------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' SIXTEENTH
OMNIBUS OBJECTION TO CLAIMS
(FOREIGN CURRENCY AND NO DOCUMENTATION CLAIMS)**

    **PLEASE TAKE NOTICE** that on May 18, 2010, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their sixteenth omnibus objection to claims (the

"Debtors' Sixteenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to

consider the Debtors' Sixteenth Omnibus Objection to Claims will be held before the Honorable

James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

US_ACTIVE:\43383896\05\58399.0008       1

York 10004, on **June 29, 2010 at 11:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Sixteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **June 17, 2010 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Sixteenth Omnibus Objection to Claims or any claim set

forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Sixteenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 18, 2010
      New York, New York

                                      /s/ Shai Y. Waisman
                                      Shai Y. Waisman
                                      Randi W. Singer

                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Debtors
                                      and Debtors in Possession

HEARING DATE AND TIME: June 29, 2010 at 11:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 17, 2010 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------x | | |

**DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO
CLAIMS (FOREIGN CURRENCY AND NO DOCUMENTATION CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, AIMÉE N. BLANCHARD, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this sixteenth omnibus objection to claims (the "Sixteenth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order disallowing and expunging the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed under the heading *"Claims to be Disallowed and Expunged"* (collectively, the "Foreign Currency and No Documentation Claims") violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as they were neither denominated in lawful currency of the United States nor submitted with supporting documentation or an explanation as to why such documentation was unavailable. The Debtors, therefore, request the disallowance and expungement of the Foreign Currency and No Documentation Claims in their entirety.

  3.  The Debtors reserve all their rights to object on any other basis to any Foreign Currency and No Documentation Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

  4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

  5.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

  6.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

  7.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

  8.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9.   On July 2, 2009, this Court entered the Bar Date Order, which requires, among other things, that "each Proof of Claim must: . . . (ii) be denominated in lawful currency of the United States; [and] . . . (vi) include supporting documentation or an explanation as to why documentation is not available . . . ." (Bar Date Ord. at 6.)  Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." (*Id.* at 9-10.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

10.   Claimants also received notice of the Bar Date Order via mail and as posted on the docket. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").)  In the Bar Date Notice, which was also published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, claimants were specifically instructed that, "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (ii) be denominated in the lawful currency of the United States; [and] . . . (vi) include supporting documentation or an explanation as to why documentation is not available . . . ." (Bar Date Notice at 4.)  The Bar Date Notice also prominently stated in boldface type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the

Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) . . . ." (*Id.* at 6.)

### The Foreign Currency and No Documentation Claims Should Be Disallowed and Expunged

11. The Debtors have begun their review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent and have identified the claims on Exhibit A as not having been denominated in lawful currency of the United States and not including any supporting documentation or an explanation as to why such documentation is unavailable.

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. The Bar Date Order specifically requires that "each Proof of Claim *must*: (ii) be denominated in lawful currency of the United States; [and] . . . (vi) include supporting documentation or an explanation as to why documentation is not available . . . ." (Bar Date Ord. at 6 (emphasis added).) This requirement for proofs of claim is not a unique one. Indeed, this Court and others in the Southern District of New York have entered similar orders requiring that proofs of claim be denominated in lawful currency of the United States and include supporting documentation or an explanation as to why documentation is unavailable. (*See* Oct. 20, 2009 Ord. [Dkt. No. 316] at 6, *In re Finlay Enterprises, Inc.*, No. 09-14873 (JMP) (Peck, J.); *see also* Oct. 14, 2009 Ord. at 2-3, *In re AGT Crunch Acquisition LLC, et al.*, No. 09-12889 (REG)

(Gerber, J.).) The Foreign Currency and No Documentation Claims do not satisfy these requirements.

14. Claimants were specifically provided notice of these requirements. Claimants received notice of the Bar Date Order, which included instructions on how to complete their proof of claim forms and a warning that failure to comply with those instructions would result in their claims being barred. (*See* Bar Date Notice at 4, 6.) Nevertheless, these claimants filed the Foreign Currency and No Documentation Claims in denominations other than the lawful currency of the United States and also failed to attach supporting documentation or an explanation as to why such documentation is unavailable.

15. Moreover, the Foreign Currency and No Documentation Claims do not constitute valid *prima facie* claims because they contain insufficient supporting documentation. For a proof of claim to be legally sufficient, it must: (a) "be in writing;" (b) "make a demand upon the debtor's estate;" (c) "express the intent to hold the debtor liable for the debt;" (d) "be properly filed;" and (e) "be based upon facts [that] would allow, as a matter of equity . . . the document [to be] accepted as a proof of claim." *First Nat'l Bank of Fayetteville, Ark. v. Circle J. Dairy, Inc.* (*In re Circle J Dairy, Inc.*), 112 B.R. 297, 299–300 (Bankr. W.D. Ark. 1990). If a claim fails to comply with each of the foregoing requirements, it is not entitled to *prima facie* validity under Bankruptcy Rule 3001. *Ashford v. Consolidated Pioneer Mortgage* (*In re Consolidated Pioneer Mortgage*), 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd,* 91 F.3d 151 (9th Cir. 1996). A proof of claim is *prima facie* valid that "alleges facts sufficient to support a legal liability [of the debtor] to the claimant[.]" *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992); *see also In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bankr. D. Del. 2001) (court upheld debtor's objection to creditor's proof of claim because creditor could not establish facts

necessary to support *prima facie* claim against debtor). The burden of persuasion is on the claimant to establish a valid claim against the debtor. *In re Allegheny*, 954 F.2d at 174.

16. The Foreign Currency and No Documentation Claims contain insufficient factual support on which this Court could reasonably rely to accept the proof of claim as evidence that such claimant has a valid claim for the amount asserted. Furthermore, by comparing the information contained on the Foreign Currency and No Documentation Claims listed on Exhibit A with Debtors' schedules (including using combinations of the creditor's name and address, common abbreviations, and d/b/a and f/k/a information), the Debtors have confirmed that the Debtors' schedules do not reflect claims or amounts for claimants holding any Foreign Currency and No Documentation Claim. Because the Foreign Currency and No Documentation Claims are not sufficiently substantiated, no *prima facie* validity attaches to such claims.

17. Accordingly, because the Foreign Currency and No Documentation Claims failed to comply with the Bar Date Order's specific direction that claims be denominated in lawful currency of the United States and include supporting documentation or an explanation as to why such documentation is unavailable, the Debtors request that the Court disallow and expunge in their entirety the Foreign Currency and No Documentation Claims listed on Exhibit A.

**Notice**

18. No trustee has been appointed in these chapter 11 cases. Notice of this Sixteenth Omnibus Objection to Claims has been provided to: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section

105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: May 18, 2010
      New York, New York

    /s/ Shai Y. Waisman
    Shai Y. Waisman
    Randi W. Singer

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 16 : EXHIBIT A – FOREIGN CURRENCY & NO DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ALGO INVERSIONES SI<br>CL MODESTO LAFUENTE 65 5-C<br>MADRID, 28003<br>SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/10/2009 | 11047 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 2 | ASES 5 LTD.<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8394 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 3 | BANOT CORP.<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8374 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 4 | BARCO INTERNATIONAL COMPANY<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8402 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 5 | BEAR RIVER CORP.<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8461 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 6 | BECLERS, PAUL<br>IE PEN LAAM 60<br>BUNDE, 6241 AS<br>NETHERLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25456 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 7 | COSTA DORADA S.A.<br>1, RUE GOETHE<br>, L-1637<br>LUXEMBOURG | | Lehman No Case Asserted/All Case Asserted | 07/27/2009 | 6201 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 8 | EDMOND ALPHANDERY<br>36, BOULEVARD FLANDRIN<br>PARIS, 75016<br>FRANCE | | Lehman No Case Asserted/All Case Asserted | 08/04/2009 | 7296 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 9 | ELIAS, SILVIA<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8384 | Undetermined | Foreign Denomination; No Supporting Documentation |

\* - Indicates claim contains unliquidated and/or undetermined amounts                                                                                                                   Page 1 of 6

## OMNIBUS OBJECTION 16 : EXHIBIT A – FOREIGN CURRENCY & NO DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | FAMELOS, ILIAS<br>STRAYONOS 4<br>GLYFADA, 16674<br>GREECE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24317 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 11 | FOUNTAIN COURT CHAMBERS<br>TEMPLE<br>LONDON, EC4Y 9DH<br>UNITED KINGDOM | | Lehman No Case Asserted/All Case Asserted | 07/20/2009 | 5667 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 12 | GEORGILI, IFIGENEIA<br>27 STROFILIOU STR.<br>KIFISSIX, 14561<br>GREECE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24318 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 13 | GOLDBACH, GEORGE<br>GARTNER STR. 12A<br>AUGSBURG, 86153<br>GERMANY | 08-13902 (JMP) | Lehman Brothers Financial Products Inc. | 09/16/2009 | 13336 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 14 | HARBISON VENTURES COMPANY INC.<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8401 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 15 | HEALTHY BUILDINGS INTERNATIONAL LTD<br>229 HYDE END ROAD<br>SPENCERS ROAD<br>SPENCER WOOD, RG7 1BU<br>UNITED KINGDOM | | Lehman No Case Asserted/All Case Asserted | 07/27/2009 | 6285 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 16 | HORIZON SERVICES CORP.<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8368 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 17 | ICE LTD<br>THE COOMBS<br>HINTON PARVA<br>SWINDON, SN4 0DH<br>UNITED KINGDOM | | Lehman No Case Asserted/All Case Asserted | 08/13/2009 | 8237 | Undetermined | Foreign Denomination; No Supporting Documentation |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 16 : EXHIBIT A – FOREIGN CURRENCY & NO DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 18 | JUANOLA, LUIS ALONSO<br>CL MODESTO LAFUENTE 65 5-C<br>28003, MADRID,<br>SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/10/2009 | 11110 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 19 | KOKONAS, KONSTANTINOS<br>PAPNASTASIOU 18<br>RETHIMNO, 74100<br>GREECE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24315 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 20 | LAGADINOS, GEORGE<br>NEAS HALKIDONOS 12<br>17234 DAFNI<br>ATHENS,<br>GREECE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24313 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 21 | LEIVADITIS, JOHN<br>1, PELLIS STR<br>14561 ATHENS, KIFISSIA,<br>GREECE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24314 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 22 | LEZPEZI TRUST<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8400 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 23 | MOUNTAINBURG OVERSEAS LTD.<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8459 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 24 | NORWEGIAN FINANCE CIVIL COMPANY<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8505 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 25 | OBRADOVIC, MILICA<br>26 MARYLEBONE HIGH ST., FLAT 4<br>LONDON, W1U 4PJ<br>UNITED KINGDOM | | Lehman No Case Asserted/All Case Asserted | 09/22/2009 | 31328 | Undetermined | Foreign Denomination; No Supporting Documentation |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 16 : EXHIBIT A – FOREIGN CURRENCY & NO DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 26 | PANG KAI YUEN PETER<br>FLAT 17G, TOWER A, HOLLYWOOD TERRACE<br>268 QUEEN'S ROAD CENTRAL<br>HONG KONG, | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8379 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 27 | PAPADUPOULOV, LEDA<br>8 EPTALOFOU STR.<br>MAROUSI<br>ATHENS,<br>GREECE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24311 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 28 | PIATTI, DANIELA<br>VIA B.M. CARCANO, 17/A<br>LOMAZZO, CO 22074<br>ITALY | | Lehman No Case Asserted/All Case Asserted | 08/04/2009 | 7348 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 29 | PSAROUDAKI, ANGELIKI<br>DODEKANISSOU 13<br>ATHENS, 14562<br>GREECE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24316 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 30 | SCHEIBLER, REINHOLD<br>MITTELFELD STR. 3<br>ALZENAN, D-63755<br>GERMANY | | Lehman No Case Asserted/All Case Asserted | 09/16/2009 | 13342 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 31 | SCHROETER,DR. ANDREAS<br>TIERARZTLICHE PRAXIS<br>NEUENGAMMER HAUSDEICH 246<br>HAMBURG, 21039<br>GERMANY | | Lehman No Case Asserted/All Case Asserted | 07/24/2009 | 6088 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 32 | SHANDON HOLDINGS CORP.<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8367 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 33 | SHIVA TRUST<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8399 | Undetermined | Foreign Denomination; No Supporting Documentation |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 16 : EXHIBIT A – FOREIGN CURRENCY & NO DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 34 | SPROTTE, ANDREAS<br>GROITSCHENER BERG 4<br>07554   BRAHMENAU,<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/20/2009 | 5669 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 35 | SPYRATOS, THEODOROS<br>99 ISMINIS STR.<br>ATHENS, 10443<br>GREECE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24312 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 36 | STONEWALL EQUALITY LTD<br>TOWER BUILIING<br>YORK ROAD<br>LONDON, SE1 7NX<br>UNITED KINGDOM | | Lehman No Case Asserted/All Case Asserted | 07/24/2009 | 6076 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 37 | T.E.Q HOLDINGS LTD.<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8403 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 38 | VISHNU<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8369 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 39 | VOLPATO, MARCO<br>VIA C. COLOMBO, 49<br>TEREZZANO SUL NAVIGLIO, MI 20090<br>ITALY | | Lehman No Case Asserted/All Case Asserted | 09/09/2009 | 10900 | Undetermined | Foreign Denomination; No Supporting Documentation |
| 40 | YEDID HILU, EMILIA, SALOMON COHEN YEDID, LATIFE COHEN YEDID, LOLA COHEN YEDID & DAVID COHEN YEDID<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8392 | Undetermined | Foreign Denomination; No Supporting Documentation |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 16 : EXHIBIT A – FOREIGN CURRENCY & NO DOCUMENTATION CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 41 | ZARINA<br>401 B STREET, SUITE 920<br>SAN DIEGO, CA 92101 | | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8457 | Undetermined | Foreign Denomination; No Supporting Documentation |
| | | | | | | TOTAL | $0.00 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
                                                     :
                              Debtors.               : (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (FOREIGN CURRENCY AND NO DOCUMENTATION CLAIMS)

Upon the sixteenth omnibus objection to claims, dated May 18, 2010 (the "Sixteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), disallowing and expunging the Foreign Currency and No Documentation Claims on the grounds that the Bar Date Order required that such claims be denominated in lawful currency of the United States and include supporting documentation or an explanation as to why such documentation is unavailable, all as more fully described in the Sixteenth Omnibus Objection to Claims; and due and proper notice of the Sixteenth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Sixteenth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Sixteenth Omnibus Objection to Claims.

factual bases set forth in the Sixteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Sixteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Foreign Currency and No Documentation Claims") are disallowed and expunged; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Foreign Currency and No Documentation Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Sixteenth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
       New York, New York

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE