**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Michael J. Riela (MR-7829)
Email: robert.rosenberg@lw.com
       michael.riela@lw.com

Counsel for Aurora Bank FSB

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lehman Brothers Holdings Inc. | ) | Case No. 08-13555 (JMP) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**STATEMENT OF POSITION AND RESERVATION OF RIGHTS OF
AURORA BANK FSB WITH RESPECT TO DEBTORS' MOTION PURSUANT
TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND FEDERAL
RULES OF BANKRUPTCY PROCEDURE 6004 AND 9019 FOR AUTHORIZATION
TO RESTRUCTURE CERTAIN TERMS OF THE ARCHSTONE CREDIT FACILITIES**

Aurora Bank FSB, f/k/a Lehman Brothers Bank, FSB ("Aurora Bank"), by and through its undersigned counsel, hereby submits this *Statement of Position and Reservation of Rights* with respect to the *Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6004 and 9019 For Authorization to Restructure Certain Terms of the Archstone Credit Facilities* (the "Motion"), filed by Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors (collectively, the "Debtors").

NY\1649643.1

# BACKGROUND

## I. The Master Forward Agreement, the Joinder Agreement, and the Archstone Collateral

1. Aurora Bank is a federally chartered savings association, and is an indirect wholly owned non-debtor subsidiary of LBHI.

2. Aurora Bank and LBHI are parties to that certain Master Forward Agreement (together with the annexes thereto, the "MFA"), dated as of January 1, 2008. Pursuant to section 2(a) of the MFA, Aurora Bank has the right to sell all "Loans"[1] to LBHI on a sale date that Aurora Bank designates, on either a net cash settlement or physical delivery basis. Section 2(b) of the MFA provides that LBHI's purchase price for these Loans would be equal to Aurora Bank's acquisition price, plus any incremental costs incurred by Aurora Bank and any additional funding of principal, less principal payments.

3. Section 4 of the MFA provides that if certain circumstances apply, at the request of Aurora Bank, LBHI is obligated to post collateral in favor of Aurora Bank to secure LBHI's obligations under the MFA. Though LBHI is permitted to substitute collateral that it had posted in favor of Aurora Bank, section 3 of Annex B of the MFA provides that the aggregate value of all collateral Aurora Bank holds pursuant to the MFA must equal or exceed a calculated threshold. To the extent the value of Aurora Bank's collateral is less than such threshold, LBHI is obligated to provide additional collateral on demand by Aurora Bank. Prior to commencing these chapter 11 cases, LBHI pledged certain mortgage servicing rights in favor of Aurora Bank to secure its obligations under the MFA.

---

[1] The term "Loans" is defined in the MFA as revolving credit facility agreements and term loan agreements governing domestic and non-U.S. consumer residential financing, commercial financing and student lending facilities. Aurora Bank was a lender under these various lending facilities, and under the MFA, it has the right to sell its positions in these Loans to LBHI.

2

NY\1649643.1

4. Through a Joinder Agreement dated as of August 1, 2008 (the "Joinder Agreement"), LCPI and debtor Luxembourg Residential Properties Loan Finance SARL ("LuxCo") became parties to the MFA. Consequently, LCPI and LuxCo also are obligated to post collateral to Aurora Bank to secure LBHI's obligations under the MFA. Prior to commencing their chapter 11 cases, LCPI and LuxCo pledged the following collateral to Aurora Bank in accordance with the Joinder Agreement: (a) LCPI pledged $201 million outstanding principal amount of Term Loan A bank debt issued by Archstone-Smith Operating Trust ("Archstone"); and (b) LuxCo pledged $300 million outstanding principal amount of Term Loan B bank debt issued by Archstone (collectively, the "Archstone Collateral"). To perfect its security interests in the mortgage servicing rights and the Archstone Collateral, Aurora Bank filed separate UCC-1 financing statements.

5. On September 15, 2008, LBHI and certain of the Debtors filed voluntary petitions for relief in this Court, thus commencing the instant jointly administered chapter 11 cases. LCPI and LuxCo are also Debtors in these cases.

## II. The Proposed Archstone Restructuring

6. On May 6, 2010, the Debtors filed the Motion, requesting this Court's approval of a proposed restructuring of certain of Archstone's debt obligations. One of the terms of the proposed restructuring is the exchange of the Term Loan A and Term Loan B "Corporate Loans" (as defined in the Motion) for new preferred equity interests in Archstone (the "Preferred Stock"). As noted above, LCPI and LuxCo pledged $501 million outstanding principal amount of these Corporate Loans to Aurora Bank pursuant to the Joinder Agreement. Accordingly, if the Motion is approved and the proposed restructuring is consummated, the Archstone Collateral would be exchanged for new Preferred Stock.

3

## STATEMENT OF POSITION AND RESERVATION OF RIGHTS

7. Aurora Bank does not object to the Motion, subject to two conditions. First, the Debtors must agree that simultaneously with the consummation of the proposed restructuring, they will pledge to Aurora Bank the Preferred Stock for which the Archstone Collateral is exchanged. Furthermore, the Debtors must agree to take all reasonable actions that are necessary for Aurora Bank to perfect its security interest in such Preferred Stock. Second, Aurora Bank's right at any time to assert that the value of the Preferred Stock is less than the value of the Archstone Collateral, as well as its right to assert that it is entitled to additional collateral pursuant to the MFA and its right to adequate protection under the Bankruptcy Code, must be fully preserved.

8. The value of the Preferred Stock may very well be less than the value of the Archstone Collateral for several reasons. These reasons include, without limitation, (a) by exchanging their existing Archstone loans for new Preferred Stock, lenders and parties that have security interests in those Archstone loans, including interest accrued thereon, may diminish the priority of certain rights to distributions and recoveries from Archstone from which they benefitted prior to the restructure; and (b) Archstone may not be prohibited from issuing new secured and unsecured debt that must be repaid in full before the holders of the Preferred Stock receive any distributions.

NY\1649643.1

9.  If the value of the Preferred Stock is less than the value of the Archstone Collateral, then Aurora Bank would be entitled to additional collateral from LBHI, LCPI and LuxCo pursuant to section 3 of Annex B of the MFA and the Joinder Agreement. Moreover, independent of its contractual rights, Aurora Bank would be entitled to adequate protection in its capacity as a secured creditor, pursuant to section 363(e) of the Bankruptcy Code.[2] Aurora Bank hereby reserves both its contractual rights and its right to request adequate protection in this regard.

Dated: May 20, 2010
       New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
    Robert J. Rosenberg (RR-9585)
    Michael J. Riela (MR-7829)
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone: (212) 906-1200

Counsel for Aurora Bank FSB

---

[2] Section 363(e) of the Bankruptcy Code provides:
"Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362)."