Michael J. Canning
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY  10022-4690
(212) 715-1000 (Telephone)
(212) 715-1399 (Facsimile)

*Attorneys for Woodlands Commercial Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| | Case No. 08-13555 (JMP) |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | Jointly Administered |
| **Debtors.** | |

**RESPONSE AND RESERVATION OF RIGHTS OF WOODLANDS COMMERCIAL BANK TO DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6004 AND 9019 FOR AUTHORIZATION TO RESTRUCTURE CERTAIN TERMS OF THE ARCHSTONE CREDIT FACILITIES**

Woodlands Commercial Bank ("Woodlands") files this Response to the Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6004 and 9019 for Authorization to Restructure Certain Terms of the Archstone Credit Facilities (the "Motion"), and states as follows:

**Background**

1. Woodlands is a non-debtor affiliate of the Debtors and an industrial bank subject to supervision and regulation by the Federal Deposit Insurance Corporation and the State of Utah's Department of Financial Institutions.

DC: 2890275v3

2. Woodlands, as Secured Party, entered into a security agreement with Luxembourg Residential Properties Loan Finance, SARL, a Luxembourg corporation ("Luxembourg")[1] and a subsidiary of Lehman Brothers Holdings Inc., as Grantor, dated July 30, 2008 (as may be amended from time to time, the "Security Agreement"), pursuant to which Luxembourg granted to Woodlands a valid first priority continuing security interest in $300 million of the $600 million that Luxembourg owns in a Term B loan (the "Archstone Term B Loan") made to Archstone-Smith Operating Trust ("Archstone"), with a maturity date of October 5, 2012, and all interest, distributions, proceeds and other property received or receivable in respect thereof (collectively, and as more specifically defined in the Security Agreement, the "Collateral").

3. Woodlands' security interest in the Collateral was granted by Luxembourg to Woodlands to secure any obligations owing to Woodlands by any affiliate of Woodlands to the extent that such obligations would be subject to the affiliate transactions restrictions of Section 23A of the Federal Reserve Act, 12 U.S.C. § 371c, and Regulation W of the Board of Governors of the Federal Reserve Act, 12 C.F.R. Part 223, and was not otherwise adequately collateralized as required by Section 23A(c) of the Federal Reserve Act and 12 C.F.R. § 223.14.

4. Woodlands filed a UCC-1 financing statement with the appropriate authorities in the District of Columbia on August 5, 2008 to perfect Woodlands' first lien security interest in the Collateral.

---

[1] Luxembourg filed a chapter 11 petition on January 7, 2009 and is a Debtor in these jointly administered cases, Case No. 09-10108.

## The Proposed Restructuring

5.      Pursuant to the Motion,[2] the Debtors request the Court's approval of a proposed restructuring of certain of Archstone's debt obligations.  The proposed restructuring includes, among other things, the conversion of the entire Archstone Term B Loan into preferred equity interests in Archstone (the "Preferred Stock").  As noted above, Luxembourg pledged $300 million of the outstanding principal amount of the Archstone Term B Loan to Woodlands as the Collateral pursuant to the Security Agreement.  Accordingly, approval and consummation of the restructuring transactions described in the Motion would result in the Collateral being exchanged for shares of Preferred Stock.

## Response and Reservation of Rights

6.      Woodlands does not object in principle to the restructuring of the Archstone credit facilities as described in the Motion; provided, however, that Woodland's interests are adequately protected.  In this regard, the Debtors must agree that notwithstanding any other provision of the Motion, Term Sheet or other document authorizing or governing the Archstone restructuring, (a) Woodlands will be granted, simultaneously with the consummation of such transaction, a valid, enforceable, first priority perfected security interest in the shares of Preferred Stock that are to be issued in exchange for that portion of the Archstone Term B Loan currently pledged to Woodlands as the Collateral, (b) the Debtors will cooperate with Woodlands and take all reasonable actions necessary to perfect Woodlands' first priority security interest in such shares of Preferred Stock and (c) to the extent that the value of such shares of Preferred Stock is less than the value of the Collateral, Woodlands' right to seek additional or other collateral as

---

[2] *See* Motion at ¶ 19.

DC: 2890275v3

adequate protection for Woodlands' security interest under the Bankruptcy Code or otherwise will be fully preserved.[3]

7.  Nothing herein constitutes a waiver of any of Woodlands' rights or claims against the Debtors, and Woodlands hereby reserves all such rights.

Dated:   May 20, 2010
         New York, New York

    /s/ Michael J. Canning
Michael J. Canning
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY  10022-4690
(212) 715-1000 (Telephone)
(212) 715-1399 (Facsimile)

*Attorneys for Woodlands Commercial Bank*

---

[3] Woodlands notes that the value of the shares of Preferred Stock may be less than the value of the Collateral, or subject to diminution in value, for any number of reasons, including, without limitation, that Archstone may not be prohibited from issuing new secured and unsecured debt that must be repaid in full before the holders of shares of Preferred Stock may receive any distributions.

DC: 2890275v3