210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District Of New York

In re  LEHMAN BROTHERS HOLDINGS INC  ,          Case No.  08-13555 (JMP)

## CORRECTED TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of
the transfer, other than for security, of the claim referenced in this evidence and notice.

FONDAZIONE CASSA
DI RISPARMIO DI PADOVA E ROVIGO

Name of Transferee

Name and Address where notices to transferee
should be sent:
Fondazione Cassa di Risparmio di Padova e
Rovigo
Palazzo del Monte di Pietà
Piazza Duomo, 15
35141 Padova, Republic of Italy

Phone: (049) 823.4800
Last Four Digits of Acct #:  n/a

Name and Address where transferee payments
should be sent (if different from above):


Phone:
Last Four Digits of Acct #:

SAPHIR FINANCE P.L.C.

Name of Transferor

Court Claim # (if known):  66523
Amount of Claim:  $37,636,344.35
and Date Claim Filed:  April 9, 2010

Please see attached Evidence of Transfer of
Claim.

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct
to the best of my knowledge and belief.

By:_____          Date:__10/05/2010__
        Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. §§ 152 & 3571

## EVIDENCE OF TRANSFER OF CLAIM

### TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, and pursuant to a certain deed of assignment dated March 25, 2010 ("Deed of Assignment"), SAPHIR FINANCE P.L.C., a public company incorporated in Ireland whose registered office is at AIB International Centre, I.F.S.C., Dublin 1, Ireland (the "Assignor") has unconditionally and irrevocably sold, transferred and assigned (the "Transfer") to FONDAZIONE CASSA DI RISPARMIO DI PADOVA E ROVIGO, whose registered office is at Palazzo del Monte di Pietà, Piazza Duomo, 15-35141, Padova, Republic of Italy (the "Assignee"), all of its rights, title, benefit and interest (present and future) in, to and under Proof of Claim Number 66523 ("Claim") against Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor"), the debtor in Case No. 08-13555 ("LBHI Case") pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). A true and correct copy of the Claim, which was filed with the Bankruptcy Court by BNY Corporate Trustee Services Limited (the "Trustee") acting on behalf of the Assignor, is attached here to as Annex A.  The Claim supersedes proof of claim number. 37214, which in turn supersedes proof of claim number 27489.  The Assignor therefore hereby confirms that the Transfer relates to 100% of all rights and benefits of the Assignor relating to the Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Claim, and (iv) any and all of the Assignor's right, title and interest in, to and under the transfer agreements, if any, under which the Assignor or any prior seller acquired the rights and obligations underlying or constituting a part of the Claim, but only to the extent related to the Claim, (iv) and any and all proceeds of all the foregoing.

2.      The Transfer was subject only to the amendment of the proof of claim (the "Amendment") in accordance with Clause 2.3 of the Settlement Agreement entered into by and between, inter alios, the Assignor, the Assignee and the Debtor, on March 25, 2010, which is attached as "Exhibit A" to the Claim.

3.      The Amendment was completed on April 9, 2010. The duly signed notice rendered by the Assignor and the Trustee to this effect pursuant to Clause 2.3 of the Deed of Assignment is enclosed hereto as Annex B.

4.      The Assignor hereby waives any objection to the transfer of the claim to the Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law and consents to the substitution of the Assignor by the Assignee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Claim. The Assignor

- 2 -

acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to the Assignor transferring to the Assignee the foregoing claim, recognizing the Assignee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to the Assignee.

5.      The Assignor shall, as soon as reasonably practicable after the Assignor's directors having become actually aware of the Assignor's receipt thereof, remit, at the cost of the Assignee, any payments, distributions or proceeds received by the Assignor in respect of the Claim to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 10 th day of May 2010

SAPHIR FINANCE P.L.C.
By: D. m . m - -P
Name: Daniel McGing
Title: Director

FONDAZIONE CASSA DI RISPARMIO DI PADOVA E ROVIGO
By:
Name:           Roberto Saro
Title:        Segretario Generale
         Fondazione Cassa di Risparmio di Padova e Rovigo

- 3 -

US_ACTIVE-103587531.1

ANNEX A

PROOF OF CLAIM

- 4 -

US_ACTIVE-103587531.1

| **United States Bankruptcy Court/Southern District of New York**<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Saphir Finance PLC - Series 2007-2<br>c/o The Bank of New York Mellon-London Branch<br>Attn. Sanjay Jobanputra - Vice President, Global Corporate Trust<br>One Canada Square<br>London E14 5AL<br>England<br><br>Address for Notice:<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Attn: Michael J. Venditto, Esq.<br>Email address: mvenditto@reedsmith.com<br>EMEA 221 | ☑ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** See Addendum.<br>(If known)<br><br>Filed on: See Addendum. |
|---|---|
| 44(0)20.7964.8781        DAGEMEA@bnymellon.com<br>Telephone number:             Email Address: | |
| Name and address where payment should be sent (if different from above)<br><br>Telephone number:             Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1.   Amount of Claim as of Date Case Filed:** $ 37,636,344.35

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑   Check this box if all or part of your claim is based on a Derivative Contract.*
☑   Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** See Addendum
(See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** _____
    3a. Debtor may have scheduled account as: _____
    (See instruction #3a on reverse side.)

**4.   Secured Claim** (See instruction #4 on reverse side.)
    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
    Nature of property or right of setoff:  ☐ Real Estate     ☐ Motor Vehicle     ☐ Other
    Describe: _____
    Value of Property: $_____   Annual Interest Rate _____%
    Amount of arrearage and other charges as of time case filed included in secured claim, if any:
    $_____   Basis for perfection: _____

    Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
    (See instruction #6 on reverse side.)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain: _____

| Date:<br>6 APRIL<br>2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Sanjay Jobanputra<br>Authorised Signatory |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ _____

**FOR COURT USE ONLY**

**FILED / RECEIVED**

APR – 9 2010

EPIQ BANKRUPTCY SOLUTIONS, LLC

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE TITLE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Program Securities**
Lehman Program Securities means those securities included on the Lehman Program Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**EMEA 221**

### Addendum to the Proof of Claim filed by
### Saphir Finance PLC relating to
### Series 2007-2

This filing amends the claim filed on September 22, 2009 (claim number 27489),

as amended by the amendment filed on October 9, 2009 (claim number 37214), by BNY

Corporate Trustee Services Limited on behalf of, and in the right of, Saphir Finance PLC

relating to Series 2007-2 by correcting the amount of the claim to reflect the settlement

amount pursuant to the Settlement Agreement (as defined herein).

1.      BNY Corporate Trustee Services Limited, f/k/a J.P. Morgan Corporate

Trustee Services Limited (hereinafter, the "Trustee") acts as the trustee for the holders of

notes issued under the Multi Issuer Secured Obligation Programme of Dante Finance

PLC and other Specified Companies (the "Dante MISOP Programme") arranged by

Lehman Brothers International (Europe) pursuant to a trust deed originally entered into

on October 10, 2002 with Dante Finance PLC, as amended and restated on July 21, 2006,

and supplemented by the Supplemental Trust Deed and Drawdown Agreement on

January 29, 2007 (the "Principal Trust Deed").

2.      Saphir Finance PLC ("Issuer") acceded to the Dante MISOP Programme

by executing a deed of accession dated July 21, 2006, as the same may have been

amended and restated from time to time (the "Deed of Accession").

3.      The Trustee files this proof of claim on behalf of the Issuer pursuant to the

authority under the Principal Trust Deed and Deed of Accession to protect the interests of

investors and to preserve claims the Issuer may have against Lehman Brothers Special

Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI").

4.      At the time that LBHI filed its voluntary petition commencing this case,

LBSF was a counterparty under a swap agreement with the Issuer (hereinafter the

"Derivative") that is evidenced by the following documents:

- ISDA Master Agreement between Dante Finance Public Limited Company
  and Lehman Brothers Special Financing Inc., dated October 10, 2002, as
  amended and restated on July 21, 2006, and as further amended and restated
  from time to time, to which the Issuer acceded under the Deed of Accession,
  and the Schedule thereto that forms a part of and is subject to the ISDA
  Master Agreement as may have been amended and supplemented from time to
  time.

- Confirmation between Saphir Finance PLC and Lehman Brothers Special
  Financing Inc., dated January 29, 2007 and relating to the Series 2007-2 EUR
  120,000,000 Libra Capital Protected CPPI Notes due 2016 (ISIN Code:
  XS0282494110), that forms a part of and is subject to the ISDA Master
  Agreement as may have been amended and supplemented from time to time.

The Derivative has been terminated and the amount due to the Issuer from LBSF has

been agreed pursuant to that certain Termination Agreement, dated March 25, 2010, in

respect of a Swap Transaction and the related Series 2007-2 EUR 120,000,000 Libra

Capital Protected CPPI Notes Due 2016 issued by the Issuer, between, *inter alios*, LBSF,

the Issuer, the Trustee, LBHI and Fondazione Cassa Di Risparmio Di Padova E Rovigo

(the "Settlement Agreement"), which is attached hereto as Exhibit A, pursuant to which

the parties thereto agreed the settlement amount is EUR 26,502,601.47, to be converted

into United States dollars at the rate of 1.42010 USD/EUR. Using that conversion rate,

the settlement amount due to the Issuer is 37,636,344.35 U.S. dollars.

5.      Prior to the date that Lehman Brothers Holdings inc. ("LBHI") filed its

voluntary petition for a relief under chapter 11, it had guaranteed certain obligations due

to the Issuer pursuant to a Guarantee dated January 29, 2007 (the "Guarantee").

6.      LBSF is a counterparty under the above-referenced Derivative.  LBHI is indebted to the Issuer for the due and punctual payment of all amounts payable by LBSF under the Derivative when and as LBSF's obligations thereunder shall become due and payable in accordance with the terms of the Derivative.

7.      The Settlement Agreement is attached hereto as Exhibit A.  The other documents supporting the claim, including the Derivative and the Guarantee, are not annexed hereto, but were annexed to the Derivative and Guarantee Questionnaires filed in connection with this claim.

8.      The Trustee asserts this claim in its capacity as Trustee on behalf of, and in the right of the Issuer pursuant to the authority delegated to the trustee under the Dante MISOP Programme documents.

9.      The Trustee reserves the right to amend, modify or supplement this proof of claim as additional information becomes available.

10.     The filing of this proof of claim is not a waiver of any substantive right or claim nor a consent to the jurisdiction of the Bankruptcy Court for any purpose other than this proof of claim; and, the Trustee reserves any and all rights, defenses, claims and causes of action.

11.     Copies of all communications in connection with this proof of claim should be sent to:

Fondazione Cassa di Risparmio di Padova e Rovigo
Piazza Duomo 15
35141 Padova, Italy
Attn: Roberto Saro
Email address: Roberto.saro@fondazionecariparo.it

Exhibit A

Settlement Agreement

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

**EXECUTION VERSION**

$2 5$ March 2010

## TERMINATION AGREEMENT
in respect of a Swap Transaction and the related
Series 2007-2 EUR 120,000,000 Libra Capital Protected CPPI Notes due 2016
issued by Saphir Finance plc

between

### LEHMAN BROTHERS SPECIAL FINANCING INC.
("LBSF")

### SAPHIR FINANCE PLC
(the "Issuer")

### BNY CORPORATE TRUSTEE SERVICES LIMITED
(as successor to J.P. Morgan Corporate Trustee Services Limited)
(the "Trustee")

### THE BANK OF NEW YORK MELLON, LONDON BRANCH
(as successor to J.P. Morgan Chase Bank, N.A., London Branch)
(the "Issuing and Paying Agent and Custodian")

### THE BANK OF NEW YORK MELLON (IRELAND) LIMITED (formerly BNY
Financial Services plc as successor to J.P. Morgan Bank (Ireland) plc)
(the "Paying Agent")

### LEHMAN BROTHERS HOLDINGS INC.
(the "Credit Support Provider")

and

### FONDAZIONE CASSA DI RISPARMIO DI PADOVA E ROVIGO
(the "Noteholder")

# WEIL, GOTSHAL & MANGES

One South Place   London   EC2M 2WG
Tel: +44 (0) 20 7903 1000   Fax: +44 (0) 20 7903 0990

www.weil.com

# TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| 1 | DEFINITIONS AND INTERPRETATION | 3 |
| 2 | TERMINATION | 4 |
| 3 | NO SET-OFF | 6 |
| 4 | REPRESENTATIONS AND WARRANTIES | 6 |
| 5 | AUTHORISATION | 8 |
| 6 | HOLD HARMLESS | 8 |
| 7 | ENTIRE AGREEMENT | 9 |
| 8 | CONFIDENTIALITY | 9 |
| 9 | NOTICES | 10 |
| 10 | COUNTERPARTS | 12 |
| 11 | RIGHTS OF THIRD PARTIES | 12 |
| 12 | GENERAL | 12 |
| 13 | GOVERNING LAW AND JURISDICTION | 13 |
| | SCHEDULE 1 Confirmation | 14 |
| | SCHEDULE 2 Credit Support Document | 15 |
| | SCHEDULE 3 Extraordinary Resolution | 16 |
| | SCHEDULE 4 Committee Consent | 17 |

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

THIS AGREEMENT is made by way of a Deed on 25 March 2010 between the following
parties

(1)   **LEHMAN BROTHERS SPECIAL FINANCING INC.** a corporation formed in the
State of Delaware, United States of America and whose registered office is at 1271
Avenue of the Americas, 40th Floor, New York, NY 10020, United States of America
("**LBSF**");

(2)   **SAPHIR FINANCE PUBLIC LIMITED COMPANY,** a public company
incorporated in Ireland whose registered office is at AIB International Centre,
I.F.S.C., Dublin 1, Ireland (the "**Issuer**");

(3)   **BNY CORPORATE TRUSTEE SERVICES LIMITED** (as successor to J.P.
Morgan Corporate Trustee Services Limited) in its capacity as trustee under the
Trust Deed (as defined below) (the "**Trustee**");

(4)   **THE BANK OF NEW YORK MELLON, LONDON BRANCH** (as successor to
J.P. Morgan Chase Bank, N.A., London Branch) in its capacity as Issuing and
Paying Agent and Custodian under the Trust Deed (the "**Issuing and Paying Agent**"
and the "**Custodian**", respectively);

(5)   **THE BANK OF NEW YORK MELLON (IRELAND) LIMITED (formerly BNY
Financial Services plc** as successor to J.P. Morgan Bank (Ireland) plc) in its
capacity as Paying Agent under the Trust Deed (the "**Paying Agent**" and together
with the Issuing and Paying Agent and the Custodian, the "**Agents**");

(6)   **LEHMAN BROTHERS HOLDINGS INC.** a corporation formed in the State of
Delaware, United States of America and whose registered office is at 1271 Avenue of
the Americas, 40th Floor, New York, NY 10020, United States of America (the
"**Credit Support Provider**")

(7)   **FONDAZIONE CASSA DI RISPARMIO DI PADOVA E ROVIGO;** whose
registered office is at Palazzo del Monte di Pietà, Piazza Duomo, 15-35141, Padova,
Republic of Italy (the "**Noteholder**");

each a "**Party**" and together the "**Parties**".

**WHEREAS**

(A)   Commencing on 15 September 2008 and thereafter, Lehman Brothers Holdings Inc.
and certain of its affiliates, including LBSF, each filed voluntary petitions for relief
under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**" and
the "**Bankruptcy Cases**").

(B)   On 16 December 2008, the court having jurisdiction over the Bankruptcy Cases
entered an order pursuant to Sections 105 and 365 of the Bankruptcy Code to
establish procedures for the settlement or assumption and assignment of prepetition
derivative contracts (the "**December Order**").

(C)   Pursuant to an order of the High Court of Justice in England and Wales dated 3 April
2007 with effect from 19 May 2007 (the "**Court Order**") all rights and obligations of

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

JPMorgan Chase Bank, N.A. in any capacity in relation to all documents entered into
in connection with the Programme (as defined below) (including all the existing
series of notes) were transferred to The Bank of New York, in the manner and to the
extent provided in the Court Order.

(D)     Dante Finance Public Limited Company ("Dante") and the Trustee are parties to a
principal trust deed dated 10 October 2002, as amended and restated from time to
time, to which the Issuer has acceded pursuant to a Deed of Accession dated 21 July
2006 (the "Accession Deed") establishing a programme (the "Programme") for the
issuance from time to time of secured notes (the principal trust deed dated 10 October
2002, as amended and restated from time to time, as acceded to by the Issuer pursuant
to the Accession Deed, the "Principal Trust Deed"). Pursuant to clause 2.7 of the
Principal Trust Deed, the Issuer has authorised and issued its Series 2007-02
EUR120,000,000 LIBRA Capital Protected CPPI Notes due 2016 (with ISIN Code:
XS0282494110) (the "Notes") constituted and secured by the Supplemental Trust
Deed.

(E)     LBSF and the Issuer entered into a swap transaction governed by an ISDA Master
Agreement and Schedule to the ISDA Master Agreement dated as of 10 October
2002, as amended and restated (the "Schedule" and together with such ISDA Master
Agreement, the "Master Agreement") between LBSF and Dante to which the Issuer
has acceded under the Accession Deed.

(F)     LBSF and the Issuer also entered into a credit support annex dated 10 October 2002
as amended and restated on 21 July 2006 (the "Credit Support Annex") and a
guarantee of LBSF's obligations was provided by the Credit Support Provider
pursuant to the Credit Support Document.

(G)     LBSF and the Issuer entered into a swap transaction pursuant to the Master
Agreement relating to the Notes with an effective date of 29 January 2007 (the "Swap
Transaction") as evidenced by a TRS confirmation dated 29 January 2007 as
amended and restated from time to time a copy of which is attached as Schedule 1
(Confirmation) (the "Confirmation" and together with the Master Agreement, the
Credit Support Annex and the Credit Support Document, the "Swap Documents").

(H)     Notwithstanding the terms of the Swap Documents, LBSF, the Credit Support
Provider and the Issuer wish to acknowledge the termination of the Swap Transaction,
the Swap Documents and all Transactions entered into thereunder (with effect from
and including 21 January 2009 (the "Agreed Termination Date")).

(I)     As of the date hereof, the Parties have agreed a settlement amount in favour of the
Issuer in the amount of the Settlement Amount (as defined below) in respect of the
claims arising under the Swap Documents and the Trust Deed. For the avoidance of
doubt, the Settlement Amount is net of the collateral posted under the Credit Support
Annex.

(J)     The Issuer and the Trustee are entering into this Deed on the instructions of the
Noteholder acting pursuant to an extraordinary resolution dated 17 March 2010, a
copy of which is attached as Schedule 3 (Extraordinary Resolution).

**IT IS AGREED** as follows

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

## 1   DEFINITIONS AND INTERPRETATION

**1.1**   In this Deed:

"**Accession Deed**" has the meaning set out in Recital (D).

"**Affiliates**" means (a) in the case of a Party (other than LBSF and the Credit Support
Provider) a subsidiary or associated company of that Party or entity in any way related to that
Party and (b) in the case of LBSF and of the Credit Support Provider:

    (i)    a subsidiary or associated entity of Lehman Brothers Holdings Inc. subject,
         from time to time, to U.S. chapter 11 bankruptcy proceedings (each such
         subsidiary or associated entity, a "**Related Entity**"); or

    (ii)   any other entity under the direct or indirect control or management of either
         LBSF, Lehman Brothers Holdings Inc., or a Related Entity.

"**Bankruptcy Cases**" has the meaning set out in Recital (A).

"**Committee**" means the court-sanctioned committee of creditors representing the creditors of
LBSF (amongst other affiliated entities).

"**Conditions**" means the terms and conditions of the Notes.

"**Confidential Information**" has the meaning set out in Clause 8 (*Confidentiality*).

"**Confirmation**" has the meaning set out in Recital (G).

"**Credit Support Annex**" has the meaning set out in Recital (F).

"**Credit Support Document**" means the guarantee provided by the Credit Support Provider
in favour of the Issuer relating to the Swap Transaction, a copy of which is attached at
Schedule 2 (*Guarantee*).

"**Credit Support Provider**" means Lehman Brothers Holdings Inc. a corporation formed in
the State of Delaware, United States of America and whose registered office is at 1271
Avenue of the Americas, 40th Floor, New York, NY 10020, United States of America.

"**Information**" has the meaning set out in Clause 6 (*Hold Harmless*).

"**Master Agreement**" has the meaning set out in Recital (E).

"**Mortgaged Property**" has the meaning given to such term in the Supplemental Trust Deed.

"**Notes**" has the meaning set out in Recital (D).

"**Principal Trust Deed**" has the meaning set out in Recital (D).

"**Programme**" has the meaning set out in Recital (D).

"**Related Parties**" has the meaning set out in Clause 8 (*Confidentiality*).

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

"**Releasing Party**" has the meaning set out in Clause 2 (*Termination*).

"**Schedule**" has the meaning set out in Recital (E).

"**Settlement Amount**" means EUR 26,502,601.47 to be converted into USD pursuant to
Section 502(b) of the Bankruptcy Code at the rate of (i) as to LBSF, 1.38010 USD/EUR or
(ii) as to LBHI, 1.42010 USD/EUR.

"**Swap Documents**" has the meaning set out in Recital (G).

"**Swap Transaction**" has the meaning set out in Recital (G).

"**Supplemental Trust Deed**" means the supplemental trust deed and drawdown agreement
dated 29 January 2007 as amended from time to time between, *inter alia*, the Trustee, the
Issuer and LBSF.

"**Trust Deed**" means the Supplemental Trust Deed and, so far as incorporated into the
Supplemental Trust Deed, the Principal Trust Deed.

"**U.S. Dollar**", "**USD**" or "**$**" means the lawful currency of the United States of America.

1.2     Terms used but not defined herein shall have the meanings given to them in the Swap
Documents and/or the Trust Deed.

1.3     Wording denoting the singular shall include the plural and vice versa ;and the words
"include" and "including" shall be construed without limitation.

1.4     All references in this Deed to any corporate body, company or firm shall include the
successors in title or assigns from time to time.

1.5     The headings and sub-headings in this Deed are inserted for convenience only and do
not affect its interpretation.

1.6     Unless the context otherwise requires, a reference to a Clause or Schedule is a
reference to a clause of, or schedule to, this Deed.

2       **TERMINATION**

2.1     **Allowance of General Unsecured Claim**

In consideration of the termination of the Swap Documents and the release of LBSF under
the Trust Deed, LBSF and the Credit Support Provider hereby agree to the allowance of
general, unsecured claims against each of them in their respective chapter 11 cases (the
"**Claim Allowance**") in favour of the Issuer in the amount of the Settlement Amount (the
"**Allowed Claims**") in full and complete satisfaction of all of the claims of the Issuer against
LBSF, the Credit Support Provider and any other debtor in the Bankruptcy Cases under the
Swap Documents and the Trust Deed, provided, however, that the aggregate recovery of the
Issuer in respect of the Allowed Claims shall not exceed the Settlement Amount; provided,
further, however, that if the Issuer or any of its successors or assigns or any other party that
owns the Allowed Claims, attempts to setoff, recoup, or otherwise recover all or any portion
of the Allowed Claims against any claims or other obligations owing to LBSF or any
subsidiary, associated company or entity in any way related to LBSF by the Issuer, its

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

successors, or assigns, or such other party, as applicable, the Settlement Amount shall
immediately, automatically, and irrevocably be reduced to $0.00.

## 2.2   Termination and Release

(a)     Notwithstanding the terms of the Swap Documents, in consideration of each other
        Party's execution of this Deed and the Claim Allowance, subject to Clause 6.3 (*Hold
        Harmless*), (A) each Party (other than LBSF and the Credit Support Provider) on
        behalf of itself and any other party, person or entity claiming under or through it (each
        of the foregoing a "**Releasing Party**") hereby generally and irrevocably releases,
        discharges and acquits LBSF and the Credit Support Provider together with their
        respective Affiliates and current and former agents, servants, officers, directors,
        shareholders, employees, subsidiaries, divisions, branches, units, parents, attorneys,
        successors, predecessors, heirs, personal representatives and assigns (each of the
        foregoing a "**Lehman Party**") from: (i) any and all obligations to such Releasing
        Party with respect to the Swap Documents, the Trust Deed, the Notes and any other
        transaction document relating to the Notes and their respective rights against each
        other thereunder are cancelled (including, without limitation, any rights, liabilities or
        obligations of any Lehman Party with respect to payments or other obligations due
        and payable or due to be performed on or prior to the date of this Deed) and (ii)
        without prejudice to (i) above, all manners of action, causes of action, judgements,
        executions, debts, demands, rights, damages, costs, expenses, and claims of every
        kind, nature and character whatsoever, other than the Allowed Claims, whether in law
        or in equity, whether based on contract (including, without limitation, quasi contract
        or estoppel), statute, regulation, tort (including, without limitation, intentional torts,
        fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness,
        gross negligence, or negligence) or otherwise, accrued or unaccrued, known or
        unknown, matured or unmatured, liquidated or unliquidated, certain or contingent,
        that such Releasing Party ever had or claimed to have or now has or claims to have
        presently or at any future date against each Lehman Party arising under or related to
        the Swap Documents, the Trust Deed, the Notes and any other transaction document
        relating to the Notes and their negotiation, execution, performance, any breaches
        thereof, or their termination and (B) each of LBSF and the Credit Support Provider on
        behalf of itself and any other party, person or entity claiming under or through it
        hereby generally and irrevocably releases, discharges and acquits each Releasing
        Party together with their respective Affiliates and current and former agents, servants,
        officers, directors, shareholders, employees, subsidiaries, divisions, branches, units,
        parents, attorneys, successors, predecessors, heirs, personal representatives and
        assigns from: (i) any and all obligations to LBSF with respect to the Swap
        Documents, the Trust Deed, the Notes and any other transaction document relating to
        the Notes and their respective rights against each other thereunder are cancelled
        (including, without limitation, any rights, liabilities or obligations of any Releasing
        Party with respect to payments or other obligations due and payable or due to be
        performed on or prior to the date of this Deed) and (ii) without prejudice to (i) above,
        all manners of action, causes of action, judgements, executions, debts, demands,
        rights, damages, costs, expenses, and claims of every kind, nature and character
        whatsoever, whether in law or in equity, whether based on contract (including,
        without limitation, quasi contract or estoppel), statute, regulation, tort (including,
        without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of
        alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise,

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

accrued or unaccrued, known or unknown, matured or unmatured, liquidated or
unliquidated, certain or contingent, that LBSF ever had or claimed to have or now has
or claims to have presently or at any future date against each Releasing Party arising
under or related to the Swap Documents, the Trust Deed, the Notes and any other
transaction document relating to the Notes and their negotiation, execution,
performance, any breaches thereof, or their termination.

(b)     LBSF and the Credit Support Provider acknowledge that following execution of this
Deed it shall cease to be a creditor of the Issuer in respect of the Swap Documents or
the Trust Deed and in particular shall have no rights to the Mortgaged Property.

(c)     Each Party agrees that following execution of this Deed all rights and obligations of
LBSF and the Credit Support Provider under (i) the Trust Deed and (ii) any other
transaction documents relating to the Notes shall be terminated with effect from the
date of this Deed.

## 2.3     Proofs of Claim

The Issuer and the Trustee agree, promptly after this Deed becomes effective, to amend or
withdraw any filed Proofs of Claim (as defined in the Order Pursuant to Section 502(b)(9) of
the Bankruptcy Code and Bankruptcy Rules 3003(c)(3) Establishing the Deadline for Filing
Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the
Proof of Claim Form (the "Bar Date Order") entered in the Bankruptcy Cases on 2 July
2009) in respect of the Swap Documents against LBSF, the Credit Support Provider and any
other Debtor (as defined in the Bar Date Order) to the extent necessary to reflect the entry
into this Deed and the Claim Allowance and, pending such amendments, such Proofs of
Claim shall be deemed so amended.

## 2.4     Outstanding Transactions

The obligations and releases contained in this Deed relate only to the Notes, the Swap
Documents and the agreements and other arrangements related thereto and do not affect any
Party's rights and obligations with respect to any other series in the Programme or any other
agreement or arrangement entered into between the Parties.

## 3     NO SET-OFF

The Issuer agrees that it will not, nor will the Issuer permit any Affiliate to set-off, recoup,
appropriate, or otherwise apply any deposits (general, special, time or demand, provisional or
final) in any currency, or any other credits, indebtedness or claims, in any currency, whether
direct or indirect, absolute or contingent, matured or unmatured, that is held or owing by the
Issuer or Affiliate against the Allowed Claims and the Issuer hereby irrevocably and
unconditionally waives any and all rights to do so, whether such rights arise by virtue of
contract or law.

## 4     REPRESENTATIONS AND WARRANTIES

4.1     Each Party except for the Agents and the Trustee, represents and warrants to the other
Parties hereto (except the Agents) that:

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

(a)   the execution, delivery and performance by it of this Deed are within its corporate
      powers and have been duly authorised by all necessary action and, in the case of
      LBSF only, this Deed is being entered into in accordance and pursuant to the
      December Order and LBSF has obtained the prior consent of the Committee referred
      to in the December Order in respect of this Deed, a copy of which is attached at
      Schedule 4;

(b)   the execution and delivery by it of, and the performance by it of its obligations under,
      this Deed will not contravene any regulations, provision of applicable law or, the
      constitutional documents of it, or any agreement or other instrument binding upon
      itself, or any judgment, order or decree of any governmental body, agency or court
      having jurisdiction over it, and no consent, approval, authorisation or order of, or
      qualification with, any governmental body or agency is required for the performance
      by it of its obligations under this Deed and it is not in breach of or in default under
      any agreement or instrument to which it is a party or which is binding on it or any of
      its assets or revenues, which breach or default is likely to be material in the context of
      entering into this Deed; and

(c)   when executed and delivered by it and the other Parties hereto, this Deed will
      constitute valid and legally binding agreements of it, enforceable against it in
      accordance with its terms.

4.2   Each Party except for the Agents and the Trustee, further represents and warrants to
the other Parties hereto (except the Agents) that:

(a)   it is not relying upon any statements, understandings, representations, expectations, or
      agreements other than those expressly set forth in this Deed;

(b)   it has had the opportunity to be represented and advised by legal counsel in
      connection with this Deed, which it enters voluntarily and of its own choice and not
      under coercion or duress;

(c)   it has made its own investigation of the facts and is relying upon its own knowledge
      and the advice of its counsel;

(d)   it has no expectation that any of the other Parties will disclose facts material to the
      Swap Documents, the Trust Deed or this Deed; and

(e)   it knowingly waives any and all claims that this Deed was induced by any
      misrepresentation or non-disclosure and knowingly waives any and all rights to
      rescind or avoid this Deed based upon presently existing facts, known or unknown.

4.3   The Issuer represents and warrants to each of the other Parties (except for the Agents)
that:

(a)   it is the sole owner of all rights (other than those of LBSF, the Trustee and the Credit
      Support Provider) under the Swap Documents;

(b)   it is duly authorised to compromise all of such rights; and

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

(c)    it has not transferred or assigned any of such rights prior to the date of this Deed,
except by way of security pursuant to the Trust Deed.

4.4    LBSF represents and warrants to each of the other Parties (except the Agents) that it
has not assigned or transferred by way of security or otherwise (and will not seek to do so)
any of its rights, title, liabilities, obligations or interest under or in connection with the Swap
Documents.

4.5    The Noteholder represents that at the date hereof it (a) is the holder of 100 per cent. in
principal amount outstanding of the Notes, (b) has not transferred or otherwise disposed of its
interest under the Notes and has blocked its account with the relevant clearing system and (c)
will not give instructions for the account to be un-blocked until after all payments and
deliveries have been made in accordance with this Deed.

4.6    The Parties agree and stipulate that each Party (other than the Agents) is relying upon
the representations and warranties in Clause 4 (*Representations and Warranties*) in entering
into this Deed. Furthermore, the Parties (other than the Agents) agree that these
representations and warranties are a material inducement for entering into this Deed.

## 5    AUTHORISATION

5.1    The Trustee, on the express instruction of the Noteholder, authorises the Issuer to
enter into this Deed for the purposes of clause 5.4 (*Rights of the Issuer*) and clause 7.1.15
(*Restrictions*) of the Principal Trust Deed.

5.2    The Trustee is entering into this Deed at the request and direction of the Noteholder
and at the request of LBSF, and in reliance upon their respective representations and on such
basis, the Trustee confirms that it has all necessary power and authority to enter into this
Deed

## 6    HOLD HARMLESS

6.1    To the extent that a Party (except for the Issuer or the Trustee) has received and relied
on any information analysis or explanation (the "**Information**") from the Trustee or the
Issuer (or any of its advisers) in connection with the steps envisaged by this Deed, each Party
(except for the Issuer and the Trustee) agrees that (i) such information is confidential save for
(a) information which becomes generally known to the public, (b) information which is
required to be disclosed pursuant to any applicable laws or to any competent governmental or
statutory authority or pursuant to rules or regulations of any relevant regulatory,
administrative or supervisory body (including, without limitation, any relevant stock
exchange or securities council), (c) information which is required to be disclosed pursuant to
any legal process issued by any court or tribunal, (d) disclosure to a Party's Affiliates,
subsidiaries or related corporations, and (e) disclosure in confidence to its respective
professional advisors, including, in the case of LBSF, the Committee and their advisers; (ii)
the person supplying it shall not owe such Party any duty or liability in respect of the
Information; (iii) if a Party relies on such information, it does so at its own risk; and (iv) such
Party shall not bring, or threaten to bring, any actions, proceedings or claims against the
person supplying it or any of its advisers in any way arising out of, or in connection with, the
Information.

C:\DOCUMENTS    AND    SETTINGS\SIMSD\LOCAL    SETTINGS\TEMPORARY    INTERNET
FILES\CONTENT.OUTLOOK\JIP66OW3IUS_ACTIVE_SAPHIR 07-2 SETTLEMENT AGREEMENT_4322651_10 (3) (2).DOC

8

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

6.2     By executing this Deed, the Noteholder, in accordance with the Trust Deed and other
transaction documents in respect of the Notes hereby directs and instructs the Trustee and the
Issuer to execute this Deed and to be subject to the rights and obligations contained herein
that are applicable to them.

6.3     Each of the Parties (other than the Issuer) irrevocably agrees that it will at no time
institute or join any person in bringing, instituting or joining, any insolvency or examinership
proceedings (whether court-based or otherwise) in relation to the Issuer. Each Party hereby
agrees that its recourse against the Issuer in respect of any claim arising out of or in
connection with this Deed be limited to the Mortgaged Property and if, having realised the
Mortgaged Property, the Issuer has insufficient funds to discharge any amounts arising from
such claim then the relevant Party shall have no further claim against the Issuer in respect of
such unpaid amounts and such unpaid amounts shall be deemed discharged in full and
extinguished.

6.4     Notwithstanding any other provision of this Deed, nothing in this Deed shall restrict
or limit the Trustee or the Issuer from any indemnification claim, or benefiting from any hold
harmless or protection provisions set out in the Trust Deed provided that this Clause 6.4
(*Hold Harmless*) shall not apply to any such indemnification claim, hold harmless or
protection provisions provided by LBSF or the Credit Support Provider or any of their
respective Affiliates.

## 7     ENTIRE AGREEMENT

This Deed constitutes the entire agreement and understanding of the Parties relating to the
subject matter hereof and supersedes all prior agreements and understandings relating to the
subject matter hereof.

## 8     CONFIDENTIALITY

8.1     Each Party undertakes to each other Party that they shall not, save as set out in Clause
8.2, at any time disclose the existence or contents of this Deed, including the Settlement
Amount (**"Confidential Information"**), to any person other than to their respective directors,
officers, employees, regulators, counsel, other advisors, other parties to this Deed and
including in the case of LBSF, the Committee and their advisors (hereinafter, collectively, the
**"Related Parties"** and each a **"Related Party"**), in each case (other than the Committee and
their advisers) who need to know such information solely for the purpose of effecting this
Deed or to comply with obligations under the Trust Deed (it being understood that such
Related Parties will be informed of the confidential nature of the Confidential Information
and will be requested to maintain the confidentiality of such Confidential Information),
except as may be required by law, including but not limited to, as may be required by United
States federal securities and bankruptcy laws, any accounting principles applicable to the
Noteholder, or as may be required in connection with the filing of any proof of claim in the
bankruptcy of LBSF or the Credit Support Provider. Each Party further undertakes that any
communication of Confidential Information to any Related Parties shall include a prominent
legend to the effect that the Confidential Information shall be treated as confidential and may
not be subject to onward distribution. Each Party (other than LBSF, the Agents and the
Trustee) agrees that, when it enters into a confidentiality agreement with respect to
Confidential Information, it shall promptly provide LBSF a copy of said agreement via fax, at
the number specified in Clause 9 (*Notices*).

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION

8.2      Nothing in this Clause 8 shall prevent the disclosure of Confidential Information where such disclosure is necessary for the purchase, transfer or assignment of the Allowed Claims, provided that any such written communication or disclosure shall include, or be accompanied by, a prominent legend to the effect that the Confidential Information shall be treated as confidential and may not be subject to onward distribution.

8.3      If any Party (other than LBSF, the Agents and the Trustee) or any Related Party of any Party (other than LBSF, the Trustee or the Agents). becomes legally obligated (whether by court or regulatory order or otherwise), other than due to such Party's or the Related Party's, as the case may be, compliance with United States federal securities or bankruptcy laws, to disclose any of the Confidential Information, such Party or such Related Party, as the case may be, will promptly endeavour to provide LBSF if permitted by law, with prompt notice of such proposed disclosure so that LBSF may seek a protective order or other appropriate remedy. If such a protective order or other protective remedy is not obtained, such Party or such Related Party, as the case may be, will disclose only that portion of the Confidential Information which is legally required, in the opinion of its own counsel, and such Party or such Related Party, as the case may be, will exercise its reasonable efforts to obtain reliable assurances that confidential treatment will be accorded the Confidential Information.

8.4      Notwithstanding any other provision of this Clause 8 (*Confidentiality*), none of the Trustee or the Issuer shall be obliged to do, or refrain from doing, anything which would cause it to breach its obligations under the Trust Deed.

9        **NOTICES**

Any communication by any Party to another in relation to this Deed may be sent by fax, pre-paid post or delivered personally to the address set out below, or to such other address as a Party may stipulate:

(a)      **LBSF:**

         c/o Lehman Brothers Holdings Inc.
         1271 Sixth Avenue, 40th Floor
         New York, New York 10020

         Attention: Derivatives Legal
         Telecopier: +1 646-285-9701


         and

         LBHI Services Ltd
         6th Floor, 111 Old Broad Street
         London EC2N 1FP
         United Kingdom

         Attention: Derivatives Legal
         Facsimile: +44(0) 20 7492 3008

(b)      **The Issuer:**

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

AIB International Centre
International Financial Services Centre
Dublin 1
Ireland

Attention: The Directors
Fax: +353 1 874 3050

(c)     **BNY Corporate Trustee Services Limited**

One Canada Square
London
E14 5AL

Attention: Sanjay Jobanputra
Fax: +44 207 964 2530

(d)     **The Bank of New York Mellon, London Branch**

One Canada Square
London
E14 5AL

Attention: Corporate Trust Administration
Fax: +44 207 964 2536

(e)     **The Bank of New York Mellon (Ireland) Limited**

Guild House,
Guild Street,
Dublin 1,
Ireland

Attention: Corporate Trust Administration
Fax: +44 20 7964 2530

(f)     **The Noteholder**

Fondazione Cassa Di Risparmio di Padova e Rovigo
Piazza Duomo, 15
5141, Padova, Republic of Italy

Attention: Roberto Saro, Antonella Ansuini
Fax: +39 (049) 657 335

9.2     Communications by post will be deemed served two days (but if to another country,
five days) after posting. Communications by fax will be, in the absence of proof to the
contrary, be deemed served when transmission has been completed and a transmission
confirmation has been obtained by the sender.

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

## 10    COUNTERPARTS

This Deed may be executed and delivered in counterparts (including by facsimile transmission or in Adobe™ Portable Document Format (PDF) sent by electronic mail), each of which when executed and delivered shall constitute an original of this Deed, but all of the counterparts shall together constitute the same Deed.

## 11    RIGHTS OF THIRD PARTIES

11.1    Save as set out in Clause 11.2 (*Rights of Third Parties*), no person other than a Party to this Deed shall have any right (whether under the Contracts (Rights of Third Parties) Act 1999 or otherwise) to enforce or enjoy the benefit of any term of this Deed.

11.2    The provisions of Clause 2.2 (*Termination and Release*) are intended to benefit the Releasing Parties and the Lehman Parties including those who are not a Party hereto and in each case may be enforced (subject to the remaining terms of this Deed) by those Releasing Parties and the Lehman Parties, as applicable, as if they were a Party hereto.

## 12    GENERAL

12.1    The provisions of this Deed will be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

12.2    No variation to this Deed shall be effective unless in writing and signed on behalf of each of the Parties.

12.3    The waiver by any of the Parties of any breach of this Deed shall not be deemed a waiver of any other prior or subsequent breach of this Deed. No waiver of any right under this Deed shall be effective unless it is in writing and signed by the Party waiving such right.

12.4    If any term or provision in this Deed shall be held to be invalid, illegal or unenforceable, in whole or in part, in any respect under the law of any jurisdiction, the validity, legality and enforceability of any such provision in every other respect and of the remaining provisions contained in this Deed shall not be in any way impaired thereby, it being intended that all of the rights and privileges of the parties shall be enforceable to the fullest extent permitted by law. Upon such determination that any term or other provision is invalid, illegal or unenforceable, the parties shall negotiate in good faith to modify this Deed so as to effect the original intent of the parties as closely as possible in an acceptable manner so that the transactions contemplated by this Deed are consummated as originally understood to the greatest extent possible.

12.5    Each of the Parties named below confirms that it has irrevocably and unconditionally appointed the person named opposite its name below as its agent to accept service of process on its behalf in England in respect of any proceedings arising out of or in connection with this Deed. Such service shall be deemed to be validly made notwithstanding that such person shall not notify any Party thereof. Nothing in this Clause shall affect the right to serve process in any other manner permitted by law.

| Party | Agent |
|-------|-------|
| The Issuer | McCann FitzGerald, St Michael's House, 1 George |

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

|  | Yard, Lombard Street, London EC3V 9DE |
|---|---|
| LBSF | LBHI Services Ltd, 6th Floor, 111 Old Broad Street, London EC2N 1FP. |
| The Noteholder | Intesa Sanpaolo S.p.A., London Branch, 90 Queen Street, London EC4N 1SA, United Kingdom, Fax:+44(0)20 7651 3200, Attention: Simona Moretti |

## 13    GOVERNING LAW AND JURISDICTION

13.1    This Deed and any non-contractual obligations arising out of or in connection with it shall be governed by and construed in accordance with English law.

13.2    The Parties irrevocably agree that, in respect of any dispute arising out of or in connection with this Deed, the United States Bankruptcy Court for the Southern District of New York (or such other court as has jurisdiction over the Bankruptcy Cases) shall have exclusive jurisdiction over any dispute to which LBSF, or any of its Affiliates, is a party, and (b) with respect to any other disputes, the courts of England and the United States Bankruptcy Court for the Southern District of New York (or such other court as has jurisdiction over the Bankruptcy Cases) shall have non-exclusive jurisdiction to settle any dispute which may arise out of or in connection with this Deed. The Parties irrevocably submit to the jurisdiction of those courts and waive any objection to proceedings in any such court on the ground of venue or on the ground that the proceedings have been brought in an inconvenient forum.

This Deed has been entered into and delivered as a Deed on the date stated at the beginning of this Deed.

Schedules 1, 2 and 3 omitted from this copy

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

## SCHEDULE 4

### Committee Consent

**Sims, Danielle**

| | |
|---|---|
| **From:** | Joyce-Schleimer, Jared [JJoyce-Schleimer@milbank.com] |
| **Sent:** | 02 February 2010 13:52 |
| **To:** | Alessandra Moriconi; Weber, Andrew; Olivier Hequet; Bjorgvin Sigurdsson; lbhi_creditorconsent@lehman.com; Steve Franck; Alanna Lee; Emmanuel Onillon |
| **Cc:** | Lemons, Robert; Kinga Elo; Gumeniuc, Ion; Fleck, Evan |
| **Subject:** | Lehman: Creditors' Committee Consent (Saphir 2007-2) |

As requested, below please find a revised copy of the Creditors' Committee's consent to the proposed transaction involving Saphir 2007-2. Please let us know if you have any questions. Thank you.

*     *     *

Please be advised, the Creditors' Committee reviewed the proposed settlement of the swap transaction between Saphir Finance Ltd. and LBSF (with LBHI acting as credit support provider) in relation to the Notes Series 2007-2 and consented to a settlement of the trade for a total allowed unsecured claim, net of retained CSA collateral, equal to the USD equivalent of €26,502,601.47 against each of LBSF and LBHI, to be converted to U.S. dollars pursuant to section 502(b) of the Bankruptcy Code at the rate of: (i) as to LBSF, 1.38010 USD/EUR; or (ii) as to LBHI, 1.42010 USD/EUR.

**Milbank | Financial Restructuring**
Jared E. Joyce-Schleimer | Associate
1 Chase Manhattan Plaza | New York, NY 10005
T: (212) 530-5693 | F: (212) 822-5693
jjoyce-schleimer@milbank.com
www.milbank.com

IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank, Tweed, Hadley & McCloy LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

1

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

### EXECUTION

EXECUTED AND DELIVERED AS A DEED                          )
LEHMAN BROTHERS SPECIAL FINANCING INC.                    )
(LBSF)                                                    )
By:                                                       )
Signature:                                                )

Date:                                                     )


SIGNED AND DELIVERED AS A DEED BY                         )

Signature of attorney:                                    )

Name of attorney:                                         )

as attorney for SAPHIR FINANCE PUBLIC LIMITED COMPANY

In the presence of:                                       )

Signature of witness:                                     )

Name of Witness:                                          )

Address of Witness:                                       )

Occupation of Witness:                                    )

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

### EXECUTION

EXECUTED AND DELIVERED AS A DEED                    )
LEHMAN BROTHERS SPECIAL FINANCING INC.              )
(LBSF)                                              )
By:                                                 )
Signature:                                          )

Date:                                               )


SIGNED AND DELIVERED AS A DEED BY                   )

Signature of attorney:     *A . Woffen .*           )

Name of attorney:      *A. WRAFTER.*                )

as attorney for SAPHIR FINANCE PUBLIC LIMITED COMPANY

In the presence of:                                 )

Signature of witness:  *Margaret Leonard*           )

Name of Witness:  MARGARET LEONARD                  )

Address of Witness:  *C/o*   McCann FitzGerald      )
                             Riverside One
                             Sir John Rogerson's Quay Dublin 2,
                             Tel: +353-1-829 0000
Occupation of Witness: TRAINEE SOLICITOR.           )

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

EXECUTED AND DELIVERED AS A DEED                                        )
BNY CORPORATE TRUSTEE SERVICES LIMITED                                  )
(Trustee)  Zaira Jehangir                                              )

      **Authorised Signatory**

By:                                                                     )

Signature:                                                              )

Date:                                                                   )


By:                          Sanjay Jobanputra                          )
                             Authorised Signatory
Signature:                                                              )

Date:                                                                   )

EXECUTED AND DELIVERED AS A DEED                                        )
THE BANK OF NEW YORK MELLON, LONDON BRANCH                              )
(as the "Issuing and Paying Agent")                                    )
    Zaira Jehangir
By:     **Authorised Signatory**                                        )

Signature:                                                              )
Date:                                                                   )


By:                          Sanjay Jobanputra                          )
                             Authorised Signatory
Signature:                                                              )
Date:                                                                   )

EXECUTED AND DELIVERED AS A DEED                                        )
THE BANK OF NEW YORK MELLON, LONDON BRANCH                              )
(as the "Custodian")                                                    )
    Zaira Jehangir
By:     **Authorised Signatory**                                        )

Signature:                                                              )
Date:                                                                   )


By:                          Sanjay Jobanputra                          )
                             Authorised Signatory
Signature:                                                              )
Date:                                                                   )

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

SIGNED AND DELIVERED AS A DEED                                    )

For and on behalf of

THE BANK OF NEW YORK MELLON (IRELAND) LIMITED                     )

(as the "Paying Agent")                                          )

Acting by its duly authorised attorney:                          )


Title: Attorney-in-Fact                                          )


Name: Paul Murphy                                                )


In the presence of:                                              )

Signature of witness: Lemfiahg                                   )

Name of witness: LEMUEL LIM                                      )

Address of witness: ONE CANADA SQuARE                            )
                    LONDON E14 5AL


EXECUTED AND DELIVERED AS A DEED                                  )
LEHMAN BROTHERS HOLDINGS INC.                                    )
(as the "Credit Support Provider")                               )

By:                                                              )

Signature:                                                       )

Date:                                                            )


EXECUTED AND DELIVERED AS A DEED                                 )
FONDAZIONE CASSA DI RISPARMIO DI PADOVA E ROVIGO                 )
(Noteholder)                                                    )

By:                                                              )

Signature:                                                       )

US_ACTIVE\43246031\06\R99.0000                    20

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

SIGNED AND DELIVERED AS A DEED                                    )

For and on behalf of

THE BANK OF NEW YORK MELLON (IRELAND) LIMITED      )

(as the "Paying Agent")                                          )

Acting by its duly authorised attorney:                          )


Title: Attorney-in-Fact                                          )


Name:                                                            )


In the presence of:                                              )

Signature of witness:                                            )

Name of witness:                                                 )

Address of witness:                                              )


EXECUTED AND DELIVERED AS A DEED                             )
LEHMAN BROTHERS HOLDINGS INC.                               )
(as the "Credit Support Provider")                          )

By:  Rob Hershon                                            )

Signature:                                                   )

Date:                                                        )


EXECUTED AND DELIVERED AS A DEED                            )
FONDAZIONE CASSA DI RISPARMIO DI PADOVA E ROVIGO           )
(Noteholder)                                                )

By:                                                          )

Signature:                                                   )

THE CONTENTS OF THIS DEED, INCLUDING THE SETTLEMENT AMOUNT SET OUT IN THIS DEED
CONSTITUTE CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD
DISTRIBUTION

SIGNED AND DELIVERED AS A DEED                                        )

For and on behalf of

THE BANK OF NEW YORK MELLON (IRELAND) LIMITED        )

(as the "Paying Agent")                                              )

Acting by its duly authorised attorney:                              )


Title:  Attorney-in-Fact                                             )


Name:                                                                )


In the presence of:                                                  )

Signature of witness:                                                )

Name of witness:                                                     )

Address of witness:                                                  )


EXECUTED AND DELIVERED AS A DEED                                     )
LEHMAN BROTHERS HOLDINGS INC.                                       )
(as the "Credit Support Provider")                                  )

By:                                                                  )

Signature:                                                           )

Date:                                                                )


EXECUTED AND DELIVERED AS A DEED                                     )
FONDAZIONE CASSA DI RISPARMIO DI PADOVA E ROVIGO    )
(Noteholder)                                                         )

By:     ROBERTO SARO                                                 )
                                       FONDAZIONE
Signature:                 CASSA DI RISPARMIO DI PADOVA E ROVIGO )
                                IL SEGRETARIO GENERALE

US_ACTIVE\43324634\01\58553.0083                    28

ANNEX B

ASSIGNMENT NOTICE PURSUANT TO CLAUSE 2.3 OF DEED OF ASSIGNMENT

US_ACTIVE-103507531.1

**ASSIGNMENT NOTICE**

To:       Fondazione Cassa di Risparmio di Padova e Rovigo

From:    Saphir Finance p.l.c.

Copy:    BNY Corporate Trustee Services Limited

22 April 2010

**ASSIGNMENT NOTICE**

Dear Sirs

We refer to a Deed of Assignment dated 25 March 2010 made between you and us (the "**Deed of Assignment**"). Initially capitalised terms used in the Deed of Assignment have the same meanings herein as therein.

We hereby notify you that our obligations and those of the Trustee under clause 2.3 (*Proofs of Claim*) of the Lehman Termination Agreement have been discharged. Accordingly the Assignment Effective Date has occurred and the assignment of the Assigned Property pursuant to the Deed of Assignment has taken effect.

Yours faithfully

A. Wolff.

for and on behalf of
**SAPHIR FINANCE P.L.C.**