WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    Case No. 08-13555 (JMP)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
-----------------------------------------------------------------x
```

**NOTICE OF LEHMAN BROTHERS HOLDINGS INC.'S**
**AND LEHMAN COMMERCIAL PAPER INC.'S MOTION PURSUANT**
**TO SECTION 363 OF THE BANKRUPTCY CODE FOR AUTHORITY**
**TO TRANSFER FUNDS TO ROSSLYN LB SYNDICATION PARTNER LLC**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), and

their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors") for an order pursuant to section 363 of title 11 of the

United States Code (the "Bankruptcy Code") authorizing LBHI to direct or cause LCPI to

transfer approximately $262,500,000 of funds, which may belong to RACERS (as defined in the

Motion), a special purpose securitization vehicle to Rosslyn LB (as defined in the Motion), an

indirect, non-debtor, legal or beneficial subsidiary of LBHI for the purposes of repaying

mortgages currently encumbering real estate assets located in Rosslyn, Virginia, will be held

before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **June 16, 2010 at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Alfredo R. Perez, Esq., counsel to the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq., (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., counsel to the official committee of unsecured creditors appointed in these cases, and (v) all parties who have requested notice in these chapter 11 cases, so as to be so filed and received by no later than June 9, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 25, 2010
New York, New York

 /s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

**Hearing Date and Time:  June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  June 9, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                        :
In re                                   :          **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :          **08-13555 (JMP)**
                                        :
                    **Debtors.**        :          **(Jointly Administered)**
                                        :
------------------------------------------------------------------x

## MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC. PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE FOR AUTHORITY TO TRANSFER FUNDS TO ROSSLYN LB SYNDICATION PARTNER LLC

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), holder of the RACERS MM Notes (as

defined herein), and its affiliate, Lehman Commercial Paper Inc. ("LCPI"), as debtors and

debtors in possession (together with their affiliated debtors in the above-referenced chapter 11

cases, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), move for

authority for LBHI to direct or cause LCPI to transfer, and for LCPI to so transfer, approximately

$262,500,000 of the RACERS Funds (as defined herein) to LBHI's non-debtor affiliate, Rosslyn

LB Syndication Partner LLC ("Rosslyn LB") for the purpose of repaying maturing mortgage

loans currently encumbering property in which both LBHI and/or LCPI hold a legal or beneficial

indirect interest, and respectfully represent:

## Preliminary Statement

1.      Rosslyn LB, an indirect, non-debtor legal or beneficial subsidiary of

LBHI, legally or beneficially owns a 78.5% limited partnership interest in a joint venture,

Rosslyn Syndication Partners JV LP ("Rosslyn JV"), which, in turn, indirectly owns a 3,000,000

square foot, 10-property, 98% leased office portfolio located in Rosslyn, Virginia, a suburb of

Washington, D.C. (the "Venture").  As set forth in more detail herein, Rosslyn LB's 78.5%

limited partnership interest in Rosslyn JV is legally or beneficially under the purported indirect

control of RACERS (as defined herein), a special purpose securitization vehicle.

2.      The Venture currently has multiple tiers of debt, including $239,000,000

in Existing Mortgages (as defined herein) and a $200,000,000 Credit Facility (as defined herein).

In July 2010, the Existing Mortgages mature.

3.      In order to obtain the necessary funds to repay the Existing Mortgages,

Rosslyn JV intends to issue a capital call (the "Capital Call") to its partners.  Rosslyn LB does

not currently have the funds necessary for its portion of the Capital Call and it is possible that the

other partners in the Rosslyn JV may not have the funds necessary to pay their portion of the

Capital Call.

4.      LCPI, however, is currently holding funds in excess of the amount

required for the Capital Call, in which RACERS may have certain rights (the "RACERS

Funds").  So that such funds may be applied to the Capital Call, LBHI, as the direct or indirect

sole holder of the notes issued by, and all of the equity interests in, RACERS, requests authority

to direct LCPI to transfer the funds necessary for the Capital Call to Rosslyn LB.  For the reasons

set forth herein, it is LBHI's business judgment that directing or causing LCPI to transfer the funds to Rosslyn LB is in the best interests of its estate, its creditors, and all economic stakeholders.

## Relief Requested

5.        By this Motion, pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), (i) LBHI, as holder of the notes issued by, and the equity interests in, RACERS, seeks, authorization to direct or cause LCPI, which is currently holding the RACERS Funds to transfer approximately $206,000,000 to Rosslyn LB to fund its portion of the Capital Call, and, if necessary, to transfer approximately $56,500,000 to Rosslyn LB for Rosslyn LB to make a partner loan to fund the Rosslyn JV's other partners' portion of the Capital Call, and (ii) LCPI seeks authorization to make such transfers.

## Jurisdiction

6.        This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

7.        Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

9.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

10.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report at his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

11.      On April 14, 2010, the Debtors filed a revised joint chapter 11 plan and disclosure statement [Docket Now. 8330 and 8332].

## **Lehman's Business**

12.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

13.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## LBHI's Authority Over the RACERS Trusts

A.    *The RACERS Trusts*

14.    On August 23, 2007 the Restructured Asset Securities with Enhanced Returns Series 2007-A Trust (the "RACERS A Trust") and 2007-7-MM Trust (the "RACERS MM Trust" and, together with the RACERS A Trust, "RACERS"), special purpose securitization vehicles, were established in order to issue securities to finance a portfolio of corporate loans, mortgage loans and equity interests (the "Collateral").

15.    LCPI may have, at some point, formally owned Rosslyn LB, but has since purportedly sold a 100% participation interest in it (or in Rosslyn LB's 78.5% interest to Rosslyn JV)[1] to RACERS, and, as a result, Rosslyn LB's 78.5% limited partnership interest in Rosslyn JV may be legally or beneficially under the purported indirect control of RACERS.

16.    The RACERS A Trust and the RACERS MM Trust are constituted and governed by certain transaction documents (the "RACERS Transaction Documents"), including that certain Security and Control Agreement dated as of August 23, 2007 pursuant to which RACERS A Trust pledged all of its right title and interest in the Collateral to U.S. Bank, National Association (the "RACERS Collateral Agent") as the collateral agent for the secured parties under the RACERS Transaction Documents.

17.    As a result of certain transactions set forth below, LBHI became the holder of the RACERS MM Notes and direct or indirect holder of the equity interests in the Trusts, and, as such, LBHI is entitled to direct RACERS and the RACERS Collateral Agent to take action not specifically permitted by the RACERS Transaction Documents, including the release of any money belonging to it.

---

[1] Lehman's records are unclear as to which interest was purportedly participated to RACERS and the rights of all parties, including all Debtors, are preserved with respect to these issues.

B.    _The RACERS Transactions_

18.    The RACERS A Trust issued notes to the RACERS MM Trust.  The notes in the RACERS MM Trust (the "RACERS MM Notes") were later pledged to JPMorgan Chase Bank, N.A. or its affiliate, subsidiary, or related entity (collectively, "JPMorgan") as collateral.

19.    On March 16, 2010, JPMorgan and LBHI (and certain of its affiliates and subsidiaries) entered into that certain Collateral Disposition Agreement (the "CDA"), pursuant to which LBHI succeeded to any and all alleged liens of JPMorgan as against certain collateral, including, among other things, the RACERS MM Notes, and such liens were assigned and transferred by JPMorgan to LBHI (the "Asset Transfer").  The Court approved the CDA on March 17, 2010, and the transactions under the CDA were completed on March 31, 2010. Accordingly LBHI is the current holder of the RACERS MM Notes.

C.    _The RACERS Funds_

20.    LCPI is currently holding the RACERS Funds, subject to any rights RACERS may have to such funds, which were generated by the Collateral and are significantly in excess of $262,500,000, the amount needed for the Capital Call.  Rather than seeking authority to direct RACERS and the RACERS Collateral Agent, who would then, in turn, have to direct LCPI, to transfer the funds, LBHI is seeking authority, as necessary, to skip these intermediary steps and, instead, direct LCPI to release approximately $206,000,000 of the RACERS Funds for Rosslyn LB's portion of the Capital Call and to release approximately $56,500,000 of the RACERS Funds for the other partners' portion of the Capital Call that Rosslyn LB may advance as a partner loan.

## The Rosslyn Properties

21.     On May 15, 2007, the Rosslyn JV acquired what is currently an approximately 3,000,000 square feet, 10-property portfolio located in Rosslyn, Virginia, a submarket located directly across the Potomac River from Washington, D.C.

A.     *The Properties*

22.     The Venture's portfolio of real estate (the "Portfolio") is well situated in the heart of the Rosslyn submarket of Arlington, Virginia, one of Washington D.C.'s fastest growing and most stable, professional and commercial centers.  The collection of wholly-owned assets represents approximately 30% of all office space in Rosslyn, and is currently at 98% occupancy, with a majority of the space leased by investment grade tenants, including the United States Federal Government.  This high quality, stable tenancy ensures a long term and resilient cash flow.  Moreover, the Debtors project the value of the Portfolio to increase significantly in the coming years.

B.     *The Venture's Capital Structure*

23.     In connection with the acquisition,

a.     The Venture assumed $251,000,000 (currently $239,000,000) of securitized fixed-rate mortgages currently encumbering six of the ten properties because of the relatively low coupon (4.97%) on the debt (the "Existing Mortgages").[2]  The Existing Mortgages mature in July 2010.

b.     LBHI provided a $567,700,000, 10-year loan cross-collateralized by three of the ten properties that were not encumbered by the Existing Mortgages (the "Acquisition Mortgages").  LBHI securitized and syndicated its position in the Acquisition Mortgages.  The Acquisition Mortgages mature in May 2017.

---

[2] At the time of acquisition, the Existing Mortgages were in the amount of $251,000,000 and encumbered seven of the 11 properties owned by the Venture.  In February 2010, the Venture completed a "short sale" of one of the assets whereby the mortgage lender accepted the net proceeds of the sale as a discounted payoff of the outstanding mortgage on the property.  As such, the Existing Mortgages currently encumber six properties and are in the amount of $239,000,000.

   c.  Lehman Commercial Paper Inc. ("LCPI") provided a $200,000,000 credit facility (the "Credit Facility"). The Credit Facility is secured by a pledge of equity in the operating partnership and each of its subsidiaries. LCPI syndicated $191,000,000 of the Credit Facility and retained $9,000,000 of the funded balance. The Credit Facility earns interest at LIBOR plus 240 basis points.

  24.  As set above, the Existing Mortgages are maturing in July 2010 and, as such, must be either refinanced or repaid. For the reasons below, the Debtors believe, in their business judgment, that repayment of the Existing Mortgages is the more prudent course of action. To repay the Existing Mortgages, Rosslyn JV will issue a Capital Call to its partners. Rosslyn LB's portion of the Capital Call will be approximately $206,000,000 and the other partners' portion of the Capital Call will be approximately $56,500,000. These funds will allow the Venture to repay the Existing Mortgages with equity and retain the Credit Facility through its maturity in 2012.

### The Court Should Approve the Use of
### Estate Funds to Repay the Existing Mortgages

  25.  LBHI seeks authority, pursuant to section 363 of the Bankruptcy Code to direct or cause LCPI to apply a portion of the RACERS Funds that LCPI holds to fund (i) Rosslyn LB's share of the Capital Call and (ii) the other partners' share of the Capital Call in the form of a partner loan, given in accordance with the terms of the joint-venture agreement governing the Rosslyn JV. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." *Id.* § 363(b)(1).

  26.  When considering a transaction outside the ordinary course of business, courts in the Second Circuit, and others, require that such transaction be based upon the sound business judgment of the debtor. *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *accord In re Chateaugay Corp.*, 973 F.2d 141, 143

(2d Cir. 1992); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In Re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986).

27.    It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  If a valid business justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).  The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

28.    The Existing Mortgages will mature in July 2010.  While it is possible that the Existing Mortgages could be refinanced, the relief requested herein presents a better alternative and is in the best interests of LBHI and the Venture.  As set forth herein, the Venture can repay the $239,000,000 Existing Mortgages with equity and retain the Credit Facility, which currently provides funding to the Venture at a rate lower than any refinanced property level mortgage debt will carry under current market conditions, through its maturity in 2012.  Rosslyn LB's share of the $239,000,000 repayment would be approximately $206,000,000 and the other partners' share of the same would be approximately $56,500,000.[3]  The other partners may not

---

[3] In addition to repaying the $239,000,000 of Existing Mortgages, the Venture will also be required to fund $23,500,000 upfront to complete a swap settlement with Lehman Brothers Special Financing Inc., a debtor in these

be in a position to provide their share, and thus, out of an abundance of caution, Rosslyn LB is requesting authority to advance the other partners' share as a partner loan in order to ensure that the Existing Mortgages can be repaid in full.  Although this course of action requires a large cash outlay, for the reasons set forth below, it is in the best interests of RACERS, LBHI, and the Debtors.

29.    The Credit Facility currently carries a significantly lower coupon than any refinanced property level mortgage debt will carry under current market conditions.  By retaining the Credit Facility in lieu of refinancing the six properties with new mortgage debt, the Venture can, among other things, secure cheaper, less structured financing through at least the maturity of the Credit Facility in May 2012.  This will greatly increase the marketability of the Venture and enable the Venture to either opportunistically refinance the six properties with mortgages at a lower coupon when the capital markets improve, or sell the properties or the Venture in a more robust real estate market.  As such, LCPI transferring, on behalf of RACERS, approximately $262,500,000 of the RACERS Funds to Rosslyn LB for the purposes of repaying the Existing Mortgages is the best way for RACERS and LBHI to preserve their valuable investment.

### Reservation of Rights

30.    The Debtors request that nothing contained herein be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LBHI, LCPI, or any of the Debtors or their non-debtor affiliates except as otherwise expressly provided in this Motion, that any of the Debtors or non-debtor affiliates may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other or third parties.  Additionally, the

---

chapter 11 cases, pay estimated closing costs, and fund a working capital reserve.  As a result, the total cash outlay is $262,500,000, 78.5% of which is $206,000,000.

parties seek authorization to execute such further documentation necessary to reflect this reservation of rights.

## **Notice**

31.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the Office of the United States Trustee for the Southern District of New York; (ii) the attorneys for the Statutory Committee of Unsecured Creditors appointed in these cases; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.  No other or further notice need be provided.

32.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  May 25, 2010
        New York, New York

_/s/ Alfredo R. Pérez_____
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5040
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

## **Annex A**


**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                         :
In re                                    :        Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :        08-13555 (JMP)
                                         :
                          Debtors.       :        (Jointly Administered)
                                         :
-------------------------------------------------------------------x
```

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE GRANTING AUTHORITY TO LBHI TO DIRECT LCPI TO TRANSFER FUNDS TO ROSSLYN LB SYNDICATION PARTNER LLC

Upon the motion, dated May 25, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), as debtors in possession (together with their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing LBHI, as holder of the RACERS MM Notes[1] to direct or cause LCPI to transfer, and authorizing LCPI to transfer, approximately $262,500,000 of the RACERS Funds to Rosslyn LB, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

---

[1]  Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided

in accordance with the procedures set forth in the amended order entered February 13,

2009 governing case management and administrative procedures [Docket No. 2837]; and

the Court having found and determined that the relief sought in the Motion is in the best

interests of LBHI, its estate and creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI is authorized and empowered, but not directed, to

executed, deliver, implement, and perform any and all obligations, instruments,

documents and papers, and to take any and all corporate and other actions that may be

necessary or appropriate to direct or cause LCPI to transfer to Rosslyn LB a portion of

the RACERS Funds (i) necessary for Rosslyn LB to pay its share of the Capital Call and

(ii) if necessary, to pay the Rosslyn JV's other partners' share of the Capital Call, as a

partner loan, in accordance with the terms of the agreement governing the Rosslyn JV;

and it is further

ORDERED that LCPI is authorized, upon instruction as set forth in the

Motion, to transfer to Rosslyn LB a portion of the RACERS Funds (i) necessary for

Rosslyn LB to pay its share of the Capital Call and (ii) if necessary, to pay the Rosslyn

JV's other partners' share of the Capital Call, as a partner loan, in accordance with the

terms of the agreement governing the Rosslyn JV; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that nothing contained in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LBHI, LCPI, or any of the Debtors or their non-debtor affiliates except as otherwise expressly provided in the Motion, that any of the Debtors or non-debtor affiliates may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other or third parties.  It is further ordered that the parties are authorized to execute such further documentation necessary to reflect this reservation of rights.

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June __, 2010
      New York, New York

                               _____
                               HONORABLE JAMES M. PECK
                               UNITED STATES BANKRUPTCY JUDGE