WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                    :    **08-13555 (JMP)**
                                                                :
                                    **Debtors.**                :    **(Jointly Administered)**
                                                                :
-----------------------------------------------------------------x

**NOTICE OF <u>SUPPLEMENT</u> TO DEBTORS' APPLICATION
TO EMPLOY AND RETAIN GIBSON, DUNN & CRUTCHER LLP, AS
<u>SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO SEPTEMBER 1, 2009</u>**

PLEASE TAKE NOTICE that, on February 5, 2010, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "<u>Debtors</u>") filed an application, pursuant to sections 327(e) of the of

the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for

authorization to employ and retain Gibson, Dunn & Crutcher LLP, as special counsel *nunc pro*

*tunc* to September 1, 2009 [Docket No. 7005] (the "<u>Application</u>").

PLEASE TAKE FURTHER NOTICE that, on May 25, 2010, the Debtors filed

the annexed supplement (the "Supplement") to the Application.

Dated:  May 25, 2010
        New York, New York

                                    /s/ Richard  P. Krasnow.                        
                                    Richard P. Krasnow


                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                          :
**In re**                                                 :        **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*              :        **08-13555 (JMP)**
                                                          :
                              **Debtors.**                :        **(Jointly Administered)**
                                                          :
-------------------------------------------------------------------x

<u>SUPPLEMENT</u> TO DEBTORS' APPLICATION
TO EMPLOY AND RETAIN GIBSON, DUNN & CRUTCHER LLP, AS
<u>SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO SEPTEMBER 1, 2009</u>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "<u>Debtors</u>"), file

this supplemental application and respectfully represent:

1.      On February 5, 2009, the Debtors filed the Application of the Debtors

Pursuant to Sections 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of

Bankruptcy Procedure for Authorization to Employ and Retain Gibson, Dunn & Crutcher LLP,

as Special Counsel to the Debtors, *Nunc Pro Tunc* to September 1, 2009 [Docket No. 7005] (the

"Application").[1]  As explained in greater detail in the Application, Gibson, Dunn & Crutcher

LLP ("Gibson Dunn") has been engaged to represent the Debtors in connection with the LB RE

Transaction and RE Holdings Transaction and other real estate, corporate, workout, enforcement,

and finance matters (the "Representative Matters").  Gibson Dunn had been performing the

Representative Matters as an ordinary course professional pursuant to this Court's Order

Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors

to Employ Professionals Utilized in the Ordinary Course of Business, dated November 5, 2008

[Docket No. 1394] (the "OCP Order").  Gibson Dunn, however, had determined that, in

September 2009, its fees for services rendered and expenses incurred during the Chapter 11

Period exceeded the $1 million cap as set forth in the OCP Order.  Accordingly, pursuant to the

Application and in accordance with the OCP Order, the Debtors requested authorization to

engage Gibson Dunn as special counsel pursuant to section 327(e) of the Bankruptcy Code.

2.      No objections to the Application were interposed.  However, to clarify in

greater detail Gibson Dunn's representation of certain parties in interest in connection with these

chapter 11 cases and in connection with claims against certain affiliates of the Debtors, Gibson

Dunn submits the Supplemental Declaration of Jesse Sharf in Support of Debtors' Application

for Authorization to Employ and Retain Gibson, Dunn, & Crutcher LLP, as Special Counsel to

the Debtors, *Nunc Pro Tunc* to September 1, 2009 (the "Supplemental Declaration") annexed

hereto as Exhibit 1.

3.      As set forth in the Supplemental Declaration, the Debtors, both

retroactively and prospectively, have consented to and have waived any actual or potential

conflicts resulting from Gibson Dunn's representation of its clients in those matters disclosed in

---

[1] The Application is incorporated by reference herein.  Capitalized terms not defined herein shall have the
meanings ascribed to the them in the Application.

the Supplemental Declaration at paragraphs 3 through 15 (the "Current Clients"), (a) so long as those engagements are not related to and would not cause Gibson Dunn to represent a party adverse to the Debtors in connection with the Representative Matters and (b) based upon Gibson Dunn's agreement (i) to implement the ethical screen between the Debtor Team and Non-Debtor Team, as such terms are defined and as fully described in the Supplemental Declaration, and (ii) not to undertake representations against the Debtors (and their non-debtor affiliates other than Lehman Brothers Inc. and those foreign affiliates that are the subject of non-US insolvency proceedings and are under the control of administrators, liquidators or trustees) other than with respect to the Current Clients without first obtaining a separate conflict waiver related to such additional representations from the Debtors.

4.      Annexed hereto is a revised form of proposed order authorizing the Debtors' retention of Gibson Dunn as special counsel.  The revisions reflect the filing of both this Supplement and the Supplemental Declaration.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested in the Application, as supplemented hereby, and such other and further relief as

it deems just and proper.


Dated:  May 25, 2010
        New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit 1</u>**
**(Supplemental Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
                                                    :
**In re**                                           :          **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al**            :          **08-13555 (JMP)**
                                                    :
                                        **Debtors** :          **(Jointly Administered)**
                                                    :
                                                    :
                                                    :
------------------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF JESSE SHARF IN SUPPORT OF DEBTORS'**
**APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN GIBSON, DUNN**
**& CRUTCHER LLP, AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC***
**TO SEPTEMBER 1, 2009**

I, Jesse Sharf, declare and state as follows:

## FOUNDATION

1.        I am a partner in the law firm of Gibson, Dunn & Crutcher LLP ("***Gibson***

***Dunn***" or the "***Firm***").  I am admitted to practice before the courts of the State of California.  I

submit this Supplemental Declaration, pursuant to section 327(e) of title 11 of the United States

Code (the "***Bankruptcy Code***"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"***Bankruptcy Rules***"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy

Court for the Southern District of New York (the "***Local Rules***"), in support of the Debtors'

Application for Authorization to Employ and Retain Gibson, Dunn & Crutcher LLP, as Special

Counsel to the Debtors, *Nunc Pro Tunc* to September 1, 2009 (the "***Application***").  Unless

otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.[1]

---

[1]        Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

## SUPPLEMENTAL DISCLOSURES

2.      In order to clarify Gibson Dunn's representation of certain parties in connection with these chapter 11 cases and in connection with claims against certain affiliates of the Debtors, set forth below is a more detailed description of Gibson Dunn's representation of parties in connection with matters where those parties are potentially adverse to the Debtors. Each of Gibson Dunn's representations of parties potentially adverse to the Debtors or their non-Debtor affiliates was undertaken in accordance with and in reliance upon that certain waiver letter dated September 17, 2008 and executed in favor of Gibson Dunn by Lehman official Steven Berkenfeld (the "***Waiver Letter***") in which the Debtors waived any potential conflicts of interest arising from these representations.  To resolve any issues regarding the effectiveness of the Waiver Letter as to the Debtors, the Debtors and Gibson Dunn have entered into a new waiver agreement which provides, in relevant part, that the Debtors, both retroactively and prospectively, consent to and waive any conflicts relating to the clients and representations disclosed herein (the "***Current Clients***"), and Gibson, Dunn agrees that it will (a) implement the ethical screen described below and (b) not undertake representations against the Debtors (and their non-debtor affiliates other than Lehman Brothers Inc. ("***LBI***")  and those foreign affiliates that are the subject of non-US insolvency proceedings and are under the control of administrators, liquidators or trustees) other than with respect to the Current Clients without first obtaining a separate conflict waiver related to such additional representations from the Debtors.

3.      Gibson Dunn has been retained to represent and advise the following parties in filing proofs of claim in the Debtors' chapter 11 cases:

> a.      **Tiffany & Company** – represent this client in the preparation and filing of a proof of claim (and any amendments thereto or modifications thereof), along with related derivatives questionnaire, in the amount of US $9,717,258 in connection with the termination of two interest rate swap transactions with Lehman

Brothers Special Financing Inc. ("**LBSF**"), pursuant to a1992 ISDA Master Agreement (Multicurrency-Crossborder) dated as of July 18, 2002. In addition, Gibson Dunn represent this client in the preparation and filing of a proof of claim (and any amendments thereto or modifications thereof), against Lehman Brothers Holdings Inc., under its guarantee of LBSF's obligations, along with the related guarantee questionnaire.  These proofs of claim were assigned claim numbers 19550 and 19551 and have since been transferred to SPCP Group, L.L.C.

b.   **National Bank of Fujairah psc**  – represent this client in the preparation, filing and defense of six proofs of claim (and any amendments thereto or modifications thereof) in connection with the Lehman Brothers CRAN Series notes, which were issued by Lehman Brothers Treasury Co. B.V. and guaranteed by Lehman Brothers Holding Inc., purchased through and held for account holders through the National Bank of Fujairah psc., as well as an additional proof of claim in the amount of $2,917,597.40 in connection with a 5 year floating rate Lehman Programme Securities note  (ISIN XS0272543900) issued by Lehman Brothers Holdings Inc. and held directly by the Bank of Fujairah psc.  These proofs of claim were assigned claim numbers 55159 to 55165. Claim 55159 has been transferred to Barclays Bank plc.

c.   **Dame Luxembourg Sarl** – represent this client in the preparation, filing and defense of a proof of claim (and any amendments thereto or modifications thereof) along with the associated guarantee questionnaire, for amounts aggregating to $1,700,000 due from Lehman Brothers Holdings Inc., based on its failure to perform its obligations under a guarantee to Heart of La Defense, a wholly-owned subsidiary of Dame Luxembourg Sarl.  This proof of claim was assigned claim number 30746.

d.   **Heart of La Defense SAS** –  represent this client in the preparation, filing and defense of a proof of claim (and any amendments thereto or modifications thereof), along with the associated guarantee questionnaire, for $27,906,002.47 due from Lehman Brothers Holdings Inc. under its guarantee of obligations under transactions between the Lehman Brothers International (Europe) and Heart of La Defense SAS, a French *société par actions simplifiée*, and an indirect subsidiary of Lehman Brothers Holdings Inc., which is currently the subject of French insolvency proceedings currently pending in the Commercial Court of Paris. The proof of claim was assigned claim number 30745.

e.   **Janus Capital Management LLC**  – represent this client in the preparation, filing and defense eight proofs of claim (and any

amendments thereto or modifications thereof), along with the associated derivatives and guarantee questionnaire and assisted with negotiations of the termination agreements in connection with such proofs of claim on behalf of Janus Capital Management LLC in its capacity as investment advisor for a series of Management Investment Companies and their portfolios.  These proofs of claim were assigned claim numbers 32617 to 32624.

    f.    **PricewaterhouseCoopers AG, Zurich**, **as liquidator of Lehman Brothers International (Europe), Zurich Branch, in Liquidation** – represent this client in the preparation, filing and defense of proofs of claim (and any amendments thereto or modifications thereof), along with the associated guarantee questionnaires in connection with intercompany accounts maintained at Lehman Brothers Holdings Inc. ($28, 960.29) and guarantee claims against Lehman Brothers Holdings Inc. under the Unanimous Consent Board Guarantee aggregating to $30,491,608.24.  These proofs of claim have been assigned claims numbers 19596 and 19597.

    g.    **PricewaterhouseCoopers AG, Zurich, as liquidator of Lehman Brothers Finance AG, in Liquidation, a/k/a Lehman Brothers Finance SA, in Liquidation ("**_LBF_**")** – represent this client in the preparation, filing and defense of nine proofs of claim (and any amendments thereto or modifications thereof), along with associated guarantee and derivatives questionnaires in connection with intercompany accounts, intercompany derivatives transactions and claims against Lehman Brothers Holdings Inc. under the Unanimous Consent Board Guarantee and a guarantee of obligations by Lehman Brothers Inc.  These proofs of claim were assigned claim numbers 62454 to 62462 and 63847.

    4.    Gibson Dunn has also been retained to represent and advise

PricewaterhouseCoopers AG, Zurich, as liquidator of LBF in connection with LBF's chapter 15 case currently pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 09-01115 (JMP), LBF's claims against the Debtors, any issues that arise in the Debtors' chapter 11 cases that affect the interests of LBF including, without limitation, any plan of reorganization or liquidation of the Debtors, and adversary proceedings related to transactions involving LBF, including two adversary proceedings currently pending in the United States Bankruptcy Court for the Southern District of New York, _Prudential Global Funding LLC v._

5.      Gibson Dunn has been retained to represent and advise certain of the Lehman Private Equity Funds on various transactions and on their rights and obligations given the filing of the Debtors' chapter 11 cases.  To the extent that the Debtors have an interest, either as a general partner or limited partner of these Funds, this representation relates to and may be adverse to the Debtors.

6.      In addition, Gibson Dunn has been retained to represent and advise Intel Corporation in connection with the termination of a Volume Weighted Average Price ("***VWAP***") Prepaid Share Forward Transaction with Lehman Brothers OTC Derivatives Inc., using the 1992 ISDA Master Agreement (Multicurrency-Cross Border), and guaranteed by Lehman Brothers Holdings Inc. In connection with this representation, Gibson Dunn represents Intel Corporation in connection with the Debtors' challenges to this transaction.

7.      Gibson Dunn has also been retained to represent and advise TPG Credit Strategies, L.P. ("***TPG***"), in their capacity as a holder of claims against LBSF.  Gibson Dunn is representing TPG in connection with any issues that arise in the Debtors' chapter 11 cases that affect the interests of LBSF creditors including, without limitation, any plan of reorganization or liquidation of the LBSF estate.

8.      Gibson Dunn has been retained to represent and advise Bank of New York Mellon (BNY) in connection with a decision issued in an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York.  The order was issued on January 25, 2010 by Judge James M. Peck in a proceeding brought against BNY Corporate Trustee Services Ltd. by Lehman Brothers Special Financing Inc. ("***LBSF***") in connection with

9.      Gibson Dunn has also been retained to represent, and provide UK employment and related advice to, REPE Capital Partners LLP, LeCo RIA International, L.P. and certain of its affiliates in connection with the proposed change of advisors for the Lehman Brothers Real Estate Funds and associated feeder funds.

10.     Gibson Dunn has also been retained to represent and provide advice to Korea Development Bank in connection with its response to subpoenas issued by both Anton Valukas in his capacity as Examiner of the Debtors, and the Trustee in the SIPA liquidation of LBI.

11.     Gibson Dunn has also been retained to represent and provide advice to Lehman Brothers Commercial Corporation Asia Limited as lender on unsecured intercompany loans made to certain Lehman Brothers affiliated entities and subsidiaries of Lehman Brothers Holdings Inc., which own real estate in Thailand.  The affiliated entities and subsidiaries are listed and the matters described in additional detail on Exhibit A. To the extent that the Debtors have an interest in such entities and subsidiaries, this representation relates to and may be adverse to the Debtors.

12.     Gibson Dunn has also been retained to represent and provide advice to Lehman Ali Inc., as foreclosing lender in connection with a loan to CRV Lerno-Verhagen, LP, as borrower. LB Capstone Residential Venture LLC is an indirect owner of the borrower, CRV Lerno-Verhagen, LP.

13.     Gibson Dunn has also been retained to represent and provide advice to CRV Jurupa 50 LP, as foreclosing lender, in connection with a loan to Griffin Fairway Estates, LLC. LB Capstone Residential Venture LLC. is an indirect owner of the lender, CRV Jurupa 50 LP.

14.     Gibson Dunn has also been retained to represent and provide advice to PCCP, LLC and its affiliates in negotiations with Property Asset Management, Inc. ("PAMI") and Lehman Brothers Holdings, Inc. ("LBHI") regarding ownership issues relating to Culver Studios.

15.     In addition, Gibson Dunn has been retained to represent and advise the following parties in filing proofs of claim in the liquidation of LBI that is being administered pursuant to the U.S. Securities Investor Protection Act of 1970 ("*SIPA*") under the auspices of the United States Bankruptcy Court for the Southern District of New York, Case No. 08-01420 (JMP) (SIPA):

   a.     **Underwriters of Certain Securities issued by Washington Mutual Bank** – represent the clients listed below in the preparation, filing and defense of proofs of claim (and any amendments thereto or modifications thereof) against LBI, as a co-underwriter of certain securities, arising in connection with the Washington Mutual Securities Litigation. The proofs of claim were filed on behalf of: Morgan Stanley & Co. Incorporated; Goldman, Sachs & Co.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; UBS Securities LLC; Banc of America Securities LLC; J.P. Morgan Securities Inc.; Barclays Capital Inc.; Keefe, Bruyette & Woods, Inc.; Cabrera Capital Markets, LLC; The Williams Capital Group, L.P.; Citigroup Global Markets Inc.; Greenwich Capital Markets, Inc. (now known as RBS Securities, Inc.); BNY Capital Markets, Inc.; and Samuel A. Ramirez & Company, Inc.

   b.     **Underwriters of Certain Securities issued by IndyMac Bank** – represent the clients listed below in the preparation, filing and defense of proofs of claim (and any amendments thereto or modifications thereof) against LBI, as a co-underwriter of certain securities, arising in connection with the putative class action in

connection with various offerings of IndyMac mortgage pass-through certificates.  The proofs of claim were filed on behalf of: Credit Suisse Securities (USA) LLC; Greenwich Capital Markets, Inc. (now known as RBS Securities Inc.); Deutsche Bank Securities Inc.; Merrill Lynch & Co., Inc.; Morgan Stanley & Co. Incorporated; HSBC Securities (USA) Inc.; J.P. Morgan Securities, Inc.; Banc of America Securities LLC; UBS Securities, LLC; Citigroup Global Markets, Inc.; Goldman, Sachs & Co.; Bank of America Corporation (in its alleged capacity as successor-in-interest to Merrill Lynch, Pierce, Fenner & Smith Inc.); JPMorgan Chase & Co. (in its alleged capacity as successor-in-interest to Bear, Stearns & Co. Inc.); Credit Suisse First Boston Mortgage Securities Corp.; Greenwich Capital Acceptance, Inc.; Structured Asset Mortgage Investments II, Inc.; Andrew A. Kimura; Jeffrey A. Altabef; Evelyn Echevarria; Michael A. Marriott; Thomas Zingalli; Robert J. McGinnis; Carol P. Mathis; Joseph N. Walsh III; John C. Anderson; and James M. Esposito.

c.   **Underwriters of Certain Securities issued by Countrywide Financial Corporation** – represent the clients listed below in the preparation, filing and defense of proofs of claim (and any amendments thereto or modifications thereof) against LBI, as a co-underwriter of certain securities, arising in connection with certain securities issued by Countrywide Financial Corp. and mortgage pass-through certificates issued by Countrywide Home Loans Servicing, LP.  The proofs of claim were filed on behalf of: ABN AMRO Incorporated; A.G. Edwards & Sons, Inc.; Banc of America Securities LLC; Barclays Capital Inc.; Bear, Stearns & Co. Inc. (now known as J.P. Morgan Securities Inc.); BNP Paribas Securities Corp.; BNY Capital Markets, Inc.; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Dresdner Kleinwort Wasserstein, Inc.; Edward D. Jones & Co., L.P.; Goldman, Sachs & Co.; Greenwich Capital Markets, Inc. (now known as RBS Securities Inc.); HSBC Securities (USA) Inc.; J.P. Morgan Securities Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley & Co. Incorporated; RBC Capital Markets Corp.; RBC Dominion Securities Inc.; RBC Dain Rauscher Inc.; Scotia Capital Inc.; SG Americas Securities, LLC; TD Securities Inc.; UBS Securities LLC; Wachovia Capital Markets, LLC; and Wachovia Securities, Inc. (now known as Wells Fargo Advisors).

d.   Tiffany & Co. – represent this client in the preparation, filing and defense of proofs of claim (and any amendments thereto or modifications thereof) in connection with customer property of Tiffany & Co. held by LBI.

e.   Fairchild Semiconductor Corporation – represent this client in the preparation, filing and defense of proofs of claim (and any amendments thereto or modifications thereof) in connection with certain auction rate securities sold by and held through LBI.

f.   PricewaterhouseCoopers AG, Zurich, as liquidator of Lehman Brothers International Europe, Zurich Branch – represent this client in the preparation, filing and defense of proofs of claim (and any amendments thereto or modifications thereof) in connection with intercompany accounts maintained at LBI.

g.   PricewaterhouseCoopers AG, Zurich, as liquidator of LBF – represent this client in the preparation, filing and defense of proofs of claim (and any amendments thereto or modifications thereof) in connection with amounts due in connection with intercompany accounts maintained at LBI.

### THE ETHICAL WALL

16.   I do not believe that there are any actual or potential conflicts which would preclude Gibson Dunn from simultaneously representing the Current Clients described in paragraphs 3 – 15 (above), on the one hand, and representing the Debtors in the specific matters on which Gibson Dunn is to be engaged, on the other hand.  For the reasons set forth below, among others, I do not believe that such dual representation will cause any harm to the Debtors or to the Current Clients:

- The scope of Gibson Dunn's representation of the Debtors is limited to certain real estate transactions.  As set forth in greater detail in the Declaration of Jesse Sharf filed on February 5, 2010, Gibson Dunn has represented the Debtors and their non-debtor affiliates for over ten years, in connection with a number of real estate financings, transactions, enforcement actions, and workouts.  Recently Gibson Dunn's representation of the Debtors has consisted primarily of such matters and, in addition, its services rendered in connection with assisting the Debtors in their efforts to obtain control (the "LB RE Transaction") over the primary asset of LB RE Financing No. 3 Limited (in administration), a private limited company incorporated and registered in England and Wales ("***LB RE***"). Gibson Dunn has also been retained to provide services to, and represent, the Debtors in connection with their efforts to obtain control (the "**RE Holdings Transaction**") over some or all of the assets of LB UK RE Holdings Limited (in administration), a private limited company incorporated

- The Debtors are ably represented by other counsel, including Weil Gotshal & Manges LLP, in the matters related to the Current Clients.

- The Debtors have consented to and have waived any potential conflicts resulting from Gibson Dunn's representation of the Current Clients.[2]

- Each Current Client has consented to, or will consent to, and has waived, or will waive, any potential conflicts resulting from Gibson Dunn's simultaneous representation of it and the Debtors in connection with the Debtors' chapter 11 case.

- The attorneys or non-attorneys who are involved in Gibson Dunn's representation of the Current Clients (collectively, the "***Non-Debtor Team***") are primarily located in the Firm's New York office.  In contrast, the attorneys or non-attorneys who are working on the Debtors' substantive real estate matters (collectively, the "***Debtor Team***") are primarily located in the Firm's California and London offices.

- None of the work performed or anticipated to be performed for the Current Clients is related to the Firm's work for the Debtors, and the Debtor Team has not been (and does not expect to be) adverse to the Non-Debtor Team in any matter related to the Debtors.

17.    While I do not believe that there are any actual or potential conflicts (or any restrictions under section 327(e) of the Bankruptcy Code) which would preclude Gibson Dunn from representing the Debtors and the Current Clients, to avoid even the appearance of impropriety resulting from such representations, the Firm will be implementing certain

---

[2]    As previously indicated, irrespective of any issues related to the original Waiver Letter, the Debtors have agreed to retroactively and prospectively waive any conflicts of interest that may arise as a result of Gibson Dunn's simultaneous representation of the Debtors and the Current Clients.  Gibson Dunn has agreed with the Debtors that, prior to undertaking future representations of clients other than the Current Clients in matters adverse to the Debtors (and their non-debtor affiliates other than LBI and those foreign affiliates that are the subject of non-US insolvency proceedings and are under the control of administrators, liquidators or trustees), it will obtain waiver clearances from Joelle Halperin, the in-house attorney for the Debtors who is dealing with real estate matters.

safeguards, including, as set forth more fully below, establishing an ethical wall between the

Debtor Team and the Non-Debtor Team.  In order to implement the wall, Gibson Dunn

management will send a memorandum to all firm personnel which includes the following

provisions:

- The members of the Debtor Team shall not be permitted to work on or participate in Gibson Dunn's representation of any of the Current Clients in connection with the Debtors' chapter 11 cases (the "***Non-Debtor Matters***").

- The members of the Non-Debtor Team shall not be permitted to work on or participate in Gibson Dunn's representation of any of the Debtors in connection with the Debtors' chapter 11 cases (the "***Debtor Matters***").

- No member of the Debtor Team may discuss any of the Debtor Matters with, or in the presence of, any member of the Non-Debtor Team.

- No member of the Non-Debtor Team may discuss any of the Non-Debtor Matters with, or in the presence of, any member of the Debtor Team.

- No member of the Debtor Team may disclose any privileged or otherwise confidential information about any of the Debtor Matters to any member of  the Non-Debtor Team.

- No member of the Non-Debtor Team may disclose any privileged or otherwise confidential information about any of the Non-Debtor Matters to any member of  the Debtor Team.

- No member of the Debtor team shall have access to any of the documents, files, or materials generated, received, or maintained by Gibson Dunn in connection with Gibson Dunn's representation of the Current Clients in any of the Non-Debtor Matters.

- No member of the Non-Debtor team shall have access to any of the documents, files, or materials generated, received, or maintained by Gibson Dunn in connection with Gibson Dunn's representation of the Debtors in any of the Debtor Matters.

- All Gibson Dunn lawyers and other personnel affected by this wall are directed to take special precautions to ensure that these

18.    In furtherance of the foregoing, to the extent practicable, Gibson Dunn will take the steps necessary to ensure that the Debtor Team will not have access to any electronic or other documents related to the Debtors that are drafted or maintained by the Non-Debtor Team and the Non-Debtor Team will not have access to any electronic or other documents related to the Debtors that are drafted by the Debtor Team.

19.    With respect to the real estate matters for which the Firm is retained by the Debtors, Gibson Dunn will not represent any party other than the Debtors.  The Non-Debtor Team intends to continue to advise the Current Clients in matters adverse to the Debtors; none of these representations, however, is related to the real estate matters for which the Firm is retained by the Debtors.  Gibson Dunn will obtain the Debtors' consent and conflict waiver before commencing any representation of a client other than the Current Clients in a matter adverse to the Debtors.  No member of the Debtor Team will be permitted to participate in any such additional representation.

20.    To the best of my knowledge, information, and belief, Gibson Dunn does not hold or represent an interest adverse to the Debtors or their respective estates in the matters for which Gibson Dunn is proposed to be retained.  Accordingly, I believe that Gibson Dunn satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on May 24, 2010

/s/  Jesse Sharf
Jesse Sharf

Exhibit A
**Lehman Brothers Commercial Corporation Asia Limited**

| | |
|---|---|
| **Matter Title:** | LBCCA Bankruptcy – Baan Taling Ngam |
| **Description of Matter:** | THB 115,000,000 loan facility and THB 890,000,000 loan facility to Lehman Brothers affiliates to finance acquisition and operation of Baan Taling Ngam hotel in Koh Samui, Thailand. |
| **Lehman Brothers Affiliates:** | Samui Hotel 1 Holding Co., Ltd. (borrower) Samui Hotel 1 Co., Ltd. (borrower) |
| | |
| **Matter Title:** | LBCCA Bankruptcy – Central |
| **Description of Matter:** | THB 360,000,000 loan facility and THB 60,000,000 loan facility to joint ventures between Lehman Brothers and Central Plaza Hotel PLC to finance acquisition of Islandia Resort Group & Spa Hotel and Jiva Resort and Spa, respectively. |
| **Lehman Brothers Affiliates:** | Phuket Hotel 3 Holding Company Limited (borrower) Phuket Hotel 2 Holding Co., Ltd. (borrower) Lehman Brothers (Thailand) Limited (party to joint venture agreement) |
| | |
| **Matter Title:** | LBCCA Bankruptcy – Ital-Thai |
| **Description of Matter:** | THB 420,000,000 loan facility, THB 1,210,000,000 loan facility, THB 85,000,000 loan facility and THB 242,000,000 loan facility to joint venture between Lehman Brothers affiliates and Pacific Investments Asia Limited to finance acquisition and renovation of Ital-Thai Tower Building in Bangkok, Thailand and related low-rise building. |
| **Lehman Brothers Affiliates:** | Bangkok Office 3 Co., Ltd. (borrower) Bangkok Office 3 Holding Co., Ltd. (borrower) Bangkok Office 4 Co., Ltd. (borrower) Bangkok Office 4 Holding Co., Ltd. (borrower) Lehman Brothers South East Asia Investments Pte. Ltd. (party to joint venture agreement) |
| | |
| **Matter Title:** | LBCCA Bankruptcy – Mercury Tower |
| **Description of Matter:** | THB 150,000,000 loan facility and THB 1,100,000,000 loan facility to Lehman Brothers affiliates to finance acquisition of leasehold |

| | |
|---|---|
| | interest in Mercury Tower office building in Bangkok, Thailand. |
| **Lehman Brothers Affiliates:** | Bangkok Office 2 Holding Co., Ltd. (borrower)<br>Bangkok Office 2 Co., Ltd. (borrower) |
| | |
| **Matter Title:** | LBCCA Bankruptcy – MuangThai Phatra |
| **Description of Matter:** | THB 700,000,000 loan facility and THB 900,000,000 loan facility to Lehman Brothers affiliates to finance acquisition of condominium units in Muang Thai Phatra Condominium Complex in Bangkok, Thailand. |
| **Lehman Brothers Affiliates:** | Coconut Leaf Company Limited (borrower)<br>Palarp Asset Management Company Limited (borrower) |
| | |
| **Matter Title:** | LBCCA Bankruptcy – Pacific Place |
| **Description of Matter:** | THB 21,000,000 loan facility to Lehman Brothers affiliate and purchase of THB 1,172,029,485 promissory note issued by Pacific Estate Development Limited in connection with acquisition by Lehman Brothers of leasehold interest in Pacific Place I & II (two office buildings located in Bangkok, Thailand). |
| **Lehman Brothers Affiliates:** | Bangkok Office 1 Holding Company Limited (borrower)<br>Pacific Estate Development Limited (borrower) |
| | |
| **Matter Title:** | LBCCA Bankruptcy – PAMCO NPL's |
| **Description of Matter:** | THB 2,000,000,000 and THB 2,500,000,000 loan facilities to Palarp Asset Management Company Limited to finance acquisition of non-performing loan portfolios. |
| **Lehman Brothers Affiliates:** | Palarp Asset Management Company Limited (borrower) |
| | |
| **Matter Title:** | LBCCA Bankruptcy – Samui Hotel 2 / YTL |
| **Description of Matter:** | THB 1,216,667,000 secured debenture financing of Samui Hotel 2 Company Limited, a joint venture between Lehman Brothers and YTL Hotels & Properties Sdn Bhd  that is the developer of a hotel in Koh Samui, Thailand. |
| **Lehman Brothers Affiliates:** | Lehman Brothers Investments Pte Limited (shareholder in borrower) |

| | |
|---|---|
| **Matter Title:** | LBCCA Bankruptcy – Siri Phuket |
| **Description of Matter:** | THB 217,886,000 promissory notes and loan facilities issued by/extended to Siri Phuket Limited, the owner of land located at Kata Noi, Phuket, Thailand. |
| **Lehman Brothers Affiliates:** | Siri Phuket Limited (borrower) |
| | |
| **Matter Title:** | LBCCA Bankruptcy – Thai Millennium Fund |
| **Description of Matter:** | THB 1,500,000,000 junior secured loan facility to TMF Holdings, Inc., the indirect owner of a Thai property fund. |
| **Lehman Brothers Affiliates:** | Aeolus Company Limited (senior borrower/on-lender)<br>Aeolus Holdings (Cayman) Ltd (senior borrower/on-lender)<br>Chaba Asset Company Limited (junior borrower/on-lender)<br>Falcon Holdings II Inc. (junior borrower/on-lender) |

PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                    :
In re                                               :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :    **08-13555 (JMP)**
                                                    :
                        **Debtors.**                :    **(Jointly Administered)**
                                                    :
---------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(e) OF THE
BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND
RETENTION OF GIBSON, DUNN & CRUTCHER LLP, AS SPECIAL
COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO SEPTEMBER 1, 2009**

Upon consideration of the application, dated February 5, 2010 (the

"Application"), and the supplement dated May 25, 2010 (the "Supplement"),[1] of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section

327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ

and retain Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") as special counsel to the Debtors

*nunc pro tunc* to September 1, 2009, all as more fully described in the Application and the

Supplement; and upon both the Declaration and Supplemental Declaration of Jesse Sharf

(together, the "Sharf Declaration"), filed in support of the Application; and the Court being

satisfied, based on the representations made in the Application, the Supplement, the Sharf

Declaration, and the Supplemental Declaration, that Gibson Dunn represents no interest adverse

to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged,

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application and the Supplement.

under section 327 of the Bankruptcy Code; and the Court having jurisdiction to consider the

Application and the Supplement and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Application and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided

in accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) Gibson Dunn, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Application and the Supplement

is in the best interests of the Debtors, their estates and creditors, and all parties in interest and

that the legal and factual bases set forth in the Application and the Supplement establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Application and the Supplement are approved; and it is

further

ORDERED that pursuant to sections 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Gibson Dunn as special counsel to the Debtors on the

terms set forth in the Application, the Supplement and this order, effective *nunc pro tunc* to

September 1, 2009, for the Representative Matters identified in the Application, in accordance with Gibson Dunn's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that the services performed and expenses incurred by Gibson Dunn prior to the earlier of September 1, 2009 and/or the date that Gibson Dunn's fees and expenses exceeded the OCP Cap (the "Transition Date") and Gibson Dunn's right to payment in respect of such services and expenses shall continue to be governed by this Court's Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business [Docket No. 1394]; and it is further

ORDERED that with respect to services performed or expenses incurred on or after the Transition Date, Gibson Dunn shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and this Court's Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 3651]; and it is further

ORDERED that the Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Supplement; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters

arising under or related to the implementation and enforcement of this Order.

Dated: May __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE