**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                 :

In re                           :        **Chapter 11**
                                   :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :        **Case No. 08-13555 (JMP)**
                                   :

             **Debtors.**           :        **(Jointly Administered)**
                                   :

---------------------------------------------------------------x
                                   :

In re                           :
                                   :

**LEHMAN BROTHERS INC.**            :        **Case No. 08-01420 (JMP) SIPA**
                                   :

             **Debtor.**            :
                                   :

---------------------------------------------------------------x

### STIPULATION AND AGREED ORDER WITH RESPECT TO PRESERVATION OF CERTAIN RECORDS RELATING TO THE INVESTMENT MANAGEMENT DIVISION

       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in

possession (each a "Debtor," and collectively, the "Debtors"), Neuberger Berman Group LLC

("NB"), James W. Giddens (the "SIPA Trustee"), the appointed trustee under the Securities

Investor Protection Act of 1970, as amended, for the administration of Lehman Brothers Inc.

("LBI"), and Barclays Capital Inc. ("Barclays" and together with the Debtors, the SIPA Trustee

and NB, the "Parties" and each a "Party"), by and through their respective attorneys, hereby enter

into this Stipulation and Agreed Order and represent and agree as follows:

### RECITALS

       WHEREAS commencing on September 15, 2008 and periodically thereafter, the

Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code;

WHEREAS on September 16, 2008, LBHI, LB 745 LLC, LBI, and Barclays

entered into an asset purchase agreement for the purchase and sale of certain assets used in

connection with the United States and Canadian investment banking and capital markets

businesses of LBI and LBHI and matters related thereto (such agreement, as clarified and/or

amended, the "Asset Purchase Agreement", and such assets, as described therein, the "Business").

On September 17, 2008, the Debtors filed a motion seeking, among other things, approval of the

Asset Purchase Agreement;

WHEREAS on September 19, 2008, a proceeding (the "SIPA Proceeding") was

commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C.

§§ 78aaa et seq., with respect to LBI and James W. Giddens was appointed as Trustee under the

SIPA to administer LBI's estate;

WHEREAS on September 20, 2008, the Court entered a sale order (the "Barclays

Sale Order") approving the Asset Purchase Agreement.[1]  On September 20, 2008, the Court also

entered a concurrent order thereby authorizing the Trustee to consummate the sale transaction on

behalf of LBI pursuant to the Asset Purchase Agreement;[2]

WHEREAS the Barclays Sale Order provides at paragraph 31, that

> Subject to further order of the Court, the Seller and [Barclays] are hereby
> ordered to take appropriate measures to maintain and preserve, until the
> consummation of any chapter 11 plan for the Debtors, the books and
> records and any other documentation, including tapes or other audio or
> digital recordings and data in or retrievable from computers or servers,
> relating to or reflecting the records held by it or its Affiliates relating to the

---

[1]     Case No. 08-13555 (JMP) [Docket No. 258].

[2]     Case No. 08-1420 (JMP) [Docket No. 3].

Business, including the accounts, property and trading records of the
customers of the Seller.  In addition, the Debtors and Committee shall
promptly identify reasonable procedures for preserving information in the
Seller or [Barclay's] possession related to potential tax or financial audits
of, government investigations of, or claims against Seller, as well as any
claims that Debtors may have against third parties, and the Seller and
[Barclays] shall maintain and reserve such information, subject to further
order of the Court until the consummation of any chapter 11 plan for the
Debtors;[3]

WHEREAS on December 22, 2008, the Court entered an order (the "NB Sale

Order") approving, *inter alia*, the sale of the Lehman investment management business (the "NB

Business") from LBHI to NBSH Acquisition, LLC, a Delaware limited liability company formed

by certain senior managers (other than portfolio managers) of NB ("NBSH");[4]

WHEREAS the NB Sale Order provides in Paragraph 26 that

[T]he Debtors and [NBSH] are hereby ordered to take appropriate measures
to maintain and preserve, until the consummation of any chapter 11 plan for
the Debtors, the books and records and any other documentation, including
tapes or other audio or digital recordings and data in or retrievable from
computers or servers, relating to or reflecting the records held by it or its
Affiliates relating to the [NB] Business, including the accounts, property
and trading records of the customers of the Sellers.  In addition, the Debtors
and Creditors' Committee shall promptly identify reasonable procedures
for preserving information in the Debtors' or [NBSH's] possession related
to potential tax or financial audits of, government investigations of, or
claims against the Debtors, as well as any claims that the Debtors may have
against third parties, and the Sellers and [NBSH] shall maintain and reserve
such information, subject to further order of the Court until consummation
of any chapter 11 plan for the Debtors;[5]

WHEREAS presently there are approximately 12,000 cartons of hard-copy

documents maintained in storage by Iron Mountain Information Management, Inc. ("Iron

Mountain") pursuant to an agreement with Iron Mountain that was assumed and assigned to

---

[3]     Case No. 08-13555 (JMP) [Docket No. 258].

[4]     Case No. 08-13555 (JMP) [Docket No. 2350].

[5]     Id.

Barclays pursuant to the Asset Purchase Agreement under customer identification numbers

C2200, J4376, LBCA, LBPFA, PF036 and SF336, which documents appear to relate solely to the

NB Business (collectively, the "Neuberger Documents");

WHEREAS, NB currently does not have direct access to the Neuberger

Documents, and prefers to have direct access and control over the NB documents for the operation

of the NB Business;

WHEREAS the Parties have reached an agreement with respect to the possession

and preservation of the Neuberger Documents.

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      Barclays will transmit the Neuberger Documents to NB, which documents NB will

thereafter preserve and maintain in accordance with the NB Sale Order.  Following such

transmittal, Barclays shall have no further obligations with respect to the Neuberger Documents,

whether under the Barclays Sale Order or otherwise.   Further following such transmittal, to the

extent that the Trustee reasonably believes that any documents relating to the LBI business have

been commingled with the Neuberger Documents, NB shall provide the Trustee reasonable access

to such documents upon the Trustee's request.

2.      For the avoidance of doubt, nothing herein constitutes or shall be construed as any

modification or amendment to the Barclays Sale Order.  For the further avoidance of doubt, and

notwithstanding anything else contained herein to the contrary, each of the Parties' rights and

defenses with respect to any other claims each might have against the other are fully preserved,

including without limitation, any rights, defenses and/or counterclaims asserted in connection with

or related to the following:  (i) the Motion of Debtor to Modify the September 20, 2008 Sale Order

and Granting Other Relief (Case No. 08-13555, Docket No. 5148); (ii) the Motion of the Trustee

for Relief Pursuant to the Sale Orders or, Alternatively, for Certain Limited Relief Under Rule

60(b) (Case No. 08-01420, Docket No. 1682); (iii) the Motion of Official Committee of Unsecured

Creditors of Lehman Brothers Holdings Inc., Authorizing and Approving (A) Sale of Purchased

Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of

Executory Contracts and Unexpired Leases, Dated September 20, 2008 (and Related SIPA Sale

Order) and Joinder in Debtors and SIPA Trustees' Motions for an Order Under Rule 60(b) to

Modify Sale Order (Case No. 08-13555, Docket No. 5169; Case No. 08-01420, Docket No. 1686);

(iv) all joinders thereto and the related adversary proceedings;[6] and (v) the Motion of Barclays

Capital Inc. to Enforce the Sale Order and Secure Delivery of All Undelivered Assets (Case No.

08-13555, Docket No. 6814; Case No. 08-1420, Docket No. 2581).

3.      Each person who executes this Stipulation and Agreed Order on behalf of a Party

hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on

behalf of such Party.

4.      This Stipulation and Agreed Order may be executed with counterparty signature

pages in multiple counterparts, each of which shall be deemed an original but all of which together

shall constitute one and the same instrument.  The Parties agree that this Stipulation and Agreed

Order may be executed via facsimile or e-mail transmission and that this Stipulation and Agreed

Order executed in such manner shall have full legal force.

5.      This Stipulation and Agreed Order may only be amended or otherwise modified by

a signed writing executed by the Parties.

---

[6] The adversary proceedings are: Adv. Pro. 09-01732 (JMP), Adv. Pro. 09-01731 (JMP) and Adv. Pro. 09-01733
(JMP), respectively.

6.     This Stipulation and Agreed Order shall be interpreted, construed and enforced

exclusively in accordance with the laws of the State of New York, except to the extent that the

Bankruptcy Code or SIPA applies.

7.     The Court shall retain jurisdiction to resolve any disputes or controversies arising

from or related to this Stipulation and Agreed Order.

**AGREED TO:**

Dated:  April 21, 2010
          New York, New York

  /s/ Shai Y. Waisman          
Shai Y. Waisman, Esq.


WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for the Debtors and*
*Debtors in Possession*


  /s/ Jeffrey S. Margolin      
James B. Kobak, Jr., Esq.
Jeffrey S. Margolin, Esq.


HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
*Attorneys for James W. Giddens, Trustee for*
*SIPA Liquidation of Lehman Brothers Inc.*


  /s/ Lindsee P. Granfield    
Lindsee. P. Granfield, Esq.
Lisa M. Schweitzer, Esq.


CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Attorneys for Barclays Capital Inc.*


  /s/ Jeffrey W. Levitan      
Jeffrey W. Levitan, Esq.


PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
*Attorneys for Neuberger Berman Group*
*LLC*


**SO ORDERED:**

Dated: New York, New York
          May 18, 2010          *s/ James M. Peck*                    
                                  Honorable James M. Peck
                                  United States Bankruptcy Judge