UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | |
| LEHMAN BROTHERS HOLDINGS INC., ) | Chapter 11 |
| *et al.,* ) | Case No. 08-13555 (JMP) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

# STIPULATION AND ORDER GOVERNING THE PRODUCTION OF CONFIDENTIAL MATERIALS

This Stipulation ("Stipulation") is entered into by and between (a) Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors and debtors in possession (collectively, the "Debtors") and (b) Intel Corporation ("Intel" and together with the Debtors, the "Parties").

WHEREAS, commencing on September 15, 2008, LBHI and the other Debtors commenced voluntary cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or "Court") (Jointly Administered under Case No. 08-13555, the "Chapter 11 Cases"), and the Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on November 23, 2009, the Bankruptcy Court entered an order granting the Debtors authority pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to issue subpoenas for the production of documents and authorizing the examination of persons and entities that have information relevant to the administration of the Debtors' estates ("Rule 2004 Order");

WHEREAS, on February 4, 2010, pursuant to the authority granted by the Rule 2004

NYI-4275300v1

Order, the Debtors filed and served a subpoena upon Intel ("Rule 2004 Subpoena") seeking the production of certain documents and information (the "Discovery Materials");

WHEREAS, Intel has requested, and the Debtors have agreed, that the Discovery Materials be subject to this Stipulation to protect the confidentiality of sensitive information pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure; and,

WHEREAS, the Debtors and Intel have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. This Stipulation shall govern the designation and handling of the Discovery Materials. This Stipulation supersedes all previous agreements between the Parties related to the designation and handling of the Discovery Materials, and shall apply, *nunc pro tunc* to March 8, 2010, to all Discovery Materials produced by Intel pursuant to the Rule 2004 subpoena that Intel has designated or may designate as "CONFIDENTIAL".

2. "Document" or "Documents" shall have the meaning set forth in Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York.

3. "Person" or "Persons" shall have the meaning set forth in Rule 26(c)(6) of the Local Rules of the United States District Court for the Southern District of New York.

4. Intel may designate any Discovery Materials as "CONFIDENTIAL" pursuant to this Stipulation by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent. Designation of Discovery Materials as "CONFIDENTIAL" shall be based on a good faith belief by Intel that such materials contain (a)

- 2 -

a trade secret or other confidential research, development, or commercial information protected by Rule 9018 of the Federal Rules of Bankruptcy Procedure, (b) information subject by law or by contract to a legally protected right of privacy, and (c) information which Intel is legally obligated by law or contract to keep confidential, as reasonably determined by Intel.

5. Except as set forth herein or in any subsequent order of the Court, Discovery Materials designated "CONFIDENTIAL" and any part of the information contained in those Discovery Materials, shall not be delivered, exhibited, or disclosed, directly or indirectly, to persons other than:

(a) the Court and persons employed by it or appointed by it;

(b) any mediator appointed by the Court, and persons employed by him;

(c) court reporters, videographers or other qualified persons taking testimony;

(d) the Parties, including their current employees, consultants, advisors, parents, subsidiaries and affiliates, and the Official Committee of Unsecured Creditors of Lehman, as well as its consultants, advisors, and counsel;

(e) counsel retained by the Parties hereto, and the paralegal, clerical and secretarial staff employed by such counsel;

(f) independent copying and computer services firms, or their employees, retained to copy or index any Discovery Materials;

(g) actual or potential party or non-party fact witnesses, provided there is a reasonable basis to believe that the fact witness may give relevant testimony regarding the designated Discovery Materials;

- 3 -

NYI-4275300v1

    (h) expert witnesses at or in preparation for deposition or trial, provided there is a reasonable basis to believe the witness may give relevant testimony regarding the designated Discovery Materials;

    (i) persons identified on the face of the Discovery Materials as having authored or previously received the Discovery Materials; and

    (j) such other persons as Intel and Debtors may agree upon in writing or as ordered by the Court and further provided that nothing herein shall prevent or prejudice a party from seeking to enlarge the recipients of Confidential information herein by making such a motion with the Court.

    6. All "CONFIDENTIAL" Discovery Materials may be used by the Parties only in connection with any Rule 2004 discovery, or any litigation, mediation, dispute, contested matter or proceeding, and not for any other purpose.

    7. In the event the protected Discovery Materials are used at a Rule 2004 examination, portions of the transcript of such examination shall also be treated as "CONFIDENTIAL," pursuant to this Stipulation, to the extent that said portions discuss the protected Discovery Materials.

    8. Any party wishing to designate as "CONFIDENTIAL" portions or all of any deposition testimony may do so on the record during the deposition, or within five (5) business days after receipt of the final deposition transcript by providing written notice of the designation to the other party and any other affected person(s). The party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter. The parties shall avoid designating entire transcripts as "CONFIDENTIAL" where only a portion

- 4 -

NYI-4275300v1

thereof qualifies for such protection, and, to the extent reasonably practicable, only those portions that qualify for protection should be so designated. To the extent that deposition testimony later designated "CONFIDENTIAL" is disclosed by a party prior to the other party's designation of that testimony, such disclosure shall not constitute a breach of this Stipulation, but such testimony shall thereafter be deemed "CONFIDENTIAL" for all purposes as if it has been so designated at the time it was given. To the extent that transcripts of deposition testimony given prior to the date of this Stipulation already have been designated by agreement of two or more parties hereto as "CONFIDENTIAL" in their entirety, nothing herein shall be construed to, or shall, change such designation or in any way reduce the protections that it affords.

9. Discovery Materials previously designated "CONFIDENTIAL" that are marked as exhibits during a deposition shall be treated by the Parties as "CONFIDENTIAL."

10. Whenever Discovery Materials designated as "CONFIDENTIAL" are to be discussed or disclosed in a deposition, any party discussing or disclosing such Discovery Materials must first notify Intel or its counsel of such proposed discussion or disclosure and, upon request of Intel or its counsel, exclude from the room any person who is not entitled to receive or review such material under this Stipulation.

11. Any Discovery Materials that are inadvertently produced, after the entry of this Stipulation, without a "CONFIDENTIAL" designation may be subsequently redesignated by the producing party as "CONFIDENTIAL" upon written notice making such designations by specific reference to the Bates numbers of documents previously produced. No person shall be liable for disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of the written notice described in the previous sentence.

12. All Discovery Materials designated as "CONFIDENTIAL" that are filed

with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose Discovery Materials designated as "CONFIDENTIAL", or the contents thereof, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court. To the extent that the Debtors file Discovery Materials under seal and object to the designation of such Discovery Materials as "CONFIDENTIAL", the parties shall follow the procedures set forth in paragraph 13 of this Stipulation.

13. In the event the Debtors object to any designation of Discovery Materials as "CONFIDENTIAL", the Debtors shall so inform Intel, stating in writing the grounds of the objection, and the Parties shall have seven (7) business days to attempt to resolve the Debtors' objection, at the end of which the Debtors may seek a ruling from the Bankruptcy Court that such information should not be treated as "CONFIDENTIAL", provided that no Discovery Materials designated as "CONFIDENTIAL" shall be filed in the public record prior to such a determination by the Court, and provided further that the burden shall be on Intel to justify the claim that disputed material has been properly designated and should remain under seal.

14. Notwithstanding Intel's designation of Discovery Materials as "CONFIDENTIAL", nothing in this Stipulation shall limit (or enlarge) any third party's right to challenge such designation in the Bankruptcy Court or any other court of competent jurisdiction.

15. The parties agree that all persons employed by, or otherwise serving as agents of, either Intel or the Debtors who are given access to protected Discovery Materials will be instructed that such persons and the Parties are bound by the terms of this Stipulation.

16. If any party receives a subpoena seeking, or court order requiring, the production or disclosure of any "CONFIDENTIAL" Discovery Materials received from another party, that party shall give written notice to the producing party as soon as reasonably

practicable, and in no event more than five (5) business days after receipt of the subpoena or court order and in no event less than five (5) business days prior to the time for production of such Discovery Materials pursuant to the subpoena or court order. If such written notice cannot be made, the party receiving the subpoena must immediately give notice to counsel for the producing party by telephone. In no event shall production or disclosure be made before notice is given, unless the party receiving the subpoena or court order is prohibited by law or regulatory order from providing such notice. The purpose of this paragraph is to provide the producing party the opportunity to intervene at its own expense to object to the production of such Discovery Materials.

17. The inadvertent production of any document or other disclosure of any document or information that the producing party contends is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto.

18. If any party objects to a claim of privilege or a claim of inadvertent production given pursuant to the preceding paragraph, it shall so notify the other party in writing. The parties shall attempt to resolve the dispute amicably within the five (5) business days following such written notice. If the dispute is not resolved, the Party claiming privilege or inadvertent production may move the Court for an order concerning the document(s) at issue. From the time of the notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the Parties otherwise agree.

19. The provisions of this Stipulation, insofar as they restrict the disclosure and use of "CONFIDENTIAL" Discovery Materials, shall continue to be binding on all parties and persons subject to the terms of this Stipulation, as well as Undersigned Counsel, notwithstanding the final termination of the Rule 2004 Discovery or any contested matter or adversarial proceedings commenced by the Debtors against Intel.

20. In the event that an adversary proceeding or contested matter is subsequently commenced involving Intel, nothing in this Stipulation shall prevent or limit the Debtors from seeking discovery, including without limitation, requesting the Discovery Materials on an expedited basis, which discovery shall be free of any and all confidentiality restrictions hereunder, but instead shall be subject to whatever rights and obligations that Intel and the Debtors may have under Bankruptcy Rule 7026(c) at that time, including, without limitation, meeting and conferring to determine whether and to what extent Intel will terminate the confidentiality restrictions hereunder, thereby avoiding the burden of repeating the production of the Discovery Materials and resolving the necessity and/or scope of any protective order in any such future adversary proceeding or contested matter.  Alternatively, the Debtors, should they determine to use any Discovery Materials designated as "CONFIDENTIAL" in any such future adversary proceeding or contested matter, will only file such "CONFIDENTIAL" Discovery Materials after following the procedures set forth in paragraph 13 of this Stipulation.

21. Upon the later of (a) termination of this Stipulation, (b) the termination of all litigation or proceedings commenced by the Debtors against Intel or (c) the resolution of all disputes between the Parties (whichever occurs later), Intel may request the destruction or the return of all copies of all Discovery Materials produced in connection with the Rule 2004 Discovery, except those filed with the Court. If such a request is made in writing, the recipient of

such a request shall have thirty (30) days in which to (a) return all copies of the Discovery Materials, if that is the request, or (b) destroy all copies of the Discovery Materials, if that is the request, and, if the Discovery Materials are destroyed, to certify in writing that such destruction has occurred. Nothing herein shall prevent the Parties from maintaining a set of documents and pleadings filed with the Court even if those filed documents and pleadings were filed under seal and contain Confidential information or as may be required to be maintained by law or regulation or in accordance with its record retention or compliance policies.

22. Nothing in this Stipulation shall limit Intel's use of its own documents or prevent it from disclosing its own "CONFIDENTIAL" information to any person. Such disclosures shall not affect any "CONFIDENTIAL" designations made pursuant to the terms of this Stipulation so long as disclosure is made in a manner in which is reasonably calculated to maintain the confidentiality of the information.

23. The failure to designate Discovery Materials as "CONFIDENTIAL" shall not constitute a waiver of any claim outside of the Rule 2004 Discovery process or related litigation that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

24. Nothing in this Stipulation shall relieve a party of its obligations under the Federal Rules of Civil Procedure or under any future stipulations and orders, regarding the production of documents or the making of timely responses to discovery requests.

25. Nothing in this Stipulation shall limit the rights of the United States trustee, bankruptcy administrator, trustee, or any auditor serving under section 586(f) of title 28 from full access to all information contained in any paper filed or submitted in the Chapter 11 Cases in accordance with section 107(c)(3) of the Bankruptcy Code, provided, however, such

entity shall not disclose information specifically protected by the Court under this Stipulation.

26. This Stipulation may be signed in counterparts.

27. The Debtors and Intel agree to be bound by the terms of this Stipulation, *nunc pro tunc* to March 8, 2010, pending the entry of this Stipulation by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court.

Nothing in this Stipulation shall prejudice the right of either the Debtors or Intel to apply to the Court for a further Stipulation or other appropriate relief.

NYI-4275300v1

IT IS HEREBY STIPULATED AND AGREED:

Dated: May 18, 2010                                  INTEL CORPORATION

                                                    By: /s/ Craig Goldblatt
Peter J. Macdonald
Jeannette K. Boot
Charu Chandrasekhar
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Tel. (212) 230-8800
Fax (212) 230-8888

Craig Goldblatt
Lisa Ewart
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave. N.W.
Washington D.C. 20006
Tel. (202) 663-6000
Fax. (202) 663-6363


LEHMAN BROTHERS HOLDINGS INC.
AND AFFILIATED DEBTORS

By: /s/ Aviva Warter Sisitsky

Jayant W. Tambe
Aviva Warter Sisitsky
Michael D. Silberfarb
Nina Yadava
Jones Day
222 East 41st Street
New York, NY 10017-6702
Tel. (212) 326-3939
Fax. (212) 755-7306


SO ORDERED:

Dated:    New York, New York                                       _____
          June __, 2010                                   Honorable James M. Peck
                                                         United States Bankruptcy Judge

NYI-4275300v1