Presentment Date and Time:  June 7, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  June 7, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                              :
In re                                         :         Chapter 11 Case No.
                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :         08-13555 (JMP)
                                              :
                          Debtors.            :         (Jointly Administered)
                                              :
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE**
**BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY**
**AND RETAIN BORTSTEIN LEGAL LLC AS SPECIAL COUNSEL**
**TO THE DEBTORS *NUNC PRO TUNC* TO THE ENGAGEMENT DATE**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

supplemental application (the "Supplemental Application") of the Debtors Pursuant to Section

327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the

scope of Bortstein Legal LLC's retention as special counsel to the Debtors, *nunc pro tunc* to the

Engagement Date, all as more fully described in the Supplemental Application, to the Honorable

James M. Peck, United States Bankruptcy Judge, for approval and signature on **June 7, 2010 at**

**12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the

Supplemental Application shall be in writing, shall conform to the Bankruptcy Rules and the

Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the

name of the objecting party, the basis for the objection and the specific grounds thereof, shall be

filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case

filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004,

Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York,

10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York,

New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto,

Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of

Unsecured Creditors appointed in these cases; and (v) Bortstein Legal LLC, 39 Walbrooke Road,

Scarsdale, New York 10583, Attn: Lawrence A. Bortstein, Esq., **so as to be received no later

than June 7, 2010 at 11:00 a.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely

filed and served, a hearing will be held on **June 16, 2010 at 10:00 a.m. (Prevailing Eastern

Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable

James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed, the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 26, 2010
       New York, New York


                                   /s/ Richard P. Krasnow
                                   Richard P. Krasnow, Esq.
                                   WEIL GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153
                                   Telephone: (212) 310-8000
                                   Facsimile: (212) 310-8007

                                   Attorneys for the Debtor
                                   And Debtor in Possession

**Presentment Date and Time:  June 7, 2010 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  June 7, 2010 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
In re                                                               :          **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,          :          **08-13555 (JMP)**
                                                                    :
                                    **Debtors.**                    :          **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x

**SUPPLEMENTAL APPLICATION OF**
**THE DEBTORS PURSUANT TO SECTION 327(e)**
**OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO**
**EMPLOY AND RETAIN BORTSTEIN LEGAL LLC AS SPECIAL COUNSEL**
**TO THE DEBTORS,** *NUNC PRO TUNC* **TO THE ENGAGEMENT DATE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Supplemental Application of the

Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules

of Bankruptcy Procedure for authorization to expand the scope of Bortstein Legal LLC's

("Bortstein Legal") retention as special counsel to the Debtors, *nunc pro tunc* to the Engagement

Date (as defined below) as set forth herein (the "Supplemental Application"), and respectfully represent:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.      On March 22, 2010, the Debtors filed their Joint Chapter 11 Plan pursuant to section 1121 of the Bankruptcy Code.  On April 14, 2010, the Debtors filed an amended proposal of their chapter 11 plan [Docket No. 8330] and their proposed Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code.  [Docket No. 8332].

## Jurisdiction

6.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

7.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Applications and Applications, filed on September 15, 2008 [Docket No. 2].

## Retention of Bortstein Legal

9.      On November 26, 2008, the Debtors submitted (a) the Application to Employ Bortstein Legal as Special Counsel to the Debtors [Docket No. 1778] (the "Application") and (b) the supporting declaration of Lawrence Bortstein (the "Initial Declaration").  On December 17, 2008, the Court entered an Order [Docket No. 2277] (the "Initial Bortstein Legal Retention Order") approving the Application and authorizing the Debtors

3

to employ and retain Bortstein Legal as special counsel to the Debtors with respect to certain matters described in the Application generally relating to reviewing, structuring, drafting and negotiating vendor contracts.

10.    By this Supplemental Application, the Debtors seek to modify the scope of Bortstein Legal's retention as special counsel, previously approved by the Initial Bortstein Legal Retention Order, to include the negotiation and review of real estate leases and related matters (the "Additional Matters"), *nunc pro tunc* to May 17, 2010 (the "Engagement Date").

11.    The Debtors' knowledge, information and belief regarding the matters set forth in this Supplemental Application are based on and made in reliance upon the Declaration of Lawrence Bortstein in Support of the Supplemental Application (the "Supplemental Declaration" and together with the Initial Declaration, the "Declarations"), a copy of which is attached hereto as Exhibit 1.

12.    Because the Debtors now seek to engage Bortstein Legal with respect to the Additional Matters, the Debtors request entry of an order, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, expanding the scope of Bortstein Legal's retention as special counsel for the Debtors, effective as of the Engagement Date, with respect to the Additional Matters.

13.    Pursuant to the engagement letter, dated as of May 17, 2010, a copy of which is annexed as Schedule 1 to the Supplemental Declaration, Bortstein Legal's hourly rates with respect to the Additional Matters are $400 per hour for Lawrence Bortstein, $375 per hour for lawyers with 8 plus years of experience, and $325 per hour for lawyers with less than 8 years

of experience for attorneys expected to work on the matters for which Bortstein Legal will be retained.

14.     Based upon the Supplemental Declaration, it is the Debtors' understanding that it is Bortstein Legal's disbursement policy to pass through to the client all out-of-pocket expenses at actual cost or at estimated actual cost when the actual cost is difficult to determine. These expenses include, among other things, photocopying, travel expenses, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, expenses for "working meals," and telecopy charges.

15.     The Debtors have been informed that Bortstein Legal has not at this time undertaken to repeat its previous conflict check and clearance process with respect to all Interested Parties (as defined in the Supplemental Declaration) in these cases, but that Bortstein Legal has repeated its previous conflict check and clearance process with respect to the Additional Matters.  The Debtors have also been informed that Bortstein Legal will continue to update its conflicts disclosures contained in the Declarations in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court, and Bortstein Legal's past practices and established conflicts procedures relating to chapter 11 cases.

16.     Bortstein Legal has informed the Debtors that it does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters. *See In re AroChem*, 176 F. 3d 610, 622 (2d. Cir. 1999) (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).

**Notice**

17.     No trustee or examiner has been appointed in these chapter 11 cases.  The

Debtors have served notice of this Supplemental Application in accordance with the procedures

set forth in the amended order entered on February 13, 2009 governing case management and

administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) Bortstein Legal.  The Debtors submit that no other or further notice need be provided.

18.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  May 26, 2010
        New York, New York

                            /s/ Richard P. Krasnow_____
                            Richard P. Krasnow
                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

## Exhibit A

**Supplemental Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
                                        :
In re:                                  :        Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.:        08-13555 (JMP)
                                        :
        Debtors.                        :        (Jointly Administered)
                                        :
---------------------------------------------------------------X

**DECLARATION OF LAWRENCE BORTSTEIN**
**ON BEHALF OF BORTSTEIN LEGAL LLC PURSUANT TO**
**SECTION 327(e) OF THE BANKRUPTCY CODE AND RULES 2014(a)**
**AND 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**IN SUPPORT OF THE DEBTORS' APPLICATION FOR AUTHORIZATION**
**TO EMPLOY AND RETAIN BORTSTEIN LEGAL LLC AS SPECIAL COUNSEL TO**
**THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE**

LAWRENCE BORTSTEIN hereby declares, pursuant to sections 327 and 329 of

the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, as follows:

1.      I am the managing member of Bortstein Legal LLC ("Bortstein Legal"),

located at 39 Walbrooke Road, Scarsdale, New York 10583.  I am admitted to practice law in the

State of New York.

2.      I submit this supplemental declaration (the "Supplemental Declaration") in

support of the application dated May 26, 2010 (the "Supplemental Application") of the above-

captioned debtors and debtors in possession (collectively, the "Debtors") to expand the scope of

Bortstein Legal's retention as special counsel with respect to the Additional Matters, *nunc pro*

*tunc* to the Engagement Date, as set forth in further detail in the Supplemental Application.

Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts

set forth herein.  To the extent any information disclosed herein requires amendment or

modification upon Bortstein Legal's completion of further review, or as additional party-in-

interest information becomes available to Bortstein Legal, a supplemental declaration will be

submitted to the Court reflecting such amended or modified information. If I were called upon

to testify, I could and would testify competently to the facts set forth herein. I am authorized to

submit this Supplemental Declaration on behalf of Bortstein Legal.

        3.     On November 26, 2008, I submitted a declaration in support of the

Application to Employ Bortstein Legal as Special Counsel to the Debtors (the "Application").

        4.     On December 17, 2008, the Court entered an Order approving the

Application and authorizing the retention of Bortstein Legal as special counsel to the Debtors

with respect to reviewing, structuring, drafting and negotiating vendor contracts.

## Scope of Services

        5.     Subject to further order of this Court, the Debtors have requested that

Bortstein Legal expand the scope of their retention to render legal counsel and advice with

respect to the negotiation and review of real estate leases and related matters.

        6.     Bortstein Legal will perform the foregoing services, and other similar

services, as requested from time to time by the Debtors. Bortstein Legal's involvement in the

restructuring of the Debtors under chapter 11 of the Bankruptcy Code will be insignificant.

Since Bortstein Legal is not serving as the Debtors' bankruptcy counsel or restructuring advisor,

I have been advised that Bortstein Legal will not render "services . . . in contemplation of, or in

connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.

Bortstein Legal's work is comprised largely of matters that would proceed irrespective of the

commencement of these chapter 11 cases. Furthermore, the services to be rendered by Bortstein

Legal will not be duplicative of the work performed by Weil, Gotshal & Manges LLP ("WGM")

or any other law firms retained by the Debtors. Bortstein Legal will not render services in

connection with the claims or interests of the entities with whom it has a connection, as further

described herein.

7.       As a result of the foregoing, I believe that Bortstein Legal is qualified to

represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code.

**Bortstein Legal's Connections with Parties in
Interest in Matters Unrelated to these Chapter 11 Cases**

8.       Either I or Bortstein Legal may have in the past represented, and may in

the future represent, entities that are claimants or interest holders of the Debtors in matters

unrelated to the Debtors' pending chapter 11 cases.  In preparing this Supplemental Declaration,

I consulted the list of interested parties prepared by WGM in connection with the Debtors'

application to retain WGM, as the same has been supplemented or amended from time to time

(the "Potential Parties in Interest").  Except as otherwise stated herein, and to the best of my

knowledge, neither I nor Bortstein Legal (i) has any "connection" with the Debtors, their

creditors, any other parties in interest herein, or their respective professionals, or the U.S. Trustee

or (ii) holds or represents any interest adverse to the Debtors with respect to the matters on which

Bortstein Legal is to be retained.

9.       I reviewed the list of Potential Parties in Interest in order to identify the

names of individuals and entities for whom I have performed services within the last two years.

As a result of such review, I have determined that, in respect of each connection between

Bortstein Legal and such parties, neither I nor Bortstein Legal holds or represents an interest that

is adverse to the Debtors or the Debtors' estates with respect to the matters on which Bortstein

Legal is to be employed.

10.     To the best of my knowledge, neither I nor Bortstein Legal hold or represents any interest adverse to the Debtors' estates with respect to the matters upon which Bortstein Legal is to be retained. Moreover, neither I nor Bortstein Legal will represent the Debtors in any matter involving matters on which I worked as an employee of Barclays Capital Inc.

11.     In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is utilized in section 101(14)(e) of the Bankruptcy Code, as modified by section 1107(b), and Bankruptcy Rule 2014(a), between Bortstein Legal and (i) the United States Trustee or any person employed by the Office of the United States Trustee, (ii) any attorneys, accountants, or financial consultants that represent or may represent claimants or other parties in interest in these cases, except as set forth herein and (iii) investment bankers that represent or may represent claimants or other parties in interest in these cases, except as set forth herein. As part of its practice, Bortstein Legal may appear in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and other parties in interest in these cases. Bortstein Legal has not and will not represent any such parties in relation to the Debtors or their chapter 11 cases. Bortstein Legal does not have any relationship with any such attorneys, accountants, financial consultants, and investment bankers, which would be adverse to the Debtors or their estates.

12.     Bortstein Legal has not represented, and does not, and will not represent any of the aforementioned entities or their respective affiliates or subsidiaries in matters related to the Debtors or their chapter 11 cases.

13.     When additional information concerning entities having a connection with the Debtors is developed, I will file appropriate supplemental disclosures with the Court as necessary.

### Bortstein Legal's Rates and Billing Practices

14.     Pursuant to the engagement letter, dated as of May 17, 2010 (a copy of which is attached as Schedule 1), Bortstein Legal's hourly rates for this engagement are $400 per hour for Lawrence Bortstein, $375 per hour for lawyers with 8 plus years of experience, and $325 per hour for lawyers with less than 8 years of experience for attorneys expected to work on the matters for which Bortstein Legal will be retained.

15.     Bortstein Legal's disbursement policies pass through to the client all out-of-pocket expenses at actual cost or at estimated actual cost when the actual cost is difficult to determine.  These expenses include, among other things, photocopying, travel expenses, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, expenses for "working meals," and telecopy charges.

16.     At the time of the petition date, the Debtors did not owe any amounts to Bortstein Legal for services previously provided and expenses accrued.

17.     No promises have been received by Bortstein Legal or any member, counsel, or associate thereof as to payment or compensation in connection with these cases, other than in accordance with the provisions set forth herein.  Bortstein Legal has no agreement with any other entity to share with such entity any compensation received by Bortstein Legal or by such entity.

18.     Bortstein Legal intends to apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court, for allowances of

compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith.

19.    The foregoing constitutes the statement of Bortstein Legal pursuant to sections 327(e), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 25, 2010.

_____

Lawrence Bortstein

## Schedule 1 – Engagement Letter

**BORTSTEIN LEGAL LLC**
*Attorneys at Law*
275 Madison Avenue
New York, NY 10016
Tel: (917) 692-3305
Email: lbortstein@bandilaw.com

May 17, 2010

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
New York, NY 10020

Dear Mr. Gordon:

Thank you for selecting this firm to represent you as special counsel and for such special assignments as may be agreed upon by you and this firm in the future, relating to the chapter 11 proceeding filed on September 15, 2008. This letter will serve to set forth the Supplemental Engagement Agreement (as defined below) between Bortstein Legal LLC and Lehman Brothers Holdings Inc. ("LBHI").

**Scope of Engagement.** We have agreed that our supplemental engagement is limited to performance of services to LBHI and certain of its affiliates (the "Company"). This Engagement Agreement sets forth our role as special counsel for the Company with respect to real estate leases and related matters and for such special assignments as may be agreed upon by the Company and this firm with respect to such real estate leases and related matters in the future (the "Supplemental Engagement Agreement"). Because we are not your general counsel, our acceptance of this engagement does not involve an undertaking to represent you or your interests in any other matter. Bortstein Legal LLC acknowledges that LBHI and certain of its affiliates are debtors in chapter 11 bankruptcy cases styled *In re Lehman Brothers Holdings Inc., Case No. 08-13555-JMP*, which are pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The engagement will commence as soon as practical and as agreed to by the parties on or after the Bankruptcy Court enters an order approving the supplemental retention of Bortstein Legal LLC by the Company.

Bortstein Legal LLC agrees to represent the Company with respect to the negotiation and review of real estate leases and related matters for the Company (collectively, the "Services"). It is anticipated that this firm will provide Services with respect to the lease for space for the real estate private equity group and related matters, and other real estate leases and related matters as requested by the Company.                                    ]

NY2:\1936675\05\15$CJ05!.DOC\58399.0003

**Staffing.** Lawrence Bortstein will have primary responsibility for your representation and anticipates utilizing one (1) other attorney as he believes appropriate in the circumstances. We will provide legal counsel to you in accordance with this letter and in reliance upon information and guidance provided by you, to keep you reasonably informed of progress and developments, and to respond to your inquiries.

**Conflicts.** Lawrence Bortstein in his previous role at LBHI and role at BarCap has represented parties that may have disputes or transactions with the Company during the time that Bortstein Legal LLC is representing the Company. The Company and Bortstein Legal LLC agree that we will not represent the Company in connection with either claims of an existing client in the Company's chapter 11 proceeding or any other matter in which an existing client's interest may be adverse to the Company. We also will not represent any existing or new client in connection with any claims against LBHI or its affiliated debtors in the chapter 11 proceeding. In addition, the Company understands that Lawrence Bortstein was employed by BarCap from September 22, 2008 through December 12, 2008, as a result of BarCap's purchase of the Company's broker-dealer division. Bortstein Legal LLC will not provide services to BarCap in connection with any matters involving the Company.

**Fees.** Our fees for this engagement are $400 per hour for Lawrence Bortstein, $375 per hour for lawyers with 8 plus years of experience, and $325 per hour for lawyers with less than 8 years of experience for attorneys expected to work on the matters for which Bortstein Legal LLC will be retained.

**Costs and Expenses.** Out-of-town travel expenses will be reimbursed by the Company. Bortstein Legal LLC's disbursement policies pass through to the client all out-of-pocket expenses at actual cost or at estimated actual cost when the actual cost is difficult to determine. These expenses include, among other things, photocopying, travel expenses, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, expenses for "working meals," and telecopy charges.

**Payment of Statements.** Bortstein Legal LLC will submit regular invoices for services performed. Such invoices will be due and payable in accordance with the Bankruptcy Court's Third Amended Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (June 25, 2009, Docket No. 4165), and all other applicable orders of the Bankruptcy Court, rules, statutes, and U.S. Trustee guidelines. Time records will be kept for all services rendered. Bortstein Legal LLC will bill monthly.

We may withdraw from the representation if you fail to fulfill your obligations under this agreement, including your obligation to pay our fees and expenses, or as permitted or required under any applicable standards of professional conduct or rules of court, or upon our reasonable notice to you.

Please review this letter carefully and, if it meets with your approval, please sign the enclosed copy of this letter and return it to Lawrence Bortstein so that we may begin work. You may respond affirmatively by emailing a copy of the executed agreement to lbortstein@bandilaw.com. Please call Mr. Bortstein if you have any questions.

Very truly yours,

**BORTSTEIN LEGAL LLC**

By: _____
Lawrence A. Bortstein, Member

Date: _____5/7/10_____

**AGREED TO AND APPROVED:**
Lehman Brothers Holdings Inc.

By: _____
William Gordon
Date: _____5/17/10_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                        :
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :        **08-13555 (JMP)**
                                                        :
                                    **Debtors.**        :        **(Jointly Administered)**
                                                        :
-------------------------------------------------------------------x

## ORDER GRANTING SUPPLEMENTAL APPLICATION OF THE DEBTORS, PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF BORTSTEIN LEGAL LLC'S RETENTION AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

Upon the supplemental application, dated May 26, 2010 (the "Supplemental Application"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ and retain Bortstein Legal LLC ("Bortstein Legal") as special counsel to the Debtors, *nunc pro tunc* to the Engagement Date[1] with respect to the Additional Matters, all as more fully explained in the Supplemental Application; and upon the Declaration of Lawrence A. Bortstein, the Managing Member of Bortstein Legal (the "Supplemental Declaration"), filed in support of the Supplemental Application; and the Court being satisfied, based on the representations made in the Supplemental Application and the Supplemental Declaration, that Bortstein Legal represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Supplemental Application.

of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to

consider the Supplemental Application and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Supplemental Application and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Supplemental Application having been provided in accordance with the procedures set forth in

the amended order entered February 13, 2009 governing case management and administrative

procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; and (vi) Bortstein Legal, and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Supplemental Application is in the best interests of the Debtors, their estates and

creditors, and all parties in interest and that the legal and factual bases set forth in the

Supplemental Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Supplemental Application is approved; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to expand the scope of the employment and retention of Bortstein Legal as

special counsel to the Debtors on the terms set forth in the Supplemental Application and this

order, effective *nunc pro tunc* to the Engagement Date with respect to the Additional Matters identified in the Supplemental Application; and it is further

ORDERED that Bortstein Legal shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: June __, 2010
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE