**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
: 
In re                                                                             :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
:
                        Debtors.                :    (Jointly Administered)
:
---------------------------------------------------------------------x

## ORDER REGARDING MOTIONS OF SIMEON MORENO

        Upon consideration of (i) *Simeon Moreno's Motion (1) to Deem His Proof of Claim as Timely Filed, Nunc Pro Tunc; (2) for Relief from the Automatic Stay; (3) for Permission to Attend Hearing Via Telephone Conference; and (4) for Exemption from Service Requirements as to Certain Parties in the Master Service List* [Docket #7366], dated March 3, 2010 (hereinafter "Moreno's Late Claim Motion") and (ii) *Simeon Moreno's Motion for Declaration That the Automatic Stay Does Not Apply and that His Claims Constitute Administrative Expenses of the Estate* [Docket #7924], dated March 31, 2010 (hereinafter "Moreno's Section 959 Motion") (hereinafter collectively referred to as "Moreno's Motions"), the Court having jurisdiction to consider Moreno's Motions and the Objection [Docket #8407] (the "Objection") by Lehman Brothers Holdings, Inc. (hereinafter "LBHI"); and after due consideration of the statements of counsel for both Simeon Moreno (hereinafter "Moreno") and LBHI at a hearing held on April 20, 2010, deliberation and sufficient cause appearing therefore, it is

        ORDERED that (i) the request contained in Moreno's Late Claim Motion for relief from the automatic stay and (ii) the request contained in Moreno's Section 959 Motion for a declaration that the automatic stay is inapplicable to the claims that Moreno

seeks to assert against LBHI, are denied as moot in light of LBHI's agreement and consent that Moreno may prosecute to final judgment claims against LBHI in *Simeon Moreno v. Property Asset Management, Inc.*, et al, Case No. 09-01378-FJB (the "Massachusetts Bankruptcy Litigation") based on the transactions and occurrences included in the First Amended Complaint, without regard to the automatic stay.  The Massachusetts Bankruptcy Litigation against LBHI may proceed in accordance with whatever ordinary practice the court in the Massachusetts Bankruptcy Litigation establishes for that case without any concern as to the automatic stay in LBHI's chapter 11 case; provided that other than those based on the automatic stay, all of LBHI's rights, claims and defenses to Moreno's claims are preserved; and it is further

ORDERED that, other than as set forth in the preceding paragraph, a determination relating to all remaining issues raised in Moreno's Motions is deferred *sine die* to a date after a final determination of the claims that Moreno asserts against LBHI in the Massachusetts Bankruptcy Litigation, and entry of this Order is without prejudice to Moreno's right to seek a determination of said remaining issues at that time.  Moreno shall provide to LBHI at least 30 days notice prior to scheduling a hearing on the remaining issues in Moreno's Motions.

Dated: New York, New York
       May 26, 2010

                                               *s/ James M. Peck*
                                             Honorable James M. Peck
                                             United States Bankruptcy Judge