B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                              Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Citigroup Global Markets Inc. | BDF Limited |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Global Markets Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Marc Heimowitz
Phone: 212-723-1058
Email: marc.heimowitz@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Name and address where transferee payments should be sent (if different from above):

Court Claim # (if known):  63568
Amount of Claim: $1,900,000.00
Date Claim Filed:  November 2, 2009

Phone:  203-618-3500
Last Four Digits of Acct #:  ___2449___

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____     Date: ___5/24/10___
      Transferee/Transferee's Agent

*Penalty for making a false statement:*  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

### NOTICE OF TRANSFER OF CLAIM
### OTHER THAN FOR SECURITY

Claim No. 63568 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on May 26, 2010.

BDF Limited                                    Citigroup Financial Products Inc.
Name of Alleged Transferor                     Name of Transferee

Address of Alleged Transferor:                 Address of Transferee:

BDF Limited                                    Citigroup Global Markets Inc.
c/o Strategic Value Partners, LLC              390 Greenwich Street, 4th floor
100 West Putnam Avenue                         New York, New York 10013
Greenwich, CT 06830                            Attn: Marc Heimowitz
Attn: Alan J. Carr                             Phone: 212-723-1058
Phone: 203-618-3500                            Email: marc.heimowitz@citi.com
Email: acarr@svpglobal.com

                                               With a copy to:

                                               Paul, Weiss, Rifkind, Wharton & Garrison LLP
                                               1285 Avenue of the Americas
                                               New York, New York 10019
                                               Attn: Douglas R. Davis
                                               Phone: 212-373-3000
                                               Email: ddavis@paulweiss.com

### ~ DEADLINE TO OBJECT TO TRANSFER ~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____        _____
                                      **CLERK OF THE COURT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:       THE DEBTOR AND THE BANKRUPTCY COURT

1.        For value received, the adequacy and sufficiency of which are hereby acknowledged, **BDF Limited**
("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CITIGROUP GLOBAL
MARKETS INC.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an
undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased
Claim"), in Seller's right, title and interest in and to Proof of Claim Number **63568** filed by or on behalf of Seller
(the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the
"Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"),
administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the
Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest,
damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or
with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter
arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under
a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including,
without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy
Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or
in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit,
attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right,
title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the
rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the
Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and
(c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating
to the Purchased Claim and specified in Schedule 1 attached hereto.

2.        Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and
timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's
order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of
Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities"
available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title
to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations,
or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to
execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes
the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or
omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect
of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other
unsecured creditors.

3.        Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the
books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice
or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the
Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by
Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect
to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of
Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges
and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller
transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the
Transferred Claims, and directing that all payments or distributions of money or property in respect of the
Transferred Claim be delivered or made to Purchaser.

4.        All representations, warranties, covenants and indemnities shall survive the execution, delivery
and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.
Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of May 2010.

BDF Limited
By: Strategic Value Master Fund
Its Investment Advisor

By: _____
Name:
Title:    JAMES L. VARLEY
          AUTHORIZED SIGNATURE

100 West Putnam Ave
Greenwich, CT. 06830

CITIGROUP GLOBAL MARKETS INC.

By: _____
Name:
Title:    Managing Director

390 Greenwich Street
New York, NY 10013

Schedule 1

Transferred Claims

Purchased Claim

100% of $1,900,000 (the outstanding amount of the Proof of Claim as of May ___, 2010.)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| LBT Notes | XS0250656542 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,900,000.00 | Index Linked Rate | 04/12/11 |

Schedule 1–1

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P O Box 5076
New York, NY 10150-5076

| In Re | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc , et al , | Case No 08-13555 (JMP) |
| Debtors | (Jointly Administered) |

**LEHMAN SECURITIES PROGRAMS
PROOF OF CLAIM**

Filed USBC  Southern District of New York
Lehman Brothers Holdings Inc  Et Al
08-13555 (JMP)            0000063568

Note: This form may not be used to file a claim other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009.

| Name and address of Creditor  (and name and address where notices should be sent if different from Creditor)<br><br>BDF Limited<br>c/o Strategic Value Partners, L L C<br>100 West Putnam Avenue<br>Greenwich, CT 06830<br>Attn  Alan J  Carr | ☐ Check this box to indicate that this claim amends a previously filed claim<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on _____ |
|---|---|
| Telephone number  (203) 618-3500        Email Address  acarr@svpglobal com | |
| Name and address where payment should be sent (if different from above)<br><br>Telephone number                  Email Address | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars |

**1. Provide the total amount of your claim based on Lehman Programs Securities**  Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008  The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008  If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates

**Amount of Claim  (see annex)** _____

☐ Check this box if the amount of your claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities

**2. Provide the International Securities Identification Number (ISIN)** for each Lehman Programs Security to which this claim relates  If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates

**International Securities Identification Number (ISIN):**     XS0250656642

**3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number")** for each Lehman Programs Security for which you are filing a claim  You must acquire a Blocking Number from your accountholder (i e  the bank, broker or other entity that holds such securities on your behalf)  If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

_____ 6058884 _____

**4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim**  You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i e  the bank, broker or other entity that holds such securities on your behalf)  Beneficial holders should not provide their personal account numbers

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number.**

_____ 22449 _____

| **5. Consent to Euroclear Bank, Clearstream Bank or Other Depository·** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions | **FOR COURT USE ONLY** |
|---|---|
| **Date.**<br><br>10/30/09 | **FILED / RECEIVED**<br>NOV 0 2 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
| **Signature.** The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any<br><br>By  Strategic Value Partners, L L C , investment advisor to BDF Limited | |

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C  §§ 152 and 3571

USActive 17606503 1



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                          :
In re:                                    :
                                          :    Chapter 11
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    Case No. 08-13555 (JMP)
                                          :
                                          :    (Jointly Administered)
                     Debtors.             :
                                          :
---------------------------------------------------------------x

## ANNEX TO PROOF OF CLAIM

   This is an Annex to, and a part of, the proof of claim (the "Proof of Claim") filed by BDF Limited ("Claimant"), having offices at 100 West Putnam Avenue, Greenwich, Connecticut 06830.  Claimant is the holder of the claim (the "Claim") against **Lehman Brothers Holdings Inc.** ("Lehman" or the "Debtor," and collectively with Lehman's affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases, the "Debtors") described on the prefixed Proof of Claim and as set forth in further detail in this Annex.

   THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS INCORPORATED THEREIN BY REFERENCE.  Upon information and belief, the Debtors are in possession of the documents (the "Notes Documents") governing the Notes (defined below) and the Debtors' obligations with respect thereto, which documents are incorporated by reference into the Proof of Claim.  In accordance with the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form entered July 2, 2009 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned cases, documentation supporting the Notes and the Claim are not attached to or submitted with the Proof of Claim except as set forth herein.  Claimant will furnish the Debtor with copies of additional pertinent documentation upon request or as otherwise required by order of the Bankruptcy Court.

   1. Basis for Claim:  On September 15, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), in the Bankruptcy Court.  The Debtors are obligated to the Claimant for the Claim described herein.

   (a) The Claim asserted herein represents the obligations, liabilities and indebtedness owing by the Debtor to the Claimant, arising under and in connection with the following:

     (i) Claimant is the holder of $1,900,000 in outstanding principal amount of Leveraged Credit Linked Notes due April 12, 2011 issued by Lehman Brothers Treasury

USActive 17606535.1

Leveraged Credit Linked Notes due April 12, 2011; ISIN XS0250656542; Blocking ref no. 6058884

Co. B.V. (the "Issuer"), ISIN XS0250656542, Blocking reference no. 6058884 (the "Notes").

(ii)    Pursuant to the Notes Documents, Debtor has irrevocably and unconditionally guaranteed the performance by the Issuer of all of the Issuer's obligations with respect to the Notes, including without limitation the due and punctual payment of each amount payable in respect of the Notes and the Deed of Covenant (as defined in the Notes Documents) as and when the same become due and payable.

(iii)    The Debtor has also fully guaranteed the payment of all liabilities, obligations and commitments of the Issuer, including without limitation with respect to the Notes, and of certain other affiliates pursuant to the <u>Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc.</u> dated June 9, 2005 (the "Global Guarantee").

(iv)    Pursuant to the Notes Documents, the Debtor has acknowledged that its obligations are several and independent of the Issuer and that the Debtor is also liable as sole principal debtor with respect to the Notes. The Debtor has also irrevocably agreed that any sum expressed to be payable by Issuer which is for any reason not recoverable from it on the basis of its guarantee, will nevertheless be recoverable from the Debtor as if it were the sole principal debtor.

(v)    Pursuant to the Notes Documents, the Debtor's obligations with respect to the Notes constitute direct, unconditional and unsecured obligations of the Debtor and rank *pari passu* in right of payment equally with all other unsecured and unsubordinated debt obligations of the Debtor.

(vi)    Issuer was declared bankrupt by the Amsterdam District Court on October 8, 2008.

(vii)    The filing of the petition commencing the Debtor's chapter 11 case and the declaration of bankruptcy of the Issuer each constituted a default under the Notes.

(b)    As of the Petition Date, the Debtor was (i) contingently indebted in respect of its guarantee of the Notes, and (ii) noncontingently indebted in respect of the Debtor's liability as sole principal debtor with respect to the Notes, in each case in the amount of (i) $1,900,000 in outstanding principal amount of the Notes, plus (iii) all applicable premiums, fees, costs, expenses, advances, charges and other amounts of any kind or nature for which the Debtor may be obligated under the Notes Documents, and to which the Claimant may be entitled.

(c)    Without limiting any of the foregoing, Claimant reserves all of its rights to assert claims for interest (including, without limitation, at a default rate), fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided or contemplated under the Notes Documents, any supporting documentation or applicable law. The

USActive 17606535.1                                    -2-

total amount of such interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts cannot, at this time, be calculated or estimated with certainty.

2.      Secured Claim:  The Claim of the Claimant against the Debtor for amounts due and owing as of the Petition Date is an unsecured claim to the extent of any deficiency following any exercise by Claimant of any rights of setoff that it may have against the Debtor.  Claimant hereby asserts any and all rights of setoff it may have in respect of the Claim, including, without limitation, the right to setoff its Claim against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against the Claimant.

3.      Credits:  The amount of all payments on the Claim has been credited and deducted for purposes of making this Proof of Claim.

4.      Reservation of Rights:

(a)     In filing its Proof of Claim, Claimant expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor and the Issuer under the Notes Documents or otherwise.  This description and classification of claims by Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant. Furthermore, Claimant expressly reserves all rights to amend, modify and/or supplement the Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest (including, without limitation, at the default rate), fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.

(b)     Claimant's Proof of Claim and written demand for payment are filed without prejudice to the filing by Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of any of the Debtors.  Claimant does not, by its Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

(c)     By filing the Proof of Claim, Claimant does not waive any rights under chapter 5 or any other provision of the Bankruptcy Code.

(d)     In executing and filing its Proof of Claim, Claimant does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to its Claim against the Debtor and does not waive or release: (i) its rights and remedies against any other person or entity (including, but not limited to, Issuer) that may be liable for all or part of the Claim set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor or otherwise; (ii) any obligation owed to it, or any right to any security that may be determined to be held by it or for its benefit; (iii) any past, present or future defaults (or events of default) by the Debtor or others; or (iv) any right to the subordination, in favor of Claimant, of indebtedness or liens held

by other creditors of the Debtor. The filing of the Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

(e)    Nothing contained in the Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of Claimant to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of Claimant to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of Claimant to have the reference withdrawn by the United States District Court for the Southern District of New York in any matter subject to mandatory or discretionary withdrawal; (iv) the right of Claimant to have any unliquidated portions of the Claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which Claimant is or may be entitled under any agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

5.    Notices: All notices with respect to the Claim should be sent to:

BDF Limited
c/o Strategic Value Partners, L.L.C.
100 West Putnam Avenue
Greenwich, Connecticut 06830

Attention:    Alan J. Carr
Phone:        (203) 618-3576
Email:        acarr@svpglobal.com

with copies to:

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attention:    Ms. Jill Kaylor
Phone:        212-504-6000
Facsimile:    212-504-6666

Dated: October 30, 2009

H
A
N
D

D
E
L
I
V
E
R
Y



**FILED / RECEIVED**

NOV 0 2 2009

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

NK
_____
**RECEIVED BY:**

_____
**DATE**

11:37
_____
**TIME**