**Hearing Date and Time: June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  June 9, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Pérez
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11 Case No.** |
| | **:** | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | **:** | **08-13555 (JMP)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |

------------------------------------------------------------------x

**NOTICE OF MOTION OF THE DEBTORS**
**PURSUANT TO SECTIONS 105(a) AND 363(b) OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULES 6004(h) AND 9019(a) FOR THE ESTABLISHMENT OF**
**PROCEDURES TO DISPOSE OF CERTAIN REAL ESTATE ASSETS**
**AND MODIFICATION OF THE ORDER ESTABLISHING PROCEDURES**
**TO (I) RESTRUCTURE, (II) MAKE NEW OR ADDITIONAL DEBT OR**
**EQUITY INVESTMENTS IN, AND/OR (III) ENTER INTO SETTLEMENTS AND**
<u>**COMPROMISES IN CONNECTION WITH EXISTING REAL ESTATE INVESTMENTS**</u>

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "<u>Motion</u>"),

of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases (together, the "<u>Debtors</u>"), pursuant to sections 105(a) and 363(b) of title 11 of the United

States Code and Rules 6004(h) and 9019(a) of the Federal Rules of Bankruptcy Procedure seek

authority to establish procedures pursuant to which the Debtors may sell, transfer, assign,

convey, spin-off, grant a lien upon, encumber, charge, or otherwise dispose of certain assets in

connection with existing real estate investments, and to modify the reporting requirements set

forth in the order establishing procedures to (i) restructure, (ii) make new or additional debt or

equity investments in, and/or (iii) enter into settlements and compromises in connection with

existing real estate investments, all as more fully described in the Motion, will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **June 16, 2010 at 10:00 a.m. (Prevailing**

**Eastern Time)** (the "Hearing").

　　　　　　　　　PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the

objecting party, the basis for the objection and the specific grounds thereof, and shall be filed

with the Bankruptcy Court electronically in accordance with General Order M-242 (which can

be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing

system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with two

hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the

Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601;

(ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Alfredo

R. Perez, Esq. and Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the

United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,

New York, New York 10004 Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian

Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed,

Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis

F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official

committee of unsecured creditors appointed in these cases, so as to be so filed and received no later than **June 9, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 26, 2010
New York, New York

/s/ Shai Y. Waisman
Alfredo R. Pérez
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Pérez
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
|   |   |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

-------------------------------------------------------------------x

**MOTION OF THE DEBTORS**
**PURSUANT TO SECTIONS 105(a) AND 363(b)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULES 6004(h) AND 9019(a) FOR THE ESTABLISHMENT OF**
**PROCEDURES TO DISPOSE OF CERTAIN REAL ESTATE ASSETS AND**
**MODIFICATION OF THE ORDER ESTABLISHING PROCEDURES**
**TO (I) RESTRUCTURE, (II) MAKE NEW OR ADDITIONAL DEBT OR**
**EQUITY INVESTMENTS IN, AND/OR (III) ENTER INTO SETTLEMENTS AND**
**COMPROMISES IN CONNECTION WITH EXISTING REAL ESTATE INVESTMENTS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), respectfully represent:

**Background**

1.       Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

The Examiner issued a report at his investigation pursuant to section 1106 of the Bankruptcy

Code on March 11, 2010 [Docket No. 7531].

5.      On March 15, 2010, the Debtors filed their Joint Chapter 11 Plan pursuant

to section 1121 of the Bankruptcy Code.  On April 14, 2010, the Debtors filed an amended

proposal of their chapter 11 plan [Docket No. 8330] and their proposed disclosure statement

pursuant to section 1125 of the Bankruptcy Code [Docket No. 8332].

### Jurisdiction

6.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

7.       Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.       Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Relief Requested

9.       By this Motion, the Debtors seek authority under sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004(h) and 9019(a) to establish procedures pursuant to which they may sell, transfer, assign, convey, spin-off, grant a lien upon, encumber, charge, or otherwise dispose of certain assets, including real property owned by the Debtors, and other real estate assets, in connection with existing commercial mortgage loans, commercial mezzanine loans, residential mortgage loans, repurchase facilities and other loans and similar facilities either owned by the Debtors or in which the Debtors have a direct or indirect debt or equity investment or other interest, in each case directly or indirectly in or secured by real property or interests therein ("Real Estate Investments") in order to maximize the value of the investment for the benefit of the Debtors' estates and creditors.

10.       Additionally, the Debtors request the modification of the reporting requirements set forth in the Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) Establishing Procedures to (I) Restructure, (II) Make New or

Additional Debt or Equity Investments In and/or In (III) Enter Into Settlements and

Compromises In Connection With Existing Real Estate Investments, dated November 23, 2009

(the "Restructuring Procedures Order") [Docket No. 5912].

### The Debtors' Real Estate Lending Business
### and Sale and Disposition of Real Estate Investments

11.      As of September 15, 2008, the Debtors were among the nation's leading

real estate lenders with thousands of Real Estate Investments.  In the ordinary course of their

business prior to the Commencement Date, and in accordance with standard practices in the real

estate lending industry, the Debtors engaged in a variety of activities with respect to Real Estate

Investments, which included, honoring existing funding obligations in the underlying loan and

equity agreements, and selling or otherwise disposing of such Real Estate Investments.

12.      Since the Commencement Date, the Debtors have been reviewing and

assessing their Real Estate Investment positions, and, where appropriate, (i) transferring

commercial and residential real estate loans that may be subject to foreclosure or deeds or

assignments in lieu of foreclosure to non-debtor special purpose entities wholly owned directly

or indirectly by LBHI,[1] (ii) entering into discounted payoff transactions with respect to

commercial and residential mortgage loans and modifying the terms of residential mortgage

loans,[2] (iii) selling or abandoning *de minimis* assets,[3] and (iv) restructuring certain financial and

---

[1] On September 24, 2009, the Court entered the *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for the Establishment of Procedures for the Debtors to Transfer Their Interests in Respect of Residential and Commercial Loans Subject to Foreclosure to Wholly-Owned Non-Debtor Subsidiaries* (the "SPE Foreclosure Procedures Order") [Docket No. 5272].

[2] On September 16, 2009, the Court entered the *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing the Establishment of Procedures for the Debtors to Compromise Claims of the Debtors in Respect of Real Estate Loans* (the "Discounted Payoff Procedures Order") [Docket No. 5187].

[3] On March 31, 2010, the Court entered the *Amended Order Granting Debtors' Motion Pursuant to Sections 105, 363 and 554(a) of the Bankruptcy Code For Authority to Establish Procedures to Sell or Abandon* De Minimis

other non-monetary terms of certain Real Estate Investments.  In evaluating the appropriate

course of action in these areas, the Debtors have provided regular and fulsome updates and

abundant information to the advisors to the Creditors' Committee and have been acting in

accordance with the Approved Procedures Orders, each as applicable.

13.     As is customary in the real estate industry, the Debtors, in their capacity as

lenders or equity holders, may determine, in their reasonable business judgment, that

circumstances warrant disposing all or a portion of certain Real Estate Investments through

various means, including, but not limited to:  selling (either for cash or for other consideration)

or otherwise transferring, assigning, or spinning-off an investment, pledging an interest in an

investment to secure new obligations, or entering into partnerships, joint ventures or similar

arrangements with respect to certain investments (a "Disposition").  As part of such Dispositions,

the Debtors may determine in their reasonable business judgment that circumstances warrant

entering into settlements and compromises with borrowers, guarantors, sponsors, lenders,

investors, business partners, joint ventures, brokers, and any other person with an interest in, or

in the proceeds of, a Real Estate Investment or equity interests therein and/or claims arising

therefrom, including, without limitation, the forgiveness of debt and conveyance of direct or

indirect interests in real property, including, without limitation, the release of collateral,

borrowers, guarantors, and/or sponsors ("Disposition Settlements" and collectively with

Dispositions, "Real Estate Disposition Transactions").

14.     Real Estate Disposition Transactions, where appropriate, are intended to

generate a greater likelihood of maximum recovery on the original investment and,

---

Assets (the "_De Minimis_ Asset Procedures Order" and, together with the Discounted Payoff Procedures Order, the Restructuring Procedures Order and the SPE Foreclosure Procedures Order, the "Approved Procedures Orders") [Docket No. 7958].

concomitantly, recoveries for the Debtors' estates and creditors.  For example, Real Estate

Disposition Transactions may allow the Debtors to eliminate the need to advance large sums of

money to maintain certain Real Estate Investments, the maintenance of which, in some

circumstances, has proven to be a burden to the Debtors' estates in excess of the expected return

from the investment.  As the Debtors are currently in the process of liquidating their estates,

entering into Real Estate Disposition Transactions can be an effective manner in which to

opportunistically monetize certain assets in order to realize a gain in value, or protect against

asset loss and value deterioration.

15.    Prior to the Commencement Date, the Debtors undertook Real Estate

Disposition Transactions in the ordinary course of their business.  The Debtors propose to

continue to undertake these activities with respect to Real Estate Investments in a manner

substantially consistent with their prepetition practices, subject to the procedures set forth in this

Motion, and without the need for obtaining Court approval of each such transaction.  While the

Debtors believe that Real Estate Disposition Transactions constitute transactions in the ordinary

course of the Debtors' business not requiring notice or a hearing under section 363(c) of the

Bankruptcy Code, it is out of an abundance of caution and for the purposes of maintaining the

transparency of the bankruptcy process and providing full disclosure to the estates' creditors that

the Debtors filed this motion.

16.    Absent the relief requested in this Motion, the Debtors may be required to

seek specific Court approval prior to each Real Estate Disposition Transaction.  Given the

number of Real Estate Investments the Debtors have—numbering in the hundreds—filing

individual pleadings with respect to each Real Estate Disposition Transaction, which the Debtors

believe may be numerous, sending notice of each of such proposed Real Estate Disposition

Transactions to every party entitled to receive notice in these cases, and holding individual hearings to approve same would be needlessly expensive, time-consuming, cumbersome and highly inefficient.

17.    Accordingly, this Motion sets forth clear guidelines and procedures the Debtors propose to implement with respect to Real Estate Disposition Transactions.  The Debtors believe that it would be far more efficient and cost effective for their estates and creditors if they were authorized to undertake Real Estate Disposition Transactions under the terms and conditions outlined in this Motion.

18.    The Debtors seek authorization to implement the following procedures to enter into Real Estate Disposition Transactions:

a.    The Debtors may enter into and consummate a Real Estate Disposition Transaction involving a Real Estate Investment having an aggregate Estimated Recovery Amount[4] of up to and including $25 million without further order of the Court or approval of or notice to any other party; *provided, however*, that the Debtors will provide notice to the Creditors' Committee of such Real Estate Disposition Transactions to which a Debtor is a party as soon as practicable but in no event later than promptly following the closing of such transactions. Notwithstanding the foregoing, to the extent any party to a Real Estate Disposition Transaction to which a Debtor is a party being either a person employed by the Debtors at any time on or after September 15, 2007 or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Real Estate Disposition Transaction to which a Debtor is a party, the Debtors will provide to the Creditors' Committee a summary of the proposed Real Estate Disposition Transaction to which a Debtor is a party, identifying the salient terms of such proposed Real Estate Disposition Transaction (the "Real Estate Disposition Transaction Summary").  The Creditors' Committee will be required to submit any objections to a Real Estate Disposition Transaction identified in a Real Estate Disposition Transaction Summary so as to be received by the Debtors on or before ten (10) business days after service of such Real Estate Disposition Transaction Summary; *provided, however*, that if the Creditors' Committee

---

[4] "Estimated Recovery Amount" as used herein shall mean the estimated net cash flows associated with any Real Estate Investment (or the pro rata value of such Real Estate Investment to the extent the Real Estate Disposition Transaction is for less than all of such Real Estate Investment) as set forth on a schedule as of December 31,2009 as agreed to by the Creditors' Committee, or such other amount as otherwise agreed to by the Creditors' Committee.

requests additional information regarding such a Real Estate Disposition Transaction, its objection period shall be suspended until the requested information has been provided.  If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may file a motion with the Court seeking approval of such Real Estate Disposition Transaction.  If the Creditors' Committee does not timely object to such a Real Estate Disposition Transaction, or the Debtors and the Creditors' Committee resolve a timely objection, the Debtors may proceed with such Real Estate Disposition Transaction without further order of the Court or notice to or approval of any party.

b.      If a Real Estate Disposition Transaction to which a Debtor is a party involves a Real Estate Investment having an aggregate Estimated Recovery Amount of greater than $25 million but less than or equal to $100 million, the Debtors will provide to the Creditors' Committee a Real Estate Disposition Transaction Summary.  The Creditors' Committee will be required to submit any objections to a Real Estate Disposition Transaction to which a Debtor is a party identified in a Real Estate Disposition Transaction Summary so as to be received by the Debtors on or before ten (10) business days after service of such Real Estate Disposition Transaction Summary; *provided, however*, that if the Creditors' Committee requests additional information regarding a Real Estate Disposition Transaction, its objection period shall be suspended until the requested information has been provided.  If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may file a motion with the Court seeking approval of such Real Estate Disposition Transaction.  If the Creditors' Committee does not timely object to such Real Estate Disposition Transaction, or the Debtors and the Creditors' Committee resolve a timely objection, the Debtors may proceed with such Real Estate Disposition Transaction without further order of the Court or notice to or approval of any party.

c.      If a Real Estate Disposition Transaction to which a Debtor is a party involves a Real Estate Investment having an aggregate Estimated Recovery Amount of greater than $100 million, the Debtors will be required to file a motion with the Court seeking approval of such Real Estate Disposition Transaction.

d.      The ability of the Debtors to carry out the actions set forth in the foregoing procedures shall not override any applicable notice, consent or other rights that any third parties may have pursuant to agreements with the Debtors.

19.     As part of the procedures set forth herein, the Debtors will file with the

Court, on a quarterly basis beginning not later than 105 calendar days after entry of an order

approving this Motion, a report identifying (i) the number of Real Estate Disposition

Transactions to which a Debtor is a party pursuant to the foregoing procedures during the prior

three calendar months, (ii) the aggregate Estimated Recovery Amount of all Real Estate

Investments subject to such Real Estate Disposition Transactions to which a Debtor is a party,

and (iii) with respect to Real Estate Disposition Transactions to which a Debtor is a party having

an aggregate Estimated Recovery Amount of greater than $25 million but less than or equal to

$100 million, (a) the city in which the asset related to such Real Estate Disposition Transaction is

located, (b) to the extent the consideration received by the Debtors for such a Real Estate

Disposition Transaction is cash, the dollar amount of consideration, and, (c) to the extent the

consideration received by the Debtors for such Real Estate Disposition Transaction is not cash,

the nature of the consideration received as "other."

20.     The procedures set forth in this Motion are intended to complement, and

not override, the procedures approved by this Court in the Approved Procedures Orders.  To the

extent a Real Estate Disposition Transaction to which a Debtor is a party proposed to be

undertaken pursuant to the procedures set forth in this Motion conflicts with the procedures set

forth in any of the Approved Procedures Orders, the procedures set forth in the applicable

Approved Procedures Order shall govern.

### Basis for Relief

21.     This Court has the authority to grant the relief requested in this Motion

pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order that is

necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section

363(b)(1) of the Bankruptcy Code provides that "[t]he [debtor-in-possession] after notice and a

hearing, may use, sell, or lease, other than in the ordinary course of business, property of the

estate . . . ."  *See* 11 U.S.C. § 363(b)(1); Fed. R. Bankr. P. 6004(f)(1) ("All sales not in the

ordinary course of business may be by private sale or by public auction.").  The decision to use

or sell assets outside the ordinary course of business is based upon the sound business judgment

of the debtor.  *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 772

F.2d 1063, 1071 (2d Cir. 1983); *In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992); *In re

Adelphia Communications Corp.*, No. 02-41729 (REG) (Bankr. S.D.N.Y. July 31, 2002).

      22.     It is generally understood that "[w]here the debtor articulates a reasonable

basis for its business decisions (as distinct from a decision made arbitrarily or capriciously),

courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville

Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  If a valid business justification exists, there is

a strong presumption that "the directors of a corporation acted on an informed basis, in good

faith and in the honest belief that the action taken was in the best interests of the company."  *In

re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom,* 488

A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).  The burden of rebutting

this presumption falls to parties opposing the proposed exercise of a debtor's business judgment.

*Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

      23.     For the reasons discussed above, the Debtors believe that entering into

Real Estate Disposition Transactions constitute actions in the ordinary course of the Debtors'

business not requiring notice or a hearing under section 363(c) of the Bankruptcy Code.  To the

extent that such transactions are deemed to be outside of the ordinary course of the Debtors'

business, the Debtors have nevertheless determined that entering into such Real Estate

Disposition Transactions represents the best method to realize value from the Real Estate

Investments, thereby maximizing return for the Debtors' estates and creditors.  Real Estate

Disposition Transactions enable the Debtors to realize the value of the assets that underlie the

Real Estate Investments, which, in turn, enables the Debtors to protect the value of their interests

in such investments.  The proposed procedures are designed to allow the Debtors to effectively and safely dispose of Real Estate Investments while at the same time protect the interests of the estates' creditors by implementing certain notice and consent requirements as conditions to the Dispositions.

24.     In light of the expected volume of such transactions currently contemplated by the Debtors, and in order to limit the costs that would otherwise be incurred in seeking Court approval on a one-off basis, the Debtors submit that the protocol set forth herein is in their best interest.  To the extent the Creditors' Committee does not consent to a proposed Real Estate Disposition Transaction valued above a certain pre-established threshold, the proposed procedures require the Debtors to seek court approval of the proposed Real Estate Disposition Transaction.

25.     To the extent that a Real Estate Disposition Transaction is deemed to involve a settlement or compromise of claims within the context of a Disposition, approval of the transaction is warranted under Bankruptcy Rule 9019(a), which provides that, "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement."  FED. R. BANKR. P. 9019(a).  This rule empowers bankruptcy courts to approve compromises "if they are in the best interest of the estate."  *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).  Indeed, courts have long considered compromises to be "a

normal part of the process of reorganization." *TMT Trailer Ferry,* 390 U.S. at 424 (quoting *Case v. Los Angelas Lumber Prods. Co.*, 308 U.S. 106, 130 (1939).

26.    While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 496.  "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact…. The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

27.    The court may give weight to the "informed judgments of the … debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness…. If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

28.    The Debtors seek the establishment of procedures, which if complied with, would render certain future compromises and settlements of the Debtors' rights in connection with Real Estate Disposition Transactions pre-approved.  Other courts have granted authority to settle various types of claims to debtors in possession in other large chapter 11 cases, including *In re Footstar, Inc. et al.*, Case No. 04-22350 (Bankr. S.D.N.Y. May 27, 2004) (approving

procedures for the settlement of litigation claims and pre-petition leases and contracts); *In re NRG Energy, Inc., et al.*, Case No. 03-13024 (Bankr. S.D.N.Y. September 29,2003) (approving procedures for the settlement of terminated derivative contracts); *In re Armstrong World Industries, Inc., et al.*, Case No. 00-4471 (Bankr. D. Del. May 31, 2002) (approving procedures for the settlement of personal injury claims, employee litigation claims and tax claims against the debtor); *In re General Growth Properties, Inc., et al.*, Case No. 09-11977 (Bankr. S.D.N.Y. January 20, 2010) (approving procedures for the settlement of certain prepetition claims); *In re Motors Liquidation Company, et al.*, Case No. 09-50026 (Bankr. S.D.N.Y. October 6, 2009) (approving procedures for the settlement of certain prepetition claims).  Similarly, this Court has approved procedures for compromise and settlement of claims, including in the Approved Procedures Orders.

29.    For the foregoing reasons, the procedures set forth in this Motion to allow the Debtors to enter into Real Estate Disposition Transactions that are within the parameters set forth in Bankruptcy Rule 9019 and are in the best interests of the Debtors, their estates, their creditors, and all parties in interest.

**The Reporting Requirements of the Restructuring Procedures Order Should be Modified**

30.    The Debtors additionally request the modification of the reporting requirements of the Restructuring Procedures Order.  The Restructuring Procedures Order currently requires the Debtors to file with the Court on a quarterly basis, a report of all transactions entered into pursuant to the Restructuring Procedures Order during the prior three months, identifying the number of transactions entered, whether the transaction involved a restructuring, new investment, settlement, or combination thereof, the value of each investment and the extent of any new investment made in connection therewith.  While the Debtors continue to operate in accordance with the Restructuring Procedures Order, the Debtors believe that

compliance with the reporting requirements contained therein is onerous, costly and time

consuming.  The burden on the Debtors' estates of compliance with the existing reporting

requirements far outweighs the benefit to the Debtors' creditors of receiving such information.

Accordingly, the Debtors and the Creditors' Committee have discussed new reporting

requirements that will allow for the Debtors to comply with the Restructuring Procedures Order

in a transparent manner and provide the Creditors with sufficient information regarding

transactions entered into pursuant to such order, while saving costs of the estate.  Accordingly,

the Debtors have proposed modified reporting requirements, whereby the Debtors will continue

to file, on a quarterly basis, a report of all New Investments entered into pursuant to the

Restructuring Procedures Order during the prior three months, identifying the aggregate amount

funded by the Debtors and, to the extent the amount funded with respect to individual assets

exceeded $1 million, the number and amount of such funding and the city where the property

related to such New Investment is located.  The Creditors' Committee has informed the Debtors

that it supports the proposed modifications to the reporting requirements.  The Debtors therefore

request authorization to modify the existing reporting requirements so that the paragraph that

reads:

> As part of the procedures set forth herein, the Debtors will file with the
> Court, on a quarterly basis beginning not later than 105 calendar days after
> entry of an order approving this Motion, a report of all Real Estate Loan
> Transactions entered into by the Debtors during the prior three calendar
> months pursuant to these procedures, identifying (i) the number of Real
> Estate Loan Transactions entered into by the Debtors, (ii) with respect to
> each Real Estate Loan Transaction, whether such Real Estate Loan
> Transaction involved a Restructuring, a New Investment, a Settlement, or
> some combination thereof, (iii) the Mark-to-Market Carrying Value of
> each Real Estate Investment subject to a Real Estate Loan Transaction,
> and (iv) to the extent the Real Estate Loan Transaction involved a New
> Investment, the amount of the New Investment made in connection
> therewith.

shall be replaced in its entirety by the following language:

> As part of the procedures set forth herein, the Debtors will file with the Court, on a quarterly basis, a report of all New Investments made by the Debtors during the prior three calendar months pursuant to these procedures, (i) identifying the aggregate amount funded by the Debtors with respect to real estate assets owned by the Debtors, and (ii) to the extent the amount funded with respect to individual assets is greater than or equal to $1 million, the Debtors will identify (a) the number and amount of each of such fundings on a line item basis and (b) the city in which the asset related to such New Investment is located.

### Relief Under Bankruptcy Rule 6004(h)

30.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale or lease of property . . . is stayed until expiration of 14 days after entry of the order, unless the Court orders otherwise."  Fed. R. Bank. P. 6004(h).  The Debtors are currently in the process of negotiating several Real Estate Disposition Transactions and seek to consummate such transactions as soon as possible in order to realize their full value.  Accordingly, the Debtors seek to consummate transactions contemplated by this Motion immediately following the entry of the proposed order.  Waiver of the fourteen-day stay is therefore requested.

### Notice

31.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

32.　　No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: May 26, 2010
　　　　New York, New York

　　　　　　　　　　　　　　　　/s/ Shai Y. Waisman
　　　　　　　　　　　　　　　　Alfredo R. Pérez
　　　　　　　　　　　　　　　　Shai Y. Waisman

　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　New York, New York 10153
　　　　　　　　　　　　　　　　Telephone: (212) 310-8000
　　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　　Attorneys for Debtors
　　　　　　　　　　　　　　　　and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
In re                                                              :          **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                       :          **08-13555 (JMP)**
                                                                   :
                                    **Debtors.**                   :          **(Jointly Administered)**
                                                                   :
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND**
**363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULES 6004(h) AND 9019(a) FOR THE ESTABLISHMENT**
**OF PROCEDURES TO DISPOSE OF REAL ESTATE ASSETS AND**
**MODIFICATION OF THE ORDER ESTABLISHING PROCEDURES**
**TO (I) RESTRUCTURE, (II) MAKE NEW OR ADDITIONAL DEBT OR**
**EQUITY INVESTMENTS IN, AND/OR (III) ENTER INTO SETTLEMENTS AND**
**COMPROMISES IN CONNECTION WITH EXISTING REAL ESTATE INVESTMENTS**

Upon the motion, dated May 26, 2010 (the "Motion")[1], of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor

affiliates, "Lehman"), pursuant to sections 105(a) and 363(b) of chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 6004(h) and 9019(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seek (I) authority to establish

procedures pursuant to which the Debtors may sell, transfer, assign, convey, spin-off, grant a lien

upon, encumber, charge or otherwise dispose of certain real estate assets in connection with

existing Real Estate Investments which action the Debtors may determine will maximize the

value of the investment for the benefit of the Debtors' estates and creditors, all as more fully

described in the Motion and (II) the modification of the reporting requirements set forth in the

order establishing procedures to (i) restructure, (ii) make new or additional debt or equity

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

investments in, and/or (iii) enter into settlements and compromises in connection with existing

real estate investments (the "Restructuring Procedures Order"); and the Court having jurisdiction

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the order entered February 13, 2009 governing case management and

administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for

the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and a hearing (the "Hearing") having been held to

consider the relief requested in the Motion; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and

all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that the Debtors shall be, and hereby are, authorized to enter into Real

Estate Disposition Transactions in accordance with the following procedures:

a.    The Debtors may enter into and consummate a Real Estate Disposition Transaction involving a Real Estate Investment having an aggregate Estimated Recovery Amount[2] of up to and including $25 million without further order of the Court or approval of or notice to any other party; *provided, however*, that the Debtors will provide notice to the Creditors' Committee of such Real Estate Disposition Transactions to which a Debtor is a party as soon as practicable but in no event later than promptly following the closing of such transactions. Notwithstanding the foregoing, to the extent any party to a Real Estate Disposition Transaction to which a Debtor is a party being either a person employed by the Debtors at any time on or after September 15, 2007 or an entity unaffiliated with the Debtors for which a person employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Real Estate Disposition Transaction to which a Debtor is a party, the Debtors will provide to the Creditors' Committee a summary of the proposed Real Estate Disposition Transaction to which a Debtor is a party, identifying the salient terms of such proposed Real Estate Disposition Transaction (the "Real Estate Disposition Transaction Summary").  The Creditors' Committee will be required to submit any objections to a Real Estate Disposition Transaction identified in a Real Estate Disposition Transaction Summary so as to be received by the Debtors on or before ten (10) business days after service of such Real Estate Disposition Transaction Summary; *provided, however*, that if the Creditors' Committee requests additional information regarding such a Real Estate Disposition Transaction, its objection period shall be suspended until the requested information has been provided.  If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may file a motion with the Court seeking approval of such Real Estate Disposition Transaction.  If the Creditors' Committee does not timely object to such a Real Estate Disposition Transaction, or the Debtors and the Creditors' Committee resolve a timely objection, the Debtors may proceed with such Real Estate Disposition Transaction without further order of the Court or notice to or approval of any party.

b.    If a Real Estate Disposition Transaction to which a Debtor is a party involves a Real Estate Investment having an aggregate Estimated Recovery Amount of greater than $25 million but less than or equal to $100 million, the Debtors will provide to the Creditors' Committee a Real Estate Disposition Transaction Summary.  The Creditors' Committee will be required to submit any objections to a Real Estate Disposition Transaction to which a Debtor is a party identified in a Real Estate Disposition Transaction Summary so as to be received by the Debtors on or before ten (10) business days after service of such Real Estate Disposition Transaction Summary; *provided, however*, that if the Creditors' Committee requests additional information regarding a Real Estate

---

[2] "Estimated Recovery Amount" as used herein shall mean the estimated net cash flows associated with any Real Estate Investment (or the pro rata value of such Real Estate Investment to the extent the Real Estate Disposition Transaction is for less than all of such Real Estate Investment) as set forth on a schedule as of December 31, 2009 as agreed to by the Creditors' Committee, or such other amount as otherwise agreed to by the Creditors' Committee.

Disposition Transaction, its objection period shall be suspended until the requested information has been provided.  If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may file a motion with the Court seeking approval of such Real Estate Disposition Transaction.  If the Creditors' Committee does not timely object to such Real Estate Disposition Transaction, or the Debtors and the Creditors' Committee resolve a timely objection, the Debtors may proceed with such Real Estate Disposition Transaction without further order of the Court or notice to or approval of any party.

c.      If a Real Estate Disposition Transaction to which a Debtor is a party involves a Real Estate Investment having an aggregate Estimated Recovery Amount of greater than $100 million, the Debtors will be required to file a motion with the Court seeking approval of such Real Estate Disposition Transaction.

d.      The ability of the Debtors to carry out the actions set forth in the foregoing procedures shall not override any applicable notice, consent or other rights that any third parties may have pursuant to agreements with the Debtors.

and it is further

ORDERED that, as part of the procedures set forth herein, the Debtors will file with the Court, on a quarterly basis beginning not later than 105 calendar days after entry of an order approving this Motion, a report identifying (i) the number of Real Estate Disposition Transactions to which a Debtor is a party pursuant to the foregoing procedures during the prior three calendar months, (ii) the aggregate Estimated Recovery Amount of all Real Estate Investments subject to such Real Estate Disposition Transactions to which a Debtor is a party, and (iii) with respect to Real Estate Disposition Transactions to which a Debtor is a party having an aggregate Estimated Recovery Amount of greater than $25 million but less than or equal to $100 million, (a) the city in which the property related to such Estate Disposition Transaction is located, (b) to the extent the consideration received by the Debtors for such a Real Estate Disposition Transaction is cash, the dollar amount of consideration, and, (c) to the extent the consideration received by the Debtors for such Real Estate Disposition Transaction is not cash, the nature of the consideration received as "other" in the following format:

| **Real Estate Disposition Transactions Greater Than $25 Million but Less Than $100 Million** | | |
| --- | --- | --- |
| | **Estimated Recovery Amount** | **Consideration Received by the Debtors** | **City of Property Relating to Real Estate Investment** |
| 1. | | | |
| 2. | | | |
| 3. | | | |

; and it is further

ORDERED that the procedures set forth herein shall not override the procedures previously approved by this Court in the Approved Procedures Orders, and to the extent a Real Estate Disposition Transaction proposed to be undertaken pursuant to the procedures set forth herein conflicts with the procedures set forth in any of the Approved Procedures Orders, the procedures set forth in the Approved Procedures Orders, respectively, shall govern; and it is further

ORDERED that nothing in this Order authorizes the transfer of any collateral for securities guaranteed by the Government National Mortgage Association ("GNMA"), including, but not limited to, mortgage loans or related foreclosure judgments or deeds or assignments in lieu of foreclosure, or any Participations or Other Interests as such terms are defined in the guaranty agreements between LBHI and GNMA; and it is further

ORDERED that the Debtors are authorized to execute such documents or other

instruments and carry out all other actions as may be necessary to effectuate any Real Estate

Disposition Transaction in accordance with this Order; and it is further

ORDERED that this Order shall not obligate or require the Debtors to dispose of

or amend any Real Estate Investment; and it is further

ORDERED that nothing in this Order shall be construed to limit or otherwise

affect the Debtors' ability to assume or reject any credit, loan, security, participation or similar

agreement in accordance with the provisions of the Bankruptcy Code; and it is further

ORDERED that the Restructuring Procedures Order [Docket No. 5912] is

modified so that the paragraph that reads:

> As part of the procedures set forth herein, the Debtors will file with the
> Court, on a quarterly basis beginning not later than 105 calendar days after
> entry of an order approving this Motion, a report of all Real Estate Loan
> Transactions entered into by the Debtors during the prior three calendar
> months pursuant to these procedures, identifying (i) the number of Real
> Estate Loan Transactions entered into by the Debtors, (ii) with respect to
> each Real Estate Loan Transaction, whether such Real Estate Loan
> Transaction involved a Restructuring, a New Investment, a Settlement, or
> some combination thereof, (iii) the Mark-to-Market Carrying Value of
> each Real Estate Investment subject to a Real Estate Loan Transaction,
> and (iv) to the extent the Real Estate Loan Transaction involved a New
> Investment, the amount of the New Investment made in connection
> therewith.

shall be replaced in its entirety by the following language:

> As part of the procedures set forth herein, the Debtors will file with the
> Court, on a quarterly basis, a report of all New Investments made by the
> Debtors during the prior three calendar months pursuant to these
> procedures, (i) identifying the aggregate amount funded by the Debtors
> with respect to real estate assets owned by the Debtors, and (ii) to the
> extent the amount funded with respect to individual assets is greater than
> or equal to $1 million, the Debtors will identify (a) the number and
> amount of each of such fundings on a line item basis and (b) the city in

which the property related to such New Investment is located in the following format:

| | Value of New Investment underlying Transaction | Amount of New Investment | City of Property Relating to New Investment |
|---|---|---|---|
| **New Investments Greater Than or Equal to $1 Million** | | | |
| 1. | | | |
| 2. | | | |
| 3. | | | |

; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h) is hereby waived and this Order shall be immediately effective and enforceable; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: July __, 2010
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE