B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re Lehman Brothers Holdings Inc., et al., Debtors        Case No.08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Morgan Stanley & Co. International plc | Skandinaviska Enskilda Banken AB (publ) on behalf of Teknologiateollisuus Ry |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Morgan Stanley & Co. International plc
25, Cabot Square,
Canary Wharf,
London E14 4QA

With a copy to:
Richards Kibbe & Orbe L.L.P.
One World Financial Center
New York, NY 10281-1003
Fax: 212-530-1801
Attn: Managing Clerk

Court Claim # (if known): 60676
Amount of Claim: transferred amount – 100% of total claim US$7,075,500.00
Date Claim Filed: 30 October 2009

Phone: + 44 207 677 7974
E-mail: lndistressed@morganstanley.com

Phone: + 212 530 1800

Phone: N/A
Last Four Digits of Acct. #: N/A

Last Four Digits of Acct #: n/a

Name and Address where transferee payments should be sent (if different from above):

Wire Instructions:

566570.1/9999-00999

## USD   PAYMENT INSTRUCTIONS:

TO:              CHASE MANHATTAN
NEW YORK, NY
SWIFT:           CHASUS33
ACCOUNT NAME:    MORGAN STANLEY &
CO.   INTERNATIONAL plc
SWIFT:           MSLNGB2X
ACCOUNT NUMBER: 066617758
REF:             Fixed Income

## EUR   PAYMENT INSTRUCTIONS:

TO:              CITIBANK N.A.
SWIFT:           CITIGB2L
ACCOUNT NAME:    MORGAN STANLEY & C
INTERNATIONAL plc
SWIFT:           MSLNGB2X
ACCOUNT NUMBER: 12221071
IBAN:
GB15CITI18500812221071
REF:             Fixed Income


Last Four Digits of Acct #: n/a


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By: _____[signature]_____   BRIAN CRIPPS
                            Authorised Signatory         Date: __27.5.2010.__
   Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.


566570.1/9999-00999

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Skandinaviska Enskilda Banken AB (publ)** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Morgan Stanley** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **60676** filed by or on behalf of **Teknologiateollisuus Ry** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser. Purchaser acknowledges and understands that Seller has duly filed the Proof of Claim in accordance with the Court's order for filing proofs of claim in respect of "Lehman Program Securities". As of the date of this Agreement and Evidence of Transfer of Claim, Seller cannot be held responsible for any filing, proof of claim or other obligations whatsoever towards the bankruptcy estate in

connection with or arising out of the Proceedings or any other proceedings relating thereto in United States of America, in Netherlands nor in any other country.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27 day of May 2010.

Skandinaviska Enskilda Banken AB (publ)
By: /s/ M. Nyström
Name: MARCUS NYSTEP
Title:

Kungsträdgårdsgatan 8
10640, Stockholm, SWEDEN

MORGAN STANLEY & CO. INTERNATIONAL PLC
By: /s/ Brian Cripps
Name:
Title:   BRIAN CRIPPS
         Authorised Signatory

25, Cabot Square
Canary Wharf
London E14 4QA
E-mail: lndistressed@morganstanley.com

Schedule 1

Transferred Claims

Purchased Claim

100% = US$7,075,500.00 of XS0317181716 claim of US$7,075,500.00

(the outstanding amount of the Proof of Claim as of 27 May 2010)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Index-Linked Notes due August 2009 relating to the Dow Jones STOXX Select Dividend 30 Index<br><br>Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | XS0317181716 | Lehman Brothers Holdings Treasury Co. B.V. | Lehman Brothers Holding Inc. | 5.000.000 € | Index linked redemption. | 27 Aug 2009 | N/A |

Schedule 1-1

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)   0000060676 |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | THIS SPACE IS FOR COURT USE ONLY |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>Skandinaviska Enskilda Banken AB (publ),   notices to: White & Case LLP<br>on behalf of the beneficial holder Teknologiateollisuus Ry      Eteläranta 14<br>Kungsträdgårdsgatan 8                                       00130 Helsinki<br>10640 Stockholm                                              Finland<br>Finland<br>Telephone number: + 358 9 228 641   Email Address: project.lb@whitecase.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br>Court Claim Number:_____<br>(If known)<br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br>Telephone number:                Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ 7,075,500.00  (€ 5,000,000.00)**   (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): XS0317181716**           (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

   6036821                                    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
   Skandinaviska Enskilda Banken AB (publ) / 90078       (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br>FILED / RECEIVED<br>OCT 30 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date.<br>October 2, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Risto Ojantakanen / Partner / White & Case | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured or unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    Case No. 08-13555 (JMP)
                                                   :
                            Debtors.               :    Jointly Administered
------------------------------------------------------------x

ANNEX TO LEHMAN PROGRAMS SECURITIES PROOF OF CLAIM
OF SKANDINAVISKA ENSKILDA BANKEN AB (PUBL) ON BEHALF
OF THE BENEFICIAL HOLDER TEKNOLOGIATEOLLISUUS RY

Skandinaviska Enskilda Banken AB (publ) (the "Account Holder") files this proof of claim (the "Proof of Claim") against Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") on behalf of the Teknologiateollisuus Ry, a holder (the "LPS Holder") of certain Lehman Programs Securities (used herein throughout as defined in the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2012(a)(7), (f), (l), and 3003(c)(3), and Local Rule 2002-1(e) Establishing Deadline for Filing Proofs of Claims and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") [Docket No. 4271]).

A.    **Background**

1.    On September 15, 2008 (the "Petition Date"), LBHI commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On July 2, 2009, the Court entered the Bar Date Order. The Bar Date Order, among other things, established November 2, 2009, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each person or entity to file a proof of claim based on securities identified on the "Lehman Programs Securities" list available on http://www.lehman-docket.com as of July 17, 2009 (the "Lehman Programs Securities").

B. **Nature of the Claims**

2. The LPS Holder is a beneficial holder of Lehman Programs Securities issued or guaranteed by LBHI. Set forth in field #1 is the principal amount owed as of the Petition Date in both Euros and US Dollars (the latter calculated using a an exchange rate of $1.4151/Euro as provided by the European Central Bank as of the Petition Date).

3. The LPS Holder claims all amounts owed to the LPS Holder by LBHI in connection with the Lehman Programs Securities the LPS Holder holds, whether or not such amount is reflected in field #1. As of the Petition Date, LBHI was and still is indebted to the LPS Holder for the following amounts and for all other amounts which have accrued since the Petition Date, including without limitation post-petition interest, fees and costs:

(a) principal, interest, and any unpaid fees owing under the Lehman Programs Securities held;

(b) fees and costs (including without limitation legal fees and expenses) incurred in connection with recovering on such Lehman Programs Securities to the extent allowable under the Bankruptcy Code; and

(c) all other amounts due and payable under or arising in connection with such Lehman Programs Securities, including, without limitation, damages for breach, damages caused by acts or omissions by LBHI and its affiliates, and/or any guaranteed obligor and its affiliates, post-petition interest, premiums, fees, and costs to the extent allowable under the Bankruptcy Code.

4. The amounts described in paragraphs 3(a), 3(b) and 3(c) are made without prejudice to any other amounts accruing after the Petition Date, or based upon facts and circumstances discovered after the Petition Date.

5. Additionally, the LPS Holder asserts against LBHI unliquidated claims for damages caused by, or based upon, (a) any liability LBHI has or may have arising under or in connection with the Lehman Programs Securities held, (b) any misstatement or omission of a material fact in any securities filings and/or financial statements; (c) any wrongful act or misconduct committed by LBHI (or the guaranteed obligor) that has resulted or will result, directly or indirectly, in injury to the LPS Holder, including, without limitation, breach of any

fiduciary or other duty that LBHI (and/or such guaranteed obligor) may now owe or have ever owed to the LPS Holder; and (d) fraud or misrepresentation in connection with the sale of such Lehman Programs Securities.

6. The claims asserted herein are not subject to any setoff or counterclaim by the Debtors or the guaranteed obligor. No judgment has been rendered on the claims asserted herein. The LPS Holder holds no security interests in connection with, and has not received any security for, the claims asserted herein.

C. **Supporting Documentation**

7. The Bar Date Order provides that persons or entities that file claims based on any Lehman Programs Security need not attach or submit any documentation supporting any claim based on such Lehman Programs Security. Accordingly, no such supporting documentation is attached hereto. Attached is a power of attorney from the Account Holder authorizing White & Case LLP to act in this matter on its behalf.

D. **Reservation of Rights and Amendments**

8. In filing this Proof of Claim, neither the Account Holder nor the LPS Holder submit themselves, or any of their affiliates, to the jurisdiction of the Court for any purpose other than to assert the claims described herein. To the extent such claims may also be asserted against any other Debtor in these jointly-administered proceedings under law or equity, including but not limited to, in the event of the substantive consolidation of some or all of the Debtors, this Proof of Claim also constitutes a claim by each LPS Holder against any and all such other Debtors. Additionally, any common law indemnity claims against all such Debtors are expressly preserved.

9. The execution and filing of this Proof of Claim is not intended to be and should not be construed as (a) a waiver or release of any rights of the Account Holder or the LPS Holder or any affiliate of either against any other entity or person liable for all or part of

the claims asserted herein, (b) a waiver of the right of the Account Holder or the LPS Holder or any affiliate of either to withdraw the reference with respect to the subject matter of the claims asserted herein, any objection or other proceedings commenced with respect thereto or any other proceeding commenced in these cases against or otherwise involving the Account Holder, the LPS Holder, or any affiliate of either, (c) an election of remedy by the Account Holder, the LPS Holder or any affiliate of either that waives or otherwise affects any other remedy of the Account Holder, the LPS Holder or any affiliate of either, (d) a consent by the Account Holder, the LPS Holder or any affiliate of either to a jury trial in the Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (e) a waiver of the right of the Account Holder, the LPS Holder or any affiliate of either to a trial by jury in any proceeding so triable herein or in any case controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution, (f) a waiver of the right of the Account Holder, the LPS Holder or any affiliate of either to have final orders in non-core matters entered only after de novo review by a District Court Judgment, (g) a waiver of any past, present or future event of default under any applicable credit documentation, (h) a statement of all legal theories, causes of action or facts supporting the claims of the Account Holder, the LPS Holder or any affiliate thereof, (i) a waiver or limitation of any rights, claims or causes of action by the Account Holder, the LPS Holder or any affiliate of either, (j) a waiver of any right to the subordination or recharacterization, in favor of the Account Holder, the LPS Holder or any affiliate of either, of any indebtedness or liens held by any creditors of the Debtors or creditors of any of the Debtors' affiliates, or any guaranteed obligor or any affiliate of such obligor, or (k) duplicative of or replacing any other proof of claim filed either by the Account Holder, the

4

NEWYORK 7367651 (2K)

LPS Holder, any affiliate of either or by any indenture trustee or entity performing similar functions.

10. The Account Holder and the LPS Holder expressly reserve, and do not waive, any right to amounts for any claims asserted herein, and reserve all rights, including, without limitation, the rights (a) to file any separate or additional proof of claim with respect to the claims set forth herein or otherwise (which proof of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), (b) to amend, modify or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, (c) to file additional proofs of claim in respect of additional amounts or for any other reason, and (d) to file proofs of claim against third parties, including, without limitation, any affiliates of the Debtors or guaranteed obligor.

11. In the event that any order of the Bankruptcy Court is entered which effects (a) a recharacterization or subordination of claims, (b) substantive consolidation of any or all of the Debtors with any or all of the Debtors and/or the Debtors' affiliates, or (c) any other similar remedy, the rights of the Account Holder and the LBS Holder to file additional proofs of claim or amended proofs of claim against any or all of the Debtors and any or all of the Debtors' affiliates is reserved.

E. **Notice**

12. All notices in respect of this proof of claim should be forwarded to:

> White & Case LLP
> Attn: Risto Ojantakanen
> Eteläranta 14
> 00130 Helsinki
> Finland
> Email Address: project.lb@whitecase.com.  Phone: +358 9 228 641.

5

NEWYORK 7367651 (2K)

# SEB

## POWER OF ATTORNEY

We, Skandinaviska Enskilda Banken AB (publ), a company incorporated under the laws of Sweden, with registered address at Kungsträdgårdsgatan 8, SE-10640 Stockholm (business identity code 502032-9081) hereby appoint attorney at law Risto Ojantakanen or any other attorney of White & Case LLP appointed by him in his stead as our true and lawful attorney (the "**Attorney**") to represent us and to sign, execute, deliver and perform for and on behalf of us any document and take any action the Attorney considers appropriate in connection with:

(i) Lehman Brothers Holdings Inc.'s and its affiliates' administratively consolidated cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. § et seq., proceeding in the United States Bankruptcy Court, Southern District of New York (the "**US Bankruptcy Court**") (Case No. 08-13555 (JMP)); and

(ii) the bankruptcy proceedings of Lehman Brothers Treasury Co. B.V (a Dutch limited liability company declared bankrupt by the Amsterdam District Court on October 8, 2008 (Bankruptcy number: 08.0494-F))

(hereinafter referred to as the "**Bankruptcy Cases**").

To this effect this Power of Attorney shall duly authorize the Attorney to:

(i) file proofs of claims in the Bankruptcy Cases based on the Lehman Program Securities (as defined in the US Bankruptcy Court Order establishing the deadline to file Proofs of Claims, dated July 2, 2009 (such Lehman Program Securities herein referred to as "**LPS**")) with ISIN code: XS0317181716, in relation to which we are acting as an account holder in Euroclear Bank or other depository on behalf of the beneficial holders of such LPS, and engage in any further action related to these claims that may arise in the Bankruptcy Cases whether in the United States of America, the Netherlands, or in any other jurisdiction; and

(ii) to exercise our voting and any and all other rights related to the LPS with ISIN code: XS0317181716, in relation to which we are acting as account holders in Euroclear Bank or other depository on behalf of the beneficial holders of such LPS.

We hereby approve all that the Attorney shall do or cause to be done by virtue of this Power of Attorney.

This Power of Attorney shall be governed by Finnish law.

Dated: Helsinki 19th October 2009

Skandinaviska Enskilda Banken AB (publ)

Lennart Bröderman

Sakari Wuolijoki

Skandinaviska Enskilda Banken AB (publ) Helsinki Branch
Postal Address: P.O.Box 630, FI-00101 Helsinki, Office Address: Unioninkatu 30, 00100 Helsinki
Phone: +358 9 6162 8000, Fax: +358 9 171 056, S.W.I.F.T-address: ESSEFIHX, Business ID: 0985469-4  www.seb.fi
A unit within Skandinaviska Enskilda Banken AB (publ). Corporate Identity Number 502032-9081. Swedish Companies Registration Office. Registered Office: Stockholm Sweden.

HAND DELIVERY

RECEIVED BY: _____    DATE: 10/30/09    TIME: 4:40p