**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
Sean A. O'Keefe – NY Bar No. 1980853, CA Bar No. 122417
Paul J. Couchot – CA Bar No. 131934
General Insolvency Counsel for the SunCal Appellants

**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
Louis R. Miller – CA Bar No. 54141
Martin H. Pritikin -- CA Bar No. 210845
Special Litigation Counsel for SunCal Appellants

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC, et al.,**<br><br>**Debtors.** | **Chapter 11**<br>**Case No. 08-13555 (JMP)**<br>**Jointly Administered** |

**NOTICE OF APPEAL OF ORDER APPROVING DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR AUTHORITY TO COMPROMISE CONTROVERSY IN CONNECTION WITH A REPURCHASE TRANSACTION WITH FENWAY CAPITAL, LLC AND A COMMERCIAL PAPER PROGRAM WITH FENWAY FUNDING, LLC**

PLEASE TAKE NOTICE that SunCal Communities I LLC, SunCal Communities III LLC, SCC/Palmdale LLC, Acton Estates LLC, SunCal Beaumont Heights LLC, SunCal Emerald Meadows LLC, SunCal Johansson Ranch LLC, SunCal Bickford Ranch LLC, SunCal Summit Valley LLC, Seven Brothers LLC, Kirby Estates LLC, SJD Partners Ltd., SJD Development Corp., SCC Communities LLC, North Orange Del Rio Land LLC and Tesoro SF LLC, the debtors and debtors-in-possession (collectively, the "SunCal Appellants") hereby appeal to the United States District Court Southern District of New York, pursuant to 28 U.S.C. § 158(a), from that certain *Order Approving Debtors' Motion Pursuant To Bankruptcy Rule 9019 For Authority To Compromise Controversy In Connection With A Repurchase Transaction With Fenway Capital, LLC And A Commercial Paper Program With Fenway Funding, LLC* (the "Order") entered by the United States Bankruptcy Court on May 13, 2010 (Docket No. 9030). Attached hereto as Exhibit "1" is a true and correct copy of the Order that is the subject of this appeal. The names of all parties to the Order and the names, addresses and their telephone numbers are listed below:

| | |
|---|---|
| **Appellants:** | **Attorneys For Appellants:** |
| SunCal Appellants | Winthrop Couchot, P.C. |
| | Paul J. Couchot |
| | Sean A. O'Keefe |
| | 660 Newport Center Drive, Suite 400 |
| | Newport Beach, CA 92660 |
| | Tel: 949.720.4100 |
| | |
| | Miller Barondess, LLP |
| | Louis R. Miller |
| | Martin H. Pritikin |
| | 1999 Avenue of the Stars, Suite 1000 |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 552-4400 |
| | |
| **Appellees**: | **Attorneys for Appellees**: |
| Lehman Commercial Paper, Inc. | Weil Gotshal & Manges, LLP |
| Lehman Brothers Holdings, Inc. | Alfred Perez |
| | 767 Fifth Avenue |
| | New York, NY 10153 |
| | Tel: 212.310.8000 |

2

| **Other Parties To The Order**: | **Attorneys for Other Parties**: |
|---|---|
| Official Committee of Unsecured Creditors | Milbank, Tweed, Hadley & McCloy, LLP |
| | Dennis F. Dunne |
| | Evan R. Fleck |
| | Dennis C. O'Donnell |
| | One Chase Manhattan Plaza |
| | New York, NY 10005 |
| | Tel: 212.530.5000 |

Dated: May 27, 2010            Respectfully submitted,

  /s/  Sean A O'Keefe
Sean A O'Keefe
Paul J. Couchot
WINTHROP COUCHOT, P.C.
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

  /s/  Louis R. Miller
Louis R. Miller
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
LOS ANGELES, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

*Attorneys for the SunCal Appellants*

**EXHIBIT "1"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                      :    08-13555 (JMP)
                                                              :
                              Debtors.                        :    (Jointly Administered)
                                                              :
-----------------------------------------------------------------x

### ORDER APPROVING DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR AUTHORITY TO COMPROMISE CONTROVERSY IN CONNECTION WITH A REPURCHASE TRANSACTION WITH FENWAY CAPITAL, LLC AND A COMMERCIAL PAPER PROGRAM WITH FENWAY FUNDING, LLC

Upon the motion, dated March 25, 2010 (the "Motion") [1], of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, including Lehman Commercial Paper Inc. ("LCPI"), in the above-referenced chapter 11 cases (together, the "Debtors") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing LBHI and LCPI to compromise controversy in connection with a repurchase transaction with Fenway Capital, LLC and a commercial paper program with Fenway Funding, LLC, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures

---

[1] Capitalized terms not otherwise defined herein should have the meaning ascribed to them in the Motion.

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for JPMorgan; (vii) the attorneys for James W. Giddens, as Trustee (the "SIPA Trustee") for Lehman Brothers Inc. ("LBI"); (viii) the attorneys for Fenway and Hudson; (ix) the attorneys for DBTCA; and (x) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, LCPI and the other Debtors and all economic stakeholders; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI and LCPI are duly authorized to enter into the Transaction consistent with the terms described in the Transaction Summary; and it is further

ORDERED that upon the closing of the Transaction, LCPI will have repurchased the Repo Assets pursuant to the MRA and will be the sole owner of the Repo Assets subject to the rights of the other Debtors and non-Debtors with respect to the Repo Assets; and it is further

ORDERED that (a) LBHI and LCPI are duly authorized and empowered to execute, deliver, implement and fully perform any and all obligations, instruments, documents, and papers that may be necessary or appropriate to consummate the Transaction substantially in accordance with the terms described in the Transaction Summary; (b) LBHI and LCPI are duly authorized and empowered to take all other and further actions as may be necessary to implement the Transaction in accordance with the terms described in the Transaction Summary;

(c) LBHI and LCPI shall have the right both in connection with and following consummation of the Transaction to consent to any amendment, restatement, waiver, supplement or other modification of the Transaction; and (d) to the full extent provided under the Fenway Documents, the LBHI guaranty with respect to the MRA and applicable law, LBHI is fully subrogated to the claims of Fenway against LCPI to the full extent of any payment by LBHI in respect of such claims, and LBHI shall succeed to any and all liens and security interests with respect to the Repo Assets and any interest therein asserted by Fenway under the Fenway Repo and/or the Fenway Documents (which liens and security interests shall remain in effect notwithstanding any subsequent transfer by LCPI of any of the Repo Assets or any interest therein), in the same priorities as held by Fenway Capital or Fenway Funding, to secure LBHI's subrogated claims, which liens and security interests shall hereby be deemed assigned and transferred by Fenway Capital and Fenway Funding to LBHI; provided, that the Debtors are hereby authorized and directed to execute such further documents and take all other and further actions to effectuate and implement the provisions and intent of clause (d) above. Any actions described in clauses (a), (b), (c) or (d) taken by LBHI or LCPI or their affiliates may be taken without the necessity (x) of further court proceedings or approval or (y) of any consent of any party other than LBHI and LCPI, and shall be conclusive and binding in all respects on all parties in interest in these cases other than LBHI and LCPI; and it is further

       ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LCPI or LBHI or, except as otherwise expressly provided in this Motion, that the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties and the Debtors are

hereby authorized and directed to execute such further documents to evidence these reservations; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
      May 13, 2010

                                      _s/ James M. Peck_____
                                      UNITED STATES BANKRUPTCY JUDGE