**Hearing Date and Time: June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 9, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

**PLEASE CAREFULLY REVIEW THIS MOTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS MOTION AFFECTS A CONTRACT TO WHICH YOU ARE A COUNTERPARTY**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** ***et al.*****,** | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

**NOTICE OF LBHI'S MOTION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6006 AND 9014, FOR AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS TO AURORA BANK FSB**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") for authorization to assume and assign certain executory contracts to Aurora Bank FSB, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion, **including any alleged claims for cure pursuant to 11 U.S.C. section 365(b)**, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq., and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than **June 9, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 27, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Hearing Date and Time: June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 9, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

**PLEASE CAREFULLY REVIEW THIS MOTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS MOTION AFFECTS A CONTRACT TO WHICH YOU ARE A COUNTERPARTY**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

**LBHI'S MOTION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6006 AND 9014, FOR AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS TO AURORA BANK FSB**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this motion (the "Motion") and respectfully represent:

## Background

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 16, 2008, LBHI, LB 745 LLC, Lehman Brothers Inc. ("LBI"), and Barclays Capital Inc. ("Barclays" or "Purchaser") entered into an asset purchase agreement for the purchase and sale of certain assets (as modified, clarified and/or amended, the "Asset Purchase Agreement"). On September 17, 2008, the Debtors filed a motion seeking, among other things, approval of the Asset Purchase Agreement.

3. On September 19, 2008, a proceeding (the "SIPA Proceeding") was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa et seq., with respect to LBI. A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4. On September 20, 2008, the Court entered the sale order (the "Sale Order") approving the Asset Purchase Agreement.[1] On September 20, 2008, the Court also entered a concurrent order authorizing the SIPC Trustee to consummate the sale transaction on behalf of LBI pursuant to the Purchase Agreement.[2]

5. The Asset Purchase Agreement provided that certain contracts related to the assets purchased by Barclays (the "Related Contracts") could be designated by Purchaser as

[1] Case No. 08-13555 (JMP); Docket No. 258.

[2] Case No. 08-01420 (JMP); Docket No. 3.

Purchased Assets (as defined in the Asset Purchase Agreement). On September 18, 2008, the Debtors and the Purchaser identified Related Contracts for assumption and assignment to the Purchaser as of September 22, 2008 (the "Closing Date") and listed those Related Contracts in schedules (the "Closing Date Schedules") posted on http://chapter11.epiqsystems.com/lehman.

6. Section 2.5 of the Asset Purchase Agreement provides, *inter alia*, that for a period of sixty days (60) after the Closing Date, the Purchaser may designate additional Related Contracts for assumption and assignment to the Purchaser. To facilitate the assumption and assignment of Related Contracts subsequent to the Closing Date, on September 26, 2008, the Debtors sought approval of procedures for the assumption and assignment or rejection of Related Contracts (the "Procedures Motion").

7. On October 3, 2008, the Court entered an order granting the Debtors' Procedures Motion (the "Procedures Order").[3] On October 6, 2008, the Court also entered an order incorporating by reference the Procedures Order in the SIPA Proceeding.[4] Pursuant to the Procedures Order, from time to time, the Purchaser filed notices of assignment (the "Assignment Notices") on the docket in the Debtors' chapter 11 cases and the SIPA Proceeding and served such Assignment Notices on the counterparties to the designated contracts.

8. Thereafter, Barclays, the Debtors, the SIPC Trustee, and Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB ("Aurora") conducted an independent review of the Closing Date Schedules and the Assignment Notices and agreed that certain contracts included therein are not Related Contracts in that they are not necessary to operate the Purchased Assets, but rather, such contracts relate to Aurora's business.

---

[3] Case No. 08-13555 (JMP); Docket No. 628.

[4] Case No. 08-01420 (JMP); Docket No. 69.

9. Accordingly, the Debtors, the SIPA Trustee, Barclays and Aurora entered into the Second Stipulation and Agreed Order with Respect to Non-Related Contracts Posted for Assumption and Assignment in Connection with Asset Purchase Agreement (the "Second Stipulation"), which clarified that certain identified contracts were (i) not intended to be assumed and assigned to the Purchaser, (ii) were unrelated to the assets purchased by Barclays, and, as such, (iii) were not intended to be assumed and assigned by the Sale Order or the Procedures Order (collectively, the "Unrelated Contracts"). The Court "so-ordered" the Second Stipulation on March 25, 2010.[5]

10. As set forth in the Second Stipulation, by this Motion, LBHI seeks to assume and assign to Aurora those Unrelated Contracts to which LBHI is counterparty.

**Relief Requested**

11. By this Motion, pursuant to sections 365(a), 365(f) and 365(k) of the Bankruptcy Code, LBHI seeks authority to assume and assign to Aurora the Unrelated Contracts listed on Exhibit "A" hereto (the "Aurora Contracts"). LBHI's decision to assume and assign the Aurora Contracts represents a reasonable exercise of its business judgment and should be approved.

**Jurisdiction**

12. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

13. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been

[5] Case No. 08-13555 (JMP); Docket No. 7829.

a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

14. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**The Aurora Contracts**

15. LBHI has determined that the Aurora Contracts are not needed for the administration of the Debtors' estates, as they do not relate to the operation of their businesses.[6] Consequently, LBHI and Aurora have agreed that LBHI would assume and assign the Aurora Contracts to Aurora. Aurora has agreed to pay the cure amounts, if any, required to be paid by LBHI, pursuant to section 365 of the Bankruptcy Code, to assume the Aurora Contracts that are not subsequently withdrawn from this Motion, as described later in this paragraph (the "Cure Costs"). As reflected in Exhibit "A", LBHI believes no Cure Costs are due and no cure claims were asserted by the counterparties to the Aurora Contracts at the time such contracts were identified on the Closing Date Schedules. Nevertheless, LBHI reserves its right to withdraw an Aurora Contract from the Motion as to which there is an objection to the proposed Cure Cost or a determination by the Court of a Cure Cost that is higher than the Cure Cost set forth in Exhibit "A" prior to the date on which an order of this Court granting the relief requested herein becomes effective.

[6] A brief description of each Contract is provided in Exhibit "A".

**LBHI's Assumption and Assignment Should be Approved**

16. Pursuant to section 365 of the Bankruptcy Code, LBHI may assume, assign or reject executory contracts "subject to the court's approval." 11. U.S.C. § 365. Subject to court approval, section 365 "permits the . . . debtor-in-possession . . . to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994); *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 382 (2d. Cir. 2008) (quoting *In re Orion*, 4 F.3d at 1098). The applicable standard for approval of assumption or rejection is whether the debtor's decision is made within its sound business judgment. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the business judgment standard is the traditional standard applied by courts to authorize the rejection of ordinary executory contracts). Indeed, the application of the business judgment standard in determining whether to permit a debtor to assume or reject executory contracts underscores the principle that LBHI's interests are paramount in making the determination. *In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008).

17. There are ample business justifications for the assumption and assignment of the Aurora Contracts to Aurora. After reviewing the Aurora Contracts, LBHI has determined that it does not require them for the operation of the Debtors' postpetition businesses and, therefore, does not derive any benefits from the Aurora Contracts. Rather, the Aurora Contracts relate, and historically related, solely to Aurora's business. Aurora is an indirect wholly-owned non-debtor subsidiary of LBHI. Accordingly, the facilitation of Aurora's business is in the best interest of LBHI. The assumption and assignment of the Aurora Contracts will also relieve

LBHI's estate of rejection damages that might be asserted at no cost to LBHI's creditors because Aurora has agreed to pay all Cure Costs, if any. Furthermore, pursuant to section 365(k) of the Bankruptcy Code, LBHI's estate will be relieved from any liability for breach of the Aurora Contracts after assignment to the Aurora. Accordingly, the Motion represents a sound exercise of LBHI's business judgment and should be approved.

18. When assuming an executory contract, section 365(b)(1) of the Bankruptcy Code requires that a debtor cure, or provide adequate assurance that it will promptly cure, any outstanding defaults under the contracts that it seeks to assume. 11 U.S.C. § 365(b)(1). Moreover, pursuant to 365(f)(2) of the Bankruptcy Code, a debtor may only assign an executory contract if "adequate assurance of future performance by the assignee of such contract or lease is provided." 11 U.S.C. § 365(f)(2). The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989) (citation omitted); *see also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance "does not mean absolute assurance that debtor will thrive and pay rent"); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985) ("[a]lthough no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance"). Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (finding that adequate assurance of future performance is present when prospective assignee of lease has

financial resources and expressed willingness to devote sufficient funding to business to give it strong likelihood of succeeding).

19. Aurora has agreed to pay all Cure Costs, if any, in connection with the assumption and assignment of the Aurora Contracts that are not subsequently withdrawn from this Motion. LBHI requests that the Court determine that Aurora's obligation to pay the Cure Costs and Aurora's obligation to perform the obligations under the Aurora Contracts after effectuating the assignment constitute adequate assurance of future performance. Notwithstanding that the Aurora Contracts may be in LBHI's name, the Aurora Contracts were historically paid by Aurora. Thus, this assignment simply clarifies that Aurora is the true economic party-in-interest under the Aurora Contracts, which should come as no surprise to the counterparties.

**Notice**

20. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Aurora; (vii) each counterparty to the Aurora Contracts; and (viii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

21. Other than the Procedures Motion and the Second Stipulation, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 27, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**
**(Schedule of Aurora Contracts)**

| | Counterparty | Title of Agreement (Contract ID) | Counterparty Address | Description[1] | Proposed Cure Cost |
|---|---|---|---|---|---|
| 1 | Allo Communications | Service & Equipment Agreement, dated March 26, 2007 (ID: CON-20661) | Allo Communications LLC<br>Attn: Customer Contracts<br>P.O. Box 1123<br>Imperial, NE 69033 | Terms and conditions for the provision of certain telecommunications services and/or equipment | $0 |
| 2 | Allo Communications | Service & Equipment Agreement, dated March 26, 2007 (ID: CON-20662) | Allo Communications LLC<br>Attn: Customer Contracts<br>P.O. Box 1123<br>Imperial, NE 69033 | Terms and conditions for the provision of certain telecommunications services and/or equipment | $0 |
| 3 | Allo Communications | Service & Equipment Agreement, dated March 26, 2007 (ID: CON-20677) | Allo Communications LLC<br>Attn: Customer Contracts<br>P.O. Box 1123<br>Imperial, NE 69033 | Terms and conditions for the provision of certain telecommunications services and/or equipment | $0 |
| 4 | First American CoreLogic, Inc. d/b/a First American Real Estate Solutions | General Terms and Conditions: Products and Services, dated as of June 1, 2006 (ID: CON-21247) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | General terms and conditions for the purchase, license or lease of equipment and/or software, such terms and conditions being supplemented by various schedules | $0 |
| 5 | First American CoreLogic, Inc. d/b/a First American Real Estate Solutions | Application Service Provider Transaction Schedule, dated as of June 1, 2006 (ID: CON-21651) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | Transaction Schedule for ValuePoint4, PASS, PowerBase6, VerosValue, Home Price Analyzer, and CASA | $0 |
| 6 | First American CoreLogic, Inc. | Application Service Provider Transaction Schedule, dated as of June 1, 2007 (ID: CON-22292) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | Transaction Schedule for license of Home Price Index | $0 |
| 7 | First American CoreLogic, Inc. | Application Service Provider Transaction Schedule, dated as of June 1, 2006 (ID: CON-22337) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | Transaction Schedule for license of Document Images and Map Images from Data Tree, LLC | $0 |
| 8 | First American CoreLogic, Inc. d/b/a First American Real Estate Solutions | Application Service Provider Transaction Schedule, dated as of June 1, 2006 (ID: CON-23205) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | Transaction Schedule for license of LoanIQ | $0 |
| 9 | NCR Corporation | Non-Disclosure Agreement, dated as of March 9, 2007(ID: CON-004024-LEHNY-2005) | NCR Corporation<br>1700 S. Patterson Blvd.<br>Dayton, OH 45479 | Confidentiality Agreement | $0 |
| 10 | OPEX Corporation | Non-Disclosure Agreement, dated as of February 26, 2007 (ID: CON-20207) | OPEX Corporation<br>305 Commerce Dr.<br>Moorestown, NJ 08057 | Confidentiality Agreement regarding information exchanged in connection with certain products and services offered by OPEX | $0 |
| 11 | SourceCorp Statement Solutions | Non-Disclosure Agreement, dated as of September 26, 2005 (ID: CON-12529) | SourceCorp Statement Solutions<br>4434 112th Street<br>Des Moine, IA 50322 | Confidentiality Agreement regarding information exchanged in connection with certain products and services offered by SourceCorp | $0 |
| 12 | Wolters Kluwer Financial Services, Inc. | General Terms and Conditions: IT Products and Services, effective as of March 9, 2007 (ID: CON-20281) | Wolters Kluwer Financial Services, Inc.<br>Attn: Corporate Counsel<br>6815 Saukview Drive<br>Saint Claud, MN 56303 | General terms and conditions for the purchase, license or lease of IT products and services | $0 |
| 13 | Wolters Kluwer Financial Services, Inc. | Application Service Provider Supplement, effective as of March 9, 2007 (ID: CON-20442) | Wolters Kluwer Financial Services, Inc.<br>Attn: Corporate Counsel<br>6815 Saukview Drive<br>Saint Claud, MN 56303 | Supplement to the general terms and conditions, which supplement sets forth additional terms and conditions applicable to the license of IT products and services | $0 |

[1] This description is provided for informational purposes only. To the extent there is any inconsistency between this description and the agreement, the agreement governs.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

**ORDER GRANTING LBHI'S MOTION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6006 AND 9014, FOR AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS TO AURORA BANK FSB**

Upon the motion, dated May 27, 2010 (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors"), pursuant to sections 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume and assign to Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB ("Aurora") the executory contracts identified in Exhibit "A" hereto (the "Aurora Contracts"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Aurora; (vii) the counterparties to each of the Aurora Contracts (collectively, the "Counterparties"); and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI's assumption and assignment of the Aurora Contracts to Aurora is approved and shall be effective on the date that is fourteen days after the date on which this Order is entered (the "Effective Date"); and it is further

ORDERED that each Counterparty to an Aurora Contract shall be deemed to have consented to the assumption and assignment of such contract to Aurora and shall be forever barred from asserting any objection with regard to such assumption and assignment; and it is further

ORDERED that the Cure Costs set forth in Exhibit "A" hereto shall be controlling, notwithstanding anything to the contrary in any Contract or any other document, and the Counterparty shall be deemed to have consented to the Cure Cost and shall forever be barred from asserting any other claims for cure relating to such contract against LBHI or Aurora; and it is further

ORDERED that Aurora shall pay to the applicable Counterparty all Cure Costs, if any; provided, however, that LBHI's right to withdraw any Contract proposed for assumption and assignment pursuant to the Motion as to which there is an objection to the proposed Cure Cost or a determination by the Court of a Cure Cost that is higher than the Cure Cost set forth in Exhibit "A" prior to the Effective Date is expressly preserved; and it is further

ORDERED that on the Effective Date, the Debtors shall be relieved of any liability resulting from any subsequent breach of the Aurora Contracts pursuant to section 365(k) of the Bankruptcy Code; and it is further

ORDERED that LBHI is hereby authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate assumptions and assignments in the manner set forth herein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any assumption and assignment consummated in the manner set forth herein.

Dated: May __, 2010
New York, New York

______________________________
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**
**(Schedule of Aurora Contracts)**

| | Counterparty | Title of Agreement (Contract ID) | Counterparty Address | Description[1] | Proposed Cure Cost |
|---|---|---|---|---|---|
| 1 | Allo Communications | Service & Equipment Agreement, dated March 26, 2007 (ID: CON-20661) | Allo Communications LLC<br>Attn: Customer Contracts<br>P.O. Box 1123<br>Imperial, NE 69033 | Terms and conditions for the provision of certain telecommunications services and/or equipment | $0 |
| 2 | Allo Communications | Service & Equipment Agreement, dated March 26, 2007 (ID: CON-20662) | Allo Communications LLC<br>Attn: Customer Contracts<br>P.O. Box 1123<br>Imperial, NE 69033 | Terms and conditions for the provision of certain telecommunications services and/or equipment | $0 |
| 3 | Allo Communications | Service & Equipment Agreement, dated March 26, 2007 (ID: CON-20677) | Allo Communications LLC<br>Attn: Customer Contracts<br>P.O. Box 1123<br>Imperial, NE 69033 | Terms and conditions for the provision of certain telecommunications services and/or equipment | $0 |
| 4 | First American CoreLogic, Inc. d/b/a First American Real Estate Solutions | General Terms and Conditions: Products and Services, dated as of June 1, 2006 (ID: CON-21247) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | General terms and conditions for the purchase, license or lease of equipment and/or software, such terms and conditions being supplemented by various schedules | $0 |
| 5 | First American CoreLogic, Inc. d/b/a First American Real Estate Solutions | Application Service Provider Transaction Schedule, dated as of June 1, 2006 (ID: CON-21651) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | Transaction Schedule for ValuePoint4, PASS, PowerBase6, VerosValue, Home Price Analyzer, and CASA | $0 |
| 6 | First American CoreLogic, Inc. | Application Service Provider Transaction Schedule, dated as of June 1, 2007 (ID: CON-22292) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | Transaction Schedule for license of Home Price Index | $0 |
| 7 | First American CoreLogic, Inc. | Application Service Provider Transaction Schedule, dated as of June 1, 2006 (ID: CON-22337) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | Transaction Schedule for license of Document Images and Map Images from Data Tree, LLC | $0 |
| 8 | First American CoreLogic, Inc. d/b/a First American Real Estate Solutions | Application Service Provider Transaction Schedule, dated as of June 1, 2006 (ID: CON-23205) | First American Real Estate<br>Attn: General Counsel<br>4 First American Way<br>Santa Ana, CA 92707 | Transaction Schedule for license of LoanIQ | $0 |
| 9 | NCR Corporation | Non-Disclosure Agreement, dated as of March 9, 2007(ID: CON-004024-LEHNY-2005) | NCR Corporation<br>1700 S. Patterson Blvd.<br>Dayton, OH 45479 | Confidentiality Agreement | $0 |
| 10 | OPEX Corporation | Non-Disclosure Agreement, dated as of February 26, 2007 (ID: CON-20207) | OPEX Corporation<br>305 Commerce Dr.<br>Moorestown, NJ 08057 | Confidentiality Agreement regarding information exchanged in connection with certain products and services offered by OPEX | $0 |
| 11 | SourceCorp Statement Solutions | Non-Disclosure Agreement, dated as of September 26, 2005 (ID: CON-12529) | SourceCorp Statement Solutions<br>4434 112th Street<br>Des Moine, IA 50322 | Confidentiality Agreement regarding information exchanged in connection with certain products and services offered by SourceCorp | $0 |
| 12 | Wolters Kluwer Financial Services, Inc. | General Terms and Conditions: IT Products and Services, effective as of March 9, 2007 (ID: CON-20281) | Wolters Kluwer Financial Services, Inc.<br>Attn: Corporate Counsel<br>6815 Saukview Drive<br>Saint Claud, MN 56303 | General terms and conditions for the purchase, license or lease of IT products and services | $0 |
| 13 | Wolters Kluwer Financial Services, Inc. | Application Service Provider Supplement, effective as of March 9, 2007 (ID: CON-20442) | Wolters Kluwer Financial Services, Inc.<br>Attn: Corporate Counsel<br>6815 Saukview Drive<br>Saint Claud, MN 56303 | Supplement to the general terms and conditions, which supplement sets forth additional terms and conditions applicable to the license of IT products and services | $0 |

[1] This description is provided for informational purposes only. To the extent there is any inconsistency between this description and the agreement, the agreement governs.