**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
Sean A. O'Keefe – NY Bar No. 1980853, CA Bar No. 122417
Paul J. Couchot – CA Bar No. 131934
Counsel for the SunCal Voluntary Debtors

**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
Louis R. Miller – CA Bar No. 54141
Martin H. Pritikin -- CA Bar No. 210845
Special Litigation Counsel for SunCal Debtors

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC, et al.,**<br><br>_____Debtors. | **Chapter 11**<br>**Case No. 08-13555 (JMP)**<br>**Jointly Administered** |

**DECLARATION OF SEAN A. O'KEEFE**
**IN SUPPORT OF ISSUANCE OF ORDER SETTING**
**EXPEDITED HEARING AND STAYING IMPLEMENTATION**
**OF ORDERS ON APPEAL PENDING CONSIDERATION OF SUNCAL**
**APPELLANTS' MOTION FOR STAY PENDING APPEAL**

146500

## DECLARATION OF SEAN A. O'KEEFE

I, Sean A. O'Keefe, declare and state as follows:

1.    I am over the age of eighteen years. The facts stated within this declaration are within my personal knowledge, except where otherwise noted, and if called upon to testify to the same I could and would testify competently thereto.

2.    I am associated with the law firm of Winthrop Couchot, P.c., general insolvency counsel to the SunCal Communities I LLC, SunCal Communities III LLC, SCC/Palmdale LLC, Acton Estates LLC, SunCal Beaumont Heights LLC, SunCal Emerald Meadows LLC, SunCal Johansson Ranch LLC, SunCal Bickford Ranch LLC, SunCal Summit Valley LLC, Seven Brothers LLC, Kirby Estates LLC, SJD Partners Ltd., SJD Development Corp., SCC Communities LLC, North Orange Del Rio Land LLC and Tesoro SF LLC, the debtors and debtors-in-possession (collectively, the "SunCal Appellants").

3.    The SunCal Appellants have filed notices of appeal with respect to that certain *Order Approving Debtors' Motion Pursuant To Bankruptcy Rule 9019 For Authority To Compromise Controversy In Connection With A Repurchase Transaction With Fenway Capital, LLC And A Commercial Paper Program With Fenway Funding, LLC* (the "Order") entered by the United States Bankruptcy Court on May 13, 2010 (Docket No. 9030) (the "Compromise Order") and that certain *Order Denying Motion Of The Suncal Debtors For An Order Determining That The Automatic Stay Does Not Apply; Or, In The Alternative, Granting Relief From Stay* (Docket No. 9059) ("RFS Order"). These notices appear as Docket Nos. 9312 and 9313.

4.    Concurrently herewith the SunCal Appellants have filed a motion seeking a stay pending a disposition of the foregoing appeals (the "Stay Motion"), or alternatively a stay for thirty days to allow the United District Court to hear a motion for stay pending appeal, in the event the Court denies the Stay Motion.

5.    The SunCal Appellants' Special Litigation Counsel has been advised by counsel to Fenway Capital, LLC, a party to the transactions (the "Claims Purchase Transaction") described in the *Motion Pursuant To Bankruptcy Rule 9019 For Authority To Compromise Controversy In*

Doc.#146500

*Connection With A Repurchase Transaction With Fenway Capital, LLC And A Commercial Paper Program With Fenway Funding, LLC* (the "Compromise Motion"), that the Claims Transaction will close by **_June 2, 2010_**.

6.      If the Claims Purchase Transaction closes it will directly interfere with and effectively enjoin a material part of the SunCal Appellants' ongoing reorganization effort. As more fully explained in the Stay Motion, this will irreparably injure the SunCal Appellants' reorganization and the rights of its creditors.

7.      The SunCal Appellants contend that the Compromise Order and the RFS Order are in error and grant relief that violates their automatic stay.

8.      The SunCal Appellants would respectfully pray that this Court stay the closing of the Claims Purchase Transaction for a short period of time in order for this Court to consider and rule upon the Stay Motion.

9.      The SunCal Appellants are also seeking a ruling in the Stay Motion that would allow the District Court time to consider issuing a stay (thirty days), in the event that the Court declines to grant the Stay Motion.

10.      Unless the Court grants expedited relief with respect to the hearing on the Stay Motion, considers and rules upon the same ex parte, or stays the closing of the Claims Purchase Transaction, the SunCal Appellants will not have the opportunity to have the Stay Motion considered either in this Court, or in the District Court.

11.      For the reasons stated in the Stay Motion, the Lehman Entities will not suffer any harm if the Court grants the limited procedural relief and short term stay prayed for herein.

I declare that the foregoing is true and correct under the penalty of perjury.

Executed this 27th day of May, 2010, in Orange County, California.

/s/ Sean A. O'Keefe

_____

Sean A. O'Keefe

3

Doc.#146500