SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner
Henry Weisburg
Brian H. Polovoy

*Attorneys for Nomura International plc*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re:                                                        :     Chapter 11
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al*.,                      :     Case No. 08 – 13555 (JMP)
                                                              :
                        Debtors.                              :     (Jointly Administered)
                                                              :
------------------------------------------------------------- x
                                                              :
LEHMAN BROTHERS HOLDINGS INC. and                             :
LEHMAN BROTHERS SPECIAL                                       :
FINANCING, INC.                                               :     Adv. Proc. No. 10-03228-jmp
                                                              :
                        Plaintiffs,                           :
                                                              :
     -against-                                                :
                                                              :
NOMURA INTERNATIONAL PLC,                                     :
                                                              :
                        Defendant.                            :
------------------------------------------------------------- x
                                                              :
LEHMAN BROTHERS HOLDINGS INC. and                             :
LEHMAN BROTHERS SPECIAL                                       :
FINANCING, INC.                                               :     Adv. Proc. No. 10-03229-jmp
                                                              :
                        Plaintiffs,                           :
                                                              :
     -against-                                                :
                                                              :
NOMURA SECURITIES CO., LTD.,                                  :
                                                              :
                        Defendant.                            :
------------------------------------------------------------- x

**ANSWER OF NOMURA INTERNATIONAL PLC**

Defendant Nomura International plc ("NIplc"), by and through its undersigned attorneys, hereby answers the Adversary Complaint brought by Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing, Inc. ("LBSF") (and together with LBHI's affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"),[1] dated April 23, 2010, as follows:[2]

1.   NIplc denies the allegations set forth in Paragraph 1.[3]

2.   NIplc admits the allegations set forth in Paragraph 2.[4]

3.   NIplc admits the allegations set forth in the first sentence of Paragraph 3 and respectfully refers the Court to the Swap Agreement for the full contents thereof. The allegations set forth in the second sentence of Paragraph 3 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations, except admits that LBSF's Credit Support Provider filed for bankruptcy. NIplc denies the remainder of the

---

[1]   NIplc denies the allegations set forth in footnote 1 to the extent that they suggest that the proofs of claim filed by Nomura Securities Co., Ltd. ("NSC") and Nomura Global Financial Products, Inc. ("NGFP") were inflated, and respectfully refers the Court to the Response of NIplc and NSC to the Debtors' consolidation motion [Docket No. 8903], NSC's Answer and NGFP's Response, each of which speaks for itself.

[2]   Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), "a proof of claim executed and filed in accordance with the [bankruptcy] rules shall constitute *prima facie* evidence of the validity and amount of the claim." F.R.B.P. 3001(f). See also In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Alper Holdings USA, No. 07-12148, 2008 WL 160203, at *3 (Bankr. S.D.N.Y. 2008); In re MarketXT Holdings Corp., No. 04-12078, 2007 WL 680763, at *4 (Bankr. S.D.N.Y. 2007). In order to refute the validity or the amount of a properly filed proof of claim, the objecting party must produce evidence sufficient to negate the *prima facie* validity of that claim. See In re Spiegel, Inc., Nos. 03-11540, 06-CV-13477, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. Aug. 22, 2007) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)). The Adversary Complaint does not contain evidence of any kind (just allegations) to negate the *prima facie* validity of the NIplc Claims. Therefore, the NIplc Claims remain presumptively valid pursuant to section 502 of the Bankruptcy Code and Rule 3001(f) of the Bankruptcy Rules.

[3]   NIplc denies the allegations set forth in footnote 3 to the extent that they suggest that the Nomura Claims should be disallowed and that LBSF is entitled to affirmative recovery.

[4]   References to "Nomura Claims," "Master Agreement" and "Swap Agreement" in NIplc's Answer have the meaning ascribed to them in Paragraph 2 of the Debtors' Adversary Complaint.

allegations set forth in Paragraph 3 and respectfully refers the Court to the Swap Agreement, which speaks for itself.

4.      NIplc denies the allegations set forth in Paragraph 4, except admits that the Value of the Credit Support Balance as of the close of business on September 8, 2008 was in the amount of approximately $ 248,025,000 in respect of which NIplc was the transferor, and respectfully refers the Court to the Swap Agreement and the Calculation Statement (as defined below), each of which speaks for itself.

5.      NIplc denies the allegations set forth in Paragraph 5, except admits that NIplc sent a Calculation Statement for Payments on Early Termination to LBSF dated as of September 30, 2008 (the "Calculation Statement"), and respectfully refers the Court to the Calculation Statement, which speaks for itself.[5]

6.      NIplc denies the allegations set forth in Paragraph 6 and respectfully refers the Court to the Swap Agreement and the Calculation Statement, each of which speaks for itself.

7.      NIplc denies the allegations set forth in Paragraph 7 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

8.      NIplc denies the allegations set forth in Paragraph 8, except admits that NIplc sent a Supplementary Statement to LBSF dated as of February 13, 2009 (the "Supplementary

---

[5]     NIplc denies that the allegations set forth in footnote 6 contain an accurate and complete description of the Calculation Statement and/or the Supplementary Statement and respectfully refers the Court to the Calculation Statement and the Supplementary Statement, each of which speaks for itself.

Statement"),[6] and respectfully refers the Court to the Supplementary Statement, which speaks for itself.[7]

9. NIplc denies the allegations set forth in Paragraph 9, except admits that NIplc filed the Nomura Claims on September 18, 2009, and respectfully refers the Court to the Nomura Claims, the Supplementary Statement and the Swap Agreement, each of which speaks for itself.

10. NIplc denies the allegations set forth in Paragraph 10.

11. The allegations set forth in Paragraph 11 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations, except admits that the Debtors purport to request the relief described therein pursuant to the statutes cited therein.

12. The allegations set forth in Paragraph 12 state legal conclusions as to which no response is required.

13. The allegations set forth in Paragraph 13 state legal conclusions as to which no response is required.

14. The allegations set forth in Paragraph 14 state legal conclusions as to which no response is required.

15. Upon information and belief, NIplc admits the allegations set forth in Paragraph 15.

16. NIplc admits the allegations set forth in Paragraph 16.

---

[6] NIplc denies that the allegations set forth in footnote 7 contain an accurate and complete description of the Supplementary Statement and respectfully refers the Court to the Supplementary Statement, which speaks for itself.

[7] NIplc denies the allegations set forth in footnote 8 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

17. NIplc admits the allegations set forth in Paragraph 17 and respectfully refers the Court to the Nomura Claims and the Swap Agreement for the full contents thereof.

18. NIplc admits the allegations set forth in Paragraph 18 and respectfully refers the Court to NIplc's Derivatives Questionnaire dated October 20, 2009 for the full contents thereof.

19. NIplc admits the allegations set forth in Paragraph 19.

20. NIplc denies the allegations set forth in Paragraph 20 and respectfully refers the Court to the Master Agreement, which speaks for itself.

21. NIplc admits the allegations set forth in Paragraph 21 and respectfully refers the Court to the Master Agreement for the full contents thereof.

22. The allegations set forth in Paragraph 22 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations and respectfully refers the Court to the Master Agreement, which speaks for itself.

23. NIplc admits the allegations set forth in Paragraph 23 and respectfully refers the Court to the Master Agreement and Schedule thereto for the full contents thereof.

24. NIplc admits the allegations set forth in Paragraph 24 and respectfully refers the Court to the Master Agreement for the full contents thereof.

25. NIplc denies the allegations set forth in Paragraph 25, except admits that "Market Quotation and the Second Method . . . apply" pursuant to Part I(f) of the Schedule, and respectfully refers the Court to the Master Agreement for the full contents thereof.

26. NIplc admits the allegations set forth in Paragraph 26 and respectfully refers the Court to the Master Agreement for the full contents thereof.

27. The allegations set forth in Paragraph 27 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations and respectfully refers the Court to the Master Agreement, which speaks for itself.

28. NIplc admits the allegations set forth in Paragraph 28 and respectfully refers the Court to the CSA[8] for the full contents thereof.

29. NIplc admits the allegations set forth in Paragraph 29 and respectfully refers the Court to the CSA for the full contents thereof.

30. NIplc denies the allegations set forth in Paragraph 30.

31. NIplc denies the allegations set forth in Paragraph 31, except admits that the Value of the Credit Support Balance as of the close of business on September 8, 2008 was in the amount of approximately $ 248,025,000 in respect of which NIplc was the transferor, and respectfully refers the Court to the CSA, which speaks for itself.

32. NIplc denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32.

33. The allegations set forth in Paragraph 33 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations, except admits that an Event of Default occurred and that LBHI filed for bankruptcy on September 15, 2008, and respectfully refers the Court to the Swap Agreement, which speaks for itself.

34. The allegations set forth in Paragraph 34 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations, except admits that an Event of Default occurred and that LBHI filed for bankruptcy on

---

[8] References to the term "CSA" have the meaning ascribed to them in Paragraph 28 of the Debtors' Adversary Complaint.

5

September 15, 2008, and respectfully refers the Court to the Master Agreement, which speaks for itself.

35. NIplc denies the allegations set forth in Paragraph 35, except admits that NIplc sent a Notice of an Automatic Early Termination to LBSF dated as of September 19, 2008, and respectfully refers the Court to the Notice of an Automatic Early Termination, which speaks for itself.

36. NIplc denies the allegations set forth in Paragraph 36 and respectfully refers the Court to the Master Agreement for the full contents thereof.

37. NIplc denies the allegations set forth in Paragraph 37 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

38. NIplc denies the allegations set forth in Paragraph 38 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

39. The allegations set forth in Paragraph 39 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc respectfully refers the Court to the Master Agreement, which speaks for itself.

40. NIplc denies the allegations set forth in Paragraph 40 and respectfully refers the Court to the Master Agreement and the Swap Agreement, each of which speaks for itself.

41. NIplc denies that the allegations set forth in Paragraph 41 contain an accurate and complete description of the statements made by NIplc in the Calculation Statement and respectfully refers the Court to the Calculation Statement, which speaks for itself.

42. NIplc admits the allegations set forth in Paragraph 42 and respectfully refers the Court to the Calculation Statement for the full contents thereof.

43. NIplc denies the allegations set forth in Paragraph 43 and respectfully refers the Court to the Calculation Statement and the Master Agreement, each of which speaks for itself.

44. NIplc denies the allegations set forth in Paragraph 44 and respectfully refers the Court to the Nomura Claims, each of which speaks for itself.

45. NIplc denies the allegations set forth in Paragraph 45, except admits that the Value of the Credit Support Balance as of the close of business on September 8, 2008 was in the amount of approximately $ 248,025,000 in respect of which NIplc was the transferor.

46. NIplc denies the allegations set forth in Paragraph 46, except admits that it filed the Nomura Claims and submitted the Calculation Statement, and respectfully refers the Court to the Nomura Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

47. NIplc denies the allegations set forth in the first sentence of Paragraph 47. The allegations set forth in the second sentence of Paragraph 47 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations and respectfully refers the Court to the Nomura Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

48. NIplc denies the allegations set forth in Paragraph 48 and respectfully refers the Court to the Nomura Claims and the Calculation Statement, each of which speaks for itself.

49. NIplc denies the allegations set forth in Paragraph 49, and further denies that the alleged example and graphic contain an accurate and complete description of NIplc's calculations and/or NIplc's Loss methodology, and respectfully refers the Court to the Nomura Claims and the Calculation Statement, each of which speaks for itself.

50. NIplc denies the allegations set forth in Paragraph 50, and further denies that the alleged example and graphic contain an accurate and complete description of NIplc's valuation, NIplc's pricing methodology, and/or NIplc's calculation of the Settlement Amount, and respectfully refers the Court to the Nomura Claims and the Calculation Statement, each of which speaks for itself.[9]

51. NIplc denies the allegations set forth in Paragraph 51.

52. NIplc denies the allegations set forth in Paragraph 52 and respectfully refers the Court to the Nomura Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

53. NIplc denies the allegations set forth in Paragraph 53 and respectfully refers the Court to the Nomura Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

54. NIplc denies the allegations set forth in Paragraph 54.

55. NIplc denies the allegations set forth in Paragraph 55 and respectfully refers the Court to the Nomura Claims for the full contents thereof.

56. NIplc denies the allegations set forth in Paragraph 56 and respectfully refers the Court to the Supplementary Statement, which speaks for itself.

57. The allegations set forth in Paragraph 57 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations and respectfully refers the Court to the Swap Agreement, which speaks for itself.

58. NIplc admits the allegations set forth in Paragraph 58 and respectfully refers the Court to the Master Agreement for the full contents thereof.

---

[9] NIplc denies the allegations set forth in footnote 9.

59.     NIplc denies the allegations set forth in the first sentence of Paragraph 59 and respectfully refers the Court to the Notice of an Automatic Early Termination dated September 19, 2008, which speaks for itself. The allegations set forth in the second sentence of Paragraph 59 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc respectfully refers the Court to the Swap Agreement, which speaks for itself.

60.     NIplc denies that the allegations set forth in Paragraph 60 contain an accurate and complete description of the Calculation Statement and respectfully refers the Court to the Calculation Statement, which speaks for itself.

61.     NIplc denies the allegations set forth in Paragraph 61 and respectfully refers the Court to the Supplementary Statement which speaks for itself.

62.     NIplc denies the allegations set forth in Paragraph 62, except admits that in the Supplementary Statement, NIplc did not recalculate the Icelandic Bank Transactions in which it had sold credit protection to LBSF, and respectfully refers the Court to the Calculation Statement and the Supplementary Statement, each of which speaks for itself.[10]

63.     The allegations set forth in the first sentence of Paragraph 63 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations and respectfully refers the Court to the Swap Agreement, the Calculation Statement and the Supplementary Statement, each of which speaks for itself. NIplc denies the allegations set forth in the second sentence of Paragraph 63.

64.     NIplc denies the allegations set forth in Paragraph 64 and respectfully refers the Court to the Swap Agreement, which speaks for itself.

---

[10]    NIplc denies the allegations set forth in footnote 10 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

9

65. NIplc admits the allegations set forth in the first sentence of Paragraph 65 and respectfully refers the Court to the Nomura Claims for the full contents thereof. The allegations set forth in the second sentence of Paragraph 65 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations and respectfully refers the Court to the Swap Agreement, which speaks for itself.

66. The allegations set forth in Paragraph 66 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations and respectfully refers the Court to the Swap Agreement, which speaks for itself.

67. NIplc denies the allegations set forth in Paragraph 67.

68. The allegations set forth in Paragraph 68 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations, except admits that the Nomura Claims sought interest accruing through September 18, 2009, and respectfully refers the Court to the Nomura Claims and the Swap Agreement for the full contents thereof.

69. NIplc incorporates its responses to the foregoing paragraphs as if set forth herein.

70. The allegations set forth in Paragraph 70 state legal conclusions as to which no response is required.

71. Because the allegations set forth in Paragraph 71 contain no factual allegations, no response is required.

72. The allegations set forth in Paragraph 72 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations and respectfully refers the Court to the Nomura Claims and the Swap Agreement, each of which speaks for itself.

73. The allegations set forth in Paragraph 73 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations and respectfully refers the Court to the Nomura Claims and the Swap Agreement, each of which speaks for itself.

74. The allegations set forth in Paragraph 74 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations.

75. The allegations set forth in Paragraph 75 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations.

76. The allegations set forth in Paragraph 76 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations.

77. NIplc incorporates its responses to the foregoing paragraphs as if set forth herein.

78. The allegations set forth in Paragraph 78 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations.

79. The allegations set forth in Paragraph 79 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations.

80. The allegations set forth in Paragraph 80 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations.

81. The allegations set forth in Paragraph 81 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations.

82. NIplc incorporates its responses to the foregoing paragraphs as if set forth herein.

83. NIplc admits that the allegations set forth in Paragraph 83 purport to describe the parties to this action.

84. NIplc denies that the Debtors are entitled to declaratory relief.

85. The allegations set forth in Paragraph 85 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations, except admits that an actual controversy exists between NIplc and the Debtors as to the Nomura Claims.

86. The allegations set forth in Paragraph 86 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations.

87. NIplc denies the allegations set forth in Paragraph 87.

88. NIplc denies that the Debtors are entitled to the declaratory judgment they seek in Paragraph 88.

89. NIplc incorporates its responses to the foregoing paragraphs as if set forth herein.

90. The allegations set forth in Paragraph 90 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations to the extent that they suggest that the Swap Agreement should be enforced against NIplc, and respectfully refers the Court to the Swap Agreement, which speaks for itself.

91. The allegations set forth in Paragraph 91 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations to the extent that they suggest that NIplc failed to abide by the terms of the Swap Agreement and/or that the Debtors are entitled to the award they seek in Paragraph 91, and respectfully refers the Court to the Swap Agreement, which speaks for itself.

92. The allegations set forth in Paragraph 92 state legal conclusions as to which no response is required. To the extent that a response is required, NIplc denies the allegations set forth in Paragraph 92.

93. NIplc denies the allegations set forth in Paragraph 93.

94. NIplc denies that the Debtors are entitled to the award they seek in Paragraph 94.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof where such burden properly rests with the Debtors, and without waiving (and hereby expressly reserving) the right to assert any and all such defenses at such time and to the extent discovery establishes a basis therefor, NIplc hereby asserts the following affirmative defenses to the claims asserted in the Debtors' Adversary Complaint:

<u>First Affirmative Defense</u>
(Failure to State a Claim)

95. The Adversary Complaint fails to state a claim on which relief can be granted.

<u>Second Affirmative Defense</u>
(Estoppel)

96. The Debtors' claims are barred, in whole or in part, by the doctrine of estoppel.

<u>Third Affirmative Defense</u>
(Waiver)

97. The Debtors' claims are barred, in whole or in part, by the doctrine of waiver.

<u>Fourth Affirmative Defense</u>
(Laches)

98. The Debtors' claims are barred, in whole or in part, by the doctrine of laches.

<u>Fifth Affirmative Defense</u>
(In pari delicto)

99. The Debtors' claims are barred, in whole or in part, by the doctrine of in pari delicto.

## NOTICE PURSUANT TO FED. R. CIV. P. 44.1

Please take notice that pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, NIplc intends to raise issues pertaining to foreign law, specifically, the law of England.

WHEREFORE, NIplc asks that judgment be entered in its favor and that the Adversary Complaint, and all causes of action asserted therein, be dismissed in its entirety.

Dated: New York, New York
       June 1, 2010

>                     Respectfully submitted,
>
>                     SHEARMAN & STERLING LLP
>
>                     By:   /s/ Douglas Bartner
>                           Douglas P. Bartner
>                           Henry Weisburg
>                           Brian H. Polovoy
>                     599 Lexington Avenue
>                     New York, New York  10022
>                     Telephone:  (212) 848-4000
>                     Facsimile:  (212) 848-7179
>
>                     *Attorneys for Nomura International plc*

04/521156

14