Hearing Date: June 16, 2010 at 10:00 a.m.

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner
Henry Weisburg
Brian H. Polovoy

*Attorneys for Nomura Global Financial Products, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
                                                            :
**In re:**                                      :    Chapter 11
                                                            :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**    :    Case No. 08 – 13555 (JMP)
                                                            :
                        Debtors.                 :    (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

**RESPONSE OF NOMURA GLOBAL FINANCIAL PRODUCTS, INC.
TO OBJECTION OF DEBTORS AND DEBTORS IN POSSESSION
TO CLAIMS OF NOMURA GLOBAL FINANCIAL PRODUCTS, INC.**

Nomura Global Financial Products, Inc. ("NGFP"), by and through its undersigned attorneys, hereby responds to the Claims Objection brought by Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing, Inc. ("LBSF") (and together with LBHI's affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"),[1] dated April 23, 2010, as follows:

---

[1] NGFP denies the allegations set forth in footnote 1 to the extent that they 1) assert that this dispute should be consolidated with other disputes arising under different swap agreements; 2) claim that consolidation of this dispute with any other dispute would yield efficiency or judicial economy and 3) allege that the proofs of claim filed by Nomura Securities Co., Ltd. ("NSC") and Nomura International plc ("NIplc") were inflated. NGFP respectfully refers the Court to the Response of NIplc and NSC to the Debtors'

Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), "a proof of claim executed and filed in accordance with the [bankruptcy] rules shall constitute *prima facie* evidence of the validity and amount of the claim." F.R.B.P. 3001(f). <u>See also</u> <u>In re DJK Residential LLC</u>, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); <u>In re Alper Holdings USA</u>, No. 07-12148, 2008 WL 160203, at *3 (Bankr. S.D.N.Y. 2008); <u>In re MarketXT Holdings Corp.</u>, No. 40-12078, 2007 WL 680763, at *4 (Bankr. S.D.N.Y. 2007). In order to refute the validity or the amount of a properly filed proof of claim, the objecting party must produce evidence sufficient to negate the *prima facie* validity of that claim. <u>See</u> <u>In re Spiegel, Inc.</u>, Nos. 03-11540, 06-CV-13477, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. Aug. 22, 2007) (citing <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992)). The Claims Objection does not contain evidence of any kind (just allegations) to negate the *prima facie* validity of the NGFP Claims. Therefore, the NGFP Claims remain presumptively valid pursuant to section 502 of the Bankruptcy Code and Rule 3001(f) of the Bankruptcy Rules.

1. NGFP denies the allegations set forth in Paragraph 1.

2. NGFP admits the allegations set forth in Paragraph 2.[2]

3. NGFP admits the allegations set forth in the first sentence of Paragraph 3 and respectfully refers the Court to the Swap Agreement for the full contents thereof. The allegations set forth in the second sentence of Paragraph 3 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations, except admits that LBSF's Credit Support Provider filed for bankruptcy. NGFP denies the remainder of the

---

consolidation motion [Docket No. 8903], NSC's Answer and NIplc's Answer, each of which speaks for itself.

[2] References to "NGFP Claims," "Master Agreement" and "Swap Agreement" in NGFP's Response have the meaning ascribed to "Nomura GFP Claims," "Master Agreement" and "Swap Agreement" in Paragraph 2 of the Debtors' Claims Objection.

allegations set forth in Paragraph 3 and respectfully refers the Court to the Swap Agreement, which speaks for itself.

4. NGFP denies the allegations set forth in Paragraph 4 and respectfully refers the Court to the Swap Agreement and the Calculation Statement (as defined below), each of which speaks for itself.

5. NGFP denies the allegations set forth in Paragraph 5, except admits that NGFP sent a Calculation Statement for Payments on Early Termination to LBSF dated as of September 30, 2008 (the "Calculation Statement"), and respectfully refers the Court to the Calculation Statement, which speaks for itself.[3]

6. NGFP denies the allegations set forth in Paragraph 6 and respectfully refers the Court to the Swap Agreement and the Calculation Statement, each of which speaks for itself.

7. NGFP denies the allegations set forth in Paragraph 7 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

8. NGFP denies the allegations set forth in Paragraph 8, except admits that NGFP filed the NGFP Claims on September 18, 2009, and respectfully refers the Court to the NGFP Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

9. NGFP denies the allegations set forth in Paragraph 9.

10. The allegations set forth in Paragraph 10 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations, except admits that the Debtors purport to request the relief described therein pursuant to the statutes cited therein.

---

[3] NGFP denies that the allegations set forth in footnote 5 contain an accurate and complete description of the Calculation Statement and respectfully refers the Court to the Calculation Statement, which speaks for itself.

11. The allegations set forth in Paragraph 11 state legal conclusions as to which no response is required.

12. The allegations set forth in Paragraph 12 state legal conclusions as to which no response is required.

13. The allegations set forth in Paragraph 13 state legal conclusions as to which no response is required.

14. NGFP denies the allegations set forth in Paragraph 14, except admits that the Debtors purport to request the relief described therein pursuant to the statutes cited therein.

15. Because the allegations set forth in the first sentence of Paragraph 15 contain no factual allegations, no response is required. The allegations set forth in the remainder of Paragraph 15 state legal conclusions as to which no response is required.

16. NGFP denies the allegations set forth in Paragraph 16.

17. NGFP denies the allegations set forth in Paragraph 17.

18. Upon information and belief, NGFP admits the allegations set forth in Paragraph 18.

19. NGFP admits the allegations set forth in Paragraph 19.

20. NGFP admits the allegations set forth in Paragraph 20 and respectfully refers the Court to the NGFP Claims and the Swap Agreement for the full contents thereof.

21. NGFP admits the allegations set forth in Paragraph 21 and respectfully refers the Court to NGFP's Derivatives Questionnaire dated October 21, 2009 for the full contents thereof.

22. NGFP admits the allegations set forth in Paragraph 22.

23. NGFP denies the allegations set forth in Paragraph 23 and respectfully refers the Court to the Master Agreement, which speaks for itself.

24. NGFP admits the allegations set forth in Paragraph 24 and respectfully refers the Court to the Master Agreement for the full contents thereof.

25. The allegations set forth in Paragraph 25 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations and respectfully refers the Court to the Master Agreement, which speaks for itself.

26. NGFP admits the allegations set forth in Paragraph 26 and respectfully refers the Court to the Master Agreement and Schedule thereto for the full contents thereof.

27. NGFP admits the allegations set forth in Paragraph 27 and respectfully refers the Court to the Master Agreement for the full contents thereof.

28. NGFP denies the allegations set forth in Paragraph 28 and respectfully refers the Court to the Master Agreement for the full contents thereof.

29. NGFP admits the allegations set forth in Paragraph 29 and respectfully refers the Court to the Master Agreement for the full contents thereof.

30. The allegations set forth in Paragraph 30 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations and respectfully refers the Court to the Master Agreement, which speaks for itself.

31. NGFP admits the allegations set forth in Paragraph 31 and respectfully refers the Court to the CSA[4] for the full contents thereof.

32. NGFP admits the allegations set forth in Paragraph 32 and respectfully refers the Court to the CSA for the full contents thereof.

33. NGFP denies the allegations set forth in Paragraph 33.

34. NGFP denies the allegations set forth in Paragraph 34.

---

[4] References to the term "CSA" have the meaning ascribed to them in Paragraph 31 of the Debtors' Claims Objection.

5

35. NGFP denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 35.

36. The allegations set forth in Paragraph 36 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations, except admits that an Event of Default occurred and that LBHI filed for bankruptcy on September 15, 2008, and respectfully refers the Court to the Swap Agreement, which speaks for itself.

37. The allegations set forth in Paragraph 37 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations, except admits that an Event of Default occurred and that LBHI filed for bankruptcy on September 15, 2008, and respectfully refers the Court to the Master Agreement, which speaks for itself.

38. NGFP denies the allegations set forth in Paragraph 38, except admits that NGFP sent a Notice of an Automatic Early Termination to LBSF dated as of September 19, 2008, and respectfully refers the Court to the Notice of an Automatic Early Termination, which speaks for itself.

39. NGFP denies the allegations set forth in Paragraph 39 and respectfully refers the Court to the Master Agreement, which speaks for itself.

40. NGFP denies the allegations set forth in Paragraph 40 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

41. NGFP denies the allegations set forth in Paragraph 41 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

42. The allegations set forth in Paragraph 42 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations and respectfully refers the Court to the Master Agreement, which speaks for itself.

43. NGFP denies the allegations set forth in Paragraph 43 and respectfully refers the Court to the Master Agreement and the Swap Agreement, each of which speaks for itself.

44. NGFP denies that the allegations set forth in Paragraph 44 contain an accurate and complete description of the statements made by NGFP in the Calculation Statement and respectfully refers the Court to the Calculation Statement, which speaks for itself.

45. NGFP denies that the allegations set forth in Paragraph 45 contain an accurate and complete description of the statements made by NGFP in the Calculation Statement and respectfully refers the Court to the Calculation Statement, which speaks for itself.[5]

46. NGFP denies the allegations set forth in Paragraph 46 and respectfully refers the Court to the Calculation Statement and the Master Agreement, each of which speaks for itself.

47. NGFP denies the allegations set forth in Paragraph 47 and respectfully refers the Court to the NGFP Claims, each of which speaks for itself.

48. NGFP denies the allegations set forth in Paragraph 48.

49. NGFP denies the allegations set forth in Paragraph 49.

50. NGFP denies the allegations set forth in Paragraph 50 and respectfully refers the Court to the NGFP Claims and the Calculation Statement, each of which speaks for itself.

51. NGFP denies the allegations set forth in Paragraph 51, and further denies that the alleged example contains an accurate and complete description of NGFP's calculations and/or

---

[5] NGFP denies the allegations set forth in footnote 7.

NGFP's Loss methodology, and respectfully refers the Court to the NGFP Claims and the Calculation Statement, each of which speaks for itself.

52. NGFP denies the allegations set forth in Paragraph 52, and further denies that the alleged example contains an accurate and complete description of NGFP's valuation, pricing methodology, and/or NGFP's calculation of the Settlement Amount, and respectfully refers the Court to the NGFP Claims and the Calculation Statement, each of which speaks for itself.

53. NGFP denies the allegations set forth in Paragraph 53.

54. NGFP denies the allegations set forth in Paragraph 54.

55. NGFP denies the allegations set forth in Paragraph 55.

56. NGFP denies the allegations set forth in Paragraph 56 and respectfully refers the Court to the NGFP Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

57. The allegations set forth in Paragraph 57 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations.

58. NGFP admits the allegations set forth in the first sentence of Paragraph 58 and respectfully refers the Court to the NGFP Claims for the full contents thereof. The allegations set forth in the second sentence of Paragraph 58 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations and respectfully refers the Court to the Swap Agreement, which speaks for itself.

59. The allegations set forth in Paragraph 59 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations, and respectfully refers the Court to the Swap Agreement, which speaks for itself.

60. NGFP denies the allegations set forth in Paragraph 60.

61. The allegations set forth in Paragraph 61 state legal conclusions as to which no response is required. To the extent that a response is required, NGFP denies the allegations, except admits that the NGFP Claims sought interest accruing through September 18, 2009, and respectfully refers the Court to the NGFP Claims and the Swap Agreement for the full contents thereof.

62. NGFP denies the allegations set forth in Paragraph 62.

63. Because the allegations set forth in Paragraph 63 contain no factual allegations no response is required.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof where such burden properly rests with the Debtors, and without waiving (and hereby expressly reserving) the right to assert any and all such defenses at such time and to the extent discovery establishes a basis therefor, NGFP hereby asserts the following affirmative defenses to the claims asserted in the Debtors' Claims Objection:

### First Affirmative Defense
(Failure to State a Claim)

64. The Claims Objection fails to state a claim on which relief can be granted.

### Second Affirmative Defense
(Estoppel)

65. The Debtors' claims are barred, in whole or in part, by the doctrine of estoppel.

### Third Affirmative Defense
(Waiver)

66. The Debtors' claims are barred, in whole or in part, by the doctrine of waiver.

### Fourth Affirmative Defense
(Laches)

67. The Debtors' claims are barred, in whole or in part, by the doctrine of laches.

<u>Fifth Affirmative Defense</u>
(In pari delicto)

68. The Debtors' claims are barred, in whole or in part, by the doctrine of in pari delicto.

**<u>NOTICE PURSUANT TO FED. R. CIV. P. 44.1</u>**

Please take notice that pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, NGFP intends to raise issues pertaining to foreign law, specifically, the law of England.

WHEREFORE, NGFP asks that judgment be entered in its favor and that the Debtors' Claims Objection be overruled in its entirety.

Dated: New York, New York
       June 1, 2010

        Respectfully submitted,

        SHEARMAN & STERLING LLP

        By:   /s/ Douglas Bartner
              Douglas P. Bartner
              Henry Weisburg
              Brian H. Polovoy
        599 Lexington Avenue
        New York, New York 10022
        Telephone: (212) 848-4000
        Facsimile:  (212) 848-7179

        *Attorneys for Nomura Global Financial Products, Inc.*

04/521154

10