SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner
Henry Weisburg
Brian H. Polovoy

*Attorneys for Nomura Securities Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                            :   Chapter 11
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al*.,                          :   Case No. 08 – 13555 (JMP)
                                                                  :
                         Debtors.                                 :   (Jointly Administered)
                                                                  :
---------------------------------------------------------------- x
                                                                  :
LEHMAN BROTHERS HOLDINGS INC. and                                 :
LEHMAN BROTHERS SPECIAL                                           :
FINANCING, INC.                                                   :   Adv. Proc. No. 10-03228-jmp
                                                                  :
                         Plaintiffs,                              :
                                                                  :
     -against-                                                    :
                                                                  :
NOMURA INTERNATIONAL PLC,                                         :
                                                                  :
                         Defendant.                               :
---------------------------------------------------------------- x
                                                                  :
LEHMAN BROTHERS HOLDINGS INC. and                                 :
LEHMAN BROTHERS SPECIAL                                           :
FINANCING, INC.                                                   :   Adv. Proc. No. 10-03229-jmp
                                                                  :
                         Plaintiffs,                              :
                                                                  :
     -against-                                                    :
                                                                  :
NOMURA SECURITIES CO., LTD.,                                      :
                                                                  :
                         Defendant.                               :
---------------------------------------------------------------- x

## ANSWER OF NOMURA SECURITIES CO., LTD.

Defendant Nomura Securities Co., Ltd. ("NSC"), by and through its undersigned attorneys, hereby answers the Adversary Complaint brought by Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing, Inc. ("LBSF") (and together with LBHI's affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"),[1] dated April 23, 2010, as follows:[2]

1. NSC denies the allegations set forth in Paragraph 1.[3]

2. NSC admits the allegations set forth in Paragraph 2.[4]

3. NSC admits the allegations set forth in the first sentence of Paragraph 3 and respectfully refers the Court to the Swap Agreement for the full contents thereof. The allegations set forth in the second sentence of Paragraph 3 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations, except admits that LBSF's Credit Support Provider filed for bankruptcy. NSC denies the remainder of the

---

[1] NSC denies the allegations set forth in footnote 1 to the extent that they suggest that the proofs of claim filed by Nomura International plc ("NIplc") and Nomura Global Financial Products, Inc. ("NGFP") were inflated, and respectfully refers the Court to the Response of NIplc and NSC to the Debtors' consolidation motion [Docket No. 8903], NIplc's Answer and NGFP's Response, each of which speaks for itself.

[2] Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), "a proof of claim executed and filed in accordance with the [bankruptcy] rules shall constitute *prima facie* evidence of the validity and amount of the claim." F.R.B.P. 3001(f). See also In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Alper Holdings USA, No. 07-12148, 2008 WL 160203, at *3 (Bankr. S.D.N.Y. 2008); In re MarketXT Holdings Corp., No. 04-12078, 2007 WL 680763, at *4 (Bankr. S.D.N.Y. 2007). In order to refute the validity or the amount of a properly filed proof of claim, the objecting party must produce evidence sufficient to negate the *prima facie* validity of that claim. See In re Spiegel, Inc., Nos. 03-11540, 06-CV-13477, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. Aug. 22, 2007) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)). The Adversary Complaint does not contain evidence of any kind (just allegations) to negate the *prima facie* validity of the NSC Claims. Therefore, the NSC Claims remain presumptively valid pursuant to section 502 of the Bankruptcy Code and Rule 3001(f) of the Bankruptcy Rules.

[3] NSC denies the allegations set forth in footnote 3 to the extent that they suggest that the NSC Claims should be disallowed and that LBSF is entitled to affirmative recovery.

[4] References to "NSC Claims," "Master Agreement" and "Swap Agreement" in NSC's Answer have the meaning ascribed to "Nomura Securities Claims," "Master Agreement" and "Swap Agreement" in Paragraph 2 of the Debtors' Adversary Complaint.

allegations set forth in Paragraph 3 and respectfully refers the Court to the Swap Agreement, which speaks for itself.

4.   NSC denies the allegations set forth in Paragraph 4, except admits that the Value of the Credit Support Balance as of the close of business on September 11, 2008 was in the amount of approximately $ 80,105,636.41 in respect of which NSC was the transferor, and respectfully refers the Court to the Swap Agreement and the Calculation Statement (as defined below), each of which speaks for itself.

5.   NSC denies the allegations set forth in Paragraph 5, except admits that NSC sent a Calculation Statement for Payments on Early Termination to LBSF dated as of September 30, 2008 (the "Calculation Statement"), and respectfully refers the Court to the Calculation Statement, which speaks for itself.[5]

6.   NSC denies the allegations set forth in Paragraph 6 and respectfully refers the Court to the Swap Agreement and the Calculation Statement, each of which speaks for itself.

7.   NSC denies the allegations set forth in Paragraph 7 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

8.   NSC denies the allegations set forth in Paragraph 8, except admits that NSC filed the NSC Claims on September 18, 2009, and respectfully refers the Court to the NSC Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

9.   NSC denies the allegations set forth in Paragraph 9.

10.  The allegations set forth in Paragraph 10 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations,

---

[5] NSC denies that the allegations set forth in footnote 6 contain an accurate and complete description of the Calculation Statement and respectfully refers the Court to the Calculation Statement, which speaks for itself.

2

except admits that the Debtors purport to request the relief described therein pursuant to the statutes cited therein.

11. The allegations set forth in Paragraph 11 state legal conclusions as to which no response is required.

12. The allegations set forth in Paragraph 12 state legal conclusions as to which no response is required.

13. The allegations set forth in Paragraph 13 state legal conclusions as to which no response is required.

14. Upon information and belief, NSC admits the allegations set forth in Paragraph 14.

15. NSC admits the allegations set forth in Paragraph 15.

16. NSC admits the allegations set forth in Paragraph 16 and respectfully refers the Court to the NSC Claims and the Swap Agreement for the full contents thereof.

17. NSC admits the allegations set forth in Paragraph 17 and respectfully refers the Court to NSC's Derivatives Questionnaire dated October 21, 2009 for the full contents thereof.

18. NSC admits the allegations set forth in Paragraph 18.

19. NSC denies the allegations set forth in Paragraph 19 and respectfully refers the Court to the Master Agreement, which speaks for itself.

20. NSC admits the allegations set forth in Paragraph 20 and respectfully refers the Court to the Master Agreement for the full contents thereof.

21. The allegations set forth in Paragraph 21 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations and respectfully refers the Court to the Master Agreement, which speaks for itself.

22. NSC admits the allegations set forth in Paragraph 22 and respectfully refers the Court to the Master Agreement and Schedule thereto for the full contents thereof.

23. NSC admits the allegations set forth in Paragraph 23 and respectfully refers the Court to the Master Agreement for the full contents thereof.

24. NSC denies the allegations set forth in Paragraph 24, except admits that "Market Quotation and the Second Method . . . apply" pursuant to Part I(f) of the Schedule, and respectfully refers the Court to the Master Agreement for the full contents thereof.

25. NSC admits the allegations set forth in Paragraph 25 and respectfully refers the Court to the Master Agreement for the full contents thereof.

26. The allegations set forth in Paragraph 26 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations and respectfully refers the Court to the Master Agreement, which speaks for itself.

27. NSC admits the allegations set forth in Paragraph 27 and respectfully refers the Court to the CSA[6] for the full contents thereof.

28. NSC admits the allegations set forth in Paragraph 28 and respectfully refers the Court to the CSA for the full contents thereof.

29. NSC denies the allegations set forth in Paragraph 29 and respectfully refers the Court to the CSA, which speaks for itself.

30. NSC denies the allegations set forth in Paragraph 30.

31. NSC denies the allegations set forth in Paragraph 31, except admits that the Value of the Credit Support Balance as of the close of business on September 11, 2008 was in the

---

[6] References to the term "CSA" have the meaning ascribed to them in Paragraph 27 of the Debtors' Adversary Complaint.

4

amount of approximately $ 80,105,636.41 in respect of which NSC was the transferor, and respectfully refers the Court to the CSA, which speaks for itself.

32. NSC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32.

33. The allegations set forth in Paragraph 33 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations, except admits that an Event of Default occurred and that LBHI filed for bankruptcy on September 15, 2008, and respectfully refers the Court to the Swap Agreement, which speaks for itself.

34. The allegations set forth in Paragraph 34 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations, except admits that an Event of Default occurred and that LBHI filed for bankruptcy on September 15, 2008, and respectfully refers the Court to the Master Agreement, which speaks for itself.

35. NSC denies the allegations set forth in Paragraph 35, except admits that NSC sent a Notice of an Automatic Early Termination to LBSF dated as of September 22, 2008, and respectfully refers the Court to the Notice of an Automatic Early Termination, which speaks for itself.

36. NSC denies the allegations set forth in Paragraph 36 and respectfully refers the Court to the Master Agreement for the full contents thereof.

37. NSC denies the allegations set forth in Paragraph 37 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

38. NSC denies the allegations set forth in Paragraph 38 and respectfully refers the Court to the Calculation Statement, which speaks for itself.

39. The allegations set forth in Paragraph 39 state legal conclusions as to which no response is required. To the extent that a response is required, NSC respectfully refers the Court to the Master Agreement, which speaks for itself.

40. NSC denies the allegations set forth in Paragraph 40 and respectfully refers the Court to the Master Agreement and the Swap Agreement, each of which speaks for itself.

41. NSC denies that the allegations set forth in Paragraph 41 contain an accurate and complete description of the statements made by NSC in the Calculation Statement and respectfully refers the Court to the Calculation Statement, which speaks for itself.

42. NSC admits the allegations set forth in Paragraph 42 and respectfully refers the Court to the Calculation Statement for the full contents thereof.

43. NSC denies the allegations set forth in Paragraph 43 and respectfully refers the Court to the Calculation Statement and the Master Agreement, each of which speaks for itself.

44. NSC denies the allegations set forth in Paragraph 44 and respectfully refers the Court to the NSC Claims, each of which speaks for itself.

45. NSC denies the allegations set forth in Paragraph 45, except admits that the Value of the Credit Support Balance as of the close of business on September 11, 2008 was in the amount of approximately $ 80,105,636.41 in respect of which NSC was the transferor.

46. NSC denies the allegations set forth in the first sentence of Paragraph 46. The allegations set forth in the second sentence of Paragraph 46 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations and

6

respectfully refers the Court to the NSC Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

47. NSC denies the allegations set forth in Paragraph 47 and respectfully refers the Court to the NSC Claims and the Calculation Statement, each of which speaks for itself.

48. NSC denies the allegations set forth in Paragraph 48, and further denies that the alleged examples contain an accurate and complete description of NSC's Transactions, NSC's calculations and/or NSC's Loss methodology, and respectfully refers the Court to the NSC Claims and the Calculation Statement, each of which speaks for itself.

49. NSC denies the allegations set forth in Paragraph 49, and further denies that the alleged example contains an accurate and complete description of NSC's Transactions, NSC's calculations and/or NSC's Loss methodology, and respectfully refers the Court to the NSC Claims and the Calculation Statement, each of which speaks for itself.

50. NSC denies the allegations set forth in Paragraph 50.

51. NSC denies the allegations set forth in Paragraph 51, and further denies that the alleged example and graphic contain an accurate and complete description of NSC's calculations and/or NSC's Loss methodology, and respectfully refers the Court to the NSC Claims and the Calculation Statement, each of which speaks for itself.

52. NSC denies the allegations set forth in Paragraph 52, and further denies that the alleged example and graphic contain an accurate and complete description of NSC's valuation, NSC's pricing methodology, and/or NSC's calculation of the Settlement Amount, and respectfully refers the Court to the NSC Claims and the Calculation Statement, each of which speaks for itself.[7]

---

[7] NSC denies the allegations set forth in footnote 8.

53. NSC denies the allegations set forth in Paragraph 53 and respectfully refers the Court to the NSC Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

54. NSC denies the allegations set forth in Paragraph 54 and respectfully refers the Court to the Nomura Claims, the Calculation Statement and the Swap Agreement, each of which speaks for itself.

55. NSC denies the allegations set forth in Paragraph 55 and respectfully refers the Court to the Swap Agreement, which speaks for itself.

56. NSC admits the allegations set forth in the first sentence of Paragraph 56 and respectfully refers the Court to the NSC Claims for the full contents thereof. The allegations set forth in the second sentence of Paragraph 56 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations and respectfully refers the Court to the Swap Agreement, which speaks for itself.

57. The allegations set forth in Paragraph 57 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations and respectfully refers the Court to the Swap Agreement, which speaks for itself.

58. NSC denies the allegations set forth in Paragraph 58.

59. The allegations set forth in Paragraph 59 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations, except admits that the NSC Claims sought interest accruing through August 31, 2009, and respectfully refers the Court to the NSC Claims and the Swap Agreement for the full contents thereof.

60. NSC incorporates its responses to the foregoing paragraphs as if set forth herein.

61. The allegations set forth in Paragraph 61 state legal conclusions as to which no response is required.

62. Because the allegations set forth in Paragraph 62 contain no factual allegations, no response is required.

63. The allegations set forth in Paragraph 63 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations and respectfully refers the Court to the NSC Claims and the Swap Agreement, each of which speaks for itself.

64. The allegations set forth in Paragraph 64 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations and respectfully refers the Court to the NSC Claims and the Swap Agreement, each of which speaks for itself.

65. The allegations set forth in Paragraph 65 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations.

66. The allegations set forth in Paragraph 66 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations.

67. The allegations set forth in Paragraph 67 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations.

68. NSC incorporates its responses to the foregoing paragraphs as if set forth herein.

69. The allegations set forth in Paragraph 69 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations.

70. The allegations set forth in Paragraph 70 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations.

71.     The allegations set forth in Paragraph 71 state legal conclusions as to which no response is required.  To the extent that a response is required, NSC denies the allegations.

72.     The allegations set forth in Paragraph 72 state legal conclusions as to which no response is required.  To the extent that a response is required, NSC denies the allegations.

73.     NSC incorporates its responses to the foregoing paragraphs as if set forth herein.

74.     NSC admits that the allegations set forth in Paragraph 74 purport to describe the parties to this action.

75.     NSC denies that the Debtors are entitled to declaratory relief.

76.     The allegations set forth in Paragraph 76 state legal conclusions as to which no response is required.  To the extent that a response is required, NSC denies the allegations, except admits that an actual controversy exists between NSC and the Debtors as to the NSC Claims.

77.     The allegations set forth in Paragraph 77 state legal conclusions as to which no response is required.  To the extent that a response is required, NSC denies the allegations.

78.     NSC denies the allegations set forth in Paragraph 78.

79.     NSC denies that the Debtors are entitled to the declaratory judgment they seek in Paragraph 79.

80.     NSC incorporates its responses to the foregoing paragraphs as if set forth herein.

81.     The allegations set forth in Paragraph 81 state legal conclusions as to which no response is required.  To the extent that a response is required, NSC denies the allegations to the extent that they suggest that the Swap Agreement should be enforced against NSC, and respectfully refers the Court to the Swap Agreement, which speaks for itself.

82. The allegations set forth in Paragraph 82 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations to the extent that they suggest that NSC failed to abide by the terms of the Swap Agreement and/or that the Debtors are entitled to the award they seek in Paragraph 82, and respectfully refers the Court to the Swap Agreement, which speaks for itself.

83. The allegations set forth in Paragraph 83 state legal conclusions as to which no response is required. To the extent that a response is required, NSC denies the allegations.

84. NSC denies the allegations set forth in Paragraph 84.

85. NSC denies that the Debtors are entitled to the award they seek in Paragraph 85.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof where such burden properly rests with the Debtors, and without waiving (and hereby expressly reserving) the right to assert any and all such defenses at such time and to the extent discovery establishes a basis therefor, NSC hereby asserts the following affirmative defenses to the claims asserted in the Debtors' Adversary Complaint:

First Affirmative Defense
(Failure to State a Claim)

86. The Adversary Complaint fails to state a claim on which relief can be granted.

Second Affirmative Defense
(Estoppel)

87. The Debtors' claims are barred, in whole or in part, by the doctrine of estoppel.

Third Affirmative Defense
(Waiver)

88. The Debtors' claims are barred, in whole or in part, by the doctrine of waiver.

11

Fourth Affirmative Defense
(Laches)

89.  The Debtors' claims are barred, in whole or in part, by the doctrine of laches.

Fifth Affirmative Defense
(In pari delicto)

90.  The Debtors' claims are barred, in whole or in part, by the doctrine of in pari delicto.

**NOTICE PURSUANT TO FED. R. CIV. P. 44.1**

Please take notice that pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, NSC intends to raise issues pertaining to foreign law, specifically, the law of England.

WHEREFORE, NSC asks that judgment be entered in its favor and that the Adversary Complaint, and all causes of action asserted therein, be dismissed in its entirety.

Dated: New York, New York
       June 1, 2010

                Respectfully submitted,

                SHEARMAN & STERLING LLP

                By:   /s/ Douglas Bartner
                        Douglas P. Bartner
                        Henry Weisburg
                        Brian H. Polovoy
                599 Lexington Avenue
                New York, New York  10022
                Telephone:  (212) 848-4000
                Facsimile:   (212) 848-7179

                *Attorneys for Nomura Securities Co., Ltd.*

04/521157