Hearing Date: June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 11, 2010 at 4:00 p.m. (Prevailing Eastern Time)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for Anton R. Valukas, Esq., Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
:
In re                                              :    Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    Case No. 08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
----------------------------------------------------------------------x

### NOTICE OF EXAMINER'S MOTION FOR ORDER
### DISCHARGING EXAMINER AND GRANTING RELATED RELIEF

PLEASE TAKE NOTICE that the undersigned has filed the attached Examiner's

Motion for Order Discharging Examiner and Granting Related Relief (the "Motion").

PLEASE TAKE FURTHER NOTICE that a Hearing on the Motion will be held on **June 16, 2010, at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York,

2

New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (v) Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New York 10022-3908, Attn: Patrick J. Trostle, attorneys for the Examiner; and (vi) any person or entity with a particularized interest in the subject matter of the Motion; so as to be received no later than **June 11, 2010, at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 2, 2010
New York, New York

Respectfully submitted,

By: /s/ Robert L. Byman

Patrick J. Trostle
Heather D. McArn
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

Attorneys for Anton R. Valukas, Esq., Examiner

Hearing Date: June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 11, 2010 at 4:00 p.m. (Prevailing Eastern Time)

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Robert L. Byman (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Attorneys for Anton R. Valukas, Esq., Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :   Case No. 08-13555 (JMP)
                                            :
            Debtors.                        :   (Jointly Administered)
------------------------------------------------------------------------x

**EXAMINER'S MOTION FOR ORDER**
**DISCHARGING EXAMINER AND GRANTING RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Anton R. Valukas, Esq., the Examiner (the "Examiner") appointed for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors") in the above-captioned bankruptcy cases, hereby moves (the "Motion") for an order, pursuant to 11 U.S.C. §§ 105 and 1106, discharging the Examiner from further duties in the above-captioned cases and establishing procedures to facilitate the conclusion of his examination. In support of this Motion, the Examiner states as follows:

## PRELIMINARY STATEMENT

1. On January 16, 2009, the Court entered an Order (the "Examiner Order") directing the appointment of an examiner, pursuant to 11 U.S.C. § 1104(c)(2), to investigate certain enumerated subjects and to "perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code." [Docket No. 2569]. On January 20, 2009 the Court entered an order approving the appointment of Anton R. Valukas as Examiner. [Docket No. 2583].

2. The Examiner filed his Report under seal on February 8, 2010. After addressing confidentiality issues related to materials cited in the Report, the Report was unsealed by order of Court dated March 11, 2010 and made publicly available on that date. [Docket No. 7531].

3. The Examiner has continued to act since the unsealing of the Report to cooperate with government agencies and the parties and to organize and prepare the materials he has collected in the course of his investigation to serve as an asset for the

2

Estate and the parties. The Examiner has completed his duties as directed by the Court in the Examiner Order, and now seeks an Order of the Court discharging him and his professionals from further duties in these cases except as provided in his proposed order of discharge.

## JURISDICTION & VENUE

4. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested in the Motion are Sections 105 and 1106 of the Bankruptcy Code.

## RELIEF REQUESTED

5. The Examiner seeks an order of the Court discharging the Examiner from any further obligations, duties, or responsibilities except as specified in the Order of Discharge and (a) granting releases to the Examiner and his retained professionals; (b) prohibiting discovery from the Examiner and the Examiner's professionals except as specified in the Order of Discharge; (c) authorizing the Examiner to dispose of materials collected in the course of the investigation as specified in the Order of Discharge; and (d) providing a mechanism for the Examiner and his professionals to provide further assistance to the Estate and parties upon request.

3

**BASIS FOR RELIEF**

**(a) Release**

6. The Examiner requests that the Discharge Order provide that neither the Examiner nor the Examiner's professionals shall have any liability with respect to any act or omission, statement, or representation arising out of, relating to, or involving in any way, the investigation or any report, pleading, or other writing filed by the Examiner in connection with the bankruptcy cases.

7. Bankruptcy examiners are entitled to immunity from damage claims under the doctrine of judicial immunity. *In re Baldwin United Corp.*, 46 B.R. 314, 317 (Bankr. S.D. Ohio 1985); *Kovalesky v. Carpenter*, 1997 WL 630144, *4-5 (S.D.N.Y. October 9, 1997).

8. Similar relief has been granted by the Bankruptcy Court for the Southern District of New York. *See Order Discharging Examiner and Establishing Related Procedures*, *In re Refco, Inc.*, Case No. 05-60006, (Bankr. Ct. S.D.N.Y. August 16, 2007) (Judge Robert D. Drain) (Docket No. 5748); and *Order Granting Motion of Neal Batson, The Enron Corp. Examiner, With Respect To Certain Procedural Issues In Connection With The Termination Of The Enron Corp. Examination*, *In re Enron Corp.*, Case No. 01-16034, (Bankr. Ct. S.D.N.Y. December 17, 2003) (Judge Arthur J. Gonzalez) (Docket No. 14908).

**(b) Prohibition of Discovery**

9. The Examiner seeks to establish appropriate protections for himself and his professionals against discovery.

4

10.    An examiner is an independent, third-party fiduciary to the Court. *In re Baldwin United Corp.*, 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985). He is "disinterested and non-adversarial" and "answers solely to the Court." *Id.* The Bankruptcy Code does not provide for an examiner to "act as a conduit of information to fuel the litigation fires of third-party litigations. The prospect of an Examiner being required to indiscriminately produce investigative materials obtained through promises of confidentiality and reliance upon [a court's] orders raises grave concerns touching both the integrity of the Bankruptcy Court's process, as well as the integrity of the statutory position of the Examiner." *Id.*; *Airline Pilots Assc'n, Int'l v. Am. Nat'l Bank & Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). "A contrary rule would allow the parties to use a bankruptcy examiner as a discovery short-cut and would only invite further demands on such officers, potentially leading to substantial encroachment on judicial integrity and efficiency." *Vietnam Veterans Found. v. Erdman*, 1987 WL 9033, *2 (D.D.C. March 19, 1987). Courts routinely deny third-party requests to obtain documents and other information obtained by an examiner during the course of the investigation but not filed with the courts, as that information is not a judicial record under section 107 of the Bankruptcy Code. *See In re Fibermark, Inc.*, 330 B.R. 480, 505, 510 (Bankr. D. Vt. 2005); *In re Apex Oil Co.*, 101 B.R. 92, 104 (Bankr. E.D. Mo. 1989).

11. The Examiner requests that the Court enter an Order precluding the issuance or service of any discovery request upon the Examiner or his professionals, except as authorized by a court of competent jurisdiction upon good cause shown and after notice and an opportunity for the Examiner to object. The Examiner further requests that he and his professionals be entitled to reimbursement of any fees and expenses incurred (including professional fees and expenses) in objecting to, opposing, or otherwise responding to any such discovery request.

12. Similar relief has been granted by the Bankruptcy Court for the Southern District of New York. *See Order Discharging Examiner and Establishing Related Procedures*, *In re Refco, Inc.*, Case No. 05-60006, (Bankr. Ct. S.D.N.Y. August 16, 2007) (Judge Robert D. Drain) (Docket No. 5748); and *Order Granting Motion of Neal Batson, The Enron Corp. Examiner, With Respect To Certain Procedural Issues In Connection With The Termination Of The Enron Corp. Examination*, *In re Enron Corp.*, Case No. 01-16034, (Bankr. Ct. S.D.N.Y. December 17, 2003) (Judge Arthur J. Gonzalez) (Docket No. 16382).

**(c) Disposition of Documents and Other Materials**

13. During the course of his investigation, the Examiner has collected, assembled into digital databases, and analyzed approximately 6,000,000 documents comprising an estimated 40,000,000 pages of documents. Approximately 3,500 of the six million documents have been cited in the Examiner's Report and have been made public. The remaining documents (the "Non-public Documents") are, with relatively few

exceptions, covered by confidentiality agreements and stipulations with the producing parties.

14. The Non-public Documents are stored in two separate platforms. Documents collected from the Debtors, together with tagging and notes added by the Examiner, are maintained in a searchable platform by an e-discovery hosting vendor engaged by the Debtors named "Stratify" (see http://www.stratify.com). The Stratify database consists primarily of LBHI e-mails and attachments, and includes approximately 5,400,000 of the 6,000,000 total documents collected by the Examiner. All of the documents in the Stratify database (except as to specific documents released in connection with the unsealing of the Report) are subject to a confidentiality agreement between the Debtors and the Examiner.

15. All other documents – approximately 600,000 documents collected by the Examiner from Lehman and other parties – are housed on a searchable platform called "CaseLogistix" which is currently maintained by the Examiner's attorneys, Jenner & Block. With relatively few exceptions, the CaseLogistix documents are subject to confidentiality agreements or stipulations between the Examiner and the producing party. Documents are stored and identified by producing party so that it is possible to determine which confidentiality agreement is implicated by which document.

16. The Examiner proposes that the Debtors should, after the Examiner's discharge, continue to maintain the Stratify database for the benefit of all parties.

7

17. The Examiner proposes that the documents contained in the CaseLogistix database should, after the Examiner's discharge, be maintained by a neutral vendor for the benefit of all parties, with charges paid by the Debtors' estate. The Examiner has contacted Epiq Bankruptcy Solutions LLC ("Epiq") as a potential vendor to receive and maintain these documents. The Examiner seeks an order authorizing him to work with the Debtors to negotiate a contract between the Debtors and Epiq (or some other comparable vendor) for approval by the Court under which the selected vendor will take custody and maintenance of the documents contained in the CaseLogistix database.

18. Because it will benefit the Estate, the Examiner should be permitted to bill his reasonable fees, costs and expenses relating to the maintenance, transition and disposition of the Non-public Documents.

19. In addition to the documents he collected, the Examiner and his professionals have created a substantial body of work product such as legal research, internal memoranda, interview summaries, and correspondence. The Examiner proposes, consistent with his request that he and his professionals be exempted from discovery, that these materials will not be made available except upon order of Court upon good cause shown, and that the continued maintenance of these materials shall be at the Examiner's discretion; provided, however, that he will maintain the materials for at least one year following entry of the Order of Discharge.

**(d) Further Assistance**

20.     The Examiner has continued, after the unsealing of the Report, to cooperate with government agencies as required by the Examiner Order.  He has also responded to requests from various parties for assistance.  The Examiner anticipates that requests for cooperation and assistance may continue after entry of an Order of Discharge.

21.     For example, the Examiner has been requested to assist the Debtors by providing explanations and work product on certain discrete subjects beyond the conclusions and data contained in the Report.  (See correspondence between Harvey Miller, counsel for the Debtors, and Robert Byman, counsel for the Examiner, attached as Exhibit 1).

22.     The Examiner proposes that the Order of Discharge provide that the Examiner and his professionals respond to requests for assistance after his discharge as follows:

   a. The Examiner shall respond to any inquiry or request as directed by the Court.

   b. The Examiner may, at his sole discretion, respond to any inquiry or request from a party or government agency.

   c. The Examiner may, at his sole discretion, respond to any inquiry or request from a party other than the Debtors, provided that he gives the Debtors ten business days advance notice before making any such response.

    d. The Examiner and his professionals may seek reimbursement of reasonable fees and expenses, and that to the extent that such fees and expenses do not exceed $150,000 per month, the Examiner and his professionals may submit invoices to the Debtors. Such invoices shall be reasonably detailed, shall indicate the nature of the services rendered and shall be calculated in accordance with the billing practices employed by the Examiner and his professionals in this case. The Debtors shall be authorized to pay such invoices without further order of the Court. In the event that the Debtors dispute any such invoice, the Examiner and his professionals may request, by motion, that such disputed fees or expenses be approved by this Court and shall not be required to file a fee application. In the event that fees and expenses exceed $150,000 in any month, a fee application shall be submitted.

## NOTICE

23.    No trustee has been appointed in these chapter 11 cases. The Examiner has served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009, governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for the Creditors' Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; and (viii) all parties who have requested notice in

10

these chapter 11 cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

24. No previous motion for the relief sought herein has been made to this or any other court.

25. This Motion includes citations to the applicable authorities and does not raise any novel issues of law. The Examiner reserves the right to file a brief in reply to any objection to this Motion.

**CONCLUSION**

**WHEREFORE,** the Examiner respectfully requests that this Court enter an Order: discharging the Examiner from any further obligations, duties, or responsibilities except as specified in the Order of Discharge and (a) granting releases to the Examiner and his retained professionals; (b) prohibiting discovery from the Examiner and the Examiner's professionals except as specified in the Order of Discharge; (c) authorizing the Examiner to dispose of materials collected in the course of the investigation as specified in the Order of Discharge; and (d) providing a mechanism for the Examiner and his professionals to provide further assistance to the Estate and parties upon request; and granting the Examiner such other and further relief as is just and proper.

Dated: June 2, 2010
New York, New York

        Respectfully submitted,

        By: /s/   *Robert L. Byman*

        Patrick J. Trostle
        Heather D. McArn
        JENNER & BLOCK LLP
        919 Third Avenue, 37th Floor
        New York, New York 10022
        Telephone:  (212) 891-1600
        Facsimile:  (212) 891-1699

        Robert L. Byman (Admitted *Pro Hac Vice*)
        Daniel R. Murray (Admitted *Pro Hac Vice*)
        353 North Clark Street
        Chicago, Illinois 60654-3456
        Telephone:  (312) 222-9350
        Facsimile:  (312) 527-0484

        Attorneys for Anton R. Valukas, Esq., Examiner