# Exhibit 1

# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153

(212) 310-8000
FAX (212) 310-8007

AUSTIN
BEIJING
BOSTON
BUDAPEST
DALLAS
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

HARVEY R MILLER
DIRECT LINE (212) 310-8500
E-MAIL harvey.miller@weil.com

May 14, 2010

Robert L. Byman, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL  60611-7603
United States of America

Re:  LBHI – Examiner's Report – Duff & Phelps

Dear Bob:

Thank you very much for assisting in arranging this afternoon's meeting among the Lehman and Duff & Phelps teams. I believe that the discussion reflected the objectives of the debtors as well as the constraints that were expressed on behalf of the Examiner. As we indicated to you, the issue of insolvency both in the context of the proposed POR and the realization of recoveries for the benefit of the debtors' estates and their creditors is of vital concern. Time is becoming a major factor. In that context, the debtors are anxious not to replicate the investigative work done on behalf of the Examiner by your firm and Duff & Phelps. A very substantial amount of money has been expended in connection with the creation of the Examiner's report.

From the debtors' perspective, the work product of Duff & Phelps should be accessible and, indeed, should constitute property of the debtors' estates. Access to the Duff & Phelps work product and their personnel should save the debtors from incurring very substantial expenses and serve the objective of an efficient administration of the debtors' cases.

The debtors understand the concerns you raised as to the expenditure of time and efforts by your firm and Duff & Phelps in complying with the requests of the debtors. The cost/benefits analysis should result in savings, assuming full cooperation by the Examiner and his professionals. We appreciate the sentiments of proposed cooperation which were expressed today.

EXHIBIT 1

**WEIL, GOTSHAL & MANGES LLP**

Robert L. Byman, Esq.
May 14, 2010
Page 2

      However, we were somewhat surprised by your comment that the Examiner intended to make the work product and other materials fully accessible by any party in interest who makes a request therefor. That was not our understanding when I spoke with the Examiner a few weeks ago. In the context of that comment, and taking into account that we will probably need a court order approving the program going forward, and that the Examiner's professionals will continue to be compensated as heretofore, that such order also provide for the transfer of the work product and related materials to the debtors. If that is agreeable or directed by the bankruptcy court, then it would become the obligation of the debtors to determine how access to those materials would be granted. Of course the UCC would be involved in the process.

      We understand the issue as to interview notes. At this juncture, the debtors are not requesting that the interview notes be surrendered.

      It would be most efficient if the work product and other materials are in the possession of the debtors as the fiduciaries responsible for the administration of the debtors' chapter 11 cases. As stated at the meeting, the debtors in possession are statutory fiduciaries and charged with the protection of the debtors' estates in all respects.

      We hope that we will be ale to agree on all aspects of the program going forward and, if necessary, the provisions of a court order. We welcome your comments and suggestions ASAP.

      Thank you.

Sincerely yours,

Harvey R. Miller

HRM:je
cc:   Anton R. Valukas
      John K. Suckow
      Steven Cohn
      Martha E. Solinger, Esq.
      Lori R. Fife, Esq.
      Shai Y Waisman, Esq.

# JENNER&BLOCK

**ROBERT L. BYMAN**
Tel 312 923-2679
Fax 312 840-7679
rbyman@jenner.com

Jenner & Block LLP
353 N. Clark Street
Chicago, IL 606
Tel 312-222-9350
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

May 17, 2010

*Via Email and US Mail*

Harvey R. Miller
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Re:   Lehman Brothers' Bankruptcy Examination, Case No. 08-13555 (Bankr. S.D.N.Y.)*

Dear Harvey:

Alvarez and Marsal has requested certain information, not contained in the Examiner's Report, from the Examiner's financial consultants, Duff & Phelps, in order to spare the Estate from the expense of recreating work which Duff may have already performed. The Examiner wants to be as cooperative as possible to that end, and I set out here the Examiner's understanding as to how we will proceed.

As we have explained to you, it is our intention to submit a motion for discharge of the Examiner for presentation at the June 16, 2010 omnibus hearing. We intend in that motion to apprise the Court of this correspondence and our proposed course of action.

We intend to seek in the discharge order the same sort of protection from discovery of the Examiner and his professionals as has been accorded to other Examiners upon discharge (see, e.g., *In re Enron*, 01-16034 (AJG), February 19, 2004 Order). But we also intend to seek in that motion a mechanism that will allow the Examiner and his professionals to provide exactly the sort of voluntary cooperation A&M presently seeks – where such cooperation will benefit the Estate and the parties – both before and after discharge.

Harvey R. Miller
May 17, 2010
Page -2-

Of course, the provision of any information that is not already part of the Report implicates issues of privilege and work product. To the extent that the Examiner provides information, he will do so without any intent to make a general waiver of applicable privileges. We therefore request your assurance that A&M (and Weil) will not take the position that our cooperation with your present requests constitutes a waiver except as to the disclosed information.

As we discussed when we met on May 14, it is the Examiner's position that as a court-appointed neutral, he cannot act in any way that is not neutral; that is, he cannot agree to share information with any party he is not willing to make available to any other party. Therefore, it is our position that any information we provide to A&M pursuant to your requests will be made available to any other party upon request. We understand that you may take a different view on this, and that there may be valid reasons why the Debtors, who stand in a fiduciary capacity to all constituents, should be treated differently than other parties. We are not in a position to make those judgments; but in order to give you the opportunity to present those views to the Court for resolution, we are willing to give you advance notice before we honor any other requests for the information.

When we met, you suggested that A&M was looking for Duff's "work papers" in certain specified areas. There being no ready definition of "work papers," we need to impose one. We are willing to share any factual data or information, and any factual analyses or distillations of data; we are willing to share materials and information that describe the facts of what work was done and how it was done. But the Examiner's conclusions are contained in the Report, and it is not our intention to share opinions or thought processes beyond those conclusions.

As we discussed, the Examiner and his professionals will expect to be compensated under the same terms as they have been throughout the course of the Examiner's tenure for any work done – both before and after discharge – to comply with requests such as A&M's and any further requests.

Harvey R. Miller
May 17, 2010
Page -3-


Let me know if you have any issue with anything in this letter.  As soon as I have your acknowledgment, I will authorize Duff to proceed with sharing the requested information.

Sincerely,

[signature]

Robert L. Byman

# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BEIJING
BOSTON
BUDAPEST
DALLAS
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

HARVEY R. MILLER
DIRECT LINE (212) 310-8500
E-MAIL: harvey.miller@weil.com

May 17, 2010

Robert L. Byman, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL  60611-7603
United States of America

Re:  LBHI – Examiner's Report and Work Product

Dear Bob:

Receipt of your letter dated May 17, 2010 hereby is acknowledged. Your letter crossed in the mail with my letter addressed to you dated May 14, 2010.

The debtors, as previously expressed, appreciate that:

1) The Examiner wants to be as cooperative as possible.

2) The Examiner is prepared to make available to the debtors and their representatives factual data and information, factual analyses, distillations of data and materials and information that describe the facts as to what work was done by the Examiner and on behalf of the Examiner and how it was done.

We acknowledge that the Examiner will not:

(a)    share opinions and or thought processes beyond the conclusions that are stated in the Examiner's Report.

(b)    limit access to the foregoing by other parties upon request if the foregoing has been provided to the debtors.

As we set forth in my letter of May 14, there should be thresholds established for access to the information and data. It is our view that the information, data, etc., constitute property of the estate, accumulated at great expense, and should be

US_ACTIVE:\43397868\01\58399.0003

WEIL, GOTSHAL & MANGES LLP

Robert L. Byman, Esq.
May 17, 2010
Page 2

administered by the debtors in possession as the overall fiduciaries under the Bankruptcy Code. In that context, as we suggested and also in perspective of the Examiner's intended motion to obtain a discharge, it would alleviate the Examiner as his representatives from expending further time and effort in acting as the gatekeeper for the information and data. We would hope that the Examiner would support the creation of a data room maintained by the debtors for the benefit of all parties.

As discussed at our meeting, the debtors understand the need for the Examiner and his professionals to be compensated for any work done in connection with the debtor's project to avoid replication of the work of the Examiner and his professionals for the benefit of the debtor's estates. If not, as you suggest, the issue should be brought up with the bankruptcy court and a solution set out by that court.

In the interim, we assume that the debtors and their professionals may go forward with Duff & Phelps in obtaining the information and data as described above.

Is the motion for a discharge available for review?

Best regards.

Sincerely yours,

Harvey R. Miller

HRM:je

US_ACTIVE:\43397868\01\58399.0003