Presentment Date and Time: June 15, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: June 15, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                        :
**In re**                                               :    **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*            :    **08-13555 (JMP)**
                                                        :
                                    **Debtors.**        :    **(Jointly Administered)**
                                                        :
----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF APPLICATION OF**
**THE DEBTORS PURSUANT TO SECTION 327(a) OF THE**
**BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF SOTHEBY'S, INC. AS ITS AUCTION HOUSE**

PLEASE TAKE NOTICE that the undersigned will present the annexed application (the "Application") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to section 327(a) of the Bankruptcy Code approving the retention and employment of Sotheby's, Inc. as its art auction house, all as more fully described in the Application, to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **June 15, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that objections to the Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P.

Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004,

Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin,

Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in these cases; and (v) Sotheby's, Inc., 1334 York Ave, New York, 10021,

Attn: Susan Nathan **so as to be so filed and received by no later than June 15, 2010 at 11:00

a.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only if a written objection is timely

filed and served, a hearing will be held on **June 16, 2010 at 10:00 a.m. (Prevailing Eastern

Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable

James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 3, 2010
         New York, New York

                                    /s/ Richard P. Krasnow
                                    Richard P. Krasnow, Esq.
                                    WEIL GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for the Debtor
                                    And Debtor in Possession

Presentment Date and Time:  June 15, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  June 15, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): June 16, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
-------------------------------------------------------------------x
```

**APPLICATION OF THE DEBTORS PURSUANT
TO SECTION 327(a) OF THE BANKRUPTCY CODE
FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF SOTHEBY'S, INC. AS ITS AUCTION HOUSE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Application and respectfully represent:

**Background**

1.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").   The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.      On March 22, 2010, the Debtors filed their joint chapter 11 plan pursuant to section 1121 of the Bankruptcy Code.  On April 14, 2010, the Debtors filed a revised proposal of their chapter 11 plan [Docket No. 8330] and their disclosure statement for their joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 8332].

## **Jurisdiction**

6.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

7.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") in Support of First-Day Applications and Applications, filed on September 15, 2008 [Docket No. 2].

## Preliminary Statement

9.      The Debtors and one of its non-debtor affiliates, James Ross LLC ("Ross" and collectively with the Debtors, the "Sellers") currently own approximately 447 items of art work (the "Collection"), described in Exhibit A attached hereto, that are unnecessary for the wind down of their businesses.  Approximately fifty (50) of those items are owned by the Debtors.  Accordingly, the Sellers seek to maximize their realization from the disposition of the Collection through a public auction to be held in or about September 2010, to be conducted by Sotheby's, Inc. ("Sotheby's").

10.      The Debtors are authorized to sell certain assets whose individual book value, as recorded in the Debtors' books and records ("Book Value"), or sale price, as measured by the amount of cash and other consideration to be received by the Debtors on account of the assets to be sold ("Sale Price"), is $2,000,000 or less, pursuant to the *Amended Order Granting Debtors Application Pursuant to Sections 105, 363, and 554(a) of the Bankruptcy Code for*

*authority to Establish Procedures to Sell or Abandon De Minimis Assets* (the "Amended De Minimis Assets Order"), entered into on March 31, 2010 [Docket No. 7958].  Pursuant to the Amended De Minimis Assets Order, the Debtors are permitted to sell assets that are encumbered by liens or encumbrances only if those liens or encumbrances are capable of monetary satisfaction, or the holders of those liens or encumbrances consent to the sale.  Under the Amended De Minimis Assets Order, with respect to items where the Book Value or Sale Price is less than $300,000, the Debtors may consummate the sale of such items without further Court approval or notice.

11.    All of the items in the Collection owned by the Debtors have a Book Value of less than $300,000.  Accordingly, the sale of such items all come within the scope of the De Minimis Assets Order without the necessity of further Court approval or notice, and the only approval that the Debtors require in order to proceed with the sale of the Collection is approval of their retention of Sotheby's.

## **Relief Requested**

12.    By this Application, the Debtors seek entry of an order pursuant to section 327(a) of the Bankruptcy Code approving the retention and employment of Sotheby's as its auction house.  Pursuant to section 327(a) of the Bankruptcy Code, the Debtors request that the Court approve the retention of Sotheby's to perform certain auction house services, in particular to conduct a public auction of the Collection (collectively, the "Services"), in accordance with the terms and conditions set forth in the consignment agreement between the Debtors and Sotheby's, dated as of May 27, 2010 (the "Agreement") and attached hereto as Exhibit B.

13.    The services to be provided under the Agreement include, but are not limited to the following:[1]

- Researching the provenance of the Collection.

- Grouping the Collection into lots and providing catalogue and other descriptions.

- Setting the date or dates of the auction.

- Marketing and promotion of the sale.

- Conducting the sale and handling all shipping arrangements and expenses.

- Endeavoring to arrange a private sale in the event that an item does not sell at auction.

## **Retention of Sotheby's**

14.    Section 327(a) provides, in relevant part, that the Debtors "with the court's approval, may employ … professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the Debtor in fulfilling its duties under the Bankruptcy Code.

15.    Once the Debtors' determined, in the exercise of their business judgment, that they could maximize their realization from the sale of the Collection through a public auction, they undertook discussions with a variety of auction houses and determined who would be best qualified to conduct such an auction in accordance with terms most favorable to their estates.  While all of the auction houses were well qualified, the Debtors concluded that, as

---

[1] The following is only a summary of the Services set forth in the Agreement and should not be construed to modify or amend such Agreement.  The actual terms of the Agreement governs the scope of services to be provided to the Debtors by Sotheby's.

demonstrated below, Sotheby's is both well qualified and offered terms that were particularly favorable to their estates.

16.    Sotheby's is a highly respected and experienced auction house that is well recognized in its field.  Sotheby's is a global company that engages in art auction, private sales and art-related financing activities.  Sotheby's operates in 40 countries, with principal salesrooms located in New York, London, Hong Kong and Paris.  Sotheby's also regularly conducts auctions in six other salesrooms around the world.  Sotheby's has handled some of the most highly valued corporate collections to be sold at auction.  As a world renowned international auction house, Sotheby's has an abundance of contacts in the art world and will be best suited for assisting with the disposition of the Debtors' corporate art.

17.    The Debtors believe that Sotheby's possesses extensive auction house expertise useful in these cases, in particular the disposition of the Collection.  Value realized in such transactions will inure to the benefit of the Debtors' estates.  In addition, Sotheby's has indicated a desire and willingness to act in these chapter 11 cases and render the necessary professional services as auction house to the Debtors with respect to the disposition of the Collection, on the terms set forth in the Agreement and described herein, which include an auction sale and if items are not sold at auction, a private sale.

Terms of the Retention

18.    The Debtors have negotiated the terms of the Agreement, and request approval of the Agreement, including the terms and conditions with respect to Sotheby's compensation, none of which will be paid by the Debtors, for the Services to be rendered.  The parties have agreed that the Debtors will not pay Sotheby's a selling commission on the property sold, and Sotheby's commission will solely consist of the amount Sotheby's charges the buyer,

on each lot sold, and retains for its account (the "Buyer's Premium").  The Buyer's Premium, following standard industry practice, will be added to the hammer price and is payable by the purchaser as part of the total purchase price.   The Buyer's Premium, as described in the conditions of sale portion of the catalogue for the auction, will be assessed as follows:  25% of the hammer price up to and including $50,000, 20% of any amount in excess of $50,000 up to and including $1,000,000, and 12% of any amount in excess of $1,000,000.  Further, pursuant to the Agreement, Sotheby's will bear all expenses related to the sale of the Property, including but not limited to: (i) catalogue illustration, production and mailing; (ii) packing and shipping of the Collection to their premises and (iii) any agreed upon advertising.

19.    For art that is sold at the auction, the Debtors will receive the sale proceeds Sotheby's collects and receives, after deducting the Buyer's Premium.  In addition to receiving 100% of the hammer price, the Debtors' will also receive a fee for consignment,[2] which will be paid from the Buyer's Premium.  In addition to the fee for consignment paid to the Debtors, Sotheby's has agreed to pay an introductory commission to the Debtors' art consultant Kelly Mathew Wright ("Wright") out of the Buyer's Premium.[3]  The Debtors understand that it is customary for auction houses to pay an introductory commission to a consultant such as Wright who acts as an agent on behalf of a client.  From the Buyer's Premium, Wright will receive 2% of the hammer price of the property collected and received by Sotheby's up to an aggregate amount of $5,000,000 and 1% of the hammer price in excess of $5,000,000.

---

[2]  The actual amount of the fee for consignment paid to the Debtors has been redacted due to its highly confidential and commercially sensitive nature.

[3]  Wright's retention as an art consultant for the Debtors pursuant to section 363 of the Bankruptcy Code, was approved by an order entered on January 28, 2009 [Docket No. 2678].  Such retention was extended from time to time, and the terms of Wright's current engagement, including provision for payment of an introductory commission by Sotheby's, is set forth in the Transaction Schedule, a copy of which was filed with the Court on or about May 26, 2010.  [Docket No. 9276].

20.     Because the Debtors will not be compensating Sotheby's or providing reimbursement for actual, necessary expenses, with respect to the Services performed, Sotheby's will not be required to file interim and final fee Applications pursuant to sections 330 and 331 of the Bankruptcy Code.

Sotheby's Disinterestedness

21.     Sotheby's may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  To the best of the Debtors' knowledge, information and belief, and except as may be set forth in the Affidavit of Richard Buckley, the Executive Vice President at Sotheby's, sworn to on June 3, 2010 and annexed hereto as Exhibit C (the "Buckley Affidavit"), neither Sotheby's nor any professional employee of Sotheby's has any connection with, or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, in these chapter 11 cases.

22.     Sotheby's has informed the Debtors that Sotheby's is not owed any money by the Debtors with respect to services provided by Sotheby's both prior to and following the Commencement Date.

23.     Based upon the Buckley Affidavit, the Debtors submit that Sotheby's is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that Sotheby's will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Sotheby's will supplement its disclosure to the Court.

24.     As demonstrated above, Sotheby's is well qualified to provide the public auction services, holds no interest adverse to the estate and is disinterested.  Moreover, it is beyond peradventure that given that the Debtors will not only not be required to pay any compensation or reimbursement of expenses to Sotheby's, but will receive a portion of the Buyer's Premium from Sotheby's, that the terms of the proposed engagement are favorable to the estates.

25.     The Debtors submit, therefore, that the retention of Sotheby's on the terms and conditions set forth in the Agreement is necessary and appropriate, is in the best interests of their estates, creditors, and all other parties in interest, and should be granted in all respects.

## NOTICE

26.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Application in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Sotheby's.  The Debtors submit that no other or further notice need be provided.

27.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just.

Dated:  June 3, 2010
           New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A
**(Description of Collection)**

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 1990.05 | Lorna Simpson | ID | 1990 |
| JR LLC | 1990.06 | Marc Maet | EST (The Suffering) | 1989 |
| JR LLC | 1990.09 | Alexis Rockman | The Fall | 1990 |
| JR LLC | 1990.1 | James Welling | Untitled (ILEX) | 1989 |
| JR LLC | 1990.11 | Waite, Peter | Empty Pool | 1989 |
| JR LLC | 1990.13 | Andreas Gursky | Niagara Falls | 1990 |
| JR LLC | 1990.16 | Tobacco-Forrester, Patricia | Yellow La Jolla Hill | 1990 |
| JR LLC | 1990.17 | John Hull | Dugout at Night: Rally | 1990 |
| JR LLC | 1990.18 | Nancy Spero | Mother & Child | 1990 |
| JR LLC | 1990.21 | Pruitt Early | Painting for Teenage Boys | 1990 |
| JR LLC | 1990.22 | Gursky, Andreas | Furkapass | 1989 |
| JR LLC | 1990.24 | Ed Ruscha | Water Soluble Dreams | 1984 |
| JR LLC | 1990.26 | Kapoor, Anish | Untitled | 1990 |
| JR LLC | 1990.29 | Irving Petlin | Stolen Blessing...The True Door | 1986 |
| JR LLC | 1990.3 | Haim Steinbach | Untitled (Female Mannequin Right Hands) | 1990 |
| JR LLC | 1991.01 | Maurizio Pellegrin | Secreti Ovali | 1989 |
| JR LLC | 1991.06 | Andi Brenner | Body Builder | 1986-1988 |
| JR LLC | 1991.07 | Andi Brenner | Postman | 1986 |
| JR LLC | 1991.08 | Andi Brenner | Runner | 1986 |
| JR LLC | 1991.09 | Jan Groover | Untitled (Mustard Color Small Black Bottle) | 1990 |
| JR LLC | 1991.12 | John Currin | Shakespeare Actress | 1991 |
| JR LLC | 1991.13 | John Currin | Sneaker | 1990 |
| JR LLC | 1991.14 | Terry Adkins | Shaken Green | 1991 |
| JR LLC | 1991.16 | Willie Doherty | Believing | 1988 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 1991.19 | Nell Blaine | November Fifth | 1990 |
| JR LLC | 1991.29 | Sally Gall | Andrea | 1989 |
| JR LLC | 1991.32 | Claes Oldenburg | Chicago Stuffed with Numbers | 1977 |
| JR LLC | 1991.34 | William Wegman | Waif | 1990 |
| JR LLC | 1991.35 | Gerhard Richter | Misty Self-Portrait 19.1.90 | 1990 |
| JR LLC | 1991.36 | Erik Andriesse | Turtle | 1990 |
| JR LLC | 1991.37 | Peter Campus | Mudrock | 1990 |
| JR LLC | 1991.38 | Peter Campus | rupture | 1991 |
| JR LLC | 1991.43 | Jan Vercruysse | Fontaine Lustre | 1990 |
| JR LLC | 1991.45 | Jan Vercruysse | Je | 1988 |
| JR LLC | 1991.48 | Craigie Horsfield | Feliks Szyszko ul Siemieradzkiego, Krakow, July 1 | 1991 |
| JR LLC | 1991.58 | John Baldessari | Stares (with Lamps) | 1986 |
| JR LLC | 1991.59 | Marcel Broodthaers | Porte Capital A | 1969 |
| JR LLC | 1991.6 | Daniel Buren | Une Peinture en 4 | 1973-1976 |
| JR LLC | 1991.61 | LeWitt, Sol | Wall Drawing # 91 | 1971 |
| JR LLC | 1991.62 | Meuser | Untitled | 1978 |
| JR LLC | 1991.63 | Shapiro, Joel | Untitled | 1977 |
| JR LLC | 1991.64 | Sebastião Salgado | Brazil (Bus Stop/ Cups) | 1980 |
| JR LLC | 1991.65 | Sebastião Salgado | Brazil (Standing on Tombstones) | 1980 |
| JR LLC | 1991.66 | Sebastião Salgado | Ecuador (Nun Reading) | 1982-1991 |
| JR LLC | 1991.67 | Sebastião Salgado | Mexico (Four Men Carrying Wood) | 1980 |
| JR LLC | 1991.68 | Sebastião Salgado | Mexico (Praying to Mixe God) | 1980-1991 |
| JR LLC | 1991.69 | Sebastião Salgado | Serra Pelada, Brazil (Cast of Thousands) | 1986-1991 |
| JR LLC | 1991.7 | Gerhard Richter | Betty | 1991 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 1991.72 | Paul Winstanley | Stairwell-C | 1991 |
| JR LLC | 1991.73 | Jean-Marc Bustamante | Lumière | 1991 |
| JR LLC | 1991.74 | Ligon, Glenn | Invisible Man (2 Views) | 1991 |
| JR LLC | 1991.76 | Bevan, Tony | Portrait Boy | 1991 |
| JR LLC | 1991.79 | Jurgen Albrecht | Untitled | 1989 |
| JR LLC | 1992.02 | Boltanski, Christian | L'Ecole de la Grosse Hamburger Strasse, en 1938 | 1991 |
| JR LLC | 1992.03 | Carl Ostendarp | It's Own Delight | 1991 |
| JR LLC | 1992.08 | Robert Mangold | A Rectangle not Totally within a Triangle | 1976 |
| JR LLC | 1992.09 | Robert Mangold | Study for Irregular #5 (Ochre) | 1986 |
| JR LLC | 1992.1 | Rath, Alan | Wallflower VII | 1992 |
| JR LLC | 1992.12 | Maurizio Pellegrin | Silenzio Musicale | 1990 |
| JR LLC | 1992.13 | Prince, Richard | Waves and Flames | 1986 |
| JR LLC | 1992.15 | Pensato, Joyce | Untitled | 1991 |
| JR LLC | 1992.16 | Boltanski, Christian | Portrait of Two Boys with Binoculars | 1991 |
| JR LLC | 1992.27 | James Barsness | My Early Life | 1992 |
| JR LLC | 1992.32 | Richard Artschwager | Landscape II | 1970 |
| JR LLC | 1992.33 | Michael Joaquin Grey | Young Autonomic Yoke | 1991 |
| JR LLC | 1992.35 | Rackstraw Downes | 110th & Broadway | 1980 |
| JR LLC | 1992.37 | Myriam Laplante | Angel Skin (Labyrinth) | 1991 |
| JR LLC | 1992.4 | Alighiero Boetti | Le infinite possibilita di esistere | 1990 |
| JR LLC | 1992.41 | Alighiero Boetti | Le infinite possibilita di esistere | 1990 |
| JR LLC | 1992.54 | Helmut Dorner | 'BROS' | 1992 |
| JR LLC | 1992.55 | Cole, Willie | Gas Snake (G) | 1992 |
| JR LLC | 1992.58 | Kelley, Mike | Garbage Drawing #39 | 1988 |

Release- James Ross LLC

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 1992.62 | John Baldessari | The Mondrian Story (Version III) | 1973 |
| JR LLC | 1992.63 | Per Kirkeby | Billedtavle II | 1988 |
| JR LLC | 1992.64 | Artschwager, Richard | Mirror (Green) | 1988 |
| JR LLC | 1992.65 | Janet Fish | Honey Jars | 1971 |
| JR LLC | 1993.01 | Robert Rauschenberg | Quorum | 1975 |
| JR LLC | 1993.1 | Eric Wolf | Bisby Lake | 1992 |
| JR LLC | 1993.14 | Andy Warhol | Young Woman with Halo of Birds | no date |
| JR LLC | 1993.16 | Cage, John | River Rocks & Smoke #7 | 1990 |
| JR LLC | 1993.17 | Robert Rauschenberg | Bank (Galvanic) | 1991 |
| JR LLC | 1993.21 | Jan Groover | Untitled (Knife and Fork) | 1978 |
| JR LLC | 1993.23 | Rainer, Arnulf | Untitled | 1969 |
| JR LLC | 1993.24 | Tony Smith | New Piece | 1966 |
| JR LLC | 1993.28 | Harry Bertoia | Untitled | no date |
| JR LLC | 1993.29 | Milton Resnick | Tail of J | 1986 |
| JR LLC | 1993.3 | Gerhard Richter | 763-5 Abstract Painting | 1992 |
| JR LLC | 1993.31 | Gerhard Richter | 763-9 Abstract Painting | 1992 |
| JR LLC | 1993.32 | Richard Long | Untitled | 1989 |
| JR LLC | 1993.33 | Sigmar Polke | Untitled | 1983 |
| JR LLC | 1993.34 | John Duff | Blue Serrated Wedge | 1985 |
| JR LLC | 1994.01 | John Ahearn | Janice "Peanut" Harvey | 1983 |
| JR LLC | 1994.02 | Damien Hirst | We've Got Style (The Vessel Collection - Blue/ Green) | 1993 |
| JR LLC | 1994.03 | Balkenhol, Stephan | Man in Black Trunks | 1993 |
| JR LLC | 1994.05 | Alex Hartley | Untitled | 1994 |
| JR LLC | 1994.13 | Felix Gonzalez-Torres | "Untitled" | 1994 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 1994.16 | Wegman, William | Before/On/After Permutations | 1972 |
| JR LLC | 1994.17 | Jessica Stockholder | Untitled | 1994 |
| JR LLC | 1995.01 | Mary Jones | Purple Capacity | 1994 |
| JR LLC | 1995.14 | Skeet McAuley | Ventana Canyon, Mountain Course, 3rd Green, Tuscon AZ | 1991 |
| JR LLC | 1995.15 | Sabina Ott | Monotype - Mater Rosa #2 | 1992 |
| JR LLC | 1995.16 | Fred Tomaselli | Study for God's Eye | 1992 |
| JR LLC | 1995.17 | Linda Burnham | Untitled 10 (#9420) | 1994 |
| JR LLC | 1995.18 | David Ruddell | Wood Boat/ Dark Green | 1995 |
| JR LLC | 1995.21 | Robinson, Steve | Whatever Remains | 1992 |
| JR LLC | 1995.28 | Chris Finley | Dethiever | 1995 |
| JR LLC | 1995.29 | Vitali, Massimo | Cagliari, 1995 | 1995 |
| JR LLC | 1996.04 | China Adams | Box #24 from "the Official Stitch and Hide Procedure" series | 1995 |
| JR LLC | 1996.05 | Uta Barth | Ground #49 | 1995 |
| JR LLC | 1996.07 | Nancy Dwyer | Aging Punks | 1996 |
| JR LLC | 1996.08 | Martin Kersels | Tripping Photos #3 | 1994 |
| JR LLC | 1996.09 | Enrique Martinez Celaya | The Wonderful Lies | 1994 |
| JR LLC | 1996.12 | Valeska Soares | Untitled | 1996 |
| JR LLC | 1996.13 | Kim Dingle | Recycler Series: Semi-Nude Girl | 1992 |
| JR LLC | 1997.03 | Rovner, Michal | One-Person Game Against Nature I #35, 1993 | 1993 |
| JR LLC | 1997.05 | Appel, Kevin | Untitled Interior #5 | 1995 |
| JR LLC | 1997.15 | Fabian Marcaccio | Para-Portrait II | 1997 |
| JR LLC | 1997.16 | Mary Beyt | Streamline (Yellow) | 1997 |
| JR LLC | 1997.2 | Sugito, Hiroshi | Hide Out | 1997 |
| JR LLC | 1998.03 | Hollingsworth, Dennis | Lil' Emerson | 1998 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 1998.15 | Fang Lijun | Untitled (Swimmer #1) | 1997 |
| JR LLC | 1998.19 | Jorge Pardo | Eucalyptus | 1997 |
| JR LLC | 1998.2 | Richard Tuttle | Perceived Obstacle | 1991 |
| JR LLC | 1998.25 | Walker, Kara | Untitled (Clouds and Crow) | 1998 |
| JR LLC | 1998.27 | Lin, Maya | Phases of the Moon | 1988 |
| JR LLC | 1998.28 | Sol LeWitt | Brushstrokes in Different Colors in Two Directions | 1994 |
| JR LLC | 1998.35 | Ellis, Sharon | Jupiter | 1992 |
| JR LLC | 1998.36 | Karin Davie | Psyche | 1998 |
| JR LLC | 1998.42 | Olafur Eliasson | The Waterfall Series | 1996 |
| JR LLC | 1999.06 | Takashi Murakami | Chaos | 1998 |
| JR LLC | 1999.07 | James Casebere | Tunnel with Dark Hole | 1998 |
| JR LLC | 1999.08 | Dawson, Verne | 2100 | 1998 |
| JR LLC | 1999.09 | Julie Becker | Interior Corner #3 | 1996 |
| JR LLC | 1999.1 | Julie Becker | Interior Corner #4 | 1996 |
| JR LLC | 1999.2 | Linda Stark | Red Ribbon (2nd place) | 1996 |
| JR LLC | 1999.23 | Thomas Struth | Shibuya Crossing, Tokyo | 1991 |
| JR LLC | 1999.24 | Doug Aitken | Untitled (Santa Barbara Offshore Platforms) I | 1998 |
| JR LLC | 1999.25 | Doug Aitken | Untitled (Santa Barbara Offshore Platforms) II | 1998 |
| JR LLC | 1999.31 | Raven Schlossberg | The Ice Queen and the Hog | 1998 |
| JR LLC | 1999.33 | Mitch Epstein | Untitled, New York | 1998 |
| JR LLC | 1999.34 | Horn, Roni | Piece (2) | 1998 |
| JR LLC | 1999.36 | Peter Garfield | Mobile Home (Manifest Destiny) | 1997 |
| JR LLC | 1999.37 | Sherman, Cindy | Untitled (#127A) | 1983 |
| JR LLC | 1999.46 | Yoshitomo Nara | The Little Pilgrims (Night Walking) | 1999 |

Release- James Ross LLC

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 1999.48 | Michael Lazarus | As a Matter of Fact | no date |
| JR LLC | 1999.51 | Orit Raff | Untitled  (Foot on Marble) | 1998 |
| JR LLC | 1999.52 | Lawrence Weiner | Islands in the Storm (a Set of Four Prints) | 1990 |
| JR LLC | 1999.55 | Lynn Aldrich | Light Show | 1999 |
| JR LLC | 1999.6 | Chan Schatz | The Universal Templates UN 0086 | 1999 |
| JR LLC | 1999.61 | Chan Schatz | The Universal Templates UN 0087 | 1999 |
| JR LLC | 1999.65 | Muniz, Vik | 200 yards (The Apple Tree, after Atget from Pictures of Thread series), 1998 | 1998 |
| JR LLC | 1999.68 | David Hilliard | Untitled (bathroom mirror) | 1997 |
| JR LLC | 1999.7 | Stingel, Rudolf | Instructions | 1989 |
| JR LLC | 1999.74 | Yutaka Sone | Drawing for Jungle #2 | 1999 |
| JR LLC | 1999.75 | Yutaka Sone | Drawing for Magic Stick #1 | 1999 |
| JR LLC | 1999.76 | Yutaka Sone | Untitled | 1999 |
| JR LLC | 1999.79 | Collier Schorr | Dan (After a Match) | 1998 |
| JR LLC | 1999.8 | Collier Schorr | Player | 1998 |
| JR LLC | 1999.81 | Fletcher, Rubin and Thompson | Mark as a Tree from His Past | 1999 |
| JR LLC | 1999.84 | Kiki Lamers | Untitled | 1999 |
| JR LLC | 1999.85 | Polly Apfelbaum | 1/2 and 1/2 | 1996-1997 |
| JR LLC | 1999.86 | Vito Acconci | Blown-Up Baby Doll | 1992 |
| JR LLC | 1999.89 | Wesley, John | Sweetpea (Reversed) | 1992 |
| JR LLC | 1999.9 | Baltz, Lewis | Corso Dei Lavoro, 1992 | 1992 |
| JR LLC | 1999.92 | Graham, Rodney | Welsh Oaks (#6) | 1998 |
| JR LLC | 2000.1 | Maureen Gallace | Untitled Cape Cod #3 | 1999 |
| JR LLC | 2000.16 | Krisanamis, Udomsak | How Soon is Now | 1999 |
| JR LLC | 2000.17 | Piotr Uklanski | Untitled (Brooklyn Bridge Tail Lights) | 1998 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 2000.22 | Ruyter, Lisa | Treasure Island | 1999 |
| JR LLC | 2000.26 | Ingrid Calame | ...hnggnh-hnggnh-hnggnh... | 2000 |
| JR LLC | 2000.27 | Porges, Maria | Tutelary Spirits: Guardian Angels for Artist | 2000 |
| JR LLC | 2000.32 | Burnham, Linda | Two Men Walking in Suits and Hats | 1995 |
| JR LLC | 2000.33 | Gonzales, Wayne | AURTEL-99-B | 2000 |
| JR LLC | 2000.34 | Zaki, Amir | Untitled (Up_UNIV 01), 1999 | 1999 |
| JR LLC | 2000.35 | de Beer, Sue | Untitled (Resident Evil 2 / Keyboard) | 1998 |
| JR LLC | 2000.36 | de Beer, Sue | Untitled (Resident Evil 2 / Entryway) | 1998 |
| JR LLC | 2000.37 | de Beer, Sue | Untitled (Resident Evil 2 / Stairway) | 1998 |
| JR LLC | 2000.38 | Mark Dion | Notes Towards a Field Guide of the Birds of the Department of European Decorative Arts of the Art Institute of Chicago | 1998 |
| JR LLC | 2000.39 | Clay Ketter | T.P. 181 '98 | 1998 |
| JR LLC | 2000.41 | Jason Brooks | Estella Rijnveld | 2000 |
| JR LLC | 2000.47 | Oliver Boberg | Himmel II | 2000 |
| JR LLC | 2000.57 | Sarah Dockter | Slipper | 2000 |
| JR LLC | 2000.58 | Aleeza Pianko | Days | 2000 |
| JR LLC | 2000.59 | Jay Wholley | Untitled | 2000 |
| JR LLC | 2000.6 | Jay Wholley | Untitled | 2000 |
| JR LLC | 2000.69 | Angela Cappetta | Shower NYC | 1995 |
| JR LLC | 2000.7 | Neo Rauch | Einbruch | 1999 |
| JR LLC | 2000.71 | Rob De Mar | Stonewall and Dirt Road III | 2000 |
| JR LLC | 2000.72 | Callum Innes | Exposed Painting Charcoal Black, Gold Green | 2000 |
| JR LLC | 2000.74 | Dean McNeil | Genoa | 1995 |
| JR LLC | 2000.75 | Dean McNeil | Prague | 1994 |
| JR LLC | 2001.01 | Mark Grotjahn | Untitled (three-tiered perspective) | 2000 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 2001.05 | Terri Friedman | Sometimes You Confuse Me with Air #11 | 2000 |
| JR LLC | 2001.06 | Fries, Pia | Cadels | 2000 |
| JR LLC | 2001.09 | Ann Agee | Anna Sui | 1999 |
| JR LLC | 2001.1 | Ann Agee | Blue Pants with Flower Pattern | 2000 |
| JR LLC | 2001.11 | Ann Agee | Pink Skirt and Jacket with Gold Flowers | 2000 |
| JR LLC | 2001.18 | Laura London | True Self-Portrait 1 | 1998 |
| JR LLC | 2001.19 | Laura London | True Self-Portrait 2 | 1998 |
| JR LLC | 2001.22 | Rosmarin, Susie | Pink-Orange-Purple | 2001 |
| JR LLC | 2001.23 | Miriam Wosk | Wait for the Wagon | 1998-2000 |
| JR LLC | 2001.24 | Niedermayr, Walter | Mittel Allain IV, 2000 | 2000 |
| JR LLC | 2001.25 | Raul Cordero | A, B, or C: Get the real taste | 1998 |
| JR LLC | 2001.28 | Raymond Saunders | Untitled | 2001 |
| JR LLC | 2001.29 | Kelly Nipper | shotgun and a figure 8 (detail 6) | 2000 |
| JR LLC | 2001.3 | Julie Mehretu | Untitled 1 | 2001 |
| JR LLC | 2001.31 | Jeff Carter | Endless Variations | 1999 |
| JR LLC | 2001.36 | Elizabeth Magill | Blue/ Birds | 1999 |
| JR LLC | 2001.39 | Guy Limone | Elections Americaines | 2000 |
| JR LLC | 2001.4 | Elisa Sighicelli | Iceland: Kitchen | 2001 |
| JR LLC | 2001.42 | Paul Seawright | Broken Wall | 2000 |
| JR LLC | 2001.43 | Maureen Connor | Time Matters | 1999-2001 |
| JR LLC | 2001.44 | Peter Edlund | Another America: Blackbirders Invade the Hudson Valley | 2001 |
| JR LLC | 2001.45 | Peter Rostovsky | Bathers | 2001 |
| JR LLC | 2001.47 | Joan Bankemper | Hummingbird Lady | 1999 |
| JR LLC | 2001.48 | Joan Bankemper | Red Poppy | 2001 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 2001.51 | Hancock, Trenton Doyle | The Life and Death of #1 | 2001 |
| JR LLC | 2001.52 | Yoshihiro Suda | One Hundred Encounters, Entwistle, London | 2001 |
| JR LLC | 2001.56 | Paul Pfeiffer | Long Count III (Thrilla in Manila) | 2001 |
| JR LLC | 2001.58 | L. C. Armstrong | Sunrise over Surfer | 2001 |
| JR LLC | 2001.6 | Pensato, Joyce | Untitled (Mickey) | 1997 |
| JR LLC | 2002.15 | Paula Santiago | AMIC | 2001 |
| JR LLC | 2002.16 | Paula Santiago | Septum | 2001 |
| JR LLC | 2002.17 | Paula Santiago | Torso TG | 2001 |
| JR LLC | 2002.18 | Hodges, Jim | Between Them | 2001 |
| JR LLC | 2002.25 | Do Ho Suh | Metal Jacket | 1992-2001 |
| JR LLC | 2002.35 | Doris Salcedo | Atrabiliarios | 1996 |
| JR LLC | 2002.4 | Mary Corse | Untitled (White Inner Band) | 2001 |
| JR LLC | 2002.42 | Rebecca Horn | Thermometer of Love | 1985 |
| JR LLC | 2002.43 | Todd Brainard | East Region: Section 17 | 2002 |
| JR LLC | 2002.44 | Jason Rogenes | JPC451113 | 2002 |
| JR LLC | 2002.45 | Skreber, Dirk | Ohne Titel | 1994 |
| JR LLC | 2002.49 | Sarmento, Juliao | Where Speech Could Have Been Transcribed | 2001 |
| JR LLC | 2003.02 | Beat Streuli | Sydney 98 | 1999 |
| JR LLC | 2003.12 | Herrera, Arturo | Untitled | 2003 |
| JR LLC | 2003.19 | Richardson, Clare | Untitled I (from 'Sylvan'), 2002 | 2002 |
| JR LLC | 2003.25 | Robert Longo | Untitled (November 2) | 2003 |
| JR LLC | 2003.31 | Richard Prince | Untitled | 2003 |
| JR LLC | 2004.03 | Faris McReynolds | Untitled (Ship) | 2004 |
| JR LLC | 2004.19 | Stefan Kurten | Innocent When You Dream | 2004 |

Release- James Ross LLC

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | 2005.05 | Suling Wang | 'Untitled' | 2005 |
| JR LLC | 2005.09 | Liu Ye | The Long Way Home | 2005 |
| JR LLC | 2005.1 | Qiu Shihua | Landscape 94.10.3 | 1994 |
| JR LLC | 2005.17 | Jim Butler | Orange Horn | 2001 |
| JR LLC | 2005.25 | Vernon Fisher | Year Without Rain | 2005 |
| JR LLC | 2005.26 | Dickinson, Jeremy | Bus Compound | 2002 |
| JR LLC | 2005.31 | Xu Bing | Landscript | 2004 |
| JR LLC | 2006.17 | Nora Aslan | Faded Itinerary | 2005 |
| JR LLC | 2006.21 | Anne Chu | Rock One | 2006 |
| JR LLC | 2006.23 | Jane Wilbraham | Can | 2006 |
| JR LLC | 2006.24 | Jane Wilbraham, Born: Shropshire, U.K. 1967 | Cup | 2006 |
| JR LLC | 2006.25 | Mary Judge | From the Rose Window Series #042 | 2006 |
| JR LLC | 2006.27 | Ed Ruscha | Petroplots Suite: Laurel Canyon / Ventura | 2001 |
| JR LLC | 2007.002 | Dunham, Carroll | Untitled (Tree) | 2006 |
| JR LLC | 1991.28.02 | Sarah Charlesworth | Ego | 1990 |
| JR LLC | 1991.28.03 | Jenny Holzer | Selection from the SURVIVAL SERIES | 1983-1985 |
| JR LLC | 1991.28.06 | McDermott | The Anointed 1989 | 1991 |
| JR LLC | 1991.28.08 | Andreas Serrano | Blood and Semen V | 1990 |
| JR LLC | 1991.28.12 | Joel-Peter Witkin | Feast of Fools | 1991 |
| JR LLC | LB2005.001.4 | Kimsooja | The Seven Wishes | 2004 |
| JR LLC | LB2005.002 | Mark Bradford | Untitled | 2003 |
| JR LLC | LB2005.003 | Mark Bradford | Untitled | 2003 |
| JR LLC | LB2005.004 | Mark Bradford | Untitled | 2003 |
| JR LLC | LB2005.005 | Sam Gilliam | Castle Banner 5 | 2004 |

Release- James Ross LLC

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | LB2005.006 | Sam Gilliam | Bowling | 2002 |
| JR LLC | LB2005.022 | Nils Erik Gjerdevik | Untitled | 2005 |
| JR LLC | LB2005.023 | Nils Erik Gjerdevik | Untitled | 2005 |
| JR LLC | LB2005.024 | Nils Erik Gjerdevik | Untitled | 2005 |
| JR LLC | LB2005.025 | Matthias Lahme | Untitled (drawing) | 2005 |
| JR LLC | LB2005.026 | Matthias Lahme | Untitled (drawing) | 2005 |
| JR LLC | LB2005.027 | Matthias Lahme | Untitled (flowers) | 2005 |
| JR LLC | LB2005.028 | Matthias Lahme | Untitled (flowers) | 2005 |
| JR LLC | LB2005.029 | Pat Steir | Dragon Waterfall | 2001 |
| JR LLC | LB2005.030 | Pat Steir | Peacock Waterfall | 2001 |
| JR LLC | LB2005.031 | Pat Steir | Silver Waterfall | 2001 |
| JR LLC | LB2005.032 | Mary Heilmann | Hiphop | 2002 |
| JR LLC | LB2005.033 | Mary Heilmann | Jazz | 2002 |
| JR LLC | LB2005.034 | James Siena | Multi-colored Nesting Unknots | 2005 |
| JR LLC | LB2005.035 | James Siena | Recursive Lighthouse Variation | 2005 |
| JR LLC | LB2005.036 | Willie Cole | Pressed Iron Blossom No. 1 | 2005 |
| JR LLC | LB2005.037 | Willie Cole | Pressed Iron Bud | 2005 |
| JR LLC | LB2006.046.4 | Tal R | i am young i am old | 2006 |
| JR LLC | LB2006.046.5 | Tal R | i am young i am old | 2006 |
| JR LLC | LB2006.063 | Arturo Herrera | untitled | 2005 |
| JR LLC | LB2006.064 | Jessica Stockholder | Grey | 2004 |
| JR LLC | LB2006.065 | Jessica Stockholder | Owl Plaid | 2004 |
| JR LLC | LB2006.067 | Hans Broek | Sketch for Family | 2006 |
| JR LLC | LB2006.075 | Stephen Pusey | Vanishing Point | 2006 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | LB2006.076 | Glen Baldridge | bad posture | 2005 |
| JR LLC | LB2006.082 | Jason Brown | Sisyphus | 2005 |
| JR LLC | LB2006.083 | Elliott Puckette | Untitled | 2006 |
| JR LLC | LB2006.085 | Alyson Shotz | Forced Bloom #4 | 2006 |
| JR LLC | LB2006.086 | Lee Etheredge IV | High Energy Particles | 2001 |
| JR LLC | LB2006.087 | Lee Etheredge IV | Retribution | 2001 |
| JR LLC | LB2006.093 | Tara Donovan | Untitled | 2006 |
| JR LLC | LB2006.094 | Tara Donovan | Untitled | 2006 |
| JR LLC | LB2006.095 | Tara Donovan | Untitled | 2006 |
| JR LLC | LB2006.097 | Robert Mangold | Double Column A, B & C | 2006 |
| JR LLC | LB2006.101.10 | Joanne Greenbaum | Untitled Outtakes 10 | 2002 |
| JR LLC | LB2006.101.2 | Joanne Greenbaum | Untitled Outtakes 2 | 2002 |
| JR LLC | LB2006.101.4 | Joanne Greenbaum | Untitled Outtakes 4 | 2002 |
| JR LLC | LB2006.101.5 | Joanne Greenbaum | Untitled Outtakes 5 | 2002 |
| JR LLC | LB2006.101.7 | Joanne Greenbaum | Untitled Outtakes 7 | 2002 |
| JR LLC | LB2006.101.8 | Joanne Greenbaum | Untitled Outtakes 8 | 2002 |
| JR LLC | LB2006.116 | Sophie von Hellermann, Born: Munich, German  1975 | Marta's Garden | 2006 |
| JR LLC | LB2006.117 | Sophie von Hellermann, Born: Munich, German  1975 | Jonathan Making Tortilla for Hemingway | 2006 |
| JR LLC | LB2006.120 | Lynda Benglis | Untitled (II) | 1989 |
| JR LLC | LB2006.121 | Chee Wang Ng | Favorable Abundance Infinitely | 1998 |
| JR LLC | LB2006.122 | Chee Wang Ng | Four Seasons of Brilliance | 1998 |
| JR LLC | LB2006.125 | Richard Deacon Born: Bangor, Wales 1949 | Blakeney #3 | 2001 |
| JR LLC | LB2006.126 | Jane Hammond | Ting #9 | 2006 |
| JR LLC | LB2006.127 | Jane Hammond | Ting #8 | 2006 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | LB2006.128 | Caio Fonseca, Born: New York City, NY 1959 | Sarabande | 2004 |
| JR LLC | LB2006.129 | Thomas Nozkowski, Born: Teaneck, NJ 1944 | Untitled #5 | 2002 |
| JR LLC | LB2006.130 | Ingrid Calame | Untitled (Trace 1, 2 &3) | 2006 |
| JR LLC | LB2006.132 | John Lees | Hollywood Ripples | 2003 |
| JR LLC | LB2006.140 | Sam Gilliam | New Moon | 1991 |
| JR LLC | LB2006.143 | Robert Zandvliet | Untitled #14 | 1999 |
| JR LLC | LB2006.144 | Robert Zandvliet | Untitled #39 | 1999 |
| JR LLC | LB2006.145 | Robert Zandvliet | Untitled #58 | 1999 |
| JR LLC | LB2006.146 | Robert Zandvliet | Untitled #71 | 1999 |
| JR LLC | LB2006.150 | Russell Crotty | Four Seasons in our Galaxy | 2004 |
| JR LLC | LB2006.156 | Walead Beshty | Picture Made by My Hand with the Assitance of Light | 2006 |
| JR LLC | LB2006.167 | Jenny Rosemeyer, Born: Berlin, Germany 1974 | ohne Titel | 2006 |
| JR LLC | LB2007.022.1 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.022.10 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.022.2 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.022.3 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.022.4 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.022.5 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.022.6 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.022.7 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.022.8 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.022.9 | Cy Twombly | Natural History, Part I (Mushrooms) | 1974 |
| JR LLC | LB2007.025.1-3 | Jennifer Bartlett | Bridge, Boat, Dog | 1997 |
| JR LLC | LB2007.037 | Prabir Purkayastha | Zendo #3 | 2006 |

Release- James Ross LLC

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | LB2007.038 | Prabir Purkayastha | Zendo #26 | 2006 |
| JR LLC | LB2007.039.1-8 | Gary Hume | Here's Flowers | 2006 |
| JR LLC | LB2007.040 | Terry Winters | Notes for Color Coding (1.8) | 2005 |
| JR LLC | LB2007.041 | Terry Winters | Notes for Color Coding (5.4) | 2005 |
| JR LLC | LB2007.042 | Terry Winters | Notes for Color Coding (5.6) | 2005 |
| JR LLC | LB2007.043.1 | Robert Mangold | Four Figures A | 1998 |
| JR LLC | LB2007.043.2 | Robert Mangold | Four Figures B | 1998 |
| JR LLC | LB2007.043.3 | Robert Mangold | Four Figures C | 1998 |
| JR LLC | LB2007.043.4 | Robert Mangold | Four Figures D | 1998 |
| JR LLC | LB2007.044 | Jim Dine | Running Hammers in a Landscape, State I | 1987 |
| JR LLC | LB2007.048 | Tam Van Tran | Green Power | 2006 |
| JR LLC | LB2007.050 | John Baldessari | Two Unfinished Letters | 1992-93 |
| JR LLC | LB2007.052 | Bruce Nauman | Doe Fawn | 1973 |
| JR LLC | LB2007.053 | Alex Katz | Sunset: Lake Wesserunsett II | 1972 |
| JR LLC | LB2007.054 | James Rosenquist | My Mind is a Glass of Water | 1972 |
| JR LLC | LB2007.057 | Donald Sultan | Mimosas (October 2, 2006) | 2006 |
| JR LLC | LB2007.058a-c | Tam Van Tran | Untitled | 2004 |
| JR LLC | LB2007.059 | Richard Diebenkorn | Scrabbling | 1985 |
| JR LLC | LB2007.060 | Judy Pfaff | Snowy Egret | 2006 |
| JR LLC | LB2007.061.1-25 | Jennifer Bartlett | House | 2005 |
| JR LLC | LB2007.062 | Wayne Thiebaud | Tide Figures | 2006 |
| JR LLC | LB2007.063 | Joan Mitchell | Sunflowers III | 1992 |
| JR LLC | LB2007.064 | Joan Mitchell | Sunflowers IV | 1992 |
| JR LLC | LB2007.065.1 | Brice Marden | II | 1983 |

Release- James Ross LLC

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | LB2007.065.2 | Brice Marden | II | 1983 |
| JR LLC | LB2007.065.3 | Brice Marden | III | 1983 |
| JR LLC | LB2007.066 | Brice Marden | Untitled Print Series # 2 | 1972 |
| JR LLC | LB2007.069 | Robert Motherwell | La Casa de la Mancha | 1984 |
| JR LLC | LB2007.075 | Ed Ruscha | Cities | 1982 |
| JR LLC | LB2007.076 | Charles Arnoldi | Stamp | 2002 |
| JR LLC | LB2007.100 | Robert Motherwell | Automatism A | 1965-66 |
| JR LLC | LB2007.101 | Robert Motherwell | Automatism B | 1965-66 |
| JR LLC | LB2007.102 | Kiki Smith | Tidal | 1998 |
| JR LLC | LB2007.103 | Sol LeWitt | Brushstrokes in Different Colors in Two Directions (Yellow) | 1994 |
| JR LLC | LB2007.104 | Sol LeWitt | Brushstrokes in Different Colors in Two Directions (Black) | 1994 |
| JR LLC | LB2007.135 | Ross Bleckner | Bonds and Proteins | 1999 |
| JR LLC | LB2007.136 | Laura Owens | Untitled (Moon) | 2003 |
| JR LLC | LB2007.137.1 | Guillermo Kuitca | L'Encyclopedie (Marble flooring plan and ceiling plan of a Salon in the Palace of the Marquis de Spinola) | 2002 |
| JR LLC | LB2007.137.2 | Guillermo Kuitca | L'Encyclopedie (Marble flooring plan and ceiling plan of a Salon in the Palace of the Marquis de Spinola) | 2002 |
| JR LLC | LB2007.138 | Sean Scully | Standing I | 1986 |
| JR LLC | LB2007.139 | Sean Scully | Standing II | 1986 |
| JR LLC | LB2007.141 | Jasper Johns | Untitled (For the American Center) | 1994 |
| JR LLC | LB2007.146 | Bill Jensen | Tergo | 2001 |
| JR LLC | LB2007.147 | Bill Jensen | Tuva | 2001 |
| JR LLC | LB2007.148 | Joan Mitchell | Sunflower IV | 1972 |
| JR LLC | LB2007.149 | Joan Mitchell | Sunflower VII | 1972 |
| JR LLC | LB2007.154 | Dorothea Rockburne | Wave/Locate I | 1992-94 |
| JR LLC | LB2007.155 | Peng Wei | Floral Roundels with Butterflies Robe | 2006 |

**Release- James Ross LLC**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| JR LLC | LB2007.162 | Ellsworth Kelly | Green | 2001 |
| JR LLC | LB2007.163 | Richard Artschwager | Cherokee | 1991 |
| JR LLC | LB2007.164 | Mel Bochner | Genetic Space, Black and White #1 | 1995 |
| JR LLC | LB2007.165 | Martin Puryear | Shoulders (State 2) | 2005 |
| JR LLC | LB2007.166 | Martin Puryear | Untitled | 1999 |
| JR LLC | LB2007.169 | Anton Henning | Blumenstilleben No. 259 | 2004 |
| JR LLC | LB2007.170 | Anton Henning | Blumenstilleben No. 260 | 2004 |
| JR LLC | LB2007.171 | Anton Henning | Blumenstilleben mit Früchten - 1855er Monument (Die Klassifizierung des Monsieur Corbet) | 2004 |
| JR LLC | LB2007.185 | Joan Mitchell | Bedford II | 1981 |
| JR LLC | LB2007.186 | Joan Mitchell | Flower I | 1981 |
| JR LLC | LB2007.187 | Joan Mitchell | Flower III | 1981 |
| JR LLC | LB2007.196 | Marcelo Legrand | Jamon y Pickles (Ham and Pickles) | 2006 |
| JR LLC | LB2007.261 | Matthias Meyer | Waterfall 4 | 2007 |

Release- Lehman Brothers

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| LB | 2008.005 | Imi Knoebel | Untitled | 1983 |
| LB | 2008.006 | Michael Van den Besselaar | What We've Just Seen is Not Real | 2007 |
| LB | 2008.007 | Michael Van den Besselaar | Foolproof and Incapable of Error | 2007 |
| LB | 2008.009 | Pierre Buraglio | "T" | 1980 |
| LB | 2008.01 | Pierre Buraglio | Le "16" | 2004 |
| LB | 2008.011 | Georges Rousse | Clichy | 1999/2004 |
| LB | 2008.012 | Georges Rousse | Le Mans | 1999/2004 |
| LB | 2008.013 | Georges Rousse | Alex | 2000/2003 |
| LB | 2008.014 | Georges Rousse | Koblentz | 2000/2003 |
| LB | 2008.015 | Melik Ohanian | Selected Recording #804 | |
| LB | 2008.017 | Günther Förg | Untitled | 2001 |
| LB | 2008.018 | Naoya Hatakeyama | Slow Glass #108 | 2001 |
| LB | 2008.019 | John Hilliard | Mixed Lighting | 2001 |
| LB | 2008.02 | John Hilliard | Cross-Contamination - Entrance Hall | 2001 |
| LB | 2008.021 | Maria Serebriakova | Untitled | 2007 |
| LB | 2008.023 | Xiaoze Xie | The Ago Library (Tissot) | 2007 |
| LB | 2008.025 | Matthias Meyer | Chicago | 2007 |
| LB | 2008.027 | Norman Bluhm | Untitled | 1967 |
| LB | 2008.029 | Kishio Suga | space-connection-construction-outline | 1975 |
| LB | 2008.031 | Sarah Walker | Arc | 2007 |
| LB | 2008.032 | Sarah Walker | Vault | 2007 |
| LB | 2008.033 | Qin Feng | West Wind East Water, 0111 | 2006-2007 |
| LB | LB0000.182 | Edmund Lewandowski | Bridge Building | |

Release- Lehman Brothers

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| LB | LB0000.183 | Maximilien Luce | L'Echafaudage | |
| LB | LB0000.187 | Joseph Austin Pennell | Grey Day | |
| LB | LB1986.078 | Melissa Meyer | Untitled | 1986 |
| LB | LB1998.017 | Abram Manievich | City Street | |
| LB | LB2007.213 | Donald Baechler | Red Coral | 2004 |
| LB | LB2007.230 | Tyler Vlahovic | Slab Event with Empty Space | 2007 |
| LB | LB2007.231 | Tyler Vlahovic | Six Layer Event | 2007 |
| LB | LB2007.232 | Tyler Vlahovic | Five Layer Event | 2007 |
| LB | LB2007.233 | Tyler Vlahovic | Space Cell Event | 2007 |
| LB | LB2007.234 | Tyler Vlahovic | Double Profile (5-Layer Event on Ground) | 2007 |
| LB | LB2007.235 | Tyler Vlahovic | Space Cell Event/Slab | 2007 |
| LB | LB2007.236.1-.5 | Tara Donovan | Untitled I | 2004 |
| LB | LB2007.239 | Richmond Burton | Barok | 2000 |
| LB | LB2007.240 | Richmond Burton | Solex | 2000 |
| LB | LB2007.241 | Brad Davis | Transformations | 1994 |
| LB | LB2007.242 | Pat Steir | Alphabet: Primary | 2007 |
| LB | LB2008.023.1 | Terry Frost | Halzephron | 2001 |
| LB | LB2008.023.2 | Terry Frost | Halzephron | 2001 |
| LB | LB2008.023.3 | Terry Frost | Halzephron | 2001 |
| LB | LB2008.023.4 | Terry Frost | Halzephron | 2001 |
| LB | LB2008.030 | Wang Jianwei | Dilemma: Three Way Fork in the Road, 2007 | 2007 |
| LB | LB2008.042 | Jiha Moon | En Route | 2007 |
| LB | LB2008.088.1 | Taiji Matsue | JP 22, #27, 2005 | 2005 |

**Release- Lehman Brothers**

| Legal Collection | Inventory No | Artist | Title | Date |
|---|---|---|---|---|
| LB | LB2008.088.2 | Taiji Matsue | JP 22, #23, 2005<br>chromogenic print | 2005 |
| LB | LB2008.088.3 | Taiji Matsue | JP 22, #59, 2005<br>chromogenic print | 2005 |
| LB | LB2008.150 | Jian-Jun Zhang | Sumi-Ink Garden of Re-creation | 2002 |
| LB | LB2008.223 | Zhang Dawo | Reconstruction No. I | 1996 |

# EXHIBIT B
**(Agreement)**



## CONSIGNMENT AGREEMENT

May 27, 2010

Lehman Brothers Holdings, Inc.
600 Lexington Ave 6th fl
New York, New York 10022
Attn: Mr. William Gordon, Managing Director

      Thank you for consigning property to Sotheby's. This confirms our agreement ("Agreement") under which property which is consigned by you and is listed on Schedule I hereto (the "Property") will be offered by us for sale at auction, subject to the following terms and our standard Conditions of Sale and Terms of Guarantee to be printed in the catalogue for the sale, by which you hereby agree to be bound. As used herein, "we," "us" and "ours" mean Sotheby's, Inc., and "you" and "your" mean Lehman Brothers Holdings, Inc.

      1.    <u>The Auction</u>. The Property will be offered for sale in our [auction] to be held on [date], subject to postponement for reasons beyond our control. In connection with any auction, we will have absolute discretion as to (a) consulting any expert either before or after the sale, (b) researching the provenance of the Property either before or after the sale, (c) grouping the Property into lots and providing catalogue and other descriptions as we believe appropriate, (d) the date or dates of an auction, (e) the marketing and promotion of the sale and (f) the manner of conducting the sale.

      2.    <u>Commission</u>. You will not pay us a selling commission on the Property sold. You authorize us to charge the buyer and retain for our account a commission on each lot sold (the "buyer's premium"). The Conditions of Sale in the catalogue for the auction will state the rate at which the buyer's premium will be assessed against the buyer, and such rate will be a percentage of the hammer price of each lot sold.

      3.    <u>Settlement</u>. On the Settlement Date (as defined below), we will mail to you or wire transfer to you pursuant to your signed instructions the sale proceeds we collect and receive, after deducting the buyer's premium (the "net sale proceeds"), unless the purchaser has notified us of its intention to rescind the sale (as provided in paragraph 9). The "Settlement Date" will be the date that is thirty-five days after the last session of the auction. In the event the Settlement Date falls on a Saturday, Sunday or federal holiday, payment will be due on the next following business day.

# Sotheby's
EST. 1744

We will also pay to you on the Settlement Date a fee for the consignment

REDACTED

We have no obligation to enforce payment by any purchaser. If a purchaser does not pay, and you and we do not agree on another course of action, we reserve the right to cancel the sale and return the Property to you. Notwithstanding the preceding sentence, if we pay you any portion of the net sale proceeds for any Property and have not collected from the purchaser of such Property payment of the amount we paid to you, simultaneously with any such payment by us to you, you assign to us any and all rights you may have against such purchaser to the extent of such payment, whether at law, in equity or under the Conditions of Sale. You agree to execute any documents we may reasonably request evidencing this assignment and you agree that all of your representations, warranties and indemnities set forth in this Agreement shall apply to us or the purchaser, as the case may be, with respect to the Property. You authorize us, in our sole discretion, to impose on any purchaser and retain for our account a late charge if payment is not made in accordance with the Conditions of Sale. You authorize us to pay an introductory commission to Kelly Matthew Wright out of the buyer's premium as follows: (i) 2% of the hammer price of the Property collected and received by us up to an aggregate amount of $5,000,000 and (ii)1% of the hammer price of the Property collected and received by us in excess of $5,000,000.

4.    Reserves. Each lot of the Property will be offered subject to the reserve set forth on Schedule I hereto, unless we mutually agree upon a different reserve prior to the date of sale. However, we may sell any lot of the Property at a price below the reserve, provided that we pay you in accordance with paragraph 3 above, the net amount to which you would have been entitled had the lot sold for an amount equal to the agreed reserve. No reserve for a lot will exceed its low presale estimate.

You agree not to bid on the Property. Although we shall be entitled to bid on your behalf up to the amount of the reserve, you shall not instruct or permit any other person to bid for the Property on your behalf. If, however, you violate your foregoing commitment and you or your agent becomes the successful bidder on the Property, you will pay us the buyer's premium on the hammer

2

# Sotheby's
EST. 1744

price, the Property may be sold without any reserve, and you will not be entitled to the benefit of any warranties under the Conditions of Sale or Terms of Guarantee.

There will be no commission if the Property is bought-in for failing to reach its reserve. In the event any lot is bought-in, we will announce that such lot has been "passed", "withdrawn", "returned to owner", or "bought-in".

5.    <u>Representations and Warranties: Indemnity</u>. You represent and warrant to us and each purchaser that: you are a corporation duly organized, validly existing and in good standing in the jurisdiction where such qualification is required and have full corporate power and authority to execute, deliver and perform your obligations under this Agreement assuming approval is obtained from the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court") as hereinafter provided; this Agreement has been duly authorized, executed and delivered and constitutes your valid and binding obligation, enforceable in accordance with its terms assuming Bankruptcy Court approval of such consignment is obtained as hereinafter provided; you have the right to consign the Property for sale; it is now, and through and including its sale will be kept, free of all liens, claims and encumbrances of others, including, but not limited to, claims of governments or governmental agencies; good title and right to possession will pass to the purchaser free of all liens, claims and encumbrances; you have obtained or will obtain any and all authorizations, consents or approvals necessary for you to enter into your obligations herein; you have provided us with all information you have concerning the provenance, condition and restoration of the Property; you have no reason to believe that any lot of Property is not authentic or is counterfeit; where the Property has been imported into the United States, the Property has been lawfully imported into the United States and has been lawfully and permanently exported as required by the laws of any country (including any laws or regulations applicable in the European Union) in which it was located; required declarations upon the export and import of the Property have been properly made and any duties and taxes on the export and import of the Property have been paid; you have paid or will pay any and all taxes and/or duties that may be due on the net sale proceeds of the Property and you have notified us in writing of any and all taxes and/or duties that are payable by us on your behalf in any country other than the United States; and there are no restrictions on our right to reproduce photographs of it. We retain the

3

# Sotheby's

exclusive copyright to all catalogue and other illustrations and descriptions of the Property created by us.

You agree to indemnify and hold us and each purchaser harmless from and against any and all claims, actions, damages, losses, liabilities and expenses (including reasonable attorneys' fees) relating to the breach or alleged breach of any of your agreements, representations or warranties in this Agreement.

Your representations, warranties and indemnity will survive completion of the transactions contemplated by this Agreement.

6.    Expenses. We agree to bear all expenses related to the sale of the Property, including but not limited to: (a) the cost of maintaining insurance on the Property as provided in paragraph 7 hereof, (b) catalogue illustration, production and mailing, (c) packing and shipping to our premises and (d) any agreed-upon advertising.

7.    Loss or Damage to Property. We agree to assume liability for any loss or damage to the Property from the time we receipt the Property and while the Property is in our custody and control. We will pay you the Value of the Property (as defined below) or the Depreciation Amount (as defined below), as the case may be, in the event of loss or damage as set forth below. The maximum amount of our liability to you resulting from loss or damage to the Property shall not exceed the Value of such Property (as defined below). For purposes of this limitation of liability, the Value of the Property is: (a) for Property which has been sold, the hammer price (excluding buyer's premium), (b) for Property which has failed to sell at auction, the reserve, or (c) for Property not yet offered for sale, the mean of our latest presale estimates. In the event of a total loss (Property which has been lost, or Property which has been damaged and has depreciated in value, in the opinion of our insurer, by 50% or more), we will pay you the Value of such Property, and simultaneously with such payment, all title and interest to the Property shall pass to us. In the event of a partial loss (Property which has been partially damaged or lost and has depreciated in value, in the opinion of our insurer, by less than 50%), we will pay you the amount of depreciation, as determined by our insurer (the "Depreciation Amount"), and such Property will be offered for sale or, at your request, returned to you. Neither we nor our insurer will be responsible for Property that is not within our custody and control or liable for damage to frames or glass covering prints, paintings or other works, for damage occurring in the course of any process

4

# Sotheby's  EST.1744

undertaken by independent contractors employed with your consent (including restoration, framing or cleaning), or for damage caused by changes in humidity or temperature, inherent conditions or defects, normal wear and tear, war, acts of terrorism, nuclear fission or radioactive contamination, or chemical, bio-chemical or electromagnetic weapons.

8.    <u>Withdrawal</u>.  You may not withdraw any Property from sale after the date on which you sign this Agreement other than Property (i) that must be withdrawn as a consequence of any third parties enforceable right of "first refusal" with respect thereto; or (ii) with respect to which any third party has asserted liens, claims or encumbrances.  Regardless of whether we have previously issued a receipt, published a catalogue including the Property or advertised its sale, we may withdraw any Property at any time before sale if in our sole judgment (a) there is doubt as to its authenticity or attribution, (b) there is doubt as to the accuracy of any of your representations or warranties, (c) you have breached any provision of this Agreement, or (d) the lot of Property incurs loss or damage so that it is not in the state in which it was when we agreed to offer it for sale.  If we withdraw any Property under (b) or (c) of this paragraph 8, you must within ten days of our notice to you of withdrawal pay us a withdrawal fee equal to 15% of the mean of our latest presale estimates for the withdrawn Property, as well as all out-of-pocket expenses incurred by us with respect to such Property up to and including the date of withdrawal (the "Withdrawal Fee").  If any Property is withdrawn by you in breach of this Agreement, you will pay us a Withdrawal Fee.  You will not be liable for any special, incidental or consequential damages incurred as a result of your breach.  If any Property is withdrawn under (a) or (d) above, you will not be charged a Withdrawal Fee and, subject to any liens against or claims to the Property, such Property will be returned to you at our expense.

9.    <u>Rescission</u>.  You authorize us to rescind the sale of any Property in accordance with the Conditions of Sale and Terms of Guarantee, or if we learn that the Property is inaccurately described in the catalogue, or if we learn that the Property is a counterfeit (a modern forgery intended to deceive) or if we determine in our sole judgment that the offering for sale of any lot of Property has subjected or may subject us and/or you to any liability, including liability under the warranty of title or warranty of authenticity included in the Terms of Guarantee.  If we receive from a purchaser notice of intention to rescind and we determine that a lot of the Property is subject to rescission under the Terms of Guarantee or as otherwise set forth above, we will credit the

5

# Sotheby's

<small>EST.1744</small>

purchaser with the purchase price, you will return to us any sale proceeds for such Property paid by us to you or to a third party as directed by you, and we will return the Property to you upon your reimbursing us for expenses incurred in connection with the rescinded sale including reasonable attorney's fees.

10.    <u>Private Sales</u>.   If any lot fails to reach its reserve and is bought-in for your account, you authorize us, as your exclusive agent, for a period of 90 days following the auction, to sell the lot privately for a price that will result in a payment to you of not less than the net amount to which you would have been entitled had the lot sold for an amount equal to the agreed reserve. In such event, your obligations to us hereunder with respect to such lot are the same as if it had been sold at auction.

11.    <u>Treatment of Unsold Property</u>.   If any Property remains unsold for any reason after the auction, we will notify you. If such Property has not been sold privately pursuant to paragraph 10, and if it is not reconsigned to us for sale on mutually agreed-upon terms or picked up within 90 days after such notification, we will return it to you at your expense.

12.    <u>Estimates; Catalogue Descriptions</u>.   Presale estimates, if any, are intended as guides for prospective bidders. We make no representation or warranty of the anticipated selling price of any Property and no estimate anywhere by us of the selling price of any Property may be relied upon as a prediction of the actual selling price. Estimates included in receipts, catalogues or elsewhere are preliminary only and are subject to revision by us from time to time as you and we may mutually agree.

We will not be liable for any errors or omissions in the catalogue or other descriptions of the Property and make no guarantees, representations or warranties whatsoever to you with respect to the Property, its authenticity, attribution, legal title, condition, value or otherwise.

13.    <u>Use of Name</u>.   We may designate the Property when we offer it for sale, advertise or otherwise promote the sale, both before or after the auction, as you and we may mutually agree in writing.

14.    <u>Court Approval</u>.   If you are acting as a fiduciary in executing this Agreement and in the transactions contemplated hereunder, please sign and return to us our standard "Fiduciary Agreement".

6

# Sotheby's
EST. 1744

If you are acting as an agent for someone who is not signing this Agreement, you and your principal jointly and severally assume your obligations and liabilities hereunder to the same extent as if you were acting as principal. We understand that Lehman Brothers Holdings, Inc. ("LBHI") is currently a debtor in a case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") currently pending before the Bankruptcy Court. Notwithstanding anything to the contrary contained herein, the effectiveness of this agreement, including LBHI's obligations hereunder, is subject to the Bankruptcy Court entering a final order authorizing LBHI to employ Sotheby's as its auction house in the Chapter 11 Case for the purposes set forth herein.

15.    Amendment.  Neither you nor we may amend, supplement or waive any provision of this Agreement other than by means of a writing signed by both parties.

16.    Noortman Master Paintings.  You agree that, provided Noortman Master Paintings ("Noortman"), an independently managed subsidiary of Sotheby's, has had no access through us or any of its affiliates or subsidiaries to any confidential information relating to the sale of the Property, Noortman may bid for any Property.  If Noortman is the successful bidder, it will be purchasing such lot for its gallery inventory with the intention to resell it in the future.

17.    Privacy.  Sotheby's, its subsidiaries and affiliates ("Sotheby's Group") will record any information that you supply to us or that we obtain about you in its data systems shared within Sotheby's Group.  Your information will be kept confidential within Sotheby's Group.  From time to time Sotheby's Group may send you information about its sales and events, or about products and services of other organizations with which it has a relationship.

18.    Miscellaneous.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without regard to the application of New York's conflict of law principles. Without limiting any party's right to appeal any order of the Bankruptcy Court, the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby; provided, however, that if the Bankruptcy Court does not have or abstains from exercising such jurisdiction, the parties hereto agree to unconditionally and irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York sitting in New

7

# Sotheby's

EST. 1744

York County or the Commercial Divisions, Civil Branch of the Supreme Court of the State of New York sitting in New York County and any appellate court from any thereof, for the resolution of any such claim or dispute.. This Agreement shall be binding upon your heirs, executors, beneficiaries, successors and assigns, but you may not assign this Agreement without our prior written consent. Neither party shall be liable to the other for any special, consequential or incidental damages. This Agreement, including the Schedules hereto, and the Conditions of Sale and any Terms of Guarantee, constitute the entire agreement between the parties with respect to the transactions contemplated hereby and supersede all prior or contemporaneous written, oral or implied understandings, representations and agreements of the parties relating to the subject matter of this Agreement. Any notices given hereunder to you or us shall be in writing to the respective addresses indicated on the first page of this Agreement (or to such other address as you or we may notify the other in writing) and shall be deemed to have been given five calendar days after mailing to such address or one business day after delivery by hand or telecopier. You agree to provide us, upon our request, verification of identity in an appropriate form. In the event we receive a subpoena from you or a third party relating to the Property or the Agreement, you shall pay us the costs we incur, including reasonable attorney's fees, in responding to the subpoena. The paragraph headings contained in this Agreement are for convenience of reference only and shall not affect in any way the meaning or interpretation of this Agreement. This Agreement may be executed in counterparts, each of which will be deemed an original and all of which together constitute one and the same instrument. Signatures sent by facsimile transmission and scanned executed agreements in PDF format sent by email transmission are each valid and binding and will be deemed an original.

8

# Sotheby's  EST.1744

Please confirm your agreement with the foregoing by dating, signing and returning to us the duplicate copy of this Agreement.

Very truly yours,

SOTHEBY'S, INC.

By: _____

ACCEPTED AND AGREED:
LEHMAN BROTHERS HOLDINGS, INC.

By: _____
    Name: William B. Gordon
    Title:  SVP

Dated: ___05-27-2010___

Tobias Meyer
Principal Auctioneer
License #0958677

G:\SPECIAL\WINWORD\CONSIGN\GENERAL\2010\Lehman Brothers.doc

9



## SCHEDULE I

**PROPERTY**                                                    **ESTIMATES**

**[to be completed at a later date]**

# EXHIBIT C
## (Buckley Affidavit)

US_ACTIVE:\43387348\06\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                            :

In re                         :      Chapter 11 Case No.
                            :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :      08-13555 (JMP)
                            :

             Debtors.      :      (Jointly Administered)
                            :

---------------------------------------------------------------x

**AFFIDAVIT OF RICHARD BUCKLEY
IN SUPPORT OF THE DEBTORS' APPLICATION
PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY
CODE FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF SOTHEBY'S AS THE DEBTORS' AUCTION HOUSE**

        Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Richard Buckley, being duly sworn, deposes and says:

        1.      I am an Executive Vice President at Sotheby's, Inc. ("Sotheby's"). I provide this Affidavit on behalf of Sotheby's in support of the *Application of the Debtors Pursuant to Section 327(a) of the Bankruptcy Code for an Order Authorizing the Retention and Employment of Sotheby's, Inc. as its Auction House* (the "Application")[1] filed contemporaneously herewith by Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to the terms and conditions set forth in the consignment agreement, dated May 27, 2010 (the "Agreement"), a true and correct copy of which is attached as Exhibit B to the Application.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

2.      The facts set forth in my affidavit are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of Sotheby's under my supervision and direction.

## Professional Qualifications

3.      Sotheby's was founded in 1774 and is one of the world's oldest auction houses in continuous operation, and highly respected by its peers in the art arena. Sotheby's is a global company that engages in art auction, private sales and art-related financing activities.   Sotheby's operates in approximately 40 countries, with principal salesrooms located in New York, London, Hong Kong and Paris. Sotheby's has handled some of the most highly valued corporate collections to be sold at auction. Sotheby's extensive auction house expertise and its abundance of contacts in the art world make it well suited to assist the Debtors with the disposition of the Collection.

## Services to be Provided

4.      The Services that Sotheby's will render are described in greater detail in the Agreement, however in essence include grouping the Collection into lots and providing catalogue and other relevant descriptions, conducting the auction, facilitating the shipping arrangements connected with the sale of items of the Collection, and endeavoring to arrange a private sale in the event that an item does not sell at the auction. Sotheby's will provide the experienced personnel to conduct the public auction of the Collection.

5.      The auction of the Collection will be held in a single-owner sale at Sotheby's New York City salesroom in September 2010.  In the months leading up to

the auction, Sotheby's will promote the auction through an extensive advertising campaign both in the United States and internationally, targeted selling efforts directed at key contemporary art collectors, production of a custom-designed sale catalogue featuring the Collection, video podcasts about the Collection, prominent placement of Collection highlights in *Sotheby's at Auction*, a high-profile international magazine distributed by Sotheby's and significant online proApplication. All costs of marketing and proApplication of the auction will be born by Sotheby's.

## Terms of Retention

6.    Pursuant to the terms of the Agreement, Sotheby's has agreed that the Debtors will not pay Sotheby's a selling commission on the property sold, and Sotheby's commission will consist of the amount Sotheby's charges the buyer, on each lot sold, and retains for their account (the "<u>Buyer's Premium</u>"). The Buyer's Premium, following standard industry practice, will be added to the hammer price and is payable by the purchaser as part of the total purchase price. The Buyer's Premium, as described in the conditions of sale portion of the catalogue for the auction, will be assessed as follows: 25% of the hammer price up to and including $50,000, 20% of any amount in excess of $50,000 up to and including $1,000,000, and 12% of any amount in excess of $1,000,000. Additionally, pursuant to the Agreement, Sotheby's has agreed to bear all expenses related to the sale of the Property, including but not limited to: (i) catalogue illustration, production and mailing; (ii) packing and shipping of the Collection to their premises and (iii) any agreed upon advertising.

7.    For art that is sold at the auction, Sotheby's will provide the Debtors with the sale proceeds that are collected and received at the auction, after

7.     For art that is sold at the auction, Sotheby's will provide the Debtors with the sale proceeds that are collected and received at the auction, after deducting the Buyer's Premium.  In addition to the Debtors receiving 100% of the hammer price, Sotheby's has agreed to pay the Debtors a fee for consignment,[2] which will be paid from the Buyer's Premium.  In addition to the fee for consignment paid to the Debtors, Sotheby's has also agreed to pay an introductory commission to the Debtors' art consultant Kelly Mathew Wright ("Wright") out of the Buyer's Premium. From the Buyer's Premium, Wright will receive 2% of the hammer price of the property collected and received by Sotheby's up to an aggregate amount of $5,000,000 and 1% of the hammer price in excess of $5,000,000.  Accordingly, none of the amounts paid by Sotheby's to Wright will be paid from payments from the Debtors.

8.     Sotheby's may have performed auction house services in the past and may perform auction house services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its practice, Sotheby's is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases in connection with the disposition of works of art.  Sotheby's does not perform services for any such persons, their attorneys, or accountants, in connection with these chapter 11 cases that would be adverse to the Debtors or their estates.  To the best of my knowledge, Sotheby's does not hold or represent any interest adverse to the Debtors

---

[2] Due to the highly confidential and commercially sensitive nature of the fee for consignment received by the Debtors, the actual amount has been redacted.

4

with respect to the matters for with Sotheby's is being retained in these chapter 11 cases, and I believe that Sotheby's is qualified to perform the Services for the Debtors.

9.      Sotheby's is a large company with several affiliated entities, and consequently employs a large volume of professional employees.  It is possible that certain employees of Sotheby's may have business associations with parties in interest in these cases or hold securities of the Debtors or interests in mutual funds or other investment vehicles that may own securities of the Debtors.

10.     The Debtors do not owe Sotheby's any money for services provided both prior to and following the Commencement Date.

11.     Sotheby's is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if Sotheby's should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[3]

---

[3] If necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Richard Buckley
Executive Vice President
Sotheby's, Inc.

Subscribed and sworn to before me
this 3ʳᵈ day of June , 2010

_____
Notary Public

**AIMEE SCILLIERI**
Notary Public - State of New York
No. 02SC6190152
Qualified in New York County
My Commission Expires July 14, 2012

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                           :
In re                                      :    **Chapter 11 Case No.**
                                           :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :    **08-13555 (JMP)**
                                           :
                    **Debtors.**           :    **(Jointly Administered)**
                                           :
------------------------------------------------------------------x

**ORDER GRANTING APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTION**
**327(a) OF THE BANKRUPTCY CODE TO RETAIN**
**AND EMPLOY SOTHEBY'S AS ITS AUCTION HOUSE**

Upon the Application, dated June 3, 2010 (the "Application"),[1] of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (together, the "Debtors"), pursuant to section 327(a) of chapter

11 of title 11 of the United States Code (the "Bankruptcy Code"), for authority to retain and

employ Sotheby's as its auction house, in connection with the public auction of the Collection, as

more fully set forth in the Application; and upon consideration of the Affidavit of Richard

Buckley, a Executive Vice President at Sotheby's, sworn to June 3, 2010, filed in support of the

Application, a copy of which is attached to the Application as Exhibit C (the "Buckley

Affidavit"); and the Court being satisfied, based on the representations made in the Application

and the Buckley Affidavit, that Sotheby's represents or holds no interest adverse to the Debtors

or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and the Court

having jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in both the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Sotheby's; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted;

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Sotheby's as its auction house with respect to the disposition of the Collection, on the terms and conditions generally described in the Application and set forth in the Agreement; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June ___, 2010
      New York, New York

                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE