UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x:
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
In re
LEHMAN BROTHERS INC.,
Debtor.
Case No. 08-01420 (JMP) SIPA



## REPLY OF WILLIAM KUNTZ, III

Now comes William Kuntz, III who appears Pro Se and Respectfully submits the following in reply to the SIPC Trustee.

To be candid, the reply reminds one of the story of the Dutch Boy, Hans Brinker, who put his finger in the Dike. While the Reply of the Trustee appears to be depositive, it in fact is really not a solution at all. Thankfully, this Party is not a Direct Creditor of Lehman Brothers,Inc. In the past Objectant has had his fill of the unhappy slipshod operation[1] of the SIPC. A Review of the Docket reveals that the SIPC Trustee has caused almost 1,000 objections to be filed to clients of Lehman Brothers, Inc giving employment to untold numbers of lawyers.

Given the Weak Financial Position of the SIPC Fund, this Party has no doubt the Rule 60 Litigation against Barclays is really being a Monday Morning Quarterback as more agreeable than going back to Congress for more Money.

In addition, Counsel for the Trustee has been well rewarded to date in fee's in this matter. Docket 3265 seeking another $24 Million on top of some $54 Million plus already paid.

---

[1] About a Decade ago, Objectant almost suffered a loss of $10,000 when a Broker in Albany, NY on Wolfroad Failed. The SIPC denied any coverage. It was only with the help of the Appeals Office of the IRS that the loss was adverted. More recently, another Broker in Albany, NY Collapsed and again the SIPC ran for the proverbial hills. See also <u>William Kuntz, III-vs-SIPC and Wachovia</u>, Nantucket Island District Court, Nantucket Ma dismissed without prejudice as to 'bricks and motar' presence of Wachovia.

## STANDING

1) Page 13 of the present Fee Application mentions in cryptic terms

" Coordinating with certain governmental entities regarding unclaimed property held by such entities on behalf of LBI."

A review of Docket 3227 reveals on Page 2

"WHEREAS, the Trustee, LBHI Entities, UPRS and the NYS OUF are finalizing a proposed Stipulation and Order Regarding Lehman Brothers Unclaimed Funds whereby the NYS OUF will deposit such Lehman funds as are in its possession (the "Deposited Funds") to the Clerk of the Court's registry subject to a final order of the Court adjudicating the respective rights of LBI and the LBHI Entities to the Deposited Funds or approving a settlement between LBI and LBHI regarding the Deposited Funds; and
WHEREAS, the Trustee and UPRS (each a "Party" and collectively, "Parties")
have negotiated a compromise regarding all outstanding matters between LBI and UPRS.
NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:
1. UPRS shall be entitled to receive, via check or wire transfer, out of the
amount of Deposited Funds that is received by the LBI estate, an amount equal to the greater of
(i) ten percent (10%) of the amount of Deposited Funds that are allocated either to LBI or any entity that was an LBI subsidiary on September 15, 2008 (regardless of whether the LBI estate or the LBHI Entities is ultimately determined to be the appropriate recipient of the Funds) or (ii) $500,000. UPRS shall be further entitled to a payment of $250,000 from the Deposited Funds in full settlement of its claimed $500,000 equitable lien. UPRS shall be paid within ten (10) business days of receipt of the Deposited Funds to the LBI estate."

Accordingly, as the Party a Claimant[2] in LBHI, it is appropriate for the Court to
Consider his Observations as LBI and LBHI are so intertwined. It seems odd that
The SIPC Trustee would wait over a year to make an objection to this parties
Standing. See LBI Docket 1074, Nor does the Trustee take issue with
the 38 page Computer Printout filed by this Party in August 2009 see LBI Docket 1510
filed to assist the Court is seeing just what was in Albany.

---

[2] While the Court has expressed Reservations about this Parties Standing from the Bench and Weil, Gotshal has mentioned a challenge, nothing concrete has been done . In Light of the Decision from US District Court Judge Martini in the Grand Union III Ch 11 it is extremely doubtful that Weil, Gotshal would risk such a further loss of face.

### **LAWYER BATISTA**

2) The Lawyers for the SIPC Trustee are trying to round off the edges

They do not say that Mr. Batista has approved the Settlement and that they are Authorized to present it without his Signature.

They Say "counsel did not execute it. The Trustee's counsel negotiated the Stipulation and Order with UPRS's counsel and such counsel continues to represent UPRS in these matters."

That is not the same.

I think it is unchallenged Law that a Lawyer has the Capacity to Bind a Client. Without Mr. Batista's signature and provision for his fee, this Stipulation just does not pass the 'smell test' as a simply a way to gloss over what appears to be the breakdown between Mr. Gelb and his Lawyer. I would respectfully draw the Court's Attention to the Email of Mr. Gelb and the New York State Comptroller @ Pg 32 of his Declaration of April 13, 2009 LBHI Docket 3345. Mr. Gelb[3] plays Lawyer telling the State Comptroller Employee's Mr. Kahn and Mr.Schantz of the State of Play of Lehman citing Legal Cases. Clearly Mr. Gelb could prove to be a difficult client for Mr. Batista in light of the Well-Heeled Deep Pockets of the SIPC Trustee and the prospect of an endless war of attrition. Regretfully, Mr. Gelb seems to have agreed to a conditional payment in a kind of Handicap Arrangement. Instead of simple Language, like Unclaimed will be paid $750,000 within 10 days of this Stipulation, etc it is conditioned upon NY State Remitting funds which might end up being years[4] without Unclaimed Funds Unit

---

[3] It very well may be that Mr. Gelb is a Lawyer.
[4] Based upon recent documents released and news reports, the State takes between 4 and 9 years to Pay out small Claims. For example just yesterday, the Albany Times Union Newspaper reported that Verizon was sending disconnect notices to state offices for tardy phone bills

being on the Stipulation now. In fact, the Case could be closed with Mr. Gelb getting nothing under the terms of this Stipulation

### THE MISSING LETTER

3) Prior Mention was made of a Letter which was not Docketed in the LBI Case. After a bit of Searching, It has been located in the LBHI Docket @ 5321 where it appears. Accordingly, that Observation/Request is withdrawn.

### THE NEW YORK STATE COMPTROLLER-UNCLAIMED FUNDS UNIT

4) Based upon the Letters of the State Comptroller in the Gelb Declaration, there should not be any reason why the State cannot join in this Stipulation now. The SIPC Trustee states that "Mr. Kuntz...is not affected in any way by the Stipulation and Order" What the SIPC Trustee overlooks is that the Effect of the Order and it's Relationship with the State Comptroller will and would effect this Party.

It has already been demonstrated that LBHI deposited funds for this party with the State of New York Unclaimed Funds Unit. It has also been mentioned that Funds of the Grand Union Capital Corp , from which this parties concerns reach into these proceedings, are also on deposit with the State of New York Unclaimed Funds Unit.

This Party has laid a claim to those Funds. Further, it is the Position of the Unclaimed Funds Unit, that this Party must become a Judgement Creditor of Grand Union Capital Corp before that Claim is Paid. As reflected in the Record of LBHI, Lehman filed Bankruptcy just about the time

---

**"The Buffalo DEC office received a disconnect notice from Verizon threatening to shut off the telephone service for non-payment"**
http://www.timesunion.com/AspStories/storyprint.asp?StoryID=932890

This Party was seeking his Index Number in Westchester County,NY and his subsequent request for lifting the Automatic Stay has been Denied so far.

Further, as recorded on the recent Transcript in the Claims Objections by the Lawyer for Weil, Gotshal it is the position of this Party, that funds being held by Lehman should be deposited in Albany.

As I recall, the Court scoffed as to that suggestion.

Transcript of March 17, 2010 @ Pg 102

```
   stating that again, we believed his issue was resolved and his
13 response was that, "It is my position that the cash escrow
14 account absorbed by Lehman from the Grand Union case in New
15 Jersey should be deposited in Albany with the State of New York
16 unclaimed funds unit of the State Comptroller." We do not
17 believe that the Grand Union matter is relevant to the omnibus
18 objection.
```

as it is fairly clear that the NY State Comptroller is more or less asleep at the switch and unwilling to discharge it's duties[5] in general, the half-baked stipulation **without** New York State being on board is so flawed that the Court should not approve it.

Accordingly, the Court should not approve this as submitted,

Respectfully,

William Kuntz, III
India St
PO Box 1801
Nantucket, Ma 02554-1801

508-775-5225
Hyannis, Ma May 20, 2010

---

[5] See LBHI Docket 5898 Letter from N Y State Legal Services "This Office will not be entering a motion in the Bankruptcy Court to compel the reporting of Unclaimed Funds."