**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : 08-13555 (JMP)
:
**Debtors. : (Jointly Administered)**
-----------------------------------------------------------x



## RENEWED OBJECTION OF WILLIAM KUNTZ, III

Now comes William Kuntz, III who appears here Pro Se and respectfully submits the following:

1) On the 19th of Feb, 2010 an objection was made with regards to the ongoing De minius sales @ docket # 7247. As recalled, the Court brushed aside this Objection despite the documented sale well below the asset valuation by the Local Tax Authority.

2) The Debtor now proposes to expand the circumference of it's out of courtroom Authority based upon it's so called "Business Judgment". From what this party Can see, the exercise of the Debtor's "Business Judgment" so far has resulted in huge Outflows of Cash[1] with no known profit. Further, in an **interesting twist of logic**, while the appointed management and it's multiple law firms and other advisors have racked up huge professional fee's the actual owners of the Debtor have been ham-strung with an embargo on trading of stock in the guise of protecting the tax loss and the expressed desire to form an Equity Committee has been spurned. See <http://www.lehmanlotto.blogspot.com>

---

[1] $500 Million to Met Life, $500 Million to Archstone, $500 Million to JP Morgan, 40 year Ground Lease to General Re in Stamford, Conn a client of Milbank,Tweed. etc

FRIDAY, MAY 28, 2010

## Email from Debtor's Counsel RE Shareholder Meeting

Dear Mr. Uhlman,

We are the attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (the "Debtors"). Thank you for your recent inquiry regarding an annual meeting of stockholders of LBHI. As you may know, commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with the United States Bankruptcy Court for the Southern District of New York voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The cases have been assigned Case No. 09-13555 (JMP).

On March 15, 2010, the Debtors filed their joint chapter 11 plan pursuant to section 1121 of the Bankruptcy Code [Docket No. 7572]. On April 14, 2010, the Debtors filed an amended chapter 11 plan (the "Chapter 11 Plan") [Docket No. 8330] and their proposed disclosure statement pursuant to section 1125 of the Bankruptcy Code (the "Disclosure Statement") [Docket No. 8332]. The Debtors will be soliciting votes for and subsequently seeking confirmation of the Chapter 11 Plan in accordance with the requirements set forth by the Bankruptcy Code. If the Chapter 11 Plan is confirmed, subject to the satisfaction of certain requirements set forth therein and other legal requirements, the Chapter 11 Plan will become effective, at which time, as provided by the Chapter 11 Plan, the board of directors of LBHI will be reconstituted. For the reasons explained in the Disclosure Statement, no distribution is expected to be made under the Chapter 11 Plan to holders of equity in LBHI, including LBHI's common and preferred stockholders.

The Debtors' efforts are concentrated on the prosecution of their chapter 11 cases, the negotiations on the Chapter 11 Plan, and the solicitation and confirmation of the Chapter 11 Plan. Under the circumstances, holding an annual meeting of stockholders would be a diversion from the pressing needs of the Debtors' chapter 11 cases and require an expenditure of the resources and funds of the Debtors' estates that would have no benefit to the Debtors' estates and the Chapter 11 Plan process. Accordingly,

LBHI has not called an annual meeting of stockholders.


Regards,
XXX

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you.

My intended use is public dissemination.

My reply

XXX, thank you for your reply.

I will have to respectfully and vigorously disagree with your assertion that calling a shareholder meeting "would have no benefit to the Debtors' estates and the Chapter 11 Plan process." To the contrary, a shareholder meeting should be considered integral to the process. Regardless of the fact that the current (unapproved) Chapter 11 Plan and Disclosure Statement indicate no recovery for Equity Interests, we are still part of the estate and accordingly should be afforded the same access to information and protection as the largest creditors. Your statement seems to indicate a play-for-pay system for distribution of information skewed towards the biggest creditors. Furthermore, the term 'estate' has become synonymous with 'big creditor' and has never involved the interest of the Equity Holders as Mr. Miller indicated to the court on 16 October 2008.

Shareholders of LBHI are still part of the estate and stand to lose the most out of this bankruptcy. It is really brazen of you to insinuate that a shareholder meeting would be a

waste of estate resources and funds. In the 592 days since Lehman Brothers Holdings Inc., filed for bankruptcy (through end of April) professional fees have totaled a mind blowing $794,084,000. At this rate the total bill for professional fees is likely to exceed one billion dollars by September 2010. These numbers are quite shocking considering this is the largest bankruptcy ever and yet shareholders still have no voice. It seems a bit disheartening to know that everyone has representation but the owners of this once venerable 158-year old institution.

In addition to being the right thing to do, calling a shareholder meeting is required. At least two of the Equity Interests in LBHI have clauses that allow for additional appointments to the Board of Directors upon missing the required dividend.

"Whenever dividends payable on the shares of Preferred Stock have not been paid for six or more dividend periods, whether or not consecutive, the authorized number of our directors will automatically be increased by two. The holders of the Preferred Stock will have the right, with holders of any other equally ranked series of preferred stock that have similar voting rights and on which dividends likewise have not been paid, voting together as a class, to elect two directors to fill such newly created directorships at our next annual meeting of stockholders and at each of our subsequent annual meetings until full dividends have been paid on the Preferred Stock for at least four consecutive dividend periods. At that point the right to elect directors terminates, and the terms of office of the two directors so elected will terminate immediately. "

7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P
http://www.sec.gov/Archives/edgar/data/806085/000104746908004053/a2184062z424b2.htm

8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q
http://www.sec.gov/Archives/edgar/data/806085/000104746908007310/a2186178z424b2.htm

How are shareholders to exercise their rights without an active board of directors or shareholder meeting?

Recently Judge Walrath of the WAMU bankruptcy stated that "the automatic halt to litigation that applies to companies in bankruptcy cannot bar shareholders from exercising their corporate governance rights."

Furthermore, rejecting the company's arguments, Walrath said it is "well-settled law" that shareholders can hold meetings to elect new directors despite a company being in bankruptcy.

Shareholders maintain our responsibility of corporate governance and we feel that the current BOD has abrogated their responsibility to the Debtors' Restructuring, lead Counsel, and Creditor Committee.

You indicated that "If the Chapter 11 Plan is confirmed, subject to the satisfaction of certain requirements set forth therein and other legal requirements, the Chapter 11 Plan will become effective, at which time, as provided by the Chapter 11 Plan, the board of directors of LBHI will be reconstituted"

Are you implying that the current BOD is not active?

If so, that is contradictory to a statement made by Mr. Miller on 16 Oct 2008 to the court assuring Judge Peck that shareholders would be represented.

"I would submit to Your Honor that the number of stockholders in this particular case is not a significant factor. The question is one of adequate representation. And as I pointed out before, Your Honor, we have a board of directors with nine independent directors. At least for this time being, Your Honor, the adequate representation of stockholders is vested in the board of directors. The board of directors is aware of their fiduciary responsibilities. They are acting, they are active, they are meeting with Mr. Marsal. And until something in that respect changes, I would submit to Your Honor that there is adequate representation."

Furthermore, Judge Peck when denying the Appointment of an Equity Committee

stated:

"But I'm doing so without prejudice to such a motion being presented at some time in the future should the facts warrant the appointment of such a committee. Such a motion, in order to be successful, in my view, would need to demonstrate some credible reason to believe that there is an opportunity for equity security holders to recover something of value in this case and a showing that the debtor and other parties who are involved in the case are not providing adequate representation for that constituency."

I would have to stay that the issue of representation is far from being adequate.

Thank you very much

| MORE
POSTED BY TROY AT 10:13 AM
COMMENTS (1) LINKS TO THIS POST
LABELS: EQUITY COMMITTEE, LEHMAN

3) There is no reason why the Debtor should be granted this Authority at this time. All of this should be dealt with in the Plan and Post Confirmation. The idea that the Court cannot deal with this Real Estate when it can deal with hundreds of pages of Claims Expungements is absurd. This party understands that the Court in Delaware in the New Century Ch 11 hears every mortgage/property on the Docket, even if unopposed.

Respectfully,

William Kuntz,III India St, PO Box 1801,Nantucket,Ma 02554-1801
508-775-5225
June 8, 2010 Westport,NY