Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

*Counsel for Official Committee of Unsecured*
*Creditors of Lehman Brothers Holdings Inc., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
: 
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., et al., : Case No. 08-13555 (JMP)
:
                              Debtors. : (Jointly Administered)
:
------------------------------------------------------------------ x

### STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN CONNECTION WITH LBHI'S MOTION TO MODIFY THE AUTOMATIC STAY TO ALLOW DELIVERY OF NOTICES OF ACCELERATION OF LBT STRUCTURED NOTES

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. ("LBHI") and each its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement (the "Statement") in connection with LBHI's *Motion, Pursuant to Sections 105 and 362 of the Bankruptcy Code, For Modification of the Automatic Stay to Allow Delivery of Acceleration Notices to LBHI Under the EMTN Program*, dated May 3, 2010 [Docket No. 8753] (the "Motion").[1] In response to the Motion, the Committee respectfully states as follows:

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

## STATEMENT

1. The Committee does not object the relief requested in the Motion.

2. The automatic stay prohibits creditors from sending notices of acceleration to debtors in bankruptcy. See In re Solutia Inc., 379 B.R. 473, 484 (Bankr. S.D.N.Y. 2007) ("[T]he giving of a notice of acceleration post-petition would violate the automatic stay."); In re Texaco Inc., 73 B.R. 960, 967 (Bankr. S.D.N.Y. 1987) ("The filing of a Notice of Acceleration would be a collection effort triggered by the commencement of the Chapter 11 cases and proscribed by the automatic stay."); In re Manville Forest Prods. Corp., 43 B.R. 293, 298 (Bankr. S.D.N.Y. 1984) ("[A]ctions taken to pursue prepetition claims during the pendency of a Chapter 11 proceeding are deemed void, including the sending of notices of default or of acceleration.") aff'd in part, rev'd in part on other grounds, 60 B.R. 403 (S.D.N.Y. 1986).

3. For the purposes of LBHI's chapter 11 proceeding and claims filed therein, notices of acceleration delivered to LBHI after the commencement of its chapter 11 case are void and without effect. See Eastern Refractories Co. v. Forty Eight Insulations Inc., 157 F.3d 169, 172 (2d Cir. 1998) (stating that "any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect") (internal citations omitted); In re PCH Assocs., 122 B.R. 181, 198 (Bankr. S.D.N.Y. 1990) ("A post-filing acceleration of the Note, would clearly have violated the automatic stay of section 362 of the Code and, therefore, would have been null and void.").

4. Notwithstanding the title of the Motion, the relief requested by the Debtors does not affect the foregoing issues. Instead, the Motion seeks to allow creditors of LBT to

accelerate their claims against LBT in LBT's insolvency proceeding in the Netherlands, without affecting such creditors' claims in LBHI's chapter 11 case.

5. The Committee's determination not to oppose the Motion is premised on its understanding that all of its rights (as well as those of the Debtors and all other parties in interest) are reserved with respect to the issues of: (i) whether delivery of notices of acceleration to LBHI with respect to the LBT Structured Notes violates the automatic stay in effect in LBHI's chapter 11 proceeding; (ii) the validity and enforceability of the Guarantee; and (iii) how claims against LBHI on account of the LBT Structured Notes and/or Guarantee are to be calculated.

6. In addition, the Committee's position is based on its understanding that, even if the Court grants the relief requested in the Motion, the delivery of notices of acceleration to LBHI with respect to any LBT Structured Notes shall not constitute a basis for allowing any proofs of claim against LBHI in amounts greater than the maximum permissible claim amounts that could be asserted against LBHI pursuant to the governing documentation for such Structured Notes in the absence of the delivery of such notices.

7. The Motion proposes a reasonable solution to one of the administrative challenges resulting from inconsistencies between Dutch and United States laws. The relief requested by the Debtors will avoid substantial administrative costs in LBHI's insolvency proceeding, while permitting holders of LBT Structured Notes to pursue their claims

in LBT's insolvency proceeding in the Netherlands. For the foregoing reasons, the Committee does not oppose the Motion.

Dated: New York, New York
June 11, 2010

                            **MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
     Dennis F. Dunne
     Evan R. Fleck
     Dennis C. O'Donnell
     1 Chase Manhattan Plaza
     New York, NY 10005
     Telephone: (212) 530-5000

*Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.*