Hearing Date: June 16, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
: 
In re: : Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN CONNECTION WITH MOTION OF LEHMAN BROTHERS
HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC. PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE FOR AUTHORITY TO
TRANSFER FUNDS TO ROSSLYN LB SYNDICATION PARTNER LLC**

The Official Committee of Unsecured Creditors (the "Committee")[1] appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors"), hereby files this statement (the "Statement") in connection with (i) LBHI's and Lehman Commercial Paper Inc.'s ("LCPI") motion, dated May 25, 2010 [Docket No. 9238] (the "Motion"), pursuant to section 363 of the Bankruptcy Code, for (a) authorization for LBHI to direct or cause LCPI to use the RACERS Funds to fund its portion of the Rosslyn LB Capital Call, and, if necessary, to transfer approximately $56,500,000 to Rosslyn LB for Rosslyn LB to make a partner loan to fund the Rosslyn JV's

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

other partners' portion of the Capital Call, and (b) authorization for LCPI to make such transfers; (ii) the supplement to the Motion, dated June 2, 2010 [Docket No. 9387] (the "Supplement"); and (iii) the notice of revised order in connection with the Motion [Docket No. 9409] (the "Revised Order").

**STATEMENT**

1. The Committee has no objection to the relief requested in the Motion. The Committee believes repayment of the Existing Mortgages at maturity, rather than their refinancing, makes economic sense because (i) it will allow the Debtors to retain the Credit Facility, with its low interest rates, through its maturity in 2012; and (ii) in the current market, Rosslyn JV (a) would not be able to obtain refinanced property-level mortgage debt from a third party on such favorable terms; and (b) was precluded by covenants in the existing credit documentation from obtaining refinancing from any of its Lehman affiliates.

2. Furthermore, at the Committee's urging, the Debtors clarified ambiguities in the Motion related to the source, use, and repayment of the funding required by the proposed transaction. In the Supplement, the Debtors confirmed that if at any time it is determined that any portion of the funds transferred pursuant to the Motion constitute property of any of the Debtors' estates, the transfer of such Debtor funds would be deemed to have been made pursuant to the terms of the Cash Management Order (as defined in the Supplement). The Cash Management Order affords certain protections to Lehman entites making advances to Debtor and non-Debtor affiliates, including the use of inter-company notes and security interests. The clarification of the potential applicability of the Cash Management Order to this transaction alleviates the Committee's concerns with respect to the proposed transfer of what ultimately might be deemd Debtor funds to a non-Debtor affiliate.

Pg 3 of 3

3. The Committee is also comfortable with providing funds to Rosslyn LB to enable it to make loans to the other Rosslyn JV partners. In light of the benefits of the overall deal, the Rosslyn JV partner loans fulfill the necessary function of providing Rosslyn LB with the necessary capital to meet its obligations under the Existing Mortgages. Additionally, the Committee is satisfied with the protections afforded to Rosslyn as a lender that are reflected in the terms of the partner loans. Specifically, pursuant to the Revised Order, the terms of the partner loans include a collateral interest in the other partner's partnership interest and first in, first out priority.

## CONCLUSION

For all the foregoing reasons, the Committee respectfully submits that (i) it has no objection to the relief requested in the Motion; (ii) the Court should grant the requested relief; and (iii) the Court should grant such other relief as is just and proper.

Dated: New York, New York
June 11, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.