WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Wasiman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
 :
Debtors. : (Jointly Administered)
 :
------------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON JUNE 16, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 2837] (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Debtors' Motion for Authorization to Purchase "Tail" Extension Under Directors and Officers Insurance Policy **[Docket No. 9256]**

- LBHI's Motion for Authorization to Assume and Assign Certain Executory Contracts to Aurora Bank FSB **[Docket No. 9320]**

- Motion of Lehman Brothers Holdings Inc., et al. for Authority to Enter into Settlement Agreement and Participation Agreement with State Street Bank and Trust Company **[Docket No. 9241]**

- LBHI's Motion for Modification of the Automatic Stay to Allow Delivery of Acceleration Notices to LBHI Under the EMTN Program **[Docket No. 8753]**

2.  In accordance with the Amended Case Management Order, June 9, 2010 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motions (the "Objection Deadline"). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.  The Objection Deadline has now passed and, to the best of my knowledge, no objection to the Motions has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order,[1] nor has any objection with respect to the Motions been served on Debtors' counsel.

---

[1] The Official Committee of Unsecured Creditors (the "Creditors' Committee") filed a clarification statement (the "Clarification Statement") [Docket. No. 9525] with respect to LBHI's Motion for Modification of the Automatic Stay to Allow Delivery of Acceleration Notices to LBHI Under the EMTN Program (the "EMTN Motion") [Docket No. 8753]. The Clarification Statement expressly provides that the Creditors' Committee does not object to the relief requested in the EMTN Motion. Accordingly, the EMTN Motion is included herein.

4. Accordingly, for the reasons set forth in the Motions, the Debtors respectfully request that the proposed Orders annexed hereto as <u>Exhibits A - D</u>, which have not been materially revised since the filing of the Motions, be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: June 14, 2010
       New York, New York

                                     /s/ Shai Y. Waisman
                                     Shai Y. Waisman

                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for Debtors
                                     and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order – Docket No. 9256)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                          :        Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                               :
                Debtors.                                :        (Jointly Administered)
                                                               :
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004(h) FOR AUTHORIZATION TO PURCHASE "TAIL" EXTENSION UNDER DIRECTORS AND OFFICERS INSURANCE POLICY

Upon the motion, dated May 26, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b)(1) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the Debtors to purchase a one-year tail extension for the 2008-09 D&O Policy[2] for $11.9 million plus taxes and fees that will extend the period during which claims may be asserted under the 2008-09 D&O Policy through and including May 16, 2011 (the "Tail Extension"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 363(b)(1), the Debtors are authorized, but not required, to purchase the Tail Extension; and it is further

ORDERED the Debtors are authorized to execute all the documentation necessary to purchase the Tail Extension and to take any and all action that may be required or necessary to implement the Tail Extension under the 2008-09 D&O Policy; and it is further

ORDERED that requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June __, 2010
      New York, New York

                                             UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**(Proposed Order – Docket No. 9320)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                       :
            Debtors.                                   :    (Jointly Administered)
---------------------------------------------------------------------x

**ORDER GRANTING LBHI'S MOTION, PURSUANT TO
SECTION 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF
BANKRUPTCY PROCEDURE 6006 AND 9014, FOR AUTHORIZATION TO ASSUME
AND ASSIGN CERTAIN EXECUTORY CONTRACTS TO AURORA BANK FSB**

Upon the motion, dated May 27, 2010 (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors"), pursuant to sections 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume and assign to Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB ("Aurora") the executory contracts identified in Exhibit "A" hereto (the "Aurora Contracts"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Aurora; (vii) the counterparties to each of the Aurora Contracts (collectively, the "Counterparties"); and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI's assumption and assignment of the Aurora Contracts to Aurora is approved and shall be effective on the date that is fourteen days after the date on which this Order is entered (the "Effective Date"); and it is further

ORDERED that each Counterparty to an Aurora Contract shall be deemed to have consented to the assumption and assignment of such contract to Aurora and shall be forever barred from asserting any objection with regard to such assumption and assignment; and it is further

ORDERED that the Cure Costs set forth in Exhibit "A" hereto shall be controlling, notwithstanding anything to the contrary in any Contract or any other document, and the Counterparty shall be deemed to have consented to the Cure Cost and shall forever be barred from asserting any other claims for cure relating to such contract against LBHI or Aurora; and it is further

ORDERED that Aurora shall pay to the applicable Counterparty all Cure Costs, if any; provided, however, that LBHI's right to withdraw any Contract proposed for assumption and assignment pursuant to the Motion as to which there is an objection to the proposed Cure Cost or a determination by the Court of a Cure Cost that is higher than the Cure Cost set forth in Exhibit "A" prior to the Effective Date is expressly preserved; and it is further

ORDERED that on the Effective Date, the Debtors shall be relieved of any liability resulting from any subsequent breach of the Aurora Contracts pursuant to section 365(k) of the Bankruptcy Code; and it is further

ORDERED that LBHI is hereby authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate assumptions and assignments in the manner set forth herein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any assumption and assignment consummated in the manner set forth herein.

Dated: June __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT C**

**(Proposed Order – Docket No. 9241)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.,* : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AUTHORIZING LBHI AND LCPI TO ENTER INTO
SETTLEMENT AGREEMENT AND PARTICIPATION AGREEMENT WITH
STATE STREET BANK AND TRUST COMPANY REGARDING A CERTAIN
340 MADISON LOAN AND TO PAY FUNDS AS CONTEMPLATED THEREBY**

Upon the motion, dated May 25, 2010 (the "Motion"),[4] of Lehman Brothers Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing, LBHI and LCPI to enter into the Settlement Agreement and the Participation Agreement, and the transfer of funds as contemplated thereby, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

---

[4] Capitalized terms used, but not defined herein shall have the meaning ascribed to such term in the Motion.

accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LCPI, their respective estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are denied and overruled on the merits with prejudice; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019 LBHI and LCPI are authorized and empowered to enter into the Settlement Agreement, substantially in the form attached as <u>Exhibit A</u> to the Motion, and are authorized, but not directed, to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take all corporate and other actions that may be necessary or appropriate to consummate all of the transactions contemplated by the Settlement Agreement without the necessity or requirement of further court proceedings or approval; and it is further

ORDERED that, pursuant to Section 363 of the Bankruptcy Code, LBHI is authorized and empowered to enter into the Participation Agreement substantially in the form attached as <u>Exhibit A</u> to the Notice of revised Participation Agreement, dated June 9, 2010 [Docket No. 9487] and convey and assign the State Street Ownership Interest (as defined in the Motion), and is authorized, but not directed, to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take all corporate and other actions

that may be necessary or appropriate to consummate all of the transactions contemplated by the Participation Agreement without the necessity or requirement of further court proceedings or approval; and it is further

ORDERED that the conveyance and assignment of the State Street Ownership Interest to State Street (as defined in the Motion) shall be free and clear of all liens, claims, interests and encumbrances and that once the payment of the Prior Share Payment (as defined in the Motion) is made and the State Street Ownership Interest is assigned and conveyed to State Street, neither the Prior Share Payment nor the State Street Ownership Interest shall be subject to avoidance under chapter 5 or any other avoidance provisions of the Bankruptcy Code; and it is further

ORDERED that LBHI and LCPI are authorized to transfer the Prior Payment Share to State Street, as set forth in the Settlement Agreement, and are authorized, but not directed, to make any further payments to State Street as contemplated by the Settlement Agreement or the Participation Agreement; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LCPI or LBHI or, except as otherwise expressly provided in the Motion, that the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties, and the Debtors are herby authorized and directed to execute such further documents to evidence these reservations, and it is further

ORDERED that except as provided with respect to the 340 Madison Loan (as defined in the Motion) in the Settlement Agreement, the Repo Agreement (as defined in the Motion) is not affected by this Order or the Settlement Agreement and that each of State Street, LCPI and LBHI otherwise retain all of its respective rights, remedies, claims and defenses, available at law or in equity, and under, related to, or in connection with the Repo Agreement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June ___, 2010
       New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT D

**(Proposed Order – Docket No. 8753)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                  :
In re                                             :   Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,            :   08-13555 (JMP)
                                                  :
                  Debtors.                        :   (Jointly Administered)
                                                  :
                                                  :
-------------------------------------------------------------------x
```

### ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW DELIVERY OF ACCELERATION NOTICES TO LBHI UNDER THE EMTN PROGRAM

Upon the motion, dated May 3, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order granting a modification of the automatic stay provided for in sections 105(a) and 362(a) of the Bankruptcy Code, to allow holders (the "Holders") of Structured Notes[5] issued by Lehman Brothers Treasury Co. B.V. ("LBT") to send acceleration notices to LBHI, as required by the governing documentation of the Structured Notes, solely for the purpose of accelerating their claims against LBT in LBT's bankruptcy proceeding in the Netherlands, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

---

[5] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Holders are authorized to deliver notices to LBHI with respect to such Structured Notes solely for the purpose of accelerating their claims against LBT in LBT's bankruptcy case in the Netherlands in accordance with the requirements of the documents governing the Structured Notes; and it is further

ORDERED that the delivery of notices of acceleration authorized hereby shall have no effect on LBHI's liabilities, if any, in connection with the Structured Notes or the Guarantee; and it is further

ORDERED that the entry of this Order shall be without prejudice to all rights, claims and defenses that (i) the Holders, (ii) LBHI, and (iii) the Creditors' Committee may have regarding the manner in which proof(s) of claim against LBHI on account of the Structured Notes or the Guarantee are to be calculated, and the validity and enforceability of the Guarantee; *provided, however*, that absent further order of the Court, neither this Order nor the delivery of any notices of acceleration authorized hereby shall constitute a basis for allowing the Holders' proof(s) of claim against LBHI in an amount greater than the maximum permissible claim the Holders could assert against LBHI pursuant to the Structured Notes' governing documentation in the absence of the Holders' delivery of the notices of acceleration authorized hereby; and it is further

ORDERED that nothing in this Order or in the Motion shall constitute a determination by the Court or a binding position by any party regarding any provision of Dutch law; and it is further

ORDERED that this Order shall be effective *nunc pro tunc* to September 15, 2008, and all notices of acceleration of the Structured Notes delivered to LBHI on or after the Commencement Date, other than those delivered by Merrill, shall be deemed delivered under and in accordance with this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; and it is further

Dated: _____, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE