**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
In re:                                                     :      Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                   :      08-13555 (JMP)
                                                           :
                         Debtors.                          :      (Jointly Administered)
                                                           :
------------------------------------------------------------x

**PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Jade Tree I, L.L.C. | JPMorgan Chase Bank, N.A. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

P.O. Box 6463
New York, New York 10150
E-mail: loans@jadetree.net
Phone: N/A
Last Four Digits of Acct #: _____

With a copy to:
Esbin & Alter, LLP
497 South Main Street
New City, NY 10956
Attention: Scott L. Esbin
Phone: 845-634-7909
Facsimile: 845-634-4160
E-Mail: sesbin@esbinalter.com

Court Claim # (if known): 32617
Amount of Claim: $153,460,243.02
Amount of Claim Transferred: $25,746,712.93
Date Claim Filed: September 22, 2009

**\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***

Name and Address where transferee payments should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _[signature]_                         Date: 6/15/2010
Transferee/Transferee's Agent
Scott L. Esbin/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

## EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, JPMorgan Chase Bank, N.A. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Jade Tree I, L.L.C. ("Purchaser") an undivided pro rata interest in $25,746,712.93 of Seller's right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Lehman Brothers Special Financing Inc. (the "Debtor"), the debtor in Case No. 08-13888 pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and the relevant portion of any and all proofs of claim, in each case as evidenced by Proof of Claim No. 32617 (the "Claim"), filed with the Bankruptcy Court in respect of the Claim.

Seller hereby waives any objection to the transfer of the Claim to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law with respect to such transfer. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing Claim, recognizing Purchaser as the sole owner and holder of the Claim, and directing that all payments or distributions of money or property in respect of the Claim be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 11th day of June, 2010.

JPMorgan Chase Bank, N.A.
MEI: US1L019291

By: _____
Name:
Title:   Michael Economos
         Authorized Signatory

JADE TREE I, L.L.C.

By: _____
Name: Scott L. Esbin
Title: Authorized Signatory

12762221.6
NY1 7314124v.1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)        0000032617 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing Inc. | Case No. of Debtor<br>08-13888 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Janus Capital Management LLC
151 Detroit Street
Denver, CO 80206
Attn: Heidi W. Hardin
Senior Vice President and General Counsel

Telephone number: (303) 394-7609        Email Address: Heidi.Hardin@janus.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:        Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 153,460,243.02
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See Attached
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
   Describe: See Attached
   Value of Property: $_____   Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   **Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/18/09

Signature: [signed] Heidi Hardin
The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### *In re Lehman Brothers Special Financing, Inc.*

**Proof of Claim of Janus Capital Management LLC, as Investment Advisor
for the Janus Investment Fund, Janus Adviser Series and Janus Aspen Series
and Series Thereof listed on Attachment A.**

Janus Capital Management LLC ("**JCM**" or the "**Investment Advisor**"), as investment advisor for the Janus Investment Fund, Janus Adviser Series and Janus Aspen Series (collectively the "**Management Investment Companies**" and each a "**Management Investment Company**") and the series thereof (the "**Janus Portfolios**") listed on Attachment A , submits this proof of claim (the "**Proof of Claim**") on behalf of itself and the Management Investment Companies and the Janus Portfolios thereof (collectively, the "**Claimants**" and each a "**Claimant**").

JCM as Investment Advisor entered into that certain 1992 ISDA Master Agreement (Multicurrency-Cross Border) dated as of April 19, 2007 with Lehman Brothers Special Financing, Inc. (the "**Debtor**") on behalf of the Claimants (the "**Agreement**"). JCM also entered into a Credit Support Annex to the Schedule to the Master Agreement dated as of April 16, 2007 with the Debtor on behalf of the Claimants (the "**CSA**" and with the Agreement, the "**Transaction Documents**").[1] Lehman Brothers Holdings Inc.("**LBHI**"), the parent of the Debtor, issued a guarantee of the Debtor's obligations under the Transaction Documents, dated September 28, 2007 (the "**Guarantee**"). The Agreement designates LBHI as the Credit Support Provider with respect to the Debtor.

On September 15, 2008, LBHI filed for bankruptcy protection under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), giving rise to an Event of Default under Section 5(a)(vii) of the Agreement.[2] Based upon such Event of Default, pursuant to Section 6(a) of the Agreement, the Claimants provided the Debtor with Notice of Event of Default and Request for Early Termination on September 15, 2008 and designated September 16, 2008, as an Early Termination Date in respect of each of the Transactions under the Agreement.

Pursuant to Section 6(d)(i) of the Agreement, the Claimants notified the Debtor that the amount owing under Section 6(e) in respect of the Transactions was US $153,460,243.02 in aggregate (the "**Claim Amount**"). The Claimants have not received payment of such Claim Amount.

---

[1] The documents supporting this claim are being filed on that dedicated website created for an online questionnaire relating to derivative contract claims (www.lehman-claims.com), as set out in further detail in the Bar Date Order entered in this case on July 2, 2009. Claimants reserve the right to supplement this Proof of Claim with relevant documents, to the extent necessary.

[2] All capitalized terms not defined herein shall have the meaning set forth in the Agreement.

The Claimants further reserve its right to amend or supplement this Proof of Claim or to file additional proofs of claim for any and all damages and expenses, including but not limited to legal fees, with respect to the Transaction Documents, pursuant to Section 11 of the Agreement.

The claims set forth herein may be secured by a right of setoff against certain amounts owing by one or more of the Claimants and/or their affiliates to the Debtor and/or its affiliates. To the extent that the Debtor and/or its affiliates asserts claims against any of the Claimants of any kind, the Claimants reserve the right to assert that such claims by Debtor and/or its affiliates are subject to rights of setoff and/or recoupment, which rights are treated as secured claims under the Bankruptcy Code. To the extent that Debtor, its affiliates or any other party takes any action that would give rise to a right of counterclaim or other rights or claims any Claimant may have against Debtor and/or its affiliates, each Claimant reserves all of its respective rights.

To the extent that the Claimants have rights to set-off or recoup the amount of their claims under 11 U.S.C. § 553 against any claims, defenses, or set-offs Debtor, its affiliates or their respective estates may have or might assert against the Claimants, Claimants assert a secured claim. In addition, the filing of this Proof of Claim does not waive any right to any security held by or on behalf of any of the Claimants or such Claimant's rights to claim specific assets or any other rights or rights of action that any of the Claimants has or may have against Debtor and/or its affiliates, and the Claimants expressly reserve such rights.

The Claimants further reserve the right to (i) amend, clarify, modify, update or supplement this Proof of Claim at any time and in any respect, including without limitation to assert additional claims or additional grounds for its claims, and/or to specify the amount of the Claimants' contingent, unmatured and/or unliquidated claims as they become non-contingent, matured and/or liquidated; (ii) file additional proofs of claim at any time and in any respect; and (iii) file a request for payment of administrative or priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).

By filing this Proof of Claim, the Claimants do not waive, and specifically preserve, their respective procedural and substantive defenses to any claim that may be asserted against any of the Claimants by the Debtor or any other party.

The Claimants also reserve all rights accruing to it against the Debtor and its' affiliates (and their respective estates), and the filing of this Proof of Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any of the Claimants' rights. In addition, the Claimants reserve the right to withdraw this Proof of Claim with respect to their claims for any reason whatsoever.

This Proof of Claim shall not be deemed to be a waiver of any Claimant's right (i) to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases; (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (iv) to any other rights, claims, actions, set-offs, or recoupments to which any Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, set-offs, and recoupments the Claimants expressly reserve.

The Claimants, by the filing of this Proof of Claim, do not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

This Proof of Claim is in addition to, and does not supersede, any other proofs of claim filed by any Claimant against the Debtor or its affiliates. Additionally, this Proof of Claim shall not prejudice the rights of any Claimant to file any other requests for payment or proofs of claim against the Debtor or its affiliates, including claims for the same or additional amounts as claimed herein.

100719715_7.DOC

ATTACHMENT A

| PARTY B | Net Asset Value (USD) |
|---|---|
| **JANUS INVESTMENT FUND on behalf of its series:** | **Claim Amount** |
| Janus Balanced Fund | |
| Janus Contrarian Fund | 13,907,145.23 |
| Janus Enterprise Fund | 1,274,467.80 |
| Janus Federal Tax Exempt Fund | |
| Janus Flexible Bond Fund | |
| Janus Fund | 3,210,994.86 |
| Janus Fundamental Equity Fund | |
| Janus Global Life Sciences Fund | 935,664.00 |
| Janus Global Opportunities Fund | |
| Janus Global Research Fund | |
| Janus Global Technology Fund | |
| Janus Growth and Income Fund | |
| Janus High-Yield Fund | |
| Janus Mid Cap Value Fund | |
| Janus Orion Fund | 4,415,040.00 |
| Janus Overseas Fund | 81,174,720.00 |
| Janus Research Fund | 7,123,675.34 |
| Janus Short-Term Bond Fund | |
| Janus Triton Fund | |
| Janus Twenty Fund | |
| Janus Venture Fund | |
| Janus Worldwide Fund | |
| Total | 112,041,707.23 |

| **JANUS ADVISER SERIES on behalf of its series:** | **Claim Amount** |
|---|---|
| Janus Adviser Balanced Fund | |
| Janus Adviser Contrarian Fund | 1,066,638.91 |
| Janus Adviser Flexible Bond Fund | |
| Janus Adviser Floating High Rate Income Fund | |
| Janus Adviser Forty Fund | |
| Janus Adviser Fundamental Equity Fund | |
| Janus Adviser Growth and Income Fund | |
| Janus Adviser High-Yield Fund | |
| Janus Adviser INTECH Risk-Managed Core Fund | |
| Janus Adviser INTECH Risk-Managed Growth Fund | |
| Janus Adviser International Equity Fund | |
| Janus Adviser International Growth Fund | 18,490,501.00 |
| Janus Adviser Large Cap Growth Fund | 65,623.96 |
| Janus Adviser Long/Short Fund | 1,258,134.01 |
| Janus Adviser Mid Cap Growth Fund | 189,243.24 |
| Janus Adviser Mid Cap Value Fund | |
| Janus Adviser Orion Fund | |
| Janus Adviser Small Company Value Fund | |
| Janus Adviser Small-Mid Growth Fund | |
| Janus Adviser Worldwide Fund | |
| | 21,070,141.12 |

A-1

| JANUS ASPEN SERIES on behalf of its series: | Claim Amount |
|---|---:|
| Balanced Portfolio | |
| Flexible Bond Portfolio | |
| Foreign Stock Portfolio | |
| Fundamental Equity Portfolio | |
| Global Life Sciences Portfolio | 46,783.20 |
| Global Technology Portfolio | |
| Growth and Income Portfolio | |
| International Growth Portfolio | 20,016,278.00 |
| Janus Aspen INTECH Risk-Managed Core Portfolio | |
| Janus Aspen INTECH Risk-Managed Growth Portfolio | |
| Large Cap Growth Portfolio | 285,333.47 |
| Small Company Value Portfolio | |
| Total | 20,348,394.67 |
| | |
| **TOTAL Claim Amount** | 153,460,243.02 |


