**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                      :
In re:                                                :        **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*          :        **08-13555 (JMP)**
                                                      :
                                      **Debtors.**    :        **(Jointly Administered)**
                                                      :
-------------------------------------------------------x

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

|  |  |
|---|---|
| Jade Tree I, L.L.C. | JPMorgan Chase Bank, N.A. |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee        Court Claim # (if known): 32621
should be sent:                                      Amount of Claim: $191,134.20
                                                     Amount of Claim Transferred: $32,067.44
    P.O. Box 6463                Date Claim Filed: September 22, 2009
    New York, New York 10150
    E-mail: loans@jadetree.net
    Phone: N/A
    Last Four Digits of Acct #: _____

    With a copy to:
    Esbin & Alter, LLP
    497 South Main Street
    New City, NY 10956                 **\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***
    Attention: Scott L. Esbin
    Phone: 845-634-7909
    Facsimile: 845-634-4160
    E-Mail: sesbin@esbinalter.com

Name and Address where transferee payments
should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

By: _____          Date: _____6/15/2010_____
    Transferee/Transferee's Agent
    Scott L. Esbin/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

## EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, JPMorgan Chase Bank, N.A. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Jade Tree I, L.L.C. ("Purchaser") an undivided pro rata interest in **$32,067.44** of Seller's right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against <u>Lehman Brothers Special Financing Inc.</u> (the "Debtor"), the debtor in Case No. 08-13888 pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and the relevant portion of any and all proofs of claim, in each case as evidenced by Proof of Claim No. 32621 (the "Claim"), filed with the Bankruptcy Court in respect of the Claim.

Seller hereby waives any objection to the transfer of the Claim to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law with respect to such transfer. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing Claim, recognizing Purchaser as the sole owner and holder of the Claim, and directing that all payments or distributions of money or property in respect of the Claim be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this ⎵⎵th day of June, 2010.

JPMorgan Chase Bank, N.A.
MEI: US1L019291

By: _____
Name:
Title:    Michael Economos
          Authorized Signatory

JADE TREE I, L.L.C.

By: _____
    Name: Scott L. Esbin
    Title:  Authorized Signatory

12762221.6
NY1 7314124v.1

| *United States Bankruptcy Court/Southern District of New York* | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)        0000032621 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Special Financing Inc.** | Case No. of Debtor<br>**08-13888 (JMP)** | |

**NOTE:** This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

| | |
|---|---|
| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>Janus Capital Management LLC<br>for Janus Institutional International Equity Portfolio LLC<br>151 Detroit Street<br>Denver, CO 80206<br>Attn: Heidi W. Hardin, Senior Vice President and General Counsel<br><br>Telephone number: (303) 394-7609        Email Address: Heidi.Hardin@janus.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above)<br><br><br><br>Telephone number:        Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1.    Amount of Claim as of Date Case Filed:** $ 191,134.20<br>If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br>If all or part of your claim is entitled to priority, complete Item 5.<br>If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.<br>☑ Check this box if all or part of your claim is based on a Derivative Contract.*<br>☐ Check this box if all or part of your claim is based on a Guarantee.*<br>**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**<br>☐   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee. | **5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim:<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br>☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).<br><br>**Amount entitled to priority:**<br><br>$_____ |
| **2.    Basis for Claim:**    See Attached<br>        (See instruction #2 on reverse side.) | |
| **3.    Last four digits of any number by which creditor identifies debtor:** _____<br>    **3a. Debtor may have scheduled account as:** _____<br>        (See instruction #3a on reverse side.) | |
| **4.    Secured Claim** (See instruction #4 on reverse side.)<br>    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br>    Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other<br>    Describe:  See Attached<br>    Value of Property: $_____    Annual Interest Rate _____%<br>    Amount of arrearage and other charges as of time case filed included in secured claim, if any:<br>    $_____    Basis for perfection: _____<br>    Amount of Secured Claim: $_____    Amount Unsecured: $_____ | |
| **6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____<br>        (See instruction #6 on reverse side.) | |
| **7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>**8.    Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.<br>**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**<br>If the documents are not available, please explain: | **FOR COURT USE ONLY**<br><br>FILED / RECEIVED<br><br>SEP 2 2 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
| Date:<br>9/18/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>*Heidi Hardin* | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*In re Lehman Brothers Special Financing, Inc.*

**Proof of Claim of Janus Capital Management LLC, as Investment Advisor
for the Janus Institutional International Equity Portfolio LLC.**

Janus Capital Management LLC ("**JCM**" or the "**Investment Advisor**"), as investment advisor for the Janus Institutional International Equity Portfolio LLC (the "**Fund**"), submits this proof of claim (the "**Proof of Claim**") on behalf of itself and the Fund (collectively, the "**Claimants**" and each a "**Claimant**").

JCM as Investment Advisor entered into foreign exchange ("**FX**") transactions, as supported by the attached FX Confirmations, with Lehman Brothers Special Financing, Inc. (the "**Debtor**") on behalf of the Fund (the "**FX Confirmations**").[1] Each of the FX transactions was entered into and terminated prior to September 15, 2008, the date on which Lehman Brothers Holdings Inc. filed for bankruptcy protection under chapter 11 of title 11 of the United States Code (the "**Petition Date**"), and each gives the Claimants a pre-petition claim against the Debtor.

The FX Confirmations give the Claimants a right to payment aggregating to US $191,134.20 in aggregate (the "**Claim Amount**"). The Claimants have not received payment of such Claim Amount.

The Claimants further reserve its right to amend or supplement this Proof of Claim or to file additional proofs of claim for any and all damages and expenses, including but not limited to legal fees.

The claims set forth herein may be secured by a right of setoff against certain amounts owing by one or more of the Claimants and/or their affiliates to the Debtor and/or its affiliates. To the extent that the Debtor and/or its affiliates assert claims against any of the Claimants of any kind, the Claimants reserve the right to assert that such claims by the Debtor and/or its affiliates are subject to rights of setoff and/or recoupment, which rights are treated as secured claims under the Bankruptcy Code. To the extent that the Debtor, its affiliates or any other party takes any action that would give rise to a right of counterclaim or other rights or claims any Claimant may have against the Debtor and/or its affiliates, each Claimant reserves all of its respective rights.

To the extent that the Claimants have rights to set-off or recoup the amount of their claims under 11 U.S.C. § 553 against any claims, defenses, or set-offs the Debtor, its affiliates or their respective estates may have or might assert against the Claimants, Claimants assert a

---

[1] The documents supporting this claim are being filed on that dedicated website created for an online questionnaire relating to derivative contract claims (www.lehman-claims.com), as set out in further detail in the Bar Date Order entered in this case on July 2, 2009. Claimants reserve the right to supplement this Proof of Claim with relevant documents, to the extent necessary.

secured claim. In addition, the filing of this Proof of Claim does not waive any right to any security held by or on behalf of any of the Claimants or such Claimant's rights to claim specific assets or any other rights or rights of action that any of the Claimants has or may have against the Debtor and/or its affiliates, and the Claimants expressly reserve such rights.

The Claimants further reserve the right to (i) amend, clarify, modify, update or supplement this Proof of Claim at any time and in any respect, including without limitation to assert additional claims or additional grounds for its claims, and/or to specify the amount of the Claimants' contingent, unmatured and/or unliquidated claims as they become non-contingent, matured and/or liquidated; (ii) file additional proofs of claim at any time and in any respect; and (iii) file a request for payment of administrative or priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).

By filing this Proof of Claim, the Claimants do not waive, and specifically preserve, their respective procedural and substantive defenses to any claim that may be asserted against any of the Claimants by the Debtor or any other party.

The Claimants also reserve all rights accruing to it against the Debtor and its' affiliates (and their respective estates), and the filing of this Proof of Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any of the Claimants' rights. In addition, the Claimants reserve the right to withdraw this Proof of Claim with respect to their claims for any reason whatsoever.

This Proof of Claim shall not be deemed to be a waiver of any Claimant's right (i) to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases; (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (iv) to any other rights, claims, actions, set-offs, or recoupments to which any Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, set-offs, and recoupments the Claimants expressly reserve.

The Claimants, by the filing of this Proof of Claim, do not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

This Proof of Claim is in addition to, and does not supersede, any other proofs of claim filed by any Claimant against the Debtor or its affiliates. Additionally, this Proof of Claim shall not prejudice the rights of any Claimant to file any other requests for payment or proofs of claim against the Debtor or its affiliates, including claims for the same or additional amounts as claimed herein.

100731025_2.DOC



Express

*The World O*



Part # 156148-434 NRIT V3 09-07

For FedEx Express® Shipments Only

PRIORITY OVERNIGHT

TRK# 7144 9225 1611

10017 -NY-US

Form
0201

EB 0GSA

ORIGIN ID: JHCA (212) 351-4015
RACHEL CASTELINO
GIBSON DUNN
200 PARK AVENUE

NEW YORK, NY 10166
UNITED STATES US

TO LEHMAN BROS. INC. CLAIMS PROCESSING
C/O:EPIQ BANKRUPTCY SOLUTIONS, LLC
757 THIRD AVENUE 3RD FLOOR,
RECEIVED
NEW YORK, NY 10017

Ref: 48252-00049
Dept: RICHARD

SEP 18 2009

Ship Date: 21SEP09
ActWgt: 0.5 LB
System#: 8518/0QE2361
Account: S ********

TUE
Deliver By:
22SEP09
EWR
A1

BILL SENDER

Delivery Address
Barcode

FedEx
Express

E

CLS850107/22/23