**Hearing Date and Time: June 16, 2010 at 10:00 a.m.**
**Objection Deadline: June 15, 2010 at 12:00 p.m. (with permission)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP) Jointly Administered |
| Debtors. | |

**RESPONSE OF LEAD PLAINTIFFS TO EXAMINER'S MOTION FOR ORDER DISCHARGING EXAMINER AND GRANTING RELATED RELIEF**

Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and Operating Engineers Local 3 Trust Fund, the court-appointed lead plaintiffs (collectively, the "Lead Plaintiffs") in the consolidated securities class action pending in the United States District Court for the Southern District of New York (the "District Court") captioned *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-05523 (LAK) (the "Securities Litigation"), by and through their undersigned counsel, submit this response in connection with the motion (the "Motion") by Anton R. Valukas, Esq., in his capacity as the examiner (the "Examiner")[1] in these cases, for an order discharging the Examiner and granting related relief:

**RELEVANT BACKGROUND**

A.  **Relevant Procedural Background.**

1.  On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings, Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On and after the Petition Date, certain other Debtors in these cases filed voluntary petitions for relief. The Debtors' chapter 11 cases are being jointly administered in this Court.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

2. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107 and 1108(a) of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.

**B.    Appointment Of The Examiner And Motion For Discharge.**

4. On October 20, 2009, The Walt Disney Company filed a motion to appoint an examiner in these cases. *See* Docket No. 1143. On November 4, 2008, Thomas P. DiNapoli, New York State Comptroller as Administrative Head of the New York State and Local Retirement Systems and Sole Trustee of the New York State Common Retirement Fund ("NYS Comptroller"), filed a motion for the appointment of a trustee or, in the alternative, an examiner with expanded powers. *See* Docket No. 1376. Lead Plaintiffs joined in the NYS Comptroller's motion to the extent it requested the appointment of an examiner with expanded powers. *See* Docket No. 1686.

5. On January 16, 2009, the Court entered an Order Directing Appointment of an Examiner Pursuant to section 1104(c)(2) of the Bankruptcy Code. *See* Docket No. 2569. The order directed the Examiner to conduct an investigation into certain matters and to perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code. Lead Plaintiffs, as a proponent of the relief, along with others, were involved in negotiating the scope of the Examiner's work in these cases which was ultimately embodied in a further order of this Court.

6. On February 8, 2010, the Examiner filed his Report with the Court under seal. *See* Docket No. 7025. The Report was subsequently unsealed by order of the Court dated March 11, 2010 and made publicly available on that date. *See* Docket No. 7531.

7. On June 2, 2010, the instant Motion was filed seeking an Order discharging the Examiner and granting related relief. *See* Docket No. 9361. By the Motion, the Examiner asserts that he has completed his duties and seeks, *inter alia*, (a) to be discharged from further obligations, duties, or responsibilities except as specified in the Order of Discharge, (b) a

release of the Examiner and his retained professionals from any damages, (c) an Order precluding the issuance of service of any discovery request upon the Examiner or his professionals, except as authorized by a court of competent jurisdiction upon good cause shown and after notice and an opportunity for the Examiner to object, (d) authorization to dispose of materials collected in the course of the investigation as specified in the Order of Discharge, and (e) approval of a proposed mechanism for the Examiner and his professionals to provide further assistance to the Estate and parties upon request.

8.  Lead Plaintiffs support the relief requested in the Motion as described in paragraphs 7(a) and 7(b) above.  Lead Plaintiffs, however, are concerned about certain aspects of the balance of the relief requested and submit the following proposed revisions to the requested relief (also reflected in a marked copy of the Examiner's proposed order, annexed hereto as Exhibit B) in order to address such concerns.

9.  With respect to Paragraph 7(d) above, the Examiner describes in the Motion three separate types of information relating to the materials collected or created in the course of his investigation -- (1) Non-public documents collected from the Debtors and held in a database labeled "Stratify," (2) All other non-public documents collected by the Examiner from other parties which are currently being held in a database labeled "CaseLogistix," and (3) Examiner work product, including legal research, internal memoranda, interview summaries and correspondence. *See* Motion, ¶¶ 14-19.  The Examiner notes that all documents in the Stratify database are subject to a confidentiality agreement between the Debtors and the Examiner and that, with few exceptions, the documents in the CaseLogistix database are also subject to confidentiality agreements or stipulations between the Examiner and the particular producing party. *Id.* at ¶¶ 14-15.

10.  The Examiner proposes that, after his discharge, the Debtors should maintain the documents contained in the Stratify database and that the documents contained in the CaseLogistix database should be maintained by a neutral vendor for the benefit of all parties. *Id.* ¶¶ 16-17.  The Examiner further proposes that parties in interest may request access to

documents contained in the CaseLogistix database pursuant to a document request to be served on the Debtors, the Examiner and the Creditors' Committee. *See* Examiner's Proposed Order at ¶ 7.

11. With regard to the Examiner's work product, the Examiner proposes that such materials will not be made available except upon order of this Court upon good cause shown, and that continued maintenance of these materials shall be at the Examiner's discretion, but that the Examiner will maintain the materials for at least one year following entry of the Order of Discharge. *See* Motion at ¶ 19.

## RESPONSE AND RESERVATION OF RIGHTS

12. Lead Plaintiffs are concerned that the Examiner's proposed order (the "Proposed Order") (i) may inappropriately limit Lead Plaintiffs and other parties from obtaining discovery that they would otherwise be entitled to seek pursuant to the Federal Rules of Civil Procedure in the context of the pending Securities Litigation, (ii) does not fully preserve all documents and (iii) imposes an obligation on Lead Plaintiffs to come to this Court in connection with discovery disputes that would properly be before the District Court in the Securities Litigation. In order to address Lead Plaintiffs' concerns, the Lead Plaintiffs propose the following revisions to the Proposed Order. For the convenience of the Court, the Lead Plaintiffs attach a modified Proposed Order, marked from the Examiner's Proposed Order. Clean and marked copies of the modified order are annexed hereto as Exhibits A and B, respectively.

A. **The Lead Plaintiffs Are Entitled To All Documents Provided To Other Parties.**

13. Paragraph 1(c) of the Proposed Order, which establishes procedures for responding to requests for cooperation or assistance from the Examiner by third parties, should be revised to allow documents that have been previously provided to any other party, including but not limited to governmental agencies, the Office of the United States Trustee, the Debtors or the Creditors' Committee, to be provided to the Lead Plaintiffs or any other party who makes such a request.

-4-

14. This proposed modification is consistent with the intent of the Examiner, as evidenced by the correspondence contained in Exhibit 1 to the Motion. Specifically, the Examiner, in response to a letter from Debtors' counsel regarding access to information, states that it is his position that any information "provide[d] to [Alvarez & Marsal] pursuant to [the Debtors'] requests will be made available to any other party upon request." *See* Motion at Exhibit 1, Jenner & Block letter dated May 17, 2010, p. 2. Accordingly, the Lead Plaintiffs' proposed revision to Paragraph 1(c) is consistent with the Examiner's objective as explained in his May 17, 2010 letter response to the Debtors and should be incorporated into the Proposed Order as set forth in Exhibits A and B.

**B.    This Court Should Not Be The Sole Forum For Deciding Third Party Discovery Issues.**

15. While the Lead Plaintiffs do not generally object to relieving the Examiner from any formal or informal discovery requests relating to the Debtors' bankruptcy case, except as authorized by the Proposed Order in Paragraph 3, the Lead Plaintiffs respectfully submit that the Bankruptcy Court should not be burdened with the obligation to decide discovery disputes in pending litigation outside of the Bankruptcy Court. As explained by the Bankruptcy Court in <u>In re New Century TRS Holdings, Inc.</u>, *et al.*, Case No. 07-10416 (KJC) (Bankr. D. Del.), in a memorandum decision regarding the examiner's motion for discharge, "[t]his Court will not likely be the sole forum for deciding third party discovery issues. Discovery issues should be brought before the court or forum that is hearing any third party litigation." *See* Memorandum Decision, dated May 1, 2009, at p. 12, attached hereto as Exhibit C.

16. Accordingly, the Lead Plaintiffs request that the Proposed Order be revised to include language in Paragraph 3 stating that the Examiner will not be relieved from discovery requests authorized by this Court "or another Court of competent jurisdiction," as outlined in Exhibits A and B.

**C.    The Proposed Order Must Provide Parties In Interest With An Opportunity To Be Heard In Connection With The Maintenance And Availability Of Documents.**

17. In Paragraph 3 of the Proposed Order, the Examiner proposes to maintain all materials in his or his professionals' possession, relating to work performed on behalf of the Examiner, until further Order of the Court or until the closing of the Debtors' Chapter 11 cases. In order for all parties in interest to adequately address whether the Examiner should be relieved of his duty to maintain work product or other allegedly privileged documents relating to his appointment, parties in interest should have an opportunity to be heard prior to the issuance of any further Order of the Court allowing the Examiner to destroy any such documents. It should be noted that the Motion and Proposed Order appear to be contradictory in terms of the Examiner's and his professionals' obligation to maintain all materials in their possession related to their work. The Motion, at Paragraph 19, indicates that such documents will be retained for at least one year following the entry of the Order of Discharge while the Proposed Order, at Paragraph 3, provides that such documents will be retained until further Order of the Court or until the closing of the Chapter 11 cases. Lead Plaintiffs, with the minor change reflected in Exhibits A and B, have no issue with the language of the Proposed Order.

18. Similarly, in Paragraph 5 of the Proposed Order dealing with the Debtors' maintenance of the Stratify database, the Debtors should be required to provide parties in interest with notice and an opportunity to be heard before the Debtors are released from their obligation to maintain the database. Providing parties in interest with such opportunity will ensure that any concerns with respect to the availability of such documents are adequately addressed.

19. Accordingly, Paragraphs 3 and 5 of the Proposed Order should be modified to include a notice provision as set forth in Lead Plaintiffs' modified order annexed hereto.

**D.   The Examiner's Proposed Procedures For Access To Documents In The CaseLogistix Database Should Be Modified To Provide For Circumstances Where Litigation Is Pending Outside Of The Bankruptcy Court.**

20. The Examiner's motion provides no explanation or grounds for the proposed procedure for obtaining documents in the CaseLogistix database. Adequate procedures

-6-

already exist for obtaining documents during ongoing litigation. The proposed procedures in Paragraph 7 of the Proposed Order should be revised to take into account litigation pending outside of the Bankruptcy Court, including the pending Securities Litigation in the District Court. To that end, the Proposed Order should allow parties in interest with litigation pending outside of the Bankruptcy Court, including the Lead Plaintiffs, as an alternative to serving a document request on the third party vendor, the Debtors, the Examiner and the Creditors' Committee, to issue a subpoena, pursuant to the Federal Rules of Civil Procedure, out of the federal court where such litigation is pending.

21.     Moreover, in the case of an objection to a party's discovery request, Paragraph 7(d) of the Proposed Order improperly shifts the burden to seek relief from the objecting party to the requesting party. Instead of requiring the objecting party to move before this Court or a court of competent jurisdiction in order to argue why a protective order or similar order is necessary, the Proposed Order requires the requesting party to file an application with this Court to address the reason for its document request. It is standard practice that parties who object to the disclosure of certain documents have the obligation to come forward with their objection in the first instance and move before this Court or a court of competent jurisdiction to prevent disclosure. This is consistent with the Federal Rules of Civil Procedure. Indeed, such an obligation was appropriately imposed on producing parties in connection with the Examiner's desire to publicly disclose his report.

22.     Additionally, the procedures outlined in Paragraph 7(d) of the Proposed Order should be modified to require the party requesting documents and the party who produced such documents to confer in an effort to resolve any objection to the document request or subpoena. Including such a provision in Paragraph 7(d) would require the parties to attempt to work out any objections prior to seeking court intervention.

23.     Further, the Lead Plaintiffs propose a more definitive timeline regarding the document request process. By including specific timeframes by which the parties must respond to requests for information or subpoenas and objections thereto, the parties will have a

better understanding of how and when the proposed discovery process will unfold.

24. It should also be noted that, in Paragraph 7(c) of the Proposed Order, the Examiner purports to provide the Debtors, the Examiner and the Creditors' Committee with standing to object to a party's request for documents from a producing party. The Lead Plaintiffs question whether such standing to object in these circumstances is appropriate.

25. Accordingly, Paragraph 7 of the Proposed Order should be revised as set forth in the Lead Plaintiffs' modified order.

**E. The Proposed Order Should Not Impact The Rights Of Parties In Interest To Seek Discovery in Separate Litigation.**

26. Except as set forth in Paragraph 3 of the Proposed Order with respect to the prohibition against seeking discovery from the Examiner, as well as the applicability of the automatic stay with regard to the Debtors, the Proposed Order should clarify that it does not impact a party's right to seek discovery in relation to any other party in connection with litigation pending in another court. In that regard, the Proposed Order should be limited to affecting discovery of documents maintained by the Examiner but transferred to the Debtor or a neutral vendor subsequent to the Examiner's discharge.

27. Accordingly, the Proposed Order should be revised to include Paragraph 8 of the Lead Plaintiffs' modified order, which states as follows:

> Nothing in this Order shall impact or any way preclude a party from seeking discovery from any other party except as to the Examiner in accordance with Paragraph 3 hereof and, in the case of the Debtors, subject to the automatic stay as applicable.

**F. The Lead Plaintiff Is Not A Party To The Referenced Confidentiality Agreements.**

28. Finally, the Lead Plaintiffs acknowledge that some parties, including the Debtors, produced documents to the Examiner subject to a confidentiality agreement or may claim a privilege with respect to certain documents. However, Lead Plaintiffs are not bound by any private agreement as to confidentiality or privilege between the Examiner and a producing

party. Because the Report was filed on the Court's docket, there is no reasonable basis to prevent parties in interest, such as Lead Plaintiffs, from requesting access to the underlying documents before they are rendered unavailable. The integrity of those documents must be maintained no matter who is the ultimate custodian and issues relating to privilege can be resolved if necessary before this Court or another court of competent jurisdiction.

29. Furthermore, the Lead Plaintiffs were involved in negotiations with the Examiner to ensure that the Lead Plaintiffs were not bound by unilateral claims of privilege. For example, the Lead Plaintiffs, on January 29, 2009, objected to the proposed stipulation and order (the "Stipulation") between the Examiner and the Debtors, relating to the Examiner's request for certain discovery materials, in part to the extent that the proposed Stipulation was potentially binding on third parties. *See* Docket No. 2683. In that regard, the Debtors and the Examiner agreed to include the following language in the Stipulation:

> This Stipulation shall not affect the rights of any third party to object, on grounds unrelated to the dissemination of such information to the Examiner, to the Debtors' assertion that any Shared Information may be subject to a privilege or otherwise protected from discovery. No determination made by the Court pursuant to this Stipulation that any Shared Information is subject to a privilege or otherwise protected from discovery shall be binding on any third party unless such party had an opportunity to be heard in connection with such determination.

*See* Stipulation, Docket No. 2775. Similar language was contained in other stipulated confidentiality agreements. Accordingly, the Lead Plaintiffs are not bound by third party confidentiality agreements and any issue relating to confidentiality or privilege that cannot be resolved by agreement between the relevant parties can be vetted in this Court or another court of competent jurisdiction where litigation is pending.

**WHEREFORE**, Lead Plaintiffs respectfully request that the Court incorporate the Lead Plaintiffs' modifications to the Proposed Order as outlined in Exhibits A and B hereto.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ *Michael S. Etkin*
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)
*Bankruptcy Counsel to Lead Plaintiffs*

-- and --

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Max Berger, Esq.
1285 Avenue of the Americas
New York, New York 10019
-- and --

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
David R. Stickney, Esq.
Elizabeth P. Lin, Esq.
12481 High Bluff Drive
Suite 300
San Diego, CA 92130
858.793.0070 (Telephone)
858.793.0323 (Facsimile)

-- and --

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
John A. Kehoe, Esq.
Benjamin J. Hinerfeld, Esq.
280 King of Prussia Road
Radnor, PA 19087
610.667.7706 (Telephone)

-10-

-11-

                                              610.667.7056 (Facsimile)

Dated: June 15, 2010
New York, New York