# EXHIBIT B

**(MARKED VERSION)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :    Case No. 08-13555 (JMP)
                                                            :
                              Debtors.                      :    (Jointly Administered)
------------------------------------------------------------x

## ORDER DISCHARGING EXAMINER
## AND GRANTING RELATED RELIEF

Upon consideration of the Motion of Anton R. Valukas, Bankruptcy Court Examiner, by and through his attorneys, Jenner & Block LLP, for an Order discharging him as Examiner, and after due deliberation and sufficient cause appearing,

IT IS ORDERED as follows:

1. The Motion is granted, the appointment of Anton R. Valukas is terminated; and the Examiner and his professionals are discharged from any further obligations, duties, or responsibilities except as otherwise set forth in this Order, including:

    a. If requested, the Examiner and his professionals may continue to provide such cooperation and assistance as he in his discretion deems appropriate to government agencies and the United States Trustee.

    b. If requested, the Examiner and his professionals may continue to provide such cooperation and assistance as he in his discretion deems appropriate to the Debtors.

    c. If other parties request cooperation or assistance from the Examiner and his professionals, the Examiner shall give written notice to counsel for the Debtors, Weil, Gotshal & Manges LLP, and the official committee of unsecured creditors appointed in these cases (the "Creditors' Committee"),

-2-

Milbank, Tweed, Hadley & McCloy LLP. The Debtors and the Creditors' Committee may, within ten business days of receipt of notice, object and seek an Order from the Court limiting the scope of the Examiner's response to such requests; in the absence of an objection within ten business days, the Examiner and his professionals may provide such cooperation and assistance as he in his discretion deems appropriate, **but will provide documents to the extent that they have previously been provided to any other party, governmental agency, the Office of the United States Trustee, the Debtors or the Creditors' Committee**.

d. The Examiner and his professionals shall perform any and all acts necessary to transition the maintenance of the CaseLogistix database of documents he has assembled to a neutral vendor as more fully described in paragraph 6 of this Order.

2. The Examiner and his professionals are released from any and all liability with respect to any act or omission, statement, or representation arising out of, relating to, or involving in any way, the investigation or any report, pleading, or other writing filed by the Examiner in connection with the bankruptcy cases, except in the case of gross negligence or willful misconduct.

3. The Examiner and his professionals are relieved from any formal or informal discovery process and no party shall issue or serve any discovery request upon the Examiner or his professionals, except as authorized (a) by this Court **or another Court of competent jurisdiction where litigation is pending,** upon notice to, and an opportunity to object by, the Examiner, the Debtors and the Creditors' Committee and demonstration by a party in interest that such materials or information cannot be **reasonably** obtained from any other source or for other cause shown, or (b) by an order of a federal district court presiding over a criminal proceeding in which a party in interest is a defendant

finding that the Examiner or his professionals are obliged to produce documents or other materials to said defendant under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), as embodied in subsequent caselaw and the Federal Rules of Criminal Procedure. The prohibition against discovery from the Examiner shall not prevent the discovery of information related to compensation applications filed by the Examiner or his professionals. The Examiner and his professionals shall maintain all materials currently in their possession related to their work on behalf of the Examiner until further Order of Court, **upon notice and an opportunity to be heard by parties in interest,** or until the closing of these Chapter 11 cases.

4. The Examiner and his professionals shall be entitled to reimbursement of any reasonable fees and expenses incurred (including professional fees and expenses) in connection with any cooperation, assistance, or transition services they provide pursuant to this Order or in objecting to, opposing, or otherwise responding to any request for discovery. To the extent that such fees and expenses do not exceed $150,000 per month, the Examiner and his professionals may submit invoices to the Debtors and the Creditors' Committee. Such invoices shall be reasonably detailed, shall indicate the nature of the services rendered and shall be calculated in accordance with the billing practices employed by the Examiner and his professionals in this case. The Debtors shall be authorized to pay such invoices without further order of the Court. In the event that the Debtors dispute any such invoice, the Examiner and his professionals may request, by motion, that such disputed fees or expenses be approved by this Court and shall not be required to file a fee application. In the event that fees and expenses exceed $150,000 in any month, a fee application shall be filed and considered in accordance with the procedures established in these cases. Nothing herein shall abrogate the

obligation of the Examiner and his professionals to file applications for final allowances of compensation and reimbursement of expenses incurred prior to the entry of this Order or limit the rights of any party in interest to contest such applications.

5. The Debtors shall continue to maintain the Stratify database of documents, **in its current format,** in the interests of the administration of the chapter 11 cases **until further Order of the Court, upon notice and an opportunity to be heard by parties in interest**.

6. The Examiner is authorized to work with the Debtors to negotiate a contract, for approval by the Court, between the Debtors and Epiq Bankruptcy Solutions LLC ("Epiq") or another comparable, neutral vendor, under which the selected vendor will take custody and maintenance of the documents contained in the CaseLogistix database assembled by the Examiner. The vendor's reasonable charges shall be paid by the Debtors as an administrative expense of the Debtors.

7. Parties in interest may request access to documents contained in the CaseLogistix database as follows:

    a. A document request must be served on counsel to the Debtors, the Examiner and the Creditors' Committee and forwarded to the vendor **or, in the case of litigation pending outside of the Bankruptcy Court, issuing a subpoena pursuant to Federal Rule of Civil Procedure 45 out of the court where such litigation is pending**. A document request **or subpoena** need not be filed with the Court.

    b. The vendor shall ~~promptly~~**, within twenty days of receiving a document request or a subpoena,** identify responsive documents by producing party. The vendor shall then provide notice ("Notice") to each identified producing party setting out the document request, the identity of the party

-4-

making the request **(the "Requesting Party")** and the specific documents that have been identified as responsive to the document request; the vendor shall provide the Debtors, the Examiner, the Creditors' Committee **and the Requesting Party** with a copy of the Notice that includes a schedule of responsive documents, but shall not attach or provide copies of any specific documents.

c. The Debtors, the Examiner, the Creditors' Committee and the producing party (collectively, the "Interested Parties") shall have ten business days from the date of Notice ~~to~~**(the "Objection Period") to informally** object to the document request and shall serve such objection on the ~~requesting party~~**Requesting Party** and the other Interested Parties with a copy to the vendor. An objection need not be filed with the Court.

d. If no timely objection is asserted, the vendor shall ~~promptly~~**within three days of the expiration of the Objection Period** make the requested documents available **to the Requesting Party** on a separate, publicly available platform. If a timely objection to the document request is asserted, the ~~requesting~~**objecting party or parties and the Requesting Party shall meet and confer in an effort to resolve the objection within five days of its assertion (the "Meet and Confer Period"). If the objecting party or parties and the Requesting Party cannot resolve the objection, the objecting** party may file an application with ~~the Court~~**this Court in the case of a document request or the court from which a subpoena was issued, within seven days of the expiration of the Meet and Confer Period,** on notice to, and with an opportunity to ~~object~~**respond** by, the Interested Parties in accordance with the case management order governing these cases **in the case of a document**

<u>request, or in the case of a subpoena, in accordance with the Federal Rules of Civil Procedure</u>.

8. <u>Nothing in this Order shall impact or in any way preclude a party from seeking discovery from any other party in any other court of competent jurisdiction except as to the Examiner in accordance with Paragraph 3 hereof and, in the case of the Debtors, subject to the automatic stay to the extent applicable.</u>

BY THE COURT:

_____
UNITED STATES BANKRUPTCY JUDGE

Dated: _____, 2010

Document comparison done by Workshare DeltaView on Friday, June 11, 2010 1:15:50 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://ROS-IWODMSCLSTR/DBIWOV/14516764/1 |
| Document 2 | interwovenSite://ROS-IWODMSCLSTR/DBIWOV/14516764/3 |
| Rendering set | LS1 (Full Text Deletions) |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 21 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 29 |