Douglas J. Pick, Esq.  
Eric C. Zabicki, Esq.  
**PICK & ZABICKI LLP**  
Counsel to JP Morgan Chase Bank, N.A.  
369 Lexington Avenue, 12th Floor  
New York, New York 10017  
(212) 695-6000  
dpick@picklaw.net  

Hearing Date:  July 14, 2010  
Time:  10:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
In re:  

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  

          Debtor.  
------------------------------------------------------------x  

Chapter 11 - Jointly Administered  
Case No. 08-13555 (JMP)  

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
## JP MORGAN CHASE BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY

JP Morgan Chase Bank, N.A. ("JP Morgan"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion (the "Motion") for relief from the automatic stay, and respectfully represents and alleges as follows:

### STATEMENT OF MATERIAL FACTS

On or about August 1, 2002, debtor BNC Mortgage, Inc. ("BNC") (Case No. 09-10137 (JMP)), loaned $216,000 to Brian L. McCrea ("McCrea") to purchase certain real property located at 8380 S. 2200 W., West Jordan, Utah 84088, and more particularly described as follows:

> Commencing 1315.5 feet South and 24.75 feet West from the East Quarter corner of Section 33, Township 2 South, Range 1 West, Salt Lake Meridian and running thence South 70.9 feet; thence West 307.2 feet; thence North 70.90 feet; tehnce East 307.2 feet to the point of beginning.

(the "Real Property"). *See* Affidavit of Preston Koerner (the "Koerner Aff.") at ¶ 6. A true and correct copy of the deed of trust is attached to the Koerner Aff. as *Exhibit "A"* and is incorporated herein by reference.

At closing, McCrea executed a trust deed and promissory note in the amount of $216,000 in favor of BNC, and thereby purported to give BNC a first position security interest in the Real Property. See Koerner Aff. at Ex. A. However, without telling, and unbeknownst to, BNC, sellers Jeff and Sharla Birschbach (the "Birschbachs") tendered $56,000 to buyer McCrea at closing to make it appear that McCrea had a $56,000 interest in the Real Property as a cash deposit; in reality, the Birschbachs and McCrea conspired together to execute a promissory note and record a trust deed in the amount of $56,000 in the real property records as a second lien which the Birschbachs now claim is a vendor's lien that pre-dates BNC's first position security interest. See Koerner Aff. at ¶ 7. A copy of the trust deed is attached to the Koerner Aff. as *Exhibit "B"* and is incorporated herein by reference.

After buyer McCrea failed to make payments as required by the deed of trust, lender BNC sent out due and adequate notice of default on July 14, 2005, as Entry No. 9432684, in Book 9159, at Page 2331, and BNC subsequently foreclosed the trust deed. On November 9, 2005, BNC sold the Real Property to Bank One, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation Amortizing Residential Collateral Trust Mortgage Pass-through Certificates, Series 2002-bc7 ("Bank One"). See Koerner Aff. at ¶ 8. A copy of the Trustee's Deed is attached to the Koerner Aff. as Exhibit "C" and is incorporated herein by reference. *From November 9, 2005, BNC has not held any interest in the Real Property.* See Koerner Aff. at ¶ 9.

JP Morgan is the trustee successor in interest to Bank One. See Koerner Aff. at ¶ 10. After JP Morgan acquired the Real Property, on December 20, 2005, the Birschbachs, as holder of an alleged vendor's lien ahead of JP Morgan, purported to foreclose their $56,000 trust deed. See

Koerner Aff. at ¶ 11. A copy of the trustee's deed is attached to the Koerner Aff. as *Exhibit "D"* and is incorporated herein by reference.

Thereafter, on January 18, 2006, the Birschbachs filed a lawsuit in the Third District Court, seeking a declaration from the court that their trust deed had priority over the BNC loan by virtue of the vendor's lien doctrine and to quiet title against JP Morgan, MERS, Inc, and BNC. *See Birschbach v. BNC Mortgage, et.al.*, Civil No. 060900901 (the "Utah Lawsuit"), a copy of the docket is attached to the Koerner Aff. as *Exhibit "E"* and a copy of the complaint is attached as *Exhibit "F"*. Both documents are incorporated herein by reference. See Koerner Aff. at ¶¶ 12-13. Although BNC transferred its rights, title, and claims to the Real Property before the Utah Lawsuit, the Birschbachs still named BNC as a party. *See* complaint, Koerner Aff., Ex. F. The Birschbachs have not sought monetary relief or alleged any claims for damages as their complaint seeks only to quiet title to the Real Property in their favor. *See* complaint, Koerner Aff., Ex. F.

JP Morgan answered and counterclaimed against the Birschbachs with several claims for relief, including loan fraud (and falsification of documents), conspiracy to defraud, declaratory judgment that there is no vendor's lien (among other things), and quiet title to the Real Property in favor of JP Morgan. See Koerner Aff. at ¶ 14. A copy of JP Morgan's answer is attached to the Koerner Aff. as Exhibit "G" and incorporated herein by reference. BNC also answered the Birschbachs' allegations and asserted no counterclaims or cross-claims. See Koerner Aff. at ¶ 15. A copy of BNC's answer is attached to the Koerner Aff. as *Exhibit "H"* and is incorporated herein by reference.

On January 9, 2009, BNC filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court (Case No. 09-10137 (JMP)) and

3

an Order for Relief was entered. the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). As a result, the Utah Lawsuit has been stayed as against BNC which has prevented JP Morgan from obtaining a hearing on pending motions and a final judgment in its quiet title counterclaim against the Birschbachs. See Koerner Aff. at ¶ 16. BNC's chapter 11 filing has also precluded JP Morgan from exercising its rights in the Real Property that it owns, thereby leaving it without adequate protection. See Koerner Aff. at ¶ 17.

With the automatic stay in effect, JP Morgan is being irreparably harmed in that the Real Property is being used or occupied by the Birschbachs and their assigns, even though the Real Property rightfully belongs to JP Morgan by virtue of BNC's prior foreclosure of the Real Property in November 2005, and the subsequent sale of the property to Bank One. The Birschbachs' continued use, occupancy, or possession of the Real Property constitutes irreparable harm to JP Morgan, since neither BNC nor the estate maintain any legal interest in the Real Property. Because JP Morgan is being irreparably harmed, any order issued by the above-captioned court should be effective immediately upon its entry. See Koerner Aff. at ¶ 18. The only potential impact to BNC's estate of permitting the Utah Lawsuit to proceed is a determination of the ownership in the Real Property. Modifying the stay will not subject BNC to any claims or potential liability, it would simply permit a declaration that BNC has no interest in the Real Property that it already conveyed in November 2005. See Koerner Aff. at ¶ 19.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, the "Standing Order of Referral of Cases to Bankruptcy Court Judges", dated July 10, 1984 (Ward, Acting C.J.). Consideration and the Confirmation Order. Consideration of this Application is a

core proceeding pursuant to 28 U.S.C. §157(b) and venue is proper before this Court pursuant to 28 U.S.C. §1409. The statutory predicates for the relief sought herein are §362(d)(1) and (d)(2) of the Bankruptcy Code.

## ARGUMENT

### I. THE AUTOMATIC STAY SHOULD BE TERMINATED FOR CAUSE.

JP Morgan respectfully submits that the automatic stay with regard to BNC's chapter 11 case should be terminated for "cause" pursuant to §362(d)(1) of the Bankruptcy Code.

First, BNC does not own the Real Property and has had no legal interest in it since November 2005. By foreclosing on the deed of trust, BNC cut off the borrower's interest and the Birschbach's subsequently recorded trust deed. JP Morgan acquired all of BNC's right, title, and interest in the Real Property at foreclosure, but the Birschbachs clouded JP Morgan's title by purporting to foreclose their after-recorded trust deed and filing the Utah Lawsuit to quiet title based upon the vendor's lien doctrine. Accordingly, regardless of whether the state court quiets title in the property in favor of the Birschbachs or JP Morgan, BNC will not be affected, because BNC no longer holds a legal interest or title in the Real Property to be quieted. On the other hand, JP Morgan has a cloud on title to its property, which cannot be removed while BNC's automatic stay is in place.

Second, BNC's bankruptcy is precluding JP Morgan from quieting title to the Real Property that it legally and lawfully owns. The automatic stay has halted all action in the state court action, while the Real Property is being used or occupied by the Birschbachs and their assigns, even though the Real Property rightfully belongs to JP Morgan. The Birschbachs' continued use, occupancy, or possession of the Real Property is depriving JP Morgan of its rights in the Real Property. JP Morgan is left without adequate protection and entitled to have the court terminate the automatic stay to

allow the state court action to move forward. *See* 11 U.S.C.A. §361(3) ("adequate protection may be provided by—...(3) granting such other relief...as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property").

Third, the court is to consider twelve factors when deciding whether to lift a stay so that litigation can continue to completion in another tribunal. *See In re Bogdanovich*, 292 F.3d 104, 110 (C.A.2 (N.Y.) 2002), *citing Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax*, 907 F.2d 1280, 1285-86 (2d Cir. 1990) ("(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for [a defense]; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) [the] impact of the stay on the parties and the balance of harms.") These factors weigh heavily in favor of providing relief from the stay. The state court action is one primarily between third parties, the Birschbachs and JP Morgan, and BNC is only tangentially involved as an entity that formerly held title to the Real Property. BNC is not involved in a fiduciary capacity, and the state court action does not prejudice the interests of any other creditors. JP Morgan's success in state court would only quiet title to the Real Property as against the Birschbachs, and the state court has over three years of

pleadings and history that needs to go to trial. Also, the stay is preventing the Birschbachs and JP Morgan from ending their multi-year dispute, while BNC literally sits in the state court action with no dog in the fight. Based upon these factors, the court should lift the stay for cause and allow the state court action to continue to completion.

## II. THE AUTOMATIC STAY SHOULD BE TERMINATED BECAUSE BNC HAS NO EQUITY IN THE REAL PROPERTY.

In addition to the foregoing, JP Morgan respectfully submits that the automatic stay should be terminated pursuant to §362(d)(2) of the Bankruptcy Code because the BNC has no equity in the Real Property and it is not necessary for an effective reorganization.

Under §362(d)(1)(A), it is clear that BNC has no equity in the Real Property because the company no longer holds any right, title, or interest in the property. After foreclosing on the deed of trust in November 2005, BNC conveyed all it had in the Real Property to JP Morgan. It is impossible for BNC to have equity in property which they do not own and in which they have had no interest since November 2005.

In addition, the Real Property is not necessary for an effective reorganization. BNC does not own the Real Property and is not deriving any income or economic benefit from the property. BNC does not have any counterclaims or cross-claims pending in the state court action, and regardless of whether the court quiets title in favor of JP Morgan or the Birschbachs, BNC will receive no economic advantage. Moreover, Debtor has the burden of showing that the Real Property is necessary to an effective reorganization, which requires a showing that "the property is essential for an effective reorganization that is in prospect." *See In re Pegasus Agency, Inc.*, 101 F.3d 882, 886 (2d Cir. (N.Y.) 1996), *citing United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365,

7

376, 108 S.Ct 626, 633 (1988). BNC cannot make this showing because it owns no right, title, or interest in the Real Property, and quieting title to the Real Property through the state court action will not affect the reorganization of BNC. Under these circumstances, the court should lift the automatic stay and allow JP Morgan to pursue its quiet title action in state court.

### III. THE AUTOMATIC STAY SHOULD BE TERMINATED BECAUSE BNC HAS NO CLAIMS OR EXPOSURE IN THE STATE COURT PROCEEDING.

The automatic stay should be terminated because BNC has no claims in the underlying state court action and no exposure to liability. The state court Plaintiff seeks only to quiet title and BNC already conveyed all its right, title, and interest to the Real Property. BNC has no remaining interest that needs to be quieted. Also, none of the other parties to the litigation have a claim against BNC,

### CONCLUSION

For the foregoing reasons, JP Morgan respectfully requests that the Motion be granted in its entirety and that the Court grant JP Morgan such other and further relief as it may deem just and proper.

Dated: New York, New York
       June 7, 2010

                **PICK & ZABICKI LLP**
                Counsel to JP Morgan Chase Bank, N.A.

By: _____
      Eric C. Zabicki, Esq.
      369 Lexington Avenue, 12th Floor
      New York, New York 10017
      (212) 695-6000