Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to JP Morgan Chase Bank, N.A.
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
dpick@picklaw.net

**Hearing Date:  July 14, 2010**
**Time:    10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:
LEHMAN BROTHERS HOLDINGS INC.,

Chapter 11
Case No. 08-13555 (JMP)

Debtor.

--------------------------------------------------------x

## AFFIDAVIT OF PRESTON KOERNER IN SUPPORT OF MOTION OF
## JP MORGAN CHASE BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY

STATE OF UTAH        )
                     )   ss.
COUNTY OF SALT LAKE  )

Preston D. Koerner, of Terry Jessop & Bitner, being first duly sworn, deposes and states that:

1.    I am a resident of Salt Lake County, State of Utah.

2.    I am a member of the Utah State Bar in good standing and qualified to practice law

in the State of Utah.

3.    The law firm of Terry Jessop & Bitner ("TJB") represents JP Morgan Chase Bank,

N.A., Trustee Successor in Interest to Bank One, N.A. ("JP Morgan") in *Birschbach v. BNC*

*Mortgage, et.al.*, Civil No. 060900901, currently pending before Judge Glenn K. Iwasaki in the

Third Judicial District Court of Salt Lake County of the Salt Lake Department (the "Utah Lawsuit").

4.    TJB entered its appearance as counsel in this case on March 27, 2006, and the Utah

Lawsuit has been ongoing since the same.

5.    As a TJB attorney working on the Utah Lawsuit for JP Morgan, I have personal knowledge of the facts and circumstances of the Utah Lawsuit, as well as the documents and pleadings relevant to the facts and circumstances of the Utah Lawsuit.

6.    Attached as Exhibit "A" is a true and correct copy of a deed of trust executed on or about August 1, 2002, evidencing a loan in the amount of $216,000 from BNC Mortgage, Inc., a Delaware Corporation ("BNC") to Brian L. McCrea ("McCrea") to purchase the real property located at 8380 S. 2200 W., West Jordan, Utah 84088, more particularly described as follows:

> Commencing 1315.5 feet South and 24.75 feet West from the East Quarter corner of Section 33, Township 2 South, Range 1 West, Salt Lake Meridian and running thence South 70.9 feet; thence West 307.2 feet; thence North 70.90 feet; tehnce East 307.2 feet to the point of beginning.

(the "Real Property").

7.    Attached as Exhibit "B" is a true and correct copy of a deed of trust evidencing a loan in the amount of $56,000 from sellers Jeff and Sharla Birschbach (the "Birschbachs") to buyer McCrea. Without telling and unbeknownst to BNC, the Birschbachs tendered $56,000 to buyer McCrea at closing to make it appear that McCrea had a $56,000 interest in the Real Property as a cash deposit; in reality, the Birschbachs and McCrea conspired together to execute a promissory note and record a trust deed in the amount of $56,000 in the real property records as a second lien which the Birschbachs claim (in the Utah Lawsuit) is a vendor's lien that pre-dates BNC's first position security interest.

8.    Attached as Exhibit "C" is a true and correct copy of a trustee's deed evidencing BNC's sale of the Real Property after McCrea's default for nonpayment to Bank One, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation Amortizing

2

Residential Collateral Trust Mortgage Pass-through Certificates, Series 2002-bc7 ("Bank One, N.A.").

9.      From November 9, 2005, BNC has not held any interest in the Real Property.

10.     JP Morgan is the trustee successor in interest to Bank One, N.A.

11.     Attached as Exhibit "D" is a true and correct copy of a trustee's deed evidencing the Birschbach's purported foreclosure of the $56,000 trust deed in favor of themselves.

12.     Attached as Exhibit "E" is a true and correct copy of the court docket for all filings and pleadings in the Utah Lawsuit.

13.     Attached as Exhibit "F" is a true and correct copy of the complaint filed by the Birschbachs against JP Morgan, BNC, and MERS, Inc., seeking to quiet title to the Real Property in favor of the Birschbachs.

14.     Attached as Exhibit "G" is a true and correct copy of JP Morgan's answer and counterclaim against the Birschbachs with several claims for relief, including loan fraud (and falsification of documents), conspiracy to defraud, declaratory judgment that there is no vendor's lien (among other things), and quiet title to the Real Property in favor of JP Morgan.

15.     Attached as Exhibit "H" is a true and correct copy of BNC's answer to the Birschbach's complaint with no counterclaims or cross-claims.

16.     With the quiet title action pending in the Utah Lawsuit, on January 9, 2009, BNC commenced a voluntary case under chapter 11 of the Bankruptcy Code with this Court.  BNC's bankruptcy filing halted all activity in the Utah Lawsuit.

17.     BNC's bankruptcy petition has prevented JP Morgan from obtaining a hearing on pending motions and a final judgment in its quiet title counterclaim against the Birschbachs.  The

bankruptcy is also precluding JP Morgan from exercising its rights in the Real Property that it owns, thereby leaving it without adequate protection.

18.    With the automatic stay in effect, JP Morgan is being irreparably harmed in that the Real Property is being used or occupied by the Birschbachs and their assigns, even though the Real Property rightfully belongs to JP Morgan by virtue of BNC Mortgage's prior foreclosure of the property in November 2005, and the subsequent sale of the property to Bank One, N.A.  The Birschbachs' continued use, occupancy, or possession of the Real Property constitutes irreparable harm to JP Morgan, since neither BNC nor the estate maintain any legal interest in the Real Property. Because JP Morgan is being irreparably harmed, any order issued by the above-captioned court should be effective immediately upon its entry.

19.    The only impact of JP Morgan's relief is ownership.  Terminating the stay will not subject BNC to any claims or liability, it would simply declare that BNC has no interest in the Real Property that BNC already conveyed in November 2005.

20.    JP Morgan is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to prevent irreparable harm and loss or damage to this secured creditor's claim and to allow JP Morgan to exercise its rights and remedies as to the Real Property by finishing the Utah Lawsuit.

Further affiant saith not.

[Notarized signature on next page]

4

DATED this 2nd day of June, 2010.

Preston D. Koerner

Subscribed, sworn to, and acknowledged before me this 2nd day of June, 2010 by Preston D. Koerner, signer of the above instrument, who duly acknowledged to me that he executed the same.

Notary Public

NOTARY PUBLIC
SANDRA D. TILLER
Commission No. 575827
Commission Expires
SEPTEMBER 12, 2012
STATE OF UTAH

5

# EXHIBIT A

83773090307200608502935[1] [file://C:\Documents and Settings\mpette\local Settings\Temporary Internet Files\Content.IE5\GD9E7P3\8317309030720Page 1 of 20

Return To:

BNC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

Prepared By:

8317309
08/08/2002 04:50 PM 48.00
Book - 8630 Pg - 8792-8811
GARY W. OTT
RECORDER, SALT LAKE COUNTY, UTAH
EQUITY TITLE
BY: EHR, DEPUTY - WI 20 P.

——————————[Space Above This Line For Recording Data]——————————

# DEED OF TRUST

MIN 100122200000159217

Loan No.: SLC3988MCCR

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is datedAugust 1, 2002
together with all Riders to this document.
(B) "Borrower" is BRIAN L. MCCREA.

Borrower is the trustor under this Security Instrument.
(C) "Lender" is BNC MORTGAGE, INC., A DELAWARE CORPORATION

Lender is a corporation
organized and existing under the laws of Delaware

UTAH-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS    Form 3045  1/01

-6A(UT) (0005).01
Page 1 of 15                    Initials:

VMP MORTGAGE FORMS - (800)521-7291

BK8630PG8792

8317309030720060850299935[1] [file://C:\Documents and Settings\mpettey\local Settings\Temporary Internet Files\Content.IE5\GD9E7P3\8317309030720Page 2 of 20

Lender's address is **P.O. BOX 19656, IRVINE, CA 92623-9656**

(D) "Trustee" is FIRST AMERICAN TITLE OF UTAH

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated **August 1, 2002**
The Note states that Borrower owes Lender **two hundred sixteen thousand and 00/100**
Dollars
(U.S. $ **216,000.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **August 1, 2032**

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [x] Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | [x] 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

BK8630PG8793

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C,F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants, conveys and warrants to Trustee, in trust, with power of sale, the following described property located in the COUNTY                    [Type of Recording Jurisdiction]
of SALT LAKE, UTAH                    [Name of Recording Jurisdiction]:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HERETO AS EXHIBIT A.

Tax Serial Number:                              which currently has the address of
8380 SOUTH 2200 WEST                                                [Street]
WEST JORDAN                          [City], Utah   84088          [Zip Code]
("Property Address"):

        TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

-6A(UT) (0005).01                Page 3 of 15        Initials:             Form 3045   1/01

83173090307200608502935[1] [file://C:\Documents and Settings\mpettey\local Settings\Temporary Internet Files\Content.IE5\GD9E7P3\831730903072Page 14 of 20

**25. Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                          BRIAN L. MCCREA                -Borrower


_____


                                          _____ (Seal)
                                                                         -Borrower


_____ (Seal)   _____ (Seal)
                      -Borrower                                          -Borrower


_____ (Seal)   _____ (Seal)
                      -Borrower                                          -Borrower


_____ (Seal)   _____ (Seal)
                      -Borrower                                          -Borrower

-6A(UT) (0005).01                    Page 14 of 15                    Form 3045  1/01

BK8630PG8805

83473090307200608502993S[1] [file://C:\Documents and Settings\mpettey\local Settings\Temporary Internet Files\Content.IE5\GD9E7P3\831730903072!Page 15 of 20

STATE OF UTAH,    Salt Lake    County ss:

The foregoing instrument was subscribed and sworn to and acknowledged before me this 1st of
by BRIAN L. MCCREA    august 2002

My Commission Expires:

Notary Public
WENDY EVERTSEN
4000 Canyons Resort Dr. #E
Park City, Utah 84098
My Commission Expires
November 20, 2002
STATE OF UTAH

_Wendy Evertsen_
Notary Public
Residing at:

-6A(UT) (0005).01    Page 15 of 15    Initials: _BLM_    Form 3045   1/01

BK8630PG8806

831730903072006085029935[1] [file://C:\Documents and Settings\mpettey\local Settings\Temporary Internet Files\Content.IE5\GD9E7P3\831730903072\Page 20 of 20

Commencing 1315.5 feet South and 24.75 feet West from the East Quarter corner of Section 33, Township 2 South, Range 1 West, Salt Lake Meridian and running thence South 70.9 feet; thence West 307.2 feet; thence North 70.90 feet; thence East 307.2 feet to the point of beginning.

Excepting therefrom any portion lying within the bounds of 2200 West Street.

BK8630PG881

**EXHIBIT B**

8318249030720060851454S0[1] [file://C:\Documents and Settings\mpettey\local Settings\Temporary Internet Files\Content.IE5\P1IXU0KO\8318249030720Page 1 of 2

WHEN RECORDED, MAIL TO:
JEFF BIRSCHBACH
4723 West LoneViewCt·
WEST JORDAN, UT. 84088

8318249
08/09/2002 04:38 PM **12.00**
Book - 8631 Pg - 3755-3756
GARY W. OTT
RECORDER, SALT LAKE COUNTY, UTAH
EQUITY TITLE
BY: KCC, DEPUTY - WI 2 P.

8318249

_Space Above This Line for Recorder's Use_

# TRUST DEED

THIS TRUST DEED is made this 1st day of August, 2002, between BRIAN L. MCCREAS , as Trustor, whose address is  8380 SOUTH 2200 WEST, WEST JORDAN, UTAH  84088 , EQUITY TITLE COMPANY, as Trustee, and  JEFF BIRSCHBACH AND SHARLA BIRSCHBACH, as Beneficiary.

Trustor hereby CONVEYS AND WARRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE, the following described property situated in SALT LAKE County, Utah:

See Attached Exhibit "A"

ACCOMMODATION. RECORDING ONLY. EQUITY TITLE INSURANCE AGENCY, INC. MAKES NO REP-RESENTATION AS TO CONDITION OF TITLE, NOR DOES IT ASSUME ANY RESPONSIBILITY FOR VALIDITY, SUFFICIENCY OR EFFECTS OF DOCUMENT.

Together with all buildings, fixtures and improvements thereon and all water rights, rights of way, easements, rents, issues, profits, income, tenements, hereditament, privileges and appurtenances thereunto now or hereafter used or enjoyed with said property, or any part thereof;
FOR THE PURPOSE OF SECURING payment of the indebtedness evidenced by a promissory note of even date herewith, in the principal sum of $ 56,000.00 payable to the order of Beneficiary at the times, in the manner and with interest as therein set forth, any payment of any sums expended or advanced by Beneficiary to protect the security hereof.
Trustor agrees to pay all taxes and assessments on the above property, to pay all charges and assessments on water or water stock used on or with said property, not to commit waste, to maintain adequate fire insurance on improvements on said property, to pay all costs and expenses of collection (including Trustee's and attorney's fees in event of default in payment of the indebtedness secured hereby and to pay reasonable Trustee's fees for any of the services performed by Trustees hereunder, including a reconveyance hereof.
The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder by mailed to him at the address hereinbefore set forth.

BRIAN L. MCCREA

STATE OF  UTAH            }
                          } ss          ACCOMMODATION
COUNTY OF  SALT LAKE      }

The foregoing instrument was acknowledged before me the 1st day of August, 2002 by

_Wendy Evertson_
Notary Public

My Commission Expires
Notary Public
WENDY EVERTSEN
4000 Canyons Resort Dr. #E
Park City, Utah 84098
My Commission Expires
November 20, 2002
STATE OF UTAH

BK 8631 PG 3755

83182490307200608514545O[1] (file://C:\Documents and Settings\mpette\local Settings\Temporary Internet Files\Content.IE5\P1IXU0KO\83182490307200Page 2 of 2

# Exhibit A

Order Number:  2123405

Commencing 1315.5 feet South and 24.75 feet West from the East Quarter corner of Section 33,
Township 2 South, Range 1 West, Salt Lake Meridian and running thence South 70.9 feet; thence West
307.2 feet; thence North 70.90 feet; thence East 307.2 feet to the point of beginning.

Excepting therefrom any portion lying within the bounds of 2200 West Street.

ACCOMMODATION

BK8631PG3756

# EXHIBIT C

9551911103072006085128450[1] [file://C:\Documents and Settings\mpettey\Local Settings\Temporary Internet Files\Content.IE5\02J6YBBH\9551911030 7200Page:1 of 3

9551911

When recorded mail to:

OCWEN LOAN SERVICING, LLC
12650 INGENUITY DRIVE
ORLANDO, FL 32826

9551911
11/14/2005 8:55:00 AM $14.00
Book - 9216 Pg - 3504-3506
Gary W. Ott
Recorder, Salt Lake County, UT
INWEST TITLE SERVICES
BY: eCASH, DEPUTY - EF 3 P.

85403 - 5200080

## TRUSTEE'S DEED

T.S. NO. 1073436-07          LOAN NO. 31756737          APN. 21-33-435-007

JAMES H. WOODALL, Successor Trustee under a Deed of Trust executed by
BRIAN L. MCCREA Trustors, to secure certain obligations in favor of MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR BNC
MORTGAGE, INC., A DELAWARE CORPORATION

and filed for record on August 8, 2002, as Entry No. 8317309, in Book 8630 at Page 8792, of the
official records of Salt Lake County, State of Utah, after the recording of a Notice of Default on
July 14, 2005, as Entry No. 9432684, in Book 9159, at Page 2331

of the official records of said County; and a copy of such Notice of Default with the date of
recordation shown thereon having been mailed by Certified Mail, postage prepaid within ten (10)
days after recordation, to each person entitled to receive a copy of said Notice; and three (3)
months having thereafter lapsed, and then the Trustee having given written notice of the time
and place of the Trustee's Sale, particularly describing the property to be sold, by publication of
such Notice at least three (3) times, once a week for three (3) weeks consecutive weeks, the last
publication having been at least ten (10) days but not more than thirty (30) days prior to the sale,
in a newspaper having general circulation in the County in which the property is situated, and by
posting such Notice at least twenty (20) days before the date of sale in a conspicuous place on the
property to be sold, and also, in three public places in the precinct or city in which the property is
situated; and the Trustee, having mailed a copy of said written Notice by Certified Mail, postage
prepaid, at least twenty (20) days before the date of sale to those persons entitled thereto;

and the sale, having been held on November 9, 2005 at 11:30 a.m. at the time and place
designated in the Notice of Sale, which was held between 9:00 a.m. and 5:00 p.m., at the
Courthouse of the County in which the property is situated; and the property having been sold by
the Trustee at public auction to the highest bidder for $190,766.57 and the price bid therefore
having been received by the Trustee; and the Trustee hereby conveys to

BANK ONE, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE
STRUCTURED ASSET SECURITIES CORPORATION AMORTIZING RESIDENTIAL
COLLATERAL TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-
BC7, as Grantee, whose address is:

BK 9216 PG 3504

08-13555-mg   Doc 9565-2   Filed 06/15/10   Entered 06/15/10 13:15:11   Affidavit in
Support of Motion Exhibits A Throuh H   Pg 18 of 52
9551911030720060085128450[1] [file://C:\Documents and Settings\mpettey\local Settings\Temporary Internet Files\Content.IE5\02J6YBBH\9551911030720000Page 2 of 3

**TRUSTEE'S DEED**

T.S. NO. 1073436-07
LOAN NO. 31756737

OCWEN LOAN SERVICING, LLC
12650 INGENUITY DRIVE
ORLANDO, FL 32826

for valuable consideration, all of the Trustee's right, title interest and claim of the Trustor and his successors-in-interest and of all persons claiming by, through or under them, in and to the within described property, including all such right, title, interest and claim in and to such property acquired by the Trustor or his successors-in-interest subsequent to the execution of the Trust Deed. Said property is described more particularly, to-wit:

COMMENCING 1315.5 FEET SOUTH AND 24.75 FEET WEST, MORE COMPLETELY DESCRIBED IN ATTACHED EXHIBIT "A"

DATED this _10_ day of November 2005

JAMES H. WOODALL, TRUSTEE

STATE OF UTAH      )
                   : ss.
SALT LAKE COUNTY   )

The foregoing instrument was acknowledged before me this _10_ day of November 2005 by JAMES H. WOODALL in his authorized capacity.

Notary Public
CINDY HANSEN
10653 River Front Parkway, Ste. 290
South Jordan, Utah 64095
My Commission Expires
June 1, 2007
State of Utah

NOTARY PUBLIC

BK 9216 PG 3505

08-13555-mg    Doc 9565-2    Filed 06/15/10    Entered 06/15/10 13:15:11    Affidavit in
Support of Motion Exhibits A Throuh H    Pg 19 of 52
9551911030720060851284450[1] [file://C:\Documents and Settings\mpettey\local Settings\Temporary Internet Files\Content.IE5\02J6YBBH\9551911030720O Page 3 of 3

TS # 1073436-07

Commencing 1315.5 feet South and 24.75 feet West from the East Quarter corner of Section
33, Township 2 South, Range 1 West, Salt Lake Meridian and running thence South 70.8 feet;
thence West 307.2 feet; thence North 70.80 feet; thence East 307.2 feet to the point of
beginning.

Excepting therefrom any portion lying within the bounds of 2208 West Street.

BK 9216 PG 3506

# EXHIBIT D

9587741030720060085203403[1] [file://C:\Documents and Settings\mpettey\Local Settings\Temporary Internet Files\Content.IE5\02J6YBBH\9587741030720  Page 1 of 3

9587741

9587741
12/20/2005 02:59 PM $14.00
Book - 9232 Pg - 7241-7243
GARY W. OTT
RECORDER, SALT LAKE COUNTY, UTAH
TITLE & ESCROW INS AGCY
5250 S COMMERCE DR STE 101
MURRAY UT 84107
BY: ARG, DEPUTY - WI 3 P.

After recording, mail to:
· Title & Escrow Insurance Agency, Inc.
5250 S. Commerce Dr. STE 101
Murray, UT 84107
File No.

<u>TRUSTEE'S DEED</u>

THIS INDENTURE made this 20th day of December, 2005, between Title &
Escrow Insurance Agency, Inc., the Trustee and Grantor, Jeff Birschbach and Sharla
Birschbach, husband and wife, as joint tenants as Grantee.

In consideration of Ten Dollars and other valuable consideration received, the
Trustee and Grantor hereunder hereby conveys, without warranty, express or implied, to
Grantee the following described real property situated in Salt Lake County, Utah:

SEE EXHIBIT "A"

## RECITALS

A.     This Conveyance is made pursuant to the powers conferred on Grantor by:

1.     That TRUST DEED dated August 1, 2002, executed by Brian L.
Mccrea, Trustor, to Jeff Birschbach and Sharla Birschbach Beneficiary, recorded
August 9, 2002, as Entry No. 8318249, in Book 8631, at Page 3755, of the official
records of the Salt Lake County Recorder, conveying the property described
above as security for the promissory note and other obligations as set forth in the
Deed of Trust.

B.     After satisfaction of the conditions authorizing this conveyance specified
in said Deed of Trust and by law, as follows:

1.     Breach and default occurred under the provisions of the Deed of
Trust in the manner set forth in the Notice of Default referred to below, such
default continuing until time of sale.

2.     The holder of the note secured by said Deed of Trust and
Beneficiary under same, caused the Trustee to execute a written Notice of Default
and of election to sell, which notice was duly recorded in the official records of
Salt Lake County, Utah. All the terms of the Notice of Default are incorporated
herein by this reference.

3.     Not later than ten days after said Notice of Default was recorded,
the Trustee duly mailed or otherwise provided in the manner required, all copies
of such notice required under the Deed of Trust or by law, including notice to the
Trustor at its proper address and to all who properly filed for record Requests for
Notice.

BK 9232 PG 7241

95877410307200608520340311[1](file://C:\Documents and Settings\mpettey\local Settings\Temporary Internet Files\Content.IE5\02J6YBBH\95877410307200)Page 2 of 3

4.    The Trustee, in consequence of the foregoing and of the passage of at least three months after said Notice of Default was recorded, executed its Notice of Sale declaring the time and place of sale and particularly describing the property and setting out the conditions of sale; and gave such notice of sale as follows:

a. By posting such notice at least twenty days prior to the date of sale in a conspicuous place on the property to be sold and in at least three public places of the city or county in which the property to be sold is situated.

b. By publishing such notice in a newspaper of general circulation in the County, three times once a week for three consecutive weeks the last publication occurring at least ten days and not more than thirty days prior to the day of sale: and

c. By mailing copies of such notice, at least twenty days prior to sale, to those having the right to receive them under the Deed of Trust and by law, including the Trustors thereunder.

5.    At the time and place of sale specified above, the Trustee duly sold at public auction to grantee, the highest bidder, the above describe property, which bid has been received by the Trustee and applied on the obligation secured as required by law and the provisions of the Deed of Trust.

6.    All other applicable Utah statutory provisions or Deed of Trust terms have been complied with as to acts to be performed and notice to be given.

Title & Escrow Insurance Agency, Inc.,
Trustee and Grantor

By: Gregory P. Hawkins, the attorney and
authorized Signator for Trustee and Grantor

State of Utah        )
                           :ss.
County of Salt Lake  )

On the __80__ day of December, 2005, personally appeared before me, Gregory P. Hawkins the attorney and authorized Signator Title & Escrow Insurance Agency, Inc., the Trustee and Grantor named above, who duly acknowledged that he executed the above instrument.

**CHARITY H DODSON**
NOTARY PUBLIC • STATE of UTAH
13547 S REDWOOD ROAD
RIVERTON UT 84065
MY COMMISSION EXPIRES: 12-09-2006

Notary Public

BK 9232 PG 7242

95877410307200608520340³[1] [file://C:\Documents and Settings\mpetley\local Settings\Temporary Internet Files\Content.IE5\02J6YBBH\95877410307200Page 3 of 3

Exhibit "A"

Commencing 1315.5 feet South and 24.75 feet West from the East Quarter corner of Section 33,
Township 2 South, Range 1 West, Salt Lake Meridian and running thence South 70.9 feet; thence
West 307.2 feet; thence North 70.90 feet; thence East 307.2 feet to the point of beginning.

Parcel No. 21-33-435-007

# EXHIBIT E

```
                    3RD DISTRICT COURT - SALT LAKE
                    SALT LAKE COUNTY, STATE OF UTAH

                JEFF BIRSCHBACH vs.   BNC MORTGAGE INC

CASE NUMBER 060900901 Property Rights
```

CURRENT ASSIGNED JUDGE
        GLENN K IWASAKI

PARTIES

        Defendant -  JP MORGAN CHASE BANK
        Represented by: RICHARD C TERRY
        Represented by: CHRISTOPHER G JESSOP

        Plaintiff - JEFF BIRSCHBACH
        Represented by: BLAKE S ATKIN
        Represented by: BRENNAN H MOSS

        Plaintiff - SHARLA BIRSCHBACK
        Represented by: BRENNAN H MOSS

        Defendant - BNC MORTGAGE INC
        Represented by: ROBERT J DALE
        Represented by: BRADLEY L TILT

        Defendant - MORTGAGE ELECTRONIC REEGISTRAT

        Defendant - BANK ONE NA
        Represented by: DANIEL D HEATON
        Represented by: ROD N ANDREASON

ACCOUNT SUMMARY

        TOTAL REVENUE  Amount Due:         712.50
                       Amount Paid:        712.50
                            Credit:          0.00
                           Balance:          0.00


        REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S
                       Amount Due:         155.00
                       Amount Paid:        155.00
                     Amount Credit:          0.00
                           Balance:          0.00

        REVENUE DETAIL - TYPE: COUNTER 10K-MORE
                       Amount Due:         105.00
                       Amount Paid:        105.00
```

Printed: 11/10/09 09:09:06          Page 1

CASE NUMBER 060900901 Property Rights

```
                    Amount Credit:        0.00
                         Balance:         0.00

        REVENUE DETAIL - TYPE: COPY FEE
                    Amount Due:           1.50
                    Amount Paid:          1.50
                    Amount Credit:        0.00
                         Balance:         0.00

        REVENUE DETAIL - TYPE: 3RD PRTY CMPLT 10K +
                    Amount Due:         105.00
                    Amount Paid:        105.00
                    Amount Credit:        0.00
                         Balance:         0.00

        REVENUE DETAIL - TYPE: COUNTER 10K-MORE
                    Amount Due:         105.00
                    Amount Paid:        105.00
                    Amount Credit:        0.00
                         Balance:         0.00

        REVENUE DETAIL - TYPE: COPY FEE
                    Amount Due:           0.75
                    Amount Paid:          0.75
                    Amount Credit:        0.00
                         Balance:         0.00

        REVENUE DETAIL - TYPE: COPY FEE
                    Amount Due:         102.25
                    Amount Paid:        102.25
                    Amount Credit:        0.00
                         Balance:         0.00

        REVENUE DETAIL - TYPE: COPY FEE
                    Amount Due:           1.75
                    Amount Paid:          1.75
                    Amount Credit:        0.00
                         Balance:         0.00

        REVENUE DETAIL - TYPE: COPY FEE
                    Amount Due:         136.25
                    Amount Paid:        136.25
                    Amount Credit:        0.00
                         Balance:         0.00
```

CASE NOTE


PROCEEDINGS

CASE NUMBER 060900901 Property Rights

---

```
01-18-06 Case filed
01-18-06 Judge GLENN K IWASAKI assigned.
01-18-06 Filed: Complaint   No Amount
01-18-06 Fee Account created        Total Due:        155.00
01-18-06 COMPLAINT - NO AMT S       Payment Received:           155.00
            Note: Code Description: COMPLAINT - NO AMT S
03-01-06 Filed: Answer and counterclaim of JP Morgan Chase Bank, N. A.
            as trustee successor in interest to Bank One, N.A.
                    BANK ONE NA

03-06-06 Filed: Counter 10K-MORE
03-06-06 Fee Account created        Total Due:        105.00
03-06-06 COUNTER 10K-MORE           Payment Received:           105.00
            Note: Code Description: COUNTER 10K-MORE
03-09-06 Fee Account created        Total Due:          1.50
03-09-06 COPY FEE                   Payment Received:             1.50
            Note: 10.00 cash tendered.       8.50 change given.
03-23-06 Filed: Notice of Withdrawal
03-23-06 Filed: Response to counterclaim
03-23-06 Filed: Motion for summary judgment
03-23-06 Filed: Memorandum in support of motion for summary judgment
03-23-06 Filed: Affidavit of Jeff Birschbach
03-27-06 Filed: Notice of appearance of counsel Richard Terry and
            Christopher Jessop for JP Morgan Chase Bank
04-11-06 Filed: Rule 56(f) Motion to Continue Plaintiffs' Motion for
            Summary Judgment
04-11-06 Filed: Memorandum in Support of Rule 56(f) Motion to Continue
            Plaintiffs' Motion for Summary Judgment
04-11-06 Filed: Affidavit of Christopher G. Jessop in Support of Rule
            56(f) Motion to Continue Plaintiffs' Motion for Summary
            Judgment
04-14-06 Filed: Notice of records deposition (BNC Mortgage Inc.)
04-17-06 Filed: Memorandum in Opposition to Rule 56(f) Motion to
            Continue Plaintiffs' Motion for Summary Judgment
04-25-06 Filed: Motion to Strike Portiions of The Affidavit of Jeff
            Birschbach
04-25-06 Filed: Memorandum in Support of Motion to Strike Portions of
            the Affidavit of Jeff Birschbach
04-25-06 Filed: Reply Memorandum in Support of Rule 56(f) Motion to
            Continue Plaintiffs' Motion for Summary Judgment
04-28-06 Filed return: Proof of service (BNC MORTGAGE and  BANK ONE) and
            by mail
                    Party Served: BNC MORTGAGE INC
                    Service Type: Personal
                    Service Date: January 24, 2006
04-28-06 Filed return: Proof of service (MORTGAGE ELECTRONIC SYSTEMS)
            registered agent
                    Party Served: MORTGAGE ELECTRONIC REEGISTRAT
```

CASE NUMBER 060900901 Property Rights

                    Service Type: Personal
                    Service Date: March 29, 2006
05-03-06 Filed: Objection to default judgment against BNC Mortgage, Inc.
         and Mortgage Electronic Registration Systems, Inc.
05-04-06 Notice - NOTICE for Case 060900901 ID 6614242
         We are unable to enter the default judgment/certificate in this
         case for the following reasons:

         See reason below

         Notes: **OBJECTION TO DEFAULT FILED MAY 3, 2006** PLEASE FILE A
         REQUEST FOR DECISION AND RESUBMIT YOUR DOCUMENTS PER RULE 7.



         Date: _____         _____

              .                      .      District Court Clerk

05-12-06 Filed: Response to objections to default judgment against BNC
         Mortgage, Inc. and Mortgage Electronic Registration Systems,
         Inc.
05-12-06 Filed: Memorandum in opposition to motion to strike portions of
         the affidavit of Jeff Birschbach
05-12-06 Filed: REQUEST TO SUBMIT FOR DECISION (plaintiff's request
         motion for summary judgment & defendants rule 56(f) motion to
         continue filed 3/20/2006)
05-12-06 Filed: Certificate of service (mailed objection to Gregory
         Hawkins)
05-16-06 Notice - NOTICE for Case 060900901 ID 6625383
         We are unable to enter the default judgment/certificate in this
         case for the following reasons:

         See reason below

         Notes: **OBJECTIONS TO THE DEFAULT**please resubmit with a REQUEST
         FOR DECISION **BASED UPON THE OBJECTIONS. thank you.



         Date: _____         _____

                                           District Court Clerk

05-22-06 Filed: Reply memorandum in support of motion to strike portions
         of the affidavit of Jeff Birschbach
05-22-06 Filed order: Minute Entry-Deft's Rule 56(f) Motion to Continue



Printed: 11/10/09 09:09:07         Page 4

CASE NUMBER 060900901 Property Rights

08-13555-mg    Doc 9565-2    Filed 06/15/10    Entered 06/15/10 13:15:11    Affidavit in
Page 5 of 9
Support of Motion Exhibits A Throuh H    Pg 29 of 52

```
              Plaintiffs' Motion for Summary Judgment---Defendant is granted
              ninety (90) days from date of this Order to complete the
              necessary discovery.
                   Judge GLENN K IWASAKI
                   Signed May 22, 2006
06-06-06  Filed: Motion to amend answer and counterclaim and to add a
              third party complaint
06-06-06  Filed: Memorandum in support of JP Morgan's motion to amend
              answer and counterclaim and to add a third party complaint
07-05-06  Filed: REQUEST TO SUBMIT FOR DECISION: defendant's motion to
              amend
07-18-06  Filed: Minute Entry- Deft's unopposed Motion to Amend Answer
              and Counterclaim and to Add a Third Party Complaint is granted.
07-18-06  Filed order: Order Granting Defendant's Motion to Amend
                   Judge GLENN K IWASAKI
                   Signed July 18, 2006
07-20-06  Filed: Counter 10K-MORE
07-20-06  Fee Account created       Total Due:      105.00
07-20-06  Fee Account created       Total Due:      105.00
07-20-06  3RD PRTY CMPLT 10K +    Payment Received:      105.00
              Note: Code Description: 3RD PRTY CMPLT 10K +, COUNTER
              10K-MORE
07-20-06  COUNTER 10K-MORE        Payment Received:      105.00
07-21-06  Filed: Certificate of service (JP Morgan Chase Bank's first set
              of interrogatories to pla)
07-21-06  Filed: Certificate of service (JP Morgan 1st set of req for
              prod of doc to pla)
07-21-06  Filed: Certificate of service (JP Morgan 1st set of req for adm
              to pla)
08-07-06  Filed: Response to amended counterclaim
                   JEFF BIRSCHBACH
                   SHARLA BIRSCHBACK

08-18-06  Filed: Certificate of service for plaintiff's first set of
              interrogatories and request for production of documents
08-18-06  Filed: Substituion of counsel  (for plaintiff's Blake S Atkin
              and Brennan Moss)
08-23-06  Filed: Certificate of service for plaintiff's response to JP
              Morgan Case Bank's 1st set of interrogatories to plaintiff
08-23-06  Filed: Certificate of service for plaintiff's response to JP
              Morgan Chase Bank's 1st set of requests for admission to
              plaintiffs
08-23-06  Filed: Certificate of service for plaintiff's response to JP
              Morgan Chase Bank's first set of requests for production of
              documents to plaintiff
08-24-06  Filed: Lis Pendens
08-25-06  Filed: Certificate of service for plaintiff's response to JP
              Morgan Case Bank's first set of interrogatories to plaintiff
08-30-06  Filed return: Summons
```

Party Served: Brian McCrea
Service Type: Personal
Service Date: August 24, 2006

09-20-06 Filed: Certificate of service (JP Morgan ans to pla 1st set of req for prod of doc)

09-21-06 Filed: Certificate of service for subpoena duces tecum on defendant BNC Mortgage

09-22-06 Filed: Notice of records deposition BNC Mortgage Inc

09-25-06 Filed: Affidavit of LIsa Workman (service of subpoena duces tecum upon BNC)

10-02-06 Filed: Certificate of Service (JP Morgan Chase Bank's Answers to Plaintiff's First Set of Interrogatories)

10-10-06 Filed: Certificate of service (JP Morgan Chase bank's 1st set of req for prod of doc to 3pty def)

10-10-06 Filed: Certificate of service ((JP Morgan Chase Bank's first set of interr 3pty def)

10-10-06 Filed: Certificate of service (JP Morgan Chase Bank's 1st set of req for admiss to 3rd pty def)

11-17-06 Filed: Certificate of service for plaintiff's response to JP Morgan Case Bank's first set of requests for production of documents to Brian L McCrea

11-17-06 Filed: Certificate of service for plaintiff's response to JP Morgan Case Bank's first set of requests for admissions to Brian L McCrea

11-17-06 Filed: Certificate of service for plaintiff's response to JP Morgan Case Bank's first set of interrogatories to Brian L McCrea

11-17-06 Fee Account created        Total Due:        0.75
11-17-06 COPY FEE                 Payment Received:        0.75

12-01-06 Filed: Motion to hold BNC Mortgage in contempt

12-01-06 Filed: Memorandum in support of motion to hold BNC Mortgage in contempt

12-08-06 Filed: Certificate of service (answer's to plaintiff's first set of  interrogatories)

12-12-06 Fee Account created        Total Due:       102.25
12-12-06 COPY FEE                 Payment Received:        102.25

12-15-06 Filed: BNC Mortgage's answer
                    BNC MORTGAGE INC

12-15-06 Filed: BNC Mortgage's motion to vacate, quash, or modify plaintiffs' subpoena

12-15-06 Filed: BNC Mortgage's memorandum in opposition to plaintiffs' motion to hold BNC Mortgage in contempt & in support of its motion to vacate, quash, or modify plaintiffs' subpoena

12-28-06 Filed: Notice of errata

12-28-06 Filed: Notice of deposition of Kevin Rowe

12-28-06 Filed: Acceptance of service of subpoena ad testificandum

01-04-07 Filed: Reply memorandum in support of motion to hold BNC in contempt and memorandum in opposition to BNC'S motion to

```
                  vacate, quash, or modify plaintiff's subpoena
01-08-07 Filed: Notice of deposition BNC Mortgage
01-08-07 Filed: Plaintiffs' first request for production of documents to
         BNC Mortgage
02-02-07 Filed: Certificate of service (BNC Mort Inc. resp to pla 1st
         reqiest fpr [rpd pf dpc tp BNC Mort)
04-06-07 Filed: Notice of deposition (Jeff Birschbach)
04-16-07 Filed: Motion to compel compliance with plaintiff's first set
         of interrogatories and request for produciton of documents
         Filed by: ATKIN, BLAKE S
04-16-07 Filed: Memorandum in support of plaintiffs' motion to compel
         compliance with plaintiffs' first set of interrogatories and
         request for produciton of documents
04-20-07 Filed order: Stipulated Protective Order
                  Judge GLENN K IWASAKI
                  Signed April 20, 2007
04-23-07 Fee Account created      Total Due:         1.75
04-23-07 COPY FEE                 Payment Received:         1.75
                  Note: 2.00 cash tendered.       0.25 change given.
07-31-07 Filed: Notice of Deposition of Jeff Birschbach
08-15-07 Filed: Notice of Rescheduled Deposition of Jeff Birschbach
08-16-07 Filed: Second Notice of Rescheduled Deposition of Jeff
         Birschbach
08-21-07 Fee Account created      Total Due:       136.25
08-21-07 COPY FEE                 Payment Received:       136.25
09-11-07 Filed: Notice of change of address Atkin Law Offices
10-12-07 Filed: certificate of service of plaintiffs' second request for
         production of documents to JP Morgan Chase Bank
10-12-07 Filed: Certificate of service of plaintiffs' second request for
         production of documents to BNC Mortgage
11-28-07 Filed: Certificate of Service
12-13-07 Filed: Stipulation to Amend Protective Order to Include JP
         Morgan Chase Bank
12-14-07 Filed order: Order Amended Prior Protective Order to Include JP
         Morgan Chase Bank
                  Judge GLENN K IWASAKI
                  Signed December 14, 2007
01-10-08 Filed: Certificate of service (JP Morgan Chase Bank's ans to
         pla 2nd sert of req for prod of doc)
07-21-08 Filed: Notice of withdrawal of counsel (Blake Atkin) for
         plaintiff's
07-23-08 Notice - NOTICE for Case 060900901 ID 11532316
         ORDER TO SHOW CAUSE is scheduled.
                  Date: 08/21/2008
                  Time: 08:15 a.m.
                  Location: Fourth Floor - W44
                            THIRD DISTRICT COURT
                            450 SOUTH STATE
                            SLC, UT  84114-1860
```

CASE NUMBER 060900901 Property Rights

Before Judge: GLENN K. IWASAKI

On its own motion, the Court orders the parties to appear on said
date and time and show cause why this case should not be dismissed
for failure to prosecute. By failing to appear, the Court will
enter an order of dismissal without further notice.
CASES ON THE ORDER TO SHOW CAUSE CALENDAR WILL NOT BE CONTINUED.
DO NOT CALL THE COURT. TO AVOID APPEARANCE OR DISMISSAL, you may
submit a certificate of readiness for trial in writing 10 days
prior to hearing.

07-23-08 ORDER TO SHOW CAUSE scheduled on August 21, 2008 at 08:15 AM in
     Fourth Floor - W44 with Judge IWASAKI.
08-21-08 Minute Entry - Minutes for Order to Show Cause
     Judge:  GLENN K. IWASAKI
     Clerk:   luannj
     PRESENT
     Plaintiff's Attorney(s): BLAKE S ATKIN
     Defendant's Attorney(s): CHRISTOPHER G JESSOP
     Video
     Tape Number:    8:15

---

HEARING

   Based upon the representation of counsel the plaintiff's have
filed a chapter 13 in Bankruptcy Court 2 weeks ago. This case is on
Stay.

08-21-08 Stay begins: August 21, 2008 Reason: Bankruptcy
10-28-08 Filed: Memorandum in Opposition to Plaintiff's Motion for
     Summary Judgment and in Support of Defendant JP Morgan Chase
     Bank's Cross Motion for Summary Judgment
10-28-08 Filed: Notice of Termination of the Automatic Stay
10-28-08 Filed: Defendant JP Morgan Chase Bank's Cross Motion for
     Summary Judgment
11-10-08 Filed: Memorandum regarding Cross-Motions for Summary Judgment
11-12-08 Filed: Notice of change of mailing address Robert Dale
12-15-08 Filed: Motion and Memorandum to Strike Spurious Matters
     Filed by: BIRSCHBACH, JEFF
12-15-08 Filed: Reply Memorandum in Support of Plaintiffs' Motion for
     Summary Judgment and Memorandum in Opposition to Defendant JP
     Morgan Chase Bank's Cross Motion for Summary Judgment
01-09-09 Filed: Memorandum in opposition to Plaintiff's Motion to Strike
     Spurious Matters
01-09-09 Filed: Reply Memorandum in Support of JP Morgan Chase Bank's
     Cross Motion for Summary Judgment
01-09-09 Filed: Memorandum of BNC Mortgage, Inc. in Opposition to
     Plaintiffs; "Motion and Memorandum to Strike Spurious Matters"
01-09-09 Filed: Reply Memorandum of BNC Mortgage, Inc. Regarding Summary

Printed: 11/10/09 09:09:09      Page 8

CASE NUMBER 060900901 Property Rights

---

     Judgment
01-16-09 Filed: Notice of Bankruptcy - Delaware 09-10137 - BNC Mortgage

```
          LLC @V
01-22-09 **** PRIVATE **** Filed: Reply Memorandum in Support of Motion
                           to Strike Surious Matters
11-03-09 Order to Show Cause scheduled on December 10, 2009 at 08:15 AM
         in Fourth Floor - W44 with Judge IWASAKI.
11-03-09 Notice - NOTICE for Case 060900901 ID 12530664
         Order to Show Cause.
             Date: 12/10/2009
             Time: 08:15 AM      Location: Fourth Floor - W44
         GLENN K IWASAKI


         The parties and/or counsel in this case are to appear before this
         Court and show cause why this case should not be dismissed.
         If you do not appear, the Court will enter an Order of Dismissal
         without further notice.
```

# EXHIBIT F

'06 FEB 18 PM 1: 15

Gregory P. Hawkins #4485
Lonn Litchfield #7922
HAWKINS & SORENSEN, LC
5250 S. Commerce Drive, Suite 101
Murray, Utah 84107
(801) 747 3390
(801) 261 5199 (fax)

Attorneys for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JEFF BIRSCHBACH and SHARLA BIRSCHBACH,<br><br>          Plaintiffs,<br><br>                    -v-<br><br>BNC MORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and BANK ONE, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-BC7<br><br>          Defendants. | **COMPLAINT**<br><br>RECEIVED BY<br>OOWEN LAW DEPARTMENT<br>FEB 1 6 2005<br>Initials:<br>Case No. 060900901<br>Judge *Iwasaki* |

Plaintiffs Jeff and Sharla Birschbach complain of defendants as follows:

1.    This lawsuit seeks a determination of rights in certain property (hereinafter "the Property") located in Salt Lake County and more particularly described as follows:

> Commencing 1315.5 feet South and 24.75 feet West from the East Quarter corner of Section 33, Township 2 South, Range 1 West, Salt Lake Meridian and running thence South 70.9 feet; thence West 307.2 feet; thence North 70.90 feet; thence East 307.2 feet to the point of beginning.

L17727

2.    Jurisdiction is proper under Utah Code Ann. § 78-3-4.

3.    Venue is proper pursuant to Utah Code Ann. § 78-13-1.

4.    The Property was vested in plaintiffs by a quit claim deed executed on February
25, 2001 and recorded on February 26, 2001 as entry number 7828674, book 8427 page 3792.

5.    Plaintiffs transferred the Property to Brian L. McCrea by warranty deed executed
on August 1, 2002 and recorded on August 8, 2002 as entry number 8317308, book 8630 page
8790.

6.    Also on August 1, 2002, McCrea executed a deed of trust with himself as trustor,
the plaintiffs as beneficiaries, and Equity Title Company as trustee, which was recorded on
August 9, 2002 as entry number 8318249, book 8631 page 3755 (hereinafter "Plaintiffs' Trust
Deed").

7.    Also on August 1, 2002, McCrea executed a deed of trust against the Property
with himself as trustor, defendant BNC Mortgage, Inc. as beneficiary, and First American Title
of Utah as trustee, which was recorded on August 8, 2002 as entry number 8317309, book 8630
page 8792 (hereinafter "Defendants' Trust Deed").

8.    McCrea defaulted on Plaintiffs' Trust Deed and plaintiffs non-judicially
foreclosed thereon.

9.    The property was conveyed to plaintiffs by a trustee's deed executed on
December 20, 2005 and recorded on December 20, 2005 as entry number 9587741, book 9232
page 7241.

10.    The warranty deed transferring the property to McCrea and the two trust deed

2

signed on the same day, approximately simultaneously, before the same Notary Public.

11.    The warranty deed and Plaintiffs' Trust Deed were parts of one continuous transaction, and so intended to be, so that the two instruments should be given contemporaneous operation in order to promote the intent of the parties.

12.    The Plaintiffs' Trust Deed was a vendor's purchase money lien.

13.    A vendor's purchase money lien takes priority over pre-existing liens, including pre-existing purchase money liens from persons other than the vendor. *See Nelson v. Stoker*, 669 P.2d 390 (Utah 1983); *Kemp v. Zions First National Bank*, 24 Utah 2d 288; 470 P.2d 390.

14.    A purchase money mortgage (the Plaintiffs' Trust Deed), executed in connection with a conveyance of land, or in pursuance of an agreement, as part of a transaction, takes preference over any other lien attaching through the financing of the transaction (the Defendants' Trust Deed). *Id.*

15.    More specifically, where the contest is between a purchase money mortgage to a third person who advances part of the purchase price (Defendants) and a purchase money mortgage to the vendor (Plaintiffs) for the balance, the latter is given preference even if he had notice of the former.

16.    Defendants had either actual or constructive knowledge that Plaintiffs retained an interest in the property

17.    The plaintiffs and defendants did not enter into a subordination agreement.

18.    Plaintiffs' Trust Deed was superior to Defendants' Trust Deed and when Plaintiffs' Trust Deed was foreclosed, Defendants' Trust Deed, and any interest arising out of

Defendants' Trust Deed, was cut off.

WHEREFORE, Plaintiffs pray for judgment quieting title in the Property in them, free and clear of all interests, including the Defendants' Trust Deed and any interest arising out of the Defendants' Trust Deed.

DATED this _17_ day of _January_, 2006.

HAWKINS & SORENSEN, P.C.

Gregory P. Hawkins
Lonn Litchfield
Attorneys for Jeff and Sharla Birschbach

4



# EXHIBIT G

**HOWREY LLP**
John H. Bogart (8306)
Rod N. Andreason (8853)
170 South Main Street, Suite 400
Salt Lake City, UT  84101
Telephone:  (801) 533-8383
Facsimile:  (801) 531-1486

FILED
DISTRICT COURT

06 MAR -1  PM 2:44

THIRD JUDICIAL DISTRICT
SALT LAKE COUNTY
BY_____
DEPUTY CLERK

Attorneys for JP Morgan Chase
Bank, N.A.

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
## STATE OF UTAH

| | |
|---|---|
| JEFF BIRSCHBACH and SHARLA BIRSCHBACH,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>BNC MORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and BANK ONE, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-BC7,<br><br>　　　　Defendants. | **ANSWER AND COUNTERCLAIM OF JP MORGAN CHASE BANK, N.A. AS TRUSTEE SUCCESSOR IN INTEREST TO BANK ONE, N.A.**<br><br>Case No. 060900801<br><br>Hon. Glenn K. Iwasaki |

JP Morgan Chase Bank, N.A. as Trustee Successor in Interest to Bank One, N.A., as

Trustee for the registered holders of the Structured Asset Securities Corporation Amortizing

Residential Collateral Trust, Mortgages Pass-Through Certificates 2002-BC7 ("Chase Bank"),

by and through counsel, hereby answers the allegations in Plaintiffs' Complaint as follows.

　　　　1.　　　　Chase Bank is without information sufficient to admit or deny the allegations

contained in paragraph 1 of Plaintiffs' Complaint and on that basis denies the same.

2.    Chase Bank admits the allegations contained in paragraph 2 of Plaintiffs'
Complaint.

3.    Chase Bank admits the allegations contained in paragraph 3 of Plaintiffs'
Complaint.

4.    Chase Bank is without information sufficient to admit or deny the allegations
contained in paragraph 4 of Plaintiffs' Complaint and on that basis denies the same.

5.    Chase Bank is without information sufficient to admit or deny the allegations
contained in paragraph 5 of Plaintiffs' Complaint and on that basis denies the same.

6.    Chase Bank is without information sufficient to admit or deny the allegations
contained in paragraph 6 of Plaintiffs' Complaint and on that basis denies the same.

7.    Chase Bank is without information sufficient to admit or deny the allegations
contained in paragraph 7 of Plaintiffs' Complaint and on that basis denies the same.

8.    Chase Bank is without information sufficient to admit or deny the allegations
contained in paragraph 8 of Plaintiffs' Complaint and on that basis denies the same.

9.    Chase Bank is without information sufficient to admit or deny the allegations
contained in paragraph 9 of Plaintiffs' Complaint and on that basis denies the same.

10.    Chase Bank is without information sufficient to admit or deny the allegations
contained in paragraph 10 of Plaintiffs' Complaint and on that basis denies the same.

11.    Chase Bank is without information sufficient to admit or deny the allegations
contained in paragraph 11 of Plaintiffs' Complaint and on that basis denies the same.

12.    Chase Bank is without information sufficient to admit or deny the allegations
contained in paragraph 12 of Plaintiffs' Complaint and on that basis denies the same.

13.    Paragraph 13 of Plaintiff's Complaint is a legal assertion to which no response is

required. To the extent that a response is required, Chase Bank denies the allegations contained in paragraph 13.

14.     Paragraph 14 of Plaintiff's Complaint is a legal assertion to which no response is required. To the extent that a response is required, Chase Bank denies the allegations contained in paragraph 14.

15.     Paragraph 15 of Plaintiff's Complaint is a legal assertion to which no response is required. To the extent that a response is required, Chase Bank denies the allegations contained in paragraph 15.

16.     Chase Bank denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Chase Bank is without information sufficient to admit or deny the allegations contained in paragraph 17 of Plaintiffs' Complaint and on that basis denies the same.

18.     Chase Bank denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were not caused by Chase Bank.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by third parties not under the control or

supervision of Chase Bank.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring some or all of the alleged claims against Chase Bank.


Chase Bank reserves the right to amend or add affirmative defenses that it may discover

after the filing of this Answer.


## COUNTERCLAIM:  QUIET TITLE

1.      Plaintiffs claim an interest and estate in the following property (the "Property"):

Commencing 1315.5 feet South and 24.75 feet West from the East Quarter corner
of Section 33, Township 2 South, Range 1 West, Salt Lake Meridian and running
thence South 70.9 feet; thence West 307.2 feet; thence North 70.90 feet; thence
East 307.2 feet to the point of beginning.

2.      Plaintiffs' claim regarding the Property is adverse to Chase Bank.  Plaintiffs'

claim is without any right whatsoever, and Plaintiffs have no right, estate, title, lien or interest in

or to the property, or any part thereof.

3.      Chase Bank requests that the Court quiet title, including all property rights in and

to the Property, in Chase Bank and declare that Plaintiffs own no right, title, or interest therein.

## PRAYER FOR RELIEF

Chase Bank prays for judgment against Plaintiffs as follows:

1. That Plaintiffs and all persons claiming under them, be required to set forth the nature of their claims to the Property;

2. That all adverse claims to the Property be determined by a decree of this court;

3. That said decree declare and adjudge that Chase Bank owns in fee simple, and is entitled to the quiet and peaceful possession of, the Property; and that Plaintiffs and all persons claiming under them, have no estate, right, title, lien, or interest in or to the Property or any part thereof;

4. That said decree permanently enjoin Plaintiffs and all persons claiming under them from asserting any adverse claim to Chase Bank's title to the Property;

5. For compensatory damages in an amount to be determined at trial;

6. For Chase Bank's costs and attorney fees incurred in this action;

7. For interest on the full judgment amount from the date thereof at applicable statutory rates.

8. For a declaration of the property rights of Chase Bank in and to Property;

9. For jury trial for each cause of action alleged herein; and

10. For such further relief as the Court may deem just and proper.

DATED this 1st day of March, 2006.

**HOWREY LLP**
170 South Main Street, Suite 400
Salt Lake City, UT  84101

By _____
Attorneys for JP Morgan Chase Bank,
N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2006, a true and correct copy of the foregoing was served upon the person(s) named below, at the address set out below the name, either by mailing postage prepaid, hand-delivery, Federal Express, or by telecopying a true and correct copy of said document.

Gregory P. Hawkins                      [ x] U.S. Mail
Lonn Litchfield                         [  ] Federal Express
5250 S. Commerce Drive, Suite 101       [  ] Hand-Delivery
Murray, UT  84107                       [ x] Telefacsimile
                                        [  ] Other

6

# EXHIBIT H

Robert J. Dale, A0808
Bradley L. Tilt, A7649
FABIAN & CLENDENIN,
  A Professional Corporation
Twelfth Floor
215 South State Street
Post Office Box 510210
Salt Lake City, Utah  84151
Telephone:  (801) 531-8900
Telefax:  (801) 596-2814

Attorneys for Defendant BNC Mortgage, Inc.

IN THE THIRD JUDICIAL DISTRICT COURT

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JEFF BIRSCHBACH and SHARLA BIRSCHBACH, | **BNC MORTGAGE'S ANSWER** |
| Plaintiffs, | Civil No. 060900901 |
| vs. | Judge Glenn W. Iwasaki |
| BNC MORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and BANK ONE, N.A., AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGES PASS-THROUGH CERTIFICATES, SERIES 2002-BC7. | |
| Defendants. | |
| JP MORGAN CHASE BANK, AS SUCCESSOR IN INTEREST TO BANK ONE, N.A., AS TRUSTEE, | |
| Counterclaim Plaintiff | |

vs.

JEFF BIRSCHBACH and SHARLA BIRSCHBACH,

      Counterclaim Defendants.

---

JP MORGAN CHASE BANK, AS SUCCESSOR IN INTEREST TO BANK ONE, N.A., AS TRUSTEE,

      Third Party Plaintiff

vs.

BRIAN L. MCCREA, an individual;

      Third Party Defendant.

## ANSWER

Defendant BNC Mortgage, Inc. hereby answers Plaintiffs' Complaint as follows:

### RESPONSE TO SPECIFIC ALLEGATIONS

1.     Admit the allegations in the following paragraphs: 1, 2, and 3.

2.     Deny the allegations in the following paragraphs: 11, 16, and 18.

3.     Is without knowledge or information sufficient to form a belief as to the truth of the allegations in the following paragraphs and therefore denies them: 4, 5, 6, 7, 8, 9, 10, 12, and 17.

4.      The following allegations are legal conclusions and Defendant therefore denies them, including without limitation as incorrect in their statements and purported applications of law: 13, 14, and 15.

5.      Deny every allegation in Plaintiffs' Complaint against Defendant not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSEES

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      The alleged claims of Plaintiffs' Complaint are barred by the doctrines of estoppel, waiver, release, accord and satisfaction, and laches.

3.      The alleged claims of Plaintiffs' Complaint are barred because Defendant's interest in the Property is senior to any right, title or interest claimed by Plaintiffs.

4.      The claims of Plaintiffs' Complaint are barred by Utah's recording statutes.

5.      The alleged claims of Plaintiffs' Complaint are barred by the doctrine of unclean hands.

6.      The alleged claims of Plaintiffs' Complaint are barred by the terms of Plaintiffs' own agreements.

7.      Upon information and belief, the alleged claims of Plaintiffs' Complaint are barred by Plaintiffs' own actions, including without limitation the false and fraudulent misrepresentations made in connection with the loan between BNC Mortgage, Inc. and McRea that is the subject of Plaintiffs' Complaint.

8.    The alleged claims of Plaintiffs' Complaint are barred because Plaintiffs were

duly notified of the facts and condoned and ratified each and every matter they now allege as a

wrong in the claims set out herein.

9.    The alleged claims of Plaintiffs' Complaint are barred by a lack or failure of

consideration.

10.    The alleged claims of Plaintiffs' Complaint are barred by Plaintiffs' failure to

mitigate their alleged damages.

11.    Defendant alleges that any loss suffered or claimed by Plaintiffs was caused by

the conduct of third parties and was not in any way caused by BNC Mortgage.

12.    Plaintiffs are solely or partially responsible for the damages or injuries alleged in

the complaint, if any there were.

WHEREFORE, Defendant prays that Plaintiffs' Complaint be dismissed with prejudice

on the merits, with Plaintiffs to take nothing thereby, and with Defendant to be awarded its legal

fees and costs incurred herein.

DATED this _15th_ day of December, 2006.

Robert J. Dale
Bradley L. Tilt
FABIAN & CLENDENIN,
    a Professional Corporation
Attorneys for Defendant BNC Mortgage, Inc.

## MAILING CERTIFICATE

I hereby certify that I caused to be mailed a true and correct copy of the foregoing ANSWER, by first-class mail, postage fully prepaid, on this _15th_ day of December, 2006 to the following:

> Blake S. Atkin
> Brennan H. Moss
> ATKIN LAW OFFICE, P.C.
> 136 South Main, A401
> Salt Lake City, UT  84101
>
> Richard C. Terry
> Christopher G. Jessop
> CORBRIDGE BAIRD & CHRISTENSEN
> 39 Exchange Place, Suite 100
> Salt Lake City, Utah 84111
>
> Brian L. McCrea
> 4566 West 5335 South
> Kearns, Utah 84118-0249