Dennis F. Dunne
Evan R. Fleck
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

David S. Cohen
Adrian C. Azer (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC. and | : | |
| LEHMAN BROTHERS SPECIAL FINANCING INC. | : | Adv. Proc. No. 10-03228 (JMP) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| - against - | : | |
| | : | |
| NOMURA INTERNATIONAL PLC, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC. and | : | |
| LEHMAN BROTHERS SPECIAL FINANCING INC. | : | Adv. Proc. No. 10-03229 (JMP) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| - against - | : | |
| | : | |
| NOMURA SECURITIES CO., LTD, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------ x

**NOTICE OF HEARING OF MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER, PURSUANT TO 11 U.S.C. § 1109(b) AND BANKRUPTCY RULE 7024, <u>GRANTING RIGHT TO INTERVENE IN ADVERSARY PROCEEDINGS</u>**

PLEASE TAKE NOTICE that a hearing on the Motion Of Official Committee Of Unsecured Creditors For Entry of Order, Pursuant To 11 U.S.C. § 1109(b) And Bankruptcy Rule 7024, Granting Right to Intervene in Adversary Proceedings (the "Motion"), which was filed contemporaneously herewith, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **July 14, 2010 at 2:00 p.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, and Evan R. Fleck), counsel for the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.; (iii) Milbank, Tweed, Hadley & McCloy LLP, 1850 K Street N.W., Suite 1100, Washington, DC 20006 (Attn: David S. Cohen, and Adrian C. Azer), counsel for the Official Committee of Unsecured Creditors of Lehman

Brothers Holdings Inc., et al.; (iv) Jones Day, 222 East 41st Street, New York, NY 10017, (Attn: Corinne Ball, Benjamin Rosenblum, Jayant W. Tambe, and Aviva Warter Sisitsky), counsel for Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc.; (v) Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022 (Attn: Douglas P. Bartner), counsel for Nomura International PLC and Nomura Securities Co. Ltd.; and (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis), so as to be filed and received no later than **July 7, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
June 16, 2010

MILBANK, TWEED, HADLEY & McCLOY LLP

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

David S. Cohen
Adrian C. Azer (admitted *pro hac vice*)
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

Counsel for the Official Committee
of Unsecured Creditors of Lehman Brothers
Holdings Inc., et al.

Dennis F. Dunne
Evan R. Fleck
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

David S. Cohen
Adrian C. Azer (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC. and | : | |
| LEHMAN BROTHERS SPECIAL FINANCING INC. | : | Adv. Proc. No. 10-03228 (JMP) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| - against - | : | |
| | : | |
| NOMURA INTERNATIONAL PLC, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC. and | : | |
| LEHMAN BROTHERS SPECIAL FINANCING INC. | : | Adv. Proc. No. 10-03229 (JMP) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| - against - | : | |
| | : | |
| NOMURA SECURITIES CO., LTD, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------ x

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF ORDER, PURSUANT TO
11 U.S.C. § 1109(b) AND BANKRUPTCY RULE 7024,
GRANTING RIGHT TO INTERVENE IN ADVERSARY PROCEEDINGS**

The Official Committee of Unsecured Creditors of Lehman Brothers Holdings

Inc., et al., (the "Committee") hereby files this motion (the "Motion") for entry of an order

pursuant to section 1109(b) of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the

"Bankruptcy Code") and rule 7024 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") allowing the Committee to intervene in the above-captioned adversary

proceedings (the "Adversary Proceedings").

## PRELIMINARY STATEMENT

1.       In the Second Circuit, it is well established that all parties in interest—

including creditors' committees—have an absolute and unconditional right to intervene in

adversary proceedings.  See Term Loan Holder Comm. v. Ozer Group, L.L.C. (In re Caldor

Corp.), 303 F.3d 161, 176 (2d Cir. 2002) (holding that section 1109(b) of the Bankruptcy Code

gives creditors' committees the absolute right to intervene in adversary proceedings).  This right

is expressly granted by section 1109 of the Bankruptcy Code and rule 24(a)(1) of the Federal

Rules of Civil Procedure (the "Federal Rules"), as incorporated by Bankruptcy Rule 7024.

Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc.

("LBSF") have consented to the Committee's intervention in this matter, but the defendants

in the Adversary Proceedings have not.  In light of the Committee's unconditional right to

intervene, the Motion should be granted over any objections that are filed.

## JURISDICTION AND VENUE

2.       Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction to

consider the Motion.  Pursuant to 28 U.S.C. §§ 1408 and 1409, venue is proper in this Court.

The statutory predicates underlying the relief requested in this motion are sections 105(a), 1103(c), and 1109(b) of the Bankruptcy Code and Bankruptcy Rule 7024.

## RELIEF REQUESTED

3.      The Committee seeks entry of an order substantially in the form annexed hereto as Exhibit 1 (the "Proposed Order"), allowing the Committee to intervene in the Adversary Proceedings.

## PROCEDURAL BACKGROUND

4.      On September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates (collectively, with LBHI, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and this Court's order dated and entered October 16, 2008.  The Debtors continue to manage and operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. § 1107(a) and 1108.  An examiner was appointed on January 20, 2009.

5.      On September 17, 2008, the Office of the United States Trustee appointed the Committee.  The Committee is a statutory body, comprised of seven of the largest creditors of the Debtors, that is mandated to safeguard the interests of all the Debtors' unsecured creditors.  Pursuant to section 1103(c) of the Bankruptcy Code, the Committee is empowered to, *inter alia*, (i) "consult with the trustee or the debtor in possession concerning the administration of the case"; and (ii) "investigate the acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business and desirability of the continuation of such business, and any other matter relevant to the case or to the formulation of a plan."  11 U.S.C. § 1103(c) (1) and (2).  Moreover, section 1109(b) of the Bankruptcy Code provides that official

committees "may raise and may appear and be heard on any issue in a case" under chapter 11 of the Bankruptcy Code.  11 U.S.C. § 1109(b).

## FACTUAL BACKGROUND

6.      On April 23, 2010, LBHI and LBSF commenced the Adversary Proceedings against Nomura International plc ("Nomura International") and Nomura Securities Co., Ltd. ("Nomura Securities") (together, the "Defendants").  On May 18, 2010, the Court granted the motion filed by the Debtors for an order consolidating the Adversary Proceedings. On June 1, 2010, the Defendants filed answers in the Adversary Proceedings.

7.      Through the Adversary Proceedings, the Debtors object to the proofs of claim filed by the Defendants with respect to certain amounts allegedly owing to the Defendants upon the early termination of certain ISDA Master Agreements ("Master Agreements") between the Defendants and LBSF.  In total, Nomura International's proofs of claim demand over $720 million from the Debtors and Nomura Securities' proofs of claim demand over $40 million.

8.      According to the Debtors, the amounts purportedly due and owing to the Defendants, which form the basis for their proofs of claim, "are commercially unreasonable, divorced from economic reality, and bear no relation to any actual damages or losses suffered" by the Defendants.  (See Nomura Int'l Adversary Compl. ¶ 1.)   Indeed, the Defendants' calculations were so erroneous, the Debtors allege, that the Defendants actually *owe the Debtors* millions of dollars.  (See id.)  Accordingly, in addition to seeking disallowance of the Defendants' proofs of claim, the Adversary Proceedings seek (a) damages for the Defendants' breaches of the Master Agreements due to their failure to properly calculate their losses and pay the Debtors the gains to which they are entitled (see id. ¶¶ 78-81), (b) a declaratory judgment that the Defendants failed to properly calculate the amounts due and owing to LBSF under the Master

Agreements (see id. ¶¶ 83-88), and (c) attorney's fees and costs incurred by the Debtors in having to enforce their rights.  (See id. ¶¶ 90-94.)

9.     Given the significant amount of estate property at issue, the Committee has determined that it is in the best interest of the Debtors' unsecured creditors for the Committee to intervene in the Adversary Proceedings.

## ARGUMENT

### I.  THE COMMITTEE HAS AN UNCONDITIONAL RIGHT TO INTERVENE IN THE ADVERSARY PROCEEDINGS

10.     Pursuant to Federal Rule of Civil Procedure 24(a)(1), "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by federal statute."  Fed. R. Civ. P. 24(a)(1).  The Second Circuit has made clear that section 1109(b) of the Bankruptcy Code, which provides that "[a] party in interest, including . . . a creditors' committee . . . , may raise and may appear and be heard on any issue in a case under this chapter," gives creditors' committees the absolute right to intervene in adversary proceedings under rule 24(a)(1).  See Term Loan Holder Comm. v. Ozer Group, L.L.C. (In re Caldor Corp.), 303 F.3d 161, 176 (2d Cir. 2002).

11.     Caldor is the Second Circuit's seminal decision recognizing a creditors' committee's absolute right to intervene.  In Caldor, the Second Circuit reversed the decision of the district court that had rejected an unofficial committee's right to intervene in an adversary proceeding pursuant to section 1109(b).  Caldor, 303 F.3d at 169.  The court held that section 1109(b) conferred upon a party in interest, including an informal committee, an unconditional right of intervention in an adversary proceeding: "We hold, therefore, that the phrase 'any issue in a case' [in section 1109(b)] plainly grants a right to raise, appear and be heard on ***any issue***

9

regardless whether it arises in a contested matter or an adversary proceeding." Id. at 169 (emphasis in original).[1]

12.     In accordance with Caldor, this Court has previously recognized the Committee's statutory right to intervene in adversary proceedings in these chapter 11 cases.  In Lehman Brothers Special Financing Inc. v. BNY Corporate Trustee Services Limited, Adv. No. 09-01242, the Committee filed a motion to intervene, which the defendant sought to have stayed on the grounds that an additional party in interest who had not yet appeared may seek to oppose the motion.   The Court, recognizing the Committee's special statutory rights, granted the Committee's motion to intervene over the defendant's objection. (See Tr. of July 15, 2009 Hearing on Mot. of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., for Entry of an Order, Pursuant to 11 U.S.C. § 1109(b) and Bankruptcy Rule 7024, Granting Authority to Intervene as Plaintiff in Adversary Proceeding, at 166:9-10 ("I recognize [the Committee's statutory right to intervene] too.  Your motion to intervene is granted.").)

13.     Based on the foregoing, the Committee has an unconditional right to intervene in the Adversary Proceedings.[2]  Accordingly, the Motion should be granted.

---

[1]     A party seeking intervention need not make any additional showing under Rule 24(a)(2) or otherwise in order for the court to grant intervention.  See Iridium India Telecom Ltd. v. Motorola, Inc., 165 F. App'x. 878, 879 (2d Cir. 2005) ("Our decision in Caldor . . . established that a party in interest under 11 U.S.C. § 1109(b) has an unconditional right to intervene in an adversary proceeding under 24(a)(1) and need not make a separate showing under 24(a)(2).").

[2]     There can be no dispute that the Motion is timely, as it is being filed less than two months after the commencement of the Adversary Proceedings, while the litigation is still in its early stages.  Discovery has not commenced, substantive motions have not been decided, and a trial date has not been set.  Courts have frequently granted motions to intervene in such circumstances.  See Campinas Found. v. Simoni, No. 02 Civ. 3965 (BSJ)(KNF), 2004 WL 875729, at *2 (S.D.N.Y. Apr. 22, 2004) (finding that an application for intervention was timely "when pretrial discovery activities had not progressed very far"); Blatch v. Franco, No. 97 Civ. 3918 (DC), 1998 WL 265132, at *7 (S.D.N.Y. May 26, 1998) (finding that an intervention motion was timely in the "early stages" of litigation—specifically, where a discovery schedule had only recently been set and no depositions had been taken).

## II.  THE COMMITTEE NEED NOT FILE A SEPARATE PLEADING

14.     In the interest of minimizing costs to the Debtors' estates, the Committee should be allowed to intervene in the Adversary Proceedings (i) without being required to file a separate pleading setting forth the claim on which intervention is sought as described in Federal Rule 24(c) and (ii) while being permitted to join in the complaints filed by the Debtors.  See Official Comm. of Asbestos Claimants of G-I Holding v. Heyman, No. 01 Civ. 8539 (RWS), 2003 WL 22790916, at *4-*5 (S.D.N.Y. Nov. 25, 2003) (holding that Rule 24(c)'s pleading requirement could be waived where the intervenor adopted the plaintiff's claims and "attachment of an identical copy of the complaint would serve no useful purpose"), Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd., 782 F. Supp. 870, 874 (S.D.N.Y. 1991) (absence of pleadings not prejudicial where intervenor adopted defendant's answer and submitted various documents setting forth "sufficient facts and allegations to give all parties notice of its claims").

### NOTICE

15.     Notice of this Motion has been given to (i) the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, (ii) Corinne Ball, Jones Day LLP, counsel for the Debtors; (iii) Douglas P. Bartner, Shearman & Sterling LLP, counsel for Defendants; and (iv) Andrew D. Velez-Rivera, Office of the United States Trustee for the Southern District of New York.  Because of the relief requested herein, the Committee submits that no other or further notice need be given.

### NO PRIOR REQUEST

16.     No previous application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests entry of the Proposed Order, (i) authorizing the Committee to intervene in the Adversary Proceedings pursuant to section 1109(b) of the Bankruptcy Code and rule 7024 of the Bankruptcy Rules; and (ii) granting the Committee such other and further relief as this Court deems appropriate.

Dated:    New York, New York
          June 16, 2010

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

David S. Cohen
Adrian C. Azer (admitted *pro hac vice*)
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

Counsel for the Official Committee
of Unsecured Creditors of Lehman Brothers
Holdings Inc., et al.

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- x
                                                                 :
In re:                                                           :     Chapter 11
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al*.,                         :     Case No. 08-13555 (JMP)
                                                                 :
                                    Debtors.                     :     (Jointly Administered)
---------------------------------------------------------------- x
                                                                 :
LEHMAN BROTHERS HOLDINGS INC. and                               :
LEHMAN BROTHERS SPECIAL FINANCING INC.                          :     Adv. Proc. No. 10-03228 (JMP)
                                                                 :
                                    Plaintiffs,                  :
                                                                 :
        - against -                                             :
                                                                 :
NOMURA INTERNATIONAL PLC,                                        :
                                                                 :
                                    Defendant.                   :
---------------------------------------------------------------- x
                                                                 :
LEHMAN BROTHERS HOLDINGS INC. and                               :
LEHMAN BROTHERS SPECIAL FINANCING INC.                          :     Adv. Proc. No. 10-03229 (JMP)
                                                                 :
                                    Plaintiffs,                  :
                                                                 :
        - against -                                             :
                                                                 :
NOMURA SECURITIES CO., LTD,                                      :
                                                                 :
                                    Defendant.                   :
---------------------------------------------------------------- x

## ORDER, PURSUANT TO 11 U.S.C. § 1109(b) AND BANKRUPTCY RULE 7024, GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>RIGHT TO INTERVENE IN ADVERSARY PROCEEDINGS</u>

Upon consideration of (i) the adversary complaints (the "<u>Complaints</u>") filed by

Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and Lehman Brothers Special Financing Inc.

("<u>LBSF</u>") on April 23, 2010 in the above-captioned adversary proceedings (the "<u>Adversary</u>

<u>Proceedings</u>") and (ii) the Motion of the Official Committee of Unsecured Creditors of Lehman

Brothers Holdings Inc. <u>et al.</u> (the "<u>Committee</u>") for an Order pursuant to 11 U.S.C. § 1109(b) and rule 7024 of the Federal Rules of Bankruptcy Procedure, granting the Committee authority to intervene in the Adversary Proceedings (the "<u>Intervention Motion</u>"); and it appearing that the Court has jurisdiction to consider the Intervention Motion pursuant to 28 U.S.C. § 157; and the Court having determined that the relief requested in the Intervention Motion is in the best interest of the Debtors, their estates and creditors; and it appearing that due and adequate notice and disclosure of the Intervention Motion has been given; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Intervention Motion is granted.

2.     The Committee is authorized to intervene in the Adversary Proceedings, subject to the terms and conditions of this Order.

3.     The Committee is deemed to have joined in the Complaints filed on behalf of LBHI and LBSF, on April 23, 2010.

4.     To the extent that it elects to take discovery, file pretrial memoranda, proffer witnesses, or participate at trial, the Committee shall comply with and be bound by the pretrial schedule set forth any future Scheduling Order, to the extent not inconsistent with this Order.

5.     The caption of the Adversary Proceedings shall be amended to include the Committee as an intervenor.

6.     The Court shall retain jurisdiction over any and all matters arising from or relating to the interpretation or implementation of this Order.

Dated: [                    ]
       New York, New York

_____
HON. JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE