**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                :

In re                                      :       **Chapter 11 Case No.**
                                                :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :       **08-13555 (JMP)**
                                                :

                     **Debtors.**        :       **(Jointly Administered)**
                                                :

-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004(h) AND 9019(a) FOR THE ESTABLISHMENT OF PROCEDURES TO DISPOSE OF REAL ESTATE ASSETS AND MODIFICATION OF THE ORDER ESTABLISHING PROCEDURES TO (I) RESTRUCTURE, (II) MAKE NEW OR ADDITIONAL DEBT OR EQUITY INVESTMENTS IN, AND/OR (III) ENTER INTO SETTLEMENTS AND COMPROMISES IN CONNECTION WITH EXISTING REAL ESTATE INVESTMENTS

Upon the motion, dated May 26, 2010 (the "Motion")[1], of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor

affiliates, "Lehman"), pursuant to sections 105(a) and 363(b) of chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 6004(h) and 9019(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seek (I) authority to establish

procedures pursuant to which the Debtors may sell, transfer, assign, convey, spin-off, grant a lien

upon, encumber, charge or otherwise dispose of certain real estate assets in connection with

existing Real Estate Investments which action the Debtors may determine will maximize the

value of the investment for the benefit of the Debtors' estates and creditors, all as more fully

described in the Motion and (II) the modification of the reporting requirements set forth in the

order establishing procedures to (i) restructure, (ii) make new or additional debt or equity

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

investments in, and/or (iii) enter into settlements and compromises in connection with existing

real estate investments (the "Restructuring Procedures Order"); and the Court having jurisdiction

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the order entered February 13, 2009 governing case management and

administrative procedures for these cases [Docket No. 2837] to (i) the United States Trustee for

the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and a hearing (the "Hearing") having been held to

consider the relief requested in the Motion; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and

all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is ORDERED:

      1.      The Motion is GRANTED.

      2.      The Debtors shall be, and hereby are, authorized to enter into Real Estate

Disposition Transactions in accordance with the following procedures:

a.      The Debtors may enter into and consummate a Real Estate
Disposition Transaction involving a Real Estate Investment having an aggregate
Estimated Recovery Amount[2] of up to and including $25 million without further
order of the Court or approval of or notice to any other party; *provided, however*,
that the Debtors will provide notice to the Creditors' Committee of such Real
Estate Disposition Transactions as soon as practicable but in no event later than
promptly following the closing of such transactions.  Notwithstanding the
foregoing, to the extent any party to a Real Estate Disposition Transaction is a
party being either a person employed by the Debtors at any time on or after
September 15, 2007 or an entity unaffiliated with the Debtors for which a person
employed by the Debtors at any time on or after September 15, 2007 is materially
involved in the negotiations of the Real Estate Disposition Transaction, the
Debtors will provide to the Creditors' Committee a summary of the proposed Real
Estate Disposition Transaction, identifying the salient terms of such proposed
Real Estate Disposition Transaction (the "Real Estate Disposition Transaction
Summary").  The Creditors' Committee will be required to submit any objections
to a Real Estate Disposition Transaction identified in a Real Estate Disposition
Transaction Summary so as to be received by the Debtors on or before ten (10)
business days after service of such Real Estate Disposition Transaction Summary;
*provided, however*, that if the Creditors' Committee requests additional
information regarding such a Real Estate Disposition Transaction, its objection
period shall be suspended until the requested information has been provided.  If
the Debtors and the Creditors' Committee are unable to consensually resolve the
objection, the Debtors may file a motion and/or take such other actions as are
required to seek approval from the Court to obtain approval of such Real Estate
Disposition Transaction.  If the Creditors' Committee does not timely object to
such a Real Estate Disposition Transaction, or the Debtors and the Creditors'
Committee resolve a timely objection, the Debtors may proceed with such Real
Estate Disposition Transaction without further order of the Court or notice to or
approval of any party.

b.      If a Real Estate Disposition Transaction involves a Real Estate
Investment having an aggregate Estimated Recovery Amount of greater than $25
million but less than or equal to $100 million, the Debtors will provide to the
Creditors' Committee a Real Estate Disposition Transaction Summary.  The
Creditors' Committee will be required to submit any objections to a Real Estate
Disposition Transaction identified in a Real Estate Disposition Transaction
Summary so as to be received by the Debtors on or before ten (10) business days
after service of such Real Estate Disposition Transaction Summary; *provided,
however*, that if the Creditors' Committee requests additional information
regarding a Real Estate Disposition Transaction, its objection period shall be

---

[2] "Estimated Recovery Amount" as used herein shall mean the estimated net cash flows associated with any Real
Estate Investment (or the pro rata value of such Real Estate Investment to the extent the Real Estate Disposition
Transaction is for less than all of such Real Estate Investment) as set forth on a schedule as of December 31, 2009 as
agreed to by the Creditors' Committee, or such other amount as otherwise agreed to by the Creditors' Committee.

suspended until the requested information has been provided.  If the Debtors and the Creditors' Committee are unable to consensually resolve the objection, the Debtors may file a motion and/or take such other actions as are required to seek approval from the Court to obtain approval of such Real Estate Disposition Transaction.  If the Creditors' Committee does not timely object to such Real Estate Disposition Transaction, or the Debtors and the Creditors' Committee resolve a timely objection, the Debtors may proceed with such Real Estate Disposition Transaction without further order of the Court or notice to or approval of any party.

        c.      If a Real Estate Disposition Transaction involves a Real Estate Investment having an aggregate Estimated Recovery Amount of greater than $100 million, the Debtors will be required (i) to provide to the Creditors' Committee a Real Estate Disposition Transaction Summary and provide the Committee with the right to object thereto in accordance with the procedures set forth in paragraph (b) of these procedures; and (ii) in the case of a Real Estate Disposition Transaction to which a Debtor is a party, file a motion with the Court seeking approval of such Real Estate Disposition Transaction.

        d.      The ability of the Debtors to carry out the actions set forth in the foregoing procedures shall not override any applicable notice, consent or other rights that any third parties may have pursuant to agreements with the Debtors.

        3.      As part of the procedures set forth herein, the Debtors will file with the Court, on a quarterly basis beginning not later than 105 calendar days after entry of an order approving this Motion, a report identifying (i) the number of Real Estate Disposition Transactions to which a Debtor is a party pursuant to the foregoing procedures during the prior three calendar months, (ii) the aggregate Estimated Recovery Amount of all Real Estate Investments subject to such Real Estate Disposition Transactions to which a Debtor is a party, and (iii) with respect to Real Estate Disposition Transactions to which a Debtor is a party having an aggregate Estimated Recovery Amount of greater than $25 million but less than or equal to $100 million, (a) the city in which the property related to such Estate Disposition Transaction is located, (b) to the extent the consideration received by the Debtors for such a Real Estate Disposition Transaction is cash, the dollar amount of consideration, and, (c) to the extent the consideration received by the Debtors for such Real Estate Disposition Transaction is not cash,

the nature of the consideration received as "other" in the following format:

| | Estimated Recovery Amount | Consideration Received by the Debtors | City of Property Relating to Real Estate Investment |
|---|---|---|---|
| **Real Estate Disposition Transactions Greater Than $25 Million but Less Than $100 Million** | | | |
| 1. | | | |
| 2. | | | |
| 3. | | | |

4.      The procedures set forth herein shall not override the procedures previously approved by this Court in the Approved Procedures Orders, and to the extent a Real Estate Disposition Transaction proposed to be undertaken pursuant to the procedures set forth herein conflicts with the procedures set forth in any of the Approved Procedures Orders, the procedures set forth in the Approved Procedures Orders, respectively, shall govern.

5.      Nothing in this Order authorizes the transfer of any collateral for securities guaranteed by the Government National Mortgage Association ("GNMA"), including, but not limited to, mortgage loans or related foreclosure judgments or deeds or assignments in lieu of foreclosure, or any Participations or Other Interests as such terms are defined in the guaranty agreements between LBHI and GNMA.

6.      The Debtors are authorized to execute such documents or other instruments and carry out all other actions as may be necessary to effectuate any Real Estate Disposition Transaction in accordance with this Order.

7.      This Order shall not obligate or require the Debtors to dispose of or amend

any Real Estate Investment.

8.      Nothing in this Order shall be construed to limit or otherwise affect the
Debtors' ability to assume or reject any credit, loan, security, participation or similar agreement
in accordance with the provisions of the Bankruptcy Code.

9.      Nothing in this Order shall be construed to prevent the Debtors from
seeking further authority from the Court to enter into Real Estate Disposition Transactions in
accordance with the procedures set forth in this Order or otherwise.

10.     On December 16, 2010, Paragraphs 2 through 7 of this Order shall expire
and cease to be of force and effect; provided, however, that Paragraphs 2 through 7 of this Order
shall automatically not expire and shall continue to be of full force and effect if the Debtors file a
notice (the "Notice") of extension of the effectiveness of such relief prior to December 16, 2010,
such extension to be for the period of time set forth in the Notice and to be subject to further
extensions upon the filing of additional Notices.

11.     If, prior to December 16, 2010, (i) to the extent required hereunder, the
Debtors have submitted a Real Estate Transaction Summary to the Creditors' Committee with
respect to a Real Estate Disposition Transaction and the Creditors' Committee has not timely
objected to such Real Estate Disposition Transaction or the Debtors and the Creditors'
Committee resolve a timely objection to such Real Estate Disposition Transaction in accordance
with the procedures set forth herein and (ii) the Debtors have authority to enter into and
consummate such Real Estate Disposition Transaction in accordance with the procedures set
forth herein, the Debtors may enter into and consummate such Real Estate Disposition
Transaction and execute such additional documents or other instruments and carry out all other
actions as may be necessary to effectuate such Real Estate Disposition Transaction in accordance

with this Order subsequent to such date, regardless of whether the Debtors file the Notice.

12.     The Restructuring Procedures Order [Docket No. 5912] is modified so that

the paragraph that reads:

> ORDERED that, as part of the procedures set forth herein, the Debtors
> will file with the Court, on a quarterly basis beginning not later than 105
> calendar days after entry of an order approving this Motion, a report of all
> Real Estate Loan Transactions entered into by the Debtors during the prior
> three calendar months pursuant to these procedures, identifying (i) the
> number of Real Estate Loan Transactions entered into by the Debtors, (ii)
> with respect to each Real Estate Loan Transaction, whether such Real
> Estate Loan Transaction involved a Restructuring, a New Investment, a
> Settlement, or some combination thereof, (iii) the Mark-to-Market
> Carrying Value of each Real Estate Investment subject to a Real Estate
> Loan Transaction, and (iv) to the extent the Real Estate Loan Transaction
> involved a New Investment, the amount of the New Investment made in
> connection therewith;

shall be replaced in its entirety by the following language:

> ORDERED that, as part of the procedures set forth herein, the Debtors
> will file with the Court, on a quarterly basis, a report of all New
> Investments made by the Debtors during the prior three calendar months
> pursuant to these procedures, (i) identifying the aggregate amount funded
> by the Debtors with respect to real estate assets owned by the Debtors, and
> (ii) to the extent the amount funded with respect to individual assets is
> greater than or equal to $1 million, the Debtors will identify (a) the
> number and amount of each of such fundings on a line item basis and (b)
> the city in which the property related to such New Investment is located in
> the following format:

| New Investments Greater Than or Equal to $1 Million | | |
|---|---|---|
| | Value of New Investment underlying Transaction | Amount of New Investment | City of Property Relating to New Investment |
| 1. | | | |
| 2. | | | |
| 3. | | | |

13.     Any stay imposed by Bankruptcy Rule 6004(h) is hereby waived and this

Order shall be immediately effective and enforceable.

14.     This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
       June 17, 2010

                    _s/ James M. Peck_____
                    UNITED STATES BANKRUPTCY JUDGE