UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
                                                     :
                    Debtors.                         : (Jointly Administered)
------------------------------------------------------------------x

### SECOND AMENDED ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1015(c) AND 9007 IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the proposed second amended order (the "Second Amended Case Management Order") of Lehman Brothers Holdings Inc., as debtor and debtor in possession ("LBHI" and, together with its jointly-administered affiliated debtors, the "Debtors"), pursuant to sections 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1015(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of certain amended notice, case management, and administrative procedures (the "Second Amended Procedures"), all as more fully set forth herein; and the Court having jurisdiction to consider the Second Amended Case Management Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and due and proper notice of the Second Amended Case Management Order having been provided to (i) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the attorneys for the official committee of unsecured creditors appointed in these cases (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court

having entered the Order Implementing Certain Notice and Case Management Procedures, dated September 22, 2008 [Docket No. 285] (the "Original Case Management Order"), and the Amended Order Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] (the "First Amended Case Management Order"); and the Court having found cause to make certain amendments to the First Amended Case Management Order; and the Court having found and determined that the relief sought in the Second Amended Case Management Order is in the best interests of the Debtors, their estates and creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The First Amended Case Management Order is superseded in its entirety by the Second Amended Case Management Order, and the Second Amended Procedures shall be effective for all matters filed after the entry of this Order.

2. The Debtors shall serve a printed copy of this Order upon all parties on the Master Service List (defined herein) on the date this Order is entered, or as soon thereafter as is practicable, which Order will be posted on www.lehman-docket.com.

3. The Second Amended Procedures set forth herein are approved and shall govern all aspects of these chapter 11 cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties.

4. To the extent the Second Amended Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the Second Amended Procedures shall govern these chapter 11 cases.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

6. Notice of the Second Amended Case Management Order has been provided and is hereby deemed good and sufficient notice of the Second Amended Case Management Order.

### Filing of Documents

7. All documents filed in these cases, including but not limited to all notices, motions, applications, other requests for relief, and documents filed in support thereof (collectively, the "Pleadings"), objections or responses to Pleadings ("Objections"), and replies to Objections (the "Replies," and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Lehman Brothers Holdings Inc.*, Chapter 11 Case No. 08-13555 (JMP) in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format.

### Parties Entitled to Service of Documents

8. All Documents shall be served, in the manner described herein, on the following parties (collectively, the "Standard Parties"):

   i. The Chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601;

   ii. Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors;

   iii. the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.;

   iv. Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq., attorneys for the Creditors' Committee;

   v. the attorneys for any other official committee(s) that may be appointed in these chapter cases; and

   vi. any person or entity with a particularized interest in the subject matter of a certain Document.

  9. In addition to the Standard Parties, Pleadings, but no other Document, must be served on all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Original Case Management Order, the First Amended Case Management Order or the Second Amended Procedures (the "Rule 2002 List"). Documents filed in adversary proceedings do not need to be served on the Rule 2002 List.

  10. The Debtors shall maintain a master service list which shall include the Standard Parties and the Rule 2002 List (collectively, the "Master Service List"). The Master Service List shall contain addresses and facsimile numbers, and may include e-mail addresses. The Debtors shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.

  11. The proceedings with respect to which notice is limited to the Master Service List include all matters covered by Bankruptcy Rule 2002, with the express exception of the following:  (i) notice of (a) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a chapter 11 plan; and (ii) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan. Notice of the foregoing matters shall be

4

given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise.

### Method of Service of Documents

12. The Debtors, the Creditors' Committee, and Examiner[1] shall serve the Standard Parties by U.S. mail, overnight delivery, hand delivery, or, with the exception of Chambers, facsimile (the choice of the foregoing being in the Debtors', the Creditors' Committee's or the Examiner's sole discretion). Parties other than the Debtors, the Creditors' Committee, and the Examiner shall serve Documents on the Standard Parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; *provided, however*, that service by facsimile by such parties shall not be effective. No party is permitted to serve the Standard Parties by e-mail and such service shall not be effective; *provided, however*, that the Debtors, the Creditors' Committee and the Examiner may agree to serve Documents on each other by e-mail.

13. Parties are authorized to serve parties on the 2002 Service List by e-mail; *provided, however*, that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery, the choice of the foregoing being in the sole discretion of the serving party in accordance with the Second Amended Procedures.

14. If service is authorized and completed by e-mail, paper copies of the Documents shall not be required to be served on interested parties by any other method and e-mail service shall satisfy the Court's rules for service.

---

[1] On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in these chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

5

15. Service by e-mail shall be effective as of the date the Document is sent to the e-mail address provided by a party.

16. All Documents served by e-mail shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the party serving the Document may, in its sole discretion (i) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) e-mail the party being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested or (b) posted on any website maintained in connection with these chapter 11 cases.

17. Any of the Standard Parties may request service by e-mail, and if such request is made, such party shall thereby be served in accordance with the Second Amended Procedures.

18. Pursuant to Local Rule 9070-1, a hard copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, shall be submitted to the U.S. Trustee.

19. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice.

## Requesting Notice

20. Any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Second Amended

Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) (a "Notice of Appearance").

21. A Notice of Appearance shall include the following information: (i) the party's name and address; (ii) the name of the client, if applicable; (iii) an e-mail address at which the requesting party may be served; (iv) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; and (v) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied.

22. Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile, in the sole discretion of the serving party in accordance with the Second Amended Notice Procedures.

Scheduling of Hearings

23. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings and other requests for relief shall be heard. Pre-trial conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; *provided, however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on a date that is at least forty-five (45) days after the filing of the complaint.

24. Pleadings filed in connection with, and trials related to, adversary proceedings shall be scheduled upon request of a party to the adversary proceeding and approval of the Court. After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties

to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court. If a briefing schedule cannot be agreed upon, the parties to the adversary proceeding shall appear at the next scheduled pre-trial conference or some other date set by the Court.

25. Hearings (a) in connection with individual and omnibus claims objections and other claims matters, such as motions pursuant to Bankruptcy Rule 9006(b) to file a late claim or deem a claim timely filed, or (b) to consider applications for professional compensation and reimbursement ("Fee Applications") shall be scheduled by the Debtors, in cooperation with the Court, on dates other than Omnibus Hearing dates. The Debtors shall provide notice of such hearings to parties in interest.

26. Hearings on Pleadings (other than Pleadings filed in adversary proceedings, which shall comply with paragraph 24 above) filed by a non-Debtor must be scheduled for an Omnibus Hearing except for as permitted under the Expedited Relief Procedures (as defined below). Notwithstanding the foregoing, Pleadings filed by a non-Debtor may thereafter be rescheduled by the Debtors for a date other than an Omnibus Hearing date through coordination with the Court and the filing and service of a notice of such adjournment on the docket.

27. If a Document is filed by a non-Debtor party and purports to set a hearing date inconsistent with the Second Amended Procedures, the hearing shall be scheduled, without the necessity of Court order, for the first applicable hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended.

28. If a movant or applicant other than the Debtors, Creditors' Committee, or the Examiner determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys requesting that the

motion or application be considered on an expedited basis (the "Expedited Relief Procedures"). If the Debtors disagree with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys, and the movant or applicant to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, request an expedited hearing.

### Filing Deadlines

29. Except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b), Pleadings filed in adversary proceedings or the Presentment Procedures (as defined below), Pleadings shall not be considered unless filed, noticed, and served in accordance with the Second Amended Procedures at least fourteen (14) calendar days before the applicable hearing date; *provided, however*, that if the parties served with the Pleading include parties being served (i) by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing, or (ii) by overnight delivery, the Pleading must be filed and served at least fifteen (15) calendar days before the next applicable hearing; *provided, further*, that subject to the Expedited Relief Procedures, nothing in the Second Amended Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c).

30. If a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the relevant hearing shall be set after the passage of the time period set forth in such rule; *provided however*, that pursuant to Bankruptcy Rule 9006(f), if service is by overnight delivery or U.S.

9

mail, one (1) or three (3) calendar days, respectively, shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b).

31. Notwithstanding anything contained herein, a party may settle or present a proposed order for approval by the Court as provided by Local Rule 9074-1; *provided, however*, the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven (7) calendar days before the presentment date and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "Presentment Procedures").

32. The deadline to file an Objection to any Pleading, including any joinder to an Objection, or any statement in respect of a Pleading (the "Objection Deadline") shall be (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days before the applicable hearing date or (ii) any date and time otherwise ordered by the Court; *provided, however*, that if a Pleading is filed in advance of the deadline for the filing of a Pleading pursuant to the paragraphs 29 and 30 above (the "Filing Deadline"), then the Objection Deadline for such Pleading may be set for a date that is more than seven (7) calendar days before the applicable hearing date, such date being equal to seven (7) calendar days plus the number of calendar days such Pleading was filed in advance of the Filing Deadline; *provided, further, however*, that notwithstanding anything to the contrary herein, the Debtors, the Creditors' Committee, the U.S. Trustee and the Examiner, but no other party, are authorized to file statements in support of Pleadings by the Reply Deadline (defined below). The Objection Deadline may be extended with the consent of the movant or applicant. An Objection will not be considered timely unless filed with the Court and received by the Standard Parties in accordance with the manner of service prescribed herein on or before the applicable Objection Deadline. All parties filing an

Objection (i) shall include their telephone and facsimile numbers in the signature block on the last page of the Objection and (ii) are required to attend the hearing, and failure to appear may result in the relief being granted or denied upon default.

33. Unless otherwise ordered by the Court, Replies, if any, shall be filed with the Court and served in accordance with these Second Amended Procedures on or before 12:00 noon (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing (the "Reply Deadline").

34. Sur-replies shall be not permitted or considered unless authorized by the Court.

Motions for Relief from the Automatic Stay and/or to<br>Compel Assumption or Rejection of an Executory Contract

35. Notwithstanding anything contained herein, motions for relief from the automatic stay ("Stay Relief Motions") in accordance with section 362 of the Bankruptcy Code and/or to compel assumption or rejection of an executory contract shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be 4:00 p.m. (Prevailing Eastern Time) on the date that this seven (7) calendar days prior to the applicable hearing.

36. Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

Submission of Orders

37.     A Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline, the attorney for the entity who has filed the Pleading (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Second Amended Procedures; (ii) serves the declaration via facsimile upon the attorneys for the Debtors and the Creditors' Committee one (1) business day prior to submission thereof to the Court; and (iii) delivers by U.S. mail, overnight delivery, or hand, a package to the Court including (a) the declaration described in subsection (i) above, (b) a disk containing an order granting the relief requested in the applicable Pleading, and (c) a printed copy of the order (collectively, the "No Objection Package").  Upon receipt of the No Objection Package, the Court may grant the relief requested in the Pleading without further submission, hearing, or request.  If the Court does not grant the relief, the Pleading will be heard at the Omnibus Hearing that is at least six (6) calendar days after the date the No Objection Package is received by the Court; *provided, however*, that if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

38.     In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further

notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Second Amended Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## Form of Documents

39. A "Notice of Hearing" shall be affixed to all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the Omnibus Hearing (as defined below) at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Second Amended Procedures.

40. The applicable Objection Deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto.

41. Nothing in these Second Amended Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these cases.

## Miscellaneous

42. By approximately 12:00 noon (Prevailing Eastern Time) on the day before a scheduled hearing, the Debtors shall file with the Court a letter (the "Agenda Letter") setting

forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile on: (i) Chambers; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; and (iv) any parties filing Documents to be heard at the hearing; *provided, however*, that an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours notice of a hearing.

43. Matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

44. If a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtors at least forty-eight (48) hours prior to the scheduled hearing. If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to these chapter 11 cases and supply the dial-in details to the Debtors' attorneys.

Dated: New York, New York
      June 17, 2010

                                  *s/ James M. Peck*
                              UNITED STATES BANKRUPTCY JUDGE