**HEARING DATE AND TIME: June 29, 2010 at 11:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 17, 2010 at 4:00 p.m. (Eastern Time)**

Walter B. Stuart, Esq.
Patrick D. Oh, Esq.
FRESHFIELDS BRUCKHAUS DERINGER US LLP
520 Madison Avenue
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

*Attorneys for SLB Leasing-Fonds GmbH & Co Herakles KG, SLB Leasing-Fonds GmbH & Co Odin KG, SLB Leasing-Fonds GmbH & Co Thor KG and SLB Leasing-Fonds GmbH & Co Uranus KG*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 08-13555 (JMP)**<br><br>**Jointly Administered** |

**RESPONSE OF SLB LEASING TO DEBTORS' FIFTEENTH OMNIBUS**
**OBJECTION TO CLAIMS (FOREIGN CURRENCY CLAIMS)**

SLB Leasing-Fonds GmbH & Co Herakles KG, SLB Leasing-Fonds GmbH & Co Odin KG, SLB Leasing-Fonds GmbH & Co Thor KG and SLB Leasing-Fonds GmbH & Co Uranus KG (collectively, "SLB Leasing") hereby respond and object to Debtors' Fifteenth Omnibus Objection To Claims (the "Fifteenth Omnibus Objection") [Dkt. No. 9099] seeking entry of an order disallowing and expunging certain specified claims, including Claim Nos. 19964, 19968, 19963 and 19967 asserted by SLB Leasing (the "SLB Leasing Claims"), and, in support thereof, respectfully represent as follows.

US808610/1+ 131497-0002

## BACKGROUND

1. Commencing on September 15, 2008 (the "Petition Date"), and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries and affiliates (the "Debtors") filed in this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

2. On July 2, 2009, the Court entered its Order Pursuant To Section 502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3) Establishing The Deadline For Filing Proofs Of Claim, Approving The Form And Manner Of Notice Thereof And Approving The Proof Of Claim Form (the "Bar Date Order") [Dkt. No. 4271], setting forth, *inter alia*, requirements particularly applicable to any Proof of Claim filed by a holder of a claim against a Debtor based on obligations arising under a guarantee (a "Guarantee Claim"). *See* Bar Date Order, attached as Exhibit A to the Declaration of Patrick D. Oh ("Oh Decl."), dated June 17, 2010, submitted contemporaneously herewith, at 7-8. Specifically, the Bar Date Order provides that a holder of a Guarantee Claim must:

    (a)    on or before the Bar Date fill-out and return a Proof of Claim in the same manner as all other claimants;

    (b)    on or before the Bar Date check the appropriate box on the Proof of Claim;

    (c)    on or before the Questionnaire Deadline (**October 22, 2009, at 5:00 pm (prevailing Eastern Time)**), log on to http://lehman-claims.com, enter the Unique ID Number included on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Guarantee Questionnaire, substantially in the form attached as Exhibit D hereto (the "Guarantee Questionnaire"); and

  (d)  on or before the Questionnaire Deadline, electronically upload supporting documentation and evidence of the underlying claim amount on the website, as required in the Guarantee Questionnaire, rather than attaching such documents to the Proof of Claim ….

*See* Oh Decl. Ex. A (Bar Date Order) at 7-8.

  3.  The Bar Date Order further provides that a holder of a Guarantee Claim "need only submit the documentation required by the [Guarantee Questionnaire] by the Questionnaire Deadline and need not submit the documentation required by the [Guarantee Questionnaire] with such holder's Proof of Claim by the Bar Date …." *See* Oh Decl. Ex. A (Bar Date Order) at 8. The Bar Date Order also provides that the information and documents uploaded to the website http://lehman-claims.com in support of a Guarantee Claim, including the Guarantee Questionnaire, shall be accessible to the Debtors, as well as the party submitting the information and the Creditors' Committee, but will not be accessible to other parties. *See* Oh Decl. Ex. A (Bar Date Order) at 9.

  4.  On September 21, 2009, SLB Leasing filed the SLB Leasing Claims, asserting contingent and unliquidated claims against LBHI arising from LBHI's guarantees of amounts that may be payable to SLB Leasing by subsidiaries of LBHI under a series of D-Payment Undertaking Agreements (the "DPUAs"). *See* Oh Decl. ¶ 3.

  5.  On October 21, 2009, SLB Leasing, in accordance with the procedures set forth in the Bar Date Order, completed the Guarantee Questionnaire with respect to each of the SLB Leasing Claims and uploaded supporting documentation to the website http://lehman-claims.com. The Guarantee Questionnaire requested, *inter alia*, "Amount of claim against Obligor" and "Amount of claim against the Guarantor". With

respect to each of the SLB Leasing Claims, SLB Leasing responded to those requests in dollar-denominated terms.  *See* Oh Decl. ¶ 4.

6. On January 14, 2010, the Court entered its Order Pursuant To Section 105(a) Of The Bankruptcy Code And Bankruptcy Rules 3007 And 9019(b) For Approval Of Claim Objection Procedures (the "Claim Objection Procedures Order") [Dkt. No. 6664], *inter alia*, authorizing the Debtors, "in addition to those grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims seeking reduction, reclassification and/or disallowance of claims on one or more of the following grounds (the "Additional Permitted Grounds"):

a) the amount claimed contradicts the Debtors' books and records; *provided* that the Debtors will include the amount of such claim, if any, reflected in their books and records;

b) the Claims were incorrectly classified;

c) the Claims seek recovery of amounts for which the Debtors are not liable; *provided* that the Debtors will include the legal basis for such objection;

d) the Claims do not include sufficient documentation to ascertain the validity of the Claim; and

e) the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

Claim Objection Procedures Order, attached as Exhibit B to the Oh Decl., at 2.[1]

---

[1] Bankruptcy Rule 3007(d) allows a debtor to file an Omnibus Claims Objection to object to multiple claims where the claims were all filed by the same entity, or where disallowance of multiple claims is sought on one of the following grounds: "(1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) they are interests, rather than claims; or (8) they assert

7.      On May 18, 2010, LBHI filed its Fifteenth Omnibus Objection, seeking an order, *inter alia*, disallowing and expunging the SLB Leasing Claims on the basis that the SLB Leasing Claims were filed "in denominations other than lawful currency of the United States" contrary to the requirements set forth in the Bar Date Order.  Fifteenth Omnibus Objection ¶ 14.

## ARGUMENT

### I.     The SLB Leasing Claims Were Denominated In U.S. Dollars

8.      The Fifteenth Omnibus Objection is devoid of merit.  The sole basis for its objection to the SLB Leasing Claims is that they were filed "in denominations other than lawful currency of the United States."  Fifteenth Omnibus Objection ¶ 14.  However, as described *supra*, the SLB Leasing Claims, although contingent and unliquidated, were clearly estimated and set forth in U.S. dollars for the purpose of the Guarantee Questionnaires submitted in conjunction with the respective Proofs of Claims.  In that regard, the Debtors' objection to the SLB Leasing Claims is simply misinformed.[2]

---

priority in an amount that exceeds the maximum amount under § 507 of the Code."  Fed. R. Bankr. P. 3007(d) (re-formatted for economy of space).

[2] The Fifteenth Omnibus Objection is also *procedurally improper* in that the ground on which it seeks expungement of claims is not among those enumerated in Bankruptcy Rule 3007(d) or the Claim Objection Procedures Order.  The Debtors, having successfully moved the Court for an order granting them permission to file omnibus objections on the Additional Permitted Grounds (i.e., the Claim Objection Procedures Order), inexplicably proceeded to file the Fifteenth Omnibus Objection without stating which permitted ground allowed agglomeration of the objections contained therein.  SLB Leasing can now only venture a guess as to which available ground the Debtors viewed as allowing the present objections, but it is evident that none of the permitted grounds in Bankruptcy Rule 3007(d) or the Claim Objection Procedures Order provides a valid basis for the Debtors' Fifteenth Omnibus Objection.  Thus, the Fifteenth Omnibus Objection is not a properly filed omnibus objection and is dismissable in its entirety as procedurally defective.

9.  The information supplied in the Guarantee Questionnaire is manifestly part and parcel with the Proof of Claim. This is evident in the fact that the claims procedures set forth in the Bar Date Order clearly treat the Guarantee Questionnaire as part of the Proof of Claim for holders of Guarantee Claims (*see supra* ¶¶ 2-3) and is also evident on the face of the Proof of Claim form itself (*see* Oh Decl. Ex. A (Bar Date Order) Exhibit B (Proof of Claim Form), box 1 (indicating Guarantee Questionnaire requirement for holders of Guarantee Claims)).

10.  Furthermore, the Debtors clearly had access to the Guarantee Questionnaire, as specifically provided under the Bar Date Order. *See supra* ¶ 3.

11.  In light of these undisputable facts, the Debtors' omnibus objection to the SLB Leasing Claims is baseless and should be dismissed. To hold otherwise would be to disregard the information duly provided in the Guarantee Questionnaire, thereby exalting an unreasonably strict reading of the Bar Date Order over its substance.

II.  **The SLB Leasing Claims Are Contingent and Unliquidated Claims Arising From Euro-Denominated Obligations That Need Not Be Reduced To Dollar Amounts**

12.  Even if the Court decides to view the Proofs of Claims separately from the incorporated Guarantee Questionnaires, the information provided in the Proofs of Claims does not run afoul of the requirements of the Bar Date Order and Debtors' objections also merit dismissal on that basis.

13.  The SLB Leasing Claims are "contingent" claims; i.e., they seek recovery of amounts that cannot be accurately estimated or calculated prior to the occurrence of certain specified, future events. *See, e.g.,* Attachment to Proof of Claim

No. 19964, ¶ 5; *see also Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*, 266 B.R. 575, 582 (S.D.N.Y. 2001) (observing that contingent claims are defined as "obligations that become due upon the happening of a future event"). As set forth in further detail in the SLB Leasing Claims, although LBHI did not owe any amounts to SLB Leasing at the Petition Date, LBHI will be liable to SLB Leasing, pursuant to its guarantee obligations with respect to the DPUAs, for amounts to be calculated under the provisions of the DPUAs upon the occurrence of certain future events. *See, e.g.,* Attachment to Proof of Claim No. 19964, ¶¶ 4-9.

14. In addition, the DPUAs are denominated in Euro terms. *See* Oh Decl. ¶ 3.

15. Thus, due to the contingent and unliquidated nature of the claims, there is no basis to require SLB Leasing to estimate the value of each of the SLB Leasing Claims, let alone to do so in U.S.-denominated currency.[3] *See In re Enron Corp.*, 328 B.R. 75, 78 (Bankr. S.D.N.Y. 2005) (noting that claimants in that case filed separate proofs of claims "in unliquidated amounts").

16. As stated by SLB Leasing consistently and repeatedly throughout the Proofs of Claims, "[t]he amount of [SLB Leasing's] contingent claims cannot be reasonably calculated or estimated at this time, but [SLB Leasing] does not waive its right to seek payment from … LBHI by not currently stating a specified amount." *See, e.g.,*

---

[3] Indeed, holding otherwise would be inconsistent with the scheme of the Bankruptcy Code, which specifically provides a mechanism for estimation of contingent or unliquidated claims by the Bankruptcy Court in appropriate circumstances. *See* 11 U.S.C. § 502(c); 4 <u>Collier on Bankruptcy</u> ¶ 502.04[2] (Alan N. Resnick and Henry J. Somner, eds., 16th ed. 2010) ("The language of section 502(c) is mandatory and places upon the court an affirmative duty to estimate unliquidated claims in the proper circumstances.").

Attachment to Proof of Claim No. 19964, ¶ 5.  In any event, as described *supra*, the SLB Leasing Claims, although contingent and unliquidated, were denominated in U.S. Dollars on the Guarantee Questionnaires solely for estimation purposes.  *See* ¶¶ 5, 8, *supra*.

17. So stated, the SLB Leasing Proofs of Claims adequately state the basis for the SLB Leasing Claims and do not run afoul of the requirements of the Bar Date Order.  Therefore, Debtors' objections to the SLB Leasing Claims on the basis of foreign currency denomination fail and should be rejected by the Court.

### III. Alternatively, SLB Leasing Should Be Allowed To Amend Its Proofs Of Claims

18. In the event that the Court disagrees with the foregoing arguments, SLB Leasing should be permitted to amend its Proofs of Claims, including for the purpose of copying the dollar-denominated figures estimated in the Guarantee Questionnaires and inserting them into their amended Proofs of Claims.  *Cf. In re Andover Togs, Inc.*, 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999) ("It is well-settled that the decision to permit an amendment of a proof of claim rests within the sound discretion of the bankruptcy judge … [and] are allowed, where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.") (citations and internal punctuation omitted).

## **CONCLUSION**

19. On the foregoing bases, SLB Leasing respectfully submits that the Debtors' Fifteenth Omnibus Objection is meritless insofar as it seeks to expunge and disallow the SLB Leasing Claims and therefore should be dismissed by the Court.

Dated: New York, New York
       June 17, 2010

FRESHFIELDS BRUCKHAUS DERINGER US LLP

*/s/ Walter Stuart*
Walter B. Stuart, Esq.
Patrick D. Oh, Esq.

520 Madison Avenue
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

*Attorneys for SLB Leasing-Fonds GmbH & Co Herakles KG, SLB Leasing-Fonds GmbH & Co Odin KG, SLB Leasing-Fonds GmbH & Co Thor KG and SLB Leasing-Fonds GmbH & Co Uranus KG*

## CERTIFICATE OF SERVICE

I, Walter B. Stuart, hereby certify that a true and correct copy of the foregoing Response Of SLB Leasing To Debtors' Fifteenth Omnibus Objection To Claims (Foreign Currency Claims) was served electronically through the Court's ECF system on parties requesting electronic service and on the following parties by hand, this 17th day of June, 2010:

Honorable James M. Peck
United States Bankruptcy Court for the
  Southern District of New York
Courtroom 601
One Bowling Green
New York, NY 10004

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(Attn: Shai Waisman, Esq.)

Office of the United States Trustee for the
  Southern District of New York
33 Whitehall Street
21st Floor
New York, NY 10004
(Attn: Andy Velez-Rivera, Esq., Paul
  Schwartzberg, Esq., Brian Masumoto,
  Esq., Linda Riffkin, Esq., and Tracy Hope
  Davis, Esq.)

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
(Attn: Dennis F. Dunne, Esq., Dennis
  O'Donnell, Esq., and Evan Fleck, Esq.)

*/s/ Walter Stuart*
Walter B. Stuart, Esq.

US808610/1+ 131497-0002