**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3007 AND 9019(b) FOR APPROVAL OF CLAIM OBJECTION PROCEDURES

Upon the motion, dated December 23, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. and its and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b), for approval of Claim Objections Procedures, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] (the "Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

> ORDERED that the Motion is granted; and it is further

> ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors, and other parties in interest, are hereby authorized, in addition to those grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims seeking reduction, reclassification and/or disallowance of claims on one or more of the following grounds (the "Additional Permitted Grounds"):

> > a) the amount claimed contradicts the Debtors' books and records; *provided* that the Debtors will include the amount of such claim, if any, reflected in their books and records;
> > b) the Claims were incorrectly classified;
> > c) the Claims seek recovery of amounts for which the Debtors are not liable; *provided* that the Debtors will include the legal basis for such objection;
> > d) the Claims do not include sufficient documentation to ascertain the validity of the Claim; and
> > e) the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

(collectively, the "Permitted Grounds"); and it is further

ORDERED that the Debtors, and other parties in interest, are authorized to file Omnibus Claims Objections to no more than 500 Claims at a time on the Permitted Grounds; and it is further

ORDERED that, except as expressly provided herein, the Debtors, and other parties in interest, shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each Claim; and it is further

ORDERED that the Debtors are authorized to serve a Claim Objection Notice, rather than the entire omnibus claim objection, on each claimant whose claim is the subject of the applicable omnibus claim objection and, if known, its counsel. The Claim Objection Notice shall be in a form substantially similar to the notice attached hereto as Exhibit "A," shall be personalized for each claimant, and shall include an explanation of the claim objection process, a description of the basis of the omnibus claim objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the omnibus claim objection, and information on how the claimant might obtain a complete copy of the omnibus objection. The Debtors retain the right to serve omnibus claim objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion; and it is further

ORDERED that the Debtors shall file all omnibus and individual objections with this Court to be made publicly available on the docket through PACER and for free on the website of the Debtors' approved notice and claim agent. Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection

or an individual objection) on the U.S. Trustee and counsel to the Creditors' Committee; (b) with respect to Omnibus Claims Objections, service of a Claim Objection Notice on the claimant whose claims is the subject of the applicable omnibus claim objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known; and it is further

ORDERED that responses to the Debtors' individual and omnibus claim objections shall be due thirty (30) calendar days after mailing of the objection, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day; *provided, however*, that the Debtors reserve the right to request that the Court impose an alternative response date or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; *provided, however*, this Order will have no effect on the claims of any party that objected to the Motion (the "Exempt Claimants" and each an "Exempt Claimant") until such time as that Exempt Claimant's objection can be heard. The Exempt Claimants not subject to the procedures outlined in this Order are:

a) Objection of Bundesverband deutscher Banken e.V. [Docket No. 6484];
b) Objection of Societe Generale and Canadian Imperial Bank of Commerce [Docket No. 6489];
c) Objection of Certain Finnish Program Securities Holders [Docket No. 6490];
d) Objection of U.S. Bank National Association, as Trustee [Docket No. 6500];

4

e) Joinder of Rogge Global Partners PLC to the Objection of Societe Generale and Canadian Imperial Bank of Commerce [Docket No. 6503];

f) Joinder of Banco Bilbao Vizcaya Argentaria, S.A. to the Objection of Societe Generale and Canadian Imperial Bank of Commerce [Docket No. 6504];

g) Limited Objection of the Bank of New York Mellon, et al. [Docket No. 6505];

h) Joinder of International Bank for Reconstruction and Development, et al. to the Objection of Societe Generale and Canadian Imperial Bank of Commerce [Docket No. 6506];

i) Joinder of Federal National Mortgage Association to the Objection of Societe Generale and Canadian Imperial Bank of Commerce [Docket No. 6573];

j) Joinder of Federal Home Loan Mortgage Corporation to the Objection of Societe Generale and Canadian Imperial Bank of Commerce [Docket No. 6578];

The rights of the Exempt Claimants are neither enlarged nor reduced in any way by this Order; and it is further

ORDERED that this Court shall retain its right to modify and revise this Order following a hearing and consideration of the Exempt Claimants' objections; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: New York, New York
January 14, 2010

                                               *s/ James M. Peck*
                                               UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## (Notice of Omnibus Objection)

**THIS IS A NOTICE REGARDING YOUR CLAIM. YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
-----------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' [insert ordinal]
OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM
[insert basis for objection]**

**[Claimant Name]**

| Filed | | | | | Basis For Objection | Proposed | | | Surviving | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Claim # | Debtor | Classification | Amount | | Debtor | Classification | Amount | Claim # | Amount |
| | | | | | | | | | | |

PLEASE TAKE NOTICE that, on _____, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim **[insert basis for objection]** (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1] The category of claim objection applicable to you is identified in the table above in the column entitled "Basis for Objection."

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]**. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.

If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on _____, 2010 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection,

---

[1]  A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; and (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

A hearing will be held on _____, 2010 to consider the Objection. The hearing will be held at _____ Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you have any questions about this notice or the Motion, or if you would like to request a complete copy of the Motion at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC at (866) 879-0688. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: [    ], 2010
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION