UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                            :

In re                                        :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         08-13555 (JMP)

                   Debtors.         :         (Jointly Administered)

---------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE GRANTING AUTHORITY TO LEHMAN BROTHERS HOLDINGS INC. TO MAKE NEW DEBT INVESTMENT IN 237 PARK AVENUE PROPERTY

Upon the motion, dated June 7, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as debtor in possession (together with their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing LBHI to use up to $255.4 million in estate funds to purchase the B Note tranche of 237 Park's senior debt, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

[Docket No. 2837]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI is authorized and empowered, but not directed, to negotiate, in consultation with the Creditors' Committee, with the Seller for the purchase of the B Note; and it is further

ORDERED that LBHI is authorized and empowered, but not directed, to use estate funds as necessary to purchase the B Note at a purchase price up to its par value and to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, to make any required deposits, and to take any and all corporate and other actions that may be necessary or appropriate to purchase the B Note; and it is further

ORDERED that to the extent it is ultimately determined that a Debtor or non-debtor affiliate, other than LBHI, is the beneficial owner of the notes issued by SASCO C2-2008, that entity will be responsible for the purchase price, if any, of the B Note or be deemed to have made such payment for intercompany accounting purposes; and it is further

ORDERED that nothing contained in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LBHI, Lehman Commercial Paper Inc., or any of the Debtors or their non-debtor affiliates except as otherwise expressly provided in the Motion, that any of the Debtors or non-debtor affiliates may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other or third

3

parties.  It is further ordered that the parties are authorized to execute such further documentation necessary to reflect this reservation of rights; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       June 17, 2010

                              *s/ James M. Peck*
                              UNITED STATES BANKRUPTCY JUDGE