UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                        :    08-13555 (JMP)
                                                                :
                    Debtors.                                    :    (Jointly Administered)
                                                                :
                                                                :
----------------------------------------------------------------x

### ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW DELIVERY OF ACCELERATION NOTICES TO LBHI UNDER THE EMTN PROGRAM

Upon the motion, dated May 3, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order granting a modification of the automatic stay provided for in sections 105(a) and 362(a) of the Bankruptcy Code, to allow holders (the "Holders") of Structured Notes[1] issued by Lehman Brothers Treasury Co. B.V. ("LBT") to send acceleration notices to LBHI, as required by the governing documentation of the Structured Notes, solely for the purpose of accelerating their claims against LBT in LBT's bankruptcy proceeding in the Netherlands, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Holders are authorized to deliver notices to LBHI with respect to such Structured Notes solely for the purpose of accelerating their claims against LBT in LBT's bankruptcy case in the Netherlands in accordance with the requirements of the documents governing the Structured Notes; and it is further

ORDERED that the delivery of notices of acceleration authorized hereby shall have no effect on LBHI's liabilities, if any, in connection with the Structured Notes or the Guarantee; and it is further

ORDERED that the entry of this Order shall be without prejudice to all rights, claims and defenses that (i) the Holders, (ii) LBHI, and (iii) the Creditors' Committee may have regarding the manner in which proof(s) of claim against LBHI on account of the Structured Notes or the Guarantee are to be calculated, and the validity and enforceability of the Guarantee;

*provided, however*, that absent further order of the Court, neither this Order nor the delivery of any notices of acceleration authorized hereby shall constitute a basis for allowing the Holders' proof(s) of claim against LBHI in an amount greater than the maximum permissible claim the Holders could assert against LBHI pursuant to the Structured Notes' governing documentation in the absence of the Holders' delivery of the notices of acceleration authorized hereby; and it is further

ORDERED that nothing in this Order or in the Motion shall constitute a determination by the Court or a binding position by any party regarding any provision of Dutch law; and it is further

ORDERED that this Order shall be effective *nunc pro tunc* to September 15, 2008, and all notices of acceleration of the Structured Notes delivered to LBHI on or after the Commencement Date, other than those delivered by Merrill, shall be deemed delivered under and in accordance with this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; and it is further

Dated: New York, New York
      June 17, 2010

                                         *s/ James M. Peck*
                                      UNITED STATES BANKRUPTCY JUDGE