Weiland, Golden, Smiley, Wang Ekvall &
Strok, LLP
Evan D. Smiley, CA State Bar No. 161812
esmiley@wgllp.com
Robert S. Marticello, CA State Bar No. 244256
rmarticello@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: 714-966-1000
Facsimile: 714-966-1002

Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
Telephone: 212-643-7000
Facsimile: 212-643-6500

Attorneys for Alfred H. Siegel,
Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ---------------------------------------------------- x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC., et al,** | : | **Case No. 08-13555 (JMP)** |
| | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| ---------------------------------------------------- x | | |

### DECLARATION OF EVAN D. SMILEY IN SUPPORT OF MOTION OF THE CHAPTER 11 TRUSTEE OF THE SUNCAL MASTER DEBTORS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

I, Evan D. Smiley, declare as follows:

1.  I am a partner in the law firm Weiland, Golden, Smiley, Wang Ekvall & Strok,

counsel for Alfred H. Siegel (the "Trustee"), the chapter 11 trustee of the jointly administered

bankruptcy cases of LBREP/L-SunCal Master I, LLC (the "SunCal Parent Debtor"), and

LBREP/L-SunCal McAllister Ranch, LLC, LBREP/L-SunCal McSweeney Farms, LLC, and

LBREP/L-SunCal Summerwind Ranch, LLC (collectively, the "SunCal Subsidiary Debtors" and

together with the SunCal Parent Debtor, the "SunCal Master Debtors"), currently pending in the
United States Bankruptcy Court, Central District of California, Santa Ana Division, before Judge
Erithe A. Smith (the "California Bankruptcy Court"). I make this declaration in support of the
Motion of the Chapter 11 Trustee of the SunCal Master Debtors for Order Granting Relief from
the Automatic Stay (the "Motion"). All terms as defined in the Motion are incorporated herein
by this reference. I know each of the following facts to be true of my own personal knowledge,
except as otherwise stated, and, if called as a witness, I could and would competently testify with
respect thereto.

     2.    On or about September 10 and 11, 2008, involuntary petitions under chapter 11 of
the Bankruptcy Code were filed against the SunCal Master Debtors. The SunCal Master
Debtors' bankruptcy cases (the "SunCal Master Bankruptcy Cases") are being jointly
administered pursuant to an order of the California Bankruptcy Court entered on November 13,
2008.

     3.    On or about October 30, 2008, the California Bankruptcy Court entered an order
for relief in the SunCal Master Bankruptcy Cases and an order approving the Trustee's
appointment.

     4.    On October 2, 2008, LCPI filed a motion for relief from the automatic stay in
each of the SunCal Master Debtors' chapter 11 cases (collectively, the "LCPI Stay Relief
Motions"), which were set for an evidentiary hearing by the California Bankruptcy Court.
Pursuant to a stipulation between the Trustee and LCPI, which was approved by order of the
California Bankruptcy Court, the evidentiary hearing on the LCPI Stay Relief Motions was taken
off calendar as the parties explored settlement alternatives. Pursuant to the stipulation and order,
LCPI can re-notice the evidentiary hearing on the LCPI Stay Relief Motions, without re-filing or
re-serving such motions and supporting pleadings, on not less than 60 days' written notice. A
true and correct copy of the stipulation to take the evidentiary hearing off calendar and the order
approving the same are attached hereto as Exhibits "A" and "B," respectively.

5.    A true and correct copy of Claim No. 49-1 filed by LCPI on March 20, 2009, is
attached hereto as Exhibit "C."

6.    A true and correct copy of Claim No. 88-1 filed by LCPI On March 23, 2009, is
attached hereto as Exhibit "D."

7.    In connection with opposing the LCPI Stay Relief Motions, my firm prepared a
draft complaint asserting claims to: (1) equitably subordinate the claims of LCPI and cause the
liens securing LCPI's claims to be transferred to the estates; (2) avoid the security interests held
by LCPI against the Properties as fraudulent transfers and preserve those security interests for the
benefit of the estates; and (3) to obtain money damages against LCPI for breach of fiduciary duty
and breach of the covenant of good faith and fair dealing. A true and correct copy of the draft
complaint is attached hereto as Exhibit "E."

8.    In or around December 2008, I, on the Trustee's behalf, began settlement
discussions with LCPI. On October 9, 2009, after months of negotiations, the Trustee filed a
motion (the "Compromise Motion") to approve a term sheet globally resolving the disputes
existing between the Trustee, the Official Committee of Unsecured Creditors for the SunCal
Master Debtors (the "Committee"), and LCPI. The Compromise Motion was initially heard on
November 3, 2009. The California Bankruptcy Court continued the hearing on the Compromise
Motion to December 17, 2009. On November 25, 2009, the Trustee filed an *ex parte* motion to
continue the hearing on the Compromise Motion for an additional 30-45 days to attempt to
resolve the objections to the Compromise Motion. On December 2, 2009, the California
Bankruptcy Court entered an order granting the Trustee's *ex parte* motion and continuing the
hearing on the Compromise Motion to February 2, 2010.

9.    The Compromise Motion was, for various reasons, opposed by multiple third
parties, including Fidelity National Title, Lehman Lakeside, and Gramercy. The objections
raised by certain of the opposing parties created a dispute between the Trustee and the
Committee, on one hand, and LCPI, on the other hand, regarding the interpretation of what
proved to be ambiguous provisions in the Term Sheet. The parties attempted to negotiate

revisions to the Term Sheet to resolve the dispute, but were unable to reach an agreement. As a result, on January 25, 2010, the Trustee filed a notice of withdrawal of the Compromise Motion. By letter dated March 30, 2010, I was notified by LCPI of its termination of the proposed settlement.

10.    The Trustee has received multiple letters of intent to acquire the SunCal Subsidiary Debtors' Properties free and clear of liens and interests and intends to proceed with a sale of the Properties, subject to overbid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 17th day of June, 2010, at Costa Mesa, California.

_____
Evan D. Smiley

4

# EXHIBIT A

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 6 of 64

Case 8:08-bk-15588-ES    Doc 236    Filed 05/29/09    Entered 05/29/09 12:33:11    Desc
Main Document    Page 1 of 7

1  **WEILAND, GOLDEN
   SMILEY, WANG EKVALL & STROK, LLP**
2  Evan D. Smiley, State Bar No. 161812
   esmiley@wgllp.com
3  Lei Lei Wang Ekvall, State Bar No. 163047
   lekvall@wgllp.com
4  Hutchison B. Meltzer, State Bar No. 217166
   hmeltzer@wgllp.com
5  Robert S. Marticello, State Bar No. 244256
   rmarticello@wgllp.com
6  650 Town Center Drive, Suite 950
   Costa Mesa, California 92626
7  Telephone:   (714) 966-1000
   Facsimile:   (714) 966-1002
8
   General Bankruptcy Counsel for
9  Chapter 11 Trustee, Alfred H. Siegel

10              UNITED STATES BANKRUPTCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   SANTA ANA DIVISION

13  In re                                  )  Case No.  8:08-bk-15588-ES
                                           )
14  LBREP/L-SUNCAL MASTER I, LLC, et al.   )  Chapter 11 Case
                                           )
15                                         )  (Jointly Administered with Case Nos.
                                           )  8:08-bk-15637-ES; 8:08-bk-15639-ES;
16                                         )  and 8:08-bk-15640-ES)
                                           )
17                                         )
                                           )  **STIPULATION TO TAKE EVIDENTIARY
18                Debtor                    )  HEARING ON MOTIONS FOR RELIEF
                                           )  FROM THE AUTOMATIC STAY FILED
19  _____    BY LEHMAN COMMERCIAL PAPER
                                           )  INC. OFF CALENDAR, AND TO
20  _____ Affects LBREP/L-SunCal Master I, LLC )  SUSPEND RELATED DEADLINES AND
    Only                                    )  DISCOVERY**
21  _____ Affects LBREP/L-SunCal McAllister  )
    Ranch, LLC Only                         )  **DATE:**    June 19, 2009
22                                         )  **TIME:**    9:00 a.m.
    _____ Affects LBREP/L-SunCal McSweeny   )  **PLACE:  Courtroom 5A**
23  Farms, LLC Only                         )            **411 West Fourth Street**
                                           )            **Santa Ana, CA 92107**
24  _____ Affects LBREP/L-SunCal Summerwind )
    Ranch, LLC Only                         )
25                                         )
    _X__ Affects All Debtors.              )
26                                         )
                                           )
27

28

297334-1

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration
of Evan D. Smiley in support of Stay Relief Motion   Pg 7 of 64

Case 8:08-bk-15588-ES   Doc 236   Filed 05/29/09   Entered 05/29/09 12:33:11   Desc
Main Document      Page 2 of 7

1     Alfred H. Siegel, the chapter 11 trustee (the "Trustee") of the jointly administered

2  estates of LBREP/L-Lehman SunCal Master I, LLC, LBREP/L-SunCal McAllister Ranch,

3  LLC, and LBREP/L-SunCal McSweeny Farms, LLC, and  LBREP/L-SunCal Summerwind

4  Ranch, LLC (collectively, the "Debtors"), and Lehman Commercial Paper, Inc. ("LCPI"), as

5  First Lien Administrative Agent for the First Lien Lenders, by and through the undersigned

6  counsel, enter into this Stipulation to Take Evidentiary Hearing on Motions for Relief from

7  the Automatic Stay filed by LCPI Off Calendar, and to Suspend Related Deadlines and

8  Discovery (the "Stipulation").

9                                                    **RECITALS**

10     1.     On October 2, 2008, LCPI filed four motions for relief from the automatic

11  stay (collectively, the "Motions"), one in each individual case.

12     2.     On or about October 29, 2008, the Court entered an order approving

13  Alfred H. Siegel's appointment as the chapter 11 trustee.

14     3.     The Motions were originally scheduled for hearing on October 28, 2008.

15  The hearing on the Motions was continued to November 20, 2008, and then to

16  February 6, 2009 for an evidentiary hearing (the "Evidentiary Hearing").  The Court also

17  set certain related deadlines to designate experts, file expert reports, and file trial briefs.

18     4.     In connection with the Motions and the Evidentiary Hearing, the Trustee

19  served certain discovery, including, but not limited to, noticing the depositions of the

20  Persons Most Knowledgeable at LCPI, LBREP/L-SunCal Master I, LLC, and LBREP

21  Lakeside SC Master I, LLC (collectively, the "Depositions").

22     5.     Pursuant to a stipulation between the parties, the Evidentiary Hearing was

23  continued from February 6, 2009 to March 13, 2009, and then to May 8, 2009.  The order

24  approving the most recent stipulation was entered by the Court on April 8, 2009 and

25  continued the Evidentiary Hearing to June 19, 2009 (the "Order").

26     6.     The Order also set the following deadlines in connection with the Evidentiary

27  Hearing: (a) May 26, 2009, as the deadline to designate experts; (b) May 29, 2009, as the

28  deadline for the parties to file and serve expert reports; and (c) June 5, 2009, as the

297334-1

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration of Evan D. Smiley in support of Stay Relief Motion   Pg 8 of 64

Case 8:08-bk-15588-ES   Doc 236   Filed 05/29/09   Entered 05/29/09 12:33:11   Desc Main Document   Page 3 of 7

1  deadline to file and serve trial briefs (collectively, the "Evidentiary Hearing Deadlines").

2  The Court set June 5, 2009 as the deadline to comply with the requirements of 11 U.S.C.

3  § 362(d)(3) (the "Section 362(d)(3) Deadline"). The Court also ordered that the

4  Evidentiary Hearing would be removed from the Court's calendar absent the filing of a

5  Joint Notice of Readiness for Evidentiary hearing by May 29, 2009.

6       7.    LCPI and the Trustee are engaged in discussions to consensually resolve

7  the Motion, and the parties have made substantial progress in their discussions. For this

8  reason, the parties have agreed to take the Evidentiary Hearing off calendar, and to

9  suspend the related deadlines and discovery, subject to the parties rights to re-notice

10  and/or reinstate the same, so that the Trustee and LCPI may continue their settlement

11  efforts.

12  **STIPULATION**

13      **NOW, THEREFORE,** based on the above recitals, and subject to Court approval of

14  the Stipulation, the Trustee and LCPI stipulate as follows:

15       1.    The Evidentiary Hearing currently scheduled for June 19, 2009, at 9:00 a.m.

16  will be taken off calendar and the Evidentiary Hearing Deadlines shall be suspended;

17  provided, however, that LCPI shall have the right to re-notice the Evidentiary Hearing,

18  without the necessity of re-filing and re-serving any of the Motions, and supporting

19  pleadings, on not less than 60 days' written notice filed with the Court and served on the

20  Trustee and his counsel, and those parties entitled to notice pursuant to the Federal Rules

21  of Bankruptcy Procedure 4001(a)(1). The previously filed Motions and oppositions and

22  replies related thereto, including all related declarations and supplemental briefs, shall be

23  considered as if such pleadings were timely re-filed and re-served prior to the Evidentiary

24  Hearing.

25       2.    The Depositions and the discovery requests served by the Trustee in

26  connection with the Motions are temporarily suspended; provided, however, that the

27  Trustee shall have the right to reinstate its discovery efforts, including, but not limited to,

28

297334-1

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration
of Evan D. Smiley in support of Stay Relief Motion   Pg 9 of 64

Case 8:08-bk-15588-ES   Doc 236   Filed 05/29/09   Entered 05/29/09 12:33:11   Desc
Main Document   Page 4 of 7

1  re-noticing the Depositions, and/or to serve or request additional discovery, if LCPI re-

2  notices the Evidentiary Hearing, as provided in Paragraph 1 above.

3      3.    If LCPI re-notices the Evidentiary Hearing, as provided in Paragraph 1

4  above, then the Evidentiary Hearing Deadlines shall be as follows:

5          (a)    The deadline to designate experts will be the date that is 24 calendar

6              days prior to any continued date for the Evidentiary Hearing;

7          (b)    The deadline to file and serve expert reports will be the date that is 20

8              calendar days prior to any continued date for the Evidentiary Hearing;

9              and

10          (c)    The deadline to file and serve trial briefs will be the date that is 14

11              calendar days prior to any continued date for the Evidentiary Hearing.

12      4.    If any of the Evidentiary Hearing Deadlines fall on a weekend or holiday, the

13  applicable deadline date shall fall on the next business day.

14      5.    The Section 362(d)(3) Deadline, which was previously extended by Court

15  order entered on April 8, 2009, to June 5, 2009, will be extended for approximately 60

16  days to August 4, 2009.

17      **IT IS SO STIPULATED.**

18  DATED: May _29_, 2009          WEILAND, GOLDEN
                          SMILEY, WANG EKVALL & STROK, LLP

19

20                            By: _____

21                            ROBERT S. MARTICELLO

22                            General Bankruptcy Counsel for
                          Chapter 11 Trustee, Alfred H. Siegel

23  DATED: May 29, 2009          CADWALADER, WICKERSHAM & TAFT LLP

24

25                            By:   _/s/ Andrew M. Troop____
                          ANDREW M. TROOP

26                            *Admitted Pro Hac Vice*

27                            Attorney for Lehman Commercial
                          Paper Inc., as First Lien Administrative

28                            Agent for the First Lien Lenders

297334-1

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration of Evan D. Smiley in support of Stay Relief Motion   Pg 10 of 64

Case 8:08-bk-15588-ES   Doc 236   Filed 05/29/09   Entered 05/29/09 12:33:11   Desc
Main Document     Page 5 of 7

| In re: | CHAPTER 11 |
| LBREP/L-SUNCAL MASTER I, LLC, et al. | |
| Debtor(s). | CASE NUMBER 8:08-bk-15588-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

The foregoing document described **STIPULATION TO TAKE EVIDENTIARY HEARING ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY FILED BY LEHMAN COMMERCIAL PAPER BY LEHMAN COMMERCIAL PAPER INC. OFF CALENDAR , AND TO SUSPEND RELATED DEADLINES AND DISCOVERY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>May 29, 2009</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On <u>May 29, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>May 29, 2009</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Hon. Erithe Smith
United States Bankruptcy Court
411 W. 4th Street
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 29, 2009 | MARGARET SCIESINSKI | *(signature)* |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 11 of 64

Case 8:08-bk-15588-ES    Doc 236    Filed 05/29/09    Entered 05/29/09 12:33:11    Desc
Main Document    Page 6 of 7

| In re:<br>LBREP/L-SUNCAL MASTER I, LLC, et al.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:08-bk-15588-ES |
| --- | --- |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Thomas Scott Belden    sbelden@kleinlaw.com, srucker@kleinlaw.com;kfryer@kleinlaw.com
Scott C Clarkson    sclarkson@lawcgm.com
Jonathan S Dabbieri    dabbieri@shlaw.com
Lei Lei Wang Ekvall    lekvall@wgllp.com
Heather Fowler    heather.fowler@lw.com, colleen.rico@lw.com
Robert P Goe    kmurphy@goeforlaw.com
Marshall F Goldberg    mgoldberg@glassgoldberg.com
Kelly C Griffith    bkemail@harrisbeach.com
Michael J Hauser    michael.hauser@usdoj.gov
Gil Hopenstand    gh@lnbrb.com
Christopher W Keegan    ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com
Yale K Kim    ykim@allenmatkins.com
Kerri A Lyman    klyman@irell.com
Eve A Marsella    emarsella@lawcgm.com
Robert S Marticello    Rmarticello@wgllp.com
Hutchison B Meltzer    hmeltzer@wgllp.com
Joel S. Miliband    jmiliband@rusmiliband.com
James M Miller    jmiller@millerbarondess.com
Ramon Naguiat    rnaguiat@skadden.com
Raymond A Policar    hausermouzes@sbcglobal.net
Craig M Rankin    cmr@lnbrb.com
Daniel H Reiss    dhr@lnbrb.com
Martha E Romero    Romero@mromerolawfirm.com
Mark C Schnitzer    mschnitzer@rhlaw.com
Alfred H Siegel    ahstrustee@horwathcal.com, ca51@ecfcbis.com
Evan D Smiley    esmiley@wgllp.com
Autumn D Spaeth    aspaeth@wgllp.com
Andrew Troop    andrew.troop@cwt.com, scott.griffin@cwt.com;jill.kaylor@cwt.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Michael D Warner    echou@warnerstevens.com
David R Zaro    dzaro@allenmatkins.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                F 9013-3.1

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration of Evan D. Smiley in support of Stay Relief Motion   Pg 12 of 64

Case 8:08-bk-15588-ES   Doc 236   Filed 05/29/09   Entered 05/29/09 12:33:11   Desc Main Document   Page 7 of 7

| In re:<br>LBREP/L-SUNCAL MASTER I, LLC, et al.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:08-bk-15588-ES |
|---|---|

## II. SERVED BY U.S. MAIL

LBREP/L SunCal Master I LLC
3500 West Olive Ave., Suite 650
Burbank, CA 91505-5501
Debtor

LBREP/L SunCal Summerwind Ranch
2392 Morse Avenue
Irvine, CA 92614-6234
Debtor

Alfred H. Siegel
Siegel Gottlieb Mangel & Levine
15233 Ventura Boulevard, 9th Floor
Sherman Oaks, CA 91403-2201

United States Trustee
Attn: Michael J. Hauser, Esq.
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

Scott C. Clarkson, Esq.,
Eve A. Marsella, Esq.
Clarkson Gore & Marsella
3424 Carson Street, Suite 350
Torrance, CA 90503-5716

Daniel H Reiss, Esq.
Craig R. Rankin, Esq.
Levene Neale & Bender LLP
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067-6200

Christopher R. Mordy, Esq
Peterson & Price, APC
655 West Broadway, Suite 1600
San Diego, CA 92101-3301

Douglas Koff, Esq.
Andrew Troop, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281-1003

David R. Zaro, Esq.
Yale K. Kim, Esq.
Allen Matkins Leck Gamble
Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071-3398

Mark E. McKane, Esq.
Christopher W. Keegan, Esq.
Kirkland & Ellis, LLP
555 California Street
San Francisco, CA 94101

Van C. Durrer, II, Esq.
Skadden Arps Slate Meagher & Flom LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071-3137

Michael D. Warner, Esq.
Warner Stevens, LLP
301 Commerce Street, Suite 1700
Fort Worth, TX 76102

T. Scott Belden, Esq.
Klein DeNatale Goldner
Cooper Rosenlieb & Kimball, LLP.
4550 California Avenue, 2nd Floor
Bakersfield, CA 93309

Robert Goe, Esq.
Goe & Forsythe, LLP
18101 Von Karman, Suite 510
Irvine, CA 92612

Emily E. Culler, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, CA 90071

Martha E. Romero, Esq.
Romero Law Firm
BMR Professional Building
6516 Bright Ave.
Whittier, CA 90601

Tara Castro Narayanan
Miller Starr Regalia
1331 N. California Blvd., Fifth Floor
Walnut Creek, CA 94596

Paul Couchot, Esq.
Winthrop Couchot
660 Newport Center Dr., 4th Floor
Newport Beach, CA 92660

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

# EXHIBIT B

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 14 of 64

Case 8:08-bk-15588-ES    Doc 241    Filed 06/04/09    Entered 06/04/09 10:21:10    Desc
Main Document    Page 1 of 7

1  **WEILAND, GOLDEN**
   **SMILEY, WANG EKVALL & STROK, LLP**
2  Evan D. Smiley, State Bar No. 161812
   esmiley@wgllp.com
3  Lei Lei Wang Ekvall, State Bar No. 163047
   lekvall@wgllp.com
4  Hutchison B. Meltzer, State Bar No. 217166
   hmeltzer@wgllp.com
5  Robert S. Marticello, State Bar No. 244256
   rmarticello@wgllp.com
6  650 Town Center Drive, Suite 950
   Costa Mesa, California 92626
7  Telephone:   (714) 966-1000
   Facsimile:    (714) 966-1002
8
   General Bankruptcy Counsel for
9  Chapter 11 Trustee, Alfred H. Siegel

| | FILED & ENTERED |
| --- | --- |
| | JUN 04 2009 |
| | CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Duarte   DEPUTY CLERK |

10            **UNITED STATES BANKRUPTCY COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12                  **SANTA ANA DIVISION**

13  In re                                          )  Case No.  8:08-bk-15588-ES
                                                   )
14  LBREP/L-SUNCAL MASTER I, LLC, et al.           )  Chapter 11 Case
                                                   )
15                                                 )  (Jointly Administered with Case Nos.
                                                   )  8:08-bk-15637-ES; 8:08-bk-15639-ES;
16                                                 )  and 8:08-bk-15640-ES)
                                                   )
17                                                 )
                                                   )  **ORDER GRANTING STIPULATION TO**
18                                  Debtor         )  **TAKE EVIDENTIARY HEARING ON**
                                                   )  **MOTIONS FOR RELIEF FROM THE**
19  ____ Affects LBREP/L-SunCal Master I, LLC      )  **AUTOMATIC STAY FILED BY LEHMAN**
                                                   )  **COMMERCIAL PAPER INC. OFF**
20  Only                                           )  **CALENDAR, AND TO SUSPEND**
                                                   )  **RELATED DEADLINES AND**
21  ____ Affects LBREP/L-SunCal McAllister         )  **DISCOVERY**
    Ranch, LLC Only                                )
22                                                 )  **DATE:    June 19, 2009**
    ____ Affects LBREP/L-SunCal McSweeny           )  **TIME:    9:00 a.m.**
23  Farms, LLC Only                                )  **PLACE:   Courtroom 5A**
                                                   )            **411 West Fourth Street**
24  ____ Affects LBREP/L-SunCal Summerwind         )            **Santa Ana, CA 92107**
    Ranch, LLC Only                                )
25                                                 )
      X   Affects All Debtors.                     )
26                                                 )
                                                   )
27

28

298217.1                           1                              ORDER

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration
of Evan D. Smiley in support of Stay Relief Motion   Pg 15 of 64

Case 8:08-bk-15588-ES   Doc 241   Filed 06/04/09   Entered 06/04/09 10:21:10   Desc
Main Document   Page 2 of 7

1    The Court having duly considered the Stipulation to Take Evidentiary Hearing on

2  Motions for Relief from the Automatic Stay filed by LCPI Off Calendar, and to Suspend

3  Related Deadlines and Discovery (Docket No. 236 ) (the "Stipulation") entered into by

4  Alfred H. Siegel, the chapter 11 trustee of the above-captioned cases, and Lehman

5  Commercial Paper, Inc., as First Lien Administrative Agent for the First Lien Lenders, and

6  for good cause shown,

7    **IT IS ORDERED** that:

8    1.    The Stipulation, the terms of which are incorporated herein by this reference,

9  is approved.

10    2.    The Evidentiary Hearing[1] currently scheduled for June 19, 2009, at 9:00 a.m.

11  is taken off calendar and the Evidentiary Hearing Deadlines are suspended; provided,

12  however, that LCPI has the right to re-notice the Evidentiary Hearing, without the

13  necessity of re-filing and re-serving any of the Motions, and supporting pleadings, on not

14  less than 60 days' written notice filed with the Court and served on the Trustee and his

15  counsel, and those parties entitled to notice pursuant to the Federal Rules of Bankruptcy

16  Procedure 4001(a)(1).  The previously filed Motions and oppositions and replies related

17  thereto, including all related declarations and supplemental briefs, shall be considered as

18  if such pleadings were timely re-filed and re-served prior to the Evidentiary Hearing.

19    3.    The Depositions and the discovery requests served by the Trustee in

20  connection with the Motions are temporarily suspended; provided, however, that the

21  Trustee has the right to reinstate its discovery efforts, including, but not limited to, re-

22  noticing the Depositions, and/or to serve or request additional discovery, if LCPI re-notices

23  the Evidentiary Hearing, as provided in Paragraph 1 above.

24    4.    If LCPI re-notices the Evidentiary Hearing, as provided in Paragraph 1

25  above, then the Evidentiary Hearing Deadlines shall be as follows:

26

27

28
[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

298217.1                    2                    STIPULATION

1        (a)     The deadline to designate experts will be the date that is 24 calendar

2                days prior to any continued date for the Evidentiary Hearing;

3        (b)     The deadline to file and serve expert reports will be the date that is 20

4                calendar days prior to any continued date for the Evidentiary Hearing;

5                and

6        (c)     The deadline to file and serve trial briefs will be the date that is 14

7                calendar days prior to any continued date for the Evidentiary Hearing.

8    5.     If any of the Evidentiary Hearing Deadlines fall on a weekend or holiday, the

9  applicable deadline date shall fall on the next business day.

10    6.     The deadline to comply with the requirements of 11 U.S.C. § 362(d)(3) is

11  extended from June 5, 2009 to August 4, 2009.

12                        ###

DATED: June 4, 2009

_Erithe A. Smith_
United States Bankruptcy Judge

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 17 of 64

Case 8:08-bk-15588-ES    Doc 241    Filed 06/04/09    Entered 06/04/09 10:21:10    Desc
Main Document    Page 4 of 7

| In re:<br>LBREP/L-SUNCAL MASTER I, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:08-bk-15588-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **650 Town Center Drive, Suite 950, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document described <u>ORDER GRANTING STIPULATION TO TAKE EVIDENTIARY HEARING ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY FILED BY LEHMAN COMMERCIAL PAPER INC. OFF CALENDAR, AND TO SUSPEND RELATED DEADLINES AND DISCOVERY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On __May 29, 2009__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __May 29, 2009__ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Hon. Erithe Smith
United States Bankruptcy Court
411 W. 4th Street
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 29, 2009 | Margaret Sciesinski | /S/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 18 of 64

Case 8:08-bk-15588-ES    Doc 241    Filed 06/04/09    Entered 06/04/09 10:21:10    Desc
Main Document    Page 5 of 7

| In re:<br>LBREP/L-SUNCAL MASTER I, LLC | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 8:08-bk-15588-ES |

## II. **SERVED BY U.S. MAIL**

LBREP/L SunCal Master I LLC
3500 West Olive Ave., Suite 650
Burbank, CA 91505-5501
Debtor

LBREP/L SunCal Summerwind Ranch
2392 Morse Avenue
Irvine, CA 92614-6234
Debtor

Alfred H. Siegel
Siegel Gottlieb Mangèl & Levine
15233 Ventura Boulevard, 9th Floor
Sherman Oaks, CA 91403-2201

United States Trustee
Attn: Michael J. Hauser, Esq.
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

Scott C. Clarkson, Esq.,
Eve A. Marsella, Esq.
Clarkson Gore & Marsella
3424 Carson Street, Suite 350
Torrance, CA 90503-5716

Daniel H Reiss, Esq.
Craig R. Rankin, Esq.
Levene Neale & Bender LLP
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067-6200

Christopher R. Mordy, Esq
Peterson & Price, APC
655 West Broadway, Suite 1600
San Diego, CA 92101-3301

Douglas Koff, Esq.
Andrew Troop, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281-1003

David R. Zaro, Esq.
Yale K. Kim, Esq.
Allen Matkins Leck Gamble
Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071-3398

Mark E. McKane, Esq.
Christopher W. Keegan, Esq.
Kirkland & Ellis, LLP
555 California Street
San Francisco, CA 94101

Van C. Durrer, II, Esq.
Skadden Arps Slate Meagher & Flom LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071-3137

Michael D. Warner, Esq.
Warner Stevens, LLP
301 Commerce Street, Suite 1700
Fort Worth, TX 76102

T. Scott Belden, Esq.
Klein DeNatale Goldner
Cooper Rosenlieb & Kimball, LLP.
4550 California Avenue, 2nd Floor
Bakersfield, CA 93309

Robert Goe, Esq.
Goe & Forsythe, LLP
18101 Von Karman, Suite 510
Irvine, CA 92612

Emily E. Culler, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, CA 90071

Martha E. Romero, Esq.
Romero Law Firm
BMR Professional Building
6516 Bright Ave.
Whittier, CA 90601

Tara Castro Narayanan
Miller Starr Regalia
1331 N. California Blvd., Fifth Floor
Walnut Creek, CA 94596

Paul Couchot, Esq.
Winthrop Couchot
660 Newport Center Dr., 4th Floor
Newport Beach, CA 92660

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration
of Evan D. Smiley in support of Stay Relief Motion   Pg 19 of 64

Case 8:08-bk-15588-ES   Doc 241   Filed 06/04/09   Entered 06/04/09 10:21:10   Desc
Main Document   Page 6 of 7

| In re:<br>LBREP/L-SUNCAL MASTER I, LLC, et al.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 8:08-bk-15588-ES |
|---|---|

### NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.

**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3)** **Category I. below:** The United States trustee and case trustee (if any) will always be in this category.

**4)** **Category II. below:** List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. **DO NOT** list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING STIPULATION TO TAKE EVIDENTIARY HEARING ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY FILED BY LEHMAN COMMERCIAL PAPER INC. OFF CALENDAR, AND TO SUSPEND RELATED DEADLINES AND DISCOVERY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **May 29, 2009**_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

LBREP/L SunCal Master I LLC
3500 West Olive Ave., Suite 650
Burbank, CA 91505-5501
Debtor

LBREP/L SunCal Summerwind Ranch
2392 Morse Avenue
Irvine, CA 92614-6234
Debtor

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 F 9021-1.1

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration
of Evan D. Smiley in support of Stay Relief Motion   Pg 20 of 64

Case 8:08-bk-15588-ES   Doc 241   Filed 06/04/09   Entered 06/04/09 10:21:10   Desc
Main Document   Page 7 of 7

| In re:<br>LBREP/L-SUNCAL MASTER I, LLC, et al.<br><br>                                                Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 8:08-bk-15588-ES |
|---|---|

## ADDITIONAL SERVICE INFORMATION (if needed):

### I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Thomas Scott Belden    sbelden@kleinlaw.com, srucker@kleinlaw.com;kfryer@kleinlaw.com
Scott C Clarkson    sclarkson@lawcgm.com
Jonathan S Dabbieri    dabbieri@shlaw.com
Lei Lei Wang Ekvall    tekvall@wgllp.com
Heather Fowler    heather.fowler@lw.com, colleen.rico@lw.com
Robert P Goe    kmurphy@goeforlaw.com
Marshall F Goldberg    mgoldberg@glassgoldberg.com
Kelly C Griffith    bkemail@harrisbeach.com
Michael J Hauser    michael.hauser@usdoj.gov
Gil Hopenstand    gh@lnbrb.com
Christopher W Keegan    ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com
Yale K Kim    ykim@allenmatkins.com
Kerri A Lyman    klyman@irell.com
Eve A Marsella    emarsella@lawcgm.com
Robert S Marticello    Rmarticello@wgllp.com
Hutchison B Meltzer    hmeltzer@wgllp.com
Joel S. Miliband    jmiliband@rusmiliband.com
James M Miller    jmiller@millerbarondess.com
Ramon Naguiat    rnaguiat@skadden.com
Raymond A Policar    hausermouzes@sbcglobal.net
Craig M Rankin    cmr@lnbrb.com
Daniel H Reiss    dhr@lnbrb.com
Martha E Romero    Romero@mromerolawfirm.com
Mark C Schnitzer    mschnitzer@rhlaw.com
Alfred H Siegel    ahstrustee@horwathcal.com, ca51@ecfcbis.com
Evan D Smiley    esmiley@wgllp.com
Autumn D Spaeth    aspaeth@wgllp.com
Andrew Troop    andrew.troop@cwt.com, scott.griffin@cwt.com;jill.kaylor@cwt.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Michael D Warner    echou@warnerstevens.com
David R Zaro    dzaro@allenmatkins.com

### III. TO BE SERVED BY THE LODGING PARTY:

Van C. Durrer, II, Esq.
Skadden Arps Slate Meagher & Flom LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071-3137

Emily E. Culler, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, CA 90071

Tara Castro Narayanan
Miller Starr Regalia
1331 N. California Blvd., Fifth Floor
Walnut Creek, CA 94596

Paul Couchot, Esq.
Winthrop Couchot
660 Newport Center Dr., 4th Floor
Newport Beach, CA 92660

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          F 9021-1.1

# EXHIBIT C

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration of Evan D. Smiley in support of Stay Relief Motion   Pg 22 of 64

Case 8:08-bk-15588-ES   Claim 49-1   Filed 03/20/09   Desc Main Document   Page 1 of 11

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

Name of Debtor:
LBREP/L-SunCal Master I LLC

Case Number:
8:08-15588

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Lehman Commercial Paper Inc., as First Lien Administrative Agent for the First Lien Lenders

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Lehman Commercial Paper Inc., c/o Andrew M. Tropp, Esq.
Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, NY 10281
Fax: (212) 504-6666, Email: andrew.tropp@owl.com

Telephone number: (212) 504-6000

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:   $ 243,431,671.22*   *plus fees and costs

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: See Addendum
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
(See instruction #3a on reverse side.)

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☒ Real Estate   ☐ Motor Vehicle   ☒ Other
Describe: See Addendum

Value of Property: $ Undetermined   Annual Interest Rate: Variable Rate

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: *The relevant documents referenced herein are voluminous and have previously been filed on the docket. In an effort to avoid duplicating the relevant documents that have been attached as exhibits to this proof of claim, if the Court or any party is in need of such documents, copies are available upon request from Cadwalader, Wickersham & Taft at the address provided.*

FOR COURT USE ONLY

Date: 3-20-09

Signature: *The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.*
Authorized Signatory   Gerald D. Pietroforte
*[signature]*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

American LegalNet, Inc.
www.FormsWorkflow.com

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 23 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    Page 2
of 11

David R. Zaro (CA Bar No. 124334)
Email: dzaro@allenmatkins.com
Yale K. Kim (CA Bar No. 188895)
Email: ykim@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
515 South Figueroa Street, 9th Floor
Los Angeles, CA 90071-3398
Telephone: (213) 622-5555
Facsimile: (213) 620-8816

- and -

George A. Davis (NY Bar No. 2761)
Email: george.davis@cwt.com
Andrew M. Troop (NY Bar No. 04556320)
Email: andrew.troop@cwt.com

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

Counsel for Lehman Commercial Paper Inc.,
as First Lien Administrative Agent for the First Lien Lenders

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>LBREP/L-SunCal Master I LLC et al.,<br><br>                  Debtor.<br><br>X Affects LBREP/L-SunCal Master I LLC Only<br><br>__ Affects LBREP/L-SunCal McAllister Ranch LLC Only<br><br>__ Affects LBREP/L-SunCal McSweeny Farms LLC Only<br><br>__ Affects LBREP/L-SunCal Summerwind Ranch LLC Only<br><br>__ Affects All Debtors | Case No. 8:08-15588 (ES)<br><br>Jointly Administered with Case Nos.:<br>8:08-bk-15637-ES; 8:08-bk-15639-ES<br>and 8:08-bk-15640-ES<br><br>Chapter 11<br><br>**FIRST LIEN LENDERS' ADDENDUM TO PROOF OF CLAIM AGAINST LBREP/L-SUNCAL MASTER I LLC** |

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 24 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    Page 3
of 11

1.    Lehman Commercial Paper Inc. ("LCPI" or the "First Lien Agent") in its capacity as first lien administrative agent to a syndicate of financial institutions (collectively, the "First Lien Lenders") (i) who are parties to that certain First Lien Credit Agreement, dated as of January 19, 2006 (as amended) (the "First Lien Credit Agreement"), among LBREP/L-SunCal Master I LLC ("SunCal"), the First Lien Lenders, Lehman Brothers Inc. ("LBI"),[1] and the First Lien Agent, and (ii) for whose favor and benefit certain guaranties were issued by LBREP/L-SunCal McAllister Ranch LLC ("SunCal McAllister"), LBREP/L-SunCal McSweeny Farms LLC ("SunCal McSweeny") and LBREP/L-SunCal Summerwind Ranch LLC ("SunCal Summerwind") (collectively, the "Guarantors," and together with SunCal, the "Debtors") each of which are wholly owned subsidiaries of SunCal, files this addendum to its proof of claim (the "Proof of Claim") against SunCal for claims arising prior to the commencement of the Debtors' jointly administered chapter 11 cases on September 10, 2008 and September 11, 2008 (the "Petition Dates")[2] in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court").

## BASIS FOR CLAIM

2.    As of the Petition Dates, SunCal was a party to the First Lien Credit Agreement with the First Lien Lenders, LBI, and the First Lien Agent.  The First Lien Credit Agreement provides for, *inter alia*, (i) a revolving credit facility and letters of credit in the maximum amount of $75,000,000 and (ii) a term loan facility in the amount of $160,000,000.  Interest on the term and revolver facilities was determined on a variable basis.  See First Lien Credit Agreement, §§ 1, 2.13 -2.14.  The First Lien Credit Agreement is attached as Exhibits "B" to the Motions for Relief from Stay ("RFS Motions"), filed by LCPI in each of the Debtors' respective cases on October 2, 2008 (Docket No. 6).[3]  As of the Petition Dates, the Debtors owed the First Lien Agent

---

[1] LBI was the arranger under the First Lien Credit Agreement.

[2] The involuntary petition as to SunCal was filed on September 10, 2008, but the involuntary petitions for SunCal McAllister, SunCal McSweeny and SunCal Summerwind were all filed on September 11, 2008.

[3] The relevant documents referenced herein are voluminous and have previously been entered on the docket.  In an effort to avoid duplicating the record, the documents have not been attached as exhibits to

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 25 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    Page 4
of 11

$243,431,671.22 plus attorneys' fees, costs of collection and other reasonable fees, costs and charges provided for under the First Lien Credit Agreement, that certain First Lien Guarantee and Collateral Agreement (the "First Lien Guarantee and Collateral Agreement"), dated as of January 19, 2006, made by the Debtors and certain affiliates in favor of the First Lien Agent, other related documentation and state law. The First Lien Guarantee and Collateral Agreement was attached as Exhibits "B" (following the First Lien Credit Agreement) to the RFS Motions, filed on October 2, 2008 (Docket No. 6).

3.    Obligations arising under the First Lien Credit Agreement are secured by certain collateral (the "Collateral"). The Collateral includes: each of the Guarantors' respective fee interests in the applicable SunCal Real Property (as defined below) and related personal property; SunCal's rights in a development account (the "Development Account"), deposit accounts, and securities accounts; the Debtors' rights as a developer under certain developer agreements, and Debtors' options to purchase property pursuant to certain purchase agreements, each of which has been collaterally assigned to the Debtors by various parties (as identified below). Debtors have also, as security for the obligations, entered into subordination, recognition, non-disturbance and attornment agreements in respect of any homebuilder contracts. See First Lien Credit Agreement, §7; See First Lien Guarantee and Collateral Agreement, §3.

4.    SunCal's obligations under the First Lien Credit Agreement are further secured by each of the Guarantors and LBREP/L-SunCal Patterson Ranch LLC ("SunCal Patterson"), pursuant to the First Lien Guarantee and Collateral Agreement.

5.    To secure their obligations under the First Lien Guarantee and Collateral Agreement, each of the Guarantors entered into a separate First Lien Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filings (the "Security Agreements"), dated as of January 19, 2006 (as amended) in favor of Fidelity National Title Insurance Company ("Fidelity"), as trustee for the use and benefit of LCPI, as administrative agent for the First Lien

this proof of claim. If the Court or any party is in need of such documents, copies are available upon request from Cadwalader, Wickersham & Taft at the address provided.

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 26 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    . Page 5
of 11

Lenders.[4]  The Security Agreements are attached as Exhibits "A" to the RFS Motions, filed on
October 2, 2008 (Docket No. 6).  The Security Agreements grant LCPI, as agent to the First Lien
Lenders, *inter alia*, security interests in (i) SunCal McAllister's fee interest in the real property
known as McAllister Ranch, in or near Bakersfield (Kern County), California; (ii) SunCal
McSweeny's fee interest in real property known as McSweeny Farms, in or near Hemet
(Riverside County), California; and (iii) SunCal Summerwind's fee interest in real property
known as Summerwind Ranch, in or near Calimesa (Riverside County), California (collectively,
the "SunCal Real Property").[5]  Additionally, each of SCC Ranch Ventures LLC and LBREP
Lakeside SC Master I LLC (collectively, the "SunCal Parents") pledged their equity interests in
SunCal as security for SunCal's performance under the First Lien Credit Agreement pursuant to
the First Lien Guarantee and Collateral Agreement.  *See* First Lien Credit Agreement, §3.  The
various security interests, pledges and deeds of trust were properly perfected.

### ADMINISTRATIVE PRIORITY

6.    A portion of the claims asserted in the Proof of Claim may be entitled to
administrative priority under sections 503 and 507 of Title 11, United States Code (the
"Bankruptcy Code").  The Proof of Claim is filed by LCPI, as first lien administrative agent to the
First Lien Lenders, without prejudice to its right to request payment of any administrative
expense claims that it may have against SunCal including, without limitation, administrative

---

[4] Fidelity was subsequently replaced as trustee under the Security Agreements by Chicago Title Insurance
Company.

[5] The Guarantors also issued certain other ancillary security instruments to the First Lien Agent, including
deposit account control agreements and collateral assignments, to secure their obligations under the First
Lien Credit Agreement.  As additional security for its obligations under the First Lien Guarantee and
Collateral Agreement, SunCal Patterson collaterally assigned to the First Lien Agent its rights, title and
interest as beneficiary under that certain Deed of Trust dated July 7, 2004 recorded as Instrument No.
20040707-0187858 in Ventura County, California pursuant to which SunCal Patterson was granted an
option to purchase real property known as Patterson Ranch, in or near Oxnard (Ventura County),
California.  *See* First Lien Collateral Assignment of Option Agreement and Deed of Trust (the "Option
Agreement"), dated as of January 19, 2006 (as amended), by SunCal Patterson in favor of the First Lien
Agent.  Upon information and belief, the optionor under the Option Agreement is in the process of
terminating the agreement, as a result of SunCal Patterson's failure to make payments as required
thereunder.  An involuntary petition was not filed against SunCal Patterson.

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 27 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    Page 6
of 11

expenses not described in this Proof of Claim, and LCPI reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court.

## RESERVATION OF RIGHTS

7.    In filing the Proof of Claim, LCPI, as first lien administrative agent to the First Lien Lenders, expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against SunCal. The description of claims and the classification thereof herein by LCPI is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of LCPI or the First Lien Lenders. Furthermore, LCPI expressly reserves all rights to amend, modify and/or supplement the Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.

8.    The Proof of Claim is filed without prejudice to the filing by LCPI, as first lien administrative agent to the First Lien Lenders, of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of SunCal.

9.    In executing and filing this Proof of Claim, LCPI does not waive or release: (i) its rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of SunCal, an assignee, guarantor or otherwise; (ii) any obligation owed to it, or any right to any security that may be determined to be held by it or for its benefit; (iii) any past, present or future defaults (or events of default) by SunCal or others, or (iv) any right to the subordination, in favor of LCPI, of any indebtedness or liens held by other creditors of SunCal. The filing of the Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

10.    Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of LCPI to have final orders in

USActive 14383453.3

-5-

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 28 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    Page 7
of 11

non-core matters entered only after *de novo* review by a district court judge; (ii) the right of LCPI to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of LCPI to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or any other proceeding which may be commenced in the Debtors' cases against or otherwise involving LCPI, including, without limitation, any adversary proceeding that was or may be commenced by any party or committee in the cases; (iv) the right of LCPI to have any unliquidated portions of its claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which LCPI is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

## JURISDICTION

11.    In filing this Proof of Claim, LCPI does not submit itself, or the First Lien Lenders, to the jurisdiction of this Court for any purpose other than with respect to the claims asserted in this Proof of Claim.

## NOTICE

12.    All notices with respect to the Proof of Claim should be sent to:

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Attention:    Andrew M. Troop
Telephone:    (212) 504-6000
Facsimile:    (212) 504-6666
E-mail:    andrew.troop@cwt.com

-6-

USActive 14383433:3

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 29 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    Page 8
of 11

Dated:    March 20, 2009
          Los Angeles, California

                                        LEHMAN COMMERCIAL PAPER INC., as
                                        administrative agent to the First Lien Lenders

Dated: _March 20, 2009_                 By: _____
                                        Name:        Gerald D. Pietroforte
                                        Title:  Authorized Signatory

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 30 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    Page 9
of 11

| In re:<br>LBREP/L-SunCal Master I LLC | CHAPTER: 11 |
| | CASE NUMBER: 08-15588 |
| Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
515 S. Figueroa St., 9th Fl., Los Angeles, CA 90071.

A true and correct copy of the foregoing document described as  PROOF OF CLAIM
_____ will be served or
_____ was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to
the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
the email addressed indicated below:

⊠ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On March 20, 2009 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity**
**served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 20, 2009 _____ I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later
than 24 hours after the document is filed.
Hon. Erithe A. Smith
USBC
Courtroom 5A
411 W. Fourth Street
Suite 2030
Santa Ana, CA  92701

☐ Service information continued on attached page

_____
This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

American LegalNet, Inc.
www.FormsWorkflow.com

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration of Evan D. Smiley in support of Stay Relief Motion    Pg 31 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    Page 10 of 11

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 20, 2009 | Lorrie Anderson | *Lorrie Anderson* |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

American LegalNet, Inc.
www.FormsWorkflow.com

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 32 of 64

Case 8:08-bk-15588-ES    Claim 49-1    Filed 03/20/09    Desc Main Document    Page 11
of 11

| In re:<br>LBREP/L-SunCal Master I LLC<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 08-15588 |
|---|---|

**ADDITIONAL SERVICE INFORMATION (If needed):**
General Bankruptcy Counsel
for Chapter 11 Trustee Alfred H. Siegel
Evan D. Smiley, Esq.
Robert Marticello, Esq.
Weiland Golden Smiley Wang Ekvall
  & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Email:  esmiley@wgllp.com

Debtor's Counsel
Scott C. Clarkson, Esq.
Clarkson Gore & Marsella
3424 Carson Street, Suite 350
Torrance, CA 90503-5716
Email:  sclarkson@lawcgm.com

Creditors' Committee Counsel
Craig R. Rankin, Esq.
Daniel H. Reiss, Esq.
Levene Neale & Bender LLP
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067-6200
Email:  cmr@lnbrb.com
Email:  dhr@lnbrb.com

U.S. Trustee
United States Trustee
Attn:  Michael J. Hauser, Esq.
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701-8000
Email:  michael.hauser@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**
American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT D

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 34 of 64

Case 8:08-bk-15588-ES    Claim 88-1    Filed 03/23/09    Desc Main Document    Page 1
of 11

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

**Name of Debtor:**
LBREP/L-SunCal Master I LLC

**Case Number:**
8:08-15588

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Lehman Commercial Paper Inc., as First Lien Administrative Agent for the First Lien Lenders

**Name and address where notices should be sent:**
Lehman Commercial Paper, Inc. c/o Andrew M. Troop, Esq.
Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, NY 10281
Fax: (212) 504-6666, Email: andrew.troop@cwt.com

Telephone number: (212) 504-6000

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent** (if different from above):

FILED
MAR 23 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**  $ 243,431,671.22 * *plus fees and costs

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See Addendum
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
  3a. Debtor may have scheduled account as:_____
  (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☒ Real Estate  ☐ Motor Vehicle  ☒ Other
Describe: See Addendum

Value of Property: $ Undetermined   Annual Interest Rate: Variable Rate

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ _____  Basis for perfection: _____

Amount of Secured Claim: $ _____  Amount Unsecured: $ _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: *The relevant documents referenced herein are voluminous and have previously been entered on the docket. In an effort to avoid duplicating the record, the documents have not been attached as exhibits to this proof of claim. If the Court or any party is in need of such documents, copies are available upon request from Cadwalader, Wickersham & Taft at the address provided.*

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: 3-20-09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Authorized Signatory    [signature]    Gerald D. Pietroforte | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

American LegalNet, Inc.
www.FormsWorkflow.com

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration
of Evan D. Smiley in support of Stay Relief Motion   Pg 35 of 64

Case 8:08-bk-15588-ES   Claim 88-1   Filed 03/23/09   Desc Main Document   Page 2
of 11

David R. Zaro (CA Bar No. 124334)
Email:dzaro@allenmatkins.com
Yale K. Kim (CA Bar No. 188895)
Email: ykim@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
515 South Figueroa Street, 9th Floor
Los Angeles, CA 90071-3398
Telephone: (213) 622-5555
Facsimile: (213) 620-8816

- and -

George A. Davis (NY Bar No. 2761)
Email: george.davis@cwt.com
Andrew M. Troop (NY Bar No. 04556320)
Email: andrew.troop@cwt.com

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

Counsel for Lehman Commercial Paper Inc.,
as First Lien Administrative Agent for the First Lien Lenders

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>LBREP/L-SunCal Master I LLC et al.,<br><br>Debtor.<br><br>X Affects LBREP/L-SunCal Master I LLC Only<br><br>__ Affects LBREP/L-SunCal McAllister Ranch LLC Only<br><br>__ Affects LBREP/L-SunCal McSweeny Farms LLC Only<br><br>__ Affects LBREP/L-SunCal Summerwind Ranch LLC Only<br><br>__ Affects All Debtors | Case No. 8:08-15588 (ES)<br><br>Jointly Administered with Case Nos.:<br>8:08-bk-15637-ES; 8:08-bk-15639-ES<br>and 8:08-bk-15640-ES<br><br>Chapter 11<br><br>FIRST LIEN LENDERS' ADDENDUM TO PROOF OF CLAIM AGAINST LBREP/L-SUNCAL MASTER I LLC |

USActive 14383433.3

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 36 of 64

Case 8:08-bk-15588-ES    Claim 88-1    Filed 03/23/09    Desc Main Document    Page 3
of 11

1.      Lehman Commercial Paper Inc. ("LCPI" or the "First Lien Agent") in its capacity as first lien administrative agent to a syndicate of financial institutions (collectively, the "First Lien Lenders") (i) who are parties to that certain First Lien Credit Agreement, dated as of January 19, 2006 (as amended) (the "First Lien Credit Agreement"), among LBREP/L-SunCal Master I LLC ("SunCal"), the First Lien Lenders, Lehman Brothers Inc. ("LBI"),[1] and the First Lien Agent, and (ii) for whose favor and benefit certain guaranties were issued by LBREP/L-SunCal McAllister Ranch LLC ("SunCal McAllister"), LBREP/L-SunCal McSweeny Farms LLC ("SunCal McSweeny") and LBREP/L-SunCal Summerwind Ranch LLC ("SunCal Summerwind") (collectively, the "Guarantors," and together with SunCal, the "Debtors") each of which are wholly owned subsidiaries of SunCal, files this addendum to its proof of claim (the "Proof of Claim") against SunCal for claims arising prior to the commencement of the Debtors' jointly administered chapter 11 cases on September 10, 2008 and September 11, 2008 (the "Petition Dates")[2] in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court").

## BASIS FOR CLAIM

2.      As of the Petition Dates, SunCal was a party to the First Lien Credit Agreement with the First Lien Lenders, LBI, and the First Lien Agent. The First Lien Credit Agreement provides for, *inter alia*, (i) a revolving credit facility and letters of credit in the maximum amount of $75,000,000 and (ii) a term loan facility in the amount of $160,000,000. Interest on the term and revolver facilities was determined on a variable basis. See First Lien Credit Agreement, §§ 1, 2.13 -2.14. The First Lien Credit Agreement is attached as Exhibits "B" to the Motions for Relief from Stay ("RFS Motions"), filed by LCPI in each of the Debtors' respective cases on October 2, 2008 (Docket No. 6).[3] As of the Petition Dates, the Debtors owed the First Lien Agent

---

[1] LBI was the arranger under the First Lien Credit Agreement.

[2] The involuntary petition as to SunCal was filed on September 10, 2008, but the involuntary petitions for SunCal McAllister, SunCal McSweeny and SunCal Summerwind were all filed on September 11, 2008.

[3] The relevant documents referenced herein are voluminous and have previously been entered on the docket. In an effort to avoid duplicating the record, the documents have not been attached as exhibits to

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 37 of 64

Case 8:08-bk-15588-ES    Claim 88-1    Filed 03/23/09    Desc Main Document    Page 4
of 11

$243,431,671.22 plus attorneys' fees, costs of collection and other reasonable fees, costs and charges provided for under the First Lien Credit Agreement, that certain First Lien Guarantee and Collateral Agreement (the "First Lien Guarantee and Collateral Agreement"), dated as of January 19, 2006, made by the Debtors and certain affiliates in favor of the First Lien Agent, other related documentation and state law. The First Lien Guarantee and Collateral Agreement was attached as Exhibits "B" (following the First Lien Credit Agreement) to the RFS Motions, filed on October 2, 2008 (Docket No. 6).

3.    Obligations arising under the First Lien Credit Agreement are secured by certain collateral (the "Collateral"). The Collateral includes: each of the Guarantors' respective fee interests in the applicable SunCal Real Property (as defined below) and related personal property; SunCal's rights in a development account (the "Development Account"), deposit accounts, and securities accounts; the Debtors' rights as a developer under certain developer agreements, and Debtors' options to purchase property pursuant to certain purchase agreements, each of which has been collaterally assigned to the Debtors by various parties (as identified below). Debtors have also, as security for the obligations, entered into subordination, recognition, non-disturbance and attornment agreements in respect of any homebuilder contracts. See First Lien Credit Agreement, §1; See First Lien Guarantee and Collateral Agreement, §3.

4.    SunCal's obligations under the First Lien Credit Agreement are further secured by each of the Guarantors and LBREP/L-SunCal Patterson Ranch LLC ("SunCal Patterson"), pursuant to the First Lien Guarantee and Collateral Agreement.

5.    To secure their obligations under the First Lien Guarantee and Collateral Agreement, each of the Guarantors entered into a separate First Lien Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filings (the "Security Agreements"), dated as of January 19, 2006 (as amended) in favor of Fidelity National Title Insurance Company ("Fidelity"), as trustee for the use and benefit of LCPI, as administrative agent for the First Lien

this proof of claim. If the Court or any party is in need of such documents, copies are available upon request from Cadwalader, Wickersham & Taft at the address provided.

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 38 of 64

Case 8:08-bk-15588-ES    Claim 88-1    Filed 03/23/09    Desc Main Document    Page 5
of 11

Lenders.[4]  The Security Agreements are attached as Exhibits "A" to the RFS Motions, filed on

October 2, 2008 (Docket No. 6).  The Security Agreements grant LCPI, as agent to the First Lien

Lenders, *inter alia*, security interests in (i) SunCal McAllister's fee interest in the real property

known as McAllister Ranch, in or near Bakersfield (Kern County), California; (ii) SunCal

McSweeny's fee interest in real property known as McSweeny Farms, in or near Hemet

(Riverside County), California; and (iii) SunCal Summerwind's fee interest in real property

known as Summerwind Ranch, in or near Calimesa (Riverside County), California (collectively,

the "SunCal Real Property").[5]  Additionally, each of SCC Ranch Ventures LLC and LBREP

Lakeside SC Master I LLC (collectively, the "SunCal Parents") pledged their equity interests in

SunCal as security for SunCal's performance under the First Lien Credit Agreement pursuant to

the First Lien Guarantee and Collateral Agreement.  See First Lien Credit Agreement, §3.  The

various security interests, pledges and deeds of trust were properly perfected.

### ADMINISTRATIVE PRIORITY

6.    A portion of the claims asserted in the Proof of Claim may be entitled to

administrative priority under sections 503 and 507 of Title 11, United States Code (the

"Bankruptcy Code").  The Proof of Claim is filed by LCPI, as first lien administrative agent to the

First Lien Lenders, without prejudice to its right to request payment of any administrative

expense claims that it may have against SunCal including, without limitation, administrative

---

[4] Fidelity was subsequently replaced as trustee under the Security Agreements by Chicago Title Insurance
Company.

[5] The Guarantors also issued certain other ancillary security instruments to the First Lien Agent, including
deposit account control agreements and collateral assignments, to secure their obligations under the First
Lien Credit Agreement.  As additional security for its obligations under the First Lien Guarantee and
Collateral Agreement, SunCal Patterson collaterally assigned to the First Lien Agent its rights, title and
interest as beneficiary under that certain Deed of Trust dated July 7, 2004 recorded as Instrument No.
20040707-0187858 in Ventura County, California pursuant to which SunCal Patterson was granted an
option to purchase real property known as Patterson Ranch, in or near Oxnard (Ventura County),
California.  See First Lien Collateral Assignment of Option Agreement and Deed of Trust (the "Option
Agreement"), dated as of January 19, 2006 (as amended), by SunCal Patterson in favor of the First Lien
Agent.  Upon information and belief, the optionor under the Option Agreement is in the process of
terminating the agreement, as a result of SunCal Patterson's failure to make payments as required
thereunder.  An involuntary petition was not filed against SunCal Patterson.

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 39 of 64

Case 8:08-bk-15588-ES    Claim 88-1    Filed 03/23/09    Desc Main Document    Page 6
of 11

expenses not described in this Proof of Claim, and LCPI reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court.

## RESERVATION OF RIGHTS

7.    In filing the Proof of Claim, LCPI, as first lien administrative agent to the First Lien Lenders, expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against SunCal. The description of claims and the classification thereof herein by LCPI is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of LCPI or the First Lien Lenders. Furthermore, LCPI expressly reserves all rights to amend, modify and/or supplement the Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.

8.    The Proof of Claim is filed without prejudice to the filing by LCPI, as first lien administrative agent to the First Lien Lenders, of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of SunCal.

9.    In executing and filing this Proof of Claim, LCPI does not waive or release: (i) its rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of SunCal, an assignee, guarantor or otherwise, (ii) any obligation owed to it, or any right to any security that may be determined to be held by it or for its benefit, (iii) any past, present or future defaults (or events of default) by SunCal or others, or (iv) any right to the subordination, in favor of LCPI, of any indebtedness or liens held by other creditors of SunCal. The filing of the Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

10.    Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of LCPI to have final orders in

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 40 of 64

Case 8:08-bk-15588-ES    Claim 88-1    Filed 03/23/09    Desc Main Document    Page 7
of 11

non-core matters entered only after *de novo* review by a district court judge; (ii) the right of LCPI

to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding

related hereto; (iii) the right of LCPI to move to withdraw the reference with respect to the subject

matter of this Proof of Claim, any objection thereto or any other proceeding which may be

commenced in the Debtors' cases against or otherwise involving LCPI, including, without

limitation, any adversary proceeding that was or may be commenced by any party or committee

in the cases; (iv) the right of LCPI to have any unliquidated portions of its claim determined by

applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to

which LCPI is or may be entitled under agreements, documents or instruments, in law or equity,

all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

## JURISDICTION

11.    In filing this Proof of Claim, LCPI does not submit itself, or the First Lien

Lenders, to the jurisdiction of this Court for any purpose other than with respect to the claims

asserted in this Proof of Claim.

## NOTICE

12.    All notices with respect to the Proof of Claim should be sent to:

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Attention:    Andrew M. Troop
Telephone:    (212) 504-6000
Facsimile:    (212) 504-6666
E-mail:    andrew.troop@cwt.com

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 41 of 64

Case 8:08-bk-15588-ES    Claim 88-1    Filed 03/23/09    Desc Main Document    Page 8
of 11

Dated:        March 20, 2009
              Los Angeles, California

                                          LEHMAN COMMERCIAL PAPER INC., as
                                          administrative agent to the First Lien Lenders

Dated: March 20, 2009

                                          By: _____
                                          Name: _____ Gerald D. Pietroforte
                                          Title:  Authorized Signatory

USActive 14882943.4

08-13555-mg   Doc 9642-1   Filed 06/17/10   Entered 06/17/10 13:58:27   Declaration
of Evan D. Smiley in support of Stay Relief Motion   Pg 42 of 64

Case 8:08-bk-15588-ES   Claim 88-1   Filed 03/23/09   Desc Main Document   Page 9
of 11

| In re:<br>LBREP/L-SunCal Master I LLC | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 08-15588 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
515 S. Figueroa St., 9th Fl., Los Angeles, CA 90071.

A true and correct copy of the foregoing document described as  PROOF OF CLAIM _____
_____    will be served or
                                                                               was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to
the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
the email addressed indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On March 20, 2009 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity**
                                                                   I served the following
served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 20, 2009 _____ person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later
than 24 hours after the document is filed.
Hon. Erithe A. Smith
USBC
Courtroom 5A
411 W. Fourth Street
Suite 2030
Santa Ana, CA  92701

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

American LegalNet, Inc.
www.FormsWorkflow.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 20, 2009 | Lorrie Anderson | *Lorrie Anderson* |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

F 9013-3.1

American LegalNet, Inc.
www.FormsWorkflow.com

08-13555-mg    Doc 9642-1    Filed 06/17/10    Entered 06/17/10 13:58:27    Declaration
of Evan D. Smiley in support of Stay Relief Motion    Pg 44 of 64

Case 8:08-bk-15588-ES    Claim 88-1    Filed 03/23/09    Desc Main Document    Page 11
of 11

| In re:<br>LBREP/L-SunCal Master I LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 08-15588 |

**ADDITIONAL SERVICE INFORMATION (if needed):**
General Bankruptcy Counsel
for Chapter 11 Trustee Alfred H. Siegel
Evan D. Smiley, Esq.
Robert Marticello, Esq.
Weiland Golden Smiley Wang Ekvall
  & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA  92626
Email:  esmiley@wgllp.com

Debtor's Counsel
Scott C. Clarkson, Esq.
Clarkson Gore & Marsella
3424 Carson Street, Suite 350
Torrance, CA 90503-5716
Email:  sclarkson@lawcgm.com

Creditors' Committee Counsel
Craig R. Rankin, Esq.
Daniel H. Reiss, Esq.
Levene Neale & Bender LLP
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067-6200
Email:  cmr@lnbrb.com
Email:  dhr@lnbrb.com

U.S. Trustee
United States Trustee
Attn: Michael J. Hauser, Esq.
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701-8000
Email:  michael.hauser@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT E



Attorneys for Alfred H. Siegel,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:08-BK-15588-ES |
| LBREP/L-Sun Cal Master I, LLC, et al., | Chapter 11 Case |
| Debtor. | (Jointly Administered with Case Nos. 8:08-bk-15637-ES; 8:08-bk-15639-ES; and 8:08-bk-15640-ES) |
| _____ Affects LBREP/L-SunCal Master I, LLC Only | Adversary Case No. _____ |
| _____ Affects LBREP/L-SunCal McAllister Ranch, LLC Only | COMPLAINT:<br>(1) TO AVOID AND RECOVER FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. SECTIONS 544(b) AND 550 AND CALIFORNIA CIVIL CODE SECTIONS 3439.04(a)(1); |
| _____ Affects LBREP/L-SunCal McSweeny Farms Only | (2) TO AVOID AND RECOVER FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. SECTIONS 544(b) AND 550 AND CALIFORNIA CIVIL CODE SECTIONS 3439.04(a)(2); |
| _____ Affects LBREP/L-SunCal Summerwind Ranch Only | (3) TO AVOID AND RECOVER FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. SECTIONS 544(b) AND 550 AND CALIFORNIA CIVIL CODE SECTIONS 3439.05; |
| _____ Affects All Debtors, | (4) TO PRESERVE THE TRANSFERS FOR THE BENEFIT OF THE ESTATES PURSUANT TO 11 U.S.C SECTION 551; |
| ALFRED H. SIEGEL, Chapter 11 Trustee, | (5) FOR IMPOSITION OF CONSTRUCTIVE TRUST; |
| Plaintiff, | (6) FOR BREACH OF FIDUCIARY DUTY; |
| v. | (7) FOR BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING; |
| LEHMAN COMMERCIAL PAPER, INC., a New York corporation; LBREP LAKESIDE SC MASTER I, LLC, a Delaware limited liability company; GRAMERCY WAREHOUSE FUNDING I, LLC, a Delaware limited liability company; and SQUARE MILE, an entity of unknown origin, | (8) FOR EQUITABLE SUBORDINATION; AND |

273652.2

COMPLAINT

| | |
|---|---|
| Defendants. | **(9) FOR AWARD OF ATTORNEYS' FEES AND COSTS** |

Alfred H. Siegel, the duly appointed, qualified and acting chapter 11 trustee (the "Trustee" or "Plaintiff") of the administratively consolidated estates of LBREP/L-SunCal Masters I, LLC, LBREP/L-SunCal McAllister Ranch, LLC, LBREP/L-SunCal McSweeny Farms, and LBREP/L-SunCal Summerwind Ranch (collectively, the "Estates") hereby files this Complaint: (1) To Avoid and Recover Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.04(a)(1); (2) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.04(a)(2); (3) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.05; (4) To Preserve Avoidable Transfer for the Benefit of the Estates Pursuant to 11 U.S.C. § 551; (5) For Imposition of Constructive Trust; (6) For Breach of Fiduciary Duty; (7) For Equitable Subordination; (8) For Declaratory Relief; and (9) For Award of Attorneys' Fees and Costs (the "Complaint") against Lehman Commercial Paper, Inc. ("Lehman Commercial"), LBREP Lakeside SC Master I LLC ("Lehman Lakeside"), Gramercy Warehouse Funding I, LLC ("Gramercy"), and Square Mile ("Square Mile") (collectively, the "Defendants"), and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1.     The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (E), (H), (K), and (O), and 1334.

2.     Venue properly lies in this judicial district in that this civil proceeding arises under title 11 of the United States Code as provided for in 28 U.S.C. § 1409(a).

3.     This adversary proceeding arises out of and is related to the involuntary bankruptcy cases of the administratively consolidated estates of LBREP/L-SunCal Masters I, LLC ("Lehman/SunCal Master"), LBREP/L-SunCal McAllister Ranch, LLC ("McAllister Ranch LLC"), LBREP/L-SunCal McSweeney Farms ("McSweeney Farms

1  LLC"), and LBREP/L-SunCal Summerwind Ranch ("Summerwind Ranch LLC"), filed on

2  September 10 and 11, 2008 (the "Petition Dates") and currently pending in the United

3  States Bankruptcy Court for the Central District of California, Santa Ana Division.

4  McAllister Ranch LLC, McSweeney Farms LLC, and Summerwind Ranch LLC collectively

5  referred to as "Lehman/SunCal Subsidiaries." "Lehman/SunCal Master and the

6  Lehman/SunCal Subsidiaries are collectively referred to as the "Debtors."

7

8  **STATEMENT OF STANDING**

9      4.    The Plaintiff, as the Trustee, has standing to bring this action pursuant to 11

10  U.S.C. §§ 323, 544, 550, and 551.

11

12  **PARTIES TO THE ACTION**

13      5.    Plaintiff, Alfred H. Siegel, is the duly appointed, qualified and acting chapter

14  11 trustee for the Estates.  This action is brought by the Trustee in his representative

15  capacity only.

16      6.    The Trustee is informed and believes, and on that basis alleges, that

17  defendant Lehman Commercial is a New York corporation with its principal place of

18  business at 745 Seventh Avenue, New York, New York 10019.

19      7.    The Trustee is informed and believes, and on that basis alleges, that

20  Lehman Lakeside is a Delaware limited liability company with its principal place of

21  business at is an individual residing at 3500 West Olive Avenue Suite 650, Burbank,

22  California 915053.

23      8.    The Trustee is informed and believes, and on that basis alleges, that

24  defendant Gramercy is the administrative agent for the Second Lien creditors and is sued

25  in this representative capacity.

26      9.    The Trustee is informed and believes, and on that basis alleges, that

27  defendant Square Mile is the administrative agent for the Third Lien creditors and is sued

28  in this representative capacity.

## GENERAL ALLEGATIONS

10.    The Trustee is informed and believes, and on that basis alleges, debtor Lehman/SunCal Master is a holding company, established to the fund the real estate development projects owned by each of the its four operating subsidiaries, *i.e.*, the debtor Lehman/SunCal Subidiaries and a non-debtor LBREP/L-SunCal Patterson Ranch, LLC. Debtor Lehman/SunCal Master is controlled by defendant Lehman Lakeside.  Defendant Lehman Lakeside is a subsidiary of Lehman Bros. Real Estate Partners, LP ("LBREP") and an affiliate of defendant Lehman Commercial.  More specifically, defendant Lehman Lakeside is the managing member and 90% equity owner of debtor Lehman/SunCal Master.  The remaining 10% equity interest in debtor Lehman/SunCal Master is owned by SCC Ranch Venture, LLC, which is an affiliate of SCC Acquisitions, Inc. d/b/a SunCal Companies.

11.    The Trustee is informed and believes, and on that basis alleges, debtor Lehman/SunCal Master's primary asset is its interest in its operating subsidiaries.  Debtor Lehman/SunCal Master is the sole equity member of the debtors McAllister Ranch LLC, McSweeney Farms LLC, and Summerwind Ranch LLC, each of which, in turn, own real estate developments bearing the same name (collectively, the "Real Properties").  Each Lehman/SunCal Subsidiary has its own set of creditors and assets.  The following is a more detailed discussion of the Real Properties:

## MCALLISTER RANCH

12.    The Trustee is informed and believes, and on that basis alleges, debtor McAllister Ranch LLC owns the real estate development commonly known as "McAllister Ranch," which is located near Bakersfield in Kern County, California.  The Trustee understands that McAllister Ranch is designed to be a 2070 acre master-planned community featuring a golf course, lake, and approximately 6,087 homes. All of the lots have been graded, and the first of five planned subdivisions is nearly complete.  In addition, the golf course is completed and the clubhouse is framed and roofed.  Defendant

273652.2                                          4                                          COMPLAINT

1  Lehman Commercial asserts that McAllister Ranch was worth $123 million on an "as is"

2  basis as of March 31, 2008 (approximately seven months prior to the Petition Dates).

3  **MCSWEENEY FARMS**

4      13.    The Trustee is informed and believes, and on that basis alleges, debtor

5  McSweeney Farms LLC owns the real estate development commonly known as

6  "McSweeney Farms," which located near Hemet in Riverside County, California.

7  McSweeney Farms is comprised of 673 acres, and a total of 1,640 lots are planned to be

8  included thereon.  Phase 1 of the project has been completed and sold out.  The Trustee

9  is informed and believes that hundreds of homes have been completed, and there are

10  residents living in a substantial portion of these homes.  Defendant Lehman Commercial

11  asserts that McSweeney Farms was worth $13,300,000 on an "as is" basis as of

12  March 31, 2008.

13  **SUMMERWIND RANCH**

14      14.    The Trustee is informed and believes, and on that basis alleges, debtor

15  Summerwind Ranch LLC owns the real estate development commonly known as

16  "Summerwind Ranch," which is located near Calimesa in Riverside County, California.

17  Summerwind Ranch is comprised of 2,591 acres with 3,683 lots planned thereon.

18      15.    The Trustee is informed and believes, and on that basis alleges, debtor

19  Lehman/SunCal Master, as borrower, entered into three Lien Credit Agreements with

20  defendant Lehman Commercial as an administrative agent and participant (collectively,

21  the "Lien Credit Agreements").  Pursuant to the First and Second Lien Credit Agreements

22  (collectively, the "January 2006 Loan"), which were entered into on or around January 19,

23  2006, debtor Lehman/SunCal Master borrowed a total of $320 million as follows: (1) a

24  revolving credit facility of $75 million and term loan facility of $160 million under the First

25  Lien Credit Agreement; and (2) a $85 million term loan facility under the Second Lien

26  Credit Agreement.  Defendant Lehman Commercial participated in the January 2006

27  Loans, and acted as the sole administrative agent, and Lehman Brothers, Inc. ("Lehman

28  Brothers"), served as the sole lead arranger and syndicator.  Defendant Lehman

1  Lakeside, Debtor's Lehman/SunCal Master's managing member, caused Lehman/SunCal

2  Master's obligations under these agreements to be guaranteed by the Lehman/SunCal

3  Subsidiaries, and secured by first and second liens cross-collateralized against the Real

4  Properties and other assets.  More specifically, defendant Lehman Commercial obtained a

5  lien from its affiliate defendant Lehman Lakeside against debtor Lehman/SunCal Master

6  for the full amount of the January 2006 Loan (the "Lehman/SunCal Master Lien"), as well

7  as liens against each of the Lehman/SunCal Subsidiaries also in the full amount of the

8  January 2006 Loan ("Lehman/SunCal Subsidiary Liens").  Therefore, a Lehman affiliated

9  entity was the lender, administrative agent, arranger, syndicator, borrower, managing

10  member of the borrower, and guarantor on the January 2006 Loans.

11      16.    The Trustee is informed and believes, and on that basis alleges, as a result

12  of the January 2006 Loan, the Debtors' were collectively saddled with $320 million in

13  secured debt and the significant interest thereon.  However, Debtors did not receive the

14  benefit of all the January 2006 Loan proceeds.  Of the $235 million allegedly loaned to

15  Lehman/SunCal Master under the First Lien Credit Agreement, a $144 million equity

16  distribution (the "Dividend") was immediately paid from escrow to Debtor Lehman/SunCal

17  Master's equity owners, of which 90%, $117 million, was paid to Lehman Lakeside.

18  Debtors appear to never have received the $144 million, nor any value for the transfer of

19  the Dividend.

20      17.    The Trustee is informed and believes, and on that basis alleges, most of the

21  $320 million January 2006 Loan proceeds went to one Lehman entity or another.  Besides

22  the $144 million Dividend, $10.6 million was paid to Lehman Commercial for its

23  arrangement and administrative fee.  Approximately $62 million went to repay another

24  Lehman entity's, "Lehman, Ali," loans to the Lehman/SunCal Subsidiaries.  This value

25  received by the Debtors is offset by the fact that debtor McSweeney Farms LLC paid

26  approximately $21 million into escrow prior to closing.

27      18.    The Trustee is informed and believes, and on that basis alleges, from

28  escrow $25 million was automatically set aside by escrow to fund a "Debt Service

273652.2                                6                                COMPLAINT

1  Reserve" which the Debtors could not use, but served as defendant Lehman
2  Commercial's collateral.  Although this Debt Service Reserve which has also been
3  characterized as the Development Account was allegedly intended to be used by the
4  Debtors for various development and maintenance expenses, it appears that Lehman
5  Commercial's unfair exercise of control agreements and its lack of consent effectively
6  prohibited the use of these funds during the a substantial portion of the loan term.
7  Moreover, it appears that Lehman Commercial unnecessarily caused the funds in the
8  Development Account to be borrowed in order to increase its yield on its investment.
9  Similarly, there was another $25 million on the revolving credit line that was never made
10  available to the Debtors between the January 19, 2006 funding date and March, 2007
11  resulting in a combined $50 million of lost liquidity of which Debtors did not receive the
12  benefit.

13       19.     Moreover, while the Lehman/SunCal Subsidiaries were forced to grant
14  security interests in the Real Properties to secure the entire $320 million in loans it
15  Lehman/SunCal Master, each entity received very little of the loan proceeds.  The
16  following is a brief summary of the Trustee's findings regarding each Lehman/SunCal
17  Subsidiary:

18       A.     McAllister Ranch LLC: The Trustee is informed and believes, and on
19  that basis alleges, in exchange for securing the entire $320 million in loans to
20  Lehman/SunCal Master, McAllister Ranch received only loan proceeds sufficient to
21  replace the existing $20 million first position lien, which was held by another
22  Lehman-related entity and allegedly created on November 5, 2004.. Moreover, Lehman
23  SunCal Master upstreamed approximately $22.8 million of McAllister Ranch sale deposits
24  in March, 2006 which were effectively used in the operating account to disburse to
25  Lehman Commercial as part of the $40 million in interest and principal it received as part
26  of the $235 million loan ($144 million of which was disbursed as an allegedly as a
27  dividend).

28

1    B.    McSweeney Farms LLC: The Trustee is informed and believes, and

2  on that basis alleges, in exchange for securing the entire $320 million in loans to

3  Lehman/SunCal Master, McSweeney Farms LLC received only loan proceeds sufficient to

4  replace the existing $17.7 million first position lien, which was held by another

5  Lehman-related entity and allegedly created on May 18, 2005.  Moreover, on January 19,

6  2006, through the escrow related to the funding of the loans, SunCal Master upstreamed

7  approximately $21.5 million of McSweeney Farms sale proceeds which were also

8  effectively used to as part of the $40 million in interest and principal Lehman Commercial

9  received as part of the $235 million loan ($144 million of which was disbursed allegedly as

10  a dividend).

11    C.    Summerwind Ranch LLC: The Trustee is informed and believes, and

12  on that basis alleges, in exchange for securing the entire $320 million in loans to

13  Lehman/SunCal Master, Summerwind Ranch LLC received only loan proceeds sufficient

14  to replace the existing $24 million first position lien, which was held by another

15  Lehman-related entity and allegedly created on May 3, 2005.  It is unclear what other

16  benefit Summerwind Ranch LLC received at this point.

17    20.    The Trustee is informed and believes, and on that basis alleges, In sum, the

18  only concrete economic benefit received by the Lehman/SunCal Subsidiaries in exchange

19  for securing Lehman/SunCal Master's obligations under First and Second Lien Credit

20  Agreements (*i.e.*, the repayment of the $320 million in loans) was funds sufficient to relay

21  existing obligations to another Lehman-related entity, in amounts far less than that

22  secured by the Real Properties.  Clearly, the Lehman/SunCal Subsidiaries did not receive

23  reasonably equivalent value.

24    21.    The Trustee is informed and believes, and on that basis alleges, on

25  February 6, 2007, a Third Lien Credit Agreement was entered into by Lehman/SunCal

26  Master, which allegedly provided for an additional $75 million term loan, guaranteed again

27  by the Lehman/SunCal Subsidiaries and secured by third priority liens ("Third

28

1  Lien") against the Real Properties. Lehman/SunCal Master Lien, the Lehman/SunCal

2  Subsidiary Liens and the Third Lien are collectively referred to as the "Transfers."

3      22.    The Trustee is informed and believes, and on that basis alleges, just as with

4  the January 2006 Loans, Lehman Commercial participated and served as the

5  administrative agent, and Lehman Brothers served as sole arranger and syndicator with

6  Lehman Lakeside as the managing member of the Debtors. It appears that the need for

7  the Third Lien Credit Agreement was not contemplated when the First and Second Lien

8  Credit Agreements were originated but needed because of cash flow shortages within the

9  Debtors, and simultaneous pressure by Lehman Commercial for the Debtors to timely pay

10  their obligations under the First Lien Credit Agreement. One year later, on February 14,

11  2008, defendant Lehman Commercial resigned as administrative agent under the Second

12  and Third Lien Credit Agreements and defendants Gramercy and Square Mile,

13  respectively, became the administrative agents. From the $75 million loaned to

14  Lehman/SunCal Master under the Third Lien Credit Agreement, $50 million was paid out

15  of escrow directly to Lehman Commercial to pay down obligations on the First Lien Credit

16  Agreement.

17      23.    The Trustee is informed and believes, and on that basis alleges, the

18  negotiations between Lehman Commercial and Lehman Lakeside essentially set the

19  Debtors' up for default. For example, on January 31, 2008, Lehman Commercial, as the

20  lien agent for all three Lien Credit Agreements, negotiated the Fourth Amendment and

21  Waiver to the First Lien Credit Agreement (the "Amendment"), which required that the

22  cash in the Development Account be *increased* from $25 million to $50 million by

23  March 31, 2008. Then, 60 days later on March 31, 2008, Lehman Commercial declared a

24  default due to the Debtors failure to increase the Development Account. Lehman

25  Commercial knew or reasonably should have known that the Debtors would be unable to

26  comply with the Amendment and come up with an additional $25 million in cash 60 days.

27      24.    The Trustee is informed and believes, and on that basis alleges, the other

28  defaults declared by Lehman Commercial are equally suspect. Lehman Commercial

273652.2                              9                              COMPLAINT

1  argues that the Debtors missed an interest payment, even though there was

2  approximately $25 million of cash in the Development Account, which was admittedly

3  available to repay and prepay loans. Lehman Commercial argues that the Debtors failed

4  to timely deliver financial statements, but the Debtors were under the control of Lehman

5  Commercial's affiliate, Lehman Lakeside. Lehman Commercial further asserts that the

6  Debtors failed to pay a $100,000 administrative fee and maintain the necessary liquidity

7  requirements, which was presumably caused by that fact that $144 million of the

8  January 2006 Loan proceeds were paid directly from escrow to Lehman/SunCal Master's

9  owners and, primarily, Lehman Lakeside.

10                      **SIGNIFICANT POST-PETITION EVENTS**

11          25.    The Trustee is informed and believes, and on that basis alleges, on

12  October 2, 2008, Lehman Commercial filed four motions for relief from the automatic stay

13  (the "Lehman Relief Motions") in each individual case, which were originally scheduled for

14  hearings on October 28, 2008. On October 14, 2008, a group of petitioning creditors filed

15  an opposition to the Lehman Relief Motions. The Debtors, controlled by Lehman

16  Lakeside, did not oppose the Lehman Relief Motions, arguing that the Debtors have no

17  viable defenses to thereto.

18          26.    The Trustee is informed and believes, and on that basis alleges, following

19  the Debtors' refusal to oppose the Lehman Relief Motions, on or about October 15, 2008,

20  a group of petitioning creditors filed a motion for order authorizing the appointment of a

21  chapter 11 trustee (the "Trustee Appointment Motion"). The petitioning creditors argued

22  that an independent trustee should be appointed to represent the interests of the Debtors'

23  estates, especially in light of the affiliate relationship between Lehman Commercial, the

24  lender and movant, and Lehman Lakeside, the managing member and majority owner of

25  the Lehman/SunCal Master.

26          27.    The Trustee is informed and believes, and on that basis alleges, on

27  October 22, 2008, the Debtors answered the involuntary petitions, consented to the entry

28  of the orders for relief, and then filed motions to convert the cases from chapter 11 to

273652.2                                    10                                    COMPLAINT

1  chapter 7 (collectively, the "Motions to Convert"). The Debtors, controlled by Lehman

2  Lakeside, argued that conversion was proper because there was no possibility to

3  reorganize. Both Lehman Commercial and the Lehman-controlled Debtors opposed the

4  Trustee Appointment Motion.

5      28.    The Trustee is informed and believes, and on that basis alleges, following

6  his appointment, the Trustee immediately moved the Court for authoirty to use cash

7  collateral on a emergency basis (the "Cash Collateral Motion"). Lehman Commerical

8  opposed the Cash Collateral Motion, despite the fact that the Trustee sought Court

9  authority to use the cash in the Development Account for the sole purpose of preventing

10 the neglect complained of in the Lehman Relief Motions, and which was originally caused

11 by Lehman Commercial's own conduct. On November 6, 2008, the Court heard and

12 approved the Cash Collateral Motion over Lehman Commerical's objection. Pursuant to

13 the Court's order, the Trustee has authority to use the funds in the Development Account

14 pursuant to the Court-approved budget to bring the deferred maintenance up to date

15 (which maintenance Lehman Commercial refused to fund) and to preserve the value of

16 the Real Properties.

17

18        **FIRST CLAIM FOR RELIEF**
    **(To Avoid Transfer and Recover Intentionally Fraudulently Conveyance**
    **under 11 U.S.C. §§ 544(b), 550, and Cal. Civ. Code § 3439.04(a)(1))**
19        **(against Lehman Commercial, Gramercy and Square Mile)**

20

21      29.    Plaintiff incorporates each and every allegation contained in paragraphs 1

22 through 28, inclusive, as though fully set forth herein.

23      30.    The Trustee is informed and believes, and on that basis alleges, the

24 Transfers occurred during the four-year period immediately preceding the Petition Dates.

25      31.    The Trustee is informed and believes, and on that basis alleges, the

26 Transfers were made with the actual intent to hinder, delay or defraud the Estates'

27 creditors.

28

273652.2                            11                            COMPLAINT

1      32.    Trustee is informed and believes, and on that basis alleges, that the

2 Lehman/SunCal Master Lien is in the amount of $320 million. The Lehman/SunCal

3 Subsidiaries Liens are cross collateralized in the amount of $320 million.  The Third Lien

4 is in the amount of $75 million.

5      33.    The Trustee is informed and believes, and on that basis alleges, creditors

6 existed at the time of the Transfers that remained unpaid as of the Petition Dates.

7      34.    The Trustee is informed and believes, and on that basis alleges, the

8 Transfers were made to or for the benefit of Lehman Commercial, Gramercy and Square

9 Mile.

10      35.    The Trustee is informed and believes, and on that basis alleges, the Debtors

11 received no or inadequate consideration from Lehman Commercial, Gramercy and

12 Square Mile in exchange for the Transfers.

13      36.    Trustee is informed and believes, and on that basis alleges, that Lehman

14 Commercial is an insider of the Debtors.

15      37.    The Trustee is informed and believes, and on that basis alleges, that

16 Debtors became insolvent as a result of the Transfers.

17      38.    By reason of the foregoing, the Transfers  are avoidable, Plaintiff is entitled

18 to set aside and recover the Transfers pursuant to 11 U.S.C. § 544(b), California Civil

19 Code §§ 3439.04(a)(1) and 3439.07, and 11 U.S.C. § 550.

20

21                        **SECOND CLAIM FOR RELIEF**
**(To Avoid Transfer and Recover Constructively Fraudulently Conveyance**

22        **under 11 U.S.C. §§ 544(b), 550 and Cal. Civ. Code §§ 3439.04(a)(2))**
**(against Lehman Commercial, Gramercy and Square Mile)**

23      39.    Plaintiff incorporates each and every allegation contained in paragraphs 1

24 through 38, inclusive, as though fully set forth herein.

25      40.    The Trustee is informed and believes, and on that basis alleges, the

26 Transfers occurred during the four-year period immediately preceding the Petition Dates.

27      41.    Trustee is informed and believes, and on that basis alleges, that the

28 Lehman/SunCal Master Lien is in the amount of $320 million. The Lehman/SunCal

1 Subsidiaries Liens are cross collateralized in the amount of $320 million. The Third Lien

2 is in the amount of $75 million.

3    42.    The Trustee is informed and believes, and on that basis alleges, creditors

4 existed at the time of the Transfers that remained unpaid as of the Petition Dates.

5    43.    The Trustee is informed and believes, and on that basis alleges, the

6 Transfers were made to or for the benefit of Lehman Commercial, Gramercy and Square

7 Mile.

8    44.    The Trustee is informed and believes, and on that basis alleges, the Debtors

9 received no or inadequate consideration from Lehman Commercial, Gramercy and

10 Square Mile in exchange for the Transfers.

11    45.    The Trustee is informed and believes, and on that basis alleges, at the time

12 of the Transfers, the Debtors were engaged or were about to engage in a business or a

13 transaction for which the remaining assets of the Debtors were unreasonably small in

14 relation to the business or transaction.

15    46.    The Trustee is informed and believes, and on that basis alleges, at the time

16 of the Transfers, the Debtors intended to incur, or believed or reasonably should have

17 believed that they would incur, debts beyond their ability to pay as they became due.

18    47.    The Trustee is informed and believes, and on that basis alleges, Lehman

19 Commercial, Gramercy and Square Mile did not take the Transfers for a reasonably

20 equivalent value or in good faith.

21    48.    By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to

22 set aside and recover the Transfers pursuant to 11 U.S.C. § 544(b), California Civil Code

23 §§ 3439.04(a)(2) and 3439.07, and 11 U.S.C. § 550.

24

25 **THIRD CLAIM FOR RELIEF**
**(To Avoid Transfer and Recover Constructively Fraudulently Transferred**
**Property under 11 U.S.C. §§ 544(b), 550 and Cal. Civ. Code §§ 3439.05)**
26 **(against Lehman Commercial, Gramercy and Square Mile)**

27    49.    Plaintiff incorporates each and every allegation contained in paragraphs 1

28 through 48, inclusive, as though fully set forth herein.

273652.2                                  13                                  COMPLAINT

50.    The Trustee is informed and believes, and on that basis alleges, the Debtors made the Transfers to and for the benefit of Lehman Commercial, its affiliates, Gramercy and Square Mile.

51.    The Trustee is informed and believes, and on that basis alleges, the Debtors did not receive reasonably equivalent value for making the Transfers.

52.    The Trustee is informed and believes, and on that basis alleges, at the time of the Transfers, the Debtors were either insolvent and/or were rendered insolvent as a result of the Transfers.

53.    The Trustee is informed and believes, and on that basis alleges, creditors existed at the time of or prior to the Transfers that remained unpaid as of the Petition Dates.

54.    By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to set aside and recover the Transfers pursuant to 11 U.S.C. § 544(b), California Civil Code §§ 3439.05 and 3439.07, and 11 U.S.C. § 550.

### FOURTH CLAIM FOR RELIEF
**(To Preserve Transfer for the Benefit of the Estates Pursuant to 11 U.S.C. § 551)**
**(against Lehman Commercial, Gramercy and Square Mile)**

55.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 54, inclusive, as though fully set forth herein.

56.    Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the Estates as the Transfers are avoidable under 11 U.S.C. §§ 544 and 550 as set forth above.

### FIFTH CLAIM FOR RELIEF
**(For Imposition of Constructive Trust)**
**(against Lehman Commercial, Gramercy and Square Mile)**

57.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 56, inclusive, as though fully set forth herein.

273652.2                                    14                                    COMPLAINT

1   58.   The Trustee is informed and believes, and on that basis alleges, the

2   Transfers are fraudulent transfers for less than reasonably equivalent value.

3   59.   The Trustee is informed and believes, and on that basis alleges, Lehman

4   Commercial, Gramercy and Square Mile were unjustly enriched as a result of the

5   Transfers.

6   60.   By reason of the foregoing, Plaintiff is entitled to the imposition of a

7   constructive trust as of the date of the Transfers for the benefit of the Estates as of the

8   Petition Date.

9

10   **SIXTH CLAIM FOR RELIEF**
**(For Breach of Fiduciary Duty)**
**(against Lehman Commercial and Lehman Lakeside)**

11

12   61.   Plaintiff incorporates each and every allegation contained in paragraphs 1

13   through 60, inclusive, as though fully set forth herein.

14   62.   The Trustee is informed and believes, and on that basis alleges, Lehman

15   Lakeside, as the managing member of debtor Lehman SunCal Master, which is the 100%

16   member of the remaining debtors, has fiduciary duties to the Debtors and their creditors.

17   Lehman Commercial, Lehman Lakeside's affiliate and recipient of, among other things,

18   the Transfers, exercised sufficient control over the Debtors through, at a minimum, the

19   affiliate relationship with Lehman Lakeside, to be considered an insider with fiduciary

20   duties to the Debtors and their creditors.

21   63.   The Trustee is informed and believes, and on that basis alleges, Lehman

22   Lakeside and Lehman Commercial breached their fiduciary duties to Debtors and their

23   creditors, by, among other things set out in more detail above, causing the Debtors to

24   agree to the Transfers when they did not receive reasonably equivalent value for these

25   liens, and agreeing to loan terms which left insufficient funds for the development of the

26   Real Properties, and causing the Debtors to agree to an increased reserved account

27   which was unsustainable.   Moreover, by permitting a $144 million distribution of equity

28   through the proceeds of development loans with no benefit to the Debtors, it caused

273652.2                          15                          COMPLAINT

1   interest and principal obligations which burdened the Debtors to such an extent that it
2   resulted in inadequate liquidity to sustain the operations.

3       64.   The Trustee is informed and believes, and on that basis alleges, these
4   breaches caused the Debtors' insolvency and inability to pay their debts as they came
5   due.

6       65.   The Trustee is informed and believes, and on that basis alleges, Debtors
7   and their other creditors who did not know or have reason to know about the Transfers
8   have been injured in an amount to be proven at trial.

9       66.   By reason of the foregoing, Plaintiff is entitled to damages in an amount to
10  be proven at trial.  Because Lehman Commercial and Lehman Lakeside's conduct was
11  malicious, oppressive and in open disregard for the rights of others, the Plaintiff is entitled
12  to exemplary damages in an amount to be proven at trial.

13

14  **SEVENTH CLAIM FOR RELIEF**
**(For Breach of Implied Covenant of Good Faith and Fair Dealing)**
**(against Lehman Commercial)**

15

16      67.   Plaintiff incorporates each and every allegation contained in paragraphs 1
17  through 66, inclusive, as though fully set forth herein.

18      68.   The Trustee is informed and believes, and on that basis alleges, defendant
19  Lehman Commercial owed Debtors the implied covenant of good faith and fair dealing
20  pursuant to the First, Second and Third Lien Credit Agreements in which Lehman
21  Commercial impliedly covenanted that it would, in good faith and in the exercise of fair
22  dealing, deal with debtor Lehman/SunCal Master fairly and honestly and do nothing to
23  impair, interfere with, hinder or potentially injure its rights.

24      69.   The Trustee is informed and believes, and on that basis alleges, defendant
25  Lehman Commercial breached the implied covenant of good faith and fair dealing, by,
26  among other things, the acts detailed above, which may not constitute breach of contract,
27  but which are contrary to the First, Second and Third Lien Credit Agreements purpose of
28  loans, i.e. real estate development. These acts include, at a minimum, structuring the

273652.2                              16                              COMPLAINT

1 First, Second and Third Lien Credit Agreements, and related terms, so that sufficient
2 funds for the real estate development projects did not exist upon funding, refusing to allow
3 Debtors to use the funds in the Debt Servicing Account/Development Account to service
4 the January 2006 Loan, and requiring terms which Lehman Commercial knew or should
5 have known Debtors could not comply with such as the increased Debt Servicing
6 Account/Development Account withholding and using these terms to call a default on the
7 January 2006 Loan.

8        70.        The Trustee is informed and believes, and based thereon alleges, Debtors
9 performed all acts, duties and responsibilities required of it under the First, Second and
10 Third Lien Credit Agreements except that which was prevented or caused by Lehman
11 Commercial's improper conduct.

12        71.        By reason of the foregoing, Plaintiff is entitled to damages in an amount to
13 be proven at trial.

14
15                            **EIGHTH CLAIM FOR RELIEF**
                              **(For Equitable Subordination)**
                      **(against Lehman Commercial and Gramercy)**
16

17        72.        Plaintiff incorporates each and every allegation contained in paragraphs 1
18 through 71, inclusive, as though fully set forth herein.

19        73.        The Trustee is informed and believes, and on that basis alleges, Lehman
20 Commercial and Gramercy are the recipients of the Lehman/SunCal Master Lien and the
21 Lehman/SunCal Subsidiary Liens related to the January 2006 Loan which are liens in the
22 amount of no less than $320 million and have asserted first and second priority secured
23 claims against the Estates for this amount.

24        74.        The Trustee is informed and believes, and on that basis alleges, Lehman
25 Commercial has engaged in inequitable conduct described in more detail above including
26 causing the Debtors, through its affiliate Lehman Lakeside, to agree to the
27 Lehman/SunCal Master Lien and the Lehman/SunCal Subsidiary Liens when they did not
28 receive reasonably equivalent value for these liens, causing the Dividend to its affiliate

1  Lehman Lakeside which left insufficient funds for the development of the Real Properties,

2  and causing the Debtors to agree to an increased reserved account which was

3  unsustainable.

4      75.    The Trustee is informed and believes, and on that basis alleges, Lehman

5  Commercial's misconduct resulted in injury to the Debtors and their creditors by putting

6  the Debtors in insolvency, unable to pay their debts as they came due in an amount to be

7  proven at trial but, at a minimum, in an amount equivalent to the Dividend plus interest.

8      76.    By reason of the foregoing, Plaintiff is entitled to equitably subordinate

9  Lehman Commercial's and Gramercy's claim in an amount to be proven at trial but, at a

10  minimum, in the amount of the Dividend, plus interest, which result is not inconsistent with

11  the purposes of the Bankruptcy Code.

12

13  **NINTH CLAIM FOR RELIEF**
**(For Award of Attorneys' Fees and Costs Pursuant to Rule 7008(b)**
**of the Federal Bankruptcy Rules)**

14  **(against all Defendants)**

15      77.    Plaintiff incorporates each and every allegation contained in paragraphs 1

16  through 76, inclusive, as though fully set forth herein.

17      78.    Based on the foregoing allegations, Plaintiff is entitled to reasonable

18  attorneys' fees and costs resulting from bringing the instant action.

19  **WHEREFORE**, Plaintiff prays that this Court enter a judgment against Defendants

20  as follows:

21      1.    Avoiding the Transfers and declaring that the Transfers be annulled and

22  rendered void as fraudulent transfers and for recovery of the Transfers for the benefit of

23  the Estates against Lehman Commercial, Gramercy and Square Mile.

24      2.    For preservation of the Transfers for the benefit of the Estates.

25      3.    For imposition of a constructive trust as of the date of the Transfers for the

26  benefit of the Estates.

27      4.    For a money judgment against Lehman Commercial and Lehman Lakeside

28  for breach of their fiduciary duties.

273652.2               18             COMPLAINT

1        5.    For the equitable subordination to general unsecured creditors of all liens

2    created under the First, Second and Third Credit Agreements and for the preservation of

3    such liens for the benefit of the Estates;

4        6.    Plaintiff be awarded the Estates' costs and attorneys' fees incurred in this

5    action.

6        7.    For award of exemplary damages.

7        8.    For pre-judgment and post-judgment interest at the maximum legal rate.

8        9.    For such other and further relief as this Court may, in its discretion, deem

9    just and proper.

10

11    Dated:  November _____, 2008

12

13                    By:  _____

14                             Attorneys for Alfred H. Siegel,
                         Chapter 11 Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

273652.2

19

COMPLAINT