UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                                                     :
In re                                                                :    Chapter 11 Case No.
                                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                             :    08-13555 (JMP)
                                                                     :
                         Debtors.                                    :    (Jointly Administered)
                                                                     :
---------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE GRANTING AUTHORITY TO LBHI TO DIRECT LCPI TO TRANSFER FUNDS TO ROSSLYN LB SYNDICATION PARTNER LLC

Upon the motion, dated May 25, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), as debtors in possession (together with their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing LBHI, as holder of the RACERS MM Notes[1] to direct or cause LCPI to transfer, and authorizing LCPI to transfer, approximately $262,500,000 of the RACERS Funds to Rosslyn LB, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and upon the record of the hearing on the Motion held on June 16, 2010; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI is authorized and empowered, but not directed, to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to direct or cause LCPI to transfer to Rosslyn LB a portion of the RACERS Funds necessary for Rosslyn LB to pay its share of the Capital Call; and it is further

ORDERED that LBHI is authorized and empowered, but not directed, to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to direct or cause LCPI to transfer to Rosslyn LB a portion of the RACERS Funds, if necessary, to pay the Rosslyn JV's other partners' share of the Capital Call, as a partner loan, in accordance with the provisions of the agreement governing the Rosslyn JV, which include, without limitation, the following terms:

| | |
|---|---|
| Interest Rate: | 15% per annum |
| Collateral: | the other partners' partnership interests |
| Priority: | first in, first out; all funds otherwise distributable to the applicable other partners will be paid toward the balance of |

2

>>the partner loan, until such loan, plus all accrued and unpaid interest, is repaid in full

; and it is further

ORDERED that LCPI is authorized, upon instruction as set forth in the Motion, to transfer to Rosslyn LB a portion of the RACERS Funds necessary for Rosslyn LB to pay its share of the Capital Call; and it is further

ORDERED that LCPI is authorized, upon instruction as set forth in the Motion, if necessary, to pay the Rosslyn JV's other partners' share of the Capital Call, as a partner loan, in accordance with the provisions of the agreement governing the Rosslyn JV and pursuant to the terms set forth above; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that nothing contained in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LBHI, LCPI, or any of the Debtors or their non-debtor affiliates except as otherwise expressly provided in the Motion, that any of the Debtors or non-debtor affiliates may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other or third parties.  The parties are authorized to execute such further documentation necessary to reflect this reservation of rights; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
       June 17, 2010

                                        *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE