PARTIES RECEIVING THIS NOTICE OF TWENTY-SIXTH OMNIBUS OBJECTION
TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR
NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION
AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                              :    **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                                   :
                                      **Debtors.**          :    **(Jointly Administered)**
-------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

**PLEASE TAKE NOTICE** that on June 17, 2010, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their twenty-sixth omnibus objection to claims (the

"Debtors' Twenty-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to

consider the Debtors' Twenty-Sixth Omnibus Objection to Claims will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,

New York 10004, on **August 4, 2010 at 10:00 a.m. (Eastern Time),** or as soon thereafter as

counsel may be heard.

       **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'
Twenty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal
Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed
with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which
can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing
system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable
Document Format (PDF), WordPerfect, or any other Windows-based word processing format
(with a hard copy delivered directly to Chambers), in accordance with General Order M-182
(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order
M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New
York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges
LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the
Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,
21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg,
Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv)
attorneys for the official committee of unsecured creditors appointed in these cases, Milbank,
Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn:
Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and
received by no later than  **July 20, 2010 at 4:00 p.m. (Eastern Time)** (the "Response
Deadline").

       **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and
served with respect to the Debtors' Twenty-Sixth Omnibus Objection to Claims or any claim set

forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy

Court an order substantially in the form of the proposed order annexed to the Debtors' Twenty-

Sixth Omnibus Objection to Claims, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated:  June 17, 2010
        New York, New York

                                /s/ Shai Y. Waisman
                                Shai Y. Waisman
                                Randi W. Singer

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Debtors
                                and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**
**(DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

---

**PARTIES RECEIVING THIS NOTICE OF TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, SARAH DECKER, AT (214) 746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## **Relief Requested**

1.      The Debtors file this twenty-sixth omnibus objection to claims (the

"Twenty-Sixth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim filed in these chapter

11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order

disallowing and expunging the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed under the heading "*Claims

to be Disallowed and Expunged*" (collectively, the "Duplicative of Indenture Trustee

Claims") are duplicative of the corresponding global claims identified under the heading

"*Surviving Claim*" (the "Global Surviving Claims").  The Global Surviving Claims are

proofs of claim filed by the Bank of New York Mellon (the "Bank of New York"), in its

capacity as indenture trustee, on behalf of itself and the holders of securities issued

pursuant to the Bank of New York Indenture (as defined below).  The Debtors seek the

disallowance and expungement from the Court's claims register of the Duplicative of

Indenture Trustee Claims and preservation of the Debtors' right to later object to the Global Surviving Claims on any basis.

3.      This Twenty-Sixth Omnibus Objection to Claims does not affect the Global Surviving Claims and does not constitute any admission or finding with respect to the Global Surviving Claims.  Further, the Debtors reserve all their rights to object on any other basis to any Duplicative of Indenture Trustee Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.    On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order").  The Bar Date Order specifically provides for the indenture trustees of certain securities, such as Wilmington Trust, to file a global proof of claim on behalf of the individual holders of those securities. (*See* Bar Date Ord. at 3-4.)

9.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Indenture Trustee Claims

10.    Lehman Brothers Holdings Inc. ("LBHI") and Chemical Bank, as original trustee, entered into an indenture on February 1, 1996 (the "Bank of New York Indenture").  The terms of the Bank of New York Indenture authorize the indenture trustee to file a proof of claim on behalf of all holders of securities issued under the Indenture.  (*See* Bank of New York Indenture attached to Claim No. 22122 as Ex. A.) The Bank of New York is the successor trustee to Chemical Bank.

11.     On September 21, 2009, Bank of New York filed its proofs of claims (Claim Nos. 21797, 21798, 21799, 21800, 21801, 21802, 21803, 21805, 22122, and 22123) on behalf of itself and the holders of the Secured Notes issued under the Bank of New York Indenture.

**The Duplicative of Indenture Trustee Claims Should Be Disallowed and Expunged**

12.     The Debtors have begun their review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent and have identified the Duplicative of Indenture Trustee Claims on Exhibit A as duplicative of the Global Surviving Claims.  Both the Duplicative of Indenture Trustee Claims and the Global Surviving Claims are claims that have been filed against the Debtors that relate to notes issued under the Bank of New York Indenture.  In each case, the Duplicative of Indenture Trustee Claim was filed by an individual claimant/noteholder and the Global Surviving Claims were filed by Bank of New York, as indenture trustee, on behalf of the individual claimant/noteholder.  Thus, each Duplicative of Indenture Trustee Claim seeks to recover on the same obligations and behalf of the same individuals as the Global Surviving Claims.

13.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor.  *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

15.     Further, the Debtors cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

16.     The Duplicative of Indenture Trustee Claims should be disallowed as duplicative of the Global Surviving Claims.  The Bank of New York was the proper party to file claims on behalf of the holders of senior unsecured notes issued under the Bank of New York Indenture.  The Bar Date Order specifically states that any holder of a security listed on the Master List of Securities, which includes the Senior Notes, need not file a proof of claim "due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder;

[]Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities[]. . . ."  (*See* Bar Date Ord. at 3-4.) Moreover, the terms of the Bank of New York Indenture provide for the Bank of New York filing a proof of claim on behalf of all holders of securities issued under the Bank of New York Indenture.  (*See* Bank of New York Indenture § 504.)  Finally, the Federal Rules of Bankruptcy Procedure provide that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is the trustee."  *See* Fed. R. Bank. P. 3003(c)(5).

17.    Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge in their entirety the Duplicate of Trustee Claims listed on Exhibit A.  The Global Surviving Claims will remain on the claims register subject to further objections on any basis.

### Notice

18.    No trustee has been appointed in these chapter 11 cases.  Notice of this Twenty-Sixth Omnibus Objection to Claims has been provided to (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York.  Such notice was provided in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice

and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the

Procedures Order.  The Debtors submit that such notice is sufficient and no other or

further notice need be provided.

19.    No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated: June 17, 2010
        New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 26 : EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 1 | ASPEN INSURANCE LIMITED ATTN: DAVID SKINNER MAXWELL ROBERTS BUILDING 1 CHURCH STREET HAMILTON, HM 11 BERMUDA | 09/15/2009 | 08-13555 (JMP) | 13094 | $5,000,000.00 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21802 | $1,521,656,250.00* | Duplicative of Indenture Trustee Claims |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21799 | $1,516,614,583.33* | |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY ST, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21797 | $1,264,375,000.00* | |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 26 : EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

CLAIMS TO BE DISALLOWED AND EXPUNGED                                    SURVIVING CLAIMS

| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | ASPEN INSURANCE UK LIMITED ATTN: STEPHEN ROSE 30 FENCHURCH STREET LONDON, EC3M 3BD UNITED KINGDOM | 09/15/2009 | 08-13555 (JMP) | 13097 | $2,750,000.00 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21802 | $1,521,656,250.00* | Duplicative of Indenture Trustee Claims |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21799 | $1,516,614,583.33* | |
| 3 | CHEUNG, JESSICA 2336 WEST 13TH STREET, THIRD FLOOR BROOKLYN, NY 11223 | 11/05/2008 | 08-13555 (JMP) | 173 | $41,647.50 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21802 | $1,521,656,250.00* | Duplicative of Indenture Trustee Claims |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 26 : EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY ST, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21797 | $1,264,375,000.00* | |
| 4 | CHEUNG, JESSICA 2336 WEST 13TH STREET, THIRD FLOOR BROOKLYN, NY 11223 | 09/08/2009 | 08-13555 (JMP) | 10764 | $111,343.75 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21799 | $1,516,614,583.33* | Duplicative of Indenture Trustee Claims |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY ST, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21797 | $1,264,375,000.00* | |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 26 : EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | | | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 5 | CHEUNG, JESSICA 2336 WEST 13TH STREET, THIRD FLOOR BROOKLYN, NY 11223 | 09/11/2009 | 08-13555 (JMP) | 11576 | $209,193.75 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21800 | $1,933,352,666.67* | Duplicative of Indenture Trustee Claims |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21799 | $1,516,614,583.33* | |
| 6 | GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY ATTN: JOSEPH B. HOLLOWAY JR 1999 W. ADAMS BLVD. LOS ANGELES, CA 90018 | 02/02/2009 | 08-13555 (JMP) | 2405 | $458,687.50 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21800 | $1,933,352,666.67* | Duplicative of Indenture Trustee Claims |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 26 : EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY ST, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21797 | $1,264,375,000.00* | |
| | | | | | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22123 | $416,013,746.69 | |
| 7 LITT, BERNARD & ROBERDA GRAY 826 CLUBHOUSE DRIVE BALLWIN, MO 63011-2813 | 09/11/2009 | 08-13555 (JMP) | 11472 | Undetermined | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22123 | $416,013,746.69 | Duplicative of Indenture Trustee Claims |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 26 : EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| | | | | | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22122 | $311,742,937.05 | |
| 8 MORGAN, DOROTHY, TTEE 3434 DUNCAN AVENUE SARASOTA, FL 34239 | 01/29/2009 | | 2160 | $50,000.00 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21802 | $1,521,656,250.00* | Duplicative of Indenture Trustee Claims |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY ST, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21797 | $1,264,375,000.00* | |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 26 : EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | **SURVIVING CLAIMS** | | | | | |
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 9  SCHLOFF, CHARLES, TTEE CHARLES SCHOLLF TR 2082 GULF SHORE BLVD. N # 105 NAPLES, FL 34102 | 01/30/2009 | 08-13555 (JMP) | 2321 | $40,000.00 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21800 | $1,933,352,666.67* | Duplicative of Indenture Trustee Claims |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY ST, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21797 | $1,264,375,000.00* | |
| | | | **TOTAL** | $8,660,872.50 | | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                  :          **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :          **08-13555 (JMP)**
                                                       :
                    **Debtors.**              :          **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO**
**CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

Upon the twenty-sixth omnibus objection to claims, dated June 17, 2010

(the "Twenty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors

in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and

expunging the Duplicative of Indenture Trustee Claims on the grounds that such claims

are duplicative of the corresponding Global Surviving Claims, all as more fully described

in the Twenty-Sixth Omnibus Objection to Claims; and due and proper notice of the

Twenty-Sixth Omnibus Objection to Claims having been provided, and it appearing that

no other or further notice need be provided; and the Court having found and determined

that the relief sought in the Twenty-Sixth Omnibus Objection to Claims is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal

---

[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Debtors' Twenty-Sixth Omnibus Objection to Claims.

and factual bases set forth in the Twenty-Sixth Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Twenty-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed

and Expunged*" (collectively, the "Duplicative of Indenture Trustee Claims") are

disallowed and expunged; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the

heading "*Surviving Claims*" (collectively, the "Global Surviving Claims") will remain on

the claims register subject to the Debtors' right to further object as set forth herein; and it

is further

ORDERED that nothing in this Order or disallowance and expungement

of the Duplicative of Indenture Trustee Claims constitutes any admission or finding with

respect to the Global Surviving Claims, and the Debtors' rights to object to the Global

Surviving Claims on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to

the Twenty-Sixth Omnibus Objection to Claims under the heading "*Claims to be

Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the

Global Surviving Claims;

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE