Hearing Date and Time: June 29, 2010, at 11:00 a.m. ET
Objection Deadline: June 17, 2010 at 4:00 p.m. ET

TOBIN & TOBIN
JOHN P. CHRISTIAN, ESQ., SBN 111444
500 Sansome Street, 8th Floor
San Francisco, CA 94111-3211
Telephone:    (415) 433-1400
Facsimile:    (415) 433-3883

Attorneys for John Rosekrans

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re:

LEHMAN BROTHERS HOLDINGS, INC., et al.

                Debtor
-----------------------------------------------------------x

**Chapter 11
Case No: 08-13555 (JMP)**

**(Jointly Administered)**

## RESPONSE OF JOHN ROSEKRANS TO DEBTORS
## AND DEBTORS IN POSSESSION FIFTEENTH OMNIBUS OBJECTION TO CLAIMS

John Rosekrans ("Rosekrans"), by and through his undersigned attorneys, hereby responds to the Debtors' Fifteenth Omnibus Objection to Claims (Foreign Currency Claims) ("Fifteenth Omnibus Objection") brought by Lehman Brothers Holdings, Inc ("LBHI") and its affiliated debtors dated May 18, 2010, as follows:

    1.    On September 22, 2009, Rosekrans timely filed a proof of claim (Claim No. 27265).

    2.    Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), "a proof of claim executed and filed in accordance with the [bankruptcy]

rules shall constitute *prima facie* evidence of the validity and amount of the claim." F.R.B.P.3001(f). See also In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Alper Holdings USA, No. 07-12148, 2008 WL 160203, at *3 (Bankr. S.D.N.Y. 2008); In re MarketXT Holdings Corp., No. 40-12078, 2007 WL 680763, at *4 (Bankr. S.D.N.Y. 2007). In order to refute the validity or the amount of a properly filed proof of claim, the objecting party must produce evidence sufficient to negate the *prima facie* validity of that claim. See In re Spiegel, Inc., Nos. 03-11540, 06-CV-13477, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. Aug. 22, 2007) (citing In re Allegheny Int'l Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)). The Fifteenth Omnibus Objection does not contain evidence of any kind (just allegations) to negate the *prima facie* validity of the Rosekrans claim. Therefore, the Rosekrans claim remains presumptively valid pursuant to section 502 of the Bankruptcy Code and Rule 3001(f) of the Bankruptcy Rules.

3. Rosekrans admits the allegation set forth in Paragraph 11 of the Fifteenth Omnibus Objection, i.e., that the <u>face</u> page of his filed Proof of Claim (Claim No. 27265; item no. 91 in Exhibit A to the Fifteenth Omnibus Objection) references a foreign currency, specifically, Euros. However, the analysis does not end there, as the attachments to the Proof of Claim, which are incorporated into the Proof of Claim, include account documentation prepared by Lehman which speaks of both Euros and a United States Dollar amount, based upon then-current conversion rates. The "proof" of the claim is found among the documentation, which, in this case, was prepared by the Debtor (Lehman) itself. Rosekrans respectfully refers the Court to the <u>entirety</u> of the Rosekrans Proof of Claim, a true and correct copy of which is attached as Exhibit "A" to the accompanying Declaration of John P. Christian filed and served herewith for the Court's ease of reference. In essence, the Debtors' Fifteenth Omnibus Objection attempts to trump "form" over "substance".

2

4. Parenthetically, Rosekrans notes that the overwhelming majority of the claims which are included in Exhibit A to the Fifteenth Omnibus Objection are from claimants based in foreign countries. Of the 135 claims which are the subject of the Fifteenth Omnibus Objection, 130 of the claims are from outside the United States. By contrast, the Rosekrans claim is the only claim in the Fifteenth Omnibus Objection which involves a domestic client of Lehman who invested dollars in Euros. As a domestic client of Lehman, Rosekrans was permitted to invest his United States Dollars in Euros as an asset class; Lehman required these investments to be held in a commodity account. The multiple account statements (prepared by Lehman and later by Barclays Capital, Inc.) included in the Proof of Claim reflect opening account balances and closing account balances in *Euros*. These same statements then apply a "Currency Conversion Rate"[1] to arrive at "value in base currency." Thus, the Rosekrans claim, as filed, incorporates both currencies and reflects the conversion fluctuation inherent in such investment vehicles. The dollar amount reflected in the Proof of Claim ("USD 950,894.35")[2] is an interesting benchmark when compared to the conversion value today, but that is all that it is.[3]

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof where such burden properly rests with the Debtors, and without waiving (and hereby expressly reserving) the right to assert any and all such defenses at such time and to the extent discovery establishes a basis therefore, Rosekrans

---

[1] Precisely who determines that conversion rate is not disclosed in the account statements, but it nevertheless is clear such conversion rate is fluctuating and market driven.

[2] The Lehman's Bankruptcy Petition was filed on September 15, 2008. The Lehman Brothers Futures/Foreign Exchange Daily Statement dated August 31, 2008, which is included among the exhibits to the Rosekrans Proof of Claim, reflects a Euro balance of 639,170.34, and a Value in Base Currency of $950,894.35, based upon a conversion rate of 1.4877010 utilized by Lehman. Two weeks later, on September 16, 2008, Lehman sent to Mr. Rosekrans a Futures/Foreign Exchange Confirmation regarding a wire (never received, and, hence, the basis of Mr. Rosekrans' claim) in the amount of 641,190.92 Euro. Applying the conversion rate of 1.4877010 from the August 31 Statement, this translates to $953,900.34. The burden should be on the Debtor, whose statements are the basis of Mr. Rosekrans' claim, to clarify the precise dollar value at issue.

[3] As shown in the attached Declaration of John P. Christian, the SIPA Liquidation Trustee had no difficulty converting the filed claim of 641,190.92 Euros into an allowed claim of $921,904.30.

3

hereby asserts the following affirmative defenses to the claims asserted in the Debtors' Fifteenth Omnibus Objection:

### First Affirmative Defense
(Failure to State a Claim)

1. The Fifteenth Omnibus Objection fails to state a claim on which relief can be granted.

### Second Affirmative Defense
(Estoppel)

2. The Debtors' Fifteenth Omnibus Objection is barred, in whole or in part, by the doctrine of estoppel.

### Third Affirmative Defense
(Waiver)

3. The Debtors' Fifteenth Omnibus Objection is barred, in whole or in part, by the doctrine of waiver.

### Fourth Affirmative Defense
(Laches)

4. The Debtors' Fifteenth Omnibus Objection is barred, in whole or in part, by the doctrine of laches.

### Fifth Affirmative Defense
(In Pari delicto)

5. The Debtors' Fifteenth Omnibus Objection is barred, in whole or in part, by the doctrine of in pari delicto.

WHEREFORE, John Rosekrans asks that judgment be entered in his favor and that the Debtors' Fifteenth Omnibus Objection, as it pertains to John Rosekrans, be overruled in its entirety.

Dated: San Francisco, California
      June 16, 2010

                          Respectfully submitted,

                          TOBIN & TOBIN

                          By:       /s/ John P. Christian
                              500 Sansome Street, Suite 800
                              San Francisco, CA 94111
                              Telephone: (415) 433-1400
                              Facsimile: (415) 433-3883

                          Attorneys for John Rosekrans