**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: LEHMAN BROTHERS HOLDINGS INC.          Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P.,
of the partial transfer, other than for security, of the claim referenced in this evidence and
notice.

FINANTIA SECURITIES LIMITED                    GRANITE FINANCE LIMITED
_____                _____
           Name of Transferee                            Name of Transferor


Name and Address where notices to             Court  Claim # (if known): 29628
transferee should be sent:
                                              Amount of Claim: $455,299.67
Finantia Securities Limited
11 Austin Friars,                             Date Claim Filed: 22 September 2009
London
EC2N 2HG

Copy to:

Banco Finantia, S.A.
Att. Legal Department
Rua General Firmino Miguel, n° 5-1st floor
1600-100 Lisbon
Portugal


Phone: + 35 121 7202 0470                     Phone: + 1 345 949 7755

Last Four Digits of Acct #: N/A               Last Four Digits of Acct #: N/A

Name and Address where transferee
payments should be sent (if different
from above): N/A


I declare under penalty of perjury that the information provided in this notice is true and
correct to the best of my knowledge and belief.

By:_____      Date: _16.06.2010_____
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: LEHMAN BROTHERS HOLDINGS INC.              Case No. 08-13555

**NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

Claim No. 29628 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim Other than for Security in the clerk's office of this court on_____ (date).

| | |
|---|---|
| GRANITE FINANCE LIMITED | FINANTIA SECURITIES LIMITED |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Granite Finance Limited<br>Strathvale House,<br>North Church Street,<br>Grand Cayman,<br>Cayman Islands | Finantia Securities Limited<br>11 Austin Friars,<br>London<br>EC2N 2HG |

| ~ DEADLINE TO OBJECT TO TRANSFER ~ |
|---|
| The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court. |

Date:_____                        _____
                                        **CLERK OF THE COURT**

**EXHIBIT A**
**Page intentionally left blank – Exhibit A begins on next page**

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

## PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | |
|---|---|---|
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | Case No of Debtor 08-13555 | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., El Al. 08-13555 (JMP)   0000029628 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side).

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Granite Finance Limited
HSBC House
68 West Bay Road
George Town
Grand Cayman KY1-1 1102
Cayman Islands
Attn: Directors

Copies to:
Clifford Chance US LLP
31 West 52nd Street
New York, New York 10019
Attn: Jennifer DeMarco
David Sullivan

Telephone number: +1 345 949 7755     Email Address: scott.milken @ ky. hsbc.com ..

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
Granite Finance Limited
HSBC House, 68 West Bay Road
George Town , Grand Cayman KY1-1102, Cayman Islands

Telephone number: +1 345 949 7755     Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement of interest giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

| 1.  Amount of Claim as of Date Case Filed: $ See Attached | 5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

1.  Amount of Claim as of Date Case Filed: $ **See Attached**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2.  Basis for Claim: **See Attached**
(See instruction #2 on reverse side.)

3.  Last four digits of any number by which creditor identifies debtor: _____
3a.  Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4.  Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

6.  Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7.  Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.  Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

2:52 pm

| Date: 9/18/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   Connan Hill / Sylvia Lewis – Directors |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## EXPLANATORY STATEMENT

Lehman Brothers Holdings Inc. ("LBHI") is the guarantor of obligations of Lehman Brothers Special Financing Inc. ("LBSF") under the ISDA (as defined below), under that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI dated June 9, 2005, and under any amended, replacement or similar intercompany guarantee arrangement (collectively, the "Guarantee").

This proof of claim seeks to recover amounts owed to Granite Finance Limited ("Counterparty") by LBHI under the Guarantee on account of Transactions under an ISDA 1992 form of Master Agreement (Multicurrency - Cross Border) entered into between LBSF and the Counterparty dated as of October 28, 2003, together with a Schedule executed as per that certain Master Charged Agreement Terms (July 2000 Edition) and Constituting Instrument dated October 28, 2003 by and among Granite, LBIE, HSBC Trustee (CI) Limited and HSBC Bank plc (collectively, the "ISDA" or the "Swap Transaction") related to the issuance of (i) Green Notes Series 2003-5 USD 1,000,000 Secured Leveraged Note Linked to the Republic of Colombia due 2009 (the "Green Notes"), (ii) Orange Notes Series 2003-6 USD 2,000,000 Secured Leveraged Note Linked to the United Mexican States due 2009 (the "Orange Notes"), and (iii) Purple Notes Series 2003-7 USD 2,000,000 Secured Leveraged Note Linked to the Republic of Brazil due 2009 (the "Purple Notes").[1]

On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates (together with LBSF and LBHI, the "Debtors") filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. In re Lehman Brothers Holdings Inc., et al., Case

---

[1]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the ISDA, or any of the transaction documents relating to the Green Notes, Purple Notes or Orange Notes, as applicable.

No. 08-13555 (JMP) (Bankr. S.D.N.Y.).  On October 3, 2008, LBSF filed a voluntary petition

under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of

New York.  In re Lehman Brothers Special Financing Inc., Case No. 08-13888 (JMP) (Bankr.

S.D.N.Y.).  On October 16, 2008, the United States Bankruptcy Court for the Southern District

of New York entered an order directing joint administration of the Debtors' chapter 11 cases and

designated In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) as the lead

case.

Counterparty files this proof of claim asserting, without limitation, the following

amounts owing by LBSF to Counterparty arising under the Swap Transaction:

- Under the Swap Transaction related to the Green Notes, LBSF failed to
  make payments to Counterparty of $206,069 on October 28, 2008 and
  $182,564 on April 28, 2009.  LBSF asserts it was owed $27,500 on
  November 17, 2008.

- Under the Swap Transaction related to the Orange Notes, LBSF failed to
  make payments to Counterparty of $96,307 on February 23, 2009.  LBSF
  claims it was owed $55,000 on November 17, 2008.

- Under the Swap Transaction related to the Purple Notes, LBSF failed to
  make payments to Counterparty of $604,663 on October 20, 2008,
  $617,776 on April 20, 2009, and $571,728 under the Swap MTM.  LBSF
  asserts it was owed $130,000 on November 17, 2008.

Pursuant to Section 11 of the ISDA or otherwise, Counterparty estimates it will expend, and

hereby asserts a claim for, $200,000 for out-of-pocket costs, and expenses, including legal fees

and disbursements, by reason of the enforcement and protection of Counterparty's rights under

2

the ISDA or any Credit Support Document to which LBSF is a party or by reason of the failure to pay amounts owing under the ISDA and early termination of any Transaction, including but not limited to, costs of collection. Granite hereby asserts an unliquidated claim for any amounts owing in addition to the foregoing on account thereof.

The amounts stated in this proof of claim are preliminary calculations and are subject to adjustment by amendment of this proof of claim as stated herein or otherwise.

On an aggregate basis and excluding the amounts LBSF asserts are recoverable from Counterparty under the Swap Transaction, this proof of claim seeks to recover $2,479,107 (the "Amount Payable") from LBHI under the Guarantee plus additional contingent, unliquidated and unmatured amounts.

In addition to the Amount Payable, Counterparty reserves the right to seek amounts as Early, Optional, Mandatory or other Redemption, final amount payable, termination or early termination payments under the ISDA (including without limitation under Section 6(d)(ii) of the ISDA for interest at the Applicable Rate on the Amount Payable). Nothing herein shall waive and Counterparty expressly reserves the right to assert that the ISDA was terminated for any reason and at any time.

The Swap Transaction, together with the transaction documents relating to the Green Notes, Purple Notes and Orange Notes and any questionnaire filed in this case by the Counterparty related to this proof of claim are hereby incorporated by reference herein.

Counterparty reserves the right to amend and/or supplement this proof of claim at any time and in any manner, and to file additional proofs of claim for additional claims which may be based on the respective rights and obligations arising under the documents described above, the relationship described herein or the same events and circumstances described herein.

3

Counterparty reserves, without limiting the generality of the foregoing, the right to amend and/or supplement the calculation of amounts owing to Counterparty pursuant to Section 6 of the ISDA or otherwise. Counterparty further reserves the right to attach or bring forth additional documents supporting its claim and additional documents that may become available after further investigation and discovery.

Counterparty further reserves the right to file additional proofs of claim for administrative expenses, other claims entitled to priority, proofs of interest and proofs of claim against other parties, including but not limited to affiliated debtors.

Counterparty further reserves all its rights under sections 546, 559, 560, 561 and any other similar "safe harbor" provisions of the Bankruptcy Code.

The filing of this proof of claim shall not constitute a waiver or release of any of Counterparty's rights, including, without limitation, (a) Counterparty's rights against LBHI or any other person, entity, or property; (b) Counterparty's right to contest the jurisdiction of this Court with respect to the subject matter of the Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Counterparty, (c) Counterparty's right to move or withdraw the reference with respect to the subject matter of this claim or otherwise, (d) Counterparty's election of remedies or choice of law, or (e) any right to trial by jury that Counterparty may have in any civil proceeding arising in or related to this case.

This claim shall not constitute a waiver of any netting or setoff rights that Counterparty may have under the ISDA or applicable law.

Counterparty further reserves all and any rights against parties other than LBHI based on the agreements, facts and circumstances described herein.

4

**H
A
N
D

D
E
L
I
V
E
R
Y**

**FILED / RECEIVED**

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

**RECEIVED BY:**                **DATE**                2:51

                                                              **TIME**

**EXHIBIT B**
**Page intentionally left blank – Exhibit B begins on next page**

**EVIDENCE OF PARTIAL TRANSFER OF CLAIM**

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, GRANITE FINANCE LIMITED (the "**Transferor**") hereby unconditionally and irrevocably transfers and assigns to FINANTIA SECURITIES LIMITED (the "**Transferee**"), subject to and in accordance with an unwind deed dated 3 June 2010 between, amongst others, the Transferor and the Transferee, an 18.37% portion (to the extent of $455,299.67 under the Proof of Claim) of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) having Proof of Claim No 29628 against Lehman Brothers Holdings Inc. (the "**Debtor**"), the debtor in Case No. 08-13555 pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

Transferor hereby waives any objection to the transfer of the claim to the Transferee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law.  The Transferor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to the Transferor transferring to the Transferee the foregoing claim, recognizing the Transferee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to the Transferee.

**IN WITNESS WHEREOF**, this **EVIDENCE OF PARTIAL TRANSFER OF CLAIM** is executed this ⊥ day of C6 2010.

Granite Finance Limited

By:

Name:   DAVID PRESTON

Title:   DIRECTOR

**Connan Hill
Director**

**EXHIBIT C**

**TRANSFEREE NOTICE DETAILS**

Address: 11 Austin Friars, London, EC2N 2HG

Attention: Ana Carvalho

Telephone: + 3512172020470

E-mail: ana.carvalho@finantia.com