UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                          :    Chapter 11 Case No.
                                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                    :
                                               Debtors.                :    (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING LBHI'S MOTION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6006 AND 9014, FOR AUTHORIZATION TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS TO AURORA BANK FSB

Upon the motion, dated May 27, 2010 (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors"), pursuant to sections 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume and assign to Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB ("Aurora") the executory contracts identified in Exhibit "A" hereto (the "Aurora Contracts"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Aurora; (vii) the counterparties to each of the Aurora Contracts (collectively, the "Counterparties"); and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI's assumption and assignment of the Aurora Contracts to Aurora is approved and shall be effective on the date that is fourteen days after the date on which this Order is entered (the "Effective Date"); and it is further

ORDERED that each Counterparty to an Aurora Contract shall be deemed to have consented to the assumption and assignment of such contract to Aurora and shall be forever barred from asserting any objection with regard to such assumption and assignment; and it is further

ORDERED that the Cure Costs set forth in Exhibit "A" hereto shall be controlling, notwithstanding anything to the contrary in any Contract or any other document, and the Counterparty shall be deemed to have consented to the Cure Cost and shall forever be barred from asserting any other claims for cure relating to such contract against LBHI or Aurora; and it is further

ORDERED that Aurora shall pay to the applicable Counterparty all Cure Costs, if any; *provided*, *however*, that LBHI's right to withdraw any Contract proposed for assumption and assignment pursuant to the Motion as to which there is an objection to the proposed Cure Cost or a determination by the Court of a Cure Cost that is higher than the Cure Cost set forth in Exhibit "A" prior to the Effective Date is expressly preserved; and it is further

ORDERED that on the Effective Date, the Debtors shall be relieved of any liability resulting from any subsequent breach of the Aurora Contracts pursuant to section 365(k) of the Bankruptcy Code; and it is further

ORDERED that LBHI is hereby authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate assumptions and assignments in the manner set forth herein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any assumption and assignment consummated in the manner set forth herein.

Dated: New York, New York
   June 21, 2010      *s/ James M. Peck*
                HONORABLE JAMES M. PECK
                UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**
**(Schedule of Aurora Contracts)**

| | **Counterparty** | **Title of Agreement (Contract ID)** | **Counterparty Address** | **Description[1]** | **Proposed Cure Cost** |
|---|---|---|---|---|---|
| 1 | Allo Communications | Service & Equipment Agreement, dated March 26, 2007 (ID: CON-20661) | Allo Communications LLC Attn: Customer Contracts P.O. Box 1123 Imperial, NE 69033 | Terms and conditions for the provision of certain telecommunications services and/or equipment | $0 |
| 2 | Allo Communications | Service & Equipment Agreement, dated March 26, 2007 (ID: CON-20662) | Allo Communications LLC Attn: Customer Contracts P.O. Box 1123 Imperial, NE 69033 | Terms and conditions for the provision of certain telecommunications services and/or equipment | $0 |
| 3 | Allo Communications | Service & Equipment Agreement, dated March 26, 2007 (ID: CON-20677) | Allo Communications LLC Attn: Customer Contracts P.O. Box 1123 Imperial, NE 69033 | Terms and conditions for the provision of certain telecommunications services and/or equipment | $0 |
| 4 | First American CoreLogic, Inc. d/b/a First American Real Estate Solutions | General Terms and Conditions: Products and Services, dated as of June 1, 2006 (ID: CON-21247) | First American Real Estate Attn: General Counsel 4 First American Way Santa Ana, CA 92707 | General terms and conditions for the purchase, license or lease of equipment and/or software, such terms and conditions being supplemented by various schedules | $0 |
| 5 | First American CoreLogic, Inc. d/b/a First American Real Estate Solutions | Application Service Provider Transaction Schedule, dated as of June 1, 2006 (ID: CON-21651) | First American Real Estate Attn: General Counsel 4 First American Way Santa Ana, CA 92707 | Transaction Schedule for ValuePoint4, PASS, PowerBase6, VerosValue, Home Price Analyzer, and CASA | $0 |
| 6 | First American CoreLogic, Inc. | Application Service Provider Transaction Schedule, dated as of June 1, 2007 (ID: CON-22292) | First American Real Estate Attn: General Counsel 4 First American Way Santa Ana, CA 92707 | Transaction Schedule for license of Home Price Index | $0 |
| 7 | First American CoreLogic, Inc. | Application Service Provider Transaction Schedule, dated as of June 1, 2006 (ID: CON-22337) | First American Real Estate Attn: General Counsel 4 First American Way Santa Ana, CA 92707 | Transaction Schedule for license of Document Images and Map Images from Data Tree, LLC | $0 |
| 8 | First American CoreLogic, Inc. d/b/a First American Real Estate Solutions | Application Service Provider Transaction Schedule, dated as of June 1, 2006 (ID: CON-23205) | First American Real Estate Attn: General Counsel 4 First American Way Santa Ana, CA 92707 | Transaction Schedule for license of LoanIQ | $0 |
| 9 | NCR Corporation | Non-Disclosure Agreement, dated as of March 9, 2007(ID: CON-004024-LEHNY-2005) | NCR Corporation 1700 S. Patterson Blvd. Dayton, OH 45479 | Confidentiality Agreement | $0 |
| 10 | OPEX Corporation | Non-Disclosure Agreement, dated as of February 26, 2007 (ID: CON-20207) | OPEX Corporation 305 Commerce Dr. Moorestown, NJ 08057 | Confidentiality Agreement regarding information exchanged in connection with certain products and services offered by OPEX | $0 |
| 11 | SourceCorp Statement Solutions | Non-Disclosure Agreement, dated as of September 26, 2005 (ID: CON-12529) | SourceCorp Statement Solutions 4434 112th Street Des Moine, IA 50322 | Confidentiality Agreement regarding information exchanged in connection with certain products and services offered by SourceCorp | $0 |
| 12 | Wolters Kluwer Financial Services, Inc. | General Terms and Conditions: IT Products and Services, effective as of March 9, 2007 (ID: CON-20281) | Wolters Kluwer Financial Services, Inc. Attn: Corporate Counsel 6815 Saukview Drive Saint Claud, MN 56303 | General terms and conditions for the purchase, license or lease of IT products and services | $0 |
| 13 | Wolters Kluwer Financial Services, Inc. | Application Service Provider Supplement, effective as of March 9, 2007 (ID: CON-20442) | Wolters Kluwer Financial Services, Inc. Attn: Corporate Counsel 6815 Saukview Drive Saint Claud, MN 56303 | Supplement to the general terms and conditions, which supplement sets forth additional terms and conditions applicable to the license of IT products and services | $0 |

---

[1] This description is provided for informational purposes only.  To the extent there is any inconsistency between this description and the agreement, the agreement governs.