**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                            :
**In re**                                                   :         **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*               :         **08-13555 (JMP)**
                                                            :
                                   **Debtors.**             :         **(Jointly Administered)**
                                                            :
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**
**AND RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE AUTHORIZING LBHI AND LCPI TO ENTER INTO**
**SETTLEMENT AGREEMENT AND PARTICIPATION AGREEMENT WITH**
**STATE STREET BANK AND TRUST COMPANY REGARDING A CERTAIN**
**340 MADISON LOAN AND TO PAY FUNDS AS CONTEMPLATED THEREBY**

Upon the motion, dated May 25, 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated debtors in the

above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title

11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") authorizing, LBHI and LCPI to enter into the

Settlement Agreement  and the Participation Agreement, and the transfer of funds as

contemplated thereby, all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

---

[1] Capitalized terms used, but not defined herein shall have the meaning ascribed to such term in the Motion.

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837]; and no

objections to the Motion having been filed; and the Court having found and determined that the

relief sought in the Motion is in the best interests of LBHI and LCPI, their respective estates and

creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019 LBHI and LCPI are

authorized and empowered to enter into the Settlement Agreement, substantially in the form

attached as Exhibit A to the Motion, and are authorized, but not directed, to execute, deliver,

implement, and perform any and all obligations, instruments, documents and papers, and to take

all corporate and other actions that may be necessary or appropriate to consummate all of the

transactions contemplated by the Settlement Agreement without the necessity or requirement of

further court proceedings or approval;  and it is further

ORDERED that, pursuant to Section 363 of the Bankruptcy Code, LBHI is

authorized and empowered to enter into the Participation Agreement substantially in the form

attached as Exhibit A to the Notice of revised Participation Agreement, dated June 9, 2010

[Docket No. 9487] and convey and assign the State Street Ownership Interest (as defined in the

Motion), and is authorized, but not directed, to execute, deliver, implement, and perform any and

all obligations, instruments, documents and papers, and to take all corporate and other actions

that may be necessary or appropriate to consummate all of the transactions contemplated by the

Participation Agreement without the necessity or requirement of further court proceedings or

approval;  and it is further

ORDERED that the conveyance and assignment of the State Street Ownership

Interest to State Street (as defined in the Motion) shall be free and clear of all liens, claims,

interests and encumbrances and that once the payment of the Prior Share Payment (as defined in

the Motion) is made and the State Street Ownership Interest is assigned and conveyed to State

Street, neither the Prior Share Payment nor the State Street Ownership Interest shall be subject to

avoidance under chapter 5 or any other avoidance provisions of the Bankruptcy Code; and it is

further

ORDERED that LBHI and LCPI are authorized to transfer the Prior Payment

Share to State Street, as set forth in the Settlement Agreement, and are authorized, but not

directed, to make any further payments to State Street as contemplated by the Settlement

Agreement or the Participation Agreement; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the

relinquishment of any rights, claims, interests, obligations, benefits or remedies of LCPI or LBHI

or, except as otherwise expressly provided in the Motion, that the Debtors may have or choose to

assert on behalf of their respective estates under any provision of the Bankruptcy Code or any

applicable nonbankruptcy law, including against each other or third parties, and the Debtors are

herby authorized and directed to execute such further documents to evidence these reservations,

and it is further

3

ORDERED that except as provided with respect to the 340 Madison Loan (as defined in the Motion) in the Settlement Agreement, the Repo Agreement (as defined in the Motion) is not affected by this Order or the Settlement Agreement and that each of State Street, LCPI and LBHI otherwise retain all of its respective rights, remedies, claims and defenses, available at law or in equity, and under, related to, or in connection with the Repo Agreement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated:  New York, New York
      June 21, 2010                 _s/ James M. Peck_
                                         HONORABLE JAMES M. PECK
                                         UNITED STATES BANKRUPTCY JUDGE