WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                  :
**In re**                                          :                **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :                **08-13555 (JMP)**
                                                  :
                            **Debtors.**           :                **(Jointly Administered)**
                                                  :
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LEHMAN COMMERCIAL PAPER INC.**
**AND CERTAIN CALIFORNIA VOLUNTARY DEBTOR**
**ENTITIES GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

Lehman Commercial Paper Inc. ("LCPI") and the Subject Voluntary Debtors[1] (the

"Subject Voluntary Debtors" together with LCPI, the "Parties"), by and through their respective

counsel, hereby enter into this Stipulation, Agreement and Order and represent and agree as

follows:

**RECITALS**

A.        On September 15, 2008 and periodically thereafter (the "Commencement Date"),

Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Debtors")

commenced with this Court voluntary cases under chapter 11 of title 11 of the United States

---

[1]    The "Subject Voluntary Debtors" are Palmdale Hills Property, LLC, Acton Estates, LLC, SunCal Beaumont Heights, LLC, SunCal Bickford Ranch LLC, North Orange Del Rio Land, LLC, SunCal Emerald Meadows, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, Tesoro SF, LLC and SCC Communities, LLC.

Code ("Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    The Subject Voluntary Debtors are currently debtors whose chapter 11 cases (the "California Bankruptcy Cases") are pending in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").

C.    The Parties have negotiated and filed a stipulation with the California Bankruptcy Court (a copy of which is annexed hereto as Exhibit "1") (the "California Stipulation").  The Parties request the Court modify the automatic stay, to the extent it applies.

D.    The Parties hereto have agreed to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1.    This Stipulation, Agreement and Order is hereby approved without necessity or requirement of further proceedings or Court approval.

2.    The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified solely to permit LCPI to enter into the California Stipulation and undertake any actions contemplated to be taken by LCPI in connection therewith; *provided that,* nothing in this Stipulation, Agreement and Order shall require any party hereto to enter into the California Stipulation.

3.    Except as provided in paragraph 2, and to the extent the automatic stay applies,

the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those

provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the

Commencement Date from LCPI's estate and/or assets or property of LCPI (as defined in section

541 of the Bankruptcy Code) shall remain in full force and effect.

4.      Notwithstanding anything to the contrary herein, this Stipulation, Agreement and

Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any

rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to

any issues that are not expressly addressed herein.  Specifically, and for the avoidance of doubt,

the Parties reserve all rights in connection with the Alleged Unencumbered Cash (as defined in

the California Stipulation) and all aspects of pending litigation among the Parties, including,

without limitation, any matters involving equitable subordination or substantive consolidation.

5.      This Stipulation, Agreement and Order is solely for the benefit of the Parties and

not for any other person or entity, and no such other person or entity shall be entitled to the

benefit of (or be entitled to rely upon) this Stipulation, Agreement and Order.

6.      Each person who executes this Stipulation, Agreement and Order on behalf of a

Party represents that he or she is duly authorized to execute this Stipulation, Agreement and

Order on behalf of such Party.

7.      This Stipulation, Agreement and Order may be executed in multiple counterparts,

each of which shall be deemed an original but all of which together shall constitute one and the

same instrument.

8.      This Stipulation, Agreement and Order can only be amended or otherwise

modified by a signed writing executed by the parties hereto.

9.      This Stipulation, Agreement and Order shall be effective immediately upon its

entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

10.    The Court shall retain jurisdiction to resolve any disputes or controversies arising

from this Stipulation, Agreement and Order.


Dated: June 7, 2010

**WEIL, GOTSHAL & MANGES LLP**

/s/ Shai Y. Waisman
Shai Y. Waisman
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007


Attorneys for Debtors
and Debtors in Possession

**WINTHROP COUCHOT PROFESSIONAL CORPORATION**

/s/ Paul J. Couchot
Paul J. Couchot
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949)720-4111


Attorneys for the Subject Voluntary Debtors


**SO ORDERED:**

Dated: New York, New York
        June 22, 2010


        *s/ James M. Peck*
        HONORABLE JAMES M. PECK
        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "1"**

1    Richard M. Pachulski (CA Bar No. 90073)
      Dean A. Ziehl (CA Bar No. 84529)
2    PACHULSKI STANG ZIEHL & JONES LLP
      10100 Santa Monica Boulevard, Suite 1100
3    Los Angeles, California  90067
      Telephone:  (310) 277-6910
4    Facsimile:  (310) 201-0760

5    Edward Soto (admitted *pro hac vice*)
      Shai Waisman (admitted *pro hac vice*)
6    WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
7    New York, NY  10153-0119
      Telephone:  (212) 310-8000
8    Facsimile:  (212) 310-8007

9    Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
      Northlake Holdings LLC and OVC Holdings LLC

10   Paul J. Couchot
      Peter W. Lianides
11   WINTHROP COUCHOT
      PROFESSIONAL CORPORATION
12   660 Newport Center Drive, Suite 400
      Newport Beach, CA 92660
13   Telephone:  (949) 720-4100
      Facsimile:  (949) 720-41111

14

15   General Insolvency Counsel for Voluntary Debtors and Debtors
      in Possession

16                **UNITED STATES BANKRUPTCY COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
17                    **SANTA ANA DIVISION**

| | |
|---|---|
| 18  In re:<br>19  Palmdale Hills Property, LLC, and Its Related Debtors,<br>          Jointly Administered Debtors and<br>20        Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br><br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES; |
| **Affects:**<br>21  ☐ All Debtors<br>     ☒ Palmdale Hills Property, LLC<br>22  ☒ SunCal Beaumont Heights, LLC<br>     ☐ SCC/Palmdale, LLC<br>23  ☒ SunCal Johannson Ranch, LLC<br>     ☒ SunCal Summit Valley, LLC<br>24  ☒ SunCal Emerald Meadows, LLC<br>     ☒ SunCal Bickford Ranch, LLC<br>25  ☒ Acton Estates, LLC<br>     ☐ Seven Brothers, LLC<br>26  ☐ SJD Partners, Ltd.<br>     ☐ SJD Development Corp.<br>27  ☐ Kirby Estates, LLC<br>     ☐ SunCal Communities I, LLC<br>28  ☐ SunCal Communities III, LLC | 8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**STIPULATION PURSUANT TO**<br>**11 U.S.C. §§ 362, 363, 364, AND 507:**<br>**(1) AUTHORIZING THE USE OF**<br>**ALLEGED UNENCUMBERED CASH;** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  ☒ SCC Communities, LLC
   ☒ North Orange Del Rio Land, LLC
2  ☒ Tesoro SF, LLC
   ☐ LB-L-SunCal Oak Valley, LLC
3  ☐ SunCal Heartland, LLC
   ☐ LB-L-SunCal Northlake, LLC
4  ☐ SunCal Marblehead, LLC
   ☐ SunCal Century City, LLC
5  ☐ SunCal PSV, LLC
   ☐ Delta Coves Venture, LLC
6  ☐ SunCal Torrance, LLC
   ☐ SunCal Oak Knoll, LLC
7

**(2) GRANTING ADMINISTRATIVE EXPENSE CLAIMS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**

Hearing Date Requested Pursuant to Ex Parte Application to Shorten Time Filed Herewith:

Date:    June 22, 2010
Time:    10:30 AM
Place:   Courtroom 5A

8

9      This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman

10  ALI"), Lehman Commercial Paper Inc. ("LCPI"), Northlake Holdings LLC ("Northlake Holdings"),

11  OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake

12  Holdings, the "Lehman Entities"),[1] on the one hand, and certain of the above-captioned debtors and

13  debtors in possession affected by this Stipulation (the "Subject Voluntary Debtors")[2], on the other

14  hand. The Lehman Entities and the Subject Voluntary Debtors (together, the "Parties") hereby enter

15  into this Stipulation and agree as follows:

16                                    **RECITALS**

17      WHEREAS, on November 6, 7, and 19, 2008, the Voluntary Debtors[3] filed their respective

18  voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code") in the United

19  States Bankruptcy Court for the Central District of California (the "Court"). The Voluntary Debtors

20

[1] The Lehman Entities shall refer to the Lehman Entities on behalf of themselves, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents, including, without limitation, as purported agents for Fenway Capital, LLC. Notwithstanding anything to the contrary contained herein, the Lehman Entities do not concede that they are "purported" lenders or agents as to the loan(s) or any particular loan, and reserve all of their rights in connection therewith.

[2] The Subject Voluntary Debtors are: Palmdale Hills Property, LLC; Acton Estates, LLC; SunCal Beaumont Heights, LLC; SunCal Bickford Ranch LLC; North Orange Del Rio Land, LLC; SunCal Emerald Meadows, LLC; SunCal Johannson Ranch, LLC; SunCal Summit Valley, LLC; Tesoro SF, LLC; and SCC Communities, LLC.

[3] The Voluntary Debtors in these cases consist of: Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates, LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch, LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows, LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley, LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and

2    1008 of the Bankruptcy Code.

3         WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the

4    Trustee Debtors.[4]

5         WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee

6    Debtors' cases.

7         WHEREAS, on or about January 15, 2009, the Court entered orders granting the appointment

8    of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United

9    States Trustee appointed Steven M. Speier as the Chapter 11 Trustee (the "Trustee") for the Trustee

10   Debtors.

11        WHEREAS, the Lehman Entities are authorized to enter into this Stipulation on behalf of

12   themselves, as lenders, and as agents for all lenders under the applicable loan documents.

13        WHEREAS, LCPI is a debtor and debtor in possession in the jointly administered cases

14   captioned In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP), pending in the United

15   States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy

16   Court").

17        WHEREAS, the Lehman Entities assert secured claims against the Debtors that approximate

18   $2.3 billion, and include within the scope of the pledged collateral certain real and personal property

19   owned by the Subject Voluntary Debtors.

20        WHEREAS, certain of the Voluntary Debtors maintain bank accounts containing cash or

21   cash equivalents, which the Lehman Entities assert are subject to perfected liens and therefore

22   constitute the Lehman Entities' "cash collateral" under section 363 of the Bankruptcy Code. The

23   Subject Voluntary Debtors dispute such contention, and assert that such cash and cash equivalents

24   are not subject to perfected liens of the Lehman Entities and therefore do not constitute "cash

25

26   [4] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal
     Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century
27   City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case
     No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No.
28   8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee
     Debtors shall be referred to herein as the "Debtors."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    collateral" under section 363 of the Bankruptcy Code. The cash and cash equivalents held by the

2    Subject Voluntary Debtors shall be referred to herein as the "Alleged Unencumbered Cash" and

3    shall include, but are not limited to, the cash and cash equivalents held in the accounts maintained by

4    the Subject Voluntary Debtors set forth in **Exhibit A** attached hereto.

5        WHEREAS, on April 2, 2009, Lehman ALI, certain of the Voluntary Debtors, and the

6    Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation*

7    *with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior*

8    *Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

9    *Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the

10   "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee

11   Debtors as set forth specifically therein (the "April 2009 Borrowers"). The April 2009 DIP

12   Stipulation was approved by the Court by the entry of an order on April 17, 2009 (the "April 2009

13   DIP Order").

14       WHEREAS, pursuant to the April 2009 DIP Stipulation, among other things, the April 2009

15   Borrowers were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make

16   available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP Loans")

17   in an aggregate amount equal to $1,790,572.00.

18       NOW THEREFORE, in consideration of the mutual covenants contained herein, and other

19   good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is

20   hereby stipulated and agreed by and among the Parties as follows:

21                                           **AGREEMENT**

22       1.    Court Approval. The Stipulation is subject to approval of the Court, and LCPI's entry

23   into the Stipulation is subject to approval by the New York Bankruptcy Court, and the Stipulation

24   shall have no force and effect until the date that both such approvals have been obtained (the

25   "Approval Date"). Immediately upon the Approval Date (notwithstanding any applicable law or rule

26   to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon

27   and inure to the benefit of the Lehman Entities, the Subject Voluntary Debtors, all other creditors of

28   the Subject Voluntary Debtors, any committees appointed in these cases, and all other parties in

1    interest and their respective successors and assigns, including any trustee or other fiduciary hereafter

2    appointed in any of the cases or upon dismissal of any of the above-captioned cases (the "Cases").

3        2.    The Subject Voluntary Debtors' Use of the Alleged Unencumbered Cash.  The

4    Lehman Entities consent to the use by each Subject Voluntary Debtor of the Alleged Unencumbered

5    Cash held by each such Subject Voluntary Debtor solely for the purpose of paying:  (a) the costs and

6    expenses attributable to each such Subject Voluntary Debtor in the total aggregate amount not to

7    exceed $423,172.00 as set forth in the budgets attached hereto as **Exhibit B** (the "Budgets," as such

8    Budgets may be revised or amended with the written consent of the Lehman Entities, which consent

9    may be granted or withheld in the Lehman Entities' sole and absolute discretion) in an aggregate

10   amount not to exceed the total amount of the Budgets as set forth in **Exhibit B**, except that each

11   Subject Voluntary Debtor may expend funds for any particular line items allocable to such Subject

12   Voluntary Debtor as set forth in the Budgets (the "Budget Items") in excess of the respective

13   amounts provided for such Budget Items for a particular Subject Voluntary Debtor, so long as such

14   excess amount is equal to or less than 5% of the amount allocated to that particular Subject

15   Voluntary Debtor for a particular Budget Item and provided that the aggregate amount for all such

16   Budget Items for a particular Subject Voluntary Debtor is not increased; and (b) the reasonable fees

17   and expenses incurred by professionals retained in the Voluntary Debtors' cases, including the law

18   firm of Miller Barondess, LLP (the "Miller Firm").  In addition, LCPI consents to and Palmdale

19   Hills Property, LLC ("Palmdale Hills") is authorized to make, from Alleged Unencumbered Cash

20   held by Palmdale Hills, individual loans:  (a) to each of the other Subject Voluntary Debtors solely

21   for the purpose of paying (i) the costs and expenses attributable to each such Subject Voluntary

22   Debtor as set forth in the Budgets attached hereto as **Exhibit B** and (ii) the reasonable fees and

23   expenses incurred by professionals retained in the Voluntary Debtors' cases, including the Miller

24   Firm; and (b) by separate Court approval, to the Trustee Debtors for the purpose of paying the

25   reasonable fees and expenses incurred by professionals retained in the Trustee Debtors' cases,

26   including the Miller Firm; provided, however, that: (a) Palmdale Hills is permitted to make

27   individual loans from Alleged Unencumbered Cash held by Palmdale Hills only to Subject

28   Voluntary Debtors or Trustee Debtors that have used, and accordingly no longer hold, any Alleged

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Unencumbered Cash; and (b) the use of any Alleged Unencumbered Cash for payments to the Miller

2   Firm shall be subject to the terms and conditions set forth in the *Order Granting Amended Joint*

3   *Application for Authority to Employ Miller Barondess, LLP as Special Litigation Counsel* [D.E.

4   1061]. The aggregate amount of any Alleged Unencumbered Cash used in accordance with this

5   paragraph 2 shall be referred to herein as the "Alleged Unencumbered Cash Funding Amount." The

6   Subject Voluntary Debtors shall maintain appropriate documentation related to the expenditure of

7   any and all of the Alleged Unencumbered Cash Funding Amount. The Subject Voluntary Debtors

8   shall provide to the Lehman Entities, upon their reasonable request, a breakdown of the Alleged

9   Unencumbered Cash Funding Amount spent as of the date of the request and provide all

10  documentation relating to such actual amounts spent. For the avoidance of doubt, the Budget Items

11  for each Subject Voluntary Debtor shall not be modified, the Subject Voluntary Debtors shall not

12  expend any of the Alleged Unencumbered Cash Funding Amount for any particular Budget Items in

13  excess of the respective amounts provided for such Budget Items in the Budgets (plus 5%), and the

14  Alleged Unencumbered Cash held by each such Subject Voluntary Debtor shall not be used for any

15  other purpose, or by any other Subject Voluntary Debtor for costs and expenses allocable to any

16  such other Subject Voluntary Debtor, without (i) the prior written consent of the Lehman Entities,

17  which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion, or

18  (ii) further order of the Court.

19      3.     Termination Date. The authority provided hereunder to use the Alleged

20  Unencumbered Cash Funding Amount shall terminate on the one hundred and twentieth day (120th)

21  day after the Approval Date (the "Termination Date"), and no further use of the Alleged

22  Unencumbered Cash Funding Amount shall be made after thirty (30) days following the

23  Termination Date without either the prior written consent of the Lehman Entities, which consent

24  may be granted or withheld in the Lehman Entities' sole and absolute discretion, or further order of

25  the Court, provided however, that the Termination Date shall apply only with respect to the Budgets

26  and not with respect to the payment of professional fees.

27      4.     Repayment of the Alleged Unencumbered Cash Funding Amount as Administrative

28  Expense Claims Under Certain Circumstances. In the event the Parties agree or the Court finds that

1    all or portion(s) of the Alleged Unencumbered Cash are subject to perfected liens of the Lehman

2    Entities, then such portions of the Alleged Unencumbered Cash Funding Amount subject to the

3    perfected liens shall constitute an allowed administrative expense claim under the Bankruptcy Code

4    that shall be due and payable to the applicable Lehman Entities by a plan proponent in full, in cash,

5    without notice or demand, upon the effective date of any confirmed plan of reorganization or

6    liquidation in the Cases.  In the event the Parties agree or the Court finds that all or portion(s) of the

7    Alleged Unencumbered Cash are not subject to perfected liens held by any of the Lehman Entities,

8    then such portions of the Alleged Unencumbered Cash Funding Amount not subject to any perfected

9    lien shall not be repayable in such circumstances wherein a Subject Voluntary Debtor used its own

10   Alleged Unencumbered Cash to pay the expenses of its own estate, or that such payments were

11   authorized to be made pursuant to the entered orders of the Court authorizing joint administration of

12   the Debtors (the "Joint Administration Orders").  Notwithstanding anything to the contrary

13   contained herein, the Lehman Entities reserve their rights to assert that the Joint Administration

14   Orders did not excuse the Subject Voluntary Debtors from repaying the amounts of professional fees

15   paid by other Subject Voluntary Debtors.  In the event that the Parties agree or the Court finds that

16   all or portion(s) of the Alleged Unencumbered Cash are not encumbered by a perfected lien of the

17   Lehman Entities but such portions were used for the benefit of another Subject Voluntary Debtor,

18   then such portion(s) shall constitute an administrative expense obligation of the Subject Voluntary

19   Debtor for whose benefit such portion of the Alleged Unencumbered Cash was used, and shall be

20   repaid in accordance with section 1129(a)(9) of the Bankruptcy Code to the Subject Voluntary

21   Debtor that owned such portion of the Alleged Unencumbered Cash.  The Parties reserve all rights in

22   connection with the Alleged Unencumbered Cash, including, without limitation, their rights with

23   respect to whether such cash is encumbered or unencumbered by perfected liens held by any of the

24   Lehman Entities.  The administrative expense claims provided for in this paragraph 3 shall be

25   referred to herein as the "Alleged Unencumbered Cash Administrative Expense Claims."

26          5.    Payment by Lehman ALI of Insurance Amounts.  Lehman ALI agrees to pay directly

27   to insurers the insurance premiums associated with the provision of insurance coverage for the

28   properties owned by the Subject Voluntary Debtors up to the amounts listed for such properties as

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    set forth in **Exhibit C** attached hereto (the "Insurance Amounts").

2          6.    Maturity Date/Plan Treatment of Insurance Amounts. The Subject Voluntary Debtors

3    expressly stipulate and acknowledge that the Insurance Amounts shall be treated as administrative

4    expense claims under the Bankruptcy Code (the "Insurance Administrative Expense Claims") and,

5    as such, must be paid to Lehman ALI in full, in cash, on the effective date of any confirmed plan of

6    reorganization or liquidation, or, in the event no plan is confirmed in the Voluntary Debtors' cases,

7    the earlier of dismissal of such cases or conversion of such cases to chapter 7 (the "Insurance

8    Amount Maturity Date").

9          7.    Repayment Of April DIP Loan Amounts. Upon the occurrence of the Approval Date,

10    each applicable Subject Voluntary Debtor shall repay to Lehman ALI, from the Alleged

11    Unencumbered Cash held by each such Subject Voluntary Debtor, only to the extent of the lesser of

12    the amount that such Subject Voluntary Debtor borrowed under the April 2009 DIP Order and the

13    amount of such Voluntary Debtor's Alleged Unencumbered Cash, the full amount of the April 2009

14    DIP Loans (including all outstanding principal and accrued and unpaid interest) made to each such

15    Voluntary Debtor as set forth in **Exhibit D** attached hereto, plus all outstanding accrued and unpaid

16    interest on such loans as provided for in paragraph 5 of the April 2009 DIP Stipulation. To the

17    extent an April DIP Loan made to a particular Subject Voluntary Debtor exceeds the amount of

18    Alleged Unencumbered Cash held by such Subject Voluntary Debtor, Palmdale Hills shall make an

19    individual loan to such Subject Voluntary Debtor from Alleged Unencumbered Cash held by

20    Palmdale Hills for the purpose of permitting the repayment of such Subject Voluntary Debtor's April

21    DIP Loan by such Subject Voluntary Debtor to Lehman ALI. All funds lent by Palmdale Hills from

22    its Alleged Unencumbered Cash to any Voluntary Debtor(s) for the purpose set forth in this

23    paragraph shall constitute Alleged Unencumbered Cash Administrative Expense Claims and shall be

24    repaid in accordance with paragraph 3 herein. Any lien or encumbrance arising by reason of the

25    April 2009 DIP Loans shall be deemed released and of no further force or effect as to each Subject

26    Voluntary Debtor that has fully repaid such amount.

27          8.    Modification of Automatic Stay. The automatic stay imposed under section 362(a) of

28    the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Stipulation, including, without limitation: (a) to permit the Subject Voluntary Debtors to incur all

2    liabilities and obligations in connection with their use of the Alleged Unencumbered Cash Funding

3    Amount; (b) authorize the repayment of the Alleged Unencumbered Cash Administrative Expense

4    Claims and Insurance Administrative Expense Claims; and (c) enable the enforcement, protection

5    and preservation of all of the Lehman Entities' rights and remedies with respect thereto or otherwise

6    under this Stipulation.

7        9.    Events of Default.  The following occurrences shall constitute an "Event of Default"

8    under this Stipulation as to the particular defaulting Subject Voluntary Debtor:  (a) failure of the

9    Subject Voluntary Debtor to comply with any term of this Stipulation; or (b) the use of Alleged

10    Unencumbered Cash other than in strict compliance with the terms of this Stipulation; or (c) the

11    failure to repay the Alleged Unencumbered Cash Administrative Expense Claims or Insurance

12    Amounts pursuant to and in accordance with the terms of this Stipulation.

13        10.    Remedies.  Immediately upon the occurrence and during the continuation of an Event

14    of Default set forth in paragraph 9 by a particular Subject Voluntary Debtor, and without further

15    order of the Court, the applicable defaulting Subject Voluntary Debtor shall, at the direction of the

16    Lehman Entities, cease using the Alleged Unencumbered Cash.

17        11.    Reservation of Rights.  Notwithstanding anything to the contrary herein, this

18    Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any

19    rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any

20    issues that are not expressly addressed herein.  Specifically, and without limitation, (a) the Parties

21    reserve all rights in connection with the Alleged Unencumbered Cash, including without limitation

22    whether such cash is encumbered by perfected liens held by the Lehman Entities, and all aspects of

23    pending litigation among the Parties, including, without limitation, any matters involving equitable

24    subordination or substantive consolidation, (b) the Parties further agree that entry into this

25    Stipulation, and the use of Alleged Unencumbered Cash or the consent to the Alleged

26    Unencumbered Cash Administrative Expense Claims contemplated hereunder, shall not be used in

27    any manner in litigation amongst the Parties, whether as, for instance, a basis for or against

28    substantive consolidation or otherwise, and in no way shall have any effect on the adversary

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  proceeding captioned *Palmdale Hills Property, LLC, et al., v. Lehman ALI, Inc., et al.*, Adv. Pro.

2  No. 09-1005-ES, pending in the Court, or otherwise, and (c) the rights, obligations, waivers,

3  stipulations, agreements or defenses of the Parties among or between or to each other or any of them

4  shall not be affected hereby except to the extent provided herein.

5         12.    No Modification. Absent the written consent of the Lehman Entities and the Subject

6  Voluntary Debtors or further order of the Court, the Lehman Entities and the Subject Voluntary

7  Debtors agree that this Stipulation shall not be modified.

8         13.    Jurisdiction. The Court shall retain jurisdiction to resolve any disputes or

9  controversies arising from or related to this Stipulation.

10         14.    Further Cooperation. The Parties agree to and will cooperate fully with each other in

11  the performance of this Stipulation, and will execute such additional agreements, documents or other

12  instruments as may reasonably be required to carry out the intent of this Stipulation.

13         15.    Signatures. This Stipulation may be signed in any number of counterparts (and by

14  each Party hereto on different counterparts), each of which constitutes an original, but all such

15  counterparts when taken together shall constitute one and the same agreement. This Stipulation may

16  be executed by facsimile signature and delivered by facsimile transmission with the same effect as

17  delivery of a manually executed counterpart of this Stipulation.

18         16.    No admission; No Evidence. Neither this Stipulation nor anything contained in this

19  Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact

20  or liability or as evidence of any allegation of any Party. Neither this Stipulation nor anything in this

21  Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of

22  the Parties. This Stipulation may be introduced, however, in any proceeding to enforce the terms of

23  this Stipulation.

24         17.    Authority. Each person who signs this Stipulation represents and warrants that he or

25  she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to

26  bind that Party to the terms of this Stipulation.

27         18.    Entire Agreement. This Stipulation contains the entire agreement between the Parties

28  and may not be amended or modified except by a writing executed by the Parties or further order of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   the Court.  All prior oral and written agreements, if any, are expressly superseded hereby and are of

2   no further force and effect.

3                                                   WEIL, GOTSHAL & MANGES LLP

4

5                                                   - and -

    Dated:    June 4, 2010              PACHULSKI STANG ZIEHL & JONES LLP
6

7                                       By    /s/ Dean A. Ziehl
                                             Richard M. Pachulski
8                                            Dean A. Ziehl
                                             Attorneys for Lehman ALI, Inc., Lehman
9                                            Commercial Paper Inc., Northlake
                                             Holdings LLC and OVC Holdings LLC.
10

11  Dated:    June 4, 2010              WINTHROP COUCHOT
                                        PROFESSIONAL CORPORATION
12

13                                      By    /s/ Paul J. Couchot
                                             Paul J. Couchot
14                                           Peter W. Lianides
                                             General Insolvency Counsel for Debtors
15                                           and Debtors-in Possession

16

17  APPROVED AS TO FORM AND SUBSTANCE:

18  Dated:    June 4, 2010              IRELL & MANELLA LLP

19

20                                      By    /s/ Alan Friedman
                                             Alan Friedman
21                                           Kerri A. Lyman
                                             Attorneys for Official Unsecured
22                                           Creditors' Committee of Voluntary
                                             Debtors

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## EXHIBIT "A"

2

| Account Holder | Approx. Balance | Account No. | Depository Bank |
|---|---|---|---|
| Acton Estates, LLC | $0.00 | 3090345971 | California Bank & Trust |
| North Orange Del Rio LLC | $10.79 | 3090343681 | California Bank & Trust |
| Palmdale Hills Property LLC (Anaverde Account) | $2,715,279.41 | 1000914414 | Central Pacific Bank |
| Palmdale Hills Property LLC - (Bond Interest) | $2,685,118.80 | 3090346941 | California Bank & Trust |
| Palmdale Hills Property LLC (CD) | $343,000.00 | 3090003143 | California Bank & Trust |
| SCC Communities LLC | $4,534.42 | 3090343411 | California Bank & Trust |
| SunCal Beaumont Heights, LLC | $11.11 | 3090340821 | California Bank & Trust |
| SunCal Bickford Ranch LLC | $1,935,800.49 | 3090345891 | California Bank & Trust |
| SunCal Emerald Meadows LLC | $2,769.95 | 3090345701 | California Bank & Trust |
| SunCal Johannson Ranch LLC | $83,292.29 | 3090341041 | California Bank & Trust |
| SunCal Summit Valley, LLC | $37,434.14 | 3090341121 | California Bank & Trust |
| Tesoro SF, LLC | $71.07 | 3090343761 | California Bank & Trust |



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52063-001\DOCS_NY:20664.7

## EXHIBIT B

**120-Day DIP Budget**
**Approved Voluntary Budget**

| Asset Name | Life Safety | Security | Utilities | Erosion Control & Maint. | Entitlement Preservation | Insurance | G&A | Title Report | Taxes | 4-Month TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Acton | - | - | - | 2,000 | - | - | - | 800 | - | 2,800 |
| Beaumont Heights | - | - | - | - | - | - | - | 800 | - | 800 |
| Bickford Ranch | - | - | 48,000 | - | - | - | - | 8,800 | - | 56,800 |
| Del Rio | - | 1,200 | - | 35,500 | 15,000 | - | 43,636 | - | - | 95,336 |
| Emerald Meadows | - | - | - | 13,000 | - | - | 80,000 | 800 | - | 93,800 |
| Johansen Ranch | - | - | - | - | - | - | 43,636 | 2,000 | - | 45,636 |
| Joshua Ridge II | - | - | - | - | - | - | - | 800 | - | 800 |
| Ritter Ranch | - | 4,000 | 2,000 | 36,400 | - | - | 80,000 | 1,600 | - | 124,000 |
| Summit Valley | - | - | - | - | - | - | - | 2,400 | - | 2,400 |
| Tesoro Burnham | - | - | - | - | - | - | - | 800 | - | 800 |
| TOTAL | $0 | $5,200 | $50,000 | $86,900 | $15,000 | $0 | $247,272 | $18,800 | $0 | $423,172 |

Approved 120-Day Voluntary Budget

# EXHIBIT B

013

**EXHIBIT C**

**Allocated Voluntary Debtor Liability Insurance Premium**

| Voluntary Asset | Allocated Liability Insurance Premium |
|---|---|
| Acton | - |
| Beaumont Heights | - |
| Bickford Ranch | $5,481 |
| Emerald Meadows | $1,027 |
| Johansen Ranch | - |
| Summit Valley | - |
| Del Rio | - |
| Joshua Ridge | - |
| Tesoro Burnham | - |
| Ritter Ranch | $35,710 |
| **TOTAL** | **$42,218** |



52063-001\DOCS_NY:20997.2

014

# EXHIBIT D

**SUNCAL PORTFOLIO**
Lehman 30-Day April 2009 Approved Voluntary Budgets

| Asset Name | Life Safety | Security | Utilities | Erosion Control & Maint. | Insurance (1) | G&A (2) | Legal Fee | Total |
|---|---|---|---|---|---|---|---|---|
| Acton Ranch | - | - | 150 | 1,000 | 2,273 | 10,909 | 22,727 | |
| Beaumont Heights | - | - | - | - | - | - | - | |
| Bickford Ranch | - | - | - | 47,545 | 2,273 | 10,909 | 22,727 | |
| Del Rio | - | - | - | - | - | - | - | |
| Emerald Meadows | - | 1,200 | - | 33,150 | 2,273 | 10,909 | 22,727 | |
| Johansen Ranch | - | - | - | - | - | - | - | |
| Joshua Ridge II | - | - | 7,550 | - | - | - | - | |
| Ritter Ranch | - | - | - | 36,500 | 2,273 | 10,909 | 22,727 | |
| Summit Valley | - | - | - | - | - | - | - | |
| Tesoro Burnham | - | - | - | - | - | - | - | |
| TOTAL | $0 | $1,200 | $7,700 | $118,195 | $9,091 | $43,636 | $90,909 | $270,731 |

**EXHIBIT** D