**BG** *Bowman Gilfillan*
Attorneys

165 West Street, Sandton, Johannesburg
PO Box 785812, Sandton, 2146, South Africa
Telephone (011) 669-9000, Fax (011) 669-9001
Web www.bowman.co.za, Docex no 6 Jhb

| Our Reference: | Claim 17761 / Lehman | Your Reference: | Claim 17761 |
|---|---|---|---|
| Direct Line: | (+27 11) 669 9244 | Date: | 11 June 2010 |
| E-mail Address: | d.areias@bowman.co.za | | |

**BY REGISTERED MAIL**

Chambers of the Honourable James M. Peck
One Bowling Green
New York, New York 10004,
Courtroom 601
United States of America

Dear Your Honour

## OPPOSITION TO OBJECTION OF FOREIGN CURRENCY CLAIMS / CLAIM NUMBER 17761

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.          Chapter 11 Case No. 08-13555 (JMP)

1.    We have provided Lehman Brothers Holdings Inc ("**Lehman Brothers**") with extensive regulatory advice concerning the implications of unsettled trades on the JSE Limited and the effects of the administration of Lehman Brothers on such trades in South Africa ("**Regulatory Advice**"). As a result of such Regulatory Advice, we have accumulated a claim of ZAR 75, 723.12 for said advice ("**Our Claim**"). Please see enclosed proof of claim and invoice.

2.    As we are a South African law firm, we generally invoice our clients in South African Rands unless our clients instruct us otherwise. As Lehman Brothers did not request to be invoiced in American Dollars, we request that Our Claim should not be disallowed.

Yours faithfully

**BOWMAN GILFILLAN**
per: D Areias



Bowman Gilfillan Inc. Reg. No. 1998/021409/21 Attorneys Notaries Conveyancers Patent and Trade Mark Attorneys

**Directors** JH Schlosberg (Chairman) A Aguiar DB Allaway AG Anderson DP Anderson AM Barnes-Webb TL Beira ARL Bertrand MF Black M Bouwer JWD Brand IL Brink REW Burman VMM Cadman RM Carr PM Carter GN Charnock LA Chater RA Cohen CN Cunningham GH Damant RA Davey MEC Davids DM Dees ID Dhladhla TC Dini CR Douglas HD Duffey BR du Plessis S Esterhuyse J Fiandeiro L Fleiser KA Fulton BJ Garven DJ Gerat M Gerber AA Gordon TJ Gordon-Grant K Goss JR Gregorowski A Hale M Haman AS Harris P Hart-Davies GB Higgins PA Hirsch EL Honey FB Joffe JR Kaapu AJ Keep CP Kennedy MG Khojane FJ Khoza J Kotze R Labuschagne HY Laher T Laubscher RA Legh DA Lotter PM Maduna M Makola DL Marriott A McAllister JM McKinnell JY Meijer AJ Meinesz L Meyer PH Modi KG Modise SNI Mokose RPM Morson MA Purchase CL Reidy ND Rissik MS Rusa GJ Rushton MY Sass RM Savage LC Shawe RZ Shein JS Smit AM Smith AJ Steenkamp CD Stein PW Stelling R Straughan BGM Strydom TM Sukazi MS Sulaiman CFN Todd CE Tucker CL Valkin CL van Heerden FA van Hoogstraten RJ Van Voore NC Van Zuylen C Von Ludwig ER von Witt DS Webb W Weertman PF Whelan HJ White
**Consultants**

Cape Town
Tel +27 (21) 480-7800 Fax +27 (21) 424-1688
London
Tel +44 (207) 084-7460 Fax +44 (207) 831-3134
Nairobi
In association with Coulson Harney
Tel +254 (0)20 386 1686 Fax +254 (0)20 386-1687
MEMBER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.

Chapter 11 Case No. 08-13555 (JMP)

### OPPOSITION TO OBJECTION OF FOREIGN CURRENCY CLAIMS / CLAIM NUMBER 17761

1.  We have provided Lehman Brothers Holdings Inc ("**Lehman Brothers**") with extensive regulatory advice concerning the implications of unsettled trades on the JSE Limited and the effects of the administration of Lehman Brothers on such trades in South Africa ("**Regulatory Advice**").  As a result of such Regulatory Advice, we have accumulated a claim of ZAR 75, 723.12 for said advice ("**Our Claim**").  Please see enclosed proof of claim and invoice.

2.  As we are a South African law firm, we generally invoice our clients in South African Rands unless our clients instruct us otherwise.  As Lehman Brothers did not request to be invoiced in American Dollars, we request that Our Claim should not be disallowed.

Dated at Johannesburg, South Africa on this the 10th day of June 2010

**BOWMAN GILFILLAN**
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa

TO:   Chambers of the Honourable James M. Peck
One Bowling Green
New York, New York 10004,
Courtroom 601
United States of America

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtor | (Jointly Administered) |

UNIQUE IDENTIFICATION NUMBER: 1000163399

**Name of Debtor Against Which Claim is Held** | Case No. of Debtor

Lehman Bros Hlding Inc    08-13555

**NOTE:** This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000163399******
BOWMAN GILFILLAN INC
PO BOX 785812
SANDTON 2146
SOUTH AFRICA

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
(*If known*)

Filed on:

Telephone number: _____  Email Address: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particular

☐ Check this box if you are the debtor or trustee in this case.

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000017761

Telephone number: +27 11 669 9455    Email Address: s.vanhuyssteen@ bowman.co.za

1. **Amount of Claim as of Date Case Filed:** ~~$~~ ZAR 75,723.12
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Legal services provided
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** n/a
3a. Debtor may have scheduled account as: n/a
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ _____  Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____  Basis for perfection: _____
Amount of Secured Claim: $ _____  Amount Unsecured: $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 20/08/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Ms Shay van Huyssteen

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ _____

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 18 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

**BG** *Bowman Gilfillan*
*Attorneys*

165 West Street, Sandton, Johannesburg
PO Box 785812, Sandton, 2146, South Africa
Telephone (011) 669-9000, Fax (011) 669-9001
Web www.bowman.co.za Docex no 6 Jhb
Bowman Gilfillan Inc. Reg.No. 1998/021409/21

MDC Holdco
S.a.r.l
19 - 21 Boulevard du Prince Henri
L-1724
Luxembourg

**Attention: Emilie Bellet**

| | |
|---|---|
| VAT Registration No: | 4530177197 |
| Client VAT Registration No: | Foreign Client |
| Tax Invoice: | 314292 |
| Date: | 26 August 2009 |
| Page: | 1 |
| Our Reference: | David Anderson/Kirsten Kern |
| Matter Number: | 1167305 |
| Order Number: | |

**Matter Description:** Regulatory Advice

| Date | Description | Fee Earner | Hours | Amount |
|---|---|---|---|---|
| 07/11/08 | Perusal of e-mail from K Kern with further follow up. | CvanZuyl | 0.10 | 210.00 |
| 07/11/08 | Drafting e-mail to K Kern re: Deadline. | CvanZuyl | 0.10 | 210.00 |
| 10/11/08 | Considering Linklaters' additional queries; considering documents provided by Linklaters; considering JSE Rules; amending advice; drafting mail to client | KKern | 5.20 | 4,680.00 |
| 10/11/08 | Perusal of e-mail from N Klein (the Liquidator) | CvanZuyl | 0.10 | 210.00 |
| 10/11/08 | Consider law | CvanZuyl | 0.60 | 1,260.00 |
| 10/11/08 | Perusal of e-mail from K Kern. | CvanZuyl | 0.10 | 210.00 |
| 10/11/08 | Telephonic discussion with K Kern. | CvanZuyl | 0.10 | 210.00 |
| 10/11/08 | Settle advice | DAnders. | 1.75 | 6,475.00 |
| 11/11/08 | Considering mail from Linklaters; considering questions posed by Linklaters; drafting responses to Linklaters | KKern | 2.80 | 2,520.00 |
| 13/11/08 | Considering mail from Linklaters; considering table for final sign-off at Linklaters' request; drafting mail to Linklaters | KKern | 0.90 | 810.00 |
| 14/11/08 | Checking and signing off on short-form summary of advice, prepared by Linklaters | KKern | 0.30 | 270.00 |
| 21/11/08 | Various; Telephonic conversation with STRATE; Legal research | JJanks | 0.40 | 280.00 |
| 25/11/08 | Perusal of e-mail from Linklaters. | CvanZuyl | 0.10 | 210.00 |
| 25/11/08 | Perusal of reply from Kirsten. | CvanZuyl | 0.10 | 210.00 |
| 25/11/08 | Considering Linklaters' understanding of advice given; drafting response mail to Linklaters | KKern | 1.40 | 1,260.00 |
| 26/11/08 | Various; Telephone conversation with STRATE; Drafting response to clients queries | JJanks | 1.10 | 770.00 |

1167305 / 314292 / 85 / SVHUYS

| Date | Description | Fee Earner | Hours | Amount |
|------|-------------|------------|-------|--------|
| 28/11/08 | Considering and signing off on amended SA advice summary prepared by Linklaters; considering Linklaters' queries; drafting response mail to Linklaters | KKern | 0.60 | 540.00 |

| | | | | |
|---|---|---|---|---|
| Total Fees | | | | 20,335.00 |
| VAT | | | | 0.00 |
| | | | | R 20,335.00 |

| Expenses | Vat Code | Amount |
|----------|----------|--------|
| Copies and Printing - Black & White | Z | 225.00 |
| Copies and Printing - Black & White ( > 100) | Z | 156.00 |
| Telephone call/s - Local | Z | 7.12 |
| Total Expenses | | 388.12 |
| VAT | | 0.00 |
| | | R 388.12 |

| | |
|---|---|
| TOTAL FEES AND EXPENSES | 20,723.12 |
| VAT | 0.00 |
| **TOTAL DUE** | **R 20,723.12** |

**Vat Codes:** E=Exempt tax,  N=No VAT,  S=Standard 14%,  Z=Zero Tax Code

1167305 / 314292 / B5 / SVHUYS                                          Page : 3

# REMITTANCE PAGE

**Total amount due for this invoice**

| | |
|---|---|
| TOTAL FEES AND EXPENSES | 20,723.12 |
| VAT | 0.00 |
| **TOTAL DUE FOR INVOICE - 314292** | **R 20,723.12** |

This invoice is payable on presentation.

**Direct Settlement - Remit to:-**
The Standard Bank of SA Ltd, 5th Street, Sandton, 2146, South Africa
For Account: Bowman Gilfillan Inc.
Branch Code: 019205
Account No.: 421035110
SWIFT code: SBZA ZA JJ

To enable us to allocate the payment correctly, please reflect reference **1167305** on your deposit slip
and fax a copy to the Credit Control Department on +27 11 669-9001

## Shay van Huyssteen

| | |
|---|---|
| **From:** | Kirsten Kern |
| **Sent:** | 13 November 2008 08:32 |
| **To:** | Latham, Tobias |
| **Cc:** | David Anderson |
| **Subject:** | RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA |

Thank you, Tobias.


Kind regards


Kirsten


**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel:  (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

---

**From:** Latham, Tobias [mailto:tobias.latham@linklaters.com]
**Sent:** 12 November 2008 15:07
**To:** Kirsten Kern
**Cc:** David Anderson
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Dear Kirsten,

Many thanks for your response. The emphasis on equities was indeed intentional. Our client is prioritising these trades at the moment. I will be in touch if we need any further advice.

Kind Regards,

Tobias

---

**From:** Kirsten Kern [mailto:k.kern@bowman.co.za]
**Sent:** 12 November 2008 13:04
**To:** Latham, Tobias
**Cc:** David Anderson
**Subject:** FW: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Dear Tobias

We have considered the attached summary of our advice to you and your client, and are happy with the content of such summary. We do note, however, that you have summarised only the position in relation to failed / unsettled *equities* trades and not that relating to failed / unsettled *derivatives* trades, and we presume that this was intentional.

We are happy to sign off on the attached summary on the basis indicated in your mail below.

Kind regards

Kirsten


**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel:  (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

---

**From:** Latham, Tobias [mailto:tobias.latham@linklaters.com]
**Sent:** 11 November 2008 20:02
**To:** Kirsten Kern
**Cc:** David Anderson
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Dear Kirsten,

Thank you for your continuing help on this matter. Our client, PwC has asked for a summary of the table you have helpfully compiled from each jurisdiction that the table has been sent to.

I attach the summary I have created for South Africa using your advice. The summary will be accompanied by the following disclaimer "Please note that the following information is a preliminary summary only of the local laws and regulations applicable to unsettled trades in each jurisdiction and the summary is based on our legal understanding of the advice provided by local counsel. We have relied upon the information provided by local counsel as regards its accuracy and have not undertaken any independent verification in this respect. This summary should be taken as guidance only. It does not constitute, and should not be relied upon as, legal advice and should be read in conjunction with the full advice received from local counsel in each jurisdiction."

Are you happy to sign off on the attached summary? If you wish to make any changes please amend the document with tracked changes and return it to me. The summary is designed to be a short and easily digestible version of the longer table. PwC will also recieve your advice in full.

It would be most helpful if you could respond to this e-mail as soon as possible and, in any even, before **COB tomorrow, Wednesday 11 November 2008.**

Many thanks,

Tobias


**Tobias Latham**
*Associate*
*Financial Markets Group*
**Linklaters LLP,** London

Tel: (44-20) 7456 5064
Mob: +44 7825 056 295
Fax: (44-20) 7456 2222

E-mail: tobias.latham@linklaters.com
http://www.linklaters.com

**From:** Kirsten Kern [mailto:k.kern@bowman.co.za]
**Sent:** 11 November 2008 14:48
**To:** Latham, Tobias
**Cc:** David Anderson
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Tobias

Please see our response in CAPS below.

Kind regards

Kirsten


**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel:  (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

**From:** Latham, Tobias [mailto:tobias.latham@linklaters.com]
**Sent:** 11 November 2008 10:46
**To:** Kirsten Kern
**Cc:** David Anderson
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Kirsten,

Thank you for your swift response.

I have added an extra questions below in red type. It would be most helpful if you could answer this.

Many thanks,

Tobias

**From:** Kirsten Kern [mailto:k.kern@bowman.co.za]
**Sent:** 11 November 2008 08:12
**To:** Latham, Tobias
**Cc:** David Anderson
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Tobias

Please find our responses to your two remaining questions, set out in blue-type in the mail below.

Kind regards

Kirsten

**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel: (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

**From:** Latham, Tobias [mailto:tobias.latham@linklaters.com]
**Sent:** 10 November 2008 18:22
**To:** Kirsten Kern
**Cc:** David Anderson
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Dear Kirsten,

Many thanks for your speedy response. It is most helpful.

I have a couple of (hopefully small) follow up queries:

(i). As part of your response to 1.4 you note "In relation to redress in respect of a failed trade, he Settlement Authority will consider the circumstances of the original transaction, the factors which gave rise to its failure to settle and the current prevailing market conditions, and will then determine the manner in which the matter will be most-suitably resolved by the non-failing member/party re-establishing its original transaction by way of re-transacting and recovering any costs of doing so from the failing member/party, or by determining appropriate compensation payable by the failing member/party to the non-failing party. In relation to the route chosen by the Settlement Authority, the Settlement Authority shall notify the failing member and the non-failing member of its decision."

Because LBIE is subject to an insolvency procedure, is it more likely that the Settlement Authority would decide that compensation is the most appropriate option because re-transacting may pose difficulties because of LBIE's insolvency? The decision to be made in this regard (that is to say, between ordering the non-failing party to re-transact and to claim the costs of such re-transaction from the failing party, or to order appropriate compensation to be paid by the failing party to the non-failing party, lies solely within the Settlement Authority's discretion. The Settlement Authority will exercise this discretion by having regard to the factors set out in the JSE Rules (namely the circumstances of the original transaction, the factors which gave rise to its failure to settle and the current prevailing market conditions). As such, the Settlement Authority will certainly take into account LBIE's subjection to an insolvency procedure. It is important to note, however, that, where the Settlement Authority exercises its discretion to order the non-failing party to re-transact, such re-transaction need not necessarily be with the failing party (namely, LBIE). It is our interpretation of the Rule that the Settlement Authority may order the non-failing party to re-transact the original transaction with another counterparty, and that the non-failing party may then recover the costs of such re-transaction from LBIE. As such, we do not consider the administration, in itself, to pose a bar to the Settlement Authority selecting the re-transaction-route (as opposed to the compensation-route).

(ii). Under 1.6, you note that the "Best Practices for Off Market Trades" Directive enables a CDSP to "uncommit" to an off market trade, although this cannot take place unilaterally. Does this "uncommit" procedure also terminate the underlying contractual relationship between the counterparties? If not, what is the position under general law in relation to the underlying contract? Can the non-defaulting party walk away from the contract and claim damages? The "uncommit" procedure is indeed viewed as a cancellation of the original transaction. In view of the fact that, as mentioned, a trade cannot be "uncommitted" to after 17h00 on the day 3 business days following the original trade date *unless* (i) the counterparty accepts the request to "uncommit" in writing, and (ii) STRATE Clearing and Settlement Services, in consultation with STRATE Supervision (which are 2 separate departments of STRATE), approves the request to "uncommit" and the counterparty's acceptance, it is clear that an off-market equities trade cannot be "uncommitted" to unilaterally. It then seems to us (from a general law perspective) that where a request to "uncommit" is accepted by the relevant counterparty and where the relevant departments of STRATE duly approve the "uncommit", the original transaction (including the underlying contract) can be seen to be terminated by agreement between the contracting parties.

It is also important to note here that there appears to be a limited window period during which the "uncommit" process can be utilised. This is because the Directive requires the original trade instruction to be cancelled following a period 5 business days after its original settlement date. As such, the "uncommit" process is not a process that can be implemented at any time following the failure of a trade to settle. If the "uncommit" process can only take place during the 5 business days after a failed trades' original settlement date, what happens to failed OTC trades that do not go through this "uncommit" procedure during these 5 days? How are such trades dealt with? Are they simply cancelled? If so, what recourse does the non-defaulting party have? SUCH TRADES/INSTRUCTIONS ARE REQUIRED TO BE CANCELLED IN TERMS OF THE DIRECTIVE. AS SUCH, IT IS OUR VIEW THAT THE NON-DEFAULTING PARTY WOULD LIKELY NOT ENJOY A CONTRACTUAL CLAIM, ALTHOUGH, WHERE THERE HAS BEEN PERFORMANCE OR PART-PERFORMANCE IN TERMS OF THE TRADE ON THE PART OF THE NON-DEFAULTING PARTY, THE NON-DEFAULTING PARTY COULD PROBABLY CLAIM RESTITUTION, WHERE THE DEFAULTING PARTY HAS SOMEHOW BEEN ENRICHED AT THE EXPENSE OF THE NON-DEFAULTING PARTY AS A RESULT OF THE CANCELLED TRADE, IT IS LIKELY THAT THE NON-DEFAULTING PARTY WOULD ALSO BE ABLE TO INSTITUTE A CLAIM AGAINST THE DEFAULTING PARTY TO THE EXTENT OF SUCH UNJUST ENRICHMENT. THE RECOURSE AVAILABLE TO THE NON-DEFAULTING PARTY IN THE EVENT OF THE TRADE / INSTRUCTION BEING CANCELLED MAY ALSO BE PRESCRIBED IN / BY ANY AGREEMENT THAT THE DEFAULTING AND NON-DEFAULTING PARTY MAY HAVE ENTERED INTO IN RELATION TO THE TRADES, AND THE NON-DEFAULTING PARTY COULD PERHAPS HAVE A CLAIM AGAINST THE DEFAULTING PARTY ON THIS BASIS.

This matter remains urgent. It would, therefore, be most helpful if you could respond to this e-mail by the COB tomorrow, Tuesday 11 November.

Your continued help is much appreciated.

Many thanks,

Tobias

---

**From:** Kirsten Kern [mailto:k.kern@bowman.co.za]
**Sent:** 10 November 2008 15:01
**To:** Latham, Tobias
**Cc:** David Anderson
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Dear Tobias

Please find attached a marked-up version of the initial advice provided by us to you in this matter during the week before last. We have amended our advice where the documents you provided us with made it necessary (or, at least, prudent) to do so, and we have, we trust, comprehensively answered the question you've posed in 1.8 of the questionnaire.

Please let us know if there is anything further that we can be of assistance with.

Kind regards

Kirsten

**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel: (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

**From:** Latham, Tobias [mailto:tobias.latham@linklaters.com]
**Sent:** 06 November 2008 20:05
**To:** Kirsten Kern
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Dear Kirsten,

Further to my query below, I have an additional query. In your helpful table you note at 1.4 that "In relation to to the settlement obligations of clients, it is important to determine whether LBIE qualifies as a "non controlled client" or a "controlled client"."

I attach a number of documents that detail LBIE's relationship with its settlement bank in South Africa (Standard Bank). Do any of the attached agreements allow you to determine whether LBIE is a controlled client or a non controlled client?

Also, is there anything in the attached agreements that would cause you to amend your table in any way?

I realise that there are a number of documents attached to this e-mail and that it could take some time to review them, therefore, please endeavour to respond to this e-mail by the **close of business on Monday 10 November 2008**. If this dead line is unrealistic please let me know.

Many thanks for your ongoing assistance.

Kind Regards,

Tobias

---

**From:** Latham, Tobias
**Sent:** 06 November 2008 16:55
**To:** 'k.kern@bowman.co.za'
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades-SOUTH AFRICA

Dear Kirsten,

By way of introduction, I am assisting Angela and the rest of our team in London on this matter. Many thanks for the completed questionnaire and insolvency memo. They are both most helpful.

I have one follow up question at the moment. In response to question 1.8, "Recourse available if unauthorised settlement occurs post administration?" you request that we refer to the memo that attached to your advice. Having read through the memo I am still unclear as to whether LBIE would have any recourse.

By way of guidance, section 1.8 refers to a situation (which may or may not have happened) where LBIE's accounts have been frozen as a result of the administration and the settlement system has been instructed by the Administrators not to settle any trades without their express consent. If trades were nonetheless settled (for whatever reason) by the settlement system after the date of the administration without the consent of the Administrators (which should be obtained prior to any settlement) i.e. there was an unauthorised settlement, what recourse would the Administrators have against the settlement system?

Counsel in other jurisdictions have usually pointed to disclaimers of liability within the rules of the relevant settlement system. Are there equivalent provisions in the JSE rules?

Many thanks for your continuing assistance.

Kind Regards,

Tobias

**Tobias Latham**
*Associate*
*Financial Markets Group*
**Linklaters LLP**, London

Tel: (44-20) 7456 5064
Mob: +44 7825 056 295
Fax: (44-20) 7456 2222

E-mail: tobias.latham@linklaters.com
http://www.linklaters.com

---

**From:** Kirsten Kern [mailto:k.kern@bowman.co.za]
**Sent:** 27 October 2008 16:16
**To:** Ly, Angela
**Cc:** Czernicka-Kuhl, Karolina; David Anderson; Claire van Zuylen
**Subject:** Lehman Brothers (in administration) / Unsettled Trades

  

CLICK TO GO TO WEBSITE

Dear Angela

Please find attached to this mail a completed questionnaire, as requested, in relation to the unsettled trades that LBIE currently has in South Africa's STRATE settlement system. Please also find attached a separate note dealing with the effect of the administration on such unsettled trades.

Please don't hesitate to let us know if we can be of any further assistance to you at this stage.

Kind regards

Kirsten

**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel:  (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001


BEFORE PRINTING THIS E-MAIL
*please consider the environment*

**Confidentiality Notice :** This message is intended for the person/entity to whom it is addressed and contains privileged and confidential information. Should the reader hereof not be the intended recipient, kindly notify us immediately by return e-mail and delete the original message.

To view a list of our partners, please click here

_____

This communication, sent by or on behalf of Linklaters LLP or one of its affiliated firms or other entities (together "Linklaters"), is confidential and may be privileged or otherwise protected. If you receive it in error please inform us and then delete it from your system. You should not copy it or disclose its contents to anyone. Messages sent to and from Linklaters may be monitored to ensure compliance with internal policies and to protect our business. Emails are not secure and cannot be guaranteed to be error free. Anyone who communicates with us by email is taken to accept these risks.

Linklaters LLP (www.linklaters.com) is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm regulated by the Solicitors Regulation Authority (www.sra.org.uk). The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications.

A list of Linklaters LLP members together with a list of those non-members who are designated as partners and their professional qualifications, may be inspected at our registered office, One Silk Street, London EC2Y 8HQ and such persons are either solicitors, registered foreign lawyers or European lawyers.

# Shay van Huyssteen

**From:** Kirsten Kern
**Sent:** 25 November 2008 16:33
**To:** Czernicka-Kuhl, Karolina; Ly, Angela
**Cc:** David Anderson; Claire van Zuylen
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades

We'll do so, Karolina. I'm getting no answer at STRATE now (I believe they have just gone off for the day), but I will be sure to call them first thing in the morning (SA-time).

Kind regards

Kirsten

**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel: (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

---

**From:** Czernicka-Kuhl, Karolina [mailto:karolina.czernicka-kuhl@linklaters.com]
**Sent:** 25 November 2008 16:28
**To:** Kirsten Kern; Ly, Angela
**Cc:** David Anderson; Claire van Zuylen
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades

Hi Kirsten,
it would be very much appreciated if you could check with STRAte how the instructions "must be" cancelled.
Many thanks
Karolina

---

**From:** Kirsten Kern [mailto:k.kern@bowman.co.za]
**Sent:** 25 November 2008 13:48
**To:** Czernicka-Kuhl, Karolina; Ly, Angela
**Cc:** David Anderson; Claire van Zuylen
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades

Karolina

It is difficult to answer your question reflected in green as the Directive does not specify the manner in which cancellation of the instruction is to take place.

For your ease of reference, the precise wording used in the Directive (in its explanation of the process to be followed regarding deferred settlement or deferred matching past the original settlement date of a trade) is to the effect that the settlement facilitation process "*may continue for a maximum of 5 (five) Business Days after the settlement date of the original instruction, after which the original instruction must be cancelled*".

Since STRATE directives are essentially guidance notes issued to CSDPs or settlement agents settling through STRATE,

08-13555-mg    Doc 9880    Filed 06/16/10    Entered 06/25/10 16:41:13    Main Document
Pg 16 of 26.

Page 2 of 6

such directives (unfortunately) do not always contain express particulars on practical points such as this one.  If it would be helpful to you, we could try to get clarity on this point from STRATE itself (on a no-names basis, of course).  Let us know if you would like us to do so.

Kind regards

Kirsten


**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel:  (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

---

**From:** Czernicka-Kuhl, Karolina [mailto:karolina.czernicka-kuhl@linklaters.com]
**Sent:** 25 November 2008 15:27
**To:** Kirsten Kern; Ly, Angela
**Cc:** David Anderson; Claire van Zuylen
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades

Just had one question in green below.
Many thanks
Karolina

---

**From:** Kirsten Kern [mailto:k.kern@bowman.co.za]
**Sent:** 25 November 2008 13:10
**To:** Czernicka-Kuhl, Karolina; Ly, Angela
**Cc:** David Anderson; Claire van Zuylen
**Subject:** FW: Lehman Brothers (in administration) / Unsettled Trades

Karolina

Please see my responses in **red-bold** in the mail below.

Kind regards

Kirsten


**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel:  (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

---

**From:** Czernicka-Kuhl, Karolina [mailto:karolina.czernicka-kuhl@linklaters.com]
**Sent:** 25 November 2008 14:31
**To:** Kirsten Kern
**Cc:** David Anderson; Claire van Zuylen; Ly, Angela

**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades

Many thanks Kirsten.
Just to clarify, we understand settlement instructions as separate to the underlying contract (as instructions to the settlement system to debit or credit the accounts).

Please see my comments in bold below.
Many thanks and kind regards
Karolina

---

**From:** Kirsten Kern [mailto:k.kern@bowman.co.za]
**Sent:** 25 November 2008 11:06
**To:** Czernicka-Kuhl, Karolina; Ly, Angela
**Cc:** David Anderson; Claire van Zuylen
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades

Dear Karolina

Please find our comments set out in red-type in your mail below.

Please let us know if we can be of any further assistance to you.

Kind regards

Kirsten

**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel:  (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

---

**From:** Czernicka-Kuhl, Karolina [mailto:karolina.czernicka-kuhl@linklaters.com]
**Sent:** 24 November 2008 22:32
**To:** Kirsten Kern; Ly, Angela
**Cc:** David Anderson; Claire van Zuylen
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades

Dear Kirsten,
I'm just looking at your advice in respect of settlement instructions.
Is my understanding below correct?

"LBIE's access to the South African settlement system (STRATE) is through a settlement agent. Both on exchange and OTC transaction are settled through STRATE. My understanding is that all settlement instructions in respect of on exchange trades entered into STRATE by LBIE's settlement agent and its counterparty will be automatically removed from STRATE once the default procedure in respect of on-exchange unsettled trades is completed.  Correct. It does not seem, on our interpretation of the applicable default rules, that the trades / instructions will remain in the system following the default procedure having been implemented by the JSE.

Accordingly, no further action should be required to be taken by either LBIE or its counterparties in relation to settlement instructions for trades in the South African market which were due to be settled in STRATE

**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel: (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001

---

**From:** Ly, Angela [mailto:angela.ly@linklaters.com]
**Sent:** 27 October 2008 18:24
**To:** Kirsten Kern
**Cc:** Czernicka-Kuhl, Karolina; David Anderson; Claire van Zuylen
**Subject:** RE: Lehman Brothers (in administration) / Unsettled Trades

Thanks very much indeed for your help. It is most appreciated. We will revert if we have any questions.

Kind regards,

Angela

**Angela Ly**
*Trainee Solicitor, Investment Management Group*
**Linklaters LLP**, London

☎   **Tel:** (44-20) 7456 4966
✉   **Fax:** (44-20) 7456 2355
⌨   angela.ly@linklaters.com
http://www.linklaters.com

---

**From:** Kirsten Kern [mailto:k.kern@bowman.co.za]
**Sent:** 27 October 2008 16:16
**To:** Ly, Angela
**Cc:** Czernicka-Kuhl, Karolina; David Anderson; Claire van Zuylen
**Subject:** Lehman Brothers (in administration) / Unsettled Trades



CLICK TO GO TO WEBSITE

Dear Angela

Please find attached to this mail a completed questionnaire, as requested, in relation to the unsettled trades that LBIE currently has in South Africa's STRATE settlement system. Please also find attached a separate note dealing with the effect of the administration on such unsettled trades.

Please don't hesitate to let us know if we can be of any further assistance to you at this stage.

Kind regards

Kirsten

**Kirsten Kern**
Bowman Gilfillan
165 West Street, Sandton, Johannesburg
P O Box 785812, Sandton, 2146
South Africa
Tel:  (+27-11) 669-9553
Cell: (+27) 83 564 2667
Fax: (+27-11) 669-9001



BEFORE PRINTING THIS E-MAIL
*please consider the environment*

**Confidentiality Notice** : This message is intended for the person/entity to whom it is addressed and contains privileged and confidential information. Should the reader hereof not be the intended recipient, kindly notify us immediately by return e-mail and delete the original message.

To view a list of our partners, <u>please click here</u>

This communication, sent by or on behalf of Linklaters LLP or one of its affiliated firms or other entities (together "Linklaters"), is confidential and may be privileged or otherwise protected. If you receive it in error please inform us and then delete it from your system. You should not copy it or disclose its contents to anyone. Messages sent to and from Linklaters may be monitored to ensure compliance with internal policies and to protect our business. Emails are not secure and cannot be guaranteed to be error free. Anyone who communicates with us by email is taken to accept these risks.

Linklaters LLP (www.linklaters.com) is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm regulated by the Solicitors Regulation Authority (www.sra.org.uk). The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications.

A list of Linklaters LLP members together with a list of those non-members who are designated as partners and their professional qualifications, may be inspected at our registered office, One Silk Street, London EC2Y 8HQ and such persons are either solicitors, registered foreign lawyers or European lawyers.

**BG** *Bowman Gilfillan*
*Attorneys*

165 West Street, , Sandton, Johannesburg
PO Box 785812, Sandton, 2146, South Africa
Telephone (011) 669-9000, Fax (011) 669-9001 Web
Web www.bowman.co.za  Docex no 6 Jhb
Bowman Gilfillan Inc. Reg.No. 1998/021409/21

Lehman Brothers Europe Limited (in
Administation
25 Bank Street
London
E14 5LE
United Kingdom

**Attention: The Administrators**

| | |
|---|---|
| VAT Registration No: | 4530177197 |
| Client VAT Registration No: | Foreign Client |
| Tax Invoice: | 277384 |
| Date: | 13 November 2008 |
| Page: | 1 |
| Our Reference: | David Anderson/Kirsten Kern |
| Account Number: | 1167305 |
| Order Number: | |

**Matter Description:**   Regulatory Advice

**Fees**
To providing you with detailed regulatory advice concerning the implications of
unsettled JSE trades and the effects of the administration of Lehman Brothers on
such trades

| | |
|---|---|
| Total Fees | 55,000.00 |
| VAT | 0.00 |
| | R 55,000.00 |

| | |
|---|---|
| TOTAL FEES AND EXPENSES | 55,000.00 |
| VAT | 0.00 |
| **TOTAL DUE** | R 55,000.00 |

1167305 / 277384 / B1 / SVHUYS                                                    Page : 2

# REMITTANCE PAGE

**Total amount due for this invoice**

| | |
|---|---|
| TOTAL FEES AND EXPENSES | 55,000.00 |
| VAT | 0.00 |
| **TOTAL DUE FOR INVOICE - 277384** | **R 55,000.00** |

This invoice is payable on presentation.

**Direct Settlement - Remit to:-**
The Standard Bank of SA Ltd, 5th Street, Sandton, 2146, South Africa
For Account: Bowman Gilfillan Inc.
Branch Code: 019205
Account No.: 421035110
SWIFT code: SBZA ZA JJ

To enable us to allocate the payment correctly, please reflect reference **1167305** on your deposit slip
and fax a copy to the Credit Control Department on +27 11 669-9001

08-13555-mg   Doc 9880   Filed 06/16/10   Entered 06/25/10 16:41:13   Main Document
Pg 22 of 26
Lehman Brothers International (Europe) matter - conflict check

Page 1 of 4

## Shay van Huyssteen

| | |
|---|---|
| **From:** | Ezra Davids |
| **Sent:** | 22 October 2008 19:56 |
| **To:** | 'angela.ly@linklaters.com' |
| **Cc:** | 'karolina.czernicka-kuhl@linklaters.com'; Claire van Zuylen; David Anderson |
| **Subject:** | Re: Lehman Brothers International (Europe): Instructions - South Africa |

No worries Angela. We will get cracking.
Best regards.
Ezra

‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒

Sent from my BlackBerry Wireless device

‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒

**From:** Ly, Angela
**To:** Ezra Davids
**Cc:** Czernicka-Kuhl, Karolina ; Claire van Zuylen
**Sent:** Wed Oct 22 18:44:06 2008
**Subject:** Lehman Brothers International (Europe): Instructions - South Africa

Dear Ezra,

My apologies for the delay in getting back to you.

## 1. Background

Thank you for confirming that you can assist us with this matter. As mentioned previously, we are advising PwC on the administration of Lehman Brothers in the UK and across Europe. One of the issues we are looking at is what to do about a large number of failed or unsettled trades that are currently frozen in settlement systems in the UK and across Europe. There is a mixture of on Exchange and OTC trades, so we need to look at the default rules of each exchange, central counterparty and settlement system that Lehman Brothers International (Europe) ("LBIE") had some sort of involvement with. Also, please note that it is not entirely clear to us yet, whether LBIE is a member of the clearing system in your jurisdiction or whether it is using a settlement agent. Perhaps you will be able to establish that from publicly available data.

By way of background, what we are basically trying to work out for the administrators of LBIE is: "What is LBIE legally able to do in relation to unsettled trades?" The answer to this question will be dependent on a number of factors which will be particular to each jurisdiction and which include the following:

- Can LBIE unilaterally remove its settlement instructions out of the relevant settlement system?
- If this is not possible in relation to certain types of trades, how are settlement instructions dealt with in the event of default by a party? For example, does some form of automatically applicable default regime come in play to cancel the underlying contract and the associated settlement instructions?
- If settlement instructions in relation to an underlying trade are removed from the settlement system, in what circumstances does the contract for the underlying trade remain on foot as between the parties and what are LBIE's options for dealing with such underlying contracts?

Ultimately, the administrators would also like to understand when and how can LBIE sell its securities which are held in a central securities depository to realise value for the LBIE estate.

## 2. Your Task  - Summary Table of Default Rules

With these background issues in mind, we would appreciate your assistance with the compilation of a table summarising the default procedure rules applying to unsettled/failed trades in respect of trades held in accounts in the name of LBIE in your jurisdiction. We appreciate that you might not necessarily be able to find

extent you can please try to research into this question.

By way of further guidance for question 8: 'Recourse available if unauthorised settlement occurs post administration' refers to a situation (which may or may not have happened) where LBIE's accounts have been frozen as a result of the administration and the settlement system has been instructed by the Administrators not to settle any trades without their express consent. If trades were nonetheless settled (for whatever reason) by the settlement system after the date of the administration without the consent of the Administrators (which should be obtained prior to any settlement) i.e. there was an unauthorised settlement, what recourse would the Administrators have?

### 3 . Timeframe

We would very much appreciate it if you could provide us with answers to the questions set out in the attached table by **close of business (London time) on** *Friday, 24 October 2008*. We appreciate that this is a tight deadline for the completion of this task so if the deadline is unrealistic please inform me as soon as possible and provide an estimation of when you hope to be able to provide a response.

### 4 . Billing

Please note that Lehman Brothers International (Europe) (in Administration) will be your client and you should send your bills directly to:

Lehman Brothers International (Europe) (in Administration)

25 Bank Street

London E14 5LE

United Kingdom

Attention: Tony Lomas, Steve Pearson, Dan Schwarzmann and Mike Jervis (the "Administrators").

Further please note that you will be requested to provide us with a weekly summary of your time costs incurred and a forecast of likely costs for the following one week period.

If you have any queries regarding the completion of the table, please do not hesitate to contact me or Karolina Czernicka-Kuhl copied in this email.

Many thanks in advance for your assistance with this.

Kind regards,

Angela

**Angela Ly**
*Trainee Solicitor, Investment Management Group*
**Linklaters LLP**, London

☎ **Tel:** (44-20) 7456 4966
✉ **Fax:** (44-20) 7456 2355
✍ angela.ly@linklaters.com
http://www.linklaters.com

---

**From:** Ezra Davids [mailto:e.davids@bowman.co.za]
**Sent:** 17 October 2008 09:24

Lehman Brothers International (Europe) matter - conflict check

Page 3 of 4

**To:** Ly, Angela
**Cc:** Czernicka-Kuhl, Karolina; Claire van Zuylen
**Subject:** Re: Lehman Brothers International (Europe) matter - conflict check

  BG *Bowman Gilfillan*
Attorneys

CLICK TO GO TO WEBSITE

Angela

Thank you for your email. I confirm that we are able to act in this matter. I also confirm that we have done some legal work for Lehman Brothers International before.

Best regards.

Ezra

---------------------------------------------------------------

Sent from my BlackBerry Wireless device

---

**From:** Ly, Angela
**To:** Ezra Davids
**Cc:** Czernicka-Kuhl, Karolina
**Sent:** Thu Oct 16 20:38:52 2008
**Subject:** Lehman Brothers International (Europe) matter - conflict check

Dear Ezra,

We would like to instruct Bowman Gilfillan on a matter relating to the administration of Lehman Brothers International (Europe) Limited ("**LBIE**"). PriceWaterhouseCoopers, for whom we act, are the administrators.

The matter involves reviewing contractual documentation between LBIE and its settlement agents/custodians to understand the security rights or interests that these entities have against LBIE. Prior to sending you further details, we would be grateful if you could confirm that you are not conflicted in this matter.

This matter is urgent and it would, therefore, be most helpful if you could respond as soon as possible, ideally before 1pm London time on Friday, 17 October 2008.

Many thanks and kind regards,

Angela

**Angela Ly**
*Trainee Solicitor, Investment Management Group*
**Linklaters LLP**, London

☎ **Tel:** (44-20) 7456 4966
✉ **Fax:** (44-20) 7456 2355
✍ angela.ly@linklaters.com
http://www.linklaters.com

This communication, sent by or on behalf of Linklaters LLP or one of its affiliated firms or other entities (together "Linklaters"), is confidential and may be privileged or otherwise protected. If you receive it in error please inform us and then delete it from your system. You should not copy it or disclose its contents to anyone. Messages sent to and from Linklaters may be monitored to ensure compliance with internal policies and to protect our business. Emails are not secure and cannot be guaranteed to be error free. Anyone who communicates with us by email is taken to accept these risks.

Lehman Brothers International (Europe) matter - conflict check

Page 4 of 4

Linklaters LLP (www.linklaters.com) is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm regulated by the Solicitors Regulation Authority (www.sra.org.uk). The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications.

A list of Linklaters LLP members together with a list of those non-members who are designated as partners and their professional qualifications, may be inspected at our registered office, One Silk Street, London EC2Y 8HQ and such persons are either solicitors, registered foreign lawyers or European lawyers.



BEFORE PRINTING THIS E-MAIL
*please consider the environment*

**Confidentiality Notice** : This message is intended for the person/entity to whom it is addressed and contains privileged and confidential information. Should the reader hereof not be the intended recipient, kindly notify us immediately by return e-mail and delete the original message.

To view a list of our partners, please click here

Lehman Brothers Claims Processing Centre
c/o Epiq Bankruptcy Solutions
FDR Station, PO Box 5076
New York
NY 10150-5076

RD 282 978 051 ZA

A

1st

D

RD 282 978 051 ZA

RECEIVED

SEP 19 2009