WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF FILING OF REVISED ORDER GRANTING**
**DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO**
**CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

In connection with the Debtors' twenty-first omnibus objection to claims, dated June 17, 2010 [Docket No. 9659] (the "Twenty-First Omnibus Objection to Claims"), and all related documents thereto, the Debtors hereby file a revised proposed order granting the Twenty-First Omnibus Objection to Claims (the "Revised Twenty-First Omnibus Objection to Claims Order").

Attached hereto as "Exhibit A" is a clean copy of the proposed Revised Twenty-First Omnibus Objection to Claims Order, and attached hereto as "Exhibit B" is a blacklined copy of the proposed Revised Twenty-First Omnibus Objection to Claims Order, which is marked against the version filed with the Twenty-First Omnibus Objection to Claims.

Dated: July 1, 2010
       New York, New York

                                        /s/ Shai Y. Waisman
                                        Shai Y. Waisman
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

## Exhibit A

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                                          :        **Chapter 11 Case No.**
                                                                                     :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,         :        **08-13555 (JMP)**
                                                                                     :
                                      Debtors.                          :        **(Jointly Administered)**
-----------------------------------------------------------------x

**ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION
TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

Upon the twenty-first omnibus objection to claims, dated June 17, 2010 (the "Twenty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and expunging the Duplicative of Indenture Trustee Claims on the grounds that such claims are duplicative of the corresponding Global Surviving Claim, all as more fully described in the Twenty-First Omnibus Objection to Claims; and due and proper notice of the Twenty-First Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Twenty-First Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-First Omnibus Objection to Claims.

and factual bases set forth in the Twenty-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative of Indenture Trustee Claims") are disallowed and expunged; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Global Surviving Claim") will remain on the claims register subject to the Debtors' right to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to the Global Surviving Claim, and the Debtors' rights to object to the Global Surviving Claim on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Twenty-First Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Global Surviving Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

Blackline of Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                         :           Chapter 11 Case No.
                                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :           08-13555 (JMP)
                                                                                   :
                                                    Debtors.           :           (Jointly Administered)
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION
### TO CLAIMS (~~CONTRACTUAL GUARANTEE~~DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the twenty-first omnibus objection to claims, dated June 17, 2010 (the "Twenty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and expunging the ~~Contractual Guarantee~~Duplicative of Indenture Trustee Claims on the grounds that ~~there is no evidence of the existence of a guarantee giving rise to the alleged contractual obligation~~such claims are duplicative of the corresponding Global Surviving Claim, all as more fully described in the Twenty-First Omnibus Objection to Claims; and due and proper notice of the Twenty-First Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Twenty-First Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-First Omnibus Objection to Claims.

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twenty-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "~~Contractual Guarantee~~Duplicative of Indenture Trustee Claims") are disallowed and expunged; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Global Surviving Claim") will remain on the claims register subject to the Debtors' right to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to the Global Surviving Claim, and the Debtors' rights to object to the Global Surviving Claim on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Twenty-First Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on <u>Exhibit</u> 1 annexed hereto <u>and (ii) the</u> <u>Global Surviving Claim</u>; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE