WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                              :   Chapter 11 Case No.
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   08-13555 (JMP)
                                                                   :
                          Debtors.                         :   (Jointly Administered)
                                                                   :
------------------------------------------------------------------x

**DEBTORS' OBJECTION TO AMENDED STATEMENT
OF ISSUES AND DESIGNATION OF RECORD RE APPEAL OF
ORDER APPROVING DEBTORS' MOTION PURSUANT TO
BANKRUPTCY RULE 9019 FOR AUTHORITY TO COMPROMISE
CONTROVERSY IN CONNECTION WITH A REPURCHASE TRANSACTION
WITH FENWAY CAPITAL, LLC AND A COMMERCIAL PAPER PROGRAM
WITH FENWAY FUNDING, LLC FILED BY THE SUNCAL APPELLANTS**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), hereby submit this Objection ("Objection") to the *Amended Statement of Issues and Designation of Record Re Appeal Of Order Approving Debtors' Motion Pursuant to Bankruptcy Rule 9019 For Authority to Compromise Controversy In Connection With A Repurchase*

*Transaction With Fenway Capital, LLC And A Commercial Paper Program With Fenway Funding, LLC Filed By The SunCal Appellants*, [D.E. 9913] and respectfully represent:

## I. BACKGROUND

1. On May 27, 2010, SunCal[1] filed its Notice of Appeal in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") [D.E. 9312] noticing its appeal to the United States District Court for the Southern District of New York from that certain *Order Approving Debtors' Motion Pursuant to Bankruptcy Rule 9019 For Authority To Compromise Controversy In Connection With A Repurchase Transaction With Fenway Capital, LLC And A Commercial Paper Program With Fenway Funding, LLC* [D.E. 9030] (the "9019 Order").

2. Also on May 27, 2010, SunCal filed its *Statement of Issues and Designation of Record Re Appeal Of Order Approving Debtors' Motion Pursuant to Bankruptcy Rule 9019 For Authority To Compromise Controversy In Connection With A Repurchase Transaction With Fenway Capital, LLC And A Commercial Paper Program With Fenway Funding, LLC* [D.E. 9317].

3. On June 2, 2010, SunCal filed its *Amended Statement of Issues and Designation of Record Re Appeal Of Order Approving Debtors' Motion Pursuant to Bankruptcy Rule 9019 For Authority To Compromise Controversy In Connection With A Repurchase

---

[1] For the purposes of this Objection, SunCal refers to: (i) SunCal Communities I LLC, (ii) SunCal Communities III LLC, (iii) SCC/Palmdale LLC, (iv) Acton Estates, LLC, (v) SunCal Beaumont Heights, LLC, (vi) Suncal Emerald Meadows LLC, (vii) SunCal Johansson Ranch LLC, (viii) SunCal Bickford Ranch LLC, (ix) SunCal Summit Valley LLC, (x) Seven Brothers LLC, (xi) Kirby Estates LLC, (xii) SJD Partners Ltd., (xiii) SJD Development Corp., (xiv) SCC Communities LLC, (xv) North Orange Del Rio Land LLC and (xvi) Tesoro SF LLC.

*Transaction With Fenway Capital, LLC And A Commercial Paper Program With Fenway Funding, LLC Filed By The SunCal Appeallants* [D.E. 9384].

4. Finally, on June 29, 2010, SunCal filed yet another *Amended Statement of Issues and Designation of Record Re Appeal Of Order Approving Debtors' Motion Pursuant to Bankruptcy Rule 9019 For Authority To Compromise Controversy In Connection With A Repurchase Transaction With Fenway Capital, LLC And A Commercial Paper Program With Fenway Funding, LLC Filed By The SunCal Appellants* [D.E. 9913] (the "Amended Designation of Record").

## II. ARGUMENT

5. In its Amended Designation of Record, SunCal includes documents that were not in the record before the Bankruptcy Court and were not considered in entering the 9019 Order that is now being appealed. Specifically, SunCal includes fourteen documents in its designation that were entered after the Bankruptcy Court granted the 9019 Order on May 12, 2010 and are therefore not proper to consider on this appeal.

6. The record on appeal is governed by Rule 8006 of the Federal Rules of Bankruptcy Procedure ("FRBP"). Post-hearing evidence submitted after an order is granted is not part of the record and is inadmissible on appeal. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) (holding that an affidavit submitted into evidence after the decision was issued by the lower court is inadmissible on appeal). Indeed, "the touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from." *Id*. (citing *In re Ames Dept. Stores, Inc.*, 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005); *see also In re Yepremian*, 116 F.3d 1295, 1297 (9th Cir.

3

1997) (holding that deposition and declaration taken after the bankruptcy court granted summary judgment were not part of the record on appeal). Where evidence is not considered by the lower court, such evidence should be stricken from the record on appeal. *In re Ames Dept. Stores, Inc.*, 320 B.R. at 521.

7.     Similarly, the post-hearing documents presented by SunCal after the 9019 Order was entered are not appropriately part of the record on appeal. SunCal failed to provide evidence in support of its position in the Bankruptcy Court. It is impermissible for SunCal now to attempt to correct the deficiencies in the record by supplementing the record on appeal with documents that were never before the Bankruptcy Court in deciding the 9019 Order. Therefore, according to precedent of this Court, such evidence is inadmissible on appeal and should be stricken from the record.

## CONCLUSION

WHEREFORE, the Debtors respectfully request an order striking Item Nos. 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39, and 40 from the Amended Designation of Record and granting such other and further relief as is just.


Dated: July 1, 2010
       Houston, Texas

                                        /s/ Alfredo R. Pérez
                                        Alfredo R. Pérez
                                        WEIL, GOTSHAL & MANGES LLP
                                        700 Louisiana Street, Suite 1600
                                        Houston, Texas 77027
                                        Telephone: (713) 546-5000
                                        Facsimile: (713) 224-9511

                                        Attorneys for Debtors
                                        and Debtors in Possession