# United States Bankruptcy Court

## Southern District of New York

In re **Lehman Brothers Holdings Inc.**    Case Nos. **08-13555**
**Jointly Administered**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| ACP MASTER, LTD. | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| Name of Transferee | Name of Transferor |

Court Claim #: 59736

ISIN/CUSIP: XS0126892172

Transferred Claim: 36.60453% of Court Claim No.: 59736

Name and Address where notices to Transferee should be sent:

ACP Master, Ltd.
c/o Aurelius Capital Management, LP
535 Madison Avenue, 22nd Floor
New York, NY 10022
Attention: David Tiomkin
Email: dtiomkin@aurelius-capital.com
Attention: Anthony Chiodi
Email: ops@aurelius-capital.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

ACP Master, Ltd.
By: Aurelius Capital Management, LP, solely as investment manager and not in its individual capacity

By: _____    Date: 6/29/2010
Name: Mark D. Brodsky
Title: Chairman

KL2 2655786.1

Partial Transfer of LBHI Claim 59736
Program Security

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN BROTHERS TREASURY CO. B.V.
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Deutsche Bank AG, London Branch ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to ACP Master, Ltd (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 59736 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation or guaranty relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (the Purchased Claim, together with the rights and interests as described in clauses (a), (b), (c) and (d), are collectively referred to herein as the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of Lehman Programs Securities; and (g) Seller has not delivered an acceleration notice to the Debtor or any of its affiliates with respect to the Purchased Security.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in respect of the Transferred Claims, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as

DB Ref: 4900(3)

the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser;

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of ___ 2010.

DEUTSCHE BANK AG, LONDON BRANCH

By: ___
Name:
Title:

Michael Sutton
Managing Director

By: ___
Name: Anil Das
Title: Director

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

ACP MASTER, LTD.
By: Aurelius Capital Management, LP, solely as investment manager and not in its individual capacity

By: ___
Name: Mark D. Brodsky
Title: Chairman

535 Madison Avenue, 22nd Floor
New York, NY 10022

DB Ref: 4900

Schedule 1

## LEHMAN BROTHERS TREASURY CO. B.V.
## LEHMAN PROGRAM SECURITY

Transferred Claims

Purchased Claim

36.60453% of the outstanding amount of the Proof of Claim as of _10 May_ 2010.

Lehman Programs Securities to which Transfer Relates:

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Issue of EUR 10,000,000 Notes due April 2009, Series Number 1119 | XS0126892172 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,749,000.00 | EUR 3200.00 per Specified Denomination | 4/20/2009 |

Schedule 1-1

DB Ref: 4900(3)

## ANNEX TO AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

### Reservations of Rights

1.      The Purchaser reserves the right to: (a) amend, update, or supplement this Agreement and Evidence of Transfer of Claim (including, without limitation, to add additional amounts due and owing) at any time and in any respect; (b) file additional proofs of claim; and (c) file a request for payment of administrative or priority expenses in accordance with Bankruptcy Code sections 503 and 507. Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Agreement and Evidence of Transfer of Claim.

2.      By filing this Agreement and Evidence of Transfer of Claim, the Purchaser: (a) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Agreement and Evidence of Transfer of Claim; (b) does not waive (and expressly reserves) all of its procedural and substantive defenses, counterclaims and objections (including without limitation, the right of setoff, recoupment or any similar right, remedy or defense) to any objection to the Transferred Claims or any claim that may be asserted against the Purchaser by the Debtor, its estate, any successor to the Debtor, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim; (c) does not waive (and expressly reserves) any right to any security held by or on behalf of the Purchaser or any right of the Purchaser to claim specific assets or any other claim, right, or right of action that the Purchaser has or might have against the Debtor, its estate, any successor to the Debtor, or any other person, whether such claim, right, or right of action arises prior to, upon, or after the Petition Date; and (d) does not waive (and expressly reserves) any and all other rights that the Purchaser may have pursuant to applicable law or agreement.

KL2 2652370.2

3. Nothing contained in this Agreement and Evidence of Transfer of Claim shall be deemed an admission by the Purchaser. The Purchaser expressly reserves the right to withdraw this Agreement and Evidence of Transfer of Claim as if it had never been filed.

KL2 2652370.2