**HEARING DATE AND TIME: September 1, 2010 at 2:00 p.m. (Eastern Time)**
**RESPONSE DEADLINE: August 3, 2010 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8007.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                         :    Chapter 11 Case No.
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                  :    08-13555 (JMP)
                                                              :
                        Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWENTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that on July 1, 2010, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their twenty-eighth omnibus objection to claims (the "Debtors' Twenty-Eighth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Twenty-Eighth Omnibus Objection to Claims will be held

1

before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 1, 2010 at 2:00 p.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Twenty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **August 3, 2010 at 4:00 p.m. (Eastern Time)** (the

"Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Twenty-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Twenty-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 1, 2010
      New York, New York

                /s/ Shai Y. Waisman
                Shai Y. Waisman
                Randi W. Singer

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

**HEARING DATE AND TIME: September 1, 2010 at 2:00 p.m. (Eastern Time)**
**RESPONSE DEADLINE: August 3, 2010 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                        :     Chapter 11 Case No.
                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :     08-13555 (JMP)
                                             :
                        Debtors.             :     (Jointly Administered)
----------------------------------------------------------------x

**DEBTORS' TWENTY-EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8007.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this twenty-eighth omnibus objection to claims (the "Twenty-Eighth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order reducing and allowing the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively, the "Valued Derivative Claims") should be reduced and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records. The Debtors, therefore, request that the Court reduce each such claim to the amount listed on Exhibit A under the column heading "*Modified Claim Amount*" and allow each such claim only to the extent of such modified amount.

2

**Jurisdiction**

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

7.  On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative

3

contracts (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Ord. at 7.) The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at 8.)

8.  Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract. Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee.

9.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Valued Derivative Claims Should Be Reduced and Allowed**

10. The Debtors have begun their review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent and

have identified the claims on Exhibit A as being claims that should be reduced and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records.

11. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12. The Valued Derivative Claims listed on Exhibit A should be reduced and allowed in the amount listed on Exhibit A under the column heading "*Modified Claim Amount*" because the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records.

13. The Debtors have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors and based on a Derivative Contract[1] ("Derivative Claims") in order to determine the fair, accurate, and reasonable value of such claims for purposes of settlement (the "Proposed Settlement Amount"). In

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Ord. at 6.)

5

order to determine the Proposed Settlement Amount, the Debtors: (i) collect and review documents related to the relevant Derivative Claim including, but not limited to, the relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments already received, made, or missed; and (iii) review the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]  In their efforts to determine the Proposed Settlement Amount, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

14. Once the Debtors have determined the Proposed Settlement Amount with respect to a particular Derivative Claim, it is presented to the Debtors' Settlement Adjudication Committee (the "Committee") for final approval. The Committee, comprised of senior management of the Debtors and Alvarez & Marsal, reviews the work done to arrive at the Proposed Settlement Amount and approves or disapproves the Proposed Settlement Amount. If the Proposed Settlement Amount presented to the Committee is less than the amount included in the corresponding Derivative Claim, the Debtors will seek approval to object to such claim.

---

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

15.     The Debtors have undertaken this lengthy process with respect to each of the Valued Derivative Claims listed on Exhibit A, and have concluded that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant.  Despite the Debtors' efforts at negotiating this Proposed Settlement Amount, the Debtors and the holders of the Valued Derivative Claims have reached an impasse.  Holders of the Valued Derivative Claims should not be allowed to recover more than the true and proper value of their claims.  Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, the Debtors request that the Court reduce each Valued Derivative Claim to the amount listed on Exhibit A under the column heading "*Modified Claim Amount*" and allow each such claim only to the extent of such modified amount.

## Notice

16.     No trustee has been appointed in these chapter 11 cases.  Notice of this Twenty-Eighth Omnibus Objection to Claims has been provided to:  (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order.  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 1, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 28: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED CLAIM AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | INVESTCORP INTERLACHEN MULTI-STRATEGY MASTER FUND LTD C/O SEWARD & KISSEL LLP ATTN: JUSTIN L. SHEARER ONE BATTERY PARK PLAZA NEW YORK, NY 10004 | 11973 | 09/14/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $526,445.23* | Lehman Brothers Special Financing Inc. | Unsecured | $99,483.00 |
| 2 | INVESTCORP INTERLACHEN MULTI-STRATEGY MASTER FUND LTD C/O SEWARD & KISSEL LLP ATTN: JUSTIN L. SHEARER ONE BATTERY PARK PLAZA NEW YORK, NY 10004 | 11972 | 09/14/2009 | Lehman Brothers Holdings Inc. | Unsecured | $558,157.78* | Lehman Brothers Holdings Inc. | Unsecured | $99,483.00 |
| 3 | NORINCHUKIN TRUST AND BANKING CO., LTD., THE, AS TRUSTEE FOR L-JAC FIVE FUNDING TRUST FUND 049604007080 1-1-12 UCHIKANDA, CHIYODAKU TOKYO, 101-0047 JAPAN | 1407 | 12/22/2008 | Lehman Brothers Holdings Inc. | Unsecured | $288,448.22 | Lehman Brothers Holdings Inc. | Unsecured | $223,552.80 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 28: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED CLAIM AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 4 | NORINCHUKIN TRUST AND BANKING CO., LTD., THE, AS TRUSTEE FOR L-JAC FIVE FUNDING TRUST FUND 049604007080 1-1-12 UCHIKANDA, CHIYODAKU TOKYO, 101-0047 JAPAN | 1408 | 12/22/2008 | Lehman Brothers Special Financing Inc. | Unsecured | $288,448.22 | Lehman Brothers Special Financing Inc. | Unsecured | $225,795.59 |
| 5 | RUTLAND HOSPITAL, INC, THE C/O EDWARD ORGORZALEK, CFO RUTLAND REGIONAL MEDICAL CENTER 160 ALLEN STREET RUTLAND, VT 05701 | 19545 | 09/19/2009 | Lehman Brothers Holdings Inc. | Unsecured | $185,039.42 | Lehman Brothers Holdings Inc. | Unsecured | $94,233.36 |
| 6 | RUTLAND HOSPITAL, INC, THE C/O EDWARD ORGORZALEK RUTLAND REGIONAL MEDICAL CENTER 160 ALLEN STREET RUTLAND, VT 05701 | 19546 | 09/19/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $185,039.42 | Lehman Brothers Special Financing Inc. | Unsecured | $94,233.36 |
| 7 | SLM CORPORATION ATTN: EXECUTIVE VICE PRESIDENT AND GENERAL COUNSEL C/O SALLIE, INC. 12061 BLUEMONT WAY MDC V7444 RESTON, VA 20190 | 19471 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,880,790.00 | Lehman Brothers Special Financing Inc. | Unsecured | $927,470.23 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 28: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED CLAIM AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 8 | SLM CORPORATION ATTN: EXECUTIVE VICE PRESIDENT AND GENERAL COUNSEL C/O SALLIE MAE, INC. 12061 BLUEMONT WAY MDC V7 444 RESTON, VA 20190 | 19473 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,880,790.00* | Lehman Brothers Holdings Inc. | Unsecured | $927,470.23 |
| 9 | US AGBANK, FCB ATTN: JIM SHANAHAN 245 N. WACO WICHITA, KS 67202 | 24540 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $10,356,591.56* | Lehman Brothers Special Financing Inc. | Unsecured | $7,900,000.00 |
| 10 | US AGBANK, FCB ATTN: JIM SHANAHAN 245 N. WACO WICHITA, KS 67202 | 24543 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $10,356,591.56 | Lehman Brothers Holdings Inc. | Unsecured | $7,900,000.00 |
| | | | | | TOTAL | $26,506,341.41 | | TOTAL | $18,491,721.57 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                 :
                     Debtors.                               :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the twenty-eighth omnibus objection to claims, dated July 1, 2010 (the "Twenty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), reducing and allowing the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records, all as more fully described in the Twenty-Eighth Omnibus Objection to Claims; and due and proper notice of the Twenty-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Twenty-Eighth Omnibus Objection to Claims is in the best

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-Eighth Omnibus Objection to Claims.

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twenty-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Twenty-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under the column heading "Modified Claim Amount"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the Twenty-Eighth Omnibus Objection to Claims but not on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

                                                       UNITED STATES BANKRUPTCY JUDGE