WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re: : Chapter 11 Case No.
 :
**LEHMAN BROTHERS HOLDINGS INC., et al.** : 08-13555 (JMP)
 :
Debtors. : (Jointly Administered)
 :
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER BETWEEN**
**LEHMAN BROTHERS HOLDINGS INC. AND SHINHAN INVESTMENT CORP.**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and Shinhan Investment Corp, formerly known as Goodmorning Shinhan Securities Co., Ltd. ("SIC" and, together with LBHI, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order and represent and agree as follows:

RECITALS

A. Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, as applicable, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   B. On February 11, 2009, SIC filed a proof of claim on official form 10 with the Debtors' court appointed claims agent asserting a claim against LBHI based on LBHI's purported guarantee of a derivative contract between SIC and Lehman Brothers Commercial Corporation Asia Limited (the "Initial Filed Claim").  SIC attached to the Initial Filed Claim documentation supporting the existence of the debt and the asserted claim amount.

   C. By order dated July 2, 2009 (the "Bar Date Order"), the Court established September 22, 2009 at 5:00 p.m. as the deadline (the "Bar Date") for filing proofs of claim based on prepetition claims against the Debtors in these chapter 11 cases.  The Bar Date Order provided that holders of claims based on a Derivative Contract or a Guarantee (as such terms are defined in the Bar Date Order) were to complete and submit a Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the Bar Date Order) on a dedicated website prior to October 22, 2009.  With respect to a claim against LBHI based on its purported guarantee of the obligations of a non-Debtor affiliate under a Derivative Contract, the Bar Date Order required holders to complete both a Derivative Questionnaire and a Guarantee Questionnaire.

   D. SIC's Initial Filed Claim was filed prior to the entry of the Bar Date Order, and SIC's Initial Filed Claim included substantially all of the information required by the Guarantee Questionnaire and the Derivative Questionnaire.  Upon review of the Initial Filed Claim and the documentation attached thereto, LBHI is able to fully evaluate the validity and asserted amount of SIC's claim.

E.Upon becoming aware of the requirements of the Bar Date Order following the Bar Date and Questionnaire Deadline, SIC submitted the information that it attached to the Initial Filed Claim on the website for the Derivative Questionnaire and Guarantee Questionnaire. In addition, on April 6, 2010, SIC amended the Initial Filed Claim (the "Amended Claim") to utilize the proof of claim form approved along with the Bar Date Order. The Amended Claim and the completed Derivative Questionnaire and Guarantee Questionnaire include all information required by the Bar Date Order.

F.On April 22, 2010, SIC filed a *Motion of Shinhan Investment Corp. For Entry of an Order: (A) Determining that its Proof of Claim, as Amended, be Deemed Timely Filed, or (B) Extending the Time for It to File an Amended Proof of Claim Pursuant to FRBP 9006(b)(1)* seeking specified relief relating to the claims SIC filed against LBHI (the "Motion").

G.On May 18, 2010, the Debtors filed an omnibus objection to certain proofs of claim because the proofs of claim have been amended or superseded by subsequently filed corresponding proofs of claim (the "Omnibus Objection"). Pursuant to the Omnibus Objection, the Debtors request the disallowance and expungement of the Initial Filed Claim from the Court's claim register and preservation of the Debtors' right to object to the Amended Claim on any other basis.

H.The Parties hereto have agreed to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

STIPULATION

1. The Recitals form an integral part of this Stipulation, Agreement and Order and are incorporated fully here.

2. As requested by the Debtors pursuant to the Omnibus Objection, the Initial Filed Claim shall be disallowed and expunged from the Court's claim register because the Initial Filed Claim was amended and superseded by the Amended Claim. The disallowance and expungement of the Initial Filed Claim is not intended to and shall not prejudice or otherwise affect the rights of the Parties under this Stipulation, Agreement and Order.

3. Based on the fact that (1) SIC filed the Initial Filed Claim against LBHI prior to the entry of the Bar Date Order, (2) the Initial Filed Claim included substantially all of the information required by the Derivative Questionnaire and Guarantee Questionnaire, (3) LBHI is able to fully evaluate SIC's claim based on the information attached to the Initial Filed Claim, and (4) upon becoming aware of the requirements of the Bar Date Order, SIC promptly filed the Amended Claim and completed and submitted a Derivative Questionnaire and a Guarantee Questionnaire, LBHI will not object to the Amended Claim based on the timing and method of the filing of the Amended Claim.

4. The rights of the Debtors and any other party in interest to object to the Amended Claim on any ground other than the timing and method of filing are expressly preserved and unaffected by this Stipulation, Agreement and Order.

5. This Stipulation, Agreement and Order shall not become effective against the Parties unless and until it is "so ordered" by the Court.

6. This Stipulation, Agreement and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7. Each person who executes this Stipulation, Agreement and Order represents that he or she has the authority to execute this document on behalf of his or her respective client(s).

8. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies or facsimiles signed by the party hereto to be charged.

9. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: June 8, 2010

| **WEIL, GOTSHAL & MANGES LLP** | **PEITZMAN, WEG & KEMPINSKY LLP** |
|---|---|
| /s/ Shai Y. Waisman | /s/ David Shemano |
| Shai Y. Waisman | David Shemano |
| 767 Fifth Avenue | 10100 Santa Monica Blvd., Suite 1450 |
| New York, New York 10153 | Los Angeles, California 90067 |
| Telephone: (212) 310-8000 | Telephone: (310) 552-3100 |
| Facsimile: (212) 310-8007 | Facsimile: (310) 552-3101 |
| Attorneys for Debtors and Debtors in Possession | Attorneys for SIC |

**SO ORDERED:**

Dated: New York, New York
       July 1, 2010

_s/ James M. Peck_
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE