**BUCHANAN INGERSOLL & ROONEY PC**
301 Grant Street, 20th Floor
One Oxford Centre
Pittsburgh, PA 15219
Tel: (412) 562-8800
Fax: (412) 562-1041
Christopher P. Schueller
Donald E. Malecki
Zakarij O. Thomas

Attorneys for Greenbrier Minerals Holdings, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 08-13555 (JMP) |
| | : | |
| LEHMAN BROTHERS HOLDINGS, | : | |
| INC., *et al* | : | Chapter 11 |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## EMERGENCY MOTION FOR CONTINUANCE AND EXTENSION OF TIME TO RESPOND

AND NOW comes movant, Greenbrier Minerals Holdings, LLC ("Greenbrier"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney, PC and files the within Emergency Motion for Continuance and Extension of Time to Respond ("Motion to Continue") pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and in support thereof avers as follows:

1. On June 22, 2010, Debtor Lehman Commercial Paper, Inc. ("LCPI" or "Debtor") filed a Motion Pursuant to Sections 105(a) and 362 of the Bankruptcy Code for an Order Enforcing the Automatic Stay against Greenbrier (the "Motion to Enforce") [Docket # 9729].

2.  The Motion to Enforce is currently scheduled to be heard before the Honorable James M. Peck, United States Bankruptcy Judge on July 14, 2010 at 10:00 a.m. during the July Omnibus Hearing.

3.  According the Notice of Motion to Enforce, the Debtor takes the position that Greenbrier must file its response to the Motion to Enforce and serve it so as to be received by the parties entitled to service no later than Tuesday, July 6, 2010 at 4 p.m. EST.

4.  Because (i) the Debtor filed the Motion to Enforce on Tuesday, June 22, 2010 at approximately 7:20 p.m., well after normal business hours, and (ii) the day before the Response deadline is a national holiday, the Debtor has manipulated the Second Amended Case Management Order in such a manner that Greenbrier would have not more than eight (8) full business days to prepare a response to the Motion to Enforce.  Notably, the Debtor filed another motion on June 22, 2010 and gave the respondent until July 7, 2010 to respond (*see* Docket Entry No. 9739), a courtesy which the Debtor refused to extend to Greenbrier.

### The Debtor Failed to Properly Serve Greenbrier

5.  The Second Amended Order Implementing Certain Notice and Case Management Procedures dated June 17, 2010 (the "Case Management Order") [Docket # 9635] requires that "Standard Parties" including "any *person or entity* with a particularized interest in the subject matter of a certain Document" shall be served by "U.S. mail, overnight delivery, hand delivery, or, with the exception of Chambers, facsimile." *See* Case Management Order ¶¶ 8, 8(vi) and 12 (emphasis added); the Case Management Order is attached at Exhibit 1.  In particular, the Case Management Order specifically prohibits service by e-mail, clearly stating that "[n]o party is permitted to serve the Standard Parties by e-mail and such service shall ***not*** be effective". *See* Case Management Order ¶12 (emphasis added).

6. As the sole respondent, Greenbrier has a particularized interest in the subject matter of the Motion to Enforce, and under the Case Management Order is a Standard Party entitled to receive service in the prescribed manner.

7. The Motion to Enforce was emailed Greenbrier's counsel, but not to Greenbrier, by the Debtor after business hours on June 22, 2010. Moreover, neither Greenbrier nor its counsel received the Motion to Enforce by the means prescribed in the Case Management Order, namely U.S. mail, overnight delivery, hand delivery or facsimile. To reiterate, Greenbrier's counsel received the Motion to Enforce via email only. This is reflected by Debtor's counsel's own admission in its Affidavit of Service dated June 22, 2010 ("Affidavit of Service") [Docket #9770]. *See* Exhibit B of the Affidavit of Service; the Affidavit of Service is attached at Exhibit 2.

8. The Case Management Order further states that "Pleadings shall not be considered unless filed, noticed and *served in accordance with the Second Amended Procedures* at least fourteen (14) calendar days before the applicable hearing date". *See* Case Management Order ¶29.

9. The Motion to Enforce does not comply with ¶29 of the Case Management Order and cannot be heard on July 14, 2010 for two reasons. First, the deficient service as described herein renders the Motion to Enforce ineffective. And second, Debtors cannot now attempt to correct service of the Motion to Enforce because the July 14, 2010 hearing date is less than 14 calendar days away.

10. Should Debtor's counsel continue to pursue the Motion to Enforce, it must refile, renotice and reserve the Motion to Enforce in accordance with the Case Management Order to be heard on the next available omnibus hearing date, which is August 18, 2010.

6099461                                    3

11. Accordingly, service was deficient and Greenbrier's Motion to Continue should be granted on those grounds alone.

**The Debtor Strung Greenbrier Along, then Refused Any Extension Whatsoever**

12. Upon receiving and considering the Motion to Enforce, counsel for Greenbrier promptly contacted Debtor's counsel (on Friday, June 25) to request an extension of time to respond to the Motion to Enforce in an attempt to facilitate an amicable resolution to the Motion to Enforce or, alternatively, allow for an organized determination of the issues implicated by the Motion to Enforce.

13. Over the course of the next week, the Debtor neither committed to granting Greenbrier an extension to respond to the Motion to Enforce nor rejected the request. On the evening of Thursday, July 1, the Debtor finally rejected Greenbrier's request outright, going so far as to refuse to extend the response deadline by any amount of time even without moving the hearing date.

14. The primary issue to be resolved by the Motion to Enforce is whether the Debtor retains its voting rights as a member of Greenbrier in spite of the provisions in the Delaware LLC statute which terminate a member's right to participate in the management of an LLC upon the member's bankruptcy. Despite the Debtor's disingenuous arguments to the contrary, this issue has been the subject of discussion for over six (6) months, and there is no urgency that would justify depriving Greenbrier of the right to adequately respond to the Motion to Enforce.

15. As will be set forth more fully in Greenbrier's objection to the Motion to Enforce, the rights implicated in the Motion to Enforce are rooted in an analysis of Greenbrier's operating agreement (the "Operating Agreement") and Delaware's Limited Liability Company Act.

16. The Operating Agreement provides that at such a dispute is subject to mandatory arbitration, which Greenbrier intends to invoke by way of a motion for relief from stay ("Greenbrier's Motion for Relief"). The enforceability of the arbitration clause is a threshold issue that will bear on whether the matters set forth in the Debtor's Motion to Enforce should be decided by this Court.

17. Despite Greenbrier's best efforts, the Debtor has refused to reschedule the hearing on its Motion to Enforce to allow for an orderly determination of the enforceability of the arbitration clause prior to the investment of significant time and resources by the parties to this dispute. As a result, Greenbrier submits this request.

18. On July 1, 2010, Debtor's counsel was informed of Greenbrier's intention to file this Motion to Continue. This Motion to Continue will be served on the Debtor's counsel via facsimile and email immediately upon filing.

19. To the extent that a hearing is required to determine the resolution of this Motion to Continue, Greenbrier requests an emergency telephonic hearing at the Court's convenience.

*[Remainder of Page Intentionally Left Blank.]*

WHEREFORE, Greenbrier request that this Court continue the hearing date to consider Debtor's above referenced Motion to Enforce until the August Omnibus hearing on August 18, 2010, and further requests that the deadline for responses to the Motion to Enforce be extended to August 6, 2010 or, in the alternative, grant the Bridge Order attached hereto, thereby granting Greenbrier relief from the purported July 6 response deadline until such time as the Court is available to hold a telephonic hearing or conference to consider this matter further.

Respectfully submitted,

Dated: July 2, 2010             **BUCHANAN INGERSOLL & ROONEY PC**

/s/ Christopher P. Schueller
Christopher P. Schueller
Donald E. Malecki
Zakarij O. Thomas
301 Grant Street, 20th Floor
One Oxford Centre
Pittsburgh, PA  15219
Tel: (412) 562-8800
Fax: (412) 562-1041

Attorneys for Greenbrier Minerals Holdings, LLC