Paul M. Basta
Cindy Chen Delano
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Counsel to CapStar Secaucus LLC
c/o Lehman Brothers Real Estate Partners II, L.P.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS | ) Case No. 08-13555 (JMP) |
| HOLDINGS INC., *et al.,* | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**NOTICE OF WITHDRAWAL OF**
**PROOFS OF CLAIM OF CAPSTAR SECAUCUS LLC**

1.      On or after September 15, 2008, Lehman Brothers Holdings Inc. ("**LBHI**") and certain of its subsidiaries (collectively with LBHI, the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors had set September 22, 2009 as the date by which prepetition claims against them had to be filed.

2.      CapStar Secaucus LLC ("**Claimant**") timely filed a proof of claim against Lehman Brothers Special Financing Inc. ("**LBSF**"), a Debtor in these chapter 11 cases [Claim No. 28848] (the "**LBSF Claim**"), a copy of which is attached hereto as **Exhibit A**, for claims arising out of a confirmation letter dated July 6, 2007 (the "**Interest Rate Hedge Agreement**") entered into with LBSF.  Additionally, Claimant also timely filed a proof of claim against LBHI [Claim No. 34316] (the "**LBHI Claim**," and together with the LBSF Claim, the "**Claims**"), a

copy of which is attached hereto as **<u>Exhibit B</u>**, for claims arising out of LBHI's potential

guarantee of the Interest Rate Hedge Agreement

     3.     Claimant hereby withdraws, without prejudice, the Claims and reserves its right to

re-file the Claims.

Dated: July 2, 2010                   **KIRKLAND & ELLIS LLP**
       New York, New York

                                 /s/ *Paul M. Basta*
                                 Paul M. Basta
                                 Cindy Chen Delano
                                 601 Lexington Avenue
                                 New York, New York  10022
                                 Telephone:    (212) 446-4800
                                 Facsimile:    (212) 446-4900
                                 paul.basta@kirkland.com
                                 cindy.chen@kirkland.com

                                 Counsel to CapStar Secaucus LLC
                                 c/o Lehman Brothers Real Estate Partners II, L.P.

## Exhibit A

**LBSF Claim**

| **United States Bankruptcy Court/Southern District of New York** | | **PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)       0000028848 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Bros. Special Financing Inc. | Case No. of Debtor<br>08-13888 | |

**NOTE:** This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|---|
| CapStar Secaucus LLC c/o Lehman Brothers Real Estate Partners II, L.P. 1271 Avenue of the Americas, 38th Floor New York, New York 10020 Attn: Judy Turchin    Ji Yeong Chu Tel:  212 526-3075 Email: judy.turchin@lehman.com   jichu@lehman.com | (with a copy to) Kirkland & Ellis LLP 601 Lexington Avenue New York, New York 10022 Attn:  Paul M. Basta Attn:  Cindy Y. Chen Tel:  212-446-4800 Email: paul.basta@kirkland.com   cindy.chen@kirkland.com | **Court Claim Number:** _____<br>   (*If known*)<br><br>Filed on: _____ |

| Name and address where payment should be sent (if different from above) | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| CapStar Secaucus LLC c/o Lehman Brothers Brothers Real Estate Partners II, L.P. 1271 Avenue of the Americas, 38th Floor New York, New York  10020 Attn: Judy Turchin, Ji Yeong Chu | ☐ Check this box if you are the debtor or trustee in this case. |
| Telephone number:          Email Address: | |

**1.   Amount of Claim as of Date Case Filed:** $ See attachment _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** See attachment _____
   (See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** ____N/A____
   **3a. Debtor may have scheduled account as:** __N/A__
      (See instruction #3a on reverse side.)

**4.   Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
Describe:  Setoff including on account of claims of the Debtors.
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection:  _____
**Amount of Secured Claim:** $ unknown    **Amount Unsecured:** $_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available please explain:
See attachment and to-be completed online questionnaire

| Date: 9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Rodolpho Amboss*<br>**Rodolpho Amboss**<br>**Authorized Signatory** |
|---|---|

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS | ) Case No. 08-13555 (JMP) |
| HOLDINGS INC., *et al.*, | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ATTACHMENT TO
### PROOF OF CLAIM OF CAPSTAR SECAUCUS LLC

  1.  On or after September 15, 2008 (the "**Petition Date**"), Lehman Brothers

Holdings Inc. ("**LBHI**") and certain of its subsidiaries (collectively with LBHI, the

"**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code. The

Debtors have set September 22, 2009 as the date by which claims against them have to be

filed (the "**Bar Date**").

  2.  This proof of claim (the "**Proof of Claim**") is filed by CapStar Secaucas

LLC ("**Claimant**"). Claimant and Lehman Brothers Special Financing Inc. ("**LBSF**")

are parties to a confirmation dated July 6, 2007 (the "**Interest Rate Hedge Agreement**").

A copy of the Interest Rate Hedge Agreement is annexed hereto as **Exhibit A**. Based on

the foregoing, Claimant asserts an unliquidated claim against LBSF for any amounts due

and owing under the Interest Rate Hedge Agreement.

  3.  The filing of this Proof of Claim does not constitute a concession or

admission by Claimant of liability or of any facts or whether all or a portion of the claims

are prepetition or postpetition in connection with any claim that has been or may be

asserted against Claimant, the Debtors and their estate. Claimant reserves its right to seek

any and all interest that it may be entitled to, including default interest, accrued and

accruing, as well as any and all fees, costs, and expenses that it may seek reimbursement for, including attorneys' fees and any other related expenses.

4.      Claimant has filed this Proof of Claim under compulsion of the Bar Date established in the Debtors' chapter 11 cases and to protect Claimant from forfeiture of its claims against the Debtors by reason of any such bar date.  Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after the Bar Date, in any manner, and/or to file additional proofs of claim for any additional claims that may be based on the same or additional documents or grounds of liability or to assert that such claims are entitled to rights and priorities afforded under sections 365, 503 or 507 of the Bankruptcy Code.

5.      The filing of this Proof of Claim is not and shall not be deemed or construed as:  (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a waiver of the right to compel the Debtors to assume the Interest Rate Hedge Agreement; (c) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (d) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a consent by Claimant to a jury trial in a Bankruptcy Court or any other

2

court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (f) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (g) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving Claimant; or (h) an election of remedies.

6.     All notices regarding this Proof of Claim should be sent to CapStar Secaucus LLC c/o Lehman Brothers Real Estate Partners II, L.P., 1271 Avenue of the Americas, 38th Floor, New York, New York 10020, <u>Attention</u>:  Judy Turchin and Ji Yeong Chu, with a copy to Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, <u>Attention</u>:  Paul M. Basta and Cindy Y. Chen.

K&E 15593267.

## Exhibit A

**Interest Rate Hedge Agreement**

# LEHMAN BROTHERS

**Transaction**

Date:         6 July, 2007

To:           CapStar Secaucus LLC
              Attention:      Documentation Unit

From:         Lehman Brothers Special Financing Inc.
              c/o Lehman Brothers Europe Limited
              Confirmations Group
              Facsimile:      (+1) 646-885-9564 (United States of America)
              Phone:          (+44) 207-102-7661 (United Kingdom) .
              E-Mail:         incomingconfirms@lehman.com

Effort Id:    L1442138
Global Id:    3129715

---

Dear Sir or Madam:

The purpose of this communication (this "Confirmation") is to confirm the terms and conditions of the transaction (the "Transaction") entered into between Lehman Brothers Special Financing Inc. ("Party A") and CapStar Secaucus LLC ("Party B") on the Trade Date specified below. This Confirmation constitutes a "Confirmation" as referred to in the Agreement specified below.

This Confirmation evidences a complete and binding agreement between Party A and Party B as to the terms of the Transaction to which this Confirmation relates. In addition, you and we agree to use all reasonable efforts promptly to negotiate, execute and deliver an agreement in the form of the ISDA Master Agreement (Multicurrency-Cross Border) (the "ISDA Form"), with such modifications as you and we will in good faith agree. Upon the execution by you and us of such an agreement, this Confirmation shall supplement, form a part of, and be subject to that agreement (the "Agreement"). All provisions contained or incorporated by reference in the Agreement, upon its execution, will govern this Confirmation except as expressly modified below. Until we execute and deliver the Agreement, this Confirmation, together with all other documents confirming transactions entered into between us and referring to the ISDA Form, shall supplement, form a part of, and be subject to an agreement in the form of the ISDA Form as if we had executed an agreement in such form (but without any Schedule) on the Trade Date of this Transaction. In the event of any inconsistency between the provisions of that agreement, or the Agreement, when executed, and this Confirmation, this Confirmation will prevail for the purpose of this Transaction.

The definitions and provisions contained in the 2000 ISDA Definitions as published by the International Swaps and Derivatives Association, Inc. (the "Definitions") are incorporated into this Confirmation. In the event of any inconsistency between the Definitions and the terms of this Confirmation, this Confirmation will govern. For the purpose of the Definitions, references herein to a "Transaction" shall be deemed to be references to a "Swap Transaction".

Lehman Brothers Europe Limited ("LBEL") is acting as agent on behalf of Party A for this Transaction. LBEL has no obligations, by guarantee, endorsement or otherwise, with respect to the performance of this Transaction by either party. LBEL is regulated by the Financial Services Authority.

Party A and Party B each represents that entering into the Transaction is within its capacity, is duly authorized and does not violate any laws of its jurisdiction of organization or residence or the terms of any agreement to which it is a party. Party A and Party B each represents that (a) it is not relying on the other party in connection with its decision to enter into this Transaction, and neither party is acting as an

advisor to or fiduciary of the other party in connection with this Transaction regardless of whether the other party provides it with market information or its views; (b) it understands the risks of the Transaction and any legal, regulatory, tax, accounting and economic consequences resulting therefrom; and (c) it has determined based upon its own judgment and upon any advice received from its own professional advisors as it has deemed necessary to consult that entering into the Transaction is appropriate for such party in light of its financial capabilities and objectives. Party A and Party B each represents that upon due execution and delivery of this Confirmation, it will constitute a legally valid and binding obligation, enforceable against it in accordance with its terms, subject to applicable principles of bankruptcy and creditors' rights generally and to equitable principles of general application.

The terms of the particular Transaction to which this Confirmation relates are as follows:

### General Terms:

| | |
|---|---|
| Trade Date: | 20 June, 2007 |
| Effective Date: | 15 July, 2007 |
| Termination Date: | 15 June, 2010 |
| Notional Amount: | USD 24,450,000.00 |

### Fixed Amounts:

| | |
|---|---|
| Fixed Amount Payer: | Party B |
| Fixed Amount Payer Payment Dates: | 22 June, 2007, subject to adjustment in accordance with the Preceding Business Day Convention. |
| Fixed Amount: | USD 113,692.50 |

### Floating Amounts:

| | |
|---|---|
| Floating Amount Payer: | Party A |
| Cap Rate: | 5.75% per annum |
| Floating Rate Option: | USD-LIBOR-BBA |
| Floating Amount Payer initial Calculation Period: | Shall accrue from and including the 15th calendar day of the prior month, to and including 14th calendar day of each month to and including the Termination Date, subject to adjustment in accordance with the Preceding Business Day Convention. |
| Floating Amount Payer Payment Dates: | The 9th calendar day of each month, from and including 9th August 2007 to and including the Termination Date, subject to adjustment in accordance with the Preceding Business Day Convention. |
| Floating Rate Option: | USD-LIBOR-BBA |
| Designated Maturity: | 1 month |
| Spread: | Inapplicable |
| Floating Rate Day Count Fraction: | Actual/360 |
| Reset Dates: | The first day of each Calculation Period |

| | |
|---|---|
| **Business Days:** | New York |
| **Miscellaneous:** | |
| Calculation Agent: | Party A |
| Office: | For the purposes of this Transaction, Party A is not a Multibranch Party, and the Office of Party B is its Head Office. |
| Transfer: | Notwithstanding Section 7 of the Agreement, Party A may assign its rights and obligations under this Transaction, in whole and not in part, to any Affiliate of Lehman Brothers Holdings Inc. ("Holdings") effective upon delivery to Party B of the guarantee by Holdings, in favor of Party B, of the obligations of such Affiliate; provided, however, any provision to the contrary in the Agreement, when executed, shall take precedence over this election. |
| Governing Law: | The laws of the State of New York (without reference to choice of law doctrine); provided, however, any provision to the contrary in the Agreement, when executed, shall take precedence over this election. |
| Termination Currency: | USD; provided, however, any provision to the contrary in the Agreement, when executed, shall take precedence over this election. |

Please confirm your agreement with the foregoing by executing this Confirmation and returning such Confirmation, in its entirety, to us at facsimile number (+1) 646-885-9564 (United States of America), Attention: Confirmations Group.

Yours sincerely,                                    Accepted and agreed to:

**Lehman Brothers Special Financing Inc.**          **CapStar Secaucus LLC**

By:

Name:

Title:

H
A
N
D

D
E
L
I
V
E
R
Y

**FILED / RECEIVED**

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

_A.K_

**RECEIVED BY:**

**DATE**

1:27

**TIME**

## Exhibit B

**LBHI Claim**

| **United States Bankruptcy Court/Southern District of New York** | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                    0000034316

**NOTE:** This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor):

CapStar Secaucus LLC c/o Lehman Brothers          (with a copy to)
Real Estate Partners II, L.P.                              Kirkland & Ellis LLP
1271 Avenue of the Americas, 38th Floor             601 Lexington Avenue
New York, New York 10020                               New York, New York 10022
Attn: Judy Turchin                                         Attn: Paul M. Basta
       Ji Yeong Chu                                           Attn: Cindy Y. Chen
Tel: 212 526-3075                                         Tel: 212-446-4800
Email: judy.turchin@lehman.com                       Email: paul.basta@kirkland.com
         jichu@lehman.com                                            cindy.chen@kirkland.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

CapStar Secaucus LLC c/o Lehman Brothers Real Estate Partners II, L.P.
1271 Avenue of the Americas, 38th Floor
New York, New York 10020
Attn: Judy Turchin, Ji Yeong Chu

Telephone number: _____   Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ __See attachment__

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO GO TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** __See attachment__
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: ___N/A___
   3a. Debtor may have scheduled account as: __N/A__
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
   Describe: __Setoff including on account of claims of the Debtors.__

   Value of Property: $_____   Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____

   Amount of Secured Claim: $ unknown   Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:
__See attachment and to-be completed online questionnaire__

| Date:<br>9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    RACHEL DOSS<br>Authorized Signatory |
|---|---|

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

**FILED / RECEIVED**
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS | ) Case No. 08-13555 (JMP) |
| HOLDINGS INC., *et al.,* | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ATTACHMENT TO
## PROOF OF CLAIM OF CAPSTAR SECAUCUS LLC

1.      On or after September 15, 2008 (the "**Petition Date**"), Lehman Brothers

Holdings Inc. ("**LBHI**") and certain of its subsidiaries (collectively with LBHI, the

"**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The

Debtors have set September 22, 2009 as the date by which claims against them have to be

filed (the "**Bar Date**").

2.      This proof of claim (the "**Proof of Claim**") is filed by CapStar Secaucas

LLC ("**Claimant**").  Claimant and Lehman Brothers Special Financing Inc. ("**LBSF**")

are parties to a confirmation letter dated July 6, 2007 (the "**Interest Rate Hedge**

**Agreement**").  A copy of the Interest Rate Hedge Agreement is annexed hereto as

**Exhibit A**.  Claimant is not certain regarding whether an LBHI guarantee exists with

respect to the Interest Rate Hedge Agreement, and is filing this Proof of Claim to reserve

any and all rights it may have with respect thereto.  Based on the foregoing and in the

abundance of caution, Claimant asserts an unliquidated claim against LBHI, as guarantor

to LBSF for any obligations arising out of the Interest Rate Hedge Agreement, for any

amounts due and owing under the Interest Rate Hedge Agreement.  Claimants intends to

present any relevant information that may be in the Claimant's or the Debtors' possession evidencing such guarantee.

3.     The filing of this Proof of Claim does not constitute a concession or admission by Claimant of liability or of any facts or whether all or a portion of the claims are prepetition or postpetition in connection with any claim that has been or may be asserted against Claimant, the Debtors and their estate. Claimant reserves its right to seek any and all interest that it may be entitled to, including default interest, accrued and accruing, as well as any and all fees, costs, and expenses that it may seek reimbursement for, including attorneys' fees and any other related expenses.

4.     Claimant has filed this Proof of Claim under compulsion of the Bar Date established in the Debtors' chapter 11 cases and to protect Claimant from forfeiture of its claims against the Debtors by reason of any such bar date. Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after the Bar Date, in any manner, and/or to file additional proofs of claim for any additional claims that may be based on the same or additional documents or grounds of liability or to assert that such claims are entitled to rights and priorities afforded under sections 365, 503 or 507 of the Bankruptcy Code.

5.     The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a waiver of the right to compel the Debtors to assume the Interest Rate Hedge Agreement; (c) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any,

2

commenced in any case against or otherwise involving Claimant; (d) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a consent by Claimant to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (f) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (g) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving Claimant; or (h) an election of remedies.

6.      All notices regarding this Proof of Claim should be sent to CapStar Secaucus LLC, c/o Lehman Brothers Real Estate Partners II, L.P., 1271 Avenue of the Americas, 38th Floor, New York, New York 10020, <u>Attention</u>:  Judy Turchin and Ji Yeong Chu, with a copy to Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, <u>Attention</u>:  Paul M. Basta and Cindy Y. Chen.

3

K&E 15596312.

## Exhibit A

**Interest Rate Hedge Agreement**

# LEHMAN BROTHERS

### Transaction

Date:        6 July, 2007

To:          CapStar Secaucus LLC
             Attention:        Documentation Unit

From:        Lehman Brothers Special Financing Inc.
             c/o Lehman Brothers Europe Limited
             Confirmations Group
             Facsimile:       (+1) 646-885-9564 (United States of America)
             Phone:           (+44) 207-102-7661 (United Kingdom) .
             E-Mail:          incomingconfirms@lehman.com

Effort Id:   L1442138
Global Id:   3129715

---

Dear Sir or Madam:

The purpose of this communication (this "Confirmation") is to confirm the terms and conditions of the transaction (the "Transaction") entered into between Lehman Brothers Special Financing Inc. ("Party A") and CapStar Secaucus LLC ("Party B") on the Trade Date specified below. This Confirmation constitutes a "Confirmation" as referred to in the Agreement specified below.

This Confirmation evidences a complete and binding agreement between Party A and Party B as to the terms of the Transaction to which this Confirmation relates. In addition, you and we agree to use all reasonable efforts promptly to negotiate, execute and deliver an agreement in the form of the ISDA Master Agreement (Multicurrency-Cross Border) (the "ISDA Form"), with such modifications as you and we will in good faith agree. Upon the execution by you and us of such an agreement, this Confirmation shall supplement, form a part of, and be subject to that agreement (the "Agreement"). All provisions contained or incorporated by reference in the Agreement, upon its execution, will govern this Confirmation except as expressly modified below. Until we execute and deliver the Agreement, this Confirmation, together with all other documents confirming transactions entered into between us and referring to the ISDA Form, shall supplement, form a part of, and be subject to an agreement in the form of the ISDA Form as if we had executed an agreement in such form (but without any Schedule) on the Trade Date of this Transaction. In the event of any inconsistency between the provisions of that agreement, or the Agreement, when executed, and this Confirmation, this Confirmation will prevail for the purpose of this Transaction.

The definitions and provisions contained in the 2000 ISDA Definitions as published by the International Swaps and Derivatives Association, Inc. (the "Definitions") are incorporated into this Confirmation. In the event of any inconsistency between the Definitions and the terms of this Confirmation, this Confirmation will govern. For the purpose of the Definitions, references herein to a "Transaction" shall be deemed to be references to a "Swap Transaction".

Lehman Brothers Europe Limited ("LBEL") is acting as agent on behalf of Party A for this Transaction. LBEL has no obligations, by guarantee, endorsement or otherwise, with respect to the performance of this Transaction by either party. LBEL is regulated by the Financial Services Authority.

Party A and Party B each represents that entering into the Transaction is within its capacity, is duly authorized and does not violate any laws of its jurisdiction of organization or residence or the terms of any agreement to which it is a party. Party A and Party B each represents that (a) it is not relying on the other party in connection with its decision to enter into this Transaction, and neither party is acting as an

LEHMAN BROTHERS SPECIAL FINANCING INC.
LEHMAN BROTHERS INC.
745 SEVENTH AVENUE, NEW YORK NY 10019

advisor to or fiduciary of the other party in connection with this Transaction regardless of whether the other party provides it with market information or its views; (b) it understands the risks of the Transaction and any legal, regulatory, tax, accounting and economic consequences resulting therefrom; and (c) it has determined based upon its own judgment and upon any advice received from its own professional advisors as it has deemed necessary to consult that entering into the Transaction is appropriate for such party in light of its financial capabilities and objectives. Party A and Party B each represents that upon due execution and delivery of this Confirmation, it will constitute a legally valid and binding obligation, enforceable against it in accordance with its terms, subject to applicable principles of bankruptcy and creditors' rights generally and to equitable principles of general application.

The terms of the particular Transaction to which this Confirmation relates are as follows:

**General Terms:**

| | |
|---|---|
| Trade Date: | 20 June, 2007 |
| Effective Date: | 15 July, 2007 |
| Termination Date: | 15 June, 2010 |
| Notional Amount: | USD 24,450,000.00 |

**Fixed Amounts:**

| | |
|---|---|
| Fixed Amount Payer: | Party B |
| Fixed Amount Payer Payment Dates: | 22 June, 2007, subject to adjustment in accordance with the Preceding Business Day Convention. |
| Fixed Amount: | USD 113,692.50 |

**Floating Amounts:**

| | |
|---|---|
| Floating Amount Payer: | Party A |
| Cap Rate: | 5.75% per annum |
| Floating Rate Option: | USD-LIBOR-BBA |
| Floating Amount Payer initial Calculation Period: | Shall accrue from and including the 15th calendar day of the prior month, to and including 14th calendar day of each month to and including the Termination Date, subject to adjustment in accordance with the Preceding Business Day Convention. |
| Floating Amount Payer Payment Dates: | The 9th calendar day of each month, from and including 9th August 2007 to and including the Termination Date, subject to adjustment in accordance with the Preceding Business Day Convention. |
| Floating Rate Option: | USD-LIBOR-BBA |
| Designated Maturity: | 1 month |
| Spread: | Inapplicable |
| Floating Rate Day Count Fraction: | Actual/360 |
| Reset Dates: | The first day of each Calculation Period |

Risk ID: 1560817L / Effort ID: 1442138 / Global Deal ID: 3129715

**Business Days:**                        New York

**Miscellaneous:**

    Calculation Agent:                    Party A

    Office:                               For the purposes of this Transaction, Party A is not a
                                      Multibranch Party, and the Office of Party B is its
                                      Head Office.

    Transfer:                             Notwithstanding Section 7 of the Agreement, Party A
                                      may assign its rights and obligations under this
                                      Transaction, in whole and not in part, to any Affiliate
                                      of Lehman Brothers Holdings Inc. ("Holdings")
                                      effective upon delivery to Party B of the guarantee by
                                      Holdings, in favor of Party B, of the obligations of
                                      such Affiliate; provided, however, any provision to
                                      the contrary in the Agreement, when executed, shall
                                      take precedence over this election.

    Governing Law:                        The laws of the State of New York (without reference
                                      to choice of law doctrine); provided, however, any
                                      provision to the contrary in the Agreement, when
                                      executed, shall take precedence over this election.

    Termination Currency:                 USD; provided, however, any provision to the
                                      contrary in the Agreement, when executed, shall take
                                      precedence over this election.

Please confirm your agreement with the foregoing by executing this Confirmation and returning such
Confirmation, in its entirety, to us at facsimile number (+1) 646-885-9564 (United States of America),
Attention: Confirmations Group.

Yours sincerely,                      Accepted and agreed to:

**Lehman Brothers Special Financing Inc.**    **CapStar Secaucus LLC**


By: _____
Name:
Title:

Risk ID: 1560817L / Effort ID: 1442138 / Global Deal ID: 3129715

**H
A
N
D**

**D
E
L
I
V
E
R
Y**

**FILED / RECEIVED**

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

_____
**RECEIVED BY:**

_____
**DATE**

1:27

_____
**TIME**