*FULL Transfer of LBHI Claim # 30651*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

### FOR

### LEHMAN BROTHERS TREASURY CO. BV PROGRAM SECURITY

### GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CASPIAN SELECT CREDIT MASTER FUND, LTD.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to such portion of Proof of Claim Number **30651** filed by or on behalf of **Seller's predecessor in title** ("Predecessor") (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") (such Purchased Portion was transferred by Predecessor to Seller on 29 March 2010 as evidenced in the Agreement and Evidence of Transfer of Claim between the Predecessor and the Seller as set forth in docket 7934 in the Proceedings) against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

DB Ref 4627(11)

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of July 2010.

| DEUTSCHE BANK AG, LONDON BRANCH | CASPIAN SELECT CREDIT MASTER FUND, LTD. |
|---|---|
| By: _____<br>Name: Ross Miller<br>Title: Director<br><br>By: _____<br>Name: Anil Das<br>Title: Director<br><br>Winchester House<br>1, Great Winchester Street<br>London EC2N 2DB<br>ENGLAND<br>Attn: Michael Sutton | By: _____<br>Name:<br>Title:<br><br>500 Mamaroneck Avenue<br>Harrison, NY 10528<br>Attn: Sean McCahill<br>Tel. (914) 798-4222<br>Fax (914) 462-3586<br>Email: smccahill@marinercapital.com |

DB Ref 4627(11)

Schedule 1

Transferred Claims

Purchased Portion

100% of the Proof of Claim (as attached at Schedule 2) filed in an amount of USD 1,090,950.14 in respect of the below securities.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| MTN4895 | AU300LBTC029 | 6016429 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,085,891.00 | FRN | 24/08/201 | USD 5,059.14 |

DB Ref 4627(11)

Schedule 2

Copy of Proof of Claim 30651

DB Ref 4627(11)

*FULL Transfer of LBHI Claim # 30652*
*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

FOR

LEHMAN BROTHERS TREASURY CO. BV PROGRAM SECURITY

GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CASPIAN SELECT CREDIT MASTER FUND, LTD.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to such portion of Proof of Claim Number 30652 filed by or on behalf of **Seller's predecessor in title** ("Predecessor") (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") (such Purchased Portion was transferred by Predecessor to Seller on 29 March 2010 as evidenced in the Agreement and Evidence of Transfer of Claim between the Predecessor and the Seller as set forth in docket 7934 in the Proceedings) against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

DB Ref 4627(12)

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of _____ 2010.

| DEUTSCHE BANK AG, LONDON BRANCH | CASPIAN SELECT CREDIT MASTER FUND, LTD. |
|---|---|
| By: _____ Name: Ross Miller Title: Director | By: _____ Name: Title: |
| By: _____ Name: Anil Das Title: Director | |
| Winchester House 1, Great Winchester Street London EC2N 2DB ENGLAND Attn: Michael Sutton | 500 Mamaroneck Avenue Harrison, NY 10528 Attn: Sean McCahill Tel. (914) 798-4222 Fax (914) 462-3586 Email: smccahill@marinercapital.com |

DB Ref 4627(12)

Schedule 1

Transferred Claims

Purchased Portion

100% of the Proof of Claim (as attached at Schedule 2) filed in an amount of USD 437,153.24 in respect of the below securities.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| MTN4895 | AU300LBTC029 | 6016429 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 435,126.00 | FRN | 24/08/2011 | USD 2,027.24 |

DB Ref 4627(12)

Schedule 2

Copy of Proof of Claim 30652

DB Ref 4627(12)

*FULL Transfer of LBHI Claim # 30653*
*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

FOR

LEHMAN BROTHERS TREASURY CO. BV PROGRAM SECURITY

GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CASPIAN SELECT CREDIT MASTER FUND, LTD.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to such portion of Proof of Claim Number 30653 filed by or on behalf of **Seller's predecessor in title** ("Predecessor") (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") (such Purchased Portion was transferred by Predecessor to Seller on 29 March 2010 as evidenced in the Agreement and Evidence of Transfer of Claim between the Predecessor and the Seller as set forth in docket 7934 in the Proceedings) against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

DB Ref 4627(13)

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of \_\_\_ 2010.

| DEUTSCHE BANK AG, LONDON BRANCH | CASPIAN SELECT CREDIT MASTER FUND, LTD. |
|---|---|
| By: _____<br>Name: Ross Miller<br>Title: Director<br><br>By: _____<br>Name: Anil Das<br>Title: Director<br><br>Winchester House<br>1, Great Winchester Street<br>London EC2N 2DB<br>ENGLAND<br>Attn: Michael Sutton | By: _____<br>Name: _____<br>Title: _____<br><br>500 Mamaroneck Avenue<br>Harrison, NY 10528<br>Attn: Sean McCahill<br>Tel. (914) 798-4222<br>Fax (914) 462-3586<br>Email: smccahill@marinercapital.com |

DB Ref 4627(13)

Schedule 1

Transferred Claims

Purchased Portion

100% of the Proof of Claim (as attached at Schedule 2) filed in an amount of USD 1,555,183.96 in respect of the below securities.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| MTN4895 | AU300LBTC029 | 6016429 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,547,972.00 | FRN | 24/08/2011 | USD 7,211.96 |

DB Ref 4627(13)

Schedule 2

Copy of Proof of Claim 30653

DB Ref 4627(13)

*FULL Transfer of LBHI Claim # 30655*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

### FOR

### LEHMAN BROTHERS TREASURY CO. BV PROGRAM SECURITY

### GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CASPIAN SELECT CREDIT MASTER FUND, LTD.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to such portion of Proof of Claim Number 30655 filed by or on behalf of Seller's predecessor in title ("Predecessor") (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") (such Purchased Portion was transferred by Predecessor to Seller on 29 March 2010 as evidenced in the Agreement and Evidence of Transfer of Claim between the Predecessor and the Seller as set forth in docket 7933 in the Proceedings) against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

DB Ref 4627(15)

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of Jul 2010.

DEUTSCHE BANK AG, LONDON BRANCH

By: _____
Name: Ross Miller
Title: Director

By: _____
Name: Anil Das
Title: Director

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

CASPIAN SELECT CREDIT MASTER FUND, LTD.

By: _____
Name:
Title:

500 Mamaroneck Avenue
Harrison, NY 10528
Attn: Sean McCahill
Tel. (914) 798-4222
Fax (914) 462-3586
Email: smccahill@marinercapital.com

DB Ref 4627(15)

Schedule 1

Transferred Claims

Purchased Portion

100% of the Proof of Claim (as attached at Schedule 2) filed in an amount of USD 1,110,292.84 in respect of the below securities.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| MTN4895 | AU300LBTC029 | 6016429 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,105,144.00 | FRN | 24/08/2011 | USD 5,148.84 |

Schedule 1-1

DB Ref 4627(15)

Schedule 2

Copy of Proof of Claim 30655

Schedule 1-1

DB Ref 4627(15)

*FULL Transfer of LBHI Claim # 30657*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

## FOR

## LEHMAN BROTHERS TREASURY CO. BV PROGRAM SECURITY

## GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CASPIAN SELECT CREDIT MASTER FUND, LTD.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to such portion of Proof of Claim Number 30657 filed by or on behalf of **Seller's predecessor in title** ("Predecessor") (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") (such Purchased Portion was transferred by Predecessor to Seller on 29 March 2010 as evidenced in the Agreement and Evidence of Transfer of Claim between the Predecessor and the Seller as set forth in docket 7933 in the Proceedings) against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.  Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

DB Ref 4618(16)

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of July 2010.

DEUTSCHE BANK AG, LONDON BRANCH

By: _____
Name:
Title: Ross Miller, Director

By: _____
Name:
Title: Anil Das, Director

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

CASPIAN SELECT CREDIT MASTER FUND, LTD.

By: _____
Name:
Title:

500 Mamaroneck Avenue
Harrison, NY 10528
Attn: Sean McCahill
Tel. (914) 798-4222
Fax (914) 462-3586
Email: smccahill@marinercapital.com

DB Ref 4627(16)

Schedule 1

Transferred Claims

Purchased Portion

100% of the Proof of Claim (as attached at Schedule 2) filed in an amount of USD 2,267,008.96 in respect of the below securities.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| MTN4895 | AU300LBTC029 | 6016429 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,256,496.00 | FRN | 24/08/2011 | USD 10,512.96 |

DB Ref 4627(16)

Schedule 2

Copy of Proof of Claim 30657

DB Ref 4627(16)