Hearing Date: July 14, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
:
In re:                                                       :   Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :   08-13555 (JMP)
:
                                              Debtors.       :   (Jointly Administered)
:
------------------------------------------------------------ x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN DEBTORS' OBJECTION TO THE MOTION OF THE
CHAPTER 11 TRUSTEE OF THE SUNCAL MASTER DEBTORS FOR
AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors") hereby joins (the "Joinder") in the Debtors' objection, filed on July 9, 2010 (the "Objection") [Docket No. 10106], to the motion (the "Motion") [Docket No. 9642] of the trustee of the SunCal Master Debtors (the "SunCal Trustee")[1] for an order granting relief from the automatic stay in the Debtors' chapter 11 cases (the "Chapter 11 Cases") pursuant to section 362 of title 11 of the United States Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and in support thereof, respectfully states as follows:

---

[1] Capitalized terms not otherwise defined or noted herein shall have the meanings ascribed to them in the Motion.

## JOINDER

1.  The Committee joins in the Objection to the relief sought in the Motion for all the reasons set forth in the Objection, including, without limitation, on the grounds that the SunCal Trustee has failed to demonstrate that the automatic stay should be lifted pursuant to the factors enunciated by the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280 (2d Cir. 1990). In particular, the SunCal Trustee neglects the undeniable fact that because LCPI is a first lien lender and economic owner of the Properties, there exists an unavoidable connection to the Chapter 11 Cases, which directly affects the recoveries by the Debtors' creditors. Moreover, the balance of harms weighs in favor of denying the requested relief because the party most likely to be harmed by lifting the stay and allowing the SunCal Trustee to file his draft complaint is LCPI — the single largest creditor in the SunCal Master Debtors' chapter 11 cases.

2.  Additionally, the interest of judicial economy strongly weighs in favor of denying the Motion. First, despite the fact that for nearly a year the SunCal Master Debtors and LCPI were on the verge of a consensual settlement, the SunCal Trustee now seeks to file a complaint against LCPI that will result in full-fledged litigation before the California Bankruptcy Court, as opposed to resolving the few issues that remain with respect to the term sheet for the proposed settlement. Second, the SunCal Trustee admits in the Motion that neither the SunCal Master Debtors, nor LCPI are currently ready to begin litigating the claims identified in the complaint. Third, nearly all of the issues presented in the Motion overlap with those present in a dispute between LCPI and other affiliates of the SunCal Master Debtors (the "Affiliated SunCal Debtors").

3. More specifically, the Ninth Circuit Court of Appeals is currently considering whether the automatic stay applies to equitable subordination claims against certain of the Debtors in <u>In re Palmdale Hills Property, LLC</u>, Case 09-17206 (the "<u>Ninth Circuit Appeal</u>"). While the SunCal Trustee does not represent the Affiliated SunCal Debtors, the issues presented in the Ninth Circuit Appeal are substantively similar to the issues that will inevitably arise as a result of lifting the stay and allowing the SunCal Trustee to file his complaint against LCPI. Preserving the *status quo* by denying the requested relief will save the Debtors' estates' resources that would otherwise be expended in defending a complaint that might be mooted by the Ninth Circuit Appeal.

4. The Committee parts ways with the Debtors to the extent that the Objection requests that, in the event the Court believes relief from stay is necessary, the automatic stay should be modified only to the extent necessary to permit the SunCal Trustee to file the Sale Motion (as defined in the Objection). In light of the fact that (i) there are currently no disclosed offers to purchase the Properties; and (ii) the form of the asset purchase agreement and the bidding procedures have not yet been finalized by the SunCal Trustee, the Committee believes that it is premature for the Court to grant relief from the automatic stay for the purpose of filing the Sale Motion. Once a stalking horse bidder has been identified, an asset purchase agreement signed, and a full agreement reached on bidding procedures, the SunCal Trustee can return to the Court and request the appropriate relief, potentially with the support of the Debtors and the Committee.

WHEREFORE, the Committee respectfully requests that the Court (i) deny the Motion; (ii) grant the relief requested in the Objection, with the exception of the

3

request for limited relief for the purpose of filing the Sale Motion; and (iii) grant the

Committee such other relief as is just.

Dated: New York, New York
July 9, 2010

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.