WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                    :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
:
Debtors.                               :    **(Jointly Administered)**
:
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING DEBTORS' MOTION FOR AUTHORIZATION TO REJECT CERTAIN DERIVATIVE CONTRACTS SCHEDULED FOR HEARING ON JULY 14, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Special Financing Inc and Lehman Brothers Commodities Services Inc., as debtors and debtors in possession, together with Lehman Brothers Holdings Inc. and their affiliated debtors in the above-referenced chapter 11 cases (collectively,

the "Debtors"), filed the Motion for Authorization to Reject Certain Derivative Contracts (the "Motion") with this Court on June 29, 2010.  [Docket No. 9915].

    2.  In accordance with the Amended Case Management Order, July 7, 2010 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline").  The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

    3.  The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel.

    4.  Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order annexed hereto as Exhibit A and unmodified since the filing of the Motion, be entered in accordance with the procedures described in the Amended Case Management Order.

    I declare that the foregoing is true and correct.

Dated: July 12, 2010
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 9915)**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                                          :    Chapter 11 Case No.
                                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                                    :
                                        Debtors.                    :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING MOTION FOR AUTHORIZATION
TO REJECT CERTAIN DERIVATIVES CONTRACTS**

Upon the motion dated June 29, 2010 (the "Motion") of Lehman Brothers Special Financing Inc. and Lehman Brothers Commodities Services Inc., as debtors and debtors-in-possession, together with Lehman Brothers Holdings Inc. and their affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors") pursuant to sections 365(a) and 562(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Debtors' rejection of the derivative contracts listed on Exhibit A annexed hereto, including the identified master agreements and all transactions entered into under such master agreements (the "Derivative Contracts"), to be effective as of the date of entry of an order approving this Motion, and (ii) approving procedures for any claims that may be asserted against the Debtors as a result of such rejection, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered

June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each counterparty to the Derivative Contracts (each a "Counterparty" and collectively, the "Counterparties"); and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Derivative Contracts are hereby rejected; and it is further

ORDERED that, pursuant to section 562(a) of the Bankruptcy Code, any claim for damages arising as a result of the Debtors' rejection of the Derivative Contracts shall be determined as of the date of this Order; and it is further

ORDERED that the Debtors shall have the option to deliver to each Counterparty within ten (10) business days of the date hereof a statement that describes in reasonable detail the calculations used to determine the damages arising under the applicable Derivative Contract as a result of the Debtors' rejection (the "Damages Calculation"); and it is further

ORDERED that if the Debtors do not deliver a Damages Calculation within ten (10) days of the date hereof or a Counterparty disputes the amount of damages set forth in the

Damages Calculation, such Counterparty shall be required to file a proof of claim in compliance with the terms of the Bar Date Order[1], including the requirement to complete a Derivative Questionnaire and, if applicable, a Guarantee Questionnaire (as such terms are defined in the Bar Date Order), for damages arising under the Derivative Contract by no later than thirty (30) days after the date hereof; provided, however, that if a Counterparty has already timely filed a proof of claim in compliance with the Bar Date Order for damages arising under such Derivative Contract, such Counterparty does not need to file an additional proof of claim to dispute the amount of the damages set forth in the Damages Calculation or in the event that the Debtors do not deliver a Damages Calculation; and it is further

ORDERED that if a Counterparty (a) timely filed a proof of claim in accordance with the Bar Date Order or (b) timely files a proof of claim no later than thirty (30) days from the date hereof, then (i) such Counterparty and the Debtors will each have the ability to assert all rights in respect of claims arising under the applicable Derivative Contract and (ii) any party in interest will have the right to object to such proofs of claim arising under the Derivative Contract; and it is further

ORDERED that if the Debtors timely deliver a Damages Calculation and a Counterparty does not timely file, or has not already timely filed, a proof of claim in compliance with the terms established by the Bar Date Order for damages arising under the Derivative Contract, then such Counterparty will be deemed to have an allowed general unsecured claim against (i) the Debtor party to such Derivative Contract and (ii) LBHI if, and only if, LBHI acted as a creditor support provider for the payment obligations of such Debtor party under the

---

[1] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof, and Approving the Proof of Claim Form, entered on July 2, 2009 [Docket No. 4271] (the "Bar Date Order").

Derivative Contract in the amount set forth in the Damages Calculation delivered to the Counterparty by the Debtors (subject to the treatment of such claims under a confirmed chapter 11 plan for the Debtors), and the Counterparty will have no right to assert any other claims or claim amounts under the Derivative Contract against any Debtor; and it is further

ORDERED that if the Debtors do not timely deliver a Damages Calculation and a Counterparty did not timely file a proof of claim in accordance with the Bar Date Order and does not timely file a proof of claim in compliance with the terms of the Bar Date Order no later than thirty (30) days from the date hereof, then such Counterparty will not be allowed any claim against the Debtors in respect of the Derivative Contract; and it if further

ORDERED that, pursuant to Bankruptcy Rules 6006(g) and 9014, the rejection by the Debtors of each Derivative Contract constitutes a separate contested matter, and any objection, stay or appeal with respect to a particular Derivative Contract or Derivative Contracts shall not affect the applicability or finality of this Order with respect to the other Derivative Contracts covered hereby; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July __, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**(Schedule of Derivative Contracts)**

US_ACTIVE:\43444616\01\58399.0003

| | Counterparty (CP ID) | Counterparty Address | Agreement[1] | General Description | Maturity Date(s)[2] | Debtor |
|---|---|---|---|---|---|---|
| 1 | Bisgaier Family LLC | Bisgaier Family LLC 3605 Tanglewood Drive Ann Arbor, MI 48105-9534 | Confirmation, dated July 14, 2008, between Counterparty and LBCS (incorporated 1992 ISDA Master Agreement) | Commodity basket option transaction | July 21, 2011 | LBCS |
| 2 | Roger Newton and Coco Newton JTWRS (111307NEWTLBCS) | Roger Newton and Coco Newton JTWRS 3672 Prospect Rd. Ann Arbor, MI 48105-9534 | Confirmation, dated July 14, 2008, between Counterparty and LBCS (incorporates 1992 ISDA Master Agreement) | Commodity basket option transaction | July 21, 2011 | LBCS |
| 3 | Spectrum Investment Partners International Ltd. (080907SPECLBSF) | Spectrum Investment Partners International Ltd. Attn: Jeffrey A. Schaffer c/o Spectrum Group Management LLC 1250 Broadway, Suite 810 New York, NY 10001 | 1992 ISDA Master Agreement, dated August 1, 2007, between Counterparty and LBSF | Mortgage-backed securities index credit derivative transactions | March 15, 2049 December 13, 2049 | LBSF |
| 4 | Spectrum Investment Partners LP (032106SPECLBSF) | Spectrum Investments Partners Attn: Stephen C. Jacobs, General Counsel and COO c/o Spectrum Group Management LLC 1250 Broadway, Suite 810 New York, NY 10001 | 1992 ISDA Master Agreement, dated February 10, 2006, between Counterparty and LBSF | Mortgage-backed securities index credit derivative transactions | March 13, 2049 March 15, 2049 | LBSF |
| 5 | The Esperance Family Foundation (111307THEELBCS) | The Esperance Family Foundation 3672 Prospect Rd. Ann Arbor, MI 48105-9534 | Confirmation, dated July 14, 2008, between Counterparty and LBCS (incorporates 1992 ISDA Master Agreement) | Commodity basket option transaction | July 21, 2011 | LBCS |

---

[1] To the extent a master agreement is listed on this schedule, the Debtors are rejecting all transactions under such master agreement.

[2] The maturity date is for various trades under the ISDA Master Agreement that are typically documented individually. Maturity dates are provided for informational purposes only. Any inadvertent failure to include a maturity date for a particular transaction should not be construed as a determination by the Debtors to exclude such transaction from rejection.