Hearing Date and Time: July 14, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :    08-13555 (JMP)
                                                                   :
                            Debtors.                               :    (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

### STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF MOTION OF LEHMAN COMMERCIAL PAPER INC. PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE FOR AN ORDER ENFORCING AUTOMATIC STAY

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement (the "Statement") in support of the motion of Debtor Lehman Commercial Paper Inc. ("LCPI"), dated June 22, 2010 [Docket No. 9729] (the "Motion"),[1] pursuant to sections 105(a) and 362 of title 11 of the Unites States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), to enforce the automatic stay against Greenbrier Minerals Holdings, LLC ("Greenbrier").

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

**BACKGROUND**

1. On May 29, 2010, more than 18 months after LCPI's bankruptcy filing, Greenbrier attempted, for the first time, to declare that LCPI no longer held the Membership Interests.[2] Accordingly, on June 22, 2010, LCPI filed the Motion, seeking an order enforcing the automatic stay against Greenbrier. On July 8, 2010, Greenbrier filed its objection to the Motion [Docket No. 10093] (the "Objection"). LCPI filed a reply to the Objection on July 12, 2010 [Docket No. 10131] (the "Reply").

**STATEMENT**

2. The Committee fully supports LCPI's request for the relief sought in the Motion because Greenbrier's actions constitute a clear violation of the automatic stay. Not only was the disposition of the Membership Interests in the event of a member's bankruptcy governed by the Operating Agreement, rather than the Delaware LLC Act, the Committee also believes that any Delaware LLC Act provisions that may have terminated the Membership Interests outside of bankruptcy are unenforceable after LCPI's chapter 11 fling in light of explicit Bankruptcy Code provisions. Most importantly, allowing Greenbrier to continue asserting that the Board is without authority to act unreasonably jeopardizes Greenbrier and, thus, the value of LCPI's Membership Interests.

3. In addition to the reasons set forth in the Motion and the Reply, the relief requested by LCPI should be granted because, even without section 9.7(a) of the Operating Agreement, section 18-304 of the Delaware LLC Act is unenforceable in bankruptcy. See, e.g.,

---

[2] Notwithstanding Greenbrier's contentions, the Operating Agreement defines and treats economic and voting rights together. See Operating Agreement, at 8 ("'Membership Interest' means, as to each Member, *all of the interest* of such Member in the Company, including such Member's (i) right to an allocable share of the income, gain, losses, and deductions of the Company in accordance herewith, (ii) right to a distributive share of the Company's assets, (iii) obligations as a Member, and (iv) rights with respect to the management of the business and affairs of the Company, if any, including any voting rights as may be provided in this Agreement." (emphasis added)).

2

In re Daugherty Constr., Inc., 188 B.R. 607, 611 (Bankr. D. Neb. 1995) (finding that provisions of Nebraska's LLC act dissolving an LLC upon a member's bankruptcy filing to be "not enforceable because they are in conflict with specific provisions of the Bankruptcy Code"). Here, sections 363(l) and 541(c) of the Bankruptcy Code preempt application of section 18-304 of the Delaware LLC Act.

4.   Section 541(c) of the Bankruptcy Code states that an interest of the debtor in property (such as the Membership Interests) is property of the estate "notwithstanding any provision in . . . applicable non-bankruptcy law . . . that is conditioned on the insolvency . . . of the debtor, on the commencement of a case under [the Bankruptcy Code] . . . and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property." 11 U.S.C. § 541(c). Similarly, section 363(l) states that the debtor may use, sell or lease property of its estate "notwithstanding any provision in . . . applicable law that is conditioned on the insolvency . . . of the debtor [or] on the commencement of a case under [the Bankruptcy Code] concerning the debtor . . . and that effects, or gives an option to effect, a forfeiture, modification, or termination of the debtor's interest in such property." 11 U.S.C. § 363(l).

5.   Thus, on LCPI's petition date, the Membership Interests became property of its estate, notwithstanding any provisions in the Delaware LLC Act, which LCPI is free to use, sell, or lease.[3] Greenbrier's efforts to preclude LCPI from exercising its Membership Interests

---

[3]   Even accepting as true (which the Committee does not) Greenbrier's assertion of the applicability of section 365(e)(2) of the Bankruptcy Code to the Operating Agreement, Greenbrier's failure to invoke section 18-304 of the Delaware LLC Act for more than 18 months should be treated as consent under section 365(e)(2) of the Bankruptcy Code, and Greenbrier should be estopped from denying such consent. Even if Mr. Karis's similar assertion in December 2009 could be imputed to Greenbrier, such an act still was more than a year after LCPI's chapter 11 filing.

3

clearly constitute an "act . . . to exercise control over property of the estate" and, as such, is stayed.  11 U.S.C. § 362(a)(2).

**WHEREFORE**, the Committee respectfully requests that the Court (i) grant the Motion, (ii) deny the Objection, and (iii) grant the Committee such other relief as is just and proper.

**Dated:** New York, New York
July 12, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.