| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | SATTERLEE STEPHENS BURKE & BURKE LLP |
| 767 Fifth Avenue | 230 Park Avenue, Suite 1130 |
| New York, New York 10153 | New York, New York 10169 |
| Telephone: (212) 310-8000 | Telephone: (212) 818-9200 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 818-9606 |
| John Strasburger | Christopher R. Belmonte |
| Jacqueline Marcus | Abigail Snow |
| | |
| Attorneys for Debtors | Attorneys for Latshaw Drilling Company, LLC and |
| and Debtors in Possession | Latshaw Drilling & Exploration Company |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                    :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
:
Debtors.                        :    (Jointly Administered)
:
------------------------------------------------------------------x

**STIPULATION AND ORDER AMONG LEHMAN COMMERCIAL PAPER**
**INC., LATSHAW DRILLING COMPANY, LLC AND LATSHAW DRILLING &**
**EXPLORATION COMPANY PROVIDING RELIEF FROM THE AUTOMATIC STAY**

Lehman Commercial Paper, Inc. ("LCPI"), on the one hand, and Latshaw Drilling Company, LLC and Latshaw Drilling & Exploration Company (together "Latshaw," and collectively with LCPI, the "Parties" and each a "Party"), on the other hand, hereby enter into this stipulation and order (the "Stipulation and Order") and agree, as follows:

**RECITALS:**

A. Commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Lehman Debtors") commenced voluntary cases (the "Lehman Bankruptcy Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the

Southern District of New York (the "New York Bankruptcy Court"). LCPI commenced its voluntary chapter 11 case in the New York Bankruptcy Court on October 5, 2008.

  B. On November 11, 2009, Latshaw filed voluntary petitions for relief (the "Latshaw Bankruptcy Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Oklahoma (the "Oklahoma Bankruptcy Court"), which are being jointly administered under case number 09-13572-R. Latshaw continues to operate its business as a debtor and debtor in possession.

  C. On September 22, 2009, prior to commencing the Latshaw Bankruptcy Cases, Latshaw filed a proof of claim against LCPI in the Lehman Bankruptcy Cases in the amount of $18,090,000.00 (Claim No. 18346) (the "Original Latshaw Claim"). On January 22, 2010, LCPI filed an objection to the Original Latshaw Claim [Docket No. 6729] (the "LCPI Objection"). Subsequently, the Parties each filed various responsive pleadings in connection with the LCPI Objection to the Original Latshaw Claim. On February 25, 2010, Latshaw filed an amended proof of claim (Claim No. 66324) (the "Amended Latshaw Claim").

  D. On February 16, 2010, LCPI filed proofs of claim against Latshaw in the Latshaw Bankruptcy Cases for not less than $45,847,390.21 (the "LCPI Claims"). On February 24, 2010, Latshaw filed an objection to the LCPI Claims in the Oklahoma Bankruptcy Court (the "Latshaw Objection"). Subsequently, the Parties each filed various responsive pleadings in connection with the Latshaw Objection to the LCPI Claims.

  E. On April 14, 2010, a hearing was held before the New York Bankruptcy Court on the LCPI Objection to the Amended Latshaw Claim, at which the New York Bankruptcy Court ruled that Latshaw would be permitted to withdraw the Amended Latshaw

2

Claim without prejudice to either Latshaw or LCPI. On April 27, 2010, the New York Bankruptcy Court entered an order reflecting its ruling [Docket No. 8666] (the "Order").

   F. On June 3, 2010, the Oklahoma Bankruptcy Court entered a Settlement Conference Order scheduling a settlement conference for July 8, 2010, on the Latshaw Objection before the Honorable Clare V. Eagan, Chief Judge of the United States District Court for the Northern District of Oklahoma.

   G. On June 4, 2010, the Oklahoma Bankruptcy Court entered a Scheduling Order with respect to the Latshaw Objection, setting a discovery schedule culminating in a trial scheduled to begin on October 18, 2010.

   H. On June 11, 2010, the Oklahoma Bankruptcy Court held a telephonic hearing at which the Oklahoma Bankruptcy Court requested that the Parties obtain an order from the New York Bankruptcy Court modifying the automatic stay pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") in the Lehman Bankruptcy Cases to the extent necessary to permit the resolution of the Latshaw Objection, whether through settlement by the parties or through litigation to final resolution in the Latshaw Bankruptcy Cases.

   I. In light of the foregoing, and to the extent that the Automatic Stay in the Lehman Bankruptcy Cases is applicable to the resolution of the Latshaw Objection in the Oklahoma Bankruptcy Court, the Parties have agreed, subject to approval of the New York Bankruptcy Court, to modify the Automatic Stay for the limited purpose of permitting the resolution of the Latshaw Objection in the Oklahoma Bankruptcy Court.

   **NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY**

**STIPULATED AND AGREED BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, THAT:**

1. Upon the approval of this Stipulation and Order by the New York Bankruptcy Court, the Automatic Stay in the Lehman Bankruptcy Cases is hereby modified for the limited purpose of permitting the Latshaw Objection to be heard and adjudicated in the Oklahoma Bankruptcy Court and to permit the Oklahoma Bankruptcy Court to enter such orders as it deems necessary with respect to the resolution of the Latshaw Objection including, but not limited to, an order finally resolving the rights of the Parties with respect to the LCPI Claims and Latshaw's defenses thereto, or an order approving settlement of the Latshaw Objection between the Parties; provided however, that (i) any order or determination by the Oklahoma Bankruptcy Court of (a) the solvency of LCPI at any point in time and/or (b) the admissibility or evidentiary effect of the report of the examiner appointed in the Lehman Bankruptcy Cases shall have no binding, persuasive, or collateral estoppel effect on the New York Bankruptcy Court for any other matters, (ii) any settlement of the Latshaw Objection among the Parties shall also be subject to approval by the New York Bankruptcy Court, and (iii) any relief which may be granted to Latshaw by the Oklahoma Bankruptcy Court shall be limited solely to a determination of the LCPI Claims against Latshaw in the Latshaw Bankruptcy Cases and no affirmative claim, relief or recovery shall be afforded to Latshaw against the Lehman Debtors.

2. This Stipulation and Order shall have no force or effect unless and until it is approved by the New York Bankruptcy Court.

3. This Stipulation and Order can be amended, superseded, terminated, or otherwise modified only by a signed writing executed by the Parties or by further order of the New York Bankruptcy Court.

4. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

5. Each person who executes this Stipulation and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

6. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

7. This Stipulation and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

8. The New York Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies relating to the interpretation or implementation of this Stipulation and Order.

Dated: June 22, 2010
      New York, New York

| **WEIL, GOTSHAL & MANGES LLP** | **SATTERLEE STEPHENS BURKE & BURKE LLP** |
|---|---|
| /s/ Jacqueline Marcus | /s/ Christopher R. Belmonte |
| John Strasburger | Christopher R. Belmonte |
| Jacqueline Marcus | Abigail Snow |
| 767 Fifth Avenue | 230 Park Avenue, Suite 1130 |
| New York, New York 10153 | New York, New York 10169 |
| Telephone: (212) 310-8000 | Telephone: (212) 818-9200 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 818-9606 |
| | |
| Attorneys for Debtors and Debtors in Possession | Attorneys for Latshaw Drilling Company, LLC and Latshaw Drilling & Exploration Company |

**SO ORDERED:**

Dated: New York, New York
      July 13, 2010

                             *s/ James M. Peck*
                             UNITED STATES BANKRUPTCY JUDGE