UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                      :

In re                                                     :            Chapter 11 Case No.
                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :            08-13555 (JMP)
                                                      :
                    Debtors.                        :            (Jointly Administered)
                                                      :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6004 AUTHORIZING THE
SALE OF LEHMAN BROTHERS HOLDINGS INC.'S LIMITED
PARTNERSHIP INTEREST IN NEW SILK ROUTE PE ASIA FUND, L.P.**

Upon the motion, dated June 18, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to sell its limited partnership interest (the "Interest") in New Silk Route PE Asia Fund, L.P. (the "Fund") to Berkeley Investment Ltd. ("Berkeley") pursuant to the Agreement, attached to the Motion as Exhibit A; and upon the declaration of Christopher Mosher in support of the Motion (the "Declaration") [Docket No. 9714]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of LBHI and its estate and creditors; and the Court having reviewed the Motion and the Declaration; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion and any objection thereto; and the Court having determined that the legal and factual bases set forth in the Motion and in the record of the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that any objection to the Motion, to the extent not withdrawn, is hereby overruled; and it is further

ORDERED that the Motion is GRANTED; and it is further

ORDERED that LBHI is authorized but not directed, pursuant to sections 363(b) of the Bankruptcy Code to enter into the Agreement and consummate the transactions contemplated therein and perform all obligations thereunder and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Agreement; and it is further

ORDERED that the assignment and sale of the Interest to Berkeley in accordance with the Agreement is a good-faith transaction and Berkeley is entitled to the protections afforded under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the terms and provisions of the Agreement and this Order shall be binding in all respects upon, and shall survive and shall inure to the benefit of LBHI, its estate, any trustee under any chapter of the Bankruptcy Code, Berkeley and its affiliates, successors and permitted assigns, and any affected third parties, notwithstanding any subsequent

dismissal or conversion of this case or the appointment of a trustee under any chapter of the Bankruptcy Code, and it is further

ORDERED that any omission of any particular provision of the Agreement from this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety, and it is further

ORDERED that this Court retains exclusive jurisdiction over any and all disputes arising under or otherwise relating to the construction, performance, and enforcement of the terms and provisions of the Agreement and this Order.

Dated: New York, New York
July 15, 2010

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE