UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
-----------------------------------------------------------------x

### ORDER GRANTING LBHI'S MOTION, PURSUANT TO SECTIONS 105(a), 363(b)(1) AND 363(f) OF THE BANKRUPTCY CODE AND RULE 6004(h) OF THE BANKRUPTCY RULES, FOR AUTHORIZATION TO TRANSFER CERTAIN MORTGAGE SERVICING RIGHTS TO AURORA BANK FSB

Upon the motion, dated June 23, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a), 363(b)(1) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to transfer certain of its mortgage servicing rights on a portfolio of Federal National Mortgage Association ("Fannie Mae") sponsored loans (the "Designated Fannie Mae MSRs") free and clear of any liens, claims or interests in such assets to Aurora Bank FSB (the "Bank"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held on July 14, 2010 to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

> ORDERED that any objection to the Motion, to the extent not withdrawn, is hereby overruled; and it is further

> ORDERED that the Motion is granted; and it is further

> ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBHI is authorized to transfer the Designated Fannie Mae MSRs to the Bank; and it is further

> ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the Bank shall take title to and possession of LBHI's interest in the Designated Fannie Mae MSRs free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever; and it is further

ORDERED that nothing herein shall prejudice, impair or be construed as a waiver of any claims asserted by Fannie Mae in its proofs of claim (including, without limitation, claim numbers 22469, 29557 and 40611) against LBHI or any of the other Debtors in these chapter 11 cases, and all of Fannie Mae's and the Debtors' rights with respect thereto are fully preserved; and it is further

ORDERED that LBHI and Lehman Commercial Paper Inc.'s ("LCPI") rights with respect to whether LCPI has an interest in the Designated Fannie Mae MSRs and the nature and priority of such interest are preserved and all of Fannie Mae's rights to contest such interests are preserved; and it is further

ORDERED that, to the extent it is determined that LCPI has an interest in the Designated Fannie Mae MSRs, LCPI's right to assert a claim for the value of such interest against LBHI in the nature and priority equivalent to such interest is preserved and shall not be prejudiced, and all of Fannie Mae's rights to contest such claims are preserved and shall not be prejudiced; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
        July 15, 2010

                                      *s/ James M. Peck*
                                  UNITED STATES BANKRUPTCY JUDGE