UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                            :
              Debtors.                              :    (Jointly Administered)
                                                            :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENT BETWEEN LEHMAN BROTHERS HOLDINGS, INC., LEHMAN COMMERCIAL PAPER INC., SILVER LAKE CREDIT FUND, L.P. AND SILVER LAKE FINANCIAL ASSOCIATES, L.P.**

Upon the motion, dated June 23, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc., ("LCPI," and together with LBHI, the "Debtors") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to enter into a settlement agreement (the "Settlement Agreement") with Silver Lake Credit Fund, L.P. ("SLCF") and Silver Lake Financial Associates, L.P. ("SLF," and together with SLCF, "Silver Lake Financial"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second

amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held on July 14, 2010 to consider the relief requested in the Motion and the Objection; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that any objection to the Motion, to the extent not withdrawn, is hereby overruled; and it is further

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI's entry into the Settlement Agreement is approved; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, and to the extent required by the Settlement Agreement, LBHI is authorized to execute one or more Assignment and Assumption Agreements;[1] and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the Purchaser under an Alternative Transaction shall take title to the asset(s) transferred therein free

---

[1] Capitalized terms that are used but not defined herein shall have the meanings ascribed to them in the Motion.

2

and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever; and it is further

ORDERED that nothing in this Order shall affect the rights of LBHI and LCPI with respect to any claims and defenses each may have against the other; and it is further

ORDERED that LBHI is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and / or an Assignment and Assumption Agreements and perform any and all obligations contemplated therein; and it is further

ORDERED that Claim No. 15157 shall be waived and expunged from the claims register with prejudice upon the Effective Date; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       July 15, 2010

                                                         *s/ James M. Peck*
                                              UNITED STATES BANKRUPTCY JUDGE