WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
: 
In re                                                                          : Chapter 11 Case No.
                                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :  08-13555 (JMP)
                                                                                   :
                                    Debtors.                       :  (Jointly Administered)
                                                                                   :
                                                                                   :
----------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER BETWEEN BNC**
**MORTGAGE LLC AND JP MORGAN CHASE BANK, N.A., AS TRUSTEE**
**PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY WITH**
**REGARD TO REAL PROPERTY LOCATED IN WEST JORDAN, UTAH**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and

Order") is entered into by and between BNC Mortgage LLC ("BNC") and its affiliated

debtors in the above referenced chapter 11 cases, as debtors and debtors in possession

(together, the "Debtors"), and JP Morgan Chase Bank, N.A., as trustee ("JPMC").

**RECITALS**

A. On September 15, 2008 and periodically thereafter Lehman

Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this

Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

  B. On January 9, 2009, BNC, an indirect subsidiary of LBHI, commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

  C. On June 7, 2010, JPMC filed a motion (the "<u>Motion</u>") for relief from the automatic stay with respect to real property located at 8380 S. 2200 W., West Jordan, Utah (the "<u>Real Property</u>"). [Docket No. 9565]

  D. The Motion asserts that on or about August 1, 2002, BNC entered into a deed of trust and related promissory note (together, the "<u>Loan</u>") with Brian L. McCrea ("<u>McCrea</u>") pursuant to which BNC advanced $216,000 to McCrea to purchase the Real Property. The Motion further asserts that, unbeknownst to BNC, the current owners of the Real Property, Jeff and Sharla Birschbach (the "<u>Birschbachs</u>") tendered $56,000 to McCrea to make it appear that McCrea had $56,000 for use as a down payment. The Birschbachs and McCrea executed a promissory note and recorded a trust deed in the amount of $56,000 in the real property records as a second lien, which the Birschbachs now claim is a vendor's lien that pre-dates BNC's first position security interest.

  E. The Motion further asserts that BNC eventually foreclosed on the Loan and sold the Real Property to Bank One, N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation Amortizing Residential Collateral Trust Mortgage Pass-through Certificates, Series 2002-bc7 ("<u>Bank One</u>"). JPMC is the trustee successor in interest to Bank One.

F. The Motion further asserts that on January 18, 2006, the Birschbachs filed a lawsuit in Utah state court seeking a declaration that their trust deed had priority over the Loan by virtue of the vendor's lien doctrine and to quiet title against, among others, JPMC and BNC. JPMC answered and counterclaimed against the Birschbachs with several claims for relief, including loan fraud, conspiracy to defraud, declaratory judgment, and to quiet title to the Real Property in favor of JPMC (the "Birschbach Litigation").

G. On June 15, 2009, BNC filed its amended schedules of assets and liabilities (the "Schedules") [Docket No. 3920]. The Schedules contained separate line items for Jeff Birschbach and Sharla Birschbach on schedule F: Creditors Holding Unsecured Nonpriority Claims Litigation (the "Scheduled Claims"). The Scheduled Claims were each listed as contingent, unliquidated and disputed.

H. On July 2, 2009, this Court entered an order (the "Bar Date Order") establishing September 22, 2009 as the deadline for parties to filed proofs of claim against BNC and the other Debtors [Docket No. 4271]. The Bar Date Order provided, *inter alia*, that any person or entity whose claim was listed on the schedules as contingent, unliquidated or disputed must file a proof of claim in order to preserve such claim against the Debtors.

I. Following the September 22, 2009 deadline, the Debtors conducted a diligent search of the claims registry maintained by Epiq Bankruptcy Solutions, LLC, the Debtors' court-approved claims and noticing agent, and were unable to locate any proofs of claim filed by or on behalf of JPMC or the Birschbachs against BNC.

3

J. BNC has determined that it disposed of its interest in the Loan in 2002. As a result, neither BNC nor any of the other Debtors currently holds an interest in the Loan.

K. The Motion seeks entry of an order terminating the automatic stay extant in BNC's chapter 11 case pursuant to section 362 of the Bankruptcy Code and allowing JPMC to exercise its non-bankruptcy rights and remedies as to the Real Property.

L. In light of the foregoing, and to ensure that JPMC is not prohibited from exercising its rights with respect to the Real Property, BNC and JPMC (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to resolve the Motion on the terms set forth below.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and between BNC and JPMC, through their undersigned attorneys, that:

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, to the extent that the automatic stay is applicable, it shall be modified to allow JPMC to prosecute the Birchbach Litigation; provided however, that the automatic stay shall not be modified with respect to any claims, cross-claims, interests, benefits or remedies of any kind whatsoever, whether known or unknown, that the JPMC now has, may have had, or may in the future have against BNC, its affiliates, successors and assigns, including, without limitation, those arising out of or otherwise related to the Real Property. The Parties expressly reserve any and all claims, cross-claims, interests, benefits or remedies of any kind whatsoever,

4

whether known or unknown, that each Party may have against the other including BNC's right to argue that any claim by JPMC is barred by the Bar Date Order.

   3.  Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

   4.  Upon the Effective Date, the Motion shall be deemed resolved.

   5.  This Stipulation, Agreement, and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

   6.  Each person who executes this Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

   7.  This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

8. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

Dated: July 12, 2010
      New York, New York

/s/ Eric C. Zabicki
Eric C. Zabicki

Pick & Zabicki LLP
369 Lexington Ave., 12th Floor
New York, New York 10017
Telephone: (212) 695-6000

Attorneys for JPMC

Dated: July 12, 2010
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated:  New York, New York
       July 15, 2010

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE

6