Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **DEUTSCHE BANK AG, LONDON BRANCH**<br>Name of Transferee | **VFMC – TRANSPORT ACCIDENT COMMISSION**<br>Name of Transferor |

| | |
|---|---|
| Name and Address where notices to transferee should be sent:<br>Deutsche Bank AG, Hong Kong Branch<br>55/F Cheung Kong Center<br>2 Queen's Road Central<br>Hong Kong<br>Attention: Jack Tsai<br>Email: jack.tsai@db.com<br>dpg.execution@db.com<br><br>Phone: +852 2203 8660<br>Last Four Digits of Acct #: 58913 | Court Claim # 58913<br>Amount of Claim: US$7,291,171.67<br>Date Claim Filed: 30/10/2009<br>Phone: +613 9207 9119<br>Attn: Philip Strano<br>Email: pstrano@vfmc.gov.au<br>Last Four Digits of Acct. #:58913 |

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: _15TH July, 2010_____

Transferee/Transferee's Agent

Maria Chang
Director

Christopher Wong
Vice President

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Form 210B (10/06)**

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 58913 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on ⎯15 July, 2010  (date).

VFMC – Transport Accident Commission

Name of Transferee:
Deutsche Bank AG, London Branch

Address of Alleged Transferor:
Victorian Funds Management Corporation
Level 13
101 Collins Street
Melbourne VIC 3000
Australia

Address of Transferee:
Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong

Attention: Philip Strano
Tel: +613 9207 2999
Email: pstrano@vfmc.gov.au

Attention:  Jack Tsai
Tel: +852 2203 8660
Email: jack.tsai@db.com
Dpg.execution@db.com

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **VICTORIAN FUNDS MANAGEMENT CORPORATION AS INVESTMENT MANAGER FOR TRANSPORT ACCIDENT COMMISSION** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **$7,291,171.67** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in, to and under Proof of Claim Number 58913 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") and the claim underlying the Proof of Claim (the "Purchased Claim"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest of Seller with respect to the Purchased Claim acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim, including those specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller does not and did not on the filing date hold any funds or property of

or owe any amounts or property to the Debtor or any affiliate of the Debtor, (g) Seller has delivered to Buyer true and correct copies of all documents from and after the filing date pursuant to which the Transferred Claims or any portion of them were transferred or sold and each of such documents contains substantially similar terms to this Agreement; and (h) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment per dollar of claim than other unsecured creditors.

3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.     All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser and its successors and assigns harmless from and against any and all losses, claims, damages, costs, expenses and liabilities reasonably suffered and/or incurred, including, without limitation, reasonable attorneys' fees and expenses, which result directly from Seller's breach of its representations and warranties made herein.

5.     Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.     Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.     Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of July 2010.

**VICTORIAN FUNDS MANAGEMENT CORPORATION AS INVESTMENT MANAGER FOR TRANSPORT ACCIDENT COMMISSION**

**DEUTSCHE BANK AG, LONDON BRANCH**

By: *Paul Murray*
Name: *PAUL MURRAY*
Title: *Head of Debt and Absolute Returns*

By: _____
Name:  **Maria Chang**          **Christopher Wong**
         **Director**                **Vice President**
Title:

c/o Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong

Schedule 1

Transferred Claims

Purchased Claim

100% of USD 7,291,171.67 (the outstanding amount of the Proof of Claim)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| AUD$250,000,000.00 Fixed Rate Australian Domestic Notes due 24 August 2001 by Lehman Brothers Treasury Co. B.V. | AU30LBTC011 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD 9,034,434.24 | 6.65% | August 24, 2011 | AUD 9,034,434.24 (Equivalent USD 7,291,171.67) |

Schedule 1–1

Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of
the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **DEUTSCHE BANK AG, LONDON BRANCH**<br>Name of Transferee | **VFMC – EMERGENCY SERVICES SUPER SCHEME**<br>Name of Transferor |

Name and Address where notices to transferee
should be sent:
Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong
Attention: Jack Tsai
Email: jack.tsai@db.com
dpg.execution@db.com

Court Claim # 58919
Amount of Claim: US$4,051,212.38
Date Claim Filed: 30/10/2009
Phone:  +613 9207 9119
Attn: Philip Strano
Email: pstrano@vfmc.gov.au
Last Four Digits of Acct. #:58919

Phone: +852 2203 8660
Last Four Digits of Acct #: 58919

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct
to the best of my knowledge and belief.

By: _____/_____Date: _15TH July, 2010_____

Transferee/Transferee's Agent
Maria Chang                    Christopher Wong
Director                       Vice President

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Form 210B (10/06)**

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 58919 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 15 July, 2010  (date).

VFMC – Emergency Services Super Scheme

Name of Transferee:
Deutsche Bank AG, London Branch

Address of Alleged Transferor:
Victorian Funds Management Corporation
Level 13
101 Collins Street
Melbourne VIC 3000
Australia

Address of Transferee:
Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong

Attention:  Jack Tsai
Tel: +852 2203 8660
Email: jack.tsai@db.com
Dpg.execution@db.com

Attention: Philip Strano
Tel: +613 9207 2999
Email: pstrano@vfmc.gov.au

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **VICTORIAN FUNDS MANAGEMENT CORPORATION AS INVESTMENT MANAGER FOR EMERGENCY SERVICES SUPERANNUATION SCHEME - STATE SUPERANNUATION FUND** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **$4,051,212.38** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in, to and under Proof of Claim Number 58919 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") and the claim underlying the Proof of Claim (the "Purchased Claim"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest of Seller with respect to the Purchased Claim acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim, including those specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller does not and did not on the filing date hold any funds or property of

or owe any amounts or property to the Debtor or any affiliate of the Debtor, (g) Seller has delivered to Buyer true and correct copies of all documents from and after the filing date pursuant to which the Transferred Claims or any portion of them were transferred or sold and each of such documents contains substantially similar terms to this Agreement; and (h) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment per dollar of claim than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser and its successors and assigns harmless from and against any and all losses, claims, damages, costs, expenses and liabilities reasonably suffered and/or incurred, including, without limitation, reasonable attorneys' fees and expenses, which result directly from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of July 2010.

**VICTORIAN FUNDS MANAGEMENT CORPORATION AS INVESTMENT MANAGER FOR EMERGENCY SERVICES SUPERANNUATION SCHEME - STATE SUPERANNUATION FUND**

**DEUTSCHE    BANK    AG,    LONDON BRANCH**

By: _Paul Murray_
Name: _PAUL MURRAY_
Title: _Head of Debt and Absolute Returns_

By: _____
Name:    Maria Chang          Christopher Wong
                 Director               Vice President
Title:

c/o Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong

Schedule 1

Transferred Claims

Purchased Claim

100% of USD 4,051,212.38 (the outstanding amount of the Proof of Claim)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| AUD$250,000,000.00 Fixed Rate Australian Domestic Notes due 24 August 2001 by Lehman Brothers Treasury Co. B.V. | AU300LBTC011 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD 5,019,130.14 | 6.65% | August 24, 2011 | AUD 5,019,130.14 (Equivalent USD 4,051,212.378) |

Schedule 1–1

**Form 210A (10/06)**

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of
the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **DEUTSCHE BANK AG, LONDON BRANCH**<br>Name of Transferee | **VFMC – TRANSPORT ACCIDENT COMMISSION**<br>Name of Transferor |

Name and Address where notices to transferee
should be sent:
Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong
Attention: Jack Tsai
Email: jack.tsai@db.com
dpg.execution@db.com

Phone: +852 2203 8660
Last Four Digits of Acct #: 58920

Court Claim # 58920
Amount of Claim: US$811,253.10
Date Claim Filed: 30/10/2009
Phone: +613 9207 9119
Attn: Philip Strano
Email: pstrano@vfmc.gov.au
Last Four Digits of Acct. #:58920

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct
to the best of my knowledge and belief.

By: _/s/_____ Date: __15th July, 2010__
Transferee/Transferee's Agent

Christopher Wong
Vice President

**Maria Chang**
**Director**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 58920 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on _15_ July, 2010  (date).

VFMC – Transport Accident Commission

Address of Alleged Transferor:
Victorian Funds Management Corporation
Level 13
101 Collins Street
Melbourne VIC 3000
Australia

Attention: Philip Strano
Tel: +613 9207 2999
Email: pstrano@vfmc.gov.au

Name of Transferee:
Deutsche Bank AG, London Branch

Address of Transferee:
Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong

Attention:  Jack Tsai
Tel: +852 2203 8660
Email: jack.tsai@db.com
Dpg.execution@db.com

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
| --- |

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **VICTORIAN FUNDS MANAGEMENT CORPORATION AS INVESTMENT MANAGER FOR TRANSPORT ACCIDENT COMMISSION** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **$811,253.10** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in, to and under Proof of Claim Number 58920 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") and the claim underlying the Proof of Claim (the "Purchased Claim"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest of Seller with respect to the Purchased Claim acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim, including those specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller does not and did not on the filing date hold any funds or property of

or owe any amounts or property to the Debtor or any affiliate of the Debtor, (g) Seller has delivered to Buyer true and correct copies of all documents from and after the filing date pursuant to which the Transferred Claims or any portion of them were transferred or sold and each of such documents contains substantially similar terms to this Agreement; and (h) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment per dollar of claim than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser and its successors and assigns harmless from and against any and all losses, claims, damages, costs, expenses and liabilities reasonably suffered and/or incurred, including, without limitation, reasonable attorneys' fees and expenses, which result directly from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of July 2010.

**VICTORIAN FUNDS MANAGEMENT**
**CORPORATION AS INVESTMENT**
**MANAGER FOR TRANSPORT**
**ACCIDENT COMMISSION**

**DEUTSCHE    BANK    AG,    LONDON**
**BRANCH**

By: *Paul Murray*
Name:  *PAUL MURRAY*
Title:  *Head of Debt and Absolute Returns*

By: *[signature]*
Name:    Maria Chang    Christopher Wong
Director    Vice President
Title:

c/o Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong

Schedule 1

Transferred Claims

Purchased Claim

100% of USD 811,253.10 (the outstanding amount of the Proof of Claim)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| AUD$250,000,000.00 Fixed Rate Australian Domestic Notes due 24 August 2001 by Lehman Brothers Treasury Co. B.V. | AU300LBTC011 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD 1,003,826.03 | 6.65% | August 24, 2011 | AUD 1,003,826.03 (Equivalent USD 811,253.10) |

Schedule 1-1

Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of
the transfer, other than for security, of the claim referenced in this evidence and notice.

**DEUTSCHE BANK AG, LONDON BRANCH**
Name of Transferee

**VFMC –VIC. WORKCOVER AUTHORITY SUBPOR T**
Name of Transferor

Name and Address where notices to transferee
should be sent:
Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong
Attention: Jack Tsai
Email: jack.tsai@db.com
dpg.execution@db.com

Phone: +852 2203 8660
Last Four Digits of Acct #: 58921

Court Claim # 58921
Amount of Claim: US$4,860,781.11
Date Claim Filed: 30/10/2009
Phone: +613 9207 9119
Attn: Philip Strano
Email: pstrano@vfmc.gov.au
Last Four Digits of Acct. #:58921

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct
to the best of my knowledge and belief.

By: _____   Date: _15TH July, 2010_
Transferee/Transferee's Agent
~~Maria Chang~~   Christopher Wong
Director   Vice President

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Form 210B (10/06)**

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 58921 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on ___July, 2010  (date).

| | |
|---|---|
| VFMC – Vic. WorkCover Authority Subport | Name of Transferee:<br>Deutsche Bank AG, London Branch |
| Address of Alleged Transferor:<br>Victorian Funds Management Corporation<br>Level 13<br>101 Collins Street<br>Melbourne VIC 3000<br>Australia | Address of Transferee:<br>Deutsche Bank AG, Hong Kong Branch<br>55/F Cheung Kong Center<br>2 Queen's Road Central<br>Hong Kong |
| Attention: Philip Strano<br>Tel: +613 9207 2999<br>Email: pstrano@vfmc.gov.au | Attention:  Jack Tsai<br>Tel: +852 2203 8660<br>Email: jack.tsai@db.com<br>Dpg.execution@db.com |

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **VICTORIAN FUNDS MANAGEMENT CORPORATION AS INVESTMENT MANAGER FOR VICTORIAN WORKCOVER AUTHORITY**("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **$4,860,781.11** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in, to and under Proof of Claim Number 58921 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") and the claim underlying the Proof of Claim (the "Purchased Claim"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest of Seller with respect to the Purchased Claim acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim, including those specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller does not and did not on the filing date hold any funds or property of

or owe any amounts or property to the Debtor or any affiliate of the Debtor, (g) Seller has delivered to Buyer true and correct copies of all documents from and after the filing date pursuant to which the Transferred Claims or any portion of them were transferred or sold and each of such documents contains substantially similar terms to this Agreement; and (h) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment per dollar of claim than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser and its successors and assigns harmless from and against any and all losses, claims, damages, costs, expenses and liabilities reasonably suffered and/or incurred, including, without limitation, reasonable attorneys' fees and expenses, which result directly from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of July 2010.

**VICTORIAN FUNDS MANAGEMENT CORPORATION AS INVESTMENT MANAGER FOR VICTORIAN WORKCOVER AUTHORITY**

By: _Paul Murray_
Name: PAUL MURRAY
Title: Head of Debt and Absolute
Returns

**DEUTSCHE    BANK    AG,    LONDON BRANCH**

By: _____
Name:    **Maria Chang        Christopher Wong**
Title:        **Director            Vice President**

c/o Deutsche Bank AG, Hong Kong Branch
55/F Cheung Kong Center
2 Queen's Road Central
Hong Kong

Schedule 1

Transferred Claims

Purchased Claim

100% of USD 4,860,781.11 (the outstanding amount of the Proof of Claim)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| AUD$250,000,000.00 Fixed Rate Australian Domestic Notes due 24 August 2001 by Lehman Brothers Treasury Co. B.V. | AU300LBTC011 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD 6,022,956.16 | 6.65% | August 24, 2011 | AUD 6,022,956.16 (Equivalent USD 4,860,781.11) |

Schedule 1–1