- 1 -

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case Nos. 08-13555(JMP)

5   - - - - - - - - - - - - - - - - - - - -x

6

7   In the Matter of:

8

9   LEHMAN BROTHERS HOLDINGS INC., et al.

10

11              Debtors.

12

13   - - - - - - - - - - - - - - - - - - - -x

14

15              United States Bankruptcy Court

16              One Bowling Green

17              New York, New York

18

19              June 29, 2010

20              11:19 AM

21

22   B E F O R E:

23   HON. JAMES M. PECK

24   U.S. BANKRUPTCY JUDGE

25

- 2 -

1

2   HEARING re Motion of Shinhan Investment Corp. for Entry of an

3   Order Determining that its Proof of Claim, as Amended, be

4   Deemed Timely Filed

5

6   HEARING re Debtors' Tenth Omnibus Objection to Claims (Amended

7   and Superseded Claims)

8

9   HEARING re Debtors' Eleventh Omnibus Objection to Claims

10   (Amended and Superseded Claims)

11

12   HEARING re Debtors' Twelfth Omnibus Objection to Claims

13   (Duplicate Claims)

14

15   HEARING re Debtors' Thirteenth Omnibus Objection to Claims

16   (Substantively Duplicative Claims)

17

18   HEARING re Debtors' Fourteenth Omnibus Objection to Claims

19   (Amended and Superseded Claims)

20

21   HEARING re Debtors' Fifteenth Omnibus Objection to Claims

22   (Foreign Currency Claims)

23

24

25

- 3 -

```
 1

 2     HEARING re Debtors' Sixteenth Omnibus Objection to Claims

 3     (Foreign Currency and No Documentation Claims)

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25     Transcribed by:  Lisa Bar-Leib
```

- 4 -

```
1
2      A P P E A R A N C E S :
3      WEIL GOTSHAL & MANGES LLP
4           Attorneys for the Debtors and Debtors-in-Possession
5           767 Fifth Avenue
6           New York, NY 10153
7
8      BY:   SHAI Y. WAISMAN, ESQ.
9
10     WEIL GOTSHAL & MANGES LLP
11          Attorneys for the Debtors and Debtors-in-Possession
12          200 Crescent Court
13          Suite 300
14          Dallas, TX 75201
15
16     BY:   ERIN D. ECKOLS, ESQ.
17          (TELEPHONICALLY)
18
19
20
21
22
23
24
25
```

- 5 -

```
 1

 2    MILBANK, TWEED, HADLEY & MCCLOY LLP

 3         Attorneys for the Official Committee of Unsecured

 4          Creditors

 5         One Chase Manhattan Plaza

 6         New York, NY 10005

 7

 8    BY:   DENNIS C. O'DONNELL, ESQ.

 9         ANDREA CONIS, ESQ.

10

11    STROOCK & STROOCK & LAVAN LLP

12         Attorneys for Hess Energy Trading Company LLC

13         180 Maiden Lane

14         New York, NY 10038

15

16    BY:   HAROLD A. OLSEN, ESQ.

17

18    PEITZMAN WEG & KEMPINSKY LLP

19         Attorneys for Shinhan Investment Corp.

20         10100 Santa Monica Blvd.

21         Suite 1450

22         Los Angeles, CA 90067

23

24    BY:   DAVID B. SHEMANO, ESQ.

25         (TELEPHONICALLY)
```

- 6 -

```
 1
 2     STUTMAN TREISTER & GLATT LLP
 3          Attorneys for Perry Capital
 4          1901 Avenue of the Stars
 5          12th Floor
 6          Los Angeles, CA 90067
 7
 8     BY:   MARINA FINEMAN, ESQ.
 9          (TELEPHONICALLY)
10
11     TOBIN & TOBIN, P.C.
12          Attorneys for John S. Rosekrans
13          500 Sansome Street
14          San Francisco, CA 94111
15
16     BY:   JOHN P. CHRISTIAN, ESQ.
17          (TELEPHONICALLY)
18
19
20
21
22
23
24
25
```

08-13555-mg   Doc 10246   Filed 07/01/10   Entered 07/16/10 12:37:08   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 7 of 28

- 7 -

```
 1                      P R O C E E D I N G S
 2            THE COURT:  Be seated.  Good morning.
 3            MR. WAISMAN:  Good morning, Your Honor.  Shai Waisman,
 4   Weil Gotshal & Manges on behalf of the Lehman debtors in
 5   today's claim hearing.  Your Honor, before I proceed, one
 6   administrative matter.  As Your Honor has become aware in
 7   hearing claims matters, Ms. Erin Eckols of our office serves as
 8   sort of the commander of our claims command center.  Ms. Eckols
 9   was due to be here in court today, was subject to the
10   vicissitudes of air travel, and after being at the airport all
11   day, had her flights canceled, was not able to make it up, but
12   is on the phone with us today and will be available to answer
13   specific questions as to any of the resolutions or
14   representations made.  I will take the Court through each of
15   the objections, the responses and the resolutions.  But Ms.
16   Eckols is the one with perfect knowledge of the discussions had
17   and, as I indicated, is available to answer any questions the
18   Court has.
19            THE COURT:  Okay.  Let's just double check that she's
20   on the line.
21            MS. ECKOLS (TELEPHONICALLY):  Good morning, Your
22   Honor.  This is Ms. Eckols.
23            THE COURT:  Good morning.  I'm sorry you had such a
24   bad day yesterday.
25            MS. ECKOLS:  Well, it could have been much worse, but
```

08-13555-mg   Doc 10246   Filed 07/01/10   Entered 07/16/10 12:37:08   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 8 of 28

- 8 -

1    thank you.

2            THE COURT:  Okay.

3            MR. WAISMAN:  With that, Your Honor, as the Court is

4    aware, we've had over 60,000 proofs of claim filed in these

5    cases.  On May 18th, we filed seven omnibus objections to

6    claims objecting to over 550 individual claims.  Omnibus

7    objections 10, 11 and 14, the subject of today's hearing, seek

8    to expunge claims that we identified as being amended and

9    superseded by other claims.  Omnibus objections 12 and 13 seek

10   to expunge two different types of duplicate claims.  Omnibus 12

11   is to expunge claims that appear to be exact duplicates of each

12   other.  And omni 13 is to expunge claims that are not exact

13   duplicates but in substance are duplicates of each other.

14   They're filed by the same creditor against the same debtor on

15   account of the same obligations and, in most instances, for the

16   same dollar amount.

17           Omni 15 and 16 seek to expunge claims on the grounds

18   that they violate Your Honor's bar date order and the specific

19   requirements set forth therein.  Omnibus objection 15 seeks to

20   expunge claims that violate the bar date order because they

21   were filed in foreign currency.  The bar date order

22   specifically and unambiguously provided that claims must be

23   filed in U.S. dollars.

24           Claimants were notified of this requirement in the bar

25   date notice that was mailed and that was published in various

08-13555-mg   Doc 10246   Filed 07/01/10   Entered 07/16/10 12:37:08   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 9 of 28

- 9 -

1   papers.  Despite this, the claims objected to in omni 15 were

2   filed solely in foreign currency.  For claimants that responded

3   by contacting debtors' counsel regarding the fifteenth omnibus

4   objection and provided a conversion of their claim into U.S.

5   dollars, we have agreed to withdraw the objection with respect

6   to those individuals' claims on the basis set forth in the

7   omnibus objection.  Today we're only going forward with respect

8   to those claimants that did not respond to the omnibus

9   objection.

10        Omnibus objection [16] seeks to expunge claims that

11   also filed claims in foreign currency but, in addition, did not

12   provide any supporting documentation to substantiate the basis

13   of the claim.  As Your Honor is aware, in addition to setting

14   forth that claims must be filed in U.S. dollars, the bar date

15   order specifically requires claimants to provide supporting

16   documentation as set forth in the official form.  Because of

17   lack of supporting documentation, the claims objected to in

18   omni 16 do not constitute valid claims.  As an additional

19   check, before we filed the sixteenth omnibus objection, we

20   compared the claims that we were going to object to against the

21   debtors' schedules to confirm that the schedules do not show

22   claims or amounts due to those claimants and, in fact, they did

23   not.

24        So, as we've done in the past on the cover of the

25   notice of the omnibus objections and the omnibus objections

- 10 -

1    themselves, we designated a Weil Gotshal lawyer with their

2    phone number in a bold typeface all caps caption to contact

3    with questions.  For omnis 10 through 16, we received calls, e-

4    mails, letters and formal responses filed on the docket.  All

5    total, we were contacted by approximately seventy claimants.

6    We reached out to every one of those claimants or their counsel

7    if one was noted to address the issues raised in the objection.

8         As a result of our efforts, only twelve formal

9    responses were filed to these omnibus objections, most of which

10   have been resolved or adjourned to permit the parties to work

11   on a resolution.  We believe that the only truly contested

12   matter at this point is with respect to omnibus objection 14

13   and the objection of Mr. Kuntz with whom the Court is familiar,

14   although I do not see Mr. Kuntz in the courtroom today.

15        THE COURT:  I don't see him either.

16        MR. WAISMAN:  There were a few additions to the

17   language in the proposed orders on omnibus objections 10 and 11

18   that we just wanted to briefly mention.  These additions to the

19   orders were minor and made at the request of counsel for

20   certain claimants.

21        First, in decretal paragraph regarding documentation

22   from an expunged claim being treated as having been filed in

23   support of the corresponding surviving claim, the word

24   "included" was added such that the provision now reads "shall

25   be treated as having been filed in support of and included in

- 11 -

1    the corresponding surviving claims".  Really, belt and

2    suspenders to make sure that by expunging a claim, we're not

3    seeking to expunge the supporting documentation.  We will treat

4    it as being part of the surviving claim.

5         Second, a decretal paragraph was added stating that

6    "all documentation filed in support of a surviving claim would

7    be deemed timely filed to the extent it appropriately amended,

8    directly or indirectly, a timely filed claim".  There was

9    already a paragraph providing that the surviving claim would be

10   deemed timely filed if it was an appropriate amendment of an

11   expunged claim and the additional language clarifies that the

12   supporting documentation was also timely filed.

13        Unless you have any questions at this point, I'd

14   proceed by going through each of the omnis.

15        THE COURT:  Why don't you proceed in the way you have

16   outlined?

17        MR. WAISMAN:  So we'd start with omnibus objection

18   12 -- I'm sorry.  I'm sorry.  Actually, the first matter on the

19   agenda is the motion of Shinhan Investment Corp. for entry of

20   an order determining that its proof of claim as amended was

21   timely filed.  As indicated on the agenda letter filed

22   yesterday, Your Honor, we have resolved this matter by

23   negotiating a stipulation with Shinhan.  The facts briefly are

24   this party filed a proof of claim on the official form with all

25   of the supporting documentation we would ever need in respect

- 12 -

1    of not just its guaranty but its derivative as well on the

2    docket.  And as such, we have all the information and have had

3    prior to even filing the motion, all the information necessary

4    to validate this claim.  So we've agreed to not object on the

5    timeliness of the claim.  And we have the stipulation and the

6    disk that I would hand up at the end of the hearing.

7              THE COURT:  That's fine.

8              MR. WAISMAN:  Moving on to agenda item number 2, the

9    debtors' tenth omnibus objection to claims.  The agenda notes

10   two formal responses:  a statement from Hess Energy Trading

11   Company and an objection from Hoogstraten -- and I certainly

12   can't pronounce the remainder of it.  The Hess Energy Trading

13   Company reply is really not an objection.  It's a reservation

14   of rights.  It states that Hess does not object to expunging

15   claim 22473 so long as certain language that we've previously

16   included in the order is not removed.  That language was not

17   removed.  It's in the order.  And therefore, we would proceed

18   to object to expunge 22473.  And the second formal response Mr.

19   Hoogstraten has been adjourned.  So there is nothing further

20   with omni 10.

21             Moving to --

22             THE COURT:  Do you wish to be heard, sir?

23             MR. OLSEN:  Yes, please.  Your Honor, Harold Olsen,

24   Stroock & Stroock & Lavan for Hess Energy Trading.  We filed

25   the statement because we appreciate what the debtor put in this

- 13 -

1   proposed order regarding impropriety of amendments of claims

2   and our rights being preserved on that.  Mr. Waisman mentioned

3   some additional language being added, I think, to that order

4   which we haven't seen yet.  Based on his description, it sounds

5   fine, but we'd just like the opportunity to take a look at it.

6          THE COURT:  I'm sure you'll have that opportunity.  In

7   fact, I think you'll have that opportunity right now.

8          MR. OLSEN:  Thank you.

9          MR. WAISMAN:  Why don't we provide counsel an

10  opportunity to read the order and I'll proceed with agenda item

11  number 3, omnibus objection number 11.

12         The agenda indicates two formal responses two omni 11,

13  limited response of --

14         THE COURT:  Can I stop you for one second?

15         MR. WAISMAN:  Yes.

16         THE COURT:  As to omni 10, what's the disposition of

17  the objection to Hoogstraten- Wijkmans?

18         MR. WAISMAN:  It has been adjourned.  And I believe we

19  are going to discuss that claimant's response and either

20  withdraw or proceed at a later claims hearing.

21         THE COURT:  All right.  I just wanted to be clear on

22  the disposition.

23         MR. WAISMAN:  Yes.  We are not proceeding with that

24  today.

25         THE COURT:  Fine.

- 14 -

1          MR. WAISMAN:  Moving on to agenda item 3, debtors'

2     eleventh omnibus objection to claims, as I indicated, a limited

3     response was filed by Diamondback Fixed Income Master Fund and

4     a response by Rottnest Ltd.  Neither of these is an objection

5     to the action proposed in the eleventh omnibus objection.

6     Diamondback has filed a reservation of rights.  We spoke to

7     Diamondback on Friday and we agreed there was nothing more to

8     do and we would inform the Court that we were proceeding.

9     Rottnest, also not an objection.  The claimant states that the

10    claim we seek to expunge is duplicative and there's no

11    indication that they object to the expungement of the claim.

12    So we would proceed with our proposed course of action.

13    Accordingly, we don't believe there's any contest on omni 11

14    and would ask the Court to enter the order on omni 11.

15          And I believe counsel has reviewed omni 10 and we'll

16    hear if there are any issues with omni 10.

17          MR. OLSEN:  No issues with omni 10, Your Honor.  Thank

18    you.

19          THE COURT:  Omni 10 and omni 11 are both approved.

20          MR. WAISMAN:  Moving on to agenda item number 4,

21    debtors' twelfth omnibus objection to claims, no formal

22    responses were received.  Therefore, we would ask that Your

23    Honor enter the order with respect to omni number 12.

24          THE COURT:  I will enter the order with respect to

25    omni 12.

- 15 -

1        MR. WAISMAN:  Debtors' thirteenth omnibus objection to

2   claims appears at agenda item number 5.  We filed and served

3   omni 13.  We received no formal responses and we would request

4   that the order with respect to omni 13 be entered.

5        THE COURT:  It's unopposed and the order will be

6   entered.

7        MR. WAISMAN:  Agenda item number 6, Your Honor,

8   reflects the debtors' fourteenth omnibus objection to claims.

9   Two formal objections were received.  One from Mr. Kuntz and is

10  unresolved.  The other response was from Andre Laurendeau.  And

11  after conversation with Mr. Laurendeau, we believe those issues

12  have been resolved.  I would take the issue with Mr. Kuntz

13  first and, although the Court's familiar with the issue, just

14  to refresh the Court's recollection --

15        At the last claims hearing, Mr. Kuntz objected to the

16  expungement of one of his claims on the sixth omnibus objection

17  to claims and that objection was overruled.  Mr. Kuntz has

18  raised the same objection with respect to the expungement of

19  three of his claims under omni 14.  Of the eleven claims on the

20  claim register that Mr. Kuntz filed, three of those have

21  already been expunged in the debtors' fourth omnibus and sixth

22  omnibus objection to claims.  Thus, at this time, out of the

23  eleven, there are eight live claims.

24        Three of those live claims have been objected to in

25  this, the fourteenth omnibus objection.  As Your Honor may

- 16 -

1   recall at the hearing had on the debtors' fourth omnibus

2   objection to claims, we were objecting to two of the eleven

3   claims as amended and superseded.  At the hearing, Mr. Kuntz

4   identified three of his eleven claims that he ultimately wished

5   to have surviving on the claims register.  Those were 33550,

6   33551 and 33552.  Those three claims, which debtors' counsel

7   agreed at that time not to object to on the grounds set forth

8   in the fourth and Mr. Kuntz stipulated he wanted to continue

9   and that all others could be expunged.  Those three are not the

10  subject of the fourteen.  We are objecting to three other

11  claims which Mr. Kuntz has already said on the record he does

12  not wish to proceed with.  Nevertheless, Mr. Kuntz has objected

13  to the fourteenth omnibus objection.

14        As I indicated, he filed eleven claims.  Eight remain.

15  He wants three of the eight to be his claims that he intends to

16  prosecute.  Leaves us having to do something with the remaining

17  five.  Of the five, three appear on the fourteenth omni.  We

18  have been in regular and constant communication with Mr. Kuntz

19  initiated by Mr. Kuntz, at times hostile and unwarranted.  But

20  the debtors do have an obligation to expunge claims that are

21  not valid.  Mr. Kuntz had ample notice.  In every juncture, he

22  was told that we would be proceeding with expunging these three

23  claims which we believe he has already indicated he does not

24  wish to prosecute.  At this time, we are not pressing any

25  objection with respect to the three claims he has previously

- 17 -

1    indicated he intends to prosecute.  And we would ask the Court

2    to overrule Mr. Kuntz' objection and expunge the three claims

3    on the fourteenth omni.

4         The only other response -- I'm sorry.  Your Honor has

5    a question.

6         THE COURT:  I do have a question only because Mr.

7    Kuntz is not here.  And he's not in a position to explain why

8    he's persisting in pressing objections to the expungement of

9    claims that he has previously indicated he does not wish to

10   prosecute.  Since I don't understand why he's persisting, do

11   you have some indication as a result of the communications

12   you've had with him that you can share with me as to why you

13   believe he is persisting in his objections.

14        MR. WAISMAN:  Your Honor, Mr. Kuntz has offered no

15   substantive response to the objection to these three claims set

16   forth in the fourteenth omni.  His sole refrain is consistent -

17   - is constantly that we are not abiding by our stipulation made

18   in court in connection with the fourth omni to not object to

19   his three claims that I mentioned a moment ago.  We have

20   repeatedly indicated to Mr. Kuntz that we are not objecting to

21   those three claims although we reserve our right to do so in

22   the future.  But those are not the subject of the fourteenth

23   omni and we are simply cleaning up the other claims.  He

24   contends that we are not abiding by our stipulation of his term

25   not ours and that we have to do so.  In an effort to try and

- 18 -

1    refresh Mr. Kuntz' recollection, and at his request repeatedly

2    for a copy of the transcript from the fourth omni which is

3    embargoed on the ECF website, we sent Mr. Kuntz a copy of the

4    transcript to review at which point he indicated that we

5    violated some obligation to the Court because the transcript is

6    embargoed.  And that, to him, means the Court does not want us

7    sharing the transcript with other parties and he is precluded

8    from reading it and therefore cannot read the transcript to

9    confirm nor deny what was agreed to on the record of the fourth

10   omnibus objection.

11          So all that by way of, Your Honor, we do not know what

12   his issue may be with these three claims.  And it is debtors'

13   position that these are not valid claims.

14          THE COURT:  Since Mr. Kuntz is not here to prosecute

15   his renewed opposition to the expungement of these claims

16   consistent with the fourteenth omnibus objection claims, I will

17   rely upon the representations of counsel concerning counsel's

18   knowledge of Mr. Kuntz' position, although I recognize that's

19   not the equivalent of what Mr. Kuntz would say if he were

20   present, and conclude that Mr. Kuntz, having lodged the

21   objection and having notice of today's hearing, has elected not

22   to prosecute the objection to these three claims.  I overrule

23   his objection to the expungement of claims, accept the

24   representation that these claims are being expunged consistent

25   with the stipulation made in open court in connection with the

- 19 -

1    fourth omnibus objection to claims that there's no intention

2    here to deprive Mr. Kuntz of those claims recognizing the

3    debtors are also reserving all of their rights on the merits to

4    object to those three surviving claims and otherwise grant the

5    fourteenth omnibus objection.

6         MR. WAISMAN:  Thank you, Your Honor.  Just to close

7    out the record, we did receive one other formal response on the

8    fourteenth, and that was from Andre and Marie Laurendeau.  In

9    their response, they appear to indicate that their claims

10   should not be expunged because they have valid claims.  We have

11   spoken to the couple, I think to Mr. Laurendeau, and provided

12   information by e-mail, and we have explained that we are

13   expunging a duplicate claim, and a live claim will remain.  We

14   believe that that representation and those facts satisfied

15   their concerns.  We have not heard back from them.  They did

16   have notice of the hearing.  And as we indicated, we are only

17   objecting to one of their claims and leaving a live claim

18   currently on their register.  So that is a response we consider

19   to be resolved and, accordingly, believe the fourteenth omnibus

20   objection to claim should be granted.

21        The next omnibus objection to claims is the fifteenth.

22   The agenda reflects three formal responses that are unresolved,

23   and each of those has been adjourned, and we would not be going

24   forward to expunge those claimants' claims at this time.

25        There are two formal responses to discuss, both from

- 20 -

1   pro se claimants, one from Maximiliano Herrera Campos and one

2   from Heinrich Humpohl, that is withdrew the fifteenth omni as

3   to these individuals' claims, and those responses have been

4   resolved.  Accordingly, for the claims left on the fifteenth

5   omnibus objection to claims, there have been no responses, and

6   we would ask that the Court enter the order at this time.

7           THE COURT:  I'll enter that order.

8           MR. WAISMAN:  That leaves us with omnibus objection to

9   claims number sixteen.  One formal response was received.  It

10  was filed on behalf of eight individual claimants.  We have

11  withdrawn the sixteenth omni as to those individuals' claims,

12  and those responses, therefore, have been resolved.

13  Accordingly, the sixteenth omnibus objection to claims is

14  unopposed at this time, and we would ask Your Honor to grant

15  that objection.

16          THE COURT:  All right, I will grant that objection as

17  well.

18          MR. WAISMAN:  Your Honor, with that, nothing further

19  on the agenda for the Lehman Brothers Holdings Inc. related

20  cases.

21          MS. ECKOLS (TELEPHONICALLY):  Your Honor, this is Ms.

22  Eckols.  Just one moment.  Just to clear up the record, I'm not

23  sure that we got a ruling on the fourteenth omnibus objection

24  overall.  And just to clear up the record, if the Court would,

25  respectfully -- we respectfully request that the Court grant

LEHMAN BROTHERS HOLDINGS INC., et al.

- 21 -

1   that objection.

2          THE COURT:  Well, I actually think I did grant that

3   objection and then Mr. Waisman went on to amplify the record as

4   it relates to the status of Andre Laurendeau.  But to the

5   extent of any ambiguity, I confirm that what I said prior to

6   that comment remains valid.  And --

7          MS. ECKOLS:  Thank you, Your Honor.

8          THE COURT:  Okay.  Now, I do have a question which is

9   more a process question than anything else.  And it relates, in

10  particular, to the disposition of the fifteenth omnibus

11  objection to claims as it relates to foreign currency claims.

12  And this is just a concern that I'm expressing.  I'm not sure

13  to what extent we dealt with all the foreign currency claims

14  here.  But it seems to me that regularly the bar date order put

15  literally the world on notice that in order to file it, the bar

16  date requirements, claims needed to be denominated in U.S.

17  dollars, and most claimants did just that.  But there are

18  certain claimants whose transactions with the debtor,

19  historically, were denominated in other currencies, Euros for

20  example.  And I'm a little bit concerned that there's disparate

21  treatment with respect to claims in this category in this

22  respect.

23          The world of claimants is put on notice that they need

24  to file claims in U.S. dollars.  Some claims are filed in other

25  currencies.  Omnibus objections are lodged with respect to the

- 22 -

1     foreign currency denominated claims.  And then to the extent

2     that any party in receipt of notice of that objection responds,

3     that party gets exoneration, in effect, by an agreement to

4     denominate the claim in U.S. dollars simply because they

5     reached out and contacted debtors.  But to the extent that

6     there is a party that, for whatever reason, ignores the omnibus

7     objection to claims, that party is out of luck, even though

8     that party may have a claim of the very same sort as one that's

9     being allowed simply because a party has communicated with the

10    debtors.

11         I'm simply expressing some unease on my part to what

12    appears to be disparate treatment within this class because it

13    seems to me that either this is an aspect of the bar date order

14    which is going to be disregarded because it's a purely

15    mechanical exercise to convert currency as of the petition

16    date, or it's an aspect of the order that's going to be

17    strictly observed.  If it's not going to be strictly observed,

18    then those parties who contacted the debtor don't necessarily

19    get the benefit of having the claim converted.  So I'm trying

20    to understand the logic of it.

21         MR. WAISMAN:  Your Honor, as you can imagine, in the

22    claims context, we struggle with innumerable issues on a daily

23    basis, given the magnitude of claims and the complexity of

24    issues, this being just one of them.  And while the debtors

25    would -- it would be easiest for the debtors to require

- 23 -

1    absolute and strict adherence to the bar date order, no

2    exception, the debtors also realize the practical reality of

3    the magnitude of claims, the expense of litigating certain

4    issues, small issues, as opposed to others, and the

5    requirements on this Court's time.  And the collective view

6    with respect to foreign currency issues in particular, but it

7    comes up in other contexts, is while Your Honor's right, it may

8    be providing certain people another opportunity for the sake of

9    efficiency of cases and also efficiency of professional fees,

10   and the requirement on those that file claims in foreign

11   currency, our sampling indicates they typically are individuals

12   located very, very far away with not substantial means.  We

13   made a determination that so long as, first we, with all of our

14   omnibus objections, try to provide more time than is normally

15   required for responses so that foreign creditors are not

16   prejudiced by the process.  And they've -- we do receive

17   formal, informal responses and people do provide the

18   calculation.  It would simply be more efficient for us, for the

19   Court to not require or not create a mini-battle on each and

20   every issue, in particular on an issue such as this.  At the

21   end of the day, you know, it's Your Honor's order and the Court

22   is going to enforce the order as the Court sees fit, as it

23   already has with its late claim decision.  But just to give you

24   an appreciation of the rationale that went into why do we

25   accept some and not others, it seemed like the reasonable thing

- 24 -

1   to do given the context of these cases and the claims.

2       THE COURT:  I agree.  But I'm going to make clear that

3   if there is a party adversely affected by the fifteenth omnibus

4   claim objection -- which is a pure foreigncy (sic) claim

5   omnibus objection -- that has its claim disallowed simply

6   because it did not reach out and contact the debtors, I'm going

7   to be open to reconsideration of the disallowance of such

8   creditor claims to the extent that good cause can be shown for

9   the failure to have reached out to the debtors to deal with

10  this issue, the reason being that I'm simply concerned that

11  there's, in effect, a different procedure applicable to the

12  diligent.  And there's nothing wrong with different procedures

13  being applicable to the diligent when it comes to filing a

14  proof of claim, particularly when dealing with claims that are

15  being asserted from foreign countries.  There may be a language

16  issue; there may be an issue of understanding.  And to the

17  extent that there's confusion, reasonable confusion, I'm not

18  treating a disallowance of the foreign currency claims as being

19  the last word on the subject.

20       I simply think that either we should be more strict in

21  observing the little language of the order and insist that the

22  same rules apply to everybody, or we should be equally lenient,

23  or at least reasonably lenient when it comes to the calculation

24  of claims for parties who didn't comply because we end up with

25  what amounts to a subset of foreign creditors, those who file

08-13555-mg    Doc 10246    Filed 07/01/10    Entered 07/16/10 12:37:08    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 25 of 28

- 25 -

1    claims in foreign currencies, inconsistent with the actual

2    requirements of the bar date order who have the claims allowed,

3    and another category with the claims disallowed, and the

4    difference being a phone call or an e-mail.  Now, I'm not

5    saying that that's an inappropriate informal resolution.  But

6    I'm not sure that I, at this moment, feel comfortable with

7    those subsets.

8            MR. WAISMAN:  Understand and appreciate everything,

9    Your Honor has said.  I would simply submit that the

10   difference, in addition to what Your Honor has said the

11   difference being a direct and personalized notice objection was

12   sent to each of these parties clearly indicating the deficiency

13   and the need to act -- the failure to act, notice and

14   opportunity on an extended timetable, and that, in and of

15   itself, we believe sufficient to bar those that did not respond

16   from relitigating our objection.  I certainly hope we don't

17   have to be before the Court on the issue but we obviously

18   reserve our rights, should it arise.

19           THE COURT:  Sure, understood.  And I'm sensitive to

20   what you said about notice and the hearing.  It's just that

21   what I don't understand -- and I'm not belaboring this, but I'm

22   making a further comment -- is the nature of the showing that,

23   in effect, a creditor needs to make in order to fall into the

24   basket of allowed claim.  If it's simply a, will we calculate

25   the claim, well, anyone can do that.  Presumably there's an

- 26 -

1    easy way to convert whatever the currency is to U.S. dollars,

2    and that the rationale for requiring that the claims be stated

3    in U.S. dollars is pretty basic; that's how bankruptcy claims

4    are always allowed.  This is, after all, the United States of

5    America, and that's our currency.  But it's also true that in

6    international commerce, currency exchange rates are readily

7    ascertainable and mechanically applied.  They do it on my

8    credit card every time I travel.

9            So I simply note that I'm recognizing this issue.  To

10   the extent that a party hasn't appeared and hasn't responded, I

11   have no discomfort in expunging their claims.  But to the

12   extent that somebody shows up and says wait a minute, this is

13   unfair, I'm prepared to hear them

14           MR. WAISMAN:  Understood, Your Honor.

15           THE COURT:  Okay.

16           MR. WAISMAN:  Thank you.

17           THE COURT:  We're adjourned.

18           MR. WAISMAN:  Thank you.

19        (Whereupon these proceedings were concluded at 11:53 a.m.)

20

21

22

23

24

25

- 27 -

1

2                              I N D E X

3

4                          R U L I N G S

5     DESCRIPTION                                      PAGE     LINE

6     Debtors' tenth and eleventh omnibus objections    14       19

7     to claims sustained

8     Debtors' twelfth omnibus objections to claims     14       25

9     sustained

10    Debtors' fourteenth omnibus objections to         19        5

11    claims with respect to three remaining

12    claims of William Kuntz sustained

13    Debtors' fifteenth omnibus objections to          20        7

14    claims sustained

15    Debtors' sixteenth omnibus objections to          20       17

16    claims sustained

17

18

19

20

21

22

23

24

25

- 28 -

1

2                         C E R T I F I C A T I O N

3

4    I, Lisa Bar-Leib, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7    _____

8    LISA BAR-LEIB

9    AAERT Certified Electronic Transcriber (CET**D-486)

10

11   Veritext

12   200 Old Country Road

13   Suite 580

14   Mineola, NY 11501

15

16   Date:  June 30, 2010

17

18

19

20

21

22

23

24

25