# EXHIBIT L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

– against –

MORGAN STANLEY & CO.
INCORPORATED,

               Defendant.

Civil Action No.

---

# CONSENT OF
# MORGAN STANLEY & CO. INCORPORATED

1. Defendant Morgan Stanley & Co. Incorporated ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment and Addendum A to the Final Judgment in the form attached hereto and incorporated by reference herein, which, among other things:

    a) permanently restrains and enjoins Defendant from violating Rules 2110, 2210 and 3010 of the Conduct Rules of NASD Inc. ("NASD") and Rules 342, 401, 472 and 476 of the New York Stock Exchange, Inc. ("NYSE");

    b) orders Defendant to pay a total amount of $125,000,000; and

    c) orders Defendant to comply with the undertakings set forth in Addendum A to the Final Judgment.

3. As a result of the violations alleged in the Complaint, Defendant shall pay a total amount of $125,000,000, (which amount includes the State Settlement Offer, as defined below, and is subject to the decision of any state securities regulator(s) not to accept the State Settlement Offer). This amount includes:

   a) $25,000,000, as a penalty;

   b) $25,000,000, as disgorgement of commissions and other monies; and

   c) $75,000,000, to be used for the procurement of Independent Research, as described in the undertakings set forth in Addendum A to the Final Judgment.

No portion of the payments for Independent Research shall be considered disgorgement or restitution, and/or used for compensatory purposes.

4. The amount of $50,000,000, which is the sum of the penalty of $25,000,000 and disgorgement of $25,000,000, consists of (1) $25,000,000 in connection with the resolution of this action and related proceedings instituted by NASD and NYSE (the "Federal Payment"); and (2) $25,000,000 that Defendant has offered to pay in connection with the resolution of related proceedings by state securities regulators (which, for these purposes, shall include the District of Columbia and Puerto Rico) (Defendant's offer to the state securities regulators hereinafter shall be called the "State Settlement Offer"). Defendant shall pay the Federal Payment of $25,000,000 by wire transfer within ten business days of the entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Morgan Stanley & Co. Incorporated as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made to the Court Registry Investment System ("CRIS") Distribution Fund Account pursuant to this Final Judgment. Defendant shall

simultaneously transmit photocopies of its payment and letter to the Clerk of the Court to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the CRIS, to be designated the "Distribution Fund Account." These funds, together with any interest and income earned thereon (collectively, the "Distribution Fund"), shall be held by the CRIS until further order of the Court. In the event that any portion of the penalty described in Paragraph 3(a) above is remitted for deposit into the Distribution Fund, such penalty amount shall be added to the Distribution Fund and distributed pursuant to the Fair Funds provisions in Section 308 of the Sarbanes-Oxley Act of 2002; provided, however, that the full penalty amount and such portion shall still be considered a penalty for tax and any other purposes. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Distribution Fund a fee equal to ten percent of the income earned on the Distribution Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Distribution Fund shall be managed in accordance with the terms of the Final Judgment and shall be distributed pursuant to the Final Judgment.

5.  Defendant's obligation to make the Federal Payment is not contingent or dependent in any way or part on Defendant's payments to state securities regulators pursuant to the State Settlement Offer. The total amount to be paid by Defendant to state securities regulators pursuant to the State Settlement Offer (and the total amount of the sum of the penalties and disgorgement payable under Section II.A) may be reduced due to the decision of any state securities regulator(s) not to accept the State Settlement Offer. In the event a state securities

regulator determines not to accept Defendant's State Settlement Offer, the total amount of the Federal Payment shall not be affected, and shall remain at $25,000,000. The total amount of penalties paid (1) in the Federal Payment ("$P_{Fed}$") and (2) pursuant to that portion of the State Settlement Offer that is accepted by the state securities regulators ("$P_{States}$") shall at all times equal the total amount of disgorgement paid (3) in the Federal Payment ("$D_{Fed}$") and (4) pursuant to that portion of the State Settlement Offer that is accepted by state securities regulators ("$D_{States}$"). Insofar as any amount paid to the state securities regulators pursuant to the State Settlement Offer is deemed a penalty, the amount of the Federal Payment that is deemed a penalty shall be adjusted so that $P_{Fed} + P_{States} = D_{Fed} + D_{States}$.

6. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification, including but not limited to payment made pursuant to any insurance policy, with regard to any penalty amounts that Defendant shall pay pursuant to Section II of the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to the Distribution Fund Account or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant shall pay pursuant to Section II of the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to the Distribution Fund Account or otherwise used for the benefit of investors. Defendant understands and acknowledges that these provisions are not intended to imply that the Commission would agree that any other amounts the Defendant shall pay pursuant to the Final Judgment may be reimbursed or indemnified (whether pursuant to an insurance policy or otherwise) under applicable law or may be the basis for any tax deduction or tax credit with regard to any federal, state, or local tax.

7. Defendant agrees to the undertakings set forth in Addendum A to the Final Judgment.

8. Defendant understands that in accepting the settlement, the Commission considered, among other things, Defendant's voluntary participation in an initiative with other firms, whereby it agrees that it will not allocate securities in "hot" initial public offerings to corporate executives, as set forth in a written agreement.

9. Defendant agrees that this Consent and the undertakings set forth in Addendum A to the Final Judgment shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Defendant acknowledges that any violation of any of the terms of the Final Judgment may place it in contempt of this Court and subject it to civil or criminal sanctions, or both.

11. Defendant states and understands that, on the basis of the Final Judgment, the Commission will not institute a proceeding against Defendant pursuant to Sections 15(b), 15B, 15C, or 19(h) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78o(b), 78o-4, 78o-5, 78s(h)].

12. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

13. Defendant waives any right it may have to appeal from the entry of the Final Judgment.

14. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

16. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

16. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

17. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. Defendant has made, or will make, various applications for temporary and permanent relief from such disqualifications and collateral consequences with the Commission, the states, various self-regulatory organizations, licensing

boards, and other regulatory organizations, with the express understanding that the staff of the Commission does not oppose the grant of such relief pursuant to those applications.

18. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in defense of litigation or in defense of other legal proceedings in which the Commission is not a party.

19. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

20. Defendant hereby undertakes and agrees to cooperate with the Commission's investigation in *In the Matter of Certain Analyst Conflicts of Interest*. Defendant further undertakes and agrees that, at the Commission's request, and without service of a subpoena, Defendant will provide, subject to the privileges and protections available to Defendant under the

attorney-client privilege and attorney work-product protections, information and discovery relating to the subject matter of the Commission's Complaint in this action. Defendant further undertakes and agrees to use all best efforts to make its principals, partners, officers, and/or employees available for interviews and to testify at any deposition, judicial or administrative proceeding, or private investigation of the Commission, related to the Commission's Complaint in this action, any allegations therein, and any litigation or proceeding based thereon or related to any other proceeding brought by the Commission as a result of this proceeding. For purposes of litigation involving the Commission: (i) Defendant will accept service of notices from the Commission requesting information or discovery from Defendant, or subpoenas directed to Defendant, by mail or facsimile transmission and appoints Defendant's undersigned attorney as agent to receive such notices and subpoenas; and (ii) any such notices or subpoenas may be served and may request testimony beyond the territorial limits imposed by Rule 45 of the Fed.R.Civ.P., and Defendant consents to personal jurisdiction over it in any United States District Court for purposes of enforcing any such subpoena.

21. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

22. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: April __, 2003

_____
Morgan Stanley & Co. Incorporated

By: _____

Name: _____

Title: _____

On April __, 2003, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.

_____
Notary Public
Commission expires:

Approved as to form:

_____
James P. Cusick, Esq.
Morgan Stanley & Co. Incorporated
1221 Avenue of the Americas
New York, NY 10020
(212) 762-7114
fax: (212) 762-8834
*Attorney for Defendant*

9