**HEARING DATE AND TIME: September 1, 2010 at 2:00 p.m. (Eastern Time)**
**RESPONSE DEADLINE: August 19, 2010 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF TWENTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                   :    **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :    **08-13555 (JMP)**
                                                        :
                    Debtors.                            :    **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWENTY-NINTH**
**OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

      **PLEASE TAKE NOTICE** that on July 19, 2010, Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their twenty-ninth omnibus objection to claims

(the "Debtors' Twenty-Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing")

to consider the Debtors' Twenty-Ninth Omnibus Objection to Claims will be held before the

US_ACTIVE:\43446208\07\58399.0008

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 1, 2010 at 2:00 p.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Twenty-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **August 19, 2010 at 4:00 p.m. (Eastern Time)** (the

"<u>Response Deadline</u>").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Twenty-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Twenty-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 19, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: September 1, 2010 at 2:00 p.m. (Eastern Time)**
**RESPONSE DEADLINE: August 19, 2010 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**    :    08-13555 (JMP)
                                                :
          Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' TWENTY-NINTH OMNIBUS**
**OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWENTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR ON THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

   Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

   1. The Debtors file this twenty-ninth omnibus objection to claims (the "Twenty-Ninth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order disallowing and expunging the claims listed on Exhibit A annexed hereto.

   2. The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed thereon (collectively, the "No Blocking Number LPS Claims") violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. Specifically, the No Blocking Number LPS Claims are claims based on a Lehman Program Security (as defined in the Bar Date Order and further below) that do not include an electronic instruction reference number or a blocking reference number as required by the Bar Date Order. The Debtors, therefore, request the disallowance and expungement of the No Blocking Number LPS Claims in their entirety.

   3. The Debtors reserve all their rights to object on any other basis to any No Blocking Number LPS Claims as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9.  On July 2, 2009, this Court entered the Bar Date Order, which set forth specific alternative claim filing procedures (the "Lehman Program Securities Procedures") that

apply to the filing of any and all claims (including claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading 'Lehman Programs Securities' (any such security, a 'Lehman Program Security') . . . ." (Bar Date Ord. at 12.) The Lehman Program Securities Procedures resulted from extensive negotiations among the Debtors, the Creditors' Committee, the issuers of Lehman Program Securities, Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream"), and a large group of creditors.

        10.     The Bar Date Order set forth the Lehman Program Securities Procedures that specifically required, among other things, that claims for Lehman Program Securities "include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number." (*Id.* at 13.) Each blocking number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Program Security in a specific amount. The issuance of a blocking number prevented the holder of a Lehman Program Security from trading that security through November 2, 2009 (the "Lehman Program Securities Bar Date"). The blocking number requirement was necessary because the Lehman Program Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security, but rather individual holders of such securities (or custodians thereof) would be filing claims based on such securities. Accordingly, the blocking number requirement provided the only mechanism for the Debtors to confirm the ownership and amount of a particular security for purposes of the Securities Program Proof of Claim. Absent the blocking number requirement and temporary restriction on trading, the risk would exist that the Debtors would make

distributions in excess of the outstanding amount of the Lehman Program Securities and multiple distributions on the same obligation.

11. Moreover, the Bar Date Order warned that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order . . . shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." (Bar Date Ord. at 9-10.)[1] A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

12. Because the Lehman Program Securities were widely held by investors around the world, the Lehman Program Securities Procedures provided that the notice of the Securities Programs Bar Date (the "Securities Programs Bar Date Notice") would be widely published and disseminated. Pursuant to the Bar Date Order, the Securities Programs Bar Date Notice was published by the Debtors in ten languages, plus seven translations for local dialects, in twenty-six newspapers in eighteen countries.[2] The Securities Programs Bar Date Notice was also provided to Euroclear, Clearstream, and similar clearing systems as well as to the issuers of the Lehman Program Securities with a request that those entities distribute the notice to the holders of Lehman Program Securities.

13. The Securities Programs Bar Date Notice included a "**Special Note Regarding Blocking Numbers**" instructing that "[e]ach Securities Program Proof of Claim must

---

[1] The Bar Date Order also stated that, "other than specifically provided in clauses (a) through (m) above [setting forth the procedures to file claims by holders of a Lehman Program Security], all provisions of this Order apply to holders of claims under any Lehman Program Security and holders of claims based on such Lehman Program Security are required to comply with all provisions of this Order . . . ." (Bar Date Ord. at 15.)

[2] The Bar Date Order specified that "the Debtors shall publish notice (translated into the appropriate language, if necessary) substantially in the form of the Securities Programs Bar Date Notice at least once in one leading national newspaper in each of Italy, Spain, France, Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Austria, Greece, Brazil, Argentina, Australia, and Japan . . . ." (Bar Date Ord. at 14.)

include either a Euroclear Electronic Instruction Reference Number, a Clearstream Blocking Reference Number, or other depository blocking reference numbers, as appropriate (each, a 'Blocking Number') with respect to each Lehman Programs Security for which such Securities Program Proof of Claim is filed." (Secs. Programs Bar Date Notice at 3 (emphasis in original).)[3] It also warned claimants in bold-face type that "[a]ny holder of a claim based on a Lehman Programs Security who fails to file a Securities Programs Proof of Claim in accordance with the Bar Date Order on or before the Securities Programs Bar Date . . . will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Securities Programs Proof of Claim with respect to such claim) against LBHI [and] the other Debtors and their estates . . . ." (*Id.* at 3.)

### The No Blocking Number LPS Claims Should Be Disallowed and Expunged

14. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as being claims based on a Lehman Program Security that were filed without the required blocking number.

15. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

---

[3] The Securities Programs Bar Date Notice established October 23, 2009 as the deadline to request a Blocking Number. (Secs. Programs Bar Date Notice at 3.)

16. The No Blocking Number LPS Claims fail to comply with the Bar Date Order's specific direction that Securities Programs Proofs of Claim include a blocking number. (*See* Bar Date Ord. at 13.) As this Court has recognized, the Bar Date Order is a unique and highly negotiated document meriting strict compliance with the requirements and procedures set forth therein. Moreover, the blocking number requirement in the Lehman Program Securities Procedures was specifically and extensively negotiated and is a critical safeguard against duplicative or excess distributions on Lehman Program Securities. The widely distributed Securities Programs Bar Date Notice informed holders of Lehman Program Securities of the blocking number requirement and expressly warned that failure to comply would result in their claims being barred. (*See* Secs. Programs Bar Date Notice at 3.) Nevertheless, these claimants filed the No Blocking Number LPS Claims without the required blocking number.

17. Accordingly, the Debtors request that the Court disallow and expunge in their entirety the No Blocking Number LPS Claims listed on <u>Exhibit A</u>.

## Notice

18. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Twenty-Ninth Omnibus Objection to Claims, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], on: (i) each claimant listed on <u>Exhibit A</u>; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 19, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 29: EXHIBIT A – NO BLOCKING NUMBER LPS CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ASPECTA ASSURANCES INTERNATIONAL SA GOLDBELL 1 5, RUE EUGENE RUPPERT , L-2453 LUXEMBOURG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17587 | $2,788,048.90 | No Blocking Number LPS Claim |
| 2 | AUGUST '86 TRUST, THE C/O POWER CITY LTD. UNIT 12 PINEWOOD CLASE, BOGHALL ROAD BRAZ, C. WICKLAW, IRELAND | | | 10/20/2009 | 42708 | $448,110.00 | No Blocking Number LPS Claim |
| 3 | BIOTECH CAPITAL INVESTMENT NO 6, 3RD FL QWOMAR TRADINGI BUILDING ROAD TOWN TORTOLA, VIRGIN ISLANDS (BRITISH) | | | 09/22/2009 | 29925 | $500,000.00 | No Blocking Number LPS Claim |
| 4 | CREDITO PRIVATO COMMERCIALE SA VIA ZURIGO 46 LUGANO, 6901 SWITZERLAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24221 | $600,000.00 | No Blocking Number LPS Claim |
| 5 | CREDITO PRIVATO COMMERCIALE SA VIA ZURIGO 46 LUGANO, 6901 SWITZERLAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24223 | $73,400.00 | No Blocking Number LPS Claim |
| 6 | CREDITO PRIVATO COMMERCIALE SA VIA ZURIGO 46 LUGANO, 6901 SWITZERLAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24222 | $205,520.00 | No Blocking Number LPS Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 29: EXHIBIT A – NO BLOCKING NUMBER LPS CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 7 | MORGAN KEEGAN AND CO<br>ATTN: JUSTIN COOK<br>50 N. FRONT ST.<br>MEMPHIS, TN 38103 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/15/2009 | 40496 | $3,983,000.00 | No Blocking Number LPS Claim |
| 8 | OPTIQUE PTY LTD ATF OPTIQUE SUPER PENSION FUND<br>C/O KEITH MASNICK<br>1 ROSLYNDALE AVE<br>WOOLLAHRA, N.S.W 2025<br>AUSTRALIA | | | 06/01/2010 | 66716 | $81,901.00 | No Blocking Number LPS Claim |
| 9 | PIACENZA, MARCELO<br>ANTARTIDA ARGENTINA 1451<br>BOULOGNE - BS- AS, CP 1609<br>ARGENTINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/02/2009 | 62902 | $50,000.00 | No Blocking Number LPS Claim |
| 10 | RBC CAPITAL MARKETS CORPORATION<br>510 MARQUETTE AVE S - M10<br>MINNEAPOLIS, MN 55402 | | | 10/29/2009 | 56598 | $300,000.00 | No Blocking Number LPS Claim |
| 11 | SCHOEMAKER, PETRA<br>SCHLEIDENER STR. 4<br>KOLN, D-50397<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/28/2009 | 9642 | $7,188.00 | No Blocking Number LPS Claim |
| | | | | | TOTAL | $9,037,167.90 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                  :
                                            Debtors.           :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' TWENTY-NINTH OMNIBUS
OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

Upon the twenty-ninth omnibus objection to claims, dated July 19, 2010 (the "Twenty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), disallowing and expunging the No Blocking Number LPS Claims on the grounds that the Bar Date Order required that such claims include an electronic instruction reference number or a blocking reference number, all as more fully described in the Twenty-Ninth Omnibus Objection to Claims; and due and proper notice of the Twenty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Twenty-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twenty-Ninth Omnibus Objection to Claims

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-Ninth Omnibus Objection to Claims.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Twenty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Blocking Number LPS Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Blocking Number LPS Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Twenty-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE