THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED
PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THIRTIETH
OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS
OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN
THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO
DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, SARAH DECKER, AT 214-746-7700.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------x
In re                                       :        Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :        08-13555 (JMP)
                                            :
                              Debtors.      :        (Jointly Administered)
-------------------------------------------------------------------x
```

NOTICE OF HEARING ON DEBTORS'
THIRTIETH OMNIBUS OBJECTION TO CLAIMS (NO DEBTOR CLAIMS)

PLEASE TAKE NOTICE that on July 19, 2010, Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their thirtieth omnibus objection to claims (the

"Debtors' Thirtieth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to

consider the Debtors' Thirtieth Omnibus Objection to Claims will be held before the Honorable

James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **September 1, 2010 at 2:00 pm (Eastern Time),** or as soon thereafter as counsel

may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'

Thirtieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York,

New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto,

Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official

committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than

**August 19, 2010 at 4:00 pm (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Thirtieth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Thirtieth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 19, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

### DEBTORS' THIRTIETH OMNIBUS
### OBJECTION TO CLAIMS (NO DEBTOR CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THIRTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, SARAH DECKER, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### Relief Requested

        1.     The Debtors file this Thirtieth omnibus objection to claims (the "Thirtieth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order disallowing and expunging the claims listed on Exhibit A annexed hereto.

        2.     The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively, the "No Debtor Claims") violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as they were submitted without specifying a case number or a Debtor against whom the claim is asserted.  Therefore, the No Debtor Claims do not constitute valid *prima facie* claims, and the Debtors request they be disallowed and expunged in their entirety.

        3.     The Debtors reserve all their rights to object on any other basis to any No Debtor Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.        Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of

title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b).  The Debtors are authorized to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.        On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the

Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy

Code [Docket No. 7531].

8.        On July 2, 2009, this Court entered the Bar Date Order, which requires,

among other things, that each Proof of Claim must "state the name and case number of the

*specific* Debtor against which it is filed."  (Bar Date Ord. at 6) (emphasis added).  The Debtors'

Proof of Claim form clearly and conspicuously includes the following instruction:  "YOU MUST

INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED,

INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER

(DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM."  Further, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . *specifying the applicable Debtor* and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)."  (Bar Date Ord. at 9-10) (emphasis added).  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9.    Claimants also received notice of the Bar Date Order via mail and as posted on the docket.  (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").)  The Bar Date Notice, which was also published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, prominently stated in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . *specifying the applicable Debtor* and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)."  (Bar Date Notice at 6) (emphasis added).

10.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## The No Debtor Claims Should Be Disallowed and Expunged

11.      In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as claims that should be disallowed and expunged on the basis that they were submitted without specifying a case number or a Debtor against whom the claim is asserted. Therefore, the claims listed on Exhibit A do not constitute valid *prima facie* claims.

12.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.      The Bar Date Order specifically requires that each Proof of Claim must "state the name and case number of the *specific* Debtor against which it is filed."  (Bar Date Ord. at 6) (emphasis added).  As this Court has recognized, the Bar Date Order is a unique and highly negotiated document meriting strict compliance with the requirements and procedures set forth therein.  Moreover, the Debtors' Proof of Claim form clearly and conspicuously provides the following instruction:  "YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM."  Further, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . *specifying the applicable Debtor* and other requirements set forth herein, shall forever be barred,

estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)."  (Bar Date Ord. at 9-10) (emphasis added).  The No Debtor Claims do not satisfy these requirements.

14.    Claimants were specifically provided notice of the need to identify on the proof of claim form the specific Debtor(s) against which they are asserting their claim and the related case number(s).  The widely distributed Bar Date Notice included instructions on how to complete the proof of claim forms and a warning that failure to comply with those instructions would result in their claims being barred.  (*See* Bar Date Notice at 4, 6.)  Nevertheless, these claimants filed the No Debtor Claims without identifying either a case number or the specific Debtor(s) against whom the claim is asserted.

15.    Moreover, the No Debtor Claims contain insufficient information on which this Court could reasonably rely to accept the proof of claim as *prima facie* valid.  A proof of claim is *prima facie* valid if it "alleges facts sufficient to support a legal liability [of the debtor] to the claimant[.]"  *In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74; *see also In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bankr. D. Del. 2001) (court upheld debtor's objection to creditor's proof of claim because creditor could not establish facts necessary to support *prima facie* claim against debtor).  For a proof of claim to be legally sufficient, it must:  (a) "be in writing;" (b) "make a demand upon the debtor's estate;" (c) "express the intent to hold the debtor liable for the debt;" (d) "be properly filed;" and (e) "be based upon facts [that] would allow, as a matter of equity . . . the document [to be] accepted as a proof of claim."  *First Nat'l Bank of Fayetteville, Ark. v. Circle J. Dairy, Inc.* (*In re Circle J Dairy, Inc.*)*, 112 B.R. 297, 299-300 (Bankr. W.D. Ark. 1990).  If a claim fails to comply with each of the foregoing requirements, it is not entitled to *prima facie* validity under Bankruptcy Rule 3001.  *Ashford v. Consolidated Pioneer Mortgage*

(*In re Consolidated Pioneer Mortgage*), 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd,* 91 F.3d

151 (9th Cir. 1996).  The burden of persuasion is on the holders of the No Debtor Claims to

establish a valid claim against the Debtors.  By failing to identify any Debtor on their claim form

or any case number, these claimants have not, and cannot, meet that burden.  *In re Allegheny*

*Int'l, Inc.*, 954 F.2d 167, 174 (3d Cir. 1992).[1]

      16.    Furthermore, by comparing the information contained on the No Debtor

Claims with the Debtors' schedules (including using combinations of the creditor's name and

address, common abbreviations, and d/b/a and f/k/a information), the Debtors have confirmed

that the Debtors' schedules do not reflect claims or amounts for claimants holding No Debtor

Claims.

      17.    Because the No Debtor Claims fail to comply with the Bar Date Order's

unambiguous direction that claims identify on the proof of claim form the case number and

specific Debtor against which the claim is filed, and do not constitute valid *prima facie* claims,

the Debtors request that the Court disallow and expunge in their entirety the No Debtor Claims

on <u>Exhibit A</u>.

<u>**Notice**</u>

      18.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Thirtieth Omnibus Objection to Claims, in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures [Docket No. 9635], on:  (i) each claimant listed on

<u>Exhibit A</u>; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the

Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States

---

[1] The claimants subject to this Thirtieth Omnibus Objection to Claims also failed to identify the amount of the claim(s) asserted against the Debtor(s).

Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

19.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 19, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 30: EXHIBIT A – NO DEBTOR CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | ABILITIES NETWORK, INC. 200 EAST 36TH STREET APT. 5A NEW YORK, NY 10016 | | | 08/03/2009 | 7270 | No Debtor Claim |
| 2 | ACOSTA, FRANK L. 3071 LA BARCA LN LAS VEGAS, NV 89122 | | | 07/24/2009 | 6063 | No Debtor Claim |
| 3 | ANDERSON, PAUL 10707 LOCKLAND RD POTOMAC, MD 20854 | | | 07/17/2009 | 5543 | No Debtor Claim |
| 4 | APTECH SYSTEMS, INC. P.O. BOX 250 BLACK DIAMOND, WA 90810 | | | 07/20/2009 | 5625 | No Debtor Claim |
| 5 | BACKES, LLOYD & CINDY 2299 RD. 13-W BUSHNELL, NE 69128-2833 | | | 12/04/2009 | 65851 | No Debtor Claim |
| 6 | BACKES, LLOYD A. 2299 RD 13 W BUSHNELL, NE 69128-2833 | | | 08/21/2009 | 8872 | No Debtor Claim |
| 7 | BERNARD, FREDERIC W. 54 WEST 74TH STREET APT 504 NEW YORK, NY 10023 | | | 09/28/2009 | 36765 | No Debtor Claim |
| 8 | BRANDIN, ANNETTE 1417 ROLLIN STREET SOUTH PASADENA, CA 91030 | | | 08/13/2009 | 8189 | No Debtor Claim |
| 9 | CANTELLO, PAUL 37 SYLVESTER AVE HAWTHORNE, NJ 07506-1850 | | | 09/09/2009 | 10961 | No Debtor Claim |
| 10 | CASSORLA, SEYMOUR 333 W 56TH ST NEW YORK, NY 10019 | | | 07/14/2009 | 5320 | No Debtor Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 30: EXHIBIT A – NO DEBTOR CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 11 | CENTRAL QUEENS YM & YWHA<br>67-09 108TH STREET<br>FOREST HILLS, NY 11375 | | | 07/17/2009 | 5582 | No Debtor Claim |
| 12 | CHAN, RAYMOND<br>1J HILLCREST ROAD<br>HILLCREST VILLA<br>, 289083<br>SINGAPORE | | | 07/31/2009 | 6800 | No Debtor Claim |
| 13 | CIABURRI, PAMELA<br>2 JUNIPER POINT RD<br>BRANFORD, CT 06405 | | | 08/07/2009 | 7665 | No Debtor Claim |
| 14 | CINTRON, YVETTE<br>17026 CARLTON WAY ROAD<br>HUNTERSVILLE, NC 28078 | | | 07/20/2009 | 5661 | No Debtor Claim |
| 15 | DECKER, RALPH K. JR.<br>2300 SW 48 AVE<br>OCALA, FL 34474 | | | 08/17/2009 | 8404 | No Debtor Claim |
| 16 | DEMASI, KATHLEEN M<br>146 78TH STREET<br>BROOKLYN, NY 11209-2914 | | | 09/01/2009 | 10066 | No Debtor Claim |
| 17 | DIGERONIMO, EUGENE R.<br>1 VALLEYWOOD CT. EAST<br>ST. JAMES, NY 11780 | | | 08/06/2009 | 7507 | No Debtor Claim |
| 18 | DINES<br>PO BOX SS19418<br>NASSAU,<br>BAHAMAS | | | 11/09/2009 | 65246 | No Debtor Claim |
| 19 | DUNKIN, ROBEN L<br>107 CLARK STREET<br>GLEN RIDGE, NJ 07028 | | | 07/20/2009 | 5728 | No Debtor Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 30: EXHIBIT A – NO DEBTOR CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 20 | DUNKIN, ROBEN L<br>107 CLARK ST<br>GLEN RIDGE, NJ 070282217 | | | 07/20/2009 | 5730 | No Debtor Claim |
| 21 | DURKAUN, RUTH<br>5433 LEARY AVE NW, SUITE 104<br>SEATTLE, WA 98107 | | | 10/01/2009 | 35975 | No Debtor Claim |
| 22 | EBERHARDT, JOHN M. & DIANN E<br>12612 HILLCROSS PKWY<br>PROSPECT, KY 40059 | | | 09/22/2009 | 32054 | No Debtor Claim |
| 23 | FRYER, DANIEL J.<br>3 RIDGEWAY GARDENS<br>WESTCLIFF ON SEA, ESSEX, SS08PZ<br>UNITED KINGDOM | | | 09/21/2009 | 23030 | No Debtor Claim |
| 24 | GAY AND LESBIAN LEADERSHIP INSTITUTE<br>1133 15TH STREET N.W<br>SUITE 350<br>WASHINGTON, DC 20005 | | | 07/15/2009 | 5400 | No Debtor Claim |
| 25 | GITLIN, MICHAEL H<br>3900 GREYSTONE AVENUE<br>BRONX, NY 10463 | | | 08/25/2009 | 9357 | No Debtor Claim |
| 26 | GLEEMAN, LEE<br>3422 NW 51ST PL<br>BOCA RATON, FL 33496 | | | 07/29/2009 | 6602 | No Debtor Claim |
| 27 | GR COMMUNICATIONS<br>7 HOYROYD STREET<br>LONDON, SE1 2EL<br>UNITED KINGDOM | | | 07/31/2009 | 6848 | No Debtor Claim |
| 28 | HARRISON, FRANCES<br>45 MCKOWN RD<br>ALBANY, NY 12203 | | | 10/09/2009 | 37274 | No Debtor Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 30: EXHIBIT A – NO DEBTOR CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 29 | HYMAN, BEBE<br>C/O NATIONAL SECURITIES<br>2424 NORTH FEDERAL HWY STE 350<br>BOCA RATON, FL 33431 | | | 09/03/2009 | 10263 | No Debtor Claim |
| 30 | JAYLENE FRANCES PIRRO<br>1942 DERBY DRIVE<br>SANTA ANA, CA 92705 | | | 07/27/2009 | 6323 | No Debtor Claim |
| 31 | LA COUNTY SHERIFF'S OFFICE<br>1725 MAIN STREET<br>SANTA MONICA, CA 90401 | | | 07/20/2009 | 5593 | No Debtor Claim |
| 32 | LEE, MAN Y<br>8629 14TH AVENUE 1FL<br>BROOKLYN, NY 11228 | | | 07/13/2009 | 5261 | No Debtor Claim |
| 33 | LEFCORT, RICHARD<br>1101 SHIPWATCH DRIVE EAST<br>JACKSONVILLE, FL 32225 | | | 07/23/2009 | 5998 | No Debtor Claim |
| 34 | LINDERMAN, JO D<br>15 VALLEY VIEW LANE<br>NEW MILFORD, CT 06776 | | | 09/18/2009 | 18215 | No Debtor Claim |
| 35 | LITTELL, CHRISTOPHER<br>FLAT 202 WELSBY COURT<br>80 MACDONNELL ROAD<br>MID-LEVELS<br>HONG KONG,<br>HONG KONG | | | 11/30/2009 | 65760 | No Debtor Claim |
| 36 | LUTZ, KARLA A<br>2720 QUINN PLACE<br>DYER, IN 46311-2349 | | | 09/22/2009 | 33194 | No Debtor Claim |
| 37 | MALEH, ALAN A<br>1633 SOUTH VILLA WAY<br>WALNUT CREEK, CA 94595 | | | 08/07/2009 | 7702 | No Debtor Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 30: EXHIBIT A – NO DEBTOR CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 38 | MARACOM FACILITIES MANAGEMENT<br>2024 BOW COMMON LANE<br>LONDON, E3 4AX<br>UNITED KINGDOM | | | 07/24/2009 | 6114 | No Debtor Claim |
| 39 | MATRAS, BERTHA TTEE<br>BERTHA MATRAS REV. TRST<br>UAD 6/21/90<br>1150 S.W. 30TH AVE<br>POMPANO BEACH, FL 33069 | | | 07/27/2009 | 6778 | No Debtor Claim |
| 40 | MODASIA, DIPAK<br>801 CASCADES TOWER<br>4 WESTFERRY ROAD<br>LONDON, E14 8JN<br>UNITED KINGDOM | | | 09/21/2009 | 24586 | No Debtor Claim |
| 41 | MONSOUR, SARAH M.<br>500 REBECCA LANE<br>SMYRNA, GA 30082 | | | 07/17/2009 | 5532 | No Debtor Claim |
| 42 | MORGAN, KENNETH<br>724 E FRANKLIN ST<br>MACOMB, IL 61455 | | | 07/27/2009 | 6373 | No Debtor Claim |
| 43 | NORTHGATE HR<br>PEOPLE BUILDING 2<br>PEOPLE BUILDING ESTATE<br>MAYLANDS AVENUE<br>HERTS, HP2 4NW<br>UNITED KINGDOM | | | 07/16/2009 | 5436 | No Debtor Claim |
| 44 | PAUL, MICHAEL L<br>APT 10H<br>101 CLARK STREET<br>BROOKLYN, NY 11201 | | | 07/14/2009 | 5323 | No Debtor Claim |
| 45 | PITCHFORD, HOLLIS R.<br>1670 PATRIOT RD.<br>CENTRALIA, IL 62801 | | | 10/15/2009 | 40405 | No Debtor Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 30: EXHIBIT A – NO DEBTOR CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 46 | PITTERS, LYNNE S<br>24 E PARK CT # 4167<br>ELLIJAY, GA 30536-1955 | | | 07/20/2009 | 5602 | No Debtor Claim |
| 47 | PUSKULDJIAN, PAUL A<br>50 ROOSEVELT AVE<br>GLEN HEAD, NY 11545-1532 | | | 07/22/2009 | 5857 | No Debtor Claim |
| 48 | RISSACHER, ELENA F.<br>CGM IRA CUSTODIAN<br>47 PARKWOOD ST. EAST<br>ALBANY, NY 12203-3630 | | | 08/24/2009 | 9199 | No Debtor Claim |
| 49 | RODGERS, CATHERINE M<br>477 HARRISON STREET<br>NUTLEY, NJ 07110-2575 | | | 09/22/2009 | 32724 | No Debtor Claim |
| 50 | ROGER,EMMANUEL<br>30, RUE DE LORRAINE<br>SAINT-GERMAIN-EN-LAYE, 78 78100<br>FRANCE | | | 09/29/2009 | 35506 | No Debtor Claim |
| 51 | SAVILLO, JOSEPHINE M.<br>34-02 BROOKSIDE ST. FLOOR 2<br>LITTLE NECK, NY 11363 | | | 08/21/2009 | 8950 | No Debtor Claim |
| 52 | SLEEP DISORDERS CENTER<br>26 WESTORCHARD RD<br>CHAPPAQUA, NY 10514 | | | 09/21/2009 | 34210 | No Debtor Claim |
| 53 | SPIEGEL, STEVEN<br>204 WARREN ST<br>BROOKLINE, MA 02445 | | | 07/16/2009 | 5462 | No Debtor Claim |
| 54 | STANINGER, RUDOLF J.<br>AFRH - WASHINGTON<br>LA GARDE, ROOM 532A<br>3700 NORTH CAPITAL STREET NW<br>WASHINGTON, DC 20011-8400 | | | 03/04/2010 | 66362 | No Debtor Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 30: EXHIBIT A – NO DEBTOR CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 55 | THORTON, JAMES A, TTEE<br>JAMES A THORTON FAMILY TRUST<br>2045 DEL RIO LANE<br>RENO, NV 89509 | | | 08/14/2009 | 8281 | No Debtor Claim |
| 56 | WALKER TOUCHE, ANTONIO &<br>OLIVERA DE WALKER, IRMA<br>CALLE ALGARROBO #23 CLUB DE GOLF<br>LA CEIBA MERIDA<br>YUCATAN, 97000<br>MEXICO | | | 08/03/2009 | 7026 | No Debtor Claim |
| 57 | WALKER, GEORGE H. IV<br>45 GREENE ST., APT. 6<br>NEW YORK, NY 10013 | | | 09/22/2009 | 30420 | No Debtor Claim |
| 58 | WILLIAMS, JUANITA<br>765 LINCOLN AVE APT 12J<br>BROOKLYN, NY 11208 | | | 07/24/2009 | 6145 | No Debtor Claim |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                          :          **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :          **08-13555 (JMP)**
                                                               :
                                    **Debtors.**          :          **(Jointly Administered)**
----------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' THIRTIETH OMNIBUS**
**OBJECTION TO CLAIMS (NO DEBTOR CLAIMS)**

Upon the thirtieth omnibus objection to claims, dated July 19, 2010 (the "Thirtieth

Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in

the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664] (the "Procedures Order"), disallowing and expunging the No Debtor Claims

on the grounds that such claims fail to comply with the Bar Date Order and, therefore, do not

constitute valid *prima facie* claims, all as more fully described in the Thirtieth Omnibus

Objection to Claims; and due and proper notice of the Thirtieth Omnibus Objection to Claims

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Thirtieth Omnibus Objection to

Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Thirtieth Omnibus Objection to Claims establish

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Thirtieth Omnibus Objection to Claims.

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the relief requested in the Thirtieth Omnibus Objection to Claims

is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Debtor Claims") are disallowed and

expunged with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the No

Debtor Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Thirtieth

Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE