UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                :
            Debtors.                                   :    (Jointly Administered)
                                                                :
------------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER BETWEEN NOVA GAS TRANSMISSION LTD., LEHMAN BROTHERS COMMODITY SERVICES INC. AND LEHMAN BROTHERS HOLDINGS INC. PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF

This stipulation, agreement, and order (the "Stipulation, Agreement and Order") is entered into by and between the NOVA Gas Transmission Ltd. ("NOVA"), on the one hand, and Lehman Brothers Commodity Services Inc. ("LBCS") and Lehman Brothers Holdings Inc. ("LBHI") as debtors and debtors in possession (together, the "Debtors"), on the other. The Debtors and NOVA are collectively referred to in this Stipulation, Agreement and Order as the "Parties" and each a "Party."

### RECITALS

A.    Commencing on September 15, 2008 (as applicable, the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). LBCS commenced a voluntary case under chapter 11 of the Bankruptcy Code on October 3, 2008.

B.    The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedures ("Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      C.     NOVA, TransCanada Corporation's indirect wholly-owned subsidiary, is the owner of a natural gas transmission system known as the Alberta System. The Alberta System, previously regulated by the Alberta Utilities Commission (AUC), is a 23,500 kilometre (14,100 miles) pipeline network that gathers natural gas for use both in Alberta and for delivery to provincial border points for export to North American markets. It is one of the largest systems in North America and gathers 66% of the natural gas produced in Western Canada.  NOVA's Alberta System provides various natural gas transportation services.

      D.     NOVA and LBCS are parties to transportation service agreements dated August 16, 2007 and April 9, 2008 (collectively, the "Contracts") pursuant to which NOVA provided gas transportation services to LBCS in accordance with a particular Rate Schedule.[1]

      E.     The Contracts are subject to the jurisdiction of the National Energy Board ("NEB") and its rules and regulations, including without limitation, NOVA's NEB-approved Gas Transportation Tariff, which includes the Rate Schedules and the Contracts, including their General Terms and Conditions.

      F.     NOVA filed a proof of claim in the amount of USD 203,036.75 (CAD$216,780.64) against LBCS (claim number 25716), which asserts that such claim is a secured claim against LBCS, and a corresponding unsecured guarantee claim against LBHI for the same amount (claim number 25715).  NOVA also filed duplicate claims against LBCS and LBHI (claim numbers 4606 and 4607, respectively).  All proofs of claim filed by NOVA against

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Contracts and their General Terms and Conditions.

2

the Debtors shall be collectively referred to as the "Proofs of Claim" in this Stipulation, Agreement and Order. The Proofs of Claim are based on two outstanding transportation invoices pursuant to the Tariff.

G. NOVA is holding a cash security deposit in the amount of USD 565,846.45 (CAD$604,154.25) posted by LBCS as collateral (the "Collateral") to secure its obligations under the Tariff.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1. The recitals set forth above are incorporated as if fully set forth herein.

2. Upon approval of this Stipulation, Agreement and Order by the Bankruptcy Court, NOVA shall have an allowed secured claim against LBCS in the amount of USD 203,036.75 (CAD$216,780.64).

3. Upon approval of this Stipulation, Agreement and Order by the Bankruptcy Court, the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") is modified solely to the extent necessary to permit NOVA to exercise its rights of setoff and recoupment under the Tariff as set forth in paragraph 4 of this Stipulation, Agreement and Order. The provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the Commencement Date from the Debtors' estates and/or assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code), shall otherwise remain in full force and effect.

4. Upon approval of this Stipulation, Agreement and Order by the Bankruptcy Court, NOVA is hereby authorized to apply CAD$216,780.64 of the Collateral in full and final

3

satisfaction of any and all of claims it may have against the Debtors related to the Contracts, the Tariff and the Collateral, including, without limitation, the Proofs of Claim, and NOVA is further directed to return to LBCS, within five (5) business days of NOVA's receipt of notice from LBCS that this Stipulation, Agreement and Order was approved by the Bankruptcy Court, the balance of the Collateral in the amount of CAD$387,373.61 (the "Excess Collateral").

5. Upon LBCS's receipt of the Excess Collateral, each Party on behalf of itself and any other party, person or entity claiming under or through it, hereby generally releases, discharges and acquits each other Party, and its respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Released Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, other than the rights and obligations of the Parties set forth under this Stipulation, Agreement and Order, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have or now has or claims to have presently or at any future date, against any Released Party arising under or related to the Contracts, their negotiation, execution, performance, any breaches thereof, or their termination, the Tariff and the Collateral.

6. Upon NOVA exercising its rights of setoff and recoupment under the Tariff as set

4

forth in paragraph 4 of this Stipulation, Agreement and Order and applying CAD$216,780.64 of the Collateral in full and final satisfaction of any and all of claims it may have against the Debtors related to the Contracts, the Tariff and the Collateral, including, without limitation, the Proofs of Claim, NOVA's Proofs of Claim shall be deemed to be withdrawn and of no further force and effect. NOVA shall promptly file a notice of withdrawal with prejudice of its Proofs of Claim on the docket of the Debtors' cases.

7.  The terms of this Stipulation, Agreement and Order are subject to the approval of the Bankruptcy Court and in the event that the Bankruptcy Court does not approve this Stipulation, Agreement and Order, it shall be null and void and of no force and effect.

8.  This Stipulation, Agreement and Order is solely for the benefit of the Parties and not for any other person or entity and no such person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation, Agreement and Order.

9.  This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

10. Each person who executes the Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

11. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, or facsimiles signed by the Parties here to be charged.

12. This Stipulation, Agreement and Order shall be effective immediately upon its

6

entry by the Bankruptcy Court and the requirements of Bankruptcy Rule 4001(a)(3) are waived.

13. This Stipulation, Agreement and Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

6

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: June 30, 2010

Dated: June 30, 2010
New York, New York

NOVA GAS TRANSMISSION LTD.

WEIL, GOTSHAL & MANGES LLP

By: /s/ Garry E. Lamb

Name: Garry E. Lamb

Title: Vice-President, Risk Management

By: /s/ Robert J. Lemons

Robert J. Lemons, Esq.
767 Fifth Avenue
New York, New York 10153
Tel: 212-310-8000
Fax: 212-310-8007

By: /s/ Ronald L. Cook

Name: Ronald L. Cook

Title: Vice-President, Taxation

*Attorneys for the Debtors and Debtors in Possession*

**SO ORDERED:**

Dated: New York, New York
July 21, 2010

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

7