Objection Deadline: August 11, 2010 at 4:00 p.m.
Hearing Date and Time: August 18, 2010 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

### MOTION OF CLAIMANTS PALMYRA CAPITAL FUND, L.P., PALMYRA CAPITAL INSTITUTIONAL FUND, L.P., AND PALMYRA CAPITAL OFFSHORE FUND, L.P. TO PERMIT LATE FILING OF THEIR GUARANTEE CLAIMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)

Claimants Palmyra Capital Fund, L.P., Palmyra Capital Institutional Fund, L.P., and Palmyra Capital Offshore Fund, L.P. (collectively, the "Palmyra Claimants"), by and through their undersigned counsel, hereby file this Motion to Permit Late Filing of Their Guarantee Claims Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) (the "Motion"). In support of their Motion, the Palmyra Claimants respectfully state as follows:

### PRELIMINARY STATEMENT

1. In this Motion, the Palmyra Claimants seek to correct an inadvertent error regarding its claims against Debtor Lehman Brothers Holdings Inc. ("LBHI"). The Palmyra Claimants have claims against Debtor Lehman Brothers Special Financing Inc. ("LBSF") pursuant to a 2006 ISDA contract with LBSF, as described below. Debtor LBHI fully guaranteed the obligations of LBSF to the Palmyra Claimants.

2. On March 5, 2009, the Palmyra Claimants filed three proofs of claim against Debtor LBSF under this Court's Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of

Prepetition Derivative Contracts, issued December 16, 2008 [Dkt. No. 2257] (the "December 16 Order"). In April 2010, counsel for Debtor LBSF permitted the Palmyra Claimants to amend those proofs of claim. The Palmyra Claimants now seek leave of the Court to file related three proofs of claim against Debtor LBHI, guarantor of the claims brought by the Palmyra Claimants against Debtor LBSF. Because (i) these proofs of claim would cause no material prejudice to the Debtors; (ii) the length of delay and impact on the proceedings are negligible; (iii) the delay in filing these proofs of claim is excusable; and (iv) the Palmyra Claimants have acted in good faith, the Motion should be granted.

## FACTS

3. On November 27, 2006, the Palmyra Claimants entered into an ISDA Master Agreement with LBSF (the "LBSF Master Agreement").

4. Pursuant to a Guarantee of LBHI (the "Guarantee Agreement"), the obligations of LBSF under the LBSF Master Agreement were fully and unconditionally guaranteed by LBHI.

5. On March 5, 2009, the Palmyra Claimants filed three proofs of claim against Debtor Lehman Brothers Special Financing Inc. pursuant to this Court's December 16 Order. Epiq Bankruptcy Solutions LLC ("Epiq"), the Debtors' claims agent, registered the Palmyra Claimants' proofs of claim on March 6, 2009 as Claim Nos. 3218, 3220, and 3221. Epiq added the Palmyra Defendants to Schedule G of the Amended Schedules of Assets and Liabilities for Debtor Lehman Brothers Special Financing.

6. Due to a procedural error, proofs of claim were not filed against LBHI based on its guarantee of the claims against LBSF. The Palmyra Claimants therefore

respectfully request that this Court grant them leave to file late proofs of claim based upon their excusable neglect.

## ARGUMENT

7. Bankruptcy Court Rule 9006(b)(1) authorizes the Court, in its discretion, to permit the filing of an untimely proof of claim where the delay is the result of "excusable neglect." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1983). The *Pioneer* court held, among other things, that: (i) "neglect" in such context encompasses "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," and (ii) whether such neglect is "excusable" is an equitable matter, "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 388, 395. The Court noted that, for purposes of Bankruptcy Rule 9006(b), excusable neglect "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (internal citations omitted).

8. The *Pioneer* Court also established four factors for to be considered: (1) danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the claimant's reasonable control; and (4) whether the claimant acted in good faith. *Id.* at 395.

9. Although the Second Circuit has stated that the third factor should be the focus of this Court's analysis (*see, e.g.*, *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005)), other courts place the greatest weight on whether allowing a late claim causes any prejudice to the debtor or other parties. *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (Bankr. D.N.J. 1999); *see also in re Herman's Sporting Goods, Inc.*, 166 B.R. 581, 584 (Bankr. D.N.J.

1994) ("[t]he absence of a confirmed plan of reorganization indicates a lack of prejudice to the debtor") (internal citation omitted).

10. Regardless, all four factors must be weighed together as part of the "elastic concept" referenced by the *Pioneer* Court. *Pioneer*, 507 U.S. at 395. Not all factors must weigh in favor of the moving party, though, in order for relief to be granted. *In re Enron Corp.*, 2003 WL 21756785, at *4 (Bankr. S.D.N.Y. July 30, 2003) ("[t]he relative weight, however, to be accorded to the factors in *Pioneer* requires recognizing that not all factors need to favor the moving party"; granting the relief requested after finding against the moving party regarding the reason for delay).

11. Here, there would be no material prejudice to the Debtors in permitting the Palmyra Claimants to file late proofs of claim against LBHI. Although the Debtors filed a revised plan of reorganization and disclosure statement on April 15, 2010, the claims review process is still in its initial stages. Upon information and relief, the Debtors have only recently begun a comprehensive review of the many thousands of claims that have been filed.

12. In addition, the face amounts of the Palmyra Claimants' claims are, in the context of these chapter 11 proceedings as a whole, insignificant. *See In re XO Comm'ns, Inc.*, 301 B.R. 782 (Bankr. S.D.N.Y. 2003) (allowing late claim would not disrupt plan process, given small size of claim). The Palmyra Claimants' claims against LBHI total only $5,422,993.00. The claims filed against the Debtors, in contrast, total more than $830 billion, and the debts listed on Exhibit A to the Voluntary Chapter 11 Petition total $613 billion.

13. Even to the very small extent that these claims would affect the funds available to other creditors, however, the Second Circuit has found this factor to be of "no

LEGAL_US_W # 64651117.1

weight" in the determination of prejudice to the debtor. *In re Enron*, 419 F.3d at 130 (court had "more in mind than a simple dollar-for-dollar depletion of assets otherwise available for timely filed claims....Otherwise, virtually all late filings would be condemned by this factor....") (internal citations omitted). Because there is no actual harm to the Debtors, then, any hypothetical harm alleged by the Debtors will not constitute prejudice. *In re O'Brien Environmental Energy*, 188 F.3d 116, 127 (3d Cir. 1999) ("[P]rejudice is not an imagined or hypothetical harm....").

14. Second, there has been only a minimal delay in the proceedings. The Debtors continue to review and evaluate proofs of claim; including the Palmyra Claimants' claims with the hundreds of others being reviewed will not delay the proceedings in any measurable way. *In re Enron*, 2003 WL 21756785, at *5 (allowing a late claim would have no "impact on judicial proceedings").

15. Third, and perhaps most importantly, the delay in filing these claims is excusable. The Palmyra Claimants' failure to file proofs of claim against Debtor LBHI was simply an oversight. As the *Pioneer* Court recognized, excusable neglect is "not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.").

16. Here, the Palmyra Claimants attempted to comply with this Court's deadlines, filing its proofs of claim against Debtor LBSF well before the bar date. This was not a

tactical or calculated decision; it simply was an inadvertent failure to file claims against both LBSF and LBHI as the guarantor of those claims.

17. Finally, the Palmyra Claimants acted in good faith in all respects. They timely filed their initial proofs of claim in accordance with this Court's instructions, and they now seek leave to file three related proofs of claim.

18. In this instance, "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." *Id.* at 398. The Palmyra Claimants therefore respectfully request that this Court grant them leave to file late proofs of claim against Debtor LBHI.

## MEMORANDUM OF LAW

19. Because the legal points and authorities upon which this Motion relies are incorporated herein, the Palmyra Claimants respectfully request that the requirement of service and filing of a separate memorandum of law pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## NOTICE

20. The Palmyra Claimants have provided notice of this Motion pursuant to the Amended Order Implementing Certain Notice and Case Management Procedures entered in this case [Dkt. No. 2837]. The Palmyra Claimants submit that no other or further notice need be given.

## NO PRIOR REQUEST

21.     No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

22.     For the foregoing reasons, the Palmyra Claimants respectfully request that this Court: (i) grant their Motion to file three proofs of claim against Debtor LBHI; (ii) deem such filings to be timely under Bankruptcy Rule 9006(b); and (iii) grant such further relief as is appropriate.

Dated:  July 21, 2010                                       Respectfully submitted,


                                                            /s/ *Thomas L. Kent*

                                                            Thomas L. Kent
                                                            PAUL, HASTINGS, JANOFSKY &
                                                            WALKER LLP
                                                            Park Avenue Tower
                                                            75 E. 55th St., First Floor
                                                            New York, NY 10022
                                                            Telephone: (212) 318-6000
                                                            Facsimile: (212) 319-4090

                                                            Richard A. Chesley (IL 6240877)
                                                            PAUL, HASTINGS, JANOFSKY &
                                                            WALKER LLP
                                                            191 North Wacker Drive, 30th Floor
                                                            Chicago, Illinois  60606
                                                            Telephone:  (312) 499-6000
                                                            Facsimile:  (312) 499-6100

                                                            COUNSEL FOR PALMYRA CAPITAL
                                                            FUND, L.P., PALMYRA CAPITAL
                                                            INSTITUTIONAL FUND, L.P., and
                                                            PALMYRA CAPITAL OFFSHORE FUND,
                                                            L.P.