Presentment Date and Time: July 29, 2010 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: July 28, 2010 at 2:00 p.m.. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------x
                                         :
In re                                    :   Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :   08-13555 (JMP)
                                         :
               Debtors.                  :   (Jointly Administered)
                                         :
------------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF STIPULATION AND ORDER CORRECTING ALLOWED CLAIM AMOUNT BETWEEN THE DEBTORS AND DR. MICHAEL C. FREGE IN HIS CAPACITY AS INSOLVENCY ADMINISTRATOR (INSOLVENZVERWALTER) OVER THE ASSETS OF LEHMAN BROTHERS BANKHAUS AG (IN INSOLVENZ)

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Order (the "Stipulation and Order") between Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc., debtors in the above referenced chapter 11 cases, as debtors and debtors in possession, on the one hand, and Dr. Michael C. Frege in his capacity as Insolvency Administrator (*Insolvenzverwalter*) of Lehman Brothers Bankhaus AG (In Insolvenz) on the other hand, for signature on **July 29, 2010 at 2:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **July 28, 2010 at 2:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "<u>Hearing</u>") will be held to consider the Stipulation and Order on **August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 22, 2010
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time: July 29, 2010 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: July 28, 2010 at 2:00 p.m.. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
----------------------------------------------------------------x

**STIPULATION AND ORDER CORRECTING ALLOWED CLAIM
AMOUNT BETWEEN THE DEBTORS AND DR. MICHAEL C. FREGE IN HIS
CAPACITY AS INSOLVENCY ADMINISTRATOR (INSOLVENZVERWALTER)
<u>OVER THE ASSETS OF LEHMAN BROTHERS BANKHAUS AG (IN INSOLVENZ)</u>**

**RECITALS**

A. On September 15, 2008 and periodically thereafter (as applicable, the "<u>Commencement Date</u>"), Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and certain of its subsidiaries, including Lehman Commercial Paper Inc. ("<u>LCPI</u>" and, together with LBHI, the "<u>Debtors</u>") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 17, 2008, the United States Trustee for the Southern

District of New York appointed the statutory committee of unsecured creditors (the "Creditors' Committee") pursuant to 1102 of the Bankruptcy Code.

    B.  On November 12, 2008, the German banking regulator filed insolvency proceedings against Lehman Brothers Bankhaus AG ("Bankhaus") and on November 13, 2008, the local court (*Amtsgericht*) of Frankfurt am Main opened insolvency proceedings and appointed Dr. Michael C. Frege (the "LBB InsAdmin" and, together with the Debtors, the "Parties") as insolvency administrator (*Insolvenzverwalter*).

    C.  On April 29, 2009, the LBB InsAdmin filed his Verified Petition Under Chapter 15 of the Bankruptcy Code for Recognition of Foreign Representative and Foreign Main Proceeding and for Additional Relief Under 11 U.S.C. Section 1521 [Docket No. 2], *In re Lehman Brothers Bankhaus AG (in Insolvenz),* Case No. 09-12704 (JMP) (Bankr. S.D.N.Y) (the "Bankhaus Chapter 15 Proceedings"). On May 22, 2009, the Court entered an Order Granting Recognition of Foreign Representative and Foreign Main Proceeding and for Additional Relief Under 11 U.S.C. § 1521 [Docket No. 25] in the Bankhaus Chapter 15 Proceedings.

    D.  On December 15, 2009, the Parties executed a settlement agreement (the "Agreement"), a true and correct copy of which is attached hereto as "Exhibit A," that resolved a dispute over the ownership of certain loans.

    E.  On December 18, 2009, the Debtors filed the Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Authorization and Approval of a Settlement Agreement with the Insolvency Administrator of Lehman Brothers Bankhaus AG (In Insolvenz) [Docket No. 6303] (the "Motion").

    F.  On December 18, 2009, the LBB InsAdmin filed a parallel Motion by Insolvency Administrator and Foreign Representative for Authorization to Enter Into and

Approval of a Settlement Agreement with the Lehman Parties [Docket No. 28] in the Bankhaus Chapter 15 Proceedings.

G. The Agreement provides that the LBB InsAdmin "has an allowed and accepted non-priority unsecured claim in the amount of $1,015,500,000.00 against LCPI on account of and arising from the Category 3 Loans[*] after deduction of all claims which LCPI holds against Bankhaus and/or the LBB InsAdmin on account of and arising from the Category 2 Loans and the Category 4 Loans (collectively, the "Bankhaus Net Cat 3 Claim")." (Agreement at § 12.d.)

H. Consistent with the foregoing provision of the Agreement, the Motion stated that "the LBB InsAdmin will have an allowed and accepted non-priority unsecured claim in the amount of $1,015,500,000 against LCPI on account of and arising from the Category 3 Loans after deduction of all claims which LCPI holds against Bankhaus and/or the LBB InsAdmin on account of and arising from the Category 2 Loans and the Category 4 Loans (collectively, the "Bankhaus Net Cat 3 Claim")." (Motion at ¶ 25(a).)

I. On January 14, 2010, this Court entered the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rule Of Bankruptcy Procedure 9019 Authorizing and Approving of A Settlement Agreement with the Insolvency Administrator of Lehman Brothers Bankhaus AG (In Insolvenz) [Docket No. 6665] (the "Bankhaus Order").

J. On January 14, 2010, this Court also entered the Order Granting Motion by Insolvency Administrator and Foreign Representative for Authorization to Enter Into and Approval of a Settlement Agreement with the Lehman Parties [Docket No. 33] in the Bankhaus

---

[*] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

3

Chapter 15 Proceedings (the "Bankhaus Chapter 15 Settlement Order") which incorporates by reference the Bankhaus Order.

K.  The unnumbered sixth decretal paragraph of the Bankhaus Order incorrectly reflected the amount of the Bankhaus Net Cat 3 Claim as $1,015,000,000 rather than $1,015,500,000.

L.  The Parties desire to correct the foregoing typographical error in the Bankhaus Order subject to the terms and conditions set forth below.

**STIPULATION**

1.  The unnumbered sixth decretal paragraph of the Bankhaus Order is hereby amended and modified by deleting the reference to $1,015,000,000 and substituting therefore $1,015,500,000.

2.  In all other respects the terms of the Bankhaus Order shall remain in full force and effect.

3.  The Bankhaus Order, as amended and modified by this Stipulation, shall be incorporated into the Bankhaus Chapter 15 Settlement Order.

4.  Each person who executes this Stipulation on behalf of a party or parties hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party or parties.

5.  This Stipulation is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

6.  This Stipulation shall be binding upon and inure solely to the benefit of the parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors.  Nothing contained herein, express or

4

implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation.

7. No amendment, waiver, or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by each of the parties hereto.

8. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

9. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

[*signature pages follow*]

Dated: New York, New York
July 22, 2010

| | |
|---|---|
| By: /s/ Richard P. Krasnow | By: /s/ D. Farrington Yates |
| Richard P. Krasnow | D. Farrington Yates |
| WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 | SONNENSCHEIN NATH &<br>ROSENTHAL LLP<br>1221 Avenue of the Americas, 24th Floor<br>New York, New York 10020-1089<br>Telephone: (212) 768-6700<br>Facsimile: (212) 768-6800 |
| *Attorneys for Lehman Brothers Holdings, Inc. and its Affiliated Debtors and Debtors-in-Possession* | *Attorneys for Dr. Michael C. Frege in his capacity as Insolvency Administrator ("Insolvenzverwalter") of Lehman Brothers Bankhaus AG (in Insolvenz)* |

**The Creditor's Committee has no objection to this Stipulation.**

By: /s/ Evan R. Fleck

Dennis F. Dunne
Evan R. Fleck

MILBANK, TWEED, HADLEY &
McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for the Official Committee of Unsecured Creditors*

SO ORDERED this___day of _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE