WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
|  | : |  |
| --- | --- | --- |
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------------------x

**NOTICE OF MOTION OF THE DEBTORS**
**PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 9019(b) FOR AUTHORIZATION**
**AND APPROVAL OF THE SETTLEMENT BETWEEN LEHMAN BROTHERS**
**HOLDINGS INC. AND MORTGAGE LENDERS NETWORK LIQUIDATING TRUST**

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated as of July 27, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. (the "LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code and section 9019 of the Federal Rules of Bankruptcy Procedure for authorization and approval of the settlement between Lehman Brothers Holdings Inc. and Mortgage Lenders Network Liquidating Trust (the "MLN Liquidating Trust"), as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtor; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases, (v) Blank Rome LLP, One Logan Square, 130 North 18th Street, Philadelphia, Pennsylvania, 19103, Attn: Michael B. Schaedle, Esq. and Josef W. Mintz, Esq., attorneys for Neil F. Luria, the liquidating trustee of the MLN Liquidating Trust, and (vi) Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: Michael J.

Riela, attorneys for Aurora Loan Services LLC, so as to be so filed and received no later than

**August 11, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Objection Deadline</u>").**

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 27, 2010
      New York, New York

                /s/ Shai Y. Waisman
                Shai Y. Waisman

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :      08-13555 (JMP)
                                          :
                         Debtors.         :      (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

## MOTION OF THE DEBTORS PURSUANT
## TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
## BANKRUPTCY RULE 9019(b) FOR AUTHORIZATION AND
## APPROVAL OF THE SETTLEMENT BETWEEN LEHMAN BROTHERS
## HOLDINGS INC. AND MORTGAGE LENDERS NETWORK LIQUIDATING TRUST

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

   Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), submit this

motion (the "Motion"), and respectfully represent:

### Background

   1.   Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (collectively, the

"Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to section 1015(b) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.        On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

On March 11, 2010, the Examiner filed its report with the Court (the "Examiner's Report")

[Docket No. 7531].

5.        On March 15, 2010, the Debtors filed their joint chapter 11 plan pursuant

to section 1121 of the Bankruptcy Code [Docket No. 7572].  On April 14, 2010, the Debtors

filed their revised joint chapter 11 plan [Docket No. 8330] and disclosure statement for their

revised joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No.

8332].

## Jurisdiction

6.        This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

7.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide

8.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

9.      The Debtors seek, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, authorization to compromise and settle a certain claim asserted by Aurora Loan Services LLC ("Aurora Loan Services"), as master servicer on behalf of LBHI and certain other parties, against the bankruptcy estate of Mortgage Lenders Network USA, Inc. ("MLN") in MLN's chapter 11 case pending in the United States Bankruptcy Court for the District of Delaware Case No. 07-10146 (PJW) (the "MLN Bankruptcy Case").  The terms of the settlement (the "Settlement") are reflected in a stipulation that was filed in MLN's chapter 11 case and that is annexed hereto as Exhibit A (the "MLN Stipulation").  Entry of orders by this Court and the court having jurisdiction over the MLN Bankruptcy Case are conditions precedent to the effectiveness of the MLN Stipulation.

10.     Prior to the Commencement Date, in the ordinary course of business, the Debtors would purchase residential mortgage loans from third parties for the purpose of selling

such loans into securitization trusts that would issue securities to investors. The Debtors would also retain some residential mortgage loans for its own account. The loan purchase agreements pursuant to which the Debtors acquired residential mortgage loans typically contained various representations and warranties regarding the characteristics of the loans and the borrowers. When residential mortgage loans acquired by the Debtors have gone into default or have otherwise caused the Debtors to incur losses under circumstances that have implicated the representations, warranties and covenants made in connection with the origination or sale of such loans, the Debtors pursue claims against the originators and/or sellers of the loans. In many cases, the Debtors present the facts to the originators and sellers and negotiate a reasonable settlement of the issues without the need for commencing litigation and pursuing it to a final verdict, to the benefit of all parties involved. Following the Commencement Date, the Debtors have continued to pursue claims against the originators and sellers of such loans in the same manner they did prior to the Commencement Date

11.     In order to facilitate the settlement of such claims without having to seek Court approval for each settlement or compromise, the Debtors obtained omnibus authority of the Court to settle and compromise such claims in accordance with certain Court-approved procedures.[1] However, in accordance with the Claims Settlement Procedures Order, the settlement of Repurchase and Indemnification Claims (as defined in the Claims Settlement Procedures Order) with a party against which LBHI has Repurchase and Indemnification Claims greater than $8 million requires approval of the Court.

---

[1] See, Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing the Establishment of Procedures for the debtors to Compromise and Settle Claims in Respect of the Origination of Purchase of Residential Mortgage Loans, entered August 5, 2009 [Docket No. 4706] (the "Claims Settlement Procedures Order")

12.     Following the commencement of MLN's Bankruptcy Case, LBHI determined that it had a Repurchase and Indemnification Claim against MLN. Aurora Loan Services, in its capacity as master servicer on behalf of LBHI, Aurora Bank FSB (f/k/a/ as Lehman Brothers Bank FSB, "Aurora Bank") and certain mortgage loan securitization trusts, timely filed a proof of claim against MLN for a Repurchase and Indemnification Claim in the amount of at least $62,978,613.89 (the "Claim") against MLN in its chapter 11 case. Of the original Claim amount, LBHI estimates that $60,682,411.07 is based on loans owned by LBHI (the "LBHI Claim") and the remainder is based on loans held by Aurora Bank and certain securitization trusts. Based on a further review of LBHI's losses relating to the loans that were acquired from MLN (collectively, the "Loans"), and taking into account repayments and/or sales of certain of the Loans, LBHI determined that its losses are less than the initially asserted amount with respect to the loans acquired from MLN. The MLN Stipulation provides that the Claim will be reduced and allowed as a general unsecured claim in the MLN Bankruptcy Case in the amount of $28 million, of which LBHI estimates $26,979,118.86 is allocable to LBHI's claim, and the remainder is allocable to the claim of Aurora Bank and certain securitization trusts. Since LBHI's claim against MLN is in excess of $8 million, LBHI seeks the authorization and approval of the Court to enter into such settlement and compromise.

**Settlement of LBHI's Claim Against MLN**

13.     On August 23, 2006 and September 22, 2006, Aurora Bank entered into Purchase Price and Terms Letters and on January 8, 2007, Aurora Bank entered into a Whole Loan Purchase Letter Agreement (collectively, the "Loan Purchase Agreements") pursuant to which LBHI acquired the Loans from MLN. The Loan Purchase Agreements incorporated by reference a Flow Mortgage Loan Purchase and Warranties Agreement, dated as of September 22,

2006 (the "Warranties Agreement") that set forth additional terms, covenants, representations, and warranties governing the sale of the Loans from MLN to Aurora Bank. Aurora Bank, in turn, sold some of those Loans to LBHI pursuant to an Assignment and Assumption Agreement, which contained an assignment of rights and obligations under the Loan Purchase Agreements and the Warranties Agreement. Aurora Bank retained certain of the Loans. Aurora Loan Services acts as master servicer for the Loans held by (a) LBHI and Aurora Bank, pursuant to a Subservicing Agreement between LBHI and Aurora Loan Services, dated December 1, 2005, and (b) certain mortgage loan securitization trusts pursuant to a Trust Agreement, dated as of February 1, 2007. As master servicer for the Loans, Aurora Loan Services provided an assortment of services to LBHI, including, collecting remittances and preparing reports. As master servicer for the Loans, Aurora Loan Services was authorized to file the Claim on behalf of LBHI.

14. The Loan Purchase Agreements provided that if MLN breaches any of the representations or warranties with respect to the Loans, then MLN would either (i) repurchase the loan at the contractually defined repurchase price or (ii) indemnify the owner of the affected Loan for losses suffered in the liquidation of the Loan (*i.e.*, provide a "make-whole" payment). Upon review of the Loans held by LBHI that were acquired from MLN, LBHI determined it had sustained significant losses and that MLN had breached various representations and warranties set forth in the Loan Purchase Agreement with respect to certain of the Loans.

15. On February 5, 2007, MLN commenced the MLN Bankruptcy Case in United States Bankruptcy Court for the District of Delaware (Case No. 07-10146 (PJW)). Pursuant to a confirmed chapter 11 plan of liquidation, a liquidating trust was established (the "MLN Liquidating Trust") and all assets of MLN's estate were transferred to the MLN

Liquidating Trust. Neil F. Luria was appointed by the Court in the MLN Bankruptcy Case as the liquidating trustee (the "MLN Liquidating Trustee") for the MLN Liquidating Trust. Aurora Loan Services, in its capacity as master servicer on behalf of LBHI, Aurora Bank and certain mortgage loan securitization trusts, timely filed the Claim against MLN in its chapter 11 case. The approved *Disclosure Statement in Respect of the First Amended Plan of Liquidation of Mortgage Lenders Network USA, Inc. Under Chapter 11 of the Bankruptcy Code*, dated December 19, 2008, estimates that distributions to general unsecured creditors will be between 1-5% of the allowed claim amount.

        16. Following the filing of the Claim, as a result of (i) repayment of certain of the Loans by the borrowers, (ii) sales of the certain Loans by LBHI and (iii) the consummation of foreclosure proceedings with respect to the properties securing certain Loans, the losses incurred by LBHI with respect to the Loans were less than LBHI initially anticipated when Aurora Loan Services filed the proof of claim against MLN. Furthermore, the crystallization of LBHI's losses as a result of the repayment of the Loans or sales of the Loans requires a modification of the Claim to seek indemnification for LBHI's losses rather than a repurchase of such Loans. Since a payment in the amount of the loss incurred on a Loan is typically less than the amount for which a Loan must be repurchased, LBHI believes that the amount of the Claim had to be reduced.

        17. LBHI, through Aurora Loan Services, seeks to enter into a settlement with the MLN Liquidating Trustee as to the allowed amount of the Claim. Absent consummation of the Settlement, the MLN Liquidation Trustee may object to the merits and/or amount of the Claim. Such an objection may compel LBHI to participate in discovery and litigation, which could include time consuming and expensive discovery and legal proceedings. Since LBHI

estimates that recoveries on general unsecured claims filed against MLN will be small, the Settlement will enable LBHI to avoid spending significant amounts of its limited resources and to maximize its recovery on its Claim.

18.     Although LBHI believes that the Claim is valid, albeit in an amount less than the filed amount, there is a risk that the court in the MLN Bankruptcy Case could determine that the Claim is only valid in an amount less than the amount of the allowed claim agreed to in the MLN Stipulation.  At this time, LBHI has determined in its business judgment that the terms of the Settlement is in the best economic interest of its estate.

### The Settlement

19.     The salient terms of the Settlement and the MLN Stipulation are summarized below.

- The Claim shall be reduced and allowed in the amount of $28 million against MLN, which shall be paid in accordance with the terms of the confirmed *First Amended Plan of Liquidation of Mortgage Lenders Network USA Inc. Under Chapter 11 of the Bankruptcy Code.*

- The effectiveness of the MLN Stipulation is subject to the approval of (i) the United States Bankruptcy Court for the district of Delaware in the MLN Bankruptcy Case and (ii) this Court with respect to the settlement with LBHI.

- Other than with respect to the Claim, LBHI, Aurora Loan Services and Aurora Bank each release MLN Trust and MLN against any other claims, liabilities, charges, interests, fees, expenses, encumbrances, known or unknown, contingent of liquidated, fixed or unfixed, that they have or may have against MLN or the MLN Trust from the beginning of the world to the first date upon which the Settlement has been approved by both this Court and the Court having jurisdiction over the MLN Bankruptcy Case.

## The Controlling Legal Standard

20.     Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).  In granting a motion pursuant to Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interests of the estate.  Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Fisher v. Pereira (In re 47-49 Charles St., Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

21.     The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court.  Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994).  It is the responsibility of a court to examine a settlement and determine whether it "falls below the lowest point in the range of reasonableness."  Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983); In re Spielfogel, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).  Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements."  In re Hibbard Brown & Co., Inc., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

22.     While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," Anderson, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, W.T. Grant Co., 699 F.2d at 608, or conduct a full independent investigation.  In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).  "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact….  The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness."  Nellis, 165 B.R. at 123 (internal citations omitted).

23. The court may give weight to the informed judgment of the debtor that a compromise is fair and equitable. In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993); In re Ashford Hotels Ltd., 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness…. If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.")

24. LBHI believes that the terms of the settlement are fair and reasonable. Absent such settlement, LBHI would incur legal fees and endure the distraction of litigating the Claim which could take months, if not longer. Litigation regarding the Claim could entail a detailed review and analysis of each Loan, related loan file and underlying property. The Claim amount relates to losses sustained in connection with hundreds of Loans. Discovery and litigation relating to such a large amount of Loans would not be an efficient use of the estate's limited resources. Furthermore, the settlement of the Claim allows LBHI to avoid the risk that it would not prevail in the litigation and that the Claim would ultimately be allowed in an amount less than the amount set forth in the Settlement. The Settlement enables LBHI to receive a cash payment on account of its Claim in accordance with the terms of MLN's confirmed plan of liquidation.

25. The settlement discussed in this Motion are within the parameters set forth in Bankruptcy Rule 9019, are within the Court's authority under section 105(a) of the Bankruptcy Code, and are in the best interests of LBHI, its estate, its creditors, and all parties in interest.

**<u>Notice</u>**

26.     No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Motion in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) attorneys for

the MLN Liquidating Trustee; and (vii) attorneys for Aurora Loan Services.  The Debtors submit

that no other or further notice need be provided.

27.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  July 27, 2010
        New York, New York


                                        /s/ Shai Y. Waisman
                                        Shai Y. Waisman
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

# EXHIBIT A

**(MLN Stipulation)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| MORTGAGE LENDERS NETWORK USA, INC., a Delaware Corporation, | Case No. 07-10146 (PJW) |
| Debtor. | |

## STIPULATION BETWEEN NEIL F. LURIA, THE BANKRUPTCY COURT-APPROVED LIQUIDATING TRUSTEE TO THE MORTGAGE LENDERS NETWORK LIQUIDATING TRUST, AND AURORA LOAN SERVICES LLC

Neil F. Luria, the bankruptcy court-approved liquidating trustee (the "Liquidating Trustee") of the Mortgage Lenders Network Liquidating Trust (the "MLN Trust"), the successor to the above-captioned debtor-in possession (the "Debtor"), and Aurora Loan Services LLC ("Aurora," and together with the Liquidating Trustee, the "Parties," and each a "Party"), as master servicer for Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers Bank, FSB, n/k/a Aurora Bank FSB ("LBB") and various bankruptcy-remote mortgage loan securitization trusts that hold mortgage loans originated by the Debtor (the "Trusts"), by and through their undersigned counsel, hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on February 5, 2007, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtor's chapter 11 case is administered under Case No. 07-10146 (the "Chapter 11 Case").

**WHEREAS,** on January 30, 2008, Aurora filed a proof of claim (Claim No. 806) against the Debtor's estate in the amount of "at least $62,978,613.89" seeking monies due for alleged damages resulting from various mortgage loans that were originated by the Debtor and sold to LBB, LBHI and the Trusts (the "Aurora Claim").

**WHEREAS,** on September 15, 2008, LBHI filed a voluntary petition for relief under the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "LBHI Court"). LBHI's chapter 11 case is administered under Case No. 08-13555 (JMP).

**WHEREAS,** on December 19, 2008, the Debtor filed its *First Amended Plan of Liquidation of the Debtors Under Chapter 11 of the Bankruptcy Code* (as supplemented, modified, or amended, the "Plan")[1] (Docket No. 2414).

**WHEREAS,** on February 3, 2009, the Court entered its Order Confirming the Plan (Docket No. 2611).

**WHEREAS,** on June 10, 2009 (the "Effective Date"), the Plan became effective. Pursuant to the Plan and the Mortgage Lenders Network Liquidating Trust Agreement (the "LTA"), the MLN Trust was created and, on the Effective Date, all of the remaining assets of the Debtor's estate were transferred into the MLN Trust. The Plan and the LTA designated the Liquidating Trustee to wind up the Debtor's estate and to administer the MLN Trust.

**WHEREAS,** the Parties have been engaged in negotiations to resolve the Aurora Claim.

**WHEREAS,** the Liquidating Trustee has the authority to reconcile and allow the Aurora Claim pursuant to the Plan, subject to the LTA.

**WHEREAS,** pursuant to the terms of the LTA, the Liquidating Trustee has received the authorization of the Mortgage Lenders Network Liquidating Trust Advisory Committee to

2

reduce and allow the Aurora Claim as a non-priority, Unsecured Claim on the terms and conditions set forth herein.

**WHEREAS**, subject to the following recital, Aurora, as master servicer, has the authority to enter into and execute this Stipulation on behalf of itself, LBHI and LBB; and to date, Aurora has not received any objections to this settlement from the trustees of the Trusts.

**WHEREAS**, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, LBHI is required to obtain the approval of the LBHI Court in order for Aurora to enter into this Stipulation on LBHI's behalf.

**WHEREAS**, the Parties now wish to reduce and allow the Aurora Claim as a non-priority, Unsecured Claim on the terms and conditions set forth herein.

<u>**AGREEMENT**</u>

**NOW, THEREFORE**, with the foregoing background incorporated by reference, the Parties, intending to be bound, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the Parties as follows:

1.    The foregoing Recitals are incorporated herein by reference and are made a part of this Stipulation.

2.    LBHI shall file a motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking approval of the Stipulation (the "<u>9019 Motion</u>") by the LBHI Court on or before July 27, 2010. By written agreement, the Parties may extend the date by which the 9019 Motion must be filed with the LBHI Court. If the approval of the LBHI Court is not obtained, this Stipulation will be deemed null and void.

---

[1] All capitalized terms not herein defined shall have the same meaning as ascribed to them in the Plan.

3

3.	This Stipulation becomes effective upon the first date upon which it has been approved by both the Court and the LBHI Court (the "Stipulation Date").

4.	Upon the Stipulation Date, the Aurora Claim shall be deemed modified and amended as an allowed Unsecured Claim in the reduced amount of TWENTY-EIGHT MILLION DOLLARS ($28,000,000.00), which shall be paid in accordance with the terms of the Plan. The Aurora Claim is the sole recovery that Aurora, LBHI, LBB and the Trusts have against the MLN Trust on account of the facts and circumstances asserted in the Aurora Claim.

5.	In accordance with the Plan, the ultimate payment of the Aurora Claim, as modified hereby, shall be in full and final satisfaction, settlement and release of the Aurora Claim. Furthermore, except for the Aurora Claim, Aurora, LBHI, and LBB release the MLN Trust and the Debtor (the "Released Parties") of any and all other claims, liabilities, charges, interests, fees, expenses, encumbrances, known or unknown, contingent or liquidated, fixed or unfixed, that Aurora, LBHI, and LBB have or may have against the Released Parties from the beginning of the world to the Stipulation Date. The Trusts release the Released Parties of any and all other claims, liabilities, charges, interests, fees, expenses, encumbrances, related to the Aurora Claim, known or unknown, contingent or liquidated, fixed or unfixed, that the Trusts have or may have against the Released Parties from the beginning of the world to the Stipulation Date

6.	On the Stipulation Date, the Claims Agent shall be directed to amend the claims register to reflect the Aurora Claim as amended and modified hereunder and, upon the ultimate payment of the Aurora Claim, the Claims Agent shall mark the Aurora Claim as fully paid, satisfied and released, pursuant to the Plan.

4

7.    The Parties acknowledge that each and every covenant, warranty, release and agreement contained herein shall inure to the benefit of, and be binding upon, the agents, subsidiaries, employees, officers, directors, assigns, and successors in interest of the Parties, including, but not limited to, subsequent transferees or appointed representatives of the estate.

8.    This Stipulation is the entire agreement between the Parties hereto with respect of the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held our other than as may be expressly provided herein.

9.    Any ambiguities are not to be construed against either Party solely due to the identity of the drafter.

10.    This Stipulation shall not be modified, altered or amended without the proper written consent of all Parties hereto.

11.    Each person signing this Stipulation represents and warrants that s/he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party and to bind her/his respective Party to the terms and conditions of the Stipulation.

12.    The Court shall retain jurisdiction to enforce the terms and conditions of this Stipulation to the full extent allowed under law.

13.    This Stipulation may be executed in counterparts by counsel, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same Stipulation. Delivery of an executed counterpart of a signature page

132578.01600/40188952v.2

of this Stipulation by telecopy or electronic mail in PDF shall be as effective as delivery of a

manually executed copy of this Stipulation.


AGREED TO IN SUBSTANCE AND FORM THIS __22__ DAY OF JULY, 2010:

**BLANK ROME LLP**

By: _Victoria Guilfoyle_

Victoria A. Guilfoyle (Bar. No. 5183)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6434
Facsimile: (302) 428-5127

-and-

Michael B. Schaedle
Josef W. Mintz
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Telephone: (215) 569-5762
Facsimile: (215) 832-5762

*Counsel to the Liquidating Trustee*

**LATHAM & WATKINS LLP**

By: _____
Michael J. Riela
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1373
Facsimile: (212) 751-4864

*Counsel to Aurora Loan Services LLC*

7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                :

In re                                :        **Chapter 11 Case No.**

                                                :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**

                                              :

                           **Debtors.**        :        **(Jointly Administered)**

                                                :

--------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 9019(b) AUTHORIZING AND APPROVING THE**
**SETTLEMENT BETWEEN LEHMAN BROTHERS HOLDINGS**
**INC. AND MORTGAGE LENDERS NETWORKING LIQUIDATING TRUST**

           Upon the motion, dated July 27, 2010 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together

with their non-debtor affiliates, "Lehman"), pursuant to section 105 of chapter 11 of title

11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing and

approving the settlement of a claim of LBHI against Mortgage Lenders Network

Liquidating Trust ("MLN") on the terms set forth in a MLN Stipulation,[2] as more fully

set forth in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any

and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided

in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases

[Docket No. 9635] to (i) the United States Trustee for the Southern District of New York;

(ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors'

Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi)

Attorneys for the MLN Liquidating Trustee; (vii) attorneys for Aurora Loan Services;

and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing

that no other or further notice need be provided; and a hearing (the "Hearing") having

been held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of LBHI, its estate

and creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105 of the Bankruptcy Code and

Bankruptcy Rule 9019, the Settlement is approved; and it is further

ORDERED that LBHI is authorized to (or to direct a subsidiary to)

execute, deliver, implement and fully perform any and all obligations, instruments,

documents and papers and to take any and all actions reasonably necessary or appropriate

to consummate the Settlement, including entering into the MLN Stipulation, and perform any and all obligations contemplated therein; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the Settlement and any disputes arising thereunder.

Dated: August __, 2010
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE