## EXHIBIT "B"

## (CONTINENTAL EXCESS POLICY)



CNA INSURANCE COMPANIES
333 S. Wabash Ave.
Chicago, IL 60604

REVISED 8/16/2007
DECLARATIONS
EXCESS INSURANCE
POLICY

## NOTICE

**THIS IS A "CLAIMS MADE" POLICY AND, SUBJECT TO ITS PROVISIONS, APPLIES ONLY TO ANY CLAIM FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. NO COVERAGE EXISTS FOR ANY CLAIM FIRST MADE AFTER THE END OF THE POLICY PERIOD UNLESS, AND TO THE EXTENT, THE EXTENDED REPORTING PERIOD APPLIES. THE LIMIT OF LIABILITY SHALL BE REDUCED BY AMOUNTS INCURRED AS DEFENSE COSTS.**

| ACCOUNT NUMBER | COVERAGE PROVIDED BY | |
|---|---|---|
| 82845 | | |
| POLICY NUMBER | Continental Casualty Company | AGENCY |
| DOX 267996454 | | 910  718055 |

| NAMED ENTITY AND PRINCIPAL ADDRESS | AGENT |
|---|---|
| Item 1. | Lehman Brothers Holdings Inc.<br>1301 Avenue of the Americas<br>New York, NY 10019 | Marsh USA Inc.<br>Paul Huelbig<br>1166 Avenue of the Americas<br>New York, NY 10036 |

Item 2.    Policy Period:

    5/16/2007        To        5/16/2008

12:01 A.M. Standard Time at the Principal Address stated in item 1.

Item 3.    Limit of Liability (Inclusive of Defense Costs):

$10,000,000       Maximum aggregate Limit of Liability each Policy Period.

Item 4.    Schedule of Underlying Insurance:
A.  Primary Policy

| Name of Carrier | Policy No. | Limits | Ded/Ret. Amount |
|---|---|---|---|
| XL Specialty Insurance Company | ELU097792-07 | $20,000,000 | $10,000,000 |

B.  Underlying Excess Policy(ies):

\*\*\* SEE ATTACHED SCHEDULE \*\*\*

Item 5.    Policy Premium

$618,500

Item 6.    Forms and Endorsements forming a part of this policy at inception:

| GSL1430XX | Ed.05/06-Policyholder Notice |
|---|---|
| GSL3403XX | Ed.08/07-Combined Aggregate Cap on ODL and Recognition of Erosion |
| G-11713-B31 | Ed.03/01-State Provisions - New York |
| PRO-8781-A | Ed.01/00-Pending and Prior Litigation Endorsement |
| GSL8510NA | Ed.02/07-Side A Coverage Endorsement (For Underlying Carrier's Fina ncial Insolvency) |
| GSL4742XX | Ed.12/05-Follow Form Endorsement |
| G-144894-A | Ed.01/03-Policyholder Disclosure -Notice of Insurance Coverage for Acts of Terrorism |

G-17728-A
(ED 04/92)

REVISED 8/16/2007

These Declarations along with the completed and signed Application and the Excess Insurance Policy, shall constitute the contract between the Insureds, the Named Entity, and the Insurer.

Date: July 9, 2007

Secretary                    Chairman of the Board                    Authorized Representative

G-17728-A
(ED 04/92)

REVISED 8/16/2007

## SCHEDULE OF UNDERLYING INSURANCE

| Primary: | Policy No.: | Limit of Liability: |
|---|---|---|
| XL Specialty  Insurance Company | ELU097792-07 | $20,000,000 |

| Underlying Excess: | | |
|---|---|---|
| Federal Insurance Company | 7043-0876 | $15,000,000  Excess of  $20,000,000 |

G-17728-A
(ED 04/92)

**CNA** INSURANCE COMPANIES

333 S. Wabash Ave.
Chicago, IL 60604

EXCESS INSURANCE POLICY DECLARATIONS

## NOTICE

**THIS IS A "CLAIMS MADE" POLICY AND, SUBJECT TO ITS PROVISIONS, APPLIES ONLY TO ANY CLAIM FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. NO COVERAGE EXISTS FOR ANY CLAIM FIRST MADE AFTER THE END OF THE POLICY PERIOD UNLESS, AND TO THE EXTENT, THE EXTENDED REPORTING PERIOD APPLIES. THE LIMIT OF LIABILITY SHALL BE REDUCED BY AMOUNTS INCURRED AS DEFENSE COSTS.**

| ACCOUNT NUMBER | COVERAGE PROVIDED BY | |
|---|---|---|
| 82845 | | |
| **POLICY NUMBER** | Continental Casualty Company | **AGENCY** |
| **DOX** 267996454 | | **910** 718055 |

| | NAMED ENTITY AND PRINCIPAL ADDRESS | AGENT |
|---|---|---|
| Item 1. | Lehman Brothers Holdings Inc.<br>1301 Avenue of the Americas<br>New York, NY 10019 | Marsh USA Inc.<br>Paul Huelbig<br>1166 Avenue of the Americas<br>New York, NY 10036 |

**Item 2.** Policy Period:

5/16/2007        To        5/16/2008

12:01 A.M. Standard Time at the Principal Address stated in item 1.

**Item 3.** Limit of Liability (Inclusive of Defense Costs):

$10,000,000        Maximum aggregate Limit of Liability each Policy Period.

**Item 4.** Schedule of Underlying Insurance:
A. Primary Policy

| Name of Carrier | Policy No. | Limits | Ded/Ret. Amount |
|---|---|---|---|
| XL Specialty Insurance Company | ELU097792-07 | $20,000,000 | $10,000,000 |

B. Underlying Excess Policy(ies):

*** SEE ATTACHED SCHEDULE ***

**Item 5.** Policy Premium

$618,500

**Item 6.** Forms and Endorsements forming a part of this policy at inception:

| | |
|---|---|
| GSL1430XX | Ed.05/06-Policyholder Notice |
| GSL3403XX | Ed.05/07-Combined Aggregate Cap on ODL and Recognition of Erosion |
| G-11713-B31 | Ed.03/01-State Provisions - New York |
| PRO-8781-A | Ed.01/00-Pending and Prior Litigation Endorsement |
| GSL8510NA | Ed.02/07-Side A Coverage Endorsement (For Underlying Carrier's Financial Insolvency) |
| GSL4742XX | Ed.12/05-Follow Form Endorsement |
| G-144894-A | Ed.01/03-Policyholder Disclosure -Notice of Insurance Coverage for Acts of Terrorism |

G-17728-A
(ED 04/92)

These Declarations along with the completed and signed Application and the Excess Insurance Policy, shall constitute the contract between the Insureds, the Named Entity, and the Insurer.

Date: July 9, 2007

Secretary

Chairman of the Board

Authorized Representative

## SCHEDULE OF UNDERLYING INSURANCE

**Primary:**                          **Policy No.:**                      **Limit of Liability:**

XL Specialty  Insurance Company       ELU097792-07                        $20,000,000

**Underlying Excess:**

Federal Insurance Company             7043-0876                           $15,000,000  Excess of  $20,000,000

G-17728-A
(ED 04/92)

**CNA**

CNA INSURANCE COMPANIES
333 S. Wabash Ave.
Chicago, IL 60604

**DECLARATIONS
EXCESS INSURANCE
POLICY**

## NOTICE

**THIS IS A "CLAIMS MADE" POLICY AND, SUBJECT TO ITS PROVISIONS, APPLIES ONLY TO ANY CLAIM FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. NO COVERAGE EXISTS FOR ANY CLAIM FIRST MADE AFTER THE END OF THE POLICY PERIOD UNLESS, AND TO THE EXTENT, THE EXTENDED REPORTING PERIOD APPLIES. THE LIMIT OF LIABILITY SHALL BE REDUCED BY AMOUNTS INCURRED AS DEFENSE COSTS.**

| ACCOUNT NUMBER | COVERAGE PROVIDED BY | |
|---|---|---|
| 82845 | | |
| POLICY NUMBER | Continental Casualty Company | AGENCY |
| DOX 267996454 | | 910 718055 |

| NAMED ENTITY AND PRINCIPAL ADDRESS | AGENT |
|---|---|
| Item 1. Lehman Brothers Holdings Inc. 399 Park Avenue, 11th Floor New York, NY 10022 | Marsh USA Inc. Paul Huelbig 1166 Avenue of the Americas New York, NY 10036 |

Item 2.   Policy Period:

<u>  5/16/2007  </u>   To   <u>  5/16/2008  </u>

12:01 A.M. Standard Time at the Principal Address stated in item 1.

Item 3.   Limit of Liability (Inclusive of Defense Costs):

<u>  $10,000,000  </u>   Maximum aggregate Limit of Liability each Policy Period.

Item 4.   Schedule of Underlying Insurance:
A. Primary Policy

| Name of Carrier | Policy No. | Limits | Ded/Ret. Amount |
|---|---|---|---|
| XL Specialty Insurance Company | ELU097792-07 | $20,000,000 | $10,000,000 |

B. Underlying Excess Policy(ies):

*** SEE ATTACHED SCHEDULE ***

Item 5.   Policy Premium

<u>  $618,500  </u>

Item 6.   Forms and Endorsements forming a part of this policy at inception:
GSL1430XX Ed. 05/06 Policyholder Notice
GSL4443XX Ed. 05/07 Combined Aggregate Cap on ODL and Recognition of Erosion
G-11713-B31 Ed. 03/01 State Provisions - New York
PRO-8781-A Ed. 01/00 Pending and Prior Litigation Endorsement
GSL8510NA Ed. 02/07 Side A Coverage Endorsement (For Underlying Carrier's Fina ncial
    Insolvency)
GSL4742XX Ed. 12/05 Follow Form Endorsement
G-144894-A Ed. 01/03 Policyholder Disclosure -Notice of Insurance Coverage for Acts of Terrorism

G-17728-A
(ED 04/92)

These Declarations along with the completed and signed Application and the Excess Insurance Policy, shall constitute the contract between the Insureds, the Named Entity, and the Insurer.

Date:  July 9, 2007

Secretary                    Chairman of the Board              Authorized Representative

G-17728-A
(ED 04/92)

## SCHEDULE OF UNDERLYING INSURANCE

| **Primary:** | **Policy No.:** | **Limit of Liability:** |
|---|---|---|
| XL Specialty  Insurance Company | ELU097792-07 | $20,000,000 |

**Underlying Excess:**

| | | |
|---|---|---|
| Federal Insurance Company | 7043-0876 | $15,000,000  Excess of  $20,000,000 |



## EXCESS INSURANCE POLICY

In consideration of the payment of the premium and in reliance on all statements made and information furnished to Continental Casualty Company (hereinafter called the "Insurer"), and/or to the insurers of the **Underlying Insurance**, including the statements made in the **Application** made a part hereof and subject to all of the provisions of this Policy, the Insurer and the Insureds agree as follows:

### I.    INSURING AGREEMENT

The Insurer shall provide the **Insureds** with excess coverage over the **Underlying Insurance** as set forth in Item 4 of the Declarations during the **Policy Period** set forth in Item 2 of the Declarations.  Coverage hereunder shall attach only after all such **Underlying Insurance** has been exhausted by payments for losses and shall then apply in conformance with the same provisions of the **Primary Policy** at its inception, except for premium, limit of liability and as otherwise specifically set forth in the provisions of this Policy.

### II.    POLICY DEFINITIONS

**Application** shall mean the written application for this Policy, including any materials submitted therewith, which together shall be on file with the Insurer and deemed a part of and attached hereto as if physically attached to this Policy.

**Named Entity** means the organization named in Item 1 of the Declarations.

**Insureds** means those persons or organization(s) insured under the **Primary Policy**, at its inception.

**Policy Period** means the period from the effective date and hour of this Policy as set forth in Item 2 of the Declarations, to the Policy expiration date and hour set forth in Item 2 of the Declarations, or its earlier cancellation date or termination date, if any.

**Primary Policy** means the Policy scheduled in Item 4 (a) of the Declarations.

**Underlying Insurance** means all those Policies scheduled in Item 4 of the Declarations and any Policies replacing them.

### III.    MAINTENANCE OF UNDERLYING INSURANCE

All of the **Underlying Insurance** scheduled in Item 4 of the Declarations shall be maintained during the Policy Period in full effect, except for any reduction of the aggregate limit(s) of liability available under the **Underlying Insurance** solely by reason of payment of losses thereunder.  Failure to comply with the foregoing shall not invalidate this Policy but the **Insurer** shall not be liable to a greater extent than if this condition had been complied with.  To the extent that any **Underlying Insurance** is not maintained in full effect during the currency of this **Policy Period**, then the **Insureds** shall be deemed to have retained any loss for the amount of the limit of liability of any **Underlying Insurance** which is not maintained as set forth above.

In the event of any actual or alleged (a) failure by the **Insureds** to give notice or to exercise any extensions under any **Underlying Insurance** or (b) misrepresentation or breach of warranties by any of the **Insureds** with respect to any **Underlying Insurance**, the Insurer shall not be liable hereunder to a greater extent than it would have been in the absence of such actual or alleged failure, misrepresentation or breach.

It is further a condition of this Policy that the **Insurer** shall be notified in writing, as soon as practicable of cancellation and/or alteration of any provisions of any of the policies of **Underlying Insurance**.

### IV.    LIMIT OF LIABILITY

The amount set forth in Item 3 of the Declarations shall be the maximum aggregate Limit of Liability of the Insurer for the **Policy Period**.

Costs of defense shall be part of and not in addition to the Limit of Liability in Item 3 of the Declarations, and such costs of defense shall reduce the Limit of Liability stated in Item 3 of the Declarations.

## V.   DEPLETION OF UNDERLYING LIMIT(S)

In the event of the depletion of the limit(s) of liability of the **Underlying Insurance** solely as the result of actual payment of losses thereunder by the applicable insurers, this Policy shall, subject to the **Insurer's** Limit of Liability and to the other terms of this Policy, continue to apply to losses as Excess Insurance over the amount of insurance remaining under such **Underlying Insurance**.  In the event of the exhaustion of all of the limit(s) of liability of such **Underlying Insurance** solely as a result of payment of losses thereunder, the remaining limits available under this Policy shall, subject to the **Insurer's** Limit of Liability and to the other provisions of this Policy, continue for subsequent losses as primary insurance and any retention specified in the **Primary Policy** shall be imposed under this Policy as to each claim made; otherwise no retention shall be imposed under this Policy.

This Policy only provides coverage excess of the **Underlying Insurance**.  This Policy does not provide coverage for any loss not covered by the **Underlying Insurance** except and to the extent that such loss is not paid under the **Underlying Insurance** solely by reason of the reduction or exhaustion of the available **Underlying Insurance** through payments of loss thereunder.  In the event the insurer of one or more of the **Underlying Insurance** policies fails to pay loss in connection with any claim covered under the **Underlying Insurance** as a result of the insolvency, bankruptcy, or liquidation of said insurer, then the **Insureds** hereunder shall be deemed to have retained any loss for the amount of the limit of liability of said insurer which is not paid as a result of such insolvency, bankruptcy or liquidation.

If any **Underlying Insurance** bears an effective date which is prior to the effective date of this Policy and if any such insurance becomes exhausted or impaired by payment of loss with respect to any claim which, shall be deemed to be made prior to the effective date of this Policy, then with respect to any claim made after the effective date of this Policy, the **Insureds** shall be deemed to have retained any loss for the amount of any such **Underlying Insurance** which is exhausted or impaired by payment of loss with respect to such claim made prior to the effective date of this Policy.

## VI.   CLAIM PARTICIPATION

The **Insured** shall not admit liability, consent to any judgment against them, or agree to any settlement which is reasonably likely to involve the Limit of Liability of this Policy without the **Insurer's** consent, such consent not to be unreasonably withheld.

The Insurer may, at its sole discretion, elect to participate in the investigation, settlement or defense of any claim against any of the **Insureds** for matters covered by this Policy even if the **Underlying Insurance** has not been exhausted.

All provisions of the **Underlying Insurance** are considered as part of this Policy except that it shall be the duty of the Insureds and not the duty of the **Insurer** to defend any claims against any of the **Insureds**.

## VII.   SUBROGATION - RECOVERIES

In that this Policy is "Excess Coverage", the **Insureds** and the **Insurer's** right of recovery against any person or other entity may not be exclusively subrogated.  Despite the foregoing, in the event of any payment under this Policy, the **Insurer** shall be subrogated to all the **Insured's** rights of recovery against any person or organization, and the **Insureds** shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.

Any amounts recovered after payment of loss hereunder shall be apportioned in the inverse order of payment to the extent of actual payment.  The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries.

## VIII.   NOTICE

The **Insurer** shall be given notice in writing as soon as is practicable in the event of (a) the cancellation of any **Underlying Insurance** and (b) any additional or return premiums charged or allowed in connection with any **Underlying Insurance**.  Notice regarding (a) and (b) above shall be given to Manager, Directors and Officers Liability Underwriting, CNA Insurance Companies, CNA Plaza, Chicago, Illinois 60685.

The **Insurer** shall be given notice as soon as practicable of any notice of claim or any situation that could give rise to a claim under any **Underlying Insurance**.  Notice of any claim to the **Insurer** shall be given in writing to Manager, Professional Liability Claims, CNA Insurance Companies, CNA Plaza, Chicago, Illinois 60685.

## IX.    COMPANY AUTHORIZATION CLAUSE

By acceptance of this Policy, the **Named Entity** named in Item 1 of the Declarations agrees to act on behalf of all the **Insureds** with respect to the giving and receiving of notice of claim or cancellations, the payment of premiums and the receiving of any return premiums that may become due under this Policy; and the **Insureds** agree that the **Named Entity** shall in all cases be authorized to act on their behalf.

## X.    ALTERATION

No change in or modification of this Policy shall be effective except when made by endorsement signed by an authorized employee of the **Insurer** or any of its agents relating to this Policy.

## XI.    POLICY CANCELLATION

This Policy may be cancelled by the **Named Entity** at any time by written notice or by surrender of this Policy to the **Insurer**.  This Policy may also be cancelled by or on behalf of the **Insurer** by delivery to the **Named Entity** or by mailing to the **Named Entity,** by registered, certified or other first class mail, at the address shown in Item 1 of the Declarations, written notice stating when, not less than thirty (30) days thereafter, the cancellation shall become effective.  The mailing of such notice as aforesaid shall be sufficient proof of notice and this Policy shall cancel at the date and hour specified in such notice.

If the period of limitation relating to the giving of notice is prohibited or made void by any law controlling the construction thereof, such period shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

The **Insurer** shall refund the unearned premium computed at less than pro-rata if the Policy is cancelled in its entirety by the **Named Entity**.  Under any other circumstances the refund shall be computed pro-rata.

## XII.    EXCLUSIONS

Notwithstanding any provisions of the **Underlying Insurance**, the **Insurer** shall not be liable to make payment for loss in connection with any claim based upon, arising out of, relating to, directly or indirectly resulting from, or in consequence of, or in any way involving:

1.    nuclear reaction, radiation, or contamination regardless of causes;

2.    pollutants, including but not limited to loss arising out of any:

    a.    request, demand or order that any of the **Insureds** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants, or

    b.    claim by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

**XIII.    CONDITIONS**

No action shall be taken against the **Insurer** unless, as a condition precedent, there shall have been full compliance with all the provisions of this Policy, nor until the amount of the **Insureds** obligation to pay shall have been finally determined either by final and nonappealable judgement against the **Insureds** after trial, or by written agreement of the **Insureds**, the claimant and the **Insurer**.

Secretary

Chairman of the Board



## POLICYHOLDER NOTICE

**THIS POLICY IS EXEMPT FROM THE RATE FILING AND APPROVAL AND THE FORM FILING AND CERTIFICATION REQUIREMENTS OF THE DIVISION OF INSURANCE.**

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

GSL1430XX (5-06)
Page 1
Continental Casualty Company
Insured Named: Lehman Brothers Holdings Inc.
© CNA All Rights Reserved

Policy No:    267996454
Endorsement No:    1
Effective Date:

**CNA**

LEHMAN BROTHERS
## COMBINED AGGREGATE CAP ON ODL AND RECOGNITION OF EROSION

In consideration of the premium paid for this Policy, it is agreed that the Policy is amended by the addition of the following new section:

If any loss arising from a **Claim** made against any **Insured** as covered by the **Primary Policy** under Endorsement Twenty-seven, entitled Amend Insured Persons Endorsement, (hereinafter "ODL Claim"), including any revisions or amendments thereto, is covered under any other valid policy(ies) issued by any member company of the Insurer, then the total amount the Insurer shall pay under all such policies for all covered loss on account of such claim shall not exceed the combined aggregate Limit of Liability of $25,000,000.

Further, and solely with respect to an ODL Claim, this Policy shall recognize any payment (and such payment shall serve to erode the **Underlying Insurance**) made by the **Insureds**, XL Insurance Company and Chubb Insurance Company pursuant to any loss covered by any other insurance policy issued by XL Insurance Company or Chubb Insurance Company that involves such ODL claim.

Nothing in this Section shall be construed as increasing the respective Limits of Liability beyond the amount stated in each of the respective policies.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

---

GSL3403XX (8-07)
Page 1
Continental Casualty Company
Insured Name: Lehman Brothers Holdings Inc.

Policy No:    267996454
Endorsement No:    2
Effective Date:

© CNA  All Rights Reserved.



## +COMBINED AGGREGATE CAP ON ODL AND RECOGNITION OF EROSION
## (LEHMAN BROTHERS)

In consideration of the premium paid for this Policy, it is agreed that the Policy is amended by the addition of the following new section:

If any loss arising from a claim made against any **Insured** as covered by the **Primary Policy** under Endorsement Twenty- four, entitled Amend Insured Persons Endorsement, (hereinafter "ODL Claim"), is covered under any other valid policy(ies) issued by any member company of the Insurer, then the total amount the Insurer shall pay under all such policies for all covered loss on account of such claim shall not exceed the combined aggregate Limit of Liability of $25,000,000.

Further, and solely with respect to an ODL Claim, this Policy shall recognize any payment (and such payment shall serve to erode the **Underlying Insurance**) made by the **Insureds**, XL Insurance Company and Chubb Insurance Company pursuant to any loss covered by any other insurance policy issued by XL Insurance Company or Chubb Insurance Company that involves such ODL claim.

Nothing in this Section shall be construed as increasing the respective Limits of Liability beyond the amount stated in each of the respective policies.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____

(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

GSL4443XX (5-07)
Page 1
Continental Casualty Company
Insured Name: Lehman Brothers Holdings Inc.

Policy No:   267996454
Endorsement No:   2
Effective Date:

© CNA  All Rights Reserved



LEHMAN BROTHERS
## COMBINED AGGREGATE CAP ON ODL AND RECOGNITION OF EROSION

In consideration of the premium paid for this Policy, it is agreed that the Policy is amended by the addition of the following new section:

If any loss arising from a **Claim** made against any **Insured** as covered by the **Primary Policy** under Endorsement Twenty-seven, entitled <u>Amend Insured Persons Endorsement</u>, (hereinafter "ODL Claim"), including any revisions or amendments thereto, is covered under any other valid policy(ies) issued by any member company of the Insurer, then the total amount the Insurer shall pay under all such policies for all covered loss on account of such claim shall not exceed the combined aggregate Limit of Liability of <u>$25,000,000</u>.

Further, and solely with respect to an ODL Claim, this Policy shall recognize any payment (and such payment shall serve to erode the **Underlying Insurance**) made by the **Insureds**, XL Insurance Company and Chubb Insurance Company pursuant to any loss covered by any other insurance policy issued by XL Insurance Company or Chubb Insurance Company that involves such ODL claim.

Nothing in this Section shall be construed as increasing the respective Limits of Liability beyond the amount stated in each of the respective policies.

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

---

GSL3403XX (8-07)
Page 1
Continental Casualty Company
Insured Name: Lehman Brothers Holdings Inc.

Policy No:    267996454
Endorsement No:   2
Effective Date:

© CNA  All Rights Reserved.



## STATE PROVISIONS - NEW YORK

Any cancellation or non-renewal provisions contained in the policy to which this endorsement is attached are deleted and replaced by the following:

I.    Cancellation

    A.    This policy can be cancelled by either the first named insured or the insurer.

        1.    The named insured can cancel this policy at any time.  To do so, the named insured must:

            a.    return the policy to the insurer or any of the insurer's authorized representatives; or

            b.    mail a written notice to the insurer;

        stating when the cancellation is to be effective.  The insurer must receive the policy or written notice before the cancellation date.

        2.    If the Policy has been in effect for less than 60 days, the insurer can cancel this policy by giving written notice to the named insured at least:

            a.    15 days, if cancellation is for non-payment of premium.  The named insured may continue the coverage by payment in full at any time prior to the effective date of cancellation; or

            b.    20 days, if cancellation is for any other reason not listed above;

        before the effective date of termination.

    B.    The insurer will mail or deliver notice to the named insured at the last mailing address known to the insurer.

    C.    Notice of cancellation will state the effective date of cancellation.  The policy will end on that date. The grounds for such cancellation shall also be stated, and upon the named insured's written request, the insurer shall furnish the facts upon which the cancellation is based.

    D.    If notice is mailed, proof of mailing will be sufficient proof of notice.  A copy shall also be mailed to the named insured's agent.

---

ENDORSEMENT NUMBER: 3
POLICY NUMBER: 267996454
ISSUED TO: Lehman Brothers Holdings Inc.
EFFECTIVE DATE OF ENDORSEMENT:

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown above.

By Authorized Representative _____
(No signature is required if this endorsement is issued with the Policy or if it is effective on the Policy Effective Date)

G-11713-B31  (ED. 03/01)



E.    If this policy is cancelled, the insurer will send the first named insured any premium refund due.  If the insurer cancels, the refund will be pro-rata.  If the named insured cancels, the refund may be less than pro-rata.

The cancellation will be effective even if the insurer has not made or offered a refund.

F.    If this policy has been in effect for more than 60 days or is a renewal policy, the insurer shall not terminate this policy except for the occurrence of one or more of the following conditions:

1.    non-payment of premium;

2.    any:

a.    material misrepresentation; or

b.    non-disclosure of any fact which if known would affect insurability or cause the policy not to be issued;

by or with the knowledge of the named insured or the named insured's representatives;

3.    any fraud relating to this policy or to a claim made under this policy;

4.    fraudulent acts against the insurer by the named insured or the named insured's representatives that materially affect the nature of the risk insured;

5.    discovery of an act or omission, or a violation of any policy condition, that substantially and materially increases the hazard insured against, and which occurred subsequent to inception of the current policy period;

6.    a material increase in the hazard insured against:

a.    which could not have been reasonably contemplated at the inception of the contract;

b.    having as one of its necessary elements the conviction of a crime;

7.    material physical change in the property insured which results in the property becoming uninsurable in accordance with the insurer's objective, uniformly applied underwriting standards in effect at the time the  policy was issued or last renewed;

---

ENDORSEMENT NUMBER: 3
POLICY NUMBER: 267996454
ISSUED TO: Lehman Brothers Holdings Inc.
EFFECTIVE DATE OF ENDORSEMENT:

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown above.

By Authorized Representative _____
(No signature is required if this endorsement is issued with the Policy or if it is effective on the Policy Effective Date)

G-11713-B31  (ED. 03/01)



8.    a determination by the insurance regulatory authority that continuation of a class or block of business to which the policy belongs will jeopardize the insurer's solvency or will place the insurer in violation of the insurance laws of the state.

9.    The insured's professional license is withdrawn or revoked.

II.    Non-Renewal

If the insurer decides not to renew this policy, 60 days advance written notice shall be mailed or delivered to the named insured at the address shown in this policy.  The notice shall include the reason for such non-renewal.  This provision shall not apply in the event of:

1.    non-payment of premium;

2.    insured elsewhere or accepted replacement coverage.

III.    Conditional Renewal or Increased Premium

If the insurer conditions renewal of this policy upon:

A.    Change of limits;

B.    Change of type of coverage;

C.    Reduction of coverage;

D.    Increased Deductible;

E.    Addition of Exclusion;

F.    Increased premiums in excess of 10%, exclusive of any premium increase due to and commensurate with insured value added, or as a result of experience rating, retrospective rating or audit, at 60 days but not more than 120 days advance written notice of such change shall be mailed or delivered to the named insured at the address shown in this policy.  A copy shall also be mailed to the named insured's agent.

All other provisions of the Policy remain unchanged

ENDORSEMENT NUMBER: 3
POLICY NUMBER: 267996454
ISSUED TO: Lehman Brothers Holdings Inc.
EFFECTIVE DATE OF ENDORSEMENT:

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown above.

By Authorized Representative _____
(No signature is required if this endorsement is issued with the Policy or if it is effective on the Policy Effective Date)

G-11713-B31  (ED. 03/01)

## PENDING AND PRIOR LITIGATION ENDORSEMENT

In consideration of the premium charged, it is hereby understood and agreed that this Policy excludes all **Claims** arising from all pending or prior litigation, as well as future **Claims** arising out of said pending or prior litigation prior to May 16, 1989.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the following described Policy issued by the designated Insurers takes effect on the effective date of said Policy, unless another effective date is shown below, at the hour stated in said Policy and expires concurrently with said Policy.

| Must be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy or is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 4 | 267996454 | | |



Countersigned by _____

Authorized Representative

**Page 1 of 1**

PRO-8781-A
(ED. 01/00)



### LEHMAN BROTHERS SIDE A COVERAGE ENDORSEMENT
### (FOR UNDERLYING CARRIER'S FINANCIAL INSOLVENCY)

In consideration of the paid for this Policy, it is hereby understood and agreed that, solely when an underlying carrier becomes financially insolvent, Section I, **INSURING AGREEMENT** is amended with the addition of the following:

The Insurer shall provide the **Insureds** payment for **Non-Indemnified Loss**, as defined in the **Primary Policy**, resulting from any **Claim**, as defined in the **Primary Policy**, and covered by the **Underlying Insurance**, first made during the **Policy Period**, or the Extended Reporting Period, if applicable, against any of the **Insureds** for a **Wrongful Act**, as defined in the **Primary Policy**, provided the Insurer's liability under this Policy shall be specifically excess of the limits of insurance stated in such **Underlying Insurance** and shall attach only if:

a.    the limits of insurance have been exhausted by reason of losses paid thereunder by the insurers of the **Underlying Insurance,** or

b.    any insurer of the **Underlying Insurance** is financially unable to indemnify, or is legally prohibited from indemnifying, the **Insureds**; or

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

---

Policy No:    267996454
Endorsement No:  5
Effective Date:

Insured Name: Lehman Brothers Holdings Inc.

© CNA. All Rights Reserved.

**CNA**

REVISED 8/16/2007

### FOLLOW FORM ENDORSEMENT

In consideration of the premium paid, it is understood and agreed that the Policy is amended to add the following new language:

• this Policy shall apply in conformance with the same provisions of Endorsement No. 1, titled Amend Insuring Clause and Depletion of Underlying Limits Section Endorsement, of Underlying Excess Policy No. 7043-0876 issued by Federal Insurance Company at its inception.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

GSL4742XX (12-05)
Page 1
Continental Casualty Company
Insured Named: Lehman Brothers Holdings Inc.

Policy No:   267996454
Endorsement No:   6
Effective Date:

© CNA  All Rights Reserved.



### FOLLOW FORM ENDORSEMENT

In consideration of the premium paid, it is understood and agreed that the Policy is amended to add the following new language:

- this Policy shall apply in conformance with the same provisions of Endorsement No. 7, titled Amend Insuring Clause and Apply Coinsurance Endorsement, of Underlying Excess Policy No. 7043-0876 issued by Federal Insurance Company at its inception.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

GSL4742XX (12-05)
Page 1
Continental Casualty Company
Insured Named: Lehman Brothers Holdings Inc.

Policy No:    267996454
Endorsement No:    6
Effective Date:



# IMPORTANT INFORMATION
# POLICYHOLDER DISCLOSURE

## NOTICE OF INSURANCE COVERAGE
## FOR ACTS OF TERRORISM

You are hereby notified that under the Terrorism Risk Insurance Act of 2002, effective November 26, 2002, you have a right to purchase insurance coverage for losses arising out of acts of terrorism, as defined in Section 102(1) of the Act, subject to all applicable policy provisions. The term "act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States—to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property; or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

You should know that coverage provided by this policy for losses caused by certified acts of terrorism is partially reimbursed by the United States under a formula established by federal law. Under this formula, the United States pays 90% of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. The premium charged for this coverage is provided below and does not include any charges for the portion of loss covered by the federal government under the Act.

If you want to purchase this coverage, you must pay $0 Premium.

If you do not want to purchase this coverage, you must sign below and return this form to us at the address indicated below.

BY SIGNING BELOW, I AGREE THAT I AM REJECTING COVERAGE FOR LOSSES ARISING OUT OF CERTIFIED ACTS OF TERRORISM, AS DEFINED IN THE ACT. I UNDERSTAND THAT LOSSES ARISING FROM ACTS OF TERRORISM WILL BE EXCLUDED.

Lehman Brothers Holdings Inc.

_____

Applicant/Named Insured

By: _____

Authorized Representative's Signature

_____

Date

Continental Casualty Company

_____

Insurance Company

_____

Authorized Representative's Title

267996454

_____

Policy Number

Return the original form to us at the address below no later than 5/16/2007.

We recommend that you keep a copy of this notice for your records.

40 Wall Street, 8th Floor, New York, NY 10005