Hearing Date and Time: August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: August 11, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                              :

**In re**                              :        **Chapter 11**
                              :

**LEHMAN BROTHERS HOLDINGS INC., et al.,**  :     **Case No. 08-13555 (JMP)**
                              :

                  **Debtors.**      :     **(Jointly Administered)**
                              :
-------------------------------------------------------------------x

**NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC.**
**AND LEHMAN COMMERCIAL PAPER INC. PURSUANT TO**
**SECTION 363 OF THE BANKRUPTCY CODE TO AMEND THE RACERS TRANSACTION**
**DOCUMENTS AND TERMINATE CERTAIN RACERS TRANSACTION DOCUMENTS**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), and

their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (together, the "Debtors") for an order pursuant to section 363 of title 11 of the United

States Code (the "Bankruptcy Code") amending the RACERS Transaction Documents (as

defined in the Motion) and terminating certain of the RACERS Transaction Documents, will be

held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green,

New York, New York 10004 (the "Bankruptcy Court"), on **August 18, 2010 at 10:00 a.m.**

**(prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Alfredo R.

Perez, Esq., counsel to the Debtors; (iii) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy

Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and

Tracy Hope Davis; Esq., (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq., counsel to the official committee of unsecured creditors appointed in these

cases, (v) Chapman and Cutler LLP, 111 West Monroe St., 18th floor, Chicago, Illinois 60603,

Attn: James E. Spiotto, Esq., counsel to the trustee, U.S. Bank, National Association, and (vi) all

parties who have requested notice in these chapter 11 cases, so as to be so filed and received by

no later than August 11, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 27, 2010
      Houston, Texas

           /s/ Alfredo R. Pérez
           Alfredo R. Pérez
           WEIL, GOTSHAL & MANGES LLP
           700 Louisiana Street, Suite 1600
           Houston, Texas  77002
           Telephone: (713) 546-5000
           Facsimile: (713) 224-9511

           Attorneys for Debtors
           and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                        :
**In re**                                               :          **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*            :          **08-13555 (JMP)**
                                                        :
                          **Debtors.**                  :          **(Jointly Administered)**
                                                        :
----------------------------------------------------------------x

## MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC. PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE TO AMEND THE RACERS TRANSACTION DOCUMENTS AND TERMINATE CERTAIN RACERS TRANSACTION DOCUMENTS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc.

("LCPI," and together with its affiliated debtors in the above-referenced chapter 11 cases, the

"Debtors" and, collectively with their non-debtor affiliates, "Lehman"), as debtor and debtor in

possession, respectfully represents:

### Relief Requested

1.       By this Motion, pursuant to section 363 of title 11 of the United States

Code (the "Bankruptcy Code"), LBHI and LCPI seek to amend the RACERS Transaction

Documents (as defined herein) and to terminate certain of the RACERS Transaction

Documents related to the RACERS A Trust and the RACERS MM Trust (as defined herein).

## Jurisdiction

2.       This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## The Debtors' Chapter 11 Cases

3.       Commencing on September 15, 2008, and periodically thereafter (as

applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors'

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  The

Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       On September 17, 2008, the United States Trustee for the Southern of

New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.       On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

6.       On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

The Examiner issued a report at his investigation pursuant to section 1106 of the Bankruptcy

Code on March 11, 2010 [Docket No. 7531].

7.       On March 15, 2010, the Debtors filed with this Court their proposed Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, and on April 14,

2010, the Debtors filed an amended proposal of their chapter 11 plan and their proposed related
Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code.

### Lehman's Business

8.    Prior to the events leading up to these chapter 11 cases, Lehman was the
fourth largest investment bank in the United States.  For more than 150 years, Lehman had been
a leader in the global financial markets by serving the financial needs of corporations,
governmental units, institutional clients and individuals worldwide.

9.    Additional information regarding the Debtors' businesses, capital
structures, and the circumstances leading to the commencement of these chapter 11 cases is
contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy
Rules for the Southern District of New York in Support of First-Day Motions and Applications,
filed on September 15, 2008 [Docket No. 2].

### Background

10.    On August 23, 2007 (the "Closing Date"), the Restructured Asset
Securities with Enhanced Returns Series 2007-A Trust (the "RACERS A Trust") and 2007-7-
MM Trust (the "RACERS MM Trust") and, together with the RACERS A Trust, the "Trusts"),
special purpose securitization vehicles, were established in order to issue securities to finance a
portfolio of real estate loans, equity interests and other illiquid assets (the "Underlying Assets").
Specifically, the Underlying Assets include approximately 175 real estate positions with a $2.36
billion legal balance as of April 30, 2010, including 164 equity positions ($2.23 billion) and 11
loans ($129.1 million), 333 commercial loan positions with legal balance as of April 30, 2010 of
$1.2 billion, as well as cash collections.  Participations in the Underlying Assets (the
"Collateral") were purportedly granted to the RACERS A Trust on the Closing Date and from

time to time in connection with the increase in the size of the transaction or the substitution of new Underlying Assets for previously participated Underlying Assets

      11.     The RACERS A Trust and the RACERS MM Trust are constituted and governed by certain transaction documents that are listed on Exhibit A (the "RACERS Transaction Documents") including that certain Participation Agreement dated as of the Closing Date pursuant to which LCPI purported to grant participations in the Underlying Assets to the RACERS A Trust (the "Participation Agreement") and that certain Security and Control Agreement dated as of the Closing Date (the "Control Agreement") pursuant to which RACERS A Trust purported to pledge all of its right, title and interest in the Collateral to U.S. Bank, National Association ("U.S. Bank").[1]

      12.     Trust certificates, representing the equity interests in the two Trusts (the "Certificates") are believed to have been initially owned by LCPI or LBHI.  The RACERS A Trust issued notes to the RACERS MM Trust (the "RACERS A Note").  The RACERS MM Trust issued notes (the "RACERS MM Notes") that were later pledged, along with the Certificates, to JPMorgan Chase Bank, N.A. or its affiliate, subsidiary, or related entity (collectively, "JPMorgan") as collateral.  Certain documentation may suggest that LBI owned the RACERS MM Notes on the Commencement Date of the above-captioned chapter 11 cases.

      13.     Each of the RACERS A Trust and the RACERS MM Trust entered into a "total return" swap with Lehman Brothers Special Financing Inc. ("LBSF"), a Debtor in these chapter 11 cases.  Pursuant to its total return swap (the "A Swap"), the RACERS A Trust is obligated to pay to LBSF all amounts it receives in respect of the Collateral granted under the Participation Agreement in exchange for a payment from LBSF of (i) monthly interest at 7% per

---

[1] U.S. Bank, National Association is the trustee for both the RACERS A Trust and the RACERS MM Trust.

annum on the principal amount of the RACERS A Note and (ii) an amount equal to the

outstanding principal amount of the RACERS A Note on the termination date of the A Swap.

14.    Pursuant to its total return swap (the "<u>MM Swap</u>" and, together with the A

Swap, the "<u>Swaps</u>"), the RACERS MM Trust is obligated to pay all amounts that it receives as

payments on the RACERS A Note in exchange for a payment from LBSF of (i) a monthly

amount that is equal to the interest payments the RACERS MM Trust is obligated to pay on the

RACERS MM Notes and (ii) an amount equal to the outstanding principal amount of the

RACERS MM Notes on the termination date of the MM Swap.

15.    The obligations of LBSF under the Swaps are guaranteed by LBHI.

16.    The A Swap has been terminated by the RACERS A Trust and the MM

Swap has been terminated by the RACERS MM Trust pursuant to notices of termination sent to

LBSF by U.S. Bank on September 22, 2008, designating September 23, 2008 as the termination

date.  As a result of such terminations, LBSF may be required to pay the notional amount of the

RACERS A Note to the RACERS A Trust and the outstanding principal amount of the RACERS

MM Notes to the RACERS MM Trust.

17.    U.S. Bank has filed proofs of claim on behalf of the Trusts ("<u>Proofs of

Claim</u>") against (a) LBSF in respect of the Swaps,[2] (b) LBHI in respect of the guarantees of the

Swaps[3] and (c) LCPI in respect of the Participation Agreement.[4]

18.    On March 16, 2010, JPMorgan and LBHI (and certain of its affiliates and

subsidiaries) entered into that certain Collateral Disposition Agreement (the "<u>CDA</u>"), pursuant to

---

[2] Proofs of Claim numbered 23465 and 23466.

[3] Proofs of Claim numbered 23464 and 23467.

[4] Proofs of Claim numbered 23463 and 23468.

which LBHI succeeded to any and all alleged liens of JPMorgan as against certain collateral,

including, among other things, the RACERS MM Notes and the Certificates, and such liens were

transferred to LBHI as a result of LBHI provisionally satisfying certain claims JPMorgan

purportedly had against LBI and LBHI and certain of its affiliates and subsidiaries.[5]  The

transactions under the CDA were completed on March 31, 2010 and accordingly LBHI is the

current holder of the RACERS MM Notes and the Certificates.

19.     Assuming LBI owned the RACERS MM Notes on the Commencement

Date, it is conceivable that at some future date LBI might allege that LBI is entitled to the return

of some or all of the RACERS MM Notes or the residual value thereof.  LBHI and LCPI do not

believe that LBI would be successful in any such allegation.

### The Termination of the Participation Agreement and the Control Agreement and Amendment of the Other RACERS Transaction Documents Are in the Best Interests of the Debtors and Their Estates

20.     The current structure of the participations and the Trusts has led to a

situation where the Debtors are unable to efficiently and economically manage their properties

for the benefit of their estates and their creditors.  The management and/or sale of the Underlying

Assets, participations in which constitute the Collateral, is extremely difficult and many actions

related to the Underlying Assets arguably require the cooperation of U.S. Bank.  As such, the

termination of the Participation Agreement and Control Agreement and amendment of the other

RACERS Transaction Documents to replace U.S. Bank with LBHI, or its designee, would

streamline the Debtors' management of their assets, benefiting all parties in interest.

---

[5] On March 17, 2010, this Court approved the CDA pursuant to *Order Pursuant to Sections 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Approving Collateral Disposition Agreement among the Debtors and JPMorgan Chase Bank, N.A., et al.* [Docket No. 7785].

21.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." *Id.* § 363(b)(1).  When considering a transaction outside the ordinary course of business, courts in the Second Circuit, and others, require that such transaction be based upon the sound business judgment of the debtor.  *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *accord In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In Re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986).

22.    It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  If a valid business justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company."  *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).  The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

23.    The Underlying Assets require active management, in many cases because the asset is in default or (in the case of junior liens or equity interests) a senior creditor is threatening foreclosure or other action.  In other cases, the Debtors believe there are

opportunities to sell such assets.  The fact that the Underlying Assets purportedly have been participated to the RACERS A Trust has made the management and sale of these assets difficult and time consuming and, as a result, may potentially depress the value of the Underlying Assets.

24.    Furthermore many actions that the asset management teams managing the Underlying Assets consider from time to time arguably require the consent of U.S. Bank, leading to delay while the relevant action is explained and considered.  U.S. Bank has from time to time requested, as a condition to taking action at the request of LBHI, a certificate that LBHI is the sole owner of the RACERS MM Notes and that no other party has an interest therein (an "Ownership Certification").  In view of the fact that LBI may allege that it has a remote, contingent interest in the RACERS MM Notes, LBHI has not been willing to make this Ownership Certification.

25.    Additionally, in connection with workouts and sales, third parties request that the Lehman entity that has record title to the particular Underlying Asset represent that it is the sole owner of the related asset.  Such Lehman entity cannot make this representation in view of the purported participation to the RACERS A Trust and U.S. Bank is reluctant to help by closing any gaps in ownership representations without an Ownership Certification.

26.    For these reasons, the termination of the Participation Agreement and Control Agreement and amendment of the other RACERS Transaction Documents to replace U.S. Bank with LBHI, or its designee, in all capacities related to the Trusts would be beneficial to the Debtors, their estates and their creditors.  LCPI would be able to manage and/or liquidate the Underlying Assets without obtaining authorization from any third party.

27.    Specifically, the relief sought in the Motion is a request for an order that the following sequence of events be effectuated by the order and be deemed to occur:

i.      The RACERS Transaction Documents are amended to permit LBHI to serve as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent with respect to each Trust;

ii.     U.S. Bank is replaced by LBHI, or its designee, as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent of each Trust;

iii.    the Participation Agreement (including but not limited to the participations pursuant thereto) and the Control Agreement are terminated; and

iv.     LCPI will be deemed to be the owner of the Underlying Assets and is authorized to act and deal with such Underlying Assets in all respects just as LCPI acts or deals with its other assets, including without limitation, selling, assigning or transferring any such Underlying Assets and/or modifying the terms of any such Underlying Assets.  All claims of any person or entity with respect to the Underlying Assets shall be enforceable solely against the proceeds of the Underlying Assets and not against the Underlying Assets themselves.  LCPI will segregate on its books and records all cash or other proceeds generated by the Underlying Assets and may use any cash or other proceeds previously or hereafter generated by the Underlying Assets for the benefit of any of the Underlying Assets.

28.     Additionally, after entry of the order, a tolling agreement with respect to claims and defenses in connection with the RACERS Transaction Documents, the Collateral and the creation and operation of the Trusts, would be entered into among LBI, LCPI, LBHI (both for itself and on behalf of the Trusts), LBSF,  and U.S. Bank.

29.     U.S. Bank will be paid its reasonable trustee and other fees arising out of its services as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent for the RACERS A Trust and the RACERS MM Trust accrued to the date, if any, that this Motion is granted (the "Replacement Date") as well as its reasonable out-of-pocket costs and expenses paid or invoiced on or prior to the Replacement Date.

## Reservation of All Rights and Claims

30.    In seeking termination of the Participation Agreement and the Control
Agreement and the amendment of the other RACERS Transaction Documents to effectuate the
substitution of U.S. Bank with LBHI, as trustee of the Trusts, it is not the goal or intention of the
Debtors to deprive any interested party of existing rights (other than U.S. Bank's right to act as
Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent for the Trusts
after the Replacement Date).  Therefore, the Debtors request an order reserving the rights of the
interested parties to the proceeds of the Underlying Assets and expressly providing that if any
interested party has a right, enforceable under applicable bankruptcy and non-bankruptcy law, to
receive, now or in the future (a) proceeds of the Underlying Assets, it shall have an
administrative claim against the relevant Debtor (but not against any of the Underlying Assets) to
the extent of the principal and interest and proceeds of the Underlying Assets it would have been
entitled to receive, after netting amounts the relevant Debtor expended or contributed to manage,
oversee, collect, protect, or improve the Underlying Assets, and/or (b) distributions from the
Debtors' estates on account of the Proofs of Claim, it shall have a claim against the relevant
Debtor for amounts that are or could have been collected on the Proofs of Claim but for the
termination of the Participation Agreement and Control Agreement and amendment of the other
RACERS Transaction Documents.  The Debtors also request an order tolling the statute of
limitations, for a period of three years after the applicable statute of limitations, with respect to
all claims and defenses related to the RACERS Transaction Documents, the Collateral, the
Underlying Assets and the creation and operation of the Trusts among the Debtors, LBI, the
RACERS A Trust, the RACERS MM Trust and U.S. Bank.

31.    Furthermore, the Debtors request that nothing contained herein be deemed
to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or

remedies of LBI, LBHI, LCPI, or LBSF, or that any of the Debtors may have or choose to assert

on behalf of their respective estates under any provision of the Bankruptcy Code or any

applicable law, including against each other or third parties.  Additionally, the parties seek

authorization to execute such further documents necessary to reflect this reservation of rights

among LBI, LBHI, LCPI, and LBSF.

### **Notice**

32.     No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Motion in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [Docket No. 9635] on (i) the Office of the United States Trustee for

the Southern District of New York; (ii) the attorneys for the Statutory Committee of Unsecured

Creditors appointed in these cases; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) counsel to U.S. Bank, National Association; and (vii) all parties who have requested notice

in these chapter 11 cases.  No other or further notice need be provided.

33.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just and proper.

Dated:  July 27, 2010
      Houston, Texas

/s/ Alfredo R. Pérez
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5040
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

**(List of the Transaction Documents)**

1.      Private Placement Memorandum – Restructured Asset Securities with Enhanced Returns ("<u>RACERS</u>") Series 2007-7-MM (the "<u>Series 2007-7-MM Trust</u>"), dated August 23, 2007

2.      Supplement to Placement Memorandum – Restructured Asset Securities with Enhanced Returns ("<u>RACERS</u>") Series 2007-7-MM Trust  $2 billion, dated August 23, 2007

3.      Security and Control Agreement, dated August 23, 2007, among Restructured Asset Securities with Enhanced Returns, Series  2007-A Trust (the "<u>Series 2007-A Trust</u>" and together with the Series 2007-7-MM Trust, the "<u>Trusts</u>"), the Series 2007-7-MM Trust, Lehman Brothers Special Financing Inc. ("<u>LBSF</u>") and U.S. Bank National Association ("<u>U.S. Bank</u>")

4.      ISDA Master Agreement and Schedule, dated August 23, 2007, and Confirmation dated August 23, 2007 (the "<u>2007-A Swap</u>") between the Series 2007-A Trust and LBS

5.      Series Trust Agreement, dated August 23, 2007 ("<u>2007-A Trust Agreement</u>") between Lehman Brothers Inc ("<u>LBI</u>") and U.S. Bank

6.      Participation Agreement, dated August 23, 2007 (the "<u>Participation Agreement</u>") between Lehman Commercial Paper Inc and the Series 2007-A Trust

7.      Administration Agreement, dated August 23, 2007, between the Series 2007-A Trust and U.S. Bank

8.      Guarantee of Lehman Brothers Holdings Inc., dated August 23, 2007 ("<u>LBHI</u>"), in favor of the Series 2007-A Trust

9.      ISDA Master Agreement and Schedule, dated August 23, 2007, and Confirmation dated August 23, 2007 (the "<u>2007-7-MM Swap</u>" and together with the 2007-A Swap, the "<u>Swaps</u>") between LBSF and the Series 2007-7-MM Trust

10.     Series Indenture, dated August 23, 2007 between the Series 2007-7-MM Trust and U.S. Bank

11.     Series Trust Agreement, dated August 23, 2007 (the "<u>Series 2007-7-MM Trust Agreement</u>") between LBI and U.S. Bank

12.     Administration Agreement, dated August 23, 2007, between the Series 2007-7-MM Trust and U.S. Bank

13.     Guarantee of LBHI, dated August 23, 2007, (in favor of the Series 2007-7-MM Trust)

14.     Notice to LCPI, dated September 30, 2007, Re:  "Participation Agreement, dated as of August, 23, 2007, between Restructured Asset Securities with Enhanced Returns, Series 2007-A Trust, a trust created under the laws of the State of Delaware, and Lehman Commercial Paper Inc."

15.    Note Purchase Agreement, dated as August 23, 2007, among the Series 2007-7-MM Trust as Issuer and LBI as Manager

16.    Supplement to Note Purchase Agreement, dated November 20, 2007, among the Series 2007-7-MM Trust as Issuer and LBI as Manager

17.    Supplement to Note Purchase Agreement, dated February 29, 2008, among the Series 2007-7-MM Trust as Issuer and LBI as Manager

18.    Supplement to Note Purchase Agreement, dated March 20, 2008, among the Series 2007-7-MM Trust as Issuer and LBI as Manager

## Annex A

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                       :

In re                                :         **Chapter 11 Case No.**
                                         :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :         **08-13555 (JMP)**
                                         :

                     **Debtors.**      :         **(Jointly Administered)**
                                         :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363
### OF THE BANKRUPTCY CODE AMENDING
### THE RACERS TRANSACTION DOCUMENTS
### <u>AND TERMINATING CERTAIN RACERS TRANSACTION DOCUMENTS</u>

           Upon the motion, dated July 27, 2010 (the "<u>Motion</u>"), of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and Lehman Commercial Paper Inc. ("<u>LCPI</u>"), as debtors in

possession (together with their affiliated debtors in the above-referenced chapter 11

cases, the "<u>Debtors</u>"), for an order pursuant to section 363 of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>") amending the RACERS Transaction Documents[6] and

terminating certain RACERS Transaction Documents, all as more fully described in the

Motion ; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the
Motion.

and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the RACERS Transaction Documents are amended to permit LBHI, or its designee, to serve as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent with respect to each Trust; and it is further

ORDERED that U.S. Bank is replaced by LBHI, or its designee, as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent of each Trust and U.S. Bank shall have no right to act as such after the date hereof; and it is further

ORDERED that the Participation Agreement (including but not limited to the participations pursuant thereto) and the Control Agreement are terminated; and it is further

ORDERED that LCPI will be deemed to be the owner of the Underlying Assets and is authorized to act and deal with such Underlying Assets in all respects just as LCPI acts or deals with its other assets, including without limitation, selling, assigning or transferring any such Underlying Assets and/or modifying the terms of any such Underlying Assets; and it is further

ORDERED that all claims of any person or entity with respect to the

Underlying Assets shall be enforceable solely against the proceeds of the Underlying

Assets and not against the Underlying Assets themselves. LCPI will segregate on its

books and records all cash or other proceeds generated by the Underlying Assets and may

use any cash or other proceeds previously or hereafter generated by the Underlying

Assets for the benefit of any of the Underlying Assets; and it is further

ORDERED that, after entry of this Order, all claims and defenses in

connection with the RACERS Transaction Documents, the Collateral and the creation

and operation of the Trusts, by and among LBI, LCPI, LBHI (both for itself and on

behalf of the Trusts), LBSF and U.S. Bank shall be reserved and not affected by the

substitution of the Trustee or the termination of the Participation Agreement or the

Control Agreement; and it is further

ORDERED that U.S. Bank shall be paid its reasonable trustee and other

fees arising out of its services as Indenture Trustee, Owner Trustee, Custodian and

Administrator and Paying Agent for the RACERS A Trust and the RACERS MM Trust

accrued to the date hereof, as well as its reasonable out-of-pocket costs and expenses paid

or invoiced on or prior to the date hereof; and it is further

ORDERED that the rights of all interested parties to the proceeds of the

Underlying Assets are reserved. Specifically, if any interested party has a right,

enforceable under applicable bankruptcy and non-bankruptcy law, to receive, now or in

the future (a) proceeds of the Underlying Assets, such party shall have an administrative

claim against the relevant Debtor (but not against any of the Underlying Assets) to the

extent of the principal and interest and proceeds of the Underlying Assets it would have

been entitled to receive, after netting amounts the relevant Debtor expended or

contributed to manage, oversee, collect, protect, or improve the Underlying Assets,

and/or (b) distributions from the Debtors' estates on account of the Proofs of Claim, such

party shall have a claim against the relevant Debtor for amounts that are or could have

been collected on the Proofs of Claim but for the termination of the Participation

Agreement and Control Agreement and amendment of the other RACERS Transaction

Documents; and it is further

ORDERED that the statute of limitations with respect to all claims and

defenses related to the RACERS Transaction Documents, the Collateral, the Underlying

Assets and the creation and operation of the Trusts among the Debtors, LBI, the

RACERS A Trust, the RACERS MM Trust and U.S. Bank is tolled for a period of three

years after the applicable statute of limitations; and it is further

ORDERED that nothing contained in the Motion or herein shall be

deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations,

benefits, or remedies of LBI, LBHI, or LCPI, or that any of the Debtors may have or

choose to assert on behalf of their respective estates under any provision of the

Bankruptcy Code or any applicable law, including against each other or third parties; and

it is further

ORDERED that, the LBHI, LBSF, LCPI and LBI are authorized and

empowered to execute such further documents necessary to reflect the reservation of

rights among LBI, LBHI, LBSF, and LCPI as set forth herein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation and/or interpretation of this

Order.

Dated:  August __, 2010
        New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE