Hearing Date and Time: July 14, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: July 7, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                           :   Chapter 11
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**  :   Case No. 08-13555 (JMP)
                                                                  :
                    Debtors.                       :   (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORITY TO AMEND PARTICIPATION AGREEMENTS AND TO PURCHASE ADDITIONAL <u>PARTICIPATION INTERESTS RELATED TO HERITAGE FIELDS PROPERTY</u>**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the

"<u>Motion</u>") of Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"<u>Debtors</u>") for an order pursuant to section 363 of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedures

authorizing LBHI to provide interim financing to the Heritage Fields Project  (as defined

in the Motion), will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs

House, Courtroom 601, One Bowling Green, New York, New York 10004 (the

"Bankruptcy Court"), on **July 14, 2010 at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Alfredo R. Perez, Esq., counsel to the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq., (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., counsel to the official committee of unsecured creditors appointed in these cases, and (v) all parties who have requested notice in these chapter 11 cases, so as to be so filed and received by no later than July 7, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

2

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 28, 2010
       Houston, Texas

/s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: July 14, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: July 7, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
                                          :

In re                                :         Chapter 11 Case No.
                                          :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.,*  :        08-13555 (JMP)
                                          :

                   Debtors.          :         (Jointly Administered)
                                          :
-----------------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND RULE 6004(h) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORITY TO
AMEND PARTICIPATION AGREEMENTS AND TO PURCHASE ADDITIONAL
<u>PARTICIPATION INTERESTS RELATED TO HERITAGE FIELDS PROPERTY</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as debtor and debtor in possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>"), moves for authority to purchase up to a $32 million senior participation interest in an existing first mortgage loan from El Toro LLC ("<u>El Toro</u>") to Heritage Fields El Toro LLC ("<u>Heritage</u>") and respectfully represents:

**Relief Requested**

1.      By this Motion, pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), LBHI seeks authority to provide interim financing to the Project (as defined herein) by amending the Amended LBHI Participation Agreement and purchasing the Participation Interests (each as defined herein) up to an aggregate amount of $32 million.

**Jurisdiction**

2.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

3.      Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of

2

unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

6. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report at his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

7. On April 14, 2010, the Debtors filed a revised joint chapter 11 plan and disclosure statement [Docket Now. 8330 and 8332].

**Lehman's Business**

8. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Heritage Fields Background**

    A.    **The Project**

    10.    Heritage is the owner of Heritage Fields (the "Project"), a 3,723-acre masterplan development in Irvine, California. On June 26, 2007, El Toro LLC ("El Toro"), a wholly-owned subsidiary of LBREM REIT Holdings, LLC ("LBREM REIT"), at the time a non-debtor Lehman affiliate, which is no longer under the control of Lehman, entered into a mortgage loan agreement with Heritage pursuant to which El Toro agreed to loan up to $775 million to Heritage (the "Mortgage Loan").

    11.    On June 26, 2007, a portion of the Mortgage Loan was participated to Lehman ALI, Inc. ("ALI") in the amount of up to $650 million (the "Original Participation"), with the balance remaining with El Toro.[1] On November 30, 2007 a portion of the Original Participation was further participated to Lehman Brothers Bankhaus AG ("Bankhaus", and the participation to Bankhaus, the "Bankhaus Interest") and thereafter a portion of the Original Participation was repo'd to State Street Bank and Trust Company ("State Street") for approximately $200 million (the "State Street Interest") pursuant to a Master Repurchase Agreement.

    12.    On or around May 27, 2008, the Original Participation was terminated and restructured as a secured corporate loan in the maximum principal amount of up to $650 million (the "Corporate Loan"). LBHI is the lender under the Corporate Loan. The Corporate Loan is secured by certain membership interests of LBREM REIT, in El Toro.

---

[1] As the result of certain intercompany repo transactions, on or around April 24, 2008, LCPI became the holder of a portion of the Original Participation, which was later transferred to State Street, as set forth below.

13. On September 22, 2009 LBREM REIT and El Toro filed certain proofs of claim (the "Proofs of Claim") in the Debtors' chapter 11 cases asserting, among other things, inequitable conduct of LBHI with respect to the conversion of the Original Participation into the Corporate Loan. In the Proofs of Claim, LBREM REIT and El Toro specifically reserved the right to, among other things, bring against LBHI, without any limitation, any claims and causes of actions, including, but not limited to, claims for breach of fiduciary duties and self-dealing, as well as any right to seek any and all remedies, including, but not limited to, rescission of the Corporate Loan.

14. On December 11, 2009, certain of LBHI's wholly owned non-debtor subsidiaries transferred their general partnership interests in Lehman Brothers Real Estate Mezzanine Partners, L.P. ("LBREM") and Lehman Brothers Real Estate Mezzanine Partners II, L.P. and the related funds to PCCP, LLC ("PCCP") and certain of its affiliates (the "LBREM Transfer"). As a result of the LBREM Transfer, PCCP acquired indirect management control of LBREM REIT.

15. On June 18, 2009, State Street filed an adversary proceeding against Lehman captioned *State Street Bank and Trust Company v. Lehman Commercial Paper, Inc.*, Adv. Proc. No. 08-01743 (the "Adversary Proceeding"), which asserted, among other things, ownership in certain assets, including the State Street Interest.

16. Pursuant to that certain Settlement Agreement dated December 15, 2009 and the *Order Pursuant to Section 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019 Authorizing and Approving of a Settlement Agreement with the Insolvency Administrator of Lehman Brothers Bankhaus AG (in Insolvenz)*, entered by this Court on January 14, 2010 [Docket No. 6665], Bankhaus sold

5

the Bankhaus Interest to LBHI. As such, LBHI is the sole owner of the Bankhaus Interest.

17. The Debtors are currently in the process of negotiating a settlement agreement (the "Settlement Agreement") with Heritage, State Street, LBREM REIT, PCCP, and other parties in interest which would resolve all disputes regarding the Project, and pursuant to which the Debtors sell all of their interests in the Project. Once finalized the Settlement Agreement will be subject to Court approval.[2]

### B. The Participation Interests

18. On December 9, 2009, pursuant to the *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) Establishing Procedures to (i) Restructure, (ii) Make New or Additional Debt or Equity Investments in, and/or (iii) Enter into Settlements and Compromises in Connection with Existing Real Estate Investments*, entered by this Court on November 23, 2009 (the "Restructuring Procedures Order") [Docket No.5912], El Toro and LBHI entered into that certain Participation Agreement (the "First LBHI Participation Agreement") pursuant to which El Toro sold to LBHI a participation in the Mortgage Loan in an amount of $3,551,203.23 (the "Initial Participation Interest").

---

[2] On June 22, 2010, LBHI filed its *Motion of Lehman Brothers Holdings Inc. Pursuant to Section 363 of the Bankruptcy Code and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure for Authority to Enter into Settlement Related to, and Assign Interest in Heritage Fields Property and to Purchase Participation Interests Related Thereto* [Docket No. 9739]. Due to the large number of parties to the settlement, the parties were unable to finalize all aspects of the settlement prior to the hearing and, as a result, LBHI adjourned the hearing on the motion. See Notice of Adjournment, dated July 8, 2010 [Docket No. 10103]. The Debtors intend to file an amended motion to approve the Settlement Agreement as soon as the Settlement Agreement is finalized.

6

19. On January 15, 2010, pursuant to the Restructuring Procedures Order, El Toro and LBHI entered into that certain Amended and Restated Participation Agreement, which amended, restated and superseded in its entirety the First Participation Agreement (the "Amended LBHI Participation Agreement"), pursuant to which LBHI agreed to purchase from El Toro additional participation interests (together with the Initial Participation Interest, the "Additional Participation Interests" and each, an "Additional Participation Interest") in the Mortgage Loan, up to an aggregate amount, including the Initial Participation Interest, of $20 million. On July 8, 2010, pursuant to the Restructuring Procedures Order, this amount was increased to $24.5 million. The past and future purchase of the Additional Participation Interests is based on the critical funding needs of the Project.

20. Under the authority granted by the Restructuring Procedures Order, Additional Participation Interests were purchased by LBHI in the aggregate amount of $19,076,945 on the following dates and in the following approximate amounts: (i) January 29, 2010 for $3,566,329; (ii) February 12, 2010 for $150,000, (iii) February 17, 2010 for $1,477,373; (iv) March 18, 2010 for $1,532,690; (v) April 9, 2010 for $5,393,586; (vi) April 30, 2010 for $1,794,661; (vii) May 28, 2010 for $2,059,776; and (viii) July 14, 2010 for $3,102,528.

21. The Official Committee of Unsecured Creditors (the "Creditors' Committee") was aware of and in support of the purchase of each of the Additional Participation Interests.

22. Under the Amended LBHI Participation Agreement, the Additional Participation Interests and all other future participation interests purchased thereunder are

7

entitled to repayment priority and, accordingly, are to be repaid before substantially any other amounts outstanding under the Mortgage Loan.[3]  Pursuant to the terms of the Settlement Agreement (as currently contemplated) all of the Participation Interests will be repaid, with interest upon the closing of the Settlement Agreement.

### The Court Should Approve Amendment of the Amended LBHI Participation Agreement and the Funding of the Additional Participation Interests Up to an Aggregate Amount of $32 Million

23.    Costs associated with the Project require funding above the $24.5 million allowed under the Amended LBHI Participation Agreement and above the $25 million authorized by the Restructuring Procedures Order.  As such, LBHI seeks authority to further amend the Amended LBHI Participation Agreement to provide for the purchase of up to $32 million of Additional Participation Interests (inclusive of all previously purchased Additional Participation Interests).

24.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  Id. § 363(b)(1).  When considering a transaction outside the ordinary course of business, courts in the Second Circuit, and others, require that such transaction be based upon the sound business judgment of the debtor.  Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); accord In re Chateaugay Corp., 973 F.2d 141, 143 (2d Cir. 1992); In re Martin, 91 F.3d 389, 395 (3d Cir. 1996) (citing Fulton State Bank v. Schipper (In Re Schipper), 933 F.2d 513, 515 (7th Cir. 1991)); Institutional Creditors of

---

[3] Specifically, the Amended LBHI Participation Agreement provides that the Additional Participation Interests are to be paid *pari passu* with $16,655,258 in other amounts outstanding under the Mortgage Loan.

8

Cont'l Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.), 780 F.2d 1223, 1226 (5th Cir. 1986).

25.     It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." In re Johns-Manville Corp., 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  If a valid business justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)), appeal dismissed, 3 F.3d 49 (2d Cir. 1993).  The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. Id. (citing Aronson v. Lewis, 473 A.2d 805, 812 (Del. 1984)).

26.     Amending the Amended LBHI Participation Agreement to provide for the purchase of up to $32 million of Additional Participation Interests is in the best interests of LBHI and meets the standard for approval under section 363 of the Bankruptcy Code.  Although the Settlement Agreement (as currently contemplated) provides for the sale of all of the Debtors' interests in the Project (other than the Cash Flow Participation), there are certain necessary costs associated with the Project which require immediate payment and therefore cannot wait for the execution and approval of the Settlement Agreement.  The funds provided through the purchase of the Additional Participation Interests have been and will be used to fund these necessary costs.  The

Project's value is inextricably tied to the payment of these costs, and, as such, if they were unpaid, LBHI would risk losing its valuable investment.

27. As set forth above, if the Settlement Agreement (as currently contemplated) is approved and the transactions set forth therein are consummated the Participation Interests will be repaid, with interest, pursuant thereto. Even if the Debtors do not enter into the Settlement Agreement, however, approval of the purchase of the Additional Participation Interests is in the best interests of LBHI's estate. LBHI chose to structure the funding of these costs through the purchase of the Additional Participation Interests because such structure provided LBHI and its creditors with the most security. As a participation in El Toro's loan, the Additional Participation Interests are secured by a *first priority security interest* in the Project. Because the Additional Participation Interests have repayment priority, they will be paid off prior to substantially any other interest in the Project. The value of the Project is far in excess of the cap of the Additional Participation Interests at $32 million (inclusive of all previously purchased Additional Participation Interests), and as a result and in conjunction with the payment priority, LBHI is confident that, even if the Settlement Agreement is not executed and approved, LBHI will receive repayment of the Additional Participation Interests. In addition, by entering into and amending the Amended LBHI Participation Agreement and purchasing the Additional Participation Interests, LBHI is able to protect its debt interest with respect to the Project, a result which in the best interests of LBHI, its creditors, and all economic parties in interest.

### Relief under Bankruptcy Rule 6004(h)

28.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  The Project requires immediate funding to pay certain necessary costs.  As set forth above, the Project's value, and therefore the value of LBHI's investment, is directly linked to the payment of these costs.  Accordingly, the Debtors respectfully request that any order authorizing the purchase of the Additional Participation Interests be effective immediately.

### Notice

29.     The Debtors have served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the parties in interest to the Project; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

30.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

11

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: July 28, 2010
      Houston, Texas

/s/ Alfredo R. Pérez
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5040
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

**<u>Annex A</u>**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                        :
In re                                                   :     Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (JMP)
                                                        :
                            Debtors.                :     (Jointly Administered)
                                                        :
------------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND
RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AUTHORIZING LBHI TO AMEND PARTICIPATION AGREEMENTS AND TO
PURCHASE PARTICIPATION INTERESTS RELATED THERETO**

Upon the motion, dated July 28, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing LBHI to provide interim financing to the Project up to an aggregate amount of $32 million by amending the LBHI Participation Agreement and purchasing the Participation Interests, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

---

[1] Capitalized terms used, but not defined herein shall have the meaning ascribed to such term in the Motion.

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are denied and overruled on the merits with prejudice; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized and empowered, but not directed, to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to amended the Amended LBHI Participation Agreement to provide for the purchase, by LBHI, of Additional Participation Interests up to an aggregate amount of $32 million, and LBHI is authorized and empowered, but not directed, to purchase such Additional Participation Interests, up to an aggregate amount of $32 million, thereunder; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

15

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or, except as otherwise expressly provided in the Motion, that the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties, and the Debtors are herby authorized and directed to execute such further documents to evidence these reservations; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August ___, 2010
       New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

16