**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**DECLARATION OF WILLIAM B. GORDON IN SUPPORT OF LBHI'S MOTION,
PURSUANT TO SECTIONS 105(a), 363 AND 554 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 6004 AND 6007, FOR (I) APPROVAL OF SURRENDER
AGREEMENT IN CONNECTION WITH SURRENDER OF REAL PROPERTY LEASE
AND (II) AUTHORIZATION TO ABANDON CERTAIN PERSONAL PROPERTY**

Pursuant to 28 U.S.C. § 1746, I, William B. Gordon, declare:

       1.     I am over the age of 18 years and make these statements based on my own personal knowledge, my review of the business records of Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), and/or my consultation with employees of Alvarez & Marsal North America, LLC ("A&M") and LBHI.   If called to testify, I could testify to the truth of the matters set forth herein.

       2.     I submit this declaration in support of *LBHI's    Motion, Pursuant to Sections 105(a), 363 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007, for (I) Approval of Surrender Agreement in Connection With Surrender of Real Property Lease an (II) Authorization to Abandon Certain Personal Property* (the "Motion")[1] filed on July 28, 2010.

       3.     I am a Managing Director of A&M.   A&M has been providing restructuring and general operational and managerial services to the Debtors in connection with these cases.   I was assigned to the Debtors' cases on or about September 2008.   My responsibilities include oversight of transition services, corporate services and corporate real estate.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

4.      In that role, I have become familiar with LBHI's real property leases, including that certain Agreement of Sublease, dated as of November 30, 2001 (as amended, the "Lease"), by and between LBHI and 85 Tenth Avenue Associates, LLC (as successor-in-interest to Level 3 Communications, LLC, "85 Tenth"), pursuant to which 85 Tenth leases to LBHI the seventh floor and a certain ancillary area of the roof level in a building located at 85 Tenth Avenue, New York, New York (as more particularly defined in the Lease, the "Premises").    The term of the Lease expires on December 31, 2013 (the "Expiration Date").

5.      Prior to the commencement of these cases, the Premises was utilized as one of the Debtors' primary data centers.    Following the commencement of these cases, Barclays Capital Inc. ("Barclays"), with 85 Tenth's consent, occupied all or a portion of the Premises pursuant to the Transition Services Agreement, dated as of September 22, 2008, between LBHI and Barclays.   Barclays has informed LBHI it will vacate the Premises by July 31, 2010.

6.      As a result of LBHI's obligation under the Transition Services Agreement, LBHI assumed the Lease by Court order, dated April 9, 2009.

7.      LBHI is obligated under the Lease to pay monthly rent and other charges to 85 Tenth in the approximate amount of $300,000.    Such amount is inclusive of rent, certain operating expenses, real estate taxes, and fixed utilities.    LBHI, however, has no business purpose for the Premises.    Accordingly, when it was advised of Barclays' intention to vacate the Premises, LBHI approached 85 Tenth to discuss the surrender of the Lease on a date prior to the Expiration Date.   LBHI and 85 Tenth negotiated and entered into the Surrender Agreement, dated July 28, 2010, pursuant to which, among other things, LBHI will surrender the Lease on a date (the "Surrender Date") no later than December 31, 2010 – three years prior to the Expiration Date.    The Lease will expire and terminate on the Surrender Date with the same effect as if the Surrender Date were the Expiration Date set forth in the Lease.

8.      LBHI believes that the Surrender Agreement is in the best interests of LBHI's estate and creditors.    LBHI's outstanding obligation under the Lease from September 1, 2010 through the Expiration Date is approximately $12,483,000.    By entering into the Surrender Agreement and paying the Termination Fee of $3,500,000, LBHI will be able to surrender the Lease at least three years prior to the Expiration Date, thereby reducing its obligations under the Lease for the benefit of its estate and creditors by approximately $8 million.    Given that LBHI has no use for the Premises, LBHI believes it would be a waste of its resources to continue to pay rent to 85 Tenth through the Expiration Date of the Lease.

9.      LBHI has been informed that certain miscellaneous equipment and property (the "Personal Property") will remain at the Premises as of the Surrender Date.    LBHI does not know who has legal title to the Personal Property but LBHI has no use for such property and believes it to be of *de minimis* value.    If LBHI is required to remove the Personal Property from the Premises and store it, LBHI would incur costs that outweigh the value of assets.    LBHI believes it is in the best interests of its estate and creditors to abandon any rights LBHI may have in the Personal Property.

10.     The Surrender Agreement, including the Termination Amount, was negotiated at arm's-length and represents a sound exercise of LBHI's business judgment. Accordingly, I, on behalf of LBHI's estate, believe that the Surrender Agreement, and the transactions contemplated therein, is in the best interests of LBHI's estate and request its approval by the Court.

Executed on this 28th day of July, 2010

/s/ William B. Gordon
William B. Gordon