COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
212-841-1000
Michael B. Hopkins
Susan Power Johnston
Martin E. Beeler

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :
                                                               :    Chapter 11
LEHMAN BROTHERS HOLDINGS INC., *et al.*                        :
                                                               :    Case No. 08-13555 (JMP)
                                                               :
                                Debtors.                       :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**LIMITED OBJECTION OF WILMINGTON TRUST COMPANY, AS INDENTURE
TRUSTEE, TO THE DEBTORS' EIGHTEENTH THROUGH TWENTY-FIFTH
OMNIBUS OBJECTIONS TO CLAIMS (DUPLICATIVE OF
<u>INDENTURE TRUSTEE CLAIMS</u>)**

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE

Wilmington Trust Company ("<u>Wilmington Trust</u>"), as indenture trustee under the Indenture, dated as of September 1, 1987 (as amended, supplemented, or modified, the "<u>Senior Indenture</u>"), between Lehman Brothers Holdings Inc. (f/k/a Shearson Lehman Brothers Holdings Inc.) ("<u>LBHI</u>") and Wilmington Trust (as successor trustee to Citibank, N.A.), by and through its undersigned counsel, submits this limited objection[1] to the Eighteenth through Twenty-Fifth Omnibus Objections to Claims (Duplicative of Indenture Trustee Claims) of LBHI and the

---

[1] The response deadline for the Omnibus Objections was originally July 20, 2010 at 4:00 p.m. (Eastern Time). The Debtors extended Wilmington Trust's response deadline until July 30, 2010 at Noon (Eastern Time).

above-captioned debtors and debtors in possession (collectively, the "Debtors"), (the "Omnibus Objections") [Docket Nos. 9656 to 9663].[2]

1. Wilmington Trust does not object to the disallowance and expungement of duplicative claims pursuant to the Omnibus Objections. Wilmington Trust files this limited objection to request that the Court include language in the Orders that protects against the disallowance and expungement of claims that are not in fact duplicative of the global proof of claim filed by Wilmington Trust, and which may have inadvertently been included in the Omnibus Objections.

2. On September 2, 2009, Wilmington Trust filed a proof of claim (the "WTC Global Proof of Claim") (Claim No. 10082) on behalf of itself and the holders of the securities issued under the Senior Indenture (the "Noteholders"). Wilmington Trust filed the WTC Global Proof of Claim in accordance with the terms of the Senior Indenture, which explicitly authorizes the indenture trustee to file such a claim, and in accordance with Federal Rule of Bankruptcy Procedure 3003(c)(5). *See* Senior Indenture § 504.[3] The Bar Date Order entered by this Court[4] also provides for Wilmington Trust to file a global proof of claim on behalf of the Noteholders. The WTC Global Proof of Claim encompasses only claims that arise under, or in connection with, the Senior Indenture.

---

[2] The Eighteenth through the Twenty-Fourth Omnibus Objections relate solely to claims that are duplicative of the WTC Global Proof of Claim. The Twenty-Fifth Omnibus Objection includes claims that are duplicative of both the WTC Global Proof of Claim and the global proof of claim filed by The Bank of New York Mellon ("BNY Mellon") in its capacity as indenture trustee under certain subordinated indentures of LBHI. Omnibus Objections Twenty-Six and Twenty-Seven [Docket Nos. 9664 and 9665] (the "Subordinated Indenture Objections") concern allegedly duplicative claims that relate solely to notes issued under the BNY Mellon subordinated indentures, and are not at issue in this Limited Objection. A total of 3,620 claims are subject to objection as duplicative claims in omnibus objections Eighteen through Twenty-Seven.

[3] A true and correct copy of Section 504 of the Senior Indenture is attached as Exhibit A.

[4] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated July 2, 2009. [Docket No. 4271].

3. In the Omnibus Objections, the Debtors seek the entry of orders disallowing and expunging 3193 claims that are allegedly duplicative of claims included in the WTC Global Proof of Claim. The Omnibus Objections represent that the claims are incorporated in the WTC Global Proof of Claim and the Noteholders' rights under the indentures will therefore survive. As described in more detail below, however, certain claims identified for disallowance and expungement in the Omnibus Objections arise under different documents and/or legal theories from the Senior Indenture claims (the "Non-Indenture Claims"), and are not, in fact, covered by the WTC Global Proof of Claim. Wilmington Trust is concerned that the proposed Omnibus Objection orders (the "Orders") will inadvertently expunge Non-Indenture Claims.

4. It appears that the Debtors may have identified the claims to include in the Omnibus Objections primarily by searching the claims database for CUSIP numbers relating to the Senior Indenture. Wilmington Trust understands that while the Debtors performed spot checks to ensure that the search logic was accurate, they did not review each and every one of the thousands of claims included in the Omnibus Objections.

5. Wilmington Trust reviewed approximately 100 of the claims identified in the Omnibus Objections, focusing on large claims filed by sophisticated claimants who were, in most cases, represented by counsel. A small number of the claims reviewed included Non-Indenture Claims. For example:

- Claim No. 17320, filed by The Reserve International Liquidity Fund Ltd., includes a claim based on a Floating Rate Note issued by LBHI under the Senior Indenture that would be included in the Global Surviving Claim, but also includes claims that purport to be based on commercial paper obligations of LBHI. LBHI did not issue commercial paper under the Senior Indenture.

- Claim No. 22881, filed by JP Morgan Core Bond Fund, includes claims based on securities issued under the Senior Indenture, but also includes claims based on subordinated note obligations, and purported secured

3

> guarantee obligations that are not included in the WTC Global Proof of Claim.
>
> - Claim No. 11422, filed by Calyon Securities (USA) Inc. (f/k/a Credit Lyonnais Securities (USA) Inc., includes claims based on alleged contractual and common-law indemnity and contribution obligations of LBHI arising in connection with the claimant's role as an underwriter with respect to certain securities offerings, including offerings of Senior Notes. These indemnity and contribution claims are not included in the WTC Global Proof of Claim.

6. On June 24, 2010, Wilmington Trust provided the Debtors with the examples of Non-Indenture Claims listed above, and discussed its concern that as yet unidentified Non-Indenture Claims might be included in the claims to be expunged as duplicative. In subsequent conversations, the Debtors advised that they have been in contact with the claimants identified in paragraph 4 above and have agreed to withdraw the Omnibus Objections with respect to the portions of those claims constituting Non-Indenture Claims. The Debtors have also advised that they have reviewed, or will review, the 1,280 claims that are greater than $100,000 to identify additional Non-Indenture Claims, and that they will attempt to resolve the Omnibus Objections with respect to such Non-Indenture Claims thereby identified. They intend to include the following language (or similar appropriate language, depending on the nature of the Non-Indenture Claim) in a footnote to the exhibit accompanying the relevant Order with respect to Non-Indenture Claims that they have identified through their review of the larger claims:

> Claim ___ is being expunged solely with respect to its asserted claim for the security with CUSIP No. _____. The portion of Claim _____ that is asserting a claim for securities with CUSIP Nos. _____, _____, and _____ is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim ___ in the future.

Wilmington Trust understands that the Debtors have not reviewed, and do not intend to review, the 2,340 claims for less than $100,000.

4

7. A full review of the more than 3,000 allegedly duplicative claims before the August 4th hearing date may be impracticable. The Debtors have told Wilmington Trust that they believe that the subset of claims that include Non-Indenture Claims is probably quite small, that they have provided adequate notice of the Omnibus Objections, and that reviewing claims greater than $100,000 and relying on individual claimants to identify any problem with respect to smaller claims is therefore reasonable under the circumstances.

8. Wilmington Trust remains concerned, however, that the steps the Debtors have undertaken will not adequately protect the interests of claimants holding Non-Indenture Claims—particularly because claimants holding claims in amounts less than $100,000 are less likely to be represented by counsel and may not fully understand the claim-objection procedures. Wilmington Trust has therefore asked the Debtors to include language in the Orders to preserve the rights of claimants holding Non-Indenture Claims. The Debtors have advised Wilmington Trust that in light of the notice procedures used in connection with the Omnibus Objections, and the Debtors' review of all claims in excess of $100,000, they do not believe that additional language in the Orders is necessary.

9. Wilmington Trust accordingly requests that the Court grant the relief requested in the Omnibus Objections only if the Orders are revised to include language that will protect the interests of all claimants who may hold Non-Indenture Claims, along the following lines:

> ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "Claims to be Disallowed and Expunged" (collectively, the "Duplicative of Indenture Trustee Claims") are disallowed and expunged; *provided, that such disallowance and expungement is effective only to the extent that a Duplicative of Indenture Trustee Claim arises under, on in connection with, the Indenture, as set forth in the Global Surviving Claim, and has the same priority as the Global Surviving Claim; and provided, further, that any Duplicative of Indenture Trustee Claim, or any portion thereof,*

5

that does not arise under, or in connection with, the Indenture, as set forth in the Global Surviving Claim, shall remain active on the claims register, subject to the Debtors' right to object to that claim, or portion thereof, in the future;

## **CONCLUSION**

For the reasons set forth above, Wilmington Trust respectfully requests that the Court (i) require the Debtors to include the proposed language quoted above, or other similar appropriate language, in the Orders, and (ii) grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         July 29, 2010

                                  COVINGTON & BURLING LLP

                                  By: /s/ Michael B. Hopkins
                                  Michael B. Hopkins
                                  Susan Power Johnston
                                  Martin E. Beeler
                                  The New York Times Building
                                  620 Eighth Avenue
                                  New York, New York  10018
                                  Telephone No. (212) 841-1000
                                  Facsimile No.   (212) 841-1010

                                  Attorneys for Wilmington Trust Company,
                                  as Indenture Trustee