SHEPPARD MULLIN RICHTER & HAMPTON, LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
Russell R. Reid, Esq.

*Attorneys for The Bank of New York Mellon,*
*as trustee, indenture trustee, custodian, agent or other representative capacity*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | |
| | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| | Refers to Docket No. 10522 |

-------------------------------------------------------------x

**LIMITED OBJECTION OF THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, TO THE DEBTORS' TWENTY-FIFTH THROUGH TWENTY-SEVENTH OMNIBUS OBJECTIONS TO CLAIMS (DUPLICATIVE OF <u>INDENTURE TRUSTEE CLAIMS)</u>**

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE

The Bank of New York Mellon ("<u>Bank of New York</u>"), as successor trustee under the Indenture, dated as of February 1, 1996 (as amended, supplemented, or modified, the "<u>Indenture</u>"), between Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and Chemical Bank (as original trustee), by and through its undersigned counsel, submits this limited objection[1] to the Twenty-Fifth through Twenty-Seventh Omnibus Objections to Claims (Duplicative of Indenture Trustee

---

[1] The response deadline for the Omnibus Objections was originally July 20, 2010 at 4:00 p.m. (Eastern Time). The Debtors extended the Bank of New York's response deadline until July 30, 2010 at Noon (Eastern Time).

W02-EAST:7GGM1\200322921.2     -1-

Claims) of LBHI and the above-captioned debtors and debtors in possession (collectively, the "Debtors") (the "Omnibus Objections") [Docket Nos. 9663 through 9665].[2]

1.  The Bank of New York hereby joins in and adopts each of the arguments set forth in the *Limited Objection of Wilmington Trust Company, as Indenture Trustee, to Debtors Eighteenth through Twenty-Fifth Omnibus Objections to Claims*, dated July 29, 2010 (the "WTC Limited Objection") [Docket. No. 10522].

2.  On September 21, 2009, the Bank of New York filed proofs of claim (collectively, the "BNYM Global Proofs of Claim") (Claim Nos. 21797, 21798, 21799, 21800, 21801, 21802, 21803, 21805, 22122 and 22123) on behalf of itself and the holders of the securities issued under the Indenture (the "Noteholders"). Bank of New York filed the BNYM Global Proofs of Claim in accordance with the terms of the Indenture, which explicitly authorizes the indenture trustee to file such a claim, and in accordance with Federal Rule of Bankruptcy Procedure 3003(c)(5). *See* Indenture § 504.[3] The Bar Date Order entered by this Court[4] also provides for Bank of New York to file a global proof of claim on behalf of the Noteholders. The BNYM Global Proofs of Claim encompass only claims that arise under, or in connection with, the Indenture.

---

[2] The Twenty-Sixth and Twenty-Seventh Omnibus Objections relate solely to claims that are duplicative of the BNYM Global Proofs of Claim. The Twenty-Fifth Omnibus Objection includes claims that are duplicative of both the BNYM Global Proofs of Claim and the global proof of claim filed by Wilmington Trust Company ("WTC") in its capacity as indenture trustee under a certain senior indenture of LBHI. Omnibus Objections Eighteenth through Twenty-Four [Docket Nos. 9656 through 9662] (the "Senior Indenture Objections") concern allegedly duplicative claims that relate solely to securities issued under the WTC senior indenture, and are not at issue in this Limited Objection. A total of 3,620 claims are subject to objection as duplicative claims in omnibus objections Eighteen through Twenty-Seven.

[3] A true and correct copy of Section 504 of the Indenture is attached as Exhibit A.

[4] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated July 2, 2009. [Docket No. 4271].

3. In the Omnibus Objections, the Debtors seek the entry of orders disallowing and expunging 455 claims that are allegedly duplicative of claims included in the BNYM Global Proofs of Claim. The Omnibus Objections represent that the claims are incorporated in the BNYM Global Proofs of Claim and the Noteholders' rights under the Indenture will therefore survive. As described herein and in the WTC Limited Objection, however, certain claims identified for disallowance and expungement in the Omnibus Objections arise under different documents and/or legal theories from the Indenture claims (the "Non-Indenture Claims"), and are not, in fact, covered by the BNYM Global Proofs of Claim. BNYM joins Wilmington Trust in its concern that the proposed Omnibus Objection orders (the "Orders") will inadvertently expunge Non-Indenture Claims.

4. BNYM reviewed approximately 50 of the claims identified in the Omnibus Objections, focusing on large claims filed by sophisticated claimants who were, in most cases, represented by counsel. One claim reviewed included Non-Indenture Claims:

- Claim# 32061, filed by Brown Investment and Advisory Company in the amount of $12,565,244 is duplicative, in part, to Bank of New York Claim No. 21800 (CUSIP 524908R36); however, $656,250 of this claim relates to four LBHI securities that are not governed by the BNYM Global Proofs of Claim.

5. Bank of New York accordingly requests in this limited objection that the Court grant the relief requested in the Omnibus Objections only if the Orders are revised to include language requested in paragraph 9 of the WTC Limited Objection intended to protect the interests of all claimants who may hold Non-Indenture Claims.

## CONCLUSION

For the reasons set forth above, Bank of New York respectfully requests that the Court (i) require the Debtors to include the proposed language referenced above and set forth in the WTC Limited Objection, or other similar appropriate language, in the Orders, and (ii) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York  
       July 30, 2010

By: /s/ Russell R. Reid  
Russell R. Reid, Esq.  
SHEPPARD MULLIN RICHTER & HAMPTON, LLP  
30 Rockefeller Plaza, 24th Floor  
New York, New York 10112  
Telephone: (212) 653-8700  
Facsimile: (212) 653-8701  
*Attorneys for The Bank of New York Mellon, as trustee, indenture trustee, custodian, agent or other representative capacity*

# EXHIBIT A

## SECTION 504

## OF

## THE INDENTURE

*[See Attached]*

51

then the Company will, upon demand of the Trustee, pay to it, for the benefit of the Holder of such Securities and coupons, the whole amount then due and payable on such Securities and coupons for principal (and premium, if any) and interest, if any, with interest upon the overdue principal (and premium, if any) and, to the extent that payment of such interest shall be legally enforceable, upon any overdue instalment of interest, at the Overdue Rate of any such Securities; and, in addition thereto, such further amount as shall be sufficient to cover the costs and expenses of collection, including the compensation, expenses, disbursements and advances of the Trustee, its agents and counsel.

If the Company fails to pay such amounts forthwith upon such demand, the Trustee, in its own name and as trustee of an express trust, may institute a judicial proceeding for the collection of the sums so due and unpaid, may prosecute such proceeding to judgment or final decree and may enforce the same against the Company or any other obligor upon such Securities and collect the moneys adjudged or decreed to be payable in the manner provided by law out of the property of the Company or any other obligor upon such Securities, wherever situated.

If an Event of Default with respect to Securities of any series occurs and is continuing, the Trustee may in its discretion proceed to protect and enforce its rights and the rights of the Holders of Securities of such series and any related coupons by such appropriate judicial proceedings as the Trustee shall deem most effectual to protect and enforce any such rights, whether for the specific enforcement of any covenant or agreement in this Indenture or in aid of the exercise of any power granted herein, or to enforce any other proper remedy.

SECTION 504. *Trustee May File Proofs of Claim.*

In case of the pendency of any receivership, insolvency, liquidation, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial proceeding relative to the Company or any other obligor upon the Securities of any series or the property of the Company or of such other obligor or their creditors, the Trustee (irrespective of whether the principal of the Securities of such series shall then be due and payable as therein expressed or by declaration or otherwise and irrespective of whether the Trustee shall have made any demand on the Company for the payment of

52

overdue principal or interest) shall be entitled and empowered, by intervention in such proceeding or otherwise,

(i) to file and prove a claim for the whole amount of principal (or, if the Securities of such series are Original Issue Discount Securities, such portion of the principal amount as may be due and payable with respect to such series pursuant to a declaration in accordance with Section 502) (and premium, if any) and interest, if any, owing and unpaid in respect of the Securities of such series and any related coupons and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Trustee (including any claim for the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel) and of the Holders of the Securities of such series and any related coupons allowed in such judicial proceeding, and

(ii) to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute the same;

and any custodian, receiver, assignee, trustee, liquidator, sequestrator or other similar official in any such judicial proceeding is hereby authorized by each Holder of Securities and coupons to make such payments to the Trustee and, in the event that the Trustee shall consent to the making of such payments directly to the Holders of Securities and coupons, to pay to the Trustee any amount due it for the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel, and any other amounts due the Trustee under Section 607.

Nothing herein contained shall be deemed to authorize the Trustee to authorize or consent to or accept or adopt on behalf of any Holder of a Security or coupon any plan of reorganization, arrangement, adjustment or composition affecting the Securities or coupons of any series or the rights of any Holder thereof or to authorize the Trustee to vote in respect of the claim of any Holder of a Security or coupon in any such proceeding.

SECTION 505. *Trustee May Enforce Claims Without Possession of Securities or Coupons.*

All rights of action and claims under this Indenture or the Securities or coupons of any series may be prosecuted and enforced by the Trustee