WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :    Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :    08-13555 (JMP)
                                                               :
                                  Debtors.                     :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**NOTICE OF FILING OF SUPPLEMENTAL EXHIBIT
TO MOTION OF LEHMAN COMMERCIAL PAPER INC.
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
FOR AUTHORITY TO (I) CONSENT TO ITS NON-DEBTOR
AFFILIATE LEHMAN ALI INC. (A) ENTRY INTO PLAN SUPPORT
AGREEMENT RELATED TO THE RESTRUCTURING OF
INNKEEPERS USA TRUST; AND (B) CONSUMMATION OF THE
TRANSACTIONS SET FORTH IN THE PLAN TERM SHEET;
AND (II) PROVIDE FUNDS TO SOLAR FINANCE INC., A NON-DEBTOR
AFFILIATE, TO PROVIDE DEBTOR-IN-POSSESSION FINANCING**

PLEASE TAKE NOTICE that, on July 27, 2010, Lehman Commercial Paper Inc. ("LCPI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") filed a motion for authorization to (i) consent to its non-Debtor affiliate Lehman ALI Inc.'s (a) entrance into a plan support agreement related to the restructuring of Innkeepers USA Trust, and (b) consummation of the transactions set forth in

a plan term sheet, and (ii) to provide funds to Solar Finance Inc., a non-Debtor affiliates, to provide debtor in possession financing (the "Motion") [Docket No. 10465].

PLEASE TAKE FURTHER NOTICE that to supplement Exhibit D to the Motion (the AIC Term Sheet), the Debtors hereby file the Letter Agreement (as defined in the Motion) between Apollo Investment Corporation and Lehman ALI Inc. as Exhibit D1 to the Motion. A copy of the Letter Agreement is attached hereto.

Dated: July 30, 2010
      Houston, Texas

/s/ Alfredo R. Pérez
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT D1**

**(the Letter Agreement)**

US_ACTIVE:\43461925\02\58399.0008

**EXECUTION COPY**

Lehman ALI Inc.
1271 Avenue of the Americas
38th Floor
New York, NY 10020
Attention: Michael Lascher

July 19, 2010

Ladies and Gentlemen:

        This letter agreement (this "Letter Agreement") and the term sheet attached hereto as Exhibit I (the "Term Sheet" and, together with the Letter Agreement, the "Agreement") pertain to certain agreements among Apollo Investment Corporation, a Maryland corporation ("AIC"), and Lehman ALI Inc., a Delaware corporation ("Lehman", and together with AIC, the "Parties"), regarding certain matters relating to a restructuring of Innkeepers USA Trust, a Maryland real estate investment trust.

        Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Term Sheet.

        1.     Binding Nature; Definitive Agreements.

        (a)     The Term Sheet sets forth the terms of the transactions contemplated hereby and thereby. The Parties intend that the Term Sheet will be superseded by definitive agreements which will contain provisions incorporating the terms set forth in the Term Sheet, together with provisions mutually acceptable to the Parties, including, without limitation, provisions customary in the case of transactions of the type described herein and therein. Notwithstanding the foregoing, the Parties expressly acknowledge and agree that this Agreement constitutes a binding agreement among them, subject to the terms and conditions set forth in this Agreement, until definitive documentation is executed and delivered by such Parties; provided, that this Agreement shall not be effective and binding on any Party until (a) the official committee of unsecured creditors in the chapter 11 cases of Lehman Brothers Holdings, Inc. (the "Lehman Bankruptcy Cases") has approved this Agreement (which approval Lehman will seek to obtain as soon as practicable); and (b) the bankruptcy court presiding over the Lehman Bankruptcy Cases enters an order approving this Agreement and authorizing Lehman's performance thereunder, which approval (i) Lehman shall seek as soon as practicable after the date hereof, (ii) shall be a final order in form and substance materially consistent in all respects with this Agreement and (iii) shall include provisions that provide, among other things, that (x) this Agreement is approved without condition or delay, including approval for Lehman to comply with each provision of this

15815954.7.BUSINESS

Agreement and (y) the automatic stay in the Lehman Bankruptcy Cases is modified to the extent necessary to permit any of the Parties to take any or all of the actions permitted by this Agreement; provided, further, that if such unsecured creditor committee approval is not obtained and such order approving this Agreement is not entered in the Lehman Bankruptcy Cases before September 2, 2010, each of Lehman and AIC has the right to terminate this Agreement upon one day notice to the other party.

(b) The Parties intend to execute such definitive documentation no later than September 2, 2010 (the "Effective Date"), such definitive documentation to supersede any and all other prior agreements and undertakings (including this Agreement), both written and oral, among the Parties, or any of them, with respect to the subject matter hereof and thereof. If such definitive documentation is not executed and delivered with respect to any matter contained in the Term Sheet by the Effective Date, then this Agreement shall be deemed to be such definitive documentation with respect to such matter, commencing on the date hereof, unless this Agreement shall have terminated in accordance with the terms set forth hereunder or the Term Sheet.

2. Efforts.

Each Party hereto agrees that time is of the essence with respect to this matter and further agrees to act in good faith and to use all commercially reasonable efforts to complete in a timely manner the related definitive agreements, instruments and filings in a manner that appropriately gives effect to the terms set forth in the Term Sheet, subject to the terms and conditions set forth herein and the Term Sheet, including, without limitation, rights of termination.

3. Miscellaneous.

(a) Representations and Warranties. Subject to the provisos in Section 1(a), each Party represents to the other Party that (i) this Agreement has been duly authorized, executed and delivered by such Party and constitutes the legal, valid and binding obligation of such Party enforceable against such Party in accordance with its terms, except as such enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium and similar laws affecting the rights of creditors generally and by general principles of equity and (ii) such Party has the power and authority to enter into this Agreement and to carry out its obligations hereunder and thereunder.

(b) Expenses. Except as otherwise provided herein or in the Term Sheet, all costs and expenses incurred in connection with this Agreement and the transactions contemplated hereby shall be paid by the Party incurring such costs and expenses.

(c) Entire Agreement; No Third-Party Beneficiaries. This Agreement, constitutes the entire agreement and, except as expressly set forth herein, supersedes any and all other prior agreements and undertakings, both written and oral, among the Parties, or any of them, with respect to the subject matter hereof. This

Agreement shall be only for the benefit of the Parties and is not intended for the benefit of any other party.

(d)  Assignment; Successors.  Neither this Agreement nor any of the rights, interests or obligations hereunder or thereunder shall be assigned by AIC, in whole or in part (whether by operation of law or otherwise), without the prior written consent of Lehman (which consent may be withheld in the sole discretion of Lehman).

(e)  Amendment; Waiver.  This Agreement may be amended at any time pursuant to a writing executed by each Party hereto.  Any Party hereto may (i) extend the time for the performance of any of the obligations or other acts of the other Party or (ii) waive compliance with any of the agreements or conditions contained herein.  Any agreement on the part of a Party to any such extension or waiver shall be valid only as against such Party and only if set forth in an instrument in writing signed by such Party.

(f)  Governing Law.  This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York applicable to contracts executed in and to be performed entirely within that State, without giving effect to the conflicts of laws principles thereof.

(g)  Consent to Forum.  Each of the Parties hereby irrevocably and unconditionally (i) submits, for itself and its property, to the exclusive jurisdiction of (a) the Supreme Court of the State of New York, New York County, located in the Borough of Manhattan, (b) the United States Bankruptcy Court for the Southern District of New York, and (c) the United States District Court for the Southern District of New York and any appellate court from any such court, in any action, suit, proceeding or claim arising out of or relating to this Letter Agreement or the transactions contemplated hereby, or for recognition or enforcement of any judgment, and agrees that all claims in respect of any such action, suit, proceeding or claim may be heard and determined in such New York State court or, to the extent permitted by law, in such Federal courts, (ii) waives, to the fullest extent that it may legally and effectively do so, any objection that it may now or hereafter have to the laying of venue of any action, suit, proceeding or claim arising out of or relating to this Letter Agreement or the transactions contemplated hereby in any such New York State or Federal courts and (iii) waives, to the fullest extent permitted by law, the defense of an inconvenient forum to the maintenance of any such action, suit, proceeding or claim in any such court.

(h)  Counterparts.  This Letter Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument.  Delivery of an executed counterpart of this Letter Agreement by facsimile or other electronic transmission will be as effective as delivery of a manually executed counterpart hereof.

(i) <u>Effectiveness</u>. Subject to Section 1(a), this Agreement shall not be effective as to or binding upon any Party until executed and delivered by all of the Parties.

(j) <u>Notices</u>. Except as otherwise provided in this Agreement, all notices, requests, claims, demands, waivers and other communications hereunder shall be in writing and shall be deemed to have been duly given when delivered by hand, when delivered personally or by courier, when received by facsimile transmission if promptly confirmed by telephone, or three days after being deposited in the U.S. mail (registered or certified mail, postage prepaid, return receipt requested), as follows:

>If to Lehman:
>1271 Avenue of the Americas
>38th Floor
>New York, NY 10020
>Facsimile: (646) 285-9336
>Attention: Joelle Halperin
>
>with a copy to:
>Dechert LLP
>1095 Avenue of the Americas
>New York, NY 10036-6797
>Facsimile: (212) 698-0439
>Attention: Michael J. Sage
>        Brian E. Greer
>
>and:
>
>If to AIC:
>Apollo Investment Corporation
>9 West 57th Street
>New York, New York 10019
>Facsimile: (212) 515-3443
>Attention: Joseph D. Glatt
>
>with a copy to
>Paul, Weiss, Rifkind, Wharton & Garrison LLP
>1285 Avenue of the Americas
>New York, NY, 10019
>Facsimile: (212) 757-3990
>Attention: Alan W. Kornberg
>        Jeffrey D. Marell

or to such other address, facsimile number or telephone number as either party may, from time to time, designate in a written notice given in a like manner.

If the foregoing is in accordance with your understanding please indicate your agreement by signing below.

Very truly yours,

APOLLO INVESTMENT CORPORATION

By: /s/ James C. Zelter
Name: James Zelter
Title: Authorized Signatory

Accepted and agreed as of the date first above written:

LEHMAN ALI INC.

By: _____
Name:
Title:

Doc#: US1:6490204v4

If the foregoing is in accordance with your understanding please indicate your agreement by signing below.

Very truly yours,

APOLLO INVESTMENT CORPORATION

By:_____
   Name:
   Title:

Accepted and agreed as of the date first above written:

LEHMAN ALI INC.

By:_____
   Name: *Jeff Fitts*
   Title: *Duly Authorized Signatory*

*[SIGNATURE PAGE TO LETTER AGREEMENT]*