WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11 Case No.** |
| | **:** | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | **:** | **08-13555 (JMP)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' REPLY TO THE (1) LIMITED OBJECTION OF WILMINGTON
TRUST COMPANY, AS INDENTURE TRUSTEE, TO THE DEBTORS' EIGHTEENTH
THROUGH TWENTY-FIFTH OMNIBUS OBJECTIONS TO CLAIMS (DUPLICATIVE
OF INDENTURE TRUSTEE CLAIMS) AND (2) LIMITED OBJECTION OF THE BANK
OF NEW YORK MELLON, AS INDENTURE TRUSTEE, TO THE DEBTORS'
TWENTY-FIFTH THROUGH TWENTY-SEVENTH OMNIBUS OBJECTION TO
CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-

referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"),

respectfully submit their reply to the Limited Objection of Wilmington Trust Company, as

Indenture Trustee, to the Debtors' Eighteenth Through Twenty-Fifth Omnibus Objection to

Claims (Duplicate of Indenture Trustee Claims) (the "Wilmington Trust Objection") and to the

Limited Objection of the Bank of New York Mellon, as Indenture Trustee, to the Debtors'

Twenty-Fifth Through Twenty-Seventh Omnibus Objection to Claims (Duplicative of Indenture

Trustee Claims) (the "BONY Mellon Objection, and collectively with the Wilmington Trust Objection, the "Objections") and respectfully represent as follows:

1.     The Objections should be overruled as the language that the Wilmington Trust Company ("Wilmington Trust") and the Bank of New York Mellon ("BONY Mellon") seek to add to the proposed orders (the "Orders") for omnibus objections eighteen through twenty-seven (the "Omnibus Objections") is not only unnecessary but impractical.[1] Each of the claimants whose claims are subject to the Omnibus Objections received actual notice of such objection. The Orders should be entered with the language as proposed by the Debtors.

2.     The Omnibus Objections seek to disallow and expunge 3,193 claims on the basis that they are duplicative of the respective global claims filed by Wilmington Trust and/or BONY Mellon in their capacity as indenture trustees on behalf of the holders of certain securities (the "Global Claims"). The Objections are based on the possibility that the Omnibus Objections will inadvertently disallow and expunge claims that are not duplicative, in whole or in part, of the Global Claims, a risk that the Objections greatly exaggerate.

_____

[1] In the Objections, Wilmington Trust and BONY Mellon request that the language in the Orders be modified as follows, with the requested additions designated by underlines text (the "Proposed Modification"):

> ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "Claims to be Disallowed and Expunged" (collectively, the "Duplicative of Indenture Trustee Claims" are disallowed and expunged; provided, that such disallowance and expungement is effective only to the extent that a Duplicative of Indenture Trustee Claim arises under, or in connection with, the Indenture, as set forth in the Global Surviving Claim, and has the same priority as the Global Surviving Claim; and provided, further, that any Duplicative of Indenture Trustee Claim, or any portion thereof, that does not arise under, or in connection with, the Indenture, as set forth in the Global Surviving Claim, shall remain active on the claims register, subject to the Debtors' right to object to that claim, or portion thereof, in the future;

3.     The Objections' concern that pro se individuals or holders of claims less than $100,000 are unable to understand the Omnibus Objections, and are thus unable to assume the responsibility of responding to the Omnibus Objections, of seeking additional information regarding them, and of protecting their rights, is unfounded.[2]  The holders of *each* of the 3,913 claims that are the subject of the Omnibus Objections received an individualized notice informing them that one of their claims had been objected to, the basis for said objection, the name and phone number for a specific attorney of the Debtors that the claimant could contact with questions or concerns regarding the Omnibus Objections (including if he believed his claim was not duplicative of the Global Claims), and instructions for filing a response if he chose to do so.  Approximately 345 claimants reached out to Debtors' counsel to discuss the Omnibus Objections and/or filed formal objections, most of which were individuals proceeding pro se with small-dollar claims.  Accordingly, the premise underlying the Objections is faulty, and they should be overruled.

4.     Moreover, the Proposed Modification is unworkable in practice.  The Proposed Modification's "to the extent" language and overall lack of specificity regarding exactly what portion of a particular claim is and is not expunged will eliminate any certainty with respect to whether or not a claim is "closed."  Ordering, as Wilmington Trust and BONY Mellon urge this Court to do, that a claim is disallowed and expunged "only to the extent" that it "arises under, or in connection with, the Indenture, as set forth in the Global Surviving Claim, and has the same priority as the Global Surviving Claim" invites future litigation regarding how that language should be applied to a particular claim and exactly what, if any, portion of that claim was expunged under the Orders.  For voting and distribution purposes, the Debtors need clarity

---

[2] Taken to its logical conclusion, the premise of the Objections would prevent the Debtors from expunging any claims from pro se claimants under omnibus objections or otherwise.

on which claims are fully and finally disallowed and which claims require further disposition. Thus, the Proposed Modification will hinder Debtors' reorganization efforts as well as the processing of the approximately 62,000 proofs of claim still awaiting disposition.

WHEREFORE the Debtors respectfully request that the Objections be overruled, that the orders on the Omnibus Objections be entered in the form proposed by the Debtors, and such other and further relief as is just.

Dated: July 30, 2010
     New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession