RYAN SMITH & CARBINE, LTD.
98 Merchants Row
P. O. Box 310
Rutland, Vermont 05702-0310
Telephone: 802-786-1055
Facsimile: 802-786-1100
James B. Anderson, Esq.

Attorney for Rutland Hospital, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:                                                                      Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS, INC., et al,          08-13555(JMP)

                                        Debtors                    (Jointly Administered)

------------------------------------------------------------ x

### THE RUTLAND HOSPITAL, INC.'S
### RESPONSE TO DEBTOR'S TWENTY-EIGHTH OMNIBUS
### OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

The Rutland Hospital, Inc. ("Rutland Hospital") filed a $185,039.42 Derivative Claim No. 19546 against Lehman Brothers Holdings, Inc. on September 19, 2009 and a $185,039.42 Guarantee Claim No. 19545 against Lehman Brothers Special Financing, Inc. on September 19, 2009. Copies of Rutland Hospital's Proofs of Claim are attached as Exhibits A and B.

$185,039.42 is the additional expense Rutland Hospital incurred on or about October 14, 2008 with DeutscheBank for the "replacement swap" after Lehman Brothers Holdings, Inc. defaulted on the "existing swap" on or about October 9, 2008. See Exhibits A and B.

Debtor's Twenty-Eighth Omnibus Objection reduced Rutland Hospital's Claim Nos. 19546 and 19545 from $185,039.42 to $94,233.36, each with no meaningful or case specific explanation. Debtor has refused Rutland Hospital's request for informal discovery.

The Omnibus Objection does not challenge the facts, financial calculations or contractual basis upon which Rutland Hospital's Claim Nos. 19546 and 19545 rest and is insufficient as a matter of law to shift the burden of going forward to Rutland Hospital. *In re DJK Residential LLC,* 416 B.R. 100, 104 (Bkrtcy. S.D.N.Y., 2009)

("The filing of a proof of claim constitutes "prima facie evidence of the validity and amount of a claim." Fed. R. Bankr.P. 3001(f). However, "if the objector produces 'evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency[,]' ", the burden of proof then shifts back to the claimant. *In re Oneida, Ltd.,* 400 B.R. 384 (Bankr. S.D.N.Y. 2009) (first alteration in original) (quoting *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3d Cir.1992)). The Claimant must then "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Id.; Helliwell v. George R. Burrows, Inc. (In re George R Burrows, Inc.),* 156 F.2d 640, 641 (2d Cir.1946) ("[A]s soon as the trustee introduced any substantial evidence in opposition the claimants needed to establish by a preponderance of all the evidence that the claims as filed were based on facts which entitled the claimants to their allowance under the law. The burden of over-all proof was then on the claimants."). *See also Raleigh v. Ill. Dep't of Revenue,* 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000); *Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir.1991); *In re Rockefeller Ctr. Props.,* 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

Here, Debtor's Omnibus Objection pleads no credible facts and offers no admissible evidence by way of attached exhibit to refute any part of Claim Nos. 19546 and 19545. Debtor just arbitrarily halved Claim Nos. 19546 and 19545 to in an attempt to negotiate what its Omnibus Objection calls a "Proposed Settlement Amount."

Rutland Hospital requests the Court deny Debtor's Twenty-Eighth Omnibus Objection and Allow Claim Nos. 19546 and 19545 in their full, filed amount of $185,039.42.

Dated at Rutland Vermont, this 2nd day of August, 2010.

By: James B. Anderson, Esq.
RYAN SMITH & CARBINE, P.C.
98 Merchants Row, P.O. Box 310
Rutland, Vermont 05702-0310
Tel.: (802) 786-1055
Fax: (802) 786-1100
E-mail: jba@rsclaw.com
Attorney for Rutland Hospital, Inc.

731/208-354805

2