B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re <u>Lehman Brothers Holdings Inc., et al.</u>,

Debtors.

Case No. <u>08-13555 (JMP)</u>
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**This PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY amends the previously filed PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY identified as Docket Number 10385.**

<u>Mount Kellett Master Fund II, LP</u>
Name of Transferee

<u>Sea Port Group Securities, LLC</u>
Name of Transferor

Name and Address where notices to transferee should be sent:

c/o Mount Kellett Capital Management LP
623 5th Avenue – Floor 18
New York, New York 10022-9139

Court Claim # (if known): <u>55728 (5.423251006% of such claim)</u>
Amount of Claim as Filed: $<u>433,336,940.80</u>
Amount of Claim Transferred: $<u>23,500,950.00</u>
Date Claim Filed: <u>10/29/09</u>
Debtor: <u>Lehman Brothers Holdings Inc.</u>

Phone: _____
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

609782.2/2651-00058

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Mount Kellett Master Fund II, L.P.
By: Mount Kellett Capital Partners GP LLC

By: _____    Date: 7/29/10
      Transferee/Transferee's Agent
Name: Kevin Naughton
Title: CFO/COO

By: _____    Date: 7/29/10
      Transferee/Transferee's Agent
Name: Aaron Bellish
Title: Fund Controller

609782.2/2651-00058

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Sea Port Group Securities, LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Mount Kellett Master Fund II, L.P.** ("Purchaser"), and Purchaser hereby unconditionally and irrevocably purchases, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage/principal amount/nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55728 (the "Proof of Claim") filed by or on behalf of Seller's predecessor in interest, Popolare Vita S.p.A., against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and/or Prior Seller (as such term is defined herein) relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in section 101(5) of title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's and/or Prior Seller's right, title and interest in, to and under the transfer agreements (the "Prior Agreements") between each of the entities set forth on Exhibit A attached hereto (collectively, the "Prior Seller") and Seller under which Seller or the Prior Seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim (including, without limitation, the "Transferred Claims" described in the Prior Agreement), but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. (a) Seller hereby represents and warrants to Purchaser that: (i) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (ii) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (iii) Seller has provided to Purchaser true and complete copies of all Prior Agreements.

(b) Assuming the truth and accuracy of the representations made by Prior Seller to Seller in the Prior Agreements, Seller hereby represents and warrants to Purchaser that: (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (ii) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (iii) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances created or incurred by Seller or against Seller; (iv) each Prior Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (v) the Proof of Claim includes claims for multiple securities, including the Purchased Claim specified in Schedule 1 attached hereto; and (vi) no Prior Seller has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

604923.3/2651-00058

3. Purchaser hereby represents and warrants to Seller that: (a) Purchaser is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (b) Purchaser has satisfactory information to make an informed decision regarding the purchase of the Transferred Claims and the Purchased Securities; and (c) Purchaser is purchasing the Transferred Claims and the Purchased Securities on a non-recourse, as-is basis, except to the extent of the explicit representations, warranties and agreements of Seller herein.

4. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including an evidence of transfer of claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5. All representations, warranties, agreements and indemnities contained herein shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Seller hereby agrees to indemnify, defend and hold Purchaser harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations or agreements expressly made by Seller in this Agreement, provided that Seller shall not have or incur any liability to Purchaser, or any other person or entity, in connection with the transfer of the Transferred Claims and Purchased Securities hereunder other than as a result of a breach of its representations or agreements expressly made by Seller in this Agreement, and Purchaser acknowledges and agrees that Seller shall not be deemed to have given and shall not give any representation other than those expressly given by Seller in paragraph 2 herein. Seller hereby assigns to Purchaser all of its rights against each Prior Seller under each of the Prior Agreements. Seller covenants and agrees to cooperate with Purchaser, at Purchaser's sole expense, by taking all commercially reasonable steps in connection with Purchaser's exercise of such rights against each Prior Seller, including without limitation in connection with litigation.

6. It is expressly understood and agreed that the Purchased Claim is being transferred from the Seller to the Purchaser on a non-recourse basis and that the sole recourse of the Purchaser shall be to the Purchased Claim and any judgment shall be satisfied solely against the Purchased Claim, and, in the case of any deficiency, neither Purchaser nor any party claiming through or on behalf of the Purchaser shall seek or take any deficiency or monetary judgment against the Seller nor may Purchaser or any party claiming through or on behalf of Purchaser institute any action, suit, claim or demand in law or equity against any member, manager, shareholder, director, officer or employee of Seller or any equity owner, trustee, beneficiary, partner, manager, shareholder, director, officer, or employee of any member of Seller on account of such deficiency or for any other matter with respect to the Seller's obligations under this Agreement; provided that, and for the avoidance of doubt, Seller shall be responsible for any breach of its representations or agreements expressly made by Seller in this Agreement.

7. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of each Purchased Security.

604923.3/2651-00058

8.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

9.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

604923.3/2651-00058

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20th day of July, 2010.

Sea Port Group Securities, LLC
By: The Seaport Group LLC, its sole member

By: /s/
Name: Jonathan Silverman
Title: General Counsel
360 Madison Avenue, 22nd Floor
New York, NY 10017

Mount Kellett Master Fund II, L.P.
By: Mount Kellett Capital Partners GP LLC

By: /s/
Name: Kevin Naughton
Title: CFO/COO

By: /s/
Name: Aaron Bellish
Title: Fund Controller

c/o Mount Kellett Capital Management LP
623 5th Avenue – Floor 18
New York, New York 10022-9139

604923.3/2651-00058

Exhibit A

Prior Seller

Värde Investment Partners (Offshore) Master, L.P.
Värde Investment Partners, L.P.
The Värde Fund, L.P.
The Värde Fund V-B, L.P.
The Värde Fund VI-A, L.P.
The Värde Fund VII-B, L.P.
The Värde Fund VIII, L.P.
The Värde Fund IX, L.P.
The Värde Fund IX-A, L.P.
The Värde Fund X (Master), L.P.

Popolare Vita S.p.A.

604923.3/2651-00058

Schedule 1

Purchased Claim

5.42325100 6% of Proof of Claim No. 55728 = EUR 16,500,000 which is equivalent to US$23,500,950.00 of XS0307348234 (the outstanding amount of the relevant portion of the Proof of Claim as of July 20, 2010, including all pre-petition accrued interest related thereto).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of ISIN XS0307348234 in Proof of Claim No. 55728 | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 25,000,000 Zero Coupon Notes due 6 December 2008 Under the U.S.$15,000,000,000 Euro Medium-Term Note Program | XS0307348234 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | US$162,914,282.60 (of which US$23,500,950.00 is being transferred herein) | Zero Coupon Note | 17 August 2013 | N/A |

604923.3/2651-00058