WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                                                  :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
:
                                            **Debtors.**    :        **(Jointly Administered)**
:
-------------------------------------------------------------------x

**NOTICE OF FIFTY-SIXTH SUPPLEMENTAL LIST**
**OF ORDINARY COURSE PROFESSIONALS**

> **PLEASE TAKE NOTICE** that in accordance with the Amended Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, entered on March 25, 2010 (the "Amended Order") [Docket. No. 7822],[1] Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), hereby supplement their initial list of ordinary course professionals annexed to the Amended Order to include the professionals set forth on the list annexed hereto as Exhibit 1 (the "Fifty-Sixth Supplemental List").

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the Amended Order.

        **PLEASE TAKE FURTHER NOTICE** that the retention affidavits certifying that such professionals do not represent or hold an interest adverse to the Debtors or their estates for the matters on which the professionals are to be employed (the "Ordinary Course Professional Affidavits") and the retention questionnaires (the "Retention Questionnaires") of the ordinary course professionals identified on the Fifty-Sixth Supplemental List have been filed contemporaneously herewith.

        **PLEASE TAKE FURTHER NOTICE** that pursuant to the Amended Order, the Debtors will serve this Notice, together with the Fifty-Sixth Supplemental List, the Ordinary Course Professionals' Affidavits, and the Retention Questionnaires on (i) the Office of the United States Trustee and (ii) the attorneys for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Amended Order, objections, if any, to the retention of ordinary course professionals identified on the Fifty-Sixth Supplemental List must be filed with the Court and served upon the undersigned attorney for the Debtors within 10 days of the date of service of this Notice.  Unless timely objections are received, the Fifty-Sixth Supplemental List shall be deemed approved by the Court and the professionals identified therein shall be deemed to be ordinary course professionals within the purview of the Amended Order, without the necessity of a hearing.

Dated:  August 2, 2010
         New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit 1**

**Fifty-Sixth Supplemental List of Proposed Professionals
to be Employed in the Ordinary Course of Business**

| Professional | Nature of Services |
|---|---|
| Structure Capital Solutions LLC<br>230 Park Avenue, 10th floor<br>New York, NY 10169 | Consulting services with respect to evaluation of an inducement fee in connection with a proposed transfer of residual interests in real estate mortgage investment conduits. |
| Andrew Spink, Q.C.<br>Outer Temple Chambers<br>222 Strand<br>London, WC2R 1BA<br>United Kingdom | Legal services with respect to the 2004 United Kingdom Pensions Act. |
| Cassels, Brock & Blackwell LLP<br>2100 Scotia Plaza<br>40 King Street West<br>Toronto, Ontario M5H 3C2 | Legal advice with respect to the sale of Canadian-registered aircraft. |

## EXHIBIT A

**(Ordinary Course Professional Affidavit)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                          :

In re                              :       Chapter 11 Case No.
                                            :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :       08-13555 (JMP)
                                            :

                        Debtors.        :       (Jointly Administered)
                                            :

                                            :
-------------------------------------------------------------------x

**AFFIDAVIT AND DISCLOSURE STATEMENT OF MARK MCTIGUE,**

**ON BEHALF OF STRUCTURED CAPITAL SOLUTIONS, LLC**

STATE OF NEW YORK      )
                          ) ss:
COUNTY OF NEW YORK    )

        Mark McTigue, being duly sworn, upon his oath, deposes and says:

        1.      I am a Partner/Managing Director of Structured Capital Solutions LLC, located at 230 Park Avenue, New York, NY 10169 (the "Firm").

        2.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), have requested that the Firm provide consulting services with respect to evaluation of an inducement fee payable by LBHI in connection with a proposed transfer of residual interests in real estate mortgage investment conduits to the Debtors, and the Firm has consented to provide such services.

        3.      I submit this Affidavit in accordance with the procedures set forth in the order entered November 5, 2008 authorizing the Debtors to employ professionals utilized in the ordinary course of business [Docket No. 1394] in connection with the Firm's engagement with

the Debtors, pursuant to sections 105(a), 327(a), 330, 331 and 504 of title 11 of the United

States Code, 11 U.S.C. § 101 *et seq.*

4.    The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is

retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these

chapter 11 cases.  The Firm does not perform services for any such person in connection with

these chapter 11 cases.  In addition, the Firm does not have any relationship with any such

person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

5.    Neither I, nor any principal of, or professional employed by the Firm has

agreed to share or will share any portion of the compensation to be received from the Debtors

with any other person other than the principals and regular employees of the Firm.

6.    Neither I, nor any principal of, or professional employed by the Firm,

insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors

or their estates.

7.    The Debtors owe the Firm $ <u>0</u> for prepetition services.

8.    The Firm is conducting further inquiries regarding its retention by any

creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

its employment, if the Firm should discover any facts bearing on the matters described herein,

the Firm will supplement the information contained in this Affidavit.[1]

By: _____

Mark McTigue

Subscribed and sworn to before me
this **27** day of **July**, 2010

_____
Notary Public

CRAIG ERIC PENN
Notary Public, State of New York
No. 02PE4856079
Qualified in Westchester County
Expiration 3/10/2014

---

[1] If necessary.

# EXHIBIT B

## (Retention Questionnaire)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                         :

In re                                  :        **Chapter 11 Case No.**
                                         :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                         :

                      **Debtors.**        :        **(Jointly Administered)**
                                         :

                                         :
---------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN
BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively,
the "Debtors")


DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:  Candace Arthur
             Christopher Stauble

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as
appropriate.  If more space is needed, please complete on a separate page and attach.

     1.      Name and address of firm:

           Structured Capital Solutions LLC

           230 Park Avenue, 10th Floor

           New York, NY 10169


     2.      Date of retention:    July 13, 2010

3.    Type of services provided (accounting, legal, etc.):

Consulting services.

4.    Brief description of services to be provided:

Consulting services with respect to evaluation of an inducement fee payable by LBHI in connection with a proposed transfer of residual interests in real estate mortgage investment conduits.

5.    Arrangements for compensation (hourly, contingent, etc.)

Hourly; in accordance with the terms and conditions of the engagement letter attached hereto as **Exhibit 1**.

(a)    Average hourly rate (if applicable):

Partners/Managing Directors: $900; All other professionals: $700

(b)    Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

N/A

6.    Prepetition claims against the Debtors held by the firm:

Amount of claim:        $ 0

Date claim arose:        N/A

Source of Claim:        N/A

7.    Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

Name: N/A

Status: N/A

Amount of Claim: $0

Date claim arose:  <u>N/A</u>

Source of claim:  <u>N/A</u>

8.    Stock of the Debtors currently held by the firm:

Kind of shares:  <u>N/A</u>

No. of shares:   <u>N/A</u>

9.    Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name:  <u>N/A</u>

Status: <u>N/A</u>

Kind of shares:  <u>N/A</u>

No. of shares:  <u>N/A</u>

10.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

<u>None.</u>

11.    Name of individual completing this form:

<u>Mark McTigue</u>

**EXHIBIT 1**

**(Engagement Letter)**

Structured Capital Solutions, LLC

230 Park Avenue, 10th Floor

New York, NY, 10169

United States of America


July 16, 2010


Lehman Brothers Holdings Inc.
[Address]


Dear Jeff,

As we have recently discussed, I set forth the terms on which Structured Capital Solutions, LLC ("SCS") would provide certain services as described below to Lehman Brothers Holding Inc. ("LBHI"). SCS is prepared to provide these services upon acceptance of the terms outline herein. We understand that LBHI is a debtor in a case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") currently pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

1.  **The Evaluation**. LBHI has requested that SCS undertake an evaluation of the Real Estate Mortgage Investment Conduit ("REMIC") portfolio of LBHI and affiliated companies (collectively referred to herein as the "Evaluation"). As part of the Evaluation SCS, and specifically Paul Edwards, will provide LBHI with a Declaration prepared for the Bankruptcy Court, regarding the fairness and reasonableness given current market condition of the $24 million Inducement Fee payable by LBHI for the entire REMIC portfolio (referred to herein as the "Declaration").

Further if and as required Paul Edwards, Adam Parr or Mark McTigue are able to testify in the Bankruptcy Court as to SCS's conclusion regarding the fairness and reasonableness as presented in the Declaration.

2.  **Delivery Of The Evaluation**. SCS understands that LBHI has a compressed timeframe for SCS to undertake the Evaluation and we are committed to working towards the delivery of the Evaluation in a manner that is consistent with this compressed timeframe, subject to SCS receiving confirmation of our appointment and any necessary financial and operating documents required to undertake the Evaluation. SCS is aiming to deliver LBHI with the Evaluation by Friday July 23, 2010.

3.  **Fees**. In consideration for undertaking the Evaluation and testifying in the Bankruptcy Court (if applicable), SCS will charge LBHI on an hourly rate basis for work undertaken. SCS will provide LBHI with an invoice of fees charged from time to time or at the conclusion of the Evaluation based on the standard SCS hourly rate for the individuals assigned to undertake the Evaluation and any testimony

STRUCTURED CAPITAL SOLUTIONS

including (i) a Managing Director at $900 per hour (i.e. Adam Parr, Mark McTigue, Don Susswein, Paul Edwards), and (ii) a Vice President at $700 per hour (i.e. Jonathan Huang) (collectively referred to herein as "Fees"). In the event that the total Fees exceed $100,000 SCS agrees to reconsider the standard SCS hourly rate as detailed herein and will in good faith agree a lower hourly rate with LBHI at that time before any further Fees are incurred. SCS agrees that it will provide LBHI with notice once the total amount of Fees incurred has reached $90,000.

In addition, LBHI agrees to reimburse SCS for reasonable out-of-pocket expenses including fax, phone and courier charges ("Expenses").

Notwithstanding anything contained in this letter to the contrary, we understand and agree that our engagement by LBHI, and our submission of invoices or other forms of payment requests, are subject to compliance with the provisions of the Bankruptcy Code and relevant orders entered by the Bankruptcy Court in the Chapter 11 Case, including but not limited to the Amended Order Pursuant to Section 105(a), 327, 328 and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010.

Fees for any additional work to be performed by SCS shall be subject to negotiations and a separate engagement agreement between SCS and LBHI.

**4. Information**. LBHI will provide SCS with the information in its possession considered to be relevant to undertaking the Evaluation and all other such information that is reasonably requested by SCS in order to undertake the Evaluation (all information so provided, as it from time to time updated and kept accurate, including any information provided subsequently and including all information required in order for SCS to be capable of undertaking the Evaluation referred to hereinafter as the "Information").

**5. Reliance On Information**. LBHI acknowledges and agrees that SCS shall, and has been directed by LBHI to rely on the Information in undertaking the Evaluation. LBHI agrees that SCS shall be under no duty or obligation to (i) undertake further due diligence on any of the underlying loans contained within the REMIC portfolio or to physically inspect any property or premises, or any other sort of tangible property, or (ii) meet with any borrowers or servicers of the underlying loans contained within the REMIC portfolio or any other individuals other than the immediate business unit of LBHI that is undertaking the sale of the REMIC portfolio.

As part of the Evaluation SCS will assess the Information and inform LBHI to the extent that in SCS's view the Information is inconsistent with current market conditions and practices.

**6. Accuracy Of Information**. LBHI warrants, represents and covenants that to the best of its knowledge any Information provided is accurate and true and SCS can rely on the Information without exposing itself to liability arising from such not being the case.

**7. Use And Reproduction Of The Evaluation**. LBHI agrees that the Evaluation is for its own use and will not, for any other reason, be (i) reproduced without the written consent of SCS and then only in its entirety, and with all revisions, changes, qualifications, attachments, schedules, exhibits and notations thereto, as such exist at the time of the given reproduction and each such report shall bear a

STRUCTURED CAPITAL SOLUTIONS

legend to that effect, (ii) bound into or incorporated in any manner into a business plan in connection with securing the financing or financial restructuring of any venture, or (iii) shown to any person not part of LBHI's management staff, or Weil Gotshal & Manges LLP as general counsel to LBHI and its affiliated debtors, unless required to be disclosed to the Bankruptcy Court as part of LBHI's Chapter 11 filing. SCS grants permission for LBHI to make copies for internal use.

For the avoidance of doubt this paragraph will only apply to working papers and other supporting documents provided to LBHI as part of the Evaluation and will not relate to the Declaration or any information contained in the Declaration.

**8. Confidentiality.** All information and any and all other documents released by LBHI to SCS, shall be kept confidential by SCS and shall only be used by SCS for purposes of undertaking the Evaluation. With the exception of the Declaration SCS shall keep confidential all correspondence with LBHI including, but not limited to, its final Evaluation submitted to LBHI. Any information discovered and/or generated independently by SCS in undertaking the Evaluation remains the property of SCS so long as the information discovered is not proximately and causally linked to the Evaluation.

**9. Indemnity Obligation.** LBHI, for itself and its successors, agrees to indemnify and forever hold SCS, its partners, employees, agents, consultants, directors, officers, and principals including without limitation Paul Edwards, Mark McTigue, Adam Parr and Donald Susswein (collectively "Indemnified Parties") harmless from and against any and all losses, claims, damages and liabilities (including all legal or other expenses reasonably incurred by the Indemnified Parties in connection with the preparation for or defense of any claim, action or proceeding) to which the Indemnified Parties may be subject under any applicable federal or state law or otherwise, caused by, or in any way connected with or arising out of services rendered hereunder and/or the Evaluation, or any use thereof or reference thereto; provided, however, that LBHI shall not be liable in any case to the extent that any such damages arise out of or are based upon SCS's gross negligence, willful misconduct, criminal conduct, disclosure of confidential information, self-dealing, breach of fiduciary duty (to the extent one exists), or bad faith in which case any claim against SCS will be limited to a maximum of the Fees charged.

**10. Litigation.** Promptly upon SCS receiving actual notice of a claim or the commencement of an action subject to provisions of paragraph 9 above, SCS shall notify LBHI of same in writing. LBHI may assume the defense of such action insofar as LBHI elects, including liability to SCS for legal and other expenses SCS subsequently incurs. LBHI shall also reimburse SCS for the time spent on responding to any such action at the standard SCS hourly rate as agreed herein. Regardless of whether LBHI assumes the defense thereof, SCS will cooperate with the investigation and defense of such claims or action, it being understood that if LBHI requests any service in connection therewith, such services shall be provided under a separate appointment and engagement under which LBHI shall reimburse SCS at 30% of the standard SCS hourly rate as agreed herein for the services of its employees, agents, consultants, directors, officers, and principals or any of them, and any out-of-pocket expenses incurred by SCS in providing same. SCS agrees not to settle any litigation without LBHI's consent.

**11. Enforcement.** This agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without regard to the application of New York's conflict of law principles. Without limiting any party's right to appeal any order of the Bankruptcy Court,

STRUCTURED CAPITAL SOLUTIONS

consultants, directors, officers, and principals or any of them, and any out-of-pocket expenses incurred by SCS in providing same. SCS agrees not to settle any litigation without LBHI's consent.

11. **Enforcement**. This agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without regard to the application of New York's conflict of law principles. Without limiting any party's right to appeal any order of the Bankruptcy Court, the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this agreement and to decide any claims or disputes which may arise or result from, or be connected with, this agreement, any breach or default hereunder, or the transactions contemplated hereby; provided, however, that if the Bankruptcy Court does not have or abstains from exercising such jurisdiction, the parties hereto agree to unconditionally and irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York sitting in New York County or the Commercial Division, Civil Branch of the Supreme Court of the State of New York sitting in New York County and any appellate court from any thereof, for the resolution of any such claim or dispute.

Please let me know if you have any questions otherwise please signify your acceptance of the above by signing below and returning a copy to our office. We are pleased to be able to assist you with this evaluation and look forward to working with you.

Kind regards

**Paul Edwards**
Managing Director

For and on behalf of Lehman Brother Holdings Inc.

**Jeff Ciongoli**
Managing Director
Lehman Brother Holdings Inc.

US_ACTIVE:43459860\02\58399.0008

4

**EXHIBIT A**

**(Ordinary Course Professional Affidavit)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                      :
In re                                                 :
                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :       Chapter 11 Case No. 08-13555 (JMP)
                                                      :
                                    Debtors.          :       (Jointly Administered)
                                                      :
                                                      :
------------------------------------------------------------x


### AFFIDAVIT AND DISCLOSURE STATEMENT OF ANDREW SPINK Q.C.


CITY OF LONDON                                   )
                                                 ) ss:
COUNTRY OF THE UNITED KINGDOM                    )


       ANDREW JOHN MURRAY SPINK Q.C., being duly sworn, upon his oath,

deposes and says:

       1.      I am a Queen's Counsel, located at Outer Temple Chambers, 222 Strand,

London, WC2R 1BA, United Kingdom.

       2.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"

and, collectively with their non-debtor affiliates, "Lehman"), have requested that I provide legal

advice and representation to the Debtors in connection with a warning notice issued by the

United Kingdom Pensions Regulator pursuant to Section 96(2)(a) of the United Kingdom

Pensions Act 2004 against LBHI and other associated companies within the Lehman's Group,

and I have consented to provide such advice and representation.

3.    I may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of my customary practice, I am retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases.  I do not perform services for any such person in connection with these chapter 11 cases.  In addition, I do not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.    I have not agreed to share nor will I share any portion of the compensation to be received from the Debtors with any other person.

5.    The Debtors do not owe me anything for prepetition services.

6.    I do not, insofar as I have been able to ascertain, hold or represent any interest adverse to the Debtors or their estates.

7.    If at any time during the period of my engagement, I discover any facts bearing on the matters described herein, I will supplement the information contained in this affidavit.

By: _____

Subscribed and sworn to before me
this 29th day of July , 2010

_____
Notary Public

2

**EXHIBIT B**

**(Retention Questionnaire)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
In re                                                 :     Chapter 11 Case No.
                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,              :     08-13555 (JMP)
                                                      :
                                  Debtors.            :     (Jointly Administered)
                                                      :
                                                      :
------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN
BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively,
the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:  Jennifer Sapp
             Christopher Stauble

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as
appropriate.  If more space is needed, please complete on a separate page and attach.

    1.      Name and address of firm:

         Andrew Spink Q.C., Outer Temple Chambers, 222 Strand, London,

         WC2R 1BA _____

         _____

         _____

         _____

    2.      Date of retention:    11 June 2010 _____

3.    Type of services provided (accounting, legal, etc.):

Legal _____

_____

_____

4.    Brief description of services to be provided:

Legal advice and representation in connection with a warning notice

issued by the United Kingdom Pensions Regulator pursuant to Section

96(2)(a) of the United Kingdom Pensions Act 2004 against LBHI and

other associated companies within the Lehman group _____

_____

5.    Arrangements for compensation (hourly, contingent, etc.)

Hourly _____

(a)    Average hourly rate (if applicable):

£650 _____

(b)    Estimated average monthly compensation based on prepetition
        retention (if firm was employed prepetition):

N/A _____

6.    Prepetition claims against the Debtors held by the firm:

Amount of claim:        $N/A _____

Date claim arose:        N/A _____

Source of Claim:        N/A _____

7.    Prepetition claims against the Debtors held individually by any member,
       associate, or professional employee of the firm:

Name: N/A _____

Status: N/A _____

5

Amount of Claim:  $N/A_____

Date claim arose:  N/A_____

Source of claim:  N/A_____

_____

_____

_____

8.      Stock of the Debtors currently held by the firm:

Kind of shares:  N/A_____

No. of shares:  N/A_____
_____

9.      Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name:  N/A_____

Status: N/A_____

_____

Kind of shares:  N/A_____

No. of shares:  N/A_____

10.     Disclose the nature and provide a brief description of any interest adverse to
the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

None _____

_____

11.     Name of individual completing this form:

Andrew John Murray Spink Q.C._____

6

# EXHIBIT A

## (Ordinary Course Professional Declaration)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re                                    :        Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :        08-13555 (JMP)
                                         :
        Debtors.                         :        (Jointly Administered)
                                         :
                                         :
----------------------------------------------------------------x

## DECLARATION AND DISCLOSURE STATEMENT OF DONALD G. GRAY

## ON BEHALF OF CASSELS, BROCK & BLACKWELL LLP

DONALD G. GRAY  declares and says:

      1.      I am Partner and Head of the Aerospace Group of Cassels Brock & Blackwell LLP,  located at 2100 Scotia Plaza, 40 King Street West, Toronto, Ontario, M5H 3C2 (the "Firm").

      2.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm provide  advice with respect to sale of Canadian-registered aircraft including review of documents and providing a legal opinion as well as registration services to the Debtors, and the Firm has consented to provide such services.

      3.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom

may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.    Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.    Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6.    The Debtors owe the Firm $91,006.12 for prepetition services.

7.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.[i]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: City of Toronto,
        Province of Ontario

July 13, 2010                          _____
                                                Donald G. Gray

---

[i] If necessary.

**<u>EXHIBIT B</u>**

**(Retention Questionnaire)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             :    08-13555 (JMP)
                                                    :
                              Debtors.              :    (Jointly Administered)
                                                    :
                                                    :
----------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN
BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively,
the "Debtors")


DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

     Weil, Gotshal & Manges LLP
     767 Fifth Avenue
     New York, New York 10153
     Attn:  Jennifer Sapp
            Christopher Stauble

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as
appropriate. If more space is needed, please complete on a separate page and attach.

    1.    Name and address of firm:

       Cassels Brock & Blackwell LLP

       2100 Scotia Plaza

       40 King Street West

       Toronto, Ontario, Canada  M5H 3C2

    2.    Date of retention:   April 27, 2010

3.     Type of services provided (accounting, legal, etc.):

Legal _____

_____

_____

4.     Brief description of services to be provided:

Advice with respect to sale of Canadian-registered aircraft including

review of documents and providing a legal opinion as well as registrations.

_____

_____

5.     Arrangements for compensation (hourly, contingent, etc.)

Hourly _____

(a)    Average hourly rate (if applicable):

Average approximately $600 per hour. _____

(b)    Estimated average monthly compensation based on prepetition
       retention (if firm was employed prepetition):

_____

6.     Prepetition claims against the Debtors held by the firm:

Amount of claim:        $91,006.12 _____

Date claim arose:       July 16, 2008 and August 31, 2008

Source of Claim:        Legal Fees _____

7.     Prepetition claims against the Debtors held individually by any member,
       associate, or professional employee of the firm:

Name: N/A _____

Status: _____

Amount of Claim:  $ _____

Date claim arose:    _____

Source of claim:    _____

_____

_____

_____

8.     Stock of the Debtors currently held by the firm:

Kind of shares:  <u>N/A</u>_____

No. of shares:    _____

9.     Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name:  <u>Asem Latif</u>_____

Status: <u>CRM Program Supervisor</u>_____

_____

Kind of shares:  <u>Lehman Brothers Holdings; LEHMQ</u>_____

No. of shares:  <u>500</u>_____

10.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

<u>N/A</u>_____

_____

_____

_____

11.    Name of individual completing this form:

<u>Carlo P. Vairo/Kellie-Ann Machete</u>_____