ALSTON & BIRD LLP
Michael E. Johnson
Alexander S. Lorenzo
90 Park Avenue
New York, New York 10016
Tel: (212) 210-9400
-and-
John C. Weitnauer (*pro hac vice* admission pending)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 881-7000

*Attorneys for Interpleader Plaintiff*
*Bank of America, N.A., successor by merger*
*to LaSalle Bank National Association, as Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>      Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |
| BANK OF AMERICA, N.A., successor by merger to LASALLE BANK NATIONAL ASSOCIATION, as Trustee,<br><br>      Interpleader Plaintiff,<br><br>      - against -<br><br>BNP PARIBAS, LONDON BRANCH; NATIXIS FINANCIAL PRODUCTS LLC; AND LEHMAN BROTHERS SPECIAL FINANCING INC.,<br><br>      Interpleader Defendants. | Adversary Proceeding<br>No. _____ |

**INTERPLEADER COMPLAINT**

Interpleader Plaintiff Bank of America, N.A., successor by merger to LaSalle Bank National Association, solely in its capacity Trustee (the "Trustee") under the Indenture, dated as of September 7, 2006, by and among itself, ESP Funding I, Ltd., as Issuer and ESP Funding I (Delaware) Corp., as Co-Issuer (as amended, the "Indenture"), alleges and states that:

## I. INTRODUCTION

1.      The Trustee brings this interpleader action for the purpose of obtaining adjudication of the respective rights of the Interpleader Defendants with respect to certain assets it holds.  The Trustee faces a demand from one of the interpleader defendants, Lehman Brothers Special Financing Inc., that the Trustee believes is inconsistent with (i) the provisions of the Indenture,[1] the Swap (as that term is defined below) and other related transaction documents, (ii) the rights and positions of the other two Interpleader Defendants, BNP Paribas, London Branch and Natixis Financial Products LLC, and (iii) applicable law.  In light of the foregoing, the Trustee cannot, without hazard to itself, proceed without relief from this Court.

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4.      The statutory predicates for the relief requested herein include sections 541 and 560 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 7022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (which incorporates Rule 22 of the Federal Rules of Civil Procedure) and Rule 7067 of the Bankruptcy Rules (which incorporates Rule 67 of the Federal Rules of Civil Procedure).

---

[1] All capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Indenture.

### III. PARTIES

5.  Interpleader Plaintiff Bank of America, N.A, as Trustee, is a national banking association with its main office at 100 North Tryon Street, Charlotte, North Carolina 28255. Bank of America is the Trustee under the Indenture.

6.  Interpleader Defendant BNP Paribas, London Branch ("BNP Paribas") is, upon information and belief, a branch of BNP Paribas SA, with its principal place of business at 10 Harewood Avenue, London, NW1 6AA, United Kingdom. Upon information and belief, BNP Paribas SA is a Société Anonyme organized and existing under the laws of France, having its principal place of business at 16, Boulevard des Italiens, 75009 Paris, France. BNP Paribas consented to the personal jurisdiction of this Court at Section 6.07 of the Class A-1R Note Purchase Agreement.

7.  Interpleader Defendant Natixis Financial Products LLC ("Natixis") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 9 West 57th Street, 36th Floor, New York, New York 10019. Upon information and belief, Natixis was formerly known as IXIS Financial Products, Inc. Natixis consented to the personal jurisdiction of this Court pursuant to the terms of the Advance Swap.

8.  Interpleader Defendant Lehman Brothers Special Financing Inc. ("LBSF") is, upon information and belief, a Delaware corporation with its principal place of business at 1271 Avenue of the Americas, 45th Floor, New York, New York, 10020. LBSF is a debtor in this Court.

### IV. FACTS

9.  The Trustee is a party to the Indenture, pursuant to which the Issuer and, in certain circumstances, the Co-Issuer, issued certain Rated Notes, which Rated Notes are secured

by a pool of Collateral. The Trustee is required to treat the Indenture as confidential pursuant to Section 14.15 of the Indenture.

10. BNP Paribas is the holder of two classes of the Rated Notes, as follows: all of the Class A-1R Notes and, upon information and belief, the Class A-1T1 Notes. BNP Paribas is a party to the Class A-1R Note Purchase Agreement.

11. Natixis is the Advance Swap Counterparty under the Advance Swap.

12. Upon information and belief, BNP and Natixis constitute the Controlling Class under the Indenture.

13. The Collateral consists of asset-backed securities, synthetic securities and other assets and accounts, and includes all payments and proceeds received on the asset-backed securities, synthetic securities and the other assets. Pursuant to the Indenture, the Issuer pledged the Collateral to the Trustee to secure its obligations under the Indenture. The Trustee holds the Collateral on behalf of the Secured Parties under the Indenture and collects the proceeds payable on such Collateral. All of the proceeds received in respect of the Collateral are applied by the Trustee on behalf of the Issuer in accordance with the terms of the Indenture.

14. One of the synthetic securities assets held by the Trustee as part of the Collateral was a credit default swap entered into by the Issuer and LBSF on March 23, 2007 (the "Swap"). Pursuant to the terms of the Swap, LBSF agreed to make periodic payments to the Issuer in exchange for the Issuer's promise to make payments to LBSF in respect of losses incurred on assets specified in the Swap.

15. LBSF's parent, Lehman Brothers Holdings Inc. ("LBHI"), served as the "Credit Support Provider" to LBSF under the Swap. As such, it guaranteed LBSF's payment obligations to the Issuer under the Swap.

16. On February 28, 2008, the Trustee issued a Notice of the Event of Default pursuant to Sections 5.1 and 6.2 of the Indenture.

17. On September 18, 2008, 2010, LBHI filed a petition for bankruptcy protection pursuant to Chapter 11 of the United States Bankruptcy Code. The filing of the LBHI bankruptcy petition constituted an "Event of Default" under the Swap, and accordingly, LBSF was the "Defaulting Party" (as that term is defined in the Swap).

18. On or about September 22, 2008, the Collateral Manager, on behalf of the Issuer, delivered a notice to LBSF terminating the Swap and designating September 23, 2008 as the Swap's "Early Termination Date" (as that term is defined in the Swap), as a result of the Event of Default under the Swap.

19. On October 3, 2008, LBSF filed a petition for bankruptcy protection pursuant to Chapter 11 of the United States Bankruptcy Code.

20. On or about March 11, 2009, the Collateral Manager, on behalf of the Issuer, notified LBSF that, as a result of the early termination of the Swap, LBSF was entitled to a termination payment from the Issuer in the amount of $8,689,600 (the "Termination Payment").

21. LBSF agreed in the Swap that all of the Issuer's obligations to it were limited recourse obligations of the Issuer, payable solely in accordance with the terms of the Swap and the Indenture. Under the Indenture, LBSF's Termination Payment is treated as a Subordinated CDS Asset Termination Payment, because the Swap was terminated as a result of an Event of Default under the Swap with LBSF as the Defaulting Party. The Indenture provides that a Subordinated CDS Asset Termination Payment may only be paid on a distribution date and to the extent that funds are available on such distribution date after making interest and principal payments required to be made to the Noteholders.

22. To date, no amounts have been available on any distribution date to pay the Termination Payment to LBSF. Accordingly, the Trustee has not paid the Termination Payment to LBSF. The Trustee has, however, continued to make payments to Noteholders, pay amounts owed to credit default swap counterparties other than LBSF, and satisfy certain other payment obligations of the Issuer, all in accordance with the terms of the Indenture.

23. On June 25, 2010, counsel for LBSF notified counsel for the Trustee by telephone and by letter (the "Demand Letter," a copy of which is attached hereto without exhibits as Exhibit A) that "LBSF objects to *any distribution of proceeds* in the Transaction and will hold the Trustee and other participants responsible if a distribution is made in violation of ... [the Bankruptcy Code]." Demand Letter at p. 2 (emphasis added).

24. In the Demand Letter, LBSF further asserted that (i) "the assets held by the Trustee are property of LBSF's bankruptcy estate," and (ii) "any effort to distribute the proceeds of the Transaction would violate the automatic stay that arises under United States law and is otherwise unlawful." Demand Letter at p. 2.

25. In the Demand Letter, LBSF also stated that "the legal basis for LBSF's position is explained in" this Court's Memorandum Decision Granting Motion for Summary Judgment and Declaring Applicable Payment Priorities entered in Adversary Proceeding No. 09-01242 (JMP) (the "Dante Decision").

26. The Trustee informed BNP Paribas and Natixis, as the Controlling Class, of LBSF's Demand Letter, and each of BNP Paribas and Natixis indicated its disagreement with LBSF's positions.

27. BNP Paribas and Natixis take the position that the only amount to which LBSF is entitled is the Termination Payment and that, under the terms of the Swap and the Indenture, the

Termination Payment has been and continues to be properly subordinated to distributions in respect of the Rated Notes, such that LBSF has no claim at this time in respect of any of the Issuer's assets. Further, BNP Paribas and Natixis take the position that, notwithstanding LBSF's position that the Trustee should not distribute any proceeds, the Issuer is obligated to distribute interest and principal proceeds received in respect of the Collateral to Noteholders and other Secured Parties on a periodic basis in accordance with the terms of the Indenture.

28.    BNP Paribas and Natixis have taken the position that it is the Trustee's obligation and responsibility to ensure that all of the Issuer's payment obligations are met on a timely basis, notwithstanding LBSF's position that the Trustee should not cause or permit any distribution of proceeds.

29.    The Trustee believes that (i) the Termination Payment is properly subordinated in accordance with the terms of the Swap and the Indenture, (ii) in its capacity as Trustee, it is permitted to continue to make required distributions of proceeds to Noteholders and other Secured Parties under the Indenture, and (iii) such distributions do not violate the automatic stay or any other provision of law. The Trustee further believes that the Dante Decision does not provide a basis for refusing to give effect to subordination of the Termination Payment or to make required payments to Noteholders and other Secured Parties.

30.    In light of the competing positions taken by LBSF, on the one hand, and BNP Paribas and Natixis, on the other hand, the Trustee faces risk of double or inconsistent liability regarding the subordination of the Termination Payment owed to LBSF and distributions and other payments the Trustee is required to make on behalf of the Issuer.

31.    Upon leave of Court, the Trustee will deposit funds in the amount of $11,467,730.12 ("the Escrow Funds") into an interest-bearing account within the Registry of the

Court pursuant to Fed. R. Bankr. P. 7067 and Fed. R. Civ. P. 67. The Escrow Funds represents the full amount LBSF claims in respect of the Termination Payment, including interest to which it asserts it may be entitled. BNP and, upon information and belief, Natixis dispute Lehman's entitlement to the interest it claims.

32.  The Trustee has no interest as a claimant in the Escrow Funds, except to the extent of reasonable attorneys' fees, costs and disbursements in respect of this action, as may be awarded by the Court.

33.  The above-entitled action is not brought by collusion with any of the Interpleader Defendants.

### V.  PLEA FOR RELIEF

**WHEREFORE,** the Trustee asks the Court:

(i)   To order Interpleader Defendants to assert all claims to the Funds or other proceeds of the Collateral;

(ii)  To restrain Interpleader Defendants and all claiming through or acting with them, or claiming any interest in the Escrow Funds or other proceeds of the Collateral, from commencing or prosecuting any separate proceeding against Bank of America, N.A., concerning or relating to the issues in this action;

(iii) To award the Trustee its costs and disbursements, including legal fees and expenses, with respect to this action and the distribution of proceeds in dispute.

(iv)  To award the Trustee such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
       August 4, 2010

                              ALSTON & BIRD LLP

                        By:  /s/ Michael E. Johnson
                              Michael E. Johnson
                              Alexander S. Lorenzo
                              90 Park Avenue
                              New York, New York 10016
                              Tel: (212) 210-9400
                              -and-
                              John C. Weitnauer (*pro hac vice* admission pending)
                              One Atlantic Center
                              1201 West Peachtree Street
                              Atlanta, Georgia 30309
                              Tel: (404) 881-7000

                              *Attorneys for Interpleader Plaintiff Bank of America, N.A., successor by merger to LaSalle Bank National Association, as Trustee*