# EXHIBIT A

08-13555-mg    Doc 10635-1    Filed 08/04/10    Entered 08/04/10 19:12:26    Exhibit A
Pg 1 of 4

# WEIL, GOTSHAL & MANGES LLP

1300 EYE STREET, NW
SUITE 900
WASHINGTON, DC 20005
(202) 682-7000
FAX: (202) 857-0939

AUSTIN
BOSTON
BUDAPEST
DALLAS
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW

RALPH I. MILLER
DIRECT LINE (202) 682-7133
E-MAIL: ralph.miller@weil.com

June 25, 2010

**VIA FEDERAL EXPRESS AND EMAIL**

Bank of America, National Association
c/o Daniel H.R. Laguardia
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022

Re:   ESP Funding I, Ltd. (the "<u>Transaction</u>")

We refer to:

(a) The Indenture, dated as of September 7, 2006 (the "**Indenture**"), by and among ESP Funding I, Ltd., as Issuer, ESP Funding I Corp., as Co-Issuer, and Bank of America, National Association, successor by merger to LaSalle Bank National Association, as trustee (the "**Trustee**").

(b) the ISDA Master Agreement and Schedule dated March 23, 2007 by and between Lehman Brothers Special Financing Inc. ("**LBSF**") and ESP Funding I, Ltd. ("**ESP**") (the "**Master Agreement**");

(c) the notice of early termination from the Issuer dated September 23, 2008 to, *inter alios*, LBSF, pursuant to which the Issuer (i) notified LBSF that the filing by Lehman Brothers Holdings, Inc., the Credit Support Provider of LBSF, for bankruptcy protection under chapter 11 of the United States Code constituted an Event of Default under section 5(a)(vii) of the Master Agreement and (ii) designated September 23, 2008 as the Early Termination Date (the "**Swap Termination Notice**"); and

(d) the statement under Section 6(a) of the Master Agreement from the Issuer dated March 11, 2009 to, *inter alios*, LBSF, pursuant to which the Issuer notified LBSF of the Early Termination Calculation (the "**Calculation Notice**").

June 25, 2010
Page 2

Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Indenture. This Letter is sent without prejudice to, or limitation or waiver of, any rights or remedies of LBSF to challenge the Calculation Notice and/or the calculation of the Early Termination Calculation.

As I explained to your counsel, Mr. Daniel Laguardia, during our e-mail and telephonic discussions on Friday, June 25, 2010, LBSF objects to any distribution of proceeds in the Transaction and will hold the Trustee and other participants responsible if a distribution is made in violation of the chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The assets held by Bank of America, National Association, as Trustee, are property of the LBSF estate, and any distribution made pursuant to the June 22, 2010 letter from the Trustee would violate the automatic stay. (*See* June 22, 2010 Ltr. from Bank of America, N.A., a true and correct copy of which is attached hereto as Exhibit A.) The legal basis for LBSF's position is explained in the Bankruptcy Court's January 25, 2010 opinion (the "**January 25 Order**"), a copy of which is attached hereto as Exhibit B.

We hereby give you notice that:

(a) any effort to distribute the proceeds of the Transaction would violate the automatic stay that arises under United States law and is otherwise unlawful; and

(b) under the Indenture, the Trustee owes fiduciary obligations to LBSF and therefore it is obligated to consider the interests of LBSF and its bankruptcy estate. Any attempt to distribute the proceeds of the Transaction will be unlawful and therefore a breach of trust.

Based upon the foregoing, we hereby demand that you immediately cease and desist from taking any further actions related to the Swap Agreement and the Transaction, including, but not limited to, any distribution of the proceeds in the Transaction, and request that you confirm the agreement of the Trustee to suspend any distribution unless approved by LBSF in writing or authorized by a court of competent jurisdiction.

We emphasize that the assets held by the Trustee are the property of LBSF's bankruptcy estate.

This Letter is sent without prejudice to, or limitation or waiver of, any rights or remedies LBSF and its related debtor affiliates (the "**Debtors**", which for the

June 25, 2010
Page 3

avoidance of doubt includes LBSF) may have under applicable law, the Swap Agreement, the Indenture, or under any other agreement(s) or document(s) relating thereto, and the Debtors hereby expressly reserve all such rights and remedies. In addition, nothing herein shall be construed as an admission of any fact or the establishment of any position by or on behalf of the Debtors.

Sincerely,

*Ralph I. Miller*
Ralph I. Miller
Counsel for and on behalf of **Lehman Brothers Special Financing Inc.**

cc:   ESP Funding I, Ltd.
      c/o Maples Finance Limited
      P.O. Box 1093GT
      Queensgate House, South Church Street
      George Town, Grand Cayman
      Cayman Islands

      Elliott Structured Products LLC
      Attention: Steve Kasoff
      712 Fifth Avenue, 35th Floor
      New York, New York 10019