B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.  Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Citigroup Global Markets Inc. | Banco Banif, S.A. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Global Markets Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Marc Heimowitz
Phone: 212-723-1058
Email: marc.heimowitz@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Court Claim # (if known): 51582
Amount of Claim: Unliquidated
Amount of Claim Transferred: $168,586,777.50
ISIN/CUSIP: See Schedule 1 to the attached Agreement and Evidence of Partial Transfer of Claim
Blocking Number: See the addendum to the Proof of Claim
Date Claim Filed: October 28, 2009

Phone: + 34 915208500
Last Four Digits of Acct #: __6010__

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ [signature]_    Date: 8/10/10
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                                    Case No. 08-13555

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 51582 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Partial Transfer of Claim Other than for Security in the clerk's office of this court on August 10, 2010.

| Banco Banif, S.A. | Citigroup Global Markets Inc. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |

Address of Alleged Transferor:

Banco Banif, S.A.
Paseo de la Castellana 53,
28046 Madrid, Spain
Attn: Cristina Porres De Mateo / Elena Diaz Latorre
Phone: +34 915208500
Email: cporresd@banif.es / ediaz@banif.es

With copies to:

DLA Piper Spain S.L.
Paseo de la Castellana, 35-2
28046 Madrid, Spain
Attn: Maria Segimon, Esq.

DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Attn: William M. Goldman, Esq.

Address of Transferee:

Citigroup Global Markets Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Marc Heimowitz
Phone: 212-723-1058
Email: marc.heimowitz@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

~ DEADLINE TO OBJECT TO TRANSFER ~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____
                                                 CLERK OF THE COURT

<u>AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
UNDER LEHMAN PROGRAMS SECURITIES</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Banco Banif, S.A** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Global Markets Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the securities and notional amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **51582** filed by or on behalf of **Seller** (the "Proof of Claim") and Proof of Claim Number **66962** (amending Proof of Claim Number 51582) filed by or on behalf of Seller on July 28, 2010 against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to

execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated; and (g) as of the date of this Agreement and Evidence of Partial Transfer of Claim the Purchased Securities have not been accelerated by the Seller.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.



6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York with respect to proceedings arising under this agreement or related to its interpretation or enforcement. Each party hereto consents to service of process with respect to proceedings arising under this agreement or related to its interpretation or enforcement, by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 29th day of July 2010.

Banco Banif, S.A.                                          Citigroup Global Markets Inc.

By: _____                           By: _____

Name: José Manuel Maceda                                   Name: ROHIT BANSAL

Title: CEO                                                 Title: Managing Director

Paseo de la Castellana 53, 8ª Planta                       390 Greenwich Street, 4th Floor

Madrid 28036                                               New York, NY 10013

Schedule 1

## Transferred Portion of Claim

Purchased Claim

100% of Seller's interest in the following nineteen (19) securities covered by the Proof of Claim.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|
| CAPITAL PROTECTED ON EUROSTOXX 50 | XS0221419459 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD 5,570,000 | 6/17/2010 |
| USD DENOMINATED NOTE ON DOW JONES EUROSTOXX 50 | XS0222198631 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD 600,000 | 6/17/2010 |
| 5 YEAR EQUITY LINKED NOTE ON DJ EUROSTOXX 50 | XS0234511821 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD 3,240,000 | 11/21/2010 |
| 5 YEAR ELN ON DJ EUROSTOXX 50 | XS0241359180 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD 3,205,000 | 1/30/2011 |
| 5 YR ELN ON DJ EUROSTOXX 50 | XS0247770067 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 1,810,000 / USD 2,565,675 equivalent | 3/24/2011 |
| CAPITAL PROTECTED EQUITY LINKED NOTE | XS0219677423 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 1,500,000 / USD 2,126,250 equivalent | 5/27/2011 |
| 5 YR EQUITY LINKED NOTE ON DJ EUROSTOXX 50 | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 17,269,000 / USD 24,478,807.50 equivalent | 2/9/2012 |
| 5 YR ELN NOTE ON DJ EUROSTOXX 50 | XS0287443237 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 3,000,000 / USD 4,252,500 equivalent | 2/22/2012 |
| 5 YR ELN ON DJ EUROSTOXX 50 | XS0288035164 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 3,400,000 / USD 4,819,500 equivalent | 2/27/2012 |
| EUR 7 YEAR CAPITAL PROTECTED NOTE | XS0225471431 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 1,100,000 / USD 1,559,250 equivalent | 8/1/2012 |
| 7.5 YEAR ELN ON DJ EUROSTOXX 50 | XS0234198587 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 3,500,000 / USD 4,961,250 equivalent | 5/14/2013 |
| 7.5 YR ELN ON DJ EUROSTOXX 50 | XS0247984965 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 2,500,000 USD 3,543,750 equivalent | 9/28/2013 |
| 5 YR ELN ON DJ EUROSTOXX 50 | XS0244837547 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 1,600,000 / USD 2,268,000 equivalent | 2/28/2011 |
| 2 YRS EQUITY LINKED NOTE ON IBLEX 35 | XS0335758586 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 885,000 / USD 1,254,487.50 equivalent | 12/21/2009 |
| REVERSE CONVERTIBLE NOTE | XS0335346556 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 1,250,000 / USD 1,771,875 equivalent | 12/8/2008 |
| REVERSE CONVERTIBLE NOTE | XS0326264750 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 908,000 / USD 1,287,090 equivalent | 10/24/2008 |
| HIGH YIELD GAP NOTE LINKED TO SX5E | XS0241421089 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 41,579,000 / USD 58,938,232.50 equivalent | 1/25/2011 |
| HIGH YIELD GAP NOTE LINKED TO DJ EUROSTOXX50 | XS0247687162 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 28,932,000 / USD 41,011,110 equivalent | 4/4/2011 |



Schedule 1

| 2Y EQUITY LINKED NOTE ON DJ EURO STOXX 50 | XS0350105135 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 800,0000 / USD 1,134,000 equivalent | 3/4/2010 |



| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)     0000051582 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | THIS SPACE IS FOR COURT USE ONLY |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Banco Banif, S.A.<br>Attention: Ms. Cristina Porres de Mateo / Ms. Elena Díaz Latorre<br>Paseo de la Castellana, 53<br>28046 Madrid, Spain<br><br>Telephone number: +34 915208500      Email Address: cporresd@banif.es / ediaz@banif.es | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br>Account number: ES74008632061900101110022<br>Banco Banif, S.A.<br>Paseo de la Castellana 53, 28046, Madrid, Spain<br><br>Telephone number:         Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:  $ Unliquidated - see attached Addendum to Proof of Claim.**

☐    Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): See attached Addendum to Proof of Claim.**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

**See attached Addendum to Proof of Claim.**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

**See attached Addendum to Proof of Claim.**

| 5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions | **FOR COURT USE ONLY**<br><br>FILED / RECEIVED<br><br>OCT 2 8 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date.<br>October 26, 2009. | Signature: *[signature]*<br>Ms. María Ségimón, as Attorney. See attached Addendum to Proof of Claim for additional information. | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## ADDENDUM TO PROOF OF CLAIM

This proof of claim is filed in the chapter 11 case of Lehman Brothers Holdings Inc., (the "Debtor"), Case No. 08-13555 (JMP), by Banco Banif, S.A. ("Claimant").

Claimant's address is set forth on the first page of this proof of claim. Any notice relating to this proof of claim should be sent to such address with additional copies to be sent to the following addresses:

>DLA Piper Spain S.L.
>Paseo de la Castellana, 35-2
>28046 Madrid, Spain
>Attention: María Segimón, Esq.

With an additional copy to:

>DLA Piper LLP (US)
>1251 Avenue of the Americas
>New York, New York 10020
>Attention: William M. Goldman, Esq.

This proof of claim is filed in connection with a Lehman Program Security as that term is defined in that certain July 2, 2009 order establishing the deadline for filing proofs of claim (the "Bar Date Order"). As such, and pursuant to the express provisions of the Bar Date Order, no documentation supporting this proof of claim is attached.

Claimant is presently unable to calculate the amount due in connection with the Lehman Program Securities covered by this proof of claim and, therefore, this proof of claim is filed in an unliquidated amount for all ISINs listed below.

The following chart shows each Lehman Programs Security to which this claim relates, the depository blocking reference number, and the depository participant account number.

| ISIN | Blocking Reference # | Depository participant account # |
|---|---|---|
| XS0219677423 | 6049355 | EUROCLEAR # 96010 |
| XS0221419459 | 6051306 | EUROCLEAR # 96010 |
| XS0222198631 | 6051307 | EUROCLEAR # 96010 |
| XS0225471431 | 6051308 | EUROCLEAR # 96010 |
| XS0234198587 | 6051309 | EUROCLEAR # 96010 |
| XS0234511821 | 6051310 | EUROCLEAR # 96010 |
| XS0241359180 | 6051311 | EUROCLEAR # 96010 |
| XS0241421089 | 6051312 | EUROCLEAR # 96010 |
| XS0244837547 | 6051331 | EUROCLEAR # 96010 |
| XS0247687162 | 6051332 | EUROCLEAR # 96010 |
| XS0247770067 | 6051333 | EUROCLEAR # 96010 |
| XS0247984965 | 6051334 | EUROCLEAR # 96010 |
| XS0278126510 | 6051335 | EUROCLEAR # 96010 |
| XS0282208049 | 6051338 | EUROCLEAR # 96010 |
| XS0283174927 | 6051339 | EUROCLEAR # 96010 |
| XS0283820065 | 6051352 | EUROCLEAR # 96010 |
| XS0284162533 | 6051353 | EUROCLEAR # 96010 |
| XS0284511994 | 6051354 | EUROCLEAR # 96010 |
| XS0284892261 | 6051355 | EUROCLEAR # 96010 |
| XS0286531156 | 6059915 | EUROCLEAR # 96010 |
| XS0287160104 | 6051356 | EUROCLEAR # 96010 |
| XS0287443237 | 6051357 | EUROCLEAR # 96010 |
| XS0278266951 | 6051762 | EUROCLEAR # 96010 |
| XS0279675150 | 6051763 | EUROCLEAR # 96010 |
| XS0288035164 | 6051849 | EUROCLEAR # 96010 |

| | | |
|---|---|---|
| XS0288341448 | 6051851 | EUROCLEAR # 96010 |
| XS0289253287 | 6051852 | EUROCLEAR # 96010 |
| XS0289261546 | 6051853 | EUROCLEAR # 96010 |
| XS0290250454 | 6051854 | EUROCLEAR # 96010 |
| XS0290251007 | 6051855 | EUROCLEAR # 96010 |
| XS0291347234 | 6051857 | EUROCLEAR # 96010 |
| XS0293628748 | 6051858 | EUROCLEAR # 96010 |
| XS0294778336 | 6051859 | EUROCLEAR # 96010 |
| XS0297155136 | 6051984 | EUROCLEAR # 96010 |
| XS0297155565 | 6051985 | EUROCLEAR # 96010 |
| XS0303838006 | 6051986 | EUROCLEAR # 96010 |
| XS0314763052 | 6051987 | EUROCLEAR # 96010 |
| XS0326264750 | 6051988 | EUROCLEAR # 96010 |
| XS0326999959 | 6051989 | EUROCLEAR # 96010 |
| XS0327398656 | 6051990 | EUROCLEAR # 96010 |
| XS0335346556 | 6051991 | EUROCLEAR # 96010 |
| XS0335758586 | 6051992 | EUROCLEAR # 96010 |
| XS0342236295 | 6051994 | EUROCLEAR # 96010 |
| XS0350105135 | 6051995 | EUROCLEAR # 96010 |

A copy of the power of attorney authorizing the execution of this proof of claim by María Segimón is attached hereto. Ms. Segimón's address is set forth above and her telephone number is +34 913191212.

Reservation of Rights

No judgment has been entered on any portion of the proof of claim.

The amounts of all payments on the claim have been credited and deducted for the purpose of making this proof of claim.

Claimant hereby reserves the right to assert further, additional and amended claims.

By executing and filing this proof of claim, Claimant, is not (i) waiving or releasing Claimant's rights against any other entity or person or (ii) electing a remedy which waives or otherwise affects any other remedy of Claimant.

Claimant, in executing and filing this proof of claim, does not waive any right to any security, collateral or share thereof to which it may be entitled or any right to claim specific assets or any other right or rights that it has or may have against the Debtor or any other person or persons, and expressly reserves the right to amend or supplement this proof of claim in any respect and to file additional proofs of claim for additional claims.

## POWER OF ATTORNEY

| | |
|---|---|
| The undersigned, Mr. José Manuel Maceda Fernández, of legal age, of Spanish nationality, domiciled at Paseo de la Castellana 53, 28046 Madrid, and holder of Spanish Identity Card number 35987595-R, in force, acting in behalf of Banco Banif, S.A. (the **Grantor**). | El abajo firmante, D. José Manuel Maceda Fernández, mayor de edad, de nacionalidad española, con domicilio en Paseo de la Castellana 53, 28046 Madrid, y con DNI 35987595-R, en vigor, actuando en nombre y representación de Banco Banif, S.A. (el **Poderdante**). |
| Whereas, the Grantor grants a special power of attorney, but as broad as required by law, in favour of the following persons: | El Poderdante otorga un poder especial, pero tan amplio como en Derecho sea necesario a favor de las siguientes personas: |
| (i) **Mr. Juan Picón García de Leániz**, of legal age, of Spanish nationality, domiciled in Madrid, Paseo de la Castellana, no. 35, 2nd floor, and holder of Spanish Identity Card number 50708807-V, in force; | (i) **D. Juan Picón García de Leániz**, mayor de edad, de nacionalidad española, con domicilio a estos efectos en Madrid, Paseo de la Castellana, nº 35, 2ª planta, y provisto de D.N.I. nº 50708807-V, en vigor; |
| (ii) **Ms. María Segimón de Manzanos**, of legal age, of Spanish nationality, domiciled in Madrid, Paseo de la Castellana, no. 35, 2nd floor, and holder of Spanish Identity Card number 826346-W, in force; | (ii) **Dª. María Segimón de Manzanos**, mayor de edad, de nacionalidad española, con domicilio a estos efectos en Madrid, Paseo de la Castellana, nº 35, 2ª planta, y provisto de D.N.I. nº 826346-W, en vigor; |
| (iii) **Mr. Javier Huerta Rebollo**, of legal age, of Spanish nationality, domiciled in Madrid, Paseo de la Castellana, no. 35, 2nd floor, and holder of Spanish Identity Card number 11849665-L, in force, | (iii) **D. Javier Huerta Rebollo**, mayor de edad, de nacionalidad española, con domicilio a estos efectos en Madrid, Paseo de la Castellana, nº 35, 2ª planta, y provisto de D.N.I. nº 11849665-L, en vigor, |
| in order that any of each of the aforementioned persons, jointly and severally, may, represent or designate another person to represent the Grantor in respect of Chapter 11 bankruptcy filed in the United States by Lehman Brothers Holdings Inc ("**LBHI**") and its affiliates as well as in any insolvency or bankruptcy proceeding of LBHI's non-U.S. Subsidiaries (the "**Bankruptcy**"), and in particular, and without limitation, to carry out the following acts in relation to the Bankruptcy: | para que cada uno de ellos, indistintamente y solidariamente, pueda representar o designar a otra persona para representar al Poderdante en el procedimiento de quiebra bajo el Capítulo 11 en los Estados Unidos de América solicitado por Lehman Brothers Holdings Inc. ("**LBHI**") y determinadas sociedades filiales, así como en cualesquiera otros procedimientos de insolvencia o quiebra de las filiales de LBHI no domiciliadas en los Estados Unidos de América (la "**Quiebra**") y, en concreto, y sin que tenga carácter limitativo, para que pueda llevar a cabo las siguientes actuaciones en relación con la Quiebra: |
| (a) To appear before or designate another person to appear before any Courts, Hearings or other Tribunals, ordinary or special, of any level or jurisdiction, and | (a) Comparecer o designar a otra persona para comparecer ante cualesquiera Juzgados, Audiencias y demás Tribunales, ordinario o especiales de cualquier grado o |



before any authority, or other public bodies, and other entities created and to be created in any of its branches, dependencies and services; and to commence, continue or terminate, as creditor, author, third party, contributor, claimant or in any other capacity, all type of actions, files, trials and proceedings in relation to the Bankruptcy.

In all these cases, to file, reply to and continue through all the necessary steps and stages, until completion, all type of actions, claims, complaints, criminal complaints, allegations, exceptions and defences and to make any other whatsoever, request suspension of trials or proceedings, giving in these, where necessary, personal ratification; to draft and file written documents and take part in all types of proceedings; to request and receive notifications, summons and subpoenas in relation to the Bankruptcy.

(b) To appear before or to designate another person to appear before all and any persons, firms, corporations, banks, institutions, commercial brokers, notaries, registrars, courts and tribunals, government agencies, authorities, being foreign, international, national, regional, provincial or municipal, with full powers of representation, being authorized to file petitions, requests and forms in relation to the Bankruptcy.

(c) Execute any further public or private document of amendment, modification or ratification, including the signing of approvals or forms (online or in paper) required, and do any other act or action which the attorney may consider necessary or expedient for the purpose or in connection with the above, including the execution, processing and submission of any form or document which may be convenient in relation to the Bankruptcy.

jurisdicción, ante cualquier otra autoridad y demás entes públicos, y demás Entidades creadas y por crear, en cualquiera de sus ramas, dependencias y servicios; y en ellos, instar, seguir y terminar, como acreedor, actor, tercero, coadyuvante, requirente o en cualquier otro concepto, toda clase de actuaciones, expedientes, juicios y procedimientos en relación con la Quiebra.

En todos estos casos, entablar, contestar y seguir por todos sus trámites e instancias, hasta su conclusión, toda clase de actuaciones, acciones, demandas, denuncias, querellas, acusaciones, excepciones y defensas y ejercitar otras cualesquiera pretensiones, pedir suspensiones de juicios o procedimientos, ejercitándose en los mismos en cuantos casos fuera menester la ratificación personal; formar y presentar escritos y asistir a toda clase de actuaciones; solicitar y recibir notificaciones, citaciones y emplazamientos en relación con la Quiebra.

(b) Comparecer o designar a otra persona para comparecer ante todas y cualesquiera personas, sociedades, corporaciones, bancos, instituciones, corredores de comercio, notarios, registradores, juzgados y tribunales, delegaciones de hacienda, delegaciones de gobierno y autoridades, ya sean extranjeras, internacionales, nacionales, autonómicas, provinciales o municipales, con poderes totales de representación, estando autorizadas para presentar instancias, formularios y requerimientos en relación con la Quiebra.

(c) Firmar cualquier documento público o privado posterior de subsanación, rectificación o ratificación de los anteriores, pudiendo suscribir y firmar incluso cualquier formulario o impreso necesario (online o en papel), y realizar cualquier acto o actuación que el apoderado considere necesario o conveniente para cumplimentar la finalidad descrita en este apartado, incluyendo firmar, despachar o presentar



2

| | |
|---|---|
| Where necessary, the Grantor shall raise into public deed the granting of Power of Attorney under this document if requested by any of the attorneys. | En caso de que fuese necesario, el Poderdante se compromete a formalizar en escritura pública el apoderamiento conferido conforme al presente documento, una vez fuera requerido para ello por cualquiera de los apoderados. |
| So states and grants the Grantor, who reads and approves the present document, signing below. | Así declara y otorga el Poderdante, quien lee y aprueba el presente documento, firmándolo a continuación. |
| Madrid, on 26 October 2009. | En Madrid, a 26 de octubre de 2009. |

cualquier otro documento que resulte conveniente en relación con la Quiebra.

_____
**Mr. José Manuel Maceda Fernández**
THE GRANTOR

_____
**D. José Manuel Maceda Fenández**
EL OTORGANTE

3

HAND DELIVERY

DGM
RECEIVED BY:

10/28/2009
DATE

2:43
TIME