Hearing Date and Time: August 18, 2010 at 10:00 a.m.
Objection Date and Time: August 11, 2010 at 4:00 p.m.

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York  10017-5010
Telephone:  (212) 655-6000
Craig M. Price (CP-9039)

Attorneys for U.S. Bank National Association, as Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al*.,<br><br>Debtors. | CHAPTER 11<br><br>CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

**OBJECTION OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE TO THE
MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC.
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE TO AMEND THE RACERS
TRANSACTION DOCUMENTS AND TERMINATE CERTAIN RACERS TRANSACTION DOCUMENTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES U.S. Bank National Association, not individually but as Indenture Trustee and/or Owner Trustee in connection with two related transactions (*"U.S. Bank"* or the *"Trustee"*) by and through its counsel, Chapman and Cutler LLP, to object (the "*Objection*") to

2854374.01.04.doc
1697028

the Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc. Pursuant to Section 363 of the Bankruptcy Code to Amend the RACERS Transaction Documents and Terminate Certain RACERS Transaction Documents (the "*Motion*"). In support of its Objection, U.S. Bank states as follows:[1]

### SUMMARY

Pursuant to the Motion, the Debtors are seeking to terminate certain of the RACERS Transaction Documents (attached as Exhibit A to the Motion) and replace U.S. Bank as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent with respect to the RACERS Transactions in order to streamline the management of certain assets. This matter relates to two interrelated trusts: (a) the Restructured Asset Securities with Enhanced Returns, Series 2007-A Trust (the "*RACERS A Trust*") and (b) the Restructured Asset Securities with Enhanced Returns, Series 2007-7-MM Trust (the "*RACERS MM Trust*"). The RACERS MM Trust issued certain notes (the "*RACERS MM Notes*") in the principal amount of $5,000,000,000. U.S. Bank agrees with the Debtors that the beneficial holders of the RACERS MM Notes have the economic interest in the combined transactions.

The RACERS MM Notes are held through the Depository Trust Company and are therefore registered in the name of Cede & Co. The Debtors have alleged that they are the beneficial holders of the RACERS MM Notes. The Trustee, however, has no independent ability to determine the identity of the actual beneficial holder of the RACERS MM Notes or whether any third party may have an interest in these securities. In its efforts to cooperate with the Debtors, the Trustee has requested on numerous occasions that the Debtors provide the Trustee

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in that certain Series Indenture dated as of August 23, 2007 between the RACERS MM Trust and the Trustee, as supplemented by those certain Standard Terms for Indentures dated as of August 23, 2007 between the RACERS MM Trust and the Trustee.

with an appropriate certificate of beneficial interest with respect to this position with regard to the RACERS MM Notes. Despite these repeated requests, the Debtors have been unwilling to provide a definitive certificate of beneficial interest in a form acceptable to the Trustee. In fact, the Motion expressly provides that at least one other party, LBI, may also have an interest in the RACERS MM Notes. The Trustee is also aware that J.P. Morgan has asserted a right or interest in the RACERS MM Notes at one time as well.

As a result, the Trustee objects to the requested relief because the Trustee has not been provided with adequate proof that Lehman Brothers Holdings Inc. ("*LBHI*") and/or Lehman Brothers Commercial Paper Inc. ("*LCPI*") is the beneficial holder(s) of the RACERS MM Notes. If LBHI and/or LCPI are not the beneficial holder(s) of the RACERS MM Notes, and the true beneficial holder of the RACERS MM Notes is a non-debtor third party, the requested relief would place such third party noteholder's investment (a) under the unfettered investment direction of LBHI and/or LCPI contrary to the express terms of the Indenture (as defined below), and (b) without a Trustee that is qualified pursuant to the terms of the Indenture. To the extent that the Debtors establish to the satisfaction of the Trustee that they are beneficial holders of the RACERS MM Notes, U.S. Bank does not object to this portion of relief requested in the Motion.

Further, pursuant to the Motion, the Debtors are seeking to have the Trustee transfer the Trust Estate (and its right to use funds to pay any costs of indemnities and legal fees and expenses) to the Debtors and impose a tolling agreement on, *inter alia*, the Trustee without any explanation to the Trustee regarding the claims the Debtors (or others) may have against the Trustee. In addition, as the Trustee is entitled to indemnification from the holders in connection with all directions from Noteholders to take action, the Trustee is entitled to a discharge and release from the Debtors. As such, requiring the Trustee to enter into a tolling agreement at this time is inappropriate. The Trustee therefore respectfully requests that any Order approving the

- 3 -

Debtors' requested changes to the RACERS Transaction Documents provide an explicit release and discharge of U.S. Bank as Trustee.

## THE STRUCTURE OF THE TWO TRUSTS

### A. The RACERS A Trust.

As of the date of the petition, the RACERS A Trust paid $5,000,000,000 to LCPI under the terms of that certain Participation Agreement dated as of August 23, 2007 between the RACERS A Trust and LCPI (the *"Participation Agreement"*), whereby the RACERS A Trust purchased a 100% participation interest in certain loans originated or purchased by LCPI (the *"Participated Assets"*). In addition, in the event the transaction was determined not to constitute a sale of the interests, LCPI granted the RACERS A Trust a first priority security interest in the Participated Assets.

The RACERS A Trust entered into a swap transaction with Lehman Brothers Special Financing, Inc. ("*LBSF*") documented by that certain ISDA Master Agreement dated as of August 23, 2007 between LBSF and the RACERS A Trust (the *"2007-A Master Agreement"*), the Schedule to the Master Agreement dated as of August 23, 2007 by and between LBSF and the RACERS A Trust (the *"2007-A Schedule"*), and that certain Confirmation dated August 23, 2007 from LBSF to the RACERS A Trust (the *"2007-A Confirmation"*, and with the 2007-A Master Agreement and the 2007-A Schedule, the *"A Swap"*). Under the terms of the A Swap, the RACERS A Trust exchanged (a) any payments it received with respect to the Participation Agreement for (b) interest on the 20th day of each month at the rate of 7% interest per annum on the Notional Amount of the A Swap (which Notional Amount is identical to the amount of the RACERS A Trust's investment under the Participation Agreement), and (c) payment of the Notional Amount of the A Swap on the Termination Date. Under the terms of the A Swap, LCPI was directed to make payments due under the Participation Agreement directly to LBSF. LBHI

served as the Credit Support Party for the obligations of LBSF under the terms of the swap transaction.

The RACERS A Trust's investment under the Participation Agreement was funded through the issuance of a variable funding note which was purchased by the RACERS MM Trust.

**B.     RACERS MM Trust.**

The RACERs MM Trust issued the RACERS MM Notes under the terms of a Series Indenture dated as of August 23, 2007 (the *"Series Indenture"*) between the RACERS MM Trust and U.S. Bank National Association, as Trustee, as supplemented by those certain Standard Terms for Indentures (the *"Standard Terms"* and together with the Series Indenture, the *"Indenture"*) dated as of August 23, 2007 between the RACERS MM Trust and the Trustee. The current principal amount outstanding on the RACER MM Notes is $5,000,000,000. The RACERS MM Trust used the proceeds of the RACERS MM Notes to purchase the Underlying Securities - the variable funding note(s) issued by the RACERS A Trust. Under the terms of that certain Security and Control Agreement dated as of August 23, 2007 by and among the RACERS A Trust (the *"Pledgor"*), the RACERS MM Trust, as secured party, and LBSF, as secured party (the *"Security Agreement"*), the RACERS MM Trust was granted a security interest in, *inter alia*, the underlying assets which are the subject of Participation Agreement and the A Swap.

Likewise, the RACERS MM Trust entered into a swap transaction with LBSF for which LBHI served as a Credit Support Party. This transaction is documented by that certain ISDA Master Agreement dated as of August 23, 2007 between LBSF and the RACERS MM Trust (the *"2007-7 Master Agreement"*), the Schedule to the Master Agreement dated as of August 23, 2007 by and between LBSF and the RACERS MM Trust (the *"2007-7 Schedule"*), and that certain Confirmation dated August 23, 2007 from LBSF to the RACERS MM Trust (the *"2007-7*

*Confirmation"* and with the 2007-7 Master Agreement and the 2007-7 Schedule, the *"MM Swap"*).

Under the terms of the MM Swap, the RACERS MM Trust was to receive from LBSF (a) interest on the Notional Amount (equal to the amount of Notes outstanding) at the rate of one month LIBOR plus the Party A Floating Rate Spread on the Party A Floating Rate I Payer Payment Dates and (b) the Party A Floating Amount II Payment Amount (equal to the Notional Amount) on the Party A Floating Amount II Payer Payment Date, *in exchange for* (x) interest on the Notional Amount at the rate of 7% per annum on the Party B Fixed Payment Dates and (y) proceeds (to the extent actually received) in respect of the redemption of the outstanding principal amount of the Underlying Securities (the variable funding note issued by the RACERS A Trust) then held by Party B on the Party B Floating Amount I Payer Payment Dates. A diagram of this transaction is attached hereto as Exhibit A.

        **C.**     **Defaults Exist under Each of the Participation Agreement, the A Swap and the MM Swap.**

Defaults exist under the terms of each of the Participation Agreement, the A Swap and the MM Swap. With respect to the swap transactions, defaults exist as a result of the filing of voluntary petitions for relief under Chapter 11 of 11 U.S.C. §101 *et seq.,* first by LBHI on September 15, 2008 and thereafter by LBSF. In addition to the foregoing, LBHI has failed to make any of the required payments to either the RACERS A Trust or the RACERS MM Trust pursuant to the terms of the respective swap transaction, including the failure to make payments due by LBSF on or before September 20, 2008, resulting in additional defaults. As a result of these defaults, the Trustee gave notice of an early termination of each swap transaction on September 22, 2008 and designated September 23, 2008 as the Early Termination Date. In addition, the RACERS A Trust requested that LCPI turnover all of the Participated Assets. To date, however, LCPI has continued to collect all payments on and proceeds of the loans, which

- 6 -

proceeds are the property of the RACERS A Trust and/or the RACERS MM Trust, and has failed to turn over any proceeds of the Participated Assets or turn over such assets themselves to the Trustee.

### D.  The Trustee Filed Proofs of Claim with Respect to Each Trust.

U.S. Bank, as Indenture Trustee, filed six proofs of claim in the aggregate in connection with the RACERS A Trust and the RACERS MM Trust.  A proof of claim was filed with respect to each trust in connection with the obligations of LCPI under the Participation Agreement.  In addition, U.S. Bank filed (a) a proof of claim against LBSF on behalf of the RACERS A Trust with respect to the A Swap plus the fees, costs and expenses of the Trustee, and against LBHI under the A Swap with respect to its Credit Support obligations, and (b) a proof of claim against LBSF on behalf of the RACERS MM Trust with respect to the MM Swap, plus the fees, costs and expenses of the Trustee, and against LBHI as Credit Support Party with respect to its Credit Support obligations with respect to the MM Swap.

## OBJECTION

### I.  The Trustee is Only Required to Take Direction from the Holder.

As noted above, U.S. Bank agrees with the Debtors that the holders of the RACERS MM Notes issued by the RACERS MM Trust have the economic interest in these two transactions. However, the books and records of the Trustee reflect that the RACERS MM Notes are held by Cede & Co., the nominee for Depository Trust Company.  The Trustee has no evidence of the Debtors interests in the RACERS MM Notes.

Section 6.16 of the Indenture (which is typical of many Indentures) provides as follows:

> *Section 6.16.  Rights of Noteholders to Direct Indenture Trustee.* Holders of Notes evidencing a majority of the Outstanding Amount of the Notes shall have the right to direct the time, method and place of conducting any Proceeding for any remedy available to the Indenture Trustee or exercising any trust or power conferred

> on the Indenture Trustee; *provided, however*, that subject to Section 6.1, the Indenture Trustee shall have the right to decline to follow any such direction if the Indenture Trustee being advised by counsel determines that the action so directed may not lawfully be taken, or if the Indenture Trustee in good faith shall determine that the proceedings so directed would be illegal or subject it to personal liability or be unduly prejudicial to the rights of Noteholders not parties to such direction; and *provided, further*, that nothing in this Indenture shall impair the right of the Indenture Trustee to take any action deemed proper by the Indenture Trustee and which is not inconsistent with such direction by the Noteholders.

*Indenture, Section 6.16, p. 45-46*. Holders and Noteholders are defined similarly, with reference to the registered holder of the note or certificate as follows:

> *"Holder"* means the person in whose name a Note or Certificate, as applicable, is registered.

*Indenture p. 6*. As a result, technically the Depository Trust Company, and not the Debtors, is the Holder of the RACERS MM Notes. Notwithstanding this formality, the Trustee has been and remains willing to take direction from a beneficial holder, so long as the beneficial holder certifies, in a form satisfactory to the Trustee, that it is the holder of the note and that no other entity has any interest therein. To date, however, the Debtors have been unwilling to provide such certification. In fact, the Debtors specifically note in their Motion that despite U.S. Bank's request for such a certificate, the Debtors have been unwilling to provide such a certificate, as LBI may also have an interest in the RACERS MM Note. See page 6, paragraph 19 of the Motion, in which the Debtors provide: "assuming LBI owned the RACERs MM Notes on the Commencement Date, it is conceivable that at some future date LBI might allege that LBI is entitled to the return of some or all of the RACERS MM Notes or the residual value thereof." In addition to LBI, it is uncertain whether there are any other beneficial holders of the RACERS MM Notes.

When faced with a Motion requesting the turn-over of control of the Participated Assets to the Debtors, the fact that another entity might have an ownership or other interest in the RACERS MM Notes puts the Trustee in an untenable position. Other holders may have an objection to permitting LCPI and/or LBHI to take control of the Participated Assets, particularly if such holders would be inclined to manage such assets in a different manner.

Should this Court, however, be inclined to approve the Motion, the Trustee believes the Order should, at a minimum, provide a full release from and against any and all claims brought by other holders against the Trustee in connection with the transfer of the Trusteeship from U.S. Bank to the Debtors and any action taken by the Debtors with respect to the Participated Assets and/or any other assets of the trusts.

## II. The Holders are Entitled to a Trustee Meeting the Qualifications Set Forth in the Indenture.

To the extent that there are holders other than the Debtors of the RACERS MM Notes, such holders are entitled to a trustee that is not subject to bankruptcy proceedings (see Section 6.8 of the Indenture) and which meets the following eligibility requirements:

> *Section 6.11. Eligibility; Disqualification.* The Indenture Trustee shall be (a) a corporation or an association organized and doing business under the laws of the United States of America or of any state thereof, (b) authorized under such laws to exercise corporate trust powers, (c) be subject to supervision or examination by federal or state authorities, (d) have a combined capital and surplus of at least $50,000,000, and (e) have (or have a parent which has) a long-term unsecured debt rating in one of the four highest categories assigned long-term debt by one or more nationally recognized rating agencies. If such corporation shall publish reports of condition at least annually, pursuant to law or to the requirements of the aforesaid supervising or examining authority, then for the purpose of this Section 6.11, the combined capital and surplus of such corporation shall be deemed to be its combined capital and surplus as set forth in its most recent report of condition

> so published. The Indenture Trustee shall at all times satisfy the requirements for a trustee under Section 26(a)(1) of the Investment Company Act and shall not be affiliated (within the meaning of Rule 405 under the Securities Act) with the Depositor, the Swap Counterparty or the Issuer, or any person involved in the organization or operation of the Depositor or the Issuer. If at any time the Indenture Trustee shall cease to be eligible in accordance with the provisions of this Section 6.11, the Indenture Trustee shall resign immediately in the manner and with the effect specified in Section 6.8.

*Indenture, Section 6.11, page 43.* Further, there are also eligibility requirements for each of the Owner Trustees for the RACERSs A Trust and the RACERS MM Trust as follows:

> *Section 6.12. Eligibility Requirements for Owner Trustee.* The Owner Trustee (other than the initial Owner Trustee) shall at all times: (a) be a corporation satisfying the provisions of Section 3807(a) of the Statutory Trust Statute; (b) be authorized to exercise corporate trust powers; (c) have a combined capital and surplus of at least $50,000,000 and be subject to supervision or examination by federal or state authorities; and (d) have (or have a parent which has) an actual or long-term unsecured debt rating of "A2" by Moody's and "A" by S&P. If such corporation shall publish reports of condition at least annually, pursuant to law or to the requirements of the aforesaid supervising or examining authority, then for the purpose of this Section 6.12, the combined capital and surplus of such corporation shall be deemed to be its combined capital and surplus as set forth in its most recent report of condition so published. The Owner Trustee shall at all times satisfy the requirements for a trustee under Section 26(a)(1) of the Investment Company Act and shall not be affiliated (within the meaning of Rule 405 under the Securities Act) with the Depositor or the Trust, or any person involved in the organization or operation of the Depositor or the Trust. If at any time the Owner Trustee (other than the initial Owner Trustee) shall cease to be eligible in accordance with the provisions of this Section 6.12, the Owner Trustee shall resign immediately in the manner and with the effect specified in Section 6.9.

Standard Terms, Section 6.12, p. 40. Neither LCPI nor LBHI meet these eligibility requirements.

### III. Since the Trustee is Relinquishing All of the Trust Assets, It is Entitled to a Full Release and Discharge.

In addition to the replacement of U.S. Bank as both Indenture Trustee and Owner Trustee with one of the Debtors, the Debtors also seek to require the Trustee to enter into a tolling agreement. First, the Trustee must determine for itself whether a tolling agreement is appropriate. As of the date hereof, the Debtors have not provided the Trustee with any written statement delineating the claims it may have against the Trustee that might be the subject of a tolling agreement. In addition, the Trustee is entitled to know what claims the Debtors and others might possess before consenting to a tolling agreement. The Trustee is unaware of any such cognizable claim.

Pursuant to its terms of the Series Indenture, the Trustee is entitled to a full release and discharge of its obligations. Owner Trustees and Indenture Trustees are not supposed to be subject to any personal liability as a result of actions taken by it under the terms of the governing trust documents. This is likewise the case under the terms of these trust agreements. For example, Section 6.3 of the Standard Terms contains a litany of provisions limiting the liability of the Owner Trustee: Section 6.3(e) limits the liability of the Trustee for the validity and sufficiency of the Trust Agreements or the value or validity of the Trust Estate, Section 6.3(f) limits liability for the actions taken by others involved in the transaction, and Section 6.3(g) limits the obligation of the Trustee to exercise rights and powers or instituting actions unless Certificateholders offer security or indemnity satisfactory to the Owner Trustee. [3] Section 6.9(c) requires the payment of all sums due a predecessor Trustee prior to transferring rights to a successor which would include claims for indemnity.

---

[3] See also Sections 6.3(a), (b), (c), (d), (h), (i), (j) all of which limit the liability of the Owner Trustee is some material way.

The Indenture likewise contains similar provisions, primarily in Section 6.2, limiting the liability of the Indenture Trustee. Most importantly, the Trustee is entitled to direction and indemnity in connection with the actions that the Debtors are requesting in the Motion. In support of this Indemnity, the Trustee is entitled to rely upon trust assets to discharge any amounts due and owing the Trustee in connection with any claims raised against it. If the Debtors seek to transfer all of the trust assets to themselves, which appears to be the relief requested in the Motion, the Trustee is entitled to a full release from the Debtors as securityholders in connection with its actions as Trustee and a discharge of its obligations under the Trust Agreements and the Indenture. Section 6.2 of the Indenture provides, for example:

> (f) The Indenture Trustee shall be under no obligation to exercise any of the rights or powers vested in it by this Indenture, unless the Holders of Notes shall have offered to the Indenture Trustee reasonable security or indemnity against the costs, expenses and liabilities which might be incurred by it in compliance with such request or direction.

*Indenture, Section 6.2, p. 38.* Similarly, Section 6.1 provides that the Trustee need not risk its own funds in connection with its actions under the Indenture:

> (e) No provision of this Indenture shall require the Indenture Trustee to expend or risk its own funds or otherwise incur financial liability in the performance of any of its duties hereunder or in the exercise of any of its rights and powers, if it shall have reasonable grounds to believe that repayments of such funds or adequate indemnify against such risk or liability is not reasonably assured to it.

*Indenture, Section 6.1, p. 37.* The Debtors have not identified any claim they may have against the Trustee in connection with this matter. Further, because the Debtors seek control and possession of all of the Trust Assets, not only is a tolling agreement inappropriate, but rather, the Trustee is entitled to a full discharge and a release as a condition to permitting the relief requested. Any Order approving the requested relied should contain a full release and discharge.

WHEREFORE, for all of the foregoing reasons, U.S. Bank respectfully requests that this Court (i) (a) deny the Motion unless the Debtors provide evidence, satisfactory to the Trustee, of beneficial ownership in the RACERS MM Notes, or (b) condition the relief being sought by the Debtors on a full release and discharge of the Trustee by the Debtors with respect to any claims and obligations under the trust documents, and (ii) include a provision in the Order barring actions by third parties against the Trustee as a result of the proposed transaction, and (c) such other relief as deemed appropriate.

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION, not individually but as Trustee

By: ___/s/ Franklin H. Top III___
One of Its Attorneys

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH-3660)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
(312) 845-3000

Craig M. Price (CP-9039)
CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
(212) 655-6000