Presentment Date and Time: August 18, 2010 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: August 18, 2010 at 11:30 a.m. (Prevailing Eastern Time)

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
James K. Goldfarb
Benjamin Rosenblum

*Attorneys for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
|   |   |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
|  | : |
| Debtors. | : Jointly Administered |
|  | : |

-----------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION
### GOVERNING THE PRODUCTION OF CONFIDENTIAL
### MATERIALS WITH RESPECT TO ROSSLYN INVESTORS I, LLC

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulated

Protective Order to the Honorable James M. Peck, United States Bankruptcy Judge, for signature

on **August 18, 2010 at 12:00 noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed

Stipulated Protective Order, with proof of service, is served and filed with the Clerk of the Court

and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned,

so as to be received by **August 18, 2010 at 11:30 a.m. (Prevailing Eastern Time)**, the

Stipulated Protective order may be signed.

Dated:  August 12, 2010                    Respectfully submitted,
        New York, New York

                                            /s/ Benjamin Rosenblum
                                           Jayant W. Tambe
                                           James K. Goldfarb
                                           Benjamin Rosenblum
                                           JONES DAY
                                           222 East 41st Street
                                           New York, New York  10017
                                           Telephone:  (212) 326-3939
                                           Facsimile:  (212) 755-7306

## STIPULATED PROTECTIVE ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | |
| | Jointly Administered |
| Debtors. | |

------------------------------------------------------------------x

## STIPULATION GOVERNING THE PRODUCTION
## OF CONFIDENTIAL MATERIALS

This Stipulation ("Stipulation") is entered into by and between (a) Lehman Brothers

Holdings, Inc. ("LBHI") and its affiliated debtors and debtors in possession (collectively, the

"Debtors"), on the one hand, and (b) Rosslyn Investors I, LLC; Savanna Real Estate Fund I, L.P.;

and Chatham Financial Corp. (together with the Debtors, the "Parties"), on the other hand.

WHEREAS, commencing on September 15, 2008, LBHI and the other Debtors

commenced voluntary cases under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court" or "Court") (Jointly Administered under Case No. 08-13555, the

"Chapter 11 Cases"), and the Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code;

WHEREAS, on November 23, 2009, the Bankruptcy Court entered an order granting the

Debtors authority pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to issue

subpoenas for the production of documents and authorizing the examination of persons and

entities that have information relevant to the administration of the Debtors' estates ("Rule 2004

Order");

WHEREAS, on September 16, 2009, Rosslyn Investors I, LLC ("Rosslyn") filed a proof of claim (the "Proof of Claim") against LBHI and Lehman Brothers Special Financing Inc. in the Court;

WHEREAS, on January 20, 2010, the Debtors served subpoenas upon Rosslyn and its affiliate Savanna Real Estate Fund I, L.P. ("Savanna") pursuant to the Rule 2004 Order, seeking the production of certain documents and information related to the Proof of Claim;

WHEREAS, on January 21, 2010, the Debtors served a subpoena (together with the Rosslyn and Savanna subpoenas referenced above, the "Subpoenas") upon Rosslyn's and Savanna's advisor, Chatham Financial Corp. ("Chatham"), pursuant to the Rule 2004 Order, seeking the production of certain documents and information related to the Proof of Claim;

WHEREAS, on February 18, 2010, Rosslyn, Savanna, and Chatham served Responses and Objections to the Subpoenas;

WHEREAS, on March 16, 2010, Rosslyn, Savanna, and Chatham provided the Debtors with documents and audio recordings responsive to the Subpoenas;

WHEREAS, on April 5, 2010, Rosslyn filed a Notice of Motion for Leave to Conduct Rule 2004 Discovery of "Debtor Lehman Brothers Specialty Finance Inc. and Other Entities" (the "Motion");

WHEREAS, on May 7, 2010, the Debtors filed an Objection to the Motion;

WHEREAS, on July 12, 2010, Rosslyn agreed to adjourn the hearing on the Motion to the next omnibus date, August 18, 2010, and the Debtors have agreed to produce to Rosslyn select documents responsive to certain requests in Schedule A to the Motion;

WHEREAS the Parties have agreed that the documents, information and testimony that have been or will be produced among the Parties (the "Discovery Materials") shall be subject to

- 2 -

this Stipulation to protect the confidentiality of sensitive information pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure; and

WHEREAS the Parties have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:

1.    This Stipulation shall govern the designation and handling of the Discovery Materials.

2.    "Document" or "documents" shall have the meaning set forth in Rule 26.3(c)(2) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

3.    "Person" or "persons" shall have the meaning set forth in Rule 26.3(c)(6) of the Local Rules.

4.    The Parties may designate Discovery Materials as confidential pursuant to this Stipulation by affixing to them the legend, "CONFIDENTIAL", in a size and location that makes the designation readily apparent.  In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic data is stored.

5.    Except as set forth herein, Discovery Materials designated "CONFIDENTIAL" and any part of the information contained in those Discovery Materials (collectively, "Confidential Information"), shall not be delivered, exhibited, or disclosed, directly or indirectly, to persons other than:

(a)    the Court and persons employed by it or appointed by it;

(b)     any mediator appointed by the Court, and persons employed by the

mediator;

(c)     court reporters, videographers or other qualified persons taking testimony;

(d)     the Parties, including their current employees, consultants and advisors,

the Official Committee of Unsecured Creditors of Lehman (the "Committee"), as well as its

consultants, advisors and counsel, who require such information for the exercise of their duties

and obligations;

(e)     counsel retained by the Parties hereto, and the paralegal, clerical and

secretarial staff employed by such counsel;

(f)     independent copying and computer services firms, or their employees,

retained to copy or index any Confidential Information;

(g)     actual Party or non-Party fact witnesses at or in preparation for a

deposition or court hearing or trial, provided there is a reasonable basis to believe that the fact

witness may give relevant testimony regarding the Confidential Information;

(h)     expert witnesses at or in preparation for deposition or trial, provided there

is a reasonable basis to believe the witness may give relevant testimony regarding the

Confidential Information;

(i)     persons identified on the face of the Discovery Materials as having

authored or previously received the Confidential Information; and

(j)     such other persons as the Parties may agree upon in writing or as ordered

by the Court and further provided that nothing herein shall prevent or prejudice a Party from

seeking to enlarge the recipients of Confidential Information herein by making such a motion

with the Court.

- 4 -

6.      Prior to the disclosure of any Confidential Information to any of the persons listed in paragraphs 5(d) through 5(i) above, such person shall be informed of the terms of this Stipulation, and members of the Committee and its consultants, advisors and counsel, as well as persons listed in paragraph 5(g) above shall execute a copy of the non-disclosure declaration substantially in the form annexed hereto as Exhibit A, which incorporates by reference all the terms and conditions of the Stipulation as if stated therein, or in such other form as is reasonably satisfactory to both Parties.  The original of such undertaking shall be retained by counsel for the Party disclosing the Confidential Information and a copy shall be promptly furnished to counsel for the Party designating the information "CONFIDENTIAL".

7.      All Confidential Information may be used by the Parties only in connection with any Rule 2004 discovery in the Chapter 11 Cases, or any litigation, mediation, dispute, contested matter or proceeding arising therein, and not for any other purpose.

8.      In the event any Confidential Information is used at a Rule 2004 or other deposition, portions of the transcript of such deposition shall also be treated as "CONFIDENTIAL," pursuant to this Stipulation, to the extent that those portions discuss the Confidential Information.

9.      Any Party wishing to designate as "CONFIDENTIAL" portions or all of any deposition testimony may do so on the record during the deposition, or within five (5) business days after receipt of the final deposition transcript by providing written notice of the designation to the other Party and any other affected person(s).  The Party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter.  The Parties shall avoid designating entire transcripts as "CONFIDENTIAL" where only a portion

thereof qualifies for such protection, and, to the extent reasonably practicable, only those

portions that qualify for protection should be so designated.  To the extent that deposition

testimony later designated "CONFIDENTIAL" is disclosed by any person prior to the other

designating Party's designation of that testimony, such disclosure shall not constitute a breach of

this Stipulation, but such testimony shall thereafter be deemed "CONFIDENTIAL" for all

purposes as if it has been so designated at the time it was given.

10.    Any previously designated Confidential Information that is marked as an

exhibit during a deposition shall be treated by the Parties as "CONFIDENTIAL."

11.    Whenever Confidential Information is to be discussed or disclosed in a

deposition, any person discussing or disclosing such Confidential Information must first notify

the Party that was required to produce the Confidential Information (the "Producing Party") or its

counsel of such proposed discussion or disclosure and, upon request of the Producing Party or its

counsel, exclude from the room any person who is not entitled to receive or review such material

under this Stipulation.

12.    Any Discovery Materials that are inadvertently produced without a

"CONFIDENTIAL" designation may be subsequently redesignated by the Producing Party as

"CONFIDENTIAL" upon written notice making such designations by specific reference to the

Bates numbers of documents previously produced.

13.    All Confidential Information that is filed with the Bankruptcy Court, and

all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose

Confidential Information, or the contents thereof, shall be filed under seal with the Clerk of the

Court and kept under seal until further order of the Bankruptcy Court. The Party filing such

information under seal shall bear its own costs in connection with such filing.  To the extent that

- 6 -

a Party files Confidential Information under seal and objects to the designation of such

Confidential Information as "CONFIDENTIAL", it shall follow the procedures set forth in

paragraph 14 of this Stipulation.

      14.    In the event any Party objects to any designation of Discovery Materials as

"CONFIDENTIAL", the objecting Party shall inform the designating Party, stating in writing the

grounds of the objection, and the Parties shall have seven (7) business days to attempt to resolve

the objection, at the end of which the objecting Party may seek a ruling from the Bankruptcy

Court that such information should not be treated as "CONFIDENTIAL". No Confidential

Information shall be filed in the public record prior to a ruling from the Court on such an

application. The burden shall be on the designating Party to justify the claim that disputed

material has been properly designated and should remain under seal.

      15.    Notwithstanding any Party's designation of Confidential Information,

nothing in this Stipulation shall limit (or enlarge) any third party's right to challenge such

designation in the Bankruptcy Court or any other court of competent jurisdiction.

      16.    The Parties agree that all persons employed by, or otherwise serving as

agents of, either the Parties or the Committee who are given access to Confidential Information

will be instructed that such persons and the Parties are bound by the terms of this Stipulation.

      17.    If any Party receives a subpoena seeking, or court order requiring, the

production or disclosure of any Confidential Information received from another Party, that Party

shall give written notice to the designating Party as soon as reasonably practicable, and in no

event more than three (3) business days after receipt of the subpoena or court order and in no

event less than five (5) business days prior to the time for production of such Confidential

Information pursuant to the subpoena or court order. If such written notice cannot be made, the

Party receiving the subpoena must immediately give notice to counsel for the designating Party by telephone. In no event shall production or disclosure be made before notice is given, unless the Party receiving the subpoena or court order is prohibited by law or regulatory order from providing such notice. The purpose of this paragraph is to provide the designating Party the opportunity to intervene at its own expense to object to the production of such Confidential Information.

18.    The inadvertent production of any document or other disclosure of any document or information that the Producing Party contends is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto.

19.    If any Party objects to a claim of privilege or a claim of inadvertent production given pursuant to the preceding paragraph, it shall so notify the other Party in writing. The Parties shall attempt to resolve the dispute amicably within the five (5) business days following such written notice. If the dispute is not resolved, the Party claiming privilege or inadvertent production may seek a ruling from the Bankruptcy Court concerning the document(s) at issue. From the time of the notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the Parties otherwise agree.

20.    The provisions of this Stipulation, insofar as they restrict the disclosure and use of Confidential Information, shall continue to be binding on all Parties and persons

subject to the terms of this Stipulation, as well as Undersigned Counsel, notwithstanding the final

termination of the Rule 2004 Discovery or any contested matter or adversarial proceedings

commenced by any Party.

21.    Upon the later of (a) termination of the Rule 2004 Discovery, (b) the

termination of all litigation or proceedings commenced by the Debtors against Rosslyn, Savanna,

or Chatham or (c) the resolution of all disputes between the Parties, any Party may request the

destruction or the return of all copies of all Confidential Information, except that filed with the

Court.  If such a request is made in writing, the recipient of such a request shall have thirty (30)

days in which to return or destroy all copies of the Confidential Information, and to certify in

writing that such return or destruction has occurred.  Nothing herein shall prevent counsel for the

Parties from maintaining a set of documents and pleadings filed with the Court even if those filed

documents and pleadings were filed under seal and contain Confidential Information or as may

be required to be maintained by law or regulation.

22.    Nothing in this Stipulation shall limit any Party's use of its own

documents or prevent it from disclosing its own Confidential Information to any person.  Such

disclosures shall not affect any "CONFIDENTIAL" designations made pursuant to the terms of

this Stipulation so long as disclosure is made in a manner which is reasonably calculated to

maintain the confidentiality of the information.

23.    The failure to designate Discovery Materials as "CONFIDENTIAL" shall

not constitute a waiver of any right to make such a designation outside of the Rule 2004

Discovery process, including in any related litigation.  A failure of any Party to challenge the

designation of Discovery Materials as "CONFIDENTIAL" in this Rule 2004 Discovery process

shall not constitute a waiver of that Party's right to challenge such a designation outside the Rule 2004 Discovery process, including in any related litigation.

24.    Nothing in this Stipulation shall relieve a Party of its obligations under the Federal Rules of Civil Procedure or under any future stipulations or orders, regarding the production of documents or the making of timely responses to discovery requests.

25.    Nothing in this Stipulation shall limit the rights of the United States trustee, bankruptcy administrator, trustee, or any auditor serving under section 586(f) of title 28 from full access to all information contained in any paper filed or submitted in the Chapter 11 Cases in accordance with section 107(c)(3) of the Bankruptcy Code, provided, however, such entity shall not disclose information specifically protected under this Stipulation.

26.    This Stipulation may be signed in counterparts.

27.    This Stipulation shall be effective as of the date of its execution, provided, however, that the Parties agree to be bound by the terms of this Stipulation, *nunc pro tunc* to the first date of production, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been approved by the Court.

28.    Nothing in this Stipulation shall prejudice the right of the Parties to apply to the Court for a further Stipulation or other appropriate relief.

IT IS HEREBY STIPULATED AND AGREED:

Dated:  August 12, 2010
          New York, New York

                                   ROSSLYN INVESTORS I, LLC
                                   SAVANNA REAL ESTATE FUND I, L.P.
                                   CHATHAM FINANCIAL CORP.

                            By: _____

                                   James M. Ringer
                                   MEISTER SEELIG & FEIN LLP
                                   140 East 45th Street, 19th Floor
                                   New York, NY 10017
                                   Telephone:  (212) 655-3546
                                   Facsimile:  (646) 539-3646

                                   LEHMAN BROTHERS HOLDINGS INC. AND
                                   AFFILIATED DEBTORS

                            By: _____

                                   Jayant W. Tambe
                                   James K. Goldfarb
                                   Benjamin Rosenblum
                                   JONES DAY
                                   222 East 41st Street
                                   New York, NY 10017-6702
                                   Telephone: (212) 326-3939
                                   Facsimile: (212) 755-7306

SO ORDERED:


_____
U.S. BANKRUPTCY JUDGE

IT IS HEREBY STIPULATED AND AGREED:

Dated:    August _12_, 2010
          New York, New York

                        ROSSLYN INVESTORS I, LLC
                        SAVANNA REAL ESTATE FUND I, L.P.
                        CHATHAM FINANCIAL CORP.

              By: _____

                        James M. Ringer
                        MEISTER SEELIG & FEIN LLP
                        140 East 45th Street, 19th Floor
                        New York, NY 10017
                        Telephone:  (212) 655-3546
                        Facsimile:  (646) 539-3646


                        LEHMAN BROTHERS HOLDINGS INC. AND
                        AFFILIATED DEBTORS

              By: _____

                        Jayant W. Tambe
                        James K. Goldfarb
                        Benjamin Rosenblum
                        JONES DAY
                        222 East 41st Street
                        New York, NY 10017-6702
                        Telephone: (212) 326-3939
                        Facsimile: (212) 755-7306

SO ORDERED:


_____
U.S. BANKRUPTCY JUDGE

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | |
| LEHMAN BROTHERS HOLDINGS INC., ) | Chapter 11 |
| *et al.,* ) | Case No. 08-13555 (JMP) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

## NON-DISCLOSURE DECLARATION

I, _____, declare pursuant to 28 U.S.C. § 1746 that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have read the annexed Stipulation Governing the Production of Confidential Materials dated _____ 2010 (the "Stipulation"), in the matter entitled *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP), which is incorporated by reference herein.

5.    I have carefully read and understand the provisions of the Stipulation.

6.    I am fully familiar with and agree to comply with and be bound by the provisions of that Stipulation and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for the purposes set forth in paragraph 7 of the Stipulation, any Confidential Information that is disclosed to me.

8.    I will return all Confidential Information that comes into my possession, and

08-13555-mg    Doc 10722    Filed 08/12/10    Entered 08/12/10 13:21:07    Main Document
Pg 17 of 17

documents or things that I have prepared relating thereto, to counsel from whom I received the

Confidential Information.

9.      I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2010


_____

4300639