**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
|  | : |  |
|--|--|--|
| In re: | : | Chapter 11 Case No. |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

-----------------------------------------------------------------------x

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Jade Tree I, L.L.C.** | **JPMorgan Chase Bank, N.A.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

    P.O. Box 6463
    New York, New York 10150
    E-mail: loans@jadetree.net
    Phone: N/A
    Last Four Digits of Acct #: N/A

With a copy to:
Esbin & Alter, LLP
497 South Main Street
New City, NY 10956
Attention: Scott L. Esbin
Phone: 845-634-7909
Facsimile: 845-634-4160
E-Mail: sesbin@esbinalter.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 50717
Amount of Claim: $71,135,649.94
Amount of Claim to be Transferred: $20,531,844.44
Date Claim Filed: October 28, 2009

Name and Address of Transferor:

1 Chase Manhattan Plaza, Floor 26
New York, NY 10005-1401
Mail Code: NY1-A436
Attn: Susan McNamara

**\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: August 12, 2010
    Transferee/Transferee's Agent
    Scott L. Esbin/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                    0000050717

| In Re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

THIS SPACE                              Y

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

---

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Banco De Oro Unibank, Inc., BDO Corporate Center, 7899 Makati Avenue, Makati City 0726, Philippines
Attn: Pedro M. Florescio, III, Luisito S. Salazar, Ma. Ana Elena R. Reyes

Telephone number: +632 858-3007 to 9    Email Address: arr@bdo.com.ph, lss@bdo.com.ph

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

---

Name and address where payment should be sent (if different from above)

Telephone number:                Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

---

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: See attached** _____ **(Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

---

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): See attached** _____ **(Required)**

---

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

**See attached** _____ **(Required)**

---

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

**See attached** _____ **(Required)**

---

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY
FILED / RECEIVED
OCT 2 8 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. ____, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Name: _____  Title: _____ |

*Penalty for presenting fraudulent claim*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

HK:7541158.2

MARILYN K. GO
Sr. Vice President

PEDRO M. FLORESCIO III
EVP & Treasurer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In re:                                                    Chapter 11

Lehman Brothers Holdings Inc., *et al.*                    Case No. 08-13555 (JMP)

                                                          (Jointly Administered)
                              Debtors.
--------------------------------------------------------------X

### ANNEX TO PROOF OF CLAIM OF
### BANCO DE ORO UNIBANK, INC.

1.    <u>Claimant</u>.  Banco De Oro Unibank, Inc. (the **"Claimant"**), hereby files the

accompanying proof of claim (the **"Proof of Claim"**) against Lehman Brothers Holdings Inc.

(the **"Debtor"**), a debtor and debtor in possession in the above-referenced chapter 11 case.  The

Claimant holds claims against the Debtor arising from certain transactions that occurred prior to

September 15, 2008 (the **"Petition Date"**), as described more fully below.

2.    <u>Transactions Between the Parties</u>.  The Claimant is the holder of certain securities

issued by Lehman Brothers Treasury Company B.V. (**"LBTC"** or the **"Obligor"**) and guaranteed

by the Debtor (each a **"Program Security"** and, together, the **"Program Securities"**) identified

on the list of Lehman Program Securities, which is available on the Debtors' website,

http://www.lehman-docket.com under the heading "Key Documents."    The International

Securities Identification Number (**"ISIN"**) identifying each Program Security, along with the

respective Clearstream Bank blocking reference number and the Clearstream Bank account

number relating to the Program Securities, is detailed on <u>Exhibit 1</u> attached hereto.  Evidence of

the ownership of the securities described in <u>Exhibit 1</u> is provided in <u>Exhibit 3</u> attached hereto.

The Program Securities have the benefit of an express, unconditional and irrevocable guarantee

HK:7541158.2

of the Debtor, and further, the Debtor guaranteed the payment of all liabilities, obligations and commitments of the Obligor pursuant to those certain board resolutions adopted by the Executive Committee of the Debtor's Board of Directors attached hereto as Exhibit 4, including but not limited to those certain resolutions adopted by unanimous written consent on June 9, 2005 and certain other guarantees extended to affiliates of the Debtor and/or Lehman related entities.

3.    Claim.  The Claimant is the holder of certain securities described more fully in Exhibit 1 hereto and on account thereof and in accordance with the terms of the documentation relating thereto, hereby asserts a claim against the Debtor in the amount of $71,135,649.94, plus, to the extent provided pursuant to the underlying documents associated with each Program Security all other interest, costs, fees and expenses allowed under applicable law (the **"Claim"**). An itemization of certain amounts comprising the Claim is set forth on Exhibit 2   attached hereto.

4.    Security Interests and Priority Status.  The Claim is filed as a general unsecured claim, without any prejudice to any and all rights of the Claimant to assert that any portion of the Claim is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code.

5.    Claims, Counterclaims, Setoffs and Defenses.  The Claim is not subject to any known claims, counterclaims, setoffs or defenses by the Debtor.   The Claimant also reserves any and all rights of setoff and recoupment that the Claimant or any of its affiliates may have against the Debtor or its related entities.

6.    Reservation of Rights.  The execution and filing of this Proof of Claim is not and shall not be deemed:  (a) a waiver or release of the Claimant's rights against any other entity or person liable for all or any part of the Claim asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or

otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect

to the subject matter of the Claim, any objection or other proceedings commenced with respect

thereto or any other proceedings commenced in this case against or otherwise involving the

Claimant; (d) a waiver or release by the Claimant of its right to trial by jury, or a consent by the

Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the

subordination, in favor of the Claimant, of indebtedness or liens held by any creditors of the

Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any

other remedy; (g) waiver of the Claimant's rights to assert that no claims hereunder have been or

may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a

waiver of the Claimant's rights, if any, of arbitration, to the extent provided by any applicable

agreements with the Debtor or its affiliates.

7.      Amendments.  The Claimant expressly reserves its right to file any separate or

additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs

of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so

stated therein), to amend or supplement this Proof of Claim in any respect, including with respect

to the filing of an additional or amended claim for the purpose of fixing and liquidating any

contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect

of additional amounts or for any other reason.

**EXHIBIT 1**

| ISIN | Clearstream Bank Blocking Number | Clearstream account # | Issuer | Notional Amount |
|---|---|---|---|---|
| XS0313734922 | CA17317 | 80551 | LBTC | $20,000,000.00 |
| XS0314746479 | CA22468 | 80551 | LBTC | $10,000,000.00 |
| XS0313737271 | CA16843 | 80551 | LBTC | $10,000,000.00 |
| XS0225190775 | CA17319 | 80551 | LBTC | $10,000,000.00 |
| XS0243626123 | CA17320 | 80551 | LBTC | $20,000,000.00 |

**EXHIBIT 2**

| ISIN of note | Amounts |
|---|---|
| XS0313734922 | $20,000,000.00 |
| Interest thereon: | $215,125.00 |
| XS0314746479 | $10,000,000.00 |
| Interest thereon: | $122,562.50 |
| XS0313737271 | $10,000,000.00 |
| Interest thereon: | $108,312.50 |
| XS0225190775 | $10,000,000.00 |
| Interest thereon: | $157,805.50 |
| XS0243626123 | $20,000,000.00 |
| Interest thereon: | $531,844.44 |
| **Total** | $71,135,649.94 |

HK:7541158.2

**EXHIBIT 3**

[*Provide the Clearstream statement certifying BDO's ownership of the EMTN notes on September 15, 2008 here*]

**(PLEASE SEE ATTACHED)**

**Fax**

clearstream | **DEUTSCHE BÖRSE GROUP**

to:      Ruby Chua
         Banco De Oro

fax:

phone:

from:    Arthur Agraviador

page:    1 of 2

17 August 2009

**Lehman Holdings**

Dear Ms. Chua,

We certify that, as of 15 September 2008 (1839h Singapore Local Time),
Banco de Oro holds the following securities in account 80551 with us:

| ISIN Code | Security Name | Nominal Qty |
|-----------|---------------|-------------|
| US5249087M63 | LEH.BROS.HLDG.PLC 07-2047 | 10,000,000 |
| US52517P5X54 | LEH.BROS.HOLD.INC. 07-2014 | 2,000,000 |
| US524908R366 | LEH.BROS.HOLD.INC. 07-2017 | 12,000,000 |
| XS0314746479 | LEHMAN BROS.TREAS 07-2012 | 10,000,000 |
| XS0313734922 | LEHMAN BROS.TREAS 07-2012 | 20,000,000 |
| XS0313737271 | LEHMAN BROS.TREAS 07-2012 | 10,000,000 |
| XS0243626123 | LEHMAN BROS.TREAS.CO.BV 06-2011 | 20,000,000 |
| XS0225190775 | LEHMAN BROS.TREAS.CO.BV 05-2010 | 10,000,000 |

This letter is being executed upon your request and does not constitute an
obligation or responsibility of any kind on the part of Clearstream Banking

Clearstream Banking

Department Head, Customer
Services Hong Kong

Representative Office Hong Kong
2606-7 Two Exchange Square
8 Connaught Place
Central
Hong Kong

Phone
+852-2530-7405

Fax
+852-2530-7475

Internet
clearstream com

E-mail
vickie.soo@
clearstream com

Clearstream Banking
société anonyme is organised
with limited liability in the
Grand Duchy of Luxembourg
RC Luxembourg B 9248

Registered address
42 Avenue JF Kennedy
L-1855 Luxembourg

This message is intended only for the use of the individual or entity to which it is addressed and may contain
information that is exempt privileged, confidential and from disclosure under applicable law. If the reader of this
message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly
prohibited and may be illegal under applicable law. If you have received this communication in error, please notify the
sender immediately by telephone and return the original message to the sender at the above address via post. Thank
you.

page 2

with regards to the above, or any other securities that you may hold in your
account with us.

Yours faithfully,

Thomas Cheung
Head of Singapore Office

Arthur Agraviador
Relationship Manager
Asia Pacific/Middle East/Africa

# EXHIBIT 4

*[Blanket Guaranty if applicable]*


(PLEASE SEE ATTACHED)

# UNANIMOUS WRITTEN CONSENT OF THE

# EXECUTIVE COMMITTEE OF THE

# BOARD OF DIRECTORS OF

# LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

RESOLVED, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

RESOLVED, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

RESOLVED, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

RESOLVED, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

FURTHER RESOLVED, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 9, 2005

Richard S. Fuld, Jr.

John D. Macomber

2

06/08/2005    16:41    LEHMAN → 9164675826    NO.504    ᴰ03

**Schedule A**
**to LBHI Unanimous Written Consent**
**dated June _9_ , 2005**

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |



XS0243626123

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN BROTHERS TREASURY CO. B.V.
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, JPMorgan Chase Bank, N.A. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Jade Tree I, L.L.C. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the $20,531,844.44 (of which $20,000,000 is principal and $531,844.44 is interest) specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50717 filed by or on behalf of Banco De Oro Unibank, Inc. ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claim"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

The Transferred Claim was transferred from Predecessor to Seller as evidenced at docket # 16022.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) Seller has provided Purchaser with a true and correct copy of any acceleration notice delivered by Seller or its predecessor with respect to the Purchased Security, which notice was delivered to Lehman Brothers Treasury Co. B.V. and Lehman Brothers Holdings, Inc. in accordance with the terms of the underlying fiscal agency agreement on the date set forth in such notice.

3.      Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges

and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9 day of August, 2010.

JPMORGAN CHASE BANK, N.A.

By:
Name:    David A. Martinez
Title:    Authorized Signatory

Address:
1 Chase Manhattan Plaza, Floor 26
New York, NY 10005-1401
Mail Code: NY1-A436
Attn: Susan McNamara

JADE TREE I, LLC.

By:
Name: Scott L. Esbin
Title: Authorized Signatory

Address:
P.O. Box 6463
New York, NY 10150

## SCHEDULE 1

### Transferred Claims

Purchased Claim

100.000% of the outstanding amount of XS0243626123 as set forth in the Proof of Claim ($20,531,844.44),which equals

28.862946296% of the Proof of Claim - $20,531,844.44 of $71,135,649.94 (the outstanding amount of the Proof of Claim as of August 9, 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of U.S.$20,000,000.00 Leveraged Credit Linked Notes due 20 March 2011 | XS0243626123 | Lehman Brothers Treasury Company B.V. | Lehman Brothers Holdings Inc. | USD 20,000,000.00 | Index-Linked Rate | March 20, 2011 | USD 531,844.44 |