Hearing Date: August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)

James B. Kobak, Jr.
Daniel S. Lubell
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered) |

**STATEMENT OF THE SIPA TRUSTEE REGARDING MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC. PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE TO AMEND THE RACERS TRANSACTION DOCUMENTS AND TERMINATE <u>CERTAIN RACERS TRANSACTION DOCUMENTS</u>**

James W. Giddens (the "SIPA Trustee"), as Trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, by and through his undersigned counsel, respectfully submits this statement regarding the Motion of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI," and with LBHI, the "Debtors") Pursuant to Section 363 of the Bankruptcy Code to Amend the RACERS Transaction Documents and Terminate Certain RACERS Transactions Documents (the "Motion," Docket No. 10464).[1]

---

1. Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1. The RACERS transactions involve billions of dollars in Underlying Assets and multiple parties with rights and interests in the complex securitizations, collateral pledges, trusts, swaps and other transactions related to the RACERS Transaction Documents sought to be amended or terminated by the Motion.

2. As reflected in Exhibit A to the Motion, LBI is a counterparty to each of the Trust Agreements and a Manager under each of the Note Purchase Agreements that constitute the Transaction Documents. In addition, as noted in the Motion (at p. 4), the RACERS documentation supports LBI's ownership interest in the RACERS MM Notes issued by the RACERS MM Trust, which would make the LBI estate the holder of the real economic interest in these transactions. Moreover, the SIPA Trustee asserts other legal and equitable rights and interests in and to the proceeds of the Underlying Assets by virtue of the LBI estate's possible ownership of the Notes, the structure of the Trusts, a certain $5 billion reverse repurchase agreement pursuant to which LCPI transferred interests to LBI prior to the Commencement Date which may or may not be avoidable and otherwise.

3. The SIPA Trustee supports the stated purpose of the Motion, which is to facilitate a more efficient and economical management of the Underlying Assets, thereby allowing the value of such Underlying Assets to be maximized for the benefit of all parties in interest. The SIPA Trustee also supports the stated intent of the Motion, which is to preserve the full panoply of rights and interests of all parties in interest, including the SIPA Trustee, in and to the proceeds of the Underlying Assets as such rights existed before the proposed relief in the Motion is granted. Accordingly, as the Motion states, the relief sought should not be interpreted as "depriv[ing] any interested party of existing rights" (other than U.S. Bank), but to allow instead LCPI to have the right to administer the Underlying Assets as if it is the owner in order to

liquidate such Underlying Assets efficiently and segregate the proceeds on its books and records for the beneficial owner of such assets. (Motion at 10.) The net proceeds of this liquidation, according to a revised proposed Order agreed to by the SIPA Trustee,[2] will be available to pay superpriority administrative claims to parties in interest to the extent of such parties' existing enforceable rights to the proceeds of the Underlying Assets and/or in respect of such parties' rights to distributions on account of Proofs of Claim related to the RACERS transactions.

4. The SIPA Trustee has been working with the Debtors to ensure that the proposed Order reflects this intent, and to clarify that in deeming LCPI the owner of the Underlying Assets for purposes of administering and liquidating the Underlying Assets, the Court is not making any determinations as to the rights of parties in interest, such as LBI, with respect to the proceeds of the Underlying Assets or depriving such parties of the protections that existed by virtue of the RACERS Transaction Documents. Indeed, the proposed Order authorizes parties to execute further documents necessary to reserve each party's rights.

5. The SIPA Trustee therefore supports the Motion based on these stated intentions -- that in deeming LCPI as the owner of the Underlying Assets, the Court is merely facilitating the liquidation of the Underlying Assets without affecting parties' rights and interests in the proceeds thereof. The Court retains jurisdiction should the implementation and interpretation of its Order fail to protect the Trustee's or other parties' rights and interests with respect the proceeds of the Underlying Assets, the payment of the RACERS MM Notes and in the economic benefit of the RACERS Transaction Documents consistent with this intent.

---

2. The Debtors have indicated the proposed Order will be revised and filed with the Court prior to the hearing on the Motion.

## CONCLUSION

For the foregoing reasons, the relief requested in the Motion, as clarified in the revised proposed Order contemplated to be filed by the Debtors prior to the hearing on the Motion, should be granted.[3]

Dated: New York, New York
       August 13, 2010

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: /s/ Daniel S. Lubell
    James B. Kobak, Jr.
    Daniel S. Lubell
    One Battery Park Plaza
    New York, New York 10004
    Telephone: (212) 837-6000
    Facsimile: (212) 422-4726
    Email: lubell@hugheshubbard.com

    Attorneys for James W. Giddens,
    Trustee for the SIPA Liquidation of
    Lehman Brothers Inc.

---

3. The SIPA Trustee reserves all rights to object to the Motion or the proposed Order filed by the Debtors to the extent that such Order differs from that agreed to by the SIPA Trustee.