LATHAM & WATKINS LLP
Richard L. Chadakoff
Aaron M. Singer
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

and

LATHAM & WATKINS LLP
Gregory O. Lunt
355 South Grand Avenue
Los Angeles CA 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

**SUMMARY SHEETS ACCOMPANYING APPLICATION OF**
**LATHAM & WATKINS LLP FOR ALLOWANCE OF INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR THE FIFTH INTERIM PERIOD**

| | |
|---|---|
| Name of Applicant: | Latham & Watkins LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Approved on May 18, 2010 *Nunc Pro Tunc* to March 1, 2010 |
| Period for which Compensation and | February 1, 2010 - May 31, 2010[1] |

---

[1] For the Heritage matter, compensation sought includes time from February 1, 2010 through April 30, 2010. For Scout Portfolio matter, compensation sought includes time from March 1, 2010 through May 31, 2010. Heritage has concluded and there will be no additional time billed.

Reimbursement is Sought:

Total Fees Incurred:                    $195,195.50 (80% is $156,156.4)

Application:                            Total Fees Requested: $195,195.50
                                        Total Fees Paid: $156,156.40
                                        Total Fees Outstanding: $39,039.10
                                        Total Expenses Incurred: $9,437.80
                                        Total Expenses Requested: $9,437.80
                                        Total Expenses Paid: $9,437.80
                                        Total Expenses Outstanding: $0.00

                                        Total Outstanding: $39,039.10

NY\1661289.5

## SUMMARY OF MONTHLY FEE STATEMENTS
## SERVED DURING THE FIFTH INTERIM PERIOD

| Date Served | Period | Requested | | Paid | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 6/30/2010 | 2/1/2010-2/28/2010 | $53,020.50 | $2,206.73 | $42,416.40 | $2,206.73 |
| 6/30/2010 | 3/1/2010-3/31/2010 | $106,442.00 | $6,702.49 | $85,153.60 | $6,702.49 |
| 6/30/2010 | 4/1/2010-4/30/2010 | $5,211.00 | $103.42 | $4,168.80 | $103.42 |
| 6/30/2010 | 5/1/2010-5/31/2010 | $30,522.00 | $425.02 | $24,417.60 | $425.02 |
| | | **Total Fees Requested:**<br><br>**$195,195.50** | **Total Expenses Requested:**<br><br>**$9,437.80** | **Total Fees Paid :**<br><br>**$156,156.40** | **Total Expenses To Be Paid:**<br><br>**$9,437.80** |

3

**SUMMARY OF PROFESSIONALS PROVIDING SERVICES**
**FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

| Name of Professional | Title | Year Admitted | Billing Rate | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Lawrence I. Safran | Partner | 1986 | $975.00 | 1.5 | $1,462.50 |
| James E. Brandt | Partner | 1983 | $940.00 | 15.3 | $14,382.00 |
| Keith Simon | Partner | 1999 | $780.00 | 13.2 | $10,296.00 |
| Richard L. Chadakoff | Partner | 1973 | $695.00 | 50.1 | $34,889.00 |
| Frederick D. Glassman | Associate, Sr. | 2005 | $695.00 | 22.5 | $15,637.50 |
| Elizabeth Jaffe | Associate, Sr. | 2005 | $695.00 | 2.0 | $1,390.00 |
| Jason M. Casey | Associate, Sr. | 2005 | $645.00 | 99.8 | $64,371.00 |
| Alyssa J. Mayer | Associate, Jr. | 2007 | $695.00 | 14.7 | $7,436.50 |
| Jennifer Greenberg | Associate, Jr. | 2008 | $550.00 | 76.3 | $41,965.00 |
| Rosalind Rodburg | Paralegal | N/A | $275.00 | 3.3 | $907.50 |
| Delilah Iovino | Paralegal | N/A | $275.00 | 2.5 | $687.50 |
| Sarita Chalen | Paralegal | N/A | $230.00 | 7.7 | $1,771.00 |
| | | | Blended Rate[2]: $741.11 | Total Hours: 304.9 | Total Fees: $195,195.50 |

---

[2] Blended rate excludes paraprofessionals.

NY\1661289.5

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Special Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

**APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
FIFTH INTERIM PERIOD**

COMES NOW Latham & Watkins LLP ("Latham" or "Applicant"), Special Counsel for

Lehman Brothers Holdings Inc. (the "Debtor") and certain of its subsidiaries, as debtors and

debtors in possession (collectively, the "Debtors"), as well as their non-debtor affiliates

(collectively with the Debtors, "Lehman"), and files the Application of Latham & Watkins LLP

for Allowance of Interim Compensation and Reimbursement of Expenses for the Fifth Interim

Period (this "Application") relating to the above-referenced bankruptcy case for the period from

February 1, 2010 through May 31, 2010 (the "Fifth Interim Period"). Pursuant to the this

Application, Latham seeks: (i) allowance of compensation for professional services Latham

performed during Fifth Interim Period in the total amount of $195,195.50; and (ii) allowance of

its actual and necessary expenses incurred during the Fifth Interim Period in the total amount of

$9,437.80. Latham files this Application pursuant to Sections 330 and 331 of Chapter 11 of Title

11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rule 2016(a) of

the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Third Amended

Interim Compensation Order (as defined herein).  The total amount sought for fees represents

approximately 291.4 hours of professional services and 13.5 hours of paraprofessional services,

for a total blended rate of $640.20 In support of this Application, Latham shows the Court the

following:

**Background**

1.      On September 15, 2008 and periodically thereafter (the "<u>Commencement</u>

<u>Date</u>"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code

in the United States Bankruptcy Court for the Southern District of New York.  These Chapter

11 cases have been consolidated for procedural purposes only and are being jointly

administered under Case No. 08-13555 (JMP) pursuant to Bankruptcy Rule 1015(b).  The

Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of

New York (Region 2) (the "<u>U.S. Trustee</u>") appointed the official committee of unsecured

creditors pursuant to Section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

3.      On September 19, 2008, a proceeding was commenced under the Securities

Investor Protection Act of 1970 ("<u>SIPA</u>") with respect to Lehman Brothers Inc. ("<u>LBI</u>").  A

trustee appointed under SIPA (the "<u>SIPC Trustee</u>") is administering LBI's estate.

4.      On October 11, 2008, the Debtors filed the Motion Pursuant to Sections 105(a)

and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals [Docket No. 833] (the "<u>Interim Compensation Motion</u>").  A hearing on the

Interim Compensation Motion was held on November 5, 2008.

2

5.      On November 5, 2008, the Court entered the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 1388] (the "Interim Compensation Order").

6.      On November 11, 2008, the Debtors filed the Notice of Presentment of Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 1449], requesting that the Court amend the Interim Compensation Order.

7.      On November 19, 2008, the Court entered the Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 1604] (the "Amended Interim Compensation Order").

8.      On March 9, 2009, the Debtors filed the Notice of Presentment of Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3029] requesting that the Court amend the Amended Interim Compensation Order.

9.      On March 13, 2009 the Court entered the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 3102] (the "Second Interim Compensation Order").

10.     On May 26, 2009, the Court entered the Order Appointing Fee Committee and Approving Fee Protocol (the "Fee Committee Order") in the above-styled case.

11.     On June 13, 2009, the Debtors filed the Notice of Presentment of Third
Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing
Procedures for Interim Compensation and Reimbursement of Expenses of Professionals
[Docket No. 3915] requesting that the Court amend the Second Amended Interim
Compensation Order.

12.     The Court entered the Third Amended Order Pursuant to Sections 105(a) and
331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and
Reimbursement of Expenses of Professionals [Docket No. 4195] (the "Third Amended Interim
Compensation Order") on June 25, 2009.

13.     Pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule
2016(a) and standing General Orders M-219 and M-348 of the Bankruptcy Court for the
Southern District of New York, the Third Amended Interim Compensation Order authorizes the
interim monthly compensation and reimbursement of expense procedures set forth in the
Interim Compensation Motion.

14.     The Fee Committee Order and the Third Amended Interim Compensation Order
authorize professionals paid from the Debtors' bankruptcy estates to serve monthly statements
("Monthly Statements"), via hand or overnight delivery, seeking payment for services rendered
and for out-of-pocket expenses or other charges incurred on or before the thirtieth (30th) day of
each month following the month for which compensation is sought on (i) the Fee Committee
(specifically, Kenneth Feinberg, Chairman of the Fee Committee); (ii) the Debtor; (iii) counsel
for the Debtors, Weil, Gotshal & Manges, LLP ("**Weil**"); (iv) counsel for the Official
Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP; and (v) the
Office of the United States Trustee for the Southern District of New York. The Third Amended

4

Interim Compensation Order authorizes the Debtors to pay professionals eighty percent (80%) of fees requested and one hundred percent (100%) of expenses identified in each Monthly Statement, if no objection is made to such Monthly Statement.

15.    On May 5, 2010, the Debtors submitted to this Court the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Latham & Watkins LLP as Special Counsel to the Debtors (the "**Retention Application**") in connection with the Representative Matters (the Scout Portfolio matter and the Heritage matter, as more fully defined in the Retention Application).  On May 18, 2010, this Court authorized the retention of Latham as special counsel to the Debtors, *nunc pro tunc* to March 1, 2010.

16.    Prior to the time of its special retention, Latham had been properly retained as an ordinary course professional and was assessing fees in accordance with the Amended Order Pursuant to Sections 105(a), 327. 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Court of Business (the "**OCP Order**").  Additionally, Latham continues to represent the Debtors on several matters in which third parties, and not the Debtors, are responsible for Latham's fees and expenses.  Both the U.S. Trustee and the Fee Committee have been apprised of both Latham's previous OCP representation of the Debtors and the continuous representation of the Debtors in matters where third parties pay Latham's fees and expenses.

**Latham's Interim Fee Application for the Fifth Interim Period**

17.    In accordance with Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and the Fee Committee Order and the Third Amended Interim Compensation Order, Latham seeks (i) allowance of compensation for professional services Latham performed during

Fifth Interim Period in the total amount of $195,195.50; and (ii) allowance of its actual and necessary expenses incurred during the Fifth Interim Period in the total amount of $9,437.80.

18.     As is noted above, for the Scout Portfolio matter, compensation sought includes time and expenses from March 1, 2010 through May 31, 2010, pursuant to the *nunc pro tunc* date of the Retention Application.  Since the Heritage matter is a new matter for Latham, compensation sought for the Heritage matter includes time from February 1, 2010 through April 30, 2010.  Though Latham could have sought OCP payment for its February fees and expenses on the Heritage matter, Latham requests reimbursement for those February fees and expenses under this Application.  This arrangement was also discussed with the U.S. Trustee and the Fee Committee.

19.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); this matter is a core proceeding under 28 U.S.C. § 157(b).

20.     By this Application, Latham submits its Monthly Statements in the total of $204,633.30 (fees in the amount of $195,195.50 and expenses in the amount of $9,437.80) for services performed and expenses incurred during the Fifth Interim Period.  Latham has received payment in the amount of $165,594.20 (of which $156,156.40 was paid in respect of fees and $9,437.80 was paid in respect of expenses incurred) from the Debtors during the Fifth Interim Period; therefore, in connection with the Fifth Interim Period, Latham has an outstanding balance for fees of $39,039.10, for which Latham seeks an award of interim compensation as for the period of February 1, 2010 – May 31, 2010.

21.     Notice of this Application will be served in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the

6

attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases.  Latham has served a copy of this Application upon Weil. Weil has offered and agreed to file and serve this Application, on behalf of Latham, upon (i) Lehman Brothers Holdings, Inc.; (ii) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP; and (iii) the Office of the United States Trustee for the Southern District of New York.

22.    Under Section 330 of the Bankruptcy Code, the Court may allow compensation and reimbursement of Latham's expenses only after notice and hearing.  Bankruptcy Rule 2002(a) provides that hearings on applications for compensation and reimbursement of expenses totaling in excess of $1,000 must be on twenty (20) day notice to parties in interest. Section 331 of the Bankruptcy Code authorizes the filing of interim fee applications.  This Application is the first such application made by Latham under Section 331 of the Bankruptcy Code.

23.    All legal services performed by Latham were performed for and on behalf of Lehman and not on behalf of any committee, creditor, or other person or entity.

24.    Attached hereto as <u>Exhibit A</u> are copies of the time detail for the Fifth Interim Period (February 2010 through May 2010).  This exhibit sets forth the time descriptions by Latham professionals by code related to the matter or tasks reflected in the time entries.

25.    Attached hereto as <u>Exhibit B</u> is a summary of the expenses by month for which reimbursement is sought.

NY\1661289.5

26.     Attached hereto as <u>Exhibit C</u> is a summary materials from the First Monthly Application of Latham & Watkins LLP for Compensation and Reimbursement of Expenses.

27.     The following is a brief summary of the qualifications of each of the professionals from Latham representing the Debtors for which compensation is sought:

*<u>Professionals</u>:*

<u>Lawrence I. Safran:</u> Lawrence I. Safran is a partner with the law firm of Latham, practicing since 1986, who has experience in banking, project finance, structured finance, bankruptcy, secured findings, UCC matters and securitization matters.

<u>James E. Brandt:</u> James E. Brandt is a partner with the law firm of Latham, practicing since 1983, who has experience in litigation relating to restructuring, insolvency and workouts, securities litigation and professional liability, and takeover defense.

<u>Keith Simon:</u> Keith Simon is a partner with the law firm of Latham, practicing since 1999, who has experience in derivatives, restructurings, insolvency and workouts matters.

<u>Richard L. Chadakoff:</u> Richard L. Chadakoff is a partner with the law firm of Latham, practicing since 1974, with experience in capital markets, real estate and REITs matters.

<u>Frederick D. Glassman:</u> Frederick D. Glassman is an associate with the law firm of Latham, practicing since 2005, with experience in capital markets and real estate matters.

<u>Elizabeth Jaffe:</u> Elizabeth Jaffe was an associate with the law firm of Latham, but is no longer employed by the firm. Ms. Jaffe gained admission to the bar in 2005, and has experience in real estate matters.

<u>Jason M. Casey:</u> Jason M. Casey is an associate with the law firm of Latham, practicing since 2005, with experience in litigation matters.

<u>Alyssa J. Mayer:</u> Alyssa Mayer was an associate with the law firm of Latham, but is no longer employed by the firm. Ms. Mayer gained admission to the bar in 2007, and has experience in real estate matters.

<u>Jennifer Greenberg:</u> Jennifer Greenberg is an associate with the law firm of Latham, practicing since 2008, with experience in litigation matters.

*<u>Paraprofessionals</u>:*

<u>Rosalind Rodburg</u>: Rosalind Rodburg is a senior paralegal with the law firm of Latham who has experience in financial and UCC related matters. Ms. Rosburg has preformed services for which an attorney was not required in order to minimize the costs and expenses.

<u>Delilah Iovino:</u> Delilah Iovino is a paralegal with the law firm of Latham who has experience in financial and title insurance matters. Ms. Iovino has preformed services for which an attorney was not required in order to minimize the costs and expenses.

<u>Sarita Chalen:</u> Sarita Chalen is a paralegal with the law firm of Latham who has experience in financial matters and bankruptcy matters. Ms. Chalen has preformed services for which an attorney was not required in order to minimize the costs and expenses.

### <u>Activities in the Case During the Fifth Interim Period Covered by This Application</u>

28.     The two matters undertaken by Latham during the Fifth Interim Period and covered by this interim fee application are summarized below, broken down by matter type. The following summary is intended to highlight the services rendered by Latham, and is not meant to be a detailed description of all of the work performed.  Detailed descriptions of the day-to-day services provided by Latham and the time expended performing such services in each project billing category are fully set forth in Exhibits A and B.

### <u>The Scout Portfolio matter (043608-0005):</u>

29.     This matter relates to the settlements and  workout of two loans made to entities controlled by Alan J. Worden, including the settlement of one defaulted loan (a revolving credit facility) and the restructuring of a mortgage loan, involving various covenants, releases and transfers.

30.     The attorneys working on the Scout Portfolio matter are: Richard Chadakoff, Frederick Glassman, Elizabeth Jaffe (formerly of Latham), and Alyssa Mayer (formerly of Latham).

### <u>The Heritage matter (038817-0017):</u>

31.     For this matter, Latham provided litigation advice regarding the ability of the client to assume a loan agreement and enforce remedies under that agreement.  Work and research on the matter included analysis pertaining to the bankruptcy proceedings. Latham

9

worked to evaluate the litigation options or remedies available to the client to protect its interests.

32.    The attorneys that worked on the Heritage Portfolio matter are: James Brandt, Jason Casey, and Jennifer Greenberg.

**Statutory Basis for Compensation**

33.    Sections 330 and 331 of the Bankruptcy Code provide the statutory basis for compensation of professionals in bankruptcy cases.  Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."   11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)    the time spent on such services;
> (B)    the rates charged for such services;
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

10

34.     The Bankruptcy Code provisions concerning the compensation of professionals are designed to ensure that qualified attorneys will be compensated for services rendered to debtors at a market rate for comparable services rendered in non-bankruptcy cases.  In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996).  The rationale behind this goal is to ensure that counsel will not be deterred from taking bankruptcy cases due to failure to pay adequate compensation.  Id. at 72.

35.     Latham respectfully represents to the Court that the fees and expenses requested to be paid are allowable and reasonable pursuant to the twelve (12) factor test as set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as well as the amendments to Section 330 of the Bankruptcy Code.  Those tests and the applicability of each test to the services performed by Latham in this case are set forth below:

A.     Time and Labor Required: During the period of February 1, 2010 through May 31, 2010, Latham has expended 304.9 hours as Special Counsel to Lehman.  This is a blended hourly rate of approximately $640.20.  Again, the substance of the time expended is set forth fully in Exhibit A to this Application.

B.     Novelty and Difficulty of Questions Presented: Several of the above-referenced matters have involved novel and difficult issues.

C.     Skill Requisite to Perform Legal Services: Latham respectfully represents that it has the skill to perform the legal services rendered in a professional fashion.

D.     Preclusion of Other Employment Due to Acceptance of the Case: The amount of time devoted to the above-referenced matters by the attorneys and paraprofessionals of Latham significantly precluded them from performing other work to the extent of the time devoted to this case as covered by this Application.

NY\1661289.5

E.    <u>Customary Fees for the Type of Services Rendered</u>: Latham respectfully represents that the fees requested herein are within the range of customary fees for the type of services rendered and are based upon the hours actually spent and multiplied by the normal billing rates for work of this nature, and that the billing rates are in keeping with the hourly rates charged by Latham on non-bankruptcy matters.

F.    <u>Whether the Fee is Fixed or Contingent</u>: Latham believes that its fees and expenses in the above-referenced matters are contingent only to the extent that they are subject to this Court's approval.

G.    <u>Time Limitations Imposed by the Client or the Circumstances</u>: The time limitations imposed or created by the circumstances of the above-referenced matters often required intense work by Latham under short time-frames.

H.    <u>Amounts Involved and Results Obtained</u>: Latham respectfully represents that it has obtained good results for Lehman as Special Counsel thus far in the above-referenced matters.

I.    <u>Experience, Reputation and Ability of Attorneys</u>: Latham respectfully represents that Latham has experience within the areas involved in its representation of Lehman.

J.    <u>Undesirability of the Case</u>: Latham respectfully represents that this factor is not applicable to this proceeding.

K.    <u>Nature and Length of Professional Relationship with Client</u>: Latham has represented Lehman, at various times and on various matters prior to the petition date, since at least September 25, 2001.

NY\1661289.5

L.      Awards in Similar Cases: Latham respectfully represents that its Application, and the costs and fees sought herein, is in keeping with similar applications for the payment of professional fees and expenses, including attorneys' fees in other cases.

36.      Based on the foregoing, Latham submits that the services rendered to Lehman, for which compensation is sought herein, were necessary and beneficial to the Debtors' estates and parties in interest.  Latham further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and all parties in interest.

**Compliance with Applicable Rules**

37.      Pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Amended Guidelines"), attached hereto as Exhibit D is a copy of the Certification of Gregory O. Lunt (the "Lunt Certification") certifying compliance with the same.

38.      During the Fifth Interim Period, Latham received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity in connection with the fees and expenses sought to be allowed pursuant to this Application.  There is no agreement or understanding between Latham and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

39.      As set forth in the Lunt Certification, the fees charged by Latham in these cases are billed in accordance with its existing billing rates and procedures in effect during the Fifth Interim Period.  The rates Latham charges for the services rendered by its professionals and paraprofessionals in these cases are the same rates Latham charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees

13

are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national market.

40.    Pursuant to the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), attached hereto as Exhibit C is a breakdown of the hours, hourly rates and fees attributable to the various individuals at Latham who rendered the services for which compensation is sought in the Application.

### Actual and Necessary Expenses

41.    As set forth in Exhibit B attached hereto, Latham has incurred $9,437.80 of expenses in providing professional services to the debtors during the Fifth Interim Period.

42.    Latham charged $0.17 per page for photocopying.  Latham utilizes an electronic device that electronically records the number of copies made.  Whenever feasible, Latham sends large photocopying projects to a service that charges a reduced rate for photocopying. Latham does not charge for incoming facsimile transmissions and only charges the cost of the long distance telephone call, if applicable, for outgoing facsimile transmissions.

43.    Latham's charges for photocopying and facsimile transmissions do not exceed the maximum rate set forth by the Amended Guidelines.  These charges are intended to cover Latham's direct operating costs, including the use of machines, supplies and labor expenses, which costs are not incorporated in the Latham hourly billing rates.

44.    Latham has flat rate contracts with LEXIS and WESTLAW for computerized legal research.  The charges incurred each month are allocated to relevant clients.  The resulting rates are less than the standard rates charged by LEXIS and WESTLAW.

45.    Latham believes the foregoing rates and expenses are the market rates generally employed by the majority of law firms when charging their clients for such services.

14

**Notice**

46.      Notice of this Application will be served in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases.  Latham has arranged to have a copy of this Application served upon (i) Lehman Brothers Holdings, Inc.; (ii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iii) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP; and (iv) the Office of the United States Trustee for the Southern District of New York.

NY\1661289.5

## Conclusion

WHEREFORE, Latham respectfully requests the entry of an order in the form attached hereto as Exhibit E:

1. allowing the compensation for professional services performed by Latham during the Fifth Interim Period in the total amount of $195,195.50 and reimbursement of actual expenses Latham incurred during the Fifth Interim Period in the amount of $9,437.80;

2. authorizing the release of the twenty percent (20%) holdback withheld from the Monthly Statements in the amount of $39,039.10; and

3. granting Latham such other and further relief as this Court deems just and proper.

Respectfully submitted this 13th day of August, 2010.


LATHAM & WATKINS LLP

By:    /s/    Aaron M. Singer
LATHAM & WATKINS LLP
Richard L. Chadakoff
Gregory O. Lunt
Aaron M. Singer
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Richard.Chadakoff@lw.com
Gregory.Lunt@lw.com
Aaron.Singer@lw.com


*Special Counsel for Debtors
and Debtors in Possession*

16

NY\1661289.5

# EXHIBIT A

## Monthly Statements from February 1, 2010 through May 31, 2010

## EXHIBIT A

### Monthly Statements from February 1, 2010 through May 31, 2010

**Time Entries for February 2010**

| Date of Service | Timekeeper Last Name | Timekeeper First Name | Rate | Matter Number | Task Code | Time (Hours) | Activity Description (Notes) |
|---|---|---|---|---|---|---|---|
| 2/19/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 4.8 | ORGANIZE LEHMAN MATERIALS FOR COPYING AND BINDING (2.4); REVIEW LEHMAN MATERIALS (2.4) |
| 2/19/2010 | Chalen | Sarita | $230.00 | 038817-0017 | 2000 | 3.4 | ASSIST WITH ORGANIZING DOCUMENTS, CREATE INDEX AND BINDERS OF ALL DOCUMENTS |
| 2/21/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 3.8 | REVIEW LEHMAN MATERIALS |
| 2/22/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 2.2 | PREPARE FOR AND ATTEND CLIENT CONFERENCE |
| 2/22/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 6.4 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (4.4); MEETING WITH CLIENT TO DISCUSS TRANSACTION HISTORY AND POTENTIAL LITIGATION STRATEGY (2) |
| 2/22/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 5.1 | MEET WITH J. BRANDT AND J. CASEY TO DISCUSS NEXT STEPS FOR RESEARCH (1); RESEARCH REQUIREMENTS FOR ASSUMPTION OF EXECUTORY CONTRACTS (4.1) |
| 2/23/2010 | Safran | Lawrence | $975.00 | 038817-0017 | 2000 | 0.6 | DISCUSSION WITH J. CASEY REGARDING FORECLOSURE ISSUES |

| 2/23/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 8.6 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (4); CONSULTATION WITH FORECLOSURE SPECIALIST REGARDING CLAIMS (1.6); RESEARCH AND EVALUATION OF LITIGATION OPTIONS (3) |
|---|---|---|---|---|---|---|---|
| 2/23/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 2.9 | RESEARCH REQUIREMENTS FOR ASSUMPTION OF EXECUTORY CONTRACTS AND CASE LAW INVOLVING ASSUMPTION OF LOAN AGREEMENTS |
| 2/24/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 9.3 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (4); CONSULTATION WITH BANKRUPTCY COUNSEL REGARDING CLAIMS (1); RESEARCH AND EVALUATION OF LITIGATION OPTIONS (4.3) |
| 2/24/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 4.8 | RESEARCH REQUIREMENTS FOR ASSUMPTION OF EXECUTORY CONTRACTS AND CASE LAW INVOLVING ASSUMPTION OF LOAN AGREEMENTS |
| 2/24/2010 | Chalen | Sarita | $230.00 | 038817-0017 | 2000 | 2.8 | ASSIST WITH ORGANIZING DOCUMENTS, CREATE INDEX , BINDERS OF ALL DOCUMENTS AND PULL DOCUMENTS FROM PACER |
| 2/25/2010 | Safran | Lawrence | $975.00 | 038817-0017 | 2000 | 0.3 | DISCUSSION WITH J. CASEY REGARDING FORECLOSURE ISSUES |
| 2/25/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 8.8 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (4.2); RESEARCH AND EVALUATION OF LITIGATION OPTIONS (4.6) |
| 2/25/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 8.8 | PREPARE SUMMARIES OF VARIOUS PROVISIONS IN LIMITED LIABILITY COMPANY AGREEMENT AND LBHI-LBREM LOAN AGREEMENT |

NY\1661289.5

| 2/25/2010 | Chalen | Sarita | $230.00 | 038817-0017 | 2000 | 1.5 | ASSIST WITH ORGANIZING DOCUMENTS, CREATE INDEX , BINDERS OF ALL DOCUMENTS |
| 2/26/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 0.7 | CONFERENCE J. CASEY REGARDING STATUS |
| 2/26/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 1.7 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (0.7); RESEARCH AND EVALUATION OF LITIGATION OPTIONS (1) |
| 2/26/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 8.6 | REVIEW LOAN DOCUMENTS; RESEARCH NY CONTRACT LAW (7.9); MEET WITH J. CASEY AND J. BRANDT TO DISCUSS NEXT STEPS AND POTENTIAL STRATEGIES FOR CLIENT (0.7) |
| 2/28/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 2.0 | REVIEW DOCUMENTS AND PROPOSE QUESTIONS FOR ANALYSIS |
| 2/28/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 3.6 | REVIEW LOAN DOCUMENTS (1.5); RESEARCH CASE LAW ON COLLAPSING FINANCING TRANSACTIONS (2.1) |

**Time Entries for March 2010**

| Date of Service | Timekeeper Last Name | Timekeeper First Name | Rate | Matter Number | Task Code | Time (Hours) | Activity Description (Notes) |
|---|---|---|---|---|---|---|---|
| 3/1/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 0.5 | EMAILS REGARDING MEMORANDUM |
| 3/1/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 1.8 | REVIEW LOAN AGREEMENT, LIMITED LIABILITY COMPANY AGREEMENT AND OTHER RELEVANT DOCUMENTS; OFFICE MEETING WITH J. CASEY REGARDING SAME AND NEXT STEPS |

3

NY\1661289.5

| 3/1/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 9.8 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (4.5); RESEARCH AND EVALUATION OF LITIGATION OPTIONS (5.3) |
|---|---|---|---|---|---|---|---|
| 3/1/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 10.2 | RESEARCH QUESTIONS ON LOAN DOCUMENTS, NY AND CALIFORNIA CONTRACT LAW, AND CASE LAW REGARDING TRANSACTION COLLAPSING FOR J. BRANDT |
| 3/1/2010 | Jaffe | Elizabeth | $695.00 | 043608-0005 | 2000 | 0.2 | COORDINATE UCC SEARCHES |
| 3/1/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 1.4 | ATTENTION TO EMAILS REGARDING LIEN SEARCHES (0.2); DISCUSS WITH E.JAFFE (0.3); SEARCH DOCUMENTS FOR APPROPRIATE ENTITY INFORMATION (0.3); DISCUSS WITH R.RODBURG (0.2); FOLLOW UP WITH CLIENT (0.1); SEND LETTER TO CLIENT (0.3) |
| 3/1/2010 | Rodburg | Rosalind | $275.00 | 043608-0005 | 2000 | 0.5 | REQUEST ESTIMATE FOR LIEN SEARCHES, ORDER UCC SEARCHES MA & DESOS AND CALL WITH FILING SERVICE REGARDING SEARCHES |
| 3/2/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 0.9 | ATTENTION TO MEMORANDUM REGARDING OPTIONS |
| 3/2/2010 | Safran | Lawrence | $975.00 | 038817-0017 | 2000 | 0.6 | DISCUSSION WITH J. CASEY REGARDING FORECLOSURE ISSUES |
| 3/2/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 0.9 | CONTINUE REVIEW OF BACKGROUND DOCUMENTS (0.3); PHONE CALL WITH J. CASEY (0.2); REVIEW INTERNAL MEMORANDUM (0.4) |
| 3/2/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 4.5 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (2.1); RESEARCH AND EVALUATION OF LITIGATION OPTIONS (2.4) |

NY\1661289.5

| 3/2/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 4.6 | RESEARCH AND SUMMARIZE CASE LAW TO FIND SUPPORT FOR ARGUMENT THAT LOAN AGREEMENT AND MORTGAGE LOAN SHOULD BE COLLAPSED |
| 3/2/2010 | Jaffe | Elizabeth | $695.00 | 043608-0005 | 2000 | 0.2 | COORDINATE UCCS, ETC. |
| 3/2/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.1 | DISCUSS LIEN SEARCH FOLLOW UP WITH E.JAFFE |
| 3/3/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 1.2 | REVIEW DOCUMENTS (0.7); ATTENTION TO OPTIONS MEMORANDUM (0.5) |
| 3/3/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 10.60 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (4.0); DRAFTING AND REVISING DOCUMENT EVALUATING LITIGATION OPTIONS (6.6) |
| 3/3/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 3.1 | RESEARCH FRAUDULENT CONVEYANCE LAW FOR MEMORANDUM TO CLIENT REGARDING LITIGATION OPTIONS |
| 3/3/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.3 | FOLLOW UP ON LIEN SEARCHES AND DISCUSS HAWAII JV WITH B.JAFFE |
| 3/4/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 1.2 | REVIEW AND COMMENT ON MEMORANDUM (0.7); CONFERENCE TEAM REGARDING SAME (0.5) |
| 3/4/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 0.7 | REVIEW MEMORANDUM (0.3); REVIEW LOAN DOCUMENTS (0.4) |
| 3/4/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 8.5 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (4.0); DRAFTING AND REVISING DOCUMENT EVALUATING LITIGATION OPTIONS (4.5) |
| 3/4/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 5.7 | RESEARCH AND EDIT MEMORANDUM TO CLIENT REGARDING LITIGATION OPTIONS |
| 3/4/2010 | Jaffe | Elizabeth | $695.00 | 043608-0005 | 2000 | 0.4 | REVISE SETTLEMENT AGREEMENT (0.2); REVIEW UCC SEARCHES (0.2) |
| 3/4/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.3 | REVIEW RESULTS OF LIEN SEARCHES |

5

| 3/4/2010 | Rodburg | Rosalind | $275.00 | 043608-0005 | 2000 | 1.0 | REVIEWED LIEN SEARCHES (0.5); PREPARED UCC SUMMARY CHART (0.5) |
|----------|---------|----------|---------|-------------|------|-----|------------------------------------------------------------|
| 3/5/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 0.7 | REVIEW AND COMMENT ON OPTIONS MEMORANDUM |
| 3/5/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 5.8 | REVIEW AND COMMENT ON SUMMARY MEMORANDUM (3.5); REVIEW RELEVANT LOAN DOCUMENTS (2.3) |
| 3/5/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 6.3 | REVIEW OF LOAN AGREEMENTS AND RELATED DOCUMENTS (2.5); DRAFTING AND REVISING EVALUATION OF LITIGATION OPTIONS (3.8) |
| 3/5/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 4.8 | RESEARCH AND EDIT MEMORANDUM TO CLIENT REGARDING LITIGATION OPTIONS |
| 3/5/2010 | Jaffe | Elizabeth | $695.00 | 043608-0005 | 2000 | 0.3 | REVISE SETTLEMENT AGREEMENT (0.2); CORRESPONDENCE (0.1) |
| 3/5/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.2 | EMAIL CORRESPONDENCE REGARDING LIEN SEARCHES (0.1); ORDER ADDITIONAL SEARCHES (0.1) |
| 3/6/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 0.6 | REVIEW UPDATED MEMORANDUM |
| 3/7/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 0.4 | REVIEW AND COMMENTS ON OPTIONS MEMORANDUM |
| 3/7/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 0.8 | REVISING DOCUMENT EVALUATING LITIGATION OPTIONS |
| 3/8/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.8 | REVIEW REVISED SETTLEMENT AGREEMENT (0.4); TELEPHONE CALL J. BLOCK, L. MARTINS REGARDING COVENANT NOT TO SUE (0.4) |
| 3/8/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 1.3 | PREPARE MEMORANDUM |
| 3/8/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 0.8 | PHONE CALL WITH J. CASEY (0.3); REVIEW UPDATED MEMORANDUM (0.5) |

NY\1661289.5

| 3/8/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 3.4 | RESEARCH AND REVISING DOCUMENT EVALUATING LITIGATION OPTIONS |
|---|---|---|---|---|---|---|---|
| 3/8/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 3.8 | RESEARCH AND EDIT MEMORANDUM ON LITIGATION OPTIONS |
| 3/8/2010 | Jaffe | Elizabeth | $695.00 | 043608-0005 | 2000 | 0.5 | REVISE SETTLEMENT AGREEMENT |
| 3/9/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.1 | FOLLOW UP REGARDING LIEN SEARCHES |
| 3/10/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 0.5 | FINAL REVIEW OF MEMORANDUM |
| 3/10/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 3.6 | REVISING DOCUMENT EVALUATING LITIGATION OPTIONS |
| 3/10/2010 | Greenberg | Jennifer | $550.00 | 038817-0017 | 2000 | 1.7 | EDIT MEMORANDUM TO CLIENT REGARDING LITIGATION OPTIONS |
| 3/10/2010 | Rodburg | Rosalind | $275.00 | 043608-0005 | 2000 | 1.5 | REVIEW UCC SEARCH RESULTS AND PREPARE UCC SUMMARY CHART |
| 3/11/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 0.7 | REVIEW AND COMMENT ON UPDATED MEMORANDUM (0.2); OFFICE CONFERENCE WITH J. BRANDT REGARDING SAME (0.5) |
| 3/11/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 0.8 | REVISING DOCUMENT EVALUATING LITIGATION OPTIONS |
| 3/11/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.5 | REVIEW HAWAII LOAN AGREEMENT (0.2); EMAILS (0.1); REVIEW COVENANT NOT TO SUE (0.2) |
| 3/11/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.3 | DISCUSS HAWAII LOAN |
| 3/12/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.4 | EMAILS (0.1); REVIEW COVENANT NOT TO SUE (0.1); CONFERENCE B. JAFFE (0.2) |
| 3/12/2010 | Jaffe | Elizabeth | $695.00 | 043608-0005 | 2000 | 0.2 | MEET WITH R. CHADAKOFF (0.2) |
| 3/12/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.1 | FOLLOW UP REGARDING LIEN SEARCHES |

NY\1661289.5

| 3/12/2010 | Iovino | Delilah | $275.00 | 043608-0005 | 2000 | 0.5 | DISCUSS STATUS OF TRANSACTION WITH TITLE COMPANY AND INTERNALLY |
|---|---|---|---|---|---|---|---|
| 3/15/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 1.8 | REVISING DOCUMENT EVALUATING LITIGATION OPTIONS |
| 3/15/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.2 | TELEPHONE CALL S. KLEIN (0.2); TELEPHONE CALL L. MARTINS REGARDING COVENANT NOT TO SUE (0.2); CAPITAL IMPROVEMENT ADVANCE (0.3); TELEPHONE CALL A. MAYER REGARDING AXIS LOAN (0.2); ADVANCE REQUIREMENTS (0.3) |
| 3/15/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.5 | FOLLOW UP WITH CLIENT REGARDING LIEN SEARCHES (0.2); REVIEW IXIS LOAN AGREEMENT (0.3) |
| 3/16/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 1.4 | MARK UP REVISED MEMORANDUM |
| 3/16/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 2.8 | REVISING DOCUMENT EVALUATING LITIGATION OPTIONS |
| 3/16/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.4 | TELEPHONE CALL S. KLEIN (2X) (0.5); REVIEW BORROWER COMMENTS TO SETTLEMENT AGREEMENT (0.3); TELEPHONE CALL L. MARTIN REGARDING "BIG ISSUES" (0.2); COMMENTS TO SETTLEMENT AGREEMENT (0.2); REVIEW IXIS ADVANCE REQUIREMENTS (0.2) |
| 3/16/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.6 | FOLLOW UP WITH CLIENT REGARDING LIEN SEARCHES (0.2); REVIEW BERMUDA DOCUMENTS (0.4) |
| 3/17/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 2.3 | ANALYSIS OF EXAMINER'S REPORT REFERENCES TO HERITAGE FIELDS |
| 3/17/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.5 | CHART SETTLEMENT ASSETS |

NY\1661289.5

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3/17/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.5 | ORDER LIEN SEARCHES (0.1); DISCUSSIONS REGARDING PAYMENT LETTER (0.2); REVIEW LOAN DOCUMENTS (0.2) |
| 3/17/2010 | Rodburg | Rosalind | $275.00 | 043608-0005 | 2000 | 0.3 | TELEPHONE CALL WITH FILING SERVICE REGARDING LIEN SEARCHES |
| 3/18/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 4.3 | POST-MEETING NOTES (0.5); PREPARE FOR MEETING (0.2); REVIEW WF&C COMMENT MEMOS (0.3); ATTEND MEETING J. HALPERIN, L. MARTINS, D. RODRIGUEZ, S. KLEIN, D. DREWES (1);TELEPHONE CALL A. MAYER REGARDING IXIS TRANSFER RESTRICTIONS (0.7); HAWAII LOAN MODIFICATION (1.6) |
| 3/18/2010 | Jaffe | Elizabeth | $695.00 | 043608-0005 | 2000 | 0.2 | CONFER REGARDING MATURITY DATES |
| 3/18/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 1.7 | CALL WITH R.CHADAKOFF (0.7); REVIEW LOAN DOCUMENTS (0.2); ATTENTION TO EMAILS (0.1); REVIEW KELLEY HOUSE DOCUMENTS (0.2); CALL WITH DAVID DREWES (0.2); DISCUSS WITH R.CHADAKOFF (0.1); EMAIL HAWAII COUNSEL AND REVIEW HAWAII DOCUMENTS (0.2) |
| 3/18/2010 | Iovino | Delilah | $275.00 | 043608-0005 | 2000 | 0.7 | FOLLOW-UP WITH TITLE COMPANIES REGARDING INVOICES. |
| 3/19/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.7 | TELEPHONE CALL D. DREWES, A. MAYER REGARDING IXIS - TRANSFER PROVISIONS (0.5); REVIEW NOTE AND MORTGAGE ASSUMPTION AGREEMENT (0.6); LOAN ASSIGNMENT DOCUMENTS (0.5); EMAILS (0.1) |
| 3/19/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.4 | CALL WITH WILLKIE (0.3); ATTENTION TO EMAIL CORRESPONDENCE (0.1) |

9

| 3/21/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 3.4 | REVISE SETTLEMENT AGREEMENT |
|---|---|---|---|---|---|---|---|
| 3/22/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 0.5 | EMAILS M. SOLINGER |
| 3/22/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 0.4 | WORK ON LBREM MEMORANDUM ISSUES |
| 3/22/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 6.3 | REVISING DOCUMENT EVALUATING LITIGATION OPTIONS |
| 3/22/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 2.5 | TELEPHONE CALL D. DREWES (2X) (1); CONFERENCE A. MAYER REGARDING HARBOR VIEW AND BERUDA PLEDGES (0.8); KELLEY HOUSE TRANSFER (0.2); TELEPHONE CALL J. BLACK REGARDING COVENANT NOT TO SUE (0.2); REVIEW AND REVISE SETTLEMENT AGREEMENT (0.3) |
| 3/22/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 3.0 | MEETING WITH R.CHADAKOFF (0.8); REVIEW LOAN DOCUMENTS (0.2); CALL WITH WILLKIE (0.4); CALL WITH CLIENT REGARDING LIEN SEARCHES (0.2); REVIEW BERMUDA AND HARBOR VIEW DOCUMENTS (1); DISCUSSION TRANSITION WITH B.JAFFE (0.4) |
| 3/23/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 0.8 | REVIEWED REDRAFT OF MEMORANDUM |
| 3/23/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 0.8 | REVISING DOCUMENT EVALUATING LITIGATION OPTIONS AND CORRESPONDENCE REGARDING SAME |
| 3/23/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 2.2 | REVISE SETTLEMENT AGREEMENT (0.6); DRAFT WORDEN INDEMNITY (0.9); TELEPHONE CALL A. MAYER (0.3); EMAILS REGARDING PARTICIPATIONS (0.4) |

10

| 3/23/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.7 | REVIEW LOAN DOCUMENTS (0.2); UPDATE R,CHADAKOFF ON FINDINGS (0.3); CALL WITH D.DREWES (0.2) |
| 3/24/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 0.4 | REVIEW UPDATED MEMORANDUM |
| 3/24/2010 | Casey | Jason | $645.00 | 038817-0017 | 2000 | 2.7 | REVISING DOCUMENT EVALUATING LITIGATION OPTIONS AND CORRESPONDENCE REGARDING SAME |
| 3/24/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 2.8 | REVISE WORDEN INDEMNITY (1.6); REVIEW SETTLEMENT AGREEMENT (1.2) |
| 3/25/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.3 | EMAILS (0.2); FINALIZE COVENANT NOT TO SUE (0.4); INDEMNITY (0.3); GENERAL RELEASE (0.4) |
| 3/26/2010 | Iovino | Delilah | $275.00 | 043608-0005 | 2000 | 0.5 | REQUEST INVOICES FROM TITLE COMPANY CONCERNING TITLE SEARCHES |
| 3/31/2010 | Brandt | James | $940.00 | 038817-0017 | 2000 | 1.0 | PREPARE FOR MEETING AT LEHMAN |
| 3/31/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 0.3 | REVIEW LBREM MEMORANDUM |

**Time Entries for April 2010**

| Date of Service | Timekeeper Last Name | Timekeeper First Name | Rate | Matter Number | Task Code | Time (Hours) | Activity Description (Notes) |
|---|---|---|---|---|---|---|---|
| 4/1/2010 | Simon | Keith | $780.00 | 038817-0017 | 2000 | 0.8 | PREPARE FOR AND ATTEND MEETING WITH CLIENT |
| 4/7/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.3 | REVIEW HAWAII PROPOSALS; EMAILS; TELEPHONE CALL S. KLEIN, D. DREWES REGARDING HAWAII EXPENSES; ENTITLEMENTS; TELEPHONE CALL L. MARTINS REGARDING HAWAII LOAN PROPOSALS |

NY\1661289.5

| 4/15/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.6 | TELEPHONE CALL L. MARTINS; S. KLEIN, D. DREWES REGARDING HAWAII PROPOSAL; STATE STREET BANK |
| 4/16/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.3 | EMAILS REGARDING HAWAII PROPOSAL |
| 4/18/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.3 | REVIEW EMAILS REGARDING HAWAII PROPOSAL; CORRESPONDENCE |
| 4/22/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.4 | PREPARE FOR CONFERENCE CALL; REVIEW HAWAII LIMITED LIABILITY COMPANY AGREEMENT; LOAN DOCUMENTS |
| 4/23/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.7 | TELEPHONE CALL S. KLEIN; TELEPHONE CALL J. HALPERIN, L. MARTINS, A. KOUTOUVIDES REGARDING HAWAII ROFO ISSUES |
| 4/23/2010 | Mayer | Alyssa | $695.00 | 043608-0005 | 2000 | 0.5 | CALL WITH LEHMAN |
| 4/24/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.2 | ROFO PROPOSAL; REVIEW AND PREPARE |
| 4/27/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.8 | TELEPHONE CALL S. KLEIN REGARDING ROFO; MANAGEMENT - HAWAII PROPOSAL; REVIEW HAWAII LIMITED LIABILITY COMPANY AGREEMENT |
| 4/28/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.0 | REVIEW S. KLEIN AND J. HALPERIN COMMENTS TO HAWAII ROFO; EMAILS; REVIEW NOTES |
| 4/29/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.4 | TELEPHONE CALL S. KLEIN; REVIEW EMAIL REGARDING ROFO |

12

**Time Entries for May 2010**

| Date of Service | Timekeeper Last Name | Timekeeper First Name | Rate | Matter Number | Task Code | Time (Hours) | Activity Description (Notes) |
|---|---|---|---|---|---|---|---|
| 5/3/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.6 | EMAILS REGARDING HAWAII PROPOSAL (0.2); OUTLINE DOCUMENT MODIFICATIONS (0.4) |
| 5/4/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 2.3 | EMAILS (0.2); TELEPHONE CALL WITH S. KLEIN (0.5); REVISE SETTLEMENT AGREEMENT (1.6) |
| 5/5/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.5 | REVIEW AND REVISE SETTLEMENT AGREEMENT (1.2); EMAILS (0.3) |
| 5/6/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.8 | FINALIZE SETTLEMENT AGREEMENT (0.6); EMAILS (0.2) |
| 5/7/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.3 | EMAILS (0.1); TELEPHONE CALL S. KLEIN REGARDING SETTLEMENT DOCUMENTS (0.2) |
| 5/7/2010 | Glassman | Fredric | $695.00 | 043608-0005 | 2000 | 1.5 | MEETING WITH R. CHADAKOFF REGARDING DEAL BACKGROUND AND DOCUMENTATION (0.5); REVIEW SETTLEMENT AND ANCILLARY AGREEMENTS (1) |
| 5/10/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.4 | REVIEW L. MARTINS COMMENTS |
| 5/11/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.1 | TELEPHONE CALL F. GLASSMAN, L. MARTINS REGARDING COMMENT TO SETTLEMENT AGREEMENT (0.6); CONFERENCE F. GLASSMAN REGARDING REVISIONS TO SETTLEMENT AGREEMENT (0.5) |

NY\1661289.5

13

| 5/11/2010 | Glassman | Fredric | $695.00 | 043608-0005 | 2000 | 3.5 | VARIOUS MEETING WITH R. CHADAKOFF REGARDING DEAL LOGISTICS AND DOCUMENTS (1.1); REVISE MASTER SETTLEMENT AGREEMENT BASED ON MEETING WITH R. CHADAKOFF AND CALLS WITH CLIENT (2.4) |
|---|---|---|---|---|---|---|---|
| 5/12/2010 | Glassman | Fredric | $695.00 | 043608-0005 | 2000 | 4.0 | CALL WITH CLIENT REGARDING COMMENTS TO SETTLEMENT DOCUMENTS (1); CONFER WITH R. CHADAKOFF ON SAME (0.5); DRAFT REVISIONS TO SETTLEMENT AGREEMENT (2.5) |
| 5/13/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 2.1 | REVISE SETTLEMENT AGREEMENT (0.3); REVISE ROFO (3X) (0.2); CONFERENCE F. GLASSMAN (2X) REGARDING DOCUMENT REVISIONS (0.7); REVISE INDEMNITY (0.3); REVIEW COVENANT NOT TO SUE (0.3); TELEPHONE CALL D. DREWES (0.3) |
| 5/13/2010 | Glassman | Fredric | $695.00 | 043608-0005 | 2000 | 2.6 | VARIOUS MEETINGS WITH R. CHADAKOFF REGARDING COMMENTS TO SETTLEMENT DOCUMENTS (0.7); REVISE VARIOUS DRAFTS OF SETTLEMENT DOCUMENTS (1.9) |
| 5/17/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.3 | CONFERENCE F. GLASSMAN REGARDING CHECKLIST |
| 5/18/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.5 | CONFERENCE F. GLASSMAN REGARDING CHECKLIST (0.4); REVIEW CHECKLIST (0.1) |
| 5/18/2010 | Glassman | Fredric | $695.00 | 043608-0005 | 2000 | 3.0 | PREPARE CLOSING CHECKLIST (2.6); DISCUSS DEAL DOCUMENTS AND CLOSING CHECKLIST WITH R. CHADAKOFF (0.4) |
| 5/20/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.4 | REVIEW CHECKLIST (0.3); EMAILS (0.1) |

14

| 5/25/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 0.8 | TELEPHONE CALL S. KLEIN REGARDING COMMENTS (0.4); EMAILS (0.1); SKIM COMMENTS (0.3) |
|---|---|---|---|---|---|---|---|
| 5/25/2010 | Glassman | Fredric | $695.00 | 043608-0005 | 2000 | 0.7 | REVIEW COMMENTS TO TRANSACTION DOCUMENTS |
| 5/26/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.6 | TELEPHONE CALL S. KLEIN (0.3); EMAILS REGARDING COMMENTS TO SETTLEMENT DOCUMENTS (0.3); CONFERENCE F. GLASSMAN REGARDING BORROWER COMMENTS (1) |
| 5/26/2010 | Glassman | Fredric | $695.00 | 043608-0005 | 2000 | 1.3 | REVIEW COMMENTS TO TRANSACTION DOCUMENTS (0.3); MEETING WITH R. CHADAKOFF TO DISCUSS COMMENTS IN PREPARATION FOR RESPONSE TO WILLKIE AND CALL WITH CLIENT (1) |
| 5/27/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 3.2 | REVIEW COMMENTS TO LOAN AGREEMENT AND CHECK SETTLEMENT DOCUMENT (0.1); MEETING NOTES (0.1); CONFERENCE F. GLASSMAN REGARDING COMMENTS (1.2); TELEPHONE CALL S. KLEIN REGARDING COMMENTS (3X) (1.6); L. MARTINS, F. GLASSMAN REGARDING COMMENTS TO SETTLEMENT DOCUMENTS AND REVIEW SETTLEMENT AGREEMENT (0.2) |
| 5/27/2010 | Glassman | Fredric | $695.00 | 043608-0005 | 2000 | 2.8 | DISCUSS COMMENTS TO TRANSACTION DOCUMENTS WITH R. CHADAKOFF (1.2); CALL WITH CLIENT ON TRANSACTION DOCUMENTS AND COMMENTS (1.6) |
| 5/28/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 3.4 | REVIEW COMMENTS (0.2); TELEPHONE CALL LATHAM, LEHMAN, WILLKIE (1.2); REVIEW ASSIGNMENT DOCUMENTS (0.3); LIMITED LIABILITY COMPANY AGREEMENT (0.7); CONFERENCE F. GLASSMAN REGARDING CHECKLIST; EMAILS (1) |

NY\1661289.5

| 5/28/2010 | Glassman | Fredric | $695.00 | 043608-0005 | 2000 | 3.1 | CONFERENCE CALL WITH WORKING GROUP RELATING TO COMMENTS TO TRANSACTION DOCUMENTS (1.2); DRAFT REVISED CLOSING CHECKLIST (0.9); MEETING WITH R. CHADAKOFF REGARDING DEAL STATUS AND CLOSING CHECKLIST (1) |
| 5/28/2010 | Iovino | Delilah | $275.00 | 043608-0005 | 2000 | 0.8 | REQUEST TITLE UPDATES FROM TITLE COMPANIES |
| 5/31/2010 | Chadakoff | Richard | $695.00 | 043608-0005 | 2000 | 1.8 | REVIEW MANAGEMENT AGREEMENT |

16

# **EXHIBIT B**

## **Summary of Expenses by Month**

## EXHIBIT B

### Summary of Expenses by Month

| Month | Expense Category | Total | |
|-------|------------------|-------|---|
| February | Ground Transportation- Local | $    36.25 | |
| February | Meal Services | $    66.73 | |
| February | Westlaw (West Publishing) | $2,103.75 | |
| | **Subtotal** | | **$2,206.73** |
| | | | |
| March | Global Document Support | $  276.00 | |
| March | Ground Transportation- Local | $    22.60 | |
| March | Meal Services | $    50.40 | |
| March | Messenger/ Courier | $    27.72 | |
| March | Telephone | $    13.01 | |
| March | Westlaw (West Publishing) | $6,312.90 | |
| | **Subtotal** | | **$6,702.63** |
| | | | |
| April | Document Preparation | $  402.00 | |
| April | Ground Transportation- Local | $    99.25 | |
| April | Meals - Local | $    12.02 | |
| April | Other Database Research | $    13.74 | |
| April | Telephone | $      1.43 | |
| | **Subtotal** | | $  528.44 |
| | | | |
| | **TOTAL** | | **$9437.80** |

**<u>EXHIBIT C</u>**

**<u>Summary Materials from the First Monthly Fee Application of Latham & Watkins LLP</u>**

## EXHIBIT C

## Summary Materials from the First Monthly Fee Application of Latham & Watkins LLP

| | |
|---|---|
| Name of Applicant: | Latham & Watkins LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Approved on May 18, 2010<br>*Nunc Pro Tunc* to March 1, 2010 |
| Period for which Compensation and Reimbursement is Sought: | February 1, 2010 - May 31, 2010[3] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $195,195.50, 80% of which is $156,156.4 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $9,437.80 |
| Total Amount Sought: | $204,633.30 |

---

[3]  For the Heritage Matter, compensation sought includes fees and expenses from February 1, 2010 through April 30, 2010.  For the Scout Portfolio Matter, compensation sought includes time from March 1, 2010 through May 31, 2010.  This First Monthly Application is filed in this consolidated fashion based upon instruction from the U.S. Trustee and in coordination with the office of the Chairperson of the Fee Committee.

**SUMMARY OF MONTHLY FEE STATEMENTS**
**DURING THE FIRST CONSOLIDATED MONTHLY FEE PERIOD**

| Period | Requested | | To Be Paid | |
|---|---|---|---|---|
| | Fees | Expenses | Fees (80%) | Expenses (100%) |
| 2/1/2010-2/28/2010 | $53,020.50 | $2,206.73 | $42,416.40 | $2,206.73 |
| 3/1/2010-3/31/2010 | $106,442.00 | $6,702.49 | $85,153.60 | $6,702.49 |
| 4/1/2010-4/30/2010 | $5,211.00 | $103.42 | $4,168.80 | $103.42 |
| 5/1/2010-5/31/2010 | $30,522.00 | $425.02 | $24,417.60 | $425.02 |
| | **Total Fees Requested:** **$195,195.50** | **Total Expenses Requested:** **$9,437.80** | **Total Fees To Be Paid :** **$156,156.40** | **Total Expenses To Be Paid:** **$9,437.80** |

**SUMMARY OF PROFESSIONALS PROVIDING SERVICES**
**FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

| Name of Professional | Title | Year Admitted | Billing Rate | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Lawrence I. Safran | Partner | 1986 | $975.00 | 1.5 | $1,462.50 |
| James E. Brandt | Partner | 1983 | $940.00 | 15.3 | $14,382.00 |
| Keith Simon | Partner | 1999 | $780.00 | 13.2 | $10,296.00 |
| Richard L. Chadakoff | Partner | 1973 | $695.00 (Unitary rate) | 50.1 | $34,889.00 |
| Frederick D. Glassman | Associate, Sr. | 2005 | $695.00 (Unitary rate) | 22.5 | $15,637.50 |
| Elizabeth Jaffe | Associate, Sr. | 2005 | $695.00 (Unitary rate) | 2.0 | $1,390.00 |
| Jason M. Casey | Associate, Sr. | 2005 | $645.00 | 99.8 | $64,371.00 |
| Alyssa J. Mayer | Associate, Jr. | 2007 | $695.00 (Unitary rate) | 14.7 | $7,436.50 |
| Jennifer Greenberg | Associate, Jr. | 2008 | $550.00 | 76.3 | $41,965.00 |
| Rosalind Rodburg | Paralegal | N/A | $275.00 | 3.3 | $907.50 |
| Delilah Iovino | Paralegal | N/A | $275.00 | 2.5 | $687.50 |
| Sarita Chalen | Paralegal | N/A | $230.00 | 7.7 | $1,771.00 |
| | | | Blended Rate: $640.20 | Total Hours: 304.9 | Total Fees: $195,195.50 |

## SUMMARY OF DISBURSEMENTS BILLED

| Expense Category | Total Expenses |
|---|---|
| Document Preparation | $402.00 |
| Global Document Support | $276.00 |
| Ground Transportation – Local | $158.10 |
| Meal Services | $107.88 |
| Meals – Local | $21.27 |
| Messenger / Courier Services | $27.72 |
| Other Database Research | $13.74 |
| Telephone Services | $14.44 |
| Westlaw (West Publishing) | $8,416.65 |
| **Total:** | **$9,437.80** |

# **EXHIBIT D**

# **Lunt Certification**

LATHAM & WATKINS LLP
Richard L. Chadakoff
Gregory O. Lunt
Aaron M. Singer
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Special Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

**CERTIFICATION OF GREGORY O. LUNT IN SUPPORT OF THE
APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE
OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE FIFTH INTERIM PERIOD**

I, Gregory O. Lunt, hereby certify that:

1.    I am a partner in the firm of Latham & Watkins LLP ("Latham" or the

"Applicant") and am responsible for ensuring compliance with the Amended Guidelines for Fees

and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases

adopted by the Court on April 19,1995 (the "Amended Guidelines"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") and the Third

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy

Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of

Expenses of Professionals (the "<u>Third Amended Interim Compensation Order</u>", and collectively

with the Amended Guidelines and UST Guidelines, the "<u>Guidelines</u>").

     2.     This Certification is made in respect of the Application of Latham & Watkins

LLP for Allowance of Compensation and Reimbursement of Expenses for the Fifth Interim

Period (the "<u>Application</u>")[4] of Latham:

     3.     In accordance with the Guidelines, I certify that:

     a.  I have read the Application;

     b.  to the best of my knowledge, information and belief formed after reasonable inquiry, and except as otherwise set forth in this Certificate or the Application, the fees and disbursements sought fall within the Guidelines;

     c.  the fees and disbursements sought are billed at rates in accordance with the practices customarily employed by Latham and generally accepted by Latham's clients;

     d.  in seeking reimbursement for the disbursements sought herein, Latham has not made a profit on that service whether the disbursement was for services performed by Latham in-house or through a third party;

     e.  Latham has complied with the provisions requiring it to provide the Debtors, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the United States Trustee with, on a monthly basis, a statement of Latham's fees and disbursements accrued during the previous montha given month.  In some instances, Latham has complied by supplying these parties with statements of fees and disbursements covering two, three or four months periods, with such fees and disbursements broken out into one-month summaries.  In some instances Latham has not provided a statement of fees and disbursements accrued during a particular month within 20 days after the end of such month.  In every instance in which such grouped statements were presented and in every instance in which statements were provided more than 20 days after the end of each month, Latham sought and was given the prior consent of the U.S. Trustee and the Fee Committee; and

     f.  Latham has complied with the provisions requiring it to provide the Debtors, counsel to the Debtors, counsel to the Official Committee of

---

[4]    Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

Unsecured Creditors and the United States Trustee with a copy of the Application by serving a copy of this Application upon Weil upon information and belief that Weil has offered and agreed to file and serve this Application, on behalf of Latham, upon (i) the Debtors; (ii) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP; and (iii) the Office of the United States Trustee for the Southern District of New York.

4.    With respect to the attorneys' fees and expenses agreed to be paid by the Debtors to the undersigned:

i.    The Debtors have agreed to seek approval for Latham's customary fees calculated at the applicable billable rate multiplied by the number of hours expended for legal services rendered or to be rendered in contemplation of and in connection with the above-referenced bankruptcy case.

ii.    The amount of fees requested from February 1, 2010 through May 31, 2010 is $195,195.50.

iii.    The unpaid balance with respect to the payment of the actual fees and expenses Latham incurred in connection with the cases is $39,039.10[5]

iv.    The amount of expenses requested from requested from February 1, 2010 through May 31, 2010  for representation is $9,437.80.

5.    The undersigned has received no transfer, assignment or pledge of property.

---

[5] The Third Amended Interim Compensation Procedures Order authorizes the Debtors to pay professionals eighty percent (80%) of fees requested in each Monthly Statement, if no objection was made to such Monthly Statement. No objections having been made to its monthly statements, Latham received $156,156.40 as compensation for its fees and expenses from February 1, 2010 through May 31, 2010. Therefore, Latham's unpaid balance includes only the twenty percent (20%) holdback authorized by the Third Amended Interim Compensation Procedures Order.

3

6.      The undersigned has not shared or agreed to share with any other person any

compensation paid or to be paid except pursuant to the Partnership Agreement of Latham.

This 13th day of August, 2010.

LATHAM & WATKINS LLP

By:      /s/   Gregory O. Lunt
Gregory O. Lunt

*Special Counsel for Debtors
and Debtors in Possession*

4

## EXHIBIT E

## Proposed Form of Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | **08-13555 (JMP)** |
| Debtors. | **(Jointly Administered)** |

## ORDER AWARDING INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO LATHAM & WATKINS LLP

Upon consideration of the Application of Latham & Watkins LLP LLP for Allowance of Compensation and Reimbursement of Expenses for the Fifth Interim Period (the "Application"), dated August 13, 2010, relating to the above-referenced bankruptcy case for the period from February 1, 2010 through May 31, 2010 (the "Fifth Interim Period") for the (i) allowance of compensation for professional services performed by Latham & Watkins LLP ("Latham") during the Fifth Interim Period in the total amount of $195,195.50; (ii) allowance of Latham's actual and necessary expenses incurred during the Fifth Interim Period in the total amount of $9,437.80; and (iii) payment of the twenty percent (20%) holdback withheld from payments of the Monthly Fee Statements, and after notice and hearing thereon, and sufficient cause appearing therefore, and capitalized terms used in this Order being given the same meanings as are ascribed to those terms in the Application, it is hereby

ORDERED that the Application is hereby granted; and it is further

ORDERED that Latham is authorized to apply against such amounts the amounts previously paid to it in respect of the Fifth Interim Period pursuant to the Third Amended Interim Compensation Order (as such terms are defined in the Application); and it is further

ORDERED that the Debtors pay to Latham the twenty percent (20%) holdback withheld

from the payment of monthly statements in the amount of $39,039.10.

This _____ day of _____, 2009.


_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Prepared and presented by:

LATHAM & WATKINS LLP

/s/      Greg O. Lunt
 Gregory O. Lunt
 355 South Grand Avenue
 Los Angeles CA 90071-1560
 Telephone:    (213) 485-1234
 Facsimile:    (213) 891-8763
 Email:        Gregory.Lunt@lw.com


- and –

/s/      Aaron M. Singer
 Aaron M. Singer
 885 Third Avenue
 New York, New York 10022
 Telephone:    (212) 906-4527
 Facsimile:    (212) 751- 1864
 Email:        Aaron.Singer@lw.com

2