Hearing Date and Time:  August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
J. Christopher Shore (JCS – 6031)
Gerard Uzzi (GU – 2297)

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**RESPONSE AND RESERVATION OF RIGHTS OF AD HOC GROUP**
**OF LEHMAN BROTHERS CREDITORS WITH RESPECT TO MOTION OF**
**LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC.**
**PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE TO AMEND THE**
**RACERS TRANSACTION DOCUMENTS AND TERMINATE**
**CERTAIN RACERS TRANSACTION DOCUMENTS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Group of Lehman Brothers Creditors (the "Group"), by and through its

undersigned counsel, hereby files this response and reservation of rights (the "Response") with

respect to the Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc.

Pursuant to Section 363 of the Bankruptcy Code to Amend the RACERS Transaction Documents

and Terminate Certain RACERS Transaction Documents (the "Motion") [Docket No. 10464]

filed by Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc.

("LCPI"), and their affiliated debtors in the above-referenced chapter 11 cases (together with

LBHI and LCPI, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman").  As

and for its Response, the Group respectfully states as follows:

**RESPONSE**

1.        Over the past several months, the Debtors have filed a myriad of motions

purporting to seek relief advancing the collective good of all Debtor estates "without prejudice"

to key issues regarding any individual estate's rights against other estates.  These "without

prejudice" motions and inter-Debtor reservations of rights have apparently been necessitated by

the manner in which Lehman operated its enterprise and the difficulties inherent in unpacking

sophisticated financing structures and transactions such that they can be viewed on an estate-by-

estate basis.  Particularly in connection with the frantic desire to finance increasingly illiquid

assets throughout 2007 and 2008 (as more fully described in the Examiner's Report), the

movement of assets and liabilities between individual Debtors was both so complicated and

convoluted that, under the current Plan structure, significant judicial intervention will be needed

to determine definitively which Debtor estate owns or has an interest in what assets and where

material third-party and intercompany liabilities properly reside.

2.        For example, in Lehman Brothers Holdings Inc.'s and Lehman Commercial Paper

Inc.'s Motion Pursuant to Section 363 of the Bankruptcy Code for Authority to Transfer Funds to

Rosslyn LB Syndication Partner LLC, dated May 25, 2010 (the "Rosslyn Motion") [Docket No.

9238] the Debtors state that "LCPI may have, at some point, formally owned Rosslyn LB, but

has since purportedly sold a 100% participation interest in it (or in Rosslyn LB's 78.5% interest

to Rosslyn JV) to RACERS, and, as a result, Rosslyn LB's 78.5% limited partnership interest in

Rosslyn JV may be legally or beneficially under the purported indirect control of RACERS."

(Rosslyn Motion ¶ 15.)  In the Debtors' Motion Pursuant to Sections 105 and 363 of the

Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure for Approval of

Settlement Agreement Between Lehman Brothers Holdings Inc., Lehman Commercial Paper

Inc., Silver Lake Credit Fund, L.P. and Silver Lake Financial Associates, L.P., dated June 23,

2010 (the "Silver Lake Motion") [Docket No. 9808], the Debtors state,

> In the ordinary course of its business during the prepetition period,
> LBHI entered into various repurchase transactions with, among others,
> LCPI in an effort to obtain financing using its assets as collateral. The
> SLCF Interest may have been pledged by LBHI as collateral to LCPI
> in connection with such a prepetition transaction.

(Silver Lake Motion ¶ 8.)  In LBHI's Motion Pursuant to Sections 105(a), 363(b)(1) and 363(f)

of the Bankruptcy Code and Rule 6004(h) of the Bankruptcy Rules for Authorization to Transfer

Certain Mortgage Servicing Rights to Aurora Bank FSB, dated June 23, 2010 (the "Aurora

Motion") [Docket No. 9809], the Debtors state,

> In the ordinary course of its business during the prepetition period, LBHI
> entered into various repurchase transactions with, amongst others, Lehman
> Commercial Paper Inc. ("LCPI"), a Debtor in these cases, in an effort to
> obtain financing using LBHI's assets as collateral.  It may be the case that
> LBHI's MSRs, including the Designated Fannie Mae MSRs to be
> transferred to the Bank pursuant to this Motion, were pledged as collateral
> to LCPI in connection with such a prepetition transaction.

(Aurora Motion ¶ 24.)   And, in LBHI's and LCPI's Motion Pursuant to Bankruptcy Rule 9019

to Enter into the Release and Termination of Loan Agreement and Other Documents with TS

Boston Core Holdings, L.P.; 125 High Junior Mezz, L.P.; One Federal Intermediate Mezz, L.P.;

One Federal Junior Mezz, L.P.; and Other Borrower Affiliates, dated July 27, 2010 (the "One

Federal Plaza Motion") [Docket No. 10462], the Debtors admit that "Lehman's records are

unclear as to the exact interests purportedly participated to RACERS . . . ."  (One Federal Plaza

Motion ¶ 25 n.3.)

     3.     Similar ownership and entanglement issues have arisen in connection with (i) the

Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code for an Order (I) Allowing

LCPI to Acquire Certain Loans Through a Joint Venture and (II) Authorizing LCPI and LBHI to Provide Gap Funding Through a Term Loan, Revolver, and Preferred Equity Investment (the "Sun and Moon Motion") [Docket No. 10647], (ii) State Street Bank and Trust Company v. Lehman Commercial Paper Inc. (the "State Street Adversary Proceeding") [Adv. P. No. 08-01743], (iii) the Motion of Lehman Brothers Holdings Inc. Pursuant to Section 363 of the Bankruptcy Code and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure for Authority to Amend Participation Agreements and to Purchase Additional Participation Interests Related to Heritage Fields Property (the "Heritage Fields Motion") [Docket No. 10523], (iv) LCPI's Motion Pursuant to Section 363 of the Bankruptcy Code for Authority to (I) Consent to Its Non-Debtor Affiliate Lehman ALI Inc. (A) Entry Into Plan Support Agreement Related to the Restructuring of Innkeepers USA Trust; and (B) Consummation of the Transactions Set Forth in the Plan Term Sheet; and (II) Provide Funds to Solar Finance Inc., a Non-Debtor Affiliate, to Provide Debtor-In-Possession Financing dated July 27, 2010 (the "Innkeepers Motion") [Docket No. 10465],[1] and (v) the Debtors' Motion for Entry of an Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 Authorizing Lehman Commercial Paper Inc. to Settle Dispute with the Metropolitan Life Insurance Company dated March 2, 2009 [Docket No. 2978].

4.    In substantially all of these contested matters, the Debtors have sought to have the Court approve a restructuring of the Debtors' arrangements with non-debtor third parties while specifically preserving, as broadly as possible, any and all inter-Debtor claims, causes of action and defenses with respect to the issues at bar. Presuming that any judicial action can ever be truly "without prejudice" in the manner the Debtors propose, the Debtors then seek to leave the

---

[1] In the Innkeepers Motion, the Debtors also include an expansive reservation of rights provision in the proposed order to preserve, among other things, LBHI's rights relating the ownership of the underlying senior and mezzanine loans at issue and the appropriate allocation of value among the estates.

inter-Debtor issues to be addressed at some later date pursuant to a separate contested matter or adversary proceeding. (See, e.g., Rosslyn Motion ¶ 30; Silver Lake Motion ¶ 8; Aurora Motion ¶ 8; One Federal Plaza Motion ¶ 40; Innkeepers Motion ¶ 40.) The Debtors do not, however, specify how or when these issues will be resolved, even though the disputes outlined above involve amounts in controversy in the tens of billions of dollars.

5.      With respect to the present Motion, the Debtors again present the Court with an attempt to restructure their relationships with third parties while reserving on significant inter-Debtor issues over asset ownership and allocation of liabilities. Specifically, the Debtors seek to collapse the RACERS trust structure and remove U.S. Bank as trustee on the basis that the Lehman enterprise as a whole will benefit from the relief requested. The Debtors do not, however, address what effect that relief will have on any individual estate or seek to have the Court resolve at this time the issues of (i) which estates actually own or control the Underlying Assets (as defined in the Motion) which are being returned to LBHI or (ii) what estate assets actually constitute Underlying Assets. The Debtors nevertheless admit that certificates in the trust "are believed to have been initially owned by LCPI or LBHI," and further that "[c]ertain documentation may suggest that LBI owned the RACERS MM Notes on the Commencement Date." (Motion ¶ 12.) As the One Federal Plaza Motion indicates, the Debtors' books and records are simply unclear on that issue. (One Federal Plaza Motion ¶ 25 n.3.) The Debtors thus seek to have the Court order the following inter-estate reservation of rights:

> In seeking termination of the Participation Agreement and the Control Agreement and the amendment of the other RACERS Transaction Documents to effectuate the substitution of U.S. Bank with LBHI, as trustee of the Trusts, it is not the goal or intention of the Debtors to deprive any interested party of existing rights (other than U.S. Bank's right to act as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent for the Trusts after the Replacement Date). Therefore, the Debtors request an order

reserving the rights of the interested parties to the proceeds of the Underlying Assets and expressly providing that if any interested party has a right, enforceable under applicable bankruptcy and non-bankruptcy law, to receive, now or in the future (a) proceeds of the Underlying Assets, it shall have an administrative claim against the relevant Debtor (but not against any of the Underlying Assets) to the extent of the principal and interest and proceeds of the Underlying Assets it would have been entitled to receive, after netting amounts the relevant Debtor expended or contributed to manage, oversee, collect, protect, or improve the Underlying Assets, and/or (b) distributions from the Debtors' estates on account of the Proofs of Claim, it shall have a claim against the relevant Debtor for amounts that are or could have been collected on the Proofs of Claim but for the termination of the Participation Agreement and Control Agreement and amendment of the other RACERS Transaction Documents. The Debtors also request an order tolling the statute of limitations, for a period of three years after the applicable statute of limitations, with respect to all claims and defenses related to the RACERS Transaction Documents, the Collateral, the Underlying Assets and the creation and operation of the Trusts among the Debtors, LBI, the RACERS A Trust, the RACERS MM Trust and U.S. Bank.

* * *

Furthermore, the Debtors request that nothing contained herein be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LBI, LBHI, LCPI, or LBSF, or that any of the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable law, including against each other or third parties. Additionally, the parties seek authorization to execute such further documents necessary to reflect this reservation of rights among LBI, LBHI, LCPI, and LBSF.

(Motion ¶ 31.)

6.     After having had significant dialogue with the Debtors, the Group has no specific

objection to the substantive third-party relief requested in the Motion, but does have two

concerns – one relating to process and the scope of the reservation and another related to the

growing list of issues that will likely have to be resolved prior to confirmation and, in any event,

need to be resolved before inter-estate allocations, and ultimately creditor distributions, can be set.

7.      First, the Motion lacks any description of how the Debtors have determined that the relief requested is in the best interests of *each* of the Debtor estates.  As the Second Circuit made clear in In re Augie/Restivo Baking Co., 860 F.2d 515 (2d Cir. 1988), in the absence of a substantive consolidation, it is not enough for co-debtors to claim that a transaction is in the best interests of the enterprise as a whole, but rather must establish the bona fides of a proposed transaction as to each debtor.[2]  The fact is that, with respect to many of the motions discussed above, what is good for the whole Lehman enterprise might not necessarily be good for each individual estate.  The Group is currently in dialog with the Debtors to understand better how the decision-making process was undertaken on the Motion and others similar to it and hope to have any concerns addressed prior to the hearing.  To the extent, however, the Motion leads to adverse consequences to a particular estate, the reservation of rights must make clear that approval of the Motion is without prejudice to both pre- and post-petition claims, including contractual claims, that may belong to LBHI and otherwise does not constitute a waiver or relinquishment of the rights of any Debtor or party-in-interest with respect to the subject matter of the Motion.[3]

8.      Second, the Motion frames yet another of a growing list of inter-Debtor issues that will materially affect how assets and associated liabilities will flow through to individual estates and their respective stakeholders.  In the Group's preliminary objection to the Plan and

---

[2] In Augie/Restivo, the Second Circuit considered whether the estates of two debtors should be substantively consolidated.  860 F.2d at 515.  While the court ultimately determined that substantive consolidation was inappropriate under the specific facts and circumstances of that case, the court noted that, absent a determination that debtors should be substantively consolidated,  the assets of one estate should not be used to benefit the debtors as whole at the expense of the such estate's creditors.  Id. at 520-21.

[3] Any order granting relief on the Motion should specify that any inter-Debtor contractual rights are preserved including any rights of LBHI under or related to the Swaps against LBSF, which claims themselves will likely amount to billions of dollars.

Disclosure Statement dated June 22, 2010 (the "Preliminary Objection") [Docket No. 9905], the Group raised the need for establishing procedures for the resolution of inter-Debtor issues such as these as soon as practicable.  Following the Court's statements at the informal status conference held on that objection, at which time the Court for the time being deferred to the Debtors' judgment as to how best to move forward, the Debtors have apparently chosen not to solicit views from any constituency as to how and when those issues will be resolved.  While we understand that the Debtors and their counsel have been engaged in moving the plan process forward, the Group remains concerned that the plan process and ultimately creditor distributions will necessarily be delayed given the pervasiveness of the inter-Debtor issues, the attendant conflicts of interest requiring remediation and their impact on a host of issues such as plan structure, recovery matrices and post-effective date governance.

WHEREFORE, the Group respectfully requests that any order granting relief on the Motion preserve the rights of each Debtor and parties in interests as more fully set forth above and grant such other and further relief as the Court deems just.

Dated:  August 13, 2010
    New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Gerard Uzzi (GU – 2297)
J. Christopher Shore (JS – 6031)

By:  */s/ Gerard Uzzi*
    Gerard Uzzi

ATTORNEYS FOR THE AD HOC GROUP
OF LEHMAN BROTHERS CREDITORS