Hearing Date and Time:  August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
J. Christopher Shore (JCS – 6031)
Gerard Uzzi (GU – 2297)

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC., <u>et</u> <u>al.</u>,** | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------------x

**RESPONSE AND RESERVATION OF RIGHTS OF AD HOC GROUP
OF LEHMAN BROTHERS CREDITORS WITH RESPECT TO DEBTORS' MOTION
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE FOR AN ORDER (I)
ALLOWING LCPI TO ACQUIRE CERTAIN LOANS THROUGH A JOINT VENTURE
AND (II) AUTHORIZING LCPI AND LBHI TO PROVIDE GAP FUNDING THROUGH
A TERM LOAN, REVOLVER, AND PREFERRED EQUITY INVESTMENT**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Group of Lehman Brothers Creditors (the "<u>Group</u>"), by and through its undersigned counsel, hereby files this response and reservation of rights (the "<u>Response</u>")[1] with respect to the Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code for an Order (I) Allowing LCPI to Acquire Certain Loans Through a Joint Venture and (II) Authorizing LCPI and LBHI to Provide Gap Funding Through a Term Loan, Revolver, and Preferred Equity Investment (the "<u>Motion</u>") [Docket No. 10467] filed by Lehman Brothers Holdings Inc.

---

[1] By Agreement, the Debtors extended the objection deadline with respect to the Motion to August 13, 2010.

("LBHI"), and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors").  As and for its Response, the Group respectfully states as follows:

## RESPONSE

1. As more fully set forth in the Group's response to the RACERS Motion,[2] filed contemporaneously herewith, the Debtors have filed motions in recent months seeking relief that purportedly benefits the Debtors as an enterprise but fails to resolve key inter-Debtor issues.[3] This Motion, in particular, highlights the inter-Debtor conflicts endemic to these chapter 11 cases.  By the Motion, the Debtors seek approval to provide Gap Funding to the Sun and Moon project in the form of both debt, from LCPI, and a preferred equity investment from both LBHI and LBREP.  The Debtors reason that, if the Gap Funding is not provided, LCPI ultimately may be required to liquidate the underlying assets prematurely and in a distressed state resulting in diminished returns to LCPI on its investment in the M-Loans, and no returns on LBHI's original equity investment in the project.  In other words, if the transaction contemplated by the Motion occurs, LBHI will be putting new money into the Sun and Moon project to protect LCPI's debt investment and purportedly to protect its own equity investment, which the Debtors do not even assert is in-the-money.  Moreover, LBHI's interests will remain junior to those of LCPI.

2. Notwithstanding that the Motion contemplates that LBHI will be contributing a not insubstantial sum to the Sun and Moon project, the Motion makes no meaningful disclosure as to how this transaction benefits LBHI.[4]  It may be that the plan to refurbish and sell or

---

[2] The "RACERS Motion" means the Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc. Pursuant to Section 363 of the Bankruptcy Code to Amend the RACERS Transaction Documents and Terminate Certain RACERS Transaction Documents [Docket No. 10464] filed on July 27, 2010, by the Debtors.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[4] The Group has had discussions with the Debtors regarding the economics of the proposed transaction and, as a consequence, has gained some understanding of the economics supporting the relief requested.  However, such private disclosures to the Group do not cure the defects in the Motion and a showing should be made for the Court's benefit to determine that the relief requested is in the interests of *each* Debtor estate.

otherwise rent the underlying assets succeeds, in which case LBHI might profit from the Preferred Equity Investment and even its old equity investment. However, it may also be that, in spite of the infusion of new funds into the project, the project fails and LBHI receives nothing on account of its interests.

3. The problem with the Motion, insofar as these conflicts are concerned, is the lack of any meaningful disclosure as to who represented LBHI's interests in the decision making process, who determined that LBHI would be providing equity versus debt, and who agreed, on LBHI's behalf, to consent to LCPI investing funds senior to LBHI. Nor is it clear who consented, on LCPI's and LBHI's behalf, to have one set of decision makers represent their divergent and potentially directly adverse interests in the Sun and Moon restructuring. What is apparent is that, in the event that the project fails, LBHI will be faced with the prospect of being foreclosed on by its own affiliate, LCPI. Given that both LBHI and LCPI are managed by the same people it is unclear who can or will make the decision to exercise remedies at the expense of LBHI.

4. In light of all of the foregoing, the Group respectfully requests that, to the extent the Court grants the Motion, the Court enter an order which preserves any and all pre- and post-petition claims that LBHI may have in connection with the subject matter of the Motion and otherwise does not constitute a waiver or relinquishment of the rights of any Debtor or party in interest with respect to the subject matter of the Motion.

WHEREFORE, the Group respectfully requests that any order granting relief on the Motion preserve the rights of each Debtor and parties in interests as more fully set forth above and grant such other and further relief as the Court deems just.

Dated: August 13, 2010
      New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Gerard Uzzi (GU – 2297)
J. Christopher Shore (JS – 6031)

By: */s/ Gerard Uzzi*
    Gerard Uzzi

ATTORNEYS FOR THE AD HOC GROUP
OF LEHMAN BROTHERS CREDITORS