UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al. | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**SUMMARY STATEMENT FOR FIRST INTERIM FEE APPLICATION OF
SUTHERLAND ASBILL & BRENNAN LLP AS SPECIAL COUNSEL FOR
DEBTORS FOR COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
OUT-OF-POCKET EXPENSES INCURRED**

### FIRST INTERIM APPLICATION

| | |
|---|---|
| Name of Applicant: | Sutherland Asbill & Brennan LLP |
| Time Period: | February 1, 2010 through May 31, 2010 |
| Role in the Case: | Special Tax Counsel to the Debtors |
| Current Application: | Total Fees Requested:        $232,905.50 |
| | Total Expenses Requested:   $  1,024.12 |
| Prior Applications: | None |

## Professional Hours Billed During Interim Fee Period

### Partners and Of Counsel

| Timekeeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Byrne, Thomas M. | 1981 | Partner | .4 | $480 | $       192.00 |
| Chase, Robert S. | 1997 | Partner | 15.1 | 540 | 8,154.00 |
| Kendall C. Jones | 1976 | Of Counsel | 33.1 | 600 | 19,860.00 |
| Langlois, David P. | 1971 | Partner | 2.6 | 720 | 1,872.00 |
| Libin, Jerome B. | 1961 | Partner | 72.8 | 800 | 58,240.00 |
| Ocasal, Christopher | 1993 | Partner | 23.2 | 660 | 15,312.00 |
| Simonetti, Marc A. | 2001 | Partner | 12.1 | 500 | 6,050.00 |
| Sparagna, Giovanna | 1980 | Partner | 46.5 | 740 | 34,410.00 |
| Tello, Carol P. | 1981 | Partner | 86.6 | 580 | 50,228.00 |
| Tresh, Eric S. | 1996 | Partner | 2.0 | 580 | 1,160.00 |
| TOTAL: | | | 294.5 | | $195,478.00 |

### Associates

| Timekeeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Perkins, Leni C. | 2007 | Associate | 54.6 | 320 | 17,472.00 |
| Rudinsky, Jason M. | 2004 | Associate | 30.8 | 370 | 11,396.00 |
| Sims, Jolie A. | 2000 | Associate | 2.0 | 410 | 820.00 |
| Yopp, Mark W. | 2008 | Associate | 19.3 | 320 | 6,176.00 |
| TOTAL: | | | 106.7 | | $ 35,882.00 |

### Law Clerks

| Timekeeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Barlatt, Olatunji R. | VA Pending | Law Clerk | .5 | 265 | $       132.50 |
| Glick, Bradford S. | NY Pending | Law Clerk | 5.4 | 265 | 1,431.00 |
| TOTAL: | | | 5.9 | | 1,545.50 |

## Summary of Professionals

| Professional Title | Blended Rate | Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Of Counsel | $ 664 | 294.4 | $ 195,478.00 |
| Associates | 336 | 106.7 | 35,882.00 |
| Law Clerks | 265 | 5.9 | 1,545.50 |
| TOTAL: | $ 572 | 407.0 | $ 232,905.50 |

## Professional Services Rendered by Project Category During Interim Fee Period

| Client Number | Matter Number | Project Category | Hours Billed | Amount |
|---|---|---|---|---|
| 29779 | 0001 | Tax | .3 | $ 240.00 |
| 29779 | 0002 | Tax | .5 | 400.00 |
| 29779 | 0004 | Tax | 31.4 | 12,226.00 |
| 29779 | 0005 | Tax | 4.0 | 1,980.00 |
| 29779 | 0006 | Tax | 37.4 | 25,554.00 |
| 29779 | 0007 | Tax | 1.5 | 870.00 |
| 29779 | 0008 | Tax | 83.1 | 56,954.50 |
| 29779 | 0009 | Tax | 19.8 | 12,364.00 |
| 29779 | 0010 | Tax | 59.4 | 39,832.00 |
| 29779 | 0011 | Tax | 169.6 | 82,585.00 |
| | TOTAL: | | 407.0 | $232,905.50 |

## Out-of-Pocket Expenses Incurred During Interim Fee Period

| | |
|---|---|
| Meals: Client Meetings: | $ 323.35 |
| Online Legal Research: | 113.92 |
| Photocopies: | 566.85 |
| Travel: Ground Transportation: | 20.00 |
| TOTAL: | $1,024.12 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., et al. | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

**FIRST INTERIM FEE APPLICATION OF SUTHERLAND ASBILL & BRENNAN LLP, AS A SECTION 327(e) PROFESSIONAL, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE PERIOD FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

Sutherland Asbill & Brennan LLP ("Sutherland"), special tax counsel to Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), files its First Interim Fee Application (the "Application") pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruuptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors during the period from February 1, 2010 through May 31, 2010 (the "Compensation Period"). In support of its Application, Sutherland respectfully states the following:

## JURISDICTION

1.    This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. sections 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. section 157(b)(2). Venue of this case is proper in this district pursuant to 28 U.S.C.

sections 1408 and 1409.  The statutory predicates for the relief requested herein are sections 330

and 331 of the Bankruptcy Code.

## GENERAL BACKGROUND

2.        Commencing on September 15, 2008 and periodically thereafter (as applicable,

the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have

been consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

3.        On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.        On September 19, 2008, a proceeding was commenced under the Securities

Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A

trustee appointed under SIPA is administering LBI's estate.

5.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner

(the "Examiner") in the above-referenced chapter 11 cases and, by order dated January 20, 2009

[Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

6.        On May 26, 2009, the Court appointed a fee committee ("Fee Committee") and

approved a fee protocol ("Fee Protocol") in the above-referenced chapter 11 cases.  [Docket No.

3651].

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## RETENTION OF SUTHERLAND

8.      Sutherland began performing legal services on behalf of the Debtors as an Ordinary Course Professional pursuant to this Court's *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business,* (the "OCP Order"), dated November 5, 2008 [Docket No. 1394]. In accordance with the procedures set forth in the OCP Order, Sutherland's retention became effective as of July 11, 2009. [Docket No. 4259]. Until now, Sutherland has applied for compensation under the provisions of the OCP Order.

9.      On April 23, 2010, the Debtors submitted to this Court an *Application of the Debtors Pursuant to Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Sutherland Asbill & Brennan LLP as Special Tax Counsel,* Nunc Pro Tunc *to April 1, 2010.* On May 6, 2010, this Court entered an order granting the Debtors' application. [Docket No. 8864].

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

10.      This Application is Sutherland's first interim fee application for compensation and reimbursement of expenses as a section 327(e) professional in these chapter 11 cases. No payment has been received to date with respect to any of the invoices covered by this

-3-

Application due to uncertainty attributable to the timing of Sutherland's nunc pro tunc appointment as special tax counsel.

11.    Sutherland has prepared this Application in accordance with the *Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on April 19, 1995 (the "Local Guidelines"); the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. section 330*, adopted on January 30, 1996 (the "UST Guidelines"); the *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 4165]; and this Court's *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651] (the "Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is annexed hereto as Exhibit A.

12.    During the Compensation Period, Sutherland professssionals expended a total of 407.0 hours rendering services to the Debtors. Sutherland seeks the allowance of compensation for such services in the amount of $232,905.50, and for reimbursement of actual and necessary expenses incurred in connection with such services in the amount of $1,024.12.

13.    During the Compensation Period, other than pursuant to the OCP Order, Sutherland has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by

-4-

this Application. There is no agreement or understanding between Sutherland and any other person for the sharing of compensation to be received for services rendered in these cases.

14.     Sutherland's fees in these cases are billed in accordance with its billing rates and procedures as agreed upon with the Debtors and as in effect during the Compensation Period. The rates charged by Sutherland for the services rendered in these chapter 11 cases do not (and will not) exceed the rates Sutherland customarily charges for services rendered in comparable non-bankruptcy matters. Such fees, which resulted in a voluntary discount of $24,764 from Sutherland's standard hourly charges during the Compensation Period, are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

15.     Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting forth: (a) a list of all Sutherland professionals who have performed services in these chapter 11 cases during the Compensation Period; (b) the capacities in which each such individual is employed by Sutherland; (c) the agreed-upon hourly rate charged by Sutherland for services performed by each such individual; (d) the total amount of time spent by each such individual on behalf of the Debtors during the Compensation Period; (e) the total amount billed for such time; and (f) the year in which each professional was first admitted to the bar.

16.     Annexed hereto as Exhibit C is a schedule specifying the categories of expenses for which Sutherland is seeking reimbursement and the total amount of reimbursement requested for each such category.

17.     Pursuant to the UST Guidelines, annexed hereto as Exhibit D is a summary by project category of the services performed by Sutherland during the Compensation Period.

18.    Sutherland has attempted to include in this Application all of its time and expenses relating to the Compensation Period.  Because of delays in processing professional time and receiving invoices for certain expenses, certain limited amounts relating to services rendered in January and February 2010 were not reflected in Sutherland's records until March and April 2010 and thus are included in this Application.  Sutherland reserves the right to request in a future application any additional time charges and expense amounts relating to services rendered during the Compensation Period that are not reflected in this Application.

19.    Sutherland maintains computerized records of the time spent by all Sutherland professionals in connection with its representation of the Debtors.  Subject to redaction for attorney-client privilege where necessary to protect the Debtors and their estates, a reformatted version of such computerized records for the Compensation Period is annexed hereto as Exhibit E.  A detailed explanation of Sutherland's disbursements for the Compensation Period is annexed hereto as Exhibit F.

## SERVICES RENDERED BY SUTHERLAND

20.    A summary description of the services rendered by Sutherland during the Compensation Period is set forth below:

### A.    2001 – 2007 Federal Income Tax Audits of LBHI and Affiliates

21.    Sutherland provided analysis and advice with respect to several issues that have been raised by the Internal Revenue Service ("IRS") as part of its 2001 – 2007 federal income tax audits of LBHI and its affiliates.  These issues, which relate mainly to the U.S. tax consequences of certain transactions engaged in by LBHI and/or its affiliates, involve substantial amounts of money and are quite technical in nature.  Sutherland's responsibility is to undertake a thorough review and analysis of each issue and to provide LBHI with its independent assessment

-6-

and evaluation of the issue for purposes of determining LBHI's position and strategy in settlement negotiations with the IRS. During the Compensation Period, Sutherland analyzed the position taken by the IRS on certain issues and LBHI's proposed response, and contributed to the shaping of LBHI's final response. As part of that process, Sutherland also collaborated with the Debtors' primary tax counsel, Bingham McCutchen, which has ultimate responsibility for the handling of each issue.

22.    As the tax issues in question are not matters of public knowledge, Sutherland is not able to provide a detailed description of the transactions in question in the Application. If the matters are not settled at the administrative level, it is possible that litigation will ensue, at which time the matters would become public. Sutherland's evaluation and advice with respect to each transaction took into account the Debtors' objective of resolving the matter in the most expeditious manner possible and with the best possible result.

### B.    New York State and New York City Tax Matters

23.    Sutherland advised LBHI with respect to certain New York State and New York City tax issues that arose during the Compensation Period. These issues are also not matters of public knowledge at this time and therefore cannot be disclosed in the Application.

### C.    Other Tax Advice

24.    Sutherland advised LBHI on one particular federal income tax aspect of a transaction involving the sale by LBHI of the residual interests it held in certain Real Estate Mortgage Investment Conduits ("REMICs"). A letter of intent regarding the sale was signed by LBHI on March 31, 2010, after which Sutherland undertook to research and analyze the question presented.

## ALLOWANCE OF COMPENSATION

25.    Section 331 of the Bankruptcy Code authorizes the bankruptcy court to allow the

payment to section 327 professionals of "such compensation for services rendered…or

reimbursement for expenses incurred…as is provided in section 330…."

26.    Section 330(a)(1) of the Bankruptcy Code authorizes the payment of reasonable

compensation to a section 327 professional for "actual, necessary services rendered" and

reimbursement for "actual, necessary expenses."

27.    Section 330(a)(3) of the Bankruptcy Code provides that in determining the

amount of reasonable compensation to be awarded, the bankruptcy court should consider the

nature, extent and value of the services rendered to the estate, taking into account all relevant

factors, including:

      (A)    the time spent on such services;

      (B)    the rates charged for such services;

      (C)    whether the services were necessary to the administration of, or
            beneficial at the time at which the services was rendered toward
            the completion of, a case under this title;

      (D)    whether the services were performed within a reasonable amount
            of time commensurate with the complexity, importance, and nature
            of the problem, issue, or task addressed;

      (E)    with respect to a professional person, whether the person is board
            certified or otherwise has demonstrated skill and experience in the
            bankruptcy field; and

      (F)    whether the compensation is reasonable, based on the customary
            compensation charged by comparably skilled practitioners in cases
            other than cases under this title.

11 U.S.C. section 330(a)(3)(A)-(F).

08-13555-mg    Doc 10761    Filed 08/16/10    Entered 08/16/10 10:57:33    Main Document
Pg 12 of 41

28.     As discussed further below, Sutherland believes that its services were necessary

and beneficial to the Debtors and that its request for compensation is reasonable.

### (A)     Time spent on services rendered

29.     During the Compensation Period, Sutherland partners, of counsel, associates and

law clerks spent a total of 407.0 hours providing the professional services requested by the

Debtors. Exhibits B and D attached hereto show the time in summary form and by project

category, respectively. In order to avoid any duplication of effort, Sutherland coordinated

regularly with the LBHI tax team, and when appropriate with the Bingham McCutchen tax team,

in providing its services.

### (B)     Rates charged

30.     During the Compensation Period, Sutherland's agreed-upon hourly billing rates

ranged from $480 to $800 for partners and of counsel, and from $265 to $410 for associates and

law clerks. Total fees for the Compensation Period were $232,905.50. Based on the total

number of hours recorded, the overall blended hourly rate for all time expended was $572.

31.     The amounts charged by Sutherland for the particular services rendered represent

a voluntary discount of $24,764 from standard hourly rates for the same professionals. The

hourly rates agreed upon with the Debtors for these chapter 11 cases are below the standard

hourly rates Sutherland would charge for comparable work performed in a non-bankruptcy

context.

32.     Sutherland carefully monitored and reviewed the time entries of all professionals

who worked on these chapter 11 cases during the Compensation Period in order to ensure the

integrity of its bills and the reasonableness of its time charges.

-9-

### (C)    Necessity and benefit of the services

33.    The specialized services rendered by Sutherland during the Compensation Period provided the Debtors with a fresh and independent assessment of the strengths and weaknesses of certain tax positions the Debtors must defend in connection with the pending IRS federal income tax audits.  Such an assessment has enabled the Debtors to determine their ultimate negotiating posture without concern that they have been too close to the transactions to develop an appropriately objective analysis of the situation.  Sutherland has also provided effective research and analysis on certain tax issues unrelated to the IRS audits.

### (D)    Reasonableness of time spent

34.    The time spent by Sutherland professionals during the Compensation Period was reflective of, and commensurate with, the nature, complexity and importance of the matters being handled.  The issues raised in the IRS federal income tax audits are extremely technical in nature and involve substantial amounts of money.  If any of the issues cannot be resolved satisfactorily through settlement negotiations, litigation may ensue.  In order to provide a meaningful, independent analysis of the tax audit issues, it was necessary to devote a significant amount of time both to reviewing each issue carefully and to determining the issue's appropriate settlement value.  Similarly, the tax issue related to the REMIC interest sale required a high level of research and analysis.

35.    Sutherland has considerable experience in handling matters of this type.  For that reason, it has been able to fulfill its assignments without an unreasonable expenditure of time, notwithstanding the complexity of the matters it has been asked to review.

### (E)    Board certification

36.    There is no special board certification for tax lawyers.  All of the Sutherland partners, of counsel and associates who worked on matters for the Debtors during the Compensation Period have been admitted to the bar in one or more jurisdictions.

### (F)    Reasonableness of the compensation requested

37.    The Sutherland professionals involved in these chapter 11 cases have achieved a high degree of expertise in the tax field.  That has enabled Sutherland to render high quality, efficient and timely service to the Debtors throughout the Compensation Period.  Sutherland believes that its request for compensation is reasonable and that comparably skilled practitioners rendering similar services in a non-bankruptcy setting would be compensated at least at the same level, and more likely at a higher level due to the discount Sutherland has afforded the Debtors.

## REIMBURSEMENT OF EXPENSES

38.    For the Compensation Period, Sutherland requests reimbursement of $1,024.12 in actual and necessary expenses incurred on behalf of the Debtors.  Exhibit C attached hereto provides a summary of such expenses, and Exhibit F attached hereto sets forth the details relating to such expenses.

39.    In accordance with the Fee Protocol, photocopying charges have been limited to 10 cents per page and the charge for working meals has been less than $20 per person.

40.    Sutherland has made reasonable efforts to minimize its disbursements during the Compensation Period.  Each of the expenses incurred was considered to be necessary, reasonable and justified under the circumstances.

WHEREFORE, Sutherland respectfully requests that allowance be made to it for

$232,905.50 as reasonable compensation for necessary professional services rendered to the

Debtors during the Compensation Period, and that $1,024.12 be reimbursed to it for actual and

necessary expenses incurring during the Compensation Period, and further requests such other

relief as this Court may deem just and proper.

August 13, 2010                          SUTHERLAND ASBILL & BRENNAN LLP

                                         By: Jerome B. Libin
                                             Jerome B. Libin

                                             1275 Pennsylvania Ave., N.W.
                                             Washington, DC 20004
                                             Telephone:  202-383-0145
                                             Facsimile:  202-637-3593
                                             E-mail:  jerome.libin@sutherland.com

                                             Special Tax Counsel to the Debtors

**EXHIBIT A**

**CERTIFICATION OF JEROME B. LIBIN**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|                                      |   |                        |
|--------------------------------------|---|------------------------|
| In re:                               | : | Chapter 11 Case No.    |
| LEHMAN BROTHERS HOLDINGS INC., et al. | : | 08-13555 (JMP)         |
| Debtors.                             | : | (Jointly Administered) |
|                                      | : |                        |

**CERTIFICATION UNDER GUIDELINES WITH RESPECT TO FIRST INTERIM FEE APPLICATION OF SUTHERLAND ASBILL & BRENNAN LLP, AS A SECTION 327(e) PROFESSIONAL, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE PERIOD FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

I, Jerome B. Libin, hereby certify that:

1.     I am a partner with the applicant firm, Sutherland Asbill & Brennan LLP ("Sutherland"). I submit this certification in accordance with the *Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases,* adopted by the Court on April 19, 1995 (the "Local Guidelines"); the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11*

*U.S.C. section 330*, adopted on January 30, 1996 (the "UST Guidelines"); this Court's *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Docket No. 4165] (the "Interim Compensation Order"); and this Court's *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651] (the "Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines").

2.      This certification is made with respect to Sutherland's application, dated August 12, 2010 (the "Application"), for compensation and reimbursement of expenses for the period from February 1, 2010 through May 31, 2010 (the "Compensation Period"), in accordance with the Guidelines.

3.      With respect to Section B.1 of the Local Guidelines, I certify that:

   a.      I have read the Application;

   b.      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expense reimbursements sought fall within the Guidelines;

   c.      the fees and expense reimbursements sought are billed at rates not exceeding those customarily charged by Sutherland and generally accepted by Sutherland's clients; and

   d.      in providing a reimbursable service, Sutherland does not make a profit on that service, whether the service is performed by Sutherland in-house or through a third party.

4.      With respect to Section B.2 of the Local Guidelines, due to uncertainty

attributable to the timing of Sutherland's nunc pro tunc appointment as special tax counsel, only

the Debtors were provided with a detailed statement of fees and expenses incurred for the

months of March, April and May 2010   Monthly statements will be provided on an ongoing

basis to all of the Notice Parties identified in the Interim Compensation Order.


5.      With respect to section B.3 of the Local Guidelines, I certify that the Notice

Parties identified in the Interim Compensation Order are all being provided with a copy of this

Application.


August 13, 2010                              Jerome B. Libin
                                             Jerome B. Libin

                                             SUTHERLAND ASBILL & BRENNAN LLP
                                             1275 Pennsylvania Ave., N.W.
                                             Washington, DC 20004
                                             Telephone:  202-383-0145
                                             Facsimile:   202-637-3593
                                             E-mail:  jerome.libin@sutherland.com

                                             Special Tax Counsel to the Debtors

## EXHIBIT B

### Professional Hours Billed During Interim Fee Period

#### Partners and Of Counsel

| Timekeeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Byrne, Thomas M. | 1981 | Partner | .4 | $480 | $ 192.00 |
| Chase, Robert S. | 1997 | Partner | 15.1 | 540 | 8,154.00 |
| Kendall C. Jones | 1976 | Of Counsel | 33.1 | 600 | 19,860.00 |
| Langlois, David P. | 1971 | Partner | 2.6 | 720 | 1,872.00 |
| Libin, Jerome B. | 1961 | Partner | 72.8 | 800 | 58,240.00 |
| Ocasal, Christopher | 1993 | Partner | 23.2 | 660 | 15,312.00 |
| Simonetti, Marc A. | 2001 | Partner | 12.1 | 500 | 6,050.00 |
| Sparagna, Giovanna | 1980 | Partner | 46.5 | 740 | 34,410.00 |
| Tello, Carol P. | 1981 | Partner | 86.6 | 580 | 50,228.00 |
| Tresh, Eric S. | 1996 | Partner | 2.0 | 580 | 1,160.00 |
| **TOTAL:** | | | 294.5 | | $195,478.00 |

#### Associates

| Timekeeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Perkins, Leni C. | 2007 | Associate | 54.6 | 320 | 17,472.00 |
| Rudinsky, Jason M. | 2004 | Associate | 30.8 | 370 | 11,396.00 |
| Sims, Jolie A. | 2000 | Associate | 2.0 | 410 | 820.00 |
| Yopp, Mark W. | 2008 | Associate | 19.3 | 320 | 6,176.00 |
| **TOTAL:** | | | 106.7 | | $ 35,882.00 |

#### Law Clerks

| Timekeeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Barlatt, Olatunji R. | VA Pending | Law Clerk | .5 | 265 | $ 132.50 |
| Glick, Bradford S. | NY Pending | Law Clerk | 5.4 | 265 | 1,431.00 |
| **TOTAL:** | | | 5.9 | | 1,545.50 |

## EXHIBIT C

### Out-of-Pocket Expenses Incurred During Interim Fee Period

| | |
|---|---|
| Meals:  Client Meetings: | $  323.35 |
| Online Legal Research: | 113.92 |
| Photocopies: | 566.85 |
| Travel:  Ground Transportation: | 20.00 |
| TOTAL: | $1,024.12 |

**EXHIBIT D**

### Professional Services Rendered by Project Category During Interim Fee Period

| Client Number | Matter Number | Project Category | Hours Billed | Amount |
|---|---|---|---|---|
| 29779 | 0001 | Tax | .3 | $      240.00 |
| 29779 | 0002 | Tax | .5 | 400.00 |
| 29779 | 0004 | Tax | 31.4 | 12,226.00 |
| 29779 | 0005 | Tax | 4.0 | 1,980.00 |
| 29779 | 0006 | Tax | 37.4 | 25,554.00 |
| 29779 | 0007 | Tax | 1.5 | 870.00 |
| 29779 | 0008 | Tax | 83.1 | 56,954.50 |
| 29779 | 0009 | Tax | 19.8 | 12,364.00 |
| 29779 | 0010 | Tax | 59.4 | 39,832.00 |
| 29779 | 0011 | Tax | 169.6 | 82,585.00 |
| | TOTAL: | | 407.0 | $232,905.50 |

## <u>EXHIBIT E</u>

**COMPUTERIZED TIME RECORDS FOR COMPENSATION PERIOD**

E-1

| INVOICE 566938 | | | | | | Narrative |
| Matter | Date | Code | Name | Hours | Amount | Telephone conversation with Darryl Steinberg re: |
| 29779-0001 | 3/10/2010 | 1800 | LIBIN, JB | 0.30 | 240.00 | issue. |

E-2

**INVOICE 566938**

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|--------|------|------|------|-------|--------|-----------|
| 29779-0002 | 3/1/2010 | 1800 | LIBIN, JB | 0.30 | 240.00 | Telephone conversation with J. Ciongoli re: ███ request. |
| 29779-0002 | 3/3/2010 | 1800 | LIBIN, JB | 0.20 | 160.00 | Telephone conversation with J. Ciongoli re: ███ request. |
| | | | | 0.50 | 400.00 | |

E-3

**INVOICE 571002**

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0004 | 1/1/2010 | 1800 | SIMONETTI, MA | 1.20 | 600.00 | NYC - ▓ tax analysis |
| 29779-0004 | 1/4/2010 | 1800 | YOPP, MW | 1.40 | 448.00 | Revise NYC - ▓ |
| 29779-0004 | 1/7/2010 | 1800 | SIMONETTI, MA | 1.50 | 750.00 | NYC ▓ - drafting memo on ▓ issue. |
| 29779-0004 | 1/10/2010 | 1800 | YOPP, MW | 1.90 | 608.00 | Revise memo on NY City ▓ issues. |
| 29779-0004 | 1/11/2010 | 1800 | SIMONETTI, MA | 1.40 | 700.00 | New York City - ▓ memo. |
| 29779-0004 | 1/11/2010 | 1800 | YOPP, MW | 3.40 | 1,088.00 | Revise NY City ▓ Memo. |
| 29779-0004 | 1/12/2010 | 1800 | SIMONETTI, MA | 0.80 | 400.00 | NYC - review and revise outline with additional facts. |
| 29779-0004 | 1/12/2010 | 1800 | YOPP, MW | 4.90 | 1,568.00 | Revise NY City ▓ Memo. |
| 29779-0004 | 1/13/2010 | 1800 | SIMONETTI, MA | 2.50 | 1,250.00 | New York - revisions to the New York ▓ Tax memo. |
| 29779-0004 | 1/13/2010 | 1800 | YOPP, MW | 3.30 | 1,056.00 | Revise memo on NYC ▓ liability. |
| 29779-0004 | 1/14/2010 | 1800 | SIMONETTI, MA | 2.50 | 1,250.00 | New York City - ▓ memorandum |
| 29779-0004 | 1/14/2010 | 1800 | YOPP, MW | 0.50 | 160.00 | Review NYC ▓ Memo. |
| 29779-0004 | 1/16/2010 | 1800 | YOPP, MW | 2.10 | 672.00 | Researched methods for taxpayers in bankruptcy to request NY State and NY City assessments, and draft correspondence regarding same. |
| 29779-0004 | 1/17/2010 | 1800 | YOPP, MW | 1.80 | 576.00 | Researched methods for taxpayers in bankruptcy to request NY State and NY City assessments, and draft correspondence regarding same. |
| 29779-0004 | 3/12/2010 | 1800 | SIMONETTI, MA | 2.20 | 1,100.00 | New York - ▓ issue |
| | | | | 31.40 | 12,226.00 | |

E-4

**INVOICE 571002**

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0005 | 2/15/2010 | 3848 | SIMS, JA | 1.00 | 410.00 | Review of revised ▇ invoices to determine if taxability is correct. |
| 29779-0005 | 2/16/2010 | 1800 | SIMS, JA | 1.00 | 410.00 | Review of revised ▇ invoices to determine if taxability is correct. Prepare email analyzing same. |
| 29779-0005 | 3/3/2010 | 1800 | TRESH, ES | 1.00 | 580.00 | Review of ▇ proposal. |
| 29779-0005 | 3/12/2010 | 1800 | TRESH, ES | 1.00 | 580.00 | Call with ▇ |
| | | | | 4.00 | 1,980.00 | |

E-5

| INVOICE 571002 | | | | | | Narrative |
|---|---|---|---|---|---|---|
| Matter | Date | Code | Name | Hours | Amount | |
| 29779-0006 | 4/12/2010 | 1800 | OCASAL, C | 1.00 | 660.00 | Reviewed IRS rebuttal to Protest. |
| 29779-0006 | 4/14/2010 | 1800 | LIBIN, JB | 0.50 | 400.00 | Reviewing IRS Rebuttal to Protest. |
| 29779-0006 | 4/16/2010 | 1800 | LIBIN, JB | 1.50 | 1,200.00 | Reviewing IRS rebuttal to Protest. |
| 29779-0006 | 4/20/2010 | 1800 | LIBIN, JB | 2.40 | 1,920.00 | Reviewing IRS Rebuttal and Protest filed. |
| 29779-0006 | 4/22/2010 | 1800 | TELLO, CP | 5.50 | 3,190.00 | Reviewing ▮▮ IRS Rebuttal and NOPA and Protest. |
| 29779-0006 | 4/23/2010 | 1800 | TELLO, CP | 3.20 | 1,856.00 | Further review/analysis of IRS rebuttal. |
| 29779-0006 | 4/26/2010 | 1800 | LIBIN, JB | 1.20 | 960.00 | Reviewing NOPA, Protest and Rebuttal. |
| 29779-0006 | 4/26/2010 | 1800 | SPARAGNA, GT | 3.60 | 2,664.00 | Review IRS rebuttal and court filing. |
| 29779-0006 | 4/26/2010 | 1800 | TELLO, CP | 1.00 | 580.00 | Reviewing materials/analysis. |
| 29779-0006 | 4/27/2010 | 1800 | SPARAGNA, GT | 1.60 | 1,184.00 | ▮▮ review of IRS Rebuttal. |
| 29779-0006 | 4/29/2010 | 1800 | LIBIN, JB | 1.80 | 1,440.00 | Reviewing IRS Rebuttal to Protest. |
| | | | | 23.30 | 16,054.00 | |

E-6

Invoice 578985

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0006 | | 1800 | BYRNE, TM | 0.40 | 192.00 | review J. Libin memo re ▮ bankruptcy issue; replying |
| 29779-0006 | 5/3/2010 | 1800 | LIBIN, JB | 0.50 | 400.00 | Reviewing IRS Notice of Proposed Adjustments. Discussion and telephone conversation with J. Ciongoli, D. Steinberg, et al. re: tax issues and analysis. |
| 29779-0006 | 5/3/2010 | 1800 | LIBIN, JB | 1.50 | 1,200.00 | Discussion with C. Tello, G. Sparagna, C. Ocasal re: tax issues raised by IRS. |
| 29779-0006 | 5/3/2010 | 1800 | LIBIN, JB | 1.50 | 1,200.00 | Internal meeting with J. Libin and C. Tello to discuss issues and analysis; telephone call with client; review of protest submitted by Lehman. |
| 29779-0006 | 5/3/2010 | 1800 | OCASAL, C | 4.70 | 3,102.00 | Preparation for internal meeting with J. Libin, C. Ocasal; reviewing ▮ Notice of Proposed Adjustment, Protest, Rebuttal. |
| 29779-0006 | 5/3/2010 | 1800 | TELLO, CP | 1.00 | 580.00 | Internal meeting with J. Libin and C.Ocasal to review issues and position. |
| 29779-0006 | 5/3/2010 | 1800 | TELLO, CP | 1.50 | 870.00 | Internal meeting with J. Libin and C. Ocasal and conference call with Lehman re: Sutherland view of issues. |
| 29779-0006 | 5/3/2010 | 1800 | TELLO, CP | 1.50 | 870.00 | Telephone conversation and discussion with J. Ciongoli report re: settlement with IRS following Appeals Conference. |
| 29779-0006 | 5/14/2010 | 1800 | LIBIN, JB | 0.30 | 240.00 | Attention to email from J. Libin regarding IRS Appeals settlement. |
| 29779-0006 | 5/14/2010 | 1800 | TELLO, CP | 0.10 | 58.00 | Discussed ▮ settlement with C. Ocasal. |
| 29779-0006 | 5/18/2010 | 1800 | LIBIN, JB | 0.50 | 400.00 | Discussed ▮ settlement with J. Libin. |
| 29779-0006 | 5/18/2010 | 1800 | OCASAL, C | 0.50 | 330.00 | |
| 29779-0006 | 5/18/2010 | 1800 | TELLO, CP | 0.10 | 58.00 | Attention to email from J. Libin regarding final resolution of issues. |
| | | | | 14.10 | 9,500.00 | |

E-7

**Invoice 5778985**

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0007 | 5/24/2010 | 1800 | TELLO, CP | 0.50 | 290.00 | Reviewing IRS Notice of Proposed Adjustments to prepare for meeting. |
| 29779-0007 | 5/26/2010 | 1800 | TELLO, CP | 1.00 | 580.00 | Reviewing file materials in preparation for meeting. |
| | | | | 1.50 | 870.00 | |

E-8

**INVOICE 566938**

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0008 | 3/24/2010 | 1800 | OCASAL, C | 1.00 | 660.00 | ▮ - Reviewed Lehman materials relating to ▮ deals. |
| 29779-0008 | 3/29/2010 | 1800 | SPARAGNA, GT | 5.90 | 4,366.00 | review and attention to analysis of ▮ transaction. |
| 29779-0008 | 3/31/2010 | 1800 | OCASAL, C | 2.00 | 1,320.00 | Reviewed IRS materials relating to ▮ deals. |
| | | | | 8.90 | 6,346.00 | |

**INVOICE 571002**

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0008 | 4/3/2010 | 1800 | LIBIN, JB | 1.60 | 1,280.00 | Reviewing Draft Protest prepared for IRS. |
| 29779-0008 | 4/5/2010 | 1800 | TELLO, CP | 3.50 | 2,030.00 | Reviewing transaction documents. |
| 29779-0008 | 4/7/2010 | 1800 | LIBIN, JB | 3.30 | 2,640.00 | Reviewing draft Protest and materials. |
| 29779-0008 | 4/7/2010 | 1800 | TELLO, CP | 2.30 | 1,334.00 | Reviewing transaction documents. |
| 29779-0008 | 4/8/2010 | 1800 | LIBIN, JB | 1.20 | 960.00 | Reviewing NOPA materials. |
| 29779-0008 | 4/8/2010 | 1800 | SPARAGNA, GT | 5.40 | 3,996.00 | Attention to legal and factual analysis re protest to be filed. |
| 29779-0008 | 4/8/2010 | 1800 | TELLO, CP | 3.90 | 2,262.00 | Reviewing draft Protest. |
| 29779-0008 | 4/9/2010 | 1800 | LIBIN, JB | 1.70 | 1,360.00 | Discussing issues covered in draft Protest - C. Tello, et al. |
| 29779-0008 | 4/9/2010 | 1800 | LIBIN, JB | 2.00 | 1,600.00 | Conference with Chris Bowers, et al. |
| 29779-0008 | 4/9/2010 | 1800 | SPARAGNA, GT | 3.00 | 2,220.00 | review and analysis of [redacted] |
| 29779-0008 | 4/9/2010 | 1800 | SPARAGNA, GT | 1.70 | 1,258.00 | meeting with J. Libin and C. Tello re review and analysis of [redacted] |
| 29779-0008 | 4/9/2010 | 1800 | SPARAGNA, GT | 1.70 | 1,258.00 | meeting with Chris Bowers and SAB Team and B. Brier. |
| 29779-0008 | 4/9/2010 | 1800 | OCASAL, C | 1.00 | 660.00 | Internal discussion re: issues. |
| 29779-0008 | 4/9/2010 | 1800 | OCASAL, C | 2.00 | 1,320.00 | Meeting with Chris Bowers, et al. |
| 29779-0008 | 4/9/2010 | 1800 | TELLO, CP | 1.50 | 870.00 | Reviewing transaction documents. |
| 29779-0008 | 4/9/2010 | 1800 | TELLO, CP | 1.70 | 986.00 | Internal meeting; meeting to discuss issues. |
| 29779-0008 | 4/11/2010 | 1800 | TELLO, CP | 1.10 | 638.00 | Review [redacted] ruling requirements, court case, and ruling regarding [redacted] transaction. |
| 29779-0008 | 4/12/2010 | 1800 | OCASAL, C | 1.50 | 990.00 | Reviewed revised protest. |
| 29779-0008 | 4/12/2010 | 1800 | TELLO, CP | 4.50 | 2,610.00 | Reviewing NOPA and draft Protest. |
| 29779-0008 | 4/13/2010 | 1800 | LIBIN, JB | 1.30 | 1,040.00 | Reviewing and discussing revised Protest. |
| 29779-0008 | 4/13/2010 | 1800 | SPARAGNA, GT | 1.50 | 1,110.00 | meeting with Sutherland Team. |
| 29779-0008 | 4/13/2010 | 1800 | SPARAGNA, GT | 4.60 | 3,404.00 | attention to [redacted] analysis and documentation re same. |
| 29779-0008 | 4/13/2010 | 1800 | TELLO, CP | 1.50 | 870.00 | Internal meeting. |
| 29779-0008 | 4/13/2010 | 1800 | TELLO, CP | 3.50 | 2,030.00 | Reviewing transaction documents. |
| 29779-0008 | 4/14/2010 | 1800 | LIBIN, JB | 2.00 | 1,600.00 | Discussing draft Protest - C. Tello, G. Sparagna, C. Ocasal. |
| 29779-0008 | 4/14/2010 | 1800 | LIBIN, JB | 1.00 | 800.00 | Telephone conversation - Bingham - C. Bowers, B. Hintmann & B. Brier. |
| 29779-0008 | 4/14/2010 | 1800 | SPARAGNA, GT | 1.00 | 740.00 | Tele-Conference with Sutherland C. Bowers and B. Brier. |
| 29779-0008 | 4/14/2010 | 1800 | SPARAGNA, GT | 3.90 | 2,886.00 | analysis of [redacted] documentation, [redacted] legal analysis and attention to revised submissions. |
| 29779-0008 | 4/14/2010 | 1800 | SPARAGNA, GT | 2.00 | 1,480.00 | conference with Sutherland team. |
| 29779-0008 | 4/14/2010 | 1800 | OCASAL, C | 1.50 | 990.00 | Discussed internally draft Protest. |
| 29779-0008 | 4/14/2010 | 1800 | OCASAL, C | 1.00 | 660.00 | Discussed [redacted] protest with client. |
| 29779-0008 | 4/14/2010 | 1800 | TELLO, CP | 1.00 | 580.00 | Conference call with C. Bowers and Bruce Brier. |
| 29779-0008 | 4/14/2010 | 1800 | TELLO, CP | 1.30 | 754.00 | Review [redacted] ruling request. |
| 29779-0008 | 4/14/2010 | 1800 | TELLO, CP | 2.00 | 1,160.00 | Internal meeting to discuss draft Protest. |
| 29779-0008 | 4/19/2010 | 1800 | BARLATT, T | 0.50 | 132.50 | Finding and then distributing a case and a JCT technical explanation to attorneys. |
| | | | | 74.20 | 50,508.50 | |

E-9

E-10

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|--------|------|------|------|-------|--------|-----------|
| INVOICE 566938 | | | | | | |
| 29779-0009 | 3/16/2010 | 1800 | TELLO, CP | 3.90 | 2,262.00 | Begin reviewing documents regarding ▮▮▮ and analysis. |
| 29779-0009 | 3/17/2010 | 1800 | TELLO, CP | 6.50 | 3,770.00 | Reviewing ▮▮▮ transaction documents; reviewing relevant portions of ▮▮▮ treaty and ▮▮▮. |
| 29779-0009 | 3/18/2010 | 1800 | LIBIN, JB | 2.00 | 1,600.00 | Reviewing and discussing issues with C. Tello re: draft Protest involving ▮▮▮. |
| 29779-0009 | 3/18/2010 | 1800 | TELLO, CP | 2.00 | 1,160.00 | Confer with J. Libin regarding ▮▮▮ transactions. |
| 29779-0009 | 3/19/2010 | 1800 | LIBIN, JB | 2.00 | 1,600.00 | Conference with C. Bowers and N. Leyva of Bingham and C. Tello regarding Draft Protest to be submitted to IRS. |
| 29779-0009 | 3/19/2010 | 1800 | TELLO, CP | 0.70 | 406.00 | Reviewing relevant ▮▮▮ law provisions. |
| 29779-0009 | 3/19/2010 | 1800 | TELLO, CP | 1.80 | 1,044.00 | Meeting with Bingham lawyers C. Bowers and N. Leyva regarding response to IRS NOPA ▮▮▮. |
| 29779-0009 | 3/26/2010 | 1800 | TELLO, CP | 0.90 | 522.00 | – Reviewing ▮▮▮ memo regarding ▮▮▮ law and ▮▮▮ treaty. |
| | | | | 19.80 | 12,364.00 | |

E-11

**INVOICE 566938**

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0010 | 3/18/2010 | 1800 | TELLO, CP | 3.70 | 2,146.00 | Research regarding ▓ law; analysis and review of documents provided by Lehman. |
| 29779-0010 | 3/19/2010 | 1800 | TELLO, CP | 2.20 | 1,276.00 | Reviewing IRS NOPA and ▓ and LMSB Industry Directive regarding tax treatment of ▓ |
| 29779-0010 | 3/22/2010 | 1800 | LIBIN, JB | 1.50 | 1,200.00 | Reviewing materials provided by Bingham. |
| 29779-0010 | 3/22/2010 | 1800 | TELLO, CP | 3.50 | 2,030.00 | Reviewing IRS NOPA regarding ▓ and other relevant materials. |
| 29779-0010 | 3/24/2010 | 1800 | LIBIN, JB | 1.70 | 1,360.00 | Reviewing IRS write-up of proposed adjustments. ▓ issue, read material |
| 29779-0010 | 3/28/2010 | 1800 | OCASAL, C | 2.00 | 1,320.00 | provided by Lehman. ▓ case and |
| 29779-0010 | 3/30/2010 | 1800 | TELLO, CP | 0.50 | 290.00 | Review article regarding ▓ case and interpretation of ▓ Treaty. |
| 29779-0010 | 3/31/2010 | 1800 | LIBIN, JB | 1.30 | 1,040.00 | Reviewing IRS write-up of proposed adjustments. |
| | | | | 16.40 | 10,662.00 | |

E-12

**INVOICE 571002**

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0010 | 4/14/2010 | 1800 | LIBIN, JB | 0.80 | 640.00 | Reviewing draft Protest. |
| 29779-0010 | 4/14/2010 | 1800 | SPARAGNA, GT | 0.50 | 370.00 | attention to documentation re same. |
| 29779-0010 | 4/15/2010 | 1800 | LIBIN, JB | 1.30 | 1,040.00 | Reviewing draft Protest. |
| 29779-0010 | 4/15/2010 | 1800 | SPARAGNA, GT | 0.40 | 296.00 | attention to review and legal analysis. |
| 29779-0010 | 4/16/2010 | 1800 | LIBIN, JB | 2.80 | 2,240.00 | Reviewing materials - draft Protest. |
| 29779-0010 | 4/16/2010 | 1800 | TELLO, CP | 6.10 | 3,538.00 | Reviewing NOPA. |
| 29779-0010 | 4/18/2010 | 1800 | SPARAGNA, GT | 2.50 | 1,850.00 | Review ██████ tax matter. |
| 29779-0010 | 4/18/2010 | 1800 | TELLO, CP | 1.80 | 1,044.00 | Reviewing ██████ Protest. |
| 29779-0010 | 4/19/2010 | 1800 | LIBIN, JB | 2.00 | 1,600.00 | Conference with C. Tello, C. Ocasal and G. Sparagna re: Protest. |
| 29779-0010 | 4/19/2010 | 1800 | LIBIN, JB | 0.80 | 640.00 | Reviewing revisions to Draft Protest. |
| 29779-0010 | 4/19/2010 | 1800 | SPARAGNA, GT | 4.70 | 3,478.00 | attention to ██████ tax matter; research and analysis. |
| 29779-0010 | 4/19/2010 | 1800 | SPARAGNA, GT | 2.00 | 1,480.00 | Conference with SAB Team re: draft Protest. |
| 29779-0010 | 4/19/2010 | 1800 | OCASAL, C | 2.00 | 1,320.00 | Discussed ██████ issues with J. Libin, G. Sparagna, C. Tello re: Protest. |
| 29779-0010 | 4/19/2010 | 1800 | TELLO, CP | 2.00 | 1,160.00 | Internal meeting re: draft Protest. |
| 29779-0010 | 4/19/2010 | 1800 | TELLO, CP | 4.20 | 2,436.00 | Reviewing relevant materials. |
| 29779-0010 | 4/20/2010 | 1800 | LIBIN, JB | 2.00 | 1,600.00 | Conference with R. Madan, N. Leyva, B. Brier, et al. re: Protest. |
| 29779-0010 | 4/20/2010 | 1800 | OCASAL, C | 3.00 | 1,980.00 | Internal meeting and Bingham meeting. |
| 29779-0010 | 4/20/2010 | 1800 | TELLO, CP | 1.30 | 754.00 | Internal meeting. |
| 29779-0010 | 4/20/2010 | 1800 | TELLO, CP | 2.30 | 1,334.00 | Meeting with Bingham. |
| 29779-0010 | 4/21/2010 | 1800 | SPARAGNA, GT | 0.50 | 370.00 | follow-up re meetings at Bingham. |
| | | | | 43.00 | 29,170.00 | |

E-13

| INVOICE 566938 | | | | | | |
|---|---|---|---|---|---|---|
| Matter | Date | Code | Name | Hours | Amount | Narrative |
| 29779-0011 | 3/31/2010 | 1800 | LIBIN, JB | 0.30 | 240.00 | Telephone conversation with J. Ciongoli and M. Lippman re REMIC issues. |
| 29779-0011 | 3/31/2010 | 1800 | LIBIN, JB | 0.30 | 240.00 | Discussing ██████ issues with R. Chase. |
| 29779-0011 | 3/31/2010 | 1800 | CHASE, RS | 0.30 | 162.00 | Discussing Lehman REMIC matter with J. Libin |
| 29779-0011 | 3/31/2010 | 1800 | PERKINS, LC | 2.40 | 768.00 | Research regarding ██████ transaction. |
| | | | | 3.30 | 1,410.00 | |

E-14

**INVOICE 571002**

| Matter | Date | Cpde | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0011 | 4/1/2010 | 1800 | LIBIN, JB | 1.70 | 1,360.00 | Reviewing and discussing issues re: ▮ memo. |
| 29779-0011 | 4/1/2010 | 1800 | LIBIN, JB | 0.20 | 160.00 | Telephone conversation with J. Ciongoli re: status. |
| 29779-0011 | 4/1/2010 | 1800 | CHASE, RS | 1.10 | 594.00 | Analysis of ▮ authorities; meet with team |
| 29779-0011 | 4/1/2010 | 1800 | JONES, KC | 4.00 | 2,400.00 | discuss issue, research ▮ issue re: REMIC |
| 29779-0011 | 4/1/2010 | 1800 | RUDINSKY, JM | 6.70 | 2,479.00 | Analyze effective ▮ residual interests; C/W J. Libin et al. re: same. |
| 29779-0011 | 4/1/2010 | 1800 | PERKINS, LC | 1.40 | 448.00 | Conference regarding purchase of REMIC interests; research regarding REMIC |
| 29779-0011 | 4/2/2010 | 1800 | LIBIN, JB | 1.80 | 1,440.00 | Reviewing memo and comments. |
| 29779-0011 | 4/2/2010 | 1800 | LIBIN, JB | 1.50 | 1,200.00 | Reviewing relevant cases. |
| 29779-0011 | 4/2/2010 | 1800 | CHASE, RS | 1.00 | 540.00 | Analysis of ▮ for residual interest |
| 29779-0011 | 4/2/2010 | 1800 | JONES, KC | 2.00 | 1,200.00 | research issue regarding ▮ Analyze REMIC accounting and effective ▮ issues; correspondence w/ K. Jones et al. re: same. |
| 29779-0011 | 4/2/2010 | 1800 | RUDINSKY, JM | 8.60 | 3,182.00 | Research regarding effective ▮ of REMIC interest. |
| 29779-0011 | 4/2/2010 | 1800 | PERKINS, LC | 3.40 | 1,088.00 | Analyze REMIC structure and accounting issues for effective ▮ issue. |
| 29779-0011 | 4/3/2010 | 1800 | RUDINSKY, JM | 2.00 | 740.00 | Research. |
| 29779-0011 | 4/4/2010 | 1800 | JONES, KC | 3.50 | 2,100.00 | Research regarding ▮ purchase of REMIC interest. |
| 29779-0011 | 4/4/2010 | 1800 | PERKINS, LC | 2.70 | 864.00 | Reviewing and discussing ▮ authorities. |
| 29779-0011 | 4/5/2010 | 1800 | LIBIN, JB | 2.20 | 1,760.00 | Analysis of ▮ for purposes of transfer of residual interests |
| 29779-0011 | 4/5/2010 | 1800 | CHASE, RS | 0.40 | 216.00 | Research. |
| 29779-0011 | 4/5/2010 | 1800 | JONES, KC | 3.50 | 2,100.00 | Analyze REMIC effective ▮ issue; C/W J. Libin et al. re: same; correspondence to J. Libin re: safe harbor. |
| 29779-0011 | 4/5/2010 | 1800 | RUDINSKY, JM | 6.10 | 2,257.00 | Research regarding purchase of REMIC interest; conference regarding REMIC interest issue. |
| 29779-0011 | 4/5/2010 | 1800 | PERKINS, LC | 6.00 | 1,920.00 | Reviewing and discussing issues. |
| 29779-0011 | 4/6/2010 | 1800 | LIBIN, JB | 0.40 | 320.00 | Reviewing cases. |
| 29779-0011 | 4/6/2010 | 1800 | LIBIN, JB | 1.10 | 880.00 | addl research |
| 29779-0011 | 4/6/2010 | 1800 | JONES, KC | 0.50 | 300.00 | Review correspondence from L. Perkins re: |
| 29779-0011 | 4/6/2010 | 1800 | RUDINSKY, JM | 0.40 | 148.00 | effective ▮ issues; analyze same. |
| 29779-0011 | 4/6/2010 | 1800 | PERKINS, LC | 6.10 | 1,952.00 | Research regarding effective ▮ of REMIC interest. |
| 29779-0011 | 4/8/2010 | 1800 | LIBIN, JB | 1.30 | 1,040.00 | Reviewing cases. |

E-15

**INVOICE 571002**

| Matter | Date | Cpde | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0011 | 4/12/2010 | 1800 | LIBIN, JB | 1.50 | 1,200.00 | Reviewing and discussing cases for draft memo. |
| 29779-0011 | 4/12/2010 | 1800 | LIBIN, JB | 0.40 | 320.00 | Telephone conversation with J. Ciongoli, et al. |
| 29779-0011 | 4/12/2010 | 1800 | LIBIN, JB | 0.20 | 160.00 | Telephone conversation with J. Ciongoli. |
| 29779-0011 | 4/12/2010 | 1800 | CHASE, RS | 2.40 | 1,296.00 | Analysis of ▓ considerations; discuss with team |
| 29779-0011 | 4/12/2010 | 1800 | JONES, KC | 0.50 | 300.00 | discuss ▓ issue |
| 29779-0011 | 4/12/2010 | 1800 | RUDINSKY, JM | 0.80 | 296.00 | C/W J. Libin et al. re: effective ▓ issue. |
| 29779-0011 | 4/12/2010 | 1800 | PERKINS, LC | 2.00 | 640.00 | Research regarding effective ▓ of REMIC interest; conference regarding same. |
| 29779-0011 | 4/13/2010 | 1800 | LIBIN, JB | 0.40 | 320.00 | Reviewing scope of memorandum re: ▓ |
| 29779-0011 | 4/13/2010 | 1800 | PERKINS, LC | 4.50 | 1,440.00 | Prepared memorandum regarding effective ▓ of REMIC interest. |
| 29779-0011 | 4/14/2010 | 1800 | PERKINS, LC | 3.40 | 1,088.00 | Prepared memorandum regarding effective ▓ of REMIC interest. |
| 29779-0011 | 4/15/2010 | 1800 | LIBIN, JB | 1.30 | 1,040.00 | Reviewing draft memo. |
| 29779-0011 | 4/15/2010 | 1800 | JONES, KC | 0.80 | 480.00 | review draft memo |
| 29779-0011 | 4/15/2010 | 1800 | PERKINS, LC | 3.90 | 1,248.00 | Prepared memorandum regarding effective ▓ of REMIC interest. |
| 29779-0011 | 4/16/2010 | 1800 | JONES, KC | 0.50 | 300.00 | email comments on memo |
| 29779-0011 | 4/16/2010 | 1800 | RUDINSKY, JM | 0.30 | 111.00 | Review draft REMIC memo and K. Jones comments re: same. |
| 29779-0011 | 4/16/2010 | 1800 | PERKINS, LC | 0.10 | 32.00 | Reviewed comments regarding memorandum. |
| 29779-0011 | 4/20/2010 | 1800 | PERKINS, LC | 0.60 | 192.00 | Reviewed authorities regarding effective ▓ of REMIC interests. |
| 29779-0011 | 4/21/2010 | 1800 | LIBIN, JB | 2.50 | 2,000.00 | Reviewing and discussing draft memo re: ▓ and cases. |
| 29779-0011 | 4/21/2010 | 1800 | CHASE, RS | 2.10 | 1,134.00 | Review and comment on REMIC analysis |
| 29779-0011 | 4/21/2010 | 1800 | RUDINSKY, JM | 0.90 | 333.00 | Review REMIC memo; correspondence to group and to L. Perkins re: comments to memo. |
| 29779-0011 | 4/21/2010 | 1800 | PERKINS, LC | 1.00 | 320.00 | Reviewed comments to memorandum; research regarding characterization of ▓ agreement. |
| 29779-0011 | 4/22/2010 | 1800 | LIBIN, JB | 2.00 | 1,600.00 | Reviewing Draft memo. |
| 29779-0011 | 4/22/2010 | 1800 | PERKINS, LC | 1.30 | 416.00 | Research regarding effective ▓; prepared revisions to memorandum. |
| 29779-0011 | 4/25/2010 | 1800 | CHASE, RS | 1.50 | 810.00 | Prepare memorandum re: tax treatment of effective ▓ of REMIC residuals |
| 29779-0011 | 4/26/2010 | 1800 | LIBIN, JB | 2.50 | 2,000.00 | Reviewing and discussing revised draft memo. |
| 29779-0011 | 4/26/2010 | 1800 | CHASE, RS | 5.50 | 2,970.00 | Prepare draft memorandum summarizing analysis on REMIC transactions |
| 29779-0011 | 4/26/2010 | 1800 | PERKINS, LC | 0.50 | 160.00 | Reviewed revised memorandum; conference regarding terms of ▓ REMIC interests. |
| 29779-0011 | 4/27/2010 | 1800 | LIBIN, JB | 0.80 | 640.00 | Reviewing cases. |

E-16

| INVOICE 571002 | | | | | |
|---|---|---|---|---|---|
| Matter | Date | Cpde | Name | Hours | Amount | Narrative |
| 29779-0011 | 4/27/2010 | 1800 | PERKINS, LC | 1.10 | 352.00 | Revised memorandum regarding ▓▓▓ REMIC interests. |
| 29779-0011 | 4/28/2010 | 1800 | LIBIN, JB | 1.20 | 960.00 | Reviewing draft memo. |
| 29779-0011 | 4/29/2010 | 1800 | LIBIN, JB | 1.20 | 960.00 | Reviewing draft memo. |
| 29779-0011 | 4/29/2010 | 1800 | LIBIN, JB | 0.80 | 640.00 | Discussing issues re ▓▓▓▓▓ - R. Chase, K. Jones, et al. |
| 29779-0011 | 4/29/2010 | 1800 | CHASE, RS | 0.80 | 432.00 | Discuss summary of analysis with team and open research points; review draft memorandum |
| 29779-0011 | 4/29/2010 | 1800 | JONES, KC | 1.30 | 780.00 | review draft memo and discuss |
| 29779-0011 | 4/29/2010 | 1800 | RUDINSKY, JM | 2.70 | 999.00 | C/W J. Libin et al. re: REMIC analysis and review of memo; analyze REMIC ▓▓▓ issue. |
| 29779-0011 | 4/29/2010 | 1800 | PERKINS, LC | 3.60 | 1,152.00 | Conference regarding memorandum; research regarding characterization of timing of ▓▓▓ |
| 29779-0011 | 4/30/2010 | 1800 | PERKINS, LC | 3.40 | 1,088.00 | Research regarding characterization of ▓▓▓; revised memorandum. |
| | | | | 129.90 | 62,897.00 | |

E-17

Invoice 578985

| Matter | Date | Code | Name | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 29779-0011 | 5/3/2010 | 1800 | LIBIN, JB | 0.20 | 160.00 | Discussing status of draft memorandum. |
| 29779-0011 | 5/3/2010 | 1800 | JONES, KC | 2.50 | 1,500.00 | Research on ■■■■ |
| 29779-0011 | 5/3/2010 | 1800 | RUDINSKY, JM | 2.30 | 851.00 | Review correspondence from K. Jones re: Letter of Intent issue; analyze ■■■■ issues; correspondence to group re: same. |
| 29779-0011 | 5/3/2010 | 1800 | PERKINS, LC | 6.60 | 2,112.00 | Research regarding terms and characterization of ■■■■; revised memorandum regarding ■■■■ REMIC interests. |
| 29779-0011 | 5/4/2010 | 1800 | LIBIN, JB | 0.80 | 640.00 | Reviewing draft memo re: ■■■■ 2010. |
| 29779-0011 | 5/4/2010 | 1800 | JONES, KC | 6.00 | 3,600.00 | Research and redrafting memo re: ■■■■ |
| 29779-0011 | 5/4/2010 | 1800 | PERKINS, LC | 0.20 | 64.00 | Reviewed revised memorandum. |
| 29779-0011 | 5/5/2010 | 1800 | LIBIN, JB | 0.30 | 240.00 | Reviewing NY law issues and comments regarding ■■■■ |
| 29779-0011 | 5/5/2010 | 1800 | LANGLOIS, DP | 2.60 | 1,872.00 | Review of various statements and footnotes in memo to client at request of J. Libin and K. Jones; discuss issues with B. Glick; review memo and caselaw; draft explanation to Jones and Libin and further response on issues of ■■■■ |
| 29779-0011 | 5/5/2010 | 1800 | JONES, KC | 6.00 | 3,600.00 | Redraft and research memo re: ■■■■ |
| 29779-0011 | 5/5/2010 | 1800 | PERKINS, LC | 0.40 | 128.00 | Reviewed revised memorandum. |
| 29779-0011 | 5/5/2010 | 1800 | GLICK, B | 5.40 | 1,431.00 | Research whether ■■■■ may be enforceable retroactively if both parties intend so, under New York law |
| 29779-0011 | 5/6/2010 | 1800 | LIBIN, JB | 0.20 | 160.00 | Reviewing NY law issues and comments re: retroactivity and use of ■■■■ |
| 29779-0011 | 5/6/2010 | 1800 | LIBIN, JB | 0.90 | 720.00 | Reviewing final draft of memo before sending to Lehman. |
| 29779-0011 | 5/6/2010 | 1800 | JONES, KC | 2.00 | 1,200.00 | Follow-up on NY law issues re: ■■■■ |
| | | | | 36.40 | 18,278.00 | |

| | | | | | EXHIBIT F | |
|---|---|---|---|---|---|---|
| | | | | | Expense Detail for Sutherland, Asbill & Brennan LLP - February 1, 2010 to May 31, 2010 | |
| Row Numbe | Date of Service | Nature of Expense | Timekeeper Last Name | Timekeeper First Name | Expense Description | Expense ($) |
| 1. | 2/18/2010 | Working Lunch | Libin | Jerome | Lunch for Lehman Team (Ciongoli, Brier, Steinberg) Bingham Team (Madan, Leyva, Bowers); Sutherland Team (Libin, Sparagna, Tello, Ocasal) | $189.87 |
| 2. | 3/17/2010 | Woking Lunch | Libin | Jerome | Lunch for Lehman Team (Ciongoli, Brier, Steinberg); Sutherland Team (Libin, Sparagna, Tello, Ocasal) | $133.48 |
| 3. | 04/01/10 - 04/30/10 | Online Research | Libin | Jerome | | $133.92 |
| 4. | 03/01/10 - 05/31/10 | Photocopies | Libin | Jerome | | $566.85 |
| 5. | 4/20/2010 | Travel Ground Transporation | Libin | Jerome | Taxi to Bingham Offices and return for joint meeting | $20.00 |
| 6. | | | | | | $1,024.12 |
| 7. | | | | | Total: | |
| 8. | | | | | | |
| 9. | | | | | | |
| 10. | | | | | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | | | |
| 16. | | | | | | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |
| 21. | | | | | | |
| 22. | | | | | | |
| 23. | | | | | | |
| 24. | | | | | | |
| 25. | | | | | | |
| 26. | | | | | | |
| 27. | | | | | | |
| 28. | | | | | | |
| 29. | | | | | | |
| 30. | | | | | | |