Hearing Date and Time: August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                 :
In re                                            :   Chapter 11
                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,           :   Case No. 08-13555 (JMP)
                                                 :
                  Debtors.                       :   (Jointly Administered)
                                                 :
-------------------------------------------------------------------x
```

**LEHMAN BROTHERS HOLDINGS INC.'S AND LEHMAN COMMERCIAL
PAPER INC.'S REPLY TO OBJECTION OF U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE TO THE MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND
LEHMAN COMMERCIAL PAPER INC. PURSUANT TO SECTION 363 OF THE
BANKRUPTCY CODE TO AMEND THE RACERS TRANSACTION DOCUMENTS
AND TERMINATE CERTAIN RACERS TRANSACTION DOCUMENTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") file this reply to the objection (the "Objection") interposed by U.S. Bank National Association ("U.S. Bank" or the "Trustee") to LBHI's and LCPI's motion, dated July 27, 2010, to amend the Racers Transaction Documents and terminated certain Racers Transaction Documents (the "Motion")[1] and respectfully represent:

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Motion.

US_ACTIVE:\43474809\03\58399.0008

**Preliminary Statement**

1. U.S. Bank has essentially objected to the Motion on two grounds – that the relief in the Motion should not be granted because LBHI and LCPI cannot certifiy that no other entity has an interest in the Racers MM Notes, and that U.S. Bank should be granted a release and discharge in connection with its duties as Indenture Trustee and/or Owner Trustee of the RACERS MM Notes.  The Objection, however, illustrates exactly why the relief requested is necessary.  The Motion seeks the amendment and/or termination of the RACERS Transaction Documents precisely because LBHI and LCPI cannot certify to U.S. Bank's satisfaction that no other entity has an interest in the RACERS MM Notes, and, as such, are unable to efficiently and economically manage the Underlying Assets.  To this end, the Motion seeks the termination of the Participation Agreement and the replacement of U.S. Bank with LBHI, but in doing so, provides for the reservation of all rights of all parties.  Because of this reservation of rights, a full release and discharge of U.S. Bank is inappropriate.

2. The Debtors are willing to make certain concessions to U.S. Bank, and [will] submit a revised Order reflecting these changes.  Specifically, the Debtors have amended the Order so that the tolling will not apply to U.S. Bank and to provide for a release of U.S. Bank with respect to any and all potential liability incurred on account of this Motion and Order.

**Replacement of the Trustee Is Necessary and
Is in the Best Interests of the Debtors and their Estates**

3. U.S. Bank objects to LBHI's replacement of U.S. Bank as Trustee because LBHI is "unwilling to provide [] certification [of ownership]."  See Objection p. 8.  LBHI's inability to provide the Ownership Certification is the precise reason the relief in the Motion is necessary, and exactly why LBHI's replacement of U.S. Bank as Trustee is in the best interests of the Debtors and their estates.

4.    As set forth in the Objection, the RACERS MM Notes are held by Cede & Co., the nominee for the Depository Trust Company (the "DTC").  The DTC holds for Citibank N.A. ("Citibank") which acts as custodian form LBHI.  Pursuant to the Indenture, LBHI, as the indirect holder of the RACERS MM Notes, is authorized to instruct Cede & Co. (through Citibank) to act on its behalf.  U.S. Bank, however, has requested additional documentation not required under the RACERS Transaction Documents, such as an Ownership Certification, prior to accepting direction.  In view of the fact that LBI may allege that it has a remote, contingent interest in the RACERS MM Notes, LBHI has not been willing to make this Ownership Certification, and U.S. Bank has refused to take action with respect to the RACERS MM Notes.[2]  To remedy this situation, the Motion seeks the termination of the Participation Agreement and Control Agreement and amendment of other RACERS Transaction Documents to replace U.S. Bank with LBHI, or its designee, in all capacities related to the Trusts; a solution which is necessary to enable the Debtors to manage their assets for the benefit of their estates and creditors.

5.    Furthermore, Section 6.8 of the Indenture for the RACERS MM Notes permits the holders of two-thirds of the RACERS MM Notes to remove the Trustee without cause.  As all parties that may have interest in the RACERS MM Notes consent to the replacement of U.S. Bank with LBHI, the relief requested in the Motion should be granted.

### A Release and Discharge for U.S. Bank Is Inappropriate Because the Motion Reserves the Rights of all Parties

6.    As set forth above, the Debtors are willing to release U.S. Bank with respect to any potential liability on account of the Motion.  U.S. Bank, however, has requested a much broader release.  Specifically, U.S. Bank has requested a full release and discharge with

---

[2] The SIPA Trustee supports the relief requested in the Motion.

respect to any claims and obligations under the trust documents. Not only is there no justification in the RACERS Transaction Documents to grant such a broad release, but the purpose of this transaction is to replace U.S. Bank as trustee while leaving the rights of all parties in place. As such, U.S. Bank would not be subjected to any more or less liability on account of this transaction than it would be if it were to remain the trustee of the RACERS MM Notes. A release from liability arising solely from the transactions contemplated by the Motion is sufficient to protect U.S. Bank.

### Conclusion

7. The fact that U.S. Bank asserts that the termination of the Participation Agreement and the replacement of U.S. Bank as Trustee with LBHI because LBHI is unable supply an Ownership Certification illustrates precisely why the relief requested in the Motion is necessary. Furthermore, the reservation of rights in the Motion combined with the amendments to the Order appropriately protect U.S. Bank. For these reasons, LBHI and LCPI request that the Court grant the Motion and overrule the Objection.

Dated:   August 16, 2010
         New York, New York

/s/ Alfredo R. Pérez
Alfredo R. Pérez

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5040
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession