DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

- and -

Brian E. Greer
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Fax: (212) 698-3599
Email: brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | Bankr. Case No. 08 - 13555 (JMP) |
| Debtors. | Jointly Administered |

**SUMMARY STATEMENT FOR FIRST INTERIM FEE APPLICATION**
**OF DECHERT LLP, SPECIAL COUNSEL FOR THE DEBTORS,**
**FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

Name of Applicant:             Dechert LLP

Role in the Case:              Special Counsel to the Debtors

Date of retention:             June 22, 2010, (*Nunc pro tunc* to March 1, 2010)

15802678

| | |
|---|---|
| Period for which compensation and reimbursement is sought: | March 1, 2010, through and including May 31, 2010 |
| Amount of compensation sought for fees: | $624,268.85 |
| Amount of compensation sought for expenses: | $11,199.34 |
| Prior Interim Applications filed: | None. This is Dechert LLP's First Interim Application as a 327(e) Professional. |
| Payments received in accordance with Ordinary Course Professional Order during Compensation Period on account of fees prior to Dechert LLP's retention pursuant to Special Counsel Order: | $315,209.55 |
| Payments received in accordance with Ordinary Course Professional Order during Compensation Period on account of expenses prior to Dechert LLP's retention pursuant to Special Counsel Order: | $1,325.00. |
| This Application is: | __X__ Interim _____ Final |

## PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES IN USD
From March 1, 2010 through May 31, 2010

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| David W. Forti | Partner | 1995 | 70.70 | 970.00 | $68,579.00 |
| Joseph F. Donley | Partner | 1977 | 33.80 | 905.00 | $30,589.00 |
| Timothy A. Stafford | Partner | 1983 | 18.75 | 895.00 | $16,781.25 |
| Abbi L. Cohen | Partner | 1983 | 3.00 | 855.00 | $2,565.00 |
| Jay Zagoren | Partner | 1979 | 96.80 | 855.00 | $82,764.00 |
| Katherine A. Burroughs | Partner | 1988 | 98.50 | 855.00 | $84,217.50 |
| Louis M. Solomon | Partner | 1988 | 38.40 | 855.00 | $32,832.00 |
| Michael J. Gilbert | Partner | 1994 | 7.60 | 750.00 | $5,700.00 |
| Brian E. Greer | Partner | 1998 | 8.40 | 715.00 | $6,006.00 |
| Jason S. Rozes | Partner | 1998 | 23.20 | 715.00 | $16,588.00 |
| Derrick E. Champagne | Associate | 2002 | 29.30 | 610.00 | $17,873.00 |
| Izabela E. Boltryk | Associate | 1999 | 165.20 | 610.00 | $100,772.00 |
| Jonathan A. Rini | Associate | 2003 | 12.40 | 580.00 | $7,192.00 |
| Joshua I. Sherman | Associate | 2004 | 1.20 | 545.00 | $654.00 |
| Andrew L. Buck | Associate | 1996 | 6.90 | 525.00 | $3,622.50 |
| James I. Downes | Associate | 2001 | 2.10 | 525.00 | $1,102.50 |
| Jessica A. Seger | Associate | 2005 | 13.35 | 495.00 | $6,608.25 |
| David P. Staubitz | Associate | 2005 | 18.30 | 495.00 | $9,058.50 |
| Joseph M. Schuster | Associate | 2006 | 0.60 | 475.00 | $285.00 |
| Justin J. Gdula* | Associate | 2006 | 43.50 | 455.00 | $19,792.50* |
| Katherine K. Rankin | Associate | 2008 | 62.60 | 405.00 | $25,353.00 |
| Bret M. Harper | Associate | 2008 | 8.90 | 400.00 | $3,560.00 |
| Kenneth D. Hackman | Associate | 2008 | 22.06 | 395.00 | $8,713.70 |
| Jeremy P. Syz | Associate | 2008 | 35.88 | 395.00 | $14,172.60 |
| Kristin L. Wainright | Associate | 2008 | 97.95 | 395.00 | $38,690.25 |
| Bernard G. Powell | Legal Assistant | N/A | 16.30 | 250.00 | $4,075.00 |
| Luis A. Lopez | Legal Assistant | N/A | 7.50 | 250.00 | $1,875.00 |
| Ann Marie Cotharin | Legal Assistant | N/A | 35.60 | 235.00 | $8,366.00 |
| Barbara Lau | Legal Assistant | N/A | 1.00 | 235.00 | $235.00 |
| Catherine J. Jenssen | Legal Assistant | N/A | 25.50 | 210.00 | $5,355.00 |
| Cynthia A. Goldman | Librarian | N/A | 0.50 | 150.00 | $75.00 |
| Jefferson Holder | Legal Assistant | N/A | 9.18 | 40.00 | $367.20 |
| | | | | | $624,419.75 |
| | | | | Adjustment* | -$150.90 |
| | | TOTALS | 1,014.97 | | $624,268.85 |

\* Fees for Justin J. Gdula will be discounted $150.90 in the total amount requested as an accounting adjustment.

3

15802678

Time spent in preparing Fee Applications: 1.6 Hours.  This time includes fees incurred in connection with preparation of previous fee applications of Dechert LLP.

Is the time spent in preparing Fee Applications included in the total hours described in the Application:
 X  Yes ___ No

**Total Professional Hours: 919.39**
**Total Paraprofessional Hours: 95.58**
**Total Hours: 1,014.97**
**Total Fee Amount: $ 624,268.85**
**Blended Rate: $ 615.06**
**Excluding Paraprofessional Hours: $ 657.04**

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

- and -

Brian E. Greer
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Fax: (212) 698-3599
Email: brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., <u>et al.</u>, | ) | Bankr. Case No. 08 - 13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**FIRST INTERIM FEE APPLICATION OF DECHERT LLP,**
**AS 327(e) SPECIAL COUNSEL, FOR COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**<u>DURING THE PERIOD MARCH 1, 2010 THROUGH MAY 31, 2010</u>**

The law firm of Dechert LLP ("<u>Dechert</u>"), attorneys authorized to provide legal

services as Special Counsel to Lehman Brothers Holdings, Inc. ("<u>LBHI</u>") and its affiliated

debtors in the above captioned chapter 11 cases, hereby files this application (the "<u>Application</u>")

pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §

101 et seq. (the "<u>Bankruptcy Code</u>") and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and the Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of Dechert LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc* to March 1, 2010, dated June 22, 2010 [Docket No. 9724] (the "Special Counsel Order", a copy of which is annexed hereto as Exhibit A), for an award of compensation for professional services rendered to the Debtors in the amount of $624,268.85, incurred during the period from March 1, 2010 through May 31, 2010 (the "Compensation Period"), and reimbursement of disbursements incurred during that same period in the amount of $11,199.34.

## BACKGROUND

### A. The Chapter 11 Cases

1.      On September 15, 2008 and periodically thereafter (the "Commencement Date"), LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers, Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and approved a fee protocol (the "Fee Protocol") [Docket No. 3651].

2

**B.  The Debtor's Business**

5.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets, serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America, and the Asia Pacific region.

6.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## JURISDICTION

7.      The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

8.      The statutory predicates for the relief requested herein are section 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").  By this Application, Dechert respectfully seeks Court approval and allowance for compensation for professional services rendered to the Debtors during the Compensation Period in the aggregate amount of $624,268.85 and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate amount of $11,199.34.

3

## BASIS FOR RELIEF

### A. Dechert's Retention

9. Dechert began performing legal services on behalf of the Debtors as an Ordinary Course Professional pursuant to this Court's Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated January 22, 2009 [Docket No. 2598] (the "Ordinary Course Professional Order"). In accordance with the procedures set forth in the Ordinary Course Professional Order, such retention became effective *nunc pro tunc* to the Commencement Date. On June 1, 2010, the Debtors filed their Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc* to March 1, 2010 [Docket No. 9357] because Dechert's total fees exceed $1 million in or about May 2010. The Court entered the Special Counsel Order on June 22, 2010.

10. The Third Amended Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] (the "Interim Compensation Order", a copy of which is annexed hereto as Exhibit B), entered by the court on June 25, 2009, outlines the procedures that all professionals must follow in order to receive compensation and reimbursement of expenses for services provided to the Debtors.

11. Dechert is a full service law firm with well-developed practices in the areas of business restructuring and reorganization, corporate and securities, complex litigation, finance and real estate and financial services.

B. **Compensation**

12.    This Application is Dechert LLP's first application for interim compensation and reimbursement of expenses as special counsel in these chapter 11 cases, and, in accordance with the Ordinary Course Professionals Order and the Special Counsel Order, includes all amounts received by Dechert in excess of $1 million.

13.    Prior to Dechert's retention pursuant to the Special Counsel Order, during the Compensation Period, Dechert received $315,209.55 in fees (representing 100% of the fees billed for March and April 2010) and $1,325.00 in expenses (representing 100% of the expenses billed for March and April 2010),[1] in accordance with the Ordinary Course Professional Order. Subsequent to entry of the Special Counsel Order, in compliance with the Interim Compensation Order, Dechert submitted a monthly fee statement for May 2010 and received payment in the amount of $165,629.80 (representing 80% of the fees billed by Dechert during May 2010) and expenses incurred in the amount of $6,740.94 (representing 100% of the expenses billed by Dechert during May 2010).

14.    This Application seeks compensation of Dechert for the fair and reasonable fees and expenses incident to the professional services rendered by Dechert to the estates of the Debtors during the Compensation Period.  The compensation requested herein is consistent with the fees customarily charged by Dechert for similar services, reflects the time, labor, and expertise brought to bear on the problems presented, and is in line with the rates charged by similar firms operating in a competitive market for legal services.

15.    This Application does not detail every correspondence, drafting session, meeting, discussion, or conference held, all research conducted, or each of the numerous tasks

---

[1] The detail for the fees and expenses to which such payments relate are included on Exhibits G and H, respectively.

performed by Dechert. Those matters are set forth in detail in the contemporaneous time records as Exhibit C,[2] which indicate the date services were performed, the name of the professional or paraprofessional who rendered the services, a description of the services provided, the amount of time expended, and the cost of such services. In addition, detail for expenses that were incurred by Dechert during the Compensation Period are set forth in Exhibit D. All such expenses are reflected in the books and records of Dechert, which are contemporaneously maintained in the ordinary course of its business.

16.     The professional services for which compensation is sought were rendered in the ordinary course of the Debtors' business and solely on behalf of the Debtors.

17.     By this Application, Dechert seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Compensation Period, including amounts paid to Dechert prior to entry of the Special Counsel Order, in the aggregate amount of $624,268.85 and for reimbursement of actual, necessary expenses incurred in connection with such services in the amount of $11,199.34. During the Compensation Period, Dechert attorneys and paraprofessionals expended a total of 615.06 hours for which compensation is requested.

---

[2] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Official Fee Committee.

## C. **Applicable Authority**

18.     Dechert LLP prepared this Application in accordance with: (a) the Administrative Order Re: Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases, adopted by the Court on April 19, 1995 (the "Local Guidelines"); (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"); (c) the Interim Compensation Order; and (d) this Court's Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 3651] (the "Fee Protocol Order", and together with the Local Guidelines, UST Guidelines, and the Interim Compensation Order, the "Guidelines").     Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is annexed hereto as Exhibit E.

### SUMMARY OF PROFESSIONAL COMPENSATION
### AND REIMBURSEMENT OF EXPENSES REQUESTED

19.     Dechert believes that the fair and reasonable value of its professional services rendered during the Compensation Period is $624,268.85.     Based upon the total attorneys' and paraprofessionals' time expended, and a resulting blended hourly rate of $615.06 for professionals, Dechert believes the compensation requested herein to be reasonable and appropriate.

20.     Dechert also seeks reimbursement of its actual, reasonable, and necessary out-of-pocket expenses in the aggregate amount of $11,199.34.     These expenses were incurred during the course of rendering professional services on behalf of the Debtors during the Compensation Period.

21.     Dechert has utilized its existing hourly rate structure and has calculated its request for compensation by multiplying the hours of time spent on services rendered on behalf

of the Debtors by the hourly rate assigned to each attorney or paraprofessional rendering such services. Dechert respectfully submits that the fees sought herein are customary and based on its normal criteria in matters of this type and are commensurate with the fees that Dechert has been allowed in other chapter 11 cases, including in this District.

22.    Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit F</u> is a schedule setting forth: (a) all Dechert professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period; (b) the capacities in which each such individual is employed by Dechert; (c) the department which each such individual practices; (d) the hourly rate charged by Dechert for services performed by each such individual; (e) the aggregate number of hours expended by each such individual on behalf of the Debtors during the Compensation Period and (f) the year in which each professional was first licensed to practice law.

23.    Annexed hereto as <u>Exhibit G</u> is a schedule specifying the categories of expenses for which Dechert in seeking reimbursement and the total amount of reimbursement requested for each such expense category.

24.    Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit H</u> is a summary by project category of the services performed by Dechert during the Compensation Period.

25.    Dechert maintains computerized records of the time spent by all Dechert attorneys and paraprofessionals in connection with its representation of the Debtors. Subject to redaction for attorney client privilege where necessary to protect the Debtors and their estates, copies of such computerized records for the Compensation Period will be delivered to applicable parties as Exhibit C and copies of Dechert's disbursement records for the Compensation Period will be delivered to applicable parties as Exhibit D.[3]

## SERVICES RENDERED BY DECHERT

26.    The Debtors have asked that Dechert represent the Debtors in a wide variety of real estate matters including loan modifications, loan and asset sales, asset management issues, and workouts and foreclosure of defaulted loans and related matters involving distressed assets.

27.    Dechert also represents certain Debtors and non-Debtor affiliates in connection with matters where Dechert's fees are paid by unaffiliated non-Debtor entities. Because such fees and expenses are not being paid by the Debtors, fees and expenses for those matters have not been included in this Fee Application. Dechert reserves the right to request payment of such fees by the Debtors in accordance with the Interim Compensation Order in the event those fees are not paid by the unaffiliated entities.

28.    The description of services below summarizes the primary services rendered by Dechert during the Compensation Period and highlights the benefits conferred upon the Debtors and their estates and creditors as a result of Dechert's services. The following is a summary description of the matters for which Dechert provided legal services to the Debtors during the Compensation Period:

---

[3] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Official Fee Committee.

**Real Estate Matters (Hours: 509.74 Fees: $346,811.40)**

      29.     During the Compensation Period, Dechert performed a variety of services

relating to its real estate matters, including the following:

- Dechert professionals drafted various agreements including the pre-negotiation agreement, reviewed loan documents and coordinated loan extensions in connection with the BIII portfolio for which the Debtors previously completed a partial foreclosure and now control the BIII properties. During the Compensation Period, Dechert professionals and paraprofessionals expended 46.62 hours for this matter resulting in time charges of $27,922.00.

- Dechert professionals researched tax issues, analyzed borrower issues under various loan documents and provided advice in connection with the potential foreclosure or restructuring of approximate $1.2 billion in debt related to the property located at 237 Park Avenue. During the Compensation Period, Dechert professionals and paraprofessionals expended 36.80 hours for this matter resulting in time charges of $29,750.00.

- Dechert professionals researched insurance law issues and participated in settlement negotiations related to the litigation styled In re Lower Manhattan Disaster Site Litigation. During the Compensation Period, Dechert professionals and paraprofessionals expended 9.90 hours for this matter resulting in time charges of $8,701.50.

- Dechert professionals reviewed loan agreements, analyzed lease issues and coordinated with various parties in connection with the enforcement of remedies under a defaulted financing in the amount of $206.0 million (comprised of both mortgage and mezzanine loans) secured by a boutique hotel located in New York, New York. During the Compensation Period, Dechert professionals and paraprofessionals expended 41.00 hours for this matter resulting in time charges of $26,842.50.

- Dechert professionals prepared and revised amendments and modifications to loan documents and coordinated with various parties in connection with the potential foreclosure and restructure of the Ballpark mortgage and mezzanine loan portfolio totaling approximately $62,000,000 secured by the Ballpark mixed use development in Washington D.C. During the Compensation Period, Dechert professionals and paraprofessionals expended 160.77 hours for this matter resulting in time charges of $105,718.15.

- Dechert professionals reviewed equity and settlement documents, planned restructuring strategies and coordinated with various parties in connection with the restructure of Debtor's equity investment totaling approximately $80,000,000 in the Ballpark mixed use development in Washington D.C. During the Compensation Period, Dechert professionals and paraprofessionals expended 172.10 hours for this matter resulting in time charges of $115,209.00.

- Dechert professionals prepared restructuring strategies, drafted and revised contracts including a pre-negotiation agreement, reviewed loan documents and provided advice regarding the foreclosure of the BIII Portfolio Properties by senior lenders. During the Compensation Period, Dechert professionals and paraprofessionals expended 42.55 hours for these three matters resulting in time charges of $32,668.25.

- For each of these matters, Dechert professionals corresponded electronically and participated in conference calls with the Debtors and/or various of their professionals regarding, among other things, debtor-creditor issues and restructuring strategies.

30.     During    the    Compensation    Period,    Dechert    professionals    and paraprofessionals devoted 509.74 hours to the Real Estate Matters project category resulting in time charges of $346,811.40.

**Loans and Investments (Hours: 479.43 Fees: $262,998.95)**

31.     During the Compensation Period, Dechert performed a variety of services relating to its loans and investments matters, including the following:

- Dechert professionals drafted and filed the foreclosure complaints, prepared litigation strategies, and researched real property issues in connection with mortgage and mezzanine loan workouts related to two properties located in New York, New York, including contemplated mortgage and mezzanine loan foreclosures. During the Compensation Period, Dechert professionals and paraprofessionals expended 344.18 hours for these two matters resulting in time charges of $181,851.20.

- Dechert professionals analyzed foreclosure issues under various loan agreements and related documents, drafted the foreclosure complaint, provided enforcement analysis and coordinated with various parties in connection with a mezzanine loan secured by a multi-family portfolio in Phoenix Arizona, including commencing a mezzanine loan foreclosure and litigation against guarantor. During the Compensation Period, Dechert professionals and paraprofessionals expended 92.05 hours for this matter resulting in time charges of $53,041.75.

- Dechert professionals prepared and revised foreclosure notices, analyzed and prepared foreclosure strategies and assisted with enforcement analysis in connection with a mezzanine loan secured by a multi-family portfolio in Nashville, including commencing a mezzanine loan foreclosure and negotiation and closing of a consensual deed in lieu transaction. During the Compensation Period, Dechert professionals and paraprofessionals expended 40.20 hours for this matter resulting in time charges of $26,599.00.

- Dechert professionals reviewed extension documents, drafted the default notice, participated in conference calls with the client and other professionals discussing the loan

11

modification in connection with a loan secured by hotel trademark collateral.  During the Compensation Period, Dechert professionals and paraprofessionals expended 3.00 hours for this matter resulting in time charges of $1,507.00.

- Dechert professionals assisted with workout negotiations related to a loan secured by membership interests in an entity that indirectly owns property in St. John, USVI. Although there were no fees billed for this matter during the Compensation Period, Dechert incurred expenses associated with this matter during the Compensation Period which are included in this Fee Application.

- For each of these matters, Dechert professionals corresponded electronically and participated in conference calls with the Debtors and/or various of their professionals regarding, among other things, debtor-creditor issues and restructuring strategies.

32.    During the Compensation Period, Dechert professionals and paraprofessionals devoted 479.43 hours to the Loans and Investments project category resulting in time charges of $262,998.95.

**Retention Issues and Fee Applications (Hours: 25.8 Fees: $14,458.50)**

33.    During the Compensation Period, Dechert performed a variety of services relating to its retention and compensation including the following:

- Dechert professionals corresponded electronically and participated in conference calls with the Debtors and/or various of their professionals regarding, among other things, 327(e) retention issues and fee applications.

- Dechert professionals drafted, reviewed, and revised numerous documents including: (a) the 327(e) Retention Application; and (b) the Declaration in Support of the Application;

- Dechert professionals reviewed time entries for confidentiality issues and adherence to the Guidelines.

34.    During the Compensation Period, Dechert professionals and paraprofessionals devoted 24.20 hours to Retention Issues resulting in time charges of $13,146.50.  And, during the Compensation Period, Dechert professionals and paraprofessionals devoted 1.60 hours to Fee Application issues resulting in time charges of $1,312.00.

35.     Dechert submits that for the reasons set forth above, the professional services rendered by Dechert on behalf of the Debtors during the Compensation Period were necessary and reasonable.

## EXPENSES INCURRED BY DECHERT

36.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. 11 U.S.C. § 330. Accordingly, Dechert seeks reimbursement of expenses incurred in rendering services during the Compensation Period.

37.     In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, Dechert maintains the following policies with respect to expenses for which reimbursement is sought:

a.      <u>Internal Duplicating</u> - Charged at $0.10 per page, based upon the cost of duplicating services, which varies due to volume;[4]

b.      <u>Outside Duplicating</u> - Outside duplicating by third parties is charged at the actual cost billed to Dechert;

d.      <u>Computer Research Charges</u> - Westlaw and Lexis legal research is charged according to an equation based on the flat fee charged to Dechert (approximately 50% of the estimated cost for hourly rate for Lexis; approximately 70% of the estimated cost for hourly rate for Westlaw);

f.      <u>Local Car Service</u> - In accordance with the Guidelines, Dechert allows attorneys, legal assistants, and secretaries to charge car service to the appropriate client limited to $100.00 after 8:00 p.m.;

g.      <u>Delivery Services</u> - Dechert's practice is to charge postal, overnight delivery, and courier services at actual cost;

i.      <u>Meals</u> - In accordance with the Guidelines, meals charged to the Debtors were either associated with (i) out-of-town travel and are limited to $40.00 per person; or (ii) attorneys working at least two hours beyond their

---

[4] Prior to the Special Counsel Order, Dechert charged internal duplicating at $0.15 per page, which is reflected in the March and April invoices. In accordance with the Guidelines, Dechert has voluntarily reduced its charges for internal duplicating to $0.10 per page, which is reflected in the May invoices.

normal workday on matters concerning the chapter 11 cases and are limited to $20.00 per person.

## AUTHORITY FOR
## ALLOWANCE OF COMPENSATION

38.    Bankruptcy Code section 331 allows a bankruptcy court to authorize interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title... not more than once every 120 days after an order for relief in a case under this title...."

39.    Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award a trustee, examiner, ombudsman or professional employed pursuant to 11 U.S.C. § 327 reasonable compensation for services and reimbursement of expenses. Specifically, section 330 of the Bankruptcy Code provides that:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered by . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual necessary expenses. . . .
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> A.    the time spent on such services;
>
> B.    the rates charged for such services;
>
> C.    whether the services were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of, a case under this title;

14

D.   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

E.   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in case other than cases under this title.

40.   As noted in In re Guyana Dev. Corp., 201 B.R. 462 (Bankr. S.D. Tex. 1996), Bankruptcy Code section 330(a)(3) is a codification of the factors set forth in Johnson v. Georgia Highway Express, Inc., which provided guidelines for evaluating fee applications. See Johnson, 448 F.2d 714 (5th Cir. 1974) (evaluating fee applications based on (1) time and labor required; (2) novelty and difficulty of questions presented; (3) skill required to perform legal services properly; (4) preclusion of other employment due to acceptance of case; and (5) the customary fee paid for such services in the same legal market).

41.   As set forth below, under the standards set forth in Bankruptcy Code section 330(a) and related case law, Dechert's representation of the Debtors warrants payment of its fees and reimbursement of its expenses.

a.   Time and labor required:  As stated above, Dechert has expended 1,014.97 hours in its representation of the Debtors during the Compensation Period, with a blended average billable rate of $615.06 per hour.  All of the time spent by Dechert in these cases was necessary and appropriate and benefited the Debtors, their estates, their creditors, and other parties-in-interest.  Dechert submits that it has represented the Debtors in an efficient, timely, and cost-effective manner.

b.   Novelty and difficulty of questions presented:  The issues attended to by Dechert in connection with these cases were novel, complex, and difficult, requiring thorough attention and substantial firm resources.

c.   Skill required to perform legal services properly:  The experience, knowledge, and expertise of the various Dechert professionals and paraprofessionals representing the Debtors in these cases have facilitated and expedited the results achieved. Providing real estate transaction advice to large debtors is a specialized practice that

15

requires attorneys, such as the Dechert attorneys involved in this matter, with substantial expertise in various areas of the law.

d. <u>Preclusion of other employment</u>: Dechert's representation of the Debtors in these cases took time and effort that was not therefore available to provide comparable services to other current or potential clients.

e. <u>Customary fee paid for such legal services</u>: The hourly rates charged by Dechert for the services performed in these cases are the hourly rates regularly charged by Dechert in other similar matters and representations, and Dechert submits that they are comparable to the customary charges of other professionals and paraprofessionals with similar degrees of skill and expertise.

f. <u>Experience, reputation, and ability of attorney</u>: Dechert believes that its professionals who performed services for the Debtors have an excellent reputation for their skill, quality, integrity, and ability in bankruptcy and other matters. Dechert's professionals have significant experience in matters of this nature and regularly represent companies similar to the Debtors in various matters in and out of bankruptcy.

g. <u>Allowance in similar cases</u>: Dechert asserts that the fees and expenses for which it seeks compensation and reimbursement are not excessive and are commensurate with the compensation sought and allowed in similar cases for similar services rendered and results obtained by Dechert and by its peer law firms.

## NOTICE

42. Notice of this application will be served on August 16, 2010, in accordance with the procedures set forth in the amended order entered February 13, 2009, governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these Chapter 11 Cases. Notice will also be given to each of the retained professionals in these Chapter 11 Cases. Dechert submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, Dechert respectfully requests that the Court enter an order (i) that allowance be made to it in the sum of $624,268.85 as the fair and reasonable value of its actual and necessary professional services rendered by Dechert to the Debtors during the Compensation Period; (ii) that allowance be made to it in the sum of $11,199.34 as reimbursement for Dechert's actual and necessary expenses incurred during the Compensation Period; (iii) authorizing and directing the Debtors to pay to Dechert the unpaid balance of all approved fees and expenses; (iv) holding that the allowance of such interim compensation for professional services rendered and reimbursement of actual necessary expenses incurred be without prejudice to Dechert's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application; and (v) granting Dechert such other and further relief as it deems just and proper.

Dated: August 16, 2010
     New York, New York

DECHERT LLP

/s/ Katherine A. Burroughs
Katherine A. Burroughs
Brian E. Greer
DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
katherine.burroughs@dechert.com
brian.greer@dechert.com

Special Counsel for Lehman Brothers
Holdings, Inc., *et al.*
Debtors in Possession

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

– and –

Brian E. Greer
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Fax : (212) 698-3599
Email : brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., <u>et al.</u>, | ) | Bankr. Case No. 08 – 13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**STATEMENT PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(b)**

1.    I am a partner of Dechert LLP ("<u>Dechert</u>"), Special Counsel for Lehman

Brothers Holdings, Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-captioned cases

(collectively, "<u>Lehman</u>" or in the alternative, the "<u>Debtors</u>"), and the partner in charge of the

several of the matters for which Dechert is seeking compensation.

15802678

2.    Dechert submits that all of the professional services for which the above application is made have been rendered solely for the benefit of the Debtors' estates and creditors thereof.

3.    No agreement exists between Dechert and any other person, firm or entity concerning the compensation or reimbursement received as a result of these cases.

4.    Dechert has received no retainer in these cases and has made no agreements with the Debtors for compensation or reimbursement.

5.    Dechert has received no transfer, assignment or pledge of property of the Debtors' estates except pursuant to an Order of the Court for compensation.


Dated: August 16, 2010                              DECHERT LLP
       New York, New York
                                                    /s/ Katherine A. Burroughs
                                                    Katherine A. Burroughs
                                                    Brian E. Greer
                                                    DECHERT LLP
                                                    1095 Avenue of the Americas
                                                    New York, New York  10036
                                                    Telephone: (212) 698-3500
                                                    Facsimile: (212) 698-3599
                                                       atherine.burroughs@dechert.com
                                                    brian.greer@dechert.com

                                                    Special Counsel for Lehman Brothers
                                                    Holdings, Inc., *et al.*
                                                    Debtors in Possession

2

## EXHIBIT A

**Special Counsel Order**

15802678

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                :

**In re**                          :         **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**

             **Debtors.**        :         **(Jointly Administered)**

                                  :
--------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e)
### OF THE BANKRUPTCY CODE AUTHORIZING THE
### EMPLOYMENT AND RETENTION OF DECHERT LLP, AS SPECIAL
### COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MARCH 1, 2010

        Upon consideration of the application, dated June 1, 2010 (the "Application"),[1] of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

section 327(e) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule

2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to

employ and retain Dechert LLP ("Dechert") as special counsel to the Debtors, effective *nunc pro*

*tunc* to March 1, 2010, all as more fully described in the Application; and upon the Declaration

of Katherine A. Burroughs (the "Burroughs Declaration"), filed in support of the Application;

and the Court being satisfied, based on the representations made in the Application and the

Burroughs Declaration, that Dechert represents no interest adverse to the Debtors or the Debtors'

estates with respect to the matters upon which it is to be engaged, under section 327 of the

Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider

---

[1]   Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the
Application.

the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New

York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) Dechert, and it appearing that no other or further notice need be provided; and no

objections to the Application having been filed; and the Unites States Trustee having filed a

Statement of No Objection on June 4, 2010 (Docket No. 9406); and the Court having found and

determined that the relief sought in the Application is in the best interests of the Debtors, their

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

> ORDERED that the Application is approved; and it is further

> ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Dechert as special counsel to the Debtors, effective

*nun pro tunc* to March 1, 2010 on the terms set forth in the Application and this order for the

Additional Representative Matters identified in the Application and in accordance with Dechert's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Dechert shall, solely with respect to fees and expenses paid to Dechert by the Debtors (as opposed to non-debtor entities) in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: New York, New York
June 22, 2010

_____s/ James M. Peck_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Interim Compensation Order**

15802678

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                              :    **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                            :
                        **Debtors.**              :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

## THIRD AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed June 13, 2009 (the "Third Amended Order"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to establish procedures for interim monthly compensation and reimbursement of expenses of professionals (the "Professionals"), all as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October 11, 2008 (the "Motion") [Docket No. 833] and the notice of presentment of the proposed Third Amended Order; and the Court having jurisdiction to consider the proposed Third Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the proposed Third Amended Order and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the proposed

Third Amended Order having been provided in accordance with the procedures set forth in the

amended order entered February 13, 2009 governing case management and administrative

procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; and (vi) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court

having entered an amended order, dated March 13, 2009 (the "Second Amended Order")

[Docket No. 3102], governing the procedures for interim monthly compensation and

reimbursement of expenses of professionals; and the Court concluded that there is cause to make

certain amendments to the Second Amended Order; and the Court having found and determined

that the relief sought in the proposed Third Amended Order is in the best interests of the Debtors,

their estates and creditors, and all parties in interest and that the legal and factual bases set forth

in the Motion and the proposed Third Amended Order establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Second Amended Order is superseded in its entirety by this

Third Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court

authorizing the retention of specific Professionals, all Professionals in these cases may seek

2

monthly compensation in accordance with the following procedures (the "Interim Compensation

Procedures"):

(a)   On or before the **thirtieth (30th)** day of each month following the month for
which compensation is sought, each professional seeking compensation, other
than a professional retained as an ordinary course professional, will serve a
monthly statement (the "Monthly Statement"), by hand or overnight delivery on
(i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor,
New York, New York, 10020 (Attn:  John Suckow and David Coles); (ii) Weil,
Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York  10153
(Attn:  Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1
Chase Manhattan Plaza, New York, New York 10005 (Attn:  Dennis F. Dunne,
Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors'
Committee; (iv) the Office of the United States Trustee for the Southern District
of New York, 33 Whitehall Street, 22nd Floor, New York, New York  10004
(Attn:  Andy Velez-Rivera, Esq. and Tracy Hope Davis, Esq.); and (v) Feinberg
Rozen, LLP, The Willard Office Building, 1455 Pennsylvania Avenue, NW, Suite
390, Washington, DC 20004-1008 (Attn:  Kenneth R. Feinberg, Esq.),
Chairperson of the Fee Committee (as defined in the Order Appointing a Fee
Committee and Approving a Fee Application Protocol, dated May 26, 2009
[Docket No. 3651]) (the "Notice Parties").

(b)   The Monthly Statement need not be filed with the Court and a courtesy copy need
not be delivered to chambers since this Motion is not intended to alter the fee
application requirements outlined in sections 330 and 331 of the Bankruptcy Code
and since professionals are still required to serve and file interim and final
applications for approval of fees and expenses in accordance with the relevant
provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules
for the United States Bankruptcy Court for the Southern District of New York
(the "Local Rules").

(c)   Each Monthly Statement must contain a list of the individuals and their respective
titles (e.g., attorney, paralegal, etc.) who provided services during the statement
period, their respective billing rates, the aggregate hours spent by each individual,
a reasonably detailed breakdown of the fees and expenses incurred (no
professional should seek reimbursement of an expense that would otherwise not
be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and
April 21, 1995 or the United States Trustee Guidelines for Reviewing
Applications for Compensation and Reimbursement of Expenses Filed under 11
U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time
entries for each individual in increments of tenths (1/10) of an hour or as close
thereto as practicable.

(d)   Each Notice Party shall have at least **fifteen (15)** days after receiving the Monthly
Statement to review the statement and, if the Notice Party objects to the
compensation or reimbursement sought in a particular statement, such Notice

3

Party shall, no later than **the forty-fifth (45th)** day following the month for which compensation is sought, serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)     At the expiration of the **forty-five (45)** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)     If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)     If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)     All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)     The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)     Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "Interim Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date

4

through and including January 31, 2009.  All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Motion.

(k)    The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals.  At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline.  Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such application.

(l)    The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)    Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; *provided, however,* that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

; and it is further

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

5

ORDERED that any party may object to requests for payments made pursuant to this Third Amended Order, or move to modify or vacate all or certain provisions of this Third Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; *provided, however*, that the inclusion in this Third Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that all time periods set forth in this Third Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York
     June 25, 2009

                                          *s/ James M. Peck*
                                       UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT C

### Time Records[5]

---

[5] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Official Fee Committee. Please note due to Dechert's billing procedures, some of the invoices include time entries from before March 1, 2010, however only time entries for the relevant Compensation Period have been included in the totals for this Application.

**EXHIBIT D**

**Disbursement Records**[6]

---

[6] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Official Fee Committee.

## EXHIBIT E

**Certification**

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

- and –

Brian E. Greer
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Fax : (212) 698-3599
Email : brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | ) | Bankr. Case No. 08 – 13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## CERTIFICATION OF PROFESSIONAL

Katherine A. Burroughs, a partner of the firm of Dechert LLP ("Applicant"),

attorneys authorized to provide legal services as Special Counsel to Lehman Brothers Holdings,

Inc. ("LBHI"), and its affiliated debtors in the above-captioned cases and partner in charge of

this matter, hereby certifies as follows:

1.   I have read the foregoing application (the "Application");

2.     To the best of my knowledge, information and belief, formed after reasonable inquiry, the Application substantially complies with the mandatory guidelines of this Court for fees and disbursements for professionals (the "Guidelines");

3.     To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Guidelines;

4.     The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients;

5.     LBHI has been provided with a copy of the Application prior to the date set by the Court or any applicable rules for filing fee applications, has reviewed the Application and has approved it.

6.     The disbursements requested to be reimbursed in the Application:

a.     do not include any amount of profit for the Applicant;

b.     do not include the amortization of the cost of any investment, equipment or capital outlay; and

c.     to the extent provided by a third party vendor only include the amount billed to the Applicant to such vendor.

Dated: August 16, 2010
      New York, New York

DECHERT LLP

/s/  Katherine A. Burroughs
Katherine A. Burroughs
Brian E. Greer
DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
katherine.burroughs@dechert.com
brian.greer@dechert.com

Special Counsel for Lehman Brothers
Holdings, Inc., *et al.*
Debtors in Possession

## EXHIBIT F

### Summary of Professional Compensation Sought (By Timekeeper)

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| David W. Forti | Partner | 1995 | 70.70 | 970.00 | $68,579.00 |
| Joseph F. Donley | Partner | 1977 | 33.80 | 905.00 | $30,589.00 |
| Timothy A. Stafford | Partner | 1983 | 18.75 | 895.00 | $16,781.25 |
| Abbi L. Cohen | Partner | 1983 | 3.00 | 855.00 | $2,565.00 |
| Jay Zagoren | Partner | 1979 | 96.80 | 855.00 | $82,764.00 |
| Katherine A. Burroughs | Partner | 1988 | 98.50 | 855.00 | $84,217.50 |
| Louis M. Solomon | Partner | 1988 | 38.40 | 855.00 | $32,832.00 |
| Michael J. Gilbert | Partner | 1994 | 7.60 | 750.00 | $5,700.00 |
| Brian E. Greer | Partner | 1998 | 8.40 | 715.00 | $6,006.00 |
| Jason S. Rozes | Partner | 1998 | 23.20 | 715.00 | $16,588.00 |
| Derrick E. Champagne | Associate | 2002 | 29.30 | 610.00 | $17,873.00 |
| Izabela E. Boltryk | Associate | 1999 | 165.20 | 610.00 | $100,772.00 |
| Jonathan A. Rini | Associate | 2003 | 12.40 | 580.00 | $7,192.00 |
| Joshua I. Sherman | Associate | 2004 | 1.20 | 545.00 | $654.00 |
| Andrew L. Buck | Associate | 1996 | 6.90 | 525.00 | $3,622.50 |
| James I. Downes | Associate | 2001 | 2.10 | 525.00 | $1,102.50 |
| Jessica A. Seger | Associate | 2005 | 13.35 | 495.00 | $6,608.25 |
| David P. Staubitz | Associate | 2005 | 18.30 | 495.00 | $9,058.50 |
| Joseph M. Schuster | Associate | 2006 | 0.60 | 475.00 | $285.00 |
| Justin J. Gdula* | Associate | 2006 | 43.50 | 455.00 | $19,792.50* |
| Katherine K. Rankin | Associate | 2008 | 62.60 | 405.00 | $25,353.00 |
| Bret M. Harper | Associate | 2008 | 8.90 | 400.00 | $3,560.00 |
| Kenneth D. Hackman | Associate | 2008 | 22.06 | 395.00 | $8,713.70 |
| Jeremy P. Syz | Associate | 2008 | 35.88 | 395.00 | $14,172.60 |
| Kristin L. Wainright | Associate | 2008 | 97.95 | 395.00 | $38,690.25 |
| Bernard G. Powell | Legal Assistant | N/A | 16.30 | 250.00 | $4,075.00 |
| Luis A. Lopez | Legal Assistant | N/A | 7.50 | 250.00 | $1,875.00 |
| Ann Marie Cotharin | Legal Assistant | N/A | 35.60 | 235.00 | $8,366.00 |
| Barbara Lau | Legal Assistant | N/A | 1.00 | 235.00 | $235.00 |
| Catherine J. Jenssen | Legal Assistant | N/A | 25.50 | 210.00 | $5,355.00 |
| Cynthia A. Goldman | Librarian | N/A | 0.50 | 150.00 | $75.00 |
| Jefferson Holder | Legal Assistant | N/A | 9.18 | 40.00 | $367.20 |
|  |  |  |  |  | $624,419.75 |
|  |  |  |  | Adjustment* | -$150.90 |
|  |  | TOTALS | 1,014.97 |  | $624,268.85 |

* Fees for Justin J. Gdula will be discounted $150.90 in the total amount requested as an accounting adjustment.

**Total Professional Hours: 919.39**
**Total Paraprofessional Hours: 95.58**
**Total Hours: 1,014.97**
**Total Fee Amount: $ 624,268.85**
**Blended Rate: $ 615.06**
**Excluding Paraprofessional Hours: $ 657.04**

**Payment for fees during the Compensation**
**Period in accordance with the Ordinary Course**
**Professional Order, prior to Dechert's retention**
**pursuant to the Special Counsel Order: $315,209.55**

**EXHIBIT G**

**Summary of Expense Reimbursements Sought**

| Disbursement | Amount |
|---|---|
| Binding | $36.00 |
| Certificate of Good Standing Fee | $15.00 |
| Certified Document Charges | $1,373.00 |
| Duplication Charges | $1,781.89 |
| Federal Express Charges | $763.19 |
| Filing Fees and Related | $2,230.00 |
| Lexis/Legal Research | $491.61 |
| Litigation Expenses | $2,314.75 |
| Local Parking Charges | $46.00 |
| Local Taxi Charges | $30.44 |
| Outside Copying | $15.00 |
| Overtime Dinner Expense | $9.30 |
| Postage | $16.93 |
| Subpoena | $783.50 |
| Subway | $18.00 |
| UCC Filing Fees | $241.00 |
| Westlaw Search Fees | $1,033.73 |
| **TOTAL** | **$11,199.34** |

## EXHIBIT H

### Summary of Professional Compensation Sought by Matter

| MATTER # | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 102197 | 1107 Broadway - Toy Building | 203.13 | $116,949.20 |
| 102198 | 325 West Broadway (Tootsie Roll Building) | 141.05 | $64,902.00 |
| 104595 | Fee Application | 1.60 | $1,312.00 |
| 107269 | Setai | 3.00 | $1,507.00 |
| 107968 | Nashville | 40.20 | $26,599.00 |
| 108442 | Bethany | 92.05 | $53,041.75 |
| 102878 | 237 Park Mezz Debt Restructure | 36.80 | $29,750.00 |
| 102927 | BIII Workout | 46.62 | $27,922.00 |
| 107532 | 100 Wall | 9.90 | $8,701.50 |
| 107816 | On the Avenue | 41.00 | $26,842.50 |
| 108343 | 327(e) Retention Issues | 24.20 | $13,146.50 |
| 108387 | Ballpark | 160.77 | $105,718.15 |
| 108403 | Monument/Ballpark Equity | 172.10 | $115,209.00 |
| 108454 | Greensboro (BIII Portfolio Property) | 6.80 | $4,760.00 |
| 108455 | 100 Wall (BIII Portfolio Property) | 1.45 | $955.75 |
| 108456 | One Sansome (BIII Portfolio Property)* | 34.30 | $26,952.50* |
| 103274 | T-Rex, St. John** | 0.00 | $0.00 |
| | TOTAL | 1,014.97 | $624,268.85 |

* Initially, Prudential paid $25,000 of Dechert's fees. Lehman will pay all other fees of Dechert.
** Although there were no fees billed for this matter during the Compensation Period, Dechert incurred
expenses associated with this matter during the Compensation Period which are included in this Fee
Application.