WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
-------------------------------------------------------------------x

**NOTICE OF DECLARATION OF JEFFREY FITTS IN SUPPORT OF
MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND RULE 6004(h) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORITY TO
AMEND PARTICIPATION AGREEMENTS AND TO PURCHASE ADDITIONAL
PARTICIPATION INTERESTS RELATED TO HERITAGE FIELDS PROPERTY**

**PLEASE TAKE NOTICE** that, on July 27, 2010, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") filed their *Motion of Lehman Brothers Holdings Inc. Pursuant to Section 363 of the Bankruptcy Code and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure for Authority to Amend Participation Agreements and to Purchase Additional Participation Interests Related to Heritage Fields Property* [Docket No. 10516].

**PLEASE TAKE FURTHER NOTICE** that, on August 16, 2010, the Debtors filed the attached *Declaration of Jeffrey Fitts in Support of Lehman Brothers Holdings Inc.'s Motion Pursuant to Section 363 of the Bankruptcy Code and Rule 6004(h) of the Federal Rules*

*of Bankruptcy Procedure for Authority to Amend Participation Agreements and to Purchase Additional Participation Interests Related to Heritage Fields Property.*

Dated: August 16, 2010
      Houston, Texas

                                    /s/ Alfredo R. Pérez
                                    Alfredo R. Pérez
                                    WEIL, GOTSHAL & MANGES LLP
                                    700 Louisiana Street, Suite 1600
                                    Houston, Texas  77002
                                    Telephone: (713) 546-5000
                                    Facsimile: (713) 224-9511

                                    Attorneys for Debtors
                                    and Debtors in Possession

Hearing Date and Time: August 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: August 11, 2010 at 4:00 p.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
---------------------------------------------------------------x

**DECLARATION OF JEFFREY FITTS IN SUPPORT OF
LEHMAN BROTHERS HOLDINGS INC.'S MOTION PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND RULE 6004(h) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORITY TO
AMEND PARTICIPATION AGREEMENTS AND TO PURCHASE ADDITIONAL
PARTICIPATION INTERESTS RELATED TO HERITAGE FIELDS PROPERTY**

Pursuant to 28 U.S.C. § 1746, I, Jeffrey Fitts, declare:

1. I am a Managing Director with Alvarez & Marsal Real Estate Advisory Services ("A&M"). I submit this declaration in support of the *Motion of Lehman Brothers Holdings Inc. Pursuant to Section 363 of the Bankruptcy Code and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure for Authority to Amend Participation Agreements and to Purchase Additional Participation Interests Related to Heritage Fields Property* [Docket No. 10516] (the "Motion")[1] filed on July 27, 2010 in the above-referenced chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI" and, together with LBHI, the "Debtors").

2. I have more than 19 years of experience in assisting insolvent and troubled companies, with a focus on operational and financial restructuring efforts. Prior to joining A&M, I was a Managing Director with GE Commercial Finance ("GE"), where I led GE's

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\43464432\06\58399.0008

Distressed Debt and Alternative Investment Group and managed complex distressed credits. Before joining GE, I was with the Corporate Workout Division (IRM) of Citicorp, where I spent three years managing investment grade and middle market corporate workouts. I began my career in 1990 as a workout officer and, later, an asset manager with Citicorp Real Estate, where I managed more than $1 billion of office, retail, and industrial projects. I received a bachelor's degree from the University of Delaware in 1988.

3. I was assigned to the representation of Lehman in September 2008. I currently serve as the Co-Head of Lehman's real estate group (the "Real Estate Group"). My primary responsibility as Co-Head of the Real Estate Group is day-to-day management and oversight of Lehman's real estate portfolio, including management and oversight of the real estate, real estate finance and related activities that are the subject of the Motion and this Declaration. As Co-Head of the Real Estate Group, I oversee a number of Lehman employees who have been actively involved in finalizing the terms of the transactions described in this Declaration and in the Motion.

### Heritage Background

**A.    The Project**

4. Heritage is the owner of Heritage Fields (the "Project"), a 3,723-acre masterplan development in Irvine, California. On June 26, 2007, Heritage entered into a mortgage loan agreement with El Toro LLC ("El Toro"), pursuant to which El Toro agreed to loan up to $775 million to Heritage (the "Mortgage Loan"). Since that time, portions of the Mortgage Loan have been participated and restructured. Several parties claim an interest in

various portions of the Mortgage Loan, which is the subject of on-going discussions (the "Settlement").[2] While the parties negotiate further, the Project needs additional funding.

**B.    The Participation Interests**

5.    On December 9, 2009, pursuant to the Restructuring Procedures Order,[3] El Toro and LBHI entered into a participation agreement pursuant to which El Toro sold to LBHI a participation in the Mortgage Loan in an amount of $3,551,203.23. Subsequently, this participation agreement was amended (as amended, the "Amended LBHI Participation Agreement") and LBHI purchased additional participations totaling approximately $24.5 million.

6.    Under the Amended LBHI Participation Agreement, the Additional Participation Interests and all other future participation interests purchased thereunder are entitled to repayment priority and, accordingly, are to be repaid before substantially any other amounts outstanding under the Mortgage Loan.[4] Pursuant to the terms of the proposed Settlement (as currently contemplated), all of the Participation Interests will be repaid, with interest upon the closing of the Settlement Agreement.

**The Purchase of the Additional Participation Interests Is in the Best Interests of LBHI**

7.    It is in my business judgment that amending the Amended LBHI Participation Agreement to provide for an increase in the cap of Additional Participation

---

[2] On June 22, 2010, LBHI filed *Motion of Lehman Brothers Holdings Inc. Pursuant to Section 363 of the Bankruptcy Code and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure for Authority to Enter into Settlement Related to, and Assign Interest in Heritage Field Property and to Purchase Participation Interests Related Thereto* [Docket No. 9739]. On July 8, 2010, LBHI filed a notice adjourning this motion while it continued settlement discussions.

[3] *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) Establishing Procedures to (i) Restructure, (ii) Make New or Additional Debt or Equity Investments in, and/or (iii) Enter into Settlements and Compromises in Connection with Existing Real Estate Investments*, entered by this Court on November 23, 2009 [Docket No.5912].

[4] Specifically, the Amended LBHI Participation Agreement provides that the Additional Participation Interests are to be paid *pari passu* with $16,655,258 in other amounts outstanding under the Mortgage Loan.

Interests by $7.5 million to $32 million is in the best interests of LBHI. Although the Settlement (as currently contemplated) provides for the sale of all of the Debtors' interests in the Project (other than the Cash Flow Participation), there are certain necessary costs associated with the Project which require immediate payment and therefore cannot wait for the consummation of the Settlement. The funds provided through the purchase of the Additional Participation Interests have been and will be used to fund these necessary costs. The Project's value is inextricably tied to the payment of these costs, and, as such, if they were unpaid, LBHI would risk losing its valuable investment in the Project.

8. As set forth above, if the Settlement (as currently contemplated) is approved, it will provide for the repayment, with interest, of the Participation Interests. Even if the Debtors do not enter into the Settlement, however, approval of the purchase of the Additional Participation Interests is in the best interests of LBHI's estate. LBHI chose to structure the funding of these costs through the purchase of the Additional Participation Interests because such structure provided LBHI and its creditors with the most security. As a participation in El Toro's loan, the Additional Participation Interests are secured by a first priority security interest in the Project. Because the Additional Participation Interests have repayment priority, they will be paid off prior to substantially any other interest in the Project. The value of the Project is far in excess of the cap of the Additional Participation Interests at $32 million (inclusive of all previously purchased Additional Participation Interests). In addition, by entering into and amending the Amended LBHI Participation Agreement and purchasing the Additional Participation Interests, LBHI is able to protect its debt interest with respect to the Project, a result which, in my business judgment, is in the best interests of LBHI, its creditors, and all economic parties in interest.

9.  As Co-Head of the Real Estate Group, I have concluded, in my considered business judgment and based on my review of pertinent documents and discussions with my colleagues involved with the transaction, that LBHI's purchase of the Additional Participation Interests is in the best interests of LBHI and its estate.

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of August, 2010.

_____
Jeffrey Fitts