Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN CONNECTION WITH MOTION OF LEHMAN COMMERCIAL
PAPER INC. PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
FOR AUTHORITY TO CONSENT TO THE TERMS OF A PLAN SUPPORT
AGREEMENT RELATED TO THE RESTRUCTURING OF INNKEEPERS USA
TRUST AND TO CERTAIN TRANSACTIONS CONTEMPLATED THEREBY**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors"), hereby files this statement in connection with Lehman Commercial Paper Inc.'s ("LCPI") motion, dated July 27, 2010 [Docket No. 10465] (the "Motion"), pursuant to section 363 of the Bankruptcy Code, for authority (i) for LCPI to consent to its non-Debtor affiliate Lehman ALI Inc. ("ALI") (a) entry into the Plan Support Agreement[1] related to the restructuring of Innkeepers; and (b) consummation of the transactions set forth in the Plan Term Sheet, including the subsequent sale of 50% of the equity of reorganized

Innkeepers for a price of not less than $107.5 million (the "Apollo Sale"); and (ii) for LCPI to provide Solar approximately $17.5 so that Solar can provide the DIP Facility to Innkeepers (collectively, the "Innkeepers Transaction").

**STATEMENT**

1. The Committee has no objection to the relief requested in the Motion. The Committee and its advisors have carefully evaluated the strategic options available to the Debtors and their affiliates with respect to Innkeepers. The Committee believes that the proposed restructuring set forth in the Plan Support Agreement, including the conversion of ALI's $220.2 million Mortgage Loan into substantially all of the New Equity in the reorganized Innkeepers and the subsequent sale of that equity to Apollo, will maximize recovery on the Mortgage Loan. Thus, notwithstanding the contrary contentions of the sole objector,[2] LCPI should be granted the relief requested in the Motion for at least three reasons.

**A.    Sound Exercise of Business Judgment**

2. First, the overall Innkeepers Transaction entails a sound exercise of LCPI's business judgment. As this Court is aware, the Debtors hold and have long been seeking to maximize the value of real estate assets currently valued at in excess of $11 billion. The Committee, through its Real Estate Subcommittee, has worked closely with the Debtors in this undertaking over the past two years in efforts that have resulted in the sale of certain existing investments, the investment of new capital to preserve other assets for future sale, and the restructuring of still other investments in a variety of other ways best tailored to position such

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2]    Appaloosa Investment L.P. I's Limited Objection to Motion Of Lehman Commercial Paper Inc. Pursuant to Section 363 of the Bankruptcy Code For Authority to (I) Consent to Its Non-Debtor Affiliate Lehman ALI Inc. (A) Entry Into the Plan Support Agreement Related to the Restructuring of Innkeepers; and (B) Consummation of the Transactions Set Forth in the Plan Term Sheet; and (II) Provide Funds to Solar Finance Inc., a Non-Debtor Affiliate, to Provide Debtor-in-Possession Financing (Docket No. 10704).

2

assets for subsequent monetization. In all of these cases, the Debtors, in consultation with the Committee, have weighed the risks and rewards of the available options, balanced (among other things) the merits of continuing to hold assets against undertaking their immediate disposition, and pursued the alternative that promised the greatest benefit with the lowest level of risk.

3. In the case of Innkeepers, the Debtors were presented with similar options. With the Mortgage Loan in default and Innkeepers' financial condition deteriorating, ALI could have exercised its remedies and sought to foreclose upon its collateral; however, a "free-fall" chapter 11 filing, and all of the risks, costs, and delay associated therewith, would have been the certain consequence. In the alternative, and as ultimately reflected in the Plan Support Agreement, the Debtors could have sought to work with Innkeepers and its equity owner to reach agreement on a more predictable plan structure, which, if successfully consummated, offered the Debtors substantially greater upside, while preserving for ALI all its rights and remedies with respect to its collateral in the event the Innkeepers plan should fail.

4. The Debtors chose the latter option and the Committee concurs in the Debtors' view that this is the best available alternative. Entry into the Plan Support Agreement is beneficial to LCPI because it provides LCPI with both (i) the maximum potential recovery on the Mortgage Loan if the contemplated restructuring is consummated; and (ii) the ability to realize upon its collateral if the restructuring is materially delayed or does not proceed. Either scenario is a better result for LCPI than attempting to protect its interests during "free-fall" Innkeepers' chapter 11 cases.

**B.** **Highest and Best Price**

5. Second, the proposed sale to Apollo of the New Equity should be authorized notwithstanding the fact that a public auction for that equity has not to date and

3

cannot currently take place. The Apollo Sale is not a stand-alone sale, but rather just one aspect of a series of interdependent transactions that, if successfully consummated, will result in the restructuring of the Mortgage Loan and of Innkeepers' balance sheet. As a result, there is no equity to sell at the present time and there will be no equity to sell in the future unless Innkeepers is restructured, its plan is consummated, and the New Equity is issued.

6. Moreover, compelling the Debtors to engage in a formal auction for the New Equity at this stage could prove detrimental to both LCPI and to the Innkeepers cases. LCPI currently has a buyer willing to purchase 50% of the New Equity for a significant cash payment. An auction could put this transaction at risk and LCPI could be left with no willing buyer, while simultaneously derailing the Innkeepers cases.

7. Although, under such circumstances, a formal auction for the New Equity is not currently possible, the Committee and its financial advisors share the Debtors' belief that the $107.5 million sale price proposed by Apollo provides adequate consideration and does not subject LCPI to the risk that a bidder will not be available on higher and better terms at a later date. The Committee was kept apprised of the Debtors' prior efforts to market the Mortgage Loan and has worked closely with the Debtors to assess the propriety of the $107.5 million price that Apollo has agreed to pay. Based upon all available information, including the fact that the New Equity is only available as part of a "package deal" linked to all the other elements of the Innkeepers restructuring, the Committee has concluded that the proposed sale price is reasonable under all the circumstances.

C. **Lack of Binding Effect**

8. Third, notwithstanding contentions to the contrary by the sole objector, granting the relief requested will neither preclude the Debtors from considering higher and better

4

offers for the New Equity nor prejudge the outcome of the Innkeepers chapter 11 cases. The Motion seeks solely <u>authority</u> for LCPI to enter into the Plan Support Agreement, and plainly does <u>not</u> <u>require</u> the Debtors to consummate any of the transaction specified therein. The Plan Support Agreement, in turn, contains a number of milestones and other termination events specifically intended to preserve the Debtors' options, including, with respect to the Apollo Sale, provisions (i) making the Apollo term sheet terminable at will by either party until September 1, 2010; and (ii) opening the door to other plan structures and sales if other milestones (<u>e.g.</u>, confirmation within 240 days) are not met. When and if new bidders surface, the Committee will work with the Debtors to evaluate the new options engendered as a result.

9. Nor will the outcome of the Innkeepers cases be in any way prejudged by granting the relief requested in the Motion. To the contrary – and this fact bears repeating – it is the outcome in the Innkeepers cases that will determine the efficacy of any relief granted in connection with the Motion. If, for any reason, the Innkeepers cases stall or otherwise fail to reach confirmation, there will be no plan to support and no Apollo Sale to consummate. However, this Court need not and should not address any issue that may arise and be litigated in the Innkeepers cases; it need only determine whether LCPI's efforts to seek to reap the benefits for its estate of the chapter 11 plan proposed in the Innkeepers cases entails a sound exercise of its business judgment. The Committee respectfully submits that it does.

**Conclusion**

For all the foregoing reasons, the Committee respectfully submits that (i) it has no objection to the relief requested in the Motion; (ii) the Court should grant the requested relief; and (iii) the Court should grant such other relief as is just.

Dated: New York, New York
August 16, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.