WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　　　　:
**In re**　　　　　　　　　　　　　　　　　　　　 :　　Chapter 11 Case No.
　　　　　　　　　　　　　　　　　　　　　　　　:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,　 :　　08-13555 (JMP)
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Debtors.　　　　　　　　　 :　　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------x

**NOTICE OF FILING OF REVISED ORDER GRANTING
MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND
LEHMAN COMMERCIAL PAPER INC., PURSUANT
TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6004(h), FOR AUTHORIZATION
TO GUARANTEE PAYMENT OF THE FEES AND RELATED CHARGES
OF LAZARD FRERES & CO. LLC, AS INVESTMENT BANKER TO LEHMAN ALI,
INC., INCURRED IN CONNECTION WITH THE INNKEEPERS RESTRUCTURING**

　　　　　　　In connection with the hearing to be held on August 18, 2010 at 10:00 a.m. with

respect to the *Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc.,*

*pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004(h),*

*for Authorization to Guarantee Payment of the Fees and Related Charges of Lazard Freres &*

*Co. LLC, as Investment Banker to Lehman ALI, Inc., Incurred in Connection with the Innkeepers*

*Restructuring* [Docket No. 10466] (the "Lazard Motion"), and all related documents thereto,

Lehman Brothers Holdings Inc., Lehman Commercial Paper Inc. and their affiliated debtors in

the above-referenced chapter 11 cases, as debtors and debtors in possession, hereby file a revised form of order approving the Lazard Motion (the "<u>Revised Lazard Order</u>).

Attached hereto as "<u>Exhibit A</u>" is a clean copy of the proposed Revised Lazard Order, and attached hereto as "<u>Exhibit B</u>" is a blacklined copy of the proposed Revised Lazard Order, which is marked against the version filed with the Lazard Motion.

Dated:  August 16, 2010
       New York, New York

    /s/ Alfredo R. Pérez
    Alfredo R. Pérez

    WEIL, GOTSHAL & MANGES LLP
    700 Louisiana Street, Suite 1600
    Houston, Texas 77027
    Telephone:  (713) 546-5000
    Facsimile:  (713) 224-9511

    Attorneys for Debtors
    and Debtors in Possession

Pg 3 of 12

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    08-13555 (JMP)
                                                                  :
                    Debtors.                                      :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**ORDER GRANTING MOTION OF
LEHMAN BROTHERS HOLDINGS INC. AND
LEHMAN COMMERCIAL PAPER INC., PURSUANT
TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6004(h), FOR AUTHORIZATION
TO GUARANTEE PAYMENT OF THE FEES AND RELATED CHARGES
OF LAZARD FRERES & CO. LLC, AS INVESTMENT BANKER TO LEHMAN ALI,
INC., INCURRED IN CONNECTION WITH THE INNKEEPERS RESTRUCTURING**

Upon the motion, dated July 27, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to guarantee payment of the fees, expenses and indemnification obligations (collectively, the "Fees") of Lazard Frères & Co. LLC ("Lazard") as investment banker to Lehman ALI Inc. ("Lehman ALI") incurred in connection with the restructuring of Innkeepers USA Trust, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Lazard, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, LBHI is authorized to guarantee Lazard's Fees as investment banker to Lehman ALI in connection with the restructuring of Innkeepers, on the terms and conditions set forth in the Engagement Agreement;[1] and it is further

ORDERED that during the pendency of LBHI's chapter 11 cases, to the extent Lazard is entitled to payment of its Fees from LBHI, Lazard shall file interim and final applications for allowance of all such Fees pursuant to the applicable Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and orders of the Court; and it is further

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

2

ORDERED that notwithstanding anything in the Engagement Agreement, to the extent LBHI is required to pay any of the Fees, then Section II.A.2 of the Engagement Agreement, which provides for the credit of certain of the Monthly Fee payments against the Restructuring Fee, will be amended, to add the following language to the end thereof:

- "; provided, however, that with respect to any Monthly Fee payments actually paid by LBHI, 50% of such Monthly Fees paid by LBHI in respect of any month after the first five months, and 100% of all such Monthly Fees paid by LBHI in respect of any month after the first ten months following the execution of this engagement shall be credited (without duplication) against any Restructuring Fee."

; and it is further

ORDERED that notwithstanding anything in the Engagement Agreement to the contrary, LBHI is authorized to provide indemnification contribution and reimbursement to Lazard and its affiliates, and its and their respective directors, officers, members, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "<u>Indemnified Persons</u>"), subject to the following conditions:

- All requests of Indemnified Persons for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances in which indemnity is sought;

- In no event shall an Indemnified Person be indemnified or receive contribution or other payment to the extent the Court determines that such claim or expense has arose from the bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person.

- In the event that an Indemnified Person seeks reimbursement for attorneys' fees from LBHI pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be annexed to Lazard's interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code.

3

ORDERED that LBHI is authorized to take all further actions that may be necessary or required for its entry into and performance of the Engagement Agreement; and it is further

ORDERED that LCPI shall promptly reimburse LBHI for any expenditure to the extent LBHI is required to expend any funds in connection with its obligations as set forth in this Order; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August __, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

US_ACTIVE:\43475099\01\58399.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
                       Debtors.                 :    (Jointly Administered)
                                                :
-------------------------------------------------------------------x
```

**ORDER GRANTING MOTION OF
LEHMAN BROTHERS HOLDINGS INC. AND
LEHMAN COMMERCIAL PAPER INC., PURSUANT
TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6004(h), FOR AUTHORIZATION
TO GUARANTEE PAYMENT OF THE FEES AND RELATED CHARGES
OF LAZARD FRERES & CO. LLC, AS INVESTMENT BANKER TO LEHMAN ALI,
INC., INCURRED IN CONNECTION WITH THE INNKEEPERS RESTRUCTURING**

Upon the motion, dated July 27, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to guarantee payment of the fees, expenses and indemnification obligations (collectively, the "Fees") of Lazard Frères & Co. LLC ("Lazard") as investment banker to Lehman ALI Inc. ("Lehman ALI") incurred in connection with the restructuring of Innkeepers USA Trust, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant

US_ACTIVE:\43474793\0104\58399.0008

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) Lazard, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, LBHI is authorized to guarantee Lazard's Fees as investment banker to Lehman ALI in connection with the restructuring of Innkeepers, on the terms and conditions set forth in the Engagement Agreement;[1] and it is further

ORDERED that during the pendency of LBHI's chapter 11 cases, to the extent Lazard is entitled to payment of its Fees from LBHI, Lazard shall file interim and final applications for allowance of all such Fees pursuant to the applicable Bankruptcy Rules, the

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Local Rules of the Bankruptcy Court for the Southern District of New York, and orders of the Court; and it is further

ORDERED that notwithstanding anything in the Engagement Agreement, to the extent LBHI is required to pay any of the Fees, then Section II.A.2 of the Engagement Agreement, which provides for the credit of the Monthly Fee against the Restructuring Fee, will be amended, with respect to any Monthly Fees paid by LBHI, to provide:

- "2.    50% of all Monthly Fees paid in respect of any month after the first five months, and 100% of all Monthly Fees paid in respect of any month after the first ten months following the execution of this engagement shall be credited (without duplication) against any Restructuring Fee."

; and it is further

ORDERED that notwithstanding anything in the Engagement Agreement to the contrary, LBHI is authorized to provide indemnification contribution and reimbursement to Lazard and its affiliates, and its and their respective directors, officers, members, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "<u>Indemnified Persons</u>"), subject to the following conditions:

- All requests of Indemnified Persons for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances in which indemnity is sought;
- In no event shall an Indemnified Person be indemnified or receive contribution or other payment to the extent the Court determines that such claim or expense has arose from the bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person.
- In the event that an Indemnified Person seeks reimbursement for attorneys' fees from LBHI pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be annexed to Lazard's interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and

reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code.

ORDERED that LBHI is authorized to take all further actions that may be necessary or required for its entry into and performance of the Engagement Agreement; and it is further

ORDERED that LCPI ~~is authorized to enter into the Reimbursement Agreement and, in accordance with the Reimbursement Agreement~~<ins>shall promptly reimburse LBHI for any expenditure</ins> to the extent LBHI is required to expend any funds in connection with its obligations as set forth in this Order~~, LCPI shall promptly reimburse LBHI for any and all such expenditure~~; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August __, 2010
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE