Hearing Date: TBD

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert M. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)

*Special Counsel for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - x
In re:                                         :   Chapter 11
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.          :   No. 08-13555 (JMP)
                                               :
                              Debtors.         :   (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - x
```

## SUMMARY OF FIRST INTERIM APPLICATION OF KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM <u>FEBRUARY 1, 2010 THROUGH MAY 31, 2010</u>

## SUMMARY SHEET

| | |
|---|---|
| **Name of Applicant** | Kasowitz, Benson, Torres & Friedman LLP |
| **Authorized to Provide Professional Services to** | Debtors and Debtors in Possession |
| **Date of Retention** | January 28, 2010, (*Nunc pro tunc* to January 6, 2010) |
| **Compensation Period** | February 1, 2010[1] through May 31, 2010 |
| **Fees Incurred for Counsel** | $186,714.50[2] |
| **Expenses Incurred** | $125,292.82 |
| **Prior Interim Applications Filed** | This is the First Interim Fee Application Filed by Kasowitz, Benson, Torres & Friedman LLP ("KBT&F") |
| **Blended Hourly Rate for Fees Incurred During Compensation Period** | $371.65 |
| **Blended Hourly Rate for Fees Incurred During Compensation Period (Attorneys Only)** | $460.45 |

---

[1]   KBT&F includes within this application the *de minimus* fees incurred in January 2010.

[2]   This amount includes the 20% of such fees "held back" pursuant to the Compensation Order, which provides that if no timely objections are filed to KBT&F's monthly fees statements, KBT&F is paid 80% of its fees and 100% of its expenses.

## Schedule 1

## Hours, Rate and Fees for Services Rendered for the First Interim Fee Period

| ATTORNEY/ PARAPROFESSIONAL | YEAR ADMITTED | TITLE | RATE | HOURS | FEE |
|---|---|---|---|---|---|
| Michael J. Bowe | 1993 | Partner | 750 | 9.20 | 6,900.00 |
| Marc E. Kasowitz | 1978 | Partner | 1,000 | 0.50 | 500.00 |
| Albert S. Mishaan | 1995 | Partner | 685 | 15.20 | 10,412,00 |
| Robert M. Novick | 1994 | Partner | 775 | 2.70 | 2,092.50 |
| Michael E. Friedman | 1993 | Special Counsel | 400 | 0.50 | 200.00 |
| Larissa R. Chernock | 2008 | Associate | 275 | 30.80 | 8,470.00 |
| Gary W. Dunn | 1990 | Associate | 450 | 157.40 | 70,830.00 |
| Benjamin S. Goldstein | 2009 (NJ) | Associate | 275 | 62.00 | 17,050.00 |
| Jennifer S. Recine | 2004 | Associate | 435 | 92.50 | 40,237.50 |
| Michelle J. Vladimirsky | 2007 | Associate | 360 | 34.70 | 12,492.00 |
| Michael Birnbaum | n/a | Paralegal | 165 | 2.10 | 346.50 |
| Christine Gleitsmann | n/a | Paralegal | 225 | 27.00 | 6,075.00 |
| Gabriel Irizarry | n/a | Paralegal | 165 | 64.60 | 10,659.00 |
| Richard M. LaRosa | n/a | Managing Clerk | 225 | 0.50 | 112.50 |
| Christopher M. Rohoman | n/a | Lit Support | 125 | 2.70 | 337.50 |
| **TOTAL** | | | | 502.40 | 186,714.50 |

## Schedule 2

## Hours and Fees for Services Rendered for the First Interim Fee Period By Category

| TASK CODE | MATTER | HOURS | FEE |
|---|---|---|---|
| 0300 (09114001) | Project Monitoring/Court Calendar/Docket Maintenance | 32.70 | 5,766.50 |
| 4100 (09114014) | 2004 Issues | 417.10 | 160,208.50 |
| 4500 (09114018) | Examiner Issues | 3.90 | 1,159.50 |
| 4600 (09114019) | Firm's Own Billing/Fee Applications | 43.80 | 18,896.00[3] |
| 4700 (09114020) | Firm's Own Retention Issues | 1.90 | 684.00 |
| **TOTAL** | | 502.40 | 186,714.50 |

---

[3]    Consistent with the Fee Committee Guidelines, KBT&F's fees related to preparing its fee applications is approximately 1% of its total billing.

## Schedule 3

### Summary of Expenses

| DESCRIPTION | AMOUNT |
|---|---|
| Officials Records Search | 219.28 |
| Automated Research | 870.84 |
| Document Reproduction | 155.30 |
| Document Delivery | 187.87 |
| Mailing Charges | 0.44 |
| Professional Investigative Services | 123,673.93 |
| Local Transportation | 72.84 |
| **TOTAL** | 125,292.82 |

Hearing Date: TBD

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert M. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)

*Special Counsel for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                     : Chapter 11
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.      : No. 08-13555 (JMP)
                                           :
                    Debtors.               : (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - x

**FIRST INTERIM APPLICATION OF
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, SPECIAL COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM
FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), special counsel to Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their

non-debtor affiliates, "Lehman"), hereby submit this application (the "First Interim

Application"), in accordance with sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Third Amended Administrative Order, pursuant to sections 105(a) and 331 of

the Bankruptcy Code establishing procedures for interim compensation and reimbursement of

expenses of professionals, dated June 25, 2009, (as amended, the "Compensation Order"), for

allowance of interim compensation for professional services rendered in the amount of

$186,714.50 and reimbursement of actual, reasonable, and necessary out-of-pocket expenses

incurred in the amount of $125,292.82, during the period beginning February 1, 2010 through

and including May 31, 2010 (the "Interim Fee Period"),[1] and, in support thereof, respectfully

represents as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to hear and determine the First Interim Application

pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§

1408 and 1409. The statutory predicates for the relief sought herein are sections 330(a) and 331

of the Bankruptcy Code. Pursuant to the Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June

24, 1991 and amended April 21, 1995 (the "Local Guidelines"), a certification regarding

compliance with the Local Guidelines is attached hereto as Exhibit A.

## GENERAL BACKGROUND

2.    Beginning on September 15, 2008, and periodically thereafter (the "Petition

Date"), LBHI, and certain of its subsidiaries and affiliated entities (collectively, the "Debtors")

filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the

"Chapter 11 Cases"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors

are operating their business and managing their properties as debtors in possession.

3.    On September 17, 2008, the United States Trustee for the Southern District of

---

[1]    KBT&F includes within this application the *de minimus* fees incurred in January 2010.

New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

5.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

6.    On April 14, 2010, the Debtors filed a revised joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement").

## **RETENTION OF KBT&F**

7.    On January 11, 2008, the Debtors, pursuant to sections 327(e) and 328(a) of title 11 of the Bankruptcy Code, filed its application for the authorization to employ and retain, *non pro tunc* to January 6, 2010 (the "Engagement Date"), Kasowitz, Benson, Torres & Friedman LLP as special counsel (the "Debtors' Application").

8.    On January 28, 2010, this Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kasowitz, Benson, Torres & Friedman LLP as Special Counsel, *Nunc Pro Tunc* to the Engagement Date (the "Retention Order"). A true and correct copy of the Retention Order is attached hereto as Exhibit B.

9.    The Retention Order, as specified in the Debtors' Application, authorizes KBT&F to represent the Debtors in the investigation of "third parties who may have, prior to the Commencement Date, taken actions or made statements that interfered with, and damaged, the Debtors' business (the "Illegal Activity"); and (2) to commence litigation and prosecute, with the

3

Debtors' authorization, third parties who have engaged in Illegal Activity."

10.    On June 25, 2009, this Court entered the Third Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

(the "Compensation Order").

11.    The Compensation Order established a procedure for, *inter alia*, the payment of

interim fees and expenses to professionals employed by the Debtors on a monthly basis.

KBT&F, on a monthly basis, has been preparing and serving fee statements in accordance with

the Compensation Order.[2]  A copy of the Compensation Order is attached as Exhibit C.

## MONTHLY FEE STATEMENTS AND QUARTERLY APPLICATIONS

12.    This Application is KBT&F's first interim fee application and seeks payment of

interim compensation and reimbursement of expenses for services rendered to the Debtors in

amounts that have been invoiced to the Debtors for the period from January 6, 2010 through May

31, 2010.

13.    KBT&F seeks allowance of interim compensation for professional services

rendered to the Debtors during the Interim Fee Period in the amount of $186,714.50 (including

the 20% of such fees "held back"), and reasonable out-of-pocket expenses in the amount of

$125,292.82.  During the Interim Fee Period, KBT&F professionals and paraprofessionals

expended a total of 502.40 hours for which compensation is requested.

14.    For the period January 6, 2010 through and including May 31, 2010, KBT&F

submitted four monthly fee statements (the "Monthly Fee Statements").  Through the Monthly

Fee Statements, KBT&F has requested interim fee compensation in the amount of $149,371.60

---

[2]     Pursuant to the Compensation Order, if no timely objections to KBT&F's monthly fee statements are filed, KBT&F is paid 80% of its fees and 100% of its expenses.

(representing 80% of the fees billed by KBT&F from January 6, 2010 through May 31, 2010) and expenses incurred in the total amount of $125,292.82 (100% of the expenses billed by KBT&F from January 6, 2010 through May 31, 2010).

15.    There is no agreement or understanding between KBT&F and any other person for the sharing of compensation to be received for services rendered in these cases.

16.    KBT&F's fees in these cases are billed in accordance with its existing billing rates and procedures. The rates KBT&F charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates KBT&F charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive legal market.

17.    Schedule 1 of the Summary of the First Interim Application of Kasowitz, Benson, Torres & Friedman LLP Special Counsel to the Debtors and Debtors in Possession, for Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual Expenses Incurred from February 1, 2010 through May 31, 2010 (the "Application Summary") sets forth the number of hours expended by each attorney and paraprofessional of KBT&F who rendered services to the Debtors, their respective hourly rates, and the year in which each KBT&F attorney was first admitted to practice in New York.

18.    KBT&F maintains contemporaneously created computerized records of the time spent by all KBT&F attorneys and paraprofessionals in connections with the representation of the Debtors in these cases.[3]    Schedule 3 of the Application Summary specifies the expenses for

---

[3]    Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for Debtors; and (iv) the Fee Committee. (*See* Exhibit D.)  Additionally, since KBT&F was retained to represent the Debtors to investigate possible claims against third parties who may have "taken actions or made

which KBT&F is seeking reimbursement and the total amount for each category.

## SUMMMARY OF SERVICES RENDERED DURING THE INTERIM FEE PERIOD

19.    The professional services that KBT&F rendered during the Interim Fee Period are grouped into titled categories of "project matters" that are described below. In addition, Schedule 2 of the Application Summary sets forth the number of hours expended by project category for the Interim Fee Period.

a.    Project Monitoring/Court Calendar & Docket Maintenance

(Fees: $5,766.50; Hours Billed: 32.70)

20.    Time billed to this matter during the Interim Fee Period reflects the organization and maintenance of files and evidence related to KBT&F's ongoing investigation of possible claims by the Debtors against third parties and the monitoring of the Court's calendar and docket.

b.    Investigation/Rule 2004 Discovery

(Fees: $160,208.50; Hours Billed: 417.10; Expenses: $124,504.03)

21.    Time billed to this matter during the Interim Fee Period reflects work done in furtherance of the investigation commenced by KBT&F on behalf of the Debtors into whether the Debtors have pre-petition claims against third parties arising from wrongful interference with, and damage to, the Debtors' business. In furtherance of this investigation, KBT&F, among other things, served Bankruptcy Rule 2004 subpoenas *duces tecum* upon six financial institutions, including major hedge funds and Goldman Sachs.

---

statements that interfered with, and damaged, the Debtors' business" and "to commence litigation and prosecute, with the Debtors' authorization, third parties who have engaged in [i]llegal Activity," certain entries in KBT&F's fee statements are privileged and confidential, and disclosure of such confidential information could harm KBT&F's investigation and potentially damage claims that constitute assets of the estate. Therefore, pursuant to section B of the Local Guidelines, KBT&F requests permission to submit fee statements to the Court in redacted form, and it has submitted redacted fee statements pending the Court's determination of this request.

22.     Expenses billed to this matter during the Interim Fee Period include professional investigative services ($123,673.93) provided by the KBTF Group, LLC ("KBTF Group"). KBTF Group investigators conducted an investigation into facts supporting possible causes of action by Lehman against third parties. The investigative services provided by KBTF Group included attending conferences, meeting with subjects, conducting background checks, and researching books, periodicals, news stories, blogs and other internet sources for material information related to possible claims.

c.    Examiner Issues

(Fees: $1,159.50; Hours Billed: 3.90)

23.     Time billed to this matter during the Interim Fee Period represents KBT&F's loading of the report of bankruptcy examiner, Anton R. Valukas, onto its computer system and conducting searches of the report in furtherance of its investigation.

d.    Firm's Own Billing/Fee Applications

(Fees: $18,896.00; Hours Billed: 46.80)

24.     Time billed to this matter during the Interim Fee Period reflects KBT&F's drafting and preparation of four monthly fee applications.

e.    Firm's Own Retention Issues

(Fees: $684.00; Hours Billed: 1.90)

25.     Time billed to this matter during the Interim Fee Period reflects work performed by KBT&F related to its retainer as a professional by the Debtors.

**DISBURSEMENTS**

26.     In connection with the provision of the legal services detailed in the Exhibits hereto and summarized above, KBT&F has incurred out-of-pocket disbursements during the Interim Fee Period in the amount of $125,292.82. This amount is broken down into categories of

7

charges, as set forth in Schedule 3 of the Application Summary, which schedule summarizes the

expenses incurred for the Interim Fee Period.

27.   KBT&F only seeks reimbursement at actual cost for disbursements incurred

both in-house and from third party vendors. With respect to photocopying expenses, KBT&F

charges $.10 per page. With respect to facsimile expenses, KBT&F excludes charges for

incoming facsimiles and includes charges for outgoing facsimiles at applicable toll charge rates

only.  These charges are intended to cover KBT&F's direct operating costs for photocopying and

facsimile facilities, which costs are not incorporated into KBT&F hourly billing rates. Only

clients who actually use photocopying, facsimile, and other office services of the types set forth

Schedule 3 of the Application Summary are separately charged for such services.

28.   Expenses for automated legal research and the searching of official records were

also incurred.  On several occasions, mailing charges were incurred.  The actual expenses

incurred in providing professional services were necessary, reasonable and justified under the

circumstances to serve the needs of the Debtors.

## INTERIM COMPENSATION AND REIMBURSEMENT IS WARRANTED

29.   Section 331 of the Bankruptcy Code allows a bankruptcy court to authorize

interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional

person employed under section 327 or 1103 of this title . . . not more than once every 120 days

after an order for relief in a case under this title . . . ."

30.   Section 330(a)(1)(A) and (B) of the Bankruptcy Code provides, in pertinent

part, that the Court may award to a professional person, "reasonable compensation for actual,

necessary services rendered" and "reimbursement for actual, necessary expenses." Section

330(a)(3)(A), in turn, provides that:

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3)(A).

31.     KBT&F respectfully submits that the elements governing awards of compensation justify the allowance request.

### a.  The Time and Labor Required

32.     The professional services rendered by KBT&F have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends and holidays.  The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.  During the Interim Fee Period, 502.40 recorded hours were expended by KBT&F's partners, associates, and legal assistants in providing the requested professional services. KBT&F's hourly billing rates, as set out in Schedule 1 of the Application Summary, are computed at the rates KBT&F regularly charges its hourly clients.

### b.  The Necessity of the Services and the Benefit to the Estate

33.     KBT&F's services are essential to the investigation, and possible prosecution, of potentially valuable pre-petition claims against third parties who may have sought to wrongfully exploit the Debtors and profit from the resultant harm.  Any such claims would

9

constitute valuable assets of the Debtors' estate, and KBT&F's services are vital to the identification and preservation of these assets.

### c.  The Novelty and Difficulty of the Issues Presented in this Case

34.    KBT&F's services of necessity involve the investigation of sophisticated third parties and intricate fact patterns.  Among the difficulties posed by this investigation is the fact that any wrongdoers will have a strong incentive to conceal their malfeasance, and the development of claims against them will necessarily pose an array of complex and novel legal issues.

### d.  The Experience, Reputation and Ability of the Attorneys

35.    KBT&F has extensive experience in the areas of insolvency and complex commercial litigation. KBT&F's services on behalf of the Debtors have been rendered in a highly efficient manner by attorneys who have achieved a high degree of expertise in these areas. The skill and competency of the KBT&F attorneys who have represented the Debtors have ensured that these cases have been administered in the most efficient and expeditious manner.

### NOTICE

36.    Notice of this Application, as set forth in the Interim Compensation Order, has been given to (a) the Debtors, (b) counsel for the Debtors, (c) the Office of the United States Trustee, (d) Counsel for the Official Committee of Unsecured Creditors and (e) the chairperson of the fee committee.

37.    No other or prior application or motion for the relief requested herein has been made to this or any other Court.

10

## CONCLUSION

38.    WHEREFORE, for all of the foregoing reasons, KBT&F respectfully requests

that this Court issue an order conforming to the proposed order attached hereto as exhibit E: (i)

allowing compensation for professional legal services rendered as Special Counsel for the

Debtors in the amount of $186,714.50 for the Interim Fee Period; (ii) allowing reimbursement

for actual and necessary expenses incurred in the amount of $125,292.82 for the Interim Fee

Period; and (iii) granting such other and further relief as this Court may deem necessary and

appropriate.

Dated: August 16, 2010
       New York, New York

                                      KASOWITZ, BENSON, TORRES
                                         & FRIEDMAN LLP

                              By:    /s/ Robert N. Novick
                                     Marc E. Kasowitz
                                     (mkasowitz@kasowitz.com)
                                     Michael J. Bowe
                                     (mbowe@kasowitz.com)
                                     Robert M. Novick
                                     (rnovick@kasowitz.com)
                                     Albert S. Mishaan
                                     (amishaan@kasowitz.com)
                                     1633 Broadway
                                     New York, New York 10019
                                     (212) 506-1700

                                     *Special Counsel for the Debtors
                                     and Debtors-in-Possession*

Hearing Date: TBD

# EXHIBIT A

## CERTIFICATION OF ROBERT M. NOVICK

Hearing Date: TBD

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert M. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)

*Special Counsel for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

In re:                                     :    Chapter 11
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.      :    No. 08-13555 (JMP)
                                           :
                Debtors.       :    (Jointly Administered)

------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF FIRST INTERIM APPLICATION OF
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, AS SPECIAL COUNSEL
FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT
OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

      I, Robert M. Novick, hereby certify that:

      1.  I am an attorney admitted to practice before the courts of the State of New York and

the United States District Court for the Southern District of New York. I am a member of the law

firm of Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), special counsel to Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their

non-debtor affiliates, "Lehman").[1]

2.  I submit this certification in accordance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* adopted by the Court on April 19, 1995, and the *Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* adopted by the Court on June 20, 1991 (collectively, the "Local Guidelines"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* adopted on January 30, 1996 (the "UST Guidelines"), this Court's *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order"), and this Court's *Order Appointing Fee Committee and Approving Fee Protocol* (the "Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines").

3.  This certification is made in respect to the *First Interim Application of Kasowitz, Benson, Torres & Friedman LLP, Special Counsel to the Debtors and Debtors in Possession in the Above Captioned Case, For Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred From February 1, 2010 Through May 31, 2010* (the "First Interim Application").

4.  All of the services for which compensation is sought by KBT&F were performed for and on behalf of the Debtors and not on behalf of any other person.

5.  No agreement exists between KBT&F and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the

---

[1]    Defined terms used herein, but not defined, shall have the meaning ascribed to them in the First Interim Application.

above-captioned cases.

6.  In accordance with the Local Guidelines, I hereby certify that:

    a.  I have read the First Interim Application;

    b.  To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines;

    c.  To the best of my knowledge, information and belief, the fees and disbursements sought fall within the Guidelines, are billed at rates, and in accordance with practices customarily employed by KBT&F and generally accepted by KBT&F's clients;

    d.  In providing a reimbursable service, KBT&F does not make a profit on that service, whether the service is performed by KBT&F in-house or through a third party; and

    e.  For the period of time from January 6, 2010 through May 31, 2010, KBT&F has been providing statements of KBT&F's fees and disbursements accrued during each month in accordance with the procedures approved by this Court in the Interim Compensation Order.

7.  In respect of A.2 of the Local Guidelines, I certify to the best of my knowledge, information and belief, formed after reasonable inquiry, that KBT&F has provided, on a monthly basis, statements of its fees and disbursements accrued during the previous month, by serving monthly statements in accordance with the Interim Compensation Order.

8.  In respect of A.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Debtors, (b) counsel for the Debtors, (c) counsel for the Committee, (d) the Office of the United States Trustee and (e) the chairperson of the fee committee in accordance with the Interim Compensation Order.

Dated: August 16, 2010
      New York, New York

                                     /s/ Robert N. Novick
                                        Robert N. Novick

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                 :

In re                              :     Chapter 11 Case No.
                                 :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (JMP)
                               :

               Debtors.       :     (Jointly Administered)
                               :

------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF KASOWITZ, BENSON, TORRES & FRIEDMAN LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

Upon consideration of the application, dated January 11, 2010 (the "Application"), of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 327(e)

and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to

employ and retain, *nunc pro tunc* to January 6, 2010 (the "Engagement Date"), Kasowitz,

Benson, Torres & Friedman LLP ("KBT&F") as special counsel, all as more fully described in

the Application; and upon the Declaration of Albert S. Mishaan. (the "Declaration"), a partner at

KBT&F, which was filed in support of the Application; and the Court being satisfied, based on

the representations made in the Application and the Declaration, that KBT&F represents no

interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is

to be engaged, under section 327 of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code, and the Court having jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Application having been provided in accordance with the procedures set

forth in the amended order entered February 13, 2009 governing case management and

administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; and (vi) all parties who have requested

notice in these chapter 11 cases, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Application is in the best

interests of the Debtors, their estates and creditors, and all parties in interest and that the legal

and factual bases set forth in the Application establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that, in accordance with sections 327(e) and 328(a) of the Bankruptcy Code,

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the Southern District of New York (the "Local Rules"), the Debtors are hereby

authorized to employ and retain KBT&F as special counsel to the Debtors on the terms set forth

in the Application and this order, effective *nunc pro tunc* to the Engagement Date; and it is

further

ORDERED that KBT&F shall apply for compensation and reimbursement of expenses in

accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code,

applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by

the U.S. Trustee, and such other procedures that have been or may be fixed by order of this

Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a)

and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for

Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No.

4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket

No. 3651].


Dated:   New York, New York
         January 28, 2010

                              _s/ James M. Peck_____
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

### THIRD AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed June 13, 2009 (the "Third Amended Order"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to establish procedures for interim monthly compensation and reimbursement of expenses of professionals (the "Professionals"), all as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October 11, 2008 (the "Motion") [Docket No. 833] and the notice of presentment of the proposed Third Amended Order; and the Court having jurisdiction to consider the proposed Third Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the proposed Third Amended Order and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the proposed

Third Amended Order having been provided in accordance with the procedures set forth in the

amended order entered February 13, 2009 governing case management and administrative

procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; and (vi) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court

having entered an amended order, dated March 13, 2009 (the "Second Amended Order")

[Docket No. 3102], governing the procedures for interim monthly compensation and

reimbursement of expenses of professionals; and the Court concluded that there is cause to make

certain amendments to the Second Amended Order; and the Court having found and determined

that the relief sought in the proposed Third Amended Order is in the best interests of the Debtors,

their estates and creditors, and all parties in interest and that the legal and factual bases set forth

in the Motion and the proposed Third Amended Order establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Second Amended Order is superseded in its entirety by this

Third Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court

authorizing the retention of specific Professionals, all Professionals in these cases may seek

monthly compensation in accordance with the following procedures (the "Interim Compensation

Procedures"):

(a)    On or before the **thirtieth (30th)** day of each month following the month for which compensation is sought, each professional seeking compensation, other than a professional retained as an ordinary course professional, will serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery on (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York, 10020 (Attn: John Suckow and David Coles); (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York  10004 (Attn: Andy Velez-Rivera, Esq. and Tracy Hope Davis, Esq.); and (v) Feinberg Rozen, LLP, The Willard Office Building, 1455 Pennsylvania Avenue, NW, Suite 390, Washington, DC 20004-1008 (Attn: Kenneth R. Feinberg, Esq.), Chairperson of the Fee Committee (as defined in the Order Appointing a Fee Committee and Approving a Fee Application Protocol, dated May 26, 2009 [Docket No. 3651]) (the "Notice Parties").

(b)    The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

(c)    Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(d)    Each Notice Party shall have at least **fifteen (15)** days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice

3

Party shall, no later than **the forty-fifth (45th)** day following the month for which compensation is sought, serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)     At the expiration of the **forty-five (45)** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)     If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)     If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)     All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)     The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)     Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "Interim Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date

4

through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Motion.

(k)    The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals. At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)    The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)    Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; *provided, however,* that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

; and it is further

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

5

ORDERED that any party may object to requests for payments made pursuant to this Third Amended Order, or move to modify or vacate all or certain provisions of this Third Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; *provided, however*, that the inclusion in this Third Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that all time periods set forth in this Third Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York
       June 25, 2009

                                   *s/ James M. Peck*
                              UNITED STATES BANKRUPTCY JUDGE

6

**EXHIBIT D**[1]

---

[1]      Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Official Fee Committee.

**EXHIBIT E**

KASOWITZ, BENSON,
TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert M. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - x
In re:                                      :    Chapter 11
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.       :    No. 08-13555 (JMP)
                                            :
                    Debtors.                :    (Jointly Administered)
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - x

ORDER GRANTING APPLICATION FOR ALLOWANCE OF INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES

         Upon consideration of the Application for Allowance of Interim Compensation and
Reimbursement of Expenses (the "Application") for professional services rendered and expenses
incurred during the period commencing February 1, 2010 through May 31, 2010; and a hearing
having been held before this Court to consider the Application on _____;
and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(7) and
(c)(2); and due consideration having been given to any responses thereto; and sufficient cause
having been shown therefore, it is hereby

         ORDERED that the Application is granted to the extent set forth in Schedule "A."

Dated: New York, New York
        _____, 2010


                                            _____
                                            United States Bankruptcy Judge
                                            Southern District of New York

Case No.: 08-13555 (JMP)
Case Name: In Re Lehman Brothers
        Holdings, Inc, et al.

### CURRENT FEE PERIOD:
### February 1, 2010 to May 31, 2010

| APPLICANT | DATE/ DOCUMENT NO. OF APPLICATION | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|---|---|---|---|---|---|
| Kasowitz, Benson, Torres & Friedman LLP | August 13, 2010, Docket No. | $186,714.50 | | $125,292.82 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

SCHEDULE: A                    DATE: _____                    INITIALS: _____ USBJ