UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                  :

In re:                             :        Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.,   :        Case No. 08-13555 (JMP)

                    Debtors.       :        (Jointly Administered)
                                    :
-------------------------------------------------------x

**FIFTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD
FEBRUARY 1, 2010 THROUGH MAY 31, 2010**


Name of Applicant:                      FTI Consulting, Inc.

Authorized to Provide
Professional Services to:                THE OFFICIAL COMMITTEE OF
                                        UNSECURED CREDITORS OF LEHMAN
                                        BROTHERS HOLDINGS, INC., et al.

Date of Retention:                     September 17, 2008

Period for which compensation
and reimbursement is sought:         February 1, 2010 to May 31, 2010

Amount requested in this fee app
      Compensation requested:         $9,684,055.45
      Expense reimbursement requested:    $89,869.95

Amount previously requested
      Compensation requested:         $29,135,818.89
      Expense reimbursement requested:    $791,214.32

This is an (a): __X__ Interim ____Final Application

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                            :
          In re:                            :          Chapter 11
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :          Case No. 08-13555 (JMP)
                                            :
                    Debtors.                :          (Jointly Administered)
                                            :
-----------------------------------------------------------x
```

## FIFTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisors to the Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. ("LBHI"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates, ("Lehman"), hereby submits its fifth application pursuant to 11 U.S.C. §§330 and 331 for an interim allowance of compensation for services rendered and for reimbursement of expenses incurred in these cases.

## INTRODUCTION

1.      By this application, FTI seeks a fifth interim allowance of compensation for professional services rendered as financial advisors to the Committee for the period February 1, 2010 through and including May 31, 2010 (the "Fifth Interim Period") in the amount of

$9,684,055.45, representing 18,804.9 hours in professional services, and actual and necessary expenses of $89,869.95. In support of this application, the Applicant represents as follows:

2.      This application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members dated November 5, 2008 (the "Administrative Fee Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of $9,684,055.45 in fees and $89,869.95 for reimbursement of its expenses relating to services rendered on behalf of the Committee during the Fifth Interim Period. Included in the $9,684,055.45 fee amount is $1,936,810.49 that represents the 20% professional fee holdback as required in the Administrative Fee Order for the period of February 1, 2010 through May 31, 2010.

## BACKGROUND

3.      On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.      By an Order dated November 21, 2008, the United States Bankruptcy Court for the Southern District of New York authorized and approved the Committee's retention of FTI *nunc pro tunc* to September 17, 2008. FTI also filed its First Supplemental Affidavit of Michael Eisenband in Support of Application for an Order for Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors on January 23, 2009, a Second Supplemental Affidavit on April 6, 2009, a Third Supplemental Affidavit on June 19, 2009, and a Fourth Supplemental Affidavit on April 15, 2010.

## SUMMARY OF SERVICES RENDERED

7.      The Debtors' chapter 11 cases have presented numerous complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors.  The Retention Order authorizes FTI to render essential financial advisory services to the Official Committee of Unsecured Creditors, which included, but were not limited to the following services during the Fifth Interim Period:

**PCD 0800 Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee**

FTI's role included coordinating and fulfilling numerous requests from the Committee for financial and operational data pertaining to the Debtors.  FTI worked with Committee counsel in the preparation and presentation of extensive materials for weekly calls with both the full Committee and with the Committee co-chairs regarding updates on derivative positions, real estate positions, cash positions, Bankhaus, capital calls, monthly operating reports, intercompany

balances, substantive consolidation, LAMCO, ("Plan of Reorganization") POR, claims and guarantee claims analysis, and other key issues. FTI also attended two in person meetings with the Debtor and the Committee on April 1, 2010, and May 26, 2010.

### PCD 1100 LBI/SIPC Coordination and Issues

FTI spent time performing due diligence on the Trustee's Motion to Approve Allocation (the "Allocation Motion'). The Allocation Motion sought to obtain the Bankruptcy Court's approval of the guidelines allocating assets between LBI Customer Assets & Claims and LBI General Estate Assets & Claims. The Trustee alleged that a number of acts/omissions by LBI contributed to the shortfalls within LBI Customer Property. FTI reviewed and analyzed documents related to Phase I of the Allocation Motion. This included Daniel McIssac's Expert Reports and the documents to support the LBI Customer Property shortfalls, which included the FID Security and Cash accounts maintained and seized by Chase, the 944 and Woodlands account coding errors, Assets Subject to LBIE Administration, and the FX cash seized by Citibank London during the liquidation of customer accounts. FTI drafted summary memorandums for each of these adjustments and concluded as to how the Trustee should proceed with the allocation to Customer accounts. Time was also spent reviewing FINRA guidance relating to the 15c3-1 calculations and disciplinary rulings on similar bank overdrafts. FTI also attended meetings and conducted conference calls with counsel and financial advisors for the SIPC Trustee. FTI continued its work performing due diligence of Phase II items in the Allocation Motion including the adjustment for Customer cash claimed by LBIE, the deposit at the OCC, the overdraft in LBI's main operating account, and other reserve computation adjustments.

### PCD 1200 Cash Management

FTI reviewed the Company's cash and short-term investment position on a weekly basis and the Company's annual cash flow projections for 2010.  FTI attended regular meetings with Alvarez & Marsal ("A&M") to discuss the actual weekly cash flow results and prepared reports to the Committee with details of the Debtors' current cash and short-term investment position. FTI also reviewed and analyzed the 2010 preliminary cash flow projections and prepared a summary for the Committee. These services aided the Committee in obtaining a complete understanding of the Company's complex cash flows, key settlements that impacted cash flow, financial performance, key business drivers, and areas that needed to be evaluated further (e.g., potential capital calls, hedging opportunities, etc.) in order to ensure that sufficient liquidity was maintained.

### PCD 1400 Employee/ERISA/Benefits/Pension Issues

FTI provided support to the Debtors by assisting in the development and review of the employee retention and recruiting plan. Specifically, FTI reviewed updated versions of the employee retention and recruiting plan to analyze employee headcount and related compensation (base, bonus, and severance pay). FTI also spent time reviewing the current headcount and need for extensions of employee contracts for the various asset groups, and the resulting impact on the overall cost to the estate.

### PCD 2000 Other General Business Operation Issues

FTI participated in developing the business plan for LAMCO, analyzing the asset management costs for each of the four product classes, and the various functional requirements need for LAMCO.   FTI also participated in various work-streams to transition dependency from the Barclays Transition Services Agreement ("TSA") to an outsourced provider, LBHI personnel, or wind-down the services altogether.

**PCD 2100 Intercompany Issues**

During this time period, FTI had two individuals working with the Debtor specifically on intercompany accounts and intercompany guarantee claims. FTI spent time analyzing intercompany trading activity, including derivatives and structured notes transactions. FTI worked with Debtor personnel to roll forward intercompany non-trading balances for Debtor entities through their respective filing dates. FTI worked with Debtor personnel to analyze certain intercompany general ledger accounts in an attempt to identify and quantify pre-petition accrued interest.

Time was also spent participating in meetings and calls between Debtor personnel and foreign administrators regarding the settlement of intercompany balances, preparing a matrix identifying the intercompany balances between Lehman entities to feed into the Committee's recovery model, and analyzing the intercompany concepts of setoff and debt re-characterization to assess the impact on recoveries to creditors. In developing the intercompany matrix, FTI analyzed the pre- and post-petition intercompany balances within the June 30, 2009 balance sheets for the A&M controlled entities and the pre-petition intercompany balances within the Debtor's September 14, 2008 intercompany model for the A&M non-controlled entities.

FTI attended the April 2010 international protocol meeting in Hong Kong which focused largely on the settlement status of intercompany balances. FTI provided periodic reports and presentations to the Committee and Committee's counsel regarding the fore mentioned analyses, meetings and calls.

**PCD 2200 Data Preservation/Migration**

FTI continued to assist A&M with identifying, acquiring, and analyzing data held within the LBHI systems. Tasks included, but were not were not limited to, application and database preservation for IBM based and Sybase systems; reviewing and cataloging contents of LBHI legacy databases; acquiring and analyzing all data owned and accessed by custodians; the aggregation, normalization, and analysis of data associated with collateral investigations.

Additional ad-hoc requests included, but were not limited to development of an application to automate the migration process, cataloging relevant hard documents, and acquiring/documenting the associated database, data parsing and normalization, and other requests from A&M and LBHI in support of data preservation. Time in this code also included the continued migration of more than 3 terabytes of data which encompasses over 150 applications and 100 databases.

## PCD 2300 Real Estate Matters

The Lehman real estate portfolio includes positions in hundreds of properties and development projects, which span the world with assets in the Americas, Asia, and Europe. The portfolio, which has invested capital in the tens of billions, has many significant and complex projects, some of which have more than a billion invested in them individually. The investment positions that the Debtors maintain in these projects are extremely varied and include all levels of the projects' capital structure. FTI met on a regular basis with A&M and legacy Lehman real estate employees retained by Lehman to deal with current pressing real estate issues. Many of these issues pertained to various motions filed in the case that required positions to be taken by the Committee with others pertaining to certain funding requirements. Also during this period, FTI reviewed and analyzed the Debtor's Quadrant Analysis, as well as the updated 12/31/09 underwriting, and presented its observations to the Real Estate Sub-Committee.

On an individual asset basis, FTI undertook numerous detailed reviews of relevant assets in the portfolio to assess the reasonableness and accuracy of the Debtors' analysis, and the updated marks for the various Lehman positions. FTI and its real estate specialists met with various Lehman Asset Managers to review their assumptions in regard to all aspects of the properties including projected cash flows, future funding requirements, and potential recoveries. FTI has presented its findings on a regular basis to both the Committee's Real Estate Sub-Committee and the full Committee, where appropriate.

## PCD 2500 Derivatives/SWAP Agreement Issues

FTI attended and participated in daily settlement adjudication meetings with the A&M and Lehman Derivative teams to discuss proposed derivatives settlements, and meetings with Derivatives Co-Heads to discuss issues regarding the derivatives portfolio, plus meetings with Lehman SPV team to discuss the SPV recovery strategies to approve proposed derivative settlements.  FTI worked with the applicable transactors and traders before and after the settlement adjudication meetings to discuss relevant settlement issues, provide strategic guidance in negotiations with counterparties and independently assessed the value of the swaps and appropriate settlement amounts for certain transactions. FTI reviewed numerous alternative dispute resolution demands and potential settlements and provided feedback to Committee counsel and the derivatives sub-committee. FTI reviewed, analyzed, and approved settlements with 530 derivative counterparties covering 11,145 trades and analyzed 38 Alternative Dispute Resolution demands on various derivatives counterparties. FTI worked with Committee counsel to provide relevant data and information to the Derivatives sub-committee as appropriate and to review certain financial issues in various stipulations among Debtor's affiliates and other parties.

### PCD 2600 Loans/Investments

During this fee period, FTI met on a regular basis with the Debtors to discuss the management of certain exposures in the loan portfolio and to develop a strategy to maximize value. FTI analyzed the underlying credit, reserve price, and Debtor's strategy with respect to certain positions, reviewed the monthly loan portfolio report prepared by the Debtors, participated in the weekly loan book calls with the Debtors, reviewed issues surrounding the pledging of loan book trades to third parties, and reviewed related cash flows. FTI also prepared various presentations regarding the Debtor's strategy and top loan exposures for the Committee.  FTI presented its findings and participated in calls with the Loan Book Sub-Committee.

### PCD 2800 International Insolvency Issues

FTI prepared an update to the Committee on the progress and status of the 19 U.K. Lehman entities that were placed in administration.  The work involved reviewing the reports prepared by the Administrators and other statutory filings and preparing a presentation to the Committee members regarding the status of the U.K. entities.  As part of the same update, FTI also worked with A&M to review the current position of the "unpreadvised transactions" (i.e. the cash received into the LBHI U.K. bank accounts that is being claimed by LBIE as part of the LBIE estate).

FTI also worked alongside Milbank U.K. on various other matters regarding the European estate including the recovery of certain asset classes, intercompany positions and the determination of how the impact of recoveries from asset sales may be routed back to the LBHI estate in the U.S.

### PCD 2900 Schedules/Statement of Financial Affairs/Other Reporting Issues

FTI spent time reviewing both the 6/30/09 and the 12/31/09 Debtors' balance sheets and also

spent time meeting with the Debtors to discuss the December 31, 2009 Debtors' balance sheets.

This included the review of the changes in asset and liability balances between June 30, 2009

and December 31, 2009. FTI reviewed and analyzed the Debtor's cost allocation methodology,

which included the review of the allocations as of the balance sheet reporting periods (June and

December 2009) and recommendation on modifications to be considered in order to ensure an

equitable distribution of costs.

### PCD 3500  Plan of Reorganization/Plan Confirmation/Plan Implementation

FTI was also actively involved in the Plan of Reorganization and Disclosure Statement

development process during this fee period.  In this role, FTI participated in numerous strategic

meetings with counsel and management regarding the Plan of Reorganization, and provided

analyses to support the discussions and decision making process.  FTI conducted detailed

reviews and analyses of various term sheets and drafts of the Plan of Reorganization and

Disclosure Statement to ensure that the disclosures contained therein were proper, accurate and

consistent with supporting documentation.

Working alongside Milbank, FTI also undertook a factual review of certain items as they

related to substantive consolidation which was used in developing the structure of the Plan of

Reorganization.  As part of this effort, FTI held discussions with Debtor personnel, performed

various analyses, and prepared preliminary summaries evaluating factors related to substantive

consolidation.  Regular telephonic and in-person conferences were held throughout the process

to discuss progress, key findings and subsequent required analyses.  FTI and Milbank prepared a

substantive consolidation report and presented its findings to the Committee.

11

### PCD 3700 Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues

FTI worked with the Debtors' Claims Resolution Team to understand their efforts to reconcile, object to, estimate values, and resolve proofs of claims filed against the Debtors in these Chapter 11 proceedings. To-date, creditors have filed over 65,000 proofs of claim in these cases, each requiring reconciliation and analysis. FTI has reviewed summaries of the filed claims by category as well as individual claims filed to determine their validity. FTI has reviewed omnibus objections prepared by the Debtor in advance of their filing with the Court.

In an effort to substantiate the 3rd party transaction guarantee claims and affiliate guarantee claims filed against LBHI, FTI undertook a detailed analysis of said claims. As part of this analysis, FTI engaged in meetings and calls with the Debtors to understand the claims and the corresponding allowances set forth within the Plan of Reorganization and Disclosure Statement. FTI also reviewed the actual proof of claims and guarantee questionnaires to understand the nature of the guarantee claims. FTI determined through its analysis that certain guarantee claims were overstated and attempted to estimated the actual value of those claims, based largely on its review and understanding of pre-petition intercompany balances sourced from 6/30/09 balance sheets and A&M's 9/14/08 intercompany matrix. Furthermore, FTI engaged in meetings and calls with certain Committee members and other creditor groups to assess their views of the guarantee claims. FTI also reviewed and challenged a report prepared by A&M that illustrated an allocation proposal for the affiliate guarantee allowance pursuant to the Disclosure Statement. FTI presented several reports to the Committee illustrating estimated guarantee claims.

## PCD 3900 Non-Derivative Adversary Proceedings Preparation and Litigation

Shortly before LBHI filed for chapter 11 bankruptcy protection, JPMorgan Chase Bank, N.A. demanded that LBHI guarantee all obligations between JPMorgan Chase Bank, N.A. and its affiliates ("JPMCB") and LBHI and its affiliates, including LBI. JPMCB further demanded that LBHI post collateral to support its guaranty obligations. LBHI consented to JPMCB's requests and executed a guaranty of the obligations of its affiliates and posted cash and securities to secure the guaranty. Litigation was commenced to, among other things, challenge the guaranty obligations and recover the posted collateral. FTI spent time reviewing the various components of JPMCB's claim filed against the Estate and the potential recovery to LBHI of the posted collateral. FTI also spent time reviewing a proposed settlement whereby JPMCB would return any remaining securities to LBHI.

FTI reviewed the Ernst and Young audit papers in connection with potential litigation against E&Y. The review focused on the accounting treatment for certain transactions and the assessment of the economic impact of these transactions on potential financial statement misrepresentations.

FTI also assisted with analyzing certain information related to the solvency of Lehman and spent time reviewing information related to potential fraudulent conveyance and preference actions.

## PCD 4600 Firms Own Billing/Fee Application

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order Pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses of

Professionals dated November 5, 2008. Time in this category includes preparing the Monthly Fee

Statements for the fee periods of February 2010 through May 2010, as well as the time spent

preparing the Fourth Interim Application of FTI Consulting, Inc. for Allowance of Compensation

and for Reimbursement of Expenses.

## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

8.     All of the services for which interim compensation is sought herein were

rendered for and on behalf of the Committee, and not on behalf of any other entity.  FTI

respectfully submits that the professional services rendered were necessary, appropriate and have

contributed to the effective administration of the Debtors' chapter 11 cases and maximization of

value.  It is respectfully submitted that the services rendered to the Committee were performed

efficiently, effectively and economically.

9.     During the Fifth Interim Period, FTI professionals expended an aggregate

of 18,804.9 hours in rendering services on behalf of the Committee for a total fee of

$9,684,055.45. FTI submits that its fee is reasonable for the work performed in these cases and

the results obtained.

10.     FTI incurred out-of-pocket expenses of $89,869.95 in connection with the

rendition of the professional services described above during this Fifth Interim Period. The actual

expenses incurred in providing professional services were necessary, reasonable, and justified

under the circumstances to serve the needs of the Committee in these Chapter 11 cases. All air

travel to and from the Debtors' location was necessary and billed at actual coach airfare.

Additionally, FTI voluntarily reduced all travel time by 50% during the Fifth Interim Period.

## APPLICATION

11.     This Application is made by FTI in accordance with the Guidelines

adopted by the Executive Office for the United States Trustees and the Administrative Order.

Pursuant to this application, FTI has attached the following exhibits:

A.     Exhibit A -- – Certification Under Guidelines for Fees and Disbursements

for Professionals in Respect of Fifth Application of FTI Consulting, Inc;

B.     Exhibit B -- Retention Order dated November 21, 2008 authorizing the

employment and retention of FTI Consulting, Inc. effective as of September 17, 2008 to

provide professional services as Financial Advisors to the Official Committee of

Unsecured Creditors;

C.     Exhibit C -- Summary of billings and collections for the First, Second,

Third, Fourth, and Fifth Interim Periods;

D.     Exhibit D -- Summary of time and fees by professional;

E.     Exhibit E -- Summary of time by task code;

F.     Exhibit F -- Summary of out of pocket expenses by category incurred

during the Fifth Interim Period;

G.     Exhibit G[1] -- Detail of time by task codes, including detailed time entry

by professional with description of task performed;

H.     Exhibit H[1] – Detail of expenses by category and professional incurred

during the Fifth Interim Period.

## CONCLUSION

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

12.    No agreement or understanding exists between FTI and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

13.    No prior application has been made to this or any other Court for the relief requested herein for the Fifth Interim Period.

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

a.   approving the allowance of $9,684,055.45 for compensation for services rendered during the Fifth Interim Period, and reimbursement of $89,869.95 for out of pocket expenses,

b.   directing the payment of such fees by the Debtors, and

c.   granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 13, 2010

FTI Consulting, Inc.
Financial Advisors to the Official Committee of
Unsecured Creditors

By: 

Michael Eisenband
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 499-3647

# EXHIBIT

## "A"
## Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                :

In re:                  :        Chapter 11 Case No.
                :

LEHMAN BROTHERS HOLDINGS INC., et al.,  :     08-13555 (JMP)
                :

           Debtors.    :      (Jointly Administered)
                :

------------------------------------------------------------ x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF FIFTH APPLICATION OF FTI
CONSULTING, INC., FINANCIAL ADVISOR TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM
FEBRUARY 1, 2010 THROUGH AND INCLUDING MAY 31, 2010**

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's fifth application for allowance of compensation for services rendered and

for reimbursement of expenses, dated August 13, 2010 (the "Application"), for the period of

February 1, 2010 through and including May 31, 2010 (the "Fifth Interim Period") as follows:

1.    I am the professional designated by FTI in respect of compliance with the Guidelines.

2.    I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Fifth Interim Period, in accordance with the Local Guidelines.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

a.    I have read the Application.

b.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

c.    Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

d.    In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

4.    In respect of section B.2 of the Local Guidelines, I certify that FTI has provided statements of FTI's fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Administrative Fee Order (as defined in the Application).

5.    In respect of section B.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors, (d) counsel for the Committee (e) the Office of the United States Trustee and the (f) the Fee Committee.

Dated:      New York, New York
            August 13, 2010

                        FTI Consulting, Inc.
                        Financial Advisors to the Official Committee
                        Of Unsecured Creditors

                        By:

                        Michael Eisenband
                        Senior Managing Director
                        Three Times Square
                        New York, NY  10036
                        (212) 499-3647

# EXHIBIT

## "B"
### Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                          :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                                :
                        Debtors.                :    (Jointly Administered)

------------------------------------------------------------x

## FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING INC., AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 17, 2008

Upon the application, dated October 21, 2008 (the "Application"), of the

Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the

above-captioned jointly administered chapter 11 cases of Lehman Brothers Holdings Inc., and

its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order

authorizing the Creditors' Committee to retain and employ FTI Consulting Inc. ("FTI"),

effective as of September 17, 2008, as financial advisor for the Creditors' Committee in the

above-captioned cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local

Bankruptcy Rules for the District of New York (the "Local Rules"); and the Court having

considered the Affidavit of Michael Eisenband, sworn to October 21, 2008 (the "Eisenband

Affidavit"), in connection with the Application; and the Court being satisfied based on the

representations in the Application and the Eisenband Affidavit, that FTI does not represent any

other entity having an adverse interest in connection with the case within the meaning of

section 1103(b) of the Bankruptcy Code and is "disinterested" as defined in section 101(14) of

the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of

Cases to Bankruptcy Judges of the United States District Court for the Southern District of

New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for

objections to the Application having expired on October 31, 2008, except for the United States

Trustee and the Debtors, whose respective time to object was extended on consent until

November 13, 2008; and, with no objections having been timely filed by any party; and the

Court having entered an Interim Order (the "Interim Order") dated November 5, 2008 (Docket

No. 1405), approving the Application on an interim basis without objection; and no objection

having been timely made or filed by either the Debtors, the United States Trustee, or any other

party; and due and proper notice of the Application, the Interim Order, and the hearing to

consider entry of a final order approving the Application having been provided as approved in

the Interim Order; and it appearing that no other or further notice need be provided; and the

Court having reviewed the Application; and the Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court, and after due deliberation and sufficient

cause appearing therefor, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it

is further

ORDERED, that all compensation and reimbursement of expenses to be paid to

FTI, shall be subject to prior approval of this Court in accordance with the requirements under

2

§§ 330 and 331 of the Bankruptcy Code and the order of this Court which establishes procedures for monthly compensation and reimbursement of expenses; and it is further

ORDERED, that without limiting the rights of the United States Trustee to object to FTI's interim or final fee applications and without limiting the requirement that all compensation and reimbursement of expenses to be paid to FTI shall be subject to prior approval of this Court, in each instance as set forth in this Order, the Completion Fee (as defined in the Application), to the extent approved by the Court, shall be an expense of the administration of the above-captioned chapter 11 cases, payable, following conversion of such cases to a case under Chapter 7 of Title 11 of the United States Code, in the same order of priority as other allowed chapter 11 administrative expenses; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the Engagement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement, the invoices and supporting time records from such

3

attorneys shall be included in FTI's own application and such invoices and time records shall

be subject to the United States Trustee's guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court under the standards of sections 330 and

331 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement or

the Application, this Order shall govern; and it is further

ORDERED that this court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

Dated:  New York, New York
        November 21, 2008

_s/ James M. Peck_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT

## "C"
### Monthly Billing and Collection Summary

## EXHIBIT C
### LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
### SUMMARY OF FEES & EXPENSES
*FOR THE FIRST INTERIM PERIOD SEPTEMBER 17, 2008 TO JANUARY 31, 2009*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| First Interim Period | $ 5,261,715.61 | $ 148,515.81 | $ 5,218,571.36 | $ 148,329.28 | $ 5,410,231.42 | $ 5,366,900.64 |

## EXHIBIT C
### LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
### SUMMARY OF FEES & EXPENSES
*FOR THE SECOND INTERIM PERIOD FEBRUARY 1, 2009 TO MAY 31, 2009*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Second Interim Period | $ 6,690,011.59 | $ 231,881.68 | $ 6,654,303.20 | $ 231,539.58 | $ 6,921,893.27 | $ 6,885,842.78 |

## EXHIBIT C
### LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
### SUMMARY OF FEES & EXPENSES
*FOR THE THIRD INTERIM PERIOD JUNE 1, 2009 TO SEPTEMBER 30, 2009*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Third Interim Period | $ 7,684,069.40 | $ 211,418.60 | $ 7,673,489.59 | $ 210,974.27 | $ 7,895,488.00 | $ 7,884,463.86 |

## EXHIBIT C
### LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
### SUMMARY OF FEES & EXPENSES
*FOR THE FOURTH INTERIM PERIOD OCTOBER 1, 2009 TO JANUARY 31, 2010*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded[1] | Total Expenses Awarded[2] | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Fourth Interim Period | $ 9,500,022.29 | $ 199,398.23 | $ 7,600,017.83 | $ 199,398.23 | $ 9,699,420.52 | $ 7,799,416.06 |

(1) This figure excludes the 20% holdback and the recommended deductions by the Fee Committee for the Fourth interim period which are still pending.
(2) This figure excludes the recommended deductions by the Fee Committee for the Fourth interim period which are still pending.

**EXHIBIT C**

**LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555**

**SUMMARY OF FEES & EXPENSES BY MONTH**

*FOR THE FIFTH INTERIM PERIOD FEBRUARY 1, 2010 TO MAY 31, 2010*

| | February 1, 2010 - February 28, 2010 | March 1, 2010 - March 31, 2010 | April 1, 2010 - April 30, 2010 | May 1, 2010 - May 31, 2010 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 2,428,960.76 | $ 2,787,935.38 | $ 2,151,715.85 | $ 2,374,086.46 | $ 9,742,698.45 |
| Travel Reduction (50%) | (21,045.00) | (15,037.50) | (8,189.25) | (14,371.25) | (58,643.00) |
| Billed | $ 2,407,915.76 | $ 2,772,897.88 | $ 2,143,526.60 | $ 2,359,715.21 | $ 9,684,055.45 |
| Paid | (1,926,332.61) | (2,218,318.30) | (1,714,821.88) | (1,887,772.17) | (7,747,244.96) |
| Unpaid | $ 481,583.15 | $ 554,579.58 | $ 428,704.72 | $ 471,943.04 | $ 1,936,810.49 |
| | | | | | |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 40,272.66 | $ 30,211.97 | $ 8,388.20 | $ 10,997.12 | $ 89,869.95 |
| Paid | (40,272.66) | (30,211.97) | (8,388.20) | (10,997.12) | (89,869.95) |
| Unpaid | $ - | $ - | $ - | $ - | $ - |
| | | | | | |
| **TOTAL** | | | | | |
| Incurred | $ 2,469,233.42 | $ 2,818,147.35 | $ 2,160,104.05 | $ 2,385,083.58 | $ 9,832,568.40 |
| Total Travel Reduction | (21,045.00) | (15,037.50) | (8,189.25) | (14,371.25) | (58,643.00) |
| Billed | $ 2,448,188.42 | $ 2,803,109.85 | $ 2,151,914.80 | $ 2,370,712.33 | $ 9,773,925.40 |
| Paid | (1,966,605.27) | (2,248,530.27) | (1,723,210.08) | (1,898,769.29) | (7,837,114.91) |
| Unpaid | $ 481,583.15 | $ 554,579.58 | $ 428,704.72 | $ 471,943.04 | $ 1,936,810.49 |
| Total Unpaid | $ 481,583.15 | $ 554,579.58 | $ 428,704.72 | $ 471,943.04 | $ 1,936,810.49 |

# EXHIBIT

## "D"
### Summary of Time and Fees by Professional

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Amico, Marc | Senior Consultant | $515.00 | 2.0 | $1,030.00 |
| Bauer, Michael | Director | $425.00 | 86.5 | $36,762.50 |
| Baumkirchner, Michael | Director | $620.00 | 732.1 | $453,902.00 |
| Bernsohn, Sean | Senior Consultant | $515.00 | 90.4 | $46,556.00 |
| Blanton, Jeffrey | Consultant | $250.00 | 11.8 | $2,950.00 |
| Blum, Steven | Managing Director | $540.00 | 25.1 | $13,554.00 |
| Bouchma, Miriam | Director | $455.00 | 524.3 | $238,556.50 |
| Brodwin, Jahn | Senior Managing Director | $750.00 | 63.6 | $47,700.00 |
| Chan, Stanley | Director | $455.00 | 80.3 | $36,536.50 |
| Cheng, Laura | Director | $450.00 | 281.4 | $126,630.00 |
| Chin, Clara | Director | $495.00 | 59.5 | $29,452.50 |
| Cohen, Benjamin | Director | $470.00 | 28.8 | $13,536.00 |
| Conversano, James | Director | $495.00 | 10.5 | $5,197.50 |
| Costanzo, Thomas | Consultant | $280.00 | 189.5 | $53,060.00 |
| Darefsky, Robert J | Senior Managing Director | $885.00 | 238.5 | $211,072.50 |
| Dave, Meghna | Consultant | $240.00 | 154.9 | $37,176.00 |
| Davis, Jordan | Senior Consultant | $515.00 | 339.8 | $174,997.00 |
| Dean, Christopher | Director | $655.00 | 716.0 | $468,980.00 |
| [1] Denyer, Emma | Consultant | $503.47 | 72.0 | $36,249.49 |
| Der Garry, Carol | Managing Director | $540.00 | 19.5 | $10,530.00 |
| [2] Dewar, Mark | Senior Managing Director | $965.26 | 34.0 | $32,818.96 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Diamond, Charles | Managing Director | $525.00 | 5.3 | $2,782.50 |
| Djordjevic, Nikola | Director | $415.00 | 540.2 | $224,183.00 |
| Eisenband, Michael | Senior Managing Director | $885.00 | 262.2 | $232,047.00 |
| Elsabee, Joseph | Senior Consultant | $480.00 | 434.4 | $208,512.00 |
| Erb, Guy | Managing Director | $575.00 | 0.8 | $460.00 |
| Fabiaschi, Emily | Consultant | $370.00 | 23.6 | $8,732.00 |
| Farber, Arnold | Senior Consultant | $480.00 | 604.2 | $290,016.00 |
| Finkenstaedt, James | Consultant | $290.00 | 10.8 | $3,132.00 |
| Foo, Sandy | Senior Consultant | $480.00 | 803.7 | $385,776.00 |
| French, Jennifer | Director | $655.00 | 599.1 | $392,410.50 |
| Friedland, Scott D. | Senior Managing Director | $660.00 | 154.7 | $102,102.00 |
| Ghi, Katherine | Consultant | $370.00 | 388.7 | $143,819.00 |
| Green, Jordan | Consultant | $290.00 | 565.9 | $164,111.00 |
| Greenberg, Mark | Managing Director | $695.00 | 630.7 | $438,336.50 |
| Hain, Danielle | Managing Director | $725.00 | 321.2 | $232,870.00 |
| Heller, Alana | Senior Consultant | $340.00 | 1.0 | $340.00 |
| Hellmund-Mora, Marili | Associate | $250.00 | 0.6 | $150.00 |
| Henn, Timothy | Consultant | $355.00 | 226.8 | $80,514.00 |
| Herold, Christopher | Associate | $225.00 | 0.8 | $180.00 |
| [3] Hewitt, Kevin | Senior Managing Director | $960.80 | 8.0 | $7,686.39 |
| Hofstad, Ivo J | Director | $450.00 | 1.9 | $855.00 |

**Page 2 of 5**

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Hull, Jennifer | Director | $495.00 | 8.5 | $4,207.50 |
| Jaynes, Robert | Senior Consultant | $445.00 | 8.5 | $3,782.50 |
| Jiricek, Jaqueline | Consultant | $350.00 | 40.6 | $14,210.00 |
| Joffe, Steven | Senior Managing Director | $885.00 | 53.0 | $46,905.00 |
| Johnston, Bonnie | Paraprofessional | $210.00 | 267.4 | $56,154.00 |
| Kim, Jae | Senior Consultant | $400.00 | 450.4 | $180,160.00 |
| Kim, Jin Tae | Senior Consultant | $515.00 | 99.7 | $51,345.50 |
| Korsman, Lynn | Senior Consultant | $515.00 | 483.0 | $248,745.00 |
| Lazzara, Frank | Managing Director | $550.00 | 5.5 | $3,025.00 |
| Le Fort, Justin | Consultant | $516.73 | 2.0 | $1,033.46 |
| Luchsinger JR, John | Senior Consultant | $340.00 | 150.9 | $51,306.00 |
| Lyman, Scott | Director | $585.00 | 681.4 | $398,619.00 |
| Manalo, Caroline | Director | $655.00 | 71.2 | $46,636.00 |
| Meyers, Glenn | Managing Director | $575.00 | 23.2 | $13,340.00 |
| Miller, Christopher | Senior Consultant | $275.00 | 343.6 | $94,490.00 |
| Moore, Meghan | Consultant | $295.00 | 195.7 | $57,731.50 |
| Morris, Justin | Senior Consultant | $375.00 | 116.1 | $43,537.50 |
| Nasso, Frank | Consultant | $355.00 | 5.9 | $2,094.50 |
| Nelms, Christopher | Managing Director | $675.00 | 343.2 | $231,660.00 |
| Ng, William | Senior Consultant | $515.00 | 96.0 | $49,440.00 |
| Nitz, Scott | Senior Consultant | $445.00 | 700.3 | $311,633.50 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Pegnia, Joseph | Managing Director | $675.00 | 75.3 | $50,827.50 |
| Reagan, Mark | Consultant | $280.00 | 2.5 | $700.00 |
| Rees, Thomas | Managing Director | $540.00 | 137.8 | $74,412.00 |
| Reilly, Christopher | Consultant | $355.00 | 798.1 | $283,325.50 |
| (4) Rickelton, Lisa | Director | $710.38 | 39.5 | $28,060.15 |
| Rizvi, Tabish | Managing Director | $675.00 | 430.9 | $290,857.50 |
| Rodriguez, Yolanda | Paraprofessional | $200.00 | 0.5 | $100.00 |
| Rohrer, Tracey | Director | $495.00 | 25.8 | $12,771.00 |
| Ruta, Dustin | Director | $435.00 | 912.9 | $397,111.50 |
| Saginur, Dina | Consultant | $370.00 | 71.3 | $26,381.00 |
| Sampath, Vijay | Managing Dir | $575.00 | 91.0 | $52,325.00 |
| Simon, MaryAnn | Paraprofessional | $185.00 | 3.0 | $555.00 |
| Simpson, Chaz | Director | $470.00 | 67.1 | $31,537.00 |
| Siris, John | Managing Director | $725.00 | 721.5 | $523,087.50 |
| Sloane, Raymond | Senior Managing Director | $660.00 | 96.2 | $63,492.00 |
| Star, Samuel | Senior Managing Director | $885.00 | 249.4 | $220,719.00 |
| Ten Eyck, Ernest | Senior Managing Director | $750.00 | 1.0 | $750.00 |
| Tully, Conor | Senior Managing Director | $775.00 | 178.1 | $138,027.50 |
| Turner, David | Managing Director | $595.00 | 159.2 | $94,724.00 |
| Tuteja, Gurpreet | Director | $425.00 | 342.1 | $145,392.50 |
| Ulin, Karl | Director | $585.00 | 14.7 | $8,599.50 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Walsh, Timothy | Senior Consultant | $400.00 | 44.0 | $17,600.00 |
| Weinthal, Rachel | Director | $455.00 | 438.0 | $199,290.00 |
| Williams, Mark | Senior Consultant | $325.00 | 139.5 | $45,337.50 |
| Witinok, Daniel | Director | $475.00 | 272.8 | $129,580.00 |
| Yozzo, John | Managing Director | $545.00 | 1.5 | $817.50 |
| | | **Grand Total** | **18,804.9** | **$9,742,698.45** |
| | | *Less: 50% Travel Reduction* | | **($ 58,643.00)** |
| | | **Net Grand Total** | | **$9,684,055.45** |

(1)  Bill rate reflects blended bill rate for February 1, 2010 through May 31, 2010. For calculation purposes, fees were calculated
using the bill rate $503.4651.

(2)  Bill rate reflects blended bill rate for February 1, 2010 through May 31, 2010. For calculation purposes, fees were calculated
using the bill rate $965.2635.

(3)  Bill rate reflects blended bill rate for February 1, 2010 through May 31, 2010. For calculation purposes, fees were calculated
using the bill rate $960.7988.

(4)  Bill rate reflects blended bill rate for February 1, 2010 through May 31, 2010. For calculation purposes, fees were calculated
using the bill rate $710.3835.

**"E"**
**Summary of Time by Task Code**

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 0100 | General Case Administration | 49.4 | $35,381.50 |
| 0300 | Project Monitoring/Court Calendar & Docket Maintenance | 34.2 | $23,466.50 |
| 0400 | Hearings and Court Communications | 2.7 | $2,092.50 |
| 0500 | Non-Working Travel | 257.6 | $117,286.00 |
| 0700 | Communications with Debtors | 15.2 | $12,461.00 |
| 0800 | Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee | 403.7 | $316,478.50 |
| 1100 | LBI/SIPC Coordination and Issues | 135.0 | $76,239.50 |
| 1200 | Cash Management | 711.5 | $383,303.50 |
| 1400 | Employee/ERISA/Benefits/Pension Issues | 105.7 | $65,367.50 |
| 1800 | Tax Issues | 39.8 | $34,488.00 |
| 2000 | Other General Business Operation Issues | 419.4 | $261,712.50 |
| 2100 | Intercompany Issues | 2,347.5 | $1,213,902.00 |
| 2200 | Data Preservation/Migration | 1,766.3 | $698,702.50 |
| 2300 | Real Estate Matters | 2,063.8 | $1,015,852.50 |
| 2400 | Private Equity | 3.6 | $2,910.00 |
| 2500 | Derivatives/SWAP Agreement Issues (Including Derivatives-Related Adversary Proceedings, Alternative Dispute Resolution, and Claims Reconciliation and Litigation) | 6,620.4 | $3,253,733.50 |
| 2600 | Loans/Investments | 327.5 | $179,730.00 |
| 2800 | International Insolvency Issues | 191.3 | $131,108.45 |
| 2900 | Schedules/Statement of Financial Affairs/Other Reporting Issues | 487.0 | $283,793.50 |
| 3500 | Plan of Reorganization/Plan Confirmation/Plan Implementation | 572.2 | $398,067.50 |
| 3700 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 791.5 | $492,345.00 |
| 3900 | Non-Derivative Adversary Proceedings Preparation and Litigation | 1,016.2 | $578,332.50 |

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 4500 | Examiner Issues | 111.6 | $69,662.00 |
| 4600 | Firm's Own Billing/Fee Applications | 327.5 | $92,668.50 |
| 4700 | Firm's Own Retention Issues | 4.3 | $3,613.50 |
| | **Grand Total** | **18,804.9** | **$9,742,698.45** |
| | *Less: 50% Travel Reduction* | | (S 58,643.00) |
| | **Net Grand Total** | | **$9,684,055.45** |

**Page 2 of 2**

# EXHIBIT

## "F"
### Expenses by Category

**EXHIBIT F**
**LEHMAN BROTHRS HOLDING, INC. CASE NO. 08-13555**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010*

| Expense Category | Total Expenses |
|---|---|
| Airfare | $9,372.15 |
| Lodging | $53,405.03 |
| Meals | $9,391.14 |
| Transportation | $16,499.41 |
| Other | $1,202.22 |

|  |  |
|---|---|
| **Total** | **$89,869.95** |

*Page 1 of 1*

# EXHIBIT

## "G"
### Time Detail[1]

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

# EXHIBIT

## "H"
### Expense Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors: (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.