WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    Case No. 08-13555 (JMP)
                                                    :
         Debtors.                                   :    (Jointly Administered)
                                                    :
------------------------------------------------------------------x

**NOTICE OF DECLARATION OF MICHAEL E. LASCHER IN SUPPORT OF
LEHMAN BROTHERS HOLDINGS INC.'S AND LEHMAN COMMERCIAL PAPER
INC.'S MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 6004(h), FOR AUTHORIZATION
TO GUARANTEE PAYMENT OF THE FEES AND RELATED CHARGES OF
LAZARD FRERES & CO. LLC, AS INVESTMENT BANKER TO LEHMAN ALI, INC.,
INCURRED IN CONNECTION WITH THE INNKEEPERS RESTRUCTURING**

        **PLEASE TAKE NOTICE** that, on July 27, 2010, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") filed their *Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc., Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004(h), for Authorization to Guarantee Payment of the Fees and Related Charges of Lazard Freres & Co. LLC, as Investment Banker to Lehman ALI, Inc., Incurred in Connection with the Innkeepers Restructuring* [Docket No. 10466].

        **PLEASE TAKE FURTHER NOTICE** that, on August 16, 2010, the Debtors filed the attached *Declaration of Michael E. Lascher in Support of Lehman Brothers Holdings*

*Inc.'s Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc., Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004(h), for Authorization to Guarantee Payment of the Fees and Related Charges of Lazard Freres & Co. LLC, as Investment Banker to Lehman ALI, Inc., Incurred in Connection with the Innkeepers Restructuring.*

Dated: August 16, 2010
       Houston, Texas

/s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------x

**DECLARATION OF MICHAEL E. LASCHER IN SUPPORT OF
LEHMAN BROTHERS HOLDINGS INC.'S AND LEHMAN COMMERCIAL PAPER
INC.'S MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 6004(h), FOR AUTHORIZATION
TO GUARANTEE PAYMENT OF THE FEES AND RELATED CHARGES OF
LAZARD FRERES & CO. LLC, AS INVESTMENT BANKER TO LEHMAN ALI, INC.,
INCURRED IN CONNECTION WITH THE INNKEEPERS RESTRUCTURING**

Pursuant to 28 U.S.C. § 1746, I, Michael E. Lascher, declare:

1. I am responsible for the oversight of Lehman's hospitality investments. I submit this declaration in support of the *Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc., Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004(h), for Authorization to Guarantee Payment of the Fees and Related Charges of Lazard Freres & Co. LLC, as Investment Banker to Lehman ALI, Inc., Incurred in Connection with the Innkeepers Restructuring* [Docket No. 10466] (the "Motion")[1] filed on July 27, 2010 in the above-referenced chapter 11 cases of Lehman Commercial Paper Inc. ("LCPI") and its debtor affiliates (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Lehman").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2.  I worked at Lehman since 2004, specializing in commercial real estate finance and capital markets. While at Lehman, I originated, structured and closed complex loan transactions for securitization and syndication, and assisted in the marketing of whole loan, b-notes and mezzanine loans to secondary market participants. Prior to joining Lehman I practiced law for five years as an associate in the real estate group of Cadwalader Wickersham & Taft. I received a bachelor's degree from the University of Pennsylvania and a juris doctor from the Benjamin N. Cardozo School of Law.

3.  I am currently employed by LAMCO LLC and responsible for the oversight of Lehman's hospitality investments. In this capacity, I have either been actively involved, or have overseen Lehman employees who have been actively involved, in finalizing the terms of the transactions described in this Declaration and in the Motion.

**Innkeepers**

4.  In June 2007, Lehman ALI Inc. ("ALI"), a wholly-owned, non-debtor subsidiary of LBHI, originated a $367,658,725 financing (the "Financing") to fund a portion of the approximately $1.8 billion acquisition of all outstanding shares of Innkeepers USA Trust ("Innkeepers") by Apollo Investment Corporation ("Apollo"). The financing was bifurcated into a $250,000,000 floating-rate first mortgage loan (the "Mortgage Loan") and an approximately $117,658,725 floating-rate mezzanine loan (the "Mezzanine Loan"). Lehman ALI is the lender under the Mortgage Loan, which currently is secured by 20 hotel properties and has a balance of approximately $220.2 million (plus late fees and any other charges payable under the agreements evidencing the Mortgage Loan). Innkeepers' financial situation has become dire in recent months, and ALI has focused on how to maximize its recovery on account of the Mortgage Loan. As a result of the high amount of outstanding debt on Innkeepers'

portfolio, defaults under the Marriott franchise agreement for certain of the Innkeepers' properties, and the current state of the hospitality industry, on July 19, 2010 Innkeepers and certain of its affiliates filed voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  Innkeepers has filed a motion to approve a plan support agreement (the "PSA")[2] pursuant to which it is required to pay all reasonable professional fees and expenses incurred by Lehman in connection with the proposed restructuring of Innkeepers, including in part, the conversion of the Mortgage Loan into all or substantially all of the equity in a reorganized Innkeepers.

         5.      As is typical in these types of circumstances, to assist with the restructuring, Lehman ALI has engaged an investment banker, Lazard Frères & Co. LLC ("Lazard") to provide certain investment banking services pursuant the terms and conditions of the Engagement Agreement.  Generally, Lazard's services under the Engagement Agreement include, but are not limited to: (a) reviewing and analyzing the business, operations, financial projections, proposed capital structure and valuation of Innkeepers; (b) assisting Lehman ALI in connection with the financial aspects of negotiations with Innkeepers; and (c) evaluating any proposed restructuring.  Lazard and its senior professionals have an excellent reputation for providing high quality financial advisory and investment banking services to debtors and creditors in chapter 11 reorganizations and other debt restructurings and it is well suited for this engagement.

---

[2] Detail on Innkeepers and the Plan Support Agreement can be found in the Debtor's Motion to approve the Innkeepers' transactions, filed on July 27, 2010 [Docket No. 10465].

**Lazard's Compensation**

6.  Lazard will receive a monthly fee of $150,000 (the "<u>Monthly Fee</u>") and a restructuring fee equal to $1,500,000 (the "<u>Restructuring Fee</u>") that is payable upon the consummation of a restructuring. As described in the Engagement Agreement, a percentage of the Monthly Fee after the first ten months will be credited against the potential Restructuring Fee. Additionally, pursuant to the Engagement Agreement, Lazard is entitled to be reimbursed for the cost of certain overhead and out of pocket expenses. Pursuant to the Engagement Agreement, and in accordance with the PSA and the cash collateral orders entered in the Innkeepers' chapter 11 cases, Innkeepers has agreed to pay all amounts that accrue to Lazard pursuant to the Engagement Agreement in the event a restructuring that is agreed to by both Lehman ALI and Innkeepers is consummated.

7.  It is the Debtors understanding that Innkeepers will obtain authorization to pay Lazard's fees in accordance with the terms and conditions of the Engagement Agreement. In the event that any Fees are not paid by Innkeepers, all amounts payable pursuant to the Engagement Agreement shall be paid by Lehman ALI. Should both Innkeepers and Lehman ALI fail to pay any such amounts, LBHI is seeking authority to pay such amounts, subject to Lazard's filing of interim and final applications for allowance of fees and reimbursement of expenses.

8.  I have been informed that the compensation structure described in the Engagement Agreement is comparable to compensation generally charged by investment banking firms of similar stature to Lazard and for comparable engagements, both in and out of court, and is consistent with Lazard's normal and customary billing practices for engagements of this size and complexity that require the level and scope of services outlined. I believe that the

fees are reasonable for services that are appropriate and necessary to maximize the recovery on account of the Mortgage Loan.

## Indemnification Provisions

9. In addition to payment of the Monthly Fee, the Restructuring Fee, and reimbursement of expenses as described in the Engagement Agreement, ALI and Innkeepers have agreed in the Engagement Agreement to indemnify, reimburse and provide contribution to Lazard in accordance with the Indemnification Agreement, such as reimbursement of reasonable out of pocket legal expenses, indemnifying and holding Lazard and certain identified persons harmless for services rendered, and providing contribution for any claim, expense or loss should the indemnification provisions be held unenforceable. In addition to guaranteeing the Monthly Fee, the Restructuring Fee and reimbursement of expenses, LBHI is guaranteeing any payments that are not paid by Innkeepers or Lehman ALI under the Indemnification Agreement.

10. To the extent LBHI is required to pay Innkeepers' indemnification obligations to Lazard, Lazard has agreed to certain modifications to the Indemnification Agreement. Specifically:

- All requests of Indemnified Persons for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances in which indemnity is sought;

- In no event shall an Indemnified Person be indemnified or receive contribution or other payment to the extent the Court determines that such claim or expense has arose from the bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person.

- In the event that an Indemnified Person seeks reimbursement for attorneys' fees from LBHI pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be annexed to Lazard's interim and final fee applications, and such invoices and time

records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code.

### Reimbursement by LCPI

11. LCPI is seeking permission to reimburse LBHI for any amounts expended in connection with the Engagement Agreement, as LCPI retains all the economic benefit in this ALI's recovery under the Mortgage Loan.

### Approval of the Motion Is in the Best Interests of LBHI and LCPI

12. It is my business judgment that LBHI's decision to guarantee the payment of Lazard's Fees in connection with a restructuring of Innkeepers and LCPI agreeing to reimburse LBHI for any and all funds expended in connection therewith is in the best interests of LBHI, LCPI and respective their estates. Lazard's expertise and assistance is necessary to assist Lehman ALI to effectuate a restructuring that maximizes Lehman ALI's recovery on account of the Mortgage Loan (in which LCPI has an economic interest). The Debtors carefully considered the economics of the restructuring, and believe that the costs of Lazard's Fees that may have to be paid are far outweighed by the increased recovery Lehman ALI, and thereby LCPI, will be able to realize on account of its interest in the Mortgage Loan in a successful restructuring of Innkeepers.

13. Furthermore, to effectuate a comprehensive restructuring of Innkeepers as soon as possible, and thereby preserve the value of investments made in and to Innkeepers, I believe it is important to immediately provide Lazard with its requested assurances so it can provide the needed services without distraction.

14. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of August, 2010.

                /s/ Michael E. Lascher
                Michael E. Lascher