WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                          Debtors.            :    (Jointly Administered)
                                              :
----------------------------------------------------------------x
```

## NOTICE OF FIFTY-EIGHTH SUPPLEMENTAL LIST
## OF ORDINARY COURSE PROFESSIONALS

   **PLEASE TAKE NOTICE** that in accordance with the Amended Order Pursuant

to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code Authorizing the Debtors to Employ

Professionals Utilized in the Ordinary Course of Business, entered on March 25, 2010 (the

"Amended Order") [Docket. No. 7822],[1] Lehman Brothers Holdings Inc. and its affiliated

debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together,

the "Debtors"), hereby supplement their initial list of ordinary course professionals annexed to

the Amended Order to include the professionals set forth on the list annexed hereto as Exhibit 1

(the "Fifty-Eighth Supplemental List").

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the Amended Order.

US_ACTIVE:\43466994\01\58399.0008

**PLEASE TAKE FURTHER NOTICE** that the retention affidavits certifying that such professionals do not represent or hold an interest adverse to the Debtors or their estates for the matters on which the professionals are to be employed (the "<u>Ordinary Course Professional Affidavits</u>") and the retention questionnaires (the "<u>Retention Questionnaires</u>") of the ordinary course professionals identified on the Fifty-Eighth Supplemental List have been filed contemporaneously herewith.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Amended Order, the Debtors will serve this Notice, together with the Fifty-Eighth Supplemental List, the Ordinary Course Professionals' Affidavits, and the Retention Questionnaires on (i) the Office of the United States Trustee and (ii) the attorneys for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Amended Order, objections, if any, to the retention of ordinary course professionals identified on the Fifty-Eighth Supplemental List must be filed with the Court and served upon the undersigned attorney for the Debtors within 10 days of the date of service of this Notice. Unless timely objections are received, the Fifty-Eighth Supplemental List shall be deemed approved by the Court and the professionals identified therein shall be deemed to be ordinary course professionals within the purview of the Amended Order, without the necessity of a hearing.

Dated: August 16, 2010
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit 1

**Fifty-Eighth Supplemental List of Proposed Professionals
to be Employed in the Ordinary Course of Business**

| Professional | Nature of Services |
|---|---|
| Thompson & Knight LLP<br>333 Clay Street, Suite 3300<br>Houston, Texas 77002 | Legal services with respect to the restructuring of debt obligations. |

## EXHIBIT A

**(Ordinary Course Professional Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*     :        **08-13555 (JMP)**
                                          :
                           **Debtors.**   :        **(Jointly Administered)**
                                          :
                                          :
                                          :
------------------------------------------------------------x

## DECLARATION AND DISCLOSURE STATEMENT OF RHETT G. CAMPBELL
## ON BEHALF OF THOMPSON & KNIGHT LLP

RHETT G. CAMPBELL declares and says:

       1.     I am a partner of Thompson & Knight LLP, located at 333 Clay Street,

Suite 3300, Houston, Texas 77002 (the "Firm").

       2.     Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors"), have requested that the Firm provide legal services to Lehman Commercial Paper

Inc. ("LCPI") with regard to possibly restructuring debt obligations of a publicly owned

exploration and production company (the "Obligor") and the Firm has consented to provide

such services (collectively the "Representation").[1]

       3.     The Firm has performed services in the past and will perform services in

the future for clients who have claims or interests in the Debtors' chapter 11 cases but as to

which such claims or interests are unrelated to the Representation.  A list of the matters,

including claims and interests, as to which the Firm has represented or does represent parties in

connection with claims or interests in the Debtors' chapter 11 cases is attached hereto as Exhibit

---

[1] The name of the Obligor is not listed herein in an effort to avoid the dissemination of non-public information relating to the Obligor.

A and incorporated by reference herein for all purposes. In addition, the Firm may have performed services in the past and may perform services in the future for clients of the Firm in matters unrelated to these chapter 11 cases or otherwise for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. Unless otherwise disclosed herein, the Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates, except as disclosed herein.

4.    Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.    Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, except as disclosed herein, including Exhibit A (Firm Clients Asserting Stock, Claims or Interests), Exhibit B (Claims against Debtors asserted individually by members of Firm) and Exhibit C (Stock of Debtors owned by members of firm) attached hereto.

6.    With respect to those clients of the Firm as to which the Firm has filed a proof of claim or proof of interest, the Firm intends to continue to represent those clients in connection with those claims; however, none of those claims are related to the Obligor or LCPI, except as disclosed herein and in Exhibit A, items 7, 8 and 16. Although the claims of Robert Chambers (item 7) and Matt Verghese (item 8) specifically include the value of the Obligor

indebtedness as part of the calculation of claim, said value is fixed as of the filing date of LCPI's chapter 11 petition and is not impacted by or otherwise adverse to the matter for which the Firm is to be retained. The Firm's representation of 1800 West Loop Houston Ltd. in connection with lease amendment negotiations with LAMCO LLC (item 16) appears to relate to LCPI. The matter is concluded but the Firm may continue to represent 1800 West Loop Houston Ltd. in connection with the lease amendment negotiations if further leaseholder negotiations are required. The 1800 West Loop Houston Ltd matter does not relate to the Representation, but it does appear to relate to LCPI or perhaps an affiliate of LCPI.

7.    The Debtors owe the Firm $0.00 for prepetition services.

8.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and, upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration to the extent necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: Houston, Texas
      August 16, 2010

Rhett G. Campbell

STATE OF TEXAS             §
                          §
COUNTY OF HARRIS           §

SWORN to and subscribed before me on the _16th_ day of August, 2010, by Rhett G. Campbell.



NANCY MILLER
Notary Public, State of Texas
My Commission Expires
January 09, 2012

_____
Notary Public

**Exhibit A**

**List of Matters, Claims and Interests as to which the Firm
Represents Clients in Lehman Brothers Bankruptcy Cases**

1.      Sanders Morris Harris Inc. ("SMHI") is a client of the Firm.  The Firm filed a claim for indemnification on behalf of SMHI in connection with SMHI's underwriting the sale of some Lehman securities.  The claim requests indemnification to the extent SMHI has to pay in connection with class action securities suits.  Currently, SMHI is not named in any class action.  The Firm intends to continue to represent SMHI in connection with this claim.  This claim is not related to the Representation or to Lehman Commercial Paper Inc. ("LCPI").

2.      The firm represents Barton Creek Senior Living Center, Inc. ("BCSLCI"), in a claim against Lehman Brothers Special Financing Inc. and Lehman Brothers as guarantor, relating to a swap agreement.    The claim for $26,928.53 remains pending. The Firm intends to continue to represent BCSLCI in connection with this claim.   This claim is not related to the Representation or to LCPI.

3.      The Firm represented Brad Heppner and Crossroads Group, entities that previously had claims against certain Lehman Brothers entities.   Those matters are concluded and the Firm does not currently represent Heppner or Crossroads Group in connection with any claims against Lehman Brothers entities.  This claim is not related to the Representation or to LCPI.

4.      The Firm represents TPF Generation Holdings LLC ("TPF") in connection with its claim against Lehman Brothers Commodity Services, Inc.   The claim is for $28,994,341.61.  The Firm intends to continue to represent TPF in connection with this claim. This claim is not related to the Representation or to LCPI.

5.      The Firm previously represented Direct Energy GP Inc. ("DE") in connection with certain rights to be asserted in connection with the Lehman Brothers chapter 11 case.  The DE representation involved a potential claim by the Lehman estate against DE under certain hedging contracts, and involved offset issues.  This was turned over to another firm in or about July, 2009.  There is no continuing representation of DE in connection with this matter.  The Firm continues to represent Direct Energy in other matters but the representation of Direct Energy in connection with the Lehman matter is concluded.  This matter is not related to the Representation or to LCPI.

6.      The Firm represents Howard L. Terry and The Terry Foundation in connection with certain notes owed by Lehman Brothers Holdings Inc.  The Firm has filed a claim against Lehman Brothers Holdings Inc. in the amount of $1,500,000 plus interest and attorneys fees on behalf of The Terry Foundation, and $11,856,000 on behalf

of Howard L. Terry. An indenture trustee may have filed a duplicate claim. The Firm intends to continue to represent Howard L. Terry and the Terry Foundation in connection with these claims.

7.      The Firm represents Robert Chambers in connection with his proof of claim # 11495 in amount of $64,433,233.99 filed against Lehman Brothers Holding Inc. A part of that claim is comprised of the Lehman position with respect to the Obligor, and other portions of Mr. Chambers' claims are comprised of positions administered for Lehman by LAMCO, LLC, neither of which are adverse to the Debtors or to the estate with respect to the matter on which the Firm is to be engaged. The Firm intends to continue to represent Mr. Chambers in connection with his claims.

8.      The Firm represents Matt Verghese in connection with his proof of claim #7782 in amount of $358,082.19 filed against Lehman Brothers Holding Inc. A part of that claim is comprised of the Lehman position with respect to the Obligor, and other portions of Mr. Verghese's claims are comprised of positions administered for Lehman by LAMCO, LLC, neither of which are adverse to the Debtors or to the estate with respect to the matter on which the Firm is to be engaged. The Firm intends to continue to represent Mr. Verghese in connection with his claims.

9.      The Firm represented Guaranty Bank and currently represents its successor as lender, BBVA Compass Bank ("Bank") in connection with a $46,987,259 apartment construction loan to San Felipe/Midlane, LP ("Borrower"). The Borrower's general partner is an entity owned and controlled by local developer The Morgan Group ("Developer"). At the time the loan was made, the Borrower's limited partner (and the primary investor) was Tishman Speyer Archstone-Smith Multifamily Holdings I, L.P. ("Limited Partner") which was indirectly controlled by entities that were owned and controlled by Lehman Brothers Holdings, Inc. In making the loan, the Firm dealt only with the Developer and its counsel. The construction loan is still being funded by the Lender. The Limited Partner has not guaranteed the loan. The initial maturity date of the loan is May 15, 2012, but the loan may be extended for 2 consecutive one-year periods, conditioned upon payment of certain fees and satisfaction or certain non-monetary covenants. The Firm intends to continue to represent the Bank in connection with this matter. This matter has no relationship to the Obligor or LCPI.

10.     The Firm represented Chevron Natural Gas ("CNG") and Chevron Global Supply and Trading ("CGST") in connection with the proposed sale of Lehman's brokerage business to Barclay's. The representation has terminated and no claim was filed. The Firm does not foresee continuing to represent CNG or CGST in connection with this matter. This matter has no relationship to the Obligor or LCPI.

11.     The Firm currently represents Grupo Financiero Barclays Mexico S.A. de C.V. and Lehman Brothers Incorporated, et al. in defense of the matter styled and numbered Lopez Pariente Ana Dolores, Enrique Romo Toriello, Jose Luis Granados Sandoval and Maria de Lourdes Reyes Garcia against Grupo Financiero Barclays Mexico

S.A. de C.V.; Lehman Brothers Incorporated, Carlos Mauleon, Mark Kurman and Jose Antonio Gonzalez Molina before the Special Labor Board Number 10 of the Local Labor Board of Mexico City, under file number 2114/2008. The Firm intends to continue representing the named parties in defense of this matter. This matter has no relationship to the Obligor or LCPI.

12.    The Firm has represented Latshaw Drilling Company, Inc. in its bankruptcy proceeding in Tulsa, Oklahoma, as special counsel in connection with certain state court litigation in Texas. Latshaw filed its own chapter 11 proceeding in Tulsa, Oklahoma, Case No. 09-13572-R in the Northern District of Oklahoma. The matter with respect to which the Firm represented Latshaw Drilling had nothing to do with Lehman Brothers, the Lehman Brothers bankruptcy case, the Obligor, or LCPI. The Firm has concluded its representation of Latshaw and does not foresee continuing to represent Latshaw.

13.    In 1999 through 2001, the Firm represented Farallon Capital Management LLC in connection with certain proceedings, now concluded, as to the Obligor. That matter was terminated in 2001 and the Firm has no further involvement. The Firm does not expect to have any further involvement in this matter.

14.    The Firm represents Granite Properties Inc. in connection with a real estate loan from Lehman Brothers to Thomas Properties. Granite Properties Inc. has filed a proof of claim. The Firm intends to continue to represent Granite Properties in connection with this claim. This matter does not relate to the Obligor or LCPI.

15.    The Firm represents Afore Banamex, S.A. de C.V. in connection with credits due from Lehman Brothers. The Firm intends to continue representing Afore Banamex, S.A. de C.V. in connection with this matter. This matter does not relate to the Obligor or LCPI.

16.    The Firm represented 1800 West Loop Houston Ltd. in connection with lease amendment negotiations with LAMCO LLC. The matter is concluded but the Firm may continue to represent 1800 West Loop Houston Ltd. in connection with this matter if further leaseholder negotiations are required. This matter does not relate to the Obligor but it does appear to relate to LCPI or perhaps an affiliate of LCPI.

17.    The Firm has previously represented numerous parties with respect to matters in which Lehman Brothers or an affiliate of Lehman Brothers was adversely aligned, all of which matters were concluded more than 4 years ago and none of which relate to the Obligor and none of which relate to LCPI. The Firm does not currently represent any of its clients in connection with these matters and does not anticipate doing so in the future.

**Exhibit B**

**List of Prepetition Claims Against Debtors Held Individually
by any Member, Associate, or Professional Employee of the Firm**

      1.     Prudence Mackintosh, wife of John A. Mackintosh, has a claim for $15,000 arising from a bond or note.  Bond trustee reportedly filed a claim on her behalf. Prudence Mackintosh is the wife of John A Mackintosh, an attorney with Thompson & Knight LLP.  John A. Mackintosh may have a community interest in the claim.

**Exhibit C**

**Stock of the Debtors Currently Held Individually by any
<u>Member, Associate, or Professional Employee of the Firm</u>**


1.      Various attorneys at Thompson & Knight LLP have held shares in Lehman Brothers through ETFs and Mutual Funds, though the specific number of shares is unknown.

2.      Emily Parker, a partner in the firm, reports that she has held stock in Lehman Brothers through custodial investment accounts through Merrill Lynch which are managed by investment managers.  She reports she has not filed a proof of claim or proof of interest.

3.      Bennett W. Cervin, an attorney with Thompson & Knight, reports that his wife held 700+ shares of Lehman Brothers in a separate property portfolio.  These shares were sold in December, 2008.  No proof of claim or interest was filed.

## EXHIBIT B

**(Retention Questionnaire)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                           :

In re                              :      Chapter 11 Case No.

                                :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**

                                :

            **Debtors.**           :      **(Jointly Administered)**

                                :

                                :

------------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN
BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively,
the "Debtors")

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.</u>
<u>RETURN IT FOR FILING BY THE DEBTORS, TO:</u>

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:  Candace Arthur
              Christopher Stauble

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as
appropriate.  If more space is needed, please complete on a separate page and attach.

     1.     Name and address of firm:

          Thompson & Knight LLP

          333 Clay Street, Suite 3300

          Houston, Texas  77002

2.     Date of retention:

       June 29, 2010 is the date of first substantive work performed on behalf of

       Lehman Commercial Paper Inc.

3.     Type of services provided (accounting, legal, etc.):

       legal

4.     Brief description of services to be provided:

       representation of Lehman Commercial Paper Inc. in connection with

       restructuring debt obligations with respect to a certain exploration and

       production company

5.     Arrangements for compensation (hourly, contingent, etc.)

       hourly

       (a)    Average hourly rate (if applicable):

              Partners: $730 - $745; Associates: $295 - $550;

              Paraprofessionals: $210 - $245

       (b)    Estimated average monthly compensation based on prepetition
              retention (if firm was employed prepetition):

              N/A

6.     Prepetition claims against the Debtors held by the firm:

       Amount of claim:    None

       Date claim arose:    N/A

       Source of Claim:    N/A

7.     Prepetition claims against the Debtors held individually by any member,
       associate, or professional employee of the firm:

       Name:  See attached Exhibit A "Prepetition Claims Against Debtors"

Status: _____

Amount of Claim:  $_____

Date claim arose: _____

Source of claim: _____

8.    Stock of the Debtors currently held by the firm:

Kind of shares:  None _____

No. of shares:  None _____

9.    Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name:  See Exhibit B, attached _____

Status: _____

Kind of shares: _____

No. of shares: _____

10.   Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

None _____

11.   Name of individual completing this form:

Rhett G. Campbell _____

# Exhibit A

## 7. Prepetition Claims Against Debtors Held Individually by any Member, Associate, or Professional Employee of the Firm:

1. Name: <u>Prudence Mackintosh, wife of John A. Mackintosh, has a claim for $15,000 arising from a bond or note. Bond trustee reportedly filed claim on her behalf. Prudence Mackintosh is the wife of John A. Mackintosh, an attorney with Thompson & Knight.</u>

   Status: <u>Claim filed by Bond Trustee.</u>

   Amount of Claim: <u>$15,000</u>

   Date claim arose: <u>Not known.</u>

   Source of claim: <u>Bond or note.</u>

## Exhibit B

## 9.  Stock of the Debtors Currently Held Individually
## by any Member, Associate, or Professional Employee of the Firm

1.  Name:  <u>Various attorneys at Thompson & Knight have held shares in Lehman Brothers through ETFs and Mutual Funds, though the specific number of shares is unknown.</u>

Status:  <u>As far as is known, no proofs of claim or proofs of interest have been filed by any attorney at Thompson & Knight in the Lehman Brothers cases in their own name.  Various attorneys at Thompson & Knight have filed proofs of claim or interest on behalf of clients of the Firm.  These are described in the Exhibit A to the Declaration and Disclosure Statement of Rhett G. Campbell on behalf of Thompson & Knight, LLP.</u>

Kind of shares:  _____

No. of shares:  _____


2.  Name: <u>Emily Parker, a partner in the Firm, reports that she has held stock in Lehman Brothers through custodian investment accounts through Merrill Lynch which are managed by investment managers.  She reports she has not filed a proof of claim or proof of interest.</u>

Status:  <u>See above.</u>

Kind of shares:  <u>Unknown.  See above.</u>

No. of shares:  <u>Unknown.  See above.</u>

3.     Name: <u>Bennett W. Cervin, an attorney with Thompson & Knight, reports</u>

<u>that his wife held 700+ shares of Lehman Brothers in a separate property</u>

<u>portfolio.  These shares were sold in December, 2008.  No proof of claim or</u>

<u>interest filed.</u>

Status: <u>None</u>

Kind of shares: <u>Unknown</u>

No. of shares: <u>700+</u>