WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :    **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                        :    **08-13555 (JMP)**
                                                                    :
                                         **Debtors.**               :    **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x

**DEBTORS' CERTIFICATE OF NO**
**OBJECTION UNDER 28 U.S.C. § 1746 REGARDING JOINT**
**MOTION PURSUANT TO SECTIONS 105(A) AND 363(B)(1)**
**OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE AUTHORIZING LEHMAN**
**BROTHERS HOLDINGS INC. AND JAMES W. GIDDENS, AS TRUSTEE FOR**
**THE SIPA LIQUIDATION OF THE BUSINESS OF LEHMAN BROTHERS INC. TO**
**ENTER INTO (I) COST SHARING AGREEMENT AND (II) TRANSFER AGREEMENT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1.      On July 28, 2010, the undersigned, on behalf of Lehman Brothers

Holdings Inc. ("LBHI," and together with its affiliated Debtors in the above captioned chapter 11

cases, the "Debtors"), caused the Joint Motion Pursuant to Sections 105(a) and 363(b)(1) of the

Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Authorizing

Lehman Brothers Holdings Inc. and James W. Giddens, as Trustee for the SIPA Liquidation of

the Business of Lehman Brothers Inc. (the "SIPA Trustee") to Enter into (i) Cost Sharing

Agreement and (ii) Transfer Agreement (the "Motion") [Docket No. 10515] to be filed with the

United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      In accordance with the Second Amended Case Management Order,

August 11, 2010 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for

parties to object or file a response to the Motion (the "Objection Deadline").  The Second

Amended Case Management Order provides that pleadings may be granted without a hearing,

provided that no objections have been filed prior to the Objection Deadline and the attorney for

the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Objection Deadline has now passed and, to the best of my knowledge,

no objection or other responsive pleading to the Motion has been filed with the Court on the

docket of the above-referenced cases in accordance with the procedures set forth in the Second

Amended Case Management Order, nor has any objection or other responsive pleading with

respect to the Motion been served on Debtors' counsel to date.

4.      Accordingly, for the reasons set forth in the Motion, the Debtors

respectfully request that the proposed Order annexed hereto as Exhibit A and

unmodified since the filing of the Motion, be entered in accordance with the procedures

described in the Second Amended Case Management Order.

5.      It is the undersigned's understanding that a separate Certificate of No

Objections will be filed on behalf of the SIPA Trustee.

I declare that the foregoing is true and correct.

Dated:  August 16, 2010
        New York, New York

                                    /s/ Richard P. Krasnow
                                    Richard P. Krasnow

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                                         :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | SIPA Case No. |
| | : | |
| LEHMAN BROTHERS INC., | : | 08-01420 (JMP) |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 363(b)(1)
OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AUTHORIZING LEHMAN
BROTHERS HOLDINGS INC. AND JAMES W. GIDDENS, AS TRUSTEE FOR
THE SIPA LIQUIDATION OF THE BUSINESS OF LEHMAN BROTHERS INC. TO
ENTER INTO (I) COST SHARING AGREEMENT AND (II) TRANSFER AGREEMENT**

Upon the motion, dated July 28, 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI"), its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together the "Debtors" and with their non-debtor subsidiaries

"Lehman") and James W. Giddens, as Trustee (the "SIPA Trustee," and together with LBHI,

the "Parties") for the liquidation of the assets of Lehman Brothers Inc. ("LBI"), under the

Securities Investor Protection Act of 1970, as amended ("SIPA"), for entry of an order,

pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code and Bankruptcy Rules

6004 and 9019, authorizing LBHI and the SIPA Trustee to enter into (i) the Cost Sharing

---

[1]     Capitalized terms used but not defined in this Order have the meanings ascribed to
them in the Motion.

Agreement, and (ii) the Transfer Agreement, all as more fully described in the Motion; and

the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under

Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been provided in accordance with the procedures set forth in the

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [Docket No. 9635]; the SIPA Trustee having provided notice of

this Motion in accordance with the amended order entered in the SIPA Proceeding

implementing certain notice and case management procedures and other related relief [LBI

Docket No. 3466]; and the Court having found and determined that the relief sought in the

Motion is in the best interests of LBHI, LBI, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**FURTHER FOUND AND DETERMINED** that:

Citi is a good faith purchaser of the Lehman Residuals within the meaning of

section 363(m) of the Bankruptcy Code and is, therefore, entitled to all of the protections

afforded thereby.  None of LBHI, Citi, or the SIPA Trustee has engaged in conduct that

would prevent the application of section 363(m) of the Bankruptcy Code or permit the

Transfer Agreement to be avoided under section 363(n) of the Bankruptcy Code.  Citi has

2

proceeded in good faith in all respects in connection with this proceeding and will be acting

in good faith in closing the transactions contemplated by the Transfer Agreement.

**NOW, THEREFORE, IT IS**:

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code,

LBHI and the SIPA Trustee are authorized to enter into the Transfer Agreement; and it is

further

ORDERED that the Transfer Agreement was negotiated at arm's-length and

entered into in good faith by the respective parties thereto, and Citi is entitled to all the

benefits and protections of section 363(m) of the Bankruptcy Code, and consummation of the

sale of the Lehman Residuals pursuant to the Transfer Agreement shall not be affected by

reversal or modification on appeal of this Order, in that: (i) Citi has not violated section

363(n) of the Bankruptcy Code by any action or inaction; (ii) no common identity or

directors or controlling stockholders exists between Citi and the Sellers; and (iii) the

negotiation and execution of the Transfer Agreement and any other agreements or

instruments related thereto was without collusion, at arm's-length and in good faith; and it is

further

ORDERED that, the Transfer Agreement shall be effective as of March 31,

2010 for all purposes including, but not limited to, with respect to federal, state and local

income taxes, and title to the Lehman Residuals shall vest in Citi as of March 31, 2010 and

Citi shall assume any and all liabilities that attaches thereto as of March 31, 2010; and it is

further

ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI and the SIPA Trustee are authorized to enter into the Cost Sharing Agreement; and it is further

ORDERED that LBHI and the SIPA Trustee are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Transfer Agreement and the Cost Sharing Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
       New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE