WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Wasiman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                     :

**In re**                                 :       **Chapter 11 Case No.**

                                 :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :      **08-13555 (JMP)**

                                 :

                  **Debtors.**       :       **(Jointly Administered)**

                                 :

-------------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON AUGUST 18, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

          Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

          1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Motion of the Debtors for Approval of the Settlement Between Lehman Brothers
  Holdings Inc. and Mortgage Lenders Network Liquidating Trust **[Docket No. 10445]**

- Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc. to Enter into the Release and Termination of Loan Agreement with TS Boston Core Holdings, L.P., et al. **[Docket No. 10462]**

- Debtors' Motion for an Order Modifying the Automatic Stay to Allow Advancement Under Directors and Officers Insurance Policies **[Docket No. 10463]**

- Motion of Lehman Brothers Holdings Inc. for Authority to Amend Participation Agreements and to Purchase Additional Participation Interests Related to Heritage Fields Property **[Docket No. 10516]**

2.    In accordance with the Second Amended Case Management Order, August 11, 2010 at 4:00 p.m. (Prevailing Eastern Time), was established as the deadline for parties to object or file a response to the Motions (the "Objection Deadlines").  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.    The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motions has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4.    Accordingly, for the reasons set forth in the Motions, the Debtors

respectfully request that the proposed Orders annexed hereto as Exhibits A - D, and

unmodified since the filing of the Motions, be entered in accordance with the procedures

described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: August 16, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 10445)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                  :
In re                                                             :    **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (JMP)**
                                                                  :
                                   **Debtors.**                   :    **(Jointly Administered)**
                                                                  :
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 9019(b) AUTHORIZING AND APPROVING THE**
**SETTLEMENT BETWEEN LEHMAN BROTHERS HOLDINGS**
**<u>INC. AND MORTGAGE LENDERS NETWORKING LIQUIDATING TRUST</u>**

Upon the motion, dated July 27, 2010 (the "<u>Motion</u>"), of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and, together with their non-

debtor affiliates, "<u>Lehman</u>"), pursuant to section 105 of chapter 11 of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"), for an order authorizing and approving the settlement of a claim of LBHI

against Mortgage Lenders Network Liquidating Trust ("<u>MLN</u>") on the terms set forth in a MLN

Stipulation,[1] as more fully set forth in the Motion; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures for these cases [Docket No. 9635] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) Attorneys for the MLN Liquidating Trustee; (vii) attorneys

for Aurora Loan Services; and (viii) all parties who have requested notice in these chapter 11

cases, and it appearing that no other or further notice need be provided; and a hearing (the

"Hearing") having been held to consider the relief requested in the Motion; and the Court having

found and determined that the relief sought in the Motion is in the best interests of LBHI, its

estate and creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy

Rule 9019, the Settlement is approved; and it is further

ORDERED that LBHI is authorized to (or to direct a subsidiary to) execute,

deliver, implement and fully perform any and all obligations, instruments, documents and papers

and to take any and all actions reasonably necessary or appropriate to consummate the

Settlement, including entering into the MLN Stipulation, and perform any and all obligations

contemplated therein; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the

Settlement and any disputes arising thereunder.

Dated:  August __, 2010
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**(Proposed Order – Docket No. 10462)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :        08-13555 (JMP)
                                          :
              Debtors.                    :        (Jointly Administered)
                                          :
-------------------------------------------------------------------x
```

### ORDER PURSUANT TO BANKRUPTCY RULE 9019 AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC. TO ENTER INTO RELEASE AND TERMINATION OF LOAN AGREEMENT AND OTHER DOCUMENTS WITH TS BOSTON CORE HOLDINGS, L.P.; 125 HIGH JUNIOR MEZZ, L.P.; ONE FEDERAL INTERMEDIATE MEZZ, L.P.; ONE FEDERAL JUNIOR MEZZ, L.P.; AND OTHER BORROWER AFFILIATES

Upon the motion, dated July 27, 2010 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), as debtors in possession

(together with their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"),

for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") authorizing LBHI and LCPI to enter into the Release Agreement with TS

Boston Core Holdings, L.P.; 125 High Junior Mezz, L.P.; One Federal Intermediate Mezz, L.P.;

One Federal Junior Mezz, L.P.; and other Borrower Affiliates [2] all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[2] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered June 17, 2010 governing case management and administrative procedures [Docket

No. 9635]; and the Court having found and determined that the relief sought in the Motion is in

the best interests of LBHI and LCPI, their estates and creditors, and all parties in interest and that

the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted as set forth herein; and it is further

       ORDERED that LBHI and LCPI are authorized and empowered, but not directed,

to execute, deliver, implement, and perform any and all obligations, instruments, documents and

papers, and to take all corporate and other actions that may be necessary or appropriate to enter

into and/or effectuate the Release Agreement; and it is further

       ORDERED that, on the Closing Date (as defined in the Release Agreement), the

Borrower Affiliates shall file, or shall permit LBHI and/or LCPI to file, with this Court, a notice,

substantially in the form attached to this Order as Exhibit 1, withdrawing proofs of claim number

27387 and 27389; and it is further

       ORDERED that TS Boston Core Holdings, L.P.; 125 High Junior Mezz, L.P.;

One Federal Intermediate Mezz, L.P.; One Federal Junior Mezz, L.P.; and other Borrower

Affiliates shall not re-file any proof of claim relating to the Acquisition Loan, the Mortgage, the

Mezz A Loan, the Mezz B Loan, the Junior Mezz Loan, the Mezz B Senior Note, the Mezz B

Junior Note, or the 125 Loans (each as defined in the Release Agreement), or for alleged

liabilities relating to those asserted in proofs of claim number 27387 and 27389 filed in these

bankruptcy cases; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that nothing contained in the Motion shall be deemed to be a waiver

or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LBHI,

LCPI, or any of the Debtors or their non-debtor affiliates except as otherwise expressly provided

in the Motion, that any of the Debtors or non-debtor affiliates may have or choose to assert on

behalf of their respective estates under any provision of the Bankruptcy Code or any applicable

non-bankruptcy law, including against each other or third parties.  It is further ordered that the

parties are authorized to execute such further documentation necessary to reflect this reservation

of rights.

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August __, 2010
       New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**(Form of Withdrawal of Claims)**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------------x
                                        :
In re                                   :       Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :       08-13555 (JMP)
                                        :
                        Debtors.        :       (Jointly Administered)
                                        :
---------------------------------------------------------------------x
```

## WITHDRAWAL OF CLAIM

| | |
|---|---|
| Debtor Name and Case Number: | Lehman Brothers Holdings Inc. (Case No. 08-13555 (JMP)) |
| Creditor Name and Address: | One Federal Junior Mezz, L.P.<br>c/o Tishman Speyer<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Attn: Chief Financial Officer<br><br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, New York 10004<br><br>Attn: Janice Mac Avoy, Esq. |
| Claim Number (if known): | 27389 |
| Date Claim Filed: | September 22, 2009 |
| Total Amount of Claim Filed: | N/A |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Debtors' claims and noticing agent to file and reflect this withdrawal on the official claims register for the above-referenced Debtor.

| | |
|---|---|
| Signature: | Title: |
| Printed Name: | Dated: |

## DEFINITIONS

*Debtor*

The person, corporation or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*

A creditor is any person, corporation, or other entity to which the debtor owed a debt.

*Proof of Claim*

A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

*Name of Debtor and Case Number:*

Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.  A list of the Debtors and their cases numbers is provided below.

| | | | | | |
|---|---|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC | 08-13904 | Lehman Scottish Finance L.P. |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC | 08-13664 | PAMI Statler Arms LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC | 08-13902 | Lehman Brothers Financial Products Inc. |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-17331 | Merit, LLC |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC | 09-17503 | LB Somerset LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation | 09-17505 | LB Preferred Somerset LLC |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC | | |

*Information about Creditor:*

Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

*Information identifying the Claim that is to be withdrawn:*

Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

**Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).**

**THIS FORM MUST BE SENT TO EPIQ BANKRUPTCY SOLUTIONS LLC, THE DEBTORS' AUTHORIZED CLAIMS AND NOTICING AGENT AT:**

**Epiq Bankruptcy Solutions, LLC**
**Attn: Lehman Brothers Holdings**
**757 Third Avenue, 3rd Floor**
**New York, New York 10017**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                         :
In re                                    :        Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :        08-13555 (JMP)
                                         :
                          Debtors.       :        (Jointly Administered)
                                         :
-------------------------------------------------------------------x
```

## <u>WITHDRAWAL OF CLAIM</u>

| | |
|---|---|
| Debtor Name and Case Number: | Lehman Brothers Holdings Inc. (Case No. 08-13555 (JMP)) |
| Creditor Name and Address: | 125 High Junior Mezz, L.P.<br>c/o Tishman Speyer<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Attn: Chief Financial Officer<br><br>Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, New York 10004<br>Attn: Janice Mac Avoy, Esq. |
| Claim Number (if known): | 27387 |
| Date Claim Filed: | September 22, 2009 |
| Total Amount of Claim Filed: | N/A |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Debtors' claims and noticing agent to file and reflect this withdrawal on the official claims register for the above-referenced Debtor.

| | |
|---|---|
| Signature: | Title: |
| Printed Name: | Dated: |

# DEFINITIONS

*Debtor*
The person, corporation or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

*Proof of Claim*
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

*Name of Debtor and Case Number:*
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.  A list of the Debtors and their cases numbers is provided below.

| | | | | | |
|---|---|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC | 08-13904 | Lehman Scottish Finance L.P. |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC | 08-13664 | PAMI Statler Arms LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC | 08-13902 | Lehman Brothers Financial Products Inc. |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-17331 | Merit, LLC |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC | 09-17503 | LB Somerset LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation | 09-17505 | LB Preferred Somerset LLC |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC | | |

*Information about Creditor:*
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

*Information identifying the Claim that is to be withdrawn:*
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

**Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).**

## THIS FORM MUST BE SENT TO EPIQ BANKRUPTCY SOLUTIONS LLC, THE DEBTORS' AUTHORIZED CLAIMS AND NOTICING AGENT AT:

**Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings
757 Third Avenue, 3rd Floor
New York, New York 10017**

# EXHIBIT C

**(Proposed Order – Docket No. 10463)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
**In re**                                           :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :        **08-13555 (JMP)**
                                                    :
                                **Debtors.**        :        **(Jointly Administered)**
                                                    :
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT TO SECTION 362 OF THE
BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY
TO ALLOW ADVANCEMENT UNDER DIRECTORS AND OFFICERS INSURANCE
POLICIES BY CONTINENTAL CASUALTY COMPANY, CERTAIN UNDERWRITERS
AT LLOYD'S LONDON AND U.S. SPECIALTY INSURANCE COMPANY**

        Upon the motion, dated July 27, 2010 (the "Motion"), of Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates,

"Lehman"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code")

and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an

order modifying the automatic stay, to the extent applicable, to allow Continental Casualty Company

("Continental"), the second excess insurer, those certain Underwriters at Lloyd's London and London

Market Company subscribing to policy no. QA0160907 (collectively, "Lloyd's"), the third excess

insurers, and U.S. Specialty Insurance Company ("U.S. Specialty"), the fourth excess insurer, to pay

covered defense costs, advance covered defense costs, or both incurred by the Individual Defendants[3]

that have been named as defendants in the Legal Proceedings, all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy

---

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

accordance with the procedures set forth in the second amended order entered June 17, 2010

governing case management and administrative procedures [Docket No. 9635] to (i) the United States

Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of

Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who

have requested notice in these chapter 11 cases; (vii) Continental; (viii) Lloyd's; and (ix) U.S.

Specialty, and it appearing that no other or further notice need be provided; and a hearing having been

held to consider the relief requested in the Motion; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the

automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court,

allow payment of covered defense costs, advancement of covered defense costs, or both from

Continental, Lloyd's and U.S. Specialty to the Individual Defendants pursuant to the terms of their

respective Policies; and it is further

ORDERED the Debtors are authorized to execute all documentation necessary to allow Continental, Lloyd's and U.S. Specialty to pay covered defense costs, advance covered defense costs, or both incurred by the Individual Defendants in the Legal Proceedings; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of Continental, Lloyd's, U.S. Specialty, the Debtors or the Individual Defendants provided for under the terms and conditions of the Policies; and it is further

ORDERED that all parties to the Policies reserve all rights and defenses that they would otherwise have with respect thereto; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August __, 2010
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT D**

**(Proposed Order – Docket No. 10516)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                             :

In re                                     :          Chapter 11 Case No.
                                               :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)
                                             :

                         Debtors.         :          (Jointly Administered)
                                               :
------------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING LBHI TO AMEND PARTICIPATION AGREEMENTS AND TO PURCHASE PARTICIPATION INTERESTS RELATED THERETO

Upon the motion, dated July 28, 2010 (the "Motion"),[4] of Lehman Brothers

Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated debtors in the

above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title

11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") authorizing LBHI to provide interim financing

to the Project up to an aggregate amount of $32 million by amending the LBHI Participation

Agreement and purchasing the Participation Interests, all as more fully described in the Motion;

and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the second

---

[4] Capitalized terms used, but not defined herein shall have the meaning ascribed to such term in the Motion.

amended order entered June 17, 2010 governing case management and administrative procedures

[Docket No. 9635]; and the Court having found and determined that the relief sought in the

Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that

the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion and the relief requested

therein that have not been withdrawn, waived, or settled, and all reservations of rights included

therein, are denied and overruled on the merits with prejudice; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is

authorized and empowered, but not directed, to execute, deliver, implement, and perform any

and all obligations, instruments, documents and papers, and to take any and all corporate and

other actions that may be necessary or appropriate to amended the Amended LBHI Participation

Agreement to provide for the purchase, by LBHI, of Additional Participation Interests up to an

aggregate amount of $32 million, and LBHI is authorized and empowered, but not directed, to

purchase such Additional Participation Interests, up to an aggregate amount of $32 million,

thereunder; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the

relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or,

except as otherwise expressly provided in the Motion, that the Debtors may have or choose to

assert on behalf of their respective estates under any provision of the Bankruptcy Code or any

applicable nonbankruptcy law, including against each other or third parties, and the Debtors are

herby authorized and directed to execute such further documents to evidence these reservations;

and it is further

ORDERED that this Order shall be effective immediately upon its entry and the

requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August   ___, 2010
       New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE