Hearing Date and Time: August 18, 2010 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ X

In re                                : Chapter 11 Case No. 08-13555 (JMP)
                                     : (Jointly Administered)
LEHMAN BROTHERS HOLDINGS, INC., *et al.*, :
                                     :
            Debtors.                 :
                                     :
------------------------------ X

**REPLY DECLARATION OF SAMANTHA A. GREEN IN SUPPORT OF OCH-ZIFF CAPITAL MANAGEMENT GROUP LLC'S OPPOSITION TO DEBTOR'S SUBPOENA *DUCES TECUM* DATED APRIL 12, 2010**

Samantha A. Green declares:

1. I am the E-Discovery Attorney at Blank Rome LLP responsible for coordinating and managing electronic discovery for matters in the New York office and submit this Declaration in support of Och-Ziff Capital Management LLC's ("Och-Ziff") Objection to the Subpoena *Duces Tecum* Dated April 12, 2010 (the "Subpoena") issued by Lehman Brothers Holdings, Inc. *et al.,* ("Lehman" or "Debtor").

2. I have been practicing law since 2001 and have been a full-time specialist in electronic discovery since 2005. I have managed hundreds of projects involving large amounts of data from the first stages of collection and processing through the final stages of review and production. I also have relationships with various vendors of e-discovery services and receive competitive pricing on projects.

3.   I was asked to estimate the costs involved in producing documents in response to the Subpoena. My estimates are based on my experience and are contained in the Declaration of Joel Frank ("Frank Declaration"), which was submitted on June 2, 2010 in Support of Och-Ziff's Objection to the Subpoena ("Objection").

4.   I understand that Lehman does not contest the actual technology costs associated with production, but claims that the estimates contained the Frank Declaration are hearsay. As noted, I provided the estimates that are contained in the Frank Declaration and I adopt them herein.

5.   I also understand that Lehman claims that each document need not be reviewed prior to production because electronic searches of attorneys names can identify the privileged documents and because the confidentiality order Lehman would have proposed had a "claw-back" provision.

6.   In the five years that I have been dedicated to managing electronic discovery and document productions, I have **never** advised that a key-word search would be a sufficient review either to insure that privileged documents are not produced or to prevent non-responsive, confidential, trade secret, or private information from being disclosed.

7.   While key-word searches do help identify potentially privileged data, they do not necessarily remove all privileged documents from production. Privileged data may reside in a document that does not contain an attorney name and would not be identified by the key-word search. For example, privileged information may be discussed between employees at Och-Ziff, such as relying advice of counsel, without an attorneys' name being on the e-mail; this e-mail would still be privileged but not identified by the key-word search of attorneys' names. Also, there may be privileged data that is only a subset of a document which would need to be redacted

2

to permit non-privileged information to be produced. And relying on a claw-back clause is not ideal as it subjects the producing party to questions as to the sufficiency of the underlying search, and potentially permits an adversary to view privileged information, giving it an unfair advantage.

8. Moreover, documents must be reviewed for responsiveness. For example, documents identified through a search for the word "Lehman" likely would include non-responsive information that are not subject to production. These would include documents concerning Och-Ziff's confidential business relationships with other prime brokers, Och-Ziff's evaluation of other stocks, trade secrets, and private information.

9. Finally, I would like to point out that my initial estimate did not include the costs for project management, production of non-electronic documents, and the creation of a privilege log, all of which could easily add hundreds of thousands of dollars more to Och-Ziff's costs.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
August 17, 2010

*Samantha Green*
Samantha A. Green

3