WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511

Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                       :
In re                                  :    Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                       :
                        Debtors.       :    (Jointly Administered)
                                       :
-----------------------------------------------------------------x
```

### NOTICE OF FILING OF SECOND REVISED ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AMENDING THE RACERS TRANSACTION DOCUMENTS AND TERMINATING CERTAIN RACERS TRANSACTION DOCUMENTS

In connection with the hearing to be held on August 18, 2010 at 10:00 a.m. with respect to *Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc. pursuant to  Section 363 of the Bankruptcy Code to Amend the RACERS Transaction Documents and Terminate Certain RACERS Transaction Documents* [Docket No. 10464] (the "RACERS Motion"), and all related documents thereto, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc., as debtors and debtors in possession, hereby file a second revised form of order approving the RACERS Motion (the "Second Revised RACERS Order").

Attached hereto as "Exhibit A" is a clean copy of the proposed Second Revised RACERS Order, attached hereto as "Exhibit B" is a blacklined copy of the proposed Second Revised RACERS Order, marked against the version filed with the RACERS Motion, and attached hereto as "Exhibit C" is a blacklined copy of the proposed Second Revised RACERS Order, marked against the Revised RACERS Order filed on August 15, 2010 [Docket No. 10775].

Dated:  August 17, 2010
        New York, New York

/s/ Alfredo R. Pérez
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :        08-13555 (JMP)
                                          :
                  Debtors.                :        (Jointly Administered)
                                          :
-------------------------------------------------------------------x
```

**ORDER PURSUANT TO SECTION 363**
**OF THE BANKRUPTCY CODE AMENDING**
**THE RACERS TRANSACTION DOCUMENTS**
**AND TERMINATING CERTAIN RACERS TRANSACTION DOCUMENTS**

Upon the motion, dated July 27, 2010 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), as debtors in

possession (together with their affiliated debtors in the above-referenced chapter 11

cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States

Code (the "Bankruptcy Code") amending the RACERS Transaction Documents[1] and

terminating certain RACERS Transaction Documents, all as more fully described in the

Motion ; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the
Motion.

and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures (the "Case Management Order") [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on the terms set forth below; and it is further

ORDERED that the RACERS Transaction Documents are amended to permit LBHI, and/or its designee, to serve as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent with respect to each Trust in accordance with any applicable duty of loyalty to the beneficiaries of the applicable Trust; and it is further

ORDERED that U.S. Bank is replaced by LBHI, and/or its designee, as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent of each Trust and U.S. Bank shall have no right to act as such after the date hereof; and it is further

ORDERED that, subject to the reservations set forth below, the Participation Agreement (including but not limited to the participations pursuant thereto) and the Control Agreement are terminated; and it is further

ORDERED that LCPI will be deemed to be the owner of the Underlying Assets and is authorized to act and deal with such Underlying Assets in all respects just as LCPI acts or deals with its other assets, including without limitation, selling, assigning or transferring any such Underlying Assets and/or modifying the terms of any such Underlying Assets; and it is further

ORDERED that nothing herein shall determine who is the owner of the proceeds of the Underlying Assets, or the RACERS MM Notes, or who would otherwise be entitled to the economic benefit, if any, of the RACERS Transaction Documents; and it is further

ORDERED that the actions of LCPI or any other Debtor with respect to the Underlying Assets shall be performed in accordance with the standard of care applicable to the Underlying Assets under the RACERS Transaction Documents and applicable non-bankruptcy law; and it is further

ORDERED that James W. Giddens, as Trustee for the SIPA Liquidation of LBI (the "SIPA Trustee") shall be provided with information applicable to RACERS in accordance with paragraph 12 of the CDA Order,[2] and nothing herein shall be deemed to supersede or provide more rights than those set forth in paragraph 12 of the CDA Order; and it is further

ORDERED that LCPI will segregate on its books and records all cash or other proceeds generated by the Underlying Assets and, subject to the reporting requirements and standard of care set forth above, may use any cash or other proceeds

---

[2] *Order Pursuant to Sections 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Approving Collateral Disposition Agreement among the Debtors and JPMorgan Chase Bank, N.A., et al.* [Docket No. 7785].

previously or hereafter generated by the Underlying Assets for the benefit of any of the Underlying Assets; and it is further

ORDERED that, after entry of this Order, all claims and defenses in connection with the RACERS Transaction Documents, the Collateral and the creation and operation of the Trusts, by and among LBI, the SIPA Trustee, LCPI, LBHI (both for itself and on behalf of the Trusts), LBSF, Barclays Capital Inc. and its affiliates (collectively, "Barclays") and U.S. Bank shall be reserved and not affected by the substitution of the Trustee or the termination of the Participation Agreement or the Control Agreement, provided further that nothing contained herein shall constitute a transfer of LBI's, LBI's estate's, or the SIPA Trustee's legal or equitable interest in property to LCPI or any other Debtor, or consent by the SIPA Trustee or LBI to any action by LCPI or any Debtor not specifically granted herein or a waiver of any other right of LBI, its estate or the SIPA Trustee; and it is further

ORDERED that all claims of any person or entity with respect to the Underlying Assets shall be enforceable solely against the proceeds of the Underlying Assets and not against the Underlying Assets themselves and that the rights of all interested parties to the proceeds of the Underlying Assets are reserved, as set forth in the next sentence.  Specifically, if any interested party, including LBI and LBSF as counterparty to the Trusts under the Swaps, has a right, enforceable under applicable bankruptcy and non-bankruptcy law (or had such right but for the relief granted herein), to receive, now or in the future (a) proceeds of the Underlying Assets, such party shall have a superpriority administrative claim against the relevant Debtor (but not against any of the Underlying Assets) to the extent of the principal and interest and proceeds of the

Underlying Assets it would have been entitled to receive (without set off or defenses

unrelated to the Underlying Assets or the RACERS Transaction Documents), after

netting reasonable amounts the relevant Debtor expended or contributed to manage,

oversee, collect, protect, or improve the Underlying Assets, and/or (b) distributions from

the Debtors' estates on account of the Proofs of Claim, such party shall have a claim

against the relevant Debtor for amounts that are or could have been collected on the

Proofs of Claim but for the termination of the Participation Agreement and Control

Agreement and amendment of the other RACERS Transaction Documents.  Further,

before making any ultimate distributions in respect of any of the Underlying Assets, the

Debtors shall provide Barclays, the SIPA Trustee and the Creditors' Committee with at

least five business days prior written notice and an opportunity to object to such ultimate

distribution in respect of any of the Underlying Assets or the proceeds thereof; and it is

further

        ORDERED that the statute of limitations with respect to all claims and

defenses related to the RACERS Transaction Documents, the Collateral, the Underlying

Assets and the creation and operation of the Trusts or the ownership of the Underlying

Assets and proceeds thereof among LBI, LBHI, LBSF, LCPI or any of the other Debtors,

the SIPA Trustee, the RACERS A Trust and the RACERS MM Trust is tolled for a

period of three years after the lapse of the applicable statute of limitations; and provided

further that the administrative bar date for any claims by LBI against any Debtor relating

to the RACERS Transaction Documents, the Collateral, the Underlying Assets and the

creation and operation of the Trusts or the ownership of the Underlying Assets and

proceeds thereof is correspondingly tolled, provided, however, that on 60 days notice, the

Debtors can request that the Court terminate such tolling with respect to the administrative bar date; and it is further

ORDERED that nothing contained in the Motion or herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LBI, the SIPA Trustee, LBHI, LBSF, or LCPI, or that any of the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable law, including against each other or third parties, or duties of the Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent with respect to each Trust except, in each case, as specifically provided in this Order with respect to ownership of the Underlying Assets and the right to specific proceeds thereof, including any action relating to the administration or disposal of the Underlying Assets, and that nothing herein shall change the burden or proof or other presumption with respect to any disputed issue that would have existed absent this Order; and it is further

ORDERED that U.S. Bank shall not be a party to the Tolling Agreement referred to in the Motion and shall be released from any and all claims, causes of action, defenses or affirmative defenses relating in any way to its replacement as Owner Trustee for each of the Trusts and as Indenture Trustee, and upon consummation of the transactions contemplated by the Motion, U.S. Bank shall have no further obligation or liability under the terms of the RACERS Transaction Documents for any acts of omissions occurring after the entry of this Order; and it is further

ORDERED that LBHI, LCPI, LBI, and any holder of any investment in any of the Trusts or any holder of any collateral lien or security interest in the Trusts or

their respective securities which are the subject of the Motion, are hereby barred from asserting or bringing any claim against U.S. Bank as Indenture Trustee or Owner Trustee in any way related to the consummation of the transactions contemplated by the Motion; and it is further

ORDERED that LBHI shall pay the reasonable outstanding fees and expenses of U.S. Bank as Indenture Trustee or Owner Trustee in connection with its service as Trustee under the RACERS Transaction Documents, and shall pay its reasonable fees and expenses in connection with the consummation of the transactions contemplated by the Motion; and it is further

ORDERED that the objection filed by U.S. Bank in connection with this Motion is hereby withdrawn subject to Court approval of the Motion and the transactions contemplated thereby being consummated; and it is further

ORDERED that nothing contained in the Motion or herein shall be deemed to have extended the bar date or otherwise permit any additional proofs of claim to be filed against any of the Debtors that would not otherwise be permitted under applicable law; and it is further

ORDERED that upon any transfer of the RACERS A Note or the RACERS MM Notes to a non-Debtor, notice of such transfer shall be filed with the Bankruptcy Court and served in accordance with the procedures set forth in the Case Management Order; and it is further

ORDERED that the Bankruptcy Court shall retain jurisdiction to hear any dispute with respect to LBI's ownership of the Underlying Assets or administrative claim

against LCPI's estate to the extent of any proceeds of the Underlying Assets for which relief may be sought by the SIPA Trustee; and it is further

ORDERED that, the LBHI, LBSF, LCPI and the SIPA Trustee on behalf of LBI are authorized and empowered to execute such further documents necessary to reflect the reservation of rights among LBI, LBHI, LBSF, LCPI, and the SIPA Trustee as set forth herein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August __, 2010
         New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :        08-13555 (JMP)
                                        :
                    Debtors.            :        (Jointly Administered)
                                        :
-------------------------------------------------------------------x
```

**ORDER PURSUANT TO SECTION 363**
**OF THE BANKRUPTCY CODE AMENDING**
**THE RACERS TRANSACTION DOCUMENTS**
**<u>AND TERMINATING CERTAIN RACERS TRANSACTION DOCUMENTS</u>**

Upon the motion, dated July 27, 2010 (the "<u>Motion</u>"), of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and Lehman Commercial Paper Inc. ("<u>LCPI</u>"), as debtors in

possession (together with their affiliated debtors in the above-referenced chapter 11

cases, the "<u>Debtors</u>"), for an order pursuant to section 363 of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>") amending the RACERS Transaction Documents[1] and

terminating certain RACERS Transaction Documents, all as more fully described in the

Motion ; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the
Motion.

and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures (the "Case Management Order") [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on the terms set forth below; and it is further

ORDERED that the RACERS Transaction Documents are amended to permit LBHI, and/or its designee, to serve as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent with respect to each Trust in accordance with any applicable duty of loyalty to the beneficiaries of the applicable Trust; and it is further

ORDERED that U.S. Bank is replaced by LBHI, and/or its designee, as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent of each Trust and U.S. Bank shall have no right to act as such after the date hereof; and it is further

ORDERED that, subject to the reservations set forth below, the Participation Agreement (including but not limited to the participations pursuant thereto) and the Control Agreement are terminated; and it is further

ORDERED that LCPI will be deemed to be the owner of the Underlying Assets and is authorized to act and deal with such Underlying Assets in all respects just as LCPI acts or deals with its other assets, including without limitation, selling, assigning or transferring any such Underlying Assets and/or modifying the terms of any such Underlying Assets; and it is further

ORDERED that nothing herein shall determine who is the owner of the proceeds of the Underlying Assets, or the RACERS MM Notes, or who would otherwise be entitled to the economic benefit, if any, of the RACERS Transaction Documents; and it is further

ORDERED that the actions of LCPI or any other Debtor with respect to the Underlying Assets shall be performed in accordance with the standard of care applicable to the Underlying Assets under the RACERS Transaction Documents and applicable non-bankruptcy law; and it is further

ORDERED that James W. Giddens, as Trustee for the SIPA Liquidation of LBI (the "SIPA Trustee") shall be provided with information applicable to RACERS in accordance with paragraph 12 of the CDA Order,[2] and nothing herein shall be deemed to supersede or provide more rights than those set forth in paragraph 12 of the CDA Order; and it is further

ORDERED that LCPI will segregate on its books and records all cash or other proceeds generated by the Underlying Assets and, subject to the reporting requirements and standard of care set forth above, may use any cash or other proceeds

---

[2] *Order Pursuant to Sections 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Approving Collateral Disposition Agreement among the Debtors and JPMorgan Chase Bank, N.A., et al.* [Docket No. 7785].

previously or hereafter generated by the Underlying Assets for the benefit of any of the Underlying Assets; and it is further

ORDERED that, after entry of this Order, all claims and defenses in connection with the RACERS Transaction Documents, the Collateral and the creation and operation of the Trusts, by and among LBI, the SIPA Trustee, LCPI, LBHI (both for itself and on behalf of the Trusts), LBSF, Barclays Capital Inc. and its affiliates (collectively, "Barclays") and U.S. Bank shall be reserved and not affected by the substitution of the Trustee or the termination of the Participation Agreement or the Control Agreement, provided further that nothing contained herein shall constitute a transfer of LBI's, LBI's estate's, or the SIPA Trustee's legal or equitable interest in property to LCPI or any other Debtor, or consent by the SIPA Trustee or LBI to any action by LCPI or any Debtor not specifically granted herein or a waiver of any other right of LBI, its estate or the SIPA Trustee; and it is further

ORDERED that U.S. Bank shall be paid its reasonable trustee and other fees arising out of its services as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent for the RACERS A Trust and the RACERS MM Trust accrued to the date hereof, as well as its reasonable out-of-pocket costs and expenses paid or invoiced on or prior to the date hereof; and it is further

ORDERED that all claims of any person or entity with respect to the Underlying Assets shall be enforceable solely against the proceeds of the Underlying Assets and not against the Underlying Assets themselves and that the rights of all interested parties to the proceeds of the Underlying Assets are reserved, as set forth in the next sentence.  Specifically, if any interested party, including LBI and LBSF as

counterparty to the Trusts under the Swaps, has a right, enforceable under applicable

bankruptcy and non-bankruptcy law (or had such right but for the relief granted herein),

to receive, now or in the future (a) proceeds of the Underlying Assets, such party shall

have a superpriority administrative claim against the relevant Debtor (but not against any

of the Underlying Assets) to the extent of the principal and interest and proceeds of the

Underlying Assets it would have been entitled to receive (without set off or defenses

unrelated to the Underlying Assets or the RACERS Transaction Documents), after

netting reasonable amounts the relevant Debtor expended or contributed to manage,

oversee, collect, protect, or improve the Underlying Assets, and/or (b) distributions from

the Debtors' estates on account of the Proofs of Claim, such party shall have a claim

against the relevant Debtor for amounts that are or could have been collected on the

Proofs of Claim but for the termination of the Participation Agreement and Control

Agreement and amendment of the other RACERS Transaction Documents.  Further,

before making any ultimate distributions in respect of any of the Underlying Assets, the

Debtors shall provide Barclays and, the SIPA Trustee and the Creditors' Committee with

at least five business days prior written notice and an opportunity to object to such

ultimate distribution in respect of any of the Underlying Assets or the proceeds thereof;

and it is further

       ORDERED that the statute of limitations with respect to all claims and

defenses related to the RACERS Transaction Documents, the Collateral, the Underlying

Assets and the creation and operation of the Trusts or the ownership of the Underlying

Assets and proceeds thereof among LBI, LBHI, LBSF, LCPI or any of the other Debtors,

the SIPA Trustee, the RACERS A Trust and the RACERS MM Trust is tolled for a

period of three years after the lapse of the applicable statute of limitations; and provided

further that the administrative bar date for any claims by LBI against any Debtor relating

to the RACERS Transaction Documents, the Collateral, the Underlying Assets and the

creation and operation of the Trusts or the ownership of the Underlying Assets and

proceeds thereof is correspondingly tolled, provided, however, that on 60 days notice, the

Debtors can request that the Court terminate such tolling with respect to the

administrative bar date; and it is further

ORDERED that nothing contained in the Motion or herein shall be

deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations,

benefits, or remedies of LBI, the SIPA Trustee, LBHI, LBSF, or LCPI, or that any of the

Debtors may have or choose to assert on behalf of their respective estates under any

provision of the Bankruptcy Code or any applicable law, including against each other or

third parties, or duties of the Indenture Trustee, Owner Trustee, Custodian and

Administrator and Paying Agent with respect to each Trust except, in each case, as

specifically provided in this Order with respect to ownership of the Underlying Assets

and the right to specific proceeds thereof, including any action relating to the

administration or disposal of the Underlying Assets, and that nothing herein shall change

the burden or proof or other presumption with respect to any disputed issue that would

have existed absent this Order; and it is further

ORDERED that U.S. Bank ~~is hereby~~shall not be a party to the Tolling

Agreement referred to in the Motion and shall be released from any and all claims ~~arising~~

~~as a result of the relief requested in or actions taken pursuant to the Motion or any order~~

~~granting the relief requested in the Motion~~, causes of action, defenses or affirmative

defenses relating in any way to its replacement as Owner Trustee for each of the Trusts and as Indenture Trustee, and upon consummation of the transactions contemplated by the Motion, U.S. Bank shall have no further obligation or liability under the terms of the RACERS Transaction Documents for any acts of omissions occurring after the entry of this Order; and it is further

ORDERED that LBHI, LCPI, LBI, and any holder of any investment in any of the Trusts or any holder of any collateral lien or security interest in the Trusts or their respective securities which are the subject of the Motion, are hereby barred from asserting or bringing any claim against U.S. Bank as Indenture Trustee or Owner Trustee in any way related to the consummation of the transactions contemplated by the Motion; and it is further

ORDERED that LBHI shall pay the reasonable outstanding fees and expenses of U.S. Bank as Indenture Trustee or Owner Trustee in connection with its service as Trustee under the RACERS Transaction Documents, and shall pay its reasonable fees and expenses in connection with the consummation of the transactions contemplated by the Motion; and it is further

ORDERED that the objection filed by U.S. Bank in connection with this Motion is hereby withdrawn subject to Court approval of the Motion and the transactions contemplated thereby being consummated; and it is further

ORDERED that nothing contained in the Motion or herein shall be deemed to have extended the bar date or otherwise permit any additional proofs of claim to be filed against any of the Debtors that would not otherwise be permitted under applicable law; and it is further

ORDERED that upon any transfer of the RACERS A Note or the RACERS MM Notes to a non-Debtor, notice of such transfer shall be filed with the Bankruptcy Court and served in accordance with the procedures set forth in the Case Management Order; and it is further

ORDERED that the Bankruptcy Court shall retain jurisdiction to hear any dispute with respect to LBI's ownership of the Underlying Assets or administrative claim against LCPI's estate to the extent of any proceeds of the Underlying Assets for which relief may be sought by the SIPA Trustee; and it is further

ORDERED that, the LBHI, LBSF, LCPI and the SIPA Trustee on behalf of LBI are authorized and empowered to execute such further documents necessary to reflect the reservation of rights among LBI, LBHI, LBSF, LCPI, and the SIPA Trustee as set forth herein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August __, 2010
       New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                              :
In re                                                         :          **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                  :          **08-13555 (JMP)**
                                                              :
                                        **Debtors.**          :          **(Jointly Administered)**
                                                              :
---------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 363
## OF THE BANKRUPTCY CODE AMENDING
## THE RACERS TRANSACTION DOCUMENTS
## <u>AND TERMINATING CERTAIN RACERS TRANSACTION DOCUMENTS</u>

Upon the motion, dated July 27, 2010 (the "<u>Motion</u>"), of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and Lehman Commercial Paper Inc. ("<u>LCPI</u>"), as debtors in

possession (together with their affiliated debtors in the above-referenced chapter 11

cases, the "<u>Debtors</u>"), for an order pursuant to section 363 of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>") amending the RACERS Transaction Documents[1] and

terminating certain RACERS Transaction Documents, all as more fully described in the

Motion ; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the
Motion.

and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures (the "Case Management Order") [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on the terms set forth below; and it is further

ORDERED that the RACERS Transaction Documents are amended to permit LBHI, and/or its designee, to serve as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent with respect to each Trust in accordance with any applicable duty of loyalty to the beneficiaries of the applicable Trust; and it is further

ORDERED that U.S. Bank is replaced by LBHI, and/or its designee, as Indenture Trustee, Owner Trustee, Custodian and Administrator and Paying Agent of each Trust and U.S. Bank shall have no right to act as such after the date hereof; and it is further

ORDERED that, subject to the reservations set forth below, the Participation Agreement (including but not limited to the participations pursuant thereto) and the Control Agreement are terminated; and it is further

ORDERED that LCPI will be deemed to be the owner of the Underlying Assets and is authorized to act and deal with such Underlying Assets in all respects just as LCPI acts or deals with its other assets, including without limitation, selling, assigning or transferring any such Underlying Assets and/or modifying the terms of any such Underlying Assets; and it is further

ORDERED that all claims of any person or entity nothing herein shall determine who is the owner of the proceeds of the Underlying Assets, or the RACERS MM Notes, or who would otherwise be entitled to the economic benefit, if any, of the RACERS Transaction Documents; and it is further

ORDERED that the actions of LCPI or any other Debtor with respect to the Underlying Assets shall be enforceable solely against the proceeds of the Underlying Assets and not against the Underlying Assets themselves. performed in accordance with the standard of care applicable to the Underlying Assets under the RACERS Transaction Documents and applicable non-bankruptcy law; and it is further

ORDERED that James W. Giddens, as Trustee for the SIPA Liquidation of LBI (the "SIPA Trustee") shall be provided with information applicable to RACERS in accordance with paragraph 12 of the CDA Order,[2] and nothing herein shall be deemed to supersede or provide more rights than those set forth in paragraph 12 of the CDA Order; and it is further

ORDERED that LCPI will segregate on its books and records all cash or other proceeds generated by the Underlying Assets and, subject to the reporting

---

[2] *Order Pursuant to Sections 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Approving Collateral Disposition Agreement among the Debtors and JPMorgan Chase Bank, N.A., et al.* [Docket No. 7785].

requirements and standard of care set forth above, may use any cash or other proceeds

previously or hereafter generated by the Underlying Assets for the benefit of any of the

Underlying Assets; and it is further

ORDERED that, after entry of this Order, all claims and defenses in

connection with the RACERS Transaction Documents, the Collateral and the creation

and operation of the Trusts, by and among LBI, the SIPA Trustee, LCPI, LBHI (both for

itself and on behalf of the Trusts), LBSF, Barclays Capital Inc. and its affiliates

(collectively, "Barclays") and U.S. Bank shall be reserved and not affected by the

substitution of the Trustee or the termination of the Participation Agreement or the

Control Agreement, provided further that nothing contained herein shall constitute a

transfer of LBI's, LBI's estate's, or the SIPA Trustee's legal or equitable interest in

property to LCPI or any other Debtor, or consent by the SIPA Trustee or LBI to any

action by LCPI or any Debtor not specifically granted herein or a waiver of any other

right of LBI, its estate or the SIPA Trustee; and it is further

ORDERED that ~~U.S. Bank shall be paid its reasonable trustee and other~~
~~fees arising out of its services as Indenture Trustee, Owner Trustee, Custodian and~~
~~Administrator and Paying Agent~~ ~~for the RACERS A Trust and the RACERS MM Trust~~
~~accrued to the date hereof, as well as its reasonable out-of-pocket costs and expenses paid~~
~~or invoiced on or prior to the date hereof; and it is further~~ORDERED all claims of any
person or entity with respect to the Underlying Assets shall be enforceable solely against
the proceeds of the Underlying Assets and not against the Underlying Assets themselves
and that the rights of all interested parties to the proceeds of the Underlying Assets are

reserved, as set forth in the next sentence. Specifically, if any interested party, including

LBI and LBSF as counterparty to the Trusts under the Swaps, has a right, enforceable under applicable bankruptcy and non-bankruptcy law (or had such right but for the relief granted herein), to receive, now or in the future (a) proceeds of the Underlying Assets, such party shall have ana superpriority administrative claim against the relevant Debtor (but not against any of the Underlying Assets) to the extent of the principal and interest and proceeds of the Underlying Assets it would have been entitled to receive (without set off or defenses unrelated to the Underlying Assets or the RACERS Transaction Documents), after netting reasonable amounts the relevant Debtor expended or contributed to manage, oversee, collect, protect, or improve the Underlying Assets, and/or (b) distributions from the Debtors' estates on account of the Proofs of Claim, such party shall have a claim against the relevant Debtor for amounts that are or could have been collected on the Proofs of Claim but for the termination of the Participation Agreement and Control Agreement and amendment of the other RACERS Transaction Documents. Further, before making any ultimate distributions in respect of any of the Underlying Assets, the Debtors shall provide Barclays, the SIPA Trustee and the Creditors' Committee with at least five business days prior written notice and an opportunity to object to such ultimate distribution in respect of any of the Underlying Assets or the proceeds thereof; and it is further

ORDERED that the statute of limitations with respect to all claims and defenses related to the RACERS Transaction Documents, the Collateral, the Underlying Assets and the creation and operation of the Trusts among theor the ownership of the Underlying Assets and proceeds thereof among LBI, LBHI, LBSF, LCPI or any of the other Debtors, LBIthe SIPA Trustee, the RACERS A Trust, and the RACERS MM Trust

~~and U.S. Bank~~ is tolled for a period of three years after the lapse of the applicable statute

of limitations; and provided further that the administrative bar date for any claims by LBI

against any Debtor relating to the RACERS Transaction Documents, the Collateral, the

Underlying Assets and the creation and operation of the Trusts or the ownership of the

Underlying Assets and proceeds thereof is correspondingly tolled, provided, however,

that on 60 days notice, the Debtors can request that the Court terminate such tolling with

respect to the administrative bar date; and it is further

       ORDERED that nothing contained in the Motion or herein shall be

deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations,

benefits, or remedies of LBI, the SIPA Trustee, LBHI, LBSF, or LCPI, or that any of the

Debtors may have or choose to assert on behalf of their respective estates under any

provision of the Bankruptcy Code or any applicable law, including against each other or

third parties, or duties of the Indenture Trustee, Owner Trustee, Custodian and

Administrator and Paying Agent with respect to each Trust except, in each case, as

specifically provided in this Order with respect to ownership of the Underlying Assets

and the right to specific proceeds thereof, including any action relating to the

administration or disposal of the Underlying Assets, and that nothing herein shall change

the burden or proof or other presumption with respect to any disputed issue that would

have existed absent this Order; and it is further

       ORDERED that U.S. Bank shall not be a party to the Tolling Agreement

referred to in the Motion and shall be released from any and all claims, causes of action,

defenses or affirmative defenses relating in any way to its replacement as Owner Trustee

for each of the Trusts and as Indenture Trustee, and upon consummation of the

transactions contemplated by the Motion, U.S. Bank shall have no further obligation or liability under the terms of the RACERS Transaction Documents for any acts of omissions occurring after the entry of this Order; and it is further

ORDERED that LBHI, LCPI, LBI, and any holder of any investment in any of the Trusts or any holder of any collateral lien or security interest in the Trusts or their respective securities which are the subject of the Motion, are hereby barred from asserting or bringing any claim against U.S. Bank as Indenture Trustee or Owner Trustee in any way related to the consummation of the transactions contemplated by the Motion; and it is further

ORDERED that LBHI shall pay the reasonable outstanding fees and expenses of U.S. Bank as Indenture Trustee or Owner Trustee in connection with its service as Trustee under the RACERS Transaction Documents, and shall pay its reasonable fees and expenses in connection with the consummation of the transactions contemplated by the Motion; and it is further

ORDERED that the objection filed by U.S. Bank in connection with this Motion is hereby withdrawn subject to Court approval of the Motion and the transactions contemplated thereby being consummated; and it is further

ORDERED that nothing contained in the Motion or herein shall be deemed to have extended the bar date or otherwise permit any additional proofs of claim to be filed against any of the Debtors that would not otherwise be permitted under applicable law; and it is further

ORDERED that upon any transfer of the RACERS A Note or the RACERS MM Notes to a non-Debtor, notice of such transfer shall be filed with the

Bankruptcy Court and served in accordance with the procedures set forth in the Case Management Order; and it is further

ORDERED that the Bankruptcy Court shall retain jurisdiction to hear any dispute with respect to LBI's ownership of the Underlying Assets or administrative claim against LCPI's estate to the extent of any proceeds of the Underlying Assets for which relief may be sought by the SIPA Trustee; and it is further

ORDERED that, the LBHI, LBSF, LCPI and the SIPA Trustee on behalf of LBI are authorized and empowered to execute such further documents necessary to reflect the reservation of rights among LBI, LBHI, LBSF, and LCPI, and the SIPA Trustee as set forth herein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August __, 2010
    New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE