**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :   08-13555 (JMP)
                                              :
                 Debtors.                     :   (Jointly Administered)
------------------------------------------------------------------x
                                              :
In re                                         :   SIPA Case No.
                                              :
LEHMAN BROTHERS INC.,                         :   08-01420 (JMP)
                                              :
                 Debtor.                      :
------------------------------------------------------------------x
```

**ORDER PURSUANT TO SECTIONS 105(a) AND 363(b)(1)
OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AUTHORIZING LEHMAN
BROTHERS HOLDINGS INC. AND JAMES W. GIDDENS, AS TRUSTEE FOR
THE SIPA LIQUIDATION OF THE BUSINESS OF LEHMAN BROTHERS INC. TO
ENTER INTO (I) COST SHARING AGREEMENT AND (II) TRANSFER AGREEMENT**

Upon the motion, dated July 28, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together the "Debtors" and with their non-debtor subsidiaries "Lehman") and James W. Giddens, as Trustee (the "SIPA Trustee," and together with LBHI, the "Parties") for the liquidation of the assets of Lehman Brothers Inc. ("LBI"), under the Securities Investor Protection Act of 1970, as amended ("SIPA"), for entry of an order, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019, authorizing LBHI and the SIPA Trustee to enter into (i) the Cost Sharing

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to them in the Motion.

Agreement, and (ii) the Transfer Agreement, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; the SIPA Trustee having provided notice of this Motion in accordance with the amended order entered in the SIPA Proceeding implementing certain notice and case management procedures and other related relief [LBI Docket No. 3466]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, LBI, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**FURTHER FOUND AND DETERMINED** that:

Citi is a good faith purchaser of the Lehman Residuals within the meaning of section 363(m) of the Bankruptcy Code and is, therefore, entitled to all of the protections afforded thereby.  None of LBHI, Citi, or the SIPA Trustee has engaged in conduct that would prevent the application of section 363(m) of the Bankruptcy Code or permit the Transfer Agreement to be avoided under section 363(n) of the Bankruptcy Code.  Citi has

proceeded in good faith in all respects in connection with this proceeding and will be acting in good faith in closing the transactions contemplated by the Transfer Agreement.

**NOW, THEREFORE, IT IS**:

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, LBHI and the SIPA Trustee are authorized to enter into the Transfer Agreement; and it is further

ORDERED that the Transfer Agreement was negotiated at arm's-length and entered into in good faith by the respective parties thereto, and Citi is entitled to all the benefits and protections of section 363(m) of the Bankruptcy Code, and consummation of the sale of the Lehman Residuals pursuant to the Transfer Agreement shall not be affected by reversal or modification on appeal of this Order, in that: (i) Citi has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (ii) no common identity or directors or controlling stockholders exists between Citi and the Sellers; and (iii) the negotiation and execution of the Transfer Agreement and any other agreements or instruments related thereto was without collusion, at arm's-length and in good faith; and it is further

ORDERED that, the Transfer Agreement shall be effective as of March 31, 2010 for all purposes including, but not limited to, with respect to federal, state and local income taxes, and title to the Lehman Residuals shall vest in Citi as of March 31, 2010 and Citi shall assume any and all liabilities that attaches thereto as of March 31, 2010; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI and the SIPA Trustee are authorized to enter into the Cost Sharing Agreement; and it is further

ORDERED that LBHI and the SIPA Trustee are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Transfer Agreement and the Cost Sharing Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 18, 2010
      New York, New York

                                          _*James M. Peck*_____
                                          HONORABLE JAMES M. PECK
                                          UNITED STATES BANKRUPTCY JUDGE