## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

## ORDER RE: DEBTORS' OBJECTION TO THE
## PROOF OF CLAIM FILED BY JOYCE L. REHORST

**AND NOW,** this _____ day of _____, 2010, upon

consideration of Debtors' Objection ("Objection") to the proof of claim (the "Claim")

filed by Joyce L. Rehorst ("Claimant"), and Claimant's Response thereto, it is hereby

**ORDERED** that Debtors' Objection to the Claim is hereby **OVERRULED** and

Claimant's Amended Proof of Claim (and exhibits thereto), which is attached as Exhibit

"B" to Claimant's Motion for Leave to Amend Proof of Claim which, in turn, is attached

as Exhibit "A" to Claimant's Response to the Objection, is hereby **ACCEPTED AND**

**DEEMED FILED**.

BY THE COURT:

_____
The Honorable James M. Peck
United States Bankruptcy Judge

**McCAUSLAND, KEEN & BUCKMAN**                    *Attorneys for Claimant,*
By:  Glenn S. Gitomer, Esquire                             Joyce L. Rehorst
11 Broadway, Suite 715
New York, NY  10004
(212) 401-0160

Radnor Court, Suite 160
259 N. Radnor-Chester Road
Radnor, PA 19087-5257
(610) 341-1000

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

## JOYCE L. REHORST'S RESPONSE TO DEBTORS'
## THIRTY-FIRST OMNIBUS OBJECTON TO CLAIMS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Joyce L. Rehorst (hereinafter "Claimant"), by her attorneys, McCausland Keen &

Buckman, hereby provides this response (hereinafter "Response") to the Debtors' Thirty-

First Omnibus Objection to Claims (hereinafter "Objection') as follows:

1.      Denied as conclusions of law to which no response is required.

Furthermore, the Objection, the Bankruptcy Code, the Bankruptcy Rules, and the

Procedures Order are documents that speak for themselves.

2.      Admitted in part; denied in part.  It is admitted that Claimant, a *pro se*

claimant, inadvertently omitted supporting documentation when filing her Proof of Claim

(Claim # 31085) (hereinafter the "Claim").  After reasonable investigation, Claimant is

without knowledge or information to form a belief as to whether the Debtors have

examined any proofs of claim filed in this matter. The remainder is denied as conclusions of law to which no response is required. Furthermore, simultaneously with the filing of this Response, Claimant has filed a Motion for Leave to Amend Proof of Claim (the "Motion") seeking to correct the amount of her Claim to $150,000 (due to a scrivener's error) and to attach necessary supporting documentation that was inadvertently omitted. A true and correct copy of the Motion (with proposed Amended Proof of Claim and exhibits thereto) is attached hereto as Exhibit "A." Claimant requests that the Court accept the Amended Proof of Claim and exhibits thereto, which is attached to the Motion as Exhibit "B," thereby rendering the Debtors' Objections moot. In the alternative only, Claimant requests that the Court hold Debtors' Objections in abeyance until the Motion is heard and decided. The response date for the Motion is October 13, 2010 and the hearing date on the Motion is October 27, 2010.

3.      Denied. It is denied that Debtors have properly reserved the right to object to any Insufficient Documentation Claim as to which the Court does not granted the relief that it requests in its Objection, and whether Debtors may properly do so is denied as a conclusion of law to which no response is required.

4.      Denied as conclusions of law to which no response is required.

5.      Denied as conclusions of law to which no response is required and on the basis that the allegations are based on documents that speak for themselves.

6.      Denied as conclusions of law to which no response is required and on the basis that the allegations are based on documents that speak for themselves.

7.      Denied as conclusions of law to which no response is required and on the basis that the allegations are based on documents that speak for themselves.

8.      Denied as conclusions of law to which no response is required and on the basis that the Bar Date Order is a document that speaks for itself.  Furthermore, simultaneously with the filing of this Response, Claimant has filed a Motion for Leave to Amend Proof of Claim (the "Motion") seeking to correct the amount of her Claim to $150,000 (due to a scrivener's error) and to attach necessary supporting documentation that was inadvertently omitted.  A true and correct copy of the Motion (with proposed Amended Proof of Claim and exhibits thereto) is attached hereto as Exhibit "A." Claimant requests that the Court accept the Amended Proof of Claim and exhibits thereto, which is attached to the Motion as Exhibit "B," thereby rendering the Debtors' Objections moot.  In the alternative only, Claimant requests that the Court hold Debtors' Objections in abeyance until the Motion is heard and decided.  The response date for the Motion is October 13, 2010 and the hearing date on the Motion is October 27, 2010.

9.      Admitted in part; denied in part.  It is admitted that Claimant received notice of the Bar Date Order via mail only.  After reasonable investigation, Claimant is without knowledge or information sufficient to form a belief as to whether the Bar Date Notice was published in any newspaper.  Furthermore, the Bar Date Notice is a document that speaks for itself and, therefore, the remainder of this paragraph is denied.

10.     Denied as a conclusion of law to which no response is required and on the basis that the Procedures Order is a document that speaks for itself.

11.     Denied.  After reasonable investigation, Claimant is without knowledge or information sufficient to form a belief as to whether the Debtors have reviewed any claims.  Moreover, Exhibit "A" to the Objection is a document that speaks for itself.  The remainder of this paragraph is denied as conclusions of law to which no response is

required.  Furthermore, simultaneously with the filing of this Response, Claimant has

filed a Motion for Leave to Amend Proof of Claim (the "Motion") seeking to correct the

amount of her Claim to $150,000 (due to a scrivener's error) and to attach necessary

supporting documentation that was inadvertently omitted.  A true and correct copy of the

Motion (with proposed Amended Proof of Claim and exhibits thereto) is attached hereto

as Exhibit "A."  Claimant requests that the Court accept the Amended Proof of Claim and

exhibits thereto, which is attached to the Motion as Exhibit "B," thereby rendering the

Debtors' Objections moot.  In the alternative only, Claimant requests that the Court hold

Debtors' Objections in abeyance until the Motion is heard and decided.  The response

date for the Motion is October 13, 2010 and the hearing date on the Motion is October

27, 2010.

      12.     Denied as conclusions of law to which no response is required.

      13.     Denied.  The Bar Date Order is a document that speaks for itself.  The

remainder of this paragraph is denied as conclusions of law to which no response is

required.

      14.     Admitted in part; denied in part.  It is admitted that Claimant received

notice of the Bar Date Order and that Claimant inadvertently omitted supporting

documentation when filing her Claim.  The remainder is denied on the basis that the Bar

Date Order is a document that speaks for itself.  Furthermore, simultaneously with the

filing of this Response, Claimant has filed a Motion for Leave to Amend Proof of Claim

(the "Motion") seeking to correct the amount of her Claim to $150,000 (due to a

scrivener's error) and to attach necessary supporting documentation that was

inadvertently omitted.  A true and correct copy of the Motion (with proposed Amended

Proof of Claim and exhibits thereto) is attached hereto as Exhibit "A." Claimant requests that the Court accept the Amended Proof of Claim and exhibits thereto, which is attached to the Motion as Exhibit "B," thereby rendering the Debtors' Objections moot. In the alternative only, Claimant requests that the Court hold Debtors' Objections in abeyance until the Motion is heard and decided. The response date for the Motion is October 13, 2010 and the hearing date on the Motion is October 27, 2010.

     15.    Denied as conclusions of law to which no response is required.

     16.    Denied. After reasonable investigation, Claimant is without knowledge or information sufficient to form a belief as to whether Debtors have compared the information in the Claim to the Debtors' schedules, and as to what Debtors may or may not believe they have confirmed. The remainder is denied as conclusions of law to which no response is required. Furthermore, simultaneously with the filing of this Response, Claimant has filed a Motion for Leave to Amend Proof of Claim (the "Motion") seeking to correct the amount of her Claim to $150,000 (due to a scrivener's error) and to attach necessary supporting documentation that was inadvertently omitted. A true and correct copy of the Motion (with proposed Amended Proof of Claim and exhibits thereto) is attached hereto as Exhibit "A." Claimant requests that the Court accept the Amended Proof of Claim and exhibits thereto, which is attached to the Motion as Exhibit "B," thereby rendering the Debtors' Objections moot. In the alternative only, Claimant requests that the Court hold Debtors' Objections in abeyance until the Motion is heard and decided. The response date for the Motion is October 13, 2010 and the hearing date on the Motion is October 27, 2010.

     17.    Denied as conclusions of law to which no response is required.

Furthermore, simultaneously with the filing of this Response, Claimant has filed a

Motion for Leave to Amend Proof of Claim (the "Motion") seeking to correct the amount

of her Claim to $150,000 (due to a scrivener's error) and to attach necessary supporting

documentation that was inadvertently omitted.  A true and correct copy of the Motion

(with proposed Amended Proof of Claim and exhibits thereto) is attached hereto as

Exhibit "A."  Claimant requests that the Court accept the Amended Proof of Claim and

exhibits thereto, which is attached to the Motion as Exhibit "B," thereby rendering the

Debtors' Objections moot.  In the alternative only, Claimant requests that the Court hold

Debtors' Objections in abeyance until the Motion is heard and decided.  The response

date for the Motion is October 13, 2010 and the hearing date on the Motion is October

27, 2010.

18.     Denied as conclusions of law to which no response is required.

19.     Denied.  After reasonable investigation, Claimant is without knowledge or

information sufficient to form a belief as to the truth of Debtors' averments.

WHEREFORE, Claimant, Joyce L. Rehorst, respectfully requests that the Court

hold this matter in abeyance until such time as the Court hears and decides Claimant's

Motion for Leave to File Amended Proof of Claim and, if Claimant's Motion is granted,

deny the Debtors' Objection as moot.

Respectfully submitted,

McCAUSLAND KEEN & BUCKMAN

Date: August 18, 2010                    By: _____

GLENN S. GITOMER
11 Broadway, Suite 715
New York, NY  10004
(212) 401-0160

Radnor Court, Suite 160
259 N. Radnor-Chester Road
Radnor, PA 19087-5257
(610) 341-1000

*Attorneys for Claimant,*
*Joyce L. Rehorst*

# EXHIBIT "A"

**HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE:  October 13, 2010 at 4:00 p.m. (Eastern Time)**

**McCAUSLAND KEEN & BUCKMAN**                          *Attorneys for Claimant,*
By:  Glenn S. Gitomer, Esquire                        Joyce L. Rehorst
11 Broadway, Suite 715
New York, NY  10004
(212) 401-0160

Radnor Court, Suite 160
259 N. Radnor-Chester Road
Radnor, PA 19087-5257
(610) 341-1000

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

## NOTICE OF HEARING ON CLAIMANT, JOYCE L. REHORST'S
## MOTION FOR LEAVE TO AMEND PROOF OF CLAIM

PLEASE TAKE NOTICE, that Claimant, Joyce L. Rehorst ("Claimant"), by her

attorneys, McCausland Keen & Buckman, upon the attached Motion for Leave to Amend

Proof of Claim ("Motion"), will move before the Honorable James M. Peck, United

States Bankruptcy Judge for the Southern District of New York, on **October 27, 2010 at**

**10:00 a.m.,** or as soon thereafter as the Claimant may be heard, in Courtroom 601 at the

United States Bankruptcy Court, One Bowling Green, New York, New York 10004-

1408, for the entry of an order granting the Motion, a copy of which is attached to the

Claimant's Motion.

PLEASE TAKE FURTHER NOTICE, that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure

and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and

(b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format

(which a hard copy delivered directly to Chambers), in accordance with General Order

M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with

General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One

Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the

Claimant, Joyce L. Rehorst, McCausland Keen & Buckman, 11 Broadway, Suite 715

New York, NY  10004 (Attn:  Glenn S. Gitomer, Esq.); (iii) attorneys for the Debtors,

Weil, Gotshal & Manges, LLP, 767 fifth Avenue, New York, New York 10153 (Attn:

Shai Waisman, Esq.); (iv) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:

Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda

Riffkin, Esq., and Tracy Hope Davis, Esq.); and (v) attorneys for the official committee

of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn:  Dennis F. Dunne,

Esq., Dennis O'Donnell, Esq., and Even Fleck, Esq.); so as to be so filed and received no

later than **October 13, 2010 at 4:00 p.m. (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that if no responses or objection to the

Motion are timely filed and served, Claimant may, on or after the Response Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order

annexed to the Motion, which order may be entered with no further notice or opportunity

to be heard offered to any party.

PLEASE TAKE FURTHER NOTICE, that the hearing on the Motion may be

adjourned from time to time without any other announcement other than as set forth in

open Court.

McCAUSLAND KEEN & BUCKMAN

Date: August 17, 2010                By: _____

GLENN S. GITOMER
11 Broadway, Suite 715
New York, NY 10004
(212) 401-0160

Radnor Court, Suite 160
259 N. Radnor-Chester Road
Radnor, PA 19087-5257
(610) 341-1000

*Attorneys for Claimant,*
*Joyce L. Rehorst*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**ORDER GRANTING CLAIMANT, DR. PETER BERMAN,
LEAVE TO FILE AMENDED PROOF OF CLAIM**

**AND NOW,** this _____ day of _____, 2010, upon

consideration of the Motion of Claimant, Joyce L. Rehorst, for Leave to Amend Proof of

Claim, it is hereby **ORDERED** that said Motion is **GRANTED**.  Claimant, Joyce L.

Rehorst is hereby granted leave to file the Amended Proof of Claim that is attached to her

Motion as Exhibit "B," within ten (10) days of the entry of this Order.  Furthermore, the

Debtors' Objection to Claimant's original Proof of Claim is hereby **OVERRULED** as

moot.

BY THE COURT:

_____

The Honorable James M. Peck
United States Bankruptcy Judge

**HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 13, 2010 at 4:00 p.m. (Eastern Time)**

**McCAUSLAND KEEN & BUCKMAN**                    *Attorneys for Claimant,*
By: Glenn S. Gitomer, Esquire                    Joyce L. Rehorst
11 Broadway, Suite 715
New York, NY  10004
(212) 401-0160

Radnor Court, Suite 160
259 N. Radnor-Chester Road
Radnor, PA 19087-5257
(610) 341-1000

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

## MOTION OF CLAIMANT, JOYCE L. REHORST,
## FOR LEAVE TO AMEND PROOF OF CLAIM

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Joyce L. Rehorst (hereinafter "Claimant"), by her attorneys, McCausland Keen &

Buckman, hereby moves the Court, pursuant to Rule 9006(b)(1) of the Federal Rules of

Bankruptcy Procedure, for leave to amend her Proof of Claim based upon the following:

1.      Claimant filed a Proof of Claim (the "Original Claim") (Claim # 31085) in

the above-referenced matter *pro se* on September 22, 2009, which was the deadline for

filing Proofs of Claim pursuant to the Bar Date Order entered by the Court.  A true and

correct copy of the Original Claim is attached hereto as Exhibit "A."

2.      In the Original Claim, Claimant indicated that the claim relates to

securities "Purchased on 9/25/2007" in an IRA account. See Original Claim at Sections 2 and 3.

3.    As a result of her *pro se* status, Claimant inadvertently omitted a more specific description of the securities in question and the supporting documentation that he had in her possession.

4.    Furthermore, due to a scrivener's error, the "Amount of Claim" on Claimant's Original Claim form was inadvertently entered as 15,000 instead of $150,000 (Claimant mistakenly set forth the quantity of 15,000 instead of the total value of $150,000). See Original Claim at Section 1.

5.    As a result of the foregoing, on July 19, 2010, the Debtors filed an Omnibus Objection to Claimant's Original Claim ("Objection"), alleging that Claimant did not provide sufficient documentation.

6.    Simultaneously with the filing of this Motion, Claimant filed a Response to Debtors' Objection, requesting that any decision on the Objection be held in abeyance until the resolution of this Motion because, if this Motion is granted, it would moot the Objection.

7.    Claimant proposes to file the Amended Proof of Claim that is attached hereto as Exhibit "B."

8.    The Amended Proof of Claim states the correct amount of claim of $150,000 and makes reference to the Lehman Brothers Principal Protected Notes purchased by Claimant for that sum.

9.    Moreover, the Amended Proof of Claim includes the necessary supporting documentation, including, Claimant's September 2007 UBS Financial Services Account

Statement showing Claimant's September 25, 2007 purchase of the Lehman Brothers

Principal Protected Notes (the "Notes") for the sum of $150,000, and Claimant's most

recent Deutsche Bank Securities Account Statement for July 2010 showing Claimant's

current holding of the Notes showing a cost basis of $150,000.

10.     Although it is admitted that the Original Claim does not specifically

comply with the Court's Bar Date Order because of the inadvertent omission of

supporting documentation, a bankruptcy court has the power to allow amendment of a

defectively filed proof of claim, even after expiration of the deadline for filing such

claims. In re Gibraltar Amusements, Ltd., 315 F.2d 210 (2d. Cir. 1963); Matter of Best

Refrigerated Exp., Inc., 192 B.R. 503 (Bankr. D. Neb. 1996); See also In re Ridgewood

Apartments of DeKalb County, Ltd., 174 B.R. 712 (Bankr. S.D. Ohio 1994) (amendment

of proof of claim allowed where amendment relates back to and merely supplements

original proof of claim and there would be no undue prejudice to debtor and other

creditors.)

11.     Furthermore, filings made by *pro se* creditors who do not understand the

bankruptcy process should be treated with a degree of latitude – in precisely the same

way that pleadings filed by *pro se* litigants are broadly construed.  In re Brooks, 370 B.R.

194, 202 (Bankr. C.D.Ill. 2007).

12.     Where a creditor seeks to amend a previously and timely filed, albeit

defective, proof of claim, the court must balance the equities to determine whether to

allow the amendment, looking to such factors as:  (1) undue prejudice to the opposing

party; (2) bad faith or dilatory behavior on the part of the claimant; (3) whether other

creditors would receive a windfall if the amendment were not allowed; (4) whether other

3

claimants might be harmed or prejudiced; and (5) the justification for the inability to file

the amended claim at the time the original claim was filed. In re Macmillan, Inc., 186

B.R. 35, 49 (Bankr. S.D.N.Y. 1995) (citing Integrated Resources, Inc. v. Ameritrust Co.

Nat. Assoc. (In re Integrated Resources, Inc.), 157 B.R. 66, 70 (S.D.N.Y. 1993).

13.    Applying the five above-referenced factors to this matter:  (1) there will be

no prejudice to the Debtors because they had notice of the Original Claim and no

distribution has yet been made to unsecured creditors and, in fact, Claimant is likely to

suffer severe prejudice in the form of a complete loss of her claim if the amendment is

not permitted; (2) there has been no bad faith or dilatory behavior on part of Claimant

since the defects with the Original Claim were the result of mere inadvertency by a *pro se*

claimant; (3) other unsecured creditors would receive a inequitable windfall if the

amendment were not allowed because Claimant's share would be redistributed to the

other creditors; (4) no other unsecured creditors will be harmed or prejudiced by the

proposed amendment since no distribution has yet been made; and (5) the defective claim

was the result of inadvertency and Claimant's *pro se* status.  As such, four, if not all five,

of the above factors weigh in favor of allowing the amendment.

14.    In fact, a court must allow a creditor to amend its proof of claim where the

creditor merely omitted supporting documentation from original claim. Matter of

Stoecker, 5 F.3d 1022 (7th Cir. 1993).

15.    Because the legal points and authorities upon which this Motion relies are

specifically stated herein, Claimant respectfully requests that the requirement of service

and filing of a separate memorandum of law pursuant to Rule 9013-1(b) of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of

New York be deemed satisfied.

16.     Claimant has provided notice of this Motion pursuant to the Amended

Order Implementing Certain Notice and Case Management Procedures entered in this

case (Dkt. No. 2837).  Claimant submits that no other or further notice need be given.

17.     No prior motion for the relief requested herein has been made to this Court

or any other court.

WHEREFORE, Claimant, Joyce L. Rehorst respectfully requests that the Court

enter the attached Order granting her Motion for Leave to File Amended Proof of Claim

and directing that Claimant file and serve her Amended Proof of Claim within ten (10)

days of the entry of such Order.

Respectfully submitted,

McCAUSLAND KEEN & BUCKMAN

Date: <u>August 17, 2010</u>                    By:_____
                                           GLENN S. GITOMER
                                           11 Broadway, Suite 715
                                           New York, NY  10004
                                           212.401.0160

                                           Radnor Court, Suite 160
                                           259 N. Radnor-Chester Road
                                           Radnor, PA 19087-5257

                                           *Attorneys for Claimant,*
                                           *Joyce L. Rehorst*

# EXHIBIT "A"

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings, Inc. | Case No. of Debtor<br>08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000031085

|||||||||||||||| (barcode)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Joyce Rehorst
2123 Fox Creek Road
Berwyn, PA 19312

Telephone number: (610) 296-0865    Email Address:

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
  (If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.    Amount of Claim as of Date Case Filed:** $ 15,000

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** Purchased on 9/25/2007
  (See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** 7961
  **3a. Debtor may have scheduled account as:** IRAFBO Joyce Rehorst DBSecurities Cu☐
    (See instruction #3a on reverse side.)

**4.    Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

Describe: _____

Value of Property: $_____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
  (See instruction #6 on reverse side.)

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Joyce Rehorst* |
|---|---|

**FOR COURT USE ONLY**

**FILED / RECEIVED**

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FROM: Jacqueline Kerlin (215)854-1544
Deutsche Bank
1735 Market Street
24
Philadelphia, PA 191037501

FedEx Revenue Barcode

TO: **Lehman Brothers Holdings Claims Pro** (212)310-8040
**Epiq Bankruptcy Solutions, LLC**
**757 Third Avenue**
**3rd Floor**
**New York, NY 10017**
Ref: 6420408061

CAD#: 1675863
SHIP DATE: 21SEP09
WEIGHT: 1 LB

SEP 22 2009

DELIVERY ADDRESS (FedEx-EDR)

TRK # 7906 8007 6896   FORM 0201

10017  -NY-US

**PRIORITY OVERNIGHT**

EWR

**TUE**
**A1**
Deliver by:
**22SEP09**



# EB OGSA

CLS092009061!

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

*Check with Brian*



P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM



MAILID *** 0004889945 ***

**** LBH CLMLTR (MERGE2,TXNUM2) 4000077564 ****

REHORST, JOYCE
2123 FOX CREEK ROAD
BERWYN, PA 19312

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

Debtor:            LEHMAN BROTHERS HOLDINGS, INC.
Case Number:       08-13555
Creditor:          REHORST, JOYCE
Date Received:     09/22/2009
Claim Number:         31085

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name,etc.**

**The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.**

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

\--------------------------------------------------------------x

In re                                          :        Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :        08-13555 (JMP)

        Debtors.                             :        (Jointly Administered)

                                               :

\--------------------------------------------------------------x

LBH OMNI 31 07-16-2010 (MERGE2,TXNUM2) 4000077564 MAIL ID *** 0030504929 *** BSIUSE: 50

REHORST, JOYCE
2123 FOX CREEK ROAD
BERWYN, PA 19312

**THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION,
PLEASE CONTACT DEBTORS' COUNSEL, AIMÉE N. BLANCHARD, ESQ., AT 214-746-7700.**

NOTICE OF HEARING ON DEBTORS' THIRTY-FIRST
OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

| CLAIM TO BE DISALLOWED & EXPUNGED | |
|---|---|
| **Creditor Name and Address:**<br>REHORST, JOYCE<br>2123 FOX CREEK ROAD<br>BERWYN, PA 19312 | **Claim Number:**    31085 |
| | **Date Filed:**    9/22/2009 |
| | **Debtor:**    08-13555 |
| | **Classification and Amount:**    **UNSECURED: $ 15,000.00** |

       PLEASE TAKE NOTICE that, on July 19, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their Thirty-First Omnibus Objection to Claims (Insufficient Documentation Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

       The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED on the ground that said claim(s) violate the Bankruptcy Court's July 2, 2009 order setting forth the procedures for filing proofs of claim in these chapter 11 cases [Docket No. 4271], as they do not include supporting documentation or an explanation as to why such documentation is unavailable. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.

       If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

       If you DO oppose the disallowance, expungement, reduction or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on August 19, 2010 (the "Response Deadline").

---

[1]    A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on September 1, 2010 to consider the Objection. The hearing will be held at 2:00 p.m. Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your claim(s) listed above under CLAIM(S) TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

If you have any questions about this notice or the Objection, please contact Debtors' counsel, Aimée N. Blanchard, Esq., at 214-746-7700. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: July 19, 2010
      New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# EXHIBIT "B"

**United States Bankruptcy Court/Southern District of New York**

**PROOF OF CLAIM**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| **Lehman Brothers Holdings, Inc.** | 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Joyce L. Rehorst
c/o Glenn S. Gitomer, Esquire
McCausland Keen & Buckman
11 Broadway, Suite 715
New York, NY 10004

Telephone number: 212.401.0160    Email Address: ggitomer@mkbattorneys.com

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 31085
(If known)

Filed on: 9/22/09

Name and address where payment should be sent (if different from above)

Joyce L. Rehorst
2123 Fox Creek Road
Berwyn, PA  19312

Telephone number: 212.401.0160    Email Address: ggitomer@mkbattorneys.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

NOTICE OF SCHEDULED CLAIM
Your Claim is scheduled by the indicated Debtor as:

1. Amount of Claim as of Date Case Filed: $ 150,000

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: _____ see attached _____
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____ 2979 _____
3a. Debtor may have scheduled account as: N/A
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other

Describe: _____

Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

Date:

8/17/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## SUMMARY OF AMENDED PROOF OF CLAIM BY JOYCE L. REHORST

Joyce L. Rehorst's claim is based on her purchase, in her Individual Retirement Account ("IRA") held with UBS Financial Services, Inc. ("UBS") (Account No. PY 95264 2B), of Lehman Brothers Principal Protected Notes ("PPNs") on September 25, 2007 at a cost of $150,000, per her UBS Account Statement for September 2007, a copy of which is attached hereto as Exhibit "A."

Joyce L. Rehorst continues to hold the Lehman Brothers PPNs as shown by her July 2010 Deutsche Bank Securities Inc. IRA Statement (Account No. 5XP-821880), a copy of which is attached hereto as Exhibit "B."

# EXHIBIT "A"

# Retirement Account

PP2C120256-X3456
5235110 - 000054

**Your Financial Advisor**
BRIAN BERNHARDT
215-496-2000/800-345-7941

UBS FINANCIAL SERVICES INC.
1000 HARBOR BOULEVARD
WEEHAWKEN, NJ 07086-6790

PP2C120256-X3456 -  0907 - PY - 0

**Account Number:** PY 95264 2B

**Account Type:** Individual Retirement Account

JOYCE L REHORST
TRADITIONAL IRA
2123  FOXCREEK  ROAD
BERWYN          PA  19312-2117

**Account Instructions**
UBS Financial Services Inc. is your custodian.

**Bulletin board**
Planning for retirement? Ask your Financial
Advisor about the numerous financial ER
strategies we offer and how they can help
you pursue the retirement you envision.
VISIT OUR WEB SITE AT WWW.UBS.COM.

## Asset allocation
This graph provides values and/or percentages by asset class. Insurance products, 529 Plans, Private Investments, accrued interest and pending return of principal are not included in the asset classification.



| | Total asset value | % of total |
|---|---|---|
| Cash * | $ 38,731.20 | 20.52 % |
| Cash alternatives | .00 | 0.00 % |
| Equities | 150,000.00 | 79.48 % |
| Fixed income | .00 | 0.00 % |
| Balanced | .00 | 0.00 % |
| Alternative strategies | .00 | 0.00 % |
| Other | .00 | 0.00 % |
| **Total** | $ **188,731.20** | **100.00 %** |

*UBS Bank deposit balances are included in the "Cash" total value, and are not protected by SIPC. See the "This month at a glance" and "Cash" sections below, and the back of the first page of this statement for details regarding those balances.

## Total value comparison
This graph includes credits, debits and changes in market value. It does not include insurance products, 529 Plans, Private investments, accrued interest and pending return of principal.

(in $ Thousands)



September 2007

Member SIPC

Page    1  of    5

September 07/ PY 95264 2B

**Account Number:** PY 95264 2B
**Your Financial Advisor**
BRIAN BERNHARDT
215-496-2000/800-345-7941

# Retirement Account

PP2C120257-X3456
5235110 - C000055

Statement Period: September 2007

## This month at a glance

| | | |
|---|---|---|
| Value on August 31 | $ | 163,384.51 |
| Value on September 28 | $ | 188,731.20 |
| Money fund and other sweep option balance in 09/28 value | $ | 38,731.20 * |

* UBS Bank deposit balances are FDIC-insured in accordance with FDIC rules, and are not protected by SIPC.

*See the back of the first page for details and information regarding deposit balances.*

## Account summary

| | | Current period | | Year-to-date |
|---|---|---|---|---|
| **Net portfolio opening value** | $ | 163,384.51 | $ | .00 |
| **Opening cash / money fund / sweep balance** | $ | 163,384.51 | $ | .00 |
| **Credits to your account** | | | | |
| No security earnings | | 97.73 | | 97.73 |
| Deposits | | 25,288.96 | | 188,673.47 |
| Total credits | $ | 25,386.69 | $ | 188,771.20 |
| **Debits to your account** | | | | |
| Miscellaneous fees and adjustments | | -40.00 | | -40.00 |
| Funds to purchase securities | | -150,000.00 | | -150,000.00 |
| Total debits | | -150,040.00 | | -150,040.00 |
| Credit/debit net change | | -124,653.31 | | 38,731.20 |
| **Closing cash / money fund / sweep balance** | $ | 38,731.20 | $ | 38,731.20 |
| **Portfolio activity** | | | | |
| Opening value of priced assets | | .00 | | .00 |
| Securities purchased | | 150,000.00 | | 150,000.00 |
| Net change in value of priced assets | $ | 150,000.00 | $ | 150,000.00 |
| Closing value of priced assets | $ | 150,000.00 | $ | 150,000.00 |
| **Net portfolio closing value as of September 28** | $ | 188,731.20 | $ | 188,731.20 |

## Investment objectives

The following return objective and risk profile(s) describe overall goals for this account. For each account held, you must provide one return objective, one primary risk profile and, if applicable, a secondary risk profile. A full description of the alternatives is included on the back of the first page. If you have questions regarding these objectives, disagree with or wish to change them, please notify your Financial Advisor or Branch Manager at your branch office, in writing or by telephone.

**Return objective:** Capital appreciation
**Risk profile:**  Primary:  Moderate
 Secondary: Aggressive/Speculative

# Retirement Account

**Account Number:** PY 95264 2B
**Your Financial Advisor**
BRIAN BERNHARDT
215-496-2000/800-345-7941

**Statement Period:** September 2007

PP2C120258-X3456
5235110 - 000056

## Contribution summary

We have categorized deductible and non-deductible contributions based on information you have provided.
To ensure accuracy, please provide the most current information.

| | Current period | Tax year 2007 | Tax year 2006 |
|---|---|---|---|
| Transfers | 25,288.96 | 188,673.47 | .00 |

## Earnings summary

Earnings are for the current calendar year. All prior year entries are summarized separately. This information should not be used for tax purposes. Refer to the disclosure on the back of the first page.

| | Current period | | Year-to-date |
|---|---|---|---|
| Interest | $ | 97.73 | 97.73 |
| Net security earnings | $ | 97.73 | $ 97.73 |

## Asset portfolio

When available, prices, income and current values may be approximate and thus gains/losses may not be accurately reflected. An asterisk (*) indicates the calculation of unrealized gains/losses based upon a UBS Financial Services adjustment to cost basis. The number "1" indicates cost basis information has been provided by a source other than UBS Financial Services. See the back of the first page for additional information. Gains/losses are not calculated for zero coupon investments. "Pending adjustment" or "P/A" indicates cost basis has not yet been allocated as a result of a spin-off or taxable exchange.

### Cash and money funds

| Description | Opening balance | Closing balance | Closing share price | Average rate | Dividend period | Days in period |
|---|---|---|---|---|---|---|
| Cash | 163,384.51 | .00 | | | | |

### UBS Bank deposits

UBS Bank deposits balances are FDIC-insured in accordance with FDIC rules, are not protected by SIPC. See the back of the first page of this statement for details and information regarding the deposit balances.
UBS Bank deposits balances are FDIC-insured in accordance with FDIC rules, are not protected by SIPC. See the back of the first page of this statement for details and information regarding the deposit balances.

| Description | Opening balance | Closing balance | Average rate | Interest period | Days in period |
|---|---|---|---|---|---|
| UBS BANK USA DEP ACCT | .00 | 38,731.20 | 4.01% | 08/07 - 09/09 | 34 |

# Retirement Account

Account Number: PY 95264 2B
Your Financial Advisor
BRIAN BERNHARDT
215-496-20000/800-345-7941

Statement Period: September 2007

PP2C120259-X3456
5235110 - 000057

## Structured products

*Structured products generally are highly illiquid. Prices are estimated values obtained from third parties, issuers, general partners or sponsors. Actual market value may vary and thus gains/losses may not be accurately reflected.
See the back of the first page for additional information.*

| Description | Quantity Face value | Price | Current value | Est. annual income | Unrealized gain/loss | Holding period |
|---|---|---|---|---|---|---|
| LB RTN OPTMZ SEC INTL INDEX BASKET 03/31/2009 Symbol: BDGTFI Exchange: OTC | 15,000.000 | 10.000 | 150,000.00 | | | ST |

NOTICE OF UBS RESEARCH: UBS provides research coverage on various companies. As a result, investors should be aware that the firm may have a conflict of interest that could affect the objectivity of this report. In addition, UBS and/or its affiliates engage in and seek to do business with companies covered in its research reports. Investors should consider this report as only a single factor in making their investment decision. UBS Research is available to customers of UBS in the United States at no cost. Customers can access this research at www.ubs.com/independentresearch or can call independent, third-party research on certain companies covered by UBS Research is available to customers of UBS in the United States at no cost. Customers can access this research at www.ubs.com/independentresearch or can call 1-877-208-5700 to request that a copy of this research be sent to them.

## Monthly activity

### Cash flow

| Date | Activity | Description | Amount |
|---|---|---|---|
| 08/31 | | Balance forward | $ 163,384.51 |
| 09/05 | CONTRIBUTION CURRENT YEAR | RETIREMENT PLAN TRANSFER | 25,288.96 |
| 09/10 | INTEREST | UBS BANK USA DEPOSIT ACCOUNT AS OF 09/07/07 | 97.73 |

| Date | Activity | Trade date | Purchase price | Cost basis |
|---|---|---|---|---|
| 09/25 | FEE CHARGE | 09/25/07 | 10.000 | 150,000.00 |

| Date | Activity | Description | Amount |
|---|---|---|---|
| 09/28 | | ANNUAL FEE | -40.00 |
| | | Funds used for security transactions | $ -150,000.00 |
| | | Proceeds from money fund/sweep trans. | $ 150,040.00 |
| | | Funds used for money fund/sweep trans. | $ -188,771.20 |
| | | Closing balance | $ .00 |

### Security transactions
*Refer to the disclosure on the back of the first page regarding the Price/Value presented for restricted securities.*

**Securities purchased**

| Date | Activity | Description | Quantity | Price / Value | Amount |
|---|---|---|---|---|---|
| 09/28 | BOUGHT | LB RTN OPTMZ SEC INTL INDEX BASKET 03/31/2009 RETURN VARIES WITH INDEX BASKET | 15,000.000 | 10.0000000 | $ 150,000.00 |
| | | **Securities purchased** | | $ | 150,000.00 |

September 07/ PY 95264 2B

# Retirement Account

Account Number: PY 95264 2B
Your Financial Advisor
BRIAN BERNHARDT
215-496-2000/800-345-7941

Statement Period: September 2007

PP2C1 20280-X3456
5235110 - 000058E

## Money funds and other sweep options

The UBS Bank USA Deposit Account is your primary sweep option.

| Date | Activity | Money fund/sweep option | Amount | | Date | Activity | Money fund/sweep option | Amount |
|------|----------|------------------------|--------|---|------|----------|------------------------|--------|
| **08/31** | | **Opening UBS Bank USA Deposit Account $** | .00 | | 09/28 | WITHDRAWAL | UBS BANK USA DEPOSIT ACCOUNT | -150,000.00 |
| 09/05 | DEPOSIT | UBS BANK USA DEPOSIT ACCOUNT | 163,384.51 | | 09/28 | | **Closing UBS Bank USA Deposit Account $** | 38,731.20 |
| 09/07 | DEPOSIT | UBS BANK USA DEPOSIT ACCOUNT | 25,288.96 | | | | Sweep option purchased/deposited $ | 188,771.20 |
| 09/10 | DEPOSIT | UBS BANK USA DEPOSIT ACCOUNT | 97.73 | | | | Sweep option sold/withdrawn $ | -150,040.00 |
| | | AS OF 09/07/07 | | | | | | |
| 09/27 | WITHDRAWAL | UBS BANK USA DEPOSIT ACCOUNT | -40.00 | | | | | |
| | | AS OF 09/26/07 | | | | | | |

## IRA beneficiary information

The IRA beneficiary information displayed below reflects the information in our records for this account as of the end of this statement period. If you believe this information is incorrect, please contact your Financial Advisor. Beneficiary changes are not effective unless made in writing and accepted by UBS. If you live in a community property state, your beneficiary designation may be subject to community property laws.

| Beneficiary name | Benefit % | Beneficiary name | Benefit % |
|------------------|-----------|------------------|-----------|
| **Primary Beneficiary 1** | | | |
| JOHN REHORST | 100.00% | | |

H

# EXHIBIT "B"

# Deutsche Bank Alex. Brown

A Division of Deutsche Bank Securities Inc.
P.O. Box 1776, Baltimore, MD 21203

**Philadelphia**
1735 Market Street, 24th Floor
Philadelphia, PA 19103
(215) 563-2300, (800) 443-7500

## Individual Retirement Account Statement

Account Number: SXP-821880
Statement Period: 07/01/2010 - 07/31/2010

IRA FBO JOYCE L REHORST
DB SECURITIES INC CUSTODIAN
DTD 12/15/08
2123 FOX CREEK ROAD
BERWYN PA 19312-2117

Your Client Advisor:
R.KENNEY/J.RANTANEN/B.BERNHARDT
(215) 854-2300



## Valuation at a Glance

| | This Period | Year-to-Date |
|---|---|---|
| Beginning Account Value | $41,570.12 | $41,568.07 |
| Adjusted Previous Account Value | 41,570.12 | 41,568.07 |
| Dividends, Interest and Other Income | 0.35 | 2.40 |
| Ending Account Value | $41,570.47 | $41,570.47 |
| Estimated Annual Income | $2.40 | |

## Asset Allocation

| | Prior Year-End | Last Period | This Period | % Allocation |
|---|---|---|---|---|
| USD Cash, Money Funds, and FDIC Deposits | 41,568.07 | 41,570.12 | 41,570.47 | 100.00% |
| **Account Total** | **$41,568.07** | **$41,570.12** | **$41,570.47** | **100.00%** |

See page 2 of this statement for important information regarding the Asset Allocation section.

Your Account is 100% invested in USD Cash, Money Funds, and FDIC Deposits.

PEA-DBAB-ROLL

AC09116ACSF20027

► ⊠ paperless
ASK ABOUT e-delivery

#1 Brokerage Statement,
2009, 2010
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC

## Asset Allocation Disclosure and Footnotes

NOTE: Unpriced securities in your account may cause the total brokerage account assets to be understated.

## Money Market Fund Detail

| Date | Activity Type | Description | Amount | Balance |
|---|---|---|---|---|
| **Sweep Money Market Fund** | | | | |
| DBAB CASH RESERVE PRIME SERIES | | | | |
| Account Number: 0000173691   Current Yield: 0.01% Activity Ending: 07/30/10 | | | | |
| 07/01/10 | Opening Balance | | 41,570.12 | 41,570.12 |
| 07/30/10 | Deposit | | 0.35 | 41,570.47 |
| 07/30/10 | Closing Balance | INCOME REINVEST | | $41,570.47 |

| **Total All Money Market Funds** | | | | $41,570.47 |

## Income and Expense Summary

| | Current Period Tax Deferred | Year-to-Date Tax Deferred |
|---|---|---|
| **Dividend Income** | | |
| Money Market | 0.35 | 2.40 |
| **Total Dividends, Interest, Income and Expenses** | $0.35 | $2.40 |

## Portfolio Holdings

**Cash, Money Funds, and FDIC Deposits**  100.000% of Portfolio

| Quantity | Opening Date | Account Number | Activity Ending | Opening Balance | Closing Balance | Accrued Income | Income This Year | 30-Day Yield | Current Yield |
|---|---|---|---|---|---|---|---|---|---|
| **Money Market** | | | | | | | | | |
| DBAB CASH RESERVE PRIME SERIES | | | | | | | | | |
| 41,570.470 | 07/01/10 | 0000173691 | 07/30/10 | 41,570.12 | 41,570.47 | 0.01 | 2.40 | 0.01% | 0.01% |
| **Total Money Market** | | | $41,570.12 | $41,570.47 | $0.01 | $2.40 | | |
| **Total Cash, Money Funds, and FDIC Deposits** | | | $41,570.12 | $41,570.47 | $0.01 | $2.40 | | |

Account Number: SXP-821880
IRA FBO JOYCE L REHORST

PER-DBAA-HOLL

A0091364GSF30027

83 paperless
Ask about e-delivery

41 Brokerage Statement.
2006, 2010 LTD
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC

**Deutsche Bank Alex. Brown**
A Division of Deutsche Bank Securities Inc.
P.O. Box 1776, Baltimore, MD 21203

*Individual Retirement*
*Account Statement*

**Philadelphia**
1735 Market Street, 24th Floor
Philadelphia, PA 19103
(215) 563-2300, (800) 443-7500

Statement Period: 07/01/2010 - 07/31/2010

## Portfolio Holdings *(continued)*

| Quantity | Acquisition Date | Unit Cost | Cost Basis | Market Price | Market Value | Unrealized Gain/Loss | Accrued Interest | Estimated Annual Income | Estimated Yield |
|---|---|---|---|---|---|---|---|---|---|
| **Equities 0.00% of Portfolio** | | | | | | | | | |
| **Preferred Stocks** *(Listed by expiration date)* | | | | | | | | | |
| 3 LEHMAN BROS HLDGS INC RETURN ENHANCED | | | | | | | | | |
| NT LKD INTL BSKT MAT 3/31/09 | | *Security Identifier:52522L236* | | | | | | | |
| 15,000.000 | 09/26/07 | 10.0000 | 150,000.00 | N/A | $0.00 | $0.00 | | $0.00 | |
| Dividend Option: Cash | | | | | | | | | |
| **Total Preferred Stocks** | | | 150,000.00 | | $0.00 | $0.00 | | $0.00 | |
| **Total Equities** | | | **$150,000.00** | | **$0.00** | **$0.00** | | **$0.00** | |

## Total Portfolio Holdings

| | Cost Basis | Market Value | Unrealized Gain/Loss | Accrued Interest | Estimated Annual Income |
|---|---|---|---|---|---|
| **Total Portfolio Holdings** | **$191,570.47** | **$41,570.47** | **$0.00** | **$0.00** | **$2.40** |

## Messages

**Although a money market mutual fund seeks to preserve the value of your investment at $1.00 per share, it is possible to lose money by investing in a money market mutual fund . Please see the money market mutual fund's prospectus or contact your investment professional for additional information.**

To: Clients who have selected the Deutsche Bank Alex. Brown Insured Deposit Program for Sweep Program investments

Changes in Program Banks have taken place which require your attention.

Please review the Insured Deposit Program documents at www.alexbrown.db.com (where you should click on "Legal Resources" at the bottom of the page and select the link to "DBAB Insured Deposit Program") with particular attention to the List of Program Banks.

You should advise us of Program Banks with whom you carry deposit accounts outside of the Insured Deposit Program, instructing us to exclude them from accepting deposits for your account in the Program, in

### Footnotes
3 The cost basis of securities positions acquired prior to the availability of the PORTFOLIO EVALUATION SERVICE for this account, or delivered into this account, has been provided to PERSHING by your financial institution, and we make no representation as to the accuracy of such cost basis.
5 Unrealized gains and losses are not reported for securities for which cost basis or market value is not available.

Account Number: 5XP-821880
IRA FBO JOYCE L REHORST

go paperless
Ask about e-delivery

Page 3 of 5

A099334CDF2A027

PER-DBAB-ROLL

at Brokerage Statement,
2009, 2010
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC

# Messages *(continued)*

order to maintain the maximum protection under terms of FDIC coverage.

ADV PART II IS AVAILABLE UPON REQUEST TO YOUR DEUTSCHE BANK SECURITIES INC. CLIENT ADVISOR.

For any position noted as a restricted security, the Market Price reflected is the market price for the unrestricted and freely tradeable security. An investor holding a restricted security may not be able to sell that security at the price indicated, if at all.

# Transactions by Type of Activity

| Process/ Settlement Date | Activity Type | Description | Quantity | Price | Accrued Interest | Amount | CCY |
|---|---|---|---|---|---|---|---|
| Dividends and Interest 07/30/10 | MONEY MARKET FUND INCOME RECEIVED | DBAB CASH RESERVE | | | | 0.35 | USD |
| Total Dividends and Interest - UNITED STATES DOLLAR | | | | | 0.00 | 0.35 | |

## Total Value of All Transactions

| | | | | | 0.00 | 0.35 | |
|---|---|---|---|---|---|---|---|

The price and quantity displayed may have been rounded.

# Customer Service Information

| Your Client Advisor: GG6 | Contact Information |
|---|---|
| RKENNEY/I.RANTANEN/B.BERNHARDT | Telephone Number: (215) 854-2300 |
| 1735 MARKET STREET | Fax Number: (215) 854-1583 |
| 24TH FLOOR | |
| PHILADELPHIA  ·  PA 19103 | |

Prior Year-End Fair Market Value: $41,568.07 will be furnished to the Internal Revenue Service.

# Important Information and Disclosures

**Pricing**

Securities prices may vary from actual liquidation value. Prices shown should only be used as a general guide to portfolio value. Prices are received from various pricing services. However, pricing services are sometimes unable to provide timely information. Where pricing sources are not readily available, particularly on certain debt securities, estimated prices may be generated by a matrix system taking various factors into consideration. The pricing of listed options takes into account the last closing price, as well as the current bid and offer prices. Where securities have not been priced, such securities have not been included in the Asset Allocation information at the beginning of this statement.

The Estimated Price as of Date only appears when the price date does not equal the statement date.

**Reinvestment**

The dollar amount of Mutual Fund distributions, Money Market Fund dividend income, Bank Deposit interest income, or dividends for other securities shown on your Statement may have been reinvested. You will not receive confirmation of these reinvestments. However, information pertaining to these transactions which would otherwise appear on confirmations, including the time of execution and the name of the person from whom your security was purchased, will be furnished to you upon written request to your introducing firm. In dividend reinvestment transactions, Pershing acts as your agent and receives payment for order flow, the source and nature of which payment will be furnished to you upon written request to your introducing firm.

AE005154CSP10027

PER-ORAB-ROLL

Account Number: 5XP-821880
IRA FBO JOYCE L REHORST


GO paperless
Ask about e-delivery

all Brokerage Statement:
2009, 2010
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC

**Deutsche Bank Alex. Brown**
A Division of Deutsche Bank Securities Inc.
P.O. Box 1776, Baltimore, MD 21203

**Philadelphia**
1735 Market Street, 24th Floor
Philadelphia, PA 19103
(215) 563-2300, (800) 443-7500

*Individual Retirement*
*Account Statement*

Statement Period: 07/01/2010 - 07/31/2010

## Important Information and Disclosures *(continued)*

**Options**
Information with respect to commissions and other charges incurred in connection with the execution of option transactions has been included in confirmations previously furnished to you. A summary of this information is available to you promptly upon your written request directed to your introducing firm. In order to assist your introducing firm in maintaining current background and financial information concerning your option accounts, please promptly advise them in writing of any material change in your investment objectives or financial situation. Expiring options which are valuable are exercised automatically pursuant to the exercise by exception procedure of the Options Clearing Corporation. Additional information regarding this procedure is available upon written request to your introducing firm.

**Proxy Vote**
Securities held by you on margin (securities not fully paid by or by you) may be lent by Pershing to itself or others in accordance with the terms outlined in the Margin Agreement. The right to vote your shares held on margin will be reduced by the amount of shares on loan. The Proxy Voting Instruction Form sent to you may reflect a smaller number of shares entitled to vote than the number of shares in your margin account.

**Foreign Currency Transactions**
Pershing may execute foreign currency transactions as principal for your account. Pershing may automatically convert foreign currency to or from U.S. dollars for dividends and similar corporate action transactions unless you instruct your financial organization otherwise. Pershing's currency conversion rate will not exceed the highest interbank conversion rate identified from customary banking sources on the conversion date or the prior business day, increased by up to 1%, unless a particular rate is required by applicable law. Your financial organization may also increase the currency conversion rate. This conversion rate may differ from rates in effect on the date you executed a transaction, incurred a charge, or received a credit. Transactions converted by agents (such as depositories) will be billed at the rates such agents use.

A00931164CSP26027

PER-DEAN-ROLL

Account Number: 5XP-821880
IRA FBO JOYCE L REHORST


**go paperless**
Ask about e-delivery

4:3 Brokerage Statement,
2009, 2010
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC