UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                              :

In re                                            :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.,*  :          08-13555 (JMP)

                  Debtors.                      :          (Jointly Administered)
                                              :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND
RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AUTHORIZING LBHI TO AMEND PARTICIPATION AGREEMENTS AND TO
PURCHASE PARTICIPATION INTERESTS RELATED THERETO**

Upon the motion, dated July 28, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc., as debtor in possession ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing LBHI to provide interim financing to the Project up to an aggregate amount of $32 million by amending the LBHI Participation Agreement and purchasing the Participation Interests, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second

---

[1] Capitalized terms used, but not defined herein shall have the meaning ascribed to such term in the Motion.

amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are denied and overruled on the merits with prejudice; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized and empowered, but not directed, to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to amended the Amended LBHI Participation Agreement to provide for the purchase, by LBHI, of Additional Participation Interests up to an aggregate amount of $32 million, and LBHI is authorized and empowered, but not directed, to purchase such Additional Participation Interests, up to an aggregate amount of $32 million, thereunder; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or, except as otherwise expressly provided in the Motion, that the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any

applicable nonbankruptcy law, including against each other or third parties, and the Debtors are herby authorized and directed to execute such further documents to evidence these reservations; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: August 18, 2010
New York, New York

                                       _/s/ James M. Peck_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE