UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
:
In re                                                          :          Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*     :          08-13555 (JMP)
                                                               :
                     Debtors.                             :          (Jointly Administered)
                                                               :
---------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE GRANTING AUTHORITY TO LCPI TO (I) CONSENT TO ITS NON-DEBTOR AFFILIATE LEHMAN ALI, INC.'S (A) ENTRY INTO PLAN SUPPORT AGREEMENT RELATED TO RESTRUCTURING OF INNKEEPERS USA TRUST AND (B) CONSUMMATION OF THE TRANSACTIONS SET FORTH IN THE PLAN TERM SHEET AND (II) PROVIDE FUNDS TO SOLAR FINANCE INC., A NON-DEBTOR AFFILIATE, TO PROVIDE DEBTOR-IN-POSSESSION FINANCING

Upon the motion, dated July 27, 2010 (the "Motion"), of Lehman Commercial Paper Inc. ("LCPI"), as debtor in possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing LCPI to (I) consent to Lehman ALI, Inc.'s ("ALI"), a non-Debtor affiliate of LCPI, (A) entry into a plan support agreement related to the proposed restructuring of Innkeepers USA Trust (together with its affiliates, "Innkeepers") and (B) consummation of the transactions set forth in the plan term sheet attached thereto and (II) provide funds to Solar Finance Inc., its non-Debtor affiliate for the purposes of extending debtor in possession financing to Innkeepers (the "DIP Facility"), all as more fully described in the Motion (the "Transaction"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI's entry into the Plan Support Agreement and consummation of the transactions contemplated thereby; and it is further

ORDERED that ALI is authorized and empowered to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to enter into the Plan Support Agreement, the Plan Term Sheet, and all other related documents; and it is further

ORDERED that ALI (or its affiliate designee) is authorized and empowered to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to consummate the transactions set forth in the Plan Support Agreement, Plan Term Sheet and all other related agreements, which include the conversion of debt to equity (the "New Equity") and the sale of 50% of the New Equity for a price not less than $107.5 million; and it is further

ORDERED that LCPI is authorized and empowered to loan up to approximately $17.5 million to LCPI's non-Debtor affiliate Solar Finance Inc. for the purposes of Solar Finance Inc. extending the DIP Facility; and it is further

ORDERED that no further Court approval shall be required in connection with any modification of the terms and conditions of the Transaction so long as (a) the Transaction includes a conversion of debt to New Equity and the sale of 50% of the New Equity for a price not less than $107.5 million, (b) the amount advanced by LCPI for the purposes of Solar Finance Inc. extending the DIP Facility does not exceed $17.5 million, and (c) the Debtors have obtained the approval of the Official Committee of Unsecured Creditors to such modifications; and it is further

ORDERED that the automatic stay in LCPI's chapter 11 case is modified to the extent necessary to permit Innkeepers, ALI (or its affiliate designee), and LCPI to take any or all of the actions permitted by the terms and conditions of the Plan Support Agreement, Plan Term Sheet, DIP Facility and all related agreements; and it is further

ORDERED that this Order shall not be deemed to modify or amend any terms and conditions of the Plan Support Agreement, Plan Term Sheet, DIP Facility and all related documents; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that nothing contained in the Motion or this Order shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LCPI, or any of the Debtors or their non-debtor affiliates, that any of the Debtors or non-debtor affiliates may have or choose to assert on behalf of their respective estates under any

3

provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other or third parties.  It is further ordered that the parties are authorized to execute such further documentation necessary to reflect this reservation of rights; and it is further

ORDERED that Debtors are authorized to comply with each provision of the Plan Support Agreement; and it is further

ORDERED that this Court shall retain jurisdiction over this order, but that the Bankruptcy Court presiding over the chapter 11 cases of Innkeepers and not this Court shall have exclusive jurisdiction with respect to any matter under or arising out of or in connection with the Plan Support Agreement or the Transaction (as defined in the Plan Support Agreement) contemplated therein.

Dated: August 18, 2010
       New York, New York

                                       _/s/ James M. Peck_____
                                       HONORABLE JAMES M. PECK
                                       UNITED STATES BANKRUPTCY JUDGE