**Hearing Date and Time: September 1, 2010 at 2:00 p.m.**

Jeff J. Friedman
Merritt A. Pardini
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for RBC Capital Markets Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS, INC., | : | (Jointly Administered) |
| et al., | | |
| | : | |
| Debtors. | | |

------------------------------------------------------------x

**RESPONSE OF RBC CAPITAL MARKETS CORPORATION
TO DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION
TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

RBC Capital Markets Corporation ("RBC"), through its undersigned counsel, hereby responds to the Debtors Twenty-Ninth Omnibus Objection to Claims (No Blocking Number LPS Claims) (the "Objection")[1] and respectfully states as follows:

**Background**

1. On October 29, 2009, RBC timely filed with Epiq Bankruptcy Solutions LLC, the Debtors' claims agent, a proof of claim in the amount of $300,000.00 in connection with one of the Lehman Program Securities (Lehman Brothers Treasury Euro Medium Term Note, ISIN XS0350109475) which was assigned proof of claim number 56598 (the "Proof of Claim"). The

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Objection.

1

84467261_1

Proof of Claim was filed on the standard proof of claim form approved by this Court in the Bar Date Order and, erroneously, not on the form developed for Program Securities claims. A copy of the Proof of Claim is attached as <u>Exhibit "1"</u> hereto. Pursuant to the Objection, the Debtors objected to the Proof of Claim because it failed to include a "blocking number" on the form.

2. The need to file this claim was brought to the attention of an individual employed by RBC by the Bank of New York Mellon ("<u>BNY</u>"). This employee was in RBC's Minneapolis office and was not otherwise involved in the claim process in these cases on behalf of RBC which was generally overseen by RBC's offices in Toronto and New York. The RBC employee completing the Proof of Claim was not aware that there was a special claim form developed for Lehman Program Securities Claims that was different from the claim form approved by the Bar Date Order. RBC attempted in good faith to comply with the requirements for a Lehman Program Securities claim and, in fact, obtained a blocking number supplied to it by BNY prior to the filing of the Proof of Claim. Thus, while RBC did timely obtain a Euroclear blocking number (6059233), it inadvertently recited on the Proof of Claim a different Euroclear number (a/c 11187) which is a Euroclear account number (the "<u>11187 Number</u>"). Both numbers were provided to RBC in a single email from BNY, one listed immediately below the other. RBC's recitation of the 11187 Number on the Proof of Claim instead of the blocking number seems to be the result of a clerical error or misunderstanding on the part of the RBC employee that prepared the Proof of Claim.

3. The Debtors now seek to expunge the Proof of Claim solely because that blocking number is not specifically set forth on the Proof of Claim. <u>See</u> Objection at ¶ 14.

2

## Response

### A. RBC's Omission Was Harmless Error

4. The Objection is not premised upon RBC's use of the wrong claim form,[2] but solely on the lack of a blocking number. See Objection at ¶ 14. While the RBC employee was advised by BNY of the need to include a blocking number (and was unaware that an account number was needed or that there was a special form), he inadvertently wrote the 11187 Number on the claim form instead of the blocking number. RBC's accidental use of the 11187 Number rather than the blocking number should be excused because RBC attempted in good faith to comply with the requirements for filing a Program Securities claim, timely obtained a blocking number, and because there has been no harm or other prejudice to any party.

5. The Objection makes clear that the purpose of requiring claimants to obtain a blocking number is to confirm the ownership and amount of a particular security and to avoid duplicative distributions to creditors. See Objection at ¶ 10. Those goals have not been disturbed here. RBC's failure to set forth the blocking number has not caused confusion over ownership of the security in question and there has been no distribution to creditors in these cases. Rather, because RBC obtained a blocking number, this Court is faced with a technical objection where the remedy sought – expungement – is utterly disproportional to the harm. While completed on the standard proof of claim form for the Debtors' cases, the Proof of Claim was still filed before the November 2, 2009 bar date applicable to Lehman Program Securities and contains the same relevant information as the Securities Programs Proof of Claim form (name of debtor, name of claimant, address, claim amount, ISIN, a Euroclear account number,

---

[2] Use of the incorrect claim form should not serve as a basis to expunge the Proof of Claim because the Securities Program Bar Date Notice makes clear that a claimant need only use a form that "conform[s] substantially" with the Securities Programs Proof of Claim. As detailed herein, RBC's Proof of Claim contained the information required on the Securities Programs Proof of Claim except for the Blocking Number.

3

84467261_1

signature, etc.). The only piece of information missing from the Proof of Claim is the blocking number. Because RBC did obtain a blocking number, the Debtors' concerns over ownership and claim duplication have been alleviated. Thus, any error on RBC's part has been truly harmless. See In re Gracey, 79 B.R. 597, 601-02 (Bankr. E.D. Pa. 1987) (holding that proof of claim that did not contain penalty language and incorrectly identified the location of secured property was harmless error where correct information was located elsewhere in the claim).

6. The Bankruptcy Rules make clear that an executed proof of claim filed in accordance with the Bankruptcy Rules is prima facie evidence of the validity of the claim. Fed. R. Bankr. P. 3001(f). There can be little doubt that RBC satisfied the requirements of the Bankruptcy Rules as the Proof of Claim is signed, timely-filed and details the nature of the claim and the amount sought. At the very least, RBC's inclusion of the 11187 Number rather than the blocking number is analogous to a proof of claim that contains insufficient documentation or lacks some other piece of information. As stated by one court:

> If the documentation is missing, the creditor cannot rest on the proof of claim. It does not follow that he is forever barred from establishing the claim. Nothing in the principles or practicalities of bankruptcy or in the language of any rule or statute justifies so disproportionate a sanction for a harmless error. . . . A creditor should therefore be allowed to amend his incomplete proof of claim . . . to comply with the requirements of Rule 3001, provided that other creditors are not harmed by the belated completion of the filing.

In re Stoecker, 5 F.3d 1022, 1028 (7th Cir. 1993) (citations omitted). As stated above, neither the Debtors nor any other party has been (or will be) harmed or prejudiced here. Completely expunging the Proof of Claim is simply not warranted here. Moreover, RBC is in the process of filing an amended proof of claim on the correct form that includes the blocking number.

B. **Alternatively, The Proof of Claim Qualifies as an Informal Proof of Claim**

7. Even absent this harmless error, however, the Proof of Claim should still survive as a cognizable informal proof of claim because sufficient information was timely provided to the Debtors to put them on notice as to RBC's claim. See, e.g., In re Drexel Burnham Lambert Group, Inc., 129 B.R. 22, 26 (Bankr. S.D.N.Y. 1991) (informal proof of claim "must state an explicit demand showing: 1) the nature of the claim; 2) the amount of the claim against the estate; and 3) evidence of an intent to hold the debtor liable."). The fundamental requirement of a proof of claim is to put a debtor on notice by a certain date that a particular claimant has a claim against it and to provide general information about that claim. In re Hanscom Retail Foods, Inc., 96 B.R. 33, 36 (Bankr. E.D. Pa.1988) ("Since the purpose of a proof of claim is for the creditor to put the estate on notice of its demand against the estate and its intention to hold the estate liable [citation omitted], this purpose is met so long as the nature of the claim . . . is clearly and timely announced."); In re Guidry, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005) (stating that "a proof of claim . . . is simply 'a written statement setting forth a creditor's claim,' conforming substantially to the appropriate Official Form."). See also, In re American Classic Voyages Co., 405 F.3d 127, 132 (3d Cir. 2005) ("In order to constitute an informal proof of claim, the alleged demand must be sufficient to put the debtor and/or the court on notice as to 'the existence, nature and amount of the claim (if ascertainable).'") citing In re Charter Co., 876 F.2d 861, 863 (11th Cir.1989); In re Anderson-Walker Indus., Inc., 798 F.2d 1285, 1288 (9th Cir. 1986) (allowing informal proof of claim where letter "unambiguously states the existence and amount of the debt, that the Debtor owed this sum to [the creditor], and that it had not been paid.").

84467261_1

8. Here, the Proof of Claim clearly satisfies the requirements for an informal proof of claim. Even without the blocking number, the Debtors have been provided with an explicit demand placing them on notice and detailing for them the nature of the claim (i.e., the specific ISIN related to the securities issue), the amount of the claim and RBC's intent to hold the Debtors liable. Moreover, the Debtors cannot contend that they were unaware of the basis and amount of the claim. The Debtors are fully aware of the extent of the Lehman Program Securities (having created the detailed list on the Epiq website) and their only concern seems to be claimant identity and preventing duplicative distributions – neither of which is at issue here since a blocking number was, in fact, timely obtained.

9. RBC will file an amended proof of claim on the correct form setting forth the blocking number, and believes that amendment should be treated as any minor amendment to a timely filed proof of claim. Even if the amendment is considered a late-filed proof of claim, however, the minor errors due to confusion on the part of the RBC employee who prepared the claim should constitute excusable neglect under Rule 9006(b)(1) of the Bankruptcy Rules in light of the lack of any prejudice or harm to the Debtors' estate or their creditors. See, e.g., Pioneer Investment Services Co. v. Brunswick Associates LP, 507 U.S. 380, 395 (1993) (holding that determination of whether neglect is excusable for purposes of allowing a late-filed claim is an equitable one taking into account all relevant factors including danger of prejudice to the debtor, length of the delay and impact on judicial proceedings, the reason for the delay including whether it was in the control of the claimant, and whether the claimant acted in good faith). Here, RBC's employee attempted in good faith to comply with the proof of claim requirements but simply made a clerical error in listing the 11187 Number from the BNY email when he thought he was listing the blocking number. There has been no prejudice to the Debtors or other

84467261_1

parties as these claims were known to the Debtors and concerns of claimant identity and duplicative distributions have been alleviated because a blocking number was timely obtained with respect to the security in question. Considerations of equity clearly favor RBC and do not warrant a remedy as harsh as expungement of the Proof of Claim.

WHEREFORE, RBC respectfully requests that the Court deny the Objection as it relates to the Proof of Claim and grant such other and further relief as is just and proper.

Dated: August 19, 2010

Katten Muchin Rosenman LLP

By: /s/ Jeff J. Friedman
Jeff J. Friedman
Merritt A. Pardini
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for RBC Capital Markets Corporation*

# EXHIBIT 1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000056598 |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

RBC Capital Markets Corporation
510 Marquette Ave S - M10
Minneapolis Mn 55402
Telephone number: 612-607-8529  Email Address: steve.schafer@rbc.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

Eurodear Number:
a/c 11187

**Name and address where payment should be sent (if different from above)**

Telephone number: _____  Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 300,000.00
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Lehman Brothers Treasury Euro Medium Term Note
   ISIN: XS0350104475
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe: _____
   Value of Property: $_____  Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____  Basis for perfection: _____
   Amount of Secured Claim: $_____  Amount Unsecured: $ 300,000.00

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**
   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

Date: 10/21/09
**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Steve Schafer, Operations Associate

**FOR COURT USE ONLY**

FILED / RECEIVED
OCT 29 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

