WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                  :

**In re:**                               :     **Chapter 11 Case No.**

                                  :

**LEHMAN BROTHERS HOLDINGS INC., et al.**  :     **08-13555 (JMP)**

                                  :

                 **Debtors.**       :     **(Jointly Administered)**

                                  :

-------------------------------------------------------------------x

**OBJECTION TO MOTION OF GLG CREDIT FUND TO**
**PERMIT IT TO FILE A LATE PROOF OF CLAIM PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Special Financing Inc. ("<u>LBSF</u>") and its affiliated debtors as

debtors and as debtors in possession, (the "<u>Debtors</u>" and, collectively with their non-debtor

affiliates, "<u>Lehman</u>"), respectfully submit this response in opposition (the "<u>Objection</u>") to the

motion, dated June 14, 2010 (the "<u>Motion</u>"), of GLG Credit Fund (the "<u>Movant</u>") for an order

permitting the Movant to file a late proof of claim pursuant to Bankruptcy Rule 9006(b)(1), and

respectfully represent:

<u>**PRELIMINARY STATEMENT**</u>[1]

1.     Ignoring the decision of this Court in the Debtors' chapter 11 cases directly addressing the Movant's request, the Movant seeks to have its late filed claim deemed timely filed by asserting excusable neglect on two grounds that have already been denied in these cases: (i) the Movant did not become aware of its claim until after the Bar Date and (ii) an oversight within the control of the Movant caused the Movant to fail to timely file the claim.

2.     The Movant asserts that the reason that it failed to timely file the claim that is the subject of the Motion (the "<u>Claim</u>") is that due to differing accounting practices between the Movant and Lehman, the Movant was not aware that LBSF was holding its cash collateral.  The Movant's argument must fail because the Movant was provided more than once with actual notice that LBSF was holding its collateral: *first,* prior to the Commencement Date, Lehman provided to the Movant an account statement titled "Interest Accrual on Cash Collateral" indicating that LBSF was holding funds of the Movant, and *second*, LBSF (a) included an executory contract with the Movant on Schedule G of its Schedules of Liabilities (the "<u>Schedules</u>"), which contract was described on the Schedules as a "Derivatives Master Account" in which the cash collateral was held, and (b) provided the Movant notice that its contract was included on the Schedules in an individualized proof of claim form that included a reference to the Schedules.  The failure to timely file the proof of claim in accordance with the Bar Date Order served on the Movant was a result of plain oversight on the Movant's part and was caused by an error entirely with in the Movant's control.

3.     Prior to the Commencement Date, the Movant's fund manager, GLG Partners LP, and its related funds, were one of Lehman's largest prime brokerage clients and

---

[1] Capitalized terms used but not defined in this section shall have the meanings set forth below in this Objection.

were party to a "Superprime Agreement" pursuant to which Lehman provided the Movant with additional services beyond those provided to typical clients. Part of the Movant's excuse for its failure to determine that it had a claim against LBSF prior to the Bar Date is that as a result of such comprehensive relationship with Lehman, it was unaware of the location of its collateral with in Lehman. This conclusion turns logic on its head. It is precisely *because* of the special and multifaceted nature of the relationship and access to information that the Movant should have known or accurately tracked the location of its collateral within Lehman. Moreover, the Movant states that GLG Partners LP, the Movant's fund manager, "is a member of the Creditors' Committee in the LBIE proceeding and has been working closely with LBIE in that matter," which evidences the Movant's active participation in the insolvency proceedings of LBIE, the Movant's access to information from Lehman, and that the Movant had the incentive and ability to determine the location of its collateral within Lehman. The Bar Date in LBSF's case occurred more than one year after the commencement of LBHI's chapter 11 proceeding. The Movant had ample time and access to relevant information to determine the claims that it held against the various Lehman entities. The Movant is a sophisticated party that failed to conduct the proper diligence on its claims.

4.      In accordance with the Bar Date Order,[2] the Debtors provided actual notice of the deadline to file proofs of claim (the "Bar Date Notice") against the Debtors to, among others, all parties known to the Debtors as having potential claims against the Debtors' estates, including the Movant. The Bar Date Notice was actually served on the Movant at least

---

[2] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, entered on July 2, 2009 [Docket No. 4271] (the "Bar Date Order")

seventy-one (71) days prior to the Bar Date.  The Movant does not dispute that it received the Bar Date Notice.

5.     The Movant's errors and omissions in timely filing the Claim falls far short of the level of "excusable" neglect required by Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and recognized by courts in the Second Circuit. Accordingly, the Motion should be denied and the Claim disallowed as untimely filed and expunged.

## <u>BACKGROUND</u>

6.     Commencing on September 15, 2008 (the "<u>Commencement Date</u>") and periodically thereafter, as applicable, Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  LBSF commenced a voluntary case under chapter 11 of the Bankruptcy Code on October 3, 2010.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

8.    By order dated July 2, 2009 (the "Bar Date Order"), the Court established September 22, 2009 at 5:00 p.m. as the deadline (the "Bar Date") for filing proofs of claim based on pre-petition claims against any of the Debtors in these chapter 11 cases.

## ARGUMENT

### The Motion Should Be Denied Because the Movant
### Failed to File the Claims Due to Its Own Error and Matters
### Entirely Within Its Control and Cannot Demonstrate Excusable Neglect

9.    The Bankruptcy Rules direct a bankruptcy court to establish bar dates in chapter 11 cases. Bankruptcy Rule 3003(c)(3) requires that the bankruptcy court "fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Given the critical importance of the bar date to the successful administration of a chapter 11 case, requests for extensions of time to file proofs of claim are "strictly scrutinized" by courts. *Florida Dept. of Ins. v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 148 B.R. 1002, 1005 (S.D.N.Y. 1993).

> 'The setting of a bar date is an important event in Chapter 11 cases. The bar order by forcing creditors to make known their claims against the estate, enables the bankruptcy judge to tally up the debtor's assets and liabilities so that a reorganization plan can be developed.' Thus, it may be said that harm to creditors who have acted in reliance on the certainty of a firm bar date is precisely the reason why an [sic] motion to extend the bar date must be strictly scrutinized and may be granted only if excusable neglect is found in 'extraordinary circumstances.'

*Id.* (quoting *Hooker Investments, Inc.*, 122 B.R. 659, 664 (S.D.N.Y. 1991), *appeal denied*, 937 F.2d 833 (2d Cir. 1991)). Bankruptcy Rule 9006(b) vests the decision to extend the bar date "squarely within the discretion of the bankruptcy judge." *Id.* at 1008.

10.    Bankruptcy Rule 9006(b)(1) provides that "on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The Supreme Court, in

interpreting the term "excusable neglect," has held that the term "neglect" in its ordinary sense means "to give little attention or respect to a matter, or . . . to leave undone or unattended to esp[ecially] through carelessness . . . and encompasses both simple, faultless omissions to act and more commonly, omissions caused by carelessness." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993). The determination of whether a claimant's neglect of a deadline is *excusable*, according to the *Pioneer* Court, however, is an equitable determination in which a court should consider all relevant circumstances surrounding the claimant's omission, including: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

11.      In applying the *Pioneer* factors to determine whether a late-filed proof of claim was the result of "excusable neglect," the Second Circuit has taken a "hard line" approach that does not give the four factors equal weight but rather focuses on the third *Pioneer* factor— the reason for the delay in filing, including whether the cause of such delay was within the reasonable control of the movant—as the most critical. *In re Enron Corp.*, 419 F.3d 115, 122-24 (2d Cir. 2005). The Second Circuit has noted that the reason for this approach is that the other factors delineated in *Pioneer* – prejudice, length of delay and impact on judicial proceedings, and the movant's good faith – will typically weigh in favor of the movant, and the court will therefore focus on the reason for the delay in filing. *Id*. at 122 (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003).

12.      This Court has followed the Second Circuit's "hard line" approach in applying the *Pioneer* factors in deciding nine prior motions in this case. Only on two occasions, where "creditors consciously endeavored to comply with the bar date and established that their

delay was the result of justifiable confusion over the application of the bar date to their particular claims," did this Court find the existence of excusable neglect. *In re Lehman Brothers Holdings Inc.*, 53 Bankr. Ct. Dec. at 29 (Bankr. S.D.N.Y. 2010). With respect to all other motions filed in this case seeking to have late filed claims deemed timely pursuant to Bankruptcy Rule 9006(b), this Court found that the delay in filing the late claims was within the control of the various movants and that "reasons offered by the Movants demonstrate a lack of care or thoughtful attention to the preparation and filing of their proofs of claim." *Id.* The Movant does not allege confusion regarding the application of the Bar Date Order. Therefore the Court should follow its prior decision and deny the Motion which alleges facts that evidence nothing more than mere "neglect" on the part of the Movant in failing to timely file the Claim.

13. The *Pioneer* factors, particularly the reason for the Movant's delay in filing the Claim, the prejudice to the Debtor and the length of the delay, weigh in favor of the Debtors.

Failure to Timely File Due to An Error Entirely Within
<u>The Movant's Control is Not Excusable Neglect in the Second Circuit</u>

14. While the Supreme Court in *Pioneer* recognized that courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," *Pioneer*, 507 U.S. at 388, 391, the Second Circuit has applied a strict standard in determining whether inadvertence or mistake amounts to excusable neglect, noting that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule, and … where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." *In re Enron Corp.*, 419 F.3d at 123, 126 (internal quotations omitted) (affirming bankruptcy court's ruling that failure to timely file a proof of claim

"result[ing] solely from inadvertence" attributed to movant and its counsel being so heavily focused upon and involved in negotiations regarding other matters of the case was not sufficient reason to support a motion to extend the bar date).

15.     In its application of the *Pioneer* factors, this Court stated that "creditors must bear the responsibility for investigating and performing reasonable diligence to identify the claims that they may have against debtors in bankruptcy." *In re Lehman Brothers Holdings Inc.*, 53 Bankr. Ct. Dec. at 29 (the motions of Santa Fe Partners LLC and CVI GVF (Lux) Master S.a.r.l. which asserted that such parties were not aware of a purported guarantee issued by LBHI until after the Bar Date, were denied).  In addition, this Court found that excusable neglect did not exist where, like the Movant, a creditor held a claim against both LBIE and LBHI, but incorrectly believed that it held a claim only against LBIE.  *Id.*  at 20. (Tensor Opportunity Limited ("Tensor") was a party to a contract with LBIE that was purportedly guaranteed by LBHI.  In denying Tensor's motion, this Court held that "because this error was in the control of counsel for Tensor, Tensor has failed to demonstrate that the late filings should be allowed").

16.     The reason for the delay in filing the Claim asserted by the Movant is conclusively refuted by the fact that the Movant had received actual notice of the Bar Date and actual notice that LBSF was holding its collateral.  The Bar Date Notice was served on the Movant on July 8, 2009.  The relevant pages of the affidavit of service demonstrating that the Movant was served with notice of the Bar Date are annexed hereto as Exhibit A.  In addition to the Bar Date Notice, in the same envelope, the Movant also received a pre-printed individualized proof of claim form which informed the Movant that it was listed on Schedule G of LBSF's Schedules of Liabilities.  A regenerated form of the proof of claim form that was sent to the Movant is annexed hereto as Exhibit B and a copy of the relevant page of LBSF's Schedules is

annexed hereto as <u>Exhibit C</u>.  Finally, the Debtors provided the Movant an account statement titled "Interest Accrual on Cash Collateral," dated September 9, 2008, indicating that certain cash collateral was held at LBSF, a copy of which is annexed hereto as <u>Exhibit D</u>.  The Movant does not allege that it did not receive the Bar Date Notice or that the Bar Date Notice was unclear.  The Movant's delay in filing the Claim in a timely manner was caused by the Movant's oversight in failing to file a claim against LBSF.  The facts and circumstances do not justify a finding of excusable neglect in this case.

17.     The Movant purports to explain the delay in filing the Claim as a result of no more than a difference in accounting methods between the Movant and Lehman.  The fact that the Movant accounted for the collateral in a particular manner is not the basis for a finding of excusable neglect in the Second Circuit.  Courts in the Second Circuit and elsewhere have held that "office mixups, clerical mistakes, and failure to follow office procedure do not generally constitute excusable neglect." *In re Dana Corp.*, No. 06-10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (where notice of the bar date was inadvertently filed away without any action being taken, "movant's failure to file a timely proof of claim was entirely within his and his attorneys' reasonable control and does not constitute excusable neglect"); *In re Chateaugay Corp.*, No. 92 Civ. 8722 (LJF), 1993 WL 1127180, at *6 (S.D.N.Y. Apr. 22, 1993) (movant's failure to timely file proof of claim due to failure of movant's own internal procedures in forwarding bankruptcy matters to its appropriate department for review did not constitute excusable neglect); *see also In re Enron Corp.*, No. 01-16034 (AJG), 2006 WL 898031, at *7 (Bankr. S.D.N.Y. Mar. 29, 2006) (State of Montana's delay in filing proof of claim for a damage award stemming from Federal Energy Regulatory Commission ("<u>FERC</u>") proceedings did not constitute excusable neglect where State of Montana mistakenly assumed

that FERC would protect its interests by filing a proof of claim on its behalf in the debtors' bankruptcy proceedings). As discussed above, this Court has held that errors within the control of the Movant do not warrant a finding of excusable neglect. *In re Lehman Brothers Holdings Inc.*, 53 Bankr. Ct. Dec. at 29.

18. The Movant further asserts that since it did not become aware that LBSF was holding its collateral until after the Bar Date, its failure to timely file should be deemed excusable. The theory asserted by the Movant that the failure to discover a claim until after the Bar Date must lead to a finding of excusable neglect is unsupported and erroneous. Moreover, such a rule would render a bar date, a critical component of chapter 11 cases, completely meaningless. As discussed above, in denying the motions of Santa Fe Partners LLC and CVI GVF (Lux) Master S.a.r.l., this Court has already rejected this theory and stated that "creditors act at their peril where they fail to adequately investigate and pursue their rights" *Id*. at 27.

19. The Movant's fund manager, GLG Partners LP, and its related funds, were one of Lehman's largest prime brokerage clients prior to the Commencement Date and were party to a "Superprime Agreement" pursuant to which Lehman provided the Movant with services beyond those provided to typical clients. Such relationship resulted into transactions between the Movant and various Lehman entities, including, among others, LBIE and LBSF. The intertwined nature of the relationship between the Movant and Lehman should have caused the Movant to be diligent in its determination of the claims it held against the various Lehman entities. Moreover, GLG Partners LP, the Movant's fund manager, is a member of the Creditors' Committee in the LBIE insolvency proceeding, evidencing the Movant's knowledge of, and participation in, the insolvency proceedings of Lehman. The Bar Date in LBSF's case occurred more than one year after the commencement of LBHI's chapter 11 proceeding. The Movant had

ample time and access to relevant information to determine the claims that it held against the various Lehman entities. The Movant is a sophisticated party that failed to conduct the proper diligence on its claims

20.     The Movant does not cite any cases in the Motion that support its application of *Pioneer* factors, and most of the cases that were cited in the Motion, were decided in other jurisdictions that do not apply the "hard line" approach employed by the Second Circuit which considers the reason for the delay is the most critical factor. *In re Enron Corp.*, 419 F.3d at 122-24. In fact, one of the cases on which the Movant relies, *In re Sacred Heart Hosp*, 186 B.R. 891 (Bankr. E. D. Pa. 1995), states that "the issue of prejudice to the Debtor as a result of the late filing is the primary consideration which must be made in the *Pioneer* analysis." *Id.* at 18. Such cases are neither binding nor persuasive in this jurisdiction.

21.     In denying the relief sought by seven other creditors pursuant to Bankruptcy Rule 9006(b) this Court correctly concluded that the reasons offered by those movants "demonstrate a lack of care or thoughtful attention to the preparation and filing of their proofs of claim." *In re Lehman Brothers Holdings Inc.*, 53 Bankr. Ct. Dec. at 29. This Movant does not provide any more compelling reason for its delay than the prior movants, and as such, this Motion should similarly be denied.

Allowing the Movant's Claim Will Prejudice These Estates

22.     "Prejudice" includes not only the harm to the debtor but also the adverse impact that a late claim may have on the judicial administration of the case, considering the size of the late claim in relation to the estate. *See In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. at 1007; *In re Alexander's Inc.*, 176 B.R. 715, 722 (Bankr. S.D.N.Y. 1995). This Court has already determined

that in these cases "the enormity of the claims allowance process is self-evident, and prejudice needs to be evaluated in this unprecedented setting" and therefore, a "strict application of the Bar Date Order is needed to effectively manage the claims process and that permitting additional claims will lead to an opening of the claims process with foreseeable prejudice to the Debtors." *In re Lehman Brothers Holdings Inc.*, 53 Bankr. Ct. Dec. at 12, 13.

23.     The Movant argues that the Debtors will not be prejudiced by its late-filed Claim because the Debtors's chapter 11 plan of has yet to be confirmed.  However, the filing, in and of itself, of a chapter 11 plan and disclosure statement is a factor that is considered when determining whether a debtor will be prejudiced. *See In re Keene Corp.*, 188 B.R. at 910. Moreover, the Debtors filed a chapter 11 plan on March 15, 2010 and a disclosure statement on April 14, 2010.  The Debtors have spent significant amounts of time and effort negotiating the chapter 11 plan with various creditor groups.  The Debtors have also spent significant time and effort reviewing and objecting to claims.  If the Movant's Claim is deemed timely filed by the Court as a result of excusable neglect, any party that did not conduct the proper diligence and determine that it had a claim until after the Bar Date would move this Court to have its claim deemed timely filed on similar grounds.  A sudden increase in claims at this time would disrupt the orderly administration of the Debtors' estates.

<u>Length of Delay</u>

24.     The Movant did not file the Claim until June 10, 2010, and did not file the Motion seeking relief under Bankruptcy Rule 9006(b) until June 14, 2010, in each case <u>more than eight months after the Bar Date</u>.  The length of the delay in seeking relief from the Court pursuant to Bankruptcy Rule 9006(b)(1) is beyond any of the other motions filed in this case.   If the Movant is permitted to file a claim for the first time pursuant to the Motion, and other

creditors seek and receive similar relief, the purpose and effect of a bar date will have been diluted.

Good Faith

25.      The Debtors have no evidence that the Movant acted in bad faith when it filed the Motion, but as discussed above this factor typically weighs in favor of the party moving to file a late claim and hardly counterbalances the other three *Pioneer* factors which weigh in the Debtors' favor, particularly the third *Pioneer* factor, discussed above, which the Second Circuit has deemed to be the most relevant and critical in the equitable determination of whether a movant's neglect is excusable. *See In re Enron Corp.*, 419 F.3d at 122-24.

## CONCLUSION

26.      The failure to file the Claim in a timely manner was the result of, at best, mere neglect, and the reason for delay was entirely within the Movant's reasonable control. Not only did the Movant fail to conduct its own diligence and determine its claims against the Debtors, the Movant ignored notice of a potential claim against LBSF provided to the Movant by the Debtor. Under the circumstances, the neglect that caused the delay in the filing of the Claim does not rise to the level of neglect recognized as *excusable* by courts in the Second Circuit. Accordingly, the Motion should be denied.

## RESERVATION OF RIGHTS

27.      In the event that the Court determines to grant the relief requested in the Motion, the Debtors reserve all of its rights to object to the validity and amount of any claims which may be filed by the Movant.

28.     The Debtors reserve the right to conduct discovery as to the matters raised in the Motion and to supplement this filing as a result thereof.

WHEREFORE the Debtors respectfully requests the Court deny the Motion and grant such other and further relief as is just and proper.

Dated: August 20, 2010
        New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtor and
Debtor In Possession

# Exhibit A

## Affidavit of Service

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
                                                            :

In re                                         :        **Chapter 11 Case No.**
                                                            :

**LEHMAN BROTHERS HOLDINGS INC., et al.,**       :        **08-13555 (JMP)**
                                                            :

                            **Debtors.**        :        **(Jointly Administered)**
                                                            :

-------------------------------------------------------------------------x     **Ref. Docket Nos. 4271, 4349**

<u>**CORRECTED AFFIDAVIT OF SERVICE**</u>

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

HERB BAER, being duly sworn, deposes and says:

      1.      I am over the age of eighteen years and am not individually a party to the above-captioned proceedings.

      2.      I am a Director of Client Services of Epiq Bankruptcy Solutions, LLC ("Epiq"), located at 757 Third Avenue, 3rd Floor, New York, New York 10017.  Unless otherwise stated, I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

      3.      Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") retained Epiq as their Claims and Noticing Agent pursuant to an Order of the Court dated September 16, 2008.  Accordingly, Epiq maintains the official claims register reflecting all claims listed in the Debtor's Schedules of Liabilities, as amended, and all filed proofs of claim (the "Claims Database").  Additionally, Epiq maintains a database of names and addresses of all potential creditors of the Debtors listed in their Creditor Matrix (together with the Claims Database, the "Master Mailing List").

4.      On July 8, 2009, I caused to be served the "NOTICE OF DEADLINES FOR

FILING PROOFS OF CLAIM", dated July 8, 2009 and a Proof of Claim Form upon on all

names and addresses in the Master Mailing List as they existed at the time (the "Bar Date

Mailing").

5.      My "Affidavit of Service" dated July 10, 2009 details all parties that were served,

and the manner in which they were served [Docket # 4349](the "Prior Service Affidavit").  The

Prior Service Affidavit incorrectly listed the address of certain parties that were served.  To

correct any errors on the Prior Service Affidavit, I hereby submit this Corrected Affidavit of

Service which fully supersedes the Prior Service Affidavit and hereby certify that all parties were

served at the addresses included on the Master Mailing List as it existed as of July 8, 2009,

which addresses are set forth on Exhibits D, E, and F, as described below.

6.      The Bar Date Mailing was completed as follows:

On July 8, 2009, I caused to be served the:

a)   "NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM", dated July 8,

2009, a copy of which is attached as Exhibit A (the "Bar Date Notice"),

b)   "PROOF OF CLAIM" form, a copy of which is attached hereto as Exhibit B, (the

"General Proof of Claim Form"), and

c)   "PROOF OF CLAIM" form with a legend stating "Notice of Scheduled Claim", a

copy of which is attached hereto as Exhibit C, (the "Schedule Proof of Claim

Form")

by causing true and correct copies of the:

a)   Bar Date Notice and a blank General Proof of Claim Form to be enclosed securely

in separate postage pre-paid envelopes and delivered by first class mail to those

parties listed on the attached Exhibit D,

b) Bar Date Notice and a General Proof of Claim Form, personalized to include the name and address of the creditor, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit E, and

c) Bar Date Notice and a Schedule Proof of Claim Form, personalized to include the name and address of the creditor and debtor, amount, nature, classification and description of the scheduled claim, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the attached Exhibit F.

7.    All envelopes utilized in the service of the foregoing contained the following legend:  "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

_____
Herb Baer

Sworn to before me this
2nd day of June, 2010

_____
Notary Public

SIDNEY J. GARABATO
NOTARY PUBLIC, STATE OF NEW YORK
No. 01GA6218946
Qualified in New York County
Commission Expires March 15, 2014

**Exhibit "A"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                          :
In re                                                     :          **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,              :          **08-13555 (JMP)**
                                                          :
                                    **Debtors.**          :          **(Jointly Administered)**
                                                          :
                                                          :
-------------------------------------------------------------------x

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

      PLEASE TAKE NOTICE THAT, on July 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc. and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "<u>Debtors</u>"), entered an order (the "<u>Bar Date Order</u>") establishing **September 22, 2009, at 5:00 p.m. (prevailing Eastern Time**) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("<u>Proof of Claim</u>") based on prepetition claims against the Debtors (the "<u>Bar Date</u>"). The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "<u>Commencement Date</u>"), the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), as set forth in Schedule A hereto.

      **If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at (866) 879-0688.**

      **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

      **Some parties are required to file a Proof of Claim in order to preserve their claim against the Debtors. Other parties are not required to file a Proof of Claim in order to preserve their claim against the Debtors. The following is a summary explanation of each.**

1.      **WHO MUST FILE A PROOF OF CLAIM**

      You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtors that arose before the applicable Commencement Date, may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date. Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2. WHO NEED **NOT** FILE A PROOF OF CLAIM

You need not file a Proof of Claim if:

(1)     Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount, priority or nature of the claim set forth in the Schedules;

(2)     Your claim has been paid in full by the Debtors;

(3)     You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(4)     You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(5)     You hold a claim for which a separate deadline is fixed by this Court;

(6)     You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

(7)     You hold a claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding, in foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8)     You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9)     You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List") or any subsidiary for which the entity on the Exempt Entities List owns at least a fifty percent equity interest in such subsidiary, specifically excluding any subsidiary that is in a bankruptcy, insolvency or similar proceeding in a foreign jurisdiction or Lehman Brothers Inc.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim. Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM. MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

---

**SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES**

Holders of securities are **NOT** required to file a proof of claim on account of their ownership if, and only if, such security is listed on the Debtors' Master List of Securities because such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will each file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities). The Master List of Securities is available for review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP or ISIN) or by security description.

If you do not see your security listed on the Master List of Securities and you have a question about the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form prior to August 5, 2009.

Inquiries will be investigated, and within 15 days of the Debtors receipt of such inquiry, either the security will either be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.

The Master List of Securities shall be finalized on August 20, 2009 and not subject to further change.

A Proof of Claim form is being included with the Bar Date Notices being served on holders of LBHI securities other than to holders of securities that are on the Master List of Securities.

**IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS OTHER THAN ON ACCOUNT OF YOUR LEHMAN SECURITIES OWNERSHIP, YOU MUST FILE A PROOF OF CLAIM FORM, AS DIRECTED IN THIS BAR DATE NOTICE. A COPY OF THE PROOF OF CLAIM FORM IS AVAILABLE AT HTTP://WWW.LEHMAN-DOCKET.COM.**

**SPECIAL NOTE REGARDING LEHMAN PROGRAM SECURITIES:**

A separate notice and proof of claim form will be provided in connection with certain securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent a security is identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" as of July 17, 2009 at 5:00 pm (prevailing Eastern Time). Such notice and proof of claim form will be available on or about July 27, 2009. The Bar Date in connection with the Lehman Program Securities is November 2, 2009 at 5:00 pm (prevailing Eastern Time). If your security is not identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" as of July 17, 2009 at 5:00 pm (prevailing Eastern Time) you must file your claim by September 22, 2009 as per the instructions herein.

---

3.     **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4.     **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

      or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims Processing
One Bowling Green
New York, New York 10004

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, New York  10150-5076

Proofs of Claim will be deemed timely filed only if **actually** **received** by Epiq or the Court on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the Debtors will notify the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

**5.     WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States; (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

**EXCEPT AS SET FORTH IN THE FOLLOWING EIGHT PARAGRAPHS, YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, ATTACH A SUMMARY.**

**CLAIMS BASED ON DERIVATIVE CONTRACTS**

**IF YOU FILE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

A "DERIVATIVE CONTRACT" IS A CONTRACT THAT IS ANY OF (I) A "SWAP AGREEMENT" AS SUCH TERM IS DEFINED IN SECTION 101(53B) OF THE BANKRUPTCY CODE OR (II) A "FORWARD CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 101(25) OF THE BANKRUPTCY CODE. A CASH-MARKET PURCHASE OR SALE OF A SECURITY OR LOAN (I.E. ANY PURCHASE OR SALE OF A SECURITY OR LOAN FOR SETTLEMENT WITHIN THE STANDARD SETTLEMENT CYCLE FOR THE RELEVANT MARKET), EXCHANGE-TRADED FUTURE OR OPTION, SECURITIES LOAN TRANSACTION, REPURCHASE AGREEMENT IN RESPECT OF SECURITIES OR LOANS, AND ANY GUARANTEE OR REIMBURSEMENT OBLIGATIONS WHICH WOULD OTHERWISE BE INCLUDED IN THE DEFINITION OF "SWAP AGREEMENT" OR "FORWARD CONTRACT" PURSUANT TO THE DEFINITION OF SUCH TERMS IN THE BANKRUPTCY CODE <u>SHALL NOT BE CONSIDERED</u> A DERIVATIVE CONTRACT FOR THE PURPOSES OF THIS DEFINITION NOR SHALL ANY NOTES, BONDS, OR OTHER SECURITIES ISSUED BY THE DEBTORS OR THEIR AFFILIATES (INCLUDING, BUT NOT LIMITED TO, LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS TREASURY CO. B.V., LEHMAN BROTHERS BANKHAUS AG, LEHMAN BROTHERS HOLDINGS PLC, LEHMAN BROTHERS SECURITIES N.V., AND LEHMAN BROTHERS (LUXEMBOURG) EQUITY FINANCE S.A.).

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

<u>CLAIMS BASED ON A DEBTOR'S GUARANTEE</u>

IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS <u>EXHIBIT D</u> TO THE BAR DATE ORDER (THE "<u>GUARANTEE QUESTIONNAIRE</u>") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

A "GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

<u>CLAIMS BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT WITH A NON-DEBTOR</u>

IF YOU FILE A PROOF OF CLAIM BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT ENTERED INTO WITH A NON-DEBTOR, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM AND LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

If a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the documentation required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date.

If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that

instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number.

A holder (or any other party authorized under the Bankruptcy Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire.

Any security that is listed on the Master List of Securities is not a Derivative Contract and the holders of such security are not required to complete the Derivative Questionnaire on account of such security.

The information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information and the Debtors and the Creditors' Committee and their respective advisors and counsel.

The website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim.

**6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR COMPLETE THE DERIVATIVE QUESTIONNAIRE PRIOR TO THE QUESTIONNAIRE DEADLINE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, <u>specifically,</u> including filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable)  and uploading required information to the website <u>http://www.lehman-claims.com</u>  (which Derivative Questionnaire or Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

**7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules.  Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:       July 8, 2009                                    BY ORDER OF THE COURT
                    New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

<u>Schedule A</u>

| **Debtor** | **Case Number** | **Commencement Date** |
|---|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 | September 15, 2008 |
| LB 745 LLC | 08-13600 | September 16, 2008 |
| PAMI Statler Arms LLC | 08-13664 | September 23, 2008 |
| Lehman Brothers Commodity Services Inc. | 08-13885 | October 3, 2008 |
| Lehman Brothers Special Financing Inc. | 08-13888 | October 3, 2008 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 | October 3, 2008 |
| Lehman Brothers Derivatives Products Inc. | 08-13899 | October 5, 2008 |
| Lehman Commercial Paper Inc | 08-13900 | October 5, 2008 |
| Lehman Brothers Commercial Corporation | 08-13901 | October 5, 2008 |
| Lehman Brothers Financial Products Inc. | 08-13902 | October 5, 2008 |
| Lehman Scottish Finance L.P. | 08-13904 | October 5, 2008; |
| CES Aviation LLC | 08-13905 | October 5, 2008 |
| CES Aviation V LLC | 08-13906 | October 5, 2008 |
| CES Aviation IX LLC | 08-13907 | October 5, 2008 |
| East Dover Limited | 08-13908 | October 5, 2008 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 | January 7, 2009 |
| BNC Mortgage LLC | 09-10137 | January 9, 2009 |
| Structured Asset Securities Corporation | 09-10558 | February 9, 2009 |
| LB Rose Ranch LLC | 09-10560 | February 9, 2009 |
| LB 2080 Kalakaua Owners LLC | 09-12516 | April 23, 2009 |

**Exhibit "B"**

| United States Bankruptcy Court/Southern District of New York | PROOF OF CLAIM |
|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

### THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
*(If known)*

Filed on: _____

Telephone number:     Email Address:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:     Email Address:

**1. Amount of Claim as of Date Case Filed:** $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
     (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other

Describe: _____

Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$_____ Basis for perfection: _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of a security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Exhibit "C"**

| *United States Bankruptcy Court/Southern District of New York* | **PROOF OF CLAIM** |
|---|---|

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
 (*If known*)

Filed on: _____

Telephone number: _____ Email Address: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____ Email Address: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

**1. Amount of Claim as of Date Case Filed:** $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
 **3a. Debtor may have scheduled account as:** _____
 (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other

Describe: _____

Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

**Amount of Secured Claim: $_____ Amount Unsecured: $_____**

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____**
 (See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Reduced**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the
initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view
your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Exhibit "E"**

| Claim Name | Address Information |
|---|---|
| GLENN D PALMER | 25 BLENHEIM COURT, KING & QUEEN WHARF, ROTHERHITHE STREET LONDON, ANT SE16 5ST UNITED KINGDOM |
| GLENN D. JOHNSON | 21005 N 52ND AVE GLENDALE AZ 853089364 |
| GLENN DOWLING JR. | 3392 BEDFORD AVE BROOKLYN NY 11210 |
| GLENN E. CHIN | 171 EAST 84TH ST APT 12C NEW YORK NY 10028 |
| GLENN H. RUDZEWICK | 237 OAK STREET FLORAL PARK NY 11001 |
| GLENN H. SCHIFFMAN | FLAT B, G/F & 1/F 115 REPULSE BAY ROAD CHINA |
| GLENN H. SCHIFFMAN | 5040 ADDISON CIR STE 400 ADDISON TX 750016049 |
| GLENN HITCHMAN | 28 WINDSOR ROAD CHICHESTER PO19 7XG UK |
| GLENN HITCHMAN | 28 WINDSOR ROAD CHICHESTER ,W SUSX PO19 7XG UNITED KINGDOM |
| GLENN JAY SATTY | 126 WEST 22ND STREET NEW YORK NY 10011 |
| GLENN KIRWIN 9/11 SCHOLARSHIP FUND | P.O. BOX 3446 UNIVERSITY OF VIRGINIA CHARLOTTESVILLE VA 22903 |
| GLENN M. GROSSMAN | 505 COCONUT CIRCLE FL 33326 |
| GLENN M. MCCOLM | 16001 E ALASKA PL APT 6 AURORA CO 800172148 |
| GLENN R. JACOBSON | 220 E 65TH ST APT 24B NEW YORK NY 10065-6629 |
| GLENN SHIPMAN | 1 LOWER GREEN COTTAGES LAWRENCE LANE BUCKLAND RH3 7BE UK |
| GLENN SHIPMAN | 1 LOWER GREEN COTTAGES LAWRENCE LANE BUCKLAND, SURREY RH3 7BE UNITED KINGDOM |
| GLENN T. MAY | 15 44TH STREET ISLIP NY 11751 |
| GLENN T. MAY | 67 ELLIS AVE NORTHPORT NY 11768-1211 |
| GLENN V KIM | FLAT 8, 25 SLOANE GARDENS LONDON SW1W 8EB UNITED KINGDOM |
| GLENN V KIM | 6 RAWLINGS STREET LONDON SW3 2LS UNITED KINGDOM |
| GLENN, ERIN F | 1349 HERLIN PLACE CINCINNATI OH 45208 |
| GLENN, PAUL | 2749 COUNTRY CLUB ROAD WINSTON-SALEM NC 27104 |
| GLENN, RICHARD | 1A UNDERWOOD STREET ISLINGTON LONDON N1 7LY UNITED KINGDOM |
| GLENN, ROBERT B | APDO 172 CHAPALA JALISCO 45900 MEXICO |
| GLENN, WALTER H | 8326 WILDE LAKE RD PENSACOLA FL 32526 |
| GLENN, CARMEN | 2427 LAURA LANE PEARLAND TX 77581 |
| GLENN, RICHARD | 1A UNDERWOOD STREET ISLINGTON LONDON, GT LON N1 7LY UNITED KINGDOM |
| GLENNERSTER, HEATH | 63 NICHOLAS WAY CALVERTON NY 11933 |
| GLENNON, JOHN E | 661 TANGLEWOOD COURT LAKE FOREST IL 60045 |
| GLENROCK ASSOCIATES LLC | ATTN: PAUL PATTERSON 444 WEST 49TH STREET, SBG NEW YORK NY 10019 |
| GLENVETTE SHERELL BROOKS | 6508 DESEO APT 316 IRVING TX 75039-3030 |
| GLENVIEW EDUCATION FOUNDATION | P.O. BOX 558 GLENVIEW IL 60025 |
| GLENVIEW EDUCATION FOUNDATION | P.O. BOX 373 GLENVIEW IL 60025 |
| GLENVIEW EDUCATION FOUNDATION | GLENVIEW PUBLIC SCHOOL DISTRICT 34 ADMINISTRATION BUILDING 1401 GREENWOOD ROAD GLENVIEW IL 60026 |
| GLENWOOD GARDENS | 51993 WEST 6 & 24 GLENWOOD SPRINGS CO 81601 |
| GLENWOOD LOCK & KEY | PO BOX 2377 GLENWOOD SPRINGS CO 81602 |
| GLENWOOD MANAGEMENT CORP | 1200 UNION TURNPIKE NEW HYDE PARK NY 11040 |
| GLENWOOD SPRINGS AUTO PARTS | 3024 GLEN AVE. GLENWOOD SPRINGS CO 81601 |
| GLENWOOD VETERINARY CLINIC | 2514 GRAND AVENUE GLENWOOD SPRINGS CO 81601 |
| GLESER, ZAC | 20 LEONARD DRIVE MORGANVILLE NJ 07751 |
| GLESIA SRL | VIA UGO BASSI 2 MILAN 20159 ITALY |
| GLESSMAN, MEGAN | 108 EAST 4TH ST #22 NEW YORK NY 10003 |
| GLG CREDIT FUND | HEAD OF CAYMAN OPERATIONS C/O GLG PARTNERS SERVICES LP THE WATERFRONT CENTRE NORTH CHURCH STREETPO BOX 2427 GEORGE TOWN, GRAND CAYMAN CAYMAN ISLANDS |
| GLG CREDIT FUND | ATTN: SENIOR LEGAL COUNSEL C/O GLG PARTNERS LP ONE CURZON STREET LONDON W1J 5HB UNITED KINGDOM |
| GLG CREDIT FUND | 1 CURZON STRAAT LONDON W1J 5HB UNITED KINGDOM |
| GLG CREDIT FUND | ROBERT PRICE, HEAD OF OPERATIONS COPY TO - ONE CURZON STREET LONDON W1J 5HB |

| Claim Name | Address Information |
|---|---|
| | UNITED KINGDOM |
| GLG CREDIT FUND | ATTN: ROBERT PRICE, HEAD OF OPERATIONS GLG PARTNERS LP ONE CURZON STREET LONDON W1J 5HB UNITED KINGDOM |
| GLG CREDIT FUND | ATTN: ROBERT PRICE, HEAD OF OPERATIONS COPY TO - ONE CURZON STREET LONDON W1J 5HB UNITED KINGDOM |
| GLG EMERGING MARKETS FUND | ATTN: HEAD OF OPPERATIONS GLG PARTNERS SERVICES LP THE WATERFONT CENTRE NORTH CHURCH STREET GEORGE TOWN CAYMAN ISLANDS, BWI |
| GLG EURO LONG/SHORT FUND | ATTN: SENIOR LEGAL COUNSEL C/O GLG PARTNERS LP ONE CURZON STREET LONDON W1J 5HB UNITED KINGDOM |
| GLG EUROPEAN OPPORTUNITY FUND | ATTN: SENIOR LEGAL COUNSEL C/O GLG PARTNERS LP ONE CURZON STREET LONDON W1J 5HB UNITED KINGDOM |
| GLG GLOBAL CONVERTIBLE FUND PLC | 3 BURLINGTON ROAD DUBLIN 4 IRELAND |
| GLG GLOBAL INVESTMENT MANAGEMENT | 399 PARK AVENUE NEW YORK NY 10022 |
| GLG INVESTMENT II PLC | MATSACK TRUST LIMITED 3 BURLINGTON ROAD DUBLIN 4 4 IRELAND |
| GLG INVESTMENT III PLC | 3 BURLINGTON ROAD DUBLIN 4 IRELAND |
| GLG MARKET NEUTRAL FUND | ATTN: HEAD OF CAYMAN OPERATIONS C/O GLG PARTNERS SERVICES LP THE WATERFRONT CENTRE NORTH CHURCH STREET, PO BOX 2427 GEORGE TOWN CAYMAN ISLANDS |
| GLG MARKET NEUTRAL FUND | ATTN: HEAD OF CAYMAN OPERATIONS C/O GLG PARTNERS SERVICES LP THE WATERFRONT CENTRE NORTH CHURCH STREET PO BOX 2427 GEORGE TOWN, GRAND CAYMAN CAYMAN ISLANDS, BWI |
| GLG MARKET NEUTRAL FUND | ATTN: GLG BRANCH MANAGEMENT C/O GLG PARTNERS, A DIVISION OF LEHMAN BROTHERS INTERNATIONAL (EUROPE) ONE BROADGATE 3RD FLOOR LONDON EC2M 7HA UNITED KINGDOM |
| GLG NORTH AMERICAN OPPORTUNITYFUND | ATTN: SENIOR LEGAL COUNSEL C/O GLG PARTNERS LP ONE CURZON STREET LONDON W1J 5HB UNITED KINGDOM |
| GLG PARTNERS ASSET MANAGEMENT LIMITED | MATSACK TRUST LIMITED 3 BURLINGTON ROAD/ DUBLIN 4 IRELAND |
| GLG PARTNERS LPA/C CASAM GLG EURO L-S FD LTD | ATTN: SERVICE JURIDIQUE C/O CREDIT AGRICOLE STRUCTURED ASSET MANAGEMENT 91-93 BOULEVARD PASTEUR PARIS 75710 FRANCE |
| GLG PARTNERS LPA/C GLG GLOBAL UTILITIES FUND | ATTN: DOCUMENTATION MANAGER GLG PARTNERS SERVICES LTD THE WATERFRONT CENTRE NORTH CHURCH ST PO BOX 2427 GEORGE TOWN, GRAND CAYMAN CAYMAN ISLANDS, BWI |
| GLG PARTNERS LPA/C MAC PILSUDSKI 20A LIMITED | ATTN: STEVEN DESMYTER GLG PARTRNERS LP 1 CURZON STREET LONDON W1J 5HB UNITED KINGDOM |
| GLG TECHNOLOGY FUND | ATTN: SENIOR LEGAL COUNSEL C/O GLG PARTNERS LP ONE CURZON STREET LONDON W1J 5HB UNITED KINGDOM |
| GLG/GLG ALPHA SELECT FUND | C/O GLG PARTNERS SERVICES LIMITED THE WATERFRONT CENTRE NORTH CHURCH STREET PO BOX 2427 GEORGE TOWN, GRAND CAYMAN CAYMAN ISLANDS, BWI |
| GLG/GLG JAPANESE LONG-SHORT FUND | GLG PARTNERS SERVICES LIMITED THE WATERFRONT CENTRE NORTH CHURCH STREET PO BOX 2427 GEORGE TOWN, GRAND CAYMAN CAYMAN ISLANDS, BWI |
| GLIBERMAN,ANATOLIY | 25 BANK STREET LONDON, GT LON E14 5LE UNITED KINGDOM |
| GLICK, JAMES T. | 2382 84TH STREET, #1 BROOKLYN NY 11214 |
| GLICK, MICHAEL | 6250 NW 42ND WAY BOCA RATON FL 33496-4035 |
| GLICK,DAVID E. | 22642 SHADY GROVE LAKE FOREST CA 92630 |
| GLICK,JAMES T. | 169 SCHOOL ST PAWLET VT 057619416 |
| GLICK,KAREN | 1332 CARLSBAD DRIVE GAITHERSBURG MD 20879 |
| GLICKMAN, TODD | 211 W GILMAN ST APT 3W MADISON WI 53703 |
| GLICKMAN,TODD | 400 WEST 55TH ST. APT.7B NEW YORK NY 10019 |
| GLICKSMAN, MITCHELL | 41 FARMSTEAD ROAD SHORT HILLS NJ 07078 |
| GLINE,MATTHEW | 457 BROOME STREET APARTMENT 5R NEW YORK NY 10013 |
| GLIONNA,JONATHAN | 20 TIFFANY PL PH BROOKLYN NY 11231-3120 |
| GLISKER, GEORGE | 139 EUSTON ROAD GARDEN CITY NY 11530 |
| GLISKER, GEORGE | 139 EUSTON ROAD GARDEN CITY NY 11530-1238 |
| GLISKER,GEORGE | 139 EUSTON ROAD GARDEN CITY NY 11530 |
| GLISSANDO GOLF CLUB | 30 BANCHI TOYOMI NARITA-SHI JAPAN |

**Exhibit "F"**

| Claim Name | Address Information |
|---|---|
| GLENN, DOWLING JR. | 3 NOTTINGHAM WAY BARTONSVILLE PA 18321 |
| GLENN, GREENE | 63 SWYNCOMBE AVENUE EALING W5 4DR UNITED KINGDOM |
| GLENN, MAKOUSHINSKI | 100 PELHAM RD. APT. 5H NEW ROCHELLE NY 10805 |
| GLENN, ROBERTS | 18 RANELAGH GARDENS STAMFORD BROOK AVENUE CHISWICK LONDON W6 0YE UNITED KINGDOM |
| GLENN, RUBALCAVA | 2787 KENNEDY BOULEVARD APT 508 JERSEY CITY NJ 07306 |
| GLENN, TAUSS | 35 WEST BROAD STREET UNIT 214 STAMFORD CT 06902 |
| GLENNON, ANNE B. | 24 AVON ROAD LARCHMONT NY 10538 |
| GLG CREDIT FUND | C/O GLG PARTNERS SERVICES LP THE WATERFRONT CENTRE NORTH CHURCH STREETPO BOX 2427 GEORGE TOWN, GRAND CAYMAN CAYMAN ISLANDS |
| GLG EMERGING MARKETS FUND | GLG PARTNERS LP ONE CURZON STREET LONDON W1J 5HB UNITED KINGDOM |
| GLG MARKET NEUTRAL FUND | C/O GLG PARTNERS SERVICES LP THE WATERFRONT CENTRE NORTH CHURCH STREET, PO BOX 2427 GEORGE TOWN CAYMAN ISLANDS |
| GLG MARKET NEUTRAL FUND | WALKER HOUSE 87 MARY STREET KY1-9002 CAYMAN ISLANDS |
| GLIONNA, JONATHAN L. | 20 TIFFANY PLACE PH BROOKLYN NY 11231 |
| GLITNIR | ISLANDSBANKI HF KIRKJUSANDUR 2 155 REYJAVIK ICELAND |
| GLOBAL BANK CORPORATION | GLOBAL BANK CORPORATION APDO 55-1843 PAITILLA PANAMA |
| GLOBAL COAL | 9 KING STREET LONDON, ECZV8EA UNITED KINGDOM |
| GLOBAL COMMERCIAL REAL ESTATE (CAYMAN) I | C/O MAPLES & CALDER UGLAND HOUSE SOUTH CHURCH STREET GEORGE TOWN GRAND CAYMAN ISLANDS |
| GLOBAL CROSSING | TELECOMMUNICATIONS INC. WESSEX HOUSE 45 REID STREET HAMILTON HM 12 BERMUDA |
| GLOBAL CROSSING | TELECOMMUNICATIONS INC. 200 PARK AVE STE 300 FLORHAM PARK NJ 07932-1026 |
| GLOBAL CROSSING TELECOMMUNICATIONS INC. | ATTN: RICHARD FARRELL, MD GLOBAL CROSSING WALL STREET PLAZA 88 PINE STREET NEW YORK NY 10005 |
| GLOBAL CROSSING TELECOMMUNICATIONS INC. | ATTN: SCOTT HENRY, MANAGER SPECIAL PRICING 1080 PITTSFORD VICTOR ROAD PITTSFORD NY 14534 |
| GLOBAL CROSSING TELECOMMUNICATIONS INC. | ATTN: DAVID WALSH, PRESIDENT 30300 TELEGRAPH ROAD BINGHAM FARMS MI 48025-4510 |
| GLOBAL INCOME & CURRENCY FUND INC | C/O IQ INVESTMENT ADVISORS LLC 4 WORLD FINANCIAL CENTER. 5TH FLOOR NEW YORK NY 10080 |
| GLOBAL INSIGHT INC | PO BOX 945937 ATLANTA GA 30394-5937 |
| GLOBAL INSIGHT INC | 1000 WINTER STREET-SUITE 4300N WALTHAM MA |
| GLOBAL INTEREST RATE FUND OF THE LCM GROUP TRUST | LOTSOFF CAPITAL MANAGEMENT 20 N. CLARK STREET CHICAGO IL 60602 |
| GLOBAL INVESTORS SERIES PLC UK STERLING LONG AVERA | PIMCO 840 NEWPORT CENTER DRIVE SUITE 100 NEWPORT BEACH CA 92660 |
| GLOBAL KOREA INVESTMENTS LTD. PCO | C/O MAPLES & CALDER UGLAND HOUSE SOUTH CHURCH STREET GEORGE TOWN GRAND CAYMAN ISLANDS |
| GLOBAL LOAN OPPORTUNITY FUND B.V | 1999 AVENUE OF STARS SUITE 1900 LOS ANGELES CA 90067 |
| GLOBAL LOAN OPPORTUNITY FUND B.V | 1999 AVENUE OF STARS SUITE 1900 LOS ANGELES CA 90067 |
| GLOBAL PRINCIPAL STRATEGIES LOANS | 1271 AVENUE OF THE AMERICAS 35TH FLOOR NEW YORK NEW YORK NY 10020 |
| GLOBAL PRINCIPAL STRATEGIES LOANS INC. | 1271 AVENUE OF THE AMERICAS 35TH FLOOR NEW YORK NY 10020 |
| GLOBAL RESEARCH DISTRIBUTION | GENERAL POST OFFICE PO BOX 5894 HICKSVILLE NY 11802 |
| GLOBAL RESEARCH DISTRIBUTION | GENERAL POST OFFICE PO BOX 5894 HICKSVILLE NY 11802 |
| GLOBAL RESEARCH DISTRIBUTION | 128 WEST 26TH STREET NEW YORK NY 10001 |
| GLOBAL SECURITIES EMERGING MARKETS RELATIVE VALUE | C/O GLOBAL SECURITIES ADVISOR LLC 401 LEXINGTON AVENUE, 41ST FLOOR NEW YORK NY 10174 |
| GLOBAL SECURITIZATION SERVICES LLC | CHURCH STREET STATION P.O. BOX 6139 NEW YORK NY 10249-6139 |
| GLOBAL TAIWAN INVESTMENTS LTD | M&C CORPORATE SERVICES LTD, UGLAND HOUSE SOUTH CHURCH STREET, PO BOX 309 GEORGE TOWN GRAND CAYMAN CAYMAN ISLANDS |
| GLOBAL THAI PROPERTY FUND | C/O CAPITAL SERVICES GROUP 87/2 CRC BUILDING ALL SEASONS PLACE PATHUMWAN BANGKOK 10330 THAILAND |

**Exhibit B**

**Pre-Printed Individualized Proof of Claim Form**

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held LEHMAN BROTHERS SPECIAL FINANCING INC. | Case No. of Debtor 08-13888 (JMP) |

UNIQUE IDENTIFICATION NUMBER: 888018330

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 888018330*****
GLG CREDIT FUND
C/O GLG PARTNERS SERVICES LP
THE WATERFRONT CENTRE
NORTH CHURCH STREETPO BOX 2427
GEORGE TOWN, GRAND CAYMAN
CAYMAN ISLANDS

Telephone number:                    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
DERIVATIVE MASTER ACCOUNT NUMBER 082802GLGP

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:                    Email Address:

**1. Amount of Claim as of Date Case Filed:** $ _____
If all or part of your claim is secured, complete Item 4 below; however, if all or part of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information.
A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the
initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view
your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## Exhibit C

**Schedule G of LBSF's Schedules of Liabilities**

| Contract Counterparty | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Contract Description |
|---|---|---|---|---|---|---|---|---|
| GEORGIA POWER COMPANY | Southern Company Service, Inc. | 270 Peachtree Street N. W., Suite 2000 | | Atlanta | GA | 30303 | United States | Derivative Master Account Number 030607GEO7 |
| Georgia Power Company | Southern Company Services, Inc | Bin SC 1407 | 30 Ivan Allen Jr. Boulevard NW | Atlanta | GA | 30308 | United States | Derivative Master Account Number 071003GRCO |
| Georgia-Pacific Corporation | PIMCO | 840 Newport Center Drive | Suite 100 | Newport Beach | CA | 92660 | UNITED STATES | Derivative Master Account Number 0109010448 |
| GESB GLOBAL BOND FUND | PIMCO | 840 Newport Center Drive | Suite 100 | Newport Beach | CA | 92660 | UNITED STATES | Derivative Master Account Number 021407PA10 |
| GIANTS STADIUM LLC (FSA INSURED) | Meadowlands Sports Complex | 50 State Route 120 | cc. Financial Security Assurance Inc | East Rutherford | NJ | 7073 | United States | Derivative Master Account Number 092407GIAN |
| GIANTS STADIUM, LLC | Meadowlands Sports Complex | 50 State Route 120 | cc. Financial Security Assurance Inc | East Rutherford | NJ | 7073 | United States | Derivative Master Account Number 073107GIAN |
| Gifford Medical Center | PO Box 2000 | 44 South Main street | | Randolph | VT | 5060 | UNITED STATES | Derivative Master Account Number 070103GIFF |
| GIS UK CORPORATE BOND FUND | PIMCO | 840 Newport Center Drive | Suite 100 | Newport Beach | CA | 92660 | UNITED STATES | Derivative Master Account Number 0109014682 |
| GLG Credit Fund | c/o GLG Partners Services LP | The Waterfront Centre | North Church StreetPO Box 2427 | George Town, Grand Cayman | | | Cayman Islands | Derivative Master Account Number 082802GLGP |
| GLG Emerging Markets Fund | GLG Partners LP | One Curzon Street | | London | | W1J 5HB | UNITED KINGDOM | Derivative Master Account Number 101705GLGP |
| GLG Market Neutral Fund | Walker House | 87 Mary Street | | | | KY1-9002 | Cayman Islands | Derivative Master Account Number 091597GLG |
| GLITNIR | Islandsbanki hf | Kirkjusandur 2 | | 155 Reyjavik | | | Iceland | Derivative Master Account Number 070601ISBK |
| GLOBAL INCOME & CURRENCY FUND INC | c/o IQ Investment Advisors LLC | 4 World Financial Center. 5th Floor | | New York | NY | 10080 | UNITED STATES | Derivative Master Account Number 112006IQI6 |
| Global Interest Rate Fund of the LCM Group Trust | Lotsoff Capital Management | 20 N. Clark Street | | Chicago | IL | 60602 | United States | Derivative Master Account Number 070303IRLC |
| GLOBAL INVESTORS SERIES PLC UK STERLING LONG AVERAGE DURATION FUND | PIMCO | 840 Newport Center Drive | Suite 100 | Newport Beach | CA | 92660 | UNITED STATES | Derivative Master Account Number 0109014683 |

**Exhibit D**

**Account Statement Sent to Movant**

# LEHMAN BROTHERS || Interest Accrual On Cash Collateral

| TO: | **GLG CREDIT FUND** |
|---|---|
| | 082802GLGP |
| | |
| **PHONE:** | 02070167307 |
| **FAX:** | |
| **EMAIL:** | scolombo@lehman.com; |
| **FROM:** | **LEHMAN BROTHERS SPECIAL FINANCING INC.** |
| | SWATI MADAN |
| **PHONE:** | +91 22 6722 5320 |
| **FAX:** | |
| **EMAIL:** | derivativesmargin@lehman.com |
| **DUE DATE:** | 09/09/2008 |

From  08/01/2008  To  08/31/2008   [inclusive]

| Date | CCY | Principal | Interest Calc Amt | Rate | Accrued Int |
|---|---|---|---|---|---|
| 08/01/2008 | USD | 3,613,026.50 | 3,613,026.50 | 2.040 | -204.74 |
| 08/02/2008 | USD | 3,613,026.50 | 3,613,026.50 | 2.040 | -204.74 |
| 08/03/2008 | USD | 3,613,026.50 | 3,613,026.50 | 2.040 | -204.74 |
| 08/04/2008 | USD | 3,613,026.50 | 3,613,026.50 | 1.970 | -197.71 |
| 08/05/2008 | USD | 3,613,026.50 | 3,613,026.50 | 1.970 | -197.71 |
| 08/06/2008 | USD | 3,613,026.50 | 3,613,026.50 | 2.010 | -201.73 |
| 08/07/2008 | USD | 3,613,026.50 | 3,613,026.50 | 1.960 | -196.71 |
| 08/08/2008 | USD | 3,613,026.50 | 3,613,026.50 | 2.010 | -201.73 |
| 08/09/2008 | USD | 3,613,026.50 | 3,613,026.50 | 2.010 | -201.73 |
| 08/10/2008 | USD | 3,613,026.50 | 3,613,026.50 | 2.010 | -201.73 |
| 08/11/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.990 | -200.07 |
| 08/12/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.950 | -196.04 |
| 08/13/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.980 | -199.06 |
| 08/14/2008 | USD | 3,619,269.31 | 3,619,269.31 | 2.090 | -210.12 |
| 08/15/2008 | USD | 3,619,269.31 | 3,619,269.31 | 2.080 | -209.11 |
| 08/16/2008 | USD | 3,619,269.31 | 3,619,269.31 | 2.080 | -209.11 |
| 08/17/2008 | USD | 3,619,269.31 | 3,619,269.31 | 2.080 | -209.11 |
| 08/18/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.910 | -192.02 |
| 08/19/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.940 | -195.04 |
| 08/20/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.980 | -199.06 |
| 08/21/2008 | USD | 3,619,269.31 | 3,619,269.31 | 2.010 | -202.08 |
| 08/22/2008 | USD | 3,619,269.31 | 3,619,269.31 | 2.020 | -203.08 |
| 08/23/2008 | USD | 3,619,269.31 | 3,619,269.31 | 2.020 | -203.08 |
| 08/24/2008 | USD | 3,619,269.31 | 3,619,269.31 | 2.020 | -203.08 |
| 08/25/2008 | USD | 3,619,269.31 | 3,619,269.31 | 2.010 | -202.08 |
| 08/26/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.880 | -189.01 |
| 08/27/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.980 | -199.06 |
| 08/28/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.990 | -200.07 |
| 08/29/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.940 | -195.04 |
| 08/30/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.940 | -195.04 |
| 08/31/2008 | USD | 3,619,269.31 | 3,619,269.31 | 1.940 | -195.04 |

| **Total Interest Due :  6,218.67** | | | |
|---|---|---|---|
| Lehman will pay to the following settlement instructions: | | | |
| **Intermediary** | **Institution** | **Beneficiary** | **Special** |
| | | | |