**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                      :

In re                               :    **Chapter 11 Case No.**

                                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (JMP)**

                                        :

                 **Debtors.**    :    **(Jointly Administered)**

                                        :

-------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN SONNENSCHEIN NATH & ROSENTHAL LLP, AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO JANUARY 1, 2010

Upon consideration of the application, dated August 4, 2010 (the "Application"),[1]

of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ

and retain Sonnenschein Nath & Rosenthal LLP ("SNR") as special counsel to the Debtors *nunc*

*pro tunc* to January 1, 2010; and upon the Declaration of Linda D. White, Esq., partner of SNR

(the "White Declaration"), filed in support of the Application; and the Court being satisfied,

based on the representations made in the Application and the White Declaration, that SNR

represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters

upon which it is to be engaged, under section 327(e) of the Bankruptcy Code as modified by

section 1107(b); and the Court having jurisdiction to consider the Application and the relief

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); a and consideration of the Application

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Application having been provided in accordance with the procedures set

forth in the amended order entered February 13, 2009 governing case management and

administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; and (vi) all parties who have requested

notice in these chapter 11 cases, and it appearing that no other or further notice need be provided;

and no objection to the Application having been filed; and the Court having found and

determined that the relief sought in the Application is in the best interests of the Debtors, their

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain SNR as special counsel to the Debtors on the terms

set forth in the Application and this order, effective *nunc pro tunc* to January 1, 2010, for the

Representative Matters identified in the Application and in accordance with SNR's customary

rates in effect from time to time and its disbursement policies; and it is further

ORDERED that SNR shall, solely with respect to fees and expenses to be paid to

SNR by the Debtors (as opposed to non-debtor entities) in excess of $1 million, apply for

compensation and reimbursement of expenses in accordance with the procedures set forth in

sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and

orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that

have been or may be fixed by order of this Court, including but not limited to the Court's Third

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy

Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of

Expenses of Professionals [Docket No. 4165], and the Court's Order Appointing a Fee

Committee and Approving a Fee Protocol [Docket No. 3651].

Dated:  August 19, 2010
        New York, New York


                                        /s/ James M. Peck
                                        UNITED STATES BANKRUPTCY JUDGE