UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :    08-13555 (JMP)
                                                             :
            Debtors.                                         :    (Jointly Administered)
                                                             :
                                                             :
------------------------------------------------------------------x


**ORDER (i) ALLOWING LCPI TO ACQUIRE CERTAIN LOANS THROUGH A JOINT VENTURE AND (ii) AUTHORIZING LCPI AND LBHI TO PROVIDE GAP FUNDING THROUGH A TERM LOAN, REVOLVER, AND PREFERRED EQUITY INVESTMENT**

Upon the motion, dated July 27, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") for authorization and approval to purchase the M-Loans identified in the Bankhaus Agreement[1] through Acquisition Co., and authorizing LBHI and LCPI to provide the Gap Funding needed for the Sun and Moon project to meet its current business plan in the form of the LCPI Loans and the Preferred Equity Investment, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for the Original Borrowers; (vii) the attorneys for LBREP; (viii) the attorneys for Atemi; (ix) the attorneys for KBC; (x) the attorneys for the LBB InsAdmin; and (xi) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, the Court having determined and found that the consummation of the transactions contemplated by the Motion is in the best interests of LBHI and LCPI and their respective estates, the Motion is granted; and it is further

ORDERED that pursuant to section 363 of the Bankruptcy Code, LCPI is authorized to consummate the purchase of Bankhaus's interest in the M-Loans by purchasing a 37.5% stake in Acquisition Co. immediately before the acquisition of Bankhaus's interest in the M-Loans by Acquisition Co.; and it is further

ORDERED that pursuant to section 363 of the Bankruptcy Code, LCPI is authorized to extend the LCPI Loans to Acquisition Co.; and it is further

ORDERED that pursuant to section 363 of the Bankruptcy Code, LBHI is authorized to provide funding to LBREP Sun & Moon in the form of the Preferred Equity Investment;

ORDERED that both LBHI and LCPI are duly authorized to execute, deliver, implement and fully perform any and all transactions, obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate and perform any and all transactions contemplated by the Motion or this Order; and it is further

ORDERED, that any and all pre- and post-petition claims, rights and obligations that the Debtors (including but not limited to LCPI and LBHI) may have in connection with the subject matter of the Motion or the Sun and Moon project are hereby preserved.  This Order does not constitute or approve any waiver or relinquishment of the rights of any Debtor or party in interest with respect to the subject matter of the Motion or the Sun and Moon project and LBHI and LCPI shall attempt in good faith to harmonize their positions in the capital structure of the Sun and Moon project; and it is further

3

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Agreement.

Dated:  August 19, 2010
       New York, New York

                                       /s/James M. Peck_____
                                       UNITED STATES BANKRUPTCY JUDGE