Page 1

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 08-13555-jmp
 5   Adv. Case No. 08-01420-jmp (SIPA)
 6   - - - - - - - - - - - - - - - - - - - -x
 7   In the Matter of:
 8   LEHMAN BROTHERS HOLDINGS INC., et al.,
 9              Debtors.
10   - - - - - - - - - - - - - - - - - - - -x
11   In the Matter of:
12   LEHMAN BROTHERS INC.,
13              Debtor.
14   - - - - - - - - - - - - - - - - - - - -x
15
16              U.S. Bankruptcy Court
17              One Bowling Green
18              New York, New York
19
20              August 19, 2010
21              9:59 AM
22
23   B E F O R E:
24   HON. JAMES M. PECK
25   U.S. BANKRUPTCY JUDGE
```

Page 2

2  Hearing re: Trustee's Motion to Uphold Determinations as to
3  Claims (I) Based on No Relationship with LBI, (II) For Accounts
4  Empty as of the Filing Date, and (III) For Accounts Previously
5  Transferred In Accordance with SIPA and the Account Transfer
6  Order and Expunging Related Objections Thereto

24  Transcribed By:  Hana Copperman

```
 1
 2   A P P E A R A N C E S:
 3   HUGHES HUBBARD & REED LLP
 4        Attorneys for James W. Giddens, SIPA Trustee
 5        One Battery Park Plaza
 6        New York, New York 10004
 7
 8   BY:  MEAGHAN C. GRAGG, ESQ.
 9        JEFFREY S. MARGOLIN, ESQ.
10        DAVID W. WILTENBURG, ESQ.
11
12
13   MILBANK, TWEED, HADLEY & MCCLOY LLP
14        1 Chase Manhattan Plaza
15        New York, NY 10005
16
17   BY:  BRADLEY SCOTT FRIEDMAN, ESQ.
18
19
20   SECURITIES INVESTOR PROTECTION CORPORATION
21        805 15th Street, N.W.
22        Suite 800
23        Washington, DC 20005
24
25   BY:  KENNETH J. CAPUTO, ESQ.
```

Page 4

1  P R O C E E D I N G S

2  THE COURT: Be seated, please. Good morning.

3  MR. WILTENBURG: Good morning, Your Honor. David

4  Wiltenburg, Hughes Hubbard & Reed, on behalf of James Giddens

5  as SIPA trustee at LBI. Today's calendar was going to include

6  two items until yesterday, and it happened with respect to the

7  item that had to do with foreign exchange forward contracts,

8  that the last of the affected claim objections was withdrawn,

9  so, as indicated on this morning's calendar, that matter is

10 resolved and those claims have been reclassified to general

11 creditor claims and they'll appear -- they do appear on the

12 omnibus notice of claims withdrawn.

13 That leaves the trustee's motion to uphold

14 determinations in certain categories where no debt was owed to

15 LBI, and that matter will be presented by Ms. Meaghan Gragg of

16 our office, and I believe that Mr. Caputo from SIPC may have a

17 comment on that as well.

18 MS. GRAGG: Good morning, Your Honor. Meaghan Gragg

19 of Hughes Hubbard & Reed for the SIPA trustee. The only matter

20 remaining is the motion to uphold certain claims on grounds

21 that the LBI estate owed no obligation to the claimants. Each

22 of the claims, subject to the trustee's motion, falls into one

23 of three different categories, which are non-LBI claims, where

24 the claim is based on a relationship with an entity other than

25 LBI and no securities or cash was held by LBI or entrusted to

08-13555-mg   Doc 10960   Filed 08/20/10   Entered 08/23/10 10:44:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 5 of 8

Page 5

1   LBI, empty account claims, where the claim was made by a
2   customer of LBI but there was no cash or securities held in the
3   account as of the filing date, and customer account transfer
4   claims, where the claim was made by a customer of LBI but the
5   claim is for an account that was transferred to Barclays
6   Capital or Neuberger Berman, pursuant to the account transfer
7   process approved by the Court in December of 2009.
8            As background, in several hundred cases the trustee
9   has denied claims that fall into these three categories.  179
10  objections have been filed to these denials.  Approximately 67
11  of these objections have been withdrawn to date, following
12  communications between the trustee's staff and objecting
13  claimants.  Additional objections in this group have been
14  resolved by the Court's prior orders.  Today's motion is part
15  of the process of resolving the remaining objections.
16           Details regarding the claims and accounts are
17  contained in the motion's exhibits.  A representative of
18  Deloitte is here today if the Court has any questions regarding
19  the underlying claims.
20           THE COURT:  I don't have any questions, but if there's
21  anything more you wish to put on the record you're free to do
22  that.
23           MS. GRAGG:  SIPC agrees with the motion.
24           MR. CAPUTO:  We do, Your Honor.  I don't really have
25  any additional comments.  We think this is pretty

Page 6

1  straightforward.
2          THE COURT:  Fine.
3          MS. GRAGG:  No responses have been filed.  Two of the
4  objecting claimants have agreed to withdraw their objections,
5  so on that basis, unless there are any questions, we --
6          THE COURT:  It's unopposed and not controversial, and
7  it's approved.
8          MS. GRAGG:  Thanks.  We filed and will provide copies
9  to your law clerk of a revised proposed order that reflects the
10 relief requested.
11         THE COURT:  Okay.  And, Mr. Caputo, did you have
12 anything more you wanted to go through?
13         THE COURT:  I don't, Your Honor.  Thank you.  I think
14 this is a straightforward motion, and for the reasons stated by
15 the trustee's counsel we concur.
16         THE COURT:  Fine.  Is there anything more for today?
17         MR. WILTENBURG:  No, Your Honor.
18         MR. CAPUTO:  No, it became a much easier day than we
19 had first anticipated.
20         THE COURT:  Fine.  Then we can all go home.  We're
21 adjourned.
22         (Proceedings concluded at 10:03 AM)
23
24
25

```
                                     I N D E X

                                    RULINGS
                              Page        Line
 6   Granting of Motion to     6           7
 7   Uphold Determinations of
 8   Certain Claims
```

```
 1
 2                  C E R T I F I C A T I O N
 3
 4   I, Hana Copperman, certify that the foregoing transcript is a
 5   true and accurate record of the proceedings.
 6
 7   _____
 8   Hana Copperman
 9   AAERT Certified Electronic Transcriber (CET**D-487)
10
11   Veritext
12   200 Old Country Road
13   Suite 580
14   Mineola, NY 11501
15
16   Date: August 20, 2010
17
18
19
20
21
22
23
24
25
```