THALER & GERTLER, LLP
ATTORNEYS FOR THE AUGUST '86 TRUST
ANDREW M. THALER
KATHERINE A. GERACI
90 MERRICK AVENUE, SUITE 400
EAST MEADOW, NEW YORK 11554

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In Re:                                                          Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,                        Case No. 08-13555 (JMP)
                                                                (Jointly Administered)
                    Debtor.
-----------------------------------------------------------x

### OBJECTION BY THE AUGUST '86 TRUST TO THE DEBTORS' TWENTY NINTH OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER) (CLAIM NO. 42708)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The August '86 Trust, creditor in the above-captioned Chapter 11 case, ("August '86 Trust"), by and through its attorneys, THALER & GERTLER, LLP, respectfully states as follows:

#### BACKGROUND

1. This Objection is submitted[1] in opposition to the Debtors' motion seeking to strike the claim of August '86 Trust (Claim No. 42708) merely because August '86 Trust inadvertently neglected to list a "Blocking Number" on its Claim.

---

[1] August '86 Trust was graciously granted an extension of time to file its response from August 19, 2010 to August 23, 2010 by counsel for the Debtors. See e-mail annexed at **Exhibit "A."**

1

August '86 Trust inadvertently neglected to list a "Blocking Number" on its Claim.

2. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a petition in the Bankruptcy Court for the Southern District of New York under chapter 11 of the Bankruptcy Code. Subsequently, 22 additional affiliates of LBHI (together with LBHI, the "Debtors") filed petitions in the Bankruptcy Court for the Southern District of New York seeking similar relief under chapter 11 of the Bankruptcy Code. These cases are being jointly administered.

3. On July 2, 2009, the Court entered an Order (the "Bar Date Order") establishing and setting November 2, 2009, at 5:00 p.m. as the last date and time for creditors to file a proof of claim ("Proof of Claim") based on prepetition claims against the Debtors (the "Bar Date.")

4. On October 20, 2010, Power City (by Joseph Kelley, Trustee, Wickland, Ireland) timely filed a 24 page proof of claim in the amount of $448,110.00 (the "Claim.") on behalf of August '86 Trust. The Claim was based on Lehman Brothers Capital Protected Notes.

5. The Claim Form was completely filled out and included the last four digits of the Barclays Brokerage number.

6. The Debtors now seek to expunge the Claim because August '86 Trust inadvertently did not list the "blocking number" on the Claim.

7. August '86 Trust attempted in good faith to file its Claim and did not list the "blocking number" due to a misunderstanding, and its Claim should be

2

allowed.

## BASIS FOR RELIEF REQUESTED

8. Federal Rule of Bankruptcy Procedure 3001(f) states:

(f) Evidentiary effect.

A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

9. Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15 have been cited as allowing:

> "courts to accept late-filed amendments to timely filed proofs of claim. See Fed. R. Bankr.P. 7015 (stating that Fed. R.Civ.P. 15, governing the amendment of pleadings, "applies in adversary proceedings"); In re Trans World Airlines, Inc., 145 F.3d 124, 141 (3d Cir.1998) (noting that Rule 7015 leaves to the bankruptcy court's discretion the decision to grant or deny leave to amend claims)..."

Midland Cogeneration Venture Limited Partnership v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133 (2d Cir. 2005).

10. It has been held in this district that "the decision to permit an amendment of a proof of claim rests within the sound discretion of the bankruptcy judge." In re McLean Industries, Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990) (citations omitted).

11. Courts generally utilize a two step test as guidance in determining whether to allow a timely filed proof of claim to be amended. In re Enron Corp., 419 F.3d 115, 133 (2d Cir. 2005); In re Mercer's Kwik Stop Food Stores, Inc., 1993 WL 761989, * 1 (Bankr. N.D.N.Y. 1993). The amendment must first reasonably relate to a

timely filed proof of claim and not be a disguised attempt to file a new claim. <u>Mercer's Kwik Inc.</u>, 1993 WL 761989, * 1 (Bankr. N.D.N.Y. 1993) (citing cases).

12. The Court in <u>Enron</u> stated that an amendment will meet this threshold if it

> "1) corrects a defect of form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim." Second, if an amendment does, in fact, relate back' to the timely filed claim, the courts should examine each fact within the case and determine whether it would be equitable to allow the amendment. <u>In re Enron Corp.</u>, 419 F.3d 115, 133 (Citing cases).

13. Courts look at many factors when analyzing whether it would be equitable to allow such an amendment. These include

> whether the debtor, or other creditors, would be unduly prejudiced by the amendment, or whether, instead, other creditors would receive a windfall from the disallowance of the amendment, and whether the late claimant acted in good faith and the delay was justified. Of these, however, the critical consideration is whether the opposing party will be unduly prejudiced by the amendment.

<u>In re Spiegel, Inc.</u>, 337 B.R. 816, 820 (Bankr. S.D.N.Y. 2006)

14. Acknowledging that such amendments are not automatically granted, the court in <u>In re Enron Corp.</u>, 419 F.3d 115, 133 (citing cases) stated that "Belated amendments will ordinarily be "freely allowed" where other parties will not be prejudiced. . .

15. In the alternative, Courts have recognized claims as an informal proofs of claim because the claim (as in the Power City Claim in this case) contains enough information to put the Debtors on notice as to the existence and amount of

claim.

16. In re The Drexel Burnham Lambert Group Inc., 129 B.R. 22, 26 (Bankr. S.D. N.Y. 1991), the court states that:

> Barclays also asks this Court to characterize its letter requesting payment from DBL as an informal proof of claim. This tack does not involve extending the claim bar date, but instead asks this Court to hold that a letter mailed to DBL constitutes a timely filed proof of claim. . . .
>
> For a document to constitute an informal proof of claim the document must state an explicit demand showing: 1) the nature of the claim; 2) the amount of the claim against the estate; and, 3) evidence of an intent to hold the debtor liable. In re AP Industries, 117 B.R. 789 (Bkrtcy. S.D.N.Y.1990); In re Sherret, 58 B.R. 750 (Bkrtcy.W.D.La.1986); In re Nucorp Energy, Inc., 52 B.R. 843 (Bkrtcy.N.D.Ca.1985)

17. Any possible confusion concerning August '86 Trust's Claim could also be considered under the "excusable neglect" standard under Bankruptcy Rule 9006(b). See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 394-395 (1993).

## THE DEBTORS' OBJECTION SHOULD BE DENIED

18. August '86 Trust's Claim satisfies the requirements of the Bankruptcy Rules and should be allowed to be amended. The Claim was signed, timely filed and contains 24 pages of information needed to show the nature of the claim and the amount sought by the creditor.

19. August '86 Trust's claim should be allowed to be amended to add the blocking number because it is based upon the same facts and information which was asserted in the original claim. Amending the Claim to add the Blocking Number

5

20. The Debtors and the other creditors of the Debtors will not be prejudiced by the allowance of the Claim, as amended to add the blocking number.

21. August '86 Trust has already contacted the Debtors concerning the filing of an amended proof of claim, so there would be no surprise to the Debtor. (See the amended Claim annexed hereto at **Exhibit "B."**)

22. In the alternative, August '86 Trust's claim can satisfy all the criteria necessary to qualify the Claim without the blocking number as an informal proof of claim. The claim of August '86 Trust was timely filed with the Bankruptcy Court as evidence of an intent to hold the Debtors liable. The Claim and documents filed with the court are certainly enough to alert the Debtor as to the claim.

23. Courts have recognized informal proofs of claim if the Claim contains enough information to put the Debtors on notice as to the existence and amount of a claim. Clearly, August '86 Trust's claim would qualify.

**WHEREFORE**, it is respectfully requested that an order be entered: (I) denying the Debtors' motion in its entirety and allowing August '86 Trust to amend its Claim and (ii) for such other and further relief as may appear just and proper.

Dated: East Meadow, New York  
       August 23, 2010

**THALER & GERTLER, LLP**  
Attorneys for The August '86 Trust  
90 Merrick Avenue, Suite 400  
East Meadow, New York 11554  
516-228-3553

By:   /s/ Andrew M. Thaler  
      Andrew M. Thaler  
      Katherine A. Geraci

W:\Clients A-Z\Clients O-S\Power City\Lehman Power City objection to Omnibus motion.wpd