**Presentment Date and Time: September 2, 2010 at 12:00 p.m. noon (Prevailing Eastern Time)**
**Objection Deadline: September 2, 2010 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                            :
**In re**                                                   :    Chapter 11 Case No.
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :    08-13555 (JMP)
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF
### STIPULATION, AGREEMENT AND ORDER GRANTING
### OASIS ASSOCIATES LLC LIMITED RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement, and Order granting Oasis Associates LLC limited relief from the automatic stay (the "Stipulation, Agreement, and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **September 2, 2010 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement, and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **September 2, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement, and Order on **September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 25, 2010
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time: September 2, 2010 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline: September 2, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                  :
In re                                             :    Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,            :    08-13555 (JMP)
                                                  :
         Debtors.                                 :    (Jointly Administered)
                                                  :
-------------------------------------------------------------------x
```

### STIPULATION, AGREEMENT AND ORDER GRANTING
### OASIS ASSOCIATES LLC LIMITED RELIEF FROM THE AUTOMATIC STAY

Lehman Brothers Holdings Inc. ("LBHI") and Oasis Associates LLC ("Oasis Associates," together with LBHI, the "Parties") by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (this "Stipulation") and represent and agree as follows:

### RECITALS

A.    On September 15, 2008 and periodically thereafter (the "Petition Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

US_ACTIVE:\43476165\04\58399.0003

B. TRG Oasis, Ltd. and TRG Oasis (Tower Two), Ltd. (together, the "Borrowers") and Bank of America, N.A., as successor by merger to LaSalle Bank National Association, on its own behalf and as agent for certain other financial institutions (collectively, the "Original Senior Lenders"), are parties to that certain Construction Loan Agreement, dated as of June 21, 2010, and other loan documents executed in connection therewith (collectively, the "Senior Loan Documents"), pursuant to which the Original Senior Lenders agreed to make a loan (the "Senior Loan") to the Borrowers for the construction and development of a condominium development located in Fort Meyers, Florida (the "Project") on the terms and conditions set forth in the Senior Loan Documents. The Senior Loan is secured by all of the Borrowers' interest in the Project (the "Senior Collateral") pursuant to that certain Amended and Restated Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated as of June 21, 2006 (the "Mortgage"). Oasis Associates is the current owner of the Senior Loan pursuant to a Loan Purchase Agreement dated as of June 8, 2010.

C. LBHI extended mezzanine financing on the Project (the "Mezzanine Loan") to TRG Oasis Lower, Ltd. and TRG Oasis Lower (Tower Two), Ltd. (together, the "Mezzanine Borrowers") pursuant to that certain Mezzanine Construction Loan Agreement, dated as of June 21, 2006. The Mezzanine Borrowers hold 100% of the limited partnership interests in the Borrowers. The Mezzanine Borrowers also hold 100% of the limited liability company interests in TRG Oasis (Tower Two), LLC and TRG Oasis, LLC (collectively, the "Borrower GPs"), which are the sole general partners of the Borrowers. The Mezzanine Loan is secured, *inter alia*, by all of the Mezzanine Borrowers' interest in the Borrowers and the Borrower GPs.

D. Oasis Associates, as successor to the Original Senior Lenders, and LBHI are parties to that certain Intercreditor Agreement, dated as of June 21, 2006 (the "Intercreditor Agreement"), pursuant to which certain of LBHI's rights, title and interests in and under the Mezzanine Loan are subordinated to certain of Oasis Associates' rights, title and interest in and under the Senior Loan.

  E. Oasis Associates asserts that the Borrowers defaulted on the Senior Loan and, accordingly, that Oasis Associates is entitled to and seeks to foreclose on the Senior Collateral.

  F. Pursuant to the Intercreditor Agreement, Oasis Associates is required to provide LBHI with copies of all notices of default in connection with the Senior Loan, and LBHI has the right (but not the obligation) to cure any default by the Borrowers and the option to purchase the Senior Loan on the terms set forth therein. LBHI has not exercised its rights to cure the Borrower's alleged default or exercised its option to purchase the Senior Loan.

  G. In an effort to consensually resolve certain issues that have arisen in connection with Oasis Associates' exercise of its rights and remedies with respect to the Borrower's alleged default in connection with the Senior Loan, the parties hereto have agreed that it is in their best interests to enter into this Stipulation upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

  1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

  2. Upon the Effective Date, and provided that LBHI has previously received a wire transfer in the amount of $275,000.00 from Oasis Associates, the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") shall be modified solely to the extent necessary to permit Oasis Associates to exercise its rights, solely with respect to the Senior Collateral, under the Senior Loan Documents and applicable law, including foreclosure on the Senior Collateral constituting real property, solely as against third parties other than LBHI, including the Borrowers and any guarantor of indebtedness under the Senior Loan, and the Automatic Stay shall further be modified such that all acts previously taken by Oasis Associates in connection with the exercise of such rights, including without limitation its prior

notification to LBHI of the Borrower's default and LBHI's opportunity to exercise its rights in connection therewith, are deemed to have been permitted.

3. LBHI, through its officer(s), is hereby authorized to make, execute, file and deliver such statements, instruments, and other documents and to take all other and further actions that may be required or necessary for the performance by LBHI of the terms of this Stipulation, and each of the Parties are hereby authorized to file, register or otherwise record a copy of this Stipulation.

4. Other than as set forth in Paragraph 2 above, the Automatic Stay remains in full force and effect including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the Debtors, the Debtors' estates and/or to exercise control over assets or property of the Debtors or the Debtors' estates (as defined in section 541 of the Bankruptcy Code).

5. This Stipulation shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, records of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Senior Collateral and the transactions effectuated in connection therewith under this Stipulation.

6. Except as expressly provided herein, nothing in this Stipulation shall constitute or be construed as (a) an amendment to the documents evidencing or securing the Mezzanine Loan or any guaranty of the obligations of the Mezzanine Borrowers thereunder, or of the Senior Loan Agreement or the Intercreditor Agreement or a waiver or forgiveness of the Borrower's alleged default in connection with the Senior Loan or (b) an admission as to the validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

7. This Stipulation is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

8. Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

11. This Stipulation shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

[The remainder of this page is intentionally blank.]

12. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: August 23, 2010

| **WEIL, GOTSHAL & MANGES LLP** | **KASOWITZ, BENSON, TORRES & FRIEDMAN LLP** |
|---|---|
| /s/ Richard P. Krasnow | /s/ Andrew K. Glenn |
| Richard P. Krasnow | Andrew K. Glenn |
| 767 Fifth Avenue | 1633 Broadway |
| New York, New York 10153 | New York, New York 10019 |
| Telephone: (212) 310-8000 | Telephone: (212) 506-1747 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 835-5047 |
| Attorneys for Debtors and Debtors in Possession | Counsel for Oasis Associates |

SO ORDERED this ____ day of _____, 2010

*HONORABLE JAMES M. PECK*
*UN*ITED STATES BANKRUPTCY JUDGE