United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

RECEIVED
AUG 2 5 2010
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

--    **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

--    Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further
correspondence related to this transfer.

4.    If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT
TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON
OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**


CLERK

--------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____,
2005.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtor's Attorney ___


Deputy Clerk

558612.1/9999-00998

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                        )
In re:                                                  )    Chapter 11
                                                        )
LEHMAN BROTHERS HOLDINGS INC.                           )    Case No. 08-13555 (JMP)
                                                        )
                                                        )
                                                        )
        Debtor.                                         )    (Jointly Administered)
---------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.    TO:        **WESTERN ASSET UK LIMITED DURATION BOND FUND** ("Transferor")
                 c/o Western Asset Management Company and Western Asset Management Company Limited
                                Attn:Legal Dept
                                385 E. Colorado Blvd
                                Pasadena, CA 91101

2.      Please take notice of the transfer in the amount of **US$17,406.00** of your claims against
LEHMAN BROTHERS HOLDINGS INC., Case No. 08-13555 (JMP) arising from and relating to
**the claim attached here to** (attached in <u>Exhibit A</u> ), to:

                 **INVISTA Textiles (U.K.) Limited Pension Plan** ("Transferee")
                 **c/o Bernadette Vennells, as Relationship Manager**
                 BNY Mellon Asset Servicing B.V
                 160 Queen Victoria Street
                 London EC4V4LA
                 Phone: + 44 20 7163 5507

        An evidence of transfer of claim is attached hereto as <u>Exhibit B</u>. All distributions and notices
regarding the transferred portion of the claims should be sent to the Transferee at the instructions attached
in <u>Exhibit C</u>.

3.      No action is required <u>if you do not object</u> to the transfer of your claims. However, **IF YOU OB-
JECT TO THE TRANSFER OF YOUR CLAIMS, WITHIN <u>20 DAYS</u> OF THE DATE OF THIS
NOTICE, YOU MUST:**

--            **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

558612.1/9999-00998

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

--     **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

--     Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4.     If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                                    CLERK
----------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2005.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ____ Transferee ____ Debtor's Attorney ____


                                        _____
                                        Deputy Clerk

## EXHIBIT A

### PROOF OF CLAIM

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT  Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers, Inc. | Case Number:<br>08-1420 (JMP) SIPA |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Western Asset UK Limited Duration Bond Fund | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Western Asset UK Limited Duration Bond Fund, c/o Western Asset Management Company, ATTN: Legal Dept W-5321, 385 E. Colorado Blvd., Pasadena, CA, 91101 | Court Claim Number:_____<br>*(If known)* |
| Telephone number:<br>(626)-844-9400 | Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>Ann Marie Sullivan, BNY Mellon, 25th Floor, One Wall Street, New York, New York 10286 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone number:<br>212-635-8374 | ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**  $_____17,406.00<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**   Failed Trades. See attached Suppleme<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>**3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☑ Other<br>Describe:  Additional Failed Trades with Amounts owing to Debtor<br><br>Value of Property:$_____   Annual Interest Rate___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____   Basis for perfection: _____<br><br>Amount of Secured Claim: $_____0.00   Amount Unsecured: $_____17,406.00 | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | |
|---|---|
| **Date:**<br>01/05/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Western Asset Management Company Limited, As Investment Manager<br><br>Barbara L. Ziegler/Head of Client Service and Marketing Support | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07) -- Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An informed signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**_____INFORMATION_____**

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

7008 1140 0001 3788 6879

Lehman Brothers Inc. Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 6389
Portland, OR 97228-6389

49

for instructions

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by ( Printed Name )    C. Date of Delivery |
| 1. Article Addressed to: <br><br> Lehman Brothers Inc. Claims Processing <br> c/o Epiq Bankruptcy Solutions, LLC <br> P.O. Box 6389 <br> Portland, OR 97228-6389 <br><br> 49 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> JAN 3 0 2009 <br><br> 3. Service Type <br> ☒ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☒ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> 7008 1140 0001 3788 6879 | 5321 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# WESTERN ASSET

## NOTICE OF TERMINATION OF TBA TRADES

September 26, 2008 (Termination Date)

**Via E-Mail**
Lehman Brothers Inc.
Mortgage Trading Desk
Attention:        Deirdre Dunn
                  Jack Fondacaro
E-Mail Address: deirdre.dunn@lehman.com
                  jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

Western Asset Management Company ("Western Asset"), as agent and investment manager on behalf of certain of its client accounts (the "Western Managed Accounts"), has entered into to-be-announced agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

Western Asset hereby gives notice on behalf of the Western Managed Accounts, that each Lehman TBA Trade set forth in both Schedule A and Schedule B attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is today (the Termination Date), except to the extent that a replacement trade was executed after September 19, 2008 but on or before September 24, 2008 in which case the Termination Date is such earlier replacement trade date. The information for each Lehman TBA Trade and the corresponding replacement trade is set forth on Schedule A.

If a replacement trade is not entered into on the Termination Date, the termination price shall be the median of market prices from three dealers as of 3:00 p.m. (New York time) today (the Termination Date), except to the extent that market quotes were received after September 19, 2008 but on or before September 24, 2008 in connection with actions taken during such period to terminate the Lehman TBA trade in which case the Termination Date is such earlier date that the market quotes were received. The information for each Lehman TBA Trade, including the information on the market quotes, is set forth on Schedule B.

The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule A and Schedule B will set forth the gain or loss for each terminated Lehman TBA Trade.

Western Asset Management Company                    Receipt acknowledged by SIPC Trustee
As investment manager and agent
on behalf of certain of its clients

By: _W MN-Y_                                        By: _Maria Ja___
Name:                                               Name:  Maria Termini
Title:   **W. Stephen Venable, Jr.**                Title:  Counsel to James W. Giddens, Trustee for the
         Manager, US Legal and Corporate Affairs            SIPA Liquidation of Lehman Brothers Inc.

*Western Asset Management Company*
385 East Colorado Blvd. Pasadena, CA 91101 • Tel: (626) 844-9400 • Fax: (626) 844-9450



### NOTICE OF TERMINATION OF TBA TRADES

September 25, 2008 (Termination Date)

**Via E-Mail**

Lehman Brothers Inc.,
Mortgage Trading Desk
Attention:    Deirdre Dunn
              Jack Fondacaro
E-Mail Address: deirdre.dunn@lehman.com
                jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

Western Asset Management Company ("Western Asset"), as investment manager and agent on behalf of certain of its clients, has entered into to-be-announced agency mortgage pass-through trades on behalf of certain of its client accounts (the "Western Client Accounts") with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

Western Asset hereby gives notice, on behalf of the Western Client Accounts, that each Lehman TBA Trade set forth in Schedule A attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is today (the Termination Date), except to the extent that a replacement trade was executed after September 19, 2008 but on or before September 24, 2008 in which case the Termination Date is such earlier replacement trade date. The information for each Lehman TBA Trade and the corresponding replacement trade is set forth on Schedule A.

The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule A will set forth the gain or loss for each terminated Lehman TBA Trade.

Western Asset Management Company,                    Receipt acknowledged by SIPC Trustee
As agent and investment manager on
behalf of certain client accounts

By: _____                                 By: _____
Name:                                               Name: Maria Termini
Title:  W. Stephen Venable, Jr.                      Title:  Counsel to James W. Giddens, Trustee for the
        Manager, US Legal and Corporate Affairs              SIPA Liquidation of Lehman Brothers Inc.



## NOTICE OF TERMINATION OF TBA TRADES

September 26, 2008 (Termination Date)

**Via E-Mail**
Lehman Brothers Inc.
Mortgage Trading Desk
Attention:      Deirdre Dunn
                Jack Fondacaro
E-Mail Address: deirdre.dunn@lehman.com
                jack.fondacaro@lehman.com

Hughes Hubbard & Reed LLP
Counsel for the Lehman Brothers Inc. SIPC Trustee
Attention: Maria Termini
E-Mail Address: termini@hugheshubbard.com

    Western Asset Management Company ("Western Asset"), as agent and investment manager on behalf of certain of its client accounts (the "Western Managed Accounts"), has entered into to-be-announced agency mortgage pass-through trades with Lehman Brothers Inc. ("Lehman") prior to the liquidation filing of Lehman on September 19, 2008, settling in October, November or December 2008 that have not yet settled (each, a "Lehman TBA Trade").

    Western Asset hereby gives notice on behalf of the Western Managed Accounts, that each Lehman TBA Trade set forth in both Schedule A and Schedule B attached hereto is hereby terminated effective today (the "Termination Date"). This notice is effective upon delivery.

    If all or a portion of the Lehman TBA Trade is replaced, the termination price of the Lehman TBA Trade is the price at which the replacement trade was executed to replicate the exposure of the terminated Lehman TBA Trade. The trade date for the replacement trade is today (the Termination Date), except to the extent that a replacement trade was executed after September 19, 2008 but on or before September 24, 2008 in which case the Termination Date is such earlier replacement trade date. The information for each Lehman TBA Trade and the corresponding replacement trade is set forth on Schedule A.

    If a replacement trade is not entered into on the Termination Date, the termination price shall be the median of market prices from three dealers as of 3:00 p.m. (New York time) today (the Termination Date), except to the extent that market quotes were received after September 19, 2008 but on or before September 24, 2008 in connection with actions taken during such period to terminate the Lehman TBA trade in which case the Termination Date is such earlier date that the market quotes were received. The information for each Lehman TBA Trade, including the information on the market quotes, is set forth on Schedule B.

    The gain or loss on each terminated Lehman TBA Trade shall be calculated based on the difference between the price of each terminated Lehman TBA Trade and the termination price. The completed Schedule A and Schedule B will set forth the gain or loss for each terminated Lehman TBA Trade.

Western Asset Management Company
As investment manager and agent
on behalf of certain of its clients

By:
Name:
Title:    **W. Stephen Venable, Jr.**
          Manager, US Legal and Corporate Affairs

Receipt acknowledged by SIPC Trustee

By:
    Name:    Maria Termini
    Title:    Counsel to James W. Giddens, Trustee for the
           SIPA Liquidation of Lehman Brothers Inc.

*Western Asset Management Company*
385 East Colorado Blvd. Pasadena, CA 91101 • Tel: (626) 844-9400 • Fax: (626) 844-9450

## Instruction Sheet

<u>The following lists the components of this claim packet:</u>

* **Summary Sheet**: displays the account number, account name, and gross exposure amounts across a range of categories (designated by columns # 1 - # 8 on the Summary Sheet). The total net account exposure amount is also listed.

* **Supplement Form**: further legal explanation/documentation.

* **Replacement Trade Data Sheet**: these pages detail any replacement trades that were executed. This is the exact information that was originally submitted to the SIPC Trustee.

* **Termination Trade Data Sheet**: these pages detail any trades that were terminated as a result of the Lehman Brothers bankruptcy. This is the exact information that was originally submitted to the SIPC Trustee.

* **Trade Notification Letters**: these pages detail account-level trade details of either original trades with Lehman Brothers and/or Replacement trades entered into with other broker/dealers.

<u>Details of packet:</u>

**Column # 1: "Specified Pool Fails"** – if applicable, the packet will include a Termination Trade Data Sheet plus the original Trade Notification letters (broker = Lehman)

**Column # 2: "Sept Class C Pairoff Wires"** – if applicable, the packet will include the original Trade Notification letters (broker = Lehman) which outline the pairoff amount due to/from Lehman.

**Columns # 3 through # 5: "Sept Class A" / "Sept Class C Buys" / "Sept Class C Sells"** - if applicable, the packet will include a Termination Trade/Replacement Trade Data Sheet, the original Trade Notification letter (broker = Lehman), plus the Replacement Trade Notification Letters (broker other than Lehman).

**Column # 6: "Oct TBA Pairoffs"** - if applicable, the packet will include the original Trade Notification letters (broker = Lehman) which outline the pairoff amount due to/from Lehman.

**Column # 7: "Oct TBA Replacement Trades"** – if applicable, the packet will include a Replacement Trade Data Sheet, the original Trade Notification letter (broker = Lehman), plus the Replacement Trade Notification Letters (broker other than Lehman).

**Column # 8: "Oct TBA Terminations"** – if applicable, the packet will include a Termination Trade Data Sheet plus the original Trade Notification letters (broker = Lehman).



Supplement to Proof of Claim of
Western Asset UK Limited Duration Bond Fund (the "Creditor")

2. Basis for Claim

The amount of claim listed in Item 1 (the "Claim Amount") stems from various failed deliveries or settlement of forward mortgage contracts entered into by the Creditor with Lehman Brothers, Inc. (the "Debtor"). These transactions are commonly referred to in the financial industry as "TBA trades." In each case the trades were entered into prior to the filing of the bankruptcy case and were terminated pursuant to industry-wide protocols. In accordance with such protocols, the claim amount on each trade was calculated by either replacing the trade in the open market or obtaining market quotes for a potential replacement trade.

The Claim Amount is an aggregate amount of all trades where a payable is due to the Creditor, and Creditor retains its right of setoff against any amounts due to the Debtor. We have provided individual trade details as well.

7. Documentation

We attach the following documentation:
   a. Aggregate Claim and Exposure Information
   b. Trade tickets for individual TBA Trades
   c. Copies of the Notice of Termination Letters Submitted to the SIPC Trustee
   d. Calculation of Gain/Loss for each terminated trade.

General Statement

Creditor hereby reserves all rights to amend and supplement this Proof of Claim from time to time to, among other things, restate the Claim Amount. Creditor hereby also reserves, to the extent not exercised, any rights of setoff or recoupment it may have against the Debtor.

This Proof of Claim is being submitted prior to the deadline for Customer Claims. We request that, to the extent permissible, this Proof of Claim qualify as a Customer Claim and that such claim receive the full benefit of being a Customer Claim.

This Proof of Claim is filed under the compulsion of the bar date established in this matter and is filed, for among other reasons, to protect Creditor from the forfeiture of its claims by reason of said bar date. The filing of this Proof of Claim is not and shall not be deemed or construed as a waiver or release of Creditor's rights against any person, entity or property, or any other right, remedy, claim or defense of Creditor whatsoever.



**DATE:** Dec 29, 2008
**TRADE SETUP**
Purchase

**ACCOUNT**
**PORTFOLIO:** 5321
**PORTFOLIO NAME**
WA UK LIMITED DURATION BOND FUND

**CUSTODIAN BANK INFORMATI**
Bank of New York
**CLIENT ACCOUNT:** 382985

**SECURITY**
**SECURITY ID:** US01F0506A92

**DESCRIPTION:** FNMA 30YR OCT FWD

**MATURITY DATE:** 01-Oct-2038

**COUPON:** 5

**TRANSACTION**
**REFERENCE #:** 0532120052228000
**TRADE DATE**
08-Sep-2008

**SETTLEMENT DATE**
14-Oct-2008

| QUANTITY | PRICE | CUR PRINCIPAL | COMMISSION | INTEREST |
|---|---|---|---|---|
| 600,000.000 | 98.34375000 | USD  590,062.50 | 0.00 | 0.00 |

| ORIGINAL FACE | | PAIROFF AMT | OTHER FEES | SETTLE AMT |
|---|---|---|---|---|
| 600,000.000 | | 0.00 | 0.00 | 590,062.50 |

**SETTLEMENT PARTIES**
**SETTLEMENT LOCATION:**   FRNYUS33        FED
**BUYER/SELLER:**          074             Lehman Brothers
**DELIV/REC AGENT:**       LEHMAN
**DELIVERY AGENT:**        021000021       JPM CHASE NYC

**COMMENTS**
***** DUPLICATE PLEASE IGNORE *****

| Jessica Chang | Mark Soussan | Ross Nightingale | Danny Shiggin |
|---|---|---|---|

 **WESTERN ASSET**

**DATE:** Dec 29, 2008
**TRADE SETUP**
Sale

**ACCOUNT**
**PORTFOLIO:** 5321
**PORTFOLIO NAME**
WA UK LIMITED DURATION BOND FUND

**CUSTODIAN BANK INFORMATI**
Bank of New York
**CLIENT ACCOUNT:** 382985

**SECURITY**
**SECURITY ID:** US01F0506A92

**DESCRIPTION:** FNMA 30YR OCT FWD

**MATURITY DATE:** 01-Oct-2038

**COUPON:** 5

**TRANSACTION**
**REFERENCE #:** 0532120052330000
**TRADE DATE**
12-Sep-2008

**SETTLEMENT DATE**
14-Oct-2008

| QUANTITY | PRICE | CUR PRINCIPAL | COMMISSION | INTEREST |
|---|---|---|---|---|
| 600,000.000 | 99.03125000 | USD  594,187.50 | 0.00 | 0.00 |

| ORIGINAL FACE | | PAIROFF AMT | OTHER FEES | SETTLE AMT |
|---|---|---|---|---|
| 600,000.000 | | 4,125.00 | 0.00 | 594,187.50 |

**SETTLEMENT PARTIES**
| | | |
|---|---|---|
| **SETTLEMENT LOCATION:** | FRNYUS33 | FED |
| **BUYER/SELLER:** | 074 | Lehman Brothers |
| **DELIV/REC AGENT:** | LEHMAN | |
| **RECEIVING AGENT:** | 021000021 | JPM CHASE NYC |

**COMMENTS**
***** DUPLICATE PLEASE IGNORE *****

| Jessica Chang | Mark Soussan | Ross Nightingale | Danny Shiggins |
|---|---|---|---|


WESTERN ASSET

**DATE:** Dec 29, 2008
**TRADE SETUP**
**SALE**

<u>ACCOUNT</u>
**PORTFOLIO:** 5321
**PORTFOLIO NAME**
WA UK LIMITED DURATION BOND FUND

<u>CUSTODIAN BANK INFORMATION</u>
Bank of New York
**CLIENT ACCOUNT:** 382985

<u>SECURITY</u>
**SECURITY ID:** US01F0506A92

**DESCRIPTION:** FNMA 30YR OCT FWD

**MATURITY DATE:** 01-Oct-2038

**COUPON:** 5

<u>TRANSACTION</u>
**REFERENCE #:** 0532120052331000
**TRADE DATE**
12-Sep-2008

**SETTLEMENT DATE**
14-Oct-2008

| **QUANTITY** | **PRICE** | **CUR PRINCIPAL** | **COMMISSION** | **INTEREST** |
|---|---|---|---|---|
| 1,700,000.000 | 99.03125000 | USD 1,683,531.25 | 0.00 | 0.00 |

| **ORIGINAL FACE** | **PAIROFF AMT** | **OTHER FEES** | **SETTLE AMT** |
|---|---|---|---|
| 1,700,000.000 | 0.00 | 0.00 | 1,683,531.25 |

<u>SETTLEMENT PARTIES</u>
**SETTLEMENT LOCATION:** FRNYUS33        FED
**BUYER/SELLER:**        074             Lehman Brothers
**DELIV/REC AGENT:**     LEHMAN
**RECEIVING AGENT:**     021000021       JPM CHASE NYC

<u>COMMENTS</u>
***** DUPLICATE PLEASE IGNORE *****

Jessica Chang          Mark Soussan          Ross Nightingale          Danny Shiggins

Fax Server        12/30/2008 7:00:34 PM   PAGE   47/081   Fax Server


**WESTERNASSET**

**DATE:** Dec 30, 2008
**TRADE SETUP**
Sale

## ACCOUNT
**PORTFOLIO:** 5321
**PORTFOLIO NAME**
WA UK LIMITED DURATION BOND FUND

## CUSTODIAN BANK INFORMATION
Bank of New York
**CLIENT ACCOUNT:** 382985

## SECURITY
**SECURITY ID:** US01F0506A92

**DESCRIPTION:** FNMA 30YR OCT FWD

**MATURITY DATE:** 01-Oct-2038

**COUPON:** 5

## TRANSACTION
**REFERENCE #:** 0532120052758000
**TRADE DATE**
25-Sep-2008

**SETTLEMENT DATE**
14-Oct-2008

| QUANTITY | PRICE | CUR PRINCIPAL | COMMISSION | INTEREST |
|---|---|---|---|---|
| 1,600,000.000 | 98.25000000 | USD 1,572,000.00 | 0.00 | 0.00 |

| ORIGINAL FACE | | PAIROFF AMT | OTHER FEES | SETTLE AMT |
|---|---|---|---|---|
| 1,600,000.000 | | -1,187.50 | 0.00 | 1,572,000.00 |

## SETTLEMENT PARTIES
**SETTLEMENT LOCATION:** FRNYUS33        FED
**BUYER/SELLER:** 0050        Morgan Stanley
**DELIV/REC AGENT:** MSMPI
**RECEIVING AGENT:** 021000089        Citibank

## COMMENTS
***** DUPLICATE PLEASE IGNORE *****

Jessica Chang        Mark Soussan        Ross Nightingale        Danny Shiggins

 WESTERN ASSET

DATE: Dec 30, 2008
TRADE SETUP
SALE

**ACCOUNT**
PORTFOLIO: 5321
PORTFOLIO NAME
WA UK LIMITED DURATION BOND FUND

**CUSTODIAN BANK INFORMATION**
Bank of New York
CLIENT ACCOUNT: 382985

**SECURITY**
SECURITY ID: US01F0506A92

DESCRIPTION: FNMA 30YR OCT FWD

MATURITY DATE: 01-Oct-2038

COUPON: 5

**TRANSACTION**
REFERENCE #: 0532120052759000
TRADE DATE
25-Sep-2008

SETTLEMENT DATE
14-Oct-2008

QUANTITY
100,000.000

PRICE
98.25000000

CUR PRINCIPAL
USD 98,250.00

COMMISSION
0.00

INTEREST
0.00

ORIGINAL FACE
100,000.000

PAIROFF AMT
0.00

OTHER FEES
0.00

SETTLE AMT
98,250.00

**SETTLEMENT PARTIES**
SETTLEMENT LOCATION:  FRNYUS33
BUYER/SELLER:          0050
DELIV/REC AGENT:       MSMPI
RECEIVING AGENT:       021000089

FED
Morgan Stanley

Citibank

**COMMENTS**
****** DUPLICATE PLEASE IGNORE *****

Jessica Chang        Mark Soussan        Ross Nightingale        Danny Shiggins

## OCT TBA Replacement Trades - SIPC Trustee Data Sheet

| PORTFOLIO NAME | PORTFOLI O_NUMBE R | BUY or SELL | ORIG FACE - PORTION OF LOT REPLACED | LEH_ISSUE | LEH TBA CUSIP | Orig_Td_Dt | Cont_Stl_Dt | Orig_Price | PRIN - PORTION OF LOT REPLACED | BROKER NAME |
|---|---|---|---|---|---|---|---|---|---|---|
| WA UK Limited Duration Bond Fund | 5321 | SELL | (1,700,000.00) | FNMA - 30YR OCT FWD | 01F050GA9 | 9/12/2008 | 10/14/2008 | 99.031250 | (1,683,531.25) | Morgan Stanley |

**OCT TBA Replacement Trades - SIPC Trustee Data Sheet**

| TBA CUSIP | TRADE_DATE | SETTLEMENT_DATE | TRD_PRICE | PRIN | GAIN or LOSS |
|---|---|---|---|---|---|
| 01F0506A9 | 9/25/2008 | 10/14/2008 | 98.250000 | (1,670,250.00) | (13,281.25) |

## EXHIBIT B

## EVIDENCE OF TRANSFER OF CLAIM

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
DATED JUNE 10, 2010

TO:      THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, Western Asset UK Limited Duration Bond Fund ("Transferor") hereby unconditionally and irrevocably sells, transfers and assigns to INVISTA Textiles (U.K.) Limited Pension Plan ("Transferee"), and Transferee hereby agrees to accept, as of the date hereof, (a) an undivided interest in $17,406.00 (the "Claim") in Transferor's right, title and interest in and to the Proof of Claim (a copy of which is attached hereto) dated January 5, 2009 filed by Transferor (the "Proof of Claim") against Lehman Brothers, Inc. debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-1420 (JMP) SIPA (the "Debtor"); (b) all rights and benefits of Transferor relating to the Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), accounts, accounts receivable, voting rights and other rights and benefits of any nature whatsoever, lawsuits or causes of action of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Claim, (iv) any and all of Transferor's right, title and interest in, to and under the transfer agreements, if any, under which Transferor or any prior seller acquired the rights and obligations underlying or constituting a part of the Claim, but only to the extent related to the Claim, and (v) all rights in, to and under any collateral or guarantees related to the Proof of Claim; and (c) all proceeds of any kind of the foregoing, including, without limitation, all cash, securities or other property distributed or payable on account of, or exchanged in return for, any of the foregoing (collectively, the "Transferred Claims").

2.      Transferor hereby represents and warrants to Transferee that: (a) the Proof of Claim was duly and timely filed to preserve rights as a "Customer Claim" in accordance with the Order of the Bankruptcy Court establishing the deadline for filing proofs of claim; (b) Transferor owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Transferor or against Transferor; (c) Transferor is duly organized and validly existing under the laws of its jurisdiction of organization, in good standing under such laws, and has full power and authority to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (d) Transferor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Transferee receiving in respect of the Transferred Claims proportionately less in payments or distributions or less favorable treatment than other unsecured creditors; (e) Transferor has provided to Transferee true and correct copies of (i) the Proof of Claim, and (ii) the Federal Express receipt evidencing the timely delivery of the Proof of Claim to the Court; (f) no objection to the Proof of Claim or other Transferred Claims has been made and there are no offsets or defenses that have been or may be asserted by or on behalf of any party to reduce the amount of the Transferred Claims or to reduce the value of the Claim as compared to other general unsecured claims; (g) the aggregate principal amount of the Claim is not less than $17,406.00, and no payment or other distribution has been received by or on behalf of Transferor in full or partial satisfaction of the Claim; and (h) Transferor has not received any notice that the Transferred Claims are void or voidable or subject to any disallowance, reduction, impairment or objection of any kind.

3.      Transferor hereby waives any objection to the transfer of the Transferred Claims to Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution

purposes with respect to the Transferred Claims. Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor. Each of Transferor and Transferee hereby agrees to indemnify, defend and hold the other party, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Transferor's or Transferee's, as applicable, breach of its representations and warranties made herein.

5.      Transferor acknowledges no money is due from the Transferee as the Claim is being transferred pursuant to an in-kind redemption of Transferee's investment in Transferor. Transferor shall hold any distributions received in respect of the Transferred Claims in trust for Transferee and Transferor shall promptly (but in any event no later than three (3) business days from the date of this Agreement) remit any payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Transferee.

6.      Transferor shall not compromise or settle the Transferred Claims or change the Transferred Claims amount without the prior written consent of Transferee. Each of Transferor and Transferee agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Transferor and Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __th day of June, 2010.

**WESTERN ASSET UK LIMITED DURATION BOND FUND**
By:    Western Asset Management Company as investment manager

By: _____
Name:
Title:

W. Stephen Venable, Jr.
Attorney

**INVISTA (U.K.) Limited Pension Plan**

By: Western Asset Management Company Limited as investment manager

By: _____
Name:
Title:    Daniel E. Giddings
Manager, International Legal and Compliance

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT  Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers, Inc. | Case Number:<br>08-1420 (JMP) SIPA |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Western Asset UK Limited Duration Bond Fund | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Western Asset UK Limited Duration Bond Fund, c/o Western Asset Management Company, ATTN: Legal Dept W-5321, 385 E. Colorado Blvd., Pasadena, CA, 91101<br><br>Telephone number:<br>(626)-844-9400 | Court Claim Number:<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>Ann Maria Sullivan, BNY Mellon, 25th Floor, One Wall Street, New York, New York 10286<br><br>Telephone number:<br>212-635-8374 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**  $                    17,406.00<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**   Failed Trades. See attached Suppleme<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☑ Other<br>Describe:  Additional Failed Trades with Amounts owing to Debtor<br><br>Value of Property:$_____  Annual Interest Rate____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____    Basis for perfection: _____<br><br>Amount of Secured Claim: $_____0.00   Amount Unsecured: $_____17,406.00 | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | |
|---|---|
| **Date:**<br>01/05/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Western Asset Management Company Limited, As Investment Manager       Barbara L. Ziegler, Head of Client Service and Marketing Support | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**EXHIBIT C**

Address for Notices:

**INVISTA Textiles (U.K.) Limited Pension Plan ("Transferee")**
**c/o Bernadette Vennells, as Relationship Manager**
BNY Mellon Asset Servicing B.V
160 Queen Victoria Street
London EC4V4LA
Phone: + 44 20 7163 5507

Wire Instructions:

**USD     PAYMENT INSTRUCTIONS:**


THE BANK OF NEW YORK MELLON
BIC: BSDTUS33
ABA # 011001234
DDA # 108146
A/C# @ Global Custodian: ITUF0002002


**EUR     PAYMENT INSTRUCTIONS:**