**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** ***et al.*****,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

# NOTICE OF PARTIAL TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(2)

1. TO:

Hontai Life Insurance Co., Ltd. ("Transferor")
4th Floor, 156, Minsheng E. Rod., Sec. 3
Taipei, Taiwan R.O.C.
Telephone: 866-2-2716688 #9027
Email: fi@hontai.com.tw
betty.liu@hontai.com.tw

2. Please take notice that a portion of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 41195 (attached as Exhibit A hereto), has been transferred to:

Barclays Bank PLC ("Transferee")
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Email: daniel.crowley@barclayscapital.com
jessica.fainman@barclayscapital.com

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee.

3. No action is required if you do not object to the partial transfer of your claim. However, **IF YOU OBJECT TO THE PARTIAL TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ________ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on __________, 2009.

INTERNAL CONTROL NO.________

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

________________________
Deputy Clerk

**EXHIBIT A**

[Proof of Claim]

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000041195

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) Name: Hontai Life Insurance Co., Ltd.
Address: 4th Fl., 156, Minsheng E. Rd., Sec. 3, Taipei, Taiwan R.O.C.
886-2-27166888 #9207 fi@hontai.com.tw
886-2-27166888 #1609 betty.liu@hontai.com.tw

Telephone number: Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: ____________ (*If known*)

Filed on: ____________

Name and address where payment should be sent (if different from above)

The same as above.

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ 33,567,912.57 **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** Please see the attachment. **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Please see the attachment **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

Euroclear 23860 **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

| Date. | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

FILED / RECEIVED

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

USD

| ISIN | Euroclear Ref # | Cpn Rate | Currency | Investment | Accrued Interest by 2008/9/15 | Claim Amount |
|---|---|---|---|---|---|---|
| XS0301813522 | 6474052 | 6.90% | USD | 3,000,000 | 59,800.00 | 3,059,800.00 |
| XS0301813522 | 6474052 | 6.90% | USD | 3,000,000 | 59,800.00 | 3,059,800.00 |
| XS0338307936 | 6523673 | 9.30% | USD | 5,000,000 | 99,458.33 | 5,099,458.33 |
| XS0343088968 | 7051502 | 9.10% | USD | 5,000,000 | 63,194.44 | 5,063,194.44 |
| XS0342520094 | 7850037 | 10.10% | USD | 5,000,000 | 61,722.22 | 5,061,722.22 |
| XS0343872734 | 8207927 | 10.20% | USD | 5,000,000 | 53,833.33 | 5,053,833.33 |
| | | | | 26,000,000 | **Total(USD)** | **26,397,808.33** |

EUR

| ISIN | Euroclear Ref # | Cpn Rate | Currency | Investment | Accrued Interest by 2008/9/15 | Claim Amount |
|---|---|---|---|---|---|---|
| XS0346007080 | 9698146 | 9.10% | EUR | 5,000,000 | 34,125.00 | 5,034,125.00 |
| | | | | | **Total(EUR)** | **5,034,125.00** |
| | | | | | **Total(USD)** | **7,170,104.24** |
| Total | | | | | | **33,567,912.57** |



中華民國郵政 REPUBLIC OF CHINA POSTAGE 100116-006 ¥300.00

14.10.09-11

EMS 中華民國郵政 POSTAL ADMINISTRATION REPUBLIC OF CHINA

國際快捷郵件 EXPRESS MAIL SERVICE

郵件編號 Serial No. EE601698491TW

Contract No. 合約編號

寄件人姓名地址 Sender's name & address
宏泰人壽 Hontai Life insurance
10596 台北市松山區民生東路三段156號4F
4th fl, 156, Minsheng E. Rd. Sec. 3, Taipei, Taiwan, R.O.C.
郵遞區號 Postal Code: TAIWAN(886) 電話 Tel. 27166888 #9208

To: 收件人姓名地址 Addressee's name & address
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, New York 10150-5076 USA
國名 Country: USA
郵遞區號 Postal Code
電話 Tel.: 1-503-597-7691 (886)-879-0688

Office of Origin 原寄郵局: TP18

Date mailed 交寄日期(西曆): 2009 (Y) / 10 (M) / 14 (D)

Postage 郵資: 營業郵資券 300 元NTS; 自偏郵資券 元NTS; 自偏郵票 元NTS

☑ 文件 Documents ☐ 禮品 Gift ☐ 貨樣 Sample ☐ 商品 Merchandise ☐ 其他 Others

Contents 內裝物品

Value 價值 NTS | Weight 重量 kg 0.04

Dimensions in CM 尺寸(公分): 35 × 26 × 1 | Vol. wt. 體積重量 kg

I certify that all information provided by me is true and that the article does not contain any hazardous or prohibited items.

寄件人簽章及日期 Date and sender's signature

Insurance 保價 ☐ Yes ☐ No

Amount Insured NTS 保價金額

郵局經辦員簽章:

Date/Time of delivery

Signature of recipient

投遞證明聯 PROOF OF DELIVERY (第一聯)

寄件人交寄之物品為光碟者,應出示身分證件,以供郵局經辦人員抄錄身分證字號。

一式五份請用力書寫

請參閱反面注意事項 SEE REVERSE FOR INSTRUCTION

98-00-15-22 98.01永豐紙業

總公司:
10596台北市松山區民生東路三段156號4樓
(02) 2716-6888

台中分公司:
40361台中市忠明南路138號11樓
(04) 2319-8200

高雄分公司:
80660高雄市前鎮區中山二路260號22樓之1
(07) 336-6383

http://www.hontai.com.tw

G0140 97.06 (喜盛)

# EXHIBIT B

[Executed Evidence of Transfer of Claim]

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Hontai Life Insurance Co. Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Capital Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **41195** filed by or on behalf of **Hontai Life Insurance Co. Ltd.** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery

performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 29th day of March 2010.

**[Hontai Life Insurance Co. Ltd.**

By: ____________________
Name: Steven Huang
Title: Manager

4th fl., 156, Minsheng E.Rd. Sec 3,
Taipei, 10596

**Barclays Bank PLC**

By: ____________________
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

Schedule 1

Transferred Claims

Purchased Claim

USD $5,063,194.44 of USD $33,567,912.57 (the outstanding amount of the Proof of Claim as of [*insert date of Agreement and Evidence of Transfer*]).

Lehman Programs Securities to which Transfer Relates

| **Description of Security** | **ISIN/CUSIP** | **Issuer** | **Guarantor** | **Principal/Notional Amount** | **Coupon** | **Maturity** | **Accrued Amount (as of Proof of Claim Filing Date)** |
|---|---|---|---|---|---|---|---|
| Issue of USD 5,000,000 Index Linked Notes due January 25, 2018 unconditionally and irrevocably guaranteed by LEHMAN BROTHERS HOLDINGS INC. under the U.S.$100,000,000,000 Euro Medium-Term Note Program | XS0343088968 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 5,000,000 | 9.10 per cent per annum | 25 January 2018 | USD $63,194.44 |