Hearing Date and Time:  September 22, 2010 at 10:00 a.m. (EST)
Objection Deadline:  September 15, 2010 at 4:00 p.m. (EST)

**MORRISON & FOERSTER LLP**
Karen Ostad, Esq.
1290 Avenue of the Americas
New York, New York  10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Attorneys for Taipei Fubon Commercial Bank Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | **Case No. 08-13555 (JMP)** |
| Debtors. | **(Jointly Administered)** |

**NOTICE OF MOTION OF TAIPEI FUBON COMMERCIAL BANK CO., LTD.
SEEKING AUTHORITY TO ASSIGN ITS INTERESTS AS LENDER IN A
PROMISSORY NOTE ISSUED BY LEHMAN BROTHERS HOLDINGS INC.**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Taipei Fubon Commercial Bank Co., Ltd. ("Fubon"), Seeking Authority to Assign Its Interests as Lender in a Promissory Note Issued by Lehman Brothers Holdings Inc. in the above-referenced chapter 11 cases all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Court"), on **September 22, 2010, at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5-inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Karen Ostad, Esq., attorneys for Fubon; (iii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (v) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than **September 15, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

ny-931693

PLEASE TAKE FURTHER NOTICE that if any objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 30, 2010
      New York, New York

                              MORRISON & FOERSTER LLP

                              *s/ Karen Ostad*
                              Karen Ostad, Esq.
                              1290 Avenue of the Americas
                              New York, New York  10104
                              Tel:  (212) 468-8000
                              Fax:  (212) 468-7900

                              *Attorneys for Taipei Fubon Commercial Bank Co., Ltd.*

3

MORRISON & FOERSTER LLP
Karen Ostad, Esq.
1290 Avenue of the Americas
New York, New York  10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Attorneys for Taipei Fubon Commercial Bank Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | **Case No. 08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

### MOTION OF TAIPEI FUBON COMMERCIAL BANK CO., LTD. SEEKING AUTHORITY TO ASSIGN ITS INTERESTS AS LENDER IN A PROMISSORY NOTE ISSUED BY LEHMAN BROTHERS HOLDINGS INC.

Taipei Fubon Commercial Bank Co., Ltd. ("Fubon" or the "Lender"), as the Lender under that certain Uncommitted Unsecured Master Promissory Note dated March 8, 2005 (the "Promissory Note"), issued by Lehman Brothers Holdings Inc. ("LBHI" or the "Borrower"), as the Borrower, in favor of Fubon, by its undersigned attorneys, hereby files this motion (the "Motion") seeking entry of an order authorizing it to freely assign or otherwise transfer its interests in the Promissory Note and its attendant claims against LBHI without further order of this Court or obtaining prior consent from LBHI.  In support of this Motion, Fubon respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This Motion is a core proceeding within the meaning of 28 U.S.C. §157(b).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### The Promissory Note

2.      On March 8, 2005, LBHI issued the Promissory Note to Fubon in the amount of $25,000,000.  Pursuant to the Promissory Note, on the same date, LBHI issued to Fubon a Borrowing Notice, pursuant to which LBHI borrowed $10,000,000 from Fubon's New York branch (i.e., Taipei Fubon Commercial Bank, New York Agency).  Copies of the Promissory Note and Borrowing Notice are annexed hereto as Exhibits "A" and "B" respectively.

3.      On December 18, 2006, Fubon issued a notice of non-extension to LBHI, indicating that December 17, 2008 would be the maturity date for the $10,000,000 loan.  A copy of the non-extension notice is annexed hereto as Exhibit "C."

### Fubon's Claims As of the Petition Date

4.      On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Accordingly, under the terms of the Promissory Note, an Event of Default occurred on the Petition Date.  The filing of LBHI's petition caused LBHI to be in default under the terms of the Promissory Note, which resulted in an automatic acceleration of the amounts due thereunder.  See also 11 U.S.C. § 502(b) (2010); Sen. Rep. No. 989, 95th Cong., 2nd Sess. 63 (1978); H.R. Rep. No. 595, 95th Cong. 1st Sess. 353 (1977)

2

("bankruptcy operates as an acceleration of the principal amount of all *claims* against the debtor").

5.       Interest on the Promissory Note was paid through August 18, 2008.  During the period from August 19, 2008 through the Petition Date, interest totaling $20,742 accrued on the $10,000,000 borrowed by LBHI under the Promissory Note.  Therefore, as of the Petition Date, LBHI owed Fubon $10,020,742 under the Promissory Note.

6.       On September 21, 2009, Fubon filed a proof of claim (see Claim No. 25155) against LBHI in the amount of $12,909,634, which included the $10,020,742 due and owing to Fubon by LBHI under the Promissory Note and related documents.  (The claim arising from the Promissory Note and related documents is hereinafter referred to as the "Claim.")

**Fubon's Desire to Assign its Promissory Note Claim**

7.       Under the terms of the Promissory Note, "[n]either the Lender nor the Borrower shall have the right to assign its rights and obligations under this Note without the prior consent of the other party."  See Promissory Note at p. 3.

8.       Fubon, through its counsel, has requested that LBHI consent to Fubon's assignment of its interests in the Promissory Note and attendant Claim against LBHI to a third party.  LBHI has declined to give its consent.  Therefore, Fubon seeks an order from this Court authorizing it to freely assign and otherwise transfer its Claim.  Fubon believes that this relief is fair and appropriate under these circumstances.

**RELIEF REQUESTED**

9.       By this Motion, Fubon respectfully requests that Fubon, and its successors and assigns, be authorized to freely assign or otherwise transfer its interests in the Promissory Note

3

and attendant Claim against LBHI to any third party without further order of this Court and without obtaining prior consent from LBHI. This Court has granted similar relief to another lender in these cases by Order dated April 15, 2010 (Docket No. 8334).

## **BASIS FOR RELIEF**

10.     As a matter of public policy, the procedural consent provisions in the Promissory Note should not be strictly enforced in the context of LBHI's bankruptcy proceeding, because the assignee's identity is no longer relevant to LBHI, as the Borrower under a Promissory Note under which no further advances can be requested and under which there is a payment default. In other words, other than payment of the Claim by LBHI, there is no further business to be conducted between Fubon and LBHI; therefore, the identity of the party holding Fubon's interest in the Promissory Note is irrelevant to LBHI and will not prejudice the estate. On the other hand, Fubon will be prejudiced if it is not able to transfer its Claim to a willing buyer free of the consent restrictions in the Promissory Note.

11.     Moreover, as evidenced by the number of transfer agreements that have been filed in the bankruptcy proceedings of LBHI and its affiliated Debtors (collectively, the "Debtors"), the assignment of claims is extremely common in bankruptcy cases and promotes greater liquidity in the markets. In fact, the Debtors recently recognized the importance of increasing liquidity in the markets and easing restrictions on the trading of claims in the *Motion of the Debtors and Certain Creditors to Clarify or Amend the Debtors' Supplemental Notice and the Bar Date Order with Respect to Claims Relating to the Lehman Programs Securities Issued by LBHI*, dated January 29, 2010 [Docket No. 6858] (the "Clarification Motion"). Specifically, in the Clarification Motion, the Debtors acknowledged, in relevant part, that:

4

> The Debtors have advised the Moving Creditors that following conversations with various creditors, including the Moving Creditors, **in an attempt to increase liquidity in the market and ease restrictions on the trading of LBHI Issued LPS**, the Debtors consulted with the applicable clearing agencies and confirmed that the procedures set forth in the Supplemental Notice were viable, and therefore, on or about October 5, 2009, the Debtors issued the Supplemental Notice.

<u>Id</u>. at 4 (emphasis added).

12.     Therefore, to the extent that the Court finds Fubon still bound by the terms of the Promissory Note, and thus obligated to obtain LBHI's consent prior to assigning its interests, the Court should, as a matter of equity, eliminate the consent requirement in view of the policy favoring assignability of claims.  In addition, freely permitting assignments and other transfers under these circumstances would also eliminate the administrative expenses attendant to the need for Fubon and its successors and assigns to seek, and LBHI to perform, the ministerial act of providing consent (subject to this Court's Order Pursuant to Sections 105(a) and 362 of the Bankruptcy Code Establishing Certain Restrictions and Procedures Applicable to Transfers of the Debtors Securities, entered on March 25, 2010 [Docket No. 7826], which may restrict assignments in order to preserve the Debtors' net operating losses).

13.     Furthermore, relief from the consent requirement to assignability of the Promissory Note is warranted under the circumstances of this case because, as is often said, the automatic stay is a shield, not a sword.  <u>In re Briarpatch Film Corp.</u>, 281 B.R. 820, 834 (Bankr. S.D.N.Y. 2002)(citing cases).  The automatic stay shields LBHI from Fubon exercising the enforcement remedies under the Promissory Note.  In turn, LBHI should not be permitted to hold Fubon hostage by refusing to provide consent for Fubon to assign its interest under the Promissory Note where no interest is served by such refusal.  Rather, Fubon should be allowed to

ny-931530

transfer its interests in the Promissory Note without regard to the consent restriction in the Promissory Note.

## NOTICE

14.    Notice of this Motion has been provided in accordance with Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 and on those notice parties fully described in the Original Case Management Order dated September 22, 2008 and the Amended Procedures dated February 13, 2009, issued in these Chapter 11 cases by the Court, including (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel for the Creditors' Committee; and (iv) and all parties who have requested notice in these chapter 11 cases.  Fubon submits that no other or further notice need be provided.

## NO PRIOR REQUEST

15.    Fubon has not previously sought the relief requested herein from this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

6

WHEREFORE, Fubon respectfully requests that this Court enter an order, substantially in the form attached to this Motion as Exhibit "D," (i) authorizing Fubon and its successors and assigns to freely assign or otherwise transfer its Claim and interests in the Promissory Note free of any restrictions or requirements set forth in the Promissory Note and without further order of this Court or obtaining prior consent from LBHI, and (ii) granting such other and further relief as may be just and proper.

Dated: New York, New York
          August 30, 2010

MORRISON & FOERSTER LLP

*s/ Karen Ostad*
Karen Ostad, Esq.
1290 Avenue of the Americas
New York, New York  10104
Tel:  (212) 468-8000
Fax:  (212) 468-7900

*Attorneys for Taipei Fubon Commercial Bank Co., Ltd.*

7

# EXHIBIT A

## LEHMAN BROTHERS HOLDINGS INC.

### UNCOMMITTED UNSECURED MASTER PROMISSORY NOTE

US$25,000,000                                                                      DATED: March 8, 2005

FOR VALUE RECEIVED, the undersigned, **Lehman Brothers Holdings Inc.** (the "Borrower") HEREBY PROMISES TO PAY to the order of **Taipei Fubon Commercial Bank, New York Agency** (the "Lender") the aggregate unpaid principal amount of all advances made by the Lender to the Borrower hereunder (each an "Advance" and collectively the "Loan"). The aggregate principal amount of Advances made by the Lender hereunder shall not exceed Twenty-five Million U.S. Dollars (US$25,000,000) at any one time outstanding. Nothing herein shall be construed as a commitment on the part of the Lender to make any Advances.

The principal amount of each Advance shall be payable on the date that is twenty-four (24) months from the date of the Advance (the "Maturity Date" of such Advance); provided that at the end of each day on and after the date of the Advance, the Maturity Date shall automatically, without any action by Lender or Borrower, be extended by one (1) additional day, unless a notice (a "Notice of Non-Extension") is delivered in writing by the Lender to the Borrower on such day (or if such day is not a Business Day, the next preceding Business Day). If a Notice of Non-Extension is so delivered, the Maturity Date shall not be further extended on that day (hereinafter the "Term-out Date") or thereafter.

The Borrower further promises to pay interest on the unpaid principal amount of each Advance at a floating interest rate per annum (during the periods indicated below, as applicable, the "Interest Rate") equal to 1-Month LIBOR (as defined below) plus 0.30%, with 1-Month LIBOR being reset on the first day of each Interest Period (as defined below).

"1-Month LIBOR" for any Interest Period shall be the offered rate for deposits in U.S. dollars for a period of one month, commencing on the first day of such Interest Period, which appears on Moneyline Telerate on page 3750 (or any successor service or page for the purpose of displaying the London interbank offered rates of major banks) as of 11:00 a.m., London time, two Business Days prior to the beginning of such Interest Period.

An "Interest Period" for an Advance shall be the period commencing on the borrowing date with respect to such Advance and ending one month thereafter and each subsequent period of one month; provided that if any Interest Period would otherwise end on a day that is not a Business Day, such Interest Period shall be extended to the next succeeding Business Day unless the result of such extension would be to carry such Interest Period into another calendar month, in which event such Interest Period shall end on the immediately preceding Business Day; and any Interest Period that would otherwise extend beyond the Maturity Date of the Advance shall end on the Maturity Date; and any Interest Period that begins on the last Business Day of a calendar month (or on a day for which there is no numerically corresponding day in the calendar month at the end of such Interest Period) shall end on the last Business Day of the calendar month at the end of such Interest Period.

Interest will be computed on the basis of a 360-day year of twelve 30-day months for the actual number of days elapsed. Interest on each Advance will be payable on the last day of each March, June, September and December, commencing March 31, 2005 (each an "Interest Payment Date"). (The Maturity Date and the Interest Payment Dates are referred to collectively as "Payment Dates".)

Principal and interest due and not paid on any Payment Date shall bear interest at a fixed rate per annum equal to Lender's prime lending rate as announced from time to time to be in effect at its principal office in New York City until any such principal and any such interest is paid in full.

Promptly after making each Advance, the Lender shall send to the Borrower a written confirmation of the principal amount, Interest Rate and Payment Dates of such Advance. Unless the Borrower shall object within two Business Days (as hereinafter defined) after receiving said confirmation, such confirmation shall be conclusive of the agreement of the parties and binding for all purposes. The failure of the Lender to transmit such a written

**Lehman Brothers Holdings Inc.**
**Unsecured Master Promissory Note**
**Page 2**

confirmation shall not limit or otherwise affect the obligation of the Borrower to repay the Advance with accrued interest thereon.

In the event that (i) the Borrower shall fail to pay any principal of any Advance under this Note when due and payable hereunder; or (ii) the Borrower shall fail to pay any interest on any Advance under this Note when due and payable hereunder, and such failure shall continue for a period of five (5) days after receipt by Borrower of written notice by the Lender thereof; or (iii) a receiver, trustee or other similar official shall be appointed over the Borrower or a material part of its assets and such appointment shall remain uncontested for twenty (20) days or shall not be dismissed or discharged within sixty (60) days; or (iv) the Borrower shall become insolvent or generally fails to pay, or admits in writing its inability to pay, its debts as they become due, subject to applicable grace periods, if any; or (v) the Borrower shall make a general assignment for the benefit of creditors; or (vi) the Borrower shall file a petition for relief under any bankruptcy, insolvency or similar law (domestic or foreign); or (vii) an involuntary proceeding shall be commenced or filed against the Borrower under any bankruptcy, insolvency or similar law (domestic or foreign) and such petition shall not be dismissed within sixty (60) days after commencement or filing (each event specified in clauses (i) through (vii) above, an "Event of Default"); then, in the case of any of the events specified in clauses (iii), (iv), (v), (vi) or (vii), the outstanding principal amount of all Advances, together with accrued and unpaid interest thereon, and all other amounts payable by Borrower under this Note shall become immediately due and payable without any action on the part of the Lender, and in the case of any of the other events specified above, the Lender may by written notice to the Borrower declare the outstanding principal amount of all Advances, together with accrued and unpaid interest thereon, and all other amounts payable by Borrower under this Note to be immediately due and payable, whereupon the same shall become immediately due and payable, and, except for the notices specified in this sentence, Borrower waives demand, presentment, protest, notice of protest, dishonor, notice of dishonor or any other notice of any kind. Any notice specified in this paragraph by Lender to Borrower of the occurrence of a failure to pay or other default must be delivered as specified below and must clearly specify that it is a notice of default under this paragraph.

The Lender is hereby authorized to honor such instructions as it may receive by facsimile transmission for any of the actions pertaining to this Note only from persons ("Authorized Person(s)") designated pursuant to the Facsimile Instructions attached hereto ("Instructions"). Such actions may include the request for an Advance, specification of Payment Dates therefor or a quote for an interest rate therefor or any other information relevant to such an Advance. The Lender's determination of whether the person signing the facsimile transmission is an Authorized Person shall be conclusive, in the absence of gross negligence or willful misconduct on the part of the Lender and its employees. Each such Instruction will have the same validity and effect as if contained in an original writing and signed on behalf of the Borrower by an authorized signatory. The Instructions may be modified from time to time by the Borrower. Such modifications will be evidenced by revised Instructions which will be delivered to the Lender by the Borrower. Such revised Instructions shall supersede and replace any other Instructions between the Lender and the Borrower.

Unless otherwise agreed by the Lender and the Borrower, both principal and interest hereunder are payable to the Lender at:

**Taipei Fubon Commercial Bank, New York Agency**
100 Wall Street, 14th Floor
New York, New York 10005

in immediately available funds on the Payment Date, in the same currency in which the Advance is made, provided, however, that the Borrower at its option may repay any Advance which was made in any currency other than the lawful currency of the United States of America, in the lawful currency of the United States of America. Such United States currency will be valued using the spot rate at 11:00 AM (New York City time) on the Payment Date. Whenever any payment to be made hereunder shall be due on a day that is not a Business Day, such payment shall be made on the next succeeding Business Day, and such extension of time shall be included in the computation of interest payable. "Business Day" shall mean any day excluding Saturday, Sunday and any day which shall be in New York City a legal holiday or a day on which banking institutions are authorized or required by law or other governmental actions to close and which is also a day for trading by and between banks in U.S. dollar deposits in the London interbank Eurodollar market.

Lehman Brothers Holdings Inc.
Unsecured Master Promissory Note
Page 3

The date and amount of each Advance made by the Lender to the Borrower and the dates and amounts of all payments made on account of principal shall be recorded by the Lender, and, prior to any transfer of this Note, endorsed on the grid attached hereto and made a part hereof, or on continuations thereof which shall be attached hereto and made a part hereof. In the absence of manifest error such endorsements shall be conclusive as to the outstanding principal of the Advance.

The Borrower has the right on any Business Day, upon written notice to the Lender given by 11:00 a.m. New York City time on the day that is three Business Days prior to the proposed prepayment date, to prepay any Advance hereunder, provided that the Borrower shall pay accrued interest on the principal so prepaid to the date of such prepayment, and provided further that the Borrower shall reimburse the Lender for any reasonable costs or other losses which the Lender may sustain as a result of such prepayment being made on a date that is not a Payment Date applicable thereto. Prior to reimbursement, the Lender shall provide the Borrower with a certificate setting forth all of the costs required to be reimbursed and setting forth the method used to calculate such costs. Any amounts so prepaid may be reborrowed hereunder, subject to the aggregate limit stated in the first paragraph of this Note.

Neither the Lender nor the Borrower shall have the right to assign its rights and obligations under this Note without the prior consent of the other party.

Notwithstanding any common law or statutory rights of set off of Lender, Lender agrees that it shall have no right of set off against any account at the Lender containing cash and/or securities and commodities in segregation on behalf of Borrower's customers, in accordance with the Securities Exchange Act of 1934 and the rules promulgated thereunder by the Securities and Exchange Commission and regulations promulgated pursuant thereto by self regulatory organizations, and the Commodity Exchange Act and the rules promulgated thereunder by the Commodity Futures Trading Commission and regulations promulgated pursuant thereto by self regulatory organizations, or otherwise.

Notices and demands hereunder shall be in writing and will be sufficient if delivered by hand, by first class mail or nationally recognized courier service postage prepaid, or by tested cable, or facsimile transmission, at the following addresses, or to such other address as the recipient shall have designated to the sender by written notice hereunder.

If to the Borrower:
    Lehman Brothers Holdings Inc.
    745 Seventh Avenue, 14th Floor
    New York, NY 10019
    Attn: Treasurer
    Fax # 646-758-3204

If to the Lender:
    Taipei Fubon Commercial Bank, New York Agency
    100 Wall Street, 14ª Floor
    New York, NY 10005
    Attention: General Manager

Lehman Brothers Holdings Inc.
Unsecured Master Promissory Note
Page 4

This Note shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and to be performed entirely within such State.

This Note shall supersede and replace any other Note previously delivered to the Lender with regard to the obligations of the Borrower with respect to the Loan (including, without limitation, the Promissory Note dated November 27, 2002, issued to Taipeibank, New York Agency, predecessor to the Lender), and no previously delivered Note with regard thereto shall be honored by the Borrower.

THE BORROWER HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING UNDER OR RELATED TO THIS NOTE.

LEHMAN BROTHERS HOLDINGS INC.

By:

Name:   Heidemarie Echtermann
Title:    Assistant Treasurer

Acknowledged and agreed:

TAIPEI FUBON COMMERCIAL BANK, NEW YORK AGENCY

By:

Name:   Sophia Jing
Title:
          VP & General Manager

Lehman Brothers Holdings Inc.
Unsecured Master Promissory Note
Page 5

## LEHMAN BROTHERS HOLDINGS INC.

### FACSIMILE INSTRUCTIONS

With respect to the Unsecured Master Promissory Note dated March 8, 2005 of Lehman Brothers Holdings Inc. to **Taipei Fubon Commercial Bank, New York Agency** (the "Lender"), we hereby authorize and request you to act on any instructions(s) given to you by facsimile transmission and emanating, or purportedly emanating, from any one of the following persons:

PLEASE REFER TO THE SECRETARY'S CERTIFICATE FOR CORPORATE BORROWING DATED March 8, 2005.

We agree that your determination of whether the person sending the facsimile transmission is one of the above listed persons shall be conclusive, absent gross negligence or willful misconduct by the Lender and/or its employees.

Each such facsimile transmission will have the same validity and effect as if contained in an original writing signed on our behalf by an authorized officer.

For and on behalf of Lehman Brothers Holdings Inc.

By:
Name:    Heidemarie Echtermann
Title:    Assistant Treasurer

Dated: March 8, 2005

## UNSECURED MASTER PROMISSORY NOTE GRID

| Advance Date | Advance Amount | Date of Repayment of Principal | Amount of Repayment of Principal |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# <u>EXHIBIT B</u>

BORROWING NOTICE

To:   Taipei Fubon Commercial Bank, New York Agency
      100 Wall Street, 14ᵗʰ Floor
      New York, New York 10005
      Attention: General Manager

Reference is hereby made to the Unsecured Master Promissory Note, dated March 8, 2005 (as amended, supplemented or otherwise modified from time to time, the "Promissory Note"), between Lehman Brothers Holdings Inc. (the "Borrower") and Taipei Fubon Commercial Bank, New York Agency (the "Lender"). Terms defined in the Promissory Note and not otherwise defined herein are used herein with the meanings so defined.

The Borrower hereby gives notice to the Lender that an Advance under the Loan, and of the type and amount, set forth below is requested to be made on the date indicated below:

| Date of Advance | Aggregate Amount |
|---|---|
| March 8, 2005 | US$10,000,000 |

By countersigning a copy of this Notice of Borrowing in the place indicated below, the Lender agrees: (a) that the loans outstanding under the Unsecured Master Promissory Note dated as of November 27, 2002 (the "Existing Note"), between the Borrower and Taipeibank, New York Agency, predecessor to the Lender, shall be deemed repaid for the purposes of the Existing Note and deemed to be borrowed under the Promissory Note on the Date of Advance indicated above, and such deemed repayment and borrowing shall satisfy the funding requirements under this Borrowing Notice; and (b) to waive, solely with respect to the requested Advance, (i) the requirement of the Existing Note that notice of a prepayment be delivered to the Bank no later than 10:00 A.M. (New York City time) on the third Business Day prior to prepayment, and (ii) any claim for payment of losses, costs, expenses or liabilities which the Lender may sustain in connection with the deemed repayment of the loans outstanding under the Existing Note pursuant to clause (a) above.

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name: Heidemarie Echtermann
Title: Assistant Treasurer

DATE: March 8, 2005

Accepted and Agreed:

TAIPEI FUBON COMMERCIAL BANK, NEW YORK AGENCY

By: _____
Name:   Sophia Jing
Title:
        VP & General Manager

# **EXHIBT C**

# ⟨⟩ **Taipei Fubon Bank**

### **New York Agency**

December 18, 2006

Lehman Brothers Holdings, Inc.
745 Seventh Avenue, 14th Floor
New York, NY 10019
Attention: The Treasurer
Fax:    (646) 758-3204

Dear Sir(s):

This letter serves as the Notice of Non-Extension pursuant to the terms in the Uncommitted Unsecured Master Promissory Note (the "Note"), dated March 8, 2005, signed by Lehman Brothers Holdings, Inc. and acknowledged and agreed by Taipei Fubon Commercial Bank, New York Agency. Effective December 18, 2006, the outstanding Advance in the amount of $10,000,000 will be due and payable on 12/17/2008 (the "Maturity Date"), which is twenty four months from the date of this Notice (the "Term-Out Date").

We appreciate the opportunity to serve you and maintain the cordial business relationship for the past years and look forward to continuing this relationship for the years to come.

Should you have any question, please feel free to contact the undersigned.

Sincerely yours,

Sophia Jing
VP & General Manager

c.c. Emil Cornejo  (212) 520-0838

# **EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | **Case No. 08-13555 (JMP)** |
| Debtors. | **(Jointly Administered)** |

**ORDER GRANTING MOTION OF TAIPEI FUBON COMMERCIAL BANK CO., LTD.,
SEEKING AUTHORITY TO ASSIGN ITS INTERESTS AS LENDER IN A
PROMISSORY NOTE ISSUED BY LEHMAN BROTHERS HOLDINGS INC.**

Upon the Motion[1] of Taipei Fubon Commercial Bank Co., Ltd. ("Fubon"), Seeking

Authority to Assign Its Interests as Lender in a Promissory Note Issued by Lehman Brothers

Holdings Inc. (the "Motion"); and a hearing on the Motion having been held; and sufficient

notice having been duly given; and due deliberation having been had; and sufficient cause

appearing therefor, it is hereby

ORDERED that the Motion is granted in all respects; and it is further

ORDERED that Fubon, and its successors and assigns, shall be and hereby is authorized

to freely assign or otherwise transfer its Claim and interests in the Promissory Note against LBHI

to any third party free of any restrictions or requirements set forth in the Promissory Note

without further order of this Court or obtaining prior consent from LBHI; provided, that any such

assignment or other transfer shall be (1) subject to (a) all applicable orders of this Court,

including, but not limited to, the Order Pursuant to Sections 105(a) and 362 of the Bankruptcy

Code Establishing Certain Restrictions and Procedures Applicable to Transfers of the Debtors

Securities, entered on March 25, 2010 [Docket No. 7826], and (b) the applicable requirements of

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed in the Motion.

the Federal Rules of Bankruptcy Procedure; and (2) without prejudice to the Debtors' right to

object to or challenge any of said claims.

Dated:   New York, New York
         _____, 2010


                                        _____
                                        United States Bankruptcy Judge