**ANNETTA FARBER PUGIA**
**3 OLD TOPSFIELD ROAD**
**BOXFORD, MASSACHUSETTS 01921**
**PHONE; 978-887-2919- FAX; 978-254-0032**
**CELL: 978-758-0033 AFPUGIA@VERIZON.NET**

---

Dated August 30, 2010

Clerk of the Bankruptcy Court
Deputy Clerk Ms. Lynda Nulty,
Court Room 601
Most Honorable James M. Peck
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Dear Ms. Nulty,

Find attached my core adversary motion which comes before this court for decision.

This is pursuant Lehman Brother's motion, case number 08-13555 (JMP) a chapter 11 bankruptcy filing.

I have forwarded this action to attempt to show his honor that I was led to believe by employees of the debtor that they were a long time prudent company, when in fact as the records and history shows that was not the case.

Find my, core adversary motion attached, please make sure I am advised, if you require anything further.

Thanking you for your attention to this letter and my attached motion; I Remain,

Very Sincerely Yours,

*Annetta F. Pugia*

Annetta Farber Pugia

cc: consuls of record

RECEIVED
AUG 23 2010
U.S. BANKRUPTCY COURT, SDNY
JMP

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

..................................................................X

In RE

LEHMAN BROTHER HOLDING INC, et al,
Debtor,

Vs,

Annetta Farber Pugia
Creditor,

Chapter 1 case
Number 08-13555 (JMP)

..................................................................X

### PLAINTIFFS/CREDITORS ADVERSARY CORE MOTION
### FOR PAYMENT TO THE FEDERAL BANKRUPTCY COURT
### OF SOUTHERN DISTRICT OF NEW YORK

ON COMES, Anetta Farber Pugia and files PRO SE her Advisory Motion Core Motion under RULE 8 F.R. CIV.P and 28 U.S.C. Sec. 157 for payment for of her claim for, but not limited to the below arguments.

### AUTHORITY:

This court has authority under preemption of the rule, 11 U.S.C. by the debtor's petition of a chapter 11 bankruptcy for relief to the Federal Bankruptcy Court Of Southern District, New York.

This court as the receiving bankruptcy court has been given greater scope then generally allowed by other federal authority.

Wherein preemption goes pass the limited supreme authority enumerated in the Constitution, in particular in matters of payment, fund distributions and issues of righting wrongs on behalf the creditors of the petitioner all of which becomes the responsibly of this court.

### JURISDICTION

Going pass the issue of total authority given to the Federal Bankruptcy Court, the Supreme Court has held that there are six elements that a plaintiff/debtor must allege and prove in order to prevail in a Rule 10b-5 action.

1.

*While the creditor is not bringing forward a rule 10b-5, action, she is presenting her meeting the six required elements that were ordered by the Supreme Court to bring forward a U.S.C 10b-5 action for this courts review.*

*1.) The defendant/debtor made a "material misrepresentation or omission".*

*One needs only to look at the public record of the documentaries and news articles written on this matter to establish that a material misrepresentation was made by Leman Brothers regarding their financial well being.*

*2.) The defendant acted with a wrongful state of mind.*

*Once again one only has to read the many articles and books printed by the former employees of Leman Brothers Holding, all who knew their employer was in financial trouble.*

*3.) The material misrepresentation or omission was made in connection with the purchase or sale of a security.*

*Which it was.*

*4.) That the plaintiff/creditor relied upon the material misrepresentation or omission.*

*She did!*

*In fact, she didn't buy an opened security on the market thereby not relying on the integrity of the market, feeling that was too risky.*

*She bought instead a Lehman Brothers Holding security in the company its self.*

*After being assured by Lehman Brothers Holding in their printed statements and conversations with their broker of the long term financial stability of Lehman Brothers Holding.*

*5.) The Plaintiff/Creditor suffered an economic loss as a result of alleged fraud.*

*It's a proven fact She did.*

2.

6.) Further, she can allege and prove "loss causation".

7.) On filing her claim as a creditor of Lehman Brothers Holding she was required to submit records and documents, pursuant her transaction before her claim was validated to the court.

## JURISDICTION

1.) Under 15 U.S.C. 78j and SEC Rule 10b-5, the plaintiff/creditor meets the six elements to prevail in a Rule 10b-5 action.

"See Dura Pharmaceuticals, Inc. v, Broudo, 544 U.S. 336"

2.) The Dura decision held that a plaintiff in a rule 10b-5 case had not adequately pleaded loss causation by merely alleging that he "suffered fraud by paying artificially inflated prices for Dura securities" at time of purchase.

3.) "The Supreme Court observed that an investor who purchases a stock at an artificially inflated price suffers no economic loss at the time of purchase, the loss occurs only when the truth is disclosed and the stock price falls as a result".

## ARGUMENT

1.) This was not the case for the plaintiff/creditor she invested in Lehman Brothers Holding direct buying a security in that company believing them, base on their assures to be a long term successful financially sound company.

2.) At the time she was receiving assures from them of their stability the true was they were anything but, in fact they had reached the end of their ability to survive without government intervention.

3.) This is therefore a true case of fraud and one that meets the Rules of 10b-5.

4.) A plaintiff in a RULE 10B-5 action can find it very costly, such legal actions require a discovery process that is protracted and often involving thousands of pages of documents and conducting depositions of dozens of witnesses.

3.

*5.) Plaintiff/ Creditor, is a senior citizen living on Social Security and her claim for $23,595.15 not only represents a large sum to her, but is required by her to meet obligations.*

*6.) She is unable to proceed in a legal action due to her financial condition, no matter the merits of her action and that her action will meet the Supreme Courts six required elements of requirements.*

## CONCLUSION

*1.) This court has the ability and authority to; "right a wrong" performed by a debtor who has filed a petition for chapter 11 reliefs from its debts.*

*2.) It particular one who clearly failed to meet the rules and laws clearly established under federal law, 11 .U.S.C. 523a and under its fiduciary duty under the federal rules which required it to act in a prudent manner with the investments of its clients-man rule causing harm to the plaintiff/creditor while assuring her personally that is was acting in a prudent manner.*

*3.) Even more the record has shown that its senior executives and officers were performing in corrupt misbehavior that went against all the rules of proper conduct for a company entrusted with the investments of its clients under the federal rules.*

*4.) The least of which; was assuring the plaintiff/creditor that it was a financially secure company in good standing.*

*5.) This court now stands as the last court for this small investor, who was led to believe that she was investing her money into a company who would act prudent with her funds, which they did Not!*

*6.) Further, they knew they were in financial trouble when they took her funds and there within lays the fraud.*

## RELIEF SOUGHT

*That this court under its authority should allow this creditor core PRO SE Motion and refund her the sum of $23,595.15 which she was deceit out of believing LEHMAN BROTHERS HOLDING, INC. to be a secure company in good standing based on information received by her from them.*

*4.*

*Under Rule 7012 the Plaintiff/creditor does hereby authorize entry of a final order or judgment by the bankruptcy judge hearing this motion.*

*Respectfully Submitted for consideration and judgment*

*Dated August 30, 2010*
*Annetta Farber Pugia Creditor*
*PRO SE*
*3 Old Topsfield Road*
*Boxford, Massachusetts 01921*
*(978) 887-2919*

## NOTICE OF SERVICE

*Now comes, Annetta Farber Pugia a creditor in the above titled matter and under the pains and penalties of perjury does hereby certify under Rule 5 (b) F.R. CIV. P. that I have on this date of August 30, 2010 forwarded by first class prepaid Untied States mail to debtor's, trustee and committee of unsecured creditors in this matter and to all the attorneys of record known to me this my CORE ADVERSARY MOTION of August 30, 2010.*

*Attorneys of Debtor*
*WEIL, GOTSHAL & MANGES LLP,*
*767 Fifth Avenue,*
*New York, New York 10153,*

*Marked to the attentions of: Attorneys Mr. Shai Y. Waisman, Mr. John O'Connor and Ms. Sarah Decker*

*And*

*The Office of the Trustee*
*For The Second District of New York*
*33 Whitehall Street, 21st Floor*
*New York, New York 1004*

*Marked to the Attentions of: Attorneys Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin and Tracy Hope*

*And*

*The Official Committee of unsecured debtors*
*Milbank, Tweed, Hadley & McCloy, LLP*
*1 Chase Manhattan Plaza*
*New York, New York 10005*

*Marked to the Attention of: Attorneys Dennis F. dunne, Dennis O'Donnell and Evan Fleck*

*[signature]*
**Annetta Farber Pugia**

*Dated August 30, 2010*