UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x
:
In re :
:
LEHMAN BROTHERS INC. : Case No. 08-01420 (JMP) SIPA
:
Debtor. :
:
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER WITH RESPECT TO
PRESERVATION OF CERTAIN RECORDS RELATING TO
AURORA BANK FSB AND AURORA LOAN SERVICES LLC**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors"), Aurora Bank FSB and Aurora Loan Services LLC (together, "Aurora"), James W. Giddens (the "SIPA Trustee"), the appointed trustee under the Securities Investor Protection Act of 1970, as amended, for the administration of Lehman Brothers Inc. ("LBI"), and Barclays Capital Inc. ("Barclays" and together with the Debtors, the SIPA Trustee and Aurora, the "Parties" and each a "Party"), by and through their respective attorneys, hereby enter into this Stipulation and Agreed Order and represent and agree as follows:

**RECITALS**

WHEREAS, commencing on September 15, 2008 and periodically thereafter, the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

1

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on September 16, 2008, LBHI, LB 745 LLC, LBI, and Barclays entered into an asset purchase agreement for the purchase and sale of certain assets used in connection with the United States and Canadian investment banking and capital markets businesses of LBI and LBHI and matters related thereto (such agreement, as clarified and/or amended, the "Asset Purchase Agreement", and such assets, as described therein, the "Business"). On September 17, 2008, the Debtors filed a motion seeking, among other things, approval of the Asset Purchase Agreement;

WHEREAS, on September 19, 2008, a proceeding (the "SIPA Proceeding") was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa et seq., with respect to LBI and James W. Giddens was appointed as Trustee under the SIPA to administer LBI's estate;

WHEREAS, on September 20, 2008, the Court entered a sale order (the "Barclays Sale Order") approving the Asset Purchase Agreement.[1] On September 20, 2008, the Court also entered a concurrent order thereby authorizing the Trustee to consummate the sale transaction on behalf of LBI pursuant to the Asset Purchase Agreement;[2]

WHEREAS, the Barclays Sale Order provides at paragraph 31, that

> Subject to further order of the Court, the Seller and [Barclays] are hereby ordered to take appropriate measures to maintain and preserve, until the consummation of any chapter 11 plan for the Debtors, the books and records and any other documentation, including tapes or other audio or digital recordings and data in or retrievable from computers or servers, relating to or reflecting the records held by it or its Affiliates relating to

---

[1] Case No. 08-13555 (JMP) [Docket No. 258].

[2] Case No. 08-1420 (JMP) [Docket No. 3].

2

the Business, including the accounts, property and trading records of the customers of the Seller.   In addition, the Debtors and Committee shall promptly identify reasonable procedures for preserving information in the Seller or [Barclays'] possession related to potential tax or financial audits of, government investigations of, or claims against Seller, as well as any claims that Debtors may have against third parties, and the Seller and [Barclays] shall maintain and reserve such information, subject to further order of the Court until the consummation of any chapter 11 plan for the Debtors;

WHEREAS, Aurora is a subsidiary of LBHI and continues to operate its business;

WHEREAS, an agreement with Iron Mountain Information Management, Inc. ("Iron Mountain") was assumed and assigned to Barclays pursuant to the Asset Purchase Agreement, pursuant to which Iron Mountain provided, *inter alia*, storage and maintenance of hard-copy documents;

WHEREAS, a subset of the hard-copy documents stored at Iron Mountain under customer identification numbers A3892, BZ841, CN441, H3182, J4553, OR051, SJ770, UT339, W1884, CF327, DY902, H3282, D6770, V816K, FX648, FX544, FX575, PA583, LBCD, B139B, CF929 and P2614, appear to relate solely to Aurora (collectively, the "Aurora Documents");

WHEREAS, Aurora currently does not have direct access to the Aurora Documents, and prefers to have direct access and control over the Aurora Documents for the operation of Aurora's businesses;

WHEREAS, the Parties have reached an agreement with respect to the possession and preservation of the Aurora Documents.

3

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. Barclays will transmit the Aurora Documents to Aurora, which documents Aurora will thereafter take appropriate and reasonable measures to preserve and maintain until the consummation of any chapter 11 plan for the Debtors. Such preservation and maintenance of the Aurora Documents by Aurora shall constitute a reasonable procedure for maintenance and preservation of the documents. Following such transmittal, Barclays shall have no further obligations with respect to the Aurora Documents, whether under the Barclays Sale Order or otherwise. Further following such transmittal, to the extent that the Debtors, the Trustee, or Barclays reasonably believe that any documents relating to the Debtors' business, LBI's business, or the Barclays Business (as defined in the Barclays Sale Order), respectively, have been commingled with the Aurora Documents, Aurora shall provide the Debtors, the Trustee, or Barclays reasonable access to such documents upon the Debtors', the Trustee's, or Barclays' request.

2. For the avoidance of doubt, nothing herein constitutes or shall be construed as any modification or amendment to the Barclays Sale Order. For the further avoidance of doubt, and notwithstanding anything else contained herein to the contrary, each of the Parties' rights and defenses with respect to any other claims each might have against the other are fully preserved, including without limitation, any rights, defenses and/or counterclaims asserted in connection with or related to the following: (i) the Motion of Debtor to Modify the September 20, 2008 Sale Order and Granting Other Relief (Case No. 08-13555, Docket No. 5148); (ii) the Motion of the Trustee for Relief Pursuant to the Sale Orders or, Alternatively, for Certain Limited Relief Under Rule 60(b) (Case No. 08-01420, Docket No. 1682); (iii) the Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., Authorizing and Approving (A) Sale

of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, Dated September 20, 2008 (and Related SIPA Sale Order) and Joinder in Debtors and SIPA Trustees' Motions for an Order Under Rule 60(b) to Modify Sale Order (Case No. 08-13555, Docket No. 5169; Case No. 08-01420, Docket No. 1686); (iv) all joinders thereto and the related adversary proceedings;[6] and (v) the Motion of Barclays Capital Inc. to Enforce the Sale Order and Secure Delivery of All Undelivered Assets (Case No. 08-13555, Docket No. 6814; Case No. 08-1420, Docket No. 2581).

      3.      Each person who executes this Stipulation and Agreed Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on behalf of such Party.

      4.      This Stipulation and Agreed Order may be executed with counterparty signature pages in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. The Parties agree that this Stipulation and Agreed Order may be executed via facsimile or e-mail transmission and that this Stipulation and Agreed Order executed in such manner shall have full legal force.

      5.      This Stipulation and Agreed Order may only be amended or otherwise modified by a signed writing executed by the Parties.

      6.      This Stipulation and Agreed Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA applies.

---

[6] The adversary proceedings are: Adv. Pro. 09-01732 (JMP), Adv. Pro. 09-01731 (JMP) and Adv. Pro. 09-01733 (JMP), respectively.

7.    The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

**AGREED TO:**

Dated: August 17, 2010
       New York, New York

| | |
|---|---|
| /s/ Shai Y. Waisman | /s/ Lindsee P. Granfield |
| Shai Y. Waisman, Esq. | Lindsee. P. Granfield, Esq. |
| | Lisa M. Schweitzer, Esq. |
| WEIL, GOTSHAL & MANGES LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 767 Fifth Avenue | One Liberty Plaza |
| New York, New York 10153 | New York, NY 10006 |
| Telephone: (212) 310-8000 | Telephone: (212) 225-2000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 225-3999 |
| *Attorneys for the Debtors and Debtors in Possession* | *Attorneys for Barclays Capital Inc.* |
| /s/ Jeffrey S. Margolin | /s/ Michael J. Riela |
| James B. Kobak, Jr., Esq. | Michael J. Riela, Esq. |
| Jeffrey S. Margolin, Esq. | |
| HUGHES HUBBARD & REED LLP | LATHAM & WATKINS LLP |
| One Battery Park Plaza | 885 Third Avenue |
| New York, New York 10004 | New York, NY 10022 |
| Telephone: (212) 837-6000 | Telephone: (212) 906-1200 |
| Facsimile: (212) 422-4726 | Facsimile: (212) 751-4864 |
| *Attorneys for James W. Giddens, Trustee for SIPA Liquidation of Lehman Brothers Inc.* | *Attorneys for Aurora Bank FSB and Aurora Loan Services LLC* |

**SO ORDERED:**

Dated: New York, New York
       September 1, 2010

                                            *s/ James M. Peck*
                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE