KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
                                                   :

**In re**                                          :         Chapter 11 Case No.
                                                   :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :         08-13555 (JMP)
                                                   :
                                    Debtors.       :         (Jointly Administered)
                                                   :
----------------------------------------------------------------------x

**DECLARATION OF ALFREDO R. PÉREZ
IN SUPPORT OF ORDER TO SHOW CAUSE TO CONSIDER
MOTION OF LEHMAN COMMERCIAL PAPER INC. PURSUANT
TO SECTION 105 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019 FOR APPROVAL OF
THAT CERTAIN AMENDED AND RESTATED COMPROMISE AMONG
LEHMAN COMMERCIAL PAPER INC., ALFRED H. SIEGEL, AS CHAPTER 11
TRUSTEE FOR THE SUNCAL DEBTORS, AND THE OFFICIAL COMMITTEE
<u>OF UNSECURED CREDITORS IN THE SUNCAL BANKRUPTCY CASES</u>**

       I, Alfredo R. Pérez, being fully sworn, hereby declare that the following is true to the best

of my knowledge, information, and belief:

             1.       I am an attorney admitted to practice before this Court and a partner of

Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. and its affiliated

debtors, including Lehman Commercial Paper Inc. ("LCPI"), in the above-referenced chapter 11 cases (collectively, the "Debtors"). Unless otherwise indicated, I have knowledge of the facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

2. I submit this declaration in support of the Order to Show Cause (the "Order to Show Cause") in connection with the motion of LCPI, dated September 2, 2010 (the "Motion"), for approval of a settlement among (a) LCPI, (b) Alfred H. Siegel (the "SunCal Trustee"), the chapter 11 trustee of the estates of LBREP/L-SunCal Master I, LLC, LBREP/L-SunCal McAllister Ranch, LLC, LBREP/L-SunCal McSweeny Farms, LLC, and LBREP/L-SunCal Summerwind Ranch, LLC (collectively, the "SunCal Debtors"), which are being jointly administered under case no. 08-15588 (the "SunCal Bankruptcy Cases") in the United States Bankruptcy Court for the Central District of California, and (c) the official committee of unsecured creditors in the SunCal Bankruptcy Cases (the "SunCal Committee"), as more fully described in the Motion.

3. Pursuant to the procedures set forth in the amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], the Motion requires at least 21 days' notice, plus one additional day's notice for service by overnight delivery. The Debtors are requesting an order to shorten, by one day, the notice period ordinarily required and setting the date of September 22, 2010, for the hearing on the Motion.

**The Need for Shortened Notice with Respect to the Motion**

4. In 2006 and 2007, the SunCal Parent entered into certain credit agreements with LCPI, as agent, pursuant to which the SunCal Parent borrowed approximately $395 million. The SunCal Subsidiaries guaranteed the SunCal Parent's obligations under such credit agreements. On or about September 10, 2008, involuntary chapter 11 cases were filed

against the SunCal Debtors. On June 17, 2010, the SunCal Trustee filed a motion for relief from the automatic stay in these bankruptcy cases (the "<u>SunCal Stay Relief Motion</u>") [Docket No. 9642] seeking, among other things, stay relief to sell the real property of the SunCal Debtors (the "<u>Properties</u>") free and clear of the asserted liens of LCPI and the other First Lien Lenders (as defined in the Motion) and to deny LCPI's credit bid rights. The SunCal Trustee also sought permission to commence a complex litigation against LCPI. At an initial hearing on the SunCal Stay Relief Motion held on July 14, 2010, this Court continued the hearing until August 18, 2010 and suggested to the parties that they focus their attention on resolving their differences and reaching a settlement, as opposed to planning for expensive and protracted litigation against each other. As suggested by this Court, the parties resumed negotiations, and as a result of the renewed discussions, LCPI, the SunCal Trustee, and the SunCal Committee have executed the Amended Term Sheet, which is attached to the Motion as Exhibit A.

5.  Cause exists to shorten the notice period ordinarily required for the Motion. The Amended Term Sheet resolves all pending litigation among the parties thereto related to the SunCal Trustee's use of LCPI and the other First Lien Lenders' cash collateral, and provides for a consensual process for the sale of the Properties (which are subject to the lien of LCPI, as agent for the First Lien Lenders). Under the Amended Term Sheet, the Properties will be sold through a plan of reorganization, subject to LCPI's right to credit bid as provided in the Amended Term Sheet. The process of filing and seeking confirmation of the plan of reorganization will be time consuming and complex given the numerous stakeholders involved. A hearing on the Motion at the next omnibus hearing, scheduled for October 20, 2010, would only cause further delay, during which time the expenses associated with maintaining the Properties will continue to mount, costs that are currently being paid by the SunCal Trustee using

LCPI and the other First Lien Lenders' cash collateral. Additionally, several potential bidders have expressed interest in the Properties. Further delay may jeopardize the ability of the parties to the Amended Term Sheet to maintain the interest of such bidders and, as a result, may restrict such parties' ability to obtain the maximum sale price for the Properties. LCPI consequently believes that approval to enter into and consummate the transactions contemplated by the Amended Term Sheet cannot be delayed until the next hearing date in October.

6.  The Debtors wished to file the Motion with the Court one day earlier, which would have allowed for a regular notice period. However, due to the complexity of the settlement and the need to consult with the numerous parties involved, LCPI was delayed in its filing by one day. While the Official Committee of Unsecured Creditors (the "UCC") has not taken a formal position with respect to the Motion, LCPI understands that the UCC does not oppose the request to set the matter for hearing on September 22, 2010.

7.  Failure to obtain expedited Court approval will only further delay consummation of the settlement, causing LCPI to indirectly face added expenses with respect to the Properties and potentially chilling the interest of prospective bidders for the Properties. Accordingly, the Debtors request that the Court enter the Order to Show Cause to proceed to shorten the notice period for the motion by one day, so the Motion can be considered on September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time), with objections and responses, if any, to be received by September 15, 2010 at 4:00 p.m. (Prevailing Eastern Time).

Dated:   September 2, 2010

/s/ Alfredo R. Pérez  
Alfredo R. Pérez, Esq.