**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re                                                            : Chapter 11 Case No.
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                     : 08-13555 (JMP)
                                                                 :
             Debtors.                                            : (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER**
**PROVIDING FOR LIMITED RELIEF FROM THE**
**AUTOMATIC STAY, TO THE EXTENT, IF ANY, APPLICABLE**

Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor-in-possession, the Trustees (the "Trustees") of the Lehman Brothers Pension Scheme (the "Pension Scheme"), the Board of the Pension Protection Fund (the "PPF" and together with the Trustees, the "Claimants"), and the United Kingdom ("UK") Pensions Regulator ("TPR" and together with LBHI and the Claimants, the "Parties") hereby enter into this stipulation, agreement, and agreed order (the "Stipulation") and agree, as follows:

RECITALS:

      A.    On September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

    B. On or about September 18, 2009, and September 22, 2009, the Claimants filed two joint proofs of claim against LBHI, which have been assigned numbers 16613 and 32541 by the Debtors' Bankruptcy Court-approved claims agent (collectively, the "Claim").[1]

    C. In the Claim, the Claimants assert multiple claims against LBHI, including, without limitation, the following:

     (i) claims based on or related to a guarantee, dated June 27, 2008 (the "Guarantee"), entered into between LBHI and the Trustees (collectively, the "Guarantee Claims"); and

     (ii) claims based on or related to the Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated June 9, 2005 (collectively, the "Board Resolution Claims"); and

     (iii) claims based on or related to any Financial Support Direction and/or Contribution Notice (each as defined in the Pensions Act 2004) which may be issued by TPR against LBHI pursuant to sections 43 and/or 47 of the Pensions Act 2004 (collectively, the "FSD Claims").

    D. LBHI's liability, if any, under the Guarantee Claims and the Board Resolution Claims is not the subject of determination under the Proceedings (as defined herein).

    E. The determination of LBHI's liability, if any, pursuant to the FSD Claims: (a) relates to the issuance of any Financial Support Direction and/or Contribution Notice (each as defined in the Pensions Act 2004) against LBHI pursuant to section 43 and/or section 47 of the

---

[1] By the Bankruptcy Court's *Order Granting Debtors' Sixth Omnibus Objection to Claims (Amended and Superseded Claims)*, dated May 25, 2010 [Dkt. No. 9234], claim number 11613 was expunged as a superseded claim.

2

Pensions Act 2004; and (b) would be based, <u>inter alia</u>, upon (i) the amount, or an estimate, of the debt due from Lehman Brothers Limited to the Pension Scheme pursuant to section 75 of the Pensions Act 1995 (the "<u>Pension Scheme Funding Shortfall</u>") and (ii) a determination by TPR, and/or an agreement entered into by LBHI, and approved by TPR, of LBHI's liability, if any, with respect to the Pension Scheme Funding Shortfall pursuant to section 43, section 45, and/or section 47 of the Pensions Act 2004. Proceedings before the Determinations Panel (as defined in the Pensions Act 2004) have been or (as regards section 47 of the Pensions Act 2004) may be commenced by TPR to determine the above (this, together with any applicable appellate processes, the "<u>Proceedings</u>").

        F.    On or about June 1, 2010, TPR served LBHI with a Warning Notice (as defined in the Pensions Act 2004). Written representations and evidence in response to the Warning Notice were due from and provided by LBHI, among others, on August 9, 2010. LBHI asserts that the Proceedings, including the issuance of the Warning Notice, are a violation of the automatic stay under section 362 of the Bankruptcy Code (the "<u>Automatic Stay</u>") in so far as the Proceedings relate to LBHI. TPR and the Claimants dispute such assertion. The Claimants and TPR also assert, <u>inter alia</u>, that if the Automatic Stay otherwise were applicable to the Proceedings: (i) LBHI's participation in the Proceedings to date constitutes a waiver of the Automatic Stay; and (ii) in any event, the Automatic Stay should be modified to permit the Proceedings to continue. LBHI disputes those assertions.

        G.    On August 17, 2010, LBHI filed the *Motion of Lehman Brothers Holdings Inc. Pursuant to Section 362 of the Bankruptcy Code for Enforcement of the Automatic Stay with Respect to the UK Pension Proceedings* [Dkt. No. 10834] (the "<u>Motion</u>").

H.  Subject to this Stipulation, LBHI has agreed that the Proceedings may continue for the sole purpose of determining the matters set out in paragraph E of this Stipulation.

I.  In light of the foregoing, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay, to the extent, if any, it is applicable, for the limited purpose and subject to the terms and conditions set forth below of permitting TPR, the Claimants, and all other parties to the Proceedings to take such steps as each may from time to time consider appropriate to enable TPR (and, to the extent applicable, the Claimants): (i) to determine whether any Financial Support Direction and/or Contribution Notice should be issued against LBHI pursuant to section 43 and/or section 47 of the Pensions Act 2004; (ii) to consider the estimated Pension Scheme Funding Shortfall for the purpose of the Proceedings; and (iii) to determine and/or to reach a consensual agreement with LBHI regarding LBHI's liability, if any, with respect to the Pension Scheme Funding Shortfall pursuant to section 43, section 45, and/or section 47 of the Pensions Act 2004.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED by and between and among the Parties, through their undersigned counsel, that:

1.  The Automatic Stay in LBHI's chapter 11 case, to the extent, if any, applicable, is hereby modified solely to the extent necessary to permit TPR and the Claimants to take such steps as they may from time to time consider appropriate to enable TPR (and, to the extent applicable, the Claimants): (i) to determine whether any Financial Support Direction and/or Contribution Notice should be issued against LBHI pursuant to section 43 and/or section 47 of the Pensions Act 2004; (ii) to consider the estimated Pension Scheme Funding Shortfall for the purpose of the Proceedings; and (iii) to determine and/or to reach a consensual agreement

with LBHI regarding LBHI's liability, if any, with respect to the Pension Scheme Funding Shortfall pursuant to section 43, section 45, and/or section 47 of the Pensions Act 2004; provided, however, that the provisions of the Automatic Stay prohibiting any act in connection with the Proceedings to collect or recover any claim against LBHI and/or assets or property of LBHI (as defined in 11 U.S.C. § 541) (such acts being defined, collectively, as the "Enforcement Actions") shall, to the extent, if any, applicable, remain in full force and effect as to the Enforcement Actions.

        2.      Except as provided in Paragraph 1 hereof, the Claimants agree they will take no Enforcement Actions without first obtaining an order modifying the Automatic Stay to allow the prosecution of Enforcement Actions or determining that the Automatic Stay is not applicable. TPR agrees that it will take no Enforcement Actions (i) without having obtained a Financial Support Direction, without there having been non-compliance in respect of it by LBHI, and without having obtained a Contribution Notice against LBHI under section 47 of the Pensions Act 2004 and (ii) without first giving LBHI sixty (60) days' advance notice of such Enforcement Actions.

        3.      No Party shall have any liability for any alleged violation of the Automatic Stay in connection with actions taken regarding the Proceedings for the period prior to any Enforcement Actions.

        4.      This Stipulation shall not be construed as: (a) an admission of liability by LBHI for any claim or cause of action arising from or in relation to TPR, the Claimants, the Claim, or the Proceedings, and LBHI and the Claimants and TPR reserve all rights with respect thereto; or (b) an admission by the Claimants or TPR that: (i) the Automatic Stay applies to any portion of the Proceedings; (ii) LBHI has not waived the Automatic Stay, if it were otherwise

5

applicable to the Proceedings, by participating in the Proceedings to date; or (iii) that the Automatic Stay, if applicable, should not in any event be modified.

       5.      This Stipulation applies only to the FSD Claims. The Parties' rights with respect to the remainder of the Claim, including, without limitation, the Guarantee Claims and the Board Resolution Claims, are expressly reserved.

       6.      TPR hereby consents to the jurisdiction of the Bankruptcy Court solely for the purpose of the enforcement of the provisions of this Stipulation and for no other purpose whatsoever.

       7.      LBHI, its chapter 11 estate, and any successor thereto, including any trustee that may be appointed in this case or in any subsequent chapter 7 case, acknowledge, confirm, and agree that TPR fully reserves all objections to jurisdiction of the Bankruptcy Court, except as expressly provided hereby, including but not limited to, (i) objections relating to insufficiency of process and (ii) any and all rights to assert sovereign immunity under the Foreign Sovereign Immunities Act, the Act of State Doctrine, or otherwise; and TPR acknowledges, confirms, and agrees that LBHI fully reserves any and all rights to challenge such objections and/or assertions; and neither Party shall dispute in any subsequent proceedings that either Party has reserved such objections or challenges to same.

       8.      This Stipulation shall become effective immediately upon the approval of same by the Bankruptcy Court and, as of that date, the Motion shall be deemed withdrawn without prejudice. Pending consideration of the approval of this Stipulation, LBHI agrees to adjourn the hearing on the Motion and to extend the time within which objections to the Motion may be filed by TPR and the Claimants to a date to be agreed upon after the Bankruptcy Court's consideration of this Stipulation, if necessary.

9. The Bankruptcy Court shall be the exclusive forum as to the enforcement of this Stipulation and any disputes or controversies relating to or arising under this Stipulation.

10. This Stipulation may only be amended or otherwise modified by a signed writing executed by each of the Parties and approved by the Bankruptcy Court.

11. Each of the persons executing this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of the Party he or she represents.

12. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

13. Except for paragraphs 4 and 7 through 13 of this Stipulation, this Stipulation shall be of no force and effect unless and until it is approved by Bankruptcy Court.

[THIS SPACE INTENTIONALLY LEFT BLANK]

14. This Stipulation shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: August 27, 2010
     New York, New York

/s/ Alan J. Lipkin
Alan J. Lipkin

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

Attorneys for the Claimants


Dated: August 27, 2010
     New York, New York

/s/ Alan W. Kornberg
Alan W. Kornberg

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3209
Facsimile: (212) 757-3990

Attorneys for the Pensions Regulator

Dated: August 27, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession


**SO ORDERED:**

Dated: New York, New York
      September 2, 2010

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge