WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
: 
: 
----------------------------------------------------------------x

# NOTICE OF DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AN ORDER SUPPLEMENTING THE SEPTEMBER 17, 2009 ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER TO ADD A FOURTH MEDIATOR

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code and General Order M-390, for an order supplementing the *Alternative Dispute Resolution Order for Affirmative Claims of Debtors Under Derivatives Contracts*, entered on September 17, 2009 [Docket No. 5207] (the "Motion") to add a fourth mediator, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling

Green, New York, New York, 10004 (the "Bankruptcy Court"), on **September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Robert J. Lemons, Esq., Mark Bernstein, Esq. and Lee Goldberg, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; (v) all parties who have requested notice in these chapter 11 cases and (vi) and all parties with a particularized interest in the Motion, so as to be so filed and received by no later than **September 13, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 2, 2010
      New York, New York

/s/ Peter Gruenberger
Peter Gruenberger
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                :

**In re**                                           :        **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**

                        **Debtors.**             :        **(Jointly Administered)**

-------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR**
**AN ORDER SUPPLEMENTING THE SEPTEMBER 17, 2009 ALTERNATIVE**
**DISPUTE RESOLUTION PROCEDURES ORDER TO ADD A FOURTH MEDIATOR**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

**Background**

1. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.  On March 11, 2010, the Examiner filed its report with the Court (the "Examiner's Report") [Docket No. 7531].

5.  On March 15, 2010, the Debtors filed their joint chapter 11 plan pursuant to section 1121 of the Bankruptcy Code [Docket No. 7572].  On April 14, 2010, the Debtors filed their revised joint chapter 11 plan [Docket No. 8330] and disclosure statement for their revised joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 8332].

## Lehman's Business

6. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Jurisdiction

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

9. The Debtors request, pursuant to section 105(a) of the Bankruptcy Code and the Court's General Order M-390 (the "Standing Order"), an order appointing Jacob Esher, Esq. ("Esher"), as a fourth mediator for Derivatives ADR Disputes[1] that reach the Mediation Stage of the Derivatives ADR Procedures. The Debtors also seek approval that notice of this Motion by e-mail or facsimile is good and sufficient notice of the Motion.

---

[1] All terms used but not defined herein shall have the meanings ascribed to such terms in the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [Docket No 5207].

## Appointment of Additional Mediator for Derivatives ADR Procedures

10. As of the Commencement Date, the Debtors were party to more than 900,000 prepetition derivatives contracts (the "Derivatives Contracts"), many of which are "in the money" to the Debtors ("Derivatives Contracts with Recovery Potential"). These Derivatives Contracts with Recovery Potential constitute significant assets of the Debtors' estates and liabilities of counterparties (the "Derivatives Counterparties") to such contracts. In order to facilitate the settlement of the Derivatives Contracts with Recovery Potential, and avoid time consuming and expensive litigation causing undue delay in the administration of these chapter 11 cases and risking loss of the current value embedded in such Derivatives Contracts with Recovery Potential, the Debtors sought and on September 17, 2009 the Court approved the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [Docket No 5207] (the "Derivatives ADR Order"). The Derivatives ADR Order established alternative dispute resolution procedures (the "Derivatives ADR Procedures") to facilitate the settlement of Derivatives Contracts with Recovery Potential.

11. The Derivatives ADR Procedures have been successful and a useful mechanism for the Debtors to resolve numerous disputes related to Derivatives Contracts without the need for intervention by the Court. As of the date of this Motion, the Debtors have commenced proceedings under the Derivatives ADR Procedures by serving 77 ADR Notices on 100 counterparties and have successfully settled 28 ADR matters with 34 counterparties. Also as of the date of this Motion, 15 matters have reached the mediation stage of the Derivatives ADR Procedures and all of such mediations resulted in a settlement. As a result of these settlements, the Debtors have received a total of $185,962,300.98 new dollars for their estates.

12. As a result of the success the Debtors have had resolving Derivatives Contract disputes in accordance with the Derivatives ADR Procedures, the Debtors have accelerated the pace of initiating ADR proceedings for an increasing number of Derivatives Contracts and now have a long pipeline of matters that will become subject to the Derivatives ADR Procedures in the near future. Consequently, at times, scheduling mediations for a date when all necessary parties and the mediator are available has become more difficult. To avoid scheduling conflicts in the future, expedite mediations and settlements, alleviate some of the burden on the current three mediators, and carry out the goals of Derivatives ADR Order, the Debtors seek to have one additional mediator appointed under the Derivatives ADR Procedures.

13. In accordance with Section 2.2 of the Standing Order, the Court is authorized to appoint a mediator for mediations commenced under such Standing Order. Furthermore, while the Derivatives ADR Order now provides

> if any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Debtors, the Creditors' Committee, all Derivatives Counterparties and Indenture Trustees. (Derivatives ADR Order at Paragraph 10a.).

it does not specifically provide for the appointment of an additional mediator. The procedures for such appointment however, should be no different than the appointment of an alternate mediator.

14. Mr. Esher already has served as a mediator in a matter that involved issues that were before the Court in an adversary proceeding dealing with a Derivative Contract dispute. Mr. Esher satisfies all of the requirements for a mediator set forth in Section 2.0 of the Standing Order, and is willing and able to serve as a mediator for mediations conducted under the Derivatives ADR Order.

**Notice**

15.   No trustee has been appointed in these chapter 11 cases.  The Debtors, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] (the "Case Management Order"), have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all Derivatives Counterparties and Indenture Trustees; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

16.   Other than the request for the establishment of the Derivatives ADR Procedures which was granted by the Court, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  September 2, 2010
        New York, New York

/s/ Peter Gruenberger
Peter Gruenberger
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re                                                            :        Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :        08-13555 (JMP)
                                                                 :
                    Debtors.                                     :        (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### ORDER SUPPLEMENTING THE SEPTEMBER 17, 2009 ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER TO ADD A FOURTH MEDIATOR

Upon the motion, dated September 2, 2010 the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and General Order M-390, for an order supplementing the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [Docket No 5207] (the "Derivatives ADR Order") to add a fourth mediator, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that, Jacob Esher, Esq. is appointed as a mediator for proceedings under the Derivatives ADR Order; and it is further

        ORDERED that all provisions of the Derivatives ADR Order shall apply to Jacob Esher, Esq. as if he were appointed as a mediator pursuant to section 10(a) of such order; and it is further

        ORDERED that service of notice of the Motion by e-mail or facsimile shall be good and sufficient notice of the Motion.

Dated: September __, 2010
      New York, New York

                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE