Hearing Date and Time: September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 15, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------x | : | |

**NOTICE OF DEBTORS' MOTION, PURSUANT TO SECTION
1121(d) OF THE BANKRUPTCY CODE, REQUESTING SECOND
EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF AND
SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS OF
MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Merit, LLC ("Merit"), LB Somerset LLC and LB Preferred Somerset LLC (together, the "Lehman Somerset Entities"), and their affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors") for an order further extending the exclusive periods during which only Merit and the Lehman Somerset Entities may file chapter 11 plans and solicit acceptances thereof, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New

York 10004 (the "Bankruptcy Court"), on **September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., and Linda Riffkin, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **September 15, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 2, 2010
      New York, New York

/s/ Jacqueline Marcus
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 15, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

**DEBTORS' MOTION, PURSUANT TO SECTION
1121(d) OF THE BANKRUPTCY CODE, REQUESTING SECOND
EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF
AND SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS OF
MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Merit, LLC ("Merit"), LB Somerset LLC and LB Preferred Somerset LLC (together, the "Lehman Somerset Entities" and with Merit, the "New Debtors"), together with their affiliated debtors in the above-referenced chapter 11 cases as debtors and debtors in possession (collectively, the "Debtors" and together with their non-debtor affiliates "Lehman"), file this Motion and respectfully represent:

**Preliminary Statement**

1.  On March 31, 2010, the New Debtors filed a motion, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), requesting extensions of

exclusive periods for the filing of and solicitation of acceptances for chapter 11 plans of the New Debtors by four months [Docket No. 7966] (the "First Exclusivity Motion"). On April 7, 2010, Somerset Associates, LLC and Somerset Properties SPE, LLC (collectively, the "FNI Entities") filed an objection to the First Exclusivity Motion with respect to the Lehman Somerset Entities only. On April 15, 2010, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order, with respect to Merit only, extending the periods during which only Merit may propose chapter 11 plans and solicit acceptances thereof through and including September 15, 2010 and November 15, 2010, respectively. With the consent of the FNI Entities, the Court entered a bridge order on April 15, 2010, extending the Exclusive Periods for the Lehman Somerset Debtors until such time as the Court considers and enters an order determining the Initial Extension Motion [Docket No. 8347].[1] As this Motion is not scheduled to be heard until September 22, 2010, the New Debtors have contemporaneously submitted a bridge order to the Court extending the New Debtors' Exclusive Periods through such time as the Court enters an order determining this Motion.

2.      By this Motion, the New Debtors seek a further five month extension of their Exclusive Periods (as defined below). The New Debtors have made substantial progress in the administration of their chapter 11 cases, including the filing of a joint chapter 11 plan on March 15, 2010 [Docket No. 7572], and a revised plan (the "Plan") [Docket No. 8330] and disclosure statement (the "Disclosure Statement") [Docket No. 8332] on April 14, 2010. The New Debtors are continuing their efforts to maximize value for their stakeholders and to expeditiously resolve these chapter 11 cases. However, to allow (i) Merit to preserve its significant assets (which consist of certain securities held in South Korea that are subject to an

---

[1] The FNI Parties consented to a series of adjournments of the Initial Extension Motion, which is currently scheduled to be heard on September 22, 2010.

injunction of a South Korean District Court), and (ii) the Lehman Somerset Entities to try to achieve a global settlement with the FNI Entities, a further extension of the New Debtors Exclusive Periods (as defined below) is warranted.

3.   Additionally, ongoing analyses and investigations into the New Debtors' businesses, in particular strategies to preserve and maximize the value of their respective assets, as well as an evaluation of claims against their estates, including intercompany claims, must be completed. The filing of competing individual plans would be disruptive not only to the New Debtors' cases, but to the Plan process in general, and the other Debtors' efforts to achieve a consensus in support of the Plan. Accordingly, the requested extensions should be granted.

**Background**

4.   Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.   On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

7. On December 14, 2010 and December 22, 2010, respectively, Merit and the Lehman Somerset Entities filed their cases under chapter 11 of the Bankruptcy Code. The New Debtors' chapter 11 cases have been consolidated with the chapter 11 cases of the other Debtors for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. On February 12, 2010, the New Debtor Entities each filed their respective schedules and statements of financial affairs. On March 8, 2010, the New Debtor Entities held their meeting of creditors pursuant to section 341(a) of the Bankruptcy Code.

**Jurisdiction**

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

9. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

10. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

11. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "Plan Period"). *See* 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day Plan Period, it has a period of 180 days after the commencement of the case to obtain acceptance of such plan, during which time competing plans may not be filed (the "Solicitation Period" and together with the Plan Period, the "Exclusive Periods"). *See id.* at § 1121(c)(3). Pursuant to section 1121(d) of the Bankruptcy Code, where the initial 120-day and 180-day Exclusive Periods provided for in the Bankruptcy Code prove to be an unrealistic time frame for proposal and solicitation of a plan, the Court may extend a debtor's Exclusive Periods for cause. *See id.* at § 1121(d).

12. Pursuant to this Motion, the New Debtors hereby request a second extension of the Exclusive Periods for an additional five months.

## The Controlling Legal Standard

13. The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension. The legislative history indicates, however, that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

14. In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case. *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). Those factors include, without limitation:

- the size and complexity of the debtor's case;

- the existence of good-faith progress towards reorganization;

- a finding that the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

- the existence of an unresolved contingency; and

- the fact that the debtor is paying its bills as they come due.

*See McLean Indus.*, 87 B.R. at 834 (citations omitted); *accord Express One*, 194 B.R. at 100 (identifying four of the five above-quoted factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Intern., Inc.*, 60 B.R. 265, 269 (Bankr. D. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon certain of the above-quoted factors).

15. The primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan. The Exclusive Periods are intended to afford a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan without the deterioration and disruption that is likely to be caused by the filing of competing plans by non-debtor parties.

## Cause Exists for an Extension of Exclusivity

16. While the New Debtors are not unusually large when considered separately, the New Debtors' chapter 11 cases pose many of the same complex issues as the chapter 11 cases of the other Debtors. For example, the New Debtor Entities' chapter 11 cases involve complicated intercompany claims with certain of the other Debtors as well as foreign affiliates in administration. In fact, the majority of the New Debtors' known creditors are their domestic and foreign affiliates. Intercompany claims are a global issue and remain the subject of ongoing discussions.

17. Many of these issues are referenced in the Plan and will need to be addressed as the Plan process continues to unfold. Allowing non-Debtor parties to propose plans with respect to the New Debtors would ignore the integrated nature of the Debtors' businesses and undermine the efforts of the Debtors to achieve a global resolution of all of the chapter 11 cases. Negotiations regarding, and confirmation of, the Plan will be delayed by the distractions created by the proposal of individual competing plans for the New Debtors.

18. During the requested extension of the Exclusive Periods, the Debtors hope to finalize their settlement with the FNI Parties, continue their efforts to pursue Merit's significant assets in South Korea, and engage in negotiations with the other creditors of the New Debtors. Abandoning the consensual plan process that is already well under way in favor of a disjointed plan process that would result from the filing of competing plans for the New Debtors would be an inefficient use of the Debtors' resources and would unnecessarily complicate and forestall an efficient resolution to the Debtors' chapter 11 cases. Given the substantial progress made by the Debtors to date and the continuing Plan negotiations and considerations, extending

the New Debtors' respective Exclusive Periods is in the best interests of all of the Debtors and their stakeholders.

19. Affording the New Debtors a full opportunity to complete an extensive review of the assets of and claims against their estates will enhance the administration of the New Debtors' estates and will not harm their creditors. The Debtors and their professionals have already spent a significant amount of time familiarizing themselves with the New Debtors' assets, liabilities, corporate structure and businesses. For another proponent to propose meaningful chapter 11 plans for the New Debtors, such proponent would have to duplicate many of the extensive efforts already expended by the Debtors and their professionals, thereby imposing unnecessary delay and expense onto all of the Debtors' stakeholders.

20. Moreover, the requested extension is not an attempt to pressure creditors to accede to the Debtors' demands. The New Debtors have held a section 341 meeting of creditors, filed their schedules and statements of financial affairs, are not deficient on their limited ordinary course post-petition obligations and have already proposed their Plan. This extension is sought out of an abundance of caution to permit the Debtors to further develop and analyze both the global and the particular issues posed by the chapter 11 cases of the New Debtors. There is, therefore, no prejudice to creditors from granting the requested extensions.

21. For the reasons set forth herein, the requested extension of the Exclusive Periods for the New Debtors is warranted and appropriate. The Motion should be granted.

## Notice

22. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii)

US_ACTIVE:\43477313\03\58399.0003                                8

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

23. Other than the First Extension Motion, no prior request for extensions of the Exclusive Periods of the New Debtors has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  September 2, 2010
        New York, New York

/s/ Jacqueline Marcus
Shai Y. Waisman
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
**In re**                                            :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
:
    **Debtors.**                                    :    **(Jointly Administered)**
:
----------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT
TO SECTION 1121(d) OF THE BANKRUPTCY CODE, REQUESTING
SECOND EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING
OF AND SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS
OF MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

Upon the motion, dated September 2, 2010 (the "Motion"), of Merit, LLC ("Merit), LB Somerset LLC and LB Preferred Somerset LLC (together, the "Lehman Somerset Entities" and collectively with Merit, the "New Debtors"), together with their affiliated debtors in the above-referenced chapter 11 cases as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), for an order further extending the exclusive periods during which only the New Debtor Entities may file chapter 11 plans (the "Plan Period") and solicit acceptances thereof (the "Solicitation Period," and together with the Plan Period, the "Exclusive Periods"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, each New Debtors' exclusive Plan Period is extended through and including February 15, 2011; and it is further

        ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, each New Debtors' exclusive Solicitation Period is extended through and including April 15, 2011; and it is further

        ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to any party in interest's rights, pursuant to section 1121(d) of the

Bankruptcy Code, to move to reduce or increase the New Debtors' Exclusive Periods; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: September __, 2010
       New York, New York

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE